IN THE UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 11 | |
| | ) | | |
| Delphi Corporation, et al. | ) | Case No. 05-44481 (RDD) | |
| | ) | (Jointly Administered) | |

Response to 19th Omnibus Objection to Claims by Delphi Corporation, *et al;* Sierra Liquidity Fund, LLC (Assignee); Showers Group Inc. - Shepard Mfg Co., Inc. (Assignor), Claim No. 4211

from:   Sierra Liquidity Fund, LLC (Assignee); Showers Group Inc. - Shepard Mfg Co., Inc. (Assignor), Claim No. 4211, 2699 White Road, Ste. 255, Irvine, CA 92614, (949) 660-1144, ext. 17, fax: 949-660-0632, saugust@sierrafunds.com, tgarza@sierrafunds.com

to:   Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel)

Counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese)

re:   Sierra Liquidity Fund, LLC (Assignee); Showers Group Inc. - Shepard Mfg Co., Inc. (Assignor), Claim No. 4211

date:   Wednesday, July 31, 2007

Sierra Liquidity Fund, LLC ("Sierra") has received the Debtor's 19th Omnibus Objection to claims requesting that the above claim in the amount of $7,528.00 be disallowed and expunged on the basis that the claim and asserted liability are not owing pursuant to the Debtor's books and records.

Sierra Liquidity Fund, LLC (Assignee) and Showers Group Inc. - Shepard Mfg Co., Inc. (Assignor) ("Showers") Object to this Objection.

1.   Please find attached sufficient documentation supporting the filed Proof of Claim # 4211 in an amount of **$7,528.00**.

2.   Upon review of the filed Proof of Claim and supporting documentation, we dutifully request that Debtors and the Court allow Claim # 4211 for the full filed amount of $7,528.00 as liquidated and undisputed.

3.   At the very least, Claim # 4211 should be allowed as a General Unsecured Claim in the amount acknowledged in the Schedule F of Delphi Automotive Systems, LLC equal to $2,137.38.

4.   To expedite this matter, we suggest a Stipulation Agreement be prepared for the amount of $7,528.00 and sent immediately to Sierra's attention for signature.

5.   Copies of the following have been enclosed with this response: The Notice of 19th Omnibus Objection to Claim # 4211, the transfer agreement executed between Sierra Liquidity Fund, LLC (Assignee/Transferee) and Showers Group Inc. - Shepard Mfg Co., Inc. (Assignor), Proof of Claim # 4211 as originally filed by Showers Group – Shepard Mfg Co., Inc. and Notice of Transfer FRBP Rule 3001(e) (2) or (4) transferring Claim # 4211 to Sierra Liquidity Fund, LLC and the supporting documentation requested for claim # 4211 evidencing the amount of $7,528.00 owed on Claim # 4211. **The supporting documents in Proof of Claim # 4211 include Invoices, Purchase Orders, and Proof of Deliveries.**

6.   Sierra and Showers Group Inc. - Shepard Mfg Co., Inc. see no basis on behalf of the Debtor for the proposed disallowance and expungement of Claim # 4211, as the supporting claim documentation (Invoices, Purchase Orders, and Proofs of Deliveries) clearly show a preponderance of evidence that the claim in the amount of **$7,528.00** remains due and owing as a valid unpaid pre-petition unsecured claim.

Please contact any of the following at your earliest convenience to resolve the objection.

Sierra Liquidity Fund, LLC Assignee and Attorney-In-Fact for Showers Group Inc. - Shepard Mfg Co., Inc.

| | | |
|---|---|---|
| Scott August | Tammy Garza | Jim Riley |
| 949-660-1144, ext. 17 | 949-660-1144 ext. 22 | 949-660-1144 ext. 16 |
| saugust@sierrafunds.com | tgarza@sierrafunds.com | jriley@sierrafunds.com |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
        In re                            :      Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :      Case No. 05-44481 (RDD)
                                         :
                   Debtors.              :      (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## NOTICE OF OBJECTION TO CLAIM

Sierra Liquidity Fund:

      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (the "Nineteenth Omnibus Claims Objection"), dated July 13, 2007, a copy of which is enclosed (without exhibits). The Debtors' Nineteenth Omnibus Claims Objection is set for hearing on August 16, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED NINETEENTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 9, 2007. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Nineteenth Omnibus Claims Objection identifies nine different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

      Claims identified as having a Basis For Objection of "Insufficiently Documented Claims" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Books And Records Tax Claims" are those Claims filed by taxing authorities that assert liabilities and dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books And Records Tax Claims" are those Claims filed by taxing authorities that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

The Claim identified as having a Basis For Objection of "Untimely Claim" is a Claim that was not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Tax Claims Subject To Modification" are those Claims filed by taxing authorities that the Debtors have determined (a) are overstated and/or (b) were filed and docketed against the wrong Debtors.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtor, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement whereby the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant has consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

Claims identified as having a Basic For Objection of "Consensually Modified And Reduced Claims" are those Claims asserting certain tort liabilities that the Debtors have

determined (a) are overstated and/or (b) were filed and docketed against the wrong
Debtors.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
| 5/1/2006 | 4211 | $7,528.00 | Books and Records Claims | Disallow and Expunge | |

If you wish to view the complete exhibits to the Nineteenth Omnibus Claims Objection, you can
do so at www.delphidocket.com. If you have any questions about this notice or the Nineteenth Omnibus
Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com,
by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West
Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and
Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be
directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT
CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR
CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES
FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND
PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE
"CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT
ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE
CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING
SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY
THE TERMS OF THAT ORDER.

If you disagree with the Nineteenth Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern
Time) on August 9, 2007. Your Response, if any, to the Nineteenth Omnibus Claims Objection must (a)
be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for
the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be
served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel)
and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,
Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed; (ii) the name of the claimant and a brief description of the
basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Nineteenth Omnibus Claims Objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the August 16, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on August 16, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE NINETEENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE NINETEENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated: New York, New York
       July 13, 2007

4

17

05-44481

SIERRA LIQUIDITY FUND
2699 WHITE RD STE 255
IRVINE CA 92614

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640        Entity #39

## AMENDED AND RESTATED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1551593 - 10008700<br>SHORT JOANNE<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1035750 - 10007029<br>SHORT JR CLIFFORD<br>(Address on File) | WORKERS COMPENSATION<br>CLAIM NUMBER: 2004083014055610000000 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1139063 - 10008253<br>SHORT JR RAY<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1035741 - 10007027<br>SHORT MICHAEL<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1035742 - 10007028<br>SHORT PAUL<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 2155640 - 10405222<br>SHOTWELL, GREGG M.<br>(Address on File) | ADMINISTRATIVE CLAIMS<br>AGENCY: NLRB, GR-7-CB-15099 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1634375 - 10401342<br>SHOWA DENKO CARBON INC<br>PO BOX 100607<br>ATLANTA    GA   303840607 | ACCOUNTS PAYABLE | | $32,032.00 |
| 1139070 - 10008254<br>SHOWALTER JOHN F<br>(Address on File) | WORKERS COMPENSATION<br>CLAIM NUMBER: 02-882381 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1139070 - 10008255<br>SHOWALTER JOHN F<br>(Address on File) | WORKERS COMPENSATION<br>CLAIM NUMBER: 03-888418 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1139070 - 10008256<br>SHOWALTER JOHN F<br>(Address on File) | WORKERS COMPENSATION<br>CLAIM NUMBER: 04-870134 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1561717 - 10395655<br>SHOWERS GROUP INC<br>2333 WEST INDUSTRIAL PARK DR<br>BLOOMINGTON   IN  47404 | ACCOUNTS PAYABLE | | $2,137.38 |
| 1634378 - 10401343<br>SHOWTECH PRESENTATION SYSTEMS<br>INC ATTN ACCOUNTS RECEIVABLES<br>31129 CENTURY DR<br>WIXOM   MI  48393 | ACCOUNTS PAYABLE | | $3,663.00 |
| 2158510 - 10411499<br>SHOWTECH PRESENTATION SYSTEMS<br>31129 CENTURY DR<br>WIXOM   MI  48393 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $3,325.30 |
| 1560977 - 10107254<br>SHRED-A-CAN<br>3815 90 AVENUE SE<br>CALGARY    AB   T2C 2S5<br>CANADA | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND<br>SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |

### Transfer of Claim

# Delphi Corporation, Delphi Automotive Systems, LLC, et al.

This agreement (the "Agreement") is entered into between Showers Group Inc. & Shepard MFG Co. Inc. ("Assignor") and Sierra Liquidity Fund, LLC or assignee ("Assignee") with regard to the following matters:

1. This Agreement amends and supersedes the previous Delphi Transfer of Claim Agreement by and between Assignor and Assignee dated November 15th, 2005.

2. Assignor in consideration of the sum of (                    ) of the current amount outstanding on the Assignor's trade claim (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor, including the right to amounts owed under any executory contract and any respective cure amount related to the potential assumption and cure of such a contract (the "Claim"), against Delphi Corporation, Delphi Automotive Systems, LLC, et al. (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of New York, Southern District, in the current amount of not less than $7,528.00 ["the Claim Amount"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest. Assignee shall pay Assignor an amount equal ( ___the Initial Payment") within 10 business days of receipt of a signed copy of this Transfer, which represen ___; Schedule F amount ___the balance of the Purchase Price, equal t ___ncremental claim amount greater than the fore-mentioned Schedule F amou___ listed on the Debtor's Schedules of Assets and Liabilities, shall be paid to Assignor by Assignee within 10 business days of when and if such additional incremental claim amount is subsequently allowed and approved by the Debtor and/or the United States Bankruptcy Court of New York, Southern District as a liquidated, undisputed, and not contingent claim after review of the Proofs of Claim ("the Additional Payment").

3. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

4. Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

5. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

6. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

7. In the event that the Claim is disallowed, reduced, subordinated, or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 8% interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

8. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in

nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no
obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or
relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal,
or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the
Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the
execution of appropriate transfer powers, corporate resolutions and consents.

9.   Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim,
including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the
proceedings, as Assignee may request from time to time. Assignor acknowledges that any distribution received by Assignor on account
of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and
absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own
expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents
necessary to transfer such property to Assignee.

10.   In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and
whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any
adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to
its costs and expenses incurred, including reasonable attorney fees.

11.   The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective
successors and assigns.

12.   Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of
Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery
of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to
constitute a single agreement.

13.   This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the
Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason
whatsoever.

14.   This Agreement shall be governed by and construed in accordance with the laws of the State of California. Any action arising under
or relating to this Agreement may be brought in any state or federal court located in California, and Assignor consents to and confers
personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of
said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to
demand a trial by jury.

## If you have filed a Proof of Claim please check here: _____

## Please include invoices, purchase orders, and/or proofs of delivery that relate to the claim.

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any
objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this ___19___ day of __May__, 2006.

ATTEST

                                                Agreed and Acknowledged

[Signature]

[Name]
        SEC Treas

Showers Group Inc. & Shepard MFG Co. Inc.
2423 W. Industrial Park Drive
Bloomington, IN 47401-2601
Ph: 812-334-1191; Fax: 812-334-1194
email: lou.moonshower@showersgroup.com

Mr. James S. Riley, Managing Member
Sierra Liquidity Fund, LLC
2699 White Road, Ste. 255
Irvine, CA 92614
Ph: 949-660-1144, ext. 16
F: 949-660-0632
email: jriley@sierrafunds.com

By _____

UNITED STATES BANKRUPTCY COURT Southern DISTRICT OF New York | **PROOF OF CLAIM**

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Showers Group Inc & Shepard Mfg Co Inc

Name and address where notices should be sent:
Showers Group Inc & Shepard Mfg Co Inc
Showers Group Inc & Shepard Mfg Co Inc
2923 W Industrial Park Dr
Bloomington IN 47404-2601

*Showers*

Telephone number: 812 3341191

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Please note that the court has received your proof of claim #551 filed on 11/14/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
OC-494-1894

Check here ☐ replaces ☑ amends
if this claim a previously filed claim, dated 8641.28

**1. Basis for Claim**
☑ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS # _____
Unpaid compensation for services performed
from _____ to _____
(date) (date)

**2. Date debt was incurred:**
7-19-02 to 2-21-03

**3. If court judgment, date obtained:**
NO

**4. Total Amount of Claim at Time Case Filed:** $ _____
(unsecured) (secured) (priority) (Total)
☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ 7525.00
☑ UNPAID BALANCE FREIGHT CHARGE
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000,* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ___ )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-5

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 4-25-06 | _____ Sec Treas |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2423 West Industrial Park Drive
Bloomington, IN 47404-2601
812-334-1191
812-334-1194 fax
sgi@showersgroup.com

# SHOWERS

## GROUP INC.

SIERRA CAPITAL
2699 WHITE ROAD
SUITE 225
IRVINE CA  92614

May 16, 2006

SCOTT AUGUST:

ATTACHED IS THE DOCUMENTATION FOR SHIPPING FREIGHT CHARGES FROM
DELPHI. GIVEN THE EMAILS ARE CONFIDENTIAL TO OUR COMPANY, BEFORE YOU
RELAEASE THEM TO ANYONE, PLEASE ASK US BEFORE THEY ARE RELEASED. THE OTHER
INFORMATION INCLUDING THE PROOF OF CLAIM AS AMENDED AND SO MARKED MAY BE
USED AS YOU NEED.

LOU MOONSHOWER,
CEO

Showers Group, Inc.
2333 West Industrial Park Drive
Bloomington, IN 47404

Ph: 812-334-0766  Fax: 812-334-0762

Invoice

To  Delphie
     C/O Camilla
     Anderson, IN

Ship    Same

| Ph: | Fax: | Ph: | Fax: |
|-----|------|-----|------|
| Terms | | Ship Via | Salesperso |

| Quantity | Description | | |
|----------|-------------|---|---|
| 1 each | Part: Spline Cores | Rev: | $ 1,113.38 |
| | SO: | P.O. JES56052 | LN: 001 |

11 888 3847
QUANTUM

Document Search



Page 1 of 1

## E-DACOR DOCUMENT SEARCH RESULTS
### Search Results For Duns Number: RD 118883847

| View Detail/Image | Process # | Plant Code | Doc Type | Document # | Document Date | Total Amount | Currency Code | Bill of Lading | Purchase Order # | Status | Due Date/ Payment Date | Payment # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 4200103252453 | JE | 02 | 051139550001 | 03/31/2005 | $1,113.36 | USD | J BOLANDER | JES56052 | Ready To Pay | 12/31/2049 | 000000000 |

help | site map | user guide | feedback

All content and information on this site copyright General Motors 2000. All rights reserved.

https://www.edacor.com/servlet/DocReport

12/8/2005

To: Lou
Fx: 812-334-1194

Please see attachment showing payments that
where a part of the Pre-petition. These were frozen
and treated as un secured claims. Pre-petition claim
can only be paid pursuant to Courts Approved order
or Plan of re-organization.

Regards.

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN 47404-2606

Ph: 812-355-4383   Fax: 812-355-4386

## Credit Memo

Number: 452500     Date: 09-Jun-04

To: Delphi E&C PC&L
M/C 480-405-200
5820 Delphi Dr., Building D
Troy, MI 48098 USA

Ph: 248-813-4467   Fax: 248-813-4455

Ship To:

| Terms | | Due Date | Ship Via | | Salesperson |
|---|---|---|---|---|---|
| | | 09-Jun-04 | | | |

| Quantity | Description | | Unit Price | Amount |
|---|---|---|---|---|
| 1 | Credit for 1/2 freight | | .28 / each | ($7,528.28) |
| | Credit due to past due freight amount of $15... | | | |
| | Delphi paid $7,528.20 | | | |

OPEN FOR
Your USE

PL

S

PLE.
S!
24
Bl.
Ph:

| | |
|---|---|
| Sales Tax: | $0.00 |
| Invoice Total: | ($7,528.28) |
| Amount Paid: | $0.00 |
| Amount Due: | ($7,528.28) |

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN  47404-2606

**Ph:** 812-355-4383   **Fax:** 812-355-4386

| Credit Memo | |
| --- | --- |
| Number: 452500 | Date: 09-Jun-04 |

To | Delphi E&C PC&L
M/C 480-405-200
5820 Delphi Dr., Building D
Troy, MI  48098  USA

**Ph:** 248-813-4467    **Fax:** 248-813-4455

| Terms | | Due Date | Ship Via | | Salesperson |
| --- | --- | --- | --- | --- | --- |
| | | 09-Jun-04 | | | |

| Quantity | Description | | Unit Price | Amount |
| --- | --- | --- | --- | --- |
| 1 | Credit for 1/2 freight | | $7,528.28  / each | ($7,528.28) |
| | Credit due to past due freight amount of $15,056.48, of which Delphi paid $7,528.20. | | | |

PLEASE MAKE REMITTANCE PAYABLE TO:

Shepard Manufacturing, Inc.

PLEASE SEND REMITTANCE TO:

Shepard Manufacturing, Inc.
2423 West Industrial Park Drive
Bloomington, IN  47404-2601
Ph: 812-334-1191    Fax: 812-334-1194

| | |
| --- | --- |
| Sales Tax: | $0.00 |
| Invoice Total. | ($7,528.28) |
| Amount Paid. | $0.00 |
| Amount Due: | ($7,528.28) |

Page 1 of  1

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN  47404-2606

**Ph:** 812-355-4383  **Fax:** 812-355-4386

## Credit Memo

**Number:** 452498        **Date:** 09-Jun-04

To | Delphi-E Plant 20
2960 Scatterfield Road
Anderson, IN  46018  USA

Ph: 765-646-2537      Fax:

Ship To

| Terms | | Due Date | Ship Via | | Salesperson |
|---|---|---|---|---|---|
| | | 09-Jun-04 | PJAX 3par | | |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1 | Credit for 1/2 freight | $7,528.28  / each | ($7,528.28) |
| | Credit due to past due freight amount of $15056.48, of which Delphi paid $7528.20. | | |

| | |
|---|---|
| Sales Tax: | $0.00 |
| Invoice Total: | ($7,528.28) |
| Amount Paid: | $0.00 |
| Amount Due: | ($7,528.28) |

PLEASE MAKE REMITTANCE PAYABLE TO:

Shepard Manufacturing, Inc.

PLEASE SEND REMITTANCE TO:

Shepard Manufacturing, Inc.
2423 West Industrial Park Drive
Bloomington, IN  47404-2601
Ph: 812-334-1191    Fax: 812-334-1194

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN  47404-2606

Ph: 812-355-4383   Fax: 812-355-4386

| Invoice | |
|---|---|
| Number: 452499 | Date: 09-Jun-04 |

**To**  Delphi-E Plant 20
2960 Scatterfield Road
Anderson, IN  46018 USA

Ph: 765-646-2537     Fax:

**Ship To**  Delphi-E Plant 20
2960 Scatterfield Road
Anderson, IN  46018  USA

Ph: 765-646-2537

| Terms | Due Date | Ship Via | Salesperson |
|---|---|---|---|
| Net 30 days | 09-Jul-04 | PJAX 3par | |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1 | To Offset CM 452498 | $7,528.28  / each | $7,528.28 |
| | CM was created in Delphi E 20 and should have been for Delphi E & C | | |

| | | |
|---|---|---|
| Sales Tax: | | $0.00 |
| Invoice Total: | | $7,528.28 |
| Amount Paid: | | $0.00 |
| Amount Due: | | $7,528.28 |

PLEASE MAKE REMITTANCE PAYABLE TO:

  Shepard Manufacturing, Inc.

PLEASE SEND REMITTANCE TO:

  Shepard Manufacturing, Inc.
  2423 West Industrial Park Drive
  Bloomington, IN  47404-2601
  Ph: 812-334-1191    Fax: 812-334-1194

https://www.tradepayables.com/portal/TradepayablesPortal

Invoice Part Details

# Invoice Part Details

The data on this web site was last updated on Mon May 31, 2004 02:57:11 PM EDT.

Back    Download This Page    Print This Page    Close This Window

## Invoice Details

| Client | Div | Supplier | PO # | Voucher # | Invoice # | Invoice Date | Payment Date | Goods Received Date | Gross Amount | Disc | Bank Acct# | Paid Amount | Curr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DELPHI AC RD | | 00494199-4 | PAYMENT FOR | 452233 | F602452233 | 09-JAN-2004 | 02-JUN-2004 | | 7528.20 | 0.00 | **5283 | 7528.20 | USD |

## Parts summary for Invoice #F602452233

| Item # | Part # | Bill of Lading | PO # | Description | Unit Price | Quantity | Ext. Price | Unit | Plant |
|---|---|---|---|---|---|---|---|---|---|
| 000001 | ADJ | 452233 | PAYMENT FOR | | 7,528.20 | 1 | 7,528.20 | | PC DELPHI E&C PLANT 20 |

**APP Program Information | Financial Benefits | Glossary | FAQs | Enrollment**
Home | Contact Us | Privacy Policy | Terms and Conditions | Legal Statement | Feedback

Copyright GE Trade Payable Services 2002

Boxes indicate multiple packing lists sent on a common truck

| Date | (Packing List) Bill of Lading | 3rc Party Truck | Our Truck | |
|------|------|------|------|------|
| 7/19/02 | 402009 | | 100.00 | 150.00 pm |
| 7/19/02 | 402008 | | 100.00 | |
| 7/19/02 | 402007 | | | |
| 7/22/02 | 402010 | | 100.00 | 150.00 Am |
| 7/22/02 | 402014 | 92.72 X | | |
| 7/23/02 | 402020 | | 100.00 | |
| 7/24/02 | 402025 | | 100.00 | |
| 7/25/02 | 402030 | | 100.00 | |
| 7/26/02 | 402032 | | 100.00 | |
| 7/27/02 | 402035 | | 100.00 | |
| 7/29/02 | 402039 | | 100.00 | |
| 7/30/02 | 402043 | 92.72 X | | |
| 7/31/02 | 402055 | | 100.00 | |
| 8/1/02 | 402064 | 92.72 X | | |
| 8/2/03 | 402065 | | 100.00 | |
| 8/2/02 | 402068 | 92.72 X | | |
| 8/5/02 | 402071 | | 100.00 | |
| 8/6/02 | 402073 | 92.72 X | | |
| 8/7/02 | 402078 | | 100.00 | |
| 8/8/02 | 402082 | 133.63 X | | |
| 8/8/02 | 402083 | | | |
| 8/8/02 | 402084 | | | |
| 8/9/02 | 402085 | | 100.00 | |
| 8/9/02 | 402086 | | | |
| 8/12/02 | 402087 | | 100.00 | |
| 8/13/02 | 402089 | | 100.00 | |
| 8/13/02 | 402090 | | | |
| 8/14/02 | 402098 | | 100.00 | |
| 8/14/02 | 402101 | 92.72 X | | |
| 8/15/02 | 402102 | 92.72 X | | |
| 8/16/02 | 402109 | 92.72 X | | |
| 8/19/02 | 402111 | | 100.00 | |
| 8/19/02 | 402113 | 92.72 X | | |
| 8/20/02 | 402114 | 92.72 X | | |
| 8/21/02 | 402119 | | 100.00 | |
| 8/21/02 | 402123 | 92.72 X | | |
| 8/21/02 | 402121 | 92.72 X | | |
| 8/22/02 | 402124 | 92.72 X | | |
| 8/22/02 | 402127 | 92.72 X | | |
| 8/23/02 | 402128 | | 100.00 | |
| 8/26/02 | 402133 | | 100.00 | |
| 8/26/02 | 402136 | 92.72 X | | |
| 8/27/02 | 402138 | 92.72 X | | |
| 8/27/02 | 402137 | | | |

| Date | Number | Amount | Amount | Note |
|---|---|---|---|---|
| 8/27/02 | 402140 | .92.72 ✗ | | |
| 8/27/02 | 402141 | | | |
| 8/28/02 | 402144 | 92.72 ✗ | | |
| 8/28/02 | 402145 | | | |
| 8/29/02 | 402146 | 92.72 ✗ | | |
| 8/29/02 | 402149 | 92.72 ✗ | | |
| 8/29/02 | 402150 | | | |
| 8/30/02 | 402153 | | 100.00 | |
| 8/30/02 | 402154 | | | |
| 8/30/02 | 402157 | 92.72 ✗ | | |
| 8/30/02 | 402158 | | | |
| 9/3/02 | 402159 | 92.72 ✗ | | |
| 9/4/02 | 402162 | | 100.00 | |
| 9/4/02 | 402163 | | | |
| 9/5/02 | 402166 | | 100.00 | |
| 9/5/02 | 402170 | 92.72 ✗ | | |
| 9/5/02 | 402169 | | | |
| 9/6/02 | 402171 | 92.72 ✗ | | |
| 9/7/02 | 402173 | 92.72 ✗ | | |
| 9/9/02 | 402175 | | 100.00 | |
| 9/10/02 | 402176 | 92.72 ✗ | | |
| 9/10/02 | | | 100.00 | |
| 9/11/02 | 402184 | | 100.00 | 25.00 |
| 9/11/02 | 402182 | | | |
| 9/12/02 | 402186 | 92.72 ✗ | | |
| 9/13/02 | 402189 | | 100.00 | |
| 9/13/02 | 402193 | 92.72 ✗ | | |
| 9/16/02 | 402195 | | 100.00 | |
| 9/17/02 | 402198 | 93.64 ✗ | | |
| 9/18/02 | 402203 | | 100.00 | |
| 9/18/02 | 402205 | 93.64 ✗ | | |
| 9/20/02 | 402208 | | 100.00 | |
| 9/23/02 | 402213 | | 100.00 | |
| 9/24/02 | 402218 | | 100.00 | |
| 9/25/02 | 402225 | 101.65 ✗ | | |
| 9/25/02 | 402224 | | | |
| 9/26/02 | 402232 | | 100.00 | |
| 9/26/02 | 402233 | | | |
| 9/26/02 | 402234 | | | |
| 9/27/02 | 402240 | ✗ | 100.00 | |
| 10/2/02 | 402249 | 93.64 ✗ | | |
| 10/2/02 | 402250 | | | |
| 10/7/02 | 402261 | | 100.00 | |
| 10/7/02 | 402259 | | | |
| 10/7/02 | 402258 | | | |
| 10/7/02 | 402262 | | | |
| 10/9/02 | 402265 | | 100.00 | |
| 10/14/02 | 402276 | | 100.00 | |
| 10/14/02 | 402277 | | | |
| 10/15/02 | 402281 | | 100.00 | |
| 10/16/02 | 402286 | | 100.00 | |
| 10/17/02 | 402287 | | 100.00 | |

| Date | Number | Amount | | |
|---|---|---|---|---|
| 10/24/02 | 402297 | 104.65 X | | |
| 10/28/02 | 402299 | 104.65 X | | |
| 10/29/02 | 402304 | 93.64 X | | |
| 10/29/02 | 402301 | 134.03 X | | |
| 10/29/02 | 402303 | | | |
| 10/29/02 | 402302 | | | |
| 10/30/02 | 402307 | 104.65 X | | |
| 10/30/02 | 402308 | | | |
| 10/31/02 | 402312 | | 100.00 | 50.00 |
| 10/31/02 | 402311 | | | 50.00 |
| 11/1/02 | 402315 | 104.65 X | | |
| 11/1/02 | 402317 | | | |
| 11/4/02 | 402318 | 93.64 X | | |
| 11/5/02 | 402319 | 104.65 X | | |
| 11/6/02 | 402321 | 104.65 X | | |
| 11/6/02 | 402322 | | | |
| 11/7/02 | 402325 | 93.64 X | | |
| 11/7/02 | 402324 | | | |
| 11/8/02 | 402331 | 93.64 X | | |
| 11/11/02 | 402333 | 93.64 X | | |
| 11/12/02 | 402337 | 93.64 X | | |
| 11/12/02 | 402336 | | | |
| 11/13/02 | 402338 | 93.64 X | | |
| 11/14/02 | 402340 | 104.65 X | | |
| 11/14/02 | 402342 | | | |
| 11/14/02 | 402341 | | | |
| 11/15/02 | 402344 | 93.64 X | | |
| 11/15/02 | 402343 | | | |
| 11/19/02 | 402353 | 152.25 X | | |
| 11/19/02 | 402351 | | | |
| 11/19/02 | 402352 | | | |
| 11/20/02 | 402355 | 93.64 X | | |
| 11/20/02 | 402354 | | | |
| 11/21/02 | 402356 | 103.63 X | | |
| 11/21/02 | 402357 | | | |
| 11/22/02 | 402359 | 104.65 X | | |
| 11/22/02 | 402360 | | | |
| 11/26/02 | 402364 | 92.72 X | | |
| 11/26/02 | 402365 | | | |
| 11/26/02 | 402366 | | | |
| 11/27/02 | 402370 | 92.72 X | | |
| 11/27/02 | 402371 | | | |
| 12/3/02 | 402375 | 92.72 X | | |
| 12/3/02 | 402374 | 92.72 X | | |
| 12/4/02 | 402376 | 92.72 X | | |
| 12/4/02 | 402383 | 92.72 X | | |
| 12/5/02 | 402385 | 92.72 X | | |
| 12/5/02 | 402386 | 92.72 X | | |
| 12/6/02 | 402387 | 92.72 X | | |
| 12/9/02 | 402394 | 92.72 X | | |
| 12/10/02 | 402395 | | 100.00 | 95.00 |
| 12/11/02 | 402398 | 103.63 X | | |

| Date | Number | Amount | Check | Note |
|------|--------|--------|-------|------|
| 12/11/02 | 402397 | | | |
| 12/12/02 | 402401 | 92.72 | ✗ | |
| 12/12/02 | 402400 | | | |
| 12/13/02 | 402402 | 103.63 | ✗ | |
| 12/13/02 | 402404 | | | |
| 12/16/03 | 402405 | 103.63 | ✗ | |
| 12/16/02 | 402406 | | | |
| 12/17/02 | 402408 | 92.72 | ✗ | |
| 12/18/02 | 402412 | 103.63 | ✗ | |
| 12/18/02 | 402411 | | | |
| 12/18/02 | 402421 | 92.72 | ✗ | |
| 12/19/02 | 402426 | 92.72 | ✗ | |
| 12/19/02 | 402425 | | | |
| 12/19/02 | 402427 | 92.72 | ✗ | |
| 12/20/02 | 402429 | 92.72 | ✗ | |
| 12/20/02 | 402428 | 92.72 | ✗ | |
| 12/20/02 | 402430 | 103.63 | ✗ | |
| 1/2/03 | 402436 | 100.00 | | 75:00 Am |
| 1/2/03 | 402437 | | | 75:00 Pm |
| 1/3/03 | 402438 | 93.64 | ✗ | |
| 1/7/03 | 402445 | 93.64 | ✗ | |
| 1/8/03 | 402446 | 93.64 | ✗ | |
| 1/9/03 | 402447 | 93.64 | ✗ | |
| 1/9/03 | 402448 | | | |
| 1/10/03 | 402455 | 93.64 | ✗ | |
| 1/10/03 | 402458 | | | |
| 1/13/03 | 402459 | 93.64 | ✗ | |
| 1/14/03 | 402461 | 104.65 | ✗ | |
| 1/14/03 | 402460 | | | |
| 1/15/03 | 402465 | 104.65 | ✗ | |
| 1/15/03 | 402464 | | | |
| 1/16/03 | 402467 | 104.65 | ✗ | |
| 1/16/03 | 402469 | | | |
| 1/17/03 | 402470 | 104.65 | ✗ | |
| 1/17/03 | 402471 | | | |
| 1/18/03 | 402475 | 93.64 | ✗ | |
| 1/18/03 | 402476 | | | |
| 1/21/03 | 402477 | 104.65 | ✗ | |
| 1/21/03 | 402479 | | | |
| 1/22/03 | 402483 | 104.65 | ✗ | |
| 1/22/03 | 402484 | | | |
| 1/23/03 | 402489 | 104.65 | ✗ | |
| 1/23/03 | 402490 | | | |
| 1/24/03 | 402496 | 100.00 | | 50.00 |
| 1/24/03 | 402497 | | | 50.00 |
| 1/28/03 | 402503 | 93.64 | ✗ | |
| 1/29/03 | 402507 | 93.64 | ✗ | |
| 1/30/03 | 402508 | 93.64 | ✗ | |
| 1/31/03 | 402513 | 93.64 | ✗ | |
| 2/3/03 | 402514 | 93.64 | ✗ | |
| 2/4/03 | 402517 | 104.65 | ✗ | |
| 2/4/03 | 402518 | | | |

| Date | Check # | Amount | Amount | |
|---|---|---|---|---|
| 2/5/03 | 402525 | 104.65 | | |
| 2/5/03 | 402524 | | | |
| 2/6/03 | 402527 | 104.65 | | |
| 2/6/03 | 402526 | | | |
| 2/7/03 | 402532 | 104.65 | | |
| 2/7/03 | 402533 | | | |
| 2/11/03 | 402536 | 105.68 | | |
| 2/11/03 | 402538 | | | |
| 2/13/03 | 402552 | | 100.00 | 50.00 |
| 2/13/03 | 402550 | | | 50.00 |
| 2/12/03 | 402546 | 91.80 | | |
| 2/14/03 | 402556 | 93.64 | | |
| 2/14/03 | 402555 | | | |
| 2/17/03 | 402557 | 93.64 | | |
| 2/17/03 | 402558 | | | |
| 2/18/03 | 402559 | 105.68 | | |
| 2/18/03 | 402560 | | | |
| 2/18/03 | 402563 | 94.55 | | |
| 2/19/03 | 402565 | 105.68 | | |
| 2/19/03 | 402566 | | | |
| 2/21/03 | 402572 | 105.68 | | |
| 2/21/03 | 402571 | | | |
| 2/21/03 | 402573 | 105.68 | | |
| 2/21/03 | 402574 | | | |

Totals             10,456.48      4,600.00

Grand Total                    15,056.48

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN  47404-2606

**Ph:** 812-355-4383   **Fax:** 812-355-4386

| Invoice | |
|---|---|
| **Number:** 452233 | **Date:** 09-Jan-04 |

**To**
Delphi E&C PC&L
M/C 480-405-200
5820 Delphi Dr., Building D
Troy, MI  48098  USA

**Ph:** 248-813-4467   **Fax:** 248-813-4455

**Ship To**
Delphi E&C PC&L
M/C 480-405-200
5820 Delphi Dr., Building D
Troy, MI  48098  USA

**Ph:** 248-813-4467   **Fax:** 248-813-4455

| Terms | Due Date | Ship Via | Salesperson |
|---|---|---|---|
| Due On Receipt | 09-Jan-04 | | |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1 | lot, freight charges | $15,056.48  / each | $15,056.48 |
| | Attention: Tony Su | | |
| | Billing for freight charges for shipments made from July 19, 2002 through February 21, 2003 per your January 8, 2004 email.  Thank you. | | |

| | |
|---|---|
| Sales Tax: | $0.00 |
| Invoice Total: | $15,056.48 |
| Amount Paid: | $0.00 |
| Amount Due: | $15,056.48 |

PLEASE MAKE REMITTANCE PAYABLE TO:

Shepard Manufacturing, Inc.

PLEASE MAIL REMITTANCE TO

Shepard Manufacturing, Inc.
2423 West Industrial Park Drive
Bloomington, IN  47404-2601
Ph: 812-334-1191   Fax: 812-334-1194

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN  47404-2606

**Ph:** 812-355-4383   **Fax:** 812-355-4386

| Credit Memo | |
|---|---|
| **Number:** 452236 | **Date:** 09-Jan-04 |

**To** Delphi-E Plant 20
2960 Scatterfield Road
Anderson, IN  46018  USA

**Ph:** 765-646-2537   **Fax:**

**Ship To**

| Terms | | Due Date | Ship Via | Salesperson |
|---|---|---|---|---|
| | | 09-Jan-04 | PJAX 3par | |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1 | lot, freight charges | $15,056.48  / each | ($15,056.48) |
| | credit.invoice 451947 | | |

| | |
|---|---|
| Sales Tax: | $0.00 |
| Invoice Total: | ($15,056.48) |
| Amount Paid: | $0.00 |
| Amount Due: | ($15,056.48) |

PLEASE MAKE REMITTANCE PAYABLE TO:

Shepard Manufacturing, Inc.

PLEASE MAIL REMITTANCE TO

Shepard Manufacturing, Inc.
2423 West Industrial Park Drive
Bloomington, IN  47404-2601
Ph: 812-334-1191   Fax: 812-334-1194

Page 1 of  1

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN  47404-2606

Ph: 812-355-4383    Fax: 812-355-4386

## Invoice

**Number:** 452235        **Date:** 09-Jan-04

| To | Delphi Energy & Engine<br>5725 Delphi Drive<br>Bldg. D<br>Troy, MI  48098-2815 |
|----|----|

Ph:                    Fax:

| Ship To | Delphi Energy & Engine<br>5725 Delphi Drive<br>Bldg. D<br>Troy, MI  48098-2815 |
|----|----|

| Terms | | Due Date | Ship Via | Salesperson |
|---|---|---|---|---|
| | | 09-Jan-04 | | |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1 | reverse 452231<br><br>wrong customer ! | $15,056.48  / each | $15,056.48 |

|  | |
|---|---|
| Sales Tax: | $0.00 |
| Invoice Total: | $15,056.48 |
| Amount Paid: | $0.00 |
| Amount Due: | $15,056.48 |

PLEASE MAKE REMITTANCE PAYABLE TO:

Shepard Manufacturing, Inc.

PLEASE MAIL REMITTANCE TO:

Shepard Manufacturing, Inc.
2423 West Industrial Park Drive
Bloomington, IN  47404-2601
Ph: 812-334-1191    Fax: 812-334-1194

Page 1 of  1

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN 47404-2606

**Ph:** 812-355-4383   **Fax:** 812-355-4386

## Invoice

**Number:** 451947        **Date:** 05-Jun-03

**To**
Delphi-E Plant 20
2960 Scatterfield Road
Anderson, IN 46018 USA

**Ph:** 765-646-2537    **Fax:**

**Ship To**
Delphi-E Plant 20

| Terms | | Due Date | Ship Via | | Salesperson |
|---|---|---|---|---|---|
| Due On Receipt | | 05-Jun-03 | x | | |

| Quantity | Description | | Unit Price | Amount |
|---|---|---|---|---|
| 1 | lot, freight charges | | $15,056.48 | $15,056.48 |
| | Freight charges for shipments made from July 19, 2002 through February 21, 2003 via our truck or our carrier as reflected on packing lists, invoices, and bills of lading previously submitted to Nicole Gayeski. | | | |
| | Invoice approved by Cesar Bernabe June 5, 2003. | | | |

| | | |
|---|---|---|
| | Sales Tax: | $0.00 |
| PLEASE MAKE REMITTANCE PAYABLE TO: | Invoice Total: | $15,056.48 |
| Shepard Manufacturing, Inc. | Amount Paid: | $0.00 |
| PLEASE MAIL REMITTANCE TO: | Amount Due: | $15,056.48 |

Shepard Manufacturing, Inc.
2423 West Industrial Park Drive
Bloomington, IN 47404-2601
Ph: 812-334-1191   Fax: 812-334-1

*1/9/04*

*Cancel/disregard 451947*

*Send New one To*
*address in Troy*
*T, Att.*
*Tony*

# Shepard
# Manufacturing
# Incorporated

Shepard Manufacturing, Inc.
2345 West Industrial Park Drive
Bloomington, IN 47404-2806

**Ph:** 812-355-4383   **Fax:** 812-355-4386

| Invoice | |
|---|---|
| **Number:** 451947 | **Date:** 05-Jun-03 |

**To**
Delphi-E Plant 20
2960 Scatterfield Road
Anderson, IN 46018 USA

Ph: 765-646-2537   **Fax:**

**Ship To**
Delphi-E Plant 20

| Terms | Due Date | Ship Via | Salesperson |
|---|---|---|---|
| Due On Receipt | 05-Jun-03 | x | |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1 | lot, freight charges | $15,056.48 | $15,056.48 |
| | Freight charges for shipments made from July 19, 2002 through February 21, 2003 via our truck or our carrier as reflected on packing lists, invoices, and bills of lading previously submitted to Nicole Gayeski. | | |
| | Invoice approved by Cesar Bernabe June 5, 2003. | | |

| | |
|---|---|
| Sales Tax: | $0.00 |
| Invoice Total: | $15,056.48 |
| Amount Paid: | $0.00 |
| Amount Due: | $15,056.48 |

PLEASE MAKE REMITTANCE PAYABLE TO:

Shepard Manufacturing, Inc.

PLEASE MAIL REMITTANCE TO:

Shepard Manufacturing, Inc.
2423 West Industrial Park Drive
Bloomington, IN 47404-2601
Ph: 812-334-1191   Fax: 812-334-1194

## Roger Swayer

**From:** "Roger Swayer" <roger.swayer@showersgroup.com>
**To:** "Shannon Floyd" <shannon.floyd@showersgroup.com>
**Sent:** Thursday, January 08, 2004 4:56 PM
**Subject:** Fw: Delphi Freight

Please see me first

----- Original Message -----
From: Harry Harrington
To: tony.su
Cc: Shannon Floyd ; Roger Swayer
Sent: Thursday, January 08, 2004 4:45 PM
Subject: Re: Delphi Freight

Tony, thank you for helping us get resolution c                          ~ciate your efforts.

Accounting will send you an invoice ASAP.

Thanks again.

Harry

------ Original Message -----
From: tony.su
To: harry.harrington@showersgrou
Cc: Devine, Tim ; Kotzan, Kathlee
Sent: Thursday, January 08, 2004
Subject: FW: Delphi Freight

Harry,
Per our conversation. Delphi will pay this amount, but I need to you
this document. Please mail the invoice to the address listed under my na.
Thanks.

   ·····P.S. Effective 9/28/2003, my new direct line has changed from 248-813-4491 to 248-813-44o.,
   will be transitioning to the Divisional Logistics Group; however, I wil continue to support
   customer service group until a replacement has been named in my place. Thank you for your
   attention ·····

   **Tony Su**
   Delphi E&C PC&L
   M/C 480-405-200
   5820 Delphi Dr., Building D
   Troy, MI 48098
   `````New Ph: 248-813-4467``````
   Pg: 810-812-7811
   Fax: 248-813-4455

Email: tony.su@delphi.com

-----Original Message-----

1/9/2004

DO NOT USE WITHOUT OUR FURTHER PERMISSION

## Roger Swayer

| | |
|---|---|
| From: | "Roger Swayer" <roger.swayer@showersgroup.com> |
| To; | "Shannon Floyd" <shannon.floyd@showersgroup.com> |
| Sent: | Thursday, January 08, 2004 4:56 PM |
| Subject: | Fw: Delphi Freight |

Please see me first

----- Original Message -----
From: Harry Harrington
To: tony.su
Cc: Shannon Floyd ; Roger Swayer
Sent: Thursday, January 08, 2004 4:45 PM
Subject: Re: Delphi Freight

Tony, thank you for helping us get resolution on this. You will never know how much we appreciate your efforts.

Accounting will send you an invoice ASAP.

Thanks again.

Harry

----- Original Message -----
From: tony.su
To: harry.harrington@showersgroup.com
Cc: Devine, Tim ; Kotzan, Kathleen M
Sent: Thursday, January 08, 2004 4:39 PM
Subject: FW: Delphi Freight

Harry,
Per our conversation, Delphi will pay this amount, but I need to you send a us an invoice. We cannot pay off of this document. Please mail the invoice to the address listed under my name.
Thanks.

> ****P.S. Effective 9/28/2003, my new direct line has changed from 248-813-4491 to 248-813-4467. I
> will be transitioning to the Divisional Logistics Group; however, I will continue to support
> customer service group until a replacement has been named in my place. Thank you for your
> attention.*****

> **Tony Su**
> Delphi E&C PC&L
> M/C 480-405-200
> 5820 Delphi Dr., Building D
> Troy, MI 48098
> *****New Ph: 248-813-4467*****
> Pg: 810-812-7811
> Fax: 248-813-4455

Email: tony.su@delphi.com

----- Original Message -----

1/9/2004

**From:** Devine, Tim
**Sent:** Wednesday, December 10, 2003 9:57 AM
**To:** Su, Tony
**Subject:** FW: Delphi Freight

Tony, please follow-up on this. Diane Grant at Anderson Ignitions can give you the details of this situation.
Thanks, Tim
-----Original Message-----
**From:** Harry Harrington [mailto:(Su, Tony]
**Sent:** Tuesday, December 09, 2003 4:12 PM
**To:** Devine, Tim
**Cc:** Grant, Diane M; Bernabe, Cesar S; Carr, Robert M; Shannon Floyd; Kirkland, Jerry
**Subject:** Fw: Delphi Freight

Dear Mr. Devine,
I have been told that you are the person I need to discuss our problem with.
I understand that the following emails have been forwarded to you but knowing that you are busy I understand if
you haven't had time to address them.

I have attached some of the more informative emails and documents for your review. I believe you will agree
after reading the information that Shepard Manufacturing has done everything Delphi has asked and done it
to Delphi specifications.
I would note that prior to February "03" when purchasing changed the shipping instructions and we started going
thru Menlo we were delivering as we had always done, by our truck or the carriers Delphi told us to use and we
prepaid the freight costs believing that Delphi would pay us.
We have documentation to support our previous deliveries to Delphi unfortunately Don Sullivan no longer works
at Delphi but most of the transportation cost were normal deliveries anyway.
We are only asking for freight payment for product Delphi ordered and accepted for use at the plant.
I am available to visit you at Delphi to discuss this problem at your convince.

Sincerely,

Harry Harrington
V.P. Sales and Marketing
(p)812-334-1191
(f) 812-334-1194

---- Original Message ----
**From:** Harry Harrington
**To:** dian.m.grant ; cesar.s.bernabe ; Robert M Carr
**Cc:** Shannon Floyd
**Sent:** Wednesday, November 19, 2003 12:06 PM
**Subject:** Fw: Delphi Freight

Good morning Diane,

Here I am, once again, asking for some kind of response to this freight issue.  t seems obvious that even
Transportation has decided to ignore this issue.  I truly am surprised that a company as large as Delphi has
taken this approach to resolving a fairly minor problem to Delphi but a large one to this supplier. This issue
has been ongoing and unresolved for over one and one-half years.

Cesar, is there no other avenue that we can take to get resolution of this issue?

Regards,
Harry

----- Original Message -----
**From:** Harry Harrington

PAGE  20          SHOWERS GROUP INC          8123341194   07:38   06/16/2006

**To:** Diane Grant
**Cc:** Robert M Carr ; Shannon Floyd ; cesar.s.bernabe
**Sent:** Wednesday, October 22, 2003 8:00 AM
**Subject:** Fw: Delphi Freight

Good Morning Diane,
Have you heard anything from transportation?
As you know, this problem has been on going for nearly 1 year. This email only strings to others from Feb. 03 when I got involved. It seems that someone would at least give you a yes or no answer on this.
To get it settled perhaps an agreed to a reduction in the invoice would help but if no one responds it is impossible to get this done.
Thank you for trying to help on this. We look forward to hearing from you.

Regards,

Harry Harrington
V.P. Sales and Marketing

---- Original Message ----
**From:** Harry Harrington
**To:** dian.m.grant
**Cc:** Carr, Robert M
**Sent:** Tuesday, October 14, 2003 10:42 AM
**Subject:** Re: Delphi Freight

Diane, good morning.
Have we heard anything yet?

Harry

---- Original Message ----
**From:** dian.m.grant
**To:** Harry Harrington
**Cc:** Carr, Robert M
**Sent:** Tuesday, September 30, 2003 5:01 PM
**Subject:** RE: Delphi Freight

Harry,
I just sent an e-mail directly to the head of transportation. The person I was dealing with sent me an e-mail last week stating that she had e-mailed the head of transportation and was waiting on a reply back from him. I have marked this to follow up on Thursday if I don't get an e-mail back from him tomorrow. If I do not get an e-mail tomorrow, I will sit down with my boss and get him on a conference call to resolve this. I apologize this is taking so long. I don't want to just say we are not going to pay, because to be quite honest, I do not know what there stand will be. Give us til Thursday to try to get some answers please.

Thanks,
Diane

-----Original Message-----
**From:** Harry Harrington [mailto:harry.harrington@showersgroup.com]
**Sent:** Tuesday, September 30, 2003 3:29 PM
**To:** Grant, Diane M
**Subject:** Fw: Delphi Freight
**Importance:** High

Diane, Here I am again this week.
Any word from the transportation department?

1/9/2004

regards,

Harry

—-- Original Message —--
From: Harry Harrington
To: dian.m.grant
Sent: Wednesday, September 24, 2003 2:22 PM
Subject: Re: Delphi Freight

Thank you,
Is there someone there I need to call? I hate to have you stay involved if you don't need to.

Harry

—— Original Message —---
From: dian.m.grant
To: Harry Harrington
Sent: Wednesday, September 24, 2003 1:03 PM
Subject: RE: Delphi Freight

YOUR CASE HAS BEEN SENT TYO OUR TRANSPORTATION DEPT. I WILL FOLLOW UP WITH
THEM AND LET YOU KN0W THERE RESPONSE.
DIANE

-----Original Message-----
From: Harry Harrington [mailto:harry.harrington@showersg oup.com]
Sent: Wednesday, September 24, 2003 12:21 PM
To: Grant, Diane M
Cc: Bernabe, Cesar S; Carr, Robert M; Martina Adams; Shan 1on Floyd
Subject: Fw: Delphi Freight

Diane,
I am Following up on my phone call and message this morning. Have you heard any feed
back from this issue? Is there any one else that I should be asking?
I really would appreciate some kind of answer.

Thanks again,

Harry
—— Original Message ——
From: Harry Harrington
To: Diane Grant
Cc: Shannon Floyd
Sent: Wednesday, August 20, 2003 10:55 AM
Subject: Fw: Delphi Freight

Diane, Good Morning,
Its been awhile since we spoke about the freight issue. How are you doing with it? Any
response from management yet?
Regards,

Harry

—— Original Message ——
From: Harry Harrington
To: diane.m.grant

1/9/2004

Sent: Monday, July 28, 2003 2:37 PM
Subject: Re: Delphi Freight

I do not have a letter from Cesar. I do have a 2 or 3 page list itemizing each shipment and the documentation to support it. How much of it do you need?

---- Original Message -----

From: diane.m.grant
To: Harry Harrington
Sent: Monday, July 28, 2003 2:05 PM
Subject: RE: Delphi Freight

Harry,
Do you have a copy of Caesar's letter? And do you have an itemization?
Diane

-----Original Message-----
From: Harry Harrington [mailto:harry.harrington@showersgroup.com]
Sent: Monday, July 28, 2003 1:11 PM
To: Grant, Diane M
Cc: Judy Cochran
Subject: Fw: Delphi Freight
Importance: High

Diane here is the email I sent to Mick on 6/29/03 for your reference. I still would be happy to visit with documentation to discuss this.

Regards,

Harry

—— Original Message -----
From: Harry Harrington
To: Robert M Carr
Cc: cesar.s.bernabe ; Judy Cochran ; Harry Harrington
Sent: Friday, June 27, 2003 9:55 AM
Subject: Fw: Delphi Freight

Mr. Carr,
Thank you for taking my call today.
As we discussed following, for your review, is the last email sent to Cesar Bernaby at purchasing regarding the unpaid freight charges. Cesar felt that since most of the costs were regular freight cost that the plant should pay them. The special shipments will need to be discussed because we were told by Don Sullivan that he needed product and to double ship. All verbal I am afraid. Cesar asked that I contact you for assistance.

After you look this over let me know what else you require for documentation of shipments. We have stacks of paper covering invoices, packing slips, and just about anything else you may require. The time frame is from 7-19-02 to 2-21-03.

Enjoy the shut down and when you return on the 7th perhaps we can pick up again and discuss this in detail.

Regards,

1/9/2004

Harry Harrington
V.P.Sales and marketing
---- Original Message ----
**From:** Harry Harrington
**To:** cesar.s.bernabe
**Cc:** Nicole Gayeski ; John Lah ; Martina Adams ; Judy Cochran
**Sent:** Monday, June 23, 2003 9:01 AM
**Subject:** Fw: Delphi Freight

Cesar, good morning,
Can we try once again?
Please see the previous email below. The problem is not entirely at plant level.

We just need to be paid for what was agreed to on Delphi **purchase orders** and at
plant level, Don's special requests. Perhaps Don Sullivan can shed light on his part. I
believe his home phone in Yorktown In. is 765-759-9128.

Since you say there is no money in the budget to cover these costs at the plant or
Purchasing level, perhaps Delphi can address this cost the same way Kevin Cope
did with the 053 costs. Increase price of product for a period of time or quantity of
parts until cost is covered.

Thank you,

Harry Harrington

V.P. Sales and Marketing


----- Original Message -----
**From:** Harry Harrington
**To:** cesar.s.bernabe
**Cc:** Nicole Gayeski ; Judy Cochran ; Harry Harrington
**Sent:** Wednesday, June 18, 2003 2:49 PM
**Subject:** Fw: Delphi Freight

Cesar, good afternoon, I believe this email did not get delivered because I still had
auto in the email address.
I know that the plant has said no way to the payment on these freight costs how ever
please read my email and let me know your position.

Thanks,

Harry
---- Original Message ----
**From:** Harry Harrington
**To:** Cesar Bernabe
**Cc:** Harry Harrington ; Judy Cochran ; Nicole Gayeski
**Sent:** Tuesday, June 17, 2003 4:17 PM
**Subject:** Fw: Delphi Freight

Cesar,
Thank you for calling me last week to discuss the freight issue.
We don't understand why the plant doesn't believe they are responsible to pay for
the freight. As far back as I can find, Delphi purchase orders have been "FOB-
Freight Collect". To us that means that Delphi pays for freight.

1/9/2004

Prior to your recent P.O.'s instructing us to go thru Menlo there doesn't seem to be any instructions to use a specific carrier. Some times shipments were by our truck and other times common carrier.

I fear that the plant may be thinking that all the freight charges shown on the invoices are extras that Don Sullivan asked for. This is **not** the case. Of the $15,056.48 cost only $1643.59 of it is due to Don's requests for double shipments. The rest is for normal shipments.

There was a time, prior to the move to Bloomington. that Shepard did deliver by "Our Truck" most of the time, Delphi should have been invoiced for those shipments but apparently never were.

To address John Lah's email of 11-20-02 advising us that we could probable stop the special shipments. We did address this email during a later conference call with everone and Don Sullivan said to continue with the special (Double daily) shipments. Again, the special shipments add up to $1643.59 of the total shipping costs and from 11-20-02 only $465.43. I will gladly fax you the shipment list we provided with the invoices if you can't find yours. I can assure you that we would have no reason to make extra shipments without being asked to do so.

Cesar, Delphi got the parts and sold them. It seems strange to us that the plant can not justify paying for the freight that got the parts to them.

Please reconsider and authorize the payment for freght.

Regards,

Harry

----- Original Message -----

From: cesar.s.bernabe
To: harry.harrington@showersgroup.com
Sent: Thursday, June 12, 2003 10:32 AM
Subject: FW: Delphi Freight


-----Original Message-----
From: Lah, John W
Sent: Friday, February 21, 2003 3:23 PM
To: Bernabe, Cesar S
Cc: Cope, Kevin ; Sullivan, Don W; Lewis, Rebecca A
Subject: FW: Delphi Freight
Importance: High

Cesar,

Please review the attached message. I don't think that we should be held responsible for the premium freight charges that are mentioned below. (actually these are less expensive then the previous method of shipping_Harry) I was never given a response to this email that I sent them on 11/20/02.

Please call me if you have any questions,

Thanks,
John

1/9/2004

-----Original Message-----
**From:** Harry Harrington [mailto:harry.harrington@showersgroup.com]
**Sent:** Thursday, February 20, 2003 3:57 PM
**To:** John Lah
**Cc:** Martina Adams; Steve Jones; Harry Harrington; Cesar Bernabe
**Subject:** Delphi Freight

John, Good afternoon,
To keep you in the loop, I wanted to advise you that, per the new PO's we received from Cesar we are to ship thru Menlo Worldwide logistics. We have contacted them and as of Monday 2/24/03 will be using this system.
Hopefully, this will put an end to the ongoing problem of getting freight costs reimbursed. To date we are upside down over $15,000.00.

Regards,

Harry

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Note: The information contained in this message may be privileged and confidential a

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

1/9/2004

09-Jan-04   9:31 AM
Shepard Manufacturing, Inc.

**Sales Journal**
From 9-Jan-04

Page 1 of 1

| Transaction Date | GL Account | Document | Posted | Customer | | Debit | Credit |
|---|---|---|---|---|---|---|---|
| 09-Jan-04 | 58000 | 452231 | No | Delphi Energy & Engine | | $15,056.48 | |
| | 12005 | | No | | | | $15,056.48 |
| | 12005 | 452233 | No | Delphi E&C PC&L | | $15,056.48 | |
| | 58000 | | No | | | | $15,056.48 |
| | 12005 | 452235 | No | Delphi Energy & Engine | | $15,056.48 | |
| | 58000 | | No | | | | $15,056.48 |
| | 58000 | 452236 | No | Delphi-E Plant 20 | | $15,056.48 | |
| | 12005 | | No | | | | $15,056.48 |
| | | | | | Report Totals: | $60,225.92 | $60,225.92 |

-------------------------Summary-------------------------

| GL Account | Amount |
|---|---|
| 12005 | $0.00 |
| 58000 | $0.00 |