BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Freudenberg-NOK General Partnership
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____/

In re

DELPHI CORPORATION, et al

    Debtors.
_____/

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

**RESPONSE OF FREUDENBERG-NOK GENERAL PARTNERSHIP TO DEBTORS'
NINETEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §
502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS; (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS
AND RECORDS, (C) UNTIMELY CLAIM, AND (D) CLAIMS SUBJECT TO
MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED
CLAIMS ASSERTING RECLAMATION, AND CONSENSUALLY MODIFIED AND
REDUCED CLAIMS**

Freudenberg-NOK General Partnership ("FNGP") states the following in support of its response to Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims; (b) Claims Not Reflected on Debtors' Books and Records, (c) Untimely Claims, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually and Modified and Reduced Claims ("Nineteenth Omnibus Objection"):

## INTRODUCTION

1. On October 8, 2005, Delphi Corporation and various affiliates and/or subsidiaries (collectively "<u>Debtors</u>") filed a petition for relief under chapter 11 of the United States Bankruptcy Code.

2. On July 27, 2006, FNGP filed the proof of claim attached as Exhibit A in the total amount of $499,659.22 ("<u>Claim</u>"). The Claim consisted of $60,066.20 of a general unsecured claim, $358,851.00 of a secured claim and $80,742.02 entitled to priority treatment as an administrative expense based on FNGP's reclamation demand. Part of the Claim has been paid based on agreements with Debtors. The Claim supported by invoices which FNGP will provide to Debtors.

3. In the Nineteenth Omnibus Objection, Debtors seek to disallow the claim. Debtors do not give any legal reason for the disallowance.

## RESPONSE TO OBJECTION

4. In the Nineteenth Omnibus Objection, Debtors are asking the Court to disallow the Claim. The Court should deny this relief because there is no authority allowing it and the Debtors have not cited any such authority in the Omnibus Application.

5. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." As the District Court for the Southern District of New York has stated "'[a] properly executed and filed proof of claim constitutes prima facie

evidence of the validity of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.'" *Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) *quoting In re Reilly*, 245 BR 768, 773 (2nd Cir. BAP 2000). *See also In re White*, 168 BR 825, 828-829 (Bankr. D. Conn. 1994) (objecting party may not rebut a claim's prima facie validity by merely stating the amount of the claim is incorrect but must produce evidence to support such argument).

6. In the Nineteenth Omnibus Objection, Debtors do not provide any evidence whatsoever to support their proposed disallowance of the Claim, let alone any evidence sufficient to refute the prima facie validity of the Claim. Because Debtors have not rebutted the prima facie validity of the Claim, the Nineteenth Omnibus Objection should be denied with respect to the Claim.

7. Any reply to this Response should be addressed to the following:

>Ralph E. McDowell
>Bodman LLP
>6th Floor at Ford Field
>1901 St. Antoine Street
>Detroit, Michigan 48226
>(313) 393-7592
>(313) 393-7579 (fax)
>rmcdowell@bodmanllp.com

8. The contact information for persons who possess the authority to reconcile, settle or otherwise resolve the Nineteenth Omnibus Objection to the claim on behalf of FNGP is:

>Ralph E. McDowell
>Bodman LLP
>6th Floor at Ford Field

>1901 St. Antoine Street
>Detroit, Michigan 48226
>(313) 393-7592
>(313) 393-7579 (fax)
>rmcdowell@bodmanllp.com

9.      FNGP reserves all of its rights and remedies.

## RELIEF REQUESTED

THEREFORE, FNGP respectfully requests that the Court deny the relief requested under the Nineteenth Omnibus Objection as to the Claim.

>BODMAN LLP
>
>By:    /s/    Ralph E. McDowell
>      Ralph E. McDowell (P39235)
>Attorneys for Freudenberg-NOK General Partnership
>1901 St. Antoine Street
>6th Floor at Ford Field
>Detroit, Michigan 48226
>(313) 393-7592

August 9, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing *Response of Freudenberg-NOK General Partnership to Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims; (b) Claims Not Reflected On Debtors' Books and Records, (c) Untimely Claims, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims* was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

                                                                                    /s/ Ralph E. McDowell
Dated: August 9, 2007                                                    Ralph E. McDowell

Detroit_786631_1

## EXHIBIT A

Detroit_786631_1

FORM B10 (Official Form 10) (Rev. 10/05)

Date Stamped Copy Returned
No self addressed stamped envelope
No copy to return

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|
| DELPHI CORPORATION | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Claim #11603
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

**RECEIVED**
AUG 0 4 2006
KURTZMAN CARSON

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**FREUDENBERG-NOK GENERAL PARTNERSHIP**

Name and address where notices should be sent:
Ralph E. McDowell
Bodman LLP
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226

Telephone number: (313) 393-7592

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends   a previously filed claim, dated: _____

**1. Basis for Claim**
☒ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
  Last four digits of your SS#_____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:**
Various dates prepetition

**3. If court judgment, date obtained:**

**4. Classification of Claim.** check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ **60,066.20**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority
Amount entitled to priority $**80,742.02**
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☒ Other **Tooling**
Value of Collateral: $**358,851.00**
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____
☐ Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507(a)(8)
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__)
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**
$60,066.20 (unsecured)    $358,851.00 (secured)    $80,742.02 (priority)    $499,659.22 (Total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SENT ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach a copy of power of attorney, if any): |
|---|---|
| 7/26/2006 | *Ralph E. McDowell* — **Ralph E. McDowell**, Attorney for Claimant |

PENALTY FOR PRESENTING FRAUDULENT CLAIM: FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152 AND 3571.


0544481060727000000000021

BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Freudenberg-NOK General Partnership

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION,

Debtor.

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## ATTACHMENT TO PROOF OF CLAIM FOR
## FREUDENBERG-NOK GENERAL PARTNERSHIP

Freudenberg-NOK General Partnership ("FNOK") has the following prepetition claims against Debtor:

(1) prepetition amounts due (unsecured) equal to $60,066.20;

(2) a reclamation claim of $80,742.02; and

(3) prepetition amounts due (secured) for tooling equal to $358,851.

The tooling claim is secured under Michigan statutes and common law. FNOK notes that $277,525 for tooling that is included in the above figure was also claimed against debtor Delphi Automotive Systems LLC because it is unclear which debtor ordered the tooling. Of course, FNOK seeks only one recovery.

Claimant reserves the right to claim administrative expenses for postpetition goods and services and also reserves the right to claim any rejection damages.

Detroit_707415_1