**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 05-44481 (RDD) |
| Delphi Corporation, et al., | : | CHAPTER 11 |
| Debtor(s). | : | |

**MOTION OF BEAVER VALLEY MANUFACTURING, INC. FOR
AN ORDER GRANTING IT LEAVE TO AMEND ITS CLAIM,
NO. 11186, FILED JULY 26, 2006 AND RESPONSE TO OBJECTION
TO AMENDED PROOF OF CLAIM TOGETHER WITH NOTICE THEREOF
TO PARTIES IN INTEREST OF OPPORTUNITY OR NEED TO BE HEARD**

## PLEASE READ THIS NOTICE CAREFULLY:

**You are hereby notified** that the attorney for Beaver Valley Manufacturing, Inc. has filed papers with the Court requesting an Order pursuant to the above referenced Motion, Application and/or Objection (hereinafter called the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, <u>then on or before twenty (20) days from the Date of Issuance set forth below</u>, you or your attorney must file a written response in accordance with the Court's local rules and filing procedures.

      The Clerk of Court's address is: U.S. Bankruptcy Court Clerk's Office, One Bowling Green, #534, New York, NY 10004-1408,

You must file the response early enough so the Court will **receive** it on or before the date stated above.

You must also provide a copy of your response to Ira Rubin. You may either electronically serve Ira Rubin by mailing a copy to the following address: Ira Rubin, 1340 Woodman Drive, Dayton, Ohio 45432.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

August 8, 2007
Date of Issuance

*IRA RUBIN*

## MOTION

Now comes Beaver Valley Manufacturing, Inc., through counsel, and respectfully moves the court for an Order granting it leave to amend it claim, number 11186, filed July 26, 2006.

Ira Rubin    #0024849
Attorney for Beaver Valley Manufacturing, Inc.
Goldman Rubin & Shapiro
1340 Woodman Drive
Dayton, Ohio 45432
(937) 254-4455

## MEMORANDUM:

1.  This is a Chapter 11 proceeding filed by the Debtor on October 8 and 14, 2005.

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This a core proceeding under 28 U.S.C. §§157(b)(2).

3.  Beaver Valley Manufacturing, Inc., (the "Movant") is a creditor of the Debtor and on July 26, 2006 timely filed Claim Number 11186 in the amount of $180,633.39. Thereafter, the Movant, on June 15, 2007, filed an Amended Proof of Claim in the amount of $180,633.39. The Amended Proof of Claim, which the Debtor has labeled as Claim Number 16615, differed from Claim 11186 in that the Amended Claim has attached to it invoices number 0505-22, 0505-06, 0505-05, 0905-01, 0705-01, and 0705-02 issued by Movant to the Debtor and Purchase Order 450478465 issued by the Debtor in the amount of $44,678.00.

4.  By way of its Fifteenth Omnibus Claims Objection, dated May 22, 2007, the Debtor proposed to modify Claim Number 11186 downward to $121,384.39 for reasons that Purchase

Orders or Invoices covering $59,245.00 of such claim were not attached. Movant contested such treatment.

5. The documents attached to the Amended Proof of Claim consisting of additional invoices and Debtor's purchase order substantiate $44,678.00 of the $59,245.00 disputed by the Debtor.

6. The Debtor's objection to the Amended Proof of Claim by way of its Eighteenth Omnibus Claims Objection, dated July 13, 2007, seeks to disallow or expunge Movant's Amended Proof of Claim, which it has labeled claim number 16615. By this Motion, Movant seeks leave of the Court to amend its claim so that its total claim will be in the amount of $166,062.39.

## THE LAW:

Due to Debtor's objection to Movant's Amended Proof of Claim and the passage of the bar date for filing of claims, it has become necessary for Movant to seek leave of this Court to file the Amended Proof of Claim.

The determination of whether to permit an amendment to a timely-filed Proof of Claim rests within the sound discretion of the Court. *In re Parsons,* 135 BR 283, 284 (Bankr. S.D. Ohio 1991). Courts use a two-part test to determine if an amendment should be allowed. The first prong of the test requires the Court to determine whether the "subsequent claim may be fairly characterized as an amendment of a timely-filed proof of claim or in substance a new claim." The second prong of the test requires the Court to determine whether it would be equitable to permit an amendment. *In re G. L. Miller & Co.,* 45 F 2d 115 (2d Cir. 1930).

In analyzing the first prong, the Court must determine whether the amended claim bears a "reasonable relationship" to the original claim and is not "a veiled attempt to file a new claim." The amended claim bears a reasonable relationship to the original claim if it seeks to *correct a technical defect in the claim, describe the claim with greater particularity, or plead a new theory of recovery on the facts set forth in the original claim. In re Parsons,* 135 BR 283, 284 (Bankr. S.D. Ohio 1991), a new claim is one that does "not arise out of the same occurrence or transaction" as the timely-filed proof of claim. *United States vs. International Horizons,* 751 F. 2d, 1213, 1216 (11th Cir. 1985); *In Re Meade Tool & Die Co.,* 164 F. 2d, 228, 230.

It is respectfully submitted that the failure of the Debtor to issue a purchase order to the Movant until March 29, 2007, a date subsequent to the bar date, is not the fault of the Movant. The amount due under the purchase order was included in the original claim, while the amended claim merely attached the documents to validate the claim. Thus, the amended claim merely corrected a technical defect in the Claim 11186 and is not a new claim. Moreover, it would be equitable to permit the amendment for the reason that the Movant is without fault in the failure of the Debtor to issue a purchase order until after the bar date.

Based upon the above, it is respectfully submitted that the Movant's Motion to Amend its Claim be granted.

Ira Rubin   (#0024849)
Attorney for Beaver Valley Manufacturing, Inc.
Goldman Rubin & Shapiro
1340 Woodman Drive
Dayton, Ohio 45432
(937) 254-4455

## CERTIFICATE OF SERVICE:

On the 8th day of August 2007, the undersigned caused the foregoing document with attachments to be served and filed via Federal Express, as follows:

1) One copy on 3.5" inch diskette in Word Perfect .pdf format addressed to the Clerk of the Bankruptcy Court for the Southern District of New York, One Bowling Green, #534, New York, New York 10004;

2) One hard copy addressed to Chambers of Hon. Robert D. Drain, U.S. Bankruptcy Judge, One Bowling Green, #616, New York, New York 10004;

3) One hard copy to Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, attention General Counsel;

4)  One hard copy on Scadden Arps Slate Meagher & Flom, LLP, 333 W. Wacker Drive, #2100, Chicago, Illinois, 60606, attention John Wm. Butler, Jr., John K. Lyons and Joseph N. Wharton;

IRA RUBIN #0024849
Attorney for Beaver Valley Manufacturing