STROBL & SHARP, P.C.
Dennis W. Loughlin (P57084)
Strobl & Sharp, P.C.
300 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376

Attorneys for Sherwin Williams Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:                                           )   Case No: 05-44481 (RDD)
                                                 )   Chapter 11
DELPHI CORPORATION, et al.,                      )   (Jointly Administered)
                                                 )
      Debtors-in-Possession              )

---

**SHERWIN WILLIAMS COMPANY'S RESPONSE TO DEBTORS'
NINTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
11 U.S.C. §502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED
ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND
(D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION AND
CONSENSUALLY MODIFIED AND REDUCED CLAIMS**

NOW COMES SHERWIN WILLIAMS COMPANY ("Sherwin Williams" or "Claimant"), by and through its attorneys, Strobl & Sharp, P.C., and for its response to Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(B) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims, (b) Claims not Reflected on Debtors' Books and Records, (c) Untimely Claims, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation and Consensually Modified and Reduced Claims ("Nineteenth Omnibus Claims Objection"), states as follows:

1. Sherwin Williams filed Proof of Claim No. 1472, with an unsecured amount of with an unsecured amount of $161,816.60, on January 9, 2006 (the "Outstanding Balance"). (Exhibit A.)

2. The Debtors have objected to the Claim No. 1472 on the grounds that the Debtors have determined that certain Claims "…(a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtors, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand…" For Claim No. 1472, the Debtors propose to reduce the unsecured balance to $149,546.65 and modify a portion of Sherwin Williams' claim to priority status in the amount of $2,179.25.

3. The basis for Sherwin Williams' claims arise out of inventory, product, equipment, parts, accessions and related materials (collectively, the "Goods") which were sold and shipped to Debtors by Sherwin Williams prepetition.

4. The Debtors have failed or refused to pay for or return the Goods, the Outstanding Balance of said Goods being $161,816.60, according to the Affidavit of Matthew W. Jorgensen the in-house attorney of Sherwin Williams Company (Exhibit B.)

5. The books and records of Sherwin Williams do not reflect any payments on the Outstanding Balance of $161,816.60. See Exhibit B.

6. The Debtor has provided no proof of payment on the Outstanding Balance.

J:\DOCS\84006\007\pldg\SB209741.DOC

WHEREFORE, Sherwin Williams respectfully requests that this Court deny Debtors' Nineteenth Omnibus Claims Objection, as it relates to Claimant and allow Claimant's proof of claim in full as filed and grant such further and additional relief as just and proper.

                        Respectfully submitted:

                        **STROBL & SHARP, P.C.**

                        /s/ Dennis W. Loughlin
                        Lynn M. Brimer (P43291)
                        Dennis W. Loughlin (P57084)
                        Strobl & Sharp, P.C.
                        300 E. Long Lake Road, Suite 200
                        Bloomfield Hills, MI 48304-2376
                        (248) 540-2300; fax (248) 645-2690
                        Attorneys for Sherwin Williams Company

Dated: August 9, 2007         dloughlin@stroblpc.com

---

**ECF Certificate of Service**

The undersigned certifies that a copy of the foregoing document was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2007.
By: /s/Dennis W. Loughlin
Dennis W. Loughlin (P43291)
dloughlin@stroblpc.com

# EXHIBIT A

## Creditor Data for Claim Number 1472

| | |
|---|---|
| **Creditor Name:** Sherwin Williams Company<br>**Creditor Notice Name:** | **Date Claim Filed:** 1/9/2006<br>**Delphi Claim #:** 1472<br>**Court Claim #:** 1472<br>**Amend/Replace?** No |
| **Debtor Name:** Delphi Corporation<br>**Case Number:** 05-44481 | |
| **Claim Nature:** General Unsecured<br>**Amount of Claim:** $161,816.60 | **Creditor Info Altered?** N<br>**Objection Filed?** Y **Basis:** Improper Nature;Wrong Debtor **Total Amount:** $12,269.95<br>**Objection History** |

| Schedule:<br>Schedule Amt: | Basis | Status | Notes |
|---|---|---|---|
| | Wrong Debtor | Not resolved yet | |
| | Improper Nature | Not resolved yet | |

**EXHIBIT B**

STROBL & SHARP, P.C.
Lynn M. Brimer (P43291)
Dennis W. Loughlin (P57084)
Strobl & Sharp, P.C.
300 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376

Attorneys for Sherwin Williams Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No: 05-44481 (RDD) |
| | Chapter 11 |
| DELPHI CORPORATION, et al., | (Jointly Administered) |
| | |
| Debtors-in-Possession | |

---

### AFFIDAVIT OF MATTHEW W. JORGENSEN

STATE OF OHIO       )
                    ) ss.
COUNTY OF CUYAHOGA )

NOW COMES Matthew W. Jorgensen, being duly sworn, deposes and states as follows:

1. I am an in-house attorney for The Sherwin-Williams Company ("Sherwin-Williams").

2. I make this Affidavit of my own personal knowledge and, in reliance upon information and belief as provided by employees and the records of The Sherwin-Williams Company, would be competent to testify to the facts stated therein if called as a witness in this matter.

3. Prior to the filing of the Debtors' bankruptcy, Sherwin-Williams provided certain goods and services to Delphi Corporation pursuant to purchase orders issued by

Delphi to Sherwin-Williams. Sherwin-Williams rendered these services to Delphi as requested.

4. As of October 8, 2005, the outstanding balance due and owing to Sherwin-Williams by the Debtors was $161,816.60 (the "Outstanding Balance").

5. The Debtors have failed to pay for the services provided by Sherwin-Williams to the Debtors.

6. The books and records of Sherwin-Williams do not reflect any payments on the Outstanding Balance.

7. The Debtors have provided no proof of payment to Sherwin-Williams regarding the Outstanding Balance.

8. Said amount of $161,816.60 is fully supported by the books and records of Sherwin-Williams.

Further Deponent Sayeth Not.

The undersigned affirms under the penalties of perjury that the above and foregoing statements are true and correct to the best of his knowledge and belief.

THE SHERWIN-WILLIAMS COMPANY

Dated: 8/9/07

Matthew W. Jorgensen, Esq.
In-House Attorney