YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Pauline K. Morgan (PM 3361)
Michael R. Nestor (MN 2071)
Curtis J. Crowther (DE Bar I.D. No. 3238)
Sean M. Beach (DE Bar I.D. No. 4070)

 Attorneys for Creditor, Metalforming Technologies, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------:
                                                       :    Chapter 11
        In re                                          :
                                                       :    Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                            :
                                                       :    (Jointly Administered)
                         Debtors.                      :
-------------------------------------------------------:

**METALFORMING TECHNOLOGIES, INC.'S RESPONSE TO
DEBTORS' EIGHTEENTH OMNIBUS OBJECTION (PROCEDURAL)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
TO CERTAIN DUPLICATE OR AMENDED CLAIMS**

        Metalforming Technologies, Inc. ("MTI"), by and through its undersigned counsel,

hereby responds in opposition to Debtors' Eighteenth Omnibus Claim Objection (hereinafter

"Objection").[1]  In support of this response, MTI hereby states as follows:

**MTI Claim History**

        1.        On July 13, 2006, MTI filed Claim No. 9190 in the amount of $315,746.36

("Claim No. 9190").  This claim was filed and classified as a general, unsecured claim.

        2.        On May 22, 2007, Debtors filed the Fifteenth Omnibus Claims Objection.  Dkt.

No. 7999.  In the Fifteenth Omnibus Claims Objection, Debtors sought to reduce and reclassify

Claim No. 9190 to $13,755.27 priority unsecured and $41,865.08 general unsecured.  The filing

---

[1] Debtors' counsel granted an extension of time for MTI to file a formal response to the Eighteen Omnibus Claims Objection to August 13, 2007 at 4:00 p.m.

indicates that Claim No. 9190 was being reclassified by the Debtors due to an alleged asserted

reclamation claim. MTI never filed a reclamation claim and never made any reclamation

demand on Debtors. A true and correct copy of Claim No. 9190 is attached hereto and made a

part hereof as Exhibit "A."

3.      On June 18, 2007, subsequent to the Fifteen Omnibus Claims Objection, MTI

filed an amended claim. This claim was docketed as Claim No. 16612 ("Claim No. 16612").

Claim No. 16612 specifically indicated that it amended a "previously filed claim, dated

07/03/2006" and "amends Delphi Claim #9190." A true and correct copy of Claim No. 16612 is

attached hereto and made a part hereof as Exhibit "B." The amended claim was the direct result

of informal discussions between MTI and Delphi business people regarding the claim amount.

4.      On June 29, 2007, Debtors submitted and obtained an Order on the Fifteenth

Omnibus Objection to Claim that purported to grant the relief sought by the objection. However,

Claim No. 9190, the subject of the Fifteenth Omnibus Objection to Claims was already amended

and superseded by Claim No. 16612. Essentially, Claim No. 9190 no longer existed and

therefore the Fifteenth Omnibus Objection was moot as to Claim No. 9190. See, e.g., In re

Buzek, 116 B.R. 82 (Bankr. N.D. Ohio 1990)(wherein the court held that since the IRS amended

its claim prior to a hearing on a claims objection, that the previously filed claim objection was

moot).

## The Order on Fifteenth Omnibus Objection to Claims

5.      Because MTI had formally amended proof of Claim No. 9190 prior to the entry of

any order on the Fifteenth Omnibus Objection to Claims, the claim objection was moot as to

Claim No. 9190. Accordingly, it was improper for Debtors to seek an order relative to a claim

that no longer existed. Here, Debtor appears to be attempting to bypass Claim No. 16612 by

2

clinging to the Order entered on Claim No. 9190 even though Claim No. 9190 was amended and superseded prior to the entry of the Order.

### Eighteenth Omnibus Objection to Claims

6.      Debtors' Eighteenth Omnibus Objection to Claims purports to object to Claim No. 16612 on the basis that it is "duplicative of other Claims or [has] been amended or superseded by later-filed Claims." Objection at ¶ 19.

7.      In addition, the Eighteen Omnibus Objection to Claims purports to have as the surviving claim--Claim No. 9190 in the amount of $315,746.36.[2]

8.      MTI would not object to the original claim amount and classification of Claim No. 9190 as a result of the objection to Claim No. 16612. However, MTI would, as a result of such an action, simply re-file an amended claim identical to Claim No. 16612 since Claim No. 16612 represents the actual amount owed by Debtor, Delphi Corporation (and claimed by MTI).

9.      In the event Debtors did not actually intend to reinstate Claim No. 9190 in full, MTI would object to the expungement of Claim No. 16612 since it is not a duplicative claim and has not been superseded by a later-filed claim. Rather, Claim No. 16612 **is** the later-filed claim and superseded Claim No. 9190. Accordingly, Claim No. 16612 is the surviving claim.

10.     Debtors have not asserted any other basis to expunge Claim No. 16612 in the Eighteenth Omnibus Objection to Claims and MTI does not believe any such basis would exist.

---

[2] It is unclear whether Debtors concede that the Order entered on the Fifteenth Omnibus Objection to Claims is moot and therefore the original claim is reinstated or whether the Debtors are not being candid with the Court by stating that the surviving claim would be in the amount of $315,746.36 (general unsecured) as opposed to the altered classification and amount in the Fifteenth Omnibus Objections to Claims. MTI's counsel sought to discuss these issues with Debtors' counsel prior to the filing of this Response, but Debtors' counsel has failed to engage in such discussions regarding both the procedural and the substantive issues raised by the Eighteenth Omnibus Objection to Claims.

11.    Accordingly, the Eighteenth Omnibus Objection to Claims should be overruled as to Claim No. 16612 since it is neither the subject of a later-filed claim nor is it duplicative of any other claim in this case.

### Memorandum of Law

12.    Because the legal points and authorities upon which this objection relies are incorporated herein, MTI respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Metalforming Technologies, Inc. respectfully requests that the Court enter an order overruling the Eighteenth Omnibus Objection to Claims as it pertains to MTI and permits Claim No. 16612 to remain of record in its entirety and to grant such other or further relief as the Court deems just and proper under the circumstances.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Pauline K. Morgan (PM 3361)
Michael R. Nestor (MN 2071)
Curtis J. Crowther (DE Bar I.D. No. 3238)
Sean M. Beach (DE Bar I.D. No. 4070)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Attorneys for Creditor, Metalforming Technologies, Inc.

Dated: August 13, 2007