# EXHIBIT C

**A COMPLETE COPY OF DELPHI'S COURT
PAPERS, INCLUDING THE MEMORANDA
OF UNDERSTANDING, CAN BE OBTAINED
AT WWW.DELPHIDOCKET.COM OR BY
CALLING 1-888-249-2691**

---

**This is a notice of a motion to the U.S. Bankruptcy Court which may affect you as a present or former employee of Delphi:**

**FOR A SUMMARY OF THE RELIEF SOUGHT IN THIS MOTION REGARDING MEMBERS OF:**
**IUOE LOCAL 832S: SEE PAGES 3 & 4**
**IUOE LOCAL 18S: SEE PAGES 5 & 6**
**IUOE LOCAL 101S: SEE PAGES 7 & 8**
**IBEW (ELECTRONICS & SAFETY): SEE PAGES 9 & 10**
**IBEW (POWERTRAIN): SEE PAGES 11& 12**
**IAM: SEE PAGES 13 &14**
**NON-REPRESENTED HOURLY ACTIVE EMPLOYEES AND RETIREES: SEE PAGE 15**

**The information in this notice is only a summary and you can obtain complete papers as set forth above this box and on page 16.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
        In re                                         :        Chapter 11
                                                      :
DELPHI CORPORATION, <u>et al.</u>,                    :        Case No. 05-44481 (RDD)
                                                      :
                                Debtors. :            (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

INFORMATIONAL NOTICE OF EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C.
§§ 363, 1113, AND 1114 AND FED. R. BANKR. P. 6004 AND 9019 APPROVING
(I) MEMORANDA OF UNDERSTANDING AMONG IUOE, IBEW, IAM,
DELPHI, AND GENERAL MOTORS CORPORATION INCLUDING MODIFICATION
OF IUOE, IBEW, AND IAM COLLECTIVE BARGAINING AGREEMENTS AND
RETIREE WELFARE BENEFITS FOR CERTAIN IUOE, IBEW, AND IAM-REPRESENTED
RETIREES AND (II) MODIFICATION OF, AND TERM SHEET REGARDING,
RETIREE WELFARE BENEFITS FOR CERTAIN NON-REPRESENTED
<u>HOURLY ACTIVE EMPLOYEES AND RETIREES</u>

**INFORMATION FOR IUOE, IBEW, AND IAM-REPRESENTED
EMPLOYEES AND RETIREES AND CERTAIN NON-REPRESENTED
HOURLY ACTIVE EMPLOYEES AND RETIREES OF DELPHI CORPORATION**

On August 6, 2007, Delphi Corporation and certain of its affiliated debtors and
debtors-in-possession ("Delphi"), filed the **Expedited Motion For Order Under 11 U.S.C. §§**

**363, 1113, And 1114 And Fed. R. Bankr. P. 6004 And 9019 Approving (I) Memoranda Of Understanding Among IUOE, IBEW, IAM, Delphi, And General Motors Corporation Including Modification Of IUOE, IBEW, And IAM Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUOE, IBEW, And IAM-Represented Retirees And (II) Modification Of, And Term Sheet Regarding, Retiree Welfare Benefits For Certain Non-Represented Hourly Active Employees And Retirees** (the "Motion"), which seeks bankruptcy court approval (subject to ratification by the IUOE,[1] IBEW, and IAM, respectively) of six memoranda of understanding dated July 31 and August 1, 2007 (the "Settlement Agreements" or "Memoranda of Understanding") among Delphi, General Motors, and the IUOE, IBEW, and IAM, respectively, regarding Delphi's restructuring as well as bankruptcy court approval of modification of retiree welfare benefits for certain non-represented hourly active employees and retirees and a term sheet between GM and Delphi regarding such modification.

On August 16, 2007 at 10:00 a.m., the United States Bankruptcy Court (the "Court") for the Southern District of New York will conduct a hearing on approval of the Settlement Agreements.

If approved by the Court (and ratified, where necessary, by the IUOE, IBEW, and IAM, respectively), each Settlement Agreement will go into effect.

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Memoranda of Understanding with the additional clarification that use of the IUOE refers to Locals 832S, 18S, and 101S of the International Union of Operating Engineers and not to the international union itself.

<u>**IUOE Local 832S**</u>

The **IUOE Local 832S** Settlement Agreement, among other subject matters, provides that:

(A)     Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the International Union of Operating Engineers and its Local 832S ("IUOE Local 832S"):

- The 2003 IUOE Local 832S – Delphi Powertrain – Rochester Agreements and all related agreements and understandings are extended until September 14, 2011, subject to their termination provisions;

- A workforce transition program is implemented for eligible IUOE Local 832S-represented employees that provides eligible employees with transformation plan options including (i) attrition options similar to the previously-approved UAW and IUE-CWA attrition program for eligible IUOE Local 832S employees who are participants in the Delphi Hourly-Rate Employees Pension Plan, (ii) provision of a lump sum "buy-down" payment totaling $10,000 for eligible employees, and (iii) severance payments up to $40,000 to eligible employees who are permanently laid off prior to September 14, 2011;

- Certain terms of certain IUOE CBAs are modified with respect to wages, personal savings plans, Independence Week Pay, holidays, vacation accrual, GIS, job security and/or guaranteed employment levels, subsidized discount programs, tuition assistance, attendance, representation, and dispute resolution; and

- All employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

(B)     Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the IUOE Local 832S Settlement Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain IUOE Local 832S-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 for certain covered IUOE Local 832S-represented employees as provided in Section D.2 of the IUOE Local 832S Settlement Agreement;

- The Memorandum of Understanding (including certain IUOE CBAs) is assumed pursuant to 11 U.S.C. § 365;

- The IUOE Local 832S released parties are exculpated and released in connection with the IUOE Local 832S Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the IUOE Local 832S, all employees and former employees of Delphi represented or formerly represented by the IUOE Local 832S, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IUOE Local 832S Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IUOE Local 832S Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

## IUOE Local 18S

The **IUOE Local 18S** Settlement Agreement, among other subject matters, provides that:

(A)     Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the International Union of Operating Engineers and its Local 18S ("IUOE Local 18S"):

- The IUOE Local 18S, Delphi, and GM acknowledge that the Delphi Thermal & Interior – Columbus operation is scheduled to be closed;

- The term of the 2003 IUOE Local 18S – Delphi Agreements and all related agreements and understandings are extended until September 14, 2011, subject to their termination provisions;

- A workforce transition program is implemented for eligible IUOE Local 18S-represented employees that provides eligible employees with transformation plan options including (i) attrition options similar to the previously-approved UAW and IUE-CWA attrition program for eligible IUOE Local 18S employees who are participants in the Delphi Hourly-Rate Employees Pension Plan, (ii) provision of a lump sum "buy-down" payment totaling $10,000 for eligible employees, and (iii) severance payments up to $40,000 to eligible employees who are permanently laid off prior to September 14, 2011;

- Certain terms of certain IUOE CBAs are modified with respect to wages, personal savings plans, Independence Week Pay, holidays, vacation accrual, GIS, job security and/or guaranteed employment levels, Plant Closing and Sale Moratorium, subsidized discount programs, tuition assistance, and representation;

- On a case-by-case basis, Delphi employees transferring from a Delphi plant to another Delphi plant may be eligible for a Relocation Allowance based on actual expenses incurred, up to a maximum of $10,000; and

- All employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

(B)    Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the IUOE Local 18S Settlement Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain IUOE Local 18S-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 for certain covered IUOE Local 18S-represented employees as provided in Section D.2 of the IUOE Local 18S Settlement Agreement;

- The Memorandum of Understanding (including certain IUOE CBAs) is assumed pursuant to 11 U.S.C. § 365;

- The IUOE Local 18S released parties are exculpated and released in connection with the IUOE Local 18S Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the IUOE Local 18S, all employees and former employees of Delphi represented or formerly represented by the IUOE Local 18S, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IUOE Local 18S Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IUOE Local 18S Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

## IUOE Local 101S

The **IUOE Local 101S** Settlement Agreement, among other subject matters, provides that:

(A)    Effective upon the entry of this Court's approval order in respect of the Motion:

- The International Union of Operating Engineers Local 101S ("IUOE Local 101S"), Delphi, and GM acknowledge that the Delphi Automotive Holdings Group – Olathe operations are closed, and that Delphi no longer employs any Olathe bargaining unit employees;

- The IUOE Local 101S Settlement Agreement terminates and supersedes the 2003 IUOE Local 101S – Delphi Agreements and all related agreements and understandings; and

- All employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

(B)    Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the IUOE Local 101S Settlement Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain IUOE Local 101S-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 for certain covered IUOE Local 101S-represented employees as provided in Section C of the IUOE Local 101S Settlement Agreement;

- The Memorandum of Understanding (including certain IUOE agreements) is assumed pursuant to 11 U.S.C. § 365;

- The IUOE Local 101S released parties are exculpated and released in connection with the IUOE Local 101S Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the IUOE Local 101S, all employees and former employees of Delphi represented or formerly represented by the IUOE Local 101S, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IUOE Local 101S Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IUOE Local 101S Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

### IBEW (Electronics & Safety)

The **IBEW E&S** Settlement Agreement, among other subject matters, provides that:

(A)  Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the IBEW:

- The IBEW, Delphi, and GM acknowledge that the Delphi Electronics & Safety – Milwaukee operation is scheduled to be closed;

- The term of the 2003 IBEW – Delphi E&S Agreements and all related agreements and understandings are extended until September 14, 2011, subject to their termination provisions;

- A workforce transition program is implemented for eligible IBEW-represented employees that provides eligible employees with transformation plan options, including (i) attrition options similar to the previously-approved UAW and IUE-CWA attrition program for eligible IBEW employees who are participants in the Delphi Hourly-Rate Employees Pension Plan, (ii) provision of a lump sum "buy-down" payment totaling $10,000 for eligible employees, and (iii) severance payments up to $40,000 to eligible employees who are permanently laid off prior to September 14, 2011;

- Certain terms of the IBEW CBAs are modified with respect to wages, personal savings plans, Independence Week Pay, holidays, vacation accrual, Plant Closing and Sale Moratorium, GIS, job security and/or guaranteed employment levels, tuition assistance, subsidized discount programs, strikes, and stoppages; and

- All employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

(B)  Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the IBEW E&S Settlement Agreement and Delphi-GM settlement:

-9-

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain IBEW-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 for certain covered IBEW-represented employees as provided in Section D.2 of the IBEW E&S Settlement Agreement;

- The Memorandum of Understanding (including certain IBEW CBAs) is assumed pursuant to 11 U.S.C. § 365;

- The IBEW released parties are exculpated and released in connection with the IBEW E&S Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the IBEW, all employees and former employees of Delphi represented or formerly represented by the IBEW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IBEW E&S Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IBEW E&S Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

## IBEW (Powertrain)

The **IBEW Powertrain** Settlement Agreement, among other subject matters, provides that:

(A)    Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the IBEW:

- The IBEW, Delphi, and GM acknowledge that the Delphi Powertrain – Milwaukee operation is scheduled to be closed;

- The term of the 2003 IBEW – Delphi Powertrain (formerly Delphi E&C) – Milwaukee Operations Agreements and all related agreements and understandings are extended until September 14, 2011, subject to their termination provisions;

- A workforce transition program is implemented for eligible IBEW-represented employees that provides eligible employees with transformation plan options, including (i) attrition options similar to the previously-approved UAW and IUE-CWA attrition program for eligible IBEW employees who are participants in the Delphi Hourly-Rate Employees Pension Plan, (ii) provision of a lump sum "buy-down" payment totaling $10,000 for eligible employees, and (iii) severance payments up to $40,000 to eligible employees who are permanently laid off prior to September 14, 2011;

- Certain terms of the IBEW CBAs are modified with respect to wages, personal savings plans, Independence Week Pay, holidays, vacation accrual, Plant Closing Restrictions, GIS, job security and/or guaranteed employment levels, tuition assistance, subsidized discount programs, strikes, and stoppages; and

- All employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

(B)    Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the IBEW Powertrain Settlement Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain IBEW-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 for certain covered IBEW-represented employees as provided in Section D.2 of the IBEW Powertrain Settlement Agreement;

- The Memorandum of Understanding (including certain IBEW CBAs) is assumed pursuant to 11 U.S.C. § 365;

- The IBEW released parties are exculpated and released in connection with the IBEW Powertrain Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the IBEW, all employees and former employees of Delphi represented or formerly represented by the IBEW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IBEW Powertrain Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IBEW Powertrain Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

## IAM

The **IAM** Settlement Agreement, among other subject matters, provides that:

(A)    Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the IAM:

- The IAM, Delphi, and GM acknowledge that the Delphi Electronics & Safety – Milwaukee operation is scheduled to be closed;

- The term of the 2003 IAM – Delphi Electronics & Safety – Milwaukee Operations Agreements and all related agreements and understandings are extended until September 14, 2011, subject to their termination provisions;

- A workforce transition program is implemented for eligible IAM-represented employees that provides eligible employees with transformation plan options including (i) attrition options similar to the previously-approved UAW and IUE-CWA attrition program for eligible IAM employees who are participants in the Delphi Hourly-Rate Employees Pension Plan, (ii) provision of a lump sum "buy-down" payment totaling $10,000 for eligible employees, and (iii) severance payments up to $40,000 to eligible employees who are permanently laid off prior to September 14, 2011;

- Certain terms of the IAM CBAs are modified with respect to wages, personal savings plans, Independence Week Pay, holidays, vacation accrual, Plant Closing and Sale Moratorium, GIS, job security and/or guaranteed employment levels, tuition assistance, subsidized discount programs, strikes, and stoppages; and

- All employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

(B)    Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent

with all of the terms of the IAM Settlement Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain IAM-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 for certain covered IAM-represented employees as provided in Section D.2 of the IAM Settlement Agreement;

- The Memorandum of Understanding (including certain IAM CBAs) is assumed pursuant to 11 U.S.C. § 365;

- The IAM released parties are exculpated and released in connection with the IAM Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the IAM, all employees and former employees of Delphi represented or formerly represented by the IAM, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IAM Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IAM Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

### Non-Represented Hourly Active  Employees And Retirees

        The Motion also requests that the Court approve modification of retiree welfare benefits for certain **non-represented hourly active employees and retirees** of the Debtors pursuant to 11 U.S.C. § 363.  On August 3, 2007, Delphi and GM agreed to the treatment of these non-represented hourly individuals in the Term Sheet – Delphi Cessation and GM Provision of OPEB For Certain Non-Represented Delphi Employees and Retirees (the "Non-Represented Term Sheet").   Upon the effective date of the Non-Represented Term Sheet, GM will provide post-retirement medical benefits to certain of the non-represented hourly active employees and retirees in accordance with all the ongoing terms, conditions and eligibility requirements of the GM Health Care Program for Hourly Employees and GM will provide the applicable level of post retirement medical benefits to certain of the non-represented hourly active employees and retirees consistent with the terms of the Modified Plan, as defined in the settlement agreement approved by the court in the case <u>IUE, et al. v. General Motors Corporation</u> (case number 2:06-cv-12151), on the same basis as such benefits are provided to GM-IUE-CWA hourly employees who retired from GM with eligibility to participate in the GM Health Care Program.  Further, GM will provide all employer-paid post-retirement Basic Life Insurance benefits to certain of the non-represented hourly active employees and retirees in accordance with all the ongoing terms, conditions, and eligibility requirements of the GM Life and Disability Benefits Program for Hourly Employees and at the level provided for non-represented hourly retirees on the date immediately preceding the GM's provision of such benefits, <u>provided, however</u>, that GM will not be required to provide life insurance benefits at a level and scope that exceeds that being provided for similarly situated IBEW or IAM-represented hourly retirees of GM.  Certain active non-represented hourly employees, may be eligible for an attrition program substantially similar to the special attrition program, known as the SAP-T, currently agreed to by the IUE-CWA, subject to Court approval.

~    ~    ~

This information is only a summary of the Motion and of some of the terms of the Settlement Agreements and are qualified entirely by and are subject to the actual terms and conditions of the Settlement Agreements and the Non-Represented Term Sheet.  A complete copy of Delphi's court papers, including the Settlement Agreements, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.  Delphi's plan of reorganization will be considered by the Court at a later time and you will receive notice about that proceeding.

A copy of the notice of the Motion is attached hereto.

Dated:          New York, New York
                August 6, 2007

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                     & FLOM LLP


                        By:      /s/ John Wm. Butler, Jr.
                                 John Wm. Butler, Jr. (JB 4711)
                                 John K. Lyons (JL 4951)
                                 Ron E. Meisler (RM 3026)
                                  333 West Wacker Drive, Suite 2100
                                  Chicago, Illinois 60606
                                  (312) 407-0700

                                     - and -


                        By:      /s/ Kayalyn A. Marafioti
                                 Kayalyn A. Marafioti (KM 9632)
                                 Thomas J. Matz (TM 5986)
                                  Four Times Square
                                  New York, New York 10036
                                  (212) 735-3000

                                     - and-


                                    O'MELVENY & MYERS LLP


                        By:      /s/ Tom A. Jerman
                                 Tom A. Jerman (TJ 1129)
                                 Jessica Kastin (JK 2288)
                                 1625 Eye Street, NW
                                 Washington, DC 20006
                                 (202) 383-5300


                                 Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

-16-

# EXHIBIT D

**Hearing Date And Time: August 16, 2007 at 10:00 a.m.**
**Objection Deadline: August 13, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    -and-

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

    -and-

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Tom A. Jerman (TJ 1129)
Jessica Kastin (JK 2288)

Attorneys for Delphi Corporation, et al.,
   Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698
Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :
     In re              :      Chapter 11
                      :
    DELPHI CORPORATION, et al.,   :      Case No. 05-44481 (RDD)
                      :
           Debtors. :      (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 1113,
AND 1114 AND FED. R. BANKR. P. 6004 AND 9019 APPROVING (I) MEMORANDA OF UNDERSTANDING AMONG IUOE,
IBEW, IAM, DELPHI, AND GENERAL MOTORS CORPORATION INCLUDING MODIFICATION OF IUOE, IBEW, AND IAM
COLLECTIVE BARGAINING AGREEMENTS AND RETIREE WELFARE BENEFITS FOR CERTAIN IUOE, IBEW, AND IAM-
REPRESENTED RETIREES AND (II) MODIFICATION OF, AND TERM SHEET REGARDING, RETIREE WELFARE BENEFITS
FOR CERTAIN NON-REPRESENTED HOURLY ACTIVE EMPLOYEES AND RETIREES

PLEASE TAKE NOTICE that on August 6, 2007, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), filed an Expedited Motion For Order Under 11 U.S.C. §§

363, 1113 And 1114 And Fed. R. Bankr. P. 6004 And 9019 Approving (I) Memoranda Of

Understanding Among IUOE, IBEW, IAM, Delphi, And General Motors Corporation Including

Modification Of IUOE, IBEW, And IAM Collective Bargaining Agreements And Retiree Welfare

Benefits For Certain IUOE, IBEW, And IAM-Represented Retirees And (II) Modification Of, And

Term Sheet Regarding, Retiree Welfare Benefits For Certain Non-Represented Hourly Active

Employees And Retirees (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion

will be held on August 16, 2007 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the

Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must

(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order

Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative

Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order")

and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr.

P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together

with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the

Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file

on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers

of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii) counsel to the

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago,

Illinois 60606 (Att'n:  John Wm. Butler, Jr.), O'Melveny & Myers LLP, 1625 Eye Street, NW,

Washington, DC 20006 (Att'n:  Tom A. Jerman), and Groom Law Group, Chartered, 1701

Pennsylvania Avenue NW Washington, DC 20006 (Att'n:  Lonie Hassel), (iii) counsel for the agent

under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New

York 10017 (Att'n:  Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of

unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security

holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n:  Bonnie Steingart), (vi) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M.

Leonhard), (vii) counsel to the IUOE, Gorlick, Kravitz & Listhaus, P.C., 17 State Street, 4th Floor,

New York, New York 10004 (Att'n: Barbara S. Mehlsack), and (viii) counsel to the IAM and IBEW,

Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C., 1555 N. RiverCenter Drive, Suite

202, Milwaukee, Wisconsin 53212 (Att'n: Marianne G. Robbins) in each case so as to be **received** no

later than **4:00 p.m. (prevailing Eastern time)** on **August 13, 2007** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Case Management Orders will be considered by the Bankruptcy

Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the

procedures set forth herein and the Case Management Orders, the Bankruptcy Court may enter a final

order granting the Motion without further notice.

Dated:    New York, New York
          August 6, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
       333 West Wacker Drive, Suite 2100
       Chicago, Illinois 60606
       (312) 407-0700

                - and -

By:    /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
       Four Times Square
       New York, New York 10036
       (212) 735-3000

                - and-

O'MELVENY & MYERS LLP

By:  /s/ Tom A. Jerman
       Tom A. Jerman (TJ 1129)
       Jessica Kastin (JK 2288)
       1625 Eye Street, NW
       Washington, DC 20006
       (202) 383-5300

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4