**Hearing Date: August 16, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                                :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                            :
                    Debtors.    :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) INSURANCE CLAIM NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS AND UNTIMELY TAX CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION WITH RESPECT TO CLAIMS LISTED ON EXHIBIT E-2

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF SEVENTEENTH
OMNIBUS CLAIMS OBJECTION – EXHIBIT E-2")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection") with respect to claims (as that term is defined below) listed on Exhibit E-2 thereto, and respectfully represent as follows:

        1.     The Debtors filed the Seventeenth Omnibus Claims Objection on June 15, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because they contain insufficient documentation in support of the Claims asserted, (b) disallowing and expunging certain Claims because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (c) disallowing and expunging one Claim, which was filed by an insurance company, because it asserts liabilities that are not reflected on the Debtors' books and records, (d) disallowing and expunging certain Claims because they were untimely pursuant to the Bar Date Order, (e) disallowing and expunging one Claim because it was filed by a taxing authority and was untimely pursuant to the Bar Date Order, (f) revising the asserted amount or classification, and/or changing the identity of

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Seventeenth Omnibus Claims Objection.

2

the alleged Debtor with respect to certain Claims, (g) revising the asserted amount or classification, and/or changing in the identity of the alleged Debtor, with respect to certain Claims filed by taxing authorities, or (h) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor, with respect to certain Claims, some of which are subject to an agreement between the claimant and the Debtors relating to the valid amount of each claimant's reclamation demand, subject to certain reserved defenses, and some of which are held by claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand.

        2.       The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Seventeenth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Seventeenth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on July 12, 2007.

        3.       Due to an error with the customized mail file that was provided to the Debtors' noticing agent to generate the personalized Notices Of Objection To Claim, the personalized Notices Of Objection To Claims that were sent to claimants whose Claims are listed on Exhibit E-2 to the Seventeenth Omnibus Claims Objection mislabeled the claims classification headings.  To correct this error, the Debtors sent a revised personalized Notice Of Objection To Claim to each claimant whose Claim is listed on Exhibit E-2 to the Seventeenth Omnibus Claims Objection, setting the hearing on the Debtors' objection to such Claim for the August 16, 2007 omnibus hearing and extending the deadline for such claimants to respond to the Seventeenth Omnibus Claims Objection to 4:00 p.m. (prevailing Eastern time) on August 9, 2007.  ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007

4. Pursuant to the Order Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation Identified In Seventeenth Omnibus Claims Objection (Docket No. 8737) entered July 26, 2007, this Court adjourned the hearing with respect to all Claims listed on Exhibit E-2 to the Seventeenth Omnibus Claims Objection to August 16, 2007.

5. As of August 14, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received four timely-filed formal docketed responses and one untimely-filed formal docketed response (collectively, the "Responses") to the Seventeenth Omnibus Claims Objection from Claimants whose Claims are listed on Exhibit E-2 thereto. In the aggregate, the five Responses cover 27 Claims. A chart summarizing each of the Responses is attached hereto as Exhibit A.

6. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

7. As set forth on Exhibit A hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the 27 Claims for which Responses were filed. The

4

revised proposed order, a copy of which is attached hereto as <u>Exhibit B</u> (the "Revised Order"),[2] reflects the adjournment of the hearings with respect to the Claims for which Responses were filed, <u>provided</u>, <u>however</u>, that such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

8. In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Seventeenth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

9. Except for those Claims that have been adjourned to future hearing dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2] Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Seventeenth Omnibus Claims Objection.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Seventeenth Omnibus Claims Objection with respect to the Claims listed on Exhibit E-2 thereto, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
August 15, 2007

                                          SKADDEN, ARPS, SLATE, MEAGHER
                                              & FLOM LLP

                                          By: /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr. (JB 4711)
                                              John K. Lyons (JL 4951)
                                              Ron E. Meisler (RM 3026)
                                          333 West Wacker Drive, Suite 2100
                                          Chicago, Illinois 60606
                                          (312) 407-0700

                                          - and -

                                          By: /s/ Kayalyn A. Marafioti
                                              Kayalyn A. Marafioti (KM 9632)
                                              Thomas J. Matz (TM 5986)
                                          Four Times Square
                                          New York, New York 10036
                                          (212) 735-3000

                                          Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession