**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To The Debtors' Seventeenth Omnibus Claims Objection - Exhibit E-2*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Miami-Dade County Tax Collector (Docket No. 8527) | 1108 | The Miami-Dade County Tax Collector (the "Miami Tax Collector") filed proof of claim no. 1108 for ad valorem taxes with respect to personal property. At the time the claim was filed, the amount owed, including statutory interest, totalled $17,534.38. The Miami Tax Collector asserts that its claim is secured pursuant to Section 197.122(1), Florida Statutes. Although the Miami Tax Collector acknowledges that a partial payment was made, it asserts that the amount to which the Debtors seek to modify the claim does not account for statutory interest or for amounts owed for certain 2003-2005 taxes. The Miami Tax Collector asserts that the amount owed through July 31, 2007 is $16,736.31. | Tax claim subject to modification | Adjourn |

---

[1] This chart reflects all Responses entered on the docket as of Tuesday, August 14, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, August 14, 2007 at 12:00 p.m. (prevailing Eastern time).

1

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 2. | Knox County (Docket No. 8528) | 197 | Knox County ("Knox") filed proof of claim no. 197 for 2005 taxes in the amount of $23,130.99. Knox acknowledges that this amount was paid in full on February 27, 2007, but asserts that the payments were late and that the Debtors paid more than what was owed for 2005 taxes. Knox asserts that, after applying this excess payment to the 2006 taxes, $22,366.74 remains due for 2006 taxes. Such amount, asserts Knox, should be an administrative claim. (See Knox's supplemental response at Docket No. 8896, summarized below). | Tax claim subject to modification | Adjourn |
| 3. | Tuscaloosa County (Docket No. 8535) | 2661 | Tuscaloosa County ("Tuscaloosa") filed proof of claim no. 2661 for 2005 ad valorem taxes in the amount of $22,464.47. Tuscaloosa asserts that its claim is secured pursuant to Alabama Code Section 40-1-3, and that interest accrues at a rate of 12% pursuant to Alabama Code Section 40-5-9. Tuscaloosa's claim included $21,600.45 as the base amount of the taxes and $864.02 in accrued interest. | Tax claim subject to modification | Adjourn |
| 4. | Knox County (Docket No. 8896) | 197 | Knox asserts that 2005 taxes in the amount of $23,130.99 remain due. Knox asserts that it received payment from the Debtors and initially applied that payment to the 2005 taxes, leaving 2006 taxes unpaid. Knox subsequently adjusted the application of that payment to cover 2006 taxes, leaving the 2005 taxes unpaid. Knox asserts that its claim should be paid in full as a priority claim. | Tax claim subject to modification | Adjourn |
| 5. | Montgomery County Treasurer (Docket No. 9010) (untimely) | 8535, 8540, 8541, 8542, 8543, 8545, 8546, 8547, 8548, 8549, 8550, 8551, 8552, 8553, 8554, 8555, 8557, 8558, 8559, 8560, 8561, 8562, 8563 | Montgomery County Treasurer ("Montgomery County") asserts that it filed proofs of claim nos. 8535, 8540, 8541, 8542, 8543, 8545, 8546, 8547, 8548, 8549, 8550, 8551, 8552, 8553, 8554, 8555, 8557, 8558, 8559, 8560, 8561, 8562, and 8563 for real | Tax claims subject to modification | Adjourn |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | estate tax liabilities.  Montgomery Court does not oppose changing the Debtor entity that its claim is asserted against.  However, Montgomery County disputes the Debtors' proposed reduction of the claim amounts.  Montgomery County contends that some of the proofs of claim may be for postpetition liabilities and therefore requests the opportunity to file amended claims if necessary. | | |