**Hearing Date: August 16, 2007**
                         **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
    In re                                           :        Chapter 11
                                                        :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                                       :
                            Debtors.      :        (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' EIGHTEENTH OMNIBUS
OBJECTION (PROCEDURAL) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
<u>3007 TO CERTAIN DUPLICATE OR AMENDED CLAIMS</u>**

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF
EIGHTEENTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Eighteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate Or Amended Claims (Docket No. 8616) (the "Eighteenth Omnibus Claims Objection"), and respectfully represent as follows:

1.  The Debtors filed the Eighteenth Omnibus Claims Objection on July 13, 2007, seeking to disallow and expunge certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because such Claims are duplicative of other Claims or have been amended or superseded by later-filed Claims. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Eighteenth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Eighteenth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on August 9, 2007.

2.  As of August 15, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received two timely-filed formal responses and one undocketed response to the Eighteenth Omnibus Claims Objection (collectively, the "Responses"). In the aggregate, the three Responses cover three claims. A chart summarizing each of the Responses by respondent is attached hereto as <u>Exhibit A</u>.

3.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Eighteenth Omnibus Claims Objection.

2

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim; provided, however, that such adjournment will be without prejudice to the Debtors' right to assert that any such Responses were untimely-filed or otherwise deficient under the Claims Objection Procedures Order.

4.  As set forth on Exhibit A hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the three Claims for which Responses were filed or served. The revised proposed order, a copy of which is attached hereto as Exhibit B (the "Revised Order"),[2] reflects the adjournment of the hearings with respect to the Claims for which Responses were filed.

5.  Except for those Claims with respect to which a hearing has been adjourned to a future hearing date, the Debtors believe that the Revised Order adequately addresses the concerns of the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2] Attached hereto as Exhibit C is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Eighteenth Omnibus Claims Objection.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Eighteenth Omnibus Claims Objection, subject to the modifications reflected in the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       August 15, 2007

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP


                By: /s/ John Wm. Butler, Jr.
                   John Wm. Butler, Jr. (JB 4711)
                   John K. Lyons (JL 4951)
                   Ron E. Meisler (RM 3026)
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois  60606
                (312) 407-0700


                        -and-


                By: /s/ Kayalyn A. Marafioti
                   Kayalyn A. Marafioti (KM 9632)
                   Thomas J. Matz (TM 5986)
                Four Times Square
                New York, New York  10036
                (212) 735-3000

                Attorneys for Delphi Corporation, et al.,
                   Debtors and Debtors-in-Possession