**Hearing Date: August 16, 2007**
          **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, <u>et</u> <u>al.</u>,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
   In re                           :         Chapter 11
                                          :
DELPHI CORPORATION, <u>et</u> <u>al.</u>,     :         Case No. 05-44481 (RDD)
                                          :
                   Debtors.    :         (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' NINETEENTH OMNIBUS
 OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
  TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED
ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIM, AND (D) CLAIMS SUBJECT TO
    MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS
<u>ASSERTING RECLAMATION, AND CONSENSUALLY MODIFIED AND REDUCED CLAIMS</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF
NINETEENTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection"), and respectfully represent as follows:

1. The Debtors filed the Nineteenth Omnibus Claims Objection on July 13, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because they contain insufficient documentation in support of the Claims asserted, (b) disallowing and expunging certain Claims because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (c) disallowing and expunging certain Claims, which were filed by taxing authorities, because they assert liabilities that are not reflected on the Debtors' books and records (d) disallowing and expunging certain Claims, which were filed by taxing authorities, because they assert liabilities that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (e) disallowing and expunging a Claim because it was untimely pursuant to the Bar Date Order, (f) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to certain Claims, (g) revising the asserted amount or classification,

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Seventeenth Omnibus Claims Objection.

2

and/or changing in the identity of the alleged Debtor with respect to certain Claims filed by taxing authorities, (h) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to certain Claims, some of which are subject to an agreement between the claimant and the Debtors relating to the valid amount of each claimant's reclamation demand, subject to certain reserved defenses, and some of which are held by claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, or (i) revising the asserted amount, and/or changing the identity of the alleged Debtor, with respect to certain Claims, which assert certain tort liabilities.

2.  The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Nineteenth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Nineteenth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on August 9, 2007.

3.  As of August 14, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 50 timely-filed formal docketed responses and one undocketed response (collectively, the "Responses") to the Nineteenth Omnibus Claims Objection. In the aggregate, the Responses cover 103 Claims. A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>.

4.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be

3

adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

5. As set forth on <u>Exhibit A</u> hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the 103 Claims for which Responses were filed. The revised proposed order, a copy of which is attached hereto as <u>Exhibit B</u> (the "Revised Order"),[2] reflects the adjournment of the hearings with respect to the Claims for which Responses were filed.

6. The Revised Order reflects the adjournment of the hearing with respect to each of the Claims for which a Response was filed to a future hearing date pursuant to the Claims Objection Procedures Order, <u>provided</u>, <u>however</u>, that such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

7. In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Nineteenth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

8. Except for those Claims that have been adjourned to future hearing dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the

---

[2] Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Nineteenth Omnibus Claims Objection.

4

respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Nineteenth Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      August 15, 2007

    SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP


By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -


By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession