**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

***Responses To The Debtors' Nineteenth Omnibus Claims Objection
Organized By Respondent[1]***

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT[2]** |
|---|---|---|---|---|---|
| 1. | GE Fanuc Automation North America, Inc. (Docket No. 8723) | 500 | GE Fanuc Automation North America, Inc. ("GE Fanuc") asserts that it timely filed proof of claim no. 500 in the amount of $6,837.48 for services performed for Delphi Corporation prior to October 8, 2005 (the "Petition Date"). GE Fanuc disagrees with the Debtors' objection and states that the amount asserted in its proof of claim remains outstanding, undisputed, and due. GE Fanuc requests that this Court allow its claim unless that Debtors provide evidence contradicting the prima facie validity of its claim. | Books and records | Adjourn |
| 2. | Angelina County, Bexar County, Cameron County, City of El Paso, City of Harlingen, City of San Marcos, Cypress-Fairbanks ISD, Dallas County, Harlingen CISD, Harris County/City of Houston, Hidalgo County, Montague | 1330, 1267, 1288, 5520, 14187, 1289, 5300, 853, 1283, 5301, 7914, 6470, 1266, 1284, 5521, 854 | Angelina County, Bexar County, Cameron County, City of El Paso, City of Harlingen, City of San Marcos, Cypress-Fairbanks ISD, Dallas County, Harlingen CISD, Harris County/City of Houston, Hidalgo County, Montague County, Montgomery County, Nueces County, San Marcos CISD, and Tarrant County (collectively, the "Texas Taxing Authorities") assert that it is not necessary to file a response to the Debtors' objection because their proofs of claim constitute prima facie evidence and they | Tax claims subject to modification | Adjourn |

---

[1] This chart reflects all Responses entered on the docket as of Tuesday, August 14, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, August 14, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | County, Montgomery County, Nueces County, San Marcos CISD, and Tarrant County (Docket No. 8857) | | further argue that the burden is on the Debtors to rebut their proofs of claim. The Texas Taxing Authorities contend that they are filing their response to reassert their claims out of an abundance of caution. The Texas Taxing Authorities request that this Court deny the Debtors' objection to their claims. | | |
| 3. | Akzo Nobel Coatings Inc. (Docket No. 8902) | 15234 | Akzo Nobel Coatings Inc. ("Akzo") asserts that it filed proof of claim no. 15234 in the amount of $425,367.33 for amounts owed on goods and services it provided to Delphi Automotive Systems LLC ("DAS LLC"). Akzo asserts that its proofs of claim establishes prima facie evidence of the validity of its claim. Akzo argues that the Debtors have failed to provide evidence to rebut its claim. Azko contends that the amounts asserted in its claim remain unpaid. | Claim subject to modification | Adjourn |
| 4. | Quality Synthetic Rubber, Inc. (Docket No. 8917) | 15230, 15231 | Quality Synthetic Rubber, Inc. ("QSR") asserts that it filed proof of claim no. 15230 in the amount of $826,312.04 and proof of claim no. 15231 in the amount of $614,058.16. According to QSR, it negotiated an agreement with the Debtors that its reclamation claim has priority status in the amount of $187,197.76. QSR attaches its proofs of claim to its response and asserts that each of its claims should be reclassified to show which amount is subject to priority and which amount is a general unsecured claim. QSR disagrees, however, with the reduction of the total amount of the claims. | Claims subject to modification and reclamation agreement | Adjourn |
| 5. | United States Steel Corporation (Docket No. 8921) | 8657 | United States Steel Corporation ("US Steel") asserts that it timely filed proof of claim no. 8657 in the amount of $399,548 for goods sold and delivered to Delphi Corporation. US Steel agrees that the Debtor entity against | Claim subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | which the claim is asserted should be changed to DAS LLC.  US Steel disputes the Debtors' objection that the amount asserted in its proof of claim is overstated and should be reduced.  US Steel argues that the invoices attached to its proof of claim have not been paid, and that its proof of claim constitutes prima facie evidence of the validity of its claim.  US Steel argues that the Debtors bear the burden to produce sufficient evidence to rebut the presumption of such validity. | | |
| 6. | Ametek, Inc. (Docket No. 8923) | 11900 | Amtek, Inc. ("Amtek") asserts that it timely filed proof of claim no. 11900 in the amount of $32,498.64 for goods sold and delivered to Delphi Corporation.  Amtek further asserts that the unpaid invoices, shipping documentation, bills of lading, and other documentation attached to its proof of claim establish the prima facie evidence of the validity of the amount asserted.  Amtek argues that the Debtors have not provided any evidence to support the objection to its claim and therefore requests that this Court overrule the objection to its claim. | Claim subject to modification | Adjourn |
| 7. | Sierra International, Inc. (Docket No. 8924) | 1726 | Sierra International, Inc. ("Sierra International") asserts that it timely filed proof of claim no. 1726 in the amount of $5,849.70 for goods sold and delivered to Delphi Corporation.  Sierra International further explains that it also timely served notice of its reclamation demand in the amount of $629.00, which amount is included in the proof of claim.  Sierra International asserts that the invoices attached to its proof of claim support the prima facie validity of its claim.  Sierra International argues that the Debtors have not provided any evidence to support the | Claim subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | objection to its claim and therefore requests that this Court overrule the objection to its claim. | | |
| 8. | Siemens Energy & Automation, Inc. (Docket Nos. 8925, 8978) | a. 8674<br>b. 8675 | Siemens Energy & Automation, Inc. ("Siemens") asserts that it timely filed proof of claim no. 8674 in the amount of $416,511.60 and proof of claim no. 8675 in the amount of $12,639.39. Siemens asserts that its proofs of claim and the supporting documentation attached to the claims constitute prima facie validity of the claims. Siemens argues that the Debtors' objection does not provide affirmative evidence to rebut the prima facie validity of its claims. | a. Claim subject to modification<br>b. Insufficiently documented claim | Adjourn |
| 9. | Solectron Corporation (Docket No. 8927) | 10914 | Solectron Corporation, on behalf of itself and its various subsidiaries and affiliates, including Solectron Manufactura de Mexico SA (collectively, "Solectron") asserts that it timely filed proof of claim no. 10914 in the amount of $10,382,335.46 for goods sold to Delphi Corporation pursuant to a long-term supply and manufacturing contract. Solectron asserts that $2,133.185.60 of the total amount asserted in the proof of claim is subject to priority treatment because of reclamation demands made prior to the commencement of the Debtors' Chapter 11 cases. Solectron explains that it transferred $7,850,161.53 of its claim to TPG Credit Opportunities Funds, L.P. and TPG Credit Opportunities Investors L.P. (collectively, "TPG") on November 20, 2006. Solectron disagrees with the Debtors' proposed aggregate reduction in the amount of $2,659,655.36. Solectron argues that Debtors provide no explanation for such reduction to overcome the prima facie validity of its claim. Solectron also requests that the undisputed | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | portions of its claim should first be allocated to the amount transferred to TPG up to $7,850,161.53. | | |
| 10. | Liquidity Solutions, Inc. d/b/a/ Revenue Management (Docket No. 8928) | a. 432<br>b. 2710<br>c. 1748 | Liquidity Solutions, Inc. d/b/a Revenue Management ("Liquidity Solutions") asserts that it was assigned proof of claim no. 432 in the amount of $155,995.20 from Elkhart Products Corporation, proof of claim no. 2710 in the amount of $149,746.96 from Metal Powder Products Company, and proof of claim no. 1748 in the amount of $72,097.93 from Michigan Rubber Products ("Michigan Rubber"). Liquidity Solutions disagrees with the Debtors' objection to modify its claims and attaches documentation to its response. Furthermore, Liquidity Solutions attaches invoices from Michigan Rubber in the amount of $59,715.02, which is $12,382.91 less than the asserted claim amount. Liquidity Solutions states that it will consent to the reduction and allowance of Michigan Rubber's claim to $59,715.02, because Michigan Rubber recognized the difference of $12, 382.91 as being paid. Liquidity Solutions asserts that the Debtors provide no evidence to support their objection and to overcome the validity of Liquidity Solutions' claims. Liquidity Solutions also argues that the Debtor's objection provides no claim-specific rationale for objecting to the claims. | a. Claim subject to modification<br>b. Claim subject to modification and reclamation agreement<br>c. Claim subject to modification | Adjourn |
| 11. | Bellsouth Telecommunications, Inc. (Docket No. 8929) | 1570 | Bellsouth Telecommunications, Inc. ("Bellsouth") asserts that it filed proof of claim no. 1570 in the amount of $1,621.57 for telecommunications services and related services provided to Delphi Corporation prior to the Petition Date. Bellsouth disagrees with the Debtors' objection to reduce its claim | Claim subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | amount to $1,429.20.  Bellsouth asserts that it provided invoices to the Debtors in the ordinary course of business that support its claim.  Bellsouth states that it is reviewing its records and gathering support for its claim. Furthermore, Bellsouth states that it is reviewing its records to determine whether it objects to the change of the Debtor entity against which its claim is asserted. | | |
| 12. | Demag Plastics Group, Corporation dba Van Dorn Demag Corporation (Docket No. 8931) | 10284 | Demag Plastics Group, Corporation d/b/a Van Dorn Demag Corporation ("Demag") asserts that it timely filed identical proofs of claim in the amount of $22,268.60 each, including proof of claim no. 10284, against DAS LLC, Delphi Corporation, and Packard Hughes Interconnect Co. for goods shipped and services provided.  Demag states that it attached invoices to the proofs of claim to support the amount asserted.  Demag disputes the Debtors' objection to reduce its claim to $9,596.80.  Demag contends that it should not be paid more than once for goods and services, provided only that it should be paid the valid amount of its claim.  Demag argues that the Debtors do not provide evidence to rebut the prima facie validity of its claim. | Claim subject to modification | Adjourn |
| 13. | Computer Patent Annuities Limited (Docket No. 8932) | 15379 | Computer Patent Annuities Limited ("CPA") asserts that it timely filed proof of claim no. 15379 in the amount of $617,204.24 for services provided to Delphi Corporation pursuant to a quarterly patent and design patent renewal services contract (the "Contract").  CPA disputes the Debtors' proposed modification of its claim to $602,481.60.  CPA explains that the discrepancy between the amount asserted and the Debtors' proposed modification may be | Claim subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | due to late fees that were not cured by the Debtor.  CPA contends that its proof of claim, which includes a copy of the Contract and a spreadsheet listing outstanding invoices, constitutes prima facie evidence of the validity of the amount asserted in its proof of claim. | | |
| 14. | Cingular Wireless, n/k/a AT&T Mobility LLC (Docket No. 8933) | a. 5084, 5085 b. 5086 | Cingular Wireless, n/k/a AT&T Mobility LLC ("Cingular"), asserts that it filed proof of claim no. 5084 in the amount of $1,370.20, proof of claim no. 5085 in the amount of $1,011.99, and proof of claim no. 5086 in the amount of $7,831.58 against Delphi Corporation.  Cingular asserts that it has provided the Debtors with invoices in support of proofs of claim nos. 5084 and 5085 and disagrees with the Debtors' objection to disallow and expunge these claims.  Cingular does not, however, object to the modification of proof of claim no. 5086. | a.  Insufficiently documented claims b.  Claim subject to modification | 5084 and 5085 adjourned only |
| 15. | DC Coaters, Inc. (Docket No. 8938) | 5723 | DC Coaters, Inc. ("DC Coaters") asserts that it timely filed proof of claim no. 5723 in the amount of $11,422.93 as a general unsecured and liquidated claim.  DC Coaters disagrees with the Debtors' proposed reduction of its claim to $4,254.37 and argues that the invoices attached to its proof of claim support the amount asserted.  DC Coaters states that it will not object to a reduction of its claim to $7,048.29 against DAS LLC.  DC Coaters attaches creditor data regarding proof of claim no. 5723 listed at www.delphidocket.com, indicating that the amount owed is $7,168.56. DC Coaters argues that the Debtors have failed to provide evidence to support their objection. | Claim subject to modification | Adjourn |
| 16. | PBR Australia Party | 2548 | PBR Australia Party Ltd. ("PBR") asserts that | Claim subject to | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | Ltd. (Docket No. 8939) | | it filed proof of claim no. 2548 in the amount of $562,192.18 against DAS LLC. PBR asserts that it filed a similar claim against Delphi Corporation out of an abundance of caution. PBR asserts that the Debtors have provided no evidence or specific bases to support the reduction of PBR's claim to $39,766.37 and overcome the prima facie evidence of the validity of PBR's claim. PBR attaches documentation to the responses and contends that the amount asserted remains due and owing. | modification | |
| 17. | Arnold Center, Inc. (Docket No. 8940) | 12197 | Arnold Center, Inc. ("Arnold Center") asserts that it filed proof of claim no. 12197 in the amount of $135,298.72. Arnold Center disagrees with the Debtors' objection to disallow the invoice in the amount of $59,905.57. Arnold argues that the full amount asserted in its proof of claim remains due and owing and that the invoices attached to its proof of claim support the amount asserted. | Claim subject to modification | Adjourn |
| 18. | NXP Semiconductors USA Inc. (Docket No. 8941) | 14347 | NXP Semiconductors USA Inc. ("NXP") asserts that it filed proof of claim no. 14347 in the amount of $5,486,881.18 for goods sold to Delphi Corporation. According to NXP, the Debtors and NXP entered into an Amended Statement of Reclamation on July 27, 2006, which reconciled NXP's reclamation claim to the amount of $194,274.52. NXP disagrees with the Debtors' proposed reduction of the unsecured portion of its claim by $315,155.26 to $4,977,451.40. NXP contends that its claim is currently undergoing a reconciliation process with a claim analyst. Therefore, NXP argues that the Debtors' objection should be overruled because the reconciliation of its | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim is incomplete and the reconciliation will account for the $315,155.26 difference. | | |
| 19. | Microsys Technologies, Inc. (Docket No. 8949) | 2053, 2054 | Microsys Technologies, Inc. ("Microsys") asserts that it timely filed proof of claim no. 2053 in the amount of $5,836.37 CAD ($4,860.00 USD) and proof of claim no. 2054 in the amount of $1,755.00 USD for goods and services provided to Delphi Corporation. Microsys states that proof of claim no. 2053 was modified to a sum of $9,044.19 USD pursuant to the Third Omnibus Claims Objection Order. Microsys states that its claims should not be disallowed or expunged because the invoices attached to the proofs of claim constitute evidence of the asserted amounts. Also, Microsys argues that the Debtors have failed to present evidence to overcome the presumptive validity of the claims. | Books and records claims | Adjourn |
| 20. | Parkview Metal Products, Inc. (Docket No. 8950) | 13929 | Parkview Metal Products, Inc. ("Parkview") asserts that it filed proof of claim no. 13929 in the amount of $187,374.96 for goods sold to Delphi Corporation. According to Parkview, the Debtors and Parkview agreed that Parkview's reclamation claim is entitled to priority status in the amount of $17,050.64, subject to certain reserved defenses. Parkview does not disagree with the Debtors' proposed modification to the extent that it identifies the reclamation claim as an administrative priority claim. Parkview objects to the Debtors' proposed modification, however, to the extent that it seeks to reduce the claim amount. Parkview attaches invoices for goods that were delivered and remain unpaid and invoices that were incorrectly or improperly underpaid by Delphi Corporation | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | and their corresponding proofs of delivery. Parkview asserts that the claim amounts remain unpaid and should be allowed in full. | | |
| 21. | Contrarian Funds, LLC (Docket No. 8953) | a) 6147, 12693 b) 8718, 9109, 10184 c) 12667 | Contrarian Funds, LLC ("Contrarian") asserts that the Debtors do not provide legal or factual basis to overcome the presumption of validity of their claims. Contrarian also argues that there is no authority justifying the Debtors' request to reduce the claims and not allow the claims in the modified amounts. <br><br> a) and b)  Contrarian states that it consents to the modification of proofs of claim no. 6147, 12693, 8718, 9109, and 10184, if this Court enters an order allowing the Debtors' proposed modified amount in full.  If this Court does not allow these claims, Contrarian opposes any modification to these claims. <br><br> c) Contrarian disagrees with the Debtors' modification to the claim amount, classification, and asserted Debtor entity for proof of claim no. 12667.  Contrarian requests that this Court enter an order allowing the claim for the amount asserted in the proof of claim. | a)  Claims subject to modification and reclamation agreement b)  Claims subject to modification c)  Claim subject to modification | Adjourn |
| 22. | State of New Jersey, Division of Taxation (Docket No. 8956) | a) 1515 b) 16476 c) 16610 d) 16611 | State of New Jersey, Division of Taxation ("N.J. Division") asserts that the Debtors do not provide information or evidence to overcome the prima facie validity of its claims. <br><br> a) and b)  N.J. Division consents to the expungement of proof of claim no. 1515 in the amount of $944,045.04 because it was later amended and superseded by proofs of claim nos. 16476 and 16611.  N.J. Division | a) Books and records tax claim b) Untimely books and records tax claim c) Untimely books and records tax claims d) Untimely books and records tax claims | 16610, 16611 adjourned only |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | also consents to the expungement of proof of claim no. 16476 in the amount of $949,212.04 because it was later amended and superseded by proof of claim no. 16611.<br><br>c) N.J. Division asserts that proof of claim no. 16610 was filed in the amount of $171,000.00 as a third amended administrative claim for Gross Income Tax-Employer Withholding ("GIT-ER") and Sale and Use Tax ("S&U") liabilities for quarters in 2005 and 2006.  N.J. Division contends that this claim is an administrative claim and therefore not subject to the July 31, 2006 bar date.<br><br>d) N.J. asserts that proof of claim no. 16611 was filed in the amount of $448,527.31 as a second amended priority claim for GIT-ER, S&U, Spill Tax, and Petroleum Fuel Tax liabilities for periods from 1997 through 2005. N.J. Division asserts that proof of claim no. 16611 is not untimely because it amends and supersedes proof of claim no. 16476, which amended and superseded the original claim, proof of claim no. 1515, which was timely filed on January 11, 2006.  N.J. Division asserts that the amended claim(s) reflect payments made or the filing of returns. | | |
| 23. | Benecke-Kaliko AG (Docket No. 8959) | 9081 | Benecke-Kaliko AG ("Benecke") asserts that it filed proof of claim no. 9081 in the amount of $72,359.49 against DAS LLC.  Benecke attaches invoices in the amount of $10,179.26 and $62,180.23 to its proof of claim to support the amount asserted.  Benecke asserts that the Debtors fail to offer any evidence to modify its claim.  Therefore, Benecke requests that this Court enter an order allowing its claim in | Claim subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | the amount of $72,359.49. | | |
| 24. | Sherwin Williams Automotive Finishes Corp. (Docket No. 8961) | 2274 | Sherwin Williams Automotive Finishes Corp. ("Sherwin Williams Automotive") asserts that it filed proof of claim no. 2274 in the amount of $222,238.45 for goods sold and shipped to Delphi Corporation from June 2005 through October 2005. Sherwin Williams Automotive argues that the Debtors have provided no proof of payment and argues that the Debtors have failed to pay the amount asserted. | Claim subject to modification | Adjourn |
| 25. | Marquardt Switches Inc. (Docket No. 8965) | 12162 | Marquardt Switches Inc. ("Marquardt") asserts that it filed proof of claim no. 12162 against DAS LLC for goods sold in the amount of $89,372.32. Marquardt disagrees with the Debtors' proposed modification of its claim to $78,154.17. Marquardt asserts that it has not received payment for the invoices that support its claim. Furthermore, Marquardt clarifies that its claim does not include postpetition liabilities. Marquardt argues that the Debtors have not provided a basis nor does a basis exist to modify its claim. | Claim subject to modification | Adjourn |
| 26. | SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., as assignee of Key Plastics LLC (Docket No. 8967) | 14134 | SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., as assignee of Key Plastics LLC (collectively, "SPCP Group") asserts that Key Plastics LLC ("Key Plastics") filed proof of claim no. 14134 in the amount of $511,656.31. Key Plastics transferred its claim to SPCP Group and such notice of transfer is attached to SPCP Group's response. SPCP Group asserts that the Debtors' objection to reduce and/or reclassify the claim must be denied because the Debtors fail to provide a factual or legal justification supporting the modification. | Claim subject to modification and reclamation agreement | Adjourn |
| 27. | PIC Productivity | 2173 | PIC Productivity Improvement Center ("PIC") | Claim subject to | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | Improvement Center (Docket No. 8969) | | asserts that it filed proof of claim no. 2173 in the amount of $550,320.80 for services provided from October 2003 through October 7, 2005.  PIC asserts that the Debtors have failed to pay the amount owed and that Debtors have failed to provide any proof of payment.  PIC requests that this Court deny the Debtors' objection and allow its claim in the full asserted amount. | modification | |
| 28. | TPG Credit Opportunities Fund, L.P. and TPG Credit Opportunities Investors, L.P. (Docket No. 8973) | 10914 | TPG joins in the response of Solectron to the Nineteenth Omnibus Claims Objection (see summary of Solectron's response (Docket No. 8927) above).  On November 20, 2006, Solectron transferred a totoal of $7,850,161.53 of proof of claim no. 10914 to TPG, with Solectron retaining the remaining balance.  Solectron and TPG have agreed that the undisputed portions of proof of claim no. 10914 shall be allocated first to that portion of the claim transferred to TPG.  Thus, the Debtors' records should reflect that the undisputed portion of proof of claim no. 10914, up to the aggregate amount of $7,850,161.53, belongs to TPG in the following allocations:  $5,652,116.30 to TPG Credit Opportunities Fund, L.P. and $2,198,045.23 to TPG Credit Opportunities Investors, L.P.  TPG defers to Solectron with respect to the legal and factual basis for disputing the relief sought in the Nineteenth Omnibus Claims Objection, but reserves all rights to assert further responses to the Nineteenth Omnibus Claims Objection or any other objections asserted against proof of claim no. 10914. | Claim subject to modification and reclamation agreement | Adjourn |
| 29. | Secretary of the | 15135 | The Secretary of the United States | Books and records | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | United States Department of Labor on behalf of the Delphi Personal Savings Plan for Hourly Employees in the United States (Docket No. 8975) | | Department of Labor on behalf of the Delphi Personal Savings Plan for Hourly Employees in the United States ("Delphi Plan") (collectively, the "Secretary") asserts that it filed proof of claim no. 15135 because of Delphi Corporation's failure to comply with the fiduciary provisions of Title I of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), which resulted in Delphi Plan's participants incurring $3,233,417.50 in losses.  The Secretary contends that such liability would not be apparent on the Debtors' books and records, and therefore the Debtors' objection should be denied. | claim | |
| 30. | Freudenberg Nonwovens LP (Docket No. 8976) | 5463 | Freudenberg Nonwovens LP ("Freudenberg") asserts that it filed proof of claim no. 5463 in the amount of $17,971.26.  Freudenberg asserts that the Debtors fail to provide evidence to support the disallowance of its claim or to rebut the prima facie validity of its claim. | Books and records claim | Adjourn |
| 31. | Kiefel Technologies, Inc. (Docket No. 8979) | 10593 | Kiefel Technologies, Inc. ("Kiefel") asserts that it filed proof of claim no. 10593 in the amount of $44,876.00 for goods and services it provided to DAS LLC from August 2004 to June 2005.  Kiefel disputes the Debtors' proposed reduction of its claim to $22,368.04. Kiefel contends that the Debtors fail to identify the specific basis for its objection and asserts that the documentation attached to its response reaffirms and supports the status of the claim as liquidated, non-contingent, accurate, and valid. | Claim subject to modification | Adjourn |
| 32. | CTP Carrera, Inc. d/b/a Carclo Technical Plastics | 7310 | CTP Carrera, Inc. d/b/a Carclo Technical Plastics ("Carclo") asserts that it filed proof of claim no. 7310 in the amount of $789,854.35 | Claim subjection to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | (Docket No. 8980) | | for goods sold and delivered to Delphi Corporation prepetition.  Carclo contends that the Debtors' objection is a general assertion and that it fails to provide any specific evidence or documentation to support the objection.  Carclo further asserts that its claim is based on prices that the Debtors agreed to pay. | | |
| 33. | Empresas Ca Le Tlaxcala SA de CV (Docket No. 8981) | 15511 | Empresas Ca Le Tlaxcala SA de CV ("Empresas") asserts that if filed proof of claim no. 15511 as a general unsecured claim in the amount of $184,306.40 for goods provided to Delphi Corporation during 2005.  Empresas asserts that it has reviewed its invoices and has determined that the outstanding amount owed is $180,169.92, which is comprised of new invoices in the amount of $115,823.52 and the scheduled amount of $64,346.40.  Therefore, Empresas does not object to the reduction of its claim to $180,169.92, but does oppose the Debtors' proposed reduction of its claim to $64,346.40. | Claim subject to modification | Adjourn |
| 34. | Sierra Liquidity Fund, LLC (Docket No. 8982) | 4211 | Sierra Liquidity Fund, LLC as assignee of Showers Group Inc. – Shepard Mfg Co., Inc. ("Sierra/Showers Group") requests that this Court allow its claim in the amount of $7,528.00, which is the full amount asserted in proof of claim no. 4211.  Sierra/Showers Group asserts that at a minimum its claim should be allowed for the scheduled amount of $2,137.38.  Sierra/Showers Group attaches documentation in support of the claim, including invoices, purchase orders, and proof of delivery.  Sierra/Showers Group asserts that it sees no basis for disallowing or expunging its claim. | Books and records | Adjourn |
| 35. | Sierra Liquidity Fund, | 14669 | Sierra Liquidity Fund, LLC as assignee of | Claim subject to | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | LLC (Docket No. 8984) | | Dynamic Corporation ("Sierra/Dynamic") requests that this Court allow its claim in the amount of $216,301.71, which is the full amount asserted in proof of claim no. 14669. Sierra/Dynamic attaches documentation in support of the claim, including invoices, purchase orders, and proof of delivery. Sierra/Dynamic asserts that it sees no basis for the proposed reduction in the amount of the claim.  Sierra/Dynamic does not object to the proposed change in Debtor entity against which the claim is asserted. | modification | |
| 36. | Furukawa Electric North America ADP, Inc. and Furukawa Electric Co., Ltd. (Docket No. 8986) | 10574 | Furukawa Electric North America ADP, Inc. and Furukawa Electric Co., Ltd. (collectively "Furukawa") asserts that it filed proof of claim no. 10574 as an unsecured non-priority claim in the amount of $4,756,206.56 and a secured claim in the amount of $312,926.79, for a total amount of $5,069,133.35.  Furukawa states that the it has no ability to respond to the Debtors' proposed reduction of its unsecured claim to $4,063,031.97 and its secured claim to $266,332.33 because the Debtors fail to provide a basis for its objection.  Furukawa contends that the Debtors have failed to rebut the presumption that the claim is valid. | Claim subject to modification and reclamation agreement | Adjourn |
| 37. | City of Vandalia, Ohio (Docket No. 8987) | 7219 | City of Vandalia, Ohio ("Vandalia") asserts that it filed proof of claim no. 7219 in the amount of $46,961.95 for withheld taxes for the year 2004.  Vandalia requests that its claim be amended so that it is asserted against DAS LLC (case no. 05-44632) and not Delphi Corporation (case no. 05-44481).  Vandalia requests that this Court deny the Debtors' objection to its claim. | Books and records tax claim | Adjourn |
| 38. | Freudenberg-NOK, | 11602 | Freudenberg-NOK, Inc. ("Freudenberg- | Books and records | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | Inc. (Docket No. 8989) | | NOK") asserts that it filed proof of claim no. 11602 in the amount of $4,638.17. Freudenberg-NOK asserts that the Debtors fail to provide evidence to support the disallowance of its claim or to rebut the prima facie validity of its claim. | claim | |
| 39. | Claimants represented by George & Sipes, LLP (Docket No. 8990) | 12032, 12033, 15756, 12034, 12035, 12036, 12037, 12038, 12039, 12040, 12041, 12042, 12043, 12044, 12045, 12046, 12047, 12048, 12049, 12050, 12051, 12052, 12053 | Certain tort claimants represented by George & Sipes, LLP (the "George & Sipes Claimants") assert that they timely filed proofs of claim on or before July 28, 2006. The George & Sipes Claimants filed their claims to request the valuation of their tort action to be set at $30,000 each. The George & Sipes Claimants contend that they have negotiated with Debtors' counsel to consensually modify the claims at a reduced value. | Consensually modified and reduced claims | Adjourn |
| 40. | Vector CANtech, Inc. (Docket No. 8991) | 14065 | Vector CANtech, Inc. ("Vector") asserts that it filed proof of claim no. 14065 in the amount of $267,735.70, and attached unpaid invoices, purchase orders, and proofs of delivery to its proof of claim. Vector asserts that it also negotiated a reclamation claim in the amount of $28,846.40 and such amount is included in its proof of claim. Vector agrees that the claim should be reclassified to show the amount of the claim which is a reclamation claim entitled to priority and the amount which is a general unsecured claim. Vector disagrees, however, with the reduction of its total claim amount. Vector requests that this Court deny the Debtors' objection that pertains to the reduction of the total amount of its claim and the unsecured portion of its claim. | Claim subject to modification and reclamation agreement | Adjourn |
| 41. | Freudenberg-NOK General Partnership (Docket No. 8993) | 11603 | Freudenberg-NOK General Partnership ("FNGP") asserts that it filed proof of claim no. 11603 in the amount of $80,742.02. | Books and records claim | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | FNGP asserts that the Debtors fail to provide evidence to support the disallowance of its claim or to rebut the prima facie validity of its claim. | | |
| 42. | Select Industries Corporation f/k/a Select Tool & Die Corporation (Docket No. 8994) | 10014 | Select Industries Corporation f/k/a Select Tool & Die Corporation ("Select") asserts that it timely filed its proof of claim no. 10014 as a secured claim in the amount of $507,337.84 for goods sold to Delphi Corporation in the ordinary course of business.  Select asserts that the Debtors have not made a payment on the claim amount.  Select contends that the Debtors fail to establish the reason for the proposed reduction of its claim to a secured claim in the amount of $252,075.90 and a priority claim of $20,736.60.  Select asserts that its proof of claim and supporting documentation constitute prima facie validity of the amount of the claim. | Claim subject to modification and reclamation agreement | Adjourn |
| 43. | Schaeffler KG (Docket No. 8996) | 5907 | Schaeffler KG ("Schaeffler") asserts that it filed proof of claim no. 5907 in the amount of $64,430.50 for debts incurred between November 6, 2004 and September 14, 2005.  Schaeffler disagrees with the Debtors' proposed reduction of the claim amount of $9,452.04.  Schaeffler further asserts that the true and correct amount of its claim is 19,800 EUR or $23,987.70, based on the exchange rate between Euro and U.S. Dollar on October 7, 2005.  Schaeffler further requests that the Debtors provide evidence supporting their objection and that this Court approve its claim in the amount of $23,987.70. | Claim subject to modification | Adjourn |
| 44. | Milliken & Company (Docket No. 8997) | 11646 | Milliken & Company ("Milliken") asserts that it filed proof of claim no. 11646 in the amount of $1,190,981.30 against DAS LLC, including the reclamation claim amount of $202,412.10, | Claim subject to modification and reclamation agreement | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | which was finalized in an agreement dated June 28, 2006.  Milliken states that the Debtors, in their objection, incorrectly list Milliken's reclamation amount as an addition to the asserted claim amount, for a total amount of $1,393,393.41.  Milliken disagrees with the Debtors' proposed reduction of its unsecured claim amount from $988,569.19 to $692,195.36.  Milliken explains that it provided the Debtors with a spreadsheet listing 71 invoices.  According to Milliken, these 71 invoices consist of 50 invoices that the Debtors claimed to have been overstated in the amount of $24,525.15 and 21 invoices in the aggregate amount of $62,065.23 that the Debtors claimed are not on the Debtors' books and records.  Milliken states that the Debtors have asked Milliken to provide proofs of delivery for these 21 invoices.  Milliken claims that even if the Debtors' books and records are correct, the Debtors have not explained the full proposed reduction of $296,373.83.  Milliken attaches an affidavit asserting that the invoices overstated by $24,525.15 are for price reductions claimed by the Debtors and to which Milliken never agreed.  Milliken also attaches proofs of delivery for seven invoices, accounting for $32,757.32 of the $62,065.23.  Milliken states that it cannot locate the proofs of delivery for the remaining balance of $29,307.91, but that those goods were received by the Detbors.  Milliken further asserts that the prepetition wire transfer of $916,717.20 which was applied to prepetition receivables will now be re-applied as a credit against postpetition purchases.  Milliken requests that its claim be allowed in an increased amount of | | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $2,073,343.85, which includes the original claim amount of $1,190,981.30 minus a $34,354.65 arithmetic error plus a $916,717.20 re-application of a wire transfer. | | |
| 45. | Secretary of United States Department of Labor on behalf of the ASEC Manufacturing Sponsored Employee Benefit Plans (Docket No. 9000) | 9826 | The Secretary of United States Department of Labor on behalf of the ASEC Manufacturing Sponsored Employee Benefit Plans (the "ASEC Plans") (collectively, the "Secretary") asserts that it filed proof of claim no. 9826 as an unliquidated claim for liability of violations under the ERISA.  The Secretary states that she is investigating whether the Debtors imprudently continued to invest Plan assets or allowed others to invest Plan assets in Delphi Corporation common stock.  The Secretary contends that such potential liability is not apparent from the Debtors' books and records, but that the Debtors' objection to its claim should be denied. | Books and records claim | Adjourn |
| 46. | Sherwin Williams Company (Docket No. 9007) | 1472 | Sherwin Williams Company ("Sherwin Williams Co.") asserts that it filed proof of claim no. 1472 in the amount of $161,816.60 for goods sold and shipped to Delphi Corporation prepetition.  Sherwin Williams Co. argues that the Debtors have provided no proof of payment and argues that the Debtors have failed to pay the amount asserted. | Claim subject to modification and reclamation agreement | Adjourn |
| 47. | Circle Broach Company (Docket No. 9011) | 9541 | Circle Broach Company ("Circle Broach") asserts that it filed proof of claim no. 9541 in the amount of $30,818.00 for completed and accepted involute spline and round pull broach work.  Circle Broach states that, based on the assumption that the Debtors' objection to change the Debtor entity against which the claim is asserted to DAS LLC is correct, its claim should be allowed in the amount of $30,818.00. | Claim subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 48. | Receivable Management Services as agent for CDW Computer Centers, Inc. (Docket No. 9012) | 88, 420 | Receivable Management Services as agent for CDW Computer Centers, Inc. ("CDW") agrees that proof of claim no. 88 should be reduced to $3,335.24. However, CDW disagrees with the Debtors' proposed reduction of proof of claim no. 420 from $14,748.55 to $8,964.94. | Claims subject to modification | Adjourn |
| 49. | Sierra Liquidity Fund, LLC (Docket No. 9041) | 11615 | Sierra Liquidity Fund, LLC as assignee of SMK Electronics Corp USA ("Sierra/SMK") requests that this Court allow its claim in the amount of $12,665.01, which is the full amount asserted in proof of claim no. 11615. Sierra/Dynamic attaches documentation in support of the claim, including invoices, purchase orders, and proof of delivery. Sierra/Dynamic asserts that it sees no basis for the proposed reduction in the amount of the claim. Sierra/Dynamic does not object to the proposed change in Debtor entity against which the claim is asserted. | Claim subject to modification | Adjourn |
| 50. | ATS Ohio Inc. (Docket no. 9075) | 15671 | According to ATS Ohio Inc. ("ATS Ohio"), the Debtors seek to reduce the allowed amount of ATS Ohio's claim to $360,854.00. Apparently, states ATS Ohio, the Debtors' objection was based on the Debtors' belief that a prepetition payment in the amount of $1,260,205.00 was made by the Debtors with respect to invoices comprised by ATS Ohio's claim. In fact, however, the payment had been applied, pursuant to agreement of the parties, against other invoices. ATS apprised the Debtors of the foregoing, and the Debtors have indicated their agreement with ATS' position. ATS anticipates that the parties will shortly submit a stipulation for approval by the Court whereby ATS Ohio's claim will be allowed in full as a general unsecured claim, | Claim subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | as filed. | | |
| 51. | Crowley Tool Company (undocketed) | 16132 | Crowley Tool Company ("Crowley") asserts that it filed proof of claim no. 16132 in the amount of $13,590.50 for tools specifically made for Delphi.  Crowley argues that its claim should not be disallowed nor expunged, and that the invoices attached to its proof of claim are owed either by Delphi Corporation or its agents and subsidiaries. | Claim subject to modification | Adjourn |