UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                  :

        In re                       :     Chapter 11
                                  :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                  :

             Debtors.       :     (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. §§ 363, 1113,
AND 1114 AND FED. R. BANKR. P. 6004 AND 9019 APPROVING
(I) MEMORANDA OF UNDERSTANDING AMONG IUOE, IBEW, IAM,
DELPHI, AND GENERAL MOTORS CORPORATION INCLUDING MODIFICATION
OF IUOE, IBEW, AND IAM COLLECTIVE BARGAINING AGREEMENTS AND RETIREE
WELFARE BENEFITS FOR CERTAIN IUOE, IBEW, AND IAM-REPRESENTED
RETIREES AND (II) MODIFICATION OF, AND TERM SHEET REGARDING, RETIREE
WELFARE BENEFITS FOR CERTAIN NON-REPRESENTED HOURLY ACTIVE
<u>EMPLOYEES AND RETIREES</u>

("IUOE, IBEW, AND IAM 1113/1114 SETTLEMENT
AND RETIREE BENEFIT APPROVAL ORDER")

        Upon the expedited motion (the "Motion"), dated August 6, 2007, of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019

approving (i) a memorandum of understanding regarding Delphi's restructuring entered into

among Delphi, General Motors Corporation ("GM"), and the International Union of Operating

Engineers Local 832S dated August 1, 2007 (with the attachments thereto, the "IUOE Local

832S Settlement Agreement" or the "IUOE Local 832S Memorandum of Understanding"); a

memorandum of understanding regarding Delphi's restructuring, entered into among Delphi, GM,

and the International Union of Operating Engineers Local 18S, dated August 1, 2007 (with the

attachments thereto, the "IUOE Local 18S Settlement Agreement" or the "IUOE Local 18S

Memorandum of Understanding"); a memorandum of understanding regarding Delphi's

restructuring entered into among Delphi, GM, and the International Union of Operating

Engineers Local 101S (the International Union of Operating Engineers Locals 832S, 18S, and

101S, collectively the "IUOE"[1]) dated August 1, 2007 (with the attachments thereto, the "IUOE

Local 101S Settlement Agreement" or the "IUOE Local 101S Memorandum of Understanding");

a memorandum of understanding regarding Delphi's restructuring entered into among Delphi,

GM, and the International Brotherhood of Electrical Workers and its Local 663 ("IBEW")

relating to Delphi Electronics and Safety dated July 31, 2007 (with the attachments thereto, the

"IBEW E&S Settlement Agreement" or the "IBEW E&S Memorandum of Understanding"); a

memorandum of understanding regarding Delphi's restructuring entered into among Delphi, GM,

and the IBEW relating to Delphi Powertrain dated July 31, 2007 (with the attachments thereto,

the "IBEW Powertrain Settlement Agreement" or the "IBEW Powertrain Memorandum of

Understanding"); a memorandum of understanding regarding Delphi's restructuring entered into

among between Delphi, GM, and the International Association of Machinists and Aerospace

Workers and its District 10 and Tool and Die Makers Lodge 78 ("IAM"), dated July 31, 2007

(with the attachments thereto, the "IAM Settlement Agreement" or the "IAM Memorandum of

---

[1]     Notwithstanding anything to the contrary contained in the IUOE settlement agreements,
including Attachment B or C thereof, only the designated locals of the International
Union of Operating Engineers and not the international union are parties to the IUOE
collective bargaining agreements, the IUOE memoranda of understanding, and the
attachments thereto involved in this Motion and only the designated locals and not the
international union are parties to the 1113/1114 Motion herein.  Moreover, the
international union of the IUOE has represented that it is not, and never has been, a
representative under 11 U.S.C. §§ 1113 and 1114 of any IUOE bargaining-unit
employees and does not have any claims against the Debtors or GM in connection with
the IUOE bargaining units, their members, or retirees, including, without limitation,
under any of the collective bargaining agreements, IUOE memoranda of understanding or
attachments thereto.

Understanding" and, collectively with the IUOE Local 832S Settlement Agreement, the IUOE

Local 18S Settlement Agreement, the IBEW E&S Settlement Agreement, and the IBEW

Powertrain Settlement Agreement, the "IUOE, IBEW, and IAM Settlement Agreements" or the

"Memorandum of Understanding"), comprehensive agreements that (a) modify, extend, or

terminate provisions of the existing respective collective bargaining agreements among Delphi,

the IUOE, International Brotherhood of Electrical Workers, and International Association of

Machinists and Aerospace Workers, and their various locals and/or districts (the "IUOE, IBEW,

and IAM CBAs") and (b) provide that GM and Delphi will undertake certain financial

obligations to Delphi's IUOE, IBEW, and IAM-represented employees and retirees to facilitate

these modifications, (ii) withdrawal without prejudice of the Debtors' Motion For Order Under

11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11

U.S.C. § 1114(g) Authorizing  Modification Of Retiree Welfare Benefits (the "1113/1114

Motion") solely as it pertains to the IUOE, IBEW, and IAM and IUOE, IBEW, and IAM-

represented retirees and approving each parties' settlement of the 1113/1114 Motion solely as it

pertains to the IUOE, IBEW, and IAM and IUOE, IBEW, and IAM-represented retirees, (iii)

modification of retiree welfare benefits for certain IUOE, IBEW, and IAM-represented retirees

of the Debtors, and (iv) pursuant to 11 U.S.C. § 363, modification of retiree welfare benefits for

certain non-represented hourly active employees and retirees of the Debtors and approval of The

Term Sheet – Delphi Cessation and GM Provision of OPEB For Certain Non-Represented

Delphi Employees and Retirees entered into among Delphi and GM, dated August 3, 2007 (the

"Non-Represented Term Sheet"), all as more fully set forth in the Motion; and the only

remaining condition to the effectiveness of the IUOE Local 101S Settlement Agreement pursuant

to Section E.1 thereof and the only remaining condition to the effectiveness of the other IUOE,

3

IBEW, and IAM Settlement Agreements pursuant to each Section F.1 thereof being this Court's

entry of an approval order satisfactory in form and substance to the IUOE, IBEW, and IAM,

respectively, GM, and Delphi; and this Court having been advised by counsel to the IUOE,

IBEW, and IAM, respectively, and Delphi that the form and substance of this order is

satisfactory to each of the IUOE, IBEW, and IAM, GM, and Delphi as required by Section E.1 of

the IUOE Local 101S Settlement Agreement and Section F.1 of the other IUOE, IBEW, and

IAM Settlement Agreements; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are hereby authorized to enter into the IUOE Local 832S

Settlement Agreement, a copy of which is attached hereto as Exhibit 1; the IUOE Local 18S

Settlement Agreement, a copy of which is attached hereto as Exhibit 2; the IUOE Local 101S

Settlement Agreement, a copy of which is attached hereto as Exhibit 3; the IBEW E&S

Settlement Agreement, a copy of which is attached hereto as Exhibit 4; IBEW Powertrain

Settlement Agreement, a copy of which is attached hereto as Exhibit 5; the IAM Settlement

Agreement, a copy of which is attached hereto as Exhibit 6; and the Non-Represented Term

Sheet, a copy of which is attached hereto as Exhibit 7.

3.    The Debtors are authorized to modify retiree welfare benefits for certain

non-represented hourly active employees and retirees of the Debtors.

4

4.        Each of the signatories to the IUOE, IBEW, and IAM Settlement

Agreements (each such party, a "Signatory," and collectively, the "Signatories") is directed to

take all actions necessary or appropriate to effectuate the terms of this order and the terms of the

IUOE, IBEW, and IAM Settlement Agreements, including, without limitation, any and all

actions necessary or appropriate to such Signatory's implementation of and performance under

the IUOE, IBEW, and IAM Settlement Agreements.

5.        The IUOE, IBEW, and IAM Settlement Agreements are binding on the

Debtors, GM, and the IUOE, IBEW, and IAM, respectively, subject to their terms, and constitute

valid and binding amendments to the IUOE, IBEW, and IAM CBAs, respectively, with

authorized representatives of all individuals who were or are in a bargaining unit represented by

the IUOE, IBEW, and IAM, respectively, as permitted by section 1113 of the Bankruptcy Code

and the IUOE, IBEW, and IAM CBAs, respectively, as amended, or otherwise, and the IUOE,

IBEW, and IAM CBAs, respectively, in accordance with the IUOE, IBEW, and IAM Settlement

Agreements, are binding on the Debtors and the IUOE, IBEW, and IAM, respectively.

6.        The IUOE, IBEW, and IAM Settlement Agreements, and Debtors'

modifications of retiree welfare benefits for certain non-represented hourly active employees and

retirees of the Debtors, constitute valid and binding amendments to existing retiree health and

welfare benefits, as permitted by section 1114 of the Bankruptcy Code or otherwise.

7.        Notice of the Motion was properly and timely served in accordance with

the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R.

Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain

Notice, Case Management, And Administrative Procedures, entered on October 26, 2006

(Docket No. 5418), the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed.

R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain

Notice, Case Management, And Administrative Procedures, entered on March 17, 2006 (Docket

No. 2883), and by service upon (a) the IUOE, with respect to Local 832S, Att'n:  James N.

Glathar, 3174 Brighton-Henrietta Town Line Road, Rochester, New York 14692, with respect to

Local 18S, Att'n:  Charles Scherer, 12106 Rhodes Road, Wayne, Ohio 43466, with respect to

Local 101S, Att'n:  Danny Baird, 6601 Winchester, Kansas City, Missouri 64133, (b) counsel to

the IUOE, Gorlick, Kravitz & Listhaus, P.C., 17 State Street, 4th Floor, New York, New York

10004, (c) the IBEW, 900 Seventh Street NW, Washington, DC 20001, (d) counsel to the IBEW,

Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C., 1555 N. RiverCenter Drive,

Suite 202, Milwaukee, Wisconsin 53212, (e) the IAM, 9000 Machinists Place, Upper Marlboro,

Maryland 20772-2687, (f) counsel to the IAM, Previant, Goldberg, Uelman, Gratz, Miller &

Brueggeman, S.C., 1555 N. RiverCenter Drive, Suite 202, Milwaukee, Wisconsin 53212, (g) the

Debtors' hourly employees and hourly retirees who are represented by the IUOE, IBEW, and

IAM at their individual addresses, pursuant to an informational form of notice, a copy of which

was attached to the Motion as Exhibit 1, and (h) the Debtors' non-represented hourly active

employees and hourly retirees at their individual addresses, pursuant to an informational form of

notice, a copy of which was attached to the Motion as Exhibit 1.

8.      The Debtors are authorized to withdraw, without prejudice, their

1113/1114 Motion solely as it pertains to the IUOE, IBEW, and IAM.  The 1113/1114 Motion is

settled solely as it pertains to the IUOE, IBEW, and IAM.

9.      As a condition precedent to the effectiveness of certain obligations of the

parties pursuant to Section F.2 of the IUOE Local 832S Settlement Agreement and the IUOE

Local 18S Settlement Agreement and pursuant to Section E.2 of the IUOE Local 101S

6

Settlement Agreement and as provided in Section F.3 of the IUOE Local 832S Settlement

Agreement and the IUOE Local 18S Settlement Agreement and as provided in Section E.3 of the

IUOE Local 101S Settlement Agreement, any Debtors' plan of reorganization (the "Delphi

Reorganization Plan") that is consistent with the IUOE Local 832S Settlement Agreement, the

IUOE Local 18S Settlement Agreement, and the IUOE Local 101S Settlement Agreement and

any confirmation order entered into with respect to such plan shall include the following

provisions:

    (a)    On the effective date of the Delphi Reorganization Plan, the IUOE, all employees and former employees of Delphi represented or formerly represented by the IUOE, and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates, the Delphi HRP[2], the Delphi Health Care Program for Hourly Employees and the Delphi Life and Disability Benefits Program for Hourly Employees, GM, its subsidiaries or affiliates, the GM HRP, the GM Health Care Program for Hourly Employees and the GM Life and Disability Benefits Program for Hourly Employees, and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the IUOE and between GM and the IUOE related to such employees (provided, however, that claims for benefits provided for or explicitly not waived under the provisions of the IUOE Local 832S Settlement Agreement, or, as applicable, the IUOE Local 18S Settlement Agreement, or, as applicable, the IUOE Local 101S Settlement Agreement (including, but not limited to, claims for workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under law) are not waived).

    (b)    A plan exculpation and release provision (which provision shall be at least as comprehensive as the plan exculpation and release

---

[2]    Capitalized terms used and not otherwise defined in this Order have the meanings ascribed to them in the Memorandum of Understanding.

provision under the Delphi Reorganization Plan) for the IUOE released parties (which shall include the IUOE and each of their current or former members, officers, committee members, employees, advisors, attorneys, accountants, investment bankers, consultants, agents, and other representatives) with respect to any liability such person or entity may have in connection with or related to the Delphi bankruptcy cases, the formulation, preparation, negotiation, dissemination, implementation, administration, confirmation, or consummation of any of the Delphi Reorganization Plan, the disclosure statement concerning the plan, the IUOE Local 832S Settlement Agreement, or, as applicable, the IUOE Local 18S Settlement Agreement, or, as applicable, the IUOE Local 101S Settlement Agreement, or the Agreements on Attachment A thereto, or any contract, employee benefit plan, instrument, release, or other agreement or document created, modified, amended, or entered into in connection with either the Delphi Reorganization Plan or any agreement between the IUOE or Delphi, or any other act taken or omitted to be taken consistent with the IUOE Local 832S Settlement Agreement, or, as applicable, the IUOE Local 18S Settlement Agreement, or, as applicable, the IUOE Local 101S Settlement Agreement in connection with the Delphi bankruptcy.

(c)    The IUOE Local 832S Settlement Agreement, or, as applicable, the IUOE Local 18S Settlement Agreement, or, as applicable, the IUOE Local 101S Settlement Agreement, and the agreements referenced in Attachment A thereto shall be assumed under 11 U.S.C. §365.

10.    Consistent with Section F.3 of the IUOE Local 832S Settlement Agreement , Section F.3 of the IUOE Local 18S Settlement Agreement, and Section E.3 of the IUOE Local 101S Settlement Agreement, on the effective date of the Delphi Reorganization Plan consistent with the IUOE Local 832S Settlement Agreement, the IUOE Local 18S Settlement Agreement, and the IUOE Local 101S Settlement Agreement, all claims referenced in the IUOE Local 832S Settlement Agreement (other than any claims of GM against any of the Debtors), the IUOE Local 18S Settlement Agreement (other than any claims of GM against any of the Debtors), and the IUOE Local 101S Settlement Agreement (other than any claims of GM against any of the Debtors), including those claims listed on Exhibit 8, Exhibit 9, and Exhibit 10,

8

respectively, copies of which are attached hereto, are hereby deemed waived and withdrawn with prejudice.

11.     As a condition precedent to the effectiveness of certain obligations of the parties pursuant to Section F.2 of the IBEW E&S Settlement Agreement and the IBEW Powertrain Settlement Agreement and as provided in Section F.3 of the IBEW E&S Settlement Agreement and the IBEW Powertrain Settlement Agreement, any Delphi Reorganization Plan that is consistent with the IBEW E&S Settlement Agreement and the IBEW Powertrain Settlement Agreement and any confirmation order entered into with respect to such plan shall include the following provisions:

(a)     On the effective date of the Delphi Reorganization Plan, the IBEW, all employees and former employees of Delphi represented or formerly represented by the IBEW, and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates, the Delphi HRP, the Delphi Health Care Program for Hourly Employees and the Delphi Life and Disability Benefits Program for Hourly Employees, GM, its subsidiaries or affiliates, the GM HRP, the GM Health Care Program for Hourly Employees and the GM Life and Disability Benefits Program for Hourly Employees, and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the IBEW and between GM and the IBEW related to such employees (provided, however, that claims for benefits provided for or explicitly not waived under the provisions of the IBEW E&S Settlement Agreement, or, as applicable, the IBEW Powertrain Settlement Agreement (including, but not limited to, claims for workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under law) are not waived).

(b)     A plan exculpation and release provision (which provision shall be at least as comprehensive as the plan exculpation and release provision under the Delphi Reorganization Plan) for the IBEW

released parties (which shall include the IBEW and each of their current or former members, officers, committee members, employees, advisors, attorneys, accountants, investment bankers, consultants, agents, and other representatives) with respect to any liability such person or entity may have in connection with or related to the Delphi bankruptcy cases, the formulation, preparation, negotiation, dissemination, implementation, administration, confirmation, or consummation of any of the Delphi Reorganization Plan, the disclosure statement concerning the plan, the IBEW E&S Settlement Agreement, or, as applicable, the IBEW Powertrain Settlement Agreement, or the Agreements on Attachment A thereto, or any contract, employee benefit plan, instrument, release, or other agreement or document created, modified, amended, or entered into in connection with either the Delphi Reorganization Plan or any agreement between the IBEW or Delphi, or any other act taken or omitted to be taken consistent with the IBEW E&S Settlement Agreement, or, as applicable, the IBEW Powertrain Settlement Agreement, in connection with the Delphi bankruptcy.

(c)    The IBEW E&S Settlement Agreement, or, as applicable, the IBEW Powertrain Settlement Agreement, and the agreements referenced in Attachment A thereto shall be assumed under 11 U.S.C. §365.

12.    Consistent with Section F.3 of the IBEW E&S Settlement Agreement and Section F.3 of IBEW Powertrain Settlement Agreement, on the effective date of the Delphi Reorganization Plan consistent with the IBEW E&S Settlement Agreement and the IBEW Powertrain Settlement Agreement, all claims referenced in the IBEW E&S Settlement Agreement (other than any claims of GM against any of the Debtors) and IBEW Powertrain Settlement Agreement (other than any claims of GM against any of the Debtors), including those claims listed on Exhibit 11, a copy of which is attached hereto, are hereby deemed waived and withdrawn with prejudice.

13.    As a condition precedent to the effectiveness of certain obligations of the parties pursuant to Section F.2 of the IAM Settlement Agreement and as provided in Section F.3 of the IAM Settlement Agreement, any Delphi Reorganization Plan that is consistent with the

10

IAM Settlement Agreement and any confirmation order entered into with respect to such plan

shall include the following provisions:

(a)    On the effective date of the Delphi Reorganization Plan, the IAM, all employees and former employees of Delphi represented or formerly represented by the IAM, and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates, the Delphi HRP, the Delphi Health Care Program for Hourly Employees and the Delphi Life and Disability Benefits Program for Hourly Employees, GM, its subsidiaries or affiliates, the GM HRP, the GM Health Care Program for Hourly Employees and the GM Life and Disability Benefits Program for Hourly Employees, and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the IAM and between GM and the IAM related to such employees (provided, however, that claims for benefits provided for or explicitly not waived under the provisions of the IAM Settlement Agreement (including, but not limited to, claims for workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under law) are not waived).

(b)    A plan exculpation and release provision (which provision shall be at least as comprehensive as the plan exculpation and release provision under the Delphi Reorganization Plan) for the IAM released parties (which shall include the IAM and each of their current or former members, officers, committee members, employees, advisors, attorneys, accountants, investment bankers, consultants, agents, and other representatives) with respect to any liability such person or entity may have in connection with or related to the Delphi bankruptcy cases, the formulation, preparation, negotiation, dissemination, implementation, administration, confirmation, or consummation of any of the Delphi Reorganization Plan, the disclosure statement concerning the plan, the IAM Settlement Agreement, or the Agreements on Attachment A thereto, or any contract, employee benefit plan, instrument, release, or other agreement or document created, modified, amended, or entered into in connection with either the Delphi Reorganization Plan or any agreement between the IAM or Delphi, or any other act taken or omitted to be taken consistent

11

with the IAM Settlement Agreement in connection with the Delphi
bankruptcy.

(c)    The IAM Settlement Agreement and the agreements referenced in
Attachment A thereto shall be assumed under 11 U.S.C. §365.

14.    Consistent with Section F.3 of the IAM Settlement Agreement, on the
effective date of the Delphi Reorganization Plan consistent with the IAM Settlement Agreement,
all claims referenced in the IAM Settlement Agreement (other than any claims of GM against
any of the Debtors), including those claims listed on Exhibit 12, a copy of which is attached
hereto, are hereby deemed waived and withdrawn with prejudice.

15.    Notwithstanding anything in Paragraph 10, 12, or 14 of this order, the
right to pursue employee pending ordinary course grievances shall continue for ordinary course
employee grievances not otherwise resolved or released.

16.    Nothing contained in the IUOE, IBEW, and IAM Settlement Agreements
shall constitute an assumption of any agreement described therein, including, without limitation,
any IUOE, IBEW, or IAM CBAs (except as provided for in Section E.3 of the IUOE Local 101S
Settlement Agreement or Section F.3 of the other IUOE, IBEW, and IAM Settlement
Agreements) or any commercial agreement between GM and Delphi, nor shall anything therein
be deemed to create an administrative or priority claim with respect to GM or convert a
prepetition claim into a postpetition claim or an administrative expense with respect to any party.
The IUOE, IBEW, and IAM Settlement Agreements are without prejudice to any party-in-
interest (including the parties to the IUOE, IBEW, and IAM Settlement Agreements and the
Debtors' statutory committees) in all other aspects of Delphi's chapter 11 cases and each party to
the IUOE, IBEW, and IAM Settlement Agreements shall reserve all rights not expressly waived
therein.  Further, nothing in the Motion, the IUOE, IBEW, and IAM Settlement Agreements, this
Court's approval of such agreements, the performance of any obligation thereunder, or any other

12

document shall prejudice any right or remedy of any Debtor against any other Debtor with

respect to the allocation of Delphi's obligations under the IUOE, IBEW, and IAM Settlement

Agreements or claims asserted against, or payments by, Delphi thereunder, all of which rights

are expressly preserved.

17.    The agreements in Section D.2.b of the IUOE Local 832S Settlement

Agreement, Section D.2.b of the IUOE Local 18S Settlement Agreement, Section C.1.b of the

IUOE Local 101S Settlement Agreement, Section D.2.b of the IBEW E&S Settlement

Agreement, Section D.2.b of the IBEW Powertrain Settlement Agreement, and Section D.2.b of

the IAM Settlement Agreement will continue in effect after September 14, 2011.

18.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation and performance of this order and the IUOE, IBEW, and IAM

Settlement Agreements, and over each of the Signatories in connection therewith, through the

effective date of a plan of reorganization proposed by the Debtors and confirmed by this Court

(and thereafter to the extent provided for in such reorganization plan); provided, however, that

the Court's jurisdiction shall not extend to any bilateral agreements of any of the IUOE, IBEW,

and IAM on one hand and GM on the other hand.

19.    Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy

Procedure or any other Bankruptcy Rule, (a) this order shall take effect immediately upon its

entry, (b) upon entry of this order, the Debtors are authorized to take any and all necessary

actions to implement the terms of the IUOE, IBEW, and IAM Settlement Agreements, including

executing any amendments to existing collective bargaining agreements consistent in all material

respects with the IUOE, IBEW, and IAM Settlement Agreements, (c) the IUOE, IBEW, and

IAM Settlement Agreements shall become effective upon entry of this order and, to the extent

13

required, satisfaction of the conditions set forth in the IUOE, IBEW, and IAM Settlement

Agreements, and (d) upon entry of this order, the Debtors are authorized to take any and all

necessary actions to modify retiree welfare benefits for certain non-represented hourly active

employees and retirees of the Debtors.

20.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       August 16, 2007


                              /s/Robert D. Drain
                             UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**IUOE Local 832S Settlement Agreement**

## <u>Exhibit 2</u>

**IUOE Local 18S Settlement Agreement**

## Exhibit 3

**IUOE Local 101S Settlement Agreement**

**<u>Exhibit 4</u>**

**IBEW E&S Settlement Agreement**

**<u>Exhibit 5</u>**

**IBEW Powertrain Settlement Agreement**

## **Exhibit 6**

**IAM Settlement Agreement**

## **Exhibit 7**

**Non-Represented Term Sheet**

**Exhibit 8**

**<u>Exhibit 9</u>**

**<u>Exhibit 10</u>**

**<u>Exhibit 11</u>**

**Exhibit 12**