UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :

  In re                                                  :   Chapter 11

                                                      :

DELPHI CORPORATION, et al.,          :   Case No.  05 - 44481 (RDD)

                                                      :

                    Debtors.             :   (Jointly Administered)

                                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EIGHTH AMENDED ORDER SUSPENDING FURTHER PROCEEDINGS ON DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND AUTHORIZING
MODIFICATION OF RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

("EIGHTH AMENDED SECTION 1113 AND
1114 PROCEEDINGS SUSPENSION ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures, briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114 Motion"); and the Court having entered an order granting the Motion on October 13, 2005 (Docket No. 232);[2] and the Court having received and reviewed various objections and responses to the 1113/1114 Motion filed by

---

[1]     As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005.

[2]     Subsequent scheduling orders have been entered by the Court at docket nos. 2225, 2425, 2996, 4170, 5058, 5221, 5399, 5539, 5662, 6148, and 6419.

various parties (collectively, the "Respondents");[3] and the Court having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006 and conducted hearings on the contested motion on various trial dates in May and June 2006; and the Court on November 22, 2006 having adjourned the contested hearing on the 1113/1114 Motion to a date to be determined and the deadlines for a ruling on the 1113/1114 Motion to January 31, 2007 pursuant to the Ninth Amended Section 1113 And 1114 Scheduling Order (Docket No. 5662); and the Court having conducted in-camera status conferences from time to time so that the Court could be apprised by the Debtors and the Respondents of the status of negotiations regarding consensual resolution of the 1113/1114 Motion; and the Debtors having filed an Expedited Motion For Order Authorizing And Approving The Equity Purchase And Commitment Agreement (the "EPCA") Pursuant To Sections 105(a), 363(b), 503(b) and 507(a) Of The Bankruptcy Code And The Plan Framework Support Agreement (the "PSA") Pursuant To Sections 105(a), 363(b), And 1125(e) Of The Bankruptcy Code on December 18, 2006 (collectively, the "Framework Agreements") (Docket No. 6179) (the "Plan Investment and Framework Support Motion"); and the Court having entered an order authorizing and approving the Plan Investment And Framework Support Motion on January 12, 2007 (Docket No. 6589); and the Court having entered eight orders suspending further proceedings on the 1113/1114 Motion until further order of the Court and extending the date by which a ruling on the 1113/1114 Motion shall be issued (each, a "Section 1113 And 1114 Suspension Order") (Docket Nos. 6779, 7819, 8128, 8437, 8596, 8736, 8880, and 9016); and Delphi having confirmed on July 9, 2007 that it had formally terminated the EPCA and the PSA; and the Court having entered the Fourth Section 1113 And 1114 Suspension Order on July 13, 2007 (Docket No. 8596), which combined the chambers conference scheduled for July 19, 2007 under the Third Section 1113 And 1114 Suspension Order (Docket No. 8437) with the chambers conference required therein as

---

[3]   Objections and responses have been filed at docket numbers 3314, 3317, 3322, 3330, 3332, 3342, 3346, 3353, 3356, 3561, and 3628.

2

a result of the termination of the EPCA or the PSA; and the Court having entered an order on July 19, 2007 (Docket No. 8693) under 11 U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019 approving (i) a memorandum of understanding regarding Delphi's restructuring entered into among the United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), Delphi, and General Motors Corporation ("GM"), dated June 22, 2007, (ii) withdrawal without prejudice of the 1113/1114 Motion solely as it pertains to the UAW and UAW-represented retirees and approving the parties' settlement of the 1113/1114 Motion solely as it pertains to the UAW and UAW-represented retirees, and (iii) modification of retiree welfare benefits for certain UAW-represented retirees of the Debtors; and the Court having entered on August 10, 2007 the most recent Section 1113 And 1114 Suspension Order (the "Seventh Section 1113 And 1114 Suspension Order") (Docket No. 9016); and the Court having entered an order on August 16, 2007 (Docket No. 9106) under 11 U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019 approving (i) a memorandum of understanding regarding Delphi's restructuring entered into among the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication Workers of America ("IUE-CWA"), Delphi, and GM dated August 5, 2007, (ii) withdrawal without prejudice of the 1113/1114 Motion as it solely pertains to the IUE-CWA and IUE-CWA-represented retirees and approving the parties' settlement of the 1113/1114 Motion as it solely pertains to the IUE-CWA and IUE-CWA-represented retirees, and (iii) modification of retiree welfare benefits for certain IUE-CWA-represented retirees of the Debtors; and the Court having entered an order on August 16, 2007 (Docket No. 9107) under 11 U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019 approving (i) a memoranda of understanding regarding Delphi's restructuring entered into among the International Union of Operating Engineers Locals 832S, 18S, and 101S ("IUOE"), the International Brotherhood of

Electrical Workers and its Local 663 ("IBEW"), and the International Association of Machinists and Aerospace Workers and its District 10 and Tool and Die Makers Lodge 78 ("IAM"), Delphi, and GM, (ii) withdrawal without prejudice of the 1113/1114 Motion solely as it pertains to the IUOE, IBEW, and IAM and IUOE, IBEW, and IAM-represented retirees and approving the parties' settlement of the 1113/1114 Motion solely as it pertains to the IUOE, IBEW, and IAM and IUOE, IBEW, and IAM-represented retirees, (iii) modification of retiree welfare benefits for certain IUOE, IBEW, and IAM-represented retirees of the Debtors pursuant to the IUOE, IBEW, and IAM Settlement Agreements, and (iv) pursuant to 11 U.S.C. § 363, modification of retiree welfare benefits for certain non-represented hourly active employees and retirees of the Debtors and approval of a term sheet between Delphi and GM regarding Delphi's cessation and GM's provision certain benefits for such employees; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

Further proceedings on the 1113/1114 Motion continue to be suspended until further order of the Court. The Seventh Section 1113 And 1114 Suspension Order shall be amended in its entirety to provide that the date by which a ruling on the 1113/1114 Motion shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the consent of the Debtors and the remaining Respondents (to the extent required by statute), to August 30, 2007. These parties reserve their right to agree to additional extensions beyond these dates.

Dated:   New York, New York
         August 16, 2007

                                                   /s/ Robert D. Drain
                                                 UNITED STATES BANKRUPTCY JUDGE