**Hearing Date:**    September 28, 2007 at 10:00 a.m. (ET)
**Objection Deadline:** September 21, 2007 at 4:00 p.m. (ET)

HAHN & HESSEN LLP
Mark T. Power (MP 1607)
Jeffrey Zawadzki (JZ 1656)
488 Madison Avenue
New York, New York 10022
Tel: (212) 478-7200
Fax: (212) 478-7400

-and-

MILES & STOCKBRIDGE P.C.
Richard L. Costella
Patricia A. Borenstein
10 Light Street
Baltimore, MD 21202
Tel: (410) 727-6464

*Attorneys for Marsilli & Co. S.p.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re:                                          :
                                                :
                                                :       Chapter 11
DELPHI CORPORATION, et al.,                     :       Case No.: 05-44481 (RDD)
                                                :       (Jointly Administered)
        Debtors.                                :
                                                :
------------------------------------------------------x

## MOTION OF MARSILLI & CO. S.P.A. FOR AN ENLARGEMENT OF TIME FOR FILING PROOF OF CLAIM PURSUANT TO RULE 9006(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Marsilli & Co. S.p.A. ("Marsilli"), by its undersigned counsel, hereby files this motion for an enlargement of time to file its unsecured proof of claim in this bankruptcy case, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Motion"), and in support thereof, states as follows:

### Jurisdiction

1.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1334.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).

## Background

4.  On October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The various Chapter 11 cases have been procedurally consolidated and are jointly administered under the above-captioned case. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5.  Marsilli is an Italian corporation with a principal place of business located at Via Per Ripalta Arpina 14, I 26013 Castelleone, Italy. Marsilli is engaged in the research, design and production of winding machines and automatic assembly systems for, *inter alia*, the automotive, appliance, telecom, consumer electronics and electromechanics industries.

6.  Marsilli is one of the Debtors' major vendors of winding mechanisms used by the Debtors in the production of certain automotive parts, and has continued to supply goods to the Debtors throughout this bankruptcy case.

7.  In the Debtors Schedule F filed in Case No. 05-44640 (Delphi Automotive Systems, LLC), the Debtors assert that as of the Petition Date, Marsilli was owed the amount of $6,619.43. However, as of the petition date, Marsilli was, in fact, owed $37,585.30 by the Debtors for goods delivered by Marsilli to the Debtors between March, 2001 and October 7, 2005.

8. On March 17, 2006, the Debtors filed a motion seeking an order setting a general bar date for all prepetition claims. The Court granted that motion by order dated April 12, 2006, and established July 31, 2006 as the general bar date (the "Bar Date") for filing proofs of claim against the Debtors.

9. According to the service list attached to the Affidavit of Service of Notice of the Bar Date, Kurtzman Carson Consultants LLC purportedly sent notice of the Bar Date via postage prepaid, U.S. mail to Marsilli at Marsilli's principal place of business in Castelleone, Italy.

10. Marsilli never received notice of the Bar Date, and only learned of the Bar Date on July 12, 2007 through its affiliate, Marsilli North America, Inc. ("Marsilli N.A.").[1] On or about July 12, 2007 Marsilli North America, Inc.'s president, Kumar Rajasekhara, noticed that the Debtors had failed to pay certain post-petition invoices, and contacted the undersigned regarding the Debtors' payments to Marsilli N.A. At this time, Mr. Rajasekhara also mentioned to its counsel that Marsilli had a pre-petition claim against the Debtors. After some investigation, undersigned counsel informed Mr. Rajasekhara of the Bar Date, and that Marsilli had never filed a proof of claim. Mr. Rajasekhara then passed along this information to Marsilli.

11. Upon learning of the Bar Date from its U.S. affiliate and determining the amount it was owed from debtor-entities, Marsilli has filed a proof of claim against Delphi Automotive Systems, LLC, contemporaneously with the filing of this motion. A true and correct copy of Marsilli's proof of claim is attached hereto as <u>Exhibit A</u>.

12. Because Marsilli's failure to file a proof of claim before the Bar Date was the result of excusable neglect pursuant to Federal Rule of Bankruptcy Procedure 9006(b), Marsilli now requests that the Court enlarge the time for Marsilli to file its proof of claim.

---

[1] Marsilli N.A. is also a creditor of the Debtors and received notice of the Bar Date at its headquarters in Owings Mills, Maryland. Both Marsilli and Marsilli N.A. have continued to do business with the Debtors after the Petition Date.

3

## Argument

**A.   The Excusable Neglect Standard for filing late proofs of claim is a liberal, equitable standard based on the specific facts of each case.**

13.   The enlargement of time for a party to file its proof of claim is governed by the excusable neglect standard of Federal Rule of Bankruptcy Procedure 9006(b). See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 382-83 (1995); In re Drexel Burnham Lambert, 151 B.R. 674 (Bankr. S.D.N.Y. 1993). Rule 9006(b) states:

> …[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion… on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). Although Rule 9006(b)(3) limits the ability of a court to enlarge the time for filing a proof of claim in a case under Chapter 7 of the Bankruptcy Code, no such limitation exists for claims filed in a Chapter 11 case.

14.   "Excusable neglect" is a flexible standard that permits bankruptcy courts to accept late-filed claims "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer, 507 U.S. at 388. The Second Circuit has recognized that Pioneer announced a more liberal standard for determining whether the cause of a late filing meets the "excusable neglect" requirement of Rule 9006. See In re Musicland Holding Corp., 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006) (citing Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 415-16 (2d Cir. 2004)).

15.   In evaluating whether a party's delay in filing a late claim satisfies the excusable neglect standard, courts look at all of the circumstances surrounding a party's tardiness, in order to reach an equitable result. See Pioneer, 507 U.S. at 395. This Court has adopted the four factors outlined in Pioneer for reviewing the relevant circumstances: (1) the length of the delay

4

and its potential impact on judicial proceedings; (2) the danger of prejudice to the debtor; (3) whether the party acted in good faith; and (4) the cause for the party's delay. See Musicland, 356 B.R. at 607. Of those four factors, many circuits, including the Second Circuit, focus on the reason for the party's delay as the predominant factor in evaluating excusable neglect. Id. Here, Marsilli satisfies all of the factors to establish excusable neglect.

**B.    Marsilli satisfies the four factors required to establish excusable neglect and thus its proof of claim should be deemed timely filed.**

16.    Marsilli's failure to file its proof of claim prior to the Bar Date was the result of excusable neglect, and satisfies the four factors adopted by this Court. First, although Marsilli's proof of claim was filed a year after the Bar Date, Marsilli only learned of the Bar Date on July 12, 2007, and filed a proof of claim promptly thereafter. As of the date of this Motion, there are close to 9000 dockets entries in this case. Upon information and belief, no distributions have yet been made to prepetition creditors. In a case of such magnitude, expanding the time for Marsilli to file its claim will have no impact on the proceedings in this case.

17.    Second, Marsilli's late-filed claim poses no risk of prejudice to the Debtors. This Court has set out three factors in weighs in evaluating whether a creditor's late filed claim will prejudice a debtor: (i) the size of the late claim in relation to the estate; (ii) whether a disclosure statement has been filed or confirmed with knowledge of the existence of the claim; and (iii) the disruptive effect that a late-filed claim might have on a plan of reorganization. In re Enron Creditors Recovery Corp., 2007 WL 1705653 at *9 (Bankr. S.D.N.Y. 2007) (citing In re Keene Corp., 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995). In this case, the Debtors are jointly the largest automotive supplier in the United States, and are engaged in a complex and extremely large Chapter 11 case that has already accrued close to $200 million in legal and accounting fees and expenses. By comparison, Marsilli's $37,585.30 claim is relatively insignificant in comparison

to the large amount of claims filed in the Debtors' cases. Further, no proposed plan and disclosure statement have yet been filed in this case, and the Debtors are currently in the process of claims reconciliation. The Debtors have already filed sixteen omnibus claims objections and likely have several more yet to file. Finally, it is inconceivable that allowing Marsilli to file its claim will in any way disrupt the Debtors' ability to confirm or execute a plan of reorganization.

18. Third, Marsilli has acted in good faith at all times, and had no reason to intentionally delay filing its proof of claim and risk its disallowance. Moreover, Marsilli's good faith is evidenced by the fact that it continues to supply to the Debtors post-petition, despite Marsilli's unpaid unsecured claim..

19. Finally, and most importantly, Marsilli failed to file its proof of claim prior to the Bar Date because it never received notice of the Bar Date. Accordingly, Marsilli's delay was no fault of its own. Marsilli surmises that because notice of the Bar Date was sent via U.S. mail, the notice addressed to Marsilli may not have had sufficient postage to reach Marsilli's headquarters in Italy. In sum, Marsilli ought not be held to a deadline of which it never received notice. Furthermore, although notice of the Bar Date was published in numerous U.S. newspapers, it does not appear that notice of the Bar Date was ever published in any Italian or international publications.

20. Based upon the foregoing, Marsilli's failure to file its proof of claim prior to the Bar Date constitutes excusable neglect, for which the Court should enlarge the time to file Marsilli's claim.

21. Because the legal points and authorities relied upon in this Motion are incorporated herein, Marsilli requests that the requirement of a separate memorandum of law pursuant to Local Bankruptcy Rule 9013(b) be deemed satisfied.

**Notice**

22. Notice of the Motion has been served in compliance with the Court's Case Management Order dated October 14, 2005.

WHEREFORE, Marsilli & Co. S.p.A. respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit B (i) granting the Motion; (ii) deeming Marsilli's Proof of Claim timely filed; and (iii) granting such other and further relief as is just and proper in this case.

Dated: August 17, 2007
New York, New York

Respectfully submitted,

/s/ Mark T. Power
Mark T. Power (MP 1607)
Jeffrey Zawadzki (JZ 1656)
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Tel: (212) 478-7200
Fax: (212) 478-7400

-and-

MILES & STOCKBRIDGE P.C.
Richard L. Costella
Patricia A. Borenstein
10 Light Street
Baltimore, MD 21202
Tel: (410) 727-6464
Fax: (410) 385-3700

*Attorneys for Marsilli & Co. S.p.A.*