**A COMPLETE COPY OF DELPHI'S COURT PAPERS, INCLUDING THE MEMORANDA OF UNDERSTANDING, CAN BE OBTAINED AT WWW.DELPHIDOCKET.COM OR BY CALLING 1-888-249-2691**

> **This is a notice of a motion to the U.S. Bankruptcy Court which may affect you as a present or former employee of Delphi:**
>
> **FOR A SUMMARY OF THE RELIEF SOUGHT IN THIS MOTION REGARDING MEMBERS OF:**
> **USW HOME AVENUE: SEE PAGES 3 - 4**
> **USW VANDALIA: SEE PAGES 5 - 6**
>
> **The information in this notice is only a summary and you can obtain complete papers as set forth above this box and on page 7.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                                 :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors. :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INFORMATIONAL NOTICE OF EXPEDITED MOTION FOR ORDER APPROVING
MEMORANDA OF UNDERSTANDING AMONG USW, DELPHI, AND GENERAL MOTORS
CORPORATION INCLUDING MODIFICATION OF USW COLLECTIVE BARGAINING
AGREEMENTS AND RETIREE WELFARE BENEFITS FOR CERTAIN USW REPRESENTED
<u>RETIREES</u>

INFORMATION FOR USW-REPRESENTED
EMPLOYEES AND RETIREES OF DELPHI CORPORATION

       On August 17, 2007, Delphi Corporation and certain of its affiliated debtors and debtors-in-possession ("Delphi"), filed the **Expedited Motion For Order Under 11 U.S.C. §§ 363, 1113, and 1114 and Fed. R. Bankr. P. 6004 and 9019 Approving Memoranda of Understanding Among USW, Delphi, and General Motors Corporation, Including Modification of USW Collective Bargaining Agreements and Retiree Welfare Benefits For Certain USW-Represented Retirees** (the "Motion"), which seeks bankruptcy court approval (subject to ratification by the USW[1]) of two memoranda of understanding dated August 16, 2007 among Delphi, General Motors, and the USW regarding Delphi's restructuring. The first memorandum relates to Delphi's

---

[1] Capitalized terms used and not defined in this informational notice have the meanings set forth in the USW Home Avenue Settlement Agreement or the USW Vandalia Settlement Agreement, as the case may be.

operations at Home Avenue (the "USW Home Avenue Settlement Agreement" or the "USW Home Avenue Memorandum of Understanding") and the second memorandum relates to Delphi's operations at Vandalia (the "USW Vandalia Settlement Agreement" or the "USW Vandalia Memorandum of Understanding").  These Memoranda are subject to ratification by the membership.

        On August 29, 2007 at 10:00 a.m., the United States Bankruptcy Court (the "Court") for the Southern District of New York will conduct a hearing on approval of the USW Home Avenue Settlement Agreement and the USW Vandalia Settlement Agreement.

**USW Home Avenue Settlement Agreement**

If approved by the Court (and ratified by USW), the USW Home Avenue Settlement Agreement will go into effect. The USW Home Avenue Settlement Agreement provides, among other terms, that:

(A)   Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the USW:

- The terms of the USW CBAs are extended until September 14, 2011;

- Delphi and the USW agree that the businesses at the Home Avenue Operations will be sold or closed;

- A workforce transition program is implemented for eligible USW-represented employees that provides eligible employees with transformation plan options, including attrition options similar to the previously-approved UAW and IUE-CWA attrition programs (see USW Home Avenue Settlement Agreement Attachment C, USW-Delphi-GM Special Attrition Program-Transformation);

- Certain terms of the USW CBAs are modified with respect to provisions covering Plant Closing and Sale Moratorium, Sourcing, Job Security (Job Opportunity Bank (JOBS) Program), AOL, COLA, Independence Week Pay, Vacation Entitlement, Joint Activities funding, tuition assistance, Guaranteed Income Stream, benefits, temporary employees, and holidays;

- All employee, retiree, and union asserted and unasserted claims are settled (except for rights, if any, to vested pension benefits, workers' compensation benefits, unemployment compensation benefits, future claims arising out of the modified USW CBAs and pending ordinary course grievances of employees remaining in the workforce); and

(B)   Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the USW Home Avenue Settlement Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain USW-represented employees covered as provided in the Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans is effectuated pursuant to Internal Revenue Code Section 414(l);

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 and GM is obligated to pay certain benefits for certain USW-represented employees covered as provided in Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- The USW will receive an allowed general unsecured prepetition claim in the amount of $3 million against Delphi in complete settlement of all asserted and unasserted USW claims, including without limitation asserted and unasserted claims of current and former Vandalia Operations bargaining unit members. The proceeds realized by the USW and/or the voluntary employees' beneficiary association ("VEBA") trust, to be established by an entity other than GM, Delphi, or their respective benefit plans, will be contributed directly to the VEBA trust to provide certain retiree welfare benefits to certain eligible employees and retirees, including certain current or future participants in the Delphi Hourly Rate Employee Pension Plan or the GM Hourly Rate Employee Pension Plan, and their dependents;

- The amount of $9 million will be paid by GM to the VEBA in resolution of certain claims asserted by the USW, including in connection with the modification of retiree benefit programs, and without any acknowledgment by either GM or Delphi of those claims;

- The USW Home Avenue Memorandum of Understanding (including the USW CBAs) is assumed pursuant to 11 U.S.C. § 365;

- The USW released parties are exculpated and released in connection with the USW Home Avenue Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the USW, all employees and former employees of Delphi represented or formerly represented by the USW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the USW and between GM and the USW (except for claims for benefits provided for or explicitly not waived under the USW Home Avenue Memorandum of Understanding, including, but not limited to, workers' compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

**USW Vandalia Settlement Agreement**

If approved by the Court (and ratified by USW), the USW Vandalia Settlement Agreement will go into effect. The USW Vandalia Settlement Agreement provides, among other terms, that:

(A) Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the USW:

- The terms of the USW CBAs are extended until September 14, 2011;

- A site plan is implemented with respect to the Vandalia Thermal Operation for which it is necessary to achieve an all-in blended labor wage and benefit rate of $19.57 per hour as soon as possible and maintain that rate for the life of the Vandalia local agreement; otherwise failure to accomplish and maintain this all-in blended wage and benefit rate will result in the Vandalia Thermal Operations being closed during the term of the Vandalia local agreements;

- A workforce transition program is implemented for eligible USW-represented employees that provides eligible employees with transformation plan options, including attrition options similar to the previously-approved UAW and IUE-CWA attrition programs (see USW Vandalia Settlement Agreement, Section C, Special Attrition Program);

- Certain terms of the USW CBAs are modified with respect to provisions covering Guaranteed Income Stream, benefits, vacation accrual, holidays, Income Security Plan, Joint Activities funding, Independence Week Pay, COLA, Shift Premium, AOL, and overtime;

- All employee, retiree, and union asserted and unasserted claims are settled (except for rights to vested pension benefits, workers' compensation benefits, unemployment compensation benefits, and pending ordinary course grievances of employees remaining in the workforce); and

(B) Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the USW Vandalia Settlement Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain USW-represented employees covered as provided

in the Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans is effectuated pursuant to Internal Revenue Code Section 414(l);

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 and GM is obligated to pay certain benefits for certain USW-represented employees covered as provided in Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- The USW asserted and unasserted claims are resolved pursuant to Section F.2 and F.3 of the USW Home Avenue Settlement Agreement;

- The USW Vandalia Memorandum of Understanding (including the USW CBAs) is assumed pursuant to 11 U.S.C. § 365;

- The USW released parties are exculpated and released in connection with the USW Vandalia Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the USW, all employees and former employees of Delphi represented or formerly represented by the USW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the USW and between GM and the USW (except for claims for benefits provided for or explicitly not waived under the USW Vandalia Memorandum of Understanding).

~ ~

   This list is only a summary of some of the terms of the USW Home Avenue Settlement Agreement and the USW Vandalia Settlement Agreement and is qualified entirely by and is subject to the actual terms and conditions of the USW Home Avenue Settlement Agreement and the USW Vandalia Settlement Agreement.  A complete copy of Delphi's court papers, including the Memoranda of Understanding, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.  Delphi's plan of reorganization will be considered by the Court at a later time and you will receive notice about that proceeding.

   A copy of the notice of the Motion is attached hereto.

Dated:  New York, New York
     August 17, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

       By: /s/ John Wm. Butler, Jr.
         John Wm. Butler, Jr. (JB 4711)
         John K. Lyons (JL 4951)
         Ron E. Meisler (RM 3026)
         333 West Wacker Drive, Suite 2100
         Chicago, Illinois 60606
         (312) 407-0700

         - and -

       By: /s/ Kayalyn A. Marafioti
         Kayalyn A. Marafioti (KM 9632)
         Thomas J. Matz (TM 5986)
         Four Times Square
         New York, New York 10036
         (212) 735-3000

         - and-

       O'MELVENY & MYERS LLP

       By: /s/ Tom A. Jerman
         Tom A. Jerman (TJ 1129)
         Jessica Kastin (JK 2288)
         1625 Eye Street, NW
         Washington, DC 20006
         (202) 383-5300

        Attorneys for Delphi Corporation, et al.,
         Debtors and Debtors-in-Possession

**Hearing Date And Time: August 29, 2007 at 10:00 a.m.**
**Objection Deadline: August 27, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER
  &amp; FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      -and-

SKADDEN, ARPS, SLATE, MEAGHER
  &amp; FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

      -and-

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Tom A. Jerman (TJ 1129)
  Jessica Kastin (JK 2288)

Attorneys for Delphi Corporation, et al.,
  Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698
Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
    In re                                 :         Chapter 11
                                                      :
DELPHI CORPORATION, et al.,         :         Case No. 05-44481 (RDD)
                                                      :
                              Debtors. :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 1113, AND 1114
AND FED. R. BANKR. P. 6004 AND 9019 APPROVING MEMORANDA OF UNDERSTANDING
AMONG USW, DELPHI, AND GENERAL MOTORS CORPORATION
INCLUDING MODIFICATION OF USW COLLECTIVE BARGAINING AGREEMENTS
<u>AND RETIREE WELFARE BENEFITS FOR CERTAIN USW-REPRESENTED RETIREES</u>

PLEASE TAKE NOTICE that on August 17, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed an Expedited Motion For Order Under 11 U.S.C. §§ 363, 1113, And 1114 And Fed. R. Bankr. P. 6004 And 9019 Approving Memoranda Of Understanding Among USW, Delphi, And General Motors Corporation Including Modification Of USW Collective Bargaining Agreements And Retiree Welfare Benefits For Certain USW-Represented Retirees (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on August 29, 2007 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), O'Melveny & Myers LLP, 1625 Eye Street, NW, Washington, DC 20006 (Att'n:  Tom A. Jerman), and Groom Law Group, Chartered, 1701 Pennsylvania Avenue NW Washington, DC 20006 (Att'n:  Lonie Hassel), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:  Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n:  Bonnie Steingart), (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), and (vii) counsel to the USW, Meyer, Suozzi, English & Klein, P.C., 1350 Broadway, Suite 501, New York,  New York 10018 (Att'n: Lowell Peterson) in each case so as to be **received** no later than **4:00 p.m. (prevailing Eastern time)** on **August 27, 2007** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Orders will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and the Case Management Orders, the Bankruptcy Court may enter a final order granting the Motion without further notice.

Dated:   New York, New York
         August 17, 2007

          SKADDEN, ARPS, SLATE, MEAGHER
           & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
     333 West Wacker Drive, Suite 2100
     Chicago, Illinois 60606
     (312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
     Four Times Square
     New York, New York 10036
     (212) 735-3000

- and-

O'MELVENY & MYERS LLP

By:   /s/ Tom A. Jerman
     Tom A. Jerman (TJ 1129)
     Jessica Kastin (JK 2288)
     1625 Eye Street, NW
     Washington, DC 20006
     (202) 383-5300

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession