UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                              :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                Debtors.            :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 363, 1113, AND 1114 AND FED. R. BANKR. P.
6004 AND 9019 APPROVING MEMORANDA OF UNDERSTANDING AMONG
USW, DELPHI, AND GENERAL MOTORS CORPORATION INCLUDING
MODIFICATION OF USW COLLECTIVE BARGAINING AGREEMENTS AND RETIREE
WELFARE BENEFITS FOR CERTAIN USW-REPRESENTED RETIREES

("USW 1113/1114 SETTLEMENT APPROVAL ORDER")

         Upon the expedited motion ("USW 1113/1114 Settlement Approval Motion" or

the "Motion"), dated August 17, 2007, of Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for an order under 11 U.S.C. §§ 363, 1113, and 1114 of the

Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019 approving (i) a memorandum of

understanding regarding Delphi's restructuring entered into among Delphi, General Motors

Corporation ("GM"), and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,

Allied Industrial and Service Workers International Union and its Local Union 87L (together, the

"USW"), relating to the Debtor's operations at Home Avenue, dated August 16, 2007 (with

attachments thereto, the "USW Home Avenue Settlement Agreement" or the "USW Home

Avenue Memorandum of Understanding") and a memorandum of understanding regarding

Delphi's restructuring entered into among Delphi, GM, and the USW relating to the Debtor's

operations at Vandalia, dated August 16, 2007 (with attachments thereto, the "USW Vandalia

Settlement Agreement" or the "USW Vandalia Memorandum of Understanding" and,

collectively with the USW Home Avenue Settlement Agreement, the "USW Settlement

Agreements" or the "USW Memoranda of Understanding"), that (a) modify, extend, or terminate

provisions of the existing collective bargaining agreements among Delphi and the USW (the

"USW CBAs") and (b) provide that Delphi and GM will undertake certain financial obligations

to Delphi's USW-represented employees and retirees to facilitate these modifications, (ii)

withdrawal without prejudice of the Debtors' Motion For Order Under 11 U.S.C. § 1113(c)

Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g)

Authorizing  Modification Of Retiree Welfare Benefits, dated March 31, 2006 (the "1113/1114

Motion") solely as it pertains to the USW and approving the parties' settlement of the 1113/1114

Motion solely as it pertains to the USW, and (iii) modification of retiree welfare benefits for

certain USW-represented retirees of the Debtors, all as more fully set forth in the USW

1113/1114 Settlement Approval Motion; and the only remaining conditions to the effectiveness

of the USW Settlement Agreements pursuant to Section G.1 thereof being ratification of the

USW Settlement Agreements by USW membership and this Court's entry of an approval order

satisfactory in form and substance to the USW, GM, and Delphi; and this Court having been

advised by counsel to the USW, GM, and Delphi that the form and substance of this order is

satisfactory to each of the USW, GM, and Delphi as required by Section G.1 of the USW

Settlement Agreement; and this Court having determined that the relief requested in the Motion

is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest;

and it appearing that proper and adequate notice of the Motion has been given and that no other

or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are hereby authorized to enter into the USW Home Avenue

Settlement Agreement, a copy of which is attached hereto as Exhibit 1, and to implement the

terms of the USW Home Avenue Settlement Agreement subject to ratification by the

membership.   The Debtors are hereby authorized to enter into the USW Vandalia Settlement

Agreement, a copy of which is attached hereto as Exhibit 2, and to implement the terms of the

USW Vandalia Settlement Agreement subject to ratification by the membership.

3.      Each of the signatories to the USW Settlement Agreements (each such

party, a "Signatory," and collectively, the "Signatories") is directed to take all actions necessary

or appropriate to effectuate the terms of this order and the terms of the USW Settlement

Agreements, including, without limitation, any and all actions necessary or appropriate to such

Signatory's implementation of and performance under the USW Settlement Agreements.

4.      The USW Settlement Agreements are binding on the Debtors, GM, and

the USW, respectively, subject to their terms and constitute valid and binding amendments to the

USW CBAs with authorized representatives of all individuals who were or are in a bargaining

unit represented by the USW, as permitted by section 1113 of the Bankruptcy Code and the

USW CBAs as amended, or otherwise, and the USW CBAs, in accordance with the USW

Settlement Agreements, are binding on the Debtors and the USW, respectively.

5.      The USW Settlement Agreements constitute valid and binding
amendments to existing retiree health and welfare benefits, as permitted by section 1114 of the
Bankruptcy Code, or otherwise.

6.      Notice of the USW 1113/1114 Settlement Approval Motion was properly
and timely served in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C.
§§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing
Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures,
entered on October 26, 2006 (Docket No. 5418), the Supplemental Order Under 11 U.S.C.
Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing
Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures,
entered on March 17, 2006 (Docket No. 2883), and by service upon (a) the USW, 21 Abbey
Avenue, Dayton, Ohio 45417, (b) counsel to the USW, Meyer, Suozzi, English & Klein, P.C.,
1350 Broadway, Suite 501, New York,  New York 10018, and (c) the active Delphi hourly
employees and hourly retirees who are represented by the USW at their individual addresses,
pursuant to an informational form of notice, a copy of which was attached to the USW
1113/1114 Settlement Approval Motion as Exhibit 1.

7.       The Debtors are authorized to withdraw, without prejudice, their
1113/1114 Motion solely as it pertains to the USW.  The 1113/1114 Motion is settled solely as it
pertains to the USW.

8.      Subject to Section G.2.e of the USW Home Avenue Settlement Agreement,
the USW shall receive an allowed general unsecured prepetition claim in the amount of $3
million against Delphi in complete settlement of all asserted and unasserted USW claims,
including without limitation asserted and unasserted claims of current and former Vandalia

4

Operations bargaining unit members.  The proceeds realized by the USW and/or the voluntary

employees' beneficiary association ("VEBA") trust, to be established by an entity other than GM,

Delphi, or their respective benefit plans, will be contributed directly to the VEBA trust to

provide certain retiree welfare benefits to certain eligible employees and retirees, including

certain current or future participants in the Delphi Hourly Rate Employee Pension Plan or the

GM Hourly Rate Employee Pension Plan, and their dependents.  The VEBA shall be

administered by an independent committee (the "Committee") which shall be the sponsor,

"named fiduciary" and plan administrator of the VEBA.  The Committee shall consist of (i) two

members not affiliated with either GM or Delphi and appointed by the USW and (ii) three

members who shall not have any affiliation with the Delphi, GM, or the USW and who shall

consist of health care, employee benefits, or ERISA experts or asset management experts or

similarly qualified persons ("Independent Committee Member").  Prior to the termination of such

an Independent Committee Member, the three Independent Committee Members shall recruit

and select replacement Independent Committee Members to fill any vacancies among the three

of them.  Neither Delphi nor GM shall have any responsibility for or involvement with respect to

the establishment or administration of the VEBA; provided however that GM and Delphi shall

reasonably cooperate with appropriate information requests made by the Committee in order to

allow it to administer the VEBA.  The USW shall have the power to remove or replace the

members it appoints.

   9. As a condition precedent to the effectiveness of certain obligations of the

parties pursuant to Section G.2 of the USW Settlement Agreements and as provided in Section

G.3 of the USW Settlement Agreements, any Debtors' plan of reorganization (the "Delphi

Reorganization Plan") that is consistent with the USW Settlement Agreements and any

confirmation order entered into with respect to such plan shall include the following provisions:

(a)     On the effective date of the Delphi Reorganization Plan, the USW, all employees and former employees of Delphi represented or formerly represented by the USW, and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates, the Delphi HRP, the Delphi Health Care Program for Hourly Employees and the Delphi Life and Disability Benefits Program for Hourly Employees, GM, its subsidiaries or affiliates, the GM HRP, the GM Health Care Program for Hourly Employees, and the GM Life and Disability Benefits Program for Hourly Employees, and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the USW CBAs and the collective bargaining agreements between GM and the USW related to such employees and the USWA-GM-Delphi Memorandum of Understanding – Benefit Plan Treatment dated December 10, 1999 regarding pension and other matters concerning the employment of GM employees with Delphi Automotive Systems related to such employees (provided, however, that claims for benefits provided for or explicitly not waived under the provisions of the USW Settlement Agreements (including, but not limited to, workers' compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law, and rights, if any, to vested pension benefits, unemployment compensation benefits, future claims arising out of the modified USW CBAs and pending ordinary course grievances of employees remaining in the workforce)) are not waived).

(b)     A plan exculpation and release provision (which provision shall be at least as comprehensive as the plan exculpation and release provision under the Delphi Reorganization Plan) for the USW released parties (which shall include the USW and each of their current or former members, officers, committee members, employees, advisors, attorneys, accountants, investment bankers, consultants, agents and other representatives) with respect to any liability such person or entity may have in connection with or related to the Delphi bankruptcy cases, the formulation, preparation, negotiation, dissemination, implementation, administration, confirmation, or consummation of any of the

Delphi Reorganization Plan, the disclosure statement concerning the plan, the USW Settlement Agreements, or the Agreements on Attachment E thereto, or any contract, employee benefit plan, instrument, release, or other agreement or document created, modified, amended, or entered into in connection with either the Delphi Reorganization Plan or any agreement between the USW or Delphi, or any other act taken or omitted to be taken consistent with the USW Settlement Agreements in connection with the Delphi bankruptcy.

(c)    The USW Settlement Agreements and the agreements referenced in Attachment E thereof shall be assumed under 11 U.S.C. § 365.

10.    Effective upon allowance of the general unsecured prepetition claim set forth in Paragraph 8 above of this order, all claims referenced in the USW Settlement Agreements (other than any claims of GM against any of the Debtors), including those claims listed on Exhibit 2, a copy of which is attached hereto, are hereby deemed waived and withdrawn with prejudice.

11.    Nothing contained in the USW Settlement Agreements shall constitute an assumption of any agreement described therein, including, without limitation, any USW CBA (except as provided for in Section G.3 of the USW Settlement Agreement) or any commercial agreement between GM and Delphi, nor shall anything therein be deemed to create an administrative or priority claim with respect to GM or convert a prepetition claim into a postpetition claim or an administrative expense with respect to any party. The USW Settlement Agreements are without prejudice to any party-in-interest (including the parties to the USW Settlement Agreements and the Debtors' statutory committees) in all other aspects of Delphi's chapter 11 cases and each party to the USW Settlement Agreements shall reserve all rights not expressly waived therein. Further, nothing in the Motion, the USW Settlement Agreement, this Court's approval of such agreement, the performance of any obligation thereunder, or any other document shall prejudice any right or remedy of any Debtor against any other Debtor with

7

respect to the allocation of Delphi's obligations under the USW Settlement Agreements or claims asserted against, or payments by, Delphi thereunder, all of which rights are expressly preserved.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and performance of this order and the USW Settlement Agreements, and over each of the Signatories in connection therewith, through the effective date of a plan of reorganization proposed by the Debtors and confirmed by this Court (and thereafter to the extent provided for in such reorganization plan); provided, however, that the Court's jurisdiction shall not extend to any bilateral agreements of the USW and GM.

13.     Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, (a) this order shall take effect immediately upon its entry, (b) upon entry of this order, the Debtors are authorized to take any and all necessary actions to implement the terms of the USW Settlement Agreements, including executing any amendments to existing collective bargaining agreements consistent in all material respects with the USW Settlement Agreements, and (c) the USW Settlement Agreements shall become effective upon entry of this order and, to the extent required, satisfaction of the conditions set forth in the USW Settlement Agreements.

14.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       August ___, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**USW Home Avenue Settlement Agreement**

## **Exhibit 2**

**USW Vandalia Settlement Agreement**

## Exhibit 3