TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re: :
: Chapter 11
DELPHI CORPORATION, et al., : Case No. 05-44481 [RDD]
:
Debtors. : Jointly Administered
:
-----------------------------------------------------------------x

# DEBTORS' STATEMENT IN FURTHER SUPPORT OF DEBTORS' OBJECTION TO PROOF OF CLAIM NOS. 11317, 11470 AND 11457 (BANK OF AMERICA, N.A.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), by their undersigned counsel, submit this Statement In Further Support Of Debtors' Objection To Proof Of Claim Nos. 11317, 11470 And 11457 (Bank Of America, N.A.) (the "Notice of Sufficiency Hearing") and respectfully state:

## PRELIMINARY STATEMENT

1. The Debtors seek entry of an Order expunging the contingent and protective claims filed by Bank of America, N.A. ("Bank of America"), without prejudice. Bank of America filed proof of claim nos. 11317, 11470 and 11457, all in the exact same amount -- $38,127,592.68 -- and which together total more than $114.3

million as protective lease rejection damage claims.

      2.     The Debtors are timely performing under the two lease agreements which form the basis of the Bank of America claims. Consequently, no lease rejection damages are due and owing to Bank of America.

      3.     The Debtors seek entry of an Order to provide that the Bank of America claims be expunged, without prejudice, and that, in the event that the Debtors ever reject the underlying lease agreements, such claims would be automatically reinstated without further notice or action by Bank of America.

      4.     The relief sought by the Debtors is consistent with and in furtherance of the framework agreement that is designed to facilitate the Debtors' successful emergence from bankruptcy for the benefit of all stakeholders, and without prejudice to Bank of America.

      5.     The proposed withdrawal of Bank of America's protective claims is also consistent with the procedure set forth in paragraph 8 of the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) entered by this Court on April 12, 2006 (the "Bar Date Order").

      6.     The Debtors have attempted to negotiate a Joint Stipulation and Agreed Order with Bank of America, but have been unable to obtain Bank of America's consent to the proposed Joint Stipulation and Order, necessitating the filing of the Notice of Sufficiency Hearing as contemplated by paragraph 9(b)(i) of the Order Pursuant to 11 U.S.C. §502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No.

6089) entered by this Court on December 7, 2006 (the "Claim Objection Procedures Order").[1]

## THE BANK OF AMERICA PROTECTIVE CLAIMS

7. On March 30, 2001, Bank of America's predecessor-in-interest, Fleet National Bank, entered into two aircraft leases (the "Learjet Lease" and the "Challenger Lease," collectively the "Leases") with SM 5105 LLC ("SMLLC"). On the same day, Delphi and Delphi Automotive Systems LLC ("DAS LLC"), guaranteed SMLLC's obligations under the Leases.

8. On December 16, 2003, SMLLC assigned its rights and obligations under the Leases to Delphi Automotive Systems Human Resources LLC ("DAS HR LLC"). On the same day, pursuant to amendments to the Guarantees, Delphi and DAS LLC guaranteed DAS HR LLC's obligations under the Leases.

9. On October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.[2]

10. On July 27, 2006, Bank of America filed proof of claim numbers

---

[1] Paragraph 9(b)(i) of the Claim Objection Procedures Order provides:

To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

[2] Bank of America objected to entry of the October 28, 2005 Final Order of the Court authorized the Debtors to, *inter alia*, obtain post-petition financing and use of cash collateral, even though a paragraph was incorporated in that Order to specifically address Bank of America's concerns. Bank of America's objection to that Order was overruled. Shortly thereafter, Bank of America filed a Motion for an Order granting adequate protection liens of its interest in aircraft collateral that it leases to the Debtors. That Motion was resolved by a Consent Order dated January 12, 2006 [Docket No. 1805]. Immediately thereafter, Bank of America commenced Adversary Proceeding No. 06-01121 for a declaration concerning the priority and extent of its liens against the aircraft collateral. After extensive negotiations, that Adversary Proceeding was resolved and dismissed by a Stipulation and Order of the Court dated April 26, 2006.

11317, 11470 and 11457 (each a "Proof of Claim" and, collectively, the "Proofs of Claim"). Proof of Claim 11317 asserts a priority claim in the amount of $38,127,592.68 against Delphi. Proof of Claim 11470 asserts a priority claim in the amount of $38,127,592.68 against DAS LLC. Proof of Claim 11457 asserts a priority claim in the amount of $38,127,592.68 against DAS HR LLC.

11. The Proofs of Claim assert claims for rejection damages arising out the possible future rejection of the Leases. According to Bank of America's Response, as defined below, each of the Proofs of Claim is "in the amount of $38,127,592.68, plus interest, late charges, taxes, expenses of collection, attorneys' fees and damages for violations of the lease which are currently unknown or cannot be determined until the aircraft is returned." Response, ¶ 35.

12. At this time, the Debtors have neither assumed nor rejected the Leases.[3]

13. On May 22, 2007, the Debtors objected to the Proofs of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

14. On June 19, 2007, Bank of America filed its Response To Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R.

---

[3] The Debtors expressly reserve all of their rights and defenses with respect to the calculation of rejection damages reflected in the Proofs of Claim and believe that the Proofs of Claim are grossly overstated.

4

Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8309) (the "Response") .

15. The Debtors and Bank of America have discussed the appropriate treatment of the Proofs of Claim to attempt to resolve the Fifteenth Omnibus Claims Objection with respect to the Proofs of Claim, but have been unable to resolve their differences, which necessitated the filing of the Debtors' Notice of Sufficiency Hearing as contemplated by paragraph 9(b)(i) of the Claim Objection Procedures Order.

**RELIEF REQUESTED**

16. The Debtors seek an Order (i) expunging the Proofs of Claim without prejudice, and (ii) providing that in the event that the Debtors reject the Learjet Lease or the Challenger Lease, the Proofs of Claim will be automatically reinstated without further notice or action from Bank of America.

17. As of January 31, 2007, more than 16,500 proofs of claim and scheduled liabilities sought liquidated and unliquidated amounts from the Debtors for amounts in excess of $1.7 billion. Many of these claims are protective in nature and were filed in anticipation of the possible rejection of various executory contracts and unexpired leases. The Debtors have negotiated for the withdrawal of many of such claims, without prejudice to reinstatement of the claims should the relevant executory contracts or unexpired leases be rejected. The same treatment should apply to the claims filed by Bank of America.

18. The Debtors have negotiated in this manner based on paragraph 8 of the Bar Date Order, which provides:

> Notwithstanding anything in this Order to the contrary, the

> holder of any Claim arising from the rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Court in an order authorizing such rejection (the "Rejection Bar Date," and together with the General Bar Date and the Amended Schedule Bar Date, the "Bar Dates").

Bar Date Order, ¶ 8.

19. The Bar Date Order was entered by the Court pursuant to, inter alia, Federal Rule of Bankruptcy Procedure 3003(c)(3), which provides in pertinent part that the "court shall fix . . . the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).

20. Courts have recognized that "Orders issued pursuant to Bankruptcy Rule 3003(c)(3) bring to light all the claims against the debtor so the parties may negotiate with complete knowledge of the debtor's financial condition. The claims bar deadline is set by the [B]ankruptcy [C]ourt, in its discretion, to further the sound administration of the bankruptcy proceedings." In re STN Enterprises, Inc., 99 B.R. 218, 220 (D. Vt. 1988) (citing In re Arrow Air, Inc., 75 B.R. 375, 377 (Bankr. S.D. Fla. 1987)). See also In re Arrow Air, 75 B.R. at 378 ("an essential purpose of setting a claims deadline, in this as in other reorganization cases, is to fully inform participants in the reorganization process as to the debtor's liabilities. Armed with this knowledge, proposals may be evaluated with confidence, and negotiations may proceed without being hindered by undue caution or skepticism caused by ignorance.").

21. In this case, the framework to facilitate the Debtors' successful emergence from bankruptcy requires that the aggregate of certain pre-petition trade and other unsecured claims be reduced to no more than $1.7 billion. The presence of

6

the Proofs of Claim, which total in excess of $114 million, hinders the Debtors' reorganization attempts because it suggests that the Debtors carry more liabilities than presently exist.

22. Bankruptcy Rule 3003(c)(3) provides this Court with flexibility to fix the time within which proofs of claim may be filed. The relief sought by the Debtors, expunging the Bank of America Proofs of Claim now, to be deemed automatically refiled by Bank of America if and when ever the Leases are rejected, falls within such discretion. Moreover, such treatment is appropriate and necessary in this case and will provide a benefit to all the Debtors' stakeholders while imposing no prejudice to Bank of America.

23. Based upon all the foregoing, the Debtors respectfully request entry of an Order expunging the Bank of America Proofs of Claim without prejudice, with such proofs of claim to be deemed automatically reinstated without further notice or action from Bank of America should the Debtors elect to reject the Leases.

Dated: New York, New York
       August 24, 2007

                      DELPHI CORPORATION, et al.,
                      Debtors and Debtors-in-Possession,
                      By their Bankruptcy Conflicts Counsel,

                      TOGUT, SEGAL & SEGAL LLP,
                      By:

                      /s/ Neil Berger
                      NEIL BERGER (NB-3599)
                      A Member of the Firm
                      One Penn Plaza, Suite 3335
                      New York, New York 10119
                      (212) 594-5000