YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
Joseph M. Barry (NY JB1560; DE 4221)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re                                            :
                                                 :    Chapter 11
DELPHI CORPORATION, et al.,                      :
                                                 :    Case No. 05-44481 (RDD)
                              Debtors.           :
                                                 :    (Jointly Administered)
------------------------------------------------------:

## RESPONSE OF TYCO ELECTRONICS CORPORATION
## TO DEBTORS' SEVENTEENTH OMNIBUS CLAIMS OBJECTION

Tyco Electronics Corporation ("TE"), by and through its undersigned counsel, hereby responds to the objection of the above-captioned debtors (the "Debtors") to the proof of claim of TE, Claim No. 10707 (the "Claim") as set forth on Exhibit E-1 to the Debtors' Seventeenth Omnibus Claims Objection [Docket No. 8270] (the "Omnibus Objection"), and in support thereof, states as follows:

### BACKGROUND

1.  On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  Prior to the Petition Date, TE was a supplier of goods and services to the Debtors.

3.  On December 12, 2005, this Court entered an order (the "Assumption Procedures Order") authorizing the Debtors to assume certain agreements with suppliers who

were of particular importance to the Debtors' continued operations. TE was one such supplier and in or about May 2006, the Debtors and TE entered into an assumption agreement (the "TE Assumption Agreement") in accordance with the procedures set forth in the Assumption Procedures Order.

4.  On July 26, 2006, TE filed the Claim in the amount of $12,731,160.31 with respect to goods and services provided to the Debtors prior to the filing of these bankruptcy cases.

5.  On June 15, 2007, the Debtors filed the Omnibus Objection by which the Debtors sought, *inter alia*, to reduce the Claim to $1,892,948.59.

6.  On or about July 23, 2007, the Debtors and TE entered into a stipulation whereby TE agreed that the Claim could be reduced and capped in the amount of $4,389,119.31 on account of payments made to TE in connection with the TE Assumption Agreement.

7.  Following the application of payments received pursuant to the TE Assumption Agreement, TE undertook an extensive reconciliation of those payments to specific outstanding invoices, of which there were over 12,000. This process was exhaustive and took hundreds of man hours and months to complete. The result indicated a balance due to TE, following application of all payments made in connection with the TE Assumption Agreement, of $2,997,056.41 (the "Remaining Claim") as set forth more fully on Exhibit A annexed hereto (the "TE Reconciliation").

## BASES FOR OVERRULING THE
## OBJECTION TO THE CLAIM

8.  While TE agrees the full amount of the Claim is no longer due and owing, TE submits that it has received no payments on account of the Remaining Claim and the Remaining Claim, as evidenced by the documents attached to the Claim (as supplemented by the

2

TE Reconciliation), is self-sustaining and constitutes *prima facie* evidence of the existence of the Remaining Claim. The Debtors have not sustained their burden in opposition to the Remaining Claim.

### The Remaining Claim is Prima Facie Valid and Should be Allowed as Filed

9. It is axiomatic that a timely filed proof of claim is *prima facie* valid provided it complies with the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3001. *See, e.g, In re Waterman*, 248 B.R. 567, 570 (8th Cir. B.A.P. 2000) (citing *Brown v. I.R.S. (In re Brown)*, 82 F.3d 801, 805 (8th Cir. 1996)). To overcome this *prima facie* evidence, the party objecting to the proof of claim must come forth with evidence of probative force equal to that of the proof of claim. *See, e.g., Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 552 (5th Cir. 1985); *see also McDaniel v. Riverside County Dep't Of Child Support Servs. (In re McDaniel)*, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001) ("A proof of claim which comports with the requirements of Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim," and filing an objection "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence."); *Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993)* ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by <u>substantial evidence</u>") (emphasis in original).

10. Only after the objecting party has introduced sufficient evidence to rebut the *prima facie* effect of the proof of claim does the burden revert to the claimant to prove the validity of the claim by a preponderance of the evidence. *See, e.g., Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 533 (5th Cir. 2004) (*citing In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998));

3

*Fullmer v. United States (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("Th[e] evidentiary presumption [of a properly filed proof of claim] remains in force even though an objection to the claim is filed by a party in interest. To overcome this *prima facie* effect, the objecting party must bring forward evidence equal in probative force to that underlying proof of claim. Only then is the ultimate burden of persuasion with the proponent of the proof of claim") (internal citations omitted).

11. In the Omnibus Objection, the Debtors failed to state any basis in law or fact for reducing that portion of the Claim that relates to the Remaining Claim, other than the oft-cited platitude "books and records." As such, the Debtors' Objection is devoid of any admissible evidence to rebut the *prima facie* validity of that portion of the Claim that relates to the Remaining Claim. Instead, the Omnibus Objection relies solely upon the representation that the amount of the Claim is incorrect. Indeed, the Omnibus Objection does not even mention the TE Assumption Agreement, which represents the only basis to reduce the Claim at all.

12. The Claim was properly and timely filed, includes any and all information relevant to establishing its *prima facie* validity and the Debtors have offered no substantive argument or evidence to rebut the validity of the invoices representing the Remaining Claim.

13. Simply put, the Debtors have not sustained their burden of proof. As such, the Omnibus Objection should be overruled to the extent it seeks a reduction below the amount of the Remaining Claim and the Claim should be allowed in the amount of the Remaining Claim.

4

DB02:6117203.1                                                                                                                                    065057.1001

**WHEREAS**, TE respectfully requests that an Order be entered: (i) overruling the Debtors' Objection to the extent it seeks a reduction below the amount of the Remaining Claim, (ii) allowing the Remaining Claim, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: August 28, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Joseph M. Barry (NY JB1560; DE 4221)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jbarry@ycst.com