SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

APPLICATION UNDER LOCAL BANKRUPTCY
RULE 2090-1(b) FOR ADMISSION *PRO HAC VICE* (NATHAN L. STUART)

("PRO HAC VICE APPLICATION – NATHAN L. STUART")

1. Kayalyn A. Marafioti ("Movant"), a member in good standing of the Bar of the State of New York, an attorney admitted to practice before the United States Bankruptcy Court for the Southern District of New York, and a member of Skadden, Arps, Slate, Meagher and Flom LLP ("Skadden, Arps"), hereby submits this application (the "Application") for an order permitting Nathan L. Stuart of Skadden, Arps to practice pro hac vice before the United States Bankruptcy Court for the Southern District of New York and to appear and represent Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors"), under Rule 2090-1(b) of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules"). In support of the Application, the Movant states as follows:

2. Nathan L. Stuart is an associate at Skadden, Arps. Based on the annexed certification, Mr. Stuart is admitted, practicing, and in good standing as a member of the bar of the State of Illinois as well as the United States District Court for the Northern District of Illinois. Mr. Stuart has been practicing law since 2002. There are no disciplinary proceedings pending against Mr. Stuart.

3. The Movant requests that this Court grant this Application so that Mr. Stuart may file pleadings and appear and be heard at hearings in the above-captioned chapter 11 cases.

4. Pursuant to the annexed certificate, Mr. Stuart submits to the disciplinary jurisdiction of this Court for any alleged misconduct that occurs in the course of these cases. In addition, as indicated on the attached certificate, Mr. Stuart has acquired or has access to a copy of the Local Rules and is generally familiar with such rules.

5. Mr. Stuart is submitting a fee of $25 upon the filing of this Application.

<u>Memorandum Of Law</u>

6. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Movant respectfully requests that this Court enter an order (a) permitting Nathan L. Stuart to appear <u>pro hac vice</u> in association with the Movant as counsel for the Debtors in these chapter 11 cases and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
August 29, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By: /s/ Kayalyn A. Marafioti
           Kayalyn A. Marafioti (KM 9632)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, <u>et al.</u>,
          Debtors and Debtors-in-Possession

## CERTIFICATE

   The undersigned hereby verifies the accuracy of the statements made in paragraphs 2, 4, and 5 of the foregoing Application.  The undersigned further certifies that he is eligible for admission to this Court, is admitted to practice and is in good standing in the jurisdictions set forth in the Application, submits to the disciplinary jurisdiction of this Court for any alleged misconduct that arises in the course of these chapter 11 cases pursuant to Local Bankruptcy Rules for the Southern District of New York, and has acquired or has access to a copy of such rules and is generally familiar with such rules.

Dated: New York, New York
   August 29, 2007

               /s/ Nathan L. Stuart
               NATHAN L. STUART