TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
In re                                                     :    Chapter 11
                                                          :
    DELPHI CORPORATION, et al.,            :    Case No. 05-44481 [RDD]
                                                          :
               Debtors.    :    (Jointly Administered)
                                                          :
------------------------------------------------------------X


**JOINT SETTLEMENT AGREEMENT, STIPULATION AND
AGREED ORDER BETWEEN DELPHI AUTOMOTIVE SYSTEMS, LLC
AND THE WORTHINGTON STEEL COMPANY TO APPROVE
SETOFF AND DISALLOW AND EXPUNGE CLAIM NUMBER 9041**

        **WHEREAS,** on October 8, 2005 (the "Petition Date"), Delphi Corporation

("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors; and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases; and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

**WHEREAS**, on January 5, 2007, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their postpetition financing

2

and prepetition secured debt (the "Refinancing Order" and, together with the Final DIP Order, the "DIP Orders"); and

**WHEREAS**, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights; and

**WHEREAS,** prior to the Petition Date, The Worthington Steel Company (the "Claimant") and Delphi Automotive Systems, LLC ("DAS") participated in a direct supply program and a resale program; and

**WHEREAS,** on July 10, 2006 Claimant filed proof of claim #9041 in the amount of $400,782.24 (the "Claim"); and

**WHEREAS**, on July 13, 2007, the Debtors filed their Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims, (b) Claims not Reflected on Debtors' Books and Records, (c) Untimely Claim, and (d) Claims Subject to Modification, Tax, Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims, pursuant to which the Debtors objected to the Claim; and

**WHEREAS**, consistent with the DIP Orders, by letter dated May 30, 2006 (the "Demand"), Claimant sought authority to exercise a setoff of the Claim owed by DAS to Claimant (the "Prepetition Receivable") and prepetition debts owed by Claimant to DAS (the "Prepetition Payable"); and

3

**WHEREAS**, in the Demand, Claimant alleges that based on its review of DAS's accounting records to which Claimant has access, DAS had set off the Prepetition Receivable and Prepetition Payable on a post-petition basis, leaving a balance due from Claimant to DAS of approximately $352,391 (the "Net Payable"); and DAS had thereafter taken and applied the Net Payable against the postpetition accounts receivable invoices that were issued by Claimant to DAS and which are set forth in the attached Exhibit "1" (the "Post-Petition Receivable") in the ordinary course of business; and

**WHEREAS,** consistent with the allegations in the Demand, DAS has confirmed that it did apply and take a credit in the amount of the Net Payable against the Post-Petition Receivable; and

**WHEREAS**, after arm's length negotiations, DAS and Claimant have reconciled the amounts of the Prepetition Receivable and the Prepetition Payable, as set forth in the attached Exhibit "2"; and

**WHEREAS**, the Debtors are authorized to enter into this agreement pursuant to the DIP Orders or because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006; and

**WHEREAS**, the Debtors and the Claimant (the "Parties") have agreed to settle and resolve the Claim upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. This agreement (the "Settlement Agreement") constitutes an agreement between the Parties hereto and shall be effective immediately upon the date of becoming "So Ordered" by the Bankruptcy Court (the "Effective Date").

2. Exhibit "2" sets forth the invoices (the "Invoices") and the reconciled amounts of the Pre-Petition Receivable and Pre-Petition Payable that are the subject of the Demand.

3. Upon the Effective Date, Claimant shall be authorized to set off the amount of the Prepetition Receivable, as reconciled in Exhibit "2", against the amount of the Prepetition Payable, as reconciled in Exhibit "2", pursuant to section 553 of the Bankruptcy Code (the "Setoff") and paragraph 18 of the Final DIP Order.

4. Upon the Effective Date, the Claim shall be deemed fully satisfied, the Claim shall be expunged, and the Debtors' objection to the Claim compromised and resolved.

5. The Setoff shall constitute full satisfaction of the net amount owed pre-petition by Claimant to DAS; and, by this Agreement, the Debtors acknowledge full satisfaction of the Net Payable.

6. This Settlement Agreement resolves all claims and defenses that were raised or could have been raised that relate to or arise from the Parties' respective pre-petition setoff rights, and , the Parties retain all of their other rights, claims, and defenses.

7. This Settlement Agreement may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

8. The agreements, terms, and provisions contained in this Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases and any chapter 7 trustee if any of these chapter 11 cases is converted to a chapter 7 case.

9. It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to resolve the Debtors' objections to the Claim and to avoid litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

10. This Settlement Agreement constitutes the entire agreement between the Parties regarding the resolution of the Setoff and Claim and supersedes all other prior agreements and understandings, both written and oral, between the Parties regarding the Setoff and Claim.

11. The signatories below represent that they are authorized to enter into this Settlement Agreement.

12. This Settlement Agreement is being entered into among competent parties who are experienced in business and represented by counsel, and has been

reviewed by the Debtors, Claimant and their respective counsel.  Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

13. This Settlement Agreement may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Settlement Agreement and to resolve any disputes in connection herewith.

**[signatures on next page]**

Dated:  New York, New York
        July 26, 2007

                DELPHI CORPORATION, et al.,
                Debtors and Debtors-in-Possession,
                By their Bankruptcy Conflicts Counsel,
                TOGUT, SEGAL & SEGAL LLP,
                By:

                /s/ Neil Berger
                NEIL BERGER (NB-3599)
                A Member of the Firm
                One Penn Plaza, Suite 3335
                New York, New York 10119
                (212) 594-5000

Dated:  Columbus, Ohio
        July 26, 2007

                THE WORTHINGTON STEEL COMPANY
                By their Attorneys,
                VORYS, SATER, SEYMOUR AND PEASE LLP
                By:

                /s/ Tiffany Strelow Cobb
                TIFFANY STRELOW COBB
                (Ohio Bar No. 0067516)
                52 East Gay Street
                Columbus, Ohio 43216
                (614) 464-6400


**SO ORDERED** this 29th day of August, 2007
in New York, New York


    /s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE