TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                              :
In re                                         :        Chapter 11
                                              :
    DELPHI CORPORATION, *et al.*,             :        Case No. 05-44481 (RDD)
                                              :
                            Debtors.          :        (Jointly Administered)
                                              :
-------------------------------------------------------------X

## JOINT SETTLEMENT AGREEMENT, STIPULATION, AND AGREED ORDER TO PERMIT SETOFF OF OBLIGATIONS BETWEEN DELPHI AUTOMOTIVE SYSTEMS, DELPHI MECHATRONICS SYSTEMS, INC. AND MURATA ELECTRONICS NORTH AMERICA, INC. AND TO <u>RESOLVE OBJECTIONS TO AND REDUCE CLAIM NUMBERS 11052 AND 11053</u>

**WHEREAS,** on October 8, 2005, Delphi Corporation ("Delphi") and

certain of its U.S. subsidiaries (the "Initial Filers") including, without limitation,

Delphi Automotive Systems, LLC ("DAS") and Delphi Mechatronic Systems, Inc.

("Mechatronics"), filed voluntary petitions for reorganization relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy

Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");  and

WHEREAS, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, as debtors and debtors-in-possession, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code;  and

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code;  and

WHEREAS, the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404);  and

WHEREAS, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors;  and

WHEREAS, pursuant to an Amended Notice dated May 11, 2006, the Office of the Unites States Trustee appointed a committee of equity security holders; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases;  and

WHEREAS, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2);  and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order");  and

**WHEREAS**, on January 5, 2007, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their postpetition financing and prepetition secured debt (the "Refinancing Order" and, together with the Final DIP Order, the "DIP Orders");  and

**WHEREAS**, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights;  and

**WHEREAS,** on July 26, 2006, Murata Electronics North America, Inc. (the "Claimant") timely filed proof of claim #11052 against Mechatronics in the total amount of $35,944.52, which includes:  (a) an unsecured claim in the amount of $31,393.31 (the "Mechatronics Unsecured Claim");  (b) a secured claim in the amount of $913.00 secured by right of setoff (the "Mechatronics Secured Claim");  and (c) a priority reclamation claim in the amount of $3,638.21 (the "Mechatronics Reclamation Claim," and together with the Mechatronics Unsecured Claim and the Mechatronics Secured Claim, the "Mechatronics Claims");  and

**WHEREAS,** on July 26, 2006, Claimant timely filed proof of claim #11053 against DAS in the total amount of $3,725,211.05, which includes:  (a) an unsecured claim in the amount of $3,579,343.86 (the "DAS Unsecured Claim");  (b) a secured claim

3

in the amount $33,926.12, secured by right of setoff (the "DAS Secured Claim"); and

(c) a priority reclamation claim in the amount of $111,941.07 (the "DAS Reclamation

Claim"); and

**WHEREAS,** consistent with the DIP Orders, on July 20, 2006, Claimant

submitted a notice (the "Notice") seeking authorization to setoff amounts owed by it to

DAS and Mechatronics and against larger amounts Claimant is owed by DAS and

Mechatronics; and

**WHEREAS**, in the Notice, Claimant alleges that DAS owes Claimant

$3,725,211.05 (the "DAS Payable"); and

**WHEREAS**, in the Notice, Claimant alleges that Mechatronics owes

Claimant $35,945.52 (the "Mechatronics Payable," and collectively with the DAS

Payable, the "Payables"); and

**WHEREAS,** Claimant alleges that it is entitled; (a) to setoff amounts that

Claimant owes DAS (the "DAS Receivable") against the DAS Payable; and (b) to setoff

amounts that Claimant owes Mechatronics (the "Mechatronics Receivable," and

collectively with the DAS Receivable, the "Receivables") against the Mechatronics

Payable; and

**WHEREAS,** DAS agrees that under the facts germane to the transaction,

Claimant may setoff the DAS Receivable against the DAS Payable; and

**WHEREAS,** Mechatronics agrees that under the facts germane to the

transaction, Claimant may setoff the Mechatronics Receivable against the Mechatronics

Payable; and

4

**WHEREAS,** Claimant has asserted a warranty cancellation claim in the amount of $26,560 against DAS (the "DAS Cancellation Claim," and collectively with the DAS Unsecured Claim, the DAS Secured Claim, and the DAS Reclamation Claim, the "DAS Claims"; the DAS Claims hereinafter with the Mechatronics Claims, the "Claims"); and

**WHEREAS**, on or about April 27, 2007, the Debtors objected to the DAS Claims, pursuant to the Debtors' Thirteenth Omnibus Objection (the "Objection"); and

**WHEREAS**, the Debtors are authorized to enter into this agreement (the "Settlement Agreement") pursuant to the DIP Orders and that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) (the "Settlement Procedures Order") entered by this Court on June 26, 2007; and

**WHEREAS**, after arm's length negotiations, the Debtors and Claimant (together, the "Parties") have reconciled the amount of the Receivables as set forth in the attached Exhibit "1"; and

**WHEREAS**, the Parties have agreed to settle and resolve the issues arising under the Notice, the Objection and the Claims upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereto hereby agree and stipulate as follows:

5

1.      This Settlement constitutes an agreement between the Parties immediately upon the date of becoming "So Ordered" by the Bankruptcy Court (the "Effective Date").

2.      Exhibit "1" sets forth the agreed upon amounts of the Receivables that are the subject of the Notice.

3.      On the Effective Date, Claimant shall be deemed to have set off the DAS Receivable, as reconciled on Exhibit "1", against the DAS Payable and the Mechatronics Receivable, as reconciled on Exhibit "1", against the Mechatronics Payable (collectively, the "Setoff") pursuant to section 553 of the Bankruptcy Code, the DIP Orders and applicable nonbankruptcy law, such that the Receivables shall be deemed satisfied in full and shall no longer constitute an obligation of Claimant to any of the Debtors.

4.      On the Effective Date, the DAS Unsecured Claim and the DAS Cancellation Claim shall be combined and shall be allowed as a general unsecured claim against DAS in the amount of $3,605,903.86.

5.      On the Effective Date, the DAS Secured Claim shall be setoff against the DAS Receivable as provided in Paragraph 3 above, and the DAS Secured Claim shall be disallowed as a result of the Setoff.

6.      On the Effective Date, without prejudice to the assertion by Claimant that same is entitled an administrative expense priority, the DAS Reclamation Claim shall be allowed as either an unsecured claim or an administrative priority claim against DAS in the amount of $111,941.07.  Debtors agree that Claimant has timely

6

asserted the right to seek, pursuant to sections 546(c) and 503(b) of the Bankruptcy Code

and that certain Amended Final Order under 11 U.S.C. §§ 362, 503 and 546 and Fed. R.

Bankr. P. 9019 Establishing Procedures For the Treatment of Reclamation Claims (the

"Amended Final Reclamation Order"), administrative priority status for the DAS

Reclamation Claim on the grounds that Claimant has a valid reclamation claim.  The

Debtors reserve the right to seek judicial determination pursuant to the Amended Final

Reclamation Order that the Debtors have valid defenses to the priority status of the

DAS Reclamation Claim.  Claimant or its successors and assigns, upon written notice to

the Debtors may at any time through and including the confirmation of the applicable

plan of reorganization elect to treat the DAS Reclamation Claim as an allowed pre-

petition general unsecured claim.

       7.      On the Effective Date, the Mechatronics Unsecured Claim shall be

allowed as a general unsecured claim against Mechatronics in the amount of $31,393.31.

       8.      On the Effective Date, the Mechatronics Secured Claim shall be

setoff against the Mechatronics Receivable as provided in Paragraph 3 above, and the

Mechatronics Secured Claim shall be disallowed as a result of the exercise of the Setoff.

       9.      On the Effective Date, without prejudice to the assertion by

Claimant that same is entitled an administrative expense priority, the Mechatronics

Reclamation Claim shall be allowed as either an unsecured claim or an administrative

claim against Mechatronics in the amount of $3,638.21.   Debtors agree that Claimant

has timely asserted the right to seek, pursuant to sections 546(c) and 503(b) of the

Bankruptcy Code and the Amended Final Reclamation Order, administrative priority

status for the Mechatronics Reclamation Claim on the grounds that Claimant has a valid

reclamation claim.  The Debtors reserve the right to seek judicial determination

pursuant to the Amended Final Reclamation Order that the Debtors have valid defenses

to the priority status of the Mechatronics Reclamation Claim.  Claimant or its successors

and assigns, upon written notice to the Debtors may at any time through and including

the confirmation of the applicable plan of reorganization elect to treat the Mechatronics

Reclamation Claim as an allowed pre-petition general unsecured claim.

10.     Except for the Setoff and the final allowance of the Claims

memorialized by this Settlement Agreement, the Debtors and Claimant retain all of

their other rights, claims, and defenses.

11.     This Settlement Agreement may not be modified, amended, or

terminated, nor any of its provisions waived, except by an agreement in writing signed

by all of the Parties.

12.     The agreements, terms, provisions, and conditions contained in this

Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties and

their respective legal representatives, predecessors, successors, and assigns, including

any trustee, whether pursuant to Chapter 7 or Chapter 11, who may be appointed for

the Debtors.  The Debtors hereby represent and warrant to Claimant that they are

authorized to enter into this Stipulation and Order.

13.     It is expressly understood and agreed that the terms hereof,

including the recital paragraphs, are contractual;  that the agreement herein contained

and the consideration transferred hereunder is to resolve the Debtors' objections to the

Claims and to avoid litigation;  and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever to any person or entity other than the Parties.

14.    This Settlement Agreement constitutes the entire agreement between the Parties regarding the resolution of the Setoff and Claims and supersedes all other prior agreements and understandings, both written and oral, between the Parties regarding the Setoff and Claims.

15.    The signatories below represent that they are authorized to enter into this Settlement Agreement.

16.    This Settlement Agreement is being entered into among competent parties who are experienced in business and represented by counsel, and has been reviewed by the Debtors, Claimant and their respective counsel.  Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

17.    This Settlement Agreement may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18.    The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Settlement Agreement and to resolve any disputes in connection herewith.

**[signatures continued on next page]**

Dated:   New York, New York
      July 30, 2007

DELPHI CORPORATION, *et al.*,
(INCLUDING, WITHOUT LIMITATION,
DAS AND MECHATRONICS),
Debtors and Debtors in Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

 /s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated:   New York, New York
      July 30, 2007

MURATA ELECTRONICS NORTH
AMERICA, INC.
By its Attorneys,
SEYFARTH SHAW LLP,
By:

 /s/ Robert W. Dremluk
ROBERT W. DREMLUK
1270 Avenue of the Americas
New York, New York 10020
(212) 218-5500


**SO ORDERED** this 29th day of August, 2007
in New York, New York


/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE