TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Richard K. Milin (RM-7755)

Conflicts Counsel for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
   In re                              :      Chapter 11
:
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
:
:      (Jointly Administered)
                     Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## JOINT STIPULATION AND ORDER TO CONSOLIDATE CERTAIN CLAIMS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Banco J.P. Morgan, S.A., Institucion De Banca Multiple, J.P. Grupo Financiero, Division Fiduciaria (in its capacity as Trustee of Trust F/00121), Prudential Financial, Inc., Prudential Investment Management, Inc., Prudential Real Estate Investors (a division of Prudential Investment Management, Inc.), PLA Holding VI, LLC, the PLA Industrial Fund I, LLC and PLA Mexico Industrial Manager I LLC (collectively, the "Claimants") respectfully submit this Joint Stipulation To Consolidate Certain Claims and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 31, 2006, the Debtors filed their (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").  In the Third Omnibus Claims Objection, the Debtors objected to proofs of claim nos. 12833, 12835, 12837, 14649, and 14650 (the "Adjourned Proofs of Claim") and proofs of claim nos. 12834 and 12836 (the "PLA Proofs of Claim") on the grounds that such claims were unsubstantiated by the Debtors' books and records.

WHEREAS the deadline to file a timely response to the Third Omnibus Claims Objection was November 24, 2006.

WHEREAS on November 22, 2006, the Claimants filed the Response Of (A) Banco J.P. Morgan, S.A., Institucion De Banca Multiple, J.P. Grupo Financiero, Division Fiduciaria, Not Individually, But In Its Capacity As Trustee Of Trust F/00121, (b) Prudential Financial, Inc., (C) Prudential Investment Management, Inc., (D) Prudential Real Estate Investors, A Division Of Prudential Investment Management, Inc., (E) PLA Holding VI, LLC, (F) PLA Mexico Industrial Manager I LLC And (G) PLA Industrial Fund I, LLC To Debtors' Third Omnibus Claim Objection  (Docket No. 5736) (the "Response") with respect to both the Adjourned Proofs of Claim and the PLA Proofs of Claim.

WHEREAS on December 7, 2006, this Court entered the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (Docket No. 6089) (the "Claims Objection Procedures Order").

WHEREAS on December 19, 2006, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (a) Claims With Insufficient Documentation And (b) Claims Unsubstantiated By Debtors' Books And Records, (II) Modifying Certain Claims, And (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) Identified In Third Omnibus Claims Objection (Docket No. 6224) (the "Order"), and such Order provided that the hearing regarding the objection to each claim for which a timely response was filed was to be adjourned.

WHEREAS due to a clerical error, instead of adjourning the hearing pertaining to the PLA Proofs of Claim, the Order disallowed and expunged the PLA Proofs of Claim.

WHEREAS the Debtors acknowledge that the PLA Proofs of Claim were erroneously expunged and disallowed.

WHEREAS the PLA Proofs of Claim and Adjourned Proofs of Claim all seek indemnification for the maximum amount of a single potential loss on behalf of different assertedly indemnified Claimants.

WHEREAS, to clarify their claims, the Claimants have agreed to consolidate the Adjourned Proofs of Claim and PLA Proofs of Claim.

NOW, THEREFORE, it is hereby stipulated and agreed between the Debtors and the Claimants as follows:

1.    Proof of Claim no. 12833 (the "Surviving Claim") shall survive as a general unsecured claim against Delphi Corporation on behalf of each of the Claimants.

2.    The asserted amount of the Surviving Claim shall be $2 million, provided, however, that the Claimants reserve their rights to amend the Surviving Claim solely to change its amount or the identity of the Debtor against which it is asserted (a) for purposes of obtaining

3

payment with respect to their claim, at any time thirty (30) or more days prior to the date established by the Court as the deadline by which the Debtors or Reorganized Debtors must file any objections to proofs of claim filed against the Debtors in these bankruptcy cases, and (b) for voting purposes, at any time thirty (30) or more days prior to the date established by the Court as the deadline by which votes must be cast with respect to a plan of reorganization for Delphi Corporation.

3. Each Claimant may assert an individual claim for any portion of the amount sought by the Surviving Claim as if the Claimant had been expressly named as a Claimant in the Surviving Claim, provided, however, that the aggregate amount of the Claimants' claims shall not exceed the amount stated in the Surviving Claim.

4. Subject to the terms and conditions of this Stipulation and Order, the PLA Proofs of Claim nos. 12834 and 12836 shall remain disallowed and expunged in their entirety and Adjourned Proofs of Claim nos. 12835, 12837, 14649, and 14650 shall also be disallowed and expunged in their entirety.

5. The hearing on the Surviving Claim shall be adjourned to a future claims objection hearing to be noticed by the Debtors pursuant to the Claims Objection Procedures Order.

6. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance or disallowance of the Surviving Claim asserted against any of the Debtors.

7. Entry of this joint stipulation is without prejudice to the Debtors' right to object, or to further object, to the Surviving Claim on any grounds whatsoever.

[**Concluded on the following page.**]

8. Entry of this joint stipulation is without prejudice to the Claimants' right to respond to any objection or further objection by the Debtors to the Surviving Claim on any grounds whatsoever.

So Ordered in New York, New York this <u>29TH</u> day of <u>AUGUST,</u> 2007

/S/Robert D. Drain\
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND\
APPROVED FOR ENTRY:

/s/ Neil Berger\
Neil Berger\
Richard K. Milin\
TOGUT, SEGAL & SEGAL LLP\
One Penn Plaza, Suite 3335\
New York, NY 10119\
(212) 594-5000\
Conflicts Counsel for Delphi Corporation,\
 et al., Debtors and Debtors-in-Possession

/s/ Sherri Morrissette\
Sherri Morrissette\
GREENBERG TRAURIG, LLP\
77 W. Wacker Drive\
Suite 2400\
Chicago, IL 60613\
312-456-8400

Maria DiConza\
GREENBERG TRAURIG, LLP\
200 Park Avenue\
New York, New York 10166\
212-801-9278

Attorneys for Banco J.P. Morgan, S.A.,\
 Institucion De Banca Multiple, J.P. Grupo Financiero, Division Fiduciaria (in its capacity as Trustee of Trust F/00121), Prudential Financial, Inc., Prudential Investment Management, Inc., Prudential Real Estate Investors (a division of Prudential Investment Management, Inc.), PLA Holding VI, LLC, the PLA Industrial Fund I, LLC and PLA Mexico Industrial Manager I LLC