TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                          :
In re:                                                    :
                                                          :      Chapter 11
DELPHI CORPORATION, et al.,                               :      Case No. 05-44481 [RDD]
                                                          :
                    Debtors.                              :      Jointly Administered
                                                          :
------------------------------------------------------------x

**JOINT SETTLEMENT AGREEMENT, STIPULATION, AND
AGREED ORDER TO RESOLVE MEANS INDUSTRIES INC.'S MOTION
TO SET OFF PRE-PETITION PAYMENT AGAINST PRE-PETITION CLAIMS
AND TO RESOLVE OBJECTION TO AND REDUCE CLAIM NUMBER 9652**

Means Industries Inc. ("Means") and Delphi Corporation ("Delphi Corp.", and together with its co-debtors, "Delphi" or the "Debtors") hereby agree:

**WHEREAS,** on October 4, 2005 Delphi Automotive Systems LLC ("DAS LLC") made a payment by electronic funds transfer to Means in the amount of $1,243,150.59 (hereafter, the "Payment"); and

**WHEREAS,** on October 8 and 14, 2005 (the "Filing Date"), the Debtors, including DAS LLC, filed voluntary petitions in this Court for reorganization relief

1

under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code");  and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;  and

**WHEREAS,** this Court entered orders directing the joint administration of the Debtors' chapter 11 cases;  and

**WHEREAS,** no trustee or examiner has been appointed in the Debtors' cases;  and

**WHEREAS,** on October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors;  and

**WHEREAS,** on April 28, 2006, the U.S. Trustee appointed an official committee of equity holders;  and

**WHEREAS**, as of the Filing Date, Means was holding but had not applied the Payment to satisfy certain unpaid pre-petition invoices that it issued to DAS LLC; and

**WHEREAS,** on or about November 1, 2005, Means filed a Motion in the Debtors' cases for an order modifying the automatic stay to permit the set off of the Payment against pre-petition invoices (the "Invoices") due and owing from DAS LLC to Means;  and

**WHEREAS,** on or about July 17, 2006, Means filed proof of claim number 9652 against Delphi Corp., which asserts a general unsecured non-priority claim against Delphi Corp. (the "Means Claim"); and

**WHEREAS,** the Debtors objected to the Means Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims, which was filed on July 13, 2007; and

**WHEREAS,** the Debtors have asserted that the Payment, which was an overpayment made by DAS LLC as a result of an oversight, is avoidable and recoverable under various legal theories, including, but not limited to, turnover, preference and fraudulent conveyance theories, and the Debtors have demanded return of the Payment to DAS LLC; and

**WHEREAS,** Means has asserted that the Payment is not avoidable or recoverable, and has asserted that, among other things: it provided subsequent new value to DAS LLC after the date of the Payment; a portion of the Payment was made in the ordinary course of business of DAS LLC and Means and according to ordinary industry terms; and the Debtors agreed to the application of $168,000 of the Payment to satisfy certain post-petition Means invoices; and

3

**WHEREAS,** as a result of arms-length negotiations, the parties have agreed to a full and final resolution of disputes regarding the Payment based upon the terms and conditions set forth in this Agreement; and

**WHEREAS,** the Debtors are authorized to enter into this Agreement either because the Means Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006; and

**WHEREAS,** the Debtors have concluded that the proposed settlement set forth herein is in the best interests of the Debtors' estates, and in reaching that conclusion, has considered, among other things, the defenses asserted by Means and the cost, expense and delay associated with litigating the matter, the result of which is uncertain.

**NOW, THEREFORE**, in consideration of the foregoing, the parties hereto agree and stipulate as follows:

1.   This Agreement shall be effective on the date when an Order of the Bankruptcy Court (the "Approval Order") approving the terms hereof shall become final and not subject to any stay or appeal (the "Effective Date").  Notwithstanding the foregoing, during the period between the date of the complete execution of this

Agreement and the Effective Date, the parties hereto shall be bound by the terms hereof and they shall do nothing contrary to the terms set forth herein.

2. On or after the Effective Date, Means shall: (a) retain $468,150.66 of the Payment (the "Retention"); and (b) return $775,000.00 of the Payment (the "Settlement Amount") to DAS LLC. Means will deliver the Settlement Amount to DAS LLC in immediately available funds within three (3) business days after the Effective Date.

3. On or after the Effective Date, the Means Claim shall be allowed in the amount of $681,145.20 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC in the amount of $681,145.20 (the "Resulting Claim").

4. Notwithstanding any other provisions of this Agreement to the contrary, the Debtors, the Committee and other parties in interest retain all of their rights, claims and defenses regarding any claims filed in the Debtors' bankruptcy cases by Means, except for the Resulting Claim, and any other transfers or payments made by the Debtors to Means with the exception only of the Retention. Entry of the Approval Order shall constitute a modification of the automatic stay in Delphi's case solely to permit Means to apply the Retention in full and final satisfaction of the Invoices that are identified in the schedule that is annexed hereto.

5. Payment of the Settlement Amount by Means to DAS LLC shall be in full and final satisfaction of any and all claims that the Debtors may have against Means for return of the Payment. Upon entry of the Approval Order and payment to DAS LLC of the Settlement Amount, the Debtors shall be deemed to have released and

5

waived any claim, charge, or cause of action they may assert or may have been able to assert against Means, its shareholders, officers, directors, employees, attorneys, and agents, but solely with respect to the Payment.

6.  Upon entry of the Approval Order and payment to DAS LLC of the Settlement Amount, Means, its shareholders, officers, directors, employees, attorneys and agents shall be deemed to have released and waived any claim, charge or causes of action that they may assert or may have been able to assert against the Debtors with respect to the Payment, with the exception of the Resulting Claim.

7.  Notwithstanding any other provisions of this Agreement to the contrary, in the event that Means or its shareholders, officers, directors, employees, attorneys or agents file an action against the Debtors seeking to recover the Settlement Amount, such as, without limitation, an action under Chapter 5 of the United States Bankruptcy Court, or otherwise seek to recover the Settlement Amount from any of the Debtors, this Agreement shall be null and void and its terms and conditions shall be of no force and effect.

8.  This written Agreement constitutes the entire and fully integrated agreement of the parties, and may not be contradicted by prior writings, or prior or contemporaneous oral statements.

9.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.  This Agreement shall be binding upon and shall inure to the benefit

6

of the parties hereto and their legal representatives, predecessors, successors and assigns.

10. It is expressly understood and agreed that the terms hereof, including the forgoing paragraphs and headings, are contractual and that the Agreement contained herein and the consideration transferred is to compromise disputed claims and avoid litigation, and that no statement made herein, payment, release, or other consideration shall be construed as an admission by the parties of any kind or nature.

**[Concluded on the following page]**

11. The Bankruptcy Court shall retain original and exclusive

7

jurisdiction to interpret and enforce the terms of this Agreement and to resolve any disputes in connection herewith.

Dated:  New York, New York
        August 9, 2007

        DELPHI CORPORATION, et al.,
        Debtors and Debtors-in-Possession,
        By their Bankruptcy Conflicts Counsel,
        TOGUT, SEGAL & SEGAL LLP,
        By:

        /s/ Neil Berger
        NEIL BERGER (NB-3599)
        A Member of the Firm
        One Penn Plaza, Suite 3335
        New York, New York 10119
        (212) 594-5000

Dated:  Chicago, Illinois
        August 9, 2007

        MEANS INDUSTRIES INC.
        By its Attorneys,
        SCHIFF HARDIN LLP
        By:

        /s/ Eugene Geekie
        EUGENE GEEKIE
        6600 Sears Tower
        Chicago, Illinois 60606
        (312) 258-5500

**SO ORDERED**

**SO ORDERED** this 29th day of August, 2007
in New York, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE