**Hearing Date and Time: September 6, 2007 at 10:00 a.m.**
**Supplemental Response Date and Time: September 4, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                               :
    In re                      :   Chapter 11
                               :
DELPHI CORPORATION, et al.,    :   Case No. 05-44481 (RDD)
                               :
                               :   (Jointly Administered)
    Debtors.                   :
------------------------------ x

DEBTORS' SUPPLEMENTAL REPLY TO THE RESPONSE OF AMERICAN CASUALTY
COMPANY TO THE DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. SECTION 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN
(A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS AND UNTIMELY TAX
CLAIM, AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION

("SUPPLEMENTAL REPLY TO THE RESPONSE OF AMERICAN CASUALTY COMPANY")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit its Supplemental Reply To The Response Of American Casualty Company To The Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (this "Supplemental Reply"), and respectfully represent as follows:

Preliminary Statement

1.      On April 3, 2006, American Casualty Company of Reading, PA ("American Casualty"), an issuer of customs bonds that have now been expired for over four years, filed proof of claim no. 2534 (the "Proof of Claim") as a priority contingent claim in the amount of $44,080,000.00 against Delphi. Despite its access to customs records that would indicate whether the Debtors have not paid customs duties during this time period, American Casualty has failed to, and cannot, identify any entry or transaction involving the United States Customs and Border Protection within the Department of Homeland Security ("Customs") that the Debtors have failed to pay. Indeed, the Debtors are current on all of their customs duties, including customs duties on entries that have been liquidated. American Casualty has failed to identify any legal theory or basis, and has not alleged any set of facts that would support a right to payment from the Debtors.

2.      On May 22, 2007, the Debtors filed the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To

2

Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").  In the Fifteenth Omnibus Claims Objection the Debtors objected to, and sought an order disallowing and expunging, <u>inter alia</u>, the Claim.  (Docket No. 7999, ¶ 30, Ex. B-1).

3.  On June 8, 2007, American Casualty filed its Response To Debtors' Objection To Proofs of Claim Filed By American Casualty Company Of Reading, PA (Docket No. 8206) (the "Response").  In the Response, American Casualty (1) asserts it has a valid priority contingent claim against the Debtors, (2) requests allowance of its Proof of Claim, and (3) requests leave to move for an estimation of its Proof of Claim.

4.  On August 8, 2007, the Debtors filed a Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proof Of Claim No. 2534 (Docket No. 8945) in which the Debtors provided notice that the Debtors' Fifteenth Omnibus Claims Objection with respect to the Proof of Claim will be heard at a sufficiency hearing on September 6, 2007.

5.  The Debtors respectfully submit that they are not financially liable to American Casualty.  The Claimant has not set forth any facts that establish a claim against the Debtors.  Accordingly, the Fifteenth Omnibus Claims Objection should be sustained with respect to the Proof of Claim, and the Proof of Claim should be disallowed and expunged.

<u>Argument</u>

6.  Customs regulates foreign trade and commerce by collecting duties levied upon merchandise that is imported into the United States.  <u>In re Kalvar Microfilm</u>, 208 B.R. 819, 820 (Bankr. D. Del. 1997).  Customs requires entities importing goods into the United States to

3

post bonds in the event duties are not paid when due.  As part of its business, American Casualty executes bonds on behalf of importers.   Delphi retained American Casualty as its surety for its duty obligations to Customs.

7. Customs determines an importer's duty obligations for its imported goods through the entry review and liquidation process.  Liquidation in the Customs context is defined as "the final computation or ascertainment of the duties accruing on an entry."  <u>Apex Oil Company v. United States Customs Service</u> (<u>In re Apex Oil Company</u>), 122 B.R. 559, 561 (Bankr. E.D. Mo. 1990) (citing 19 C.F.R. § 159.1).  If Customs does not liquidate entries within the time frame mandated under 19 U.S.C. § 1504, then those entries are deemed liquidated at the rate of duty, value and quantity asserted at the time of entry by the importer.  <u>Id.</u>  Pursuant to 19 U.S.C. § 1504[1], Customs has one year from the date of entry to conduct liquidation.  However, Customs may extend the period of liquidation in one year increments not to exceed three additional years, for a total of four years.  <u>Id.</u> at 562.  If the duty entry is not liquidated within the four year period under Section 1504[2], then the duty entry is deemed liquidated as a matter of law at the importer's initially asserted amount of duty.  <u>Id.</u>

---

[1] Section 1504 provides:
"Unless an entry of merchandise for consumption is extended under subsection (b) of this section or suspended as required by statute or court order,[an] entry of merchandise for consumption not liquidated within 1 year from-
(A) the date of entry of such merchandise,
(B) the date of the final withdrawal of all such merchandise covered by a warehouse entry,
(C) the date of withdrawal from warehouse of such merchandise for consumption, if, pursuant to regulations issued under section 1505(a) of this title, duties may be deposited after the filing of any entry or withdrawal from warehouse,
….shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted by the importer of records.  [Notice] of liquidation need not be given of an entry deemed liquidated.  19 U.S.C. § 1504(a).

[2] "Any entry the liquidation of which is extended [shall] be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of records, or the drawback amount asserted by the drawback claimant, at the expiration of 4 years from the applicable date specified in subsection (a). 19 U.S.C. § 1504(b).

8. American Casualty has not provided, and cannot provide, any set of facts that would support a right to payment from the Debtors. American Casualty asserts that it issued three bonds that are the subjects of the Proof of Claim: (1) bond no. 38910234, with an effective date of December 29, 1998 ("Bond No. 1"), (2) bond no. 389819223, with an effective date of December 29, 1998 ("Bond No. 2"), and (3) bond no. 39810116, with an effective date of December 8, 1998 ("Bond No. 3"). The three bonds each consisted of four consecutive bond periods, which expired December 2002. American Casualty was only potentially liable as a surety to make payment for entries filed by the Debtors during each of these bond periods.[3] More specifically, American Casualty was obligated for Ten Million Dollars ($10,000,000.00) for each bond period for Bond No. 1, One Million Dollars ($1,000,000.00) for each bond period for Bond No. 2, and Twenty Thousand Dollars ($20,000.00) for each bond period for Bond No. 3. Id. American Casualty asserts its Proof of Claim in the amount of $44,080,000.00 seeking payment only in the event the Debtors' defaulted on its obligations to Customs. However, the Debtors are current on all of their obligations to Customs and therefore dispute that American Casualty is owed any payment.[4] American Casualty admitted in its Response that they have not made any payments to Customs on behalf of the Debtors. (American Casualty Response, ¶ 15).

---

[3] The four consecutive bond periods for Bond No. 1 were December 9, 1998-December 8, 1999, December 9, 1999- December 8, 2000, December 9, 2000 – December 8, 2001, and December 9, 2001- December 8, 2002. The four consecutive bond periods for Bond No. 2 were December 9, 1998- December 8, 1999, December 9, 1999- December 8, 2000, December 9, 2000- December 8, 2001, and December 9, 2001- December 8, 2002. The four consecutive bond periods for Bond No. 3 were December 8, 1998- December 7, 1999, December 8, 1999-December 7, 2000, December 8, 2000-December 7, 2001, and December 8, 2001- August 30, 2002. (Proof of Claim Attachment, ¶ 3).

[4] American Casualty stated, "Admittedly, Claimant has not paid any Customs duties to the United State on behalf of the Debtor. In fact, it appears that Debtor has been consistently paying its Customs duties of its own accord. This does not, however, alter the fact that should Debtor falter in its obligations for the pre-petition entries in question, Claimant, as surety on the Government bond, will then be obligated to pay the Customs duties on behalf of the Debtor." (American Casualty Response, ¶ 15).

9.   The Debtors disagree with American Casualty's argument that the Debtors are still contingently liable for duty entries made during the bond periods. (American Casualty Response, ¶ 6). Even duty entries made during the last part of the bond periods in December 2002 were subject to a four-year liquidation process which ended in December 2006. Therefore, as a matter of law, American Casualty would be obligated as surety for the Debtors through December 2006. American Casualty has failed to identify any sufficient legal basis to support its claim.

10.   American Casualty has also failed to identify, with specificity, any entries filed by the Debtors during the specified bond periods that have not been liquidated by Customs or whose liquidation has been lawfully extended by Customs. American Casualty failed to assert, in its Proof of Claim, specific duty entries for which it allegedly remains contingently liable. This Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"). Among other things, the Bar Date Order provides that a proof of claim must include supporting documentation or an explanation as to why documentation is not available.[5] In addition, American Casualty's Response does not contain the minimum information required pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007,

---

[5] The Bar Date Order provides, in relevant part:

> The following procedures for the filing of valid proofs of claim (a "Proof of Claim") shall apply:
>
> (a) Proofs of Claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms;
>
> (c) Proof of Claim must (i) be signed, (ii) include supporting documentation (or a summary if such documentation is voluminous) or an explanation as to why documentation is not available, (iii) be written in the English language, and (iv) be denominated in United States currency[.]

Bar Date Order ¶ 3.

6

7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Like its Proof of Claim, American Casualty's Response fails to provide sufficient information and documentation to establish that it has a right to payment from the Debtors.[6]

        11.       The burden of proof to establish a claim against the Debtors rests on American Casualty and, if their Proof of Claim does not include sufficient factual support, such Proof of Claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) . In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

---

[6] The Claims Objection Procedures Order provides, in relevant part:

    Every Response must contain at a minimum the following:

    (c) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

    (d) unless already set forth in the proof of claim previously filed with the Court, *documentation sufficient to establish a prima facie right to payment*;

Claims Objection Procedures Order ¶ 3 (emphasis added).

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

12.  For purposes of sufficiency, this Court determined that the standard of whether the claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Federal Rules of Bankruptcy Procedure 7012 and 9014. (January 12, 2007 Transcript at 52). Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the non-movant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors. (January 12, 2007 Transcript at 52, 53 ).

13.  This Court further established that the sufficiency hearing standard is consistent with Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, which states that a proof of claim executed and filed in accordance with *these Rules* shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Fed. R. Bankr. P. 3001(a) requires that the proof of claim must be consistent with the official form and Fed. R. Bankr. P. 3001(c) requires evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a),(c); (January 12, 2007 Transcript at 52). In this case, American Casualty has not proved, and cannot prove, any set of facts that support a right to payment from the Debtors.

14.  American Casualty has not met their burden of proof, and cannot provide facts or law supporting their claim. Further, neither the Proof of Claim nor the Response assert any other valid basis upon which American Casualty could base its claim. Accordingly, the

8

Fifteenth Omnibus Claims Objection should be sustained as to the Proof of Claim; and the Proof of Claim should be disallowed and expunged.

## Memorandum of Law

15. Because the legal points and authorities upon which this Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

  WHEREFORE the Debtors respectfully request the Court enter an order (i) sustaining the Fifteenth Omnibus Claims Objection as to the Proof of Claim, (ii) disallowing and expunging the Proof of Claim, and (iii) granting such further and other relief the Court deems just and proper.

Dated: New York, New York
    August 29, 2007

              SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM LLP

              By: /s/ John Wm. Butler, Jr.
                John Wm. Butler, Jr. (JB 4711)
                John K. Lyons (JL 4951)
                Ron E. Meisler (RM 3026)
             333 West Wacker Drive, Suite 2100
             Chicago, Illinois  60606
             (312) 407-0700

             - and -

             By:/s/ Kayalyn A. Marafioti
               Kayalyn A. Marafioti (KM 9632)
               Thomas J. Matz (TM 5986)
             Four Times Square
             New York, New York  10036
             (212) 735-3000

             Attorneys for Delphi Corporation, et al.,
              Debtors and Debtors-in-Possession