UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                                                        :        Chapter 11
: 
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
: 
                                Debtors.      :        (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
MODIFYING CERTAIN CLAIMS IDENTIFIED IN SEVENTEENTH
OMNIBUS CLAIMS OBJECTION ON EXHIBIT E-2

("SEVENTEENTH OMNIBUS CLAIMS OBJECTION ORDER – EXHIBIT E-2")

Upon the Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation, dated June 15, 2007 (the "Seventeenth Omnibus Claims Objection"),[1] of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Seventeenth Omnibus Claims Objection with respect to the Claims listed on Exhibit E-2 thereto; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Seventeenth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim") listed on <u>Exhibit D-2</u>[3] attached hereto was properly and timely served with a copy of the Seventeenth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Seventeenth Omnibus Claims Objection, and notice of the deadline for responding to the Seventeenth Omnibus Claims Objection. No other or further notice of the Seventeenth Omnibus Claims Objection is necessary.

        B.      This Court has jurisdiction over the Seventeenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Seventeenth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Seventeenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        C.      The Tax Claims listed on <u>Exhibit D-2</u> hereto (a) are overstated and/or (b) were filed and docketed against the wrong Debtors (the "Tax Claims Subject To Modification").

        D.      The relief requested in the Seventeenth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

[3] Each Claim listed on Exhibit E-2 to the Seventeenth Omnibus Claims Objection is listed on <u>Exhibit D-2</u> hereto.

2

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  Each "Claim As Docketed" amount and Debtor listed on <u>Exhibit D-2</u>[4] hereto is hereby revised to reflect the amount and Debtor listed as the "Claim As Modified." No Claimant listed on <u>Exhibit D-2</u> shall be entitled to (a) a recovery for any Tax Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on <u>Exhibit D-2</u>, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit D-2</u>, subject to the Debtors' right to further object to each such Tax Claim Subject To Modification. The Tax Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest. For clarity, <u>Exhibit F</u> hereto displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced in <u>Exhibit D-2</u>.

2.  With respect to each Claim for which a Response to the Seventeenth Omnibus Claims Objection has been filed and served, all of which Claims are listed on <u>Exhibit E-9</u> hereto, the hearing regarding the objection to such Claims is adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures

---

[4] The Claims listed on <u>Exhibits A-1</u>, <u>A-2</u>, <u>B-1</u>, <u>B-2</u>, <u>B-3</u>, <u>C</u>, <u>D-1</u>, <u>D-2</u>, <u>E-1</u>, and <u>E-3</u> to the Seventeenth Omnibus Claims Objection were disallowed and expunged, modified, or adjourned to a future hearing date, as the case may be, pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation Identified In Seventeenth Omnibus Claims Objection (Docket No. 8737) entered July 26, 2007 (the "Seventeenth Omnibus Claims Objection Order"). Pursuant to the Seventeenth Omnibus Claims Objection Order, this Court adjourned the hearing with respect to all Claims listed on Exhibit E-2 to the Seventeenth Omnibus Claims Objection to August 16, 2007.

Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely filed or otherwise deficient under the Claims Objection Procedures Order.

3. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Seventeenth Omnibus Claims Objection.

4. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

5. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Seventeenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

6. Each of the objections by the Debtors to each Claim addressed in the Seventeenth Omnibus Claims Objection attached hereto as Exhibits D-2 and E-9 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Seventeenth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

7. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

8. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Seventeenth Omnibus Claims Objection.

Dated: New York, New York
September 4, 2007

                                                        ___/s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE