UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                             :

   In re                            :       Chapter 11

DELPHI CORPORATION, et al.,      :       Case No. 05-44481 (RDD)

               Debtors.      :       (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING DUPLICATE OR AMENDED CLAIMS
IDENTIFIED IN EIGHTEENTH OMNIBUS CLAIMS OBJECTION

("EIGHTEENTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Eighteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate Or Amended Claims, dated July 13, 2007 (the "Eighteenth Omnibus Claims Objection"),[1] of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Eighteenth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim") listed on Exhibit A attached hereto was properly and timely served with a copy of the Eighteenth Omnibus Claims Objection, a personalized Notice Of Objection To

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Eighteenth Omnibus Claims Objection.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Eighteenth Omnibus Claims Objection, and the notice of the deadline for responding to the Eighteenth Omnibus Claims Objection. No other or further notice of the Eighteenth Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Eighteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Eighteenth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Eighteenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Claims listed on Exhibit A hereto under the column heading "Claim To Be Expunged" are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims.

D. The relief requested in the Eighteenth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each "Claim To Be Expunged" listed on Exhibit A hereto is hereby disallowed and expunged in its entirety. Those Claims identified on Exhibit A as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2. With respect to each Claim for which a Response to the Eighteenth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on <u>Exhibit B</u> hereto, the hearing regarding the objection to each such Claim is adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; <u>provided</u>, <u>however</u>, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely filed or otherwise deficient under the Claims Objection Procedures Order.

3. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases, or to further object to Claims that are the subject of the Eighteenth Omnibus Claims Objection; <u>provided</u>, <u>however</u>, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, if one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Remaining Claim") disallowed and expunged solely on the basis that such Remaining Claim is asserted against the incorrect Debtor.  For the avoidance of doubt, except as expressly provided in the preceding sentence, the Remaining Claims shall remain subject to further objection on any grounds whatsoever, including, without limitation, that any such Remaining Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor.  Nothing contained herein shall restrict the Debtors from objecting to any Remaining Claim or restrict any holder of a Remaining Claim from seeking relief from this

Court for the purposes of requesting that this Court modify the Remaining Claim to assert such Remaining Claim against a different Debtor.

4.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

5.  This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Eighteenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

6.  Each of the objections by the Debtors to each Claim addressed in the Eighteenth Omnibus Claims Objection and set forth on Exhibits A and B hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Eighteenth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

7.  Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

8.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Eighteenth Omnibus Claims Objection.

Dated: New York, New York
       September 4, 2007

    /s/Robert D. Drain
    UNITED STATES BANKRUPTCY JUDGE