SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: :
: :
    In re                        :        Chapter 11
: :
DELPHI CORPORATION, et al.,    :        Case No. 05–44481 (RDD)
: :
              Debtors.    :        (Jointly Administered)
: :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 14534
(L&W ENGINEERING CO. AND APS CAPITAL CORP.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), L&W Engineering Co. a/k/a L&W Stamping Co. ("L&W"), and APS Capital Corp. ("APS") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 14534 (L&W Engineering Co. And APS Capital Corp.) and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 20, 2005, L&W submitted a demand to the Debtors asserting a reclamation claim in the amount of $384,186.62 (the "Reclamation Demand"). Subsequently, L&W consented to the Debtors' determination that the valid amount of the Reclamation Demand is $1,376.54 (the "Reclamation Claim").  The Reclamation Claim is subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS on July 28, 2006, L&W filed proof of claim number 14534 against DAS LLC, asserting an unsecured non-priority claim in the amount of $3,629,694.59 (the "Claim") stemming from, among other things, goods delivered prior to the Petition Date, certain disputes over pricing of such goods, and for tooling, gages, and fixtures.

WHEREAS on April 19, 2007, L&W assigned its interest in the Claim to APS pursuant to a Notice of Transfer (Docket No. 7744).

WHEREAS on June 15, 2007, the Debtors objected to the Claim pursuant to the

2

Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

WHEREAS on July 12, 2007, L&W filed L&W Engineering Co.'s Response To Debtors' Seventeenth Omnibus Objection (Docket No. 8581) (the "Response").

WHEREAS on July 16, 2007, to, among other things, resolve the Seventeenth Omnibus Claims Objection with respect to the Claim, DAS LLC, L&W, and APS entered into a settlement agreement (the "Settlement Agreement").

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $879,614.56.

WHEREAS DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors, L&W, and APS stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $879,614.56 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. APS reserves the right, pursuant to section 503(b) of the Bankruptcy

3

Code, to seek administrative priority status for $1,376.54 of the Claim on the grounds that APS has a valid reclamation claim in the amount of $1,376.54.

   3.  The Debtors reserve the right to seek, at any time, a judicial determination that the Reserved Defenses are valid.

   4.  L&W's Response to the Seventeenth Omnibus Claims Objection is fully resolved and is hereby deemed withdrawn.

So Ordered in New York, New York, this <u>4th</u> day of September, 2007

            ___/s/Robert D. Drain_____
            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Ryan D. Heilman |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606-1285<br>(312) 407-0700 | Ryan D. Heilman<br>Schafer & Weiner, PLLC<br>40950 Woodward Avenue, Suite 100<br>Bloomfield Hills, Michigan 48304<br>(248) 540-3340<br><br>Attorneys for L&W Engineering Co. a/k/a L&W<br>  Stamping Co. |
| - and – | /s/ Matthew Hamilton |
|   Kayalyn A. Marafioti<br>  Thomas J. Matz<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>  Debtors and Debtors-in-Possession | Matthew Hamilton<br>APS Capital Corp.<br>1301 Capital of Texas Highway S., A-131<br>Austin, Texas 78746<br>(512) 314-4438<br><br>APS Capital Corp. |