SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :
         In re                            :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05–44481 (RDD)
                                          :
                      Debtors.            :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING
PROOFS OF CLAIM NUMBERS 10231, 10232, AND 16416, AND WITHDRAWING
PROOF OF CLAIM NUMBER 10251 AND RECLAMATION CLAIM NUMBER 580
(MOTION INDUSTRIES, INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), Delphi Connection Systems ("DCS"), Specialty Electronics, Inc. ("Specialty Electronics"), and Delphi Medical Systems Colorado Corporation ("DMSCC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Motion Industries, Inc. ("Motion Industries") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 10231, 10232, And 16416 And Withdrawing Proof Of Claim Number 10251 And Reclamation Claim Number 580 (Motion Industries) and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 18, 2005, Motion Industries submitted a demand to the Debtors asserting a reclamation claim in the amount of $676,508.72 (the "Reclamation Demand") and on April 20, 2006 submitted a response to the Debtors revising the Reclamation Demand to $256,954.09.

WHEREAS, on July 21, 2006, Motion Industries filed proof of claim number 10231 against DCS, asserting an unsecured non-priority claim in the amount of $6,132.75 ("Claim 10231") arising from goods sold to DCS.

WHEREAS, on July 21, 2006, Motion Industries filed proof of claim number 10232 against DMSCC, asserting an unsecured non-priority claim in the amount of $108,287.35 ("Claim 10232") arising from good sold to DMSCC.

WHEREAS, on July 21, 2006, Motion Industries filed proof of claim number

2

10251 against DAS LLC, asserting an unsecured non-priority claim in the amount of $835,355.82 ("Claim 10251") arising from the sale of maintenance, repair, and operation replacement parts such as belts, motors, and lubricants (the "MRO Parts") by Motion Industries to DAS LLC.

WHEREAS, on November 9, 2006, Motion Industries amended proof of claim number 10251 by filing proof of claim number 16416 against DAS LLC, asserting an unsecured non-priority claim for a total amount of $877,544.25 ("Claim 16416") arising from consigned MRO Part inventory.

WHEREAS the Debtors objected to Claim number 16416 pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection"), which was filed on April 27, 2007.

WHEREAS, on May 23, 2007 Motion Industries filed its Response Of Motion Industries, Inc. To Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No.

3

8004) (the "First Response").

WHEREAS, on June 15, 2007 the Debtors objected to Claim number 10251 pursuant to the Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims (Docket No. 8271) (the "Sixteenth Omnibus Claims Objection").

WHEREAS, on June 15, 2007 the Debtors objected to Claim numbers 10231, 10232 pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely [Tax Claim], And (D) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection"), which was filed on June 15, 2007.

WHEREAS on July 26, 2007, to resolve the Thirteenth Omnibus Claims Objection with respect to Claim 16416, the Sixteenth Omnibus Claims Objection with respect to Claim 10251, and the Seventeenth Omnibus Claims Objection with respect to Claim 10231 and Claim 10232, DAS LLC, DCS, Specialty Electronics, and DMSCC, (collectively, the "Settling Debtors") and Motion Industries entered into a settlement agreement (the "Settlement Agreement").

WHEREAS pursuant to the Settlement Agreement, DCS acknowledges and agrees that Claim 10231 shall be allowed against DCS in the amount of $6,132.75, DMSCC acknowledges and agrees that Claim 10232 shall be allowed against DMSCC in the amount of $108,287.35, DAS LLC acknowledges and agrees that Claim 16416 shall be allowed in part against DAS LLC in the amount of $628,436.76, and Specialty Electronics acknowledges and

4

agrees that Claims 16416 shall be allowed in part against Specialty Electronics in the amount of $912.24.

WHEREAS Settling Debtors are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Motion Industries stipulate and agree as follows:

1.      Claim 10231  shall be allowed in the amount of $6,132.75 and shall be treated as an allowed general unsecured non-priority claim against the estate of DCS.

2.      Claim 10232 shall be allowed in the amount of $108,287.35 and shall be treated as an allowed general unsecured non-priority claim against the estate of DMSCC.

3.      Claim 16416 shall be allowed in the amount of $628,436.76, and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4.      Claim 16416 shall be allowed in the amount of $912.24 and shall be treated as an allowed general unsecured non-priority claim against the estate of Specialty Electronics.

5.      Claim 10251 shall be disallowed and expunged in its entirety.

6.      Motion Industries shall withdraw its Responses with prejudice.

7.      Motion Industries shall withdraw its Reclamation Demand with prejudice.


So Ordered in New York, New York, this <u>4th</u> day of September, 2007



        <u>    /s/Robert D. Drain                                    </u>
           UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700

                  - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

/s/ William J. Barrett
William J. Barrett
Kimberly J. Robinson
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
200 West Madison, Suite 3900
Chicago, IL 60606
(312) 984-3100

Attorneys for Motion Industries Inc.