SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

    In re                       :        Chapter 11

DELPHI CORPORATION, et al.,   :        Case No. 05–44481 (RDD)

             Debtors.   :        (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS
2013, 2043, 2437, 2549, 5596, AND 7205
<u>(LIQUIDITY SOLUTIONS, INC.)</u>

1

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Liquidity Solutions, Inc. ("Liquidity") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 2013, 2043, 2437, 2549, 5596, And 7205 (Liquidity Solutions, Inc.) and agree and state as follows:

WHEREAS on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on February 14, 2006, Mahar Tool Supply Co., Inc. filed proof of claim number 2013 ("Proof of Claim No. 2013") against DAS LLC, asserting an unsecured non-priority claim in the amount of $11,684.67 ("Claim No. 2013") arising from the sale of goods, and on March 14, 2006, Mahar Tool Supply Co., Inc. assigned Claim 2013 to Liquidity pursuant to its Notice Of Transfer (Docket No. 2808).

WHEREAS on February 16, 2006, Liquidity, as assignee of Advantech Plastics LLC, filed proof of claim number 2043 ("Proof of Claim No. 2043") against DAS LLC, asserting an unsecured non-priority claim in the amount of $57,116.60 ("Claim No. 2043") arising from the sale of goods.

WHEREAS on March 28, 2006, Roessel & Company, Inc. filed proof of claim number 2437 ("Proof of Claim No. 2437") against DAS LLC, asserting an unsecured non-priority claim in the amount of $12,687.09 ("Claim No. 2437") arising from the sale of goods, and on June 8, 2006, Roessel & Co., Inc. assigned Claim No. 2437 to Liquidity pursuant to its Notice Of Transfer. (Docket No. 4084). On or about September 1, 2006, Liquidity filed a notice

of transfer pursuant to Bankruptcy Rule 3001(e) (Docket No. 5062) transferring Claim No. 2437 to KT Trust, which is managed by Liquidity.

WHEREAS on April 4, 2006, Liquidity, as assignee of Cornerstone Design Ltd., filed proof of claim number 2549 ("Proof of Claim No. 2549") against DAS LLC, asserting an unsecured non-priority claim in the amount of $8,714.00 ("Claim No. 2549") arising from the sale of goods.

WHEREAS on May 10, 2006, Digatron Firing Circuits Inc., filed proof of claim number 5596 ("Proof of Claim No. 5596") against DAS LLC, asserting an unsecured non-priority claim in the amount of $8,730.29 ("Claim No. 5596") arising from the sale of goods, and on January 16, 2007, Digatron Firing Circuits Inc. assigned Claim No. 5596 to Liquidity pursuant to its Notice Of Transfer (Docket No. 6613).

WHEREAS on May 31, 2006, Walco Corporation, filed proof of claim number 7205 ("Proof of Claim No. 7205," and collectively with Proofs of Claim 2043, 2437, 2549, and 5596, the "Proofs of Claim") against DAS LLC, asserting an unsecured non-priority claim in the amount of $26,066.24 ("Claim No. 7205," and collectively with Claim Nos. 2013, 2043, 2437, 2549, and 5596, the "Claims") arising from the sale of goods, and on December 29, 2006 Walco Corporation assigned Claim 7205 to Liquidity pursuant to its Notice Of Transfer (Docket No. 6335).

WHEREAS the Debtors objected to the Claims pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection"), which was filed on February 15, 2007.

WHEREAS on March 14, 2007, Liquidity filed its Response Of Liquidity Solutions, Inc., As Assignee, To Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And (D) Claims Subject To Modification (Docket No. 7220) (the "Response").

WHEREAS on July 27, 2007, to resolve the Ninth Omnibus Claims Objection with respect to the Claim, DAS LLC and Liquidity entered into a settlement agreement (the "Settlement Agreement").

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 2013 shall be allowed against DAS LLC in the amount of $11,684.67.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 2043 shall be allowed against DAS LLC in the amount of $57,116.60.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 2437 shall be allowed against DAS LLC in the amount of $12,687.09.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 2549 shall be allowed against DAS LLC in the amount of $8,714.00.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 5596 shall be allowed against DAS LLC in the amount of $8,730.29.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 7205 shall be allowed against DAS LLC in the amount of $26,066.24.

WHEREAS DAS LLC is authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

THEREFORE, the Debtors and Liquidity stipulate and agree as follows:

1. Proof of Claim 2013 shall be allowed in the amount of $11,684.67 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Proof of Claim 2043 shall be allowed in the amount of $57,116.60 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Proof of Claim 2437 shall be allowed in the amount of $12,687.09 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4. Proof of Claim 2549 shall be allowed in the amount of $8,714.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

5. Proof of Claim 5596 shall be allowed in the amount of $8,730.29 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      6.      Proof of Claim 7205 shall be allowed in the amount of $26,066.24 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      7.      Liquidity shall withdraw its Response to the Ninth Omnibus Claims Objection with respect to Proofs of Claim Nos. 2013, 2043, 2437, 2549, 5596, and 7205.

So Ordered in New York, New York, this <u>4th</u> day of September, 2007

                                     ___/s/Robert D. Drain_____
                                     UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                            /s/ Dana Kane

John Wm. Butler, Jr.
John K. Lyons                                                LIQUIDITY SOLUTIONS, INC.
Ron E. Meisler                                               Dana Kane
SKADDEN, ARPS, SLATE, MEAGHER      One University Plaza, Suite 312
  & FLOM LLP                                                 Hackensack, New Jersey 07601
333 West Wacker Drive, Suite 2100          (201) 968-0001
Chicago, Illinois  60606-1285
(312) 407-0700                                               Counsel to Liquidity Solutions, Inc. and KT Trust

                    - and –

    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession