SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

JOINT STIPULATION  AND AGREED ORDER (I) COMPROMISING PROOF
OF CLAIM NUMBER 10504 AND (II) DISALLOWING AND
<u>EXPUNGING PROOF OF CLAIM NUMBER 10425</u>

("JOINT STIPULATION AND AGREED ORDER FOR TREMONT CLAIMS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and the Tremont City Barrel Fill PRP Group and its member companies[1] (collectively, the "Tremont Group") respectfully submit this Joint Stipulation And Agreed Order (I) Compromising Proof Of Claim Number 10504 And (II) Disallowing And Expunging Proof Of Claim Number 10425 (the "Joint Stipulation") and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 31, 2006, the Debtors filed their (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"). In the Third Omnibus Claims Objection, the Debtors objected to proofs of claim nos. 10312, 10326, 10327, 10328, 10332, 10423, 10424, 10426, 10427, 10428, 10429,

---

[1] The member companies include: Alcoa Home Exteriors, Inc. f/k/a Stolle Corporation, Allied Waste Industries, Inc. (Browning-Ferris Industries of Ohio, Inc.) (Browning & Ferris), Bridgestone/Firestone, Inc., now known as Bridgestone/Firestone North American Tire, LLC (f/k/a Dayton Tire & Rubber), Dayton Superior Corporation (f/k/a Dayton Sure Grip), Fluor Corporation, Franklin International, Inc. (Franklin Glue), General Electric Company, General Motors Corporation (Frigidaire; Fisher Body Company-Hamilton; General Motors Assembly), Georgia-Pacific Corporation, Graphic Packaging International, Inc., on behalf of Color-Pac, Illinois Tool Works Inc. (parent company of Hobart Brothers Company) (Hobart Brothers Company d/b/a ITW Hobart Brothers Company), Imperial Adhesives, Inc. (Imperial Adhesives) (Imperial Chemical) (Imperial Adhesives and Chemicals, Inc.), International Paper Company (f/k/a St. Regis) (Champion Company), MeadWestvaco Corporation (Mead Corporation) (Mead Paper), Milacron, Inc., NDM, Inc., Pharmacia Corporation f/k/a Monsanto Company (a/k/a Monsanto Research Company), PPG Industries, Inc., The Procter & Gamble Company, Riverwood International Corporation, a subsidiary of Manville Corporation f/k/a JohnsManville Corporation f/k/a Olinkraft (Graphic Packaging International), S.C. Johnson & Son, Inc. (f/k/a Drackett, Inc.), Siemens Energy & Automation, Inc. (f/k/a Siemens Allis), Springlawn, Inc. of Ohio, Standard Register Company, Strebor Inc. (Roberts Consolidated Industries, Inc. a/k/a Roberts Industry) (GlaxoSmithKline), Sun Chemical Corporation (US Ink Division of Sun Chemical Corporation f/k/a U.S. Printing Ink), Systech Environmental Corporation, TI Group Automotive Systems, L.L.C., successor to Bundy Corporation (a/k/a Bundy Tubing), TRW Automotive, parent of Kelsey-Hayes Company, as successor-in-interest to Dayton-Walther (f/k/a Dayton-Walther Corporation), The United States Shoe Corporation, and Woodgraphics, Inc.

10430, 10505, 10506, 10507, 10508, 10509, 10510, 10511, 10512, 10513, 10514, 10515, 10516, 10517, 10518, 10519, 10520, 10521, 10522, 10523, 10524, 10525, 10526, 10527, 10528, 10529, 10530, 10531, 10532, 10533, 10534, 10535, 10536, 10537, 10538, 10539, 10540, 10541, 10542, 10543, 10544, 10545, 10546, 10547, 10548, 10549, 10550, 10551, 10552, 10553, 10554, 10555, 12401, 12402, 12403, and 12404 (the "Member Companies' Proofs of Claim") and proofs of claim numbers 10504 and 10425 (the "Group Proofs of Claim") as unsubstantiated by the Debtors' books and records.

WHEREAS the deadline to file a timely response to the Third Omnibus Claims Objection was November 24, 2006.

WHEREAS on November 22, 2006, the Tremont Group filed a response In Opposition To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. §502(c) And To The Extent Necessary Request To Amend Claim (Docket No. 5797) (the "Response") with respect to both the Member Companies' Proofs of Claim and the Group Proofs of Claim.

WHEREAS on December 7, 2006, this Court entered the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (Docket No. 6089) (the "Claims Objection Procedures Order").

WHEREAS on December 19, 2006, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (a) Claims With Insufficient Documentation And (b) Claims Unsubstantiated By Debtors' Books And Records,

3

(II) Modifying Certain Claims, And (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) Identified In Third Omnibus Claims Objection (Docket No. 6224) (the "Order") and such Order provided that the hearing was to be adjourned regarding the objection to each claim for which a timely response was filed.

WHEREAS due to a clerical error by the Debtors, instead of adjourning the hearing pertaining to the Member Companies' Proofs of Claim, the Order disallowed and expunged the Member Companies' Proofs of Claim as claims that were unsubstantiated by the Debtors' books and records.

THEREFORE, the Debtors and the Tremont Group stipulate and agree as follows:

1. The Member Companies' Proofs of Claim nos. 10312, 10326, 10327, 10328, 10332, 10423, 10424, 10426, 10427, 10428, 10429, 10430, 10505, 10506, 10507, 10508, 10509, 10510, 10511, 10512, 10513, 10514, 10515, 10516, 10517, 10518, 10519, 10520, 10521, 10522, 10523, 10524, 10525, 10526, 10527, 10528, 10529, 10530, 10531, 10532, 10533, 10534, 10535, 10536, 10537, 10538, 10539, 10540, 10541, 10542, 10543, 10544, 10545, 10546, 10547, 10548, 10549, 10550, 10551, 10552, 10553, 10554, 10555, 12401, 12402, 12403, and 12404, being duplicative of Proof of Claim No. 10504, shall remain disallowed and expunged in their entirety and Group Proof of Claim No. 10425, being duplicative of Group Proof of Claim No. 10504, shall also be disallowed and expunged in its entirety (collectively, the "Expunged Claims").

2. The Group Proof of Claim No. 10504 ("Surviving Claim") shall survive as a general unsecured non-priority claim against Delphi Automotive Systems, LLC, in the stated amount of $6 million plus.

3. The Surviving Claim shall stand as if it was filed by each member of the Tremont Group, and each member of the Tremont Group shall have the right to assert an individual claim under the Surviving Claim as if the Surviving Claim had been filed by each member of the Tremont Group, provided, however, that there shall be no more than a single recovery on

account of the Surviving Claim. The Debtors shall make distributions upon the Surviving Claim, if ultimately allowed, in accordance with the joint instructions of the Tremont Group or order of court of competent jurisdiction.

4. The Surviving Claim having been filed against Delphi Automotive Systems, LLC, and the Expunged Claims having been filed against numerous of the Debtors, each member of the Tremont Group shall have the right to assert the Surviving Claim against any of the Debtors against which such member of the Tremont Group had originally filed one of the Expunged Claims. The Debtors shall not seek to have the Surviving Claim disallowed and expunged as against any member of the Tremont Group solely on the basis that the Surviving Claim is asserted against the incorrect Debtor, provided that one of the Expunged Claims was originally filed against the correct Debtor.

5. The hearing on the Surviving Claim shall be adjourned to a future claims objection hearing to be noticed by the Debtors pursuant to the Claims Objection Procedures Order.

6. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

7. Entry of this joint stipulation is without prejudice to the Debtors' right to object to the Surviving Claim in these chapter 11 cases on any grounds whatsoever, except as otherwise set forth herein.

8. Nothing contained herein shall in any manner effect any right or rights the Tremont Group or any of its members may have to collect any of the claims asserted in the Surviving Claim or the Expunged Claims from any responsible party that is not a debtor in these bankruptcy cases.

So Ordered in New York, New York, this <u>4th</u> day of September 2007

    <u>/s/Robert D. Drain</u>
    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Brendan G. Best |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | Brendan G. Best<br>DYKEMA GOSSETT PLLC<br>10 S. Wacker Drive, Suite 2300<br>Chicago, Illinois 60606<br>(312) 627-2171<br><br>Attorneys for TREMONT CITY BARREL FILL PRP GROUP and each of its member companies |

                - and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

7