SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)


Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
                                         :
            In re                        :        Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :        Case No. 05–44481 (RDD)
                                         :
                    Debtors.             :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER (I) ADJOURNING HEARING
ON DEBTORS' NINETEENTH OMNIBUS CLAIMS OBJECTION WITH
RESPECT TO PROOF OF CLAIM NUMBER 16506 AND (II)
CAPPING PROOF OF CLAIM NUMBER 16506
(HOWARD COUNTY, INDIANA)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Howard County, Indiana ("Howard County") respectfully submit this Joint Stipulation And Agreed Order (i) Adjourning Hearing On Debtors' Nineteenth Omnibus Claims Objection With Respect To Proof Of Claim Number 16506 And (ii) Capping Proof Of Claim Number 16506 (Howard County, Indiana) and agree and state as follows:

WHEREAS, on October 8, 2005 ("Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on February 2, 2007, Howard County filed an amended proof of claim number 16506 against DAS LLC, which asserts (i) a secured claim in the amount of $2,069,991.66 and (ii) an unsecured priority tax claim in the amount of $5,076,914.92 (collectively, the "Claim") stemming from certain taxes allegedly owed by DAS LLC to Howard County for periods ending prior to the Petition Date.

WHEREAS, on July 13, 2007, the Debtors objected to the Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims

2

Objection").

WHEREAS, the deadline to file a response to the Nineteenth Omnibus Claims Objection is August 9, 2007 and the hearing on the Nineteenth Omnibus Claims Objection is scheduled for August 16, 2007.

WHEREAS, Howard County and the Debtors have, subject to certain reserved rights, agreed to (i) adjourn the hearing on the Nineteenth Omnibus Claims Objection with respect to the Claim to September 27, 2007, (ii) extend the deadline by which Howard County must file a response to the Nineteenth Omnibus Claims Objection to September 10, 2007 at 4:00 p.m. (prevailing Eastern time), and (iii) on the condition that the effective date of any plan of reorganization or liquidation of the Debtors occurs on or before May 1, 2008, cap the amount of the Claim at $8,446,372.91 (corresponding to (a) a secured claim with a base tax amount of $1,881,810.60 plus a postpetition penalty in the amount of $564,543.18 and (b) an unsecured priority claim with a base tax amount of $4,615,399.28 plus a postpetition penalty in the amount of $1,384,619.85).

THEREFORE, the Debtors and Howard County stipulate and agree as follows:

1.      The hearing on the Nineteenth Omnibus Claims Objection with respect to the Claim shall be adjourned to September 27, 2007.

2.      The deadline for Howard County to file a response to the Nineteenth Omnibus Claims Objection shall be September 10, 2007 at 4:00 p.m. (prevailing Eastern time).

3.      If the effective date of any plan of reorganization or liquidation of the Debtors occurs on or before May 1, 2008, the Claim shall be capped such that in no event shall the Claim be allowed in an amount exceeding $8,446,372.91, with such cap corresponding to (a) a secured claim with a base tax amount of $1,881,810.60 plus a postpetition penalty in the

3

amount of $564,543.18 and (b) an unsecured priority claim with a base tax amount of

$4,615,399.28 plus a postpetition penalty in the amount of $1,384,619.85).

4.      The amount of the prepetition base tax asserted by Howard County,

exclusive of any asserted penalty, shall not exceed (a) a secured claim in the amount of

$1,881,810.60 and (b) an unsecured priority claim in the amount of $4,615,399.28.

5.      Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

6.      The Debtors fully reserve their rights (a) to object to the Claim on any

basis whatsoever and (b) to seek disallowance and/or reduction of the Claim, in whole or in part,

on any basis whatsoever.

7.      The Debtors fully reserve their rights, objections, arguments, and other

defenses that they may have against the Claim and any other claim or amended claim that

Howard County may file against any of the Debtors in these cases, including without limitation,

the right to object to postpetition interest or penalty asserted in the Claim or any other claim or

amended claim filed by Howard County.

8.      Howard County fully reserves its rights to object to a plan of

reorganization or liquidation filed by the Debtors on any basis whatsoever, including, without

limitation, an objection on the basis of any right that Howard County may have under 11 U.S.C.

§ 506(b) with respect to the secured portion of the Claim.

4

9.      Subject to the $8,446,372.91 cap, Howard County fully reserves its rights

to assert, <u>inter alia</u>, (i) post-petition interest on the Claim, (ii) claims under 11 U.S.C. § 506(b)

with respect to the secured portion of the Claim, and/or (iii) any other rights under the

Bankruptcy Code, Indiana law, and/or other applicable law with respect to the Claim.

So Ordered in New York, New York, this <u>4th</u> day of September 2007


          /s/Robert D. Drain
          UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

/s/ Michael K. McCrory
Michael K. McCrory
Mark R. Owens (MO9742)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
(317) 231-7267

Attorneys for Howard County, Indiana

6