BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
(317) 236-1313
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)


*Attorneys for Howard County, Indiana*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | : | |
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481(RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | |

**RESPONSE OF HOWARD COUNTY, INDIANA TO THE DEBTORS'
NINETEENTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY
DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS
AND RECORDS, (C) UNTIMELY CLAIM, AND (D) CLAIMS SUBJECT
TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION,
MODIFIED CLAIMS ASSERTING RECLAMATION, AND CONSENSUALLY
<u>MODIFIED AND REDUCED CLAIMS [DOCKET NO. 8617]</u>**

Howard County, Indiana ("Howard County"), by counsel, files this Response to the

Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed.

R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims not Reflected on

Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Tax

Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually

Modified and Reduced Claims [Docket No. 8617] (the "19th Omnibus Objection") and in support

of this Response respectfully states as follows:

## INTRODUCTION

1.      On October 8 and 14, 2005, as applicable, Delphi Corporation, and certain of its subsidiaries and affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code").

## JURISDICTION

2.      This Court has jurisdiction over this Response pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## BACKGROUND

3.      On April 4, 2006, Howard County timely filed[1] a proof of claim for certain unpaid taxes in the total amount of at least $7,081,152.34 (the "Claim"), which has been designated by the Debtors as Claim No. 2557.  A true and correct copy of the Claim is attached hereto as Exhibit A and incorporated herein by reference as if fully set forth at length.  The Claim includes a secured tax claim in the amount of $2,453,074.52 and an unsecured priority tax claim under 11 U.S.C. § 507(a)(8) in the amount of $4,628,077.82 ($2,453,074.52 + $4,628,077.82 = $7,081,152.34).  By the Claim, Howard County reserved its rights to claim additional amounts for, *inter alia*, interest, attorney fees, additional fees, costs, expenses, advances, assessments or charges and penalties.  Additionally, sufficient supporting documentation was attached to the Claim.

---

[1] By Order entered on April 12, 2006 [Docket No. 3206], July 31, 2006 was set as the bar date.

4.      As a result of certain payments and penalties, on February 2, 2007, Howard County amended the Claim with an adjusted total amount due and owing of at least $7,146,906.58 (the "Amended Claim").   A true and correct copy of the Amended Claim is attached hereto as Exhibit B and incorporated herein by reference as if fully set forth at length. The Amended Claim has been identified by the Debtors as Claim No. 16506.  The Amended Claim includes a secured tax claim in the amount of $2,069,991.66 and an unsecured priority tax claim under 11 U.S.C. § 507(a)(8) in the amount of $5,076,914.92 ($2,069,991.66 + $5,076,914.92 = $7,146,906.58).  By the Amended Claim, Howard County reserved its rights to claim additional amounts for, *inter alia*, interest, attorney fees, additional fees, costs, expenses, advances, assessments or charges and penalties.   Additionally, sufficient supporting documentation was attached to the Amended Claim.

5.      The $2,069,991.66 secured tax claim set forth in the Amended Claim includes $188,181.06 in penalties under IC 6-1.1-37-10 that accrued post-petition.  Therefore, the pre-petition principal amount of Howard County's secured tax claim is $1,881,810.60.  Since the filing of the Amended Claim, additional penalties have accrued in the amount of $188,181.06 for the secured tax claim, which will continue to be assessed each November and May in the amount of ten per cent (10%) of the pre-petition principal amount of Howard County's secured tax claim until the taxes are paid.

6.      The $5,076,914.92 unsecured priority tax claim under 11 U.S.C. § 507(a)(8) set forth in the Amended Claim includes $461,537.74 in penalties under IC 6-1.1-37-10 that accrued post-petition.   Therefore, the pre-petition principal amount of Howard County's unsecured priority tax claim under 11 U.S.C. § 507(a)(8) is $4,615,377.18.  Since the filing of the Amended Claim, additional penalties have accrued in the amount of $461,537.71 for the unsecured priority

tax claim, which will continue to be assessed each November and May in the amount of ten per

cent (10%) of the pre-petition principal amount of Howard County's unsecured priority tax claim

until the taxes are paid.

7.      On July 13, 2007, the Debtors filed the 19th Omnibus Objection.  Pursuant to the

19th Omnibus Objection, the Debtors are seeking to modify (i) the amount of Howard County's

secured tax claim by reducing it by $188,181.06, which is the exact amount of the penalties; and

(ii) the amount of the unsecured priority tax claim by reducing it by $461,528.15, which is the

amount of the penalties ($461,537.74) plus an additional reduction in the amount of $9.59.

Apparently, the Debtors dispute the validity of the penalties asserted in the Amended Claim;

however, the 19th Omnibus Objection provides no legal or factual support for the requested

modifications.

8.      On or about August 9, 2007, the Debtors and Howard County entered into that

certain Joint Stipulation and Agreed Order (I) Adjourning Hearing on Debtors' Nineteenth

Omnibus Claims Objection With Respect to Proof of Claim Number 16506 and (II) Capping

Proof of Claim Number 16506 (Howard County, Indiana) (the "Joint Stipulation").  By the Joint

Stipulation, the Debtors and Howard County agreed, *inter alia*, that Howard County's response

deadline to the 19th Omnibus Objection would be extended until September 10, 2007 at 4:00 p.m.

(prevailing Eastern time) and the hearing on the 19th Omnibus Objection with respect to Howard

County would be continued until September 27, 2007.

## RESPONSE

9.      Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure

(Evidentiary Effect), "[a] proof of claim executed and filed in accordance with these rules shall

constitute prima facie evidence of the validity and amount of the claim." The Amended Claim was filed in accordance with the Federal Rules of Bankruptcy Procedure and is supported by the documents attached thereto. The 19th Omnibus Objection does not provide any legal or factual grounds to dispute the *prima facie* validity of the Amended Claim. Therefore, the burden remains with the Debtors to challenge the validity of the Amended Claim and to support the requested modifications.

10.     In the event that the Court finds that the burden has shifted to Howard County to support the Amended Claim, Howard County objects to the 19th Omnibus Objection to the extent the Debtors are seeking to modify Howard County's claims as set forth in the Amended Proof of Claim.

11.     The documents attached to the Amended Proof of Claim support the $1,881,810.60 pre-petition secured tax claim. The 19th Omnibus Objection does not dispute the $1,881,810.60 pre-petition secured tax claim. Therefore, Howard County's $1,881,810.60 pre-petition secured tax claim should be allowed in the full amount.

12.     The documents attached to the Amended Proof of Claim support the $4,615,377.18 unsecured priority tax claim. Therefore Howard County's $4,615,377.18 unsecured priority tax claim should be allowed in the full amount.

13.     Since the pre-petition amounts of the secured tax claim and unsecured priority tax claim are virtually undisputed, the calculation of the ten per cent (10%) penalty under IC 6-1.1-37-10 is simple. A true and correct copy of IC 6-1.1-37-10 is attached hereto as <u>Exhibit C</u> and incorporated herein by reference as if fully set forth at length. In sum, the 2005 taxes due and owing in May of 2006, which is one half (1/2) of the total 2005 tax amount, were assessed a ten

per cent (10%) penalty when such taxes were not paid.  The same ten per cent (10%) penalty was again assessed on the 2005 taxes due and owing in November of 2006, which is the remaining one half (1/2) of the total 2005 tax amount.  Since taxes remained due and owing from the May 2006 and November 2006 tax payment dates, the total amount of such taxes was next due without further penalty in May 2007.  Since the May 2007 tax payment was not made, the ten per cent (10%) penalty was assessed on the total amount owed and this penalty assessment process will continue each May and November until the taxes are paid.

14.    At minimum, the penalties that have accrued to date in the amount of (i) $376,362.12 for the secured tax claim and (ii) $923,075.48 for the unsecured priority tax claim constitute claims against the estate under 11 U.S.C. § 101(5), and are entitled to classification and treatment under any confirmed plan.[2]

## RESERVATION OF RIGHTS

15.    Howard County reserves its rights to object to any further objections to the Amended Claim as well as to object to any disclosure statement, plan or other pleading affecting its rights and/or claims.

---

[2] Howard County reserves its right to increase the penalties assessed against the unpaid tax claims as such penalties arise under Indiana law until the effective date of a confirmed plan.

6

## MEMORANDUM OF LAW

16.     This Response sets forth Howard County's objections under appropriate headings. Howard County respectfully requests that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Howard County, Indiana respectfully requests that the Court deny the relief requested in the 19th Omnibus Objection with respect to Howard County; allow Howard County's secured tax claim in the amount of $1,881,810.60; allow Howard County's unsecured priority tax claim under 11 U.S.C. § 507(a)(8) in the amount of $4,615,377.18; allow Howard County's unsecured claim for penalties with respect to the secured tax claim in the amount of at least $376,362.12; allow Howard County's unsecured claim for penalties with respect to the unsecured priority tax claim the amount of at least $923,075.48; and grant such other relief as the Court may deem just and proper.

Dated: Indianapolis, Indiana                    Respectfully submitted,
          September 6, 2007

                                                /s/ Mark R. Owens
                                                Michael K. McCrory, Esq.
                                                Mark R. Owens, (MO 9742)
                                                BARNES & THORNBURG LLP
                                                11 South Meridian Street
                                                Indianapolis, IN 46204
                                                Phone: (317) 236-1313
                                                Facsimile:  (317) 231-7433

                                                *Attorneys for Howard County, Indiana*

INDS01 MOWENS 976219v1