UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE TO UNIMPAIRED CREDITORS OF (I) FILING OF JOINT PLAN OF
REORGANIZATION, (II) TREATMENT OF CLAIMS UNDER PLAN,
(III) HEARING ON CONFIRMATION OF PLAN, AND
(IV) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS THERETO

PLEASE TAKE NOTICE that on September 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed their Joint Plan of Reorganization dated September 6, 2007 (as subsequently amended, supplemented, or otherwise modified, the "Plan") and their disclosure statement with respect to the Plan (as subsequently amended, supplemented, or otherwise modified, the "Disclosure Statement") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The Bankruptcy Court entered an order on October __, 2007 (the "Solicitation Procedures Order") (Docket No. ____) approving the adequacy of the Disclosure Statement and certain procedures in connection with solicitation of votes on the Plan.

PLEASE TAKE FURTHER NOTICE that holders of certain claims under the Plan are unimpaired as defined in section 1124 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code").  Specifically, holders of Secured Claims,[1] Flow-Through Claims, and Interests in Affiliate Debtors are unimpaired under the Plan.  Such claims are identified in the Plan as Class A (Secured Claims), Class B (Flow-Through Claims), and Class J (Interests in Affiliate Debtors).  These claims are referred to in the Plan as "Unimpaired Claims."

PLEASE TAKE FURTHER NOTICE that the Plan provides that:

Section 5.1—Class A Claims.  Except as otherwise provided in and subject to Article 9.8 of the Plan, at the sole option of the Debtors or Reorganized Debtors, each Allowed Secured Claim, shall be satisfied in full in Cash or Reinstated.  Notwithstanding section 1141(c) or any other provision of the Bankruptcy Code, all valid, enforceable, and perfected prepetition liens on property of the Debtors held by or on behalf of holders of Secured Claims with respect to such Claims shall survive the Effective Date and continue in accordance with the contractual terms of the underlying agreements with such holders of such Secured Claims and/or applicable law until, as to each such holder of an Allowed Secured Claim, such Secured Claim is satisfied.  Notwithstanding the foregoing, any Claim arising as a result of a tax lien that would otherwise be a Secured Claim shall be paid in accordance with Article 2.2 of the Plan.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

<u>Section 5.2—Class B Claims</u>.  The legal, equitable, and contractual rights of each holder of a Flow-Through Claim, if any, shall be unaltered by the Plan and shall be satisfied in the ordinary course of business at such time and in such manner as the applicable Reorganized Debtor is obligated to satisfy each Flow-Through Claim (subject to the preservation and flow-through of all Estate Causes of Action and defenses with respect thereto, which shall be fully preserved).  The Debtors' failure to object to a Flow-Through Claim in their Chapter 11 Cases shall be without prejudice to the Reorganized Debtors' right to contest or otherwise object to the classification of such Claim in the Bankruptcy Court.

<u>Section 5.11—Class J Interests</u>.  On the Effective Date, except as otherwise contemplated by the Restructuring Transactions, the holders of Interests in the Affiliate Debtors shall retain such Interests in the Affiliate Debtors under the Plan.

PLEASE TAKE FURTHER NOTICE that you have been identified as the holder of an Unimpaired Claim under the Plan.  In accordance with section 1126(f) of the Bankruptcy Code, with respect to your Unimpaired Claim, you will (a) be deemed to have accepted the Plan and (b) not be entitled to vote on the Plan.  The Debtors therefore will not solicit your vote, and you will not receive a ballot with respect to your Unimpaired Claim.  Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your Unimpaired Claim.  Although you will not be entitled to vote on the Plan with respect to your Unimpaired Claim, you are a party-in-interest in the Debtors' Chapter 11 Cases.  Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan.

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691.

PLEASE TAKE FURTHER NOTICE THAT the hearing (the "Confirmation Hearing") to consider confirmation of the Plan, will commence on **November 19, 2007** at **10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT **November 9, 2007** at **4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to confirmation of the Plan.  To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel

for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), **in each case so as to be received no later than the Objection Deadline.** Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

Delphi Legal Information Hotline:  
Toll Free:  (800) 718-5305  
International:  (248) 813-2698

Delphi Legal Information Website:  
http://www.delphidocket.com

Dated:    New York, New York  
          October 12, 2007

SKADDEN, ARPS, SLATE, MEAGHER  
 & FLOM LLP  
      John Wm. Butler, Jr. (JB 4711)  
      George N. Panagakis (GP 0770)  
      Ron E. Meisler (RM 3026)  
333 West Wacker Drive, Suite 2100  
Chicago, Illinois 60606

       - and -  
      Kayalyn A. Marafioti (KM 9632)  
      Thomas J. Matz (TM 5986)  
Four Times Square  
New York, New York 10036

    Attorneys for Delphi Corporation, et al.,  
      Debtors and Debtors-in-Possession