A Complete Copy Of Delphi's Court Papers, Including The Disclosure Statement, Plan And Memorandum Of Understanding, Can Be Obtained At www.Delphidocket.com Or By Calling 1-888-249-2691

---

**This is a notice which may affect you as a present or former employee of Delphi:**

**The information in this notice is only a summary and you can obtain complete papers as set forth above this box and on page 4.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                      Debtors.    :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INFORMATIONAL NOTICE WITH RESPECT TO (I) RELEASES UNDER PROPOSED PLAN OF REORGANIZATION AND (II) MEMORANDUM OF UNDERSTANDING AMONG UAW, DELPHI, AND GENERAL MOTORS CORPORATION, INCLUDING MODIFICATION OF UAW COLLECTIVE BARGAINING AGREEMENTS AND RETIREE <u>WELFARE BENEFITS FOR CERTAIN UAW-REPRESENTED RETIREES</u>

**Information For UAW-Represented
Employees And Retirees Of Delphi Corporation**

        On June 29, 2007, Delphi Corporation and certain of its affiliated debtors and debtors-in-possession ("Delphi"), filed a Motion For Order Under 11 U.S.C. §§ 363, 1113, and 1114 and Fed. R. Bankr. P. 6004 and 9019 Approving Memorandum of Understanding Among UAW, Delphi, and General Motors Corporation, Including Modification of UAW Collective Bargaining Agreements and Retiree Welfare Benefits For Certain UAW-Represented Retirees, which sought approval from the United States Bankruptcy Court for the Southern District of New York (the "Court") of a memorandum of understanding dated June 22, 2007 (the "Agreement" or "Memorandum of Understanding") among Delphi, GM,[1] and the UAW regarding Delphi's restructuring.

---

    [1]    Capitalized terms used and not defined in this informational notice have the meanings set forth in the Agreement.

On July 19, 2007, the Court approved the Agreement, which was ratified by the UAW as of June 28, 2007.

On September 6, 2007, Delphi filed with the Court (a) the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-in-Possession (as subsequently amended, supplemented, or otherwise modified, the "Plan"), and (b) the Disclosure Statement with respect to the Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (as subsequently amended, supplemented, or otherwise modified, the "Disclosure Statement").

**The Agreement provides that upon confirmation of the Plan by the Court, and Article 11.6 of the Plan proposes, that Delphi and GM will receive releases from the UAW and all employees and former employees of Delphi represented or formerly represented by the UAW as described more fully below.**

**Article 11.13 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person to collect or recover any claim or interest released under the Plan.**

The Agreement as approved by the Court provides, among other terms, that:

- The terms of the UAW collective bargaining agreements ("CBAs") are extended until September 14, 2011;

- A site plan will be implemented with respect to each of 21 UAW-Delphi plants which includes specific revenue, production, and job commitments from Delphi and/or GM and pursuant to which Delphi will retain ownership and operations in four facilities, seven facilities will be sold or transferred to a third party so that Delphi will have no further operational or employment responsibilities after certain specified sunset dates, and ten facilities will be closed;

- A workforce transformation program will be implemented for traditional UAW-represented employees that provides eligible employees with transformation plan options including (1) attrition options similar to the previously-approved UAW attrition programs, (2) flowback rights to eligible Delphi employees as of the date of the filing of Delphi's bankruptcy petition who do not elect the attrition options, including relocation allowances of up to $67,000 in certain circumstances when plants cease production, (3) provision of lump sum "buy-down" payments totaling $105,000 for traditional production employees who do not elect the attrition option or flowback and continue to work for Delphi under the terms of the 2004 UAW-Delphi Supplemental Agreement applicable to employees hired after 2004, transferring those employees to Supplemental Employee Status as of October 1, 2007, (4) conversion of temporary employees in UAW-Delphi plants to permanent employee status, and (5) severance payments up to $40,000 to eligible employees who are permanently laid off prior to September 14, 2011;

- Certain terms of the 2004 UAW-Delphi Supplemental Agreement with respect to wages, individual retirement and savings plans, and post-retirement health care accounts will be modified;

- Certain terms of the UAW CBAs will be modified with respect to provisions covering hiring requirements, existing CHR/Legal Services, holiday schedule, Appendix L, GIS, AOL, and other matters described in Attachment E to the Memorandum of Understanding;

- Local negotiations subject to mutual agreement regarding work rules and other local agreement issues will be conducted on an expedited basis;

- Delphi's commitment in the 2004 UAW-Delphi Supplemental Agreement to the principle of "equivalence of sacrifice" when establishing compensation and benefit levels for salaried employees and management is reaffirmed;

- There will be provisions for resolution of claims, including waivers and releases to be effective as part of Delphi's plan of reorganization; and

- The UAW will receive an allowed prepetition claim, to be paid pursuant to the plan of reorganization in the amount of $140 million on account of the CHR and Legal Services claims as of April 1, 2007 (to be adjusted for accruals through October 1, 2007 and adjusted for expenditures by Delphi until the effective date of a plan of reorganization) of which $30 million will be paid to the UAW-GM Center for Human Resources and the balance will be paid directly to the DC VEBA established pursuant to a settlement agreement approved by the court in the case of <u>International Union, UAW, et al. v. General Motors Corp.</u>, Civil Action No. 05-73991.

Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by the Court which incorporates, approves, and is consistent with all of the terms of the Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain UAW-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans will be effectuated pursuant to Internal Revenue Code Section 414(l) in exchange for certain consideration to be paid by Delphi to GM;

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 and GM is obligated to pay certain benefits for certain UAW-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- The amount of $450 million will be funded by GM, which the UAW has directed to be paid directly to the DC VEBA established pursuant to a settlement agreement approved by the court in the case of <u>International Union, UAW, et al. v. General Motors Corp.</u>, Civil Action No. 05-73991.

In addition, under the Plan:

- The Memorandum of Understanding (including the UAW CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- Delphi and GM will receive releases from the UAW, all employees and former employees of Delphi represented or formerly represented by the UAW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the Memorandum of Understanding, including, but not limited to, claims for workers' compensation benefits against Delphi, its subsidiaries, or affiliates).

This information is only a summary of some of the terms of the Disclosure Statement, Plan, and Memorandum of Understanding and is qualified entirely by and is subject to the actual terms and conditions of those documents. Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan, and Memorandum of Understanding, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:   New York, New York
         October 12, 2007

           SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By: _____
 John Wm. Butler, Jr. (JB 4711)
 George N. Panagakis (GP 0770)
 Ron E. Meisler (RM 3026)
 Nathan Stuart (NS 7872)
  333 West Wacker Drive, Suite 2100
  Chicago, Illinois 60606

    - and -

By: _____
 Kayalyn A. Marafioti (KM 9632)
 Thomas J. Matz (TM 5986)
  Four Times Square
  New York, New York 10036

    - and-

O'MELVENY & MYERS LLP

By: _____
 Tom A. Jerman (TJ 1129)
 Jessica Kastin (JK 2288)
  1625 Eye Street, NW
  Washington, DC 20006

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

-5-