SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
     In re                          :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,       :    Case No. 05-44481 (RDD)
                                         :
                                         :    (Jointly Administered)
            Debtors.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018
FOR ORDER AUTHORIZING DEBTORS TO FILE REDACTED VERSION OF
WARRANTY SETTLEMENT AGREEMENT

("WARRANTY SETTLEMENT AGREEMENT REDACTION APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file a motion for an order pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 and 9019 authorizing and approving Delphi's entry into and performance of warranty, settlement, And release agreement and covenant not to sue with General Motors Corporation (the "Warranty Settlement Agreement Motion"). By this ex parte application under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 (the "Application"), the Debtors seek authority to redact the Warranty Settlement Agreement (as defined below) when it is filed as an exhibit to the Warranty Settlement Agreement Motion. In support of the Application, the Debtors respectfully represent as follows:

## Background

A.  The Chapter 11 Filings

1.  On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.  No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (together with the official committee of unsecured creditors, the "Statutory Committees").

      3.    This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

      4.    The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    <u>The Warranty Settlement Agreement</u>

      5.    General Motors Corporation ("GM") asserted that it incurred costs and suffered damages arising from certain customer warranty claims and/or recall campaigns related to allegedly non-conforming parts and systems supplied by Delphi to GM. Absent settlement of these warranty claims, these claims could flow through the Debtors' reorganization. Accordingly, Delphi vigorously negotiated with GM to resolve these claims.

      6.    Ultimately, Delphi entered into an agreement with GM which provides for the immediate resolution of the warranty claims and saves the Debtors' estates hundreds of millions of dollars in potential liability. Only a general description of this agreement will be set forth in the Warranty Settlement Motion to be filed with the Court because the agreement between Delphi and GM (the "Warranty Settlement Agreement") contains detailed descriptions of sensitive commercial information, as well as certain confidentiality provisions.

<u>Relief Requested</u>

      7.    By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file a redacted version of the Warranty Settlement Agreement as an exhibit to the Warranty Settlement Agreement Motion.

Basis For Relief

8.      The Warranty Settlement Agreement contains commercial terms regarding potential customer claims against Delphi and/or GM which, if publicly disclosed, could detrimentally affect the business of Delphi and GM going forward. The Debtors believe such information to be highly sensitive and assert that confidential information of this type is not typically disclosed or made available in the automotive industry. In addition, the Warranty Settlement Agreement contains certain confidentiality provisions which require the Debtors and GM to maintain the confidentiality of the terms of the Warranty Settlement Agreement that are proposed to be redacted. It is, therefore, of the utmost importance to the Debtors that the sensitive terms of the Warranty Settlement Agreement be kept confidential so that third parties may not use this information to gain a strategic or litigation advantage over Delphi.

9.      The redacted portions of the Warranty Settlement Agreement are not necessary to third parties' evaluation of the Warranty Settlement Agreement Motion. Additionally, disclosure of the confidential terms contained in the Warranty Settlement Agreement is not necessary for the protection of the public, the Debtors' stakeholders, or third parties, because (a) the Debtors' entry into the Warranty Settlement Agreement is subject to this Court's approval in any case and (b) the Debtors are prepared to provide a complete copy of the Warranty Settlement Agreement to (i) the U.S. Trustee, (ii) counsel to the Statutory Committees, (iii) counsel to the Plan Investors, and (iii) such other parties as may be ordered by this Court or agreed to in writing by the Debtors.

4

Applicable Authority

10. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

On request of a party in interest, the bankruptcy court shall . . . –

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

11. Additionally, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

12. The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)). In addition, the Second Circuit has held that a party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." Video Software Dealers Assoc., 21 F.3d at 28.

13. Here, however, there is good cause for the relief requested. The Debtors submit that the Warranty Settlement Agreement contains sensitive commercial information, the disclosure of which would be harmful to the Debtors and their business as well as GM. The confidential information, including the agreed upon commercial terms contained in the Warranty Settlement Agreement, qualifies as "confidential research, development, or commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, as explained by the case law in the Second Circuit. Accordingly, the Court should enter an order authorizing the Debtors to file the Warranty Settlement Agreement with the Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Warranty Settlement Agreement, which will be annexed as an exhibit to the Warranty Settlement Motion, in a redacted state.

14. No prior application for the relief requested herein has been made to this or any other Court.

Notice Of Application

15. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application the Debtors believe that no other or further notice is necessary. Nevertheless, the Debtors will serve a copy of this Application in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this

Court on October 26, 2006 (Docket No. 5418).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1)(B) so that the Debtors may file the Warranty Settlement Agreement Motion on September 7, 2007.

## Memorandum Of Law

16. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Warranty Settlement Agreement, as an exhibit to the Warranty Settlement Motion, in a redacted state and (b) granting them such other and further relief as is just.

Dated:  New York, New York
September 6, 2007

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

By: /s / John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

                   - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession