SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                               :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                                        :    (Jointly Administered)
            Debtors.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R.
BANKR. P. 9018 FOR ORDER AUTHORIZING DEBTORS TO FILE
EXHIBITS TO MASTER RESTRUCTURING AGREEMENT WITH
GENERAL MOTORS CORPORATION UNDER SEAL

("MASTER RESTRUCTURING AGREEMENT EXHIBITS
UNDER SEAL APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file the Debtors' Joint Plan of Reorganization (the "Plan") with this Court by no later than September 6, 2007 in accordance with the Order Scheduling Non-Omnibus Hearing On Debtors' Motion To Approve Solicitation Procedure and Disclosure Statement granted by this Court on August 6, 2007 (Docket No. 8898). The Debtors propose to file a Master Restructuring Agreement between Delphi and General Motors Corporation, to be dated September 6, 2007 (the "MRA") as an exhibit to the Plan. By this Ex Parte Application Under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 for Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Exhibits To The Master Restructuring Agreement Under Seal (the "Application"), the Debtors seek authority to file under seal certain exhibits to the MRA identified on Attachment 1 to the proposed order submitted herewith (collectively, the "Exhibits"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.    No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an

2

official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

       3.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

       4.       The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.       The Master Restructuring Agreement And The Global Settlement Agreement

       5.       In furtherance of the Plan and subject to the requirements of Bankruptcy Rule 9019, the Debtors and General Motors Corporation ("GM") have determined to settle various disputes and compromise certain claims as provided by two principal agreements: (i) a Global Settlement Agreement ("GSA") and (ii) the MRA. In light of the scope of the continuing commercial relationship between Delphi and GM, performance of the obligations set forth in the GSA and the MRA is critical to the successful implementation of the Debtor's Plan and is also vitally important to GM. The GSA addresses primarily those matters for which the Debtors and GM have agreed upon resolutions that can be implemented in the short term. Accordingly, most obligations set forth in the GSA are to be performed upon, or as soon as reasonably practicable after, the occurrence of the effective date of the Debtors' Plan. By contrast, resolution of most of the matters addressed in the MRA will require a significantly longer period that will extend for a number of years after confirmation of the Plan. The Debtors believe the GSA and the MRA serve the best interests of their estates and creditors. Together, these agreements will permit the Debtors to implement the Plan with material support and broad cooperation from GM, their

3

largest customer. Likewise, the agreements will allow GM to manage the effects of its largest supplier's transformation on GM's supply chain and operations.

C.   Certain Exhibits To The MRA

   6.   The Exhibits contain detailed descriptions of sensitive business information and trade terms which may, if publicly disclosed, detrimentally affect the competitiveness of the Debtors and GM as well as the ability of Delphi and GM to negotiate the terms of future agreements. More specifically, the Exhibits include: schedules of certain assets held by certain of the Debtors' business units; financial projections, purchasing and pricing information, information related to new business opportunities and extensions of existing contracts; information relevant to the marketing of certain of the Debtors' non-core assets; and metrics and procedures for calculating various payment amounts provided for in the MRA. The Exhibits form an integral part of the MRA, and the terms of the Exhibits were heavily negotiated.

### Relief Requested

   7.   By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Exhibits under seal.

### Basis For Relief

   8.   The Exhibits contain highly sensitive and confidential business terms in connection with the business relationship between Delphi and GM which, if publicly disclosed, could detrimentally affect the Debtors' and GM's ability to negotiate terms of future agreements and could affect the competitiveness of the Debtors and GM going forward. The Exhibits also contain detailed proprietary information describing the business relationship between the parties, which the Debtors believe to be highly sensitive and confidential information not typically disclosed to the public or made available in the automotive industry. The disclosure of such information would put both Delphi and GM at a disadvantage vis-a-vis their respective

4

competitors, particularly given the extremely competitive nature of the automotive industry. In light of the sensitive nature of the subject matter of the Exhibits, Article II of the MRA provides that Delphi and GM will use commercially reasonable efforts to obtain an order of this Court approving the relief requested herein. It is, therefore, of the utmost importance to the Debtors and GM that the sensitive terms of the Exhibits be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the Debtors or GM in the marketplace.

9.  Additionally, disclosure of the terms contained in the Exhibits is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) whether the Debtors may enter into the MRA, including the Exhibits, is subject to this Court's approval in any case, and (b) the Debtors are prepared to provide complete copies of the Exhibits to (i) the U.S. Trustee, (ii) counsel to the official committee of unsecured creditors, and (iii) such other parties as may be ordered by this Court or as agreed to in writing by the Debtors and GM.

10. After evaluating whether they could effectively redact the Exhibits, the Debtors and GM concluded that redaction was not appropriate because the amount of redaction required would not permit parties-in-interest to conduct a meaningful review of the Exhibits. In addition, the Debtors and GM believe that heavily redacted versions of the Exhibits could be misleading. Accordingly, the Debtors and GM believe that filing redacted versions of the Exhibits would not serve the interests of the Debtors' estates or other parties-in-interest.

<u>Applicable Authority</u>

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

On request of a party in interest, the bankruptcy court shall . . . –

5

   (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

  12. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

  13. Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information."  <u>Video Software Dealers Assoc. v. Orion Pictures Corp.</u> (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." <u>Id.</u> at 28. The Bankruptcy Court  "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing <u>In re Orion Pictures Corp.</u>, 21 F.3d at 27)).

  14. Here, there is good cause for the relief requested.  The Exhibits contain sensitive commercial information and trade terms, the disclosure of which would be harmful to the Debtors and GM.  The confidential information, including the agreed upon trade terms contained in certain of the Exhibits, qualifies as "[confidential research, development, or] commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the Debtors to file the Exhibits with this Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Exhibits under seal.

15.    No prior application for the relief requested herein has been made to this or any other Court.

## Notice Of Application

16.    Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Debtors will serve a copy of this Application in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418), and the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Exhibits, under seal, simultaneously with the filing of the Plan on September 6, 2007.

## Memorandum Of Law

17.    Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Exhibits under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York

September 6, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

8