UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
      In re                            :     Chapter 11
                                    :
DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)
                                    :
                    Debtors.     :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004 AND 9019
AUTHORIZING AND APPROVING ENTRY INTO AND PERFORMANCE
OF WARRANTY, SETTLEMENT, AND RELEASE AGREEMENT AND COVENANT
NOT TO SUE WITH GENERAL MOTORS CORPORATION

("GM WARRANTY SETTLEMENT ORDER")

Upon the motion, dated September 7, 2007 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 363(b) and

Fed. R. Bankr. P. 6004 and 9019 authorizing Delphi to enter into and perform under that certain

Warranty, Settlement, and Release Agreement and Covenant Not to Sue (the "Warranty

Settlement Agreement")[1] with General Motors Corporation ("GM"), which (i) settles all

outstanding warranty claims and issues related to a component or assembly supplied by Delphi to

GM that are (a) known by GM as of August 10, 2007 (except for two potential claims), (b)

believed by GM to be Delphi's responsibility in whole or in part, and (c) in GM's normal

investigation process as of August 10, 2007, or which should have been in that process, but were

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Warranty Settlement Agreement attached hereto as Exhibit A. Certain sensitive terms of the Warranty Settlement Agreement were redacted in accordance with the Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Redacted Version Of Warranty Settlement Agreement, entered on September 6, 2007 (Docket No. 9268).

withheld for the purpose of pursuing a claim against Delphi, (ii) limits the liability related to

certain other warranty claims that have become known by GM on or after June 5, 2007 (together

with (i), the "Warranty Claims") , and (iii) prohibits both GM and Delphi from initiating any

action against the other related to any of the warranty claims that are settled in the agreement;

and upon the record of the hearing held on the Motion; and this Court having determined that the

relief requested in the Motion is in the best interests of the Debtors, their estate, their

stakeholders, and other parties-in-interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and after due deliberation

thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over the Motion and the transactions

contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicate for the relief sought in the Motion is 11 U.S.C. §

363(b) and Fed. R. Bankr. P. 6004 and 9019.

C.    The Warranty Settlement Agreement settles all warranty claims of the type

disclosed in the Warranty Settlement Agreement, including, without limitation, defects to a part

in a make, model, and year of a vehicle scheduled in the Warranty Settlement Agreement.

D.    Delphi's decision to enter into the Warranty Settlement Agreement is

reasonable and appropriate under the circumstances.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

E.    Delphi has demonstrated good, sufficient, and sound business purposes and justification for entering into the Warranty Settlement Agreement.

F.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

G.    Approval of the Warranty Settlement Agreement at this time is in the best interests of the Debtors, its stakeholders, its estate, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Delphi is authorized, but not directed, to enter into the Warranty Settlement Agreement and to perform its obligations thereunder.

3.    The Warranty Settlement Agreement and all of the terms and conditions thereof are hereby approved.

4.    Upon entry of this Order, Delphi's claims agent shall (a) reduce the liquidated component relating to warranty claims asserted in GM's Proof of Claim by $530,081,671, which includes, without limitation, the personal injury claims related to warranty claims asserted in GM's Proof of Claim, and (b) expunge with prejudice the unliquidated component relating to warranty claims asserted in GM's Proof of Claim.

5.    The Warranty Settlement Agreement resolves any and all of GM's setoff and/or recoupment rights or claims with respect to any of the costs and damages that GM has asserted or could assert with respect to customer warranty claims and/or recall campaigns that are settled under the terms of the Warranty Settlement Agreement.

3

6.      This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this order.

7.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          September __, 2007



                         _____
                         UNITED STATES BANKRUPTCY JUDGE

Exhibit A
Warranty Settlement Agreement