# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF TREATMENT OF RECLAMATION CLAIM UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on September 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed their Joint Plan of Reorganization dated September 6, 2007 (as subsequently amended, supplemented, or otherwise modified, the "Plan") and their disclosure statement with respect to the Plan (as subsequently amended, supplemented, or otherwise modified, the "Disclosure Statement") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The Bankruptcy Court entered an order on October 3, 2007 (the "Solicitation Procedures Order") (Docket No. ____) approving the adequacy of the Disclosure Statement and certain procedures in connection with solicitation of votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of the proposed treatment of the reclamation claim listed on Schedule 1 attached hereto as provided in the Plan.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Reclamation Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on November 9, 2007. If you fail to return this form timely, you will receive a distribution for your reclamation claim, to the extent allowed, in cash and new common stock of reorganized Delphi in the proportions set forth in the Plan and be deemed to have waived any right to seek administrative priority status for your reclamation claim.**

The Debtors' records reflect that you are the holder of the reclamation claim identified on Schedule 1 (the "Reclamation Claim ").  **Please follow the three steps below and sign this notice to ensure that you receive the desired treatment for your reclamation claim that you want to receive.**

**Step 1**

**Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims ("General Unsecured Claims"), and check one of the boxes below:**

☐   I request that my reclamation claim, to the extent Allowed (as defined in the Plan), be given administrative priority status pursuant to section 503(b) of the Bankruptcy Code

☐   I request to be treated for purposes of distribution on account of my Reclamation Claim, extent Allowed, in the plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through December 31, 2007 at the Michigan Statutory Rate in effect as of the Petition Date (4.845%) (the "Interest Rate") as provided in the Plan.  I acknowledge and agree that I have no accompanying voting rights on account of this election or any Reclamation Claim.

**Step 2**

**If you checked the box indicating that you request that your reclamation claim, to the extent Allowed, be given administrative priority status pursuant to section 503(b) of the Bankruptcy Code, the treatment of your reclamation claim will be determined at a contested hearing before the Bankruptcy Court on a date following the effective date of the Plan. At this hearing, the Debtors will assert that your claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which you are seeking a reclamation claim are or were subject to a valid and perfected security interest. The Debtors will retain all other reserved defenses regarding your Reclamation Claim, as set forth in the Amended Final Reclamation Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment of Reclamation Claims, entered November 4, 2005 (Docket No. 881) (the "Reserved Defenses"). If the Debtors prevail at this hearing, then, subject to the Bankruptcy Court's ruling, your Reclamation Claim will be disallowed. The underlying claim will then be subject to further reconciliation to determine the amount in which you may still have a valid General Unsecured Claim.**

**If you checked the box indicating that you request to be treated for purposes of distribution on account of your reclamation claim, to the extent Allowed, in the plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through December 31, 2007 at the Interest Rate as provided in the Plan, you will be deemed to have waived any right to seek administrative priority status for your reclamation claim. The Debtors will retain all Reserved Defenses regarding your Reclamation Claim.**

**In either event, you must return this form in accordance with Step 3 below.**

**Step 3**

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, by **4:00 p.m.** (prevailing Eastern time) **on November 9, 2007.** If you fail to return this form timely, you will receive a distribution on account of your Reclamation Claim, to the extent Allowed, in the plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through December 31, 2007 at the Interest Rate and you will be deemed to have waived any right to seek administrative priority for your reclamation claim. The Debtors will retain all Reserved Defenses regarding your Reclamation Claim.

Company Name:_____

By: _____

Print Name:

Title:

| | |
|---|---|
| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

Dated:   New York, New York
        October 29, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                                                  &FLOM LLP
                                                        John Wm. Butler, Jr. (JB 4711)
                                                        George N. Panagakis (GP 0770)
                                                        Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                                       - and -
                                              Kayalyn A. Marafioti (KM 9632)
                                             Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                                Attorneys for Delphi Corporation, <u>et</u> <u>al.</u>,
                                  Debtors and Debtors-in-Possession