# EXHIBIT B

1

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 05-44481
 5   - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   DELPHI CORPORATION,
 9
10            Debtor.
11
12   - - - - - - - - - - - - - - - - - - - -x
13
14              U.S. Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              August 17, 2006
19              10:05 a.m.
20
21   B E F O R E:
22   HON. ROBERT D. DRAIN
23   U.S. BANKRUPTCY JUDGE
24
25
```

2

```
 1   MOTION For Relief From Stay The Offshore Group's Motion
 2   Pursuant To Bankruptcy Code Sections 362(D)(1) And 553 For
 3   Order Lifting The Automatic Stay To Permit The Offshore Group
```



20  on our papers. I know from experience that Your Honor has

21  probably read them.

22          THE COURT: Okay.

23          MR. SEIDER: There was one argument that was raised

24  by Speedline's counsel that I'd like to address very briefly.

25  The argument was that this case should not be subject to extent

33

1   case law because the goods at issue here are equipment rather

2   than inventory. We don't see any basis in the UCC Warrant

3   Section 546(c) for distinguishing equipment from inventory for

4   the purpose of apply the extent case law. With respect to Mr.

5   Butler's comments Your Honor and the Court's disposition of

6   today's motion I would point out that in the prayer that was

7   contained at the end of our objection we did not ask for a

8   declaratory judgment with respect to the validity of

9   reclamation claims in this case in general. We only asked that

10  the motion of Speedline be denied. That is, in fact, what we

11  think is appropriate based upon the arguments that have been

12  made by counsel for Speedline and the authorities that have

13  been cited to Your Honor by the committee in its objection.

14          THE COURT: Okay.

15          MR. SEIDER: Thank you, Your Honor.

16          THE COURT: All right. I have in front me a motion

17  by Speedline which has filed a reclamation demand and asserts a

18  reclamation claim in these cases for, or related to its

19  provision of a specific piece of property to the debtors on

20  credit. It's objected to on essentially a similar grounds on

21  by both the debtors and the official unsecured creditors'

22  committee. The objections raise one common issue and two other

23  issues and I conclude that based on my view of the common issue

24  I do not need to get to the other issues. The other issues

25    being whether in fact Speedline has satisfied the hurdles

                                                                    34


1    specifically set forth in Section 546(c) of the bankruptcy
2    code.  Including establishing that its debtor was insolvent at
3    the relevant time.  That determination, as well as
4    determination in any of the other reserved defenses, needn't be
5    made at this time.  Given my view that because the debt that is
6    secured by the asset that serves as the basis for Speedline's
7    reclamation claim is in excess of that claim and has neither
8    been satisfied nor released.  At this time Speedline is not
9    entitled to the rights that it would have under the Court's
10   order establishing procedures for the treatment of reclamation
11   claims dated November 4, 2005.  Which provides among other
12   things for the allowance of an administrative claim for an
13   allowed reclamation claim and payment of such claim in the sole
14   discretion of the debtors or pursuant to a confirmed plan of
15   reorganization.  In either case only if and to the extent that
16   such allowed reclamation claim constituted administrative
17   expenses under applicable law as set forth in paragraph
18   2(d)(ii) of that order.  The statute governing this issue is
19   Section 546(c) of the bankruptcy code as I mentioned a minute
20   ago as an effect before the effective date of the 2005 BAP CPA
21   amendments to the bankruptcy code.  And its well settled that
22   under that section a reclaiming creditor does not have an
23   independent right of reclamation but that that section only
24   preserves any right the seller may have outside a bankruptcy.
25   See for example, In re Quality Stores, Inc. 289 BR 324, 333


                                                                    35


1    Bankruptcy W.D. Michigan (2003), and In re Pittsburgh-Canfield

```
 2    Corporation 309 BR 277, 6th Circuit BAP (2004).  The parties I
 3    think are all in agreement and even if they weren't this would
 4    be the law that therefore, the Court must look to the
 5    reclamation claimant's rights under Section 27023 of the
 6    uniform commercial code.  That section subjects the rights of a
 7    reclamation creditor under Section 27022 to the rights of a
 8    buyer in the ordinary course or other good faith purchaser.
 9    And case law has established that a creditor with a prior
10    perfected floating security interest or a secured instant
11    property generally who acted in good faith and per value is a
12    good faith purchaser for purposes of that section.  See for
13    example In re Oralco 239 BR 261, 267 Bankruptcy SDNY (1999).
14    Under the prevailing, and in my view, correct version of the
15    case law including as set forth in the Oralco case, but also as
16    discussed at length, encodently in the Pittsburgh-Canfield
17    case.  Consequently, a reclaiming creditor does not have a
18    right of reclamation until it is established that either the
19    secured creditor, with a prior interest in its particular
20    asset, has released the interest in that asset or has been paid
21    in full.  I.e. that there are surplus proceeds from the asset
22    that the reclaiming creditor seeks to reclaim.  That clearly
23    has not happened here.  The case law also makes it clear that
24    the reclaiming creditor has what is in essence an inrem right
25    or literally an inrem right.  And until it is established that
```

36

```
 1    again the prior creditor has either been satisfied out of the
 2    proceeds of that particular property from which the reclaiming
 3    creditor's rights stem or has released its lien, the value of
 4    the reclaiming creditor's inrem right is zero.  The Pittsburgh-
 5    Canfield case specifically dealt with the issue raised in the
 6    motion which was that the Court should look at whether the
```

 7    collateral package, as a whole, held by the secured creditor
 8    would satisfy the creditor.  And therefore should be directed
 9    to make a determination that the secured creditor does not need
10    the particular asset that is the basis for the reclamation
11    claim.  And in that case properly rejected that argument.  I
12    should note that even with the change to the bankruptcy code
13    after the applicability of BAP CPA the leading commentator in
14    this area is of the view that the pre BAP CPA cases would still
15    apply.  And in particular, that a reclaiming seller whose right
16    is subject to that of a secured creditor may not invoke the
17    equitable principal of marshalling or a similar principal to
18    require a senior secured creditor to look to assets in which
19    the seller has no interest.  See Five Collier on bankruptcy
20    paragraph 546.042(a)(vii) and in so concluding the editors of
21    Collier site the Oralco case at 239 BR 27477 Bankruptcy SDNY
22    (1999).  In response to that case law the reclaiming selling
23    here contends that the provisions of Section 546(c) are
24    intended only to protect the secured creditor and that the
25    secured creditor here, by failing to object to the motion has

                                    37

 1    waived its rights as a secured creditor.  And consequently the
 2    reclaiming creditor may take over the secured creditor.  There
 3    are two problems with this argument.  The first is that the
 4    case law again, I believe correctly, does not -- or at least
 5    the majority case law takes the position that Section 546(c)'s
 6    reference to otherwise applicable rights of the reclaiming
 7    creditor protects not only secured creditors but unsecured
 8    creditors from having a reclaiming seller, who under applicable
 9    non-bankruptcy law, would have a zero-valued reclamation claim
10    from obtaining an unearned or unmerited priority.  Again see
11    the Pittsburgh-Canfield case as well as In re Primary Health

12    Systems Inc. 258 BR 111 at 117 Bankruptcy District of Delaware

13    (2001) which noted that elevating such a claim to

14    administrative status in a bankruptcy case would give the

15    claimant a windfall. As is frequently noted by the Court's,

16    including most recently by the Supreme Court in its decision

17    last term in the Howard case, priorities are to be determined

18    narrowly in bankruptcy given the fact that any priority takes

19    money out of the pocket of those who do not have a priority.

20    Secondly, given that case law and also given the process laid

21    out in the Court's November 2004 order, dealing with the

22    processing and treatment of reclamation claims, I could not

23    find here a knowing and intelligent waiver by the secured

24    creditors even if for some reason I disagreed with that case

25    law. To the contrary, I think the secured creditors here could

38

1    reasonably assume that those below them in the pecking order

2    i.e., the unsecured creditors as well as the debtor, acting as

3    a fiduciary for its estate, would responsibly protect the

4    estate and the secured creditors from reclamation sellers

5    obtaining a windfall or prematurely obtaining administrative

6    status. I also don't accept the argument made by Speedline

7    that the foregoing cases that I cited are distinguishable on

8    their facts on the basis that in those cases the reclaiming

9    seller claimed items of inventory or the proceeds thereof as

10    opposed to a specific piece of property. That distinction is

11    not one that is consistent with the logic of those cases, which

12    specifically addressed the issue I discussed without making a

13    distinction among types of collateral. But merely pointing to

14    the respective positions of a reclaiming seller when an asset

15    has been sold and there are excess proceeds. And when it has

16    not yet been sold and the debt that it secures exceeds the

17   value of the reclamation claim.  So, again, in connection with

18   this statutory priority which is out of the ordinary course,

19   given that it's provided to a pre-petition claim only pursuant

20   to 546(c), I can't find any value today that would lead to the

21   allowance today of a specific dollar amount administrative

22   claim.  And certainly there would be no requirement under the

23   Court's order for payment of such amount today.  This is not to

24   say that the reclamation right has disappeared.  In my view,

25   and based on my review of the case law, until the secured

39

1   creditor with the prior right under Section 27023 has either

2   been satisfied or it is clear from the liquidation of its

3   collateral that it will not be satisfied, or has released its

4   lien, the reclaiming seller's rights under 546 essentially hang

5   fire.  Assuming, of course, it's able to establish its right

6   under all the other hurdles of 546(c).  So consequently, I

7   don't accept that the right based on my finding today no longer

8   exists.  It is one that is, at this time, of no value.  But

9   that at some time in the future, depending on the ultimate

10   disposition of the secured creditor's claim in this case, may

11   have value and may be entitled to an administrative claim.  So

12   Mr. Butler you can submit an order with a copy to Speedline's

13   counsel and the committee's counsel consistent with that

14   ruling.

15           MR. BUTLER:  Thank you, Your Honor.  That concludes

16   the matters for this morning's omnibus hearing.  Just to note,

17   Your Honor, I'd like to state in open court, pursuant to

18   authority that was granted to us by chambers, we did file a

19   notice on Pacer very early this morning and served the

20   1113/1114 trial counsel and also filed on notice, on

21   Delphidocket.com, that in lieu of the resumption of the

```
 3   I, Esther Accardi, court approved transcriber, certify that the

 4   foregoing is a correct transcript from the official electronic

 5   sound recording of the proceedings in the above-entitled

 6   matter.

 7

 8   _____ _August 18, 2006____

 9   Signature of Transcriber              Date

10

11   Esther Accardi_____

12   typed or printed name

13

14

15

16

17

18

19

20

21

22

23

24

25
```