# EXHIBIT D

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

```
------------------------------------------------------------x
                                                            :
                                                            :
IN RE: DELPHI CORPORATION                                   :    MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"                            :    Master Case No. 05-md-1725
LITIGATION                                                  :    Hon. Gerald E. Rosen
                                                            :
                                                            :    This Document Relates to:
                                                            :    In Re: Delphi Corp. Securities Litig.
                                                            :    No. 06-10026, and Case Nos.
                                                            :    06-10025, 06-10027, 06-10028,
                                                            :    06-10029, 06-10030, 06-10031, and
                                                            :    06-10032
                                                            :    --------------------------------------------
                                                            :
------------------------------------------------------------x
```

## ORDER OF PRELIMINARY APPROVAL AND
## FOR NOTICE AND HEARING

Presented to the Court for preliminary approval pursuant to Rule 23 of the Federal Rules of Civil Procedure is the Settlement of the above-captioned actions (the "Delphi Securities Action") by and between Teachers' Retirement System of Oklahoma, Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP (collectively, "Lead Plaintiffs"), individually and on behalf of the Class, and the following defendants in the Delphi Securities Action: (i) Delphi Corporation ("Delphi"), (ii) Delphi Trust I and Delphi Trust II; (iii) J.T. Battenberg III, John G. Blahnik, Robert H. Brust, Virgis W. Colbert, Alan S. Dawes, David N. Farr, Paul R. Free, Bernd Gottschalk, Susan A. McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie, Roger S. Penske, Donald L. Runkle, John D. Sheehan, and Patricia C. Sueltz (collectively, these individuals will be referred to herein as the "Delphi Officer and Director Defendants"), and (iv) Banc of America Securities LLC, Barclays Capital Inc., Bear, Stearns & Co. Incorporated, Citigroup Global Markets Inc. ,, Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First

Boston Corporation), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, and Wachovia Capital Markets, LLC (collectively, the "Underwriter Defendants") (Delphi, Delphi Trust I, Delphi Trust II, the Delphi Officer and Director Defendants and the Underwriter Defendants are collectively referred to as the "Settling Defendants");

WHEREAS the terms of the Settlement are set forth in a Stipulation and Agreement of Settlement With Certain Defendants, that was executed by the Settling Parties on August 31, 2007 (the "Stipulation"). The Settlement was reached after extensive arm's-length and protracted negotiations that included multiple mediation conferences before a Court-appointed special master. Approval of the Settlement would result in dismissal of the Delphi Securities Action with prejudice with respect to the Settling Defendants. The Delphi Securities Action shall continue with respect to defendants Deloitte & Touche LLP, JP Morgan Chase & Co. (as the successor to Bank One Corporation), SETECH, Inc. and BBK (collectively, the "Non-Settling Defendants");

NOW, upon consent of the Settling Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this Order for Notice and Hearing (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby preliminarily certifies, for purposes of effectuating this Settlement, a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) consisting of all persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I

2

and Delphi Trust II ("Delphi Securities") between March 7, 2000 and March 3, 2005, inclusive, and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement (the "Class" or "Class Members"). Excluded from the Class are: (i) any Defendant; (ii) any member of the family of any of the Delphi Officer and Director Defendants; (iii) any entity in which any Defendant has a controlling interest; (iv) any officer, director or partner of any Defendant or their subsidiary or affiliate; or (v) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any putative members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement With Certain Defendants, Motion for Attorneys' Fees and Reimbursement of Expenses and Fairness Hearing ("Notice") to be sent to the Class.

3.     For purposes of settlement only, the Lead Plaintiffs, on behalf of all Class Members, are appointed as Class Representatives. The law firms of Bernstein Litowitz Berger & Grossmann LLP; Nix, Patterson & Roach, L.L.P.; Grant & Eisenhofer, P.A.; and Schiffrin Barroway Topaz & Kessler, LLP, are jointly appointed as Class counsel ("Co-Lead Counsel").

4.     With respect to the Class, this Court preliminarily finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: i. the members of the Class are so numerous that joinder of all Class Members is impracticable; ii. there are questions of law and fact common to the Class

3

which predominate over any individual questions; iii. the claims of the Lead Plaintiffs are typical of the claims of the Class; iv. the Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and v. a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: vi. the interests of the members of the Class in individually controlling the prosecution of the separate actions, vii. the extent and nature of any litigation concerning the controversy already commenced by members of the Class, viii. the desirability or undesirability of continuing the litigation of these claims in this particular forum, and ix. the difficulties likely to be encountered in the management of the class action.

5. Co-Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. The action captioned *Bernstein v. Delphi Trust I, et al.*, No. 2:06-CV-10025 (GER) (formerly No. 9:05-CV-80307 (KLR) (S.D. Fla.)) (the "Bernstein Action), is hereby consolidated in the Delphi Securities Action.

7. The Court appoints The Garden City Group, Inc. as Claims Administrator to supervise and administer the notice and claims procedures as set forth in the Stipulation. The Settling Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

8. The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Gross Settlement Fund

4

and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

9. The Court hereby dismisses without prejudice the Complaint as against Thomas Wyman and Shoichiro Irimajiri. Unless opposed by Lead Plaintiffs, the dismissal of the Complaint against these two Defendants shall be converted to a dismissal with prejudice pursuant to the Order and Final Judgment upon the Effective Date of the Settlement.

10. Lead Plaintiffs and any other "named plaintiffs" shall vote all chapter 11 ballots provided to them pursuant to the solicitation procedures order in the Bankruptcy Case by virtue of the Section 510(b) Claim or any proof of claim related to the Delphi Securities Action in favor of the Delphi Plan of Reorganization consistent with and incorporating this Settlement.

11. The Court preliminarily approves: i. the Settlement of the Delphi Securities Action with respect to the Settling Parties as set forth in the Stipulation; and (2) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Delphi Securities Action against the Settling Defendants only based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

12. Pursuant to Fed.R.Civ.P. Rule 23(e), a hearing (the "Fairness Hearing") shall be held on November 13, 2007, at 9:30 a.m., in the United States District Court for the Eastern District of Michigan, Southern Division, the Honorable Gerald E. Rosen presiding, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    b. determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    c. determine whether the Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Delphi Securities Action against the Settling Defendants with prejudice and extinguishing and releasing all Settled Claims and barring all Barred Claims (as defined in the Stipulation);

    d. determine whether the Class should be finally certified for settlement purposes pursuant to Fed.R.Civ.P. Rules 23(a) and (b);

    e. rule on Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; and

    f. rule on such other matters as the Court may deem appropriate.

13. The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys'

fees and reimbursement of litigation expenses, without further notice of any kind to Class Members.

15. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modification as may be consented to by the Settling Parties and without further notice to the Class.

15. The Claims Administrator shall make reasonable efforts to identify all persons who are members of the Class, including beneficial owners whose Delphi Securities are held by banks, brokerage firms, or other nominees. Delphi, or such other agent authorized to do so, shall produce or will cause to be produced within five (5) calendar days of the Court's entry of this Order the information from transfer or other records required by the Claims Administrator to send Notice to the persons who can be identified through those same records (the "Notice Information"). The Notice Information should, if practicable, be provided in an MS Excel version 10 or 11 (preferred) or in ASCII fixed length field text files. Control characters such as Carriage Return/Line Feed should be appended to each line in the text files. Delphi shall bear all costs or expenses associated with providing the Claims Administrator with the above-described Notice Information from Delphi and its transfer agent's records. The Claims Administrator shall send the Notice and the Proof of Claim, substantially in the forms of Exhibits A-1 and A-2, by United States mail, postage pre-paid, to all reasonably ascertainable members of the Class, at their last known address appearing in the Notice Information. Such mailing shall occur no later than the "Notice Date," which shall be no later than ten (10) calendar days after the Claims Administrator receives the Notice Information.

7

16. Pursuant to the Notice, each nominee who receives the Notice shall either: i. send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within seven (7) calendar days after the nominee receives the Notice; or ii. send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Co-Lead Counsel shall file with the Court and serve upon Settling Defendants' counsel no later than seven (7) days prior to the Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this order and stating that the mailings have been completed in accordance with the terms of this order.

17. Within two (2) calendar days of the Notice Date, Co-Lead Counsel shall cause to be published a Publication Notice, substantially in the form of Exhibit A-3 to the Stipulation, once in the national edition of *The Wall Street Journal,* once in *Investor's Business Daily,* once in *The Detroit Free Press* and once over the *PR Newswire*. Co-Lead Counsel shall file with the Court and serve upon Settling Defendants' Counsel no later than seven (7) days prior to the

8

Fairness Hearing an affidavit or declaration stating that the Publication Notice has been published in accordance with the terms of this order.

18. The form and content of the Notice, the Proof of Claim, and the Publication Notice, annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

19. Any member of the Class who timely and properly objects to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Fairness Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no person other than the parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court unless on or before fourteen (14) days before the Fairness Hearing, such person files with the Court and serves upon counsel listed below: (1) a statement of such person's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; (3) whether that person

9

intends to present any witnesses; and (4) the person's purchases and sales of Delphi Securities made during the Class Period, including the dates, the number of securities purchased or sold, the price(s) paid or received per Delphi Security for each such purchase or sale, and whether such person continues to hold such Delphi Securities at the time the statement of objection is served. Such filings shall be served upon the Court and the following counsel:

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Sean Handler
280 King of Prussia Road
Radnor, PA 19087

**NIX, PATTERSON & ROACH, L.L.P.**
Bradley E. Beckworth
Jeffrey J. Angelovich
205 Linda Drive
Daingerfield, Texas 75638

**GRANT & EISENHOFER P.A.**
Stuart M. Grant
James J. Sabella
485 Lexington Avenue
New York, New York 10017

**BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP**
Max Berger
John P. Coffey
1285 Avenue of the Americas
New York, New York 10019

*Co-Lead Counsel for Lead Plaintiffs*

**SHEARMAN & STERLING LLP**
Stuart J. Baskin
Brian H. Polovoy
599 Lexington Ave.
New York, New York 10022-6069

*Counsel for Delphi, Delphi Trust I and Delphi Trust II, and certain Delphi Officer and Director Defendants*

**SIDLEY AUSTIN LLP**
Andrew W. Stern
787 Seventh Avenue
New York, New York 10019

*Counsel for the Underwriter Defendants*

**MILLER, CANFIELD, PADDOCK and STONE, PLC**
Thomas W. Cranmer, Esq.
Matthew P. Allen, Esq.
150 W. Jefferson, Suite 2500
Detroit, MI 48226

*Counsel for certain of the Delphi Officer and Director Defendants*

20. Any Class Member who does not object to the Settlement, the Bar Order, and/or the Plan of Allocation in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement or the Order and Final Judgment to be entered approving the Settlement, the Bar Order, and the Plan of Allocation.

21. Any person falling within the definition of the Class may, upon request, be excluded from the Class. Any such person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") so that it is received by the Claims Administrator on or before fourteen (14) days before the Fairness Hearing. A Request for Exclusion must state: i. the name, address, and telephone number of the person requesting exclusion; ii. the person's purchases and sales of Delphi Securities made during the Class Period, including the dates, the number of securities purchased or sold, the price(s) paid or received per Delphi Security for each such purchase or sale, and whether such person

11

continues to hold such Delphi Securities at the time the statement of objection is served; iii. the amount or number of Delphi Securities held as of the beginning of the Class Period on March 7, 2000; and (4) that the person wishes to be excluded from the Class.  All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

22. Any Class Member who wishes to participate in the Net Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the address indicated in the Notice, postmarked not later than January 15, 2008.  Such deadline may be further extended by Court order.  Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim.  All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.  To be valid, a Proof of Claim must: i. be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; ii. include the release by the Claimant of all Released Parties as set forth in the Stipulation; and iii. be signed with an affirmation that the information is true and correct.  All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

12

23.     If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the parties as provided for in the Stipulation, any class certification herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

24.     Pending final determination of whether the Settlement should be approved, all proceedings in the Delphi Securities Action against the Released Parties, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination whether the Settlement should be approved, Lead Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action asserting any claims against the Released Parties that are or relate in any way to the Settled Claims as defined in the Stipulation.

25.     The contents of the Gross Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13

26. Neither the Stipulation nor any provisions contained in the Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of any Settling Defendant or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other person, has or has not suffered any damage.

27. Any party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, shall do so by seven (7) calendar days before the date scheduled for the Fairness Hearing.

28. The Court authorizes payment out of the Gross Settlement Fund of notice and administration expenses in accordance with the Stipulation.

29. The passage of title and ownership of the Gross Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No person that is not a Class Member or Co-Lead Counsel shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

30. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

SIGNED this  5th  day of September 2007.

      _s/Gerald E. Rosen_____
      **GERALD E. ROSEN**
      **UNITED STATES DISTRICT JUDGE**

W0554480.DOC