# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
      In re                      :     Chapter 11
                                                      :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                                      :
               Debtors.     :     (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ORDER APPROVING MULTIDISTRICT LITIGATION AND INSURANCE SETTLEMENTS</u>

("MDL AND INSURANCE SETTLEMENTS APPROVAL ORDER")

        Upon the Motion For Order Approving Multidistrict Litigation And Insurance

Settlements (the "Motion"), dated September 7, 2007, by Delphi Corporation ("Delphi") and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in these cases

(collectively, the "Debtors"); and the Court having reviewed the Motion and having heard the

statements of counsel and the evidence presented regarding the Motion at a hearing before the

Court on September 27, 2007 (the "Hearing"); and due and appropriate notice of the Motion

having been given; and for the reasons stated by the Court on the record at the Hearing; now,

therefore,

        IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        1.     <u>Jurisdiction.</u>  The Court has jurisdiction over these cases, the Motion, this

order, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.

        2.     <u>Venue</u>.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408

and 1409.

---

[1]    This order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made
applicable here by Fed. R. Bankr. P. 7052 and 9014.  Any and all findings of fact shall constitute findings of
fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law
even if stated as findings of fact.

3.      Predicates For Relief.  The predicates for the relief requested herein are

sections §§ 362(d)(1) and 363(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330,

as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), Fed. R. Civ. P. 23, and

Fed. R. Bankr. P. 4001(d), 7023, 9014, and 9019(a).

4.      Notice.  The notice of the Motion and the Hearing given by the Debtors

constitutes proper, timely, adequate, and sufficient notice thereof and complies with the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable local rules, and no

other or further notice is necessary.

5.      Findings.

(a)      The Debtors commenced these cases on October 8 and 14, 2005.

(b)      On December 12, 2005, the Judicial Panel on Multidistrict Litigation

issued an order concentrating in the United States District Court for the Eastern District of

Michigan (the "District Court") a number of federal actions against Delphi and other defendants

under the caption In re:  Delphi Corp. Securities, Derivative and "ERISA" Litigation, Master

Case No. 05-md-1725 (GER) (the "MDL").  The MDL includes putative class actions under the

federal securities laws, putative class actions under the Employee Retirement Income Security

Act of 1974 ("ERISA"), and derivative actions.

(c)      Under the Court's Agreed Order Regarding Interim Disposition With

Respect To Lead Plaintiffs' Motion For Limited Modification Of Automatic Stay, dated April 16,

2007 (Docket No. 7718) (the "Agreed Order"), the Debtors produced certain documents to the

lead plaintiffs in the securities portion of the MDL (the "Securities Lead Plaintiffs").

(d)      The Debtors provided similar material to the named plaintiffs in the

ERISA portion of the MDL (the "ERISA Named Plaintiffs") in accordance with the Court's

Agreed Order Approving Agreement To Modify Automatic Stay To Provide Certain Third-Party

Discovery Materials To ERISA Plaintiffs, dated May 31, 2007 (Docket No. 8118).

(e)    On August 31, 2007, after several months of negotiations involving Delphi,

the Securities Lead Plaintiffs, the named plaintiffs in the ERISA portion of the MDL (the

"ERISA Named Plaintiffs"), certain other defendants, certain insurance carriers, and a special

master appointed for settlement purposes by the District Court, the parties executed the following

agreements concerning the MDL:

- a certain "Stipulation and Agreement of Settlement With Certain
  Defendants" among the Securities Lead Plaintiffs, on behalf of themselves
  and a putative class; Delphi, Delphi Trust I, Delphi Trust II; J.T.
  Battenberg III, John. G. Blahnik, Robert H. Brust, Virgis W. Colbert, Alan.
  S. Dawes, David N. Farr, Paul R. Free, Bernd Gottschalk, Susan A.
  McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John
  D. Opie, Roger S. Penske, Donald L. Runkle, John D. Sheehan, and
  Patricia C. Sueltz (the "Securities Officer and Director Defendants"); and
  Banc of America Securities LLC, Barclays Capital Inc., Bear Stearns &
  Co. Incorporated, Citigroup Global Markets, Credit Suisse Securities
  (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan
  Stanley & Co. Incorporated, UBS Securities LLC, and Wachovia Capital
  Markets, LLC (the "Underwriter Defendants"), a copy of which is attached
  to this order as <u>Exhibit A</u> (the "Securities Stipulation"), and an
  accompanying "Supplemental Agreement" among the same parties that
  includes confidential information concerning the settlement contemplated
  by the Securities Stipulation;

- a certain "Stipulation and Agreement of Settlement With Certain
  Defendants – ERISA Actions" among the ERISA Named Plaintiffs, on
  behalf of themselves and a putative class; Delphi; ASEC Manufacturing
  General Partnership ("ASEC Manufacturing"); Delphi Mechatronic
  Systems, Inc. ("Delphi Mechatronic"); the Executive Committee of
  Delphi's Board of Directors and its members (the "Executive Committee");
  Delphi's Investment Policy Committee and its members (the "Investment
  Policy Committee"); and Mr. Battenberg, Mr. Brust, Mr. Dawes, Ms.
  McLaughlin, and Mr. Opie (the "ERISA Officer and Director
  Defendants"), a copy of which is attached to this order as <u>Exhibit B</u> (the
  "ERISA Stipulation"); and

- a certain "Stipulation and Agreement of Insurance Settlement" among
  Delphi; Mr. Battenberg, Milan Belans, Mr. Blahnik, Mr. Brust, Mr.
  Colbert, Mr. Dawes, Mr. Farr, Mr. Free, Mr. Gottschalk, Peter H. Janak,

3

Judith Kudla, Ms. McLaughlin, Mr. Bernardes, Ms. Niekamp, Mr. Opie, Mr. Penske, Catherine Rozanski, Mr. Runkle, Mr. Sheehan, and Ms. Sueltz (the "Insurance Officers and Directors"); and National Union Fire Insurance Company of Pittsburgh, Pa., Zurich American Insurance Company, Federal Insurance Company, Twin City Fire Insurance Company, American Casualty Company of Reading PA, Arch Insurance Company, St. Paul Mercury Insurance Company, Great American Insurance Company, Allied World Assurance Company LTD, Endurance Specialty Insurance Ltd., and Starr Excess International (the "Insurers"), a copy of which is attached to this order as <u>Exhibit C</u> (the "Insurance Stipulation").

(f)       At a meeting on August 7, 2007, Delphi's Board of Directors (the "Board") authorized Delphi to enter into the settlements that are now memorialized in the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation.  Also at that meeting, a quorum of the Board comprising Board members not named as defendants in the Delphi Securities Action (as defined in the Securities Stipulation) resolved to release any and all affirmative claims by any of the Debtors against, among others, all current and former Delphi officers and directors arising from any alleged violation of the federal securities laws during the period of time between March 7, 2000 and March 3, 2005, inclusive, while reserving the right to assert such claims as a defense or setoff to claims asserted by such officers and directors (the "Release").

(g)       On September 5, 2007, the District Court entered an Order Of Preliminary Approval And For Notice And Hearing concerning the Delphi Securities Action (as defined in the Securities Stipulation) which, among other things, preliminarily approved the settlement contemplated by the Securities Stipulation, preliminarily certified the Securities Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the Securities Stipulation for November 13, 2007.  A copy of the District Court's order concerning the Delphi Securities Action is attached to this order as <u>Exhibit D</u>.

(h)    On the same day, the District Court entered an Order Preliminarily Approving Settlement, Preliminarily Certifying A Settlement Class, Approving Forms And Methods Of Notice, And Setting a Fairness Hearing concerning the Delphi ERISA Action (as defined in the ERISA Stipulation) which, among other things, preliminarily approved the settlement contemplated by the ERISA Stipulation, preliminarily certified the ERISA Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the Securities Stipulation for November 13, 2007.  A copy of the District Court's order concerning the Delphi ERISA Action is attached to this order as Exhibit E.

(i)    The United States Department of Labor (the "DOL") has filed proof of claim number 9826, dated July 14, 2006, in these cases (the "DOL Proof Of Claim").  The DOL Proof Of Claim arises from the DOL's investigation concerning potential ERISA violations involving the ASEC Manufacturing Employee Benefit Plans.  The Debtors objected to the DOL Proof Of Claim on July 13, 2007.[2]  The Delphi ERISA Action (as defined in the ERISA Stipulation) involves allegations of ERISA violations involving the ASEC Manufacturing Savings Plan, and the settlement contemplated by the ERISA Stipulation provides for a recovery by that plan (and other plans) in exchange for a release of all claims as to Delphi (and other defendants) that relate to the allegations in the Delphi ERISA Action.  The Debtors provided special notice of the motion to the DOL, and the DOL has determined not to object to the relief requested in the motion.

---

[2]    See Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims, dated July 13, 2007 (Docket No. 8617).

(j)        The Securities Stipulation, the ERISA Stipulation, the Insurance

Stipulation, and the Release completely and fully resolve the MDL and related insurance claims

as to the Debtors and certain other parties, and are fair and equitable and in the best interests of

the Debtors' estates.  The Debtors exercised sound business judgment in deciding to enter into

the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation, and to provide

the Release.

(k)        Certification of the Securities Class (as defined below) and the ERISA

Class (as defined below) for purposes of settlement, granting the Securities Lead Plaintiffs, on

behalf of the Securities Class, the Securities Allowed Claim (as defined below), and granting the

ERISA Named Plaintiffs, on behalf of the ERISA Class, the ERISA Allowed Interest, and for no

other purposes, is (i) appropriate under Fed. R. Civ. P. 23, which the Court, in its discretion

chooses to apply with respect to this matter, and (ii) provides benefits that are consistent with the

goals of chapter 11 of the Bankruptcy Code.

(l)        Under the circumstances present here, it is appropriate to (i) authorize the

Securities Lead Plaintiffs to vote on the Debtors' Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan") on behalf of

the Securities Class, and, provided that the Plan is consistent with and incorporates the settlement

contemplated by the Securities Stipulation, direct the Securities Lead Plaintiffs to cast all votes

under their control in favor and in acceptance of the Plan, and (ii) authorize the ERISA Named

Plaintiffs to vote on the Plan on behalf of the ERISA Class, and, provided that the Plan is

consistent with and incorporates the settlement contemplated by the ERISA Stipulation, direct

the ERISA Named Plaintiffs to cast all votes under their control in favor and in acceptance of the

Plan

(m)    The Debtors have shown cause for lifting the automatic stay with respect
to the documents produced by the Debtors to the Securities Lead Plaintiffs under the Agreed
Order.

(n)    The DOL Proofs Of Claim seek a recovery for the Delphi Personal
Savings Plan for Hourly-Rate Employees and the ASEC Manufacturing Savings Plan in addition
to the recovery contemplated by the ERISA Stipulation, and thereby are inconsistent with the
ERISA Stipulation's purpose of providing a complete and final resolution of the Delphi ERISA
Action (as defined in the ERISA Stipulation).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED THAT:

1.    The Motion is GRANTED in its entirety.

2.    Any objection to the Motion not withdrawn or otherwise resolved is
overruled.

3.    Pursuant to section 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr.
P. 9019(a), the Debtors are authorized, but not directed, to enter into the Securities Stipulation,
the ERISA Stipulation, and the Insurance Stipulation, and all exhibits and attachments thereto,
and to take any and all actions necessary and proper to implement the Securities Stipulation, the
ERISA Stipulation, and the Insurance Stipulation, and all exhibits and attachments thereto, and
such stipulations and documents shall be binding and enforceable against the Debtors, their
estates, and the other parties to such stipulations in accordance with their terms and subject to the
conditions contained therein.  The Debtors and the parties to the Securities Stipulation, the
ERISA Stipulation, and the Insurance Stipulation, as appropriate, are authorized to amend the
stipulations without further order of the Court to the extent that such amendments either are not

7

material to the stipulations or have not been objected to by either the official committee of unsecured creditors or the official committee of equity security holders appointed in these cases (collectively, the "Statutory Committees") following five business days' notice (or such shorter period as the Debtors and the Statutory Committees may agree).

4.    Pursuant to section 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), the Debtors are authorized, but not directed, to release any and all of their claims against the current and former officers and directors of Delphi that relate to or arise out of any alleged violations of the federal securities laws during the period of time between March 7, 2000 and March 3, 2005, inclusive.

5.    In accordance with Fed. R. Bankr. P. 9014(c), the Court directs that Fed. R. Bankr. P. 7023 shall apply in this matter.

6.    Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the Securities Lead Plaintiffs shall serve as representatives of the following class, which is hereby certified for purposes of settlement and  granting the Securities Lead Plaintiffs, on behalf of the Securities Class, the Securities Allowed Claim (as defined below), and for no other purposes:

> All persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I and Delphi Trust II, during the period of time between March 7, 2000 and March 3, 2005, inclusive, and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement (the "Securities Class").  Excluded from the Securities Class are (i) any Defendant (as defined in the Securities Stipulation), (ii) any member of the family of any of the Delphi Officer and Director Defendants (as defined in the Securities Stipulation), (iii) any entity in which any Defendant has a controlling interest, (iv) any officer, director, or partner of any Defendant or their subsidiary or affiliate, or (v) the legal representatives, heirs, successors, and assigns of any such excluded party, and any putative members of the Securities Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice (as defined in the Securities Stipulation).

7.    The Securities Lead Plaintiffs, as representatives of the Securities Class, are hereby granted an allowed claim and/or interest in these cases in the aggregate face amount of $204.0 million, with no additional provision to be made for accrued interest (the "Securities Allowed Claim").  The Securities Allowed Claim shall be classified under the Plan in separate debt and equity classes based on the plan of allocation filed with the District Court by the Securities Lead Plaintiffs.  With respect to voting on the Plan, the Securities Lead Plaintiffs, as representatives of the Securities Class, are hereby authorized to cast any and all votes arising from the Securities Allowed Claim on behalf of the Securities Class.  Provided that the Plan is consistent with and incorporates the settlement reflected in the Securities Stipulation, the Securities Lead Plaintiffs, as representatives of the Securities Class, shall cast any and all votes under their control, including any and all votes under their control by virtue of the Securities Allowed Claim, in favor and in acceptance of the Plan.

8.    Delphi's distribution of the Delphi Net Consideration (as defined in the Securities Stipulation) pursuant to the terms of the Securities Stipulation shall be in full and final satisfaction of the Securities Allowed Claim.

9.    Upon the Court's entry of this order, (i) the Securities Lead Plaintiffs shall withdraw, without prejudice, that certain proof of claim in these cases bearing number 14092 and dated July 31, 2006, and all other proofs of claim in these cases filed by the Securities Lead Plaintiffs on behalf of the Securities Class, (ii) any individual proof of claim that was filed in these cases by the Securities Lead Plaintiffs or any other named plaintiff in the Delphi Securities Action, or on their behalf, in any capacity other than as representatives of the Securities Class and relates to the allegations in the Delphi Securities Action (including but not limited to the proofs of claim identified in Exhibit D to the Securities Stipulation) shall be deemed to be

9

estimated for purposes of voting with respect to the Plan in the amount of $1, and shall be

classified pursuant to the Plan in the separate debt or equity classes applicable to the Securities

Allowed Claim according to the type of security or securities on which such proof of claim is

based, as disclosed by the Securities Lead Plaintiffs in prior filings in the Delphi Securities

Action, it being understood that such proofs of claim shall be entitled to vote in more than one

class as appropriate, and (iii) the Underwriter Defendants shall withdraw, and are hereby deemed

to have withdrawn, all proofs of claim filed in these cases concerning any claims to

indemnification, contribution, or other reimbursement from Delphi on account of or relating to

the Delphi Securities Action (including but not limited to the proofs of claim identified in

Exhibit E to the Securities Stipulation).

    10.  Upon the Effective Date (as defined in the Securities Stipulation), the

Securities Lead Plaintiffs shall withdraw, with prejudice, (i) that certain proof of claim in these

cases bearing number 14092 and dated July 31, 2006, and all other proofs of claim in these cases

filed by the Securities Lead Plaintiffs on behalf of the Securities Class, and (ii) any individual

proof of claim that was filed in these cases by the Securities Lead Plaintiffs or any other named

plaintiff in the Delphi Securities Action, or on their behalf, in any capacity other than as

representatives of the Securities Class and relates to the allegations in the Delphi Securities

Action (including but not limited to the proofs of claim identified in Exhibit D to the Securities

Stipulation).

    11.  In the event that the settlement contemplated by the Securities Stipulation

does not become Effective (as defined in the Securities Stipulation), this order, including but not

limited to the portion of the order granting the Securities Lead Plaintiffs the Securities Allowed

Claim, shall be rendered null and void to the extent provided by and in accordance with the

Securities Stipulation, and this order shall be vacated, and in such event all orders entered by the
Court in accordance with the Securities Stipulation shall be vacated.

12.    Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the ERISA
Named Plaintiffs shall serve as representatives of the following class, which is hereby certified
for purposes of settlement and granting the ERISA Named Plaintiffs, on behalf of the ERISA
Class, the ERISA Allowed Interest (as defined below), and for no other purposes:

> All persons (a) who were (i) participants in or beneficiaries of the Delphi
> Savings-Stock Purchase Program for Salaried Employees, the Delphi Personal
> Savings Plan for Hourly-Rate Employees, or the ASEC Manufacturing Savings
> Plan between May 28, 1999 and November 1, 2005 or (ii) participants in or
> beneficiaries of the Delphi Mechatronic Systems Savings-Stock Purchase
> Program between June 1, 2001 and November 1, 2005 and (b) whose accounts
> included investments in the Delphi and/or GM Stock Funds (the "ERISA Class").
> Excluded from the ERISA Class are (i) the Defendants (as defined in the ERISA
> Stipulation), (ii) members of the immediate families of each of the Defendants,
> (iii) any entity in which any Defendant has a controlling interest, (iv) any parent,
> subsidiary, or affiliate of a Defendant, (v) any person who was an officer or
> director of a Defendant or of any of Defendants' subsidiaries or affiliates during
> the period of time between May 28, 1999 and November 1, 2005, inclusive, and
> (vi) the legal representatives, heirs, predecessors, successors, or assigns of any
> such excluded person or entity.

13.    The ERISA Named Plaintiffs, as representatives of the ERISA Class, are
hereby granted an allowed interest in these cases in the face amount of $24.5 million, with no
additional provision to be made for accrued interest (the "ERISA Allowed Interest").  The
ERISA Allowed Interest shall be classified under the Plan in a separate equity class.  With
respect to voting on the Plan, the ERISA Named Plaintiffs, as representatives of the ERISA
Class, are hereby authorized to cast any and all votes arising from the ERISA Allowed Interest
on behalf of the ERISA Class.  Provided that the Plan is consistent with and incorporates the
settlement reflected in the Securities Stipulation, the ERISA Named Plaintiffs, as representatives
of the ERISA Class, shall cast any and all votes under their control, including any and all votes

11

under their control by virtue of the ERISA Allowed Interest, in favor and in acceptance of the

Plan, provided that the Plan incorporates the settlement contemplated by the ERISA Stipulation.

14.    Delphi's distribution of the Delphi Consideration (as defined in the ERISA

Stipulation) pursuant to the terms of the ERISA Stipulation shall be in full and final satisfaction

of the ERISA Allowed Interest.

15.    Upon the Court's entry of this order, (i) the ERISA Named Plaintiffs will

withdraw, without prejudice, any proof of claim that they may assert they filed in these cases on

behalf of the ERISA Class and (ii) any individual proof of claim that was filed in these cases by

the ERISA Named Plaintiffs or on their behalf in any capacity other than as representatives of

the ERISA Class and that relates to the allegations asserted in the Delphi ERISA Action

(including but not limited to the proofs of claim identified in Exhibit D to the ERISA Stipulation)

shall be deemed estimated in the amount of $1 for purposes of voting concerning the Plan, and

shall be classified pursuant to the Plan in the separate equity class applicable to the ERISA

Allowed Interest.

16.    Upon the Effective Date (as defined in the ERISA Stipulation), the ERISA

Named Plaintiffs shall withdraw, with prejudice, and shall be deemed to have withdrawn, with

prejudice, (i) any proof of claim that they may assert they filed in these cases on behalf of the

ERISA Class and (ii) any individual proof of claim that was filed in these cases by the ERISA

Named Plaintiffs or on their behalf in any capacity other than as representatives of the ERISA

Class and that relates to the allegations asserted in the Delphi ERISA Action (including but not

limited to the proofs of claim identified in Exhibit D to the ERISA Stipulation).

17.    In the event that the settlement contemplated by the ERISA Stipulation

does not become Effective (as defined in the ERISA Stipulation), this order, including but not

limited to the portion of the order granting the ERISA Named Plaintiffs the ERISA Allowed

Interest, shall be rendered null and void to the extent provided by and in accordance with the

ERISA Stipulation, and this order shall be vacated, and in such event all orders entered by the

Court in accordance with the ERISA Stipulation shall be vacated.

18.    In light of the recovery to the ASEC Manufacturing Savings Plan

contemplated by the ERISA Stipulation, and the ERISA Stipulation's purpose of providing a

complete and final resolution of all claims related to the Delphi ERISA Action (as defined in the

ERISA Stipulation), the DOL Proof Of Claim is hereby expunged.

19.    The DOL is hereby barred and enjoined from instituting and/or

prosecuting any investigations, actions, or claims against any of the current or former officers or

directors of Delphi arising out of or related to the allegations in the Delphi ERISA Action.

20.    The Insurance Policies (as defined in the Insurance Stipulation) are hereby

deemed fully exhausted and forever discharged.

21.    Upon the Court's entry of this order, any proof of claim and any portion of

any proof of claim filed in these cases by or on behalf of the Delphi Officers and Directors

Released Parties or the Insurers Released Parties relating to any claim of loss, damage,

reimbursement, contribution, or indemnification arising out of or relating to the Delphi Securities

Action, the Delphi ERISA Action, the Delphi Derivative Demands and Actions, the SEC

Investigation and Enforcement Action, or the DOJ Investigation and Potential Proceedings

(including but not limited to the proofs of claim and portions of proofs of claim identified in

Exhibit A to the Insurance Stipulation) shall be deemed to have an estimated amount of $0 for all

purposes in these cases (all capitalized terms have the defined meanings set forth in the

Insurance Stipulation).

22.    Upon the Effective Date of the Insurance Stipulation, (i) the Delphi
Officers and Directors Released Parties shall be deemed to have withdrawn all proofs of claim
and all portions of any proofs of claim filed in these cases by them or on their behalf relating to
any claim of loss, damages, reimbursement, contribution, or indemnification arising out of or
relating to the Delphi Securities Action, the Delphi ERISA Action, the Delphi Derivative
Demands and Actions, the SEC Investigation and Enforcement Action, or the DOJ Investigation
and Potential Proceedings (including but not limited to the proofs of claim identified in Exhibit
A to the Insurance Stipulations), and (ii) the Insurers Released Parties shall be deemed to have
withdrawn all proofs of claim and all portions of any proofs of claim filed in these cases by them
or on their behalf relating, based upon, or by reason of the Insurance Policies (all capitalized
terms have the defined meanings set forth in the Insurance Stipulation).

23.    Any person who is, may be, or claims to be an insured under any of the
Insurance Policies (as defined in the Insurance Stipulation) or Zurich American Insurance
Company Policy No. FLC 9024054 (the "Zurich Policy") or who otherwise claims to have an
interest in the Insurance Policies or the Zurich Policy, including any interest alleged to arise by
reason of a claim against an insured, or who derives his or her claim from any insured under any
of the Insurance Policies or the Zurich Policy, including without limitation any judgment
creditors, claimants, assignees, or similar persons, is hereby barred and enjoined from instituting
and/or prosecuting any actions or claims against any of the Insurers arising out of related to any
of the Insurance Policies or the Zurich Policy or the obligations of any of the Insurers under any
of the Insurance Policies or the Zurich Policy.

24.    In the event that the Insurance Stipulation does not become Effective (as
that term is defined in the Insurance Stipulation), this order shall be rendered null and void to the

14

extent provided by and in accordance with the Insurance Stipulation, and this order shall be

vacated, and in such event all orders entered by the Court in accordance with the Insurance

Stipulation shall be vacated.

25.    Pursuant to section 362(d)(1) of the Bankruptcy Code and Fed. R. Bankr.

P. 4001(d), the automatic stay is hereby lifted with respect to the documents provided by the

Debtors to the Securities Lead Plaintiffs under the Court's Agreed Order.

26.    This order is a final and non-interlocutory order and is immediately

subject to appeal pursuant to 28 U.S.C. § 158(a).

27.    The Court shall retain jurisdiction to hear and determine all maters arising

from the implementation of this order.

28.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated: September ___, 2007
       New York, New York


       _____
       UNITED STATES BANKRUPTCY JUDGE