UNITED STATES BANKRUPTCY COURT
SOURTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                               :        Chapter 11
:
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
:
                   Debtors.     :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING
MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B)
<u>APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES</u>

("CLAIMS ESTIMATION ORDER")

        Upon the motion, dated September 7, 2007 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order Pursuant To 11 U.S.C. §§ 105(a) and 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent And Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

    B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    The Motion is GRANTED.

    2.    Each Unliquidated Claim listed on <u>Exhibit A</u> hereto is hereby estimated and set at a maximum cap amount, solely for the purposes of tabulating votes on and setting appropriate reserves under the Plan, in the proposed amount as indicated for that claim on <u>Exhibit A</u> hereto.

    3.    Nothing in this order is intended to, nor shall this order modify, impair, or affect any rights of the Debtors to object to, or seek to estimate, any and all Unliquidated Claims at lesser amounts for purposes of allowance and distribution.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

      4.    The Debtors are hereby authorized to utilize the procedures, as described herein, to estimate and set a maximum capped amount for the Unliquidated Claims listed on <u>Exhibit B</u> hereto.

      5.    This Court shall conduct special periodic hearings on contested claims matters in these cases (each an "Estimation Hearing"), on the dates and times designated in the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objection entered December 6, 2006 (Docket No. 6089).

      6.    The Estimation Hearings shall be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by this Court.

      7.    Only those objections and Counterproposals made in writing and timely filed and received shall be considered by this Court.

      8.    To the extent that a Counterproposal and an objection was filed with respect to any claim listed on Exhibit A to the Motion (each, a "Contested Unliquidated Claim"), each such Contested Unliquidated Claim and the Motion shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

      9.    Any order entered by this Court with respect to Motion shall be deemed a separate order with respect to each claim covered by such order.

      10.    The following procedures shall apply with respect to the determination of Contested Unliquidated Claims (the "Claims Estimation Procedures"):

(a) <u>Acceptance of Counterproposal</u>.  The Debtors are hereby authorized, in their sole discretion, to elect to (a) provisionally accept the Claimant's Counterproposal (or a lesser agreed upon amount) as the Maximum Capped Amount for the Contested Unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, for the purposes of tabulating votes on and setting appropriate reserves under the Plan, subject to further objection and reduction as appropriate, or (b) reject the Counterproposal and seek to estimate, for the purposes of tabulating votes on and setting appropriate reserves under the Plan, the Contested Unliquidated Claim at a subsequent hearing date.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Estimated Amount in the form attached hereto as <u>Exhibit C</u>.  The Contested Unliquidated Claim shall otherwise remain subject in all respects to the Claims Estimation Procedures outlined herein. The Debtors may send such notice to each Claimant when they deem it appropriate to do so, subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

(b) <u>Adjournment Of Estimation Hearing</u>.

(i) Each Contested Unliquidated Claim for which a timely objection and Counterproposal is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in their sole discretion, by serving the Claimant by facsimile or overnight delivery with a notice substantially in the form attached hereto as <u>Exhibit D</u> (a "Notice Of Estimation Hearing") and a copy of this Order at least 20 calendar days prior to the date of such Hearing.

(ii) The Debtors, in their sole discretion, are hereby authorized to further adjourn an Estimation Hearing scheduled in accordance herewith at any time by providing notice to this Court and the Claimant at least five business days prior to the date of the scheduled hearing, unless otherwise ordered by this Court.

(c) <u>Estimation Hearing Procedures</u>.

(i) To the extent that a Contested Unliquidated Claim is adjourned to a Estimation Hearing, the Debtors and the Claimant shall file and serve a supplemental pleading (a "Summary Brief") no later than ten calendar days before the scheduled Estimation Hearing. The Summary Brief shall not exceed 15 single-sided, double-spaced pages.

(ii) If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Summary Brief (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Summary Brief; <u>provided</u> <u>further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Unliquidated Claim.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Summary Brief, as appropriate.

(iii) The Summary Brief may include affidavits or declarations from no more than two witnesses setting forth the proposed maximum capped amount of the Contested

4

Unliquidated Claim and evidence supporting the Contested Unliquidated Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason the Claimant did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Estimation Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Estimation Hearing; instead, the affidavit or declaration submitted at the Estimation Hearing, or such witnesses' deposition transcript if the witnesses was not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross-examine the witnesses at the Estimation Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)    No later than three calendar days prior to commencement of the Estimation Hearing, if the Claimant and/or the Debtors timely filed a Summary Brief, the Claimant and/or the Debtors may file and serve a responsive brief ("Responsive Brief"), not to exceed eight single-sided, double-spaced pages, and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Summary Brief and the witnesses' prior affidavits or declarations.

(d)    <u>Estimation Hearing Record</u>.  The evidentiary and legal record shall be confined to the material included in the Summary Briefs, the Responsive Briefs, declarations and affidavits, and arguments presented at the Estimation Hearing.  With respect to testimony by declarants, direct testimony may be heard only through declarations, witnesses may be subject to cross-examination, and the party offering the testimony may conduct a re-direct examination of its witness.

(e)    <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 10(f) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to this Court at the Estimation Hearing.  The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence.

(f)    <u>Ability To Modify Procedures By Order Of Court</u>.  Upon a showing of good cause by either party, this Court may allow or require additions to the record or any of the aforementioned procedures or guidelines as it deems necessary or appropriate.

11.    Nothing in this order shall preclude any right to seek estimation of a claim under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to seek protection of information under section 107(b) of the Bankruptcy Code, or any right not specifically addressed in this Order.

12.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

13.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       September ___, 2007

 

_____
UNITED STATES BANKRUPTCY JUDGE