TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Richard K. Milin (RM-7755)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
  In re : Chapter 11
:
DELPHI CORPORATION, <u>et al.</u>, : Case No. 05-44481 (RDD)
:
 Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 2247 (SIEMENS VDO)

### ("STATEMENT OF DISPUTED ISSUES – SIEMENS VDO")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement of Disputed Issues (the "Statement of Disputed Issues") with Respect to Proof of Claim Number 2247 (the "Proof of Claim") filed by Siemens VDO Automotive SAS ("VDO") and respectfully represent as follows:

Background

1. VDO filed proof of claim 2247 (the "Proof of Claim") on or about March 13, 2006. The Proof of Claim asserts an unsecured nonpriority claim in the amount of $9,309,024.84 (the "Claim") against Delphi Automotive Systems LLC ("DAS LLC").

2. The Claim is subdivided into two parts. The first part of the Claim seeks $1,545,794.84 which VDO alleges to be due for trade payables. The Proof of Claim attaches a single page itemizing invoices to support the trade payables portion of the Claim.

3. The second part of the Claim seeks $7,763,230.00 as "compensation for program cancellation." To support VDO's Claim for cancellation damages, the Proof of Claim merely states the sum of $7,763,230, without any supporting documents, and provides two brief notes. One states, "R&D/Production Fix Cost GMT800, GFM245, GMX295." The other note states, "Volume Delivered: Non amortized R&D costs due to Siemenes (sic) VDO Automotive by Delphi on [S]eptember, 6th 2005 following cancellation of GMT800 application and volume shortfall of GMX 245 and GMX 295 applications."[1]

4. On or about August 1, 2006, Siemens VDO filed a notice that it had transferred all of its right, title and interest in $1,545,794.84 of the sums claimed in the VDO Proof of Claim to Goldman Sachs Credit Partners, L.P. ("GSCP") (Docket No. 4805). Further, on or about July 28, 2006, GSCP, as VDO's transferee, filed Proof of Claim 13981 (the "Transferred Claim") against DAS LLC asserting an unsecured non-priority claim in the amount of $1,545,794.84. The Transferred Claim is duplicative of the trade payables portion of the Claim that VDO filed.

---

[1]   Delphi disputes the accuracy of programs that are identified in the Claim.

2

5.     The Debtors objected to the Proof of Claim pursuant to the Fifth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6968) ("Fifth Omnibus Claims Objection"), which was filed December 8, 2006.

6.     On January 11, 2007, VDO filed its Response To The Debtor's Fifth Omnibus Claim Objection (the "Response"). VDO asserted that it received notice of the Debtors' Fifth Omnibus Objection after the date for responding to it had passed but that the parties had agreed to adjourn the hearing to consider the Objection as it relates to the Claim. VDO further stated that it intended to respond to the Objection substantively after consulting with counsel.

7.     On February 5, 2007, VDO filed its Supplemental Response To The Debtor's Fifth Omnibus Claim Objection (the "Supplemental Response"). In the Supplemental Response, VDO asserted that invoices attached to the Supplemental Response sufficiently documented the trade payables portion of its Claim. VDO also discussed certain subsequent developments and reduced the trade payables portion of its Claim to $1,336,172.84.

8.     The Supplemental Response discussed the $7,763,230 cancellation damages portion of VDO's Claim, which arises out of VDO's contract with the Debtors to manufacture automotive parts, in six paragraphs totaling less than one page.

9.     The Supplemental Response did not quote or attach any contract between the Debtors and VDO to support VDO's demand for cancellation damages. Instead, the Supplemental Response premised VDO's demand for cancellation damages on its own

July 2000 response to the Debtors' Request for Quotation and other unspecified documents and information that VDO described as confidential.

10. In its Supplemental Response, VDO asserted that it is entitled to cancellation damages because the Debtors chose VDO in August 2000 to fulfill the needs specified in the Request for Quotation, but that the Debtors "failed to purchase the necessary quantity of parts from Siemens [VDO]" to enable VDO to recoup its research, development and production costs.

11. The Supplemental Response made no mention, however, of the parties' "Long Term Contract," which was signed in October 2000 and precludes VDO's demand for cancellation damages. The Supplemental Response also made no mention of the fact that one or more of the automotive parts that the Debtors "failed to purchase" failed to work in the intended vehicle application and, consequently, there were no requirements for the ECU from Delphi or its customer. Siemens also failed to mentionthat the Debtors postponed their purchases of the parts at issue pending resolution of technical issues instead of canceling their order with VDO.

12. The Supplemental Response states that a portion of VDO's Claim is based on a failure to earn "expected profit" rather than on a failure to recoup costs. In fact, the Supplemental Response specifies that VDO seeks more than $1 million in damages for allegedly lost profits.

Disputed Issues

13. The Debtors are not liable to VDO for any of the sums VDO demands in the Proof of Claim.

14. The Debtors are not liable for the trade payables portion of VDO's Claim because, as VDO admits, that portion was transferred to GSCP. Asserting a duplicative, transferred claim is plainly improper under Bankruptcy Rule 3001(e).

15. The Debtors are not liable for the remaining, cancellation damages portion of VDO's Claim because it lacks a contractual basis.

16. In October 2000, the Debtors and VDO entered into a "Long Term Contract" including "Terms and Conditions" that preclude VDO's demand for cancellation damages. The Terms and Conditions, expressly incorporated into the Long Term Contract, include an "integration" clause stating that the Long Term Contract and Terms and Conditions constitute the "Entire Agreement" of the parties and supercede all prior written and oral agreements of the parties such as the purported prior agreements on which VDO relies.

17. The Long Term Contract: did not bind the Debtors to purchase any quantity of the specified parts if the Debtors did not need them; allowed the Debtors to purchase the parts at issue elsewhere; and barred VDO from increasing its price based on increased costs or failure to achieve cost savings.

18. In addition, and although the Debtors did not terminate, the Debtors had an express contractual right to terminate for convenience at any time and for any reason after the 2004 model year. The Supplemental Response, however, demands damages for subsequent years.

19. The Terms and Conditions, expressly incorporated into the Long Term Contract, give the Debtors further rights to reject a seller's products, and require the seller to warrant that the products will be fit for the Debtor's particular intended

purpose. The Debtors maintain that certain of VDO's parts were not fit for the Debtors' purpose.

20. Under the parties' contract, VDO is not entitled to the damages it seeks. Despite the parties' numerous discussions concerning the basis for VDO's claims over a period of years, VDO has identified no contractual basis for cancellation damages apart from unilateral demands that VDO made in pre-contractual correspondence. These demands are inconsistent with, and expressly superseded by, the terms of the contract that the parties ultimately signed. Thus, VDO is not entitled to cancellation damages, and its Claim should be expunged in its entirety.

21. Further, the Court has already recognized that claims for lost profits are barred by the Debtors' Terms and Conditions. *See* Transcript of March 1, 2007 Claims Objection Hearing Regarding Claim of Labor Source, at 22:18-23:1, *In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. ).

## Reservation of Rights

22. This Statement of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objections Procedures Order"). Consistent with the provisions of the Claims Objections Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to

later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order disallowing and expunging the Claim and granting the Debtors such other and further relief as is just.

Dated:  New York, New York  
        September 11, 2007

DELPHI CORPORATION, *et al.*  
By their attorneys,  
TOGUT, SEGAL & SEGAL LLP  
By:  
    /s/ Neil Berger  
NEIL BERGER (NB-3599)  
RICHARD K. MILIN (RM-7755)  
One Penn Plaza  
New York, New York 10119  
(212) 594-5000