**Hearing Date:  November 8, 2007**
                                          **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| | : | |
|     In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                       Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

          DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
    PROOF OF CLAIM NUMBER 15211 (MILLENNIUM INDUSTRIES CORPORATION)

("STATEMENT OF DISPUTED ISSUES – MILLENNIUM INDUSTRIES CORPORATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 15211 (the "Proof Of Claim") filed by Millennium Industries Corporation ("Millennium," or the "Claimant") and respectfully represent as follows:

## Background

1.  On October 13, 2005, 2005, Millennium submitted a demand to the Debtors asserting a reclamation claim in the amount of $203,315.30 (the "Reclamation Demand").  Under the procedures approved by this Court for the treatment of reclamation claims, the valid amount of the Reclamation Demand has been fixed by default at  $1,942.04  (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

2.  On or about July 31, 2006, the Claimant filed the Proof Of Claim against DAS LLC.  The Proof Of Claim asserts an unsecured non-priority claim of $648,163.42 and a priority claim of $704,727.68 for the sale of goods (the "Claim").  The Proof Of Claim did not assert priority treatment for any part of the Reclamation Demand.  The Claimant attached as the basis of its Proof Of Claim a list of items that it asserted remained unpaid.

3.  On April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not

Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

4. On May 24, 2007, the Claimant filed a Response Of Millenium Industries Corporation In Opposition To Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subjection Modification And Reclamation Agreement (Docket No. 8032) (the "Response").

5. On August 9, 2007, Millennium assigned its interest in the Claim to Contrarian Funds LLC pursuant to a Notice of Transfer (Docket No. 9002).

Disputed Issues

A. <u>DAS LLC Does Not Owe Millennium The Amount Asserted In Proof Of Claim Number 15211</u>

6. Millennium asserts in its Proof Of Claim that DAS LLC owes a total of $1,352,891.10 for goods sold. DAS LLC has reviewed the information attached to the Proof Of Claim and disputes that it owes the amount asserted in the Claim. A portion of the Claim asserted a priority claim in the amount of $704,727.68 based on allegedly outstanding postpetition invoices. Those postpetition invoices have been paid in the ordinary course of business and therefore $704,727.68 should be subtracted from the amount claimed.

7. Of the remaining balance of the Claim, $43,051.00 was based on four invoices for steel surcharges (the "Steel Surcharge Invoices") that should be subtracted because of an agreement between the parties. On December 12, 2006, Millennium and the Debtors entered into a steel surcharge agreement (the "Steel Surcharge Agreement") pursuant to which the parties agreed to "close surcharge issues for 2005 and leave all payments as is." The Steel Surcharge Invoices applied to June, July, August, and September of 2005 and remained unpaid as of the date of the Steel Surcharge Agreement. Therefore, the Steel Surcharge Invoices were covered by the provision in the Steel Surcharge Agreement closing all surcharge issues for 2005. The claimed amount must be reduced by a total of $43,051.00 due to the improper inclusion of the Steel Surcharge Invoices in the Claim.

8. Finally, Millennium claimed $13,535.65 in amounts owed based on the sale of goods for which it did not provide proof of delivery. This amount relates to invoice number 19273 ("Invoice No. 19273"). The goods covered by Invoice No. 19273 require processing by a third party before they can be delivered to the DAS LLC. In the ordinary course of business, DAS LLC pays Millennium for both the part itself and the processing performed by the third party. Because Millennium is paid for the processing, it is Millennium's responsibility to deliver the goods to the third party processor, and then from the third party processor to DAS LLC. Millennium provided proof of delivery to the third party processor, but not of delivery from the third party processor to DAS LLC. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions at 2.1, attached hereto as Exhibit A. Because Millennium has not provided these

proofs of delivery, DAS LLC does not have a record of receiving the goods associated with Invoice No. 19273, and therefore the $13,535.65 asserted with respect to Invoice No. 19273 should not be included in the claim.

9.   DAS LLC does not dispute that the remaining $591,576.77 of the Claim should be allowed as an unsecured non-priority claim against DAS LLC.  DAS LLC also acknowledges that Millennium reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $1,942.04 of the Claim on the grounds that Millennium has a valid reclamation claim in the amount of $1,942.04 and that the Debtors reserve the right to seek, at any time and notwithstanding Millennium's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

<u>Reservation Of Rights</u>

10.   This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) allowing the Claim in the amount of $591,576.77 as a general unsecured non-priority claim against the estate of DAS LLC, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       September 11, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                              By: <u>John Wm. Butler, Jr.</u>        .
                                   John Wm. Butler, Jr. (JB 4711)
                                   Albert L. Hogan, III (AH 8807)
                                   John K. Lyons (JL 4951)
                                   Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                              - and -

                              By: <u>Kayalyn A. Marafioti</u>
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York  10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, <u>et al.</u>,
                                Debtors and Debtors-in-Possession