**Hearing Date:  November 8, 2007**
        **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
    In re                              :        Chapter 11
                                         :
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
                                       :
                  Debtors.     :        (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
        <u>PROOF OF CLAIM NUMBER 12195 (ATEL LEASING CORPORATION)</u>

      ("STATEMENT OF DISPUTED ISSUES – ATEL LEASING CORPORATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 12195 (ATEL Leasing Corporation) (this "Statement of Disputed Issues") and respectfully represent as follows:

## Background

1. On July 28, 2006, ATEL Leasing Corporation ("ATEL" or "Claimant") filed proof of claim number 12195 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $3,306,138.54, a secured claim in the amount of $582,300.00, and a priority claim in the amount of $251,741.43 (collectively, the "Claim") arising under a Master Lease Agreement dated as of May 1, 1995, a Master Lease Agreement dated as of August 29, 1997 (collectively, the "Master Leases"), and numerous equipment schedules (together with the Master Leases, the "Leases"), pursuant to which the Debtors lease certain equipment and other personal property (the "Equipment") from ATEL. ATEL based the amount of the Claim on the stipulated loss value (the "Stipulated Loss Value") of the Equipment, which stems from the liquidated damages provisions of the Leases.

2. On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

3. On November 22, 2006, ATEL filed the Response Of Atel Leasing Corporation To Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5781) (the "Response").

4. During negotiations between the parties following ATEL's filing of the Response, ATEL asserted, for the first time, that the amount of rent due and owing under the Leases as of October 8, 2005 (the "Petition Date") is $148,742.59 (the "Prepetition Rent").

5. Also during these negotiations between the parties, ATEL asserted, for the first time, that the Debtors were liable for certain personal property taxes accruing prior to the Petition Date in an amount of at least $72,048.38 (the "Prepetition Taxes").

6. The Leases have been neither rejected nor assumed by the Debtors under section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

## Disputed Issues

A.   The Claim Is Protective In Nature

7. The Claim, other than the Prepetition Rent and Prepetition Taxes, is nothing more than a claim asserted to protect ATEL in the event any or all of the Leases are rejected by the Debtors.[1]  However, because holders of claims arising from the rejection of

---

[1] If the Leases are rejected, the Debtors reserve the right to challenge any rejection damages asserted by ATEL, including, but not limited to, the amount of such damages.

unexpired leases are protected pursuant to an order previously entered by this Court, the Claim, other than the Prepetition Rent, should be disallowed and expunged.

        8.        The Order Under 11 U.S.C. §§ 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order") provides, in relevant part:

> Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Court in an order authorizing such rejection.

Bar Date Order, ¶ 8. Thus, if the Leases are rejected by the Debtors, ATEL will have 30 calendar days after the effective date of the rejection to file a proof of claim for any rejection damages. Accordingly, to the extent the Claim simply protects ATEL in the event of rejection of the Leases, it should be disallowed and expunged, as ATEL is already protected by the Bar Date Order.[2]

B.      <u>The Claim Should Be Allowed In The Amount Of The Prepetition Rent Only</u>

        9.        The Debtors agree with the amount of the Prepetition Rent. However, based on the information provided by ATEL to date, the Debtors dispute that they are liable for

---

[2]   Even if the Claim is not protective in nature, the Debtors dispute ATEL's calculation of the amount of the Claim. First, the Debtors assert that they have not defaulted under the Leases, and thus that the Stipulated Loss Value is not applicable. Second, even if a default has occurred (which the Debtors dispute), the Stipulated Loss Value is not the appropriate measure of ATEL's damages because it constitutes a penalty rather than an enforceable liquidated damages clause. Further, to the extent the Claim, in whole or in part, is a valid claim against the Debtors, the Debtors dispute ATEL's asserted secured and priority classifications. ATEL has not provided evidence of, or a legal theory supporting, a security interest or lien in leased equipment that would give rise to a secured or priority claim. Thus, even if the Claim is valid (which the Debtors dispute), the Debtors dispute that it is a secured or priority claim.

4

the Prepetition Taxes. Thus, the Debtors assert that in no event should the Claim be allowed in an amount greater than the Prepetition Rent.

10. ATEL has not provided the Debtors with sufficient support for the Prepetition Taxes to allow the Debtors to evaluate those taxes. Because ATEL, not the Debtors, is taxed by relevant taxing authorities, ATEL must provide the Debtors with the prepetition tax bills to substantiate its tax claim. The Debtors have no other way of evaluating the Prepetition Taxes. To date, however, ATEL has not provided the Debtors with such information.[3] Therefore, the Debtors dispute the amount of the Prepetition Taxes.[4]

11. Accordingly, although the Debtors agree with the amount of the Prepetition Rent, dispute the Prepetition Taxes, and assert that in no event should the Claim be allowed in an amount greater than $148,742.59.

Reservation Of Rights

12. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional

---

[3] In negotiations, ATEL has asserted that it does not know the full extent of the taxes for which it asserts the Debtors are liable. At this date, however, – almost two years after the Petition Date – the Debtors assert that ATEL should have an understanding of its prepetition tax liabilities.

[4] If and when ATEL provides sufficient documentation to support the amount of the Prepetition Taxes, the Debtors reserve the right to dispute that it is liable to ATEL for such taxes under the Leases.

5

legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim, other than the Prepetition Rent, (b) determining that in no event shall the Claim be allowed in an amount greater than $148,742.59, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
September 11, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                              By: /s/ John Wm. Butler, Jr.         .
                                  John Wm. Butler, Jr. (JB 4711)
                                  Albert L. Hogan, III (AH 8807)
                                  John K. Lyons (JL 4951)
                                  Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606
                              (312) 407-0700

                              - and -

                              By: /s/ Kayalyn A. Marafioti     
                                  Kayalyn A. Marafioti (KM 9632)
                                  Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession