**Hearing Date: November 8, 2007**
                                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    -and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

    -and-

GROOM LAW GROUP, CHTD.
1701 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006
(202) 857-0620
Lonie A. Hassel (LH 8805)
Thomas S. Gigot (TG 5060)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| | : | |
|     In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                 Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 15135
(SECRETARY OF LABOR ON BEHALF OF THE DELPHI PERSONAL SAVINGS PLAN FOR HOURLY
<u>RATE EMPLOYEES IN THE UNITED STATES</u>)

("STATEMENT OF DISPUTED ISSUES – DEPARTMENT OF LABOR PROOF OF CLAIM NO. 15135")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 15135 (the "Proof Of Claim") filed by the Secretary of Labor ("DOL" or the "Claimant") and respectfully represent as follows:

Background

1.      The Claimant filed the Proof Of Claim on or about August 11, 2006 against Delphi Corporation on behalf of the Delphi Personal Savings Plan for Hourly Rate Employees in the United States ("Hourly PSP"). The Proof Of Claim asserts an unsecured non-priority claim in an undetermined amount (the "Claim"). The Claimant attached as the basis of its Proof Of Claim a statement that the DOL had initiated an investigation of the Hourly PSP and was "reviewing the manner by which the debtor corrected improper GM Corporation stock dividend reinvestments made in participant accounts between January 2000 and December 2003." The Claimant further stated that, "[a]s the Secretary's investigation is continuing, she has not yet determined the full indebtedness, if any, of the debtor, or the amount of plan losses for which the debtor may be liable as a result of ERISA fiduciary or other violations."

2.      The Debtors objected to the Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Untimely Claim, and (d) Claims Subject To Modification, Tax Claims Subject to Modification, Claims Subject To Modification And Reclamation, and Consensually Modified and Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection"), which was filed on July 13, 2007.

    3.  The Claimant filed the Secretary of Labor's Response to the Debtors' Nineteenth Omnibus Claims Objection to Her Proof of Claim Filed on Behalf of the Delphi Personal Savings Plan for Hourly Employees in the United States (Docket No. 8975) (the "Response") on August 9, 2007.  The Response alleges that during the period from March 10, 2000 through December 2003, Delphi failed to follow the terms of the Hourly PSP by permitting dividends of General Motors ("GM") stock held in accounts in the Hourly PSP to be re-invested in GM stock, rather than in the Promark Income Fund, failed to monitor Fidelity Institutional Investment Services ("Fidelity"), which incorrectly invested the dividends, and, upon discovering and correcting Fidelity's mistake, failed to make participants whole, all in violation of Delphi's fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  The response included an amended Proof of Claim asserting an unsecured, non-priority claim in the amount of $3,232,133.

    4.  The Claim relates to an operational failure made in connection with certain individual accounts in the Hourly PSP.  Under the Hourly PSP, each participant has an individual account.  Contributions to the account are invested as directed by the participant.  The Hourly PSP offered an array of investment options, one of which was the GM Common Stock Fund.  As the result of national negotiations concluded in October of 1999 between Delphi, which had recently spun-off from GM, and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), the GM Common Stock Fund was closed to new investments for UAW-represented Hourly PSP participants effective January 1, 2000.  Participants were permitted to keep their investments in the GM Common Stock Fund after that date, but could not transfer into or purchase additional units in the GM Common Stock Fund.  Dividends received from GM stock held in the GM Common Stock Fund

3

after January 1, 2000 were, by negotiated agreement between Delphi and the UAW, to be invested in the Promark Income Fund, a money market fund investment option in the Hourly PSP.

5. Because of an administrative error affecting the UAW-represented Hourly PSP participants, Fidelity (the Hourly PSP recordkeeper which was responsible for carrying out participants' investment directions), continued to invest GM dividends into the otherwise frozen GM Common Stock Fund. This continued for each quarterly dividend paid from March 2000 until December 2003. Upon discovering the error in the first quarter of 2004, Delphi and Fidelity immediately corrected the error prospectively (i.e., GM dividends paid from 2004 forward were properly directed into the Promark Income Fund). Over the next few weeks, Delphi and Fidelity, after consulting with the UAW, also developed a correction methodology to address the error retroactively and submitted their proposed correction to the Internal Revenue Service ("IRS") for approval under the IRS's Voluntary Correction Program ("VCP").

6. Under the proposed VCP, participants in the Hourly PSP who were affected by the operational failure were given the choice of keeping the additional GM Common Stock Fund investments purchased through the incorrect dividend distributions or receiving a deposit in the Promark Income Fund in the amount that would have been earned if the dividends had been correctly invested at each of the quarterly dividend payment intervals. It was also proposed that participants who did not make an affirmative election to transfer the added dividends out of the GM Company Stock Fund would be permitted to keep the additional GM Company Stock Fund investments in the GM Company Stock Fund.

7. The IRS approved the proposed VCP in June of 2005, ultimately finalizing its Compliance Statement with Delphi on October 13, 2005. Affected participants were notified

4

by letter dated September 6, 2005 of the opportunity to transfer funds during a 30-day election window that would run through October 12, 2005. Delphi and Fidelity subsequently extended this deadline to October 26, 2005. During the election window, participants could contact Fidelity to determine the effect of transferring from the GM Common Stock Fund to the Promark Income Fund on their individual Hourly PSP account. Fidelity fielded approximately 6,000 calls from among an estimated 12,250 affected participants. Ultimately, 1,476 participants requested an account adjustment. And, in the aggregate, $856,596.78 was deposited into the accounts of the participants who elected to transfer funds. Delphi approved the implemented correction process through a retroactive amendment of the Hourly PSP in accordance with the Compliance Statement.

8. In addition to undertaking the immediate prospective correction and the IRS-approved retroactive correction, at Delphi's direction, Fidelity adopted certain policies and procedures designed to avoid a similar operational failure in the future. For example, Fidelity set up reporting procedures to allow for immediate, clear and concise detection of any dividend that is not handled in accordance with the terms of the Hourly PSP. Moreover, upon completion of national negotiations affecting changes to the Hourly PSP, Delphi has requested that Fidelity develop a sample participant and a checklist to ensure full compliance with all negotiated changes to the Hourly PSP.

## Disputed Issues

A. <u>Failure to Invest Dividends in the Promark Income Fund was Not a Fiduciary Breach</u>

9. Delphi does not dispute that GM dividends were incorrectly invested in the GM Common Stock Fund rather than in the Promark Income Fund. But, this mistake does not give rise to a fiduciary breach. A fiduciary's duty of prudence "does not create a standard of absolute liability. . . ." <u>Frahm v. Equitable Life Assurance Society of the United States</u>, 137 F.3d

5

955, 960 (7th Cir. 1998), <u>cert. denied</u>, 525 U.S. 817 (1998).  Under DOL regulations, for example, a fiduciary may rely on another party to perform ministerial tasks and may delegate fiduciary responsibilities to other fiduciaries, so long as the fiduciary prudently selects and monitors the other party or fiduciary.  29 C.F.R. § 2509.75-9, Q&A 12, 17.  Delphi's duty to monitor Fidelity, if any, did not require it to review the individual transactions implemented by Fidelity.

        10.     Delphi appointed Fidelity to invest amounts in the Hourly PSP in accordance with the terms of the Hourly PSP plan document.  Fidelity, through an administrative error, failed to do so.  When the mistake was discovered, immediate steps were taken to correct the mistake pursuant to a procedure approved by a United States government agency.  Under these circumstances, no fiduciary breach occurred.

        11.     Because Delphi did not breach any fiduciary duties to the Hourly PSP, DOL's claim should be disallowed and expunged.

B.    <u>Even if Delphi Breached its Fiduciary Duty, the Breach Was Corrected Pursuant to a Procedure Approved by the IRS</u>

        12.     Even if the incorrect investment of GM dividends rose to the level of a fiduciary breach, the correction process implemented made Hourly PSP participants whole for any losses they suffered.  In this situation, Delphi and Fidelity could not presume to know what each participant would perceive as being "made whole."  At any point in time (given GM stock fluctuations over the short or long-term), affected participants (all of whom were former GM employees with remaining loyalty to GM) could view the re-investment of GM dividends into the GM Common Stock Fund as a windfall or prefer that the dividends had been invested into the Promark Income Fund consistent with the terms of the collectively bargained Hourly PSP.  Consequently, and after consulting with the affected participants' collective bargaining

6

representative, Delphi and Fidelity gave people a choice: they could keep the re-invested GM dividends in the GM Common Stock Fund or move the dividends to the Promark Income Fund with interest. This choice allowed each participant to elect the remedy that, in each individual's circumstance, each participant believed would make him or her whole.

13. Likewise, the IRS VCP permits a pension plan to correct an operational failure to follow a plan's terms through a method that puts participants in the same position they would have been in if the failure had not occurred. The correction process Delphi and Fidelity implemented did this one step better. Giving affected participants a choice permitted each participant, with the added value of hindsight, to elect the remedy each preferred in formulating their long-term pension strategy.

14. Because the correction process made Hourly PSP participants whole for any losses they suffered as a result of the erroneous GM dividend reinvestment – through a process blessed by the IRS – even if the reinvestment error rose to the level of a fiduciary breach, liability for any purported fiduciary breach has been paid. There are no appropriate additional damages DOL can collect from Delphi.

C.    The Correction Was Consistent With Trust Law

15. DOL may assert that participants in the Hourly PSP should have been forced to give up the stock in the GM Common Stock Fund purchased with the additional dividends. Under trust law, however, which forms the basis for ERISA's fiduciary provisions, if a fiduciary uses trust funds to buy something it is not authorized to buy, the remedy is to permit the beneficiary to reject or affirm the purchase. Restatement of Trusts (Second) § 210, comment b.

7

16.     As stated, under the correction program, participants had the choice of affirming the re-investment into the GM Common Stock Fund through the incorrect investment of GM dividends (which they otherwise could not have purchased in the frozen GM stock fund) or receiving the amount that would have accrued in the Promark Income Fund if the dividends had been invested correctly.  Delphi was not required to choose for participants in order to make them whole.  On the contrary, Delphi met its fiduciary requirements by permitting the affected participants to reject or affirm the purchase consistent with their individual interests.

D.      The Claim is Barred by the Statute of Limitations

17.     An action with respect to a breach of fiduciary duty or other violation of part 4 of Title I of ERISA must be brought within the earlier of (a) six years after the date of the last action that constituted a part of the breach or (b) three years after the earliest date on which the plaintiff had actual knowledge of the breach.  ERISA § 413, 29 U.S.C. § 1113.  Some or all of the Claim is time-barred by this limitations period.

Reservation Of Rights

18.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim

and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
September 11, 2007

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        By: /s/ John Wm. Butler, Jr
          John Wm. Butler, Jr. (JB 4711)
          Albert L. Hogan, III (AH 8807)
          John K. Lyons (JL 4951)
          Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606
        (312) 407-0700

        - and -

        By: /s/ Kayalyn A. Marafioti
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        GROOM LAW GROUP, CHTD

        By: /s/ Lonie A. Hassel
          Lonie A. Hassel (LH 8805)
          Thomas S. Gigot (TG 5060)
        1701 Pennsylvania Ave., N.W., Suite 1200
        Washington, D.C. 20006
        (202) 857-0620

          Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession