August 24, 2007

Kurtzman Carson Consultants
2335 Alaska Avenue
El Segundo, CA 90245

To 3/From It May Concern:

Enclosed is several copies I received from your office, and copies I fax to Atty Ramou ASAP on August 16, 2007 around 8:30 am. I was out of town due to death in the family.

Prior to these papers, I received the 1st set for me to file which I Federal Express them to Atty Ramou ASAP before the dead line date, objecting, disagreeing with Delphi Auto System filing Bankruptcy. I did not receive any letter, as shown in this paper I am sending you, nor did I received a phone call. All this time goes by and I even sent Atty Ramou notes that needed to be added to this case, I noted in a letter if Atty Ramou did not need them to send them, the notes back to me, which he did not and now I get this letter enclosed stating he is not my Attorney for the Bankruptcy Court, but Delphi and Atty Ramou has been talking about this case.

I continue to be mislead, delaying tactic concerning this case, etc. Can I seek advise on this matter with someone in your office ASAP.

Sincerely,
Mr. Sheryl J. Carter

TRANSMISSION VERIFICATION REPORT

```
TIME    : 08/16/2007 08:17
NAME    :
FAX     :
TEL     :
SER. #  : BROL6J564461
```

```
DATE,TIME         08/16  08:15
FAX NO./NAME      15135791418
DURATION          00:02:08
PAGE(S)           12
RESULT            OK
MODE              STANDARD
                  ECM
```

# Office DEPOT
*Taking Care of Business*

## Fax Transmission
### PLEASE PRINT

TO: Atty Geoffrey Kamsy

FAX NUMBER: (513) 579-1418 / 345-1429

DATE: 8/14/07

FROM: Stacey Y. Carter

SENDER'S PHONE #: (937) 890-0176 / (937) 322-8072

# OF PAGES: 10 & c

Customer's Notes: ↓ for this ASAP = Court today 8/14/07 at 10:30am. I'll give you proof of heath if need be. Thank you — s/c

Receiver: If you have any difficulties with this transmission, please contact the sender at the phone number listed above.

### OFFICE DEPOT'S TERMS OF USE

SENDER AGREES NOT TO USE THIS FAX TO: (I) TRANSMIT MATERIAL WHOSE TRANSMISSION IS UNLAWFUL, HARASSING, LIBELOUS, ABUSIVE, THREATENING, HARMFUL, VULGAR, OBSCENE, PORNOGRAPHIC OR OTHERWISE OBJECTIONABLE; (II) CREATE A FALSE IDENTITY, OR OTHERWISE ATTEMPT TO MISLEAD OTHERS AS TO THE IDENTITY OF THE SENDER OR THE ORIGIN OF THIS FAX; (III) POST OR TRANSMIT ANY MATERIAL THAT MAY INFRINGE THE COPYRIGHT, TRADE SECRET, OR OTHER RIGHTS OF ANY THIRD PARTY; (IV) VIOLATE ANY FEDERAL, STATE OR LOCAL LAW IN THE LOCATION, OR (V) CONDUCT ACTIVITIES RELATED TO GAMBLING, SWEEPSTAKES, RAFFLES, LOTTERIES, CONTESTS, PONZI SCHEMES OR THE LIKE.

PLEASE NOTE THAT OFFICE DEPOT DOES NOT REVIEW THE CONTENTS OF ANY FAX SENT USING ITS SERVICES. FURTHER, BY SIGNING BELOW THE SENDER OF THIS FAX HEREBY AGREES TO INDEMNIFY OFFICE DEPOT TO THE FULLEST EXTENT OF THE LAW AND FOR ANY AND ALL CLAIMS, SUITS, OR DAMAGES ARISING OUT OR IN CONNECTION WITH THE REQUEST TO SEND, OR SENDING THIS FAX.

X _Stacy C. Carter_
(CUSTOMER'S SIGNATURE)

August 16, 2007

Geoffrey P. Damon Attorney At Law
2900 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-3090

Dear Mr. Damon,

Enclosed are letters-paper work that were mailed to me, post-stamp date Aug 6, 2007. I r'saw the late Wednesday, August 15 2007 evening, due to Death in the family, and I was out of town. I return home August 15, 2007.

I'm taking this to you ASAP I hope it's not too late.

I object / disagree with Delphi filing Bankruptcy.

Sincerely Yours
W.K. Beryl J. Carter

Hearing Date And Time: August 16, 2007 at 10:00 a.m.
Objection Deadline: August 13, 2007 at 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

-and-

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

-and-

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Tom A. Jerman (TJ 1129)
 Jessica Kastin (JK 2288)

Attorneys for Delphi Corporation, et al.,
 Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698
Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
              In re                     :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                          Debtors.      :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 1113, AND 1114
AND FED. R. BANKR. P. 6004 AND 9019 APPROVING MEMORANDUM OF UNDERSTANDING
AMONG IUE-CWA, DELPHI, AND GENERAL MOTORS CORPORATION
INCLUDING MODIFICATION OF IUE-CWA COLLECTIVE BARGAINING AGREEMENTS
AND RETIREE WELFARE BENEFITS FOR CERTAIN IUE-CWA-REPRESENTED RETIREES

PLEASE TAKE NOTICE that on August 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed an Expedited Motion For Order Under 11 U.S.C. §§ 363, 1113, And 1114 And Fed. R. Bankr. P. 6004 And 9019 Approving Memorandum Of Understanding Among IUE-CWA, Delphi, And General Motors Corporation Including Modification Of IUE-CWA Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUE-CWA-Represented Retirees (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on August 16, 2007 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable

2

Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), O'Melveny & Myers LLP, 1625 Eye Street, NW, Washington, DC 20006 (Att'n: Tom A. Jerman), and Groom Law Group, Chartered, 1701 Pennsylvania Avenue NW Washington, DC 20006 (Att'n: Lonie Hassel), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), and (vii) counsel to the IUE-CWA, Kennedy, Jennick & Murray, P.C., 113 University Place, 7th Floor, New York, New York 10003 (Att'n: Thomas Kennedy) in each case so as to be **received** no later than **4:00 p.m. (prevailing Eastern time) on August 13, 2007** (the "Objection Deadline").

3

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Orders will be considered by the Bankruptcy Court at the Hearing. If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and the Case Management Orders, the Bankruptcy Court may enter a final order granting the Motion without further notice.

Dated: New York, New York
       August 6, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

- and-

O'MELVENY & MYERS LLP

By: /s/ Tom A. Jerman
Tom A. Jerman (TJ 1129)
Jessica Kastin (JK 2288)
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

**A COMPLETE COPY OF DELPHI'S COURT PAPERS, INCLUDING THE MEMORANDUM OF UNDERSTANDING, CAN BE OBTAINED AT WWW.DELPHIDOCKET.COM OR BY CALLING 1-888-249-2691**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x
                                  :
    In re                         :    Chapter 11
                                  :
DELPHI CORPORATION, et al.,       :    Case No. 05-44481 (RDD)
                                  :
                        Debtors.  :    (Jointly Administered)
-------------------------------- x

### INFORMATIONAL NOTICE OF EXPEDITED MOTION FOR ORDER APPROVING MEMORANDUM OF UNDERSTANDING AMONG IUE-CWA, DELPHI, AND GENERAL MOTORS CORPORATION INCLUDING MODIFICATION OF IUE-CWA COLLECTIVE BARGAINING AGREEMENTS AND RETIREE WELFARE BENEFITS FOR CERTAIN IUE-CWA-REPRESENTED RETIREES

### INFORMATION FOR IUE-CWA-REPRESENTED EMPLOYEES AND RETIREES OF DELPHI CORPORATION

On August 6, 2007, Delphi Corporation and certain of its affiliated debtors and debtors-in-possession ("Delphi"), filed the **Expedited Motion For Order Under 11 U.S.C. §§ 363, 1113, and 1114 and Fed. R. Bankr. P. 6004 and 9019 Approving Memorandum of Understanding Among IUE-CWA, Delphi, and General Motors Corporation, Including Modification of IUE-CWA Collective Bargaining Agreements and Retiree Welfare Benefits For Certain IUE-CWA-Represented Retirees** (the "Motion"), which seeks bankruptcy court approval (subject to ratification by the IUE-CWA) of a memorandum of understanding dated August 5, 2007 (the "Agreement" or "Memorandum of Understanding") among Delphi, General Motors, and the IUE-CWA regarding Delphi's restructuring.

On August 16, 2007 at 10:00 a.m., the United States Bankruptcy Court (the "Court") for the Southern District of New York will conduct a hearing on approval of the Agreement.

If approved by the Court (and ratified by IUE-CWA), the Agreement will go into effect. The Agreement provides, among other terms, that:

(A) Effective upon the later of entry of this Court's approval order in respect of the Motion or the first Monday following receipt of written notice of ratification from the IUE-CWA:

- The terms of the IUE-CWA CBAs are extended until October 12, 2011;

- A site plan is implemented with respect to each of 7 IUE-CWA-Delphi plants which includes, at certain sites, specific revenue program and production commitments from Delphi and/or GM and pursuant to which Delphi will retain ownership and operations in three facilities, two facilities will be sold or transferred to a third party, and two facilities will be closed;

- A workforce transition program is implemented for traditional IUE-CWA-represented employees that provides eligible employees with transformation plan options including (1) attrition options similar to the previously-approved IUE-CWA attrition program, (2) special employee placement opportunities for eligible Delphi employees who do not elect the attrition options, including relocation allowances of up to $67,000 in certain circumstances when specific plants cease production, (3) provision of lump sum "buy-down" payments totaling up to $105,000 for eligible employees who do not elect the attrition option or become employed by GM and continue to work for Delphi under the terms of the Agreement, and (4) severance payments up to $40,000 to eligible employees who are permanently laid off prior to October 12, 2011;

- Certain terms of the IUE-CWA CBAs are modified with respect to wages and benefits for certain employees including vacation entitlement, life insurance, extended disability benefits, supplemental unemployment benefits, paid holidays, and healthcare;

- Certain terms of the IUE-CWA CBAs are modified with respect to provisions covering hiring requirements, existing JAC/Legal Services,[1] temporary employees, Appendix F, GIS, AOL, LJISA, and other matters described in Attachment E to the Memorandum of Understanding;

- Local negotiations for all Keep and Footprint sites conducted concurrently with the negotiations resulting in the Agreement are final and binding upon ratification of the Agreement;

- All employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and pending ordinary course grievances of employees remaining in the workforce); and

---

[1] Capitalized terms used and not defined in this informational notice have the meanings set forth in the Agreement.

-2-

- The IUE-GM National Joint Skill Development and Training Committee will quitclaim any rights to the JAC Building to the IUE-CWA International or to an agreed upon not-for-profit entity.

(B) Effective upon the execution by Delphi and GM of a comprehensive settlement agreement resolving certain financial, commercial, and other matters between Delphi and GM and substantial consummation of a plan of reorganization proposed by Delphi in its chapter 11 cases and confirmed by this Court which incorporates, approves, and is consistent with all of the terms of the Agreement and Delphi-GM settlement:

- Delphi's obligation to provide certain retiree welfare benefits is eliminated and GM is obligated to provide certain retiree welfare benefits for certain IUE-CWA-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans is effectuated pursuant to Internal Revenue Code Section 414(l);

- Delphi's existing pension plan is frozen in certain respects effective upon emergence from chapter 11 and GM is obligated to pay certain benefits for certain IUE-CWA-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- The IUE-CWA will receive an allowed general unsecured prepetition claim against Delphi in the amount of $126 million in complete settlement of all asserted and unasserted IUE-CWA claims, including, but not limited to, IUE-CWA/Delphi Joint Activities Center (the "JAC") asserted and unasserted claims ("the Allowed Claim"). The proceeds realized by the IUE-CWA and/or the VEBA trust, from a $26 million dollar portion of the Allowed Claim will be paid directly to a voluntary employees' beneficiary association (VEBA) trust to be established and sponsored by the IUE-CWA to provide supplemental retiree health insurance to certain eligible Delphi employees and their dependents; the proceeds realized by the IUE-CWA and/or the VEBA trust, from a $90 million dollar portion of the Allowed Claim will be paid directly to a VEBA trust to be established and sponsored by the IUE-CWA for the purpose of funding employee benefits for active and retired employees and their dependents; and the proceeds realized by the IUE-CWA and/or a VEBA trust, from a $10 million dollar portion of the Allowed Claim will be paid directly to the successor to the JAC entity which will be established and administered by the IUE-CWA;

- The Memorandum of Understanding (including the IUE-CWA CBAs) is assumed pursuant to 11 U.S.C. § 365;

-3-

- The IUE-CWA released parties are exculpated and released in connection with the Memorandum of Understanding and Delphi's chapter 11 cases; and

- Delphi and GM receive releases from the IUE-CWA, all employees and former employees of Delphi represented or formerly represented by the IUE-CWA, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the Memorandum of Understanding, including, but not limited to, workers' compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

This list is only a summary of some of the terms of the Agreement and is qualified entirely by and is subject to the actual terms and conditions of the Agreement. A complete copy of Delphi's court papers, including the Memorandum of Understanding, can be obtained at www.delphidocket.com or by calling 1-888-249-2691. Delphi's plan of reorganization will be considered by the Court at a later time and you will receive notice about that proceeding.

A copy of the notice of the Motion is attached hereto.

Dated:  New York, New York
        August 6, 2007

                            SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                            By:    /s/ John Wm. Butler, Jr.
                                   John Wm. Butler, Jr. (JB 4711)
                                   John K. Lyons (JL 4951)
                                   Ron E. Meisler (RM 3026)
                                   333 West Wacker Drive, Suite 2100
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                   - and -

                            By:    /s/ Kayalyn A. Marafioti
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                                   Four Times Square
                                   New York, New York 10036
                                   (212) 735-3000

                                   - and-

-4-

O'MELVENY & MYERS LLP

By: /s/ Tom A. Jerman
　　Tom A. Jerman (TJ 1129)
　　Jessica Kastin (JK 2288)
　　1625 Eye Street, NW
　　Washington, DC 20006
　　(202) 383-5300

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

**PRIORITY MAIL**

UNITED STATES POSTAL SERVICE®

Apply Priority Mail Postage Here

Geoffrey P. Damon, Esq.
Attorney-At-Law
2900 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202

United States Postal Service®

**DELIVERY CONFIRMATION™**

0303 9060 0000 4400 0491

SHARYL CARTER
92 WOOLERY LANE, # C
CLAYTON, OHIO 45416

UNITED STATES POSTAL SERVICE
0000    45416

U.S. POSTAGE
PAID
COVINGTON, KY 41017
AUG 21, 07
AMOUNT
$5.25
00017648-05

# DAMON LAW OFFICE

*Civil and Criminal Jury Trials*

**Geoffrey P. Damon**
Attorney At Law

513.345.1427
Fax 513.579.1418

August 19, 2007

**VIA PRIORITY U.S. MAIL SERVICE, DELIVERY CONFIRMATION**

SHARYL CARTER
92 WOOLERY LANE #C
CLAYTON, OHIO 45416

RE:  IN RE DELPHI CORPORATION, ET.AL.
     CASE NO.: 05-44481 (RDD)
     CHAPTER 11, US BANKRUPTCY COURT, S.D.N.Y.

Dear Ms. Carter:

I do not want there to be any misunderstanding regarding the nature and scope of the representation which you retained me. I have been retained to do a Sixth Circuit appeal for you. I have not been retained to do any work in the pending bankruptcy case, which is a case pending in the United States Bankruptcy Court, Southern District of New York. I am not licensed to practice in that court nor have I been retained by you to perform any legal services in that case. You should have received documents to file a proof of claim in that case quite some time ago. From status reports which I have received from the local attorneys representing Delphi Corporation, you did not file a timely proof of claim.

I spoke with you several years ago and informed you that you should hire a New York bankruptcy attorney, if you wanted to file anything in the United States Bankruptcy Court for the Southern District of New York. If you wish to discuss this matter, then please call me at 513-345-1427 or 513-484-7573.

Thank you for your anticipated cooperation.

Sincerely,

Geoffrey P. Damon, Esq.

Encl.

441 Vine Street, Suite 2900 • Cincinnati, Ohio 45202