Jeffrey A. Cooper, Esq. [JC-0763]
Marc D. Miceli, Esq. [MM-2357]
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
Tel:  (973) 994-1700
Fax:  (973) 994-1744

Hearing Date: _____, _____ at \_\_\_\_ \_\_.m.
Oral Argument Requested

Attorneys for Cookson Electronics, Inc., Fry's Metals, Inc. and Specialty Coatings Systems Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------
DELPHI CORPORATION., et al.,

                                    Debtors.
------------------------------------

: Chapter 11
:
: Case No: 05-44481 (RDD)
:
: Jointly Administered
:
:
:

**MEMORANDUM OF LAW IN SUPPORT FOR MOTION FOR, *INTER ALIA*, RECONSIDERATION PURSUANT TO 11 U.S.C. 502(J) AND FED. BANKR. RULE 3008, OR ALTERNATIVELY, TO VACATE, PURSUANT TO FED. RULE 60(B) AND FED. BANKR. RULE 9006, ORDER SIGNED ON JUNE 29, 2007 (PACER ITEM NO. 8443) DISALLOWING AND EXPUNGING CERTAIN CLAIMS IDENTIFIED IN FIFTEENTH OMNIBUS CLAIMS OBJECTION, DISALLOWING AND EXPUNGING, *INTER ALIA*, PROOF OF CLAIM  NO. 15683 OF SPECIALTY COATING, INC. AND REINSTATEMENT OF PROOF OF CLAIM NUMBER 15683**

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE**

Cookson Electronics, Inc., Fry's Metals, Inc. ("Fry's Metals") and Specialty Coatings Systems Inc. ("Specialty Coatings"), hereby moves before this Court for reconsideration of, or alternatively, to vacate the default with regard to Order signed June 29, 2007 Disallowing and Expunging, *inter alia*, Proof of Claim No. 15683 of Specialty Coatings, Inc. (Pacer Item No. 8443) and, in support thereof, respectfully alleges:

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

FACTS ................................................................................................................................. 2

    1.    General Background – The Five Proofs of Claim ............................................... 2

    2.    The Preliminary Discussions with the Debtors in Connection with the Fry's Metals' Proofs of Claim ...................................................................................... 2

    3.    The Debtors' Fifteenth Omnibus Claims Objection ............................................ 3

    4.    The Order dated July 7, 2007 Expunging Specialty Coatings' Proof of Claim Number 15683 ......................................................................................... 4

LEGAL ARGUMENT ........................................................................................................ 6

    I.    The Presumption of Mailing Is Rebutted By The Sworn Evidence in this Case ..................................................................................................................... 6

    II.    This Court Should Equitably Reinstate Proof of Claim Number 15683 on the Merits of this Case ....................................................................................... 8

        A.    The Facts in this Case Warrant an Order for Reconsideration Under the Standards Set Forth in 11 U.S.C. 502(j), Federal Bankruptcy Rule 3008 and *In re Enron*, 325 B.R. 114 (S.D.N.Y. 2005) ............................................. 8

            (i)    Specialty Coatings' Conduct was Not Willful ............................................. 9

            (ii)    Specialty Coatings Has a Legally Supportable Defense .......................... 11

            (iii)    An Order for Reconsideration Will Not Prejudice the Debtors ................ 12

        B.    Alternatively, the Court Should Consider The Same Analysis of the Facts Pursuant to Federal Rule 60(b) and Federal Bankruptcy Rule 9024 Under the Standard Under *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 113 S. Ct. 1489 (1993) as Codified Under Federal Bankruptcy Rule 9006. ......................................................... 14

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

CASES

America Alliance Insurance, Co., Ltd. v. Eagle Insurance Co., 92 F.3d 57 (2d. Cir. 1996) ...........................................................................................................8, 9, 11

Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc., 856 F.2d. 873 (7th Cir. 1988) ..........................................................................................11

Brien v. Kullman Indus., Inc., 71 F.3d. 1073 (2d. Cir. 1995)............................................11

Cohn v. Missouri Terminal Oil Co., 590 S.W.2d 381 (Mo.App.1979) ..............................6

Davis v. Musler, 713 F.2d. 907 (2d. Cir. 1983).................................................................12

Gucci America, Inc. v. Gold Center Jewelry, 158 F.3d. 631 (2d. Cir. 1998) .....................9

In re Delphi Corporation, Case no. 05-44481....................................................................7

In re Enron, 325 B.R. 114 (S.D.N.Y. 2005) .......................................................8, 9, 11, 12

In re Enron, 326 B.R. 46 (S.D.N.Y. 2005) ....................................................................9, 11

In re JWP Information Services, Inc., 231 B.R. 209 (Bankr.S.D.N.Y.1999) ...................12

In re O.W. Hubbell & Sons, Inc., 180 B.R. 31 (N.D.N.Y. 1995) ........................................6

Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167 (2d. Cir. 2001).....................................8

Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 113 S. Ct. 1489 (1993)............................................................................14

Price v. Ford Motor Credit Co., 530 S.W.2d 249 (Mo.App.1975) ....................................6

RULES

Fed. R. Civ. P. 60(b) ...........................................................................................................8

11 U.S.C. 502(j)..................................................................................................................8

# FACTS

### 1. General Background – The Five Proofs of Claim

The firm of Adler Pollack & Sheehan, P.C. ("AP&S" or "Counsel") is counsel to three creditors in this bankruptcy case: Cookson Electronics, Inc., Fry's Metals, Inc. and Specialty Coatings Systems, Inc. AP&S filed four (4) proofs of claim on behalf of Fry's Metals and one (1) Proof of Claim on behalf of Specialty Coatings for a total of five (5) proofs of claim.

Specifically, on July 28, 2006, AP&S filed on behalf of Fry's Metals four (4) Proofs of Claim as follows: (1) Proof of Claim Number 15679 asserting an unsecured claim in the amount of $12,284.59 against Delphi Corporation; (2) Proof of Claim Number 15680 asserting an unsecured claim in the amount of $4,625.00 against Delphi Connections Systems; (3) Proof of Claim Number 15681 asserting an unsecured claim in the amount of $58,228.25 against Delphi Automotive Systems, LLC; and (4) Proof of Claim Number 15682 asserting an unsecured claim in the amount of $14,615.98 against Delphi Mechatronic Systems, Inc.

On the same day, AP&S also filed Proof of Claim Number 15683 on behalf of Specialty Coatings against Delphi Automotive Systems, LLC asserting an unsecured claim in the amount of $76,385.97. Proof of Claim Number 15683 is at issue in this case.

Out of the five (5) filed proofs of claim, the only claims addressed herein are the Fry's Metals' Proofs of Claim numbered 15679 and 15681 and the Proof of Claim of Specialty Coatings numbered 15683.

### 2. The Preliminary Discussions with the Debtors in Connection with the Fry's Metals' Proofs of Claim

Beginning in or about February 2007, the Debtors contacted Claudia J. Matzko ("Ms. Matzko"), an associate attorney at AP&S, and requested further support in connection with the

2

Fry's Metals' Proofs of Claim numbered 15679 and 15681. As the months progressed, Ms. Matzko continued her discussions with various, and more senior level representatives of the Debtors in trying to resolve the issues in connection with the Fry's Metals' Proofs of Claim.

Cognizant and sensitive to the fact that the Firm had filed five (5) separate and distinct proofs of claim in the Delphi Bankruptcy case on behalf of several clients, Ms. Matzko asked the Debtors during her discussions whether the Debtors' required any further information regarding the remaining proofs of claim filed by AP&S. On numerous occasions, Ms. Matzko understood from the Debtors that the Fry's Metals Proofs of Claim numbered 15679 and 15681 were the only proofs of claim at issue out of the five proofs of claim filed by AP&S.

### 3.    The Debtors' Fifteenth Omnibus Claims Objection

The discussions between Ms. Matzko and the Debtors progressed over the next several months. While it appeared that the discussions were productive and fruitful, in May 2007, the Firm received a copy of the Debtors' Fifteenth Omnibus Claims Objection (the "Motion") (Docket No. 8443) and a copy of the Notice of Objection to Fry's Metals' Proofs of Claim numbered 15679 and 15681. AP&S did not receive the Motion's accompanying Exhibits, however, which purportedly listed all of the objected claims in detail in connection with that particular claims Motion.

Upon receipt of the Motion, Ms. Matzko contacted Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden Arps") to inquire about the filing requirements for responsive pleadings in this bankruptcy case. Ms. Matzko was eventually directed to Laverne F. Hill, Esq. ("Ms. Hill"), an associate at Skadden Arps.

After Ms. Matzko's discussion with Ms. Hill, Ms. Matzko assisted in preparing a response, which was filed timely on June 18, 2007. (Docket No. 8317). Having received only a

3

Notice of Objection to the two Proofs of Claim of Fry's Metals, and having understood from the Debtors that of the remaining three (3) Proofs of Claim were not contested, Ms. Matzko and other members of AP&S prepared and filed a Response that addressed the proofs of claim that they understood to be the only proofs of claim at issue, to wit, the Fry's Metals' Proofs of Claim numbered 15679 and 15681.

During Ms. Matzko's subsequent discussions with Ms. Hill, Ms. Matzko learned that that the claims objection process was a procedural prerequisite to a settlement of the Fry's Metals Proofs of Claim. Accordingly, Ms. Matzko and Ms. Hill had agreed to a scheduling of a conference call between counsel and a representative of the Delphi Claim Reconciliation Team, Jim Dengler, to discuss a possible settlement of the Fry's Metals' Proofs of Claim. The conference call was originally scheduled for June 29, 2007 but was rescheduled for some time after July 4, 2007. To date, that conference call has not yet taken place.

**4.    The Order dated June 29, 2007 Expunging Specialty Coatings' Proof of Claim Number 15683**

Considering AP&S' involvement with this bankruptcy case and its involvement with its settlement discussions in connection with the Proofs of Claim of Fry's Metals, AP&S was naturally surprised to have received the Order signed June 29, 2007 which, among other things, expunged Specialty Coatings' Proof of Claim Number 15683 (Pacer Item No. 8443). Counsel contacted Debtors' counsel to inquire about the Order, which resulted in Ms. Hill merely emailing a copy of the Notice of Objection to Claim for Specialty Coatings on July 20, 2007.

Specialty Coatings respectfully requests that this Court Reconsider its June 29, 2007 Order Expunging Specialty Coatings' Proof of Claim and reinstate Proof of Claim Number 15683. Clearly, considering AP&S' active and continued involvement with this case and in

4

connection with the Motion on behalf of Fryer's Metals, it logically follows that had AP&S received the two Notices, that it would have filed a concomitant response on behalf of Specialty Coatings. The logical inference, therefore, is that either the third party administrator responsible for the mailing of the Motion inadvertently failed to mail AP&S the Notice of Objection to Specialty Coatings Proof of Claim, or that the Notice was lost in the mail.

**LEGAL ARGUMENT**

I.   **The Presumption of Mailing Is Rebutted By The Sworn Evidence in this Case**

Specialty Coatings is in the unenviable position to prove a negative, to wit, that it did not receive the Notice of Objection to Specialty Coatings' Proof of Claim. The cases addressing with this issue hold that a "rebuttable presumption" exists once a letter is placed into the U.S. Mail system, with the circumstances being weighed in their totality.

Specialty Coatings concedes that the Motion containing the Notice of Objections to the Proofs of Claim of Fry's Metals numbered 15679 and 15681 were mailed and received by AP&S. AP&S contends, however, that if an additional Notice of Objection was included in that Motion which objected to the Proof of Claim number 15683 of Specialty Coatings, that the Notice was not received by AP&S. While an Affidavit of Service was filed in connection with this Motion, there is no direct evidence of the mailing of the Notice of Objection to Specialty Coatings' Proof of Claim.

While there is a presumption that mail is delivered, *In re O.W. Hubbell & Sons, Inc.,* 180 B.R. 31, 34-35 (N.D.N.Y. 1995), the presumption may be rebutted. Even though the testimony of nonreceipt is colored by an interest, its credibility is a matter for the Court. *See Cohn v. Missouri Terminal Oil Co.,* 590 S.W.2d 381 (Mo.App.1979); *Price v. Ford Motor Credit Co.,* 530 S.W.2d 249 (Mo.App.1975). Considering the relatively large value of the claim of Specialty Coatings ($76,385.97) and the fact that the Affiants are attorneys in good standing with their respective state bars, it is unlikely that AP&S would have ignored a notice that Specialty Coatings' claim was being disallowed, especially considering the fact that AP&S timely filed a response in connection with the Notices that it had received in connection with Fry's Metals' Proofs of Claim. Considering AP&S' history with this bankruptcy case, its prior discussions with the Debtors in connection with the Fry's Metals Proofs of Claim and their attentiveness to this

6

Motion, the logical inference is that the Notice of Objection to the Proof of Claim of Specialty Coatings was not served on AP&S.

While Your Honor ruled on a similar motion on February 14, 2007, Specialty Coatings respectfully submits that its case is distinguishable from the claimants heard before Your Honor on that date. Those claimants acknowledged that they received the Notices but failed to file timely file objections. While Your Honor ruled that the "case law makes clear that affidavits of employees denying receipt are not sufficient to rebut the presumption," TRANSCRIPT OF ORAL ARGUMENT, 41:14-15, *In re Delphi Corporation*, Case no. 05-44481, Feb. 14, 2007 (PACER Docket No. 7446)*,* Specialty Coatings respectfully submits that the facts in its case go beyond mere denial of receipt by an employee of the creditor. The Affidavits of Mr. Avanzato and Ms. Maztko, two attorneys in good standing of their respective state bars, discuss their personal involvement with this case and this Motion. Considering the Affiants' professional standing of their respective state bars and the circumstances of this case, Specialty Coatings respectfully submits that it has rebutted the presumption of mailing of the Notice.

**II.    This Court Should Equitably Reinstate Proof of Claim Number 15683 on the Merits of this Case**

   **A.    The Facts in this Case Warrant an Order for Reconsideration Under the Standards Set Forth in 11 U.S.C. 502(j), Federal Bankruptcy Rule 3008 and *In re Enron*, 325 B.R. 114 (S.D.N.Y. 2005)**

The Court should equitably reinstate the Specialty Coatings' Proof of Claim Number 15683 on the merits of this case under the standards set forth pursuant to 11 U.S.C. §502(j), Federal Bankruptcy Rule 3008 and *In re Enron*, 325 B.R. 114 (S.D.N.Y. 2005). The Debtors represented to Counsel and Counsel understood from her discussions with the Debtors that the two Proofs of Claims of Fry's Metals were the only claims at issue out of the five claims filed by AP&S. Had Counsel been made aware of the fact that the Specialty Coatings Proofs of Claim were, *or could,* also be at issue, Counsel would have been more proactive in inquiring as to the status of the other proofs of claim and whether they were also included in the Motion.

In *In re Enron, Inc.*, 325 B.R. 114 (S.D.N.Y. 2005), a case involving strikingly similar facts, the Court examined a motion to reconsider an order expunging a proof of claim. There, the creditor, while in the midst of settlement discussions with the Debtors in connection with their proof of claim, were served with the Debtors' objection to that proof of claim. Although the creditor there acknowledged that it received the objection, the record reflected that the creditor did not review it because it assumed that the claim was not included in the objection because of the on-going negotiations with the Debtors. *In re Enron, Inc.*, 325 B.R. at 117-119.

In entering the reconsideration order, the Court examined three factors: (1) whether the failure to respond was willful, (2) whether the movant had a legally supportable defense, and (3) the amount of prejudice that the non-movant would incur if the court granted the motion. *Id.* at 117-118 (*citing Am. Alliance Ins., Co., Ltd. v. Eagle Ins.* Co.*,* 92 F.3d. 57, 59 (2d. Cir. 1996) (examining "excusable neglect" in the context of a Fed. R. Civ. P. 60(b) motion); *Pecarsky v.*

8

*Galaxiworld.com Ltd.*, 249 F.3d. 167, 171 (2d. Cir. 2001)).

### (i)    Specialty Coatings' Conduct was Not Willful

Courts in the Second Circuit have interpreted the "Willful Factor" to require something more than just negligence or carelessness on the part of the movant. *In re Enron*, 325 B.R. at 118 (*citing American Alliance,* 92 F.3d. at 59). Defaults that are caused by negligence may be excusable, while defaults that occur as a result of deliberate conduct are not excusable. *In re Enron*, 325 B.R. at 118 (*citing Gucci America, Inc. v. Gold Center Jewelry*, 158 F.3d. 631, 635 (2d. Cir. 1998) (citations omitted)).

While the record in the *In re Enron* case reflected that the creditor actually received the objection to its proof of claim and did not review it nor file a timely response, the Court nonetheless held that the creditor did not satisfy the "willfulness" component of the three-part test. Relying on the record before it, the Court held:

> The record supports a finding that [the creditor] had no actual knowledge of the pending Objection because of its failure to review the Objection. While [the creditor's] decision not to review the Objection was deliberate, that failure resulted in its not knowing of the tendency of the "contested" matter. Therefore, its default was without knowledge of the pendency of the action and, hence, not deliberate in the sense that it made a cognitive decision to allow a hearing on its Claim to proceed and the Order to be entered without its response. Further, and essential to the granting of the relief herein, [the creditor's] decision not to review the Objection was not part of any plan or strategy to further its interests. Nor could it be found that [the creditor] purposefully sought to remain ignorant of the pendency of the action. [The creditor's] failure to review the Objection simply resulted from its underlying erroneous assumption that the Debtor would not object to the Claim while negotiations were proceeding.

*In re Enron*, 325 B.R. at 119.

Courts in this circuit have also found that the "Willfulness Factor" is not satisfied even when counsel has reviewed the objection. In *In re Enron*, 326 B.R. 46 (S.D.N.Y. 2005) ("*In re Enron II*"), the creditor's counsel admitted that it had reviewed the objection for its claim, but failed to locate the claim within the objection. There, the Court held that the creditor had no actual knowledge of the pending objection because of its counsel's failure to locate the claim

9

within the objection and, therefore, "[the creditor's] default was without the requisite knowledge of the pendency of the action to have acted in a deliberate manner." *Id.* at 52.

In this case, Counsel had prior discussions with the Debtors since early February 2007, well before the filing and service of the Motion. It was clear at this early stage that the two proofs of claim at issue were the Fry's Metals Proofs of Claim. Those early discussions, which were prompted by representatives of Delphi, involved a request for further support and documentation in connection with the two Fry's Metals' Proofs of Claim.

Further, sensitive to the fact that five (5) proofs of claim were filed in this case on behalf of several of Counsel's clients, Counsel took the additional step and prefaced numerous discussions with the Debtors with an indication that it was Counsel's understanding that the other three (3) Proofs of Claim were not at issue. Counsel understood from the Debtors' response that there was a general appreciation among the parties that this was the case.

Based on Counsel's understanding and considering the fact that the five Proofs of Claim involved different creditors, amounts, goods and services provided to the Debtors, Counsel assumed that the Debtors' request for additional support was unique to the particular claim filed on behalf of Fry's Metals and that the remaining Proofs of Claim were, and would not be, contested.

Therefore, when Counsel received the Motion, while surprised considering the ongoing settlement discussions during that time, the Notice of Objection to the two Fry's Metals Proofs of Claim were at least consistent with Counsel's understanding of which Proofs of Claim were at issue. From Counsel's perspective, there was no reason to investigate the matter further to verify whether an additional Notice of Objection to the remaining Proof of Claim of Specialty Coatings should have been included in the Motion that AP&S received.

Further, and unlike the case in *In re Enron*, Counsel actually reviewed the Motion and the Notice of Objection that it had actually received and filed a timely response. *See also c.f. In re Enron II*. Clearly, had Counsel known that the Specialty Coatings Proof of Claim was also at issue, it would have acted with dispatch in ascertaining the status of the Specialty Coatings Proof of Claim and whether it was included in the Motion.

Considering Specialty Coatings' actions, it would be inconsistent to argue that its default was a deliberate act. Rather, Specialty Coatings' actions demonstrate that had Specialty Coatings been aware of the pendency of the Notice of Objection to the Specialty Coatings' Proof of Claim, it would have responded to the Objection rather than allow the Court to enter an order expunging its claim without opposition.

### (ii)    Specialty Coatings Has a Legally Supportable Defense

In keeping with the "strong preference that courts resolve disputes on their merits," *In re Enron*, 325 B.R. at 118 (*citing Brien v. Kullman Indus., Inc.*, 71 F.3d. 1073, 1077 (2d. Cir. 1995)), the Second Circuit also requires that the movant have a legally supportable defense or position with the underlying litigation. *In re Enron*, 325 B.R. at 119 (*citing American Alliance*, 92 F.3d. at 61). While the movant's defense "need not be ultimately persuasive at this stage," *In re Enron*, 325 B.R. at 120 (*citing American Alliance*, 92 F.3d. at 61), "a defense is meritorious if it is good at law so as to give the factfinder some determination to make." *In re Enron*, 325 B.R. at 120 (*citing Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d. 873, 879 (7th Cir. 1988)).

Specialty Coatings' respectfully submits that it satisfies this element as well. The Objection to the Proofs of Claim of Fry's Metals and Specialty Coatings were based on a "Books and Records Claim." The response on behalf of Specialty Coatings will be similar to the

11

response that was timely filed on behalf of Fry's Metals – that is, the response will seek to clarify and explain the values as reflected in the Proof of Claim of Specialty Coatings.

### (iii)    An Order for Reconsideration Will Not Prejudice the Debtors

Finally, the Second Circuit examines whether a reconsideration order will prejudice the non-movant, *In re Enron*, 325 B.R. at 120-121 (*citing American Alliance*, 92 F.3d, at 59), and "generally, mere delay is not sufficient to demonstrate a sufficient level of prejudice." *Id.* (*citing Davis v. Musler*, 713 F.2d. 907, 916 (2d. Cir. 1983) (citations omitted)); s*ee also In re JWP Info. Servs., Inc.*, 231 B.R. 209, 213 (Bankr.S.D.N.Y.1999) (where creditor filed its motion to reconsider after 7 months).

Specialty Coatings respectfully submits that if this Court grants a motion for reconsideration of the Order, that there will be little or no prejudice to the Debtors. Clearly, the unsecured claim of Specialty Coatings (approximately $72,000), if it were allowed, would have a negligible effect on the general unsecured creditor body, which is targeted to consist of $1.7 billion in allowed claims. Debtors' Counsel stated on the Record at the February 14, 2007 Hearing:

> We are trying to emerge from bankruptcy at the earliest possible time. We have a framework agreement in place that requires general unsecured claims, certain general unsecured claims, to be less than 1.7 billion dollars.

HR'G TR. 37: 9-12, Feb. 14, 2007.

Specialty Coatings also respectfully submits that based on the circumstances in this case, that an order for reconsideration will not disrupt the administration of this bankruptcy case.

Specialty Coatings is cognizant of the fact that this is a large bankruptcy case and that the efficient administration of this case is a significant concern. Specialty Coatings respects those concerns and respectfully submits that it filed the instant Motion within a reasonable time after

the entry of the Order dated June 29, 2007 disallowing Specialty Coatings' Proof of Claim. Once Counsel received the Order, Counsel immediately contacted Debtors' Counsel to inquire about the Order. Considering the circumstances, Counsel was hopeful that the Order could be resolved amicably with Debtors' Counsel.

Several weeks had passed since that communication. The first response Counsel received was on July 20, 2007, when it received an email from Debtors' Counsel stating that the Notice of Objection to Specialty Coatings "indicat[ed] proper service." Counsel continued its efforts to resolve amicably the Order, until July 29, 2007, when Debtors' Counsel made clear that the Order would stand and would not be vacated on a consensual basis. Counsel understood at this time that a filing of a motion for reconsideration was its only option.

In that endeavor, Counsel sought the assistance from local counsel in the New York area. In August, 2007, after considering other counsel, Counsel contacted Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, ("Carella Byrne") and asked if it would serve as its local counsel. Since that time, Counsel and Carella Byrne have worked diligently in preparing and filing this Motion on an expedited basis.

Considering the facts herein, Specialty Coatings respectfully submits that the Debtors will suffer little or no prejudice if this Court enters a reconsideration Order in connection with the Specialty Coatings' Proof of Claim.

    **B.**    **Alternatively, the Court Should Consider The Same Analysis of the Facts Pursuant to Federal Rule 60(b) and Federal Bankruptcy Rule 9024 Under the Standard Under *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 113 S. Ct. 1489 (1993) as Codified Under Federal Bankruptcy Rule 9006.**

Alternatively, the Court should consider the same analysis of the facts above pursuant to Federal Rule 60(b) and Federal Bankruptcy Rule 9024 under the "excusable neglect" standard under *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 113 S. Ct. 1489 (1993) as codified under Federal Bankruptcy Rule 9006.

The "excusable neglect" standard, as enunciated in the Supreme Court case in *Pioneer*, is an equitable determination that examines "all relevant circumstances surrounding the party's omission" including (1) "danger of prejudice to the debtor;" (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 83.

Specialty Coatings' respectfully submits that to the extent that the excusable neglect standard is applicable, it satisfies these requirements under the facts outlined above. Specifically Specialty Coatings did not intentionally fail to respond to the Notice because it never received the notice. Further, Specialty Coatings' actions were in good faith and were excusable since they understood from Debtors' Counsel that the balance of the proofs of claim were not at issue and Counsel had relied on that understanding accordingly.

## CONCLUSION

For the foregoing reasons, Specialty Coatings respectfully requests that the Court reconsider the Order dated June 29, 2007 as it pertains to Specialty Coatings, Inc. and reinstate Specialty Coatings' Proof of Claim number 15683.

                        **CARELLA, BYRNE, BAIN, GILFILLAN,**
                           **CECCHI, STEWART & OLSTEIN**
                        Attorneys for Cookson Electronics, Inc., Fry's Metals, Inc.
                        and Specialty Coatings Systems Inc.

By:    /s/Jeffrey A. Cooper
          **JEFFREY A. COOPER**

By:    /s/ Marc D. Miceli
          **MARC D.  MICELI**

**DATED:**  September 14, 2007

#325565v4