**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------
In re: DELPHI CORPORATION, Inc., et al.,

                                 Debtors.
--------------------------------------

: Chapter 11

: Case No: 05-44481 (RDD)

: Jointly Administered

## AFFIDAVIT OF JOSEPH AVANZATO

**STATE OF RHODE ISLAND** )
                              ) ss.
**COUNTY OF PROVIDENCE** )

    JOSEPH AVANZATO, being first duly sworn and under oath, deposes and states, to the best of his knowledge and recollection, as follows:

    1.    I am an attorney at law admitted to the State Bar of Rhode Island and a partner with the law firm of Adler Pollock & Sheehan, P.C. (the "Firm"), located at One Citizens Plaza, 8th Floor, in Providence, Rhode Island. This firm is counsel to Cookson Electronics, Fry's Metals, Inc. (a Cookson Electronics Company) ("Fry's Metals"), and Specialty Coatings, Inc. ("Specialty Coatings"), creditors in this jointly administered bankruptcy proceeding.

    2.    I make this Affidavit in support of Specialty Coating's Motion for Reconsideration under 11 U.S.C. 502(j) and Bankruptcy Rule 3008 of Order dated July 10, 2007 Disallowing and Expunging, *inter alia*, Proof of Claim No. 15683 of Specialty Coatings and for the Reinstatement of Proof of Claim Number 15683.

    3.    This Firm filed four (4) proofs of claim on behalf of Fry's Metals and one (1) Proof of Claim on behalf of Specialty Coatings for a total of five (5) proofs of claim in this jointly administered bankruptcy proceeding. The Proofs of Claim are in connection with goods and services provided to the Debtors. The five (5) Proofs of Claim are separate claims and are not duplicative.

    4.    Specifically, on behalf of Fry's Metals, the Firm filed: (1) Proof of Claim Number 15679 asserting an unsecured claim in the amount of $12,284.59 against Delphi Corporation; (2) Proof of Claim

Number 15680 asserting an unsecured claim in the amount of $4,625.00 against Delphi Connections Systems; (3) Proof of Claim Number 15681 asserting an unsecured claim in the amount of $58,228.25 against Delphi Automotive Systems, LLC; and (4) Proof of Claim Number 15682 asserting an unsecured claim in the amount of $14,615.98 against Delphi Mechatronic Systems, Inc. A true and correct copy of the aforementioned Proofs of Claim are attached hereto as **Exhibit "A."**

5. On behalf of Specialty Coatings, this Firm filed Proof of Claim Number 15683 against Delphi Automotive Systems, LLC asserting an unsecured claim in the amount of $76,385.97. Proof of Claim Number 15683 is at issue in this case. A true and correct copy of Proof of Claim Number 15683 is attached hereto as **Exhibit "B."**

6. This Firm received a copy of the Fifteenth Omnibus Claims Objection (the "Motion") (Docket No. 7999). While the Motion referenced certain exhibits, the package enclosing the Motion that I received did not include any exhibits except that it did enclose only a copy of the Notice of Objection to Claim for Proofs of Claim numbered 15679 and 15681. A copy of the Notice of Objection to Claim Nos. 15679 and 15681 is attached hereto as **Exhibit "C"** The Notice of Objection to Fry's Metals Proofs of Claim asserted a basis for the objection as being a "Books and Records Claim."

7. I had thereafter met with my associate, Claudia Matzko, and directed that she prepare and file a response (the "Response") to the Motion, which Response was timely filed on June 18, 2007. (Docket No. 8317). The Response dated June 18, 2007, attached hereto as **Exhibit "D,"** sought to clarify and explain the values as reflected in the Proofs of Claim of Fry's Metals.

8. After my discussion with Ms. Matzko, I received a copy of a Notice of Entry of Order dated July 6, 2007, purporting to disallow Proof of Claim Number 15683. A copy of the Notice of Order dated July 6, 2007 is attached hereto as **Exhibit "E."** This was the first time I learned that Proof of Claim 15683 was at issue in this bankruptcy case.

9. Surprised to receive this Notice, I asked Ms. Matzko to review the Notice and follow-up directly with Debtors' counsel. Pursuant to my request, I understand that Ms. Matzko talked with Ms.

2

Laverne F. Hill, an associate at Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden Arps"), about this Notice.

10. Thereafter, and apparently as a result of Ms. Maztko's discussions with Ms. Hill, I received the Notice of Objection to Proof of Claim No. 15683 of Specialty Coatings.

11. Since I normally receive all notices in connection with this case, I can say that I never received a copy of the Notice of Objection to Claim Number 15683 until late July 2007, when our Firm received the Notice from Ms. Hill.

12. Considering my involvement in this bankruptcy case and my personal involvement with this Motion, if I had received the Debtors' Notice of Objection to Claim No. 15683, I would have certainly directed and caused the filing of a timely response on behalf of Specialty Coatings, Inc. at the same time that I caused and directed the filing of the Response in connection with Fry's Metals' Proofs of Claims Numbered 15679 and 15681, which sought to clarify and explain the values as set forth in those claims.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
JOSEPH AVANZATO

Subscribed and sworn to before me this
7th day of September, 2007.

_____
Debra Altmann
My Comm. Expires 11/23/09

#325504v3

3