UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: DELPHI CORPORATION, Inc., et al.,

Debtors.

: Chapter 11
:
: Case No: 05-44481 (RDD)
:
: Jointly Administrated
:

---

## AFFIDAVIT OF CLAUDIA J. MATZKO

| STATE OF RHODE ISLAND | ) |
|---|---|
| | ) ss. |
| COUNTY OF PROVIDENCE | ) |

**CLAUDIA J. MATZKO**, being first duly sworn and under oath, deposes and states, to the best of her knowledge and recollection, as follows:

1. I am an attorney at law admitted to the State Bar of Rhode Island and Massachusetts and an associate with the law firm of Adler Pollock & Sheehan, P.C. (the "Firm"), located at One Citizens Plaza, 8th Floor, in Providence, Rhode Island.

2. I make this Affidavit in support of Specialty Coating's Motion for Reconsideration under 11 U.S.C. 502(j) and Bankruptcy Rule 3008 of Order dated July 10, 2007 Disallowing and Expunging, *inter alia*, Proof of Claim No. 15683 of Specialty Coatings and for the Reinstatement of Proof of Claim Number 15683.

3. This firm is counsel to Cookson Electronics, Fry's Metals, Inc. (a Cookson Electronics Company) ("Fry's Metals"), and Specialty Coatings, Inc. ("Specialty Coatings"), creditors in this jointly administered bankruptcy proceeding. This Firm filed four (4) proofs of claim on behalf of Fry's Metals and one (1) Proof of Claim on behalf of Specialty Coatings for a total of five (5) proofs of claim in this bankruptcy proceeding. The Proofs of Claim are in connection with goods and services provided to the Debtors. The Proofs of Claim are separate claims and are not duplicative.

4. My experience with this case began in late February 2007, when I was contacted by Edward Hooi, a representative of Delphi, who requested supporting documentation in connection with Fry's Metals' Proofs of Claim numbered 15679 and 15681.

5. I continued my discussion with Mr. Hooi via telephone and email until about March 11, 2007, at which time I was directed to continue my discussions with his supervisor, Jeanine Deluca. Those communications continued until about May 7, 2007 when, once again, I was directed to communicate with another representative of Delphi, Dean Unrue, who I believe was Ms. Deluca's supervisor.

6. During these initial discussions with Delphi, I was unaware of any motion to expunge or reduce the claims of Fry's Metals' Proofs of Claim or Specialty Coatings Proof of Claim.

7. In fact, after numerous discussions with Delphi, it was my understanding that the remaining three (3) Proofs of Claim were uncontested. I based this understanding on the fact that during these early discussions with the Delphi representatives, I prefaced my numerous conversations with an indication that it was my understanding that the other three (3) Proofs of Claim were not at issue. I understood from their response that there was a general appreciation among the parties that this was the case. As such, I had no reason to be aware of, or even suspicious of the fact that, the other three (3) Proofs of Claim may have been contested.

8. Despite my discussions with Delphi, which I believed were productive, in late May 2007, I received the Debtors' Fifteenth Omnibus Claims Objection (the "Motion") and a copy of the Notice of Objection to Claim for Fry's Metals' Proofs of Claim numbered 15679 and 15681 asserting a basis for the objection as being a "Books and Records Claim." The Motion did not include the Exhibits, which I subsequently learned contained a detailed listing of the objected claims and included the Proof of Claim Number 15683 of Specialty Coatings.

9. Surprised to have received the Motion, on June 4, 2007, I contacted Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden Arps") and was referred to an associate attorney, Laverne F. Hill. In my initial discussion with Ms. Hill, I inquired about the sufficiency requirements for our response to the Motion, which this Firm timely filed on June 18, 2007 in connection with what we

2

believed at the time to be the only contested Proofs of Claim in this cases, to wit, Fry's Metals' Proofs of Claim 15679 and 15681. I was personally involved in preparing that Response, which sought to clarify and explain the values as set forth in the Fry's Metals' Proofs of Claim.

10. During my subsequent discussions with Ms. Hill, I manifested my surprise that the Motion was filed considering my ongoing discussions with Delphi's Claims Reconciliation Team (the "Team"), to which she replied that the Motion was a procedural prerequisite to a settlement of the Fry's Metals' Proofs of Claim. We then agreed that a conference call among counsel and Delphi would be fruitful. In that endeavor, Ms. Hill assisted in the coordination of a conference call between a representative of the Delphi Team, Jim Dengler, Ms. Hill and myself. The conference call was scheduled for June 29, 2007.

11. The conference call was subsequently canceled and re-scheduled for after July 4, 2007. To date, the conference call has not yet taken place.

12. On July 16, 2007, I received the Order disallowing Specialty Coatings' Proof of Claim number 15683. Having never received the corresponding Notice of Objection to Specialty Coatings' Proof of Claim, this was the first time I learned that Specialty Coatings' Proof of Claim was contested in this case.

13. Having received the Order, I immediately contacted Ms. Hill and advised her that we had not received the Notice of Objection to Specialty Coatings' Proof of Claim. I continued to talk with Ms. Hill during the month of July in order to resolve the Specialty Coatings' Proofs of Claim amicably. However, I was unsuccessful in reaching a consensual resolution.

14. Several weeks had passed until July 20, 2007, when, by return email, Ms. Hill simply attached the Notice of Objection to Specialty Coatings' Proof of Claim stating only that the Notice of Objection "indicat[ed] proper service." A true and correct copy of the email chain and the attached Notice is attached hereto as **Exhibit "A."** The Notice of Objection to Specialty Coatings Proof of Claim was similar to that of Fry's Metals in that it asserted a basis for the objection as being a "Books and Records Claim."

3

15. Notwithstanding the July 20, 2007 email, I continued my efforts to attempt to resolve the matter with Debtors' Counsel. However, on July 29, 2007, I understood from Ms. Hill that as far as Skadden Arps was concerned, service of the Notice of Objection to Specialty Coatings was proper and that the Proof of Claim of Specialty Coatings would not be reinstated on a consensual basis.

16. Having realized at this point that Debtors' Counsel would not resolve this Order amicably, we sought the assistance of local counsel in the New York area in August 2007.

17. Having not received a copy of the Notice of Objection to Specialty Coatings' Claim No. 15683, having not received the Exhibits to the Motion which listed the claims in detail, and based on my initial discussions with the Delphi Team who indicated that the only claims at issue were the two Proofs of Claim of Fry's Metals, I had no reason to think that Specialty Coatings' Proof of Claim was also contested in the Motion.

18. Had I received the Debtors' Notice of Objection to Specialty Coatings' Claim or if Debtors' counsel advised of the objection to Specialty Coatings' Claim, I would have prepared and filed an appropriate and similar response on behalf of Specialty Coatings, Inc. as I did with respect to Fry's Metals' Proof of Claim, which sought to clarify and explain the values as set forth in the Fry's Metals' Proofs of Claim.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
**CLAUDIA J. MATZKO**

Subscribed and sworn to before me this
11th day of September, 2007.

_____
JOHN RUSSELL

#325523v4
MY COMMISSION EXPIRES 6/26/11

4