IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

AFFIDAVIT OF SERVICE

I, Elizabeth Adam, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On August 31, 2007, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via electronic notification and (ii) upon the parties listed on Exhibit B hereto via postage pre-paid U.S. mail:

1) Order Under 11 U.S.C. §§ 102(1) And 105 And Fed.R.Bankr.P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr.R. 1007-2(e) ("Case Management Order") (Docket No. 245) [A copy of which is attached here as Exhibit C]

2) Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) [A copy of which is attached here as Exhibit D]

3) Second Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed.R.Bankr.P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2995) [A copy of which is attached here as Exhibit E]

4) Third Supplemental Order Under 11 U.S.C. 102(1) AND 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 3293) [A copy of which is attached here as Exhibit F]

5) Fourth Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 3589) [A copy of which is attached here as Exhibit G]

6) Fifth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed.R.Bankr.P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 3629) [A copy of which is attached here as Exhibit H]

7) Sixth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed.R.Bankr.P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administration (Docket No. 3730) [A copy of which is attached here as Exhibit I]

8) Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed.R.Bankr.P.2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 3824) [A copy of which is attached here as Exhibit J]

9) Eighth Supplemental Order Under 11 U.S.C. § 102(1) And 105 And Fed.R.Bankr.P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures ("Eighth Supplemental Case Management Order") (Docket No. 5401) [A copy of which is attached here as Exhibit K]

10) Amended Eighth Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures ("Eighth Supplemental Case Management Order") (Docket No. 5418) [A copy of which is attached here as Exhibit L]

Dated: September 17, 2007

_____/s/ Elizabeth Adam_____
Elizabeth Adam

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 17th day of September, 2007, by Elizabeth Adam, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:    _/s/ Vanessa R. Quiñones_____

Commission Expires:   _3/20/11____

# EXHIBIT A

Delphi Corporation
New MSL/2002 Parties

| COMPANY | CONTACT | ADDRESS1 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | Providence | RI | 02903 | 401-274-7200 | 401-751-0604 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | Birmingham | AL | 35201 | 205-251-8100 | 205-226-8799 | eray@balch.com | Attorney for Alabama Power Company |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | New York | NY | 10036-6710 | 212-336-2000 | 212-336-2222 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

9/13/2007 2:31 PM
Email

# EXHIBIT B

Delphi Corporation
New MSL/2002 Parties

| COMPANY | CONTACT | ADDRESS1 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|
| Dykema Gossett PLLC | Brendan G Best Esq | 39577 Woodward Ave Ste 300 | Bloomfield Hills | MI | 48304 | 248-203-0523 | Attorneys for Tremond City Barrel Fill PRP Group |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | Dayton | OH | 45423 | | |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

9/13/2007 2:32 PM
US Mail

# EXHIBIT C

UNITED STATES BANK
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - -

|                          |   |                         |
|--------------------------|---|-------------------------|
|                          | : |                         |
| In re                    | : |                         |
|                          | : | Chapter 11              |
| DELPHI CORPORATION, et al., | : |                       |
|                          | : | Case No. 05–44481 (RDD) |
| Debtors.                 | : |                         |
|                          | : | (Jointly Administered)  |
|                          | : |                         |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - -

ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P. 2002(m),
9006, 9007, AND 9014 ESTABLISHING (I) OMNIBUS HEARING DATES, (II)
CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE
PROCEDURES, AND (III) SCHEDULING AN INITIAL <u>CASE CONFERENCE IN
ACCORDANCE WITH LOCAL BANKR. R. 1007-2(e)</u>

("CASE MANAGEMENT ORDER")

Upon the motion dated October 8, 2005 (the "Motion")[1] of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),

debtors and debtors-in-possession in the above captioned cases (collectively, the

"Debtors"), for an order under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R.

Bankr. P. 2002(m), 9006, 9007, and 9014 establishing (a) omnibus hearing dates, (b)

certain notice, case management, and administrative procedures in the Debtors' chapter 11

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning
ascribed to them in the Motion.

cases, and (c) scheduling an initial case conference in accordance with Rule 1007-2(e) of

the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), and upon the Affidavit Of Robert S. Miller, Jr.

In Support Of Chapter 11 Petitions And First Day Orders, sworn to on October 8, 2005;

and upon the record of the hearing held on the Motion; and this Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates,

their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon, and good and sufficient cause appearing therefor, it is

hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as provided herein.

A. <u>Scheduling Matters</u>

2. At present, it is estimated that the Debtors have tens of thousands

of creditors and other parties-in-interest.  The Debtors anticipate that many of these parties

will file numerous motions and applications in these cases in pursuit of various forms of

relief.  In order to efficiently manage this process, every notice, motion, or application, and

all briefs, memoranda, affidavits, declarations, or other documents filed concurrently

2

therewith in these cases (collectively, the "Filings") shall be subject to the case management

procedures described below.

Omnibus Hearing Dates

       3.      This Court shall conduct the following Omnibus Hearings on a

monthly basis in these cases (the "Omnibus Hearing Dates"), to be held in Courtroom 610,

United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling

Green, New York, New York 10004 unless the Debtors are otherwise notified by the

Court.  The following dates and times have been scheduled as Omnibus Hearing Dates in

these chapter 11 cases:

          October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time)

          November 29, 2005 at 10:00 a.m. (Prevailing Eastern Time)

          January 5, 2006 at 10:00 a.m. (Prevailing Eastern Time)

          February 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)

          March 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)

          April 7, 2006 at 10:00 a.m. (Prevailing Eastern Time)

       4.      Omnibus Hearing Dates will occur thereafter as may be scheduled

by this Court.  All matters requiring a hearing in these cases shall be set for and be heard

on Omnibus Hearing Dates unless alternative hearing dates are approved by the Court for

good cause shown.

3

Scheduling Of Evidentiary Hearings

5.     If an objection or other responsive pleading is filed in response to

a Filing, then the hearing on such matter shall be deemed an evidentiary hearing at which

witnesses may testify, unless the Debtors' proposed agenda otherwise provides or the

Court informs the parties that it has determined to hold a pre-hearing conference on such

date.  Within a reasonable time after an objection or other responsive pleading is filed but

prior to the hearing of the matter, the Debtors or such other party that has filed with the

Court the Filing seeking relief (the "Movant") and the party filing the objection or other

responsive pleading (the "Objecting Party") shall meet and confer to discuss a possible

resolution of the objection or the issues raised in the responsive pleading.  If the objection

or issues raised in the responsive pleading cannot be resolved, then the Movant and the

Objecting Party shall meet and confer to discuss the process for identification of the

proposed evidence to be introduced and witnesses to be called by the Movant and the

Objecting Party so that the hearing can be conducted in an orderly manner.

6.     Any document identifying such evidence and witnesses must be

served on (a) the Movant and/or any opposing party, as applicable, (b) the Debtors'

counsel, (c) counsel for any statutory committee appointed in these cases (each, a

"Committee"), (d) counsel for the agent under the Debtors' prepetition credit facility, (e)

counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) the

4

Office of the United States Trustee.  Such documents need not be filed with the Court,

unless the document is an objection or other responsive pleading, but they must be made

available to the Court by the serving party in the event of a dispute.  Any party that fails to

identify its evidence or witnesses as provided for herein may be precluded from presenting

such evidence or witnesses at the hearing on the matter.  Nothing shall preclude any party

from presenting proffers, on direct, in connection with uncontested matters, or agreeing

with an opposing party to present proffers in any contested matter in lieu of the direct

testimony of any witness or otherwise stipulating to facts or documentary evidence.

       7.    The Debtors are required to describe the status of contested

evidentiary hearings on the proposed hearing agendas submitted to the Court in connection

with each hearing.  If a Movant and Objecting Party agree that a hearing will not be an

evidentiary hearing, the Debtors shall advise the Court's chambers not less than three days

before such scheduled hearing in the proposed hearing agenda.

Filing Procedures And Deadlines:  Motions,
Applications, Objections, And Responses

       8.    <u>Electronic Filing.</u>  Every notice, motion, or application, and all

briefs, memoranda, affidavits, declarations, or other documents filed in these cases

(collectively, the "Filings") and Adversary Pleading shall be electronically filed on this

Court's Electronic Filing System except with regard to documents which may be filed

under seal pursuant to Court order.

5

9.    <u>Consent To Electronic Filing.</u>  Each party that files a notice of

appearance and a request for service of papers (a "Notice Request")[2] shall be deemed to

have consented to electronic service of Filings and Adversary Proceedings, in accordance

with Section II(B) of the Electronic Procedures, except for (a) the Debtors and their

undersigned counsel, (b) parties on the Master Service List, (c) each Committee, and

prior to the appointment of an official committee of unsecured creditors established in

these cases pursuant to section 1102 of United States Code, 11U.S.C. §§ 101-1330 (the

"Bankruptcy Code"), the Debtors' 50 largest unsecured creditors on a consolidated basis,

(d) any department or agency of the United States of America, including the Office of the

United States Attorney, as may be required in accordance with Section II(B)(3) of the

Electronic Procedures, or in accordance with a subsequent order of this Court, and (e)

parties who, in their Notice Request, (i) ask to be exempt from electronic service and (ii)

file a certification stating the reasons why the party does not want to receive notice by

electronic means.  <u>No party may send notice to, or communicate with, the Office of the

United States Trustee, by electronic means</u>.

---

[2]    A valid Notice Request shall include: (a) the party's name and address, (b) the
name of the client (unless the party is appearing solely on its own behalf), (c) an e-
mail address at which the requesting party can be served, (d) an address at which
the requesting party may be served by U.S. mail, hand delivery, and overnight
delivery, and (e) a facsimile number for the requesting party.  No Notice Request
shall be deemed effective unless all of the foregoing requirements are satisfied.

10.     <u>Filing Deadline</u>.  Except as otherwise provided by the Bankruptcy

Code or the Bankruptcy Rules, in order for a Filing (other than a motion for relief from the

automatic stay pursuant to 11 U.S.C. § 362(d)) to be heard at the next-scheduled

Omnibus Hearing Date, a movant or applicant must file such a Filing with this Court <u>at

least ten days prior</u> to the next-scheduled Omnibus Hearing Date (the "Filing Deadline"),

and must serve such filing in accordance with the Notice Procedures.  Subject to

paragraph 11 below, if such Filing is filed and served <u>less than ten days prior</u> to the next

scheduled Omnibus Hearing Date, the hearing with respect to such Filing shall be the

Omnibus Hearing Date thereafter.

11.     In the event a party cannot comply with the Filing Deadline and the

Notice Procedures, such party may shorten the Filing Deadline and modify the Notice

Procedures and have a Filing heard on the next Omnibus Hearing Date, if, and only if, for

cause shown, this Court shortens such time and modifies the Notice Procedures.

12.     <u>Scheduling Of Automatic Stay Motions</u>.  Unless this Court orders

otherwise, for good cause shown, where the Filing is a motion for relief from the automatic

stay pursuant to 11 U.S.C. § 362(d) and where such motion is filed <u>more than 14 days

before</u> the upcoming Omnibus Hearing Date, then the preliminary hearing date for such

matter shall be set on such upcoming Omnibus Hearing Date.  Where the Filing in such

matter is filed <u>less than 14 days before</u> the upcoming Omnibus Hearing Date, then the

7

preliminary hearing for such matter shall be set at the Omnibus Hearing Date following the

upcoming Omnibus Hearing Date.  Except as specifically set forth herein, all other

procedures for such motions shall otherwise conform to the Local Rules and the

Bankruptcy Rules.

13.    <u>Objection Deadline</u>.  In the event that a Filing is a motion or

application for relief, any objection shall be filed (the "Objection Deadline"):

(a)    on the seventh calendar date before the applicable
Omnibus Hearing Date (or such other date upon which the
Court will consider the Filing) if the Filing is served at least
20 days prior to the applicable Omnibus Hearing Date;
<u>provided</u> <u>that</u> such Filing is not of a type requiring more
than ten days notice under the Bankruptcy Code, the
Bankruptcy Rules or the Local Rules of this Court; or

(b)    on the third calendar date or the second business date,
whichever date occurs first, before the applicable
Omnibus Hearing Date (or such other date upon which the
Court will consider the Filing) if the Filing is served less
than 20 but at least ten days prior to the applicable
Omnibus Hearing Date; or

(c)    as otherwise ordered by the Court.

14.    The relief requested in the Filing may be granted without a hearing

if no objection is timely filed.  Should a timely objection be submitted, the party filing the

initial motion shall be allowed, but not required, to file a reply to such objection or other

8

responsive pleading on or before 4:00 p.m. on the day immediately prior to the applicable

Omnibus Hearing Date or such other date and time that the Court allows.

B.      Notice Procedures

15.    Every Filing shall be subject to the filing and notice procedures

described herein (the "Notice Procedures").  All Filings shall be served via overnight mail

upon all parties with a particularized interest in the subject of the Filing, with a hard copy

to chambers, as well as the following list (the "Master Service List") of parties or entities[3]:

(a)    The Debtors and their counsel;

(b)    The Office of the United States Trustee;

(c)    The members of and counsel for each Committee;

(d)    Counsel for the agent under the Debtors' prepetition credit facility;

(e)    Counsel for the agent under the Debtors' proposed postpetition credit facility; and

(f)    Those parties that may be added to the Master Service List by the Debtors upon written request to the Debtors or as may be otherwise ordered by the Court for good

---

[3]    As described in more detail below (see Service on 2002 List Parties), all other parties requesting notice shall simply receive a notice of the filing and an opportunity to obtain the filing itself from the Debtors and/or the court's web site, http://www.delphidocket.com and www.nysb.uscourts.gov, respectively, at such requesting party's sole cost and expense, thereby easing the administration of these cases and dramatically reducing the economic burdens on the Debtors' estates as well as other parties-in-interest.

9

and sufficient cause pursuant to the Local Rules and as required hereby.

16.    The Debtors (or their Court-appointed claims agent) shall update the Master Service List on a monthly basis to include the name and address of any party in interest that has made a written request for notice since the preceding month.  In the event that there has been a change to the Master Service List since the prior month, an updated Master Service List shall be filed with the Court on the first business day of the following month.  In addition, the Master Service List will be provided to third-parties upon request.

17.    <u>Additional Notice Parties</u>.  In addition to serving the parties on the Master Service List, filings for which particular notices are required by Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(2) and (3), 4001, 6004, 6006, 6007, or 9019, shall be served in accordance with the following procedures, unless otherwise authorized by the Court:

(a)    Filings related to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served on each entity asserting an interest in the property.

(b)    Filings related to relief from, or otherwise related to, the automatic stay shall be served on each entity asserting a lien or encumbrance on the affected property.

10

(c)     Filings relating to the use of cash collateral or obtaining credit shall be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted.

(d)     Filings relating to approval of proposed compromises or settlements shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby.

(e)     Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby.

(f)     filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases.

(g)     filings relating to the commencement of a case, the meeting of creditors under section 341 or 1104(b) of the Bankruptcy Code, the time for filing objections and the hearing to consider approval of a disclosure statement or a hearing to consider confirmation of a plan shall require notice in accordance with Bankruptcy Rule 2002.

(h)     Notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors and equity security holders of the Debtors and parties-in-interest, except as set forth herein or as otherwise authorized by this Court.

11

18.    Except as set forth herein or as otherwise authorized by this Court,

proceedings described in Bankruptcy Rule 2002 shall be noticed in accordance with the

applicable provisions of such rules.

19.    <u>Service On 2002 List Parties</u>.  Any entity submitting a Filing shall

be required to serve only a notice (the "Notice") of such Filing by U.S. Mail or electronic

mail, at the filing party's discretion (unless such party has properly requested to be exempt

from electronic service, in which case the filing party must effect service by U.S. Mail) on

all parties that filed a notice of appearance or request for notice in these cases (the "2002

List Parties").  The Notice should include the title of the Filing, the time and date of any

Objection Deadline, and the Omnibus Hearing Date (or other hearing date as ordered by

the Court) at which this Court will consider the Filing.  The Debtors will update the 2002

List Parties on a periodic basis and provide such list upon request.

20.    <u>Adversary Proceedings</u>.  All initial Filings, complaints, and other

pleadings filed in any adversary proceeding commenced in these cases (the "Adversary

Proceeding") shall be served by overnight mail, courier, or hand delivery on (a) the

Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to each

Committee, (d) counsel for the agent under the Debtors' prepetition credit facility,  (e)

counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) any

parties required to be served under any applicable Bankruptcy Rule or Local Rule.

21.    <u>Service of Responses</u>.  All objections, responses, or statements in support of Filings as well as any replies thereto (collectively "Responses") need only be served via overnight mail, courier, or hand delivery on the counsel who served such Filings plus (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to each Committee, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under the Debtors' proposed postpetition facility, with a hard copy to chambers, provided that all such Responses shall be served so as to be actually <u>received</u> by such parties on or prior to the applicable filing deadline, as set forth herein.

<u>Notice Requests</u>

22.    All requests for notice (the "Notice Requests") for automatic receipt of copies of Filings, Responses, Adversary Pleadings, and other documents or writings filed in these cases and any adversary proceeding (collectively, the "Documents") will be accommodated as set forth herein.

23.    Any party who files a Notice Request or notice of appearance in these cases will be added to the 2002 List Parties, and will receive all Notices of Filings in these cases.

24.    Parties who have filed notices of appearance and who desire to be added to the Master Service List should make a written request to that effect to the

13

Debtors.  In the written request, the requesting party shall advise the Debtors of the party's

interest in the bankruptcy cases and why cause exists for the party's inclusion on the

Master Service List.  The Debtors shall have 20 days to consider such request.  If the

Debtors either decline or fail to respond to the request within such 20 day period, the

requesting party may move this Court in accordance with the Notice Procedures, for good

cause shown, to be added to the Master Service List.

         25.     On the last day of each calendar month, or as soon thereafter as is

practicable, a copy of the Procedures Order, as may be modified or amended from time

to time, shall be served by the Debtors on each party that has filed a notice of appearance

or a Notice Request in these cases during the preceding calender month.

<u>Failure To Comply With Notice Procedures</u>

         26.     If any person makes any Filing in contravention of the Notice

Procedures by, among other things, setting a hearing on such Filing for a date and time

other than an Omnibus Hearing Date without an order from this Court authorizing such

hearing for cause, the Debtors shall forward a copy of the Procedures Order to such

person within three business days after receipt.  If such Filing is filed at least twenty 20

days prior to the next scheduled Omnibus Hearing Date, then the hearing with respect to

such Filing shall be deemed to be on such Omnibus Hearing Date.  If such Filing is filed

14

less than 20 days prior to the next Omnibus Hearing Date, then the hearing with respect to such Filing shall be the next Omnibus Hearing Date thereafter.

       27.     Nothing shall prejudice (a) the rights of any party-in-interest to move this Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency ex parte consideration or consideration upon shortened time; or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

C.     Copies Of Filings

       28.     All Filings in these cases are available on the internet for a small fee at http://www.delphidocket.com and www.nysb.uscourts.gov (a PACER login and password are required to access the Court's PACER system), and may be downloaded for viewing or printing with Adobe® Acrobat® Reader.

       29.     Upon request of any party, the Debtors will provide copies of any Filings in these cases at the expense of the requesting party.

D.     Initial Case Conference

       30.     An initial case management conference pursuant to section 105(d) of the Bankruptcy Code and in accordance with Local Rule 1007-2(e) shall be conducted by the undersigned Bankruptcy Judge in Room 610, United States Bankruptcy Court,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004

shall be scheduled for October 27, 2005, at 10:00 a.m. (Prevailing Eastern Time) to

consider the efficient administration of the case, potentially including, inter alia, such topics

as retention of professionals, creation of a committee to review budget and fee requests,

use of alternative dispute resolution, timetables, and scheduling of additional case

management conferences.

        31.     The Debtors will give notice by mail of the aforementioned

conference and any order at least seven days prior to the scheduled conference to each

committee appointed to serve in the case pursuant to 11 U.S.C. § 1102 (or, if no

committee has been appointed, to the holders of the ten largest unsecured claims), the

holders of the five largest secured claims, any postpetition lender to the Debtor, and the

Office of United States Trustee, and shall promptly file electronically a proof of service of

such notice with the Clerk of the Court.

        32.     The Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

16

33.     The requirement under Local Rule 9013-1(b) for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:          New York, New York
                October 14, 2005


                        /s/ ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

17

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

        In re                           :

                                  : Chapter 11

DELPHI CORPORATION, et al.,      :

                                  : Case No. 05–44481 (RDD)

              Debtors.           :

                                  : (Jointly Administered)

                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P.
2002(m), 9006, 9007, AND 9014 ESTABLISHING OMNIBUS HEARING DATES AND
<u>CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES</u>

("SUPPLEMENTAL CASE MANAGEMENT ORDER")

           Upon the motion, dated October 8, 2005 (the "Original Motion"),[1] of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),

debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), for

an order under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006,

9007, and 9014 establishing (a) omnibus hearing dates, (b) certain notice, case management, and

administrative procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case

conference in accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United

States Bankruptcy Court for Southern District of New York (the "Local Rules"); and upon the

Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders,

sworn to on October 8, 2005; and upon the motion, dated December 16, 2005 (the "Motion to

Amend"), of the official committee of unsecured creditors (the "Creditors' Committee") to

amend the order entered by this Court approving the Original Motion; and upon the record of the

---

[1]       Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
Motion.

hearing held on the Original Motion and the Motion to Amend; and this Court having determined

that the relief requested in the Motion to Amend is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion to Amend has been given and that no other or further notice is necessary;

and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion to Amend is GRANTED as provided herein.

A.      Scheduling Matters

2.      At present, it is estimated that the Debtors have tens of thousands of

creditors and other parties-in-interest.  The Debtors anticipate that many of these parties will file

numerous motions and applications in these cases in pursuit of various forms of relief.  To

efficiently manage this process, every notice, motion, or application (each, a "Motion"), and all

briefs, memoranda, affidavits, declarations, or other documents filed concurrently therewith in

these cases (collectively with all Motions, the "Filings") shall be subject to the case management

procedures described below.

Omnibus Hearing Dates

3.      This Court shall conduct the following Omnibus Hearings on a monthly

basis in these cases (the "Omnibus Hearing Dates"), to be held in Courtroom 610, United States

Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004 unless the Debtors are otherwise notified by the Court.  The following future dates

and times have been scheduled as Omnibus Hearing Dates in these chapter 11 cases:

March 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)

April 7, 2006 at 10:00 a.m. (Prevailing Eastern Time)

May 10, 2006 at 10:00 a.m. (Prevailing Eastern Time)

2

June 15, 2006 at 10:00 a.m. (Prevailing Eastern Time)

July 27, 2006 at 10:00 a.m. (Prevailing Eastern Time)

August 17, 2006 at 10:00 a.m. (Prevailing Eastern Time)

September 14, 2006 at 10:00 a.m. (Prevailing Eastern Time)

October 19, 2006 at 10:00 a.m. (Prevailing Eastern Time)

November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time)

January 11, 2007 at 10:00 a.m. (Prevailing Eastern Time)

4.        Omnibus Hearing Dates will occur thereafter as may be scheduled by this

Court.  All matters requiring a hearing in these cases shall be set for and be heard on Omnibus

Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

<u>Scheduling Of Evidentiary Hearings</u>

5.        If an objection or other responsive pleading is filed in response to a Filing,

then the hearing on such matter shall be deemed an evidentiary hearing at which witnesses may

testify, unless the Debtors or the Court informs the parties that the Court has determined to hold

a pre-hearing conference on such date.  Within a reasonable time after an objection or other

responsive pleading is filed but prior to the hearing of the matter, the Debtors or such other party

as has filed with the Court the Motion seeking relief (the "Movant") and the party filing the

objection or other responsive pleading (the "Objecting Party") shall meet and confer to discuss a

possible resolution of the objection or the issues raised in the responsive pleading.  If the

objection or issues raised in the responsive pleading cannot be resolved, then the Movant and the

Objecting Party shall meet and confer to discuss the process for identification of the proposed

evidence to be introduced and witnesses to be called by the Movant and the Objecting Party so

that the hearing can be conducted in an orderly manner.

6.      Any document identifying such evidence and witnesses must be served on (a) the Movant and/or any opposing party, as applicable, (b) the Debtors' counsel, (c) counsel for any statutory committee appointed in these cases (each, a "Committee"), (d) counsel for the agent under the Debtors' prepetition credit facility, (e) counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) the Office of the United States Trustee.  Such documents need not be filed with the Court, unless the document is an objection or other responsive pleading, but they must be made available to the Court by the serving party in the event of a dispute.  Any party who fails to identify its evidence or witnesses as provided for herein may be precluded from presenting such evidence or witnesses at the hearing on the matter. Nothing shall preclude any party from presenting proffers, on direct, in connection with uncontested matters, or agreeing with an opposing party to present proffers in any contested matter in lieu of the direct testimony of any witness or otherwise stipulating to facts or documentary evidence.

7.      The Debtors are required to describe the status of contested evidentiary hearings on the proposed hearing agendas submitted to the Court in connection with each hearing.  If a Movant and Objecting Party agree that a hearing will not be an evidentiary hearing, the Debtors shall advise the Court's chambers not less than three days before such scheduled hearing in the proposed hearing agenda.

Filing Procedures And Deadlines: Motions,
Applications, Objections, And Responses

8.      Electronic Filing.  Every Filing and Adversary Pleading (as defined below) shall be electronically filed on this Court's Electronic Filing System except for documents which may be filed under seal pursuant to Court order.

4

9.    <u>Consent To Electronic Filing</u>.  Each party who files a notice of appearance and a request for service of papers (a "Notice Request")[2] shall be deemed to have consented to electronic service of Filings and Adversary Proceedings, in accordance with Section II(B) of the Electronic Procedures, except for (a) the Debtors and their undersigned counsel, (b) parties on the Master Service List, (c) the Creditors' Committee, (d) any department or agency of the United States of America, including the Office of the United States Attorney, as may be required in accordance with Section II(B)(3) of the Electronic Procedures, or in accordance with a subsequent order of this Court, and (e) any party who, in its Notice Request, (i) asks to be exempt from electronic service and (ii) files a certification stating the reasons why the party does not want to receive notice by electronic means.  <u>Except as otherwise expressly authorized by the Office of the United States Trustee in advance, no party may send notice to, or communicate with, the Office of the United States Trustee, by electronic means</u>.

10.    <u>Filing Deadline</u>.  Except as otherwise provided by the Bankruptcy Code or the Bankruptcy Rules, for a Motion (other than a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)) to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must file with this Court and serve such a Motion <u>at least twenty days prior</u> to the next-scheduled Omnibus Hearing Date (the "Filing Deadline"), and must serve such Motion in accordance the Notice Procedures.  Subject to paragraphs 11 and 12 below, if such Motion is filed and served <u>fewer than twenty days prior</u> to the next scheduled Omnibus

---

[2]    A valid Notice Request shall include: (a) the party's name and address, (b) the name of the client (unless the party is appearing solely on its own behalf), (c) an e-mail address at which the requesting party can be served, (d) an address at which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery, and (e) a facsimile number for the requesting party. No Notice Request shall be deemed effective unless all of the foregoing requirements are satisfied.

5

Hearing Date, the hearing with respect to such Motion shall be the Omnibus Hearing Date thereafter.

11.    <u>Expedited Hearing Procedure</u>.  In the event a party cannot comply with the Filing Deadline, such party may shorten the Filing Deadline and have a Filing heard on the next Omnibus Hearing Date, if it requires emergency or expedited relief and complies with the following procedures, unless counsel to the Debtors and counsel to the Creditors' Committee do not object to the shortened notice:

A.    Such movant or applicant shall make a good faith effort to contact counsel to the Debtors and counsel to the Creditors' Committee (or, if the movant or the applicant is the Debtors or the Creditors' Committee, counsel for the other) to request that such Motion be considered on an expedited basis.  If counsel for the Creditors' Committee and counsel for the Debtors do not object, the Motion may be heard at the next Omnibus Hearing that is no fewer than 10 days after the Motion is filed.

B.    In the event that either counsel to the Debtors or counsel to the Creditors' Committee disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested or otherwise objects, such movant or applicant, as the case may be, shall (i) inform the Court of such disagreement via telephone and (ii) arrange for a Chambers Conference, telephonic or in-person, to be held among (a) the Court, (b) counsel to the Debtors, (c) counsel to the Creditors' Committee, and (d) such movant or applicant.  Following such Chambers Conference, a hearing on such Motion shall be set by the Court at its discretion.

C.    Any Motion scheduled to be heard in accordance with sub-paragraph A or B above must, as set forth in the Local Rules, state with specificity the reason

NY\1095191.8                                                                                                    03-17-2006  16:29

why an emergency exists or why there is a need for expedited treatment, indicate in the caption

thereof that it is an emergency or expedited motion, and certify compliance with this paragraph.

Without limiting the foregoing, in the event that the Debtors seek emergency or expedited relief,

such request for emergency or expedited consideration shall be upon prior notice to counsel for

the Creditors' Committee and an opportunity to be heard.

12.      Scheduling Of Automatic Stay Motions.  Unless this Court orders

otherwise, for good cause shown, when the Motion is a motion for relief from the automatic stay

pursuant to 11 U.S.C. § 362(d) and when such motion is filed more than 14 days before the

upcoming Omnibus Hearing Date, then the preliminary hearing date for such matter shall be set

on such upcoming Omnibus Hearing Date.  When the Motion in such matter is filed fewer than

14 days before the upcoming Omnibus Hearing Date, then the preliminary hearing for such

matter shall be set at the Omnibus Hearing Date following the upcoming Omnibus Hearing Date.

Except as specifically set forth herein, all other procedures for such motions shall otherwise

conform to the Local Rules and the Bankruptcy Rules.

13.      Objection Deadline.  For each Motion served at least 20 days prior to the

applicable Omnibus Hearing Date, any objection shall be filed (the "Objection Deadline") on or

before the seventh calendar date before the applicable Omnibus Hearing Date (or such other date

upon which the Court will consider the Motion), or as otherwise ordered by the Court.  For each

Motion served on less than 20, but at least ten days prior to the applicable Omnibus Hearing

Date, the Objection Deadline shall be on the third calendar date or the second business date,

whichever date occurs first, before the applicable Omnibus Hearing Date (or such other date

upon which the Court will consider the Motion).

NY\1095191.8                                                                                                    03-17-2006  16:29

14.     The relief requested in the Motion may be granted without a hearing if no objection is timely filed.  Should a timely objection be submitted, the party filing the initial Motion shall be allowed, but not required, to file a reply to such objection or other responsive pleading on or before 4:00 p.m. on the day immediately prior to the applicable Omnibus Hearing Date or such other date and time as the Court allows.

D.     Notice Procedures

15.     Every Filing shall be subject to the filing and notice procedures described herein (the "Notice Procedures").  All Filings shall be served (a) via overnight mail upon all parties with a particularized interest in the subject of the Filing, with a hard copy to chambers, as well as the following list (the "Master Service List") of parties or entities:

(a)     The Debtors and their counsel;

(b)     The Office of the United States Trustee;

(c)     The members of and counsel for the Creditors' Committee;

(d)     Counsel for the agent under the Debtors' prepetition credit facility;

(e)     Counsel for the agent under the Debtors' proposed postpetition credit facility; and

(f)     Those parties who may be added to the Master Service List by the Debtors upon written request to the Debtors or as may be otherwise ordered by the Court for good and sufficient cause pursuant to the Local Rules and as required hereby;

and (b) by electronic transmission or fax on each party who files a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

16.     The Debtors (or their Court-appointed claims agent) shall update the Master Service List on a monthly basis to include the name and address of any party in interest

8

who has been added to the Master Service List under paragraph 15 (vi) since the preceding

month.  In the event that there has been a change to the Master Service List since the prior

month, an updated Master Service List shall be filed with the Court on the first business day of

the following month.  In addition, the Master Service List shall be provided to third parties upon

request.

       17.    <u>Additional Notice Parties</u>.  In addition to serving the parties on the Master

Service List, filings for which particular notices are required by Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") 2002(a)(2) and (3), 4001, 6004, 6006, 6007, or 9019, shall

be served in accordance with the following procedures, unless otherwise authorized by the Court:

    (a)    Filings related to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served on each entity asserting an interest in the property.

    (b)    Filings related to relief from, or otherwise related to, the automatic stay shall be served on each entity asserting a lien or encumbrance on the affected property.

    (c)    Filings relating to the use of cash collateral or obtaining credit shall be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted.

    (d)    Filings relating to approval of proposed compromises or settlements shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby.

    (e)    Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby.

    (f)    Filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases.

NY\1095191.8                                                                                        03-17-2006  16:29

     (g)    Filings relating to the commencement of a case, the meeting of creditors under section 341 or 1104(b) of the Bankruptcy Code, the time for filing objections and the hearing to consider approval of a disclosure statement or a hearing to consider confirmation of a plan shall require notice in accordance with Bankruptcy Rule 2002.

     (h)    Notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors and equity security holders of the Debtors and parties-in-interest, except as set forth herein or as otherwise authorized by this Court.

18.    Except as set forth herein or as otherwise authorized by this Court, proceedings described in Bankruptcy Rule 2002 shall be noticed in accordance with the applicable provisions of such rules.

19.    <u>Adversary Proceedings</u>.  All initial Filings, complaints, and other pleadings filed in any adversary proceeding commenced in these cases (the "Adversary Proceeding") shall be served by overnight mail, courier, or hand delivery on (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to the Creditors' Committee, (d) counsel for the agent under the Debtors' prepetition credit facility, (e) counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) any parties required to be served under any applicable Bankruptcy Rule or Local Rule.

20.    <u>Service Of Responses</u>.  All objections or responses to or statements in support of Motions, as well as any replies thereto (collectively "Responses"), need only be served via overnight mail, courier, or hand delivery on the counsel who served such Filings plus (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to each Committee, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under the Debtors' proposed postpetition facility, with a hard copy to chambers, provided that all such Responses shall be served so as to be actually received by such parties on or prior to the applicable filing deadline, as set forth herein.

10

<u>Notice Requests</u>

21.    All requests for notice (the "Notice Requests") for automatic receipt of copies of Filings, Responses, Adversary Pleadings, and other documents or writings filed in these cases and any adversary proceeding (collectively, the "Documents") shall be accommodated as set forth herein.

22.    Parties who have filed notices of appearance and who desire to be added to the Master Service List should make a written request to that effect to the Debtors.

23.    On the last day of each calendar month, or as soon thereafter as is practicable, a copy of the Supplemental Case Management Order, as may be modified or amended from time to time, shall be served by the Debtors on each party that has filed a notice of appearance or a Notice Request in these cases during the preceding calendar month.

<u>Failure To Comply With Notice Procedures</u>

24.    If any person makes any Filing in contravention of the Notice Procedures by, among other things, setting a hearing on a Motion for a date and time other than an Omnibus Hearing Date without an order from this Court authorizing such hearing for cause, the Debtors shall forward a copy of the Supplemental Case Management Order to such person within three business days after receipt.  If such Motion is filed at least twenty 20 days prior to the next scheduled Omnibus Hearing Date, then the hearing with respect to such Motion shall be deemed to be on such Omnibus Hearing Date.  If such Motion is filed fewer than 20 days prior to the next Omnibus Hearing Date, then the hearing with respect to such Motion shall be the next Omnibus Hearing Date thereafter.

25.    Nothing shall prejudice (a) the rights of any party-in-interest to move this Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency <u>ex parte</u>

11

consideration or consideration upon shortened time, or (b) the rights of any party to seek an

enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

E.    Copies Of Filings

26.    All Filings in these cases are available without charge on the Internet at

http://www.delphidocket.com or for a small fee at www.nysb.uscourts.gov (a PACER login and

password are required to access the Court's PACER system), and may be downloaded for

viewing or printing with Adobe® Acrobat® Reader.

27.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

28.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        March 17, 2006


                                    /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE

NY\1095191.8                                                         03-17-2006  16:29

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
            In re                             :
                                              :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :
                                              :        Case No. 05–44481 (RDD)
                        Debtors.              :
                                              :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECOND SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("SECOND SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the

above captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 102(1),

105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 establishing (a)

omnibus hearing dates, (b) certain notice, case management, and administrative procedures in the

Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Rule

1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for Southern

District of New York; and this Court having entered an order granting the Motion on October 14,

2005 (Docket No. 245) and a supplemental order on March 20, 2006 (Docket No. 2883) (the

"Supplemental Order"); and this Court having determined that changing the hearing date on

which this Court shall conduct the Omnibus Hearing scheduled for May 10, 2006 in the manner

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
        Motion.

1

set forth herein is appropriate and in the best interests of the Debtors, their estates, their creditors,

and other parties-in-interest; and after due deliberation thereon, and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

The Supplemental Order shall continue in full force and effect except as follows:

Paragraph 3 of the Supplemental Order shall be amended to provide that the

Omnibus Hearing Date originally scheduled for May 10, 2006 at 10:00 a.m. (Prevailing Eastern

Time) shall be changed to May 12, 2006 at 10:00 a.m. (Prevailing Eastern Time)

Dated: New York, New York
      March <u>28</u>, 2006

                       /s/Robert D. Drain_____
                       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :
                                              :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :
                                              :        Case No. 05–44481 (RDD)
                        Debtors.              :
                                              :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIRD SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("THIRD SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the

above captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 102(1),

105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014, establishing (a)

omnibus hearing dates, (b) certain notice, case management, and administrative procedures in the

Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Rule

1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for Southern

District of New York; and this Court having entered an order granting the Motion on October 14,

2005 (Docket No. 245), a supplemental order on March 20, 2006 (Docket No. 2883) (the

"Supplemental Order") and a second supplemental order on March 28, 2006 (Docket No. 2995)

(the "Second Supplemental Order"); and this Court having determined that changing the hearing

---

[1]       Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
          Motion.

1

date on which this Court shall conduct the Omnibus Hearing scheduled for June 15, 2006 in the

manner set forth herein is appropriate and in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and after due deliberation thereon, and good and sufficient

cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

The Supplemental Order and Second Supplemental Order shall continue in full

force and effect except as follows:

Paragraph 3 of the Supplemental Order shall be amended to provide that the

Omnibus Hearing Date originally scheduled for June 15, 2006 at 10:00 a.m. (Prevailing Eastern

Time) shall be changed to June 20, 2006 at 10:00 a.m. (Prevailing Eastern Time).

Dated: New York, New York
      April 20, 2006

                                        /s/ Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
           In re                         :
                                   :     Chapter 11
                                   :
DELPHI CORPORATION, et al.,        :
                                   :     Case No. 05–44481 (RDD)
                   Debtors.      :
                                   :     (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### FOURTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE <u>MANAGEMENT, AND ADMINISTRATIVE PROCEDURES</u>

### ("FOURTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative

procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in

accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for Southern District of New York; and this Court having entered an order granting the

Case Management Motion on October 14, 2005 (Docket No. 245), a supplemental order on

March 20, 2006 (Docket No. 2883) (the "Supplemental Order"), a second supplemental order on

March 28, 2006 (Docket No. 2995) (the "Second Supplemental Order"); and a third

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Case Management Motion.

supplemental order on April 20, 2006 (Docket No. 3293) (the "Third Supplemental Order"), and

this Court having determined that changing the hearing date on which this Court shall conduct

the Omnibus Hearing scheduled for May 12, 2006 in the manner set forth herein is appropriate

and in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest;

and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

The Supplemental Order, the Second Supplemental Order, and the Third

Supplemental Order shall continue in full force and effect except as follows:

1.    The Second Supplemental Order shall be amended to provide that the

Omnibus Hearing Date scheduled for May 12, 2006 at 10:00 a.m. (Prevailing Eastern Time)

shall be changed to May 24, 2006 at 10:00 a.m. (Prevailing Eastern Time).

2.    As provided in paragraph 13 of the Supplemental Order, any objection

shall be filed on or before May 17, 2006 at 4:00 p.m. (Prevailing Eastern Time) for every notice,

motion, or application (each a "Motion") served at least 20 days prior the Omnibus Hearing Date

scheduled for May 24, 2006.  For each Motion served on less than 20 days, but at least ten days

prior to the Omnibus Hearing Date Scheduled for May 24, 2006, any objection shall be filed on

or before May 22, 2006 at 4:00 p.m. (Prevailing Eastern Time).


Dated: New York, New York
       May 3, 2006

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
          In re                         :
                                        :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :
                                        :       Case No. 05–44481 (RDD)
                    Debtors.            :
                                        :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FIFTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("FIFTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of Delphi

Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative

procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in

accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for Southern District of New York; and this Court having entered an order granting the

Case Management Motion on October 14, 2005 (Docket No. 245), a supplemental order on

March 20, 2006 (Docket No. 2883) (the "Supplemental Order"), a second supplemental order on

March 28, 2006 (Docket No. 2995) (the "Second Supplemental Order"), a third supplemental

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
        Motion.

order on April 20, 2006 (Docket No. 3296) (the "Third Supplemental Order"), and a fourth

supplemental order on May 3, 2006 (Docket No. 3589) (the "Fourth Supplemental Order"); and

this Court having determined that changing the hearing date on which this Court shall conduct

the Omnibus Hearing scheduled for July 27, 2006 in the manner set forth herein is appropriate

and in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest;

and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

The Supplemental Order, the Second Supplemental Order, the Third

Supplemental Order, and the Fourth Supplemental Order shall continue in full force and effect

except as follows:

Paragraph 3 of the Supplemental Order shall be amended to provide that the

Omnibus Hearing Date originally scheduled for July 27, 2006 at 10:00 a.m. (Prevailing Eastern

Time) shall be changed to July 19, 2006 at 10:00 a.m. (Prevailing Eastern Time)


Dated:  New York, New York
        May 5, 2006


                            _____/s/ Robert D. Drain_____
                            UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                          :
                                                :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :
                                                :    Case No. 05–44481 (RDD)
                        Debtors.                :
                                                :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIXTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("SIXTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative

procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in

accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for Southern District of New York; and this Court having entered an order granting the

Case Management Motion on October 14, 2005 (Docket No. 245), a supplemental order on

March 20, 2006 (Docket No. 2883) (the "Supplemental Order"), a second supplemental order on

March 28, 2006 (Docket No. 2995) (the "Second Supplemental Order"), a third supplemental

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
        Motion.

order on April 20, 2006 (Docket No. 3296) (the "Third Supplemental Order"), a fourth

supplemental order on May 3, 2006 (Docket No. 3589) (the "Fourth Supplemental Order"), and a

fifth supplemental order on May 5, 2006 (Docket No. 3629) (the "Fifth Supplemental Order");

and this Court having determined that changing the hearing date on which this Court shall

conduct the Omnibus Hearing scheduled for May 24, 2006 in the manner set forth herein is

appropriate and in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and after due deliberation thereon, and good and sufficient cause appearing therefor,

it is hereby

ORDERED THAT:

The Supplemental Order, the Second Supplemental Order, the Third

Supplemental Order, the Fourth Supplemental Order, and the Fifth Supplemental Order shall

continue in full force and effect except as follows:

1.      Paragraph 1 of the Fourth Supplemental Order shall be amended to

provide that the Omnibus Hearing Date scheduled for May 24, 2006 at 10:00 a.m. (Prevailing

Eastern Time) shall be changed to May 30, 2006 at 11:00 a.m. (Prevailing Eastern Time).

2.      As provided in paragraph 13 of the Supplemental Order, any objection

shall be filed on or before May 23, 2006 at 4:00 p.m. (Prevailing Eastern Time) for every notice,

motion, or application (each a "Motion") served at least 20 days prior the Omnibus Hearing Date

scheduled for May 30, 2006.  For each Motion served on less than 20 days, but at least ten days

prior to the Omnibus Hearing Date Scheduled for May 30, 2006, any objection shall be filed on

or before May 28, 2006 at 4:00 p.m. (Prevailing Eastern Time).


Dated: New York, New York
       May 11, 2006

                                        __/s/Robert D. Drain_____
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                           :
                                          :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :
                                          :    Case No. 05–44481 (RDD)
            Debtors.     :
                                          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SEVENTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("SEVENTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative

procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in

accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for Southern District of New York; and this Court having entered an order granting the

Case Management Motion on October 14, 2005 (Docket No. 245), a supplemental order on

March 20, 2006 (Docket No. 2883) (the "Supplemental Order"), a second supplemental order on

March 28, 2006 (Docket No. 2995) (the "Second Supplemental Order"), a third supplemental

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
Motion.

order on April 20, 2006 (Docket No. 3296) (the "Third Supplemental Order"), a fourth

supplemental order on May 3, 2006 (Docket No. 3589) (the "Fourth Supplemental Order"), a

fifth supplemental order on May 5, 2006 (Docket No. 3629) (the "Fifth Supplemental Order"),

and a sixth supplemental order on May 11, 2006 (Docket No. 3730) (the "Sixth Supplemental

Order"); and this Court having determined that changing the hearing date on which this Court

shall conduct the Omnibus Hearing scheduled for June 20, 2006 in the manner set forth herein is

appropriate and in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and after due deliberation thereon, and good and sufficient cause appearing therefor,

it is hereby

ORDERED THAT:

The Supplemental Order, the Second Supplemental Order, the Third

Supplemental Order, the Fourth Supplemental Order, the Fifth Supplemental Order, and the

Sixth Supplemental Order shall continue in full force and effect except as follows:

1.    The Third Supplemental Order shall be amended to provide that the

Omnibus Hearing Date scheduled for June 20, 2006 at 10:00 a.m. (Prevailing Eastern Time)

shall be changed to June 16, 2006 at 10:00 a.m. (Prevailing Eastern Time).

2.    As provided in paragraph 13 of the Supplemental Order, any objection

shall be filed on or before June 9, 2006 at 4:00 p.m. (Prevailing Eastern Time) for every notice,

motion, or application (each a "Motion") served at least 20 days prior the Omnibus Hearing Date

scheduled for June 16, 2006.  For each Motion served on less than 20 days, but at least ten days

prior to the Omnibus Hearing Date Scheduled for June 16, 2006, any objection shall be filed on

or before June 13, 2006 at 4:00 p.m. (Prevailing Eastern Time).

2

      3.      If this Court further changes any of the Omnibus Hearing Dates, the

Debtors are authorized to provide a notice of change of hearing date (the "Notice") in accordance

with paragraph 15 of  the Supplemental Order. The terms of such Notice shall be binding upon

all parties in interest in these chapter 11 cases and no other or further notice or order of this

Court shall be necessary.


Dated: New York, New York
       May 19, 2006

                                    __/s/ Robert D. Drain_____
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
            In re                   :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
                      Debtors.      :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


EIGHTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("EIGHTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative

procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in

accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for the Southern District of New York; and this Court having entered an order granting the

Case Management Motion on October 14, 2005 (Docket No. 245), a supplemental order on

March 20, 2006 (Docket No. 2883) (the "Supplemental Order"), a second supplemental order on

March 28, 2006 (Docket No. 2995), a third supplemental order on April 20, 2006 (Docket No.

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

3296), a fourth supplemental order on May 3, 2006 (Docket No. 3589), a fifth supplemental

order on May 5, 2006 (Docket No. 3629), a sixth supplemental order on May 11, 2006 (Docket

No. 3730), and a seventh supplemental order on May 19, 2006 (Docket No. 3824) (collectively,

the "Prior Supplemental Orders"); and this Court having scheduled the omnibus hearing dates

(the "Omnibus Hearing Dates") for the 2007 calendar year in these cases, it is hereby

ORDERED THAT:

1.    This Court shall conduct the following omnibus hearings on a monthly basis

in these cases, to be held in Courtroom 610, United States Bankruptcy Court, Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors

are otherwise notified by the Court.  The following dates and times have been scheduled as

Omnibus Hearing Dates for the 2007 calendar year in these chapter 11 cases:

> January 11, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> February 15, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> March 22, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> April 26, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> May 31, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> June 21, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> July 19, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> August 16, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> September 27, 2007 at 10:00 a.m. (Prevailing Eastern Time)

October 25, 2007 at 10:00 a.m. (Prevailing Eastern Time)

November 29, 2007 at 10:00 a.m. (Prevailing Eastern Time)

2.     Omnibus Hearing Dates thereafter may be scheduled by this Court.  All matters requiring a hearing in these cases shall be set for and be heard on Omnibus Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

3.     A special hearing has been scheduled for

December 13, 2007 at 10:00 a.m. (Prevailing Eastern Time)

to consider and determine matters relating to the reconciliation and/or objection to proofs of claim filed in these chapter 11 cases.

4.     If this Court changes any of the Omnibus Hearing Dates set forth in Paragraph 1 above or the special hearing date set forth in Paragraph 3 above, the Debtors are authorized to provide a notice of change of hearing (the "Notice") in accordance with paragraph 15 of the Supplemental Order.  The terms of such Notice shall be binding upon all parties-in-interest in these chapter 11 cases and no other or further notice or order of this Court shall be necessary.

5.     Except as set forth herein, the Prior Supplemental Orders shall continue in full force and effect.

DATED:  New York, New York
        October 25, 2006

                                        /s/Robert D. Drain
                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT L

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                :

In re                          :     Chapter 11
                                :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                                :

               Debtors.    :     (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMENDED EIGHTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("EIGHTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative

procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in

accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for the Southern District of New York; and this Court having entered an order granting the

Case Management Motion on October 14, 2005 (Docket No. 245), a supplemental order on

March 20, 2006 (Docket No. 2883) (the "Supplemental Order"), a second supplemental order on

March 28, 2006 (Docket No. 2995), a third supplemental order on April 20, 2006 (Docket No.

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

3296), a fourth supplemental order on May 3, 2006 (Docket No. 3589), a fifth supplemental

order on May 5, 2006 (Docket No. 3629), a sixth supplemental order on May 11, 2006 (Docket

No. 3730), and a seventh supplemental order on May 19, 2006 (Docket No. 3824) (collectively,

the "Prior Supplemental Orders"); and this Court having scheduled the omnibus hearing dates

(the "Omnibus Hearing Dates") for the 2007 calendar year in these cases, it is hereby

ORDERED THAT:

1.    This Court shall conduct the following omnibus hearings on a monthly basis

in these cases, to be held in Courtroom 610, United States Bankruptcy Court, Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors

are otherwise notified by the Court.  The following dates and times have been scheduled as

Omnibus Hearing Dates for the 2007 calendar year in these chapter 11 cases:

> January 11, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> February 15, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> March 22, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> April 26, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> May 31, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> June 21, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> July 19, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> August 16, 2007 at 10:00 a.m. (Prevailing Eastern Time)
>
> September 27, 2007 at 10:00 a.m. (Prevailing Eastern Time)

October 25, 2007 at 10:00 a.m. (Prevailing Eastern Time)

November 29, 2007 at 10:00 a.m. (Prevailing Eastern Time)

2.      Omnibus Hearing Dates thereafter may be scheduled by this Court.  All

matters requiring a hearing in these cases shall be set for and be heard on Omnibus Hearing

Dates unless alternative hearing dates are approved by the Court for good cause shown.

3.      A special hearing has been scheduled for

December 13, 2006 at 10:00 a.m. (Prevailing Eastern Time)

to consider and determine matters relating to the reconciliation and/or objection to proofs of

claim filed in these chapter 11 cases.

4.      If this Court changes any of the Omnibus Hearing Dates set forth in

Paragraph 1 above or the special hearing date set forth in Paragraph 3 above, the Debtors are

authorized to provide a notice of change of hearing (the "Notice") in accordance with paragraph

15 of the Supplemental Order.  The terms of such Notice shall be binding upon all parties-in-

interest in these chapter 11 cases and no other or further notice or order of this Court shall be

necessary.

5.      Except as set forth herein, the Prior Supplemental Orders shall continue in

full force and effect.


DATED:   New York, New York
         October 26, 2006

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE