Michael P. O'Connor, Esq. (MO1550)
LAW OFFICES OF MICHAEL P. O'CONNOR
Attorneys for Claimant, RLI Insurance Company
10 Esquire Road, Suite 14
New City, New York 10956
Telephone:     (845) 638-1956
Facsimile:      (845) 638-3916

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

----------------------------------------------------------------x

## CLAIMANT'S RESPONSE TO DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY RLI INSURANCE COMPANY

TO:   Honorable Robert D. Drain
       United States Bankruptcy Judge

Claimant, RLI Insurance Company (hereinafter referred to as "RLI"), is Claimant on Proof of Claim No. 6668, filed on May 23, 2006. Claimant responds to the Debtor's objections as follows:

1.   As part of Claimant, RLI's, business, Claimant executes on behalf of the importer, bonds which are required by the United States Customs Service from entities importing goods into the United States.

2.   Debtor, Delphi Corporation (hereinafter referred to as "Debtor"), along with its affiliates, as a regular part of its business, imports merchandise into the United States.

3.     Prior to the commencement of the above-captioned Chapter 11 case, RLI, as surety, issued a certain surety bond (U.S. Customs Bond No. 380204834), attached hereto as Exhibit "A", on behalf of Delphi Mechatronic Systems, Inc., an affiliate of Delphi Corporation, the debtor in the above-captioned case. Under the terms of the bond, RLI Insurance Company is bound to pay bond obligations on behalf of Delphi Mechatronic Systems, Inc. to the U.S. Customs Service in the event that obligations are not paid by Delphi Mechatronic Systems, Inc. RLI Insurance Company is additionally bound to pay any future bond obligations (up to the dollar limit of said bond for each bond period, to wit: Five Hundred Thousand and 00/100 ($500,000.00) Dollars per bond period) on behalf of Delphi Mechatronic Systems, Inc. in the event that future obligations are not paid by Delphi Mechatronic Systems, Inc. when due.

4.     Delphi Mechatronic Systems, Inc., was, at the time of the commencement of this case, and still is contingently liable to RLI Insurance Company in the amount of the total of all bond penal sums, to wit:  Two Million and 00/100 ($2,000,000.00) Dollars. RLI Insurance Company filed a Proof of Claim in the contingent amount of Two Million and 00/100 ($2,000,000.00) Dollars, which represent four (4) consecutive bond periods, to wit, 6/13/02 – 6/12/03, 6/13/03 – 6/12/04, 6/13/04 – 6/12/05 and 6/13/05 – present.

### Contingent Claim

5.     Apparently, Debtor has objected to the "contingent" claim. However, a "claim", as defined by the Bankruptcy Code, is "a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(4)(a). The purpose of Congress in adopting such a broad definition of claim was that

2

"all legal obligations of the Debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." House Report No. 595, 95th Cong. 2d. Sess. 309, reprinted in 1978 U.S.C. CAN 593, 6266.

6. As neither the Bankruptcy Code nor the Bankruptcy Rules establish any procedure for estimating a claim, the estimation of a claim is thus committed to the reasonable discretion of the bankruptcy court, which should employ whatever method is best suited to the circumstances of the case. In re Ralph Lauren Womenwear, Inc., 197 B.R. 771 (S.D.N.Y. 1996).

7. Although this situation presents a claim which may be difficult to estimate prior to the final confirmation of Debtor's Chapter 11 plan, the existence of such a claim would not impede confirmation, so long as the plan proposes a specific means of satisfying this claim when its value becomes fixed. In re McCall, 44 B.R. 242 (E.D. Pa. 1984). Attached hereto as Exhibit "B" is the U.S. Customs Master File Extract that evidences that there are still over 250 entries that have not been "liquidated" by U.S. Customs.

**Priority Status**

8. Debtor has also apparently objected to Claimant's priority status. Therefore, Claimant remains liable to the United States Customs Service for the pre-petition entries occasioned by Debtor, even after the Debtor has been afforded a discharge of all pre-petition claims through Chapter 11 of the Bankruptcy Code.

9. However, since RLI's Proof of Claim is in compliance with Bankruptcy Rule 3001(f), the Proof of Claim is presumptively valid unless the Debtor's objections are supported by substantial evidence. In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir. 1993).

10. Claimant's priority status is mandated by 31 U.S.C. § 9309. That provision of he Code establishes that

> When a person[1] required to provide a surety bond given to the United States Government is insolvent . . .the surety. . . paying the Government the amount due under the bond – (1) has the same priority to amounts from the assets and estate of the person as are secured for the Government . . . ."

11. Under 31 U.S.C. § 9309, the priority status of a surety obligated to the Government on a U.S. Customs bond has been implicitly recognized. In In re I.C. Herman & Co., Inc., the Second Circuit acknowledged that if the claimant were a surety on the Customs bond, the claimant would be entitled to priority status under 31 U.S.C. § 193 (now amended as 31 U.S.C. § 9309). 497 F.2d 1301, 1302 (2d Cir. 1974). Thus, the one exception to 11 U.S.C. § 507(d), is the priority by subrogation for a surety on a bond required to be given to the Government pursuant to 31 U.S.C. § 9309. In re I.C. Herman & Co., Inc., 497 F.2d at 1302, n. 3.

12. Admittedly, Claimant has not paid any Customs duties to the United States on behalf of Debtor. In fact, it appears that Debtor has been consistently paying its Customs duties of its own accord. This does not, however, alter the fact that should Debtor falter in its obligations for the pre-petition entries in question, Claimant, as surety on the Government bond, will then be obligated to pay the Customs duties on behalf of Debtor.

13. Any such payments by Claimant, as a result of its obligations as surety on the Customs bond, would be entitled priority status under 31 U.S.C. § 9309. It therefore follows that the claim for collateral security be allowed as a priority claim, since any distribution of the collateral to Customs, on behalf of Debtor, would be entitled to such treatment.

---

[1] "Person" as used in this chapter, includes a corporation. 31 U.S.C. § 9301(1).

4

Wherefore, Claimant respectfully requests that this Court grant an Order allowing Claimant's Proof of Claim, and granting Claimant leave to move for an estimation of the Proof of Claim, with said funds to be deposited with Claimant and to be held as collateral with the right to sue such funds or any part thereof, at any time, in payment of compromise of any judgments, claims, liabilities, losses, damages and disbursements, and for other expenses assessed against Claimant, until such time as Debtor shall furnish to Claimant competent evidence of the termination of Claimant's liability under the bond. Claimant also requests that this Court award costs and disbursements of this action, together with such other and further relief as this Court deems just and proper, in accordance with Section 502(c)(2) and other applicable provisions of the Bankruptcy Code.

Dated: New City, New York
September 18, 2007

LAW OFFICES OF MICHAEL P. O'CONNOR

By: /s/ Michael P. O'Connor
MICHAEL P. O'CONNOR (MO 1550)
Attorney for Claimant, RLI Insurance Company
10 Esquire Road, Suite 14
New City, New York 10956
Telephone:   (845) 638-1956
Facsimile:   (845) 638-3916