B210
(12/04)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: **Delphi Corp.**

Case No. **05-44481**
(Jointly Administered)
Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>Name of Transferee | **Hoover Precision Products, Inc.**<br><br>Name of Transferor |
| Name and Address where notices to transferee should be sent<br>**SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>**Two Greenwich Plaza, 1st Floor**<br>**Greenwich, CT 06830**<br>**Attn: Brian A. Jarmain** | Court Record Address of the transferor<br>(Court Use Only) |
| Last Four Digits of Acct. #:_____ | Last Four Digits of Acct. #:_____ |
| **Transfer Amount: $ 1,298,844.76** | |
| Name and Address where transferee payments should be sent (if different from above)<br><br>**SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>**Two Greenwich Plaza, 1st Floor**<br>**Greenwich, CT 06830**<br>**Attn: Irene Wu** | Name and Current Address of transferor<br><br>**Hoover Precision Products, Inc.**<br>**P.O. Box 899**<br>**Cumming, GA 30028**<br>**Attn: Jimmy Brandon** |
| Phone: **203-542-4061**<br>     **203-542-4161** | Phone: **770-889-9223**<br>     **770-889-0828** |
| Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| Court Claim # (if known): 11292<br>Date Claim Filed: 8/4/2006 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ _____   Date: **September 18, 2007**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____   _____
                                    CLERK OF THE COURT

{00241647.DOC;}

EXHIBIT A TO
ASSIGNMENT OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **HOOVER PRECISION PRODUCTS, INC.** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $1,298,844.76 (the "Assigned Claim"), against Delphi Corp. ("Debtor"), the debtor-in-possession in Case No. 05-44481 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim, particularly Proof of Claim # 11292 filed on July 27th, 2006.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on January 11, 2007.

HOOVER PRECISION PRODUCTS, INC.

By: _____
Name of person signing  J. W. BRANDON JR.
Title of person signing  CHIEF FINANCIAL OFFICER

NY01/STEEH/1156447.4

FORM B10 (Official Form 10) (04/05)

| United States Bankruptcy Court Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Delphi Corporation | Case Number: 05-44481 | Received AUG 04 2006 Kurtzman Carson |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): Hoover Precision Products, Inc. & Subsidiaries

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent: Hoover Precision, P.O. Box 899, Cumming, GA 30028
Kelley, Drye & Warren LLP
101 Park Ave, New York, NY 10178

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☑ Check box if the address differs from the address on the envelope sent to you by the court.

Claim #11292
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Telephone number: (770) 781-6241

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends   if this claim   a previously filed claim, dated:____

**1. Basis for Claim**
- ☑ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other ____

☐ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: ____
  Unpaid compensation for services performed
  from ____ to ____
  (date)   (date)

**2. Date debt was incurred:** 5/01/2005 through 10/08/2005

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1,298,844.76 ____ ____ 1,298,844.76
(unsecured) (secured) (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other ____
Value of Collateral: $____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $____

**6. Unsecured Nonpriority Claim** $ 1,298,844.76
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4 20 05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUL 2 2006
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7/26/2006 | [signature] J.W. BRANDON CFO |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to



0544481060727000000000078