Reed Smith LLP
Elena P. Lazarou (EL-5681)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: elazarou@reedsmith.com

and

Kimberly E. C. Lawson (DE No. 3966)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7597
Facsimile:  (302) 778-7575
E-mail:  klawson@reedsmith.com

and

Reed Smith Sachnoff & Weaver
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Arlene N. Gelman (IL #6225631)
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-mail:  agelman@reedsmith.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**RESPONSE OF INFINEON TECHNOLOGIES NORTH AMERICA CORP. TO DEBTORS' TWENTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED.R.BANKR.P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED CLAIMS, (B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CONSENSUALLY MODIFIED AND REDUCED TORT CLAIMS, AND LIFT STAY PROCEDURES CLAIMS SUBJECT TO MODIFICATION**

Infineon Technologies North America Corp. ("Infineon"), by and through its undersigned counsel, hereby responds to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed.R.Bankr.P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (the "Objection") filed by Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), and states as follows:

## FACTUAL BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.      The Debtors continue to operate their businesses and manage their assets as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Prior to the Petition Date, Infineon semiconductor products to the Debtors.

4.      As of the Petition Date, the Debtors were past due on certain invoices relating to semiconductor products to the Debtors pre-petition. As a result of the Debtors' failure to pay these pre-petition amounts, Infineon is entitled to assert a claim for those unpaid amounts due.

5.      Infineon timely filed an unsecured claim in the amount of $6,491,471.33 (the "Claim"). Attached to the Claim is a spreadsheet detailing the amounts owed to Infineon. A true and correct copy of the Claim is attached hereto as Exhibit A.

6. In the Objection, the Debtors seek to reduce the amount of Infineon's Claim from $6,491,471.33 to $6,333,628.25. The Debtors do not specifically state the basis of their objection and, instead, lump together its objections for numerous claims and assert generally that the claim "state[s] the incorrect amount or [is] overstated." In addition, the Debtors argue that the Claim should be reduced possibly on the bases that the Claim does not account for amounts that may have been paid or credited against such Claim prior to or after the Petition Date.

## ARGUMENT

7. Infineon's Claim was filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). Accordingly, the Infineon Claim is *prima facie* valid.

8. Infineon not only attached detailed information to its Claim to render it *prima facie* valid, but also, Infineon provided the Debtors with additional information supporting the Claim prior to the Debtors filing the Objection. In response to the Delphi Proof of Claim Departments' inquiries, Infineon provided the Debtors with copies of all requested invoices. Significantly, and as repeatedly stated to the Delphi Proof of Claim Department, Infineon's invoices were assigned "ASN" numbers. By definition, invoices assigned "ASN" numbers inherently prove that the Debtors received the goods subject to those invoices because "ASN" numbers are only assigned when the Debtors remove such goods from the Debtors' own warehouse.

9. In order to overcome the presumption of validity, the party opposing a claim must present evidence equal in force to the *prima facie* case. See In re Reilly, 245 B.R. 768, 773 (2d

Cir. B.A.P. 2000) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." (citation omitted); In re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim."); In re Allegheny Int'l, Inc., *et. al.*, 954 F.2d 167, 173 (3d Cir. 1992). The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of an objection." In re Lanza, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standards since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. A trustee must document his objection with probative evidence to satisfy his burden of going forward." In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982).

10.    The Debtors object to Infineon's Claim on the basis that the Claim is not consistent with the Debtors' books and records. The Debtors argue that the Claim "state[s] the incorrect amount or [is] overstated." In addition, the Debtors argue that the Claim should be reduced possibly on the bases that the Claim does not account for amounts that may have been paid or credited against such Claim prior to or after the Petition Date. The Debtors provide no specific information to support their objection to the Claim.

11.    Despite numerous discussions with the Debtors prior to the Objection, the Debtors have never provided an explanation of why the "ASN" number designation is not conclusive

proof that the Debtors received the goods subject to the Claim. Moreover, the Debtors never indicated that Infineon had not properly accounted for all pre-petition payments made to Infineon.

12. A debtor's books and records entries, when presented alone, are insufficient evidence to overcome a properly filed proof of claim's *prima facie* evidence of validity. See In re Michigan-Wisconsin Transp. Co., 161 B.R. 628, 637 (Bankr. W.D. Mich. 1993) (holding that in the absence of any evidence other than a books and records objection, the objection to claim must be overruled); see also In re Good Hope Industries, Inc., 16 B.R. 719, 721 (Bankr. D. Mass. 1982) (holding that basing an objection on the fact that Debtor's books and records did not reflect the amounts claimed was impertinent when the proof of claim was supported with adequate documentation); see also In re Systems Comm., Inc., 234 B.R. 143, 144 (Bankr. M.D. Fla. 1999) ("A debtor's book and record entries, presented alone, cannot be binding on a creditor. To hold otherwise would mean that if a debtor keeps no books and records it does not have any obligations, a proposition absurd on its face."). Thus, the Debtors' reference to its books and records are not equal in force to the *prima facie* validity of Infineon's properly filed proof of claim.

WHEREFORE, Infineon respectfully requests that this Court enter an order (i) denying the Objection, (ii) allowing Infineon's claims in full, and (iii) granting such other and further relief to Infineon as is appropriate.

Dated:  September 19, 2007

Respectfully submitted,

REED SMITH LLP

By:  /s/ Elena P. Lazarou
Elena P. Lazarou (EL-5681)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: elazarou@reedsmith.com

and

Kimberly E. C. Lawson (DE No. 3966)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7597
Facsimile:  (302) 778-7575
E-mail:  klawson@reedsmith.com

and

Reed Smith Sachnoff & Weaver
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Arlene N. Gelman (IL #6225631)
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-mail: agelman@reedsmith.com

Counsel for Infineon Technologies
North America Corp.