Reed Smith LLP
Elena P. Lazarou (EL-5681)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: elazarou@reedsmith.com

and

Kimberly E. C. Lawson (DE No. 3966)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7597
Facsimile:  (302) 778-7575
E-mail:  klawson@reedsmith.com

and

Reed Smith Sachnoff & Weaver
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Arlene N. Gelman (IL #6225631)
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-mail: agelman@reedsmith.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD)<br>(Jointly Administered) |
| Debtors. | |

**RESPONSE OF SIEMENS AG TO DEBTORS' TWENTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED.R.BANKR.P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED CLAIMS, (B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CONSENSUALLY MODIFIED AND REDUCED TORT CLAIMS, AND LIFT STAY PROCEDURES CLAIMS SUBJECT TO MODIFICATION**

Siemens AG ("Siemens"), by and through its undersigned counsel, hereby responds to the

Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed.R.Bankr.P.

3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (the "Objection") filed by Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), and states as follows:

## FACTUAL BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. The Debtors continue to operate their businesses and manage their assets as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, Siemens sold automotive parts (air flow sensors) to the Debtors.

4. As of the Petition Date, the Debtors were past due on certain invoices relating to automotive parts provided to the Debtors pre-petition. As a result of the Debtors' failure to pay these pre-petition amounts, Siemens is entitled to assert a claim for those unpaid amounts due.

5. Siemens timely filed an unsecured non-priority claim in the amount of $30,556.80 (the "Claim"). Attached to the Claim are invoices further detailing amounts owed. A true and correct copy of the Claim is attached hereto as Exhibit A. Although the Claim already

constitutes *prima facie* evidence of amounts due Siemens, Siemens attaches certain additional documentation supporting its claim as <u>Exhibit B</u>.

6. In the Objection, the Debtors seek to disallow and expunge the Claim in its entirety on the basis that the Claim does not contain sufficient documentation for the Debtors to make a meaningful review of the Claim.

7. The Debtors' generally argue that the Claim possibly either: (a) fails to assert a claim, (b) fails to assert a monetary amount, (c) states that there is no outstanding claim against the Debtors, and/or (d) contains no documentation in support of the claim or provides no evidence of the Debtors' liability for the claim. The Debtors provide no specific information regarding the basis of their objection to the Claim.

### **ARGUMENT**

8. Siemens' Claim was filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). Accordingly, the Siemens Claim is *prima facie* valid.

9. In order to overcome the presumption of validity, the party opposing a claim must present evidence equal in force to the *prima facie* case. <u>See</u> <u>In re Reilly</u>, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." (citation omitted); <u>In re King</u>, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward

with *sufficient evidence* rebutting the validity of a properly filed proof of claim."); In re Allegheny Int'l, Inc., *et. al.*, 954 F.2d 167, 173 (3d Cir. 1992). The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of an objection." In re Lanza, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standards since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. A trustee must document his objection with probative evidence to satisfy his burden of going forward." In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982).

10. The Debtors seek to disallow and expunge Siemens' Claim because they argue that Siemens did not provide sufficient documentation for the Claim.

11. As indicated in Exhibit A, Siemens attached copies of the invoices that are the basis of the Claim. Therefore, Siemens' Claim is a properly filed proof of claim that is *prima facie* valid. The Debtors have failed to provide sufficient evidence to overcome a properly filed proof of claim's *prima facie* evidence of validity. Thus, the Debtors' mere assertion that the Claim does not have sufficient documentation is not equal in force to the *prima facie* validity of Siemens' properly filed proof of claim.

WHEREFORE, Siemens respectfully requests that this Court enter an order (i) denying the Objection, (ii) allowing Siemens' claim in full, and (iii) granting such other and further relief to Siemens as is appropriate.

Dated:  September 19, 2007

Respectfully submitted,
REED SMITH LLP

By:    /s/ Elena Lazarou
Elena Lazarou (EL-5681)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: elazarou@reedsmith.com

and

Kimberly E. C. Lawson (DE No. 3966)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7597
Facsimile:  (302) 778-7575
E-mail:  klawson@reedsmith.com

and

Reed Smith Sachnoff & Weaver
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Arlene N. Gelman (IL #6225631)
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-mail: agelman@reedsmith.com

Counsel for Siemens AG