Hearing Date and Time: September 27, 2007 at 10:00 AM
Response Date and Time: September 20, 2007 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10017-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444

*Counsel for Motorola, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ X
In re                                          : Chapter 11
                                               :
DELPHI CORPORATION, et al.,                    : Case No. 05-44481 (RDD)
                                               :
        Debtors.                               : (Jointly Administered)
                                               :
------------------------------------------------ X

### RESPONSE OF MOTOROLA, INC. TO THE
### DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS

Motorola, Inc. ("**Motorola**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the Debtors' Twentieth Omnibus Objection to Claims (the "**Twentieth Objection**").

1.  On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court

for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. Motorola has filed claim number 1157, among others.

3. By this response, Motorola objects to the Debtors' proposed treatment of claim number 1157 as proposed in the Twentieth Objection.

### Claims Against the Debtors

4. On or about June 29, 2003, Delphi and Motorola executed the "Service Agreement" (the "**Agreement**") by which Motorola agreed to provide certain radio and infrastructure repair and support services.

5. As of the Petition Date, Delphi owed Motorola $17,915.08 (the "**Claim Amount**") pursuant to the Agreement.

6. Prior to the Petition Date, Setech, Inc. ("**Setech**") purchased miscellaneous parts from Motorola as an agent of Delphi.

7. The purchase orders were "issued" by Setech, Inc. as agent for Delphi Corporation" and were billed to Setech and shipped to Setech at Delphi Harrison

8. When Delphi stopped paying Setech, Motorola had an outstanding claim against Delphi in the amount of $763.98. This amount is recognized as a valid claim in the Twentieth Objection.

9. Based on the foregoing, Motorola asserted the Claim Amount in claim number 1157 as a general unsecured claim totaling not less than $18,679.06.[1]

---

[1] Documents supporting the claim amount, including the Agreement, are attached hereto as Exhibit A.

CHI99 4878601-1.034764.0216

## ARGUMENT

**In The Twentieth Objection, The Debtors Have Not Met Their Burden To Modify The Claim Amount.**

10. In contesting claim number 1157 in the Twentieth Objection, the Debtors have argued that claim number 1157 should be modified as to the asserted amount to $763.98.[2]

11. A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

12. A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

13. By merely stating that the claims should be modified as to the asserted amount, the Debtors have not met their burden of presenting "enough evidence" to overcome the

---

[2] Motorola will stipulate that the total amount of the claim is $18,679.06, however, counsel for both Motorola and Delphi should engage in discussions to resolve this matter.

-3-

presumptive validity of the timely and properly supported claims of Motorola. Further, the parties continue to be in discussions as to the amount of the claim.

14. Motorola reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

WHEREFORE, Motorola respectfully requests that the Court adjourn the Twentieth Objection as to claim number 1157 pursuant to the Twentieth Objection and grant Motorola such other relief as the Court deems just and proper.

Dated: September 19, 2007

Respectfully submitted,
**McDermott Will & Emery LLP**

By: /s/ Gary O. Ravert
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10017-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Motorola, Inc.*

CHI99 4878601-1.034764.0216