**Hearing Date and Time: September 27, 2007, at 10:00 a.m.**
**Response Date and Time: September 20, 2007, at 4:00 p.m.**

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Robert J. Feinstein (RF-2836)
Michael R. Seidl (DE Bar No. 3889)
Ilan D. Scharf (IS-3469)

Counsel for Creditor Essex Group, Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered)<br><br>Re: Docket No. 9151 |

**RESPONSE AND LIMITED OPPOSITION OF ESSEX GROUP, INC.,
TO DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION**

　　　　Essex Group, Inc. ("Essex"), hereby files its response and limited opposition (the

"Response") to the Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and

Fed.R.Bankr.P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently

Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely

Claim, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, Modified

Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay

Procedures Claims Subject to Modification (the "Twentieth Omnibus Claims Objection") filed

by the above-captioned debtors (the "Debtors"). In support of the Response, Essex respectfully states as follows:

**Response**

1.  Essex is a manufacturer and supplier of copper rod and magnet wire[1] to the Debtors.

2.  On or about July 24, 2006, Essex filed its proof of claim (assigned claim no. 11530 by the Debtors' claims agent) asserting a secured claim in the total amount of $795,196.61 (the "Claim") for copper rod and magnet wire delivered to the Debtors prior to their October 8 and October 14, 2005, petitions in bankruptcy (collectively, the "Petition Date"). A true and correct copy of the Claim is attached hereto as Exhibit A.

3.  The Claim includes the following components: (a) $402,864.04 for copper rod and (b) $392,332.57 for magnet wire. The Claim, as filed, is fully supported, and attaches summary statements detailing the amounts due, including reference to the Debtors' purchase orders (where applicable), sales invoice numbers, and/or receipt dates. The Claim asserts that it is fully secured by a right of setoff. In addition and in the alternative, the Claim asserts that certain components of the Claim are entitled to priority under 11 U.S.C. § 507(a)(2) and 546(c) as reclamation claims timely made upon the Debtors, including Reclamation Claim 14 for $402,864.04 and Reclamation Claim $190,908.38 (collectively, the "Reclamation Claims").

4.  While the attachments to the Claim provide substantial support for the Claim, additional supporting documentation is voluminous; in the Claim, Essex offered to supply such

---

[1] Magnet Wire is an insulated copper or aluminum conductor used by major original equipment manufacturers and distributors.

documentation upon request. On or about January 23, 2007, in response to a request from Debtors' counsel for additional documentation, Essex forwarded to counsel for the Debtors additional supporting documents, including, inter alia, numerous invoices and other supporting documents.

5.     On or about August 24, 2007, the Debtors filed the Twentieth Omnibus Claims Objection, objecting, inter alia, to the Claim, which is listed on Exhibit C-1 and is objected to as a claim not supported by the Debtors' books and record and, allegedly, "for which the Debtors are not liable." (Twentieth Omnibus Claims Objection ¶ 32). The Twentieth Omnibus Claims Objection seeks disallowance of the Claim.

6.     Notwithstanding the blanket nature of the objection to the Claim, based upon discussions between counsel for Essex and the Debtors and requests by the Debtors for proofs of delivery with respect to a small portion of the goods at issue in the Claim, Essex understands and anticipates that the Debtors will consent to the allowance of the Claim, to be satisfied from the right of setoff asserted in the Claim. In sum, it appears that the Debtors do not dispute the amounts demanded Claim but expect those amounts to be satisfied by a right of setoff, and the Debtors therefore seek the disallowance of the Claim.

7.     To the extent that the Twentieth Omnibus Claims Objection seeks disallowance of the Claim before the right of setoff has been exercised, it is premature. Pending effectuation of the setoff, Essex retains a valid, secured claim in the amount asserted and objects to the disallowance of the Claim, which disallowance could frustrate the right of setoff to which the parties have substantially agreed. Essex does not oppose the disallowance of the Claim for the purposes of distribution in the Debtors' cases, provided that the Claim is first allowed in full, that

relief from the automatic stay pursuant to 11 U.S.C. § 362 is granted to authorize the asserted setoff, and that the Claim is satisfied in full pursuant to the right of setoff asserted in the Claim.

8. Essex reserves its right to prosecute the Claim to the extent it is not satisfied in full pursuant to the asserted right of setoff, including but not limited to its right to seek allowance of the Reclamation Claims as priority claims. Furthermore, to the extent that the Claim is not satisfied in full pursuant to the asserted right of setoff, and to the extent that the Claim remains disputed at the time of voting upon the Debtors' proposed plan of reorganization (the "Plan"), Essex reserves its right to seek allowance of the Claim for the purpose of voting upon the Plan pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE,** for the reasons set forth above, Essex requests that the Court deny the Objection as it pertains to the Claim or, in the alternative, continue the hearing upon the Objection until such time as the Claim has been satisfied by the asserted right of setoff, without prejudice to the rights of Essex and the Debtors with respect to the Claim.

Dated:  New York, NY
September 19, 2007

                          PACHULSKI STANG ZIEHL & JONES LLP

                          __/s/ Ilan D. Scharf_____
                          Robert J. Feinstein (RF-2836)
                          Michael R. Seidl (DE Bar No. 3889)
                          Ilan D. Scharf (IS-3469)
                          780 Third Avenue, 36th Floor
                          New York, NY  10017-2024
                          Telephone:  (212) 561-7700
                          Facsimile:  (212) 561-7777

                          Counsel to creditor Essex Group, Inc.