Hearing Date and Time: September 27, 2007 at 10:00 a.m.
Response Date and Time: September 20, 2007 at 4:00 p.m.

CURTIN & HEEFNER, LLP
250 N. Pennsylvania Ave.
Morrisville, PA 19067
Robert Szwajkos (RS0742)
Daniel P. Mazo (DM5457)
Telephone:    215-736-2551
Facsimile:    215-736-3647

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| DELPHI CORPORATION, et al., | : | Chapter 11 Case |
| Debtors. | : | 05-44481-RDD |
| | : | |
| _____ | : | (Jointly Administered) |

**RESPONSE OF SPS TECHNOLOGIES, LLC A/K/A SPS TECHNOLOGIES-
CLEVELAND, NSS TECHNOLOGIES, INC. SPS TECHNOLOGIES WATERFORD
COMPANY AND GREER STOP NUT, INC.
TO DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION**

AND NOW COMES, SPS TECHNOLOGIES, LLC A/K/A SPS TECHNOLOGIES-CLEVELAND, NSS TECHNOLOGIES, INC. SPS TECHNOLOGIES WATERFORD COMPANY AND GREER STOP NUT, INC. (collectively "SPS"), by and through its counsel and responds as follows:

1.    The Debtors filed the DEBTORS' TWENTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED CLAIMS, (B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIM, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CONSENSUALLY

417164.3/37859

MODIFIED AND REDUCED TORT CLAIMS, AND LIFT STAY PROCEDURES CLAIMS SUBJECT TO MODIFICATION ("Objection") which identified the following claims and to which objections have been made:

Exhibit E – Revise Amount or change identity of the alleged Debtor

| | |
|---|---|
| Claim No. | 9771 |
| Creditor | NSS Technologies, Inc., f/k/a National Set Screw Corp. |
| Holder of Claim | Bear Stearns Investment Products, Inc. |
| Case No. | 05-44640 Delphi Automotive Systems LLC |
| Claim as Docketed | $977,354.65 |
| Claim as Modified | $713,175.52 |

| | |
|---|---|
| Claim No. | 9772 |
| Creditor | SPS Technologies, Waterford Company F/K/A Terry Machine Company |
| | Bear Stearns Investment Products, Inc. |
| Case No. | 05-44640 Delphi Automotive Systems LLC |
| Claim as Docketed | $72,034.20 |
| Claim as Modified | $72,025.32 |

2. Prior to the Commencement of the Debtors' bankruptcy cases, SPS and the Debtors were parties to multiple Parts Supply Contracts whereby SPS sold and delivered automobile parts to the Debtors.

3. As of the Petition Date, SPS was owed the following amounts for unpaid prepetition deliveries for which SPS filed Proofs of Claim with supporting documentation:

| Entity | Amount |
|---|---|
| Greer Stop Nut, Inc. | $     37,253.38 |
| NSS Technologies, Inc., f/k/a National Set Screw Corp. | $   977,354.65 |
| SPS Technologies Waterford Company, f/k/a Terry Machine Company | $     72,034.20 |
| **Total** | **$1,086,642.23** |

4. SPS assigned its Proofs of Claims to Bear Stearns, Inc. Investment Products, Inc. pursuant to a TRANSFER OF CLAIM AGREEMENT SPS TECHNOLOGIES, LLC, ET AL. PREPETITION CLAIMS VERSUS DELPHI CORPORATION, DELPHI AUTOMOTIVE

SYSTEMS, LLC, ET AL. ("SPS – Bear Stearns Agreement"). Following is a chart of the SPS Proofs of Claim and the corresponding information taken from the Debtors' Schedule of Assets and Liabilities follows:

| Entity | Claim # | Total Claim Amount | Reclamation Claim Amount | Delphi Scheduled Amount |
|---|---|---|---|---|
| Waterford Company, f/k/a Terry Machine Company | 9771 | $72,034.20 | $ 25,549.79 | $ 71,237.34 |
| Greer Stop Nut, Inc. | 9798 | $37,253.38 | $ 16,955.14 | $ 36,736.14 |
| NSS Technologies, Inc., f/k/a National Set Screw Corp. | 9772 | $977,354.65 | $ 147,797.63 | $686,491.55 |
| **Total** | | **$1,086,642.23** | **$ 190,302.56** | **$794,465.03** |
| | | ("Total Claim") | | |

5.    Pursuant to the SPS – Bear Stearns Agreement, both SPS and Bear Stearns each have an interest in the ultimately allowed SPS Proofs of Claim.

6.    The assignment of the SPS Proofs of Claim to Bear Stearns was reported to the Bankruptcy Court in accordance with the Federal Rules of Bankruptcy Procedure.

7.    SPS is authorized to represent the interests of Bears Stearns in regard to Debtors' Objection to the SPS Proofs of Claim.

8.    After the Petition Date, SPS and the Debtors modified the payment terms for the Parts Supply Contracts and SPS continued to manufacture and deliver parts to the Debtors. This has continued without interruption.

9.    The Debtors have filed a Joint Plan of Reorganization ("Plan") and have commenced the confirmation process.

10.    The Debtors filed a Motion which has been approved establishing procedures whereby the Debtors may assume or reject executory contracts. As the SPS Parts Supply Contracts are executory contracts, the SPS Parts Supply Contracts are subject to the assumption/rejection process. Although this process is underway, the Debtors have not noticed

SPS as to whether the SPS Parts Supply Contracts will be assumed or assigned. If the SPS Parts Supply Contracts are assumed, all of the prepetition claims of SPS will have to be paid in full. SPS has reviewed the Plan and will election 100% payment and not a cash/stock split payment dividend.

11.     If the SPS Parts Supply Contracts are not assumed and the prepetition claims are not paid in full, SPS will seek an Order from the Bankruptcy Court providing that SPS may, at its sole discretion, determine whether to continue to sell parts to the Debtors. In the alternative, if the SPS parts contracts are assumed and the prepetition claims are paid in full, then the Debtors' Objections as to SPS are moot.

12.     The status of the SPS Parts Supply Contracts as executory contracts was established in November 25, 2005, when the Debtors filed: DEBTOR'S MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SUPPLIER AGREEMENTS ("Motion") seeking to amend the SPS Parts Supply Contract. SPS filed an OBJECTION OF SPS TECHNOLOGIES, LLC A/K/A SPS TECHNOLOGIES-CLEVELAND, NSS TECHNOLOGIES, INC. SPS TECHNOLOGIES WATERFORD COMPANY AND GREER STOP NUT, INC. TO DEBTOR'S MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR.P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SUPPLIER AGREEMENTS. The Debtors responded to numerous objections by providing that suppliers would not be subject to changes in the executory contracts unless the suppliers consented in writing.

13. During the course of the bankruptcy cases, the Debtors sought to reject parts supply contracts with General Motors Corporation ("GM Motion" and "GM"). As SPS parts were processed through the Debtors for ultimately delivery to GM, SPS objected to the GM Motion and was an active participant in the periodic hearings considering the Debtors' action. The Motion is now moot in light of the Plan settlement agreement between the Debtors and GM. Thus the only question is whether the Debtors will reject the SPS Parts supply Contracts concurrently with the Debtors post Plan confirmation provision of parts to GM. Rejection of the SPS Parts Supply Contracts appears to be counter intuitive.

14. SPS Objects to the Debtors' Objection to the SPS Proofs of Claim for the following reasons:

a. The Debtors' Objection provides no documentation to justify a change in the amounts of the SPS Proofs of Claim and the burden of proof to support the Objection and to change the amount of the SPS Proofs of Claim rests on the Debtors. The Debtors have failed to meet their burden of proof.

b. The SPS Parts Supply Contracts are subject to the executory contracts assumption and rejection procedures and such procedures preempt the Debtors' efforts to object to the SPS Proofs of Claim through the Debtors' Objection.

c. SPS has provided the Debtors with documentation to substantiate the SPS Proof of Claim amounts and there is no basis in fact or law to justify a change in the amount of the SPS Proofs of Claim.

d. The Debtors' Objection is procedurally and legally deficient and should be denied as to the SPS Proofs of Claim.

WHEREFORE, SPS prays that the Debtors' Objection be denied as to the SPS Proofs of Claim.

                Respectfully submitted,

                /s/ Robert Szwajkos
                Robert Szwajkos, Esquire
                Curtin and Heefner, LLP

Dated: September 19, 2007

## CERTIFICATE OF SERVICE

AND NOW, the undersigned hereby certifies that a copy of the forgoing pleading was filed and served on the date shown below as follows:

*Electronic Filing on September19, 2007*:
U.S. Bankruptcy Court, Southern District of New York

*Delivered by FEDEX Overnight Delivery on September 19, 2007*:

Chambers of the Honorable Robert D. Drain
U.S. Bankruptcy Judge
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green, Room 632
New York, NY 10004

Delphi Corporation
Attn. General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden Arps, Slate, Meagher & Flom LLP
Attn.: John Wm. Butler, Jr., Esq.
John K. Lyons, Esq., Joseph N. Wharton, Esq.
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Counsel: Bear Sterns & Co.
Tara Hannon, Esquire
Mandel, Katz Manna & Brosnan, LLP
210 Rte. 303
Valley Cottage, NY 10989

Cindy J. Evans
Bear Stearns & Co.
383 Madison Avenue, 8th Floor
New York, NY 10179

*Email on September 20, 2007 to:*
Sarah Platt, Esquire, Skadden Arps, Slate, Meagher & Flom LLP: splatt@skadden.com
Tara Hannon, Esquire, Mandel, Katz Manna & Brosnan, LLP: thannon@mkmb.com
Cindy J. Evans' Bear Stearns & Co.: CJEvans@bear.com

                        Respectfully submitted,

                        /s/ Robert Szwajkos
                        Robert Szwajkos, Esquire
                        Curtin and Heefner, LLP

Dated: September 19, 2007