# EXHIBIT A

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT Southern DISTRICT OF New York | PROOF OF CLAIM |

| Name of Debtor: DELPHI CORPORATION | Case Number: 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Guide Corporation

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
c/o Paul Kerns, Chief Financial Officer
Guide Corporation, 600 Corporation Drive
Pendleton IN 46064

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (765) 221-7900

Received AUG 0 9 2006 Kurtzman Carson

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  See attached

   ☒ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
       Last four digits of SS #: _____
       Unpaid compensation for services performed
       from _____ to _____
             (date)        (date)

2. Date debt was incurred: December 22, 1998

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ See attached _____ _____ _____ See attached
   (unsecured)  (secured)  (priority)  (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $ See attached
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
| 7/27/06 | Paul Kerns, Chief Financial Officer  P.E. Kerns |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.




### Attachment to Lightsource Parent Corporation's and Guide Corporation's Proof of Claim

This attachment details the claims of Lightsource Parent Corporation and/or Guide Corporation against Delphi Corporation, formerly known as Delphi Automotive Systems Corporation ("Delphi"), the debtor in Case No. 05-44481.

### GM's Transfer Of Its Vehicle Lighting Business To Lightsource

Effective as of September 29, 1998, General Motors Corporation, a Delaware corporation ("GM"), and PEP Guide, LLC, a Delaware limited liability company, entered into that certain *Lightsource Formation Agreement* ("LFA") containing the terms and conditions pursuant to which the parties contributed certain assets and agreed to form the entity known as Lightsource Parent Corporation ("Lightsource"). In accordance with the LFA's terms, GM transferred to Lightsource those assets described in Section 2.1.1 of the LFA, which assets comprised GM's vehicle lighting business.

### Lightsource's OPEB Obligations And GM's Pro Rata Reimbursement Liability

Pursuant to Section 6.7.1D of the LFA, Lightsource agreed to provide certain of its employees[1] with GM-comparable post-employment – retiree – health care and life insurance benefits ("other post-employment benefits" and referred to herein as the "OPEB Obligations"). Pursuant to Section 6.7.1E of the LFA, GM agreed to reimburse Lightsource annually for a portion of the cost of the OPEB Obligations (the "Reimbursement Liability"). Generally speaking, Section 6.7.1E of the LFA sets forth the basis for the computation of GM's Reimbursement Liability for each covered Guide Corporation ("Guide") retired employee on a pro rata basis measured by the period of that individual's employment with GM as compared to his or her combined period of employment with GM and Lightsource and/or Guide.

### GM's Assignment Of the Reimbursement Liability To Delphi

Section 14.3 of the LFA permits GM to unilaterally assign the Reimbursement Liability for the OPEB Obligations to "Delphi Automotive"[2] as part of any GM spin-off of Delphi Automotive, provided that Delphi Automotive agrees in writing to the assignment of liability.[3] The LFA does not require Lightsource's written consent to GM's transfer to Delphi Automotive.

---

[1] These employees are individuals who, pursuant to the LFA, were transferred from GM employment to employment with Lightsource, or its affiliates, *i.e.*, Guide Corporation, excluding those employees (i) who were eligible to retire from GM on the closing date of the LFA on a normal or early retirement basis with post-retirement health care and life insurance benefits, or (ii) who took retirement on a normal, early, voluntary, or disability basis under GM's hourly or salaried pension plans prior to October 1, 1999 with eligibility for employer contributions for post-retirement health care and life insurance benefits; or (iii) who were hourly "returned" (to GM) employees eligible for post-retirement health care and life insurance benefits. LFA at Section 6.1A, Section 6.7.1C, and Section 6.7.1D.

[2] "Delphi Automotive" was a unit of GM at the time the LFA was entered into by GM and PEP Guide, LLC.

[3] Specifically, Section 14.3 of the LFA provides in pertinent part: "In addition, after the Closing, GM may assign, without the prior written consent of Newco [Lightsource], this Agreement and any or all of its rights,

On or about December 22, 1998, GM and Delphi, Delphi Automotive Systems LLC, Delphi Technologies, Inc. and Delphi Automotive Systems (Holdings), Inc. entered into that certain *Master Separation Agreement* ("MSA"), pursuant to which GM spun-off Delphi and its related business units from GM. As part of the spin-off, through their mutual execution of the MSA, GM assigned the Reimbursement Liability for the OPEB Obligations to Delphi, and Delphi agreed in writing to this assignment.[4] Since the assignment, Delphi has incurred Reimbursement Liability that is currently due and owing. In addition, in the future, additional Reimbursement Liability on the OPEB Obligations will accrue for which Delphi is contractually obligated to pay under the MSA.

### Lightsource's Assignment Of Its OPEB Obligations To Guide

Section 14.3 of the LFA permits Lightsource to unilaterally assign any of its rights or interests under the LFA to a corporation controlled by Lightsource, such as a wholly-owned subsidiary corporation. The LFA does not require this sort of assignment to be in writing, nor does it require GM or the assignee to consent to such an assignment. Upon information and belief, subsequent to GM's spin-off of its vehicle lighting business to it under the LMA, Lightsource created Guide as a wholly-owned subsidiary corporation. Upon information and belief, along with other assets and liabilities, Lightsource assigned to Guide the OPEB Obligations and the right to collect the Reimbursement Liability.

### The Amount Of Delphi's Liability For The Reimbursement Liability

As of the filing of this Proof of Claim, Delphi owes Lightsource and/or Guide approximately $1,018,302 in Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its covered retired salaried employees for the period January 1, 2003 through June 30, 2006. Delphi is also liable to Lightsource and/or Guide for future, as yet unliquidated, Reimbursement Liability for Delphi's share of the OPEB Obligations to be incurred by Guide with respect to its covered active and retired salaried employees for periods after June 30, 2006. The estimated present value of this unliquidated Reimbursement Liability is approximately $28,215,799. Further, Delphi is liable to Lightsource and/or Guide for any unpaid Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its covered retired salaried employees for periods prior to January 1, 2003; at this time, no total of this liability is available.

As of the filing of this Proof of Claim, Delphi owes Lightsource and/or Guide for any unpaid Reimbursement Liability for Delphi's share of the OPEB Obligations incurred by Guide with respect to its covered retired hourly employees for periods prior to the date of this Proof of Claim; at this time, no total of this liability is available. Likewise, as of the filing of this Proof of

---

interests and obligations hereunder to a corporation or other business entity to which all or substantially all of the assets of Delphi Automotive is sold or otherwise transferred; provided such transferee agrees in writing to be bound by Section 11.8 herein." Section 1 of the LFA defines "Delphi Automotive" as "the Delphi Automotive Systems Group, currently a business unit of GM, regardless of whether GM continues to own the unit or a separate entity if such unit becomes a separate entity in the future."

[4] Upon information and belief, by executing the MSA, Delphi also agreed to be bound by the non-compete provisions of Section 11.8 of the LFA – a condition required under Section 14.3 of the LFA for GM's exercise of its unilateral right to assign to Delphi its Reimbursement Liability for the OPEB Obligations.

2

Claim, Delphi owes Lightsource and/or Guide for future, as yet unliquidated, Reimbursement Liability for Delphi's share of the OPEB obligations to be incurred by Guide with respect to its covered active and retired hourly employees for periods after the filing of this Proof of claim; at this time, no present value estimate of this liability is available.

## Other Matters

Nothing herein shall submit Lightsource or Guide to the jurisdiction of any other Federal or State court, or administrative or regulatory authority of this Court except in connection with the matters solely related to this Proof of Claim. Each of Lightsource and Guide reserves all of their respective rights at law, in equity, or otherwise. Lightsource and Guide each reserve the right to amend and supplement their respective proof of claim. The documents supporting Lightsource's and Guide's proof of claim are too voluminous to attach, but are available as required subject to the confidentiality provisions of the Bar Date Order.

DETROIT.2262373.4