# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

In re:

**Delphi Technologies Inc.**

---------------------------------------------------------X

In Proceedings For A
Reorganization Under
Chapter 11
Case No.: 05-44554
Claim No.: 14087

## AMENDED NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e)(2)

To: (Transferor)    **3D Systems, Inc.**
**1055 Tierra Del Rey**
**Chula Vista, CA  91910**

The transfer of your claim as shown above, in the amount of **$109,872.00** has been transferred (unless previously expunged by court order) to:

**Bank of America, N.A.**
**NY1-301-02-01**
**9 W. 57th Street**
**New York, New York 10019**
**Attention: Dave Halesworth**

No action is required if you do not object to the transfer of your claim.  However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN **20 DAYS** OF THE DATE OF THIS NOTICE, YOU MUST:

--FILE A **WRITTEN** OBJECTION TO THE TRANSFER with:

UNITED STATES BANKRUPTCY COURT
One Bowling Green
New York, N.Y.  10004-1408

--SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.
Refer to INTERNAL CONTROL No. _____ in your objection.
If you file an objection, a hearing will be scheduled.
IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

                                                                                        CLERK OF THE COURT

---

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO. _____
Claims Agent Noticed: (Name of Outside Agent) _____
Copy to Transferee: _____

                                                                                        Deputy Clerk

## FORM OF EVIDENCE OF TRANSFER OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

Assignor: 3D Systems, Inc.

Assignee: Bank of America, N.A.

   For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of $109,872.00 against, Delphi Technologies Inc. ("Debtor") in the bankruptcy Case no. 05-44554, in the Southern District of New York Court (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

   Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

   IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 14th day of September 2007.

| ASSIGNEE: BANK OF AMERICA, N.A.<br>By: *[signature]*<br>Name: Warren F. Holland<br>Title: Principal | |



Legal Department

September 13, 2007

Jonathan D. Carameros
Kurtzman Carson Consultants
2335 Alaska Avenue
El Segundo, CA  90245

      Re:    Delphi Corporation Notice of Transfer Case #05-44481

Dear Jonathan:

      Pursuant to your request, enclosed is an amended notice of transfer, clarifying the claim transferred from 3D Systems Inc. to Bank of America, N.A. on September 14, 2006. Note that our provision of this amended notice to you in no way constitutes a waiver of: (i) our rights to have received prior written notice of the Debtor's Nineteenth Omnibus Objection (the "Omnibus Objection") or any other objection in connection with the claim or (ii) any rights or remedies available to us in connection with the failure of notice of the Omnibus Objection to be provided to us. Further, our provision of this amended notice in no way constitutes acceptance on our part of the reduction to the claim in the absence of our being given notice and an opportunity to be heard.

      We look forward to being able to resolve this matter amicably.

                                     Regards.

                                       Jennifer Tallmadge

JT/sdh
Enclosure

      cc:    Skadden, Arps, Slate, Meagher & Flom LLP
                  John William Butler, Jr., Esq.
                  John K. Lyons, Esq.
                  Ron E. Meisler, Esq.
                  Sarah Platt, Esq.