Hearing Date: September 27, 2007 at 10:00 a.m.
Response Date and Time: September 20, 2007 at 4:00 p.m.

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:   (212) 506-1700
Facsimile:    (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            )
In re:                                                      )    Chapter 11
                                                            )
DELPHI CORPORATION, et al.,                                 )    Case No. 05-44481 (RDD)
                                                            )
                    Debtors.                                )    (Jointly Administered)
                                                            )
------------------------------------------------------------x

## RESPONSE OF CONTRARIAN FUNDS, LLC TO
## DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims (B) Insufficiently Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claim, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subjection to Modification* (the "Twentieth Omnibus Objection").  In support of this Response, Contrarian respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  On August 24, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Twentieth Omnibus Objection.

2.  In the Twentieth Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Twentieth Omnibus Objection ¶ 40).

3.  With respect to proof of claim number 12686 ("PoC 12686") and proof of claim number 16479 ("PoC 16479"), Contrarian consents to the proposed modifications, *provided however*, that these claim are allowed, in full, as proposed by the Debtors.[1]

4.  With respect to proof of claim number 7374 ("PoC 7374") and proof of claim number 9950 ("PoC 9950" and together with PoC 7374, the "Disputed Modified Claims"), the Debtors set forth no evidence to contradict the validity, amount, or classification of these proofs of claim and, thus, Contrarian opposes any modifications and requests that the Court allow these claims, in full, as they are asserted.

5.  With respect to PoC 12686, PoC 16479, and the Disputed Modified Claims, Contrarian requests an Order allowing and directing payment of these claims in full, rather than modifying them subject to further disallowance.

**ARGUMENT**

6.  Contrarian hereby timely submits this Response to the Twentieth Omnibus Objection and requests that the Court overrule the Twentieth Omnibus Objection as set forth herein.

---

[1]    Contrarian expressly reserves any and all rights it may have, and nothing in this Objection should be deemed to impact Contrarian's rights, to assert that any of its claims are entitled to administrative priority pursuant to the procedures proposed by the Debtors in their *Motion Under 11 U.S.C. § 105(a) and 546 and Fed. R. Bankr. P. 9019 For Order Amending and Restating Amended Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures For the Treatment of Reclamation Claims* (Docket No. 9295), or otherwise.

### A. THE TWENTIETH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".

#### 1. THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".

7. In the Twentieth Omnibus Objection, the Debtors ask the Court to modify PoC 12686, PoC 16479, and the Disputed Modified Claims. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce and/or reclassify the claims and to reserve the Debtors' ability later to seek disallowance. This request must be denied because there is no statutory or other authority justifying such relief. Indeed, the Debtors have cited none in the Twentieth Omnibus Objection, or otherwise.

8. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

9. The Debtors have *not* refuted the allegations essential to the proposed modified claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to

3

modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

### 2.   POC 16479.

10.   In the Twentieth Omnibus Objection, the Debtors propose modifying PoC 16479, which was asserted as a $561,083.00 unsecured claim against Delphi Automotive Systems LLC ("DAS LLC"), into a $101,745.58 priority claim and a $459,337.42 unsecured claim against DAS LLC. Contrarian consents to such modification, *provided however,* that the Court enter an Order allowing PoC 16479 in the proposed modified amount (consisting of a $101,745.58 priority claim and a $459,337.42 unsecured claim against DAS LLC). If the Court does not so allow PoC 16479, Contrarian opposes any modification to this claim.

### 3.   POC 12686.

11.   In the Twentieth Omnibus Objection, the Debtors propose modifying PoC 12686, which was asserted as a $265,875.25 priority claim and a $2,200,498.29 unsecured claim against DAS LLC, by reducing the unsecured portion of the claim to $2,053,421.12 (leaving the priority claim unaltered). Contrarian consents to such modification, *provided however,* that the Court enter an Order allowing PoC 12686 in the proposed modified amount (consisting of a $265,875.25 priority claim and a $2,053,421.12 unsecured claim against DAS LLC). If the Court does not so allow PoC 12686, Contrarian opposes any modification to this claim.

### 4.   THE DISPUTED MODIFIED CLAIMS.

12.   In the Twentieth Omnibus Objection, the Debtors seek to reduce PoC 7374 from a $595,983.31 unsecured claim to a $530,803.34 unsecured claim (a $65,179.97 reduction) and to reduce PoC 9950 from a $131,873.52 unsecured claim to a $47,252.75 unsecured claim (a $84,620.77 reduction).

13. With respect to the Disputed Modified Claims, Contrarian opposes *any* modification to the claim amount, classification, or Debtor entity and requests that the Court allow Contrarian's claims in full as asserted (both as to amount and classification) and against the Debtor entity asserted.

14. The Debtors have shown no basis, whatsoever, for reduction or reclassification of the Disputed Modified Claims; nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objections (at which time Contrarian would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, the Disputed Modified Claims should be allowed as filed in full.

15. Contrarian reserves the right to amend or supplement this Response.

WHEREFORE Contrarian requests that the Court enter an Order (i) overruling the Twentieth Omnibus Objection to the extent set forth herein; (ii) allowing PoC 16479 as a $101,745.58 priority claim and a $459,337.42 unsecured claim against DAS LLC; (iii) allowing PoC 12686 as a $265,875.25 priority claim and a $2,053,421.12 unsecured claim against DAS LLC; (iv) allowing the Disputed Modified Claims, in full, in the amounts asserted in the relevant proofs of claim; and (v) granting Contrarian such other and further relief as is just proper.

Dated: September 20, 2007
       New York, New York

                                      KASOWITZ, BENSON, TORRES
                                          & FRIEDMAN LLP

                                        By:  /s/ Jeffrey R. Gleit
                                        David S. Rosner (DR-4214)
                                        Adam L. Shiff (AS-7571)
                                        Jeffrey R. Gleit (JG-8710)
                                        Daniel A. Fliman (DF-2236)
                                        1633 Broadway
                                        New York, NY 10019
                                        Telephone:    (212) 506-1700
                                        Facsimile:     (212) 506-1800

                                        *Counsel for Contrarian Funds, LLC*