Lawrence P. Gottesman (LG-7061)  
Michelle K. McMahon (MM-8130)  
BRYAN CAVE LLP  
1290 Avenue of the Americas  
New York, NY 10104  
Tel (212) 541-2000  
Fax (212) 541-4630  
lawrence.gottesman@bryancave.com  
michelle.mcmahon@bryancave.com  

Attorneys for United Telephone Company of Ohio

HEARING DATE: September 27, 2007  
(to be adjourned)  
HEARING TIME: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X  
In re:                                                         :  
                                                               :   Chapter 11  
DELPHI CORPORATION, et al.,                                    :  
                                                               :   Case No. 05-44481 (RDD)  
                              Debtors.                         :   Jointly Administered  
---------------------------------------------------------------X  

## RESPONSE OF UNITED TELEPHONE COMPANY OF OHIO TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS

TO THE HONORABLE ROBERT D. DRAIN,  
UNITED STATES BANKRUPTCY JUDGE:

United Telephone Company of Ohio ("United"), for its response to the Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification dated August 24, 2007 (the "Objection"), respectfully shows the Court as follows:

## Background

1. United is an affiliate of Embarq Corporation and does business under the name "Embarq." During the period of time relevant to the Proof of Claim, however, United was an affiliate of Sprint Corporation and did business under the name "Sprint."

2. United provided telecommunications services to the Debtors prior to October 8, 2005 (the "Petition Date").

3. United filed a timely proof of claim against Delphi Corporation on May 22, 2006, which was assigned claim no. 6407 (the "Proof of Claim").[1] The Proof of Claim asserts an unsecured non-priority claim in the amount of $289,254.87 (the "Claim"). Attached to the Proof of Claim is an account summary that indicates the eleven account numbers pursuant to which United provided services to the Debtors and the balance of each account as of the Petition Date.

4. In the Objection, the Debtors argue that the Claim is a "Claim Subject To Modification" because (a) it should have been filed against Delphi Automotive Systems LLC in case no. 05-44640, and (b) it is overstated and should be reduced to $119,526.48.

## Wrong Debtor

5. United does not oppose the reclassification of the Claim as a general unsecured claim against Delphi Automotive Systems LLC.

## Amount of Claim

6. To the extent that the Objection seeks to reduce the amount of the Claim, it should be overruled, for the following reasons.

7. First, the Debtors have failed to overcome the prima facie validity of the Claim. Pursuant to the Federal Rules of Bankruptcy Procedure, the Proof of Claim is "prima facie

---

[1] Two other proofs of claim filed by United have been disallowed as duplicates.

evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). A party objecting to a claim "must provide 'substantial evidence' to rebut the prima facie presumption of validity of a proof of claim." In re Enron Creditors' Recovery Corp., No. 01-16034, 2007 WL 2480531, at *3 (Bankr. S.D.N.Y. Aug. 28, 2007) (quoting In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir.), cert. denied, 510 U.S. 914 (1993)). See also, e.g., In re Brown, 82 F.3d 801, 805 (8th Cir. 1996) (also applying "substantial evidence" standard); In re Fullmer, 962 F.2d 1463, 1466 (10th Cir. 1992) ("To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.");[2] In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) ("[T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."); In re Holm, 931 F.2d 620, 623 (9th Cir. 1991) (rejecting "mere formal objection" unsupported by evidence).

8. The Debtors acknowledge their burden to present evidence to overcome the prima facie validity of the Claim, but they make little effort to meet that burden. (Objection at 20.) Instead, they merely assert that "the Debtors' books and records refute that the claims asserted in each Claim Subject to Modification are actually owed by any of the Debtors." (Id.) This unsworn statement is not accompanied by anything that could qualify as admissible evidence. Accordingly, the Objection should be overruled because of the Debtors' failure to meet their burden of going forward with evidence.

9. The Objection is unfounded on the merits as well. Because the Debtors have failed to identify any particular disagreement with the detail supporting the Proof of Claim, United is unable to respond specifically to any purported discrepancies in the parties' books and

---

[2] Brown and Fullmer were overruled on other grounds by Raleigh v. Illinois Department of Revenue, 530 U.S. 15 (2000).

3

records. Nevertheless, United has attached hereto as <u>Exhibit A</u> the declaration of Sharon K. Appel, which demonstrates that the figures in the Proof of Claim represent valid debts owed to United by the Debtors for telecommunications services.

## Conclusion

10.    For the foregoing reasons, the Objection should be overruled to the extent that it seeks a reduction in the amount of the Proof of Claim, and United should be allowed a general unsecured claim in the amount of $289,254.87 against Debtor Delphi Automotive Systems LLC.

Dated: New York, New York
       September 20, 2007

Respectfully submitted,

BRYAN CAVE LLP

By: _____
    Lawrence P. Gottesman (LG-7061)
    Michelle K. McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Tel (212) 541-2000
Fax (212) 541-4630
lawrence.gottesman@bryancave.com
michelle.mcmahon@bryancave.com

Attorneys for United Telephone Company of Ohio