Hearing Date and Time: September 27, 2007, at 10:00 a.m.
Response Date and Time: September 20, 2007, at 4:00 p.m.

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, NY 10281
Tel:  (212) 912-7400
Jonathan D. Forstot (JF/5807)
Louis A. Curcio (LC/0242)

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel:  (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for TT electronics, Plc. and
   TT Electronics OPTEK Technology*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE AND OBJECTION OF TT ELECTRONICS OPTEK TECHNOLOGY
CORPORATION TO DEBTORS' TWENTIETH OMNIBUS CLAIMS
<u>OBJECTION REGARDING CLAIM NO. 9037</u>**

TT Electronics OPTEK Technology ("OPTEK"), through its undersigned counsel, hereby submits this Response and Objection to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim [sic], And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation, Consensually Modified

and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification [Docket No. 9151] (the "Twentieth Omnibus Claims Objection") filed by the above-captioned debtors and debtors in possession (the "Debtors"), as it relates to Claim No. 9037. OPTEK submits this Response and Objection pursuant to the Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims [Docket No. 6089]. In support thereof, OPTEK respectfully represents as follows:

## BACKGROUND

1. On October 8 and 14, 2005, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On or about October 13, 2005, OPTEK made a reclamation demand on the Debtors. Thereafter, OPTEK consented to the Debtors' determination, subject to certain reserved defenses, that it would have a Reconciled Reclamation Amount (as defined in the Amended Final Order Pursuant To 11 U.S.C. §§ 362, 503 And 546 And Fed. R. Bankr. Pro. 9019 Establishing Procedures For Treatment Of Reclamation Claims entered by the Court on November 4, 2005 [Docket No. 881] (the "Amended Final Reclamation Order")) in the amount of $21,833.87.

3. OPTEK and the Debtors are parties to two sole source supplier agreements assumed by the Debtors pursuant to the Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. Pro. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements entered by the Court on December 12, 2005 [Docket No. 1494] (the "Supplier Agreement Assumption Procedures Order"), and they have entered into an Assumption

C-1052400v2 11090.01019                                    2

Agreement (as defined in the Supplier Agreement Assumption Procedures Order) with respect to each sole source supplier agreement.

4. Under one Assumption Agreement (the "First Assumption Agreement"), the Debtors are required to pay OPTEK the total sum of $343,391.28 by making six quarterly payments of $57,231.88. Under the second Assumption Agreement (the "Second Assumption Agreement"), the Debtors are required to pay OPTEK the total sum of $249,969.96 by making six quarterly payments of $41,661.66. The First Assumption Agreement and the Second Assumption Agreement may be referred to, collectively, as the "Assumption Agreements."

5. On or about May 12, 2006, the Debtors made their first payment to OPTEK pursuant to the First Assumption Agreement in the amount of $57,231.88.

6. On June 22, 2006, OPTEK filed a proof of claim against Delphi Automotive Systems, LLC, one of the Debtors, which claim was designated by the Debtors as Claim No. 9037 (the "Claim"). A copy of the Claim is attached hereto as Exhibit A.

7. As more particularly set forth in the Claim attached as Exhibit A, OPTEK asserted a claim against Delphi Automotive Systems, LLC for product manufactured for and delivered to the Debtors and for related charges in the total amount of $1,676,212.31, which balance was comprised of (a) a general unsecured claim in the amount of $1,654,378.44 (the "Unsecured Claim") and (b) a claim having administrative expense priority status under §§ 503 and 507(a)(2) of the Bankruptcy Code in the amount of $21,833.87 representing the Reconciled Reclamation Amount as that term is defined in the Amended Final Reclamation Order (the "Priority Claim").

8. In calculating the Unsecured Claim, OPTEK took into account the Debtors' first installment payment of $57,231.88 made pursuant to the First Assumption Agreement, such that the Unsecured Claim did not include any invoices that the Debtors had paid with such funds.

9. On or about December 18, 2006, OPTEK transferred to TPG Credit Opportunities Fund L.P. and TPG Credit Opportunities Investors L.P. (collectively, "TPG") the right to purchase a portion of its Unsecured Claim in the amount of $920,461.40 (the "TPG Contingent Unsecured Claim"), but OTPEK retained $733,917.04 of its Unsecured Claim (the "Retained Unsecured Claim") relating to the Assumption Agreement and the Priority Claim in its entirety.

## THE TWENTIETH OMNIBUS CLAIMS OBJECTION

10. On or about August 24, 2007, the Debtors filed the Twentieth Omnibus Claims Objection in which they sought to modify the Claim, as set forth on Page 7 of <u>Exhibit G</u> attached to the Twentieth Omnibus Claims Objection, by reducing the Priority Claim from $21,833.87 to $5,458.47, by reducing the Retained Unsecured Claim from $733,917.04 to $152,487.03, and by eliminating the TPG Contingent Unsecured Claim.

11. According to Paragraph 46 of the Twentieth Omnibus Claims Objection, the Debtors' objection is based, very generally, on one of the following grounds: (a) such claim amount is incorrect or overstated; (b) such claim was filed against the wrong Debtor; (c) such claim incorrectly asserts either secured or priority status; and/or (d) the Debtors and OPTEK have agreed to the amount of such claim by virtue of a Reclamation Agreement (as defined in Paragraph 46 of the Twentieth Omnibus Claims Objection). The Debtors, however, have failed in the Twentieth Omnibus Claims Objection to specifically detail the basis for any reduction in the amount of the Priority Claim or the Retained Unsecured Claim or the elimination of the TPG Contingent Unsecured Claim.

12. Because the Twentieth Omnibus Claims Objection fails to state with any particularity the bases for reducing the amount of the Priority Claim or the Retained Unsecured Claim or for eliminating the TPG Contingent Unsecured Claim or to provide any factual or legal justification supporting such proposed reduction and elimination, the Debtors' objection should be denied except to the limited extent acknowledged by OPTEK as set forth in Paragraphs 14 and 15 below.  Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. Pro. 3001(f).  The Debtors, as the objecting party, have the burden of overcoming the prima facie presumption, *see Carey v. Ernst*, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and the Debtors have failed to carry their burden because of the lack of particularity in the Twentieth Omnibus Claims Objection.

13. Without waiving the foregoing, the Debtors' lack of specificity in the Twentieth Omnibus Claims Objection makes it difficult, if not impossible, for OPTEK to respond with any particularity to the Twentieth Omnibus Claims Objection.  Accordingly, OPTEK reserves its right to amend or supplement this Response and Objection when the Debtors provide OPTEK with more specific information supporting the Twentieth Omnibus Claims Objection as it relates to the Claim.

### The TPG Contingent Unsecured Claim

14. OPTEK believes, based on information received from the Debtors, that the Debtors seek to eliminate the TPG Contingent Unsecured Claim on the basis that (a) all of the invoices comprising the TPG Contingent Unsecured Claim related to their post-petition receipt of product from OPTEK, (b) in light of such post-petition receipt, they treated all of those invoices as post-petition obligations, and (c) they paid all of those invoices as post-petition

administrative expense claims. OPTEK does not object to the proposed elimination of the TPG Contingent Unsecured Claim, assuming the elimination is on the basis described in this paragraph.

### The Retained Unsecured Claim and Priority Claim

15.     Since the filing of the Claim and as of the filing of this Response and Objection, the Debtors have made payments to OPTEK totaling $228,927.52 pursuant to the First Assumption Agreement and totaling $166,646.64 pursuant to the Second Assumption Agreement.[1] Of the $395,574.16 in payments received under the Assumption Agreements, the sum of $10,922.39 was applied to the Priority Claim, and the sum of $384,651.77 was applied to the Retained Unsecured Claim. Thus, OPTEK acknowledges that subject to the reservation of rights set forth in Paragraph 17 below, the Priority Claim should be reduced by $10,922.39 and the Retained Unsecured Claim should be reduced by the sum of $384,651.77 for the payments actually received by OPTEK under the Assumption Agreements.

16.     The Debtors continue to be obligated to OPTEK under the First Assumption Agreement for one more quarterly payment of $57,231.88 and under the Second Assumption Agreement for two more quarterly payments totaling $83,323.32. Of the remaining $140,555.20 due under the Assumption Agreements, the sum of $5,453.01 is expected to be applied to the Priority Claim, and the sum of $135,102.19 is expected to be applied to the Retained Unsecured Claim. OPTEK believes, based on information received from the Debtors, that they seek to reduce the Priority Claim and the Retained Unsecured Claim by the payments still due OPTEK described in this paragraph above. OPTEK acknowledges that, if the Debtors make the payments described in this paragraph totaling $140,555.20 and subject to the reservation of

---

[1] OPTEK acknowledges that the Debtors made one additional payment of $57,231.88 under the First Assumption Agreement, but that payment was received from the Debtors before OPTEK filed the Claim and was credited to the balance due OPTEK before the Claim was filed. *See* Paragraph 18 below.

rights set forth in Paragraph 17 below, the Debtors would then be entitled to a further reduction of the Priority Claim and the Retained Unsecured Claim as described in this paragraph. Until such payments are made, however, the Debtors should not be entitled to a reduction in the amount of $140,555.20 unless the Court otherwise protects OPTEK's right to receive such payments in accordance with the Supplier Agreement Assumption Procedures Order and the Assumption Agreements. OPTEK's concern is particularly real and heightened in light of the provision in Paragraph 8(e) of the Supplier Agreement Assumption Procedures Order that the payments under the Assumption Agreements shall not constitute administrative expenses pursuant to Bankruptcy Code § 503.

17. While OPTEK has every intention of fully complying with its obligations under the Assumption Agreements, the Supplier Agreement Assumption Procedures Order contains provisions that entitle the Debtors to suspend future payments under the Assumption Agreements and, in more limited circumstances, to seek to avoid and recover payments made to OPTEK under the Assumption Agreements. This Court should not permit the Debtors to reduce the Priority Claim or the Retained Unsecured Claim either for payments already made or for payments to be made to OPTEK under the Assumption Agreements, unless it conditions such reduction on the right of OPTEK to amend the Priority Claim and the Retained Unsecured Claim to increase the amount of the Priority Claim or the Retained Unsecured Claim, as may be applicable, in the event that OPTEK does not receive the full, indefeasible payments due it under the Assumption Agreements.

18. OPTEK believes, based on information received from the Debtors, that the Debtors seek to reduce the Retained Unsecured Claim by the amount of $57,231.88 for the amount paid by the Debtors pursuant to the First Assumption Agreement, as described in

Paragraph 8 above. However, the balance due OPTEK was credited with the amount of that first installment payment under the First Assumption Agreement before OPTEK calculated the amount of its Unsecured Claim and filed the Claim. If the Debtors' objection to the Claim is allowed with respect to this amount, the Debtors would improperly receive credit twice for having made just one payment.

19.    The Debtors appear to have objected to the Retained Unsecured Claim in the amount of $2,975.21, but have not provided any supporting documents or reconciliation with respect to that portion of the Twentieth Omnibus Claims Objection, so OPTEK reserves all of its rights with respect to that portion of the Twentieth Omnibus Claims Objection.

## CONCLUSION

20.    For the foregoing reasons, OPTEK requests that the Court overrule the Twentieth Omnibus Claims Objection as it relates to the Claim and deny the Debtors the relief requested therein to the extent that they seek to reduce the Retained Unsecured Claim by more than $384,651.77 and to reduce the Priority Claim by more than $10,922.39, subject to the reservation of rights set forth herein. Alternatively, OPTEK requests that the Court adjourn the hearing on the Twentieth Omnibus Claims Objection as it relates to the Claim until the Debtors have substantiated the basis for their objection to the Claim and OPTEK has had a reasonable opportunity to review such documentation and, if necessary or appropriate, file a more detailed Response.

WHEREFORE, based on the foregoing reasons, OPTEK respectfully responds and objects to the Twentieth Omnibus Claims Objection and (A) requests that the Court deny the Debtors the requested relief to the extent that they seek to reduce the Retained Unsecured Claim by more than $384,651.77 and to reduce the Priority Claim by more than $10,922.39, subject to

the reservation of rights set forth herein or (B) alternatively, requests that the Court adjourn the hearing on the Twentieth Omnibus Claims Objection under the terms more particularly described in Paragraph 20 above, and that the Court award OPTEK such other and further relief as is just and proper.

Dated:  New York, New York
September 20, 2007.

              THACHER PROFFITT & WOOD LLP

              By: /s/ Louis A Curcio
                  Jonathan D. Forstot (JF/5807)
                  Louis A. Curcio (LC/0242)

Two World Financial Center
New York, NY 10281
Tel:  (212) 912-7400

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel:  (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for TT electronics, Plc. and TT Electronics OPTEK Technology*