Hearing Date and Time: September 27, 2007, at 10:00 a.m.
Response Date and Time: September 20, 2007, at 4:00 p.m.

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, NY 10281
Tel: (212) 912-7400
Jonathan D. Forstot (JF/5807)
Louis A. Curcio (LC/0242)

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for TT electronics, Plc. and
   AB Automotive Electronics Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE AND OBJECTION OF AB AUTOMOTIVE ELECTRONICS
LTD. TO DEBTORS' TWENTIETH OMNIBUS CLAIMS
<u>OBJECTION REGARDING CLAIM NO. 9120</u>**

AB Automotive Electronics Ltd. ("AB Automotive"), through its undersigned counsel, hereby submits this Response and Objection to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim [sic], And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation, Consensually

Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification [Docket No. 9151] (the "Twentieth Omnibus Claims Objection") filed by the above-captioned debtors and debtors in possession (the "Debtors"), as it relates to Claim No. 9120.  AB Automotive submits this Response and Objection pursuant to the Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims [Docket No. 6089].  In support thereof, AB Automotive respectfully represents as follows:

## BACKGROUND

1. On October 8 and 14, 2005, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On or about October 13, 2005, AB Automotive made a reclamation demand on the Debtors.  Thereafter, AB Automotive consented to the Debtors' determination, subject to certain reserved defenses, that it would have a Reconciled Reclamation Amount (as defined in the Amended Final Order Pursuant To 11 U.S.C. §§ 362, 503 And 546 And Fed. R. Bankr. Pro. 9019 Establishing Procedures For Treatment Of Reclamation Claims entered by the Court on November 4, 2005 [Docket No. 881] (the "Amended Final Reclamation Order")) in the amount of $120,000.00.

3. On July 7, 2006, AB Automotive filed a proof of claim against Delphi Automotive Systems, LLC, one of the Debtors, which claim was designated by the Debtors as Claim No. 9120 (the "Claim").  A copy of the Claim is attached hereto as <u>Exhibit A</u>.

4. As more particularly set forth in the Claim attached as <u>Exhibit A</u>, AB Automotive asserted a claim against Delphi Automotive Systems, LLC for product manufactured for and

delivered to the Debtors and for related charges in the total amount of $160,270.22, which balance was comprised of (a) a general unsecured claim in the amount of $40,270.22 (the "Unsecured Claim") and (b) a claim having administrative expense priority status under §§ 503 and 507(a)(2) of the Bankruptcy Code in the amount of $120,000.00 representing the Reconciled Reclamation Amount as that term is defined in the Amended Final Reclamation Order (the "Priority Claim").

5.    On or about December 18, 2006, AB Automotive transferred to TPG Credit Opportunities Fund L.P. and TPG Credit Opportunities Investors L.P. (collectively, "TPG") a portion of its general unsecured claim in the amount of $40,270.00 (the "Transferred Unsecured Claim"), but AB Automotive retained $.22 of its Unsecured Claim and the Priority Claim in its entirety.

6.    On or about September 17, 2007, TPG exercised its right to re-transfer that portion of the Transferred Unsecured Claim back to AB Automotive that the Debtors object to in their Twentieth Omnibus Claims Objection. Thus, AB Automotive now owns a general unsecured claim in the amount of $22,287.88, which is hereinafter referred to as the Retained Unsecured Claim.

## THE TWENTIETH OMNIBUS CLAIMS OBJECTION

7.    On or about August 24, 2007, the Debtors filed the Twentieth Omnibus Claims Objection in which they sought to modify the Claim, as set forth on Page 1 of <u>Exhibit G</u> attached to the Twentieth Omnibus Claims Objection, by eliminating the Retained Unsecured Claim in its entirety.

8.    According to Paragraph 46 of the Twentieth Omnibus Claims Objection, the Debtors' objection is based, very generally, on one of the following grounds: (a) such claim

amount is incorrect or overstated; (b) such claim was filed against the wrong Debtor; (c) such claim incorrectly asserts either secured or priority status; and/or (d) the Debtors and AB Automotive have agreed to the amount of such claim by virtue of a Reclamation Agreement (as defined in Paragraph 46 of the Twentieth Omnibus Claims Objection). The Debtors, however, have failed in the Twentieth Omnibus Claims Objection to specifically detail the basis for any elimination of the Retained Unsecured Claim.

9. Because the Twentieth Omnibus Claims Objection fails to state with any particularity the bases for eliminating the Retained Unsecured Claim or to provide any factual or legal justification supporting such proposed elimination, the Debtors' objection should be denied. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. Pro. 3001(f). The Debtors, as the objecting party, have the burden of overcoming the prima facie presumption, *see Carey v. Ernst*, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and the Debtors have failed to carry their burden because of the lack of particularity in the Twentieth Omnibus Claims Objection.

10. Without waiving the foregoing, the Debtors' lack of specificity in the Twentieth Omnibus Claims Objection makes it difficult, if not impossible, for AB Automotive to respond with any particularity to the Twentieth Omnibus Claims Objection. Accordingly, AB Automotive reserves its right to amend or supplement this Response and Objection when the Debtors provide AB Automotive with more specific information supporting the Twentieth Omnibus Claims Objection as it relates to the Claim.

**The Retained Unsecured Claim and the TPG Unsecured Claim**

11.     AB Automotive believes, based on information received from the Debtors, that the Debtors seek to eliminate the Retained Unsecured Claim in the amount of $22,287.88 on the very general grounds that (a) AB Automotive did not have a valid purchase order with respect to goods reflected on nine invoices totaling $15,635.26, (b) the Debtors have made payments on three invoices totaling $4,850.00, and (c) the price reflected on one invoice in the amount of $1,802.62 is not supported by the Debtors' purchase order.  Exhibit B attached hereto provides detailed information with respect to the invoices referenced in this paragraph.

12.     With regard to the nine invoices totaling $15,635.26 referenced in Paragraph 11(a) above, AB Automotive did not prepare or ship to the Debtors any product, or samples of any product, without a specific request from one of the Debtors' buyers, who occasionally failed to issue a formal purchase order.  The Debtors should not be entitled to a reduction in the Retained Unsecured Claim, when they received product from AB Automotive solely because they failed to provide AB Automotive with a formal purchase order, or provided AB Automotive with a purchase order reference number that they now contend is unacceptable.

13.     With regard to the three invoices totaling $4,850.00 referenced in Paragraph 11(b) above, AB Automotive acknowledges that the Debtors made payments with respect to these invoices, but the payments were on account of only a portion of the then-outstanding invoice amount.  The partial payments made by the Debtors do not relate in any way to the balance due on the original invoice, and the amount reflected on the Claim with respect to each of these three invoices is the balance outstanding on each of those invoices, i.e., the amount of the invoice that the Debtors have previously failed to pay.  Accordingly, the Debtors' objection to this portion of the Retained Unsecured Claim should be overruled.

14. With regard to the one invoice totaling $1,802.62 referenced in Paragraph 11(c) above, AB Automotive is informed that it is not the invoice pricing that is incorrect, but the Debtors' purchase order pricing that is incorrect and needs to be amended. Because the error with respect to this invoice is the Debtors', the Debtors' objection to this portion of the Retained Unsecured Claim should be overruled.

## CONCLUSION

15. For the foregoing reasons, AB Automotive requests that the Court overrule the Twentieth Omnibus Claims Objection as it relates to the Claim and deny the Debtors the relief requested therein to the extent that they seek to eliminate the Retained Unsecured Claim. Alternatively, AB Automotive requests that the Court adjourn the hearing on the Twentieth Omnibus Claims Objection as it relates to the Claim until the Debtors have substantiated the basis for their objection to the Claim and AB Automotive has had a reasonable opportunity to review such documentation and, if necessary or appropriate, file a more detailed Response.

WHEREFORE, based on the foregoing reasons, AB Automotive respectfully responds and objects to the Twentieth Omnibus Claims Objection and requests that the Court afford AB Automotive the relief described in Paragraph 15 above and such other and further relief as is just and proper.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

Dated: New York, New York
       September 20, 2007

                              THACHER PROFFITT & WOOD LLP

                              By:    /s/ Louis A. Curcio
                                     Jonathan D. Forstot (JF/5807)
                                     Louis A. Curcio (LC/0242)

                              Two World Financial Center
                              New York, NY 10281
                              Tel: (212) 912-7400

                              ROBINSON, BRADSHAW & HINSON, P.A.
                              101 North Tryon Street, Suite 1900
                              Charlotte, NC 28246
                              Tel: (704) 377-8346
                              David M. Schilli (NC Bar No. 17989)
                              *Admitted Pro Hac Vice*

                              *Attorneys for TT electronics, Plc. and AB Automotive Electronics Ltd.*