Hearing Date and Time: September 27, 2007 at 10:00 a.m.
Objection Deadline: September 20, 2007 at 4:00 p.m.

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:   (212) 506-1700
Facsimile:    (212) 506-1800

*Counsel for Longacre Master Fund, Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                           )
In re:                                   )        Chapter 11
                                           )
DELPHI CORPORATION, et al.,       )        Case No. 05-44481 (RDD)
                                           )
                  Debtors.       )        (Jointly Administered)
                                           )
-------------------------------------------------------------x

### OBJECTION AND COUNTERPROPOSAL OF LONGACRE MASTER FUND LTD. TO DEBTORS' PROPOSED ESTIMATION OF PROOF OF CLAIM NO. 16395 IN DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES

       Longacre Master Fund Ltd. ("Longacre") by its undersigned counsel hereby files this

objection and counterproposal to the estimation of proof of claim number 16395 ("POC 16395")

proposed by the debtors and debtors-in-possession in the above-captioned cases ("Debtors") in

their *Motion For Order Pursuant To 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating And Setting*

*Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited*

*Claims Estimation Procedures* (the "Estimation Motion"), respectfully showing as follows:

1.      On December 21, 2005, Park Enterprises of Rochester, Inc. ("Park") filed proof of claim number 1229 ("POC 1229") asserting a $585,708.55 general unsecured claim against Delphi Corporation ("Delphi Corp.").

2.      Delphi Automotive Systems, LLC's ("DAS") schedules, filed on April 18, 2006, reflected the obligation underlying POC 1229 as an undisputed, liquidated, non-contingent claim against DAS in the amount of $638,839.98.

3.      On May 16, 2006, following an update of the Debtors' accounting system, Park timely filed proof of claim number 5996 ("POC 5996"), amending POC 1229 and asserting a $594,393.96 general unsecured claim against Delphi Corp.

4.      On July 12, 2006, following a further update of the Debtors' accounting system, Park timely filed proof of claim number 9647 ("POC 9647"), amending POC 5996 and asserting a $618,507.09 general unsecured claim against Delphi Corp.

5.      On October 30, 2006, Park filed proof of claim number 16395 ("POC 16395"), amending POC 9647 to reflect that DAS is the proper Debtor, and increasing the claim amount to $655,686.82, due to an updated claim amount reflected in the Debtors' accounting system.

6.      On or about November 8, 2006, Park assigned all of its rights, title, and interests in and to certain claims, including POC 16395, to Longacre.  [Docket No. 5506].

7.      On February 15, 2007, the Debtors filed their *Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Omnibus Objection") [Docket No. 6968], wherein the Debtors sought disallowance of POC 16395 alleging it was untimely filed.

8.      On March 15, 2007, Longacre timely filed its response to the Omnibus Objection (the "Response") [Docket No. 7266] requesting that the Court overrule the Omnibus Objection on the grounds that POC 16395 was timely filed.  The Response is attached hereto as Exhibit "A".

9.      On March 30, 2007, the Court entered an Order (the "Adjournment Order") which, in pertinent part, adjourned certain claims addressed by the Omnibus Objection including POC 16395 [Docket No. 7507].  The Adjournment Order and relevant exhibit pages are attached hereto as Exhibit "B".

10.      Since entry of the Adjournment Order, the Debtors have made no attempt to resolve the dispute surrounding allowance of POC 16395.  Rather, after five months of inaction, the Debtors filed the Estimation Motion, which inexplicably attempts to "cap" POC 16395 at $0.00.  In other words, the Estimation Motion requests disallowance of POC 16395.  Thus, the Debtors -- through the Estimation Motion -- attempt to disguise their flawed Omnibus Objection through an estimation process.  They should not be permitted to do so.

11.      As set forth in POC 16395, Longacre holds a valid claim against DAS in the amount of $655,686.82.  Moreover, for all the reasons stated in the Response (which Longacre incorporates fully herein) POC 16395 was timely filed and should be allowed in full.  As such, the Court should deny the Debtors' request to cap POC 16395 at $0.00.

WHEREFORE for the foregoing reasons, Longacre respectfully requests that the Court enter an Order (i) denying the Estimation Motion as to POC 16395, (ii) allowing POC 16395, in full, in the amount of $655,686.82, and (iii) granting Longacre such other and further relief as is just proper.

Dated: September 20, 2007
   New York, New York

         KASOWITZ, BENSON, TORRES
          & FRIEDMAN LLP

         By: /s/  Jeffrey R. Gleit
         David S. Rosner (DR-4214)
         Adam L. Shiff (AS-7571)
         Jeffrey R. Gleit (JG-8710)
         Daniel A. Fliman (DF-2236)
         1633 Broadway
         New York, NY 10019
         Telephone:  (212) 506-1700
         Facsimile:  (212) 506-1800

         *Counsel for Longacre Master Fund, Ltd.*