**McCARTER & ENGLISH, LLP**
245 Park Avenue
27th Floor
New York, New York 10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
David J. Adler (DA- 0048)
dadler@mccarter.com
*Attorneys for Energy Conversion Systems*

Hearing Date: September 27, 2007 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**DELPHI CORPORATION, ET AL.,**<br><br>Debtors. | Chapter 11<br>Case No. 05-44481-RDD<br><br>Jointly Administered |

**RESPONSE OF ENERGY CONVERSION SYSTEMS TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS**

Energy Conversion Systems, ("ECS"), by and through its undersigned counsel, responds (the "Response") to the above-captioned debtors' (the "Debtors") Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (b) Insufficiently Documented Claims, (C) Claims not Reflected on Debtors' Books and Records, (d) Untimely Claims, and (E) Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims and Lift Stay Procedures Claims Subject to Modification (the "Objection"). In support of the Response, ECS states as follows:

ME1 6779356v.1

## PRELIMINARY STATEMENT

1. Prior to the Petition Date, ECS sold and delivered goods (the "Goods") on credit to the Debtors. The indebtedness owed by the Debtors for the Goods as of the Petition Date was $1,424,133.17 (the "Debt").

2. ECS timely filed proof of claim No. 14135 against the Debtors on July 31, 2006 (the "Claim") in the total amount of the Debt. Of this amount, $341,143.65 was filed as a claim entitled to priority of distribution on account of reclamation of Goods while $1,082,989.52 was designated as a general unsecured claim. A copy of the Claim, with copies of all purchase orders, delivery documents, invoices, statements and other documentation, is attached hereto as **Exhibit A**.

3. The Claim has since been designated in Exhibit E to the Objection as allegedly subject to modification. The Debtors seek to modify and reduce the Claim from the filed amount of $1,424,133.17 to an unsecured claim in the amount of $874,366.13 (the "Revised Amount").

## ARGUMENT

4. A proof of claim executed and filed in accordance with Bankruptcy Rule 3001(f) constitutes *prima facie* evidence of the validity and amount of the claim. *See* Fed.R.Bankr.P. 3001(f). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." *In re Hemingway Transport, Inc.*, 993 F.2d 915, 925 (1st Cir. 1993).

5. Bankruptcy Rule 3001(a) requires that the proof of claim be a written statement setting forth a creditor's claim, in a form substantially conforming to the appropriate Official

ME1 6779356v.1

Form. Bankruptcy Rule 3001(c) additionally requires that a claim based on a writing include a copy of the writing thereto.

6. The Claim substantially conforms to the Official Form, is signed by the representative of ECS, and sets forth the exact dollar amount owed as of the Petition Date. Invoices and other supporting documentation upon which the Claim is based are attached thereto.

7. Having satisfied the requirements of Bankruptcy Rule 3001, ECS has established *prima facie* evidence of the validity and amount of the Claim.

8. The basis for the Objection is that the Claim is subject to modification and should be allowed in the amount of $874,366.13. However, the Debtors have not provided substantial evidence to support the Objection as it pertains to the Claim or to substantiate the Revised Amount.

9. Specifically, the Debtors maintain that $151,370.41 of the invoiced amounts of the Debt were paid prior to the Petition Date (collectively, the "Wire Payments"). ECS, however, has provided the Debtors with remittance advice ("Remittance Advice") that demonstrates that the Wire Payments made by the Debtors did not correspond to the invoices substantiating the Claim. True and correct copies of the Remittance Advice are attached hereto as **Exhibit B**. ECS therefore objects to the Revised Amount and reduction of the Claim by $151,370.41 in connection with Wire Payments.

10. Furthermore, the Debtors object to the Claim in the amount of $31,474.18 on the basis of non-receipt of Goods shipped by ECS ("Non-Receipt"). However, ECS has furnished the Debtor with proofs of delivery of such Goods in the amount of $25,232.93 (the "Proofs of

ME1 6779356v.1

Delivery"). True and correct copies of the Proofs of Delivery are attached hereto as **Exhibit C**. ECS therefore objects to the Revised Amount and reduction of the Claim by $25,232.93 in connection with the Debtors' alleged Non-Receipt of Goods.

11. The Debtors additionally object to the Claim in the amount of $54,624.97 (the "Unsupported Debits") on the basis that invoices in such amount were mistakenly submitted by ECS for payment. However, even if Goods shipped by ECS to the Debtors in connection with Unsupported Debits were by mistake, the Debtors nevertheless accepted and have not returned such Goods to ECS. In response to ECS's requests for information concerning the Goods mistakenly shipped to the Debtors, the Debtors have responded that it is too difficult to furnish information to ECS at this time. On that basis, ECS objects to the Revised Amount and reduction of the Claim by $54,624.97 in connection with the alleged Unsupported Debits.

12. The Debtors dispute the prices of Goods set forth in certain of the invoices submitted by ECS in the amount of $301,242.67 (the "Price Difference"). However, rather than exclude the portion of the price that is disputed, the Revised Amount excludes the entire price of such Goods. In this respect, the Objection, as it pertains to Price Difference, is overstated by $252,125.74. On that basis, ECS objects to the Revised Amount and reduction of the Claim by $252,125.74 in connection with the alleged Price Difference.

13. Finally, the Debtors object to $3,351.56 of the invoices submitted by ECS for payment (the "Invoices Payable"), yet have since acknowledged that objection to the Invoices Payable is in error. Notwithstanding the Debtors' acknowledgment of such error, the Debtors have not revised the Objection, as it pertains to the Claim, or restated the Revised Amount in

connection with the Invoices Payable. On that basis, ECS objects to the Revised Amount and reduction of the Claim by $3,351.56 in connection with Invoices Payable.

14. ECS submits that the Claim may be properly reduced by $63,061.93 and allowed in the amount of $1,361,071.24.

## RESERVATION OF RIGHTS

15. ECS expressly reserves the right to amend, modify or supplement its Response. Should one or more grounds for objection be dismissed, and should the Debtors assert other grounds for objection to the Claim during the pendency of these chapter 11 cases, ECS reserves its right to file supplemental or additional responses.

16. Any reply by the Debtors or future notices concerning the Objection should be sent to the attention of the undersigned counsel at the address below.

WHEREFORE, ECS respectfully requests that the Court overrule the Objection, allow the Claim in the amount of $1,361,071.24, and grant such other relief as is just and proper.

Dated: September 20, 2007
New York, New York

**McCARTER & ENGLISH, LLP**

/s/ David J. Adler
David J. Adler (DA-0048)
245 Park Avenue
27th Floor
New York, New York 10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
dadler@mccarter.com

*Attorneys for Energy Conversion Systems*

ME1 6779356v.1