D. Farrington Yates (DY8383)  
SONNENSCHEIN NATH & ROSENTHAL LLP  
1221 Avenue of the Americas  
New York, New York 10020  
Tel:   (212) 768-6700  
Fax:   (212) 768-6800  

Objection Deadline: September 20, 2007 at 4:00 p.m.  
Hearing Date: September 27, 2007 at 10:00 p.m.  

-and-

Monika Machen  
SONNENSCHEIN NATH & ROSENTHAL LLP  
7800 Sears Tower  
Chicago, Illinois 60606  
Tel:   (312) 876-8000  
Fax:   (312) 876-7934  

*Counsel to United Plastics Group*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC | § § § | Case No. 05-44640 (RDD) |
| | § | (Jointly Administered) |
| Debtor. | § | |

**RESPONSE OF UNITED PLASTICS GROUP, AS CLAIMANT TO DEBTORS' TWENTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(D) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED CLAIMS, (B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS, AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CONSENSUALLY MODIFIED AND REDUCED TORT CLAIMS, AND LIFT STAY PROCEDURES CLAIMS SUBJECT TO MODIFICATION**

UNITED PLASTICS GROUP ("***UPG or Claimant***"), as claimant, hereby files this response (the "***Response***") to the *Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claims, and (E) Claims Subject to Modification, Tax Claims Subject to*

*Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification* (the "**Twentieth Omnibus Claim Objection**").

In support of this Response, Claimant respectively states as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (collectively, the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (this "**Court**").

2. On or about April 12, 2006, this Court entered an order establishing July 31, 2006 as the deadline for creditors to file proofs of claim (the "**Bar Date**").

3. On July 31, 2006, UPG filed a timely proof of claim (Claim No. 13572) (the "**Claim**") in the amount of $46,538.80 against Debtor, Delphi Automotive Systems LLC ("**DAS**") in connection with a reclamation demand previously asserted against DAS for plastic products delivered to DAS pre-petition.

4. UPG-Mexico (collectively with UPG, "**UPG**") also filed a separate reclamation-based claim in the amount of $42,827.19 (Claim No. 13546, together with Claim No. 13572, the "**Reclamation Claims**") against DAS.

5. The Reclamation Claims are both subject to that certain *Agreement* attached hereto as **Exhibit A**, pursuant to which the parties agreed to a "Reconciled Amount" of $11,236.79. Notwithstanding the Agreement, UPG reserved its rights to file an unsecured claim for the portion of its Reclamation Claims not entitled to administrative priority. *See E.mail from M. Maxwell to M. Machen dated April 19, 2007*, attached hereto as **Exhibit B**.

6. On or about August 24, 2007, the Debtors filed the Twentieth Omnibus Claim Objection in which they objected to the Claim. The Claim Objection identifies the Claim as a "Modified Claim Asserting Reclamation" on <u>Exhibit G</u> to the Twentieth Omnibus Claim Objection. The Claim Objection lists numerous objection criteria that may applicable to the Modified Claims Asserting Reclamation, but does not specify which of these objections actually apply to the Claim. Based on these unspecified objections, the Debtors seeks to reduce the Claim to a general unsecured claim of $41,502.60 and reclassify $2,010.69 as a priority claim. The Debtors have not yet filed an objection (nor indicated whether they intend to file such an objection) to Claim No. 13546 and therefore the proposed treatment of UPG's Reclamation Claims is entirely uncertain.

7. On August 29, 2007, counsel to UPG sent an e-mail request to Debtors' counsel requesting that Delphi provide a full and complete basis for its Claim Objection. *See E.mail from M. Machen to J. Wharton and L. Hill dated August 29, 2007*, attached hereto as **Exhibit C**.

8. To date, UPG has not received any information or details regarding the basis for the Claim Objection. The Debtors' failure to provide full information regarding the basis for its Claim Objection makes it impossible for Claimant to determine whether the Claim Objection is valid and if so, to adequately respond to the Claim Objection.

9. Contrary to the Debtors' objection, the Claim ***should not*** be reduced because (i) the Debtors have failed to provide a specific basis for the Claim Objection; (ii) even if a basis has arguably been provided, the Debtors have failed to produce any evidence to satisfy their burden of proof to overcome the *prima facie* validity of the Claim; and (iii) the Claim is adequately and properly supported by the documentation submitted to the Debtors in connection with the Claim.

### RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

10.     Section 502 of the Bankruptcy Code governs the allowance of a claim. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of such claim, unless a party in interest objects to the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The objecting party has the burden of producing evidence sufficient to negate the *prima facie* validity of the filed claim. The objector's evidence must be in equal force to rebut the *prima facie* case. *In re King*, 305 B.R. 152, 164 (Bankr. S.D.N.Y. 1997) (citations omitted). For example, "if the objection is that no debt is owed or that the amount of the debt is different from the claimed amount, *proof* of the fact must be presented." 2 Norton Bankruptcy L. & Prac. 2d § 41.7 (2007) (emphasis added).

11.     The Debtors have not met their burden of proof to overcome the *prima facie* validity of the UPG Claim. The Twentieth Omnibus Claim Objection is nothing more than a barebones, conclusory statement that the Debtors disagree with the amount of the Claim. It does not qualify as the "sufficient evidence" required by bankruptcy law to rebut a proof of claim. *In re Reilly*, 245 B.R. 768 (2d Cir. B.A.P. 2000) (to overcome prima facie validity of proof of claim, "the objecting party must come forth with evidence which, if believed would refute at lease one of the allegations essential to the claim"); *King*, 305 B.R. at 162 ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim."). The Debtors have not produced their books and records, other documentary support, or an affidavit in support of their assertion. *See In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (stating that debtor could not rest objection on mere assertion that stated amount of proof of claim was incorrect without producing evidence to support the statement).

12.  Assuming *arguendo*, that Debtor's statement is adequate to rebut the *prima facie* validity of the Claim (which Claimant does not concede), UPG has also supplied a record of its deliveries for the time period covering the Claim. See *Claim No. 13572*.

13.  In conclusion, the Debtors' silence on the basis of their Claim Objection and their failure to adequately prosecute their claim objection is insufficient to carry their burden of proof and to overcome the *prima facie* validity of the Claim. Claimant requests that the Claim should be allowed in its full amount.

## MEMORANDUM OF LAW

14.  Claimant submits that the relevant legal authorities are set forth in this Response and that no novel issues of law have been raised. Accordingly, Claimant requests that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that they file a memorandum in support of this Response be deemed satisfied.

## RESERVATION OF RIGHTS

15.  Claimant reserves the right to update or supplement this response as necessary.

## RETURN ADDRESS FOR REPLY

16.  All and any responsive pleadings to this Response must be delivered as follows:

**To counsel for UPG:**

SONNENSCHEIN NATH & ROSENTHAL LLP
Monika J. Machen
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Tel:   (312) 876-8000
Fax:   (312) 876-7934

## **CONCLUSION**

WHEREFORE, Claimant respectfully requests that the Court enter an order (i) overruling the Debtors' Twentieth Omnibus Objection to Claim as it pertains to Claim #13572; (ii) allowing Claim #13572 in its entirety in an amount not less than $46,538.80; and (iii) granting such other and further relief as this Court deems necessary and proper.

Dated: September 20, 2007

                                        Respectfully submitted,

                                        UNITED PLASTICS GROUP

                                        By:  /s/ D. Farrington Yates
                                        D. Farrington Yates (DY 8383)
                                        SONNENSCHEIN NATH & ROSENTHAL LLP
                                        1221 Avenue of the Americas, 24th Floor
                                        New York, New York 10020
                                        Tel:   (212) 768-6700
                                        Fax:   (212) 768-6800

                                        -and-

                                        SONNENSCHEIN NATH & ROSENTHAL LLP
                                        Monika J. Machen
                                        8000 Sears Tower
                                        233 South Wacker Drive
                                        Chicago, Illinois 60606
                                        Tel:   (312) 876-8000
                                        Fax:   (312) 876-7934