Pg 1 of 8

# Exhibit A

DELPHI

February 27, 2007

Richard R. Harris
United Plastics Group, Inc.
United Plastics Group, Inc.
1420 Kensington Road Suite 209
Oak Brook, IL 60523

Re: Delphi Corporation, Case No. 05-44481 (RDD)

Dear Richard R. Harris:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by United Plastics Group, Inc. (the "Demand"). We have identified your Demand as Reclamation Claim No. 297. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 297 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Reconciled Amount $11,236.79

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $11,236.79 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i) The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii) The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii) You are not a proper party to make the Demand.

(iv) The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v) You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1] The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

Reconciled Amount $11,236.79

(vi) You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this Amended Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below. Your response, including the timing of your response, is governed by the terms of the Order. If you disagree with this Amended Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

Reconciled Amount $11,236.79

demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

Reconciled Amount $11,236.79

AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, United Plastics Group, Inc. agrees to the terms of this Amended Statement of Reclamation.

United Plastics Group, Inc.

By: [signature] Dated: 4-16-07
(signature)

ROBERT J. GOLD
(print or type name)

CFO
(print or type title)

DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, United Plastics Group, Inc. disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

United Plastics Group, Inc.

By: ______________________ Dated: ______________________
(signature)

______________________
(print or type name)

______________________
(print or type title)

[Table image too low-resolution to transcribe reliably: Asserted Claim 297, United Plastics Group, Inc., spreadsheet with columns including Claim Reference, Vendor Name, Debtor Entity, Claim Post Marked Date, Original PO Number, Amended PO Number, Original Invoice Number, Amended Invoice Number, Original Shipment ID, Amended Shipment ID, Original Invoice Date, Original Material Number, Amended Material Number, Original Invoice Qty, Original Invoice Extended Amount, Original Valid Claim ($), various Amended columns, Amended Valid Claim ($), $ Difference Between Amended and Original Claim, Amended Claim Reason for Change. Totals shown: $20,543.20 / $10,406.23; Amended Valid Claim total $11,286.79; Difference $385.96. Lines = 122.]

[Table content illegible due to low resolution scan - United Plastics Group, Inc. amended claims spreadsheet with columns including Claim Reference, Vendor Name, Debtor Division, Date Marked, Original PO Number, Amended PO Number, Original Invoice Number, Amended Invoice Number, Original Shipment ID, Amended Shipment ID, Original Invoice Date, Original Material Number, Amended Material Number, Original Invoice Qty, Original Invoice Extended Amount, Original Valid Claim $, and related amended claim fields]