Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
*Admitted Pro Hac Vice*
Davor Rukavina, Esq.
*Admitted Pro Hac Vice*
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR TEXAS
INSTRUMENTS INCORPORATED

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| DELPHI CORPORATION, et. al., | : | 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

### RESPONSE OF TEXAS INSTRUMENTS INCORPORATED
### TO DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION

Texas Instruments Incorporated ("TI"), a creditor and party-in-interest herein, files this its *Response* (the "Response") to the *Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Duplicate and Amended Claims, (b) Insufficiently Documented Claims, (c) Claims not Reflected on Debtors' Book and Records, (d) Untimely Claims, and (e) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification* (the "Omnibus Objection"), [docket no. 9151], filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), respectfully stating as follows:

## II.  BACKGROUND

A.  **PROCEDURAL BACKGROUND**

1.  On October 8 and 14, 2005, the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), thereby initiating the above-referenced jointly administered bankruptcy case (the "Bankruptcy Case"). The Debtors continue to manage their respective estates as debtors-in-possession.

2.  The Court has jurisdiction over the Motion and this Objection under 28 U.S.C. § 1334, which jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Motion and this Objection before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

B.  **THE SUBJECT CLAIMS**

3.  On April 4, 2006, TI filed a proof of claim against Delphi Automotive Systems LLC in the amount of $6,253,576.29, assigned claim number 2713 ("Claim 2713"). TI claimed a portion of the same as a reclamation claim, while the balance was claims as a general unsecured claim. Since that time, TI has transferred and assigned Claim 2713 to Bear Sterns Investment Products, Inc. However, pursuant to the parties' agreement and applicable law, TI retains the standing and right to contest any objection to Claim 2713 notwithstanding said transfer and assignment.

4.  On July 31, 2006, TI filed an unsecured proof of claim against Delphi Automotive Systems LLC in the amount of $996,729.62, assigned claim number 15378 ("Claim 15378").

C.  **THE OMNIBUS OBJECTION**

5.  By the Omnibus Objection, the Debtors object to Claim 2713 for the sole purpose of classifying the $64,270.14 reclamation portion of such claim as a priority claim, as disclosed on Exhibit "G" to the Omnibus Objection, without prejudice to certain defenses claimed by the

Debtors with respect thereto, labeled by the Debtors as "reserved" defenses. The Debtors do not object to the $6,189,306.15 balance of the claim as a general unsecured claim.

6. Additionally, by the Omnibus Objection, the Debtors object to Claim 15378, which they seek to modify to the reduced amount of $345,112.09, as disclosed on Exhibit "E" to the Omnibus Objection. The Debtors purport to reserve their right to further contest Claim 15378 in the future.

### III. RESPONSES

**A.  RESPONSE TO OBJECTION TO CLAIM 2713**

7. With respect to the Debtors' objection to Claim 2713, TI does not object to the modification of said claim such that $64,270.14 will be treated as a priority claim. TI does not object to the Debtors reserving their global "retained" defenses to such portion of said claim, without prejudice to said amount being allowed as an unsecured claim if the Debtors succeed on one or more of their "retained" defenses. TI does not object to the allowance of the $6,189,306.15 balance of the claim as a general unsecured claim.

8. However, TI objects to the piecemeal process engaged in by the Debtors. Claim 2713, having been on file for one and one-half years, should be substantively objected to by the Debtors, or allowed. Any attempt by the Debtors to reserve possible objections to the balance of Claim 2713 in the future is ineffective. The Debtors have objected to Claim 2713, which has initiated a contested matter, and the Court's adjudication thereof should be subject to the same rules of *res judicata* as would otherwise apply. Simply put, it is time for the Debtors to decide whether they find the balance of Claim 2713 objectionable and, if so, to state their objections and to afford TI an opportunity to defend its claim.

9. TI understands that the Debtors have no substantive objection to the $6,189,306.15 balance of the claim being allowed as a general unsecured claim. There is therefore no reason in law or fact why that portion of Claim 2713 cannot or should not be allowed at this time.

10. Therefore, TI requests that $64,270.14 of Claim 2713 be allowed as a priority claim, without prejudice to the Debtors' global "reserved" defenses to reclamation claims and the reclassification of the same as unsecured, and that the $6,189,306.15 balance of Claim 2713 be allowed as a general unsecured claim.

B. <u>RESPONSE TO OBJECTION TO CLAIM 15378</u>

11. The Debtors' objection to Claim 15378 appears to be a substantive objection, whereby they seek to disallow approximately 2/3rds of that claim, and to purportedly object in the future to the remaining amount that they request be allowed by the Omnibus Objection. TI objects to the Debtors' request for several reasons.

12. First, the Debtors advance no reason for why Claim 15378 should be disallowed. Claim 15378 appears on Exhibit "E" of the Omnibus Objection, in the body of which the Debtors note that claims appearing on said exhibit are subject to one or more objections listed by the Debtors. However, nowhere do the Debtors identify the specific objection to Claim 15378, or any specific or principled reason why 2/3rds of Claim 15378 should be disallowed. Nowhere do they tie their objection to this claim to the list of potential objections in the Omnibus Objection.

13. Unless and until it is objected to, Claim 15378 is *prima facie* evidence of the claim. *See, e.g.,* FED. R. BANKR. P. 3001(f). The Debtors cannot overcome this *prima facie* evidentiary effect without specifying what objection they have to this claim, and TI can hardly be

expected, consistent with the requirements of due process and notice pleading, to prepare a response to the Debtors' unnamed objection without at least first knowing what that objection is. In sum, the Debtors have not alleged, much less argued and advanced, any reason in law or in fact as to why 2/3rds of Claim 15378 should be disallowed. Rule 3007, Rule 7008(a), Rule 7012(e), and due process, render the Debtors' objection to TI's Claim 15378 invalid and insufficient to overcome the *prima facie* evidentiary effect of the claim.

14. Furthermore, TI objects to the piecemeal process engaged in the by the Debtors regarding their objection to Claim 15378 (which is also the subject of a present motion filed by the Debtors to set a maximum cap on the potential allowed amount of that claim, a requested cap that is almost twice the proposed allowed amount of the claim). Any attempt by the Debtors to reserve possible objections to the balance of Claim 15378 in the future is ineffective. The Debtors have objected to Claim 15378, which has initiated a contested matter, and the Court's adjudication thereof should be subject to the same rules of *res judicata* as would otherwise apply.

15. Finally, TI has been engaged in discussions with the Debtors to understand the Debtors' objection to Claim 15378, which discussions TI intends to continue engaging in, and which discussions have been temporarily halted by the unavailability of the Debtors' principal representative regarding this claim. To that end, TI is filing this Response for the purpose of triggering the claims allowance process provided for in the Court's "Claim Objection Procedures Order."

16. Therefore, TI requests that the Debtors' objection to Claim 15378 be overruled, and that Claim 15378 be allowed in its full asserted amount of $996,729.62.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, TI respectfully requests that the Court enter an order: (i) overruling the Omnibus Objection insofar as it pertains to Claim 2713 and to Claim 15378; (ii) allowing Claim 2713 as a priority reclamation claim in the amount of $64,270.14 and allowing the remaining $6,189,306.15 balance of that claim as a general unsecured claim; (iii) allowing Claim 15378 in full in the amount of $996,729.62 as a general unsecured claim; and (iv) granting to TI such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted on this 20th day of September, 2007.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Raymond J. Urbanik
Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
Texas Bar No. 21432400, admitted *pro hac vice*
Davor Rukavina, Esq.
Texas Bar No. 24030781, admitted *pro hac vice*
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR TEXAS INSTRUMENTS INCORPORATED**

# CERTIFICATE OF SERVICE

  The undersigned hereby certifies that, on this the 20th day of September, 2007, and in addition to service through the Court's ECF system, the undersigned caused a true and correct copy of this document to be served, by U.S. first class mail, postage prepaid, and by facsimile, on the parties listed below:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John W, Butler, Esq.
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Facsimile: 312-407-8501

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Facsimile: 248-813-2491

Fried, Frank, Harris Shriver et. al.
Attn: Bonnie Steingart
One New York Plaza
New York, NY 10004

Facsimile: 212-859-4000

Davis Polk & Wardell
Attn: Donald Bernstein & Brian Resnick
450 Lexington Avenue
New York, NY 10017

Facsimile: 212-450-3092 & 212-450-3213

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Kayalyn A. Marafioti
Four Times Square
New York, NY 10036

Facsimile: 917-777-2350

Latham & Watkins LLP
Attn. Robert J. Rosenberg & Mark A. Broude
885 Third Avenue
New York, NY 10022-4834

Facsimile: 212-751-4864 & 212-751-4864

Office of United States Trustee
Southern District of New York
Attn: Alicia M. Leohard
33 Whitehall Street, Suite 2100
New York, NY 10004

Facsimile: 212-668-2255

           By: /s/ Davor Rukavina
             Davor Rukavina, Esq.