Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
*Admitted Pro Hac Vice*
Davor Rukavina, Esq.
*Admitted Pro Hac Vice*
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR TEXAS
INSTRUMENTS INCORPORATED

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11 Case No.
                                                            :
DELPHI CORPORATION, et. al.,                                :    05-44481 (RDD)
                                                            :
       Debtors.                                             :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### OBJECTION OF TEXAS INSTRUMENTS INCORPORATED TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES

Texas Instruments Incorporated ("TI"), a creditor and party-in-interest herein, files this its Objection (the "Objection") to the *Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited Claims Estimation Procedures* (the "Motion") [docket no. 9297], filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above numbered and styled jointly administered bankruptcy case, respectfully stating as follows:

## I. SUMMARY OF OBJECTION

1. By the Motion, the Debtors do not object to the TI Claim (defined below). They do not propose to adjudicate it, or estimate it for allowance purposes. They do not allege that fixing the TI Claim, which they incorrectly label a continent and unliquidated claim, would unduly prejudice or delay administration of their estates. They advance no reason for why they believe the TI Claim may be overstated. Instead, with no adjudication of the TI Claim, they ask this Court to establish a cap on the allowable amount of that claim for the sole purpose of enabling the Debtors to satisfy a condition precedent, that they themselves created, to the effectiveness of a proposed plan that itself has yet to be confirmed.

2. TI objects to the relief requested in the Motion because without its claim ever having been adjudicated, and without it having a substantive right to defend its claim, the maximum amount that will be set aside to pay the claim is 52% of the amount of the claim regardless of the ultimate allowed amount of that claim and regardless of the payment that may be confirmed on other unsecured claims.

## II. BACKGROUND

### A. PROCEDURAL BACKGROUND

3. On October 8 and 14, 2005, the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), thereby initiating the above-referenced jointly administered bankruptcy case (the "Bankruptcy Case"). The Debtors continue to manage their respective estates as debtors-in-possession.

4. The Court has jurisdiction over the Motion and this Objection under 28 U.S.C. § 1334, which jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Motion and this Objection before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

**B.    THE TI CLAIM**

5.    On July 31, 2006, TI filed an unsecured proof of claim against Delphi Automotive Systems LLC in the amount of $996,729.62, assigned claim number 15,378 (the "TI Claim").  TI has filed other claims that are not the subject of the Motion or this Objection, and it reserves all of its rights with respect to such other claims.  Since the Motion affects only the TI Claim referenced above, TI address only that claim in this Objection.

**C.    THE MOTION**

6.    By the Motion, as it affects the TI Claim, the Debtors request that the Court enter an order capping the maximum allowable amount of the TI Claim at $518,962.85.  As disclosed in the Motion, the TI Claim, as so capped, would continue to be subject to substantive objection by the Debtors.  The capped amount of the TI Claim would serve two purposes: to determine the claim for voting and tabulation purposes, and to set the amount of the reserve to pay the TI Claim upon its final allowance.  Thus, if the Motion were approved, the amount of the reserve that would be established would be approximately 52% of the amount of the TI Claim.  As disclosed in footnote 10 of the Motion, the holder of a disputed claim subject to such reserve would be able to look only to such reserve for payment of the disputed claim, once allowed, meaning that the effect of the Motion on the TI Claim is to cap the potential distribution thereon at 52% of the amount of the claim.[1]

7.    The stated basis for the Motion is to enable the Debtors to satisfy an apparent condition precedent to the effectiveness of the Debtors' *Joint Plan of Reorganization of Delphi*

---

[1] TI has sought an additional explanation from the Debtors on this point; namely, what would happen to the treatment of the TI Claim under the Proposed Plan in the event that the TI Claim is allowed in full.  As of the filing of this Objection, the Debtors have not provided TI with any definitive answer to this question.  TI can only assume, pursuant to the information disclosed in the Motion, that the treatment of the TI Claim would be capped at 52% of that claim, even though other similarly situated holders of unsecured claims may be paid hundred-cent dollars.

OBJECTION OF TEXAS INSTRUMENTS INCORPORATED TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES – Page 3

*Corporation and Certain Affiliates, Debtors and Debtors-In-Possession* (the "Proposed Plan"), as filed by the Debtors on September 6, 2007, and is discussed more fully in the Motion. Neither the Proposed Plan, nor the disclosure statement submitted therewith, has been reviewed or approved by the Court.

### III.    OBJECTIONS

#### A.    IMPROPER CLASSIFICATION OF TI CLAIM AS CONTINGENT OR UNLIQUIDATED

8.     TI objects to the Motion because the Motion incorrectly labels the TI Claim as a contingent or unliquidated claim. In fact, the TI Claim is a liquidated claim, labeled and filed as such, and does not involve any contingency. The basis of the TI Claim is TI's damages resulting from the Debtors' cancellation of purchase orders for TI's products that the Debtors placed with TI. These purchase orders, their cancellation, and resulting damages are all known, and no contingency, other than an objection thereto by the Debtors, exists. That the Debtors may disagree with the amount of the TI Claim as asserted, or object to the same, however, does not convert the TI Claim into a contingent or unliquidated claim.

9.     Section 502(c)(1) permits the estimation of a claim only if the claim is "contingent or unliquidated." 11 U.S.C. § 502(c)(1) (2005). The TI Claim is neither contingent not unliquidated, making its estimation improper in any event. As for the Debtors' reliance on section 105(a) of the Bankruptcy Code as authority for permitting the estimation of the TI Claim, section 105(a) of the Bankruptcy Code cannot be used to trump specific provisions of the Bankruptcy Code, including the claims allowance and estimation provisions of section 502 of the Bankruptcy Code. *See, e.g., Schwartz v. Aquatic Dev. Group Inc. (In re Aquatic Dev. Group Inc.)*, 352 F.3d 671, 680 (2d Cir. 2003) ("the general grant of equitable power contained in

section 105(a) cannot trump specific provisions of the Bankruptcy Code, but must instead be exercised within the parameters of the Code itself").

**B.  IMPROPER APPLICATION OF THE ESTIMATION PROVISION**

10. The Bankruptcy Code permits the estimation of certain claims. Specifically, the Bankruptcy Code provides that "[t]here shall be estimated for purpose of allowance under this section -- (1) any contingent or unliquidated claim, *the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case*." 11 U.S.C. § 502(c)(1) (2005) (emphasis added). As explained above, the TI Claim is neither contingent nor unliquidated. Regardless, the Bankruptcy Code makes no provision for estimating claims 'for the convenience of the debtor,' or 'to estimate the maximum potential liability under a plan,' or 'to enable the debtor to satisfy a plan settlement provision that the debtor agreed to.'

11. Here, the Debtors' offered basis supporting their requested estimation is not that the fixing or liquidation of the TI Claim would unduly delay the administration of the Debtors' estates. On the contrary, the Court has previously entered its so-called "Claim Objection Procedures Order" [docket no. 6089] for the very purpose of providing an expeditious mechanism to resolve or adjudicate potentially objectionable claims. Furthermore, the TI Claim is known, the cancellation orders underlying it are known, and the relevant arguments, issues, and defenses are all known and not subject to any contingency. Thus, there is no reason why the TI Claim cannot be expeditiously adjudicated. In fact, in their Twentieth Omnibus Claim Objection, the Debtors have objected to the allowance of the TI Claim in part, further evidencing that the TI Claim is ripe for adjudication and that it can be expeditiously fixed.

12. Therefore, the Debtors have not, and cannot, show that the adjudication of the TI Claim would unduly delay the administration of their estates. Indeed, the Debtors have not even

OBJECTION OF TEXAS INSTRUMENTS INCORPORATED TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES – Page 5

made such an allegation, which further supports denying their Motion. Rather, the Debtors admit that the purpose of the requested estimation is simply to enable the Debtors to meet certain conditions precedent that they voluntarily negotiated with certain other parties in proposing their Proposed Plan.

13. Section 502(c) of the Bankruptcy Code, which permits the estimation of an unliquidated or contingent claim (which is not the case in any event with respect to the TI Claim), nowhere makes mention of estimation for any reason other than the potential of undue delay in the administration of the estate, and it certainly makes no provision for the estimation of a claim in order to enable the Debtors to meet a condition precedent under a proposed and unconfirmed plan that they created.

14. The TI Claim is *prima facie* evidence of the claim unless and until objected to. *See, e.g.,* FED. R. BANKR. P. 3001(f). If the Debtors find the TI Claim objectionable, they are required to object and TI is entitled to due process regarding the ultimate adjudication of the TI Claim. The Debtors are not entitled to create some half-baked mechanism whereby they reduce the TI Claim, little by little, under the guise of "estimation," or "claims reconciliation," that dispenses with procedural rights and adversely impacts substantive claims.

15. In their Motion, the Debtors recognize that "the Court is bound by the legal rules that govern the ultimate value of the claim." Motion, ¶ 31. They then couch their motion as a procedural motion no affecting substantive rights. What the Debtors overlook, and what TI finds objectionable, is that the Motion proposes a *de facto* adjudication of the TI Claim, with no meaningful ability provided to TI to defend its claim, and with the prospect of "future bites at the apple" by the Debtors. Thus, TI faces the prospect that, if the TI Claim is allowed in full as asserted, it will be able to look to a reserve for the payment thereof that will result in a maximum

recovery of 52%, while other unsecured claims will be paid 100% as proposed by the Debtors in their Proposed Plan.

16. Accordingly, TI objects to the Motion and to the establishment of a reserve to pay the TI Claim if that reserve will mean that the TI Claim will be paid less that other unsecured claims under the Proposed Plan or any other plan. TI further reserves the right to contest the confirmation of the Proposed Plan or any other plan that would actually or effectively pay TI less on the TI Claim than on other unsecured claims.

C. **NO BASIS FOR ESTIMATED AMOUNT PROVIDED BY DEBTORS**

17. In the Motion, the Debtors explain the proposed cap to be applied to the TI Claim as being "based on an analysis of the documentation attached to these claims, as well as the Debtors' experience in negotiation settlements of, or litigating, similar claims." Motion, ¶ 19. This is the extent of the factual allegation underlying the Debtors' request to cap the TI Claim at 52% of its asserted amount, and it is woefully insufficient.

18. It is insufficient for at least three reasons: (i) it absolutely fails to apprise TI of the basis of the Debtors' requested cap, such that TI can take adequate steps to preserve and prosecute its interests; (ii) such a conclusory statement utterly fails to overcome the *prima facie* evidentiary effect of the TI Claim; and (iii) it fails to enable this Court to properly consider whether the requested cap on the TI Claim has any basis in law or fact.[2]

19. Alternatively, and without prejudice to its other arguments and defenses, TI requests that the Debtors be required to plead detailed and sufficient legal and/or factual bases

---

[2] TI has initiated discussions with Debtors' counsel regarding the bases for their requested cap. TI has been informed that the employee of the Debtors with primary knowledge concerning such bases will not be available until September 24, 2007. Thus, the Debtors are not able to provide TI with an explanation prior to the September 20th deadline for objecting to the Motion. Nevertheless, TI will continue to attempt to cooperate with the Debtors in this respect, but it reserves all of its rights with respect thereto, and with respect to its right to take appropriate discovery.

OBJECTION OF TEXAS INSTRUMENTS INCORPORATED TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES – Page 7

for the requested cap of the TI Claim and the amount of that cap, and that TI be provided with a sufficient opportunity to review and object to the same, to take discovery regarding the same, and to present its arguments to this Court regarding the same.

## IV.    COUNTERPROPOSAL

20.    In their Motion, the Debtors invite counterproposals from affected parties and suggest that such parties be required by the Court to provide counterproposals. TI's counterproposal is that the cap on the TI Claim be set at the full, facial amount of that claim, plus any postpetition interest or other charges that may be paid under the Proposed Plan, such that, if the TI Claim is allowed in full, adequate resources will be available to pay the same.

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, TI respectfully requests that the Court enter an order: (i) sustaining this Objection; (ii) denying the Motion as it affects the TI Claim; (iii) alternatively, granting to TI the protections requested herein; and (iv) granting to TI such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted on this 20th day of September, 2007.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Raymond J. Urbanik
Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
Texas Bar No. 21432400, admitted *pro hac vice*
Davor Rukavina, Esq.
Texas Bar No. 24030781, admitted *pro hac vice*
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR TEXAS
INSTRUMENTS INCORPORATED**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 20th day of September, 2007, and in addition to service through the Court's ECF system, the undersigned caused a true and correct copy of this document to be served, by U.S. first class mail, postage prepaid, and by facsimile, on the parties listed below:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John W, Butler, Esq.
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Facsimile: 312-407-8501

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI  48098

Facsimile: 248-813-2491

Fried, Frank, Harris Shriver et. al.
Attn: Bonnie Steingart
One New York Plaza
New York, NY 10004

Facsimile: 212-859-4000

Davis Polk & Wardell
Attn: Donald Bernstein & Brian Resnick
450 Lexington Avenue
New York, NY 10017

Facsimile: 212-450-3092 & 212-450-3213

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Kayalyn A. Marafioti
Four Times Square
New York, NY 10036

Facsimile: 917-777-2350

Latham & Watkins LLP
Attn. Robert J. Rosenberg & Mark A. Broude
885 Third Avenue
New York, NY 10022-4834

Facsimile: 212-751-4864 & 212-751-4864

Office of United States Trustee
Southern District of New York
Attn: Alicia M. Leohard
33 Whitehall Street, Suite 2100
New York, NY 10004

Facsimile: 212-668-2255

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.