Heinz Binder (CA 87908)
Wendy W. Smith (CA 133887)
Binder & Malter
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408) 295-1700
Facsimile:  (408) 295-1531

Andrew L. Margulis, Esq.
Ropers, Majeski, Kohn & Bentley
17 State Street, Suite 2400
New York, New York 10004
Tel:  212-668-5927
Fax: 212-668-5929

Attorneys for Creditor, Technology Properties Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re | ) | CASE NO. 05-44481 (RDD) |
|---|---|---|
|  | ) |  |
|  | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, et al. | ) |  |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |

**Declaration of Wendy W. Smith in Support of Objection by
Technology  Properties, Ltd. to Debtor's Claims Estimation Motion**

I, Wendy W. Smith, Declare,

1.      I am a partner with the law firm of Binder & Malter, LLP, attorneys of record for Technology Properties, Lt. ("TPL") in the various Delphi Corporate Chapter 11 bankruptcy cases.  (Attached hereto as Exhibit A is a true and correct copy of the proof of claim filed by TPL in the main Delphi case.)  I make this declaration based on my own personal knowledge, except where it is indicated that it is based on my information and belief, in which case I believe the statement to be true.

1

2.      I am informed and believe that TPL is the owner of controlling rights in and to the patents that make up the Moore Microprocessor Patent™ portfolio ("MMP portfolio"), and has the exclusive right and responsibility to license and enforce the patents. A full description of the MMP Portfolio has been previously provided to the Court.

3.      I am informed and believe that TPL previously informed Delphi of the patents. Attached hereto as exhibit "B" is a copy of the letter provided by TPL to Delphi in July of 2005. This letter was attached as an Exhibit to a declaration that I previously filed in November of 2006. According to this letter, it appears that Delphi had also received notice of the potential infringement of the MMP portfolio as early as 2004.

4.      I am informed and believe that TPL had prepared a preliminary presentation for Delphi that explains the nature of the technology in question and the likely areas of infringement. Attached as Exhibit "C" is a true and correct copy of the presentation TPL prepared. This document was also provided with TPL's response to Debtors unsupported objection to TPL's claim in November of 2006.

5.      Notwithstanding the substantive basis of the claim and the extensive information provided by TPL, the Debtor has not provided any response, or even specific requests for further information to address the issue. Nor has Debtor's counsel begun negotiations regarding licensing the patents in order to avoid ongoing infringement liabilities.

6.      Over the last year I have made repeated efforts to engage the Debtor in negotiations to resolve all of the issues arising from the believed prior and on-going infringement. Notwithstanding these efforts, the Debtor has refused to address the substance of the matter. Specifically:

   a.    On November 19, 2006, I wrote to John Butler, counsel for Debtor, via email asking for negotiations to resolve the matter. Attached as Exhibit D-

2

        1 is a true and correct copy of the email. He did not respond.

b. On December 19, 2006, I wrote to Mr. Butler again making the same request and providing a list of proposed mediators. Attached as Exhibit D-2 is a true and correct copy of this letter.

c. John Lyons, counsel for Debtor, called me in early January stating the matter had been referred to him. He indicated he would further investigate possible mechanisms for resolution.

d. I called Mr. Lyons on January 22, 2007 and again on January 26, 2007 to follow up on his efforts. I left messages each time.

e. We spoke finally in early February at which time Mr. Lyons stated again that he would speak with the appropriate intellectual property counsel at Delphi and would get back to me.

f. We spoke again on February 21, 2007 regarding the mechanisms of mediation. I again offered that TPL's representatives would travel to Chicago or Michigan to discuss the matter. Mr. Lyons still did not provide any suggested time for negotiation or representatives of Delphi to contact to move the process forward. Mr. Lyons indicated that Delphi was too involved in more important matters regarding the bankruptcy and was not likely to address the TPL claim any time soon.

g. I wrote to Mr. Lyons again in July 2007, asking for a meeting, and bringing to his attention that a majority of the claims of the MMP Portfolio had been acknowledged in a "Markman" hearing in a separate case in the Eastern District of Texas. A true and correct copy of that letter is attached as Exhibit D-3 (without Exhibits).

3

      h.    Mr. Lyons did contact me in August of this year and we had what I thought was a discussion on the merits of the claim and the best way to exchange meaningful information.  Attached as Exhibit D-4 is a true and correct copy of an email I sent after that conversation.  Delphi's only response was the motion to estimate the claim at zero.

      i.    I spoke with Mr. Lyons in September, in a last effort to initiate discussions and to address the issues Mr. Lyons raised.  First he stated Delphi had not received notice of the possible infringement before the bankruptcy was filed.  In fact, a notice letter dated in mid-2005 had been attached to TPL's response to Delphi's claim opposition.  Mr. Lyons also stated TPL had never provided a list of infringing products.  A general list was in the original response to the claim- objection.   A detailed claims analysis of several example products had been provided subsequently.  Attached as Exhibit D-5 is my further email message dated September 13, 2007.

7.    I declare under the penalty of perjury that the foregoing is true and correct, and if called upon, I could and would testify to the truth of these statements.  Signed this 20st Day of September, 2007.

                                                         /s/  Wendy W. Smith
                                                          Wendy W. Smith