Hearing Date and Time: September 27, 2007 at 10:00 a.m.
Objection Deadline: September 20, 2007 at 4:00 p.m.

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
(212) 506-2500
Raniero D'Aversa, Jr. (RD-9551)
Jeffrey G. Tougas (JT-5533)
Weston T. Eguchi (WE-2349)

*Attorneys for Bank of America, N.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                           :

In re:                                   :          Chapter 11
                                           :
    DELPHI CORPORATION, *et al.*,        :          Case No. 05-44481 (RDD)
                                           :
                       Debtors.          :          (Jointly Administered)
                                           :
------------------------------------------------------------X

**LIMITED OBJECTION AND COUNTERPROPOSAL OF CLAIMANT BANK OF
AMERICA, N.A. TO DEBTORS' MOTION FOR ORDER PURSUANT TO
11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM
CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND
<u>(B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES</u>**

Bank of America, N.A. ("<u>Claimant</u>" or "<u>Bank of America</u>"), a party in interest, by and through its counsel, Mayer Brown LLP, as and for its limited objection and counterproposal to the "Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited Claims Estimation Procedures" of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") (the "<u>Estimation Motion</u>"),[1] respectfully represents as follows:

---

[1] Capitalized terms used herein and not otherwise defined herein are used as defined in the Estimation Motion, or, if not defined therein, then as defined in the "Response of Bank of America, N.A. to Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims

**SUMMARY OF LIMITED OBJECTION AND REQUEST FOR RELIEF**

1.  Bank of America and the Debtors agree on several key points with respect to Bank of America's Claim (as defined below). First, Bank of America and the Debtors agree that Bank of America is entitled to apply a cash-in-advance balance in its possession (as defined below, the Advance Payment Balance) against the full Stated Amount (as defined below) of its Claim. Second, Bank of America and the Debtors agree that after applying this Advance Payment Balance to the Stated Amount of the Claim, the amount of the Claim would be reduced to $9,488,705.90. And, third, Bank of America and the Debtors agree that the Estimation Motion should only cap the Claim for purposes of tabulating votes and establishing a distribution reserve.

2.  Nevertheless, the Debtors' Estimation Motion fails to address certain points and attempts to overreach on others with respect to Bank of America's Claim, thereby militating the need for Bank of America to set the record straight. First, although the Debtors properly propose to reduce the stated amount of Bank of America's Claim by the Advance Payment Balance, the Debtors also seek to reduce the cap on the Claim by an additional $475,643.14 without providing any explanation or support in the Estimation Motion. Second, although the Estimation Motion reduces the Claim by the Advance Payment Balance, it does not expressly recognize Bank of America's entitlement to make the application. Third, to the extent that the Estimation Motion purports to limit Bank of America's right to receive distributions greater than the Maximum Capped Amount of the Claim, the Estimation Motion seeks to prematurely and improperly restrict Bank of America's rights without the benefit of a full evidentiary hearing on the allowance of the Claim.

---

with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)," dated as of November 21, 2006 (the "<u>Response</u>").

3.   Accordingly, Claimant requests that the Court enter an order (the "Order") granting relief in the form of the following counterproposal (the "Counterproposal"):

   a. Claimant shall be expressly authorized to apply and offset the Advance Payment Balance (as defined below), in the amount of $1,116,507.71, to the Stated Amount (as defined below) of the Claim, in an amount not less than $10,605,213.61, resulting in a Maximum Claim Amount of $9,488,705.90 (the "Applied Claim Amount").

   b. Notwithstanding any other provision of the Order or Estimation Motion, to the extent that the Applied Payment Balance is properly applied to the Claim, Debtors shall not dispute that the Claim is a valid obligation of the Debtors.

   c. In accordance with the Debtors' assertion that the Estimation Motion only seeks to cap the Claim for purposes of tabulating votes and establishing the reserve, Claimant's right to assert an amount for the Claim which is greater than the Maximum Claim Amount shall be reserved and, in the event the Court allows the Claim in an amount greater than the Maximum Claim Amount, Claimant shall not be restricted from receiving distribution in the full allowed amount of the Claim.

## BACKGROUND

**A.   The Claim and the Advance Payment Balance**

4.   Claimant Bank of America, N.A., as the assignee of Olin Corporation ("Olin"), filed a proof of claim, Claim No. 11660 (the "Proof of Claim"),[2] for amounts owed for copper, zinc and tin goods supplied pre-petition to Delphi Automotive Systems LLC ("Delphi Automotive"), a debtor and debtor-in-possession in the above-captioned cases. The Proof of

---

[2]   A true and correct copy of the Proof of Claim, together with all exhibits thereto, was attached to Claimant's Response to the Third Omnibus Claims Objection (defined below).

3

Claim asserts a claim (the "Claim") of not less than $10,605,213.61 (the "Stated Amount"), of which $1,116,507.71 was subject to a proper prepetition application and/or secured by certain advance payments (the "Advance Payment Balance"), $1,945,948.78 is entitled to priority as a reclamation claim and the remainder is a general unsecured claim (without prejudice to any rights that Claimant may have pursuant to Sections 503(b) or 546(c) of the Bankruptcy Code or any other Section thereof).

5.      Claimant provided voluminous records to support the Claim, including invoices, packing slips, bills of lading, purchase orders and other records, to the Debtors on multiple occasions, including, on or about April 12, 2006 (attached to a Notice of Dissent), July 27, 2006 (attached to the Proof of Claim), and/or November 21, 2006 (attached to the Response).

6.      The Advance Payment Balance constitutes the remaining balance of a $3,200,000.00 cash-in-advance payment by Delphi Automotive to Olin against the future shipments of goods pursuant to the Advance Payment Agreement.

7.      Claimant believes that the Advance Payment Balance is properly applicable against amounts owed to Olin. However, out of an abundance of caution, the Proof of Claim set forth the entire Stated Amount owed by Delphi Automotive without reduction by the Advance Payment Balance.

**B.      The Third Omnibus Claims Objection and Claimant's Response Thereto**

8.      On October 31, 2006, Debtors filed the "Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated

4

Claims Pursuant to 11 U.S.C. § 502(c)" [Docket No. 5452] (the "Third Omnibus Claims Objection").

9.  The Third Omnibus Claims Objection sought to reduce the amount of the Claim to $8,927,243.05, and reclassify the entire amount of the Claim as unsecured, based on one (or more) of (at least) five enumerated bases. (Third Omnibus Claims Objection, ¶ 34; Exh. D, at 2). Neither the Third Omnibus Claims Objection, nor the related "Notice of Objection" sent to Claimant indicates which, if any, of the enumerated bases it believed applied to the Claim.[3]

10. On November 21, 2006, Claimant filed its Response to the Third Omnibus Claims Objection, which objected that contrary to the Debtors' assertions, the Claim should not be modified or reclassified because (a) the Debtors failed to state the specific basis or bases upon which the Debtors are objecting to the Claim, (b) even if such notice were provided, the Debtors failed to produce any evidence to satisfy their burden of proof to overcome the *prima facie* validity of the Claim, and (c) the amount of the Claim was amply supported by voluminous records which Claimant attached to the Proof of Claim or previously provided to the Debtors.

11. Debtors have adjourned the hearing on the Third Omnibus Claims Objection with respect to Bank of America's Claim indefinitely.

---

[3]  Debtors listed the Proof of Claim on Exhibit D to the Third Omnibus Claims Objection as a "Claim Subject to Modification," and asserted that such claims were "overstated or improperly-denominated" and therefore should be modified (id., ¶¶ 19, 31). The Third Omnibus Claims Objection states generally that the bases for including the claims in this category:

> "include, but are not limited to, the following: (a) the asserted Claim was denominated in a foreign currency in violation of the Bar Date Order, (b) the asserted Claim states a claim for unmatured interest or postpetition interest on an unsecured claim, (c) the asserted Claim does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (d) the asserted Claim does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, and (e) the asserted Claim is misclassified as a priority or secured claim."

No further information or evidence was provided to support the objections stated in this paragraph as to the Claim, and no indication was provided in the Third Omnibus Claims Objection regarding upon which specific basis or bases the Debtors relied.

5

**C.    The Estimation Motion**

12.    On September 7, 2007, Debtors filed the Estimation Motion which seeks an order estimating and setting a maximum cap (the "Maximum Claim Amount") on over three hundred contingent and unliquidated claims, including Bank of America's Claim.

13.    Debtors filed the Estimation Motion in order to facilitate the Delphi-Appaloosa EPCA agreement, pursuant to which the New Plan Investors will invest in preferred and common equity in the reorganized Debtors to support the Debtors' transformation plan and plan of reorganization.   (Estimation Motion, fn. 4, ¶ 16).  Under the Delphi-Appaloosa EPCA agreement, as a condition to the effectiveness of a plan of reorganization, the amount of certain asserted or scheduled unsecured claims which were not disallowed as of the effective date of the plan of reorganization, must be "*allowed* or estimated *for distribution purposes*" to be no more than $1.7 billion.  (Id., ¶ 16 (emphasis supplied)).

14.    Prior to filing the Estimation Motion, Debtors' counsel explained to Claimant's counsel on two occasions that under the Estimation Motion, to facilitate the Delphi-Appaloosa EPCA agreement, Debtors intended to cap Bank of America's Claim at the Applied Claim Amount, reflecting the Stated Amount of the Claim after application of the Advance Payment Balance, and that, correspondingly, Debtors would not dispute Claimant's right to retain the Advance Payment Balance.

15.    As filed, the Estimation Motion seeks to set the Maximum Claim Amount for Bank of America's claim at $9,013,062.76, which is $475,643.14 less than the Applied Claim Amount.  As with the Third Omnibus Claims Objection no support or explanation for the proposed cap was provided in the Estimation Motion, and Debtors reserve all rights therein to object to the Claim on other grounds in the future.

6

**LIMITED OBJECTION**

A. **The Estimation Motion Improperly Seeks to Cap the Claim at an Amount Which is $475,643.14 Less Than the Applied Claim Amount**

16. Claimant submits that the Applied Claim Amount is the proper Maximum Claim Amount for the Claim, and objects to the Estimation Motion to the extent that it seeks to establish the Maximum Claim Amount at a figure which is $475,643.14 less than the Applied Claim Amount.

17. Starting with the total Stated Amount of the Claim of not less than $10,605,213.61 then subtracting $1,116,507.71 for the application of the Advance Payment Balance results in the Applied Claim Amount of $9,488,705.90.

18. Instead, the Estimation Motion proposes the Maximum Claim Amount of $9,013,062.76, which is $475,643.14 less than the Applied Claim Amount, without providing any explanation or support. This amount is not the amount which Debtors' counsel previously represented to Claimant's counsel, nor is it the amount they previously asserted in the Third Omnibus Claims Objection.

19. Like the Third Omnibus Claims Objection, the Estimation Motion utterly fails to put Claimant on notice of the specific basis or bases for the Debtors' reduction of the Claim. The Estimation Motion merely contains the general statement directed to all of the subject claims that the respective caps represent the most that "could reasonably be asserted" on account of the claims, and that the estimates are "based on an analysis of the documentation attached to these claims, as well as the Debtors' experience in negotiating settlements of, or litigating, similar claims."

7

20. The Debtors' attempt to reduce the Maximum Claim Amount by $475,643.14 without explanation is improper, particularly in light of the fact that Claimant has long since submitted its Claim and Response to the Third Omnibus Claims Objection, and supplied the Debtors with voluminous documentation, including invoices, packing slips, bills of lading, purchase orders and other records supporting the full Stated Amount of the claim ($10,605,213.61) to the best of Claimant's knowledge and belief as of the dates provided.

21. Until recently, Claimant had received no specific information or documentation from the Debtors about the validity of the Claim or the sufficiency of the information Claimant provided. Only recently, after making the Estimation Motion and giving Claimant a mere ten (10) days to respond, on the Saturday before this response was due, the Debtors provided Claimant with an incoherent and incomprehensible statement purporting to support its belief that the claim should be reduced by the asserted $475,643.14 reduction, in addition to the application of the Advance Payment Balance. Given the late hour in which these materials were provided, it is not possible in the remaining time for Claimant to evaluate the validity of the assertions contained therein, let alone to resolve its dispute regarding the $475,643.14 reduction. Therefore, Claimant has no choice but to object to the Estimation Motion to the extent that it seeks to cap the Maximum Claim Amount at a figure lower than the Applied Claim Amount.

22. Furthermore, the Estimation Motion claims that the Debtors are merely "seeking to estimate all Unliquidated Claims solely for the purposes of tabulating votes on the Plan and setting appropriate reserves for the Distributed Reserve Account," thereby making it seem like the claims are being capped out of mere administrative convenience. The Debtors state that they "are not seeking final resolution of these claims for the purposes of allowance," yet, in the same breath, they state in footnote 12 to the Estimation Motion that the Maximum Capped Amount

8

will set the maximum amount which any Claim may receive for purposes of distribution, since no claimant will have recourse to seek more than the Maximum Capped Amount in the event that the claim is finally determined to be a greater amount.[4]

23.     Therefore, in accordance with the Debtors' stated intent that the Maximum Claim Amounts are being established merely for purposes of voting tabulation and establishing the distribution reserve, and not for purposes of allowance, any order approving the Estimation Motion should not restrict any claimant's right to assert that its respective claims should be allowed, and that it should consequently receive distributions, in an amount greater than its respective Maximum Claim Amount.  To the extent that the Estimation Motion seeks to abrogate the substantive rights of Bank of America to seek allowance and distributions on the claim greater than the Maximum Claim Amounts, Debtors should schedule the Third Omnibus Claims Objection and Bank of America's Response for hearing.

**B.     The Order Approving the Estimation Motion Should Expressly Authorize Claimant to Apply and Offset the Advance Payment Balance to the Stated Amount of the Claim**

24.     Although the Debtors have indicated to Claimant's counsel that the Maximum Claim Amount should reflect the Applied Claim Amount after Advance Payment Balance is applied to the Stated Amount of the Claim, nothing in the Estimation Motion or the proposed order thereto makes it clear that this is how the Maximum Claim Amount was derived. Moreover, in footnote 13 to the Estimation Motion, the Debtors state that "by including a claim on Exhibit A hereto, the Debtors are not conceding or admitting to any liability with respect to such claim."

---

[4]     Moreover, this contradicts the Estimation Motion's stated purpose which is to satisfy the Delphi-Appaloosa EPCA's requirement that certain unsecured claims be *allowed* or estimated *for distribution purposes* to be no more than $1.7 billion.

9

25.     Accordingly, any order approving the Estimation Motion should expressly entitle Claimant to apply the Advance Payment Balance. Furthermore, although Claimant recognizes that Debtors have reserved the right to object to the Claim as to the Maximum Capped Amount, Claimant requests clarification that, to the extent the Advance Payment Balance is applied to the Claim, Debtors shall not dispute that the amount of the application was a valid obligation of the Debtors.

## **CONCLUSION**

WHEREFORE, Claimant respectfully requests entry of an order (i) authorizing Claimant to apply and offset the Advance Payment Balance to the Stated Amount of the Claim, resulting in a Maximum Claim Amount of the Applied Claim Amount of $9,488,705.90, (ii) clarifying that, notwithstanding any other provision of the order or Estimation Motion, to the extent that the Applied Payment Balance is properly applied to the Claim, Debtors shall not dispute that the Claim is a valid obligation of the Debtors, (iii) reserving Claimant's right to seek allowance of

the Claim, and receive distributions thereon, in an amount greater than the Maximum Claim Amount, and (iv) granting such other relief as is just and appropriate.

Dated: New York, New York
September 20, 2007

          MAYER BROWN LLP

By:    /s/ Jeffrey G. Tougas
Raniero D'Aversa, Jr. (RD-9551)
Jeffrey G. Tougas (JT-5533)
Weston T. Eguchi (WE-2349)
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

*Attorneys for Bank of America, N.A.*

05-44481-rdd    Doc 9477    Filed 09/20/07    Entered 09/20/07 15:44:29    Main Document
Pg 12 of 12

## **CERTIFICATE OF SERVICE**

      I, Weston T. Eguchi, hereby certify that on the 20th day of September, 2007, I caused to be served a true and correct copy of the foregoing "Limited Objection and Counterproposal of Claimant Bank of America, N.A. to Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited Claims Estimation Procedures" upon the following parties by U.P.S. Overnight Courier:

| | |
|---|---|
| General Counsel<br>Delphi Corporation<br>5725 Delphi Drive<br>Troy, Michigan 48098 | John Wm. Butler, Jr.<br>Skadden, Arps, Slate, Meagher &<br>FLom LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606 |
| Kenneth S. Ziman<br>Simpson Thatcher & Barlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 | Donald Bernstein<br>Brian Resnick<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 |
| Robert J Rosenberg<br>Mark A, Broude<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, New York 10022 | Bonnie Steingart<br>Fried Frank Harris Shriver<br>  & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 |
| Alicia M. Leonhard<br>United States Trustee<br>33 Whitehall Street, Suite 2100<br>New York, New York 10004 | Tally Wiener<br>Togut, Segal & Segal, LLP<br>One Penn Plaza<br>New York, New York 10119 |

                                                              /s/ Weston T. Eguchi
                                                              Weston T. Eguchi