**Hearing Date and Time: September 28, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO MOTION OF MARSILLI & CO. S.P.A. FOR AN
ENLARGEMENT OF TIME FOR FILING PROOF OF CLAIM PURSUANT TO RULE
9006(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

("OBJECTION TO MARSILLI'S MOTION TO ENLARGE TIME")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection") pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") to the Motion Of Marsilli & Co. S.P.A. For An Enlargement Of Time For Filing Proof Of Claim Pursuant To Rule 9006(b) Of The Federal Rules Of Bankruptcy Procedure (Docket No. 9113) (the "Motion").  In support of this Objection, the Debtors submit the Declaration Of Noticing Agent Regarding Service Of Notice Of Bar Date On Marsilli & Co. S.P.A., executed and sworn to by Eric Kurtzman, Chief Executive Office of Kurtzman Carson Consultants LLC ("KCC"), the noticing agent in these chapter 11 cases, on September 20, 2007 (the "Kurtzman Declaration"), a copy of which is attached hereto as <u>Exhibit A</u>. In further support of this Objection, the Debtors respectfully represent as follows:

Preliminary Statement

1.      On April 12, 2006, this Court entered the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) and Fed.R.Bankr.P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order") setting July 31, 2006 as the bar date in these chapter 11 cases (the "Bar Date").  On September 6, 2007, the Debtors filed their Disclosure Statement and Plan of Reorganization ("Plan") (Docket Nos. 9264 and 9253, respectively).  The Plan is contingent on certain trade claims and other unsecured claims being allowed or estimated for distribution purposes by this Court to be no more than $1.7 billion.  This amount was determined following negotiations between the Debtors, the plan investors who are supporting the Plan, the statutory committees appointed in these cases, and other major stakeholders.  These parties agreed on this amount based on an analysis of the over 16,000 proofs of claim that were timely filed by the Bar Date.

        2.        Marsilli & Co. S.P.A. ("Marsilli") did not file a proof of claim before the Bar Date.  By the Motion, Marsilli requests that this Court enlarge the time allowed for Marsilli to file an unsecured proof of claim in these chapter 11 cases.  Although Marsilli acknowledges that the Affidavit Of Service Of The Notice Of Bar Date For Filing Proofs Of Claim (Docket No. 3501) (the "Affidavit Of Service") indicates that the Notice Of Bar Date For Filing Proofs Of Claim (the "Bar Date Notice") was sent to Marsilli at its principal place of business, Marsilli asserts that it did not receive the Bar Date Notice.

        3.        Marsilli's bare assertion in the Motion that it did not receive the Bar Date Notice does not overcome the presumption that it was properly served and received.  Marsilli was, in fact, mailed a copy of the Bar Date Notice by KCC, as sworn to under penalty of perjury by Eric Kurtzman, Chief Executive Officer of KCC.  In addition, contrary to Marsilli's assertion, the Bar Date Notice was published in the international editions of two newspapers, the <u>Wall Street Journal</u> and <u>USA Today</u>.

        4.        Marsilli further asserts that its failure to file a proof of claim was the result of excusable neglect.  Marsilli cannot establish excusable neglect to justify its late filing of a proof of claim more than a year after the Bar Date.  Marsilli failed to provide evidence that the Debtors did not properly serve the Bar Date Notice on it, and it has not pointed to any exceptional circumstances justifying its failure to file a proof of claim.  Moreover, allowing Marsilli to file a claim more than a year after the Bar Date would undermine the integrity of the $1.7 billion estimated general unsecured claims pool, which the Debtors and key constituents have relied upon in negotiating the Plan.  Accordingly, Marsilli's Motion should be denied.

Argument

  A. <u>Marsilli Was Properly Served With And Is Presumed To Have Received The Bar Date Notice</u>

  5. On April 20, 2006, KCC served copies of the Bar Date Notice on "Marsilli & Co. SPA" via International mail at the addresses below, one of which is the address set forth in the Motion as proper:

> Marsilli & Co SPA
> Via Per Ripalta Arpina 14
> I 26013 Castelleone
> Italy
>
> and
>
> Marsilli & Co SPA
> Via Per Ripalta Arpina 14
> Castelleone 26012
> Italy

  6. When preparing the Bar Date Notice mailing, as it does with all mailings, KCC separated the packages addressed to foreign addresses from those addressed to locations in the United States. The international mailings were handled and metered separately to account for the varying amounts of postage necessary for each package. Kurtzman Declaration at ¶ 3. The Debtors received 367 proofs of claim in response to Bar Date Notices that were sent to international addresses. Kurtzman Declaration at ¶ 5.

  7. In the Motion, Marsilli asserts that it did not receive the Bar Date Notice. Marsilli's assertion that it did not receive the Bar Date Notice does not, however, rebut the presumption of proper service. See <u>Hagner v. U.S.</u>, 285 U.S. 427, 430 (1932) ("proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); <u>In re Mid-Miami Diagnostics, L.L.P.</u>, 195 B.R. 20, 22 -23 (Bankr. S.D.N.Y. 1996) ("A creditor's

4

denial of receipt, standing alone, does not rebut the presumption that the mail was received, but merely creates a question of fact.").  "While the presumption [of receipt] is a rebuttable one, it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption and not by a mere affidavit to the contrary."  In re Dana Corp., No. 06-10354, 2007 WL 1577763, *4 (Bankr.S.D.N.Y. May 2007).  Marsilli has failed to present any objective evidence that the Bar Date Notice was not mailed, was mailed to an inaccurate address, or was returned as undeliverable.  See Id. at *5.

        8.     Even if Marsilli had not been served with the Bar Date Notice by mail, which it was, it was also given notice by publication.  In the Motion, Marsilli inaccurately speculates that the Bar Date Notice was not published in any international newspapers.  The Bar Date Notice was published in 38 newspapers, including the European edition of the Wall Street Journal and the international edition of USA Today.  In addition, the Bar Date notice was published electronically through posting on the Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.

        9.     Because Marsilli is presumed to have received the Bar Date Notice, it was obligated to follow the procedures referenced therein to file a proof of claim, or risk having its claim barred.   Marsilli did not file a proof of claim before the Bar Date, and it should not be granted an extension of the Bar Date.

B.     <u>Marsilli Has Not Met Its Burden Of Proof For Establishing Excusable Neglect</u>

        10.     Marsilli cannot meet its burden to establish excusable neglect.  See In re R.H. Macy & Co., Inc., 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993) ("the burden of proving 'excusable neglect' is on the creditor seeking to extend the bar date").  The Supreme Court has outlined factors to be considered in determining whether there is excusable neglect on the part of the moving party.  In examining whether a creditor's failure to file a claim by the bar date

constituted excusable neglect, the Supreme Court found that the factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  The Second Circuit applied the factors set forth in Pioneer and noted that "reason for the delay" is the most important factor in the analysis.  Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 123 (2d Cir. 2005).  These factors weigh heavily against enlarging the time for Marsilli to file its proof of claim.

          11.       The Debtors would be prejudiced by the enlargement of time for Marsilli to file its proof of claim.  Courts have often looked primarily to concerns about opening the floodgates to similar late-filed claims as a reason not to allow late claims.  See, e.g., In re Enron Corp., 419 F. 3d 115, 132 (2d Cir. 2005); In re Kmart Corp., 381 F.3d 709, 714 (7th Cir. 2004) (noting that if court allowed all similar late-filed claims, "Kmart could easily find itself faced with a mountain of such claims"); ("It can be presumed in a case of this size with tens of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any deluge of motions seeking similar relief would prejudice the Debtors' reorganization process." (citation omitted)); In re Dana Corp.  2007 WL 1577763, *6 (Bankr. S.D.N.Y. 2007) ("the floodgates argument is a viable one").  Although Marsilli's proposed claim itself may be only one of thousands, expanding the time for Marsilli to file its proof of claim may inspire many other similarly situated potential claimants to file similar motions.  Extending the time to file a proof of claim in this instance will also undermine the Debtors' efforts to enforce the Bar Date with respect to the 864 claims that have already been filed after the Bar Date in these cases.

12.     Marsilli asserts that the Debtors will not be prejudiced by allowing the enlargement of time for Marsilli to file a proof of claim because no plan and disclosure statement had yet been filed, and the Debtors are in the process of reconciling claims.  These statements are not only now inaccurate, but they are also irrelevant.  Since the Motion was filed, the Debtors filed their Disclosure Statement and Plan of Reorganization (Docket Nos. 9264 and 9253, respectively).  In addition, the Debtors have filed twenty omnibus objections seeking to disallow and expunge or modify more than 13,000 of the almost 16,700 proofs of claim that have been filed in these cases.  The Debtors are well advanced in both their plan for transformation to emerge from chapter 11 and their claims reconciliation process.  Moreover, "in this Circuit, whether a claim is submitted before the date on which a reorganization plan is filed ordinarily will not be conclusive."  In re Dana Corp., 2007 WL 1577763 at *5.  The suggestion that adding a claim after the bar date, but before a plan has been filed, is not a disruption "ignores the arduous process of valuing assets, validating claims, and negotiating a compromise among a host of creditors," because the claim is "nonetheless submitted long after the negotiations required to develop [a] plan ha[ve] begun."  In re Enron, 419 F.3d at 129.

13.     In addition, although the Debtors' proposed Plan provides for recoveries for unsecured trade creditors equal to par plus accrued postpetition interest, as noted above, that Plan is contingent on certain trade claims and other unsecured claims being allowed or estimated for distribution purposes by this Court to be no more than $1.7 billion.  Under section 1.1 of Amended Exhibit B to the Delphi-Appaloosa Equity Purchase Commitment Agreement (the "EPCA"), one condition precedent to the effectiveness of the Plan is that the aggregate amount of certain trade claims and other unsecured claims that have been asserted or scheduled, but not yet disallowed as of the effective date of the Plan shall be allowed or estimated for distribution purposes by this Court to be no more than $1.7 billion.  Consequently, the Debtors have worked

7

to reconcile and resolve their claims pool on an expedited basis, devoting a significant amount of time and resources to the claims resolution process. Allowing additional claims, after the $1.7 billion estimate has been established and relied upon based on the claims filed before the bar date, would <u>significantly</u> prejudice the debtors and could impede the Debtors from satisfying a condition precedent to the EPCA.

14.   Although Marsilli may have been acting in good faith, it did not file a proof of claim until doing so simultaneously with the Motion, over a year after the Bar Date. A delay of more than a year is not excusable. <u>See</u> <u>In re Dana Corp.</u> 2007 WL 1577763 at *5, citing <u>In re Enron</u> 419 F.3d at 125 (delay of more than six months after bar date was "substantial"). As explained above, the Debtors have made great strides in reconciling the claims against them, and have objected to over 80% of the claims (not including those that have been examined and determined to require no objection). The year since the Bar Date has brought great progress towards the Debtors' emergence from chapter 11 protection. Opening the floodgates to additional claims at this point would be severely detrimental to that progress.

15.   Furthermore, the ability to file a proof of claim was entirely within Marsilli's control. Setting aside Marsilli's presumptive receipt of notice of the Bar Date, Marsilli also continues to supply goods to the Debtors. Therefore, Marsilli is likely aware that the Debtors are in chapter 11. A simple check of the docket in these cases, which is available to the public at the [www.delphidocket.com](www.delphidocket.com) website, would have revealed the Bar Date Order and the affidavit of service of the Notice of Bar Date. <u>See</u> <u>In re Dana Corp.</u> 2007 WL 1577763 at *5 (finding that the reason for delay weighed against movant where it failed to check the docket for six months). In addition, Marsilli acknowledges in the Motion that its U.S. affiliate, Marsilli North America, Inc. ("Marsilli NA"), received the Bar Date Notice. Marsilli NA filed a proof of claim after the Bar Date and that claim was expunged as untimely in February 2007. Thus,

8

Marsilli could have taken several easy steps to determine the Bar Date in these cases. Instead, Marsilli apparently made no inquiry even though the cases had been pending for over one year and nine months.

16. Three of the excusable neglect factors weigh heavily in favor of the Debtors and against the enlargement of time for Marsilli to file a proof of claim. Because Marsilli presumptively received the Bar Date Notice, and it has not established excusable neglect, the Motion should be denied.

## Conclusion

17. Marsilli seeks an opportunity to file a proof of claim after the Bar Date without having established grounds to do so. Relief under Bankruptcy Rule 9006 is not available to Marsilli. Accordingly, the Motion should be denied.

## Memorandum Of Law

18. Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) denying the Motion, (b) disallowing and expunging Marsilli's proof of claim, number 16642, and (c) granting them such other and further relief as is just.

Dated: New York, New York
September 20, 2007

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                      By: /s/ John Wm. Butler, Jr.
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                      333 West Wacker Drive, Suite 2100
                                      Chicago, Illinois 60606
                                      (312) 407-0700

                                                  - and –

                                      By: /s/ Kayalyn A. Marafioti
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                      Four Times Square
                                      New York, New York 10036
                                      (212) 735-3000

                                      Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession