Hearing Date and Time: September 27, 2007 at 10:00 a.m.<br>
Response Date and Time: September 21, 2007 at 5:00 p.m.[1]

Elena Lazarou (EL-5681)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450

Attorneys for General Electric Capital Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
    In re                                    :
:        Chapter 11
DELPHI CORPORATION, et al.,      :
:        Case No. 05-444481 (RDD)
                    Debtors.    :
:        (Jointly Administered)
:
:
-------------------------------------------------------x

**RESPONSE OF GENERAL ELECTRIC CAPITAL CORPORATION TO THE
DEBTORS' TWENTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b)
AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED
CLAIMS, (B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS,
AND (E) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION,
CONSENSUALLY MODIFIED AND REDUCED TORT CLAIMS, AND LIFT STAY
PROCEDURES CLAIMS SUBJECT TO MODIFICATION
("TWENTIETH OMNIBUS CLAIM OBJECTION")**

      General Electric Capital Corporation ("GE") respectfully responds to the Debtors'

Twentieth Omnibus Claim Objection as follows:

      1.      This is the Debtors' second attempt to expunge GE's claims in these proceedings.

---

[1] The Debtors extended the response date and time vis a vis General Electric Capital Corporation from September 20, 2007 at 4:00 p.m. to close of business on September 21, 2007.

On or about July 31, 2006 GE filed five claims, Claim Numbers 15449, 15450, 15451, 15452, and 15453 (the "GE Claims"), against the Debtors pursuant to various master lease agreements and over 1100 related schedules (collectively, the "Leases").

2.  The GE Claims were filed against various Delphi entities as a precaution in the event of, among other things, a rejection of the Leases, and were comprised of, among other things, pre-petition and post-petition amounts due or to be due under the Leases totaling $11,565,841.91.

3.  On February 15, 2007 the Debtors filed their Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (the "Ninth Omnibus Claim Objection") objecting to the GE Claims.

4.  In an effort to reconcile the GE Claims and resolve the Ninth Omnibus Claim Objection, GE prepared and provided to counsel for Debtors a comprehensive spreadsheet regarding each of the 1128 lease schedules, organized by, among other things, pre-petition and post-petition amounts due under the Leases including, among other things, schedules, account numbers, plant location, fee codes, due dates, amounts, and Debtor. A copy of the spreadsheet provided to counsel on March 13, 2007 is attached hereto as Exhibit A.

5.  On or about April 13, 2007, the Debtors and GE entered into a Joint Stipulation and Agreed Order (I) Compromising and Capping Proof of Claim Number 15452 and (II) Withdrawal Without Prejudice of Proofs of Claims Nos. 15449, 15450, 15451, and 15453 (General Electric Capital Corp.) and related Settlement Agreement (together the "Joint Stipulation and Settlement"), whereby the parties agreed to, among other things, the withdrawal

of GE's protective filings and capping the pre-petition amounts due under the Leases to $651,626.18 as Claim 15452 in accordance with the spreadsheet provided by GE. Copies of the Joint Stipulation and Settlement are attached hereto as Exhibit B.

6. Rather than contact GE for further information (GE, in good faith, has been working with representatives of the Debtors on a monthly basis to reconcile amounts due and owing to bring post-petition payments current which are currently no less than $260,000 past due), the Debtors filed the Twentieth Omnibus Claim Objection in a disingenuous effort to again expunge Claim 15452 -- asserting that Claim 15452 is not reflected in their books and records.[2]

7. Immediately upon receiving the Twentieth Omnibus Claim Objection, GE again provided counsel and representatives at Delphi with a detailed breakdown of the amounts comprising Claim 15452 and made its representatives and further information available to Delphi.

8. Yesterday, counsel advised that they were only able to reconcile $484,659.55 of the $651,628.18 asserted in Claim 15452. GE representatives have been in contact with Delphi representatives to further assist in the reconciliation of the claim.

9. Claim 15452 constitutes prima facie evidence of the validity and amount of Claim 15452. See Fed. R. Bankr. P. 3001(f). Moreover, GE has supplemented Claim 15452 with the information contained in Exhibit A. The Debtors now bear the burden of presenting valid evidence to rebut the prima facie validity of the GE Claims, and have failed to do so. As such, there is no basis to disallow the GE Claims. See In re Irons, 343 B.R. 32 (Bankr. N.D.N.Y. 2006); See also In re Heath, 331 B.R. 424 (B.A.P. 9th Cir. 2005).

---

[2] The Leases are comprised of several thousands of pages. As such, copies of the Leases were not attached to the GE Claims, but summarized. Due to sheer volume and the attendant burden and costs of production, copies of the Leases have not been attached hereto but can be furnished should the Court require. The Debtors have represented that the Twentieth Omnibus Objection is not rooted in the failure to attach copies of the Leases.

– 4 –

10.    GE reserves the right to amend or supplement this response to the extent the Debtors provide more details, information, or evidence regarding the basis for their objection to Claim 15452.

Therefore, GE submits that the Debtors' Twentieth Omnibus Claim Objection should be overruled, that Claim 15452 should be allowed in the amount of $651,626.18, and such other and further relief to which this Court finds just and equitable.

Dated:  September 20, 2007

        Respectfully submitted,

        REED SMITH LLP

        s/ ElenaLazarou

        Elena Lazarou (EL-5681)
        599 Lexington Avenue
        New York, New York 10022
        Telephone: 212.521.5400
        Facsimile: 212.521.5450

        ATTORNEYS FOR GENERAL ELECTRIC CAPITAL CORPORATION