SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
                                    :
  In re                             :   Chapter 11
                                    :
  DELPHI CORPORATION, et al.,       :   Case No. 05–44481 (RDD)
                                    :
                          Debtors.  :   (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER (I) COMPROMISING
AND CAPPING PROOF OF CLAIM NUMBER 15452 AND (II) WITHDRAWAL WITHOUT
PREJUDICE OF PROOFS OF CLAIM NOS. 15449, 15450, 15451, AND 15453
(GENERAL ELECTRIC CAPITAL CORP.)

1

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and the General Electric Capital Corp. ("GE Capital") respectfully submit this Joint Stipulation And Agreed Order (I) Compromising And Capping Proof Of Claim Number 15452 And (II) Disallowing And Expunging Proofs Of Claim Nos. 15449, 15450, 15451, And 15453 (General Electric Capital Corp.) (the "Stipulation") and agree and state as follows:

WHEREAS on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on July 31, 2006, GE Capital filed proofs of claim numbers 15449, 15450, 15451, 15452, and 15453 (each a "Proof of Claim," and collectively, the "Proofs of Claim"). Proof of Claim 15449 was filed against Delphi Automotive Systems LLC ("DAS LLC"), asserting an unsecured non-priority claim in the amount of $10,086,668.26. Proof of Claim 15450 was filed against Delphi, asserting an unsecured non-priority claim in the amount of $4,070.43. Proof of Claim 15451 was filed against Delphi Integrated Service Solutions, Inc. ("DISS"), asserting an unsecured non-priority claim in the amount of $8,542.94. Proof of Claim 15452 was filed against DAS LLC, asserting an unsecured non-priority claim in the amount of $1,015,550.20. Proof of Claim 15453 was filed against Delphi, asserting an unsecured non-priority claim in the amount of $451,010.08. The Proofs of Claim all arise out of obligations under various leases.

WHEREAS the Debtors objected to the Proofs of Claim pursuant to the Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P.

2

3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6968) ("Ninth Omnibus Claims Objection"), which was filed February 15, 2007.

WHEREAS on March __, 2007, to resolve the Ninth Omnibus Claims Objection with respect to the Proofs of Claim, DAS LLC and the GE Capital entered into a settlement agreement (the "Settlement Agreement").

WHEREAS pursuant to the Settlement Agreement, DAS LLC and GE Capital acknowledge and agree that the Asserted Amount of Proof of Claim 15452 shall be modified and capped at $651,626.18.

WHEREAS GE Capital reserves the right to assert any or all of the $651,626.18 against DAS LLC, Delphi, or DISS, with the aggregate of any amounts asserted against DAS LLC, Delphi, and DISS not to exceed $651,626.18.

WHEREAS DAS LLC is authorized to enter into the Settlement Agreement either because Proof of Claim 15452 involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

THEREFORE, the Debtors and GE Capital stipulate and agree as follows:

1. Proof of Claim Number 15452 shall be treated as a general unsecured non-priority claim against DAS LLC, but in no event shall it exceed $651,626.18.

2. Proofs of Claim Numbers 15449, 15450, 15451, and 15453 shall be withdrawn by GE Capital without prejudice to G.E. Capital's right to file a claim within 30 days of the rejection of any unexpired executory contracts or leases pursuant to paragraph 8 of the

Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206).

3. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

4. Entry of this joint stipulation is without prejudice to the Debtors' right to object to Proof of Claim 15452 in these chapter 11 cases on any grounds whatsoever except that such claim is asserted against the incorrect Debtor, provided however that DAS LLC, Delphi or DISS is the correct Debtor.

So Ordered in New York, New York, this ____ day of March, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

_____
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

- and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

_____
Elena Lazarou
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
212-521-5400

Attorneys for General Electric Capital Corp.

## SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of March __, 2007 (this "Settlement Agreement"), is entered into by and between General Electric Capital Corp. ("GE Capital") and Delphi Automotive Systems LLC ("DAS LLC").

## RECITALS:

WHEREAS, on October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi"), together with certain of its U.S. affiliates including DAS LLC and Delphi Integrated Service Solutions, Inc. ("DISS") (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on July 31, 2006, GE Capital filed proofs of claim numbers 15449, 15450, 15451, 15452, and 15453 (each a "Proof of Claim," and collectively, the "Proofs of Claim"). Proof of Claim 15449 was filed against DAS LLC, asserting an unsecured non-priority claim in the amount of $10,086,668.26. Proof of Claim 15450 was filed against Delphi, asserting an unsecured non-priority claim in the amount of $4,070.43. Proof of Claim 15451 was filed against DISS, asserting an unsecured non-priority claim in the amount of $8,542.94. Proof of Claim 15452 was filed against DAS LLC, asserting an unsecured non-priority claim in the amount of $1,015,550.20. Proof of Claim 15453 was filed against Delphi, asserting an unsecured non-priority claim in the amount of $451,010.08. The Proofs of Claim all arise out of obligations under various leases.

WHEREAS, on February 15, 2007, the Debtors objected to the Proofs of Claim pursuant to the Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6968) ("Ninth Omnibus Claims Objection").

WHEREAS, to resolve the Ninth Omnibus Claims Objection with respect to the Proofs of Claim, DAS LLC and GE Capital have agreed to enter into this Settlement Agreement (the "Settlement Agreement").

WHEREAS, DAS LLC is authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, pursuant to that certain *Order Under 11 U.S.C. §§ 363, 502, and 503 and Fed. R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval* (Docket No. 4414) entered by the Delphi Bankruptcy Court on June 29, 2006.

1

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, DAS LLC and GE Capital agree as follows:

1. <u>General Unsecured Non-Priority Claim and Waiver Of Rights</u>.  DAS LLC and GE Capital acknowledge and agree that asserted amount of Proof of Claim 15452 shall be modified and capped at Six Hundred Fifty-One Thousand, Six Hundred Twenty-Six Dollars and Eighteen Cents ($651,626.18). GE Capital hereby withdraws Proofs of Claim Nos. 15449, 15450, 15451, and 15453 without prejudice to GE Capital's right to file a claim within 30 days of the rejection of any unexpired contracts or leases pursuant to Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206). If the Debtors seek to recharacterize the leases associated with the Proofs of Claim, the Debtors agree that GE Capital shall not be prejudiced by having withdrawn the Proofs of Claim. The Debtors shall not seek to have the Claim 15452 disallowed and expunged solely on the basis that such claim is asserted against the incorrect Debtor. GE Capital on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "<u>GE Capital Releasing Parties</u>"), hereby acknowledges that its aggregate recovery for the Proof of Claim 15452 against DAS LLC, Delphi, and DISS shall not exceed $651,626.18. The GE Capital Releasing Parties, further release and waive any right to assert any other claim for pre-petition obligations pursuant to the leases which relate to the Proofs of Claim.

2. <u>Governing Law</u>.  This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the United States Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

3. <u>Representations and Warranties</u>.  The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Agreement.

4. <u>Entire Understanding</u>. This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof. This Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and GE Capital.

5. <u>No Party Deemed Drafter</u>. This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by GE Capital and its counsel. Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

Accepted and agreed to by:

Delphi Automotive Systems LLC

By: _____
Name: DEAN R UNRUH
Title: CLAIMS ADMINISTRATOR
Dated: 3/20, 2007

General Electric Capital Corp.

By: _____
Name: JOHN STIME
Title: OPERATIONS COUNSEL-GLOBAL RESTRUCTURING
Dated: MARCH 19, 2007

3