UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) Chapter 11 |
| DELPHI CORPORATION, et al. | ) |
|  | ) Case No. 05-44481 (RDD) |
| Debtors. | ) (Jointly Administered) |

**RIVERSIDE CLAIMS, LLC'S RESPONSE TO**
**DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION**

NOW INTO COURT, through undersigned counsel, comes RIVERSIDE CLAIMS, LLC, as ASSIGNEE for PRODUCT ACTION INTERNATIONAL, LLC ("Riverside") and files this response to Debtors' Twentieth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Duplicate and Amended Claims, (b) Insufficiently Documented Claims, (c) Claims Not Reflected On Debtors' Books And Records, (d) Untimely Claims, and (e) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification (the "15th Objection") and in support thereof would state as follows:

1.  On or about August 24, 2007, the Debtors' filed their 20th Objection.

2.  One of the claims included in the 20th Objection, on Exhibit "E" – Claims Subject to Modification is the claim #8875 of Riverside Claims, LLC, as assignee for Product Action International LLC (the "Claim"). The Claim was filed in the amount of $505,106.24.

The Objection seeks to modify the Claim by reducing the Claim to the amount of $168,224.07, split between two different debtors.

3. Riverside opposes the reduction in claim amount. Product Action International LLC ("Product Action") provided services to Debtors in accord with numerous Terms of Service agreement. Product Action regularly invoiced Debtors. Upon information and belief, the Claim was filed with copies of all invoices attached thereto. However, even if it was not, at the request of Delphi and their claims analyst, Riverside has forwarded all of the invoices on at least two, maybe three, occasions. The invoices have been sent in both hard copy format and on CD. Given that the invoices have been provided numerous times, that they are a couple of inches thick, and that it does not appear the Debtor reviews them anyway, Riverside is not attaching them hereto.

4. A timely filed proof of claim is *prima facie* valid provided it complies with the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3001. *In re Waterman*, 248 B.R. 567, 570 (8th Cir. B.A.P. 2000), citing *Brown v. IRS*, 82 F.3d 801, 805 (8th Cir 1996). To overcome this *prima facie* evidence, the party objecting to the proof of claim must come forth with probative evidence at least equal to that contained in the proof of claim. *See, McDaniel v. Riverside County Dep't of Child Support Servs.,* 264 B.R. 531, 533 (8th Cir. B.A.P. 2001)(filing of an objection to a proof of claim in compliance with BR 3001 does not deprive the the proof of claim of its presumptive validity unless the objection is supported by substantial evidence); *Simmons v. Savell*, 765 F.2d 547, 552 (5th Cir. 1985).

5. If, and only if, the objecting party puts forth sufficient evidence to rebut the *prima facie* effect of the proof of claim does the burden switch back to the claimant to prove the validity of the claim. *Carrieri v. Jobs.com, Inc.* 393 F.3d 508, 533 (5th Cir. 2004).

6. The 20th Objection fails to state any basis for reducing the Claim by hundreds of thousands of dollars. In this case, Debtor does not even put forth the weak argument that it does not reflect amounts set forth on Debtors' books and records. Presumably, the Debtors realized that simply saying such, in light of the pages of Product Action invoices Riverside has provided would not be sufficient to rebut the validity of the claim.

7. Because the Debtors have not put forward remotely sufficient evidence to rebut the presumptive validity of the Claim, this objection should be overruled.

8. Debtors' Objection also raises an issue as to whether the Claim is filed against the proper Debtor. The Exhibit seems to split the claim between two of the Debtors. Riverside is unsure of how this division was arrived at, particularly as the invoices list many more than two entities or divisions to which the invoices were sent. Riverside has no objection to the claims being allocated against proper Debtors, but it does appear the parties will have to do some reconciliation as to which claims are properly applied to which Debtors.

WHEREFORE, Riverside Claims, LLC, as assignee for Product Action International, LLC requests that this Court enter an order overruling the Objection and allowing the Claim in the amount of $505,106.24, and for such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED,

/s/ Robyn J. Spalter
Robyn J. Spalter, Esq.
General Counsel
Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990
Fax: (212) 501-7088
e-mail: rspalter@regencap.com