September 5, 2007

United States Bankruptcy Court
Southern District of New York
Delphi Corporation Claims
One Bowling Green
Room 534
New York, New York 10004-1408



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                           :    Chapter 11
                                :
DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                                :
                    Debtors.    :    (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff  Paul c. Matte

Precipe

Fedo Rule Civil  Payment Demand  28 U.S.C. Rule 64
Replevin • 42 U.S.C. §1202

Dear Clerk,
  find Payment Demand supporting Paper, on Claim Proof
dated June 15, 2006
           Respectfully.
Paul c Matte    Certified Mail #
                7007 0220 0003 9933 3212



TRANSMISSION VERIFICATION REPORT

```
TIME    : 08/27/2007 15:32
NAME    : FEDEXKINKOS0480
FAX     : 12484434979
TEL     : 12484432679
SER.#   : 000G6J343518
```

*file Court*

```
DATE,TIME        08/27  15:30
FAX NO./NAME     12019680010
DURATION         00:02:42
PAGE(S)          06
RESULT           OK
MODE             STANDARD
                 ECM
```

*2 FAX*

*re-Fax*

*4 F.R.D. 231, 232 - Standing legal*

*47 Mich. L. Rev 877, 1065*

*Plaintiff, Clean hands*

*fieri facias - elegit*

*Yamila said Paper were not there!*

*FAX to pcm*

*FAXS again pcm*

**LIQUIDITY SOLUTIONS, INC.**
One University Plaza, Suite 312
Hackensack, NJ 07601
Tel: (201) 968-0001 Fax: (201) 968-0010

July 27, 2007

Paul C Mathis
17265 Coral Gables St
Southfield, MI 48076-4734

*[handwritten: Copy (firm) 07   file Court]*

# LIQUIDITY SOLUTIONS, INC.

One University Plaza, Suite 312
Hackensack, NJ 07601
Tel: (201) 968-0001 Fax: (201) 968-0010

July 27, 2007

Paul C Mathis
17265 Coral Gables St
Southfield, MI 48076-4784

Attn: Accounting Dept. /Collections

*[handwritten: FAX Again on 8-27-07 to Defendants per yanilo]*

RE:   **DELPHI CORPORATION et Al.**
    Jointly Administered Case No. 05-44481
    (US Bankruptcy Court, Southern District of New York)

Dear Creditor:

We are writing you to express an indication of our interest in your allowed and undisputed claim of $415,969.62 for a payment of **$428,448.71**. This indication is valid through August 10, 2007 and is subject to further due diligence and mutually agreeable documents of transfer.

This indication of interest is on a first come first serve basis. This may be rescinded for any reason whatsoever without further notice or obligation from either party. We are not responsible for typographical errors.

*If you are interested in offering your claim, please sign twice on the last page where indicated and return the two page agreement to us.*

*[handwritten: Secured — Right too recover payment - See Sec .101(5)
non curable regleine- 216 F. Supp at 726 Supra
Please find necessary Signature
on form enclosed   31 Mich L. Rev 731
( Laches ) Defendants
Thank you
Paul C Mathis- Assumpsit · Replevin
Federal Rule Civ Pro. Rule 64
August 4, 2007   213 mich 299, ]*

Sincerely,

*[signature]*

Jim Yenzer
jyenzer@liquiditysolutions.com
(201) 968-0001 Ext. 114

*Ex Parte Replevin*
*28. U.S.C. Rule 64*

| New York, New York | **JUDGMENT** CLAIM AND DELIVERY | 05-44481 |

Court address
United States Bankruptcy Court
One Bowling Green Room 534

Plaintiff(s)
v  Defendant(s)  Defendant(s) Delphi ET. AL.;

Court telephone no.

Plaintiff/Attorney
Paul C. Mattie
17265 Coral Gables
Southfield, Mi 48076

**JUDGMENT**

The court finds that the party entitled to possession is: Paul C. Mattie

Judgment is entered against:
Delphi ET. AL. (Corp)

Defendant/Attorney
Liquidity Solutions, Inc.
One Hackensack, NJ Suite 312
07601

☐ Consent

**ORDER OF JUDGMENT**

Determined:
Amount of unpaid debt  $428,448.71

Total damages  $428,448.71
Interest  $_____
Costs  $_____
Other  $_____
Total judgment  $_____  This judgment will earn interest at current statutory rates.

☐ The following described property shall be delivered immediately to  Paul C. Mattie  :
(describe property)
Money Judgment of 28,448.71 Dollars
Attachments

☐ FURTHER ORDERS:

Judgment date: NOV 3, 1990

IT IS ORDERED that this judgment is granted.

Plaintiff/Attorney
Paul C. Mattie
17265 Coral Gables
Southfield, Mi 48046

Court Judge

Date of mailing

Deputy Court Clerk

JUDGMENT, CLAIM AND DELIVERY

Return Copy to Plaintiff

Certified Mail #
7007 0220 0063 9923 3212

*Replevin*

| | **JUDGMENT** CLAIM AND DELIVERY | 05-44481 |
|---|---|---|

*New York New York*

One Bowling Green Room 534 - U.S. Court

Court address                                                                 Court telephone no.

Plaintiff(s)                                    v    Defendant(s)

**JUDGMENT**

Paul E. Mathis
17265 Coral Gable
Southfield, Mi 48076

The court finds that the party entitled to possession is: _____

Plaintiff/Attorney

Judgment is entered against:

Delphi El Sky Corp

Liquidity Solutions INC
one Hackensack N.J. Aute 312
07601

☐ Consent

Defendant/Attorney

**ORDER OF JUDGMENT**

| Determined: | | | | | |
|---|---|---|---|---|---|
| Amount of unpaid debt | $428,448.71 | Total damages | $428,448.71 | | |
| | $_____ | Interest | $_____ | | |
| | $_____ | Costs | $_____ | | |
| | | Other | $_____ | | |
| | | | $_____ This judgment will earn interest | | |
| | | Total judgment | $_____ at current statutory rates. | | |

☐ The following described property shall be delivered immediately to _Paul E. Mathis_ :
(describe property)

Money Judgment 428,448.71 Dallas

Attachment

☐ **FURTHER ORDERS:**

Judgment date: _NOV 1990_

**IT IS ORDERED** that this judgment is granted.

Plaintiff/Attorney  Paul E. Mathis
17265 Coral Gable
Southfield, Mi 48076

Court Judge _____

Date of mailing _____

Deputy Court Clerk _____

**JUDGMENT, CLAIM AND DELIVERY**

*Replevin*

| | **JUDGMENT** | |
|---|---|---|
| New York New York | CLAIM AND DELIVERY | 05-44481 |

One Bowling Green Room 534 - U.S. Court
Court address                                                              Court telephone no.

Plaintiff(s)                              V   Defendant(s)

Paul C. Matter
17265 Coral Gables
Southfield, Mi 48076
Plaintiff/Attorney

Liquidity Solutions INC.,
One Hackensack, N.J. Suite 312
07601
Defendant/Attorney

**JUDGMENT**

The court finds that the party entitled to

possession is: Paul E Matter

Judgment is entered against:

Delphi Et. Al., Corp

☐ Consent

**ORDER OF JUDGMENT**

Determined:
Amount of unpaid debt   $ 428,448.71
                        $ _____
                        $ _____

| | |
|---|---|
| Total damages $ | 428,448.71 |
| Interest $ | _____ |
| Costs $ | _____ |
| Other $ | _____ |
| $ | _____ This judgment will earn interest |
| Total judgment $ | _____ at current statutory rates. |

☐ The following described property shall be delivered immediately to   Paul E. Matter   :
(describe property)   Money Judgment 428,448.71 Dollars
                      Attachment

☐ **FURTHER ORDERS:**

Judgment date: Nov 3, 1990                     IT IS ORDERED that this judgment is granted.

Plaintiff/Attorney
Paul E Matter
17265 Coral Gables
Southfield, Mi 48076

Court Judge

Date of mailing                                Deputy Court Clerk
**JUDGMENT, CLAIM AND DELIVERY**

| | |
|---|---|
| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Paul C Mathis

Name and address where notices should be sent:

Paul C Mathis
17265 Coral Gables St
Southfield MI 48076-4784

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED JUN 15 2006

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor: BOC
3805 7251 5031 (Cadillac Detroit)

Check here ☑ replaces / ☑ amends a previously filed claim, dated: 10-10-84

1. **Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☒ Personal Injury *General Motors Corp Workers Compensation District ALJ order*
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: 782-9
Unpaid compensation for services performed
from 10-03-78 to 10-10-84
(date) (date)
*claim began (pen)*

2. Date debt was incurred: 10-10-84 *$415,989.82 (pen)*

3. If court judgment, date obtained: 1-26-86 - Nov 03 1990 *final order (pen)*

4. **Total Amount of Claim at Time Case Filed:** $415,989.82 *(pen)*

| (unsecured) | (secured) | (priority) | #415,989.82 (Total) |
|---|---|---|---|

If all or part of your claim is secured or entitled to priority, also complete 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle #2
☑ Other #2

Value of Collateral: $

Amount of arrearage and other charges at time case filed included in secured claim, if any: $

6. **Unsecured Nonpriority Claim** $
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8*

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. *On file*

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. *Ms. Linford Esq*

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim ✓

THIS SPACE IS FOR COURT USE ONLY

| Date<br>5-29-06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Paul C Mathis |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544481060401092807447275

DEC. # 1391

# S T A T E   O F   M I C H I G A N

## WORKERS' COMPENSATION APPEAL BOARD



Paul C. Mathis
17265 Coral Gables St.
Southfield, MI 48076

PAUL C. MATHIS,
  SS # 378 40 7829,
    PLAINTIFF,

    VS.

GENERAL MOTORS CORPORATION,
FISHER BODY DIVISION,
FLEETWOOD PLANT,
      DEFENDANT.

*Exhibit 1A*

        This cause having come before the
Appeal Board on appeal by defendant from the decision, mailed on
February 18, 1986, of Administrative Law Judge Matulewicz, granting
compensation benefits; after due consideration of the evidence
taken and the brief(s) of counsel, the Board having made a finding
of facts and law, and it appearing to the undersigned Members of
the Board that the decision made as aforesaid should be affirmed
with modification, Now, Therefore;

        IT IS ORDERED, That the decision
of the administrative law judge in this cause shall be and it
hereby is affirmed with modification.  Interest shall be paid on
all unpaid benefits from the due dates until paid at the rate of
10% per annum.  In all other respects, the decision of the ad-
ministrative law judge is affirmed.

Michigan, this   3rd

Dated and entered at Lansing,
day of November   , A.D. 1990;

## MAILED

### NOV 0 3 1990

WORKERS' COMPENSATION
APPEAL BOARD

WORKERS' COMPENSATION APPEAL BOARD

_____
Jeffrey M. Young

_____
Stephen R. King            Members

JMY:gsl

# (Computershare

**153221**

PAUL C MATHIS
17265 CORAL GABLES STREET
SOUTHFIELD MI 48076-4784

|ı|ıl|ılı|l|lıılııl|lllıılılllıılllılılılılllıılılıııllll

| | Holder Account Number |
|---|---|
| | C0002698676 |

August 17, 2007

Dear Shareholder:

Welcome to Computershare! Computershare provides you the ease and flexibility of accessing information and processing transactions with regard to your Delphi Corporation shareholder account. You can access your account via our toll-free shareholder services center, automated telephone support system and Internet capabilities. **Please note your new account number is listed above.**

## Contacting Computershare
Effective immediately, you can use any of the following options to contact us:

| Telephone inquiries: | 800 818 6599 (US and Canada) |
|---|---|
| | 781 575 4653 (non-US) |
| Email inquiries: | web.queries@computershare.com |
| Written requests: | Computershare Shareholder Services |
| | P.O. Box 43078 |
| | Providence, RI  02940 |
| | |
| Overnight delivery: | Computershare Shareholder Services |
| | 250 Royall Street |
| | Canton, MA 02021 |
| Investor Centre: | www.computershare.com/investor |

## Investor Centre
In addition to contacting us by phone, email or postal mail, you can also manage your account online via Investor Centre, our Web-based tool for shareholders. Register at www.computershare.com/investor to view your account details, update your account information and process various transactions. Please note that, in certain cases, an activation code is required to gain access to your account. We encourage you to log on and enroll as soon as possible if you are interested in using the Web to process transactions, such as sales.

## Tax certifications
Domestic shareholders may have a missing or uncertified taxpayer identification number. If your account is "uncertified" you will need to complete a W9 form in order to certify your account and prevent any backup withholdings on future payments.  Additionally, all holders living outside the US are required to complete a new W8 form for Computershare.

Those of you who need to complete a form will be receiving one from us shortly. Please complete and return it promptly. You can complete tax certification through Investor Centre.

## Corporate accounts
Please be aware that in order for Computershare to take any instructions on an account that is registered in just the name of a corporation, we require a corporate resolution from the corporation's secretary that provides details on specific individuals who are authorized to act on behalf of that corporation. We will need this document in advance of providing any information and performing any transactions on your account. Therefore, we encourage you to provide this resolution with a copy of the enclosed statement to the address shown above at your earliest convenience. We will keep this resolution on file, so you will not need to send it for each transaction.

We look forward to serving you.

Sincerely,

Computershare Investor Services

00PRWB

014773_DPHI_PRODUCT_1_DOMESTIC_1/153221/153221/i

**Paul C Mathie**, having offices at 1729 Coral Charles St, Brentwood, CA 40076-4754 (assignor), in consideration of the sum of $428,448.71 ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent for _____ ("Assignee") having offices at One University Plaza, Suite 312, Hackensack, NJ 07601, all of the Assignor's right, title and interest in, to and under the claim or claims of Assignor, as more specifically set forth below (the "Claim"), against **DELPHI CORPORATION et AL.**, Debtor or Debtors in the bankruptcy case (the "Proceedings") pending in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Jointly Administered Case No. 05-44481 (the "Debtor") in the currently outstanding amount of not less than **$15,969.62** (the "Purchased Amount"), and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below (if any) and the Assignor's rights to receive payment of principal, and any interest, penalties and fees, which may be paid with respect to or in satisfaction of the Claim, all cash, securities, instruments and other property which may be paid or issued by Debtor or any other party with respect to or in satisfaction of the Claim, and all voting rights with respect to any of the foregoing. The Claim includes the foregoing rights and benefits and the right to receive all payments in respect thereof. The Claim is based on amounts, not less than the Purchased Amount, owed to Assignor by Debtor for services rendered and/or goods delivered by Assignor to Debtor. This Assignment of Claim (this "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest except as may be otherwise provided herein. Assignee is assuming no liabilities or obligations of the Assignor under this Agreement.

Assignor represents and warrants that *[check one of the following]*:         *upon payment to Paul C Mathie* (pcm)  *428,448.71*

[  ] A Proof of Claim has not been filed in respect of the Claim.

[ X ] A Proof of Claim in the amount of $*15,969.6* has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the Claim is a valid and allowed claim in the Proceedings in an amount not less than the Purchased Amount, and the Claim is not subject to any defense, counterclaim, offset, setoff, dispute or objection. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party in whole or in part, that Assignor solely owns and has good title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value. Assignor represents that it is solvent and has no other relationship the Debtor or any of its affiliates or principals other than as a creditor of the Debtor. Assignor is not an insider of the Debtor within the meaning of section 101(31) of Title 11 of the United States Code (the "Bankruptcy Code") and is not, and has not been, a member of any committee appointed in the Proceedings. All terms of this Assignment will be kept confidential. (pcm)

Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation. Assignor acknowledges that, except as set forth in this Assignment neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based onuch information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of ClaimAssignor and Assignee each hereby acknowledge to the other that (i) it currently has, or may in the future have, information with respect to the Claim, the Debtor or any of its affiliates and/or the Proceedings that is not known to the other party and that may be material to a decision to sell or putase the Claim (as applicable) ("Excluded Information"), (ii) it has determined to sell or purchase the Claim (as applicable) notwithstanding its lack of knowledge of the Excluded Information and (iii) neither Assignor nor Assignee shall have any liability to the other or any other party whatsoever with respect to the nondisclosure of the Excluded Information in connection with the transactions contemplated hereby.         *upon payment of this Claim* (pcm)

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the Purchase Price (i) to the extent that the Claim is disallowed, reduced, subordinated, offset, setoff, objected to or otherwise impaired or (ii) at Assignee's option, to the extent that the Claim is not treated as a general unsecured claim in the Proceedings (by virtue of assumption of a related contract and cure under section 365 of the Bankruptcy Code, or otherwise) (each of the events in clauses (i) and (ii) of this sentence, an "Impairment") for any reason whatsoever, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid on account of an Impairment for the period from the date of payment of the Purchase Price by Assignee through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such Impairment or any objection to the transfer of the Claim by Assignor. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY, OR OTHERWISE LACKS SOLE TITLE THERETO, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREUNDER.

In the event the Claim is ultimately allowed in an amount greater than the Purchased Amount, at Assignee's sole option and after written notice (the "Notice") provided to Assignor by Assignee, Assignor shall, and is hereby deemed to, sell to Assignee, and Assignee hereby purchases, all, or any portion specified in the Notice, of such excess claim at the same price (expressed as a percentage of claim) provided for hereunder. Assignee shall remit such payment to Assignor after delivery to Assignor of the Notice and upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any Impairment.

Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to the Claim, with the full power and authority to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and all other rights and remedies with respect thereto. Assignor further grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are coupled with an interest, and are therefore irrevocable, and are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defendthe Claim's validity or amount in the Proceedings. Assignor agrees to take such further actions, at its own expense, as requested by Assignee as necessary or desirable to effect the transfer of the Claim to Assignee (or its designees) and any payments odistributions on account of the Claim including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein, and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that (if received by Assignor) Assignor will hold such property in trust for the benefit of Assignee and will, at its own expense promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of, Assignor, Assignee and their respective successors and permitted assigns.

*Copy (pcm) file Court*
*09*

|||||||||||||||||||||||||| 922784

Assignor hereby further that Assignor shall n any transfer by Assignor, together with to 10.2 and interest of Assignor in to this Assignment, or any portion thereof or interest therein, without notice to or the consent of Assignor. Assignor may not assign the Claim or any of its right, title and interest in, to and under this Assignment, or any portion thereof or interest therein, without the prior written consent of Assignee, which the Assignee may grant or withhold in its discretion. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment. This Assignment may be executed in multiple counterparts, and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment must be brought in Federal court located in the State of New York or the State of New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder, Assignor waives any right to demand a trial by jury. *upon Payment of this Claim (pim)*

### CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to the Claim while Assignee performs its due diligence on the Claim. Assignee, in its sole and absolute discretion, may subsequently transfer the Claim back to the Assignor if the due diligence results are not satisfactory, in Assignee's sole and absolute discretion, by filing a notice pursuant Rule 3001(e) of FRBP transferring the Claim back to Assignor or withdrawing the transfer, and automatically at such time and in such event, each of Assignor and Assignee hereby release the other from all and any obligation or liability regarding this Assignment provided, however, that upon such re-transfer or withdrawal of transfer of the Claim, Assignor shall be obligated promptly to return to Assignee any payment made in respect of the Purchase Price. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001(e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this *upon Payment of this Claim (pim)* 4 day of August , 2007

Paul C Mathis

By: _Paul C Mathis_
Signature

**PAUL C. MATHiS**
Print Name/Title

Telephone # _248 - 443 - 1463_

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2007

Jim Yenzer
Liquidity Solutions, Inc. as agent for _____
201-968-0001

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TRANSFER NOTICE

Paul C Mathis ("Assignor"), transfers and assigns unto Liquidity Solutions, Inc., as agent for _____, with an address at One University Plaza, Suite 312, Hackensack, New Jersey 07601, its successors and assigns ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee (the "Agreement"), all of Assignor's right, title and interest in, to and under the Claim of Assignor as set forth in the Agreement against **DELPHI CORPORATION et Al.** (the "Debtor"), in the aggregate amount of **$415,969.62** , representing all claims of Assignor pending against the Debtor in the United States Bankruptcy Court, Southern District of New York, administered as Jointly Administered Case No. 05-44481.

IN WITNESS WHEREOF, Assignor has signed below as of the _____ day of _____, 2007

Paul C Mathis

_____
(Signature)

_____
(Print Name and Title)

REVENUE MANAGEMENT

_____
(Signature)

_____
(Print Name of Witness)

DELPHI CORPORATION et Al.
Paul C Mathis
Claim#: 8058

922784

*Copy (pim)*
*07* *file Court*