Hearing Date: September 27, 2007
Hearing Time: 10 a.m.

BARBARA S. MEHLSACK (BM1390)
GORLICK, KRAVITZ & LISTHAUS p.c.
17 State Street, 4th Floor
New York, NY   10004
212/269-2500
bmehlsack@gkllaw.com

Attorneys for International Union of Operating Engineers
Locals 18S, 101S and 832S (IUOE)

MARIANNE GOLDSTEIN ROBBINS
PREVIANT, GOLDBERG, UELMEN,
GRATZ, MILLER & BRUEGGEMAN s.c.
1555 N. RiverCenter Drive, Ste. 202
P.O. Box 12993
Milwaukee, WI   53212
414/271-4500
mgr@previant.com

Attorneys for:
International Brotherhood of Electrical Workers
Local Union No. 663 (IBEW) and the International
Association of Machinists, AFL-CIO, Tool and Die
Makers Local Lodge 78, District 10 (IAM)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

OBJECTIONS AND MEMORANDUM OF LAW IN SUPPORT OF
OBJECTIONS OF IUOE Locals 18s, 101s, 832s and IBEW LOCAL 663, IAM DISTRICT
10  TO DEBTOR'S THIRD SUPPLEMENT TO  KECP MOTION SEEKING AUTHORITY
TO CONTINUE ANNUAL INCENTIVE PLAN FOR SECOND HALF OF 2007

The International Union of Operating Engineers Locals 18s, 101s and 832s (IUOE)

and the International Brotherhood of Electrical Workers Local Union No. 663 (IBEW),

International Association of Machinists and Aerospace Workers, Tool and Die Makers
Local Lodge 78, District 10 (IAM) by their undersigned counsel herby object to the Debtor's
Third Supplement to the KECP motion seeking authority for a six months continuation of
the Annual Incentive Plan ( "AIP"). The IBEW, IAM and IUOE ("Unions") hereby object to
the Third  Supplement to KECP Motion filed by the Debtors because the Debtors have
failed  to meet the standard of proof required to authorize such payments.  Furthermore, in
view of the substantial sacrifices that the IBEW, IAM and IUOE represented employees
and retirees have recently agreed to make, the proposed continuation of the AIP Program
is neither fair nor equitable and therefore should be denied or deferred until conclusion of
this bankruptcy case.

### Background

1.     On August 16, 2007 this Court approved agreements between the  Unions
and the Debtors which provide for attrition programs and substantial concessions in the
terms and conditions of employment, including reductions in compensation and the
elimination of job security provisions as well as radical reductions in health and other
benefits for both continuing employees and retirees.  The majority of the Union represented
employees are in plants that Delphi contemplates closing as part of its transformation plan;
for those there are no choices.   For the rest, the agreements compel the covered
employees to make painful choices for their families and themselves.

2.     On September 6, 2007, the Debtor filed a proposed Plan of Reorganization
and Disclosure Statement which contemplates the Debtor  emerging from  bankruptcy by

2

the close of 2007 with a Management Compensation Plan that, according to Delphi, is intended to attract and retain high caliber management. .

<u>Applicable Legal Standards</u>

3.      This Court has already determined that continuation of a Key Employee Compensation Program (KECP) is not an ordinary course of business expense.  Therefore, under Section 363(b)(1) of the Bankruptcy Code such programs require court approval.  <u>In re Montgomery Ward Holding Corp.</u>, 242 BR 147, 153 (Bankr. D. Del. 1999).

4.      Under Section 363(b)(1) of the Code, Delphi must satisfy four criteria obtain court approval for its proposed KECP: (1) it must articulate a good business reason for the KECP, (2) it must provide factual evidence for such good business reason, (3) it must demonstrate apart from its good business reason that the particular KECP proposed will aid in reorganization, and (4) the KECP must fairly and reasonably balance equities inherent in Chapter 11 reorganization.  <u>In re Lionel</u>, 722 F.2d 1063, 1070-1071.  (2nd Cir. 1983).

5.      As a transaction involving compensation to insiders, the KECP should be subject to "rigorous scrutiny."  <u>Pepper v. Litton</u>, 308 U.S. 295, 308 (1939).  See also, <u>In re Trident Shipworks, Inc.</u>, 247 BR 856, 865-866 (M.D. Fla. 2000) (involving insider lease transaction).

6.      Among the appropriate considerations are avoidance of committing the estate to costly compensation arrangements in advance of a confirmation of plan reorganization.  <u>In re U.S. Airways</u>, 329 BR 793, 799-801.  (E.D. Va. 2005)

7.     The routine application of the business judgment rationale is not appropriate for a KECP program.   In re Regensteiner Printing Co., 122 BR 323 (N.D. Ill. 1990) (requiring proponents prove fairness to the estate and to creditors).

<u>Debtors Have Not Met Their Burden of Proof for Continuing
the AIP Program For The Second Half of 2007</u>

8.     The AIP program for the second half of 2007 cannot survive strict scrutiny in light of the Debtor's changed circumstances since the Court's approval of the last motion.

9.     The Debtors have failed to say why in light of their soon to be achieved emergence from bankruptcy and the proposed establishment of a Management Compensation Plan upon emergence there is a need for an additional sweetening of management's compensation pot at this point in time.

10.    The Debtor has failed to explain why an incentive program with some lower targets than the previous program is an exercise of sound business judgment, particularly at this stage of the Chapter 11 process.

11.    The Debtor has failed to explain why in light of these circumstances the second half AIP is needed for reorganization or is in the best interests of all stakeholders.

12.    Under these circumstances, the Debtor cannot explain how the Third Supplement AIP is fair and reasonable in light of the substantial sacrifices that have been made by the Union represented employees.

Conclusion

For the foregoing reasons, the IBEW, IAM and IUOE ask the court to deny Debtors' Motion for Authority to continue AIP for the second half of 2007.

4

Dated:      New York, NY
            September 21, 2007

                      /s/
                      BARBARA S. MEHLSACK (BM 1390)
                      GORLICK, KRAVITZ & LISTHAUS
                      17 State Street, 4th Floor
                      New York, NY  10004
                      bmehlsack@gkllaw.com

                      Attorneys for International Union of
                      Operating Engineers  Locals 18 S, 101 s, 832s.

                      MARIANNE G. ROBBINS
                      PREVIANT, GOLDBERG, UELMEN,
                      GRATZ, MILLER & BRUEGGEMAN s.c.
                      1555 N. RiverCenter Drive, Suite 202
                      P. O. Box 12993
                      Milwaukee, WI 53212
                      414/271-4500
                      Facsimile: 414/271-6308
                      mgr@previant.com

                      Attorneys for IBEW Local 663 and
                      IAM District 10