**HEARING DATE: September 27, 2007**

**HEARING TIME: 10:00 a.m.**

Attorneys for Victory Packaging L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) ) ) | |
| | ) | Chapter 11 |
| DELPHI CORPORATION, et al, | ) ) | |
| | ) | Case No. 05-44481 (RDD) |
| Debtors. | ) | Jointly Administered |
| | ) ) | |

**RESPONSE OF VICTORY PACKAGING L.P. TO
DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Victory Packaging L.P. ("Victory"), as and for its response to the Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification dated August 24, 2007 (the "Objection"), respectfully shows the Court as follows:

**Background**

1. Victory timely filed its proof of claim, which was assigned claim no. 11640 (the "Proof of Claim"). The Proof of Claim asserts an unsecured claim in the amount of $10,208,032.27 (the "Claim").

2. Invoices and other documents evidencing and setting forth the calculation of the component parts of this claim are not attached, however, they are available upon request and previously have been provided to the Debtors.

3. Among other things, Victory delivered goods to the Debtor at the Debtor's request and provided certain services to the Debtor, all pursuant to a written Packaging Commodity Management Agreement, dated as of December 19, 2003, as amended by that certain Settlement Agreement, (Revision 1, dated September 14, 2005) (collectively, the "Agreement"). True copies of each of the agreements have been supplied to the Debtors.

4. The total amount of the Claim is $10,208,032.00;

   a. goods sold and delivered - $3,423,435.18;

   b. inventory storage fee - $39,937.16;

   c. aged inventory invoices prior to October 8, 2005 - $430,368.93;

   d. aged inventory purchased prior to October 8, 2005, but aged after October 8, 2005- $627,989; and

   e. cost savings - $5,686,302.00.

**Amount of Claim**

5. In the Objection, Debtors asset that the Claim is a "Modified Claim Asserting Reclamation" and seek to classify $658,509.45 of the Claim as a "Priority" claim and reduce the balance of the Claim to $3,525.426.66 and classify same as a "General Unsecured" claim.

6. To the extent the Objection seeks to reduce the amount of the Claim or reclassify any part of the Claim, it should be overruled.

7. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr: P. 3001(f).  As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

8. The Debtors acknowledge their burden to present evidence to overcome the *prima facie* validity of the Claim, but make virtually no effort to meet that burden. Instead, they only assert that "the Debtors' books and records refute that the claims asserted in each Claim Subject to Modification are actually owed by any of the Debtors." (Objection at 20). This unsworn statement is not accompanied by any supporting evidence. Accordingly, the Objection should be overruled, as Debtors have failed to meet their burden of going forward with evidence.

9. Moreover, the Objection is unfounded on the merits, as the Debtors have failed to identify any particular disagreement with the evidence supporting the Proof of Claim.  Finally, by virtue of the Debtors' failure to provide such evidence, Victory is unable to respond specifically to any purported discrepancies in the parties' books and records.

10. The Debtors have not refuted the allegations set forth in the Proof of Claim, nor provided any legal or factual basis, whatsoever, to overcome the presumption of validity of such Proof of Claim.

**Conclusion**

11.     With respect to the Proof of Claim, Victory opposes any modification to the claim amount and classification, and requests that the Court allow the Claim in full, as asserted (both as to amount and classification).

12.     The Debtors have shown no basis, whatsoever, for reduction or reclassification of the Disputed Modified Claims; nor is Victory aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objections (at which time Victory would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, the Disputed Modified Claims should be allowed as filed in full.

13.     Victory reserves the right to amend or supplement this Response.

Dated:  New York, New York
        September 21, 2007

                                Respectfully submitted,
                                Thompson & Knight LLP


                                By:    /s/ Ira L. Herman
                                       Ira L. Herman (ILH-2105)

                                919 Third Avenue
                                New York, NY 10022
                                Tel (212) 751-3001
                                Fax (212) 751-3113
                                ira.herman@TKlaw.com


                                Attorneys for Victory Packaging L.P.