UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                 :        Chapter 11
:
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
:
                     Debtors.     :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:

       Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (the "Twenty-First Omnibus Claims Objection"), dated September 21, 2007, a copy of which is enclosed (without exhibits). The Debtors' Twenty-First Omnibus Claims Objection is set for hearing on October 25, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-FIRST OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 18, 2007. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Twenty-First Omnibus Claims Objection identifies twelve different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are either duplicates of other Claims or have been amended or superseded by later-filed Claims.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Insufficiently Documented Claims" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

The Claim identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" is a Claim that did not contain sufficient supporting documentation, making it impossible for the Debtors meaningfully to review the asserted Claim, and was also not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and was also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Books And Records Tax Claims" are those Claims filed by taxing authorities that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Claims" are those Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Tax Claims" are those Claims filed by taxing authorities that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

The Claim identified as having a Basis For Objection of "Tax Claim Subject To Modification" is the Claim filed by a taxing authority that the Debtors have determined is overstated.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtor, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement whereby the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant has consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Twenty-First Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Twenty-First Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-First Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on October 18, 2007. Your Response, if any, to the Twenty-First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed; (ii) the name of the claimant and a brief description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-First Omnibus Claims Objection; (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim; (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the October 25, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on October 25, 2007 at 10:00 a.m. (prevailing Eastern time).

   IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

   The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-FIRST OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-FIRST OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

                           [Claimant Name]
                            [Address 1]
                            [Address 2] [Address 3]
                            [City], [State] [Zip]
                            [Country]

Dated:  New York, New York
    September 21, 2007