**Hearing Date: September 28, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :
    In re                             :        Chapter 11
                                     :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                     :
                  Debtors.     :        (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' SUPPLEMENTAL REPLY IN SUPPORT OF DEBTORS' OMNIBUS
OBJECTIONS PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
<u>TO CERTAIN UNTIMELY CLAIMS</u>

("DEBTORS' SUPPLEMENTAL REPLY IN SUPPORT OF
OBJECTIONS TO UNTIMELY CLAIMS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Supplemental Reply In Support Of Debtors' Omnibus Objections Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Untimely Claims (the "Supplemental Reply").  In support of this Supplemental Reply, the Debtors submit the Declaration Of Noticing Agent Regarding Service Of Notice Of Bar Date, executed and sworn to by Eric Kurtzman, Chief Executive Officer of Kurtzman Carson Consultants LLC ("KCC"), the noticing agent in these chapter 11 cases, on September 20, 2007 (the "Kurtzman Declaration"), a copy of which is attached hereto as Exhibit A.  In further support of this Supplemental Reply, the Debtors respectfully represent as follows:

Preliminary Statement

1. On April 12, 2006, this Court entered the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) and Fed.R.Bankr.P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order") setting July 31, 2006 as the bar date in these chapter 11 cases (the "Bar Date").  Pursuant to the Bar Date Order certain claimants were required to file a proof of claim by the Bar Date, or risk having their claims barred.  The Debtors mailed the Bar Date Notice and proof of claim forms to, among others, all creditors that were listed on its Schedules Of Assets And Liabilities (the "Schedules") and to all entities that had potential claims against the Debtors (which lists were combined to form the "Creditor Matrix").  See Kurtzman Decl. at ¶ 2.  In addition, individual mailings to entities on the Creditor Matrix, the Debtors published the Bar Date Notice in 38 different newspapers, whose distributions covered local, state, national and/or international markets, and electronically posted the Bar Date

2

Notice on the Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.  See Kurtzman Decl. at ¶ 5.

2.      The following claimants did not adhere to the Bar Date Notice and filed their claims after the Bar Date ("Late-Filed Claims").

| Date Filed | Proof Of Claim Number | Claimant | Amount | Nature Of Claim |
|---|---|---|---|---|
| 12/14/2006 | 16454 | Clark, Thomas & Winters, P.C. ("CTW") | $20,513.17 | General unsecured claim against Delphi, arising from alleged prepetition unpaid legal fees and expenses provided to Delphi. |
| 10/24/2006 | 16384 | Stephanie Gray | $1 million | General unsecured claim against Delphi, based on Gray's alleged liability as a Delphi employee for damages she may be liable for in a personal injury suit filed by James Hutz. |
| 01/08/2007 | 16474 | David Wright | $76,315.70 | General unsecured claim against Delphi, arising from alleged monetary damages based on COBRA and ERISA claims. |
| 08/21/2006 | 13806 | US Xpress Enterprises, Inc. Eft ("US Xpress") | $72,704.52 | General unsecured claim against Delphi, arising from alleged prepetition amounts owed for goods sold to the Debtors. |

3.      Between January 12, 2007 and August 24, 2007, the Debtors filed a series of omnibus claims objections (the "Omnibus Claims Objections") seeking to disallow and expunge, among others, the Late-Filed Claims because they were untimely filed pursuant to the Bar Date Order.

4.      On September 6, 2007, the Debtors filed their joint plan of reorganization (the "Plan").  The Plan, which is based upon a series of global settlements and compromises that

3

involve every major constituency in the Debtors' reorganization cases, is contingent on certain trade claims and other unsecured claims being allowed or estimated for distribution purposes by this Court to be no more than $1.7 billion. This amount was determined following negotiations between the Debtors, the plan investors who are supporting the Plan, the statutory committees appointed in these cases, and other major stakeholders. These parties agreed on this amount based on an analysis of the over 16,000 proofs of claim that were timely filed by the Bar Date.

## Argument

I. Holders Of Late-Filed Claims Were Properly Served With And Are Presumed To Have Received The Bar Date Notice

5.  US Xpress, CTW, and Mr. Wright each assert that they did not receive the Bar Date Notice. Yet they have failed to present any objective evidence that the Bar Date Notice was not mailed, was mailed to an inaccurate address, or was returned as undeliverable.[1]

6.  An assertion that a Bar Date Notice was not received does not, by itself, rebut the presumption of proper service. See Hagner v. U.S., 285 U.S. 427, 430 (1932) ("proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); In re Mid-Miami Diagnostics, L.L.P., 195 B.R. 20, 22 -23 (Bankr. S.D.N.Y. 1996) ("A creditor's denial of receipt, standing alone, does not rebut the presumption that the mail was received, but merely creates a question of fact."). "While the presumption [of receipt] is a rebuttable one, it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption and not by a mere affidavit to the contrary." In re Dana Corp., No. 06-10354, 2007 WL 1577763, *4 (Bankr.S.D.N.Y. May 2007).

---

[1] Ms. Gray does not dispute receipt of the Bar Date Notice.

7. Pursuant to the Bar Date Order, on April 20, 2006 the Debtors mailed notice of the Bar Date (the "Bar Date Notice") and proof of claim forms to the holders of Late-filed Claims via First Class mail at the addresses listed below [2]:

| | |
|---|---|
| Clark Thomas & Winters PC<br>PO Box 1148<br>Austin TX 78767 | US Xpress Enterprises Inc<br>PO Box 403713<br>Atlanta GA 303843713 |
| Clark Thomas & Winters PC<br>PO Box 1148<br>Austin TX 78767 | US Xpress Enterprises Inc Eft<br>4080 Jenkins Rd<br>Chattanooga TN 37421 |
| Muren Stephanie[3]<br>16970 Wing Rd<br>Chagrin Falls OH 44023 | US Xpress Enterprises Inc Eft<br>Scac Vict Fmly Victory Express<br>4080 Jenkins Rd<br>Chattanooga TN 37421 |
| Muren Stephanie<br>9611 E Idlewood Dr<br>Twinsburg OH 44087 | US Xpress Enterprises Inc<br>Rmt Add Chg 8 16 05 Cm<br>4080 Jenkins Rd<br>Chattanooga TN 37421 |
| US Xpress Enterprises Inc<br>PO Box 403713<br>Atlanta GA 30384-3713 | Wright David<br>165 W US 36<br>Pendleton IN 46064 |

See Kurtzman Decl. at ¶ 2.

8. Setting aside the fact that US Xpress, CTW, and Mr. Wright were properly served with the Bar Date Notice by mail, they were also given notice by publication. The Bar Date Notice was published in 38 national and international newspapers. In addition, the Bar Date Notice was published electronically through posting on the Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006. See Kurtzman Decl. at 2-3.

---

[2] If the Debtors' records reflected multiple addresses, or slightly different names for a particular entity, the Bar Date Notice was served on each of these names and addresses separately. See Kurtzman Decl. at 2.

[3] Stephanie Muren is also known by Delphi as Stephanie Gray.

5

9. Thus, because US Xpress, CTW, and Mr. Wright are each presumed to have received the Bar Date Notice, they were obligated to follow the procedures referenced therein to file a proof of claim, or risk having their claims barred. Consequently, the Late-Filed Claims of US Xpress, CTW, and Mr. Wright should be disallowed and expunged.

II. Holders Of Late-Filed Claims Have Not Met Their Burden Of Proof For Establishing Excusable Neglect

10. None of the holders of the Late-Filed Claims have met their burden to establish excusable neglect. See In re R.H. Macy & Co., Inc., 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993) ("the burden of proving 'excusable neglect' is on the creditor seeking to extend the bar date"). Rule 9006(b)(1) empowers bankruptcy courts to permit a late filing if the movant's failure to comply with an earlier deadline "was the result of excusable neglect." The United States Supreme Court has outlined factors to be considered in determining whether there is excusable neglect on the part of the moving party. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (holding that a courts are permitted to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control). In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. The Second Circuit applied the factors set forth in Pioneer and noted that "reason for the delay" is the most important factor in the analysis. Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 123 (2d Cir. 2005). As demonstrated below, these factors weigh heavily in favor of the Debtors' request for entry of an order disallowing and expunging the Late-Filed Claims.

6

11.     US Xpress, CTW, Mr. Wright, and Ms. Gray all fail to assert that their filing of an untimely claim was the result of excusable neglect.  US Xpress, CTW, and Mr. Wright do not offer any explanation for failing to file a timely claim.  Ms. Gray merely asserts that her untimely claim is not prejudicial to the Debtors, but her assertion is without merit.  All four of these claimants have failed to meet their burden of proof for establishing excusable neglect.

12.     Ms. Gray asserts that her untimely claim relates to the substance of the timely filed claim of James Hutz.  Mr. Hutz's claim, however, does not reference Ms. Gray and thus the Debtors' had no notice of Ms. Gray's additional post-Bar Date assertion of liability.[4]

13.     The Debtors would be prejudiced if the Late-Filed Claims are not disallowed and expunged.  Courts have often looked primarily to concerns about opening the floodgates to similar late-filed claims as a reason not to allow late claims.  See, e.g., In re Enron Corp., 419 F. 3d 115, 132 (2d Cir. 2005); In re Kmart Corp., 381 F.3d 709, 714 (7th Cir. 2004) (noting that if court allowed all similar late-filed claims, "Kmart could easily find itself faced with a mountain of such claims"); Enron Creditors Recovery Corp., __ B.R. __, 2007 WL 1705653, at *10-11 (Bankr. S.D.N.Y. June 13, 2007) ("It can be presumed in a case of this size with tens of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any deluge of motions seeking similar relief would prejudice the Debtors' reorganization process." (citation omitted)); In re Dana Corp. 2007 WL 1577763, *6 (Bankr.S.D.N.Y. 2007) ("the floodgates argument is a viable one").  Although the Late-Filed Claims may each be only one of thousands, a ruling that does not disallow and expunge the Late-Filed Claims may inspire

---

[4]     Although the claims of Ms. Gray and Mr. Hutz arise from the same incident, they are separate and distinct claims.  Ms. Gray and Mr. Hutz assert different theories of liabilities in their claims against the Debtors and the Debtors have different defenses to each of those claims.

7

many other similarly situated potential claimants to file motions seeking to extend the time to file a claim. Failure to enforce the Bar Date in this instance may also call into question the Debtors' efforts to enforce its bar date with respect to the 864 claims that have already been filed after the Bar Date in these chapter 11 cases.

        14.    In addition, although the Debtors' proposed Plan provides for general unsecured creditors to receive the principal amount of their claims plus accrued interest at a negotiated Plan value, that Plan is contingent on certain trade claims and other unsecured claims being allowed or estimated for distribution purposes by this Court to be no more than $1.7 billion. Consequently, the Debtors have worked to reconcile and resolve their claims pool on an expedited basis, devoting a significant amount of time and resources to the claims resolution process. The Debtors have made great strides in reconciling the claims against them, and have objected to over 80% of the claims (not including those that have been examined and determined to require no objection). The year since the Bar Date has brought great progress towards the Debtors' emergence from chapter 11 protection. Opening the door to late claims such as the Late-Filed Claims would be severely detrimental to that progress and threaten the Debtors' ability to emerge from chapter 11 as anticipated.

        15.    The holders of Late-Filed Claims have provided no evidence of extenuating circumstances that might rise to the level of excusable neglect relating to their failure to timely file a proof of claim. Because the holders of the Late-Filed Claims presumptively received the Bar Date Notice, and have not established excusable neglect, the Late-Filed Claims should be disallowed and expunged.

05-44481-rdd    Doc 9543    Filed 09/21/07    Entered 09/21/07 20:40:34    Main Document
Pg 9 of 9

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Late-Filed Claims and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       September 21, 2007

                                                SKADDEN, ARPS, SLATE, MEAGHER
                                                & FLOM LLP

                                                By:   /s/ John Wm. Butler, Jr.
                                                           John Wm. Butler, Jr. (JB 4711)
                                                           John K. Lyons (JL 4951)
                                                           Ron E. Meisler (RM 3026)
                                              333 West Wacker Drive, Suite 2100
                                              Chicago, Illinois  60606
                                              (312) 407-0700

                                              - and -

                                              By:   /s/ Kayalyn A. Marafioti
                                                           Kayalyn A. Marafioti (KM 9632)
                                                           Thomas J. Matz (TM 5986)
                                              Four Times Square
                                              New York, New York  10036
                                              (212) 735-3000

                                              Attorneys for Delphi Corporation, et al.,
                                                Debtors and Debtors-in-Possession