Hearing Date: September 27, 2007<br>
Time: 10:00 am<br>
Objection Deadline: September 20, 2007<br>
Time: 4:00 pm

BUCHANAN INGERSOLL & ROONEY PC
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
William H. Schorling, Esq. (WS-6322)
DeWitt C. Brown, Esq. (DB-5720)

*Attorneys for Arkema Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:                                                       :   Chapter 11
                                                             :
                                                             :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                                  :
                                                             :   (Jointly Administered)
                        Debtors.                             :
------------------------------------------------------------ X

## DECLARATION OF JOHN LUTZ IN SUPPORT OF ARKEMA INC.'S MOTION FOR LEAVE TO FILE LATE CLAIM

The undersigned makes this declaration of his own personal knowledge.

1. This Declaration is filed in support of Arkema Inc.'s Motion for Leave to File Late Claim (the "Motion").

2. I am a legal assistant in the litigation group in the Legal Department of Arkema Inc., over the age of 18 and competent to make this declaration based on my own personal knowledge. My business address is 2000 Market Street, 26th Floor, Philadelphia, PA 19103.

3. Arkema is a chemical company that supplied Delphi – and continues to supply the Debtors – with engineering polymers and acrylic resins.

4. Arkema has a relatively small in-house law group; the litigation group has just one (1) full-time litigation attorney and two legal assistants including me. It does not have any in-house bankruptcy expertise. However, I and the in-house litigation attorney have received basic bankruptcy training, which includes procedures for the filing of proofs of claims. I am responsible for preparing Arkema's proofs of claim and have worked for Arkema since 1994, and have handled its bankruptcy filings since 2001.

5. In late April of 2006, I began the process of preparing Arkema's proofs of claim to be filed in the Delphi case. On April 24, 2006, Arkema received six separate Notices of Bar Date from the Debtors and on April 25, 2006, Arkema received three additional Notices of Bar Date from the Debtors. The Notices of Bar Date arrived in separate envelopes, and were addressed to different entities that were either divisions of, or predecessors to, Arkema Inc. The Notices also came from two different debtor entities. True and correct copies of the Notices are attached to the Motion as Exhibits A1 through A9.

6. Other than having been sent to different Arkema-affiliated entities, the nine Notices of Bar Date appeared to me to be identical and entirely duplicative.

7. Unbeknownst to me, six of the nine notices had only blank forms for proofs of claim, while the three others showed the claim as contingent, unliquidated and/or disputed.

8. When I began to prepare Arkema's proof of claim, the Notices of Bar Date which I read and upon which I relied had attached only a *blank* proof of claim.

9. In accordance with my training, and to streamline the claims process and avoid unnecessary disputes or delays, I sought to reconcile Arkema's internally listed amount with the Debtors' own schedules. As directed by the Debtors' Notice of Bar Date, I searched for information regarding Arkema's claim on the Debtors' official website

(www.delphidocket.com).  (*See* Exhibit A1 to the Motion at paragraph 8 for direction to official website).

10. On April 27, 2006, after logging onto the Debtors' website, I located a page called creditor/CreditorData.asp.  I printed out the creditor page with Arkema's information (the "Creditor Data page," a true and correct copy of the page printed out on April 27, 2006 is attached as Exhibit B to the Motion).

11. The Creditor Data page for Arkema from Delphi's official website listed Arkema's predecessor company (Atofina Chemicals, Inc.) as having a "General Unsecured Claim," with a "Scheduled Amt [sic]" of $33,043.50 on Schedule F.  The Creditor Data page also had a box which asked and answered the following questions:

> Creditor Info Altered? N
> Objection Filed? N

*12.* Nowhere in this Creditor Data page did it indicate that Arkema's claim was either unliquidated or disputed.  Nor did the Creditor Data page direct the viewer to any other page to obtain additional, more detailed information.  To the contrary, the Creditor Data page obtained from the Debtors' official website indicated to me that Arkema had a scheduled and undisputed claim in that amount of $33,043.50.

13. After seeing that the scheduled amount of Arkema's claim ($33,043.50) was less than the unpaid amount appearing in Arkema's internal credit files, I sought to reconcile the amounts. I determined that although Arkema's records showed that more was due Arkema, the discrepancy was not material.

14. Paragraph 4 of Debtors' Notice of Bar Date states that "you do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a) Any Person or Entity (i) which agrees with the nature, classification, and amount of the Claim set forth in the Schedules and (ii) whose Claim against the Debtor is not listed as 'disputed,' 'contingent,' or 'unliquidated' in the Schedules . . . ."

15. Based on the instruction in The Notice of Bar Date (paragraph 4), and my bankruptcy training and relying on the Creditor Data page, I understood that it was not necessary to file a proof of claim in the Delphi Cases if Arkema was not going to dispute the amount listed in the Debtors' schedules, because I understood that the Debtors had scheduled Arkema's claim in the amount of $33,043.50 without dispute or objections.

16. In the interest of streamlining the claims process, to avoid any confusion – which I feared could be caused either by a discrepancy between the amounts of the debt in Arkema's and the Debtors' books, or by a possible misidentification of the debtor entities in the proof of claim – and because I had determined that the discrepancy was not material, I decided not to file a proof of claim, but instead relied on the fact that the Debtors had apparently scheduled Arkema's claim without objections.

17. As a result of my understanding of the information contained on the Debtors' official website that Arkema's claim was listed for $33,043.50 and was not listed as disputed or contingent, Arkema did not file a proof of claim prior to the deadline for filing claims.

18. On or about July 24, 2007, Arkema learned that the Debtors had issued a news release stating that before the end of the year, the Debtors would file a plan of reorganization that would "satisfy in full" claims of the unsecured trade creditors.

19. At that point, my supervisor searched for Arkema's proof of claim to determine how much Arkema might receive at the conclusion of the bankruptcy cases. I advised my supervisor why the proof of claim had not been filed.

20. In order to confirm the precise amount of the claim scheduled by the Debtors, I, together with my supervisor, called Kurtzman Carson Consultants LLC, the entity that processes claims against the Debtors.  The Kurtzman representative stated that the claim listed for Arkema on Debtors' schedule F was scheduled as "unliquidated and disputed."

21. Arkema promptly contacted outside bankruptcy counsel.

22. A copy of the Proof of Claim which Arkema proposes to file is attached to the Motion as Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
                                       John Lutz

Executed on: September 24, 2007.