**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (ID-9980)
590 Madison Avenue
New York, New York 10022-2524
Telephone: 212-872-1000
Facsimile: 212-872-1002

-and-

David M. Dunn (DD-3220)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-887-4000
Facsimile: 202-887-4288

Counsel for the TAI Unsecured Creditors Liquidating Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| DELPHI CORPORATION, *et al*., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**RESPONSE OF THE TAI UNSECURED CREDITORS LIQUIDATING TRUST TO THE DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION**

The TAI Unsecured Creditors Liquidating Trust (the "Trust"), as the estate representative of Tower Automotive, Inc. and certain of its subsidiaries and affiliates (collectively, "Tower") for purposes of the claims asserted against the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), respectfully submits the following response to the DEBTORS' TWENTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED CLAIMS, (B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIMS, AND (E) CLAIMS

SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CONSENSUALLY MODIFIED AND REDUCED TORT CLAIMS, AND LIFT STAY PROCEDURES CLAIM SUBJECT TO MODIFICATION (the "Twentieth Omnibus Objection").

**Background Relevant to Tower's Claims**

1. On February 5, 2005, Tower filed voluntary petitions for relief under Chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Tower's bankruptcy proceedings were jointly administered under Case No. 05-10578 (ALG). The First Amended Plan of Tower Automotive, Inc., and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code with Technical Modifications (the "Plan") was confirmed on July 11, 2007, and went effective on July 31, 2007 (the "Effective Date"). Pursuant to Article IX of the Plan, the Trust was established on the Effective Date.

2. In Article IX of the Plan, the Trust was appointed as the estate representative, within the meaning of section 1123(b) of the Bankruptcy Code, for a number of purposes, including pursuing certain claims against entities to which Tower made avoidable transfers prior to the commencement of its cases. The right to pursue claims against the Debtors for the benefit of the Trust's beneficiaries was one of the rights bestowed on the Trust. Any further pleadings relating to Tower's claims against the Debtors should be served on the following individuals:

Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
Telephone: 212-872-1000
Facsimile: 212-872-1002

-and-

David M. Dunn
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington D.C. 20036
Telephone: 202-887-4000
Facsimile: 202-887-4288

3. On October 8 and 14, 2005, the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code. The Debtors' bankruptcy proceedings are being jointly administered under Case No. 05-44481 (RDD).

4. On July 31, 2006, Tower timely filed Tower Claim No. 15221 (the "Tower Claim"), listing the claimed amount as "unliquidated," but in the attachment thereto explaining that the Tower Claim was premised upon, *inter alia*, "Tower Automotive's rights to recover any preferential transfers pursuant to 11 U.S.C. § 547." A true copy of the Tower Claim is annexed hereto as Exhibit A.

5. On October 31, 2006, the Debtors filed the DEBTORS' (I) THIRD OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) CLAIMS WITH INSUFFICIENT DOCUMENTATION, (B) CLAIMS UNSUBSTANTIATED BY DEBTORS' BOOKS AND RECORDS AND (C) CLAIMS SUBJECT TO MODIFICATION AND (II) MOTION TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS PURSUANT TO 11 U.S.C. § 502(c) (the "Third Omnibus Objection"). In the Third Omnibus Objection, the Debtors objected to the Tower Claim as "unsubstantiated."

6. On November 22, 2006, Tower filed a timely response (the "Response") to the Debtors' Third Omnibus Objection. In the Response, Tower reiterated that the Tower Claim sought recovery of certain avoidable transfers to the Debtors, including those recoverable under

section 547(b) of the Bankruptcy Code. The Debtors subsequently adjourned the hearing on the Third Omnibus Objection and, to date, the objection remains outstanding.

7. On December 6, 2006, this Court entered an ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANK. P. 2002(m), 3007, 7016, 7026, 9006, 9007 AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS (the "Claim Objection Procedures Order").

8. On January 22, 2007, Tower filed a Motion for Relief from Stay (the "Stay Motion") with this Court seeking, among other things, leave to timely initiate an adversary proceeding against the Debtors to recover the transfers set forth in the Tower Claim, and to do so prior to the expiration of the applicable statute of limitations period under section 546(a) of the Bankruptcy Code.

9. On February 2, 2007, Tower and the Debtors entered into a stipulation resolving the Stay Motion, an executed copy of which is annexed hereto as Exhibit B. In the Stipulation, the parties agreed that the Tower Claim was timely submitted, that it sought the recovery of avoidable transfers, and that it would be resolved through the claims reconciliation process in the Debtors' chapter 11 cases (as outlined by the Claim Objection Procedures Order), rather than through an adversary proceeding in Tower's chapter 11 proceedings. The Stipulation also provided that the Tower Claim could be amended in any manner permitted by applicable law.

10. On March 19, 2007, Tower timely filed Amended Claim No. 16573 (amending Claim No. 15221) in the amount of $14,540,878.50 (the "Amended Tower Claim"). Consistent with the basis for the Tower Claim, the Amended Tower Claim contains an itemized list of all

the avoidable transfers made by Tower to the Debtors, which transfers total $14,540,878.50 in the aggregate. A true copy of the Amended Tower Claim is annexed hereto as Exhibit C.

11. On August 24, 2007, the Debtors filed the Twentieth Omnibus Objection. Through the Twentieth Omnibus Objection, the Debtors seek an order from this Court permitting the disallowance and expungement of certain claims filed against the Debtors' estates on procedural grounds. In Exhibit C-2 to the Twentieth Omnibus Objection, the Debtors seek to disallow and expunge the Amended Tower Claim on the basis that it is an "untimely books and record claim."

**Response**

12. After the filing of the Twentieth Omnibus Objection, counsel for the Trust contacted Debtors' counsel to discuss, *inter alia*, the basis for the objection and the relationship of the Amended Tower Claim to the Tower Claim and Stipulation. In order to provide adequate time to complete such discussions, an extension of the deadline to respond to the Twentieth Omnibus Objection was granted until the date hereof.

13. As a result of the discussions between counsel the Debtors will not be pursuing their procedural objections to (i) the timeliness of the Amended Tower Claim, or (ii) the absence of the asserted liability underlying the Amended Tower Claim from the Debtors' books and records.[1] Instead, the hearing on the Twentieth Omnibus Objection shall be adjourned as to the Amended Tower Claim and the parties will proceed with an adjudication on the merits of the Amended Tower Claim in accordance with the Claim Objection Procedures Order. In an

[1] The Amended Tower Claim merely provided additional documentation of the claims expressly identified in the timely filed Tower Claim. Moreover, it is self-evident why claims based upon the recovery of avoidable transfers would not be included within the Debtors' books and records.

abundance of caution, however, the Trust hereby reserves the right to respond to the subsequent assertion by the Debtors of any non-merits based objection(s) to the Amended Tower Claim.

Dated: New York, New York
September 24, 2007

Respectfully submitted,

TAI Unsecured Creditors Liquidating Trust
By its Counsel,

**AKIN GUMP STRAUSS HAUER & FELD LLP**
By:

/s/ Ira S. Dizengoff______________
Ira S. Dizengoff (ID-9980)
590 Madison Avenue
New York, New York 10022-2524
Telephone: 212-872-1000
Facsimile: 212-872-1002

-and-

David M. Dunn (DD-3220)
1333 New Hampshire Avenue, N.W.
Washington D.C. 20036
Telephone: 202-887-4000
Facsimile: 202-887-4288