FORM B10 (Official Form 10) (10/05)

| United States Bankruptcy Court SOUTHERN District Of NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|
| **Name of Debtor**<br>Delphi Corporation and<br>Delphi Automotive Systems, LLC | **Case Number**<br>05-44481<br>05-44640 |

This Space For Court Use Only

Claim #16573
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

Tower Automotive, Inc.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Address where notices should be sent:**

Tower Automotive, Inc.
c/o Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
**MAR 19 2007**
**KURTZMAN CARSON**

This Space For Court Use Only

Telephone Number: (312) 861-2000

Last four digits of account or other number by which creditor identifies debtor:

Check here  ☐ replaces
if this claim  ☒ amends    a previously filed claim dated: 07/27/06
Claim No. 15221

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other    Please see the attached Exhibits

☐ Retired benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS#: _____
Unpaid compensation for services performed
from _____ to _____
    (date)                  (date)

**2. Date debt was incurred:**
February 2, 2005

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $14,540,878.50**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 407(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(5).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle    ☒ Other - Setoff
Value of Collateral $
Amount of arrearage and other charges <u>at the time case filed</u> included in secured claim, if any:  $Please see the attached Exhibits

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Total Amount of Claim at Time Case Filed:**    See attached    See attached.    _____    See attached Exhibits.
                                        (Unsecured)    (Secured)    (Priority)    (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** This amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SENT ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclosed a stamped, self-addressed envelope and copy of this proof of claim.

This Space For Court Use Only
**RECEIVED**
**MAR 14 2007**
**CLAIMS PROCESSING CENTER**
**USBC, SDNY**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>Kathy Johnston<br>Senior Vice President for Tower Automotive, Inc. |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for*

1351974_1.DOC

0544640070314000000000002

MAR-09-07   08:29AM   FROM-Tower Automotive                2486756483           T-393   P.002/007   F-625

FORM B10 (Official Form 10) (10/05)

| United States Bankruptcy Court SOUTHERN | District Of NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|---|
| | | This Space For Court Use Only |

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation and | 05-44481 |
| Delphi Automotive Systems, LLC | 05-44640 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Tower Automotive, Inc.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and Address where notices should be sent:

Tower Automotive, Inc.
c/o Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone Number: (312) 861-2000

Last four digits of account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☒ amends a previously filed claim dated: 07/27/06 Claim No. 15221

This Space For Court Use Only

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other   Please see the attached Exhibits

   ☐ Retired benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS#: _____
   Unpaid compensation for services performed
   from _____ to _____
             (date)         (date)

2. Date debt was incurred:
   February 2, 2005

3. If court judgment, date obtained:

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
   See reverse side for important explanations.

   Unsecured Nonpriority Claim $14,540,878.50
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

   Unsecured Priority Claim.
   ☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 407(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(5).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   Secured Claim.
   ☒ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle   ☒ Other - Setoff
   Value of Collateral $_____
   Amount of arrearage and other charges at the time case filed included in secured claim, if any: $Please see the attached Exhibits

   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. Total Amount of Claim at Time Case Filed:   See attached   See attached.                       See attached Exhibits.
                                                (Unsecured)    (Secured)   (Priority)                (Total)
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Date-Stamped Copy: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 3/8/07 | Kathy Johnston /s/ Kathy Johnston |
| | Senior Vice President for Tower Automotive, Inc. |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1351974_1.DOC

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | **PROOF OF CLAIM** |
|---|---|---|
| In Re: DELPHI CORPORATION, Debtor. | Chapter 11 Case No. 05-44481 (RDD) | |
| Name of Debtor Against Which Claim is Held DELPHI AUTOMOTIVE SYSTEMS LLC | Case No. of Debtor 05-44640 | ☒ Date Stamped Copy Returned <br> ☐ No self addressed stamped envelope <br> ☐ No copy to return <br> Claim #15221 <br> USBC SDNY <br> Delphi Corporation, et al. <br> 05-44481 (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name and address of Creditor: <br> Tower Automotive, Inc. <br> c/o Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> Telephone: (312) 861-2000 <br> Telecopier: (312) 861-2200 <br> Attn: Ryan B. Bennett, Esq. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check box if you have never received any notices from the bankruptcy court in this case. <br><br> ☒ Check box if the address differs from the address on the envelope sent to you by the court. | **RECEIVED** <br><br> AUG 1 1 2006 <br><br> KURTZMAN CARSON |

Account or other number by which creditor identifies debtor:

Check here if this claim: ☐ replaces ☐ amends a previously filed claim

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  Please see Exhibit A  (explain)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last Four Digits of your SS#: _____
   Unpaid compensation for services performed
   from _____ to _____
       (date)           (date)

2. **Date debt was incurred:** February 2, 2005

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ Please see Exhibit A + $ Please see Exhibit A + $ _____ = $ Please see Exhibit A
   (unsecured nonpriority) (secured) (unsecured priority) (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☒ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☒ Other  Setoff
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ Please see Exhibit A

6. **Unsecured Nonpriority Claim:** Please see Exhibit A
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries or commissions (up to $4,925), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(1).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date <br> July 27, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br> *Kathy Johnston* <br> Kathy Johnston <br> Senior Vice President for Tower Automotive, Inc. |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonm



0544640060731000000000234

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELPHI AUTOMOTIVE SYSTEMS LLC | ) Case No. 05-44640 -RDD |
| | ) |
| Debtor. | ) |

### PROOF OF CLAIM OF TOWER AUTOMOTIVE, INC.[1]

1.    Tower Automotive, Inc. (together with its direct and indirect domestic subsidiaries, the "Claimant") is a creditor of the above-captioned debtor (the "Debtor") in the above-captioned proceedings pending in the U.S. Bankruptcy Court for the Southern District of New York (Manhattan), docketed under Case No. 05-44640-RDD. Kathy Johnston is duly authorized to file this Proof of Claim on behalf of the Claimant.

2.    The Claimant expressly reserves the right to amend, modify and/or supplement this Proof of Claim at any time for whatever reason, including, without limitation, for the purpose of filing additional claims and/or to specify the amount of the Claimant's contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated. By virtue of filing this Proof of Claim, the Claimant does not waive, and hereby expressly reserves, its right to pursue claims including, but not limited to, the claims described herein against the Debtor, based upon alternative legal theories.

3.    By virtue of filing this Proof of Claim, the Claimant does not, and this Proof of Claim shall not be deemed to be, consent to the jurisdiction of this Court. The Claimant does not waive its right to dispute the jurisdiction of this Court to hear any proceeding, motion or other matter related to this Proof of Claim or any other rights of the Claimant apart from this Proof of Claim.

4.    The Debtor was, at the time of the filing of the petition initiating this case, and still is indebted and liable to Claimant as described herein.

### Claim

5.    Claimant hereby asserts a secured claim in an unknown amount.

6.    Claimant hereby further asserts an unsecured nonpriority claim in an unliquidated amount relative to Tower Automotive's rights to recover any preferential transfers pursuant to 11 U.S.C. § 547.

7.    The Claimant reserves the right to amend this Proof of Claim.

---

[1] This Proof of Claim incorporates the documents attached hereto.

K&E 11264869.1

### Miscellaneous

8. To the extent that the Debtor or any of its affiliates asserts claims against the Claimant of any kind, the Claimant reserves the right to assert that such claims by the Debtor and its affiliates are subject to rights of setoff and/or recoupment ("Setoff Rights"), which rights are treated as secured claims under the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

9. No judgment has been rendered on the claims at issue in this Proof of Claim.

Dated: July 27, 2006                              Respectfully Submitted

                                                  *Kathy Johnston*
                                                  Kathy Johnston
                                                  Senior Vice President for
                                                  Tower Automotive, Inc.

2

K&E 11264869.1

# EXHIBIT B

VARNUM, RIDDERING, SCHMIDT
 & HOWLETT LLP
Michael S. McElwee (P36088)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
Telephone: (616) 336-6827

DICONZA LAW, P.C.
Gerard DiConza (PGD 0890)
630 Third Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 682-4940

*Co-Counsel for Tower Automotive, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re:                                                        :    Chapter 11
                                                              :    Case Nos. 05-10578 (ALG)
TOWER AUTOMOTIVE, INC., *et al.*,                             :
                                                              :    (Jointly Administered)
                                  Debtors.                    :
-------------------------------------------------------------x
                                                              :
TOWER AUTOMOTIVE, INC., *et al.*,                             :    Adv. Pro. No. 07 _____ (ALG)
                                                              :
                                  Plaintiffs,                 :
     -against-                                                :
                                                              :
DELPHI AUTOMOTIVE SYSTEMS, INC.,                              :
*et al.*,                                                     :
                                                              :
                                  Defendants.                 :
-------------------------------------------------------------x

### COMPLAINT TO AVOID AND RECOVER
### TRANSFERS PURSUANT TO 11 U.S.C. §§547, 548 AND 550

Tower Automotive, Inc. and certain of its subsidiaries and affiliates (collectively, "Tower" or "Plaintiffs"), the Plaintiffs and debtors in possession herein, by their special bankruptcy counsel, hereby state as for their Complaint against Delphi Automotive Systems LLC ("DAS" or "Defendant"), as follows:

## INTRODUCTION

1. On February 2, 2005 (the "Petition Date"), each of the Tower debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Tower Chapter 11 Cases"). The Tower Chapter 11 Cases are jointly administered under Case No. 05-10578 (ALG).

2. Plaintiffs continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Plaintiffs bring this action to avoid and recover certain transfers made, directly or indirectly, by Plaintiffs to the Defendant on or within 90 days prior to the Petition Date.

## JURISDICTION AND PARTIES

4. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking to avoid and recover, in accordance with sections 547, 548 and 550 of the Bankruptcy Code, certain transfers (the "Transfers") that were made by the Plaintiffs to the Defendant totaling $14,540,878.50 and pursuant to section 502(d) of the Bankruptcy Code to disallow any claims (collectively, the "Claims") filed by Defendant and any of its affiliates or subsidiaries (collectively, the "Delphi Debtors") against Tower unless and until the Delphi Debtors return the Transfers. A schedule identifying the Transfers is attached hereto as Exhibit 1.

5. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (B).

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

2

7. Venue over this adversary proceeding resides in this Court pursuant to 28 U.S.C. §1409(a).

8. Plaintiff is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Michigan.

9. Upon information and belief, DAS is a Delaware limited liability company. On October 8 and 14, 2005, the Delphi Debtors each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Their chapter 11 cases are jointly administered under Chapter 11 Case No. 05-44481 (RDD).

## FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

10. Plaintiffs repeat their allegations set forth in paragraphs 1 through 9 above, as if fully set forth herein.

11. On or within 90 days prior to the petition date, Plaintiffs made, or caused to be made, the Transfers to the Defendant.

12. The Transfers constitute transfers of interest in the Plaintiffs' property.

13. Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of, Defendant.

14. Plaintiffs made, or caused to be made, the Transfers for, on or account of, antecedent debt owed to Defendant prior to the dates on which the Transfers were made (the "Debt").

15. Plaintiffs were insolvent for purposes of section 547(b) of the Bankruptcy Code when the Transfers were made.

16. The Transfers enabled Defendant to receive more than it would have received if: (i) Plaintiffs' cases were administered under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant had received payment of the Debt to the extent provided by the Bankruptcy Code.

17. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, Plaintiffs may recover from the Defendant the amount of the Transfers, plus interest.

### SECOND CAUSE OF ACTION
### (Avoidance of Fraudulent Transfers)

18. Plaintiffs repeat the allegations set forth in paragraph 1 through 17 above, as if fully set forth herein.

19. The Transfers constitute transfers of an interest in Plaintiffs' property.

20. The Transfers were to or for the benefit of the Defendant.

21. Plaintiffs received less than reasonable equivalent value in exchange for some or all of the Transfers.

22. Upon information and belief, Plaintiffs were insolvent, or became insolvent, and/or had unreasonably small capital in relation to their businesses or their transactions at the time or as a result of the Transfers.

23. The Transfers were made within one year prior to the Petition Date.

24. Based on the foregoing, the Transfers constitute avoidable fraudulent transfers pursuant to §548(a)(1)(B) of the Bankruptcy Code and, in accordance with §550(a) of the Bankruptcy Code, Plaintiffs may recover from the Defendant the amount of the Transfers, plus interest.

## THIRD CAUSE OF ACTION
### (Disallowance of Claims)

25.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 24 above, as if fully set forth herein.

26.     The Delphi Debtors have filed one or more proofs of claim against the Debtors.

27.     The Defendant is the recipients of Transfers which constitute avoidable transfers pursuant to section 547(b) and §550(a) of the Bankruptcy Code.

28.     Based on the foregoing, pursuant to section 502(d) of the Bankruptcy Code, the Claims must be disallowed until the Defendant returns the Transfers to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request entry of a Judgment on their Complaint as follows:

a.  Avoiding and setting aside the Transfers pursuant to section 547(b) of the Bankruptcy Code;

b.  Awarding to Plaintiffs judgment in the amount equal to the Transfers, together with interest on such amount from the date of the Transfers;

c.  Disallowing the Claims unless and until Defendant returns the Transfers to the Plaintiffs pursuant to section 502(d) of the Bankruptcy Code;

d.  Awarding Plaintiffs, in addition to the amounts set forth above, their attorneys' fees, costs and other expenses incurred in this action, and

  e.  Granting to Plaintiffs such other relief as the Court considers appropriate.

    Respectfully submitted,

    VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
    Attorneys for Tower Automotive, Inc.

Dated: February 15, 2007  By: /s/ Michael S. McElwee
    Michael S. McElwee (P36088)
    Bridgewater Place
    P.O. Box 352
    Grand Rapids, MI 49501-0352
    (616) 336-6827
    msmcelwee@varnumlaw.com

    AND

DICONZA LAW, P.C.

    By: /s/ Gerard DiConza
    Gerard DiConza (GD 0890)
    630 Third Avenue
    New York, NY 10017
    (212) 682-4940

1362382_1.DOC

| ID | NAME | PAY_INV_DATE | PAY_INV_AMT | CK_INV_NUM | LK_DET_CAS | VEN_NAME |
|---|---|---|---|---|---|---|
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 11/5/2004 | 3,429,769.20 | 166009159 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 11/5/2004 | 921,765.60 | 166009161 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 11/5/2004 | 179,213.54 | 166009162 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 11/8/2004 | 215,698.99 | 166009158 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 11/8/2004 | 73,675.14 | 166009160 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 11/18/2004 | 7,245.00 | 166009163 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 12/7/2004 | 780,813.60 | 166009327 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 12/7/2004 | 313,092.80 | 166009324 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 12/7/2004 | 172,502.63 | 166009328 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 12/9/2004 | 68,093.69 | 166009326 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 12/15/2004 | 9,315.00 | 166009329 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 12/16/2004 | 3,445,804.86 | 166009325 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 1/18/2005 | 211,962.31 | 166009531 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 1/19/2005 | 1,719,944.00 | 166009532 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 1/19/2005 | 68,093.69 | 166009533 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 1/26/2005 | 2,184,448.15 | 166009564 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 1/26/2005 | 567,105.16 | 166009565 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 1/26/2005 | 154,740.14 | 166009566 | LANSING LLC | DELPHI E&C |
| 60000514 | DELPHI ENERGY & CHASSIS SYS. | 1/26/2005 | 17,595.00 | 166009567 | LANSING LLC | DELPHI E&C |
| | | | 14,540,878.50 | | | |



**VARNUM**
RIDDERING SCHMIDT HOWLETT LLP
ATTORNEYS AT LAW

BRIDGEWATER PLACE • POST OFFICE BOX 352
GRAND RAPIDS, MICHIGAN 49501-0352

TELEPHONE 616/336-6000 • FAX 616/336-7000 • WWW.VARNUMLAW.COM

MICHAEL S. McELWEE                                                     DIRECT DIAL 616/336-6827
                                                                       E-MAIL msmcelwee@varnumlaw.com

March 13, 2007

VIA FEDERAL EXPRESS

United States Bankruptcy Court
Southern District of New York
Delphi Corporation Claims
One Bowling Green
Room 534
New York, NY 10004-1408

    Re:    Delphi Automotive Systems, LLC
           Case No. 05-44481 (RDD)

Dear Clerk:

    Enclosed for filing please an Amended Proof of Claim for the above-referenced matter. This filing amends Claim # 15221 previously filed on July 27, 2006.

    I have enclosed an extra copy of the Proof of Claim, along with a self-addressed, stamped envelope. I would appreciate it if you could please return a time stamped copy.

    Thank you for your assistance.

Very truly yours,

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP

Michael S. McElwee

MSM:sv
Enclosure

1372839_1.DOC

[RECEIVED MAR 14 2007 CLAIMS PROCESSING CENTER]