Hearing Date and time: September 27, 2007 at 10:00 a.m.
Response Date and Time: September 24, 2007 at 4:00 p.m. by agreement

Darryl S. Laddin (DL-5130)
Michael F. Holbein (Ga. Bar No. 360070)
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia  30363-1031
(404) 873-8500

Attorneys for Verizon North Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
In re                                                          :    Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                                    :    Case No. 05-44481 (rdd)
                                                               :
                    Debtors.                                   :    (Jointly Administered)
---------------------------------------------------------------X

## RESPONSE OF VERIZON NORTH INC. TO
## DEBTORS' TWENTIETH OMNIBUS CLAIMS OBJECTION

   Verizon North Inc ("Verizon") files this response to Debtor's Twentieth Omnibus Claims Objection, showing the Court as follows:

   1.   Delphi Corporation, *et al.* (the "Debtors") filed their voluntary bankruptcy petitions on October 8, 2005.  The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Chapter 11 of the Bankruptcy Code.

   2.   This Court set July 31, 2006 (the "Bar Date") as the date for general unsecured creditors to file proofs of claim against the Debtors.

   3.   On or about March 20, 2006, Verizon timely filed a Proof of Claim [claim no. 2340] (the "Claim") in the amount of $5,083.55 against Delphi Corporation.

2242462v1

4.  On August 24, 2007, the Debtors' Twentieth Omnibus Claims Objection [Docket No. 9151] (the "20th Claims Objection") was filed pursuant to which the Debtors objected to the Claim on the grounds that the Claim does not appear in the Debtors' books and records, despite the fact that Verizon attached to the Claim account statements evidencing the existence of the Claim and its amount.

## AS TO THE DEBTORS' OBJECTION TO THE CLAIM

5.  A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. *Fullmer v U.S. (In re Fullmer)*, 962 F.2d 1463 (10th Cir. 1992); *see also* Fed. R. Bankr. P. 3001(f).

6.  To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to the underlying proof of claim. *See In re Wells*, 51 B.R. 563, 566 (D. Col. 1985), *Collier on Bankruptcy*, § 502.02. ("Should objection be taken, the objector must procure evidence and show facts tending to defeat the claim by probative force equal to that of the allegation in the proof of claim.")

7.  "Once a claim is filed, the trustee or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." *In re Domme*, 163 B.R. 63 (D. Kan. 1994); *In re Allegheny International, Inc.*, 954 F.2d 167, 173-174 (3rd Cir. 1992); *In re Resyn Corp. v. United States*, 851 F.2d 660, 663-664 (3rd Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. *In re White*, 168 B.R. 825, 829 (Bankr. D. Conn. 1994).

8.  Here, the 20th Claims Objection sets forth no evidence, or other legal basis, to disprove the validity of the Claim. The Debtors assert that the Claim should be disallowed

because it does not comport with their books and records, but do nothing to address the evidence of the Claim as attached to the Claim itself.

9. Therefore, the Debtors' request for disallowance of the Claim fails to overcome the *prima facie* validity of the claim as required by Bankruptcy Rule 3001.

10. For the reasons stated above, the 20th Claims Objection must be denied and the Claim must be allowed as filed.

**WHEREFORE,** Verizon respectfully requests that this Court deny the 20th Claims Objection as it pertains to the Claim, allow the Claim as filed, and provide such further relief as is just and proper.

This 24th day of September 2007.

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

By: /s/Darryl S. Laddin
    Darryl S. Laddin (DL-5130)
    Michael F. Holbein (Ga. Bar. No. 360070)
171 17th Street, NW, Suite 2100
Atlanta, Georgia  30363
(404) 873-8500

2242462v1