**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESERVATION OF RIGHTS BY THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS REGARDING THE EXPEDITED MOTION
FOR ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004
AUTHORIZING AND APPROVING ENTRY INTO AND PERFORMANCE
OF LICENSE AGREEMENT WITH GENERAL MOTORS GLOBAL
TECHNOLOGY OPERATIONS, INC. AND GENERAL MOTORS CORPORATION**

       The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases of Delphi Corporation, *et al.* (the "Debtors"), by and through its counsel,

hereby files this reservation of rights (the "Reservation") regarding the Debtors' *Expedited*

*Motion for Order under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Authorizing and*

*Approving Entry into and Performance of License Agreement with General Motors Global*

NY\1329086.1

*Technology Operations, Inc. and General Motors Corporation* (the "Motion").[1]  The Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. Pursuant to the Motion the Debtors are seeking authority for Delphi Corporation ("Delphi") and Delphi Technologies, Inc. ("DTI") to enter into and perform under a certain license agreement (the "License Agreement") with General Motors Global Technology Operations, Inc. ("GMGTO") and General Motors Corporation ("GM," and together with GMGTO, the "GM Entities").  The Committee's review of the Motion and the License Agreement attached to the Motion raises various concerns that the Committee has with respect to both.  Among other things, the current uncertainty in the capital markets and the ultimate effect of today's strike by the United Auto Workers against GM make it extremely problematic to properly evaluate the risks and benefits associated with the relief requested in the Motion and in the underlying License Agreement.  That said, absent new information that suggests that the Motion and the License Agreement are not in the best interests of the Debtors at this time, the Committee is not objecting to the relief requested.

2. The Committee does, however, have concerns about the internal allocation of costs and proceeds associated with the Motion and the underlying License Agreement among the various Debtor entities, and reserves its right to object to such allocation.  As of now, it appears that the entire purchase price from GM will be paid into DTI, for the benefit of DTI.  With the exception of $5 million that will apparently be paid by DTI to Delphi LLC for the services of the associated and necessary engineers, the vast majority of that price will apparently remain with DTI.  It is not clear to the Committee, though, that such allocation is proper.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

3. While DTI appears to be the owner of the relevant intellectual property, DTI appears not to be the originator of that intellectually property and it is not completely clear how such property was transferred to DTI. Furthermore, it is not clear whether the Debtor entities that currently own the Footprint, Wind Down, and Sale Sites should be compensated for the loss of the intellectual property that they currently use in those businesses. These and other issues should be analyzed to determine which Debtor entities are entitled to share in the amounts that GM is paying.

4. Unfortunately, in the current economic climate, these concerns appear more likely to be relevant – and potentially critical – than they may have been even weeks ago. As a result, the Committee requests that this Court grant the Motion and approve the License Agreement only to the extent that the Committee's rights are preserved as set forth herein.

5. Notably, these internal allocation questions are not necessarily germane to the approval of the License Agreement or the Motion. This Court can grant the relief requested and approve the License Agreement while preserving the Committee's right to investigate and object to, if necessary, the internal allocation of cost and benefit thereof.

**WHEREFORE,** the Committee respectfully requests that this Court grant the Motion and approve the License Agreement only if and to the extent that the Committee's rights with respect to the allocation of costs and benefits is preserved, and to otherwise grant the Committee such other relief as is just and proper.

NY\1329086.1

Dated: September 24, 2007
       New York, New York

                    **LATHAM & WATKINS LLP**

                    By: /s/ Robert J. Rosenberg
                        Robert J. Rosenberg (RR-9585)
                        Mitchell A. Seider (MS-4321)
                        Mark A. Broude (MB-1902)
                        885 Third Avenue, Suite 1000
                        New York, New York 10022
                        Telephone: (212) 906-1200

                    Counsel for the Official Committee
                    of Unsecured Creditors