**Hearing Date: September 27, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
        In re                                  :        Chapter 11
                                               :
DELPHI CORPORATION, et al.,                    :        Case No. 05-44481 (RDD)
                                               :
                        Debtors.               :        (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTIETH OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE
AND AMENDED CLAIMS, (B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIM, AND (E) CLAIMS
SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED
CLAIMS ASSERTING RECLAMATION, CONSENSUALLY MODIFIED AND REDUCED TORT
CLAIMS, AND LIFT STAY PROCEDURES CLAIMS SUBJECT TO MODIFICATION

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTIETH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection"), and respectfully represent as follows:

1. The Debtors filed the Twentieth Omnibus Claims Objection on August 24, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because they are duplicative of other Claims or have been amended or superseded by later-filed Claims, they contain insufficient documentation in support of the Claims asserted, it contains insufficient documentation in support of the Claim asserted and was untimely filed pursuant to the Bar Date Order, they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, they assert liabilities of taxing authorities that are not reflected on the Debtors' books and records, they assert liabilities of taxing authorities that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, they were

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twentieth Omnibus Claims Objection.

untimely pursuant to the Bar Date Order, (b) revising the asserted amount or classification,

and/or changing the identity of the alleged Debtor with respect to certain Claims, certain Claims

filed taxing authorities, certain Claims, some of which are subject to an agreement between the

claimant and the Debtors relating to the valid amount of each claimant's reclamation demand,

some of which are subject to certain reserved defenses, and some of which are held by claimants

who are deemed to have consented to the Debtors' determination of the valid amount of the

reclamation demand, (c) consensually revising the asserted amount, and/or changing the identity

of the alleged Debtor, with respect to certain Claims, which assert certain tort liabilities, or (d)

revising the asserted amount with respect to certain Claims which are the subject of pending

settlement pursuant to the Lift Stay Order.

2.      The Debtors sent to each claimant whose proof of claim is subject to an

objection pursuant to the Twentieth Omnibus Claims Objection a personalized Notice Of

Objection To Claim, which specifically identified such claimant's proof of claim that is subject to

an objection and the basis for such objection.  Responses to the Twentieth Omnibus Claims

Objection were due by 4:00 p.m. (prevailing Eastern time) on September 20, 2007.

3.      As of September 25, 2007 at 12:00 p.m. (prevailing Eastern time), the

Debtors had received 41 timely-filed formal docketed responses and two undocketed responses

(collectively, the "Responses") to the Twentieth Omnibus Claims Objection.  In the aggregate,

the Responses cover 61 Claims.  A chart summarizing each of the Responses is attached hereto

as Exhibit A.

4.      The Debtors believe that two of the Responses (the "Resolved Responses")

have been resolved.  One of these pertains to a Claim filed by a taxing authority for which the

Debtors seek to modify the asserted amount of the claim, but do not seek to modify the

3

classification or change the identity of the Debtor.  The second of these Resolved Responses

pertains to a Claim filed by an entity for which the Debtors also seek to modify the asserted

amount of the claim, but do not seek to modify the classification or change the identity of the

Debtor.  The respondents indicated in the Resolved Responses that they consented to the relief

requested in the Twentieth Omnibus Claims Objections with respect to their Claims.

        5.      Accordingly, as reflected in the revised proposed order, a copy of which is

attached hereto as <u>Exhibit B</u> (the "Revised Order"), the Debtors do not seek to adjourn the

hearing with respect to the Claims subject to the Resolved Responses, but rather seek the relief

requested in the Twentieth Omnibus Claims Objection with respect to these Claims.

        6.      Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr.

P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections

to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures

Order"), the hearing with respect to each of the Claims for which a Response was filed, other

than the Resolved Responses, will be adjourned to a sufficiency hearing or claims objection

hearing, as appropriate, to determine the disposition of each such Claim.  The Revised Order

reflects the adjournment of the hearing with respect to each of the Claims for which a Response

was filed, other than the Resolved Responses, to a future hearing date pursuant to the Claims

Objection Procedures Order; <u>provided</u>, <u>however</u>, that such adjournment will be without prejudice

to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient

under the Claims Objection Procedures Order.

        7.      As set forth on <u>Exhibit A</u> hereto, the Debtors have agreed to adjourn to a

future date the claims hearing with respect to the 59 Claims for which Responses were filed.  The

4

revised proposed order, a copy of which is attached hereto as <u>Exhibit B</u> (the "Revised Order"),[2]
reflects the adjournment of the hearings with respect to the Claims for which Responses were
filed.

8.    The Revised Order reflects the adjournment of the hearing with respect to
each of the Claims for which a Response was filed to a future hearing date pursuant to the
Claims Objection Procedures Order; <u>provided</u>, <u>however</u>, that such adjournment will be without
prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise
deficient under the Claims Objection Procedures Order.

9.    In addition to the Responses, the Debtors also received informal letters, e-
mails, and telephone calls from various parties questioning the relief requested with the
Twentieth Omnibus Claims Objection and seeking to reserve certain of their rights with respect
thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the
Informal Responses have been adequately resolved.

10.    Except for those Claims that have been adjourned to future hearing dates,
the Debtors believe that the Revised Order adequately addresses the issues raised by the
respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors
and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a)
sustaining the Twentieth Omnibus Claims Objection, subject to the modifications made to the
Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was

---

[2]        Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of
proposed order that was submitted with the Twentieth Omnibus Claims Objection.

filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other

and further relief as is just.

Dated: New York, New York
        September 26, 2007

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                                    By:    /s/ John Wm. Butler, Jr.
                                           John Wm. Butler, Jr. (JB 4711)
                                           John K. Lyons (JL 4951)
                                           Ron E. Meisler (RM 3026)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois  60606
                                    (312) 407-0700

                                                - and -

                                    By:    /s/ Kayalyn A. Marafioti
                                           Kayalyn A. Marafioti (KM 9632)
                                           Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York  10036
                                    (212) 735-3000

                                    Attorneys for Delphi Corporation, et al.,
                                       Debtors and Debtors-in-Possession