**Exhibit A**

**In re Delphi Corporation, _et al.,_ Case No. 05-44481 (RDD)**

*Responses To The Debtors' Twentieth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT[2]** |
|---|---|---|---|---|---|
| 1. | Airgas, Inc. (Docket No. 9333) | 14277 | Airgas Southwest, Inc. ("Airgas") disagrees with the Debtors' proposed reduction of proof of claim no. 14277 from $88,154.71 to $82,016.97, asserting that the Debtors have not introduced evidence to rebut their <u>prima facie</u> case. Airgas reattached a copy of proof of claim no. 14277. | Claims subject to modification | Adjourn |
| 2. | State of Michigan, Department of Treasury (Docket No. 9337) | a) 9272 | a) State of Michigan Department of Treasury ("Michigan Treasury Department") asserts that amended proof of claim no. 9272, which asserts $12,954,363.21, is a priority tax claim against Delphi Corporation due and owing. Michigan Treasury Department further asserts that proof of claim no. 9272 continues to be supported as a priority tax claim by Michigan Treasury Department's books and records and audits. | a) Books and records tax claims | Adjourn |
| | | b) 2420 | b) Michigan Treasury Department disagrees with the Debtors' proposed reduction of proof of claim no. 2420 from $10,790,199.00 to $2,892,800.00. Michigan Treasury Department asserts that this claim remains due and owing unless or until the Michigan | b) – h) Tax claims subject to modification | |

---

[1] This chart reflects all Responses entered on the docket as of Tuesday, September 25, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, September 25, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | use tax audit ("Audit") is completed and the audit changes the amount owed. | | |
| | | c) 2422 | c)  Michigan Treasury Department disagrees with the Debtors' Twentieth Omnibus Claims Objection ("Objection") that proof of claim no. 2422, asserted as a priority tax claim in the amount of $6,386,401.82, was improperly filed and overstated.  Michigan Treasury Department further disagrees that proof of claim no. 2422 should be modified and reduced to an general unsecured claim in the amount of $0.00.  Michigan Treasury Department argues its claim remains due and owing unless or until the Audit is completed and changes the amount owed. | | |
| | | d) 4536 | d)  Michigan Treasury Department disagrees with the Debtors' proposed modification of proof of claim no. 4536 from $20,048.53 to $0.00.  Michigan Treasury Department further asserts that proof of claim no. 4536 remains due and owing unless or until the Audit is completed and changes the amount owed. | | |
| | | e) 5761 | e)  Michigan Treasury Department disagrees with the Debtors' Objection that proof of claim no. 5761, a general unsecured claim, was improperly filed and overstated. Michigan Treasury Department further disagrees with the Debtors' argument that said claim should be modified from $1,250,306.00 to $0.00. | | |
| | | f) 5762 | f)  Michigan Treasury Department disagrees with the Debtors' Objection that proof of claim no. 5762, filed as a priority tax claim in | | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | the amount of $1,276,165.80, was improperly filed and overstated. Michigan Treasury Department further disagrees with the Debtors' Objection that proof of claim no. 5762 should be modified to a general unsecured claim in the amount of $0.00. Michigan Treasury Department asserts that proof of claim no. 5762 remains due and owing unless or until the Audit is completed and changes that amount. | | |
| | | g) 6354 | g) Michigan Treasury Department disagrees with the Debtors' Objection that proof of claim no. 6534, filed as a general unsecured claim in the amount of $666,927.27, was improperly filed and overstated. Michigan Treasury Department further disagrees with the Debtors' Objection that proof of claim no. 6534 should be modified to a general unsecured claim in the amount of $0.00. Michigan Treasury Department asserts that proof of claim no. 6534 remains due and owing unless or until the Audit is completed and changes that amount. | | |
| | | h) 6383 | h) Michigan Treasury Department disagrees with the Debtors' Objection that proof of claim no. 6383, filed as a general unsecured tax claim in the amount of $248,083.00, was improperly filed and overstated. Michigan Treasury Department further disagrees that proof of claim no. 6383 should be modified to a general unsecured claim in the amount of $0.00. Michigan Treasury Department further asserts that proof of claim no. 6383 includes tax assessments for Single Business Taxes ("SBT") for tax years 2001, 2002, 2003, and 2004 based on a preliminary Audit, | | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | and that it is in the final stages of an SBT Audit for Delphi Corporation. | | |
| 3. | State of New Jersey, Division of Taxation (Docket No. 9354) | 16546 | The State of New Jersey, Division of Taxation (the "New Jersey Division of Taxation") consents to the expungement of proof of claim no. 16546, filed in the amount of $1,158,884.07. The New Jersey Division of Taxation asserts that proof of claim no. 16546 was amended and superseded by a fourth amended administrative claim filed on or around August 30, 2007 in the amount of $36,000.00. | Untimely books and records tax claims | Resolved |
| 4. | ExxonMobil Oil Corporation (Docket No. 9364) | 7247 | ExxonMobil Corporation ("ExxonMobil") disagrees with the Debtors' proposed reduction of proof of claim no. 7247 from $192,937.77 to $7,352.96, asserting that the Debtors have not introduced evidence, let alone substantial evidence, to rebut ExxonMobil's prima facie case. | Claims subject to modification | Adjourn |
| 5. | Hewlett Packard Company (Docket No. 9365) | 9352 | Hewlett Packard Company ("HP") disagrees with the Debtors' proposed reduction of proof of claim no. 9352 from $4,948,005.65 to $4,887,481.59. HP is only prepared to reduce proof of claim no. 9352 to $4,940,521.64 based on adjustments it recognizes as valid (noting the Debtors' evidence of a cancelled check and postpetition payment). HP asserts that the Debtors have not rebutted HP's prima facie case as to the remainder of proof of claim no. 9352. HP attached new schedules in support of its proof of claim (and one schedule that was filed with its initial proof of claim no. 9352). | Claims subject to modification | Adjourn |
| 6. | Flambeau Inc. (Docket No. 9390) | 12212 | Flambeau Inc. ("Flambeau") filed proof of claim no. 12212 as a secured claim against Delphi Corporation in the amount of | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $800,348.45 for auto parts supplied. Flambeau agrees with the Debtors' Objection seeking to reclassify proof of claim no. 12212 to a general unsecured claim asserted against Delphi Automotive Systems LLC ("DAS LLC"). Flambeau opposes the Debtors' Objection arguing that proof of claim no. 12212 should be reduced in the amount to $475,334.73. Flambeau asserts that a Delphi corporate representative confirmed that the Debtors have the information necessary to support the claim in its entire amount. Flambeau attached a copy of the proof of claim and new supporting evidence. | | |
| 7. | RLI Insurance Company (Docket No. 9391) | 6668 | RLI Insurance Company ("RLI") disagrees with the Debtors' Objection to RLI's proof of claim no. 6668 against Delphi Mechatronic Systems, Inc. in the amount of 2,000,000.00. RLI asserts that proof of claim no. 6668 is (a) a valid contingent claim and (b) entitled to priority status because RLI is a surety obligated to the U.S. government on a U.S. Customs bond, allegedly as an exception to 11 U.S.C. § 507(d). RLI further requests this Court's leave to move for an estimation of proof of claim no. 6668, notwithstanding the fact that RLI has not yet paid any customs duties on behalf of the Debtors. RLI attached a copy of the surety bond and the U.S. Customs Master File Extract ("Exhibit B") as evidence. Exhibit B was not included in the initial filing of proof of claim no. 6668. | Books and records claims | Adjourn |
| 8. | Hewlett Packard Financial Services Company (Docket No. 9401) | 10683 | Hewlett Packard Financial Services Company ("HPFS") disagrees with the Debtors' proposed reduction of proof of claim no. 10683 from $953,280.40 to $166,000.00. HPFS asserts that the Debtors owe | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $544,647.01 under master lease and lease schedules for computer equipment, of which $252,239.75 represents prepetition obligations and $292,407.26 represents postpetition obligations. HPFS further asserts that the Debtors have not articulated any legal or factual basis for the reduction of the claim. HPFS attached new schedules in support of proof of claim no. 10683. | | |
| 9. | The New York State Department of Taxation and Finance (Docket No. 9402) | 9824 | The New York State Department of Taxation and Finance agrees with the Debtors that proof of claim no. 9824 should be reduced from $20,112,352.05 to $7,800,000.00, subject to the Debtors' right to further object to proof of claim no. 9824 at a subsequent time. | Tax claims subject to modification | Adjourn |
| 10. | Fujitsu Ten Corp. of America (Docket No. 9403) | 2377 | Fujitsu Ten Corp. of America ("FTCA") disagrees with the Debtors' proposed reduction of proof of claim no. 2377 from $5,504,674.99 to $5,203,385.28. FTCA asserts that the Debtors have produced no evidence to rebut the prima facie validity of said claim. FTCA requests that proof of claim no. 2377 be allowed in full. FTCA reattached a copy of their supporting summary. | Claims subject to modification | Adjourn |
| 11. | Infineon Technologies North America Corp. (Docket No. 9404) | 11968 | Infineon Technologies North America Corp. ("Infineon") disagrees with the Debtors' proposed reduction of proof of claim no. 11968 from $6,491,471.33 to $6,333,628.25 for prepetition amounts owed on semiconductor invoices. Infineon asserts that the Debtors' reference to its own books and records is insufficient to rebut the prima facie validity of proof of claim no. 11968. Infineon reattached a spreadsheet detailing the amounts allegedly owed. | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 12. | Siemens AG (Docket No. 9405) | 2571 | Siemens AG disagrees with the Debtors' Objection seeking to disallow and expunge Siemens AG's prepetition unsecured proof of claim no. 2571 in the amount of $30,556.80. Siemens AG asserts that proof of claim no. 2471 is prima facie valid because it was submitted with invoices which were the basis of the claim. Siemens AG attached a copy of their filed proof of claim no. 2471 and new additional supporting evidence. | Insufficiently documented claims | Adjourn |
| 13. | Siemens Aktiengessellshaft (Docket No. 9406) | 3657 | Siemens Aktiengesellschaft ("Siemens") disagrees with the Debtors' Objection seeking to reduce proof of claim no. 3657 from the amount of $17,579.52 to $4,753.03. Siemens does not object to reclassifying proof of claim no. 3657 from a general unsecured non-priority claim to a general unsecured claim. Siemens further asserts that the Debtors have not produced sufficient evidence to rebut their prima facie case. Siemens reattached a copy of proof of claim no. 3657 and supporting evidence. | Claims subject to modification | Adjourn |
| 14. | Southwest Research Institute (Docket No. 9407) | 12108 | a)  Southwest Research Institute ("Southwest") does not oppose the Debtors' Objection seeking to reduce proof of claim no. 12108 from $27,271.67 to $21,639.49, provided that proof of claim nos. 12109 and 12110 are allowed in full. Southwest disagrees with the Debtors' Objection that the proper debtor entity is Delphi Corporation, rather than Delphi Delco Electronics. Southwest further appears to assert that the Debtors have not rebutted their prima facie claim.<br><br>b)  Southwest asks the Court to overrule the Debtors' Objection abating proof of claim no. | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | 12109, in the amount of $797.40, pending possible resolution with Southwest.<br><br>c) Southwest asserts that Debtor has not objected on any grounds to proof of claim no. 12110 in the amount of $11,400.00. Southwest asks the Court to overrule the Objection to the extent it seeks to reduce or eliminate proof of claim no. 12109 and proof of claim no. 12110. Proof of claim no. 12109 and proof of claim no. 12110 are listed in Southwest's Response, but are not included in the Objection. | | |
| 15. | IR Epi Services, Inc. (Docket No. 9416) | 14236 | IR Epi Services, Inc. agrees to a reduction in proof of claim no. 14236 against DAS LLC from $588,927.08 to $488,834.60. | Claims subject to modification | Resolved |
| 16. | Motorola, Inc. (Docket No. 9418) | 1157 | Motorola, Inc. ("Motorola") disagrees with the Debtors' Objection seeking to reduce proof of claim no. 1157 from $18,697.06 to $736.98 for amounts owed on certain radio and infrastructure repair services. Motorola asserts that the Debtors have not presented enough evidence to overcome their prima facie case. Motorola further asserts that the parties continue to be in discussion as to the amount of the proof of claim no. 1157. Motorola attached new evidence in support of proof of claim no. 1157. | Claims subject to modification | Adjourn |
| 17. | Essex Group, Inc. (Docket No. 9419) | 11530 | Essex Group, Inc. ("Essex") asserts that it filed proof of claim no. 11530 in the amount of $795,196.61 for the prepetition delivery of copper rod ($402,864.04) and magnet wire ($392,332.57). In addition or in the alternative, Essex asserts that proof of claim no. 11530 is entitled to priority as a reclamation claim in the amount of $402,864.04 and $190,908.38, respectively. | Books and records claims | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | Essex objects to the Debtors' proposed disallowance of proof of claim no. 11530 before the right of setoff has been exercised. Essex asserts that it does not oppose disallowance of proof of claim no. 11530 for the purposes of distribution, provided that proof of claim no. 11530 is first allowed and satisfied in full pursuant to the asserted right of setoff.  Essex reattached Proof of claim no. 11530 and supporting evidence. | | |
| 18. | SPS Technologies, LLC A/K/A SPS Technologies-Cleveland, NSS Technologies, Inc. SPS Technologies Waterford Company and Greer Stop Nut, Inc. (Docket No. 9422) | 9771, 9772 | SPS Technologies, LLC a/k/a SPS Technologies-Cleveland, NSS Technologies, Inc., SPS Technologies Waterford Company, and Greer Stop Nut, Inc. (collectively, "SPS") asserts that the Debtors and SPS were parties to parts supply contracts. SPS asserts that it is owed a total of $1,086,642.23 for goods delivered prior to October 8, 2005.  SPS notes that it has transferred its claims to Bear Stearns, Inc. Investment Products, Inc. SPS also notes that its contracts are subject to the contract assumption/rejection procedures, but that the Debtors have not yet told SPS whether the contracts will be assumed or assigned. SPS asserts that the Debtors' Objection provides no documentation to justify a modification to the amounts of the claims. SPS also asserts that the contract assumption and rejection procedures preempt the Debtors' efforts to object to the proofs of claim. SPS further asserts that it provided documentation to substantiate its claims. Finally, SPS asserts that the Objection is procedurally and legally deficient and should therefore be denied.<br><br>Proof of claim no. 9798 is listed in the | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | Response, but is not included in the Objection. | | |
| 19. | Deutsche Bank Securities Inc., as assignee of Osram Sylvania and its successor in interest, SPCP Group LLC (Docket No. 9424) | 9993 | Deutsche Bank Securities Inc. ("Deutsche Bank") asserts that it obtained an interest in proof of claim no. 9993 pursuant to an assignment of claim agreement, whereby SPCP Group LLC ("Silver Point"), as an assignee of Osram Sylvania Inc., transferred and assigned all of its claim to Deutsche Bank.  Deutsche Bank disagrees with the Debtors' Objection seeking to reduce its claim.  Deutsche Bank asserts that the Debtors have not presented legal or factual justification sufficient to overcome the <u>prima facie</u> validity of its claim.  Deutsche Bank argues that the Debtors' Objection should be denied or, alternatively, that the hearing on the Objection be adjourned until 30 days after the date the Debtors provide factual evidence and a legal basis to support their position.  Deutsche Bank attached a notice of transfer of claims and evidence of transfer of portion of claim, which states that Silver Point transferred its interest in proof of claim no. 9993 in the amount of $928,226.61 to Deutsche Bank. | Modified claims asserting reclamation | Adjourn |
| 20. | Guide Corporation (Docket No. 9426) | 14070 | Guide Corporation ("Guide") asserts that proof of claim no. 14070 should be estimated at $6,001,722.00, an increase from the $1,018,302.00 that was asserted with the filing of claim.  Guide further asserts that Lightsource Parent Corporation ("Lightsource") assigned to Guide its entitlement to certain reimbursement liabilities arising from the Lightsource Formation Agreement wherein General Motors Corporation ("GM") agreed to | Books and records claims | Adjourn |

|  | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
|  |  |  | reimburse Lightsource annually for a portion of the cost of certain retirement benefits. Guide also asserts that GM assigned its reimbursement liability to the Debtors pursuant to a master separation agreement dated Dec. 22, 1998.<br><br>Guide argues that proof of claim no. 14070 retains prima facie validity because the Debtors have not presented any substantive evidence refuting its claim.  Guide argues that updated data indicates the Debtors owe Guide $1,357,336.00 in various retirement benefits with respect to salaried transferred employees, $2,960,559.00 with respect to hourly transferred employees, and an estimated $1,673,827.00 for future benefits liability to salaried and hourly employees. Guide attached its proof of claim no. 14070 and new additional supporting evidence. |  |  |
| 21. | Contrarian Funds, LLC (Docket No. 9444) | a) 16479, 9950 | a)  Contrarian Funds LLC ("Contrarian") consents to the Debtors' proposed modification of proof of claim no. 16479 from a $561,083.00 unsecured claim against DAS LLC to a $101,745.58 priority claim and a $459,337.42 unsecured claim against DAS LLC provided that this Court enter an order in the proposed modified amount. Contrarian likewise opposes the Debtors' proposed reduction of proof of claim no. 9950 from $131,873.52 to $47,252.75. | a) Claims subject to modification | Adjourn |
|  |  | b) 12686 | b)  Contrarian consents to the Debtors' proposed modification of proof of claim no. 12686 (asserted against DAS LLC as a $256,875.25 priority claim and a $2,200,498.29 unsecured claim) reducing the unsecured portion from $2,200,498.29 to | b) Modified claims asserting |  |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $2,053,421.12, provided that this Court enter an order in the proposed modification amount. | reclamation | |
| | | c) 7374 | c)  Contrarian opposes the Debtors' Objection seeking to reduce proof of claim no. 7374 from $595,983.51 to $530,803.34. Contrarian asserts that the Debtors have not provided evidence to rebut the prima facie validity of proof of claim no. 7374. | c) Claims subject to modification | |
| 22. | FCI Canada Inc., FCI Austria GmbH, FCI Electronics Mexido S de R.L. de C.V., FCI USA, Inc. FCI Automotive France, S.A., FCI Automotive Deutschland mbH, and FCI Italia S.p.A. (Docket No. 9446) | | FCI Canada Inc., FCI Austria GmbH, FCI Electronics Mexido S de R.L. de C.V., FCI USA, Inc. FCI Automotive France, S.A., FCI Automotive Deutschland mbH, and FCI Italia S.p.A (collectively, "FCI") asserts that the Debtors have failed to provide sufficient evidence to overcome any of FCI's allegedly prima facie valid claims. | | Adjourn |
| | | a) 14042 | a)  Proof of claim no. 14042 was filed by FCI Austria GmbH in the amount of $711.42. | a) Books and records claims | |
| | | b) 14125 | b)  Proof of claim no. 14125 was filed by FCI Canada Inc. in the amount of $76,964.21. | b) Claims subject to modification | |
| | | c) 14126 | c) Proof of claim no. 14126 was filed by FCI Automotive Deutschland GmbH in the amount of $376,357.61. | c) Claims subject to modification | |
| | | d) 14127 | d)  Proof of claim no. 14127 was filed by FCI Italia S.p.A in the amount of $361.40. | d) Claims subject to modification | |
| | | e) 14128 | e)  Proof of claim no. 14128 was filed by FCI Electronic Mexido S de R.L. de C.V. in the amount of $294,001.77. | e) Claims subject to modification | |
| | | f) 14129 | f)  Proof of claim no. 14129 was filed by FCI Automotive France S.A. in the amount of | f) Claims subject to modification | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | g) 14130 | $15,945.87.<br><br>g) Proof of claim no. 14130 was filed by FCI USA Inc. in the amount of $407,299.95. | g) Claims subject to modification | |
| 23. | United Telephone Company of Ohio (Docket No. 9447) | 6407 | United Telephone Company of Ohio ("United Telephone") filed proof of claim no. 6407 as an unsecured non-priority claim in the amount of $289,254.87 for telecommunications services provided prepetition. United Telephone does not oppose reclassification of its claim as a general unsecured claim against DAS LLC. United Telephone opposes the Debtors' Objection seeking to reduce the amount of the claim to $119,526.48. United Telephone argues that the Debtors have not presented evidence sufficient to overcome the prima facie validity of proof of claim no. 6407. United Telephone attached a new declaration in support. | Claims subject to modification | Adjourn |
| 24. | GE Consumer & Industrial f/k/a GE Lighting (Docket No. 9448) | 10191 | GE Consumer & Industrial f/k/a GE Lighting ("GE Consumer & Industrial") disagrees with the Debtors' Objection seeking to reduce proof of claim no. 10191 from $7,020.00 to $3,680.00. GE Consumer & Industrial asserts that the Debtors have failed to provide any evidence in support of the reduction and therefore fail to overcome the prima facie validity of the claim. | Claims subject to modification | Adjourn |
| 25. | TT Electronics OPTEK Technology (Docket No. 9449) | 9037 | TT Electronics OPTEK Technology ("OPTEK") asserts that proof of claim no. 9037 was comprised of (a) a general unsecured claim in the amount of $1,654,378.44 and (b) an administrative expense claim in the amount of $21,833.87. OPTEK further asserts that it transferred the | Modified claims asserting reclamation | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | right to purchase a portion of its unsecured claim in the amount of $920,461.40 to TPG Credit Opportunities Fund L.P. and TPG Credit Opportunities Investors L.P., but retained $733,917.04 of its unsecured claim and the entire administrative expense portion.<br><br>a)  OPTEK agrees with the Debtors' Objection seeking to eliminate the TPG contingent unsecured portion of proof of claim no. 9037 in the amount of $920,461.40, assuming elimination is on the basis that (1) the claim related to postpetition receipt of product, (2) representing postpetition obligations, and (3) these invoices have been paid as postpetition administrative expense claims.<br><br>b)  With respect to the retained unsecured portion of proof of claim no. 9037, OPTEK agrees with the Debtors that $384,651.77 in payments have been made pursuant to assumption agreements, thereby reducing the claim from $733,917.04 to $349,265.27 to reflect payments made to OPTEK.  OPTEK argues, however, that any reduction in proof of claim no. 9037 must be conditioned upon the right of OPTEK to increase the amount of its retained unsecured claim in the event that it does not receive the full future payments of $135,102.19 it alleges remain due under the assumption agreements.  OPTEK also disagrees with the Debtors that the retained unsecured portion should be reduced by an additional $57,231.88 for amounts paid pursuant to the first assumption agreement. OPTEK asserts that such payment was already accounted for in its initial unsecured | | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim, and that allowing such reduction would credit the Debtors twice for a single payment.  OPTEK disagrees with any additional reduction of its retained unsecured claim amount, including the Debtors' Objection to the retained unsecured claim in the amount of $2,975.21, because the Debtors allegedly have not provided any supporting evidence for such reduction.<br><br>c)  With respect to the administrative expense portion of proof of claim no. 9037, OPTEK agrees with the Debtors that $10,922.39 in payments have been made pursuant to assumption agreements, thereby reducing the claim from $21,833.87 to $10,911.48 to reflect payments made to OPTEK.  However, OPTEK argues that any reduction in its claim must be conditioned upon the right of OPTEK to increase the amount of its administrative claim in the event that it does not receive the full future payments of $5,453.01 it alleges remain due under the assumption agreements.  OPTEK opposes any further reduction of its priority administrative expense claim.<br><br>OPTEK reattached a copy of its proof of claim and supporting evidence. | | |
| 26. | AB Automotive Electronics Ltd. (Docket No. 9450) | 9120 | AB Automotive Electronics Ltd. ("AB Automotive") asserts that it timely filed proof of claim no. 9120 in the amount of $160,270.22, which consisted of (a) a general unsecured claim in the amount of $40,270.22 and (b) an administrative expense claim representing the reconciled reclamation amount in an amount of $120,000.00.  AB Automotive subsequently transferred | Modified claims asserting reclamation | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $40,270.00 of its unsecured claim to TPG Credit Opportunities Fund L.P. and TPG Credit Opportunities Investors L.P. (collectively, "TPG"), retaining $0.22 of the unsecured claim.  On September 18, 2007, TPG re-transferred a portion of the unsecured claim back to AB Automotive, such that AB Automotive now asserts the unsecured portion of proof of claim no. 9120 in the amount of $22,287.88.  AB Automotive disagrees with the Debtors' Objection seeking to eliminate the unsecured claim in the amount of $22,287.88.  In response to the Debtors' argument that AB Automotive lacked a valid purchase order with respect to nine invoices totalling $15,635.26, AB Automotive asserts that the Debtors' did request the products shipped, and that a reduction should not be allowed solely because the Debtors allegedly did not provide a formal purchase order.<br><br>AB Automotive also disagrees with the Debtors' argument that the unsecured portion of proof of claim no. 9120 should be reduced by an additional $4,850.00 to reflect payments made on three invoices.  AB Automotive asserts that the payments are unrelated to the balance due on the original invoice.<br><br>Finally, AB Automotive alleges that the Debtors' Objection with regards to an invoice in the amount of $1,802.62 should be disallowed because it is the Debtors' purchase order pricing that is incorrect, not the invoice pricing.  AB Automotive also asserts that the Debtors fail to provide any factual or legal | | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | evidence to rebut their prima facie claim. | | |
| 27. | Federal-Mogul Corporation (Docket No. 9453) | 1111 | Federal-Mogul Corporation ("Federal-Mogul") disagrees with the Debtors' Objection seeking to expunge proof of claim no. 1111, which was filed as a secured claim in the amount of $1,952,349.57. Federal-Mogul asserts that proof of claim no. 1111 is prima facie valid, and that the Debtors have failed to produce any evidence sufficient to shift the burden back to Federal-Mogul. Furthermore, Federal-Mogul alleges the Debtors mistakenly identified proof of claim no. 1111 as being asserted against Delphi Corporation rather than DAS LLC. Federal-Mogul argues that the Debtors' looked in the wrong books, explaining why the Debtors' books and records do not show any liability owed. | Books and records claims | Adjourn |
| 28. | Energy Conversion Systems (Docket No. 9454) | 14135 | Energy Conversion Systems, as assignee of SPCP Group LLC ("ECS"), asserts that proof of claim no. 14135 was timely filed in the amount of $1,424,133.17, of which $341,143.65 was entitled to priority as a reclamation claim and $1,082,989.52 was a general unsecured claim. ECS consents to reduce proof of claim no. 14135 by $63,061.93 to an allowed claim of $1,361,071.24.

ECS disagrees with the Debtors' proposed reduction and modification of the claim from $1,424,133.17 to an unsecured claim in the amount of $874,366.13. ECS alleges that the Debtors have not provided substantial evidence in support of such reduction. In particular, ECS maintains that certain wire payments in the amount of $151,370.41 did | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | correspond to the invoices substantiating its claim. ECS further asserts that the Debtors' Objection in the amount of $31,474.18 to goods on the basis of non-receipt is overstated because ECS has established proofs of delivery of such goods in the amount of $25,232.93. ECS also objects to the Debtors' proposed reduction in the amount of $54,624.97 on the grounds that even if such goods were mistakenly shipped, the Debtors nevertheless accepted the goods. ECS also disagrees with the Debtors' Objection to the claim based on price differences in the amount of $301,242.67. ECS asserts that the Debtors overstate the price difference by $252,125.74 and accordingly object to that amount of reduction. Finally, ECS objects to a reduction of its claim in the amount of $3,351.56 in connection with invoices payable. ECS attached its proof of claim and numerous supporting documents. | | |
| 29. | United Plastics Group (Docket No. 9459) | 13572 | a) United Plastics Group ("UPG") filed proof of claim no. 13572 in the amount of $46,538.80 in connection with a reclamation demand against DAS LLC. UPG disagrees with the Debtors' proposed reduction and reclassification of proof of claim no. 13572 to a general unsecured claim of $41,502.60 and a $2,010.69 priority claim. UPG argues that the Debtors failed to provide a specific basis for objection, and failed to produce any evidence to overcome the alleged prima facie validity.<br><br>b) United Plastics Group-Mexico separately filed reclamation-based proof of claim no. 13546 in the amount of $42,827.19. Proof of | Modified claims asserting reclamation | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim no. 13546 is listed in the Response, but is not included in the Objection.  UPG attached new evidence in support of its claims. | | |
| 30. | Cingular Wireless n/k/a AT&T Mobility LLC (Docket No. 9460) | 5087 | Cingular Wireless n/k/a AT&T Mobility ("AT&T") disagrees with the Debtors' Objection seeking to reduce proof of claim no. 5087 from $31,423.71 to $10,761.88 based on an initial review of the Debtors' records.  AT&T argues that it has sent, and the Debtors have received, invoices which properly support the asserted claim amount. | Claims subject to modification | Adjourn |
| 31. | Texas Instruments Incorporated (Docket No. 9465) | a) 2713 | a)  Texas Instruments Incorporated ("TI") filed proof of claim no. 2713 in the amount of $6,253,576.29.  A portion of that claim was a reclamation claim, while the remainder of the claim was a general unsecured claim.  TI asserts that it has transferred and assigned proof of claim no. 2713 to Bear Stearns Investment Products, Inc., but retains standing to respond.  TI does not object to the Debtors' classifying $64,270.14 as a priority claim, with the remaining $6,189,306.15 being classified as a general unsecured claim. | a) Modified claims asserting reclamation | a) Adjourn |
| | | b) 15378 | b)  TI disagrees with the Debtors' Objection seeking to reduce proof of claim no. 15378 from $996,729.62 to $345,112.09.  TI further alleges that the Debtors have failed to provide any reason in law or fact as to why proof of claim no. 15378 should be disallowed, and therefore such objections are insufficient to overcome the prima facie validity of the claim. | b) Claims subject to modification | b) Adjourn |
| 32. | Ohio Department of Taxation (Docket No. 9468) | 1532 | The Ohio Department of Taxation ("Ohio") disagrees with the Debtors' Objection seeking to reduce proof of claim no. 1532 from | Tax claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $36,026,477.41 to an amount of $3,532,000.00. Ohio argues that the Debtors have failed to provide any evidence in support of the reduction, failing to meet their burden to rebut Ohio's _prima facie_ case. | | |
| 33. | Hitachi Chemical (Singapore) Pte. Ltd. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. (Docket No. 9478) | 416 | Hitachi Chemical (Singapore) Pte. Ltd. f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd. ("HCS") asserts proof of claim no. 416 in the amount of $5,415,329.84, of which $1,391,527.32 was asserted as a priority reclamation claim and $4,023,802.52 was asserted as a general unsecured claim.<br><br>HCS disagrees with the Debtors' Objection seeking to reduce the reclamation portion of proof of claim no. 416 from $1,391,527.32 to an amount of $219,986.79. HCS asserts that its goods were readily identifiable and were retained by the Debtors, making reduction of its reclamation claim inappropriate. HCS further disagrees with the Debtors' Objection seeking to shift the claim from Delphi Corporation to DAS LLC. HCS argues that the Debtors have produced no evidence showing that HCS was on notice that DAS LLC was responsible for proof of claim no. 416, and further asserts that such a transfer would be a waste of judicial resources, since there will only be one consolidated estate under the Debtors' proposed plan of reorganization. HCS attached proof of claim no. 416 and new supporting evidence. | Modified claims asserting reclamation | Adjourn |
| 34. | General Electric Capital Corporation (Docket No. 9481) | 15452 | General Electric Capital Corporation ("GECC") disagrees with the Debtors' Objection seeking to reduce proof of claim no. 15452 from $651,626.18 to $484,659.55 for various prepetition and postpetition | Books and records claims | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | amount. GECC argues that proof of claim no. 15452 is prima facie valid and that the Debtors have failed to produce evidence sufficient to rebut proof of claim no. 15452. GECC attached new additional evidence in support. | | |
| 35. | Riverside Claims, LLC, as assignee for Product Action International, LLC (Docket No. 9484) | 8875 | Riverside Claims, LLC, as assignee for Product Action International, LLC ("Riverside"), opposes the Debtors' Objection seeking to reduce proof of claim no. 8875 from $505,106.24 to $168,224.07. Riverside argues that the Debtors have not put forth sufficient evidence to rebut the prima facie validity of proof of claim no. 8875. Riverside does not object to allocating proof of claim no. 8875 against two different debtors. | Claims subject to modification | Adjourn |
| 36. | Ai-Shreveport LLC (Docket No. 9485) | 15299 | Ai-Shreveport LLC ("Ai-Shreveport") disagrees with the Debtors' Objection seeking to disallow proof of claim no. 15299 which was filed in the amount of $389,277.00. Ai-Shreveport asserts that proof of claim no. 15299 is supported by evidence and furthermore asserts that it has a valid setoff claim for the entire amount stated in proof of claim no. 15299. | Duplicate and amended claims | Adjourn |
| 37. | Android Industries, LLC (Docket No. 9486) | 14645 | Android Industries LLC ("Android") disagrees with the Debtors' Objection seeking to disallow the entire amount of proof of claim no. 14645, which was filed in the amount of $3,184,562.00. Android asserts that proof of claim no. 14645 is supported by evidence and further asserts that it has a valid setoff for the entire amount stated. | Books and records claims | Adjourn |
| 38. | Deco Automotive, a Division of Magna International, Inc. | 13458 | Deco Automotive, a division of Magna International, Inc. ("Magna"), asserts that the Debtors have not provided any basis for | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | (Docket No. 9487) | | objecting to the secured nature of proof of claim no. 13458, which asserts $74,644.00. Magna further asserts that it is entitled to a setoff. Magna attached new additional evidence in support of proof of claim no. 13458. | | |
| 39. | Victory Packaging L.P. (Docket No. 9531) | 11640 | Victory Packaging L.P. ("Victory Packaging") asserts that it filed proof of claim no. 11640 in the amount of $10,208,032.27 for delivered goods and certain services provided. Victory Packaging disagrees with the Debtors' Objection seeking to reduce the balance of the unsecured portion of proof of claim no. 11640 from $9,549,522.82 to $3,525,426.66. Victory Packaging further asserts that the Debtors have not provided any factual or legal basis sufficient to overcome the prima facie validity of its claim. | Modified claims asserting reclamation | Adjourn |
| 40. | TAI Unsecured Creditors Liquidating Trust, as estate representative of Tower Automotive, Inc. (Docket No. 9559) | 16573 | TAI Unsecured Creditors Liquidating Trust, as estate representative of Tower Automotive, Inc. ("TAI") disagrees with the Debtors' Objection seeking to disallow and expunge proof of claim no. 16573 in the amount of $14,540,878.50. Proof of claim no. 16573 was filed amending proof of claim no. 15221, which sought to recover certain transfers allegedly avoidable under 11 U.S.C. § 547(b).<br><br>TAI asserts that as a result of discussions with the Debtors' representatives, the Debtors will not be pursuing their procedural objections regarding (a) the timeliness of proof of claim no. 16573 or (b) the absence of liability based on the Debtors' books and records. TAI asserts that the parties will seek | Untimely books and records claims | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | an adjudication on the merits, and reserves the right to respond to any non-merits based objection.  TAI reattached supporting evidence and also attached the Feb. 2, 2007 Stipulation And Order Resolving Motion For Relief From Stay Filed By Tower Automotive. | | |
| 41. | Verizon North Inc. (Docket No. 9561) | 2340 | Verizon North Inc. ("Verizon") disagrees with the Debtors' Objection seeking disallowance of proof of claim no. 2340 filed in an amount of $5,083.55.  Verizon asserts that the Debtors have failed to produce any evidence or other legal basis sufficient to overcome the prima facie validity of proof of claim no. 2340. | Books and records claims | Adjourn |
| 42. | Deringer-Ney Inc., as assignee of Amroc Investments LLC (Undocketed) | 7837 | Deringer-Ney Inc., as assignee of Amroc Investments LLC ("Deringer"), disagrees with the Debtors Objection seeking to reduce proof of claim no. 7837 from $152,445.85 to $143,532.08.  Deringer appears to agree to reducing proof of claim no. 7837 by $323.61, to $152,122.24.  Deringer attached new invoices supporting why it thinks further reduction inappropriate. | Claims subject to modification | Adjourn |
| 43. | Madison Investment Trust Series 38 a/k/a Madison Liquidity Investors LLC (Undocketed) | 4011 | Madison Investment Trust Series 38 ("Madison") disagrees with the Debtors' Objection seeking to reduce proof of claim no. 4011, originally filed by Root Neal & Co. Inc., from $30,350.37 to $22,815.18.  Madison asserts that proof of claim no. 4011 should be allowed in full.  Madison reattached proof of claim no. 4011 and supporting evidence. | Claims subject to modification | Adjourn |