UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

      In re                                    :          Chapter 11

DELPHI CORPORATION, et al.,        :          Case No. 05-44481 (RDD)

                        Debtors.           :          (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CERTAIN (A) DUPLICATE AND AMENDED CLAIMS,
(B) INSUFFICIENTLY DOCUMENTED CLAIMS, (C) CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, (D) UNTIMELY CLAIM, AND (E) CLAIMS SUBJECT
TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS
ASSERTING RECLAMATION, CONSENSUALLY MODIFIED AND REDUCED TORT
CLAIMS, AND LIFT STAY PROCEDURES CLAIMS SUBJECT TO <u>MODIFICATION
IDENTIFIED IN TWENTIETH OMNIBUS CLAIMS OBJECTION</u>

("TWENTIETH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed.

R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented

Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E)

Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting

Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims

Subject To Modification, dated August 24, 2007 (the "Twentieth Omnibus Claims Objection"),[1] of

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession

in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
       Twentieth Omnibus Claims Objection.

on the Twentieth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B-1, B-2, C-1, C-2, C-3, ~~C-4, D, E, F, G, H, and I~~D, E-1, E-2, E-3, E-4, E-5, F-1, F-2, F-3, F-4, F-5, F-6, F-7, and F-8, hereto was properly and timely served with a copy of the Twentieth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twentieth Omnibus Claims Objection, and notice of the deadline for responding to the Twentieth Omnibus Claims Objection. No other or further notice of the Twentieth Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Twentieth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Twentieth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Twentieth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2  DeltaView comparison of pcdocs://chisr02a/643908/5 and pcdocs://chisr02a/643908/8. Performed on 9/26/2007.

    C. The Claims listed on <u>Exhibit A</u> hereto under the column heading "Claim To Be Expunged" are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims.

    D. The Claims listed on <u>Exhibit B-1</u> contain insufficient documentation to support the Claims asserted (the "Insufficiently Documented Claims").

    E. The Claim listed on <u>Exhibit B-2</u> hereto contains insufficient documentation to support the Claim asserted and was also untimely filed pursuant to the Bar Date Order (the "Untimely Insufficiently Documented Claim").

    F. The Claims listed on <u>Exhibit C-1</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

    G. The Claims listed on <u>Exhibit C-2</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were also untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claim").

    ~~H. The Claims listed on Exhibit C-3 hereto, which were filed by taxing authorities, contain liabilities and dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Tax Claims").~~

    <u>H.</u> ~~I. The Claims listed on Exhibit C-4~~ <u>The Claims listed on Exhibit C-3</u> hereto, which were filed by taxing authorities, contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were also untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Tax Claims").

    <u>I.</u> ~~J.~~ The Claim listed on <u>Exhibit D</u> hereto was untimely filed pursuant to the Bar Date Order (the "Untimely Claim").

---

3 DeltaView comparison of pcdocs://chisr02a/643908/5 and pcdocs://chisr02a/643908/8. Performed on 9/26/2007.

J.      ~~K.~~ The Claims listed on <u>Exhibit E-1</u> hereto (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (the "Claims Subject To Modification").

K.      ~~L.~~ The Tax Claims listed on <u>Exhibit ~~F~~E-2</u> hereto are overstated and/or incorrectly assert secured or priority status (the "Tax Claims Subject To Modification").

L.      ~~M.~~ The Claims listed on <u>Exhibit ~~G~~E-3</u> hereto (a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

M.      ~~N.~~ The Claims listed on <u>Exhibit ~~H~~E-4</u> hereto are overstated and/or were filed and docketed against the wrong Debtor (the "Consensually Modified And Reduced Tort Claims").

N.      ~~O.~~ The Claims listed on <u>Exhibit ~~I~~E-5</u> hereto were settled pursuant to the Order Approving Procedures For Modifying Automatic Stay Under 11 U.S.C. § 362 To Allow For (I) Liquidating And Settling And/Or (II) Mediating Of Certain Prepetition Litigation Claims

4       DeltaView comparison of pcdocs://chisr02a/643908/5 and pcdocs://chisr02a/643908/8. Performed on 9/26/2007.

(Docket No. 4366) (the "Lift Stay Order"), entered on June 27, 2006 (the "Lift Stay Procedures Claims Subject To Modification").

<u>O.</u>    ~~P.~~ The relief requested in the Twentieth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each "Claim To Be Expunged" listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety. Those Claims identified on <u>Exhibit A</u> as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2. Each Insufficiently Documented Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and expunged in its entirety.

3. The Untimely Insufficiently Documented Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

4. Each Books And Records Claim listed on <u>Exhibit C-1</u> hereto is hereby disallowed and expunged in its entirety.

5. Each Untimely Books And Records Claim listed on <u>Exhibit C-2</u> hereto is hereby disallowed and expunged in its entirety.

~~6.    Each Books And Records Tax Claim listed on Exhibit C-3 hereto is hereby disallowed and expunged in its entirety.~~

6.    ~~7.~~ Each Untimely Books And Records Tax Claim listed on <u>Exhibit C-~~4~~3</u> hereto is hereby disallowed and expunged in its entirety.

5    DeltaView comparison of pcdocs://chisr02a/643908/5 and pcdocs://chisr02a/643908/8. Performed on 9/26/2007.

     7.  8. The Untimely Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

     8.  9. Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-1 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified." No Claimant listed on Exhibit E-1 shall be entitled to (a) recover for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-1, subject to the Debtors' right to further object to each such Claim Subject to Modification. The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

     9.  10. Each "Claim As Docketed" amount and Debtor listed on Exhibit E-2 hereto is hereby revised to reflect the amount and classification listed as the "Claim As Modified." No Claimant listed on Exhibit E-2 shall be entitled to (a) recover for any Tax Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit E-2, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-2, subject to the Debtors' right to further object to each such Tax Claim Subject to Modification. The Tax Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

10.    11. Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit GE-3 hereto is hereby revised to the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit GE-3 shall be entitled to (a) recover for any Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and denying priority status to such Claimant's reclamation demand, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit G,E-3, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit G,E-3, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation.  The Modified Claims Asserting Reclamation shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

11.    12. Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit HE-4 hereto is hereby revised to the amount and Debtors listed as the "Claim As Modified."  No Claimant listed on Exhibit HE-4 shall be entitled to (a) recover for any Consensually Modified And Reduced Tort Claim in an amount exceeding the dollar value listed as the "Modified Total" of the Claim and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit H,E-4, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit H,E-4.  The Consensually Modified And Reduced Tort Claims shall remain on the claims register.

12.    13. Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit IE-5 hereto is hereby revised to the amount listed as the "Claim As Modified."  No Claimant listed on Exhibit IE-5 shall be entitled to (a) recover for any Lift Stay Procedures Claim

7    DeltaView comparison of pcdocs://chisr02a/643908/5 and pcdocs://chisr02a/643908/8. Performed on 9/26/2007.

Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit ~~I,~~ E-5, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit ~~I~~ E-5.  The Lift Stay Procedures Claims Subject To Modification shall remain on the claims register.

13.  With respect to each Claim for which a Response to the Twentieth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-1, F-2, F-3, F-4, F-5, F-6, F-7, and F-8, hereto, the hearing regarding the objection to such Claims shall be adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

14.  Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twentieth Omnibus Claims Objection.

15.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

16.  This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twentieth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

17.  Each of the objections by the Debtors to each Claim addressed in the Twentieth Omnibus Claims Objection and attached hereto as Exhibits A, B-1, B-2, ~~D,~~ C-1,

C-2, C-3, ~~C-4, E, F, G, H, and I~~D, E-1, E-2, E-3, E-4, E-5, F-1, F-2, F-3, F-4, F-5, F-6, F-7, and F-8, constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Twentieth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

        18.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

        19.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Twentieth Omnibus Claims Objection.

Dated:  New York, New York
           September ___, 2007

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

---

9     DeltaView comparison of pcdocs://chisr02a/643908/5 and pcdocs://chisr02a/643908/8. Performed on 9/26/2007.

Document comparison done by DeltaView on Wednesday, September 26, 2007 2:59:52 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr02a/643908/5 |
| Document 2 | pcdocs://chisr02a/643908/8 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from > | |
| >Moved to < | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 30 |
| Deletions | 42 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 72 |

10    DeltaView comparison of pcdocs://chisr02a/643908/5 and pcdocs://chisr02a/643908/8. Performed on 9/26/2007.