## Exhibit A

### In re Delphi Corporation, et al.; Case No. 05-44481 (RDD)

*Objections To The Debtors' Estimation Motion Organized By Objector[1]*

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| Universal Tool & Engineering Co., Inc. (Docket No. 9417) | a) Universal Tool Engineering Co., Inc. ("Universal Tool") does not object to the Debtors' Maximum Capped Amount for proof of claim no. 2175.<br><br>b) Universal Tool objects to the Debtors' Maximum Capped Amount for proof of claim no. 6878, asserting that it has incurred expenses for returning leased premises to an acceptable condition for leasing. The Counterproposal reflects amounts for unpaid rent and additional expenses.<br><br>c) Universal Tool objects to the Debtors' Maximum Capped Amount for proof of claim no. 2174, asserting that it has incurred expenses for returning leased premises to an acceptable condition for leasing. The Counterproposal reflects amounts for unpaid rent and additional expenses. | a) 2175 - None<br><br>b) 6878 - $348,481.97<br><br>c) 2174 - $403,340.00 | No | The Debtors and Universal Tool agree to cap proof of claim no. 2175 as proposed in the Motion.<br><br>The estimation of proofs of claim nos. 6878 and 2174 will be adjourned. | None |

---

[1] This chart reflects all Objections entered on the docket as of Tuesday, September 25, 2007 at 12:00 p.m. (prevailing Eastern time).

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| ARC Automotive, Inc. (Docket No. 9423) | ARC Automotive, Inc. reserves its rights to seek additional amounts above the Maximum Capped Amount for cure in the event the Debtors assume the agreements or for rejection damages. | 9151 - None | No | The hearing on the estimation of proof of claim no. 9151 will be adjourned. | The proposed revised order provides, in relevant part:<br><br>Nothing in this order shall prejudice the rights of ARC Automotive, Inc. ("ARC") and Johnson Control Inc. and its affiliates (collectively, "JCI") to (i) assert a cure claim ("Cure"), pursuant to section 365(b) of the Bankruptcy Code, in the event that the Debtors assume one or more executory contracts between the Debtors and ARC or JCI or (ii) file a proof of claim for rejection damages ("Rejection Damages") pursuant to the Order Under 11 U.S.C. 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the Debtors reject one or more executory contracts between the Debtors and ARC or JCI; provided, however, that nothing in this order shall prejudice the Debtors' rights to object to such Cure and Rejection Damages claims. |

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| Cadence Innovation LLC, Successor In Interest To Patent Holding Company (Docket No 9425) | Cadence Innovation LLC, Successor In Interest To Patent Holding Company ("Cadence"), asserts that the Motion should be denied because (1) the estimation procedures fails to preserve Cadence's due process rights because the procedures do not take into consideration the complex patent infringement issues, (2) the estimation procedures do not require the Debtors to satisfy their burden of demonstrating that estimation of Cadence's claims is necessary to avoid undue delay, (3) the Debtors allegedly improperly seek authority to set a maximum cap with respect to Cadence's claims for all purposes, and (4) claimant's rights to seek reconsideration are not preserved. | 10111 - $25,000,000 | Yes | The hearing on the estimation of proof of claim no. 10111 will be adjourned. | 17.  With respect to proofs of claim numbers 10100 and 10111 (together, the "Cadence Prepetition Claims") of Cadence Innovation LLC ("Cadence"), "good cause" exists under paragraph 10(f) of this Order to vary from the procedures or guidelines set forth in paragraph 10 of this Order.<br>(a)  Accordingly, the Debtors and Cadence shall negotiate in good faith appropriate estimation procedures, if necessary, to estimate the the Cadence Prepetition Claims on or before December 6, 2007.  If the parties are unable to consensually agree on procedures, either party, upon seven calendar days' written notice, may request that this Court order appropriate procedures on an expedited basis.<br>(b)  Any estimation order entered pursuant to this Order shall not have any binding effect on any claim arising from and after the Petition Date that is entitled to administrative priority or any post-emergence claim.<br>(c)  In the event that Cadence seeks mandatory withdrawal of the reference to the United States District Court for the Southern District of New York to estimate the Cadence Prepetition Claims, it shall file a motion in the District Court requesting the same on or before October 8, 2007 or waive such right. |

3

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| | | | | | In such event, the Debtors reserve all objections and/or arguments to such requested withdrawal.<br>(d)  The parties shall negotiate a stipulation that shall provide, for administrative convenience only, and without in any way prejudicing Cadence's right to re-assert any claim it may have against an appropriate Debtor subject to the Debtors' ability to contest the same on substantive grounds, a single consolidated claim against either Delphi Corporation or Delphi Automotive Systems LLC. |
| Lightsource Parent Corporation (Docket No. 9427) | Lightsource Parent Corporation ("Lightsource") asserts that the estimation procedures conflict with the claims procedures and are an improper attempt to circumvent a contested matter and the claims procedures order.  Lightsource states that the motion should be denied as to Lightsource and if its claim is estimated under the motion it should be estimated at $6 million. | 14245 - $6,001,722.00 | Yes | The Debtors have agreed to accept Lightsource's Counterproposal. The Debtors and Lightsource agree to adjourn further reconciliation of claim into the Claims Objection Procedures, thereby resolving Lightsource's objection to the Estimation Procedures. | The proposed order provides in relevant part:<br><br>The procedures approved herein shall not apply to proof of claim number 14245 ("Claim 14245") filed by Lightsource Parent Corporation; provided, however, that Claim 14245 shall in no event be allowed in an amount greater than $6,001,722.00 for any purpose, including distribution, voting, and setting appropriate reserves under any plan of reorganization of the Debtors. The Claim Objection Procedures Order shall continue to apply to Claim 14245. |
| Official Committee of Unsecured Creditors (Docket No. | The Committee does not object to the Debtors' request to (a) estimate certain contingent or unliquidated claims and (b) approve expedited claims | N/A | N/A | N/A | None |

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| 9442) | estimation procedures. The Committee notes that the Motion does not seek to cap any of the unliquidated claims for ultimate distribution purposes. The Committee reserves all rights to object to the treatment under a plan of reorganization of the unliquidated claims that are the subject of the Motion. | | | | |
| Longacre Master Fund, Ltd., as assignee of Park Enterprises Of Rochester, Inc. (Docket Nos. 9451 and 9452) | Longacre Master Fund, Ltd. ("Longacre") asserts the Debtors' accounting systems reflect monies owed to Park Enterprises of Rochester, Inc. Longacre further asserts that the Debtors have made no attempt to resolve the dispute surrounding the allowance of the claim and allege the Motion is an attempt to disguise a "flawed Omnibus Objection through estimation process." | 16395 - $655,686.82 | No | The Debtors have removed proof of claim no. 16395 from the Motion because upon further examination the claim was determined to be fully liquidated. | None |
| Texas Instruments Incorporated (Docket No. 9466) | The objections of Texas Instruments Incorporated ("TI") states that its proof of claim is not contingent or unliquidated. TI asserts the estimation procedures are a _de facto_ adjudication of its claim with no meaningful ability for TI to defend its claim. | 15378 - $996,729.62 | No | The Debtors have agreed to accept TI's Counterproposal. The Debtors and TI agree to adjourn further the hearing on the reconciliation of TI's claim into the Claims Objection Procedures, thereby resolving TI's | The proposed revised order provides in relevant part: The procedures approved herein shall not apply to proof of claim number 15378 ("Claim 15378") filed by Texas Instruments Incorporated; provided, however, that Claim 15378 shall in no event be allowed in an amount greater than $996,729.62 for any purpose, including distribution, voting, and |

05-44481-rdd    Doc 9622-1    Filed 09/26/07    Entered 09/26/07 15:59:18    Exhibit A
Pg 6 of 12

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| | | | | objection to the Estimation Procedures. | setting appropriate reserves under any plan of reorganization of the Debtors. The Claim Objection Procedures Order shall continue to apply to Claim 15378. |
| Technology Properties Ltd. (Docket No. 9472) | Technology Properties Ltd.'s ("TPL") objection asserts that the estimation procedures are inadequate to estimate patent infringement claims. | 14943, 14944, 14945, 14946, 14947, 14948, 14949, 14950, 14951, 14952, 14953, 14954, 14955, 14956, 14957, 14958, 14959, 14960, 14961, 14962, 15151, 15152, 15153, 15154, 15155, 15156, 15157, 15158, 15159, 15160, 15161, 15162, 15163, 15164, 15165, 15166, 15167, 15168, 15169, 15170, 15172, 15381, 15382, 15383, 15384, 15385, 15386, 15387, 15388, 15389, 15390, 15391, 15392, 15393, 15394, 15395, 15396, 15397, 15398, 15399, 15400, 15401, 15402, 15403, 15404, 15405, 15406, 15407, 15408, 15409, 15410, 15411, 15412, 15413, 15414, 15415, 15416, 15417, 15418, 15419, 15420, 15421, and 15422 - $4,144,000,000.00 | Yes | TPL's objection to the Estimation Procedures will be heard on September 27, 2007. The hearing on the estimation of TPL's proofs of claim will be adjourned. | None |
| Comerica Leasing Corporation | Comerica Leasing Corporation ("Comerica") objects to the Debtors' Maximum Capped | a) 12176 - $0<br><br>b) 12177 - | Yes | The Debtors and Comerica agree to adjourn further | The proposed revised order provides in relevant part: |

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| (Docket No. 9476) | Amount for proof of claim no. 12177 and makes a Counterproposal of $2,314,557.00 plus accrued and accruing interest and costs of $1,150,000.00. Comerica does not object to the Debtors' estimating proof of claim no. 12176 asserted against Delphi Corporation at $0. Comerica asserts that the estimation procedures violate Comerica's due process rights because the estimation procedures do not take into account the dispute resolution procedures in the leases - such as arbitration. | $3,464,557.00 | | reconciliation of the claim into the Claims Objection Procedures. The parties also agree that the modified order resolves Comerica's objection to the Estimation Procedures. | The procedures approved herein shall not apply to proof of claim numbers 12176 and 12177 filed by Comerica Leasing Corporation ("Comerica"). Claim number 12177 against Debtor Delphi Automotive Systems, LLC is estimated at $3,464,557. Claim number 12176 against Delphi Corporation is expunged as duplicative (provided, however, Debtors shall not seek to have claim 12177 disallowed and expunged solely on the basis that it is asserted against the incorrect Debtor). All of Comerica's, the Debtors', and other parties-in-interests' rights, remedies, defenses, and objections under the Lease, Lease Documents and Lease Assignment (each as defined in Comerica's objection to the Motion (Docket No. 9476), including without limitation, Comerica's right to seek possession of the subject equipment, Comerica's rights against General Motors Corporation as a guarantor under the Lease, the right to seek to enforce the arbitration provisions contained in the Lease Documents and the right to seek payment of an administrative expense claim, and the rights of the Debtors, and other parties-in-interests to contest the same, are reserved, and nothing in this Order constitutes or should be construed to waive those or any other rights. |

7

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| Bank of America NA (Docket No. 9477) | Bank of America NA ("Bank of America") requests express authorization to apply and offset the advance payment balance. If authorization to apply such payment is provided, Bank of America will designate $9,488,705.90 as an appropriate Maximum Capped Amount. In its objection, Bank of America states the "estimation motion seeks to prematurely and improperly restrict Bank of America rights without the benefit of a full evidentiary hearing on the allowance of the Claim." | 11660 - $9,488,705.90 | Yes | Bank of America's objection to the Estimation Procedures will be heard on September 27, 2007. The estimation of Bank of America's proof of claim will be adjourned. | None |
| U.S. Customs And Border Protection (Docket No. 9492) | In its objection, U.S. Customs and Border Protection ("Customs") states it does not object to the cap solely for voting purposes, but intends to continue to assert its entitlement to full payment of the claim. | 16127 - $82,642.04 | No | The hearing on the estimation of proof of claim no. 16127 will be adjourned. | None |
| Kilroy Realty LP (Docket No. 9521) | In its objection, Kilroy Realty LP states Packard and Delphi are jointly and severely liable. Consequently, both claims should be capped at $3 million. Kilroy acknowledges that it recognizes that its aggregate recovery cannot exceed $3 | 13268 - $3,000,000 | No | The Debtors and Kilroy have executed a joint stipulation which caps proof of claim no. 13268 at $3 million and addresses | None |

8

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| | million. | | | administrative claim issues related to proof of claim no. 13269. | |
| Johnson Controls Inc. Automotive Group (Docket Nos. 9523, 9524, 9564, 9565, 9525, 9566, 9567, 9568, 9569, 9570, 9571) | In addition to making three Counterproposals for its proofs of claim, Johnson Controls, Inc. Automotive Group objects to the Debtors' Estimation Motion because it does not reserve the right for JCI to assert either a rejection damages claim in connection with any executory contract that the Debtors assume or a cure claim in connection with any executory contracts. | a) 15523 -$351,743.28<br><br>b) 15524 -$350,438.28<br><br>c) 15525 - $85,688.20<br><br>d) 15526 - None<br><br>e) 15532 -$350,438.28<br><br>f) 15514 - None<br><br>g) 15513 - None<br><br>h) 15515 - None<br><br>i) 15520 - None<br><br>j) 15521 - None<br><br>k) 15519 - None | No | The hearing on the estimation of JCI proofs of claim will be adjourned. | The proposed revised order provides, in relevant part:<br><br>Nothing in this order shall prejudice the rights of ARC Automotive, Inc. ("ARC") and Johnson Control Inc. and its affiliates (collectively, "JCI") to (i) assert a cure claim ("Cure"), pursuant to section 365(b) of the Bankruptcy Code, in the event that the Debtors assume one or more executory contracts between the Debtors and ARC or JCI or (ii) file a proof of claim for rejection damages ("Rejection Damages") pursuant to the Order Under 11 U.S.C. 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the Debtors reject one or more executory contracts between the Debtors and ARC or JCI; provided, however, that nothing in this order shall prejudice the Debtors' rights to object to such Cure and Rejection Damages claims. |
| Takata | Takata Corporation seeks to | 10965 – N/A | N/A | N/A | The proposed revised order |

9

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| Corporation (Docket No. 9533) | have this Court enter a proposed order preserving its right to assert rejection damages. | 10968 – N/A | | | provides, in relevant part:<br><br>Nothing in this order shall prejudice the rights of Takata Corporation ("Takata"), TK Holdings, Inc. ("TK Holdings"), and TK Holdings, Inc. Automotive Systems Laboratory Inc And Takata Seat Belts Inc. ("TK Automotive"), to file a proof of claim for rejection damages pursuant to the Order Under 11 U.S.C. 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the Debtors reject one or more executory contracts between the Debtors and Takata, TK Holdings, or TK Automotive. |
| TK Holdings, Inc. (Docket No. 9533) | TK Holdings, Inc. seeks to have this Court enter a proposed order preserving its right to assert rejection damages. | 10964 – N/A | N/A | N/A | The proposed revised order provides, in relevant part:<br><br>Nothing in this order shall prejudice the rights of Takata Corporation ("Takata"), TK Holdings, Inc. ("TK Holdings"), and TK Holdings, Inc. Automotive Systems Laboratory Inc. And Takata Seat Belts Inc. ("TK Automotive"), to file a proof of claim for rejection damages pursuant to the Order Under 11 U.S.C. 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, |

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| | | | | | 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the Debtors reject one or more executory contracts between the Debtors and Takata, TK Holdings, or TK Automotive. |
| TK Holdings, Inc. Automotive Systems Laboratory, Inc. And Takata Seat Belts, Inc. (Docket No. 9534) | TK Holdings, Inc. Automotive Systems Laboratory, Inc. And Takata Seat Belts, Inc. seeks to have this Court enter a proposed order preserving its right to assert rejection damages. | 10570 – N/A 10571 – N/A | N/A | N/A | The proposed order provides, in relevant part:

Nothing in this order shall prejudice the rights of Takata Corporation ("Takata"), TK Holdings, Inc. ("TK Holdings"), and TK Holdings, Inc. Automotive Systems Laboratory Inc And Takata Seat Belts Inc. ("TK Automotive"), to file a proof of claim for rejection damages pursuant to the Order Under 11 U.S.C. 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the Debtors reject one or more executory contracts between the Debtors and Takata, TK Holdings, or TK Automotive. |
| American International Group, Inc. | American International Group, Inc. ("AIG") proposes, with respect to each of their proofs | 1373, 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, | No | The hearing on the estimation of AIG's proofs of claim will | None |

| OBJECTION | SUMMARY OF OBJECTION | PROOF OF CLAIM/ COUNTERPROPOSAL | OBJECTION TO PROCEDURES | RESOLUTION, RESPONSE, OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|---|
| (Docket No. 9560) | of claim listed on the Motion, to set a maximum amount of $25 million for each such claim, for an aggregate amount of $375 million. | 1382, 1383, 1384, 1385, 1386, 1387 - $25 million for each claim | | be adjourned. | |