UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

    In re                               :        Chapter 11
                                :
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
                                :
                 Debtors.      :        (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES

("CLAIMS ESTIMATION ORDER")

        Upon the motion, dated September 7, 2007 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order Pursuant To 11 U.S.C. §§ 105(a) and 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent And Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

      B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.    The Motion is GRANTED.

      2.    Each Unliquidated Claim listed on <u>Exhibit A</u> hereto is hereby estimated and set at a maximum cap amount, solely for the purposes of tabulating votes on and setting appropriate reserves under ~~the Plan~~<u>any plan of reorganization of the Debtors</u>, in the proposed amount as indicated for that claim on <u>Exhibit A</u> hereto.

      3.    Nothing in this order is intended to, nor shall this order modify, impair, or affect any rights of the Debtors to object to, or seek to estimate, any and all Unliquidated Claims at lesser amounts for purposes of allowance and distribution.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2    DeltaView comparison of pcdocs://chisr01a/563496/6 and pcdocs://chisr01a/563496/9. Performed on 9/26/2007.

4. The Debtors are hereby authorized to utilize the procedures, as described herein, to estimate and set a maximum capped amount for the Unliquidated Claims listed on Exhibit B hereto.

5. This Court shall conduct special periodic hearings on contested claims matters in these cases (each an "Estimation Hearing"), on the dates and times designated in the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objection entered December 6, 2006 (Docket No. 6089) (the "Claim Objection Procedures Order").

6. The Estimation Hearings shall be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by this Court.

7. Only those objections and Counterproposals made in writing and timely filed and received shall be considered by this Court.

8. To the extent that a Counterproposal and an objection was filed with respect to any claim listed on Exhibit A to the Motion (each, a "Contested Unliquidated Claim"), each such Contested Unliquidated Claim and the Motion shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

9. Any order entered by this Court with respect to Motion shall be deemed a separate order with respect to each claim covered by such order.

10. The following procedures shall apply with respect to the determination of Contested Unliquidated Claims (the "Claims Estimation Procedures"):

---

3   DeltaView comparison of pcdocs://chisr01a/563496/6 and pcdocs://chisr01a/563496/9. Performed on 9/26/2007.

(a) <u>Acceptance of Counterproposal</u>.  The Debtors are hereby authorized, in their sole discretion, to elect to (a) provisionally accept the Claimant's Counterproposal (or a lesser agreed upon amount) as the Maximum Capped Amount for the Contested Unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, for the purposes of tabulating votes on and setting appropriate reserves under the Plan, subject to further objection and reduction as appropriate, or (b) reject the Counterproposal and seek to estimate, for the purposes of tabulating votes on and setting appropriate reserves under the Plan, the Contested Unliquidated Claim at a subsequent hearing date.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Estimated Amount in the form attached hereto as <u>Exhibit C</u>.  The Contested Unliquidated Claim shall otherwise remain subject in all respects to the Claims Estimation Procedures outlined herein. The Debtors may send such notice to each Claimant when they deem it appropriate to do so, subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

(b) <u>Adjournment Of Estimation Hearing</u>.

(i) Each Contested Unliquidated Claim for which a timely objection and Counterproposal is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in their sole discretion, by serving the Claimant by facsimile or overnight delivery with a notice substantially in the form attached hereto as <u>Exhibit D</u> (a "Notice Of Estimation Hearing") and a copy of this Order at least 20 calendar days prior to the date of such Hearing.

(ii) The Debtors, in their sole discretion, are hereby authorized to further adjourn an Estimation Hearing scheduled in accordance herewith at any time by providing notice to this Court and the Claimant at least five business days prior to the date of the scheduled hearing, unless otherwise ordered by this Court.

(c) <u>Estimation Hearing Procedures</u>.

(i) To the extent that a Contested Unliquidated Claim is adjourned to a Estimation Hearing, the Debtors and the Claimant shall file and serve a supplemental pleading (a "Summary Brief") no later than ten calendar days before the scheduled Estimation Hearing.  The Summary Brief shall not exceed 15 single-sided, double-spaced pages.

(ii) If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Summary Brief (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Summary Brief; <u>provided</u> further, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Unliquidated Claim.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Summary Brief, as appropriate.

(iii) The Summary Brief may include affidavits or declarations from no more than two witnesses setting forth the proposed maximum capped amount of the Contested

---

4        DeltaView comparison of pcdocs://chisr01a/563496/6 and pcdocs://chisr01a/563496/9. Performed on 9/26/2007.

Unliquidated Claim and evidence supporting the Contested Unliquidated Claim; <u>provided, however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason the Claimant did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Estimation Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Estimation Hearing; instead, the affidavit or declaration submitted at the Estimation Hearing, or such witnesses' deposition transcript if the witnesses was not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross-examine the witnesses at the Estimation Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

        (iv)    No later than three calendar days prior to commencement of the Estimation Hearing, if the Claimant and/or the Debtors timely filed a Summary Brief, the Claimant and/or the Debtors may file and serve a responsive brief ("Responsive Brief"), not to exceed eight single-sided, double-spaced pages, and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Summary Brief and the witnesses' prior affidavits or declarations.

    (d)    <u>Estimation Hearing Record</u>.  The evidentiary and legal record shall be confined to the material included in the Summary Briefs, the Responsive Briefs, declarations and affidavits, and arguments presented at the Estimation Hearing.  With respect to testimony by declarants, direct testimony may be heard only through declarations, witnesses may be subject to cross-examination, and the party offering the testimony may conduct a re-direct examination of its witness.

    (e)    <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 10(f) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to this Court at the Estimation Hearing.  The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence.

    (f)    <u>Ability To Modify Procedures By Order Of Court</u>.  Upon a showing of good cause by either party, this Court may allow or require additions to the record or any of the aforementioned procedures or guidelines as it deems necessary or appropriate.

    11.    The procedures approved herein shall not apply to proof of claim number 10157 ("Claim 10157") filed by Gary Whitney; provided, however, that Claim 10157 shall in no event be allowed in an amount greater than $1,000,000.00 for any purpose, including distribution, voting, and setting appropriate reserves under the Debtors' proposed plan of reorganization. The Claim Objection Procedures Order shall continue to apply to Claim 10157.

---

5    DeltaView comparison of pcdocs://chisr01a/563496/6 and pcdocs://chisr01a/563496/9.  Performed on 9/26/2007.

12. The procedures approved herein shall not apply to proof of claim number 15378 ("Claim 15378") filed by Texas Instruments Incorporated; provided, however, that Claim 15378 shall in no event be allowed in an amount greater than $996,729.62 for any purpose, including distribution, voting, and setting appropriate reserves under any plan of reorganization of the Debtors. The Claim Objection Procedures Order shall continue to apply to Claim 15378.

13. The procedures approved herein shall not apply to proof of claim number 14245 ("Claim 14245") filed by Lightsource Parent Corporation; provided, however, that Claim 14245 shall in no event be allowed in an amount greater than $6,001,722.00 for any purpose, including distribution, voting, and setting appropriate reserves under any plan of reorganization of the Debtors. The Claim Objection Procedures Order shall continue to apply to Claim 14245.

14. Nothing in this order shall prejudice Takata Corporation ("Takata"), TK Holdings, Inc. ("TK Holdings"), and TK Holdings, Inc. Automotive Systems Laboratory Inc And Takata Seat Belts Inc. ("TK Automotive") rights to file a proof of claim for rejection damages pursuant to the Order Under 11 U.S.C. 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the Debtors reject one or more executory contracts between the Debtors and Takata, TK Holdings, or TK Automotive.

15. The procedures approved herein shall not apply to proof of claim numbers 12176 and 12177 filed by Comerica Leasing Corporation ("Comerica"). Claim number 12177 against Debtor Delphi Automotive Systems, LLC is estimated at $3,464,557. Claim number 12176 against Delphi Corporation is expunged as duplicative (provided, however, Debtors shall not seek to have claim 12177 disallowed and expunged solely on the basis that it is asserted against

<u>the incorrect Debtor).  All of Comerica's, the Debtors', and other parties-in-interests' rights, remedies, defenses, and objections under the Lease, Lease Documents and Lease Assignment (each as defined in Comerica's objection to the Motion (Docket No. 9476), including without limitation, Comerica's right to seek possession of the subject equipment, Comerica's rights against General Motors Corporation as a guarantor under the Lease,  the right to seek to enforce the arbitration provisions contained in the Lease Documents and the right to seek payment of an administrative expense claim, and the rights of the Debtors, and other parties-in-interests to contest the same, are reserved, and nothing in this Order constitutes or should be construed to waive those or any other rights.</u>

<u>16.     With respect to proofs of claim numbers 10100 and 10111 (together, the "Cadence Prepetition Claims") of Cadence Innovation LLC ("Cadence"), "good cause" exists under paragraph 10(f) of this Order to vary from the procedures or guidelines set forth in paragraph 10 of this Order.</u>

<u>(a)     Accordingly, the Debtors and Cadence shall negotiate in good faith appropriate estimation procedures, if necessary, to estimate the the Cadence Prepetition Claims on or before December  6, 2007.  If the parties are unable to consensually agree on procedures, either party, upon seven calendar days' written notice, may request that this Court order appropriate procedures on an expedited basis.</u>

<u>(b)     Any estimation order entered pursuant to this Order will not have any binding effect on any claim arising from and after the Petition Date that is entitled to administrative priority or any post-emergence claim.</u>

<u>(c)     In the event that Cadence seeks mandatory withdrawal of the reference to the United States District Court for the Southern District of New York to estimate the Cadence Prepetition Claims, it must file a motion in the District Court requesting the same on or before October 8, 2007 or waive such right.  In such event, the Debtors reserve all objections and/or arguments to such requested withdrawal.</u>

---

7    DeltaView comparison of pcdocs://chisr01a/563496/6 and pcdocs://chisr01a/563496/9. Performed on 9/26/2007.

    (d)    The parties shall negotiate a stipulation that will provide, for administrative convenience only, and without in any way prejudicing Cadence's right to re-assert any claim it may have against an appropriate Debtor subject to the Debtors' ability to contest the same on substantive grounds, a single consolidated claim against either Delphi Corporation or Delphi Automotive Systems LLC.

17.    ~~11.~~ Nothing in this order shall preclude any right to seek further estimation of a claim under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to seek protection of information under section 107(b) of the Bankruptcy Code, or any right not specifically addressed in this Order.

18.    ~~12.~~ This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

19.    ~~13.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
         September ___, 2007

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Wednesday, September 26, 2007 3:43:45 PM

| **Input:** | |
|---|---|
| Document 1 | pcdocs://chisr01a/563496/6 |
| Document 2 | pcdocs://chisr01a/563496/9 |
| Rendering set | Option 3a strikethrough double score no moves |

| **Legend:** | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from > | |
| >Moved to < | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 23 |
| Deletions | 4 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 27 |

9    DeltaView comparison of pcdocs://chisr01a/563496/6 and pcdocs://chisr01a/563496/9. Performed on 9/26/2007.