**Bidding Procedures Hearing Date: September 27, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,

Debtors and Debtors-in-Possession
Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
            Debtors.                :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' SUMMARY OF MODIFICATIONS TO BIDDING PROCEDURES ORDER IN
CONNECTION WITH SALE OF THE DEBTORS' SAGINAW CHASSIS ASSETS
RESOLVING REPLY TO OBJECTION OF INTERNATIONAL UNION, UAW TO
EXPEDITED MOTION FOR ORDERS (A) (I) APPROVING BIDDING PROCEDURES, (II)
GRANTING CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND MANNER OF
SALE NOTICES, AND (IV) SETTING SALE HEARING DATE AND (B) AUTHORIZING
AND APPROVING SALE OF CERTAIN EQUIPMENT AND OTHER ASSETS PRIMARILY
<u>USED IN DEBTORS' SAGINAW CHASSIS BUSINESS FREE AND CLEAR OF LIENS</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit this reply (the "Reply") in support of the Debtors' expedited motion (the "Motion") for orders pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 (i) approving the bidding procedures (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities")[1] primarily used and located at DAS LLC's chassis facility in Saginaw, Michigan (the "Acquired Assets").[2]  This Reply summarizes the resolution of the limited objection filed by the UAW and articulates the agreed upon changes to the proposed bidding procedures order.

        1.        By the Motion, the Selling Debtor Entities seek this Court's approval of the Bidding Procedures in connection with the sale of the Acquired Assets and the Canadian Assets.  The Motion states that at the omnibus hearing to be held on September 27, 2007, the Selling Debtor Entities will seek entry of an order substantially in the form attached to the Motion (the "Bidding Procedures Order") approving the Bidding Procedures, Notice Procedures, and certain bid protections to be provided to TRW Integrated Chassis Systems LLC (the

---

[1]    The Selling Debtor Entities and Delphi Canada, Inc., a non-Debtor affiliate, shall be collectively referred to as the "Sellers."

[2]    In addition to the assets located at the chassis facility located in Saginaw, Michigan, the Selling Debtor Entities are also selling assets located at facilities in Spring Hill, Tennessee, Dayton, Ohio, and Saltillo, Mexico.  Delphi Canada, Inc. ("Delphi Canada"), a non-Debtor affiliate, is also selling assets located at a facility in Oshawa, Ontario, Canada (the "Canadian Assets").  The Canadian Assets are being sold as part of the competitive bidding process described in the Motion.

2

"Purchaser") pursuant to the Asset Purchase Agreement dated September 17, 2007 by and among the Selling Debtor Entities and the Purchaser (the "Agreement").

2.  On September 24, 2007, the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (the "UAW") requested that the Selling Debtor Entities clarify certain issues related to the sale process and modify certain provisions of the Bidding Procedures.[3] In response, the Selling Debtor Entities confirmed the following facts and agreed to make the following accommodations to the UAW:

    (a) The Selling Debtor Entities would provide the UAW notice of receipt all competing bids (but not the actual bids), including bidder contact information;

    (b) The Selling Debtor Entities would permit the UAW to attend the auction;

    (c) The Selling Debtor Entities confirmed that as part of the ordinary diligence process, they would provide copies of the applicable UAW collective bargaining agreements to the potential bidders; and

    (d) The Selling Debtor Entities would keep the UAW informally apprised of information relevant to the UAW as the Selling Debtor Entities work through the process of selecting a successful bid under the Bidding Procedures.

3.  As a result of these discussions with the UAW, the Selling Debtor Entities have revised the Bidding Procedures and the proposed bidding procedures order (the "Revised Bidding Procedures Order") to address the agreements reached with the UAW. A copy of the revised Bidding Procedures (the "Revised Bidding Procedures") is attached as Exhibit 1 to the Revised Bidding Procedures Order, the form of which is attached hereto as Exhibit A.

---

[3] At the UAW's request, the Debtors agreed to extend the objection deadline for the UAW as it related to the hearing on the Bidding Procedures Order from 4:00 p.m. (prevailing Eastern time) on September 24, 2007 to 12:00 p.m. (prevailing Eastern time) on September 25, 2007.

3

      4.      The accommodations referred to in paragraph 2 above are reflected as follows: First, in the section of the Revised Bidding Procedures entitled "Bid Deadline," the Selling Debtor Entities added language to inform bidders that they would provide the UAW with notice of all Qualified Bidders and their contact information. Second, in the section entitled "Auction," the Selling Debtor Entities added "any representative of the UAW" as a party that may attend the auction.

      5.      Despite these modifications and clarifications two issues separated the Selling Debtor Entities and the UAW, and therefore, on September 25, 2007, the UAW filed its limited objection to the Motion as it relates to the Bidding Procedures Order (Docket No. 9584) (the "Limited Objection"). First, the UAW requests that the Selling Debtor Entities add language to the Bidding Procedures, which suggests that the UAW has <u>not</u> confirmed its acceptance of certain terms of the Agreement. The Selling Debtor Entities were opposed to this request because, under the applicable collective bargaining agreements, they are not required to obtain such a confirmation from the UAW. Subsequent to the filing of the Limited Objection, the Selling Debtor Entities and the UAW continued discussions to resolve this objection, and the parties have agreed on language that the Selling Debtor Entities have now added to the Revised Bidding Procedures. In the "Bid Requirements" section of the Revised Bidding Procedures, the Selling Debtor Entities included a statement that "[S]ections 4.2.E(i)-(vii) and 4.2.H of the Agreement are intended to effect assumption of the Collective Bargaining Agreements and, to the extent subject to assumption, these issues remain subject to the parties' rights and obligations related to bargaining with the UAW." The inclusion of this statement in the Revised Bidding Procedures resolves the UAW's first objection.

6.  Second, the UAW requested copies of all qualified bids prior to the sale hearing's objection deadline, which the Selling Debtor Entities currently propose to be October 18, 2007 (the "Objection Deadline"). The Selling Debtor Entities were opposed to this request because, among other things, it provides the UAW with rights that they are otherwise not entitled to and introduced an element that could possibly prolong the Selling Debtor Entities' ability to market these assets and maximize value.

7.  The Selling Debtor Entities and the UAW continued discussions to resolve this objection, and the parties have agreed on language resolving this objection. Specifically, the Selling Debtor Entities have now added the following to the Revised Bidding Procedures and the Revised Bidding Procedures Order: First, in paragraph (b) of the section entitled "Auction" in the Revised Bidding Procedures, the Selling Debtor Entities added the UAW as a party that would receive, at least one business day prior to the auction, copies of the Qualified Bid that the Sellers believe is the highest or otherwise best offer going into the auction. Second, the Selling Debtor Entities have agreed to propose to this Court a supplemental objection deadline of October 24, 2007 at 9:00 a.m. (prevailing Eastern time) (the "Supplemental Objection Deadline"). The Supplemental Objection Deadline would apply solely to objections related to (i) the conduct of the auction or (ii) the Selling Debtor Entities' selection of a successful bidder other than the Purchaser. See Exhibit A, ¶ 4.

8.  These changes to the Revised Bidding Procedures Order and Revised Bidding Procedures fully resolve all issues in the Limited Objection. Thus, to the extent that the UAW has not otherwise withdrawn the Limited Objection, it should be overruled.[4]

---

[4]  On September 25, 2007, the Debtors also received Joe G. Tedder's Pro Se Objection To Debtor's (sic) Sale Of Certain Equipment And Other Assets Free And Clear Of Liens (not docketed) (the "Tedder Objection"). The Tedder Objection relates solely to the relief that the Selling Debtor Entities will seek at the sale hearing.

*(cont'd)*

5

WHEREFORE the Debtors respectfully request that the Court enter an order (i) granting the Motion as it relates to the relief requested in the Revised Bidding Procedures Order, (ii) overruling the Limited Objection, and (iii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       September 26, 2007

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    By: /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606
    (312) 407-0700

    –and –

    By: /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

---

*(cont'd from previous page)*
    Although the Selling Debtor Entities believe that the Tedder Objection has nothing to do with the assets being sold under the Agreement, and thus should be overruled, to the extent such objection is not withdrawn, the Selling Debtor Entities would address the Tedder Objection in a response to be filed, if warranted, prior to the sale hearing.