BARNES & THORNBURG LLP
Attorneys for Bank of America, N.A.
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| Debtors. | ) | (Jointly Administered) |

**LIMITED OBJECTION OF BANK OF AMERICA, N.A. TO MOTION FOR ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) RECORD DATE, VOTING DEADLINE, AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS, (III) HEARING DATE TO CONSIDER CONFIRMATION OF PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) SOLICITATION PROCEDURES FOR VOTING ON PLAN, (VI) CURE CLAIM PROCEDURES, (VII) PROCEDURES FOR RESOLVING DISPUTES RELATING TO POSTPETITION INTEREST, AND (VIII) RECLAMATION PROCEDURES**

Bank of America, N.A. ("Bank of America") hereby files this limited objection (the "Objection") to the Motion for Order Approving (i) Disclosure Statement, (ii) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain Claims, (iii) Hearing Date to Consider Confirmation of Plan, (iv) Procedures for Filing Objections to Plan, (v) Solicitation Procedures for Voting on Plan, (vi) Cure Claim Procedures, (vii) Procedures for Resolving

Disputes Relating to Postpetition Interest, and (viii) Reclamation Claim Procedures (the "Motion"). In support of the Objection, Bank of America states as follows:

## BACKGROUND

1. Prior to the Petition Date (as defined below), Bank of America and Delphi Automotive Systems Human Resources, LLC ("Delphi HR"), Delphi Corporation ("Delphi Corp.") and Delphi Automotive Systems, LLC ("Delphi Automotive Systems") were parties to two (2) leases, guaranties and related documents for the lease of aircraft by Bank of America to the Debtors.[1]

2. On October 8, 2005, Delphi HR, Delphi Corp., Delphi Automotive Systems and several of their affiliates each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. Shortly thereafter, Bank of America filed a Motion for Adequate Protection Replacement Liens (the "Motion for Adequate Protection"). The Motion for Adequate Protection was resolved when this Court entered a Consent Order Resolving Motion by Bank of America, N.A. for Adequate Protection Replacement Liens (the "Consent Order"), which provided for payment of certain amounts due under the Learjet Lease and the Challenger Lease in installments. (Consent Order at ¶ 6.) Moreover, the Consent Order required that the Debtors establish a segregated deposit account for the Aircraft Cash Collateral (as defined by the Consent Order. (Consent Order at ¶¶ 1-2.) Finally, the Consent Order prohibited the Debtors from amending, canceling or otherwise terminating the Learjet Charter Agreement, the Challenger

---

[1] A comprehensive summary of the relationship between Bank of America and the Debtors is contained in Bank of America's response to the Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected on Debtors' Books and Records, (c) Untimely Claims and Untimely Tax Claim, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Fifteenth Omnibus Objection"), a copy of which is available at Docket No. 8309, and is hereby incorporated by reference.

2

Charter Agreement, the Management Agreement or any subleases of the Learjet or the Challenger without at least ten (10) days prior written notice to Bank of America. (Consent Order at ¶ 5.)

4. On January 13, 2006, Bank of America commenced an adversary proceeding by filing a Complaint for a Declaratory Judgment With Respect to the Priority of Liens and Security Interests in Property of Delphi Automotive Systems Human Resources, LLC (the "Complaint") against Delphi HR, the Official Committee of Unsecured Creditors and JPMorgan Chase Bank, N.A., acting in its capacities as administrative agent for the Debtors' prepetition and post-petition lenders. The Complaint requested that this Court enter a judgment declaring that JPMorgan Chase Bank, N.A., in both of the aforementioned capacities, does not hold any security interests or liens in certain collateral pledged to Bank of America by Delphi HR.

5. On April 26, 2006, this Court approved a Stipulation and Order Resolving and Dismissing Adversary Proceeding (the "Adversary Order"). The Adversary Order resolved the issues set forth in the Complaint and provided, among other things, that (i) the Prepetition Agent (as defined in the Adversary Order) did not hold any security interests in, or liens on, any assets owned by Delphi HR, (ii) none of the security interests or liens granted by this Court under the Final DIP Financing Order (as defined in the Adversary Order) attached to any interests of Delphi HR in collateral pledged to Bank of America, and (iii) the Debtors and the Committee agreed that the liens granted in the Final DIP Financing Order were subject and subordinate to the liens and security interests held by Bank of America.

6. On or around July 27, 2006, Bank of America timely filed (i) a proof of claim against Delphi Corp. (Claim No. 11317) in the amount of $38,127,592.68, plus interest, late charges, taxes, expenses of collection, attorneys' fees and damages for violations of the leases

which are currently unknown or cannot be determined until the aircraft is returned, (ii) a proof of claim against Delphi Automotive Systems (Claim No. 11470) in the amount of $38,127,592.68, plus interest, late charges, taxes, expenses of collection, attorneys' fees and damages for violations of the leases which are currently unknown or cannot be determined until the aircraft is returned, and (iii) a proof of claim against Delphi HR (Claim No. 11457) in the amount of $38,127,592.68, plus interest, late charges, taxes, expenses of collection, attorneys' fees and damages for violations of the leases which are currently unknown or cannot be determined until the aircraft is returned (collectively, the "Proofs of Claims").

7.     On or about May 22, 2007, the Debtors filed their Fifteenth Omnibus Objection, which sought entry of an order disallowing and expunging the claims of Bank of America because it allegedly asserted liabilities or dollar amounts that are not reflected on the Debtors' books and records.

8.     On June 19, 2007, Bank of America filed its response to the Fifteenth Omnibus Objection. Thereafter, the Debtors filed a Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proof of Claim Nos. 11317, 11470 and 11457 (Bank of America, N.A.), which was supported by Debtors' Statement in Further Support of Debtors' Objection to Proof of Claim Nos. 11317, 11470 and 11457 (Bank of America, N.A.).

9.     The Debtors and Bank of America subsequently entered into a Joint Stipulation and Agreed Order to Withdraw without Prejudice [sic] of Proofs of Claim 11317, 11470, and 11457 (Bank of America, N.A.) (the "Claims Stipulation"), which was approved by this Court on September 7, 2007. The Claims Stipulation provides, among other things, that (i) Bank of America agreed to withdraw the Proofs of Claim without prejudice pending the Debtors' decision to assume or reject the Learjet Lease, the Challenger Lease and the Guaranties, and (ii)

4

the Debtors must provide Bank of America with ten (10) days prior notice of the election to assume or reject the Leases.

10. On September 6, 2007, the Debtors filed their "Solicitation Procedures Motion," their Disclosure Statement with Respect to Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession (the "Disclosure Statement") and their Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession (the "Plan"). The Solicitation Procedures Motion proposes, among other things, that motions for the temporary allowance of claims for Plan voting purposes must be filed on or before November 5, 2007. The Debtors have further proposed that this Court establish November 5, 2007 as the date by which the Debtors must file all exhibits to the Plan, including Exhibit 8.1(a), which sets forth the executory contracts and unexpired leases the Debtors are proposing to assume.

11. The Solicitation Procedures Motion is silent, however, as to whether holders of claims for rejection damages will be entitled to vote in favor of, or against, the Plan. By its express terms, the Solicitation Procedures Motion proposes that all contingent claims, including those of Bank of America, be disallowed in their entirety for Plan voting purposes, subject to the right of a holder of a contingent claim to file a Rule 3018(a) Motion (as defined in the Solicitation Procedures Motion) in accordance with the procedures set forth therein. Moreover, the Solicitation Procedures Motion addresses cure claim procedures related to the assumption of supply contracts, but is silent as to any proposed procedures for the assumption of non-supply executory contracts and unexpired leases.

5

12. As of the date of the filing of this Objection, Delphi HR had neither assumed nor rejected the leases. Moreover, neither Delphi Corp. nor Delphi Automotive Systems has affirmed the existing Guaranties.

**OBJECTION**

13. The right to vote in favor of, or against, a proposed plan is a fundamental right in Chapter 11 bankruptcy cases. *See*, *e.g.*, *In re Adelphi Communications Corp.*, 359 B.R. 54, 61 (Bankr. S.D.N.Y. 2006). The Solicitation Procedures Motion unfairly prejudices the rights of Bank of America by imposing a *per se* prohibition with respect to Plan voting when such constraint is unnecessary. Bank of America objects to the procedure for voting contingent claims as it applies to Bank of America because it is unnecessary in light of the fact that the Debtors will determine, on their own volition, whether Bank of America holds rejection damages claims prior to the proposed voting deadline.

14. Pursuant to the terms of the Claims Stipulation, the Proofs of Claim will automatically be reinstated upon the Debtors' decision to assume or reject the Leases and to otherwise address the Guaranties. (Claims Stipulation at ¶ 2.) Moreover, the Claims Stipulation requires the Debtors to provide Bank of America with ten (10) days prior notice of the election to assume or reject the Leases and/or Guaranties. (Claims Stipulation at ¶ 4.) The Solicitation Procedures Motion provides that the Debtors will file Exhibit 8.1(a) to the Plan identifying executory contracts and unexpired leases to be rejected, including, potentially, the Leases, on or before November 5, 2007, four (4) days prior to the proposed voting deadline. Therefore, both

Bank of America and the Debtors will know whether Bank of America holds claims for rejection damages in advance of the voting deadline proposed by the Debtors.[2]

15. Bank of America requests that the Debtors provide Bank of America with a provisional ballot for the full amounts of the Proofs of Claim. In the event that the Debtors reject one or more of the Leases and/or Guaranties, this Court should allow Bank of America to vote the amount of the Proofs of Claim relating to the rejected Leases and/or Guaranties. By allowing Bank of America to file a provisional ballot, the Debtors will suffer no prejudice because (i) Bank of America's ballot will be submitted well in advance of the Plan voting deadline of November 9, 2007, and (ii) the Debtors, through their own actions, will determine whether Bank of America will have a right to vote its rejection damages claims.

## **MEMORANDUM OF LAW**

16. This Objection sets forth specific responses with supporting law divided under numerous paragraphs. Bank of America respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

---

[2] The Claims Stipulation requires that the Debtors provide Bank of America with ten (10) days prior notice of their election to assume or reject. (Claims Stipulation at ¶ 4.) Therefore, the Debtors are technically required to provide Bank of America with notice of its intent to assume or reject the Leases by no later than October 26, 2007.

WHEREFORE, Bank of America respectfully requests that this Court enter an order (i) denying or, at the very least, modifying the *per se* prohibition on Plan voting to provide an exception for voting rejection damages claims, and (ii) granting such other relief as just and appropriate under the circumstances.

Dated: September 28, 2007

BARNES & THORNBURG LLP
Counsel to Bank of America, N.A.

By: /s/John T. Gregg
 Patrick E. Mears (PM-6473)
 John T. Gregg (Admitted Pro Hac Vice)
Business Address:
300 Ottawa Avenue, NW
Suite 500
Grand Rapids, Michigan 49503
Telephone:(616) 742-3930
Facsimile: (616) 742-3999
pmears@btlaw.com
jgregg@btlaw.com