UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                        :
      In re                  :       Chapter 11
                        :
DELPHI CORPORATION, et al.,   :       Case No. 05-44481 (RDD)
                        :
             Debtors.    :       (Jointly Administered)
                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2),
AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c), AND 9018
(i) AUTHORIZING DEBTORS TO ENTER INTO STIPULATIONS
TOLLING STATUTE OF LIMITATIONS WITH RESPECT TO CERTAIN
CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY CAUSES OF
ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING THOSE
COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553

("PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER")

Upon the motion, dated August 6, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Federal

Rule of Bankruptcy Procedure 7004, 7016(b), 9006, and 9018 (i) authorizing the Debtors

to enter into stipulations tolling the statute of limitations with respect to certain claims,

(ii) authorizing procedures to identify causes of action that should be preserved, and

(iii) establishing procedures for certain Adversary Proceedings[1] commenced by the

Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553; and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The filing and service procedures set forth under the Bankruptcy

Rules, the Local Rules, and any orders of this Court in these chapter 11 cases are modified

or waived, as the case may be, as provided herein with respect to the Adversary

Proceedings.

3.      Scope Of The Procedures.  The procedures established by this Order

apply to each Adversary Proceeding that the Debtors identify to the Clerk of the Court as

being subject to these procedures.

4.      Approval Of Tolling Agreements.  The Debtors are hereby

authorized to enter into stipulations, substantially in the form attached hereto as Exhibit 1,

tolling the statute of limitations with respect to claims described in the Motion for the

tolling period described in the Motion.  Each Debtor is deemed to have entered into such a

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

stipulation with other Debtors and affiliated non-Debtor entities either controlled by the Debtors or that had actual notice of this Motion.

5. <u>Procedures To Identify Causes Of Action And Abandonment Authority</u>. The procedures set forth in the Motion to identify causes of action that should be preserved are approved. The Debtors are authorized, without the need for any further order or any further notice under Bankruptcy Rule 6007(a), to abandon those causes of action or categories of causes of action that the Debtors propose in the Motion to abandon. Subject to the procedures set forth in the Motion, the Debtors are further authorized to abandon without further notice causes of action falling within the additional categories of causes of action identified in the Motion and which they determine should not be pursued, without the need for any further order or any further notice under Bankruptcy Rule 6007(a) with the exception of the notice and opportunity for a hearing provided in the next sentence. The Debtors may abandon such additional causes of action after giving 10 days' notice thereof to the Statutory Committees; if a Statutory Committee objects within 10 days after service of the notice, the Debtors may bring the matter before this Court for a ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy Code. Notwithstanding any such abandonment, the Debtors fully reserve and preserve all of their rights under section 502(d) of the Bankruptcy Code.

6. <u>Scope Of Fraudulent Transfer Review</u>. For purposes of identifying and preserving potential fraudulent transfer claims, the Debtors need only review the following categories of transactions: merger and acquisition deals at or exceeding $20 million, transfers to Delphi's board of directors or strategy board members other than

for compensation or ordinary-course expense reimbursement (if any), unusual securities

transactions (if any), dividend distributions to 5% shareholders, and Delphi's "financially

troubled supplier" program.

       7.    <u>Filing Of Complaints Under Seal</u>.  The Clerk of Court is directed to

accept for filing, under seal, paper copies of the complaint in each Adversary Proceeding

that the Debtors inform the Clerk is subject to these procedures.  The Debtors may also file

under seal any amended complaint in the Adversary Proceeding for so long as the

Adversary Proceeding remains stayed in accordance with paragraph 9 below.  Absent

further order of the Court or termination of the stay in accordance with paragraph 9 below,

the case docket for any such Adversary Proceeding shall not disclose the identity of any

defendant in the Adversary Proceeding and shall not disclose the complaint or any

amended complaint in the Adversary Proceeding.  The Debtors shall coordinate with the

Clerk of Court to accomplish an efficient and cost-effective filing of the complaints and

amended complaints contemplated by this order.  The Debtors shall submit to the Clerk,

under seal, appropriate electronic media containing PDF copies of the complaints and

amended complaints.  This order shall not preclude the Debtors, in their sole discretion,

from making a copy of a complaint or amended complaint available to parties; <u>provided</u>

that the Debtors maintain an internal record that they, and not the Clerk, made the

complaint or amended complaint available.  The Debtors and GM shall have leave to file,

under seal, a stipulation acceptable to the Statutory Committees that contains tolling

provisions, consistent with this order, and other agreements of the parties with respect to

the sealed complaint involving GM, which stipulation shall be deemed "so ordered" and

shall be sealed in accordance with the terms of this order.  The complaint and any amended complaint filed in an Adversary Proceeding shall remain under seal until the stay terminates in accordance with paragraph 9 below.

8.    Extension of the Time for Service Under Federal Rule of Civil Procedure 4(m).  The Debtors shall have until March 31, 2008 to serve each defendant in the Adversary Proceedings with summons and complaint, without prejudice to seek further extensions.

9.    Stay Of Adversary Proceedings.  All activity in the Adversary Proceedings denominated by the Debtors as subject to these procedures shall be stayed until the earlier of (i) the Debtors' service of a summons and complaint on the defendant in any Adversary Proceeding and (ii) further order of this Court after application therefor. Notwithstanding the stay, the Debtors may amend their complaint during the stay.  Also, during the stay, the Debtors may dismiss any Adversary Proceeding after 10 days' notice to counsel to the Statutory Committees.  If a Statutory Committee objects within 10 days after service of the notice of dismissal, the Debtors may bring the matter before this Court for a ruling on whether the proposed dismissal satisfies section 554(a) of the Bankruptcy Code.

10.    Deferral Of Issuance Of Summons.  The Clerk of Court is directed not to issue summons in any Adversary Proceeding denominated by the Debtors as subject to these procedures until either the stay is lifted with respect to such Adversary Proceeding or the Debtors request the Clerk of Court to issue a summons.

11.    <u>Service Of Order With Summons And Complaint</u>.  The Debtors must serve a copy of this order upon each defendant in any Adversary Proceeding either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable.

12.    <u>Additional Procedures</u>.  This Order is without prejudice to the Debtors' seeking additional procedures to govern the Adversary Proceedings.

13.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

14.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: August 16, 2007
       New York, New York


                        /s/ Robert D. Drain
                        UNITED STATES BANKRUPTCY JUDGE

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION TOLLING APPLICABLE STATUTES OF LIMITATIONS
## WITH RESPECT TO CLAIMS AGAINST [DEFENDANT]

    Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and

[Defendant], and its affiliates and subsidiaries, hereby agree and state as follows:

    WHEREAS on October 8, 2007 and October 14, 2007 (together, the "Filing Date"), the

1

Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS in the course of the Debtors' bankruptcy cases, claims and causes of action under or through various provisions of the Bankruptcy Code, including, without limitation, sections 502, 541, 544, 545, 547, 548, 550, and 553 of the Bankruptcy Code, might be asserted by one or more of the Debtors or asserted on behalf of the Debtors' estates against [Defendant].

WHEREAS [Defendant] might wish to assert defenses, setoffs, and counterclaims to such claims or causes of action by the Debtors.

WHEREAS the Debtors and [Defendant] seek to avoid the cost and expense of unnecessary motion practice and litigation and seek to preserve all of their respective legal rights without allowing any applicable statute of limitations to expire and without acknowledging in any way that valid claims, causes of action, or defenses thereto exist or do not exist.

THEREFORE, the Debtors and [Defendant] stipulate and agree as follows:

1.    The running of any applicable statute of limitations under sections 108 and 546(a) of the Bankruptcy Code, and all other time limitations or time-based defenses concerning any claim or cause of action against [Defendant] which might be asserted by one or more of the Debtors or asserted on behalf of the Debtors' estates under or through various provisions of the Bankruptcy Code, including, without limitation, any of sections 502, 541, 544, 545, 547, 548, and 553 of the Bankruptcy Code (the "Claims"), is hereby tolled.

2.    The time elapsed during the Tolled Period (defined below) with respect to the Claims is excluded from any computation of time for purposes of any argument or defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or

2

right.  As of the termination of this stipulation, the rights of each of the undersigned parties and

their successors, assigns, and legal representatives with respect to the Claims will be as they

were immediately before the execution of this stipulation with respect to the interposition of any

argument or defense based on statutes of limitations, laches, estoppel, waiver, and any other

time-based defense or right.  This stipulation does not revive any Claim which was barred by the

statute of limitations or any other time-based defense before the date this stipulation was

executed.

           3.        The provisions of this stipulation extend up to and include the first

business day nine months following entry of an order confirming the Plan, as the same may have

been amended or modified before its entry (the "Tolled Period").

           4.        Notwithstanding the provisions contained herein, in the sole and absolute

discretion of the Debtors, or their respective successors and assigns, the Debtors or such

successors and assigns are permitted to commence any litigation against [Defendant] during the

Tolled Period.

           5.        Each of the parties acknowledges that it has read all of the terms of this

stipulation and enters into those terms voluntarily and without duress.

           6.        This stipulation contains the entire agreement between the parties

regarding the provisions set forth above and may be modified only in a writing signed by the

parties or their duly appointed agents, upon notice to counsel for the official committee of

unsecured creditors.

           7.        This stipulation is not to be construed, and is not intended, as an admission

or suggestion that any valid claim or cause of action exists against [Defendant] or that any valid

defense to any such claim or cause of action exists.

8.      Except as expressly set forth in this stipulation, each of the parties hereto reserves all rights and remedies that it may have against the other.

9.      The parties intend that this stipulation and Order and the tolling contemplated hereby shall not impair, diminish, or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has jurisdiction as of the date of execution of this stipulation, to adjudicate any claim, action, or proceeding relating to or arising out of any matter referred to above.  In particular, the parties understand, and the Bankruptcy Court by approving this stipulation or form of stipulation finds and determines, that section 546(a) of the Bankruptcy Code constitutes a true statute of limitations which may be tolled by the parties' agreement.  The parties nevertheless recognize that there exist dicta in certain reported cases indicating that some courts (which have considered section 546(a) of the Bankruptcy Code to impose a temporal limit on the jurisdiction of the Bankruptcy Court) might hold that section 546(a) could not be tolled by agreement.  If a final and non-appealable order of a court of competent jurisdiction determines that (i) the time limitations described in section 546(a) cannot be effectively tolled by agreement and (ii) the Bankruptcy Court therefore cannot adjudicate any such claim, action, or proceeding, then the non-Debtor party to each stipulation (as a new and separate obligation and in consideration of the forbearance provided for hereby) must pay to each Debtor that amount, if any, which the Bankruptcy Court by final order determines would have been the ultimate net liability of the non-Debtor party to such Debtor on any such claim, action, or proceeding if an adversary proceeding on such claim, action, or proceeding had been commenced in Bankruptcy Court on the date this stipulation was executed, but giving full effect to any and all other defenses or counterclaims of any kind or nature that the non-Debtor party could assert in such an adversary proceeding.  If the Bankruptcy Court is not competent to make such a determination,

4

the determination will be made by final and binding arbitration in New York City, New York,

and the Debtors and the non-Debtor party hereby irrevocably submit to such binding arbitration

before a single arbitrator administered by the American Arbitration Association in accordance

with its Commercial Arbitration Rules and, in all disputes regardless of dollar amount at issue,

its Procedures For Large, Complex Commercial Disputes (the "AAA Rules") (but only in the

event that the Bankruptcy Court is not competent to make the determination as described above)

and to entry of judgment upon the arbitration award in the Bankruptcy Court or any court of

competent jurisdiction.  In addition to the qualifications required by the AAA Rules, the

arbitrator must be a lawyer who has practiced bankruptcy law for at least five years, a lawyer on

the Register of Mediators maintained by the Clerk of the United States Bankruptcy Court for the

Southern District of New York, or a former bankruptcy judge.

        10.    This stipulation is deemed to have been jointly drafted by the parties

hereto, and, in constructing and interpreting this stipulation, no provision may be construed and

interpreted for or against any of the parties because such provision or any other provision of this

stipulation, or this stipulation as a whole, was purportedly prepared or requested by that party.

        11.    This stipulation and the rights and obligations of the parties hereunder are

governed by, and construed and interpreted in accordance with, the laws of the State of New

York and, to the extent applicable, federal bankruptcy law, and any action or proceeding to

enforce the rights and obligations of the parties hereunder must originally and exclusively be

brought in the Bankruptcy Court.

        12.    This stipulation is effective as of the date it is fully executed and is

binding upon, and inures to the benefit of, the successors, representatives, assigns, and heirs of

the parties hereto.

5

13.     Pursuant to the Order of the Bankruptcy Court in these cases, dated

August 16, 2007 [Docket # _____], this stipulation is deemed "So Ordered" upon its execution by

the parties.

14.     This stipulation may be executed in counterparts and by facsimile

signature, and all executed counterparts and facsimile signatures taken together constitute one

document.

15.     Except as otherwise expressly provided herein, the use of the singular of

any word includes the plural and the use of the plural includes the singular.

6

DATED: New York, New York
_____, 2007

[Debtor-in-Possession]                      [Defendant]

By: _____              By: _____


[Attorneys for Debtor-in-Possession]        [Attorneys for Defendant]

By: _____              By: _____

7