SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER SETTING THE MAXIMUM LIABILITY
FOR PROOF OF CLAIM NUMBER 13620
(ROBERT BOSCH LLC f/k/a ROBERT BOSCH CORPORATION)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Robert Bosch LLC f/k/a Robert Bosch Corporation ("Bosch") respectfully submit this Joint Stipulation And Agreed Order Setting The Maximum Liability For Proof Of Claim Number 13620 (Robert Bosch LLC f/k/a Robert Bosch Corporation) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, Bosch filed proof of claim number 13620 (the "Proof of Claim") against DAS LLC, which asserts (1) an unsecured non-priority claim in the amount of $1,333,984.29 stemming from the sale of goods to Delphi (the "Trade Claim"); and (2) an unliquidated claim for additional amounts owing in the future due to warranty charges and other charges with respect to goods that Delphi had sold to Bosch that had not yet matured as of the date of the filing of the Proof of Claim or of which Bosch was not yet aware (the "Customer Warranty Claim").

WHEREAS, on or about April 4, 2006, Delphi and Bosch entered into an amended and restated letter agreement (the "Restated Letter Agreement") that, among other things, addressed issues pertaining to the Customer Warranty Claim.

WHEREAS, on October 31, 2006, the Debtors objected to the Proof of Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b)

2

Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, Bosch filed its Response Of Robert Bosch Corporation To Debtors' Third Omnibus Objection To Claims (Docket No. 5770) (the "Response").

WHEREAS, DAS LLC and Bosch acknowledge and agree that the Trade Claim shall in no event be allowed in an amount exceeding $0.

WHEREAS, DAS LLC and Bosch acknowledge and agree that the Customer Warranty Claim shall not be affected by this Stipulation and is subject to further objection by the Debtors.

THEREFORE, the Debtors and Bosch stipulate and agree as follows:

1. In no event shall proof of claim number 13620, to the extent that it is for obligations relating to the Trade Claim, be allowed in any amount exceeding $0.00.

2. Nothing contained herein shall constitute the disallowance or limitation of proof of claim number 13620, to the extent that it is for obligations relating to the Customer Warranty Claim, which shall remain an unliquidated claim.

3. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors. Further, nothing contained herein shall affect or impair (a) Bosch's rights under the Restated Letter Agreement with Delphi; or (b) any proof of claim other than claim number 13620, including without limitation any claim (or amendment to any claim) filed by Bosch for patent infringement.

So Ordered in New York, New York, this <u>1st</u> day of October, 2007

                                             /s/Robert D. Drain
                                             UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John Wm. Butler, Jr. | /s/ Gordon J. Toering |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | Gordon J. Toering<br>WARNER NORCROSS & JUDD LLP<br>900 Fifth Third Center<br>111 Lyon Street NW<br>Grand Rapids, MI 49503-2487<br>(616) 752-2000<br><br>Attorneys for Robert Bosch LLC f/k/a Robert Bosch Corporation |

- and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession