SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
                                                      :
      In re                                        :        Chapter 11
                                                      :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                                       :
                         Debtors.      :        (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER RESOLVING THE DEBTORS' THIRTEENTH
OMNIBUS CLAIMS OBJECTION AND CLAIMS ESTIMATION MOTION WITH RESPECT TO
PROOFS OF CLAIM FILED BY ACE AMERICAN INSURANCE COMPANY, PACIFIC
EMPLOYERS INSURANCE COMPANY, ILLINOIS UNION INSURANCE COMPANY, ESIS, INC.
AND THEIR AFFILIATES AND CONSOLIDATING SUCH PROOFS OF CLAIM

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and ACE American Insurance Company, Pacific Employers Insurance Company, Illinois Union Insurance Company, ESIS, Inc. and their affiliates (collectively, "the ACE Companies") respectfully submit this Joint Stipulation And Agreed Order Resolving The Debtors' Thirteenth Omnibus Claims Objection And Claims Estimation Motion With Respect To Proofs Of Claim Filed By ACE American Insurance Company, Pacific Employers Insurance Company, Illinois Union Insurance Company, ESIS, Inc. And Their Affiliates And Consolidating Such Proofs Of Claim (the "Stipulation And Agreed Order") and agree and state as follows:

WHEREAS, prior to October 8, 2005 (the "Petition Date"), the ACE Companies and the Debtors entered into certain insurance policies and related agreements (the "Agreements").

WHEREAS, on the Petition Date, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on January 6, 2006, this Court entered the Order Under 11 U.S.C. §§ 362, 363, 365, 1107 And 1108 Authorizing Renewal Of Insurance Coverage And Certain Related Relief (Docket No. 1779) (the "Insurance Agreement Order"), which, among other things, (i) authorizes the Debtors to assume the Agreements pursuant to section 365(a) of the Bankruptcy Code and (ii) provides that the assumption of the Agreements shall be evidenced by written notice from the Debtors to the ACE Companies.

WHEREAS, the Insurance Agreement Order also provides that, conditioned on the Debtors' assumption of the Agreements, (i) all payment and reimbursement obligations owing to the ACE Companies from the Debtors under the Agreements, to the extent that such Agreements are assumed, are accorded administrative priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code and (ii) the Debtors are authorized to pay the ACE Companies' claims with respect to the Agreements, to the extent such Agreements are assumed, in the ordinary course of business.

WHEREAS, on January 18, 2006, the Debtors provided to the ACE Companies written notice ("Assumption Notice") of the Debtors' assumption, pursuant to section 365 of the Bankruptcy Code, of the following Agreements (collectively, the "Assumed Agreements"):

(a) that certain Multi-Line Deductible Program Agreement effective as of October 1, 2000 by and between Pacific Employers Insurance Company and Delphi (formerly known as Delphi Automotive Systems Corporation) and all amendments and addenda thereto;

(b) All General Liability Policies issued to Delphi or the other Debtors by one or more of the Insurers and all renewals, extensions, and endorsements thereto (collectively, the "General Liability Policy");

(c) All Automobile Liability Policies issued to Delphi or the other Debtors by one or more of the Insurers and all renewals, extensions, and endorsements thereto (the "Automobile Liability Policy");

(d) All Workers' Compensation Policies issued to Delphi or the other Debtors by one or more of the Insurers and all renewals, extensions, and endorsements thereto (the "Workers' Compensation Policy" and, collectively with the General Liability Policy and the Automobile Liability Policy, the "Insurance Policies"); and

(e) the binder related to the Insurance Policies.

3

WHEREAS, the Debtors and the ACE Companies acknowledge and agree that the Assumed Agreements have been assumed by the Debtors pursuant to the Insurance Agreement Order and the Assumption Notice.

WHEREAS, the Debtors and the ACE Companies acknowledge and agree that all of the Agreements have been assumed by the Debtors except the following Agreements (the "Non-Assumed Agreements"):

| Policy Period/Date | First Named Insured | Policy Number | Coverage | Insurer |
|---|---|---|---|---|
| 6/1/2002 – 6/1/2003 | Delphi Corporation | D35679133, D35679212 | Global Monoline | ACE American Insurance Company |
| 6/1/2003 – 6/1/2004 | Delphi Corporation | D36580202, D35680214 | Global Monoline | ACE American Insurance Company |
| 6/1/2004 – 6/1/2005 | Delphi Corporation | D36021020, D36021032 | Global Monoline | ACE American Insurance Company |
| 10/1/2003 – 10/1/2004 | Delphi Corporation | G20582698 | Special Risk | ACE American Insurance Company |
| 4/16/2002 – 4/16/2003 | MobileAria, Inc. | Q20001216 | Directors' and Officers' Liability | Illinois Union Insurance Company |
| 4/16/2003 – 4/16/2004 | MobileAria, Inc. | Q20006599 | Directors' and Officers' Liability | Illinois Union Insurance Company |
| 4/16/2004 – 4/16/2005 | MobileAria, Inc. | Q20013707 | Directors' and Officers' Liability | Illinois Union Insurance Company |
| 4/16/2005 – 4/16/2006 | MobileAria, Inc. | Q20021695 | Directors' and Officers' Liability | Illinois Union Insurance Company |

WHEREAS, on July 28, 2006, the ACE Companies filed 127 proofs of claim against the Debtors (collectively, the "Proofs of Claim"), each of which asserts a claim in an unliquidated amount for the Debtors' obligations under the Agreements (collectively, the

4

"Claims").

WHEREAS, ACE American Insurance Company filed proof of claim numbers 13014, 13025, 13023, 13022, 13015, 13004, 13002, 13032, 13031, 13013, 13007, 13006, 13005, 12997, 13028, 13016, 13018, 13019, 13027, 13029, 13001, 13008, 13035, 13038, 12998, 13000, 13010, 13012, 13024, 13030, 13033, 13017, 13020, 13026, 13034, 13036, 13037, 12999, 13003, 13009, 13011, and 13021 (collectively, the "ACE American Proofs of Claim").

WHEREAS, Illinois Union Insurance Company filed proofs of claim numbers 13297, 13312, 13314, 13316, 13302, 13303, 13298, 13311, 13322, 13323, 13326, 13331, 13332, 13294, 13309, 13313, 13320, 13299, 13301, 13304, 13305, 13310, 13324, 13325, 13327, 13296, 13315, 13329, 13333, 13292, 13295, 13306, 13308, 13321, 13328, 13330, 13293, 13300, 13307, 13317, 13318, and 13319 (collectively, the "Illinois Union Proofs of Claim").

WHEREAS, Pacific Employers Insurance Company filed proofs of claim numbers 13039, 13063, 13051, 13058, 13069, 13043, 13054, 13070, 13073, 13068, 13042, 13044, 13050, 13052, 13055, 13057, 13060, 13062, 13065, 13067, 13074, 13075, 13046, 13066, 13078, 13079, 13041, 13045, 13053, 13056, 13072, 13080, 13049, 13059, 13061, 13064, 13077, 13071, 13076, 13040, 13047, and 13048 (collectively, the "Pacific Employers Proofs of Claim").

WHEREAS, ESIS, Inc. filed proof of claim number 15610 (the "ESIS Proof of Claim").

WHEREAS, each of the Proofs of Claim (with the exception of the ESIS Proof of Claim) included a non-exhaustive list of all of the insurance policies issued by the ACE Companies to the Debtors.

WHEREAS, on April 27, 2007, the Debtors objected to the Claims (other than the ESIS Proof of Claim) pursuant to the Thirteenth Omnibus Objection (Substantive) Pursuant To

5

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 24, 2007, the ACE Companies filed the Response Of The ACE Companies To The Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 8023) (the "Response").

WHEREAS, on September 7, 2007, the Debtors filed their Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures (Docket No. 9297) (the "Claims Estimation Motion").

WHEREAS, the Debtors and the ACE Companies have agreed to resolve the Thirteenth Omnibus Claims Objection and the Claims Estimation Motion through the entry of this Stipulation And Agreed Order.

WHEREAS, the Debtors and the ACE Companies acknowledge and agree that the amount owing by the Debtors to the ACE Companies with respect to the ESIS Proof of Claim is

6

$0.00.

THEREFORE, incorporating the foregoing herein, the Debtors and the ACE Companies further stipulate and agree as follows:

1.      For administrative convenience only, and without prejudice to the ACE Companies' rights against any of the Debtors, the ACE American Proofs of Claim are deemed consolidated into proof of claim number 13018 (the "ACE American Surviving Claim"), the Illinois Union Proofs of Claim are deemed consolidated into proof of clam number 13309 (the "Illinois Union Surviving Claim"), and the Pacific Employers Proofs of Claim are deemed consolidated into proof of clam number 13080 (the "Pacific Employers Surviving Claim").

2.      Each of the ACE American Surviving Claim, the Illinois Union Surviving Claim, the Pacific Employers Surviving Claim (collectively, the "Surviving Claims") shall remain on the Debtors' claims register as claims against Delphi Corporation.

3.      For administrative convenience only, and without prejudice to the ACE Companies' rights against each of the Debtors, including but not limited to the right to assert joint and several liability against all of the Debtors with respect to the Surviving Claims, the Debtors and the ACE Companies agree that, other than the Surviving Claims, the Proofs of Claim should be and are hereby expunged.  The Debtors shall not seek to have any Surviving Claim disallowed, reduced or expunged solely on the basis that such Surviving Claim is asserted against Delphi Corporation rather than another Debtor or Debtors.

4.      The Debtors and the ACE Companies each reserve the right to request, or to object to any request, that this Court modify the Debtor or Debtors against which any of the Surviving Claims are asserted.

7

5. The Estimation Motion is hereby withdrawn with respect to the Claims (or any portion(s) thereof), to the extent that such Claims (or any portion(s) thereof) are for obligations under the Assumed Agreements (the "Assumed Agreement Claims").

6. The Estimation Motion is hereby granted with respect to the Claims (or any portion(s) thereof), solely to the extent that such Claims (or any portion(s) thereof) are for obligations under the Non-Assumed Agreements (the "Non-Assumed Agreement Claims").

7. Each Non-Assumed Agreement Claim is hereby estimated and set at a maximum cap amount of $0.00, solely for the purposes of tabulating votes on and setting appropriate reserves under the Debtors' plan of reorganization filed September 6, 2007.

8. Pursuant to the Insurance Agreement Order, (i) all payment and reimbursement obligations owing to the ACE Companies from the Debtors under the Assumed Agreements shall be accorded administrative priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code and (ii) the Debtors are authorized to pay the ACE Companies' claims with respect to the Assumed Agreements in the ordinary course of business. Therefore, with respect to the Assumed Agreement Claims, the ACE Companies shall not have a prepetition unsecured claim.

9. The Insurance Agreement Order remains in full force and effect, and nothing contained herein shall be deemed to amend, modify or waive the Insurance Agreement Order.

10. Each Assumed Agreement Claim shall be and hereby is allowed pursuant to 11 U.S.C. § 503(b)(1)(A) and accorded administrative priority status pursuant to 11 U.S.C. § 507(a)(1).

11. Except as expressly provided herein, nothing contained in this Stipulation shall be construed as an allowance of any of the Claims.

12. The ESIS Proof of Claim shall be disallowed and expunged in its entirety.

So Ordered in New York, New York, this 1st day of October, 2007

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John Wm. Butler, Jr. | /s/ Margery N. Reed |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606-1285<br>(312) 407-0700 | Margery N. Reed<br>Wendy M. Simkulak<br>DUANE MORRIS LLP<br>30 South 17th Street<br>Philadelphia, Pennsylvania 19103<br>(215) 979-1000 |
| - and – | - and - |
| Kayalyn A. Marafioti<br>Thomas J. Matz<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>  Debtors and Debtors-in-Possession | Lawrence J. Kotler<br>380 Lexington Avenue<br>New York, New York 10108<br>(212) 692-1000<br><br>Attorneys for ACE American Insurance<br>  Company, Pacific Employers Insurance<br>  Company, Illinois Union Insurance Company,<br>  and their affiliates |