SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING
PROOF OF CLAIM 10202
(ORIX WARREN LLC)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Orix Warren LLC ("Orix Warren") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim 10202 (Orix Warren LLC) and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 21, 2006, Orix Warren filed proof of claim number 10202 (the "Proof of Claim") which asserts an unsecured non-priority claim in an unliquidated amount against DAS LLC based on obligations under a lease for real property located at 4551 Research Parkway, Warren, Ohio (the "Lease").

WHEREAS, the Proof of Claim arises out of the Lease and is protective in nature.

WHEREAS, on October 31, 2006, the Debtors objected to the Proof of Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, Orix Warren filed its Objection To Debtors' (I) Third Omnibus Objections (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By

2

Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. Section 502(c) (Docket No. 5747) (the "Response").

WHEREAS, on September 7, 2007, the Debtors filed the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited Claims Estimation Process (Docket No. 9297) (the "Estimation Motion").

WHEREAS, the Debtors have neither assumed nor rejected the Lease.

WHEREAS, the Debtors and Orix Warren agree that the amount due and owing under the Lease as of the Petition Date is $13,842.74.

WHEREAS, the Debtors and Orix Warren acknowledge and agree that, in the event the Lease is assumed by the Debtors, any amount that is asserted in the Proof of Claim, as well as any additional amounts that have accrued and/or arisen under the Lease since the Petition Date (and are agreed upon by the Debtors and Orix Warren or directed by the Court) must be paid by the Debtors as part of the Debtors cure obligations under 11 U.S.C. § 365(b).

WHEREAS, the Debtors and Orix Warren acknowledge and agree that any amount asserted in Proof of Claim over and above $13,842.74 is protective in nature (the "Rejection Damages Claim"), and that pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"), Orix Warren would have 30 calendar days after the effective date of a rejection of an executory contract or an unexpired lease to file a proof of claim

3

asserting additional damages.[1]

WHEREAS, in the event the Debtors reject the Lease, the Debtors acknowledge and agree that the Rejection Damages Claim will be deemed to be reinstated without further action or notice from Orix Warren, subject to objection by the Debtors or other parties-in-interest.

THEREFORE, the Debtors and Orix Warren stipulate and agree and the Court orders as follows:

1. The Proof of Claim shall be allowed in the amount of $13,842.74 ("Allowed Claim") and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. In the event that the Debtors reject the Lease, the Rejection Damages Claim shall be automatically reinstated without further notice or action from Orix Warren.

3. Orix Warren shall withdraw its Response to the Third Omnibus Claims Objection with prejudice.

4. The Debtors shall withdraw their Estimation Motion as to the Proof of Claim and shall not further contest or seek to estimate the Allowed Claim.

5. The Debtors reserve the right to dispute the Rejection Damages Claim or any other claim that Orix Warren asserts relating to the Lease.

---

[1] The Bar Date Order provides:

Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Court in an order authorizing such rejection (the "Rejection Bar Date," and together with the General Bar Date and the Amended Schedule Bar Date, the "Bar Dates").

Bar Date Order ¶ 8.

      6.      Nothing herein shall be deemed to relieve the Debtors of their obligations under 11 U.S.C. § 365(d)(3) to timely perform all obligations that arise under the Lease from and after the Petition Date until the Lease is assumed or rejected by the Debtors.

      7.      Orix Warren expressly reserves any and all rights to demand that the Debtors cure all defaults, including but not limited to, the defaults that are set forth in the Proof of Claim, that may exist under the Lease in accordance with 11 U.S.C. § 365(b).

So Ordered in New York, New York, this <u>1st</u> day of October, 2007

           /s/Robert D. Drain
      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John Wm. Butler, Jr. | /s/ Jeffrey Wisler |
|---|---|
| John Wm. Butler, Jr. | Jeffrey Wisler |
| John K. Lyons | CONNOLLY BOVE LODGE & HUTZ LLP |
| Ron E. Meisler | The Nemours Building |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 1007 North Orange Street |
| | P.O. Box 2207 |
| 333 West Wacker Drive, Suite 2100 | Wilmington, Delaware 19899 |
| Chicago, Illinois 60606-1285 | 302-658-9141 |
| (312) 407-0700 | |
| | Attorneys for Orix Warren LLC |

      - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

5

6