UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :

    In re                                      :        Chapter 11

DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)

                    Debtors.      :        (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004 AND 9019
AUTHORIZING AND APPROVING ENTRY INTO AND PERFORMANCE
OF WARRANTY, SETTLEMENT, AND RELEASE AGREEMENT AND COVENANT
NOT TO SUE WITH GENERAL MOTORS CORPORATION

("GM WARRANTY SETTLEMENT ORDER")

Upon the motion, dated September 7, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 and 9019 authorizing Delphi to enter into and perform under that certain Warranty, Settlement, and Release Agreement and Covenant Not to Sue (the "Warranty Settlement Agreement")[1] with General Motors Corporation ("GM"), which (i) settles all outstanding warranty claims and issues related to a component or assembly supplied by Delphi to GM that are (a) known by GM as of August 10, 2007 (except for two potential claims), (b) believed by GM to be Delphi's responsibility in whole or in part, and (c) in GM's normal investigation process as of August 10, 2007, or which should have been in that process, but were

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Warranty Settlement Agreement attached hereto as Exhibit A. Certain sensitive terms of the Warranty Settlement Agreement were redacted in accordance with the Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Redacted Version Of Warranty Settlement Agreement, entered on September 6, 2007 (Docket No. 9268).

withheld for the purpose of pursuing a claim against Delphi, (ii) limits the liability related to certain other warranty claims that have become known by GM on or after June 5, 2007 (together with (i), the "Warranty Claims") , and (iii) prohibits both GM and Delphi from initiating any action against the other related to any of the warranty claims that are settled in the agreement; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estate, their stakeholders, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicate for the relief sought in the Motion is 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 and 9019.

C. The Warranty Settlement Agreement settles all warranty claims that are described in the introductory paragraph of this Order, including, without limitation, defects to a part in a make, model, and year of a vehicle scheduled in the Warranty Settlement Agreement.

D. Delphi's decision to enter into the Warranty Settlement Agreement is reasonable and appropriate under the circumstances.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

   E. Delphi has demonstrated good, sufficient, and sound business purposes and justification for entering into the Warranty Settlement Agreement.

   F. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

   G. Approval of the Warranty Settlement Agreement at this time is in the best interests of the Debtors, its stakeholders, its estate, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. The Motion is GRANTED.

   2. Delphi is authorized, but not directed, to enter into the Warranty Settlement Agreement and to perform its obligations thereunder.

   3. The Warranty Settlement Agreement and all of the terms and conditions thereof are hereby approved.

   4. Upon entry of this Order, Delphi's claims agent shall (a) reduce the liquidated component relating to warranty claims asserted in GM's Proof of Claim by $530,081,671, which includes, without limitation, the personal injury claims related to warranty claims asserted in GM's Proof of Claim, and (b) expunge with prejudice the unliquidated component relating to warranty claims asserted in GM's Proof of Claim.

   5. The Warranty Settlement Agreement resolves any and all of GM's setoff and/or recoupment rights or claims with respect to any of the costs and damages that GM has asserted or could assert with respect to customer warranty claims and/or recall campaigns that are settled under the terms of the Warranty Settlement Agreement.

6. Nothing in the Motion, this Order, the Warranty Settlement Agreement, the performance of any obligation thereunder, or any other document, shall prejudice any right or remedy of any Debtor against any other Debtor with respect to the allocation of Delphi's obligations under the Warranty Settlement Agreement, or the payments made, or obligations incurred, by Delphi thereunder, all of which rights are expressly preserved.

7. This Order, including, without limitation, the findings herein that Delphi has demonstrated good, sufficient, and sound business purposes and justification for entering into the Warranty Settlement Agreement and that entry of this Order granting the relief requested is in the best interests of the Debtors, their stakeholders, estates, and other parties in interest, shall not be used adversely as precedent by the Debtors against Wilmington Trust Company, as indenture trustee ("WTC") or by WTC against the Debtors, in any subsequent litigation in these chapter 11 cases.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October 1, 2007

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

Exhibit A
<u>Warranty Settlement Agreement</u>