UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
    In re                                            :
                                                             :
                                                             :   Chapter 11
DELPHI CORPORATION, et al.,                                  :
                                                             :   Case No.  05–44481 (RDD)
                          Debtors.                   :
                                                             :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x

SECOND AMENDED AND RESTATED FINAL ORDER UNDER 11 U.S.C. §§ 362, 503,
AND 546 AND FED. R. BANKR. P. 9019 ESTABLISHING PROCEDURES FOR
TREATMENT OF RECLAMATION CLAIMS

("SECOND AMENDED AND RESTATED FINAL RECLAMATION ORDER")

        Upon the motion, dated October 8, 2005 (the "First Reclamation Motion"),[1] of

Delphi Corporation ("Delphi") and certain of its domestic subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for an order under sections 362, 503, and 546 of the Bankruptcy

Code authorizing the Debtors to establish procedures for the resolution and payment of

reclamation claims; and upon the Affidavit Of Robert J. Miller, Jr. In Support Of Chapter 11

Petitions And First Day Orders, sworn to October 8, 2005; and the Court having entered its order

granting the First Reclamation Motion (the "Interim Order"), subject to the objection rights of

the Official Committee of Unsecured Creditors (the "Creditors' Committee"); and the Creditors'

Committee having timely filed an objection to the Interim Order pursuant to paragraph 8 thereof

on October 25, 2005 (Docket No. 636) (the "Objection"); and the Objection having been set for

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the First Reclamation Motion.

hearing on November 4, 2005; and the Debtors and the Creditors' Committee having resolved the Objection through the entry of the Amended Final Reclamation Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment of Reclamation Claims, entered November 4, 2005 (Docket No. 881) (the "Amended Final Reclamation Order"); and upon the motion dated September 7, 2007 (Docket No. 9295) (together with the First Reclamation Motion, the "Motions") of the Debtors for an order amending the Amended Final Reclamation Order to amend the Reclamation Procedures to resolve reclamation claims in conjunction with the Debtors' proposed plan of reorganization (as subsequently amended, supplemented, or otherwise modified, the "Plan"); and upon the record of the hearings held on the Motions; and the Court having determined that the relief requested in each of the Motions is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motions has been given and that no other or further notice is necessary; and upon the record of the hearing on September 7, 2007 Motion, and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

    1.    The Amended Final Reclamation Order is amended and superseded in its entirety as provided herein.

    2.    The Debtors be and hereby are authorized, pursuant to sections 362, 503, and 546 of the Bankruptcy Code, to resolve Reclamation Claims in accordance with the Reclamation Procedures set forth below:

        (a)    Reclamation Demands:

            (i)    All Sellers seeking to reclaim Goods from the Debtors shall be required to submit a written demand (a "Reclamation Demand"):

   (1) before 10 days after receipt of such Goods by the Debtors; or

   (2) if such 10-day period expires after the Petition Date, before 20 days after receipt of such Goods by the Debtors.

  (ii) Such a Reclamation Demand must identify with specificity the goods for which reclamation is sought and the basis for the Reclamation Claim.

  (iii) Any Seller who fails to timely submit a Reclamation Demand pursuant to section 546 of the Bankruptcy Code shall be deemed to have waived its right to payment on any purported Reclamation Claim.

 (b) The Statement Of Reclamation:

  (i) By February 21, 2006, the Debtors shall provide the Seller with a copy of the Reclamation Order and a statement of reclamation (the "Statement Of Reclamation" or the "Statement").

  (ii) The Statement Of Reclamation shall set forth the extent and basis, if any, upon which the Debtors believe the underlying Reclamation Claim is not legally valid (the "Reconciled Reclamation Claim"). In addition, the Statement shall identify any defenses that the Debtors choose to reserve, not withstanding any payment of the Reconciled Reclamation Claim (the "Reserved Defenses").

  (iii) Sellers who are in agreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation may indicate such assent on the Statement Of Reclamation and return the Statement to the Debtors' representative as set forth in such Statement, with copies to Skadden, Arps, Slate, Meager & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Esq. and Joseph N. Wharton, Esq.) within 60 days after the date of receipt of the Statement Of Reclamation (the "Reconciliation Deadline").

  (iv) Sellers who are in disagreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation (the "Dissenting Sellers") must indicate such dissent on the Statement Of Reclamation and

        return the Statement by the Reconciliation Deadline as provided in subparagraph (c) above. A Statement Of Reclamation returned under this subparagraph must be accompanied by:

        (1)    a copy of the Reclamation Demand together with any evidence of the date such Reclamation Demand was sent and received;

        (2)    the identity of the Debtor that ordered the products and the identity of the Seller from whom the Goods were ordered;

        (3)    any evidence demonstrating when the Goods were shipped and received;

        (4)    copies of the respective Debtor's and Seller's purchase orders, invoices, and proofs of delivery together with a description of the Goods shipped; and

        (5)    a statement identifying which information on the Debtors' Statement Of Reclamation is incorrect, specifying the correct information and stating any legal basis for the objection.

    (v)    The failure of a Dissenting Seller to materially comply with subparagraph (d) above shall constitute a waiver of such Dissenting Seller's right to object to the proposed treatment and allowed amount of such Reclamation Claim unless the Court orders otherwise.

    (vi)    Any Seller who fails to return the Statement Of Reclamation by the Reconciliation Deadline or who returns the Statement Of Reclamation by the Reconciliation Deadline but fails to indicate assent or dissent shall be deemed to have assented to the Reconciled Reclamation Claim.

(c)    Fixing The Amount Of The Reclamation Claim:

    (i)    The Reclamation Claims of (i) all Sellers who return the Statement Of Reclamation by the Reconciliation Deadline and indicate their assent to the Reconciled Reclamation Claim as contained in the Statement Of Reclamation, (ii) all Sellers who fail to return the Statement Of Reclamation by the Reconciliation Deadline, and (iii) all Sellers who return the

    Statement Of Reclamation by the Reconciliation Deadline but who fail to indicate either assent or dissent shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim.

  (ii) The Debtors are authorized to negotiate with all Dissenting Sellers and to adjust the Reconciled Reclamation Claim either upward or downward to reach an agreement regarding the Dissenting Seller's Reclamation Claim. The Debtors are also authorized to include any Reserved Defenses as part of any such agreement. In the event the Debtors and a Dissenting Seller are able to settle on the amount and/or treatment of the Dissenting Seller's Reclamation Claim, the Reclamation Claim shall be deemed an Allowed Reclamation Claim in the settled amount.

  (iii) In the event that no consensual resolution of the Dissenting Seller's Reclamation Demand is reached within 60 days of the Reconciliation Deadline (or such later date as the parties agree), the Debtors shall file a motion for determination of the Dissenting Seller's Reclamation Claim and set such motion for hearing at the next regularly-scheduled omnibus hearing occurring more than 20 days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing"). The Dissenting Seller's Reclamation Claim, if any, shall be deemed an Allowed Reclamation Claim as fixed by the Court in the Determination Hearing or as agreed to by the Debtors and the Dissenting Seller prior to a determination by the Court in the Determination Hearing.

 (d) Treatment Of Allowed Reclamation Claims:

  (i) The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Seller or Dissenting Seller.

  (ii) All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall, subject to the review procedures with

5

the Creditors' Committee set forth below, be paid in full as an administrative expense at any time during these chapter 11 cases in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization, in either case only if and to the extent that such allowed reclamation claims constitute administrative expenses under applicable law.

(e) Election For Treatment Of Reclamation Claim Procedures Under The Plan

(i) On a date that is no earlier than the deadline to be established by this Court for the Debtors to mail their disclosure statement with respect to the Plan but no later than the tenth calendar day prior to the deadline to be established by this Court for the submission of votes on the Plan, the Debtors shall send each Seller a separate personalized notice, in the form attached hereto as <u>Exhibit A</u>, identifying each such Seller's Reclamation Claim and permitting the Seller to choose the treatment for its reclamation claim (the "Reclamation Election Notice"). Notwithstanding the foregoing, the Debtors reserve all rights in law and in equity to contest the amount of a Seller's Reclamation Claim to the extent such amount has yet to be resolved pursuant to this order.

(ii) To contest treatment of its reclamation claim as a general unsecured claim, the Seller shall so mark and return the Reclamation Election Notice so that it is received by Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Reclamation Claims, by the deadline to be established by this Court for the submission of votes on the Plan. If the Seller makes no election on the Reclamation Election Notice, or affirmatively elects the treatment afforded general unsecured claims, it shall receive a distribution on account of its Reclamation Claim in the currency afforded to holders of general unsecured claims under the Plan, to the extent that such Reclamation Claim is allowed, and shall be deemed to have waived any right to seek administrative priority status for its Reclamation Claim. Notwithstanding the treatment afforded Reclamation Claims under these procedures, Reclamation Claims shall not receive any voting

        rights on the Plan on account of their Reclamation Claims.

    (iii) To the extent that the Debtors resolicit acceptances or rejections of the Plan (or any alternative plan of reorganization), such resolicitation shall include a provision allowing any holder of a Reclamation Claim that made any election pursuant to the Reclamation Election Notice to amend such election by filing a duly executed copy of a rescission notice (which shall be in a form reasonably acceptable to the Creditors' Committee) on or before the deadline for voting on such amended plan.

 (f) Determination Of Prior Lien Defense:

    (i) If a Seller elects not to receive the treatment afforded to general unsecured creditors under the Plan, then a hearing on that Seller's Reclamation Claim shall be automatically adjourned to a contested hearing to be held on a date following the effective date of the Plan. The parties shall then litigate before this Court to determine whether the Prior Lien Defense applies to such Seller's reclamation claim. In addition, the Debtors shall retain all other reserved defenses with respect to such reclamation claims.

 3. Notwithstanding anything in this order to the contrary, prior to the Debtors' return of any goods in respect of any Reclamation Claim or the Debtors' allowance or payment of any Reclamation Claim, the Debtors shall provide the professionals to the Creditors' Committee with a "Reclamation Report," the first of which shall cover at least 75% of the face value of all Reclamation Claims asserted against the Debtors. Each Reclamation Report shall include (a) a list of each reclamation vendor asserting a Reclamation Claim, (b) a summary of the assertions of each reclamation vendor and the amount of each Reclamation Claim, (c) the Debtors' legal analysis of, and position with respect to, any legal issues that relate to the validity and allowability of all or any material portion of the Reclamation Claims, (d) the Debtors' legal analysis of, and position with respect to, any legal issues that relate specifically to one or more

7

Reclamation Claims and (e) the actions (including allowance or payment of a Reclamation Claim and any return of goods subject to a Reclamation Claim) that the Debtors propose to take with respect to each Reclamation Claim. The Creditors' Committee may file a written objection to all or any portion of a Reclamation Report (an "Objection") within ten business days after the Creditors' Committee's receipt of such Reclamation Report (or such later time as the Debtors and the Creditors' Committee shall agree in writing). Objections shall be set for hearing for the next applicable monthly omnibus hearing and noticed by the Creditors' Committee, both in accordance with the Case Management Order. If the Creditors' Committee does not timely object to a particular Reclamation Report as provided in this paragraph, the Debtors shall be entitled to take the actions set forth in such Reclamation Report. If the Creditors' Committee files an Objection, the Debtors shall not take any action with respect to the Reclamation Claims covered by the Objection to such Reclamation Report except in accordance with an order of the Court.

4.  All adversary proceedings, except those proceedings brought by the Debtors in accordance with these procedures (the "Reclamation Procedures"), in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, shall be, and hereby are, stayed, and the claims asserted therein shall be subject to the Reclamation Procedures set forth herein.

5.  In accordance with the foregoing and pursuant to section 503(b) of the Bankruptcy Code, vendors shall have administrative expense priority status for those undisputed obligations arising from shipments of goods received and accepted by the Debtors on or after the Petition Date.

8

6.      To the extent necessary or appropriate, the Debtors shall seek Court approval of any settlements and compromises with trade vendors with respect to payments of reclamation claims.

7.      Nothing in this order shall constitute a waiver of any of the Debtors' claims against any vendor, including claims relating to preferential or fraudulent transfers and other potential claims, counterclaims, or offsets. The Debtors expressly reserve their rights to pursue such claims.

8.      Nothing herein shall constitute a waiver by the agent under the Debtors' prepetition credit facility of its right to contest the allowance of any reclamation claim.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

10.      The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
           October 1, 2007

                                      /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE