Sept. 24, 2007

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

Dear Sir:  Re: Delphi Corporation, et al
             Chapter 11
             Case No. 05-44481 (RDD)

In accordance with information recently received regarding the subject matter, this is to file an objection to the proposed Motion for Order approving the proposed Disclosure Statement, etc. (refer attached letter from Skadden, Arps, Slate, Meagher, & Flom LLP).

More specifically, I am a retired Delphi Corporation executive, who is a participant in Delphi's Supplemental Executive Retirement Program ( SERP). As noted in the proposed Disclosure Statement, pages DS 127-28, the debtors will no longer make monthly SERP payments to executive retirees, upon the effective date of the proposed plan. Moreover, after a to be determined filing date, any allowable SERP retiree claims will receive the same treatment afforded to General Unsecured Claims under the proposed plan. Under this treatment, it is my understanding that any allowable SERP claims would receive cash equal to 20% of such claim and a number of shares of New Common Delphi Stock (valued at $45 per share) equal to 80% of the claim, following a net present value calculation of the SERP payments based on an undefined discount rate and actuarial table.

Accordingly, my objection reflects the following considerations:

1) The determination of the $45 per share value of the New Delphi Common Stock is unclear and in any event the value will be subject to prevailing stock market conditions at the time of any such distribution. Consequently, 80% of the claim could be significantly at risk at the time of distribution to the retirees, particularly since most retirees will need to sell the stock in order to generate a replacement retiree investment income/cash flow.

2) The statement in Section G of the Executive Summary of the proposed Disclosure Statement reflects "100% estimated recovery for General Unsecured Claims", refer page DS-xvi. I tend to believe this is at best overly optimistic and at worst disingenuous, anticipating significant sell activity by other claimants of the New Delphi Common Stock in the marketplace.

3) Perhaps the SERP eligible claimants were under-represented as a class by the

creditors' committee, reflecting that only a relatively small number of people (approx. 140) are impacted. Further, most of the claims in the General Unsecured category generally relate to a buy-sell relationship with its inherent commercial risks, in contrast the SERP participants for the most part invested a lifetime to secure these retirement benefits.

- 4) From a fairness perspective, it is not readily apparent that any other retiree group would be, potentially, as adversely impacted--not union or regular salary retirees.

- 5) SERP participants have already had their SERP payments reduced, in certain cases, since the inception of the bankruptcy proceedings. In addition, while also a part of the general unsecured claim category, company-paid life insurance coverage was eliminated, which is particularly onerous since some retirees are uninsurable due to medical issues and cannot obtain replacement insurance. In short, the SERP participants have to a certain extent already "come to the party".

- Regarding the foregoing and as a possible remedy, consideration could be given to allowing the SERP claimants the option to elect to receive the 80% portion of the net present value of any SERP payments/life insurance coverage payments in either New Delphi Common stock or cash.

- Thank you for your consideration (please pardon the typing and format, it is not my forte).

- Ernest A. Knobelspiesse
- 134 Cape Fear Drive
- Chocowinity, North Carolina 27817
- Telephone: 252-940-1872


Copies:
- United States Trustee, Southern District of New York, 33 Whitehall Street, 21st Floor, NY, NY 10004 (attn. Alicia M. Leonhard)-3 copies
- Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (attn. General Counsel)
- Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60600 (attn. John Wm. Butler, Jr.)
- Davis Polk and Wardell, 450 Lexington Avenue, NY, NY 10017 (attn. Donald Bernstein and Brian Resnick)
- Latham & Watkins LLP, 885 Third Avenue, NY, NY 10022 (attn. Robert J. Rosenberg and Mark A. Broude)
- Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, NY, Ny 10004 (attn. Bonnie Steingart)
- White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (attn. Thomas E. Lauria)
- White & Case LLP, 1155 Avenue of the Americas, NY, NY 10036 (attn. Glenn M. Kurtz, John M. Reiss and Gregory Pryor)
- Kaye Scholer LLP, 425 Park Avenue, NY, NY 10022 (attn. Benjamin Mintz and Lyn Toby Fisher)

Hearing Date And Time: October 3, 2007 At 10:00 a.m.
Objection Deadline: September 28, 2007 At 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
: 
In re                              : Chapter 11
:
DELPHI CORPORATION, et al.,        : Case No. 05-44481 (RDD)
:
              Debtors.             : (Jointly Administered)
:
------------------------------------ x

## NOTICE OF MOTION FOR ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) RECORD DATE, VOTING DEADLINE, AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS, (III) HEARING DATE TO CONSIDER CONFIRMATION OF PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) SOLICITATION PROCEDURES FOR VOTING ON PLAN, (VI) CURE CLAIM PROCEDURES, (VII) PROCEDURES FOR RESOLVING DISPUTES RELATING TO POSTPETITION INTEREST, AND (VIII) RECLAMATION CLAIM PROCEDURES

PLEASE TAKE NOTICE that on September 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed their Joint Plan of Reorganization, dated September 6, 2007 (as subsequently amended, supplemented, or otherwise modified, the "Plan"), and their Disclosure Statement with respect to the Plan (as subsequently amended, supplemented, or otherwise modified, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE that on September 6, 2007, the Debtors filed a Motion For Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date to Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (the "Motion").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion or the adequacy of the Disclosure Statement must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Case Management Order"), and the Order Scheduling Non-Omnibus Hearing On Debtor's Motion To Approve Solicitation Procedures And Disclosure Statement (Docket No. 8898) (the "Scheduling Order"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham &