**Exhibit A**

***OBJECTIONS TO THE DISCLOSURE STATEMENT OF DELPHI CORPORATION AND THE AFFILIATE DEBTORS
ORGANIZED BY OBJECTOR[1]***

|   | **DOCKET NO.** | **OBJECTOR** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
| 1. | 9513 and Undock-eted Letter | Sharyl Y. Carter | Claimant objects to Delphi Automotive System's decision to file for chapter 11 alleging that the payment of employees is evidence that it is not bankrupt. | The Debtors' reasons for the commencement of the Chapter 11 Cases are set forth in great detail in the Disclosure Statement. |
| 2. | 9668 | Peugeot JAPY Industries SA | (a)   The Disclosure Statement does not contain adequate information by which Peugeot can make an informed judgment regarding the Plan because Peugeot does not know whether its contract will be assumed or rejected. | Peugeot may wish to know whether its contracts will be assumed or rejected, but a final list of rejected contracts is not necessary to enable creditors or a hypothetical reasonable investor typical of holders of claims to make an informed judgment about whether to accept or reject the Plan. The Bankruptcy Code permits a debtor to decide whether to assume or reject an executory contract or unexpired lease at any time until confirmation of a plan. 11 U.S.C. § 1123(b)(2). In large and complex cases such as these, the Debtors should be allowed to utilize all time available to them to determine which executory contracts will be assumed or rejected. |
|   |   |   | (b)   Pursuant to the Disclosure Statement and Solicitation Procedures, the filing of the Plan Exhibits seven days before the voting deadline does not allow potential unsecured creditors sufficient time to make an informed decision to accept or reject the Plan. | The Debtors' proposed notice periods comply with notice periods mandated by Bankruptcy Rules 2002 and 3017. The Disclosure Statement informs "average" general unsecured creditors of the Plan's proposed distributions and the risk factors related to the confirmation and effectiveness of the Plan. The Disclosure Statement is more than adequate in this respect. The Plan Exhibits that will be filed on or before the Exhibit Filing Date, which is seven days before the Voting Deadline, will provide additional supplemental information, but that information will not be necessary to the average creditor's decision to accept or reject the Plan. In addition, the filing of the remaining Plan Exhibits seven days before the Voting Deadline will provide creditors with sufficient opportunity to review information contained in the Plan Exhibits in advance of the Voting Deadline and is consistent with the disclosure approved in other large chapter 11 cases. |

---

[1] This chart reflects all objections received as of 12:00 a.m. (Eastern Daylight Time) on October 2, 2007.

1

| | DOCKET NO. | OBJECTOR | | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|---|
| 3. | 9669 | PBR Tennessee, Inc., PBR Knoxville LLC, PBR Columbia LLC, And PBR Australia Pty Ltd. | (a) | The Disclosure Statement does not contain adequate information by which Peugeot can make an informed judgment regarding the Plan because PBR does not know whether its contracts will be assumed or rejected. | See response to 2(a) above. |
| | | | (b) | Pursuant to the Disclosure Statement and Solicitation Procedures, the filing of the Plan Exhibits seven days before the voting deadline does not allow potential unsecured creditors sufficient time to make an informed decision to accept or reject the Plan. | See response to 2(b) above. |
| 4. | 9670 | SABIC Innovative Plastics US LLC | (a) | The Disclosure Statement does not contain adequate information by which Peugeot can make an informed judgment regarding the Plan because SABIC does not know whether its contracts will be assumed or rejected. | See response to 2(a) above. |
| | | | (b) | Pursuant to the Disclosure Statement and Solicitation Procedures, the filing of the Plan Exhibits seven days before the voting deadline does not allow potential unsecured creditors sufficient time to make an informed decision to accept or reject the Plan. | See response to 2(b) above. |
| 5. | 9674 | The ACE Companies | (a) | The Disclosure Statement and Plan should be modified to expressly provide that the Reorganized Debtors will continue to be liable for all of the ACE Companies' claims arising under previously assumed insurance agreements. | This objection is irrelevant to the approval of the Disclosure Statement. This court has previously entered an order stating that the assumed insurance agreements are entitled to administrative expense status. The requested modifications are not necessary for the Disclosure Statement or the Plan. |
| | | | (b) | The term "Allowed Claims" should be revised to expressly include Administrative Claims arising from contracts and leases assumed by the Debtors during the chapter 11 cases so that the ACE Companies can have assurance that previously assumed insurance agreements will be paid in the ordinary course. | This objection is irrelevant to the approval of the Disclosure Statement. This court has previously entered an order stating that the assumed insurance agreements can be paid in the ordinary course. The requested modifications are not necessary for the Disclosure Statement or the Plan. |

|  | **DOCKET NO.** | **OBJECTOR** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
|  |  |  | (c)    Notwithstanding a court order that states that the Debtors can pay the ACE Companies claims in the ordinary course and a stipulation that affirms many provisions of that order, the ACE Companies request that the Plan specifically state that the ACE Companies' claims arising from the assumed agreements shall be paid in the ordinary course. | This objection is irrelevant to the approval of the Disclosure Statement.  This court has previously entered an order stating that the assumed insurance agreements are entitled to administrative expense status.  The requested modifications are not necessary for the Disclosure Statement or the Plan. |
|  |  |  | (d)    The ACE Companies state that the Disclosure Statement and Plan should be modified to clarify that neither the Plan nor the Confirmation Order shall modify the terms of any of the assumed insurance agreements. | This objection is irrelevant to the approval of the Disclosure Statement.  This court has previously entered an order stating that the Plan shall not contradict the terms of that order, and such modification to the Plan is not necessary. |
| 6. | 9677 | Bank Of America, N.A. | (a)    The Disclosure Statement does not state whether the Debtors will be affirming existing guaranties or providing new guaranties as a condition to curing executory contracts and unexpired leases. | The Debtors have revised the Plan and Disclosure Statement to indicate that in connection with any Restructuring Transactions, the Reorganized Debtors may enter into guarantees. |
|  |  |  | (b)    The cure procedures described in the Disclosure Statement allow a Debtor to cure and/or assume or reject a contract after the confirmation date. | This is a Plan confirmation objection and is irrelevant to the approval of the Disclosure Statement. |
|  |  |  | (c)    Bank of America objects to the Disclosure Statement to the extent that it seeks to alter or otherwise prejudice the rights of Bank of America under orders or stipulations previously entered by the Court. | This objection is irrelevant to the approval of the Disclosure Statement. |
| 7. | 10398 | Lead Plaintiffs | Lead Plaintiffs reserve their rights to raise objections to the Disclosure Statement at the hearing on the Disclosure Statement if the blackline of the Disclosure Statement does not resolve certain of the Lead Plaintiff's concerns, regarding among other things, third party releases and certain conditions to the effectiveness of the Plan. | The Debtors have incorporated certain comments from the Lead Plaintiffs into the Plan and Disclosure Statement and will continue to negotiate certain provisions. |
| 8. | Undock-eted | Skilled Trade Employees (Delco Electronic Systems) | The Skilled Trade Employees object to the Disclosure Statement and request that the Oak Creek Delco Electronic Systems plant in Oak Creek, Wisconsin remain open. | This objection is irrelevant to the approval of the Disclosure Statement.  The Disclosure Statement explains in detail Delphi's Transformation Plan and the decisions made by Delphi's management. |
|  |  |  | The Skilled Trade Employees request an examination of the financial records used to determine Delphi's transformation plan. | This objection is irrelevant to the approval of the Disclosure Statement.  The Disclosure Statement explains in detail Delphi's Transformation Plan and the decisions made by Delphi's management. |

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 9. | Undock-eted | Ernest A. Knobelsplesse | The treatment of the Supplemental Executive Retirement Program ("SERP") is inappropriate. | This is a Plan Objection. The Debtors believe that the treatment of General Unsecured Claims (including SERP Claims) is fair and equitable. |

***OBJECTIONS TO THE SOLICITATION PROCEDURES OF DELPHI CORPORATION AND THE AFFILIATE DEBTORS[2]***

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL |
|---|---|---|---|---|
| 1. | 9680 | Bank Of America, N.A. | Bank of America objects to the procedures' *per se* prohibition on voting contingent claims as the prohibition applies to Bank of America and proposes that Bank of America be provided a provisional ballot for the full amounts of its proofs of claim and allow Bank of America to file the provisional ballot. | The Debtors' solicitation procedures do not prohibit the voting of contingent claims, but merely require the contingent claim holder to file a motion under Bankruptcy Rule 3018 seeking temporary allowance of its claim for voting purposes (which Bank of America has already done). |

---

[2] This chart reflects all objections received as of 12:00 a.m. (Eastern Daylight time) on October 2, 2007.