Heinz Binder (CA 87908)  
Wendy W. Smith (CA 133887)  
Binder & Malter  
2775 Park Avenue  
Santa Clara, CA 95050  
Telephone: (408) 295-1700  
Facsimile:  (408) 295-1531  

Hearing Date and Time: October 25, 2007  
Objection Date: October 20, 2007  

Andrew L. Margulis, Esq.  
Ropers, Majeski, Kohn & Bentley  
17 State Street, Suite 2400  
New York, New York 10004  
Tel:  212-668-5927  
Fax: 212-668-5929  

Attorneys for Creditor, Technology Properties Ltd.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| In Re | ) | CASE NO. 05-44481 (RDD) |
|---|---|---|
|  | ) |  |
|  | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, et al. | ) |  (Jointly Administered) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) |  |

### MOTION OF TECHNOLOGY PROPERTIES LTD. FOR ENTRY OF ORDER TEMPORARILY ALLOWING CLAIMS FOR VOTING ON PLAN PURSUANT TO FED. R.BANKR.P. 3018(a)

1.     Technology Properties, Ltd., ("TPL"), by and through its undersigned attorneys files this motion for the entry of an order temporarily allowing its claims for the purpose of voting on the plan of reorganization that has been presented by the debtor in this case. The motion is brought pursuant to Federal Rule of Bankruptcy Procedure 3018(a).

### BACKGROUND

2.     TPL is owner of all substantial rights in and to the patents that make up the set of patents known as the Moore Microprocessor Patent™ Portfolio, and has the exclusive right and

responsibility to license and enforce the patents. The patents are described more particularly in proofs of claim previously filed in this action by TPL and are referred to here as the "MMP Portfolio."[1] The MMP Portfolio protects certain basic integrated-chip technologies widely used in designing microprocessors, embedded processors, and system-on-chip solutions. TPL alleges that Delphi Corporation and certain of its subsidiaries and affiliates (collectively the "Infringing Debtors") have been infringing on the rights protected by the MMP Portfolio from at least October 9, 1999, through October 8, 2005, and that the Infringing Debtors continue to infringe on these rights in their post-petition activities. TPL further alleges in the Claims that this infringing activity consist of the manufacture, use, sale, offer of sale, importation and/or distribution, both within the United States and internationally, of microprocessors and of systems containing microprocessors that use the technology included in the MMP Portfolio. (These facts are substantially set forth in the previously filed Declaration of Wendy W. Smith in Support of Objection by Technology Properties Ltd to Debtor's Claims Estimation Motion, filed in this action on November 20, 2006)

     3.     TPL timely filed proofs of claim in the bankruptcy estate of each of the Infringing Debtors, stating an unliquidated claim arising from this alleged infringing activity.[2]

     4.     In November of 2006, the Debtor filed an objection to the TPL claims without any factual support. The only basis for the Debtor's objection was that TPL's claims were not in the Debtor's books and records. In response to the Debtor's claim objection, TPL provided the Debtor with extensive documentation supporting the validity of the MMP Portfolio and the basis for the believed patent infringement, including a list of products that TPL believed were infringing on the patents. While the Debtor made no substantive response to the extensive

---

[1] Attached as exhibit A is a copy of the Proof of Claim filed in the main Delphi bankruptcy case, Case number 05-44481, for the court's reference.
[2] Attached as exhibit B is the list of Delphi's individual claims generated by the Debtor and attached to the Order (A) Estimating and Setting Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited Claims Estimation Procedures, entered 9/28/07 Docket no.9685

pg. 2

support provided by TPL for its claim, it did agree to remove TPL's claim from the accelerated claims-objection procedure.

5.      From the outset of this bankruptcy, TPL has made repeated efforts to contact the Debtor in an effort to negotiate a good faith resolution of both TPL's pre-petition claim, and its claim for ongoing infringement during the bankruptcy. Not withstanding TPL's repeated efforts to arrange meetings, a mediation, and exchange of information, the Debtor made no effort to address the substance of the TPL patent claim until the discussions initiated in September of 2007. The Debtor never set the objection to claim for an evidentiary hearing during the year after it filed the objection, but rather requested the Court estimate the claim at zero in the recent estimation procedures motion.

6.      The Court entered its order on that motion on September 28, 2007. Pursuant to the terms of that order and to negotiations between counsel for Delphi and counsel for TPL, the parties intend to meet and confer regarding establishing the appropriate estimation procedures and, possibly negotiating the estimated amount of the claim or otherwise resolving the matter before the deadline set by the Debtor of November 9, 2007.

7.      Whether TPL's claims are estimated at an estimation hearing, or are determined as part of a settlement between the parties, this motion is brought to protect TPL's right to vote in the upcoming Plan if TPL's claim is estimated at greater than zero.

## RELIEF REQUESTED

8.      By this motion, TPL respectfully requests that, if its claims are estimated, through judicial procedure or otherwise, at an amount greater than zero, this Court allow TPL to file a provisional ballot for the estimated amount of the proofs of claim, pursuant to Federal Rules of Bankruptcy Procedure, Rule 3018(a).

## BASIS FOR RELIEF REQUESTED AND MEMORANDUM OF LAW[3]

9. Bankruptcy Rule 3018(a) provides, in pertinent part, that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest or an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed.R.Bank.P.3018(a).

10. Courts are encouraged to exercise their discretion to temporarily allow claims in favor of creditor participation in the plan voting process. *In re Johns-Manville Corp.,* 68 B.R. 647, 653-54 (Bankr.S.D.N.Y. 1986); *see In re Adelphia Communications Corp.,* 359 B.R. 54, 61 (Bankr. S.D.N.Y. 2006) (voting for or against proposed plan is fundamental right in bankruptcy). The standard for the temporary allowance of a claim is fairly liberal. *See In re First Rebublicbank Corp.*, 1990 Bankr. LEXIS 2840 at *5 (Bankr. N.D. Tex. June 19, 1990) ("the evidentiary threshold is far less than would be required" at a claims objection hearing). To be permitted to vote its claim, a claimant must merely "present sufficient evidence that it has a colorable claim capable of temporary evaluation." *In re Armstrong,* 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003).

10. One reason for allowing temporary allowance is where the full hearing on the objection to claim would delay administration of the case, or where the objection is frivolous or of questionable merit. *9 Collier on Bankruptcy* section 3018.01 [5] (15th Ed. 2007). As the very basis for the Debtor's motion for estimation procedures was precisely the claim that a full hearing on the merit of its objection to TPL's claim would unnecessarily delay the administration of the case, it is evident that temporary allowance of this claim, once estimated, should be granted. Furthermore, as is set forth in TPL's response to the Debtor's original objection to its

---

[3] Local Rule 9013-1(b) for the United States Bankruptcy Court for the Southern District of New York, requires sa seperate memorandum of law. As a practical matter in this motion, such separation would be awkward and create additional and unnecessary reading for the Court. Therefore, TPL respectfully requests that the requirement for such separate memorandum of law be waived in this matter.

claim, that objection was based solely on the allegation that TPL's claim was not reflected in the Debtor's records. The objection provided neither evidence nor argument to support the objection to claim, notwithstanding evidence of the validity of the patents on which the claim was brought and the breadth of scope of the patents.

11.     Finally, any delay in the resolving the Debtor's objection to TPL's claim may only be ascribed to the Debtor itself. Attached hereto as Exhibit "C" is a copy of the Declaration of Wendy W. Smith in Support of Objection by Technology Properties Ltd. to the Debtor's Claim for Estimation Motion, filed in this case September 20th, 2007 (without Exhibits). That Declaration sets forth in detail the multiple unsuccessful efforts that TPL made to communicate with Delphi to resolve the objection to TPL's claim prior to the discussions that began in September.

12     The parties have now initiated negotiations regarding TPL's claim, and, if that negotiation is not successful, will proceed with estimation procedures. TPL's claim will be estimated prior to the deadline for voting on this plan one way or another. In order to preserve TPL's right to vote on the plan, assuming the claim is estimated at greater than zero, TPL is entitled to be able to vote. The Debtor has set the deadlines in the case so that in order to have this temporary allowance motion heard before the voting deadline it must be brought now, before the estimation occurs.

## CONCLUSION

13.     Based on the arguments set forth above, TPL respectfully requests the Court to grant the proposed order that will allow TPL to vote on the proposed plan of reorganization if TPL's claims are estimated at an amount greater than zero.

Dated:  October 2, 2007                    BINDER & MALTER, LLP

By:  /s/ Wendy W. Smith
    Wendy W. Smith (CA 133887)
F:\Clients\TPL-Delphi\Pleading\Allow Temporary Claim.doc    Attorneys for Technology Properties, Ltd.