UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
   In re                               :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                 Debtors.     :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIRD SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 105 AND 363
AUTHORIZING DEBTORS TO CONTINUE SHORT TERM AT-RISK
PERFORMANCE PAYMENT PROGRAM ("AIP") FOR SECOND HALF OF 2007

("THIRD SUPPLEMENTAL AIP ORDER")

Upon the Third Supplement To KECP Motion (Docket No. 213) Seeking Authority To Continue Short Term At-Risk Performance Payment Program ("AIP") For Second Half Of 2007 (the "Third Supplement"), dated September 7, 2007, of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the declarations of Nick Bubnovich, John D. Sheehan, and Craig G. Naylor, each executed September 7, 2007 in support of the Third Supplement; and after consideration of any objections to the Third Supplement; and upon the record of the hearing held in support of the Third Supplement on September 27, 2007, including this Court's consideration of the testimony and exhibits; and this Court having determined that the relief requested in the Third Supplement is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest; and this Court having entered an Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Implement A Short Term Annual Incentive Program (Docket No. 2441) (the "AIP Order"), dated February 17, 2006; an Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To: (A) Fix Second Half 2006

AIP Targets And Continue AIP Program And (B) Further Adjourn KECP Emergence Incentive Program Hearing (Docket No. 4660) (the "Supplemental AIP Order"), dated July 21, 2006; and a Second Supplemental Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Continue AIP For First Half Of 2007 (Docket No. 7474), dated March 29, 2007 (the "Second Supplemental AIP Order") (the "AIP Order," the "Supplemental AIP Order," and the "Second Supplemental AIP Order," collectively the "AIP Orders");[1] and it appearing that proper and adequate notice of the Third Supplement was given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  The Debtors have exercised reasonable business judgment in seeking the authority to implement a short-term, at-risk performance payment program (the "AIP") covering the six-month period running from July 1, 2007 through December 31, 2007.

B.  The Debtors' proposal to implement the AIP covering the second half of 2007 was proposed in good faith and is in all respects fair and reasonable.

C.  It is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest, and it is necessary to the Debtors' reorganization efforts, that the Debtors implement at this time an AIP for the period from July 1, 2007 through December 31, 2007.

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

The AIP Order shall continue in full force and effect except as follows:

---

[1]  The KECP Motion as it relates to the KECP Emergence Incentive Program has been voluntarily withdrawn from the agenda and would need to be re-noticed under the Eighth Supplemental Case Management Order to be reinstated on the agenda.

        1.        The relief requested in the Third Supplement is GRANTED as provided herein.

        2.        This Court approves the implementation at this time of an AIP covering the six-month period from July 1, 2007 through December 31, 2007, and the Debtors are authorized forthwith, pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1), to take all actions consistent with this Third Supplemental AIP Order that are reasonably necessary to implement an AIP for that period on the terms and conditions set forth in the AIP Orders; <u>provided</u>, <u>however</u>, that the range of incentive compensation opportunities for Covered Employees during that period shall be determined pursuant to the payout curves attached hereto as <u>Exhibit 1</u>, which do not include any incentive compensation opportunities for corporate or divisional performance that is below target.  Subject to the adjustments provided in paragraphs 3 and 4 of this Order, the corporate-level EBITDAR target for the AIP covering the period from July 1, 2007 through December 31, 2007 shall be $443.1 million.  The division-level OIBITDAR targets for the same period shall be as follows:  (i) Powertrain, $123.8 million; (ii) Steering, $51.3 million; (iii) Thermal Systems, $54.0 million; (iv) Electronics and Safety, $157.8 million; (v) Electrical and Electronic Architecture, $183.8 million; (vi) Product and Service Solution, negative $1.5 million; and (vii) Automotive Holdings Group, negative $134.4 million.

        3.        For purposes of the AIP covering the period from July 1, 2007 through December 31, 2007, EBITDAR and OIBITDAR shall be adjusted on a dollar-for-dollar basis to reflect any positive or negative variance between the assumptions underlying the Debtors' Preliminary Business Plan for 2007 (as adjusted for updated performance through May 31, 2007) relating to the performance targets and the terms of the agreements reached with the Debtors' Unions or General Motors Corporation affecting such performance targets using the protocol

3

previously agreed to with the Creditors' Committee attached hereto as Exhibit 2.  That is, any costs or savings resulting from such agreements not incorporated into the Debtors' Preliminary Business Plan and reviewed with the Creditors' Committee shall not affect (positively or negatively) payments under the AIP.

        4.        The Creditors' Committee is authorized to adjust by up to $200 million, for measurement purposes, the corporate EBITDAR performance for the second half of 2007 to account for direct net savings realized by the Debtors because of any action, event, or circumstance not contemplated by, or anticipated in, the Debtors' business plan, as reasonably determined by the Creditors' Committee; provided, however, that in no event shall the Creditors' Committee be authorized to adjust the corporate EBITDAR performance below the $443.1 million now provided for in paragraph 2 of this Third Supplemental AIP Order.  The Creditors' Committee shall consult with the Debtors in making any such adjustment, but in no event shall the Debtors have any right to reject or seek review by this Court of any such determination or adjustment.  Such determination shall be made by the Creditors' Committee on or before the earlier of (i) the consummation of the Debtors' plan of reorganization or (ii) by February 15, 2008, and shall be based on actual results for the six-month period, if available, or if not available, then on actual performance through November 30, 2007 and forecast performance for the month of December 2007.

        5.        In the event that this Court enters a Confirmation Order confirming the Joint Plan of Reorganization filed by the Debtors on September 6, 2007 (Docket No. 9263) (as hereafter modified or superseded) on or prior to February 29, 2008, determinations regarding future AIP performance periods from and after January 1, 2008 shall be made solely by the Compensation Committee of the Delphi Corporation Board of Directors; otherwise, a hearing on

4

continuing the AIP for the performance period from January 1, 2008 through June 30, 2008 shall be adjourned to the March 2008 omnibus hearing date to be set by the Court pursuant to the Case Management Order, as amended, with notice to interested parties and an opportunity to object.

      6.      This Court shall retain jurisdiction over the Debtors and Covered Employees participating in any AIP implemented pursuant to this order, including without limitation for the purpose of interpreting, implementing, and enforcing the terms and conditions of this or any other AIP Order.

      7.      The requirement under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Third Supplement.

      8.      Terms undefined in this Third Supplemental AIP Order shall have the meanings ascribed to them in the Third Supplement and the AIP Orders.

Dated: New York, New York
       October 2, 2007

                         /s/Robert D. Drain_____
                         UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

Payout Curves
AIP For Second Half 2007

# Exhibit 2

## Adjustment Protocol