| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing Date: September __, 2007 |
| **SOUTHERN DISTRICT OF NEW YORK** | Time: ___ am |
| | Objection Deadline: September 20, 2007 |
| | Time: 4:00 pm |

........................................................................ x
**Scott Darryl Reese,**                                            :
**Claimant      Appearing without counsel**              :
                                                                                   :
   v.                                                                          :     **Honorable Robert Drain**
                                                                                   :
IN RE:                                                                     :     **Case No. 05-44481**
                                                                                   :
**DELPHI CORPORATION, et. al.,**                          :     **Bankruptcy Trustee**
**DELPHI - DEBTOR IN POSSESSION**                :
**DELPHI CHASSIS SYSTEMS**                            :     **(Jointly Administered)**
               Debtor,                                                  :
........................................................................ x

<u>COUNSEL FOR THE DEBTORS</u>.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

       -and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055
                                                                   /

# NOTICE OF HEARING OF MOTION OF SCOTT DARRYL REESE'S FOR LEAVE TO FILE LATE CLAIM

PLEASE TAKE NOTICE, of this attached motion (the "Motion") of Scott Darryl Reese, Claimant, *Notice of Hearing of Motion of Scott Darryl Reese's For Leave to File Late Claim*, in his own name and for his own relief. Claimant moves before the Honorable Robert D. Drain, in his courtroom located at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Room 610 at 10:00 a.m. on September 27, 2007 or as soon as counsel may be heard (the "Hearing"), for the entry of an Order permitting Scott Darryl Reese to file a late *proof of claim* in the above-captioned Chapter 11 Cases and awarding such other and further relief as the Court deems just and proper.

2.    PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the *Federal Rules of Bankruptcy Procedure*, the *Local Rules of Bankruptcy Court for the Southern District of New York*, and the *Amended Eighth Supplemental Order* under 11 U.S.C. §§102(1) and 105 and Fed.R.Bankr.P.2002(m), 9006, 9007, and 9014, Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (a), and shall be filed with the Bankruptcy Court.

3.    Submitted a hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (b) be served upon, (c) Scott Darryl Reese, 329 Basket Road, Oxford, counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., (iv) counsel for the agent under the post-petition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004

*Motion for Leave to File Late Claim in Delphi Bankruptcy Proceedings*              Page 2 of 8

(Attn: Alicia M. Leonhard).

**4.**   PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Amended Eighth Supplemental Case Management Order will be considered by the Bankruptcy Court at the Hearing. If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

DATED:

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: September 14, 2007 |  |
|  | Scott Darryl Reese; <br> SCOTT DARRYL REESE; <br> SCOTT D. REESE <br> c/o 329 Basket Branch <br> Oxford, Michigan state [48371-6359] <br> in the united States of North America <br> Claimant - (248) 969-4055 |

Hearing Date: September __ , 2007

Time: ____ am

Objection Deadline: September 20, 2007

Time: 4:00 pm

*Motion for Leave to File Late Claim in Delphi Bankruptcy Proceedings*    **Page 3 of 8**

In the

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing Date: September __, 2007 |
| **SOUTHERN DISTRICT OF NEW YORK** | Time: ___ am |
| | Objection Deadline: September 20, 2007 |
| | Time: 4:00 pm |

```
......................................................................... x
Scott Darryl Reese,                                :
Claimant     Appearing without counsel             :
                                                   :
     v.                                            :    Honorable Robert Drain
                                                   :
IN RE:                                             :    Case No. 05-44481
                                                   :
DELPHI CORPORATION, et.,al.,                       :    Bankruptcy Trustee
DELPHI - DEBTOR IN POSSESSION                      :
DELPHI CHASSIS SYSTEMS                             :    (Jointly Administered)
              Debtor,                              :
......................................................................... x
```

Scott Darryl Reese's MOTION

FOR LEAVE TO FILE LATE CLAIM

Scott Darryl Reese as a worker in the private sector and

respectfully seeks leave to file a late claim.

## PRELIMINARY STATEMENT

Scott Darryl Reese is a worker in the private sector at **DELPHI CORPORATION, et.,al.,**

**DELPHI - DEBTOR IN POSSESSION, DELPHI CHASSIS SYSTEMS,** who are in possession

of Claimant's private property in the amount of $40,844.62 as of 09-02-2007. Creditor seeks to file

a late claim in the amount of $40,844.62 in a bankruptcy case where the Debtors' total debt exceeds

$4,000,000,000.00, U.S. Funds.

Scott Darryl Reese respectfully submits that its failure to file a proof of claim by the deadline

was because at that time Mr. Reese had no claim against Debtor. Information in Proof of claim is

sufficient evidence that no claim executed at that time.

*Motion for Leave to File Late Claim in Delphi Bankruptcy Proceedings*                    Page 4 of 8

Further, Scott Darryl Reese submits that the equities held by Debtor favors permitting Scott Darryl Reese file a late claim, given that: (a) the Debtor(s) were aware of Mr. Reese's claim; (b) the Debtor(s) have yet to answer his demands for information regarding his unauthorized deductions that are clearly represented in his proof of claim(c). The amount that Scott Darryl Reese claims is small in comparison to the overall debt in this case, thus permitting Scott Darryl Reese to file a late claim that would not delay, disrupt or otherwise prejudice the parties or the disposition of these bankruptcy cases.

## FACTUAL BACKGROUND

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§157(a)(2) 1334(a).

2.  *Delphi Corporation* and forty-one related entities (collectively, "Delphi" or "Debtors") filed petitions for relief under chapter 11 of title 11 of the United State Code, as thereafter amended (the "Bankruptcy Code").

3.  The deadline for filing claims was July 31, 2006 (the "Bar Date").

4.  Scott Darryl Reese is a private sector worker at Delphi – and continues to work at Debtor's – **DELPHI CORPORATION, et.,al., DELPHI - DELPHI CHASSIS SYSTEMS, Saginaw, Michigan** in the skilled trade as a electrician.

5.  Scott Darryl Reese appears in his personal capacity in defense of his private property held by Debtor without legal assistance, and without basic bankruptcy training, which includes procedures for the filing of proofs of claims.

6.  Scott Darryl Reese received motion of the bankruptcy proceedings without Notices of Bar Date from the Debtors.

7. Scott Darryl Reese sought to reconcile his claim against Debtor through his demands for information, demands that Mr. Reese has as attachments to his proof of claim for review by the court.

## ARGUMENT

Scott Darryl Reese's Failure to File a Proof of Claim was the Result of No Notice of Bar Date. Fed. R. Bankr. P. 9006(b)(1) provides that when an act is required to be done within a certain amount of time the Court, for cause shown, can at any time in its discretion . . . (1) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of No Notice of Bar Date, the deadline for filing claims with Debtor having knowledge that a claim was pending against Debtor.   See Proof of claims and the referenced attached Exhibits. Scott Darryl Reese has no other excuse which the Court can find more compelling.

Those more compelling reasons upon which the Court can focus concerned the fact that the information provided to Scott Darryl Reese as a created creditor should be regarded information essential to the filing of a proof of valid claim.

The Supreme Court found that Congress, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. 507 U.S. at 389. The determination of what kind of neglect would be considered "excusable" is an equitable one, the Court opined, taking into account all relevant circumstances surrounding the party's omission. These factors include the danger of prejudice to the debtor, the length of delay

and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the creditor, and whether the creditor acted in good faith. No Notice of Bar Date, the deadline for filing claims with Debtor fall within these factors.

Scott Darryl Reese acts in good faith, first seeking to resolve that matter out of court. In *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2113 (Bankr. S.D.N.Y., September 23, 2003), the Court permitted the creditor to file late proofs of claim based on excusable neglect, where the creditor claimed that the debtors' withholding of information caused their failure to timely file their claims. The Court ruled that there was no significant prejudice to the debtors because the debtors had not filed a disclosure statement or plan of reorganization, and that allowing the late claim would not have a disruptive effect upon the debtor's proposed plan. Id. at 22. The Enron Court also reiterated the Supreme Court's explanation in Pioneer of Rule 9006(b)(1), which empowers courts to accept late filings caused by inadvertence, mistake, or carelessness.

In this case, Scott Darryl Reese attempted – though unsuccessfully through in house litigation – to handle properly his claim without filing in the bankruptcy court. Mr. Reese's filing of his proof of claim and the attached exhibits are proof of his attempt to resolve his cause of action concerning the amount of the claim. Based on incomplete and confusing information to Creditor/Claimant, the Debtor refused to acknowledges his claim as disputed in his record, the unauthorized deductions – "withholdings."

Scott Darryl Reese acted in good faith. In fact, No Notice of Bar Date, the deadline for filing claims was served to Creditor/Claimant.

Further, given the other circumstances of this matter, and the considerations the equities (private property of Scott Darryl Reese) favor permitting Scott Darryl Reese to file a late claim.

## CONCLUSION

For the foregoing reasons, Scott Darryl Reese respectfully requests that this Court permit him to file a late proof of claim in the above-captioned case.

Therefore, Scott Darryl Reese respectfully requests this court grant this motion for late filing of his claim against **DELPHI CORPORATION, et.al., DELPHI - DEBTOR IN POSSESSION,** and **DELPHI CHASSIS SYSTEMS** in possession of his private property in the amount of $40,844.62 as of 09-02-2007.

Date: _____ , 2007

Respectfully submitted,

_____
Scott Darryl Reese;
SCOTT DARRYL REESE;
SCOTT D. REESE
c/o 329 Basket Branch
Oxford, Michigan state [48371-6359]
in the united States of North America
Claimant - (248) 969-4055

Subscribed to and sworn before me this ____ day of _____, 200__ .

_____
Notary Public, _____ County, Michigan.

My Commission Expires: _____