Certified Mail #:   7005 1820 0007 0239 0178

Scott Darryl Reese                                                                                          April 9, 2007
c/o 329 Basket Branch
Oxford, Michigan state   48371
SS#: 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


General Motors/Delphi Automotive Payroll Services
Wage Attachments
1225 West Washington Street
Tempe, Arizona    85281
Attention: Charla Keith


Ms. Keith:

      This is in regard, and constitutes legal and constructive notice, to the continued appropriation of my pay at *Delphi Energy & Chassis Systems, Saginaw Operations, 2328 East Genesee, Saginaw, Michigan, 48601*, and, as nearly as I can ascertain, by your office, as well as that of the one in Jamaica.  This has been occurring since pay ending date 02/04/2007, with the theft of 1876.66 dollars, U.S. Funds (Attachment 1), and continues with the current pay ending date 04/01/2007, with the now current total theft of 13441.33 dollars, U.S. Funds (Attachment 2).

First of all, this is not a tax issue, as the IRS would like to have *Delphi Automotive Systems*, et al. believe, or, more correctly, it's not directly a tax issue, but rather one of law.

*General Motors/Delphi Automotive Payroll Services, Wage Attachments*; possibly *Delphi Energy & Chassis Systems, Saginaw Operations, 2328 East Genesee, Saginaw, Michigan, 48601*, and, to be determined, *General Motors/Delphi Automotive Payroll Services* (Jamaica office - address currently unknown to me), as well as all other related companies appearing in **NOTICE OF COMMENCEMENT OF CHAPTER 11 – BANKRUPTCY CASES AND MEETING OF CREDITORS**, In re Delphi Corporation, et al., (Jointly Administered), Case No. 05-44481 (RDD), filed on October 8, 2005, UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK (Attachment 3), are all either Limited Liability Company(s) – "LLCs" (*Delphi Energy & Chassis Systems, Saginaw Operations, 2328 East Genesee, Saginaw, Michigan, 48601* is an LLC – See Attachment 4), General Partnership(s), Limited Partnership(s), Holding(s), or Corporation(s).  All of these, with the exception of the Jamaica office, and those appearing in Case No. 05-44481 with a foreign address, would be companies with corporation papers filed in their respective fifty (50) states of the union as state-chartered corporations, or the like, as indicated, and would be private companies/private contractors.  **NONE OF THE PRIVATE COMPANIES/PRIVATE CONTRACTORS REFERENCED ABOVE OR HEREIN** are statutorily defined as a united states "employer" (as defined in section 3401(d), Title 26) or are "domestic corporations", or "corporations organized under the laws of the United States" (26 USC 1361(b)(1), and 26 USC 7701(4) – See Attachment 5).  Any employers found at these statutory citations are federal or federally-controlled corporations: *Delphi Automotive Systems*, et al., are **NOT**.

In relation to any *Form 668*(s) served on you or any of the other related companies of *Delphi*, you may want to take note of several things:

*Notice to General Motors/Delphi Automotive Payroll Services 04-09-07*                    Page 1 of 7

- *Form 668-W*. On its face the form purportedly identifies me and *Delphi Automotive Systems* whose collusion it is intended to secure, along with a listing of figures alleged to be legal tax liabilities, although there is nothing to suggest that these allegations amount to anything more than unilateral, and thus legally meaningless, assertions. On the back is a full page of fine print, comprising excerpts of Internal Revenue Code sections purportedly relevant to the form's mission and authority.

The first such section cited is section 6331, *'Levy and Distraint'*. This is, appropriately, the section of the IRC representing the statutory authority under which any levy can be conducted. However, the citation begins with paragraph (b) of 6331: *'Seizure and Sale of Property',* rather than paragraph (a): *'Authority of Secretary'*. In fact, 6331(a) is nowhere to be found on the form. Thus, though conspicuously reviewing the dire powers capable of being invoked against its authorized targets, the fine print purporting to instruct the form's recipients, *Delphi Automotive Systems*, about the law carefully and deliberately omits the part where such authorized targets are actually identified! This is what 6331(a) says:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. **Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia**, by serving a notice of levy on the **employer** (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section. [**Emphasis added**]
>
> (The preceding on this page is from "A Sorry, But Instructive, Little Subterfuge" © Peter E. Hendrickson, author, *Cracking The Code*, ISBN 0-9743936-0-6, full text as Attachment 6.)

The reason for the preceding is simple: **EVERYTHING** (commercially and corporately speaking) **IS STATUTORILY DEFINED**. As a matter of courtesy, I've incorporated the following.

The every day use of certain words has a different terminology when defined by the legislature(s) or Congress. Some example are:

A 26 U.S.C. §3401(d) "*Employer*". *Delphi Automotive Systems*, et al., are ***not***, as previously pointed out, an "employer as defined at (section) §3401(d)" of the Internal Revenue Code, or the Statutes at Large, as the "code" (Title 26) is only that: a "codification" of what the actual statutes at large actually say. The accompanying Code of Federal Regulations (in this case, 26 C.F.R.) would also have any implementing regulations that go along with 26 U.S.C. *Delphi Automotive Systems*, et al., are ***not*** "domestic corporations", or "corporations organized under the laws of the United States" (26 USC 1361(b)(1), and 26 USC 7701(4), respectively), for the same reason. This definition and terminology is true no matter how much *Delphi Automotive Systems*, et al. wish -- the desires, intents, declarations, elections and misconceptions of any of its stockholders, attorneys, or corporate officers notwithstanding.

Likewise, *Delphi Automotive Systems*, et al., are *not* a 26 U.S.C. §7701(a)(26) "*Trade or Business*" [which is "*the performance of the functions of a public office"*]. Again, *Delphi Automotive Systems*, et al., are *not* "*engaged in a trade or business,"* irrespective of its desires, intents, declarations, elections and misconceptions to be one. (Read through the Corporation Excise Tax Act, where the class of corporations to which the tax is applied is clearly identified. Or, simply read through the instructions for Form 1120s, U. S. Income Tax Return for an S Corporation and those for Form 1120f, U. S. Income Tax Return of a Foreign Corporation, taking note of what is actually taxed in regard to these representatives of the class. (See www.irs.gov/pub/irs-pdf/i1120s.pdf and www.irs.gov/pub/irs-pdf/i1120f.pdf.) Among the methods of terminating an election to be an s-corp is simply ceasing to be a "small business corporation" [found at *26 USC 1362(d)(2)(A),(B)*]. (So, if a corporation is not, in fact, a "domestic" corporation, an election for it to become an "s-corp" is terminated as soon as it is made ...) *Delphi Automotive Systems*, et al., are also not an "American employer" found at 26 U.S.C. §3121(h) (Definitions – may want to read these).

Also, *Delphi Automotive Systems*, et al., are *not* a 26 U.S.C. §§5005, 6051(a) "*withholding agent*", for any of a number of reasons, the first and foremost being that they're not federally owned or connected. *Delphi Automotive Systems*, et al., have absolutely **NO OBLIGATION TO WITHHOLD FROM THE PAY OF ANY OF ITS PRIVATE SECTOR WORKERS** – in fact, it is unlawful for *Delphi Automotive Systems*, et al., to do so, except under very narrow circumstances (a signed court order being among them). The lack of withholding authority in regard to private companies/private contractors to its private sector workforce also applies to Social Security and FICA "Medicare/Medicaid" taxes, as they are still a form of federal income tax. (See Attachment 7 – **Part 3--Chapter 4000, of the TFM** – this has been highlighted for your convenience, and also, as should be clear while reading it, that the agency or agencies, when not preceded by the word "federal" are still, in fact, federal or federally connected, which is why, per *Section 4040 - Privacy Act Requirements*, they all have a duty to publish notices for routine use in the *Federal Register* from time to time, and why *Delphi Automotive Systems*, et al., do not.)

Additionally, *Delphi Automotive Systems*, et al., have **never** paid out any "*wages as defined in 3401(a) and 3121(a)*", again, irrespective of its desires, intents, declarations, elections and misconceptions to have done so. All *Information Returns*, specifically *Form W-3*, have a sworn statement as to their accuracy of 26 U.S.C. §§3401(a) and 3121(a) "wages", signed under oath, which, if accurate, would state that I'm an **employee**, earning **wages** while working for an **employer**, and likewise, all *Form 1096*s have a sworn statement as to their accuracy of involvement in a **"trade or business"**, signed under oath, which, if accurate, state that I'm an **employee**, earning **wages** while working for an **employer**. What *Delphi Automotive Systems*, et al., *don't* seem to know is that there are significant legal implications, both civil and criminal, associated with insufficient diligence in producing those forms. Each of these errors expose the producer of such forms, if *Delphi Automotive Systems*, et al. have done so (*IRS FOIA Request - Information Returns, Forms W-2 and 1099, etc. - 2007*, Certified Mail #: 7004 1160 0002 2313 3830 will substantiate if *Delphi* has done so), to substantial penalties. They also create paperwork burdens for the recipients, possibly rising to the necessity of legal action against both the government and the issuer of the form.

Still additionally, Affiant, Scott Darryl Reese, is not a 26 U.S.C. §3401(c) "*employee*", nor is he an officer, employee, or elected official, having never held any civil office in government, nor as the head of any federally connected and/or owned United States corporation.
Lastly, I include the definition(s) of 26 U.S.C. §§3121(e)(1),(2); *State* and *United States*, for convenience:

*Notice to General Motors/Delphi Automotive Payroll Services 04-09-07*          Page 3 of 7

(e) State, United States, and [Puerto Rican] citizen
For purposes of this chapter -

>    (1) **State**
>    The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.
>
>    (2) **United States**
>    The term "United States" **when used in a geographical sense** includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.

It may also interest *Delphi Automotive Systems*, et al., that a perusal of *Form 668-W(c)* would require my signature for any agreement regarding amounts of my paycheck to be payed to a second or a third party regarding any alleged "Levy on Wages, Salary and Other Income." There is a reason for this.

I'm including the text of this Notice in *Corel WordPerfect*® on disk, for your convenience. Go to www.filehippo.com or click on link above. Go to "free downloads" in the yellow section toward the bottom. Select/click on - Open Office.org. Download latest version. Can open *WordPerfect*.

My one and only offer to settle for the actions of *Delphi Automotive Systems*, et al., which, by their actions thus far, leave no reason for doubt in any reasonable man that they will continue until the full $ 24,077.46, U.S. Funds, has been appropriated from my personal pay, will be for two and one half times that amount, or $ 60,193.65, U.S. Funds, to be remitted to me by no later than May 15, 2007. I have **VERY** complete records of damages should this see the light of day in court, which is not even considering the civil and criminal penalties that would attach. (Considering what *General Motors/Delphi Automotive Payroll Services*, et. al., will save in the big picture, this is a **BARGAIN**.)

Extra Attachment Includes "A Public Service Announcement In The Interest Of Domestic Tranquility" © Peter E. Hendrickson, author, *Cracking The Code* (Attachment 8)

Extra Attachment Includes (disk) seven Freedom of Information Act Requests sent out thus far.

---

I do hereby certify that, to the best of my knowledge and belief, the enclosed information is true and correct.

| | |
|---|---|
| Date | Scott Darryl Reese |

Subscribed to and sworn before me this ____ day of _____, 200__ .

Notary Public, _____ County, Michigan.

My Commission Expires: _____

General Motors/Delphi Automotive Payroll Services         April XX, 2007
Wage Attachments
1225 West Washington Street
Tempe, Arizona    85281
Attention: Charla Keith

Internal Revenue Service
477 Michigan Avenue
Detroit, Michigan    48226-2597
Attn: Operations Manager, Collection

## REQUEST FOR MORE INFORMATION REGARDING FORM 668-W

Sirs:

We are in receipt of your Form 668-W regarding one Scott Darryl Reese, S.S.#: 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. *General Motors/Delphi Automotive Payroll Services* and *Delphi Energy & Chassis Systems, Saginaw Operations, 2328 East Genesee, Saginaw, Michigan, 48601*, is and are committed as a matter of policy, and civic duty, to upholding the law, and it is our sincere desire to comply with all lawful obligations to which we are subject. You assert such an obligation in your form, but we are troubled by what appear to us to be several areas in which your assertion, the statutory authority under which it is made, and the facts regarding Scott Darryl Reese do not seem to mesh well.

We have read the statute under the authority of which you claim to be acting, including the portions which you have omitted from the back of your form. The statute specifically and exclusively identifies federal workers (meaning those working directly for the federal government and those working for federally-connected entities) as entities whose unpaid compensation can be attached under the levy authority (when liability has been established): "Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia..."  In light of the basic legal principle of *"Inclusio unius est exclusio alterius", (The inclusion of one is the exclusion of another. The certain designation of one person is an absolute exclusion of all others. ... This doctrine decrees that where law expressly describes [a] particular situation to which it shall apply, an irrefutable inference must be drawn that what is omitted or excluded was intended to be omitted or excluded, Black's Law Dictionary, 6th edition)--* and the fact that Scott Darryl Reese is not a federal worker (relevant to any payments owed by this company, at least)-- we are unable to perceive how the statute applies in this case. This understanding is reinforced by the (exclusive) specification in 26 CFR 301.6331-1 (the regulatory structure by which 6331 is implemented) of three separate categories of workers, which include those identified in the statute as noted above, as well as:

*(ii) State and municipal employees. Salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, instrumentality, or political subdivision thereof, are also subject to levy to enforce collection of any Federal tax.*

*(iii) Seamen. Notwithstanding the provisions of section 12 of the Seamen's Act of 1915 (46 U.S.C. 601), wages of seamen, apprentice seamen, or fishermen employed on fishing vessels are subject to levy.*

We presume that 'State and municipal employees' and 'Seamen' refer to those of the federal States, municipalities and Territories (as defined in the relevant revenue statutes), and federally commissioned mariners, respectively; however, such details are moot. The inclusion of these specifications unambiguously contradicts any suggestion that the authority of the levy power in regard to compensation can or should be presumed as extending beyond those entities specified, for were that actually the case, subparagraphs (ii) and (iii) cited above would be superfluous and redundant. If the compensation of 'any person' actually can be, or lawfully is, reached by levy, then no further specification is needed.

Furthermore, even if we were inclined to entertain uncertainty in that regard, we are also mindful of the United States Supreme Court's instructions in **American Banana Co. v. United Fruit Co., 213 U.S. 347 (1909)** that, *"Words having universal scope, such as 'every contract in restraint of trade,' 'every person who shall monopolize,' etc., will be taken, as a matter of course, to mean only everyone subject to such legislation, not all that the legislator subsequently may be able to catch."* , and in **Gould v. Gould, 245 U.S. 151 (1917)** that, *"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."* As our obligation to Scott Darryl Reese is entirely unambiguous, we find it impossible to honor your directive without clarification.

Therefore-- in order to ensure that no one is the victim of a misunderstanding; and to protect *General Motors/Delphi Automotive Payroll Services* and *Delphi Energy & Chassis Systems, Saginaw Operations,* from the possibility of legal action against us for any of several possible criminal and civil offenses which would be attendant upon our diversion of money which is legally the property of another if done other than as strictly and unambiguously required by law -- we respectfully and in good faith ask that the following statement be executed by someone of sufficient authority in your agency and returned to us, whereupon we will promptly comply with your directive:

*General Motors/Delphi Automotive Payroll Services, Wage Attachments, 1225 West Washington Street, Tempe, Arizona, 85281,* and *Delphi Energy & Chassis Systems, Saginaw Operations, 2328 East Genesee, Saginaw, Michigan, 48601*, a private-sector, non-federally-connected state of Arizona and state of Michigan enterprise, respectively, is/are required by law to pay over to the Internal Revenue Service – upon its demand and in the absence of any court order supporting that demand – a portion of the money *General Motors/Delphi Automotive Payroll Services* and *Delphi Energy & Chassis Systems, Saginaw Operations,* owes to Scott Darryl Reese for work performed by Scott Darryl Reese on *General Motors/Delphi Automotive Payroll Services'* and *Delphi Energy & Chassis Systems'* behalf and under its direction per the terms of the agreement that exists between these parties. This is true even though the work for which this money is owed in no way involves any activities by, or any status of, Scott Darryl Reese as an officer, employee, or elected official, of the United States, the District of Columbia, a State, Territory, or Possession, or any agency or instrumentality of one or more of the foregoing, or as an officer of a corporation, or one a majority of the stock of which is owned by or on behalf of the United States, or the power to appoint or select a majority of the board of directors of which is exercisable by or on behalf of the United States. Furthermore, *General Motors/Delphi Automotive Payroll Services* and *Delphi Energy & Chassis Systems* is fully indemnified against any and all possible civil or criminal liability – to any party and under any jurisdiction – for doing so.

**As always, sign and date any and all mailings, with any badge of authority properly identifiable and acknowledgeable, and with legible and true printed name.**

**I declare under penalty of perjury that all of the foregoing is true and correct to the best of my knowledge and belief.**

_____          _____
**(Date executed)**                             **(Signature of testifying officer)**

_____
**(printed name and title of testifying officer)**

Subscribed to and sworn before me this ____ day of _____, 200__ .

_____
Notary Public, _____ County, Michigan.

My Commission Expires: _____

*General Motors/Delphi Automotive Payroll Services: Wage Attachments*, and *Delphi Energy & Chassis Systems, Saginaw Operations, 2328 East Genesee, Saginaw, Michigan, 48601*, will note the careful avoidance of any statutorily custom-defined legal terms, such as "wages", "employee", "employer", "trade or business", etc.. This care is critical to getting a meaningful answer. Any effort by the IRS to reply with such terms relevantly substituted should be recognized as an attempt to dodge the question.