COVINGTON & BURLING LLP
Foreign Trade and Special Corporate Committee
Counsel to the Debtors
620 Eighth Avenue
New York, New York  10018
Tel: (212) 841-1000
Fax: (212) 841-1010
Aaron R. Marcu (AM-6309)
Susan Power Johnston (SJ-9386)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIRD SUPPLEMENTAL DISCLOSURE DECLARATION FOR
COVINGTON & BURLING LLP PURSUANT TO BANKRUPTCY RULE 2014

Pursuant to 28 U.S.C. § 1746, Susan Power Johnston states as follows:

1.      I am an attorney at law and a member of the Bar of the State of New York.
I am of counsel to the law firm of Covington & Burling LLP ("Covington"), which maintains
offices for the practice of law at 620 Eighth Avenue, New York, New York 10018.  I am familiar
with the matters set forth herein.  In connection with Covington's role as foreign trade and
special corporate committee legal counsel to the above-captioned debtors and debtors-in-
possession (collectively, the "Debtors"), I submit this third supplemental disclosure declaration
pursuant to Rule 2014 of the Federal Bankruptcy Rules to fulfill Covington's obligation to
provide supplemental disclosures of its representation of parties in interest in this case in
unrelated matters.

2.       I am not related and, to the best of my knowledge after inquiry of
Covington's partners, counsel and associates, no other attorney of Covington is related to any

judge of the United States Bankruptcy Court for the Southern District of New York or to the United States Trustee for this District or her employees.

        3.      On February 17, 2006, the Debtors filed an Application for an Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Covington & Burling as Foreign Trade and Special Corporate Committee Legal Counsel to Debtors (Docket No. 2424) (the "Retention Application"), seeking, among other things, the employment and retention of Covington *nunc pro tunc* to October 8, 2005.

        4.      On March 9, 2006, the Court granted the Retention Application, authorizing the employment and retention of Covington as Foreign Trade and Special Corporate Committee Legal Counsel to the Debtors (Docket No. 2769) (the "Retention Order").

        5.      In the affidavit of Aaron Marcu, dated February 17, 2006, submitted in support of Covington's retention (the "Retention Affidavit"), Covington disclosed the parties in interest in this case whom Covington represented in other unrelated matters as of that date. Covington undertook to supplement that disclosure should Covington be retained by additional parties in interest after Covington's retention by the Debtors. Covington has supplemented the disclosures made in the Retention Affidavit periodically throughout the case.

        6.      The purpose of this declaration is (a) to disclose Covington's relationship with parties in interest identified by the Debtors or by Covington from publicly filed materials in the record of this case from February 1, 2007 through September 1, 2007, and (b) to supplement its initial and prior supplemental disclosure declarations (collectively the "Supplemental Disclosures") with the names of parties in interest who have retained Covington in unrelated matters from February 1, 2007 through September 1, 2007.

7.      Pursuant to Federal Rule of Bankruptcy Procedure 2014, Covington periodically reviews its client database to ensure that it is aware of, and discloses, all connections with a debtor, the debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.  As disclosed in the Retention Affidavit and the Supplemental Disclosures, no member of Covington has been, within two years from the date of the filing of the Debtors' petitions, a director, officer or employee of the Debtors or of an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14).

8.      Covington does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14), or for any other reason.  Covington will not undertake the representation of any party other than the Debtors in connection with the Debtors' chapter 11 proceedings.

9.      To the best of my knowledge and information, Covington neither holds nor represents any interest adverse to the Debtors, their creditors or other parties in interest or their respective attorneys in connection with these chapter 11 cases.  Based upon information available to me, I believe that Covington remains a "disinterested person" within the meaning of the Bankruptcy Code.

10.     Following entry of the Retention Order, Covington's conflicts staff has advised me whenever the firm has been retained by a new client who appears on the conflicts database and party index originally provided to Covington by the Debtors in November 2005 in

connection with the preparation of the Covington Retention Application.  This review is current as of September 1, 2007.

11.    In addition, Covington has conducted additional queries of its conflicts databases regarding possible relationships with, or connections to the following parties, to the extent that such parties were not included in Covington's initial and first supplemental conflicts check:  (1) all claim transferees, as of September 1, 2007, compiled from the transfer of claim notices posted on the Court's electronic docket; and (2) parties who have filed a Notice of Appearance on the Court's electronic docket as of September 1, 2007.  In this process, Covington identified approximately 62 additional parties in interest to check against its conflicts database.

12.    The conflicts check system and adverse party index maintained by Covington are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now and has been engaged and, in each instance, the identity of related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter.  It is Covington's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the computer conflicts database and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, Covington maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

13.    Attached as Exhibit A is a list of the additional parties in interest, and/or certain affiliates of such parties, that were identified after Covington's initial and supplemental

conflicts check that Covington currently represents in matters wholly unrelated to the Debtors'

chapter 11 cases.  Attached as Exhibit B is a list of the additional parties in interest, and/or

certain affiliates or subsidiaries of such parties, that Covington has represented within the past

five years in closed matters wholly unrelated to the Debtors' chapter 11 cases.

    14. None of the parties listed on Exhibit A or B accounted for more than 1%

of Covington's gross revenues during its fiscal year ended September 30, 2006.  Covington does

not yet have gross revenue information for its fiscal year ending September 30, 2007.  Covington

will continue to conduct further due diligence and research of its client databases and will file

additional supplemental declarations regarding its retention to the extent necessary.

  I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2007.

       /s/ Susan Power Johnston
       Susan Power Johnston