STATE OF MICHIGAN
**DEPARTMENT OF LABOR & ECONOMIC GROWTH**
LANSING

JENNIFER M. GRANHOLM
GOVERNOR

ROBERT W. SWANSON
DIRECTOR

# NOTICE

To Whom It May Concern:

Please find your correspondence enclosed.  We are unable to determine why the enclosed documents were sent to the Corporation Division.  It is therefore being returned.

Corporation Division
P.O. Box 30054
Lansing, MI  48909
(517) 241-6470

Enclosure

**MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH**
BUREAU OF COMMERCIAL SERVICES
CORPORATION DIVISION
P. O. Box 30054
Lansing, Michigan 48909

Mail to:

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

ONE BOWLING GREEN

NEW YORK                    NY      10004-1408

Comments:

The Department of Labor & Economic Growth will not discriminate against any individual or group because of race, sex, religion, age, national origin, color, marital

Hearing Date: September 27, 2007
Hearing Time: 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## PROPOSED TWENTY-SECOND OMNIBUS HEARING AGENDA

Location Of Hearing:        United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton Custom House, Room 610, 6th Floor, One
Bowling Green, New York, New York 10004-1408

The matters set for hearing are divided into the following categories for the purposes of this

Proposed Agenda:

    A.    Introduction

    B.    Continued Or Adjourned Matters (3 Matters)

    C.    Uncontested, Agreed, Or Settled Matters (3 Matters)

    D.    Contested Matters (4 Matters)

**B.**    **Continued Or Adjourned Matters1**

    1.    **"Marsilli Late-Filing Motion"** – Motion Of Marsilli & Co. S.P.A. For An Enlargement Of Time For Filing Proof Of Claim Pursuant To Rule 9006(b) Of The Federal Rules Of Bankruptcy Procedure (Docket No. 9113)

| | |
|---|---|
| *Responses Filed:* | *Debtors' Objection To Motion Of Marsilli & Co. S.P.A. For An Enlargement Of Time For Filing Proof Of Claim Pursuant To Rule 9006(b) Of The Federal Rules Of Bankruptcy Procedure (Docket No. 9479)* |
| *Reply Filed:* | *None.* |
| *Related Filings:* | *Declaration Of Anna Maria Cottarelli In Support Of Motion Of Marsilli & Co. S.P.A. For An Enlargement Of Time For Filing Proof Of Claim Pursuant To Rule 9006 (b) Of The Federal Rules Of Bankruptcy Procedure (Docket No. 9367)* |
| | *Declaration Of Noticing Agent Regarding Service Of Bar Date Notice On Marsilli & Co. S.P.A. (Docket No. 9606)* |

---

1    Motions found at the following docket numbers that appeared on previous Proposed Hearing Agendas have been voluntarily withdrawn from the agenda and would need to be re-noticed under the Case Management Order to be reinstated on an agenda: Docket Nos. 213, 4778, 4912, 5153, 6723, and 6690 (KECP Emergence Incentive Program, Mercedes-Benz U.S. International, Inc.'s Motion to File Claims, Methode Electronics, Inc.'s Setoff Motion, Computer Patent Annuities Limited's Motion To Assume Or Reject Executory Contract, Motion Of Sumida America Inc. To Allow Setoff/Recoupment And For Relief From Automatic Stay, and ATEL Leasing Corporation's Motion To Allow Administrative Claim respectively). In addition, the following adversary proceedings have also been withdrawn from the agenda and would be subject to re-noticing to be reinstated on a hearing agenda: NYCH LLC d/b/a RCS Computer Experience Adv. Pro. No. 06-01902, Docket No. 1 (Complaint To Recover Property Of The Estate), L&W Engineering Adv. Pro. No. 06- 01136, Docket No. 22 (Motion For Summary Judgment), Aksys Ltd. Adv. Pro. No. 06-01677, Docket No. 2 (Summons And Notice), and National Union Fire Insurance Company Of Pittsburgh, PA Adv. Pro. No. 07-01435, Docket No. 1 (Declaratory Judgment).

|  |  |
|---|---|
| *Status:* | *By agreement of the parties this matter is being adjourned to the September 28, 2007 claims hearing.* |

2. **"Arkema Late-Filing Motion"** – Arkema Inc.'s Motion For Leave To File Late Claim (Docket No. 9272)

|  |  |
|---|---|
| *Responses Filed:* | *Debtors' Objection To Arkema Inc.'s Motion For Leave To File Late Claim (Docket No. 9480)* |
| *Reply Filed:* | *None.* |
| *Related Filings:* | *Declaration Of John Lutz In Support Of Arkema Inc.'s Motion For Leave To File Late Claim (Docket No. 9554)* |
| *Status:* | *By agreement of the parties this matter is being adjourned to the September 28, 2007 claims hearing.* |

3. **"MDL And Insurance Settlement Approval Motion"** – Motion For Order Approving Multidistrict Litigation And Insurance Settlements (Docket No. 9296)

|  |  |
|---|---|
| *Responses Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filings:* | *None.* |
| *Status:* | *By agreement of the parties this matter is being adjourned to the October 3, 2007 hearing.* |

C.  **Uncontested, Agreed, Or Settled Matters**

4. **"GM Warranty Settlement Motion"** – Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 And 9019 Authorizing And Approving Entry Into And Performance Of Warranty, Settlement, And Release Agreement And Covenant Not To Sue With General Motors Corporation (Docket No. 9294)

|  |  |
|---|---|
| *Responses Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filings:* | *Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing* |

*Debtors To File Redacted Version Of Warranty Settlement Agreement (Docket No. 9267)*

*Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Redacted Version Of Warranty Settlement Agreement (Docket No. 9268)*

Status:    *The hearing with respect to this matter will be proceeding.*

5.    **"Motion To Amend Reclamation Procedures"** – Motion Under 11 U.S.C. § 105(a) And 546 And Fed. R. Bankr. P. 9019 For Order Amending And Restating Amended Final Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment Of Reclamation Claims (Docket No. 9295)

Responses Filed:    *None.*

Reply Filed:    *None.*

Related Filings:    *Amended Final Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment Of Reclamation Claims (Docket No. 881)*

Status:    *The hearing with respect to this matter will be proceeding.*

6.    **"GM License Agreement Motion"** – Expedited Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing And Approving Entry Into And Performance Of License Agreement With General Motors Global Technology Operations, Inc. And General Motors Corporation (Docket No. 9370)

Response filed:    *None.*

Reply filed:    *None.*

Related filings:    *Reservation Of Rights By The Official Committee Of Unsecured Creditors Regarding The Expedited Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing And Approving Entry Into And Performance Of License Agreement With General Motors Global Technology Operations, Inc. And General Motors Corporation (Docket No. 9563)*

*Status:*                    *The hearing with respect to this matter will be*
                             *proceeding.*

## D.    Contested Matters

7.    **"Twentieth Omnibus Claims Objection"** – Debtors' Twentieth Omnibus
Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
Certain (A) Duplicate And Amended Claims, (B) Insufficiently
Documented Claims, (C) Claims Not Reflected On Debtors' Books And
Records, (D) Untimely Claim, And (E) Claims Subject To Modification,
Tax Claims Subject To Modification, Modified Claims Asserting
Reclamation, Consensually Modified And Reduced Tort Claims, And Lift
Stay Procedures Claims Subject To Modification (Docket No. 9151)

*Response Filed:*[2]    *Response To Debtors' Twentieth Omnibus Objection
(Substantive) Pursuant To 11 U.S.C. § 502(b) And
Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And
Amended Claims, (B) Insufficiently Documented
Claims, (C) Claims Not Reflected In The Debtors'
Books And Records, (D) Untimely Claims, And (E)
Claims Subject To Modification, Modified Claims
Asserting Reclamation, Consensually Modified And
Reduced Tort Claims, And Lift Stay Procedures
Claims Subject To Modification (Docket No. 9333)*

*Response Of The State Of Michigan, Department Of
Treasury To Debtors' 20th Omnibus Objection
Pursuant To 11 U.S.C. § 502(b) And Fed. Bankr. P.
3007 To Certain (C) Claims Not Reflected On The
Debtors' Books And Records, And (E) Tax Claims
Subject To Modification (Docket No. 9337)*

*The State Of New Jersey, Division Of Taxation's
Response Of No Objection To Debtors' Twentieth
Omnibus Objection To Claims (Docket No. 9354)*

_____

Responses listed in bold were filed after the September 20, 2007 4:00 p.m. (prevailing Eastern time)
objection deadline established under the *Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. §
502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently
Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And
(E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting
Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To
Modification* (Docket No. 9151).

5

*Response Of Exxonmobil Oil Corporation To
Debtors' Twentieth Omnibus Objection To Claims
(Docket No. 9364)*

*Response Of Hewlett Packard Company To Debtors'
Twentieth Omnibus Objection To The Allowance Of
Certain Claims (Docket No. 9365)*

*Response Of Flambeau Inc. To Debtors' Twentieth
Omnibus Objection To Claims (Claim # 12212)
(Docket No. 9390)*

*Claimant's Response To Debtors' Objection To
Proofs Of Claim Filed By RLI Insurance Company
(Docket No. 9391)*

*Response Of Hewlett Packard Financial Services
Company To Debtors' Twentieth Omnibus Objection
To The Allowance Of Certain Claims (Docket No.
9401)*

*Response Of The New York State Department Of
Taxation And Finance To Debtors' Twentieth
Omnibus Objection To Certain Claims (Docket No.
9402)*

*Fujitsu Ten Corp. Of America's Response To
Debtors' Twentieth Omnibus Claims Objection
(Docket No. 9403)*

*Response Of Infineon Technologies North America
Corp. To Debtors' Twentieth Omnibus Objection
Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr.
P. 3007 To Certain (A) Duplicate And Amended
Claims, (B) Insufficiently Documented Claims, (C)
Claims Not Reflected On Debtors' Books And
Records, (D) Untimely Claims, And (E) Claims
Subject To Modification, Tax Claims Subject To
Modification, Tax Claims Subject To Modification,
Modified Claims Asserting Reclamation,
Consensually Modified And Educed Tort Claims,
And Lift Stay Procedures Claims Subject To
Modification (Docket No. 9404)*

*Response Of Siemens AG To Debtors' Twentieth
Omnibus Objection Pursuant To 11 U.S.C. § 502(b)
And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate*

*And Amended Claims, (B) Insufficiently Documented
Claims, (C) Claims Not Reflected On Debtors' Books
And Records, (D) Untimely Claims, And (E) Claims
Subject To Modification, Tax Claims Subject To
Modification, Tax Claims Subject To Modification,
Modified Claims Asserting Reclamation,
Consensually Modified And Reduced Tort Claims,
And Lift Stay Procedures Claims Subject To
Modification (Docket No. 9405)*

*Response Of Siemens Aktiengesellschaft To Debtors'
Twentieth Omnibus Objection Pursuant To 11 U.S.C.
§ 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate And Amended Claims, (B) Insufficiently
Documented Claims, (C) Claims Not Reflected On
Debtors' Books And Records, (D) Untimely Claims,
And (E) Claims Subject To Modification, Tax Claims
Subject To Modification, Tax Claims Subject To
Modification, Modified Claims Asserting
Reclamation, Consensually Modified And Reduced
Tort Claims, And Lift Stay Procedures Claims
Subject To Modification (Docket No. 9406)*

*Southwest Research Institute's Response To Debtors'
Twentieth Omnibus Objection Pursuant To 11 U.S.C.
§502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate And Amended Claims, (B) Insufficiently
Documented Claims, (C) Claims Not Reflected On
Debtors' Books And Records, (D) Untimely
Claims(Sic), And (E) Claims Subject To
Modification, Tax Claims Subject To Modification,
Modified Claims Asserting Reclamation,
Consensually Modified And Reduced Tort Claims,
And Lift Stay Procedure Claims Subject To
Modification (Docket No. 9407)*

*Response Of Motorola, Inc. To The Debtors'
Twentieth Omnibus Objection To Claims (Docket No.
9418)*

*Response And Limited Opposition Of Essex Group,
Inc. To Debtors' Twentieth Omnibus Claims
Objection (Docket No. 9419)*

*Response Of SPS Technologies, LLC A/K/A SPS
Technologies-Cleveland, NSS Technologies, Inc.
SPS Technologies Waterford Company And Greer*

*Stop Nut, Inc. To Debtors' Twentieth Omnibus
Claims Objection (Docket No. 9422)*

*Response And Objection Of Deutsche Bank
Securities Inc. To Debtors' Twentieth Omnibus
Objection Pursuant To 11 U.S.C. § 502(b) And Fed.
R. Bankr. P. 3007 To Certain (A) Duplicative And
Amended Claims, (B) Insufficiently Documented
Claims, (C) Claims Not Reflected On Debtors' Books
And Records, (D) Untimely Claims, And (E) Claims
Subject To Modification, Tax Claims Subject To
Modification, Modified Claims Asserting
Reclamation, Consensually Modified And Reduced
Tort Claims, And Lift Stay Procedures Claims
Subject To Modification (Docket No. 9424)*

*Response Of Guide Corporation To Debtors'
Twentieth Omnibus Objection Pursuant To 11 U.S.C.
§ 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate And Amended Claims, (B) Insufficiently
Documented Claims, (C) Claims Not Reflected On
Debtors' Books And Records, (D) Untimely Claim
[Sic], And (E) Claims Subject To Modification, Tax
Claims Subject To Modification, Modified Claims
Asserting Reclamation, Consensually Modified And
Reduced Tort Claims, And Lift Stay Procedures
Claims Subject To Modification (Docket No. 9426)*

*Response Of Contrarian Funds, LLC To Debtors'
Twentieth Omnibus Claims Objection (Docket No.
9444)*

*Response Of FCI USA, Inc. And Affiliates To
Debtors' Twentieth Omnibus Objection To Claims
(Claim Nos. 14125, 14126, 14127, 14128, 14129,
14130 And 14042) (Docket No. 9446)*

*Response Of United Telephone Company Of Ohio To
Debtors' Twentieth Omnibus Objection To Claims
(Docket No. 9447)*

*Response Of GE Consumer & Industrial F/K/A GE
Lighting To Debtors' Twentieth Omnibus Claims
Objection (Docket No. 9448)*

*Response And Objection Of TT Electronics OPTEK
Technology Corporation To Debtors' Twentieth*

*Omnibus Claims Objection Regarding Claim No.
9037 (Docket No. 9449)*

*Response And Objection Of AB Automotive
Electronics Ltd. To Debtors' Twentieth Omnibus
Claims Objection Regarding Claim No. 9120
(Docket No. 9450)*

*Response Of Federal-Mogul Corporation To
Debtors' Twentieth Omnibus Objection To Claims
(Claim No. 1111) (Docket No. 9453)*

*Response Of Energy Conversion Systems To
Debtors' Twentieth Omnibus Objection To Claims
(Docket No. 9454)*

*Response Of United Plastics Group, As Claimant To
Debtors' Twentieth Omnibus Objection Pursuant To
11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
Certain (A) Duplicate And Amended Claims, (B)
Insufficiently Documented Claims, (C) Claims Not
Reflected On Debtors' Books And Records, (D)
Untimely Claims, And (E) Claims Subject To
Modification, Tax Claims Subject To Modification,
Modified Claims Asserting Reclamation,
Consensually Modified And Reduced Tort Claims,
And Lift Stay Procedures Claims Subject To
Modification (Docket No. 9459)*

*Response Of Cingular Wireless N/K/A AT&T
Mobility LLC To Debtors' Twentieth Omnibus
Objection (Substantive) Pursuant To 11 U.S.C. §
502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate And Amended Claims, (B) Insufficiently
Documented Claims, (C) Claims Not Reflected On
Debtors' Books And Records, (D) Untimely Claim,
And (E) Claims Subject To Modification, Tax Claims
Subject To Modification, Modified Claims Asserting
Reclamation, Consensually Modified And Reduced
Tort Claims, And Lift Stay Procedures Claims
Subject To Modification (Docket No. 9460)*

*Response Of Texas Instruments Incorporated To
Debtors' Twentieth Omnibus Claims Objection
(Docket No. 9465)*

*Ohio Department Of Taxation's Response To Debtors' Twentieth Omnibus Objection To Claims (Docket No. 9468)*

*Response Of Hitachi Chemical (Singapore) Pte. Ltd. To Twentieth Omnibus Objection To Claims (Docket No. 9478)*

*Response Of General Electric Capital Corporation To The Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(c) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification ("Twentieth Omnibus Claim Objection") (Docket No. 9481)*

*Riverside Claims, LLC's Response To Debtors' Twentieth Omnibus Claims Objection (Docket No. 9484)*

*Ai-Shreveport, LLC's Objection To Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims And Lift Stay Procedures Claims Subject To Modification (Docket No. 9485)*

*Android Industries, LLC's Objection To Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced*

*Tort Claims And Lift Stay Procedures Claims Subject To Modification (Docket No. 9486)*

*Deco Automotive, A Division Of Magna International, Inc.' Objection To Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims And Lift Stay Procedures Claims Subject To Modification (Docket No. 9487)*

*Response Of Victory Packaging L.P. To Debtors' Twentieth Omnibus Objection To Claims (Docket No. 9531)*

***Response Of The TAI Unsecured Creditors Liquidating Trust To The Debtors' Twentieth Omnibus Claims Objection (Docket No. 9559)***

***Response Of Verizon North Inc. To Debtors' Twentieth Omnibus Claims Objection (Docket No. 9561)***

|                      |                                                                                                                                                                                                                                   |
| -------------------- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| *Reply Filed:*       | *Debtors' Supplemental Reply In Support Of Debtors' Omnibus Objections Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Untimely Claims (Docket No. 9543)*                                                      |
| *Related Filings:*   | *None.*                                                                                                                                                                                                                            |
| *Status:*            | *The hearing will proceed with respect to claims for which no responses have been filed. The hearing will be adjourned with respect to all other responses to future claims hearing dates in accordance with this Court's Order Pursuant To 11 U.S.C.§ 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089).* |

8.    **"Claims Estimation Motion"** – Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9297)

*Responses Filed:[3]*        *Universal Tool & Engineering Co., Inc.'s Objection To Claims Estimation Motion And Submission Of Counterproposals (Claim Nos. 2174, 2175 And 6878) (Docket No. 9417)*

*ARC Automotive, Inc.'s Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9423)*

*Limited Objection Of Cadence Innovation LLC To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9425)*

*Objection And Counterproposal Of Lightsource Parent Corporation To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9427)*

*Statement Of The Official Committee Of Unsecured Creditors In Response To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9442)*

*Objection And Counterproposal Of Longacre Master Fund Ltd. To Debtors' Proposed Estimation Of Proof Of Claim No. 16395 In Debtors' Motion*

---

[3]    Responses listed in bold were filed after the September 20, 2007 4:00 p.m. (prevailing Eastern time) objection deadline established under the *Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures* (Docket No. 9297).

*For Order Pursuant To 11 U.S.C. §§ 105(a) And
502(c) (A) Estimating And Setting Maximum Cap On
Certain Contingent Or Unliquidated Claims And (B)
Approving Expedited Claims Estimation Procedures
(Docket No. 9451)*

*Objection And Counterproposal Of Longacre
Master Fund Ltd. To Debtors' Proposed Estimation
Of Proof Of Claim No. 16395 In Debtors' Motion
For Order Pursuant To 11 U.S.C. §§ 105(a) And
502(c) (A) Estimating And Setting Maximum Cap On
Certain Contingent Or Unliquidated Claims And (B)
Approving Expedited Claims Estimation Procedures
(Docket No. 9452)*

*Objection Of Texas Instruments Incorporated To
Debtors' Motion For Order Pursuant To 11 U.S.C.
§§ 105(a) And 502(c) (A) Estimating And Setting
Maximum Cap On Certain Contingent Or
Unliquidated Claims And (B) Approving Expedited
Claims Estimation Procedures (Docket No. 9466)*

*Objection By Technology Properties, Ltd. To Motion
By Debtor For Order Estimating And Setting
Maximum Cap On Certain Contingent Or
Unliquidated Claims And Approving Expedited
Claims Estimation Procedures (Docket No. 9472)*

*Objection And Counterproposal Of Comerica
Leasing Corporation To Debtors' Motion For Order
Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A)
Estimating And Setting Maximum Cap On Certain
Contingent Or Unliquidated Claims And (B)
Approving Expedited Claims Estimation Procedures
(Docket No. 9476)*

*Limited Objection And Counterproposal Of
Claimant Bank Of America, N.A. To Debtors' Motion
For Order Pursuant To 11 U.S.C. §§ 105(a) And
502(c) (A) Estimating And Setting Maximum Cap On
Certain Contingent Or Unliquidated Claims And (B)
Approving Expedited Claims Estimation Procedures
(Docket No. 9477)*

*Kilroy Realty, L.P.'S (I) Response To The Debtors'
Motion For Order Pursuant To 11 U.S.C. §§ 105(a)
And 502(c) (A) Estimating And Setting Maximum*

*Cap On Certain Contingent Or Unliquidated Claims
And (B) Approving Expedited Claims Estimation
Procedures; And (II) Counterproposal For
Maximum Capped Amount Of Its Claims (Docket No.
9521)*

*Johnson Controls, Inc.'s Objection And
Counterproposal For Maximum Capped Amount Of
Claim No. 15523 (Docket No. 9523)*

*Johnson Controls, Inc.'s Objection And
Counterproposal For Maximum Capped Amount Of
Claim No. 15524 (Docket No. 9524)*

*Johnson Controls, Inc.'s Objection And
Counterproposal For Maximum Capped Amount Of
Claim No. 15532 (Docket No. 9525)*

*Response By TK Holdings, Inc. To Motion For Order
Pursuant To 11 U.S.C. §§105(a) And 502(c) (A)
Estimating And Setting Maximum Cap On Certain
Contingent Or Unliquidated Claims And (B)
Approving Expedited Claims Estimation Procedures
(Docket No. 9532)*

*Response By Takata Corporation To Motion For
Order Pursuant To 11 U.S.C. §§105(a) And 502(c)
(A) Estimating And Setting Maximum Cap On
Certain Contingent Or Unliquidated Claims And (B)
Approving Expedited Claims Estimation Procedures
(Docket No. 9533)*

*Response By TK Holdings Inc., Automotive Systems
Laboratory, Inc. And Takata Seat Belts Inc. To
Motion For Order Pursuant To 11 U.S.C. §§105(a)
And 502(c) (A) Estimating And Setting Maximum
Cap On Certain Contingent Or Unliquidated Claims
And (B) Approving Expedited Claims Estimation
Procedures (Docket No. 9534)*

*Counterproposal Of AIG Member Companies To
Debtors' Proposed Maximum Cap On Claims
(Docket No. 9560)*

**Johnson Controls, Inc.'s Objection And
Reservation Of Rights Relating To Debtors' Motion
For Order Pursuant To 11 U.S.C. §§ 105(a) And**

*502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15525 (Docket No. 9564)*

*Johnson Controls, Inc.'s Objection And Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15526 (Docket No. 9565)*

*Johnson Controls Battery Group, Inc.'s Objection And Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15514 (Docket No. 9566)*

*Johnson Controls Battery Group, Inc.'s Objection And Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15513 (Docket No. 9567)*

*Johnson Controls Battery Group, Inc.'s Objection And Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15515 (Docket No. 9568)*

*Johnson Controls Technology Company's Objection And Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or*

*Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15520 (Docket No. 9569)*

*Johnson Controls Technology Company's Objection And Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15521 (Docket No. 9570)*

*Johnson Controls Technology Company's Objection And Reservation Of Rights Relating To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures With Respect To Claim Number 15519 (Docket No. 9571)*

| | |
|---|---|
| *Reply Filed:* | *An omnibus reply will be filed.* |
| *Related Filings:* | *Notice Of Withdrawal Of Kilroy Realty, L.P.'s (I) Response To The Debtors' Motion For Order Pursuant To 11 U.S.C. §§105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures; And (II) Counterproposal For Maximum Capped Amount Of Its Claims (Docket No. 9609)* |
| *Status:* | *The hearing will proceed with respect to (a) claims for which no objections have been filed, (b) claims for which objections have been filed with respect to the Debtors' proposed estimation procedures and which have not been resolved (Technology Properties, Ltd. (Docket No. 9472), Bank of America, N.A. (Docket No. 9477)), and (c) claims for which objections have been filed with respect to the Debtors' proposed estimation procedures and which have been resolved through modification to the proposed Order Pursuant To 11 U.S.C. §§ 105(a) and 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent And Unliquidated Claims And (b) Approving Expedited Claims* |

*Estimation Procedures. The hearing with respect to all other claims for which objections have been filed with respect to the Debtors' proposed maximum capped amount will be adjourned to a future claims hearing date. Joint stipulations and agreed orders will be submitted for consideration by the Court with respect to the claims of Orix Warren, LLC, Metaldyne Machining Corporation and Metaldyne Machining And Assembly Company Inc., Robert Bosch LLC f/k/a Robert Bosch Corporation, Kilroy Realty, L.P., ACE American Insurance Company, Pacific Employers Insurance Company, and Illinois Union Insurance Company.*

9.    **"KECP Third Supplement"** – Third Supplement To KECP Motion (Docket No. 213) Seeking Authority To Continue Short Term At-Risk Performance Payment Program ("AIP") For Second Half Of 2007 (Docket No. 9298)

*Response Filed:[4]*        *Objection Of UAW To Debtors' Third Supplement To KECP Motion [Docket No. 9298] Seeking Authority To Continue Annual Incentive Plan For Second Half Of 2007 (Docket No. 9445)*

*Objection By IUE-CWA To Third Supplemental KECP Motion (Docket No. 9467)*

*Objections Of USW To Debtors' Third Supplement To KECP Motion Seeking Authority To Continue AIP For Second Half Of 2007 (Docket No. 9490)*

*Objections Of USW To Debtors' Third Supplement To KECP Motion Seeking Authority To Continue AIP For Second Half Of 2007 (Correction) (Docket No. 9494)*

***Objections And Memorandum Of Law In Support Of Objections Of IUOE Locals 18s, 101s, 832s And IBEW Local 663, IAM District 10 To Debtors' Third Supplement To KECP Motion Seeking Authority To Continue Annual Incentive Plan For Second Half Of 2007 (Docket No. 9519)***

---

4    Responses listed in bold were filed after the September 20, 2007 4:00 p.m. (prevailing eastern time) objection deadline established under the *Third Supplement To KECP Motion (Docket No. 213) Seeking Authority To Continue Short Term At-Risk Performance Payment Program ("AIP") For Second Half Of 2007* (Docket No. 9298).

*Reply Filed:*            *An omnibus reply will be filed.*

*Related Filings:*        *Motion For Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Implement A Key Employee Compensation Program (Docket No. 213) ("KECP Motion")*

*Objection To KECP Motion By Wilmington Trust Company, As Indenture Trustee (Docket No. 1133)*

*Objection To KECP Motion By USW (Docket No. 1134)*

*Objection To KECP Motion By UAW (Docket No. 1135)*

*Objection To KECP Motion By Pension Benefit Guaranty Corporation (Docket No. 1141)*

*Objection To KECP Motion By IBEW and IAM (Docket No. 1156)*

*Limited Objection To KECP Motion By Prepetition Agent (Docket No. 1157)*

*Objection To KECP Motion By IUOE (Docket No. 1159)*

*Objection To KECP Motion By Securities Class Action Lead Plaintiffs (Docket No. 1161)*

*Objection To KECP Motion By IUE-CWA (Docket No. 1164)*

*Objection To KECP Motion By United States Trustee (Docket No. 1288)*

*Debtors' Omnibus Response To Objections To Their Motion For Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Implement A Key Employee Compensation Program (Docket No. 2210)*

*Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Implement A Short-Term Annual Incentive Program (Docket No. 2441)*

*Supplement To KECP Motion (Docket No. 213)
Seeking Authority To: (A) Fix Second Half 2006 AIP
Targets And Continue AIP Program And (B) Further
Adjourn KECP Emergence Incentive Program
Hearing (Docket No. 4419)*

*Objection To Supplement By IUE-CWA (Docket No.
4524)*

*Objection To Supplement By USW (Docket No.
4526)*

*Response To Supplement By Securities Class Action
Lead Plaintiffs (Docket No. 4528)*

*Objection To Supplement By IBEW, IAM, and IUOE
(Docket Nos. 4529-4531)*

*Objection To Supplement By UAW (Docket No.
4556)*

*Debtors Omnibus Response To Objections To
Supplement To KECP Motion (Docket No. 213)
Seeking Authority To: (A) Fix Second Half 2006 AIP
Targets And Continue AIP Programs And (B)
Further Adjourn KECP Emergence Incentive
Program Hearing (Docket No. 4586)*

*Order Under 11 U.S.C. §§ 105 And 363 Authorizing
The Debtors To: (A) Fix Second Half 2006 AIP
Targets And Continue AIP Program And (B) Further
Adjourn KECP Emergence Incentive Program
Hearing (Docket No. 4660)*

*Second Supplement To KECP Motion (Docket No.
213) Seeking Authority To Continue AIP For First
Half Of 2007 (Docket No. 7200)*

*Objections And Memorandum Of Law In Support Of
Objections Of IBEW Local 663, IAM District 10 And
IUOE Locals 18S And 832S To Second Supplement
To KECP Motion Seeking Authority To Continue
AIP For First Half Of 2007 (Docket No. 7324)*

*Objection Of UAW To Debtors' Second Supplement
To KECP Motion [Docket No. 7200] Seeking
Authority To Continue AIP For First Half Of 2007
(Docket No. 7325)*

19

*Objections Of USW To Debtors' Second Supplement To KECP Motion Seeking Authority To Continue AIP For First Half Of 2007 (Docket No. 7327)*

*Objection By IUE-CWA To Second Supplemental KECP Motion (Docket No. 7335)*

*Second Supplemental Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Continue AIP For First Half 2007 (Docket No. 7474)*

Status:            *The hearing with respect to this matter will be proceeding.*

10.    **"Saginaw Chassis Asset Sale Motion"** – Expedited Motion For Orders Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002, 6004, And 9014 (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date And (B) Authorizing And Approving Sale By Delphi Automotive Systems LLC And Delphi Technologies, Inc. Of Certain Equipment And Other Assets Primarily Used In Debtors' Saginaw Chassis Business Free And Clear Of Liens (Docket No. 9368)

Response filed:        *Limited Objection Of International Union, UAW To Expedited Motion For Orders (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date And (B) Authorizing And Approving Sale Of Certain Equipment And Other Assets Primarily Used In Debtors' Saginaw Chassis Business Free And Clear Of Liens (Docket No. 9584)*

Reply filed:            *A reply will be filed.*

Related filings:        *None.*

Status:            *The hearing with respect to this matter will be proceeding.*

Dated:  New York, New York
           September 26, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
       Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,

Debtors and Debtors-in-Possession
Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' SUMMARY OF MODIFICATIONS TO BIDDING PROCEDURES ORDER IN
CONNECTION WITH SALE OF THE DEBTORS' SAGINAW CHASSIS ASSETS
RESOLVING REPLY TO OBJECTION OF INTERNATIONAL UNION, UAW TO
EXPEDITED MOTION FOR ORDERS (A) (I) APPROVING BIDDING PROCEDURES, (II)
GRANTING CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND MANNER OF
SALE NOTICES, AND (IV) SETTING SALE HEARING DATE AND (B) AUTHORIZING
AND APPROVING SALE OF CERTAIN EQUIPMENT AND OTHER ASSETS PRIMARILY
USED IN DEBTORS' SAGINAW CHASSIS BUSINESS FREE AND CLEAR OF LIENS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit this reply (the "Reply") in support of the Debtors' expedited motion (the "Motion") for orders pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 (i) approving the bidding procedures (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities")[1] primarily used and located at DAS LLC's chassis facility in Saginaw, Michigan (the "Acquired Assets").[2] This Reply summarizes the resolution of the limited objection filed by the UAW and articulates the agreed upon changes to the proposed bidding procedures order.

   1.  By the Motion, the Selling Debtor Entities seek this Court's approval of the Bidding Procedures in connection with the sale of the Acquired Assets and the Canadian Assets. The Motion states that at the omnibus hearing to be held on September 27, 2007, the Selling Debtor Entities will seek entry of an order substantially in the form attached to the Motion (the "Bidding Procedures Order") approving the Bidding Procedures, Notice Procedures, and certain bid protections to be provided to TRW Integrated Chassis Systems LLC (the

---

[1] The Selling Debtor Entities and Delphi Canada, Inc., a non-Debtor affiliate, shall be collectively referred to as the "Sellers."

[2] In addition to the assets located at the chassis facility located in Saginaw, Michigan, the Selling Debtor Entities are also selling assets located at facilities in Spring Hill, Tennessee, Dayton, Ohio, and Saltillo, Mexico. Delphi Canada, Inc. ("Delphi Canada"), a non-Debtor affiliate, is also selling assets located at a facility in Oshawa, Ontario, Canada (the "Canadian Assets"). The Canadian Assets are being sold as part of the competitive bidding process described in the Motion.

"Purchaser") pursuant to the Asset Purchase Agreement dated September 17, 2007 by and among the Selling Debtor Entities and the Purchaser (the "Agreement").

      2.    On September 24, 2007, the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (the "UAW") requested that the Selling Debtor Entities clarify certain issues related to the sale process and modify certain provisions of the Bidding Procedures.[3] In response, the Selling Debtor Entities confirmed the following facts and agreed to make the following accommodations to the UAW:

    (a)    The Selling Debtor Entities would provide the UAW notice of receipt all competing bids (but not the actual bids), including bidder contact information;

    (b)    The Selling Debtor Entities would permit the UAW to attend the auction;

    (c)    The Selling Debtor Entities confirmed that as part of the ordinary diligence process, they would provide copies of the applicable UAW collective bargaining agreements to the potential bidders; and

    (d)    The Selling Debtor Entities would keep the UAW informally apprised of information relevant to the UAW as the Selling Debtor Entities work through the process of selecting a successful bid under the Bidding Procedures.

      3.    As a result of these discussions with the UAW, the Selling Debtor Entities have revised the Bidding Procedures and the proposed bidding procedures order (the "Revised Bidding Procedures Order") to address the agreements reached with the UAW. A copy of the revised Bidding Procedures (the "Revised Bidding Procedures") is attached as Exhibit 1 to the Revised Bidding Procedures Order, the form of which is attached hereto as Exhibit A.

---

[3]    At the UAW's request, the Debtors agreed to extend the objection deadline for the UAW as it related to the hearing on the Bidding Procedures Order from 4:00 p.m. (prevailing Eastern time) on September 24, 2007 to 12:00 p.m. (prevailing Eastern time) on September 25, 2007.

4.      The accommodations referred to in paragraph 2 above are reflected as follows: First, in the section of the Revised Bidding Procedures entitled "Bid Deadline," the Selling Debtor Entities added language to inform bidders that they would provide the UAW with notice of all Qualified Bidders and their contact information. Second, in the section entitled "Auction," the Selling Debtor Entities added "any representative of the UAW" as a party that may attend the auction.

5.      Despite these modifications and clarifications two issues separated the Selling Debtor Entities and the UAW, and therefore, on September 25, 2007, the UAW filed its limited objection to the Motion as it relates to the Bidding Procedures Order (Docket No. 9584) (the "Limited Objection"). First, the UAW requests that the Selling Debtor Entities add language to the Bidding Procedures, which suggests that the UAW has not confirmed its acceptance of certain terms of the Agreement. The Selling Debtor Entities were opposed to this request because, under the applicable collective bargaining agreements, they are not required to obtain such a confirmation from the UAW. Subsequent to the filing of the Limited Objection, the Selling Debtor Entities and the UAW continued discussions to resolve this objection, and the parties have agreed on language that the Selling Debtor Entities have now added to the Revised Bidding Procedures. In the "Bid Requirements" section of the Revised Bidding Procedures, the Selling Debtor Entities included a statement that "[S]ections 4.2.E(i)-(vii) and 4.2.H of the Agreement are intended to effect assumption of the Collective Bargaining Agreements and, to the extent subject to assumption, these issues remain subject to the parties' rights and obligations related to bargaining with the UAW." The inclusion of this statement in the Revised Bidding Procedures resolves the UAW's first objection.

6.    Second, the UAW requested copies of all qualified bids prior to the sale

hearing's objection deadline, which the Selling Debtor Entities currently propose to be October

18, 2007 (the "Objection Deadline").  The Selling Debtor Entities were opposed to this request

because, among other things, it provides the UAW with rights that they are otherwise not entitled

to and introduced an element that could possibly prolong the Selling Debtor Entities' ability to

market these assets and maximize value.

7.    The Selling Debtor Entities and the UAW continued discussions to resolve

this objection, and the parties have agreed on language resolving this objection.  Specifically, the

Selling Debtor Entities have now added the following to the Revised Bidding Procedures and the

Revised Bidding Procedures Order:  First, in paragraph (b) of the section entitled "Auction" in

the Revised Bidding Procedures, the Selling Debtor Entities added the UAW as a party that

would receive, at least one business day prior to the auction, copies of the Qualified Bid that the

Sellers believe is the highest or otherwise best offer going into the auction.  Second, the Selling

Debtor Entities have agreed to propose to this Court a supplemental objection deadline of

October 24, 2007 at 9:00 a.m. (prevailing Eastern time) (the "Supplemental Objection Deadline").

The Supplemental Objection Deadline would apply solely to objections related to (i) the conduct

of the auction or (ii) the Selling Debtor Entities' selection of a successful bidder other than the

Purchaser.  See Exhibit A, ¶ 4.

8.    These changes to the Revised Bidding Procedures Order and Revised

Bidding Procedures fully resolve all issues in the Limited Objection.  Thus, to the extent that the

UAW has not otherwise withdrawn the Limited Objection, it should be overruled.[4]

---

[4]    On September 25, 2007, the Debtors also received Joe G. Tedder's Pro Se Objection To Debtor's (sic) Sale Of
Certain Equipment And Other Assets Free And Clear Of Liens (not docketed) (the "Tedder Objection").  The
Tedder Objection relates solely to the relief that the Selling Debtor Entities will seek at the sale hearing.

*(cont'd)*

WHEREFORE the Debtors respectfully request that the Court enter an order (i) granting the Motion as it relates to the relief requested in the Revised Bidding Procedures Order, (ii) overruling the Limited Objection, and (iii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      September 26, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

–and –

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

---

(cont'd from previous page)
    Although the Selling Debtor Entities believe that the Tedder Objection has nothing to do with the assets being sold under the Agreement, and thus should be overruled, to the extent such objection is not withdrawn, the Selling Debtor Entities would address the Tedder Objection in a response to be filed, if warranted, prior to the sale hearing.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x

     In re               :     Chapter 11

                               :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)

                               :

            Debtors.    :     (Jointly Administered)

                               :

------------------------------ x

## ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND 9014 (I) APPROVING BIDDING PROCEDURES, (II) GRANTING CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND MANNER OF SALE NOTICES, AND (IV) SETTING SALE HEARING DATE IN CONNECTION WITH SALE OF SAGINAW CHASSIS EQUIPMENT AND OTHER ASSETS

### ("SAGINAW CHASSIS ASSET BIDDING PROCEDURES ORDER")

Upon the expedited motion, dated September 17, 2007 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

orders pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 (i)

approving the bidding procedures set forth herein and attached hereto as Exhibit 1 (the

"Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and

manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") in

connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems

LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling

Debtor Entities")[1]     primarily used and located at DAS LLC's chassis facility in Saginaw,

---

[1]    The Selling Debtor Entities and Delphi Canada, Inc., a non-Debtor affiliate, shall be collectively
referred to as the "Sellers."

Michigan (the "Saginaw Chassis Business") and in other locations in North America,

including the manufacturing equipment, test and development equipment, inventory,

assigned permits, and other personal property to TRW Integrated Chassis Systems LLC

(the "Purchaser") pursuant to the Asset Purchase Agreement, dated September 17, 2007

(the "Agreement"), by and between the Selling Debtor Entities and the Purchaser or to

the party submitting the highest or otherwise best bid (the "Successful Bidder"); and

upon the record of the Hearing on the Motion; and after due deliberation thereon, and

sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      The Court has jurisdiction over this matter and over the property of

the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and

1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N),

and (O).

C.      The relief requested in the Motion is in the best interests of the

Selling Debtor Entities, their estates, their stakeholders, and other parties-in-interest.

---

[2]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2......DeltaView comparison of pcdocs://nycsr06a/623222/10 and pcdocs://nycsr06a/623222/11. Performed on 9/26/2007.

D.    The notice given by the Selling Debtor Entities of the Motion and the Hearing constitutes due and sufficient notice thereof.

E.    The Selling Debtor Entities have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement and in this order, (iii) approve the manner of notice of the Motion and the Sale Hearing, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to stakeholders and other parties-in-interest, including prospective bidders, and (v) set the Sale Hearing.

F.    The Selling Debtor Entities' payment to the Purchaser (as set forth in the Agreement) of the Break-Up Fee[3] (i) is an actual and necessary cost and expense of preserving their estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of substantial benefit to their estates, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchaser notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) was negotiated by the parties at arm's length and in good faith, and (v) is necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Acquired Assets. The Break-Up Fee was a material inducement for, and condition of, the Purchaser's entry into the Agreement. The Purchaser is unwilling to commit to hold open its offer to purchase the Acquired Assets under the terms of the Agreement unless it is assured of payment of the Break-Up Fee. Thus, assurance to the Purchaser of payment of the Break-Up Fee has promoted more competitive bidding by inducing the Purchaser to hold its bid open. Without the Break-Up Fee, other bidding would have been limited. Further, because the Break-Up Fee induced the Purchaser to submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Purchaser has provided a benefit to the Selling Debtor Entities' estates by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth. Finally, absent authorization of the Break-Up Fee, the Debtors may lose the opportunity to obtain the highest or otherwise best available offer for the Acquired Assets.

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

4........DeltaView comparison of pcdocs://nycsr06a/623222/10 and pcdocs://nycsr06a/623222/11. Performed on 9/26/2007.

G.    The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets and certain assets located at a facility in Oshawa, Ontario, Canada (the "Canadian Assets").

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

## Bidding Procedures

1.    The Bidding Procedures, as set forth on Exhibit 1 attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Acquired Assets and the Canadian Assets.

2.    The Sellers may: (a) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of any official committee or significant constituency in connection with the Bidding Procedures, and (c) reject at any time, before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in the Sellers' sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Selling Debtor Entities, their estates, and their stakeholders.  The Sellers are authorized (x) to terminate the Bidding Process or the Auction at any time if they determine, in their business judgment, that the Bidding Process will not maximize the value of the Acquired Assets to be realized by the Selling Debtor Entities' estates and (y) seek Bankruptcy Court approval of the Agreement with Purchaser.

## Sale Hearing

5......DeltaView comparison of pcdocs://nycsr06a/623222/10 and pcdocs://nycsr06a/623222/11. Performed on 9/26/2007.

3.      The Court shall hold a Sale Hearing on October 25, 2007 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the sale aspect of the Motion, approve the Successful Bidder, and confirm the results of the Auction, if any.  Objections to the Motion, if any, shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on October 18, 2007 (the "Objection Deadline").

4.      Objections related solely to either the conduct of the Auction or the selection of a Successful Bidder other than the Purchaser, if any, shall be filed and served so as to be received no later than 9:00 a.m. (prevailing Eastern time) on October 24, 2007 (the "Supplemental Objection Deadline") by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan, 48098, Attention: Karen J. Craft, Managing Restructuring Counsel; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: Ron E. Meisler and Brian M. Fern; (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg and Mark A. Broude, (iv) the Creditors' Committee's financial advisor, Mesirow Financial Consulting LLC, 666 Third Avenue, 21st Floor, New York, New York 10017, Attention: Ben Pickering; and (v) counsel for the Debtors' postpetition credit facility, Davis, Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attention: Donald Bernstein and Brian Resnick.

5.      4. The failure of any objecting person or entity to timely file its objection by the Objection Deadline or the Supplemental Objection Deadline (if

applicable) shall be a bar to the assertion, at the Sale Hearing or thereafter, of any

objection to the Motion, the Sale, the Auction, or the Selling Debtor Entities'

consummation and performance of the Agreement (including the transfer of the Acquired

Assets free and clear of liens), if authorized by the Court.

      6.   5. The Sale Hearing may be adjourned by the Debtors from time to

time without further notice to creditors or parties-in-interest other than by announcement

of the adjournment in open court or on the Court's calendar on the date scheduled for the

Sale Hearing or any adjourned date.

### Break-Up Fee

      7.   6. The Break-Up Fee, as more fully described in the Motion and the

Agreement, is hereby approved. The Selling Debtor Entities shall be authorized to pay

the Break-Up Fee to the Purchaser in accordance with the terms of the Agreement

without further order of the Court.

### Notice

      8.   7. Notice of the Motion and the Sale Hearing shall be good and

sufficient, and no other or further notice shall be required, if given as follows:

      (a)   Notice Of Sale Hearing. Within five days after entry of this
order (the "Mailing Date"), the Selling Debtor Entities (or their agent) shall serve the
Motion, the Agreement, the proposed Sale Approval Order, the Bidding Procedures, and
a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all
entities known to have expressed an interest in a transaction with respect to the Acquired
Assets during the past six months, (ii) all entities known to have asserted any lien in or
upon the Acquired Assets, (iii) all federal, state, and local regulatory or taxing authorities
or recording offices which have a reasonably known interest in the relief requested by the
Motion, (iv) the United States Attorney's office, (v) the United States Department of
Justice, (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service,
(viii) all entities which filed a notice of appearance or request for notice in these cases,

and (ix) counsel to the official committee of unsecured creditors and the official committee of equity security holders appointed in these cases.

        (b)   <u>Publication Notice</u>.  On or before the Mailing Date, or as soon thereafter as is practicable, the Debtors shall cause notice substantially in the form of the notice attached hereto as <u>Exhibit 2</u> to be published in the <u>Wall Street Journal</u> (International Edition), the <u>New York Times</u>, the <u>Saginaw News</u>, and the <u>Bay City Times</u>.

    <u>9.</u>   8.This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this order.

    <u>10.</u>   9.

The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service

and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          September __, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

## DELPHI AUTOMOTIVE SYSTEMS LLC AND DELPHI TECHNOLOGIES, INC.
## SAGINAW CHASSIS ASSET BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of a significant portion of the assets primarily used and located in the chassis facility in Saginaw, Michigan[1] (the "Saginaw Chassis Business") of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities"). On September 17, 2007, the Selling Debtor Entities executed that certain Asset Purchase Agreement (the "Agreement") with TRW Integrated Chassis Systems LLC (the "Purchaser"). Delphi Canada, Inc., a non-Debtor affiliate ("Delphi Canada" and together with the Selling Debtor Entities, the "Sellers"), is also selling certain manufacturing equipment and other personal property located at a facility in Oshawa, Ontario, Canada (the "Canadian Assets") pursuant to an Asset Purchase Agreement dated September 17, 2007 by and between Delphi Canada and the Purchaser (the "Canadian Agreement"), which is an agreement ancillary to the Agreement. The transactions contemplated by the Agreement and the Canadian Agreement are subject to competitive bidding as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and certain other closing conditions.

On September 17, 2007, the Selling Debtor Entities and certain of their affiliates (collectively, the "Debtors") filed a Motion For Orders Under 11 U.S.C. §363 And Fed. R. Bankr. P. 2002, 6004, And 9014 (a) (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting Sale Hearing Date And (b) Authorizing And Approving Sale by Delphi Automotive System LLC and Delphi Technologies, Inc. Of Certain Equipment And Other Assets Primarily Used In The Debtors' Saginaw Chassis Business Free And Clear Of Liens (the "Sale Motion"). On September __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In Connection With Sale Of Saginaw Chassis Equipment And Other Assets (the "Bidding Procedures Order"). The Bidding Procedures Order set October 25, 2007 as the date when the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to authorize the Selling Debtor Entities to enter into and perform under the Agreement. All capitalized terms used but not otherwise defined in these Bidding Procedures have the meanings ascribed to them in the Agreement.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bidders and bids become Qualified, the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof (collectively, the "Bidding Process"). The Selling Debtor Entities intend to consult with, among others, the official committee of unsecured creditors (the "Creditors' Committee") throughout the Bidding Process.

---

[1]    In addition to the assets located at the chassis facility located in Saginaw, Michigan, the Sellers are also selling assets located at facilities in Spring Hill, Tennessee, Dayton, Ohio, and Saltillo, Mexico.

1........DeltaView comparison of pcdocs://nycsr06a/623660/11 and pcdocs://nycsr06a/623660/12. Performed on 9/26/2007.

In the event that the Selling Debtor Entities and any other party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

## Assets To Be Sold

The assets proposed to be sold include substantially all of the assets primarily used in the Saginaw Chassis Business, including manufacturing equipment, test and development equipment, inventory, assigned permits and other personal property of the Selling Debtor Entities (the "Acquired Assets"), and the Canadian Assets.

## Free Of Any And All Liens

Except to the extent otherwise set forth in the Agreement or the relevant purchase agreement of a Successful Bidder, as applicable, all of the Sellers' right, title, and interest in and to the Acquired Assets, or any portion thereof, to be acquired will be sold free and clear of any lien (including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option, or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction) (the "Liens") and any monetary amounts which are secured by any Lien.

## Participation Requirements

Unless otherwise ordered by the Bankruptcy Court or as otherwise determined by Delphi, to participate in the bidding process, each person (a "Potential Bidder"), other than the Purchaser, must deliver (unless previously delivered) to the Selling Debtor Entities and their counsel at the addresses provided below:

(a) An executed confidentiality agreement in form and substance acceptable to the Selling Debtor Entities;

(b) Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets and the Canadian Assets, current audited financial statements of the equity holders of the Potential Bidder who must guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement as may be acceptable to the Sellers and their financial advisors; and

(c) A preliminary (non-binding) written proposal regarding (i) the purchase price, (ii) any assets and/or equity interests expected to be excluded, (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing of the Purchase Price (as defined in the Agreement) and the purchase price for the Canadian Assets and the requisite financial assurances), (iv) any anticipated regulatory approvals required to close the transaction, the anticipated time frame, and any anticipated impediments for obtaining such approvals, (v) any conditions to closing that it may wish to impose in addition to those set forth in the Agreement, and (vi) the nature and extent of additional

due diligence it may wish to conduct and the date by which such due diligence must be completed.

A Potential Bidder who delivers the documents described in the previous subparagraphs above and whose financial information and credit-quality support or enhancement demonstrate the financial capability of such Potential Bidder to consummate the Sale, if selected as a successful bidder, and who the Sellers determine in their sole discretion is likely (based on availability of financing, experience, and other considerations) to be able to consummate the Sale within the time frame provided by the Agreement, will be deemed a "Qualified Bidder." As promptly as practicable after a Potential Bidder delivers all of the materials required above, the Sellers will determine, and will notify the Potential Bidder, whether such Potential Bidder is a Qualified Bidder. At the same time when the Sellers notify the Potential Bidder that it is a Qualified Bidder, the Sellers will allow the Qualified Bidder to begin to commence due diligence with respect to the Acquired Assets and the Canadian Assets as provided below. Notwithstanding the foregoing, the Purchaser will be deemed a Qualified Bidder for purposes of the Bidding Process.

## Due Diligence

The Sellers will afford each Qualified Bidder due diligence access to the Acquired Assets and the Canadian Assets. Due diligence access may include such management presentations as may be scheduled by the Sellers, access to data rooms, on-site inspections, and such other matters as a Qualified Bidder may request and as to which the Sellers, in their sole discretion, may agree. The Sellers will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. Any additional due diligence may not continue after the Bid Deadline. The Sellers may, in their discretion, coordinate diligence efforts such that multiple Qualified Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations or site inspections. Neither the Sellers nor any of their affiliates (or any of their respective representatives) will be obligated to furnish any information relating to Acquired Assets and the Canadian Assets to any person other than to Qualified Bidders which make an acceptable preliminary proposal.

Each Qualified Bidder will be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Acquired Assets and the Canadian Assets prior to making its offer, that it has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Acquired Assets and the Canadian Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Acquired Assets, the Canadian Assets, or the completeness of any information provided in connection therewith, the Bidding Process, or the Auction (as defined herein), except as expressly stated in the definitive agreement with the Successful Bidder approved by the Bankruptcy Court.

3.........DeltaView comparison of pcdocs://nycsr06a/623660/11 and pcdocs://nycsr06a/623660/12. Performed on 9/26/2007.

### Bid Deadline

A Qualified Bidder, other than the Purchasers, which desires to make a bid must deliver written copies of its bid to: Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098, Attention: Director, Mergers & Acquisitions, with copies to: (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan, 48098, Attention: Karen J. Craft, Managing Restructuring Counsel; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: Ron E. Meisler and Brian M. Fern; (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg and Mark A. Broude; (iv) the Creditors' Committee's financial advisor, Mesirow Financial Consulting LLC, 666 Third Avenue, 21st Floor, New York, New York 10017, Attention: Ben Pickering; and (v) counsel for the Debtors' postpetition credit facility, Davis, Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attention: Donald Bernstein and Brian Resnick, so as to be received not later than 11:00 a.m. (prevailing Eastern time) on October 16, 2007 (the "Bid Deadline"). The Sellers may extend the Bid Deadline once or successively, but are not obligated to do so. If the Sellers extend the Bid Deadline, they must promptly notify all Qualified Bidders of such extension. As soon as reasonably practicable following receipt of each Qualified Bid, the Sellers must deliver complete copies of all items and information enumerated in the section below entitled bid requirements to counsel for the official committee of equity security holders (the "Equity Committee"). The Sellers also will provide the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (the "UAW") with notice of all Qualified Bidders and their contact information.

Qualified Bidders should note that Sections 4.2.E(i)-(vii) and 4.2.H of the Agreement are intended to effect assumption of the Collective Bargaining Agreements and, to the extent subject to assumption, these issues remain subject to the parties' rights and obligations related to bargaining with the UAW.

### Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a) A letter stating that the bidder's offer is irrevocable until two Business Days after the closing of the Sale of the Acquired Assets.

(b) An executed copy of the Agreement and related agreements, including the Lease Agreement, the Transition Services Agreement, the Contract Manufacturing Agreement, and the Canada Agreement (the "Ancillary Agreements"), together with all schedules, marked to show those amendments and modifications to such agreement that the Qualified Bidder proposes, including the Purchase Price (as defined in the Agreement) and the purchase price in the Canada Agreement (a "Marked Agreement").

(c) A good faith deposit (the "Good Faith Deposit") in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Sellers in their sole discretion) payable to the order of the Sellers (or such other party as the Debtors may determine) in an amount equal to $2,000,000.

(d) Written evidence of a commitment for financing, or other evidence of ability to consummate the proposed transactions that is satisfactory to the Sellers and their advisors.

### Qualified Bids

A bid will be considered only if the bid:

(e) is on terms and conditions (other than the amount of the consideration and the particular liabilities being assumed) that are substantially similar to, and are not materially more burdensome or conditional to the Sellers than, those contained in the Agreement;

(f) is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder;

(g) proposes a transaction that the Sellers determine, in their sole discretion, has a value, either individually or, in conjunction with any other Qualified Bid, greater than or equal to the sum of the Purchase Price, the purchase price for the Canadian Assets, and the amount of the Break-Up Fee, plus (i) in the case of the initial Qualified Bid, $500,000, and (ii) in the case of any subsequent Qualified Bids, $250,000 over the immediately-preceding highest Qualified Bid;

(h) is not conditioned upon any bid protections, such as a break-up fee, termination fee, expense reimbursement, or similar type of payment;

(i) an acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Acquired Assets and the Canadian Assets prior to making its offer, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Acquired Assets in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Acquired Assets and the Canadian Assets, the completeness of any information provided in connection therewith, or the Auction, except as expressly stated in the Agreement or the Marked Agreement;

(j) includes a commitment to consummate the purchase of the Acquired Assets (including the receipt of any required governmental or regulatory approvals) and the Canadian Assets within not more than fifteen days after entry of an order by the Bankruptcy Court approving such purchase, subject to the receipt of any governmental or regulatory approvals which must be obtained within ten days after entry of such order; and

(k) is received by the Bid Deadline.

A bid received from a Qualified Bidder will constitute a "Qualified Bid" only if it includes all of the Required Bid Documents and meets all of the above requirements; <u>provided, however,</u> that the Sellers will have the right, in their sole discretion, to entertain bids for the Acquired Assets and the Canadian Assets that do not conform to one or more of the requirements

specified herein and deem such bids to be Qualified Bids. Notwithstanding the foregoing, the Purchaser will be deemed a Qualified Bidder, and the Agreement will be deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale. A Qualified Bid will be valued based upon factors such as the net value provided by such bid and the likelihood and timing of consummating such transaction. Each Qualified Bid other than that of the Purchaser is referred to as a "Subsequent Bid."

If the Sellers do not receive any Qualified Bids other than the Agreement received from the Purchaser, the Selling Debtor Entities will report the same to the Bankruptcy Court and will proceed with the Sale pursuant to the terms of the Agreement.

## Bid Protection

Recognizing the Purchaser's expenditure of time, energy, and resources, the Selling Debtor Entities have agreed to provide certain bidding protections to the Purchaser. Specifically, the Selling Debtor Entities have determined that the Agreement will further the goals of the Bidding Procedures by setting a floor which all other potential bids must exceed. As a result, the Selling Debtor Entities have agreed that if the Selling Debtor Entities terminate the Agreement to close an alternative transaction and sell the Acquired Assets and the Canadian Assets to a Successful Bidder other than the Purchaser, the Selling Debtor Entities will, in certain circumstances, be obligated to pay the Purchaser a Break-Up Fee. The payment of the Break-Up Fee will be governed by the provisions of the Agreement and the Bidding Procedures Order.

## Auction

If the Sellers receive at least one Qualified Bid in addition to the Agreement, the Sellers will conduct an auction (the "Auction") of the Acquired Assets and the Canadian Assets upon notice to all Qualified Bidders which have submitted Qualified Bids at 10:00 a.m. (prevailing Eastern time) on or before October 23, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606 or Four Times Square, New York, New York 10036 (at Delphi's election), or such later time or other place as the Sellers will notify all Qualified Bidders which have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing) in accordance with the following procedures:

(l) Only the Sellers, the Purchaser, any representative of the Creditors' Committee, any representative of the Equity Committee, any representative of the Debtors' postpetition credit facility (and the legal and financial advisers to each of the foregoing), any representative of the UAW, and any Qualified Bidder which has timely submitted a Qualified Bid will be entitled to attend the Auction, and only the Purchaser and Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

(m) At least two Business Days prior to the Auction, each Qualified Bidder which has timely submitted a Qualified Bid must inform the Sellers whether it intends to participate in the Auction, and at least one Business Day prior to the Auction, the Sellers must provide all Qualified Bidders which have informed the Sellers of their intent to participate in the Auction and the UAW with copies of the Qualified Bid or combination of Qualified Bids which the Sellers believe comprise the highest or otherwise best offer. Should an

6 ........DeltaView comparison of pcdocs://nycsr06a/623660/11 and pcdocs://nycsr06a/623660/12.
Performed on 9/26/2007.

Auction take place, the Purchaser will have the right, but not the obligation, to participate in the Auction. The Purchaser's election not to participate in an Auction will in no way impair its entitlement to receive the Break-Up Fee.

(n) All bidders will be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each Subsequent Bid will be fully disclosed to all other bidders throughout the entire Auction.

(o) The Sellers may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court entered in connection herewith.

(p) Bidding at the Auction will begin with the highest or otherwise best Qualified Bid or combination of Qualified Bids and continue in minimum increments of $250,000 higher than the previous bid or bids. The Auction will continue in one or more rounds of bidding and will conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge and written confirmation of the then-existing highest bid or bids. For the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by Purchaser), the Sellers will give effect to any Break-Up Fee as well as any assets to be retained by the Sellers.

### Selection Of Successful Bid

At the conclusion of the Auction, or as soon thereafter as practicable, the Sellers, in consultation with their financial advisors, will: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale, and (ii) identify the highest or otherwise best offer(s) for the Acquired Assets and the Canadian Assets received at the Auction (the "Successful Bid" and the bidder(s) making such bid, the "Successful Bidder(s)").

The Sellers will sell the Acquired Assets and the Canadian Assets for the highest or otherwise best Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after the hearing Sale Hearing. If, after an Auction in which the Purchaser: (i) has bid an amount in excess of the consideration currently provided for in the Agreement with respect to the transactions contemplated under the Agreement and (ii) is the Successful Bidder, it must, at the Closing under the Agreement, pay, in full satisfaction of the Successful Bid, an amount equal to: (a) the amount of the Successful Bid less (b) the Break-Up Fee.

The Selling Debtor Entities' presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Sellers' acceptance of the bid. The Sellers will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

7........DeltaView comparison of pcdocs://nycsr06a/623660/11 and pcdocs://nycsr06a/623660/12. Performed on 9/26/2007.

## The Sale Hearing

The Sale Hearing is currently scheduled to take place before the Honorable Robert D. Drain, United States Bankruptcy Judge, on October 25, 2007 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Sale Hearing may be adjourned or rescheduled by the Sellers without notice other than by an announcement of the adjourned date at the Sale Hearing.

If the Selling Debtor Entities do not receive any Qualified Bids (other than the Qualified Bid of the Purchaser), the Sellers will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a sale of the Acquired Assets and the Canadian Assets to the Purchaser following entry of the Sale Approval Order. If the Selling Debtor Entities do receive additional Qualified Bids, then at the Sale Hearing the Sellers will seek approval of the Successful Bid(s), as well as the second highest or best Qualified Bid(s) (the "Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)"). The Selling Debtor Entities' presentation to the Bankruptcy Court of the Successful Bid(s) and Alternate Bid(s) will not constitute the Sellers' acceptance of either or any such bid(s), which acceptance will occur only upon approval of such bid(s) by the Bankruptcy Court at the Sale Hearing. Following approval of the sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of: (i) failure of a condition precedent beyond the control of either the Sellers or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Sellers will be permitted to effectuate a sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

## Return Of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be held in an interest-bearing escrow account and all Qualified Bids will remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two Business Days following the closing of the Sale (the "Return Date"). Notwithstanding the foregoing, the Good Faith Deposit, if any, submitted by the Successful Bidder(s), together with interest thereon, will be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s). If a Successful Bidder fails to consummate a sale because of a breach or failure to perform on the part of such Successful Bidder, the Sellers will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit will irrevocably become property of the Sellers. On the Return Date, the Sellers will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon.

## Reservations Of Rights

The Sellers, after consultation with the agents for their secured lenders and the Creditors' Committee: (i) may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may reject at any time any bid (other than the Purchaser's bid) that is: (a) inadequate or

insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Selling Debtor Entities, their estates, and their stakeholders as determined by the Selling Debtor Entities in their sole discretion.

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

In re                                        :        Chapter 11

DELPHI CORPORATION, et al.,                  :        Case No. 05-44481 (RDD)

                          Debtor.            :        (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

PLEASE TAKE NOTICE THAT:

1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And
9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III)
Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In
Connection With Sale Of Saginaw Chassis Equipment And Other Assets (the "Bidding
Procedures Order") entered by the United States Bankruptcy Court for the Southern District
of New York (the "Bankruptcy Court") on September __, 2007, Delphi Automotive Systems
LLC and Delphi Technologies, Inc. (collectively, the "Selling Debtor Entities") have entered
into an Asset Purchase Agreement (the "Agreement") with TRW Integrated Chassis Systems
LLC (the "Purchaser") for the purchase of a significant portion of the assets, including
manufacturing equipment, test and development equipment, inventory, assigned permits, and
other personal property primarily used and located at the facility in Saginaw, Michigan (the
"Acquired Assets").  Delphi Canada, Inc., a non-Debtor affiliate ("Delphi Canada" and
together with the Selling Debtor Entities, the "Sellers"), is also selling certain manufacturing
equipment and personal property located at a facility in Oshawa, Ontario, Canada (the
"Canadian Assets") pursuant to an Asset Purchase Agreement by and between Delphi Canada
and the Purchaser, which is an agreement ancillary to the Agreement.

2.      All interested parties are invited to make an offer to purchase the Acquired
Assets and the Canadian Assets in accordance with the terms and conditions approved by the
Bankruptcy Court (the "Bidding Procedures") so as to be received by (i) Delphi Automotive
Systems LLC, 5725 Delphi Drive, Troy, Michigan, 48098, Attention: Karen J. Craft,
Managing Restructuring Counsel; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher
& Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: Ron E.
Meisler and Brian M. Fern; (iii) counsel to the official committee of unsecured creditors (the
"Creditors' Committee"), Latham & Watkins LLP, 885 Third Avenue, New York, New York
10022, Attention: Robert J. Rosenberg and Mark A. Broude; (iv) the Creditors' Committee's
financial advisor, Mesirow Financial Consulting LLC, 666 Third Avenue, 21st Floor, New

York, New York 10017, Attention: Ben Logan; and (v) counsel for the Debtors'
postpetition credit facility, Davis, Polk & Wardwell, 450 Lexington Avenue, New York, New
York 10017, Attention: Donald Bernstein and Brian Resnick, so as to be received not later
than **11:00 a.m.** (prevailing Eastern time) on **October 16, 2007.** Pursuant to the Bidding
Procedures, the Sellers may conduct an auction for the Acquired Assets and the Canadian
Assets (the "Auction") beginning at **10:00 a.m.** (prevailing Eastern time) on **October 23,
2007** at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New
York, New York 10036 or 333 West Wacker Drive, Chicago, Illinois 60606.

3.      Participation at the Auction is subject to the Bidding Procedures and the
Bidding Procedures Order.  A copy of the Bidding Procedures is available by contacting the
undersigned counsel to the Selling Debtor Entities or by accessing Delphi's Legal
Information Website, www.delphidocket.com.

4.      A hearing to approve the Sale of the Acquired Assets and the Canadian Assets
to the highest and best bidder will be held on **October 25, 2007** at **10:00 a.m.** (prevailing
Eastern time) at the Bankruptcy Court, One Bowling Green, Room 610, New York, New
York 10004, before the Honorable Robert D. Drain, United States Bankruptcy Judge.  Such
hearing may be adjourned without notice other than an adjournment in open court.

5.      Objections, if any, to the proposed Sale must be filed and served in accordance
with the Bidding Procedures Order, and **actually received** no later than **4:00 p.m.** (prevailing
Eastern time) on **October 18, 2007.**

6.      Objections related **solely** to either the conduct of the Auction or the selection
of a Successful Bidder other than the Purchaser, if any, shall be filed and served in
accordance with the Bidding Procedures Order, and **actually received** no later than **9:00 a.m.**
(prevailing Eastern time) on **October 24, 2007** by the parties set forth in paragraph 2 above.

7.      6.This notice is qualified in its entirety by the Bidding Procedures Order.

Dated: New York, New York
       September ___, 2007

                              BY ORDER OF THE COURT

                              John Wm. Butler, Jr. (JB 4711)
                              John K. Lyons (JL 4951)
                              Ron E. Meisler (RM 3026)
                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                   - and -

                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

2      DeltaView comparison of pcdocs://nycsr06a/634399/7 and pcdocs://nycsr06a/634399/9.
Performed on 9/26/2007.

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

<hr />

3    DeltaView comparison of pcdocs://nycsr06a/634399/7 and pcdocs://nycsr06a/634399/9.
Performed on 9/26/2007.