# EXHIBIT A

# SETTLEMENT AGREEMENT

## S/T and M/L Steering Column Multi-function Electrical Switches

### SETTLEMENT AGREEMENT

This Settlement Agreement is made as of this 5th day of October 2007, by and among Delphi Automotive Systems LLC ("Delphi"), Valeo Switches and Detection Systems, Inc., and Valeo Electrical Systems, Inc. (together, "Valeo").

**WHEREAS,** Valeo sold certain multi-function electrical switches to Delphi, which Delphi used in steering column assemblies that were sold to Delphi's automotive customers, including General Motors Corporation ("General Motors"); and

**WHEREAS,** Delphi commenced an action entitled <u>Delphi Automotive Systems, L.L.C. v. Valeo Switches & Detection Systems, Inc. and Valeo Electrical Systems, Inc., et al.</u>, Case No. 05-55765-CK, in the Circuit Court for the County of Saginaw, State of Michigan (the "Action"), alleging that certain multi-function electrical switches sold by Valeo to Delphi were defective, and seeking damages for Valeo's alleged breach of warranty agreements contained in certain purchase orders and for Valeo's alleged violation of certain provisions of the Michigan Uniform Commercial Code;

**WHEREAS,** on October 8 and October 14, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions for relief pursuant to Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). These Chapter 11 cases are being jointly administered by the Bankruptcy Court under Case No. 05-44481 (RDD) (the "Bankruptcy Case"); and

**WHEREAS,** Delphi and Valeo intend to resolve and settle all claims raised by Delphi in the Action, along with all claims that pertain to the sale by Valeo to Delphi of steering column multi-function electrical switches that became the subject of warranty field campaigns for

2000 & 2001 Model Years GM S/T Utility Trucks and 2001 & 2002 Model Year GM M/L Vans that could have been asserted by Delphi in the Action as well as any potential claim relating to the Grand Prix steering column multifunction electrical switch for the 2000 through 2002 Model Years.

**NOW, THEREFORE,** in consideration of the mutual agreements stated in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Delphi and Valeo agree as follows:

1. Delphi believes that this settlement falls within the ordinary course of business exception not requiring Bankruptcy Court approval. However, at the request of and upon the insistence of Valeo, Delphi shall seek such approval in order to bring this matter to conclusion and effect the parties' settlement. Therefore, this Settlement Agreement is subject to and contingent upon entry of a final order of the Bankruptcy Court in the Bankruptcy Case approving this Settlement Agreement. Upon execution of this Agreement by Valeo and Delphi, Delphi shall file with the Bankruptcy Court a motion, in form and substance reasonably satisfactory to Valeo, seeking entry of an Order (a) granting Delphi authority to settle and compromise the Action, and (b) approving this Settlement Agreement (the "Approval Order").

2. If this Settlement Agreement is not approved by the Bankruptcy Court and an Approval Order is not entered within 90 days of this Agreement (a) the Settlement Agreement shall be void and not enforceable in any law or equity action, and (b) none of its provisions shall constitute an admission by Valeo or Delphi of any matter set forth in this Settlement Agreement, or of any fact or circumstance which might be inferred from the terms of this Settlement Agreement.

3. If no appeal to the Approval Order is pending, this Settlement Agreement and the releases contained herein shall become effective on the eleventh (11th) day (pursuant to

Rule 9006(a) of the Federal Rules of Bankruptcy Procedure) following the date of entry of the Approval Order by the Bankruptcy Court in the Bankruptcy Case (the "Effective Date").

4. Within ten (10) business days following the Effective Date, Valeo will pay, or cause to be paid, to Delphi the total sum of $4,000,000 (Four million U.S. dollars) (the "Payment"). The Payment shall be made by wire transfer to Delphi's account per wiring instructions to be submitted to Valeo.

5. Within three (3) business days following Valeo's remittance of the Payment to Delphi, Delphi's counsel and Valeo's counsel shall stipulate to entry of an Order of Dismissal With Prejudice and Without Costs in the form annexed hereto as Exhibit A, or shall take any other necessary actions to dismiss Delphi's pending claims and to discontinue the Action.

6. Except for Valeo's payment obligation set forth in paragraph 4 above, Delphi, for itself and its officers, employees, administrators, agents, successors, and assigns (the "Delphi Releasors"), hereby release and forever discharge Valeo and its officers, employees, administrators, agents, successors, and assigns (the "Valeo Releasees"), from any and all actions, causes of action, claims, damages, demands, debts, liabilities and obligations, whether known or unknown, in law or in equity, arising out of or related to the S/T and M/L steering column multi-function electrical switches sold to Delphi by Valeo (or the costs of General Motors' recalls / field campaigns for the 2000 & 2001 MY GM Truck S/T Utility and 2001 & 2002 MY GM M/L Vans pertaining to steering column multi-function electrical switches), including any claim asserted in the Action which the Delphi Releasors, or any of them had, now have, or claim to have in the Action related to such S/T and M/L electrical switches through the date of this Settlement Agreement against the Valeo Releasees as well as any potential claim relating to the Grand Prix steering column multifunction electrical switch for the 2000 through 2002 Model Years; provided, however, that nothing herein shall constitute a release or discharge by the Delphi Releasors of any

actions, causes of action, claims, damages, demands, debts, liabilities or obligations against the Valeo Releasees arising under Chapter 5 of the Bankruptcy Code or otherwise unrelated to the Action.

7.  Delphi hereby represents and warrants that it is the sole owner of all of Delphi's claims against Valeo, arising out of or related to any and all multi-function electrical switches sold to Delphi by Valeo, including, but not specifically limited to, any claim asserted in the Action. Except as otherwise required under the terms of this Settlement Agreement, Delphi hereby represents and warrants that it does not require the approval of any third party for the execution of this Settlement Agreement and the releases contained herein.

8.  Delphi agrees to indemnify and hold harmless Valeo and any of the Valeo Releasees from and against any losses, costs, expenses (including expenses for attorneys, accountants, consultants, and experts), damages, or expenditures which Valeo and any of the Valeo Releasees may suffer, incur, or sustain arising out of, attributable to, or resulting from any breach of clause 7 of this Settlement Agreement.

9.  Each party hereby represents and warrants that the person signing this Settlement Agreement is duly authorized to sign on behalf of the party.

10.  Delphi and Valeo have been represented by counsel of their choice and each will be responsible for their own legal fees and costs in connection with all matters identified in or relating to this Settlement Agreement.

11.  The payments and agreements on the part of Valeo set forth herein are not intended as, nor are they to be considered, an admission of any liability or wrongdoing whatsoever, the same being denied by Valeo.

12.  This Settlement Agreement constitutes the entire agreement of the parties, and all prior negotiations or representations are merged herein or replaced hereby, and any prior

agreements among or affecting the parties, whether written or verbal, except as specified herein, are declared null and void as among the parties.

13. This Settlement Agreement shall be governed by and construed and interpreted in accordance with the internal laws of the State of Michigan (without reference to the principles of conflicts of laws). Any legal action or proceeding with respect to or arising out of this Settlement Agreement shall be brought in the Bankruptcy Court and, by execution and delivery of this Settlement Agreement, each of the parties hereby accepts, generally and unconditionally, the exclusive jurisdiction of such court.

14. This Settlement Agreement may not be modified or amended except in a writing signed by representatives with appropriate authorization by Delphi and Valeo.

15. This Settlement Agreement may be executed in counterparts, all of which taken together shall constitute a single, original document.

**IN WITNESS WHEREOF,** the parties have executed this Settlement Agreement on the date first above written.

SIGNED for and on behalf of
**DELPHI AUTOMOTIVE SYSTEMS LLC**

By: _____

Print Name: _Robert J Remenar_

Title: _VP-Delphi Prod Delphi steering_

SIGNED for and on behalf of

**VALEO SWITCHES AND DETECTION SYSTEMS, INC.**

By: _[signature]_

Print Name: JAMES SCHWYN

Title: PRESIDENT


SIGNED for and on behalf of

**VALEO ELECTRICAL SYSTEMS, INC.**

By: _[signature]_

Print Name: JERRY DITTRICH

Title: Executive Vice-President

# Exhibit A

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware Corporation,

        Plaintiff,

vs.

VALEO SWITCHES AND DETECTION
SYSTEMS, INC. and VALEO ELECTRICAL
SYSTEMS, INC., Delaware Corporations,

        Defendants.
        _____/

Case No. 05-55765-CK
Hon. Darnell Jackson

| | |
|---|---|
| Lippert, Humphreys, Campbell, Dust & Humphreys, P.C.<br>A.T. Lippert, Jr. (P16714)<br>Attorneys for Plaintiff Delphi Automotive Systems LLC<br>4800 Fashion Square Blvd.<br>Plaza North, Suite 410<br>Saginaw, MI 48604<br>(989) 792-2552<br><br>Charles E. Brown (P46400)<br>Attorney for Plaintiff Delphi Automotive Systems LLC<br>Delphi World Headquarters<br>M/C: 480-410-254<br>5825 Delphi Dr.<br>Troy, MI 48098<br>(248) 813-3368 | Miller, Canfield, Paddock and Stone, P.L.C.<br>Carl H. von Ende (P21867)<br>Elisa M. Angeli (P52088)<br>Attorneys for Defendants Valeo Switches and Detection Systems, Inc. and Valeo Electrical Systems, Inc.<br>150 West Jefferson Ave., Suite 2500<br>Detroit, MI 48226<br>(313) 963-6420 |

## STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS

IT IS HEREBY stipulated and agreed by and among the plaintiff Delphi Automotive Systems LLC ("Delphi") and defendants Valeo Switches and Detection Systems, Inc. and Valeo Electrical Systems, Inc. (together, "Valeo"), by their undersigned counsel that an order

shall be entered dismissing this action with prejudice and without costs or attorneys' fees to either party, and that this action is hereby dismissed as between and among Delphi and Valeo, with prejudice and without costs or attorneys' fees to either party.

Dated: _____, 2007

| | |
|---|---|
| Lippert, Humphreys, Campbell, Dust & Humphreys, P.C. | Miller, Canfield, Paddock and Stone, P.L.C. |
| By: _____<br>A.T. Lippert, Jr. (P16714)<br>Attorneys for Plaintiff Delphi Automotive Systems LLC | By: _____<br>Carl H. von Ende (P21867)<br>Attorneys for Defendants Valeo Switches and Detection Systems, Inc. and Valeo Electrical Systems, Inc. |

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware Corporation,

          Plaintiff,

vs.

VALEO SWITCHES AND DETECTION
SYSTEMS, INC. and VALEO ELECTRICAL
SYSTEMS, INC., Delaware Corporations,

          Defendants.
_____/

Case No. 05-55765-CK
Hon. Darnell Jackson

### ORDER OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS

Upon the stipulation of counsel,

**IT IS HEREBY ORDERED** that this action and all claims asserted herein be dismissed with prejudice and without costs or attorneys' fees to either party.

_____
Hon. Darnell Jackson
Circuit Judge