# EXHIBIT B

Significant Index No. 0412.06-00



TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

JUL 1 3 2007

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation and Subsidiaries
MC 483.400.626
5725 Delphi Drive
Troy, MI  48098

Re:   Delphi Hourly-Rate Employees Pension Plan (Plan No. 003) ("Hourly Plan")
      EIN: 38-3430473

      Salaried Plan = Delphi Retirement Program for Salaried Employees
                (Plan No. 001)

      Company = Delphi Corporation

      Former Parent = General Motors Corporation

Dear Mr. Whitson:

This letter constitutes notice that the Company's request for a modification of the
conditional waiver of the minimum funding standard for the Plan for the plan year ending
September 30, 2006, that was granted in a ruling letter dated May 1, 2007, has been
approved.  Accordingly, conditions (1), (5), and (9) of the funding waiver are replaced
with the following conditions:

(1)    No later than December 31, 2007, the Company files a plan of reorganization
       with the bankruptcy court providing for continuation of the Hourly Plan,
       compliance with the conditions of this waiver, and providing for the
       combination of transfers under section 414(l) of the Internal Revenue Code
       ("Code") and cash contributions described below.  The Company will not seek
       approval of a plan of reorganization which is inconsistent with the conditions
       of this waiver.

(5)    Not later than the effective date of the Company's plan of reorganization
       under Chapter 11, the Company makes contributions to the Hourly Plan in an
       amount sufficient to result in a projected funded current liability percentage as
       of the effective date of the Company's plan of reorganization under
       Chapter 11, when measured reflecting such contributions and the projected
       impact of the section 414(l) transfer, that is the same funded current liability
       percentage that would have been projected as of the effective date of the
       Company's plan of reorganization under Chapter 11, if (a) the funding waiver
       had not been granted, (b) the section 414(l) transfer did not occur, and (c) a

2

contribution was made on the effective date of the Company's reorganization
under Chapter 11 equal to the accumulated Employee Retirement Income
Security Act of 1974 ("ERISA") funding deficiency projected to the effective
date of the reorganization.

(9)    The effective date of the Company's plan of reorganization is no later than
February 29, 2008.

This conditional waiver has been granted in accordance with section 412(d) of the Code
and section 303 of ERISA.  The amount for which this conditional waiver has been
granted is equal to the contributions that would otherwise be required to reduce the
balance in the funding standard account to zero as of September 30, 2006.

Based on information submitted by the Company, he Company has reached agreement
with the one of the unions representing certain of its employees concerning a contract
that will allow the Company to exit bankruptcy.  However, it is now anticipated that
additional time is needed to work out a plan or reorganization due to competition
between capital funds.

Your attention is called to section 412(f) of the Code and section 304(b) of ERISA which
describe the consequences that would result in the event the Hourly Plan is amended to
increase benefits, change the rate in the accrual of benefits or to change the rate of
vesting, while any portion of the waived funding deficiency remains unamortized.
Please note that any amendment to a profit sharing plan or any other retirement plans
(covering employees covered by the Hourly Plan) maintained by the Company, to
increase the liabilities of those plans would be considered an amendment for purposes
of section 412(f) of the Code and section 304(b) of ERISA.  Similarly, the establishment
of a new profit sharing plan or any other retirement plan by the Company (covering
employees covered by the Hourly Plan) would be considered an amendment for
purposes of section 412(f) of the Code and section 304(b) of ERISA.

This ruling is directed only to the taxpayer that requested it.  Section 6110(k)(3) of the
Code provides that it may not be used or cited by others as precedent.

When filing Form 5500 for the plan year ending September 30, 2006, the date of this
letter should be entered on Schedule B (Actuarial Information).  For this reason, we
suggest that you furnish a copy of this letter to the enrolled actuary who is responsible
for the completion of the Schedule B.

We have sent a copy of this letter to the Manager, EP Classification in Baltimore,
Maryland, to the Manager, EP Compliance Unit in Chicago, Illinois, and to your
authorized representative pursuant to a power of attorney on file in this office.

3

If you require further assistance in this matter, please contact Mr. Heil (ID# 50-03208) at (202) 283-9694.

Sincerely yours,

Joseph H. Grant, Director
Employee Plans

Significant Index No. 0412.06-00



TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

**JUL 1 3 2007**

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation and Subsidiaries
MC 483.400.626
5725 Delphi Drive
Troy, MI  48098

Re:   Delphi Retirement Program for Salaried Employees (Plan No. 001) ("Plan")
      EIN: 38-3430473

      Company = Delphi Corporation

      Former Parent = General Motors Corporation

Dear Mr. Whitson:

This letter constitutes notice that the Company's request for a modification of the
conditional waiver of the minimum funding standard for the Plan for the plan year ending
September 30, 2006, that was granted in a ruling letter dated May 1, 2007, has been
approved.  Accordingly, conditions (1) and (8) of the funding waiver are replaced with
the following conditions:

(1)   No later than December 31, 2007, the Company files a plan of reorganization
      with the bankruptcy court providing for continuation of the Plan and
      compliance with the conditions of this waiver.

(8)   The effective date of the Company's plan of reorganization is no later than
      February 29, 2008.

This conditional waiver has been granted in accordance with section 412(d) of the
Internal Revenue Code ("Code") and section 303 of the Employee Retirement Income
Security Act of 1974 ("ERISA").  The amount for which this conditional waiver has been
granted is equal to the contributions that would otherwise be required to reduce the
balance in the funding standard account to zero as of September 30, 2006.

Based on information submitted by the Company, he Company has reached agreement
with the one of the unions representing certain of its employees concerning a contract
that will allow the Company to exit bankruptcy.  However, it is now anticipated that
additional time is needed to work out a plan or reorganization due to competition
between capital funds.

2

Your attention is called to section 412(f) of the Code and section 304(b) of ERISA which describe the consequences that would result in the event the Plan is amended to increase benefits, change the rate in the accrual of benefits or to change the rate of vesting, while any portion of the waived funding deficiency remains unamortized. Please note that any amendment to a profit sharing plan or any other retirement plans (covering employees covered by the Plan) maintained by the Company, to increase the liabilities of those plans would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA. Similarly, the establishment of a new profit sharing plan or any other retirement plan by the Company (covering employees covered by the Plan) would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA.

This ruling is directed only to the taxpayer that requested it. Section 6110(k)(3) of the Code provides that it may not be used or cited by others as precedent.

When filing Form 5500 for the plan year ending September 30, 2006, the date of this letter should be entered on Schedule B (Actuarial Information). For this reason, we suggest that you furnish a copy of this letter to the enrolled actuary who is responsible for the completion of the Schedule B.

We have sent a copy of this letter to the Manager, EP Classification in Baltimore, Maryland, to the Manager, EP Compliance Unit in Chicago, Illinois, and to your authorized representative pursuant to a power of attorney on file in this office.

If you require further assistance in this matter, please contact Mr. Heil (ID# 50-03208) at (202) 283-9694.

Sincerely yours,

Joseph H. Grant, Director
Employee Plans

· Significant Index No. 0412.06-00



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION

OCT 0 4 2007

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation and Subsidiaries
MC 483.400.626
5725 Delphi Drive
Troy, MI  48098

Re:   Delphi Retirement Program for Salaried Employees (Plan No. 001) ("Plan")
         EIN: 38-3430473

         Company = Delphi Corporation

         Former Parent = General Motors Corporation

Dear Mr. Whitson:

This letter constitutes notice that the Company's request for a modification of the
conditional waiver of the minimum funding standard for the Plan for the plan year ending
September 30, 2006, that was granted in a ruling letter dated May 1, 2007, and modified
in our ruling letter dated July 13, 2007, has been approved.  Accordingly, condition (3) is
replaced with the following condition:

(3)   No later than five (5) days after the effective date of the Company's plan of
        reorganization under Chapter 11, the Company makes contributions to the
        Plan for the plan year ending September 30, 2007, equal to the lesser of (i)
        the amount necessary to maintain a credit balance in the funding standard
        account of the Plan as of September 30, 2007, not less than the outstanding
        balance of the amortization base with respect to the waived amount that is
        established and maintained under section 412(b)(2) of the Code, or (ii) the
        amount of the full funding limitation for the plan year ending September 30,
        2007.

The change is being made so that the condition is consistent with the conditions of a
waiver of the minimum funding standard granted for a Plan sponsored by the Company
covering a different group of employees for the plan year ending September 30, 2007.

This conditional waiver has been granted in accordance with section 412(d) of the
Internal Revenue Code ("Code") and section 303 of the Employee Retirement Income
Security Act of 1974 ("ERISA").  The amount for which this conditional waiver has been
granted is equal to the contributions that would otherwise be required to reduce the
balance in the funding standard account to zero as of September 30, 2006.

2

Your attention is called to section 412(f) of the Code and section 304(b) of ERISA which describe the consequences that would result in the event the Plan is amended to increase benefits, change the rate in the accrual of benefits or to change the rate of vesting, while any portion of the waived funding deficiency remains unamortized. Please note that any amendment to a profit sharing plan or any other retirement plans (covering employees covered by the Plan) maintained by the Company, to increase the liabilities of those plans would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA.  Similarly, the establishment of a new profit sharing plan or any other retirement plan by the Company (covering employees covered by the Plan) would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA.

This ruling is directed only to the taxpayer that requested it.  Section 6110(k)(3) of the Code provides that it may not be used or cited by others as precedent.

We have sent a copy of this letter to the Manager, EP Classification in Baltimore, Maryland, to the Manager, EP Compliance Unit in Chicago, Illinois, and to your authorized representative pursuant to a power of attorney on file in this office.  We suggest that you furnish a copy of this letter to the enrolled actuary who is responsible for the completion of the Schedule B.

If you require further assistance in this matter, please contact Mr. Heil (ID# 50-03208) at (410) 962-9480.

Sincerely yours,

Joseph H. Grant, Director
Employee Plans

cc:    Mr. William L. Sollee, Jr., Esq.

Significant Index No. 0412.06-00



**TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

OCT 0 4 2007

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation and Subsidiaries
MC 483.400.626
5725 Delphi Drive
Troy, MI  48098

Re:   Hourly Plan = Delphi Hourly-Rate Employees Pension Plan (Plan No. 003)
        EIN: 38-3430473

        Salaried Plan = Delphi Retirement Program for Salaried Employees
                (Plan No. 001)

        Company = Delphi Corporation

        Former Parent = General Motors Corporation

Dear Mr. Whitson:

This letter constitutes notice that the Company's request for a modification of the
conditional waiver of the minimum funding standard for the Hourly Plan for the plan year
ending September 30, 2006, that was granted in a ruling letter dated May 1, 2007, and
modified in a ruling letter dated July 13, 2007, has been approved.  Accordingly,
conditions (4), (5), (6), (7), and (8) of the funding waiver are replaced with the following
conditions:

(4)   Not later than five (5) days after the effective date of the Company's plan of
        reorganization under Chapter 11, the Company either (i) effects a transfer
        under section 414(l) of the Code of unfunded liabilities from the Hourly Plan to
        a plan sponsored by the Former Parent, (ii) makes contributions to the Hourly
        Plan, or (iii) makes a combination of transfers of unfunded liabilities under the
        Hourly Plan and cash contributions, so that the net unfunded liabilities under
        the Hourly Plan are reduced by at least $1.5 billion as determined on a FAS
        87 basis.  [This condition (4) shall be deemed satisfied if the Company
        satisfies condition (3) of the waiver of the minimum funding standard for the
        Hourly Plan for the plan year ending September 30, 2007.]

2

(5)  (i)    Not later than five (5) days after the effective date of the Company's plan of reorganization under Chapter 11, the Company (a) makes a contribution to the Hourly Plan equal to seventy-four and two-tenths percent (74.2%) of the estimated amount described in 4(ii) below based on the projections and assumptions provided by the Company in its waiver application submitted to the Service on August 3, 2007 (i.e., 74.2% of the amount described as the estimated quarterly payment due 1/15/2008 on page one of the schedule labeled IRS 7/20/2007 SCENARIO #D) (the "Scenario #D Amount"), and (b) deposits into escrow an amount equal to twenty-five and eight-tenths percent (25.8%) of such Scenario #D Amount.

(ii)   No later than five (5) months after the effective date of the Company's plan of reorganization under Chapter 11, the Company calculates the amount sufficient to result in a funded current liability percentage as of the effective date of the Company's plan of reorganization under Chapter 11, when measured reflecting such contributions and the impact of the section 414(l) transfer, that is the same funded current liability percentage that would have existed as of the effective date of the Company's plan of reorganization under Chapter 11, if (a) the funding waivers had not been granted, (b) the section 414(l) transfer had not occurred, and (c) a contribution had been made on the effective date of the Company's reorganization under Chapter 11 equal to the accumulated Employee Retirement Income Security Act of 1974 ("ERISA") funding deficiency as of September 30, 2007.  These calculations should exclude the $20 million contribution outlined in condition (5) of this ruling letter and the $20 million contribution outlined in conditions (6) and (7) in the ruling letter dated May 1, 2007 (as modified by the ruling letter dated July 13, 2007).

(iii)  If the contribution described in 4(i)(a) above is less than the amount calculated in 4(ii) above, the Company makes an additional contribution within 15 days after making the calculation described in 4(ii) above from the escrow account described in 4(i)(b) above in an amount that is sufficient to make the funded current liability percentages described in 4(ii) above equal.

(iv)  If the amount in the escrow account in 4(i)(b) above is not sufficient to make the additional contribution described in 4(iii) above, the Company makes an additional contribution within 15 days after making the calculation described in 4(ii) above that is sufficient to make the funded current liability percentages described 4(ii) above equal.  Any amount remaining in the escrow account after condition 4 is met will be returned to the Company within 15 days after condition 4 is met.

3

    (v)  ·  If a credit balance is created as a result of the contributions described in 4(i), (iii) or (iv) above, the Company elects to reduce to zero (0) such remaining credit balance as exists in the Hourly Plan as of October 1, 2008, prior to determining the value of plan assets and crediting them against the minimum required contribution for the plan year ending September 30, 2009, in accordance with the Pension Protection Act of 2006 ("PPA"). If the contribution described in 4(i)(a) is greater than the amount calculated in 4(ii), the Company will be allowed to keep a credit balance equal to the amount of such excess, and this credit balance will be available to offset contributions for plan years beginning October 1, 2008, and later.

(6)    Not later than five (5) days after the effective date of the Company's plan of reorganization under Chapter 11, the Company makes a contribution to the Hourly Plan in the amount of $10 million for the plan year ending September 30, 2007.

(7)    Not later than five (5) days after the effective date of the Company's plan of reorganization under Chapter 11, the Company makes a contribution to the Hourly Plan in the amount of $10 million (in addition to the $10 million contribution in condition (6) above) for the plan year ending September 30, 2007, in full and final settlement of all claims or potential claims against the Company under section 4971 of the Code with respect to the Hourly Plan and the Salaried Plan for the plan years ending September 30, 2005. The Service will not pursue any such claims against the Company prior to the effective date of the Company's plan of reorganization under Chapter 11.

(8)    Not later than five (5) days after the effective date of the Company's plan of reorganization under Chapter 11, the Company reimburses the PBGC for outside consulting fees incurred in the review of the Company's funding waiver request in an amount not to exceed $2 million. [This condition (8) shall be deemed satisfied if the Company satisfies condition (6) of the waiver of the minimum funding standard for the Hourly Plan for the plan year ending September 30, 2007.]

The modifications are being made so that the conditions are consistent with the conditions of a waiver of the minimum funding standard granted for the Hourly Plan for the plan year ending September 30, 2007.

This conditional waiver has been granted in accordance with section 412(d) of the Code and section 303 of ERISA. The amount for which this conditional waiver has been granted is equal to the contributions that would otherwise be required to reduce the balance in the funding standard account to zero as of September 30, 2006.

4

Your attention is called to section 412(f) of the Code and section 304(b) of ERISA which describe the consequences that would result in the event the Hourly Plan is amended to increase benefits, change the rate in the accrual of benefits or to change the rate of vesting, while any portion of the waived funding deficiency remains unamortized. Please note that any amendment to a profit sharing plan or any other retirement plans (covering employees covered by the Hourly Plan) maintained by the Company, to increase the liabilities of those plans would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA. Similarly, the establishment of a new profit sharing plan or any other retirement plan by the Company (covering employees covered by the Hourly Plan) would be considered an amendment for purposes of section 412(f) of the Code and section 304(b) of ERISA.

This ruling is directed only to the taxpayer that requested it. Section 6110(k)(3) of the Code provides that it may not be used or cited by others as precedent.

We have sent a copy of this letter to the Manager, EP Classification in Baltimore, Maryland, to the Manager, EP Compliance Unit in Chicago, Illinois, and to your authorized representative pursuant to a power of attorney on file in this office. We suggest that you furnish a copy of this letter to the enrolled actuary who is responsible for the completion of the Schedule B.

If you require further assistance in this matter, please contact Mr. Heil (ID# 50-03208) at (410) 962-9480.

Sincerely yours,

Joseph H. Grant, Director
Employee Plans

cc:    Mr. William L. Sollee, Jr., Esq.