UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                       :      Chapter 11
                                            :
DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
                                            :
                  Debtors.   :      (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER (A) DISPOSING OF CERTAIN OBJECTIONS TO DEBTORS' DISCLOSURE
STATEMENT AND SOLICITATION PROCEDURES MOTION AND (B) SETTING
FURTHER NON-OMNIBUS HEARING DATE AND RELATED PROCEDURES

("DISCLOSURE STATEMENT AND SOLICITATIONS PROCEDURES ORDER")

Upon the Motion For Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures, dated September 6, 2007 (Docket No. 9266) (the "Motion") of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), the Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, dated September 6, 2007 (Docket No. 9263) (the "Plan"), and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 9264), dated September 6, 2007 (the "Disclosure Statement"); and upon the objections of Sharyl Y. Carter, dated September 11, 2007 (Docket Nos. 9513 and 10417) (the "Carter

Objections"), the objection of Peugeot JAPY Industries SA, dated September 28, 2007 (Docket No. 9668) (the "Peugeot Objection"), the objection of PBR Tennessee, Inc., PBR Knoxville LLC, PBR Columbia LLC, And PBR Australia Pty Ltd., dated September 28, 2007 (Docket No. 9669) (the "PBR Objection"), the objection of SABIC Innovative Plastics US LLC, dated September 28, 2007 (Docket No. 9670) (the "SABIC Objection"), the limited objection of The Ace Companies, dated September 28, 2007 (Docket No. 9674) (the "ACE Objection"), the limited objections of Bank of America, N.A., dated September 28, 2007 (Docket Nos. 9677 and 9680) (the "BofA Objections"), the response of the Lead Plaintiffs, dated October 1, 2007 (Docket No. 10398) (the "Lead Plaintiffs Response"), the objection of the UAW Skilled Trades Employees, dated September 24, 2007 (Docket No. 10413) (the "Skilled Trades Employees Objection"), and the objection of Ernest A. Knobelspiesse, dated September 24, 2007 (Docket No. 10414) (the "Knobelspiesse Objection"); and upon the Debtors' Omnibus Response to Disclosure Statement Objections, dated October 2, 2007 (Docket No. 10418); and upon the commencement of the hearing on the Motion on October 3, 2007 (the "Hearing") in the United States Bankruptcy Court for the Southern District of New York (the "Court") in accordance with the Order Scheduling Non-Omnibus Hearing on the Debtors' Motion To Approve Solicitation Procedures And Disclosure Statement, dated August 6, 2007 (Docket No. 8898); and upon the admission into evidence of Debtors' hearing exhibits nos. 1 through 20 at the Hearing without objection from any party; and the Court having been advised in open Court by the Debtors that certain amendments to the Plan and Disclosure Statement were being considered by the Debtors in connection with exit financing and key stakeholder discussions being conducted by the Debtors (the "Potential

2

Amendments"); and upon the record at the Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. Notice of the Hearing was properly and timely given as evidenced by the affidavits of service and affidavits of publication admitted into evidence at the Hearing as exhibit numbers 9 through 20, inclusive (Docket Nos. 9544, 9608, 9630, 9631, 9632, 9633, 9634, 9635, 9636, 9637, 9638, and 9639), and was sufficient. Except to the extent provided in this Order in paragraphs 5 and 6 below and subject to the filing of and the Court's consideration of the Potential Amendments, no further notice is necessary or required with respect to the Court's consideration of the Motion or the Disclosure Statement including any Potential Amendments.

2. Each of the Peugeot Objection, PBR Objection, SABIC Objection, Carter Objections, Skilled Trades Employees Objection, and the Knobelspiesse Objection is overruled as stated on the record at the Hearing.

3. The ACE Objection and the BofA Objections are resolved and withdrawn as stated on the record at the Hearing.

4. At the Hearing, the following potential objectors were granted additional time to evaluate the Motion and consult with the Debtors regarding the Disclosure Statement, the Plan and the Potential Amendments: the Official Committee of Unsecured Creditors, the Official Committee of Equity Security Holders, A-D Acquisition Holdings, LLC (an affiliate of Appaloosa Management L.P.) as lead plan investor under the Plan, General Motors Corporation, the Ad Hoc Committee of Trade Creditors, Wilmington Trust Company as indenture trustee, and a group of bondholders

represented by common counsel consisting of DK Acquisition Co., Silverpoint Capital, Sandell Management Co., Elliott Management Company, and CR Intrinsic (collectively, the "Potential Objectors") as well as the Lead Plaintiffs (but only to the extent of matters raised in the Lead Plaintiffs Response or any Potential Amendments) (the Lead Plaintiffs, together with the Potential Objectors, the "Remaining Objectors"). The Remaining Objectors shall file any objection to the Motion no later than 4:00 p.m. (prevailing Eastern time) October 19, 2007, or be time barred from prosecuting any objection to the Motion, and all such objections shall be subject to a full reservation of rights by the Debtors and other parties in interest. Any Remaining Objector filing an objection to the Motion and/or Disclosure Statement shall make a good faith effort to include language in its objection which would satisfy such objection.

5.    The omnibus reply deadline for the Debtors shall be 4:00 p.m. (prevailing Eastern Time) on October 24, 2007. The Debtors shall include in their omnibus reply (a) a summary of the Potential Amendments and marked changed pages to the Disclosure Statement and Plan and (b) a revised Plan solicitation timeline which timeline shall provide for a plan exhibit filing date no later than ten days prior to the proposed plan voting and objection deadline.

6.    Any objection with respect to the Motion and/or Disclosure Statement filed by a Remaining Objector or reply filed by the Debtors shall be filed with this Court and served in accordance with Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Case Management Order") and the

Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (the "Amended Eighth Supplemental Order").

7. The Debtors and any Remaining Objector who objects to the Motion and/or Disclosure Statement shall conduct a meet and confer conference at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 at 4:00 p.m. (prevailing Eastern time) on October 23, 2007, consistent with Paragraph 5 of the Case Management Order, to discuss a possible resolution of any such objection(s) and the process of identification of the proposed evidence to be introduced and the witnesses to be called so that the Hearing can be conducted in an orderly manner.

8. The Court shall hold a continued hearing on the Motion at 1:00 p.m. (prevailing Eastern time) on October 25, 2007.

9. Service of this order shall be made in accordance with the Case Management Order and the Amended Eighth Supplemental Order.

Dated:  New York, New York
        October 9, 2007

                                           /s/ Robert D. Drain
                                           UNITED STATES BANKRUPTCY JUDGE