SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
    In re                          :        Chapter 11
                                        :
DELPHI CORPORATION, et al.,     :        Case No. 05–44481 (RDD)
                                        :
                     Debtors.     :        (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER CONSOLIDATING AND SETTING
MAXIMUM LIABILITY FOR PROOFS OF CLAIM NUMBERS 13268 AND 13269
<u>(KILROY REALTY LP)</u>

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Packard Hughes Interconnect Company ("Packard Hughes Interconnect"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Kilroy Realty LP ("Kilroy") respectfully submit this Joint Stipulation And Agreed Order Consolidating And Setting Maximum Liability For Proofs Of Claim Numbers 13268 And 13269 (Kilroy Realty LP) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, Kilroy filed proof of claim number 13268 ("Proof of Claim No. 13268") against DAS LLC, which asserts an unsecured non-priority claim in a partially unliquidated amount stemming from the lease of property.

WHEREAS, also on July 31, 2006, Kilroy filed proof of claim number 13269 ("Proof of Claim No. 13269") against Packard Hughes Interconnect, which asserts an unsecured claim in a partially unliquidated amount (together with Proof of Claim No. 13268, the "Claims") stemming from the lease of property.

WHEREAS, Kilroy asserts that DAS, LLC and Packard Hughes Interconnect are jointly and severally liable for the Claims, and the Debtors reserve the right to challenge that assertion.

WHEREAS, on October 31, 2006, the Debtors objected to the Claims pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And

2

05-44481-rdd    Doc 10510    Filed 10/10/07    Entered 10/10/07 13:32:35    Main Document
Pg 3 of 5

Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 21, 2007, Kilroy filed its Response To The Debtors' Third Omnibus Objection To Kilroy Realty, LP's Proofs Of Claim Nos. 13268 And 13269 (Docket No. 5618).

WHEREAS, DAS LLC, Packard Hughes Interconnect, and Kilroy acknowledge and agree that Kilroy in no event shall Kilroy be entitled to recover an amount, in the aggregate, exceeding $3,000,000.00 (exclusive of any postpetition interest that may be provided pursuant to the Debtors' Plan Of Reorganization filed September 6, 2007 (Docket No. 9263)) on account of the Claims.

THEREFORE, the Debtors and Kilroy stipulate and agree as follows:

1. In no event shall Proof of Claim No. 13268 be allowed in an amount exceeding $3,000,000.00.

2. For administrative convenience only, and without prejudice to Kilroy's rights against Packard Hughes Interconnect, Proof of Claim No. 13269 shall, subject to the terms and conditions of this stipulation, be deemed disallowed and expunged in its entirety subject to the right of Kilroy to reassert Proof of Claim No. 13269 against Packard Hughes Interconnect in an amount no greater than $3,000,000.00, as set forth herein. Such reasserted claim shall relate back to July 31, 2006. To the extent Kilroy reasserts Proof of Claim No. 13269, Kilroy must file such reasserted claim with this Court and serve such reasserted claim on counsel for the Debtors and the claims agent in these chapter 11 cases. In the event that Kilroy reasserts Proof of Claim

No. 13269, such claim shall remain subject to future objection by the Debtors; <u>provided, however</u>, that the Debtors shall not object to Proof of Claim No. 13269 on the grounds it is untimely and each Debtor and Kilroy shall be estopped from relitigating any finding of fact or conclusion of law determined by the Court in connection with any judicial proceeding involving Proof of Claim No. 13268.

        3.      If (i) this Court confirms a plan of reorganization filed by the Debtors (the "Plan of Reorganization"), (ii) the order confirming such Plan of Reorganization is final, has not been stayed or is no longer subject to appeal, certiorari proceeding, or other proceeding for review or rehearing, and no appeal, certiorari proceeding, or other proceeding for review or rehearing shall then be pending and such Plan of Reorganization is consummated, (iii) the Third Omnibus Objection, to the extent it relates to the Claims, is resolved, and (iv) under the Plan of Reorganization Kilroy receives payment in full of its Claim, then Kilroy acknowledges and agrees that Proof of Claim No. 13269 may not be reasserted against Packard Hughes Interconnect and/or DAS LLC and if already reasserted, shall, upon the effective date of the Plan of Reorganization, be expunged with prejudice.

        4.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the disallowance of any claim asserted in Proof of Claim No. 13268.

So Ordered in New York, New York, this <u>9th</u> day of <u>October</u>, 2007

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | Alan Marder |
| John Wm. Butler, Jr. | Alan Marder |
| John K. Lyons | ROSEN SLOME MARDER LLP |
| Ron E. Meisler | 333 Earle Ovington Boulevard, Ninth Floor |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Uniondale, New York 11553-3622 |
| 333 West Wacker Drive, Suite 2100 | 516-227-1600 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorneys for Kilroy Realty, LP |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession