**Hearing Date: December 6, 2007**
                                                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

## DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 16573 (TOWER AUTOMOTIVE, INC.)

("STATEMENT OF DISPUTED ISSUES – TOWER AUTOMOTIVE")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 16573 (the "Proof Of Claim") filed by Tower Automotive, Inc. ("Tower," or the "Claimant") and respectfully represent as follows:

Background

1. On July 31, 2006, Tower filed proof of claim number 15221 ("Proof of Claim No. 15221") against DAS LLC. Proof of Claim No. 15221 asserts an unsecured non-priority claim in an unliquidated amount.

2. On March 14, 2007, Tower filed the Proof Of Claim against DAS LLC. The Proof Of Claim amends Proof of Claim No. 15221 and asserts an unsecured non-priority claim of $14,540,878.50 and an unliquidated secured claim related to Tower's alleged rights to recover preferential transfers pursuant to 11 U.S.C. § 547 (the "Claim").

3. On August 24, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

4.    On September 24, 2007, the TAI Unsecured Creditors Liquidating Trust, as the estate representative of Tower, filed the Response Of The TAI Unsecured Creditors Liquidating Trust To The Debtors' Twentieth Omnibus Claims Objection (Docket No. 9559) (the "Response").

Disputed Issues

5.    The Claim should be disallowed and expunged because the entire amount that Tower seeks to recover as avoidable transfers is subject to the defenses provided for in section 547(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The majority of the payments (the "Allegedly Avoidable Transfers") that Tower made to Delphi in the 90 days before Tower filed its chapter 11 petition (the "Preference Period") were offset by new value that Delphi provided to Tower. The remainder of the Allegedly Avoidable Transfers were made in the ordinary course of business.

A.    <u>The Allegedly Avoidable Transfers Must Be Offset By The New Value Delphi Provided To Tower</u>

6.    DAS LLC continued to ship goods to Tower during the Preference Period. Section 547(c)(4) of the Bankruptcy Code provides that a transfer may not be avoided if, after such transfer, the creditor gave new value to or for the benefit of the debtor (the "New Value Exception"). New value is defined as money or money's worth in goods, services, or credit.

7.    DAS LLC continued to provide goods, as evidenced by invoices provided to Tower, during the Preference Period. Those goods provided during the Preference Period constitute new value. Of the $14,540,878.50 in Allegedly Avoidable Transfers made during the Preference Period, transfers in the amount of $12,660,564 were followed by Delphi providing new value. These transfers are therefore unavoidable pursuant to the New Value Exception.

3

Even if the New Value Exception was the only exception available, which it is not, Tower's claim would have to be reduced to $1,976,289.42.[1]

B.   Payments That Tower Made In The Ordinary Course Of Business May Not Be Avoided

   8.   In addition to the New Value Exception, section 547(c) of the Bankruptcy Code provides that payments made in the ordinary course for debts incurred in the ordinary course of business cannot be avoided. 11 U.S.C. § 547(c)(2). Specifically, section 547(c)(2) in effect as of the filing of the Debtors' voluntary petitions in these cases states that a transfer may not be avoided to the extent that such transfer was:

> (a) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
>
> (b) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>
> (c) made according to ordinary business terms.

Almost half of the payments that Tower seeks to recover were made in the ordinary course of business.

   9.   To determine whether payments were made in the ordinary course of business, the Debtors examined Tower's payment history for the twelve month period immediately preceding the Preference Period. In that year, Tower took an average of 57.8 days to pay invoices. The Debtors have examined the Allegedly Avoidable Transfers to determine the amount of time that elapsed between invoicing and payment. The Debtors then noted which Allegedly Avoidable Transfers were made within a reasonable time before or after the average

---

[1]   Attached hereto as Exhibit A, is a chart prepared by the Debtors (the "Preference Defense Chart") which lists all Allegedly Avoidable Transfers and applies the Debtors' defenses to such transfers under section 547(c)(4) of the Bankruptcy Code. The Preference Defense Chart states all new value given to Tower and tracks the balance in the column labeled "New Value."

4

payment period. The Debtors have defined the ordinary course payment period as fourteen days before or after the average payment period, which equates into a range of 44 to 72 days. These payments were made in the ordinary course of business and therefore cannot be avoided.

10.     When these ordinary course payments are subtracted from the amount of the Allegedly Avoidable Transfers, the remainder of the claim is fully offset by new value provided by the Debtors. The Preference Defense Chart attached hereto as <u>Exhibit A</u> tracks the balance of Tower's claim when payments made in the ordinary course are not included in the column labeled "New Value + Ordinary Course +/- 14 days."[2] Therefore, the entire amount claimed is unavoidable pursuant to the exceptions provided in section 547(c) of the Bankruptcy Code. Even if the ordinary course payment period is viewed more narrowly, using only a seven day variance from the average payment period (<u>i.e.</u>, payments made between 51 and 65 days of invoicing), the full amount claimed still falls under the New Value Exception or the ordinary course of business defense and is therefore unavoidable. The application of the more narrow 7-day variance is set forth in the Preference Defense Chart in the column labeled "New Value + Ordinary Course +/- 7 days."

11.     Because all of the Allegedly Avoidable Transfers fall under either the New Value Exception or the ordinary course defense provided in section 547(c) of the Bankruptcy Code, the Claim should be disallowed and expunged in its entirety.

---

[2] While the data in the column labeled "New Value" relies only on the New Value Exception, the column labeled "New Value + Ordinary Course +/- 14 days" provides an alternative analysis which first applies the ordinary course defense to eliminate ordinary course payments, and then applies the New Value Exception. The column labeled "New Value + Ordinary Course +/- 7 days" first applies the ordinary course defense, and then the New Value Exception using a seven day variation from the average payment period rather than a 14 day variation.

C.   The Payments In Question Each Related To A Shipment Of Goods Constituting An Equivalent Exchange Of Value

12.   The payments in question all related to invoices for the prior shipment of goods by DAS LLC to Tower. Although Tower alleges in the Claim that these payments are potentially avoidable as fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code, these payments were each made in relation to an equivalent exchange of value. Section 548(a)(1)(B) only applies where the transferor received "less than a reasonably equivalent value in exchange for such transfer." Here, Tower's payments were all in exchange for goods provided by the Debtors, and thus cannot be recovered.

Reservation Of Rights

13.   This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       October 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By:   /s/ John Wm. Butler, Jr.           .
      John Wm. Butler, Jr. (JB 4711)
      Albert L. Hogan, III (AH 8807)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -


By:   /s/ Kayalyn A. Marafioti          
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession