**Hearing Date:  December 6, 2007**
                                                        **Hearing Time:  10:00 A.M. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 1532 (OHIO DEPARTMENT OF TAXATION)

("STATEMENT OF DISPUTED ISSUES – OHIO DEPARTMENT OF TAXATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 1532 (Ohio Department of Taxation) (this "Statement of Disputed Issues") and respectfully represent as follows:

Background

1. On January 13, 2006, the Ohio Department of Taxation (the "Department") filed proof of claim number 1532 (the "Proof of Claim") against Delphi. The Proof of Claim asserts a claim in the total amount of $36,026,477.41, consisting of itemized amounts for a priority unsecured claim for taxes in the amount of $27,556,215.16 and for interest in the amount of $4,336,829.98 and a general unsecured claim for penalties in the amount of $4,133,432.27 (collectively, the "Claim") arising under a sales and use tax assessment for the period January 1, 2000 though October 8, 2005 (the "Assessment").

2. On August 24, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Duplicate And Amended Claims, (b) Insufficiently Documented Claims, (c) Claims Not Reflected On Debtors' Books And Records, (d) Untimely Claim, And (e) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

3. On September 20, 2007, the Department filed its Response To Debtors' Twentieth Omnibus Objection To Claims (Docket No. 9468) (the "Response").

      4.      Before the filing of these chapter 11 cases, the Department commenced a sales and use tax audit of Delphi's purchases made on and after January 1, 2000 (a period which was eventually extended to Delphi's petition date, October 8, 2005) (the "Audit").

      5.      On March 20, 2006, the Department issued, by certified mail, the Assessment against Delphi under Ohio Rev. Code § 5739.13 for the audit period in the amounts set forth above. Delphi did not receive a written description of the basis of the Assessment with or before that notice (i.e., neither a listing of transactions the Department determined were taxable nor a calculation of the tax owed based on such taxable transactions). Rather, specific transactions to be analyzed were selected as audit work continued post-Assessment.

      6.      During the Audit, Delphi and the Department agreed that the disputed amounts underlying the Proof of Claim are limited to transactions with certain vendors which have been alleged by the Department to be taxable as employment services. The cumulative amount of sales tax in controversy involving these vendors is $18,821,532, excluding any interest and penalty the Department may believe is owed on the sales tax amount.[1]

Disputed Issues

A.    <u>The Purchase Transactions Do Not Constitute Taxable Employment Services Within The Meaning Of The Ohio Revised Code</u>

      7.      The service transactions in question are excluded from taxable employment services under Ohio Rev. Code § 5739.01(JJ)(3).[2] Delphi's vendor agreements are

---

[1]    The Audit with respect to these disputed amounts continues. Separately, Delphi and the Department have reached an agreement in principle in the ordinary course of the Audit with respect to other sales and use tax underpayments in the amount of $3,904,969.

[2]    For all time during the audit period, Ohio law imposed sales tax on a type of enumerated service transaction described as "employment services." Ohio Rev. Code § 5739.01(B)(3)(k) (defining the term "sale" to mean certain services including "employment services"). The term "employment services" was defined for the period under audit as:

<i>(cont'd)</i>

3

of a term of at least one year and the personnel assigned to Delphi are assigned on a permanent or unlimited basis. Thus, they are excluded from this category of taxable transactions. H.R. Options, Inc. v. Zaino, 100 Ohio St. 3d 373, 800 N.E.2d 740 (2004) (holding that permanent assignment requirement of Ohio Rev. Code § 5739.01(JJ)(3) can be satisfied when assignment is for indefinite duration including one with assignment starting date but no express ending date provided employee is not assigned as substitute for current employee on leave or to meet seasonal or short-term workload needs; contract and facts and circumstances of assignment determine permanency); BJ Alan Co. v. Tracy, No. 99-N-196, 2002 Ohio Tax LEXIS 332 (Ohio Bd. Tax Appeals, March 1, 2002) (early termination clause that may be exercised in first year does not disqualify transactions from application of exclusion provided in Ohio Rev. Code § 5739.01(JJ)(3)).

        8.    The questioned services also fail to satisfy the three prongs of the definitional requirements of Ohio Rev. Code § 5739.01(JJ). Moore Personnel Services, Inc. v. Zaino, 98 Ohio St. 3d 337, 784 N.E.2d 1178 (2003) (determining that for transaction to satisfy

---

*(cont'd from previous page)*

> "Employment service" means providing or supplying personnel, on a temporary or long-term basis, to perform work or labor under the supervision or control of another, when the personnel so supplied receive their wages, salary, or other compensation from the provider of the service. "Employment service" does not include:
>
> > (1) Acting as a contractor or subcontractor, where the personnel performing the work are not under the direct control of the purchaser.
> >
> > (2) Medical and health care services.
> >
> > (3) Supplying personnel to a purchaser pursuant to a contract of at least one year between the service provider and the purchaser that specifies that each employee covered under the contract is assigned to the purchaser on a permanent basis.
> >
> > (4) Transactions between members of an affiliated group, as defined in division (B)(3)(e) of this section.
>
> Ohio Rev. Code § 5739.01(JJ).

4

requirements of definition of employment services in Ohio Rev. Code § 5739.01(JJ), service transaction must meet three separate requirements: (1) service vendor must provide or supply personnel to purchaser on temporary or long-term basis; (2) personnel must perform work or labor under supervision or control of another; and (3) personnel must receive their wages, salary, or other compensation from vendor of employment service); <u>Crew 4 You, Inc. v. Wilkins</u>, 105 Ohio St. 3d 356, 826 N.E.2d 817 (2005).

B.      <u>Delphi Should Not Be Required To Pay Interest Or Penalties Because The Department Failed To Comply With Its Own Assessment Procedures</u>

9.      The Department failed to substantially comply with its own procedures under Ohio Rev. Code § 5703.51(C) in issuing the sales tax assessment in question. Such a failure excuses Delphi from any penalty or interest that may arise from an assessment of sales tax on allegedly taxable employment services. Ohio Rev. Code § 5703.51(I).

C.      <u>The Department Should Abate Any Tax Penalty</u>

10.     Finally, the Department should exercise its discretion and abate all penalties assessed pursuant to Ohio Rev. Code § 5739.133 for transactions it alleges are taxable as employment services.

11.     Delphi's sales tax compliance was based on a good-faith effort to comply with Ohio law. For example, in Delphi's previous audit, the Department concluded that the sales transactions performed under these service agreements were not subject to Ohio sales tax on employment services. Delphi continued to file timely sales tax returns consistent with its audit experience and its understanding of the law. There was no intent on Delphi's part to avoid lawfully owed tax.

12.     Delphi cooperated with the Department during the current audit, despite its manifold bankruptcy obligations and dealing with numerous other states on a variety of tax issues.

13.     The imposition of a discretionary penalty, therefore, would serve no purpose. The discretionary penalty cannot provide an incentive for Delphi to comport itself in any better tax compliant manner, as it already had adopted reasonable tax positions and filed timely returns. Therefore, Delphi believes that failure to abate the penalties under these circumstances would be an abuse of discretion.

D.    <u>The Department Is Not Entitled To Priority Status For Prepetition Penalties Or Any Postpetition Penalties</u>

14.     The Proof of Claim asserts $4,133,432.27 as a penalty due in addition to the taxes and interest asserted. As discussed above, the tax penalty should be abated and reduced to zero. To the extent that the penalties are not abated, however, any penalty portion of the Department's claims should not be entitled to priority under 11 U.S.C. § 507 because the penalties are not in compensation for actual pecuniary loss. Moreover, to the extent that the penalty portion of the Proof of Claim is based on penalties that were imposed, accrued, or otherwise arose after the petition date of October 8, 2005, that portion should be disallowed.

<u>Reservation Of Rights</u>

15.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of

Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim; (b) the Debtors' right to identify later additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim; and (c) the Debtors' right to seek a determination of tax liability under section 505 of the Bankruptcy Code with respect to the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) determining that in no event shall the Claim be allowed in an amount greater than $3,904,969, the amount agreed to in the ordinary course of the ongoing Audit, (b) determining that the transactions in question do not fall into the category of taxable employment services under the Ohio Revised Code, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       October 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                    By: /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr. (JB 4711)
                        John K. Lyons (JL 4951)
                        Albert L. Hogan, III (AH 8807)
                        Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                    - and -

                    By: /s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York  10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                      Debtors and Debtors-in-Possession