UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

OCT - 9 2007

---------------------------------------------------------x
:
In re                                          :    Chapter 11
:
DELPHI CORPORATION, *et al.*,                  :    Case No. 05-44481 (RDD)
:
Debtors.                         :    (Jointly Administered)
:
---------------------------------------------------------x

## CLAIMANT DAVID WRIGHT'S MOTION FOR LEAVE TO FILE LATE CLAIM

Pursuant to the Notice of Deadline to File Motion for Leave to File Late Claim and Federal Rule 9006(b)(1), Claimant David Wright (herein "Wright") respectfully submits his Motion for Leave to File Late Claim. In support of his Motion, Wright states as follows:

1. On February 28, 2006, Claimant filed a Complaint and Demand for Jury Trial in the U.S. District Court for the Southern District of Indiana, Indianapolis Division (Cause No. 1:06-cv-0347-LJM-WTL) alleging violations of the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq.* and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2. Pursuant to both COBRA and ERISA, Wright submits the following claims for money damages against Debtors: (1) Cost of medical insurance, $8,905.95; (2) Out of pocket medical expenses, $2,121.80; (3) Prescription drug costs, $320.22; (4) Cost of dental insurance, $840.00; (5) Out of pocket dental costs, $347.00; (6) Separation package based on twenty-one (21) years and eight (8) months of service, $59,100.00; and (7) Attorney fees, $4,680.73.

3. On April 25, 2006, Debtors filed Notice of Automatic Stay in Wright's lawsuit.

4. Wright filed his Proof of Claim on January 8, 2007.

1

5.  In his April 11, 2007 Response to Debtors' Eleventh Omnibus Objection (Claim 16474), Wright states that Debtors did not provide him notice of the Bar Date and that he did not receive notice of the Bar Date.

6.  On September 25, 2007, undersigned counsel spoke with Wright via telephone. At that time, Wright confirmed that he had not received notice of the Bar Date and, as such, could not and did not forward said notice to the undersigned prior to the Bar Date. Wright further confirmed that he did not learn of the Bar Date or inform undersigned counsel's law firm of the Bar Date until January 2007, at which time undersigned counsel's law firm worked diligently to prepare Wright's proof of claim.

7.  As Wright did not receive notice of the Bar Date, and that when he did receive notice of the expired Bar Date in January 2007 he and undersigned counsel worked diligently to prepare his proof of claim, he now seeks leave to file his claim.

WHEREFORE, Claimant David Wright prays the Court grant him leave to file a late claim and issue an order stating that his proof of claim, filed January 8, 2007, is timely, and for all other relief just and proper in the premises.

Respectfully submitted,

_____
Meghan U. Lehner
on behalf of Claimant David Wright

2

## Certificate of Service

Claimant certifies that a copy of the foregoing has been served this 3rd day of October, 2007, via U.S. Mail properly addressed to the following:

General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Kayalyn A. Marafioti
Thomas J. Matz
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

_____
Meghan U. Lehner