TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Richard K. Milin (RM-7755)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :    Chapter 11
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 [RDD]
                                                            :
                         Debtors.                           :    Jointly Administered
                                                            :
------------------------------------------------------------x

**JOINT STIPULATION AND AGREED ORDER ESTABLISHING SCHEDULE FOR
BRIEFING CONCERNING OBJECTION TO PROOF OF CLAIM NUMBER 2247**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors") and Siemens VDO Automotive SAS ("VDO") respectfully submit this Joint

Stipulation And Agreed Order To Establish a Schedule for Briefing Concerning Proof of

Claim Number 2247 and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*,

in the United States Bankruptcy Court for the Southern District of New York.

1

WHEREAS, on or about March 10, 2006, VDO filed proof of claim number 2247 (the "Claim") against Delphi Automotive Systems LLC ("DAS LLC") asserting an unsecured non-priority claim in the amount of $9,309,024.84.

WHEREAS, the Debtors objected to the Proof of Claim pursuant to the Fifth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6100) ("Fifth Omnibus Claims Objection"), which was filed December 8, 2006.

WHEREAS, VDO filed its Supplemental Response to the Debtors' Fifth Omnibus Claims Objection on or about February 5, 2007.

WHEREAS, the Debtors filed their Notice of Claims Objection Hearing with Respect to Proof of Claim Number 2247 on September 4, 2007.

WHEREAS, the Debtors filed their Statement of Disputed Issues with Respect to Proof of Claim Number 2247 on September 11, 2007.

WHEREAS, VDO and the Debtors (collectively, the "Parties") have agreed to seek guidance from the Court regarding certain legal issues prior to conducting costly and potentially unnecessary discovery.

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1.     On October 9, 2007, VDO shall serve and file a Memorandum in Support of Claim (the "Memorandum in Support") stating all legal bases for the Claim as specified in paragraphs 2 and 3 below.

2.  If VDO maintains that it is contractually entitled to payment of all or part of its Claim, VDO's Memorandum in Support shall state, or identify documents stating, the material terms of the contract; shall identify each writing and oral statement that, it contends, are part of the parties' contract; shall identify each contractual provision that VDO maintains entitles it to payment of all or part of its claim, and shall specify how the contract was breached.

3.  If VDO maintains that it is legally entitled to payment of all or part of its Claim based on any theory in law or in equity other than breach of contract, and irrespective of whether VDO's theory is asserted in the alternative, VDO's Memorandum in Support shall state that theory; shall identify any statements, promises or actions which VDO maintains support its Claim; and shall describe the circumstances of VDO's reliance.

4.  VDO's Memorandum in Support shall be accompanied by documents and sworn statements or declarations sufficient to substantiate the factual assertions on which the Memorandum relies.

5.  If they determine to do so after review of VDO's Memorandum in Support, the Debtors shall serve and file a motion (the "Motion") on or before October 31, 2007 seeking to reduce or expunge VDO's Claim.

6.  Irrespective of whether the Debtors file a Motion, on or before November 5, 2007, or on such other date as the Parties may jointly select, the Parties shall conduct a mediation in good faith to determine whether their disagreement concerning the amount of VDO's Claim can be resolved consensually. Unless the Parties agree

otherwise, VDO's Memorandum in Support and the Debtors' memorandum in support of their Motion, if one is filed, shall serve as their respective mediation statements.  If, however, the Debtors have not filed the Motion, they shall submit a mediation statement to the mediator and VDO by five days before the mediation date setting forth their position and their response to VDO's Memorandum in Support.

7.    On or before November 16, 2007, VDO shall serve and file its response to the Debtors' Motion.  The response may present and support further facts in support of the legal bases stated in VDO's Memorandum in Support.

8.    On or before December 3, 2007, the Debtors shall serve and file their reply in further support of their Motion.

9.    The Court shall hold a hearing with respect to the Motion on December 6, 2007, at a time to be determined by the Court.

10.    If the parties' mediation continues for more than one full day but does not yield a settlement, the parties shall agree to reasonable extensions of the schedule set forth herein, but shall not extend the date of the hearing concerning the Motion.

11.    The procedures outlined in this Joint Stipulation and Order shall stay the procedures outlined in the Court's Order Establishing Dates for Hearings Regarding Objections to Claims, Docket No. 6089 (the "Procedures Order"), with respect to the Claim, but shall be in lieu of those Procedures only if the Motion is granted in all respects and the Claim is expunged.  If the Motion is denied in whole or in part, and absent a further agreement of the parties, VDO shall submit its Supplemental Response fifteen business days after the Court enters its order denying the Motion, and the Parties

shall proceed in accord with the Procedures Order.  If the Motion is denied in whole or in part, the parties reserve the right to submit further evidence in support of or in opposition to VDO's asserted right to payment on its Claim.

Dated:   New York, New York
          October 10, 2007

    DELPHI CORPORATION, et al.,
    Debtors and Debtors-in-Possession,
    By their Bankruptcy Conflicts Counsel,
    TOGUT, SEGAL & SEGAL LLP,
    By:

    /s/ Neil Berger
    NEIL BERGER (NB-3599)
    A Member of the Firm
    One Penn Plaza, Suite 3335
    New York, New York 10119
    (212) 594-5000

Dated:   Chicago, Illinois
          October 9, 2007

    SIEMENS VDO AUTOMOTIVE SAS
    By their Counsel,
    Reed Smith LLP
    By:

    /s/ Randall S. Lehner
    RANDALL D. LEHNER
    10 South Wacker Drive
    Chicago, Illinois 60606-7507
    (312) 207-1000

**SO ORDERED**

This 10th day of October, 2007
in New York, New York

    /s/Robert D. Drain
    HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE