HEARING DATE: October 25, 2007

DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700
David B. Aaronson (DA-8387)

Attorneys for Henkel Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|     Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------X

**RESPONSE OF HENKEL CORPORATION TO DEBTORS'**
**TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS AND/OR ANY PENDING**
**CLAIMS OBJECTION RELATED TO CLAIMS OF HENKEL CORPORATION**

Henkel Corporation ("Henkel"), by and through its undersigned counsel, responds to the Debtors' Twenty-First Omnibus Objection to Claims and/or any other pending claims objection regarding the claims of Henkel (the "Objection") as follows:

**FACTUAL BACKGROUND**

1.  Henkel timely filed multiple proofs of claims, with supporting documentation, which were assigned claim numbers 10656, 10681, 13441, 13249, and 6497 (collectively, the "Henkel Claims"). The Henkel Claims assert, inter alia, unsecured and administrative expense claims against the Debtors' estates.

WM\7468\1

      2.      On or about September 21, 2007, the Debtors filed the instant Objection, objecting to the Henkel Claims.[1]

**THE DEBTORS' OBJECTION IS INSUFFICIENT TO OVERCOME
THE PRIMA FACIE VALIDITY OF THE HENKEL CLAIMS**

      3.      The Henkel Claims were filed with adequate information, listing each account and the damages suffered.

      4.      Further, the Henkel Claims were filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Pursuant to Fed.R.Bankr.P. 3001(f), the Henkel Claims are "prima facie evidence of the validity and amount" of each claim.

      5.      In order to overcome the presumption of validity of the Henkel Claims, the party opposing the claim must present evidence equal in force to the prima facie case. See Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of an objection." In re Lanza, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standard since "the objection in and of itself is a mere statement of invalidity and insufficient to contest-the prima facie case. A trustee must document his objection with probative evidence to satisfy his burden of going forward." In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982).

---

[1] It appears that the Debtors failed to serve the Objection as required by Fed.R.Bankr.P. 7004(b)(3), as incorporated by Fed.R.Bankr.P. 9014. Although a claim objection constitutes a contested matter, it does not appear that the Debtors served the Objection upon any particular officer, managing or general agent of Henkel. Additionally, Henkel has yet to receive a copy of the Objection with respect to certain of the Henkel Claims. In an abundance of caution, Henkel files the instant response to preserve its rights with respect to the Henkel Claims.

6. The specifics behind the Debtors' general basis for objecting to the Henkel Claims is unclear as the Debtors have failed to identify any particular disagreement with the evidence supporting the Henkel Claims. Further, to the extent the Debtors' baldly assert that the Henkel Claims do not agree with the Debtor's books and records, such assertion is insufficient to overcome the prima facie validity of the properly filed Henkel Claims. See In re Michigan Wisconsin Transp. Co., 161 B.R. 628, 637 (Bankr. W.D. Mich. 1993) (holding that in the absence of any evidence other than a books and records objection, the objection to claim must be overruled). See also In re Good Hope Industries, Inc., 16 B.R. 719, 721 (Bankr. D.Mass. 1982) (holding that basing an objection on the fact that debtor's books and records did not reflect the amounts claimed was impertinent when the proof of claim was supported with adequate documentation); In re Systems Comm., Inc., 234 B.R. 143, 144 (Bankr. M.D. Fla. 1999) ("A debtor's book and record entries, presented alone, cannot be binding on a creditor. To hold otherwise would mean that if a debtor keeps no books and records it does not have any obligations, a proposition absurd on its face.").

7. For the foregoing reasons, this Court should deny the Objection.

**IF THE OBJECTION IS NOT OVERRULED WITH RESPECT TO THE HENKEL CLAIMS, THE ISSUES CONCERNING THE HENKEL CLAIMS SHOULD BE SEVERED FROM THE OBJECTION AS THEY WERE IMPROPERLY JOINED WITH THE DEBTORS' OTHER CLAIMS OBJECTIONS**

8. Federal Rule of Bankruptcy Procedure 7020 provides that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Bankr.P. 7020. Federal Rule of Bankruptcy Procedure 7021, as incorporated by Fed.R.Bankr.P. 9014, provides that "[p]arties may be

dropped or added by order of the court" and "[a]ny claim against a party may be severed and proceeded with separately." Fed.R.Bankr.P. 7021.

        9.      The Objection asserts many different bases for objecting to the numerous claims.  There are no common facts, occurrences, transactions or series of occurrences or transactions concerning those claims. Certainly, each claimant should not have to sit through a hearing over many days concerning the basis for, and objections to, *all* of the other unrelated claims.  Accordingly, if this Court does not deny the Objection with respect to Henkel, this Court should sever the objection to the Henkel Claims from the remaining objections.

        WHEREFORE, Henkel respectfully requests that this Court enter an order (i) denying the Objection, or (ii) severing the issues concerning the Henkel Claims from the other claims objections, and (iii) granting such other relief as is just and appropriate.

Dated: October 12, 2007

                Respectfully submitted,

                DRINKER BIDDLE & REATH LLP

        By: /s/ David B. Aaronson
            David B. Aaronson (DA-8387)
            DRINKER BIDDLE & REATH LLP
            One Logan Square
            18th & Cherry Streets
            Philadelphia, PA 19103
            Telephone:  (215) 988-2700
            Facsimile: (215) 988-2757

            Attorneys for Henkel Corporation