Hearing Date and Time: October 25, 2007 at 10:00 a.m.
(to be continued per Claim Objection Procedures Order)

Jay L. Welford (MI. Bar No. P34471)
Thomas E. Coughlin (MI. Bar No. P34471)
Paige E. Barr (Ill. Bar No. 6282474)
Jaffe, Raitt, Heuer & Weiss P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (Facsimile)
jwelford@jaffelaw.com
pbarr@jaffelaw.com

Attorneys for Northern Engraving Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          :    Chapter 11
                                                                :
DELPHI CORPORATION, et al.,                                     :    Case No. 05-44481 (RDD)
                                                                :
        Debtors.                                                :    (Jointly Administered)
-------------------------------------------------------------x

## RESPONSE OF NORTHERN ENGRAVING CORPORATION TO THE DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS

Northern Engraving Corporation ("NEC"), by and through its counsel, Jaffe, Raitt, Heuer & Weiss P.C., hereby files its Response to the Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims Asserting Reclamation (the "Twenty-First Objection"), and in support thereof states as follows:

1450926.02

1. NEC timely filed Proof of Claim numbers 7571 and 7572 on June 6, 2006 (individually a "Claim" and collectively the "Claims"). The Claims were assigned to Longacre Master Fund, Ltd. ("Longacre"), pursuant to a Notice of Transfer of Claim submitted September 7, 2006 (Docket # 5085 and 5086), but NEC retained the right to respond to any objections to the Claims.

2. The Claims assert unsecured and liquidated claims.

3. Claim number 7571 documented a sum of $152,953.02 owed to NEC by the Debtors for goods and services provided.

4. Claim number 7572 documented a sum of $177,776.94 owed to NEC by the Debtors for goods and services provided.

5. The Debtors previously filed their (I) Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 to Certain (a) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected on Debtors' Books and Records, (e) Untimely Claims and Untimely Tax Claims, and (f) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement, dated April 27, 2007 ("Thirteenth Omnibus Claims Objection").

6. The Thirteenth Omnibus Claims Objection sought to modify Claim Number 7572 to the sum of $152,672.23 ($129,190.17 as general unsecured and $23,482.06 as priority).

7. NEC did not file a response to the Thirteenth Omnibus Objection, and on June 29, 2007 the Order Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records,

(C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification and Reclamation Agreement Identified in Thirteenth Omnibus Claims Objection was entered modifying Claim Number 7152 the reduced sum of $152,672.23.

8.      Despite the fact that the Debtors expended the time and expense of analyzing Claim number 7572 and proposing a specific modified dollar amount, the Debtors reserved the right to file further objections to Claim number 7572.

9.      In the Twenty-First Objection, the Debtors seek to modify Claim number 7571 to the sum of $115,162.90 ($103,141.10 as general unsecured and $12,021.80 as priority), which is a reduction from the filed Claim amount of $152,953.02.  The Twenty-First Objection merely recites that Debtors object to the amount, classification or identity of the Claim, but does not provide any basis for the proposed reduction of the Claim amount.

10.     NEC has no objection to the classification of Claim number 7571 as proposed by the Debtors.

11.     The remainder of the Twenty-First Objection to Claim number 7571 should be denied because the goods and services (evidenced by the proof of claim and supporting information attached thereto at Exhibit A) were provided to the Debtors, the Claim represents an obligation of the Debtors in the total amount of $152,953.02, and the Claim amount has not been paid.

12.     Bankruptcy Rule 3001 provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

3

13. It is the Debtors' burden, as the objecting party, to produce evidence that the Claim should be denied:

> The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim. Upon introduction of sufficient evidence by the objecting party, the burden of proof will fall on whichever party would bear that burden outside of bankruptcy. In most cases, the burden of proof will have to be met by the claimant by a preponderance of the evidence.

9 Collier on Bankruptcy at 3001-28.1 – 28.2 (15th Ed.). *See also Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); *In re Hemingway Transp., Inc.*, 993 F.2d 915 (1st Cir. 1993) (an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence); *In re Fullmer*, 962 F.2d 1463 (10th Cir. 1992) (prepetition claims are presumed to be prima facie valid and the presumption may be overcome by the objecting party only it if offers evidence of equally probative value in rebuttal).

14. The Debtors have failed to present any factual or legal basis to rebut the Claim, and therefore the Claim should be allowed in its entirety:

15. At this time NEC cannot provide the specific factual and legal bases upon which it will rely in opposing the Twenty-First Objection because the Twenty-First Objection fails to provide any factual or legal basis to rebut the Claim.

16. Moreover, Claim numbers 7571 and 7572 should be allowed pursuant to a final order of this Court. The Debtors have had over two years to review and object to claims. Now that the Debtors have expended the time and expense of reviewing and objection to the Claims, and now that NEC has expended the time and expense in responding to the Objection, there is no justification for allowing the Debtors to file further objections to the Claims.

4

17. The address to which the Debtors must return any reply to this Response and any notice of hearing regarding the Objection or this Response are:

> Thomas E Coughlin
> Jaffe, Raitt, Heuer & Weiss P.C.
> 27777 Franklin Road, Suite 2500
> Southfield, Michigan 48034

WHEREFORE, NEC respectfully requests that this Court enter a final order (i) overruling the Twenty-First Objection as to NEC: (ii) allowing Claim number 7571 in the amount of $152,953.02, of which $12,021.80 will be entitled to priority, (iii) allowing Claim number 7572 in the amount of $152,672.23, of which $23,482.06 will be entitled to priority (consistent with the Court's ruling on the Thirteenth Objection); and (iv) granting NEC such other and further relief as is just.

Dated:    Southfield, Michigan
          October 15, 2007

JAFFE, RAITT, HEUER & WEISS, P.C.

By:  /s/ Jay L. Welford
Jay L. Welford (MI. Bar No. P34471)
Thomas E. Coughlin (MI Bar No. P40561)
Paige E. Barr (Ill. Bar No. 6282474)
Jaffe, Raitt, Heuer & Weiss P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (Facsimile)
jwelford@jaffelaw.com
tcoughlin@jaffelaw.com
pbarr@jaffelaw.com

Attorneys for Northern Engraving Corporation

1450926.02