**Hearing Date & Time: October 25, 2007 at 10:00 a.m.**
                                                   **Objection Deadline: October 18, 2007 at 4:00 p.m.**

DAMON & MOREY LLP
*Attorneys for Speed Motor Express of WNY, Inc.*
*d/b/a Speed Global Services*
Beth Ann Bivona, Esq. (BB3144)
1000 Cathedral Place
298 Main Street
Buffalo, New York 14202
(716) 856-5500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **CHAPTER 11** |
|     DELPHI CORPORATION, *et al.*, | **CASE NO. 05-44481 (RDD)** |
|                    Debtors. | **Jointly Administered** |

**OPPOSITION OF SPEED MOTOR EXPRESS OF WNY, INC. D/B/A SPEED GLOBAL SERVICES TO THE DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. §502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIM SUBJECT TO <u>MODIFICATION AND MODIFIED CLAIMS ASSERTING RECLAMATION</u>**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

       Speed Motor Express of WNY, Inc. d/b/a Speed Global Services ("Speed"), by and through its attorneys, Damon & Morey LLP, hereby submits this response (the "Response") in opposition to the Debtors' Twenty-First Omnibus Objection (Substantive) (the "Objection"). Speed respectfully submits as follows:

**Background**

1. On October 8 and 14, 2005 (the "Filing"), Delphi Corporation and certain of its U.S. subsidiaries and affiliates ("Debtors") each commenced a case under Chapter 11 of Title 11 of the United States Code.

2. Speed is a creditor of one or more of the Debtors.

3. On or about March 16, 2006, Speed filed a proof of claim with the Bankruptcy Court or the designated agent in the total amount of $88,316.34 ("Filed Proof of Claim") as a general unsecured claim.

4. The Debtors have filed an objection to the Filed Proof of Claim of Speed, *see*, the Objection, alleging that the Debtors' books and records reflect an outstanding liability of $35,399.20 and that Speed's claim should be reduced to that amount.

**Jurisdiction**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**Relief Requested**

7. By this Response in opposition to the Debtors' Objection, Speed respectfully requests that this Honorable Court deny the Debtors' request to reduce the amount of the Filed Proof of Claim and that this Honorable Court find that Speed has a valid general unsecured claim against the Debtors in the amount of $88,316.34.

**Argument**

8. The Debtors contracted with Speed for import and export freight shipping. Speed has continued to service the Debtors up to and through the Filing.

9.      The Filed Proof of Claim covers multiple invoices for services rendered on behalf of the Debtors prior to the Filing, approximately 527 invoices. These invoices total $88,316.34. A statement summarizing each invoice is attached as **Exhibit A** to the Affidavit of Dennis D. Sullivan (the "Sullivan Affidavit") being filed and served herewith.[1] The invoice summary identifies the Debtor, identifies the period of time covered by the invoice, lists the transaction number (product ID), the transaction dates (rate date), total amount billed, total amount paid and the balance outstanding.

10.     As set forth in the Sullivan Affidavit, Speed maintains its books and records in the ordinary course of its business. The books and records of Speed reflect the accounts that are billed to a customer, such as the Debtors, the amount of payment received by a customer and the outstanding liability attached to each account.

11.     As set forth in the Sullivan Affidavit, the accounts of Speed are monitored, maintained or controlled by Speed.

12.     As set forth in the Sullivan Affidavit, Speed maintains its books and records in the ordinary course of its business. The books and records of Speed reflect the accounts that are billed to a customer, such as the Debtors, the amount of payment received by a customer and the outstanding liability attached to each account.

13.     As set forth in the Sullivan Affidavit, multiple invoices submitted to the Debtors are the subject of the Filed Proof of Claim, approximately 527 invoices. The invoices are all for services rendered on behalf of the Debtors prior to the Filing. *See*, **Exhibit A** to the Sullivan Affidavit.

---

[1] The invoices are too voluminous to be included as a part of Exhibit A to the Sullivan Affidavit. They are available upon request.

3

14. As set forth in the Sullivan Affidavit, Speed's books and records reflect that the amount due to Speed at the time of the Filing was $88,316.34.

## Waiver of Memorandum of Law

15. This response in opposition to the Objection does not raise any novel issues of law. Accordingly, Speed respectfully requests that this Honorable Court waive the requirements contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

16. Speed reserves the right to supplement this Response and/or offer evidence at any hearing, if necessary, should the Debtors seek to supplement the Objection to respond to this Response.

17. Should the Debtors wish to reply to this Response, the reply should be sent to the undersigned counsel.

WHEREFORE, it is respectfully requested that this Honorable Court deny the Debtors' request to reduce the amount of the Filed Proof of Claim and that this Honorable Court find that Speed has a valid general unsecured claim against the Debtors in the amount of $88,316.34.

**DATED**:    Buffalo, New York        **DAMON & MOREY LLP**
October 17, 2007

By:/s/ Beth Ann Bivona
Beth Ann Bivona, Esq. (BB3144)
1000 Cathedral Place
298 Main Street
Buffalo, New York 14202-4096
Telephone: (716) 856-5500

-#1164252

4