UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                            Chapter 11

DELPHI CORPORATION, et al.                       Case No. 05-44481 (RDD)

                          Debtors.               (Jointly Administered)

_____/

## RESPONSE OF CTS CORPORATION
## TO DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS

CTS Corporation ("CTS"), for its Response to Twenty-first Omnibus Objection to

Claims, states as follows:

### CTS' Proof of Claim

1.      CTS filed a proof of claim in the amount of $2,405,898.43 against Delphi

Automotive Systems, LLC  on July 27, 2006 (the "Claim").  This claim is identified as Claim

No. 11256 in the instant case.

2.      The Claim seeks payment owing to CTS for goods sold to Delphi Automotive

Systems, LLC  (Case No. 05-44640).

3.      A portion of the Claim was a reclamation claim.  On July 13, 2006, CTS entered

into Amended Statements of Reclamation with the Debtors, pursuant to which CTS and the

Debtors agreed that the Reconciled Amount of CTS' reclamation claim was $161,144.56.

Copies of these Amended Statements of Reclamation are attached hereto as Exhibit A.  The

balance of the Claim, in the amount of $2,244,753.87, is a general unsecured claim.

4.      On August 8, 2006, CTS transferred a portion of the Claim, in the amount of

$1,950,968.78, to Bear Stearns Investment Products, Inc.  ("Bear Stearns").  The partial transfer

to Bear Stearns included the reclamation claim, in the Reconciled Amount of $161,144.56, and

part of the general unsecured portion of the Claim, in the amount of $1,789,824.22.  The Notice

of Partial Transfer of Claim Pursuant to FRBP Rule 3001(e)(2) was filed with this Court on

January 11, 2007.[1]  The balance of the Claim, $454,929.65, remained held in the name of CTS.

     5.      CTS has previously supplied information and documents in support of the Claim

to the Debtor.

**The Debtors' Objection**

     6.      On September 21, 2007, the Debtors filed their Twenty-first Omnibus Claims

Objection (the "Objection") which stated that the Debtors objected to the Claim as a "Modified

Claim Asserting Reclamation."

     7.      The Objection, in Exhibit F-3, at 7, seeks to "modify" the portion of the Claim

that was transferred to Bear Stearns from $1,950,968.78 to $1,840,483.50, all of which would be

classified as a general unsecured claim.  The portion of Claim that remains held by CTS would

be reduced to $164,265.01, which then would be reclassified from a general unsecured claim to

priority status.

     8.      There are errors in the section of Exhibit F-3 of the Objection that describes the

"Claim as Docketed."  This section of Exhibit F-3 erroneously classifies the portion of the Claim

that was transferred to Bear Stearns as being unsecured in its entirety.  In fact, $161,144.56 was a

reclamation claim that should have been classified as a priority claim and the balance,

$1,789,824.22, was a general unsecured claim.

     9.      Exhibit F-3 also erroneously states that the docketed total of the portion of the

Claim that remains held by CTS is $293,785.09.  The actual docketed total amount of the portion

---

[1] CTS has the right pursuant to its Assignment of Claim agreement with Bear Stearns to defend
the portion of the Claim that it transferred to Bear Stearns.

of the Claim that remains held by CTS is $454,929.65.   If one adds $454,929.65 to the amount

that the Objection states is the docketed amount of the portion of the Claim that was transferred

to Bear Stearns, $1,950, 968.78,  this equals the correct "Docketed Total" amount of the Claim,

as stated in the Objection, which is $2,405,898.43.   The portion of the "Docketed Total" that

should be attributed to CTS therefore is $454,929.65, not $293,785.09.

10.     Given the Debtor's error in stating that the <u>docketed</u> amount of  the portion of the

Claim that remains held by CTS is $293,785.09, rather than the correct amount of $454,929.65,

Exhibit F-3 to the Objection is misleading, in that it fails to indicate the true amount by which

the Debtor is seeking to reduce CTS' total Claim, which is $401,149.92.

11.     The Objection states that the "Modified Claims Asserting Reclamation " are

claims that "the Debtors believe should be modified solely to assert a properly classified, fully

liquidated claim amount against the appropriate Debtor."

12.     The Debtors claim that the "Modified Claims Asserting Reclamation"  either " (i)

state the incorrect amount or are overstated . . . and/or (ii) were filed and docketed against the

wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation

demand . . ." (The Objection, at 24, ¶52).

13.     The Debtors do not explain which of the reasons stated in the Objection allegedly

pertain to CTS' Claim (nor do they explain why a substantial portion of CTS' Claim seems to

have completely disappeared).

14.     The Objection does not state with specificity the grounds for the Debtors'

objection to $401,149.92 of the Claim, nor have the Debtors provided any evidence or

supporting information as to how they arrived at the conclusion that $401,149.92 of the Claim

should be expunged.

## Legal Analysis

15.    The Debtors have not overcome the *prima facie* validity of the Claim.  A proof of claim constitutes *prima facie* evidence of the validity and amount of a claim.  In re WorldCom, Inc., 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005)(citing In re Allegheny Int'l Inc., 954 F. 2d 167, 174 (3rd Cir. 1992).  The Debtors bear the burden of going forward and producing sufficient evidence to overcome the *prima facie* presumption..  See In re Reilly, 245 B.R. 768, 773 (2d. Cir. BAP 2000)

16.    The Debtors have not offered any evidence to rebut or negate the correctness of CTS' Claim.

17.    Therefore, the Objection to CTS' Claim should be denied and the Claim, in the total docketed amount of $2,405,898.43[2], allowed.

Respectfully submitted,

CTS Corporation

By: *Elizabeth Bottorff Ahlemann*
    Elizabeth Bottorff Ahlemann
    Senior Legal Counsel
    CTS Corporation
    905 West Boulevard N.
    Elkhart, IN  46514
    Tel. No. (574) 293-7511
    Fax No. (574) 294-6151
    E-Mail:  eahlemann@ctscorp.com

Dated:  October 10, 2007

---

[2] This total amount includes the $1,950,968.78 transferred to Bear Stearns (of which $161,144.56 is a priority claim and $1,789,824.22 is a general unsecured claim) and the $454,929.65 that remains with CTS.

## CERTIFICATE OF SERVICE

I, Elizabeth Bottorff Ahlemann, Senior Legal Counsel for CTS Corporation, hereby certify that a copy of the foregoing Response to Debtors' Twenty-first Omnibus Objection to Claims was served upon the following parties on this _10th_ day of October, 2007:

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Att'n: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Att'n: John William Butler, Jr.
     John K. Lyons
     Joseph N. Wharton

Elizabeth Bottorff Ahlemann

**<u>EXHIBIT A</u>**

# DELPHI

February 21, 2006

Henry Schmidt
CTS Corp
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Corp (the "Demand"). We have identified your Demand as Reclamation Claim No 102.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

CTS Corp.
February 21, 2006
Page 2

Reconciled Amount $28,261.53

       Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $28,261.53 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

       This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

    (i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

    (ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

    (iii)   You are not a proper party to make the Demand.

    (iv)   The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

    (v)    You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Corp.
February 21, 2006
Page 3

Reconciled Amount $28,261.53

(vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

CTS Corp.
February 21, 2006
Page 4

Reconciled Amount $28,261.53

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Corp.
February 21, 2006
Page 5

# 102

Reconciled Amount $28,261.53

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Corp agrees to the terms of this Statement.

CTS Corp

By: _____     Dated: _7/13/2006_____
        (signature)

Henry Schmidt
        (print or type name)

Corporate Credit Manager
        (print or type title)


## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Corp disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Corp

By: _____     Dated: _____
        (signature)

_____
        (print or type name)

_____
        (print or type title)

# DELPHI

February 21, 2006

Henry Schmidt
CTS Automotive Products
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Automotive Products (the "Demand"). We have identified your Demand as Reclamation Claim No 254.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject

CTS Automotive Products
February 21, 2006
Page 2

Reconciled Amount $77,431.40

to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $77,431.40 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[2]

      This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

    (i)    The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

    (ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

    (iii)    You are not a proper party to make the Demand.

    (iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

    (v)    You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

    (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order

---

[2]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Automotive Products
February 21, 2006
Page 3

Reconciled Amount $77,431.40

of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the
"Reconciliation Deadline"). If you agree with the Reconciled Amount and the other
terms of this Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below by the Reconciliation Deadline. If
you disagree with the Statement of Reclamation, you must sign this Statement where
indicated and return it to the persons identified immediately below by the Reconciliation
Deadline and you must also provide the information required by paragraph 2, section
(b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement
of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure
to return a signed copy of this Statement by the Reconciliation Deadline or your failure to
indicate assent or dissent on a copy of this Statement returned by the Reconciliation
Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

CTS Automotive Products
February 21, 2006
Page 4

Reconciled Amount $77,431.40

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Automotive Products
February 21, 2006
Page 5

# 254

Reconciled Amount $77,431.40

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Automotive Products agrees to the terms of this Statement.

CTS Automotive Products

By: _____          Dated: 7/13/2006
     (signature)

Henry Schmidt
    (print or type name)

Corporate Credit Manager
     (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Automotive Products disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Automotive Products

By: _____          Dated: _____
    (signature)

_____
    (print or type name)

_____
    (print or type title)

5

# DELPHI

February 21, 2006

Henry Schmidt, Corporate Credit Mgr
CTS Corporation
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt, Corporate Credit Mgr:

On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order
and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. This letter,
together with the enclosures, constitute the Debtors' Statement of Reclamation with
respect to the Reclamation Demand(s) submitted by CTS Corporation (the "Demand").
We have identified your Demand as Reclamation Claim No 533.

The Debtors have reviewed the Demand and reconciled the Demand with
their books and records. Based upon this review and reconciliation, the Debtors have
summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related
detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the
Order, the analysis sets forth the extent and basis upon which the Debtors believe that the
Demand may or may not be legally valid (subject to assertion of certain defenses as
indicated below, which if asserted, could result in the reduction or disallowance of the
reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the
Demand was received within the periods allowed by law; whether goods subject to the
Demand have been paid for; and whether there are other deductions or disputes asserted
by the Debtors.

CTS Corporation
February 21, 2006
Page 2

Reconciled Amount $2,258.44

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $2,258.44 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[4]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[4]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Corporation
February 21, 2006
Page 3

Reconciled Amount $2,258.44

    (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

        The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

        The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

        Christina Cattell
        Re: Delphi Reclamations
        Mail Code # 483-400-216
        5725 Delphi Drive
        Troy, MI 48098
        Fax: 248-813-6813

        - with copies to –

        Matthew J. Micheli
        Re: Delphi Reclamations
        Skadden, Arps, Slate, Meagher & Flom LLP
        333 West Wacker Drive, Suite 2100
        Chicago, IL 60606
        Fax: 312-407-0411

        In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

        Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

CTS Corporation
February 21, 2006
Page 4

Reconciled Amount $2,258.44

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Corporation
February 21, 2006
Page 5

#533

Reconciled Amount $2,258.44

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Corporation agrees to the terms of this Statement.

CTS Corporation

By: _____        Dated: 7/13/2006 _____
        (signature)

Henry Schmidt _____
        (print or type name)

Corporate Credit Manager ___
        (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Corporation disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Corporation

By: _____        Dated: _____
        (signature)

_____
        (print or type name)

_____
        (print or type title)

5

# DELPHI

February 21, 2006

Henry Schmidt
CTS Corporation
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Corporation (the "Demand"). We have identified your Demand as Reclamation Claim No 834.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

CTS Corporation
February 21, 2006
Page 2

Reconciled Amount $49,457.69

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $49,457.69 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[5]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[5]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Corporation
February 21, 2006
Page 3

Reconciled Amount $49,457.69

   (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

CTS Corporation
February 21, 2006
Page 4

Reconciled Amount $49,457.69

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

       If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

                        Very truly yours,

                        /s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Corporation
February 21, 2006
Page 5

# 834

Reconciled Amount $49,457.69

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Corporation agrees to the terms of this Statement.

CTS Corporation

By: _____          Dated: 2/13/2006 _____
     (signature)

Henry Schmidt _____
     (print or type name)

Corporate Credit Manager _____
     (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Corporation disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Corporation

By: _____          Dated: _____
     (signature)

_____
     (print or type name)

_____
     (print or type title)

# DELPHI

July 7, 2006

Henry Schmidt
CTS Automotive Products
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Automotive Products (the "Demand"). We have identified your Demand as Reclamation Claim No. 857. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 857 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

CTS Automotive Products
July 7, 2006
Page 2

Reconciled Amount $3,735.50

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $3,735.50 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)    The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)    You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)    You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Automotive Products
July 7, 2006
Page 3

Reconciled Amount $3,735.50

(vi)   You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this
Amended Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below. Your response, including the
timing of your response, is governed by the terms of the Order. If you disagree with this
Amended Statement of Reclamation, you must sign this Statement where indicated and
return it to the persons identified immediately below and you must also provide the
information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation
Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

CTS Automotive Products
July 7, 2006
Page 4

Reconciled Amount $3,735.50

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Automotive Products
July 7, 2006
Page 5

# 857

Reconciled Amount $3,735.50

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Automotive Products agrees to the terms of this Amended Statement of Reclamation.

CTS Automotive Products

By: _____          Dated: 7/13/2006 _____
      (signature)

Henry Schmidt _____
      (print or type name)

Corporate Credit Manager _____
      (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Automotive Products disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Automotive Products

By: _____          Dated: _____
      (signature)

_____
      (print or type name)

_____
      (print or type title)