Hearing Date and Time: October 25, 2007 at 10:00 a.m.
Response Date and Time: October 18, 2007 at 4:00 p.m.

REED SMITH LLP
Amy M. Tonti (AT-3890)
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450
Email: atonti@reedsmith.com

And

Nicholas R. Pagliari
Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.
2222 West Grandview Boulavard
Erie, Pennsylvania 16506-4508
Telephone: 814-833-2222
Facsimile: 814-833-6753
Email: NPagliari@quinnfirm.com
(Co-Counsel, Pro Hac Vice Motion to be Filed)

Attorneys for Actco Tool & Manufacturing Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------------x | Chapter 11 |
| IN RE: : | |
| : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., : | |
| : | Jointly Administered |
| Debtors. : | |
| ------------------------------------------------------------x | Related to Docket No. 9535 |

**ACTCO TOOL & MANUFACTURING COMPANY'S RESPONSE TO TWENTY-FIRST OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY EQUITY CLAIM, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIM SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION**

Actco Tool & Manufacturing Company ("Actco"), by and through its undersigned counsel, hereby files its *Response* (the "Response") to *Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims Asserting Reclamation* (the "Objection"). In support of its Response, Actco states as follows:

## Response

1. Actco is a tool and die manufacturer that has been supplying perishable tooling for metal stamping dies, plastic injection molds, gauges and fixtures to one or more of the Debtors for approximately 30 years.

2. Initially, Actco dealt exclusively with the Debtors, but approximately four years ago, the Debtors retained Vanguard Distributors, Inc. ("Vanguard") to serve as its purchasing agent. Since that time, much of Actco's business with the Debtors has been conducted through Vanguard (the "Vanguard Transactions").

3. In sum, the Vanguard Transactions work as follows: (1) at the Debtors' direction, Vanguard issues a purchase order to Actco; (2) the parts are manufactured by Actco and shipped directly to the Debtors; (3) Actco issues an invoice to Vanguard; (4) upon information and belief, Vanguard adds a service charge to the Actco invoice and issues a new invoice to the Debtors; (5) the Debtors remit payment for the Vanguard service fee and the Actco invoice to Vanguard; and (6) Vanguard retains the service fee and remits payment on the invoice to Actco.

4. Vanguard is merely a purchasing agent for the Debtors. The parts are manufactured by Actco and delivered directly to the Debtors.

5. As of the Petition Date, Actco supplied $160,145.69 in goods to Debtor Delphi Automotive Systems LLC ("DAS") through Vanguard Transactions. This amount remains unpaid. True and correct copies of the invoices evidencing the Vanguard Transactions are attached hereto as Exhibit "1". The purchase orders evidencing the Vanguard Transactions will be filed as a supplemental exhibit to this Response.

6. In addition to the goods provided to the Debtors through Vanguard Transactions, Actco also continues to conduct some business directly with the Debtors. Prior to the Petition Date, Actco shipped $31,220 in goods to DAS through this arrangement (the "Direct Transactions"). This amount also remains unpaid. True and correct copies of the invoices and purchase orders evidencing the Direct Transactions are attached hereto as Exhibit "2".

7. As of the Petition Date, Actco's claim against DAS (including amounts owed for Direct Transactions and Vanguard Transactions) equals $191,365.69.

8. On or about June 20, 2006 Actco filed a timely proof of claim (Claim No. 8286) (the "Actco Claim") in the amount of $191,365.69 against DAS. A true and correct copy of the Actco Claim and supporting documentation is attached hereto as Exhibit "3".

9. On September 21, 2007, the Debtors filed the Objection asserting that the entirety of the Actco Claim is not reflected on DAS' books and records. The Debtors asserts that only $31,220 (the amount of the Direct Transactions) is owed.

10. Although DAS' books and records do not reflect that entire amount of the Actco Claim is owing, DAS is obligated for the entire $191,365.69 because it received the goods and the benefit thereof, and Actco has not been paid.

WHEREFORE, Actco respectfully requests that the Court enter an Order denying the Objection and allowing the Actco Claim in full ($191,365.69).

Dated: October 17, 2007

                                                Respectfully submitted,

/s/Amy M. Tonti
Amy M. Tonti, Esquire
atonti@reedsmith.com
Richard P. Norton, Esquire
rnorton@reedsmith.com
REED SMITH LLP
599 Lexington Avenue, 29th Floor
New York, New York 10022
Tel: 212.549.0277
Fax: 212.521.5450

Nicholas R. Pagliari
Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.
2222 West Grandview Boulavard
Erie, Pennsylvania 16506-4508
Telephone: 814-833-2222
Facsimile: 814-833-6753
Email: NPagliari@quinnfirm.com
(Co-Counsel, Pro Hac Vice Motion to be Filed)