**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1540 Broadway
New York, New York 10036
(212) 858-1000
Robin L. Spear (RS-1996)
Margot P. Erlich (ME-2117)

Counsel for MeadWestvaco Corporation, as transferor
of Claim No. 10380 to Contrarian Funds, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :   Case No. 05-44481 (RDD)
**DELPHI CORPORATION,** *et al.*,                       :   (Jointly Administered)
                                                        :
                              Debtors.                  :
                                                        :
------------------------------------------------------- x

**RESPONSE OF MEADWESTVACO CORPORATION, AS TRANSFEROR OF CLAIM
NO. 10380 TO CONTRARIAN FUNDS, LLC, TO THE DEBTORS' TWENTY-FIRST
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY
EQUITY CLAIM, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS,
AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIM SUBJECT TO
<u>MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION</u>**

MeadWestvaco Corporation ("MeadWestvaco"), as transferor of Claim No. 10380 to

Contrarian Funds, LLC ("Contrarian"), hereby responds (the "Response") to the Twenty-First

Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A)

Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented

Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F)

Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims

Asserting Reclamation, filed on September 21, 2007 (the "Twenty-First Objection"), by Delphi

500176006v10

Corporation ("Delphi") and its affiliated debtors in the above-captioned cases (collectively, the "Debtors").

## BACKGROUND

The Debtors filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 8, 2005 (the "Petition Date"). Prior to the Petition Date, MeadWestvaco had sold certain goods to Delphi Automotive Systems, LLC ("Delphi Automotive"), one of the affiliated Debtors in the above-captioned cases. Because of these transactions, MeadWestvaco had numerous claims against Delphi Automotive in the above-captioned cases. Certain of these claims were based on MeadWestvaco's right to reclamation while certain other claims were general unsecured claims.

A.    The Reclamation Claim

On October 10, 2005, MeadWestvaco sent a letter to Delphi Automotive (the "October 10, 2005 Letter") seeking reclamation of certain goods in an aggregate principal amount of $578,146.23. A copy of the October 10, 2005 Letter is attached hereto as Exhibit A. The October 10, 2005 Letter sought reclamation on account of goods invoiced to Delphi Automotive between September 29, 2005 through October 7, 2005 pursuant to section 2-702 of the Uniform Commercial Code (the "MeadWestvaco Reclamation Claim"). The Debtors sent a letter to MeadWestvaco dated February 21, 2006 and related attachments (the "February 21, 2006 Letter") calculating the amount owed pursuant to the MeadWestvaco Reclamation Claim to be $0.00. A copy of the February 21, 2006 Letter is attached hereto as Exhibit B. On April 20, 2006, MeadWestvaco sent a letter to Delphi Corporation (the "April 20, 2006 Letter") disputing the $0.00 amount claimed by the Debtors to be owed on account of the MeadWestvaco Reclamation Claim but acknowledging payment of $27,490.45 by Delphi Automotive, thereby

2

reducing the MeadWestvaco Reclamation Claim to $550,655.78. A copy of the April 20, 2005 Letter, without exhibits, is attached hereto as Exhibit C. Exhibits to the April 20, 2005 Letter are available upon request.[1]

Thereafter, on June 15, 2006, MeadWestvaco entered into a letter agreement (the "Letter Agreement") by which MeadWestvaco agreed to receive a distribution of $28,965.90 on a priority, administrative expense basis on account of the MeadWestvaco Reclamation Claim. A copy of the Letter Agreement is attached hereto as Exhibit D.

B.  The General Unsecured Claim

In addition to MeadWestvaco's claims for reclamation, MeadWestvaco also had, as of the Petition Date, a claim against the Debtors based on goods invoiced to Delphi Automotive between May 22, 2005 and September 28, 2005, totaling $1,462,250.93 on a general unsecured basis (the "General Unsecured Claim").[2]

By a Transfer of Claim, dated as of March 17, 2006 (the "Claim Transfer"), MeadWestvaco transferred the General Unsecured Claim to Contrarian.[3] The General Unsecured Claim sold pursuant to the Claim Transfer was and remains separate and distinct in its entirety from the MeadWestvaco Reclamation Claim. On August 2, 2006, Contrarian filed a proof of claim evidencing the General Unsecured Claim, docketed as claim number 10380, against Delphi Automotive ("Claim No. 10380"), and, in addition, making a secured claim for a cash set-off in the amount of $24,826.27. A copy of Claim No. 10380 is attached hereto as Exhibit E.

---

[1] On May 23, 2006, MeadWestvaco also filed a proof of claim against Delphi Automotive in the amount of $550,655.78 on account of the MeadWestvaco Reclamation Claim.

[2] The General Unsecured Claim includes invoice number 92549055, dated September 26, 2005, which is a credit to the Debtors in the amount of $5,500.00.

[3] While the General Unsecured Claim was transferred to Contrarian, the obligation to defend any claim objection remained with MeadWestvaco.

3

500176006v10

## ARGUMENT

### I.     Claim No. 10380 Is Not A Claim For Reclamation

In the Debtors' Twenty-First Objection, the Debtors objected to numerous proofs of claim and separately categorized the challenged proofs of claim therein.  The Debtors *only* objected to Claim No. 10380 as a "Modified Claim[] Asserting Reclamation."  *See* Twenty-First Objection at 24, Ex. F-3.  The Debtors objected to Claim No. 10380 suggesting "the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand."  Twenty-First Objection at 24.

**Claim No. 10380 is not based on a claim of reclamation.  The Debtors' objection is therefore incorrect.**  The Debtors are most likely confusing Claim No. 10380 with the MeadWestvaco Reclamation Claim.  A review of the invoices referenced in the October 10, 2005 Letter, the February 21, 2006 Letter and the Letter Agreement against the invoices attached to Claim No. 10380 makes clear that the MeadWestvaco Reclamation Claim and Claim No. 10380 are based on entirely different invoices referring to entirely different goods sold to Delphi Automotive.  Attached hereto as Exhibit F is a chart detailing the invoice numbers, amounts and dates with respect to both the MeadWestvaco Reclamation Claim and Claim No. 10380.

### II.    The Debtors' Three Modifications to Claim No. 10380

In the Debtors' Twenty-First Objection, the Debtors seek to make three changes to Claim No. 10380: (1) the Debtors seek to *add* the priority, administrative expense amount of $28,965.90 (which is the agreed upon amount of the MeadWestvaco Reclamation Claim, as set forth in the Letter Agreement); (2) the Debtors seek to *delete* the secured amount of $24,826.27; and (3) the Debtors seek to *reduce* the unsecured amount from $1,462,250.93 to $925,079.70.

4

*See* Twenty-First Objection, Ex. F-3.  The Debtors thereby seek to reduce the total amount of Claim No. 10380 from $1,487,077.20 to $954,045.60.  *Id.*  For the reasons detailed below, Claim No. 10380 should be allowed in the amount of $1,462,250.93.

A.      The *Addition* of the Priority, Administrative Expense Amount of $28,965.90

In the Twenty-First Objection, the Debtors seek to add the priority, administrative expense amount of $28,965.90 to Claim No. 10380.  This is the same priority, administrative expense amount that was agreed upon in the Letter Agreement between MeadWestvaco and the Debtors on account of the MeadWestvaco Reclamation Claim.  However, as stated *supra*, the MeadWestvaco Reclamation Claim and Claim No. 10380 are entirely separate and distinct.[4]

B.      The *Deletion* of the Secured Amount of $24,826.27

In the Twenty-First Objection, the Debtors also seek to delete the secured amount of $24,826.27 from Claim No. 10380.  MeadWestvaco, on behalf of Contrarian, will not contest this deletion.

C.      The *Reduction* of the Unsecured Amount from $1,462,250.93 to $925,079.70

In the Twenty-First Objection, the Debtors also seek to reduce the unsecured amount of Claim No. 10380 from $1,462,250.93 to $925,079.70.  The original unsecured amount of $1,462,250.93, however, was properly claimed and relates to goods invoiced to Delphi Automotive between May 22, 2005 and September 28, 2005.  *See* Exhibit F.  The Debtors seek to reduce this unsecured amount but give no evidence that such reduction corresponds to the MeadWestvaco Reclamation Claim and, as outlined above, amounts included in the

---

[4]    The MeadWestvaco Reclamation Claim was not sold to Contrarian pursuant to the Claim Transfer and therefore should not be included in Claim No. 10380.

5

MeadWestvaco Reclamation Claim were not included in Claim No. 10380.[5] The Court should deny the Debtors' request to reduce the unsecured amount of Claim No. 10380. *See* Claim Objection Procedures Order [Docket No. 6088] at 5 (directing the Debtors to "specifically identif[y] the Claimant's proof of claim that is subject to objection *and the basis for such objection*") (emphasis added).

### NOTICE OF ADDRESS SUPPLEMENT

In accordance with paragraph 3(f) of the Claim Objection Procedures Order, replies with respect to the Response should be sent to:

> Robin L. Spear
> Margot P. Erlich
> Pillsbury Winthrop Shaw Pittman LLP
> 1540 Broadway
> New York, NY 10036
> (212) 858-1000
> robin.spear@pillsburylaw.com
> margot.erlich@pillsburylaw.com

in addition to:

> Contrarian Funds, LLC
> As Transferee of MeadWestvaco Corporation
> 411 West Putnam Ave., Ste. 225
> Greenwich, CT 06830
> Attn: Laura Reddock
> (203) 862-8200
> lreddock@contrariancapital.com

### CONCLUSION

WHEREFORE, MeadWestvaco, as transferor of Claim No. 10380 to Contrarian, respectfully requests this Court: (a) overrule the Debtors' Twenty-First Objection to the extent it

---

[5] The reduction sought by the Debtors of $537,171.23 *does not* correspond to the amount sought on account of the MeadWestvaco Reclamation Claim in the October 10, 2005 Letter, the amount sought in the April 20, 2006 Letter, or the difference between those amounts and the amount agreed upon in the Letter Agreement.

6

seeks to add the priority, administrative expense amount of $28,965.90 to Claim No. 10380; (b) overrule the Debtors' Twenty-First Objection to the extent it seeks to reduce the unsecured amount of Claim No. 10380 from $1,462,250.93 to $925,079.70; (c) allow Claim No. 10380 in the amount of $1,462,250.93; and (d) grant such other and further relief as is just and proper.

New York, New York
Dated:  October 17, 2007

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: /s/ __Margot P. Erlich_____
Robin L. Spear (RS-1996)
Margot P. Erlich (ME-2117)
1540 Broadway
New York, New York 10036
(212) 858-1000

Counsel for MeadWestvaco Corporation, as transferor of Claim No. 10380 to Contrarian Funds, LLC

7