# Exhibit B

# DELPHI

February 21, 2006

Henry J Hirsch, Sr Business Mgr Credit
Mead West Vaco
9080 Springboro Pike
Miamisburg, OH 45342

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry J Hirsch, Sr Business Mgr Credit:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Mead West Vaco (the "Demand"). We have identified your Demand as Reclamation Claim No 37.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject

Mead West Vaco
February 21, 2006
Page 2

Reconciled Amount $0.00

to assertion of the reserved defenses listed below.  Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $0.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount").  If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases.  Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand.  In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

(vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order

---

[1] The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

Mead West Vaco
February 21, 2006
Page 3

Reconciled Amount $0.00

of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

> Christina Cattell
> Re: Delphi Reclamations
> Mail Code # 483-400-216
> 5725 Delphi Drive
> Troy, MI 48098
> Fax: 248-813-6813

> - with copies to –

> Matthew J. Micheli
> Re: Delphi Reclamations
> Skadden, Arps, Slate, Meagher & Flom LLP
> 333 West Wacker Drive, Suite 2100
> Chicago, IL 60606
> Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

Mead West Vaco
February 21, 2006
Page 4

Reconciled Amount $0.00

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Mead West Vaco
February 21, 2006
Page 5

Reconciled Amount $0.00

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Mead West Vaco agrees to the terms of this Statement.

Mead West Vaco

By: _____          Dated: _____
              (signature)

        _____
         (print or type name)

        _____
          (print or type title)


## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Mead West Vaco disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Mead West Vaco

By: _____          Dated: _____
              (signature)

        _____
         (print or type name)

        _____
          (print or type title)

5

Claim 37

Mead/Westvaco

| | Claim Reference | Vendor Name (as displayed on Claim) | Debtor Name | Claim Post Marked Date | PO Number | Invoice Number | Shipment ID | Invoice Date | Material Number | Invoice Qty | Invoice Extended Amount | Is the claim an original or Duplicate | Vendor Claim, Is the Claim properly documented | Is the Claim within the allowed Date Range | Was the receipt Post-Petition | Valid Inventory (units) | Valid Inventory ($) | Has it been paid | Valid Claim ($) | Status of the Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003605 | 10551643 | 09/30/05 | RM0000 | 17,389 | $ 25,652.48 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 2 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003606 | 10551643 | 09/30/05 | RM0000 | 2,304 | $ 86,500.00 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 3 | 37 | Mead West Vaco | E&C | 10/06/05 | 550007114 | 10551644 | 09/30/05 | RM0000 | 24,202 | $ 3,000 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 4 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003606 | 10551644 | 09/30/05 | RM0000 | 3,000 | Included above | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 5 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003606 | 10535977 | 09/05/05 | RM0000 | 3,172 | $ 5,185.60 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 6 | 37 | Mead West Vaco | E&C | 10/06/05 | 550007114 | 10551664 | 09/05/05 | RM0000 | 3,172 | Included above | Original | Yes | Yes | | 2,613.860 | $ 5,007.03 | Yes - w/a | $ - | Does not pass all tests |
| 7 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006006 | 10525978 | 09/04/05 | RM0000 | 2,304 | $ 8,965.80 | Original | Yes | Yes | | 2,613.860 | $ 5,007.03 | Yes - w/a | $ - | Does not pass all tests |
| 8 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006014 | 10525978 | 09/04/05 | RM0000 | 2,304 | Included above | Original | Yes | Yes | | 2,182.000 | $ 8,007.80 | Yes - w/a | $ - | Does not pass all tests |
| 9 | 37 | Mead West Vaco | E&C | 10/06/05 | 550005805 | 10474642 | 08/30/05 | 25383571 | 11,534 | $ 11,008.80 | Original | Yes | Yes | | 707.305 | $ 6,865.97 | Yes - w/a | $ - | Does not pass all tests |
| 10 | 37 | Mead West Vaco | E&C | 10/06/05 | 550005805 | 10047787 | 10/01/05 | RM0000 | 34,016.67 | $ 34,016.67 | Original | Yes | No | | 0.000 | $ - | | $ - | Does not pass all tests |
| 11 | 37 | Mead West Vaco | E&C | 10/06/05 | 550007814 | 10525294 | 10/01/05 | RM0000 | 23,687 | $ 23,687 | Original | Yes | No | | Yes | | | $ - | Does not pass all tests |
| 12 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003863 | 10557839 | 10/04/05 | RM0000 | 3,172 | $ 6,185.40 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 13 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003863 | 10547003 | 10/04/05 | RM0000 | 1,275 | Included above | Original | Yes | Yes | | 2,466.25 | Yes - w/a | | $ - | Does not pass all tests |
| 14 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003807 | 10524760 | 10/04/05 | RM0000 | 24,000 | $ 46,555.16 | Original | Yes | Yes | | 273.000 | $ - | | $ - | Does not pass all tests |
| 15 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003337 | 10524760 | 09/30/05 | RM0000 | 1,275 | $ 4,707.65 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 16 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006068 | 10524711 | 10/06/05 | RM0071 | 7,284 | $ 58,456.66 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 17 | 37 | Mead West Vaco | E&C | 10/06/05 | 550005977 | 10524711 | 10/05/05 | RM0000 | 24,000 | $ 8,076.01 | Original | Yes | Yes | | 7,084.000 | $ 19,481.00 | Yes - w/a | $ - | Does not pass all tests |
| 18 | 37 | Mead West Vaco | E&C | 10/06/05 | 550053563 | 10524711 | 10/05/05 | RM0000 | 24,000 | Included above | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 19 | 37 | Mead West Vaco | E&C | 10/06/05 | 550053463 | 2517069 | 10/05/05 | RM0000 | 550 | $ 220.00 | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| 20 | 37 | Mead West Vaco | E&C | 10/06/05 | 550053638 | 10504653 | 10/06/05 | RM0000 | 550 | $ 8,965.80 | Original | Yes | No | | 320.300 | $ 131.68 | Yes - w/a | $ - | Does not pass all tests |
| 21 | 37 | Mead West Vaco | E&C | 10/06/05 | 550003668 | 10503930 | 10/06/05 | RM0000 | 3,565 | $ 9,515.00 | Original | Yes | No | | 0.000 | $ - | | $ - | Does not pass all tests |
| 22 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006414 | 10504653 | 10/06/05 | 25364465 | 550 | Included above | Original | Yes | No | | 0.000 | $ - | | $ - | Does not pass all tests |
| 23 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006414 | 10504653 | 10/06/05 | RM0000 | 24,202 | $ 34,636.33 | Original | Yes | Yes | | 21,157.274 | $ 30,256.84 | Yes - w/a | $ - | Does not pass all tests |
| 24 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006420 | 10502486 | 10/07/05 | RM0000 | 24,301 | $ 31,702.65 | Original | Yes | Yes | | 26,133.54 | $ 35,133.54 | Yes - w/a | $ - | Does not pass all tests |
| 25 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006471 | 10524726 | 10/07/05 | RM0000 | 8,000 | Included above | Original | Yes | Yes | | 10,810.320 | $ 10,810.320 | | $ - | Does not pass all tests |
| 26 | 37 | Mead West Vaco | E&C | 10/06/05 | 550006471 | 10524726 | 10/07/05 | RM0000 | 8,000 | Included above | Original | Yes | Yes | | 0.000 | $ - | | $ - | Does not pass all tests |
| | | | | | | | | | | | | **Mead/Westvaco Totals** | | | | | **$ 578,146.23** | | **$ 113,058.34** | **$ -** | **Limit = 24** |

# Supplier Reclamation Instruction Summary

| Column A | Column B | Column C | Column D | Column E | Column F | Column G | Column H | Column I | Column J | Column K |
|---|---|---|---|---|---|---|---|---|---|---|
| Claim Reference | Vendor Name (as displayed on Claim) | Delphi Division | Claim Post Marked Date | PO Number | Invoice Number | Shipment ID | Invoice Date | Material Number | Invoice Qty | Invoice Extended Amount |
| Claim number designated to the claim by Delphi | | | | | | | | | | |

Information provided by the supplier in their reclamation demand

| Column L | Column M | Column N | Column O | Column P | Column Q | Column R | Column S | Column T |
|---|---|---|---|---|---|---|---|---|
| Is the claim an Original or Duplicate | Vendor Claim Contains proper Documentation | Is the Claim within the allowed Date Range | Was the receipt Post-Petition | Valid Inventory (units) | Valid Inventory ($) | Has it been paid | Valid Claim ($) | Status of the Claim |
| Shows that only original claims are being summarized and no duplicates are included | If the supplier gave sufficient information the column is filled with a "Yes." If the column is filled out with a "No," the supplier did not provide proper documentation to complete the testing. If however, there is testing In the following fields extraordinary measures were taken to find the information and perform testing. | Identifies whether the claim and the goods receipt are within the allowed date range, "part of the "Date Test" | Identifies whether the receipt was made post-petition, "part of the "Date Test" | Valid units after the inventory test has been completed. | Valid inventory after the inventory test has been completed. Expressed in dollars "Valid Inv * Delphi Purchase Price) | Part of the "Payment Test". Judges if the claim has been paid. [Populated by] Yes, the claim has been paid in the normal course of business or by a supplier motion. Populated by Yes if the invoice has been paid by a pre-petition motion. Populated by No if the Invoice has not been paid. | Claim amount after all testing has been completed | Represents the status of the claim. The next red possibilities for this "column are: "Not Valid Service Claim - Claim Withdrawn "Yes Supplier Motion - the claim was paid through a supplier motion and therefore, no longer valid "Does not pass all tests "Valid Claim - Delphi agrees to the amount listed in column S |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -x
                       :

In re:                        :      Chapter 11
                         :

    DELPHI CORPORATION, et al.,   :      Case No. 05-44481 (RDD)
                         :

                Debtors.    :      (Jointly Administered)
                         :

- - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER EXTENDING DEADLINE FOR DEBTORS TO SUBMIT STATEMENTS OF RECLAMATION UNDER FED. R. BANKR. P. 9006(b)

### ("RECLAMATION DEADLINE EXTENSION ORDER")

Upon the motion, dated December 23, 2005, (the "Motion"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under Rule

9006(b) of the Federal Rules of Bankruptcy Procedure extending the deadline for the Debtors to

submit statements of reclamation; and this Court having determined that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and it appearing that proper and adequate notice of the Motion has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

      1.      The Motion is GRANTED.

      2.      Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure,

the time by which the Debtors are required to submit Statements of Reclamation as set forth in

paragraph 2(b)(i) of the Amended Final Order shall be extended to and including February 21, 2006.

     3.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

     4.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
       January 6, 2006

                /s/ Robert D. Drain
             UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                :
      In re                        :
                                :   Chapter 11
                                :
DELPHI CORPORATION, et al.,    :
                                :   Case No.  05–44481 (RDD)
             Debtors.       :
                                :   (Jointly Administered)
                                :
------------------------------------------------------------x

AMENDED FINAL ORDER UNDER 11 U.S.C. §§ 362, 503, AND 546 AND FED. R.
BANKR. P. 9019 ESTABLISHING PROCEDURES FOR THE TREATMENT OF
RECLAMATION CLAIMS

("AMENDED FINAL RECLAMATION ORDER")

          Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

("Delphi") and certain of its domestic subsidiaries and affiliates (the "Affiliate Debtors"), debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order

under sections 362, 503, and 546 of the Bankruptcy Code authorizing the Debtors to establish

procedures for the resolution and payment of reclamation claims; and upon the Affidavit Of

Robert J. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October

8, 2005; and the Court having entered its Final Order on  October 14, 2005 (Docket No. 230)

(the "Prior Order"); and the Official Committee of Unsecured Creditors (the "Creditors'

Committee") having timely filed an objection to the Final Order pursuant to paragraph 8 thereof

on October 25, 2005 (Docket No. 636) (the "Objection"); and the Objection having been set for

hearing on November 4, 2005; and the Debtors and the Creditors' Committee having resolved the

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

Objection through the entry of this Order; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Prior Order is amended and superceded in its entirety as provided herein.

2.    The Debtors be and hereby are authorized, pursuant to sections 362, 503, and 546 of the Bankruptcy Code, to resolve Reclamation Claims in accordance with the Reclamation Procedures set forth below, including paragraph 3 hereof:

(a)    Reclamation Demands:

(i)    All Sellers seeking to reclaim Goods from the Debtors shall be required to submit a written demand (a "Reclamation Demand"):

(1)    before 10 days after receipt of such Goods by the Debtors; or

(2)    if such 10-day period expires after the Petition Date, before 20 days after receipt of such Goods by the Debtors.

(ii)    Such a Reclamation Demand must identify with specificity the goods for which reclamation is sought and the basis for the Reclamation Claim.

(iii)    Any Seller who fails to timely submit a Reclamation Demand pursuant to section 546 of the Bankruptcy Code shall be deemed to have waived its right to payment on any purported Reclamation Claim.

(b)    The Statement Of Reclamation:

(i)    Within 90 days after the Petition Date or receipt of a timely Reclamation Demand, whichever is later, the Debtors shall provide the Seller with a copy of the Reclamation Order and a statement of reclamation (the "Statement Of Reclamation" or the "Statement").

(ii)    The Statement Of Reclamation shall set forth the extent and basis, if any, upon which the Debtors believe the underlying Reclamation Claim is not legally valid (the "Reconciled Reclamation Claim"). In addition, the Statement shall identify any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim (the "Reserved Defenses").

(iii)    Sellers who are in agreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation may indicate such assent on the Statement Of Reclamation and return the Statement to the Debtors' representative as set forth in such Statement, with copies to Skadden, Arps, Slate, Meager & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Esq. and Allison Verderber Herriott, Esq.) within 60 days after the date of receipt of the Statement Of Reclamation (the "Reconciliation Deadline").

(iv)    Sellers who are in disagreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation (the "Dissenting Sellers") must indicate such dissent on the Statement Of Reclamation and return the Statement by the Reconciliation Deadline as provided in subparagraph (c) above.  A Statement Of Reclamation returned under this subparagraph must be accompanied by:

(1)    a copy of the Reclamation Demand together with any evidence of the date such Reclamation Demand was sent and received;

(2)    the identity of the Debtor that ordered the products and the identity of the Seller from whom the Goods were ordered;

3

(3)    any evidence demonstrating when the Goods were shipped and received;

(4)    copies of the respective Debtor's and Seller's purchase orders, invoices, and proofs of delivery together with a description of the Goods shipped; and

(5)    a statement identifying which information on the Debtors' Statement Of Reclamation is incorrect, specifying the correct information and stating any legal basis for the objection.

(v)    The failure of a Dissenting Seller to materially comply with subparagraph (d) above shall constitute a waiver of such Dissenting Seller's right to object to the proposed treatment and allowed amount of such Reclamation Claim unless the Court orders otherwise.

(vi)    Any Seller who fails to return the Statement Of Reclamation by the Reconciliation Deadline or who returns the Statement Of Reclamation by the Reconciliation Deadline but fails to indicate assent or dissent shall be deemed to have assented to the Reconciled Reclamation Claim.

(c)    Fixing The Amount Of The Reclamation Claim:

(i)    The Reclamation Claims of (i) all Sellers who return the Statement Of Reclamation by the Reconciliation Deadline and indicate their assent to the Reconciled Reclamation Claim as contained in the Statement Of Reclamation, (ii) all Sellers who fail to return the Statement Of Reclamation by the Reconciliation Deadline, and (iii) all Sellers who return the Statement Of Reclamation by the Reconciliation Deadline but who fail to indicate either assent or dissent shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim.

(ii)    The Debtors are authorized to negotiate with all Dissenting Sellers and to adjust the Reconciled Reclamation Claim either upward or downward to reach an agreement regarding the Dissenting Seller's Reclamation Claim.  The Debtors are also authorized to include any Reserved Defenses as part of any such

4

agreement.  In the event the Debtors and a Dissenting Seller are able to settle on the amount and/or treatment of the Dissenting Seller's Reclamation Claim, the Reclamation Claim shall be deemed an Allowed Reclamation Claim in the settled amount.

(iii)    In the event that no consensual resolution of the Dissenting Seller's Reclamation Demand is reached within 60 days of the Reconciliation Deadline (or such later date as the parties agree), the Debtors shall file a motion for determination of the Dissenting Seller's Reclamation Claim and set such motion for hearing at the next regularly-scheduled omnibus hearing occurring more than 20 days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing").  The Dissenting Seller's Reclamation Claim, if any, shall be deemed an Allowed Reclamation Claim as fixed by the Court in the Determination Hearing or as agreed to by the Debtors and the Dissenting Seller prior to a determination by the Court in the Determination Hearing.

(d)    Treatment Of Allowed Reclamation Claims:

(i)    The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Seller or Dissenting Seller.

(ii)    All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall, subject to the review procedures with the Creditors' Committee set forth below, be paid in full as an administrative expense at any time during these chapter 11 cases in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization, in either case only if and to the extent that such allowed reclamation claims constitute administrative expenses under applicable law.

3.    Notwithstanding anything in this Order to the contrary, prior to the Debtors'

return of any goods in respect of any Reclamation Claim or the Debtors' acceptance or agreement

5

to the allowance of or the payment of any Reclamation Claim, the Debtors shall as promptly as reasonably practicable provide the professionals to the Creditors' Committee with a "Reclamation Report," the first version of which shall cover at least 75% of the face value of all Reclamation Claims asserted against the Debtors and later versions of which shall also cover such additional Reclamation Claims as is reasonably practicable. Each Reclamation Report shall include (a) a list of each reclamation vendor asserting a Reclamation Claim, (b) a summary of the assertions of each reclamation vendor and the amount of each Reclamation Claim, (c) the Debtors' legal analysis of, and position with respect to, any legal issues that relate to the validity and allowability of all or any material portion of the Reclamation Claims, (d) the Debtors' legal analysis of, and position with respect to, any legal issues that relate specifically to one or more Reclamation Claims and (e) the actions (including allowance or payment of a Reclamation Claim and any return of goods subject to a Reclamation Claim) that the Debtors propose to take with respect to each Reclamation Claim. The Creditors' Committee may file a written objection to all or any portion of a Reclamation Report (an "Objection") within ten business days after the Creditors' Committee's receipt of such Reclamation Report (or such later time as the Debtors and the Creditors' Committee shall agree in writing).  Objections shall be set for hearing for the next applicable monthly omnibus hearing and noticed by the Creditors' Committee, both in accordance with the Case Management Order.  If the Creditors' Committee does not timely object to a particular Reclamation Report as provided in this paragraph, the Debtors shall be entitled to take the actions set forth in such Reclamation Report. If the Creditors' Committee files an Objection, the Debtors shall not take any action with respect to the Reclamation Claims covered by the Objection to such Reclamation Report except in accordance with an order of the

Court and shall be entitled to take the action set forth in such Reclamation Report with respect to the Reclamation Claims not covered by the Objection.

4.     All adversary proceedings, except those proceedings brought by the Debtors in accordance with these procedures (the "Reclamation Procedures"), in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, shall be, and hereby are, stayed, and the claims asserted therein shall be subject to the Reclamation Procedures set forth herein.

5.     In accordance with the foregoing and pursuant to section 503(b) of the Bankruptcy Code, vendors shall have administrative expense priority status for those undisputed obligations arising from shipments of goods received and accepted by the Debtors on or after the Petition Date.

6.     To the extent necessary or appropriate, the Debtors shall seek Court approval of any settlements and compromises with trade vendors with respect to payments of reclamation claims.

7.     Nothing in this Order shall constitute a waiver of any of the Debtors' claims against any vendor, including claims relating to preferential or fraudulent transfers and other potential claims, counterclaims, or offsets.  The Debtors expressly reserve their rights to pursue such claims.

8.     Nothing herein shall constitute a waiver by the agent under the Debtors' prepetition credit facility of its right to contest the allowance of any reclamation claim.

9.     The entry of this Order is final.

10.     Nothing herein shall preclude the holder of an Allowed Reclamation Claim from seeking payment of such claim in a manner other than that set forth in this Order.

11.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

12.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:  November 4, 2005
         New York, New York


                                 /s/ Robert D. Drain
                                 UNITED STATES BANKRUPTCY JUDGE