ANNE MILGRAM
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey  08625-0106
Attorney for State of New Jersey, Division of Taxation

By:  Tracy E. Richardson (TR1366)
     Deputy Attorney General
     (609) 292-1537

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| Debtor. | ) | (Jointly Administered) |

Hearing Date: October 25, 2007
10:00 a.m.

## THE STATE OF NEW JERSEY, DIVISION OF TAXATION'S OPPOSITION TO DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS

The State of New Jersey, Division of Taxation ("N.J. Division") responds to debtors' Twenty-First Omnibus Objection to Claims as follows:

1. In the objection, debtors seek to expunge the following claims filed by the N.J. Division: administrative claim number 16649, filed in the amount of $36,000.00 (Exhibit D-3); and priority claim number 16650, filed in the amount of $133,911.40 (Exhibit E-2).  Debtors assert that no sums are due for the liabilities listed on administrative claim 16649 according to debtors' books and records.  In addition, debtors assert that administrative claim 16649 and priority claim 16650 are untimely.

For the reasons set forth below, debtors' requests to expunge administrative claim number 16649 and priority claim 16650 should be denied and these N.J. Division claims should be allowed in full.

<u>Fourth Amended Administrative Claim 16649 for $36,000.00</u>

2.   Debtors have objected to claim 16649 on the basis that the claim is untimely filed and unsupported by debtors' books and records.  Claim number 16649 is a fourth amended administrative claim filed by the N.J. Division on September 4, 2007 in the amount of $36,000.00.

3.   As shown on the schedule of liabilities filed with the claim, the administrative claim is for Gross Income Tax - Employer Withholding ("GIT-ER") liabilities for debtors Aspire, Inc. and Allied Signal Environmental Catalysts for 2005 and 2006. These quarters are all listed as "delinquent," meaning debtors failed to file the quarterly returns.  Pursuant to the N.J. Division's authority under <u>N.J.S.A.</u> 54:49-5, debtors' liability for the listed quarters was estimated due to a failure to file returns.

4.   Debtors allege this claim is unsupported by their books and records, but have provided no information to document these returns have been filed or the listed taxes have been paid. In addition, debtors allege this claim was untimely filed; however, debtors' Objection notes only that the bar date for pre-petition claims was July 31, 2006.  The N.J. Division is aware of no bar date for administrative claims and debtors have not cited any. This claim should be deemed timely filed.

<u>Third Amended Priority Claim 16650 for $133,911.40</u>

      5.    Debtors have objected to claim 16650 on the basis that the claim is untimely filed.  Claim number 16650 is a third amended priority claim filed by the N.J. Division on September 4, 2007 in the amount of $133,911.40.

      6.    As shown on the schedule of liabilities filed with the claim, the priority claim is for Spill Tax ("Spill"), Gross Income Tax - Employer Withholding ("GIT-ER"), and Petroleum Fuel Tax ("PRT-FT") liabilities for varying periods from 1997 through 2005.  For all taxes listed as "deficient," debtors filed returns but failed to pay in full the reported tax due.  For all taxes listed as "delinquent," debtors failed to file the returns.  Pursuant to the N.J. Division's authority under <u>N.J.S.A.</u> 54:49-5, debtors' liability for the listed periods was estimated due to a failure to file returns.

      7.    Debtors allege this claim was untimely filed.  As debtors' Objection notes, the bar date for pre-petition claims was July 31, 2006.  The N.J. Division's third amended priority claim amends and supersedes its second amended priority claim number 16611 filed June 4, 2007, which amended and superseded its first amended priority claim number 16476 filed January 9, 2007.  The first amended priority claim number 16476 amended and superseded the original priority claim number 1515 which was filed January 11, 2006, well in advance of the July, 2006 bar date.

8.   An amendment to a prior timely filed claim is not untimely and is not affected by the bar date.  <u>In re Ebeling</u>, 123 <u>F.</u>2d 520, 521 (7th Cir. 1941) (amendments may be filed after the bar date if it amends a timely claim).  Further, amendments which do not include new or distinct claims are not untimely.  <u>Ibid.</u>, <u>In re Int'l Horizons, Inc.</u>, 751 <u>F.</u>2d 1213, 1216 (11th Cir. 1985); <u>In re Enron Corp.</u>, 419 <u>F.</u>3d 115, 133 (2d Cir. 2005).

9.   Here, the N.J. Division's original priority claim was filed on January 11, 2006, well within the court-set bar date.  A comparison between the original priority claim and the N.J. Division's third amended priority claim number 16650 shows that certain liabilities were deleted for S&U to show debtors filed returns and/or paid S&U.  The amendment from the original priority claim to the third amended priority claim reduced debtors' pre-petition liability from $944,045.04 to $133,911.40.  The liabilities listed on the timely filed original claim, except for adjustments to reflect payments made or filing of returns, remained the same upon filing the third amended priority claim.  Thus, the third amended claim, even though filed after the bar date, is a proper amendment to a timely-filed claim and should be allowed as timely.

10.   A properly filed proof of claim is <u>prima facie</u> evidence of the validity and amount of the claim.  <u>In re Fullmer</u>, 962 <u>F.</u> 2d 1463 (10th Cir. 1994), <u>Bankr. Rule</u> 3001(f).

11.   To overcome this <u>prima facie</u> effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. <u>See</u> <u>In re Wells</u>, 51 <u>B.R.</u> 563, 566 (D. Colo 1985), <u>Collier on Bankruptcy</u>, §502.02. ("Should objection be taken, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

12.   "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." <u>In re Domme, Jr.</u>, 163 <u>B.R.</u> 363 (D.Kan. 1994); <u>In re Allegheny International, Inc.</u>, 954 <u>F.</u>2d 167, 173-74 (3d Cir. 1992); <u>In re Resyn Corp. v. United States</u>, 851 <u>F.</u>2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. <u>In re White</u>, 168 <u>B.R.</u> 825, 829 (Bankr. D. Conn. 1994); <u>see also</u> <u>Raleigh v. Illinois Dep't of Revenue</u>, 530 <u>U.S.</u> 15, 120 <u>S.Ct.</u> 1951, 147 <u>L.Ed.</u>2d 13 (2000) (citing that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

13.   Here, debtors have not set forth any information to support their contention that there are no amounts or reduced amounts due for the N.J. Division's claim 16649 or that claims 16649 and 16650 are untimely. Instead, debtors contend only that filed claim 16649 is inconsistent with their books and records and should be therefore disallowed.

14. To conclude, the N.J. Division respectfully requests that debtors' objections to claims 16649 and 16650 be denied. The N.J. Division's administrative claim 16649 and priority claim 16650 are valid as discussed above. Debtors' requests for expungement of these claims fail to overcome the prima facie validity of the properly filed claims as required by Bankr. Rule 3001.

                    Respectfully submitted,

                    ANNE MILGRAM
                    ATTORNEY GENERAL OF NEW JERSEY


               By: /s/ Tracy E. Richardson
                  Tracy E. Richardson (TR1366)
                  Deputy Attorney General
                  (609) 292-1537
Dated:  10-18-07          (609) 777-3055 fax