1

1

2   **UNITED STATES BANKRUPTCY COURT**

3   **SOUTHERN DISTRICT OF NEW YORK**

4   **Case No. 05-44481**

5   - - - - - - - - - - - - - - - - - - - - - -x

6   **In the Matter of:**

7

8   **DELPHI CORPORATION,**

9

10       **Debtor.**

11

12  - - - - - - - - - - - - - - - - - - - - - -x

13

14           **U.S. Bankruptcy Court**

15           **One Bowling Green**

16           **New York, New York**

17

18           **October 10, 2007**

19           **10:02 a.m.**

20

21

22  **B E F O R E:**

23  **HON. ROBERT D. DRAIN**

24  **U.S. BANKRUPTCY JUDGE**

25

2

1
2    A P P E A R A N C E S :
3
4    **SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**
5         Attorneys for Debtor
6         333 West Wacker Drive
7         Chicago, IL 60606
8
9    BY:    JOSEPH N. WHARTON
10            JOHN K. LYONS, ESQ.
11
12   **SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**
13        Attorneys for Debtor
14        Four Times Square
15        New York, NY 10036
16
17   BY:    THOMAS J. MATZ, ESQ.
18
19   **TOGUT, SEGAL & SEGAL LLP**
20        One Penn Plaza
21        New York, NY 10119
22
23   BY:    ANDREW V. WINCHELL, ESQ.
24
25

3

1
2  HALPERIN BATTAGLIA RAICHT, LLP
3       555 Madison Avenue
4       New York, NY 10022
5
6  BY:   NEAL W. COHEN, ESQ.
7
8  KURTZMAN CARSON CONSULTANTS
9       1180 Avenue of the Americas
10      New York, NY 10036
11
12 BY:   ERIC KURTZMAN
13
14
15
16
17
18
19
20
21
22
23
24
25

P R O C E E D I N G S

1
2      THE COURT:  Please be seated.  Okay.  Delphi
3  Corporation.
4      MR. LYONS:  Good morning, Your Honor.
5      THE COURT:  Good morning.
6      MR. LYONS:  John Lyons on behalf of the debtors.
7  Here also with me is Joe Wharton, Tom Matz, Skadden, Andy
8  Winchell, Togut, Segal and Eric Kurtzman for Kurtzman Carson
9  Consultants.
10     THE COURT:  Okay.
11     MR. LYONS:  Your Honor, I'm actually going to turn
12 over the podium to my colleague Joe Wharton who is going to
13 conduct the hearing today.
14     THE COURT:  Okay.  That's fine.
15     MR. WHARTON:  Good morning, Your Honor.
16     THE COURT:  Good morning.
17     MR. WHARTON:  Joe Wharton of Skadden Arps on behalf
18 of Delphi Corporation and its affiliate debtors.  This is the
19 thirteenth claims hearing.  With your permission, Your Honor, I
20 would like to go through the agenda for today's hearing.  There
21 are two categories of matters on today's hearings.  First there
22 are six uncontested stipulations we are proposing to hand up
23 after the hearing.
24     The other category is comprised of four untimely
25 filed claims where the debtors have filed a supplemental reply

1    seeking expungement of those claims.  Those four claimants are
2    Stephanie Gray, Clark Thomas & Winters, P.C., David Wright and
3    U.S. Xpress.  The supplemental reply and supporting declaration
4    of Eric Kurtzman of KCC can be found at docket number 9543.
5             At Your Honor's direction, on the afternoon following
6    the September claims hearing we filed and served on those
7    claimants notice to file a motion for relief to file an
8    untimely claim to be heard at today's claims hearing.  That
9    notice can be found at docket number 9794.
10            We received motions from two of those claimants,
11   David Wright and U.S. Xpress.  U.S. Xpress filed their motion
12   on Monday.  Mr. Wright's motion has not yet appeared on the
13   docket as of this morning, but we did receive a copy yesterday
14   afternoon after the agenda for today's hearing was filed.  Both
15   of those motions were resolved last night after discussions
16   between counsel for the debtors and counsel for those
17   claimants.  So as a result, all the matters on today's agenda
18   are uncontested.
19            THE COURT:  Okay.  All right.
20            MR. WHARTON:  Your Honor, the first group of items on
21   the agenda are matters that relate to the third, seventh,
22   ninth, eleventh, thirteenth, and twentieth omnibus claims
23   objections.  The debtors have reached agreements with all
24   parties related to those matters, and with the exception of the
25   untimely claims, have joint stipulations to present to the

6

1   Court today with respect to all of the claims.  As to the

2   untimely claims, we've also prepared a separate order that will

3   address -- it will be one order addressing those four claims.

4           THE COURT:  Okay.

5           MR. WHARTON:  With your permission, I'll just quickly

6   run through the stipulations.  From the third omnibus claims

7   objection matters we have agenda item number 1, a stipulation

8   relating to the claim of Ultratech, Inc., which is currently

9   held by SPCP Group, LLC.  The debtors have reached a settlement

10  with Ultratech and the SPCP Group by relating to proof of claim

11  number 12216.

12          Ultratech asserted an unsecured non-party claim for

13  $482,289.98 against DAS, LLC and subsequently transferred the

14  claim to SPCP Group.  The parties have agreed to sell the claim

15  for an allowed general unsecured non-party claim in the amount

16  of $306,747.64 against DAS, LLC.  Ultratech retains the right

17  to assert a pre-petition general unsecured claim in the amount

18  of any lien creditor payment that is avoided and disgorged.

19  The debtors reserve the right to file additional objections to

20  any claim filed, asserted or reasserted with respect to the

21  lien creditor payment.  The parties have executed a stipulation

22  which we would like to submit after the hearing for

23  consideration by the Court.

24          THE COURT:  Okay.

25          MR. WHARTON:  Agenda item number 2 is the claim of

1  Metaldyne Company, LLC, Metaldyne Corporation, Metaldyne
2  Sintered Components, LLC, and Metaldyne Machining and Assembly
3  Company, Inc.  The debtors have reached a settlement with the
4  Metaldyne companies relating to proofs of claims numbers 11933,
5  11934, and 11935.  Claim number 11933 was asserted in the
6  amount of $433,818.91, secured by the right of setoff against
7  DAS, LLC.  Claim number 11934 was asserted in the amount of
8  $594,894.60, also secured by the right of setoff against DAS,
9  LLC.  Claim number 11935 was asserted in the amount of
10 $166,572.04, also secured by rights of setoff against DAS, LLC.
11 The Metaldyne companies have been provided with cash in advance
12 payments totaling $2,109,159.98.  But then the debtors recouped
13 certain portions of this payment.
14         The debtors and the claimants have agreed that after
15 reconciling all applicable pre-petition invoices, DAS, LLC
16 shall return and pay to the claimants in cash the sum of
17 $336,422.15 as a return of excessive debit recoupments.  Proofs
18 of claim numbers 11933, 11934, and 11935 shall be disallowed
19 and expunged.  And the parties have executed a stipulation
20 which we will submit after the hearing for consideration by the
21 Court.
22         THE COURT:  All right.
23         MR. WHARTON:  Agenda items 3, 4 and 5 relate to the
24 seventh, ninth, and eleventh omnibus claims objections and are
25 the claims of Stephanie Gray, Clark, Thomas & Winters, PC, and

1  David Wright, as I mentioned earlier, for which we filed and
2  served a notice requiring each of them to file a notice for
3  leave to file an untimely claim.
4         With Your Honor's permission I would like to address
5  the claims of those three claimants at the end of this hearing,
6  along with the claim of U.S. Xpress, who did file a motion
7  which was also resolved.
8         THE COURT:  Okay.
9         MR. WHARTON:  Moving on to agenda item number 6 from
10 the thirteenth omnibus claims objection, we have the claim of a
11 stipulation between the debtors and Advanced Micro Devices,
12 Inc./Spansion LLC.  The debtors have reached a settlement with
13 Advanced Micro Devices and Spansion LLC relating to proof of
14 claim relating to proof of claim number 5126.
15        The claimant initially asserted an unsecured non-
16 party claim for $2,387,697.06.  The parties have agreed to
17 settle the claim for an allowed general unsecured claim in the
18 amount of $2,330,098.00 against DAS, LLC.  Again, the parties
19 have executed a stipulation which will be submitted after the
20 hearing for consideration by the Court.
21        THE COURT:  Okay.  And Spansion is the assignee of
22 the claim?  Is that -- did they come in?
23        MR. WHARTON:  It was -- actually, the claim was
24 asserted by both Advanced Micro Devices --
25        THE COURT:  By both of them, okay.

1         MR. WHARTON: And Spansion LLC.

2         THE COURT: Okay.

3         MR. WHARTON: Agenda item number 7 from the twentieth

4 omnibus claims objection is the claim of Bruce Wheeler and

5 Cantor Lukasik Dolce & Panepinto, P.C.. Cantor Lukasik is the

6 law firm representing Mr. Wheeler. The debtors reached a

7 settlement with Mr. Wheeler and Cantor Lukasik relating to

8 proofs of claim numbers 10488 and 10489. Mr. Wheeler initially

9 asserted proof of claim number 10488 in the amount of $200,000

10 against Delphi Corporation. Cantor Lukasik, Mr. Wheeler's

11 counsel, also asserted proof of claim number 10489 in the

12 amount of $66,666.66 against Delphi Corporation.

13         The parties have agreed to settle claim number 10488

14 in the amount of $60,000 against DAS, LLC and proof of claim

15 number 10489 will be disallowed and expunged in its entirety.

16 The parties have executed a stipulation which we will submit

17 after the hearing for consideration by the Court.

18         THE COURT: Okay.

19         MR. WHARTON: Agenda item number 8, also from the

20 twentieth omnibus objection, is the stipulation that debtors

21 have entered into with Victory Packaging LP. By the

22 stipulation, the debtors and Victory Packaging have agreed to

23 reduce and set the maximum liability relating to proof of claim

24 number 11640. The claimant initially asserted an unsecured

25 non-party claim for $9,549.522.82 and a priority claim in the

10

1   amount of $658,509.45 against Delphi Corporation.

2           The parties have agreed to set a maximum liability of

3   the claim at $6,183,936.00, and the claim remains open for the

4   reconciliation and negotiation which the parties are conducting

5   at this time.  The parties have executed a stipulation which

6   will be submitted to the Court after this hearing for

7   consideration.

8           THE COURT:  Okay.

9           MR. WHARTON:  Agenda item number 9 is the claim of

10  Arthur Pawlowski.  The debtors have reached a settlement with

11  Mr. Pawlowski relating to his proofs of claim numbers 11886 and

12  13570.  Mr. Pawlowski initially filed proof of claim number

13  11886 asserting an unsecured non-party claim for $950,000

14  against Delphi Corporation.  He then filed proof of claim

15  number 13570, also asserting an unsecured non-party claim in

16  the amount of $2,000,000 against Delphi Automotive Systems

17  Holding, Inc.  The parties have agreed that both claims will be

18  withdrawn with prejudice.  And the parties have executed a

19  stipulation which will be submitted for consideration by the

20  Court.

21          Your Honor, the debtors respectfully request that the

22  Court consider and enter the orders which will be presented

23  after the hearing so as to resolve these uncontested matters.

24          THE COURT:  Okay.

25          MR. WHARTON:  Moving on to the second half of the

1    claims hearing agenda is the four untimely claims I mentioned

2    earlier.  At the previous claims hearing on September 28th, the

3    debtors presented their supplemental reply to responses filed

4    by four claimants who had filed untimely proofs of claim.  And

5    those are proof of claim number 16384 filed by Stephanie Gray,

6    proof of claim number 16454 filed by Clark, Thomas & Winters,

7    PC, proof of claim number 16474 filed David Wright, and proof

8    of claim number 13806 filed by U.S. Xpress, Inc.

9              At the September 28th hearing, Your Honor noted that

10   we should give those claimants two week's notice saying that

11   unless they filed a motion for leave to file an untimely claim,

12   which motion to be heard at the October 10th claims hearing,

13   then the Court would enter an order disallowing the claim as

14   untimely.  We filed that notice on September 28th, setting a

15   deadline of Monday October 8th to file such motions.  And so

16   I'll address each of those four claims and how their

17   responses -- or responses we did not get with respect to each

18   of those.

19             For Clark, Thomas & Winters, PC, proof of claim

20   number 16454, prior to the September 28th hearing, the Clark

21   Thomas firm had decided, after reviewing the affidavit of

22   service for the bar date notice, to agree not to contest the

23   relief sought by the debtors and have the claim expunged.  No

24   order was entered at that hearing with respect to the Clark

25   Thomas claim, so we have prepared an order providing for the

12

1  expungement of proof of claim 16454.
2          THE COURT:  Okay.
3          MR. WHARTON:  And this we'll submit after the
4  hearing.
5          THE COURT:  That's fine.
6          MR. WHARTON:  With respect to Stephanie Gray's claim
7  number 16384 no motion was filed by Stephanie Gray.  She has
8  not otherwise responded to the debtor's supplemental reply.
9  And accordingly, the debtors ask that claim number 16384 be
10 disallowed and expunged, pursuant to the notice that we filed
11 on September 28th.
12         THE COURT:  Okay.  I will grant that request.  I
13 reviewed her initial response which precipitated the debtor's
14 follow up, and she has not set forth a basis under Pioneer and
15 the Enron Midland case to have her claim be deemed timely
16 filed.  So it should be expunged.
17         MR. WHARTON:  Thank you, Your Honor.  Turning to the
18 claim of U.S. Xpress, on Monday U.S. Xpress filed their
19 response of U.S. Xpress, Inc. to the debtor's notice that was
20 filed on September 28th.  And that response or motion is found
21 at docket number 10492.  After discussions last night between
22 counsel for the debtors and counsel for U.S. Xpress, U.S.
23 Xpress has agreed to withdraw its motion for allowance of its
24 late file proof of claim.  And as a consequence, U.S. Xpress'
25 proof of claim will be expunged.

1             THE COURT:  Okay.

2             MR. COHEN:  Good morning, Your Honor, Neal Cohen of

3    Halperin Battaglia Raicht for U.S. Xpress, Inc.  We do agree

4    that we have agreed to withdraw our motion.  And I have seen a

5    proposed order which was circulated to me earlier this morning,

6    and I do have some changes so I'd like to talk to counsel, if I

7    could, before that order is submitted so we could add some

8    additional language, if that would be possible.

9             THE COURT:  About?

10            MR. COHEN:  We have also scheduled claims for $55,000

11   that I want to make sure --

12            THE COURT:  Okay.

13            MR. COHEN:  -- are not affected by the withdrawal and

14   the expungement of this claim.

15            THE COURT:  That's fine.

16            MR. COHEN:  Thank you, Your Honor.

17            THE COURT:  I think that -- well, given Judge

18   Lifland's Dana case and the authorities he cites, I think that

19   U.S. Xpress was correct in withdrawing the claim.

20            MR. WHARTON:  Thank you, Your Honor.  And we will

21   discuss that with Mr. Cohen after the hearing.

22            THE COURT:  Okay.

23            MR. WHARTON:  Turning to the claim of David Wright,

24   proof of claim number 16474.  Yesterday Mr. Wright's counsel

25   served the debtors with the motion that has not yet appeared on

1  the docket.  And after, you know, discussions with Mr. Wright's

2  counsel, you know, Mr. Wright filed a claim based on a

3  termination occurring on October 13, 2005, five days after the

4  petition date for the relevant debtor.

5            After discussion with the counsel, accordingly the

6  parties have agreed as follows.  The debtors and Mr. Wright,

7  through counsel, stipulate and agree that claim number 16474

8  will be expunged with prejudice, provided however the

9  expungement is without prejudice to Mr. Wright's ability to

10 file a post-petition administrative claim with respect to the

11 claim arising on or after October 8, 2005, in accordance with

12 deadlines to be later established by the Court, subject to the

13 debtors and other parties in interest's right to object on any

14 and all grounds.

15           THE COURT:  Okay.  That seems to be the correct

16 result.  So you haven't given him a deadline to file at this

17 point?  It will be subject just to general deadlines on the

18 case?

19           MR. WHARTON:  That's right.  That is correct, Your

20 Honor.

21           THE COURT:  Okay.  Fine.

22           MR. WHARTON:  And one last note, Your Honor, building

23 on the notice that we filed on September 28th, we plan to file

24 and serve another notice of deadline to file a motion for

25 relief to file an untimely claim with respect to other untimely

1  claims.  The notice will be similar to the one that we filed on
2  September 28th, requiring claimants to file a motion returnable
3  to a claims hearing date, I guess with a deadline to file two
4  days before the claims hearing date.  Any such motions -- I
5  guess the one difference we would like to do with this notice
6  is that any such motions that are filed would then be adjourned
7  to the next claims hearing date so we would have time to --
8             THE COURT:  Let me make sure I understand this.  Are
9  these -- is this in response to people who have filed a
10 previous objection to -- and under this objection or another
11 objection by the debtors saying that their claim was untimely?
12            MR. WHARTON:  It would be with respect to claims
13 where they had filed responses to our omnibus claims objection.
14            THE COURT:  Okay. All right.  That's fine.  I mean,
15 otherwise you wouldn't need to do it.  I mean, if they hadn't
16 responded then you don't need to give them this extra notice.
17 But if they have simply responded not with a motion but by
18 saying that for whatever reason their claim was timely, then I
19 think this is a proper procedure, as long as you give them at
20 least ten day's notice.
21            MR. WHARTON:  Um-hum.
22            THE COURT:  And then I'm fine with having the
23 adjourned period if they do file a response.
24            MR. WHARTON:  Okay.  And to the extent that we file
25 the notice and they don't file a motion by that deadline then

16

1  we would ask at that claims hearing that the Court enter an
2  order directing those claims as untimely.
3              THE COURT:  That's fine.
4              MR. WHARTON:  Okay.  That is all, Your Honor.
5              THE COURT:  Okay.
6              MR. WHARTON:  Thank you very much.
7              THE COURT:  Very well.  Thank you.
8              MR. LYONS:  One last thing, Your Honor, October 26th
9  is the next claims hearing.  Just as a note, I don't know if
10 the Court would see it on the docket, but Cadence did file a
11 motion to withdraw the reference for the estimation of its
12 claim.  It filed it with the district court, obviously.  So I
13 just wanted to make you aware of that.
14             THE COURT:  Okay.  Remind me what claim Cadence had?
15             MR. LYONS:  They had a patent.
16             THE COURT:  It was a patent thing?
17             MR. LYONS:  Right.
18             THE COURT:  Okay.
19             MR. LYONS:  With Mr. Connoly.  So I just wanted to
20 make the Court aware.
21             THE COURT:  Okay. Very well.  Thank you.  Anything
22 else?
23             MR. LYONS:  That's all we have.  Thank you, Your
24 Honor.
25             (Proceedings concluded at 10:18 a.m.)

17

**I N D E X**

**RULINGS**

| | Page | Line |
|---|---|---|
| **Claim number 16384** | **12** | **9** |
| **disallowed and expunged** | | |

18

1

2                           C E R T I F I C A T I O N

3

4    I, Sharona Shapiro, court approved transcriber, certify that

5    the foregoing is a correct transcript from the official

6    electronic sound recording of the proceedings in the above-

7    entitled matter.

8

9    _____  October 11, 2007

10   Signature of Transcriber                    Date

11

12   Sharona Shapiro

13   typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25

**VERITEXT/NEW YORK REPORTING COMPANY**
212-267-6868                                                516-608-2400