Hearing Date and Time: October 25, 2007 at 10:00 a.m.
Response Date and Time: October 18, 2007 at 4:00 p.m.

DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
(973) 966-6300
RICHARD M. METH, ESQ. (R.M. – 7791)(Admitted pro hac vice)
- and -
7 Times Square
New York, NY 10036-7311
(212) 297-5800
Attorneys for GE Consumer & Industrial f/k/a GE Lighting

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                           :    Chapter 11
                                                 :
DELPHI CORPORATION, et al.,                      :    Case No: 05-44481 (RDD)
                                                 :    (Jointly Administered)
                           Debtors.              :
---------------------------------------------------------------x

## RESPONSE OF GE CONSUMER & INDUSTRIAL F/K/A GE LIGHTING TO DEBTORS' TWENTY-FIRST OMNIBUS CLAIMS OBJECTION

GE Consumer & Industrial f/k/a GE Lighting ("GE"), by and through its undersigned counsel, hereby files its response to the Debtors' Twenty-First Omnibus Objection to Claims, and in support thereof states as follows:

### BACKGROUND

1. Delphi Corporation and certain of its affiliates (the "Debtors") filed their voluntary bankruptcy petitions on October 8, 2005. Upon information and belief, the Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Chapter 11 of the Bankruptcy Code.

2.  This Court set July 31, 2006 as the date for general unsecured creditors to file proofs of claim against the Debtors (the "Bar Date").

3.  On or about July 21, 2007, GE timely filed a Proof of Claim (*i.e.*, claim no. 10192) in the amount of $5,295.00 against Delphi Mechatronic Systems, Inc. (the "Claim").

4.  On September 21, 2007, the Debtors' Twenty-First Omnibus Claims Objection [Docket No. 9535] (the "21st Claims Objection") was filed pursuant to which the Debtors objected to the Claim, apparently on the ground that the amount of the Claim is incorrect or overstated. In the 21st Claims Objection the Debtors have asserted that their liability to GE with respect to the Claim does not exceed $1,833.00 (as opposed to the $5,295.00 asserted by GE). The Debtors have, therefore, asked that the Claim be modified. However, the Debtors have failed to provide **any** information or documents to support the proposed modification to the Claim.

## AS TO THE DEBTOR'S OBJECTION TO THE CLAIM

5.  A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. *Fullmer v. U.S. (In re Fullmer)*, 962 F. 2d 1463 (10th Cir. 1992); *see also* Fed. R. Bankr. P. 3001(f).

6.  To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. *See In re Wells*, 51 B.R. 563, 566 (D. Colo. 1985), *Collier on Bankruptcy*, §502.02. ("Should objection be taken, the objector must procure evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.")

7.  "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." *In re Domme*,

2

163 B.R. 363 (D. Kan. 1994); *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *In re Resyn Corp. v. United States*, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. *In re White*, 168 B.R. 825, 829 (Bankr. D. Conn. 1994).

8.  Here, the 21st Claims Objection sets forth no evidence, or other legally cognizable basis, to disprove the Claim. Although the Debtors assert that the Claim should be modified because it does not agree with their books and records, no other facts or law have been provided to support the Debtors' apparent contention that the Claim is incorrect.

9.  Thus, the Debtors' request for a reduction of the Claim fails to overcome the *prima facie* validity of the Claim as required by Bankruptcy Rule 3001.

10. Therefore, and for the reasons stated above, it is respectfully submitted that (a) the 21st Claims Objection must be denied, and (b) the Claim should be allowed as filed.

11. The person with authority to reconcile, settle or otherwise resolve the Claim is:

> Michael Bach, Esq.
> DeHaan & Bach Co., LPA
> 11256 Cornell Park Drive, Suite 500
> Cincinnati, OH 45242
> Phone: (513) 489-7522 x132
> Email: michaelb@dehaan-bach.com

**WHEREFORE,** in light of the foregoing, GE respectfully requests that this Court deny the 21st Claims Objection as it pertains to the Claim, and that it provide such further relief as is just and proper under the circumstances.

Dated: October 18, 2007
      Florham Park, NJ

                DAY PITNEY LLP
                Attorneys for GE Consumer & Industrial f/k/a GE Lighting

                By:     /s/ Richard M. Meth
                RICHARD M. METH (R.M.-7791)
                (MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
                (DELIVERY TO) 200 CAMPUS DR., FLORHAM PK., NJ 07932-0950
                Telephone: (973) 966-6300
                Facsimile: (973) 966-1015
                - and -
                7 Times Square
                New York, NY 10036-7311
                Email:    rmeth@daypitney.com