BLANK ROME LLP
Attorneys for O&R Precision Grinding, Inc.
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
212-885-5000
Rocco A. Cavaliere (RC-8686)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:                               : Chapter 11
                                     :
DELPHI CORPORATION, *et al.*,        : Case No. 05-44481 (ROD))
                                     :
                                     : (Jointly Administered)
              Debtors.               :
------------------------------------x

**RESPONSE TO DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO
CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY
EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS
NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY
CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT
TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION**

O&R Precision Grinding, Inc., by its undersigned counsel, hereby submits its response (the "Response") to the above-captioned Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books and Records, (E) Untimely Claims, And (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Twenty-First Omnibus Objection"). In support of the Response, O&R respectfully represents as follows:

900200.00001/6583313v.1

## BACKGROUND

1.  Prior to the Petition Date, O&R, an Indiana tool & die company provided parts to Debtor Delphi Automotive Systems LLC ("Delphi") from 1978 through the Petition Date. During this relationship, in July 2001, Delphi started a program for purposes of stocking and replenishing inventory at Delphi and at its suppliers (the "Inventory Replenishment Program").[1] In furtherance of the Inventory Replenishment Program, Delphi contracted with Vanguard Distributors, Inc. ("Vanguard") to act on Delphi's behalf as a purchasing agent and commodity manager of Delphi's spare part tooling and inventory control systems. In order to streamline the payment process for its suppliers, Delphi would pay Vanguard for all parts provided by all of its tool and die suppliers, including O&R. Vanguard, in turn, was obligated to pay its tool and die suppliers, including O&R, upon receipt of such monies from Delphi.

### The O&R Proof Of Claim

2.  On July 20, 2006, O&R filed with the Court an amended proof of claim against the Debtors asserting an unsecured claim in the total amount of $135,698.55 (the "O&R Proof of Claim"). The O&R Proof of Claim is comprised of two parts: (i) $114,536.80 in parts shipped directly to Delphi but ordered through the Inventory Replenishment Program, which remain unpaid, and (ii) $21,161.75 in parts shipped directly to Delphi that were not ordered through the Inventory Replenishment Program, which remain unpaid.

3.  On September 21, 2007, the Debtors filed and served their Twenty-First Omnibus Objection seeking to disallow or reduce various claims filed by their creditors. Among the claims the Debtors are seeking to disallow is the $114,536.80 portion of the O&R Proof of Claim. The Debtors have formally recognized the validity of the $21,161.75 portion of the O&R Proof of Claim. *See* Delphi Schedule F.

---

[1]  The Inventory Replenishment Program was not formalized in writing until February 2003.

2

900200.00001/6583313v.1

4. The O&R Proof of Claim describes, in itemized fashion, all open purchase orders that were unpaid as of the Petition Date and which remain unpaid to date.

### The Vanguard Proof Of Claim

5. On June 15, 2007, the Debtors filed the Seventeenth Omnibus Objection to Claims (the "Seventeenth Omnibus Objection"), including an objection to Vanguard's Proof of Claim in the amount of $788,321.49 (the "Vanguard Proof of Claim"). On July 11, 2007, Vanguard filed a response to the Seventeenth Omnibus Objection. A hearing with respect to the Debtors' Seventeenth Omnibus Objection to the Vanguard Proof of Claim has not yet been scheduled by the Court.

6. The Vanguard Proof of Claim itemizes unpaid pre-Petition purchase orders on behalf of various suppliers, including O&R. At least $66,765.79 of the Vanguard Proof of Claim relates to purchase orders that relate to product provided by O&R for Delphi's use. Indeed, the purchase order numbers aggregating $66,765.79 are identical to the purchase order numbers in the O&R Proof of Claim.

7. The Vanguard Proof of Claim does not include purchase orders relating to the $47,771 balance of the O&R Proof of Claim that is at issue in the Twenty-First Omnibus Objection. Upon information and belief, Vanguard received at least $44,498 of this $47,771 balance a few days prior to the Petition Date from Delphi. However, this payment was not relayed by Vanguard to O&R, the party that provided the actual parts used in Delphi's business operations.

### ARGUMENT

8. The O&R Proof of Claim should be allowed in its entirety. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, O&R's timely filed proof of claim

3

constitutes *prima facie* evidence of the validity and amount of such claim. In order to rebut that evidence, a proper objection must set forth specific evidence that is equal in force to the prima facie case. *See In re: King*, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with sufficient evidence rebutting the validity of a properly filed proof of claim.") (citations omitted); *In re Buger*, 125 B.R. 894, 902 (Bankr. D.Del. 1991) ("The proof of claims is *prima facie* evidence of a debt and creates a presumption of validity which must be objected to and rebutted by some showing of evidence.") (citations omitted); *See also In re Michigan Wisconsin Transport, Co.*, 161 B.R. 628, 637 (Bankr. W.D. Mich. 1993) (holding that in the absence of any evidence other than a books and records objection, the objection to claim must be overruled).

9.   The Twenty-First Omnibus Objection is insufficient to overcome the presumption of validity provided by Rule 3001(f) and is devoid of any facts addressing the validity of the O&R Proof of Claim. There is no assertion by the Debtors that O&R did not supply the product reflected in the O&R Proof of Claim. Accordingly, O&R submits that the Debtors have failed to rebut the *prima facie* validity of the O&R Proof of Claim.

10.  At the hearing to consider the Twenty-First Omnibus Objection and this Response,[2] O&R will demonstrate that the Debtors are independently liable to O&R for the entire amount of the O&R Proof of Claim. Delphi created the Inventory Replenishment Program and designated Vanguard as its purchasing agent. To the extent any monies have been paid to Vanguard which have not been turned over to O&R for the parts that were supplied by O&R to Delphi, Delphi is liable to O&R. Moreover, to the extent that certain purchase orders in the Vanguard Proof of Claim are identical to the purchase orders in the O&R Proof of Claim, any

---

[2]   As stated in the Twenty-First Omnibus Objection, the hearing with respect to any Responses will be held at a future adjourned date to be determined by the Debtor.

4

900200.00001/6583313v.1

distribution for such open purchase orders must be paid to O&R directly. Upon information and belief, Vanguard is in financial peril and distributions made to Delphi's agent, Vanguard, may not necessarily flow to O&R, the party that provided the parts and the party that will experience the actual loss.[3] As such, any distributions to Vanguard should be made directly to O&R up to the full amount of the O&R Proof of Claim.[4]

## WAIVER OF MEMORANDUM OF LAW

11.    Pursuant to Local Rule 9013-1(b), O&R respectfully request that the Court waive the requirement of a memorandum of law in support of this Response, since the legal points and authorities which this Response relies upon are incorporated herein. Accordingly, O&R respectfully requests that this Court find that Rule 9013-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

12.    O&R reserves its right to supplement this Response with additional briefing made necessary by the response of any part, or as may be requested by the Court.

## NOTICE OF RESPONSE

13.    Pursuant to the Omnibus Objection and the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims, entered December 7, 2006, copies of this Response have been filed electronically by the Objection Deadline and have been served upon: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), and (ii) counsel to the

---

[3]    O&R shall supplement its legal theories to allege third party beneficiary, unjust enrichment, and other theories after discovery concerning the Twenty-First Omnibus Objection to the O&R Proof of Claim is complete.

[4]    In June 2006, the Debtors were aware of Vanguard's failure to remit payments to suppliers as required by the Inventory Replenishment Program. In order to ensure payment to suppliers, the Debtors paid suppliers, including O&R, directly in the summer of 2006. The same action should take place here to ensure that the suppliers that have actually provided product to the Debtors can be paid on account of their valid claims.

900200.00001/6583313v.1

Debtors, Skadden, Arps, Slate, Meagher & Flom, LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr., John K. Lyons and Joseph N. Wharton) by facsimile and overnight delivery on October 18, 2007.

**WHEREFORE**, O&R respectfully requests that this Court allow the O&R Proof of Claim in the amount of $135,698.55, and grant O&R such other and further relief as this Court deems just and proper.

Date:   New York, New York
        October 18, 2007

BLANK ROME LLP
Attorneys for O&R Precision Grinding, Inc.

By:   /s/ *Rocco A. Cavaliere*
Rocco A. Cavaliere
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
212-885-5000

6

900200.00001/6583313v.1