**HEARING DATE AND TIME: October 25, 2007 at 10:00 a.m.**
**OBJECTION DATE AND TIME: October 18, 2007 at 4:00 p.m.**

Steven D. Pohl, Esq. (SP-0435)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) ) ) | Chapter 11 |
| DELPHI CORPORATION, et. al., ) ) | Case No. 05-44481 (RDD) |
| Debtors ) ) | (Jointly Administered) |
| ) ) ) | |

**RESPONSE OF GOLDMAN SACHS CREDIT PARTNERS, LP TO THE
DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM
(GOLDMAN SACHS CREDIT PARTNERS LP CLAIMS)
(CLAIM NOS. 7547, 15086, 15046, 5842, 11965, 11966 and 11967)**

Goldman Sachs Credit Partners, LP ("Goldman Sachs") hereby files this response to the Debtors' Twenty-First Omnibus Objection to Proofs of Claim (Goldman Sachs Credit Partners LP Claims) ("Objection"), and in support thereof, respectfully states as follows:

**FACTUAL BACKGROUND**

1. On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108. This Court has ordered joint administration of these cases.

2. No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (together with the official committee of unsecured creditors, the "Statutory Committees").

3. On January 20, 2006, the Debtors filed their Schedules of Assets and Liabilities (as amended and supplemented, the "Debtors' Schedules") and their Statements of Financial Affairs.

4. Goldman Sachs or its predecessor in interest timely filed the following liquidated proofs of claim against the Debtors (collectively, the "Goldman Sachs Claims") in connection with goods sold and/or services provided to the Debtors[1]:

- Claim No. 7547 filed on June 6, 2006 in the amount of $653,828.81 (The Debtors propose to reduce this Claim to $627,270.58);

- Claim No. 15086 filed on June 28, 2006 in the amount of $10,800,051.81 (The Debtors propose to reduce this Claim to $10,403,953.43);

- Claim No. 15064 filed on July 31, 2006 in the amount of $5,895,235.82 (The Debtors propose to reduce this Claim to $5,679,024.51);

- Claim No. 5842 filed on May 15, 2006 in the amount of $135,545.25 (The Debtors propose to reduce this Claim to $74,955.72);

- Claim No. 11965 filed on July 28, 2006 in the amount of $105,650.59 (The Debtors propose to reduce this Claim to $105,117.58);

- Claim No. 11966 filed on July 28, 2006 in the amount of $5,491.20 (The Debtors propose to reduce this Claim to $2,734.20); and

---

[1] In parenthetical, Goldman Sachs notes the Debtors proposed treatment per the Objection.

2

- Claim No. 11967 filed on July 28, 2006 in the amount of $5,019,217.38 (The Debtors propose to reduce this Claim to $4,993,895.44).

Supporting documentation evidencing the goods and services provided to the Debtors by the original claim holder, and the amounts owed with respect to the provision of such goods and services, was included with each of the above-referenced proofs of claim and provided as otherwise requested by the Debtors. Should the Court so desire, copies of the supporting documentation may also be provided to the Court.

5. On September 6, 2007, the Debtors' filed their Joint Plan of Reorganization (the "Plan"). The Debtors are currently seeking to have a hearing on confirmation of the Plan in November 2007.

6. On September 21, 2007, the Debtors' filed their Objection.

## ARGUMENT

7. The Debtors assert that each of the Goldman Sachs Claims, *inter alia*, (a) state the incorrect amount or are overstated; and/or (b) incorrectly assert secured priority status as a result of either (i) the Debtors and Goldman Sachs previously entered into a letter agreement whereby the Debtors and Goldman Sachs agreed upon the valid amount of the reclamation demand or (ii) Goldman Sachs previously consented to the Debtors' determination of the valid amount of the reclamation demand. The Debtors offer no evidence or justification to support these statements.

8. The Debtors' mere assertion that the claim amount does not match their known amount or incorrectly asserts priority status is an overly broad, empty statement. It is well settled bankruptcy law that a properly filed proof of claim is *prima facie* evidence of that claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). "If a proper objection is made, the objecting party has the burden of presenting evidence sufficient to

3

overcome the *prima facie* validity of the claim." King, Collier on Bankruptcy, ¶501.02[2][d] (15th ed. rev.). The Debtors' assertion that the Goldman Sachs Claims do not match their known amounts, without supporting evidence, does not refute the properly filed proof of claim. The Debtors must come forward with evidence to overcome the validity of the Goldman Sachs Claims.

9. The substantial majority of the proofs of claim evidencing the Goldman Sachs Claims included the related unpaid invoices for goods sold and services performed as attachments, or summaries of such invoices in support of the amounts owed to Goldman Sachs. Goldman Sachs thus provided sufficient evidence of validity of the Goldman Sachs Claims. In addition, to the extent the Debtors have requested any additional supporting documentation or information relating to the Goldman Sachs Claims, Goldman Sachs or the original claim holder provided such information. Based upon these facts alone, and the legal standard set forth above, the portion of the Goldman Sachs Claims that the Debtors seek to disallow or expunge, should not be disallowed or expunged.

10. Goldman Sachs has been engaged in discussions with the Debtors about the Goldman Sachs Claims for several months. No impasse had been reached in the discussions, and the parties, until the filing of the Objection, had been working toward a consensual resolution of the Goldman Sachs Claims and any objections thereto. In fact, it is the Debtors who have been slow in responding to Goldman Sachs, and in fact, have not provided Goldman Sachs with any justification for the continued dispute over the Goldman Sachs Claims in light of the additional documentation produced by Goldman Sachs. Accordingly, Goldman Sachs is at a loss as to how to substantively respond to the Debtors' objections to the Goldman Sachs Claims. Given the Debtors' inability to articulate a basis for their objection to the Goldman Sachs Claims and in light of the

Debtors' objections to the Goldman Sachs Claims. Given the Debtors' inability to articulate a basis for their objection to the Goldman Sachs Claims and in light of the supporting documentation evidencing the Goldman Sachs Claims produced by Goldman Sachs, the Court should deny the relief requested by the Debtors.

WHEREFORE, Goldman Sachs respectfully requests that this Court disallow the Objection as it pertains to the Goldman Sachs Claims and grant Goldman Sachs such other relief as may be appropriate and just.

Dated:  October 18, 2007

Respectfully submitted,

Goldman Sachs Credit Partners, LP

By its attorneys,

/s/ Steven D. Pohl
Steven D. Pohl, Esq.
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA  02111
(617) 856-8200

# 1522243 v1 -