**Hearing Date and Time: October 25, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtor. | : | (Jointly Administered) |

DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION
FOR LEAVE TO FILE LATE CLAIM

("OBJECTION TO REESE'S MOTION FOR LATE CLAIM ")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection") pursuant to rule 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), to Scott Darryl Reese's Motions For Leave To File Late Claim (Docket No. 10449) (the "Motion To File Late Claim"). Mr. Reese also included in his filing an Ex-Parte Motion For Relief From The Automatic Stay (the "Motion To Lift Stay") and a Motion For Intervention Pursuant To United States Bankruptcy Court For The Southern District Of New York Intervention Concurrent With Fed. R. Civ. Procedure Rule 24 Intervention (the "Intervention Motion," and together with the Motion To File Late Claim and Motion To Lift Stay, the "Motions"). The Debtors hereby object to the Motion To Lift Stay and the Intervention Motion as failing to state claims for which relief may be granted. In support of this Objection, the Debtors respectfully represent as follows:

Preliminary Statement

1. On January 22, 2007, Delphi was served with a Notice of Levy on Wages, Salary, and Other Income (the "Notice of Levy") issued by the Internal Revenue Service (the "IRS") that sought to garnish wages that were owed to Mr. Reese. A copy of the Notice of Levy, as received, is attached hereto as <u>Exhibit A.</u> Pursuant to Internal Revenue Code ("IRC") section 6332(a), the Debtors were required to honor the IRS levy and surrender Mr. Reese's wages to the IRS. If Delphi failed to do so, the Debtors would have been liable to the United States for amounts released to Mr. Reese. <u>See</u> IRC § 6332(d). In addition, IRC section 6332(e) provides that if an employer honors the levy, it is relieved of any liability to the employee whose wages are surrendered to the IRS.

2. Dissatisfied with Delphi's compliance with applicable law, Mr. Reese filed the Motions, seeking leave to file a late proof of claim, to lift the automatic stay, and for

2

intervention, all of which are aimed at nullifying the IRS Notice of Levy. For the reasons discussed below, all three motions are without merit and do not justify the relief which he seeks. Accordingly, Mr. Reese's motions should be denied.

## Argument

B. <u>Mr. Reese Has Failed To Identify Any Wrongdoing By The Debtors That Could Form The Basis Of A Claim</u>

        3.    Mr. Reese's objection to the government's enforcement of his income tax obligations should be addressed to the IRS, not to the Debtors. When the IRS served the Notice of Levy on the Debtors, the Debtors had no choice but to surrender wages or salary to the IRS pursuant to IRC § 6332(a), or face liability to the government itself under IRC § 6332(d).[1] The Debtors were acting within their duty under the law in withholding amounts from Mr. Reese's paycheck pursuant to the Notice of Levy, and the IRC protects employers in these circumstances.[2] If any person (as defined in the IRC) honors a levy, it is relieved of its liability to the delinquent taxpayer pursuant to IRC § 6332(e). Courts have consistently held that employers are not liable when they honor a levy. See <u>Schiff v. Simon & Schuster, Inc.</u>, 780 F.2d 210 (2d Cir. 1985); <u>Celauro v. U.S.</u>, 411 F. Supp. 2d 257 (E.D.N.Y. 2006); <u>Shephard v. IRS</u>, 2006 U.S. Dist. Lexis 69029 (N.D.N.Y. 2006); <u>Kish v. Rogers</u>, 2006 U.S. Dist. Lexis 81812 (S.D. TX 2006).

        4.    The IRC and its implementing regulations also provide that, where an employee fails to provide a form W-4 that conforms to the IRS standard, an employer must withhold at a default rate, which is that of a single person with no exemptions. See 26 C.F.R.

---

[1] Note that, while IRC section 6332 uses the term "person" to describe those required to comply with a levy, IRC section 7701 defines "person" as "an individual, a trust, estate, partnership, association, company, or corporation." IRC § 7701(a)(1).

[2] The notice of levy form from the IRS is a multi-part form. See Exhibit A. It is the Debtors' routine practice to forward the employee portion of the multi-part notice of levy form to the employee via U.S. Mail.

31.3402(f)(2)-1. A withholding certificate or W-4 form that claims complete exemption from withholding is only effective for the calendar year in which it is filed. Pursuant to 26 C.F.R. § 31.3402(f)(4)-2, and as explained in IRS Publication 15, Circular E, Employer's Tax Guide, section 9, attached hereto as Exhibit B, an employee must file a new W-4 form claiming exemption prior to February 15 of each year. If the employee does not comply, the employer must change the employee's exemptions to the default rate. Because Mr. Reese did not file a new W-4 form by February 15, 2007, Delphi is obligated to withhold taxes from Mr. Reese's paycheck at the default rate.

5. Mr. Reese's assertions that the Debtors owe him amounts withheld pursuant to the Notice of Levy or pursuant to the IRC and related regulations are not supported by the law, and are without merit.

C. Mr. Reese Has Not Established A Need To File A Proof Of Claim After The Bar Date

6. Mr. Reese does not appear to assert any claim that would have been subject to the Bar Date. Reese's employment with the Debtors did not begin until September 2006, almost one year after October 8 and 14, 2005, the dates on which the Debtors filed their petitions in these cases (collectively, the "Petition Date"). In the Proof of Claim, Mr. Reese asserts that the Debtors should not have withheld amounts from his paycheck, starting in early 2007, pursuant to a Notice of Levy from the IRS. Mr. Reese has even acknowledged in an email that he sent to counsel for the Debtors that he does not assert a prepetition claim. See Email from Scott Reese to Sarah Platt, a copy of which is attached hereto as Exhibit C.

7. The Bar Date Order explains that certain claims, including postpetition claims, are not subject to the Bar Date. The Bar Date Order, at paragraph 5, provides:

> Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:

4

>   (c) Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), as an administrative expense of the Debtors' chapter 11 cases

Bar Date Order, ¶ 5. Because Mr. Reese's claims are based upon events that occurred after the Petition Date and are thus not subject to the Bar Date, Mr. Reese's Motion To File Late Claim is unnecessary and should be denied.

D.    This Court Should Deny The Other Relief Sought By Mr. Reese

8.    In addition to the Motion To File Late Claim, Mr. Reese has filed the Motion To Lift Stay and the Intervention Motion, both of which are also at Docket No. 10449. Neither of these motions states a basis or a comprehensible request for any particular relief.

>   (a)   Mr. Reese Has Not Established A Basis For Relief From The Automatic Stay

9.    In his Motion To Lift Stay, Mr. Reese appears to seek consideration of the same claim with respect to which he filed the Motion To File Late Claim. Mr. Reese recounts the "history of the cause of action," but he does not explain why it requires relief from the automatic stay. In his "Request for Relief," Mr. Reese asks that the court "determine if Delphi Corporation has the statutory authority to act as a withholding agent," and he seeks relief from the automatic stay "for distribution of the secured claim." See Motion To Lift Stay at pp. 22-23.

10.    The automatic stay imposed by section 362 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is one of the most fundamental and significant protections that the Bankruptcy Code affords a debtor. Midlantic Nat'l Bank v. N.J. Dep't of Envt'l. Prot., 474 U.S. 494, 503 (1986); see also In re Drexel Burnham Lambert Group Inc., 113 B.R. 830, 837 (Bankr. S.D.N.Y. 1990) ("[A]utomatic stay is key to the collective and preservative nature of a bankruptcy proceeding."). The automatic stay is designed to, among

5

other things, give the debtor a "breathing spell" after the commencement of a chapter 11 case, shielding debtors from creditor harassment and a multitude of litigation in a variety of forums at a time when the debtor's personnel should be focusing on restructuring. See Taylor v. Slick, 178 F.3d 698, 702 (3d Cir. 1999), cert. denied, 528 U.S. 1079 (2000). Section 362(d)(1) of the Bankruptcy Code provides that the court may grant relief from the automatic stay "for cause." Although debtors still retain the exclusive right to formulate a plan of reorganization, "an unsecured, unliquidated claim holder should not be permitted to pursue litigation against the debtor in another court unless extraordinary circumstances are shown." See In re Pioneer Commercial Funding Corp., 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).

11.    Mr. Reese has failed to explain what course of action he wishes to pursue outside of the automatic stay. He has also failed to present any circumstances, much less extraordinary ones, that would require relief from the automatic stay. Finally, Mr. Reese has filed a Claim of Lien with the County of Saginaw, Michigan (the "Claim of Lien") on the Debtors' property in violation of the automatic stay. The Claim of Lien is based on the controversy as to the amount of the Proof of Claim.

12.    Because the Motion To Lift Stay fails to articulate a request for any particular relief or any basis for such relief, the Motion To Lift Stay should be denied and the Claim of Lien should be deemed void because it is in violation of the automatic stay. The Debtors further request that this Court direct Mr. Reese to take immediate steps to remove the Claim of Lien.

    (a)    <u>Intervention Under Fed.R.Civ.P. 24 Is Not Available With Respect To Motion Practice In A Chapter 11 Case</u>

13.    Mr. Reese also appears to attempt to bring his claim before this Court through the Intervention Motion pursuant to Fed.R.Civ.P. 24. In the Intervention Motion, Mr.

6

Reese again outlines the basis for the same claim described in the Motion To File Late Claim and the Motion To Lift Stay.  Although Fed.R.Civ.P. 24 applies in adversary proceedings before a bankruptcy court, it is not available within general motion practice in a chapter 11 case, and it is not the proper mechanism through which to bring a claim against the Debtors.  Accordingly, the Intervention Motion should be denied.

## Conclusion

14.    Not only do Mr. Reese's Motions fail to articulate any meaningful request for relief, but the underlying basis for his claims is entirely without merit.  Accordingly, the Motion To File Late Claim, Motion To Lift Stay, and Intervention Motion should each be denied.

## Memorandum Of Law

15.    Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) denying the Motion To File Late Claim, (b) denying the Motion To Lift Stay, (c) denying the Intervention Motion, (d) disallowing and expunging the proof of claim filed simultaneously with the motions, (e) deeming the Claim of Lien void, (f) directing the State of Michigan to avoid the Claim of Lien, and (g) granting them such other and further relief as is just.

Dated: New York, New York
       October 18, 2007

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

                By: /s/ John Wm. Butler, Jr.
                   John Wm. Butler, Jr. (JB 4711)
                   John K. Lyons (JL 4951)
                   Ron E. Meisler (RM 3026)
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois 60606
                (312) 407-0700

                - and –

                By: /s/ Kayalyn A. Marafioti
                   Kayalyn A. Marafioti (KM 9632)
                   Thomas J. Matz (TM 5986)
                Four Times Square
                New York, New York 10036
                (212) 735-3000

                Attorneys for Delphi Corporation, et al.,
                   Debtors and Debtors-in-Possession