Hearing Date and Time:  October 25, 2007 at 10:00 a.m.
Response Date and Time:  October 18, 2007 at 4:00 p.m.

MEYERS LAW GROUP, P.C.
A Professional Corporation
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA  94104
Telephone: (415) 362-7500
Facsimile:  (415) 362-7515
Email:  mmeyers@mlg-pc.com

Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>Jointly Administered |

**RESPONSE OF ALPS AUTOMOTIVE, INC. TO OBJECTION TO
CLAIM NO. 2246, PURSUANT TO DEBTORS' TWENTY-FIRST OMNIBUS
OBJECTION; ALPS' COUNTER-MOTION FOR ALLOWANCE OF CLAIM NO. 2246**

Alps Automotive, Inc. ("Alps"), an unsecured creditor herein, hereby submits this response to the *Debtor's Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, . . . And (F) Claims Subject to Modification, Tax Claim Subject to Modification, And Modified Claims Asserting Reclamation* (the "Objection"), filed by the debtors herein and dated September 21, 2007.  As set forth below, Alps opposes the Objection as it pertains to Claim No. 2246, filed by Alps, and counter-moves the Bankruptcy Court to allow such claim.  In this regard, Alps respectfully represents as follows:

**BACKGROUND**

The record of the above-referenced Court, together with the declaration of Merle C. Meyers (the "Meyers Decl.") filed concurrently herewith, establishes the following pertinent

1

10233/20660_2

facts:

1.  On October 8, 2005 (the "Petition Date"), Delphi Corporation ("DC"), Delphi Automotive Systems LLC ("DAS"), Delphi Mechatronic Systems, Inc. ("DM") and numerous related entities (collectively, the "Debtors") filed voluntary petitions initiating the above-captioned chapter 11 case, now jointly administered.

2.  Prior to the Petition Date, Alps sold various automotive parts on credit terms to one or more of the Debtors, and as of the Petition Date, Alps was owed the sum of $6,140,513.59 for parts sold to the Debtor for which payment was not received.

3.  On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's obligations, and attached documentation supporting such obligations, as follows:

    a.  A proof of claim against DAS ("Claim No. 2246"), a true and correct copy of which is attached to the Meyers Decl. as **Exhibit "A"**[1], in the amount of $6,140,513.59, with attachments identifying each unpaid invoice by number, date, amount and parts order; and

    b.  A proof of claim against DC as the debtor ("Claim No. 2665") in the amount of $6,140,513.59, with the same attachments described above.

4.  In addition, on October 18, 2005, by letter to the Debtors, Alps made demand upon the Debtors for reclamation and return of products delivered to the Debtors on credit terms within ten days preceding the Petition Date, in the amount of $1,550,810.57, pursuant to the provisions of 11 U.S.C. §546(c) of the Bankruptcy Code. The amount of that demand is included in the amounts set forth in Claims Nos. 2246 and 2665. The Debtors have disputed Alps' reclamation demand but have deferred resolution of that dispute, with the result that no payment or return of products has yet been made to Alps on account of its reclamation demand.

5.  Alps filed its proofs of claim against both DAS and DC primarily because, due to ambiguous or inconsistent documentation provided by the Debtors, Alps was not able to

---

[1] Exhibit "A" includes the Proof of Claim, Attachment 1 to same, and Exhibit A thereto, which details the invoices supporting the claim. The original claim as filed includes Exhibits A through K.

2

determine which such debtor, or whether each of such debtors, was obligated to pay for the Alps products ordered by the Debtors. Because both such debtors appeared on documentation with Alps, Alps believes that both entities might be jointly and severally liable to Alps for payment for the ordered and delivered parts.

6. As of February 6, 2006, Alps assigned its claims against the Debtors to Bear Stearns Investment Products Inc. ("Bear"). Under the terms of the assignment from Alps to Bear (the "Assignment"), Bear agreed to pay to Alps an amount to be determined as a percentage of the allowed amount of Alps' claims. Under the terms of the Assignment, an initial payment was made by Bear to Alps, but the bulk of the purchase price is not due until and unless the claims are allowed by the Court.

7. In order to defend its claims and to achieve allowance of those claims, Alps retained the authority to respond to objections to the claims and to otherwise prosecute the claims, under the terms of the Assignment.

8. The Debtors identified a claim owing to Alps in their filed schedules of assets and liabilities, but did not describe them as unliquidated and undisputed (and also identified an incorrect claim amount). As a result, Alps' claims were not considered allowed for purposes of the Assignment, and Alps could not then receive full payment of the purchase price under the Assignment.

9. On October 31, 2006, the Debtors filed an objection to Alps' claims, as part of the *Debtor's Second Omnibus Objection, etc.* (the "Earlier Objection"). In the Earlier Objection, the Debtors sought disallowance of Claim No. 2665, on the ground that such claim was allegedly duplicative of Claim No. 2665. The Earlier Objection stated that the Debtors intended to reserve all rights to object to Claim No. 2246 at a later time, and therefore did not seek allowance of Claim No. 2246. Earlier Objection, at *¶32*.

10. On or about November 22, 2006, Alps filed timely opposition to the Earlier Objection, and entered into discussions with the Debtors, through counsel, regarding resolution of the dispute.

3

10233/20660_2

11. Ultimately, the Debtors and Alps reached agreement as to the resolution of the objection to Claim No. 2665, as follows: Claim No. 2665 was disallowed, and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against DMS and another debtor), in an amount to be determined at a later time. That resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In Second Omnibus Claims Objections*, dated December 21, 2007.

12. The Debtors have now filed an objection to Claim No. 2246, the Objection. In the Objection, the Debtors seek (a) the reduction of the general claim by the approximate amount of $160,000; (b) the reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60; (c) redirection of a small portion of Claim No. 2246, the amount of $5,523.00, from DAS to DMS; and, most importantly, (d) reservation of the Debtors' right to object further to Claim No. 2246 at a later time. The Objection provides no explanation of the amounts or basis for the requested reductions of Alps' general and reclamation claims, but indicates that if opposition is filed, the matter will be removed from the Court's calendar and treated separately.

13. By way of the Objection, therefore, the Debtors seek to reduce Claim No. 2246 and Alps' reclamation claim without the consent of Alps, and for reasons that are not apparent from the face of the Objection, but still retain the right to object to the claim again at a later time. For Alps' purposes, this would mean that notwithstanding the reduction of its claims, those claims would still not be allowed claims, and payment by its assignee, Bear, would be further delayed.

14. Alps is amenable to a prompt resolution of the amount of its Claim No. 2246 and its reclamation claim, provided that such resolution results in the allowance of those claims in their proper amounts. That is, once the correct amounts of Alps' claims have been determined, either by agreement or order of the Court, those claims should be allowed in those correct amounts. That may not mean an earlier distribution from the Debtors' estates, but it *will* mean

4

10233/20660_2

completion of payments to Alps by Bear, its assignee.

15. Accordingly, Alps has filed this opposition and made the counter-motion set forth below.

## COUNTER-MOTION

16. By way of this submission, Alps hereby counter-moves the above-entitled Court for the entry of an order allowing Claim No. 2246 and Alps' reclamation claim, in such amounts as the Court deems proper. Absent proof being presented by the Debtors that lower amounts are in fact owed to Alps, Alps counter-moves that such claims be allowed in the amounts initially alleged by Alps, as against DAS.

## DISCUSSION

17. Based on the facts set forth above and applicable law as set forth below, the relief sought by Alps herein should be granted.

**A.   The Debtors Have Presented No Basis For Reduction Of Claims.**

18. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." See, e.g., *Carey v. Ernst (In re Carey)*, 333 B.R. 666, 672 (S.D.N.Y. 2005); *In re DeGeorge Financial Corp.*, 2002 WL 310967, *4. (D.Conn.). Moreover, a party objecting to a properly filed proof of claim has the burden of producing evidence to overcome the presumption of validity and amount. See, e.g., *Carey v. Ernst (In re Carey)*, 333 B.R. 666, 672 (S.D.N.Y. 2005); *In re DeGeorge Financial Corp.*, *supra*.

19. Here, the Debtors have not presented any evidence to overcome the presumption that Claim No. 2246 and Alps' reclamation claim are valid as filed, other than general, generic statements said to pertain to numerous claims. Such general statements are not sufficient to overcome the presumption of the validity of those claims, and therefore, without more, the Debtor's objection should be overruled.

**B.   The Claims Should Be Allowed, With No Reservation For Later Objections.**

20. More to the point, regardless of whether the Debtors hereafter present evidence to

support their objections to Claim No. 2246 and Alps' reclamation claim, those claims should be allowed by the Court, whether in the amounts proposed by the Debtors or in other amounts determined by the Court to be proper.

21. The plain language of Section 502 of the Bankruptcy Code requires that the Court allow or disallow a claim upon consideration of an objection to the claim. Section 502 states that "if such objection to a claim is made, the court, after notice and a hearing shall determine the amount of such claim . . . and *shall allow* such claim in such amount" unless the claim is subject to one of nine exceptions that are not applicable here. (emphasis added). The statute does not provide that a court *may allow* such claim unless the debtor reserves its right to later object.

22. The allowance or disallowance of a claim by the bankruptcy court is "binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata." *Siegel v. The Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) (stating that if a court allows a claim after considering an objection to it "there can be little doubt about the ultimate res judicata effect of that allowance."). In fact, even a reservation of the right to object is still subject to the defense of res judicata. *Tracar v. Silverman (In re American Preferred Prescription, Inc.)*, 266 B.R. 273, 279 (E.D.N.Y. 2000) (applying analysis "consistent with Second Circuit dicta"). Therefore, it is very unlikely that the Debtors' reservation would be sufficient to allow the Debtors to file another objection to Alps' claims in any event.

23. Accordingly, the Debtors should not be permitted to reserve a right to assert further objections at a later time. This is particularly so, given the prejudice that such a reservation will impose upon Alps, in light of its claim assignment to Bear. Such a reservation of rights will delay indefinitely payment to Alps by Bear, without any justification, or rationale for delay, having been presented by the Debtors.

24. Though courts have allowed debtors to reserve certain objections for consideration at a later date, such reservations must be specific as to particular unresolved issues, see *NOVA Information Sys., Inc. v. Premier Operations, Ltd. (In re Premier Operations, Ltd.)*,

6

290 B.R. 33, 45 (S.D.N.Y. 2003) (holding that "reserved but unasserted rights or defenses" could not be the basis of later, additional relief), or must not present a totally new objection that could have been raised earlier. *In re Eden*, 141 B.R. 121, 123 (Bankr. W.D. Tex. 1992) (permitting a second objection to the IRS's proof of claim only because the original objection was mistakenly never set for hearing). To hold otherwise would allow a debtor to object perpetually to claims that have already been decided by the Bankruptcy Court.

25. Equity dictates that the Debtors should not be given an unending opportunity to object to previously litigated claims. See *Siegel*, 143 F.3d at 530 ("In short, the validity of the claim has been determined on the merits, and attacks upon it that 'could have been asserted' cannot be raised in later proceedings."). This is not a situation in which the Debtors are unable to fully evaluate Alps' claims – the Debtors have made specific objections to Claim No. 2246 and Alps' reclamation claim, reflecting full capability to analyze and assess Alps' claims on their merits. Nor do the Debtors even suggest any justification for reserving their rights to object to Alps' claims.

26. As other courts have found in similar circumstances, the Debtors should be equitably estopped from raising a later objection if the Debtors are silent when it is their duty to speak. *In re Weidel*, 208 B.R. 848, 853 (Bankr. M.D.N.C. 1997) (allowing creditors to resist post-confirmation claims objections on the basis of equitable estoppel); *In re The Roof Doctor, Inc.*, 1998 WL 2016785, at *4 (Bankr. D.S.C. 1998) (barring a debtor's claim objection on the basis of res judicata and equitable estoppel). Such silence should preclude the Debtors from asserting rights they may otherwise have against Alps if not raised in this proceeding. *Id.* The Debtors are aware that Alps' claim assignment is contingent on its claims being allowed by the Court. Accordingly, the Debtors should present all of their objections in this forum, and this Court should allow or disallow the claim without permitting the reservation of further objection.

27. The address to which the Debtors must return any reply to this opposition, which is different from the address presented in Claim No. 2246, is as follows:

7

10233/20660_2

>MEYERS LAW GROUP, P.C.
>Attn: Merle C. Meyers, Esq.
>44 Montgomery Street, Suite 1010
>San Francisco, CA 94104
>Telephone: (415) 362-7500
>Facsimile: (415) 362-7515
>Email: mmeyers@mlg-pc.com

28.   Because the legal points and authorities upon which this response relies are set forth herein, Alps respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b), to the extent otherwise applicable herein, be deemed satisfied.

## CONCLUSION

Based upon the foregoing, Alps respectfully submits that the Objection should be denied with respect to Claim No. 2246 and Alps' reclamation claim, and that those claims should be allowed, without any reservation of rights to challenge the claims further at a later time, in such amounts as the Court determines proper.

DATED: October 17, 2007
   San Francisco, California

>MEYERS LAW GROUP, P.C.
>A Professional Corporation
>
>
>By:    /s/    Merle C. Meyers
>   Merle C. Meyers, Esq. CA State Bar #66849
>   44 Montgomery Street, Suite 1010
>   San Francisco, CA 94104
>   Telephone: (415) 362-7500
>   Facsimile: (415) 362-7515
>   Email: mmeyers@mlg-pc.com
>
>Attorneys for Alps Automotive, Inc., Creditor

8

10233/20660_2