**Hearing Date And Time: October 26, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO MOTION OF TECHNOLOGY PROPERTIES, LTD. FOR
ENTRY OF ORDER TEMPORARILY ALLOWING CLAIMS FOR VOTING ON PLAN
<u>PURSUANT TO FED. R. BANKR. P. 3018(a)</u>

("DEBTORS' OBJECTION TO TECHNOLOGY PROPERTIES, LTD.'S RULE 3018
MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Objection To Motion Of Technology Properties, Ltd. For Entry Of Order Temporarily Allowing Claims For Voting On Plan Pursuant To Fed. R. Bankr. P. 3018(a) (the "Objection") filed by Technology Properties, Ltd. ("Technology Properties"), and respectfully represent as follows:

## Background

1.  On or about July 27, 2006, Technology Properties filed 83 separate proofs of claim (the "Proofs of Claim") against various Debtor entities, asserting identical unsecured non-priority unliquidated claims[1] (the "Claims") arising from alleged patent infringement for a period of time from October 9, 1999 through October 8, 2005.

2.  On October 31, 2006, the Debtors objected to all 83 Claims of Technology Properties pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"). Pursuant to the Third Omnibus Objection, the Debtors sought to disallow the Claims as

---

[1] Technology Properties' 83 claims are proofs of claim numbers 14943, 14944, 14945, 14946, 14947, 14948, 14949, 14950, 14951, 14952, 14953, 14954, 14955, 14956, 14957, 14958, 14959, 14960, 14961, 14962, 15151, 15152, 15153, 15154, 15155, 15156, 15157, 15158, 15159, 15160, 15161, 15162, 15163, 15164, 15165, 15166, 15167, 15168, 15169, 15170, 15172, 15381, 15382, 15383, 15384, 15385, 15386, 15387, 15388, 15389, 15390, 15391, 15392, 15393, 15394, 15395, 15396, 15397, 15398, 15399, 15400, 15401, 15402, 15403, 15404, 15405, 15406, 15407, 15408, 15409, 15410, 15411, 15412, 15413, 15414, 15415, 15416, 15417, 15418, 15419, 15420, 15421, and 15422.

2

unsubstantiated claims of liabilities or dollar amounts that are not discernable from the Debtors' books and records.

   3.  On November 21, 2006, Technology Properties filed its Response To Objection To Claims Of Technology Property, Ltd.[2] (Docket No. 5625) (the "Objection Response").

   4.  On September 7, 2007, the Debtors filed the Motion For Order Pursuant To 11 U.S.C. §§ 105(a) and 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent And Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures (Docket No. 9297) (the "Estimation Motion").  In the Estimation Motion, the Debtors estimated and proposed a maximum cap for the Claims in the amount of $100,000.00.

   5.  On September 20, 2007, Technology Properties filed the Objection By Technology Properties, Ltd. To Motion By Debtor For Order Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And Approving Expedited Claims Estimation Procedures (Docket No. 9472) (the "Estimation Response").  In the Estimation Response, Technology Properties argues that its claims are valued at $4.1 billion.

   6.  On September 28, 2007, this Court entered the Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent And Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures (Docket No. 9685) (the "Estimation Order").

---

[2] The hearing with respect to the Debtors' Third Omnibus Claims Objection was adjourned as a result of Technology Properties' response.  However, through agreement of the parties and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims, entered December 7, 2007 (Docket No. 6089) (the "Claims Procedures Order"), ¶ 10, Technology Properties was deemed to not be subject to the procedures outlined in the Claims Procedures Order.

7.  On October 2, 2007, Technology Properties filed the Motion Of Technology Properties Ltd. For Entry Of Order Temporarily Allowing Claims For Voting On Plan Pursuant To Fed. R. Bankr. P. 3018(a) (Docket No. 10425) (the "Rule 3018 Motion").

### Objection

8.  By the Rule 3018 Motion, Technology Properties seeks an order from this Court allowing them to vote a provisional ballot in the amount of its estimated claims. The Debtors respectfully object to the Rule 3018 Motion on the basis that this Court has already provided such relief in the Estimation Order.

9.  The purpose of the Estimation Motion and Estimation Order is to estimate the claims filed against the Debtors for voting purposes.[3] Pursuant to paragraph 18(b) of the Estimation Order, and the agreement of the parties, Technology Properties' claims will be estimated on or before November 8, 2007. Consequently, once Technology Properties claims are estimated, they will have a provisional ballot in the estimated amount determined by this Court.

10. Moreover, the Debtors will not distribute ballots or otherwise begin solicitation on any plan of reorganization until this Court enters an order approving the Debtors' Motion For Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures, filed

---

[3]  For example, the Estimation Order provides, "Each unliquidated claim listed on Exhibit A hereto is hereby estimated and set at a maximum cap amount, *solely for the purposes of tabulating votes on and setting appropriate reserves under any plan of reorganization of the Debtors*, in the proposed amount as indicated for that claim on Exhibit A hereto." Estimation Order, ¶ 2 (emphasis added).

4

September 6, 2007 (Docket No. 9266) (the "Solicitation Procedures Motion"). The proposed order submitted by the Debtors for approval with that Motion already provides that "[a]ny holder whose claim or interest has been estimated pursuant to the Estimation Order (Docket No. 9685), however, shall be allowed to vote in the amount set forth for that claim or interest therein, notwithstanding that this claim or interest is subject to a pending objection." This proposed language is further evidence of the Debtors' intention with respect to voting for claims subject to the Estimation Motion.

11. Accordingly, the Debtors believe that the relief Technology Properties is seeking in its Rule 3018 Motion is duplicative of the relief previously granted by this Court. The Motion should be denied.

## Notice

12. Notice of this Objection has been provided in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. Sections 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (Docket No. 5418) and the Settlement Procedures Order. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) denying the Rule 3018 Motion filed by Technology Properties and (b) granting them such other and further relief as is just.

Dated:   New York, New York
         October 18, 2007

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession