W. Timothy Miller (*pro hac vice*)
Paige Leigh Ellerman (*pro hac vice*)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Telephone:  (513) 381-2838
Facsimile:  (513) 381-0205
miller@taftlaw.com
ellerman@taftlaw.com

*Counsel for US Aeroteam, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, *et al.*, | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | x |  |

**OBJECTION OF US AEROTEAM, INC. TO EXPEDITED MOTION FOR ORDERS UNDER 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002, 6004, AND 9014 (A)(I) APPROVING BIDDING PROCEDURES, (II) GRANTING CERTAIN BID PROTECTIONS, (III)APPROVING FORM AND MANNER OF SALE NOTICES, AND (IV) SETTING SALE HEARING DATE AND (B) AUTHORIZING AND APPROVING SALE BY DELPHI AUTOMOTIVE SYSTEMS LLC AND DELPHI AUTOMOTIVE TECHNOLOGIES, INC. OF CERTAIN EQUIPMENT AND OTHER ASSETS PRIMARILY USED IN DEBTORS' SAGINAW CHASSIS BUSINESS FREE AND CLEAR OF LIENS**

US Aeroteam, Inc. ("USAT"), a party-in-interest having a post-petition contract with Delphi Corporation and certain of its affiliates (the "Debtors"), by and through its undersigned counsel, hereby files its Objection (the "Objection") to Expedited Motion for

Orders Under 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 2002, 6004, and 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date and (B) Authorizing and Approving Sale By Delphi Automotive Systems LLC and Delphi Automotive Technologies, Inc. of Certain Equipment and Other Assets Primarily Used In Debtors' Saginaw Chassis Business Free and Clear Of Liens (Doc. No. 9368) (the "Sale Motion").  Specifically, USAT opposes the Sale Motion because (i) the Sale Motion does not identify what, if any, impact it may have on USAT's post-petition contract with the Debtors (*i.e.*, will the proposed purchaser take an assignment of USAT's post-petition contract, will the Debtors continue to perform the contract or will the Debtors attempt to terminate the contract?) and (ii) USAT did not receive proper notice of the Sale Motion to the extent it may impact USAT's contract rights.  In support of this Objection, USAT respectfully states as follows:

## BACKGROUND

1.      On October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Following the Petition Date, on or about January 31, 2006 and in the ordinary course of business, the Debtors issued Purchase Order No. 550085025 to USAT, a three-year requirements contract that expires on December 31, 2008 (the "Post-Petition Contract").

3.      On or about September 17, 2007, the Debtors filed the Sale Motion. USAT was not served with the Sale Motion.  See Affidavit of Service (Doc. No. 9551).

{W1101626.1}

USAT only became aware of the potential sale contemplated in the Sale Motion after it was contacted by TRW Integrated Chassis Systems LLC (the "Purchaser") in an attempt by the Purchaser to renegotiate the terms of the Post-Petition Contract.

5.      Upon review, the Sale Motion and Asset Purchase Agreement do not identify which of the Debtors' post-petition contracts qualify as "Excluded Assets" and "Supplier Contracts" for purposes of determining how such contracts will be treated as a result of the contemplated sale.  See Sale Motion at ¶ 22(l); Asset Purchase Agreement Sections 1.5 and 1.7.   To the extent a post-petition contract is a "Supplier Contract", it is unclear which non-debtor parties to "Supplier Contracts" may ultimately be determined by the Purchaser to be "Dissident Vendors".  Id.  Further, nowhere in the Sale Motion or accompanying exhibits are the consequences "Dissident Vendor" status explained.

6.      This lack of specificity as to treatment of post-petition contracts in the Sale Motion and Asset Purchase Agreement is problematic.  At this time, USAT does not know how an order approving the Sale Motion may impact the Post-Petition Contract or its rights thereunder.  As such, USAT files this Objection to the Sale Motion in order to protect its contractual rights under the Post-Petition Contract.

7.      In the event that the Debtors provide USAT with written confirmation that its rights under the Post-Petition Contract will not be adversely impacted by granting of the Sale Motion, USAT will promptly withdraw this Objection.

**WHEREFORE**, USAT respectfully requests that the Court enter an order denying the Sale Motion because (i) it does not identify what impact it may have on USAT's rights under the Post-Petition Contract, and (ii) as a party in interest, USAT did

not receive proper notice of the Sale Motion.  USAT further requests all other and further relief as the Court deems just.

Dated: October 18, 2007

Respectfully submitted,

 */s/ Paige Leigh Ellerman*
W. Timothy Miller (*pro hac vice*)
Paige Leigh Ellerman (*pro hac vice*)
TAFT, STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Telephone: (513) 381-2838

*Counsel for US Aeroteam, Inc.*

{W1101626.1}