**Hearing Date and Time: October 26, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' OBJECTION TO MEMORANDUM OF LAW IN SUPPORT FOR MOTION FOR, *INTER ALIA*,
RECONSIDERATION PURSUANT TO 11 U.S.C. 502(J) AND FED. BANKR. RULE 3008, OR
ALTERNATIVELY, TO VACATE, PURSUANT TO FED. RULE 60(B) AND FED. BANKR. RULE 9006,
ORDER SIGNED ON JUNE 29, 2007 (PACER ITEM 8443) DISALLOWING AND EXPUNGING
CERTAIN CLAIMS IDENTIFIED IN FIFTEENTH OMNIBUS CLAIMS OBJECTION, DISALLOWING
AND EXPUNGING, *INTER ALIA*, PROOF OF CLAIM NO. 15683 OF SPECIALTY COATINGS, INC.
AND <u>REINSTATEMENT OF PROOF OF CLAIM NUMBER 15683</u>

("OBJECTION TO SPECIALTY COATINGS INC.'S MOTION TO RECONSIDER")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to rule 60 of the Federal Rules Of Civil Procedure (the "Federal Rules"), made applicable by rule 9024 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Bankruptcy Rule 3008, to the Memorandum Of Law In Support For Motion For, *Inter Alia*, Reconsideration Pursuant To 11 U.S.C. 502(j) And Fed. Bankr. Rule 3008, Or Alternatively, To Vacate, Pursuant To Fed. Rule 60(b) And Fed. Bankr. Rule 9006, Order Signed On June 29, 2007 (Pacer Item 8443) Disallowing And Expunging Certain Claims Identified In Fifteenth Omnibus Claims Objection, Disallowing And Expunging, *Inter Alia*, Proof Of Claim No. 15683 Of Specialty Coatings, Inc. And Reinstatement Of Proof Of Claim Number 15683 (Docket No. 9362) (the "Motion to Reconsider") filed by Cookson Electronics, Inc. ("Cookson"), Fry's Metals, Inc. ("Fry's Metals"), and Specialty Coatings Systems Inc. ("Specialty Coatings"). In support of this Objection the Debtors respectfully represent as follows:

Preliminary Statement

1.      Specialty Coatings seeks reconsideration of a final order expunging its claim on the grounds that (a) it never received notice of the objection to its claim and (b) it did not have any reason to believe its claim was subject to an objection because its counsel's "understanding" from discussions with the Debtors was that the proof of claim at issue was not in dispute (which, it alleges, supports a finding excusable neglect under Bankruptcy Rules 3008 and 9024). These assertions, however, are not accurate and provide neither a factual nor legal basis to reconsider the order.

2.      The Debtors have submitted sworn testimony from Kurtzman Carson Consulting ("KCC") that the personalized notice of objection was mailed to Specialty Coatings' counsel creating a "very strong" presumption that such notice of objection was, in fact, delivered.

2

Specialty Coatings contests the presumption of delivery solely on the basis of another presumption: that there is a presumption that Specialty Coatings' counsel did not receive the notice because it would normally have responded to objections it receives, as it did in the case of an objection to a related creditor's claim. This is impermissible to rebut the "very strong" presumption of delivery as a matter of law.

       3.      Further, counsel's statement that it was her "understanding" that the proof of claim was not in dispute is not supported by the facts and is not a legal basis that would support a finding of excusable neglect. Accordingly, the Motion to Reconsider should be denied.

       4.      On May 22, 2007, the Debtors filed Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claims, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection"). In the Fifteenth Omnibus Claims Objection, the Debtors sought to disallow, among others, claims filed by two related companies, Fry's Metals and Specialty Coatings. Both Fry's Metals and Specialty Coatings are part of Cookson Electronics Company and are represented by the same counsel, Adler Pollack & Sheehan, P.C. ("AP&S").[1]

       5.      On June 18, 2007, Fry's Metals filed Fry's Metals, Inc., A Cookson Company's Response To Debtors' Fifteenth Omnibus Claims Objection (Docket No. 8317).

---

[1] Although Specialty Coatings relies heavily on the alleged fact that AP&S represents more than one creditor in the Debtors' bankruptcy cases, it should be noted that AP&S has not filed a verified statement required by Bankruptcy Rule 2019.

3

Specialty Coatings did not file a response to the Fifteenth Omnibus Claims Objection for Proof of Claim No. 15683.

      6.      On June 29, 2006, this Court entered the Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation Identified In Fifteenth Omnibus Claims Objection (Docket No. 8443) (the "Order").  The Order expunged proof of claim number 15683 (the "Specialty Coatings Proof of Claim").

      7.      By the Motion to Reconsider, Specialty Coatings requests that this Court reconsider the Order with respect to the disallowance and expungement of the Specialty Coatings Proof of Claim.  Specialty Coatings alleges that its counsel, AP&S did not receive personalized notice of the Fifteenth Omnibus Claims Objection (the "Specialty Coatings Personalized Notice") but concedes that AP&S did receive notice of the Fifteenth Omnibus Claims Objection (the "Fry's Metals Personalized Notice") as it relates to proofs of claim numbers 15679 and 15681 (the "Fry's Metals Proofs of Claims") in May 2007.

Argument

A.    Specialty Coatings' Counsel Was Properly Served With And Is Presumed To Have
         <u>Received The Fifteenth Omnibus Claims Objection And Personalized Notice</u>

      (i)    <u>A Proper Mailing Constitutes Effective Service</u>

      8.      On May 22, 2007, the Debtors' claims agent, KCC, served copies of the Fifteenth Omnibus Claims Objection (without exhibits)[2], the Personalized Notice, and the Order

---

[2] The Personalized Notice provides, "If you wish to view the complete exhibits to the Fifteenth Omnibus Claims Objection, you can do so at www.delphidocket.com." (Personalized Notice at 3).

4

Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims, entered December 7, 2007 (Docket No. 6089) (the "Claims Objection Procedures Order").  These documents were served by KCC on Specialty Coatings through its counsel by First Class mail at the address below, which is the address set forth on Specialty Coatings Proof of Claim[3]:

> Specialty Coatings Systems Eft
> c/o Maria J Goncalves Esq
> Adler Pollock & Sheehan PC
> One Citizens Plaza 8th Floor
> Providence, RI 02903

On May 30, 2007, KCC filed with this Court an Affidavit Of Service with respect to KCC's service of the Fifteenth Omnibus Claims Objection and the Specialized Personalized Notice on Ms. Goncalves (Docket No. 8109).

        9.      Courts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that it properly addressed, stamped, and deposited the item in the mail. See In re R.H. Macy Co., Inc., 161 BR 355, citing Hagner v. United States, 285 U.S. 427, 430 (1932) ("the rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); see also Leon v. Murphy, 988 F.2d 303, 309 (2d Cir.1993) (finding, under New York law, that when sender "presents proof of office procedure followed in a regular course of business, and these procedures establish that the required notice has been properly addressed and mailed," a presumption of receipt arises).

---

[3] The Specialty Coatings Personalized Notice was sent to the same address and addressee as the Fry's Metals Personalized Notice.

10.     The Debtors provided timely, proper, and sufficent notice of the Fifteenth Omnibus Claims Objection by mailing the notice of the Fifteenth Omnibus Claims Objection and the Personalized Notice to AP&S 30 days prior to the hearing on the objection at the address provided on the Specialty Coatings Proof of Claim.

(ii)     Specialty Coatings Has Failed To Rebut The Presumption That Service Was Proper

11.     Specialty Coatings asserts that it did not receive the Specialty Coatings Personalized Notice. Yet, it has failed to present any objective evidence that the Specialty Coatings Personalized Notice (a) was not mailed, (b) was mailed to an inaccurate address, or (c) was returned as undeliverable.

12.     "While the presumption is a rebuttable one, it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption and not by a mere affidavit to the contrary". In re Dana Corp., No. 06-10354, 2007 WL 1577763, *3 (Bankr. S.D.N.Y. 2007) (emphasis added); See Hagner v. U.S., 285 U.S. 427, 430 (1932) ("proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); In re Mid-Miami Diagnostics, L.L.P., 195 B.R. 20, 22 -23 (Bankr. S.D.N.Y. 1996) ("A creditor's denial of receipt, standing alone, does not rebut the presumption that the mail was received, but merely creates a question of fact.").

13.     "The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." Moody v. Bucknum, 951 F.2d 204, 207 (9th Cir.1991). As Judge Lifland noted and cited in the In re Dana Corp.:

> "Evidence of an objective nature going beyond the claimant's statement of non-receipt is necessary. CUNA Mutual Ins. Group v. Williams, 185 B.R. 598, 600 (9th Cir.BAP1995) (evidence of business routine regarding receipt of mail not sufficient; more positive evidence such as

6

testimony of a clerk's office employee that notice was not sent or proof that none of the listed creditors received notice or that the mail was returned unclaimed.); In re Chicago P'ship Bd., Inc., 236 B.R. 249, 256 (Bankr.N.D.Ill.1999) (the presumption that the addressee of a properly addressed and mailed notice receives that notice may be rebutted by "direct" and "substantial" evidence); Ms. Interpret v. Rawe Druck-Und-Veredlungs-GMBH, 222 B.R. 409, 413 (Bankr.S.D.N.Y.1998) (a party must do more than merely assert that it did not receive the mailing; its testimony or affidavit of non-receipt is insufficient, standing alone, to rebut the presumption.); Dependable Insurance Co. v. Horton, 149 B.R. 49, 58 (Bankr.S.D.N.Y.1992) (finding that an addressee did not rebut the presumption of receipt as it did not present evidence that, because of the incomplete address, the postal service could not deliver the notice of bankruptcy to its post office box and further, its affidavits denying receipt, "[stood] merely as general denials" and were insufficient to rebut the presumption); In re STN Enterprises, Inc., 94 B.R. 329, 335 (Bankr.D.Vt.1988) ("the combination of the facts that the address was only 'slightly incorrect,' the notice was never returned to debtor's attorney as undelivered, and that [the creditor] had received other mailings from debtor's attorney at the incorrect address lead us to conclude that the [creditor received the] notice of the bar date.")."

14.     Specialty Coatings bears the burden of rebutting the presumption of receipt of the Specialty Coatings Personalized Notice. Alexander's Inc., 176 B.R. at 721. AP&S's assertion that it did not receive the Specialty Coatings Personalized Notice of the Fifteenth Omnibus Claims Objection does not overcome the presumption of proper notice simply by submitting affidavits. Affidavits of employees are considered mere denials of receipt of notice and are therefore insufficient to rebut the presumption of receipt. Horton, 149 B.R. at 58 (Bankr. S.D.N.Y. 1992). To rebut the presumption of proper service, the claimant must prove that the "regular office procedure was not followed or was carelessly executed so that the presumption that notice was mailed becomes unreasonable." Id. (citing Meckel v. Continental Resources Co., 758 F.2d 811, 817 (2d Cir. 1985). It is established in the Second Circuit that the "mere denial of receipt does not rebut the presumption that notice was properly addressed and mail is received." Capital Data Corp. v. Capital National Bank, 778 F. Supp. 669, 675-676

(S.D.N.Y. 1991); In re Alexander's Inc., 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) (stating,"It is black letter law that once an item is properly mailed, the law presumes that it is received by the addressee").

15.     Specialty Coatings has not, and cannot, rebut the sworn testimony of KCC that the personalized notice was mailed to Specialty Coatings' counsel.  Instead, it merely invokes another presumption – that its counsel is presumed to not have received the personalized notice because it would normally have otherwise filed a response to the objection – to rebut the presumption of delivery.  As Judge Lifland stated in the Dana case, invoking another presumption is not sufficient to overcome the very strong presumption of delivery.  In re Dana Corp., No. 06-10354, 2007 WL 1577763, *3.

16.     Moreover, Specialty Coatings failed to submit an affidavit from Maria J. Goncalves, the person listed on the Specialty Coatings proof of claim form and to whom the Specialty Coatings Personalized Notice was addressed.  Specialty Coatings' affiants, Ms. Matzko and Mr. Avanzato, simply do not have personal knowledge whether Maria J. Goncalves received the Specialty Coatings Personalized Notice.  Even if Ms. Matzko and Mr. Avanzato are able to cure this foundational defect, the affidavits still do not rebut KCC's sworn testimony that KCC properly addressed and mailed the Personalized Notice and it is therefore presumed that such Personalized Notice was delivered.

B.      Specialty Coatings Has Not Met Its Burden Of Proof For Establishing Excusable Neglect

17.     Because notice of the 15th Omnibus Claims Objection was proper, Specialty Coatings is forced to assert excusable neglect.  As this Court has noted, there is some variation in the case law in the Second Circuit as to whether the proper standard for a motion to reconsider is (a) the three-factor analysis set forth in American Alliance Insurance Co., Ltd. v. Eagle Insurance Co. under Section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008 or

8

(b) the four-factor analysis set forth in <u>Pioneer Investment Services Co. vs. Brunswick Associates Limited Partnership</u> under Bankruptcy Rule 9024, which incorporates Federal Rule 60(b) for reconsideration of judgments.  Regardless of which standard applies, Specialty Coatings has not established excusable neglect or an equitable basis for having the Order reconsidered under either standard.

        (i)  Specialty Coatings Is Not Eligible Under Rule 60(b) For Reconsideration Of The Order Disallowing And Expunging Its Claim

18.     Specialty Coatings does not meet its burden for reconsideration under the four-factor test articulated in <u>American Alliance Insurance Co., Ltd. v. Eagle Insurance Co.</u>, 92 F.3d 57, 59 (2d. Cir.1996).  This test applies Bankruptcy Rule 9024, which incorporates Federal Rule 60(b), to determine the existence of excusable neglect.  Under this test, the Second Circuit has outlined three factors: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted."  <u>American Alliance Insurance Co.</u>, 92 F.3d at 59. Willfulness does not require bad faith or wrongful conduct.  Instead it may be sufficient that the movant knew that the action was pending and failed to respond .  <u>Gucci America, Inc. v. Gold Center Jewelry</u>, 158 F.3d 631, 635 (2d. Cir. 1998).  Conduct by the movant that is in bad faith falls under the willfulness standard and weighs heavily against the movant.  <u>In re Enron, Inc.</u>, 325 B.R. 114, 116 (Bankr. S.D.N.Y. 2005).  In addition, gross negligence, while not determinative, can weigh against the party seeking relief.  <u>Id.</u>

19.     Specialty Coatings asserts that its situation is similar to the facts set forth in <u>Enron</u> and as such its conduct is excusable.  In that case, the court determined that the creditor met the excusable neglect standard when it failed to review the claims objection.  In examining the willful nature of the claimant's conduct, the <u>Enron</u> court considered that the creditor assumed

9

that its claim was not subject to the claims objection because it had been engaged in settlement negotiations with debtors' business personnel and counsel and therefore failed to file a response to such objection. Additionally, with respect to a potential meritorious defense, the Enron Court noted that while the parties disputed the exact amount of the claim, they agreed that the claimant held a potential claim.

20. The facts at issue here are distinguishable from the Enron case. Contrary to Specialty Coatings' assertions, the Debtors never recognized that Specialty Coatings had a valid prepetition claim and , in fact, consistently told its representatives that it had no claim. Thus, unlike the dispute in Enron, the parties have never agreed that Specialty Coatings held a potential claim. Counsel's vague allegation that it was her "understanding that the remaining three proofs of claim were uncontested," the Debtors clearly communicated to counsel their position that there was no prepetition liability. In fact, over a month before the Debtors filed the Fifteenth Omnibus Claims Objection, they provided AP&S with a summary of the Debtors' prepetition accounts payable activity for Fry's Metals and Specialty Coatings which demonstrated that these entities, in fact, that the sum of the Fry's Metals Proofs of Claim and the Specialty Coatings Proof of Claim had a net prepetition balance of zero.[4] The Debtors' filed an objection to the Fry's Metals Proofs of Claim and the Specialty Coatings Proofs of Claim only when it became abundantly clear after numerous conversations and correspondence that Fry's

---

[4] Attached as Exhibit A is a copy of an e-mail sent by the Debtors' Manager of Restructuring Processes & Support, Jeanine Deluca to AP&S Counsel Claudia J. Matzko on April 18, 2007 and of the attachment to the e-mail, which details the prepetition activity for Fry's Metals and Specialty Coatings. The last page summarized the account balance between Delphi and the "Family of Cookson Companies" (which included Fry's Metals and Specialty Coatings). After applying $567,397.62 in prepetition payments made by Delphi to the Cookson companies against $304,301.90 in prepetition accounts payable, The Cookson companies, including Specialty Coatings, in fact, owed Delphi $263,095.72, for which the Debtors took a postpetition debt for that amount. Exh. A at 9. This detailed accounting was sent to AP&S and demonstrates that the Debtors did not owe any money to Fry's Metals and Specialty Coatings on account of prepetition invoices.

Metals and Specialty Coatings did not possess documentation to support their claims and were unwilling to withdraw their claims.

21.     Specialty Coatings conduct was willful because (a) it is presumed to have received the Personalized Notice and did nothing and (b) its discussions with the Debtors made it clear that an action was pending and they failed to respond.  Furthermore, prejudice to the Debtors will result if the Motion to Reconsider is granted.  Specialty Coatings has provided no evidence of extenuating circumstance that might rise to the level of excusable neglect relating to its failure to file a timely response to the Fifteenth Omnibus Claims Objection.  The Fry's Metals Personalized Notice was entirely consistent with the Debtors' position with respect to Fry's Metals, yet counsel saw "no reason to investigate the matter further to verify whether an additional Notice of Objection to the remaining Proof of Claim of Specialty Coatings should have been included in the Motion that AP&S received."  See Motion to Reconsider at 10.  Therefore, the Motion to Reconsider should be denied.

> (ii)    Specialty Coatings' Counsel Has Not Met Its Burden Of Proof For Establishing Excusable Neglect Under Bankruptcy Rule 3008

22.     Alternatively, Specialty Coatings seeks reconsideration of the Order under section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008 and again fails to demonstrate excusable neglect.  The Supreme Court held that excusable neglect is the failure to comply with a filing deadline because of negligence.  Pioneer Investment Services Co. vs. Brunswick Associates Limited Partnership, 507 U.S. 380, 394.  In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "(1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  Id.

11

at 395. The Second Circuit has held the most important factor is the reason for the delay, including whether it was within the reasonable control of the movant. The Second Circuit has taken a "hard line" when applying the Pioneer factors and has held that the equities will rarely favor a party who does not follow the clear dictates of a court rule or order. See February 14, 2007 Hearing Transcript at 27. Furthermore, "where the rule is entirely clear, the Second Circuit continues to expect that a party claiming excusable neglect will, in ordinary course, lose under the Pioneer test." Id.

23.    Specialty Coatings does not state the specific grounds for reconsideration on which it is relying. It fails to make any argument or provide any explanation for its delay. As such, Specialty Coatings has not met this burden. Specialty Coatings failed to provide any evidence of circumstances justifying the extraordinary relief it seeks under the "excusable neglect" standard.

C.  Granting Specialty Coatings' Requested Relief Would Prejudice The Debtors By Undermining The Claims Administration Process

24.    Granting the relief requested by Specialty Coatings would excuse it from its obligation to timely respond to the Fifteenth Omnibus Claims Objection and would encourage other claimants to seek similar relief, undermining the integrity and finality of the entire claims administration process. The resulting uncertainty would greatly prejudice the Debtors, their estates, and their creditors and undermine the Debtors' efforts to formulate and prosecute a plan of reorganization.

25.    The Debtors would be prejudiced by the granting Specialty Coatings' Motion to Reconsider. Courts have often looked primarily to concerns about opening the floodgates. See, e.g., In re Enron Corp., 419 F. 3d 115, 132 (2d Cir. 2005); In re Kmart Corp., 381 F.3d 709, 714 (7th Cir. 2004) (noting that if court allowed all similar late-filed claims,

"Kmart could easily find itself faced with a mountain of such claims"); Enron Creditors Recovery Corp., __ B.R. __, 2007 WL 1705653, at *10-11 (Bankr. S.D.N.Y. June 13, 2007) ("It can be presumed in a case of this size with tens of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any deluge of motions seeking similar relief would prejudice the Debtors' reorganization process." (citation omitted)); In re Dana Corp. 2007 WL 1577763, *6 (Bankr. S.D.N.Y. 2007) ("the floodgates argument is a viable one").  Although Specialty Coatings' claim itself may be only one of thousands, allowing Specialty Coatings to prevail may inspire many other similarly situated potential claimants to file similar motions. Any potential claimant who, by its own error, failed to file a timely response may seek to follow Specialty Coatings' lead.  Granting this Motion to Reconsider in this instance may also call into question the Debtors' efforts to enforce response deadlines and orders with respect to the approximately 9,000 claims that have already been subject to omnibus claims objection orders in these cases.  Accordingly, Specialty Coatings' request should be denied.

## Conclusion

26.     Specialty Coatings seeks an opportunity to file a response and revive its Claim without having satisfied any of the grounds for reconsideration of the Order pursuant to which its claim was disallowed and expunged.  Relief under either (a) Rule 60(b) or section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008 is not available to Specialty Coatings. Accordingly, the Motion to Reconsider should be denied.

## Memorandum Of Law

27.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

13

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) denying the Motion to Reconsider and (b) granting them such other and further relief as is just.

Dated: New York, New York
October 19, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and –

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession