# Exhibit 19

| | | |
|---|---|---|
| **United States Department of Labor** | Employee Benefits Security Administration<br>211 West Fort Street, Suite 1310<br>Detroit, MI 48226-3211 |  |

DATE:                             June 7, 2006

MEMORANDUM FOR:    File

FROM:                             Frank Schneider  *fas/*
                                          Investigator

SUBJECT:                       Delphi Personal Savings Plan for Hourly Employees
                                          52-011672

On the date above at 3:30pm, the writer participated in a telephone conference call with Jonathan Lavy ("Lavy), an Investment Analyst at General Motors Investment Management Company ("GMIMCo") and David Hartman ("Hartman"), Legal Counsel from GMIMCo. Lavy worked with Chuck Tschampion (now retired from Fidelity) on providing an estimate of how much the error was going to cost Delphi or what the Participants would have earned had the funds been invested correctly. As Lavy understood the error, dividends were invested in the General Motors Stock Fund ("GMSF") and were supposed to be invested in the Promark Income Fund ("PMIF").

GMIMCo received this request orally. Lavy was not sure who at Delphi made the request because Chuck Tschampion received the phone call. The request was made in late April or early May in 2004. Brian Donoghue from Fidelity provided the data to GMIMCo. The date included the number of GMSF shares, size of the dividends and the daily performance of the GMSF and the PMIF. The aggregate amount lost opportunity costs was estimated at $1 million and assumed that none of the Participants sold any of their GMSF shares during the period. The results of the estimate study were provided over the telephone to Delphi during a conference call. Lavy could not recall the date but indicated that he thought it was in May 2004. The conference call included Delphi and Fidelity personnel. Besides discussing the amounts owed, Lavy recalled Delphi and Fidelity discussing the possible ways Participant accounts could be corrected and filing the corrective actions taken with the Internal Revenue Service. However, since GMIMCo was not involved in correcting the error, Lavy does not recall specifically what was discussed with respect to each option available to correct Participant's accounts. Lavy stated that who was responsible for paying the amounts owed to Participant's was not discussed during the conference call. Lavy could not remember everyone that participated in the conference call but indicated that Karen Cobb and Mike Fligstein participated from Delphi and Roy Fralin and Chris DeWitt participated from Fidelity.

According to Lavy, GMIMCo had periodic meetings with Delphi regarding the Plans; however, GMIMCo did not meet regularly with Fidelity.

The writer requested Lavy's work papers regarding the estimate provided to Delphi and Fidelity. Hartman indicated that he wanted to review the documents and then would inform the writer during the week ending June 16, 2006 if a subpoena would be necessary.

According to Hartman, GMIMCo's role with respect to the Delphi's Personal Savings Plan for Hourly Employees ("Plan") was to review the fund performances, review the fund managers, make recommendations to the Plan regarding investment options and provide communications to Participants regarding the funds managed by GMIMCo. Hartman did not believe that GMIMCo reviewed the Plan or any of the account statements at the level that would have been necessary to discover the incorrectly invested dividends.

GMIMCo works with Fidelity because may of the funds offered in the Plan are managed by Fidelity, however, GMIMCo does not report to Fidelity.

GMIMCo charges the Plan a management fee and there are fees charged to the Plan by the Promark Funds. However, Hartman was not sure whether or not Delphi paid any of the fees on behalf of the Plan.

Up to Delphi whether they paid or Plan