UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

SIXTH APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP,
SPECIAL LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION, FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant:   Quinn Emanuel Urquhart Oliver & Hedges, LLP

Authorized to Provide Professional Services to:   Delphi Corporation, and certain of its subsidiaries and affiliates

Date of Retention Order:   March 10, 2006

Period for Which Compensation and Reimbursement are Sought:   June 1, 2007 through August 15, 2007

Amount of Compensation Sought as Actual, Reasonable, and Necessary: **$24,674.00**

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: **$2,039.05**

Voluntary Reductions: $_____

This is an/(a):  X  Interim   __  Final Application.

18157/2263495.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

SIXTH APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP,
SPECIAL LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION, FOR
<u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") hereby submits its Sixth Application for Approval of Compensation and Reimbursement of Expenses (the "Application"). Through this Application, Quinn Emanuel seeks fees and expenses for the period of June 1, 2007 through August 15, 2007 (the "Application Period").

I.     <u>BACKGROUND</u>

        1.     On October 8, 2005 (the "Petition Date"), Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1130, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code (hereinafter referred to as the "Action"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code.

18157/2263495.1

      2.      On the Petition Date, and again on October 19, 2005, this Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Docket Nos. 28 and 404).

      3.      On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors.

      4.      On May 5, 2006, this Court entered a third supplemental Order under 11 U.S.C. § 331 establishing a Joint Fee Committee ("Fee Committee") comprised of: (a) the Office of the United States Trustee; (b) the Debtors; and (c) the Official Committee of Unsecured Creditors.  (Docket No. 3630)

      5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  This matter is a core proceeding under 28 U.S.C. §157(b)(2).

      6.      The statutory predicates for relief requested herein are sections 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

## II.    RETENTION OF QUINN EMANUEL

      7.      The Debtors had retained Quinn Emanuel as an ordinary course professional according to the Order under 11 U.S.C. §§ 327, 330, and 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business.  (Docket No. 883).  On February 7, 2006, an application was filed in this Court for an order approving the retention of Quinn Emanuel as special litigation counsel to the Debtors, nunc pro tunc to October 8, 2005 (the "Retention Application").  On March 10, 2006, this Court entered an Order (the "Retention

Order") authorizing the Debtors to employ Quinn Emanuel as their special litigation counsel under the terms set forth in the Retention Application.[1]

8. There was no arrangement or agreement between Quinn Emanuel and any person including Debtors for compensation to be paid in these chapter 11 cases other than as set forth in the Retention Application and its supporting affidavit.

9. On August 15, 2007, this Court entered an Order terminating Quinn Emanuel's status as Special Litigation Counsel and authorizing the retention of Quinn Emanuel as an ordinary course professional according to the Order under 11 U.S.C. §§ 327, 330, and 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business. (Docket No. 9101).

III. PRESENT POSTURE OF DEBTOR'S LITIGATION MATTERS

10. Quinn Emanuel has provided services for the Debtors in the past and therefore at the Debtor's request, Quinn Emanuel continued to assist the Debtors as special litigation counsel in connection with their litigation issues.

11. Quinn Emanuel was retained as special litigation counsel to Debtors in connection with the following matters: (a) Whitney v. Delphi Corporation; (b) Patent Holding Company v. Delphi Automotive Services Corporation; (c) Quinn v. Delphi Automotive Services Corporation; (d) Crown City Plating Co. v. Delphi Corporation; (e) Quake Global Inc. v. Orbcomm, LLC, et al.; and (f) Fiber Systems, Inc. v. Ernie Gonzales.

12. Since the Petition Date, Quinn v. Delphi Automotive Services Corporation has been dismissed, and Crown City Plating Co. v. Delphi Corporation, has been closed.

---

[1] A copy of the Retention Application, the supporting affidavit, and the Retention Order are attached hereto as Exhibit A.

Additionally, the remaining matters have been stayed pursuant to Section 362 of the Bankruptcy Code.

13. Nevertheless, Quinn Emanuel has provided services and/or anticipates on providing services for the following litigation matters:

B. <u>Whitney v. Delphi Corporation</u>, Case No. BC337315

14. Plaintiff sued Delphi Corp. and Delphi Product and Service Solutions, Inc. in Los Angeles Superior Court for Age Discrimination, Wrongful Termination in Violation of Public Policy, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. Plaintiff alleges both disparate treatment and disparate impact age discrimination. Plaintiff alleges he was wrongfully terminated in June 2003 and was told he was being terminated because he did not have the "fit and finish" for the new team. Plaintiff also alleges that Delphi engaged in a pattern and practice of systematically reducing the average age of its workforce by terminating the employment of and/or otherwise pressuring older workers to cease working for Delphi by hiring younger workers. Delphi denies Plaintiff's allegations and will defend vigorously the claims against it.

C. <u>Patent Holding Company v. Delphi Automotive Systems Corporation</u>, Civil Action No. 99-76013, E.D. Mich.

15. Plaintiff sued Delphi, alleging infringement of three patents directed to various aspects of air bag cover design, and is seeking compensatory damage and an injunction. Plaintiff further alleges willful infringement and seeks treble damages based on their allegations. Delphi denies plaintiff's infringement allegations and has asserted counterclaims in which it seeks a declaratory judgment that the patents-in-suit are not infringed, are invalid, and are unenforceable.

16. In November 2003, Delphi prevailed in connection with summary judgment motions that significantly reduced the universe of potential damages in dispute. A claim construction hearing before a Special Master was held in early 2004, and the Court issued its claim construction order in August, 2004. On December 8, 2004, the parties attended a mediation, which although productive, did not result in settlement.

17. On August 23, 2005, the Court held a status conference and set dates for the close of fact discovery, filing expert reports, responses to expert reports, and preparation of the Joint Pretrial Statement. The final pretrial conference was set for March 28, 2006.

18. Thereafter, on October 8, 2005, Delphi filed for bankruptcy protection under Chapter 11. On October 13, 2005, Delphi notified the court of the bankruptcy filing and the automatic stay provided by Section 362 of the Bankruptcy Code took effect.

19. On January 23, 2007, the Court issued an Order lifting the automatic stay with regard to the action captioned <u>Patent Holding Company v. Delphi Automotive Systems Corporation</u>, Civil Action No. 99-76013, E.D. Mich., for the purpose of liquidating Patent Holding Company's claims in said litigation.

20. A mediation was held on April 11, 2007. Although, the mediation was unsuccessful in resolving this matter.

21. Delphi denies Plaintiff's allegations and will defend vigorously the claims against it.

D. <u>Quake Global Inc. v. Orbcomm, LLC, et al.</u>, Case No. CV051410 (C.D. Cal. Feb. 24, 2005)

22. Quinn Emanuel is currently representing Delphi in this matter in which Plaintiff alleges that Delphi and other defendants violated federal antitrust laws. Specifically,

Plaintiff alleges that Delphi's agreement to manufacture satellite modems for Stellar Satellite Communications, Ltd., constitutes a "de facto exclusive dealing" arrangement in violation of the Sherman Act. Delphi denies the allegations and intends to defend vigorously the claims against it.

  E. <u>Fiber Systems, Inc. v. Ernie Gonzales</u>, Case No. 4:04CV348 (United States District Court for the Eastern District of Texas, Sherman Division)

  23. Quinn Emanuel is currently representing Delphi Corporation in connection with a subpoena duces tecum served on it. Defendant Gonzalez is an employee of Delphi Connection Systems. He had been employed in a sales related job at Fiber Systems, Inc. (FSI), plaintiff, and a competitor of Delphi Connection Systems. FSI has accused Mr. Gonzalez of misappropriating confidential/trade secret information from it when he left. They have further alleged that this information has helped Delphi Connection Systems win certain contracts over FSI. Delphi Connection Systems has not been sued in this matter. Delphi Connection Systems appeared only as a third-party.

IV. FEE PROCEDURES AND MONTHLY FEE STATEMENTS

  24. On November 4, 2005, this Court entered an Order pursuant to 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals ("Interim Compensation Order"). (Docket No. 869). This Court entered supplemental orders on March 8, 2006 and March 28, 2006 (Docket Nos. 2747 and 2986) amending deadlines for filing monthly compensation packages and interim and final fee applications. Pursuant to paragraph 2(j) of the Interim Compensation Order, Quinn Emanuel is filing this Amended Application with this Court.

  25. Quinn Emanuel has prepared and served and will serve monthly fee statements for services performed during the Application Period pursuant to paragraph 2(a) of

the Interim Compensation Order and the supplemental orders. (Docket Nos. 869, 2747 and 2986).

26. On May 5, 2006, this Court entered an order establishing a Fee Committee to assist this Court in monitoring the fees incurred during the pendency of Debtors bankruptcy. (Docket No. 3630). Quinn Emanuel has prepared and submitted past monthly fee statements and back-up supporting documentation, as well as a budget for anticipated fees and expenses pursuant to the Fee Committee's request.

V. COMPENSATION FOR PROFESSIONAL SERVICES

27. Quinn Emanuel has played an important role in advising the Debtors with respect to their litigation matters. As a result of its efforts during the Application Period, Quinn Emanuel now seeks allowance of **$24,674.00** in fees calculated at the applicable guideline hourly billing rates of the firm's personnel who have worked on the litigation matters, and **$2,039.05** in charges and disbursements actually and necessarily incurred by Quinn Emanuel while providing services to the Debtors during the Application Period.

28. In staffing these cases, in budgeting and incurring charges, and in preparing and submitting this Sixth Application, Quinn Emanuel has been mindful of the need to be efficient while providing vigorous representation to the Debtors. Quinn Emanuel has also been especially mindful of the standards established by the Second Circuit Court of Appeals and courts in this district for compensation of professionals and reimbursement of charges and disbursements. See In re JLM, Inc., 210 B.R. 19, 24 (2d Cir. B.A.P.1997); In re Poseidon Pools of America, Inc., 180 B.R. 718, 729 (Bankr.E.D.N.Y.1995); In re Ferkauf, Inc., 42 B.R. 852, 853 (Bankr.S.D.N.Y.1984), aff'd, 56 B.R. 774 (S.D.N.Y.1985). As described in detail herein, Quinn Emanuel believes that the requests made in this Sixth Application comply with this Court's

standards in the context of the unique circumstances surrounding this unusually large and complex case.

VI.     SUMMARY OF SERVICES RENDERED BY QUINN EMANUEL DURING THE APPLICATION PERIOD

29.     Quinn Emanuel has advised the Debtors on their litigation matters throughout the Application Period, and continues to perform the services as more fully described below and as outlined in Exhibit B. During the Application Period, Quinn Emanuel has been providing services which may include the following:

30.     preparation of pleadings;

31.     preparation of early meeting of counsel;

32.     discovery and document production;

33.     privilege log preparation;

34.     motion practice and legal research;

35.     witness interviews, preparation and depositions;

36.     work with experts and consultants;

37.     communications with and efforts to obtain documents from Department of Insurance counsel;

38.     Bankruptcy-related administrative tasks;

39.     miscellaneous.

40.     The following is a brief summary of certain of Quinn Emanuel's litigation activities performed in the Debtor's litigation matters during the Application Period:

A.     Delphi Corporation Bankruptcy Administration

41.     During the Application Period and as more fully set forth in Exhibit B, Quinn Emanuel expended reasonable amounts of time dedicated to complying with this Court's

42. Order mandating the submission of both an Interim Fee Application and monthly fee statements in accordance with the Fee Committee's guidelines. (Docket Nos. 869, 2747, 2986 and 3630). Time allocated to this task also included corresponding with Debtors counsel, preparing and filing its Fifth Interim Fee Application along with exhibits and other supporting documentation covering six (6) matters in which Quinn Emanuel served as special litigation counsel to Debtor. Time records submitted by Quinn Emanuel include 7.8 attorney hours devoted to these tasks, and the total amount of fees billed on this matter are $2,379.00.

B. Patent Holding Company v. Delphi Automotive Systems Corporation, Civil Action No. 99-76013, E.D. Mich.

43. During the Application Period, Quinn Emanuel expended reasonable amounts of time dedicated to miscellaneous litigation support. Time in this category included review and analysis of prior art; review and analysis of summary judgment papers regarding patent theories. Time records submitted by Quinn Emanuel include 39.3 attorney hours devoted to these tasks, and the total amount of fees billed on this matter are $22,295.00.

44. The total amount of fees billed for this Application Period is $24,674.00.

VII. SUMMARY OF EXPENSES INCURRED DURING THE APPLICATION PERIOD

45. The Application requests reimbursement of $2,039.05 in costs and disbursements. Quinn Emanuel recognizes that costs incurred in this case are not significant. Quinn Emanuel is and has been cost-conscious with respect to the Action and has made every effort to keep costs down in these cases to a reasonable minimum.

A. Professional Services

45. During the Application Period, Quinn Emanuel charged a total of $7.28 for professional services.

B. Telephone Expenses

46. During the Application Period, Quinn Emanuel charged a total of $0.01 for telephone expenses. Quinn Emanuel bills its clients for the actual costs charged to Quinn Emanuel plus overhead, which consists of a percentage of maintenance.

C. Document Reproduction

47. During the Application Period, Quinn Emanuel charged a total of $43.60 for reproduction expenses.

C. Postage & Federal Express

48. During the Application Period, Quinn Emanuel charged a total of $34.29 for postage and federal express charges. These charges represent the actual postage charges associated with submitting monthly Fee Statements.

D. Travel Related Expenses

49. During the Application Period, Quinn Emanuel charged a total of $1,945.87 for travel related expenses. These charges represent the actual charges associated with attending a mediation in connection with Quinn Emanuel's representation of Debtor in Patent Holding Company v. Delphi Automotive Systems Corporation, Civil Action No. 99-76013, E.D. Mich.

E. Telecopier

51. During the Application Period, Quinn Emanuel charged a total of $8.00 for telecopier expenses.

52. The total amount of costs billed for this Application Period is $2,039.05.

VIII. NOTICE

Quinn Emanuel has served copies of the Application on the Debtors, counsel for the Official Committee of Unsecured Creditors, the United States Trustee, and the Joint Fee

Committee. In addition, Quinn Emanuel has served notice of the filing of the Application on the parties as required by the Interim Compensation Order and supplemental orders. The Debtors submit that no other or further notice need be given.

IX. CONCLUSION

WHEREFORE, Quinn Emanuel respectfully requests that the Court enter an Order allowing interim compensation of **$24,674.00** to Quinn Emanuel for professional services rendered as attorneys for the Debtors during the Application Period; plus reimbursement of actual and necessary charges and disbursements incurred in the sum of **$2,039.05** and authorize and direct the Debtors to pay such amounts, and for such other and further relief as the Court deems appropriate.

DATED:   Los Angeles, California
         October 23, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s/ Mateo Fowler
    Mateo Fowler (cyfac-45)

856 South Figueroa Street, 10th Floor
Los Angeles, California 90017

## DECLARATION OF MATEO FOWLER

I, Mateo Fowler, declares as follows:

1. I am an attorney admitted to practice law in the state of California and before this Court. I am an attorney with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for the Debtor Delphi Corporation in the Action Captioned <u>In re Delphi Corporation, et. al.</u>

2. I have personal knowledge of the facts set forth in the foregoing Sixth Application of Quinn Emanuel Urquhart Oliver & Hedges, LLP for Approval of Compensation and Reimbursement of Expenses (the "Application"). Such facts are true and correct to the best of my knowledge and I could and would competently testify thereto if called and sworn as witness.

3. From the outset of this case, I have overseen the entry of attorney and legal assistant time on this matter. Knowing that time entries might otherwise reveal privileged and confidential information and litigation strategy, we have instructed attorneys and legal assistants to exclude such privileged information from their entries. The time records submitted by Quinn Emanuel Urquhart Oliver & Hedges, LLP in support of the Application contain as much detail as is reasonably possible to provide without revealing privileged attorney-client information, attorney work-product, and litigation strategies.

4. During the Application Period, I have overseen the coding of the time entries of each professional and para-professional working on the case. Each time entry has been coded into one of the following categories:

5. preparation of pleadings;

6. preparation of early meeting of counsel;

7. discovery and document production;

8. privilege log preparation;

9. motion practice and legal research;

10. witness interviews, preparation and depositions;

11. work with experts and consultants;

12. communications with and efforts to obtain documents from Department of Insurance counsel;

13. Bankruptcy-related administrative tasks;

14. miscellaneous.

15. Individuals identified in the time records are attorneys at the Firm.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration is executed this 23rd day of October, 2007, at Los Angeles, California.

/s/ Mateo Fowler
Mateo Fowler (cyfac-45)

18157/2263495.1                                13