TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors-in-Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Sean P. McGrath (SM-4676)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

HEARING DATE:  November 29, 2007
AT:  10:00 a.m.

-------------------------------------------------------------x
                                                             :
In re:                                                       :
                                                             :     Chapter 11
DELPHI CORPORATION, *et al.*,                                :     Case No. 05-44481 [RDD]
                                                             :
                            Debtors.                         :     Jointly Administered
                                                             :
-------------------------------------------------------------x

### DECLARATION OF SEAN P. MCGRATH
### IN SUPPORT OF DEBTORS' MOTION FOR
### A DEFAULT JUDGMENT AGAINST FURUKAWA ELECTRIC
### NORTH AMERICA APD AND FURUKAWA ELECTRIC CO., LTD.

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Sean P. McGrath hereby declares as follows:

1.      I am an associate attorney at the law firm of Togut, Segal & Segal

LLP ("TS&S"), conflicts counsel to Delphi Corporation and certain of its subsidiaries

and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") including

Delphi Automotive Systems LLC ("DASL LLC") in the above-captioned case.

I respectfully submit this declaration in support of Debtors' motion for a default

judgment against defendants Furukawa Electric North America APD and Furukawa Electric Co., Ltd. (jointly, "Furukawa").

2.     The matters set forth herein are based upon my personal knowledge except where set forth upon information and belief, and I believe those matters are true and correct.

## INTRODUCTION

3.     Furukawa filed a proof of claim number 12347 (the "Proof of Claim") against DAS LLC in July 2006 and asserted that it suffered cancellation damages of $2,589,684.56.  The Debtors objected to the Proof of Claim Furukawa, in turn, responded to the Debtor's Objection in November, 2006.

4.     On March 16, 2007, the Debtors filed their Statement of Disputed Issues regarding Furukawa's Proof of Claim.  In their Statement of Disputed Issues, the Debtors asserted that Furukawa, and not the Debtors, breached the parties' pre-petition contract (the "Contract") and the Debtors asserted that not only should the Proof of Claim be expunged, but that the Debtors should be awarded an affirmative recovery against Furukawa of not less than $25 million dollars based upon Furukawa's breach of the Contract.

5.     In response, Furukawa moved ("Furukawa's Motion") for relief from the automatic stay to liquidate its Proof of Claim in the Michigan state court, for abstention and alternatively, for an order limiting the scope of the hearing to consider the Debtor's objection to the Proof of Claim.  Furukawa's Motion was fully briefed and considered by this Court on July 19, 2007.

6.     At the hearing to consider Furukawa's Motion and in a modified Bench Ruling issued thereafter, the Court denied Furukawa's Motion and expressly

authorized the Debtors to assert a counterclaim against Furukawa consistent with Bankruptcy Rule 3007.

7.    The Debtors filed and served a demand for affirmative relief on September 26, 2007 (the "Counterclaim").  In the Counterclaim, the Debtors pleaded with particularity all of the factual allegations in support of their assertion that Furukawa breached the Contract and that Furukawa otherwise acted improperly regarding the Contract;  the Debtor's allegations support an affirmative claim against Furukawa and the basis for disallowance of the Proof of Claim.

8.    Furukawa has failed to respond to the Counterclaim and has provided no excuse for failing to do so.

9.    The Debtors seek entry of an Order pursuant to section 105 of title 11, United States Code (the "Bankruptcy Code") and Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting a default judgment against Furukawa.

<u>**JURISDICTION**</u>

10.    This Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting C.J.).

11.    Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

12.    Venue over this motion resides in this Court pursuant to 28 U.S.C. § 1408(a).

13.     The relief sought herein is governed by section 105 of the

Bankruptcy Code and Bankruptcy Rule 7055.

## **BACKGROUND**

14.     Furukawa filed the Proof of Claim against DAS LLC on July 28,

2006.  The Proof of Claim asserts an unsecured nonpriority claim in the amount of

$2,589,684.56 for alleged breach of contract damages.  The Proof of Claim includes

alleged damages for legal fees, "inventory," "investment," and other miscellaneous

charges.

15.     The Debtors objected to the Proof of Claim pursuant to the Debtors'

(I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R.

Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims

Unsubstantiated By Debtors' Books And Records, and (C) Claims Subject To

Modification and (II) Motion to Estimate Contingent And Unliquidated Claims

Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims

Objection"), which was filed on October 31, 2006.

16.     Furukawa responded and objected to the Debtors' Third Omnibus

Claims Objection (Docket No. 5788) (the "Response") on November 22, 2006.

17.     In the Debtors' March 16, 2007 Statement of Disputed Issues

regarding the Proof of Claim, the Debtors argued that not only should the Proof of

Claim be disallowed and expunged, but that an Order should be entered awarding

damages to the Debtors based on Furukawa's improper conduct and breach of the

parties' Contract.

18.     On March 23, 2007, Furukawa moved for an Order of the Court (a)

abstaining from the parties' claim dispute pursuant to 28 U.S.C. §1334(b);  (b)

modifying the automatic stay pursuant to Bankruptcy Code §362(d) to permit

Furukawa to liquidate its claim against the Debtors in the Michigan State courts; and (c) alternatively, limiting the scope of the Third Omnibus Claim hearings regarding to the Debtors' objection to the Proof of Claim.

19.    Furukawa's Motion was fully briefed by the parties: each side set forth with specificity the factual and legal basis upon which its claims should be allowed and the other's claims should be disallowed. The Court considered the parties' pleadings at a hearing on July 19, 2007 (the "Hearing"). A transcript of the Hearing is annexed hereto as Exhibit "1".

20.    On July 31, 2007, the Court entered an Order denying Furukawa's Motion in its entirety and annexed to that Order a Modified Bench Ruling in support of denial of Furukawa's Motion. See Exhibit "2".

21.    On the record at the Hearing and in the Modified Bench ruling, the Court expressly authorized the Debtors to "assert Rule 3007 at the appropriate time." See Exhibit "1".

22.    In accordance with the Court's holding, the Debtors joined a demand for affirmative relief to their objection to the Proof of Claim as their Counterclaim on September 26, 2007. A copy of the Counterclaim is attached hereto as Exhibit "3".

23.    The Counterclaim was duly served upon Furukawa. A copy of the Affidavit of Service of the Counterclaim is annexed hereto as Exhibit "4".

24.    On or about September 27, 2007, I spoke with David Wender of Alston & Byrd, Furukawa's new counsel, who acknowledged receipt of the Counterclaim. Mr. Wender subsequently acknowledged receipt of the Counterclaim during telephone calls and correspondence with me.

25.     Furukawa has failed to answer or otherwise respond to the Counterclaim.

26.     In its Counterclaim, the Debtors asserted that Furukawa breached the Contract, and that as a result of that breach and other misconduct by Furukawa, no sums are due and owing from the Debtors to Furukawa.  Consequently, the Proof of Claim should not be allowed.  In the Counterclaim, the Debtors also seek in excess of $25 million dollars, plus interest for Furukawa (the "Amount Owed").

**RELIEF REQUESTED**

27.     Debtors request entry of an Order substantially in the form annexed hereto as Exhibit "5" (the "Order") pursuant to Bankruptcy Rule 7055, granting Judgment against Furukawa as to liability for breaching the Contract, awarding damages in an amount not less than the Amount Owed, to be determined, plus interest and costs, and disallowing and expunging the Proof of Claim.

**BASIS FOR RELIEF**

28.     Rule 55(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein by Bankruptcy Rule 7055, provides that a default judgment is warranted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

29.     Here, a default judgment is warranted because Debtors have satisfied all of the criterion of Federal Rule 55.

30.     Specifically, the Affidavit of Service annexed hereto as Exhibit "4" establishes that proper notice of the Counterclaim was provided to Furukawa. Moreover, Furukawa's counsel has acknowledged receipt of the Counterclaim.

31.     Notwithstanding proper service of the Counterclaim, Furukawa has not filed any pleadings in the response thereto as mandated by Bankruptcy Rule 7012, made applicable herein by Bankruptcy Rule 3007.  See, In re Metiom, Inc., 301 B.R. 634 (Bankr. S.D.N.Y. 2003).

32.     Accordingly, Debtors request entry of the Order that is annexed hereto as Exhibit "5" granting a default judgment against Furukawa in an amount to be determined, together with interest thereon and costs, but not less than the Amount Owed, and disallowing the Proof of Claim.

33.     Upon information and belief, pursuant to 50 U.S.C. §§ 501, et. seq. and Rule 7055-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, Furukawa is not an incompetent person or an infant and does not now, nor at any time during the pendency of this Adversary Proceeding, serve in the Military.

34.     No new or novel issue of law is presented with respect to the matters contained herein.  Consequently, it is respectfully requested that the requirement of a separate memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b) be waived.

35.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors request entry of the proposed Order, and for

such other and further relief as is just and proper.

Dated:  New York, New York
        October 24, 2007

                              /s/ Sean McGrath
                              SEAN MCGRATH (SM-4676)