UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                :

In re:                                         :
                                                :    Chapter 11
DELPHI CORPORATION, *et al.*,               :    Case No. 05-44481 [RDD]
                                                :
                     Debtors.         :    Jointly Administered
                                                :
------------------------------------------------------------x

## ORDER DENYING MOTION BY FURUKAWA ELECTRIC NORTH AMERICA APD AND FURUKAWA ELECTRIC CO., LTD. FOR (A) ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c); (B) RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d); AND (C) AN ORDER LIMITING THE SCOPE OF THE THIRD OMNIBUS CLAIM OBJECTION HEARING

Furukawa Electric North American APD and Furukawa Electric Co., Ltd. (together, "Furukawa") having filed a motion (the "Motion") for (A) abstention pursuant to 28 U.S.C. § 1334(c); (B) relief from the automatic stay pursuant to 11 U.S.C. § 362(d); and (C) an Order limiting the scope of the third omnibus claim objection hearing (Docket No. 7140); and the above-captioned Debtors having filed their objection to the Motion (the "Objection") (Docket No. 7678); and Furukawa having filed a Reply to the Debtors' Objection (the "Reply") (Docket No. 7966); and the Debtors having filed a surreply to the Motion and the Reply (the "Surreply") (Docket No. 8537);

**AND** the Motion, the Objection, the Reply and the Surreply having been considered by the Court, along with the arguments and representations made by

counsel for Furukawa and the Debtors at a hearing conducted before the Court on July 19, 2007 (the "Hearing"); and it appearing that good and sufficient notice of the Motion, the Objection, the Reply and the Surreply having been given; and upon all of the prior pleadings and proceedings had herein; and good and sufficient cause appearing therefor, and for the reasons stated by the Court in Exhibit A hereto, which modifies and supercedes its bench ruling at the Hearing; it is

        **ORDERED**, that the Motion be, and it hereby is, denied.

DATED:     New York, New York
              July 31, 2007

                                            /s/ Robert D. Drain
                                  HONORABLE ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                  :
                                                                              :    Chapter 11
DELPHI CORPORATION, *et al.*,                     :    Case No. 05-44481 [RDD]
                                                                              :
                    Debtors.                                    :    Jointly Administered
                                                                              :
----------------------------------------------------------------x

**MODIFIED BENCH RULING IN REFERENCE TO ORDER DENYING
MOTION BY FURUKAWA ELECTRIC NORTH AMERICA APD
AND FURUKAWA ELECTRIC COMPANY LTD. FOR
ABSTENTION AND RELATED RELIEF**

THE COURT: I have a motion before me by Furukawa Electric North America APD and Furukawa Electric Company Ltd. for abstention on both a mandatory and, alternatively, a discretionary basis, under 28 U.S.C. sections 1334(c)(2) and (c)(1), respectively, and, in addition, for relief from the automatic stay for cause under section 362(d)(1) of the Bankruptcy Code to permit Furukawa to raise a counterclaim in a pre-petition state court action. Finally, Furukawa seeks an order "limiting the scope of the claim objection hearing" scheduled by the debtor previously in this case.

The movant, Furukawa, appears at oral argument to have abandoned its claim that mandatory abstention is required under 28 U.S.C. section 1334(c)(2), but, in any event, to be clear, it's not required here because the debtor's pending objection to a filed proof of claim by Furukawa, or of the two Furukawa entities in this case, upon which Furukawa seeks abstention, is, under 28 U.S.C. section 157(b)(2)(B), a core matter arising under the Bankruptcy Code, and, under the statute and well-established case law, that fact precludes mandatory abstention.

Furukawa argued that it should be relieved of that result because it filed its proof of claim under the pressure of the bar date order, which would otherwise have precluded it from asserting its breach of contract claim. But that argument is unavailing in light of clear Second Circuit precedent, including In re S.G. Phillips Constructors, Inc., 45 F.3d 702 (2d Cir. 1995).

A clear example of how the filing of the proof of claim changes the abstention analysis can be found in In re Asousa P'ship, 276 B.R. 55 (Bankr. E.D. Pa. 2002), in which there had been a pre-petition state court law suit based on state court causes of action brought by the debtor. The bankruptcy court consequently abstained when the debtor pursued the same cause of action in the bankruptcy court. Thereafter, however, in response to a bar date order, the defendant in that action filed a proof of claim arising out of the same facts, and the Court determined that because the objection to the proof of claim was a core matter -- and, indeed, the counterclaim also was a core matter, that is, the original claim brought by the debtor, which now was raised as a counterclaim to the proof of claim, was a core matter under 28 U.S.C. § 157(b)(2)(C) -- that it would not abstain as to the adjudication of the debtor's claim objection and the related counterclaim.

There also is an alternative reason for denying the request for mandatory abstention. The request to abstain is not timely made, given that the litigation in the state court has been pending for well over a year, but, more importantly, that -- like the claimant in S.G. Phillips -- Furukuwa did not seek either stay relief or abstention until well after the implementation of the claims procedures put in place by my prior order in this case, under which the parties were dealing with the debtor's objection to Furukawa's claim. In re Midgard Corp., 204 B.R. 764, 776 (B.A.P. 10th Cir. 1997) (discussing

2

requirement of section 1334(c)(2) that a mandatory abstention motion be "timely").

Furukawa also requests discretionary abstention under 28 U.S.C. section 1334(c)(1). The Court may exercise its discretion under section 1334(c)(1) to abstain even in a core matter. However, abstention under section 1334(c)(1) should be used rarely, or invoked by the Court rarely, particularly where the proceeding is a core matter. Contrary to Furukawa's suggestion in its reply papers, Judge Lifland did not invent that notion in his recent opinion in In re Calpine Corp., 361 B.R. 665 (Bankr. S.D.N.Y. 2007). Rather, it is well-settled under the law of the Southern District. See, e.g., In re Robb, 139 B.R. 791 (Bankr. S.D.N.Y. 1992).

Here, where the basis for the request for discretionary abstention under section 1334(c)(1) is that there is a pending state court law suit to which Furukawa would join its claim, filed here, as a counterclaim, I have considered the factors laid out by the courts in determining whether one should permissibly abstain, which are listed in Judge Lifland's Calpine opinion, 361 B.R. at 669, and I have concluded that those factors do not support permissive abstention.

First, obviously, the debtor has to deal with the claims process here in its chapter 11 case. The Court has previously on notice to all claimants adopted claims management procedures to permit the efficient yet fair liquidation of claims asserted against the estate, including Furukawa's claim, which is in excess of $2.5 million. And so, therefore, as far as the effect of this litigation on the estate and the efficient administration of the estate, and consistent with this matter being a core proceeding, the bankruptcy court is the proper forum for the liquidation of Furukawa's claim.

Moreover, other factors considered by the courts under section 1334(c)(1) do not

3

support abstaining in light of the action pending in Michigan state court. First, the Michigan action and its flip side, Furukawa's claim here, do not appear to turn on state law issues that are unsettled, as opposed to state law issues that involve the interpretation of contracts and weighing disputed factual assertions as to breach. The courts in this Circuit have focused on the unsettled nature of state law as a primary reason for deferring to a pending state court action under section 1334(c)(1). See In re Pan American Corp., 950 F.2d 839, 846 (2d Cir. 1991); In re 610 W. 142 Owners Corp., 1999 WL 294995 at *3 (S.D.N.Y. May 11, 1999).

I also do not believe that trying the claim objection will unduly burden the Court's docket, although I question whether the issue of burden is particularly appropriate for me to consider in the first place, given that this is a core matter.

Moreover, because Furukawa filed a proof of claim here, the claim objection also can be tried without a jury. Langencamp v. Culp, 498 U.S. 42, 44 (1990); In re Leslie Fay Cos., 222 B.R. 718, 720 (S.D.N.Y. 1998).

And finally, it does not appear to me that the state court action has progressed in any meaningful way and that the only real breakthrough in connection with document exchange occurred as a result of the "meet and confer" procedures contemplated by my claims procedures order. I also note that that order contemplates, for a claim of this size, mandatory non-binding mediation before trial of the action, which is also contemplated under Michigan law. It is clear to me that that mediation would occur promptly here and that if there is any indication that forum shopping is going on, I believe it is on Furukawa's part -- not so much forum shopping but my sense that Furukawa desires to delay both mediation and trial, a delay which I believe would result if I were to abstain. I also note that Furu

4

promptly file its counterclaim in the Michigan action.

So for those reasons, I'll deny the motion to abstain on a permissive as well as a mandatory basis.

As far as Furukawa's request to "limit the scope of the debtor's claim objection," the request falls into two categories. The first, I think, was dealt with at oral argument, but let me reiterate: the procedural posture of the claim objection at this point is that it is just that, a claim objection. It may end up having a preclusive affect, if tried and decided against either party, in respect of any affirmative recovery that the debtor would seek from Furukawa. But at this point it is simply a claim objection. The debtor has the option of joining in that claim objection a request for affirmative relief similar to the request that it made of the Michigan court pre-petition. But I don't believe it has done that yet. If and when it does that, under Rule 3007, the adversary proceeding rules will be triggered.

Frankly, however, given the nature of this claim objection itself, I believe -- and I believe the record on the claim objection procedures motion and the order that ensued from that made this clear, as well -- the claims procedures order contemplates that the parties will meet and confer in light of the nature of the objection and the nature of the proof that will likely be required in the claim objection litigation to modify the discovery and trial procedures laid out in the claim procedures order, as set forth in paragraph 9(k), and that if that exercise were conducted in good faith, the adversary proceeding rules would in essence be followed here in any event. And if there was no agreement, the parties under the claim objection procedures order could come back to me as well, as they can also assert Rule 3007 at the appropriate time.

5

Moreover, it is clear to me, and, I think, even acknowledged by Furukawa at oral argument, that Furukawa has had adequate notice of the debtor's claim objection; it is the flip side of Furukawa's claim -- that is, the claim asserts that the debtor breached the contract by terminating it, while the debtor objects on the basis that it had the right to terminate the contract because Furukawa breached or failed to perform it. If there was any mystery to this, and there shouldn't have been because the dispute obviously was well known to Furukawa, it was cleared up by the claims procedures process followed by the debtor under the claim procedures order. Furukawa's complaint that the debtor made a misleading "books and records objection" is, therefore, a red herring.

Furukawa has suggested that the fact that there is a pending state court litigation brought by Delphi means that there will be a potential for dual track litigation, inefficiency and ultimately contradictory court rulings if I don't drastically limit the scope of the claim objection. I don't believe that is the case. As I noted, Furukawa has yet to assert its counterclaim in the state court litigation. It seeks relief from the automatic stay here to do so. And it is hard for me to see that litigation proceeding without that counterclaim being asserted in it.

Moreover, given the exigencies of this bankruptcy case, which is on a relatively fast track at this point, and the debtor's and the creditors' focus, in negotiating the framework for a chapter 11 plan, on the prompt liquidation of claims and even the liquidation of claims so that the allowed claims fall within a certain threshold number, it appears likely to me that either the debtor will succeed in staying the Michigan action or withdrawing it without prejudice in light of the process here, or that the claim objection process will be completed here first.

6

For the same reasons, I do not see a basis on the record before me for lifting the automatic stay to permit Furukawa to raise its counterclaim in the litigation in Michigan that the debtor is currently not pursuing. And I reach that conclusion for the same reasons for which I denied permissive abstention, which involved the consideration of factors that overlap with the Sonnax factors.

So, Mr. Berger, you can submit an order denying the motion for those reasons.