TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for DAS LLC Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Sean McGrath (SM-4676)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :    Chapter 11
DELPHI CORPORATION, *et al.*,                               :    Case No. 05-44481 [RDD]
                                                            :
                                    Debtors.                :    Jointly Administered
                                                            :
------------------------------------------------------------x

**DEBTORS' CLAIM FOR AFFIRMATIVE RELIEF AGAINST
FURUKAWA ELECTRIC NORTH AMERICA APD AND
FURUKAWA ELECTRIC CO., LTD., PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007</u>**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

    Delphi Corporation and certain of its subsidiaries and affiliates, including

Delphi Automotive Systems, LLC ("DAS LLC" or the "Debtor"), debtors and debtors in

possession (collectively, the "Debtors") in the above-captioned cases (the "Cases"), by

their undersigned counsel, join with their objection dated March 13, 2007 (the "Claim

Objection") to the claim of Furukawa Electric North America APD ("Furukawa North

America") and Furukawa Electric Co., Ltd. (jointly, "Furukawa" or the "Claimant") a demand for affirmative relief and allege as follows:

## Introduction

1.  On October 8, 2005 (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

2.  The Debtors continue to operate their business and manage their properties as debtors in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

## Jurisdiction

3.  The Debtors join this demand for affirmative relief to the Claim Objection pursuant to section 542(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to compel the payment of amounts due and owing from Furukawa to DAS LLC.

4.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(A), (B), (C), (E) and (O).

5.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 157 and 1334.

6.  Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. sections 1408 and 1409 and the July 31, 2007 corrected bench ruling of this Court.

2

**Parties**

7. DAS LLC is incorporated under the laws of the State of Delaware and has its principal place of business at 5825 Delphi Drive, Troy, Michigan 48089-2015. DAS LLC manufactures a wide variety of products for the automotive industry, including steering columns for General Motors.

8. Furukawa Electric North America APD, is a Delaware corporation authorized to do business in the State of Michigan; its registered office is 601 Abbott Road, East Lansing, Michigan 48823; and its resident agent is CSC – Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan 48823.

9. The Furukawa Electric Co. Limited (and jointly with Furukawa North America APD, "Furukawa") is a Japanese corporation having its principal place of business in Marunouchi, Chiyoda-KU Tokyo, Japan. Furukawa Electric North America APD, Inc. is the agent, representative and sales representative of Furukawa Electric Co. Limited within the State of Michigan.

10. Furukawa maintains a business office at 47677 Galleon Drive, Plymouth, Michigan 48170.

**Statement Of Facts**

A. **The Parties' Contract**

11. Pursuant to: (a) a Long Term Contract dated September 7, 2000 between Furukawa Electric Co., Ltd. and DAS LLC Automotive Systems, LLC (the "Long Term Contract") and (b) a purchase order number SAG90I4710 issued September 12, 2001 by DAS LLC to Furukawa North America (the "Purchase Order," together with the Long Term Contract, the "Agreements"), Furukawa agreed to sell to DAS LLC

3

approximately 100% of DAS LLC's requirements for torque and position sensors (the "Sensors").

   12. The Sensors that were manufactured and sold by Furukawa were shipped to DAS LLC's manufacturing facility in Saginaw, Michigan, and were assembled by DAS LLC into Power Steering Assist Mechanisms that were then assembled into steering columns. The steering columns manufactured by DAS LLC were sold to General Motors Corporation ("GM") for assembly into GM vehicles.

   13. DAS LLC stated its steering column requirements to Furukawa. Furukawa designed a sensor that would meet the manufacturing requirements and electrical steering use requirements of DAS LLC. The Furukawa sensor design was approved by DAS LLC.

   14. Furukawa manufactured and delivered Sensors to DAS LLC for product testing with solid gold plating on the sensor slip ring. DAS LLC's product quality testing established that the Sensors provided by Furukawa with solid gold plated slip rings were suitable for DAS LLC's intended purposes and its customer use.

   15. The solid gold plated slip ring Sensors were approved for purchase and manufacturing use following product validation testing and technical evaluation testing of the Sensors by DAS LLC.

   16. DAS LLC had a well founded belief that all Sensors manufactured by Furukawa and sold to DAS LLC would have the same design, integrity, metallurgical quality and electrical function as the approved parts, and all purchases made by DAS LLC were in reliance upon Furukawa supplying approved parts.

4

B.  **Furukawa's Breach**

17. Furukawa identified and expressed concerns to DAS LLC regarding audible and electrical noise, and suggested that the noise could be reduced or eliminated by using a low friction plating on the Sensor slip ring. Furukawa did not inform DAS LLC that it had already made an unauthorized and unapproved change to the slip ring plating by adding polytetraflouroethylene. ("PFTE" commonly known as "Teflon")

18. Furukawa knew that it had to submit a Supplier Change Request form to DAS LLC and obtain DAS LLC's approval before it could make a change to a part DAS LLC had already approved for production. But Furukawa did not submit required Supplier Change Request Reviews to DAS LLC as required for the material change made to the Sensor slip ring by adding PFTE.

19. DAS LLC did not approve the addition of PFTE to the gold slip ring plating. DAS LLC unknowingly manufactured and sold steering columns with the altered Sensors to GM.

20. Furukawa's unauthorized change in the slip ring of the plating of the Sensors was material and resulted in the failure of the Sensors, which led to failures in the steering columns sold by DAS LLC to GM.

21. GM issued a recall as a result of the failure of the Sensor, and, in turn, deducted approximately $24 million from payments that it would have otherwise owed and paid to DAS LLC.

22. The amounts that were deducted by GM from its payments to DAS LLC represented GM's losses that were caused by Furukawa's unauthorized changes to the Sensors.

5

23. Furukawa knew or should have known of DAS LLC's expectation that the Sensors would meet design requirements. Consequently, in addition to the express warranties provided by the terms of the Agreements, Furukawa's alterations of the Sensors breached implied warranties created by law.

24. As a result of its breach of both express and implied warranties, Furukawa breached the terms of the Agreements.

25. DAS LLC made demand in excess of $24 million upon Furukawa for the payment of all costs, losses and damages incurred by DAS LLC.

26. Furukawa failed and refused to make payment in response to DAS LLC's demand.

**C.    The Parties' Claims**

27. When the parties could not resolve their dispute, DAS LLC filed a complaint against Furukawa (the "State Court Complaint") in the Circuit Court for the County of Saginaw Michigan (the "State Court") on October 14, 2004 (the "State Court Action") seeking in excess of $25 million plus interest (the "Amount Owed").

28. Furukawa filed an Answer in the State Court Action.

29. Furukawa did not file a counterclaim in the State Court Action; instead it filed proof of claim number 12347 (the "Proof of Claim") against DAS LLC in this Court on or about July 28, 2006.

30. The Proof of Claim asserts an unsecured nonpriority claim in the amount of $2,589,684.56 for alleged breach of contract damages (the "Furukawa Claim").

6

31. The Debtors objected to the Furukawa Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, and (C) Claims Subject To Modification and (II) Motion to Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

32. Furukawa responded and objected to the Debtors' Third Omnibus Claims Objection (Docket No. 5788) (the "Response") on November 22, 2006.

33. In the Debtors' Statement of Disputed Issues with respect to proof of claim number 12347 dated March 16, 2007, the Debtors argued that not only should the Furukawa Claim be disallowed and expunged, but that an order should be entered awarding damages to the Debtors based on Furukawa's improper conduct.

## AS AND FOR A FIRST CAUSE OF ACTION
### Turnover of Funds Due and Owing to DAS LLC
**Pursuant to the Agreement and §§ 542(b) and 550 of the Bankruptcy Code**

34. DAS LLC repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. DAS LLC has complied with all of its obligations under the Agreements.

36. Furukawa's breaches of the Agreements resulted in damages to DAS LLC equal to the Amount Owed, plus interest and costs.

37. Furukawa is obligated under the Agreements to reimburse DAS LLC for all damages that DAS LLC incurs as a result of Furkawa's breach.

38. The Amount Owed is property of the DAS LLC estate that is matured and payable on demand.

7

39. Furukawa is required to pay and turn over the Amount Owed pursuant to sections 542(b) and 550 of the Bankruptcy Code.

40. Based upon the foregoing, an Order should be entered granting judgment in favor of DAS LLC pursuant to sections 542(b) and 550 of the Bankruptcy Code, compelling Furukawa to remit the Amount Owed to DAS LLC, together with interest and costs.

### AS AND FOR A SECOND CAUSE OF ACTION
**Breach of Contract**

41. DAS LLC repeats and realleges the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. Furukawa's refusal to remit the Amount Owed constitutes a breach of the Agreements.

43. As a result of Furukawa's breach of the Agreements, DAS LLC has been damaged in an amount equal to the Amount Owed, plus interest and costs.

44. Based upon the foregoing, an Order should be entered granting judgment in favor of DAS LLC compelling Furukawa to remit the Amount Owed to DAS LLC, plus interest and costs.

### AS AND FOR A THIRD CAUSE OF ACTION
**Violation of UCC Warranties**

45. DAS LLC repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. The Agreements are subject to the provisions of the Michigan Uniform Commercial Code.

47. At the time that the contracts were made between DAS LLC and Furukawa, Furukawa had reason to know that the Sensors would be used for a particular purpose and that DAS LLC would rely upon the skill and judgment of Furukawa to furnish suitable goods meeting the specifications of DAS LLC.

48. Furukawa expressly warranted to DAS LLC that the Sensors would be manufactured in strict accordance with DAS LLC's engineering and quality specifications.

49. Furukawa breached the express and implied warranties created by the Agreements and by the provisions of the Michigan Uniform Commercial Code. MCLA 440.2315, MCLA 440.2313.

50. As a direct consequence of Furukawa's breach of express and implied warranties and the intentional violations of the terms of the Agreements and the Michigan Uniform Commercial code, DAS LLC has sustained losses and damages.

51. Based on the foregoing, an Order should be entered granting judgment in favor of DAS LLC compelling Furukawa to remit the Amount Owed to DAS LLC, plus interest and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Tortious Interference

52. DAS LLC repeats and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. At all times pertinent to this complaint DAS LLC had a business relationship with GM and the expectancy of future business with GM.

54. DAS LLC's business relationship with GM and the expectancy of a continuing business relationship with GM had a reasonable likelihood of future economic benefit for DAS LLC.

9

55. Furukawa knew of DAS LLC's business relationship with GM and DAS LLC's expectation that its economically beneficial business relationship would continue.

56. Furukawa manufactured and sold to DAS LLC Sensors that did not meet the manufacturing specifications of DAS LLC and that were unsuitable for installation into electric steering columns.

57. Furukawa's intentional sale of known defective parts interfered with DAS LLC's business relationship with GM and DAS LLC's expectancy of a continuing business relationship with GM.

58. Furukawa's actions were improper and such conduct interfered with DAS LLC's business relationship with GM and DAS LLC's expectancy of a continuing business relationship.

59. The DAS LLC steering columns that were sold to GM and installed by GM in its vehicles have been subject to warranty issues because they did not meet DAS LLC and GM specifications.

60. Furukawa's conduct caused a disruption in the business relationship existing between DAS LLC and GM.

61. There is a reasonable likelihood that the intentional conduct of Furukawa will further disrupt and damage the business relationship existing between DAS LLC and GM and DAS LLC's expectancy of a continuing business relationship between DAS LLC and GM.

62. DAS LLC has been financially damaged as a direct result of Furukawa's intentional and tortious conduct.

63. Based on the foregoing, an Order should be entered granting judgment in favor of DAS LLC compelling Furukawa to remit the Amount Owed to DAS LLC, plus interest and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION
### Fraud and Misrepresentation

64. DAS LLC repeats and realleges the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

65. At all times pertinent to this complaint, Furukawa represented to DAS LLC that the Sensors that were manufactured by Furukawa met the manufacturing specifications of DAS LLC and GM.

66. The representations made by Furukawa were false.

67. Furukawa knew that the representations were false.

68. Furukawa recklessly represented that the Sensors met the specifications of DAS LLC and GM knowing that such representation was true.

69. Furukawa made the representations with the intent that DAS LLC would rely upon its representations.

70. DAS LLC reasonably relied upon the representations made by Furukawa.

71. DAS LLC was damaged as a result of its reliance upon the representations made by Furukawa.

72. Based upon the foregoing, an Order should be entered granting judgment in favor of DAS LLC compelling Furukawa to remit of the Amount Owed, plus interest and costs.

**WHEREFORE**, DAS LLC respectfully requests entry of an Order granting judgment against Furukawa:

   A. On DAS LLC'S First Cause of Action, compelling the turnover of the Amount Owed pursuant to sections 542(b) and 550 of the Bankruptcy Code, together with interest on such amount and costs;

   B. On DAS LLC's Second Cause of Action, awarding damages in favor of DAS LLC in the Amount Owed plus interest and costs;

   C. On DAS LLC's Third Cause of Action, awarding damages in favor of DAS LLC in the Amount Owed plus interest and costs;

   D. On DAS LLC's Fourth Cause of Action, awarding damages in favor of DAS LLC in the Amount Owed plus interest and costs;

   E. On DAS LLC's Fifth Cause of Action, awarding damages in favor of DAS LLC in the Amount Owed plus interest and costs;  and

   F. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
    September 26, 2007

          DELPHI CORPORATION, *et al.*
          By their attorneys,
          TOGUT, SEGAL & SEGAL LLP
          By:

          /s/ Neil Berger
          NEIL BERGER (NB-3599)
          A Member of the Firm
          One Penn Plaza
          New York, New York 10119
          (212) 594-5000