**Hearing Date: October 25, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-FIRST OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE
OR AMENDED CLAIMS, (B) UNTIMELY EQUITY CLAIM, (C) INSUFFICIENTLY
DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND
RECORDS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX
<u>CLAIM SUBJECT TO MODIFICATION, AND MODIFIED CLAIMS ASSERTING RECLAMATION</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-FIRST
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this omnibus reply in support of the Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection"), and respectfully represent as follows:

    1.  The Debtors filed the Twenty-First Omnibus Claims Objection on September 21, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) they are duplicative of other Claims or have been amended or superseded by later-filed Claims, (ii) they were filed by a holder of Delphi common stock solely on account of their stock holdings and were untimely filed pursuant to the Bar Date Order, (iii) they contain insufficient documentation in support of the Claims asserted, (iv) they contain insufficient documentation in support of the Claims asserted and were untimely filed pursuant to the Bar Date Order, (v) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (vi) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (vii) they assert liabilities of taxing authorities that are not reflected on the Debtors' books and records, (viii) they were untimely filed pursuant to the Bar Date Order, (ix) they were filed

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-First Omnibus Claims Objection.

2

by taxing authorities and were untimely filed pursuant to the Bar Date Order, and (b) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to (i) certain Claims, (ii) certain Claims filed by taxing authorities, (iii) certain Claims, some of which are subject to an agreement between the claimant and the Debtors relating to the valid amount of each claimant's reclamation demand, some of which are subject to certain reserved defenses, and some of which are held by claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand.

    2. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-First Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Twenty-First Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on October 18, 2007.

    3. As of October 23, 2007 at 12:30 p.m. (prevailing Eastern time), the Debtors had received 25 timely-filed formal docketed responses and 3 undocketed responses (collectively, the "Responses") to the Twenty-First Omnibus Claims Objection. In the aggregate, the Responses cover 61 Claims. A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>.

    4. The Debtors believe that two of the Responses have been resolved (the "Resolved Responses"). One of these pertains to a proof of claim number 13788, filed by International Rectifier Corporation, for which the Debtors also seek to modify the asserted amount and the classification of the claim, but do not seek to change the identity of the Debtor. International Rectifier Corporation indicated in its Response that it consented to the relief requested in the Twenty-First Omnibus Claims Objection with respect to proof of claim number

3

13788.  The second of these pertains to proof of claim number 11256 filed by CTS Corporation. The Debtors have determined to withdraw the Twenty-First Omnibus Claims Objection as it pertains to proof of claim number 11256.

        5.        Accordingly, as reflected in the revised proposed order, a copy of which is attached hereto as Exhibit B (the "Revised Order"), the Debtors do not seek to adjourn the hearing with respect to the Claims subject to the Resolved Responses, but rather seek the relief requested in the Twenty-First Omnibus Claims Objection with respect to these Claims, as modified with respect to proof of claim number 11256.

        6.        Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.  The Revised Order reflects the adjournment of the hearing with respect to each of the Claims for which a Response was filed, other than the Resolved Responses, to a future hearing date pursuant to the Claims Objection Procedures Order; provided, however, that such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

        7.        As set forth on Exhibit A hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the 59 Claims for which Responses were filed and not resolved as of the date of this omnibus reply.  The Revised Order, a copy of which is

attached hereto as <u>Exhibit B</u>,[2] reflects the adjournment of the hearings with respect to the Claims for which Responses were filed.

        8.       In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Twenty-First Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

        9.       Except for those Claims that have been adjourned to future hearing dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2] Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Twenty-First Omnibus Claims Objection.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Twenty-First Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response, other than the Resolved Responses, was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
October 24, 2007

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession