**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To The Debtors' Twenty-First Omnibus Claims Objection*
*Organized By Respondent[1]*

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT[2]** |
|---|---|---|---|---|---|
| 1. | State of Michigan, Department of Treasury (Docket No. 10445) | 16633 | State of Michigan Department of Treasury ("Michigan Treasury Department") asserts that (i) proof of claim no. 16633, filed in the amount of $12,954,363.21, was filed as an amended priority tax claim, (ii) proof of claim no. 16633 properly relates back to its original priority tax claim timely filed on March 23, 2006 in the amount of $7,061,266.16, and (iii) its original claim was filed on March 23, 2006, and was subsequently amended on April 4, 2006, May 16, 2006, and July 30, 2007.<br><br>Michigan Treasury Department disagrees with the Debtors' Twenty-First Omnibus Claims Objection (the "Objection") that proof of claim no. 16633 is untimely, arguing that the amended claim covers the same tax debts and tax periods of the original timely filed claim, revised and corrected as a result of the Michigan Single Business Tax and Use Tax Audit (the "Use Tax Audit"). Michigan Treasury Department expects the Use Tax Audit to be completed by December 31, | Untimely tax claims | Adjourn |

---

[1] This chart reflects all Responses entered on the docket as of Tuesday, October 23, 2007 at 12:30 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, October 23, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | 2007. | | |
| 2. | Henkel Corporation (Docket No. 10560) | 10656, 10681, 13249, and 6497 | Henkel Corporation ("Henkel") asserts that it properly filed proof of claim nos. 10656, 10681, 13249, and 6497 (collectively, the "Henkel Claims") against Debtors. Henkel further asserts Debtors' filing an Objection is insufficient to overcome the prima facie validity of the Henkel Claims. Henkel also asserts that Debtors failed to serve the Objection as required by Fed. R. Bankr. P. 7004(b)(3), as incorporated by Fed. R. Bankr. P. 9014, but Henkel nonetheless files this Response out of an abundance of caution. Henkel further requests that if the Court does not deny the Objection, the Objection to the Henkel Claims should be severed from the Debtors' Objection to other claims on the grounds that the Objections were improperly joined.<br><br>Proof of claim no. 13441 is listed in the Response, but is not included in the Objection. | Claims subject to modification | Adjourn |
| 3. | International Rectifier Corporation (Docket No. 10562) | 13788 | International Rectifier Corporation does not object to Debtors' Objection to reduce and modify proof of claim no. 13788 from an unsecured claim in the amount of $1,423,472.76 to an unsecured claim in the amount of $1,292,361.39 and a priority reclamation claim in the amount of $25,243.50. | Modified claims asserting reclamation | Modified |
| 4. | Teleflex Automotive Manufacturing Corporation (Docket No. 10563) | 1728 | Teleflex Automotive Manufacturing Corporation ("Teleflex") disagrees with the Debtors' Objection to reduce proof of claim no. 1728 from $212,632.48 (which includes a secured portion in the amount of $64,731.84 and an unsecured portion in the amount of | Modified claims asserting reclamation | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $147,900.64) to an amount of $181,558.42 (which includes a secured portion in the amount of $4,315.42 and an unsecured portion in the amount of $177,243.00). Teleflex asserts that proof of claim no. 1728 was timely filed in compliance with Fed. R. Bankr. P. 3001, thereby constituting prima facie evidence of the validity and amount of its claim. Teleflex further asserts that the Debtors have failed to produce any evidence, let alone substantial evidence, sufficient to rebut Teleflex's prima facie case. | | |
| 5. | Northern Engraving Corporation (Docket No. 10600) | 7571 | Northern Engraving Corporation ("Northern Engraving") asserts that proof of claim no. 7571 was assigned to Longacre Master Fund, Ltd., but that Northern Engraving has retained the right to respond to any objections to the proof of claim. Northern Engraving disagrees with the Debtors' proposed reduction of proof of claim no. 7571 from $152,953.02 to $115,162.90, arguing that the Debtors have failed to present any factual or legal basis sufficient to rebut the prima facie validity of its claim. However, Northern Engraving does not oppose reclassification of $12,021.80 of proof of claim no. 7571 from an unsecured claim to a priority claim.<br><br>Proof of claim no. 7572 is listed in the Response, but is not included in the Objection. | Modified claims asserting reclamation | Adjourn |
| 6. | Akebono Corporation (Docket No. 10602) | 2433 | Akebono Corporation ("Akebono") disagrees with the Debtors' Objection to disallow proof of claim no. 2433 filed in an amount of $231,027.90. Akebono asserts that the Debtors have failed to set forth any legal or evidentiary basis sufficient to rebut the prima | Books and records claims | Adjourn |

3

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | facie validity of proof of claim no. 2433. Akebono attaches new additional evidence in support of its claim. | | |
| 7. | Citation Foundry Corp., Castwell Products, Inc., and Texas Foundries, Ltd. (Docket No. 10610) | | Citation Foundry Corp. ("Citation Foundry"), Castwell Products, Inc. ("Castwell"), and Texas Foundries, Ltd. ("Texas Foundries") collectively assert that the Debtors' Objection contains insufficient evidence to rebut the prima facie validity of their respective claims. | | Adjourn |
| | | a) 1772 | a) Citation Foundry disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 1772 from $610,197.60 (of which $341,532.88 was a priority claim and $268,664.72 was an unsecured claim) to an unsecured claim in the amount of $598,042.84. | a) Claims subject to modification | |
| | | b) 1771 | b) Castwell disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 1771 from $200,547.61 (of which $47,499.91 was a priority claim and $153,047.70 was an unsecured claim) to $155,030.54 (of which $38,016.28 would be a priority claim and $117,014.26 would be an unsecured claim). | b) Modified claims asserting reclamation | |
| | | c) 1773 | c) Texas Foundries disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 1773 from $516,132.52 (of which $80,962.22 was a priority claim and $435,170.30 was an unsecured claim) to $162,058.39 (of which $34,000.11 would be a priority claim and $128,058.28 would be an unsecured claim). | c) Modified claims asserting reclamation | |
| 8. | Speed Motor | 2317 | Speed Motor Expressway of WNY, Inc., | Claims subject to | Adjourn |

4

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | Expressway of WNY, Inc., d/b/a Speed Global Services (Docket No. 10626) | | d/b/a Speed Global Services ("Speed"), as assignor to ASM Capital, disagrees with the Debtors' Objection to reduce proof of claim no. 2317 from $88,316.34 to $35,399.20. Speed asserts that proof of claim no. 2317 is supported by Speed's books and records. Speed attaches a new affidavit and a chart summarizing the invoices relevant to supporting proof of claim no. 2317. | modification | |
| 9. | CTS Corporation (Docket No. 10627) | 11256 | CTS Corporation ("CTS") asserts that the Debtors' Objection to proof of claim no. 11256 is misleading because it contains inaccurate figures. CTS asserts that proof of claim no. 11256 was filed in an amount of $2,405,898.43. CTS further asserts that it transferred $1,950,968.78 of proof of claim no. 11256, including the $161,144.56 priority portion, to Bear Stearns, leaving CTS with a $454,929.65 unsecured claim. CTS asserts that, contrary to exhibit F-3 in the Objection listing the portion of proof of claim no. 11256 retained by CTS at $293,785.09, CTS actually retained a portion of proof of claim no. 11256 in an amount of $454,929.65. CTS asserts that as a result of these alleged misstatements, the Debtors' Objection fails to state that it is actually seeking a reduction of $401,149.92. CTS further asserts that Debtors have failed to produce any evidence to rebut the prima facie validity of proof of claim no. 11256. CTS reattaches evidence in support of its claim. Due to this error, the Debtors have withdrawn the Objection with respect to proof of claim no. 11256. | Modified claims asserting reclamation | Debtors' Objection will be withdrawn and re-filed under the Debtors' Twenty-Second Omnibus Objection |
| 10. | 3M Company (Docket No. 10628) | 2468 | 3M Company ("3M") disagrees with the Debtors' Objection to reduce proof of claim no. 2468 from $517,747.63 to $500,289.01. | Modified claims asserting reclamation | Adjourn |

5

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | 3M does not oppose reclassifying $34,337.94 as a priority claim, but argues that the remaining unsecured portion should be $483,403.68, not $465,951.07. 3M asserts that the Debtors have not presented enough evidence to overcome the prima facie validity of proof of claim no. 2468. | | |
| 11. | Acto Tool & Manufacturing Company (Docket No. 10629) | 8286 | Acto Tool & Manufacturing Company ("Acto") disagrees with the Debtors' Objection to reduce proof of claim no. 8286 for goods allegedly supplied to Delphi Automotive Systems LLC ("DAS LLC") from $191,365.69 to $31,220.00. Acto asserts that the disputed portion of proof of claim no. 8286, in the amount of $160,145.69, represents goods supplied to DAS LLC through its purchasing agent Vanguard Distributors, Inc. Acto further asserts that because DAS LLC received the goods and benefits thereof without paying, such amount is owing even though DAS LLC's books and records do not reflect the entire amount of the claim. Acto attaches new documents in support of its claim. | Claims subject to modification | Adjourn |
| 12. | Keystone Powered Metal Company (Docket No. 10630) | 15792 | Keystone Powered Metal Company ("Keystone") disagrees with the Debtors' Objection to reduce proof of claim no. 15792 from $140,983.79 to $109,338.54. Keystone further asserts, however, that upon review of its records, four invoices totalling $18,067.33 related to postpetition deliveries were erroneously included in the proof of claim. Keystone therefore consents to reducing proof of claim no. 15792 to an amount of $122,916.46. Keystone attaches an updated summary of all invoices comprising proof of claim no. 15792 as reduced. | Claims subject to modification | Adjourn |

6

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 13. | MeadWestvaco Corporation, as transferor to Contrarian Funds, LLC (Docket No. 10631) | 10380 | MeadWestvaco Corporation ("MeadWestvaco"), as transferor to Contrarian Funds, LLC of proof of claim no. 10380, disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 10380 from $1,487,077.20 to $954,045.60. First, MeadWestvaco argues that proof of claim no. 10380 never contained a reclamation claim. Rather, MeadWestvaco agreed to receive a distribution of $28,965.90 pursuant to a June 15, 2006 letter agreement for its reclamation claim entirely distinct from proof of claim no. 10380. Second, MeadWestvaco does not oppose the Debtors' deletion of the secured portion of proof of claim no. 10380 in the amount of $24,826.27. Third, MeadWestvaco disagrees with the Debtors' Objection to reduce the unsecured portion of proof of claim no. 10380 from $1,462,250.93 to $925,079.70. MeadWestvaco argues that the Debtors give no evidence in support of this reduction. Fourth, MeadWestvaco asserts that proof of claim no. 10380 should be allowed as an unsecured claim in the amount of $1,462,250.93. | Modified claims asserting reclamation | Adjourn |
| 14. | State of New Jersey, Division of Taxation (Docket No. 10633) | | The State of New Jersey, Division of Taxation (the "New Jersey Division of Taxation") disagrees with the Debtors' Objection to expunge proof of claim nos. 16649 and 16650. | | Adjourn |
| | | a) 16649 | a) The New Jersey Division of Taxation filed proof of claim no. 16649 in the amount of $36,000.00 and appears to argue that because proof of claim no. 16649 is an administrative claim, it is unaffected by the July 31, 2006 bar date for prepetition claims. | a) Untimely books and records tax claims | |

7

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | b) 16650 | b)  The New Jersey Division of Taxation asserts that proof of claim no. 16650, filed on September 4, 2007 in an amount of $133,911.40, is a timely claim and that proof of claim no. 16650 is the fourth amended claim amending and superseding the original priority proof of claim no. 1515, which was filed January 11, 2006, before the bar date. The New Jersey Division of Taxation further asserts that Debtors have not overcome the prima facie validity of its claims. | b) Untimely tax claims | |
| 15. | Cooper-Standard Automotive Inc. (Docket No. 10636) | 14664 | Cooper-Standard Automotive Inc. ("Cooper-Standard") does not oppose the Debtors' Objection to proof of claim 14664 modifying the debtor against which the claim is asserted from Delphi Corporation to DAS LLC. Cooper-Standard disagrees, however, with the Debtors' Objection to reduce proof of claim no. 14664 from $2,624,997.09 to $2,093,118.87.  Cooper-Standard further asserts that the Debtors have not provided any evidence, let alone sufficient evidence, to rebut Cooper-Standard's prima facie case. | Claims subject to modification | Adjourn |
| 16. | GE Consumer & Industrial f/k/a GE Lighting (Docket No. 10637) | 10192 | GE Consumer & Industrial f/k/a GE Lighting ("GE Consumer & Industrial") disagrees with the Debtors' Objection to reduce proof of claim no. 10192 from $5,295.00 to $1,833.00.  GE Consumer & Industrial asserts that Debtors have failed to provide any evidence in support of the reduction and therefore fail to overcome the prima facie validity of the claim. | Claims subject to modification | Adjourn |
| 17. | Deutsche Bank Securities Inc. and SPCP Group LLC | 14139 | Deutsche Bank Securities Inc. ("Deutsche Bank") and SPCP Group LLC ("Silver Point"), as assignee of Serigraph Inc., jointly | Modified claims asserting reclamation | Adjourn |

8

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | (Docket No. 10638) | | disagree with the Debtors' Objection to reduce proof of claim no. 14139. Deutsche Bank and Silver Point assert that the Debtors have not presented any factual or legal basis sufficient to overcome the pima facie validity of the claim. | | |
| 18. | O&R Precision Grinding, Inc. (Docket No. 10641) | 10075 | O&R Precision Grinding, Inc. ("O&R") disagrees with the Debtors' Objection to reduce proof of claim no. 10075 from $135,698.55 to $21,161.75. O&R asserts that the portion of proof of claim no. 10075 in the amount of $114,536.40 that the Debtors object to represent parts shipped directly to Delphi but ordered through the Inventory Replenishment Program pursuant to which Delphi contracted with Vanguard Distributors, Inc. to act on Delphi's behalf as a purchasing agent and commodity manager of Delphi's spare part tooling and inventory control system. O&R further asserts that at least $66,765.79 of Vanguard's proof of claim in the amount of $788,321.49 relates to purchase orders that relate to product provided by O&R for Debtors' use. O&R also asserts that Vanguard received at least $44,498.00 of the remaining $47,771.00 of the disputed portion of the claim from Delphi a few days prior to the Petition Date, but that Vanguard did not relay this payment to O&R. O&R further asserts that Debtors have not asserted evidence sufficient to rebut the prima facie validity of its claim. | Claims subject to modification | Adjourn |
| 19. | McNaughton McKay Electric of Ohio (Docket No. 10642) | 16561 | McNaughton McKay Electric of Ohio ("McNaughton McKay") disagrees with the Debtors' Objection to modify the debtor against which proof of claim no. 16561 is asserted from Delphi Corporation to DAS | Modified claims asserting reclamation | Adjourn |

9

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | LLC, arguing that the Debtors have not provided sufficient information for it to confirm the change of the debtor entity. McNaughton McKay further disagrees with the Debtors' Objection to proof of claim no. 16561, filed in the amount of $70,117.16 (of which $23,230.90 was a priority claim and $46,886.26 was an unsecured claim), seeking to reduce the unsecured portion of the claim to $31,270.11. McNauhgton McKay further asserts that the Debtors' Objection is misplaced, and reattaches the invoices it believes support the allowance of proof of claim no. 16561 in its entirety. | | |
| 20. | AT&T Corp., AT&T Global Services f/k/a SBC Global, SBC Advanced Solutions, SBC Long Distance, SBC Yellow Pages, SBC Advanced Solutions, Inc., and SBC Datacomm (Docket No. 10643) | | AT&T Corp., AT&T Global Services f/k/a SBC Global, SBC Advanced Solutions, SBC Long Distance, SBC Yellow Pages, SBC Advanced Solutions, Inc., and SBC Datacomm (collectively, the "AT&T Entities"), request that the Court deny the Debtors' Objection insofar as it seeks to disallow, modify, or reduce any of the 16 claims filed by the AT&T Entities mentioned in the Objection. The AT&T Entities assert that (i) the AT&T Entities' claims are sufficiently documented, (ii) that allegedly untimely claims are amendments to previously filed timely claims, and (iii) that the Debtors have failed to provide an appropriate basis to justify modifying the Debtor against which the claims are asserted. | | Adjourn |
| | | a) 912 | a) Proof of claim no. 912 was filed by SBC Advanced Solutions, Inc. in the amount of $3,841.74. | a—d) Insufficiently documented claims | |
| | | b) 2103 | b) Proof of claim no. 2103 was filed by SBC | | |

10

| RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|
| | | Global in the amount of $691,047.51. | | |
| | c) 1578 | c) Proof of claim no. 1578 was filed by SBC Global in the amount of $373,508.42. | | |
| | d) 1579 | d) Proof of claim no. 1579 was filed by SBC Long Distance, Inc. in the amount of $1,000.00. | | |
| | e) 1583 | e) Proof of claim no. 1583 was filed by SBC Global in the amount of $21.91. | e—f) Books and records claims | |
| | f) 563 | f) Proof of claim no. 563 was filed by SBC Yellow Pages in the amount of $103.31. | | |
| | g) 16636 | g) Proof of claim no. 16636 was filed by AT&T Global Services in the amount of $751,745.35. | g—h) Untimely claims | |
| | h) 16637 | h) Proof of claim no. 16637 was filed by AT&T Global Services f/k/a SBC Global in the amount of $647,310.88. | | |
| | i) 7506 | i) Proof of claim no. 7506 was filed by AT&T Corp. in the amount of $4,424,985.53. | i—p) Claims subject to modification | |
| | j) 1126 | j) Proof of claim no. 1126 was filed by SBC Advanced Solutions in the amount of $3,326,025.11. | | |
| | k) 1125 | k) Proof of claim no. 1125 was filed by SBC Datacomm in the amount of $7,661.10. | | |
| | l) 2529 | l) Proof of claim no. 2529 was filed by SBC Global in the amount of $195.10. | | |
| | m) 1584 | m) The AT&T Entities assert that proof of | | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim no. 1584 was filed by SBC Advanced Solutions in the amount of $368.59. | | |
| | | n) 2102 | n) Proof of claim no. 2102 was filed by SBC Long Distance in the amount of $29.60. | | |
| | | o) 1582 | o) Proof of claim no. 1582 was filed by SBC Global in the amount of $110.32. | | |
| | | p) 1585 | p) Proof of claim no. 1585 was filed by SBC Global in the amount of $602.51. | | |
| 21. | KenSa LLC (Docket No. 10645) | 14109 | KenSa LLC ("KenSa"), as assignor to SPCP Group LLC, disagrees with the Debtors' Objection to reduce proof of claim no. 14109 from $165,738.24 to $35,657.84. KenSa asserts that Debtors have not provided any evidence, let alone sufficient evidence, to rebut the prima facie validity of proof of claim no. 14109. | Claims subject to modification | Adjourn |
| 22. | Goldman Sachs Credit Partners, LP (Docket No. 10646) | | Goldman Sachs Credit Partners, LP ("Goldman Sachs") asserts that the Debtors have failed to provide sufficient evidence to overcome any of Goldman Sachs prima facie valid claims. | | Adjourn |
| | | a) 7547 | a) Goldman Sachs, as assignee of M&Q Plastic Products LP, disagrees with the Debtors' Objection to reduce proof of claim no. 7547 from $653,828.81 to $627,270.58. | a—b) Claims subject to modification | |
| | | b) 15086 | b) Goldman Sachs, as assignee of Siemens VDO Automotive Corporation and Siemens VDO Automotive Inc., disagrees with the Debtors' Objection to reduce proof of claim no. 15086 from $10,800,051.81 to $10,403,953.43. | | |

12

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT**[2] |
|---|---|---|---|---|---|
| | | c) 15064 | c) Goldman Sachs, as assignee of Siemens VDO Automotive Corporation and Siemens VDO Automotive Inc., disagrees with the Debtors' Objection to reduce proof of claim no. 15064 from $5,895,235.82 to $5,679,024.51. | c) Modified claims asserting reclamation | |
| | | d) 5842 | d) Goldman Sachs, as assignee of Shumsky Enterprises Inc., disagrees with the Debtors' Objection to reduce proof of claim no. 5842 from $135,545.25 to $74,955.72. | d) Claims subject to modification | |
| | | e) 11965 | e) Goldman Sachs, as assignee of TDK Corporation of America, disagrees with the Debtors' Objection to reduce proof of claim no. 11965 from $105,650.59 to $105,117.58. | e—g) Modified claims asserting reclamation | |
| | | f) 11966 | f) Goldman Sachs, as assignee of TDK Corporation of America, disagrees with the Debtors' Objection to reduce proof of claim no. 11966 from $5,491.20 to $2,734.20. | | |
| | | g) 11967 | g) Goldman Sachs, as assignee of TDK Corporation of America, disagrees with the Debtors' Objection to reduce proof of claim no. 11967 from $5,019,217.38 to $4,993,895.44. | | |
| 23. | Alps Automotive, Inc. (Docket No. 10649) | 2246 | Alps Automotive, Inc. ("Alps Automotive") asserts that it assigned proof of claim no. 2246, filed in an amount of $6,140,513.59, to Bear Stearns Investment Products Inc., but retains the authority to respond to the Debtors' Objection. Alps Automotive disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 2246 | Modified claims asserting reclamation | Adjourn |

13

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | from $6,140,513.59 asserted against DAS LLC to a modified total of $6,028,894.34 (of which $5,523.00 would be asserted against Delphi Mechatronic Systems, Inc., and $5,985,477.74 would continue to be asserted against DAS LLC). Alps Automotive asserts that the Debtors have not presented evidence to rebut their prima facie valid claim.

Alps Automotive further counter-moves the Court for a final judgment, not subject to subsequent Objections by the Debtor. Alps Automotive also attaches a new declaration in support of proof of claim no. 2246. | | |
| 24. | Midwest Tool & Die Corporation (Docket No. 10651) | 16441 | Midwest Tool & Die Corporation ("MTD") disagrees with the Debtors' Objection to reduce proof of claim no. 16441 from $188,413.44 to $41,282.67. MTD asserts that it entered into a settlement agreement with DAS LLC whereby $784,062.10 it owed DAS LLC was set off against $972,475.54 Delphi Corporation allegedly owed MTD. MTD further asserts that the Debtors have not provided a specific basis for the reduction of proof of claim no. 16441. MTD attaches a copy of the November 3, 2006 settlement agreement. | Claims subject to modification | Adjourn |
| 25. | Atul Pasricha (Docket No. 10699) | 14019, 14020, 14022, 14023, 14024, 14025, and 14026 | Atul Pasricha ("Pasricha") disagrees with the Debtors' Objection to expunge proof of claim nos. 14019, 14020, 14022, 14023, 14024, 14025, and 14026. Proof of claim no. 14019 and proof of claim no. 14021 were filed as priority claims in an amount of $10,000.00 each. The remaining proof of claim nos. represent unliquidated claims. Pasricha asserts that the Debtors have not presented evidence sufficient to rebut the prima facie | Books and records claims | Adjourn |

14

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | validity of its claims. | | |
| 26. | Donaldson Company, Inc. (Undocketed) | 10490 | Donaldson Company, Inc. ("Donaldson") appears to consent to the Debtors' Objection insofar as it reduces proof of claim no. 10490 from $538,577.55 to $328,940.05 (although the modified total under the Objection was $332,257.57). However, Donaldson "reasserts" that $70,338.32 of the "total revised claim" should be classified as a priority reclamation claim. Donaldson attaches new documentation in support of its claim. | Modified claims asserting reclamation | Adjourn |
| 27. | Pamela Geller (Undocketed) | 12147 | Pamela Geller has agreed to enter into a stipulation with the Debtors (i) disallowing and expunging her claim and (ii) acknowledging and agreeing that nothing in such stipulation would impact her rights or claims, if any, under the Order Under 11 U.S.C. Section 105(a) And Fed. R. Bankr. P. 2016(a) Authorizing Advancement Of Defense Costs Under Debtors' Insurance Policies (Docket No. 6264) ("Insurance Proceeds Defense Costs Order") dated December 22, 2006. | Books and records claims | Adjourn |
| 28. | Laura Marion (Undocketed) | 12219 | Laura Marion has agreed to enter into a stipulation with the Debtors (i) disallowing and expunging her claim and (ii) acknowledging and agreeing that nothing in such stipulation would impact her rights or claims, if any, under the Insurance Proceeds Defense Costs Order. | Books and records claims | Adjourn |

15