# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :
In re            :    Chapter 11
          :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
          :
          Debtors.   :    (Jointly Administered)
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PRELIMINARILY APPROVING
MULTIDISTRICT LITIGATION AND INSURANCE SETTLEMENT~~S~~

("~~MDL AND INSURANCE SETTLEMENTS~~ PRELIMINARY MDL SETTLEMENT
APPROVAL ORDER")

Upon the Motion For Order Approving Multidistrict Litigation And Insurance

Settlements ~~(the "Motion")~~, dated September 7, ~~2007,~~ 2007 (Docket No. 9296) (the "Motion"), by

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in these cases (collectively, the "Debtors"); and the Court having reviewed

the Motion and having heard the statements of counsel and the evidence presented regarding the

Motion at a hearing before the Court on ~~September 27,~~ October 25, 2007 (the "Hearing"); and due

and appropriate notice of the Motion having been given; and for the reasons stated by the Court on

the record at the Hearing; now, therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

~~1.    Jurisdiction.  The Court has jurisdiction over these cases, the Motion, this~~

~~order, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.~~

---

[1] ~~This order constitutes the Court's findings of fact~~ Findings of fact shall be construed as conclusions of law and
conclusions of law ~~under Fed. R. Civ. P. 52, as made applicable here by~~ shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. ~~7052 and 9014.  Any and all findings of fact shall constitute findings of fact~~
~~even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if~~
~~stated as findings of fact.~~ 7052.

2.     Venue.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     Predicates For Relief.  The predicates for the relief requested herein are sections §§ 362(d)(1) and 363(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), Fed. R. Civ. P. 23, and Fed. R. Bankr. P. 4001(d), 7023, 9014, and 9019(a).

4.     Notice.  The notice of the Motion and the Hearing given by the Debtors constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable local rules, and no other or further notice is necessary.

5.     Findings.

A.     (a) The Debtors commenced these cases on October 8 and 14, 2005.

B.     (b) On December 12, 2005, the Judicial Panel on Multidistrict Litigation issued an order concentrating in the United States District Court for the Eastern District of Michigan (the "District Court") a number of federal actions against Delphi and other defendants under the caption In re:  Delphi Corp. Securities, Derivative and "ERISA" Litigation, Master Case No. 05-md-1725 (GER) (the "MDL").  The MDL includes putative class actions under the federal securities laws, putative class actions under the Employee Retirement Income Security Act of 1974 ("ERISA"), and derivative actions.

C.     (c) Under the Court's Agreed Order Regarding Interim Disposition With Respect To Lead Plaintiffs' Motion For Limited Modification Of Automatic Stay, dated April 16, 2007 (Docket No. 7718) (the "Agreed Order"), the Debtors produced certain documents to the lead plaintiffs in the securities portion of the MDL (the "Securities Lead Plaintiffs").

D.    (d) The Debtors provided similar material to the named plaintiffs in the ERISA portion of the MDL (the "ERISA Named Plaintiffs") in accordance with the Court's Agreed Order Approving Agreement To Modify Automatic Stay To Provide Certain Third-Party Discovery Materials To ERISA Plaintiffs, dated May 31, 2007 (Docket No. 8118).

E.    (e) On August 31, 2007, after several months of negotiations involving Delphi, the Securities Lead Plaintiffs, the named plaintiffs in the ERISA portion of the MDL (the "ERISA Named Plaintiffs"), certain other defendants, certain insurance carriers, and a special master appointed for settlement purposes by the District Court, the parties executed the following agreements concerning the MDL:

- a certain "Stipulation and Agreement of Settlement With Certain Defendants" among the Securities Lead Plaintiffs, on behalf of themselves and a putative class; Delphi, Delphi Trust I, Delphi Trust II; J.T. Battenberg III, John. G. Blahnik, Robert H. Brust, Virgis W. Colbert, Alan. S. Dawes, David N. Farr, Paul R. Free, Bernd Gottschalk, Susan A. McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie, Roger S. Penske, Donald L. Runkle, John D. Sheehan, and Patricia C. Sueltz (the "Securities Officer and Director Defendants"); and Banc of America Securities LLC, Barclays Capital Inc., Bear Stearns & Co. Incorporated, Citigroup Global Markets, Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, and Wachovia Capital Markets, LLC (the "Underwriter Defendants"), a copy of which is attached to this oOrder as Exhibit A (the "Securities Stipulation"), and an accompanying "Supplemental Agreement" among the same parties that includes confidential information concerning the settlement contemplated by the Securities Stipulation;

- a certain "Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions" among the ERISA Named Plaintiffs, on behalf of themselves and a putative class; Delphi; ASEC Manufacturing General Partnership ("ASEC Manufacturing"); Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic"); the Executive Committee of Delphi's Board of Directors and its members (the "Executive Committee"); Delphi's Investment Policy Committee and its members (the "Investment Policy Committee"); and Mr. Battenberg, Mr. Brust, Mr. Dawes, Ms. McLaughlin, and Mr. Opie (the "ERISA Officer and Director Defendants"), a copy of which is attached to this oOrder as Exhibit B (the "ERISA Stipulation"); and

- a certain "Stipulation and Agreement of Insurance Settlement" among Delphi; Mr. Battenberg, Milan Belans, Mr. Blahnik, Mr. Brust, Mr. Colbert, Mr. Dawes, Mr.

Farr, Mr. Free, Mr. Gottschalk, Peter H. Janak, Judith Kudla, Ms. McLaughlin, Mr. Bernardes, Ms. Niekamp, Mr. Opie, Mr. Penske, Catherine Rozanski, Mr. Runkle, Mr. Sheehan, and Ms. Sueltz (the "Insurance Officers and Directors"); and National Union Fire Insurance Company of Pittsburgh, Pa., Zurich American Insurance Company, Federal Insurance Company, Twin City Fire Insurance Company, American Casualty Company of Reading PA, Arch Insurance Company, St. Paul Mercury Insurance Company, Great American Insurance Company, Allied World Assurance Company LTD, Endurance Specialty Insurance Ltd., and Starr Excess International (the "Insurers"), a copy of which is attached to this oOrder as Exhibit C (the "Insurance Stipulation").

F.        (f) At a meeting on August 7, 2007, Delphi's Board of Directors (the "Board") authorized Delphi to enter into the settlements that are now memorialized in the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation.  Also at that meeting, a quorom of the Board comprising Board members not named as defendants in the Delphi Securities Action (as defined in the Securities Stipulation) resolved to release any and all affirmative claims by any of the Debtors against, among others, all current and former Delphi officers and directors arising from any alleged violation of the federal securities laws during the period of time between March 7, 2000 and March 3, 2005, inclusive, while reserving the right to assert such claims as a defense or setoff to claims asserted by such officers and directors (the "Release").

G.        (g) On September 5, 2007, the District Court entered an Order Of Preliminary Approval And For Notice And Hearing concerning the Delphi Securities Action (as defined in the Securities Stipulation) which, among other things, preliminarily approved the settlement contemplated by the Securities Stipulation, preliminarily certified the Securities Voting Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the Securities Stipulation for November 13, 2007.  A copy of the District Court's order concerning the Delphi Securities Action is attached to this oOrder as Exhibit D.

H.    (h) On the same day, the District Court entered an Order Preliminarily Approving Settlement, Preliminarily Certifying A Settlement Class, Approving Forms And Methods Of Notice, And Setting aA Fairness Hearing concerning the Delphi ERISA Action (as defined in the ERISA Stipulation) which, among other things, preliminarily approved the settlement contemplated by the ERISA Stipulation, preliminarily certified the ERISA Voting Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the SecuritiesERISA Stipulation for November 13, 2007.  A copy of the District Court's order concerning the Delphi ERISA Action is attached to this oOrder as Exhibit E.

(i)    The United States Department of Labor (the "DOL") has filed proof of claim number 9826, dated July 14, 2006, in these cases (the "DOL Proof Of Claim").  The DOL Proof Of Claim arises from the DOL's investigation concerning potential ERISA violations involving the ASEC Manufacturing Employee Benefit Plans.  The Debtors objected to the DOL Proof Of Claim on July 13, 2007.[2]  The Delphi ERISA Action (as defined in the ERISA Stipulation) involves allegations of ERISA violations involving the ASEC Manufacturing Savings Plan, and the settlement contemplated by the ERISA Stipulation provides for a recovery by that plan (and other plans) in exchange for a release of all claims as to Delphi (and other defendants) that relate to the allegations in the Delphi ERISA Action.  The Debtors provided special notice of the motion to the DOL, and the DOL has determined not to object to the relief requested in the motion.

(j)    The Securities Stipulation, the ERISA Stipulation, the Insurance Stipulation, and the Release completely and fully resolve the MDL and related insurance claims as to the

---

[2]    See Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims, dated July 13, 2007 (Docket No. 8617).

Debtors and certain other parties, and are fair and equitable and in the best interests of the Debtors' estates.  The Debtors exercised sound business judgment in deciding to enter into the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation, and to provide the Release.

I.     The deadline for objections to the Motion was September 20, 2007 (the "Objection Deadline").  No objections to the Motion were filed on or before the Objection Deadline; however, the following parties were granted additional time to evaluate and object to the Motion:  (i) the Official Committee of Unsecured Creditors, (ii) the United States Department of Labor, (iii) Wilmington Trust Company as indenture trustee, (iv) the Ad Hoc Committee of Trade Creditors, and (v) Davidson Kempner Capital Management LLC, SPCP Group, LLC, Castlerigg Master Investments Ltd., Elliott Associates, L.P., and CR Intrinsic Investors, LLC[2] (collectively, the "Potential Objectors").  In addition, at the hearing held on October 3, 2007, the Debtors and the Official Committee of Equity Security Holders (the "Equity Committee") placed on the record a mutual reservation of rights concerning whether the Equity Committee is also entitled to object to the Motion.  In consideration of the Equity Committee's support of the entry of this Order by the Court, the Debtors have agreed that the Equity Committee shall be deemed a Potential Objector for all purposes under this Order.

J.     In their Reply In Support Of Motion For Order Approving Multidistrict Litigation And Insurance Settlements, dated October 24, 2007 (Docket No. _____) (the "Omnibus Reply"), the Debtors modified the scope of the relief requested in the Motion to be granted at this time, limiting it to the relief set forth in this Order.  The Debtors further stated that, with the

---

[2]     The Debtors assert that the bondholders are acting as a group or ad hoc committee and in any event are governed by Fed. R. Bankr. P. 2019 and are potentially subject to other relief available to the Debtors under applicable law. The foregoing bondholders assert that they are being represented individually by common counsel which has fully complied with Fed. R. Bankr. P. 2019 and otherwise dispute the Debtors' foregoing assertions.  This matter is not

*(cont'd)*

concurrence of the Securities Lead Plaintiffs and the ERISA Named Plaintiffs, the Debtors will seek final approval of the settlements contemplated by the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation as part of the Debtors' plan of reorganization and in the confirmation order to be considered by this Court with respect thereto.

K.    (k) Certification of the Securities Voting Class (as defined below) and the ERISA Voting Class (as defined below) for purposes of settlement, granting the Securities Lead Plaintiffs, on behalf of the Securities Class, the Securities Allowed Claim (as defined below), and granting the ERISA Named Plaintiffs, on behalf of the ERISA Class, the ERISA Allowed Interest, and for no other purposes the sole purpose of voting concerning the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, filed by the Debtors on September 6, 2007, including any amendments thereto, and/or any plan of reorganization that incorporates the settlements reflected in the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation (the "Plan"), and for no other purpose, is (i) appropriate under Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, which the Court, in its discretion chooses to apply with respect to this matter, and (ii) provides benefits that are consistent with the goals of chapter 11 of the Bankruptcy Code.

L.    (l) Under the circumstances present here, it is appropriate to (i) authorize the Securities Lead Plaintiffs to vote on the Debtors' Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan") Plan on behalf of the Securities Voting Class (as defined below), and, provided that the Plan is consistent with and incorporates the settlement contemplated by the Securities Stipulation, direct the

_____

*(cont'd from previous page)*
being determined by the Court in this Order and the rights of all parties with respect thereto are expressly reserved.

Securities Lead Plaintiffs to cast all votes under their control in favor and in acceptance of the Plan, and (ii) authorize the ERISA Named Plaintiffs to vote on the Plan on behalf of the ERISA Voting Class, and, provided that the Plan is consistent with and incorporates the settlement contemplated by the ERISA Stipulation, direct the ERISA Named Plaintiffs to cast all votes under their control in favor and in acceptance of the Plan.

M.    (m) The Debtors have shown cause for lifting the automatic stay with respect to the documents produced by the Debtors to the Securities Lead Plaintiffs under the Agreed Order.

(n)    The DOL Proofs Of Claim seek a recovery for the Delphi Personal Savings Plan for Hourly-Rate Employees and the ASEC Manufacturing Savings Plan in addition to the recovery contemplated by the ERISA Stipulation, and thereby are inconsistent with the ERISA Stipulation's purpose of providing a complete and final resolution of the Delphi ERISA Action (as defined in the ERISA Stipulation).

N.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

O.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

P.    The relief granted in this Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW, THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.        The Motion is GRANTED in its entirety.

2.        Any objection to the Motion not withdrawn or otherwise resolved is overruled.

3.        Pursuant to section 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), the Debtors are authorized, but not directed, to enter into the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation, and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation, and all exhibits and attachments thereto, and such stipulations and documents shall be binding and enforceable against the Debtors, their estates, and the other parties to such stipulations in accordance with their terms and subject to the conditions contained therein.  The Debtors and the parties to the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation, as appropriate, are authorized to amend the stipulations without further order of the Court to the extent that such amendments either are not material to the stipulations or have not been objected to by either the official committee of unsecured creditors or the official committee of equity security holders appointed in these cases (collectively, the "Statutory Committees") following five business days' notice (or such shorter period as the Debtors and the Statutory Committees may agree).

4.        Pursuant to section 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), the Debtors are authorized, but not directed, to release any and all of their claims against the current and former officers and directors of Delphi that relate to or arise out of any alleged violations of the federal securities laws during the period of time between March 7, 2000 and March 3, 2005, inclusive.

1.      The settlements proposed in the Motion are PRELIMINARILY APPROVED, subject to final consideration by this Court at the confirmation hearing of the Debtors' plan of reorganization following the Court's consideration of any objections that may be filed by any of the Potential Objectors as to the proposed settlements in accordance with paragraph 13 of this Order and any responses thereto.

2.      5.      In accordance with Fed. R. Bankr. P. 9014(c), the Court directs that Fed. R. Bankr. P. 7023 shall apply in this matter with respect to certifying the Securities Voting Class (defined below) and the ERISA Voting Class (defined below) for the purpose of voting concerning the Plan.

3.      6.      Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the Securities Lead Plaintiffs shall serve as representatives of Court certifies the following class, which is hereby certified for purposes of settlement and granting the Securities Lead Plaintiffs, on behalf of the Securities Class, the Securities Allowed Claim (as defined below) solely for the purpose of voting concerning the Plan, and for no other purposes:

> All persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I and Delphi Trust II, during the period of time between March 7, 2000 and March 3, 2005, inclusive, and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement (the "Securities Voting Class"). Excluded from the Securities Voting Class are (i) any Defendant (as defined in the Securities Stipulation), (ii) any member of the family of any of the Delphi Officer and Director Defendants (as defined in the Securities Stipulation), (iii) any entity in which any Defendant has a controlling interest, (iv) any officer, director, or partner of any Defendant or their subsidiary or affiliate, or (v) the legal representatives, heirs, successors, and assigns of any such excluded party, and any putative members of the Securities Voting Class who exclude themselves by timely requesting exclusion in accordance with

the requirements set forth in the Notice ~~(as defined in the Securities Stipulation)~~.[3]

4.    ~~7.~~    The ~~Securities~~ Lead Plaintiffs, as representatives of the Securities Voting Class, are hereby granted an allowed claim and/or interest in these cases in the aggregate face amount of $204.0 million, with no additional provision to be made for accrued interest, solely for the purpose of voting concerning the Plan, and for no other purpose (the "Securities Allowed Voting Claim/Interest").  The Securities Allowed Claim/Interest shall be classified under the Plan in a separate class, and may be classified in separate debt and equity ~~classes based on the plan of allocation filed with~~subclasses in a manner consistent with the Securities Stipulation as approved by the District Court ~~by the Securities Lead Plaintiffs.  With respect to voting on the Plan, the Securities Lead Plaintiffs, as representatives of the Securities Class, are hereby authorized to cast any and all votes arising from the Securities Allowed Claim on behalf of the Securities Class. Provided that the Plan is consistent with and incorporates the settlement reflected in the Securities Stipulation, the Securities Lead Plaintiffs, as representatives of the Securities Class, shall cast any and all votes under their control, including any and all votes under their control by virtue of the Securities Allowed Claim, in favor and in acceptance of the Plan.~~.

~~8.    Delphi's distribution of the Delphi Net Consideration (as defined in the Securities Stipulation) pursuant to the terms of the Securities Stipulation shall be in full and final satisfaction of the Securities Allowed Claim.~~

5.    ~~9.~~    Upon the Court's entry of this ~~o~~Order, (i) the ~~Securities~~ Lead Plaintiffs shall withdraw, without prejudice, that certain proof of claim in these cases bearing number 14092 and dated July 31, 2006, and all other proofs of claim in these cases filed by the

---

[3]    Capitalized terms used and not otherwise defined in paragraphs 3 through 6 of this order shall have the meanings

*(cont'd)*

Lead Plaintiffs on behalf of the Securities Lead Plaintiffs on behalf of the Securities Voting Class, (ii) any individual proof of claim that was filed in these cases by the Securities Lead Plaintiffs or any other named plaintiff in the Delphi Securities Action, or on their behalf, in any capacity other than as representatives of the Securities Voting Class and relates to the allegations in the Delphi Securities Action (including but not limited to the proofs of claim identified in Exhibit D to the Securities Stipulation) shall be deemed to be estimated for purposes in the amount of $1 solely for the purpose of voting with respect to concerning the in the amount of $1, and for no other purpose, and shall be classified pursuant to the Plan in the separate debt or equity classes applicable to the Securities Allowed Claim/Interest according to the type of security or securities on which such proof of claim is based, as disclosed by the Securities Lead Plaintiffs in prior filings in the Delphi Securities Action, it being understood that such proofs of claim shall be entitled to vote in more than one class as appropriate, and (iii) the Underwriter Defendants shall withdraw, and are hereby deemed to have withdrawn, all proofs of claim filed in these cases by the Underwriter Defendants concerning any claims to indemnification, contribution, or other reimbursement from Delphi on account of or relating to the Delphi Securities Action (including but not limited to the proofs of claim identified in Exhibit E to the Securities Stipulation) shall be deemed contingent and estimated in the amount of $0 solely for the purpose of voting concerning the Plan, and for no other purpose.

6.    10.    Upon the Effective Date (as defined in the Securities Stipulation), the Securities Lead Plaintiffs shall withdraw, with prejudice, (i) that certain proof of claim in these cases bearing number 14092 and dated July 31, 2006, and all other proofs of claim in these cases filed by the Securities Lead Plaintiffs on behalf of the Securities Class, and (ii) any individual

---

*(cont'd from previous page)*
ascribed to them in the Securities Stipulation.

proof of claim that was filed in these cases by the Securities Lead Plaintiffs or any other named plaintiff in the Delphi Securities Action, or on their behalf, in any capacity other than as representatives of the Securities Class and relates to the allegations in the Delphi Securities Action (including but not limited to the proofs of claim identified in Exhibit D to the Securities Stipulation).

7.    11.    In the event that the settlement contemplated by the Securities Stipulation does not become Effective (as defined in the Securities Stipulation), this order, including but not limited to the portion of the order granting the Securities Lead Plaintiffs the Securities Allowed Claim, shall be rendered null and void to the extent provided by and in accordance with the Securities Stipulation, and this order shall be vacated, and in such event all orders entered by the Court in accordance with the Securities Stipulation shall be vacated.

8.    With respect to voting concerning the Plan, the Lead Plaintiffs, as representatives of the Securities Voting Class, are hereby authorized to cast any and all votes arising from the Securities Allowed Voting Claim/Interest on behalf of the Securities Voting Class. The Lead Plaintiffs, as representatives of the Securities Voting Class, shall cast any and all votes under their control, including any and all votes under their control by virtue of the Securities Allowed Voting Claim/Interest, in favor and in acceptance of the Plan provided that the Plan is consistent with and incorporates the proposed settlements set forth in and identified by the Motion.

9.    12.    Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the ERISA Named Plaintiffs shall serve as representatives of Court certifies the following class, which is hereby certified for purposes of settlement and granting the ERISA Named Plaintiffs, on behalf of the ERISA Class, the ERISA Allowed Interest (as defined below) solely for the purpose of voting concerning the Plan, and for no other purposes:

> All persons (a) who were (i) participants in or beneficiaries of the Delphi Savings-Stock Purchase Program for Salaried Employees, the Delphi Personal Savings Plan for Hourly-Rate Employees, or the ASEC Manufacturing Savings Plan between May 28, 1999 and November 1, 2005

or (ii) participants in or beneficiaries of the Delphi Mechatronic Systems Savings-Stock Purchase Program between June 1, 2001 and November 1, 2005 and (b) whose accounts included investments in the Delphi and/or GM Stock Funds (the "ERISA Voting Class"). Excluded from the ERISA Voting Class are (i) the Defendants (as defined in the ERISA Stipulation), (ii) members of the immediate families of each of the Defendants, (iii) any entity in which any Defendant has a controlling interest, (iv) any parent, subsidiary, or affiliate of a Defendant, (v) any person who was an officer or director of a Defendant or of any of Defendants' subsidiaries or affiliates during the period of time between May 28, 1999 and November 1, 2005, inclusive, and (vi) the legal representatives, heirs, predecessors, successors, or assigns of any such excluded person or entity.[4]

13.    The ERISA

10.    The Named Plaintiffs, as representatives of the ERISA Class, are hereby granted an allowed interest in these cases in the face amount of $24.5 million, with no additional provision to be made for accrued interest (the "ERISA Allowed Interest"). The ERISA Allowed Interest shall be classified under the Plan in a separate equity class. With respect to voting on the Plan, the ERISA Named Plaintiffs, as representatives of the ERISA Class, are hereby authorized to cast any and all votes arising from the ERISA Allowed Interest on behalf of the ERISA Class. Provided that the Plan is consistent with and incorporates the settlement reflected in the Securities Stipulation, the ERISA Named Plaintiffs, as representatives of the ERISA Class, shall cast any and all votes under their control, including any and all votes under their control by virtue of the ERISA Allowed Interest, in favor and in acceptance of the Plan, provided that the Plan incorporates the settlement contemplated by the ERISA Stipulation.

14.    Delphi's distribution of the Delphi Consideration (as defined in the ERISA Stipulation) pursuant to the terms of the ERISA Stipulation shall be in full and final satisfaction of the ERISA Allowed Interest. Voting Class, are hereby granted an allowed interest in these cases in

---

[4]    Capitalized terms used and not otherwise defined in paragraphs 7 through 10 of this order shall have the meanings

*(cont'd)*

the face amount of $24.5 million, with no additional provision to be made for accrued interest, solely for the purpose of voting concerning the Plan, and for no other purpose (the "ERISA Allowed Voting Interest").  The ERISA Allowed Voting Interest shall be classified under the Plan in a separate equity class.

11.    15.    Upon the Court's entry of this oOrder, (i) the ERISA Named Plaintiffs willNamed Plaintiffs shall withdraw, without prejudice, any proof of claim that they may assert they filed in these cases on behalf of the ERISA ClassVoting Class, and (ii) any individual proof of claim that was filed in these cases by the ERISA Named Plaintiffs or on their behalf in any capacity other than as representatives of the ERISA Voting Class and that relates to the allegations asserted in the Delphi ERISA Action (including but not limited to the proofs of claim identified in Exhibit D to the ERISA Stipulation) shall be deemed estimated in the amount of $1 for purposessolely for the purpose of voting concerning the Plan, and for no other purpose, and shall be classified pursuant to the Plan in the separate equity class applicable to the ERISA Allowed Interest.Voting Interest.

12.    16.    Upon the Effective Date (as defined in the ERISA Stipulation), the ERISA Named Plaintiffs shall withdraw, with prejudice, and shall be deemed to have withdrawn, with prejudice, (i) any proof of claim that they may assert they filed in these cases on behalf of the ERISA Class and (ii) any individual proof of claim that was filed in these cases by the ERISA Named Plaintiffs or on their behalf in any capacity other than as representatives of the ERISA Class and that relates to the allegations asserted in the Delphi ERISA Action (including but not limited to the proofs of claim identified in Exhibit D to the ERISA Stipulation).

———————————————
*(cont'd from previous page)*
     ascribed to them in the ERISA Stipulation.

15     DeltaView comparison of pcdocs://chisr01a/563802/5 and pcdocs://chisr01a/570083/9.
Performed on 10/24/2007.

13.    17.    In the event that the settlement contemplated by the ERISA Stipulation does not become Effective (as defined in the ERISA Stipulation), this order, including but not limited to the portion of the order granting the ERISA Named Plaintiffs the ERISA Allowed Interest, shall be rendered null and void to the extent provided by and in accordance with the ERISA Stipulation, and this order shall be vacated, and in such event all orders entered by the Court in accordance with the ERISA Stipulation shall be vacated.

14.    18.    In light of the recovery to the ASEC Manufacturing Savings Plan contemplated by the ERISA Stipulation, and the ERISA Stipulation's purpose of providing a complete and final resolution of all claims related to the Delphi ERISA Action (as defined in the ERISA Stipulation), the DOL Proof Of Claim is hereby expunged.

15.    19.    The DOL is hereby barred and enjoined from instituting and/or prosecuting any investigations, actions, or claims against any of the current or former officers or directors of Delphi arising out of or related to the allegations in the Delphi ERISA Action.

16.    20.    The Insurance Policies (as defined in the Insurance Stipulation) are hereby deemed fully exhausted and forever discharged.

17.    21.    Upon the Court's entry of this order, any proof of claim and any portion of any proof of claim filed in these cases by or on behalf of the Delphi Officers and Directors Released Parties or the Insurers Released Parties relating to any claim of loss, damage, reimbursement, contribution, or indemnification arising out of or relating to the Delphi Securities Action, the Delphi ERISA Action, the Delphi Derivative Demands and Actions, the SEC Investigation and Enforcement Action, or the DOJ Investigation and Potential Proceedings (including but not limited to the proofs of claim and portions of proofs of claim identified in Exhibit A to the Insurance Stipulation) shall be deemed to have an estimated amount of $0 for all purposes in these cases (all capitalized terms have the defined meanings set forth in the Insurance Stipulation).

18.    22.    Upon the Effective Date of the Insurance Stipulation, (i) the Delphi Officers and Directors Released Parties shall be deemed to have withdrawn all proofs of claim and

all portions of any proofs of claim filed in these cases by them or on their behalf relating to any claim of loss, damages, reimbursement, contribution, or indemnification arising out of or relating to the Delphi Securities Action, the Delphi ERISA Action, the Delphi Derivative Demands and Actions, the SEC Investigation and Enforcement Action, or the DOJ Investigation and Potential Proceedings (including but not limited to the proofs of claim identified in Exhibit A to the Insurance Stipulations), and (ii) the Insurers Released Parties shall be deemed to have withdrawn all proofs of claim and all portions of any proofs of claim filed in these cases by them or on their behalf relating, based upon, or by reason of the Insurance Policies (all capitalized terms have the defined meanings set forth in the Insurance Stipulation).

19.     23.     Any person who is, may be, or claims to be an insured under any of the Insurance Policies (as defined in the Insurance Stipulation) or Zurich American Insurance Company Policy No. FLC 9024054 (the "Zurich Policy") or who otherwise claims to have an interest in the Insurance Policies or the Zurich Policy, including any interest alleged to arise by reason of a claim against an insured, or who derives his or her claim from any insured under any of the Insurance Policies or the Zurich Policy, including without limitation any judgment creditors, claimants, assignees, or similar persons, is hereby barred and enjoined from instituting and/or prosecuting any actions or claims against any of the Insurers arising out of related to any of the Insurance Policies or the Zurich Policy or the obligations of any of the Insurers under any of the Insurance Policies or the Zurich Policy.

20.     24.     In the event that the Insurance Stipulation does not become Effective (as that term is defined in the Insurance Stipulation), this order shall be rendered null and void to the extent provided by and in accordance with the Insurance Stipulation, and this order shall be vacated, and in such event all orders entered by the Court in accordance with the Insurance Stipulation shall be vacated.

21.     With respect to voting concerning the Plan, the Named Plaintiffs, as representatives of the ERISA Voting Class, are hereby authorized to cast any and all votes arising from the ERISA Allowed Voting Interest on behalf of the ERISA Voting Class.  The Named

Plaintiffs, as representatives of the ERISA Voting Class, shall cast any and all votes under their control, including any and all votes under their control by virtue of the ERISA Allowed Voting Interest, in favor and in acceptance of the Plan provided that the Plan is consistent with and incorporates the proposed settlements set forth in and identified by the Motion.

22.    Nothing in this Order is intended to affect, and nothing in this Order shall be construed as affecting, voting or any other rights or obligations concerning any plan of reorganization that does not incorporate the settlements reflected in the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation.  All parties' rights with respect to any such plan of reorganization are reserved.

23.    In the event that, prior to the confirmation hearing with respect to the Plan, any party to the Securities Stipulation or the ERISA Stipulation terminates the Securities Stipulation or the ERISA Stipulation, as appropriate, pursuant to their respective terms or the Securities Stipulation or the ERISA Stipulation is otherwise terminated pursuant to applicable law as determined by a court of competent jurisdiction, then any vote cast with respect to the Securities Allowed Voting Claim/Interest or the ERISA Allowed Voting Interest shall be rendered null and void, and the relief from automatic stay provided in Paragraph 14 of this Order shall be vacated in favor of the provisions of the Agreed Order from that date forward.

24.    With respect to parties other than the Potential Objectors, the deadline for objecting to the settlements reflected in the Securities Stipulation, the ERISA Stipulation, the Insurance Stipulation, and the Motion has passed, and those parties are barred from raising any such objection in connection with the confirmation of the Plan.  With respect to the Potential Objectors, the deadline for objecting to the settlements reflected in the Securities Stipulation, the ERISA Stipulation, the Insurance Stipulation, and the Motion with respect to any matter other than

the relief granted in this Order shall be the deadline established by the Court for objecting to the confirmation of the Debtors' plan of reorganization, and nothing in this Order shall prejudice any Potential Objector with respect to any such objection, including any objection to the classification of any claim or interest granted under this Order.  Notwithstanding anything else in this Order, the findings of fact and conclusions of law set forth herein are limited to the relief granted in this Order, and shall have no preclusive effect on potential objections brought by Potential Objectors, except as to the relief granted in this Order.

25.    25.    Pursuant to section 362(d)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 4001(d), the automatic stay is hereby lifted with respect to the documents provided by the Debtors to the Securities Lead Plaintiffs under the Court's Agreed Order.

26.    26.    This order is a final and non-interlocutory order and is immediately subject to appeal pursuant to 28 U.S.C. § 158(a).

27.    Except as to the bifurcation of this Court's approval of the settlements identified in the Motion, nothing in this Order shall affect or modify the provisions of the Securities Stipulation or the ERISA Stipulation.

28.    27.    The This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this oOrder.

29.    28.    The requirement under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:                      September October ___, 2007
        New York, New York

_____

UNITED STATES BANKRUPTCY JUDGE

20      DeltaView comparison of pcdocs://chisr01a/563802/5 and pcdocs://chisr01a/570083/9.
Performed on 10/24/2007.

Document comparison done by DeltaView on Wednesday, October 24, 2007 11:12:22 AM

| Input: | |
|--------|--|
| Document 1 | pcdocs://chisr01a/563802/5 |
| Document 2 | pcdocs://chisr01a/570083/9 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---------|--|
| Insertion | |
| Deletion | |
| <Moved from> | |
| >Moved to< | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|-------------|--|
| | Count |
| Insertions | 99 |
| Deletions | 104 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 2 |
| Total changes | 205 |