Hearing Date: October 25, 2007, 10:00 A.M.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
      In re                                 :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                       Debtors.             :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' REPLY IN SUPPORT OF MOTION FOR ORDER UNDER
11 U.S.C. §§ 363(c), 1107, AND 1108, AND CASH MANAGEMENT ORDER,
AND ALTERNATIVELY, UNDER 11 U.S.C. §§ 363(b)(1) AND 364(c),
CONFIRMING AUTHORITY OF DELPHI AUTOMOTIVE SYSTEMS
(HOLDING), INC. TO COMPLETE INTERCOMPANY TRANSFER OF FUNDS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, including Delphi Automotive Systems (Holding), Inc. ("DASHI") and Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), hereby submit this reply (the "Reply") in support of the motion for order pursuant to 11 U.S.C. §§ 363(c), 1107, and 1108, and the Cash Management Order, and alternatively, under 11 U.S.C. §§ 363(b)(1) and 364(c), confirming DASHI's authority to complete an intercompany transfer in an amount expected to be up to $650 million to DAS LLC (Docket No. 10484).[1]

Introduction

1. In the Motion, the Debtors request that this Court confirm DASHI's authority to consummate an intercompany transfer to DAS LLC. In this regard, DASHI will accumulate cash balances in an amount expected to be up to $650 million from certain of its global affiliates. After DASHI accumulates the funds, DASHI intends to effectuate a transfer of the funds to DAS LLC in accordance with the Cash Management Order (the "Intercompany Transaction"). The proposed Intercompany Transaction, among other things, will provide a definitive source of liquidity on favorable terms to the Debtors and will enable the Debtors to maximize efficiencies.

2. After the Debtors filed the Motion, the Pension Benefit Guaranty Corporation (the "PBGC") expressed certain concerns to the Debtors with respect to the proposed Intercompany Transaction. Through cooperation and communication, the parties resolved their issues consensually. Set forth below is a summary of the concerns from the Debtors' perspective and the corresponding resolution.

---

[1] Capitalized terms not separately defined here have the meanings ascribed to them in the Motion.

2

3.     In response to the Motion, Wilmington Trust Company ("WTC") filed a preliminary objection (docket no. 10564) challenging whether the Intercompany Transaction was in DASHI's best interest.  The Debtors engaged WTC in an effort to resolve WTC's concerns.  As a result, and as set forth below, WTC's concerns were resolved and WTC withdrew its preliminary objection (docket no. 10709).

Summary of Resolution

4.     <u>The PBGC</u>.  The PBGC contends that when Delphi did not make the prepetition portion of its pension plan contributions, liens arose against the assets of those Global Affiliates that are members of Delphi's "controlled group," as defined under section 414 of the Internal Revenue Code ("IRC").  The PBGC contends that members of Delphi's controlled group are jointly and severally liable for Delphi's contribution obligations, <u>see</u> 29 U.S.C. § 1082(b)(2); I.R.C. § 412(b)(2).  Currently, $255 million in pension plan contributions remains unpaid following the grant of two pension funding waivers by the Internal Revenue Service.[2]  As a consequence, the PBGC contends that the cash to be transferred to DASHI would remain subject to liens totaling $255 million and the encumbered cash would constitute PBGC's cash collateral.  Although the Debtors dispute PBGC's position, the Debtors understand that the issue presented is an important policy matter for the PBGC that would likely compel the agency to appeal an adverse judicial determination of this issue.  Thus, the parties took the practical approach to a business and legal issue and resolved their differences consensually by incorporating an adequate protection mechanism into the proposed order that would grant replacement liens to the PBGC only to the extent that the PBGC does in fact have valid, perfected, and enforceable liens in the

---

[2]   The Debtors have not paid the $255 million amount because the Debtors believe that such amount relates to prepetition services.

3

cash to be transferred. The compromise represented by this form of adequate protection avoids the expense of litigating this issue while permitting the Debtors to utilize the cash and obtain the benefits of the Intercompany Transaction.[3]

5.  The proposed order memorializes the above adequate protection mechanism and further provides that DASHI's adequate protection obligations and the resulting replacement liens would be valid only to the extent that the PBGC's asserted liens on the cash to be accumulated by DASHI from the Global Affiliates are valid, perfected, and enforceable against such assets. Finally, the proposed order makes clear that all parties in interest in these cases retain and reserve the right to challenge the PBGC's purported liens on any grounds and that all of PBGC's claims, defenses, and arguments with respect to any such challenges are expressly reserved and preserved.

6.  The Debtors submit that the proposed resolution of the PBGC's concerns is in the best interests of the Debtors' estates and stakeholders. See 11 U.S.C. § 363(b)(1). The uncertainty and inevitable delay associated with litigation of these issues would threaten to undermine the key purpose of the proposed Intercompany Transaction, which is to provide an immediate source of liquidity to the Debtors and permit certain tax efficiencies. In addition, in preserving the right of all parties in interest to challenge the PBGC's purported liens, the proposed resolution protects the rights of our constituents to later challenge the PBGC's liens if necessary.

7.  <u>WTC Resolution.</u>  WTC's preliminary objection to the Motion challenged whether the proposed Intercompany Transaction is in DASHI's best interests. As part of the terms of the

---

[3]  For the Court's convenience, a comparison showing the differences between the original proposed order and the revised proposed order is attached hereto as Exhibit 1.

resolution of the Preliminary Objection with the WTC,[4] the Debtors have agreed to provide certain information to counsel to WTC on a go-forward basis and revise the proposed order to provide:

> This Order, including, without limitation, the finding that entry of this Order granting the relief requested is in the best interests of the Debtors, their stakeholders, estates, and other parties in interest, shall not be used adversely as precedent by the Debtors against Wilmington Trust Company, as indenture trustee ("WTC"), or by WTC against the Debtors, in any subsequent litigation in these chapter 11 cases.

8.     With the foregoing resolutions and modifications to the proposed order, this matter is now uncontested and WTC has since withdrawn its preliminary objection.

---

[4] The Debtors may supplement the record at the hearing regarding the specific terms of the resolution of WTC's Preliminary Objection.

5

        WHEREFORE, the Debtors respectfully request that the Court enter the revised proposed Order in substantially the form of that attached as Exhibit 2 to this Reply, and that the Court grant the Debtors all such other and further relief as is just and equitable.

Dated:   New York, New York
            October 24, 2007

                                          SKADDEN, ARPS, SLATE, MEAGHER
                                            &FLOM LLP

                                            By: /s/ John Wm. Butler, Jr.
                                                 John Wm. Butler, Jr. (JB 4711)
                                                 John K. Lyons (JL 4951)
                                                 Albert L. Hogan, III (AH 8807)
                                                 Ron E. Meisler (RM 3026)
                                            333 West Wacker Drive, Suite 2100
                                            Chicago, Illinois 60606
                                            (312) 407-0700

                                                       - and -

                                            By: /s/ Kayalyn A. Marafioti
                                                 Kayalyn A. Marafioti (KM 9632)
                                                 Thomas J. Matz (TM 5986)
                                            Four Times Square
                                            New York, New York 10036
                                            (212) 735-3000

                                            Attorneys for Delphi Corporation, et al.,
                                             Debtors and Debtors-in-Possession