UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                               :        Chapter 11
:
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
:
                      Debtors.   :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 363(c), 1107, AND 1108, AND CASH MANAGEMENT
ORDER, AND ALTERNATIVELY, UNDER 11 U.S.C. §§ 363(b)(1) AND 364(c),
CONFIRMING AUTHORITY OF DELPHI AUTOMOTIVE SYSTEMS (HOLDING),
INC. TO COMPLETE INTERCOMPANY TRANSFER OF FUNDS

("DASHI INTERCOMPANY TRANSFER ORDER")

Upon the motion, dated October 5, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases, including Delphi Automotive Systems

(Holding), Inc. ("DASHI") and Delphi Automotive Systems LLC ("DAS LLC")

(collectively, the "Debtors"), for an order under 11 U.S.C. §§ 363(c), 1107, and 1108, and

the Cash Management Order (as defined below), and alternatively, under 11 U.S.C. §§

363(b)(1) and 364(c), confirming DASHI's authority to complete an intercompany

transfer to DAS LLC in an amount expected to be up to $650 million (the "Intercompany

Transaction"); and upon the Preliminary Objection of Wilmington Trust Company, as

Indenture Trustee (the "Wilmington Trust Company Objection"), which was formally

withdrawn (Docket No. 10709), and for the purpose of resolving the concerns of the

Pension Benefit Guaranty Corporation (the "PBGC"); and upon the record of the October

25, 2007 hearing held on the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, including DASHI and DAS LLC, their estates, their stakeholders, and other parties-in-interest; and this Court having determined that DASHI has satisfied its fiduciary obligations with respect to the Intercompany Transaction; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. This order confirms DASHI's authority to complete the Intercompany Transaction in accordance with the Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use of Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Docket No. 882) (the "Cash Management Order").

3. The proceeds of the Intercompany Transaction shall be used by the Debtors, subject to the requisite consent of the DIP Lenders (as defined below), in accordance with the terms of this order and the Cash Management Order.

4. The Debtors shall, subject to the terms of this order, grant the PBGC, pursuant to sections 361, 363(c)(2), and 363(e) of the Bankruptcy Code, adequate protection of the PBGC's asserted interest, on account of $255 million in unpaid contributions to the Delphi Plans (as defined below), in $255 million of the cash (collectively, the "Adequate Protection Obligations") that will be accumulated by DASHI

from the Debtors' non-U.S. global affiliates (the "Global Affiliates") to effectuate the transaction contemplated in the Motion.

    5.  To secure the Adequate Protection Obligations, the PBGC (for the benefit of the Delphi Retirement Program for Salaried Employees, the Delphi Hourly-Rate Employees Pension Plan, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan, collectively the "Delphi Plans") is hereby granted (effective and perfected upon the transfer of the accumulated cash described in paragraph 4 above from DASHI to DAS LLC and without the necessity of the execution by the Debtors of security agreements, pledge agreements, financing statements or other agreements) valid, perfected replacement security interests in and liens in the amount of $255 million (the "Replacement Liens") upon those DASHI assets encumbered by the liens granted under this Court's Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001 And 6004(g)(I) Authorizing Debtors To Obtain Post-Petition Financing And (II) Authorizing Debtors To Refinance Secured Post-Petition Financing And Prepetition Secured Debt (the "DIP Refinancing Order") (Docket No. 6461), which Replacement Liens shall be subject and subordinate to the liens granted to the DIP Agent (as defined in the DIP Refinancing Order) for the benefit of the DIP Lenders (as defined in the DIP Refinancing Order) and any Setoff Claimant (as defined in the DIP Refinancing Order); <u>provided</u>, <u>however</u>, that the Adequate Protection Obligations and the resulting Replacement Liens granted hereunder to the PBGC shall be valid only to the extent that the PBGC's asserted liens on the cash to be accumulated by DASHI from the Global Affiliates are valid, perfected, enforceable and non-avoidable against such assets;

provided further that all parties in interest in these cases shall retain and reserve the right to challenge the PBGC's purported liens on any grounds, including without limitation the enforceability, validity, perfection and non-avoidability of such purported liens, and that all of PBGC's claims, defenses and arguments with respect to any such challenges are expressly reserved and preserved.

6. This order, including, without limitation, any finding regarding the ordinary course nature of the Intercompany Transaction, shall not be used adversely as precedent by the Debtors against Wilmington Trust Company, as indenture trustee ("WTC") or by WTC against the Debtors, in any subsequent litigation in these chapter 11 cases.

7. Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, this order shall take effect immediately upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

9. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Motion.

Dated:   New York, New York
         October 25, 2007

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE