ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.
and Furukawa Electric North America APD, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re: DELPHI CORPORATION, *et. al.*,**       :   Chapter 11
                                                            :
            Debtors.                                  :   Case No. 05-44481 (RDD)
                                                            :   Jointly Administered
------------------------------------------------------------x
**DELPHI CORPORATION, *et. al.*,**              :
                                                            :
            Debtors                                    :
                                                            :   Adv. Pro. No. _____[1]
**v.**                                                      :
                                                            :
**FURUKAWA ELECTRIC COMPANY, LTD.,**   :
**FURUKAWA ELECTRIC NORTH**                :
**AMERICA APD, INC.**                            :
------------------------------------------------------------x

**FURUKAWA ELECTRIC COMPANY, LTD. AND FURUKAWA ELECTRIC
NORTH AMERICA APD, INC.'S EXPEDITED MOTION FOR STATUS
<u>CONFERENCE AND ADJOURNMENT OF THE NOVEMBER 29, 2007 HEARING</u>**

---

[1] Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, once an objection to a proof of claim is joined with a claim for relief, the contested matter becomes an adversary proceeding. *See In re Danbury Square Assocs. L.P.*, 153 B.R. 657 (Bankr. S.D.N.Y. 1993) (holding that the trustee was required to file a complaint to initiate an adversary proceeding to resolve its equitable subordination counterclaim to the creditors' proof of claim); *see also In re Consol. Indus. Corp.*, No. 98-4053, 1999 WL 297492 (Bankr. N.D. Ind. April 19, 1999) ("the assertion of a counterclaim triggers the operation of all the rules governing adversary proceedings-- including those that require a summons and complaint."); *Jones v. Progressive-Home Fed. Savs. & Loan Ass'n*, 122 B.R. 246, 250 (W.D. Pa. 1990) ("If the objection to the proof of claim is joined with a demand for relief challenging the validity, priority, or extent of an interest in property, the objection is considered a complaint in an adversary proceeding.") Furukawa notes for the record that despite asserting an affirmative claim in the Debtors' Claim for Affirmative Relief against Furukawa, the Debtors have yet to commence an adversary proceeding or serve Furukawa with a summons.

COME NOW Furukawa Electric Company, Ltd. and Furukawa Electric North America APD, Inc. (collectively "Furukawa") and hereby move this Court, on an expedited basis, for a telephonic status conference in accordance with Local Bankruptcy Court Rule 9076-1, Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"). Furukawa submits that an expedited status conference is needed so that the parties and the Court may (i) confer on issues relating to the adversary proceeding commenced by the Debtors' filing of their Claim for Affirmative Relief Against Furukawa Electric North America APD and Furukawa Electric Company, Ltd., Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Claim for Affirmative Relief") and, in particular, the proper application of Bankruptcy Rules 3007 and 7001 through 7087 and (ii) address counsel to Furukawa's request that the hearing on the Notice of Motion be adjourned to a different date due to a scheduling conflict. In support of this Motion, Furukawa shows the Court as follows:

## I.     Background

1. On or about September 7, 2000, Furukawa and the Debtors entered into that certain Long Term Contract whereby Furukawa agreed to sell and the Debtors agreed to purchase 100% of the Debtors' requirement for torque and position sensors.

2. On October 14, 2004, the Debtors filed a complaint against Furukawa alleging that Furukawa manufactured and delivered certain sensors that caused steering column failures in certain General Motors automobiles in the Circuit Court of Saginaw County, Michigan (the "Saginaw Action").

3. On or about March 15, 2005, Furukawa filed its Answer and Affirmative Defenses in the Saginaw Action.

4. On October 15, 2005, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On or about July 28, 2006, Furukawa filed the Furukawa Proof of Claim against the Debtors on account of the Debtors' termination of the Long Term Contract.[2]

6. On October 31, 2006, the Debtors objected to the Furukawa Proof of Claim, in the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification, and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c).

7. On March 16, 2007, the Debtors filed their Statement of Disputed Issues regarding the Furukawa Proof of Claim in which the Debtors asserted a claim for affirmative relief – that mirrored the claims asserted by the Debtors in the Saginaw Action (the "Saginaw Claims").

8. Furukawa moved for an order from the Court abstaining from resolving the Saginaw Claims (the "Abstention Motion").

9. At the hearing in respect of Furukawa's Abstention Motion, the Court noted that the Debtors had not properly asserted an affirmative claim against Furukawa and that, "[i]f and when it does that, under Rule 3007, the adversary proceeding rules will be triggered." Modified Bench Ruling p. 5.

10. On September 26, 2007, the Debtors filed their Claim for Affirmative Relief against Furukawa, reasserting the Saginaw Claims in the Bankruptcy Court.

---

[2] As provided in the Furukawa Proof of Claim, Furukawa sought to preserve its claim that the Debtors (i) breached the Long Term Contract and (ii) owed Furukawa damages including, without limitation, legal fees, inventory reimbursement, investment reimbursement and other miscellaneous charges.

11.     On October 5, 2007, in a letter from Furukawa's counsel to Debtors' counsel, Furukawa informed the Debtors that (i) pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, by filing a demand for relief in respect of a claim, the Debtors were required to commence an adversary proceeding, (ii) no such adversary proceeding had been commenced, and (iii) that a summons had not been issued.

12.     The Debtors apparently declined to commence an adversary proceeding or serve a summons on Furukawa.

13.     On October 24, 2007, the Debtors filed their Notice of Motion for Order Granting Default Judgment (the "Notice of Motion") and the Declaration of Sean P. McGrath in Support of Debtors' Motion for a Default Judgment (the "Debtors' Declaration"), 2 days prior to the expiration of the 30 day period during which Furukawa may file a response to the Claim for Affirmative Relief.

14.     In the Notice of Motion, the Debtors set November 29, 2007, as the date of the hearing in respect of their request for entry of default against Furukawa.

15.     In the Proposed Order attached to the Notice of Motion, the Debtors also propose to have a hearing before the Court on an unknown date in December 2007 to determine the amount of alleged damages.[3]

16.     On October 24, 2007, Furukawa's counsel conferred with Debtors' counsel, concerning the Notice of Motion and Debtors' Declaration to determine whether the parties

---

[3] Furukawa opposes Debtors' attempt to have a hearing in respect of damages in December 2007. In particular, despite the fact that the Debtors commenced the Saginaw Action against Furukawa in 2004 and that the Saginaw Action was not stayed by the commencement of their bankruptcy cases, the Debtors (as plaintiffs) have not made any effort to conclude document discovery and/or proceed with any depositions regarding their claims and Furukawa's defenses. Accordingly, there is no way to adjudicate damages on that schedule even if the Debtors were correct.

- 4 -

could resolve their apparent disagreement regarding the proper application of Bankruptcy Rules 3007 and 7012 without filing unnecessary pleadings.

17.     On October 25, 2007, counsel to Furukawa sent an early draft of its Memorandum in Opposition to the Notice of Motion and Debtors' Declaration (the "Memorandum in Opposition").[4]

18.     On or about 5:00 pm Eastern Time, October 25, 2007, counsel to Debtors refused to address/redress the interpretation and/or application of Bankruptcy Rules 3007, 7012(a) and 7055 raised in the Memorandum in Opposition.

19.     During the telephone conference concerning the Notice of Motion, Debtors' Declaration, and the Memorandum in Opposition, counsel to Furukawa also requested that the Debtors reschedule the hearing on the Notice of Motion (scheduled for November 29, 2007) because counsel to Furukawa is scheduled to speak on November 29th and 30th at the Mid-South Commercial Law Institute Seminar in Nashville, Tennessee. Counsel to Debtors refused to grant counsel to Furukawa's request.[5]

20.     Following the telephone conference, Furukawa filed its Memorandum in Opposition to the Notice of Motion and Debtors' Declaration and its Motion to Dismiss the Claim for Affirmative Relief.

---

[4] Attached hereto as Exhibit A is a true and correct copy of the email from Mr. Wender to Frank Oswald copying Neil Berger and Dennis Connolly.

[5] The Debtors' refusal to adjourn the November 29, 2007 hearing is inexplicable given the fact that: (i) the Saginaw Action has been pending since 2004, (ii) the Debtors (the plaintiffs in the Saginaw Action) did not take any material steps to pursue their claims in the Saginaw Court since the bankruptcy filing, (iii) the Debtors' bankruptcy cases have been pending since 2005 without the assertion, until recently, of the purported claim in the Bankruptcy Court, and (iii) the Debtors waited more than 2 months after the Court instructed the Debtors that they would need to join a separate claim for relief against Furukawa if they wanted to obtain an affirmative recovery in the Bankruptcy Court. Moreover, this refusal was also surprising in light of the numerous continuances and adjournments regularly noted on the Debtors' docket. Finally, there is no need for a hearing on the 29th of November or at all as the Debtors' requested relief should be denied on the papers.

## II.    Request for Relief

21.    Had the Debtors complied with Bankruptcy Rule 3007 and commenced an adversary proceeding upon the filing of their Claim for Affirmative Relief, a summons would have been issued and the Court would have scheduled a status conference to address timing and discovery. For unexplained reasons, the Debtors decided to proceed without commencing an adversary proceeding.

22.    Furukawa has made a good faith effort to resolve the apparent disagreement concerning the proper interpretation and/or application of Bankruptcy Rules 3007, 7012(a) and 7055 and the scheduling of the hearing on the Notice of Motion. Unfortunately, Furukawa's good faith effort has not resulted in the resolution of matters between the parties. Accordingly, Furukawa requests a status conference in accordance with Local Bankruptcy Court Rule 9076-1, Bankruptcy Rule 7016, and Section 105(a) of the Bankruptcy Code.

23.    Because (i) the proper application of Bankruptcy Rules 3007, 7012(a) and 7055 and (ii) the scheduling of the hearing on the Notice of Motion bear directly on the resolution of the Claim for Affirmative Relief, the Notice of Motion, and the Memorandum in Opposition, Furukawa respectfully asks that an expedited telephonic status conference be scheduled by the Court.

## III.    Conclusion

24.    The Claim for Affirmative Relief and Furukawa's defenses should be resolved in a properly commenced adversary proceeding and under the rules applicable to adversary proceedings.[6]

---

[6] Furukawa did not request that the District Court withdraw the reference of its Motion to Dismiss because the Motion is limited to purely legal arguments that are within this Court's jurisdiction. If, however, the Court concludes that the Claim for Affirmative Relief can proceed in the Southern District of New York, Furukawa reserves its right to request withdrawal of the reference of the entire adversary proceeding at that time because

25. Because the parties have been unable to address their apparent disagreement regarding the proper application of Bankruptcy Rules 3007, 7012(a) and 7055 or the scheduling of the hearing in respect of the Notice of Motion, an expedited status conference is necessary.

Respectfully submitted this 26th day of October 2007.

        ALSTON & BIRD LLP

        /s/ Dennis J. Connolly
        Dennis J. Connolly (DC-9932)
        David A. Wender (admitted *pro hac vice*)
        One Atlantic Center
        1201 West Peachtree Street
        Atlanta, Georgia 30309-3424
        Telephone (404) 881-7000
        Facsimile (404) 881-7777

        *Counsel for Furukawa Electric Company, Ltd.*
        *and Furukawa Electric North America APD, Inc.*

---

(i) the resolution of this claim does not involve substantive bankruptcy rights; (ii) the Debtors are actively engaged in forum shopping and (iii) the resolution of these claims will not impact the Debtors' bankruptcy case.

# EXHIBIT A

05-44481-rdd    Doc 10735    Filed 10/26/07    Entered 10/26/07 16:59:44    Main Document
Pg 8 of 11

## Wender, David

| | |
|---|---|
| **From:** | Wender, David |
| **Sent:** | Thursday, October 25, 2007 1:38 PM |
| **To:** | 'Frank Oswald' |
| **Cc:** | Connolly, Dennis; 'neilberger@TeamTogut.com' |
| **Subject:** | RE: Delphi Follow-up |
| **Attachments:** | FURUKAWA_Opposition to Motion For Default Judgment_1.DOC |



FURUKAWA_Opposition to Motion ...

Frank,

Attached for your and (Neil's) review is Furukawa's draft Opposition that I referenced in my earlier email. I think the cases demonstrate that Furukawa has 30 days to file its responsive pleading which it plans to do today (Furukawa's response is actually due on Monday, the 29th). I am hopeful that we can address the procedural issues without involving the Court. If you or Neil would like to discuss this matter before I file the Opposition and Furukawa's Responsive Pleading, please give me a call before 4.

Thank you,


David A. Wender
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Office: 404-881-7354
Facsimile: 404-253-8563
Mobile: 404-822-9294
david.wender@alston.com

-----Original Message-----
From: Frank Oswald [mailto:frankoswald@teamtogut.com]
Sent: Thursday, October 25, 2007 12:45 PM
To: Wender, David
Cc: Connolly, Dennis
Subject: Re: Delphi Follow-up

David

I had a chance to speak to sean and email with Neil and your recitation of what's gone on is much different from theirs

I told my guys that in my dealings you were a straight shooter and reasonable guy...even though I strongly disagreed with your positions in OLM

so I don't know if this more of an issue that Delphi is feed up with your client or there was something between the attys that got off on the wrong foot

1

I hope its the former and neil and sean and u can open a dialogue to resolve...my understanding his your client has not been reasonable in the past



...... Original Message .......
On Thu, 25 Oct 2007 12:32:12 -0400 "Wender, David"
<David.Wender@alston.com> wrote:
>Frank,
>
>I just left you a voicemail in follow-up to our conversation last night
concerning Delphi's Notice of Motion for Entry of Default. As I noted, Furukawa believes that Delphi's Notice of Motion incorrectly interprets Rule 7012 of the Federal Rules of Bankruptcy Procedure. Although I am prepared to file Furukawa's Opposition to Entry of Default Judgment today (concurrent with Furukawa's responsive pleading) and am confident in the law, I do not believe that the Notice of Motion and Opposition are
>necessarily matters that the Judge wants muddying-up his docket. In an
effort to demonstrate our position/conclusions further and in the hope that we can resolve this without filing unnecessary pleadings, I will be sending you an early draft of Furukawa's Opposition to Delphi's Notice of Motion that we plan to file by 4 today. As we demonstrated during our involvement in Our Lady of Mercy, we believe that parties should confer in good faith to address procedural disagreements before they involve the Court
>through unnecessary pleadings. Should you or Neil Berger agree, please
give me a call.
>
>Thank you,
>
>
>
>David A. Wender
>Alston & Bird LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, GA  30309-3424
>Office: 404-881-7354
>Facsimile: 404-253-8563
>Mobile: 404-822-9294
>david.wender@alston.com
>
>
>*****************************************************
>IRS Circular 230 disclosure:  To ensure compliance with requirements
imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
>_____
>
>NOTICE:  This e-mail message and all attachments transmitted with it
>may contain legally privileged and confidential information intended
>solely for the use of the addressee.  If the reader of this message is

2

```
>not the intended recipient, you are hereby notified that any reading,
>dissemination, distribution, copying, or other use of this message or
>its attachments is strictly prohibited.  If you have received this
>message in error, please notify the sender immediately by telephone
>(404-881-7000) or by electronic mail (postmaster@alston.com), and
>delete this message and all copies and backups thereof.  Thank you.
>_____
>
```

>not the intended recipient, you are hereby notified that any reading,
>dissemination, distribution, copying, or other use of this message or
>its attachments is strictly prohibited.  If you have received this

3