UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                              :   Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :   Case No. 05-44481 (RDD)
                                            :
                   Debtors.             :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PRELIMINARILY APPROVING
MULTIDISTRICT LITIGATION AND INSURANCE SETTLEMENT

("PRELIMINARY MDL SETTLEMENT APPROVAL ORDER")

Upon the Motion For Order Approving Multidistrict Litigation And Insurance Settlements, dated September 7, 2007 (Docket No. 9296) (the "Motion"), by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in these cases (collectively, the "Debtors"); and the Court having reviewed the Motion and having heard the statements of counsel and the evidence presented regarding certain of the relief sought in the Motion at a hearing before the Court on October 25, 2007 (the "Hearing"); and due and appropriate notice of the Motion having been given; and for the reasons stated by the Court on the record at the Hearing, now, therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    The Debtors commenced these cases on October 8 and 14, 2005.

    B.    On December 12, 2005, the Judicial Panel on Multidistrict Litigation issued an order concentrating in the United States District Court for the Eastern District of Michigan (the "District Court") a number of federal actions against Delphi and other defendants

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

under the caption In re:  Delphi Corp. Securities, Derivative and "ERISA" Litigation, Master Case No. 05-md-1725 (GER) (the "MDL").  The MDL includes putative class actions under the federal securities laws, putative class actions under the Employee Retirement Income Security Act of 1974 ("ERISA"), and derivative actions.

        C.        Under the Court's Agreed Order Regarding Interim Disposition With Respect To Lead Plaintiffs' Motion For Limited Modification Of Automatic Stay, dated April 16, 2007 (Docket No. 7718) (the "Agreed Order"), the Debtors produced certain documents to the lead plaintiffs in the securities portion of the MDL (the "Securities Lead Plaintiffs").

        D.        The Debtors provided similar material to the named plaintiffs in the ERISA portion of the MDL (the "ERISA Named Plaintiffs") in accordance with the Court's Agreed Order Approving Agreement To Modify Automatic Stay To Provide Certain Third-Party Discovery Materials To ERISA Plaintiffs, dated May 31, 2007 (Docket No. 8118).

        E.        On August 31, 2007, after several months of negotiations involving Delphi, the Securities Lead Plaintiffs, the ERISA Named Plaintiffs, certain other defendants, certain insurance carriers, and a special master appointed for settlement purposes by the District Court, the parties executed the following agreements concerning the MDL:

- a certain "Stipulation and Agreement of Settlement With Certain Defendants" among the Securities Lead Plaintiffs, on behalf of themselves and a putative class; Delphi, Delphi Trust I, Delphi Trust II; J.T. Battenberg III, John. G. Blahnik, Robert H. Brust, Virgis W. Colbert, Alan. S. Dawes, David N. Farr, Paul R. Free, Bernd Gottschalk, Susan A. McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie, Roger S. Penske, Donald L. Runkle, John D. Sheehan, and Patricia C. Sueltz (the "Securities Officer and Director Defendants"); and Banc of America Securities LLC, Barclays Capital Inc., Bear Stearns & Co. Incorporated, Citigroup Global Markets, Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, and Wachovia Capital Markets, LLC (the "Underwriter Defendants"), a copy of which is attached to this Order as Exhibit A (the "Securities Stipulation"), and an accompanying "Supplemental Agreement"

2

    among the same parties that includes confidential information concerning the settlement contemplated by the Securities Stipulation;

- a certain "Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions" among the ERISA Named Plaintiffs, on behalf of themselves and a putative class; Delphi; ASEC Manufacturing General Partnership ("ASEC Manufacturing"); Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic"); the Executive Committee of Delphi's Board of Directors and its members (the "Executive Committee"); Delphi's Investment Policy Committee and its members (the "Investment Policy Committee"); and Mr. Battenberg, Mr. Brust, Mr. Dawes, Ms. McLaughlin, and Mr. Opie (the "ERISA Officer and Director Defendants"), a copy of which is attached to this Order as <u>Exhibit B</u> (the "ERISA Stipulation"); and

- a certain "Stipulation and Agreement of Insurance Settlement" among Delphi; Mr. Battenberg, Milan Belans, Mr. Blahnik, Mr. Brust, Mr. Colbert, Mr. Dawes, Mr. Farr, Mr. Free, Mr. Gottschalk, Peter H. Janak, Judith Kudla, Ms. McLaughlin, Mr. Bernardes, Ms. Niekamp, Mr. Opie, Mr. Penske, Catherine Rozanski, Mr. Runkle, Mr. Sheehan, and Ms. Sueltz (the "Insurance Officers and Directors"); and National Union Fire Insurance Company of Pittsburgh, Pa., Zurich American Insurance Company, Federal Insurance Company, Twin City Fire Insurance Company, American Casualty Company of Reading PA, Arch Insurance Company, St. Paul Mercury Insurance Company, Great American Insurance Company, Allied World Assurance Company LTD, Endurance Specialty Insurance Ltd., and Starr Excess International (the "Insurers"), a copy of which is attached to this Order as <u>Exhibit C</u> (the "Insurance Stipulation").

    F.  At a meeting on August 7, 2007, Delphi's Board of Directors (the "Board") authorized Delphi to enter into the settlements that are now memorialized in the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation.  Also at that meeting, a quorum of the Board comprising Board members not named as defendants in the Delphi Securities Action (as defined in the Securities Stipulation) resolved to release any and all affirmative claims by any of the Debtors against, among others, all current and former Delphi officers and directors arising from any alleged violation of the federal securities laws during the period of time between March 7, 2000 and March 3, 2005, inclusive, while reserving the right to assert such claims as a defense or setoff to claims asserted by such officers and directors (the "Release").

3

      G.      On September 5, 2007, the District Court entered an Order Of Preliminary Approval And For Notice And Hearing concerning the Delphi Securities Action which, among other things, preliminarily approved the settlement contemplated by the Securities Stipulation, preliminarily certified the Securities Voting Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the Securities Stipulation for November 13, 2007. A copy of the District Court's order concerning the Delphi Securities Action is attached to this Order as <u>Exhibit D</u>.

      H.      On the same day, the District Court entered an Order Preliminarily Approving Settlement, Preliminarily Certifying A Settlement Class, Approving Forms And Methods Of Notice, And Setting A Fairness Hearing concerning the Delphi ERISA Action (as defined in the ERISA Stipulation) which, among other things, preliminarily approved the settlement contemplated by the ERISA Stipulation, preliminarily certified the ERISA Voting Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the ERISA Stipulation for November 13, 2007. A copy of the District Court's order concerning the Delphi ERISA Action is attached to this Order as <u>Exhibit E</u>.

      I.      The deadline for objections to the Motion was September 20, 2007 (the "Objection Deadline"). No objections to the Motion were filed on or before the Objection Deadline; however, the following parties were granted additional time to evaluate and object to the Motion: (i) the Official Committee of Unsecured Creditors, (ii) the United States Department of Labor, (iii) Wilmington Trust Company as indenture trustee, (iv) the Ad Hoc Committee of Trade Creditors, and (v) Davidson Kempner Capital Management LLC, SPCP Group, LLC, Castlerigg Master Investments Ltd., Elliott Associates, L.P., and CR Intrinsic

Investors, LLC[2] (collectively, the "Potential Objectors").  In addition, at the hearing held on October 3, 2007, the Debtors and the Official Committee of Equity Security Holders (the "Equity Committee") placed on the record a mutual reservation of rights concerning whether the Equity Committee is also entitled to object to the Motion.  In consideration of the Equity Committee's support of the entry of this Order by the Court, the Debtors have agreed that the Equity Committee shall be deemed a Potential Objector for all purposes under this Order.

    J.  In their Reply In Support Of Motion For Order Approving Multidistrict Litigation And Insurance Settlements, dated October 24, 2007 (Docket No. 10714) (the "Omnibus Reply"), the Debtors modified the scope of the relief requested in the Motion to be granted at this time, limiting it to the relief set forth in this Order.  The Debtors further stated that, with the concurrence of the Securities Lead Plaintiffs and the ERISA Named Plaintiffs, the Debtors will seek final approval of the settlements contemplated by the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation at the same time that they seek confirmation of the Debtors' plan of reorganization and that such approval, if granted, would be incorporated in the confirmation order to be considered by this Court with respect thereto.

    K.  Certification of the Securities Voting Class (as defined below) and the ERISA Voting Class (as defined below) for the sole purpose of voting on the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, filed by the Debtors on September 6, 2007, including any amendments thereto, and/or any plan of reorganization that incorporates the settlements reflected in the Securities

---

[2] The Debtors assert that the bondholders are acting as a group or ad hoc committee and in any event are governed by Fed. R. Bankr. P. 2019 and are potentially subject to other relief available to the Debtors under applicable law.  The foregoing bondholders assert that they are being represented individually by common counsel which has fully complied with Fed. R. Bankr. P. 2019 and otherwise dispute the Debtors' foregoing assertions.  This matter is not being determined by the Court in this Order and the rights of all parties with respect thereto are expressly reserved.

Stipulation, the ERISA Stipulation, and the Insurance Stipulation (the "Plan"), and for no other purpose, is (i) appropriate under Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, and (ii) provides benefits that are consistent with the goals of chapter 11 of the Bankruptcy Code.

    L.  Under the circumstances present here, it is appropriate to (i) authorize the Securities Lead Plaintiffs to vote on the Plan on behalf of the Securities Voting Class (as defined below), provided that the Plan is consistent with and incorporates the settlement contemplated by the Securities Stipulation, and (ii) authorize the ERISA Named Plaintiffs to vote on the Plan on behalf of the ERISA Voting Class, provided that the Plan is consistent with and incorporates the settlement contemplated by the ERISA Stipulation.

    M.  The Debtors have shown cause for lifting the automatic stay pursuant to the terms of this Order with respect to the documents produced by the Debtors to the Securities Lead Plaintiffs under the Agreed Order.

    N.  Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

    O.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    P.  The relief granted in this Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The settlements proposed in the Motion are PRELIMINARILY APPROVED to the extent provided herein, subject to final consideration by this Court at the confirmation hearing of the Debtors' plan of reorganization following the Court's consideration of any objections that may be filed by any of the Potential Objectors as to the proposed settlements in accordance with paragraph 13 of this Order and any responses thereto.

2. In accordance with Fed. R. Bankr. P. 9014(c), the Court directs that Fed. R. Bankr. P. 7023 shall apply in this matter with respect to certifying the Securities Voting Class (defined below) and the ERISA Voting Class (defined below) for the purpose of voting on the Plan as provided herein.

3. Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the Court certifies the following class solely for the purpose of voting on the Plan as provided herein, and for no other purpose:

> All persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I and Delphi Trust II, during the period of time between March 7, 2000 and March 3, 2005, inclusive, and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement (the "Securities Voting Class"). Excluded from the Securities Voting Class are (i) any Defendant, (ii) any member of the family of any of the Delphi Officer and Director Defendants, (iii) any entity in which any Defendant has a controlling interest, (iv) any officer, director, or partner of any Defendant or their subsidiary or affiliate, or (v) the legal representatives, heirs, successors, and assigns of any such excluded party, and any putative members of the

    Securities Voting Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice.[3]

    4.  Solely for the purpose of voting on the Plan, and for no other purpose, the Lead Plaintiffs, as representatives of the Securities Voting Class, are hereby granted an allowed claim and/or interest in these cases under the terms of the Securities Stipulation in the aggregate face amount of $204.0 million, with no additional provision to be made for accrued interest (the "Securities Allowed Voting Claim/Interest"). The Securities Allowed Voting Claim/Interest shall be classified under the Plan in a separate class, and may be classified in separate debt and equity subclasses in a manner consistent with the Securities Stipulation as approved by the District Court.

    5.  Upon the Court's entry of this Order, (i) the Lead Plaintiffs shall withdraw, without prejudice, that certain proof of claim in these cases bearing number 14092 and dated July 31, 2006, and all other proofs of claim in these cases filed by the Lead Plaintiffs on behalf of the Securities Voting Class, (ii) any individual proof of claim that was filed in these cases by the Lead Plaintiffs or any other named plaintiff in the Delphi Securities Action, or on their behalf, in any capacity other than as representatives of the Securities Voting Class and relates to the allegations in the Delphi Securities Action (including but not limited to the proofs of claim identified in Exhibit D to the Securities Stipulation) shall be deemed estimated in the amount of $1 solely for the purpose of voting on the Plan, and for no other purpose, and shall be classified pursuant to the Plan in the separate debt or equity classes applicable to the Securities Allowed Voting Claim/Interest according to the type of security or securities on which such proof of claim is based, as disclosed by the Lead Plaintiffs in prior filings in the Delphi Securities Action,

---

[3] Capitalized terms used and not otherwise defined in paragraphs 3 through 6 of this order shall have the meanings ascribed to them in the Securities Stipulation.

8

it being understood that such proofs of claim shall be entitled to vote in more than one class as appropriate, and (iii) all proofs of claim filed in these cases by the Underwriter Defendants concerning any claims to indemnification, contribution, or other reimbursement from Delphi on account of or relating to the Delphi Securities Action (including but not limited to the proofs of claim identified in Exhibit E to the Securities Stipulation) shall be deemed contingent and estimated in the amount of $0 solely for the purpose of voting on the Plan, and for no other purpose.

      6.      With respect to voting concerning the Plan, the Lead Plaintiffs, as representatives of the Securities Voting Class, are hereby authorized to cast any and all votes arising from the Securities Allowed Voting Claim/Interest on behalf of the Securities Voting Class. The Lead Plaintiffs, as representatives of the Securities Voting Class, have agreed to cast any and all votes under their control, including any and all votes under their control by virtue of the Securities Allowed Voting Claim/Interest, in favor and in acceptance of the Plan, provided that the Plan is consistent with and incorporates the proposed settlements set forth in and identified by the Motion.

      7.      Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the Court certifies the following class solely for the purpose of voting on the Plan as provided herein, and for no other purpose:

> All persons (a) who were (i) participants in or beneficiaries of the Delphi Savings-Stock Purchase Program for Salaried Employees, the Delphi Personal Savings Plan for Hourly-Rate Employees, or the ASEC Manufacturing Savings Plan between May 28, 1999 and November 1, 2005 or (ii) participants in or beneficiaries of the Delphi Mechatronic Systems Savings-Stock Purchase Program between June 1, 2001 and November 1, 2005 and (b) whose accounts included investments in the Delphi and/or GM Stock Funds (the "ERISA Voting Class"). Excluded from the ERISA Voting Class are (i) the Defendants, (ii) members of the immediate families of each of the Defendants, (iii) any entity in which any

9

>Defendant has a controlling interest, (iv) any parent, subsidiary, or affiliate of a Defendant, (v) any person who was an officer or director of a Defendant or of any of Defendants' subsidiaries or affiliates during the period of time between May 28, 1999 and November 1, 2005, inclusive, and (vi) the legal representatives, heirs, predecessors, successors, or assigns of any such excluded person or entity.[4]

8.   Solely for the purpose of voting on the Plan, and for no other purpose, the Named Plaintiffs, as representatives of the ERISA Voting Class, are hereby granted an allowed interest in these cases under the terms of the ERISA Stipulation in the face amount of $24.5 million, with no additional provision to be made for accrued interest, (the "ERISA Allowed Voting Interest"). The ERISA Allowed Voting Interest shall be classified under the Plan in a separate equity class.

9.   Upon the Court's entry of this Order, (i) the Named Plaintiffs shall withdraw, without prejudice, any proof of claim that they may assert they filed in these cases on behalf of the ERISA Voting Class, and (ii) any individual proof of claim that was filed in these cases by the Named Plaintiffs or on their behalf in any capacity other than as representatives of the ERISA Voting Class and that relates to the allegations asserted in the Delphi ERISA Action (including but not limited to the proofs of claim identified in Exhibit D to the ERISA Stipulation) shall be deemed estimated in the amount of $1 solely for the purpose of voting on the Plan, and for no other purpose, and shall be classified pursuant to the Plan in the separate equity class applicable to the ERISA Allowed Voting Interest.

10.   With respect to voting concerning the Plan, the Named Plaintiffs, as representatives of the ERISA Voting Class, are hereby authorized to cast any and all votes arising from the ERISA Allowed Voting Interest on behalf of the ERISA Voting Class. The

---

[4] Capitalized terms used and not otherwise defined in paragraphs 7 through 10 of this order shall have the meanings ascribed to them in the ERISA Stipulation.

10

Named Plaintiffs, as representatives of the ERISA Voting Class, have agreed to cast any and all votes under their control, including any and all votes under their control by virtue of the ERISA Allowed Voting Interest, in favor and in acceptance of the Plan, provided that the Plan is consistent with and incorporates the proposed settlements set forth in and identified by the Motion.

11. Nothing in this Order is intended to affect, and nothing in this Order shall be construed as affecting, voting or any other rights or obligations concerning any plan of reorganization that does not incorporate the settlements reflected in the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation. All parties' rights with respect to any such plan of reorganization are reserved.

12. In the event that, prior to the confirmation hearing with respect to the Plan, any party to the Securities Stipulation or the ERISA Stipulation terminates the Securities Stipulation or the ERISA Stipulation, as appropriate, pursuant to their respective terms or the Securities Stipulation or the ERISA Stipulation is otherwise terminated pursuant to applicable law as determined by a court of competent jurisdiction, then any vote cast with respect to the Securities Allowed Voting Claim/Interest or the ERISA Allowed Voting Interest shall be rendered null and void, and the relief from automatic stay provided in Paragraph 14 of this Order shall be vacated in favor of the provisions of the Agreed Order from that date forward.

13. With respect to parties other than the Potential Objectors, the deadline for objecting to the settlements reflected in the Securities Stipulation, the ERISA Stipulation, the Insurance Stipulation, and the Motion has passed, and those parties are barred from raising any such objection. With respect to the Potential Objectors, the deadline for objecting to the settlements reflected in the Securities Stipulation, the ERISA Stipulation, the Insurance

Stipulation, and the Motion with respect to any matter other than the relief granted in this Order shall be the deadline established by the Court for objecting to the confirmation of the Debtors' plan of reorganization, and nothing in this Order shall prejudice any Potential Objector with respect to any such objection, or to any objection to confirmation of such plan.  Notwithstanding anything else in this Order, the findings of fact and conclusions of law set forth herein are limited to the relief granted in this Order, and shall have no preclusive effect on potential objections brought by Potential Objectors, except as to the relief granted in this Order.

14. Pursuant to section 362(d)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 4001(d) and the terms of the Securities Stipulation, the automatic stay is hereby lifted with respect to the documents provided by the Debtors to the Securities Lead Plaintiffs under the Court's Agreed Order.

15. Except as to the bifurcation of this Court's approval of the settlements identified in the Motion, nothing in this Order shall affect or modify the provisions of the Securities Stipulation or the ERISA Stipulation.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

17. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: October 29, 2007
      New York, New York

                                                   /s/ Robert D. Drain_____
                                                 UNITED STATES BANKRUPTCY JUDGE