# Exhibit E

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

-------------------------------------------------------------x
:
:
:
IN RE: DELPHI CORPORATION           :   MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"    :   Master Case No. 05-md-1725
LITIGATION                          :   Hon. Gerald E. Rosen
                                    :
                                    :   This Document Relates to:
                                    :   *In re Delphi Corp. ERISA Litigation*,
                                    :   Nos. 05-CV-70882, 05-70940,
                                    :   05-71030, 05-71200, 05-71249,
                                    :   05-71291, 05-71339, 05-71396,
                                    :   05-71397, 05-71398, 05-71437,
                                    :   05-71508, 05-71620, 05-71897,
                                    :   05-72198
                                    :
-------------------------------------------------------------x

### ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING A SETTLEMENT CLASS, APPROVING FORMS AND METHODS OF NOTICE, AND SETTING A FAIRNESS HEARING

This litigation involves consolidated actions asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), with respect to the Delphi Savings-Stock Purchase Program for Salaried Employees (the "Salaried Plan"), the Delphi Personal Savings Plan for Hourly-Rate Employees (the "Hourly Plan"), the ASEC Manufacturing Savings Plan (the "ASEC Plan"), and the Delphi Mechatronic Systems Savings-Stock Purchase Program (the "Mechatronic Plan") (collectively, the "Plans").

Presented to the Court for preliminary approval is a Settlement of the litigation as against certain defendants. The Settlement also would resolve certain claims filed against Delphi Corporation in the Bankruptcy Case. The terms of the Settlement are set out in a Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions dated August 31, 2007 (the "Settlement Stipulation"), executed by counsel on behalf of the Named Plaintiffs and the Settling Defendants.[1]

The Court has considered the proposed Settlement to determine, among other things, whether to certify a class for settlement purposes and whether the Settlement is sufficient to warrant the issuance of notice to members of the Class. Upon reviewing the Settlement Stipulation and the ERISA Named Plaintiffs' Motion for Order Preliminarily Approving Settlement, Preliminarily Certifying a Settlement Class, Approving Forms and Method of Notice, and Setting a Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Class Findings:** The Court preliminarily finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Michigan, and any other applicable laws have been met as to the "Class" defined below, in that:

    a. The Class is cohesive and well defined.

    b. The members of the Class are ascertainable from records kept with respect to the Plans, and the members of the Class are so numerous that their joinder before the Court would be impracticable.

---

1. Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Stipulation.

    c. Based on allegations in the Consolidated Class Action Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Class.

    d. Based on allegations in the Consolidated Class Action Complaint that the Settling Defendants engaged in misconduct affecting members of the Class in a uniform manner, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Class.

    e. The Named Plaintiffs will fairly and adequately protect the interests of the Class in that (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class, (ii) there appear to be no conflicts between or among Named Plaintiffs and the Class, and (iii) Named Plaintiffs and the members of the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

    f. The prosecution of separate actions by individual members of the Class would create a risk of (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Delphi ERISA Action or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests.

2. **Class Certification:** Based on the findings set out in paragraph 1 above, the Court preliminarily certifies the following class (the "Class") for settlement purposes under Fed. R. Civ. P. 23(b)(1) and (2): all persons (a) who were (1) participants in or beneficiaries of the Salaried Plan, Hourly Plan or ASEC Plan at any time between May 28, 1999 and November 1, 2005, or (2) participants in or beneficiaries of the Mechatronic Plan at any time between June 1, 2001 and November 1, 2005, and (b) whose accounts included investments in the Delphi and/or GM stock funds. Excluded from the Class are (i) the Defendants; (ii) members of the immediate families of each of the Defendants; (iii) any entity in which any Defendant has a controlling interest; (iv) any parent, subsidiary or affiliate of a Defendant; (v) any person who was an officer or director of a Defendant or any of their subsidiaries or affiliates during the Class Period; and (vi) the legal representatives, heirs, predecessors, successors or assigns of any such excluded person or entity.

3. **Class Representation**: The Court appoints Named Plaintiffs as class representatives for the Class, Keller Rohrback, L.L.P. as Lead Counsel for the Class, and Morgan & Meyers, PLC as Liaison Counsel for the Class. Named Plaintiffs are authorized and directed, in their capacities as Class representatives, to vote any chapter 11 ballots provided to them pursuant to the solicitation procedures order in the Bankruptcy Case by virtue of the ERISA Plans' Equity Interest or any proof of claim based on or related to the allegations set forth in the Delphi ERISA Action in favor of and in acceptance of the Delphi Plan of Reorganization incorporating the Settlement.

4.      **Preliminary Findings Regarding Proposed Settlement:**  The Court preliminarily finds that the proposed Settlement should be approved as (a) fair, reasonable and adequate, (b) the product of serious, informed, arm's-length, and non-collusive negotiations, (c) having no obvious deficiencies, (d) not improperly granting preferential treatment to Class representatives or segments of the Class, (e) falling within the range of possible approval, and (f) warranting notice to Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

5.      **Fairness Hearing:**  A hearing is scheduled for  November 13, 2007 (the "Fairness Hearing") to determine, among other things:

a.      whether the Settlement should be approved as fair, reasonable and adequate;

b.      whether the litigation should be dismissed with prejudice as to the Settling Defendants pursuant to the terms of the Settlement Stipulation;

c.      whether the Notice and the Publication Notice and the means of disseminating same pursuant to the Settlement Stipulation (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) constituted due, adequate and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

d. whether to bar all Barred Claims against the Released Parties by any Barred Person;

e. whether to establish a reserve of 25% of the Gross Settlement Fund for a potential award of attorneys' fees and expenses; and

f. whether to grant to each Named Plaintiff a case contribution award of up to $5,000 payable from the Gross Settlement Fund.

6. **Notice to Class:** The settling parties have presented to the Court a proposed form of Notice, which is appended hereto as Exhibit A. With respect to such form of Notice, the Court finds that such Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) notifies the Class concerning the proposed plan of allocation described in the Notice; (c) notifies the Class that Lead Counsel will request that the Court establish a reserve of 25% of the Gross Settlement Fund for a potential award of attorneys' fees and expenses and will request that the Court grant to each Named Plaintiff a case contribution award payable from the Gross Settlement Fund of up to $5,000; (d) gives notice with respect to the proposed Bar Order; (e) gives notice to the Class of the time and place of the Fairness Hearing; and (f) describes how the recipients of the Notice may object to approval of the Settlement. The settling parties have proposed the following manner of disseminating the Notice to members of the Class, and the Court finds that such proposed manner of dissemination is the best notice practicable under the circumstances and directs that Lead Counsel shall:

a. By no later than forty-five (45) days before the Fairness Hearing, cause the Notice, with such non-substantive modifications thereto as may be

6

agreed upon by the settling parties and presented to the Court, to be mailed, by first-class mail, postage prepaid, to the last known address of each of the following persons who can be identified by reasonable effort: (i) each person within the Class and all non-settling parties in the Delphi ERISA Action; (ii) in cases of pending litigation, arbitration or other proceeding, if any, of any other claim against any of the Released Parties relating to any of the Settled Claims, all counsel known by Lead Counsel to represent a member of the Class; (iii) all other counsel known by Lead Counsel to represent a member of the Class; (iv) counsel of record in the Delphi ERISA Action for any non-settling party; and (v) the United States Department of Labor. Settling Defendants shall provide Lead Counsel with the names and last known addresses of the members of the Class to the extent such information is within Settling Defendants' custody or control.

    b.  By no later than forty-five (45) days before the Fairness Hearing, cause the Notice to be published on the website identified in the Notice.

    c.  By no later than forty-five (45) days before the Fairness Hearing, cause the Publication Notice in the form attached hereto as Exhibit B, with such non-substantive modifications thereto as may be agreed upon by the settling parties and presented to the Court, to be published on at least one occasion in the *USA Today* (national edition) and the *Detroit Free Press*.

    d.  By no later than ten (10) calendar days before the Fairness Hearing, file with the Court and post on its website the motion for final approval of the Settlement and the motion for approval of the Plan of Allocation described in the Notice.

At or before the Fairness Hearing, Lead Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

7. **Objections to Settlement:** All of the following persons shall be referred to herein as "Objectors": (a) any member of the Class who objects to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Stipulation, to the proposed reserve for attorneys' fees and expenses, or to any request for compensation for the Named Plaintiffs, and (b) any person who would be bound by the Bar Order and who objects to entry of the Bar Order. Any Objector must file with the Court a statement of his, her or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. The Objector must also mail the objection and all supporting law and/or evidence to Lead Counsel and counsel for certain Settling Defendants. The addresses for filing objections with the Court and service on counsel are as follows:

>   To the Court:
>
>>   Clerk of the Court
>>   United States District Court
>>    for the Eastern District of Michigan
>>   231 W. Lafayette Blvd., Fifth Floor
>>   Detroit, MI  48226
>
>   To Lead Counsel:
>
>>   Lynn Lincoln Sarko, Esq.
>>   Gary A. Gotto, Esq.
>>   Keller Rohrback LLP
>>   1201 Third Avenue, Suite 3200
>>   Seattle, WA  98101-3052
>>   Fax:  206-623-3384

To counsel for certain of the Settling Defendants:

> Brian H. Polovoy, Esq.
> Shearman & Sterling LLP
> 599 Lexington Avenue
> New York, New York 10022-6069
> Fax: 646-848-4703

The Objector and his, her or its counsel (if any) must both effect service of the objection on counsel listed above and file it with the Court so as to be received by no later than fourteen (14) calendar days before the date of the Fairness Hearing. If an Objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) calendar days before the date of the Fairness Hearing. Filing and service may be effected on the Court and counsel by mail, provided facsimile service is made on counsel listed above by no later than fourteen (14) calendar days before the date of the Fairness Hearing. Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

8.  **Appearance at Fairness Hearing:** Any Objector who files and serves a timely, written objection in accordance with paragraph 7 above may appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must

effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the Objector (and, if applicable, the name, address and telephone number of the Objector's attorney) on counsel listed above and file it with the Court by no later than fourteen (14) days before the date of the Fairness Hearing. Filing and service may be effected on the Court and counsel by mail, provided facsimile service is made on counsel listed above by no later than fourteen (14) calendar days before the date of the Fairness Hearing. Any Objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

9. **Notice Expenses:** Reasonable expenses up to $150,000 incurred by the Escrow Agent in implementing the provisions of paragraph 6 above pertaining to providing notice of the Settlement, as well as Taxes as provided for in the Settlement Stipulation, shall be paid solely from the Gross Settlement Fund (including by reimbursement to the Escrow Agent from the Gross Settlement Fund upon notice to Settling Defendants' counsel) pursuant to direction by Lead Counsel, without further order of this Court.

10. **Service of Papers:** Settling Defendants' counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

11. **Termination of Settlement:** This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered

this Order (pursuant to the provisions of paragraph 20 of the Settlement Stipulation), if the Settlement is terminated or does not reach the Effective Date under the terms of the Settlement Stipulation. In such event, paragraph 20 of the Settlement Stipulation shall govern the rights of the settling parties.

12. **Use of Order:** Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against any of the Settling Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Class that their claims lack merit or that the relief requested in the Delphi ERISA Action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

SO ORDERED this __5th__ day of September, 2007.

__s/Gerald E. Rosen_____
Hon. Gerald E. Rosen
United States District Judge