**LATHAM & WATKINS LLP**

885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
         mitchell.seider@lw.com
         mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**EIGHTH SUPPLEMENTAL AFFIDAVIT OF ROBERT J. ROSENBERG REGARDING THE RETENTION OF LATHAM & WATKINS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK          )

                                               )          ss.:

COUNTY OF NEW YORK    )

ROBERT J. ROSENBERG, being duly sworn, deposes and says:

1.          I am a partner in the firm of Latham & Watkins LLP ("Latham & Watkins"), which maintains offices at 885 Third Avenue, Suite 1000, New York, New York 10022, and elsewhere. I am familiar with the matters set forth herein and submit this Eighth Supplemental Affidavit regarding the retention of Latham & Watkins as counsel to the official committee of unsecured creditors (the "Committee") appointed in the above-captioned cases.

NY\1328117.3

## BACKGROUND

2.      On October 8, 2005, thirty-nine of the above-captioned debtors filed with this

Court voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as

amended.  On October 14, 2005, the remaining three debtors similarly filed voluntary petitions.

3.      On October 17, 2005, the Committee was appointed.

4.      On November 17, 2005, the Committee filed the Application of the Official

Committee of Unsecured Creditors For Order Authorizing and Approving the Employment and

Retention of Latham & Watkins LLP as Counsel, *Nunc Pro Tunc* to October 17, 2005 (the

"Retention Application").

5.      On November 30, 2005, this Court entered its Interim Order Authorizing

Employment and Retention of Latham & Watkins as counsel for the Official Committee of

Unsecured Creditors (the "Interim Order").

6.      On January 6, 2006, this Court entered an order (the "Final Order") approving

Latham & Watkins' retention on a final basis.

7.      On January 18, 2006, Latham & Watkins filed the First Supplemental Affidavit of

Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the

Official Committee of Unsecured Creditors.

8.      On January 23, 2006, Latham & Watkins filed the Second Supplemental Affidavit

of Robert J. Rosenberg in Support of the Retention of Latham & Watkins LLP as Counsel to the

Official Committee of Unsecured Creditors.

9.      On June 15, 2006, Latham & Watkins filed the Third Supplemental Affidavit of

Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the

Official Committee of Unsecured Creditors.

10. On September 26, 2006, Latham & Watkins filed the Fourth Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors.

11. On January 24, 2007, Latham & Watkins filed the Fifth Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors.

12. On March 27, 2007, Latham & Watkins filed the Sixth Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors.

13. On June 26, 2007, Latham & Watkins filed the Seventh Supplemental Affidavit of Robert J. Rosenberg Regarding the Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors.

14. I am filing this Eighth Supplemental Affidavit (the "Eighth Supplemental Affidavit") to disclose certain facts relevant to Latham & Watkins' retention which have come to my attention since the filing of the Seventh Supplemental Affidavit.

## SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN ATTORNEYS OF LATHAM & WATKINS LLP

15. Latham & Watkins has recently hired an attorney (the "First Attorney") who performed a small amount of work on behalf of Delphi Corporation in these cases while employed as a summer law clerk at a different law firm. While working at Groom Law Group in Washington, D.C. prior to graduating from law school, the First Attorney spent 1.5 hours performing legal research on behalf of Delphi. Consequently, before the First Attorney begins to work at Latham & Watkins, Latham & Watkins will establish an ethical wall that screens the First Attorney from any participation in Latham & Watkins' representation of the Committee. The ethical wall will prohibit the First Attorney from discussing any aspect of the Debtors' cases

with the group of attorneys and personnel providing services to the Committee (the "Committee

Staff"), and will deny the First Attorney access to any related files or materials.

16.        Latham & Watkins is also hiring an attorney (the "Second Attorney") who

previously performed some administrative work for Delphi Corporation while employed as a

document clerk at Williams & Connolly, LLP.  Consequently, prior to the Second Attorney

beginning work at Latham & Watkins, Latham & Watkins will establish an ethical wall that

screens the Second Attorney from any participation in Latham & Watkins' representation of the

Committee.  The ethical wall will prohibit the Second Attorney from discussing any aspect of the

Debtors' cases with the Committee Staff, and will deny the Second Attorney access to any

related files or materials.

## SUPPLEMENTAL DISCLOSURES IN RELATION TO CERTAIN OF LATHAM & WATKINS LLP'S CLIENTS

17.        Upon information and belief, GMAC Commercial Finance LLC is a general

unsecured creditor in these cases.  It also is a subsidiary of GMAC Financial Services

("GMAC").  GMAC is owned in part by General Motors Corporation ("GM") and Cerberus

Capital Management LP, both prepetition creditors of the Debtors.  Recently, Latham & Watkins

was retained to represent GMAC Commercial Finance LLC and certain of its affiliates ("GMAC

Finance") in matters that are wholly unrelated to the Debtors and these cases.  As part of the

Retention Application, Latham & Watkins disclosed that it has in the past represented and

continues to represent GMAC Commercial Credit LLC and certain of its financing related

affiliates ("GMAC Credit"), in various matters unrelated to these cases.  Upon information and

belief, GMAC Credit also is a subsidiary of GMAC Financial Services.  All of Latham &

Watkins' work for GMAC Finance and GMAC Credit (together, the "GMAC Financing

Entities") is completely unrelated to the Debtors and these cases.  Moreover, Latham & Watkins'

annual billings for services on behalf of GMAC Financing Entities amounted to less than 0.1%

4

of its total billings for all clients in both 2005 and 2006.  This is anticipated to be true in 2007 as well.  Thus, relationships between Latham & Watkins and GMAC Financing Entities have no effect on the firm's ability to represent the Committee in these cases.

18.    Upon information and belief, Analog Devices, Inc. ("Analog") or its affiliates are suppliers and prepetition creditors of the Debtors.  As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented Analog and its affiliates in matters wholly unrelated to the Debtors and these cases.  Since that time, Latham & Watkins has been retained to represent Analog and its affiliates in certain new matters wholly unrelated to the Debtors and these cases.

19.    NXP Semiconductors USC, Inc. ("NXP") is a claim transferee in these cases. Upon information and belief, NXP is a former affiliate of Philips Semiconductors ("Philips"), which upon information and belief is a supplier and prepetition creditor of the Debtors.  As part of the Retention Application, Latham & Watkins disclosed that it has in the past represented and continues to represent Philips and its affiliates in matters wholly unrelated to the Debtors and these cases.  Upon information and belief, Philips divested NXP after Latham & Watkins filed the Retention Application.  Since that time, Latham & Watkins was retained to represent NXP and its affiliates in certain new matters wholly unrelated to the Debtors and these cases.

20.    Upon information and belief, Katzkin Leather, Inc. ("Katzkin") or its affiliates are prepetition creditors of the Debtors.  Katzkin and its affiliates are past and present clients of Latham & Watkins in matters wholly unrelated to the Debtors and these cases.

21.    Upon information and belief, Russell Reynolds Associates ("Russell Reynolds") and its affiliates are prepetition creditors of the Debtors.  Latham & Watkins was recently retained to represent Russell Reynolds and its affiliates in matters wholly unrelated to the Debtors and these cases.

NY\1328117.3

22.     Upon information and belief, Stout Risius Ross Inc. ("SRS") or its affiliates are prepetition creditors of the debtors.  Latham & Watkins was recently retained to represent SRS and its affiliates in matters wholly unrelated to the Debtors and these cases.

## CONCLUSION

23.     Latham & Watkins' services in connection with each of the matters disclosed above accounted for less than 1% of Latham & Watkins' annual revenues for the 2006 fiscal year, and it is anticipated that they will account for less than 1% of Latham & Watkins' annual revenues in the future.  Thus, I believe that none of Latham & Watkins' representations in connection with the matters disclosed above constitutes a material component of Latham & Watkins' practice.

24.     Given the facts and circumstances set forth above, Latham & Watkins believes that it represents no interests materially adverse to the Debtors' individual creditors or the Committee with respect to these cases and, therefore, remains eligible to continue serving as counsel to the Committee.

EXECUTED this 29th day of October, 2007 at New York, New York

/s/ Robert J. Rosenberg
Robert J. Rosenberg

Sworn to before me this
29th day of October, 2007

/s/ Barbara A. Gombert
Barbara A. Gombert
Notary Public, State of New York
No. 52-6551110
Qualified in Suffolk County
Commission Expires 10/31/10

NY\1328117.3