UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

MATEO Z. FOWLER, being duly sworn, deposes and states as follows:

1.      I am an attorney admitted to practice before the courts of California.  I am an attorney with the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"), which maintains offices at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.  Quinn Emanuel maintains other offices in New York, San Francisco and Silicon Valley.

2.      Neither Quinn Emanuel, nor any partner, auditor or other member thereof as I have been able to ascertain, has any connection with the above captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

3.      Quinn Emanuel was retained as Special Litigation Counsel on March 10, 2006 to represent Debtors in connection with the following litigation matters: (a) Whitney v. Delphi Corporation; (b) Patent Holding Company v. Delphi Automotive Services Corporation; (c) Quinn v. Delphi Automotive Services Corporation; (d) Crown City Plating Co. v. Delphi Corporation; (e) Quake Global Inc. v. Orbcomm, LLC, et al.; and (f) Fiber Systems, Inc. v. Ernie Gonzales.  Based on the services that Quinn Emanuel has rendered to the Debtors, Quinn

Emanuel is thoroughly familiar with the Debtors' corporate structure, the nature of their financial

status, and certain legal matters relating to the Debtors.

4.      Since the time Quinn Emanuel was retained as Special Litigation Counsel,

Quinn v. Delphi Automotive Services Corporation has been dismissed, and Crown City Plating

Co. v. Delphi Corporation, has been closed.

5.      Generally in connection with the Debtors' active cases, Quinn Emanuel

intends to provide to the Debtors the following type of professional services:

a.      Whitney v. Delphi Corporation, Case No. BC337315

Plaintiff sued Delphi Corp. and Delphi Product and Service Solutions, Inc. in Los

Angeles Superior Court for Age Discrimination, Wrongful Termination in Violation of Public

Policy, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional

Distress.  Plaintiff alleges both disparate treatment and disparate impact age discrimination.

Plaintiff alleges he was wrongfully terminated in June 2003 and was told he he was being

terminated because he did not have the "fit and finish" for the new team.  Plaintiff also alleges

that Delphi engaged in a pattern and practice of systematically reducing the average age of its

workforce by terminating the employment of and/or otherwise pressuring older workers to cease

working for Delphi by hiring younger workers.  Delphi denies Plaintiff's allegations and will

defend vigorously the claims against it.

b.      Patent Holding Company v. Delphi Automotive Systems Corporation,

Civil Action No. 99-76013, E.D. Mich.

Plaintiff sued Delphi, alleging infringement of three patents directed to various aspects of

air bag cover design, and is seeking compensatory damage and an injunction.  Plaintiff further

alleges willful infringement and seeks treble damages based on their allegations.  Delphi denies

plaintiff's infringement allegations and has asserted counterclaims in which it seeks a declaratory

judgment that the patents-in-suit are not infringed and are invalid. Delphi denies Plaintiff's allegations and will defend vigorously the claims against it.

        c.      Quake Global Inc. v. Orbcomm, LLC, et al., Case No. CV 051410 (C.D. Cal. Feb. 24, 2005)

Quinn Emanuel is currently representing Delphi in this matter in which Plaintiff alleges that Delphi and other defendants violated federal antitrust laws. Specifically, Plaintiff alleges that Delphi's agreement to manufacture satellite modems for Stellar Satellite Communications, Ltd., constitutes a "de facto exclusive dealing" arrangement in violation of the Sherman Act. Delphi denies the allegations and intends to defend vigorously the claims against it.

        d.      Fiber Systems, Inc. v. Ernie Gonzalez, Case No.: 4:04CV348 (United States District Court for the Eastern District of Texas, Sherman Division)

Quinn Emanuel is currently representing Delphi Corporation in connection with a subpoena duces tecum served on it. Defendant Gonzalez is an employee of Delphi Connection Systems. He had been employed in a sales related job at Fiber Systems, Inc. (FSI), plaintiff, and a competitor of Delphi Connection Systems. FSI has accused Mr. Gonzalez of misappropriating confidential/trade secret information from it when he left. They have further alleged that this information has helped Delphi Connection Systems win certain contracts over FSI. Delphi Connection Systems has not been sued in this matter. Delphi Connection Systems appeared only as a third-party.

        6.      The Debtors have requested, and Quinn Emanuel has agreed, to continue to represent and advise the Debtors pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the Bankruptcy Code), with respect to said matters.

7.      Quinn Emanuel's current fee agreement is to bill for legal services at its hourly rates reserved for long term clients and reimburse its expenses according to Quinn Emanuel's customary reimbursement policies.

8.      Except as set forth herein, no promises have been received by Quinn Emanuel or any partner, auditor, or other member thereof as to compensation in connection with these Chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

9.      Quinn Emanuel has no agreement with any entity to share with such entity any compensation received by Quinn Emanuel.

10.      Quinn Emanuel and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending Chapter 11 cases. Quinn Emanuel does not and will not represent any such entity in connection with these pending Chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors in their estates.

11.      Neither I, Quinn Emanuel, nor any attorney or partner, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which Quinn Emanuel is to be engaged.

12.    The foregoing constitutes the statement of Quinn Emanuel pursuant to

sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).  I declare

under penalty of perjury under the laws of the United States of America that the foregoing is true

and correct to the best of my knowledge, information, belief.


Dated: Los Angeles, California

October 29, 2007

FURTHER AFFIANT SAYETH NOT


Mateo Z. Fowler, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP


Sworn to before me
this 29th day of October, 2007


Notary Public

LORRAINE ROBLES RIVERA
Commission # 1491869
Notary Public - California
Los Angeles County
My Comm. Expires May 25, 2008