**Hearing Date And Time:  November 8, 2007 at 10:00 am**
**"Potential Objectors'" Objection Deadline:  November 2, 2007 at 4:00 pm**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF POTENTIAL AMENDMENTS TO DEBTORS' DISCLOSURE STATEMENT WITH
RESPECT TO JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND
CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION AND
<u>CERTAIN APPENDICES AND EXHIBITS RELATED THERETO</u>

("POTENTIAL DISCLOSURE STATEMENT AMENDMENTS NOTICE")

1.  On March 31, 2006, Delphi Corporation and its affiliated debtors-in-possession and global non-debtor affiliates outlined the key tenets of a transformation plan that the Company believes would enable Delphi to return to stable, profitable business operations on a consolidated basis.  The Debtors believe that the majority of goals outlined in the March, 2006 transformation plan have been completed, and that the benefits to be obtained by the Debtors in their chapter 11 reorganization have been largely realized.  Consequently, the Debtors believe that the macroeconomic and automotive-centric "deal risks" that potentially face the Debtors in continuing in their chapter 11 cases on a voluntary basis for an extended period of time, when combined with the liquidity requirements of the Debtors' now-implemented five year business plan, make a prompt emergence from chapter 11 during the first quarter of 2008 the most prudent and value maximizing course of action for Delphi and its stakeholders.

2.  Since the Debtors filed the Plan on September 6, 2007, the availability of the financing terms assumed in the Plan have not been realized (which has resulted in the Debtors pursuing a modified exit financing strategy that will result in less cash available for use as "currency" in the Plan.  In addition, the 2008 business plan has been revised to reflect reduced volume production forecasts for General Motors North America and to account for the revised capital structure developed consensually with the Creditors' Committee, Plan Investors and GM and which is necessary to obtain their support.  As a result, Delphi undertook discussions with several of its constituencies following the filing of the Plan and Disclosure Statement during September and October, 2007.  These discussions led to the Potential Amendments that are the subject of this notice filing.

3.  Except for a junior claims class and an interests class, the proposed changes in Plan treatment are largely based on the change in Plan currency.  These changes,

2

which do not generally affect the amount of recoveries for the various stakeholders (except several of the most junior classes) are a result of the Debtors' need to preserve and maximize business enterprise value by consummating the Plan, the settlements embodied in the Plan, and the ability of the Plan Investors to make contributions to the Debtors' reorganization.  Each of the Debtors' stakeholders places a different value on the settlements embodied in the Plan, but the Debtors believe that a prompt consummation of the Plan is in the best interests of the Debtors, the estates, and their stakeholders.  When evaluated in reasonable context, the Debtors believe that the Potential Amendments constitute a rational solution set for the challenges confronting the Debtors and result in the least disruption to value and value allocation that an be achieved on a consensual basis with creditors, settling parties, and plan investors.

Procedural Background

4.     On September 6, 2007, Delphi Corporation ("Delphi" or the "Company") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), filed their Motion For Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures, dated September 6, 2007 (Docket No. 9266) (the "Solicitation Procedures Motion").  On the same date, the Debtors also filed the Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, dated September 6, 2007 (Docket No. 9263) (the "Plan"), and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

3

And Debtors-In-Possession (Docket No. 9264), dated September 6, 2007 (the "Disclosure Statement"). The hearing to consider the Solicitation Procedures Motion and the adequacy of the Debtors' Disclosure Statement was scheduled for October 3, 2007, with an objection deadline of September 28, 2007.

5. The hearing on the Solicitation Procedures Motion commenced on October 3, 2007. At the hearing, several potential objectors were granted additional time to evaluate the Solicitation Procedures Motion and the Disclosure Statement.[1] The Debtors also advised the Court that certain amendments to the Plan and Disclosure Statement were being considered by the Debtors in connection with exit financing and key stakeholder discussions (the "Potential Amendments"). Several objections to the adequacy of the Disclosure Statement were resolved or overruled at the October 3, 2007 hearing, and the hearing was continued to October 25, 2007.[2]

6. After the hearing on October 3, discussions continued between the Debtors, their stakeholders (including the Creditors' Committee and the Equity Committee), the Plan Investors, and GM. As noted above, the discussions among the stakeholders were necessitated by, among other things, a severe shift in the capital markets that forced the Debtors to review their proposed emergence capital structure. These discussion continued for several weeks in October, which led the Debtors to request a continuance of the second day of the hearing on the Solicitation Procedures Motion and the adequacy of the Disclosure Statement to

---

[1] The remaining Objectors are the Creditors' Committee, the Equity Committee, A-D Acquisition Holdings, LLC (an affiliate of Appaloosa Management L.P.) as lead plan investor under the Plan, GM, the Ad Hoc Committee of Trade Creditors, Wilmington Trust Company as indenture trustee, and a group of bondholders represented by common counsel consisting of DK Acquisition Co., Silverpoint Capital, Sandell Management Co., Elliott Management Company, and CR Intrinsic as well as the Lead Plaintiffs (but only to the extent of matters raised in the Lead Plaintiffs' Response or any Potential Amendments) (collectively, the "Potential Objectors")

[2] See Order (A) Disposing Of Certain Objections To Debtors' Disclosure Statement And Solicitation Procedures Motion and (B) Setting Further Non-Omnibus Hearing Date And Related Procedures, dated October 9, 2007 (Docket No. 9266).

November 8, 2007.  The Debtors advised the Court that the intervening time would be used by the Debtors to continue discussions with certain of the Potential Objectors regarding the Potential Amendments, as well as to provide additional time for the Potential Objectors to receive and evaluate the Potential Amendments, and for the Debtors to prepare and potentially file motions to approve amendments to the Debtors' Investment Agreement with the Plan Investors (the "Amended Investment Agreement Approval Motion") and to approve exit financing arrangements (the "Exit Financing Approval Motion").

        7.        On October 19, the Court entered the Supplemental Order (A) Establishing Revised Hearing Date And Related Procedures On Disclosure Statement And Solicitation Procedures Motion And (B) Setting Hearing Date And Related Procedures For Potential Motions Amending Investment Agreements And Approving Certain Exit Financing Agreements (Docket No. 10662) (the "Supplemental Scheduling Order").  Under the terms of the Supplemental Scheduling Order, the Debtors were required to use commercially reasonable efforts to file a notice of the proposed changes to the Plan and Disclosure Statement, as well as certain appendices and exhibits.  In compliance with the Supplemental Scheduling Order, attached hereto are <u>Exhibit A</u> containing blacklined changed pages to the Disclosure Statement, <u>Exhibit B</u> containing blacklined changed pages to the Plan (Appendix A to the Disclosure Statement), <u>Exhibit C</u> containing blacklined changed pages to Historical Financial Results (Appendix B-2 to the Disclosure Statement); <u>Exhibit D</u> containing blacklined changed pages to the Financial Projections (Appendix C to the Disclosure Statement), <u>Exhibit E</u> containing blacklined changed pages to the Valuation Analysis (Appendix D to the Disclosure Statement), <u>Exhibit F</u> containing blacklined changed pages to Liquidation Analysis (Appendix E to the Disclosure Statement), <u>Exhibit G</u> containing the Management Compensation Plan to be included

in Plan Exhibit 7.8, <u>Exhibit H</u> containing the amendment to the Investment Agreement to be included in Plan Exhibit 7.11, <u>Exhibit I</u> containing blacklined changed pages to the list of executory contracts to be rejected and to be included in Plan Exhibit 8.1(a), <u>Exhibit J</u> containing the amendment to the Delphi-GM Global Settlement Agreement to be included in Plan Exhibit 7.20(a), and <u>Exhibit K</u> containing the amendment to the Delphi-GM Master Restructuring Agreement to be included in Plan Exhibit 7.20(b).

Notice Of Potential Amendments

8.     Notice of the Proposed Changes will be provided in accordance with the Supplement Scheduling Order. In light of the nature of the Potential Amendments when reasonably evaluated in the context of the entirety of the materials filed as part of the September 6, 2007 filing of the Disclosure Statement and Plan, the Debtors submit that no other or further notice is necessary or required.

Dated:    New York, New York
          October 29, 2007

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      George N. Panagakis (GP 0770)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession