UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
          In re                 :        Chapter 11

DELPHI CORPORATION, et al.   :        Case No. 05-44481 (RDD)

                 Debtors.   :        (Jointly Administered)
----------------------------------X

### AFFDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF ILLINOIS    )
                              ) ss:
COUNTY OF COOK     )

       Charles W. Shifley, being duly sworn, deposes and says:

1.    I am a principal of Banner & Witcoff, Ltd. ("Banner") which firm maintains offices at 10 South Wacker Drive, Chicago, Illinois 60606.

2.    Neither I, "Banner," nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

3.    "Banner" has represented and advised the Debtors with respect to aspects of the Debtors' businesses as described in the attached Affidavit of Charles W. Shifley in Support of Application for Order Under 11 U.S.C. § 327(e) and 1107(b) and Fed R. Bankr. P. 2014 Authorizing Employment and Retention of Banner & Witcoff, Ltd. as Intellectual Property Counsel to Debtors ("Affidavit").

4.    The Debtors have requested, and "Banner" has agreed, to continue to represent and advise the Debtors pursuant to Section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), with respect to such matters. Additionally, the Debtors have requested, and "Banner" proposes, to render the following services to the Debtors:

       Counseling and litigation representation services on such patent infringement issues as may arise in the ordinary course of Debtors' business as described in the attached "Affidavit."

5. "Banner's" current fee arrangement is as described in the attached engagement letters between the Debtors and "Banner," dated October 7, 2004 and November 19, 2004.

6. Except as set forth herein, no promises have been received by "Banner" or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7. "Banner" has no agreement with any entity to share with such entity an compensation received by "Banner."

8. "Banner" and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending Chapter 11 cases. "Banner" does not and will not represent any such entity in connection with these pending Chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors and their estates.

9. Neither I, "Banner" nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which "Banner" is to be engaged.

10. The foregoing constitutes the statement of "Banner" pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

*[signature]*
Charles W. Shifley

Subscribed and sworn before me
this ___ day of October, 2007
*[signature]*
Notary Public

"OFFICIAL SEAL"
TRACY K. WEBBER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7/9/2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| Debtors. | : (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF CHARLES W. SHIFLEY IN SUPPORT OF APPLICATION FOR ORDER
UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
AS AN INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

STATE OF ILLINOIS

COUNTY OF COOK

CHARLES W. SHIFLEY, being duly sworn, deposes and states as follows:

1. I am a shareholder and Vice President of the law firm of Banner & Witcoff, Ltd. ("Banner"), proposed intellectual property counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). I am licensed to practice law principally in the State of Illinois. I am also licensed by the United States Patent and Trademark Office. I have nearly thirty years of successful experience in intellectual property matters, including patent litigation and counseling matters.

2. I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed R. Bankr. P. 2014 Authorizing

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

Employment And Retention Of Banner & Witcoff, Ltd. As Intellectual Property Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

3. The name, business address, and telephone number of Banner & Witcoff, Ltd. are as follows:

> Banner & Witcoff, Ltd.
> 10 South Wacker Drive
> Chicago, Illinois 60606
> 312.463.5000

4. Banner is well qualified to assist the Debtors in the manner described in the Application. Banner is a nationally well-known and respected intellectual property law firm almost all of whose lawyers are experienced, registered patent lawyers with technical degrees. Banner has successfully represented Delphi and its predecessor, General Motors Corporation, in many patent infringement cases. Banner has also represented Delphi and its predecessor, General Motors Corporation, in other patent infringement counseling. Banner enjoys extensive experience in intellectual property law and cases in the Debtors' industry, including currently pending patent infringement cases against Debtors. Consequently, Banner can economically, successfully, and uniquely represent the Debtors in cases currently pending and similar intellectual property matters. Accordingly, the Debtors believe that Banner is well qualified to serve as an intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

5. Also, Banner has advised the Debtors regarding other intellectual property matters. Based on the services that Banner has rendered to the Debtors, Banner is thoroughly familiar with certain intellectual property matters relating to the Debtors.

6. Generally, in connection with the Debtors' cases, Banner intends to provide to the Debtors with the following types of professional services:

2

(a) representation, both currently and if any appeal were to follow, in <u>Automotive Technologies International, Inc. v. BMW North America, Inc., et al.</u>, Appeal No. 06-1013 (Federal Circuit September 29, 2005) and its underlying case, Civil Action No. 01-71700 (April 30, 2001);

(b) representation in <u>Automotive Technologies International, Inc. v. Delphi Automotive Systems Corporation, et al.</u>, Civil Action No. 04-72035 (E.D.Mich. April 30, 2005), a patent infringement case that was stayed during the above-identified appeal;

(c) preparation of legal opinions involving Debtors' claims relating to the Debtors' products and patents, as well as claims made by competitors;

(d) representation of the Debtors for a broad scope of intellectual property law services.

7. In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors, Banner will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Banner's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Banner's existing clients. These existing client relationships, and the scope of the carve-out from Banner's retention, are discussed more fully below.

3

8. It is Banner's understanding that the Debtors may request that Banner undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Banner agree in its discretion to undertake any such matter, it is Banner's understanding that the Debtors will seek further order of this Court.

9. Banner is making efforts, together with the Debtors' other counsel to ensure that there is no duplication of effort or work between such firms and Banner. It is Banner's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Banner believes that its lawyers and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10. Banner has in the past been employed and retained pursuant to certain engagement letters between the Debtors and Banner, dated October 7, 2004 and November 19, 2004 (together, the "Engagement Letters"), and pursuant to additional terms: The additional terms are that Banner agreed that its discounted hourly rates would remain in effect through the remainder of the cases that are subject to the Engagement Letters, the rates being subject to renegotiation three years after the Engagement Letters if the cases remained pending then. Banner also agreed to represent the Debtors in preparing legal opinions and other matters at standard hourly rates or for pre-agreed total charges.

11. Banner agrees to accept as compensation for the services rendered in connection with its representation of the Debtors compensation on the terms set forth in the Engagement Letters and the additional terms identified above.

4

12. Banner acknowledges that all amounts paid to Banner during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees or expenses paid to Banner during these cases are disallowed by this Court, the fees and expenses will be disgorged by Banner and returned to the Debtors or as otherwise ordered by this Court.

13. Banner categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Banner acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

14. Banner has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. Banner maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. I caused Banner to review and analyze the conflict database to determine whether Banner has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Banner by the Debtors and Skadden, Arps and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

15. Based upon this research, I have determined that Banner has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. Banner has represented, currently represents, and will likely in the future represent, such creditors and other parties-in-interest, and their related entities, in such matters, including:

5

General Motors Corporation ("GM"), where Banner has been directed to do so by Delphi as a matter of assisting Delphi in meeting contractual indemnity obligations to GM, with the consent of both companies; Dura Automotive Systems, Inc.; Illinois Tool Works, Inc.; Cargill, Inc.; Allstate Insurance; AT&T, Nokia Corporation; John Hopkins University; Harley Davidson Motor Company; Circuit City Stores, Inc.; Microsoft Corporation; and Technitrol, Inc. I do not believe that the foregoing raises any actual or potential conflicts of interest of Banner relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

16. It is my intention that if Banner becomes aware of any other connections of which it presently is unaware, Banner will bring them to the attention of this Court and the U.S. Trustee.

_____
Charles W. Shifley

Sworn to before me
this 6th day of ~~November~~ December, 2005

_____
Notary Public

"OFFICIAL SEAL"
KATHY G. KESSLING
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/8/2009

6

EXHIBIT E

# DELPHI

Telephone:  (248) 813-3389
Facsimile:  (248) 813-1122

*Via E-Mail*

October 7, 2004

Mr. Charles Shifley
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, IL 60606

Re:    *ATI Patent Litigation*

Dear Charles:

This confirms that Delphi Corporation has retained Banner & Witcoff to represent Delphi in the following patent infringement cases:

1)   *Automotive Technologies International v. BMW of North America, et al.*
     Case No. 01-CV-71700 (E.D. of MI), Delphi Matter No. 2001-000762 (ATI I); and

2)   *Automotive Technologies International v. Delphi, et al.*
     Case No. 04-60083 (E.D. of MI), Delphi Matter No. 2004-000564 (ATI II)

Except as provided herein, this engagement letter supercedes the previous engagement letter dated August 28, 2002, between Delphi and Banner & Witcoff for the ATI I matter.

I will be responsible for managing these matters and will be your direct contact at Delphi. Please include the Delphi file numbers shown above in all correspondence and invoices with this office. To the extent possible, we request that you bill activities on these matters separately. In situations where the time spent on activities for these matters cannot be conveniently distinguished, please bill commingled time to the ATI I matter. In the event that one or more of these actions become consolidated, we will inform you as to the Delphi matter number under which you should subsequently bill your time.

We have approved a four-person Banner & Witcoff attorney team to work on these matters. Banner & Witcoff has agreed to discount its regular hourly professional rates on these matters as listed below:

Charles Shifley, Esq.
October 7, 2004
Page 2 of 3

| PROFESSIONAL | REGULAR HOURLY RATE | DISCOUNTED RATE |
|---|---|---|
| Charles Shifley | $455 | $435 |
| Binal Patel | $335 | $320 |
| Matt Becker | $310 | $295 |
| Ted Field | $220 | $215 |

Additionally, you agree that the discounted hourly rates will remain in effect through the remainder of these cases. Others from your firm may be necessary to assist us on this litigation, but you have agreed to obtain our written permission before engaging them. No fees will be paid for work performed by others before you have obtained our written permission.

Banner & Witcoff agrees to pay one hundred percent (100%) of the transportation expenses for travel to Detroit incurred by Banner & Witcoff team members on these matters. Additionally, Banner & Witcoff agrees to continue the practice of not billing Delphi for travel time on these matters.

You agree to continue to accrue a 5% credit on all professional billings for the ATI I matter as originally agreed in the engagement letter dated August 28, 2002.

You also agree to accrue a credit to Delphi in the amount of five percent (5%) of your professional billings on the ATI I matter to be used as payment by Delphi for services on any future matter, when and if we retain your firm. This credit shall accrue from the first dollar of ATI II fee billings but shall not vest until fee billings for the ATI II matter exceed $1,000,000. Separate billing of these matters is essential for correct calculations of our credit. It is our intention to process your monthly billing statements promptly, but at times it may take forty-five days or more to process your bill once it has been received.

We expect that the Delphi team assigned to this case will be fully engaged. The Delphi team will manage the document collection, coding and preparation of document chronologies. We also plan to fully participate in discovery, motions, and strategies necessary to successfully defend and prosecute these actions. We wish to do everything we are able to do on these litigations in-house. To help us achieve this, we ask that before your team undertakes an activity, you first review it with us to see if we have the resources available. Please call Joe Papelian or me at any time if you believe we are not able to supply the support needed to successfully litigate these matters

We expect that your hourly billable rates include all overhead and internal charges associated with your practice. A copy of our recently revised billing instructions and limitations is attached and incorporated into this engagement agreement by this reference. Any questions about billing procedures should be addressed to Michele Piscitelli, who can be reached at 248-813-2511.

Charles Shifley, Esq.
October 7, 2004
Page 3 of 3

As you know, we view the relationship between our companies as a "partnership" in which we both work together and communicate well with each other, to serve the best interests of Delphi. Your dedicated work and willingness to provide creative fee arrangements that recognize the financial pressures of the automotive supplier industry has placed Banner & Witcoff on a select counsel list for Delphi's litigation matters.

We request that you endorse this engagement agreement below and return an executed copy for our records.

Please call if you have any questions.

Sincerely,

William Cosnowski, Jr., Esq.
Delphi Legal Staff

WC/cmp
Enclosure


Accepted this ___ day of _____, 2004.


By: _____
     Charles Shifley, Esq.
     BANNER & WITCOFF, LTD.

EXHIBIT F



BANNER & WITCOFF, LTD.
INTELLECTUAL PROPERTY LAW

TEN SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-7407

TEL: 312.463.5000
FAX: 312.463.5001
www.bannerwitcoff.com

**Charles W. Shifley**
Direct Dial: (312) 463-5441
cshifley@bannerwitcoff.com

November 19, 2004

William Cosnowski, Jr., Esq.
Delphi World Headquarters - Legal Staff
Delphi Automotive Systems
5825 Delphi Drive
Troy, MI 48098-2815

Dear Will:

    We have a few more changes for our engagement together in the ATI cases. Our principal issue is the term of engagement concerning fixing rates for the life of the engagement. We are cautious about the open-endedness of such a term. As an example, I have a case now that has lasted eleven years in district court, and has started into its second appeal. It has potential for several more years of proceedings.

    Our primary intent is to maintain and strengthen our relationship. The discounts that are present in the lawyer hourly rates stated in your letter of October 7th are approximately 4% of standard rates. We expect to increase rates in February such that the discount for 2005 will conceivably increase to 8%. In addition, we are agreeing to the 5% credit and transportation terms.

    Generally, we are against our rates being fixed. By the terms of your letter, Delphi is gaining significant advantage in receiving the 5% credit, especially with Delphi and the firm agreeing to the 5% being applied from $1. Consistent with our primary intent but also our opposition to rate fixing, especially rate fixing for an indefinite and potentially long time, we can accept the hourly rates as stated in your letter, if fixed until the end of 2005, with rates thereafter being our standard rates. We also propose that the ATI II credit apply to the future litigation from when time billing for the future litigation starts.

    We also suggest clarifying that the 5% credit currently accruing and continuing to accrue on ATI I will be for future patent application, patent opinion and other patent-related transactional representation. We also propose that the ATI II credit apply to the fees that accrue on a future litigation, applicable when that future litigation begins.

    We also ask that Delphi provide us some flexibility in the attorneys who may represent Delphi in the two cases, by engaging with us in introducing Delphi to more attorneys than on the current list of approved attorneys, especially to possibly include some of our attorneys in our Washington, D.C. office.

CHICAGO
WASHINGTON, D.C.
BOSTON
PORTLAND, OR.

William Cosnowski, Jr., Esq.
Delphi World Headquarters - Legal Staff
November 19, 2004
Page 2

      If you can accept these few modifications of the terms proposed in your letter of October 7, 2004, we have an agreement for engagement. I have held our billing for time back to September 1, 2004. I will now bill it at the agreed rates.

                                  Very truly yours,

                                  Charles W. Shifley

CWS/sls

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL, to be served upon the following attorneys by Courier:

Office of the United States Trustee
For the Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Attn: Alicia M. Leonhard, Esq.

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: Joseph Papelian, Esq.

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: John D. Sheehan

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr., Esq.

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: David M. Sherbin, Esq.

GE Plastics, Americas
9930 Kincey Avenue
Huntersville, NC 28078
Attn: Valeria Venable

Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Attn: Janine M. Jjingo, Esq.

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4802
Attn: Robert J. Rosenberg, Esq.

And by e-mail notice of the filing (including all exhibits) of and the hearing on this application to the parties listed on the 2002 List located at www.delphidocket.com as of the date hereof:

Date: October 31, 2007        By: *[signature]*
                                  Charles W. Shifley

1