ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.*
*and Furukawa Electric North America APD, Inc.*

Hearing Date: December 20, 2007 10:00 a.m.
Response Deadline: December 13, 2007

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :
In re: **DELPHI CORPORATION**, *et. al.*,                  :    **Chapter 11**
                                                           :
                            **Debtors.**                   :    **Case No. 05-44481 (RDD)**
                                                           :    **Jointly Administered**
-----------------------------------------------------------x
**DELPHI CORPORATION**, *et. al.*,                         :
                                                           :
                            **Debtors**                    :
                                                           :    **Adv. Pro. No. _____**
                                                           :
**v.**                                                     :
                                                           :
**FURUKAWA ELECTRIC COMPANY, LTD.,**                       :
**FURUKAWA ELECTRIC NORTH**                                :
**AMERICA APD, INC.**                                      :
-----------------------------------------------------------x

### NOTICE OF HEARING ON FURUKAWA ELECTRIC COMPANY, LTD. AND FURUKAWA ELECTRIC NORTH AMERICA APD, INC.'S MOTION TO DISMISS DEBTORS' CLAIM FOR AFFIRMATIVE RELIEF

**PLEASE TAKE NOTICE** that Furukawa Electric Company, Ltd. and Furukawa

Electric North America APD, Inc. ("Movants") have filed a Motion, pursuant to Rules

12(b)(6) and 13 of the Federal Rules of Civil Procedure, as made applicable to this

Adversary Proceeding by Rules 7012 and 7013 of the Federal Rules of Bankruptcy

Procedure, (the "Motion") seeking an order dismissing the Claim for Affirmative Relief

with prejudice. The Motion is attached as Exhibit A to this Notice of Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the

Motion before the Honorable Robert D. Drain, in his courtroom located at the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Room 610, at 10:00 a.m. on December 20, 2007, or as soon as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objection to the Motion (a) must be in writing, (b) shall conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and the Amended Ninth Supplemental Order Under 11 U.S.C. §§102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management and Administrative Procedures, entered by the Court on October 19, 2007 (the "Ninth Supplemental Case Management Order"), (c) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (as amended), by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a 3.5 inch disk preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (d) shall be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) shall be served upon the attorney for the Movants, Dennis J. Connolly, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309 and (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel); (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr.,); (iii) counsel for the agent under the post-petition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick); (iv) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022

- 2 -

(Attn: Robert J. Rosenberg and Mark A. Broude); (v) counsel for the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart); and (vi) the office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard) in each case so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on December 13, 2007 (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only those objections made as set forth herein and in accordance with the Ninth Supplemental Case Management Order will be considered by the Bankruptcy Court at the hearing.  In no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Ninth Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated: October 31, 2007

ALSTON & BIRD LLP

 /s/ Dennis J. Connolly
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd., and Furukawa Electric North America APD, Inc.*

LEGAL02/30138534v1

# EXHIBIT A

ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

Hearing Date: December 20, 2007 10:00 a.m.
Response Deadline: December 13, 2007

*Counsel for Furukawa Electric Company, Ltd.*
*and Furukawa Electric North America APD, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                                              :
In re: **DELPHI CORPORATION**, *et. al.*,                     :    **Chapter 11**
                                                              :
              **Debtors.**                                    :    **Case No. 05-44481 (RDD)**
                                                              :    **Jointly Administered**
--------------------------------------------------------------x
**DELPHI CORPORATION**, *et. al.*,                            :
                                                              :
              **Debtors**                                     :
                                                              :
                                                              :    **Adv. Pro. No. _____** [1]
**v.**                                                        :
                                                              :
**FURUKAWA ELECTRIC COMPANY, LTD.,**                          :
**FURUKAWA ELECTRIC NORTH**                                   :
**AMERICA APD, INC.,**                                        :
                                                              :
--------------------------------------------------------------x

**FURUKAWA ELECTRIC COMPANY, LTD. AND**
**FURUKAWA ELECTRIC NORTH AMERICA APD, INC.'S MOTION**
**TO DISMISS DEBTORS' CLAIM FOR AFFIRMATIVE RELIEF**

COME NOW Furukawa Electric Company, Ltd. and Furukawa Electric North America

APD, Inc. (collectively "Furukawa") and hereby file this Motion to Dismiss (the "Motion to

Dismiss") Debtors' Claim for Affirmative Relief against Furukawa (the "Claim for Affirmative

---

[1] Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, once an objection to a proof of claim is joined with a claim for relief, the contested matter becomes an adversary proceeding. Furukawa notes for the record

Relief") pursuant to Rules 12(b)(6) and 13 of the Federal Rules of Civil Procedure, as made applicable to this Adversary Proceeding by Rules 7012 and 7013 of the Federal Rules of Bankruptcy Procedure, because the Claim for Affirmative Relief fails to assert a substantive claim against Furukawa for which relief can be granted.

In the Claim for Affirmative Relief, the Debtors have commenced a second action against Furukawa embracing the same issues raised by the Debtors on October 14, 2004, in the Circuit Court for the County of Saginaw Michigan.  The Claim for Affirmative Relief must be dismissed because the Debtors have engaged in impermissible forum shopping by electing to forego their first-filed action against Furukawa in favor of an inconvenient forum for both the Debtors and Furukawa.  The dispute arose in Saginaw County, Michigan; all of the evidence is maintained in or around Saginaw County, Michigan; the Debtors and Furukawa maintain significant officers in or around Saginaw County Michigan, and, most importantly, the Debtors have already made the affirmative decision to pursue their claims against Furukawa in Saginaw County, Michigan.   To allow the Debtors to pursue their Claim for Affirmative Relief – based on the exact same facts that form the basis of the action pending against Furukawa in Saginaw County, Michigan – in New York would waste Furukawa's, the Debtors' and the Court's limited resources and encourage/reward the Debtors' forum shopping.

---

that despite asserting an affirmative claim in the Debtors' Claim for Affirmative Relief against Furukawa, the Debtors have yet to commence an adversary proceeding or serve Furukawa with a summons.

WHEREFORE, for the reasons set forth in the Memorandum of Law in Support of the

Motion to Dismiss, Furukawa requests that the Court dismiss the Claim for Affirmative Relief

with prejudice.

Respectfully submitted this 25th day of October 2007.

ALSTON & BIRD LLP

/s/ Dennis J. Connolly
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.*
*and Furukawa Electric North America APD, Inc.*

ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.*
*and Furukawa Electric North America APD, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                :
**In re: DELPHI CORPORATION, *et. al.*,**   :   **Chapter 11**
                                :
           **Debtors.**      :   **Case No. 05-44481 (RDD)**
                                :   **Jointly Administered**
---------------------------------------------------------------x
**DELPHI CORPORATION, *et. al.*,**     :
                                :
           **Debtors.**      :   **Adv. Pro. No. _____**[1]
                                :
**v.**                               :
**FURUKAWA ELECTRIC COMPANY, LTD.,** :
**FURUKAWA ELECTRIC NORTH**        :
**AMERICA APD, INC.**              :
---------------------------------------------------------------x

**FURUKAWA ELECTRIC COMPANY, LTD. AND FURUKAWA ELECTRIC
NORTH AMERICA APD, INC.'S MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEBTORS' CLAIM  FOR AFFIRMATIVE RELIEF**

      Furukawa Electric Company, Ltd. and Furukawa Electric North America APD, Inc.

(collectively "Furukawa")  hereby file this Memorandum in Support of their Motion to Dismiss

Debtors' Claim for Affirmative Relief against Furukawa (the "Claim for Affirmative Relief")

---

[1] Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, once an objection to a proof of claim is joined with a claim for relief, the contested matter becomes an adversary proceeding.  Furukawa notes for the record that despite asserting an affirmative claim in the Debtors' Claim for Affirmative Relief against Furukawa, the Debtors have yet to commence an adversary proceeding or serve Furukawa with a summons.

pursuant to Rules 12(b)(6) and 13 of the Federal Rules of Civil Procedure (the "Federal Rules"),

as made applicable to this Adversary Proceeding by Rules 7012 and 7013 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"),[2] because the Claim for Affirmative Relief fails

to assert a substantive claim against Furukawa for which relief can be granted.[3]

## I.    Preliminary Statement

The Debtors' Claim for Affirmative Relief must be dismissed because the Claim for

Affirmative Relief embraces the same issues, claims, and allegations previously asserted by the

Debtors against Furukawa in the Circuit Court of Saginaw County, Michigan.  In particular, on

October 14, 2004, the Debtors commenced their action against Furukawa in Saginaw by filing

that certain complaint[4] seeking in excess of $25 million on account of Furukawa's alleged breach

of that certain Long Term Contract dated September 7, 2000, and that certain purchase order

issued September 12, 2001.  In the Claim for Affirmative Relief, the Debtors fully admit that the

relief sought therein embraces the same issues, claims and allegations that form the bases of their

claims in Saginaw.  Because the Claim for Affirmative Relief impermissibly asserts claims

against Furukawa that are already the subject of a pending action in the Saginaw Court, the

Claim for Affirmative Relief must be dismissed.[5]

---

[2] Federal Rule 13, made applicable by Bankruptcy Rule 7013, "plays a unique role in conserving judicial resources and that a court's failure to stay its hand unduly burdens the litigation process."  Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991).  Moreover, "[w]hile the normal chronology would have been for the court of first impression-here, the Michigan court-to have enjoined the second court, this procedure is not mandatory.  The same policies are furthered by the second court's exercising judicial self restraint."  Id.

[3] Furukawa does not intend to request that the District Court withdraw the reference of this Motion to Dismiss at this time because the Motion is limited to purely legal arguments that are within this Court's jurisdiction.  If, however, the Court concludes that the Claim for Affirmative Relief can proceed in the Southern District of New York, Furukawa reserves its right to request withdrawal of the reference of the entire adversary proceeding at that time because (i) the resolution of this claim does not involve substantive bankruptcy rights; (ii) the Debtors are actively engaged in forum shopping and (iii) the resolution of these claims will not impact the Debtors' bankruptcy case.

[4] A true and correct copy of the Complaint filed in Saginaw County, Michigan is attached hereto as Exhibit A.

[5] While the Debtors will likely contend that the Claim for Affirmative Relief is properly before the Bankruptcy Court, because Furukawa filed proof of claim no.12347 (the "Furukawa Proof of Claim") to preserve its counterclaim against the Debtors, the Debtors' reliance on this claim demonstrates their gamesmanship.  Furukawa

## II.    Factual and Procedural Background

1.      On or about September 7, 2000, Furukawa and the Debtors entered into that certain Long Term Contract (the "Long Term Contract") whereby Furukawa agreed to sell and the Debtors agreed to purchase 100% of the Debtors' requirement for torque and position sensors.

2.      Pursuant to the Long Term Contract, the sensors were required to meet certain manufacturing, electrical, and audible use requirements (the "Debtors' Requirements").

3.      During the design phase, Furukawa experienced difficulty satisfying the Debtors' electrical and audible noise requirements.

4.      To satisfy all of the Debtors' Requirements, Furukawa designed a sensor (the "Teflon Sensor") that incorporated a low-friction plating made with polytetraflouroethylene (commonly known as "Teflon").

5.      After the Teflon Sensor satisfied all of the Debtors' Requirements, the Debtors (i) congratulated Furukawa on (a) its ingenuity and (b) satisfying the Debtors' Requirements, and (ii) approved the Teflon Sensor.

6.      On or about September 12, 2001, the Debtors submitted purchase order number SAG90140710 (the "Purchase Order") in connection with its purchase of certain sensors in accordance with the Long Term Contract.

7.      In response to the Purchase Order, Furukawa manufactured and delivered Teflon Sensors to the Debtors.

---

has offered to waive its right to receive a recovery from the Debtors' bankruptcy estate and the Furukawa Claim; which offer was quickly rejected on account of the Debtors' apparent desire to escape the Saginaw Court.

8.      Upon information and belief, the Debtors incorporated the Teflon Sensors into power steering assist mechanisms that the Debtors then assembled into power steering columns that were sold to General Motors Corporation ("GM") for assembly into certain GM vehicles.

9.      Upon information and belief, GM issued a recall due to the failure of certain steering columns that the Debtors manufactured.

10.     Shortly after GM's recall, the Debtors alleged that their steering column failures were caused by the Teflon Sensors and that Furukawa was liable for damages related to amounts GM allegedly deducted from payments that GM owed to the Debtors and certain additional costs.

11.     On April 8, 2004, the Debtors terminated the Long Term Contract based on their allegation that the steering column failures were caused by the Teflon Sensor.

12.     On October 14, 2004, after Furukawa denied liability for the steering column failures and GM's recall, the Debtors commenced their action (the "Saginaw Action") in the Circuit Court of Saginaw County, Michigan (the "Saginaw Court").

13.     On or about March 15, 2005, Furukawa filed its Answer and Affirmative Defenses (the "Answer") to the Saginaw Action.

14.     After filing its Answer, the parties engaged in initial and prolonged settlement negotiations which involved the coordination of witnesses and representatives from Japan and Michigan.

15.     While the parties pursued settlement discussions, Furukawa and the Debtors propounded discovery in respect of the claims. Both parties served multiple extensive interrogatories and requests for the production of Documents. After the Debtors requested a lengthy extension from Furukawa to prepare their discovery responses, the Debtors produced a

significant amount of information to Furukawa.[6]  Furukawa also provided responses to the Debtors' discovery requests.  Having substantially completed document production, the parties were in a position to complete paper discovery and commence depositions, as the parties had exchanged the names of required/potential deponents.

16.    Concurrent with the parties' document production, the Debtors and Furukawa continued good faith settlement discussions during which the parties exchanged additional data with respect to their claims.

17.    On October 15, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

18.    On November 28, 2005, after the Debtors commenced their bankruptcy cases, the Debtors' Michigan counsel apparently informed the Saginaw Court that the Saginaw Action was stayed by the Debtors' commencement of their bankruptcy cases, thus continuing a scheduled status conference.  Attached hereto as Exhibit B is the Saginaw Court's docket sheet noting the continuance.  While it is questionable whether the commencement of the Debtors' bankruptcy cases stayed the Saginaw Action and/or the status conference, Furukawa and the Debtors both subsequently agreed to extend discovery deadlines in the Saginaw Action based on, among other reasons, the Debtors' statement that their bankruptcy cases required their undivided attention.[7]

19.    On or about July 28, 2006, Furukawa filed the Furukawa Proof of Claim against the Debtors on account of the Debtors termination of the Long Term Contract.[8]

---

[6] While Furukawa obtained a significant amount of information from the Debtors, Furukawa has informed the Debtor of its belief that they have not provided complete responses.

[7] Due to ongoing settlement discussions, the commencement of the Debtors' bankruptcy case, and the delay in completing discovery, both parties agreed on multiple occasions to extend discovery deadlines.

[8] As provided in the Furukawa Proof of Claim, Furukawa sought to preserve its claim that the Debtors (i) breached the Long Term Contract and (ii) owed Furukawa damages including, without limitation, legal fees, inventory reimbursement, investment reimbursement and other miscellaneous charges.

20.    On October 31, 2006, the Debtors objected to the Furukawa Proof of Claim, in Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification, and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) [Docket No. 5452] (the "Third Omnibus Objection").  The Third Omnibus Objection failed to provide any evidence in support of the Debtors' contention that Furukawa had no claim against the Debtors.

21.    On November 22, 2006, Furukawa responded to the Third Omnibus Objection by asserting that the Debtors failed to establish that the Furukawa Proof of Claim should be dismissed and that the Furukawa Proof of Claim did not represent a valid claim against the Debtors related to the Long Term Contract.

22.    In accordance with certain claims resolution procedures implemented in the Debtors' bankruptcy cases, on March 24, 2007, Furukawa and the Debtors conferred regarding the Furukawa Proof of Claim and the possibility of settlement.

23.    At the March 4, 2007 meeting, and in subsequent discussion between the parties, the Debtors indicated that they were rethinking their original decision to file the Saginaw Action in the Saginaw Court and were more interested in forcing Furukawa to defend a new complaint in an inconvenient forum and set aside the considerable amount of progress made in the Saginaw Court.

24.    Following through on their desire to avoid proceeding in the Saginaw Court, on September 26, 2007, Debtors filed their Claim for Affirmative Relief against Furukawa.

25.     In the Claim for Affirmative Relief, the Debtors recount the same facts, claims, and allegations asserted in the Saginaw Complaint and seek the same relief.

26.     Recognizing that (i) the Claim for Affirmative Relief asserted the same claims based on the same facts and issues that form the bases of the Saginaw Action, (ii) commencing a new trial based on the same facts that have been at issue for more than two years in the Saginaw Court would require new counsel, a second round of complete discovery, and a trial in a distant court – far from the evidence, the witnesses, and the parties – would be inefficient for the parties and the courts, and (iii) the Debtors were relying on the Furukawa Proof of Claim to manufacture jurisdiction before the Bankruptcy Court in respect of their claims from the Saginaw Action, on October 5, 2007, Furukawa made an offer (the "Settlement Offer")[9] to the Debtors to minimize estate costs and efficiently resolve the parties' claims.

27.     In the Settlement Offer, Furukawa (i) noted its belief that the Debtors improperly asserted the Claim for Affirmative Relief, (ii) noted its intent to file an appropriate motion to dismiss, (iii) offered to waive its right to recover assets from the Debtors' bankruptcy estates, and (iv) agreed to a reasonable scheduling order in the Saginaw Action to efficiently resolve that action if the Debtors would withdraw the Claim for Affirmative Relief in the Bankruptcy Case.

28.     Even though Furukawa offered to waive the Furukawa Proof of Claim (a claim for damages exceeding $2.5 million relating to the Long Term Contract), enter into a reasonable scheduling order to address the Debtors' new concern that the Saginaw Action had not proceeded significantly since its commencement (a delay sought by the Debtors) and to avoid the legal

---

[9] A copy of which is attached hereto as Exhibit C.  In accordance with Rule 408 of the Federal Rules of Evidence, the Settlement Offer is not being submitted to prove liability, validity or amount of a claim.  Instead, in accordance with Rule 408(b) of the Federal Rules of Evidence, the Settlement Offer is being introduced to establish Debtors' motives and intent in pursuing the Claim for Affirmative Relief in the Bankruptcy Court.

costs associated with filing/opposing Furukawa's Motion to Dismiss in the Settlement Offer, the
Debtors rejected the offer – citing their desire to avoid the Saginaw Court.

29.      On or about the same time the Debtors' refused Furukawa's offer to waive the
Furukawa Claim, almost two years after the Debtors commenced their bankruptcy cases and on
less than 10 business days notice, the Debtors moved to stay the Saginaw Action.[10]

30.      On October 19, 2007, Furukawa responded to the Debtors' Motion to Stay the
Saginaw Action asserting that neither federal nor Michigan law supported or permitted the
Debtors' attempt to stay the Debtors' first-filed action.[11]

31.      On October 22, 2007, the Saginaw Court granted Motion to Stay the Saginaw
Action, the Michigan Court elected to stay the Saginaw Action without significant elaboration.[12]

### III.    <u>Argument</u>

The law in the Second Circuit is clear, when there are two lawsuits that seek to address
the same claims arising out of identical facts, involve the same parties, and allege the same legal
theories, the first-filed lawsuit takes precedence over a subsequently filed lawsuit.  <u>See</u> <u>New
York v. Exxon Corp.</u>, 932 F.2d 1020 (2d Cir. 1991); <u>Semmes Motors, Inc. v. Ford Motor Co.</u>,
429 F.2d 1197 (2d Cir. 1970); <u>Van Wagner Enters., LLC v. Brown</u>, 367 F. Supp. 2d 530
(S.D.N.Y. 2005).  The first-filed rule "embodies considerations of judicial administration and
conservation of resources."  <u>First City Nat'l Bank & Trust Co. v. Simmons</u>, 878 F.2d 76, 80 (2d
Cir. 1989).  "A party seeking to overcome the presumption [that the first-filed action should
proceed in place of the second-filed action] must show that 'there are special circumstances
which justify giving priority to the second action.'"  <u>Williams Advanced Materials, Inc. v. Target</u>

---

[10] Attached hereto as Exhibit D is the Debtors' Motion to Stay the Saginaw Action.
[11] Attached hereto as Exhibit E is Furukawa's Response to the Debtors' Motion to Stay the Saginaw Action.
[12] Furukawa has requested a transcript of the October 21, 2007 hearing and will append it to the Court's record as
soon as it becomes available.

- 8 -

Tech. Co., No. 03-CV-276-A, 2007 WL 2245886, at * 4 (W.D.N.Y. Aug. 1, 2007) (quoting

Exxon Corp., 932 F.2d at 1025)).   "To overcome the preference for the forum of the first-filed

suit, a sound reason must exist that would make it unjust or inefficient to continue the first-filed

action."   Findwhat.com v. Overture Servs., Inc., No. 02 Civ. 447, 2003 WL 402649, at *4

(S.D.N.Y. Feb. 21. 2003) (quoting Bank of Tokyo-Mitsubishi, Ltd. v. J.A. Jones, Inc., No. 98

Civ. 2494, 1998 WL 283355, *2 (S.D.N.Y. May 28, 1998); see also Hanson PLC v. Metro-

Goldwyn-Mayer, Inc., 932 F. Supp. 104, 106 (S.D.N.Y. 1996) ("[t]he party asserting that the

first-filed rule should not apply has the burden to show that special circumstances exist justifying

departure from the rule.").

      The factors pertinent to a court's determination are (i) considerations of judicial comity;

(ii) promotion of judicial efficiency; (iii) adequacy and extent of relief available in the alternative

forum, (iv) identity of parties and issues in both actions; (v) likelihood of prompt disposition in

the alternative forum; (vi) convenience of the parties, counsel and witnesses; and (vii) possibility

of prejudice.   Van Wagner, 367 F. Supp. 2d at 531.   Furthermore, as Judge Friendly and the

Second Circuit Court of Appeals recognized in Semmes Motors, "a district court can go 'beyond

allowable bounds of discretion' when it refuses to stay or dismiss a duplicative suit" when the

plaintiff is the same in both actions.   See Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991)

(quoting Semmes Motors, 429 F.2d at 1204).   Specifically, the Second Circuit in Semmes

Motors stated that:

> To begin with, any exception for cases where the same party is the plaintiff in
> both actions would entail the danger that plaintiffs may engage in forum shopping
> or, more accurately, judge shopping.  When they see a storm brewing in the first
> court, they may try to weigh anchor and set sail for the hopefully more favorable
> waters of another district.  The sequence of events here affords some indication
> that Semmes might have been attempting to do just that . . .  Hence, even when
> the same party is plaintiff in both actions, the instances where the second court

should go forward despite the protests of a party to the first action where full justice can be done, should be rare indeed.

429 F.2d at 1203.  Thus, if a plaintiff seeks to assert the same claims in two forums, the first filed action should proceed in favor of the second-filed action.

Even though Furukawa filed the Furukawa Proof of Claim to preserve its counterclaim to the Saginaw Complaint, all of the factors pertinent to a court's determination as to whether a court should give precedence to the Debtors' first-filed lawsuit (the Saginaw Action) over the second-filed lawsuit (the Claim for Affirmative Relief) establish that the Claim for Affirmative Relief should be dismissed in favor of the Saginaw Action.  First, and foremost, the sequence of events in the Debtors' bankruptcy cases and the facts related to the resolution of the Saginaw Action and Furukawa Proof of Claim demonstrate that the Debtors' decision to file and maintain the Claim for Affirmative Relief in the Bankruptcy Court is based solely on the Debtors' interest in forum shopping.  The Debtors cannot articulate a valid basis to forego the Saginaw Action – an action they filed more than four years ago in Saginaw Michigan – in favor of proceeding in the Bankruptcy Court.  Not only is the Bankruptcy Court a distant forum that is inconvenient for the parties, the witnesses and the evidence, proceeding in the Bankruptcy Court will require the parties to waste resources by requiring the parties and the court to start at square one.  Moreover, the Debtors cannot articulate a reasonable basis as to why this action needs to or should be resolved in their bankruptcy cases.  The Debtors' claim is not central to their ability to confirm a plan of reorganization or obtain exit financing as their claims against Furukawa are not mentioned in their disclosure statement.  The pendency of Furukawa's claim against the Debtors is not essential to their ability to confirm their plan of reorganization as they have not sought to estimate the Furukawa Proof of Claim.  It is apparent from the record that the Debtors Claim for Affirmative Relief was filed in the Bankruptcy Court to game the system.  Despite the fact that

- 10 -

(i) the claims asserted in the Saginaw Action and the Claim for Affirmative Relief are based on

state law causes of action, (ii) there is no nonbankruptcy basis for federal court jurisdiction (other

than the claim objection), and (iii) the Debtors elected to file the Saginaw Action in the Saginaw

Court, the Debtors are now attempting to utilize their bankruptcy cases to avoid a forum that they

selected.   Allowing the Debtors to pursue the Claim for Affirmative Relief in New York would

reward the Debtors' forum shopping and open the floodgate for future plaintiffs to engage in

similar forum shopping tactics.

Second, the seven factor test typically applied by courts to determine whether a first-filed

action should proceed in place of a second-filed action establishes that the Claim for Affirmative

Relief should be dismissed.   The allegations in the Claim for Affirmative Relief specifically

establish that: (i) the allegations/claims asserted therein are the same allegations/claims asserted

in the Saginaw Action; (ii) the same parties are involved in both actions; (iii) the Saginaw Action

has been pending since 2004; (iv) the parties are based in or around Saginaw County, Michigan,

and (v) the locus of the dispute is in Saginaw County, Michigan.[13]   Both the Saginaw Action and

the Claim for Affirmative Relief focus upon the Debtors' Requirements, the Teflon Sensor, and

GM's recall.   Saginaw County is more convenient for the parties and witnesses and the Saginaw

Court can provide complete relief.

---

[13] The witnesses, evidence and the parties are located in or around Saginaw County, Michigan.

Allowing the Claim for Affirmative Relief to proceed in New York would not promote judicial comity, judicial efficiency or efficiency in general.  As noted above, the Saginaw Action was commenced by the Debtors on October 14, 2004.  Since that time, two Michigan firms have expended a significant amount of time and resources propounding and responding to discovery requests.  Moreover, it should be noted that the Saginaw Court was prepared to hold a status conference in the Saginaw Action on December 1, 2005.  However, as described above, that conference was adjourned after the Debtors' counsel apparently informed the Saginaw Court that the Saginaw Action was stayed by the Debtors' commencement of their bankruptcy cases.  Any further discovery extension-associated delay was the result of each party agreeing that additional discovery and depositions were required.  The Saginaw Court is the proper forum for this dispute and remains ready, willing, and able to resolve the claims originally raised in the Saginaw Action and which now form the basis for the Claim for Affirmative Relief.[14]

Though the Debtors will likely complain that the Saginaw Court has failed to efficiently or expeditiously resolve the Saginaw Action, the facts demonstrate that Debtors caused this delay.  As noted above, the Debtors' Michigan Counsel obtained an adjournment of the December 1, 2005 Status Conference by informing the Saginaw Court that Saginaw Action was stayed by the commencement of the Debtors' bankruptcy cases.  Based on this adjournment and the Debtors' assertion that the Saginaw action was stayed, Furukawa agreed to extend the discovery deadlines in the Saginaw Action so that the Debtors could focus their attention on their bankruptcy cases and their desire to exit bankruptcy expeditiously.  In light of the fact that the Debtors delayed the Saginaw Action and have since refused to accept an offer that would

---

[14] Although the Debtors will likely contend that the Saginaw Court cannot timely resolve the dispute due to the stay, this Court should not allow the Debtors to benefit by a delay that they caused.  Moreover, as noted above, the Debtors have not articulated a single reason why this minor claim needs to, or should be, decided in their bankruptcy cases.

provide for a reasonable scheduling order that would facilitate the expeditious resolution of the Saginaw Action, it is clear that the Debtors are not interested in efficiency or minimizing costs. Instead, the Claim for Affirmative Relief is a thinly-veiled ploy to (i) select a new forum that they apparently deem friendlier than the Saginaw Court, (ii) delay the prompt resolution of this matter while new counsel and a new court must analyze the claims and (iii) unnecessarily increase the litigation costs and complexities by forcing Furukawa into a forum that has no logical tie to the claims at issue. The Debtors should not be rewarded for dilatory tactics.

Furthermore, to the extent that the Court wishes to consider any potential exception to the first-filed rule, none of these exceptions apply to this case. In particular, there are no special circumstances that would require the resolution of these claims in New York or in the Debtors' bankruptcy cases. Though the Debtors will likely argue that the mere existence of their bankruptcy cases, in and of themselves, is a "special circumstance" that overcomes the first-filed rule, this assertion is a red herring because the resolution of the claims asserted in the Saginaw Action and the Claim for Affirmative Relief are not essential to their bankruptcy cases. The Debtors are on the verge of confirming a plan of reorganization (the "Plan") that the Debtor' contend will pay creditors 100% of their claims plus interest. Any recovery obtained from Furukawa will not benefit the Debtors' estate, but will, instead be a post-bankruptcy asset of the post-bankruptcy reorganized debtor. The fact that the resolution of the Debtors' claims against Furukawa is not essential to the confirmation of the Plan can be seen in the Plan itself as the Saginaw Action does not generate even a footnote summary. Because the claims asserted in the Saginaw Action and the Claim for Affirmative Relief will have no impact on the Debtors or their bankruptcy cases, there are no special circumstances that would overcome the first-filed rule.

## IV.    <u>Conclusion</u>

Because the Claim for Affirmative Relief impermissibly asserts claims against Furukawa

that are already the subject of a pending action in the Saginaw Court, Furukawa respectfully

requests that the Court dismiss the Claim for Affirmative Relief with prejudice.

Respectfully submitted this 25th day of October 2007.

ALSTON & BIRD LLP

 /s/ Dennis J. Connolly
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.*
*and Furukawa Electric North America APD, Inc.*

ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.*
*and Furukawa Electric North America APD, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re: DELPHI CORPORATION,** *et. al.,*    :    **Chapter 11**
                                                            :
              **Debtors.**                        :    **Case No. 05-44481 (RDD)**
                                                            :    **Jointly Administered**
------------------------------------------------------------x
**DELPHI CORPORATION,** *et. al.,*           :
                                                            :
              **Debtors**                         :
                                                            :    **Adv. Pro. No. _____**
**v.**                                                   :
                                                            :
**FURUKAWA ELECTRIC COMPANY, LTD.,** :
**FURUKAWA ELECTRIC NORTH**          :
**AMERICA APD, INC.,**                      :
                                                            :
------------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

STATE OF GEORGIA          )
                                       )    ss:
<u>COUNTY OF FULTON        </u>)


        DAVID A. WENDER, having personally appeared before the undersigned officer, duly

authorized to administer oaths in the State of Georgia, and having been duly sworn, deposes and

states as follows:

1.      I am not a party to this action, am over 18 years of age, and am employed by

Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309-3424.

2.      On the 31st day of October 2007, I caused true and correct copies of the **"Notice
of Hearing on Furukawa Electric Company, Ltd. and Furukawa Electric North America
APD, Inc.'s Motion to Dismiss Debtors' Claim for Affirmative Relief"** to be delivered by

Overnight Delivery on the parties listed on the Service List attached hereto as Exhibit A

FURTHER AFFIANT SAYETH NOT.


                                        /s/ David A. Wender
                                        DAVID A. WENDER


Sworn to and subscribed before me
this 31st day of October 2007.

/s/ Beverly A. Raston
NOTARY PUBLIC

Commission Expires:

July 14, 2008

# EXHIBIT A

| | |
|---|---|
| The Honorable Robert D. Drain<br>United States Bankruptcy Court<br>Southern District of New York<br>Alexander Hamilton Custom House<br>One Bowling Green<br>Courtroom 610<br>New York, NY 10004-1408 | John Wm. Butler, Jr.<br>Skadden Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive<br>Chicago, IL  60606 |
| Delphi Corporation<br>5725 Delphi Drive<br>Troy, Michigan  48098<br>Attn: General Counsel | Robert J. Rosenberg<br>Mark A. Broude, Esq.<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022 |
| Donald Bernstein<br>Brian Resnick, Esq.<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 | Alicia M. Leonhard<br>Office of the U.S. Trustee<br>Southern District of New York<br>33 Whitehall Street<br>Suite 2100<br>New York, NY 10004 |
| Bonnie Steingart<br>Fried, Frank, Harris, Shriver &<br>   Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 | Neil Berger, Esq.<br>Sean McGrath<br>Togut, Segal & Segal LLP<br>One Penn Plaza<br>New York, NY  10119 |