**Hearing Date: November 8, 2007 at 10:00 a.m.**
**Objection Deadline: November 2, 2007 at 4:00 p.m.**

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.(ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————
                                                    :        Chapter 11
In re:                                              :
DELPHI CORPORATION, et al.,                         :        Case No. 05-44481 (RDD)
                                                    :
        Debtors.                                    :        (Jointly Administered)
                                                    :
———————————————————————:

**LEAD PLAINTIFFS' LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER, *INTER ALIA*, APPROVING AND AUTHORIZING THE ENTRY INTO THE EQUITY PURCHASE AND COMMITMENT AGREEMENT AMENDMENT**

Teachers' Retirement System Of Oklahoma, Public Employees' Retirement System Of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP, the Court-appointed Lead Plaintiffs (the "Lead Plaintiffs") in the consolidated securities class action entitled *In re Delphi Corp. Securities Litigation*, Master Case No. 05-md-1725 (GER) (E.D.Mich.) (the "Securities Litigation"), respectfully submit this limited objection to the Debtors' motion for an order, *inter alia*, approving and authorizing the entry into the equity purchase and commitment agreement amendment (the "Motion").  In support of this Supplemental Response, Lead Plaintiffs respectfully state as follows:

18692/2
11/02/2007 2253606.01

**RELEVANT BACKGROUND**

1.      On October 8 and 14, 2007 (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Lead Plaintiffs are, and represent, creditors, equity holders and parties-in-interest in the Debtors' chapter 11 cases.  Lead Plaintiffs and the putative class suffered damages substantially in excess of $1 billion as a result of their purchases of certain of the Debtors' common stock and debt securities between March 7, 2000 and March 3, 2005 (the "Class Period").  These damages were caused by the Debtors, certain of their current and/or former directors and officers and others in the context of the concealment and misrepresentation of the true financial condition of the Debtors before and during the Class Period.

3.      Over the course of several months in 2007, Lead Plaintiffs, the Debtors and other parties to the Securities Litigation and this chapter 11 proceeding, with the assistance of a special master appointed by the United States District Court for the Eastern District of Michigan (the "District Court"), conducted discussions and negotiations regarding a settlement of the Securities Litigation.  On August 31, 2007, those discussions resulted in an agreement resolving the Securities Litigation as to the Debtors and certain other defendants.  On August 31, 2007, the proposed settlement (the "Securities Settlement") was submitted to the District Court for preliminary approval and for scheduling a final fairness hearing.  On September 5, 2007, the District Court granted preliminary approval of the proposed settlement, and scheduled a final fairness hearing for November 13, 2007.  The Securities Settlement is also subject to final approval by the

Court to be heard at the same time and in connection with confirmation of the Debtors'
plan of reorganization.

4.      Pursuant to the Securities Settlement, Lead Plaintiffs, on behalf the class
they represent, will receive an allowed claim against the Debtors in the amount of $204
million.  As modified on October 29, 2007, the Plan currency that will be utilized to
satisfy Lead Plaintiffs' $204 million allowed claim, which is the consideration to be
provided by the Debtors in connection with the Securities Settlement, consists of shares of
New Common Stock of the reorganized Debtors and rights to participate in a discount
rights offering.

## RESPONSE AND RESERVATION OF RIGHTS

5.      Under the proposed equity purchase and commitment agreement
amendment (the "EPCA Amendment"), section 1 of the EPCA will be amended, *inter
alia*, to define the persons who are "Eligible Holders" for purposes of participation in the
discount rights offering proposed under the Debtors' Plan.  This new definition provides
that the term "Eligible Holder" means:

> The holder of a General Unsecured Claim (as such term is
> defined in the Plan), which claim has been allowed or
> otherwise estimated for the purpose of participating in the
> Rights Offering on or before the date established by the
> Bankruptcy Court for determining all Eligible Holders of
> record.

6.      The definition of "General Unsecured Claim" in the October 29, 2007
version of the Plan excludes the claims of the Lead Plaintiffs.  Instead, Lead Plaintiffs'
claims are separately defined in the Plan as the "Section 510(b) Note Claims" and the
"Section 510(b) Equity Claims."

7.      At section 1.64 of the Plan, the definition of "Discount Rights Offering
Holder" properly includes holders of Section 510(b) Note Claims and Section 510(b)
Equity Claims.

8.      Therefore, the EPCA Amendment, as currently drafted, excludes Lead Plaintiffs and the class from participation in the rights offering, and therefore renders the Plan inconsistent with the EPCA Amendment.  At a minimum, the definition of "Eligible Holder" in the proposed equity purchase and commitment agreement amendment must be revised to include the Section 510(b) Note Claims and Section 510(b) Equity Claims, especially given the provision of the EPCA Amendment which requires inconsistencies between the Plan and the EPCA to be resolved in favor of the EPCA, as amended.  *See* EPCA Amendment at (hhh), which amended § 15 of the EPCA.

9.      Counsel for Lead Plaintiffs have advised Debtors' counsel of the foregoing inconsistency and need to revise the EPCA Amendment.  However, Debtors' counsel has not confirmed that this change will be made prior to the deadline for filing objections to the Motion.

**WHEREFORE**, Lead Plaintiffs respectfully request that the Court (i) deny the Motion unless the definition of "Eligible Holder" in the EPCA Amendment is revised to include the Section 510(b) Note Claims and Section 510(b) Equity Claims, and (ii) grant Lead Plaintiffs such other and further relief as may be warranted under the circumstances.

**[SIGNATURES APPEAR ON NEXT PAGE]**

Dated:  November 2, 2007
        New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By:  /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME-0570)
S. Jason Teele, Esq.(ST-7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
Telephone:      (973) 597-2500
Facsimile:      (973) 597-2481

*Bankruptcy Counsel for Lead Plaintiffs and
the Class*

**NIX, PATTERSON & ROACH, L.L.P.**
Jeffrey J. Angelovich, Esq.
Bradley E. Beckworth, Esq.
Susan Whatley, Esq.
205 Linda Drive
Daingerfield, Texas 75638
Telephone:      (903) 645-7333
Facsimile:      (903) 645-4415

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
John P. Coffey, Esq.
Hannah E. Greeenwald, Esq.
Matthew C. Moehlman, Esq.
1285 Avenue of the Americas
New York, NY 10019
Telephone:      (212) 554-1400
Facsimile:      (212) 554-1444

**GRANT & EISENHOFER, P.A.**
Stuart M. Grant, Esq.
James J. Sabella, Esq.
485 Lexington Avenue

New York, NY 10017
Telephone:    (646) 722-8500
Facsimile:    (646) 722-8501

-- and --

Sharan Nirmul, Esq.
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:    (302) 622-7000
Facsimile:    (302) 622-7100

**SCHIFFRIN  BARROWAY  TOPAZ  &
KESSLER, L.L.P.**
Michael Yarnoff, Esq.
Sean M. Handler, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7056
Facsimile:    (610) 667-7706

*Co-Lead Counsel for Lead Plaintiffs and the
Class*