**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
　　　　mitchell.seider@lw.com
　　　　mark.broude@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 503(b) AND 507(a) AUTHORIZING AND APPROVING AMENDMENT TO DELPHI-APPALOOSA EQUITY PURCHASE AND COMMITMENT AGREEMENT**

　　　　The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation, *et al.* (collectively, the "Debtors"), by and through its counsel, hereby files this Objection to the *Expedited Motion for Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) Authorizing and Approving Amendment to Delphi-Appaloosa Equity Purchase And Commitment Agreement* (the "Motion"). In support of this Objection, the Committee respectfully states as follows:

NY\1341949.2

**BACKGROUND**

1.  On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On October 14, 2005, the three remaining Debtors also filed voluntary petitions.

2.  The Committee was appointed nine days after the Petition Date, on October 17, 2005.[1] Shortly thereafter, the Committee selected Latham & Watkins LLP as its counsel, Mesirow Financial Consulting LLC as its financial advisor and Jefferies & Company, Inc. as its investment banker.

3.  On July 18, 2007, the Debtors filed an expedited motion for an order approving a new equity purchase and commitment agreement (the "EPCA") with the affiliates of Appaloosa Management L.P.; Harbinger Capital Partners Master Fund I, Ltd.; Merrill Lynch, Pierce, Fenner & Smith Inc.; UBS; Goldman Sachs & Co.; and Pardus Capital Management L.P. (collectively, the "Investors"). The EPCA outlined the terms of the investment and the expected treatment of the Debtors' stakeholders in its anticipated plan of reorganization and provided a framework for several other aspects of the Debtors' reorganization. The Committee did not object to the Debtors' expedited motion, and on August 2, 2007, this Court granted the motion and approved the EPCA.

4.  Among other things, the EPCA provides that the Debtors must pay commitment fees to the Investors totaling $57,375,000 (consisting of a $18 million Preferred Commitment Fee and a $39,375,000 Standby Commitment Fee) and a $6,375,000 arrangement fee. *See*

---

[1] The current members of the Committee are: (a) Capital Research and Management Company; (b) Freescale Semiconductor, Inc.; (c) IUE-CWA; (d) Wilmington Trust Company, as Indenture Trustee; (e) Tyco Electronics Corporation and (f) SABIC Innovative Plastics US LLC. The Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America are *ex officio* members of the Committee.

2

EPCA, § 2(h).  In certain circumstances, the Debtors would be required to pay the Investors an alternate transaction fee in the amount of $82.5 million.  *See* EPCA, §§ 2(h), 12(g).  Upon this Court's approval of the Debtors' disclosure statement, the EPCA requires the Debtors to pay the Investors a total of $28,687,500 (representing the remaining 50% of the commitment fees that had not already been paid to the Investors).  *See* EPCA, 2(h).

5. On September 6, 2007, the Debtors filed initial versions of their plan of reorganization and disclosure statement.  On September 7, 2007, the Debtors filed a motion seeking, among other things, entry of an order approving the disclosure statement.  On October 29, 2007, the Debtors filed their *Notice Of Potential Amendments to Debtors' Disclosure Statement With Respect To Joint Plan Of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession and Certain Appendices and Exhibits Related Thereto*, which included their first amended disclosure statement (the "Disclosure Statement") and accompanying proposed first amended plan of reorganization (the "Plan").

6. For the reasons described in the Motion, the Debtors and the Investors have entered into the proposed amendment to the EPCA (the "EPCA Amendment") of which the Debtors currently seek this Court's approval.  The Motion and the EPCA Amendment were filed with this Court on October 29, 2007.

## OBJECTION

7. As the Committee noted in its objection (the "Disclosure Statement Objection")[2] to the Debtors' motion for approval of the Disclosure Statement, it does not support the Plan as currently drafted.  As described in more detail in the Disclosure Statement Objection, the Committee does not support the Plan for two reasons.  First, the Plan only provides for the

---

[2] The Disclosure Statement Objection is being concurrently filed herewith.

3

accrual of post-petition interest to General Unsecured Claims (as defined in the Plan) other than TOPrS (also as defined in the Plan) only until December 31, 2007, rather than until the date the Plan is confirmed. *See* Plan, § 1.154(b).

8.    Second, the EPCA Amendment gives the Investors the potential ability to acquire common stock under the Plan for no additional consideration, which could substantially dilute the common stock being received by unsecured creditors. The EPCA provides that the obligations of the Investors to consummate the transactions contemplated thereby are subject to certain conditions. One such condition is that the aggregate amount of all Trade and Other Unsecured Claims (as defined in the Plan) that are allowed or estimated for distribution purposes must be no more than $1.45 billion, excluding allowed post-petition interest thereon (the "Claims Condition"). *See* EPCA Amendment, § 9(a)(xxii). Section 9(a)(xxii) of the EPCA Amendment and section 7.31 of the Plan (both of which, despite the many months of plan negotiations among all parties, were inserted into the EPCA and the Plan for the first time early this week), provides that if the Debtors fail to satisfy the Claims Condition, A-D Acquisition Holdings, LLC (an affiliate of Appaloosa Management L.P.) can waive the Claims Condition. Furthermore, if that condition is waived, then to the extent the Debtors issue any shares of new common stock under the Plan as a result of Trade and Other Unsecured Claims aggregating more than $1.45 billion, the Debtors must (a) issue to the Investors additional Direct Subscription Shares (as defined in the EPCA) and (b) adjust the conversion price of the Series A and Series B preferred shares, each in accordance with section 9(a)(xxii) of the EPCA. *See* Plan, § 7.31. The Debtors would be required to issue additional Direct Subscription Shares to the Investors *without the payment by the Investors of any additional consideration therefor*, in an amount that is sufficient to maintain the Investors' proportionate ownership of outstanding common stock. The issuance of the

4

additional shares would result in a reduction in the conversion price of the preferred shares. *See* EPCA Amendment, § 9(a)(xxii). This portion of section 9(a)(xxii) of the EPCA Amendment could have a materially adverse effect on the value of the distributions under the Plan to General Unsecured Creditors because it could dramatically dilute the value of the common stock issued to them, and the Committee objects to that provision.

9. While it is mindful that this Court cannot unilaterally rewrite the EPCA Amendment, the Committee respectfully asserts that this Court should deny the Motion unless the Debtors and the Investors revise section 9(a)(xxii) of the EPCA Amendment so that the value of the distributions under the Plan to General Unsecured Creditors is not diluted. Stated another way, if this Court's only choice is between (a) granting the Motion with the EPCA Amendment as it currently is drafted, and (b) denying the Motion in its entirety, then the Committee believes that this Court should choose the latter.

10. Moreover, without its support of the Plan, the Committee believes that the classes of General Unsecured Creditors (Classes 1C through 12C) will vote to reject the Plan. The Plan provides for recoveries to holders of the Debtors' existing common stock, so because of the absolute priority rule, the Plan cannot be confirmed over the rejection of these classes. In light of this reality, it makes no sense at all for the Debtors to pursue a disclosure statement for a doomed plan, and for them to pay the Investors the $28,687,500 commitment fee installment required under the EPCA if this Court were to approve the Disclosure Statement.

NY\1341949.2

**WHEREFORE,** the Committee respectfully requests that this Court (a) deny the Motion unless Plan is modified as described in the Disclosure Statement Objection to the Committee's satisfaction and (b) grant the Committee such other relief as is just and proper.

Dated: November 2, 2007
      New York, New York

                                 **LATHAM & WATKINS LLP**

                                 By: /s/ Robert J. Rosenberg
                                    Robert J. Rosenberg (RR-9585)
                                    Mitchell A. Seider (MS-4321)
                                    Mark A. Broude (MB-1902)
                                    885 Third Avenue, Suite 1000
                                    New York, New York 10022
                                    Telephone:  (212) 906-1200

                                 Counsel for the Official Committee
                                 of Unsecured Creditors