SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :

                In re                          :        Chapter 11
                                               :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                               :
                     Debtors.      :        (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 12050
(ROBERT L. STANSBURY II)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Robert L. Stansbury II ("Stansbury") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 12050 (Robert L. Stansbury II) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 28, 2006, Stansbury filed proof of claim number 12050 against Delphi, which asserts an unsecured non-priority claim in the amount of $30,000.00 (the "Claim") stemming from alleged personal injury.

WHEREAS, on July 13, 2007, the Debtors objected to the Claim pursuant to the Debtors' (i) Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C)Untimely Claims And Untimely Tax Claims, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

WHEREAS, on August 9, 2007, Stansbury filed his Response of George & Sipes, LLP Claimants To Debtors' (i) Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C)Untimely Claims And Untimely Tax Claims, And (D) Claims Subject To Modification, Tax Claims Subject To Modification,

And Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8990) (the "Response").

WHEREAS, on October 19, 2007, to resolve the Nineteenth Omnibus Claims Objection with respect to the Claim, Delphi Automotive Systems LLC ("DAS LLC") and Stansbury entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $5,000.00.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Stansbury stipulate and agree as follows:

1.  The Claim shall be allowed in the amount of $5,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.  Stansbury shall withdraw his Response to the Nineteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this 5th day of November, 2007

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

3

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Kathleen A. Farinas |
| John Wm. Butler, Jr. | Linda George |
| John K. Lyons | Kathleen A. Farinas |
| Ron E. Meisler | GEORGE & SIPES, LLP |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 151 North Delaware Street, Suite 1700 |
| 333 West Wacker Drive, Suite 2100 | Indianapolis, Indiana 46204 |
| Chicago, Illinois 60606-1285 | (317) 637-6071 |
| (312) 407-0700 | |
| | Attorneys for Robert L. Stansbury II |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession