UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                  :

In re                          :     Chapter 11
                                  :

DELPHI CORPORATION, <u>et al.</u>,    :     Case No. 05-44481 (RDD)
                                  :

                Debtors.     :     (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND 362(d)
<u>DENYING MOTIONS OF SCOTT DARRYL REESE FOR LEAVE TO FILE LATE CLAIM,
RELIEF FROM AUTOMATIC STAY, AND INTERVENTION</u>

("REESE ORDER")

        Upon Scott Darryl Reese's Motions For Leave To File Late Claim, Relief From

Automatic Stay, and Intervention (Docket No. 10449) (the "Motions"); and Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), having objected to the Motions (Docket No. 10647);

and this Court having considered the documents and exhibits filed by Scott Darryl Reese

("Reese") and the Debtors; and after due deliberation thereon; and good and sufficient cause

appearing therefore, including for the reasons stated by the Court at the October 26, 2007 hearing

(the "Hearing").

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    The Court has jurisdiction over Reese's Motions pursuant to 28 U.S.C. §§ 157 and 1334.  The Motions are core proceedings under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Reese Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    For the reasons stated by the Court at the Hearing, including that Reese's claim against the Debtors lacks merit Reese has failed to establish a basis for the relief requested in the Motions.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion For Leave To File Late Claim is denied.

2.    The Motion For Relief From The Automatic Stay is denied.

3.    The Motion To Intervene is denied.

4.    Proof of Claim No. 16709 filed by Mr. Reese is hereby disallowed and expunged in its entirety.

5.    The Claim of Lien filed by Mr. Reese in Saginaw County, Michigan against property of the Debtors is deemed void.

6.    Mr. Reese is directed to take immediate steps to remove the Claim of Lien.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

8.    Kurtzman Carson Consultants, LLC is hereby directed to serve this order in accordance with the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

3007, 7016, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To

Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No.

6089), entered on Dec. 7, 2006.

        9.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied.


Dated: New York, New York
      November 5, 2007

              /s/Robert D. Drain
             UNITED STATES BANKRUPTCY JUDGE