SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
   In re                                      :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                                              :    (Jointly Administered)
         Debtors.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R.
BANKR. P. 9018 FOR ORDER AUTHORIZING DEBTORS TO FILE
ENGAGEMENT AND FEE LETTERS RELATED TO EXIT FINANCING
IN REDACTED FORM AND/OR UNDER SEAL

("EXIT FINANCING ENGAGEMENT AND FEE LETTERS REDACTION AND
UNDER SEAL APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file the Expedited Motion Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002, 6004, 9006, And 9007 For Order Authorizing Debtors' Entry Into Exit Facility Engagement And Fee Letters And Performance Thereunder (the "Exit Financing Motion").  By this Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Engagement And Fee Letters Related To Exit Financing Arrangements In Redacted Form And/Or Under Seal (the "Application"), the Debtors seek authority to file in redacted form and/or under seal the Engagement and Fee Letters (as defined below), and respectfully represent as follows:

## Background

A.      The Chapter 11 Filings

    1.      On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

    2.      No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (together with the Creditors' Committee, the "Statutory Committees").

2

3.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.  The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.  The Engagement And Fee Letters Related To The Exit Financing Arrangements

5.  Exit financing is a necessary and integral component of the Debtors' strategy for emergence from chapter 11.  Section 7.14 of the Joint Plan Of Reorganization Of Delphi Corporation And Selected Affiliates filed September 6, 2007  (Docket No. 9263) (the "Plan") provides that the Debtors "shall enter into the Exit Financing Arrangements" to (a) satisfy certain claims arising in connection with the existing debtor-in-possession financing, (b) make other payments required to be made on the Plan Effective Date, and (c) fund the Debtors' post-reorganization operations.  As a condition precedent to the effectiveness of the proposed Plan, Section 12.2(a) of the Plan provides that the Debtors shall have entered into the Exit Financing Arrangements and that all conditions precedent to the consummation of the Exit Financing Arrangements shall have been waived or satisfied in accordance with the terms thereof.

6.  To ensure that the Exit Financing Arrangements are in place upon the Debtors' emergence from chapter 11, the Debtors have obtained an engagement letter (the "Engagement Letter") from JPMorgan Securities Inc., JPMorgan Chase Bank, N.A., and Citigroup Global Markets inc. (collectively, the "Engagement Parties").  The Engagement Letter and accompanying term sheet set forth the proposed terms for the Exit Financing Arrangements.  The Engagement Letter also provides that, as consideration for the commitments and agreements

3

by the Engagement Parties, the Debtors would agree to pay certain nonrefundable fees and reimburse certain expenses as described in the Engagement Letter or in any fee letter ("Fee Letter") delivered to the Debtors therewith, the terms of which the Debtors and the Engagement Parties have agreed to file under seal with this Court and keep confidential pursuant to the terms of the Engagement Letter.

## Relief Requested

7.     By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Engagement and Fee Letters in redacted form and/or under seal.

## Basis For Relief

8.     For the reasons described in the Motion, and in the exercise of their reasonable business judgment, the Debtors have determined that, given the current state of the capital markets, the appropriate course of action to take in connection with obtaining the Exit Financing Arrangements is to proceed with a "best efforts" engagement letter rather than a "commitment letter."  Therefore, pursuant to the Engagement Letter, the Engagement Parties have agreed "to use commercially reasonable best efforts to assemble a syndicate of financial institutions" for the credit facilities described in the Engagement Letter and accompanying term sheet.  As a consequence, even if the Motion is granted, the ultimate terms of the Exit Financing Arrangements, including those concerning pricing, fees, and prepayment premia (if any) will remain subject to negotiation with potential syndicate members.  It is for this reason that the Debtors have proposed to redact these provisions of the Engagement Letter and to file under seal any Fee Letter delivered to them in connection with the Engagement Letter.

9.     The Engagement and Fee Letters contain highly sensitive and confidential terms in connection with the relationship between the Debtors and the Engagement Parties,

4

including terms related to pricing, fees, and prepayment premia (if any).  Because of the Engagement Letter provides for a "best efforts" standard for the Engagement Parties rather than a firm commitment to provide the Exit Financing Arrangements on particular terms, public disclosure of these terms could prejudice the Debtors' ability to negotiate the terms of the Exit Financing Arrangements with potential members of the syndicate that the Engagement Parties would endeavor to assemble.  In light of the commercially sensitive and highly confidential nature of the subject matter of the redacted portion of the Engagement and any Fee Letter delivered to the Debtors in connection with the Engagement Letter, the Engagement Letter provides that the Debtors will take reasonable actions to prevent the disclosure of Excluded Information (as defined in the Engagement Letter), including the filing of this Application.

10. Additionally, disclosure of the terms of the Engagement and Fee Letters redacted or filed under seal is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) whether the Debtors may enter into the Engagement and Fee Letters is subject to this Court's approval in any case, and (b) the Debtors are prepared to provide complete copies of the Engagement and Fee Letters to (i) the U.S. Trustee, (ii) counsel to the Statutory Committees, and (iii) such other parties as may be ordered by this Court.

## Applicable Authority

11. Bankruptcy Code section 107(b) authorizes bankruptcy courts to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

5

12.     Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

13.     Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." <u>Video Software Dealers Assoc. v. Orion Pictures Corp.</u> (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." <u>Id.</u> at 28. The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing <u>In re Orion Pictures Corp.</u>, 21 F.3d at 27)).

14.     Here, there is good cause for the relief requested.  The Engagement and Fee Letters contain sensitive commercial information, the disclosure of which would be harmful to the Debtors and their estates.  The information in the redacted portions of the Engagement Letter and in any Fee Letter delivered to the Debtors in connection with the Engagement Letter is highly confidential and pertains to sensitive, material potential terms of the Exit Financing Arrangements, including those concerning fees, pricing, and prepayment premia (if any).  The confidential information in the Engagement and Fee Letters qualifies as " commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 because disclosure thereof could prejudice the Debtors' ability to negotiate definitive documents related to the Exist Financing Arrangements, to the detriment of the Debtors and their

6

estates.  Accordingly, this Court is authorized to permit the Debtors to file the Engagement and Fee Letters with this Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Engagement Letter in redacted form and any Fee Letter delivered to the Debtors therewith under seal.

       15.      No prior application for the relief requested herein has been made to this or any other Court.

### Notice Of Application

       16.      Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Debtors will serve a copy of this Application in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418), and the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Exhibits, under seal, simultaneously with the filing of the Plan on September 6, 2007.

### Memorandum Of Law

       17.      Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Engagement and Fee Letters in redacted form and/or under seal and (b) granting them such other and further relief as is just.

Dated: New York, New York
November 6, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession