UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION,   Case No. 05-44481 RDD

Chapter 11

   Debtor.
_____/

**MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH,
UNEMPLOYMENT INSURANCE AGENCY'S
RESPONSE TO THE DEBTOR'S
TWENTY-SECOND OMNIBUS OBJECTION TO
THE ADMINISTRATIVE CLAIM NO. 16721**

The State of Michigan, Department of Labor & Economic Growth, Unemployment Insurance Agency, through its attorneys, Attorney General Michael A. Cox and Assistant Attorney General Roland Hwang, responds to the debtor's Twenty-Second Omnibus objection to the Agency's Administrative claim no. 16721, and states:

1. The Debtor filed its voluntary petition on or about October 8, 2005 under Chapter 11 of the Bankruptcy Code.

2. The business activities of the Debtor result in liabilities to the Agency for unemployment taxes pursuant to Mich. Comp. Laws § 421.1, *et seq.*

3. The unemployment insurance taxes for fourth quarter 2005 has been left unresolved due to debtor's failure to file its electronic funds transfer (EFT) payment with the unemployment tax return, and as a loose payment the EFT payment was attributed to an earlier tax obligation.

4. The Agency filed an administrative claim of $1,651.43 pertaining to the fourth quarter 2005 on October 9, 2007.

1

5. The administrative claim arises out of a shortfall non-payment of unemployment taxes in the fourth quarter, 2005.

6. The Agency's amended administrative claim relates back to the same claim that gave rise to claim no. 4533.

7. At paragraph 39 of its objection (docket 10738), the debtor objects to the Agency's claim by simply stating the debtor is not liable. However, the debtor does not provide one bit of evidence to support this objection.

8. At paragraph 39 of its objection (docket 10738), the debtor also objects to the Agency's claim by stating the claim is untimely because of the claim bar date of July 31, 2006. However, the debtor does not provide one bit of evidence to support this objection and debtor fails to recognize that the claim relates back to claim no. 4533, and the claim is a post-petition administrative claim not affected by the proof of claim bar date of July 31, 2006.

9. The Agency filed a timely post-petition administrative claim under 11 U.S.C. § 507(a)(1)(A)(2).

10. The Agency's claims are afforded *prima facie* validity. *In re: Spohn*, 61 Bankr. 264 (Bankr. W.D. Wisc. 1986); *In re: Circle J Dairy, Inc.*, 112 Bankr. 297 (Bankr. W.D. Ark. 1989). Unless the debtors object and tender sufficient evidence to overcome the *prima facie* validity accorded to the claims, the claims must be allowed. *Id.* A claimant's proof of claim is entitled to *prima facie* validity under Bankruptcy Rule 3001(f) until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" *WorldCom*, 2005 WL 3832065 at *4 quoting *Allegheny*, 954 F.2d at 174. The debtor in the instant case has not offered any evidence whatsoever in support of its objection to the Agency's claims. Therefore, the debtor's objections to the claims must be denied.

11. Bankruptcy Rule 3001(f) states:

A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

12. Under the Bankruptcy Code, the debtor is required to prove the lack of validity of the supporting figures used to calculate the Agency's debt. This burden may not be shifted from the debtor to the creditor under the Code. Bankruptcy Rule 3001(f). See also, *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15; 120 S. Ct. 1951; 147 L.Ed.2d 13 (2000).

13. The Agency has analyzed the claim as follows: The Agency is presumptively correct because of debtor's failure to file its EFT payment with the fourth quarter 2005 return and debtor's inability to explain its EFT payment history in order to match payments with its unemployment taxes owed.

14. The Agency has filed its claim amount because of the debtor's failure to file its EFT payment with the return, and as a loose payment the EFT payment was attributed to an earlier tax obligation.

15. Once the EFT payment history is tracked for the fourth quarter 2005, the Agency is willing to file an amended claim for the fourth quarter 2005 if appropriate.

16. The Agency is fully justified in filing the claim now being challenged by the debtor. Once a payment explanation is provided, the Agency will amend its claim if appropriate.

17. The proof of claim bar date does not apply to the Agency's post-petition administrative claim.

18. The debtor's objection to the Agency's administrative claim is spurious and lacks any foundation.

3

## RELIEF REQUESTED

Based on the above, the Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency respectfully requests that the debtor's objections to the Agency's administrative claim no. 16721 of $1,651.43 be denied. Unless the EFT payments are explained and attributed to the proper quarters, the Agency's post-petition administrative claim no. 16721 in the amount of $1,651.43 should be sustained.

Respectfully submitted,

Michael A. Cox
Attorney General

 /s/ Roland Hwang
Roland Hwang (P32697)
Assistant Attorney General
Attorney for State of Michigan, DLEG, UIA
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2210
Fax: (313) 456-2201
hwangr@michigan.gov

Dated: November 8, 2007