Hearing Date: November 29, 2007 at 10:00 a.m.
Objection Deadline: November 22, 2007 by 4:00 p.m.

David G. Dragich (*Admitted Pro Hac Vice*)
FOLEY & LARDNER LLP
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for Intermet Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                            )
                                                  )
                                                  )   Chapter 11
DELPHI CORPORATION, et al.,                       )   Case No. 05-44481 (RDD)
                                                  )   Jointly Administered
           Debtors.                               )
-----------------------------------------------------------------x

## INTERMET CORPORATION'S MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(A), 503(B) AND 507(A)(2)

Intermet Corporation ("Intermet"), by its attorneys Foley & Lardner LLP, hereby files this Motion for Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(a), 503(b), and 507(a)(2) (the "Motion"). In support of its Motion, Intermet respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on October 8, 2005 (the "Petition Date").

2.      Upon information and belief, the Debtors continue to operate their businesses and manage their assets as a debtors-in-possession.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested are 11 U.S.C. §§ 503(a), 503(b) and 507(a)(2).

## BACKGROUND

6. Intermet and its affiliates, are among the largest independent producers of ductile iron, aluminum, magnesium and zinc castings in the world. Intermet also provides machining and tooling services and products related to its casting business, along with a range of other products and services for the automotive and industrial markets. Intermet specializes in the design and manufacture of highly engineered, cast automotive components for the global light truck, passenger car, light vehicle and heavy-duty vehicle markets.

7. Delphi Corporation ("Delphi") and its affiliated Chapter 11 debtors (collectively, the "Debtors"), are among the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.

8. On December 12, 2003, Intermet and Delphi entered into a letter agreement concerning the GMT-900 program (the "Rebate Agreement"), a program under which Delphi supplied its customer General Motors ("GM"). A copy of the Rebate Agreement is attached hereto as **Exhibit A**. The Rebate Agreement references Intermet's obligation to supply a front steering knuckle to Delphi pursuant to a supply contract between the parties (the "Supply Contract").

9. Pursuant to the Rebate Agreement, Intermet agreed to provide an advance rebate to Delphi of $600,000.00. Delphi agreed to, among other things, purchase a minimum of 750,000 sets of steering knuckles per year for five (5) years or 100% of the Delphi sourced volume, whichever is greater, over the life of the GMT-900 program. The Rebate Agreement

2

provides that if Delphi does not purchase the minimum amount, Delphi will refund to Intermet the advance rebate proportionally to the shortfall based on the minimum quantity.

10. Delphi no longer supplies GM pursuant to the GMT-900 program. Indeed, on September 17, 2007, Delphi agreed to sell substantially all assets used by Delphi in support of the GMT-900 program which were located in its Saginaw, Michigan facility. (See Saginaw Chassis Asset Sale Motion, attached hereto as **Exhibit B**). Furthermore, Delphi ceased ordering steering knuckles from Intermet on or before September 17, 2007. Accordingly, the Supply Contract has been terminated by virtue of the sale and the cessation of the orders by Delphi.

11. As a result of that termination, and pursuant to the Rebate Agreement, Delphi is obligated to refund to Intermet $417,200.000, which is the shortfall based on the minimum quantity stated in the Rebate Agreement. A chart summarizing the calculation of the shortfall is attached hereto as **Exhibit C**.

12. On October 19, 2007, Intermet sought to exercise its rights under the Rebate Agreement and demanded payment of the refund in the amount of $417,200.00. A copy of the letter sent by Intermet to Delphi is attached hereto as **Exhibit D**. Delphi has failed to respond to the letter and failed pay the stated amount.

## RELIEF REQUESTED

13. By this Motion, Intermet requests that the Court enter an order, in substantially the same form as the attached **Exhibit E**: (i) allowing an administrative claim against the Debtors' estates in the amount of $417,200.00; (ii) directing the Debtors to immediately pay $417,200.00 to Intermet, and (iii) granting such other and further relief as is just and proper.

DETR_470719.2

**ARGUMENT**

14.     Intermet's post-petition claim arising from the Rebate Agreement should be allowed and paid immediately. Section 503(a) provides that "any entity may timely file a request for payment of an administrative expense . . ." 11 U.S.C. § 503(a). Section 503(b)(1)(A) of the Bankruptcy Code provides that a party will be allowed an administrative expense claim in the bankruptcy case for, *inter alia*, "the actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b)(1)(A). Further, it is well-accepted that a debtor's post-petition business activities that cause harm to third parties must be remedied by affording administrative expense status for such parties. See Reading Co. v. Brown, 391 U.S. 471 (1968); Cramer v. Mammoth Mart, Inc.), 536 F.2d 950, 954 (1st Cir. 1976) ("[F]airness requires that any claims incident to the debtor-in-possession's operations of the business be paid before those creditors for whose benefit the continued operation of the business was allowed.") The Third Circuit summarized the logic underlying the Supreme Court's ruling in Reading as follows:

> The [Reading] Court believed that those who continue to transact business with the debtor during the Chapter 11 case, and who suffer financially as a result, are entitled to priority over other creditors who have not affirmatively assumed such risk. The [Reading] Court reasoned that fairness dictates that those injured by the operation of a bankrupt business by a receiver acting within the scope of his authority be compensated for the injury. The [Reading] Court concluded that it simply is not fair to deny innocent victims compensation for injuries they would not have incurred had the law not allowed the debtor to continue operating its business.

Pa. Dep't of Envtl. Res. V. Tri-State Clinical Labs., Inc., 178 F.3d 685, 690 (3d Cir. 1999). Finally, consequential and incidental damages that arise from a debtor's post-petition action are granted administrative expense status as well. See e.g., Institut Pasteur v. Cambridge Biotech Corp. (In re Cambridge Biotech Corp.), 186 B.R. 9, 14 (Bankr. D. Mass. 1995) (concluding that

4

to the extent the debtor's post-petition conduct constitutes a breach, the non-breaching claimant would be entitled to a first priority administrative expense claim); aff'd 212 B.R. 10 (D. Mass. 1997); In re Armorflite Precision, Inc., 48 B.R. 994, 1000 (D. Me. 1985) (where the trustee had agreed to return certain equipment that had been used post-petition to a creditor, the estate was liable for increased transport costs incurred by the creditor after the trustee delayed in turning the equipment over).

15.    Accordingly, to the extent that the Debtors' business activities (i.e., the post-petition failure to order the minimum requirements under the Supply Agreement) gave rise to post-petition damages as set forth in the Rebate Agreement, Intermet should be entitled to a post-petition administrative expense claim that is allowed against the Debtors' bankruptcy estates. Intermet's post-petition claim is entitled to administrative expense priority treatment because the claim is directly attributable to the Debtors' post-petition breach of the Supply Agreement.

## MEMORANDUM OF LAW

16.    Because the legal points and authorities upon which this Motion relies are incorporated herein, Intermet respectfully requests that the requirement of service of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

17.    Notice of this Motion is being sent as set forth in the attached Certificate of Service. Intermet submits that under the circumstances no other or further notice is required.

5

DETR_470719.2

## CONCLUSION

WHEREFORE, Intermet respectfully requests that the Court enter an order: (i) allowing an administrative claim against the Debtors' estates in the amount of $417,200.00; (ii) directing the Debtors to immediately pay $417,200.00 to Intermet, and (iii) granting such other and further relief as is just and proper.

                Respectfully submitted,

                **FOLEY & LARDNER LLP**

                /s/ David G. Dragich
                David G. Dragich (*Admitted Pro Hac Vice*)
                500 Woodward Ave., Suite 2700
                Detroit, MI 48226
                Telephone: (313) 234-7100
                Facsimile: (313) 234-2800
                Attorneys for Intermet Corporation

Dated:  November 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing document by causing a true and correct copy to be sent by Federal Express overnight delivery service, addressed as follows:

| | |
|---|---|
| Delphi Corporation<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, Michigan 48098 | John Wm. Butler, Jr., Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL 60606 |
| Donald Bernstein, Esq.<br>Brian Resnick, Esq.<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | Robert J. Rosenberg, Esq.<br>Mark A. Broude<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, New York 10022 |
| Bonnie Steingart, Esq.<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, New York 10004 | Alicia M. Leonhard, Esq.<br>Office of the U.S. Trustee for the Southern District of New York<br>33 Whitehall Street, Suite 2100<br>New York, New York 10004 |

Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ David G. Dragich
David G. Dragich (*Admitted Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for Intermet Corporation

Dated: November 9, 2007