GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)

Hearing Date: November 16, 2007 at 10:00 a.m.
Objection Deadline: November 13, 2007 at 4:00 p.m.

- and -

GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
(617) 570-1330
Gina Lynn Martin (GM 1324)

Attorneys for Caspian Capital Advisors, LLC;
Castlerigg Master Investments Ltd.; Davidson
Kempner Capital Management LLC; Elliott
Associates, L.P.; Nomura Corporate Research
& Asset Management, Inc; Sailfish Capital Partners,
LLC; and Whitebox Advisors, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
------------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CASPIAN CAPITAL ADVISORS, LLC; CASTLERIGG MASTER INVESTMENTS LTD.; DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH & ASSET MANAGEMENT, INC.; SAILFISH CAPITAL PARTNERS, LLC; AND WHITEBOX ADVISORS, LLC TO EXPEDITED MOTION UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002, 6004, 9006, AND 9007 FOR ORDER AUTHORIZING DEBTORS' ENTRY INTO EXIT FACILITY ENGAGEMENT AND FEE LETTERS AND PERFORMANCE THEREUNDER**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; Davidson Kempner

Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset

Management, Inc;  Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC or any

respective affiliates thereof (each, a "Creditor"), each in its individual capacity as a creditor of

Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the

"Debtors"), by and through its counsel, Goodwin Procter LLP, as and for this limited objection

and reservation of rights (this "Objection") to the Expedited Motion under 11 U.S.C. § 363 and

Fed. R. Bankr. P. 2002, 6004, 9006, and 9007 For Order Authorizing Debtors Entry Into Exit

Facility Engagement and Fee Letters and Performance Thereunder [Docket No. 10854] (the

"Exit Facility Motion").[1]

## **Background**

1.      On October 8 and 14, 2005, each of the Debtors commenced these cases (the

"Cases") under chapter 11 of title 11, United States Code, 11 U.S.C. § 101 *et seq.* (the

"Bankruptcy Code").  The Cases have been consolidated for administrative purposes only, but

have not been substantively consolidated.

2.      On July 18, 2007, the Debtors filed their Motion for Order Authorizing and

Approving Delphi-Appaloosa Investment Equity Purchase and Commitment Agreement

Pursuant to 11 U.S.C. §§105(a), 363(b), 503(b), and 507(a), dated July 18, 2007 [Docket No.

8673] (the "Delphi-Appaloosa EPCA").

---

[1]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Exit Financing
Motion.

3.      On September 6, 2007, the Debtors filed (A) the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession [Docket No. 9263] (the "Plan"); (B) the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession [Docket No. 9264] (the "Disclosure Statement"); and (C) the Motion for Order Approving (I) Disclosure Statement, (II) Record Date, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures [Docket No. 9266].

4.      On September 27, 2007, the Debtors indicated that they were unable to obtain the $7.1 billion of exit financing due to the state of the capital markets and that they would need to make "laser-like" amendments to the Plan and related documents.  See Transcript of September 27, 2007 Hearing, pp. 45-48.

5.      On October 3, 2007 the Debtors began the hearing to approve the Disclosure Statement before this Court.  The hearing was continued to October 25, 2007 and subsequently continued to November 8, 2007 pursuant to the Supplemental Order (A) Establishing Revised Hearing Date and Related Procedures on Disclosure Statement and Solicitations Procedure Motion and (B) Setting Hearing Date and Related Procedures for Potential Motions Amending Investment Agreement and Approving Certain Exit Financing Agreements dated October 19, 2007 [Docket No. 10662].

6.      On October 29, 2007, the Debtors filed the Notice of Potential Amendments To Debtors' Disclosure Statement With Respect To Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession and Certain Appendices

3

and Exhibits Related Thereto[Docket No. 10759], including the First Amendment to the Equity

Purchase and Commitment Agreement (the "EPCA Amendment"), as Exhibit H thereto.

7.     On October 30, 2007, the Debtors filed the Expedited Motion For Order Under 11

U.S.C. Sections 105(a), 363(b), 503(b), And 507(a) Authorizing And Approving Amendment To

Delphi-Appaloosa Equity Purchase And Commitment Agreement [Docket No. 10760] (the

"EPCA Motion").

8.     On November 2, 2007, the Creditors, as well as other parties in interest, filed

various objections to the Disclosure Statement as well as the EPCA Motion.

9.     On November 6, 2007, the Debtors filed the Exit Financing Motion, seeking

approval of the Engagement Letter pursuant to which the Lead Arrangers will use commercially

reasonable best efforts to syndicate the Exit Financing Arrangements.  The Exit Financing

Arrangements are premised upon, among other things, an equity investment and rights offering

of a combined amount of not less than $2.55 billion (the "Cash Equity Infusion") backstopped by

investors (the "Plan Investors") and pursuant to a plan (the "Equity Plan") reasonably acceptable

to the Lead Arrangers.

10.    On November 7, 2007, this Court entered the Second Supplemental Order (A)

Establishing Revised Hearing Date and Related Procedures on Disclosure Statement and

Solicitation Procedures Motion and (B) Setting Hearing Date and Related Procedures for Motion

to Amend Investment Agreement [Docket No. 10864], pursuant to which the Debtors are to use

commercially reasonable efforts to file notice of further amendments to, among other things, the

Plan, the Disclosure Statement, and the Delphi-Appaloosa EPCA, on November 16, 2007.

11.    On November 8, 2007, Appaloosa Management, L.P. and several of its affiliates

filed a Schedule 13D/A (the "Appaloosa 13-D") with the Securities and Exchange Commission

4

(the "SEC") stating that the EPCA Amendment had terminated pursuant to its terms on

November 6, 2007, because several conditions had not been satisfied. A copy of the Appaloosa

13-D is attached hereto as Exhibit A.

12.    On November 9, 2007, the Debtors filed a Form 8-K with the SEC stating that

"the conditions to the effectiveness of the [EPCA Amendment] were not satisfied prior to the

hearing scheduled for November 8, 2007. As a result, Delphi's Plan Investors are no longer

obligated to execute the amendment, although the underlying Investment Agreement remains

effective in accordance with its terms as approved by the Court in August 2007." A copy of the

Debtors' Form 8-K is attached hereto as Exhibit B.

## Limited Objection and Reservation of Rights

13.    As set forth in the EPCA Motion, "the occurrence of various events in Delphi's

Chapter 11 cases and in the broader economy required the Debtors to make changes to the five

year business plan, the proposed capital structure of reorganized Delphi, and some distributions

under the Plan." EPCA Motion ¶ 21. As a result, the Debtors and the Plan Investors agreed to

amend the Delphi-Appaloosa EPCA and seek approval of such amendment concurrently with

approval of the Disclosure Statement. Based on the adjournment of the EPCA Motion, as well as

the Form 8-K filed by Debtors and the Appaloosa 13-D, it is clear that the terms of the Delphi-

Appaloosa EPCA and the EPCA Amendment are "in flux."

14.    Without knowing precisely what the terms of the Equity Plan will be or whether

such plan will be satisfactory to the Lead Arrangers, the relief sought in the Exit Financing

Motion is premature. Seeking approval of the Exit Financing prior to knowing what the Debtors'

exit will look like puts the proverbial cart before the horse. By the terms of the Engagement

Letter, unless and until the terms of the Equity Plan are known, the Lead Arrangers cannot seek

to syndicate the Exit Facility.

15.     While each Creditor supports the Debtors' attempts to obtain exit financing, in

light of the termination of the EPCA Amendment and the uncertainty surrounding the feasibility

of the Delphi-Appaloosa EPCA, each Creditor files this limited objection out of an abundance of

caution to preserve its rights to object to the relief sought in the Exit Financing Motion based

upon such facts and circumstances that may exist at the time of the hearing regarding the Exit

Financing Motion.

## WAIVER OF MEMORANDUM OF LAW

16.     Because this Objection presents no novel issues of law and the authorities relied

upon are set forth herein, each Creditor respectfully (i) requests that the Court waive the

requirement of filing a separate memorandum of law in support of this Objection pursuant to

L.B.R. 9013-1(b), and (ii) reserves the right to file a brief in reply to any response to this

Objection.


*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, each Creditor respectfully requests that this Court preserve its rights with

respect to the matters raised in this Objection and grant such other relief as the Court deems just

and proper.

Dated: New York, New York
       November 13, 2007

                              GOODWIN PROCTER LLP

                              By:   /s/  Allan S. Brilliant
                              Allan S. Brilliant (AB 8455)
                              Craig P. Druehl (CD 2657)
                              Meagan E. Costello (MC 0962)
                              599 Lexington Avenue
                              New York, New York 10022
                              (212) 813-8800

                                   - and -

                              GOODWIN PROCTER LLP
                              Gina Lynn Martin (GM 1324)
                              Exchange Place
                              Boston, Massachusetts  02109
                              (617) 570-1330

                              Attorneys for Caspian Capital Advisors, LLC;
                              Castlerigg Master Investments Ltd.; Davidson
                              Kempner Capital Management LLC; Elliott
                              Associates, L.P.; Nomura Corporate Research
                              & Asset Management, Inc; Sailfish Capital Partners,
                              LLC; and Whitebox Advisors, LLC

EXHIBIT A

===============================================================================

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

----------

SCHEDULE 13D/A

(Amendment No. 14)

UNDER THE SECURITIES EXCHANGE ACT OF 1934

DELPHI CORPORATION
-------------------
(Name of Issuer)

Common Stock, $0.01 Par Value Per Share
------------------------------------------
(Title of Class of Securities)

247126105
---------------
(CUSIP Number)

Kenneth Maiman
Appaloosa Management L.P.
26 Main Street, First Floor
Chatham, NJ 07928
(973) 701-7000
-------------------------------------------------------------
(Name, Address and Telephone Number of Person Authorized to
Receive Notices and Communications)

November 6, 2007
(Date of Event Which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report
the acquisition which is the subject of this Schedule 13D, and is filing this
schedule because of Rule 13d-1(e), 13d-1(f) or 13d-1(g), check the following box
[ ].

===============================================================================

Page 1 of 15

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

SCHEDULE 13D

--------------------
CUSIP No. 247126105
--------------------

| 1 | NAME OF REPORTING PERSONS<br>Appaloosa Investment Limited Partnership I<br><br>I.R.S. IDENTIFICATION NOS. OF ABOVE PERSON (ENTITIES ONLY)<br>22-3220838 | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP | (a) [X]<br>(b) [X] (1) | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS<br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED<br>PURSUANT TO ITEMS 2(d) or 2(e) | [ ] | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br>Delaware | | |
| NUMBER OF SHARES<br>BENEFICIALLY OWNED<br>BY EACH REPORTING<br>PERSON WITH | 7 | SOLE VOTING POWER<br>0 | |
| | 8 | SHARED VOTING POWER<br>27,716,000 | |
| | 9 | SOLE DISPOSITIVE POWER<br>0 | |
| | 10 | SHARED DISPOSITIVE POWER<br>27,716,000 | |
| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH<br>REPORTING PERSON<br>101,360,421 (2) | | |
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES<br>CERTAIN SHARES | [ ] | |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>18.04% (2) | | |
| 14 | TYPE OF REPORTING PERSON<br>PN | | |

----------
(1)  Box (a) is checked with respect to the relationship of the Reporting
     Persons and Harbinger, Merrill, UBS, Pardus and GS as described in Item 4
     and footnote (2) below. Box (b) is checked with respect to the relationship
     of the Reporting Persons and the New Additional Investors described in Item
     4. The Reporting Persons expressly disclaim membership in a group (within
     the meaning of Section 13(d) of the Securities Exchange Act of 1934) with
     the New Additional Investors.

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

(2) As a result of the New Investment Agreement described in Item 4, the
Reporting Persons are deemed to be the beneficial owners of shares of the
Issuer's Common Stock beneficially owned by Harbinger, Merrill, UBS, Pardus
and GS. Based on information filed with the Securities and Exchange
Commission, Harbinger Capital Partners Master Fund I, Ltd. and its related
entities beneficially own 26,450,000 shares, Merrill Lynch, Pierce, Fenner
& Smith Incorporated beneficially owns 1,482,206 shares, UBS AG
beneficially owns 4,419,294 shares, Pardus Special Opportunities Master
Fund L.P. and its related entities beneficially own 26,400,000 shares and
GS beneficially owns 14,892,921 shares.

Page 3 of 15

SCHEDULE 13D

--------------------
CUSIP No. 247126105
--------------------

```
------ ---------------------------------------------------------------------------
1    NAME OF REPORTING PERSONS
     Palomino Fund Ltd.

     I.R.S. IDENTIFICATION NOS. OF ABOVE PERSON (ENTITIES ONLY)
     98-0150431
------ ---------------------------------------------------------------------------
2    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP              (a) [X]
                                                                  (b) [X] (1)
------ ---------------------------------------------------------------------------
3    SEC USE ONLY
------ ---------------------------------------------------------------------------
4    SOURCE OF FUNDS
     OO
------ ---------------------------------------------------------------------------
5    CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED
     PURSUANT TO ITEMS 2(d) or 2(e)                                       [ ]
------ ---------------------------------------------------------------------------
6    CITIZENSHIP OR PLACE OF ORGANIZATION
     British Virgin Islands
------------------- ------------------ ------ ----------------------------------------
NUMBER OF SHARES                     7    SOLE VOTING POWER
BENEFICIALLY OWNED                        0
BY EACH REPORTING                    ------ --------------------------------------------
PERSON WITH                          8    SHARED VOTING POWER
                                          24,284,000
                                     ------ --------------------------------------------
                                     9    SOLE DISPOSITIVE POWER
                                          0
                                     ------ --------------------------------------------
                                     10   SHARED DISPOSITIVE POWER
                                          24,284,000
------ ---------------------------------------------------------------------------
11   AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH
     REPORTING PERSON
     97,928,421 (2)
------ ---------------------------------------------------------------------------
12   CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES
     CERTAIN SHARES                                                       [ ]
------ ---------------------------------------------------------------------------
13   PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
     17.43% (2)
------ ---------------------------------------------------------------------------
14   TYPE OF REPORTING PERSON
     PN
------ ---------------------------------------------------------------------------
```

----------
(1)  Box (a) is checked with respect to the relationship of the Reporting
     Persons and Harbinger, Merrill, UBS, Pardus and GS as described in Item 4
     and footnote (2) below. Box (b) is checked with respect to the relationship
     of the Reporting Persons and the New Additional Investors described in Item
     4. The Reporting Persons expressly disclaim membership in a group (within
     the meaning of Section 13(d) of the Securities Exchange Act of 1934) with
     the New Additional Investors.

Page 4 of 15

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

(2)  As a result of the New Investment Agreement described in Item 4, the
     Reporting Persons are deemed to be the beneficial owners of shares of the
     Issuer's Common Stock beneficially owned by Harbinger, Merrill, UBS, Pardus
     and GS. Based on information filed with the Securities and Exchange
     Commission, Harbinger Capital Partners Master Fund I, Ltd. and its related
     entities beneficially own 26,450,000 shares, Merrill Lynch, Pierce, Fenner
     & Smith Incorporated beneficially owns 1,482,206 shares, UBS AG
     beneficially owns 4,419,294 shares, Pardus Special Opportunities Master
     Fund L.P. and its related entities beneficially own 26,400,000 shares and
     GS beneficially owns 14,892,921 shares.

Page 5 of 15

SCHEDULE 13D

```
-------------------
CUSIP No. 247126105
-------------------
```

| | | |
|---|---|---|
| 1 | NAME OF REPORTING PERSONS<br>Appaloosa Management L.P.<br><br>I.R.S. IDENTIFICATION NOS. OF ABOVE PERSON (ENTITIES ONLY)<br>22-3220835 | |
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP | (a) [X]<br>(b) [X] (1) |
| 3 | SEC USE ONLY | |
| 4 | SOURCE OF FUNDS<br>OO | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED<br>PURSUANT TO ITEMS 2(d) or 2(e) | [ ] |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br>Delaware | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>0 |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>52,000,000 |
| | 9 | SOLE DISPOSITIVE POWER<br>0 |
| | 10 | SHARED DISPOSITIVE POWER<br>52,000,000 |

| | | |
|---|---|---|
| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>125,644,421 (2) | |
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | [ ] |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>22.37% (2) | |
| 14 | TYPE OF REPORTING PERSON<br>PN | |

```
----------
```
(1)  Box (a) is checked with respect to the relationship of the Reporting
     Persons and Harbinger, Merrill, UBS, Pardus and GS as described in Item 4
     and footnote (2) below. Box (b) is checked with respect to the relationship
     of the Reporting Persons and the New Additional Investors described in Item
     4. The Reporting Persons expressly disclaim membership in a group (within
     the meaning of Section 13(d) of the Securities Exchange Act of 1934) with
     the New Additional Investors.

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

(2)  As a result of the New Investment Agreement described in Item 4, the
     Reporting Persons are deemed to be the beneficial owners of shares of the
     Issuer's Common Stock beneficially owned by Harbinger, Merrill, UBS, Pardus
     and GS. Based on information filed with the Securities and Exchange
     Commission, Harbinger Capital Partners Master Fund I, Ltd. and its related
     entities beneficially own 26,450,000 shares, Merrill Lynch, Pierce, Fenner
     & Smith Incorporated beneficially owns 1,482,206 shares, UBS AG
     beneficially owns 4,419,294 shares, Pardus Special Opportunities Master
     Fund L.P. and its related entities beneficially own 26,400,000 shares and
     GS beneficially owns 14,892,921 shares.

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

```
SCHEDULE 13D

--------------------
CUSIP No. 247126105
--------------------
```

| | | |
|---|---|---|
| 1 | NAME OF REPORTING PERSONS<br>Appaloosa Partners Inc.<br><br>I.R.S. IDENTIFICATION NOS. OF ABOVE PERSON (ENTITIES ONLY)<br>22-3220833 | |
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP | (a) [X]<br>(b) [X] (1) |
| 3 | SEC USE ONLY | |
| 4 | SOURCE OF FUNDS<br>OO | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED<br>PURSUANT TO ITEMS 2(d) or 2(e) | [ ] |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br>Delaware | |

| NUMBER OF SHARES<br>BENEFICIALLY OWNED<br>BY EACH REPORTING<br>PERSON WITH | 7 | SOLE VOTING POWER<br>0 |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>52,000,000 |
| | 9 | SOLE DISPOSITIVE POWER<br>0 |
| | 10 | SHARED DISPOSITIVE POWER<br>52,000,000 |

| | |
|---|---|
| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>125,644,421 (2) |
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES<br>CERTAIN SHARES                                                    [ ] |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>22.37% (2) |
| 14 | TYPE OF REPORTING PERSON<br>PN |

```
----------
(1) Box (a) is checked with respect to the relationship of the Reporting
    Persons and Harbinger, Merrill, UBS, Pardus and GS as described in Item 4
    and footnote (2) below. Box (b) is checked with respect to the relationship
    of the Reporting Persons and the New Additional Investors described in Item
    4. The Reporting Persons expressly disclaim membership in a group (within
    the meaning of Section 13(d) of the Securities Exchange Act of 1934) with
    the New Additional Investors.
```

Page 8 of 15

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

(2)   As a result of the New Investment Agreement described in Item 4, the
Reporting Persons are deemed to be the beneficial owners of shares of the
Issuer's Common Stock beneficially owned by Harbinger, Merrill, UBS, Pardus
and GS. Based on information filed with the Securities and Exchange
Commission, Harbinger Capital Partners Master Fund I, Ltd. and its related
entities beneficially own 26,450,000 shares, Merrill Lynch, Pierce, Fenner
& Smith Incorporated beneficially owns 1,482,206 shares, UBS AG
beneficially owns 4,419,294 shares, Pardus Special Opportunities Master
Fund L.P. and its related entities beneficially own 26,400,000 shares and
GS beneficially owns 14,892,921 shares.

Page 9 of 15

SCHEDULE 13D

--------------------
CUSIP No. 247126105
--------------------

| 1 | NAME OF REPORTING PERSONS<br>David A. Tepper<br><br>I.R.S. IDENTIFICATION NOS. OF ABOVE PERSON (ENTITIES ONLY) | |
|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP | (a) [X]<br>(b) [X] (1) |
| 3 | SEC USE ONLY | |
| 4 | SOURCE OF FUNDS<br>OO | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED<br>PURSUANT TO ITEMS 2(d) or 2(e) | [ ] |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br>United States of America | |

| NUMBER OF SHARES<br>BENEFICIALLY OWNED<br>BY EACH REPORTING<br>PERSON WITH | 7 | SOLE VOTING POWER<br>0 |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>52,000,000 |
| | 9 | SOLE DISPOSITIVE POWER<br>0 |
| | 10 | SHARED DISPOSITIVE POWER<br>52,000,000 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>125,644,421 (2) | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES<br>CERTAIN SHARES | [ ] |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>22.37% (2) | |
| 14 | TYPE OF REPORTING PERSON<br>PN | |

----------
(1)  Box (a) is checked with respect to the relationship of the Reporting
     Persons and Harbinger, Merrill, UBS, Pardus and GS as described in Item 4
     and footnote (2) below. Box (b) is checked with respect to the relationship
     of the Reporting Persons and the New Additional Investors described in Item
     4. The Reporting Persons expressly disclaim membership in a group (within
     the meaning of Section 13(d) of the Securities Exchange Act of 1934) with
     the New Additional Investors.

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

(2)  As a result of the New Investment Agreement described in Item 4, the
     Reporting Persons are deemed to be the beneficial owners of shares of the
     Issuer's Common Stock beneficially owned by Harbinger, Merrill, UBS, Pardus
     and GS. Based on information filed with the Securities and Exchange
     Commission, Harbinger Capital Partners Master Fund I, Ltd. and its related
     entities beneficially own 26,450,000 shares, Merrill Lynch, Pierce, Fenner
     & Smith Incorporated beneficially owns 1,482,206 shares, UBS AG
     beneficially owns 4,419,294 shares, Pardus Special Opportunities Master
     Fund L.P. and its related entities beneficially own 26,400,000 shares and
     GS beneficially owns 14,892,921 shares.

Page 11 of 15

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

This Amendment No. 14 [this "Amendment"] to the Schedule 13D (the "Initial Schedule 13D") initially filed on March 16, 2006 by the Reporting Persons (as defined in the Initial Schedule 13D), as amended on August 1, 2006, August 29, 2006, December 19, 2006, January 18, 2007, March 2, 2007, March 12, 2007, May 15, 2007, July 6, 2007, July 10, 2007, July 20, 2007, July 23, 2007, August 3, 2007 and November 2, 2007 relates to the common stock, $0.01 par value per share (the "Common Stock"), of Delphi Corporation, a Delaware corporation (the "Issuer"), and is being filed to amend the Reporting Persons' previously-filed Schedule 13D as specifically set forth below.

Certain information contained in this Schedule 13D/A relates to share ownership of persons other than the Reporting Persons. The Reporting Persons expressly disclaim any liability for any such information and for any other information provided in this Amendment that does not expressly pertain to a Reporting Person, as such term is defined in Item 2 of the Initial Schedule 13D.

ITEM 4 IS HEREBY AMENDED BY ADDING THE FOLLOWING:

Termination of Revised Proposal

On November 6, 2007, as a result of certain of the conditions set forth therein not being satisfied, the Revised Proposal terminated in accordance with its terms.

Except as described in this Item 4 or otherwise described in this Statement, the Reporting Persons currently have no plans or proposals which relate to or would result in any transaction, event or action enumerated in paragraphs (a) through (j) of Item 4 of the form of Schedule 13D promulgated under the Securities Exchange Act of 1934, as amended. Subject to the terms of the New Investment Agreement, each of the Reporting Persons reserves the right, in light of its or his ongoing evaluation of the Issuer's financial condition, business, operations and prospects, the market price of the Common Stock, conditions in the securities markets generally, general economic and industry conditions, its or his business objectives and other relevant factors, to change its or his plans and intentions at any time, as it or he deems appropriate. In particular, and without limiting the generality of the foregoing (but subject to the terms of the Confidentiality Agreement and the New Investment Agreement), any one or more of the Reporting Persons (and their respective affiliates) reserves the right, in each case subject to any applicable limitations imposed on the sale of any of their Common Stock by the Securities Act of 1933, as amended, or other applicable law, to (i) purchase additional shares of Common Stock or other securities of the Issuer, (ii) sell or transfer shares of Common Stock or other securities beneficially owned by them from time to time in public or private transactions and (iii) cause any of the Reporting Persons to distribute in kind to their respective stockholders, partners or members, as the case may be, shares of Common Stock or other securities owned by such Reporting Persons.

This Amendment is not a solicitation for votes on the Issuer's plan of reorganization. No disclosure statement has been approved by the Bankruptcy Court for the Issuer's plan of reorganization.

Page 12 of 15

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

ITEM 6 IS HEREBY AMENDED BY ADDING THE FOLLOWING:

On November 6, 2007, the Revised Proposal terminated in accordance with its terms.

Other than as described in this Statement, to the best knowledge of the Reporting Persons there are no contracts, arrangements, understandings or relationships (legal or otherwise) among the Reporting Persons, and between any such persons and any other person, with respect to any securities of the Issuer, including but not limited to, transfer and voting of any of the securities, finder's fees, joint ventures, loan or option arrangements, puts or calls, guarantees of profits, division of profits or loss, or the giving or withholding of proxies, or a pledge or contingency the occurrence of which would give another person voting power or investment power over the securities of the Issuer.

Page 13 of 15

SIGNATURE

    After reasonable inquiry and to the best of my knowledge and belief, I
certify that the information set forth in this statement is true, complete and
correct.

Dated: November 8, 2007

                                                      APPALOOSA INVESTMENT LIMITED
                                                       PARTNERSHIP I

                                                       By: APPALOOSA MANAGEMENT L.P.,
                                                       Its General Partner

                                                       By:  APPALOOSA PARTNERS INC.,
                                                       Its General Partner

      By: /s/ David A. Tepper
          ----------------------------
      Name:  David A. Tepper
      Title: President

      PALOMINO FUND LTD.

      By: APPALOOSA MANAGEMENT L.P.,
      Its Investment Adviser

      By: APPALOOSA PARTNERS INC.,
      Its General Partner

      By: /s/ David A. Tepper
          ----------------------------
      Name:  David A. Tepper
      Title: President

      APPALOOSA MANAGEMENT L.P.

      By: APPALOOSA PARTNERS INC.,
      Its General Partner

      By: /s/ David A. Tepper
          ----------------------------
      Name:  David A. Tepper
      Title: President

      APPALOOSA PARTNERS INC.

      By: /s/ David A. Tepper
          ----------------------------

Page 14 of 15

Source: APPALOOSA MANAGEMENT, SC 13D/A, November 08, 2007

```
                                        Name:  David A. Tepper
                                        Title: President


                                        /s/  David A. Tepper
                                        -------------------------------
                                        David A. Tepper
```

Page 15 of 15

```
</TEXT>
</DOCUMENT>
```

_____
Created by 10K Wizard    www.10KWizard.com

EXHIBIT B

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

# FORM 8-K

**CURRENT REPORT**
**PURSUANT TO SECTION 13 OR 15(D) OF**
**THE SECURITIES EXCHANGE ACT OF 1934**

Date of report (Date of earliest event reported)                    November 9, 2007

Delphi Corporation
(Exact Name of Registrant as Specified in Its Charter)

| Delaware | 1-14787 | 38-3430473 |
|---|---|---|
| (State or Other Jurisdiction of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

| 5725 Delphi Drive, Troy, MI | 48098 |
|---|---|
| (Address of Principal Executive Offices) | (Zip Code) |

(248) 813-2000
(Registrant's Telephone Number, Including Area Code)

(Former Name or Former Address, if Changed Since Last Report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (*see* General Instruction A.2. below):

☐  Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐  Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐  Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐  Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Source: DELPHI CORP, 8-K, November 09, 2007

**ITEM 8.01    OTHER EVENTS**

Delphi Corporation ("Delphi" or the "Company") today announced that the United States ("U.S") Bankruptcy Court for the Southern District of New York (the "Court") has agreed to continue until November 29, 2007 a hearing previously scheduled for November 8, 2007 to consider potential amendments to its Joint Plan of Reorganization (the "Plan") and related Disclosure Statement as well as an amendment to the Company's Investment Agreement. As previously disclosed, the conditions to the effectiveness of the Investment Agreement amendment were not satisfied prior to the hearing scheduled for November 8, 2007. As a result, Delphi's Plan Investors are no longer obligated to execute the amendment, although the underlying Investment Agreement remains effective in accordance with its terms as approved by the Court in August 2007. The adjournment of the hearing allowed Delphi to continue to negotiate potential amendments to the Plan filed on September 6, 2007 with its principal stakeholders, including Delphi's Statutory Committees, Plan Investors and General Motors Corporation. A copy of the press release is attached as exhibit 99(a) hereto.

**FORWARD-LOOKING STATEMENTS**

This Current Report on Form 8-K, including the exhibits being filed as part of this report, as well as other statements made by Delphi may contain forward-looking statements that reflect, when made, the Company's current views with respect to current events and financial performance. Such forward-looking statements are and will be, as the case may be, subject to many risks, uncertainties and factors relating to the Company's operations and business environment which may cause the actual results of the Company to be materially different from any future results, express or implied, by such forward-looking statements. In some cases, you can identify these statements by forward-looking words such as "may," "might," "will," "should," "expects," "plans," "anticipates," "believes," "estimates," "predicts," "potential" or "continue," the negative of these terms and other comparable terminology. Factors that could cause actual results to differ materially from these forward-looking statements include, but are not limited to, the following: the ability of the Company to continue as a going concern; the ability of the Company to operate pursuant to the terms of the debtor-in-possession financing facility and to obtain an extension of term or other amendments as necessary to maintain access to such facility; the terms of any reorganization plan ultimately confirmed; the Company's ability to obtain Court approval with respect to motions in the chapter 11 cases prosecuted by it from time to time; the ability of the Company to prosecute, confirm and consummate one or more plans of reorganization with respect to the chapter 11 cases; the Company's ability to satisfy the terms and conditions of the EPCA; risks associated with third parties seeking and obtaining Court approval to terminate or shorten the exclusivity period for the Company to propose and confirm one or more plans of reorganization, for the appointment of a chapter 11 trustee or to convert the cases to chapter 7 cases; the ability of the Company to obtain and maintain normal terms with vendors and service providers; the Company's ability to maintain contracts that are critical to its operations; the potential adverse impact of the chapter 11 cases on the Company's liquidity or results of operations; the ability of the Company to fund and execute its business plan (including the transformation plan described in Item 1. Business "Potential Divestitures, Consolidations and Wind-Downs" of the Annual Report on Form 10-K for the year ended December 31, 2006 filed with the U.S. Securities and Exchange Commission (the "SEC")) and to do so in a timely manner; the ability of the Company to attract, motivate and/or retain key executives and associates; the ability of the Company to avoid or continue to operate during a strike, or partial work stoppage or slow down by any of its unionized employees or those of its principal customers and the ability of the Company to attract and retain customers. Additional factors that could affect future results are identified in the Company's Annual Report on Form 10-K for the year ended December 31, 2006, including the risk factors in Part I. Item 1A. Risk Factors, contained therein and the Company's quarterly periodic reports for the subsequent periods, including the risk factors in Part II. Item 1A. Risk Factors, contained therein, filed with the SEC. Delphi disclaims any intention or obligation to update or revise any forward-looking statements, whether as a result of new information, future events and/or otherwise. Similarly, these and other factors, including the terms of any reorganization plan ultimately confirmed, can affect the value of the Company's various prepetition liabilities, common stock and/or other equity securities. Additionally, no assurance can be given as to what values, if any, will be ascribed in the bankruptcy cases to each of these constituencies. A plan of reorganizati could result in holders of Delphi's common stock receiving no distribution on account of their interest and cancellation of their interests. In addition, under certain conditions specified in the Bankruptcy Code, a plan of reorganization may be confirmed notwithstanding its rejection by an impaired class of creditors or equity holders and notwithstanding the fact that equity holders do not receive or retain property on account of their equity interests under the plan. In light of the foregoing, the Company considers the value of the common stock to be highly speculative and cautions equity holders that the stock may ultimately be determined to have little or no value. Accordingly, the Company urges that appropriate caution be exercised with respect to existing and future investments in Delphi's common stock or other equity interests or any claims relating to prepetition liabilities.

2

Source: DELPHI CORP, 8-K, November 09, 2007

**ITEM 9.01    FINANCIAL STATEMENTS AND EXHIBITS**

(d)    Exhibits. The following exhibit is being furnished as part of this report.

| Exhibit Number | Description |
|---|---|
| 99 (a) | Press release issued by Delphi on November 9, 2007 |

## SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

DELPHI CORPORATION
(Registrant)

Date: <u>November 9, 2007</u>

By: <u>/s/ JOHN D. SHEEHAN</u>
John D. Sheehan,
Vice President and Chief Restructuring
Officer

3

Exhibit 99(a)



news release

**FOR RELEASE:** Nov. 9, 2007; 8:00 a.m. ET

**MEDIA CONTACT:** Lindsey Williams — 248-813-2528

**INVESTOR CONTACT:** Al VanDenBergh — 248-813-2495

### DELPHI ANNOUNCES DISCLOSURE STATEMENT AND PLAN INVESTMENT AGREEMENT AMENDMENT HEARINGS CONTINUED TO NOV. 29

**TROY, Mich. —** Delphi Corp. (OTC:DPHIQ) announced that the U.S. Bankruptcy Court for the Southern District of New York has agreed to continue until Nov. 29 a hearing previously scheduled for Nov. 8 to consider potential amendments to its Joint Plan of Reorganization and related Disclosure Statement as well as an amendment to the Company's Investment Agreement. Consistent with the Company's expectations previously disclosed, the conditions to the effectiveness of the Investment Agreement amendment announced on Oct. 30 were not satisfied prior to the Nov. 8 scheduled hearing. As a result, Delphi's Plan Investors are no longer obligated to execute the Oct. 30 amendment, although the underlying Investment Agreement remains effective in accordance with its terms as approved by the Bankruptcy Court in August, 2007. The adjournment, which was approved by the Bankruptcy Court on Nov. 7, will permit the Company to continue discussions with its principal stakeholders, including Delphi's Statutory Committees, Plan Investors and General Motors Corp. In order to proceed with the Nov. 29 hearings, the Bankruptcy Court's supplemental scheduling order requires Delphi to use commercially reasonable efforts to file additional potential amendments to the Company's Disclosure Statement, Plan of Reorganization, Investment Agreement with the Plan Investors and Global Settlement Agreement with GM by Nov. 16. Delphi continues to expect that it will emerge from chapter 11 during the first quarter of 2008.

### ABOUT DELPHI'S CHAPTER 11 CASE

Delphi's Chapter 11 cases were filed on Oct. 8, 2005, in the United States Bankruptcy Court for the Southern District of New York and were assigned to the Honorable Robert D. Drain under lead case number 05-44481 (RDD).

The Adequacy Hearing for the Disclosure Statement began on Oct. 3, 2007 and is scheduled to continue on Nov. 29, 2007. Approval of the Disclosure Statement and related voting solicitation procedures permits the company to solicit acceptances of the proposed Plan of Reorganization later this year and seek confirmation of the Joint Plan of Reorganization by the Bankruptcy Court during the first quarter of 2008.

This press release shall not constitute an offer to sell or the solicitation of an offer to buy, nor shall there be any sale of these securities in any state in which such offer, solicitation or sale would be unlawful prior to registration or qualification under the securities laws of any such state.

More information on Delphi's U.S. restructuring and access to court documents, including all of the documents referenced in this press release and other general information about the Chapter 11 cases, is available at www.delphidocket.com.

Information on the case can also be obtained on the Bankruptcy Court's website with Pacer registration: http://www.nysb.uscourts.gov. For more information about Delphi and its operating subsidiaries, visit Delphi's website at www.delphi.com.

## FORWARD-LOOKING STATEMENTS

This press release, as well as other statements made by Delphi may contain forward-looking statements that reflect, when made, the Company's current views with respect to current events and financial performance. Such forward-looking statements are and will be, as the case may be, subject to many risks, uncertainties and factors relating to the Company's operations and business environment which may cause the actual results of the Company to be materially different from any future results, express or implied, by such forward-looking statements. In some cases, you can identify these statements by forward-looking words such as "may," "might," "will," "should," "expects," "plans," "anticipates," "believes," "estimates," "predicts," "potential" or "continue," the negative of these terms and other comparable terminology. Factors that could cause actual results to differ materially from these forward-looking statements include, but are not limited to, the following: the ability of the Company to continue as a going concern; the ability of the Company to operate pursuant to the terms of the debtor-in-possession financing facility and to obtain an extension of term or other amendments as necessary to maintain access to such facility; the terms of any reorganization plan ultimately confirmed; the Company's ability to obtain Court approval with respect to motions in the chapter 11 cases prosecuted by it from time to time; the ability of the Company to prosecute, confirm and consummate one or more plans of reorganization with respect to the chapter 11 cases; the Company's ability to satisfy the terms and conditions of the EPCA; risks associated with third parties seeking and obtaining Court approval to terminate or shorten the exclusivity period for the Company to propose and confirm one or more plans of reorganization, for the appointment of a chapter 11 trustee or to convert the cases to chapter 7 cases; the ability of the Company to obtain and maintain normal terms with vendors and service providers; the Company's ability to maintain contracts that are critical to its operations; the potential adverse impact of the chapter 11 cases on the Company's liquidity or results of operations; the ability of the Company to fund and execute its business plan (including the transformation plan described in its periodic filings with the SEC and its filings with the Bankruptcy Court ) and to do so in a timely manner; the ability of the Company to attract, motivate and/or retain key executives and associates; the ability of the Company to avoid or continue to operate during a strike, or partial work stoppage or slow down by any of its unionized employees or those of its principal customers and the ability of the Company to attract and retain customers. Additional factors that could affect future results are identified in the Company's Annual Report on Form 10-K for the year ended December 31, 2006, including the risk factors in Part I. Item 1A. Risk Factors, contained therein and the Company's quarterly periodic reports for the subsequent periods, including the risk factors in Part II. Item 1A. Risk Factors, contained therein, filed with the SEC. Delphi disclaims any intention or obligation to update or revise any forward-looking statements, whether as a result of new information, future events and/or otherwise. Similarly, these and other factors, including the terms of any reorganization plan ultimately confirmed, can affect the value of the Company's various prepetition liabilities, common stock and/or other equity securities. Additionally, no assurance can be given as to what values, if any, will be ascribed in the bankruptcy cases to each of these constituencies. A plan of reorganization could result in holders of Delphi's common stock receiving no distribution on account of their interest and cancellation of their interests. In addition, under certain conditions specified in the Bankruptcy Code, a plan of reorganization may be confirmed notwithstanding its rejection by an impaired class of creditors or equity holders and notwithstanding the fact that equity holders do not receive or retain property on account of their equity interests under the plan. In light of the foregoing, the Company considers the value of the common stock to be highly speculative and cautions equity holders that the stock may ultimately be determined to have little or no value. Accordingly, the Company urges that appropriate caution be exercised with respect to existing and future investments in Delphi's common stock or other equity interests or any claims relating to prepetition liabilities.

# # #
2

Created by 10KWizard    www.10KWizard.com