UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :      Chapter 11
                                                    :
  Delphi Corporation, et al.,                       :      Case No.  05-44481 (RDD)
                                                    :      (Jointly Administered)
                              Debtors.              :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**EMERGENCY APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 (I) AUTHORIZING THE EMPLOYMENT AND RETENTION NUNC PRO TUNC FROM NOVEMBER 9, 2007 OF GREGORY P. JOSEPH LAW OFFICES LLC AS CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, AND (II) SCHEDULING A FINAL HEARING THEREON**

The Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi" and collectively with the other above-captioned debtors, the "Debtors") hereby submits this emergency application (the "Application") for interim and final orders pursuant to sections 328 and 1103 of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of the Gregory P. Joseph Law Offices LLC (the "Joseph Firm"), as conflicts counsel to the Equity Committee *nunc pro tunc* to November 9, 2007 in connection with the above captioned chapter 11 cases (the "Chapter 11 Cases").  In support of this Application, the Equity Committee relies on the Declaration of Gregory P. Joseph, sworn to on November 13, 2007 (the "Joseph Declaration"), attached hereto as Exhibit A.  In further support of this Application, the Equity Committee respectfully represents as follows:

**Background to Chapter 11 Cases**

1. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "UCC"). On April 28, 2006, the U.S. Trustee appointed the Equity Committee. On May 8, 2006, the Equity Committee engaged Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as counsel, with such retention approved by this Court on June 19, 2006.

**Background for Retention of the Joseph Firm as Conflict Counsel**

3. On November 9, 2007, counsel to A-D Acquisition Holdings, LLC, an affiliate of Appaloosa Management L.P. ("Appaloosa"), one of Plan Investors under the Court approved Equity Purchase and Commitment Agreement ("EPCA"), raised for the first time the issue of whether Fried Frank was conflicted from further representation of the Equity Committee due to its representation of Appaloosa on matters unrelated to these Chapter 11 Cases.

4. Fried Frank was first retained by Appaloosa on March 20, 2006, with respect to a matter wholly unrelated to Fried Frank's representation of the Equity Committee. The terms of Fried Frank's retention were set forth in an engagement letter (the "Engagement Letter") between Fried Frank and Appaloosa, a redacted copy of which is attached hereto as Exhibit B. Among other things, the Engagement Letter contains an explicit waiver of conflicts from Appaloosa, with Appaloosa specifically agreeing, among other things, that Fried Frank:

2

will remain free, notwithstanding our representation of [Appaloosa] in the matter described above or in other matters and whether or not during the course of our representation of [Appaloosa], to represent any present or future client of our law firm with interests adverse to [Appaloosa] in any matter (including representation in litigation, arbitration or mediation in which [Appaloosa] and such other client are or may be adverse parties), so long as such matter is (a) not substantially related to the matters in which we are currently representing [Appaloosa] and (b) does not require us to utilize confidential information that we have learned from [Appaloosa] while working on its behalf.

5.   Approximately three months after executing the Engagement Letter, in June 2006, Fried Frank was retained by the Equity Committee. In connection with Fried Frank's retention, the firm submitted the Declaration of Bonnie Steingart Pursuant to Bankruptcy Rule 2014 on Behalf of Fried, Frank, Harris, Shriver & Jacobson LLP as Proposed Counsel for the Official Committee of Equity Security Holders, and Disclosure Pursuant to Section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 (the "Steingart Declaration"), dated June 5, 2006.

6.   Paragraph 6(d) of the Steingart Declaration specifically states that:

Appaloosa Management L.P. ("Appaloosa") is a holder of the Debtors' equity securities and may also hold debt securities. Fried Frank has represented and continues to represent Appaloosa in matters wholly unrelated to the Debtors and the Chapter 11 Cases.

7.   A copy of Fried Frank's retention application and the Steingart Declaration was filed with the Court and notice of the application was provided to all parties in interest in these chapter 11 cases. A copy of the Steingart Declaration is attached hereto as Exhibit C. There were no objections filed to the retention of Fried Frank by the Equity Committee.

8.   Approximately one year ago, in connection with a contested hearing regarding the Debtors' original EPCA, Fried Frank, acting on the Equity Committee's behalf, served Appaloosa with a deposition notice and document request. At that time, Appaloosa contested the

3

scope and timing of the request but failed to raise any issues with regard to a potential conflict in connection with Fried Frank's representation of the Equity Committee.

9. Recently, at the outset of the discovery regarding the Debtors' disclosure statement hearing, the Debtors held a meet and confer with regard to a proposed scheduling order. At the meeting, Fried Frank indicated that it intended to seek discovery on behalf of the Equity Committee from the Plan Investors, including document requests and deposition notices. Again, no issue of conflict was raised by Appaloosa's counsel who participated in the call.

10. Thereafter, the Equity Committee served a deposition notice on Appaloosa noticing the deposition of David Tepper and a related document request. It was only after receiving the deposition notice and related document request that Appaloosa raised, for the first time, the issue that Fried Frank may have a potential conflict relating to its representation of Appaloosa. Immediately after the issue of a potential conflict was raised by counsel for Appaloosa, Fried Frank notified the members of the Equity Committee.

11. Fried Frank believes that allegations of a potential conflict between its representation of Appaloosa and its representation of the Equity Committee are unfounded and tactical. Fried Frank's representation of the Equity Committee is not related in any way to the matters in which it has represented Appaloosa and its representation of the Equity Committee does not in any way require Fried Frank to utilize any confidential information obtained from Appaloosa. However, owing to the tactical nature of this complaint, coupled with the importance to the Equity Committee of other matters being brought before the Court, Fried Frank believes that the most efficient course of action for the Equity Committee is to retain the Joseph Firm as conflicts counsel. Fried Frank has discussed this matter with the members of the

4

Equity Committee, who agree that the best course of action is to obtain conflict counsel at this time.

12.     Fried Frank has also notified the United States Trustee.  In addition, Fried Frank has discussed the need for the Application with the Debtors and the UCC and they have each consented to have the Application heard on shortened notice pursuant to the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883) ("Case Management Order").

13.     As a result, the Equity Committee now believes that it is in the best interests of the Equity Committee, the Debtors and their estates to engage the Joseph Firm as conflicts counsel.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002.

## RELIEF REQUESTED

15.     This Application is made by the Equity Committee for interim and final orders, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 (a) authorizing it to retain and employ the Joseph Firm as its conflicts counsel, effective as of

November 9, 2007, and (b) scheduling a final hearing on November 29, 2007 to determine whether the relief should be granted on a final basis.

## SERVICES TO BE RENDERED

16.     The Joseph Firm is expected to render legal services in matters that may not be handled by Fried Frank due to conflicts of interest.  As conflicts counsel to the Equity Committee, subject to the Court's approval, the Joseph Firm's responsibilities will include representing the Equity Committee in matters where Fried Frank has a conflict of interest or is otherwise unable to represent the Equity Committee.  Those matters will include taking discovery, including depositions, and testimony from Appaloosa Management LP in connection with the Equity Committee's pending objection to the proposed amendment to the Delphi-Appaloosa EPCA and the Debtors' Disclosure Statement.  In addition, it is expected that the Joseph Firm's services may include, without limitation, assisting, advising and representing the Equity Committee with respect to certain other matters.

17.     The Equity Committee seeks to retain the Joseph Firm as its conflicts counsel because of the Joseph Firm's extensive experience, expertise and knowledge in the field of complex financial litigation, including securities fraud, RICO, mergers and acquisitions, intellectual property, corporate governance, fiduciary duty, federal taxation, business torts, insurance coverage and complex contract actions.  In addition to these qualities, the Equity Committee has selected the Joseph Firm as its conflict counsel because it believes that the Joseph Firm possess considerable experience in matters of this nature and are well-qualified to represent the Equity Committee.  Gregory P. Joseph has more than 30 years of experience before the federal courts of the United States.  Because of its qualifications, the Equity Committee believes

that the Joseph Firm is well-qualified and uniquely able to represent the Equity Committee effectively in these Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

18. The Joseph Firm has stated its willingness to serve as conflicts counsel to the Equity Committee in these cases and to receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Equity Committee in accordance with the provisions of sections 328, 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court. The Joseph Firm's billing practices and rates are summarized below and are consistent with those generally governing the Joseph Firm's representation of its other clients.

19. The principal attorneys expected to represent the Equity Committee in this matter and their current hourly rates are: Gregory P. Joseph ($850) and Peter Jerdee ($600). In addition, other attorneys and para-professionals may, from time to time, provide services to the Equity Committee in connection with these chapter 11 cases. The Equity Committee has been informed that the hourly rates for paralegals, associates, and partners of the Joseph Firm are as follows:

    a.    Law Clerks/Paralegals:    $150 per hour
    b.    Associates:    $295 - $480 per hour
    c.    Partners and Counsel:    $575 - $850 per hour

20. The Joseph Firm's hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such changes will be noticed. The Joseph Firm has not received a retainer.

21.     The hourly rates set forth above are the Joseph Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Joseph Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

22.     The Joseph Firm's hourly billing rates for professionals are not intended to cover out of pocket expenses that are typically billed separately.  Accordingly, the Joseph Firm regularly charges its clients for the expenses and disbursements incurred in connection with the client's case.  The expenses charged to clients include, among other things, long distance telephone and fax charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, computerized research, transportation costs, as well as extraordinary expenses such as staff overtime.  With regard to all expenses for which reimbursement will be sought, the Joseph Firm will comply with all rules and orders applicable to these Chapter 11 Cases.

## DISINTERESTEDNESS OF PROFESSIONALS

23.     The Equity Committee believes that the Joseph Firm does not hold or represent any interest that is adverse to the Equity Committee or the Debtors' estates, and has no connection to the Equity Committee, the Debtors, their creditors or any party in interest, except as set forth in the Joseph Declaration.  Therefore, to the best of the Equity Committee's knowledge, the Joseph Firm is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code.

24.     Based upon all of the foregoing, the Equity Committee believes that the employment of the Joseph Firm as conflicts counsel to the Equity Committee is appropriate and in the best interests of the Equity Committee and the Debtors' estates.

## NO PRIOR REQUEST

25.     No prior request for the relief sought in this Application has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

26.     Pursuant to Local Rule 9013-1(b), the Equity Committee respectfully submits that no separate memorandum of law in support of Application is necessary, as all authorities relied on for the Application are set forth herein.

## NOTICE

27.     Notice of this Application has been provided in accordance with the Case Management Order.  In light of the nature of the relief requested, the Equity Committee submits that no other or further notice is necessary.  The United States Trustee has informed the Equity Committee that it does not object to the relief sought herein.

WHEREFORE, the Equity Committee requests entry of interim and final orders (a) authorizing the Equity Committee to employ and retain the Joseph Firm as conflicts counsel on the terms set forth herein, (b) scheduling a final hearing thereon for November 29, 2007, and (c) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 13, 2007

                            FRIED, FRANK, HARRIS, SHRIVER
                                & JACOBSON LLP

By: /s/ Bonnie Steingart
    Bonnie Steingart (BS-8004)
    Debra M. Torres (DT-9093)
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*