# EXHIBIT C

Bonnie Steingart (BS-8004)
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
(Proposed) Attorneys for Official Committee of Equity Security Holders
One New York Plaza
New York, New York 10004
(212) 859-8000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF BONNIE STEINGART PURSUANT TO
BANKRUPTCY RULE 2014 ON BEHALF OF FRIED,
FRANK, HARRIS, SHRIVER & JACOBSON LLP AS
PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS, AND DISCLOSURE
PURSUANT TO SECTION 1103 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 2014**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

   BONNIE STEINGART, being duly sworn, deposes and declares under the penalty of perjury:

   1.  I am an attorney duly admitted and in good standing to practice before this Court, and a member of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"). My firm maintains offices for the practice of law at One New York Plaza, New York, New York 10004, and other locations. I submit this declaration (the "Declaration") in connection with the expedited application of the Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi") and the other above-captioned

05-44481-rdd    Doc 10906-3    Filed 11/13/07    Entered 11/13/07 17:25:42    Exhibit C
Pg 3 of 20

debtors (collectively, the "Debtors"), to retain Fried Frank as counsel in the above-captioned chapter 11 cases (the "Chapter 11 Cases") *nunc pro tunc* to May 8, 2006, pursuant to section 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.     On October 8, 2005, Delphi and thirty eight of its domestic subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On October 14, 2005, three additional domestic subsidiaries of Delphi filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On October 17, 2005, the Office of the United States Trustee for the Southern District of New York (the "UST") appointed an official committee of unsecured creditors (the "Creditors' Committee").

3.     On March 20, 2006, the Court directed the UST to appoint a committee of equity security holders (the "Equity Committee Order"). On April 28, 2006, the UST appointed the Equity Committee. The Equity Committee was reconstituted on May 11, 2006, and currently consists of Brandes Investment Partners, L.P., Pardus European Special Opportunities Master Fund, L.P., Luqman Yacub, James E. Bishop, Sr., D.C. Capital Partners, L.P., James N. Koury, trustee of the Koury Family Trust, and James H. Kelly. On May 8, 2006, the Equity Committee decided, subject to Court approval, to retain Fried Frank as its counsel. The retention of Fried Frank is requested to be *nunc pro tunc* to May 8, 2006, as that is the date the Equity Committee first requested Fried Frank to render legal services on behalf of the Equity Committee.

4.     To ascertain Fried Frank's "connections," as that term is used in Bankruptcy Rule 2014, to the Debtors and other parties in interest in this Case, Fried Frank's accounting department produced a computer printout listing all of Fried Frank's active clients. Fried Frank then reviewed that list to determine whether Fried Frank currently represents any of the Debtors, the Debtors' affiliates, creditors, known equity security holders, lenders, directors,

officers or financial advisors.[1] In addition, to determine whether such entities were former clients and to supplement the review of Fried Frank's current client list, an inquiry memorandum was provided to Fried Frank's accounting and records department for a detailed review of the firm's records to determine whether Fried Frank represented the Debtors, the Debtors' affiliates, creditors, known equity security holders, lenders, directors, officers or financial advisors.[2]

5.  Based upon our results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof), Fried Frank, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Equity Committee, the Debtors' estates or the Creditors' Committee, and is a "disinterested person" as that term is defined in section 101(14) and used in section 328(c) of the Bankruptcy Code. If at any time, I become aware of any additional connections, I will supplement this Declaration.

6.  Disclosure with respect to any "connections" Fried Frank has or has had with the members of the Equity Committee, the Debtors, their creditors, the Creditors' Committee, or any other parties in interest, any of their respective attorneys and accountants, the United States Trustee or any employee of that office, insofar as I know or have been able to ascertain after reasonable inquiry, is set forth below:

> (a) A partner in Fried Frank's bankruptcy and restructuring group owns six shares of Delphi's common stock, which are valued in the aggregate as of the date of this Declaration at not more than $10, based on current market prices.

---

[1] Fried Frank obtained a list of the Debtors, the Debtor's affiliates, creditors, known equity security holders, lenders, directors, officers, financial advisors and other parties from the Debtor's counsel, Skadden, Arps, Slate, Meagher & Flom LLP, and used such list in conducting its review.

[2] Out of an abundance of caution, Fried Frank also endeavored to determine whether any individual Fried Frank attorneys have any connections with the Debtors or any party in interest. Fried Frank, therefore, distributed to all Fried Frank attorneys an inquiry memorandum which (i) listed the Debtors, the Debtors' affiliates, the Debtors' directors and officers, the Debtors' financial advisors, other known professionals involved in this Case, known equity security holders, the United States Trustee and creditors of the Debtors, and (ii) inquired as to all of the matters that could constitute "connections" within the meaning of Bankruptcy Rule 2014.

(b) From 1986 to 1989, Fried Frank represented Delco Electronics, a non-Debtor subsidiary of the Debtors, in matters wholly unrelated to the Chapter 11 Cases.

(c) Fried Frank had previously provided legal advice to certain clients with respect to various issues regarding the Debtors or the Chapter 11 Cases in the context of potential trades in debt and equity securities.

(d) Appaloosa Management L.P. ("Appaloosa") is a holder of the Debtors' equity securities and may also hold debt securities. Fried Frank has represented and continues to represent Appaloosa in matters wholly unrelated to the Debtors and the Chapter 11 Cases.[3] I understand that Appaloosa has retained other counsel to represent it in connection with matters related to the Debtors and the Chapter 11 Cases.

(e) Fried Frank has previously provided legal services to various committees, of which Lampe Conway & Co., LLC, a holder of the Debtors' equity securities, has been a member in matters wholly unrelated to the Debtors and the Chapter 11 Cases.

(f) Fried Frank has represented and continues to represent W.R. Huff Asset Management Co., L.L.C ("Huff") in matters wholly unrelated to the Debtors and the Chapter 11 Cases. Joseph Thornton and Karim Samii, principals of Pardus Capital Management L.P. ("Pardus"), a holder of the Debtors' equity securities, were previously partners at affiliates of Huff

---

[3] I have been informed that during the period from May 1, 2005 through April 30, 2006, the revenues received from representations of Appaloosa represented approximately 0.5% of Fried Frank's gross revenues. Moreover, in connection with its representation of Appaloosa, Fried Frank has received Appaloosa's general written consent to represent clients with interests adverse to those of Appaloosa. This consent permits Fried Frank to represent any present or future client with interests adverse to Appaloosa in any matter, including representation in litigation, arbitration, or mediation in which Appaloosa and such other client are or may be adverse parties, so long as such matter is (a) not substantially related to matters in which Fried Frank is currently representing Appaloosa and (b) does not require Fried Frank to utilize confidential information that it has learned from Appaloosa while working on its behalf.

- 4 -

and were involved in a number of matters in which Fried Frank represented Huff. On May 11, 2006, Pardus was appointed as a member of the Equity Committee. Fried Frank has never represented Pardus.

(g)     Fried Frank is currently representing equity holders, including Appaloosa, in connection with the chapter 11 case of the Dana Corporation, which is a vendor of the Debtors.

(h)     Fried Frank is currently representing three bondholders, one of which is the chair of the official committee of unsecured creditors, in connection with the chapter 11 case of Collins & Aikman, a customer of the Debtors.

(i)     Fried Frank has represented and continues to represent Citigroup and various of its affiliates, including Citibank, N.A., and Citigroup Global Markets, Inc., which are lenders to and underwriters of the Debtors, in matters wholly unrelated to the Debtors and the Chapter 11 Cases.

(j)     Fried Frank has represented, and continues to represent, Merrill Lynch, Pierce, Fenner & Smith Inc., an underwriter of the Debtors' securities, in matters wholly unrelated to the Debtors and the Chapter 11 Cases.

(k)     An associate in Fried Frank's bankruptcy and restructuring group was a judicial law clerk to the Honorable Arthur J. Gonzalez in the United States Bankruptcy Court for the Southern District of New York from October 2004 until September 2005.

(l)     A Fried Frank partner and two attorneys who are of counsel to Fried Frank have relatives who are partners or associates at Davis Polk & Wardwell, counsel to the Debtors' postpetition lender. In addition, partners, attorneys who are of counsel, special counsel, and/or associates

of Fried Frank may be related to partners and associates at other firms that are professionals in the Chapter 11 Cases and to employees of the Debtors' creditors and/or other parties in interest.

(m)  A Fried Frank partner owns shares of stock in InPlay Technologies, Inc., which is a domestic non-Debtor subsidiary of Delphi. I have been advised that this individual does not own a sufficient amount of such stock to influence InPlay Technologies' affairs in any way, and that the value or the ability to dispose of such stock would not be affected in any way discernable by any event in the Chapter 11 Cases.

(n)  Partners, attorneys who are of counsel, special counsel, and/or associates of Fried Frank own stock or debt securities of the following creditors (or their affiliates) of the Debtors, or other parties in interest, including the following:

(i)    Ford Motor Co.
(ii)   Hewlett-Packard Co.
(iii)  Cinergy
(iv)   GMAC
(v)    AIG
(vi)   Medtronic
(vii)  AT&T Corp.
(viii) General Electric Co.
(ix)   Microsoft
(x)    Motorola Inc.
(xi)   Time Warner
(xii)  IBM Corporation
(xiii) Verizon
(xiv)  BellSouth
(xv)   Lucent

However, I have been advised that none of these individuals owns sufficient stock or debt of any such creditor (or its affiliates) or party in interest to influence its affairs in any way, and that the value or the ability

- 6 -

to dispose of such stock or debt securities would not be affected in any way discernable by any event in the Chapter 11 Cases.

(o) Fried Frank is insured under policies issued by Starr Excess Liability Insurance Intl. Limited and St. Paul Fire & Marine Insurance Company, which provide insurance to the Debtors. In addition, another of the Debtors' insurers, Aon (Bermuda) is used by AON Risk Services, Inc. in brokering certain of Fried Frank's policies of insurance. In addition, Medco Health Solutions, Inc. provides pharmaceutical benefits to Fried Frank employees.

7. In addition to the above, I, Fried Frank, its partners, attorneys who are of "of counsel" and "special counsel" to Fried Frank, and associates of Fried Frank:

(a) have represented in the past and/or now represent and may in the future represent – in each case in matters wholly unrelated to the Debtors and the Chapter 11 Cases – creditors of the Debtors and/or other parties in interest (or their affiliates), including the entities listed on Exhibit 1 attached to this Declaration;

(b) had, or have, dealings (other than representations) – again, in matters wholly unrelated to the Debtors and the Chapter 11 Cases – with creditors of the Debtors and/or other parties in interest (or their affiliates), including the entities listed on Exhibit 2 attached to this Declaration; and

(c) may have appeared in other cases unrelated to this Case where the Debtors, their creditors, or other parties in interest (or their affiliates), including the entities listed on Exhibit 3 attached to this Declaration, were involved where such matters were wholly unrelated to the Chapter 11 Cases.

8. Fried Frank has represented both official and unofficial committees of unsecured creditors, noteholders, and equity security holders of various companies in matters

wholly unrelated to the Debtors and the Chapter 11 Cases. Certain of the Debtors' creditors and equity holders have been members of such committees.

9. To the best of my knowledge, information and belief, there are no other instances in which Fried Frank has, has had, or might be deemed to have or have had "connections" with the Equity Committee, Creditors' Committee, the Debtors, their creditors, equity security holders or other parties in interest in the Chapter 11 Cases. None of the "connections" disclosed above, in my view, affects Fried Frank's disinterestedness, nor is likely to do so in the future.

10. Given the size and complexity of the Debtors' businesses, and the number of parties of interest in the Chapter 11 Cases, it is possible that Fried Frank, despite reasonable efforts to discover connections as described above, has other connections with creditors, debt and equity security holders or parties in interest not listed on Exhibits 1, 2, or 3, or otherwise disclosed in this Declaration. I am not aware, however, of any connections not disclosed, and I am confident that if there were any such other connections, they were unrelated to the Chapter 11 Cases, and would have no effect on our representation. If I become aware of any additional connections, I will promptly supplement this Declaration.

11. Subject to the Court's approval, Fried Frank will charge the Equity Committee for its legal services on an hourly basis in accordance with its ordinary and customary rates for bankruptcy court authorized engagements in effect on the date services are rendered, and submits that such rates are reasonable. In the normal course of business, Fried Frank revises its hourly rates from time to time. Set forth below are the current hourly rates that Fried Frank presently charges for the legal services of its professionals:

| | |
|---|---|
| Partners | $650 - $995 per hour |
| Of Counsel | $550 - $850 per hour |
| Special Counsel | $595 - $620 per hour |
| Associates | $315 - $540 per hour |
| Legal Assistants | $170 - $235 per hour |

Because the fees (a) are based on hourly rates and will correspond to the degree of effort

- 8 -

expended on the Equity Committee's behalf, and (b) are Fried Frank's ordinary and customary rates for services of this nature, I believe that the terms and conditions of Fried Frank's employment are reasonable.

12.    The Fried Frank bankruptcy and restructuring attorneys and legal assistants that will perform services in the Chapter 11 Cases and the hourly rates attributable to their work for the Equity Committee, effective as of the date of this Declaration, include:

| Name | Position | Rate |
| --- | --- | --- |
| Brad Eric Scheler | (Partner since 1984; Law School Class of 1977) | $995 |
| Bonnie Steingart | (Partner since 1986; Law School Class of 1979) | $780 |
| Debra Torres | (Partner since 1988; Law School Class of 1981) | $750 |
| Vivek Melwani | (Partner since 2003; Law School Class of 1995) | $650 |
| Jennifer Rodburg | (Associate; Class of 2000) | $500 |
| Richard Slivinski | (Associate; Class of 2001) | $470 |
| Jason Wolf | (Associate; Class of 2002) | $445 |
| Marc Feldhamer | (Associate; Class of 2005) | $315 |
| Laura Guido | (Legal Assistant) | $185 |

13.    As the Chapter 11 Cases proceed, I anticipate that additional Fried Frank partners, "of counsel," "special counsel," associates, and legal assistants will be assigned to work on the Chapter 11 Cases. It is also likely that Fried Frank's representation of the Equity Committee will require the active participation of attorneys from other Fried Frank departments, in addition to the bankruptcy and restructuring lawyers assigned to the Chapter 11 Cases and listed above. To the fullest extent possible, lawyers having the requisite expertise who already

have knowledge with respect to these areas and/or the matters involved will be assigned to the Chapter 11 Cases so that duplication of effort is avoided. Consistent with the ranges of hourly rates described above, the hourly rates of the other Fried Frank partners, "of counsel," "special counsel," associates, and legal assistants that hereafter may act for the Equity Committee may be higher or lower than those of the persons listed above.

14.     In addition to the hourly rates set forth above, Fried Frank customarily charges its clients for all ancillary services incurred, including photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, secretarial overtime and temporary employees, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, document retrieval, and similar items. Subject to this Court's order(s) with respect to the reimbursement of ancillary services, Fried Frank will be seeking reimbursement of all such charges incurred on behalf of the Equity Committee.

15.     No promises have been received by Fried Frank, nor any partner, any attorney who is "of counsel" or "special counsel" to Fried Frank, or any associate of Fried Frank, as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. Neither Fried Frank, nor any partner of Fried Frank, any attorney who is "of counsel" or "special counsel" to Fried Frank, or any associate of Fried Frank, has any agreement with any other entity to share with such entity any compensation received by Fried Frank in connection with the Chapter 11 Cases.

16.     By reason of the foregoing, I believe that Fried Frank is eligible for employment and retention by the Equity Committee pursuant to sections 1103 of the Bankruptcy Code and the applicable Bankruptcy Rules. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        June 5, 2006

                                            /s/ Bonnie Steingart
                                        Bonnie Steingart (BS-8004)

553489

# EXHIBIT 1

**Creditors and Equityholders of the Debtors and Other Parties in Interest
that are Past and/or Present Clients**

ABN Amro
AFL-CIO
AIG
Advanced Micro Devices, Inc.
Airgas, Inc.
America Online, Inc.
American Electronics Components (AEC)
American Express
American International Group
AT&T
Autocam Corp.
Axis
BASF Corporation
Banc of America Securities
Bank One
Bank of America
Bank of New York
Bank of Nova Scotia
Barclays Capital
Bell South
BMW
BNP Paribas
Booz-Allen Hamilton
CAN Insurance Services (CIS)
Cardinal Health
Chubb Custom Insurance
CIGNA Corp.
Circuit City Stores Inc.
Citibank, N.A.
Citigroup Global Markets, Inc.
Cleary, Gottlieb, Steen & Hamilton
Cohen, Weiss, & Simon LLP
Commerzbank Aktiengesellschaft
Continental Casualty Co. (C.N.A)
Credit Suisse First Boston
Deloitte & Touche
Delta
Deutsche Bank Securities
Eaton Corp.
Ernst & Young
Federal Express
First National Bank of Chicago
First Technology

Ford Motor Co.
GKN PLC
Goldman Sachs
Great American Insurance Co.
Harley Davidson
Honda America
Honeywell
HSBC Securities Inc.
Intel
International Association of Machinists
International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)
Intier Automotive, Inc.
Investors Bank and Trust Co
Jefferies & Company, Inc.
Johnson Controls Inc.
JP Morgan Chase
KMPG
L-3 Communications
Latham & Watkins
Lazard, Freres & Co. LLC
Lehman Brothers
Lloyds of London
MCI Telecommunications Corporation
Magnavox
McDonald Investments Inc.
Merrill Lynch, Pierce, Fenner & Smith Inc.
Metropolitan Life Ins. Co.
Mitsubishi Motors of America Credit Co.
Morgan Stanley
Motorola
National Union Fire Insurance Company of Pittsburgh, PA
Nissan North America, Inc.
Nokia
North American Phillips
Northrop
Olin Corp.
Oppenheimer & Co. Inc.
Paccar
Paul Hastings Janofsky & Walker LLP
PNC Bank
PriceWaterhouseCoopers LLP
Proctor & Gamble
Raytheon Company
Reliance Insurance Company
Robbins GIOIA

Rothschild, Inc.
RSR Corporation
Saloman Smith Barney
Sequa Corp.
Shearman & Sterling LLP
Shell Oil
Sitrick & Company
Skadden, Arps, Slate, Meagher & Flom LLP
SPX Corporation
SRI International
State of New York
State Street Bank
Sun Refining & Marketing
Tamsco, Inc.
Tenneco, Inc.
Texas Pacific Group Ltd.
Textron Inc.
Time Warner
Toshiba
TRW Inc.
Tyco International Ltd.
Verizon
Volvo Trucks North America
UBS Securities
U.S. Bancorp Piper Jaffray Inc.
Wachovia Capital Markets
Watson Wyatt & Company
Wells Fargo

**EXHIBIT 2**

## Parties in Interest with whom Fried Frank has had "Dealings"

AT&T
Bank of America, N.A.
Cardinal Health
Citibank, N.A.
Collins & Aikman Corporation
Deloitte & Touche
Deutsche Bank
Ernst & Young
Federal Express
FTI Consulting
General Electric Co.
General Motors Corp.
Goldman Sachs
Quinn Emanuel Urquhart Oliver & Hedges, LLP
PNC Bank
Raytheon Company
Shearman & Sterling LLP
State Street Bank

**EXHIBIT 3**

## Parties in Interest that have Appeared in Unrelated Cases in which Fried Frank has Appeared

3M Company  
AIG  
Bayer AG  
CIGNA Corp.  
Engelhard Corporation  
Ford Motor Corp.  
General Electric Co.  
Motorola  
Texas Instruments Inc.  
Zurich American Insurance Company