UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                          Chapter 11

DELPHI CORPORATION, et al.                     Case No. 05-44481 (RDD)

               Debtors.                     (Jointly Administered)

_____/

## RESPONSE OF CTS CORPORATION
## TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS

CTS Corporation ("CTS"), for its Response to Twenty-second Omnibus Objection to

Claims, states as follows:

### CTS' Proof of Claim

1.      CTS filed a proof of claim in the amount of $2,405,898.43 against Delphi

Automotive Systems, LLC  on July 27, 2006 (the "Claim").  This claim is identified as Claim

No. 11256 in the instant case.

2.      The Claim seeks payment owing to CTS for goods sold to Delphi Automotive

Systems, LLC  (Case No. 05-44640).

3.      A portion of the Claim was a reclamation claim.  On July 13, 2006, CTS entered

into Amended Statements of Reclamation with the Debtors, pursuant to which CTS and the

Debtors agreed that the Reconciled Amount of CTS' reclamation claim was $161,144.56.

Copies of these Amended Statements of Reclamation are attached hereto as Exhibit A.  The

balance of the Claim, in the amount of $2,244,753.87, is a general unsecured claim.

4.      On August 8, 2006, CTS transferred a portion of the Claim, in the amount of

$1,950,968.78, to Bear Stearns Investment Products, Inc. ("Bear Stearns").  The partial transfer

to Bear Stearns **included** the reclamation claim, in the Reconciled Amount of $161,144.56, and

part of the general unsecured portion of the Claim, in the amount of $1,789,824.22.  The Notice

of Partial Transfer of Claim Pursuant to FRBP Rule 3001(e)(2) was filed with this Court on

January 11, 2007 as Court Docket No. 6552, and is attached hereto as Exhibit B.[1]  The balance of

the Claim, $454,929.65, remained held in the name of CTS.

     5.      CTS has previously supplied information and documents in support of the Claim

to the Debtor.

<b>The Debtors' Objection</b>

     6.      On October 26, 2007, the Debtors filed their Twenty-second Omnibus Claims

Objection (the "Objection") which stated that the Debtors objected to the Claim as a "Modified

Claim Asserting Reclamation."

     7.      The Objection, in Exhibit F-3, at 2, seeks to "modify" the portion of the Claim

that was transferred to Bear Stearns from $1,950,968.78 to $1,786,703.77, all of which would be

classified as a general unsecured claim.  The portion of Claim that remains held by CTS would

be reduced to $218,044.74, of which $164,265.01 would be reclassified as a priority claim, with

the balance of $53,779.73 as a general unsecured claim.

     8.      There are errors in the section of Exhibit F-3 of the Objection that describes the

"Claim as Docketed."  This section of Exhibit F-3 erroneously classifies the portion of the Claim

that was transferred to Bear Stearns as being unsecured in its entirety.  In fact, $161,144.56 of

the amount transferred to Bear Stearns was a reclamation claim that should have been classified

as a priority claim and the balance, $1,789,824.22, was a general unsecured claim.

---

[1] CTS has the right pursuant to its Assignment of Claim agreement with Bear Stearns to defend
the portion of the Claim that it transferred to Bear Stearns.

9.    Exhibit F-3 also erroneously states that the docketed total of the portion of the Claim that remains held by CTS is $293,785.09.  The actual docketed total amount of the portion of the Claim that remains held by CTS is $454,929.65.   If one adds $454,929.65 to the amount that the Objection states is the docketed amount of the portion of the Claim that was transferred to Bear Stearns, $1,950, 968.78,  this equals the correct "Docketed Total" amount of the Claim, as stated in the Objection, which is $2,405,898.43.   The portion of the "Docketed Total" that should be attributed to CTS therefore is $454,929.65, not $293,785.09.

10.    Given the Debtor's error in stating that the <u>docketed</u> amount of  the portion of the Claim that remains held by CTS is $293,785.09, rather than the correct amount of $454,929.65, Exhibit F-3 to the Objection is misleading, in that it fails to indicate the true amount by which the Debtor is seeking to reduce CTS' total Claim, which is $401,149.92.

11.    The Objection states that the "Modified Claims Asserting Reclamation " are claims that "the Debtors believe should be modified solely to assert a properly classified, fully liquidated claim amount against the appropriate Debtor."

12.    The Debtors claim that the "Modified Claims Asserting Reclamation"  either " (i) state the incorrect amount or are overstated . . . and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand . . ." (The Objection, at 23, ¶53).

13.    The Debtors do not explain which of the reasons stated in the Objection allegedly pertain to CTS' Claim (nor do they explain why a substantial portion of CTS' Claim seems to have completely disappeared).

14.    The Objection does not state with specificity the grounds for the Debtors' objection to $401,149.92 of the Claim, nor have the Debtors provided any evidence or

supporting information as to how they arrived at the conclusion that $401,149.92 of the Claim

should be expunged.

### Legal Analysis

15.    The Debtors have not overcome the *prima facie* validity of the Claim.  A proof of

claim constitutes *prima facie* evidence of the validity and amount of a claim.  <u>In re WorldCom,</u>

<u>Inc.</u>, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005)(citing <u>In re Allegheny Int'l Inc.</u>,

954 F. 2d 167, 174 (3rd Cir. 1992).  The Debtors bear the burden of going forward and producing

sufficient evidence to overcome the *prima facie* presumption..  <u>See</u> <u>In re Reilly</u>, 245 B.R. 768,

773 (2d. Cir. BAP 2000)

16.    The Debtors have not offered any evidence to rebut or negate the correctness of

CTS' Claim.

17.    Therefore, the Objection to CTS' Claim should be denied and the Claim, in the

total docketed amount of $2,405,898.43[2], allowed.

Respectfully submitted,

CTS Corporation

By:  *Elizabeth Bottorff Ahlemann*
Elizabeth Bottorff Ahlemann
Senior Legal Counsel
CTS Corporation
905 West Boulevard N.
Elkhart, IN  46514
Tel. No. (574) 293-7511
Fax No. (574) 294-6151
E-Mail:  eahlemann@ctscorp.com

Dated:  November 7, 2007

---

[2] This total amount includes the $1,950,968.78 transferred to Bear Stearns (of which $161,144.56 is a priority reclamation claim and $1,789,824.22 is a general unsecured claim) and the $454,929.65 that remains with CTS.

## CERTIFICATE OF SERVICE

I, Elizabeth Bottorff Ahlemann, Senior Legal Counsel for CTS Corporation, hereby certify that a copy of the foregoing Response to Debtors' Twenty-second Omnibus Objection to Claims was served upon the following parties on this 7th day of November, 2007:

Delphi Corporation                    Skadden, Arps, Slate, Meagher & Flom LLP
5725 Delphi Drive                     333 West Wacker Drive, Suite 2100
Troy, MI  48098                       Chicago, IL  60606
Att'n:  General Counsel               Att'n:  John William Butler, Jr.
                                              John K. Lyons
                                              Joseph N. Wharton

*Elizabeth Bottorff Ahlemann*
Elizabeth Bottorff Ahlemann

**<u>EXHIBIT A</u>**

# DELPHI

February 21, 2006

Henry Schmidt
CTS Corp
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

                        Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the
Southern District of New York, entered an amended final order establishing certain
procedures for the resolution of reclamation claims (the "Amended Final Order") and on
January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send
statements of reclamation to all reclamation claimants (the "Extension Order" and
together with the Amended Final Order, collectively the "Order") in the chapter 11
reorganization proceedings of Delphi Corporation and certain of its subsidiaries and
affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order
and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in
response to each Reclamation Demand that the Debtors have received. This letter,
together with the enclosures, constitute the Debtors' Statement of Reclamation with
respect to the Reclamation Demand(s) submitted by CTS Corp (the "Demand"). We have
identified your Demand as Reclamation Claim No 102.

The Debtors have reviewed the Demand and reconciled the Demand with
their books and records. Based upon this review and reconciliation, the Debtors have
summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related
detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the
Order, the analysis sets forth the extent and basis upon which the Debtors believe that the
Demand may or may not be legally valid (subject to assertion of certain defenses as
indicated below, which if asserted, could result in the reduction or disallowance of the
reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the
Demand was received within the periods allowed by law; whether goods subject to the
Demand have been paid for; and whether there are other deductions or disputes asserted
by the Debtors.

CTS Corp.
February 21, 2006
Page 2

Reconciled Amount $28,261.53

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below.  Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $28,261.53 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount").  If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases.  Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand.  In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Corp.
February 21, 2006
Page 3

Reconciled Amount $28,261.53

(vi)     You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the
"Reconciliation Deadline"). If you agree with the Reconciled Amount and the other
terms of this Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below by the Reconciliation Deadline. If
you disagree with the Statement of Reclamation, you must sign this Statement where
indicated and return it to the persons identified immediately below by the Reconciliation
Deadline and you must also provide the information required by paragraph 2, section
(b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement
of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure
to return a signed copy of this Statement by the Reconciliation Deadline or your failure to
indicate assent or dissent on a copy of this Statement returned by the Reconciliation
Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

CTS Corp.
February 21, 2006
Page 4

Reconciled Amount $28,261.53

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Corp.
February 21, 2006
Page 5

*# 102*

Reconciled Amount $28,261.53

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Corp agrees to the terms of this Statement.

CTS Corp

By: _____        Dated: __7/13/2006_____
     (signature)

Henry Schmidt
(print or type name)

Corporate Credit Manager
(print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Corp disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Corp

By: _____        Dated: _____
    (signature)

_____
(print or type name)

_____
(print or type title)

# DELPHI

February 21, 2006

Henry Schmidt
CTS Automotive Products
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    <u>Delphi Corporation, Case No. 05-44481 (RDD)</u>

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Automotive Products (the "Demand"). We have identified your Demand as Reclamation Claim No 254.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject

CTS Automotive Products
February 21, 2006
Page 2

Reconciled Amount $77,431.40

to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $77,431.40 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[2]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

(vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order

---

[2]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Automotive Products
February 21, 2006
Page 3

Reconciled Amount $77,431.40

of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the
"Reconciliation Deadline"). If you agree with the Reconciled Amount and the other
terms of this Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below by the Reconciliation Deadline. If
you disagree with the Statement of Reclamation, you must sign this Statement where
indicated and return it to the persons identified immediately below by the Reconciliation
Deadline and you must also provide the information required by paragraph 2, section
(b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement
of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure
to return a signed copy of this Statement by the Reconciliation Deadline or your failure to
indicate assent or dissent on a copy of this Statement returned by the Reconciliation
Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

CTS Automotive Products
February 21, 2006
Page 4

Reconciled Amount $77,431.40

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Automotive Products
February 21, 2006
Page 5

#254

Reconciled Amount $77,431.40

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS
Automotive Products agrees to the terms of this Statement.

CTS Automotive Products

By: _____        Dated: 7/13/2006 _____
      (signature)

Henry Schmidt_____
   (print or type name)

Corporate Credit Manager
    (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS
Automotive Products disputes the terms of this Statement and encloses the information
required by paragraph 2, section (b)(iv) of the Order.

CTS Automotive Products

By: _____        Dated: _____
      (signature)

_____
   (print or type name)

_____
    (print or type title)

5

# DELPHI

February 21, 2006

Henry Schmidt, Corporate Credit Mgr
CTS Corporation
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt, Corporate Credit Mgr:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Corporation (the "Demand"). We have identified your Demand as Reclamation Claim No 533.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

CTS Corporation
February 21, 2006
Page 2

Reconciled Amount $2,258.44

       Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below.  Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $2,258.44 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount").  If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases.  Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[4]

       This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand.  In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

     (i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

     (ii)     The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

     (iii)     You are not a proper party to make the Demand.

     (iv)     The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

     (v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[4]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

CTS Corporation
February 21, 2006
Page 3

Reconciled Amount $2,258.44

(vi) You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-6813

- with copies to –

Matthew J. Micheli
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

CTS Corporation
February 21, 2006
Page 4

Reconciled Amount $2,258.44

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

        If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

                        Very truly yours,

                        /s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Corporation
February 21, 2006
Page 5

#533

Reconciled Amount $2,258.44

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Corporation agrees to the terms of this Statement.

CTS Corporation

By: _____       Dated: 7/13/2006
        (signature)

Henry Schmidt
        (print or type name)

Corporate Credit Manager
        (print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Corporation disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Corporation

By: _____       Dated: _____
        (signature)

_____
        (print or type name)

_____
        (print or type title)

5

# DELPHI

February 21, 2006

Henry Schmidt
CTS Corporation
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Corporation (the "Demand"). We have identified your Demand as Reclamation Claim No 834.

The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

CTS Corporation
February 21, 2006
Page 2

Reconciled Amount $49,457.69

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $49,457.69 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[5]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[5]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

CTS Corporation
February 21, 2006
Page 3

Reconciled Amount $49,457.69

     (vi)    You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

     The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

     The offer stated herein will remain open through April 24, 2006 (the
"Reconciliation Deadline"). If you agree with the Reconciled Amount and the other
terms of this Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below by the Reconciliation Deadline. If
you disagree with the Statement of Reclamation, you must sign this Statement where
indicated and return it to the persons identified immediately below by the Reconciliation
Deadline and you must also provide the information required by paragraph 2, section
(b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement
of Reclamation to the following:

          Christina Cattell
          Re: Delphi Reclamations
          Mail Code # 483-400-216
          5725 Delphi Drive
          Troy, MI 48098
          Fax: 248-813-6813

          - with copies to –

     Matthew J. Micheli
     Re: Delphi Reclamations
     Skadden, Arps, Slate, Meagher & Flom LLP
     333 West Wacker Drive, Suite 2100
     Chicago, IL 60606
     Fax: 312-407-0411

     In accordance with paragraph 2, section (b)(vi) of the Order, your failure
to return a signed copy of this Statement by the Reconciliation Deadline or your failure to
indicate assent or dissent on a copy of this Statement returned by the Reconciliation
Deadline will be deemed an acceptance of the proposal set forth in this Statement.

     Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

CTS Corporation
February 21, 2006
Page 4

Reconciled Amount $49,457.69

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Corporation
February 21, 2006
Page 5

# 834

Reconciled Amount $49,457.69

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Corporation agrees to the terms of this Statement.

CTS Corporation

By: _____     Dated: 2/13/2006 _____
        (signature)

Henry Schmidt
(print or type name)

Corporate Credit Manager
(print or type title)


## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Corporation disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Corporation

By: _____     Dated: _____
        (signature)

_____
(print or type name)

_____
(print or type title)

5

# DELPHI

July 7, 2006

Henry Schmidt
CTS Automotive Products
CTS Corporation
171 Covington Drive
Bloomingdale, IL 60108

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Henry Schmidt:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by CTS Automotive Products (the "Demand"). We have identified your Demand as Reclamation Claim No. 857. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 857 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

CTS Automotive Products
July 7, 2006
Page 2

Reconciled Amount $3,735.50

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $3,735.50 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

    (i)    The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

    (ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

    (iii)    You are not a proper party to make the Demand.

    (iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

    (v)    You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

CTS Automotive Products
July 7, 2006
Page 3

Reconciled Amount $3,735.50

(vi)     You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this
Amended Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below. Your response, including the
timing of your response, is governed by the terms of the Order. If you disagree with this
Amended Statement of Reclamation, you must sign this Statement where indicated and
return it to the persons identified immediately below and you must also provide the
information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation
Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

CTS Automotive Products
July 7, 2006
Page 4

Reconciled Amount $3,735.50

demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

CTS Automotive Products
July 7, 2006
Page 5

# 857

Reconciled Amount $3,735.50

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, CTS Automotive Products agrees to the terms of this Amended Statement of Reclamation.

CTS Automotive Products

By: _____        Dated: 7/13/2006
      (signature)

Henry Schmidt
      (print or type name)

Corporate Credit Manager
      (print or type title)


## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, CTS Automotive Products disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

CTS Automotive Products

By: _____        Dated: _____
      (signature)

_____
      (print or type name)

_____
      (print or type title)

5

## **EXHIBIT B**

**United States Bankruptcy Court**
**Southern District of New York**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
| Delphi  Corporation., et al ) | ) | Case No. 05-44481 (RDD) |
| ) | ) | (Jointly Administered) |
| | ) | |
| Debtor | ) | |

**NOTICE: FILING OF TRANSFER OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e)(2) or (4)**

NOTE: For purposes of this form, **transferor** refers to the claimant who is selling or otherwise assigning its claim, while **transferee** refers to the party who is purchasing or otherwise being assigned the claim.

To:    CTS Corporation
Attn General Counsel
171 Covington Dr
Bloomington, IL  60108

Please note that your claim number 11256 in the amount of $1,950,968.78 has been transferred (**unless previously expunged by court order**) to:

Bear Stearns Investment Products Inc
Attn Laura L Torrado
383 Madison Ave
New York, NY 10179

No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, YOU MUST, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, FILE A WRITTEN OBJECTION TO THE TRANSFER WITH:**

US Bankruptcy Court                      Kurtzman Carson Consultants LLC
Southern District of New York            Delphi Transfer Objections
One Bowling Green                        12910 Culver Blvd., Ste. I
New York, NY  10004                      Los Angeles, CA 90066

Send a copy of your objection to the transferee.   If you file an objection, a hearing may be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

Date: <u>January 22, 2007</u>

By:    _____/s/Richard Kim_____
                Richard Kim

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------x

In re                                          :        Chapter 11 Case
                                                        Case No. 05-44481
Delphi Corporation, et al.,                    :        (Jointly Administered)

                                               :
                  Debtors.
                                               :

----------------------------------------------x

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:          **CTS CORPORATION ("Transferor")**
                   171 Covington Drive
                   Bloomington, Il 60108
                   Attention: General Counsel

2.    Please take notice of the transfer of $1,950,968.78 of your claim (comprised of $1,789,824.22
general unsecured claim and $161,144.56 priority reclamation claim) against **Delphi Automotive
Systems LLC, (Case No. 05-44640)** or any of its subsidiaries or affiliates, including any and all
proofs of claim filed in connection therewith , including the Proof of Claim a copy of the first page
of which is attached hereto, together with all applicable interest, fees and expenses related thereto
(the "Transferred Claim") to:

                   **BEAR STEARNS INVESTMENT PRODUCTS INC. ("Transferee")**
                   383 Madison Ave.
                   New York, NY 10179
                   Attention: Laura L. Torrado

3.    No action is required if you do not object to the transfer of the Transferred Claim as
described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM,
WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--          **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**

                   Clerk of the Court
                   United States Bankruptcy Court
                   Southern District of New York
                   One Bowling Green
                   New York. NY 10004

040-3058/MISC/919190.1


0544481070110000000000003

- - **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

- - Refer to **INTERNAL CONTROL NO.** _____ in your objection.

4.      If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**


_____
Clerk of the Court

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on
_____ 2006.
INTERNAL CONTROL NO. _____
Copy Claims Agent:
Transferee:
Debtor's Attorney:


[ATTACH EVIDENCE OF TRANSFER]

040-3058/MISC/919190.1

## EVIDENCE OF TRANSFER OF CLAIM

**TO:**  **THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, CTS CORPORATION ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to BEAR STEARNS INVESTMENT PRODUCTS INC. ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of $1,950,968.78 against Delphi Automotive Systems LLC or any of its subsidiaries or affiliates (the "Debtor"), the debtors in possession in the Chapter 11 reorganization case captioned In re Delphi Corporation, et al., Chapter 11 Case Nos. 05-44481 (Jointly Administered), United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim (collectively, the "Claim").

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, are to be delivered or made to Assignee.

IN WITNESS WHEREOF, this 8th day of August, 2006.

**CTS CORPORATION**

By: _____
Name:  Matthew W. Long
Title:  Treasurer

**BEAR STEARNS INVESTMENT PRODUCTS INC.**

By: _____
Name:
Title:

040-3058/CERTS/912407.1

<u>**EVIDENCE OF TRANSFER OF CLAIM**</u>

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, CTS CORPORATION ("<u>Assignor</u>") hereby unconditionally and irrevocably sells, transfers and assigns to BEAR STEARNS INVESTMENT PRODUCTS INC. ("<u>Assignee</u>") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of $1,950,968.78 against Delphi Automotive Systems LLC or any of its subsidiaries or affiliates (the "<u>Debtor</u>"), the debtors in possession in the Chapter 11 reorganization case captioned <u>In re Delphi Corporation, et al.</u>, Chapter 11 Case Nos. 05-44481 (Jointly Administered), United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim (collectively, the "<u>Claim</u>").

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, are to be delivered or made to Assignee.

IN WITNESS WHEREOF, this 8th day of August, 2006.

CTS CORPORATION

By: _____
Name:  Matthew W. Long
Title:  Treasurer

BEAR STEARNS INVESTMENT PRODUCTS INC.

By: _____
Name:          JOHN McDERMOTT
Title:              VICE PRESIDENT

040-3058/CERTS/912407.1

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT  **Southern**  DISTRICT OF  **New York** | PROOF OF CLAIM |
| --- | --- |

| Name of Debtor: **Delphi Automotive Systems LLC** | Case Number **05-44640** |
| --- | --- |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

   **CTS Corporation**

Name and address where notices should be sent:

   **CTS Corporation**
   **171 Covington Drive**
   **Bloomingdale, Il  60108**

Telephone number:  (630)` 924-6561

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check box if you have never received any notices from the bankruptcy court in this case.
- ☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
RD619840689, 087542957; 960379925

Check here ☐ replaces    ☐ amends    a previously filed claim, dated:_____
if this claim

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
  (date)      (date)

**2. Date debt was incurred:**  Various dates - See attached summary

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 2,405,898.43 _____ _____ _____ 2,405,898.43
                                  (unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
- ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
- ☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate    ☐ Motor Vehicle
- ☐ Other_____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim** $ 2,405,898.43
     (161,144.56 is reclamation)
- ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
- ☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority  $_____
  Specify the priority of the claim:
  - ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
  - ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
  - ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
  - ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
  - ☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
  - ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
  *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. *Documents are voluminous. See attached summary.*

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date 7-25-06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):  CTS Corporation   By _____ VP,  Richard G. Cutter III Sec. |
| --- | --- |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.