UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

...............................................................................x
Scott Darryl Reese,                                    :
Claimant                                               :
                                                       :
        v.                                             :
                                                       :
IN RE:                                                 :         Honorable Robert Drain
                                                       :
DELPHI CORPORATION, et. al.,                           :         Case No. 05-44481
DELPHI - DEBTOR IN POSSESSION                          :
DELPHI CHASSIS SYSTEMS                                 :         Bankruptcy Trustee
                Debtor,                                :
                                                       :         (Jointly Administered)
...............................................................................x

<u>COUNSEL FOR THE DEBTORS.</u>

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

    -and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

---

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055

_____/

# MOTION FOR REHEARING DE-NOVO

TABLE OF CONTENTS .................................................................. ii

TABLE OF CITED AUTHORITIES ................................................. ii-v

*FEDERAL RULES OF BANKRUPTCY PROCEDURE* ........................... v

*FEDERAL RULES OF CIVIL PROCEDURE* ...................................... vi

OPINION OF THE COURT ........................... ADDENDUM - B - Attached

JURISDICTION ............................................................................ viii

STATEMENT OF CASE ................................................................. ix

REASONS FOR GRANTING THIS
MOTION FOR RECONSIDERATION ............................................... ix

SUMMARY .................................................................................. 18

RELIEF REQUESTED .................................................................... 19

ADDENDUM -A- ................................................................. Attached

# TABLE OF AUTHORITIES CITED

**CASES**                                                     **PAGE**

*Caminetti v. United States*,
242 U.S. 470, 485 (1917) .................................................. page 14

*Chemical Manufacturers Assn. v. Natural Resources
Defense Council, Inc.*, 470 U.S. 116, 143 (1985) .............................. page 15

*City of Richmond v. Bird*, 249 U.S. 174 (1919) ................................ page 8, 10

*Dewsnup v. Timm*, 502 U.S. 410 (1992) .......................................... page 9, 10

*Goggin v. California Labor Div.*,
336 U.S. 118 (1949) ........................................................... page 9

*Griffin v. Oceanic Contractors, Inc.*,
458 U.S. at 571. .............................................................. page 15

*In re Kerber Packing Co.*,
276 F.2d at 247 ............................................................... page 17

*Jackson Coal Co. v. Phillips Line*,
114 Va. 40 (1912) ............................................................. page 9

*Landreth Timber Co. v. Landreth*,
471 U.S. 681, 685 (1985) ...................................................... page 14

*Lewis v. Fidelity & Deposit Co.*,
292 U.S. 559 (1934) ........................................................... page 9

*Marshall v. New York*,
254 U.S. 380 (1920) ........................................................... page 9

*Midlantic Nat'l Bank v. N.J. Dep't of Envt'l. Prot.*,
474 U.S. 494 (1986) ........................................................... page 11, 12

*Kelly v. Robinson*,
479 U.S. 36, distinguished." Pp. 243-246 ...................................... page 12

*New Jersey v. Lovell*, 179 F. 321 ........................................... page 9

*New Jersey v. Anderson*,
203 U.S. 483 ................................................................ page 9

*Northern Pipeline Construction Co. v. Marathon Pipe
Line Co.*, 458 U.S. 50, 52-53 (1982) ....................................... page 14

*Oliver v. United States*,
268 U.S. 1 (1925) ........................................................... page 9

*Oppenheimer v. Oldham*,
178 F.2d 386, 389 (CA2 1949) .............................................. page 10

*Re Baker* (1986, BC DC Nev.)
66 BR 652 ................................................................... page 7

re Boston and Maine Corp.,
719 F.2d at 496 ............................................................. page 17

*Re Central States Press*
(1985, BC WD Mo.) 57 BR 418 ............................................... page 8

*Re Cohen* (1985, BC SD Fla.)
47 BR 871, 12 BCD 1210 .................................................... page 11

*Re Cortes 1991, ED Pa.)*
*125 BR 418* ................................................................ page 1

re Hallmark Builders, Inc.,
(1986, BC MD Fla.) 67 BR 63 ............................................... page 7

*Re. Jartan, Inc.,*
*(1987, BC ND ILL.) 76 BR 123* ............................................ page 11

*Re Nutri\* Bevco, Inc.*, 117 BR 771
(1990, BC SD NY) .......................................................... page 10

Re New Concept Housing, Inc., (1991, CA8 MO)
951 F2d 932, 26 CBC2d 287 ................................................. page 1

*Re Standards Metals Corp.* (1985, DC Colo)
48 BR 778, CCH Bankr. L. Rptr. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

*Re Vertientes, Ltd.*, 845 F2d 57, 17 BCD 1038,
CCH Bankr L. Rptr 72283, (1988, CA3 NJ.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

*Re Shrum* (1989, BC WD Okla)
98 BR 995 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4

*Simonson v. Granquist*,
369 U.S. 38 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

*Strickland v. General Building and Masonry Contractors, Inc.*,
22 N.C. App. 729, 207 S.E.2d 399 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 5

*Taubel-Scott-Kitzmiller Co., Inc. v. Fox*,
264 U.S. 426 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

*United States v. Bass*,
271 F.2d at 132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 17

*United States v. Harrington*,
269 F.2d at 721-722 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 17

*United States v. Ron Pair Enterprises*,
489 U.S. 235 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

*United States v. Speers*,
382 U.S. 266 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

*United States v. Ron Pair Enterprises*,
489 U.S. 235 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2, 14

*Vanston Bondholders Protective Committee v. Green*,
329 U.S. at 165 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 17


### ***FEDERAL RULES OF BANKRUPTCY PROCEDURE***              **PAGES**

*Rule 3008 - - - Reconsideration of Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

*Rule 7009 - - - Pleading Special Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

*Rule 7001 (2)* .................................................... page 4

*Rule 9014 - - - Contested Matters* ................................. page 4

*Rule 7002* ......................................................... page 4

*Rule 7004* ......................................................... page 5

*Rule 3002 - - - Notice to Creditors* ............................... page 5

**Brief in support**

*Rule 3007 - - - Objections to Claims* .............................. page 1, 7

*Rule 7012 - - - Defenses and Objections* ........................... page 1

*Rule 2002* ......................................................... page 1

*Rule 7012 (b)* ..................................................... page 2

*Rule 7019* ......................................................... page 2, 3

*Rule 7009* ......................................................... page 6, 7

*Rule 719 (a)* ...................................................... page 7

*Rule 7020 - - - Permissive Joinder of Parties* ..................... page 8

*Rule 7027* ......................................................... page 8

4B Collier on Bankruptcy ¶ 70.70, p. 771 (14th ed.1979) ............ page 10

*Rule 3003* ......................................................... page 11

*Rule 9006 (b)(1)* .................................................. page 11

Rule 4005 ........................................................... page 11

### *FEDERAL RULES OF CIVIL PROCEDURE*                                    *PAGE*

*Rule 52* ........................................................... page 1

*Rule 9* ................................................................. page 1, 2, 6, 7

**Brief in support**

Rule 12 (b)-(h) ......................................................... page 2

*Rule 52* ................................................................. page 1

*Rule 19* ................................................................. page 2

*Rule 24* ................................................................. page 7

*Rule 28* ................................................................. page 8

*Rule 27* ................................................................. page 8

4B Collier on Bankruptcy ¶ 70.70, p. 771 (14th ed.1979) .......... page 10

## *FEDERAL STATUTES*

11 U.S.C.S. § 506(d) ................................................. page 4, 6

Title 26, USC ........................................................... page 1, 5

26 U.S.C. §1361(b)(1) ................................................ page 3

26 U.S.C. §1362(d)(2)(A),(B) ........................................ page 4

26 U.S.C. § 6331 ....................................................... page 3, 4

26 U.S.C. § 6332 ....................................................... page 3

26 United States §3401(d) .......................................... page 2

26 U.S.C. Section 6332(e) .......................................... page 2

26 U.S.C. 6402(k) ..................................................... page 3

26 U.S.C.§ 7701(a)(14) .............................................. page 3

26 U.S.C. §7701(a)(26) ............................................... page 3

26 U.S.C. §§[5005], 6051(a) ........................................ page 3

**Brief in support**

11 U.S.C. §§ 101(32) and (47) (1982 ed., Supp. IV) .................... page 13

11 U.S.C. § 101(45) (1982 ed., Supp. IV) ............................ page 13

11 U.S.C.S. § 523 (a)(4) ........................................... page 6, 7

11 U.S.C.S. § 546 (c) .............................................. page 7

11 U.S.C. § 554(a) ................................................. page 15

11 U.S.C. § 1129(a)(7)(B) .......................................... page 11

Title 18 §1017 ..................................................... page 6

Title 26 ........................................................... page 7

26 U.S.C. Section 506 ......................................... page 9, 12, 14, 17

26 U.S.C. 3401(a) .................................................. page 7

26 U.S.C. 3121(a) .................................................. page 7

§ 64a, Bankruptcy Act .............................................. page 4, 7

§ 67d .............................................................. page 8

Section 67(d) of the 1898 Act, 30 Stat. 544, 564 .................... page 10

Chandler Act of 1938, 52 Stat. 840 ................................. page 10

H.R.Rep. No. 95-595, p. 3 (1977) ................................... page 14

## *JURISDICTION*

The jurisdiction for Motion for Reconsideration, Claimant invokes *Federal Rules of Bankruptcy Rule 3008 - - - Reconsideration of Claims*, and *Federal Rules of Bankruptcy Rule 8015 - - - Motion for Rehearing*, in the United States Bankruptcy Court, Southern District of New York.

vii.

## STATEMENT OF CASE

This is an action for reconsideration of the Order of the court dated October 26, 2007 because the Claimant claims several errors of the trial judge and a denial of his federally protected Constitutions Rights, Privileges and Immunities pursuant to the Constitution of the United States.

## REASONS FOR GRANTING THIS MOTION FOR RECONSIDERATION

Claimant moving pursuant to *F. R. of Bankruptcy Procedure* 3008 for Reconsideration of the Order of October 26, 2007 and within his Motion De-Novo argues several points of law the trial judge is in error under the F. R. Bankruptcy Rules.

The F.R. Bankruptcy Rules provided for such rehearing within the United States Bankruptcy Court for the Southern District of New York.

## RELIEF REQUESTED

Claimant, Scott Darryl Reese respectfully requests this court on Rehearing of the Order dated October 26, 2007. Request is specially argued in this request for relief in his Motion and Brief in support under the *F. R. of Bankruptcy Procedure* and the *Federal Rules of Civil Procedure* as provided in these rules cited.

viii.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
Scott Darryl Reese,  :
Claimant  :
 :
v.  :
 :
IN RE:  :  **Honorable Robert Drain**
 :
**DELPHI CORPORATION, et. al.,**  :  **Case No. 05-44481**
**DELPHI - DEBTOR IN POSSESSION**  :
**DELPHI CHASSIS SYSTEMS**  :  **Bankruptcy Trustee**
Debtor,  :
 :  **(Jointly Administered)**
------------------------------------------------------------ x

<u>COUNSEL FOR THE DEBTORS</u>.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

-and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

---

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055

_____/

# **MOTION FOR REHEARING DE-NOVO**

Now comes Scott Darryl Reese, Claimant, Citizen in his proper persona, pursuant to *F. R. of Bankruptcy Procedure Rule 3008 - - - Reconsideration of Claims*, objecting to lack of an adversary proceeding, to confront witnesses and challenge testimony relied upon by the court. See *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM")*. The court, of its own volition, essentially turned the hearing into an *Ex Parte* proceeding, and ignored all evidence on record of Claimant. Claimant claims this equity and equitable relief pursuant to *F. R. of Bankruptcy Procedure Rule 3008*, as opposed to the *F. R. Civil Procedure Rule 52* finding of the order of the court dated October 26, 2007, denying said equity and equitable relief, without a conclusion of law on any of the issues, or relief requested. The court's finding was based on a conclusion of various immaterial codifications of the *Statutes at Large* found in Title 26, USC, and not the actual *Statutes at Large* themselves, which amounts to an erroneous reading and interpretation of the code cited in its opinion. See order of the court dated October 26, 2007 as attached. This Motion for Reconsideration is from the final order of the court. See *Re New Concept Housing, Inc., (1991, CA8 MO) 951 F2d 932, 26 CBC2d 287, CCH Bankr L Rptr ¶ 74386*.

Claimant moves this court pursuant to *F. R. of Bankruptcy Procedure Rule 7009 - - - Pleading Special Matters*. Claimant also incorporates *F. R. of Civil Procedure Rule 9*. In regards to the court dismissing Claimants's late filing (more properly a *Post Petition Claim*, as corrected by the court), Proof of Claim and discharge of lien on the property described in the lien, Claimant states the court is in error, said court drawing a presumptive conclusion by code in conflict with the positive law(s) of the Constitution of the United States and the Statutes at Large as the supreme law of the land.

Claimant references Judge's order, specifically, "And based on my review of their response, including the exhibit attached thereto (Note: Claimant is unaware of what "exhibit attached thereto" Judge Drain is referencing. All packages sent by the attorneys for debtor *Delphi et. al.* were never received, and sent back to the attorneys for debtor *Delphi et. al.*. Claimant mistakenly believed his wife had signed for such packages prior to court on both October 25TH and October 26TH, 2007. This was not the case. Claimant's wife had informed him of one (1) package from Federal Express that she had not signed for, and that was left on the front steps. It contained <u>PROPOSED FOURTEENTH CLAIMS HEARING AGENDA</u>. This is the only mail received thus far from the

*Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese*    Page 1 of 5

attorneys for debtor *Delphi et. al.*.), consisting of the IRS Notice of Levy, as well as my review of the applicable statute and case law, I conclude that pursuant to 26 U.S.C. Section 6332(e), Delphi is discharged from any liability to Mr. Reese for honoring the IRS's levy, which is expressly provided for in that section."

> *Here is what 26 U.S.C. Section 6332(e) actually says* (all **_emphasis_** mine):
>
> **(e) Effect of honoring levy**
>
> Any **person** in possession of (or obligated with respect to) property or rights to property **subject to levy upon which a levy has been made** who, **upon demand by the Secretary**, surrenders such property or rights to property (or discharges such obligation) to the **Secretary** (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.
>
> **(f) Person defined**
>
> The term "person," as used in subsection (a), **includes an officer or employee of a corporation or a member or employee of a partnership**, who as such officer, employee, or member is under a duty to surrender the property or rights to property, or to discharge the obligation. See *United States v. Ron Pair Enterprises*, 489 U.S. 235 (1989). This is a Michigan tax case and tax liens.

Debtor *Delphi et. al.* ARE NOT, AS MUCH AS THEY MAY WISH, **AN OFFICER OR EMPLOYEE OF A CORPORATION OR A MEMBER OR EMPLOYEE OF A PARTNERSHIP**. See **IRS FOIA Request - United States §3401(d) "employer" - 2007 (Exhibit J)**; **(Exhibit R - "Non-response to Exhibit J,"** which acquiesces to Claimant/Creditor's claims, as it's not up to Claimant to prove a negative at law, or that which doesn't exist); *Delphi Corporation Papers online from Michigan Dept. of Labor and Economic Growth* **(Exhibit BB** - Debtor *Delphi et. al.* are a Michigan Limited Liability Company – "LLC" – and not a **26 United States §3401(d) "employer"**) and **IRS FOIA Request - Explanation of reason for refund disallowance - 2007 (Exhibit M)**:

> **(I)** Any refusal to respond in full to Requestor's *Freedom of Information Act* request to furnish a copy of any *Explanation of reason for refund disallowance* shall be

*Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese*      Page 2 of 5

acknowledged as a denial of such request, and will further deem and establish the fact that the agency does not have a good-faith belief that Requester is entitled to one for the reasons set forth in (1)(t). [Note: (1)(t) appears immediately following **(II)**.

**(II)** Also, a refusal to respond in full to Requestor's *Freedom of Information Act* request to furnish a copy of any *Explanation of reason for refund disallowance*, shall be acknowledged as a denial of such request, and will further deem and establish the fact that the agency does not have a good-faith belief that such Requestor is a "taxpayer" as described at 26 U.S.C.§ 7701(a)(14) as *any person subject to any internal revenue tax*.

**(t)** If it is the Service's position that filed *Form 1040 Individual Income Tax Returns* and their accompanying *Form 4852s* and *Form 1099-MISC*, subscribed and sworn to under penalty of perjury, by what is known and believed by the filer, that in accordance with 26 U.S.C. 6402(k) Requestor is a non-"taxpayer" to whom a meaningful explanation is not warranted for any "disallowance", then explanation shall be made.

and response to **IRS FOIA Request - Explanation of reason for refund disallowance - 2007** (**Exhibit U** - Dated July 6, 2007):

"We wrote to you on May 23, 2007, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by August 17, 2007 we will contact you and inform you of the status of your case. We are sorry for any convenience the delay may cause."

The above indicates that Claimant is not a 26 U.S.C.§ 7701(a)(14) "taxpayer", and has established the fact that the Secretary does not have a good-faith belief that Claimant is subject to 26 U.S.C. § 6331 - Levy and distraint action, nor 26 U.S.C. § 6332 - Surrender of property subject to levy, nor a 26 U.S.C. §3401(c) "*employee*", nor a 26 U.S.C. §7701(a)(26) "*Trade or Business*", nor 26 U.S.C. §§ 3401(a) and 3121(a) "*wages*" (*"wages as defined in 3401(a) and 3121(a)"*), nor belief that debtor *Delphi et. al.* are either a 26 U.S.C. §3401(d) "*Employer*", or a 26 U.S.C. §§[5005], 6051(a), Chapter 3, §§§§ 1441, 1442, 1443, and 1461 "*withholding agent*", or a 26 U.S.C. §7701(a)(26) "*Trade or Business*", nor a 26 U.S.C. §1361(b)(1) "*domestic corporation(s)*", nor a 26 U.S.C. §7701(4)

"*corporation(s) organized under the laws of the United States*", nor a 26 U.S.C. §1362(d)(2)(A),(B) "*s-corp*" – "small business corporation." If the Secretary had authorized a lien and levy action cited by the court in its order of the court dated October 26, 2007, then this information would have been the first thing sent in response to Claimant's *Freedom of Information Act* requests. The fact that no response has been in the affirmative proves the lack of existence of any such documents. It's not up to Claimant to prove a negative, or that which doesn't exist. **THE SECRETARY HAS HAD SINCE MARCH 22, 2007, TO ANSWER THE FREEDOM OF INFORMATION ACT REQUESTS, AND HAS NOT DONE SO, THUS MAKING ALL OF CLAIMANT'S ASSERTIONS TRUE.**

26 USC 6331 (d) (1) Requirement of Notice before Levy

> In general, levy may be made under Subsection A upon the salary or wages or other property of any person with respect to any unpaid taxes **ONLY after the Secretary of the Treasury of the United States** has notified such person **in writing** of his intention to make such levy.

This demanded Adversary Proceeding is proper method to determine validity, priority and extent of lien pursuant to *11 U.S.C.S. §547* upon this *Motion for Rehearing.* See *F. R. of Bankruptcy Procedure Rule 7001 (2). Re Shrum (1989, BC WD Okla) 98 BR 995.* Claimant's *Proof of Claim in Delphi Bankruptcy Proceedings - Reese* (referenced as "Proof of Claim", *supra* and *infra*), action acts also as a complaint against the debtor *Delphi et. al.*, and the Claim of Lien (*Notice of Claim of Lien - Delphi Bankruptcy Proceedings - Reese, infra,* and *supra*) acts as a complaint for determination by and through this Adversary Proceeding. No motion has been filed by Claimant or debtor *Delphi et. al.* for determination of his Claim of Lien. See *F. R. of Bankruptcy Procedure Rule 9014 - - - Contested Matters.* Also see *F. R. of Bankruptcy Procedure Rule 7002 - - - References to Federal Rules of Civil Procedure.* Whenever a Federal Rule of Civil Procedure applies to Adversary Proceedings makes reference to another Federal Rule of Civil Procedure, the reference shall be read as a reference to the Federal Rules of Civil Procedure as modified in this Part VII.

Further relief is not available under **11 U.S.C.S. § 506(d)** on debtor's motion (objection to Scott Darryl Reese's Motion for Leave to File late Claim) to avoid judicial lien because *F. R. of Bankruptcy Procedure Rule 7001(2)* "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)" was not available without separate

*Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese*       Page 4 of 5

motions requesting separate relief through PART VII. ADVERSARY PROCEEDINGS, and *Rule 7003* provides that relief under §506 cannot be granted by motion.

**Argument:** The court's finding was based on a conclusion of various immaterial codifications of the *Statutes at Large* found in Title 26, USC, and not the actual *Statutes at Large* themselves, which amounts to an erroneous reading and interpretation of the code cited in its opinion. See order of the court dated October 26, 2007 as attached. Further, the court was in error by not advising Claimant that he be required to file a complaint and summons, to comply with *F. R. of Bankruptcy Procedure Rule 7004 - - - Process, Service of Summons, Complaint.*

## Request For Relief

Therefore, Claimant, Scott Darryl Reese, respectfully requests this court grant his *Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings*. Further, Claimant, Scott Darryl Reese, respectfully requests this court reverse the decision of the Honorable Robert D. Drain, declaring that the two arguments are not "moot." Firstly, find that Mr. Reese seeks leave to file a *Post Petition Claim* (as opposed to a "Late Claim"), which is/was timely, because Mr. Reese was not notified of the bar date by the clerk of the court. Secondly, find that Mr. Reese seeks leave to have relief from the automatic stay, which is timely, because, as stated, its under the *F. R. of Bankruptcy Procedure Rule 3002 - - - Notice to Creditors*. Thirdly, find that Mr. Reese should be granted intervention in this matter by the court. Fourthly, find that Mr. Reese has a valid claim of lien on the property of debtor *Delphi et. al.*, as described in his Claim of Lien. Fifthly, find that Mr. Reese was not timely served a copy of *Debtors' Objection to Scott Darryl Reese's Motion for leave to File Late Claim*. Further, find that attorneys for debtor *Delphi et. al.* did not label the pleadings in their *Objection* as a Motion to Dismiss. Further, attorneys for debtor *Delphi et. al.* failed to advise the court and Mr. Reese that the proceedings were *core* or *non-core*, which are grounds for dismissal of *Debtors' Objection to Scott Darryl Reese's Motion for leave to File Late Claim*, as reversible error.

Date: November 5, 2007

Scott Darryl Reese;
SCOTT DARRYL REESE;
SCOTT D. REESE
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]

Prepared by:
Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state    [48371]