1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  DELPHI CORPORATION ET AL.,

9

10      Debtor.

11

12  - - - - - - - - - - - - - - - - - - -x

13

14        United States Bankruptcy Court

15        One Bowling Green

16        New York, New York

17

18        October 26, 2007

19        10:32 AM

20

21  B E F O R E:

2

1

2   HEARING re Third Omnibus Objection Matter

3

4   HEARING re Ninth Omnibus Objection Matter

5

6   HEARING re Fifteenth Omnibus Objection Matter

7

8   HEARING re Nineteenth Omnibus Objection Matter

9

10   HEARING re Twentieth Omnibus Objection Matter

11

12   HEARING re Motion of Scott Darryl Reese to Allow Payment of

13   Claim and Other Relief

14

15   HEARING re Motion to Reconsider FRCP 60 or FRBP 3008

16

17

18

19

20

4

1

2  SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

3      Attorneys for Delphi Corporation

4      333 West Wacker Drive

5      Chicago, IL 60606

6

7  BY:   JOHN LYONS, ESQ.

8        JOSEPH WHARTON, ESQ.

9        LISA DIAZ, ESQ.

10

11

12

13

14

15

16

17

18

19

20

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

10

1   waiving all interest, including any interest that may be

2   payable under a plan of reorganization.

3        THE COURT:  Okay.

4        MR. LYONS:  And next, Your Honor -- that does it for

5   the uncontested matters.  And now the next item on the agenda

6   is the motion filed by Scott Darryl Reese.  So I'll turn the

7   podium over to Mr. Reese.

8        THE COURT:  Okay.

9        MR. REESE:  Good morning, Your Honor.

10       THE COURT:  Good morning.  You should assume I've

11  gone through the papers you filed as well as the debtors'

12  papers.

13       MR. REESE:  Okay.

14       THE COURT:  But if you have anything else to say,

15  please feel free to do that.

16       MR. REESE:  I would like to request time -- more time

17  to answer the attorneys for Delphi's latest response, right

18  now.  I received --

19       THE COURT:  Sure, go ahead.

20       MR. LYONS:  -- my wife signed for it last Friday.  I

21   haven't had a chance to go through it yet.

22          THE COURT:  Well, it's -- it is an affidavit that

23   supports the statement that was already in the response that

24   said that you had not renewed the exemption W4 withholding form

25   for 2007.

11

1        MR. REESE:  Right.  That's a -- that's a legal --

2   that's another matter, so.  I stand on my motions.  I guess,

3   any questions from the Court, so.

4        THE COURT:  Okay.

5        MR. REESE:  Maybe I can clarify.

6        THE COURT:  Have you -- have you dealt with the IRS

7   or with any court contending that the IRS didn't have the right

8   to do this?

9        MR. REESE:  There's other actions -- class actions

10  pending, indirectly related to this, is about the best way I

11  can put it.

12       THE COURT:  Okay.  And those are against the IRS?

13       MR. REESE:  They -- when we do more discovery,

14  they'll probably be against the individuals -- named

15  individuals in the IRS.

16       THE COURT:  Okay.  All right.  If you could summarize

17  it in a nutshell, because your pleadings are quite lengthy.

18  What is the basis for your claim?

19       MR. REESE:  Right now?  For this claim here?

20       THE COURT:  Yes.

21        MR. REESE:  Okay.

22        THE COURT:  Not the one -- not the class action.

23        MR. REESE:  Okay.  This claim right here, Delphi is

24   acting as a second party withholding agent, or alleged

25   withholding agent, if you will.  Minus, in my opinion, any

12

1   statutory authority to do so.  I filed in lieu of form W4s and

2   other paperwork, and they honored -- they honored it insofar as

3   federal taxes, per se, the category of federal taxes were

4   concerned.  They still deducted and withheld FICA and Social

5   Security, even though they had no legal authority to do that.

6   That was for the end of 2006 and continuing through into 2007

7   to the present.  The beginning of 2007, and this is only a

8   guess, because I still haven't received anything from the IRS

9   or from Delphi concerning or regarding this, supposedly a lien

10  and levy action were filed by the IRS, saying that I owed X

11  amount of dollars and had a debt, I guess.  And Delphi took it

12  upon themselves to honor any, again I'm guessing here, unsigned

13  presentments from the IRS, and as a second party, turned it

14  over to a third party, money that was lawfully owed to me.

15          THE COURT:  Okay.

16          MR. REESE:  They haven't claimed -- they haven't cited

17  any statutory or legal authority to do so.

18          THE COURT:  Okay.  Well, you -- did you receive the

19  debtors' objection?

20          MR. REESE:  Debtors' objection filed last Friday?  Or

21   filed this week?

22       THE COURT:  Well, October 18th.  Well, it's dated

23   October 18th.

24       MR. REESE:  Dated October -- like I said, my wife --

25   I was -- I'd been in contact with Sarah Platt from Skadden

13

1   Arps.  She e-mailed me a copy Thursday.  I pulled it up by

2   about 3:00, 3 a.m. Friday morning -- a week ago Friday morning.

3   And I left for work an hour and a half later.  I printed it

4   out.  I have not had a chance to read any of the -- she had

5   three or four exhibits attached to that too.  I looked at the

6   exhibits that she wanted to use in court.  And I read the first

7   page of the objection.  And that's as far as I got.  I had a

8   wedding in Niagara Falls last week.  I had -- or Buffalo, New

9   York, I had to go to last week.

10      THE COURT:  Okay.  All right.

11      MR. REESE:  So I have not had a chance to look it

12   over or respond to it.

13      THE COURT:  Okay.  Okay.  Anything --

14      MR. REESE:  I can't -- until such time as my Freedom

15   of Information Act requests are answered, and not just replied

16   to, but answered, I can't -- and the letter to Delphi and

17   Delphi's payroll department, I guess in Arizona, Texas or

18   Jamaica, wherever they are, I feel that I can't proceed

19   without -- my hands are tied as far as discovery goes.

20      THE COURT:  Okay.

21      MR. REESE: Any other questions?

22      THE COURT: No, I don't think so. Okay. Why don't I

23  hear from the debtors.

24      MR. REESE: I can -- if you'd like me to, I can read

25  the jurisdiction to this Court, where, in fact, I should

14

1  probably read this into the proceedings here.  Per Title 28, Your

2  Honor, United States Code Service.  Bankruptcy Courts, Section

3  157 Proceedings.

4         THE COURT:  Oh, I'm familiar with -- there's no issue

5  that --

6         MR. REESE:  Okay.

7         THE COURT:  -- I have jurisdiction over your claim.

8         MR. REESE:  Okay.  I just -- I'm going to quote the

9  rule here, if you like.

10         THE COURT:  You don't need to.  I know it.

11         MR. REESE:  Okay.

12         THE COURT:  And it's not in dispute that I have

13  jurisdiction over your claim.

14         MR. REESE:  Okay.

15         MR. REESE:  But it's for the proceedings as far as if

16  there's a, I suppose a lien in controversy that -- that's the

17  jurisdictional -- jurisdictional issue.

18         THE COURT:  Well, I don't have jurisdiction over a

19  dispute between you and the IRS.  I do have jurisdiction over

20  your claim against Delphi.

21        MR. REESE:  Okay.

22        THE COURT:  Okay.  Anything else?

23        MR. REESE:  That should be it.

24        THE COURT:  All right.  So I'll hear from the debtors

25  then.

1    MR. LYONS: Your Honor, I'll be brief. We did file

2    the objection and the Internal Revenue Code provisions are

3    cited therein. 6332(a), 6332(d), and 6332(e). You know,

4    basically we're a third party here. We received a notice of

5    levy, and under the terms of the notice of levy, which is

6    attached as Exhibit A to our objection, it states that: the

7    levy requires you to turn over to us this taxpayer's wages and

8    salary that have been earned but not yet paid as wages

9    and salary earned in the future until this levy is released and

10    this taxpayer's other income that you now have or for which you

11    are obligated. I mean, again, here we know nothing of the

12    merits of the dispute between Mr. Reese and the IRS, but under

13    the law we're required to turn this over or else face liability

14    in our own right. And moreover 332(e) relieves us of any

15    liability if we do turn the money over to the IRS. And that's

16    in our objection, Your Honor.

17    THE COURT: Okay.

18    MR. LYONS: Our response.

19    THE COURT: Okay. Anything else?

20    MR. REESE: I would like to comment on the

21  attorney --

22          MR. LYONS:  Yeah.

23          MR. REESE:  -- are you from Skadden Arps?

24          MR. LYONS:  Yeah.  John Lyons.  Yes.

25          MR. REESE:  The gentleman right there that made the

16

1    statement.  I think some of the confusion is here, and don't

2    know why this is, Congress has gone to a lot of trouble to

3    define wages, employee, employer and everything else.  I don't

4    know why they're unable to read the statutes at large as things

5    are defined.  Taxpayer and all that -- taxpayer, wages,

6    employee, employer, are all legally defined terms in the United

7    States Code and the statutes at large.  I don't know why their

8    insistence, contrary to the definitions are still relied upon,

9    I guess, by the attorneys for Delphi.  In other words, I could

10   randomly pull any book off of my shelf, any legal book with

11   statutes for horse thieving or prostitution.  That doesn't mean

12   that it necessarily would apply in the instant case.  There

13   would be certain legal qualifications to have to be met in

14   order for that to apply -- for the statutes and for the legal

15   terms to apply.  Like I said, the Freedom of Information Act

16   requests that have not been answered, they've been responded to

17   but only certain portions, what the IRS has chosen to pick and

18   choose, would allow this to be a lot more clarified -- this

19   issue to be more clarified.

20       Also if Delphi themselves could provide me with forms

21   that I've requested regarding -- with my name on it, anything with

22   my name that they've sent to the IRS, that would clarify.  Like

23   I said, my hands are tied.  I'm guessing at what they have and

24   what the IRS has. I haven't been served with anything.

25          THE COURT:  Well, do you dispute that Delphi was in

17

1    possession of the money that has been withheld from you?

2        MR. REESE:  They --

3        THE COURT:  I mean, it's --

4        MR. REESE:  They've been in possession of my pay --

5    yeah, my earnings --

6        THE COURT:  I mean that's -- but it's your pay,

7    right?  It's --

8        MR. REESE:  My private pay.  Correct.

9        THE COURT:  All right.  And is there -- do you

10    contend that that pay is subject to a prior judicial attachment

11    or execution or --

12        MR. REESE:  I contend that it is not subject -- minus

13    any statutory authority or judicial order otherwise, it's not.

14        THE COURT:  Okay.

15        MR. REESE:  They'd have to produce the legal --

16        THE COURT:  No.  I'm not talking about the IRS.

17        MR. REESE:  No.  I'm not either.  I'm talking about

18    Delphi.

19        THE COURT:  Anything else?  Any other lien?  Is that

20    subject to any other lien you contend?

21        MR. REESE: It's -- that -- exactly. That's why I

22    wanted to read the jurisdiction to the Court. One of the

23    things in that is to determine if there is a valid lien or if

24    there is a valid notice of levy -- notice of lien or valid

25    notice of levy, or lien or levy that goes along with that.

18

1        THE COURT:  Okay.

2        MR. REESE:  Like I said, the responses by the IRS,

3    just a little bit of responses I've received back from the

4    Internal Revenue Service, [state] we have nothing on file.  How can

5    they have nothing on file forty-five days after the fact of

6    sending -- of notifying Delphi?  Or I'm guessing that they

7    notified Delphi.

8        THE COURT:  Okay.

9        MR. REESE:  Like I said, they don't want to notify

10   me.  Nobody wants to notify me.

11       THE COURT:  Okay.  Okay.  I have before me a motion

12   by Mr. Reese that seeks three forms of relief, two of which are

13   moot.

14       MR. REESE:  Your Honor, if I might?  If I can clarify

15   one issue?  I wanted entered into the record my tax returns,

16   but I forgot them.  I have received letters from the Internal

17   Revenue Service regarding -- from the last, probably four to

18   six months, where they seem to be catching up with my tax

19   returns as they've been filed, and saying okay, we've entered

20   them into the record now, and we agree with you, and we're

21  applying your overpayments, which is a legal definition --

22  we've applied your overpayments that we owe you against other

23  debts.  And they keep putting -- they're kind of moving everything

24  forward from 1997 on up, and their last -- the only letter

25  that's -- the only year that's in contention right now is 2004,

19

1    my 2004 tax return. And that's the year -- by coincidence or

2    not, is the year that I had worked for Delphi, almost entirely

3    the whole year. I worked two, maybe three days for another

4    contractor, electrical contractor.

5        THE COURT: Okay.

6        MR. REESE: So that's -- I don't know if that's

7    coincidence.

8        THE COURT: All right. As I was saying, I have a

9    motion in front of me by Mr. Reese that, reading between the

10   lines, requests three forms of relief. The first two are moot

11   or irrelevant, namely Mr. Reese seeks leave to file a late

12   claim as well as seeks leave to have relief from the automatic

13   stay, and I guess relatedly, to intervene. Those requests for

14   relief are moot or irrelevant for the following reasons. If

15   Mr. Reese had a claim against Delphi, it would be a post-

16   petition claim, as is his claim -- as asserted his one arising

17   allegedly from a wrongful agreement to withhold or accept the

18   levy upon his pay, which allegedly occurred post-petition.

19   Therefore the claim is not late, it's not subject to the bar

20   date which applies to prepetition claims. There is also

21    recoverable, and that's found in 26 U.S.C. Section 6332(d)(1)

22    and (2), the debtor was obligated to comply with the levy.  See

23    generally as to that obligation as well as the applicability of

24    the exoneration or discharge provision of 26 U.S.C. Section

25    6332(e):  Schiff, S-C-H-I-F-F versus Simon and Schuster Inc.,

21

1    780F 2d 210, Second Circuit, 1985, Melton versus Teachers'

2    Insurance and Annuity Association of American 114F 3rd 557,

3    Fifth Circuit 1997; and Sheppard versus IRS 2006, District

4    Lexus 69029, Northern District of New York, September 26, 2006.

5        I should note further, although it's not clear to me

6    that this is contested by Mr. Reese, that it's long been held

7    that 26 U.S.C. 6332(a) applies to individuals such as himself

8    and does so without the requirement of a hearing in advance of

9    the levy.  The presumption being that the levy is correct as

10   set forth in the Melton case that I cited earlier, as well as

11   U.S. versus Montchanin Mills, M-O-N-T-C-H-A-N-I-N Mills, Inc.

12   512 F1192, District of Delaware, 1981; and Watts versus IRS 925

13   F271, District Court of New Jersey, 1996.  And so, I agree that

14   under the statute and the case law, Delphi is a third party

15   stakeholder, the recipient of, on its face, a valid notice of

16   levy, pursuant to which it was required to -- with which it was

17   required to comply, and that it is required to comply with,

18   going forward, pending resolution of any dispute between Mr.

19   Reese and the IRS, and notice of the resolution of that dispute

20   that would release the levy, and that it is expressly

21    discharged from liability for complying with the levy under

22    26 U.S.C. Section 6332(e).  So the objection to the claim is

23    well taken and the claim will be disallowed.  This is obviously

24    without prejudice to any of Mr. Reese's rights versus the IRS,

25    but as I noted before, with regard to that dispute, I don't

22

1  have jurisdiction, and that needs to be taken up elsewhere.  So

2  Mr. Lyons, you should submit an order to that effect.

3        MR. LYONS:  I will do, Your Honor.

4        THE COURT:  Okay.  Let me also note, Mr. Reese began

5  the hearing by saying that he had not had the time to review

6  the debtors' objection in full.  He acknowledged, however, that

7  he received it last week and, in fact, that counsel directed

8  him to the exhibits that include IRS notices of levy.  So I

9  conclude that there was proper service of the objection and

10  that in light of the clear case law and statute on this issue

11  there's no purpose served in further adjourning this matter.

12  Okay.

13        MR. REESE:  I'd still like to read this into the

14  record, if I might.

15        THE COURT:  No.  I've already ruled, sir.

16        MR. REESE:  All right.

17        THE COURT:  Okay.  Thank you.  Okay.  Let me hear the

18  Specialty Coatings matter, then.

19        MR. LYONS:  Your Honor, I believe they may be out in

20  the hallway.  Could we take a very short adjournment then?