# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - | x | |
|---|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - | x | |

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF THOMPSON HINE LLP
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("THOMPSON HINE RETENTION ORDER")

Upon the application, dated February 7, 2006 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Thompson Hine LLP ("Thompson Hine") as intellectual property counsel to the Debtors; and upon the

Affidavit of Theodore D. Lienesch, sworn to February 6, 2006, in support of the Application (the

"Lienesch Affidavit"); and this Court being satisfied with the representations made in the Application

and the Lienesch Affidavit that Thompson Hine does not represent or hold any interest adverse to any

of the Debtors' estates or the Debtors with respect to the matters on which Thompson Hine is to be

employed, and that Thompson Hine's employment is necessary and would be in the best interests of

each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that

no other or further notice is necessary; and upon the record herein; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Application is GRANTED.

2.      The Debtors' employment of Thompson Hine as their intellectual property counsel,

pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code

and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3.      Thompson Hine shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5.        The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Date: New York, New York
      March 9, 2006

/s/Robert D. Drain
Robert D. Drain
U. S. Bankruptcy Judge

3