UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:                                                                Case No. 05-44481RDD

DELPHI CORPORATION, ET AL.,                          Chapter 11 (Jointly Administered)

                           Debtor(s).                         Hon. Robert D. Drain
_____/

**RESPONSE OF THE STATE OF MICHIGAN, DEPARTMENT OF TREASURY TO DEBTOR'S TWENTY-SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §502(B) AND FED. R. BANKR.P. 3007 TO CERTAIN (E) UNTIMELY CLAIMS.**

     NOW COMES the State of Michigan, Department of Treasury, by and through it attorneys, Michael A. Cox, Attorney General, and Peggy A. Housner, Assistant Attorney General, and responds to Debtor's objection as follows:

     1.     Debtor, Delphi Corporation, in this 22nd Omnibus Objection, has objected to what it identifies as Claim # 16724 and Claim # 16725. Both claims were filed on or about October 10, 2007, in the amount of $10,459,293.30 and $4,239.59, respectively, by the State of Michigan, Department of Treasury. Debtor asserts that the claims are untimely as they were filed after the court ordered claims bar date of July 31, 2006.

     2.     The Michigan Department of Treasury admits that Claim # 16724 and 16725 were filed on or about October 10, 2007, in the amount of $10,459,293.30 and $4,239.59 respectively, against Delphi Corporation, Federal Tax Identification Number 38-3430473, but Treasury asserts that these claims were filed as an Amended Priority Tax Claim and an Amended Administrative Expense Claim not as the original tax claims subject to the claims bar date.

     3.     The Michigan Department of Treasury timely filed its original Priority Tax Claim in this matter against Delphi Corporation on March 23, 2006, in the amount of $7,061,266.16.

This claim was subsequently amended on April 4, 2006, in the amount of $5,753,354.75; again on May 16, 2006, in the amount of $5,731,238.42; again on July 30, 2007 in the amount of $12,954,363.21 and lastly it was amended on or about October 10, 2007 in the present amount (the claim that is now the subject of this objection).

        4.       The Michigan Department of Treasury timely filed its original Administrative Expense Claim on or about April 4, 2006 in the amount of $685,517.73. The claim was subsequently amended on or about May 16, 2006 in the amount of $585,989.54 and lastly it was amended on or about October 10, 2007 in the present amount (the claim that is now the subject of this objection).

        5.       The Michigan Department of Treasury has continued to amend and correct the amount of this priority tax claim and administrative expense claim as the tax assessments listed on the claims have been revised and corrected as the result of the Michigan Single Business Tax and Use Tax Audits that are currently underway between the Michigan Department of Treasury and Delphi.

        6.       The priority tax claims and administrative expense claims, as filed in this matter and amended, continue to properly reflect the single business taxes and use taxes owed to the Michigan Department of Treasury as the result of comprehensive tax audits currently underway. The Michigan Department of Treasury has continued to amend these claims as the process has been completed. The use tax audit is scheduled to be completed by December 31, 2007.

        7.       The Michigan Department of Treasury is allowed to amend its claims, as necessary, pursuant to 11 USC §501, Bankruptcy Court Rules 3001 and 7015, and case law (see *In Re Kolstad v IRS*, 928 F. 2d 171, 1991 US App. Lexis 5858; 91-1 U.S. Tax Cas. (CCH) P50, 190; 67 A.F.T.R. 2d (RIA) 829; Bankr. L. Rep. (CCH) P73, 929; 21 Bankr. Ct. Dec. 904). The

Michigan Department of Treasury's amended claims relate back to the original claims; no additional assessments or taxes are included, only the updated audit amounts.  No new tax debts have been asserted in the amended claims.  The parties should not be surprised, as the amended claims contain all the same tax debts and tax periods and, further, the Debtors have been involved in the Audit process which has resulted in the changed amounts of tax due. Lastly, none of the other creditors will suffer as the result of the State amending its claims, as all have been on notice of the Michigan Department of Treasury claims.  The Michigan Department of Treasury's amended priority claim and amended administrative expense claim relate directly back to the original tax claims as they relate to tax type, tax period and audit status, that was timely filed in this matter.

WHEREORE, the Michigan Department of Treasury respectfully requests that its Amended Priority Tax Claim, filed in this matter as Claim # 16724 and Amended Administrative Expense Claim, filed in this matter as Claim # 16725 (against Debtor Delphi Corporation, Tax ID 38-3430473), in the amount of $10,459,293.30 and $4,239.59 respectively, be allowed and paid as a timely filed and appropriately amended claims.

Respectfully submitted,

MIKE A. COX
Attorney General

/s/ Peggy A. Housner
Peggy A. Housner (P47207)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., #10-200
Detroit, MI  48202
(313) 456-0140
(313) 456-0141 (Fax)

Dated:  November 6, 2007

4