**Bidding Procedures Hearing Date: November 16, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,

Debtors and Debtors-in-Possession
Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                  Debtors.          :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

DEBTORS' REPLY SUMMARIZING MODIFICATIONS
TO ASSET PURCHASE AGREEMENT AND BIDDING PROCEDURES
IN CONNECTION WITH SALE OF THE DEBTORS' SAGINAW CHASSIS ASSETS

       Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit

this reply (the "Reply") in support of the Debtors' expedited motion (the "Motion") for orders pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 (a)(i) approving the bidding procedures (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities") primarily used and located at DAS LLC's chassis facility in Saginaw, Michigan (the "Acquired Assets").[1]  This Reply summarizes modifications to the asset purchase agreement related to the Sale and the effect of certain of such modifications on the proposed bidding procedures order.

Preliminary Statement

1.     By the Motion, the Selling Debtor Entities seek this Court's approval of the Bidding Procedures in connection with the sale of the Acquired Assets.  The Motion states that the Selling Debtor Entities will seek entry of an order substantially in the form attached to the Motion (the "Bidding Procedures Order") approving the Bidding Procedures, Notice Procedures, and certain bid protections to be provided to TRW Integrated Chassis Systems LLC (the "Purchaser") pursuant to the Asset Purchase Agreement dated September 17, 2007 by and among the Selling Debtor Entities and the Purchaser (the "Agreement").

2.     Primarily because of the passage of time and the negotiations related to a supply agreement between the Purchaser and General Motors Corporation ("GM"), the Selling Debtor Entities and the Purchaser have entered into amendments to the Agreement to address

---

[1]  In addition to the assets located at the chassis facility located in Saginaw, Michigan, the Selling Debtor Entities are also selling assets located at facilities in Spring Hill, Tennessee, Dayton, Ohio, and Oshawa, Ontario, Canada.

certain time-sensitive provisions, including the closing condition related to such supply agreement. Most recently, on November 14, 2007, the Selling Debtor Entities and the Purchaser entered into that certain Third Amendment To Asset Purchase Agreement, a copy of which is attached hereto as <u>Exhibit A</u> (the "Amendment").[2,3] The Amendment, among other things, relates to (i) the sale of the assets currently owned by Delphi Canada, Inc., a non-Debtor affiliate ("Delphi Canada"), (ii) the execution of a supply agreement between the Purchaser and GM, (iii) the treatment of benefit accruals for the Selling Debtor Entities' active, formerly traditional, hourly employees, and (iv) the Bidding Procedures. This Reply summarizes those provisions in the Amendment.

Summary Of Modifications To Asset Purchase Agreement And Bidding Procedures

3.  <u>The Canadian Assets</u>.  Under an ancillary agreement to the Agreement (the "Canadian Agreement"), Delphi Canada agreed to sell certain manufacturing equipment and other personal property located at a facility in Oshawa, Ontario, Canada (the "Canadian Assets") to the Purchaser for $1.2 million. The transactions contemplated by both the Agreement and the Canadian Agreement were subject to competitive bidding under the proposed bidding procedures order. Prior to entering into the Amendment, the Purchaser terminated the Canadian Agreement, but both parties understood that the Canadian Assets would remain included in the overall Sale. The Amendment provides that (i) the Selling Debtor Entities will purchase the Canadian Assets from Delphi Canada and relocate certain of the Canadian Assets to the Saginaw facility (the Purchaser would reimburse DAS LLC for costs related to the relocation of such assets) and (ii)

---

[2]  Copies of the schedules to the Amendment are available upon request to parties-in-interest who execute a confidentiality agreement acceptable to the Debtors and who show that they would be affected by the relief requested in the Motion.

[3]  The first and second amendment are no longer effective and are superseded in whole by the third amendment.

3

the Canadian Assets will be sold by the Selling Debtor Entities as part of the Acquired Assets under the Agreement.  As a result of the foregoing, the Purchase Price for the Acquired Assets has increased by $1.2 million, which was the amount of the purchase price for the Canadian Assets under the Canadian Agreement.

4. <u>The GM-Purchaser Supply Agreement</u>.  Section 9.1.E of the Agreement contained a condition that GM and the Purchaser would enter into a supply agreement by September 26, 2007 (the "Supply Agreement").  GM and the Purchaser were unable to agree on terms of the Supply Agreement prior to September 26, 2007, however.  Consequently, the parties on two occasions amended the Agreement to give the Purchaser more time to satisfy this closing condition.  Because GM and the Purchaser have now entered into the Supply Agreement, the Amendment deletes the closing condition related to the Supply Agreement.

5. <u>Benefit Accruals Of Active, Formerly Traditional Hourly Employees</u>.  As part of their transformation plan, the Debtors intend to freeze benefit accruals under the Delphi Hourly-Rate Employees Pension Plan (the "Delphi HRP") upon the Debtors' emergence from these chapter 11 cases.  Under the business deal that led to the Agreement, the Selling Debtor Entities and the Purchaser agreed that the Purchaser would not establish or provide benefits in connection with the Delphi HRP other than Individual Retirement Plan provisions of the Delphi HRP related to the Selling Debtor Entities' active, formerly traditional, hourly employees.  Instead, the Selling Debtor Entities would retain these liabilities.  The Amendment avoids the unintended consequence of requiring the Purchaser to establish and provide benefit accruals under the traditional benefit formula under the Delphi HRP.

6. <u>Bidding Procedures</u>.  As this Court is aware, the hearing with respect to the proposed bidding procedures order has been adjourned twice since the September 27, 2007

4

omnibus hearing.  As a result of the unexpected delay in the sale process, both the Selling Debtor Entities and the Purchaser would prefer to move forward on a timeline that would provide both parties an opportunity to consummate the sale as soon as possible, yet still provide interested bidders an opportunity to submit qualified bids and participate at an auction.  Indeed, since that time, the Debtors have remained open to discuss the sale of the Acquired Assets with interested bidders, so the revised timeline should not affect the competitive bidding process that the Debtors propose to implement.  As a result, the Amendment would modify the proposed bidding procedures in the following manner:

      (a)    <u>Bid Deadline</u>.  A qualified bidder, other than the Purchaser, which desires to make a bid would be required to deliver a bid by 11:00 a.m. (prevailing Eastern time) on November 27, 2007 (the "Bid Deadline").

      (b)    <u>Sale Hearing</u>.  The hearing to authorize the Selling Debtor Entities to enter into and perform under the Agreement, as amended, would be scheduled for (i) November 29, 2007 at 10:00 a.m. (prevailing Eastern time), if the Debtors do not receive any qualified bids by the Bid Deadline, or (ii) December 20, 2007 at 10:00 a.m. (prevailing Eastern time), if the Debtors receive at least one qualified bid by the Bid Deadline.

      (c)    <u>Auction</u>.  If the Sellers receive at least one qualified bid in addition to the Agreement, the Sellers would conduct an auction for the Acquired Assets at 10:00 a.m. (prevailing Eastern time) on December 6, 2007 (the "Auction").

      7.    A marked copy of the revised bidding procedures order (the "Revised Bidding Procedures Order") reflecting changes to the form of proposed order submitted with the Motion is attached hereto as <u>Exhibit B</u>.  A marked copy of the proposed revised Bidding Procedures (the "Revised Bidding Procedures") is attached as Exhibit 1 to the Revised Bidding Procedures Order.  A marked copy of the proposed revised publication notice is attached as Exhibit 2 to the Revised Bidding Procedures Order.

8. To ensure that parties have sufficient time to review the Motion as it relates to the relief requested at the Sale Hearing, the Revised Bidding Procedures Order now provides that the Debtors must (i) serve the Motion, the Agreement, the proposed sale approval order, the Bidding Procedures, and the bidding procedures order within one business day after entry of the Revised Bidding Procedures Order and (ii) publish the publication notice within three days after entry of the Revised Bidding Procedures Order, or as soon thereafter as practicable. It should be noted that after filing the Motion on September 17, 2007, the Selling Debtor Entities already served the required parties-in-interest with the Motion, the Agreement, the proposed sale approval order, the proposed bidding procedures, and the proposed bidding procedures order (Docket No. 9551). The Selling Debtor Entities will also serve this Reply on such parties-in-interest on the same day that this Reply is filed. The Selling Debtor Entities believe that these notice procedures afford parties-in-interest sufficient notice of the revised relief to be requested at the Sale Hearing.

9. <u>Objection Deadlines</u>. Because of the modifications to the bidding procedures under the Amendment, the Revised Bidding Procedures Order provides that objections to the sale aspect of the Motion, if any, would be filed and served by no later than 4:00 p.m. (prevailing Eastern time) on November 26, 2007. Notwithstanding the foregoing, objections related <u>solely</u> to either the conduct of the Auction or the selection of a successful bidder other than the Purchaser, if any, are proposed to be filed and served so as to be received no later than 4:00 p.m. (prevailing Eastern time) on December 13, 2007 (the "Supplemental Objection Deadline").

WHEREFORE the Debtors respectfully request that the Court enter an order (i) granting the Motion as it relates to the relief requested in the Revised Bidding Procedures Order and (ii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
November 15, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP

        By: John Wm. Butler, Jr.
            John Wm. Butler, Jr. (JB 4711)
            John K. Lyons (JL 4951)
            Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606
        (312) 407-0700

                –and –

        By: Kayalyn A. Marafioti
            Kayalyn A. Marafioti (KM 9632)
            Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
         Debtors and Debtors-in-Possession