**Hearing Date and Time: November 16, 2007 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000
Douglas P. Bartner (DB 2301)
Andrew V. Tenzer (AT 2263)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                     :

In re                                 :       Chapter 11
                                       :

DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)
                                     :

                      Debtors.   :       (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  - - x

DEBTORS' SUPPLEMENT IN SUPPORT OF EXPEDITED MOTION FOR ORDER
SUPPLEMENTING JANUARY 5, 2007 DIP ORDER (DOCKET NO. 6461) AND AUTHORIZING
DEBTORS TO (I) EXTEND MATURITY DATE OF DIP FACILITY, (II) ENTER INTO
RELATED DOCUMENTS, AND (III) PAY FEES IN CONNECTION THEREWITH

("DIP EXTENSION SUPPLEMENT")

Preliminary Statement

1.      On November 1, 2007, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed the Expedited Motion For Order Supplementing January 5, 2007 DIP Order (Docket No. 6461) And Authorizing Debtors To (I) Extend Maturity Date Of DIP Facility, (II) Enter Into Related Documents, And (III) Pay Fees In Connection Therewith  (Docket No. 10787) (the "DIP Extension Motion").  The Debtors' current $4.5 billion postpetition financing facility (the "Current DIP Facility") matures on December 31, 2007.  Currently, the Debtors continue to pursue emergence from chapter 11 by the end of the first quarter of 2008 and thus the maturity of the Current DIP Facility must be extended.

2.      No formal objections were filed to the DIP Extension Motion.  The lack of objection by any of the Debtors' stakeholders simply underscores the common sense conclusion that the DIP Extension Motion should be approved so that the tenor of the Current DIP Facility is extended to a date next year that is well outside of the Delphi's emergence timetable.  While no formal objections have been lodged, there have been several developments since the DIP Extension Motion was filed which should be brought to the Court's attention in connection with its consideration of this uncontested motion.

3.      First, decretal paragraph 6 of the proposed order has been modified to include clarifications requested by the Pension Benefit Guarantee Corporation (the "PBGC") relating to the conditional adequate protection replacement liens granted to the PBGC under the Order Under 11 U.S.C. §§ 363(c), 1107, and 1108, and Cash Management Order, and Alternatively, Under 11 U.S.C. §§ 363(b)(1) and 364(c), Confirming Authority of Delphi

Automotive Systems (Holding), Inc. to Complete Intercompany Transfer of Funds (Docket No.

10725) (the "DASHI Intercompany Transfer Order").

        4.      Second, in light of the current turbulence in the capital markets, the

Debtors have accepted the recommendation of JPMorgan Chase Bank, N.A., as administrative

agent under the Current DIP Facility (the "Agent"), to eliminate the third quarter 2008 extension

option originally contemplated by the DIP Extension Motion because market pricing associated

with such an option being obtained in the absence of any knowledge as to the actual

circumstances in which the option would be needed by the Debtors outweighs the benefits of

such an option to the Debtors.  In the unlikely event that there are changed circumstances in the

Debtors' chapter 11 cases that would require the extension of DIP financing into the second half

of 2008, the Debtors will seek to obtain such a tenor extension and appropriate market pricing

based upon then existing market conditions and the actual circumstances extant involving the

Debtors' continued reorganization cases.  In addition, for the reasons discussed below, the

Debtors and the Agent have negotiated a revised fee letter with respect to the DIP Extension.

A.      <u>The PBGC's Comments To The Proposed Order</u>

        5.      Since the filing of the DIP Extension Motion, the Debtors have negotiated

with the PBGC certain changes to the proposed order as originally filed.  As filed, the proposed

order stated that the replacement liens granted to the PBGC under the DASHI Intercompany

Transfer Order (the "Existing PBGC Liens") and any similar lien that may be granted to the

PBGC, and the claims that the PBGC has asserted or may assert against the Debtors (the "Future

PBGC Liens" and, together with the Existing PBGC Liens, the "PBGC Liens"), shall be (i)

subject and subordinate to the liens granted to the Agent and the DIP Lenders and any setoff

claimant and (ii) subject to the limitations set forth in the DASHI Intercompany Transfer Order.

3

The proposed order also provided that the PBGC be deemed to have consented to the release of collateral upon the DIP Lenders' release of collateral.

6.    The PBGC requested clarification with respect to the Future PBGC Liens that may be granted so that it was clear that the language in the proposed order affected the priority of the Future PBGC Liens relative only to the liens of the Agent and the DIP Lenders. Therefore, the revised order provides that the DIP Lenders, under the DIP credit agreement, as amended (the "Amended and Restated DIP Credit Agreement"), are deemed to consent to the granting of such liens, provided that such Future PBGC Liens shall be subject to the same limitations set forth in the DASHI Intercompany Transfer Order with respect to the priority of such Future PBGC Liens relative to the liens granted to the Agent and the DIP Lenders. The PBGC also requested clarification language stating that nothing in decretal paragraph 6 of the proposed order shall affect the relative priority of any lienholders whose liens are subject and subordinate to the liens granted to the Agent and the DIP Lenders. This language reflects the intent of the Debtors and the Agent, and accordingly the Debtors and the Agent agreed to incorporate this provision.

7.    In addition, the PBGC requested clarification with respect to the release of collateral. Accordingly, the Debtors (in consultation with the Agent) and the PBGC agreed to include a reservation of rights that the PBGC would have the right to appear and be heard as a party-in-interest in connection with any proceeding relating to the sale, transfer, or other disposition of assets subject to the PBGC's replacement liens. A copy of the revised proposed order incorporating these changes is attached hereto as Exhibit A.

8.    With these modifications to the proposed order, the PBGC's concerns were satisfied. The Debtors worked contemporaneously with counsel to the Agent to ensure that the

4

Agent consented to the proposed changes.  In addition, the Debtors consulted with counsel to the

official committee of unsecured creditors to obtain their consent to the changes.  Furthermore,

the Debtors also provided copies of the revised order to counsel to the official committee of

equity holders and the office of the United States Trustee.

B.      Revised Fee Letter

9.      As disclosed in the DIP Extension Motion, to obtain the extension of the

maturity date of the DIP Credit Facility, the Debtors are required to pay certain fees to the Agent

and to the DIP Lenders.  Certain of these fees are disclosed in the Amended and Restated DIP

Credit Agreement, and others are contained in a separate fee letter, which at the request of the

DIP Lenders, has remained confidential.  Since the DIP Extension was launched in the capital

markets, the Agent has had to manage a number of syndication issues including continued

turbulence in the capital markets, the announcement and termination of the October 29

amendment to the Debtors' Investment Agreement with the Plan Investors (because not all Plan

Investors supported the proposed transaction), the November 14 announcement of a further

amendment to the Debtors' Investment Agreement with the Plan Investors (which is supported by

all Plan Investors and General Motors Corporation but not by Delphi's Statutory Committees),

and the customary practice of certain financial investors to seek to delay syndications in the

pursuit of increased economics.  Notwithstanding these challenges, the Agent expects to

complete the DIP Extension consistent with the revised fee letter agreed to by the Debtors and to

close the DIP Extension as soon as practicable following the Court's approval of the DIP

Extension Motion.[1]

---

[1]     A copy of the original fee letter has been provided to professionals of the Creditors' Committee and Equity Committee on a
professionals' eyes only basis and will be made available to this Court.  Based on the response of the capital markets to the
proposed amendment, the Debtors have agreed with the Agent to certain revisions to the fee letter that will also be provided
to the Statutory Committees and the Court.

WHEREFORE the Debtors respectfully request that the Court (i) enter the revised

proposed order in substantially the form attached hereto as Exhibit A and (ii) grant the Debtors

such other and further relief as is just.

Dated:          New York, New York
                November 15, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP

                                        By:    /s/ John Wm. Butler, Jr.
                                               John Wm. Butler, Jr. (JB 4711)
                                               John K. Lyons (JL 4951)
                                               Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606
                                        (312) 407-0700


                                        By:    /s/ Kayalyn A. Marafioti
                                               Kayalyn A. Marafioti (KM 9632)
                                               Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                                   - and -

                                        SHEARMAN & STERLING LLP


                                        By:    /s/ Andrew V. Tenzer
                                               Douglas P. Bartner (DB 2301)
                                               Andrew V. Tenzer (AT 2263)
                                        599 Lexington Avenue
                                        New York, New York  10022
                                        (212) 848-4000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession