# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                                         :   Chapter 11
:
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
:
                             Debtors.  :   (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER SUPPLEMENTING JANUARY 5, 2007 DIP ORDER
(DOCKET NO. 6461) AND AUTHORIZING DEBTORS TO
(I) EXTEND MATURITY DATE OF DIP FACILITY, (II) ENTER INTO
RELATED DOCUMENTS, AND (III) PAY FEES IN CONNECTION THEREWITH

("DIP EXTENSION ORDER")

Upon the expedited motion, dated November 1, 2007 (the "Motion"), of Delphi Corporation (the "Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order supplementing January 5, 2007 DIP Order (Docket No. 6461) and authorizing the Debtors to (i) extend the maturity date of Current DIP Facility,[1] (ii) enter into related documents, including the Amendment to the Current DIP Credit Agreement in substantially the form attached to the Motion as Exhibit A (the Amendment, together with all other documentation executed in connection therewith, hereinafter referred to as the "Amendment Documents") and (iii) pay the fees in accordance with the Amendment Documents (the "Amendment Fees"); due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 19, 2007 (Docket No. 10661) and no other or further notice being necessary; and after due deliberation and consideration, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.  Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The Motion is hereby granted in its entirety.

3.    The Amendment Documents are hereby authorized and approved, and the Debtors are hereby authorized, but not directed, to perform, and take all actions necessary to make, execute and deliver, all of the Amendment Documents with any other instruments and documents in connection therewith, including, without limitation, to pay the Amendment Fees.  Upon execution and delivery of each of the Amendment Documents and such other instruments and documents, such instruments and documents shall constitute valid and binding obligations of the Debtors, enforceable against each Debtor party thereto in accordance with their respective terms.

2    DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.

4.     The Debtors have a need to obtain an extension of their current financing under the terms set forth in the Amendment Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense, or secured credit allowable under sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, without the continuation of the liens and claims granted pursuant to the DIP Order and incorporated by reference herein to secure the Current DIP Facility, as amended by the Amendment Documents (the "Amended and Restated DIP Credit Facility") and any obligations in respect thereof.

5.     The DIP Order shall be deemed supplemented by this order, and shall continue in full force and effect as supplemented hereby.  Without limiting the generality of the foregoing, (a) for all obligations and indebtedness arising under the Amended and Restated DIP Credit Facility, the Agent and the DIP Lenders and any other secured creditor granted rights under the DIP Order are each granted each and every right and remedy granted to such secured creditor under the DIP Order (the relevant provisions of the DIP Order being incorporated herein by reference) and (b) nothing herein shall adversely affect any of the rights and remedies granted to the Agent and the DIP Lenders or any other secured creditor under the DIP Order, which rights and remedies shall continue in full force and effect and shall be deemed applicable to the Amended and Restated DIP Credit Facility to the same extent applicable to the Current DIP Facility.  Consistent with and not in any way limiting the generality of the foregoing, (a) the definitions of "DIP Credit Agreement" and "DIP Documents" contained in the DIP Order shall be deemed to include the Amendment Documents, as applicable, (b) the definition of "DIP Obligations" contained in the DIP Order shall be deemed to include all obligations and indebtedness arising under,

---

3     DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.

in respect of, or in connection with the Amended and Restated DIP Credit Facility (including, without limitation, all "Obligations" as defined in the Current DIP Credit Agreement, as amended and restated by the Amendment Documents), and (c) all liens, security interests, priorities, and other rights, remedies, benefits, privileges, and protections provided in the DIP Order shall apply with equal force and effect to the amended Current DIP Facility and all obligations in connection therewith or related thereto.

6.    The adequate protection replacement liens granted to the Pension Benefit Guaranty Corporation (the "PBGC") pursuant to the Order Under 11 U.S.C. §§ 363(c), 1107, and 1108, and Cash Management Order, and Alternatively, Under 11 U.S.C. §§ 363(b)(1) and 364(c), Confirming Authority of Delphi Automotive Systems (Holding), Inc. to Complete Intercompany Transfer of Funds (Docket No. 10725) (the "DASHI Intercompany Transfer Order"), entered by the Bankruptcy Court on October 25, ~~2007, or any similar lien that may be granted to the PBGC (collectively the "PBGC Liens"), and the claims (the "PBGC Claims") that the PBGC has asserted or may assert against the Debtors, shall be (i) subject and subordinate to the liens granted to the Agent and the DIP Lenders and any Setoff Claimant (as defined in the DIP Order) and (ii)~~ 2007 (the "Existing PBGC Liens") shall be subject to the limitations set forth in the DASHI Intercompany Transfer Order, as entered on October 25, 2007.  In addition, to the extent any similar replacement liens are granted to the PBGC (the "Future PBGC Liens" and together with the Existing PBGC Liens, the "PBGC Liens") the DIP Lenders, under the Amended and Restated DIP Credit Agreement, are deemed to consent to the granting of such liens, provided that such Future PBGC Liens shall be subject to the same limitations set forth in the DASHI Intercompany Transfer Order with respect to the priority of such Future PBGC Liens

---

4    DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.

relative to the liens granted to the Agent and the DIP Lenders. The PBGC shall have no greater rights or remedies in respect of the PBGC Liens (relative to the Agent and the PBGC ClaimsDIP Lenders) than the rights and remedies of any other lienholders and claimants whose liens and claims are subject and subordinate to the liens granted to the Agent and the DIP Lenders. Without limiting the generality of the foregoing, so long as there are any borrowings or letters of credit or other amounts outstanding (other than contingent indemnity obligations as to which no claim has been asserted when all other amounts have been paid and no letters or credit are outstanding), or the DIP Lenders have any Commitment (as defined in the Amended and Restated DIP Credit Agreement) under the Current DIP Credit Agreement, the PBGC shall (i) take no action to foreclose upon or recover in connection with the PBGC Liens or otherwise exercise remedies against any collateral subject to the PBGC Liens, except to the extent authorized by an order of this Court and. (ii) be deemed to have consented to any release of any collateral subject to the PBGC Liens authorized under the DIP Documents (as defined in the DIP Order), provided that the PBGC may appear and be heard as a party-in-interest in connection with any proceeding relating to the sale, transfer, or other disposition of assets subject to the PBGC Liens, and (iii) not file any further financing statements, trademark filings, copyright filings, mortgages, notices of lien, or similar instruments, or otherwise take any action to perfect their security interests in the collateral subject to the PBGC Liens unless solely as to this clause (iii), the DIP Lenders file or have filed financing statements or other documents to perfect the liens granted pursuant to this order, or as may be required by applicable state law to continue the perfection of valid and unavoidable liens or security interests as of the Petition Date. Nothing in this paragraph shall affect the relative priority of any lienholders

5       DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.

whose liens are subject and subordinate to the liens granted to the Agent and the DIP Lenders.

7.      The Amendment Documents have been negotiated in good faith and at arm's-length between the Debtors and the Agent, and all of the Debtors' obligations under the Current DIP Credit Agreement as authorized by the DIP Order and this order, including, without limitation, the obligation to pay the Amendment Fees, have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code.  In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this order, the DIP Order, or any Amendment Document are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall ~~effect~~affect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby.  Notwithstanding any such modification, amendment, or vacation, any claim granted to the Agent and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this order, the DIP Order, and the other DIP Documents (as defined in the DIP Order), and the Agent and the DIP Lenders, as the case may be, shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

8.      A sound business purpose exists for the Debtors to enter into the Amendment Documents for purposes of the authorization and approval thereof pursuant to 11 U.S.C. § 363(b).

---

6       DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.

9. The Amended and Restated DIP Credit Facility and the provisions of this order shall be binding upon the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the benefit of the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns.

10. This Court shall retain jurisdiction to enforce and implement the terms and provisions of the DIP Order, this order, and the Current DIP Credit Agreement, as amended, including pursuant to the Amendment, in all respects.

11. Any objections to the entry of this order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits with prejudice.

12. Notwithstanding Bankruptcy Rule 6004(g) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: _____ __, 2007
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

7    DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.

8       DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.

Document comparison done by DeltaView on Thursday, November 15, 2007 2:17:39 PM

| Input: | |
|---|---|
| Document 1 | file://C:/temp/CONVERT/chi2_656960_1.doc |
| Document 2 | file://C:/temp/CONVERT/chi2_656960_5.doc |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from > | |
| >Moved to < | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 9 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 15 |

9    DeltaView comparison of file://C:/temp/CONVERT/chi2_656960_1.doc and file://C:/temp/CONVERT/chi2_656960_5.doc. Performed on 11/15/2007.