UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
     In re                      :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :       Case No. 05-44481 (RDD)
                                        :
                Debtors.        :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002, 6004, 9006, AND 9007
AUTHORIZING DEBTORS' ENTRY INTO EXIT FACILITY
ENGAGEMENT AND FEE LETTERS AND PERFORMANCE THEREUNDER

("EXIT FINANCING ORDER")

        Upon the expedited motion, dated November 6, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an Order Under 11

U.S.C. § 363(b) And Fed. R. Bankr. P. 2002, 6004, 9006, and 9007 Authorizing (I) Entry Into

Exit Financing Arrangements, (II) Performing Obligations Under Exit Financing Arrangements,

and (III) Paying Fees And Expenses Associated Therewith; and after due and appropriate notice

of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion

having been duly served by the Debtors and no other or further notice being necessary; and this

Court having reviewed the Motion and having held a hearing thereon; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and this Court having determined that

entering into and performing under Exit Financing Arrangements represents a prudent exercise

of the Debtors' business judgment; and the Debtors having articulated good, sufficient, and sound

business justifications and compelling circumstances for entering into and performing under the

Exit Financing Arrangements; and the Court having determined that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

thereon, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Approval of the Engagement and Fee Letters is in the best interests of the

Debtors, their creditors, their estates, and all other parties-in-interest in these chapter 11 cases.

The Debtors have articulated good, sufficient, and sound business justifications and compelling

circumstances for entering into and performing under the Engagement and Fee Letters.  A copy

of the Engagement Letter is attached hereto as Exhibit 1.

3.    Entry into and performance under the Engagement and Fee Letters

constitutes a sound exercise of the Debtors' business judgment.

4.    The Debtors are hereby authorized, but not directed, to enter into and

perform all of their obligations under the Engagement and Fee Letters pursuant to Bankruptcy

Code section 363(b), and all such obligations shall constitute legal, valid, and binding obligations

of the Debtors enforceable in accordance with their respective terms.  The Debtors are further

authorized to take any and all actions necessary or appropriate in connection therewith, including,

without limitation, the payment, when due, of all fees, charges, expenses, and indemnity claims

required thereby, all of which until so paid, shall constitute expenses of administration of the

Debtors' estates under Bankruptcy Code sections 503(b) and 507(a)(1).

5.    This Court shall retain jurisdiction to hear and determine all matters

arising from or related to this order.

6.      The effect of this order shall survive the conversion, dismissal, and/or closing of these chapter 11 cases, appointment of a trustee herein, and/or confirmation of a plan of reorganization.

7.      The notice procedures described in the Motion satisfy Bankruptcy Rules 2002, 6004, 9006, and 9007.

8.      In the event that this order is hereafter reversed, stayed, modified, or vacated by a subsequent order of this Court or any other court of competent jurisdiction, such reversal, stay, modification, or vacation shall not affect the validity of any rights granted to the Exit Financing Banks hereunder or the validity of any transaction completed pursuant to and in reliance on the foregoing paragraphs of this order prior to the effective date of such reversal, stay, modification, or vacation, this Court specifically finding that the terms and provisions of the Exit Financing Arrangements and the transactions authorized thereunder and hereunder were entered into and made in good faith by all parties thereto.

Dated:    New York, New York
          November __, 2007


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

3