| | |
|---|---|
| GOODWIN PROCTER LLP<br>599 Lexington Avenue<br>New York, New York  10022<br>(212) 813-8800<br>Allan S. Brilliant (AB 8455)<br>Craig P. Druehl (CD 2657)<br>Meagan E. Costello (MC 0962) | Hearing Date: November 16, 2007 at 10:00 a.m.<br>Objection Deadline: November 13, 2007 at 4:00 p.m. |

- and -

GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
(617) 570-1330
Gina Lynn Martin (GM 1324)

Attorneys for Caspian Capital Advisors, LLC;
Castlerigg Master Investments Ltd.; Davidson
Kempner Capital Management LLC; Elliott
Associates, L.P.; Nomura Corporate Research
& Asset Management, Inc; Sailfish Capital Partners,
LLC; and Whitebox Advisors, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re:                                                          :     Chapter 11
                                                                :
DELPHI CORPORATION, et al.,                                     :     Case No. 05-44481 (RDD)
                                                                :
                                     Debtors.                   :     (Jointly Administered)
----------------------------------------------------------------x

**JOINDER OF CASPIAN CAPITAL ADVISORS, LLC; CASTLERIGG MASTER INVESTMENTS LTD.; DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH & ASSET MANAGEMENT, INC.; SAILFISH CAPITAL PARTNERS, LLC; AND WHITEBOX ADVISORS, LLC TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' EXPEDITED MOTION UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002, 6004, 9006, AND 9007 FOR ORDER AUTHORIZING DEBTORS' ENTRY INTO EXIT FACILITY ENGAGEMENT AND FEE LETTERS AND <u>PERFORMANCE THEREUNDER (UNREDACTED)</u>**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc;  Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC, or any respective affiliates thereof or certain funds and accounts managed by the foregoing (each, a "Creditor"), each in its individual capacity as a creditor of Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the "Debtors"), by and through its counsel, Goodwin Procter LLP, hereby submits this joinder in the following objection:

> OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' EXPEDITED MOTION UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002, 6004, 9006, AND 9007 FOR ORDER AUTHORIZING DEBTORS' ENTRY INTO EXIT FACILITY ENGAGEMENT AND FEE LETTERS AND PERFORMANCE THEREUNDER (UNREDACTED)

## LIMITED BACKGROUND

1. On July 18, 2007, the Debtors filed their Motion for Order Authorizing and Approving Delphi-Appaloosa Investment Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§105(a), 363(b), 503(b), and 507(a), dated July 18, 2007 [Docket No. 8673] (the "Delphi-Appaloosa EPCA").

2. On October 30, 2007, the Debtors filed the Expedited Motion For Order Under 11 U.S.C. Sections 105(a), 363(b), 503(b), And 507(a) Authorizing And Approving Amendment (the "EPCA Amendment") To Delphi-Appaloosa Equity Purchase And Commitment Agreement [Docket No. 10760] (the "EPCA Amendment Motion").

3.   On November 6, 2007, the Debtors filed their Expedited Motion under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, 9006, and 9007 For Order Authorizing Debtors Entry Into Exit Facility Engagement and Fee Letters and Performance Thereunder [Docket No. 10854] (the "Exit Financing Motion"), seeking approval of the Engagement Letter pursuant to which the Lead Arrangers will use commercially reasonable best efforts to syndicate the Exit Financing Arrangements.[1]  The Exit Financing Arrangements are premised upon, among other things, an equity investment and rights offering of a combined amount of not less than $2.55 billion (the "Cash Equity Infusion") backstopped by investors (the "Plan Investors") and pursuant to a plan (the "Equity Plan") reasonably acceptable to the Lead Arrangers.

4.   On November 8, 2007, Appaloosa Management, L.P. and several of its affiliates filed a Schedule 13D/A (the "Appaloosa 13-D") with the Securities and Exchange Commission (the "SEC") stating that the EPCA Amendment had terminated pursuant to its terms on November 6, 2007, because several conditions had not been satisfied.

5.   On November 13, 2007, the Creditors filed the Limited Objection and Reservation of Rights to the Expedited Motion under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, 9006, and 9007 For Order Authorizing Debtors Entry Into Exit Facility Engagement and Fee Letters and Performance Thereunder [Docket No. 10903] (the "Limited Objection"). Noting that in light of the termination of the EPCA Amendment the terms of the Delphi-Appaloosa EPCA were "in flux," the Creditors, by filing the Limited Objection, expressly preserved their "rights to object to the relief sought in the Exit Financing Motion based upon

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Exit Financing Motion.

3

such facts and circumstances that may exist at the time of the hearing regarding the Exit Financing Motion." Limited Objection at pp. 5-6.

6.      On November 15, 2007, the Debtors filed their Notice Of Further Proposed Amendments To Certain Appendices To Debtors' Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession [Docket No. 10932] (the "Amendments Notice"). Attached thereto as various exhibits were marked changed pages to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Restated First Amended Plan"). including, inter alia, the Restated First Amendment of the Equity Purchase and Commitment Agreement (the "Restated First Amended EPCA") and the redacted Engagement Letter (including the Term Sheet appended thereto).

7.      On November 16, 2007, the Creditors' Committee filed the Objection Of The Official Committee Of Unsecured Creditors To Debtors' Expedited Motion Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002, 6004, 9006, And 9007 For Order Authorizing Debtors' Entry Into Exit Facility Engagement And Fee Letters And Performance Thereunder (Unredacted) [Docket No. 10933] (the "Objection"), basing the Objection, in part, on the Restated First Amended Plan Amendments and the Restated First Amended EPCA.

**JOINDER**

8.      Each Creditor agrees with the arguments and the assertions set forth in the Objection, joins in the Objection and the relief requested in the Objection, and reserves all rights to be heard before the Court with respect to the Exit Financing Motion and the Objection.

9.      Specifically, each Creditor agrees with and echoes the Creditors' Committee's view that the Restated First Amended EPCA represents a "massive shift of value away from

4

general unsecured creditors to the Investors and other parties whose claims or interests are legally or contractually subordinated to the claims of general unsecured creditors." <u>Objection</u> at ¶17. Moreover, the Creditors' Committee (i) does not support the Restated First Amended Plan, (ii) has indicated that it cannot recommend the terms thereof, and (iii) believes that unsecured creditors as a whole will reject the Restated First Amended Plan. As such, there is simply no way any of the Creditors will support the Restated First Amended Plan and the Restated First Amended EPCA.

        10.     The Creditors' Committee, charged with a fiduciary duty to all unsecured creditors has determined that the Restated First Amended Plan and the Restated First Amended EPCA are "dead on arrival." <u>Objection</u> at ¶2. Each Creditor agrees the that the Restated First Amended Plan and the Restated First Amended EPCA are non-starters that will not garner the requisite votes of the creditors. The Debtors should not waste time and resources syndicating an exit facility that is predicated on an unconfirmable Plan.

        11.     For the foregoing reasons, each Creditor joins in the Objection and requests that this Court deny the relief sought in the Exit Financing Motion.

*[Remainder of Page Intentionally Left Blank]*

Dated: New York, New York
November 15, 2007

        GOODWIN PROCTER LLP

        By:  /s/ Allan S. Brilliant
        Allan S. Brilliant (AB 8455)
        Craig P. Druehl (CD 2657)
        Meagan E. Costello (MC 0962)
        599 Lexington Avenue
        New York, New York 10022
        (212) 813-8800

        - and -

        GOODWIN PROCTER LLP
        Gina Lynn Martin (GM 1324)
        Exchange Place
        Boston, Massachusetts 02109
        (617) 570-1330

        Attorneys for Caspian Capital Advisors, LLC;
        Castlerigg Master Investments Ltd.; Davidson
        Kempner Capital Management LLC; Elliott
        Associates, L.P.; Nomura Corporate Research
        & Asset Management, Inc; Sailfish Capital Partners,
        LLC; and Whitebox Advisors, LLC