**Hearing Date & Time: November 16, 2007 at 10:00 a.m.**

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Michael Fay (MF-7006)
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel to the Delphi Trade Committee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
            Debtors.                               :    (Jointly Administered)
-----------------------------------------------------------x

JOINDER BY THE DELPHI TRADE COMMITTEE TO THE
OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
DEBTORS' EXPEDITED MOTION UNDER 11 U.S.C. § 363 AND
FED. R. BANKR. P. 2002, 6004, 9006, AND 9007 FOR ORDER AUTHORIZING
DEBTORS' ENTRY INTO EXIT FACILITY ENGAGEMENT AND
<u>FEE LETTERS AND PERFORMANCE THEREUNDER</u>

The Committee of Delphi Trade Claim Holders (the "Delphi Trade Committee"), by and through its undersigned counsel, hereby files this joinder to the *Objection of the Official Committee of Unsecured Creditors to Debtors' Expedited Motion Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, 9006, and 9007 for Order Authorizing Debtors' Entry Into Exit Facility Engagement and Performance Thereunder* (the "UCC Objection") and states as follows:

The Delphi Trade Committee opposes the Debtors' *Expedited Motion Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, 9006, and 9007 for Order Authorizing Debtors' Entry Into Exit Facility Engagement and Fee Letters and Performance Thereunder* (the "Exit Facility

Motion") for all the reasons set forth in the UCC Objection which are incorporated herein by reference.

The Delphi Trade Committee has preliminarily reviewed and analyzed the Debtors' proposed amendments to its plan of reorganization (though no disclosure statement has been filed yet) as filed on November 14, 2007 (the "November 14 Plan"). The November 14 Plan is an unacceptable, material modification to the previous plans proposed and is not justified by any changes in Delphi's business or so-called "market conditions". The November 14 Plan, if prosecuted against the uniform stated interests of the Debtors' creditors, as represented by their fiduciaries, the Official Committee of Unsecured Creditors, and as peopled by the Delphi Trade Committee, the Ad Hoc Bondholders Committee, and others similarly situated, cannot be confirmed.

This new plan iteration states it is "payment in full" while requiring massive unsecured creditor investment based on a flawed fictional valuation belied by the Debtors' own financial advisor that, even if rectified, is still not full payment. Yet, the November 14 Plan provides unfair treatment to creditors through distributions to junior interests in violation of the absolute priority rule, and, for no justifiable reason shifts value away from general unsecured creditors in favor of the Plan Investors. Moreover, the Delphi Trade Committee has had discussions with other similarly situated parties-in-interest, and it is clear that if the Court approves a disclosure statement and the November 14 Plan is solicited for votes, it will be rejected emphatically by the class of general unsecured creditors.

The Debtors' view that the Exit Financing Motion should be considered independently under section 363 of the Bankruptcy Code is misplaced. The consideration of the Exit Financing Motion must be examined in context of the entire plan process, and the Court should not

2

countenance yet another incremental step (e.g., approval of the Equity Purchase and Commitment Agreement) by the Debtors toward confirmation of their fatally flawed plan.

Accordingly, the Delphi Trade Committee believes that the Exit Financing Motion seeks relief that is premature (i.e., even under the terms of the exit financing proposed in the Exit Financing Motion, an order is not required until November 30, 2007) until the Debtors propose a plan that has unsecured creditor support and then will likely utilize the financing errantly sought to be approved at this time.

Dated: New York, New York
November 15, 2007

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

/s/ David S. Rosner
David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Michael Fay (MF-7006)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel to the Delphi Trade Committee*