UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

    In re                                     :         Chapter 11

DELPHI CORPORATION, et al.,    :         Case No. 05-44481 (RDD)

                               Debtors.  :         (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER DENYING SCOTT DARRYL REESE'S MOTION FOR RECONSIDERATION PURSUANT TO BANKRUPTCY CODE § 502(j) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 3008, 8015, AND 9023

      On October 3, 2007, Scott Darryl Reese ("Reese" or the "Movant") filed a Motion to Allow Payment of Claim and Other Relief (Leave to File Late Claim, Ex-Parte Motion, Motion for Intervention) (the "Motions") (Docket No. 10449); on October 12, 2007, the Movant filed Notice of Claim of Lien (the "Lien") (Docket No. 10603); on October 18, 2007, Delphi Corporation (the "Debtors") filed an objection (the "Objection") (Docket No. 10647) to the Motions and the Lien; on October 25, 2007, the Court held a hearing (the "Hearing"), in which the Court considered the Motions, the Lien, and the Objection, and, upon the record of the Hearing, the Court entered an order (the "Order") (Docket No. 10846) on November 5, 2007 denying the Motions, disallowing and expunging Reese's proof of claim against the Debtors' estates (Claim No. 16709) (the "Reese Claim"), deeming the Lien void, based on the disallowance of the Reese Claim, and ordering the Movant to remove the Lien. On November 5, 2007, the Movant filed a Motion for Rehearing De-Novo in Delphi Bankruptcy Proceedings – Reese (the "Rehearing Motion"), in which the Movant requests that the Court reconsider the Order

pursuant to section 502(j) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 3008 and 8015[1] of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Although the Movant did not request relief under Federal R. Civ. P. 59(e), incorporated in Bankruptcy Rule 9023, the Court has also considered whether the Rehearing Motion states a basis for the Court's reconsideration of the Order pursuant to Federal R. Civ. P. 59(e).

Mr. Reese alleges a number of bases for reconsideration under Bankruptcy Code § 502(j), Bankruptcy Rule 3008 and/or Fed. R. Civ. P. 59(e): (i) that he never received the Objection or the exhibits attached to the Objection, (ii) that, in issuing the Order, the Court ignored evidence that he filed or sought to introduce in support of the Motions, the Reese Claim, and the Lien, (iii) and that the Court erroneously applied the law in denying the Motions, expunging the Reese Claim, and deeming the Lien void.  As to the first allegation, Movant stated on the record of the Hearing that he had received the Objection, along with the Exhibits, one week prior to the Hearing, but, for personal reasons (attendance at a wedding), was unable either to read or reply to the Objection before the Hearing took place.  As to the second allegation, as evidenced by the Court's oral ruling at the Hearing, the Court considered Movant's filed and proffered evidence.  The evidence Movant sought to introduce at the Hearing primarily pertained to the Court's subject-matter jurisdiction, which was not at issue.  Finally, as to the third allegation, Movant relies on arguments that were previously submitted to the Court in his papers and at oral argument at the Hearing that the Court considered and rejected.  Mr. Reese has not convinced the Court that there is a basis for changing its prior findings and conclusions.

---

[1] Fed. R. Bankr. P. 8015 is not applicable, because it pertains to a motion to reconsider a district court or bankruptcy appellate panel ruling.

2

Consequently, Movant has failed to sustain his burden under either section 502(j) of the Bankruptcy Code, Bankruptcy Rule 3008, or Fed. R. Civ. P. 59(e), as incorporated by Bankruptcy Rule 9023.

The Rehearing Motion also requests that the Court reconsider the Order to the extent the Order deemed the Lien void.  The basis for this request is that, for the Court to rule on the status of the Lien, the Debtors were required to seek affirmative relief pursuant either to Bankruptcy Rule 9014 or Bankruptcy Rule 7001(2).  The Court having found that the Reese Claim should be disallowed, however, there is no remaining basis for a Lien to secure the Reese Claim.  Consequently, the Lien is void without the need to separately challenge the Lien.

Now, therefore, for the reasons stated herein, the Rehearing Motion is DENIED.

Dated:  November 16, 2007
          New York, New York

                                        /s/Robert D. Drain
                                        **UNITED STATES BANKRUPTCY JUDGE**