UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
In re                                            :    Chapter 11
:
DELPHI CORPORATION, et al.,                      :    Case No. 05-44481 (RDD)
:
Debtors.          :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ORDER SUPPLEMENTING JANUARY 5, 2007 DIP ORDER
(DOCKET NO. 6461) AND AUTHORIZING DEBTORS TO
(I) EXTEND MATURITY DATE OF DIP FACILITY, (II) ENTER INTO
RELATED DOCUMENTS, AND (III) PAY FEES IN CONNECTION THEREWITH

("DIP EXTENSION ORDER")

Upon the expedited unopposed motion, dated November 1, 2007 (the "Motion"), of

Delphi Corporation (the "Borrower") and certain of its subsidiaries and affiliates, debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order supplementing January 5, 2007 DIP Order (Docket No. 6461) and authorizing the

Debtors to (i) extend the maturity date of Current DIP Facility,[1] (ii) enter into related

documents, including  the Amendment to the Current DIP Credit Agreement in substantially

the form attached to the Motion as Exhibit A (the Amendment, together with all other

documentation executed in connection therewith, hereinafter referred to as the "Amendment

Documents") and (iii) pay the fees in accordance with the Amendment Documents (the

"Amendment Fees"); due and appropriate notice of the Motion, the relief requested therein,

and the opportunity for a hearing on the Motion having been served by the Debtors in

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the
Motion.

accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R.

Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And

Certain Notice, Case Management, And Administrative Procedures, entered March 20,

2006 (Docket No. 2883), and the Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) And

105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing

Dates And Certain Notice, Case Management, And Administrative Procedures, entered

October 19, 2007 (Docket No. 10661) and no other or further notice being necessary; and

the Court having held a hearing on the Motion on November 16, 2007, and after due

deliberation and consideration, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court has core jurisdiction over these chapter 11 cases and the parties

and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.  Venue of this

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

2.      The Motion is hereby granted in its entirety.

3.      The Amendment Documents are hereby authorized and approved, and the

Debtors are hereby authorized, but not directed, to perform, and take all actions necessary

to make, execute and deliver, all of the Amendment Documents with any other instruments

and documents in connection therewith, including, without limitation, to pay the

Amendment Fees.  Upon execution and delivery of each of the Amendment Documents

and such other instruments and documents, such instruments and documents shall

2

constitute valid and binding obligations of the Debtors, enforceable against each Debtor

party thereto in accordance with their respective terms.

4.        The Debtors have a need to obtain an extension of their current financing

under the terms set forth in the Amendment Documents and are unable to obtain adequate

unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an

administrative expense, or secured credit allowable under sections 364(c)(1), 364(c)(2),

and 364(c)(3) of the Bankruptcy Code, without the continuation of the liens and claims

granted pursuant to the DIP Order and incorporated by reference herein to secure the

Current DIP Facility, as amended by the Amendment Documents (the "Amended and

Restated DIP Credit Facility") and any obligations in respect thereof.

5.        The DIP Order shall be deemed supplemented by this order, and shall

continue in full force and effect as supplemented hereby.  Without limiting the generality

of the foregoing, (a) for all obligations and indebtedness arising under the Amended and

Restated DIP Credit Facility, the Agent and the DIP Lenders and any other secured creditor

granted rights under the DIP Order are each granted each and every right and remedy

granted to such secured creditor under the DIP Order (the relevant provisions of the DIP

Order being incorporated herein by reference) and (b) nothing herein shall adversely affect

any of the rights and remedies granted to the Agent and the DIP Lenders or any other

secured creditor under the DIP Order, which rights and remedies shall continue in full force

and effect and shall be deemed applicable to the Amended and Restated DIP Credit Facility

to the same extent applicable to the Current DIP Facility.  Consistent with and not in any

way limiting the generality of the foregoing, (a) the definitions of "DIP Credit Agreement"

and "DIP Documents" contained in the DIP Order shall be deemed to include the

Amendment Documents, as applicable, (b) the definition of "DIP Obligations" contained

in the DIP Order shall be deemed to include all obligations and indebtedness arising under,

in respect of, or in connection with the Amended and Restated DIP Credit Facility

(including, without limitation, all "Obligations" as defined in the Current DIP Credit

Agreement, as amended and restated by the Amendment Documents), and (c) all liens,

security interests, priorities, and other rights, remedies, benefits, privileges, and protections

provided in the DIP Order shall apply with equal force and effect to the amended Current

DIP Facility and all obligations in connection therewith or related thereto.

6.      The adequate protection replacement liens granted to the Pension Benefit

Guaranty Corporation (the "PBGC") pursuant to the Order Under 11 U.S.C. §§ 363(c),

1107, and 1108, and Cash Management Order, and Alternatively, Under 11 U.S.C. §§

363(b)(1) and 364(c), Confirming Authority of Delphi Automotive Systems (Holding), Inc.

to Complete Intercompany Transfer of Funds (Docket No. 10725) (the "DASHI

Intercompany Transfer Order"), entered by the Bankruptcy Court on October 25, 2007 (the

"Existing PBGC Liens") shall be subject to the limitations set forth in the DASHI

Intercompany Transfer Order, as entered on October 25, 2007.  In addition, to the extent

any similar replacement liens are granted to the PBGC (the "Future PBGC Liens" and

together with the Existing PBGC Liens, the "PBGC Liens") the DIP Lenders, under the

Amended and Restated DIP Credit Agreement, are deemed to consent to the granting of

such liens, provided that such Future PBGC Liens shall be subject to the same limitations

set forth in the DASHI Intercompany Transfer Order with respect to the priority of such

Future PBGC Liens relative to the liens granted to the Agent and the DIP Lenders.  The

PBGC shall have no greater rights or remedies in respect of the PBGC Liens (relative to the

4

Agent and the DIP Lenders) than the rights and remedies of any other lienholders whose

liens are subject and subordinate to the liens granted to the Agent and the DIP Lenders.

Without limiting the generality of the foregoing, so long as there are any borrowings or

letters of credit or other amounts outstanding (other than contingent indemnity obligations

as to which no claim has been asserted when all other amounts have been paid and no

letters or credit are outstanding), or the DIP Lenders have any Commitment (as defined in

the Amended and Restated DIP Credit Agreement) under the Current DIP Credit

Agreement, the PBGC shall (i) take no action to foreclose upon or recover in connection

with the PBGC Liens or otherwise exercise remedies against any collateral subject to the

PBGC Liens, except to the extent authorized by an order of this Court, (ii) be deemed to

have consented to any release of any collateral subject to the PBGC Liens authorized under

the DIP Documents (as defined in the DIP Order), provided that the PBGC may appear and

be heard as a party-in-interest in connection with any proceeding relating to the sale,

transfer, or other disposition of assets subject to the PBGC Liens, and (iii) not file any

further financing statements, trademark filings, copyright filings, mortgages, notices of

lien, or similar instruments, or otherwise take any action to perfect their security interests

in the collateral subject to the PBGC Liens unless solely as to this clause (iii), the DIP

Lenders file or have filed financing statements or other documents to perfect the liens

granted pursuant to this order, or as may be required by applicable state law to continue the

perfection of valid and unavoidable liens or security interests as of the Petition Date.

Nothing in this paragraph shall affect the relative priority of any lienholders whose liens

are subject and subordinate to the liens granted to the Agent and the DIP Lenders.

7.    The Amendment Documents have been negotiated in good faith and at arm's-length between the Debtors and the Agent, and all of the Debtors' obligations under the Current DIP Credit Agreement as authorized by the DIP Order and this order, including, without limitation, the obligation to pay the Amendment Fees, have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code.  In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this order, the DIP Order, or any Amendment Document are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby.  Notwithstanding any such modification, amendment, or vacation, any claim granted to the Agent and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this order, the DIP Order, and the other DIP Documents (as defined in the DIP Order), and the Agent and the DIP Lenders, as the case may be, shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

8.    A sound business purpose exists for the Debtors to enter into the Amendment Documents for purposes of the authorization and approval thereof pursuant to 11 U.S.C. § 363(b).

9.    The Amended and Restated DIP Credit Facility and the provisions of this order shall be binding upon the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter

appointed or elected for the estate of any of the Debtors) and inure to the benefit of the

Agent, the DIP Lenders, and the Debtors and their respective successors and assigns.

10.    This Court shall retain jurisdiction to enforce and implement the terms and

provisions of the DIP Order, this order, and the Current DIP Credit Agreement, as amended,

including pursuant to the Amendment, in all respects.

11.    Notwithstanding Bankruptcy Rule 6004(g) or any other provision of the

Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be

immediately effective and enforceable upon its entry.

12.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service

and filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:    November 16, 2007
          New York, New York

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE