UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

    In re                              :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                          :
                     Debtors.    :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND
9014 (I) APPROVING BIDDING PROCEDURES, (II) GRANTING
CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND
MANNER OF SALE NOTICES, AND (IV) SETTING SALE HEARING
DATE IN CONNECTION WITH SALE OF
<u>SAGINAW CHASSIS EQUIPMENT AND OTHER ASSETS</u>

("SAGINAW CHASSIS ASSET
BIDDING PROCEDURES ORDER")

Upon the expedited motion, dated September 17, 2007, of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 (i) approving the bidding procedures set forth herein and attached hereto as <u>Exhibit 1</u> (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities") primarily used and located at DAS LLC's chassis facility in Saginaw, Michigan (the "Saginaw Chassis Business") and in other locations in North America, including the manufacturing equipment, test and development equipment, inventory, assigned permits,

and other personal property to TRW Integrated Chassis Systems LLC (the "Purchaser") pursuant to the Asset Purchase Agreement, dated September 17, 2007 (the "Agreement"), by and between the Selling Debtor Entities and the Purchaser or to the party submitting the highest or otherwise best bid (the "Successful Bidder"), and the Debtors' Reply Summarizing Modifications to Asset Purchase Agreement and Bidding Procedures in Connection with Sale of the Debtors' Saginaw Chassis Assets, dated November 15, 2007 (collectively, the "Motion"); and upon the record of the Hearing on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

      IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A. The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

    B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

    C. The relief requested in the Motion is in the best interests of the Selling Debtor Entities, their estates, their stakeholders, and other parties-in-interest.

    D. The notice given by the Selling Debtor Entities of the Motion and the Hearing constitutes due and sufficient notice thereof.

    E. The Selling Debtor Entities have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement and in this order, (iii) approve the manner of notice of the Motion and the Sale Hearing, (iv) approve the form of notice of the Motion

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

and the Sale Hearing to be distributed to stakeholders and other parties-in-interest, including prospective bidders, and (v) set the Sale Hearing.

        F.        The Selling Debtor Entities' payment to the Purchaser (as set forth in the Agreement) of the Break-Up Fee[2] (i) is an actual and necessary cost and expense of preserving their estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of substantial benefit to their estates, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchaser notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) was negotiated by the parties at arm's length and in good faith, and (v) is necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Acquired Assets.  The Break-Up Fee was a material inducement for, and condition of, the Purchaser's entry into the Agreement.  The Purchaser is unwilling to commit to hold open its offer to purchase the Acquired Assets under the terms of the Agreement unless it is assured of payment of the Break-Up Fee. Thus, assurance to the Purchaser of payment of the Break-Up Fee has promoted more competitive bidding by inducing the Purchaser to hold its bid open. Without the Break-Up Fee, other bidding would have been limited.  Further, because the Break-Up Fee induced the Purchaser to submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Purchaser has provided a benefit to the Selling Debtor Entities' estates by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth.  Finally, absent authorization of the Break-Up Fee, the Debtors may lose the opportunity to obtain the highest or otherwise

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

3

best available offer for the Acquired Assets.

       G.      The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

Bidding Procedures

       1.      The Bidding Procedures, as set forth on Exhibit 1 attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Acquired Assets.

       2.      The Selling Debtor Entities may: (a) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of any official committee or significant constituency in connection with the Bidding Procedures, and (c) reject at any time, before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in the Selling Debtor Entities' sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Selling Debtor Entities, their estates, and their stakeholders. The Selling Debtor Entities are authorized (x) to terminate the Bidding Process or the Auction at any time if they determine, in their business judgment, that the Bidding Process will not maximize the value of the Acquired Assets to be realized by the Selling Debtor Entities' estates and (y) seek Bankruptcy Court approval of the Agreement with Purchaser.

4

<u>Sale Hearing</u>

3. If the Debtors do <u>not</u> receive any Qualified Bids by the November 27, 2007 Bid Deadline, then the Court shall hold a Sale Hearing on **November 29, 2007 at 10:00 a.m**. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the sale aspect of the Motion. Except as provided in paragraph 5 of this order, objections to the Motion, if any, shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on November 26, 2007 (the "Objection Deadline").

4. If the Debtors receive at least one Qualified Bid by the Bid Deadline, then the Court shall hold a Sale Hearing on **December 20, 2007 at 10:00 a.m.** (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the sale aspect of the Motion, approve the Successful Bidder, and confirm the results of the Auction.

5. Objections related solely to either the conduct of the Auction or the selection of a Successful Bidder other than the Purchaser, if any, shall be filed and served, with a copy to Chambers, so as to be received no later than 4:00 p.m. (prevailing Eastern time) on December 13, 2007 (the "Supplemental Objection Deadline") by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan, 48098, Attention: Karen J. Craft, Managing Restructuring Counsel; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: Ron E. Meisler and Brian M. Fern; (iii) counsel to the Creditors'

Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg and Mark A. Broude; (iv) the Creditors' Committee's financial advisor, Mesirow Financial Consulting LLC, 666 Third Avenue, 21st Floor, New York, New York 10017, Attention: Ben Pickering; and (v) counsel for the Debtors' postpetition credit facility, Davis, Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attention: Donald Bernstein and Brian Resnick.

6. The failure of any objecting person or entity to timely file its objection by the Objection Deadline or the Supplemental Objection Deadline (if applicable) shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, the Auction, or the Selling Debtor Entities' consummation and performance of the Agreement (including the transfer of the Acquired Assets free and clear of liens), if authorized by the Court.

7. The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

### Break-Up Fee

8. The Break-Up Fee, as more fully described in the Motion and the Agreement, is hereby approved. The Selling Debtor Entities shall be authorized to pay the Break-Up Fee to the Purchaser in accordance with the terms of the Agreement without further order of the Court.

<u>Notice</u>

9. Notice of the Motion and the Sale Hearing shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a) <u>Notice Of Sale Hearing</u>. Within one business day after entry of this order, the Selling Debtor Entities (or their agent) shall serve the Motion, the Agreement, the proposed Sale Approval Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months, (ii) all entities known to have asserted any lien in or upon the Acquired Assets, (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion, (iv) the United States Attorney's office, (v) the United States Department of Justice, (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service, (viii) all entities which filed a notice of appearance or request for notice in these cases, and (ix) counsel to the official committee of unsecured creditors and the official committee of equity security holders appointed in these cases.

(b) <u>Publication Notice</u>. Within three days after entry of this order, or as soon thereafter as is practicable, the Debtors shall cause notice substantially in the form of the notice attached hereto as <u>Exhibit 2</u> to be published in the <u>Wall Street Journal</u> (International Edition), the <u>New York Times</u>, the <u>Saginaw News</u>, and the <u>Bay City Times</u>.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

11. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         November 16, 2007

                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE