UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                                                        :

In re:                                                :    Chapter 11
                                                       :
  Delphi Corporation, et al.,                    :    Case No.  05-44481 (RDD)
                                                       :    (Jointly Administered)
                           Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### INTERIM ORDER UNDER SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 (I) AUTHORIZING THE EMPLOYMENT AND RETENTION NUNC PRO TUNC FROM NOVEMBER 9, 2007 OF THE GREGORY P. JOSEPH LAW OFFICES LLC AS CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS, AND (II) SCHEDULING FINAL HEARING THEREON

Upon the emergency application, dated November 13, 2007 (the "Application"), of the Official Committee of Equity Security Holders (the "Equity Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an interim order (the "Interim Order") pursuant to sections 328 and 1103 of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the retention and employment of the Gregory P. Joseph Law Offices LLC (the "Joseph Firm"), as conflicts counsel to the Equity Committee *nunc pro tunc* to November 9, 2007, and (ii) scheduling a final hearing thereon on November 29, 2007 (the "Final Hearing"); and upon the Declaration of Gregory P. Joseph in Support of the Application for Order Authorizing Employment and Retention of Gregory P. Joseph Law Offices LLP as Conflicts Counsel to the Official Committee of Equity Security Holders; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Application has been given and that no other further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

ORDERED, that the Application is granted in all respects on an interim basis; and it is further

ORDERED that the Equity Committee is authorized to retain the Joseph Firm as its conflicts counsel, pursuant to Bankruptcy Code §§ 328 and 1103, on the terms described in the Application and the Declaration of Gregory P. Joseph, to perform necessary legal services to the Equity Committee; and it is further

ORDERED that payment of the Joseph Firm's fees and expenses shall be made, subject to Bankruptcy Court review and approval, pursuant to the terms described in the Application and the Declaration of Gregory P. Joseph, in accordance with sections 328, 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996; it is further

ORDERED that this Interim Order shall remain in full force and effect until such time as this Court enters a final order regarding the Application; and it is further

ORDERED, that the Equity Committee shall serve a notice of the Final Hearing to consider the Application on the Office of the United States Trustee and in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, and Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883).   No

further notice of the Final Hearing to consider the Application or the entry of this Interim Order need be served by the Equity Committee; and it is further

ORDERED, Objections, if any, to approval of the Application on a final basis must be in writing and filed with the Court, with a copy to Chambers, by November 23, 2007 at 4:00 p.m., except for any objection of the United States Trustee, which, if made, does not need to be received until noon on November 28, 2007. If no timely written objections are received, the Court may enter an order approving the Application on a final basis without holding the Final Hearing or further notice; and it is further

ORDERED, if no written objections are filed and served as provided herein, the Court may enter a final order granting the Application in its entirety; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated: November 16, 2007
      New York, New York

                                            /s/Robert D. Drain
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE