DYSART TAYLOR LAY COTTER & McMONIGLE, P.C.
4420 Madison Avenue
Kansas City, Missouri  64111
Lee B. Brumitt

Attorneys for Gully Transportation, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            |
                                                            |
     In re                                                  |   Chapter 11
                                                            |
DELPHI CORPORATION, et al.,                                 |   Case No. 05-44481 (RDD)
                                                            |
            Debtors.                                        |   (Jointly Administered)
------------------------------------------------------------x

### GULLY TRANSPORTATION, INC.'S RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO UNSECURED CLAIM NO. 10019

COMES NOW Gully Transportation, Inc. ("Gully"), by and through its attorneys of record, and for its response to Debtors' Twenty-Second Omnibus Objection to Unsecured Proof of Claim No. 10019, states as follows:

1. Debtor filed its Voluntary Petition on or about October 8, 2005 under Chapter 11 of the United States Bankruptcy Code.

2. The business activities of Debtor resulted in liabilities to Gully for unpaid transportation services.

3. Gully filed its Proof of Claim No. 10019 on or about July 20, 2006 in the amount of $63,903.24.

4. The Proof of Claim attached each and every unpaid invoice as well as a summary listing of each such unpaid invoice for services rendered both pre-petition and post-petition along with payments made pre-petition.

5. Debtors' objection provide no explanation of the basis for the denial to Gully, other than providing that Gully's proper unsecured claim amount should be $31,864.57 instead of the claim amount of $63,903.24. A claimant's proof of claim is entitled to *prima facie* validity under Bankruptcy Rule 3001(f) until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" *WorldCom*, 2005 WL 3832065 at *4 quoting *Allegheny*, 954 F.2d at 174; *See also In re Spohn*, 61 B.R. 264 (Bankr. W.D. Wis. 1986) and *In Re Circle J. Dairy, Inc.*, 112 B.R. 297 (Bankr. W.D> Ark. 1989). Unless the debtors object and tender sufficient evidence to overcome the *prima facie* validity accorded to the claims, the claims must be allowed. *Id.* Since Debtor has failed to provide any basis or evidence to support its objection, its objection should be denied.

6. Alternatively, to the extent Gully has misclassified any post-petition services provided to the debtor as a pre-petition unsecured debt, Gully should be allowed to re-classify that portion of its claim as an administrative claim.

            Respectfully submitted,

            DYSART TAYLOR LAY COTTER
             & McMONIGLE, P.C.


            By___/s/ Lee B. Brumitt_____
            Lee B. Brumitt   MoBar#33881
            4420 Madison Avenue
            Kansas City, MO 64111
            (816) 931-2700
            (816) 931-7377 – FAX
            lbrumitt@dysarttaylor.com

            ATTORNEYS FOR GULLY
            TRANSPORTATION, INC.

Dated: November 16, 2007

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the above and foregoing document was filed with the U.S. Bankruptcy Court, Southern District of New York, by using the CM/ECF system; and that a true and correct hard copy was mailed, United States Mail, postage prepaid, to:

The Hon. Robert D. Drain
U.S. Bankruptcy Court, S.D.NY
One Bowling Green, Room 632
New York, NY  10004

Delphi Corporation
5725 Delphi Drive
Troy, MI  48098
Attn:  General Counsel

Skadden, Arps, Slate, Meagher & Flom, LLC
333 West Wacker Drive, Ste. 2100
Chicago, IL  60606
ATTN: John W. Butler, Jr., Esq.
       John K. Lyons, Esq.
       Joseph N. Wharton, Esq.

Counsel for Debtors

                                                   /s/ Lee B. Brumitt
                                           Attorney for Gully Transportation, Inc.