SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
                                                    :
      In re                             :        Chapter 11
                                                    :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                                    :
                        Debtors.     :        (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 10179
(CHERRY GMBH AND HAIN CAPITAL HOLDINGS, LLC)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Cherry GmbH, and Hain Capital Holdings, LLC ("Hain") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 10179 (Cherry GmbH And Hain Capital Holdings, LLC) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on April 21, 2006, Cherry GmbH submitted a demand to the Debtors asserting a reclamation claim in the amount of $313,012.72 (the "Reclamation Demand").

WHEREAS, on July 21, 2006, Cherry GmbH filed proof of claim number 10179 against Delphi asserting (i) a general unsecured non-priority claim in the amount of $936,468.77 for goods manufactured and delivered by Cherry GmbH to DAS LLC, (ii) a general unsecured non-priority claim in the amount of $3,476,701.56 for a cancellation claim (the "Cancellation Claim"), and (iii) the Reclamation Demand in the amount of $313,012.72, for an aggregate total of $4,726,183.05 (collectively, the "Claim").

WHEREAS, on August 14, 2006, Cherry GmbH assigned a portion of its interest in the Claim to Hain pursuant to a Notice of Transfer (Docket No. 4908).

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims

2

Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. [5452]) (the "Third Omnibus Claims Objection").

WHEREAS, on November 21, 2006, Cherry GmbH filed its Response Of Cherry GmbH To The Debtors' Third Omnibus Objection To Claims (Docket No. 5649).

WHEREAS, on November 7, 2007, to resolve the Third Omnibus Claims Objection with respect to the Claim, DAS LLC, Cherry GmbH, and Hain entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, on November 7, 2007, the Debtors and Cherry GmbH entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Cherry GmbH acknowledge and agree that the valid amount of the Reclamation Demand is $161,563.08 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Cherry GmbH's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $1,138,762.48.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

THEREFORE, the Debtors, Cherry GmbH, and Hain stipulate and agree as

follows:

1. As expressly set forth in the Settlement Agreement, the Claim shall be allowed in the amount of $1,138,762.48 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Cherry GmbH shall waive the Cancellation Claim in its entirety.

3. Cherry GmbH reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $161,563.08 of the Claim on the grounds that Cherry GmbH has a valid reclamation claim in the amount of $161,563.08.

4. The Debtors reserve the right to seek, at any time and notwithstanding Cherry GmbH's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

5. Cherry GmbH hereby withdraws its Response to the Third Omnibus Claims Objection, with prejudice.

6. This Stipulation does not impact, alter or affect any other proofs of claim or reclamation demands that Cherry Corporation or Hain may file or otherwise assert against the Debtors, and it pertains solely to the Claim.

7. With respect to any conflict between this Order and the Settlement Agreement, the terms of the Settlement Agreement shall apply.

So Ordered in New York, New York, this 16th day of November, 2007

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

4

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Jason J. DeJonker |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606-1285<br>(312) 407-0700 | Jason J. DeJonker<br>McDermott Will & Emery LLP<br>227 West Monroe Street<br>Chicago, Illinois 60606-5096<br>(312) 984-7517<br><br>Attorneys for Cherry GmbH |
|           - and – | |
|   Kayalyn A. Marafioti<br>   Thomas J. Matz<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>   Debtors and Debtors-in-Possession | Ganna Liberchuk<br>Hain Capital Holdings, LLC<br>301 Route 17, 6th Floor<br>Rutherford, New Jersey 07070<br>(201) 896-6100 |