SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBERS 11706 AND 14319
(TIMKEN U.S. CO., THE TIMKEN COMPANY, AND SPCP GROUP,
L.L.C., AS AGENT FOR SILVER POINT CAPITAL FUND, L.P.
<u>AND SILVER POINT CAPITAL OFFSHORE FUND, LTD)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Timken U.S. Co. ("Timken U.S."), The Timken Company ("Timken Co.," and together with Timken U.S., "Timken"), and SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD ("SPCP," and together with Timken, the "Claimants," and with DAS LLC, the "Parties") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Numbers 11706 And 14319 (Timken U.S. Co., The Timken Company, And SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P and Silver Point Capital Offshore Fund, LTD) (this "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, as of June 2, 2006, Timken Co. (misdesignated as The Timken Corporation) and DAS LLC entered into an Assumption Agreement (the "Assumption Agreement"), whereby DAS LLC agreed that it would make a payment in the amount of $1,803,986.64 (the "Cure Amount") by December 31, 2006 in connection with the assumption of that certain Life Time Contract dated September 18, 2001 (as may have been amended from time to time).

WHEREAS, on July 27, 2006, Timken U.S. filed proof of claim number 11706 against the Debtors, asserting an unsecured non-priority claim in the amount of $210,932.12 and

2

a secured claim in the amount of $25,011.37 (collectively, "Claim 11706") arising from the delivery of goods prior to the Petition Date.

WHEREAS, on July 31, 2006, Timken Co. (misdesignated as Timken U.S. Co.) filed proof of claim number 14319 against the Debtors, asserting an unsecured non-priority claim in the amount of $2,883,781.07, an unsecured priority claim in the amount of $1,803,986.64, and a secured claim in the amount of $551,667.27 (collectively, "Claim 14319") arising from the delivery of goods prior to the Petition Date.

WHEREAS, on October 31, 2006, the Debtors objected to Claim 11706 and Claim 14319 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, Timken filed the Response Of Timken U.S. Co. And U.S. Timken Co. To The Debtors' Third Omnibus Objection To Claims (Docket No. 5796) (the "Third Omnibus Response").

WHEREAS, on December 3, 2006 (the "Cure Payment Date"), DAS LLC paid Timken Co. the Cure Amount in accordance with the terms of the Assumption Agreement and in satisfaction of Timken Co.'s unsecured priority claim (the "Cure Claim") in the amount of the Cure Amount.

WHEREAS, on January 23, 2007, Timken Co. filed proof of claim number 16499 against Delphi, asserting an unsecured non-priority claim in the amount of $2,702,790.97, an unsecured priority claim in the amount of $1,803,986.64, and a secured claim in the amount of

3

$732,657.37 (collectively, "Claim 16499," and together with Claim 11706 and Claim 14319, the "Claims") arising from the delivery of goods prior to the Petition Date.

WHEREAS, on June 15, 2007, the Debtors objected to Claim 16499 pursuant to the Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims (Docket No. 8271) (the "Sixteenth Omnibus Claims Objection").

WHEREAS, on July 12, 2007, Timken Co. filed its Response Of Timken U.S. Co. And The Timken Company To The Debtors Sixteenth Omnibus Objection To Claims (Docket No. 8574) (the "Sixteenth Omnibus Response").

WHEREAS, on August 3, 2007, Timken assigned its interest in the Claims to SPCP as evidenced by a Notice Of Transfer Of Claim Other Than For Security (Docket No. 8885).

WHEREAS, on September 7, 2007, this Court entered the Joint Stipulation And Agreed Order Disallowing And Expunging Proof Of Claim Number 16499 (The Timken Company) (Docket No. 9282), pursuant to which, among other things, (i) Claim 16499 was disallowed and expunged in its entirety as duplicative of Claim 14319, (ii) Claim 14319 was deemed to be asserted by Timken Co. in the same amounts and classifications as Claim 16499, and (iii) Timken agreed to withdraw the Sixteenth Omnibus Response with prejudice.

WHEREAS, on September 7, 2007, the Debtors filed the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited Claims Estimation Procedures (the "Estimation Motion") (Docket No. 9297) pursuant to which the Debtors sought, among other things, to cap (i) claim number 11706 to an amount of $235,943.49, and (ii) claim

4

number 14319 to an amount of $3,434,261.40.

WHEREAS, the Debtors are authorized to enter into this Joint Stipulation either because Claim 11706 and Claim 14319 involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Parties stipulate and agree as follows:

1. Claim 11706 shall be allowed in favor of SPCP against DAS LLC in the amount of $235,943.49 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim 14319 shall be allowed in favor of SPCP against DAS LLC in the amount of $2,906,570.74 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. The Cure Claim shall be allowed in favor of Timken Co. against DAS LLC in the amount of $1,803,986.64; <u>provided</u>, <u>however</u>, that (i) the Cure Claim shall be deemed satisfied as a result of Timken Co.'s receipt of the Cure Amount on the Cure Payment Date, and (ii) Timken reserves its right to seek a distribution of postpetition interest on the Cure Claim from the Petition Date to the Cure Payment Date under the Debtors' plan of reorganization, and the Debtors reserve the right to contest the same.

4. To the extent DAS LLC was entitled to apply any discounts, credits, or cost recoveries to amounts due to Timken as a result of accelerated payment terms, returned material, defective product, or prepayments with respect to the prepetition delivery of goods

(collectively, the "Prepetition Discounts") and such Prepetition Discounts have not been applied as of the date of this Joint Stipulation, the parties have taken into account such Prepetition Discounts in determining the allowed amounts of Claim 11706, Claim 14319, and the Cure Claim and DAS LLC is no longer entitled to assert the right to such Prepetition Discounts or to apply such Prepetition Discounts to any amounts due to Timken. For the avoidance of doubt, nothing herein shall be deemed to (i) release Timken from its obligations under its purchase orders from DAS LLC with respect to returned material or defective products that are not the subject of an existing discount, credit, or cost recovery, including its warranty and indemnity obligations, or (ii) restrict DAS LLC from enforcing its rights under its purchase orders to Timken with respect to returned material or defective products that are not the subject of an existing discount, credit, or cost recovery.

     5.    Timken's Third Omnibus Response shall be deemed resolved in accordance with this Joint Stipulation. The Estimation Motion shall be deemed withdrawn with respect to Claim 11706 and Claim 14319.

So Ordered in New York, New York, this <u>16th</u> day of November, 2007

                                       ___/s/Robert D. Drain_____
                                       UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ James M. Sullivan |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | James M. Sullivan<br>Nava Hazan<br>McDERMOTT WILL & EMERY LLP<br>340 Madison Avenue<br>New York, New York  10173<br>(212) 547-5400<br><br>Attorneys for The Timken Company and<br>  Timken U.S. Co. |
| - and – | /s/ Brian Jarmain |
| Kayalyn A. Marafioti<br>Thomas J. Matz<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>  Debtors and Debtors-in-Possession | Brian Jarmain<br>Silver Point Capital Fund, L.P. and Silver Point<br>  Capital Offshore Fund, LTD<br>Two Greenwich Plaza, 1st Floor<br>Greenwich, CT 06830<br>(203) 542-4032<br><br>SPCP Group, L.L.C., as agent for Silver Point<br>  Capital Fund, L.P. and Silver Point Capital<br>  Offshore Fund, LTD |