SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
                                   :
     In re                           :        Chapter 11
                                   :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                   :
                  Debtors.     :        (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
PROOF OF CLAIM NUMBER 11047
(JPMORGAN CHASE BANK, N.A.)

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and JPMorgan Chase Bank, N.A. ("JPMorgan") respectfully submit this Joint Stipulation And Agreed Order Compromising Proof Of Claim Number 11047 (JPMorgan Chase Bank, N.A.) (the "Stipulation") and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on July 25, 2006, JPMorgan filed proof of claim number 11047 ("Claim No. 11047") against Delphi Corporation ("Delphi") asserting, on behalf of itself and the other lenders party to the Prepetition Credit Agreement (defined below), among other things, a liquidated secured claim in an not less than $2,495,820,240.56 (the "Claim"), on account of principal, interest and fees owing under that certain Third Amended And Restated Credit Agreement, dated as of June 14, 2005 (the "Prepetition Credit Agreement") and related loan documents and a contingent, unliquidated claim for certain indemnification obligations set forth in the Prepetition Credit Agreement and related loan documents (the "Indemnification Obligations").

WHEREAS that the Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001 And 6004(g)(I) Authorizing Debtors To Obtain Post-Petition Financing And (II) Authorizing Debtors To Refinance Secured Post-Petition Financing And Prepetition Secured Debt entered by this Court on January 5, 2007 (Docket No. 6461) (the "Refinancing Order"), authorized the Debtors to

2

irrevocably repay in full all outstanding obligations due and payable under the Prepetition Credit Agreement which they did on January 9, 2007.

THEREFORE, the Debtors and JPMorgan, on behalf of itself and the other lenders party to the Prepetition Credit Agreement (defined below), stipulate and agree as follows:

1. The liquidated amount of the Claim shall be modified and reduced to $0.00 to reflect the satisfaction of all outstanding amounts due and owing as described above.

2. The unliquidated portion of the Claim for Indemnification Obligations shall continue as a timely filed proof of claim and the amount of the Claim shall be listed as $0 because no such Indemnification Obligations have been asserted as of the date hereof; provided that JPMorgan shall be entitled to assert claims for Indemnification Obligations and seek payment thereof to the extent as provided in paragraph 11 of the Refinancing Order.  The rights of JPMorgan (and the lenders on whose behalf the Claim was made) and the Debtors' defenses with respect to the Indemnification Obligations are fully preserved and not in any way impaired or altered by virtue of this stipulation.


So Ordered in New York, New York, this <u>16th</u> day of November, 2007


                                                  ___/s/Robert D. Drain_____
                                                  UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Kenneth S. Ziman |
| John Wm. Butler, Jr. | Kenneth S. Ziman (KZ 2486) |
| John K. Lyons | SIMPSON THACHER & BARTLETT LLP |
| Ron E. Meisler | 425 Lexington Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10017 |
| 333 West Wacker Drive, Suite 2100 | Attorneys for JPMorgan Chase Bank, N.A. |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | |

- and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession