TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                :
In re:                                          :
                                                :    Chapter 11
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 [RDD]
                                                :
            Debtors.                            :    Jointly Administered
                                                :
-----------------------------------------------------------------x

# JOINT STIPULATION AND AGREED ORDER COMPROMISING AND DISALLOWING PROOF OF CLAIM NUMBER 12383 ( VIASYSTEMS GROUP, INC)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and Viasystems, Inc. ("Claimant") respectfully submit this Joint Stipulation And Agreed Order Compromising And Disallowing Proof Of Claim Number 12383 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS**, on or about October 1, 2005, Claimant and DAS LLC agreed that DAS LLC would provide payment in advance to Claimant for obligations incurred by DAS LLC to Claimant (the "Cash In Advance Payments"); and

**WHEREAS**, on or prior to January 5, 2007, DAS LLC commenced initiating debits pursuant to which DAS LLC attempted to recoup amounts that DAS LLC believed were Cash In Advance Payments in excess of amounts owed to Claimant prepetition; and

**WHEREAS,** on July 28, 2007, Claimant filed proof of claim number 12383, 12383 (the "Claim") against DAS LLC; and

**WHEREAS**, the Claim asserts an unsecured nonpriority claim in the amount of $762,104.80; and

**WHEREAS**, on July 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Insurance Claims Not Reflected On Debtors' Books and Records, (d) Untimely Claims and Untimely Tax Claims, And (e) Claims Subject To Modification, Tax Claims Subject To Modification,

And Claims Subject to Modification And Reclamation Agreement (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection"); and

**WHEREAS**, the Debtors and Claimant have reconciled all applicable prepetition invoices and determined that the Debit Recoupments resulted in DAS LLC recapturing amounts that were greater than the Cash In Advance Payments after taking into account amounts owed prepetition by DAS LLC to Claimant.

**WHEREAS**, to resolve the Seventeenth Omnibus Claims Objection with respect to the Claim and to return to Claimant the Cash In Advance Payments erroneously returned to DAS LLC, Claimant and DAS LLC have agreed to enter into a settlement agreement (the "Settlement Agreement").

**WHEREAS,** DAS LLC is authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**WHEREAS**, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Debit Recoupments resulted in DAS LLC recapturing amounts that were greater than the Cash In Advance Payments after taking into account amounts owed prepetition by DAS LLC to Claimant.

**WHEREAS,** pursuant to the Settlement Agreement, Claimant acknowledges and agrees that the Claim shall be disallowed; and

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and Claimant stipulate and agree as follows:

1. Within ten (10) business days of the date hereof, DAS LLC shall return and pay to Claimant in cash the sum of $365,540.00 as a return of excessive Debit Recoupments.

2. The Claim shall be disallowed in its entirety and expunged.

**[signatures concluded on following page]**

Dated: New York, New York
November 9, 2007

                    DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: St. Louis, Missouri
November 2007

VIASYSTEMS GROUP, INC.
By its Counsel,

4

/s/ Daniel Weber
DANIEL WEBER
101 South Hanley Road
St. Louis, Missouri 63105
314-727-2087

**SO ORDERED**

This 16th day of November, 2007 New York, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE