Hearing Date and Time: November 29, 2007 at 10:00 am
Response Date and Time: November 21, 2007 at 4:00 pm

Reed Smith LLP
Elena Lazarou (EL-5681)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: elazarou@reedsmith.com

and

Reed Smith Sachnoff & Weaver
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Arlene N. Gelman (IL #6225631)
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-mail:  agelman@reedsmith.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>    Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**RESPONSE OF SIEMENS VDO AUTOMOTIVE CANADA INC. F/K/A SIEMENS VDO AUTOMOTIVE, INC.  TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE AND AMENDED CLAIMS, (B) EQUITY CLAIMS (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIMS SUBJECT TO MODIFICATION THAT ARE SUBJECT TO PRIOR ORDERS, AND MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS**

Siemens VDO Automotive Canada Inc. f/k/a  Siemens VDO Automotive Inc. ("SVAI"), by and through its undersigned counsel, hereby responds to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D)

Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, and (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (the "Objection") filed by Delphi Corporation and certain of its subsidiaries and affiliates ("Delphi"), and states as follows:

## FACTUAL BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi filed voluntary petitions for relief under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. Delphi continues to operate its businesses and manage their assets as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Attached as **Exhibit A** hereto is a true and correct copy of SVAI's timely filed Amended Proof of Claim claiming $2,291,767.58 ("SVAI's Claim").

4. Prior to the Petition Date, Delphi chose SVAI to develop and supply parts for Delphi's Delta engine cooling business (the "Delta GMIO Program"). Among other agreed terms concerning the development and supply of these parts, Delphi and SVAI agreed to certain productivity price reductions during the years SVAI supplied parts for the Delta GMIO Program. Delphi, however, required that SVAI pay these negotiated savings in advance of any parts being supplied in the form of an upfront $1,000,000 payment to Delphi (the "$1,000,000 Advance"). Delphi and SVAI further agreed that until the $1,000,000 Advance was repaid, Delphi would pay full price, without any productivity price reduction, for all parts SVAI supplied for the Delta GMIO Program. Delphi also agreed that in the event Delphi did not purchase the parts needed to

- 2 -

achieve full repayment of the $1,000,000 Advance, Delphi would repay the balance of the $1,000,000 Advance owed within 30 days of SVAI's demand for such repayment.[1]

5. SVAI made the $1,000,000 Advance by paying Delphi, via wire transfer, $500,000 on June 23, 1998 and an additional $500,000 on December 11, 1998. Attached hereto as **Exhibit B** are true and correct copies of the wire transfer confirmations for the two Advance payments totaling $1,000,000.

6. In March 2001, and without purchasing a single part from SVAI, Delphi cancelled the Delta GMIO Program. Delphi requested that SVAI submit all claims for costs associated with the engineering, development and design of parts to be included in the Delta GMIO Program. On March 28, 2001, SVAI verbally communicated its cancellation claim to Delphi and, on May 18, 2001, SVAI submitted a written cancellation claim to Delphi, which included a demand for the $1,000,000 Advance and interest thereon.

7. Thereafter, Delphi partially paid SVAI for its engineering, development and design costs but failed to repay the $1,000,000 Advance and failed also to pay certain other portions of SVAI's cancellation claim.

8. In 2003 and 2004, SVAI continued to make written demand upon Delphi for the $1,000,000 Advance and other amounts owed due to the cancellation of the Delta GMIO Program. In addition, in August 2005, SVAI issued three invoices to Delphi covering the $1,000,000 Advance, interest thereon, and other cancellation charges (the "Delta GMIO Program Invoices"). True and correct copies of the Delta GMIO Program Invoices are attached to SVAI's Claim. Invoice number 2045001226 relates to the $1,000,000 Advance; Invoice number

---

[1] Included in many of the documents exchanged between the parties is confidential, propriety, and otherwise protected information. SVAI will make such information available to the Debtors subject to the appropriate confidentiality restraints.

- 3 -

2045001227 in the amount of $477,574.08 relates to the balance of the engineering, development and design costs that remain unpaid by Delphi; and 2045001228 in the amount of $434,095.00 relates to the interest on the $1,000,000 Advance. To date, none of these invoiced amounts has been paid.

9.    In addition to supplying parts for the Delta GMIO Program, SVAI supplied various other parts to Delphi prior to Delphi's bankruptcy filing. Attached to SVAI's Claim is invoice number 2045001250 in the amount of $448,136.13 Canadian Dollars.[2] This invoice covers $356,865 (CAD) due SVAI as a result of Delphi's cancellation of its GMT370 Project and $91,271.13 (CAD) due SVAI as a result of Delphi's cancellation of the GM562-T part. At the time of Delphi's bankruptcy filing, Delphi had partially satisfied the amounts due SVAI relating to the GMT370. A detailed breakdown of these partial payments, totaling $155,545 (CAD), as well as credit for a certain overpayment in the amount of $91,271 (CAD) is also attached to SVAI's Claim. After application of the partial payments and credit, however, $356,865 Canadian Dollars remains due and owing to SVAI. Moreover, a detailed breakdown of the amounts owed relating to the GM562-T part is attached to SVAI's Claim on the Delphi-created form entitled "Delphi Thermal Supplier Cancellation Claim Form PCL 287 – 1".

10.    Delphi objected to SVAI's Claim by including the claim on Exhibit D-1, described as "Books and Records Claims." Delphi does not specifically state the basis of its objection to SVAI's Claim. Instead, Delphi lumps together its objections for numerous claims and asserts generally that Delphi might not be liable because such claims might not be reflected in Delphi's books and records or that such claims may have been paid.

---

[2] In September, 2005, the month SVAI issued invoice number 2045001250, the exchange rate in effect for converting Canadian Dollars to U.S. Dollars was approximately $0.85. As such, $448,136.13 Canadian Dollars equaled $380,098.50 U.S. Dollars in September, 2005, and that is the amount claimed in SVAI's Claim.

## ARGUMENT

11.     SVAI's Claim was filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Accordingly, SVAI's Claim is *prima facie* valid.

12.     To overcome the presumption of validity, the party opposing a claim must present evidence equal in force to the *prima facie* case. See In re Reilly, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."); In re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim."); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). The evidence presented by the objecting party must be of substance, as "the mere denial of the validity or amount is not sufficient." In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of an objection." In re Lanza, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). Reviewing courts have made clear that an objection alone is not sufficient since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. A trustee must document his objection with probative evidence to satisfy his burden of going forward." In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982).

13.     Delphi has objected to SVAI's Claim merely by lumping it together with other claims on a schedule attached to its Objection and listing a host of conclusory, boilerplate reasons why all the claims on the list might be invalid.  Delphi has failed to furnish any specific information directed to SVAI's Claim or any information whatsoever that supports its objection.

14.     A debtor's books and records entries, when presented alone, are insufficient evidence to overcome a properly filed proof of claim's *prima facie* evidence of validity.  See In re Michigan-Wisconsin Transp. Co., 161 B.R. 628, 637 (Bankr. W.D. Mich. 1993) (in the absence of any evidence other than a books and records objection, the objection to claim must be overruled); see also In re Good Hope Industries, Inc., 16 B.R. 719, 721 (Bankr. D. Mass. 1982) (basing an objection on the failure of Debtor's books and records to reflect the amounts claimed was impertinent when the proof of claim was supported with adequate documentation); see also In re Systems Comm., Inc., 234 B.R. 143, 144 (Bankr. M.D. Fla. 1999) ("A debtor's book and record entries, presented alone, cannot be binding on a creditor.  To hold otherwise would mean that if a debtor keeps no books and records it does not have any obligations, a proposition absurd on its face.").  Thus, Delphi's reference to its books and records provides no legally sufficient basis for its objections and does not overcome the *prima facie* validity of SVAI's properly filed proof of claim.

WHEREFORE, SVAI respectfully requests that this Court enter an order (i) denying Delphi's Objection, (ii) allowing SVAI's claims in full, and (iii) granting such other and further relief as is appropriate.

Dated: November 20, 2007

Respectfully submitted,
REED SMITH LLP

By: /s/ Elena Lazarou
Elena Lazarou (EL-5681)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: elazarou@reedsmith.com

and

Reed Smith Sachnoff & Weaver
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Arlene N. Gelman (IL #6225631)
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-mail:agelman@reedsmith.com

Counsel for Siemens VDO Automotive Canada Inc.
f/k/a  Siemens VDO Automotive Inc.