Pg 1 of 5

**PORZIO BROMBERG & NEWMAN P.C.**
(Mail to) P.O. Box 1997, Morristown, NJ 07962-1997
(Delivery to) 100 Southgate Parkway, Morristown, NJ 07960
Telephone (973) 538-4006
Facsimile (973) 538-5146
-and-
156 West 56th Street
New York, NY 10019

Attorneys Appearing:     John S. Mairo (JM-0670)
                         Brett S. Moore (BM-0014)

Attorneys for Neuman Aluminum Automotive, Inc. and
Neuman Aluminium Impact Extrusion, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
DELPHI CORP., *et al.*,                 :    Case No. 05-44481 (RDD)
                                        :
         Debtors.                       :    (Jointly Administered)
                                        :
-----------------------------------------------------------------x

**RESPONSE OF NEUMAN ALUMINUM AUTOMOTIVE, INC. AND NEUMAN ALUMINUM IMPACT EXTRUSION, INC. TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIMS SUBJECT TO MODIFICATION THAT ARE SUBJECT TO PRIOR ORDERS, AND MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS**

Neuman Aluminum Automotive, Inc. and Newman Aluminum Impact Extrusion, Inc. (collectively, "Neuman"), by and through their attorneys, Porzio Bromberg & Newman P.C., hereby respond (the "Response") to the Delphi Corp. *et al.*

1165209

(collectively, the "Debtors") Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification that are Subject to Prior Orders, and Modified Claims Asserting Reclamation that are Subject to Prior Orders (the "Twenty-Second Omnibus Claims Objection") and state as follows:

### NEUMAN'S CLAIM

1.   On July 31, 2006, Neuman filed a Proof of Claim in the amount of $631,976.95 for unpaid products against Delphi Automotive Systems Services, LLC (Bankr. Case No. 05-44632 (RDD) (the "Neuman Claim")). The Neuman Claim was designated by the Debtors as claim number 15454. A copy of the Neuman Claim is attached hereto as **Exhibit "A"** and includes a detailed description of the invoices that form the basis of the Neuman Claim.

### THE TWENTY-SECOND OMNIBUS CLAIMS OBJECTION

2.   The Debtors state in the Twenty-Second Omnibus Claims Objection that the "Basis For Objection" to the Neuman Claim is that it is a "Modified Claim[] Asserting Reclamation." The Debtors propose that the Neuman Claim be modified so as to be asserted against Debtor Delphi Automotive Systems LLC (Case No. 44640), and be reduced to the following "Modified" amounts: (i) $2,521.51 as a Priority Claim and (ii) $595,658.55 as a General Unsecured Claim (collectively, the "Debtors' Proposed Modifications").

1165209

2

## LEGAL AUTHORITY

3.  A proof of claim is a sworn statement which constitutes prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed R. Bankr P. 3001(f). The allegations of a proof of claim are taken as true. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991).

4.  Upon the filing of an objection, the objecting party must produce evidence tending to defeat the claim that is of probative force equal to that of the creditor's proof of claim. *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985) (citing 3 Collier on Bankruptcy ¶ 502.01, 502-17 (15th ed. 1985); see *also In re Eastern Fire Protection, Inc.*, 44 B.R. 140 (Bankr. E.D. Pa. 1984)).

5.  If an objection is made, the creditor may rest on its proof of claim and need not appear, and the objecting party bears the burden of going forward with evidence contesting the validity of the amount of the claim. *In re Holm*, 931 F.2d at 623.

6.  If the objecting party succeeds in overcoming the prima facie effect of Rule 3001(f), the claimant must then prove the validity of their claim by a preponderance of the evidence. *In re Allegheney Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

7.  Here, the Debtors have failed to provide any evidence of probative value in support of the Twenty-Second Omnibus Claims Objection to overcome the prima facie validity of the Neuman Claim.

8.  Nevertheless, in an effort to amicably resolve this matter, Neuman will consent to the Debtors' Proposed Modifications so long as the Neuman Claim, as

modified by the Debtors' Proposed Modifications, is Ordered by the Court to be final "Allowed" claims against the Debtors that are not subject to any further objection by the Debtors or any other party.

## CONCLUSION

9. Based on the foregoing, Neuman requests that Court deny the Twenty-Second Omnibus Claims Objection with respect to the Neuman Claim. In the alternative, Neuman will consent to the Debtors' Proposed Modifications so long as the Neuman Claim, as modified by the Debtors' Proposed Modifications, is Ordered by the Court to be final "Allowed" claims against the Debtors that are not subject to any further objection by the Debtors or any other party.

Dated:    Morristown, New Jersey
          November 20, 2007

**PORZIO BROMBERG & NEWMAN P.C.**
Attorneys for Neuman Aluminum Automotive, Inc. and
Neuman Aluminium Impact Extrusion, Inc.


By: /s/ John S. Mairo
      John S. Mairo

1165209

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of November, 2007, a copy of the foregoing pleading was served by **Federal Express Overnight** on the parties listed below:

Dated:    Morristown, New Jersey
November 20, 2007

**PORZIO BROMBERG & NEWMAN P.C.**
Attorneys for Neuman Aluminum Automotive, Inc. and Neuman Aluminium Impact Extrusion, Inc.

By: /s/ John S. Mairo
       John S. Mairo

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
Room 632
New York, New York 10004

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

John W. Butler, Esq.
John K. Lyons, Esq.
Joseph N. Wharton, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

1165209