THACHER PROFFITT & WOOD LLP
Jesse L. Snyder (JS-7265)
Louis A. Curcio (LC-0242)
Two World Financial Center
New York, New York  10281
Phone:  (212) 912-7400
Fax:    (212) 912-7751
jsnyder@tpw.com
lcurcio@tpw.com

        -and-

ROSSI & ROSSI
Gregg A. Rossi (#00512224)
(Pro hac vice application to be filed)
26 Market Street, 8th Floor
Huntington Bank Building
P.O. Box 6045
Youngstown, Ohio  44501
Phone:  (330) 744-8695

*Counsel for James Hutz, Jr.*

UNITED STATES BANKRUPTCY COURT          **HEARING DATE:** November 29, 2007
SOUTHERN DISTRICT OF NEW YORK           **HEARING TIME:** 10:00 a.m.

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

### CREDITOR, JAMES HUTZ, JR.'S, RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS CLAIMS OBJECTION REGARDING CLAIM NO. 3139

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        Now comes Creditor **JAMES HUTZ, JR.**, by and through his counsel, Rossi &

Rossi and Thacher Proffitt & Wood LLP, and, for his response to the Debtors' Objection to his

claim, says as follows:

1.      Creditor **JAMES HUTZ, JR.** has received the Debtors' Twenty-Second Omnibus Claims Objection to the claim of **JAMES HUTZ, JR.,** being Claim No. 3139, for the asserted claim of $2,157.683.93, with respect to which Debtors seek to disallow and expunge on the basis of it being one of the "Books and Records Claims."

2.      Creditor **JAMES HUTZ, JR.'s** claim, as set forth in his Claim No. 3139 against Debtors, arises out of a motor vehicle collision on February 17, 2000 in Warren, Ohio caused by the negligence of Stephanie Gray. **HUTZ** filed a civil Complaint in Trumbull County Common Pleas Court in Case No. 2002 CV 400, which is currently pending but has been stayed given the Debtors' bankruptcy filing.

3.      The evidence establishes that at all times therein, Stephanie Gray was acting within the scope and course of her employment for Delphi Corporation ("Delphi") at the time of the incident. *See* Affidavit of Stephanie Gray, Exhibit A.

4.      Since Stephanie Gray was acting within the scope and course of her employment with Delphi, Delphi must indemnify her for any damages that she caused.

5.      Stephanie Gray may be an insured under an automobile policy issued to Delphi and in effect at the time of the incident, or Delphi may be self-insured for her actions. *See* Sedgwick CMS letter dated September 20, 2004 from Gail D. Voyko-Ford, Exhibit B.

6.      Since that letter, Creditor's counsel filed a Proof of Claim in these cases with this Bankruptcy Court on April 28, 2006.

7.      Creditor's counsel was contacted by Patty Tottis, Delphi's legal counsel, and all supporting documentation was forwarded for her review. At that time, the parties were proceeding on the basis that Delphi was self-insured in compliance with Ohio's financial responsibility laws.

8.    Delphi advised Creditor's counsel that Delphi was insured by Reliance Insurance. See December 1, 2006 letter attached as Exhibit C. Creditor then submitted a claim with Reliance Insurance which was in liquidation. *See* attached as Exhibit D.

9.    Reliance denied the claim pursuant to a Notice of Determination of February 27, 2007, wherein Reliance stated, "Although Reliance originally issued the policy under which you are making a claim, such policy and all its obligations have been assumed by Ace Insurance under a contract of novation effective January 1, 2000 which is prior to the date of loss of February 17, 2000". *See* Notice attached as Exhibit E.

10.    Creditor then submitted a claim to Ace Insurance and ESIS Claims Service, who advised that their earliest policy period is October 1, 2000 and, therefore, did not indicate that coverage was in effect and, therefore, did not open a claim. *See* Exhibit F.

11.    Based upon this information, Creditor's counsel contacted Delphi's legal counsel again, and Delphi's legal counsel advised that Creditor should direct any further inquiries to Attorney Scott King of Thompson Hine, LLP. *See* letter attached as Exhibit G. Attorney King, although asked repeatedly by Stephanie Gray's counsel and the counsel for Hutz, has not been helpful in determining if a policy was in effect covering Stephanie Gray on February 17, 2000.

12.    The question to be answered is: Is there any liability insurance coverage for Delphi in effect covering Stephanie Gray on February 17, 2000? If there is, then creditor will pursue such coverage upon an Application for Relief from Stay to pursue available liability coverage. If there is not, Delphi may be required to indemnify Stephanie Gray for any liability as being self-insured under the financial responsibility laws of Ohio. Delphi may be insured under a

"matching deductible" program for which Delhi would owe a judgment. Therefore, Creditor's claim is appropriately before this Court.

13.    Creditor's monetary claim is predicated on the fact that he has suffered serious and permanent injuries requiring two back surgeries, as well as medical expenses in excess of $300,000.00, and lost wages and loss of services in excess of $900,000.00. Further, he is permanently and totally disabled as a direct and proximate result of this collision.

14.    This claim is contingent and unliquidated.

15.    Creditor believes the amount sought would be reasonable upon liquidation of the claim upon proof of damages.

Accordingly, the claim should not be disallowed and expunged given the factual and legal basis set forth herein. Creditor is prepared to submit all legally provable damages, including medical expenses and opinion of the economist and medical experts regarding the pain, suffering and disability as a direct and proximate result of the negligence of Debtor's employee for which Delphi must indemnify Stephanie Gray, its employee.

4

Dated:  November 20, 2007

Respectfully submitted,

THACHER PROFFITT & WOOD LLP


BY:   /s/ Jesse L. Snyder
        Jesse L. Snyder (JS-7265)
        Louis A. Curcio (LC-0242)
        Two World Financial Center
        New York, New York  10281
        Phone:  (212) 912-7400
        Fax:    (212) 912-7751
        jsnyder@tpw.com
        lcurcio@tpw.com

-and-

ROSSI & ROSSI
        Gregg A. Rossi (#00512224)
        26 Market Street, 8th Floor
        Huntington Bank Building
        P.O. Box 6045
        Youngstown, Ohio  44501
        Phone:  (330) 744-8695
        Fax:  (330) 744-0334
        garossi@ameritech.net

*Attorneys for Creditor James Hutz, Jr.*

5

STATE OF OHIO          )
                              ) SS:
COUNTY OF _____ )

## AFFIDAVIT OF STEPHANIE GRAY

Affiant STEPHANIE GRAY, after first being duly sworn and affirmed, deposes and says the following:

1.      I was involved in a motor vehicle accident with James Hutz on February 17, 2000 in Trumbull County, Ohio, while in the course and scope of my employment with Delphi Corporation.

2.      Since that time, I have become married and my new name is STEPHANIE GRAY MUREN.

Further Affiant saith naught.

_Stephanie Gray Muren_
STEPHANIE GRAY MUREN

SWORN TO before me and SUBSCRIBED IN my presence this ___9th___ day of November, 2007.

_Teresa Scholfield_
NOTARY PUBLIC

*(Notary seal: TERESA SCHOLFIELD — NOTARY PUBLIC AT LARGE — GREENE CO. TENN.)*

Exhibit A



# Sedgwick CMS

**Sedgwick Claims Management Services, Inc.**
P. O. Box 1059. Troy, Michigan 48099
Telephone 248 649-2100   Facsimile 248 649-2502

September 20, 2004

Law Offices of
Progressive Casualty Insurance
Maureen Walsh, Esq.
3660 Stutz Drive, Suite 100
Canfield, MI 44406

**RE:** **James Hutz, et al vs. Stephanie Gray, et al**
     Case No.: **2002 CV 400**
     Our Claim #: **A418003067**

Dear Maureen:

This letter is being sent on behalf of Delphi Corporation, Stephanie Gray's employer regarding coverage for an automobile accident that occurred on February 17, 2000. Stephanie was using her personal vehicle for business purposes when this automobile accident occurred.   You have indicated that Stephanie carries an auto policy with Bodily Injury limits of 100/300.

You have discussed this loss with Delphi Corporation concerning the possibility that a judgment against Stephanie's auto policy be made over and above her policy limits. Since Stephanie Gray was using her personal vehicle for business, Delphi Corporation will *afford coverage* to her if a judgment is awarded over and above her policy limits. Please be advised that Delphi Corporation is self-insured for automobile coverage in the State of Ohio, where this loss occurred.

Please keep me informed and Mr. Donald Parshall as to the progress of the settlement negotiations in this matter.  If you have any questions, please contact me at (248) 637-3182.

Sincerely,

Gail D. Vayko-Ford
Liability Supervisor
Sedgwick CMS Inc.

RECEIVED

SEP 3 0 2004

CANFIELD HOUSE CO.

Exhibit B



Legal Staff
Patricia Tottis
Legal Assistant

December 1, 2006

John C. Pfau, Esq.
Pfau, Pfau and Marando
3722 Starrs Centre Drive, Suite 1
Canfield, Ohio 44406

**Re:   Hutz, James v. Gray, Stephanie**
   **Claim No:  A418003067**

Dear Mr. Pfau:

On February 15, 2002, a lawsuit was filed against Stephanie Gray regarding an auto accident that occurred on February 17, 2000. On or about November 7, 2005, Plaintiff filed an amended Complaint with the Court. Although Stephanie Gray was an employee of Delphi at the time of the accident, and arguably within the scope of her employment, inexplicably neither Plaintiff nor Defendant name Delphi as a party.

At the time of the accident, Delphi was covered by an automobile liability policy issued by Reliance National Indemnity Company, which has since entered into liquidation. This automobile liability policy is a "matching deductible" program. As is normal for these types of insurance programs, Delphi is responsible to reimburse the insurer for any amounts paid by the insurer.

On May 4, 2006, Plaintiff filed a Proof of Claim with the bankruptcy court handling Delphi's bankruptcy in the amount of $2,157,683.93. The filing of this Proof of Claim is not sufficient to attach liability to Delphi. Because the time to name Delphi a party to this litigation has lapsed, I write to advise you that Delphi will not be participating in the mediation process.

Sincerely,

Patricia Tottis
Legal Assistant -- Litigation

Exhibit C

World Headquarters & Customer Center  5825 Delphi Drive  M/C:  480-410-254  Troy, MI  48098-2815  USA
Tel: [1] 248.813.3470  Fax: [1] 248.813.1122

Fax Server          3/21/2007 11:09:28   PAGE   4/014   Fax Server

03/16/2007 3007075T5011043

## PROOF OF CLAIM
### IN THE MATTER OF
## RELIANCE INSURANCE COMPANY (IN LIQUIDATION)
### Deadline for filing December 31, 2003

| FOR OFFICE USE ONLY |
| --- |
| PROOF OF CLAIM NO. _____ |
| DATE RECEIVED: _____ |

**READ ALL MATERIALS CAREFULLY BEFORE COMPLETING THIS FORM - COMPLETE ALL SECTIONS**
**FILL IN ALL BLANKS - PLEASE PRINT CAREFULLY OR TYPE**

Make corrections to Name & Address below.
Claimant Name:   James Hutz
Address 1:   6365 Thompson-Sharpsville Road
Address 2:
City:   Fowler,          State: OH   Zip Code:  44418
Country:   USA
Social Security/E.I.N. #:  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   e-mail:
Daytime Phone #: (include area code)

Name of Insured:   Delphi Packard/Stephanie Gray
Policy Number:   Unknown              Claim Number: (if previously filed)   Unknown
Date of Loss:   2/17/00              Agent Number:   Unknown

Claim is for (Check X or specify Below)

| 1. | X | POLICY HOLDER or THIRD PARTY CLAIM | Claim by insured of Reliance Insurance under a Reliance Insurance Policy for POLICY Benefits or Liability claim against an insured of Reliance Insurance for POLICY BENEFITS. |
| 2 | | RETURN of UNEARNED PREMIUM or OTHER PREMIUM REFUNDS | Portion of paid premium not earned due to early cancellation of policy or retro or audit adjustment. |
| 3 | | GENERAL CREDITOR | Attorney fees, Adjuster fees, Vendors, Landlords, Lessors, Consultants, Cedants and Reinsurers. |
| 4 | | AGENT BALANCES | Agents Earned Commissions. |
| 5 | | ALL OTHER | Describe |

In the space below give a Concise Statement of the Facts giving rise to your claim. Attach additional sheets if required.
   See attached

AMOUNT OF CLAIM: $ 2,157,683.93
Is there OTHER INSURANCE that may cover this claim?  Yes (X) No ( )
If YES provide name of insurer(s) and policy numbers(s):  Progressive Insurance Company

Does AN ATTORNEY REPRESENT you?  Yes (x) No ( )  If YES provide attorney's name, address & telephone number:
Gregg A. Rossi, 26 Market Street, 8th Floor, P.O. Box 6045, Youngstown, Ohio
44501, 330/744-8695
Has a Lawsuit or other LEGAL ACTION been instituted by anyone regarding this claim? Yes (X) No ( ) If YES provide the following:
Court Where Filed: Trumbull County Common Pleas Court, Warren, Ohio
DATE FILED & DOCKET NUMBER: 2/15/02, amended 11/7/05
PLAINTIFF(S):   James Hutz
DEFENDANT(S): Stephanie Gray

The undersigned subscribes and affirms as true under the penalties of perjury as follows; that the undersigned has the right and authority to sign and submit this proof of claim; that the undersigned has read the foregoing Proof of Claim and knows the contents thereof; that the said claim against Reliance Insurance Company (Reliance) (In Liquidation) is true to the best of the undersigned's own knowledge except as matters there-in stated to be alleged upon information and belief and as to those matters the undersigned believes to be true; that no payment of or on account of the aforesaid claim has been made except as above stated; that there are no offsets or counterclaims thereto; and that the undersigned is not a secured creditor or claimant, or has no security interest except as stated above.

If the foregoing Proof of Claim alleges a claim against a Reliance Insured (third party claim), the undersigned hereby releases any and all claims which have been or could be made against such Reliance Insured based on or arising out of the facts supporting the above Proof of Claim up to the amount of the applicable policy limit and subject to coverage being accepted by the Liquidator, regardless of whether any compensation is actually paid to the undersigned.

_____          _____
Claimant Signature                 Date
Attorney for Client

Exhibit D

Claimant was involved in a motor vehicle collision on February 17, 2000 with Stephanie Gray in which he suffered permanent and disabling injuries. A lawsuit was commenced against Stephanie Gray in Trumbull County Common Pleas Court, Warren, Ohio, being Case No. 2002 CV 400. Stephanie Gray was an employee of Delphi and acting within the scope and course of her employment with Delphi at the time of the collision. Her vehicle was personally insured through Progressive Insurance company with liability coverage in the amount of $100,000.00 per person/$300,000.00 per accident. Stephanie Gray is represented by John Pfau of Pfau, Pfau and Marando, at P.O. Box 9070, Youngstown, Ohio 44513.

Claimant's prior counsel was advised that Delphi had a large self-insured retention deductible. See Sedgewick Insurance letter dated September 23, 2004. On this information, the claimant's underinsured carrier was voluntarily dismissed from the motor vehicle collision since he did not possess an uninsured motorist claim at that time.

It was further indicated that Delphi would indemnify Gray as self-insured. Delphi filed for bankruptcy protection on or about October 11, 2005. Claimant filed a Proof of Claim with the Bankruptcy Court on or about 4/28/06. Claimant was then contacted by Patty Tottas of Delphi legal staff and on or about 9/14/06 claimant forwarded claim documents in support of his claim to Delphi. Delphi was corresponding with Attorney John Pfau and Delphi was also communicating with the undersigned regarding potentially mediating this case. Claimant was never advised that Delphi was possibly insured at the time of the loss through Reliance or any other carrier.

On January 23, 2007, the undersigned counsel on behalf of claimant received a phone call from Attorney John Pfau, counsel for Gray through Progressive Insurance Company, who advised that Delphi's legal department had advised him that Delphi was actually insured at the time of the collision through Reliance Insurance Company. See December 1, 2006 letter and December 12, 2006 letter from Delphi to Attorney Pfau. On January 23, 2007, Attorney Pfau forwarded the undersigned letters which indicated this. See attached FAX from Attorney Pfau. The undersigned is now filing a claim against Reliance Insurance Company.

Claimant was never advised of any insurance on behalf of Delphi other than the fact that there was a self-insured retention of $1,000,000.00. The undersigned never heard of Reliance Insurance Company until January 23, 2007 with possible coverage for this incident. Claim is being submitted immediately.

Now, claimant respectfully submits his claim for coverage to be provided to Stephanie Gray arising out of the 2/17/00 motor vehicle collision. Claimant further submits that the foregoing demonstrates just cause for late filing of the Proof of Claim.

24-Sep-2004  10:55am  From-nlnax                      81 249 849 7904    T-689  P.001/001  F-204
                                                      03/16/2007 300707515011043



## Sedgwick CMS

Sedgwick Claims Management Services, Inc.
P.O. Box 1059, Troy, Michigan 48099
Telephone 248-649-2100   Facsimile 248-649-2502

September 23, 2004

Louis M. DeMarco
Attorney at Law
50 South Main Street, Suite 615
Akron, OH 44308

RE:  James Hutz, et al vs. Stephanie Gray, et al
     Case No.: 2002 CV 400
     Our Claim #: A418003067
     Your Insured: Hutz Sign

Dear Louis:

This letter is being sent on behalf of Delphi Corporation, Stephanie Gray's employer regarding coverage for an automobile accident that occurred on February 17, 2000. Stephanie was using her personal vehicle for business purposes when this automobile accident occurred. As you know, Stephanie Gray carries a policy of $100,000.

You indicate you represent Cincinnati Insurance Company, the underinsured carrier in this matter. Please be advised that Delphi Corporation has a large deductible and a sufficient amount of coverage for automobile losses in the State of Ohio, where this loss occurred.

If you have any questions, please contact me at (248) 637-3182.

Sincerely,

Gail D. Vayko-Ford
Liability Supervisor
Sedgwick CMS Inc.

PLAINTIFFS EXHIBIT

Fax Server                3/21/2007 1:51:38 PM    PAGE    7/014    Fax Server

03/16/2007 3007075T5011043

# DELPHI

Legal Staff
Patricia Tottis
Legal Assistant

December 1, 2006

John C. Pfau, Esq.
Pfau, Pfau and Marando
3722 Starrs Centre Drive, Suite 1
Canfield, Ohio 44406

Re:    Hutz, James v. Gray, Stephanie
       Claim No: A418003067

Dear Mr. Pfau:

On February 15, 2002, a lawsuit was filed against Stephanie Gray regarding an auto accident that occurred on February 17, 2000. On or about November 7, 2005, Plaintiff filed an amended Complaint with the Court. Although Stephanie Gray was an employee of Delphi at the time of the accident, and arguably within the scope of her employment, inexplicably neither Plaintiff nor Defendant name Delphi as a party.

At the time of the accident, Delphi was covered by an automobile liability policy issued by Reliance National Indemnity Company, which has since entered into liquidation. This automobile liability policy is a "matching deductible" program. As is normal for these types of insurance programs, Delphi is responsible to reimburse the insurer for any amounts paid by the insurer.

On May 4, 2006, Plaintiff filed a Proof of Claim with the bankruptcy court handling Delphi's bankruptcy in the amount of $2,157,683.93. The filing of this Proof of Claim is not sufficient to attach liability to Delphi. Because the time to name Delphi a party to this litigation has lapsed, I write to advise you that Delphi will not be participating in the mediation process.

Sincerely,

Patricia Tottis

Patricia Tottis
Legal Assistant—Litigation

World Headquarters & Customer Center   5825 Delphi Drive   M/C: 480-410-254   Troy, M 48098-2815   USA
Tel [1] 248.813.3470   Fax [1] 248.813.1122

03/23/2007 16:31  FAX
⊠03

03/16/2007 3007075T5011043

# DELPHI

Legal Staff
Patricia Tottis
Legal Assistant

December 12, 2006

John C. Pfau, Esq.
Pfau, Pfau and Marando
3722 Starrs Centre Drive, Suite 1
Canfield, Ohio 44406

Re:   Hutz, James v. Gray, Stephanie
      Claim No: A418003067

Dear Mr. Pfau:

You inquired about Reliance National Indemnity Company's liquidation in our recent telephone conversation. Reliance has a website that might provide you with additional information regarding its liquidation. It is http://www.reliancedocuments.com.

If you have any further questions regarding this matter, please contact Delphi's outside counsel, Scott King with Thompson Hine LLP. He can be reached at (937) 443-6600.

Sincerely,

Patricia Tottis
Legal Assistant – Litigation

cc: Scott King, Esq.

03/16/2007 3007075T501 1043

## PFAU, PFAU & MARANDO
### Attorneys at Law
P.O. BOX 9070
YOUNGSTOWN, OHIO 44513

WILLIAM E. PFAU, SR.   1889-1953
WILLIAM E. PFAU, JR.   1919-2005
WILLIAM E. PFAU III
JOHN C. PFAU
MICHAEL P. MARANDO *
　 * Also Licensed in Pennsylvania
JOHN A. ANS

Telephone:   330-702-9700
Fax          330-702-9704
E-mail:  ppm@ppmlegal.com

OFFICE LOCATION:
3122 Starrs Centre Drive, Suite 1
Canfield, Ohio 44406

### FAX TRANSMITTAL

TO: _Greg Rossi_                    FROM: _John Pfa_
Destination FAX No.: _330-744-0334_   Date: _1/23/07_   Time: _____
RE: 
TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET: _3_
If you do not receive all pages as indicated above, please telephone _____ at (330) 702-9700.

The information contained in this facsimile message is attorney-privileged and confidential information. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone. Thank you.

Greg,

Here are letters from

Delphi.          Thanks, Joh

\*  \*  \*  \*  \*  \*  \*  0  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*
FOR INTERNAL USE:      Description of documents FAXed: _____

03/16/2007 3007075T5011043

. INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM FORM
        This proof of claim form must be completed and returned. Failure to return the completed form will result in the denial of your claim. Please fill in all of the applicable blanks. Attach additional sheets as required. In the event you do not know certain information, please write "unknown." You may supplement your claim later when you have more information, provided you do so promptly after you obtain the information. Please print legibly in ink or type. The form may be duplicated. You are advised to keep a completed copy for your records. The following is some specific additional instruction for certain types of claims. For more information on these types of claims, please see the discussion in the enclosed booklet.

1.  If your claim is for POLICY BENEFITS please complete the front of this form. If your claim is already filed with Reliance, you need to complete the proof of claim form, but you do not need to resubmit documentation to support your claim. If additional documentation is required, you will be contacted. If this is a new claim, please attach documentation to support the claim.

    If your claim is a contingent claim under an insurance policy, use the space provided for policy benefits and indicate that the claim is contingent. If a policy was renewed, a claim should be filed for each policy number for which you want to file.

2.  If your claim is for the RETURN OF UNEARNED PREMIUM or other premium refunds, please complete the front of this form. Please attach the appropriate documentation to support your claim.

3.  If your claim is that of a GENERAL CREDITOR, please attach copies of all outstanding invoices to this form.

4.  If your claim is for AGENT BALANCES, please attach a complete accounting by policy/contract in support of your claim.

5.  If you have ANY OTHER type of claim, describe your claim, i.e., stockholder, employee, taxes, license fees, assessments. Please attach copies of information to support your claim.

        The right (but not the obligation) to request additional supporting information is retained by the Liquidator. The failure to promptly provide such additional information may result in denial of the claim.

        The proof of claim form must be signed by the claimant, and must contain the claimant's current address and zip code. No claim can be considered for payment without a social security number or tax identification number. Where applicable, the name and address as well as the telephone number of the claimant's attorney, if any, must be shown. YOU MUST FILE A SEPARATE PROOF OF CLAIM FORM FOR EACH CLAIM YOU MAKE. IF YOU HAVE MORE THAN ONE CLAIM, YOU MAY MAKE COPIES OF THE ENCLOSED FORM OR YOU SHOULD CALL (215) 864-4000 FOR ADDITIONAL PROOF OF CLAIM FORMS.

        You must sign the proof of claim form and mail it to:
                Proof of Claim Department
                Statutory Liquidator of Reliance Insurance Company
                P. O. Box 13527
                Philadelphia, PA  19101-3527

        NOTE: This form must be received no later than 5:00 PM EST on December 31, 2003, subject to the provisions of Article V of the Insurance Department Act pertaining to the filing of claims.

CHANGE OF ADDRESS
You are required by Article V of the Insurance Department Act to notify the Statutory Liquidator of your change of address. If you fail to do so you may jeopardize your chance of recovery from this estate.

INFORMATION REGARDING CLAIMS AGAINST THE
ESTATE OF RELIANCE INSURANCE COMPANY
        After all claims against this company are evaluated by the Statutory Liquidator and approved by the Court, approved claims will be paid by priority level based on available funds in accordance with 40 P.S. Section 221.19 et seq. The amount of the payment will depend on the assets recovered. The amount to be paid on an individual claim, if any, will not be known until all claims are evaluated and assets are recovered. In any event, payment will not be made for several years.
        The Statutory Liquidator's receipt of this proof of claim form does not constitute any waiver or relinquishment by the Statutory Liquidator of any defense, setoff, or counterclaim that may exist against any person, entity or governmental agency, regarding any actions pursued by the Statutory Liquidator of Reliance Insurance Company on behalf of Reliance Insurance Company claimants, policyholders and creditors.

03/16/2007 3007075T5011043

# Reliance Insurance Company (in Liquidation)
## Notice of Determination

Cause No.: 269 MD 2001

02-27-2007

ROSSI, GREGG A. ESQ.
26 MARKET STREET
8TH FLOOR
PO BOX 6045
YOUNGSTOWN, OH 44501

Re:    Proof Of Claim No.:                2159103
       Reliance Policy/Contract No.:
       Insured Name:
       Reliance Claim No.:
       Date of Loss:
                                HUTZ, JAMES
                                6365 THOMPSON-SHARPSVILLE ROAD
                                FOWLER, OH  44418

### NOTICE OF DETERMINATION

This notice is provided to advise you of the Statutory Liquidator's determination of the above-referenced claim. If you have other claims against the estate for which you have filed a separate Proof of Claim or you have previously been advised that your Proof of Claim stated multiple claim types and has been separated, you will receive a notice for each of these claims at the time that they are evaluated.

Section 544 of the Insurance Department Act (40 P.S. Section 221.44) establishes the level of priority to be assigned to a claim against the estate of a liquidated company, including Reliance.

Priority Level ( e ) has been assigned to the above referenced claim in accordance with the provisions of section 544.

Your claim against the Estate of Reliance has been valued and allowed in the amount of
$ 0.00.

No value has been allowed for your claim because: Although Reliance originally issued the policy under which you are making your claim, such policy and all its obligations have been assumed by ACE Insurance under a contract of novation effective 1/1/00 which is prior to the date of loss of 2/17/00. You will need to contact ACE Insurance directly to pursue your claim.

If you accept this determination of your claim, no action is necessary. A copy of applicable provisions of the Commonwealth Court Order regarding disputed claims is enclosed. You must follow the procedures set forth in that Order if you wish to object to this determination. A complete copy of the Order is posted on the Internet at www.reliancedocuments.com. Other procedures governing objections to this notice of determination can be found in Article V of the Insurance Department Act of 1921 (40 P.S. Sections 221.1 et seq.). Please reference the Reliance Proof of Claim number, Reliance Cause number, and Reliance Claim number listed above in any correspondence or pleadings related to this notice.

03/16/2007 3007075T5011043

Evaluated by: LEGRANDE, PHYLLIS  Phone #: (973) 691-9282

PLEASE NOTE: YOU HAVE THE DUTY TO KEEP THE STATUTORY LIQUIDATOR
INFORMED OF ANY CHANGE OF ADDRESS (40 P.S. SECTION 221.24(G)). FAILURE TO
PROVIDE A CHANGE OF ADDDRESS TO THE *PROOF OF CLAIM DEPARTMENT,
STATUTORY LIQUIDATOR OF RELIANCE INSURANCE COMPANY, P.O. BOX 13527,
PHILADELPHIA, PA 19101-3527* MAY RESULT IN THE LOSS OF ANY DISTRIBUTION TO
WHICH YOU ARE ENTITLED.

<u>General Information Regarding the Liquidation Process.</u>

Once all assets and liabilities of the Reliance estate are known, the Statutory Liquidator will recommend to the Commonwealth Court of Pennsylvania that its assets be distributed to the claimants with allowed claims. The amount of distribution will be calculated as a percentage of the amounts allowed by the Statutory Liquidator. This percentage applicable to each priority level will not be known until all assets and liabilities are finally identified. This process can take many years to complete, depending on the complexity of the matters of the estate.

Should you have any questions about your claim or about the liquidation procedure, please feel free to write to the Statutory Liquidator (Proof of Claim Department) at the address shown above.

<u>Classification of Priority Levels of Claims</u>

The priority levels of claims filed against the estate of a company in liquidation are defined in section 544 of the Insurance Department Act (40 P.S. Section 221.44), which are summarized as follows:

(a)   The costs and expenses of administration, including but not limited to the following: the actual and necessary costs of preserving or recovering the assets of the insurer; compensation for all services rendered in the liquidation; any necessary filing fees; the fees and mileage payable to witnesses; reasonable attorney's fees; the expenses of a guaranty association in handling claims

(b)   All claims under policies for losses wherever incurred, including third party claims, and all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies, shall have the next priority. That portion of any loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, shall not be included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations of support or by way of succession at death or as proceeds of life insurance, or as gratuities. No payment made by an employer to his employee shall be treated as a gratuity

(c)   Claims of the Federal government other than those claims included in subsection (b).

(d)   Debts due to employees for services performed to the extent that they do not exceed one thousand dollars ($1,000) and represent payment for services performed within one year before the filing of the petition for liquidation. Officers and directors shall not be entitled to the benefit of this priority. This priority shall be in lieu of any other similar priority which may be authorized by law as to wages or compensation of employees.

(e)   Claims under nonassessable policies for unearned premium or other premium refunds and claims of general creditors.

(f)   Claims of any state or local government. Claims, including those of any governmental body, for a penalty or forfeiture shall be allowed in this class only to the extent of the pecuniary loss sustained from the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby. The remainder of such claims shall be postponed to the class of claims under subsection (h)

(g)   The following claims:
>          (1)  Claims under section 221.39(b), to the extent that such claims were disallowed under that section.
>          (2)  Claims filed late.
>          (3)  Claims or portions of claims, payment of which is provided by other benefits or advantages recovered by the claimant

(h)   Surplus or contribution notes, or similar obligations, and premium refunds on assessable policies. Payments to members of domestic mutual insurance companies shall be limited in accordance with law.

(i)   The claims of shareholders or other owners.

## EXCERPT FROM 9-9-02 COMMONWEALTH COURT ORDER REGARDING OBJECTIONS TO A NOTICE OF DETERMINATION

(d)      If a claimant is dissatisfied with the decision set forth in the notice of determination regarding a denial in whole or in part of a Proof of Claim, the claimant shall within sixty (60) days from the mailing date shown on the notice of determination file an objection to the determination with the Commonwealth Court, and serve a copy of the objection on the Liquidator. The objection shall state the factual and legal basis for the objection, shall attach all necessary supporting documentation, and shall also include the notice of determination (collectively the Objection). Claimant shall file the Objection, along with 5 copies of the Objection and a 3½ inch floppy disc containing the Objection typed in "Microsoft Word" format in the Office of the Prothonotary, Suite 901, 1339 Chestnut Street, Philadelphia, PA 19107. No courtesy copies of the Objection shall be filed with a judge's chambers. Service of a copy of the Objection in printed form shall be made on the Liquidator at Objections Department, Statutory Liquidator of Reliance Insurance Company, P.O. Box 13527, Philadelphia PA 19101-3527. IF A CLAIMANT DOES NOT FILE AN OBJECTION TO THE LIQUIDATOR'S DETERMINATION WITH THE COMMONWEALTH COURT WITHIN THE TIME REQUIRED, THE CLAIMANT MAY NOT FURTHER OBJECT TO THE LIQUIDATOR'S DETERMINATION AS SET FORTH IN THE NOTICE OF DETERMINATION, AND THE LIQUIDATOR'S DETERMINATION SHALL CONSTITUTE THE MAXIMUM ALLOWABLE AMOUNT OF THE CLAIM.

(e)      When an Objection to the Liquidator's determination of a claim is filed with the Court, the Liquidator, and the claimant may attempt to resolve the dispute. The Liquidator shall file a response to the Objection with the Court and serve a copy of the response on the claimant, and his counsel, if applicable, within thirty (30) days of the date of service of the Objection upon the Liquidator. If the Objection is not subsequently settled with Court approval pursuant to paragraphs 12 through 14 herein, the Liquidator or the claimant, shall, as soon as practicable, file a petition with this Court seeking appointment of a referee and service a copy of the notice on the opposing party. Notice of the petition shall be given upon all parties listed on the master service list via U.S. mail, or, where designated, fax and/or e-mail. The Court may refer the matter to a referee to conduct the hearing with respect to any factual disputes. The Court or the referee will hear the Objection and the Response, if any, of such persons as have standing. If the matter is referred to a referee, the referee shall, after hearing, file with the Court proposed findings of fact and/or recommend a determination, and serve copies thereof on the Liquidator, the claimant and claimant's counsel, if applicable, and any party who successfully intervenes in the proceedings on the claimant's objection to the Liquidator's determination. Exceptions, if any, to the referee's proposed findings of fact and recommendations shall be filed with the Commonwealth Court within fifteen (15) days after service of the referee's proposed findings of fact and recommendations. The exceptions shall set forth in concise form the grounds for the exceptions, and shall attach a copy of the notice of the determination, claimant's Objection, the Liquidator's Response to Objection, and the proposed findings of fact and/or recommended decision of the Referee. A party who does not timely file exceptions to the referee's proposed findings of fact and recommendations is deemed to have waived any and all exceptions and shall be barred thereafter from raising any and all issues, including but not limited to issues which could have been raised as exceptions. If exceptions are not timely filed, the Court shall enter an Order approving the referee's recommendation.

(f)      Nothing herein shall preclude any party in interest from filing a petition to intervene in such dispute, or preclude any party in interest from opposing such intervention, which shall be determined by the Commonwealth Court. Proceedings on the dispute in which intervention is sought shall be stayed, pending resolution of the petition to intervene.

# Reliance Insurance Company (in Liquidation)
## Notice of Determination

**Cause No.: 269 MD 2001**

02-27-2007

ROSSI, GREGG A. ESQ.
26 MARKET STREET
8TH FLOOR
PO BOX 6045
YOUNGSTOWN, OH 44501

Re:    **Proof Of Claim No.:**            2159103
       **Reliance Policy/Contract No.:**
       **Insured Name:**
       **Reliance Claim No.:**
       **Date of Loss:**

HUTZ, JAMES
6365 THOMPSON-SHARPSVILLE ROAD
FOWLER, OH  44418

### NOTICE OF DETERMINATION

This notice is provided to advise you of the Statutory Liquidator's determination of the above-referenced claim. If you have other claims against the estate for which you have filed a separate Proof of Claim or you have previously been advised that your Proof of Claim stated multiple claim types and has been separated, you will receive a notice for each of these claims at the time that they are evaluated.

Section 544 of the Insurance Department Act (40 P.S. Section 221.44) establishes the level of priority to be assigned to a claim against the estate of a liquidated company, including Reliance.

**Priority Level ( e ) has been assigned to the above referenced claim in accordance with the provisions of section 544.**

**Your claim against the Estate of Reliance has been valued and allowed in the amount of $ 0.00.**

No value has been allowed for your claim because: Although Reliance originally issued the policy under which you are making your claim, such policy and all its obligations have been assumed by ACE Insurance under a contract of novation effective 1/1/00 which is prior to the date of loss of 2/17/00. You will need to contact ACE Insurance directly to pursue your claim.

If you accept this determination of your claim, no action is necessary. A copy of applicable provisions of the Commonwealth Court Order regarding disputed claims is enclosed. You must follow the procedures set forth in that Order if you wish to object to this determination. A complete copy of the Order is posted on the Internet at www.reliancedocuments.com. Other procedures governing objections to this notice of determination can be found in Article V of the Insurance Department Act of 1921 (40 P.S. Sections 221.1 et seq.). Please reference the Reliance Proof of Claim number, Reliance Cause number, and Reliance Claim number listed above in any correspondence or pleadings related to this notice.

Exhibit E

Evaluated by: LEGRANDE, PHYLLIS   Phone #: (973) 691-9282

**PLEASE NOTE:  YOU HAVE THE DUTY TO KEEP THE STATUTORY LIQUIDATOR
INFORMED OF ANY CHANGE OF ADDRESS (40 P.S. SECTION 221.24(G)).  FAILURE TO
PROVIDE A CHANGE OF ADDDRESS TO THE *PROOF OF CLAIM DEPARTMENT,
STATUTORY LIQUIDATOR OF RELIANCE INSURANCE COMPANY, P.O. BOX 13527,
PHILADELPHIA, PA 19101-3527* MAY RESULT IN THE LOSS OF ANY DISTRIBUTION TO
WHICH YOU ARE ENTITLED.**

**General Information Regarding the Liquidation Process.**

Once all assets and liabilities of the Reliance estate are known, the Statutory Liquidator will recommend to the Commonwealth Court of Pennsylvania that its assets be distributed to the claimants with allowed claims. The amount of distribution will be calculated as a percentage of the amounts allowed by the Statutory Liquidator. This percentage applicable to each priority level will not be known until all assets and liabilities are finally identified. This process can take many years to complete, depending on the complexity of the matters of the estate.
Should you have any questions about your claim or about the liquidation procedure, please feel free to write to the Statutory Liquidator (Proof of Claim Department) at the address shown above.

**Classification of Priority Levels of Claims**

The priority levels of claims filed against the estate of a company in liquidation are defined in section 544 of the Insurance Department Act (40 P.S. Section 221.44), which are summarized as follows:

(a)     The costs and expenses of administration, including but not limited to the following: the actual and necessary costs of preserving or recovering the assets of the insurer; compensation for all services rendered in the liquidation; any necessary filing fees; the fees and mileage payable to witnesses; reasonable attorney's fees; the expenses of a guaranty association in handling claims

(b)     All claims under policies for losses wherever incurred, including third party claims, and all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies, shall have the next priority. That portion of any loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, shall not be included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations of support or by way of succession at death or as proceeds of life insurance, or as gratuities. No payment made by an employer to his employee shall be treated as a gratuity

(c)     Claims of the Federal government other than those claims included in subsection (b).

(d)     Debts due to employees for services performed to the extent that they do not exceed one thousand dollars ($1,000) and represent payment for services performed within one year before the filing of the petition for liquidation. Officers and directors shall not be entitled to the benefit of this priority. This priority shall be in lieu of any other similar priority which may be authorized by law as to wages or compensation of employees.

(e)     Claims under nonassessable policies for unearned premium or other premium refunds and claims of general creditors.

(f)     Claims of any state or local government. Claims, including those of any governmental body, for a penalty or forfeiture shall be allowed in this class only to the extent of the pecuniary loss sustained from the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby. The remainder of such claims shall be postponed to the class of claims under subsection (h)

(g)     The following claims:
        (1)  Claims under section 221.39(b), to the extent that such claims were disallowed under that section.
        (2)  Claims filed late.
        (3)  Claims or portions of claims, payment of which is provided by other benefits or advantages recovered by the claimant

(h)     Surplus or contribution notes, or similar obligations, and premium refunds on assessable policies. Payments to members of domestic mutual insurance companies shall be limited in accordance with law.

(i)     The claims of shareholders or other owners.

## EXCERPT FROM 9-9-02 COMMONWEALTH COURT ORDER REGARDING OBJECTIONS TO A NOTICE OF DETERMINATION

(d)     If a claimant is dissatisfied with the decision set forth in the notice of determination regarding a denial in whole or in part of a Proof of Claim, the claimant shall within sixty (60) days from the mailing date shown on the notice of determination file an objection to the determination with the Commonwealth Court, and serve a copy of the objection on the Liquidator. The objection shall state the factual and legal basis for the objection, shall attach all necessary supporting documentation, and shall also include the notice of determination (collectively the Objection). Claimant shall file the Objection, along with 5 copies of the Objection and a 3½ inch floppy disc containing the Objection typed in "Microsoft Word" format in the Office of the Prothonotary, Suite 901, 1339 Chestnut Street, Philadelphia, PA 19107. No courtesy copies of the Objection shall be filed with a judge's chambers. Service of a copy of the Objection in printed form shall be made on the Liquidator at Objections Department, Statutory Liquidator of Reliance Insurance Company, P.O. Box 13527, Philadelphia PA 19101-3527. IF A CLAIMANT DOES NOT FILE AN OBJECTION TO THE LIQUIDATOR'S DETERMINATION WITH THE COMMONWEALTH COURT WITHIN THE TIME REQUIRED, THE CLAIMANT MAY NOT FURTHER OBJECT TO THE LIQUIDATOR'S DETERMINATION AS SET FORTH IN THE NOTICE OF DETERMINATION, AND THE LIQUIDATOR'S DETERMINATION SHALL CONSTITUTE THE MAXIMUM ALLOWABLE AMOUNT OF THE CLAIM.

(e)     When an Objection to the Liquidator's determination of a claim is filed with the Court, the Liquidator, and the claimant may attempt to resolve the dispute. The Liquidator shall file a response to the Objection with the Court and serve a copy of the response on the claimant, and his counsel, if applicable, within thirty (30) days of the date of service of the Objection upon the Liquidator. If the Objection is not subsequently settled with Court approval pursuant to paragraphs 12 through 14 herein, the Liquidator or the claimant, shall, as soon as practicable, file a petition with this Court seeking appointment of a referee and service a copy of the notice on the opposing party. Notice of the petition shall be given upon all parties listed on the master service list via U.S. mail, or, where designated, fax and/or e-mail. The Court may refer the matter to a referee to conduct the hearing with respect to any factual disputes. The Court or the referee will hear the Objection and the Response, if any, of such persons as have standing. If the matter is referred to a referee, the referee shall, after hearing, file with the Court proposed findings of fact and/or recommend a determination, and serve copies thereof on the Liquidator, the claimant and claimant's counsel, if applicable, and any party who successfully intervenes in the proceedings on the claimant's objection to the Liquidator's determination. Exceptions, if any, to the referee's proposed findings of fact and recommendations shall be filed with the Commonwealth Court within fifteen (15) days after service of the referee's proposed findings of fact and recommendations. The exceptions shall set forth in concise form the grounds for the exceptions, and shall attach a copy of the notice of the determination, claimant's Objection, the Liquidator's Response to Objection, and the proposed findings of fact and/or recommended decision of the Referee. A party who does not timely file exceptions to the referee's proposed findings of fact and recommendations is deemed to have waived any and all exceptions and shall be barred thereafter from raising any and all issues, including but not limited to issues which could have been raised as exceptions. If exceptions are not timely filed, the Court shall enter an Order approving the referee's recommendation.

(f)     Nothing herein shall preclude any party in interest from filing a petition to intervene in such dispute, or preclude any party in interest from opposing such intervention, which shall be determined by the Commonwealth Court. Proceedings on the dispute in which intervention is sought shall be stayed, pending resolution of the petition to intervene.

03/16/2007 30070757S011043

LAW OFFICES

# ROSSI & ROSSI

26 MARKET STREET, 8TH FLOOR
SKY BANK BUILDING
P.O. BOX 6045
YOUNGSTOWN, OHIO 44501
PHONE: 330/744-8695
FAX: 330/744-0394

DANIEL L. ROSSI CO., L.P.A.
GREGG A. ROSSI
THOMAS R. WRIGHT

March 13, 2007

VIA OVERNIGHT MAIL &
ORDINARY U.S. MAIL

ESIS Claims for ACE Insurance Company
P.O. Box 31090
Tampa, Florida 33631-3090

RE:   My Client - James Hutz
      Your Insured - Delphi Packard/Stephanie Gray
      D.O.L. - 2/17/00

Dear Sir or Madam:

Be advised that the undersigned represents James Hutz in connection with a February 17, 2000 motor vehicle collision which occurred in Warren, Ohio involving Stephanie Gray who was within the scope and course of her employment with Delphi Packard. There is a lawsuit pending in Trumbull County, Ohio, being Case No. 2001 CV 400.

I had been advised that Reliance Insurance Company was the insurer for Delphi at the time of the loss. I have been attempting to file a Proof of Claim and to track down liability coverage. Enclosed please find the following:

1.   Our Proof of Claim in the Reliance liquidation;
2.   Reliance Insurance Company's Notice of Determination dated 2/27/07.

You will note that Reliance referred me to contact ACE Insurance Company. I contacted Phyllis LaGrande at Reliance and she advised me that you are handling the claim.

I am hereby notifying you of the claim at this point in time.

Please have the appropriate representative contact the undersigned to establish a claim and to follow the claim procedures.

I will forward all necessary supporting documentation.

Thank you.

Sincerely yours,

GREGG A. ROSSI
GAR:plw
Enclosures

Exhibit F



Legal Staff
Patricia Tottis
Legal Assistant

July 18, 2007

Law Offices of Rossi & Rossi
Att:  Gregg A. Rossi, Esq.
26 Market Street, 8th Floor
Sky Bank Building
Youngstown, OH  44501

**Re:    Hutz, James v. Gray, Stephanie**
**Claim No:  A418003067**

Dear Mr. Rossi:

I am in receipt of your letter dated July 11, 2007 regarding the above-referenced matter.
Delphi's Risk Management team is looking into this situation.  Please direct any further inquiries
to Delphi's counsel, Scott King of Thompson Hine LLP.  He can be reached at (937) 443-6600.

Sincerely,

Patricia Tottis
Legal Assistant – Litigation

cc:  Scott King, Esq.

Exhibit G