Judy A. O'Neill (admitted *Pro Hac Vice*)
David G. Dragich (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for SABIC Innovative Plastics US LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            )
In re:                                                      )
                                                            )    Chapter 11
DELPHI CORPORATION, et al.,                                 )    Case No. 05-44481 (RDD)
                                                            )    Jointly Administered
                        Debtors.                            )
------------------------------------------------------------x

## OBJECTION OF SABIC INNOVATIVE PLASTICS US LLC TO ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO PURCHASERS IN CONNECTION WITH SALE OF INTERIORS AND CLOSURES BUSINESS

SABIC Innovative Plastics US LLC ("SABIC Innovative Plastics"), as successor in interest to General Electric Company, doing business through its GE Advanced Materials division, hereby submits this Objection (the "Objection") to the Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection with Sale of Interiors and Closures Business (the "Assumption Notice"). In support of its Objection, SABIC Innovative Plastics respectfully represents as follows:

### BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned case (collectively, the "Debtors"), filed voluntary petitions in this Court for

DETR_484301.4

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.      On October 15, 2007, the Debtors filed an Expedited Motion for Orders Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date and (B) Authorizing and Approving (I) Sale of Certain of Debtor's Assets Comprising Substantially All the Assets Primarily Used in Debtors' Cockpits and Interior Systems, and Integrated Closure Systems Businesses Free and Clear of Liens, Claims, and Encumbrances, (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Assumption of Certain Liabilities (the "Interiors and Closures Businesses Sale Motion").

3.      On October 26, 2007, the Court entered an order approving the bidding procedures relating to the Interiors and Closures Businesses Sale Motion (the "Interiors and Closures Businesses Bidding Procedures Order").  Pursuant to the Interiors and Closures Businesses Bidding Procedures Order, the Court scheduled a hearing on the sale (the "Sale Hearing") for December 20, 2007 at 10:00 a.m., and established a deadline for objections to the sale (the "Objection Deadline") for December 13, 2007.  With respect to assumption of executory contracts and unexpired leases, the Interiors and Closures Businesses Bidding Procedures Order required the Debtors to serve a Cure Notice[1] and Assumption Notice at least 20 days prior to the Sale Hearing to each non-Debtor party to an Assumed U.S. Contract.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Interiors and Closures Businesses Sale Motion.

DETR_484301.4

4.      On Friday November 16, 2007, at 7:27 p.m., the Debtors filed the Assumption

Notice with the Court.  On Friday November 16, 2007 at 6:55 p.m., the Debtors filed the Cure

Notice with the Court.  According to the Interiors and Closures Businesses Bidding Procedures

Order, parties have 10 days to respond, or November 26, 2007.  Accordingly, this Objection is

timely filed.

5.      Prior to the Petition Dates, SABIC Innovative Plastics, through its predecessor,

entered into the following integrated agreements with Delphi and Delphi Automotive Systems

LLC ("DAS") (collectively, the "Contract"):[2]

    a.      Long Term Global Contract, dated as of February 1, 2004, by and between
    DAS and General Electric Company, doing business as GE Advanced Materials;

    b.      Letter agreement, dated as of June 20, 2003, by and between Delphi
    Corporation, doing business as Delphi Safety and Interior Systems and GE Plastics
    pertaining to the GMT900 IP program; and

    c.      Letter agreement, dated as of June 25, 2002, by and between Delphi
    Corporation and GE Plastics pertaining to the Epsilon IP program.

6.      In order to implement the Contract, the Debtors issue purchase orders for the

various products covered by the Contract and then place releases against the purchase orders.

Thus, the purchase orders are a means to implement the Contract but do not constitute more than

portions of a more complete Contract.  Instead, the parties' contractual obligations are set forth

in the Contract, as identified above.

7.      The Assumption Notice identified the following eight purchase orders sent to

SABIC Innovative Plastics as "Assumed U.S. Contracts": 550026201; 550056299; 550056304;

550056302; 550056305; 550056303; 550079831; and 550060254.  In addition to the purchase

orders identified in the Assumption Notice, additional purchase orders, identified in the attached

---

[2] The Contract refers to the agreements referenced herein and any amendments thereto.

**Exhibit A**, have been issued by the Debtors to implement the Contract.  Given that as a practical matter, SABIC Innovative Plastics had only three days' notice of the Assumption Notice, SABIC Innovative Plastics continues its review of the matter but notes that additional purchase orders may have been issued by the Debtors and some of the purchase orders listed on Exhibit A may have been superseded by subsequent purchase orders. [3]

8.      As of the Petition Dates, the Debtors had failed to pay SABIC Innovative Plastics $5,402,848.11 under the Contract which was reflected in a proof of claim filed by SABIC Innovative Plastics (the "Prepetition Claim").   Notwithstanding SABIC Innovative Plastics' Prepetition Claim, the Cure Notice makes no reference to the Contract or any amounts owed to SABIC Innovative Plastics by the Debtors.

<div align="center"><strong><u>ARGUMENT</u></strong></div>

**A.      The Debtors' Assumption Notice Cannot Be Approved Because it Fails to Properly Identify the Contract Between the Parties and Fails to Assume the Entire Contract.**

9.      As set forth above, the Debtors' Assumption Notice seeks only to assume certain portions of the Contract.  The Debtors seek to assume certain purchase orders, which are not contracts, but were simply issued to implement the Contract.  This request is entirely improper.

10.     An executory contract may not be assumed in part or rejected in part. See In re Teligent, Inc., 268 B.R. 723 (Bankr. S.D.N.Y. 2001); Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996); City of Covington v. Covington Landing Ltd. Partnership, 71 F.3d 1221 (6th Cir. 1995); In re Nitec Paper Corp., 43 B.R. 492 (S.D.N.Y.

---

[3] As a practical matter, SABIC Innovative Plastics had no more than three business days to respond to the Cure Notice and Assumption Notice because: (1) the Cure Notice and Assumption Notice were filed after business hours on Friday November 16, 2007; (2) SABIC Innovative Plastics was served with the Notice papers via FedEx on Monday November 19, 2007; (3) November 22, 2007 is a Federal holiday (Thanksgiving Day) pursuant to 5 U.S.C. § 6103 (2007); and, (4) many businesses, including SABIC Innovative Plastics, are officially closed on Friday, November 23, 2007.

DETR_484301.4

1984); In re Village Rathskeller, Inc., 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992).  The debtor

must either assume the entire contract, *cum onere*, or reject the entire contract, shedding

obligations as well as benefits. In re Adelphia Bus. Solutions, Inc., 322 B.R. 51 (Bankr. S.D.N.Y.

2005); United Air Lines, Inc. v. U.S. Bankr. Trust Nat'l Ass'n (In re UAL Corp.), 346 B.R. 456

(Bankr. N.D. Ill. 2006); In re Storage Technology Corp., 53 B.R. 471 (Bankr. D. Colo. 1985)

(Section 365 requires assumption of entire agreement; debtor cannot avoid effect of this rule by

construing various parts of a transaction as separate agreements when they are clearly

interdependent).

   11. In the present case, the Debtor has tried to separate parts of a transaction when the

underlying purchase orders are clearly part of the overall Contract between the parties.  Under

Section 365, the Debtor cannot do so.  The Debtor must either assume or reject the entire

Contract.  For this reason, the Court cannot permit assumption in the manner proposed in the

Assumption Notice.

   **B.**  **To the Extent the Debtors Filed a Cure Notice Relating to the Contract with
SABIC Innovative Plastics, SABIC Innovative Plastics Objects to the Cure
Notice as Not Stating the Correct Cure Amount.**

   12. As set forth above, notwithstanding SABIC Innovative Plastics' Prepetition

Claim, the Cure Notice makes no reference to the Contract or any other amounts owed to SABIC

Innovative Plastics by the Debtors.  Upon information and belief, the Debtors have simply not

completed the cure analysis with respect to SABIC Innovative Plastics and the Cure Notice filed

on Friday November 16, 2007 applies to contracts with parties other than SABIC Innovative

Plastics.  However, given the lack of clarity on the issues, SABIC Innovative Plastics expressly

re-asserts its Prepetition Claim in the amount of $5,402,848.11 and its right to that Cure Amount

which must be paid for the Debtors to assume the Contract.  SABIC Innovative Plastics

DETR_484301.4

expressly reserves the right to contest the Cure Amount in further pleadings filed with this Court

and in further proceedings held by this Court.

## CONCLUSION

WHEREFORE, SABIC Innovative Plastics respectfully requests that the Court enter an

order (a) denying assumption in the manner proposed in the Assumption Notice, and (b)

scheduling a hearing on the matter.

<div style="margin-left: 50%;">

Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ David G. Dragich_____
Judy A. O'Neill (admitted *Pro Hac Vice*)
David G. Dragich (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for SABIC Innovative Plastics US
LLC

</div>

November 21, 2007

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Objection of SABIC Innovative Plastics US LLC to Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection With Sale of Interiors and Closures Business has been served upon the following parties by Federal Express this 21st day of November, 2007:

Delphi Corporation
5725 Delphi Drive
Troy, MI  48098
Attn:   Deputy General Counsel, Transactions
& Restructuring

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606
Attn:   Ron E. Meisler
        Brian M. Fern

Delphi Automotive Systems LLC
5725 Delphi Drive
Troy, MI  48098
Attn:   Legal Staff

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn:   Donald Bernstein
        Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY  10022
Attn:   Robert J. Rosenberg
        Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
Attn:   Bonnie Steingart

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
Attn:   Mike Ryan

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 3100
New York, NY  10004
Attn:   Alicia M. Leonhard

/s/ Veronica Crabtree_____
Veronica Crabtree
FOLEY & LARDNER LLP
500 Woodward Ave., Suite 2700
Detroit, MI  48226
Telephone:  (313) 234-7100

7

DETR_484301.4