Hearing Date: November 29, 2007 at 10:00 a.m. (Eastern Time)
Response Date and Time: November 21, 2007 at 4:00 p.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           )
In re:                                                     )    Chapter 11
                                                           )
DELPHI CORPORATION, et al.,                                )    Case No. 05-44481 (RDD)
                                                           )
            Debtors.                                       )    (Jointly Administered)
                                                           )
-----------------------------------------------------------x

## RESPONSE OF CONTRARIAN FUNDS, LLC TO DEBTORS' TWENTY-SECOND OMNIBUS CLAIMS OBJECTION

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification That Are Subject to Prior Orders, and Modified Claims Asserting Reclamation That Are Subject to Prior Orders* (the "Twenty-Second Omnibus Objection"). In support of this Response, Contrarian respectfully states as follows:

## PRELIMINARY STATEMENT

1. On October 26, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Twenty-Second Omnibus Objection.

2. In the Twenty-Second Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Twenty-Second Omnibus Objection ¶ 47).

3. Contrarian consents to the proposed modification of proof of claim number 1544 ("PoC 1544") and proof of claim number 7459 ("PoC 7459", together with PoC 1544, the "Proposed Modified Claims"), *provided however*, that these claims are allowed, in full, as proposed by the Debtors.[1]

## ARGUMENT

4. Contrarian hereby timely submits this Response to the Twenty-Second Omnibus Objection and requests that the Court overrule the Twenty-Second Omnibus Objection as set forth herein.

### A. THE TWENTY-SECOND OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".

#### 1. THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".

5. In the Twenty-Second Omnibus Objection, the Debtors ask the Court to modify PoC 1544 and PoC 7459. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce and/or reclassify the claims and to reserve the Debtors' ability later to seek disallowance. This request must be denied because there is no statutory or other

---

[1] In their Twenty-Second Omnibus Objection, the Debtors also seek to expunge proof of claim number 10389 ("PoC 10389"), alleging that it asserts a liability or dollar amount that is not owing pursuant to the Debtors' books and records. Pursuant to the Joint Stipulation and Agreed Order between Contrarian, Debtors and ARAMARK Uniform & Career Apparel, Inc. [Docket No. 9222] (the "Stipulation") approved on September 4, 2007, the Debtors have indicated that they will withdraw their objection to PoC 10389. A true and correct copy of the Stipulation is attached hereto as Exhibit "A". Contrarian expressly reserves any and all rights it may have in the event that the Debtors fail to withdraw their objection to PoC 10389.

authority justifying such relief. Indeed, the Debtors have cited none in the Twenty-Second Omnibus Objection, or otherwise.

6. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

7. The Debtors have *not* refuted the allegations essential to the Proposed Modified Claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

    **2.**    **POC 1544.**

8. As set forth in the Notice of Transfer filed February 2, 2007 (the "February Notice of Transfer") [Docket No. 6820], Contrarian is the transferee of the scheduled amount of PoC 1544, originally held by Great Northern Transportation Company, Inc. At that time, only the scheduled amount was transferred to Contrarian, however, on November 9, 2007, Contrarian

filed a Notice of Transfer of PoC 1544 (the "November Notice of Transfer") [Docket No. 10872] and became the record holder of PoC 1544 entitled to any distributions arising therefrom. True and correct copies of the February Notice of Transfer and the November Notice of Transfer are attached herein as exhibits "B" and "C", respectively.

9. In the Twenty-Second Omnibus Objection, the Debtors propose modifying PoC 1544, which was asserted as a $49,857.50 priority claim against Delphi Corporation ("Delphi Corp."), into a $46,497.50 unsecured claim against Delphi Automotive Systems LLC ("DAS"). Contrarian consents to such modification, *provided however*, that the Court enter an Order allowing PoC 1544 as proposed. If the Court does not so allow PoC 1544, Contrarian opposes any modification to this claim.

### 3.    POC 7459.

10. As set forth in the PoC 7459 Notice of Transfer (the "PoC 7459 Notice of Transfer") [Docket No. 8999] filed August 9, 2007, Contrarian is the transferee of PoC 7459, originally held by Thomas Engineering Company. A true and correct copy of the PoC 7459 Notice of Transfer is attached hereto as Exhibit "D".

11. In the Twenty-Second Omnibus Objection, the Debtors propose modifying PoC 7459, which was asserted as a $100,819.04 unsecured claim against Delphi Corp., into a $93,373.95 unsecured claim against DAS. Contrarian consents to such modification, *provided however*, that the Court enter an Order allowing PoC 7459 as proposed. If the Court does not so allow PoC 7459, Contrarian opposes any modification to this claim.

12. Contrarian reserves the right to amend or supplement this Response.

## CONCLUSION

WHEREFORE Contrarian requests that the Court enter an Order (i) overruling the Twenty-Second Omnibus Objection to the extent set forth herein; (ii) allowing PoC 1544 as a $46,497.50 unsecured claim against DAS; (iii) allowing PoC 7459 as a $93,373.95 unsecured claim against DAS; and (iv) granting Contrarian such other and further relief as is just proper.

Dated: November 21, 2007
      New York, New York

                                     KASOWITZ, BENSON, TORRES
                                       & FRIEDMAN LLP

                                     By:  /s/ Jeffrey R. Gleit
                                     David S. Rosner (DR-4214)
                                     Adam L. Shiff (AS-7571)
                                     Jeffrey R. Gleit (JG-8710)
                                     Daniel A. Fliman (DF-2236)
                                     1633 Broadway
                                     New York, NY 10019
                                     Telephone:   (212) 506-1700
                                     Facsimile:    (212) 506-1800

                                     *Counsel for Contrarian Funds, LLC*