SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :
        In re                               :   Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :   Case No. 05-44481 (RDD)
                                            :
                        Debtors.            :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER RELATED TO LIMITED OBJECTION OF
CONTRARIAN FUNDS, LLC TO DEBTORS' NOTICE OF CURE AMOUNT WITH
RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED
AND ASSIGNED IN CONNECTION WITH THE SALE OF CATALYST BUSINESS

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, including ASEC Manufacturing General Partnership ("ASEC") (collectively, the "Debtors"), Aramark Uniform and Career Apparel Inc. ("ARAMARK"), and Contrarian Funds, LLC. ("Contrarian") respectfully submit this Joint Stipulation And Agreed Order Related To Limited Objection Of Contrarian Funds, LLC To Debtors' Notice Of Cure Amount With Respect To Executory Contract Or Expired Lease To Be Assumed And Assigned In Connection With The Sale Of Catalyst Business (Docket No. 8877) (the "Limited Objection") and agree and state as follows:[1]

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, prior to the Petition Date, certain of the Debtors and ARAMARK had entered into that certain Purchase Order No. 18316 (the "Purchase Order") under which ARAMARK would provide employee uniforms and accessories to such Debtors.

WHEREAS, on February 15, 2006, Contrarian filed an Omnibus Notice of Transfer of Claim Pursuant to Fed. R. Bankr. P. 3001(e)(1) reflecting that ARAMARK had transferred to Contrarian certain claims against the Debtors, including, but not limited to, prepetition claims related to the Purchase Order (Docket No. 2339).

WHEREAS, on July 24, 2006, Contrarian filed proof of claim number 10389 against ASEC, which asserts an unsecured non-priority prepetition claim related to the Purchase Order in the amount of $11,532.14 (the "Claim").

---

[1] Capitalized terms used herein but not otherwise defined, shall have the meaning ascribed to such terms in the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing, dated June 29, 2007 (Docket No. 8436) (the "Bidding Procedures Order").

2

WHEREAS, on or about July 24, 2007, the Debtors served a Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Catalyst Business ("Notice"). The Notice stated, among other things, that the Debtors seek to assume and assign the Purchase Order to Umicore, and that the cure amount associated with the assumption of the Purchase Order is $0.00.

WHEREAS, on August 3, 2007, Contrarian filed a Limited Objection to the Debtors' Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Catalyst Business (Docket No. 8877) (the "Limited Objection"), in which Contrarian objected to the Debtors' position that the cure amount related to the Purchase Order was $0.00.

WHEREAS, on August 16, 2007, the Court entered an Order Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All The Assets Of The Catalyst Business Of Certain Of The Debtors Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities (Docket No. 9111) (the "Sale Approval Order"). The Sale Approval Order adjourned the Limited Objection to the September 6, 2007 claims hearing.

THEREFORE, the Debtors, Contrarian, and ARAMARK stipulate and agree as follows:

1.    Upon the Debtors' assumption and assignment of the Purchase Order, ASEC shall pay a cure amount of $11,532.14 (the "Cure Amount") directly to Contrarian consistent with the terms of the Sale Approval Order. ARAMARK does not contest ASEC's

payment of the Cure Amount to Contrarian. Upon ASEC's payment of the Cure Amount to Contrarian, the Claim shall hereby be deemed withdrawn with prejudice.

2. ARAMARK and Contrarian hereby acknowledge that upon ASEC's payment of the Cure Amount to Contrarian, ARAMARK and Contrarian each shall be forever barred from asserting any other claim related to the Purchase Order arising at any time prior to and including the date of this Stipulation against either the Debtors or Umicore (except for those postpetition invoices of ARAMARK that are to be paid in the ordinary course of business). To the extent that either ARAMARK or Contrarian have already asserted claims against any of the Debtors related to the Purchase Order, such claims shall be hereby deemed withdrawn with prejudice.

3. Except as otherwise provided for in this stipulation, the allowance and payment of the Cure Amount upon assumption and assignment of the Purchase Order by the Debtors does not impact the $367,359.35 claim Contrarian filed against Delphi Automotive Systems LLC (Proof of Claim No. 10390) or any other claims filed by Contrarian against any of the Debtors.

4. Upon the Court's approval of this Stipulation, Contrarian shall be deemed to have withdrawn with prejudice the Limited Objection.

5. Prior to the Closing Date, the Debtors may amend their decision with respect to the assumption and assignment of the Purchase Order and provide a new notice to Contrarian and ARAMARK amending the information related to the assumption and assignment of the Purchase Order.

So Ordered in New York, New York, this 4th day of September, 2007

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Ron E. Meisler
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

– and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

/s/ Sheila R. Schwager
Sheila R. Schwager
HAWLEY, TROXELL, ENIS & HAWLEY
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83702
(208) 344-6000

Attorney for ARAMARK Uniform & Career
Apparel, Inc.

/s/ Daniel A. Fliman
David S. Rosner
Adam L. Shiff
Jeffrey R. Gleit
Daniel A. Fliman
KASOWITZ, BENSON, TORRES &
  FREIDMAN LLP
1633 Broadway
New York, NY 10019

Attorneys for Contrarian Funds, LLC

5