Darryl S. Laddin (DL-5130)  Hearing Date: November 29, 2007
Frank N. White (Ga. Bar No. 753377)  Time: 10:00 a.m.
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500

Attorneys for Verizon Services Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
In re                                                          :   Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                                    :   Case No. 05-44481 (rdd)
                                                               :
                    Debtors.                                   :   (Jointly Administered)
---------------------------------------------------------------X

**REPLY BRIEF IN SUPPORT OF VERIZON SERVICES CORP.'S MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO MOBILEARIA SALE ORDER**

Verizon Services Corp. ("Verizon") hereby submits this Reply Brief in support of its Motion (the "Motion") seeking an Order directing Debtor MobileAria, Inc. ("MobileAria") to pay to Verizon immediately the sum of $497,532.61, respectfully showing the Court as follows:

**PROCEDURAL POSTURE**

1.  As an initial matter, Verizon notes that MobileAria, in its Objection to the Motion, purports to dispute certain of the factual allegations on which the Motion is based. (It also makes some critical factual admissions, however, as explained below.) MobileAria then requests that the Court, on that basis alone, enter an order denying the Motion. As a matter of procedure, such a request is unfounded.

2.  This is a contested matter under Bankruptcy Rule 9014(a). As such, and pursuant to Bankruptcy Rule 9014(c), it is governed by a number of the Federal Rules of Civil Procedure

2263655v2

that are incorporated and made applicable to adversary proceedings in Part VII of the Bankruptcy Rules, including the rules pertaining to the taking of discovery. Pursuant to Bankruptcy Rule 9014(d), disputed issues of fact are also to be determined after presentation of witness testimony as would occur in an adversary proceeding. Accordingly, and given that the parties' opposing positions on the Motion are based so extensively on disputed and complex issues of fact, as MobileAria's Objection makes abundantly clear,[1] the Motion can only be adjudicated after the parties are afforded an opportunity to conduct relevant discovery and the Court then conducts an evidentiary hearing.

3. For these reasons, Verizon submits that the Court should utilize the hearing time currently set for November 29 as a scheduling conference, and on that occasion set dates for the completion of discovery, any further briefing and a final evidentiary hearing on the Motion. In this regard, and due to the intervening holiday season, Verizon suggests that the Court set a schedule requiring completion of discovery by March 31, 2008, with further briefing deadlines and a hearing date to follow as appropriate.

## DISCUSSION OF THE OBJECTION

### A.     Overage Charges

4. On the subject of the Overage Charges, which comprise the largest portion of Verizon's claim, MobileAria has apparently determined to mischaracterize and contort Verizon's allegations into something it thinks it can address, rather than dealing with the facts as Verizon has actually pleaded them.

---

[1] In short, while there remains no question that Verizon is entitled to the relief requested in the Motion, the Motion cannot possibly be adjudicated as a matter of law. The Debtors' Objection does nothing other than purporting to dispute Verizon's factual allegations. It fails to cite even a single case or other legal authority, and the

5.  MobileAria purports to characterize this dispute as turning on which party was "responsible for selecting . . . and arranging . . . the wireless service plans that were activated for the GPS Units" at issue. (Objection at ¶¶ 2, 4, 11-12.) But the issues raised in the Motion are not determined simply by who had responsibility for arranging wireless service or selecting wireless service plans. As plainly set forth in the Motion, Verizon clearly communicated to MobileAria, at the outset of the project, that the majority of GPS Units would be activated under a 2 Meg Plan, and thus required to transmit no more than two megabytes of data per month in the course of their operation. As specifically alleged in the Motion, "MobileAria was aware at all relevant times that the GPS units would be activated under the 2 Meg Plan and therefore would need to, and should, transmit no more than two megabytes of data per month." (Motion at ¶ 14.) This was a critical, cost-sensitive functionality that Verizon had obtained from its prior vendor of GPS units, and that MobileAria was expressly required to match. The ability of the GPS Units to operate within a 2 Meg Plan was thus both a key cost component for the GPS project and a fundamental specification for the design, manufacture and operation of the units of which MobileAria was well-aware from the beginning. It also was a performance threshold that MobileAria assured Verizon the GPS Units would meet.

6.  In this regard, the lengthy discussion in the Objection regarding which party was purportedly responsible for contacting a wireless carrier to arrange for provision of service to the GPS Units (Objection at ¶ 11) and which party was responsible for selecting the wireless plan to be activated for the units (id. at ¶ 12-16) is revealed to be a completely irrelevant "red herring."[2] The ability of most of the units to transmit no more than two megabytes of data per month was a

---

one contractual provision to which it briefly refers is not even relevant to the issues raised in the Motion. (*See* footnote 2 below.)

[2]  Ultimately, too, Mobile Aria admits in its Objection that it was the party that actually facilitated activation of wireless service to the GPS Units at issue. (Objection at ¶¶ 14-15.)

preordained specification, and the subsequent activation of the units under a 2 Meg Plan – regardless of who actually communicated it to the carrier as each unit came online– was nothing more than the implementation of service to the units under the fundamental specification mandated by Verizon at the outset, and based on MobileAria's commitment and assurances that the units would perform in compliance with that standard.[3]

7.      MobileAria next asserts that it cannot be responsible for the Overage Charges because it "was not responsible for, and . . . did not control, the amount of data transmitted to and from each GPS Unit." (Objection at ¶ 17.) This contention is patently and demonstrably false. First, and as an essential specification of the project at the outset – fundamental, in fact, to Verizon's decision to do business with MobileAria and deploy its units in the first instance – MobileAria committed to design and manufacture GPS Units that would transmit no more than two megabytes of data per month in the course of their operation. Second, the evidence will show that it was MobileAria that determined to have the units transmit data over the Internet (rather than over a dedicated line), that decided to encrypt the data to maintain its security, and that selected the encryption technology that was utilized. Verizon agreed to these decisions by MobileAria only with the understanding, at all times, that the data budget would remain within the required two megabyte per month limit. Third, and as <u>MobileAria readily admits elsewhere in the Objection</u>, it ultimately was able was able to remedy the problem and reduce the transmission of data in the relevant units to fewer than two megabytes per month. (Objection at

---

[3]     MobileAria's reference in paragraph 11 of the Objection to Attachment B-3 of the GPS Agreement, which merely provides that Verizon will contact a wireless carrier to arrange for provisioning of service to the GPS Units as they come online, thus has no relevance whatsoever to the issues presented by the Motion. Moreover, MobileAria admits elsewhere in the Objection that <u>it</u> was the party that actually facilitated activation of the GPS Units as they were deployed and installed. (Objection at ¶ 14.) And although MobileAria claims that it took these actions "[a]s a customer courtesy" only, and based solely on "Verizon's instructions," (<u>id.</u> at ¶¶ 14-15), any such instructions were based entirely on MobileAria's assurances that the GPS Units had been manufactured and designed, and would perform, in compliance with the essential specifications that Verizon had mandated at the outset.

¶ 22.)  Although MobileAria characterizes this fix as an "enhance[ment]" of the software and encryption method that it performed – again – as a so-called "customer courtesy" (id.), it was in fact a remediation that brought the GPS Units in compliance with Verizon's original specifications and MobileAria's assurances about how the units would perform from the outset. MobileAria's admitted ability eventually to get data transmission by the units within the maximum two megabyte threshold also directly belies its contention (Objection at ¶ 17) that it had no control over the volume of data transmitted to and from the GPS Units at issue.

       8.     MobileAria also makes the additional, inaccurate contention that Verizon has never provided any explanation or support for its calculation of the various charges at issue in the Motion.  (Objection at ¶ 23.)  This assertion is simply untrue.  Well prior to the filing of the Motion, Verizon provided substantial information responsive to requests made by MobileAria. In addition, by e-mail dated October 26, 2007, counsel for Verizon also provided detailed back-up for all of Verizon's calculations to counsel for MobileAria.  MobileAria has never explained why, or even if, the detail provided by Verizon is supposedly unsatisfactory.

       9.     Finally, MobileAria asserts that the $86,017.82 previously paid to Verizon was not on account and in acknowledgement of the Overage Charges.  (Objection at ¶ 24.)  That statement is inaccurate, and correspondence between MobileAria and Verizon indicates to the contrary.

### B.    Misactivation Charges

      10.    Verizon stands by its calculation of $164,672.32 in Misactivation Charges, and MobileAria has offered no specific explanation for its differing calculation, much less any detail, purported methodology or evidence to support it.  At the same time, MobileAria's contention that it has "repeatedly asked Verizon" for supporting detail on its calculations, but that "Verizon

has not complied" (Objection at ¶ 27), is again incorrect.  Verizon provided substantial information responsive to requests made by MobileAria prior to filing its Motion, and by e-mail on October 26, 2007, counsel for Verizon provided detailed back-up for all of Verizon's calculations to counsel for MobileAria.  MobileAria has never indicated that any of the detail provided by Verizon is in any way unsatisfactory.

### C.    Overactivation Charges

11.    Finally, with regard to the Overactivation Charges that Verizon seeks to recover, MobileAria's factual contentions are inaccurate, as discovery and presentation of evidence to the Court will confirm.

12.    As an initial matter, MobileAria admits that "[t]he majority of the Overactivation Charges were the result of 954 missed installations during the initial roll-out," and appears to concede that at least 290 of those missed installations – *i.e.*, those other than the 664 that it claims were "caused by Verizon" – were caused by MobileAria.  (Objection at ¶ 30.)

13.    In addition, discovery and witness testimony will reveal that MobileAria's contention regarding Verizon's responsibility for the remaining missed installations is not borne out by the evidence.

WHEREFORE, for the foregoing reasons, Verizon respectfully prays:

(a)    that the Court utilize the hearing time currently set for November 29 as a scheduling conference, and on that occasion set dates for the completion of discovery by March 31, 2008, any further briefing and a final evidentiary hearing on the Motion; and

(b) that the Court, at the completion of the final evidentiary hearing, grant Verizon's Motion, order MobileAria immediately to pay to Verizon the sum of $497,532.61, together with pre-judgment interest allowable under applicable law, and grant Verizon such other and further relief as may be just and proper.

This 21st day of November, 2007.

                                      Respectfully submitted,

                                      ARNALL GOLDEN GREGORY LLP

                                      By: /s/Darryl S. Laddin
                                            Darryl S. Laddin (DL-5130)
                                            Frank N. White (Ga. Bar. No. 753377)
                                            171 17th Street, NW, Suite 2100
                                            Atlanta, Georgia  30363
                                            (404) 873-8500

                                      Attorneys for Verizon

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document by causing a true and correct copy to be sent by Federal Express overnight delivery service, addressed as follows:

| | |
|---|---|
| Delphi Corporation<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, Michigan  48098 | John Wm. Butler, Jr., Esq.<br>Skadden, Arps, Slate, Meagher<br>   & Flom LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL  60606 |
| Donald Bernstein, Esq.<br>Brian Resnick, Esq.<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York  10017 | Robert J. Rosenberg, Esq.<br>Mark A. Broude<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, New York  10022 |
| Bonnie Steingart, Esq.<br>Fried, Frank, Harris, Shriver<br>   & Jacobson LLP<br>One New York Plaza<br>New York, New York  10004 | Alicia M. Leonhard, Esq.<br>Office of the U.S. Trustee for the<br>   Southern District of New York<br>33 Whitehall Street, Suite 2100<br>New York, New York  10004 |

Dated:  November 21, 2007

/s/Darryl S. Laddin
Darryl S. Laddin

2263655v2