HONIGMAN MILLER SCHWARTZ AND COHN LLP
E. Todd Sable (Mich. Bar P54956)
Admitted *pro hac vice*
Seth A. Drucker (Mich. Bar P65641)
Admitted *pro hac vice*
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506

Attorneys for Valeo Climate Control Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK


------------------------------------------------------ x
                                              :
             In re                            :        Case No.: 05-44481
                                              :
DELPHI CORPORATION, *et al*.,                 :        Chapter 11
                                              :
             Debtors.                         :        (Jointly Administered)
------------------------------------------------------ x

**OBJECTION OF VALEO CLIMATE CONTROL CORPORATION TO
DEBTORS' NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN
CONNECTION WITH THE SALE OF INTERIORS AND CLOSURES
BUSINESSES**

Valeo Climate Control Corporation ("Valeo") files this objection (the
"Objection") to the Debtors' Notice of Cure Amount with Respect to Executory Contract
or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors
and Closures Businesses [D.I. 10962] (the "Notice")[1] because the Cure Amount which
the Debtors propose to pay to Valeo is less than the full amount of Valeo's prepetition
claim.  In support of its Objection, Valeo states as follows:

---
[1] Capitalized terms not defined herein have the meanings given to them in the Notice.

## Background

1.      On or about April 13, 2004, one of the Selling Debtor Entities ("Delphi") and Valeo entered into an agreement pursuant to which Valeo agreed to sell certain goods to Delphi, and Delphi agreed to purchase those goods from Valeo.  This agreement was memorialized, at least in part, by Delphi Purchase Order Number 550054579 (the "Contract").[2, 3]   As of October 8, 2005 (the "Petition Date"), the Contract was an executory contract within the meaning of Section 365 of the Bankruptcy Code.

2.      Valeo continues to sell goods to Delphi pursuant to the Contract.

3.      As of the Petition Date, according to Valeo's books and records, Delphi owed Valeo $506,709.63 on account of goods sold by Valeo to Delphi prepetition pursuant to the Contract.

4.      On July 27, 2006, Valeo filed its proof of claim in these bankruptcy cases, which the Court docketed as proof of claim number 11462 (the "Claim").  In its Claim, Valeo asserts a general unsecured claim in the amount of $506,709.63 for amounts owing to Valeo on account of goods sold by Valeo to Delphi prepetition.  Valeo attached to the Claim copies of the Contract and each outstanding prepetition invoice for goods sold to Delphi prepetition for which Delphi has not made payment to Valeo.  Also attached to the Claim is an addendum stating that a portion of the Claim is entitled to priority status as a reclamation claim.

---

[2] The Debtors identify the Contract as "Purchase Order Number D0550054579" in Exhibit 1 to the Notice.

[3] Nothing in this Objection is intended as nor should be construed to be an admission by Valeo that the purchase order issued by Delphi was or is the final embodiment of the subject agreement between Delphi and Valeo.  Valeo reserves all of its rights, claims and defenses with respect to the enforcement, interpretation, or validity of the Contract.

5.      Pursuant to the Court's Amended Final Reclamation Order [D.I. 881] dated November 4, 2005, Delphi and Valeo engaged in a reconciliation process and agreed in a "Statement of Reclamation" dated October 30, 2006, that $156,725.41 of Valeo's general unsecured claim should be re-classified as an allowed priority claim (the "Priority Claim").  *See* Exhibit A.  The Statement of Reclamation does not address the remainder of the Claim, which equals $349,984.22 (the "General Unsecured Claim").

6.      On May 22, 2007, the Debtors filed their Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(e) and Federal Rule of Bankruptcy Procedure 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on the Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claims, and (D) Claims Subject to Modification, Tax Claims Subject to Modification and Modified Claims Asserting Reclamation (the "Claim Objection") [D.I. 7999], objecting to the Claim under the section of the Claim Objection entitled "Claims Subject to Modification."  Claim Objection at ¶ 33.

7.      In the Claim Objection, Delphi seeks entry of an Order (i) modifying the Claim to reflect the agreed upon amount of the Priority Claim and (ii) expunging the General Unsecured Claim in its entirety.  Claim Objection at Schedule D-3, p. 10.

8.      On June 18, 2007, Valeo filed its Response in Opposition to the Claim Objection (the "Response") [D.I. 8278], because (i) Delphi did not allege a substantive basis or produce any evidence to support its assertion that Valeo's General Unsecured

Claim is invalid and (ii) Valeo's books and records do not reflect that the Debtors have paid the prepetition invoices attached to the Claim.[4]  Response at ¶¶ 6-9.

9.        On November 16, 2007, Delphi filed the Notice and the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection with the Sale of Interiors and Closures Businesses [D.I. 10963].  Delphi asserts in Exhibit 1 of the Notice that the Cure Amount associated with the Contract is $252,143.57.  The Notice provides no explanation as to how Delphi calculated the Cure Amount.

### Objection

10.        Section 365 of the Bankruptcy Code governs the assumption and assignment of executory contracts.  Section 365(b)(1) provides in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the Trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any pecuniary loss to such party from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11.        Pursuant to the clear mandate of Section 365(b)(1), Delphi must cure all defaults under the Contract before it may assume and assign the Contract.

---

[4] As of the date of this Objection, the Debtors have not served a Notice of Claims Objection Hearing with respect to the Claim; and, while Valeo and the Debtors have engaged in discussions regarding the Claim and the Claim Objection, they have not resolved the Claim Objection.

4

12.      The Cure Amount proposed by Delphi in the Notice is substantially less than the amount of the Claim.  The actual amount required to cure the prepetition arrearage owing to Valeo with respect to the Contract is the sum of the Priority Claim ($156,725.41) and Valeo's remaining General Unsecured Claim.  The attachments to the Claim and Statement of Reclamation include documentation in support of Valeo's calculation of the Claim.[5, 6]

13.      Valeo reserves the right to supplement or amend this Objection based on the structure and terms of the final sale transaction contemplated in the Notice, and based upon any postpetition defaults under the Contract.  Valeo also reserves the right to object to the assumption and assignment of the Contract on the basis of lack of adequate assurances of future performance of the Contract.

WHEREFORE, Valeo requests that the Court condition Delphi's assumption and assignment of the Contract upon payment in full to Valeo of (i) the prepetition Claim and (ii) all postpetition amounts owing to Valeo under the Contract, and grant to Valeo such other and further relief as is just and equitable in the circumstances.

---

[5]  These documents are not necessarily exhaustive of the documents in support of Valeo's Claim and Valeo reserves the right to submit other documents and evidence in support of the Claim.

[6]  Valeo has not attached a copy of the Claim to this Objection.  Valeo has filed a copy of the Claim in these bankruptcy cases.

HONIGMAN MILLER SCHWARTZ AND
COHN LLP


By:    /s/ E. Todd Sable
        E. Todd Sable (Mich. Bar P54956)
        Admitted *pro hac vice*
        Seth A. Drucker (Mich. Bar P65641)
        Admitted *pro hac vice*
        2290 First National Building
        660 Woodward Ave., Suite 2290
        Detroit, MI  48226-3506
        Telephone:  (313) 465-7000
        Facsimile:  (313) 465-7627
        Email:  sdrucker@honigman.com
               tsable@honigman.com

Attorneys for Valeo Climate Control
Corporation


Dated:  November 21, 2007

DETROIT.2876220.3

6

# EXHIBIT A





October 30, 2006

James Sliker
Valeo Climate Control Corporation
3000 University Drive
Auburn Hills, MI 48326

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear James Sliker:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Valeo Climate Control Corporation (the "Demand"). We have identified your Demand as Reclamation Claim No. 125. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 125 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Valeo Climate Control Corporation
October 30, 2006
Page 2

Reconciled Amount $156,725.41

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is $156,725.41 subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[i]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[i]     The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Valeo Climate Control Corporation
October 30, 2006
Page 3

Reconciled Amount $156,725.41

    (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

    The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

    Notwithstanding Valeo's agreement to the Debtors' Amended Statement of Reclamation (the "Agreement") or anything in the Order to the contrary, if the Debtors or any other party in interest objects to the Agreement or the Demand, based on any of the Reserved Defenses or for any other reason, then the Agreement, including, but not limited to the Reconciled Amount, shall be of no force or effect whatsoever and neither the Agreement nor the parties' negotiations or data and information exchanged in connection with such negotiations shall be admissible into evidence or otherwise presented in any hearing, trial or proceeding for any purpose, and shall not be deemed an admission or acknowledgment for any purpose. If Debtors or any other party in interest objects to the Agreement or the Demand, then Valeo may assert, prosecute and defend the Demand on any basis whatsoever and in the face amount reflected in the Demand as if the Agreement had not been made.

    If you agree with the Reconciled Amount and the other terms of this Amended Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below. Your response, including the timing of your response, is governed by the terms of the Order. If you disagree with this Amended Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

        Christina Cattell
        Re: Delphi Reclamations
        Mail Code # 483-400-216
        5725 Delphi Drive
        Troy, MI 48098
        Fax: 248-813-2499

            - with copies to –

        Joseph N. Wharton
        Re: Delphi Reclamations

3

Valeo Climate Control Corporation
October 30, 2006
Page 4

Reconciled Amount $156,725.41

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other
demand for reclamation. Moreover, nothing herein shall waive, impair or affect the
rights and defenses, if any, of any parties in interest with regard to your Reclamation
Claim.

If you have any questions, please send them via email to
reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Valeo Climate Control Corporation
October 30, 2006
Page 5

Reconciled Amount $156,725.41

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Valeo
Climate Control Corporation agrees to the terms of this Amended Statement of
Reclamation.

Valeo Climate Control Corporation

By: _____
(signature)

Dated: _____

CYRIL BESSIÈRES
(print or type name)

TREASURER
(print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Valeo
Climate Control Corporation disputes the terms of this Amended Statement of
Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the
Order.

Valeo Climate Control Corporation

By: _____
(signature)

Dated: _____

_____
(print or type name)

_____
(print or type title)