GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)

- and -

GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
(617) 570-1330
Gina Lynn Martin (GM 1324)

Attorneys for Caspian Capital Advisors, LLC;
Castlerigg Master Investments Ltd.;
CR Intrinsic Investors, LLC; Davidson
Kempner Capital Management LLC; Elliott
Associates, L.P.; Nomura Corporate Research &
Asset Management, Inc; Sailfish Capital
Partners, LLC; and Whitebox Advisors, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                    Debtors.                                :    (Jointly Administered)
------------------------------------------------------------x

**EX PARTE MOTION FOR ORDER AUTHORIZING CASPIAN CAPITAL ADVISORS, LLC; CASTLERIGG MASTER INVESTMENTS LTD.; CR INTRINSIC INVESTORS, LLC; DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH & ASSET MANAGEMENT, INC; SAILFISH CAPITAL PARTNERS, LLC; AND WHITEBOX ADVISORS, LLC TO FILE IN REDACTED FORM AND UNDER SEAL A SUPPLEMENTAL OBJECTION TO EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§105(a), 363(b), 503(b) and 507(a) AUTHORIZING AND APPROVING AMENDMENT TO DELPHI-APPALOOSA EQUITY PURCHASE AND COMMITMENT AGREEMENT**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC or any respective affiliates thereof or funds and accounts directly managed by each of the foregoing (each, a "Creditor"), each in their individual capacity as a creditor of Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the "Debtors"), and collectively substantial creditors thereof, by and through their counsel, Goodwin Procter LLP, hereby submits this ex parte motion (the "Ex Parte Motion") for the entry of an order granting the Creditors leave to file under seal a supplemental objection (this "Supplemental Objection") to the expedited motion, of the above-captioned debtors and debtors in possession (the "Debtors") for an order under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) authorizing and approving amendment to Delphi-Appaloosa Equity Purchase and Commitment Agreement [Docket No. 10760]. In support of this motion, each Creditor respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005, each of the Debtors commenced these cases (the "Cases") under chapter 11 of title 11, United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Cases have been consolidated for administrative purposes only, but have not been substantively consolidated.

2. On July 18, 2007, the Debtors filed their Motion for Order Authorizing and Approving Delphi-Appaloosa Investment Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§105(a), 363(b), 503(b), and 507(a), dated July 18, 2007 [Docket No. 8673] (the "Delphi-Appaloosa EPCA").

2

3. On August 2, 2007, the Delphi-Appaloosa EPCA Motion was approved by this Court (the "Original EPCA Order").

4. On October 30, 2007, the Debtors filed the Expedited Motion For Order Under 11 U.S.C. Sections 105(a), 363(b), 503(b), And 507(a) Authorizing And Approving Amendment To Delphi-Appaloosa Equity Purchase And Commitment Agreement [Docket No. 10760] (the Amended EPCA Motion").

5. On November 2, 2007, the Creditors filed an objection to the Amended EPCA Motion [Docket No. 10800]. Other parties in interest also filed various objections to the Amended EPCA Motion.

6. On November 7, 2007, this Court entered the Second Supplemental Order (A) Establishing Revised Hearing Date and Related Procedures on Disclosure Statement and Solicitation Procedures Motion and (B) Setting Hearing Date and Related Procedures for Motion to Amend Investment Agreement (the "Scheduling Order") [Docket No. 10864], pursuant to which the Debtors were to use commercially reasonable efforts to file notice of further amendments to the Delphi-Appaloosa EPCA, on November 16, 2007. Under the Scheduling Order, parties in interest were given until 4:00 p.m. on November 21, 2007 to file further objections to the Amended EPCA Motion.

7. On November 14, 2007, the Debtors filed the Notice of Further Amendments To Debtors' Disclosure Statement With Respect To Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession and Certain Appendices and Exhibits Related Thereto. Attached thereto as an exhibit was the Restated First Amendment

3

to Delphi-Appaloosa EPCA.[1] As of the date hereof, the Debtors have not filed a revised or supplemental Amended EPCA Motion.

8. On or about November 9, 2007, the Creditors and the Debtors entered into a Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with Expedited Motion for Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b), and 507(a), Authorizing and Approving Amendment to Delphi- Appaloosa Equity Purchase and Commitment Agreement (the "Protective Order").[2] Pursuant to the Protective Order, the Debtors provided counsel for the Creditors with certain discovery, all of which was designated Highly Confidential by the Debtors.

9. On November 19, 2007, a deposition of Mr. John Sheehan was conducted. Mr. Sheehan's deposition testimony remains subject to designation as Highly Confidential by the Debtors.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this Ex Parte Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory and rule predicates for the relief sought in this Motion are section 107 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

11. By this Ex Parte Motion, the Creditors seek authority, pursuant to section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, General Order #M-242 of this Court, and the

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Amended EPCA Motion.

[2] A copy of the Protective Order is attached hereto as Exhibit A.

4

Protective Order, to file the Supplemental Objection in redacted form and/or under seal. The Creditors request that, pursuant to Bankruptcy Rule 9018, the Court grant the Ex Parte Motion without the need for a hearing.

12. The Creditors request that the Court allow them to file the Supplemental Objection electronically in redacted form and thereafter file the Supplemental Objection under seal. The Creditors will serve the unredacted Supplemental Objection on (a) the Court, (b) counsel to the Debtors, and (d) any other parties pursuant to a protective order as ordered by the Court. The Creditors would serve the redacted Supplemental Objection on other appropriate parties.

## BASIS FOR RELIEF REQUESTED

13. The Supplemental Objection contains references to information produced by the Debtors pursuant to the Protective Order, as well as references to the testimony of John Sheehan given at his deposition on November 19, 2007. Such information has been or may be designated by the Debtors to be Highly Confidential. In addition, the Supplemental Objection contains conclusions drawn by the Creditors' professionals based on their review of information provided pursuant to the Protective Order as well as Mr. Sheehan's testimony. Although the Creditors do not admit the propriety of the Debtors' designation of any information as Highly Confidential and reserve their rights to object to any such designation, the Creditors seek to perform under the agreed Protective Order by requesting the relief herein.

## APPLICABLE AUTHORITY

14. Section 107 of the Bankruptcy Code allows a court, on request of a party in interest or on its own motion, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Procedurally,

pursuant to Bankruptcy Rule 9018, the court may make "any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

15.     Implicit in the Debtors' designation of the information provided to the Creditors pursuant to the Protective Order as Highly Confidential is the concern on the part of the Debtors that such information may be of the type specified in section 107(b) of the Bankruptcy Code. Thus, according to the Debtors, public dissemination of such information could harm the estate. In making this motion, the Creditors do not agree to the Debtors' designation, and they reserve their rights to object to the designations and to seek to have the Court approve the unsealing of the Supplemental Objection. As such, the Creditors request that the Court grant the Ex Parte Motion to allow the Creditors to file the Supplemental Objection while remaining in compliance with the Protective Order.

## WAIVER OF MEMORANDUM OF LAW

16.     Because this Objection presents no novel issues of law and the authorities relied upon are set forth herein, each Creditor respectfully requests that the Court waive the requirement of filing a separate memorandum of law in support of this Objection pursuant to L.B.R. 9013-1(b).

## NOTICE

17.     Bankruptcy Rule 9018 provides that the Ex Parte Motion may be made "with or without notice." The Creditors request that the Court grant the Ex Parte Motion without notice and without the need for a hearing so that the Creditors may file the Supplemental Objection prior to the objection deadline. In light of the nature of the relief requested, the Creditors submit that no other or further relief is necessary.

## **NO PRIOR REQUEST**

18.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, each Creditor respectfully requests entry of an order, pursuant to Section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, General Order #M-242 of this Court, and the Protective Order, substantially in the form attached hereto as Exhibit A (a) authorizing the Creditors to file the Supplemental Objection in redacted form and/or under seal and (b) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 21, 2007

GOODWIN PROCTER LLP

By:  /s/ Allan S. Brilliant
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

- and -

GOODWIN PROCTER LLP
Gina Lynn Martin (GM 1324)
Exchange Place
Boston, Massachusetts 02109
(617) 570-1330

Attorneys for Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

|  |  |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

## STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN CONNECTION WITH EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 503(b), AND 507(a) AUTHORIZING AND APPROVING AMENDMENT TO DELPHI-APPALOOSA EQUITY PURCHASE AND COMMITMENT AGREEMENT

This stipulation and agreed protective order is entered into and submitted to the Court in accordance with the agreement of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), on the one hand, and Caspian Capital Advisors, LLC, Castlerigg Master Investments Ltd., Davidson Kempner Capital Management LLC, Elliott Associates, L.P., Gradient Partners, L.P., Sailfish Capital Partners, LLC, and Whitebox Advisors, LLC or their respective affiliates (collectively, the "Objectors"), on the other hand (the Debtors and the Objectors being collectively the "Parties"), that discovery requested and other information provided in connection with the Debtors' Expedited Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b), And 507(a) Authorizing And Approving Amendment To Delphi-Appaloosa Equity Purchase And Commitment Agreement (Docket No. 10760), dated October 29, 2007, and objections filed thereto (the "Motion") may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege; and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

IT IS THEREFORE ORDERED:

1.  The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

2.  Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery by the Parties relating to the Motion.

3.  Any signatory to this Stipulation and Protective Order may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Stipulation and Protective Order. Documents shall be designated as Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential" on each such document, (b) by written notice to other Parties, or (c) by virtue of the fact that any such document is otherwise already labeled as Confidential or Highly Confidential. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered

within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential or Highly Confidential, as appropriate.

    4.    Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production or at the time of a deposition may be remedied at any time thereafter by supplemental written notice (which may be by email) delivered within two (2) business days after the production of such materials. Upon the service of such notice, the identified materials shall be fully subject to this Stipulation and Protective Order as if the materials had been initially designated as Confidential or Highly Confidential.

    5.    Material designated as Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

    a.    the Court and its staff;

    b.    the Parties and counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel;

    c.    the Parties' retained professional advisors in the above-captioned cases;

    d.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel; and

    e.    court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

    6.    Material designated as Highly Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

3

      a.    the Court and its staff;

      b.    those counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel, who are involved in the litigation or negotiation of the Motion;

      c.    the Parties' retained professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the Motion;

      d.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motion; and

      e.    court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

      7.    Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the Motion, including litigation or negotiation of any objections thereto, and not for any other purpose whatsoever. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

      8.    The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject to

4

a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced. In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall return to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) business days of receipt of the returned documents or materials.

9.  If at any time a Party objects to the designation of documents or information produced or testimony given as Confidential or Highly Confidential under this Stipulation and Protective Order, the objecting Party shall notify the designating Party in writing (which may be by email). The objecting Party shall identify the documents or information in question and shall specify in reasonable detail the reasons for the objection. Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, the disclosing Party may apply within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation. While any such application is pending, the documents or information that are subject to the application shall remain Confidential or Highly Confidential, as the case may be, until the Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of the designation within two (2) days after the conclusion of the meet and confer, or within such time as the Parties

may agree, the documents or information that are subject of the dispute will no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in accordance with the terms of this Stipulation and Protective Order.

10. Nothing in this Stipulation and Protective Order shall be construed as preventing any Party from objecting to the designation of any document or information as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any materials or information it produces in discovery.

11. Within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissing the cases, whichever first occurs, all documents and other material designated as Confidential or Highly Confidential pursuant to this Stipulation and Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be (a) returned to the producing Party or Party creating such information, or (b) destroyed. If the receiving Party chooses to destroy any such documents or materials, then that Party shall deliver a certificate attesting to that destruction to the Party who produced the Confidential or Highly Confidential documents or materials within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissal of the cases, as the case may be.

12. If documents, materials, or information (including portions of deposition transcripts) designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek

6

a protective order under 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and General Order #M-242 of this Court, or other applicable authority with respect to filing under seal those portions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

13. This Stipulation and Protective Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at a hearing on the Motion.

14. Nothing in this Stipulation and Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to introduce into evidence or use at a hearing on the Motion any document, testimony, or other information that is subject to this Stipulation and Protective Order.

15. Any non-party producing discovery materials in connection with the Motion may be included in this Stipulation and Protective Order by endorsing a copy of this Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties to the Motion may designate discovery materials produced by a non-Party to the Motion as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16. This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this

7

Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

17.    This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this ___ day of _____, 2007

---

Honorable Robert D. Drain
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

---

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  and Debtors and Debtors-in-Possession

---

Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

    - and -

Gina Lynn Martin (GM 1324)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
(617) 570-1000

Attorneys for Caspian Capital Advisors, LLC,
  Castlerigg Master Investments Ltd., Davidson
  Kempner Capital Management LLC, Elliott
  Associates, L.P., Gradient Partners, L.P., Sailfish
  Capital Partners, LLC, and Whitebox Advisors,
  LLC or their respective affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      :   Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :   Case No. 05-44481 (RDD)
                                                            :
                    Debtors.                                :   (Jointly Administered)
------------------------------------------------------------x

**ORDER AUTHORIZING CASPIAN CAPITAL ADVISORS, LLC; CASTLERIGG MASTER INVESTMENTS LTD.; CR INTRINSIC INVESTORS, LLC; DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH & ASSET MANAGEMENT, INC; SAILFISH CAPITAL PARTNERS, LLC; AND WHITEBOX ADVISORS, LLC TO FILE IN REDACTED FORM AND UNDER SEAL A SUPPLEMENTAL OBJECTION TO EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§105(a), 363(b), 503(b) and 507(a) AUTHORIZING AND APPROVING AMENDMENT TO DELPHI-APPALOOSA EQUITY PURCHASE AND COMMITMENT AGREEMENT**

Upon the *ex parte* motion (the "Ex Parte Motion") of Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC or any respective affiliates thereof or funds and accounts directly managed by each of the foregoing (each, a "Creditor"), each in their individual capacity as a creditor of Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the "Debtors"), and collectively substantial creditors thereof, for an order granting the Creditors leave to file under seal a supplemental objection (the "Supplemental Objection") to the expedited motion of the Debtors for an order under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) authorizing and approving amendment to Delphi-Appaloosa Equity Purchase and Commitment Agreement [Docket No. 10760], which was filed with this Court on July 18, 2007; and it appearing that this Court has jurisdiction over

the Motion pursuant to 28 U.S.C. § 1334, and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and good and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018, the Creditors are authorized to file the Supplemental Objection in redacted form and/or under seal and the Clerk of the United States Bankruptcy Court is directed to accept the Supplemental Objection for filing under seal; and it is further

ORDERED that the unredacted Supplemental Objection shall remain confidential, be filed under seal, and be served upon and made available only to (a) the Court, (b) counsel to the Debtors, and (d) any other parties pursuant to a protective order as ordered by the Court; and it is further

ORDERED that any and all rights of the Creditors or any other party to object to the Debtors' designation of certain information referred to in the Supplemental Objection as Confidential or Highly Confidential, and to seek to have the Supplemental Objection unsealed, are reserved and unaffected by the entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction to interpret and enforce the terms of this Order; and it is further

ORDERED that any and all further notice of the relief granted by this Order be, and it hereby is, dispensed with and waived.

Dated: New York, New York
November __, 2006

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

2