KIRKPATRICK & LOCKHART                    Hearing Date: November 29, 2007
PRESTON GATES ELLIS LLP                                10:00 A.M.
Edward M. Fox, Esq. (EF1619)
599 Lexington Avenue
New York, New York 10022
Telephone (212) 536-3900

Attorneys for Wilmington Trust Company,
as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                    :          Chapter 11
                                          :          Case No. 05-44481 (RDD)
DELPHI CORPORATON, *et al.*,              :          (Jointly Administered)
                                          :
        Debtors.                          :
-------------------------------------------------------X

## OBJECTION OF WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE, TO EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(B), 503(B), AND 507(A) AUTHORIZING AND APPROVING AMENDMENT TO DELPHI-APPALOOSA EQUITY PURCHASE AND COMMITMENT AGREEMENT

Wilmington Trust Company ("WTC"), as indenture trustee for the senior notes

and debentures (the "Senior Debt") in the aggregate principal amount of $2 billion issued by

Delphi Corporation ("Delphi"), by and through its attorneys, Kirkpatrick & Lockhart Preston

Gates Ellis LLP, hereby objects to the Expedited Motion for Order Under 11 U.S.C. §§ 105,

363(b), 503(b), and 507(a) Authorizing and Approving Amendment to Delphi-Appaloosa Equity

Purchase and Commitment Agreement dated October 29, 2007 (the "Motion") filed by Delphi

and its debtor subsidiaries and affiliates (collectively, the "Debtors"), as amended by Restated

First Amendment to the Equity Purchase and Commitment Agreement (the "EPCA

Amendment") that was filed with the Court on November 14, 2007, stating as follows:

## PRELIMINARY STATEMENT

1.          The Debtors seek authorization to enter into the EPCA Amendment with a group of plan investors (the "Plan Investors") led by an affiliate of Appaloosa Management, L.P. ("Appaloosa"), and thereby to amend the Equity Purchase and Commitment Agreement (the "August EPCA") that was approved by this Court on August 2, 2007

2.          The Motion does not describe or provide any business justification for the EPCA Amendment, however, which did not even exist at the time the Motion was filed, and was only publicly disclosed on November 14, 2007.

3.          In fact, the Debtors have failed to provide any business justification for amending the August EPCA at all, particularly in the manner proposed by the current EPCA Amendment, which would further dilute the recoveries of the Debtors' unsecured creditors, while at the same time providing substantial additional value to the Plan Investors.

4.          Under the circumstances, WTC submits that the Debtors have not provided any "good business reason" for entry into the EPCA Amendment, and that the Motion should therefore be denied.

## FACTUAL BACKGROUND

5.          On October 8, 2005 (the "Petition Date"), Delphi Corporation and each of the other Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code").  Since the Petition Date, the Debtors have continued to operate their businesses and remained in possession of their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.          On January 12, 2007, the Court entered an order authorizing the Debtors to enter into a series of plan framework agreements, including an Equity Purchase and

Commitment Agreement (the "Original EPCA") with Appaloosa and several other plan investors.

7.      On July 9, 2007, the Debtors announced that the Original EPCA had been terminated in accordance with its terms.

8.      On August 2, 2007, the Court entered an order approving the August EPCA.

9.      On September 6, 2007, the Debtors filed a disclosure statement (the "Disclosure Statement") and plan (the "Plan") based on the terms of the August EPCA.

10.     On October 29, 2007, the Debtor's filed their Motion to obtain authorization to amend the August EPCA, and simultaneously filed related amendments to the Plan and Disclosure Statement.

11.     On November 6, 2007, Appaloosa filed a Schedule 13D/A (the "13D") with the Securities and Exchange Commission, in which it reported that "as a result of certain of the conditions set forth therein not being satisfied, the Revised Proposal [i.e. the proposed amendments to the August EPCA] terminated in accordance with its terms."  (p. 11).

12.     On November 11, 2007, the Court entered a Second Supplemental Order (A) Establishing Revised Hearing Date and Related Procedures on Disclosure Statement and Solicitation Procedures Motion and (B) Setting Hearing Date and Related Procedures for Motion to Amend Investment Agreement, which, among other things, scheduled a hearing with respect to the Motion for November 29, 2007, and required that the Debtors file any further proposed amendments to the August EPCA by November 16, 2007.

13.     On November 14, 2007, the Debtors filed a Notice of Further Proposed Amendments to Certain Appendices to Debtors' Disclosure Statement With Respect to Joint Plan

of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in

Possession (the "Notice of Amendments"), which contained, among other things, the EPCA

Amendment.

14.       While the EPCA Amendment differs in material respects from the

proposed amendments reflected in the Motion when it was filed on October 29, 2007, the Notice

of Amendments did not offer any explanation or provide any business or legal justification for

the Debtors' proposal to enter into the EPCA Amendment.

### THE DEBTORS HAVE NOT DEMONSTRATED ANY BUSINESS JUSTIFICATION FOR ENTRY INTO THE EPCA AMENDMENT

15.       As a preliminary matter, the Motion does not offer any business

justifications for the proposed EPCA Amendment, presumably because the EPCA Amendment

for which the Debtors now seek approval did not even exist at the time the Motion was filed.

16.       The Debtors have not filed any supplemental pleading explaining the

differences between the EPCA Amendment and its predecessor agreements, or offering the

Debtors' preferred business justifications for entry into the EPCA Amendment.  Instead, the

Debtors simply included the EPCA Amendment in their Notice of Amendments, without

explanation of any kind.

17.       Under the circumstances, since the Debtors have failed to offer any public

explanation of their business justifications for entry into the EPCA Amendment, as a matter of

due process, WTC respectfully submits that the Debtors should be precluded from offering any

evidence of such "business judgment" at the hearing on the Motion.

18.       Even if the Debtors are permitted to offer evidence in support of their

decision to enter into the EPCA Amendment, however, the Motion should still be denied because

there is no good business reason for amending the August EPCA at this time.

19.     The August EPCA remains in effect and is markedly more favorable to the interests of the Debtors' creditors than the proposed EPCA Amendment.

20.     Rather than demand that the Plan Investors comply with their obligations under the August EPCA, however, the Debtors have proposed to amend the August EPCA by, among other things, significantly reducing the buy-in price that will be paid by the Plan Investors for their shares in the reorganized Delphi.  If approved, the net effect of the proposed amendments to the August EPCA would be to transfer substantial value away from the Debtors' unsecured creditors and equity holders and to the Plan Investors.

21.     If the August EPCA is no longer viable, the Debtors should have explored the availability of alternative investment proposals that might be available in the marketplace before acceding to the extortionate demands of the Plan Investors.  Yet, to the best of WTC's knowledge, the Debtors have not contacted any other potential plan investors, or otherwise tested the market, to determine if a more favorable transaction could be arranged.

22.     To the extent the Debtor is precluded from pursuing such an alternative transaction by a lockup agreement with Appaloosa, there is no reason why the Debtors could not have terminated the August EPCA in order to pursue an alternate transaction.  The cost of paying a breakup fee to the Plan Investors, assuming the Court would approve such a payment, is far lower than the damage the Debtors will allegedly suffer if they do not proceed expeditiously to confirm a plan.

23.     If the Debtors' inability to pursue alternative transactions is the result of lockup agreements executed by Appaloosa with the other Plan Investors, WTC respectfully submits that such arrangements may represent an unlawful and collusive effort to chill bidding for the opportunity to invest in the Debtors' reorganization, and would create serious questions

about the enforceability of any of the Plan Investors' rights under the August EPCA.  <u>See</u> 11

U.S.C. § 363(n) ("The trustee may avoid a sale under this section if the sale price was controlled

by an agreement among potential bidders at such sale . . .").

24.    Finally, if the EPCA Amendment would require the Debtors to continue to

pursue confirmation of their current Plan, the Motion should be denied because the Debtors'

Plan, as currently drafted, violates the absolute priority rule, improperly classifies creditors for

voting and distribution purposes and provides for a waiver of the contractual subordination of the

Senior Debt.  Thus, the Plan is unconfirmable absent amendment.

25.    Under the present circumstances of this case, there is simply no business

justification for transferring substantial additional value to the Plan Investors in order to secure

their support for a Plan that cannot, as a matter of law, be confirmed and, in any event, has no

creditor support.

26.    Accordingly, the Motion should be denied.

27.    WTC reserves the right to amend or supplement this objection prior to the

hearing on the Motion to reflect the results of ongoing discovery or other developments.

WHEREFORE, WTC respectfully requests that the Court enter an order denying the Debtor's request for approval of the Amended EPCA, and granting such other and further relief as this Court deems just.


Dated: New York, New York
      November 21, 2007

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By: _____/s/ Edward M. Fox_____
    Edward M. Fox (EF1619)
    A Member of the Firm
Attorneys for Wilmington Trust Company,
as Indenture Trustee
599 Lexington Avenue
New York, NY 10022
(212) 536-3900