David A. Rosenzweig (DR-5742)            Hearing Date: November 29, 2007
Scott T. Dillon (SD-8860)                   Hearing Time: 10:00 a.m.
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York  10103
(212) 318-3000

Attorneys for Hirschmann Car Communications GmbH

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                    :
In re:                               :           Chapter 11
                                    :
Delphi Corporation, *et al*.,           :           Case No. 05-44640 (RDD)
                                    :
                                    :           (Jointly Administered)
                  Debtors.    :
-------------------------------------X

## RESPONSE OF HIRSCHMANN CAR COMMUNICATIONS GMBH TO TWENTY SECOND OMNIBUS OBJECTION SEEKING TO DISALLOW CERTAIN CLAIMS

Hirschmann Car Communications GmbH, a German company ("Hirschmann Car"), hereby submits this Response to the Twenty Second Omnibus Objection Of Debtors And Debtors In Possession Seeking To Disallow Certain Claims (the "Twenty Second Omnibus Objection") filed by the debtors Delphi Corporation, *et al.* (collectively, the "Debtors"), dated October 26, 2007, and respectfully represents as follows:

### HIRSCHMANN CAR'S CLAIM

1. On July 14, 2004, the Debtors and Hirschmann Electronics Gmbh & Co. KG, a German company. ("Hirschmann Electronics") entered into a "Delphi Automotive Systems Long Term Contract" (the "Contract") under which the debtor Delphi Automotive Systems LLC agreed to purchase automotive equipment produced by Hirschmann Electronics. On April 1, 2005, Hirschmann Electronics sold its automotive division to its affiliate

75067247.4

Hirschmann Car, and thus Hirschmann Car became the successor in interest under the Contract. Hirschmann Car was simultaneously sold to certain third parties.

2. On July 31, 2006, Hirschmann Car filed a Proof of Claim, designated as Claim No. 14313, in the amount of $263,963.41, on account of unpaid invoices with respect to equipment Hirschmann Car sold to the Debtors under the Contract. The Debtors post-petition have continued to purchase equipment from Hirschmann Car under the Contract.

### THE TWENTY SECOND OMNIBUS OBJECTION FAILS TO OVERCOME THE PRIMA FACIE VALIDITY OF HIRSCHMANN'S CLAIM

3. Section 502(a) provides that a claim filed pursuant to section 502(a) is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A proof of claim executed and filed in accordance with these rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bank. Pro. 3001(f); see also In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000), aff'd, 242 F.3d 367 (2d Cir. 2000).

4. Upon the filing of an objection, the objecting party has the burden to produce evidence sufficient to overcome the presumption of the validity of the claim. See In re King, 305 B.R. 152, 164 (Bankr. S.D.N.Y. 2004); In re St. Johnsbury Trucking Co., Inc., 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997), aff'd, 221 B.R. 692 (S.D.N.Y 1998), aff'd, 173 F.3d 846 (2d Cir 1999); In re Greene, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987). Filing an objection -- without more -- is insufficient to overcome the presumption. See In re South Motor Co. of Dade County, 161 B.R. 532, 547 (Bankr. S.D. Fla. 1993); In re Chapman, 132 B.R. 132, 143 (Bankr. N.D. Ill. 1991). Thus, the debtor must produce evidence which, if believed, would refute the probative force of the creditor's proof of claim. See In re Reilly, 245 B.R. at 772; In re Merry-Go-Round Enterprises, 241 B.R. 124, 134 (Bankr. D. Md. 1999).

5. The Debtor's Twenty Second Omnibus Objection does not rebut the *prima facie* validity of Hirschmann Car's Proof of Claim. In that regard, the Debtor does not advance any basis for objection to the claim, other than a generalized statement that the Debtor's "books and records" do not indicate that any amount is owed. The Debtors offer no specific and valid basis for objection to Hirschmann Car's claim. Because the Debtors have not offered any probative evidence or argument to rebut the amount and/or basis of the Proof of Claim, they have failed to meet their burden of proof and the Twenty Second Omnibus Objection should be denied on that ground.

6. In communications between counsel subsequent to the filing of the Twenty Second Omnibus Objection, the Debtors stated that the basis of the objection is that the Debtors believe that Hirschmann Car was paid post-petition on account of the amounts asserted in the Proof of Claim pursuant to the order entered earlier in the case providing the Debtors with authority to pay "foreign vendors." In that connection, the Debtors stated that on November 9, 2006, they paid an entity called "Hirschmann Automotive" the amount of US $226,548 and 125,907 € (both amounts exceeds the total amount set forth in the Proof of Claim) and that "Hirschmann Automotive" signed an agreement acknowledging payment of its pre-petition claim.

7. Hirschmann Automotive GmbH is a separate Austrian company. At one point, Hirschmann Automotive GmbH and Hirschmann Car were both owned by Aditron AG, a German company, and thus were affiliates. In 2003, however, Aditron AG sold Hirschmann Automotive GmbH to third parties. In 2005, Aditron AG sold Hirschmann Car to separate third parties (as described above). Thus, the two entities have not been affiliated since 2003. Further, Hirschmann Automotive GmbH was not and could not have been a party to the Contract which

gives rise to the claims here since the Contract was entered into in 2004 by Hirschmann Car's predecessor -- *a year after Hirschmann Automotive GmbH was sold by the parent company.*

8. The Debtors may have paid Hirschmann Automotive GmbH on account of claims that Hirschmann Automotive GmbH, a separate entity from Hirschmann Car, has against the Debtors. Hirschmann Car, however, did not receive any payment from the Debtors on account of its Proof of Claim, which has nothing to do with Hirschmann Automotive GmbH. Nor does Hirschmann Car have any connection with Hirschmann Automotive GmbH and did not receive any portion of the payments that the Debtors may have made to that entity. Hirschmann Car informed the Debtors of these facts, but has not yet been notified as to whether the Debtors will continue to assert an objection to the Proof of Claim. Accordingly, Hirschmann Car is compelled to file this response to the Debtors' Twenty Second Omnibus Objection to the Proof of Claim.[1]

---

[1] The Debtors' agreed to extend to November 26, 2007, Hirschmann Car's deadline to respond to the Twenty Second Omnibus Objection.

WHEREFORE, Hirschmann Car respectfully requests that the Court (a) deny the Debtors' Twenty Second Omnibus Objection in its entirety, and (b) grant Hirschmann Car such other and further relief as is just and proper.

Dated: New York, New York
November 26, 2007

                    Respectfully submitted,

                    FULBRIGHT & JAWORSKI L.L.P.

                    By:    /s/ David A. Rosenzweig
                           David A. Rosenzweig (DR-5742)
                           Scott T. Dillon (SD-8860)
                    666 Fifth Avenue
                  New York, New York  10103
                  (212) 318-3000

                  Attorneys for Hirschmann Car Communications GmbH