Hearing Date and Time:  December 20, 2007, at 10:00 A.M.
Objection Deadline:  November 26, 2007, at 4:00 P.M.

Elena Lazarou (EL-5681)
Reed Smith LLP
559 Lexington Avenue
New York, New York  10022
Telephone:  212-521-5400
Facsimile:  212-521-5450

-and-

Stephen T. Bobo
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  312-207-1000
Facsimile:  312-207-6400

Attorneys for Johnson Controls Interiors LLC and
Johnson Controls GmbH & Co. KG

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
   In re                                        :
                                                :
DELPHI CORPORATION, et al.,                     :        Chapter 11
                                                :
                    Debtors.                    :        Case No. 05-44481 (RDD)
                                                :
                                                :        (Jointly Administered)
                                                :
------------------------------------------------------------x

## OBJECTION OF JOHNSON CONTROLS INTERIORS LLC AND JOHNSON CONTROLS GMBH & CO. KG TO PROPOSED ASSIGNMENT OF EXECUTORY CONTRACTS

Johnson Controls Interiors LLC and Johnson Controls GmbH & Co. KG, along with their

affiliates (collectively, "JCI") object to the proposed assignment of their outstanding purchase

orders with Delphi Corporation or its debtor affiliates ("Delphi") to Inteva Products, LLC

("Inteva") or any other party making a higher bid for Delphi's Cockpit's and Interiors Systems and Integrated Closures Systems businesses.  In support of this objection, JCI states as follows:

1.      JCI has open purchase orders with Delphi under which Delphi supplies it with certain automotive interior components.

2.      On October 15, 2007, Delphi filed a motion to sell its Cockpits and Interiors Systems and Integrated Closures Systems businesses to Inteva.  That motion is scheduled to be heard on December 20, 2007 at 10:00 a.m.

3.      On the evening of Friday, November 16, 2007, after normal business hours, Delphi issued a notice informing various parties that it intended to assume and assign approximately 1,700 executory contracts and unexpired leases as part of the sale of the Interiors and Closures Businesses.  The notice states that any objection to such assumption and assignment must be filed within 10 days of the date of the notice, which is Monday, November 26, 2007.  Whether or not intended by Delphi, this notice schedule results in an unfairly short amount of time to respond to the proposed assumption and assignment.  Because Delphi failed to distribute the notice until the evening of Friday, November 16, and with the intervening Thanksgiving holiday, JCI and other parties have had only three business days to determine whether the proposed contract assignment is acceptable.

4.      Delphi's notice identifies the following JCI purchase orders to be assigned to Inteva:

Johnson Controls Interiors LLC – Purchase Order Numbers 550124641 and 550086938

Johnson Controls GmbH & Co. KG – Purchase Order Number 550057062.

5.      JCI may have other purchase orders or other agreements with Delphi's Cockpits and Interiors Businesses, but the time provided by Delphi's November 16, 2007 notice is not

sufficient to identify them.  Delphi's proposed assumption and assignment may not constitute a

full assumption of the JCI contractual relationship as required by 11 U.S.C. § 365.  JCI has also

not been able to ascertain whether there are any defaults or cure amounts that need to be

addressed regarding its purchase orders and any other agreements with Delphi's Cockpits or

Interiors Businesses.

6.       Until JCI can determine the status of all of its agreements comprising its

relationship with Delphi's Cockpits and Interiors Businesses, it objects to the proposed

assumption and assignment of any of its purchase orders in connection with the proposed sale.

7.       In addition to the unreasonably short amount of time, Delphi has provided

minimal information to allow JCI and other parties to have adequate assurance of future

performance in connection with the proposed assignments.  To support its contention of adequate

assurance of future performance, Delphi refers only to "the significant resources" of Inteva in its

notice without providing any factual information.

8.       JCI's terms and conditions applicable to its purchase orders with Delphi provide

that they are not assignable without JCI's consent.  Among the reasons for this restriction is the

need for advance qualification of all parts suppliers in the supply chain by which JCI furnishes

automotive components to its manufacturer customers.  The requirements for such qualification

go beyond merely having sufficient financial resources to operate the intended supplier business.

It also includes the ability to consistently manufacture high quality parts and to deliver them in

the timely fashion required by the industry.  JCI objects to any assignment of its purchase orders

or other agreements without its consent.

9.       Neither Delphi nor Inteva has contacted JCI to provide it with information

concerning Inteva's experience, capabilities, intentions and financial wherewithal.  JCI has no

experience working with Inteva.  Therefore, JCI does not have sufficient information to determine whether Inteva is an appropriate assignee of its purchase orders.  JCI objects to the proposed assignment unless and until it is provided the factual information sufficient to constitute adequate assurances of future performance as required for assignment under 11 U.S.C. § 365(f).

10.    Similarly, JCI objects to the assignment of its purchase orders to any other prospective purchaser unless and until JCI is provided with adequate assurances of that party's ability to fully and timely perform.

11.    Because the legal points and authorities upon which this objection relies are incorporated herein, and do not represent novel theories of law, JCI respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, JCI requests that the Court enter an order denying the requested assumption and assignment of its purchase orders to Inteva or any other prospective purchaser of Delphi's Controls and Closures Businesses.

Dated: November 26, 2007

RESPECTFULLY SUBMITTED

Johnson Controls, Interiors LLC and
Johnson Controls GmbH & Co. KG
and their affiliates

By:  /s/ Elena Lazarou
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022
Telephone:  212-521-5400
Facsimile:  212-521-5450

Of Counsel

Stephen T. Bobo
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL  60606
Telephone:  312-207-1000
Facsimile:  312-207-6400