HEARING DATE: November 29, 2007 at 10:00 a.m. (ET)
RESPONSE DEADLINE: November 26, 2007 at 4:00 p.m. (ET)[1]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
| In Re: | ) | Case No. 05-44481 (RDD) |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
------------------------------------------------------------x

**RESPONSE AND OBJECTION OF SPCP GROUP, L.L.C. TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIMS SUBJECT TO MODIFICATION THAT ARE SUBJECT TO PRIOR ORDERS, AND MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS (CLAIM NO. 14133)**

SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "SPCP Group"), as assignee of Beaver Manufacturing Company ("Beaver"), by its undersigned counsel, hereby submits this Response and Objection (the "SPCP Group Response") to the above captioned debtors and debtors-in-possession (collectively, the "Debtors") Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to

---

[1] Pursuant to an agreement between Dreier LLP and counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), the response deadline has been extended to November 26, 2007 at 4:00 p.m. (ET).

{00308051.DOC;2}         1

Modification That Are Subject to Prior Orders, and Modified Claims Asserting Reclamation That Are Subject to Prior Orders (the "Subject Objection"), as such Objection relates to Claim No. 14133 (the "Claim No. 14133"). In support of the SPCP Group Response, SPCP Group respectfully represents as follows:

## BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

2.      Pursuant to an Order, dated April 12, 2006 (the "Bar Date Order", *Docket No. #3206)*, the Court fixed July 31, 2006 (the "Bar Date") as the last date to file proofs of claim against the Debtors.

3.      On December 21, 2005, Beaver filed a proof of claim against Delphi Corporation, designated by the Debtors' claims agent as Claim No. 1251, in the amount of $267,469.05 ("Claim No. 1251"), with regard to amounts that were due and owing to Beaver from the Debtors (the "Subject Indebtedness").

4.      Pursuant to a duly executed Assignment of Claim agreement, dated as of February 16, 2006, Beaver transferred and assigned all of their right, title and interest in and to the Subject Indebtedness to SPCP Group, as evidenced by that certain Evidence of Transfer of Claim, a copy of which is attached hereto as Exhibit "A".

5.      On April 27, 2006, SPCP Group filed a Notice of Transfer of Claim Pursuant to Bankruptcy Rule 3001(e)(1) with the Court regarding its acquisition of the Subject Indebtedness, a copy of which is attached hereto as Exhibit "B" (the "Notice of Transfer") (*Docket No. 3450*).

6.     On July 31, 2006, SPCP Group, as assignee of Beaver, filed a proof of claim against Delphi Automotive Systems LLC, designated by the Debtors' claims agent as Claim No. 14133, in the amount of $267,469.05 ("Claim No. 14133"), with regard to the Subject Indebtedness.

7.     On December 8, 2006, the Debtors filed the Debtors Fourth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain Duplicate and Amended Claims (the "Fourth Omnibus Objection", *Docket No. 6099*), pursuant to which, the Debtors sought to, *inter alia* expunge Claim No. 1251, which was filed by Beaver, on the grounds that it was duplicative of Claim No. 14133, which was filed by SPCP Group. Neither Beaver nor SPCP Group objected to the relief sought in the Fourth Omnibus Objection, and pursuant to an Order, dated January 22, 2007 (the "Fourth Omnibus Objection Order", *Docket No. 6683*), the Court granted the relief requested and expunged Claim No. 1251 as being duplicative of Claim No. 14133.

8.     On May 22, 2007, the Debtors filed the Fifteenth Omnibus Objection (Substantive) pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation Identified (the "Fifteenth Omnibus Objection", *Docket No. 7999)* pursuant to which the Debtors sought to, *inter alia*, reduce the amount of Claim No. 14133 from $267,469.05 to $266,494.16 (the "Adjusted Subject Indebtedness"). Although SPCP Group was served with the Fifteenth Omnibus Objection, it was not served on Beaver. Given the amount of the reduction, SPCP Group did not object to the relief sought, and pursuant to an Order dated June 29, 2007 (the

"Fifteenth Omnibus Objection Order", *Docket #8843*), the Court granted the relief requested by the Debtors and reduced the amount of Claim No. 14133 to $266,494.16.

9. On October 26, 2007, the Debtors filed the Subject Objection, in which the Debtors sought to, *inter alia,* expunge the Claim No. 14133. The Subject Objection did not provide an explanation as to the basis for the relief sought.

10. Following its receipt of the Subject Objection, SPCP Group, through its counsel, contacted the Debtors to inquire as to the basis for the Debtors' request to expunge Claim No. 14133. In response to such inquiries, it was represented by Debtors' counsel (but not disclosed in the Subject Objection), that the Debtors claim to have, as part of the Debtors assumption of the underlying agreement that gave rise to the Adjusted Subject Indebtedness, tendered payment in the amount of $266,494.16 directly to Beaver in October 2007 (the "Cure Payment").

11. SPCP Group did not receive notice of this alleged Cure Payment, nor have the Debtors provided any documentary evidence to establish that such payment was even made to Beaver. Furthermore, the Debtors have failed to establish why their payment of amounts to Beaver should serve to satisfy the Debtors' obligations to SPCP Group on account of the Adjusted Subject Indebtedness. The Debtors', having reviewed Claim No. 14133 no less than two times prior to October 2007 (the first in connection with the Fourth Omnibus Objection, and the second in connection with the Fifteenth Omnibus Objection), had more than adequate notice that the Adjusted Subject Indebtedness had been assigned to SPCP Group.

12. Upon being informed of the Debtors' position, SPCP Group's counsel requested that the Debtors extend SPCP Group's time to respond to the Subject Objection for a sufficient period of time so at to enable SPCP Group to investigate the situation and to see if Beaver would voluntarily surrender the payment to SPCP Group. The Debtors would only

{00308051.DOC;2}                                        4

extend the deadline to submit a response November 26, 2007, a mere 5 days beyond the initial response deadline, which included the 4-day Thanksgiving Weekend).

### THE COURT SHOULD DENY THE RELIEF SOUGHT IN THE SUBJECT OBJECTION AS IT RELATES TO THE SUBJECT CLAIM AND SUSTAIN THE SPCP GROUP RESPONSE

13.    The Subject Objection seeks to expunge the Claim No. 14133 without any factual or legal justification supporting such treatment. This request must be denied because there is no authority justifying such reduction or reclassification. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] a proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence in the validity and amount of the claim." *See* Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the prima facie presumption. *See* Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and that burden has not been fulfilled.

14.    SPCP Group requests that the relief requested by the Debtors be denied as the Subject Objection fails to establish a basis for the relief requested. To the extent the Debtors seek to proceed with expunging any portion of the Claim No. 14133 at a later date, the Debtors should be required to provide factual evidence and a legal basis for any such requested relief and that SPCP Group be afforded a reasonable time to review and respond to such asserted factual evidence and legal argument. Furthermore, it is also the Debtors' burden to establish why the Debtors' payment to a party who no longer had any rights, title or interests to such payment, should in any way mitigate the Debtors' obligations to SPCP Group in connection with Claim No. 14133. The Debtors have had more than adequate notice of SPCP Group's rights, title and interest in and to Claim No. 14133, and as demonstrated by the fact that the Debtors had reviewed Claim No. 14133 at lease twice and acknowledged SPCP Group's ownership of the Claim No. 14133, as evidenced by the fact that the Debtors served SPCP Group and not Beaver

{00308051.DOC;2}                              5

in connection with the Fifteenth Omnibus Objection. The Debtors should not be permitted to pass the consequences of their mistake onto SPCP Group.

15. Simply put, if made, the Cure Payment was made to the incorrect party (Beaver), as SPCP Group was the owner and holder of the Subject Indebtedness, and SPCP Group should not be prejudiced by such mistake by the Debtors by the Claim No. 14133 being subsequently expunged. To the extent that Beaver promptly remits the payment of $266,494.16 to SPCP Group, the SPCP Group will no longer continue to oppose the relief sought in the Subject Objection. However, to the extent that Beaver refuses to promptly remit the payment to SPCP Group, then the Debtors remain obligated to SPCP Group on account of Claim No. 14133, and the Debtors should have the burden of recouping such funds from Beaver.

WHEREFORE, for the foregoing reasons, SPCP Group respectfully submits that the Court should issue and enter an order (i) denying the Subject Objection as it relates to the Claim No. 14133 in its entirety; or (ii) alternatively, adjourn the hearing on the Subject Objection, as it relates to the Claim No. 14133 for a minimum of sixty (60) days after the date that the Debtors provide SPCP Group with the factual evidence and a legal basis is support of the relief request in connection with the Claim No. 14133; and (iii) granting SPCP Group such other and further relief as is just and proper.

Dated: New York, New York
       November 26, 2007

                      DREIER LLP
                      Counsel to SPCP Group, L.L.C.

By: /s/Maura I. Russell
    Paul Traub (PT 3752)
    Maura I. Russell (MR 1178)
    Anthony B. Stumbo (AS 9374)
    Dreier LLP
    499 Park Avenue – 14th Floor
    New York, New York 10022
    Tel.: 212-328-6100