UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
: CIVIL ACTION NO.
               Plaintiff, :
:
-against- :
: COMPLAINT
DELPHI CORP., : JURY TRIAL DEMANDED
:
               Defendant. :
-----------------------------------------------------------X

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide relief to Stanley Straughter ("Charging Party") and to a class of similarly situated individuals who have been adversely affected by such practices. As alleged with particularity below, Defendant Delphi Corp. ("Defendant") violated the ADA by making disability-related inquiries of employees, including Charging Party, for purposes inconsistent with those permitted by the ADA, and by taking adverse employment action against Charging Party and a class of similarly situated individuals in retaliation for and interfering with their exercise of their rights protected by the ADA.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

1

2. The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of New York and has continuously employed at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of the lawsuit, Charging Party filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2004, Defendant has engaged in unlawful employment practices in violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112(d)(4)(A) and 12203, as outlined below:

a.  Charging Party was employed as a Laborer by Defendant from May 22 to August 17, 2006.

b.  On August 14 and 15, 2006, Charging Party called in sick.

c.  On August 16, 2006, Charging Party returned to work with a doctor's note verifying that he had been unable to work due to illness on the two days that he was out.

d.  Defendant informed Charging Party that he was required to sign an authorization form to allow Defendant to obtain information from Charging Party's personal physician about his medical condition.

e.  Charging Party refused to sign the form, stating that he believed the inquiry into his medical condition was unlawful.

f.  Defendant informed Charging Party that it was Defendant's policy to check all doctors' notes to verify that the reasons for the absence are acceptable, and that although an employee could refuse to sign the release, the result would be that Defendant would not accept the excuse for the absence.

g.  Charging Party asked to take a copy of the form and respond the next day. Defendant consented to this request.

h.  Charging Party then modified the form to allow Defendant to verify with his doctor that he had been unable to work on the two days that he was out, but not to discuss his actual medical condition.

i.  When Charging Party presented Defendant with the modified form the next day, he was told that it was unacceptable.

j.  Charging Party again stated his belief that it was unlawful for Defendant to demand to know his medical information.

3

k.   Defendant immediately fired Charging Party for being "an unsatisfactory temporary employee."

9.   The ADA prohibits employers from making inquiries as to whether an employee is an individual with a disability unless the inquiry is shown to be job-related and consistent with business necessity.

10.  Defendant's requirement that employees returning from sick leave sign a release of their medical information is a disability-related inquiry that is not job-related or consistent with business necessity.

11.  Defendant's requirement that employees returning from sick leave sign a release of their medical information and its practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who fail to comply with this unlawful policy constitutes coercion, intimidation and/or interference with employees' exercise or enjoyment of their rights under the ADA.

12.  Defendant's practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who refuse to comply with the unlawful policy constitutes retaliation against such employees for engaging in activity protected by the ADA.

13.  The effect of the practices complained of above has been to deprive Charging Party and a class of other individuals of equal employment opportunities and otherwise adversely affect their status as employees.

14.  The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Charging Party and similarly situated individuals.

15.  The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above are continuing.

17. The unlawful employment practices complained of above were done with malice and reckless disregard for the federally protected rights of Charging Party and similarly situated individuals, in violation of 42 U.S.C. § 12101, *et seq.*

### **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Enjoin Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making any disability-related inquiries that are not job-related and consistent with business necessity;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary including re-instatement to eradicate the effects of Defendants' unlawful employment practices;

D. Order Defendant to make whole all of those individuals adversely affected by the unlawful employment practices described above by providing compensation for nonpecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

E. Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above punitive damages for Defendant's malicious and/or reckless conduct in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H.  Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated: September 27, 2007

    Ronald S. Cooper
    General Counsel

    James Lee
    Deputy General Counsel

    Gwendolyn Y. Reams
    Associate General Counsel

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    1801 L Street, N.W.
    Washington, D.C. 20507

    s/Elizabeth Grossman
    _____
    Elizabeth Grossman
    Regional Attorney

    s/Judy Keenan
    _____
    Judy Keenan
    Supervisory Trial Attorney

    s/Margaret A. Malloy
    _____
    Margaret A. Malloy
    Trial Attorney, U.S. EEOC
    33 Whitehall Street, 5th Floor
    New York, New York 10004
    margaret.malloy@eeoc.gov
    Phone 212-336-3690
    Fax 212-336-3623