# Exhibit B

## SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of August __, 2007 (this "Settlement Agreement"), is entered into by and between SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silverpoint Capital Offshore Fund, Ltd., its successors and permitted assigns ("SPCP Group"), as assignee of Intermet Corporation and its wholly owned subsidiaries (collectively, "Intermet," and together with SPCP Group, the "Claimants"), and Delphi Automotive Systems LLC ("DAS LLC").

## RECITALS:

WHEREAS, on October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi"), together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on October 17, 2005, Intermet submitted a demand to the Debtors asserting a reclamation claim in the amount of $3,207,974.75 (the "Reclamation Demand").

WHEREAS, on July 31, 2006, SPCP Group filed proof of claim number 14489 ("Proof of Claim No. 14489") against DAS LLC, asserting an unsecured non-priority claim in the amount of $3,750,708.82 (the "Claim") arising from goods sold and services performed by Intermet prior to the Petition Date.

WHEREAS, on July 31, 2006, SPCP Group filed proof of claim number 14107 ("Proof of Claim No. 14107") against Delphi Electronics (Holding) LLC, asserting an unsecured non-priority claim in the amount of $3,750,708.82 arising from goods sold and services performed by Intermet prior to the Petition Date.

WHEREAS, on July 31, 2006, SPCP Group filed proof of claim number 15770 ("Proof of Claim No. 15770," and together with Proofs of Claim Nos. 14107 and 14489, the "Proofs of Claim") against Delphi, asserting an unsecured non-priority claim in the amount of $3,750,708.82 arising from goods sold and services performed by Intermet prior to the Petition Date.

WHEREAS, on October 31, 2006, the Debtors objected to Proof of Claim No. 14489 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. [5452]) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, SPCP Group filed its Response And Objection Of SPCP Group, L.L.C., As Assignee Of Textron Fastening Systems Canada, Ltd., To Debtors' (I)Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain Claims (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5745) (the "First Response")

WHEREAS, on February 15, 2007, the Debtors objected to Proof of Claim Nos. 14107 and 15770 pursuant to the Debtors' Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims (Docket No. 69692) (the "Eighth Omnibus Claims Objection").

WHEREAS, on March 15, 2007 the Claimants filed the Response Of Intermet Corporation And SPCP Group LLC As Assignee Of Intermet Corporation To Debtors' Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claim Duplicative Of Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims (Docket No. 7280) (together with the First Response, the "Responses").

WHEREAS, to resolve the Third and Eighth Omnibus Claims Objections with respect to the Proofs of Claim, DAS LLC and the Claimants have agreed to enter into this Settlement Agreement (the "Settlement Agreement").

WHEREAS, DAS LLC is authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, DAS LLC and the Claimants agree as follows:

1. Allowed General Unsecured Non-Priority Claim And Waiver Of Rights. DAS LLC acknowledges and agrees that the Claim, as set forth in Proof of Claim No. 14489, shall be allowed against DAS LLC in the amount of Three Million Seven Hundred Thirty-Eight Thousand Seven Hundred Forty-Four Dollars and Ninety-Six Cents ($3,738,744.96). The Claim shall be treated as a prepetition general unsecured non-priority claim. The Claimants, on their behalf, and on behalf of each of their predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Releasing Parties"), hereby acknowledge that the allowance of the Claim is in full satisfaction of the Claim and hereby waive any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-

priority claim. The Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim and which the Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

2. <u>Disallowance And Expungement</u>. The Claimants acknowledge and agree that each of Proof of Claim Nos. 14107 and 15770 shall be disallowed and expunged in their entirety.

3. <u>Withdrawal Of Responses</u>. SPCP Group agrees that it shall withdraw the Responses to the Third and Eighth Omnibus Claims Objections with prejudice.

4. <u>Withdrawal Of Reclamation Demand</u>. The Claimants agree that they shall withdraw the Reclamation Demand with prejudice.

5. <u>Governing Law</u>. This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

6. <u>Representations And Warranties</u>. The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement.

7. <u>Entire Understanding</u>. This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof. This Settlement Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and the Claimants.

8. <u>No Party Deemed Drafter</u>. This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by the Claimants and their counsel. Therefore, any ambiguous language in this Settlement Agreement shall not be construed against any particular party as the drafter of such language.

9. <u>Counterparts</u>. This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this Settlement Agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Settlement Agreement.

**Accepted and agreed to by:**

Delphi Automotive Systems LLC

By: _Dea R Umu_
Name: _DEN R UMRUE_
Title: _DELPHI CLAIMS ADMISTRATION_
Dated: _Sept. 11_, 2007

SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silverpoint Capital Offshore Fund, Ltd., its successors and permitted assigns

By: _____
Name:
Title:
Dated: _____ __, 2007

Intermet Corporation

By: _____
Name: _JEFF MIHALIC_
Title: _PRES + CEO_
Dated: _AUG    30_, 2007

4

**Accepted and agreed to by:**

Delphi Automotive Systems LLC

By: _____
Name:
Title:
Dated: _____ __, 2007

SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silverpoint Capital Offshore Fund, Ltd., its successors and permitted assigns

By: _____
Name:        Michael A. Gatto
Title:        Authorized Signatory
Dated: _____ __, 2007

Internet Corporation

By: _____
Name:
Title:
Dated: _____ __, 2007