IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** § | | Chapter 11 |
| § | | |
| **DELPHI CORPORATION,** *et al.* § | | Case No. 05-44481 (RDD) |
| § | | |
| Debtors. § | | (Jointly Administered) |
| § | | |

AFFIDAVIT OF BRUCE N. ELLIOTT IN SUPPORT OF THE JOINT
MOTION OF JP MORGAN CHASE BANK, N.A. AND BRAZEWAY, INC.
FOR RELIEF FROM AND RECONSIDERATION OF ORDER
MODIFYING CLAIMS ASSERTING RECLAMATION IDENTIFIED
IN DEBTOR'S TWENTY-FIRST OMNIBUS CLAIMS OBJECTION

STATE OF MICHIGAN         )
                          )ss.
COUNTY OF WASHTENAW       )

Now comes Bruce N. Elliott, before me a Notary Public in and for the state and county aforesaid, who deposes and says as follows:

1. I have personal knowledge of the statements hereafter set forth and am competent to testify to same.

2. I am a shareholder in Conlin, McKenney & Philbrick, P.C., attorneys for Brazeway, Inc. ("Brazeway") a creditor of Delphi Automotive Systems, LLC, one of the Debtors in the above-captioned cause ("Debtor").

3. On or about December 29, 2005, Brazeway sold and assigned to JP Morgan Chase Bank, N.A. ("JP Morgan") its general unsecured claim in the amount of approximately $1,308,600 (the "Unsecured Claim") as well as a reclamation claim in the amount of approximately $572,700 (the "Reclamation Claim"). Debtor was notified of the Reclamation Claim on or about October 11, 2005 and is listed by Debtor as Claim No. 122. Proofs of the

Unsecured Claim and the Reclamation Claim were timely filed by representatives of JP Morgan on January 6, 2006 (Claim No. 14052) A copy of the Proof of Claim is attached to the Memorandum of Law in Support of the Joint Motion of JP Morgan and Brazeway for Relief From and Reconsideration of Order Modifying Claims Asserting Reclamation Identified in Debtor's Twenty-First Omnibus Claims Objection (the "Memorandum of Law") as **Exhibit 1**. Following the assignment, I have continued to deal with representatives of Debtor regarding the status of the Reclamation Claim, including negotiations regarding the amount and priority of such claim. Copies of email correspondence and documents related thereto are attached to the Memorandum of Law as **Exhibit 2** (the "Reclamation Correspondence"). As indicated in the Reclamation Correspondence, there is a dispute regarding the amount of the Reclamation Claim; Debtor apparently believes the amount of the Reclamation Claim is verifiable only up to approximately $102,300 while Brazeway believes the amount of the claim is and should be in the amount filed with the proof of claim, that is approximately $572,700. I received no response to my July 24, 2007 email (included in the Reclamation Correspondence) or further communication regarding the Reclamation Claim from the Debtor.

4. Subsequent to the assignment of the claim by Brazeway to JP Morgan, I continued to regularly review pleadings and other filings in the Debtor's case which might affect the Reclamation Claim and/or the Unsecured Claim.

5. On September 7, 2007, an email was received from Kurtzman Carson Consultants LLC ("Kurtzman") and reviewed by me indicating Debtor's motion to amend and restate Debtor's then current proposal for treating reclamation claims ("Motion to Amend Reclamation Procedures" Docket No. 9295), requesting, *inter alia*, that all issues related to all remaining reclamation claims (including the Reclamation Claim) would be addressed <u>after</u> a vote upon and

presumed confirmation of the Debtor's plan of reorganization then scheduled for as early as November 19, 2007. There was no mention in the motion of Debtor seeking or attempting to seek any other modification or amendment to any of the reclamations prior to that time. At that time, as in all other prior instances of notices from the Debtor concerning matters which might affect the Reclamation Claim or the Unsecured Claim, a hard copy of the motion and the notice was received by my office in addition to the foregoing electronic notice.

6. On October 2, 2007, the Second Amended and Restated Final Order Establishing Procedures for Treatment of Reclamation Claims (the "Amended Reclamation Procedures Order") was entered by the court (Docket No. 10409) essentially granting the relief requested in Debtor's motion.

7. Following receipt of the Debtor's Motion to Amend Reclamation Procedures, the order thereon and subsequent filings related to reclamation claims, I had no reason to believe that there would be any further objections or modifications to the Reclamation Claim or the Unsecured Claim. Nevertheless, on or about September 27, 2007 an electronic notice was sent to my office computer from Kurtzman which included the Debtor's Twenty-first Omnibus Objection to various claims (the "Modification Motion", Docket No. 9535). Included in the Modification Motion of requested relief as to more than 200 claims, was a request by Debtor to modify the Reclamation Claim reducing it from $572,707.98 to $101,905.91 with the difference being shifted to and made a part of the Unsecured Claim. It appears that no other reclamation claim included in the Modification Motion was so drastically affected.

8. Notice of the Modification Motion was received along with several dozen other notices from this case as well as other bankruptcy proceedings for which I am included in the service list all within the space of a few days. The electronic notice of the Modification Motion

was inadvertently deleted without being reviewed by me. Furthermore, on all prior occasions where the Reclamation Claim or the Unsecured Claim may have been affected, our office received a hard copy of the motion, proposed order or any relevant notice. In this case, our office did not receive a hard copy of the Modification Motion or any notice thereof.

9. On October 26, 2007, an Order was entered granting the Debtor's requested modification of the Reclamation Claim (the "Modification Order", Docket No. 10728).

10. I first became aware of the Modification Motion and the Modification Order granting same on November 6, 2007, more than 10 days following entry of the Order during a conversation with JP Morgan.

11. Notice of entry of the Modification Order was first received electronically by me from Kurtzman on November 7, 2007.

Further your Affiant saith not.

_____
Bruce N. Elliott

Subscribed and sworn to before me this 26th day of November, 2007.

_____
Sandra Kay Ford (Bowers) Notary Public
Washtenaw County, Michigan
Acting in Washtenaw County, Michigan
My Commission Expires: June 1, 2012

H:\CLM\Brazeway\Delphi\Affidavit of Bruce N. Elliott.doc