IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| DELPHI CORPORATION, *et al.* | § § | Case No. 05-44481 (RDD) |
| Debtors. | § § § | (Jointly Administered) |

### AFFIDAVIT OF TERENCE SHEEHAN

COUNTY OF LENAWEE    )
                     ) ss.
STATE OF MICHIGAN    )

NOW COMES Terence Sheehan, before me personally sworn, and deposes and says as follows:

1. Your Affiant is the Chief Financial Officer of Brazeway, Inc. ("Brazeway"), he is personally familiar with all matters hereinafter set forth and competent to testify to same.

2. In his capacity as Chief Financial Officer, your Affiant is familiar with all dealings between Brazeway and Delphi Automotive Systems, LLC, one of the debtors in the above-captioned cause ("Debtor").

3. Your Affiant personally helped prepare and is familiar with matters related to the "Reclamation Claim" as described in the Joint Motion of JP Morgan Chase Bank N.A. and Brazeway, Inc. for Reconsideration of and Relief from the Order Modifying Claims Asserting Reclamation Identified in Debtor's Twenty-First Omnibus Claims Objection and in support whereof this Affidavit is filed (the "Motion to Reconsider"). A copy of the Proof of Claim, including the Reclamation Claim together with the documents in support thereof, is attached to the Memorandum of Law in Support of the Motion to Reconsider (the "Memorandum of Law")

**Exhibit 1**.

4. Your Affiant has reviewed the correspondence and documentation provided by Debtor disputing the amount of the Reclamation Claim including the Reclamation Correspondence attached to the Memorandum of Law as **Exhibit 2**.

5. The Debtor's analysis for calculation of inventory on hand as indicated in the Reclamation Correspondence, is patently flawed and inaccurate by reason of but not limited to: (i) the Debtor's calculation of approximately $102,000 for the Reclamation Claim obviously conflicts with the actual physical inventory conducted by representatives of Brazeway in Lockport, New York, immediately after the Debtor's bankruptcy filing indicated Brazeway inventory on hand of at least $188,000, which inventory Brazeway was prevented from continuing and completing by Debtor; and (ii) Debtor failed to provide sufficient credit for inventory on hand shipped by Brazeway to the Texas/Mexico facility of Debtor, which inventory also provides a substantial portion of the Reclamation Claim.

6. Given a reasonable opportunity to conduct and complete an investigation of Debtor's records, facilities and personnel into the value of the inventory and material providing the basis for the Reclamation Claim, your Affiant is informed and verily believes the amount of the Reclamation Claim of approximately $572,700 can be readily substantiated and is true and correct in all material respects.

**BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK**

2

Further your Affiant saith not.

_____
Terence R. Sheehan

Subscribed and sworn to before me this 21st day of November, 2007.

_____
Notary Public
Lenawee County, Michigan
Acting in Lenawee County, Michigan
My Commission Expires: June 12, 2011

AMY E. MILLER
Notary Public, Lenawee County, Michigan
My Commission Expires June 12, 2011

H:\CLM\Brazeway\Delphi\Sheehan Affidavit.doc