UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :    Chapter 11-
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                                                            :    (Jointly Administered)
                   Debtor.                                  :
------------------------------------------------------------x

## AFFIDAVIT OF NEELIMA VELUVOLU IN SUPPORT OF MOTION OF JPMORGAN CHASE BANK, N.A. AND BRAZEWAY, INC. FOR RELIEF FROM RECONSIDERATION OF ORDER MODIFYING CLAIMS ASSERTING RECLAMATION (TWENTY-FIRST OMNIBUS OBJECTION)

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    Neelima Veluvolu, having been duly sworn according to law, deposes and says as follows:

    1. I am a Vice President of JPMorgan Chase Bank, N.A. ("JPMorgan") and a manager in JPMorgan's Trade Claims Documentation Group..

    2. I submit this affidavit in support of the Motion of JPMorgan Chase Bank, N.A. and Brazeway, Inc. for Relief from Reconsideration of Order Modifying Claims Asserting Reclamation (Twenty-First Omnibus Objection). Except as otherwise stated, the facts set forth in this Affidavit are based on my personal knowledge, and if called to testify, I would and could testify competently to the facts set forth herein.

NY-567768 v1

3.     On December 28, 2005, JPMorgan purchased a reclamation claim in the Debtor's bankruptcy proceedings from Brazeway, Inc. ("Brazeway") in the principal amount of $572,707.98 (the "Claim") pursuant to an Assignment of Claim Agreement.

4.     On January 6, 2006, JPMorgan, as assignee of Brazeway, filed a Proof of Claim with the Bankruptcy Court with respect to the Claim (Claim No. 14052) (the "Proof of Claim"). Mr. Stanley Lim, my predecessor as manager of the trade claim documentation group, who has since left JPMorgan, was listed on the Proof of Claim as JPMorgan's contact person for notices relating to the Claim.

5.     As part of its ordinary course of business, JPMorgan regularly purchases and sells claims against debtors in Chapter 11 bankruptcy proceedings.

6.     As part of the monitoring process for claims JPMorgan purchased, JPMorgan regularly reviews documents and pleadings sent to it in bankruptcy cases. JPMorgan has procedures in place for the delivery and review of these pleadings, such that when an objection to one of JPMorgan's claims is filed, a copy of the objection is forwarded to me to review and help coordinate a response to the objection.

7.     Upon information and belief, the Debtor objected to the Claim in its Twenty First Omnibus Claims Objection, dated September 21, 2007 (the "Objection").

8.     Based upon my review of that certain Affidavit of Service filed by Kurtzman Carson Consultants LLC on October 11, 2007 (Docket No. 10549), the Affidavit states that a copy of the Objection was mailed to JPMorgan via U.S. Mail, to the attention of Mr. Stanley Lim. However, we have no knowledge or record of JPMorgan's Trade Claim Documentation Group receiving the Objection in the mail or otherwise. I first learned of the

Objection on November 2, 2007 when notified by our internal counsel, Howard J. Grossman, Esq. as detailed in his Affidavit dated November 19, 2007.

9. The circumstances surrounding the missed Objection are twofold. First, Mr. Lim is no longer employed at JPMorgan. Although JPMorgan has procedures in place for reviewing mail addressed to Mr. Lim and forwarding such mail to an appropriate party, in this instance, I have no record of receiving notice of the Objection until contacted by our counsel on November 2, 2007. Second, on October 12, 2007, JPMorgan's entire operations group relocated from midtown to new offices in downtown Manhattan. The combination of the Objection's service on a former employee and the operations group's move may resulted in the Objection not reaching JPMorgan's Documentation Group if it was so mailed as stated in the Affidavit of Service.

10. Upon learning of the Objection on November 2, 2007, JPMorgan and its outside counsel contacted Brazeway and its outside counsel, and JPMorgan and Brazeway began the process that resulted in the filing of the Motion.

_____
Neelima Veluvolu

SWORN to and SUBSCRIBED to
before me this 19th day
of November, 2007

_Roberto Ristorucci_
Notary Public

My Commission Expires
Oct. 12, 2008

Roberto J. Ristorucci
Notary Public, State of New York
No: 02RI6116800
Qualified in Queens County
Commission Expires Nov. 12, 2008
Oct

- 3 -