McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for Cherry GmbH*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ x
In re                                            : Chapter 11
                                                 :
**DELPHI CORPORATION, et al.,**                  : Case No. 05-44481 (RDD)
                                                 :
            Debtors.                             : (Jointly Administered)
                                                 :
                                                 :
------------------------------------------------ x

**LIMITED OBJECTION OF CHERRY GMBH TO DEBTORS' (A) INTERIORS
AND CLOSURES BUSINESSES SALE MOTION, AND (B) NOTICE OF
ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR
UNEXPIRED LEASE TO PURCHASERS IN CONNECTION WITH SALE OF
INTERIORS AND CLOSURES BUSINESSES**

Cherry GmbH, by and through its undersigned attorneys, hereby files this limited

objection (the "*Limited Objection*") to the Debtors' (1) Expedited Motion for Orders Under 11

U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014(a)

(i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form

and Manner of Sale Notices, and (iv) Setting Sale Hearing Date and (b) Authorizing and

Approving (i) Sale of Certain of Debtor's Assets Comprising Substantially All the Assets

Primarily Used in Debtors' Cockpits and Interior Systems, and Integrated Closure Systems

Businesses Free and Clear of Liens, Claims, and Encumbrances, (ii) Assumption and Assignment of Certain Purchase Orders and Unexpired Leases, and (iii) Assumption of Certain Liabilities (the "*Motion*") and (2) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection with Sale of Interiors and Closures Business (the "*Assumption Notice*"). In support of the Limited Objection, Cherry states as follows:

1. On October 8, 2005 (the "*Petition Date*"), Delphi Corporation, Delphi Automotive Systems LLC ("*Delphi*"), and certain of its affiliates (collectively, the "*Debtors*") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors in possession.

2. Prior to the Petition Date, Cherry GmbH supplied the Debtors with goods and services pursuant to various purchase orders, including purchase order number 550022979 (the "*Purchase Order*").

3. On July 21, 2006, Cherry GmbH filed a proof of claim in the Debtors' cases (the "*Claim*") identifying, among other things, amounts due and owing under the Purchase Order as of the Petition Date. Cherry GmbH subsequently assigned certain portions of the Claim to Hain Capital ("*Hain*") by agreement dated April 21, 2006.

4. On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "*Third Omnibus Claims Objection*").

5. On or about November 7, 2007, Cherry GmbH, Hain, and the Debtors executed that certain settlement agreement, pursuant to which the parties agreed to compromise all controversies and claims between the parties, including those controversies and claims arising under the Purchase Order, the Claim, and the Third Omnibus Claim Objection (the "*Settlement Agreement*"). This Court approved the settlement and the Settlement Agreement by entering a stipulation amongst Cherry GmbH, Hain, and the Debtors on November 16, 2007 (the "*Settlement Stipulation*").

6. In addition, pursuant to the Settlement Agreement, the Debtors agreed to allow Cherry GmbH to scrap certain obsolete material, which included the production line necessary to comply with any future orders under the Purchase Order.

7. On October 15, 2007, the Debtors filed the Motion, which, among other things, seeks to assume and assign the Purchase Order under section 365 of the Bankruptcy Code to the proposed purchaser or any other successful bidder.

8. Subsequent to the filing of the Motion but after the execution of the Settlement Agreement and the entry of the Settlement Stipulation by this Court, the Debtors served on Cherry GmbH the Assumption Notice, which identifies the Purchase Order as an executory contract that the Debtors are seeking to assume and assign as part of the proposed sale.

9. Previously, in the third quarter of 2005, the Debtors informed Cherry GmbH that Delphi would no longer purchase products from Cherry GmbH under the Purchase Order. Cherry GmbH sent Delphi the last shipment under the Purchaser Order in June 2006, at which time Delphi terminated the Purchase Order and informed Cherry GmbH that Cherry GmbH would not be responsible for any future service parts, which would be provided by a Delphi's new supplier going forward. As a result, Cherry GmbH dismantled its production line related to

the Purchase Order, which Delphi agreed Cherry GmbH could scrap under the Settlement Agreement.

10. It is axiomatic under Bankruptcy Code section 365 that a debtor cannot assume and assign a contract that has already been terminated by agreement between the parties. Here, the parties clearly agreed to terminate the Purchase Order and resolved any remaining claims or controversies under the Purchase Order pursuant to the Settlement Agreement and the Settlement Stipulation. Therefore, the Debtors cannot assume and assign the Purchase Order, and this Court should deny the Motion to the extent the Debtors seek such relief.

WHEREFORE, Cherry GmbH respectfully requests that this Court deny the Motion to the extent outlined herein and grant such other and further relief as the Court deems just and appropriate.

Dated: November 26, 2007

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:/s/  Gary Ravert
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York  10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Cherry GmbH*