UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :

    In re                            :      Chapter 11

DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)

              Debtors.    :      (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


SECOND SUPPLEMENTAL ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES <u>AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS</u>

("SECOND SUPPLEMENTAL CLAIM OBJECTION PROCEDURES ORDER")

        Upon the motion, dated October 31, 2006, of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for an order pursuant to 11 U.S.C. §§ 502(b) and 502(c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 establishing (i) dates for hearings regarding disallowance or estimation of claims and (ii) certain notices and procedures governing hearings regarding disallowance or estimation of claims (the "Claim Objection Procedures Motion") (Docket No. 5453), and this Court having entered an order granting the Claim Objection And Procedures Motion on December 6, 2006 (the "Claim Objection Procedures Order") (Docket No. 6089) and a supplemental order on October 23, 2007 (the "Supplemental Order") (Docket No. 10701), and after due deliberation thereon; and good and sufficient cause appearing therefor,



IT IS HEREBY ORDERED THAT:

1. This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearings"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times (the "Claims Hearing Dates") have been scheduled for Claims Hearings in these chapter 11 cases and supersede the dates and times for Claims Hearings that are set forth in the Claim Objection Procedures Order and the Supplemental Order and which follow the date of entry of this Order:

> December 6, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> December 7, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> January 10, 2008 at 10:00 a.m. (prevailing Eastern time)[1]
>
> January 11, 2008 at 10:00 a.m. (prevailing Eastern time)
>
> January 31, 2008 at 10:00 a.m. (prevailing Eastern time)
>
> February 7, 2008 at 10:00 a.m. (prevailing Eastern time)
>
> February 8, 2008 at 10:00 a.m. (prevailing Eastern time)
>
> February 20, 2008 at 10:00 a.m. (prevailing Eastern time)
>
> February 29, 2008 at 10:00 a.m. (prevailing Eastern time)
>
> March 11, 2008 at 10:00 a.m. (prevailing Eastern time)
>
> April 4, 2008 at 10:00 a.m. (prevailing Eastern time)

---

[1] The Claims Hearing that was scheduled on January 8, 2008 at 10:00 a.m. (prevailing Eastern time) pursuant to the Supplemental Order is rescheduled for January 10, 2008 at 10:00 a.m. (prevailing Eastern time). Contested claims matters originally scheduled for the Claims Hearing Date on January 8, 2008 at 10:00 a.m. (prevailing Eastern time) will be heard by this Court at the Claims Hearing Date on January 10, 2008 at 10:00 a.m. (prevailing Eastern time), and, to the extent necessary, at the Claims Hearing Date on January 11, 2008 at 10:00 a.m. (prevailing Eastern time).

        2.        Claims Hearings thereafter may be scheduled by this Court.  All claims matters requiring a hearing in these cases shall be set for and be heard on the Claims Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

        3.        If this Court changes any of the dates for Claims Hearing Dates set forth in paragraph 1 above, the Debtors are authorized to provide a notice of change of Claims Hearing Date (the "Notice") in accordance with paragraph 9 of the Claim Objection Procedures Order. The terms of such Notice shall be binding upon all parties-in-interest in these chapter 11 cases and no other or further notice or order of this Court shall be necessary.

        4.        Except as set forth herein, the Claim Objection Procedures Order shall continue in full force and effect.

Dated: November 20, 2007

                                              /s/Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE