B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re    Case No. 05-44481
DELPHI CORPORATION
DELPHI MEDICAL SYSTEMS COLORADO CORPORATION    Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | **TEMPERATURE PROCESSING CO INC** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |

Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA
C/O Benjamin Tarver
11152 Westheimer Road #796
Houston, TX 77042
Phone: **832-519-1780**
Last Four Digits of Acct #: **n/a**

Name and Address where transferee payments should be sent (if different from above)
*****SAME AS ABOVE*****

Phone:

Last Four Digits of Acct. #: _____
Name and Current Address of Transferor
TEMPERATURE PROCESSING CO INC
Attn ERIC ANGLEHARD

10477 WELD COUNTY ROAD 7 ,

LONGMONT, CO,

Court Claim # (if known): _____
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $566.02**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**    Date: November 25, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---~DEADLINE TO OBJECT TO TRANSFER~---

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

**CLERK OF THE COURT**


New York • Houston

## TRANSFER OF CLAIM

Temperature Processing Co Inc of 10477 Weld County Road 7 Attn Eric Anglehard Longmont CO 80504-5442 ("Assignor"), in consideration of payment of ▓▓▓▓ (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Temperature Processing Co Inc
_____
Authorized Signature / Manager

ERIC ENGELHARD
Print Name & Title

info@tpcolorado.com
Email

303-772-0250
Phone Number

Nov 20, 2007
Date

FAX TO 1-800-571-9226

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

C4

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re                                                         Case No. 05-44481
DELPHI CORPORATION
DELPHI AUTOMOTIVE SYSTEMS LLC                Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | **MECHANICAL INSULATION SERVICES INC** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
**C/O Benjamin Tarver**
**11152 Westheimer Road #796**
**Houston, TX 77042**
  Phone: **832-519-1780**
  Last Four Digits of Acct #: **n/a**                 Last Four Digits of Acct. #: _____
  Name and Address where transferee payments           Name and Current Address of Transferor
  should be sent (if different from above)             MECHANICAL INSULATION SERVICES INC
      *****SAME AS ABOVE*****                          304 S NIAGARA

Phone:
                                                      SAGINAW, MI, 48602
Court Claim # (if known): _____
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $7,364.00**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**                        Date: November 25, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---~DEADLINE TO OBJECT TO TRANSFER~---

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                        _____
                                                       **CLERK OF THE COURT**

2559


New York • Houston

## TRANSFER OF CLAIM

Mechanical Insulation Services Inc of 304 S Niagara St Saginaw MI 48602-1570 ("Assignor"), in consideration of payment of ▮▮5.60 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Mechanical Insulation Services Inc, *PO Box 68, Essexville MI 48732*

*[signature]*
Authorized Signature

*Rick Shaman, President*
Print Name & Title

*rick@misinsulation.com*
Email

*989 922-5834*
Phone Number

*11/20/07*
Date

FAX TO 1-800-571-9226

PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS

C4

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re                                                                Case No. 05-44481
DELPHI CORPORATION
DELPHI MECHATRONIC SYSTEMS, INC         Court ID (Court use only)_____

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | **STK MACHINE REBUILDERS, INC.** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | |
| **C/O Benjamin Tarver** | |
| **11152 Westheimer Road #796** | |
| **Houston, TX  77042** | |
| Phone: **832-519-1780** | |
| Last Four Digits of Acct #: **n/a** | Last Four Digits of Acct. #: _____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor |
| *****SAME AS ABOVE***** | STK MACHINE REBUILDERS, INC. |
| | Attn KELLY COLON JR |
| Phone: | 500 N. LAFOX ST.       , |
| Court Claim # (if known): _____ | |
| Date Claim Filed: | SOUTH ELGIN, IL, 60177 |

**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $475.00**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**                              Date:  November 25, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                              _____
                                                            **CLERK OF THE COURT**



New York - Houston

3025

## TRANSFER OF CLAIM

Stk Machine Rebuilders, Inc. of 500 N La Fox St Attn Kelly Colon Jr South Elgin IL 60177-1618 ("Assignor"), in consideration of payment of ▮▮▮.00 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Stk Machine Rebuilders, Inc.

_[signature]_
Authorized Signature

Colon Kelly — President
Print Name & Title

Sales @ stkrebuilders.com
Email

847-888-0797
Phone Number

11/15/07
Date

FAX TO 1-800-571-9226

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

C4

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re
DELPHI CORPORATION
DELPHI AUTOMOTIVE SYSTEMS LLC

Case No. 05-44481

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
Name of Transferee
Name and Address where notices to transferee
should be sent
**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
**C/O Benjamin Tarver**
**11152 Westheimer Road #796**
**Houston, TX 77042**
Phone: **832-519-1780**
Last Four Digits of Acct #: **n/a**
Name and Address where transferee payments
should be sent (if different from above)
*****SAME AS ABOVE*****

Phone:

Court Claim # (if known): _____
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $900.00**

**PIERBURG INC**_____
Name of Transferor
Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct. #: _____
Name and Current Address of Transferor
PIERBURG INC
5 SOUTHCHASE CT

FOUNTAIN INN, SC, 29644

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: **/s/ Benjamin D. Tarver**                                Date: November 25, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---**DEADLINE TO OBJECT TO TRANSFER**---

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                        _____
                                                                            **CLERK OF THE COURT**

1589


New York • Houston

## TRANSFER OF CLAIM

Pierburg Inc of 5 Southchase Ct Fountain Inn SC 29644-9018 ("Assignor"), in consideration of payment of $████0 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever, Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Pierburg Inc

_[signature]_
Authorized Signature

CHRISTOPH KUSE / Dir. of Finance
Print Name & Title

_____
Email

_____
Phone Number

11/12/07
Date

FAX TO 1-800-571-9226

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

C4

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re
DELPHI CORPORATION
SPECIALTY ELECTRONICS, INC

Case No. 05-44481

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | **IZUMI INTERNATIONAL INC.** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA
C/O Benjamin Tarver
11152 Westheimer Road #796
Houston, TX 77042**

Phone: **832-519-1780**
Last Four Digits of Acct #: **n/a**

Name and Address where transferee payments should be sent (if different from above)
        *****SAME AS ABOVE*****

Last Four Digits of Acct. #: _____

Name and Current Address of Transferor
IZUMI INTERNATIONAL INC.
1 PELHAM DAVIS CIRCLE

Phone:

Court Claim # (if known): _____
Date Claim Filed:

GREENVILLE, SC, 29615

**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $1,253.89**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**                    Date: November 25, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                           _____
                                         **CLERK OF THE COURT**

1585



New York • Houston

## TRANSFER OF CLAIM

Izumi International Inc. of 1 Pelham Davis Cir Greenville SC 29615-5751 ("Assignor"), in consideration of payment of $[...].56 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Izumi International Inc.

*Ann Billings* (signature)
Authorized Signature

Ann Billings    Office Manager
Print Name & Title

abillings@izumiinternational.com
Email

864-288-8001 x 4
Phone Number

11/13/07
Date

FAX TO 1-800-571-9226

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re
DELPHI CORPORATION
DELPHI AUTOMOTIVE SYSTEMS LLC

Case No. 05-44481

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
Name of Transferee
Name and Address where notices to transferee
should be sent
**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
**C/O Benjamin Tarver**
**11152 Westheimer Road #796**
**Houston, TX 77042**
Phone: **832-519-1780**
Last Four Digits of Acct #: **n/a**
Name and Address where transferee payments
should be sent (if different from above)
*****SAME AS ABOVE*****

Phone:

Court Claim # (if known): _____
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $1,000.00**

**NAACP**
Name of Transferor
Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct. #: _____
Name and Current Address of Transferor
NAACP
YOUNGSTOWN BRANCH

3119 MARKET ST STE 206 ,

YOUNGSTOWN, OH, 44507

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**     Date: November 25, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---**DEADLINE TO OBJECT TO TRANSFER**---

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**



New York • Houston

2084

## TRANSFER OF CLAIM

Naacp of 3119 Market St Ste 206 Youngstown Branch Youngstown OH 44507-1823 ("Assignor"), in consideration of payment of $____.00 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Naacp
_____
Authorized Signature

Lillian D. Cunningham, Freedom Fund, Chair
Print Name & Title

naacpyoungstown@aol.com
Email

330 782-9777
Phone Number

Nov. 13, 2007
Date

FAX TO 1-800-571-9226

PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS

C4

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re
DELPHI CORPORATION
DELPHI AUTOMOTIVE SYSTEMS LLC

Case No. 05-44481

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
Name of Transferee
Name and Address where notices to transferee
should be sent
**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
**C/O Benjamin Tarver**
**11152 Westheimer Road #796**
**Houston, TX 77042**
Phone: **832-519-1780**
Last Four Digits of Acct #: **n/a**
Name and Address where transferee payments
should be sent (if different from above)
*****SAME AS ABOVE*****

Phone:

Court Claim # (if known): _____
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $420.00**

**FOR ALL SEASONS LIMOUSINE INC**
Name of Transferor
Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct. #: _____
Name and Current Address of Transferor
FOR ALL SEASONS LIMOUSINE INC
21 N PINE ST

NORTH MASSAPEQUA, NY, 11758

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**                     Date: November 25, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---~DEADLINE TO OBJECT TO TRANSFER~---
The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                        _____
                                                       **CLERK OF THE COURT**

1053


New York • Houston

## TRANSFER OF CLAIM

For All Seasons Limousine Inc of 21 N Pine St  North Massapequa NY 11758-2450 ("Assignor"), in consideration of payment of $▉▉00 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

For All Seasons Limousine Inc

_[signature]_
Authorized Signature

MAURY CHESNOFF
Print Name & Title

qcpretzel@AOL.COM
Email

917-856-9495
Phone Number

11/14/07
Date

**FAX TO 1-800-571-9226**

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

C4