Thomas T. Janover (TJ-1573)
Jonathan T. Koevary (JK-5730)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000

*Counsel for Latigo Master Fund Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ──────────────────────────────x |  |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
| ──────────────────────────────x |  |  |

### RESPONSE OF LATIGO MASTER FUND LTD. TO
### DEBTORS' TWENTY-SECOND OMNIBUS CLAIMS OBJECTION

Latigo Master Fund Ltd. ("Latigo"), by and through its undersigned counsel, hereby files this response (the "Response") to the Twenty-Second Omnibus Objection of the above-captioned debtors and debtors-in-possession (the "Debtors") Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification That Are Subject to Prior Orders, and Modified Claims Asserting Reclamation That Are Subject to Prior Orders, dated October

KL2 2533902.2

26, 2007 (the "Twenty-Second Omnibus Objection"). In support of this Response, Latigo respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Court has ordered joint administration of these cases. No trustee or examiner has been appointed in these cases.

2. On March 22, 2006, Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson") filed a proof of claim ("Claim No. 2353"), against Delphi Automotive Systems LLC ("Delphi Automotive") in the amount of $1,373,431.35 for debt that was incurred prior to the Petition Dates.

3. On or about January 16, 2007, Sony Ericsson transferred Claim No. 2353 to Deutsche Bank Securities, Inc., as set forth in the Evidence of Transfer of Claim previously filed with this Court [Dkt. No. 6747].

4. On or about February 21, 2007, Deutsche Bank Securities, Inc. transferred Claim No. 2353 to Latigo, as set forth in the Evidence of Transfer of Claim previously filed with this Court [Dkt. No. 7017]. Latigo is now the record holder of Claim No. 2353.

5. Since filing Claim No. 2353, Sony Ericsson has worked with the Debtors to reconcile all disputed amounts owed by Debtors with respect to Claim No. 2353. While the parties have attempted to resolve the disputed amounts cooperatively, several sums remain in dispute.

KL2 2533902.2

6.      On October 26, 2007, the Debtors filed the Twenty-Second Omnibus Objection wherein they objected to Claim No. 2353 as a "Claim Subject to Modification," seeking to reduce the amount from $1,373,431.35 to $1,122,356.19, on the basis that Claim No. 2353 states the incorrect amount or is overstated.

## **RESPONSE TO THE TWENTY-SECOND OMNIBUS OBJECTION**

7.      Latigo does not agree that Claim No. 2353 should be modified to $1,122,356.19, and asserts that the proper amount of the claim is $1,373,431.35.

8.      Pursuant to Fed. R. Bankr. P. 3001(f), the timely filed Claim "constitutes prima facie evidence of the validity and amount" of the Claim. An objection to a claim does not deprive it of this presumptive validity unless the objection is supported by substantial evidence of equally probative value. *See In re Lundell*, 223 F. 3d 1035 (9th Cir. 2000) (debtor must establish sufficient, credible facts to rebut the presumption of validity); *Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996) (presumptive validity not altered unless objection supported by substantial evidence); *In re Hemingway Transp. Inc.*, 993 F.2d 915 (1st Cir. 1993) (same); *In re Fullmer*, 962 F.2d 1463 (10th Cir. 1992) (presumption may be overcome only by substantial evidence of equally probative value); *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"). The Debtors have provided no legal or factual basis whatsoever to overcome the presumption of the validity of the entire amount of the underlying claim.

9.      Furthermore, at least $111,637.32 of the disputed amount represents payments clearly owed for products Sony Ericsson delivered to Debtors as evidenced in proof of delivery documents previously submitted with the proof of claim and/or

3

otherwise provided to the Debtors. The remainder of the disputed amount, $139,437.84, represents unspecified and unsubstantiated deductions from Sony Ericsson invoices. As no evidentiary support has been provided to disallow or expunge these sums, the Twenty-Second Omnibus Objection is insufficient as a matter of law to overcome the presumption of validity set forth above.

## CONCLUSION

WHEREFORE, Latigo respectfully requests that the Court enter an Order (i) overruling the Twenty-Second Omnibus Objection as set forth herein; and (ii) granting Latigo such other and further relief as is just and proper.

Dated:  November 27, 2007
        New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Jonathan T. Koevary
Thomas T. Janover (TJ-1573)
Jonathan T. Koevary (JK-5730)
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000

*Counsel for Latigo Master Fund Ltd.*