| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*<br>Debtors and Debtors in Possession<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Neil Berger (NB-3599)<br>Lara Sheikh (LS-0879) | Hearing Date: November 29, 2007<br>At:  10:00 a.m. |

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                :
In re:                                                          :    Chapter 11
                                                                :    Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*,              :
                                                                :    Jointly Administered
                                           Debtors.    :
                                                                :
-------------------------------------------------------------x

**DEBTORS' SURREPLY TO REPLY BRIEF IN SUPPORT OF MOTION OF VERIZON SERVICES CORP. FOR PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM PURSUANT TO MOBILEARIA SALE ORDER**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this surreply (the "Surreply") to the Reply Brief (the "Reply") in support of Motion of Verizon Services Corp. ("Verizon") for Payment of Administrative Expense Claim Pursuant to Mobilearia Sale Order (the "Motion") and respectfully represent as follows:

1. Despite Verizon's protestations to the contrary, the Motion can be disposed of as a matter of law.  Verizon bears the burden of proving that its alleged claim is entitled to administrative expense status by a preponderance of the evidence. See, In re Bethlehem Steel Corp., No. 04 Civ. 2413 (GBD), 2006 WL 510335, at *2

(S.D.N.Y. March 2, 2006); In re Bradlees, Inc., No. 02 Civ. 0896 (WHP), 2003 WL 76990, at *2 (S.D.N.Y. Jan. 9, 2003); In re Tower Automotive, Inc., No. 05-10578 (ALG), 2007 WL 1888383, at *2 (Bankr. S.D.N.Y. June 29, 2007); In re Enron Corp., 279 B.R. 79, 85 (Bankr. S.D.N.Y. 2002); In re Drexel Burnham Lambert Group, Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).

2.  The only evidence that Verizon has proffered in support of the Motion is the GPS Agreement.[1]  However, as set forth at length in the Debtors' Objection to the Motion, the GPS Agreement does not in any way support Verizon's alleged entitlement to the Wireless Service Damages Claim.  In fact, the express provisions of the GPS Agreement demonstrate that Verizon has no claim.

3.  Verizon's Reply is riddled with factual allegations without citations to any evidence to support those allegations.  For instance, Verizon states that it "clearly communicated to MobileAria, at the outset of the project, that the majority of GPS Units would be activated under a 2 Meg Plan and therefore would need to, and should, transmit no more than two megabytes of data per month."  Reply ¶ 5.  Verizon further asserts that "as an essential specification of the project at the outset – fundamental, in fact, to Verizon's decision to do business with MobileAria and deploys its units in the first instance – MobileAria committed to design and manufacture GPS Units that would transmit no more than two megabytes of data per month in the course of their operation."  Reply ¶ 7.  However, the Reply is not supported by any declaration, document, agreement or facts whatsoever to support these errant allegations.

4.  The GPS Agreement and its various exhibits, which outline the specifications for the GPS Units bear no mention of any express agreement or

---

[1]  Capitalized terms used and not otherwise defined herein, shall have the meaning ascribed to such terms by the Debtors' Objection to the Motion.

specification that the GPS Units would not exceed two megabytes of usage per month. Verizon has not submitted a declaration or citation to other evidence in support of this statement or the many others contained throughout its Reply.

5.     In contrast, the Debtors submitted a detailed declaration in support of its Objection to the Motion to demonstrate why they do not have any liability for the asserted Overage Charges.  See, Absmeier Declaration.  Specifically, as set forth in the Absmeier Declaration, Mobilearia recommended to Verizon that it select a limited 6 Mb plan for the GPS Units to be activated with a limited usage plan.  Absmeier Decl. ¶ 8. Verizon did not follow Mobilearia's recommendation and selected the limited 2 Mb plan rather than a limited 6 Mb plan.  Absmeier Decl. ¶ 8.  The Debtors are perplexed as to what basis exists for Verizon to seek to hold Mobilearia responsible for overage charges that resulted from Verizon's choice of a limited 2 Mb plan against MobileAria's recommendation.  See, Absmeier Decl. ¶ 8.

6.     If there was a basis for liability for the Wireless Services Damage Claim against MobileAria, Verizon could have, and should have cited it rather than make broad allegations without any evidentiary support.

7.     The Reply misrepresents several other statements made in the Objection and supported by the Absmeier Declaration.

8.     *First*, contrary to Verizon's characterization, the software changes that were implemented did not bring every unit below 2 megabytes of usage per month. Reply ¶ 7. Rather, Mobilearia enhanced the Verizon tested and approved software design and encryption method to reduce the data usage, Absmeier Decl. ¶ 21, but the enhancements did not completely solve the overage issues.

9.  *Second*, Verizon's assertions that it has provided substantial information responsive to requests made by MobileAria is misleading.  Reply ¶ 8.  In fact, Verizon provided MobileAria and again provided counsel to the Debtors by e-mail dated October 26, 2007, billing details for the charges for which Verizon seeks to hold MobileAria liable.  While MobileAria may not refute that Verizon was charged for these items by Verizon Wireless, MobileAria has never admitted liability for those bills.

10. Rather, MobileAria reviewed and analyzed the billing details at great time and expense and has repeatedly asked Verizon to address the key questions presented by the Objection:  Why should MobileAria be held responsible for charges that were outside of its control and for which it bears no contractual or other legal liability?  No credible response was provided by Verizon, and Verizon seeks discovery to find some basis for its claim.  This approach seeks to improperly shift the burden of proof so that the Debtors would bear the cost of disproving the existence of a claim.  Verizon bears the burden to establish its claim by a preponderance of the evidence and has twice failed to satisfy its burden.

11. *Third*, to the extent that MobileAria's $86,017.82 payment was on account of "overage" charges, they were overages on account of misactivations.  See, Absmeier Decl. ¶ 24.

12. The Reply proposes that a discovery schedule should be established prior to any substantive hearing on the Motion.  The Debtors submit that discovery on the Motion is inappropriate.  As a threshold matter, Verizon should be required to submit some evidence in support of its alleged administrative claim, but it has failed to do so in its Motion and its Reply.  Verizon should not be permitted to file a motion for an administrative expense without any evidentiary support and then conduct a fishing

expedition for three months in the hope of finding some support for its claim. The Debtors respectively submit that this form of motion practice should not be condoned.

13. Accordingly, the Debtors respectfully submit that the Motion be denied.

**WHEREFORE,** the Debtors respectfully request that this Court enter an order (a) denying the Wireless Service Damages Claim, and (b) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
             November 27, 2007

                                                                DELPHI CORPORATION, *et al.*
                                                                By their attorneys,
                                                                TOGUT, SEGAL & SEGAL LLP
                                                                By:

                                                                /s/ Neil Berger
                                                                NEIL BERGER (NB-3599)
                                                                Member of the Firm
                                                                One Penn Plaza
                                                                New York, New York 10119
                                                                (212) 594-5000