**Hearing Date: November 29, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                               :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                           :
                       Debtors.      :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIMS SUBJECT TO MODIFICATION THAT ARE SUBJECT TO PRIOR ORDERS, AND MODIFIED CLAIMS ASSERTING RECLAMATION THAT <u>ARE SUBJECT TO PRIOR ORDERS</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-SECOND
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection"), and respectfully represent as follows:

1. The Debtors filed the Twenty-Second Omnibus Claims Objection on October 26, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) they are duplicative of other Claims or have been amended or superseded by later-filed Claims, (ii) they were filed by a holder of Delphi common stock solely on account of its stock holdings and were untimely filed pursuant to the Bar Date Order, (iii) they contain insufficient documentation in support of the Claims asserted, (iv) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (v) they assert liabilities of taxing authorities that are not reflected on the Debtors' books and records, (vi) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (vii) they assert liabilities of taxing authorities that

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Second Omnibus Claims Objection.

2

are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (viii) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were modified pursuant to prior orders, (ix) they were untimely filed pursuant to the Bar Date Order, and (x) they were filed by taxing authorities and were untimely filed pursuant to the Bar Date Order, and (b) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to (i) certain Claims, (ii) certain Claims filed by taxing authorities, (iii) certain Claims, some of which are subject to an agreement between the claimant and the Debtors relating to the valid amount of each claimant's reclamation demand, some of which are subject to certain reserved defenses, and some of which are held by claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, (iv) certain Claims that were modified pursuant to prior orders, and (v) certain Claims that were modified pursuant to prior orders, some of which are subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, and others of which are held by Claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses.

2. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Second Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Twenty-Second Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on November 21, 2007.

3. As of November 27, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 28 timely-filed and one untimely-filed formal docketed responses (collectively, the "Responses") to the Twenty-Second Omnibus Claims Objection. In the aggregate,

3

the Responses cover 32 Claims. A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

        4.        Attached hereto as <u>Exhibit B</u> is the revised proposed order (the "Revised Proposed Order")[2], which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed. Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order. As set forth on <u>Exhibit A</u> hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the 32 Claims for which Responses were filed.

        5.        In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Twenty-Second Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

        6.        Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Order adequately addresses the

---

[2]    Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Second Omnibus Claims Objection.

4

issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Twenty-Second Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       November 28, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

By:   John. Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:   Kaylayn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

5