**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To The Debtors' Twenty-Second Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Commonwealth of Virginia Department of Taxation (Docket No. 10848) | 16729 | Commonwealth of Virginia Department of Taxation (the "Virginia Department of Taxation") asserts that proof of claim no. 16729 constitutes an administrative expense claim filed in the amount of $14,579.98 for corporate income taxes incurred by the Debtors for the tax period from January 1, 2005 to December 31, 2005 and assessed on December 18, 2006. The Virginia Department of Taxation disagrees with the Debtors' Twenty-Second Omnibus Claims Objection (the "Objection") to disallow proof of claim no. 16729 as an untimely filed prepetition claim. The Virginia Department of Taxation asserts that the bar date does not apply to its proof of claim because its claim is an administrative expense claim under 11 U.S.C. § 503(b). | Untimely tax claims | Adjourn |
| 2. | Harco Industries, Inc. (Docket No. 10849) | 16497 | Harco Industries Inc. ("Harco") disagrees with the Debtors' Objection to reduce proof of claim no. 16497 from $606,089.00 to $548,176.74. Harco further asserts its belief that its proof of claim is accurate and that the Debtors have not provided an explanation for | Claims subject to modification | Adjourn |

---

[1] This chart reflects all Responses entered on the docket as of Tuesday, November 27, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, November 27, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | the discrepancy. | | |
| 3. | State of Michigan, Department of Labor & Economic Growth, Unemployment Insurance Agency (Docket No. 10867) | 16721 | State of Michigan, Department of Labor & Economic Growth, Unemployment Insurance Agency (the "Michigan Department of Labor") disagrees with the Debtors' Objection to disallow proof of claim no. 16721, filed in the amount of $1,651.43, as untimely. Michigan Department of Labor asserts that proof of claim no. 16721 (i) relates back to timely filed proof of claim no. 4533 and (ii) is a postpetition administrative claim not subject to the proof of claim bar date. Michigan Department of Labor further asserts that the Debtors have failed to produce any evidence sufficient to rebut the prima facie validity of proof of claim no. 16721. | Untimely books and records tax claims | Adjourn |
| 4. | CTS Corporation (Docket No. 10914) | 11256 | CTS Corporation ("CTS") asserts that the Debtors' Objection to proof of claim no. 11256 is misleading because it contains inaccurate figures. CTS asserts that proof of claim no. 11256 was filed in the amount of $2,405,898.43. CTS further asserts that it transferred $1,950,968.78 of proof of claim no. 11256, including the priority portion in an amount of $161,144.56, to Bear Stearns Investment Products, Inc., leaving CTS with a $454,929.65 unsecured claim. CTS asserts that, contrary to Exhibit F-3 to the Objection listing the portion of proof of claim no. 11256 retained by CTS at $293,785.09, CTS actually retained a portion of proof of claim no. 11256 in the amount of $454,929.65. CTS asserts that as a result of these alleged misstatements, the Debtors' Objection fails to state that it is actually seeking a reduction of $401,149.92. CTS further asserts that | Modified claims asserting reclamation | Adjourn |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | Debtors have failed to produce any evidence to rebut the prima facie validity of proof of claim no. 11256. | | |
| 5. | State of Michigan, Department of Treasury (Docket No. 10945) | a) 16724 | a) State of Michigan, Department of Treasury (the "Michigan Treasury Department") asserts that (i) proof of claim no. 16724, filed in the amount of $10,459,293.30, was filed as an amended priority tax claim against Delphi Corporation, (ii) proof of claim no. 16724 properly relates back to its original priority tax claim filed on March 23, 2006 in the amount of $7,061,266.16, and (iii) its original claim was subsequently amended on April 4, 2006, May 16, 2006, July 30, 2007, and again on October 10, 2007. | Untimely tax claims | Adjourn |
| | | b) 16725 | b) Michigan Treasury Department further asserts that (i) proof of claim no. 16725, filed in the amount of $4,239.59, was filed as an amended administrative expense claim against Delphi Corporation, (ii) proof of claim no. 16725 relates back to its original timely filed administrative expense claim filed on April 4, 2006, and (iii) its administrative expense claim was amended on May 16, 2006, and again on October 10, 2007.<br><br>Michigan Treasury Department disagrees with the Debtors' Objection to disallow proofs of claim nos. 16724 and 16725 as untimely, arguing that its amended claims properly relate back to its original timely filed claims. | | |
| 6. | Gully Transportation, Inc. (Docket No. 10961) | 10019 | Gully Transportation, Inc. ("Gully") disagrees with the Debtors' Objection to reduce proof of claim no. 10019 from | Claims subject to modification | Adjourn |

3

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $63,903.24 to $31,864.57. Gully asserts that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. In the alternative, Gully argues that to the extent it has misclassified any postpetition services as prepetition, it should be allowed to reclassify that portion of its claim as an administrative expense claim. | | |
| 7. | Yazaki North America, Inc. (Docket No. 10977) | 13183 | Yazaki North America, Inc. ("Yazaki") disagrees with the Debtors' Objection to reduce proof of claim no. 13183 from $1,484,512.92 (of which $399,727.94 was a secured claim and $1,084,784.98 was an unsecured claim) to an unsecured claim in the amount of $382,919.41. Yazaki asserts that a representative of the Debtors admitted in a phone conversation that Yazaki was owed at least $800,000.00. Yazaki further asserts that the Debtors have failed to rebut the prima facie validity of proof of claim no. 13183. Yazaki requests that the Court authorize Yazaki to set off the amounts it may owe the Debtors against its proof of claim. Yazaki reattaches proof of claim no. 13183 and supporting invoices. | Claims subject to modification | Adjourn |
| 8. | Rassini, S.A. De C.V. (Docket No. 10984) | 12399 | Rassini, S.A. De C.V. ("Rassini") disagrees with the Debtors' Objection to reduce proof of claim no. 12399 from $435,420.73 to $334,267.91. Rassini asserts that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of proof of claim no. 12399. Rassini further asserts that there is no support for the Debtors to make further objections to its claim at a later time. Rassini reattaches its proof of claim and redacted invoices | Claims subject to modification | Adjourn |

4

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | supporting its claim. | | |
| 9. | Capro Ltd (Docket No. 10986) | 1704 | Capro Ltd ("Capro") disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 1704 from $874,448.21 (of which $299,723.41 was a secured claim and $574,724.80 was an unsecured claim) to $841,095.73 (of which $57,003.23 would be a priority claim and $784,092.50 would be an unsecured claim). Capro asserts that the Debtors have not produced any evidence, let alone substantial evidence, to rebut the prima facie validity of proof of claim no. 1704. | Modified claims asserting reclamation | Adjourn |
| 10. | PBR Knoxville LLC (Docket No. 10989) | 5980 | PBR Knoxville LLC ("PBR") disagrees with the Debtors' Objection to reduce proof of claim no. 5980 from $9,225,767.18 (of which $68,308.00 was a secured claim and $9,157,458.38 was unsecured) to an unsecured claim of $9,157,458.38. PBR asserts that the Debtors have not produced sufficient evidence to rebut the prima facie validity of proof of claim no. 5980. PBR reattaches its proof of claim and supporting documentation. | Claims subject to modification | Adjourn |
| 11. | Siemens VDO Automotive Canada Inc. f/k/a/ Siemens Automotive Inc. (Docket No. 10990) | 2773 | Siemens VDO Automotive Canada Inc. f/k/a/ Siemens Automotive Inc. ("Siemens VDO") disagrees with the Debtors' Objection to disallow proof of claim no. 2773, filed in the amount of $2,291,767.58. Siemens VDO asserts that the Debtors' books and records entries, when presented alone, are insufficient evidence to overcome a properly filed proof of claim's prima facie evidence of validity. Siemens VDO reattaches its proof of claim and supporting documentation, and attaches new additional documentation of wire transfer payments related to certain invoices in proof of claim no. 2773. | Books and records claims | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 12. | Morgan Advanced Ceramics/Diamonex Products Div. (Docket No. 10991) | 11534 | Morgan Advanced Ceramics/Diamonex Products Div. ("Morgan Advanced") disagrees with the Debtors' Objection to disallow proof of claim no. 11534, filed in the amount of $550,547.81. Morgan Advanced asserts that the Debtors' have not presented sufficient evidence to overcome the prima facie validity of proof of claim no. 11534. Morgan Advanced reattaches its proof of claim and supporting documentation, and attaches new additional documentation regarding its recoupment claim. | Books and records claims | Adjourn |
| 13. | Republic Engineered Products, Inc. (Docket No. 10992) | 11264 | Republic Engineered Products, Inc. ("Republic") disagrees with the Debtors' Objection to reduce proof of claim no. 11264 from $650,319.85 (of which $305,961.91 was a priority claim and $344,357.94 was an unsecured claim) to $624,654.76 (of which $305,961.91 would be a priority claim and $318,692.85 would be an unsecured claim). Republic further asserts that the Debtors have failed to produce any evidence in support of the $20,665.09 further reduction of its unsecured claim. Republic reattaches its proof of claim and supporting documentation, and attaches new additional documentation in support of its claim. | Modified claims asserting reclamation that are subject to prior orders | Adjourn |
| 14. | Peugeot Japy Industries S.A. (Docket No. 10993) | 12136 | Peugeot Japy Industries S.A. ("Peugeot") disagrees with the Debtors' Objection to reduce proof of claim no. 12136 from $933,276.00 to $830,000.00. Peugeot asserts that the Debtors have set forth no evidence, let alone sufficient evidence, to rebut the prima facie validity of proof of claim no. 12136. Peugeot reattaches its proof of claim and supporting documentation. | Claims subject to modification | Adjourn |
| 15. | Neuman Aluminum | 15454 | Neuman Aluminum Automotive, Inc. and | Modified claims | Adjourn |

6

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. (Docket No. 10995) | | Neuman Aluminum Impact Extrusion, Inc. (collectively, "Neuman") agree to the Debtors' Objection seeking to (i) reduce proof of claim no. 15454 from $631,976.95 to $598,180.06 (of which $2,521.51 would be a priority claim and $595,658.55 would be an unsecured claim), and (ii) change the debtor against which the claim is asserted from Delphi Automotive Systems Services LLC to Delphi Automotive Systems LLC ("DAS LLC"), provided that proof of claim no. 15454 is treated as a final allowed claim not subject to any further objection by the Debtors. Neuman reattaches its proof of claim and supporting invoices. | asserting reclamation | |
| 16. | A. Schulman, Inc. (Docket No. 10998) | 16627 | A. Schulman, Inc. ("A. Schulman") disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 16627 as untimely. A. Schulman asserts that proof of claim no. 16627, filed in the amount of $134,297.99, properly relates back to timely filed proof of claim no. 11260, filed in an amount of $98,066.34. A. Schulman further asserts that the Debtors have failed to rebut the prima facie validity of its claim. A. Schulman reattaches its proof of claim and supporting documentation, and attaches new additional bills of lading as further documentation of its claim. | Untimely books and records claims | Adjourn |
| 17. | The Goodyear Tire & Rubber Company (Docket No. 10999) | 6956 | The Goodyear Tire & Rubber Company ("Goodyear"), as assignor to J.P. Morgan Chase Bank, N.A., disagrees with the Debtors' Objection to reduce proof of claim no. 6956 from $1,332,006.89 to $1,220,118.63. Goodyear asserts that the Debtors have failed to explain the basis for seeking such a reduction in that the Debtors | Claims subject to modification | Adjourn |

7

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | do not specify which invoices they object to or whether they assert some other theory for reducing the claim. | | |
| 18. | TI Group Automotive Systems, LLC (Docket No. 11000) | 11743 | TI Group Automotive Systems, LLC ("TI Automotive"), as assignor to J.P. Morgan Chase, N.A., disagrees with the Debtors' Objection to reduce proof of claim no. 11743 from $1,777,501.48 to $1,112,587.31. TI Automotive asserts that it entered into a settlement agreement dated May 1, 2006 with the Debtors which provides that TI Automotive shall have an allowed prepetition unsecured claim in an amount between $1,777,501.48 and $1,294,581.00. TI Automotive further asserts that (i) the correct amount of the claim is $1,777,501.48, (ii) the Objection does not provide any detail as to the basis for the reduction, and (iii) the Objection seeks to reduce proof of claim no. 11743 below the minimum amount established pursuant to the settlement agreement. TI Automotive attaches the settlement agreement and accompanying exhibits in support of its claim. | Claims subject to modification that are subject to prior orders | Adjourn |
| 19. | James Hutz, Jr. (Docket no. 11001) | 3139 | James Hutz, Jr. ("Hutz") disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 3139, asserted in the amount of $2,157,683.93. Hutz asserts that its personal injury contingent unliquidated indemnification claim is proper against Delphi Corporation, arguing that if there is not any insurance liability coverage covering employee Stephanie Gray on February 17, 2000, then Delphi Corporation may be required to indemnify Ms. Gray for any resulting liability to Hutz. Hutz attaches new additional documentation in support of its | Books and records claims | Adjourn |

8

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim. | | |
| 20. | Spansion LLC, as assignee of AMD International Sales & Service, Ltd. (Docket No. 11007) | 10589 | Spansion LLC ("Spansion"), as assignee of AMD International Sales & Services, Ltd., disagrees with the Debtors' Objection to reduce proof of claim no. 10589 from $136,561.72 to $33,561.72. Spansion requests that this Court allow proof of claim no. 10589 plus accrued prepetition interest and postpetition interest (if the Debtors turn out to be solvent) pursuant to the terms and conditions of sale between the parties. | Claims subject to modification | Adjourn |
| 21. | Contrarian Funds, LLC (Docket No. 11016) | | Contrarian Funds, LLC ("Contrarian"), as assignee of (i) proof of claim no. 1544, originally asserted by Great Northern Transportation Co., Inc., and (ii) proof of claim no. 7459, originally asserted by Thomas Engineering Company, agrees with the Debtor's Objection to modify and reduce proofs of claim nos. 1554 and 7459, provided that these claims are (i) allowed in full as proposed by the Debtors and (ii) are not subject to further Objections by the Debtors. | Claims subject to modification | Adjourn |
| | | a) 1544 | a) Contrarian does not oppose the Debtors' Objection to modify and reduce proof of claim no. 1544, asserted as a priority claim in the amount of $49,857.50 against Delphi Corporation, to an unsecured claim in the amount of $46,497.50 against DAS LLC. | | |
| | | b) 7459 | b) Contrarian does not oppose the Debtors' Objection to modify and reduce proof of claim no. 7459, asserted as an unsecured claim in the amount of $100,819.04 against Delphi Corporation, to an unsecured claim in the amount of $93,373.95 against DAS LLC. | | |
| 22. | Hutchinson FTS Inc. | 13967 | Hutchinson FTS Inc. ("Hutchinson") agrees | Claims subject to | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | (Docket No. 11021) | | with the Debtors' Objection to reduce proof of claim no. 13967 from $283,429.97 to the amount of $274,165.00. Hutchinson requests that the Court enter an order allowing proof of claim no. 13967 as a general unsecured claim in the amount of $274,165.00. Hutchison provides a new address to which the Debtors must deliver any Reply to their Response. | modification | |
| 23. | Molex Connector Corporation (Docket No. 11023) | 7992 | Molex Connector Corporation ("Molex") disagrees with the Debtors' Objection to reduce proof of claim no. 7992 from the asserted amount of $881,213.67 to $301,253.87. Molex asserts that the Debtors' Objection is based on a series of eight debit memoranda in which DAS LLC made cost recovery claims against Molex. Molex agrees with some, but not all, of these debit memoranda, and argues that the proper amount of proof of claim no. 7992 is the sum of $493,837.62. | Claims subject to modification | Adjourn |
| 24. | Sierra Liquidity Fund, LLC, as assignee of KTK Steel Drum Corporation (Docket No. 11066) | 16716 | Sierra Liquidity Fund, LLC ("Sierra"), as assignee of KTK Steel Drum Corporation, disagrees with the Debtors' Objection seeking to expunge proof of claim no. 16716. Sierra asserts that proof of claim no. 16716 amends proof of claim no. 48, filed on October 18, 2005. Sierra further asserts that proof of claim no. 16716 is supported by the Debtors' books and records. Sierra attaches new additional documentation in support of its claim and reattaches its proof of claim and supporting invoices. | Untimely claims | Adjourn |
| 25. | Hirschmann Car Communications GmbH (Docket No. 11068) | 14313 | Hirschmann Car Communications GmbH ("Hirschmann Car") disagrees with the Debtors' Objection to disallow proof of claim no. 14313, filed in the amount of | Books and records claims | Adjourn |

10

|   | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
|   |   |   | $263,963.41 for goods sold to DAS LLC.<br><br>Hirschmann Car asserts that the Debtors have failed to produce any evidence sufficient to rebut the prima facie validity of proof of claim no. 14313.<br><br>Hirschmann Car further asserts that in communications subsequent to the filing of the Objection, representatives of the Debtors stated that the basis for the Objection was that the Debtors had paid an entity called "Hirschmann Automotive" the amount of $226,548.00. Hirschmann Car asserts that Hirshmann Automotive GmbH is a separate Austrian company that has not been affiliated with Hirschmann Car since 2003. Hirschmann Car further asserts that Hirschmann Automotive GmbH could not have been a party to the contract giving rise to proof of claim no. 14313 because the contract was entered into in 2004 — a year after Hirschmann Automotive GmbH was sold by the parent company of Hirschmann Car. |   |   |
| 26. | SPCP Group, LLC, as assignee of Beaver Manufacturing Company (Docket No. 11071) | 14133 | SPCP Group, LLC as agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point"), as assignee of Beaver Manufacturing Company ("Beaver"), disagrees with the Debtors' Objection to disallow proof of claim no. 14133. Silver Point asserts that the Debtors' counsel represented (although not in the Objection) that a cure payment had been made directly to Beaver in the amount of $266,494.16 in October 2007. Silver Point argues (i) that the Debtors have failed to overcome the prima facie validity of proof of | Books and records claims that are subject to final orders | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim no. 14133 and (ii) because the claim was assigned to Silver Point, Silver Point should not be prejudiced if the cure payment was incorrectly made to Beaver rather than Silver Point. | | |
| 27. | United States of America (Docket No. 11072) | | The United States Attorney for the Southern District of New York (the "United States"), disagrees with the Debtors' Objection to disallow proofs of claim nos. 16727 and 16728 as untimely, which were filed by the Equal Employment Opportunity Commission ("EEOC"). | Untimely claims | Adjourn |
| | | a) 16728 | a) The United States asserts that the bar date does not apply to proof of claim no. 16728 because the EEOC claim is an administrative expense claim for postpetition liabilities. | | |
| | | b) 16727 | b) The United States further asserts that its failure to file proof of claim no. 16727 by the bar date is the result of excusable neglect. The United States argues that because the EEOC was unaware of the facts underlying the claim until after the bar date, and acted promptly in filing proof of claim no. 16727, the claim should be allowed. The United States also argues that each of the factors for excusable neglect outlined in <u>Pioneer Investment Services v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380 (1993), supports allowance of proof of claim no. 16727. | | |
| 28. | Textron Fastening Systems, Inc. (Docket No. 11083) | 14147 | Textron Fastening Systems, Inc. ("Textron"), as assignor to SPCP Group LLC, disagrees with the Debtors' Objection to (i) reduce proof of claim no. 14147 from $5,430,121.66 to $4,498,944.63 and (ii) change the debtor | Claims subject to modification | Adjourn |

12

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | against which a portion of the claim, in the amount of $32,432.11, is asserted from DAS LLC to Delphi Mechatronic Systems, Inc. Textron asserts that the Debtors have failed to introduce any evidence sufficient to overcome the prima facie validity of proof of claim no. 14147. Textron attaches new additional documentation in support of proof of claim no. 14147. | | |
| 29. | Latigo Master Fund Ltd. (Docket No. 11112) (untimely) | 2353 | Latigo Master Fund Ltd. ("Latigo"), as assignee of Sony Ericsson Mobile Communications USA Inc. ("Sony Ericsson"), in an untimely response, disagrees with the Debtors' Objection to reduce proof of claim no. 2353 from $1,393,431.35 to $1,122,356.19. Latigo asserts that the Debtors have failed to provide any legal or factual basis sufficient to overcome the prima facie validity of its claim. Latigo further asserts that at least $111,637.32 of the disputed amount represents payments clearly owed to Sony Ericsson, as shown in proof of delivery documents previously provided to the Debtors. | Claims subject to modification | Adjourn |

13