# Exhibit A

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | **PROOF OF CLAIM** |
|---|---|
| In Re: DELPHI CORPORATION, Debtor. / Chapter 11 Case No. 05-44481 (RDD) | ☒ Date Stamped Copy Returned<br>☐ No self addressed stamped envelope<br>☐ No copy to return<br><br>Claim #15221<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |
| Name of Debtor Against Which Claim is Held: DELPHI AUTOMOTIVE SYSTEMS LLC / Case No. of Debtor: 05-44640 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address of Creditor:**

Tower Automotive, Inc.
c/o Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Telecopier: (312) 861-2200
Attn: Ryan B. Bennett, Esq.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
**AUG 1 1 2006**
**KURTZMAN CARSON**

**Account or other number by which creditor identifies debtor:**

Check here if this claim: ☐ replaces   ☐ amends a previously filed claim

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  Please see Exhibit A                        (explain)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last Four Digits of your SS#: _____
   Unpaid compensation for services performed
   from _____ to _____
         (date)              (date)

2. **Date debt was incurred:** February 2, 2005

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ Please see Exhibit A  + $ Please see Exhibit A  + $ _____  = $ Please see Exhibit A
                                                  (unsecured nonpriority)      (secured)          (unsecured priority)      (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☒ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☒ Other  Setoff
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ Please see Exhibit A

6. **Unsecured Nonpriority Claim:** Please see Exhibit A
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries or commissions (up to $4,925), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(1).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
CLAIMS PROCESSING CENTER
USBC, SDNY    1

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| July 27, 2006 | *Kathy Johnston* (signature)<br>Kathy Johnston<br>Senior Vice President for Tower Automotive, Inc. |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonm



0544640060731000000000234

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI AUTOMOTIVE SYSTEMS LLC | ) | Case No. 05-44640 -RDD |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |

## **PROOF OF CLAIM OF TOWER AUTOMOTIVE, INC.** [1]

1. Tower Automotive, Inc. (together with its direct and indirect domestic subsidiaries, the "Claimant") is a creditor of the above-captioned debtor (the "Debtor") in the above-captioned proceedings pending in the U.S. Bankruptcy Court for the Southern District of New York (Manhattan), docketed under Case No. 05-44640-RDD. Kathy Johnston is duly authorized to file this Proof of Claim on behalf of the Claimant.

2. The Claimant expressly reserves the right to amend, modify and/or supplement this Proof of Claim at any time for whatever reason, including, without limitation, for the purpose of filing additional claims and/or to specify the amount of the Claimant's contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated. By virtue of filing this Proof of Claim, the Claimant does not waive, and hereby expressly reserves, its right to pursue claims including, but not limited to, the claims described herein against the Debtor, based upon alternative legal theories.

3. By virtue of filing this Proof of Claim, the Claimant does not, and this Proof of Claim shall not be deemed to be, consent to the jurisdiction of this Court. The Claimant does not waive its right to dispute the jurisdiction of this Court to hear any proceeding, motion or other matter related to this Proof of Claim or any other rights of the Claimant apart from this Proof of Claim.

4. The Debtor was, at the time of the filing of the petition initiating this case, and still is indebted and liable to Claimant as described herein.

## **Claim**

5. Claimant hereby asserts a secured claim in an unknown amount.

6. Claimant hereby further asserts an unsecured nonpriority claim in an unliquidated amount relative to Tower Automotive's rights to recover any preferential transfers pursuant to 11 U.S.C. § 547.

7. The Claimant reserves the right to amend this Proof of Claim.

---

[1] This Proof of Claim incorporates the documents attached hereto.

K&E 11264869.1

### Miscellaneous

8.  To the extent that the Debtor or any of its affiliates asserts claims against the Claimant of any kind, the Claimant reserves the right to assert that such claims by the Debtor and its affiliates are subject to rights of setoff and/or recoupment ("Setoff Rights"), which rights are treated as secured claims under the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

9.  No judgment has been rendered on the claims at issue in this Proof of Claim.

Dated: July 27, 2006                        Respectfully Submitted

*Kathy Johnston* (signature)

Kathy Johnston
Senior Vice President for
Tower Automotive, Inc.