**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
**In re:** : Chapter 11
:
**DELPHI CORPORATION,** *et. al.*, : Case No. 05-44481 (RDD)
:
**Debtors.** : Jointly Administered
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**JOINT STIPULATION AND AGREED ORDER IN RESPECT OF
DEBTORS' CLAIMS ESTIMATION MOTION AND THIRD OMNIBUS
OBJECTION TO CLAIMS OF CADENCE INNOVATION LLC**

On or about July 20, 2006, Cadence Innovation LLC ("Cadence") filed Proof of Claim Nos. 10074, 10077, 10078, 10079, 10080, 10081, 10082, 10083, 10084, 10085, 10086, 10087, 10088, 10089, 10090, 10091, 10092, 10093, 10094, 10095, 10096, 10097, 10098, 10099, 10100, 10101, 10102, 10103, 10104, 10105, 10106, 10107, 10108, 10109, 10110, 10111, 10112, 10113, 10114, 10115, 10116, and 10117 against Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), styled "Cadence, as successor in interest to Patent Holding Company" in respect of the claims asserted by Cadence against the Debtors[1] on account of their alleged direct and willful infringement

---

[1] The Debtors include: Delphi NY Holding Corporation; Delphi Corporation; ASEC Manufacturing General Partnership; Delphi Medical Systems Colorado Corporation; Delphi China LLC, ASEC Sales General Partnership; Delphi Medical Systems Texas Corporation; Delphi Automotive Systems Overseas Corporation; Delphi Automotive Systems Korea, Inc.; Delphi Automotive Systems International, Inc.; Delphi International Holdings Corp.; Aspire, Inc.; Delphi Connection Systems; Delphi International Services, Inc.; Environmental Catalysts, LLC; Specialty Electronics International, LTD; Delphi Automotive Systems Thailand, Inc.; Delco Electronic Overseas Corporation; Delphi Technologies, Inc.; Delphi Automotive Systems (Holding), Inc.; Exhaust Systems Corporation; Delphi Medical Systems Corporation; Delphi Diesel Systems Corp.; Delphi Integrated Service Solutions, Inc.; Packard Hughes Interconnect Company; Delphi Electronics (Holding) LLC; Delphi Mechatronic Systems, Inc.; Specialty Electronics, Inc.; Delphi Automotive Systems Tennessee, Inc.; Delphi LLC; Dreal, Inc.; Delphi Automotive Systems Risk Management Corp.; Delphi Automotive Systems Services LLC; Delphi Liquidation Holding Company; Delphi Foreign Sales Corporation; Delphi Services Holding Corporation; Delphi Automotive Systems Human Resources LLC; Delphi

of three patents in the District Court for the Eastern District of Michigan, Southern Division (Case No. 99-76013) (the "Action").

On October 31, 2006, the Debtors filed their Second Omnibus Objection to Claims (the "Second Omnibus Objection") (Docket No. 5451). In the Second Omnibus Objection, the Debtors sought to disallow and expunge Proof of Claim Nos. 10074, 10077, 10078, 10079, 10080, 10081, 10082, 10083, 10084, 10085, 10086, 10087, 10088, 10089, 10090, 10091, 10092, 10093, 10094, 10095, 10096, 10097, 10098, 10099, 10101, 10102, 10103, 10104, 10105, 10106, 10107, 10108, 10109, 10110, 10112, 10113, 10114, 10115, 10116, 10117 (the so-called, "Duplicative Claims") as duplicative of Cadence Proof of Claim 10100 (the "Delphi Corporation Claim"); with the Delphi Corporation Claim remaining on the Debtors' claims register.[2]

On October 31, 2006, the Debtors filed their Third Omnibus Objection to Claims (the "Third Omnibus Objection") (Docket No. 5452). In the Third Omnibus Objection, the Debtors sought to disallow and expunge the Delphi Corporation Claim (Claim No. 10100) and Proof of Claim No. 10111 (the "Delphi Automotive Systems LLC Claim", collectively, the "Surviving Claims") because "the Debtors determined that [the Surviving Claims] assert liabilities or dollar amounts not owing pursuant to the Debtors' books and records[.]"

On November 13, 2006, Cadence submitted its Response to the Second Omnibus Objection (Docket No. 5767) and its Response to the Third Omnibus Objection (Docket No. 5769) where it contended respectively that (i) the Duplicative Claims are not duplicative of the Delphi Corporation Claim, but rather reflect the fact that the Debtors

---

Automotive Systems Global (Holding) Inc.; Delphi Automotive Systems LLC ("DAS LLC"); Furukawa Wiring Systems LLC; Delphi-Receivables LLC; and MobileAria, Inc.

[2]  The Second Omnibus Objection did not assert an objection to Proof of Claim No. 10111.

operate numerous subsidiaries and affiliates and those affiliates may have separate and independent liability for infringing Cadence's patents and (ii) the Third Omnibus Objection did not rebut the presumption of allowability of the Surviving Claims.

On January 17, 2007, after Cadence and the Debtors agreed to terms resolving the Second Omnibus Objection, the Court entered its order (the "Second Omnibus Order") (Docket No. 6634) providing, in pertinent part, that (i) the Duplicative Claims were disallowed and expunged in their entirety, (ii) the Delphi Corporation Claim shall remain on the Debtors' claims register,[3] and (iii) to the extent the Duplicative Claims were filed against the correct Debtor or Debtors, entry of the Second Omnibus Order would not prejudice Cadence's right to reassert the relevant Duplicative Claim against the appropriate Debtor or Debtors.

On February 26, 2007, after Cadence and the Debtors agreed to terms resolving the Third Omnibus Objection in part, the Court entered its order (the "Third Omnibus Order") (Docket No. 7046) providing, in pertinent part, that (i) the Surviving Claims – Proofs of Claim Nos. 10100 and 10111 – shall remain on the Debtors' claims register and (ii) the Surviving Claims shall remain on the Debtors' claims register.

On September 7, 2007, the Debtors filed their Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures (the "Claims Estimation Motion") (Docket No. 9297).

---

[3] As noted in Footnote 2 above, the Second Omnibus Objection did not assert an objection to the Delphi Automotive Systems Claim. Accordingly, the Second Omnibus Order did not affect the Delphi Automotive Systems Claim; the Delphi Automotive Systems Claim remained on the Debtors' claims register.

On October 8, 2007, Cadence filed with the United States District Court for the Southern District of New York its Motion Seeking Mandatory Withdrawal of the Reference of Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Cadence Innovation LLC's Unliquidated Claim and (B) Approving Expedited Claims Estimation Procedures (the "Withdrawal Motion") (Docket No. 10493).

On November 26, 2007 to resolve the Third Omnibus Objection and the Claims Estimation Motion, Delphi and Cadence entered into a settlement agreement (the "Settlement Agreement"), pursuant to which they seek entry of this Stipulation And Agreed Order.

Pursuant to the Settlement Agreement, Delphi acknowledges and agrees that Delphi shall provide Cadence with an allowed claim in the amount of $3,750,000.00 (the "Allowed Claim") against the estate of DAS LLC and will not seek to reduce, offset, challenge, object, or make any other modifications or reductions to the Allowed Claim that would interfere with timely and full payment of the Allowed Claim.

DAS LLC is the only Debtor entity that manufactured and/or sold the allegedly infringing products at issue in the Action.

Delphi is authorized to enter into the Settlement Agreement pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Court on June 26, 2007.

ORDERED, ADJUDGED, AND DECREED THAT:

1. For administrative convenience only, and without prejudice to Cadence's rights against any of the Debtors, Proofs of Claim Numbers 10100 and 10111 are deemed consolidated into Proof of Claim Number 10100.

2. Subject to Paragraph 1 of this Stipulation and Agreed Order, Proof of Claim Number 10111 shall be and is hereby expunged

3. Proof of Claim Number 10100 shall be allowed in the amount of $3,750,000.00 (the "Allowed Claim") and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC. The Allowed Claim will not be subject to reduction, offset, challenge, objection, or other modifications or reductions by the Debtors or their estates, successors, or assigns and will make timely payment (through a distribution or otherwise) of the Allowed Claim in accordance with any subsequently confirmed plan of reorganization ("Plan").

4. In the event that the Court confirms a Plan that does not provide for a recovery for holders of general unsecured claims that amounts, in the aggregate, to the principal amount of such holders' claims plus accrued postpetition interest at negotiated Plan value, a "par plus accrued recovery at Plan value," then Cadence may reassert the Claim against Debtors other than DAS LLC by filing such a reasserted claim with the Court and serve such reasserted claim on the claims agent in these chapter 11 cases and counsel for the Debtors. Cadence shall have not less than 90 days after notice of such to reassert the Claim. The rights of the Debtors to object to the same are reserved and nothing in this Stipulation and Agreed Order constitutes or should be construed to waive

those or any other rights. Notwithstanding the foregoing, Cadence reserves its right to object to any proposed Plan and/or the substantive consolidation of the Debtors.

5. The Debtors and Cadence each reserve the right to request, or to object to any request, that this Court modify the Debtor or Debtors against which Proof of Claim Number 10100 is asserted.

6. Cadence shall withdraw the Withdrawal Motion with prejudice and its Response to the Third Omnibus Objection with prejudice.

7. Except as expressly provided herein, nothing contained in this Stipulation shall be construed as an allowance of any of the Claims.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation and Agreed Order.

Date: New York, New York
      December ___, 2007

                                       UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | ALSTON & BIRD LLP |
|---|---|
| /s/ John K. Lyons | /s/ Dennis J. Connolly |
| John Wm. Butler, Jr. (JB-4711) | Dennis J. Connolly (DC-9932) |
| John K. Lyons (JL-4951) | One Atlantic Center |
| Ron E. Meisler (RM-3026) | 1201 West Peachtree Street |
| 333 West Wacker Drive, Suite 2100 | Atlanta, Georgia 30309-3424 |
| Chicago, Illinois 60606-1285 | Telephone (404) 881-7000 |
| (312) 407-0700 | Facsimile (404) 881-7777 |
| *Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession* | *Attorneys for Cadence Innovation LLC* |