IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |

**SIXTH INTERIM FEE APPLICATION COVER SHEET OF
MESIROW FINANCIAL CONSULTING, LLC FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM JUNE 1, 2007 THROUGH SEPTEMBER 30, 2007**

| | |
|---|---|
| **Name of Applicant:** | Mesirow Financial Consulting, LLC |
| **Role in Case:** | Financial Advisors to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 19, 2005) |
| **Period Covered:** | June 1, 2007 through September 30, 2007 |
| **Current Application** | |
| **Fees Requested:** | $1,003,821 |
| **Expenses Requested:** | $9,305 |
| **Total Fees and Expenses Requested:** | $1,013,126 |
| **Total Previously Received by Applicant:** | $889,071 |
| **Blended Hourly Rate:** | $568 |

This is a(n):   _X_ interim _ final application.

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### SIXTH INTERIM APPLICATION OF MESIROW FINANCIAL CONSULTING, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2007 THROUGH SEPTEMBER 30, 2007

1.  Mesirow Financial Consulting, LLC ("MFC") respectfully files this Sixth Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "Fee Application") of MFC as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") to Delphi Corporation ("Delphi") and certain of its subsidiaries, debtors and debtors-in-possession herein (collectively, the "Debtors")[1], for the period from June 1, 2007 through September 30, 2007 (the "Sixth Interim Period"). This Fee Application is filed pursuant to §§ 328(a), 330(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules and Orders of this Court. In support of the Application, MFC states:

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc, Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp,, Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc, Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp,, Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

2

## JURISDICTION AND VENUE

2. On October 8, 2005, the Court signed an Order Pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Compensation Procedures Order") (Docket #0011). The Compensation Procedures Order states, *inter alia*,

> "Approximately every 120 days, but no more then 150 days, each of the Chapter 11 Professionals will serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested."

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

4. This Fee Application is made for interim allowance of compensation for services rendered as financial advisor to the Committee during the Sixth Interim Period in the total amount of $1,003,821 for 1,766.6 hours of services rendered by professionals.

## BACKGROUND

5. On October 8, 2005, (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code and commenced the above captioned Chapter 11 cases (the "Chapter 11 Cases").

6. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

3

7. The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[2]

8. On October 18, 2005, the Committee requested presentations from several potential financial advisors and after such presentations, due deliberation and a vote, decided to retain MFC as its financial advisor in these Chapter 11 cases.

9. On November 29, 2005, (Docket #1335), the Committee filed an Application for Authority to Retain MFC as Financial Advisor to the Committee *Nunc Pro Tunc* to October 19, 2005 (the "Employment Application"). On January 6, 2006, an Order Authorizing Employment of MFC as Financial Advisor to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to October 19, 2005 was entered (the "Retention Order," Docket #1752).

## COMPENSATION REQUESTED

10. By this Application and in accordance with §§ 328, 330 and 331 of the Bankruptcy Code, MFC requests allowance of fees in the amount of $1,003,821, and ordinary and necessary expenses in the amount of $9,305, for a total amount $1,013,126.

11. Pursuant to the Compensation Procedures Order, all professionals retained in these cases are authorized to seek, on a monthly basis, compensation for professional services rendered and reimbursement of expenses incurred. In the absence of any objection to the monthly statement of fees and expenses incurred (the "Monthly Statements"), the Debtors can pay 80% of the professional fees requested and 100% of the expenses incurred. A tabulation of fees and expenses incurred, as well as payments received by MFC, for Monthly Statements to date is as follows:

---

[2] The following members were originally appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee. Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been replaced with Tyco Electronics Corporation. In addition, the Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") have been added as *ex officio* members of the Committee.

4

| Billing Period | Fees | Expenses | 80% of Fees | 80% of Fees + Expenses | Invoice Amount | Payments Received |
|---|---|---|---|---|---|---|
| June 1, 2007 through June 30, 2007 | $202,931 | $2,422 | $162,344 | $164,766 | $205,353 | $0 |
| July 1, 2007 through July 31, 2007 | $235,622 | $3,130 | $188,497 | $191,627 | $238,752 | $0 |
| August 1, 2007 through August 31, 2007 | $333,002 | $3,526 | $266,401 | $269,927 | $336,528 | $0 |
| September 1, 2007 through September 30, 2007 | $232,266 | $227 | $185,812 | $186,039 | $232,493 | $0 |
| Total | $1,003,821 | $9,305 | $803,054 | $812,359 | $1,013,126 | $0 |

12. During the Sixth Interim Period, MFC has sought $1,003,821 in professional fees and $9,305 for disbursements, of which $0 has been paid to date by the Debtors in accordance with the Compensation Procedures Order. As of the date of this Application, Applicant is owed $1,003,821 for professional fees, and $9,305 for disbursements, for a total of $1,013,126, which amounts have not yet been paid by the Debtors.

13. MFC has received no payment and no promises of payment from any other source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

14. There is no agreement or understanding between MFC and any other person for the sharing of compensation to be received for services rendered in this case.

15. MFC submits that this Application complies with sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the "Guidelines").

**SUMMARY OF SERVICES PROVIDED**

16. Attached as **Exhibit A** is a list of the MFC professionals who worked on the case during the Sixth Interim Period, along with the titles, and a summary of hours charged for the professionals whose services are being billed in connection with this case. Attached as **Exhibit B** is a summary of hours incurred for each category of work performed by MFC. Attached as **Exhibit C** is a summary of actual out-of-pocket expenses incurred during the Sixh Interim Period for each category of expenses. Attached as **Exhibit C-1** is a detailed record of actual out-of-pocket expenses incurred during the Sixth Interim Period, segregated by category of expense. Attached as **Exhibit D** are the detailed time entries during the Sixth Interim Period, for each category of work performed by MFC. Attached as **Exhibit E** is the certification of Larry H. Lattig with respect to the Application pursuant to the Local Guidelines.

17. In accordance with the Retention Order, the following is a detailed description of each of the major tasks performed during the Sixth Interim Period. These tasks, and the related hours incurred, are separated into the following matters:

| **CATEGORY** | **HOURS** |
|---|---|
| *Asset Disposition* | 20.0 |

MFC analyzed information from the Debtors pertaining to de minimis asset sales. In addition, MFC analyzed information and participated in meetings with the Debtors and their advisors with respect to the marketing and sales of certain product lines of the Debtors. MFC incurred a total of 20.0 hours resulting in $12,832 in fees in connection with Asset Disposition during the period June 1, 2007 through September 30, 2007.

| *Business Analysis* | 692.8 |
|---|---|

MFC reviewed numerous Debtors' motions including lease renewals, extensions and new leases, DASE funding motion, clarion settlement motion, MDL liquidation motion, preservation of estate claims procedures motion, and summaries of numerous Debtors' motions prepared by the counsels to the Committee. In addition, MFC attended numerous meetings with the Debtors and their advisors and conducted analysis regarding the Debtors' revised budget business plans ("BBP"), including conducting sensitivity analyses on various aspects of the business plans, current and proposed capital structures, proposed financing structures, the Debtors' revenue plans, EBITDA and other key aspects of the income statement, cash flow, capital expenditures, working capital, and other key aspects of the balance sheet, and other components of the financial results of the Debtors' BBP, including support from GM. MFC analyzed the financial and operating impacts of the motions pertaining to the Memorandums Understanding ("MOU") with the Debtors' unions including the UAW, IUE, USW and other union groups. MFC prepared reports to the Committee with respect to these MOUs and held numerous meetings with the Debtors and their advisors, and the Committees advisors regarding MOUs. MFC analyzed the financial and operational impacts of agreements with GM including the GM term sheets, the Master Restructuring Agreement, the Global Settlement Agreement, the Warranty Agreement Settlement and the

6

Intellectual Property Licensing Agreement. MFC also reviewed and analyzed the numerous PwC reports covering financial results, projections and operations of the Debtors' various businesses and divisions. MFC also attended numerous meetings with the Debtors' advisors with respect to the Debtors' business plans and financial disclosures and analyses. MFC analyzed the financial impacts of numerous initiatives and actions of the Debtors including set-off claims, environmental claims, product liability and warranty claims, settlements, distressed subsidiaries, financially trouble suppliers and other actions of the Debtors. MFC analyzed substantive consolidation issues and treatment of liabilities, annual incentive plans proposed by the Debtors. MFC also reviewed numerous reports of the Debtors to the Committee and attended meetings with the Debtors and the Committee, as well as the Equity Committee. The Committee also made numerous requests of MFC for which MFC conducted analyses and prepared reports. MFC incurred a total of 692.8 hours resulting in $402,186 in fees in connection with Business Analysis during the period June 1, 2007 through September 30, 2007.

*Business Operations*                                                                 372.5

MFC analyzed detailed components and financial and operational impact of the Memorandums of understanding with the UAW, IUE, USW and other unions, and held numerous meetings with the Debtors and their advisors, and the Committee advisors, to conduct the analysis. In addition, MFC held numerous meetings with the Debtors and their advisors, and analyzed information and the financial impact of various GM agreements and settlements, financially troubled suppliers, set off requests, reclamation requests, lease renewals, monthly operating reports, product line information, and other actions and initiatives of the Debtors. MFC incurred a total of 372.5 hours resulting in $226,490 in fees in connection with Business Operations during the period June 1, 2007 through September 30, 2007.

*Case Administration*                                                                 4.2

Implementation of efficient project management and administration of the overall case activities. Specific tasks related to staffing and work plans, and case status and issues. MFC incurred a total of 4.2 hours resulting in $2,798 in fees in connection with Case Administration during the period June 1, 2007 through September 30, 2007.

*Claims Administration and Objections*                                                64.5

During the period June 1, 2007 through September 31, 2007 MFC reviewed and analyzed schedules of filed claims provided by the Debtors, the numerous omnibus claims objection motions and orders, the Debtors analysis of claims and supporting information. MFC also reviewed and analyzed the Debtors' motions and other materials pertaining to claims estimation, reclamation claims, cure payments, claims caps, and certain individual claims. MFC incurred a total of 64.5 hours resulting in $34,620 in fees in connection with Claims Administration and Objections during the period June 1, 2007 through September 30, 2007.

*Corporate Finance*                                                                   93.2

MFC assessed information provided by the Debtors and their advisors, and participated in meetings with the Debtors and their advisors, pertaining to the EPCA and revisions to the EPCA, as well as negotiation meetings between the Debtors, Equity Committee, Creditors' Committee representatives and advisors, potential plan investors and General Motors. In addition, MFC analyzed the Debtors' amended EPCA Agreement, alternative paths and potential results, draft term sheets and alternative proposals. MFC also analyzed the financial impact of the sales of various business segments and/or operations, and the Debtors' intention to sell certain segments and/or operations. MFC incurred a total of 93.2 hours resulting

7

in $61,624 in fees in connection with Corporate Finance during the period June 1, 2007 through September 30, 2007.

*Data Analysis*                                                                                                          104.4

From the period June 1, 2007 through September 30, 2007 MFC analyzed monthly financial results of the Debtors, EBITDA results and forecasts, current versus historical results and related market information. In addition, MFC analyzed reports prepared by the Debtors regarding their financial and operational results, DIP usage and covenant compliance, cash flow forecasts, working capital and capital expenditures. MFC participated in meetings with the Debtors and their advisors, and conducted analysis pertaining to results of operations and financial projections. MFC incurred a total of 104.4 hours resulting in $43,858 in fees in connection with Data Analysis during the period June 1, 2007 through September 30, 2007.

*Fee/Employment Application*                                                                                              94.0

MFC incurred time in the preparation and review of the Monthly Fee Statements and Interim Fee Applications as required in order to comply with the Compensation Procedures Order governing the payment of professionals in these cases. MFC incurred a total of 94.0 hours resulting in $26,266 in fees in connection with Fee/Employment Applications during the period June 1, 2007 through September 30, 2007.

*Financing*                                                                                                               39.5

MFC incurred time in the analysis of numerous presentations and information pertaining to the Debtors' exit financing. In addition, MFC attended meetings with the Debtors and their advisors regarding financing matters. MFC incurred a total of 39.5 hours resulting in $19,020 in fees in connection with Financing during the period June 1, 2007 through September 30, 2007.

*Meeting of Creditors*                                                                                                   123.5

MFC prepared for and participated in regular Committee meetings, and professionals meetings held prior to and after the Committee meetings. In addition, MFC attended numerous meetings of the Debtors and their advisors with the Committee, as well as meetings with sub-committees of the Committee. MFC incurred a total of 123.5 hours resulting in $77,515 in fees in connection with Meetings of Creditors during the period June 1, 2007 through September 30, 2007.

*Plan and Disclosure Statement*                                                                                           96.7

For the period June 1, 2007 through September 30, 2007, MFC reviewed and analyzed draft versions of the Debtors Plan of Reorganization and Disclosure Statement, and participated in meeting with the Debtors and their advisors regarding the Plan and Disclosure Statement. MFC incurred a total of 96.7 hours resulting in $62,454 in fees in connection with Meetings of Creditors during the period June 1, 2007 through September 30, 2007.

*Tax Issues*                                                                 45.3

MFC analyzed the Debtors' tax information, including information prepared by PwC on behalf of the Debtors, to assess current and projected tax costs and prepare presentation material for the Committee regarding tax issues. In addition, MFC attended meetings with the Debtors and their advisors regarding updates to Delphi's tax situation, net operating losses, loss carry forward eligibility, and other tax planning matters. MFC incurred a total of 45.3 hours resulting in $28,978 in fees in connection with Tax Issues during the period June 1, 2007 through September 30, 2007.

*Travel*                                                                      16.0

MFC personnel incurred a total of 16.0 hours in travel from various locations for the purpose of attending Committee meetings, Court hearings, meetings with the Debtors, and other case functions resulting in $5,180 in fees during the period June 1, 2007 through September 30, 2007. MFC has voluntarily limited its travel time to a maximum of 2.0 hours per trip and has only billed its time at one-half its normal rates.

**Total Hours**                                                               **1,766.6**

18.     MFC submits that the foregoing services were necessary to the administration of this Chapter 11 case, were necessary and beneficial to the Debtors' estates at the time such services were rendered, and were performed without unnecessary duplication of effort or expense. MFC's request for compensation for the foregoing services is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue and task involved.

19.     Although every effort has been made to include all expenses from the Sixth Interim Period in this Application, some expenses from the Sixth Interim Period might not be included in this application due to delays caused by accounting and processing procedures. MFC reserves the right to make further application to the Court for allowance of expenses not included herein.

## NOTICE

20.   Notice of this Application has been provided pursuant to the Compensation Procedures Order.

21.   WHEREFORE, MFC respectfully requests that this Court enter an order: (i) allowing MFC's request for compensation in the sum of $1,003,821 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period; (ii) directing the Debtors to pay to MFC the full amount of such compensation to the extent not already paid; and (iii) directing the Debtors to reimburse MFC in the amount of $9,305 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed.

Dated: New York, NY
       November 19, 2007

                                        Respectfully submitted,


                                        /s/ Larry H. Lattig
                                        Larry H. Lattig
                                        Senior Managing Director and Executive Vice President
                                        Mesirow Financial Consulting, LLC
                                        666 Third Avenue at the Chrysler Center, 21st Floor
                                        New York, NY  10017
                                        (212) 808-8330

                                        FINANCIAL ADVISOR TO THE OFFICIAL
                                        COMMITTEE OF UNSECURED CREDITORS