**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**COVER SHEET FOR SIXTH FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| **Name of Applicant:** | Steven Hall & Partners, LLC |
| **Role in Case:** | Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 10, 2006 (*nunc pro tunc* to November 7, 2005) |
| **Period Covered:** | June 1, 2007 through September 30, 2007 |
| <u>Current Application</u> | |
| **Fees Requested:** | $116,912.50 |
| **Expenses Requested:** | $0 |
| **Total Fees and Expenses Requested:** | $116,912.50 |
| **Blended Hourly Rate:** | $741.36 |

**This is a(n):**   __X__  interim __ final application.

## SECTION I:  FEE SUMMARY

|  | To Date | Current Period |
|---|---|---|
| Total Fees Requested: | $1,201,050.00 | $116,912.50 |
| Total Disbursements Requested: | $0.00 | $0.00 |
| Total Fees Previously Allowed: | $1,161,413.50 | $93,530.00 |
| Total Disbursements Previously Allowed: | $0.00 | $0.00 |
| Total Previously Received by Applicant: | $1,161,413.50 | $93,530.00 |

## SECTION II:  PROFESSIONAL SUMMARY

| Name of Professional | Hourly Rate | Hours Billed | Final Totals |
|---|---|---|---|
| **SENIOR MANAGING DIRECTOR** | | | |
| Pearl Meyer | $950.00 | 65.20 | $61,940.00 |
| **MANAGING DIRECTORS** | | | |
| Joseph Sorrentino | $625.00 | 85.40 | $53,375.00 |
| **ANALYSTS** | | | |
| Jeffrey Hanhan | $225.00 | 7.10 | $ 1,597.50 |
| **TOTAL HOURS AND FEES** | | **157.70** | **$116,912.50** |

## SECTION III:  COMPENSATION BY PROJECT CATEGORY

|  | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---|---|---|
| Compensation and Employment Agreement Advisory Services | 155.70 | $   738.68 | $115,012.50 |
| Fee Applications | 2.00 | $  950.00 | $ 1,900.00 |
| **TOTAL HOURS AND FEES** | **157.70** | **$  741.36** | **$116,912.50** |

## SECTION IV:  EXPENSE SUMMARY

| Expenses | Amount |
|---|---|
| No Expenses Requested[1] | $0.00 |
| **TOTAL** | **$0.00** |

---

[1]      Steven Hall did not charge for any expenses during the compensation period.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

## SIXTH FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the "Guidelines"), Steven Hall & Partners, LLC ("Steven Hall"), as Compensation and Employment Agreement Advisors to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), respectfully submits this sixth application (the "Application") for allowance of compensation totaling $116,912.50, incurred during the period from June 1, 2007 through September 30, 2007 (the "Compensation Period").

In support of this Application, Steven Hall respectfully represents as follows:

NY\1128823.2

## **Background**

1.      On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional Debtors filed voluntary petitions.  The Debtors are continuing in possession of their property and are operating their businesses, as a debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.

3.      On December 2, 2005, the Official Committee of Unsecured Creditors' filed that certain Application to Retain, Employ and Compensate Steven Hall, LLC as Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors (the "Retention Application").  On January 10, 2006, this Court entered an order approving the retention of Steven Hall, *nunc pro tunc* to November 7, 2005.

4.      By Order dated November 4, 2005 (the "Administrative Order"), the Court established a procedure for interim compensation and reimbursement of expenses for all professionals in these cases.  In particular, the Administrative Order provides that, absent objection, upon the expiration of twenty days after the service of monthly fee statements, the Debtors are authorized to pay each professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in their respective monthly fee statements.

5.      Pursuant to the Administrative Order, Steven Hall has served monthly fee statements in these cases for the months of November 2005 through September 2007 (collectively, the "Monthly Statements").  To date, the Debtors have paid Steven Hall

2

$1,161,413.50 in fees incurred throughout its retention period, of which $93,530 represent fees related to this Compensation Period.

6.       By this Application, Steven Hall seeks interim allowance of compensation incurred during the Compensation Period and reflected in Steven Hall's Monthly Statements. Steven Hall also seeks payment of all outstanding holdbacks owing with respect to the Monthly Statements.

7.       The supervisory responsibility for Steven Hall's efforts on behalf of the Committee has been undertaken by Pearl Meyer, the Senior Managing Director of Steven Hall.

**Summary of Services Performed During the Compensation Period**

8.       As is reflected in the attached Cover Sheet for the Application (the "Cover Sheet"), Steven Hall has rendered 157.70 hours of compensation advisory services in representation of the Committee during the Compensation Period. Based upon the nature of the services rendered, the time required to provide such services, the value of such services to the Committee, and the cost of comparable services in non-bankruptcy cases, Steven Hall believes that the allowed compensation for services rendered to the Committee should be not less than $116,912.50. This total represents 157.70 hours of Steven Hall's professional time, at a blended average hourly rate of $741.36. The hourly rate for each professional who performed services for the Committee during the Compensation Period is set forth in the Cover Sheet.

9.       In accordance with the Local Guidelines, a detailed chronological narrative of the time spent, the dates and descriptions of the services rendered, and the identity of the professionals who provided services on behalf of the Committee during the Compensation Period is attached hereto as Exhibit A (the "Billing Detail," which is incorporated herein by reference).[1]

---

[1]       Section III of the Cover Sheet contains a summary of Steven Hall's services organized by project category.

10.     Steven Hall respectfully supplements the Billing Detail with the following

summary of services it performed during the Compensation Period.

      a.     Advice to the Committee with respect to executive compensation, annual
incentives, emergence programs, and employment agreements;

      b.     Advice to Latham & Watkins, as attorneys for the Committee with respect
to executive compensation, annual incentives, emergence programs, Change in
Control agreements, Change in Control estimated costs and employment
agreements;

      c.     Research regarding officer compensation, design and cost of emergence
programs in other comparable bankruptcies;

      d.     Research regarding officer compensation, design and cost of
compensation programs in other comparable companies; and

      e.     Preparation for and attendance at meetings with the Committee and
Creditors' Sub-Committee.

Steven Hall rendered a total of 155.70 hours and $115,012.50 related to these compensation and

employment agreement advisory services.

11.     Additionally, with respect to administrative matters during the Compensation

Period, Steven Hall rendered a total of 2.0 hours and $1,900.00 in services related to preparing

monthly fee statements and the fifth interim fee application.

### Steven Hall's Charges

12.     Steven Hall's hourly rates and fees charged are consistent with the market rate for

comparable services by comparable professionals.  The hourly rates and fees charged by Steven

Hall are the same as those generally charged to, and paid by, Steven Hall's other clients.  Indeed,

unlike fees paid by most of Steven Hall's clients, due to the "holdback" of fees and the delays

inherent in the fee application process, the present value of the fees paid to Steven Hall by the

Debtors is less than fees paid monthly by other of Steven Hall's clients.  All hours expended by

Steven Hall were absolutely necessary.  Steven Hall believes that the Billing Detail reflects the

4

actual, fair and reasonable value of the professional expertise provided to the Committee during the Compensation Period.

## Disbursements

13.    Steven Hall did not charge for any expenses in connection with service as advisor to the Committee during the Compensation Period.  Steven Hall does not build a profit component into its disbursements, and has not charged for Steven Hall's actual out-of-pocket expenses.

## Certification

14.    As required by the Guidelines, a certification that the facts set forth in this Application are true and correct, and that this Application complies with the Guidelines, is attached hereto as Exhibit "B."

## Steven Hall is a Disinterested Person and Holds No Adverse Interest

15.    All professional services and expenses for which allowance is requested in this Application were performed by Steven Hall on behalf of the Committee and not on behalf of any other entity or person.  As set forth in the Affidavit of Pearl Meyer of Steven Hall & Partners Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, which was previously filed by Steven Hall in these cases:  (a) Steven Hall holds neither a claim against, nor an interest in, the Debtors, and no beneficial interest in the Debtors, directly or indirectly, has been acquired or transferred by Steven Hall or for Steven Hall's benefit since the commencement of these cases, (b) Steven Hall represents no interest adverse to the Debtors with respect to matters upon which it is engaged, and (c) Steven Hall is a "disinterested person" under section 101(14) of the Bankruptcy Code.

NY\1128823.2                                                                                    11-21-2007

16.     No agreement or understanding exists between Steven Hall and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

**Reservation of Rights**

17.     To the extent that charges for services rendered during the Compensation Period are inadvertently excluded from this Application for any reason, Steven Hall hereby reserves the right to request approval and payment of such charges in future fee applications

WHEREFORE, Steven Hall respectfully requests that this Court enter an order: (a) allowing Steven Hall's request for compensation in the sum of $116,912.50 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period, and (b) directing the Debtors to pay to Steven Hall the full amount of such compensation to the extent not already paid.

Dated: New York, New York
November 21, 2007

STEVEN HALL & PARTNERS, LLC

/s/ Pearl Meyer

Pearl Meyer
645 Fifth Avenue
New York, New York 10022
Tel:  (212) 488-5400
Fax:  (212) 888-8706
Email: pmeyer @shallpartners.com

Compensation and Employment Agreement
Advisor for the Official Committee of
Unsecured Creditors

7

**EXHIBIT A**

**Billing Detail**

8



Summary of Fee Statement for Sixth Fee Application - Delphi Corporation

| Staff Member | Title | June 2007 | July 2007 | August 2007 | September 2007 | Total No. of Hours | Hourly Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| Pearl Meyer | Senior Managing Director | 0.00 | 15.20 | 23.30 | 26.70 | 65.20 | $950 | $ 61,940.00 |
| Joseph Sorrentino | Managing Director | 0.00 | 17.70 | 22.50 | 45.20 | 85.40 | $625 | $ 53,375.00 |
| Jeffrey Hanhan | Analyst | 0.00 | 0.00 | 2.60 | 4.50 | 7.10 | $225 | $ 1,597.50 |
| | Totals: | 0.00 | 32.90 | 48.40 | 76.40 | 157.70 | | $ 116,912.50 |



Detail of Work Performed - Delphi Corporation

| Staff Member | Date | Description | No. of Hours |
|---|---|---|---|
| Pearl Meyer | 7/26/07 | Review historical AIP performance and payout levels; analyze and develop alternatives; prepare for 7/27 meeting | 4.90 |
| Pearl Meyer | 7/27/07 | Attend management and UCC sub-committee meeting re: 1st half AIP results and 2nd half proposed AIP design | 3.00 |
| Pearl Meyer | 7/30/07 | Analyze further alternative AIP payout curve and design | 1.60 |
| Pearl Meyer | 7/30/07 | Attend UCC meeting re: AIP | 1.50 |
| Pearl Meyer | 7/31/07 | Review and analyze AIP data and charts submitted by Debtor | 3.30 |
| Pearl Meyer | 7/31/07 | Prepare for conference call with UCC members and financial advisors re: AIP; analyze scenarios | 0.90 |
| Joseph Sorrentino | 7/26/07 | Research historical AIP performance and payout levels | 2.60 |
| Joseph Sorrentino | 7/27/07 | Attend management and UCC sub-committee meeting re: 1st half AIP results and 2nd half proposed AIP design | 3.00 |
| Joseph Sorrentino | 7/30/07 | Develop further alternative AIP payout curve and design | 5.40 |
| Joseph Sorrentino | 7/30/07 | Attend UCC meeting re: AIP | 1.50 |
| Joseph Sorrentino | 7/31/07 | Analyze DSB compensation vs. marketplace under various AIP payout scenarios | 2.80 |
| Joseph Sorrentino | 7/31/07 | Analyze historical AIP payouts to DSB and non-DSB | 2.40 |
| Pearl Meyer | 8/1/07 | Review material and prepare for call with Debtor re: second half 2007 AIP | 2.10 |
| Pearl Meyer | 8/1/07 | Call with debtor mgmt re: proposed second half 2007 AIP | 1.40 |
| Pearl Meyer | 8/2/07 | Analyze and review Debtor proposal with Latham & Watkins and UCC members | 2.90 |
| Pearl Meyer | 8/6/07 | Review material submitted and conversations with Debtor management re: second half 2007 AIP proposal | 2.60 |
| Pearl Meyer | 8/7/07 | Discussions with Latham & Watkins and UCC members re: AIP | 1.10 |
| Pearl Meyer | 8/8/07 | Discussions with Latham & Watkins and UCC members re: AIP | 2.40 |
| Pearl Meyer | 8/10/07 | Discussions with Latham & Watkins and UCC members re: AIP | 1.40 |
| Pearl Meyer | 8/13/07 | Prepare for and attend UCC meeting re: AIP | 4.10 |
| Pearl Meyer | 8/14/07 | Review requested data from Debtor | 2.20 |
| Pearl Meyer | 8/15/07 | Review and prepare recommendations re: DSB and non-DSB compensation at various performance levels; conference call with UCC | 2.30 |
| Pearl Meyer | 8/29/07 | Review of invoice and fee statement for July 2007 | 0.80 |
| Joseph Sorrentino | 8/1/07 | Call with debtor mgmt re: proposed second half 2007 AIP | 1.40 |
| Joseph Sorrentino | 8/2/07 | Analyze and review Debtor proposal with Latham & Watkins and UCC members | 2.90 |
| Joseph Sorrentino | 8/13/07 | Analyze original AIP proposal compared to two alternatives | 3.80 |
| Joseph Sorrentino | 8/13/07 | Attend UCC meeting re: proposed half 2007 AIP | 1.50 |
| Joseph Sorrentino | 8/14/07 | Analyze DSB and non-DSB compensation based on proposed AIP at various performance levels | 8.30 |
| Joseph Sorrentino | 8/15/07 | Conference call with UCC Subcommittee re: proposed AIP | 1.20 |
| Joseph Sorrentino | 8/15/07 | Analyze DSB and non-DSB compensation based on proposed AIP at various performance levels | 3.40 |
| Jeffrey Hanhan | 8/10/07 | Modify AIP payout curve for UCC proposal | 2.60 |
| Pearl Meyer | 9/18/07 | Conference call with Latham & Watkins re: Debtor emergence programs | 0.50 |
| Pearl Meyer | 9/18/07 | Review Plan Investor Report re: emergence compensation programs | 5.2 |
| Pearl Meyer | 9/19/07 | Review Plan Investor Report re: DSB compensation benchmarking analysis | 5.60 |
| Pearl Meyer | 9/20/07 | Review Plan Investor Report re: non-DSB compensation benchmarking analysis | 4.30 |
| Pearl Meyer | 9/25/07 | Review Plan Investor Report re: emergence compensation programs | 2.10 |
| Pearl Meyer | 9/26/07 | Review Plan Investor Report re: Change in Control program | 3.30 |
| Pearl Meyer | 9/27/07 | Review Supplementary Information to Plan Investor Report provided by Watson Wyatt | 4.50 |
| Pearl Meyer | 9/27/07 | Review of invoice and fee statement for August 2007 | 1.20 |
| Joseph Sorrentino | 9/7/07 | Review draft AIP documents to ensure documents reflect UCC approvals | 1.30 |
| Joseph Sorrentino | 9/17/07 | Analysis of Plan Investor Report re: emergence compensation programs | 2.70 |
| Joseph Sorrentino | 9/18/07 | Conference call with Latham & Watkins re: Debtor emergence programs | 0.50 |



Detail of Work Performed - Delphi Corporation

| Staff Member | Date | Description | No. of Hours |
|---|---|---|---|
| Joseph Sorrentino | 9/19/07 | Analysis of CEO compensation for Debtor peer group | 6.70 |
| Joseph Sorrentino | 9/20/07 | Review financial performance for Debtor peer group | 5.30 |
| Joseph Sorrentino | 9/24/07 | Review DSB benchmarking analysis provided by Watson Wyatt | 2.10 |
| Joseph Sorrentino | 9/25/07 | Review non-DSB benchmarking analysis provided by Watson Wyatt | 3.40 |
| Joseph Sorrentino | 9/26/07 | Analysis of Supplementary Information to Plan Investor Report provided by Watson Wyatt | 8.70 |
| Joseph Sorrentino | 9/27/07 | Analysis of Supplementary Information to Plan Investor Report provided by Watson Wyatt | 7.90 |
| Joseph Sorrentino | 9/28/07 | Analysis of peer group proxy officer compensation | 6.60 |
| Jeffrey Hanhan | 9/18/07 | Analysis of peer group financial performance data | 4.50 |
| | | **Total Hours:** | **157.70** |

**EXHIBIT B**

**<u>Certification</u>**

9

NY\1128823.2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re:                                                    )          Chapter 11
                                                              )
        DELPHI CORPORATION, et al.,          )          Case No. 05-44481 (RDD)
                                                              )
                                Debtors.            )
                                                              )          Jointly Administered
_____)

### CERTIFICATION WITH RESPECT TO SIXTH FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pearl Meyer, a Senior Managing Director at Steven Hall & Partners, LLC ("Steven Hall"), the Compensation and Employment Agreement Advisors to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines," and collectively with the Local Guidelines, the "Guidelines"), hereby certifies as follows:

1.        I have reviewed the Sixth Fee and Expense Application of Steven Hall & Partners, LLC as Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors (the "Application"), for the period commencing June 1, 2007 through September 30, 2007 (the "Compensation Period"), which seeks approval of certain fees incurred

10

by Steven Hall as compensation and employment agreement advisors to the Committee in connection with the above captioned chapter 11 cases.

As required by Section B. 1 of the Local Guidelines, I certify that:

(a)        I have read the Application;

(b)        to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines;

(c)        the fees sought are charged in accordance with practices customarily employed by Steven Hall and generally accepted by Steven Hall's clients; and

(d)        in providing a reimbursable service, Steven Hall does not make a profit on that service, whether the service is performed by Steven Hall in-house or through a third party.

2.        As required by Section B. 2 of the Local Guidelines, I certify that, to the best of my knowledge and belief, all of Steven Hall's Monthly Statements were sent to the members of the Committee, the Debtors and the Office of the United States Trustee for the Southern District of New York, among others, not later than 20 days after the end of the month to which each Monthly Statement applied.

11

3.      As required by Section B. 3 of the Local Guidelines, I certify that, to the best of

my knowledge and belief, the members of the Committee, the Debtors and the Office of the

United States Trustee for the Southern District of New York, among others, will each be

provided with a copy of the Application at least ten (10) days in advance of the hearing to

consider the Application.

I certify the foregoing to be true and correct.

Dated: November 21, 2007
       New York, New York

_____
Pearl Meyer