**Hearing Date and Time: February 26, 2008 at 10:00 a.m.**
**Objection Deadline: February 19, 2008 at 4:00 p.m.**

SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
Douglas P. Bartner (DB-2301)
Jill Frizzley (JF-8174)

Special Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
                                                                 :
                                                                 :
In re:                                                           :        **Chapter 11**
                                                                 :
**DELPHI CORPORATION, et al.,**                                  :        **Case No.  05 – 44481 (RDD)**
                                                                 :
                            **Debtors.**                         :        **(Jointly Administered)**
                                                                 :
                                                                 :
                                                                 :
-----------------------------------------------------------------x

COVER SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

| | |
|---|---|
| NAME OF APPLICANT: | Shearman & Sterling LLP |
| TIME PERIOD: | June 1, 2007 through September 30, 2007 |
| ROLE IN THE CASE: | Special Counsel to the Debtors and the Debtors in Possession |
| DATE OF FINAL RETENTION: | November 4, 2005 |

APPLICATION:

| | |
|---|---|
| Fees Requested: | $995,791.00 |
| Voluntary Fee Reductions: | $10,513.50 |
| Expenses Requested: | $28,273.40 |
| Existing Holdback (20%): | $199,158.20 |
| Holdback Requested | |
| (after application of voluntary reductions): | $188,644.70 |

| | |
|---|---|
| PRIOR APPLICATION: | July 31, 2007 |
| THIS IS A(N): | X Interim     ___ Final Application |

NYDOCS03/849491.2

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
Douglas P. Bartner (DB-2301)
Jill Frizzley (JF-8174)

Special Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                            :
                                            :
                                            :
**In re:**                                  :        **Chapter 11**
                                            :
**DELPHI CORPORATION, et al.,**             :        **Case No.  05 – 44481 (RDD)**
                                            :
             **Debtors.**                   :        **(Jointly Administered)**
                                            :
                                            :
                                            :
-------------------------------------------------------------x

**SIXTH APPLICATION OF SHEARMAN & STERLING LLP, AS
SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF INTERIM
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JUNE 1, 2007 THROUGH SEPTEMBER 30, 2007**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Shearman & Sterling LLP ("S&S"), special counsel to Delphi Corporation and

certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"), submits this application (this "Application"),

pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for the interim allowance of compensation for professional services performed by S&S for the

period from June 1, 2007 through September 30, 2007 (the "<u>Compensation Period</u>"), and for reimbursement of actual and necessary expenses incurred during the Compensation Period and respectfully represent:

<strong>Professional Compensation<br><u>and Reimbursement of Expenses Requested</u></strong>

1.    S&S prepared this application in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "<u>Local Guidelines</u>"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"), the Order Under 11 U.S.C. § 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals (Docket No. 869) (the "<u>Monthly Compensation Order</u>,") the Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 2147)(the "<u>Supplemental Compensation Order</u>"), the Second Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 2986)(the "<u>Second Supplemental Compensation Order</u>"), the Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 3630)(the "<u>Third Supplemental Compensation Order</u>") including the Fee Committee And Fee Procedures Protocol approved by the Court (the "<u>Fee Protocol</u>"), the Fourth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 4545)(the "<u>Fourth Supplemental Compensation Order</u>"), the Fifth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals (Docket No. 5310)(the "Fifth Supplemental Compensation Order") and the Sixth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 6145)(the "Sixth Supplemental Compensation Order" together with the Local Guidelines, UST Guidelines, Monthly Compensation Order, Supplemental Compensation Order, Second Supplemental Compensation Order, Third Supplemental Compensation Order, Fee Protocol, Fourth Supplemental Compensation Order and the Fifth Supplemental Compensation Order, the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is attached hereto as Exhibit A.

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      S&S seeks allowance of the interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $985,277.50[1] and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $28,273.40   During the Compensation Period, S&S attorneys and paraprofessionals expended a total of 1,661.7 hours for which compensation is requested.

4.      Pursuant to Bankruptcy Rule 2016(b), there is no agreement or understanding between S&S and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

---

[1] Pursuant to this Application S&S voluntarily is reducing the amount of compensation sought for professional services rendered to the Debtors from $995,791.00 to $985,277.50.  The voluntary reductions, totaling $10,513.50, are further described in paragraph 43 herein and set out in detail in Exhibit D hereto.

5.        S&S's fees in these cases are billed in accordance with its existing billing rates and procedures in effect for the representation of the Debtors in relation to the chapter 11 cases (the "Bankruptcy Matters") and for the representation of Delphi Corporation, affiliated non-debtors, certain current and former officers and certain current and former directors in relation to an investigation and several litigation matters (the "Litigation Matters," and together with the Bankruptcy Matters, "Delphi Matters") during the Compensation Period.  The rates S&S charges for the services rendered by its professionals and paraprofessionals in relation to the Delphi Matters are generally the same rates S&S charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

6.        Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting forth all S&S professionals and paraprofessionals who have performed services in relation to the Delphi Matters during the Compensation Period, the capacities in which each such individual is employed by S&S, the department in which each individual practices, the hourly billing rate charged by S&S for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each professional was first licensed to practice law.

7.        Annexed hereto as Exhibit C is a schedule specifying the categories of expenses for which S&S is seeking reimbursement and the total amount for each such expense category.

8.     Pursuant to Section II.D of the UST Guidelines, annexed hereto as Exhibit D is a summary by project categories of the services performed by S&S during the Compensation Period.

9.     S&S maintains computerized records of the time spent by all S&S attorneys and paraprofessionals in connection with the Delphi Matters.  Subject to redaction for the attorney-client privilege or confidential information where necessary to protect the Debtors' estates, copies of these computerized records have been furnished to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), the attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors Committee"), the attorneys for the committee of equity security holders appointed in these chapter 11 cases (the "Equity Committee"), the attorneys for the Debtors prepetition lenders (the "Prepetition Lenders"), the attorneys for the Debtors' postpetition lenders (the "DIP Lenders") and the joint fee review committee (the "Fee Review Committee") in connection with S&S's monthly fee statements.

10.     As of the date hereof, S&S maintains a retainer in the amount of $325,324.92 for professional service performed and to be performed, and expenses incurred and to be incurred, in connection with the Delphi Matters.

11.     Also in accordance with the Monthly Compensation Order, S&S submitted monthly statements to the Debtors (and certain other parties-in-interest as set forth in the Monthly Compensation Order), and received payments on account of monthly statements submitted during the Compensation Period, as follows:

| Monthly Statement | Total Fees | 80% of Fees | 20% of Fees | Expenses (100%) |
|---|---|---|---|---|
| June 1, 2007 – June 30, 2007 | $70,700.00 | $56,560.00 Payment Received | $14,140.00 | $1,616.14 Payment Received |
| July 1, 2007 – July 31, 2007 | $286,298.50 | $229,038.80 Payment Received | $57,259.70 | $7,958.63 Payment Received |
| August 1, 2007 – August 31, 2007 | $422,205.00 | $337,764.00 Payment Received | $84,441.00 | $3,797.65 Payment Received |
| September 1, 2007 – September 30, 2007 | $216,587.50 | $173,270.00 **Payment Outstanding** | $43,317.50 | $14,900.98 **Payment Outstanding** |
| **TOTAL** | $995,791.00 | $796,632.80 | $199,158.20 | $28,273.40 |

12.     As set forth above, S&S has received payments totaling $636,735.22 representing payment of eighty percent (80%) of the fees for professional services and one hundred percent (100%) of the expenses incurred by S&S for the period June 1, 2007 through August 31, 2007.

13.     On or about October 30, 2007, S&S submitted to the Debtors its monthly fee statement for the period from September 1, 2007 to September 30, 2007 seeking payment of 80% of the fees requested and 100% of the expenses requested in accordance with the Monthly Compensation Order.  Since the 45-day objection period provided for in the Monthly Compensation Order has not expired as of the date hereof, S&S has not received any payments on account of this monthly fee statement.

14.     Accordingly, the Debtors hereby seek approval of a total of $985,277.50[2] in fees during the Compensation Period.  The Debtors hereby also seek approval of a total of $28,273.40 in expenses for the Compensation Period.  The total of the 20% holdback of fees for

---

[2] As outlined in footnote 1 and paragraph 43 herein, the amount of fees being sought for approval pursuant to this Application represents total fees of $995,791.00 minus voluntary reductions totaling $10,513.50.

the Compensation Period is $199,158.20[3], which is outstanding as of the date hereof.

15.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, S&S reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee application.

### Background

16.    On October 8, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for relief under chapter 11 of the Bankruptcy Code.

17.    On October 17, 2005, the U.S. Trustee appointed the Creditors' Committee.  As of the date hereof, no request has been made for the appointment of a trustee or examiner in these cases.

18.    Pursuant to the Court's order dated March 30, 2006, the U.S. Trustee appointed the Equity Committee on April 28, 2006.

19.    On May 5, 2006, the Court appointed the Fee Review Committee consisting of representatives of the Office of the U.S. Trustee, the Debtors and the Creditors' Committee.

20.    The Debtors have continued in possession of their respective properties and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[3] As outlined in footnote 1 and paragraph 43 herein, the amount of fees being sought for approval pursuant to this Application includes the application of voluntary reductions totaling $10,513.50.  The voluntary reductions have been applied to reduce the existing 20% holdback for the Compensation Period from $199,158.20 to a requested holdback of $188,644.70.

21.    Pursuant to an order of this Court dated November 4, 2005 (Docket No. 1376), the Debtors were authorized to retain S&S on a final basis as their special counsel to render legal services in the prosecution of these chapter 11 cases (the "S&S Retention Order").

22.    S&S does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.  S&S has previously filed affidavits with this Court attesting to its disinterestedness (Docket Nos. 49, 845 and 6741).

23.    On September 6, 2007, the Debtors filed a proposed joint plan of reorganization (the "Plan of Reorganization"), together with a proposed disclosure statement for such plan (as subsequently amended, the "Disclosure Statement"), both of which have been amended and will continue to be amended to reflect ongoing negotiations among the Debtors and its major stakeholders.

**Summary of Services**

24.    The Debtors' chapter 11 cases are large and complex.  Since the inception of these chapter 11 cases S&S has dedicated significant resources to help the Debtors finance and stabilize their ongoing business operations.  During the Compensation Period, S&S assisted – consistent with its role as 327(e) special counsel and at the request of the Debtors' 327(a) restructuring counsel – in legal research and the preparation of memoranda, presentations for the board of directors, and other relevant documents on behalf of the Debtors.  As of the date hereof, over a year and a half from the commencement of these chapter 11 cases, there are over [10,951] docket entries for these cases.  These figures evidence the size of these chapter 11 cases and, accordingly, the magnitude of the professional services that these cases have demanded.

25.    During the Compensation Period, S&S spent significant time and expended considerable efforts in advising Delphi with respect to various board issues.  S&S also

has devoted time and effort in advising the Debtors with respect to its postpetition financing

facility (the "DIP Facility") and rendering related services to the Debtors throughout these

chapter 11 cases.

26.     In addition, S&S represents Delphi Corporation, affiliated non-debtors and

certain current and former officers and directors in connection with the Litigation Matters with

respect to numerous putative class actions in federal court alleging violations of, among other

things, the federal securities laws and the Employee Retirement Income Securities Act of 1974

("ERISA") and both federal and state derivative actions alleging, among other things, breaches of

various fiduciary duties.  The federal securities, ERISA and derivative actions have been

transferred to the United States District Court for the Eastern District of Michigan for

coordinated or consolidated pretrial proceedings before Judge Gerald E. Rosen.  The federal and

state derivative actions have been administratively closed in light of the bankruptcy stay.  S&S

also represents Delphi Corporation with respect to an investigation by the United States

Securities and Exchange Commission ("SEC") in connection with issues relating to Other

Postemployment Benefits ("OPEB").

27.     Given the complexity of the chapter 11 cases and the litigation matters in

which S&S represents the Debtors, certain matters required the attention of two or more S&S

attorneys with expertise in different areas of law.  For example, attorneys in S&S's bankruptcy

and finance groups coordinated their efforts in preparing documents in connection with the

postpetition financing facility and S&S's litigation attorneys consult with bankruptcy attorneys as

required.

28.     To ensure that the legal fees were appropriate given the nature of the

matter or dispute at issue, attorneys with lower billing rates were assigned to handle certain

matters, such as researching and preparing initial drafts of documents.  In order to utilize S&S

attorneys in this cost-effective manner, more senior attorneys reviewed the work of junior

attorneys and, when necessary, meetings were held among attorneys to coordinate their efforts.

Absent meetings of this nature, all matters would have been handled by the senior attorney – at a

higher cost to the estate – who more often had direct contact with the Debtors and other parties in

interest and their respective counsel.

      29.    To facilitate effective review of this Application, in accordance with the

UST Guidelines and the Fee Protocol, S&S has utilized the following separate billing categories

and project codes during the compensation period as appropriate:

| | S&S Matter | Delphi Project Code |
|---|---|---|
| Litigation Matters | | |
| * Securities Class Action Litigation | 20 | 23 S&S |
| * Derivative Lawsuits | 21 | 24 S&S |
| * ERISA Class Action Litigation | 22 | 25 S&S |
| | | |
| Bankruptcy Matters | | |
| * DIP Financing | 28 | 9 |
| * Employment Applications & Objections | 31 | 8 |
| * Fee Applications & Objections | 33 | 7 |
| * General Corporate | 36 | 10 |
| * Non-Working Travel | 38 | 30 S&S |
| * Expenses | 46 | 34 S&S |
| * Board Advice | 49 | 37 S&S |

      30.    Set forth below is a brief summary of certain of the matters on which S&S

spent a significant number of hours and it is not meant to be a detailed description of all of the

work performed, nor does it necessarily reflect all of the separate billing categories established

by S&S.  A complete summary of the fees attributable to each category is provided in <u>Exhibit D</u>

hereto.  The time details which fully describe the day-to-day services provided by S&S, and the

time expended performing such services in each of the categories, have been served upon those

parties set forth in the Monthly Compensation Order and are available for review by any other

interested party upon request to S&S.

## LITIGATION MATTERS

A. <u>Securities Class Action</u> (Fees: $562,930.50 Hours: 914.7)

- Reviewed materials regarding status of litigation and participated in numerous teleconferences and communications with Debtors' counsel and co-defendants' counsel concerning general operational issues related to the litigation.

- Reviewed materials regarding discovery issues and communications regarding same.

- Reviewed materials regarding economic consultant analyses and communications regarding same.

- Reviewed and prepared materials regarding settlement mediation and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel and co-defendants' counsel regarding same.

- Prepared for and attended settlement mediation sessions and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel and co-defendants' counsel regarding same.

- Drafted, reviewed and finalized papers regarding settlement of action and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel and co-defendants' counsel regarding same.

- Reviewed materials regarding settlement issues and communications regarding same.

- Reviewed materials regarding confidentiality order and communications regarding same.

B. <u>Derivative Lawsuits</u> (Fees: $8,681.50 Hours: 15.9)

- Reviewed materials and attended conference regarding status of litigation and communications regarding same.

- Drafted answer to complaint, reviewed related materials and communications regarding same.

C.  <u>ERISA Class Action Litigation</u> (Fees: $228,404.00 Hours: 384.7)

- Reviewed materials regarding status of litigation and participated in teleconferences and communications with Debtors' counsel and co-defendants' counsel concerning general operational issues related to the litigation.

- Reviewed materials regarding discovery issues and communications regarding same.

- Reviewed materials regarding economic consultant analyses and communications regarding same.

- Reviewed and prepared materials regarding settlement mediation and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel and co-defendants' counsel regarding same.

- Prepared for and attended settlement mediation sessions and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel and co-defendants' counsel regarding same.

- Drafted, reviewed and finalized papers regarding settlement of action and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel and co-defendants' counsel regarding same.

- Reviewed materials regarding settlement issues and communications regarding same.

- Reviewed materials regarding confidentiality order and communications regarding same.


<u>BANKRUPTCY MATTERS</u>

D.  <u>Debtor In Possession Financing</u> (Fees: $94,313.00; Hours: 151.8)

- Rendered advice to the Debtors with respect to the Debtors' use of and compliance with the DIP Facility.

- Advised Debtors, participated in meetings and teleconferences regarding and drafted a term sheet for exit financing proposal.

- Advised Debtors, participated in meetings and teleconferences regarding a confidentiality agreement related to the exit financing proposal.

- Advised Debtors regarding European restructuring under the DIP Facility.

- Negotiated and obtained amendments to the DIP Facility as necessary.

E.  <u>Fee Applications & Objections</u> (Fees: $11,527.50; Hours: 44.6)

- Reviewed and revised monthly invoices in order to ensure compliance with the Guidelines.

- Prepared monthly fee statements and served the same in compliance with the Guidelines.

- Prepared, filed and served the Fifth Application of Shearman & Sterling LLP, as Special Counsel to the Debtors, for Allowance of Interim Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2007 through May 31, 2007 (the "<u>Fifth Interim Fee Application</u>").

- Reviewed the Fee Review Committee's report, as prepared by Legal Cost Control, regarding S&S's Fifth Interim Fee Application and prepared response to same.

F.  <u>Board Advice</u> (Fees: $78,369.00; Hours: 120.4)

- Prepared for and attended board meetings.

- Advised Debtors and participated in meetings and teleconferences regarding certain director and officers' liability and fiduciary duties issues.

- Conducted research and case law analysis regarding director and officers' liability coverage and claim settlements.

- Prepared a legal memoranda with respect to the director and officers' liability issues presented.

- Advised Debtors and participated in meetings and teleconferences regarding selected plan of reorganization provisions.

- Advised the board of directors and participated in meetings and teleconferences regarding the Multidistrict Litigation Settlement provisions and resolutions related thereto.

31.    S&S submits that the professional services performed by S&S were

necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the

best interests of the Debtors and other parties in interest.  Compensation for the services described above is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.

32.    The professional services performed by S&S on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 1,661.7 recorded hours by S&S's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended, 927.9 recorded hours were expended by partners and counsel of S&S, 528.2 recorded hours were expended by associates, and 205.6 recorded hours were expended by paraprofessionals of S&S. The professional services were performed with expedience and in an efficient manner.

33.    During the Compensation Period, S&S's hourly billing rates for attorneys ranged from $275.00 to $900.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $651.86 (based on 1,456.1 recorded hours for attorneys at S&S's regular and negotiated billing rates in effect at the time of the performance of services).  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.  As noted, attached hereto as Exhibit B is a schedule listing each S&S professional and paraprofessional who performed services in these cases during the Compensation Period, the hourly rate charged by S&S for services performed by each such individual, and the aggregate number of hours and charges by each such individual.

### Actual and Necessary Disbursements of S&S

34.    As set forth in Exhibit C hereto, S&S has disbursed $28,273.40 in expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary in light of the size and complexity of the Debtors' cases. For example, in order for S&S to properly analyze and address the complex issues that have

arisen in these chapter 11 cases, S&S attorneys performed considerable electronic research during the Compensation Period, all of which was necessary to facilitate the Debtors' reorganization and in the best interests of the Debtors' estates.

35.     S&S's regular practice is not to include components for expense charges in overhead when establishing billing rates and to charge its clients for those out-of-pocket disbursements incurred during the regular course of the rendition of services on their behalf.  The reimbursement amounts do not exceed those set forth in the Guidelines.

36.     In accordance with the Fee Protocol, attorneys and other employees who worked late into the evening and who billed at least 8 hours to the Delphi Matters during that day were reimbursed for their reasonable meal costs and their cost for transportation from the office to home.

37.     Consistent with firm policy, attorneys and other employees of S&S who worked on weekends also were reimbursed for their reasonable meal costs and their cost for transportation from the office to home.

38.     Pursuant to the Fee Protocol, as of September 1, 2006 S&S has charged $0.10 per page for photocopying expenses with respect to all of the Delphi Matters.

39.     In compliance with the Guidelines S&S does not charge for in-coming facsimiles.  With respect to out-going facsimile expenses, as permitted in the Guidelines, S&S charges $1.25 per page for domestic facsimile transmissions and $2.50 per page for international facsimile transmissions.  These charges are intended to cover S&S's direct operating costs, which costs are not incorporated into the S&S hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit C hereto are charged for such services.  The effect of

including such expenses as part of the hourly billing rates would impose unfairly such costs upon clients who do not require extensive photocopying and other facilities and services.

40.    In addition, because of the multiple locations of the Debtors' businesses, long distance telephone calls were required.  On several occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services.  These disbursements are not included in S&S's overhead for the purpose of setting billing rates.  S&S has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

41.    Throughout these cases, S&S has expended a considerable effort to "self police" its fees by critically reviewing all time charges entered into its billing system.  S&S's vigilance in scrutinizing the time billed to the Debtors' has led to the following voluntary reductions.

42.    In light of discussions with the Debtor and the Fee Review Committee regarding the previous fee applications S&S voluntarily is reducing the amounts charged in association with compliance with the fee protocol and responding to LCC requests as well as amounts in association with the functions performed by S&S's Managing Attorney's office or of a clerical nature such as the retrieval and routing of updated docket reports and calendar management.  This results in a voluntary fee reduction in the amount $2,040.00 with respect to protocol compliance fees and $8,473.50 with respect to case administration related fees.  Such voluntary reductions total $10,513.50, in the aggregate for the Fee Period and have been applied

to reduce the amount of fees sought pursuant to this application.  These reductions are detailed in Exhibit D hereto.

43.    The Fee Protocol also mandates that non-working travel time be billed at 50% effective as of September 1, 2006.  From the outset of these cases S&S voluntarily has billed its non-working travel time for the Bankruptcy Matters at 50%.  For the Fee Period, this results in a fee reduction of $9,465.50.  These reductions were taken on a monthly basis and are already incorporated into the exhibits hereto.

44.    The fee reductions set forth above are in addition to efforts usually expended by S&S to ensure that its clients are not charged for unnecessary services.  In that regard, as is the firm's policy, S&S carefully managed staffing in a manner to avoid overstaffing and, where possible (after taking into consideration the nature and complexity of a matter or dispute), utilized attorneys with lower billing rates.

## **The Requested Compensation Should Be Allowed**

45.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern this Court's award of such compensation.  11 U.S.C. § 331.  Section 330 of the Bankruptcy Code, provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, extent and the value of such services, taking into account all relevant factors, including –
>
> > the time spent on such services;
> >
> > the rates charged for such services;

whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than in cases under this title.

11 U.S.C. § 330(a)(3).

46.     Applying these factors, S&S respectfully submits that the services for which it seeks compensation in this Application were beneficial and necessary to the Debtors' cases and reorganization.  Moreover, S&S submits that the compensation sought for these services is reasonable in light of the nature, extent and value of those services to the Debtor, its estate and all parties in interest.

47.     Throughout the Compensation Period, S&S worked diligently to anticipate obstacles to the Debtors' reorganization and to respond to the problems it faced -- from emergent crises to more mundane matters.  These services, in addition to the services more directly focused on the reorganization process, were necessary and beneficial to the Debtors' estate and were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved.  Accordingly, allowance of the compensation sought herein is warranted.

48.     In addition to time and labor devoted, other factors may be considered in awarding fees for legal services.  In considering the reasonableness of fees, courts often consider the standards established in In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir.), cert.

denied, 431 U.S. 904 (1977), and then to determine what a reasonable fee would be under the

circumstances.  See also D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383

(9th Cir. 1990); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1976).  Accordingly,

these factors generally considered in determining the reasonableness of a fee application are:

(i) the time and labor required, the novelty and difficulty of the questions involved and the skill

requisite to perform the legal service properly; (ii) the likelihood, if apparent or made known to

the client, that the acceptance of the particular employment will preclude other employment by

the lawyer; (iii) the fee customarily charged in the locality for similar services; (iv) the amount

involved and the results obtained; (v) the time limitations imposed by the client or by

circumstances; (vi) the nature and length of the professional relationship with the client; (vii) the

experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) whether the fee is fixed or contingent.  All of these factors justify the compensation sought

herein.

## No Duplication of Service Among Counsel

49.     S&S has developed a cooperative working relationship with other firms

retained by the Debtors, including, among others, Skadden, Arps, Slate, Meagher & Flom LLP,

Togut, Segal & Segal LLP, the Groom Law Group Chartered and O'Melveney & Myers LLP.

Because each firm is aware of each of the other's role and scope of services being provided to the

Debtors, S&S believes that no unnecessary duplication of services has occurred.  As a result, the

Debtors' law firms were able to provide the necessary legal services to the Debtors in an

expeditious and efficient manner.

## Review of Application by Debtors

50.     As provided in section II.A.5 of the UST Guidelines, the officer

designated by the Debtors to be responsible for such matters, David Sherbin, has been provided

with a copy of this Application.  Mr. Sherbin has approved the amounts requested for

compensation for professional services and reimbursement of actual and necessary expenses as

set out in this Application.

### **Requirements of Local Rule 9013-1(b)**

51.    Given that there are no novel issues of law presented herein and that the

legal authority for the relief being sought is set forth herein, S&S respectfully requests that this

Court waive the requirement that S&S file a memorandum of law in support of this Application

as provided in Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for the Southern District of New York.

### **No Prior Request**

52.    No previous application for the relief sought herein has been made to this

or any other court.

WHEREFORE S&S respectfully requests (i) allowance of compensation for professional services rendered during the Compensation Period in the amount of $985,277.50, inclusive of voluntary fee reductions, and reimbursement for actual and necessary expenses S&S incurred during the Compensation Period in the amount of $28,273.40 (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to S&S's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; and (iii) this Court grant S&S such other and further relief as is just.

Dated:   New York, New York
         November 29, 2007


                                    By:    /s/ Douglas P. Bartner
                                           Douglas P. Bartner (DB-2301)
                                           Jill Frizzley (JF-8174)


                                           SHEARMAN & STERLING LLP
                                           599 Lexington Avenue
                                           New York, New York  10022
                                           Telephone: (212) 848-4000
                                           Facsimile:  (212) 848-7179

                                           Special Counsel to the Debtors and
                                           Debtors in Possession