UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
   In re                              :  Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :  Case No. 05-44481 (RDD)
                                        :
                  Debtors.      :  (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002, 6004, AND 9014
AUTHORIZING AND APPROVING SALE BY DELPHI AUTOMOTIVE SYSTEMS LLC
AND DELPHI TECHNOLOGIES, INC. OF CERTAIN EQUIPMENT AND OTHER
ASSETS PRIMARILY USED IN DEBTORS' SAGINAW CHASSIS
BUSINESS FREE AND CLEAR OF LIENS

("SAGINAW CHASSIS ASSET SALE APPROVAL ORDER")

Upon the motion, dated September 17, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 (i) approving bidding procedures, (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC") and Delphi Technologies, Inc. (together with DAS LLC, the "Selling Debtor Entities" or the "Sellers") primarily used and located at DAS LLC's chassis facility in Saginaw, Michigan (the "Saginaw Chassis Business"), and in other locations in North America, including the manufacturing equipment, test and development equipment, inventory, assigned permits, and other personal property (the "Acquired Assets") pursuant to the Asset Purchase Agreement, dated September 17, 2007, as amended by

the Third Amendment To Asset Purchase Agreement (collectively, the "Agreement," a copy of both which are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively), by and between the Selling Debtor Entities and TRW Integrated Chassis Systems LLC (the "Purchaser")[1] or to the party submitting the highest or otherwise best bid (the "Successful Bidder"); and the Court having entered an order on November 16, 2007 (the "Bidding Procedures Order") (Docket No. 10958) (a) approving bidding procedures, (b) granting certain bid protections, (c) approving the form and manner of sale notices, and (d) setting the Sale Hearing; and, there being no competing bids submitted pursuant to the Bidding Procedures Order, the Sale Hearing having been held on November 29, 2007, at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered the Motion and the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their stakeholders, and all other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:[2]

    A.    The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

2

B. The statutory predicates for the relief sought in the Motion are section 363 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, and 9014.

C. As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, and the Sale has been provided in accordance with 11 U.S.C. §§ 102(l) and 363 and Fed. R. Bankr. P. 2002, 6004, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, or the Sale is necessary.

D. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Sellers have marketed the Acquired Assets and certain assets located at a facility in Oshawa, Ontario, Canada (the "Canadian Assets") and conducted the sale process in compliance with the Bidding Procedures Order.

E. The Selling Debtor Entities (i) have full power and authority to execute the Agreement and all other applicable documents contemplated thereby, and the transfer and conveyance of the Acquired Assets by the Selling Debtor Entities have been duly and validly authorized by all necessary action of the Selling Debtor Entities, (ii) have all of the power and authority necessary to consummate the transactions contemplated by the Agreement, and (iii) have taken all action necessary to authorize and approve the Agreement and to consummate the transactions contemplated thereby, and no consents or approvals, other than those expressly provided for in the Agreement, are required for the Selling Debtor Entities to consummate such transactions.

    F.  The Selling Debtor Entities have demonstrated (i) a good, sufficient, and sound business purpose and justification for the Sale because, among other things, the Selling Debtor Entities and their advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Acquired Assets and determined that (a) the terms and conditions set forth in the Agreement, (b) the transfer to the Purchaser of the Acquired Assets pursuant thereto, and (c) the Purchase Price agreed to as reflected in the Agreement are all fair and reasonable and together constitute the highest or otherwise best value obtainable for the Acquired Assets and (ii) that compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization exist because, among other things, absent the Sale the value of the Acquired Assets will be substantially diminished.

    G.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Purchaser, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) counsel for the official committee of equity security holders appointed in these chapter 11 cases, (v) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets and the Canadian Assets during the past six months, (vi) all entities known to have asserted any Liens (as defined below) in or upon the Acquired Assets, (vii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion, (viii) the United States Attorney's office, (ix) the United States Department of Justice, (x) the Securities and Exchange Commission, (xi) the Internal Revenue Service, (xii) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And

4

Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management Order")), and (xiii) such other entities as are required to be served with notices under the Supplemental Case Management Order.

    H.   The Purchaser is not an "insider" of any of the Debtors as that term is defined in 11 U.S.C. § 101(31).

    I.   The Agreement was negotiated, proposed, and entered into by the Sellers and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Sellers nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoidable under 11 U.S.C. § 363(n).

    J.   The Purchaser is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Approval Order.

    K.   The consideration provided by the Purchaser for the Acquired Assets pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Acquired Assets, (iii) will provide a greater recovery for the Selling Debtor Entities' stakeholders than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

L. The transfer of the Acquired Assets to the Purchaser is a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Purchaser with all right, title, and interest of the Selling Debtor Entities to the Acquired Assets free and clear of any and all liens of any type whatsoever (including tax liens and any statutory or common law liens, possessory or otherwise), charges, pledges, security interests, conditional sale agreements or other title retention agreements, leases, mortgages, security interests, options, or other encumbrances (including the filing of, or agreement to give, any financing statements under the Uniform Commercial Code of any jurisdiction) and any monetary amounts which are secured by any lien, including, but not limited to those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Selling Debtor Entities or the Purchaser's interest in the Acquired Assets, or any similar rights, and (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Saginaw Chassis Business prior to the transfer of the Acquired Assets to the Purchaser (collectively, the "Liens").

M. If the Sale of the Acquired Assets by the Selling Debtor Entities were not free and clear of any Liens as set forth in the Agreement and this Sale Approval Order, or if the Purchaser would, or in the future could, be liable for any of the Liens as set forth in the Agreement and this Sale Approval Order, the Purchaser would not have entered into the Agreement and would not consummate the Sale or the transactions contemplated by the Agreement, thus adversely affecting the Selling Debtor Entities, their estates, and their stakeholders.

N. The Selling Debtor Entities may sell their interests in the Acquired Assets free and clear of all Liens because, in each case, one or more of the standards set forth in 11

6

U.S.C. § 363(f)(1)-(5) has been satisfied. No holders of Liens objected to the sale and thus all holders of Liens are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2). And all holders of Liens are adequately protected, moreover, by having their Liens, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an interest, with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

<u>General Provisions</u>

1.      The Motion is GRANTED.

<u>Approval Of The Agreement</u>

2.      Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.      Pursuant to 11 U.S.C. § 363(b), the Selling Debtor Entities are authorized, but not directed, to perform their obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.      Each of the signatories to the Agreement is authorized, but not directed, to take all actions necessary or appropriate to effectuate the terms of this Sale Approval Order.

7

    5.  The Selling Debtor Entities are authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

    6.  This Sale Approval Order and the Agreement shall be binding in all respects upon all stakeholders (whether known or unknown) of the Selling Debtor Entities, the Purchaser, all successors and assigns of the Purchaser and the Selling Debtor Entities, all affiliates and subsidiaries of the Purchaser and the Selling Debtor Entities, and any subsequent trustees appointed in the Selling Debtor Entities' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection.  To the extent that any provision of this Sale Approval Order is inconsistent with the terms of the Agreement, this Sale Approval Order shall govern.

    7.  The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; <u>provided</u> that any such modification, amendment, or supplement is not material.

Sale And Transfer Of The Acquired Assets

    8.  Pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the consummation of the Agreement, the Selling Debtor Entities' right, title, and interest in the Acquired Assets shall be

transferred to the Purchaser free and clear of all Liens, with all such Liens to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they had as against the Acquired Assets immediately before such transfer, subject to any claims and defenses the Selling Debtor Entities may possess with respect thereto.

9. The transfer of the Acquired Assets to the Purchaser pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Purchaser with all right, title, and interest of the Selling Debtor Entities in and to the Acquired Assets free and clear of all Liens of any kind or nature whatsoever.

10. If any person or entity which has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Liens against or in the Acquired Assets shall not have delivered to the Selling Debtor Entities prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens that the person or entity has with respect to the Acquired Assets, or otherwise, then (a) the Selling Debtor Entities are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Acquired Assets and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Approval Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the Acquired Assets of any kind or nature whatsoever.

11. This Sale Approval Order (a) shall be effective as a determination that, upon the Closing of the Sale, all Liens of any kind or nature whatsoever existing as to the Selling Debtor Entities or the Acquired Assets being sold by the Selling Debtor Entities prior to the

Closing of the Sale have been unconditionally released, discharged, and terminated (other than any surviving obligations), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

        12.    All persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade stakeholders, and other stakeholders, holding Liens of any kind or nature whatsoever against or in the Selling Debtor Entities or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Saginaw Chassis Business, the Acquired Assets, the operation of the Saginaw Chassis Business prior to the Closing of the Sale, or the transfer of the Acquired Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Acquired Assets, such persons' or entities' Liens.  Nothing in this Sale Approval Order or the Agreement releases or nullifies any Liability to a governmental agency under any environmental laws and regulations that any entity would be subject to as owner or operator of any Acquired Assets after the date of entry of this Sale Approval Order.  Nothing in this Sale Approval Order or the Agreement bars, estops, or enjoins any governmental agency from

asserting or enforcing, outside the Court, any Liability described in the preceding sentence. Notwithstanding the above, nothing herein shall be construed to permit a governmental agency to obtain penalties from the Purchaser for days of violation of environmental laws and regulations prior to Closing.

Additional Provisions

13.    The consideration provided by the Purchaser for the Acquired Assets under the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, and any state, territory, or possession thereof, or the District of Columbia.

14.    Upon the Closing of the Sale, this Sale Approval Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Acquired Assets or a bill of sale transferring good and marketable title in the Acquired Assets to the Purchaser pursuant to the terms of the Agreement.

15.    Upon the Closing of the Sale, each of the Selling Debtor Entities' creditors is authorized and directed to execute such documents and take all other such actions as may be necessary to release its respective Liens against the Acquired Assets, if any, as such Leins may have been recorded or may otherwise exist.

16.    Each and every federal, state, and governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

17. All entities which are currently, or as of the Closing of the Sale may be, in possession of some or all of the Acquired Assets to be sold, transferred, or conveyed pursuant to the Agreement are hereby directed to surrender possession of the Acquired Assets to the Purchaser upon the Closing of the Sale.

18. All persons holding Liens against or in the Selling Debtor Entities or the Acquired Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Lien against the Purchaser, its property, its successors and assigns, or the Acquired Assets with respect to any Lien of any kind or nature whatsoever which such person or entity had, has, or may have against or in the Selling Debtor Entities, their estates, their officers, their directors, their shareholders, or the Acquired Assets. Following the Closing of the Sale, no holder of a Lien in the Selling Debtor Entities shall interfere with the Purchaser's title to or use and enjoyment of the Acquired Assets based on or related to such Interest or any actions that the Debtors may take, or have taken, in their chapter 11 cases.

19. The transactions contemplated by the Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Acquired Assets shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Acquired Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

20. The consideration provided by the Purchaser for the Acquired Assets under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

21. The Selling Debtor Entities, including, but not limited to, their officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this Sale Approval Order. The Selling Debtor Entities shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this Sale Approval Order.

22. The terms and provisions of the Agreement and this Sale Approval Order shall be binding in all respects upon, and shall inure to the benefit of, the Selling Debtor Entities, their estates, and their stakeholders, the Purchaser, and its affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting a Lien in the Acquired Assets to be sold to the Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee or other fiduciary such terms and provisions likewise shall be binding.

23. Notwithstanding anything contained herein to the contrary, the term "Acquired Assets" as defined herein does not include property that is not property of the Selling Debtor Entities' estates, such as funds that are trust funds under any applicable state lien laws.

24. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the

13

Acquired Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.

25. The failure specifically to include or to reference any particular provision of the Agreement in this Sale Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

26. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, <u>provided</u> that any such modification, amendment, or supplement does not have a material adverse effect on the Selling Debtor Entities' estates.

27. Nothing in this Sale Approval Order shall alter or amend the Agreement and the obligations of the Sellers and the Purchaser thereunder.

28. This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Approval Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets to the Purchaser, (b) compel delivery of the purchase price or performance of other obligations owed to the Sellers pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Sale Approval Order, and (e) protect the Purchaser against any Lien against the Selling Debtor

14

Entities or the Acquired Assets, of any kind or nature whatsoever, which Liens, valid and timely perfected, shall attach to the proceeds of the Sale.

29. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       November 29, 2007

                                                   /s/Robert D. Drain
                                                  UNITED STATES BANKRUPTCY JUDGE