SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION et al.,              :    Case No. 05-44481 (RDD)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SIXTH SUPPLEMENTAL DECLARATION AND STATEMENT OF
JOHN WM. BUTLER, JR. UNDER FED. R. BANKR. P. 2014 AND 2016

JOHN WM. BUTLER, JR., being duly sworn, deposes and says:

1.      I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), which maintains offices for the practice of law at various locations including at 333 West Wacker Drive, Chicago, Illinois 60606-1285 and Four Times Square, New York, New York 10036.  On October 8, 2005, I executed and filed a declaration (the "Declaration") pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application For Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon (Docket No. 47), filed contemporaneously therewith by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  Pursuant to an interim order entered October 14, 2005 and a final order entered November 4, 2005, this Court authorized the retention of Skadden to serve as the Debtors' principal restructuring and bankruptcy counsel.  Skadden has represented the Debtors in their chapter 11 cases since the filing of the Debtors' chapter 11 petitions and continues to represent the Debtors.

<u>Prior Declarations</u>

2.      On May 31, 2006, in connection with the filing of the First Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Under 11 U.S.C. §§ 330 And 331 (Docket No. 3975), I

2

executed and filed a supplemental declaration (Docket No. 3973) (the "First Supplemental Declaration").

3.      In connection with the Second Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Under 11 U.S.C. §§ 330 And 331 (Docket No. 4796), I executed and filed a second supplemental declaration on August 1, 2006 (Docket No. 4810) (the "Second Supplemental Declaration").

4.      On November 30, 2006, in connection with the Third Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Under 11 U.S.C. §§ 330 And 331 (Docket No. 6002), I executed and filed a third supplemental declaration (Docket No. 5999) (the "Third Supplemental Declaration").

5.      On January 10, 2007, I executed and filed a fourth supplemental declaration (Docket No. 6542) (the "Fourth Supplemental Declaration").

6.      On July 31, 2007, in connection with the Fifth Interim Application Of Skadden, Arps, Slate, Meagher & Flom LLP, Counsel To The Debtors-In-Possession, Seeking Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Under 11 U.S.C. §§ 330 And 331 (Docket No. 8828), I executed and filed a fifth supplemental declaration (Docket No. 8830) (the "Fifth Supplemental Declaration," and, collectively with the Declaration, the First Supplemental Declaration, the Second

3

Supplemental Declaration, the Third Supplemental Declaration, and the Fourth

Supplemental Declaration, the "Prior Declarations").

7.    The Prior Declarations were filed pursuant to Bankruptcy Rules

2014 and 2016 to supplement the disclosures made in the Declaration and to provide

additional disclosures regarding the results of Skadden's continuing client database research

of parties appearing in these cases subsequent to the filing of the Declaration.

<u>Ongoing Relationship And Disclosure Research</u>

8.    Prior to the execution of each of the Prior Declarations, Skadden

performed extensive relationship and disclosure research with respect to the Debtors'

affiliates, directors and officers, joint owners of the Debtors' affiliates, fifty largest

unsecured creditors (on a consolidated basis as of September 2005 as determined by the

Debtors), counterparties to major contracts, major lenders, shareholders owning more than

5% of outstanding shares, professionals, utility companies, counterparties to major leases,

insurance providers, major vendors, major customers, non-Debtor parties to collective

bargaining agreements with the Debtors, indenture trustees, underwriters of securities,

major litigation parties, state and governmental agencies, Judges for the United States

Bankruptcy Court for the Southern District of New York, and the United States Trustee for

the Southern District of New York (the "U.S. Trustee").  Skadden has subsequently

conducted additional queries of its client databases regarding possible relationships with, or

connections to, parties that filed formal notices of appearance in these cases (the "Rule 2002

Entities"), parties on the master service list (the "Master Service List Parties"), parties who

have filed claims seeking allowance of certain pre-petition liabilities (the "Claimants"),

4

parties to the proposed Equity Purchase and Commitment Agreement, as filed on July 18,

2007 and as subsequently amended, and their advisors (the "Plan Sponsors and their

Advisors"), and certain other parties who have been actively involved in these cases or

otherwise identified to Skadden.  The disclosures in the Prior Declarations were based on

that research.

9.    Skadden is filing this sixth supplemental declaration (the "Sixth

Supplemental Declaration") to supplement the disclosures in the Prior Declarations and to

provide additional disclosures regarding the results of its continued client database research

of the parties which have appeared in these cases and other additional due diligence.

Skadden will continue to conduct further due diligence and research of its client databases

and inquiries of its attorneys and will file additional supplemental declarations regarding its

retention, including periodic supplemental declarations anticipated to be filed at or about

the time that future fee applications are filed in these cases, to the extent necessary.

10.    Except as otherwise indicated, I have personal knowledge of the

matters set forth herein and, if called as a witness, would testify competently thereto.

Certain of the disclosures herein, however, relate to matters within the knowledge of other

attorneys at Skadden and are based on information provided to me by them.

11.    Except as otherwise set forth in the Prior Declarations and herein, to

the extent known by me after reasonable inquiry, Skadden, through its partners, counsel,

and associates, (a) does not have any connections with the Debtors or their affiliates, their

creditors, the U.S. Trustee, or any other party-in-interest, or their respective attorneys and

accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the

5

Bankruptcy Code, as modified by section 1107(b), and (c) does not hold or represent any interest adverse to the Debtors' estates.

12.     As disclosed in the Prior Declarations, Skadden does not represent and has not represented any entity, other than the Debtors, in matters related to these chapter 11 reorganization cases.  Skadden, however, has in the past represented, currently represents, and likely in the future will represent certain creditors of the Debtors and other parties-in-interest in matters unrelated to the Debtors, the Debtors' reorganization cases, or such entities' claims against or interests in the Debtors.  To the extent known by me after reasonable inquiry, the identity of these creditors and other parties-in-interest was disclosed in the Prior Declarations or is disclosed in this Sixth Supplemental Declaration.  Skadden's representation of these entities has not affected and will not affect the firm's representation of the Debtors in these cases.  Skadden does not represent these entities in any matters adverse or related to the Debtors.  Most of the firm's representations of these parties consist of representations in episodic transactional matters.

## Supplemental Due Diligence And Disclosures

13.     Subsequent to the filing of the Prior Declarations, Skadden has performed additional searches of its client databases through October 15, 2007 for the Rule 2002 Entities, the Master Service List Parties, retained professionals, and certain other parties-in-interest as set forth in paragraph 7 hereof.  Based on such subsequent client database queries, Skadden has determined that it represents or has in the past represented (in addition to those entities previously disclosed in the Prior Declarations) certain creditors or

6

other parties-in-interest (or in some cases their affiliates or other related parties as indicated

in italics) in matters unrelated to the Debtors as follows:

14.    Claimants: *a company that filed a Schedule 13D with the SEC

indicating beneficial ownership of equity securities in A. Schulman, Inc.;* AXA Investment

Managers *and affiliates; an affiliate of AIG World Source*; *several companies that are

beneficial owners of Airgas, Inc.*; Akzo Nobel Inc.*; an affiliate of a company and a public

company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity

securities in Ametek Inc.; an affiliate of Benecke-Kaliko AG*; *affiliates of a public company

with a beneficial ownership interest in Carlisle Companies, Inc.; an affiliate of Clarion

Corporation of America; an affiliate of Contitech Elastomer—Beschichtungen Gmbh*; *an

affiliate of Cooper Standard Automotive; affiliates of Equity Corporate Housing, Inc.; a

company that filed a Schedule 13G with the SEC indicating beneficial ownership of equity

securities in Fastenal, Co.*; *an affiliate of FCI Austria Gmbh, FCI Automotive Deutschland

Gmbh, FCI Automotive France SA, FCI Canada, Inc., FCI Electronics Mexico, FCI Italia

SpA, and FCI USA Inc.; an affiliate of FirstEnergy Solutions Corporation; an affiliate of

Fujitsu Ten Corporation of America; affiliates of Hilco Financial; affiliates of ITT

Automotive Fluid; a public company with a beneficial ownership interest in Methode

Electronics, Inc.;* Milliken and Co.; On Semiconductor, Corp.; *four companies and an

affiliate of a company that filed a Schedule 13G with the SEC indicating beneficial

ownership of equity securities in On Semiconductor, Corp.; affiliates of Philips

Semiconductors GmbH; two companies that each filed a Schedule 13G with the SEC

indicating beneficial ownership of equity securities in Sherwin Williams Co.; affiliates of*

7

*Siemens Energy*; *affiliates of Siemens PLC;* Sumitomo Corporation of America; TCW

Group, Inc.; *an affiliate of Temic Automotive of North America; two companies that each*

*filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in*

*Texas Instruments, Inc; an affiliate of Thyssenkrupp USA, Inc.;  an affiliate of Toshiba*

*Corporation; an affiliate of Trostel Ltd.; an affiliate of a public company for which WL*

*Ross & Company filed a Schedule 13G with the SEC indicating beneficial ownership of*

*equity securities.*

15. <u>Counterparties To A Major Contract</u>: Applera Corporation; *an*

*affiliate of Time Warner, Inc.; an affiliate of United Global Com, Inc.*

16. <u>Counterparty To A Major Lease</u>: *an affiliate of LaSalle National*

*Bank.*

17. <u>Directors And Officers</u>: *a public company of which Delphi's Chief*

*Executive Officer and President is an outside director.*

18. <u>Fifty Largest Unsecured Creditors</u>: *an affiliate of Freescale*

*Semiconductor, Inc.*

19. <u>Insurance Provider</u>: *an affiliate of Lexington Insurance Companies.*

20. <u>Lenders</u>: *an affiliate of Banc One Capital Markets, Inc.; an affiliate*

*of Banco J.P. Morgan S.A., Institution de Banca Multiple; an affiliate of the Bank of New*

*York; an affiliate of Citibank, N.A., Citibank Mortgage Securities, Inc. and Citigroup, Inc.;*

*affiliates of First Chicago Capital Markets, Inc.; an affiliate of Fortress Credit Corp.; an*

*affiliate of Fortis Bank SA NV; a public company in which ING Investment Management Co.*

*filed a form 13G with the SEC indicating beneficial ownership of equity securities; an*

8

*affiliate of ING Investment Management Inc.; an affiliate of JP Morgan Chase Bank and JP*

*Morgan Securities; an affiliate of Principal Life Insurance Company; an affiliate of Putnam*

*Investments; an affiliate of UBS AG.*

21.    Major Customers: *a company that filed a Schedule 13G with the SEC*

*indicating beneficial ownership of equity securities in American Axle & Manufacturing*

*Holdings, Inc.*; *an affiliate of Applied Biosystems Group; a joint venture partner of*

*Caterpillar, Inc.*;  Daimler AG[1] *and an affiliate of Daimler AG; an affiliate of Matco Tools.*

22.    Major Litigation Party: *an affiliate of Delco Remy America, Inc.*

23.    Major Vendors: *a company that filed a Schedule 13G with the SEC*

*indicating beneficial ownership of equity securities in Advanced Polymer Systems, Inc.*

*n/k/a AP Pharma Inc.*; *an affiliate of Noranda Aluminum, Inc. and Norandal USA, Inc.; a*

*company that filed a 13D indicating beneficial ownership of SPX Corp.; a company that*

*filed a Schedule 13G with the SEC indicating beneficial ownership of equity securities in*

*Steel Technologies, Inc.*

24.    Professionals: *an affiliate of Buck Consultants Ltd.*; *an affiliate of the*

*Massachusetts Institute of Technology;  an affiliate of Salomon Smith Barney.*

---

[1]    Skadden disclosed connections to DaimlerChrysler Corporation in its Declaration prior to
DaimlerChrysler's transfer of a majority interest in the Chrysler Group to a subsidiary of Cerberus Capital
Management, L.P.  (The "Chrysler Group" is comprised of those companies that design, manufacture,
assemble, and sell vehicles under the brand names Chrysler, Jeep®, and Dodge.)  Following the
completion of this transaction, Skadden continues to generally represent Daimler AG, a customer of the
Debtors, and represents Chrysler LLC, also a customer of the Debtors, in certain transitional engagement
matters.

25.    <u>Rule 2002 Parties, Parties Actively Involved In These Cases, And</u>

<u>Master Service List Parties</u>:[2] *an affiliate of America Online, Inc.*; *an affiliate of Connecticut*

*General Life Insurance Company; affiliates of Nomura Corporate Research & Asset*

*Management, Inc.; an affiliate of Prudential Financial, Inc.; a company of which Royce &*

*Associates is a beneficial owner; affiliates of Siemens Electric, Ltd.; a public company of*

*which Shuji Hayashida is the President;* Wexford Capital LLC.

26.    <u>Underwriter Of Securities</u>: *an affiliate of ABN Amro Bank*.

27.    Skadden is one of the largest law firms in the world, with

approximately 2,000 attorneys located in 22 offices in 11 countries. The firm has a diverse

client base. Indeed, for the period beginning November 1, 2006 and ending October 31,

2007, no single client accounted for more than 2.68% of Skadden's total value of time billed

to client matters for that period. With the exception of a client previously disclosed, no

single client referenced in this Sixth Supplemental Declaration accounted for more than

1.0% of Skadden's total value of time charged to client matters for that period.

28.    Since the filing of the Fifth Supplemental Declaration on July 31,

2007, Skadden has hired one partner, three associates, and one legal assistant (collectively,

---

[2]    Skadden has reviewed the docket in these cases for the names of entities filing requests for notices pursuant to Bankruptcy Rule 2002 through October 15, 2007. The Debtors have also added certain parties to the master service list in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 19, 2007 (Docket No. 10661). For purposes of disclosure, Skadden conducted client database research through October 15, 2007 for all of the aforementioned entities. Unless otherwise stated, Skadden has not conclusively determined the relationship and/or affiliation between the Debtors and the entity filing or otherwise making the request for notices pursuant to Bankruptcy Rule 2002. Many of the names included in the other sections of this Sixth Supplemental Declaration also filed such requests and, therefore, to the extent previously disclosed, are not set forth in this paragraph.

10

the "Screened Employees") who, while previously employed at other law firms, represented

certain creditors or other parties-in-interest (together, "Parties-in-Interest") in connection

with matters related to the Debtors and these chapter 11 reorganization cases.  To ensure

that the Screened Employees will not have any involvement in Skadden's representation of

the Debtors, Skadden has established formal screening procedures or "ethical walls" to

ensure that there are no communications or exchanges of information protected as

confidential or as client secrets between lawyers or legal assistants working on behalf of the

Debtors and the Screened Employees regarding such employees' prior work on behalf of the

Parties-in-Interest.

<u>Further Due Diligence</u>

29.    Skadden has instituted and is carrying on further inquiries of its

partners, counsel, and associates with respect to the matters contained herein.  Skadden will

file supplemental declarations regarding its retention if any additional relevant information

comes to its attention.

30.    Skadden intends to conduct further database queries and file

supplemental declarations, to the extent necessary, at or about the time of filing its next fee

application in these chapter 11 cases, unless further disclosure is warranted at an earlier

date.

I declare under penalty of perjury under the laws of the United States

of America that the foregoing is true and correct to the best of my knowledge, information,

and belief.

11

Executed on November 30, 2007, at New York, New York

_____/s/ John Wm. Butler, Jr._____
JOHN WM. BUTLER, JR.