UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION AND DISCLOSURE STATEMENT OF DAVID A. WILSON SUPPLEMENTING THE PRIOR DECLARATIONS IN SUPPORT OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF WILMER CUTLER PICKERING HALE AND DORR LLP AS SPECIAL COUNSEL**

I, David A. Wilson, Esquire, declare under penalty of perjury as follows:

1.　　I am a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WCPHD"), which maintains offices in Washington, DC, among other places. The name, address, and telephone number for WCPHD are as follows:

> Wilmer Cutler Pickering Hale and Dorr LLP
> 1875 Pennsylvania Avenue NW
> Washington, DC 20006
> Telephone: (202) 663-6000
> Facsimile: (202) 663-6363

2.　　I am a member in good standing of the bars of the State of Maryland, the Commonwealth of Massachusetts, and the District of Columbia.

3.　　On November 9, 2005, the Debtors submitted the Initial Declaration. The Initial Declaration is incorporated herein by reference. In the Initial Declaration, Charles Davidow, an attorney from WCPHD, stated that supplemental declarations would be filed as appropriate upon receipt of new information regarding potential conflicts and connections with Interested Parties in these chapter 11 cases. In accordance with that pledge to supplement the Initial Declaration, I

submit this supplemental declaration to provide disclosures required in accordance with Bankruptcy Rule 2014(a).

4.	WCPHD is continuing and will continue to review potential conflicts and connections with Interested Parties in accordance with the WCPHD Disclosure Procedures (as described and defined in the Initial Declaration) and will file additional supplemental disclosures as appropriate.

## Supplemental Disclosure

6.	As previously disclosed in the Application and the Initial Declaration, WCPHD received approximately $1,081,835 from the Debtors in the 90 days prior to the Petition Date for services rendered and expenses incurred for the prepetition securities-related legal work performed by WCPHD (the "Payments").

7.	Given the defenses available to it under section 547(c) of the Bankruptcy Code, WCPHD does not believe the Payments constitute preferential payments. Nevertheless, WCPHD received from Togut, Segal & Segal LLP, special conflicts counsel to the Debtors, a letter dated September 21, 2007, requesting that WCPHD execute a tolling agreement (the "Tolling Agreement") to preserve the Debtors' right to seek recovery of the Payments without allowing any applicable statute of limitations to expire.

8.	On September 27, 2007, WCPHD executed the Tolling Agreement.[1]

9.	I submit that WCPHD's execution of the Tolling Agreement creates neither a connection with an Interested Party nor an interest adverse to the Audit Committee or the

---

[1] By the terms of the Tolling Agreement, the form of which was approved by Order of this Court on August 16, 2007 [Document No. 9105], WCPHD's execution of the Tolling Agreement does not constitute an admission that the Debtors have valid claims against it.

Debtors or their estates with respect to the matters on which WCPHD is retained and employed in these chapter 11 cases.

10.    Based upon the search conducted to date in accordance with the WCPHD Disclosure Procedures, I further submit that except as disclosed otherwise herein, in the Initial Declaration, or in the supplemental declarations submitted in conjunction with Delphi's applications to retain WCPHD,[2] neither I, WCPHD, nor any partner, junior partner, counsel, or associate of WCPHD, insofar as I have been able to ascertain, (a) represents entities other than the Audit Committee and Delphi in connection with the Debtors' chapter 11 cases, (b) has any connections with Interested Parties, or (c) holds any interest adverse to the Audit Committee or the Debtors or their estates with respect to the matters on which WCPHD is retained and employed in these chapter 11 cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  November 26, 2007
              Washington, DC

WILMER CUTLER PICKERING
HALE AND DORR LLP

_/s/ David A. Wilson_
David A. Wilson

---

[2] On December 26, 2006, the Debtors submitted a supplemental retention application for authorization to retain and employ WCPHD to provide Delphi with legal advice in connection with the preparation and filing of Delphi's annual report, executive compensation, and related disclosure matters. The Court entered an order granting the application on January 18, 2007. On July 31, 2007, the Debtors submitted a second supplemental application for authorization to retain and employ WCPHD to provide Delphi with legal advice in connection with the securities law-related allegations made by Robert Mothershead. On August 15, 2007, the Court entered an order granting the application.