UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
    In re                                    :    Chapter 11
                                        :
DELPHI CORPORATION, <u>et al.</u>,      :    Case No. 05-44481 (RDD)
                                        :
                      Debtors.  :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING EMPLOYMENT AND
RETENTION OF DOWNER & COMPANY, LLC AS FINANCIAL ADVISOR AND
INVESTMENT <u>BANKER TO DEBTORS NUNC PRO TUNC TO AUGUST 27, 2007</u>

("DOWNER RETENTION ORDER")

        Upon the application, dated December 3, 2007 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 327(a) and 328 authorizing the employment and retention of Downer & Company, LLC ("Downer") as a financial advisor and investment banker to the Debtors, effective <u>nunc pro tunc</u> to August 27, 2007; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and this Court being satisfied that Downer is disinterested and represents no interest adverse to the Debtors or their estates as to the matters upon which Downer is to be engaged; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.        The Application is GRANTED.

2. Subject to the terms of this order, and pursuant to sections 327(a) and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the Bankruptcy Code), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors are authorized to employ and retain Downer as financial advisor and investment banker to the Debtors on the terms set forth in the Application (and the Engagement Letter attached hereto as Exhibit 1), effective <u>nunc pro tunc</u> to August 27, 2007.

3. Downer shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rule, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee (the "UST Guidelines"), any orders of this Court, and any procedures as may be fixed by order of this Court.

4. Subject to the following paragraph, the compensation and reimbursement of expenses to be paid to Downer shall be in accordance with the terms of the Engagement Letter, which fees and expense reimbursements shall not hereafter be subject to challenge except under the standard of review under section 328 of the Bankruptcy Code.

5. The Office of the United States Trustee retains all rights to object to Downer's fee applications (including expense reimbursements) in respect of fees and expenses accruing during Downer's engagement pursuant to this order, on all grounds, including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding

submission and approval of fee applications, Downer and its professionals (a) shall be required to maintain contemporaneous time records only for services rendered in one-hour increments, and (b) except as otherwise set forth in the Engagement Letter, shall not be required to conform to or provide any schedule of hourly rates.

7. All requests of Downer for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based on the circumstances of the litigation or settlement in respect of which such indemnity is sought.

8. The Debtors shall indemnify and hold Downer harmless against any losses, claims, damages, or liabilities to Downer in connection with any matter related to the engagement described in the Engagement Letter, except that neither Downer nor any of its directors, partners, officers, agents, or employees, or any person acting at Downer's discretion will be indemnified if it is judicially determined that such person acted in bad faith or was guilty of negligence or willful misconduct or materially breached a term of condition of the Engagement Letter.

9. In the event that Downer seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Downer's own applications (both interim and final), and such invoices and time records shall be subject to the UST Guidelines and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

    10. To the extent that any term of this order is inconsistent with the Engagement Letter, such term of this order shall govern.

    11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

    12. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated: New York, New York
    December ___, 2007

                _____
                UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**
**Engagement Letter**