TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Richard K. Milin (RM-7755)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :
                                                    :   Chapter 11
DELPHI CORPORATION, et al.,                         :   Case No. 05-44481 [RDD]
                                                    :
                Debtors.                            :   Jointly Administered
                                                    :
                                                    :   SUPPLEMENTAL
                                                    :   DECLARATION OF
                                                    :   JANE S. THOMPSON
------------------------------------------------------------x

JANE S. THOMPSON hereby declares as follows:

        1.     I am a Purchasing Supervisor at Delphi Automotive Holdings Group ("Delphi"), where I have worked since 1987. I am familiar with the basic facts of Delphi's dispute with Siemens VDO Automotive S.A.S. ("VDO") arising out of VDO's contract with Delphi concerning production of electronic control units ("ECUs"). I submit this Supplemental Declaration based on personal knowledge and my review of the files in further support of the Motion of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors") for a summary judgment expunging VDO's claim no. 2247 (the "Claim").

2. In an email dated July 27, 2000, Michael Tramutolo of VDO sent Darrell Lewis of the Debtors an email stating, in part, "We will accept a Nomination Letter to kick-off this program. Please include that Delphi accepts the full costs of all development work, tooling, etc … in the event the program is not realized." A copy of the email is annexed hereto as Exhibit 1.

3. The Debtors did not include the requested language in the Debtors' Nomination Letter dated August 2, 2000. To keep the parties' motion papers to a minimum, I will refer to exhibits annexed to the declaration of VDO's Michel Poulet dated October 9, 2007 ("VDO Decl.") rather than attach duplicate copies. A copy of the Nomination Letter is annexed to the Mr. Poulet's Declaration as Exhibit C.

4. The Debtors' request for quotation concerning "ABS and Controlled Suspension Electronic Control Units" dated April 6, 2000 proposed a requirements contract. (*See* VDO Decl., Exh. A.) Under that contract, the Debtors normally could order fewer electronic control units ("ECUs") from VDO only if the Debtors themselves sold fewer parts incorporating the ECUs. Consequently, VDO's proposal in its email dated July 27, 2000 that the Debtors accept "the full costs of all development work, tooling, etc." would merely have shifted development costs from VDO to the Debtors. The Debtors had no ready means of recouping those costs and, unlike VDO, could not control their amount.

5. On October 31, 2000, the Debtors countersigned the Long Term Contract ("LTC") with VDO and provided VDO with a copy. (*See* VDO Decl. Exh. D.) Paragraph 5 of the LTC stated that the Debtors' "General Terms and Conditions … are hereby incorporated into this Contract by reference…" The Debtors' General Terms and Conditions ("T&C") included an "integration clause" in paragraph 29.

2

6. As I understand it, the integration clause was intended to make clear that the Debtors' "long-term contracts" alone, and any terms to which the parties later agreed, would govern the parties' relationships.

7. To my knowledge, the Debtors' T&C apply to substantially all of Delphi's purchases from its suppliers, unless otherwise agreed to in writing.

8. I attach as Exhibit 2 a copy of the Joint Stipulation and Agreed Order Establishing Schedule for Briefing Concerning Objection to Proof of Claim Number 2247 agreed to by the Debtors and VDO and entered by the Court on October 19, 2007. (*See* Docket No. 10660.)

9. In paragraph 4 of the Supplemental Declaration of Michel Poulet dated November 19, 2007, Mr. Poulet suggests that there was an oral agreement between VDO and the Debtors concerning payment for tooling. I have no personal knowledge of such an agreement. Based on my review of the Debtors' records, however, I believe that VDO has been fully compensated for its tooling through the per-part pricing for parts -- not limited to the GMT 900 program -- that the tooling has been used to make.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in Dayton, Ohio on November 30, 2007.

/s/ Jane S. Thompson
Jane S. Thompson