**Hearing Date:  January 31, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re                                                     :        Chapter 11
                                                          :
DELPHI CORPORATION, <u>et al.</u>,                        :        Case No. 05-44481 (RDD)
                                                          :
                             Debtors.                     :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
## PROOF OF CLAIM NUMBER 2377  (FUJITSU TEN CORP. OF AMERICA)

### ("STATEMENT OF DISPUTED ISSUES – FUJITSU TEN CORP. OF AMERICA")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

including Delphi Automotive Systems LLC ("DS LLC"), debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this

Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To

Proof Of Claim Number 2377 (the "Proof Of Claim") filed by Fujitsu Ten Corp. of

America ("Claimant") and partially transferred to JPMorgan Chase Bank, N.A.

("Transferee," and collectively with Claimant, the "Claimants") and respectfully

represent as follows:

<u>Background</u>

1.       On October 8 and 14, 2005  (the "Petition Date"), the Debtors, filed

voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

101-1330, as then amended, in the United States Bankruptcy Court for the Southern

District of New York.

2.       On March 22, 2006, Claimant filed proof of claim number 2377

("Proof Of Claim No. 2377") against DAS LLC**.**  The Proof Of Claim asserts an

unsecured non-priority claim in the amount of $5,504,674.99 for goods sold. (the

"Claim").

3.       On, April 4, 2007, Claimant partially transferred Proof Of Claim

No. 2377 to Transferee pursuant to a notice of transfer (Docket No. 7571).

4.       On August 24, 2007, the Debtors objected to Proof of Claim No.

2377 pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C.

Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended

Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors'

Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax

Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually

Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To

Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

5.       On September 19, 2007, Claimant filed Fujitsu Ten Corp. of

America's Response To Debtors' Twentieth Omnibus Claims Objection (Docket No.

9403) (the "Response").

<u>Disputed Issues</u>

A.    <u>DAS LLC Does Not Owe Claimant The Amount Asserted In Proof Of Claim
      Number 2377</u>

        6.      Claimant asserts in Proof Of Claim No. 2377 that DAS LLC owes

Claimant a total of $5,504,674.99 for goods sold.  DAS LLC has reviewed the

information attached to the Proof Of Claim and the Response and disputes that it owes

the amount asserted in the Proof of Claim.

        7.      Based upon DAS LLC various accounts payable records, a portion

of the invoices reflected in the Proof of Claim have been paid.  Therefore, $219,503.14

should be subtracted from the amount claimed.

        8.       The prices detailed on certain purchase orders are lower than the

prices detailed on the Claimant's invoices.  The purchase orders reflect the contractual

pricing.  Therefore, $28,958.19 should be subtracted from the amount of the Proof of

Claim.

        9.      Certain of the products supplied by Claimant to DAS LLC were of

inferior quality and failed to meet he contractual specifications.  Such products were

rejected by Delphi and, therefore, $52,828,48 should be subtracted from the amount

claimed.

        10.     After taking into account the above-referenced deductions to the

Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following

chart:

3

| Claimant's Asserted Amount | | $5,504,674.99 |
|---|---|---|
| Modifications | Claimed items paid | $219,503.14 |
| | Price Discrepancies | $28,958.19 |
| | Quality debits by Delphi | $52,828.48 |
| Reconciled Amount | | $5,203,385.28 |

11.     DAS LLC does not dispute that the remaining $5,203,385.28 of Proof Of Claim No. 2377 should be allowed as an unsecured non-priority claim against DAS LLC.

## Reservation Of Rights

12.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

4

**WHEREFORE** the Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim No. 2377 in the amount of $5,203,385.28 as a general unsecured non-priority claim against the estate of DAS LLC and (c) granting the Debtors such other and further relief as is just.

Dated:   New York, New York            DELPHI CORPORATION, *et al.*
         December 4, 2007               By their attorneys,
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:


                                        /s/ Neil Berger
                                        NEIL BERGER (NB-3599)
                                        A Member of the Firm
                                        One Penn Plaza
                                        New York, New York 10119
                                        (212) 594-5000