**Hearing Date:  January 31, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
:
In re                               :    Chapter 11
:
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
:
            Debtors.                :    (Jointly Administered)
:
----------------------------------- x

# DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO  PROOFS OF CLAIM NUMBERS 1771, 1772 AND 1773 (CASTWELL PRODUCTS, INC., CITATION FOUNDRY CORP., AND TEXAS  FOUNDRIES, LTD./JPMORGAN CHASE BANK, AS ASSIGNEE)

("STATEMENT OF DISPUTED ISSUES –CASTWELL PRODUCTS, INC., CITATION FOUNDRY CORP., AND TEXAS FOUNDARIES, LTD/JPMORGAN CHASE, N.A.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proofs Of Claim Numbers 1771, 1772 and 1773 (the "Proofs Of Claim") filed by Castwell Products, Inc., Citation Foundry Corp., and Texas Foundaries, Ltd. (together, "Citation")

and subsequently transferred to JPMorgan Chase Bank, N.A., as Assignee ("Transferee," and together with Citation, the "Claimants") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On February 3, 2006, Castwell Products, Inc. filed proof of claim number 1771 ("Claim No. 1771") against DAS LLC. Claim No. 1771 asserts an unsecured non-priority claim in the amount of $153,047.70 and an unsecured priority/reclamation claim in the amount of $47,4991.91, for a total claim in the amount of $200,547.61.

3. On February 3, 2006, Citation Foundry Corp. filed proof of claim number 1772 ("Claim No. 1772") against DAS LLC. Claim No. 1772 asserts an unsecured non-priority claim in the amount of $268,664.72 and an unsecured priority/reclamation claim in the amount of $341,532.88, for a total claim in the amount of $610,197.60.

4. On February 3, 2006, Texas Foundries, Ltd. filed proof of claim number 1773 ("Claim No. 1773") against DAS LLC. Claim No. 1773 asserts an unsecured non-priority claim in the amount of $435,170.30 and an unsecured priority/reclamation claim in the amount of $80,962.22, for a total claim in the amount of $516,132.52, (Claim No. 1773 with Claim No. 1771 and Claim No. 1772, the "Claims").

5. On February 3, 2006, Citation transferred the Claims to JPMorgan Chase Bank, N.A., as Assignee pursuant to a notices of transfer (Docket Nos. 2053, 2052 and 2055).

2

6. On September 21, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

7. On October 16, 2007, Citation filed their Response To Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation. (Docket No. 10610) (the "Response").

Disputed Issues

A.    <u>DAS LLC Does Not Owe Claimant The Amounts Asserted In The Claims</u>

8. The Claims seek a total of $1,326,877.73 for goods sold. DAS LLC has reviewed the information attached to the Claims and the Response, and it disputes that it owes the amounts asserted in the Claims.

9. The prices detailed on certain purchase orders are lower than the prices detailed in Claimants' invoices. Specifically, Claimants have failed to provide information to support steel price surcharges, paid invoices, pricing discrepancies, invalid proofs of delivery and unrecognized debits; and the purchase orders reflect contractual pricing. Consequently, the following amounts should be subtracted from the Claims:

3

| **Claim No.** | **Amount to be Subtracted** |
|---|---|
| 1771 | $ 45,517.07 comprised of:<br>- Undocumented invoices of $42,118.35; and<br>- Paid invoices of $3,398.72 |
| 1772 | - undocumented surcharges of $3,113.81 |
| 1773 | $354,074.13 comprised of:<br>- paid invoices of $55,695.87;<br>- price adjustments of $19,403.27;<br>- undocumented pricing discrepancies of $27,863.05;<br>surcharges of $59,911;<br>- undocumented charges of $227,171.64;<br>- invalid PO/PPAP of $11,170.91; and<br>- Claimant debits of $44,161.61 |

10.     After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| **Claimant's Asserted Amount** | | $1,326,877.73 |
|---|---|---|
| **Modifications** | (Claim No. 1771) | $45,517.07 |
| | (Claim No. 1772) | $3,113.81 |
| | (Claim No. 1773) | $354,074.13 |
| | **Total Discrepancies for Claims 1771, 1772 and 1773** | **$402,705.01** |
| **Reconciled Amount** | | **$924,172.72** |

11.     DAS LLC does not dispute that the remaining $924,172.72 of Proofs Of Claim Nos. 1771, 1772 and 1773 should be allowed as an unsecured non-priority claim against DAS LLC.

4

<u>Reservation Of Rights</u>

12. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) allowing Proofs Of Claim Nos. 1771, 1772 and 1773 in the amount of $915,131.77 as a general unsecured non-priority claim against the estate of DAS LLC, reduced as described above and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

5