Hearing Date:  January 31, 2008
Hearing Time:  10:00 a.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                   :
    In re                          :    Chapter 11
                                   :
DELPHI CORPORATION, et al.,        :    Case No. 05-44481 (RDD)
                                   :
                         Debtors.  :    (Jointly Administered)
                                   :
---------------------------------- x

# DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 2468 (3M COMPANY)

("STATEMENT OF DISPUTED ISSUES – 3M COMPANY")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 2468 (the "Proof Of Claim") filed by 3M Company ("Claimant") and respectfully represent as follows:

Background

1.   On October 8 and 14, 2005  (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On April 3, 2006, Claimant filed proof of claim number 2468 ("Proof Of Claim No. 2468") against Delphi. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $517,747.63 for goods sold. (the "Claim").

3. On September 21, 2007, the Debtors objected to Proof of Claim No. 2468 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

4. The Twenty-First Omnibus Claims Objection seeks to reduce Proof of Claim No. 2468 to a total claim of $500,289.01 against Delphi Automotive Systems LLC ("DAS LLC") comprised of a reclamation claim in the amount of $34,337.94 and a general unsecured claim in the amount of $465,951.07.

5. On October 17, 2007, Claimant filed its Response To Debtors' Twenty-First Omnibus Objection (Docket No. 10628) (the "Response"). The Response asserts that Proof of Claim No. 2468 should not be reduced in amount and that the general unsecured portion of the claim should be $483,403.68.

Disputed Issues

A.     <u>Delphi Corporation Does Not Owe Claimant The Amount Asserted In Proof Of Claim Number 2468</u>

    6.     Claimant asserts in Proof Of Claim No. 2468 that Delphi owes Claimant a total of $517,747.63 for goods sold.  Delphi has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

    7.     A portion of the Proof of Claim is based on allegedly outstanding postpetition invoices.  Those postpetition invoices have been paid in the ordinary course of business and therefore $5,957.33 should be subtracted from the amount claimed.

    8.     The prices detailed on certain purchase orders are lower than the price detailed on the Claimant's invoices.  The purchase orders reflect the contractual pricing.  Therefore, $3,015.26 should be subtracted from the amount of the Proof of Claim.

    9.     The Proof of Claim includes invoices for materials that have been returned by the Debtors in the ordinary course of business, including materials returned due to defects.  Therefore, $8,486.03 should be subtracted from the amount claimed.

    10.     After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $517,747.63 |
|---|---|---|
| Modifications | Returned Materials | $8,486.03 |
| | Post Petition Invoices Paid | $5,957.33 |
| | Price Discrepancies | $3,015.26 |
| Reconciled Amount | | $500,289.01 |

11.     Delphi does not dispute that the remaining $500,289.01 of Proof of Claim No. 2468 should be allowed as an unsecured non-priority claim in the amount of $465,951.07 and as a reclamation claim in the amount of $34,337.94 against DAS LLC.

Reservation Of Rights

12.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

**WHEREFORE** the Debtors respectfully request that this Court enter an order (a) allowing Proof of Claim No. 2468 in the amount of $500,289.01 comprised of

an unsecured non-priority claim in the amount of $465,951.07 and a reclamation claim in the amount of $34,337.94 against DAS LLC and (b) granting the Debtors such other and further relief as is just.

Dated:  New York, New York           DELPHI CORPORATION, *et al.*
        December 4, 2007                By their attorneys,
                                          TOGUT, SEGAL & SEGAL LLP
                                          By:

                                          /s/ Neil Berger
                                          NEIL BERGER (NB-3599)
                                          A Member of the Firm
                                          One Penn Plaza
                                          New York, New York 10119
                                          (212) 594-5000