Hearing Date:  January 31, 2008
Hearing Time:  10:00 a.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                  Debtors.   :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 12181 (OHIO EDISON COMPANY)

("STATEMENT OF DISPUTED ISSUES – OHIO EDISON COMPANY")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems, LLC ("DAS LLC") debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 12181 (the "Proof Of Claim") filed by Ohio Edison Company ("Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.  On July 28, 2006, Claimant filed proof of claim number 12181 ("Proof Of Claim No. 12181") against Delphi Corporation. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $774,413.31 for electric service and amounts allegedly due under a substation lease agreement (the "Claim").

3.  On June 15, 2007, the Debtors objected to Proof of Claim No. 12181 pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

4.  On July 16, 2007, Claimant filed its Response To Debtors' Seventeenth Omnibus Objection (Docket No. 8631) (the "Response"). The Response asserts that Proof of Clam No. 12181 should be allowed as filed based on a post-petition agreement fixing Claimant's pre-petition clams. The Response does not annex the alleged post-petition agreement.

## Disputed Issues

A. **Delphi Does Not Owe Claimant The Amount Asserted In Proof Of Claim Number 12181**

5. Claimant asserts in Proof Of Claim No. 12181 that Delphi owes Claimant a total of $774,413.31 for electrical service and amounts due under a substation lease agreement. Delphi has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

6. A portion of the Proof of Claim is based on allegedly outstanding postpetition invoices. Those postpetition invoices have been paid in the ordinary course of business and therefore $14,759.70 should be subtracted from the amount claimed.

7. The price detailed on certain purchase order is lower than the price detailed on the Claimant's invoices. The purchase orders reflect the contractual pricing. Therefore, $2.16 should be subtracted from the amount of the Proof of Claim.

8. The Proof of Claim includes amounts due under an electrical substation lease agreement that have been satisfied pursuant to § 6.1 of that certain Substation Lease Agreement, by and between Claimant and Delphi, dated March 12, 2007, a true copy of which is attached hereto as Exhibit "1." Therefore, $169,737.17 should be subtracted from the amount claimed as satisfied.

9. The Proof of Claim includes a mathematical error in the calculation of the claim. Therefore, $.02 should be subtracted from the amount claimed.

10. Finally, the claims should be reduced on account of a bank charge for a voided check in the amount of $7.00.

11. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $774,413.31 |
|---|---|---|
| Modifications | Post Petition Payments | $14,759.70 |
| | Price Discrepancy | $2.16 |
| | Satisfied Pursuant to Post-Petition Substation Lease Agreement | $169,737.17 |
| | Voided Check | $7.00 |
| | Mathematical Error | ($.02) |
| Reconciled Amount | | $589,907.30 |

12. DAS LLC does not dispute that the remaining $589,907.30 of Proof Of Claim No. 12181 should be allowed as an unsecured non-priority claim against DAS LLC.

Reservation Of Rights

13. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the

Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

      **WHEREFORE** the Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim No. 12181 in the amount of $589,907.30 as a general unsecured non-priority claim against the estate of DAS LLC and (b) granting the Debtors such other and further relief as is just.

Dated:   New York, New York  
            December 4, 2007

DELPHI CORPORATION, *et al.*  
By their attorneys,  
TOGUT, SEGAL & SEGAL LLP  
By:

/s/ Neil Berger  
NEIL BERGER (NB-3599)  
A Member of the Firm  
One Penn Plaza  
New York, New York 10119  
(212) 594-5000