UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                   :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                    Debtors.   :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER DENYING INTERMET CORPORATION'S MOTION
FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
("INTERMET ORDER")

Upon Intermet Corporation's Motion For Payment Of Administrative Expense Claim Pursuant To 11 U.S.C. §§ 503(a), 503(b), And 507(a)(2) (Docket No. 10874) (the "Motion"); and Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") having objected to the Motion (Docket No. 11075) (the "Objection"); and this Court having considered the documents and exhibits filed by Intermet Corporation ("Intermet") and the Debtors; and after due deliberation thereon; and good and sufficient cause appearing therefor for the reasons stated by the Court at the November 29, 2007 hearing (the "Hearing"),

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is core proceedings under 28 U.S.C. § 157.  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    Pursuant to the settlement agreement between Intermet and the Debtors, submitted as Exhibit B to the Objection, Intermet released, among other claims, all claims and rights related to the December 12, 2003, prepetition rebate agreement between Intermet and Delphi Automotive Systems LLC, thereby releasing the right to recover the administration expenses sought to be paid in the Motion for the alleged failure to comply with the rebate agreement.

    C.    For the reasons stated by the Court at the Hearing, Intermet has failed, in any event, to establish that it is entitled to administrative expense priority under the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    The Motion is denied.

    2.    Kurtzman Carson Consultants, LLC is hereby directed to serve this order on the Master Service List (as defined in the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

2006 (Docket No. 2883)), each party who filed a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure, and Intermet.

    3.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied.


Dated: New York, New York
    December 4, 2007

               /s/Robert D. Drain
              UNITED STATES BANKRUPTCY JUDGE