Hearing Date:  December 20, 2007 at 10:00 a.m. (Eastern)
Response Date and Time:  December 13, 2007 at 4:00 p.m. (Eastern)

Phillips Lytle LLP
William J. Brown (WB9631)
Angela Z. Miller (AM4473)
437 Madison Avenue, 34th Fl.
New York, New York  10022
Telephone:  (212) 759-4888
    and
3400 HSBC Center
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

*Attorneys for E.I. du Pont de Nemours and Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                          )
In re:                                    )        Chapter 11
                                          )
DELPHI CORPORATION, et al.,               )        Case No. 05-44481 (RDD)
                                          )
                    Debtors.              )        (Jointly Administered)
                                          )
---------------------------------------------------------------x
```

## RESPONSE OF E.I. DU PONT DE NEMOURS AND COMPANY
## TO DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS

E.I. du Pont de Nemours and Company ("DuPont") by its attorneys, Phillips Lytle LLP,

files this response (the "Response") to the Debtors' Twenty-Third Omnibus Objection Pursuant

to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate Claim, (B) Certain Equity

Claims, (C) Insufficiently Documented Claim, (D) Certain Claim Not Reflected on Debtors'

Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting

Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim

Asserting Reclamation that is Subject to Prior Order dated November 19, 2007 (the "Twenty-Third Omnibus Objection").  In support of this Response, DuPont respectfully states as follows:

## **PRELIMINARY STATEMENT**

1.      On July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $172,287.79 in the Delphi Connection Systems ("Delphi Connection Systems") case No. 05-44624 which is identified by the Debtors as claim 10598 ("Claim 10598").  Attached to Claim 10598 is a spreadsheet detailing each invoice for goods, services and credits comprising the claim amount which includes the invoice number, invoice date, dollar amount of the invoice, reference number, allocation number and a textual description and copies of the statements in support thereof.

2.      In addition, on July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $123,481.26 in the Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic") case No. 05-44567 which is identified by the Debtors as claim 10596 ("Claim 10596").  Attached to Claim 10596 is a spreadsheet detailing each invoice for goods, services and credits comprising the claim amount which includes the invoice number, invoice date, dollar amount of the invoice, reference number, allocation number and a textual description and copies of the statements in support thereof.

3.      On November 19, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Twenty-Third Omnibus Objection.

4.        In the Twenty-Third Omnibus Objection, the Debtors ask the Court to modify Claim 10598[1] by allocating $15,808.68 against Delphi Connection Systems (against whom Claim 10598 was filed) and allocating $156,479.11 against Delphi Automotive Systems LLC (case No. 05-44640) ("Delphi Automotive Systems"), reserving the right to seek subsequent disallowance of Claim 10598.  (Twenty-Third Omnibus Objection ¶¶ 47 and 65).

5.        In the Twenty-Third Omnibus Objection, the Debtors also ask the Court to modify Claim 10596 by allocating $1,332.42 as a priority claim and reducing the general unsecured amount of Claim 10596 by $48,624.00, reserving the right to seek subsequent disallowance of Claim 10596 (Twenty-Third Omnibus Objection ¶¶ 51 and 65).

6.        Notwithstanding the foregoing, the Debtors set forth no evidence to contradict the validity, amount, or classification of Claim 10598 and Claim 10596 (collectively, the "Claims") and, thus, DuPont (a) opposes any modifications or reductions to the Claims, and (b) requests that the Court allow the Claims in full as it is asserted by entry of an Order allowing and directing payment of the Claims in full rather than modifying them subject to further disallowance.

7.        DuPont timely submits this Response to the Twenty-Third Omnibus Objection and requests that the Court overrule the Twenty-Third Omnibus Objection as set forth herein.

---

[1] Notice of the Twenty-Third Omnibus Objection concerning the Claim was served upon Latigo Master Fund Ltd. ("Latigo"), to whom DuPont sold Claim 10598 and Claim 10596 pursuant to a Transfer Agreement dated December 14, 2006 ("Transfer Agreement").  Pursuant to the Transfer Agreement, DuPont is defending against and opposing the Twenty-Third Omnibus Objection.

<u>**ARGUMENT**</u>

**THE TWENTY-THIRD OMNIBUS OBJECTION SHOULD BE
<u>OVERRULED AS TO CLAIM 10596</u>**

**A.     THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS"**

8.      In the Twenty-Third Omnibus Objection, the Debtors ask the Court to modify the claims listed on Exhibits E-1 and E-2.  The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce the claims and to reserve the Debtors' ability later to seek disallowance, citing no authority upon which this relief can be granted.

**B.     THE DEBTORS FAIL TO REFUTE THE ALLEGATIONS ESSENTIAL
TO THE CLAIM AND THE REQUESTED RELIEF MUST BE DENIED**

9.      Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides in pertinent part that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim".  Fed. R. Bankr. P. 3001(f); <u>In re Reilly</u>, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); <u>In re Frederas</u>, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989).  As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption.  "'To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim'."  <u>Carey v. Ernst</u>, 333 B.R. 666, 672 (S.D.N.Y. 2005), <u>quoting</u>, <u>In re Reilly</u>, 245 B.R. at 773; <u>In re Frederas</u>, 98 B.R. 165, 167 (Bankr. W.D.N.Y. 1989) (the burden of proof shifts only when the objectant has produced facts sufficient to demonstrate that an actual dispute exists, "a mere denial of a claims validity or amount will not suffice").

10.      Without any substantiating facts or detail, the Debtors merely object to the claims amount or classification, <u>and/or</u> identity of the Debtor for the claims listed on Exhibits E-1 and E-2 (including DuPont's Claims) and request that the claims be revised to reflect the unsubstantiated amount and classification the Debtors put on Exhibits E-1 and E-2.

- 4 -

11.     The Debtors have *not* refuted the allegations essential to the Claims.  They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of Claims. Moreover, the Debtors cite no authority, whether statutory or case law, whereby the Debtors can seek to modify yet not allow a claim.  The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful.  This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later.  This would cause an unnecessary drain of the resources of the Debtors, DuPont, and this Court.

### C.     THE CLAIMS

12.     With respect to Claims, DuPont opposes *any* modification to the claim amounts, classification, or Debtor entity and requests that the Court allow DuPont's Claims in full as asserted.

13.     The Debtors have neither shown a factual basis for reduction or reclassification of the Claims nor is DuPont aware of any such basis.  The Debtors never allege they did not receive the goods and services evidenced by the invoices set forth in DuPont's proofs of claim.  Unless the Debtors provide evidence of the basis for their objection (at which time DuPont would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity.  Thus, the Claims should be allowed as filed in full.

14.     DuPont reserves the right to amend or supplement this Response.

15.     The Debtors should return any reply to this Response to Phillips Lytle LLP, 3400 HSBC Center, Buffalo, New York 14203, Attn:  William J. Brown, Esq.

WHEREFORE for the foregoing reasons, DuPont respectfully requests that the Court

enter an Order (i) overruling the Twenty-Third Omnibus Objection with respect to the Claims;

(ii) allowing the Claims in the amount and classification and against the Debtor asserted in the

proofs of claim; and (iii) granting DuPont such other and further relief as is just and proper.


Dated:  December 4, 2007
        Buffalo, New York

               PHILLIPS LYTLE LLP


               By    /s/ Angela Z. Miller       
                       William J. Brown (WB9631)
                       Angela Z. Miller (AM4473)
               437 Madison Avenue, 34th Floor
               New York, NY  10022
               Telephone No. (212) 759-4888
                and
               3400 HSBC Center
               Buffalo, New York  14203
               Telephone No. (716) 847-8400
               Fax (716) 852-6100

AZM/hj
Doc # 01-1705202.2