**Hearing Date:  January 31, 2008**
                            **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                :          Chapter 11
                                              :
DELPHI CORPORATION, et al.,        :          Case No. 05-44481 (RDD)
                                              :
                           Debtors.    :          (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 8657 (UNITED STATES STEEL CORP./SPCP GROUP L.L.C.)

("STATEMENT OF DISPUTED ISSUES – UNITED STATES STEEL CORP./SPCP GROUP L.L.C.")

       Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 8657 (the "Proof Of Claim") filed by United States Steel Corp. ("Claimant") and subsequently transferred to SPCP Group, L.L.C. as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. ("Transferee," and

together with United States Steel Corp. the "Claimants") and respectfully represent as follows:

Background

1.     On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.     On June 27, 2006, Claimant filed proof of claim number 8657 ("Proof Of Claim No. 8657") against Delphi. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $399,548.00 for goods sold (the "Claim").

3.     On August 14, 2007, United States Steel Corp., transferred Proof Of Claim No. 8657 to SPCP Group, L.L.C., as Agent Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., pursuant to a notice of transfer (Docket No. 9067).

4.     On July 13, 2007, the Debtors objected to Proof of Claim No. 8657 pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

5.     On August 7, 2007, Claimant filed the Response Of United States Steel Corporation To Debtors' Nineteenth Omnibus Nineteenth Omnibus Claims Objection (Substantive) Pursuant To 11 U.S.C. 502(B) And Fed. R. Bankr. P. 3007 To

Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected (B) On Debtors' Books And Records, (C) Untimely Claims, And (D) (C) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, (D) And Consensually Modified And Reduced Claims Response To Debtors' Nineteenth Omnibus Objection (Docket No. 8921) (the "Response").

Disputed Issues

A.   <u>Debtors Do Not Owe Claimant The Amount Asserted In Proof Of Claim Number 8657</u>

6.   Claimant asserts in Proof Of Claim No. 8657 that Debtors owe Claimant a total of $399,548.00 for goods sold. The Debtors have reviewed the information attached to the Proof Of Claim and the Response and disputes that they owe the amount asserted in the Proof of Claim.

7.   Based upon Debtors various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid. Therefore, $6,101.35 should be subtracted from the amount claimed.

8.   United States Steel Corp. claimed $226,416.57 based upon the sale of goods for which it did not provide proofs of deliveries and for which the Debtors have no proof of receipt of those goods. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions at 2.1. Because United States Steel Corp., has not provided these proofs of deliveries Delphi does not have a record of receiving the goods associated with Invoice Nos. 161-02824T, 161-04394T, 161-051980, 161-051981, 161-051982, 161-184150, 161-184151, 161-227158, 161-227159, 161-343136, 161-507594, 161-507595, 161-507596, 161-539847, 161-539848, 161-757118, 161-778190, 161-864765,

161-864766, 161-864770, 161-867798, 161-873412 and 161-875035 (the "Invoices") and therefore the $226,416.57 asserted with respect to the Invoices should not be included in the claim.

9. The Proof of Claim includes invoices of $131,003.67 for materials that were shipped by Claimant directly to Eagle Steel and for which payment was made to Claimant by Eagle Steel. Therefore, $131,003.67 should be subtracted from the amount claimed.

10. The prices detailed on certain purchase orders are lower than the prices detailed on Claimant's invoices. Specifically, adjusted freight price and surcharge amounts are included in invoice nos. 161-207361 and 170-431827. However, the purchase orders for these items reflect contractual pricing. Therefore, $3,266.98 should be subtracted from the amount of the Proof of Claim.

11. In addition, Claimant asserted in Proof Of Claim No. 8657 that Debtors' owe Claimant $399,548.00. However, the sum of the amounts listed on Claimant's invoices is $399,547.33. Therefore $0.67 should be subtracted from the amount of the claim.

12. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $399,548.67 |
|---|---|---|
| Modifications | Paid Invoices | $6,101.35 |
| | Invoices without Proof of Delivery | $226,416.57 |
| | Invoices shipped to Eagle Steel | $131,003.67 |
| | Price Discrepancies | $3,266.98 |
| | Error on Proof Of Claim | $.67 |
| Reconciled Amount | | $32,760.10 |

13.  Debtors do not dispute that the remaining $32,760.10 of Proof Of Claim No. 8657 should be allowed as an unsecured non-priority claim against DAS LLC.

### Reservation Of Rights

14.  This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim No. 8657 in the amount of $32,760.10 as a general unsecured non-priority claim against the estate of DAS LLC, and (c) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         December 4, 2007

DELPHI CORPORATION, et al.
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

6