TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re:                                                        :
                                                              :   Chapter 11
DELPHI CORPORATION, *et al.*,                                 :   Case No. 05-44481 [RDD]
                                                              :
                                    Debtors.                  :   Jointly Administered
                                                              :
-------------------------------------------------------------x

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 15299 AND 14645
(AI-SHREVEPORT, LLC AND ANDROID INDUSTRIES, LLC)

("STATEMENT OF DISPUTED ISSUES – AI-SHREVEPORT,
LLC AND ANDROID INDUSTRIES, LLC ")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proofs Of Claim Numbers 15299 and 14645 (collectively, the "Proofs Of Claim") filed by AI-Shreveport, LLC ("Shreveport") and Android Industries, LLC ("Android," and

collectively, with Shreveport, the "Claimants")[1] respectively, and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, Shreveport filed proof of claim number 15299 ("Proof Of Claim No. 15299") and Android filed proof of claim number 14645 ("Proof Of Claim Number 14645") against DAS LLC. Proof Of Claim Number 15299 asserts a claim in the amount of $389,277 for the sale of goods secured by a right of setoff. Proof Of Claim Number 14645 asserts a claim in the amount of $3,184,562 for the sale of goods secured by a right of setoff. (Proof Of Claim Number 15299 and Proof Of Claim Number 14645, together the "Claims").

3. On or about January 30, 2006, the Claimants asserted rights of setoff with respect to the Claims. From July 2006 through approximately June 2007, the Claimants largely cooperated with the Debtors in reconciling the Claims and the amounts that Claimants allegedly owe the Debtors (the "Receivable"). The Claimants have asserted that they owe the Debtors approximately $3,398,938.23. Effectuating a setoff of the Receivable might result in a substantial reduction of one or both of the Claims.

4. At least since June 2007, however, the Claimants have ceased cooperating with the reconciliation of the Receivable and the Claims. The Claimants

---

[1] Although the Claimants are two separate but related entities, the issues described herein involving reconciling their claims are identical.

2

have not responded to repeated requests for information and documentation, including proofs of delivery in support of all of their invoices. Because the documentation attached to the Proofs of Claim is insufficient for the Debtors to reconcile the Claims, and because the Debtors must reconcile the amount of the Receivable to evaluate the Claimants' right of setoff, the Claimants' cooperation in the reconciliation process is essential to determine the amount of the Claims. Consequently, the Debtors had no alternative but to object to the Claims and they will seek discovery, if necessary, from Claimants.

          5.       On August 24, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection"). The Debtors maintain that the Claims are unsubstantiated.

          6.       On September 20, 2007, AI-Shreveport, LLC filed its Objection to Debtors' Twentieth Omnibus Objection Pursuant to 11 USC Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9485) (the "AI-Shreveport Response").

7.   On September 20, 2007, Android Industries, LLC filed its Objection to Debtors' Twentieth Omnibus Objection Pursuant to 11 USC Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9486) (together with the AI-Shreveport Response, the "Responses").

Disputed Issues

A.   <u>DAS LLC Does Not Owe Claimants The Amount Asserted In Proofs Of Claim Numbers 15299 And 14645</u>

8.   The Claimants assert in the Claims No. 15299 and 14645 that DAS LLC owes the Claimants a total of $3,573,839 for goods sold.  The Claims should be disallowed in their entirety because the total amount of the Claims is less than the amounts that the Claimants owe the Debtors.  DAS LLC has reviewed the information attached to the Proofs Of Claim and the Responses and disputes that it owes the amount asserted in the Proofs of Claim.  Based upon information available to date, the Claimants owe the Debtors amounts in excess of the total of the Claims: the Claims total approximately $1,694,618.15 and the Claimants owe the Debtors approximately $1,840,614.83.

Reservation Of Rights

9.   This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures

4

Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims, and (b) granting the Debtors such other and further relief as is just.

Dated:  New York, New York        DELPHI CORPORATION, *et al.*
        December 4, 2007          By their attorneys,
                                  TOGUT, SEGAL & SEGAL LLP
                                  By:

                                  /s/ Neil Berger
                                  NEIL BERGER (NB-3599)
                                  A Member of the Firm
                                  One Penn Plaza
                                  New York, New York 10119
                                  (212) 594-5000