**Hearing Date:  January 31, 2008**
                          **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, <u>et</u> <u>al.</u>, | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

# DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOFS OF CLAIM NUMBERS 14125, 14126, 14127, 14128, 14129, 14130 AND 14042, (FCI AUTOMOTIVE DEUTSCHLAND GMBH, FCI ITALIA SPA, FCI ELECTRONICS MEXICO S. DE R.L. DE C.V., FCI AUTOMOTIVE FRANCE S.A., <u>FCI USA INC., FCI AUSTRIA GMBH AND FCI CANADA INC.</u>*)*

("STATEMENT OF DISPUTED ISSUES – (FCI
AUTOMOTIVE DEUTSCHLAND GMBH, FCI ITALIA SPA, FCI ELECTRONICS
MEXICO S. DE R.L. DE C.V., FCI AUTOMOTIVE FRANCE S.A.,
FCI USA INC. AND FCI AUSTRIA GMBH AND FCI CANADA INC.")

       Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proofs Of Claim Numbers 14125, 14126, 14127, 14128, 14129, 14130 and 14042 (the "Proofs Of Claim") filed by FCI Automotive Deutschland GmbH, FCI Italia SpA, FCI

Electronics Mexico S. de R.L. de C.V., FCI Automotive France S.A., FCI USA Inc., FCI Austria GmbH and FCI Canada Inc., ("Claimants") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, FCI Canada Inc. filed proof of claim number 14125, ("Proof Of Claim No. 14125") against DAS LLC. The proof of claim asserted an unsecured non-priority claim in the amount of $76,964.21 for the sale of goods ("Claim No. 14125"). On July 31, 2006, FCI Automotive Deutschland GmbH filed proof of claim number 14126 ("Proof Of Claim No. 14126") against DAS LLC. The proof of claim asserted an unsecured non-priority claim in the amount of $376,357.61 for the sale of goods ("Claim No. 14126"). On July 31, 2006, FCI Italia S.p.A. filed proof of claim number 14127, ("Proof Of Claim No. 14127") against DAS LLC. The proof of claim asserted an unsecured non-priority claim in the amount of $361.40 for the sale of goods ("Claim No. 14127"). On July 31, 2006, FCI Electronics Mexico, S. de R.L. de C.V. filed proof of claim number 14128 ("Proof Of Claim No. 14128") against DAS LLC. The proof of claim asserted an unsecured non-priority claim in the amount of $294,001.77 for the sale of goods ("Claim No. 14128"). On July 31, 2006, FCI Automotive France, S.A. filed proof of claim number 14129 ("Proof Of Claim No. 14129") against DAS LLC. The proof of claim asserted an unsecured non-priority claim in the amount of $15,945.87 for the sale of goods ("Claim No. 14129"). On July 31, 2006, FCI USA, Inc., filed proof of claim

number 14130 ("Proof Of Claim No. 14130") against DAS LLC. The proof of claim asserted an unsecured non-priority claim in the amount of $407,299.95 for the sale of goods ("Claim No. 14130"). On July 31, 2006, FCI Austria GmbH filed proof of claim number 14042 ("Proof Of Claim No. 14042") against DAS LLC. The Proof Of Claim asserted an unsecured non-priority claim in the amount of $711.42 for sale of goods ("Claim No. 14042" and collectively with Claims Nos. 14125, 14126, 14127, 14128, 14129 and 14130 the "Proofs of Claims").

   3. On August 24, 2007, the Debtors objected to the Proofs of Claims pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

   4. On September 20, 2007, Claimants filed their Response To Debtors' Twentieth Omnibus Objection To Claim Nos. 14125, 14126, 14127, 14128, 14129, 14130 and 14042 (Docket No. 9446) (the "Response").

Disputed Issues

A. DAS LLC Does Not Owe Claimants The Amount Asserted In Proofs Of Claim Nos. <u>14042, 14125, 14126, 14127, 14128, 14129 and 14130</u>

   5. Claimants assert in the Proofs Of Claims that DAS LLC owes Claimant a total of $1,171,642.23 for goods sold. DAS LLC has reviewed the

3

information attached to the Proofs Of Claims and the Response and disputes that it owes the amount asserted in the Proofs of Claims.

6. Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proofs of Claims have been paid. Therefore, $131,516.49 should be subtracted from the amount claimed.

7. The prices detailed on certain purchase orders are lower than the prices detailed on the Claimants' invoices. The purchase orders reflect the contractual pricing. Therefore, $212,673.60 should be subtracted from the amount of the Proofs of Claims.

8. Claimants claimed $83,394.44 in amounts owed based on the sale of goods for which they did not provide proofs of deliveries and for which the Debtors have no record of delivery. DAS LLC's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions at 2.1. Because Claimants have not provided these proofs of delivery, DAS LLC does not have a record of receiving the goods associated with Invoice Nos. VB512143, VB513002, 043052, 043052, 043731, 044292, 044420, 042810, 043420, 044230, 044734, S128907, S129257, T145079, T145801, T148506, T148616, T148615, S130143, S130396, T152998, T179742, T195104, 529880, 523985, 523575, 523573, 523571, 523282, 523280, 520401, 520163, 513602, 511475, 510569, 509987, 507811, 505498, 505352, 501398, 500326, 496363, 14067, 14065, 14064, 14063, 14054, 14038, 13994, 13931, 13930, 13928, 1044615, 33002066, 20024716, 1046381, 506325, 510639, 510876, 511310, 512043, 512044, 513723, 516067, 516730, 522578, 524169, 526529, 545663, MX100904, 038768,

4

039124, 039669, 043990, 21822, 25959, 26286, 26290, 034676, 035437, 036208, 036334, 037176, 037938, 038076, 38104, MX100962, 041979, 043084, 043209, 043347, 045145, 038934, 039085, 042828, 044758 and 045747, therefore the $83,394.44 asserted with respect to Invoice Nos. VB512143, VB513002, 043052, 043052, 043731, 044292, 044420, 042810, 043420, 044230, 044734, S128907, S129257, T145079, T145801, T148506, T148616, T148615, S130143, S130396, T152998, T179742, T195104, 529880, 523985, 523575, 523573, 523571, 523282, 523280, 520401, 520163, 513602, 511475, 510569, 509987, 507811, 505498, 505352, 501398, 500326, 496363, 14067, 14065, 14064, 14063, 14054, 14038, 13994, 13931, 13930, 13928, 1044615, 33002066, 20024716, 1046381, 506325, 510639, 510876, 511310, 512043, 512044, 513723, 516067, 516730, 522578, 524169, 526529, 545663, MX100904, 038768, 039124, 039669, 043990, 21822, 25959, 26286, 26290, 034676, 035437, 036208, 036334, 037176, 037938, 038076, 38104, MX100962, 041979, 043084, 043209, 043347, 045145, 038934, 039085, 042828, 044758 and 045747 should not be included in the claim.

9.     Claimants claimed $6,467.22 in amounts owed based on the sale of goods for which they did not provide sufficient documentation and for which the Debtors do not have sufficient documentation.  Therefore, $6,467.22 should not be included in the claim.

10.    The Proofs of Claims include invoices for defective materials that have been returned by the Debtors in the ordinary course of business, invoice number FV04DMP3Y30075011019 – 513091, EW04VCM044835 – 044835 and BoL # 00611585 & 00629592.  Therefore, $5,151.37 should be subtracted from the amount claimed.

11. Proofs of Claim Nos. 14126 and 14129 include invoices in which monetary exchange rates have been erroneously calculated. Therefore, $13.21 should be subtracted from the amount claimed.

12. Proof of Claim Nos. 041085 includes an improper charge for the provision of a prototype for which the Debtors do not have a valid purchase order. Therefore, $550.00 should be subtracted from the amount claimed.

13. Proof of Claim Nos. 14130 includes invoiced materials that were never actually delivered. Therefore, $55,205.57 should be subtracted from the amount claimed.

14. Proof of Claim No.14130 fails to reflect that Claimant is contractually obligated to reimburse Debtors for assembly disruptions for which it was responsible. Therefore, $23,251.40 should be subtracted from the amount claimed.

15. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $1,171,642.16 |
|---|---|---|
| Modifications | Paid Invoices | $131,516.49 |
| | Price Discrepancies | $212,673.60 |
| | Invoices Without Proof of Delivery | $83,394.44 |
| | Insufficient Documentation | $6,467.22 |
| | Returned Materials | $5,151.37 |
| | Exchange Rate Conversion | $13.21 |
| | Prototype | $550.00 |

|  | Receiving Issues | $55,205.57 |
|  | Need Rec'd | $5,905.87 |
|  | Cost Recovery | $23,251.40 |
| Reconciled Amount | | $647,512.92 |

16. DAS LLC does not dispute that the remaining $647,512.92 of Proof Of Claim Nos. 14125, 14126, 14127, 14128, 14129, 14130 and 14042 should be allowed as an unsecured non-priority claim against DAS LLC.

## Reservation Of Rights

17. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

**WHEREFORE** the Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim Nos. 14125, 14126, 14127, 14128, 14129, 14130 and 14042 in the amount of $647,512.92 as a general unsecured non-priority claim against the estate of DAS LLC, and (c) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
        December 4, 2007

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000