**Hearing Date: January 31, 2008**
                                              **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                                      :       Chapter 11
                                                    :
DELPHI CORPORATION, et al.,      :       Case No. 05-44481 (RDD)
                                                    :
                   Debtors.          :       (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOFS OF CLAIM NUMBERS 1472 AND 2274
(SHERWIN WILLIAMS COMPANY AND SHERWIN
WILLIAMS AUTOMOTIVE FINISHES CORP)

("STATEMENT OF DISPUTED ISSUES – SHERWIN WILLIAMS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proofs Of Claim Numbers 1472 And 2274 filed by Sherwin Williams Company and Sherwin Williams Automotive Finishes Corp ("SWAFC" and, together with Sherwin Williams Company, "Sherwin Williams"), respectively, and respectfully represent as follows:

## Background

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On January 9, 2006, Sherwin Williams Company filed proof of claim number 1472 ("Proof of Claim 1472") against Delphi. Proof of Claim 1472 asserts an unsecured non-priority claim in the amount of $161,816.60 for the sale of goods ("Claim 1472").

3.      On March 13, 2006, SWAFC filed proof of claim number 2274 ("Proof of Claim 2274") against Delphi. Proof of Claim 2274 asserts an unsecured non-priority claim in the amount of $222,238.45 for the sale of goods ("Claim 2274" and, together with Claim 1472, the "Claims").

4.      On July 13, 2007, the Debtors objected to the Claims pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually

2

Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

        5.      On August 9, 2007, Sherwin Williams filed Sherwin Williams Automotive Finishes Corp's Response To Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8961) and Sherwin Williams Company's Response To Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 9007) (collectively, the "Responses").

## Disputed Issues

A.    <u>Neither Delphi Nor DAS LLC Owe Sherwin Williams The Amounts Asserted In The Proofs Of Claim</u>

        6.      Sherwin Williams asserts in the Proofs of Claim that Delphi owes Sherwin Williams a total of $313,542.50 for goods sold.  First, the Debtors believe that any liability with respect to the Claims lies with DAS LLC, not Delphi, and thus the Debtors dispute that Delphi owes any liability to Sherwin Williams with respect to the Claims.  Second, DAS LLC has reviewed the information attached to the Proofs f Claim and the Responses and, for the reasons set forth below, disputes that it owes the amounts asserted in the Proofs of Claim.

3

       7.       <u>Paid Invoices</u>.  Based upon DAS LLC's various accounts payable records, a portion of the invoices reflected in Proof of Claim 2274 have been paid.  Therefore, $535.40 should be subtracted from the amount of Claim 2274.

       8.       <u>Purchase Orders Do Not Support Pricing Cited By Sherwin Williams</u>.  The price detailed on certain purchase orders is lower than the price detailed on the Sherwin Williams' invoices.  The purchase orders reflect the contractual pricing.  Therefore, $494.80 should be subtracted from the amount of Claim 1472 and $6,228.62 should be subtracted from the amount of Claim 2274.

       9.       <u>Proofs of Delivery Not Provided</u>.  In Proof of Claim 1472, Sherwin Williams Company claimed $600.00 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries, and in Proof of Claim 2274, SWAFC claimed $47,480.10 in amounts owed based on the sale of goods for which it did not provide proofs of delivery.  Furthermore, Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  <u>See</u> General Terms And Conditions, § 2.1.  DAS LLC has no record of receiving the goods associated with the invoices on the list attached hereto as <u>Exhibit A</u>.  Because Sherwin Williams has not provided these proofs of delivery, DAS LLC does not have a record of receiving the goods associated with the invoices on the list attached hereto as <u>Exhibit A</u>.  Therefore, the $600.00 asserted with respect to these invoices in Proof of Claim 1472 and the $47,480.10 asserted with respect to these invoices in Proof of Claim 2274 should be subtracted from the amount of the Claims.

       10.       <u>Returned Material</u>.  Proof Of Claim 1472 includes $1,267.80 of invoices for materials that have been returned by the Debtors in the ordinary course of business on

4

account of defective parts, and Proof Of Claim 2274 includes $3,658.20 for materials that have been returned by the Debtors in the ordinary course of business on account of defective parts. Therefore, $1,267.80 should be subtracted from Claim 1472 and $3,658.20 should be subtracted from Claim 2274.

11.    <u>Certain Cost Recoveries Are Due To DAS LLC</u>.  Proof Of Claim 1472 fails to take into account $7,728.10 due DAS LLC for costs incurred by DAS LLC as a result of defective materials ("Cost Recoveries"), and Proof Of Claim 2274 fails to take into account $52,001.00 for Cost Recoveries.  Therefore, $7,728.10 should be subtracted from Claim 1472 and $52,001.00 should be subtracted from Claim 2274.

12.    <u>Additional Invoices</u>.  Proof Of Claim 2274 fails to take into account $261.40 of invoices that are reflected on DAS LLC's books and records as due and owing to SWAFC as of the Petition Date.  Therefore, $261.40 should be added to Claim 2274.

13.    After taking into account the above-referenced deductions and additions to the Claims, the Debtors reconciled the Claims as illustrated in the following charts:

| Claim 1472 | | |
|---|---|---|
| Sherwin Williams Company Asserted Amount | | $161,816.60 |
| Modifications | Price Discrepancies | ($494.80) |
| | Invoices Without Proof of Delivery | ($600.00) |
| | Returned Material | ($1,267.80) |
| | Cost Recoveries | ($7,728.10) |
| Reconciled Amount | | $151,725.90 |

| Claim 2274 | | |
|---|---|---|
| SWAFC Asserted Amount | | $222,238.45 |
| Modifications | Paid Invoices | ($535.40) |
| | Price Discrepancies | ($6,228.62) |
| | Invoices Without Proof of Delivery | ($47,480.10) |
| | Returned Material | ($3,658.20) |
| | Cost Recoveries | ($52,001.00) |
| | Unclaimed Invoices | $261.40 |
| Reconciled Amount | | $112,596.53 |

14. DAS LLC does not dispute the remaining $151,725.90 of Claim 1472 and $112,596.53 of Claim 2274 and requests that Claim 1472 be reduced to an unsecured non-priority claim against DAS LLC in an amount not to exceed $151,725.90 and Claim 2274 be reduced to an unsecured non-priority claim against DAS LLC in an amount not to exceed $112,596.53.

Reservation Of Rights

15. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing Claim 1472 to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $151,725.90, (b) reducing Claim 2274 to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $112,596.53, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    Albert L. Hogan, III (AH 8807)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

## INVOICES WITHOUT PROOF OF DELIVERIES

| Document Description | Invoice Date | Amount Claimed per POC |
|---|---|---|
| Invoice No. TR042371 / BOL No. BLR235709 | 6/27/05 | 899.50 |
| Invoice No. TR042374 / BOL No. BLR235709 | 6/27/05 | 600.60 |
| Invoice No. TR042375 / BOL No. BLR235709 | 6/27/05 | 1,567.60 |
| Invoice No. TR042385 / BOL No. BLR235709 | 6/27/05 | 1,755.00 |
| Invoice No. TR042386 / BOL No. BLR235709 | 6/27/05 | 4,901.40 |
| Invoice No. TR042387 / BOL No. BLR235709 | 6/27/05 | 1,242.80 |
| Invoice No. TR042457 / BOL No. BLR236278 | 7/5/05 | 751.60 |
| Invoice No. TR042461 / BOL No. BLR236278 | 7/5/05 | 629.40 |
| Invoice No. TR042463 / BOL No. BLR236278 | 7/5/05 | 1,175.70 |
| Invoice No. TR042464 / BOL No. BLR236278 | 7/5/05 | 767.70 |
| Invoice No. TR042465 / BOL No. BLR236278 | 7/5/05 | 899.50 |
| Invoice No. TR042466 / BOL No. BLR236278 | 7/5/05 | 3,097.60 |
| Invoice No. TR042467 / BOL No. BLR236278 | 7/5/05 | 3,107.20 |
| Invoice No. TR042468 / BOL No. BLR236278 | 7/5/05 | 760.70 |
| Invoice No. TR042469 / BOL No. BLR236278 | 7/5/05 | 7,462.50 |
| Invoice No. TR042470 / BOL No. BLR236278 | 7/5/05 | 600.60 |
| Invoice No. TR042471 / BOL No. BLR236278 | 7/5/05 | 345.45 |
| Invoice No. TR042493 / BOL No. BLR236714 | 7/11/05 | 1,165.20 |
| Invoice No. TR042494 / BOL No. BLR236714 | 7/11/05 | 760.70 |
| Invoice No. TR042496 / BOL No. BLR236714 | 7/11/05 | 1,553.60 |
| Invoice No. TR042497 / BOL No. BLR236714 | 7/11/05 | 767.70 |
| Invoice No. TR042498 / BOL No. BLR236714 | 7/11/05 | 629.40 |
| Invoice No. TR042500 / BOL No. BLR236714 | 7/11/05 | 383.85 |
| Invoice No. TR042501 / BOL No. BLR236714 | 7/11/05 | 1,535.40 |
| Invoice No. TR042502 / BOL No. BLR236714 | 7/11/05 | 3,097.60 |
| Invoice No. TR042535 / BOL No. BLR236831 | 7/12/05 | 751.60 |
| Invoice No. TR042550 / BOL No. BLR236978 | 7/13/05 | 3,097.60 |
| Invoice No. TR042553 / BOL No. BLR236978 | 7/13/05 | 1,151.55 |
| Invoice No. TR042556 / BOL No. BLR236978 | 7/13/05 | 760.70 |
| Invoice No. TR042557 / BOL No. BLR236978 | 7/13/05 | 751.60 |
| Invoice No. TR042599 / BOL No. BLR237326 | 7/18/05 | 388.40 |
| Invoice No. TR042600 / BOL No. BLR237326 | 7/18/05 | 380.35 |
| Invoice No. TR042625 / BOL No. BLR237535 | 7/20/05 | 1,541.20 |
| Invoice No. TR042626 / BOL No. BLR237535 | 7/20/05 | 1,503.20 |
| Invoice No. TR042628 / BOL No. BLR237535 | 7/20/05 | 388.40 |
| Invoice No. TR042629 / BOL No. BLR237535 | 7/20/05 | 380.35 |
| Invoice No. TR042633 / BOL No. BLR237535 | 7/20/05 | 783.80 |
| Invoice No. TR042636 / BOL No. BLR237535 | 7/20/05 | 1,381.80 |
| Invoice No. CR053201 / BOL No. | 10/7/2005 | (1,246.45) |
| Invoice No. TH007760 / BOL No. | 10/7/2005 | (6.50) |
| Invoice No. TH007787 / BOL No. | 10/7/2005 | (4,985.80) |

Grand Total                                47,480.10

## INVOICES WITHOUT PROOF OF DELIVERIES

| Document Description | Co. # | Invoice Date | Amount Claimed per POC |
|---|---|---|---|
| 24641 | | 10/06/2005 | 310.00 |
| 22009 | | 09/19/2005 | 290.00 |
| | | | |
| | | | |

TOTAL    $    600.00