**Hearing Date:  January 31, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 10681 AND 10656
<u>(HENKEL CORPORATION (HENKEL ELECTRONICS))</u>

("STATEMENT OF DISPUTED ISSUES – HENKEL CORPORATION (HENKEL ELECTRONICS)")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronic Systems Inc. ("Delphi Mechatronic"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proofs Of Claim Numbers 10681 And 10656 filed by Henkel Corporation (Henkel Electronics) ("Henkel") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 25, 2006, Henkel filed proof of claim number 10681 ("Proof of Claim No. 10681") against Delphi Mechatronic. Proof of Claim No. 10681 asserts an unsecured non-priority claim in the amount of $781,205.06 for the sale of goods.

3. On July 25, 2006, Henkel filed proof of claim number 10656 ("Proof of Claim No. 10656") against DAS LLC. The Proof of Claim No. 10656 asserts an unsecured non-priority claim in the amount of $781,205.06 for the sale of goods.

4. On September 21, 2007, the Debtors objected to Proofs of Claim Nos. 10681 and 10656 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate and Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification,

2

Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

      5.      On October 12, 2007, Henkel filed its Response Of Henkel Corporation To Debtors' Twenty-First Omnibus Objection To Claims And/Or Any Pending Claims Objection Related to Claims Of Henkel Corporation (Docket No. 10560) (the "Response").

Disputed Issues

A.    <u>Delphi Mechatronic Does Not Owe Henkel The Amount Asserted In Proof Of Claim No. 10681</u>

      6.      Henkel asserts in Proof of Claim No. 10681 that Delphi Mechatronic owes Henkel a total of $781,205.06 for goods sold. Delphi Mechatronic has reviewed the information attached to Proof Of Claim No. 10681 and the Response and disputes that it owes the amount asserted in Proof of Claim No. 10681 for the following reasons: (a) duplicative assertions of liability, (b), proofs of delivery not provided, (c) paid invoices, and (d). price discrepancies.

      7.      <u>Certain Amounts Are Duplicated On Another Proof Of Claim.</u> Henkel claimed $762,863.81 in amounts owed based on the sale of goods to Delphi Mechatronic for which it also claimed in Proof of Claim No. 10656, asserted against DAS LLC. Such amount is duplicative and therefore the $762,863.81 asserted with respect to goods sold should not be included in Proof of Claim No. 10681.

      8.      <u>Proofs Of Delivery Not Provided.</u> Henkel claimed $14,534.30 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions, § 2.1. Delphi Mechatronic

3

has no record of receiving the goods associated with Invoice Nos. 90104911. 90112477, 90118543, 90118544, 90122754, 90123867, 90128307, 90131170, 90139323, 90176043, 90176044, 90192341, 90192342, 90202890, 90208721, and 90217858. Because Henkel has not provided these proofs of delivery, with respect to the goods associated with Invoice Nos. 90104911. 90112477, 90118543, 90118544, 90122754, 90123867, 90128307, 90131170, 90139323, 90176043, 90176044, 90192341, 90192342, 90202890, 90208721, and 90217858, the $14,534.30 asserted with respect to the above mentioned invoices should not be included in the claim.

9. <u>Certain Invoices Have Been Paid</u>. Based upon Delphi Mechatronic's various accounts payable records, a portion of the invoices reflected in Proof of Claim No. 10681 have been paid. Therefore, $609.40 should be subtracted from the amount claimed.

10. <u>Pricing Cited In Proof Of Claim Not Supported by Purchase Orders</u>. The prices detailed on certain purchase orders are higher than the prices detailed on the Henkel's invoices. Therefore, $362.50 should be added to the amount of Proof of Claim No. 10681. The price detailed on a certain purchase order is lower than the price detailed on the Henkel's invoice. Therefore, $99.90 should be subtracted from the amount of Proof of Claim No. 10681. In the aggregate, $262.60 should be added to the amount of Proof of Claim No. 10681 due to these price discrepancies.

11. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount on Proof of Claim No. 10656 | | $781,205.06 |
|---|---|---|
| Modifications | Duplicative Amount Asserted on Proof of Claim No. 10656 | ($762,863.81) |
| | Invoices Without Proof of Delivery | ($14,534.30) |
| | Paid Invoices | ($609.40) |
| | Aggregate Price Discrepancies | $262.60 |
| Reconciled Amount | | $3,460.15 |

12.     Delphi Mechatronic does not dispute at this time the remaining $3,460.15 of Proof of Claim No. 10681 and requests that Proof of Claim No. 10681 be reduced to a general unsecured non-priority claim against Delphi Mechatronic in an amount not to exceed $3,460.15.

B.    DAS LLC Does Not Owe Henkel The Amount Asserted In Proof Of Claim Number 10656

13.     Henkel asserts in Proof of Claim No. 10656 that DAS LLC owes Claimant a total of $781,205.06 for goods sold.  DAS LLC has reviewed the information attached to the Proof of Claim No. 10656 and the Response and disputes that it owes the amount asserted in Proof of Claim No. 10656 for the following reasons:  (a) proofs of delivery not provided, (b) duplicative assertions of liability, and (c) amounts asserted against the wrong debtor entity.

14.     Proofs Of Delivery Not Provided.  Henkel claimed $345,195.49 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  See General Terms And Conditions, § 2.1.  DAS LLC has no record of receiving the goods associated with the Proof of Claim.  Because Henkel has not

5

provided proofs of delivery with respect to the goods associated with the Proof of Claim, the $345,195.49 asserted with respect to the Proof of Claim should not be included in the claim.

15. <u>Certain Amounts Are Duplicated On Another Proof Of Claim.</u> Henkel claimed $18,341.25 in amounts owed based on the sale of goods to DAS LLC for which it also claimed payment in Proof of Claim No. 10681 asserted against Delphi Mechatronic. Such amount has already been asserted and partially reconciled against Delphi Mechatronic. Such amount is duplicative and therefore the $18,341.25 asserted with respect to goods sold should not be included in Proof of Claim No. 10656.

16. <u>Amounts Asserted Against Wrong Debtor Entity</u>. Henkel asserted $576.00 against DAS LLC which, upon reconciliation of the Debtors' books and records, is properly asserted against Delphi Connection Systems. Because Henkel has not agreed to change the debtor against which the $576.00 portion of the claim is asserted, this amount asserted in Proof of Claim No. 10656 remains in dispute.

17. After taking into account the above-referenced deductions to Proof of Claim No. 10656, the Debtors reconciled Proof of Claim No. 10656 as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $781,205.06 |
|---|---|---|
| <u>Modifications</u> | Invoices Without Proof of Delivery | ($345,195.49) |
| | Duplicative Amount Asserted on Proof of Claim No. 10681 | ($18,341.25) |
| <u>Reconciled Amount</u> | | $417,668.32 |

6

18.     DAS LLC does not dispute at this time the remaining $417,668.32 of Proof of Claim No. 10656 and requests that Proof of Claim No. 10656 be reduced to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $417,092.32 and a general unsecured claim against the estate of Delphi Connection Systems in an amount not to exceed $576.00.

Reservation Of Rights

19.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing Proof of Claim No. 10681 to the maximum amount of $3,460.15 as a general unsecured non-priority claim against the estate of Delphi Mechatronic, (b) reducing Proof of Claim No. 10656 to the maximum amount of $417,668.32, of which $417,092.32 would be a general unsecured non-priority claim against the estate of DAS LLC and $576.00 would be a general

unsecured claim against the estate of Delphi Connection Systems, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

                SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       Albert L. Hogan, III (AH 8807)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession