**Hearing Date:  January 31, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
    In re                        :        Chapter 11
                             :
DELPHI CORPORATION, et al.,    :        Case No. 05-44481 (RDD)
                             :
                Debtors.     :        (Jointly Administered)
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM
NUMBER 2173 (LONGACRE MASTER FUND, LTD. AS ASSIGNEE OF PIC
PRODUCTIVITY IMPROVEMENT CENTER)

("LONGACRE MASTER FUND, LTD. AS ASSIGNEE OF PIC PRODUCTIVITY
IMPROVEMENT CENTER")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 2173 filed by Longacre Master Fund, Ltd. as assignee of PIC Productivity Improvement Center, Ltd. and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.  On March 3, 2006, PIC Productivity Improvement Center, Ltd. ("PIC Productivity") filed proof of claim no. 2173 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $550,320.80 based upon prepetition services provided (the "Claim").

3.  On April 11, 2006, PIC transferred the Proof of Claim to Longacre Master Fund, Ltd. ("Longacre") pursuant to a notice of transfer (Docket No. 3183).

4.  On July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation,

And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

5. On August 9, 2007, PIC Productivity filed its PIC Productivity Improvement Center's Response To Debtors' Nineteenth Omnibus Claims Objections (Docket No. 8969).

## Disputed Issues

A. <u>DAS LLC Does Not Owe Claimants The Amount Asserted In The Proof Of Claim</u>

6. PIC Productivity asserts in the Proof of Claim that DAS LLC owes a total of $550,320.80 for services provided. DAS LLC has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

**7.** <u>Proofs of Delivery Not Included With Proof Of Claim</u>. PIC Productivity claimed $194,548.25 in amounts owed based on services provided for which it did not provide invoices and proofs of deliveries. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions, § 2.1. DAS LLC has no record of receiving the services associated with the Proof of Claim. Because PIC Productivity has not provided proofs of delivery with respect to the services associated with the Proof of Claim, $194,548.25 should not be included in the claim.

8. <u>Pricing Cited In Proof Of Claim Not Supported By Purchase Orders</u>. The price detailed on certain purchase orders are lower than the price detailed on PIC Productivity's

3

invoices due to currency conversions. The purchase orders reflect the contractual pricing. Therefore, $56.28 should be subtracted from the amount of the Proof of Claim.

9. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimants' Asserted Amount | | $550,320.80 |
|---|---|---|
| Modifications | Invoices and Proofs of Delivery Needed | ($194,548.25) |
| | Price Discrepancies Due to Currency Conversion | ($56.28) |
| Reconciled Amount | | $355,828.83 |

10. DAS LLC does not dispute the remaining $355,828.83 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $355,828.83.

Reservation Of Rights

11. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the

4

disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $355,828.83, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

         SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

         By: /s/ John Wm. Butler, Jr.
          John Wm. Butler, Jr. (JB 4711)
          Albert L. Hogan, III (AH 8807)
          John K. Lyons (JL 4951)
          Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606
        (312) 407-0700

        - and -

        By: /s/ Kayalyn A. Marafioti
         Kayalyn A. Marafioti (KM 9632)
         Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
         Debtors and Debtors-in-Possession