**Hearing Date:  January 31, 2008**
 **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

 - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|      Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

### DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 10014 (SELECT INDUSTRIES CORPORATION (F/K/A SELECT TOOL & DIE CORPORATION)

("STATEMENT OF DISPUTED ISSUES – SELECT INDUSTRIES CORPORATION (F/K/A SELECT TOOL & DIE CORPORATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof of Claim Number 10014 filed by Select Industries Corporation (f/k/a Select Tool & Die Corporation ("Select Industries") and respectfully represent as follows:

Background

1.   On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.   On July 20, 2006, Select Industries filed proof of claim number 10014 (the "Proof of Claim") against DAS LLC.  The Proof of Claim asserts a secured priority claim in the amount of $507,337.84 for the sale of goods (the "Claim").

3.   On July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Objection").

4.   On August 9, 2007, Select Industries filed its Response Of Select Industries Corporation In Opposition To Debtors' Nineteenth Omnibus Claims Objection (Docket No. 8994) (the "Response").

Disputed Issues

A.    DAS LLC Does Not Owe Select Industries The Amount Asserted In The Proof of Claim

5.    Select Industries asserts in the Proof of Claim that DAS LLC owes Select Industries a total of $507,337.84 for goods sold. DAS LLC has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim. DAS LLC also disputes the classification of the Claim as completely secured.

6.    Paid Invoices. Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid. Therefore, $579.60 should be subtracted from the amount claimed.

7.    Price Discrepancies. The price detailed on certain purchase orders are lower than the price detailed on the Select Industries' invoices. The purchase orders reflect the contractual pricing. Therefore, $98.30 should be subtracted from the amount of the Proof of Claim.

8.    Proof Of Delivery Not Provided. Select Industries claimed $2,444.97 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions, § 2.1. DAS LLC has no record of receiving the goods associated with Bill of Lading Nos. 8517651 and 8518070. Because Select Industries has not provided these proofs of delivery associated with Bill of Lading Nos. 8517651 and 8518070, $1,360.53 and $1,084.44 asserted with respect to each of Bill of Lading Nos. 8517651 and 8518070, respectively, should not be included in the claim.

9.  <u>Returned Goods</u>.  The Proof of Claim includes invoices for materials that have been returned by the Debtors in the ordinary course of business, including materials returned because they were defective.  Therefore, $2,037.06 should be subtracted from the amount claimed.

10.  <u>Duplicate Payment</u>.  Based upon Delphi's various accounts payable records, Delphi mistakenly made a duplicate payment.  Delphi paid Bill of Lading No. STD303586 twice; once on September 13, 2005 and once on October 4, 2005.  Therefore, $226,125.00 should be subtracted from the amount claimed.

11.  <u>Cash Discounts Applied</u>.  Based on a change in terms agreed to by the parties, Delphi was eligible for a discount in the amount of $2,465.08 for early payment.

12.  <u>Invalid Invoice</u>.  Select Industries claimed $774.80 in amounts owed based on an invalid invoice.  The invoice was meant for a non-debtor affiliate of Delphi based in India.  Therefore, $774.80 should be subtracted from the amount claimed

13.  <u>Claim Reconciliation</u>.  In an effort to reconcile its records with those of Select Industries, $0.53 need to be subtracted from the claim amount.

14.  After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| <u>Select Industries' Asserted Amount</u> | | $507,337.84 |
|---|---|---|
| <u>Modifications</u> | Paid Invoices | $579.60 |
| | Price Discrepancies | $98.30 |
| | Duplicate Payment | $226,125.00 |
| | Invoices Without Proof of Delivery | $2,444.97 |

|  | Returned Goods | $2,037.06 |
|---|---|---|
|  | Cash Discounts Applied | $2,465.08 |
|  | Invalid Invoice | $774.80 |
|  | Claim Reconciliation | $0.53 |
| <u>Reconciled Amount</u> | | $252,075.90 |

15.     DAS LLC does not dispute the remaining $252,075.90 of the Claim, subject to (i) Select's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $20,736.60 of the Claim on the grounds that Select has a valid reclamation claim in the amount of $20,736.60 and (ii) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid.

Reservation Of Rights

16.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to an amount not to exceed $252,075.90, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 4, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    Albert L. Hogan, III (AH 8807)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:/s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

6