05-44481-rdd    Doc 11261    Filed 12/04/07    Entered 12/04/07 21:03:52    Main Document
Pg 1 of 8

                                            **Hearing Date: January 31, 2008**
                                            **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                      Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

<div align="center">

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF CLAIM NUMBER 16612
(METALFORMING TECHNOLOGIES, INC.)**

("STATEMENT OF DISPUTED ISSUES –METALFORMING TECHNOLOGIES, INC.")

</div>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 16612 filed by Metalforming Technologies, Inc. ("MTI") and respectfully represent as follows:

<u>Background</u>

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

2. On October 24, 2005, MTI submitted a demand to the Debtors asserting a reclamation claim in the amount of $307,193.64 arising from the alleged supply of goods prior to the Petition Date (the "Reclamation Demand").

3. On February 21, 2006, the Debtors sent a statement of reclamation to MTI (the "Statement of Reclamation") with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $13,755.27 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

4. MTI failed to respond to the Statement of Reclamation. Thus, pursuant to the Amended Final Reclamation Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment Of Reclamation Claims entered by

the Court on November 4, 2005 (Docket No. 881), MTI has been deemed to have consented to the amount set forth in the Statement of Reclamation, subject to the Reserved Defenses.

5. On July 10, 2006, MTI filed proof of claim number 9190 ("Proof Of Claim") against Delphi, asserting an unsecured non-priority claim in the amount of $315,746.36 for the alleged sale of goods ("Claim 9190").

6. On May 22, 2007, the Debtors objected to Claim 9190 pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

7. On June 11, 2007, MTI filed Proof Of Claim 16612 against Delphi, asserting an unsecured non-priority claim in the amount of $257,482.41 for the alleged sale of goods ("Claim 16612" and, together with Claim 9190, the "Claims").

8. On June 29, 2007, the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 8443), which, among other things, granted the relief requested in the Fifteenth Omnibus Claims Objection with respect to Claim 9190 by modifying, subject to further objection, Claim 9190 to (i) an unsecured priority claim against DAS LLC, subject to the Reserved Defenses, in the amount of $13,755.27 on the

account of the Reclamation Claim and (ii) an unsecured non-priority claim against DAS LLC in the amount of $41,865.08.[1]

9.  On July 13, 2007, the Debtors objected to Claim 16612 pursuant to the Debtors' Eighteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate Or Amended Claims (Docket No. 8616) (the "Eighteenth Omnibus Claims Objection").

10.  On August 13, 2007, MTI filed Metalforming Technologies, Inc.'s Response To Debtors' Eighteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate Or Amended Claims (Docket No. 9042) (the "Response").

## Disputed Issues

A.  Neither Delphi Nor DAS LLC Owe MTI The Amount Asserted In Claim 16612

11.  MTI asserts in Claim 16612 that Delphi owes MTI a total of $257,482.41 for the alleged sale of goods. First, the Debtors believe that any liability with respect to Claim 16612 lies with DAS LLC, not Delphi, and thus the Debtors dispute that Delphi owes any liability to MTI with respect to Claim 16612. Second, DAS LLC has reviewed the information attached to Proof Of Claim 16612 and the Response and, for the following reasons, disputes that it owes the amount asserted in Claim 16612.

---

[1]  In an effort to reach a resolution of the Claims, the Debtors have agreed to treat Claim 16612 as a valid amendment of Claim 9190. Thus, Claim 9190 should be disallowed and expunged in its entirety as duplicative of Claim 16612, and the Debtors reserve their rights with respect to Claim 9190, including, but not limited to, their right to re-object to Claim 9190. In addition, the Debtors maintain their objection to Claim 16612 for the reasons set forth in this Statement Of Disputed Issues.

12. <u>Paid Invoices</u>. Based upon DAS LLC's various accounts payable records, a portion of the invoices reflected in Proof Of Claim 16612 have been paid. Therefore, $18,663.41 should be subtracted from the amount of Claim 16612.

13. <u>Proofs of Delivery Not Provided</u>. In addition, Claim 16612 includes $238,819.00 of invoices for which MTI has not provided sufficient documentation, including, in certain instances, invoice copies, proofs of delivery, and/or purchase order numbers. Such documentation contains information that is essential to reconcile MTI's invoices to DAS LLC's books and records. Delphi's General Terms And Conditions governing its dealings with suppliers require, among other things, that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions at § 2.1. DAS LLC has no record of receiving the goods associated with the invoices on the list attached hereto as <u>Exhibit A</u>. Because MTI has not provided sufficient documentation with respect to the invoices on the list attached hereto as <u>Exhibit A</u>, $238,819.00 asserted with respect to those invoices should not be included in Claim 16612.

14. <u>Insufficient Documentation</u>. As noted above, MTI has not provided sufficient documentation to allow DAS LLC to match MTI's invoices to DAS LLC's books and records. However, DAS LLC's books and records do reflect that, as of the Petition Date, $55,620.35 was due and owing to MTI. Accordingly, $55,620.35 should be included as part of Claim 16612.

15. After taking into account the above-referenced deductions and additions to Claim 16612, the Debtors reconciled Claim 16612 as illustrated in the following chart:

5

| Claimant's Asserted Amount | | $257,482.41 |
|---|---|---|
| Modifications | Paid Invoices | ($18,663.41) |
| | Invoices With Insufficient Documentation | ($238,819.00) |
| | DAS LLC's Books and Records | $55,620.35[2] |
| Reconciled Amount | | $55,620.35 |

16.     DAS LLC does not dispute the remaining $55,620.35 of Claim 16612 and requests that Claim 16612 be reduced to an unsecured non-priority claim against DAS LLC in an amount not to exceed $55,620.35, subject to (i) MTI's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $13,755.27 of Claim 16612 on the grounds that MTI has a valid reclamation claim in the amount of $13,755.27 and (ii) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid.

Reservation Of Rights

17.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional

---

[2]  As noted above, $55,620.35 is being added back into the amount of the Claim because this is the amount reflected on the Debtors' books and records.

6

legal and factual bases for disallowance, expungement, reduction, or reclassification of the

Claims and (b) the Debtors' right to later identify additional documentation supporting the

disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing Claim 16612 to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $55,620.35, subject to (y) MTI's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $13,755.27 of Claim 16612 on the grounds that MTI has a valid reclamation claim in the amount of $13,755.27 and (z) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession