**Hearing Date:  January 31, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
   In re                                  :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF(S) OF CLAIM NUMBERS 11602 AND 11603 (FREUDENBERG - NOK INC AND
FREUDENBERG - NOK GENERAL PARTNERSHIP)

("STATEMENT OF DISPUTED ISSUES – (FREUDENBERG - NOK INC AND
FREUDENBERG - NOK GENERAL PARTNERSHIP)")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 11602 filed by Freudenberg - NOK Inc. ("FNOK") and Proof Of Claim Numbers 11603 filed by Freudenberg - NOK General Partnership ("FNGP", and together with FNOK, the "Claimants") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On July 26, 2006, FNOK filed proof of claim number 11602 ("Proof of Claim No. 11602") against Delphi.  Proof Of Claim No. 11602 asserts an unsecured non-priority claim in the amount of $2,878.86 and a priority claim in the amount of $1,759.31 for the sale of goods ("Claim No. 11602").

3.      On July 26, 2006, FNGP filed proof of claim number 11603 ("Proof of Claim No. 11603," and together with Proof of Claim 11602, the "Proofs of Claim") against Delphi.  Proof of Claim No. 11603 asserts a secured claim in the amount of $358,851.00, an unsecured non-priority claim in the amount of $60,066.20, and a priority claim in the amount of $80,742.02 for the sale of goods (the "Claim No. 11603," and together with Claim No. 11602, the "Claims").

2

4.      On July 17, 2007, the Debtors objected to Proofs of Claim Nos. 11602 and

11603 pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims,

(B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D)

Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims

Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617)

(the "Nineteenth Omnibus Claims Objection").

5.      On August 9, 2007, FNOK filed the Response Of Freudenberg-NOK, Inc.

To Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not

Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To

Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation,

And Consensually Modified And Reduced Claims (Docket No. 8989) (the "FNOK Response").

6.      On August 9, 2007, FNGP filed the Response Of Freudenberg-NOK

General Partnership To Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims,

(B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D)

Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims

Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8993)

(the "FNGP Response," and together with FNOK Response, the "Responses").

Disputed Issues

A.    Neither DAS LLC Nor Delphi Owes The Claimants The Amounts Asserted In Proofs Of
Claim Nos. 11602 And 11603

7.    The Debtors believe that any liability with respect to the Claims lies with

DAS LLC, not Delphi, and thus the Debtors dispute that Delphi owes any liability to FNOK or

FNGP with respect to the Claims.  Furthermore, DAS LLC has reviewed the information

attached to the Proofs of Claim and the Responses and, for the reasons set forth below, disputes

that it owes the amounts asserted in the Proofs of Claim.

8.    FNOK asserts in Proof of Claim No. 11602 that Delphi owes FNOK a

total of $4,638.17 for goods sold.  DAS LLC has reviewed the information attached to Proof of

Claim No. 11602 and the FNOK Response and disputes that it owes the amount asserted in Proof

of Claim No. 11602.

9.    FNGP asserts in Proof of Claim No. 11603 that Delphi owes FNGP a total

of $499,659.22 for goods sold.  DAS LLC has reviewed the information attached to Proof of

Claim No. 11603 and the FNGP Response and disputes that it owes the amount asserted in Proof

of Claim No. 11603.

10.    Prior to the Petition Date, Delphi implemented advance payment

agreements to numerous vendors to ensure a continuous supply of parts and services.  Here, DAS

LLC made a wire payment on August 31, 2005 in the amount of $1,000,000.00 for amounts

owed on the shipment of goods (the "Prepetition Wire Payment").  In addition, DAS LLC made a

payment in the amount of $332,851.00 on December 7, 2006 pursuant to a tooling agreement

entered into between DAS LLC and FNGP on December 5, 2006 (the "Tooling Agreement

Payment"), which was authorized pursuant to the Order Under 11 U.S.C. §§ 105, 363(b), 546(b),

1107, and 1108 Authorizing Payment of Contractors and Service Providers in Satisfaction of

Liens, entered on October 13, 2005 (Docket No. 199).  The Prepetition Wire Payment was not

accounted for in the Proofs of Claim.  To the extent that DAS LLC still owed amounts after it

applied the Prepetition Wire Payment to the Proofs of Claim, such amounts were resolved by the

Tooling Agreement Payment.  Therefore, based upon DAS LLC's accounts payable records, the

invoices reflected in the Proofs of Claim have been paid.

11.     After taking into account the above-referenced deductions to the Proof of

Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimants' Asserted Amount | | $4,638.17 | FNGP (Proof of Claim No. 11603) |
|---|---|---|---|
| | | $499,659.22 | FNOK (Proof of Claim No. 11602) |
| Modifications | Prepetition Wire Overpayment | ($1,000,000.00) | |
| | Tooling Agreement Payment | ($332,851.00) | |
| Reconciled Amount | | $0.00 | |

12.     Accordingly, each of Proof of Claim No. 11602 and Proof of Claim No.

11603 should be disallowed and expunged in its entirety.

### Reservation Of Rights

13.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to

paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims

(Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions

5

of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of

Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional

legal and factual bases for disallowance, expungement, reduction, or reclassification of the

Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the

disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a)

disallowing and expunging each of Proofs Of Claim Nos. 11602 and 11603 in its entirety, and (b)

granting the Debtors such other and further relief as is just.

Dated: New York, New York
        December 4, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By:      /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr. (JB 4711)
        Albert L. Hogan, III (AH 8807)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -


By:      /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession