**Hearing Date: January 31, 2008**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|     Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 12212
<u>(FLAMBEAU INC.)</u>**

("STATEMENT OF DISPUTED ISSUES – FLAMBEAU INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 12212 filed by Flambeau Inc. ("Flambeau") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 28, 2006, Flambeau filed the proof of claim number 12212 (the "Proof of Claim") against Delphi. The Proof of Claim asserts a secured claim in the amount of $800,348.45 for the sale of goods (the "Claim").

3. On August 24, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

4. On September 18, 2007, Flambeau filed the Response Of Flambeau Inc. To Debtors' Twentieth Omnibus Objection To Claims (Claim #12212) (the "Response").

Disputed Issues

A.     The Claim Is An Unsecured Non-Priority Claim

      5.    Although in the Proof of Claim Flambeau asserted that the Claim is secured, the Response concedes that the Claim should be unsecured.  See Response at 3.  Therefore, the Claim should be deemed an unsecured non-priority claim rather than a secured claim.

B.     Neither Delphi Nor DAS LLC Owe Flambeau The Amount Asserted In The Proof Of Claim

      6.    Flambeau asserts in the Proof of Claim that Delphi owes Flambeau a total of $800,348.45 for goods sold.  First, the Debtors believe that any liability with respect to the Claim lies with DAS LLC, not Delphi, and thus the Debtors dispute that Delphi owes any liability to Flambeau with respect to the Claim.  Second, DAS LLC has reviewed the information attached to the Proof of Claim and the Response and, for the following reasons, disputes that it owes the amount asserted in the Proof of Claim: (a) certain invoices were paid, (b) DAS LLC made a wire payment, (c) there are certain pricing discrepancies between the amounts on Flambeau's invoices and the purchase orders, and (d) Flambeau is not entitled to the full amount of certain retroactive price increases claimed.

      7.    Paid Invoices.  Based upon DAS LLC's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid.  Therefore, $13,618.93 should be subtracted from the amount of the Claim.

      8.    Wire Payments.  During the weeks before the Petition Date, the Debtors implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services.  As such, delays and backlogs developed in the process used to post wire

3

transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System). The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records. Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions. The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time. In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due. Here, the DAS LLC made a wire payment on September 15, 2005 in the amount of $150,000.00 that was not accounted for in the Proof of Claim and thus $150,000.00 should be subtracted from the amount of the Claim.

9.    Purchase Orders Do Not Support Pricing Cited By Flambeau. The price detailed on certain purchase orders is lower than the price detailed on certain of Flambeau's invoices. The purchase orders reflect the contractual pricing. Therefore, $11,204.50 should be subtracted from the amount of the Claim.

10.    Invalid Retro Price Increases. In the Proof of Claim, Flambeau included $138,138.45 of invoices pertaining to retroactive price increases (the "Retro Price Increases") to which DAS LLC and Flambeau allegedly agreed pursuant to a Long Term Contract dated as of March 1, 2005. However, based on the information provided by Flambeau, DAS LLC has only identified $101,956.50 of valid Retro Price Increases, and thus believes that $36,181.95 of the asserted Retro Price Increases are not valid. In addition, DAS LLC asserts that, in the period leading up to the Petition Date, it was paying Flambeau the valid Retro Price Increases, and that,

4

as of the Petition Date, it had paid $78,682.29 of the Retro Price Increases, leaving $23,274.21 of the valid Retro Price Increases unpaid. Accordingly, only $23,274.21 of the Retro Price Increases should be included in the amount of the Claim and $114,864.24 should be subtracted from the amount of the Claim.

11. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Flambeau's Asserted Amount | | $800,348.45 |
|---|---|---|
| Modifications | Paid Invoices | ($13,618.93) |
| | Wire Payment | ($150,000.00) |
| | Pricing Variances | ($11,204.50) |
| | Invalid/Paid Retro Price Increases | ($114,864.24) |
| Reconciled Amount | | $510,660.78 |

12. DAS LLC does not dispute the remaining $510,660.78 of the Claim and requests that the Claim be reduced to an unsecured non-priority claim against DAS LLC in an amount not to exceed $510,660.78.

Reservation Of Rights

13. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions

of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Claim to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $510,660.78 and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

                                  SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     Albert L. Hogan, III (AH 8807)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession