**Hearing Date:  January 31, 2008**
          **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                    Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF CLAIM NUMBER 11462
(VALEO CLIMATE CONTROL CORPORATION)

("STATEMENT OF DISPUTED ISSUES –VALEO CLIMATE CONTROL CORPORATION")

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 11462 filed by Valeo Climate Control Corporation ("Valeo") and respectfully represent as follows:

## Background

1.   On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.   On October 10, 2005, Valeo submitted a demand to the Debtors asserting a reclamation claim in the amount of $649,520.52 arising from the alleged supply of goods prior to the Petition Date (the "Reclamation Demand").

3.   On October 30, 2006, the Debtors and Valeo entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Valeo acknowledge and agree that the valid amount of the Reclamation Demand is $156,725.41 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Valeo's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Denfenses") to the Reclamation Claim are valid.

4.   On July 27, 2006, Valeo filed proof of claim number 11462 (the "Proof of Claim") against DAS LLC, asserting an unsecured non-priority claim in the amount of $506,709.93 for the alleged sale of goods (the "Claim").

2

5. On May 22, 2007, the Debtors objected to the Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

6. On June 18, 2007, Valeo filed the Response Of Valeo Climate Control Corporation In Opposition To Debtors' Objection To Proof Of Claim Number 11462 Included In Debtors' Fifteenth Omnibus Claims Objection (Substantive) (Docket No. 8278) (the "Response").

Disputed Issues

A. DAS LLC Does Not Owe Valeo The Amount Asserted In The Claim

7. Valeo asserts in the Claim that DAS LLC owes Valeo a total of $506,709.93 for the alleged sale of goods. However, DAS LLC has reviewed the information attached to the Proof of Claim and the Response and, for the following reasons, disputes that it owes the amount asserted in the Claim.

8. Wire Payments. During the weeks before the Petition Date, DAS LLC implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services. As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System). The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records. Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers

3

that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions. The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time. In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due. Here, DAS LLC made wire payments to Valeo on August 26, 2005, August 31, 2005, and September 26, 2005. These wire payments covered, among other invoices, $349,984.52 of the invoices reflected in the Proof of Claim. Therefore, $349,984.52 should be subtracted from the amount of the Claim.

9.    After taking into account the above-referenced deductions to the Claim, the Debtors reconciled the Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $506,709.93 |
|---|---|---|
| Modifications | Wire Payments | ($349,984.52) |
| Reconciled Amount | | $156,725.41 |

10.    DAS LLC does not dispute the remaining $156,725.41 of the Claim and requests that the Claim be reduced to an unsecured non-priority claim against DAS LLC in an amount not to exceed $156,725.41, subject to (i) Valeo's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for all $156,752.41 of the Claim on the grounds that Valeo has a valid reclamation claim in the amount of $156,752.41 and (ii) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid.

<u>Reservation Of Rights</u>

11.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Claim to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $156,752.41, subject to (y) Valeo's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for all $156,752.41 of the Claim on the grounds that Valeo has a valid reclamation claim in the amount of $156,752.41 and (z) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

          SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    Albert L. Hogan, III (AH 8807)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession