**Hearing Date: January 31, 2008**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
     In re                                  :       Chapter 11
                                                    :
DELPHI CORPORATION, et al.,         :       Case No. 05-44481 (RDD)
                                                    :
                     Debtors.      :      (Jointly Administered)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM
NUMBER 2433 (AKEBONO CORPORATION)**

("STATEMENT OF DISPUTED ISSUES – AKEBONO CORPORATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 2433 filed by Akebono Corporation ("Akebono") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On March 24, 2006, Akebono filed proof of claim number 2433 (the "Proof of Claim") against DAS LLC.  The Proof of Claim asserts an unsecured non-priority claim in the amount of $231,027.90 arising from the sale of goods (the "Claim").

3.      On May 22, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

4.      On October 15, 2007, Akebono filed its Response of Akebono Corporation to Debtors' Twenty-First Omnibus Claims Objection (Docket No. 10602) (the "Response").

2

Disputed Issues

A.  DAS LLC Does Not Owe Akebono The Amount Asserted In The Proof Of Claim

5. Akebono asserts in the Proof Of Claim that DAS LLC owes it a total of $231,027.90 for goods sold. DAS LLC has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim for the reasons enumerated below.

6. DAS LLC's Purchase Orders Do Not Support Pricing Cited By Akebono. The price detailed on certain purchase orders is lower than the price detailed on certain of Akebono's invoices. The purchase orders reflect the contractual pricing. Therefore, $153,625.97 should be subtracted from the amount of the Proof of Claim.

7. Contractual Discounts Not Included In Proof Of Claim. Akebono neglected to provide contractual discounts on certain invoices associated with the Proof of Claim. The total amount of the discounts not received by DAS LLC is $3,254.63. Therefore, $3,254.63 should be subtracted from the amount of the Proof of Claim.

8. Quantity Overstated. The quantity detailed on certain invoices is higher than the quantity actually received by DAS LLC. Therefore, $24,010.74 should be subtracted from the amount of the Proof of Claim.

9. Supporting Documentation Not Provided. Akebono claimed $72,573.61 in amounts owed based on the sale of goods for which it did not provide supporting documentation. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions, § 2.1. DAS

LLC has no record of receiving the goods asserted in the Proof of Claim. Because Akebono has not provided proofs of delivery with respect to the goods associated with the Proof of Claim, $72,573.61 should not be included in the claim.

10. The above deductions result in a $22,437.05 credit owed to DAS LLC, which was transferred to Ambrake Corporation ("Ambrake"), an affiliate of Akebono.

11. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| <u>Akebono's Amended Asserted Amount</u> | | $231,027.90 |
|---|---|---|
| <u>Modifications</u> | Price Discrepancies | ($153,625.97) |
| | Discounts | ($3,254.63) |
| | Quantity Discrepancies | ($24,010.74) |
| | Proofs of Delivery Needed | ($72,573.61) |
| | Credit Transfer to Ambrake | $22,437.05 |
| <u>Reconciled Amount</u> | | $0 |

12. Accordingly, the Proof of Claim should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

13. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims

4

(Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      Albert L. Hogan, III (AH 8807)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession