**Hearing Date:  January 31, 2008**
                **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

## DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 14109 (KENSA LLC)

("STATEMENT OF DISPUTED ISSUES – KENSA LLC")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 14109 filed by KenSa LLC ("KenSa") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, KenSa filed proof of claim number 14109 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $165,738.24 for the sale of goods (the "Claim").

3. On September 21, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim; (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books and Records, (E) Untimely Claims, And (F) Claims Subject to Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

4. On October 18, 2007, KenSa filed its Response Of KenSa LLC To Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims; (B) Untimely Equity Claim; (C)

Insufficiently Documented Claims; (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject to Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 10645) (the "Response").

Disputed Issues

A.  <u>DAS LLC Does Not Owe KenSa The Amount Asserted In The Proof Of Claim</u>

       5.    KenSa asserts in the Proof of Claim that DAS LLC owes Claimant a total of $165,738.24 for goods sold.  DAS LLC has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim for the following reasons: (a) KenSa provided no proof in support of a cancellation claim it asserted and (b) DAS LLC returned certain material charged in the Proof of Claim.

       6.    <u>No Record Of Cancellation Claim</u>.  KenSa claimed $60,238.09 in amounts owed based on a cancellation claim, but has not provided proof to support this claim.  DAS LLC does not have a record of the cancellation claim associated with Invoice No. M39123, and therefore the $60,238.09 asserted with respect to Invoice No. M39123 should not be included in the Proof of Claim.

       7.    <u>Returned Material</u>.  The Proof of Claim includes invoices for defective materials that have been returned by DAS LLC in the ordinary course of business.  Therefore, $49,532.64 should be subtracted from the amount claimed.

       8.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $165,738.24 |
|---|---|---|
| Modifications | No Record of Cancellation Claim | ($60,238.09) |
| | Returned Materials | ($49,532.64) |
| Reconciled Amount | | $55,967.51 |

9.   DAS LLC does not dispute the remaining $55,967.51 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $55,967.51.

Reservation Of Rights

10.   This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $55,967.51 and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
         December 4, 2007

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:     /s/ John Wm. Butler, Jr.
         John Wm. Butler, Jr. (JB 4711)
         Albert L. Hogan, III (AH 8807)
         John K. Lyons (JL 4951)
         Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:     /s/ Kayalyn A. Marafioti
         Kayalyn A. Marafioti (KM 9632)
         Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

5