**Hearing Date: January 31, 2008**
                                           **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                               :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
                                            :
                     Debtors.     :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 10770 (INTESYS TECHNOLOGIES, INC.)

("STATEMENT OF DISPUTED ISSUES – INTESYS TECHNOLOGIES, INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 10770 filed by InteSys Technologies, Inc. ("InteSys") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On July 25, 2006, InteSys filed proof of claim number 10770 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $511,037.71 for the sale of goods (the "Claim").

3.      On May 22, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

4.      On June 12, 2007, InteSys filed its Response Of InteSys Technologies, Inc. To Debtors' Objection To Claim No. 10770 (Docket No. 8224) (the "Response").

Disputed Issues

A.    Delphi Does Not Owe InteSys The Amount Asserted In The Proof Of Claim

5.    InteSys asserts in the Proof of Claim that Delphi owes InteSys a total of $511,037.71 for goods sold.  Delphi has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

6.    InteSys Failed To Provide Proofs Of Delivery.  InteSys claimed $399,613.88 in amounts owed based on the sale of goods for which it did not provide a proofs of deliveries.  Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  See General Terms And Conditions, § 2.1.  Delphi has no record of receiving the goods associated with Purchase Order Nos. 550036552, 550037922, P3220080, and P3220125.  Because InteSys has not provided  proofs of delivery with respect to the goods associated with Purchase Order Nos. 550036552, 550037922, P3220080, and P3220125, $399,613.88 asserted with respect to Purchase Order Nos. 550036552, 550037922, P3220080, and P3220125, should not be included in the claim.

7.    Delphi Has Already Paid Certain Invoices.  Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid.  Therefore, $156,790.72 should be subtracted from the amount claimed.

8.    Credits Added Back To The Proof Of Claim.  Upon further examination of its books and records, Delphi determined that a total credit in the amount of $45,366.89 should be added back to the claim with respect to invoice numbers 81399, 81400, 81400, 814001, 814002, and 84101.

9. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| InteSys' Asserted Amount | | $511,037.71 |
|---|---|---|
| Modifications | Invoices Without Proof of Delivery | $399,613.88 |
| | Invoices Previously Paid | $156,790.72 |
| | Credits Applied | (45,366.89) |
| Reconciled Amount | | $0 |

10. Accordingly, the Proof of Claim should be disallowed and expunged in its entirety.

## Reservation Of Rights

11. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 4, 2007

          SKADDEN, ARPS, SLATE, MEAGHER
               & FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     Albert L. Hogan, III (AH 8807)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession