**Hearing Date:  January 31, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
        In re                                       :          Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :          Case No. 05-44481 (RDD)
                                                    :
                            Debtors.                :          (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 12667 (CONTRARIAN FUNDS, LLC AS ASSIGNEE
OF CEP PRODUCTS LLC F/K/A CARLISLE ENGINEERED PRODUCTS)

("STATEMENT OF DISPUTED ISSUES – CONTRARIAN FUNDS, LLC AS ASSIGNEE
OF CEP PRODUCTS LLC F/K/A CARLISLE ENGINEERED PRODUCTS ")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof of Claim Number 12667 (the "Proof of Claim") filed by Contrarian Funds, LLC as assignee of CEP Products LLC f/k/a Carlisle Engineered Products ("Contrarian") and respectfully represent as follows:

<u>Background</u>

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On  July 28, 2006, Contrarian filed the Proof of Claim against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $3,585,701.25 based on the sale of goods and tooling invoices (the "Claim").

3.      On July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

4.      On August 9, 2007, Contrarian filed its Response Of Contrarian Funds, LLC To Debtors' Nineteenth Omnibus Claims Objections (Docket No. 8953).

2

<u>Disputed Issues</u>

A.    <u>DAS LLC Does Not Owe Contrarian The Amount Asserted In The Proof Of Claim</u>

5.    Contrarian asserts in the Proof of Claim that DAS LLC owes Contrarian a total of $3,585,701.25 for goods sold and tooling advances.  DAS LLC has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim for the following reasons: (a) certain invoices have been paid, (b) purchase orders issued by DAS LLC do not match invoice pricing cited by Contrarian in the Proof of Claim, (c) Contrarian has not provided proofs of deliveries or purchase orders for certain asserted amounts, (d) Contrarian has included duplicate tooling invoices, (e) certain postpetition cost recoveries are due to the Debtors, and (f) certain invoices overstate the amount of goods actually received by the Debtors.

6.    <u>Paid Invoices</u>.  Based upon DAS LLC's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid.  Therefore, $213,920.87 should be subtracted from the amount claimed.

7.    <u>Purchase Orders Do Not Support Pricing Cited By Contrarian</u>.  The price detailed on certain purchase orders is lower than the price detailed on certain of the Contrarian's invoices.  The purchase orders reflect the contractual pricing.  Therefore, $37,688.02 should be subtracted from the amount of the Proof of Claim.

8.    <u>Proofs of Delivery/Purchase Orders Not Provided</u>.  Contrarian claimed $206,120.38 in amounts owed based on the sale of goods for which it did not provide a proof of delivery.  Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect

3

to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions, § 2.1.  DAS LLC has

no record of receiving the goods asserted in the Proof of Claim.  In addition, Contrarian claimed

$260,700.00 for tooling costs.  Contrarian has not provided information as to the purchase order

authorizing these charges.  The Debtors have requested additional information from Contrarian

but have not yet received any documentation in support of these portions of the Claim.

Therefore $466,820.38 should be subtracted from in the claim because it has not been

sufficiently documented.

        9.     <u>Duplicate Tooling Invoices</u>.  Contrarian also included duplicative tooling

invoices in the Claim.  The total of these duplicate invoices is $137,900.00.  This amount should

be subtracted from the amount claimed.

        10.     <u>Certain Cost Recoveries Are Due To DAS LLC</u>.  The Claim must also be

reduced to account for certain prepetition cost recoveries due to DAS LLC.  In June 2005, DAS

LLC issued a cost recovery for unauthorized sorting charges that were passed on to DAS LLC.

In October 2005, DAS LLC issued a cost recovery for $11,160.19 due to defective product

supplied by the supplier who transferred the Claim to Contrarian.  The Claim should be reduced

by a total of $16,107.79 due to these cost recoveries.

        11.     <u>Invoices Include Goods Not Received By DAS LLC</u>.  Finally, the Proof of

Claim includes invoices that charge DAS LLC for a greater quantity of goods than were actually

received.  Therefore, $30,817.05 should be subtracted from the amount claimed.

        12.     After taking into account the above-referenced deductions to the Proof of

Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

4

| Claimant's Asserted Amount | | $3,585,701.25 |
|---|---|---|
| Modifications | Paid Invoices | ($213,920.87) |
| | Price Discrepancies | ($37,688.02) |
| | Need Proofs of Delivery and/or Purchase Orders | ($466,820.38) |
| | Duplicate Tooling Invoices | ($137,900.00) |
| | Cost Recoveries Due To DAS LLC | ($16,107.79) |
| | Quantity Differences | ($30,817.05) |
| Reconciled Amount | | $2,682,447.14 |

13.      DAS LLC does not dispute the remaining $2,682,447.14 of the Claim.
As such, the Proof of Claim should be reduced to the maximum amount of $2,682.447.14 as a
general unsecured non-priority claim against DAS LLC.

<u>Reservation Of Rights</u>

14.      This Statement Of Disputed Issues is submitted by the Debtors pursuant to
paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),
3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding
Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims
(Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions
of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of
Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional
legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim

5

and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to the amount of $2,682,447.14 as a general unsecured non-priority claim against the estate of DAS LLC, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 4, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
     Albert L. Hogan, III (AH 8807)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

6