GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York  10022
(212) 813-8800
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)

       - and -

GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
(617) 570-1330
Gina Lynn Martin (GM 1324)

Attorneys for Caspian Capital Advisors, LLC;
Castlerigg Master Investments Ltd.;
CR Intrinsic Investors, LLC; Davidson
Kempner Capital Management LLC; Elliott
Associates, L.P.; Nomura Corporate Research
& Asset Management, Inc; Sailfish Capital Partners,
LLC; and Whitebox Advisors, LLC


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                          :        Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :        Case No. 05-44481 (RDD)
                                                :
                            Debtors.            :        (Jointly Administered)
-------------------------------------------------------------x

## NOTICE OF FILING OF
## PROOF OF SERVICE OF WITNESS SUBPOENA

NOTICE IS HEREBY GIVEN of the filing of the attached proof of service of a subpoena

for David A. Tepper to testify at the December 6, 2007 hearing on the *Expedited Motion for*

*Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) Authorizing and Approving*

*Amendment to Delphi-Appaloosa Equity Purchase and Commitment Agreement* and the *Motion*

*for Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Proce-*

*dures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation*

*of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on*

*Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpeti-*

*tion Interest, and (VIII) Reclamation Claim Procedures.*

Respectfully submitted,

Dated: December 5, 2007                     GOODWIN PROCTER LLP

By: /s/ Allan S. Brilliant
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

- and –

GOODWIN PROCTER LLP
Gina Lynn Martin (GM 1324)
Exchange Place
Boston, Massachusetts 02109
(617) 570-1330

Attorneys for Caspian Capital Advisors,
LLC; Castlerigg Master Investments Ltd.;
CR Intrinsic Investors, LLC; Davidson
Kempner Capital Management LLC; Elliott
Associates, L.P.; Nomura Corporate
Research & Asset Management, Inc;
Sailfish Capital Partners, LLC; and
Whitebox Advisors, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                          :      Chapter 11

                                                :

DELPHI CORPORATION, et al.,                     :      Case No. 05-44481 (RDD)

                                                :

                               Debtors.         :      (Jointly Administered)

                                                :

                                                :

                                                :

                                                :

                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - x

### SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

To:    David A. Tepper
       Appaloosa Management L.P.
       26 Main Street, First Floor
       Chatham, NJ 07928

☒ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>United States Bankruptcy Court<br>One Bowling Green<br>New York, New York 10004 | COURTROOM<br>Courtroom 610 |
|---|---|
| | DATE AND TIME<br>~~November 29, 2007~~<br>10:00 a.m. *Dec. 6, 2007* |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorney for Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC | DATE<br><br>November 28, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Allan S. Brilliant
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

## PROOF OF SERVICE

| Date: | 11/28/07 | Place: | 26 Main Street<br>Chatham, New Jersey 07928 |
|---|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| David A. Tepper | Personal delivery to Mr. Tepper |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Moustakas | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 11/29/07
Date

SIGNATURE OF SERVER

901 New York Ave, N.W
ADDRESS OF SERVER

Washington, DC 20001

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).