GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)

    - and -

GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
(617) 570-1000
Gina Lynn Martin (GM 1324)


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| : | |
| DELPHI CORPORATION, et al., : | Case No. 05-44481 (RDD) |
| : | |
| Debtors. : | (Jointly Administered) |
| : | |

-----------------------------------------------------------------x

**SIXTH AMENDED VERIFIED STATEMENT PURSUANT TO**
**BANKRUPTCY RULE 2019 OF GOODWIN PROCTER LLP**

    ALLAN S. BRILLIANT verifies as follows:

    1.    I am an attorney and a member of the law firm of Goodwin Procter LLP ("Goodwin"). I am admitted to practice before the State Courts of the State of New York and the State of Illinois, as well as, inter alia, the United States District Courts for the Southern District of New York and the Northern District of Illinois. On behalf of Goodwin, I hereby submit this sixth amended verified statement (the "Sixth Amended Statement") pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), as legal counsel in these chapter 11 cases for multiple parties as set forth herein.

2.       Goodwin previously filed its verified statement (the "Original Verified Statement") pursuant to Bankruptcy Rule 2019, dated October 24, 2005.  After filing the Original Verified Statement, Goodwin filed a Notice of Amendment to Annex A to Verified Statement pursuant to Bankruptcy Rule 2019 of Goodwin Procter LLP, dated October 26, 2005.  Goodwin subsequently filed its first amended verified statement (the "First Amended Statement") pursuant to Bankruptcy Rule 2019, dated January 4, 2006, a second amended verified statement on or about October 16, 2007 (the "Second Amended Statement"), a third amended verified statement on or about November 2, 2007 (the "Third Amended Statement"), a fourth amended verified statement on or about November 12, 2007 (the "Fourth Amended Statement"), and a fifth amended verified statement on or about November 21, 2007 (the "Fifth Amended Statement").

3.       Goodwin files this Sixth Amended Statement to disclose changes in its engagement as legal counsel.  As of the date hereof, Goodwin is engaged as legal counsel by each of the individual entities listed on Schedule A hereto or one or more of their affiliates or funds and accounts directly managed by each of the foregoing (each, a "Client").  Goodwin has been engaged as legal counsel individually and directly by each Client solely in its individual capacity and solely in connection with each Client's claims against the Debtors arising from the following notes (collectively, the "Senior Notes") issued pursuant to that certain indenture for the debt securities between Delphi Corporation and the First National Bank of Chicago, as indenture trustee, dated as of April 28, 1999:  (a) 6.55% Notes due 2006; (b) 6.5% Notes due 2009; (c) 6.5% Notes due 2013; and (d) 7.125% Notes due 2029.

4.  As of the date hereof, Goodwin, the entity that is filing this Sixth Amended Statement, is not aware of any claim it holds against the Debtors.[1]

5.  Goodwin has been engaged by each Client solely as legal counsel and not as attorney-in-fact, and Goodwin's engagement as legal counsel is limited to each such Client's individual interests in the Senior Notes. Neither Goodwin nor any of its Clients represents any other holder of Senior Notes or holder of other claims against or interests in the Debtors, nor have its Clients formed a committee to represent the interests of any party. Accordingly, Goodwin submits that it is not required to make the disclosures herein and files this Sixth Amended Statement solely out of an abundance of caution and to aid the Court and parties in interest. In addition, while not required by Bankruptcy Rule 2019, Goodwin voluntarily discloses that it has been advised by the Clients that, as of on or about November 12, 2007, the Clients in the aggregate own, hold, or beneficially own or hold Senior Notes in the outstanding principal amount of not less than $601 million.[2] It is Goodwin's understanding that such claims were acquired by its Clients at various points in time. In addition to the Senior Notes, certain of Goodwin's Clients may hold other securities of, or claims against, one or more of the Debtors, which are not the subject of Goodwin's engagement.

6.  Each Client individually engaged Goodwin to serve as its legal counsel with regard to its common interest in (a) pursuing its claims arising under the Notes and (b) sharing legal fees and costs with respect to the foregoing.

---

[1] Goodwin may at some future time seek to have its fees and disbursements in connection with its representation of the parties set forth herein paid by the Debtors' estates pursuant to any applicable agreement or the Bankruptcy Code.

[2] This amount does not include $28,000,000.00 of Senior Notes held as of that date by S.A.C. Capital Associates, LLC ("S.A.C."), and $14,500,000 of Senior Notes held as of that date by Canvas Capital Associates, LLC ("Canvas"), affiliates of CR Intrinsic Investors, LLC, one of Goodwin's clients. Neither S.A.C. nor Canvas has engaged Goodwin in connection with these cases.

3

7.      As disclosed in the Original Verified Statement, the First Amended Statement and the Second Amended Statement, Goodwin had in the past been engaged as legal counsel in connection with these chapter 11 cases by certain other individual parties, individually and not as part of any group, each in matters unrelated to Goodwin's other engagements in these chapter 11 cases.  As disclosed in the Third Amended Statement, Goodwin had in the past been engaged as legal counsel in connection with these chapter 11 cases by one other individual party, individually and not as part of any group.  Each of these other engagements has previously terminated.

8.      Goodwin reserves the right to modify, revise and supplement this Sixth Amended Statement to reflect any changes hereto.

9.      The undersigned verifies under penalty of perjury that this Sixth Amended Statement is true and correct to the best of his knowledge and belief.

Dated:  New York, New York
        December 5, 2007

GOODWIN PROCTER LLP

By:  /s/ Allan S. Brilliant
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)
599 Lexington Avenue
New York, New York  10022
(212) 813-8800

    - and -

GOODWIN PROCTER LLP
Gina Lynn Martin (GM 1324)
Exchange Place
Boston, Massachusetts  02109
(617) 570-1000

Schedule A

| |
|---|
| Caspian Capital Advisors, LLC<br>500 Mamaroneck Avenue<br>Suite 101<br>Harrison, NY 10528 |
| Castlerigg Master Investments Ltd.<br>40 West 57th Street, 26th Floor<br>New York, NY 10019 |
| CR Intrinsic Investors, LLC<br>72 Cummings Point Road<br>Stamford, CT 06902 |
| Davidson Kempner Capital Management LLC<br>65 E. 55th Street<br>New York, NY 10022 |
| Elliott Associates, L.P.<br>712 Fifth Avenue<br>New York, NY 10019 |
| Everest Capital Limited<br>The Bank of Butterfield Building<br>65 Front Street, 6th Floor<br>Hamilton, HM12<br>Bermuda |
| Nomura Corporate Research & Asset Management, Inc.<br>2 World Financial Center<br>New York, NY 12081 |
| Northeast Investors Trust<br>150 Federal Street, Suite 1000<br>Boston, MA 02110 |
| Sailfish Capital Partners, LLC<br>225 High Ridge Road<br>Stamford, CT 06905 |
| SPCP Group, LLC<br>Two Greenwich Plaza, 1st Floor<br>Greenwich, CT 06830 |
| Whitebox Advisors, LLC<br>3033 Excelsior Blvd., Suite 300<br>Minneapolis, MN 55416 |