**Hearing Date:  January 31, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
          In re                                                   :          Chapter 11
                                                                  :
DELPHI CORPORATION, et al.,                                       :          Case No. 05-44481 (RDD)
                                                                  :
                         Debtors.         :          (Jointly Administered)
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF CLAIM NUMBER 10380
(CONTRARIAN FUNDS, LLC AS ASSIGNEE OF MEAD WESTVACO CORPORATION)

("STATEMENT OF DISPUTED ISSUES –
CONTRARIAN FUNDS AS ASSIGNEE OF MEAD WESTVACO CORPORATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 10380 filed by Contrarian Funds, LLC as assignee of Mead Westvaco Corporation ("Contrarian") and respectfully represent as follows:

<u>Background</u>

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On October 9, 2005, Mead Westvaco Corporation ("Mead") submitted a demand to the Debtors asserting a reclamation claim in the amount of $578,146.23 (the "Reclamation Demand").

3.      On June 16, 2006, the Debtors and Mead entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Mead acknowledge and agree that the valid amount of the Reclamation Demand is $28,965.90 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Mead's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

4.      On July 24, 2006, Contrarian, as assignee of Mead, filed proof of claim number 10380 (the "Proof of Claim") against DAS LLC.  The Proof of Claim asserts an unsecured non-priority claim in the amount of $1,487,077.20 based on the sale of goods (the "Claim").

5.      On September 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

6.      On October 17, 2007, Mead filed its Response Of MeadWestvaco Corporation, As Transferor Of Claim No. 10380 To Contrarian Funds, LLC, To The Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Oor Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 10631) (the "Response").

<u>Disputed Issues</u>

A.      <u>DAS LLC Does Not Owe Contrarian The Amount Asserted In The Proof Of Claim</u>

7.      Contrarian asserts in the Proof of Claim that DAS LLC owes Contrarian a total of $1,487,077.20 for goods sold.  DAS LLC has reviewed the information attached to the

Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

8.    <u>Advance Payment</u>.  During the weeks before the Petition Date, Delphi implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services.  As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System).  The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records.  Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions.  The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time.  In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due.  Here, the Debtors made a wire payment on October 7, 2005 in the amount of $490,000.00 that was not accounted for in the Proof of Claim.

9.    <u>Failure To Provide Proof Of Delivery</u>.  In addition, Contrarian included amounts owed based on the sale of goods for which it did not provide proofs of delivery. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  See General Terms And Conditions, § 2.1.  DAS LLC has no record of receiving the goods associated with Invoice No. 92549996.  Because Contrarian has not provided these proofs of delivery with respect to the goods associated with Invoice No.

4

92549996, the amounts asserted with respect to Invoice No. 92549996 should not be included in the claim.

        10.    <u>Rebate Improperly Claimed</u>.  Finally, prior to the Petition Date, Mead owed DAS LLC a rebate.  Mead included the amount of the rebate in its claim as a claim secured by setoff.  Not only should this amount not have been included in the claim, but the claim should be reduced by the amount of the rebate.

        11.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

        12.    DAS LLC does not dispute $954,045.60 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DAS LLC in the amount not to exceed $954,045.60 subject to (i) Contrarian's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $28,965.90 of the Claim on the grounds that Mead has a valid reclamation claim in the amount of $28,965.90 and, (ii) the Debtors' the right to seek, at any time and notwithstanding Mead's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

Reservation Of Rights

        13.    This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions

5

of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of

Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional

legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim

and (b) the Debtors' right to later identify additional documentation supporting the disallowance,

expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $954,045.60 subject to (i) Contrarian's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $28,965.90 of the Claim on the grounds that Mead has a valid reclamation claim in the amount of $28,965.90 and (ii) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      December 5, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By:    /s/ John Wm. Butler, Jr.    
      John Wm. Butler, Jr. (JB 4711)
      Albert L. Hogan, III (AH 8807)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:    /s/ Kayalyn A. Marafioti    
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

7