| | |
|---|---|
| GOODWIN PROCTER LLP<br>599 Lexington Avenue<br>New York, New York  10022<br>(212) 813-8800<br>Allan S. Brilliant (AB 8455)<br>Craig P. Druehl (CD 2657)<br>Meagan E. Costello (MC 0962) | Hearing Date:  December 6, 2007 at 10:00 a.m.<br>Objection Deadline:  December 5, 2007 at 4:00 p.m. |

- and -

GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
(617) 570-1330
Gina Lynn Martin (GM 1324)

Attorneys for Caspian Capital Advisors,
LLC; Castlerigg Master Investments Ltd.;
CR Intrinsic Investors, LLC; Davidson
Kempner Capital Management LLC; Elliott
Associates, L.P.; Everest Capital Limited;
Nomura Corporate Research & Asset
Management, Inc; Northeast Investors Trust;
Sailfish Capital Partners, LLC; and Whitebox
Advisors, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**SECOND SUPPLEMENTAL OBJECTION OF CASPIAN CAPITAL ADVISORS, LLC;
CASTLERIGG MASTER INVESTMENTS LTD.; CR INTRINSIC INVESTORS, LLC;
DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES,
L.P.; EVEREST CAPITAL LIMITED; NOMURA CORPORATE RESEARCH & ASSET
MANAGEMENT, INC.; NORTHEAST INVESTORS TRUST; SAILFISH CAPITAL
PARTNERS, LLC; AND WHITEBOX ADVISORS, LLC TO EXPEDITED MOTION
FOR ORDER UNDER 11 U.S.C. §§105(a), 363(b), 503(b) and 507(a) AUTHORIZING
AND APPROVING AMENDMENT TO DELPHI-APPALOOSA EQUITY PURCHASE
<u>AND COMMITMENT AGREEMENT</u>**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

     Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Everest Capital Limited; Nomura Corporate Research & Asset Management, Inc; Northeast Investors Trust; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC or any respective affiliates thereof or funds and accounts directly managed by each of the foregoing (each, a "Creditor"), each in their individual capacity as a creditor of Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the "Debtors"), by and through their counsel, Goodwin Procter LLP, as and for this second supplemental objection (this "Second Supplemental Objection") to the expedited motion, of the above-captioned debtors and debtors in possession (the "Debtors") for an order under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) authorizing and approving amendment to Delphi-Appaloosa Equity Purchase and Commitment Agreement [Docket No. 10760] (the "Amended EPCA Motion"), respectfully states as follows:

**OBJECTION**

     1.    For all the reasons set forth in the Supplemental and Restated Objection of Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc.; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC to Expedited Motion for Order under 11 U.S.C. §§105(A), 363(B), 503(B) and 507(A) Authorizing And Approving Amendment To Delphi-Appaloosa Equity Purchase And Commitment Agreement [Docket No. 11036] (the "Supplemental and Restated Objection"),

which is hereby incorporated by reference, each Creditor[1] objects to the Second Restated First Amendment to the Equity Purchase and Commitment Agreement filed by the Debtors on December 3, 2007 (the "Second Restated Amendment").

2. As with the Restated First Amendment to the Equity Purchase and Commitment Agreement filed by the Debtors on November 14, 2007 (the "First Restated Amendment"), the Debtors have not satisfied the requirements of 11 U.S.C. § 363 with regard to the Second Restated Amendment. The Second Restated Amendment represents only a marginal improvement, if any, over the First Restated Amendment. The Series A Senior Convertible Preferred Stock (the "Series A Preferred") sold to the Plan Investors under the Second Restated Amendment will be purchased at a 29.2% discount to Plan Equity Value, as compared to the 37.8% discount under the First Restated Amendment.[2] However, most if not all of the reduction in discount is offset by (i) an increase in the annual rate of the dividends and distributions on the Series A Preferred from 6.5% to 7.5% of the Liquidation Value thereof and (ii) an increase in the mandatory conversion price from $81.63 to $85.00 per share, which effectively increases the option value of the Series A Preferred. Further, the discount on the Series B Senior Convertible Preferred Stock sold to the Plan Investors under the Second Restated Amendment was reduced by only 3% (from 31.6% under the First Restated Amendment to 28.6% under the Second Restated Amendment), which amount is still twice the discount (14.3%) the Plan Investors were to receive under even the original Delphi-Appaloosa EPCA as approved by this Court on August 2, 2007.

---

[1] Everest Capital Limited and Northeast Investors Trust hereby join in and adopt the Supplemental and Restated Objection as if they were originally parties thereto.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Amended EPCA Motion.

3.      The Debtors still have not opened up the process to any competing alternative bid and remain at the mercy of the Plan Investors – as indicated by the continued inclusion of the cash interest rate cap to which the Creditors' Committee objects.  Thus, there is no good business reason to approve the proposed transaction, and approval of the Second Restated Amendment is not consistent with the best interests of the Debtors' estates.

4.      Moreover, the Second Restated Amendment continues to dictate the terms of an unconfirmable plan in which subordinated claims held by the Plan Investors and equity holders receive significant value when senior creditors still do not receive full payment, among other objectionable provisions.  The *de minimis* changes to the TOPrS claims and the MDL claims do not solve these issues, nor are the classification and other confirmation defects cured.

5.      Finally, although the two official committees now support the motion, the motion continues to be opposed by holders of claims, including the Creditors, the Ad Hoc Trade Committee, and other significant bond and trade creditors, which in the aggregate may be sufficient to block confirmation of the Plan.

6.      For these reasons, as well as for substantially the same reasons stated in the Supplemental and Restated Objection, the Second Restated Amendment cannot be approved.[3]

### WAIVER OF MEMORANDUM OF LAW

7.      Because this Second Supplemental Objection presents no novel issues of law and the authorities relied upon are set forth herein, each Creditor respectfully requests that the Court

---

[3] In addition to its intent to prosecute the Supplemental and Restated Objection as incorporated herein, each Creditor hereby expressly reserves all rights to raise any and all objections concerning the Second Restated Amendment and any subsequent amendment thereof or to the Delphi-Appaloosa EPCA, whether or not raised herein, including but not limited to the right to supplement this Second Supplemental Objection, at or before any other date on which objections relating to the Amended EPCA Motion and the Second Restated Amendment will be heard.

4

waive the requirement of filing a separate memorandum of law in support of this Second Supplemental Objection pursuant to L.B.R. 9013-1(b).

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, each Creditor respectfully requests that this Court (a) deny approval of the Amended EPCA Motion and Second Restated Amendment and (b) grant such other relief as the Court deems just and proper.

Dated: New York, New York
December 5, 2007

GOODWIN PROCTER LLP

By: /s/ Allan S. Brilliant
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

- and -

GOODWIN PROCTER LLP
Gina Lynn Martin (GM 1324)
Exchange Place
Boston, Massachusetts 02109
(617) 570-1330

Attorneys for Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Everest Capital Limited; Nomura Corporate Research & Asset Management, Inc; Northeast Investors Trust; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC