GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York  10022
(212) 813-8800
Allan S. Brilliant (AB 8455)
Craig P. Druehl (CD 2657)
Meagan E. Costello (MC 0962)

        - and -

GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
(617) 570-1330
Gina Lynn Martin (GM 1324)

Attorneys for Caspian Capital Advisors,
LLC; Castlerigg Master Investments Ltd.;
CR Intrinsic Investors, LLC; Davidson
Kempner Capital Management LLC; Elliott
Associates, L.P.; Everest Capital Limited;
Nomura Corporate Research & Asset
Management, Inc; Northeast Investors Trust;
Sailfish Capital Partners, LLC; and Whitebox
Advisors, LLC

Hearing Date:  December 6, 2007 at 10:00 a.m.
Objection Deadline:  December 5, 2007 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              :        Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :        Case No. 05-44481 (RDD)
                                                    :
                              Debtors.              :        (Jointly Administered)
---------------------------------------------------------x

**SECOND SUPPLEMENTAL OBJECTION OF CASPIAN CAPITAL ADVISORS, LLC; CASTLERIGG MASTER INVESTMENTS LTD.; CR INTRINSIC INVESTORS, LLC; DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; EVEREST CAPITAL LIMITED; NOMURA CORPORATE RESEARCH & ASSET MANAGEMENT, INC.; NORTHEAST INVESTORS TRUST; SAILFISH CAPITAL PARTNERS, LLC; AND WHITEBOX ADVISORS, LLC TO MOTION TO APPROVE (A) PROPOSED DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION, AND (B) MOTION FOR ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) RECORD DATE, VOTING DEADLINE, AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS, (III) HEARING DATE TO CONSIDER CONFIRMATION OF PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) SOLICITATION PROCEDURES FOR VOTING ON PLAN, (VI) CURE CLAIM PROCEDURES, (VII) PROCEDURES FOR RESOLVING DISPUTES RELATING TO POSTPETITION INTEREST, AND (VIII) RECLAMATION CLAIM PROCEDURES**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Everest Capital Limited; Nomura Corporate Research & Asset Management, Inc; Northeast Investors Trust; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC or any respective affiliates thereof or funds and accounts directly managed by each of the foregoing (each, a "Creditor"), each in their individual capacity as a Creditor of Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the "Debtors"), by and through their counsel, Goodwin Procter LLP, as and for this second supplemental objection (this "Second Supplemental Objection") to the Disclosure Statement with Respect to the Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession [Docket No. 9264], and the Motion For Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures [Docket No. 9266] (the "Disclosure Statement Motion") respectfully states as follows:

## OBJECTION

1.      As stated in the Supplemental and Restated Objection of Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc.; Sailfish Capital Partners, LLC; and Whitebox Advisors, LLC to Motion

to Approve (A) Proposed Disclosure Statement with Respect to Joint Plan of Reorganization of

Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, and (B) Motion

for Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and

Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider

Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures

for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes

Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures [Docket No. 11045]

(the "Supplemental and Restated Objection"), which is hereby incorporated by reference,[1] the

Disclosure Statement should not be approved because the Plan contains a patently

nonconfirmable classification scheme that (i) classifies dissimilar claims in the same class in

violation of Section 1122(a) of the Bankruptcy Code and (ii) provides different treatment to

claims classified together within a single class in violation of Section 1123(a)(4) of the

Bankruptcy Code.[2]

2.      Additionally, as discussed in the Supplemental and Restated Objection, the Plan

cannot be confirmed because (i) it does not enforce the subordination agreement between the

Senior Notes and TOPrS thereby violating Section 510(a) of the Bankruptcy Code; and (ii) it is

premised on an impermissible "deemed consolidation" for voting and distribution purposes only,

and the Debtors will be unable to meet their burden of proof for substantive consolidation.  None

of these issues have been addressed by the most recent amendment to the Disclosure Statement

filed by the Debtors on December 3, 2007.

---

[1]     Everest Capital Limited and Northeast Investors Trust hereby join in and adopt the Supplemental and Restated
Objection as if they were originally parties thereto.

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Disclosure
Statement.

3.      Although the Debtors have attempted to provide more fulsome disclosure

regarding several aspects of the Plan, the information in the current proposed Disclosure

Statement remains wholly inadequate to enable creditors to make an informed judgment about

the Plan as required by 11 U.S.C. § 1125.  Each Creditor continues to object to the revised

Disclosure Statement for substantially the same reasons noted in the Supplemental and Restated

Objection, including (i) the lack of fair and adequate disclosure on the implications of the value

of the New Common Stock and the range of recoveries afforded to General Unsecured Creditors

under the Plan; (ii) the lack of adequate information contained in the valuation analysis; (iii) the

lack of disclosure on the economic interests and involvement of the Plan Investors and GM in

"negotiating" the Plan; (iv) the lack of adequate disclosure on the Plan's Proposed treatment of

intercreditor rights; (v) the lack of adequate information on the potential impact to creditors of

the Debtors' present lack of committed exit financing; (vi) the lack of disclosure regarding

substantive consolidation; the lack of disclosure on the GM claim; (vii) the lack of adequate

information on releases under the Plan; and (viii) the lack of adequate information on the MDL

Settlements.

4.      Each Creditor hereby expressly reserves all rights to raise any and all objections

concerning the Disclosure Statement and any subsequent amendments thereto, whether or not

raised herein, including but not limited to the right to supplement this Second Supplemental

Objection, at or before any other date on which objections relating to the Disclosure Statement

Motion will be heard.  Additionally, each Creditor expressly reserves its rights to object to

certain terms of the proposed order approving the Motion and the Disclosure Statement and

solicitation procedures at the hearing to consider the Disclosure Statement, including without

limitation regarding the proposed scheduling of new dates and deadlines in connection with

4

confirmation, as well as any changes to the Plan or Disclosure statement provided to each Creditor after the date of this Objection.

5.      Further, each Creditor expressly reserves its rights to oppose confirmation of the Plan or any subsequent plan of reorganization proposed on these Cases on any grounds, including issues not expressly raised herein.

## WAIVER OF MEMORANDUM OF LAW

70.      Because this objection presents no novel issues of law and the authorities relied upon are set forth herein, each Creditor respectfully (i) requests that the Court waive the requirement of filing a separate memorandum of law in support of this Objection pursuant to L.B.R. 9013-1(b), and (ii) reserves its right to file a brief in reply to any response to this Objection.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, each Creditor respectfully requests that this Court (a) either (1) deny approval of the Disclosure Statement and the Motion or (2) condition approval of the Disclosure Statement and the Motion on modification of the Plan, Disclosure Statement, and Motion to address the issues raised herein and the inclusion in the Disclosure Statement of the additional information sought herein and (b) grant such other relief as the Court deems just and proper.

Dated: New York, New York
      December 5, 2007

                    GOODWIN PROCTER LLP

                    By:   /s/  Allan S. Brilliant     
                    Allan S. Brilliant (AB 8455)
                    Craig P. Druehl (CD 2657)
                    Meagan E. Costello (MC 0962)
                    599 Lexington Avenue
                    New York, New York 10022
                    (212) 813-8800

                            - and -

                    GOODWIN PROCTER LLP
                    Gina Lynn Martin (GM 1324)
                    Exchange Place
                    Boston, Massachusetts  02109
                    (617) 570-1330

                    Attorneys for Caspian Capital Advisors, LLC;
                    Castlerigg Master Investments Ltd.; CR Intrinsic
                    Investors; Davidson Kempner Capital Management
                    LLC; Elliott Associates, L.P.; Everest Capital
                    Limited; Nomura Corporate Research & Asset
                    Management, Inc; Northeast Investors Trust;
                    Sailfish Capital Partners, LLC; and Whitebox
                    Advisors, LLC