Hearing Date: December 6, 2007 at 10:00 a.m.
Objection Deadline: December 5, 2007 at 4:00 p.m.

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.(ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

_____

**LEAD PLAINTIFFS' THIRD SUPPLEMENTAL RESPONSE TO DEBTORS' MOTION FOR ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) RECORD DATE, VOTING DEADLINE, AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS, (III) HEARING DATE TO CONSIDER CONFIRMATION OF PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) SOLICITATION PROCEDURES FOR VOTING ON PLAN, (VI) CURE CLAIM PROCEDURES, (VII) PROCEDURES FOR RESOLVING DISPUTES RELATING TO POSTPETITION INTEREST, AND (VIII) <u>RECLAMATION CLAIM PROCEDURES</u>**

Teachers' Retirement System Of Oklahoma, Public Employees' Retirement System Of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP, the Court-appointed Lead Plaintiffs (the "<u>Lead Plaintiffs</u>")[1]

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the December 3, 2007 versions of the Debtors' plan of reorganization (the "<u>Plan</u>") and disclosure statement (the "<u>Disclosure Statement</u>").

18692/2
12/05/2007 2234452.10

in the consolidated securities class action entitled *In re Delphi Corp. Securities Litigation*, Master Case No. 05-md-1725 (GER) (E.D.Mich.) (the "Securities Litigation"), respectfully submit this Third Supplemental Response (the "Supplemental Response")[2] to the Debtors' Motion For Order Approving (i) Disclosure Statement, (ii) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain Claims, (iii) Hearing Date to Consider Confirmation of Plan, (iv) Procedures for Filing Objections to Plan, (v) Solicitation Procedures for Voting on Plan, (vi) Cure Claim Procedures, (vii) Procedures for Resolving Disputes Relating to Postpetition Interest, and (viii) Reclamation Claim Procedures (the "Solicitation Procedures Motion"). In support of this Supplemental Response, Lead Plaintiffs respectfully state as follows:

## RELEVANT BACKGROUND

1. On October 8 and 14, 2007 (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Lead Plaintiffs are, and represent, creditors, equity holders and parties-in-interest in the Debtors' chapter 11 cases. Lead Plaintiffs and the putative class suffered damages substantially in excess of $1 billion as a result of their purchases of certain of the Debtors' common stock and debt securities between March 7, 2000 and March 3, 2005 (the "Class Period"). These damages were caused by the Debtors, certain of their current and/or former directors and officers and others in the context of the concealment and

---

[2]   On October 1, 2007, Lead Plaintiffs timely filed a response to the Solicitation Procedures Motion. *See* Docket No. 10398. On November 2, 2007, Lead Plaintiffs timely filed a supplemental response to the Solicitation Procedures Motion. *See* Docket No. 10794. On November 21, 2007, Lead Plaintiffs timely filed a second supplemental response to the Solicitation Procedures Motion. *See* Docket No. 11022.

misrepresentation of the true financial condition of the Debtors before and during the Class Period.

3. Over the course of several months in 2007, Lead Plaintiffs, the Debtors and other parties to the Securities Litigation and this chapter 11 proceeding, with the assistance of a special master appointed by the United States District Court for the Eastern District of Michigan (the "District Court"), conducted discussions and negotiations regarding a settlement of the Securities Litigation. On August 31, 2007, those discussions resulted in an agreement resolving the Securities Litigation as to the Debtors and certain other defendants. On August 31, 2007, the proposed settlement (the "Securities Settlement") was submitted to the District Court for preliminary approval and for scheduling a final fairness hearing. On September 5, 2007, the District Court granted preliminary approval of the proposed settlement. On November 13, 2007, the District Court conducted a final fairness hearing, *inter alia*, on Lead Plaintiffs' motion to approve the Securities Settlement. The District Court took the matter under advisement and the parties anticipate a ruling in early December 2007. As discussed below, on December 4, 2007, the District Court tentatively approved a modification to the Securities Settlement, subject to certain notice procedures, which modification, as set forth on the record during the December 4, 2007 hearing and as discussed in the December 3, 2007 versions of the Plan and Disclosure Statement, is supported by Lead Plaintiffs, the Debtors and others.

4. The Securities Settlement is also subject to the approval of this Court. On September 7, 2007, the Debtors filed a motion seeking approval of the Securities Settlement pursuant to, *inter alia*, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019 Motion"). Since the filing of the 9019 Motion, the Debtors, with the consent of Lead Plaintiffs and other stakeholders in this chapter 11 proceeding, determined to seek approval of the Securities Settlement in two steps. The first step entailed obtaining preliminary approval of the Securities Settlement, class certification for voting purposes and the means for soliciting the votes of class members consistent with

the Securities Settlement. On October 25, 2007, the Court granted such preliminary approval and an order preliminarily approving the Securities Settlement was entered on October 29, 2007. Final approval of the Securities Settlement by this Court will be considered at the same time and in connection with confirmation of the Plan.

5.   Contemporaneously with resolving the Securities Litigation, the Debtors prepared their initial Disclosure Statement and Plan. Lead Plaintiffs provided the Debtors with numerous comments to the Disclosure Statement and Plan, several of which were incorporated into the Disclosure Statement and Plan that were filed with the Court on September 6, 2007.

6.   On October 3, 2007, the hearing on the Disclosure Statement commenced. The Debtors thereafter continued the hearing to October 25, 2007. On October 19, 2007, at the Debtors' request, the Court entered a supplemental order (the "Supplemental Order"), *inter alia*, further adjourning the hearing on the Disclosure Statement and the Solicitation Procedures Motion to November 8, 2007, as it related to certain Potential Objectors.

7.   On October 29, 2007, pursuant to the Supplemental Order, the Debtors filed revisions to the Disclosure Statement and Plan. The Supplemental Order was revised by the entry, on November 7, 2007, of a second order (the "Second Supplemental Order") which adjourned the hearing on the Disclosure Statement and the Solicitation Procedures Motion to November 29, 2007.

8.   On November 14, 2007 and November 16, 2007, pursuant to the Second Supplemental Order, the Debtors filed further modifications to, respectively, the Plan and certain Plan exhibits and the Disclosure Statement. Among other changes, the November 14 version of the Plan further modified the Plan currency that will be utilized to satisfy Lead Plaintiffs' $204 million Allowed Claim provided pursuant to the Securities Settlement. While Lead Plaintiffs' $204 million Allowed Claim will be satisfied through

a combination of New Common Stock and rights to participate in a Discount Rights Offering, the percentage of each form of Plan currency was changed.

9. On November 30, 2007, the Court entered a third order (the "<u>Third Supplemental Order</u>") which adjourned the hearing on the Disclosure Statement and the Solicitation Procedures Motion to December 6, 2007. The Third Supplemental Order reserved Lead Plaintiffs' right to file this Supplemental Response. The Third Supplemental Order also directed the Debtors to file any revisions to the Disclosure Statement and Plan on or before December 3, 2007. The Debtors timely filed such revisions.

10. Prior to December 3, 2007, the Debtors, through counsel, approached Lead Plaintiffs, through counsel, with a proposal that the Debtors believed was a non-material modification to the Securities Settlement. After discussions with the Debtors and after conducting their own analysis, counsel for Lead Plaintiffs and the Debtors agreed upon what they now both maintain is a non-material modification to the Securities Settlement that facilitates the monetization of the Allowed Claim granted to Lead Plaintiffs pursuant to the Securities Settlement and achieves consensus among certain significant constituencies with respect to the Disclosure Statement and Plan.[3] As previously discussed, the District Court conducted a hearing on December 4, 2007 and tentatively approved the proposed modification of the Securities Settlement subject to certain notice requirements intended to allow class members the opportunity to review and take a position on the proposed modification. The December 3, 2007 versions of the Disclosure Statement and Plan discuss the aforementioned modifications to the Securities Settlement.

---

[3] Debtors' counsel has advised counsel for Lead Plaintiffs that the two statutory committees appointed in these cases support the Plan and, by extension, the settlements embodied in the Plan. The Disclosure Statement also states that the committees support the Plan.

11. As each version of the Disclosure Statement and Plan have been made available, Lead Plaintiffs have discussed their proposed changes with the Debtors and have, where relevant, provided language reflecting these changes.

12. On December 4, 2007, counsel for Lead Plaintiffs provided counsel for the Debtors with Lead Plaintiffs' comments to the December 3, 2007 versions of the Disclosure Statement and Plan and proposed the language necessary to address these comments.

## RESPONSE AND RESERVATION OF RIGHTS

13. To the extent any issue, in whole or in part, raised herein or in any previously filed response is deemed to be an objection to confirmation of the Plan rather than, or in addition to, an objection to the adequacy of the Disclosure Statement, Lead Plaintiffs reserve their rights to assert such objection, as well as any other objection, to confirmation of the Plan.

14. The December 3, 2007 versions of the Disclosure Statement and Plan do not address all of Lead Plaintiffs' concerns. The parties have not yet been able to reach agreement on two of Lead Plaintiffs' proposed revisions to the Disclosure Statement and Plan involving third party releases and certain conditions to the effectiveness of the Plan. Counsel for Lead Plaintiffs has provided Debtors' counsel with suggested language which would resolve the foregoing issues. Debtors' counsel has yet to adopt the suggested language.

15. Moreover, on December 4, 2007, Lead Plaintiffs' counsel provided Debtors' counsel with specific comments and proposed language changes to the description and characterization of the proposed non-material modification to the Securities Settlement set forth in the December 3, 2007 versions of the Disclosure Statement and Plan. Discussions among the parties are continuing and Lead Plaintiffs are hopeful that all of their concerns with the Disclosure Statement will be resolved before the

December 6, 2007 hearing or any subsequent adjourned date for the hearing to approve the Disclosure Statement.

16. To the extent Lead Plaintiffs' outstanding concerns with the Disclosure Statement are not resolved on or prior to the hearing on December 6, 2007 or any adjourned date, Lead Plaintiffs reserve the right to raise any and all remaining objections to the Disclosure Statement at the hearing. Lead Plaintiffs also reserve their rights with respect to any revisions to the Disclosure Statement or Plan to the extent such revisions have not been previously provided to counsel for Lead Plaintiffs prior to the December 5, 2007 objection deadline.

Dated: December 5, 2007
New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME-0570)
S. Jason Teele, Esq.(ST-7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
Telephone:    (973) 597-2500
Facsimile:    (973) 597-2481

*Bankruptcy Counsel for Lead Plaintiffs and the Class*

**NIX, PATTERSON & ROACH, L.L.P.**
Jeffrey J. Angelovich, Esq.
Bradley E. Beckworth, Esq.
Susan Whatley, Esq.
205 Linda Drive
Daingerfield, Texas 75638
Telephone:    (903) 645-7333

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John P. Coffey, Esq.
Hannah E. Greeenwald, Esq.
Matthew C. Moehlman, Esq.
1285 Avenue of the Americas
New York, NY 10019
Telephone:    (212) 554-1400

**GRANT & EISENHOFER, P.A.**
Stuart M. Grant, Esq.
James J. Sabella, Esq.
485 Lexington Avenue
New York, NY 10017
Telephone:    (646) 722-8500

-- and --

Sharan Nirmul, Esq.
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:    (302) 622-7000

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, L.L.P.**
Michael Yarnoff, Esq.
Sean M. Handler, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7056

*Co-Lead Counsel for Lead Plaintiffs and the Class*