Judith Elkin (JE-4112)  
Lenard M. Parkins (admitted *pro hac vice*)  
HAYNES AND BOONE, LLP  
153 East 53rd Street  
Suite 4900  
New York, NY 10022  
Telephone: (212) 659-7300  
Facsimile:  (212) 918-8989  

**Hearing Date and Time:  December 6, 2007 at 10:00  a.m.**  
**Objection Deadline: December 5, 2007 at 4:00 p.m.**

Attorneys for Highland Capital Management, LP

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X  
                                                                         :  
In re:                                                                   :    Chapter 11  
                                                                         :  
DELPHI CORPORATION, *et al.*,                                            :    Case No.  05-44481 (RDD)  
                                                                         :  
                      Debtors.                                           :    (Jointly Administered)  
-------------------------------------------------------------------------X  

**OBJECTION OF HIGHLAND CAPITAL MANAGEMENT, LP TO DEBTORS'**  
**FURTHER PROPOSED AMENDMENTS TO DEBTORS' DISCLOSURE STATEMENT**  
**WITH RESPECT TO JOINT PLAN OF REORGANIZATION AND TO PROPOSED**  
**MODIFICATIONS TO THE APPALOOSA/DELPHI EQUITY COMMITMENT AND**  
**PURCHASE AGREEMENT**

Highland Capital Management, LP ("Highland Capital"), on behalf of itself and certain of its affiliates and related entities[1] (collectively, "Highland"), as a significant shareholder and creditor of the Debtors, files this Objection to the Debtors' Further Proposed Amendments to the Debtors' Disclosure Statement (the "Amended Disclosure Statement") with respect to the Joint Plan of Reorganization (the "Amended Plan") and to the Proposed Modifications to the Appaloosa/Delphi Equity Purchase and Commitment Agreement  (the "Objection"), and for such would respectfully show the Court as follows:

---

[1]    Nothing herein is intended to bind or take any action, directly or indirectly, by Highland Capital on behalf of Highland Capital Credit Strategies Fund or any other registered investment fund with respect to the matters set forth herein or with respect to any matters relating to their respective investments or interests in Delphi.

N-11291.2                                                                                                                   1

1. Highland is a significant shareholder and creditor of the Debtors.

2. As this Court is aware, on two prior occasions, Highland timely submitted a bid to make a significant equity investment in the Debtors and propose a plan of reorganization that would be beneficial to all creditors and shareholders of the Debtors. These proposals were not accepted by the Debtors and various creditor and equity constituencies, and in August of 2007, this Court approved the Debtors going forward with a proposal set forth in the Delphi-Appaloosa Equity Purchase and Commitment Agreement ("EPCA) (the "Appaloosa Proposal").

3. Since August, Highland, as a creditor and shareholder, has continued to follow the progress of these cases and review the various iterations of the Debtors' plan and disclosure statement as modified and amended, usually at the insistence of Appaloosa and the other investors in the Appaloosa Proposal. Under each iteration, the recovery being paid to unsecured creditors deteriorated more and more, while concomitantly more and more concessions were made to Appaloosa. At this time, under the Amended Plan, unsecured creditors will receive less than a full recovery while other more junior classes of creditors and equity continue to receive distributions. Meanwhile, additional fees are promised to Appaloosa and the other Appaloosa Proposal investors. The result of these negotiations, as set forth in the most recent Amended Disclosure Statement, ultimately have left unsecured creditors holding claims that are currently trading at $.50/$1.00. To say that Highland is disappointed is an understatement.

4. Highland objects to the most recent revisions to the Amended Disclosure Statement and Amended Plan dated November 16, 2007 and December 3, 2007, as well as the modifications to the EPCA set forth in the motion dated November 29, 2007. Highland also wants to inform the Court that an alternative investment proposal was put together by several bondholders holding between $500 to $600 million in debt (the "Proposing Bondholders"). The

Proposing Bondholders have concluded that the recoveries now being afforded to unsecured creditors under the Amended Plan and the proposed amended EPCA, have been reduced to the point, in reality, and despite the Debtors' allegations to the contrary, where unsecured creditors are no longer being paid in full, while junior creditors and equity holders are granted distributions. These provisions make the Amended Plan unconfirmable as a matter of law, will cause a number of significant bondholders and other unsecured creditors to vote against the Amended Plan, and have resulted in the Proposing Bondholders' alternative investment proposal for the fair and equitable restructuring of the Debtors. Few Chapter 11 plans are confirmed where the unsecured creditors' claims trade at a 50% discount to face amount, and where, notwithstanding that, junior creditors and equity holders receive substantial value.

5.      The alternative investment proposal of the Proposing Bondholders contemplated a committed backstop of $2.66 billion and a rights offering of convertible preferred for all unsecured creditors. The alternative investment proposal has been presented to and considered by the Unsecured Creditors' Committee (the "UCC") over the last several days, with attached terms of commitment letters, modifications to the EPCA and financial analysis. The UCC has advised the Proposing Bondholders that it is not prepared to endorse the alternative investment proposal at this time, but has invited further discussion and negotiation to determine if agreement can be reached on a formal proposal for presentment to the Debtors. Given the lack of support for the alternative investment proposal by the UCC at this time, the Proposing Bondholders have determined that it is premature to present such proposal to the Court. However, the Proposing Bondholders will exercise their voting rights and may seek to block confirmation of the Amended Plan in accordance with those rights.

6.      The Proposing Bondholders are aware that time is of the essence, but deal fatigue is not a reason to acquiesce to an inferior and unfair plan.  The Proposing Bondholders' expectation is that there will be continued negotiations in the immediate future and that both the UCC and the Proposing Bondholders will endeavor to reach consensus on an alternative proposal.  Therefore, Highland requests that to the extent the Court considers approving the Amended Disclosure Statement, the Court requires the Amended Disclosure Statement to include language advising all creditors, equity holders and other parties-in-interest about the existence of a potential alternative investment proposal, that negotiations in regards to same have occurred and likely will be continuing, and that a formal alternative investment proposal could be presented to the Debtors and the UCC by the Proposing Bondholders.

**WHEREFORE**, Highland prays that the Court either continue the hearings on the proposed Amended Disclosure Statement and EPCA modifications for a short period of time (one week) to enable the Debtors and the Committees to consider alternatives, or deny the approval of the Amended Disclosure Statement and the motion to modify the EPCA. Alternatively, if the Court approves the Amended Disclosure Statement, that language of the type described in paragraph 6, above, be included in the Amended Disclosure Statement and any solicitation materials distributed for vote solicitation so that creditors are aware that other choices may be available in the near future.

Dated at New York, New York: December 5, 2007.

      /s/ Judith Elkin
**HAYNES AND BOONE, LLP**
Judith Elkin (JE-4112)
Lenard M. Parkins (TX-15518200)
(admitted *pro hac vice*)
153 East 53rd Street
Suite 4900
New York, NY 10022
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT, LP**