UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Case No. 05-44481RDD |
| DELPHI CORPORATION, ET AL., | Chapter 11 (Jointly Administered) |
| Debtor(s)._____/ | Hon. Robert D. Drain |

**STATE OF MICHIGAN, DEPARTMENT OF TREASURY'S SUPPLEMENTAL
RESPONSE TO DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
TO PROOFS OF CLAIM NUMBERS 6354, 6383, 9272 AND 16633 (STATE OF
MICHIGAN, DEPARTMENT OF TREASURY)**

The State of Michigan, Department of Treasury (Treasury), Creditor in the above captioned cases, hereby submits this Supplemental Response to Debtors' Statement of Disputed Issues relative to Treasury's Proofs of Claim Numbers 6354, 6383, 9272 and 16633.

Background

The State of Michigan, Department of Treasury (Treasury) has filed numerous tax claims in this bankruptcy proceeding, dating back to March 2006. Tax claims have been filed against four different Delphi entities including Delphi Corporation (Tax Identification Number 38-3430473), Delphi Automotive Systems, LLC (Tax Identification Number 38-3431131), Delphi Automotive Systems Services, LLC (Tax Identification Number 38-3568834) and Delphi Technologies, Inc. (Tax Identification Number 38-3430681). The tax claims filed have included Priority Tax Claims, General Unsecured Tax Claims and Administrative Expense Claims. (See Attachment 1) The only claims that are subject to the current claims objection are those filed

1

against Delphi Corporation (Delphi) that contain Michigan Single Business Tax assessments (SBT). [1]

Delphi asserts that it presently owes Treasury zero dollars in SBT. Delphi asserts that due to its recalculation of its business income and the resulting reduction in SBT, Treasury potentially owes a refund to Delphi for these taxes. Treasury asserts that Delphi owes SBT in the amount of $9, 689,809.00 (this is the total tax debt, the claims at issue also include interest and penalty associated with this tax debt). Treasury asserts that based on its recently concluded audits, and previously concluded IRS audits, that Delphi continues to owe the SBT as assessed and reflected on the current claims filed by Treasury in this action.

## History of the Single Business Tax Assessments

The SBT assessments currently at issue in this proceeding are for the tax years 2001, 2002, 2003 and 2004. In each of these tax years Delphi timely filed the required SBT returns or timely requested extensions for the filing of the tax returns. At all times during these periods, Delphi made substantial estimated payments to Treasury which resulted in Treasury being more than fully paid (based on the returns on file at the time) for each year. Delphi routinely requested a refund of the excess amounts paid or a credit forward to the next tax year for each of these years.

Delphi is one of the largest taxpayers in Michigan and is routinely involved in various audits with Treasury for the variety of taxes that it pays to the State. Treasury has been in the process of auditing all the various tax years of SBT at issue in this proceeding since 2003. The

---

[1] Michigan SBT is a consumption type value added tax that is subject to certain exemptions, exclusions, and deductions. The calculation starts with federal taxable income, which for purposes of the SBT is business income; this amount is then modified by the addition or subtraction of various defined costs. MCL 208.1 *et. seq.*

2

audit of the 1999-2000 SBT returns started on January 8, 2003.  The audit of the 2001-2004 SBT returns started on February 1, 2006. On August 11, 2006, Delphi amended all of its SBT tax returns for the tax years in question.  Treasury did not accept Delphi's amended returns but rather completed the ongoing audits of the SBT returns originally filed.  All of the SBT audits were completed earlier in 2007 and the SBT assessments listed on the claims as filed in the Delphi bankruptcy are the final SBT amounts due as the result of those audits.

As previously stated, Delphi amended its SBT returns for tax years 2001, 2002, 2003 and 2004 in August 2006.  The primary reason Delphi amended its 2001-2003 returns was to adjust the previously reported business income on its Michigan SBT returns.  In completing the 2001-2003 amended returns Delphi used two completely different methods of calculation for computing its federal taxable income.  The first method was used for its federal returns (US-1120), with an allowable IRC § 59e, 10 year amortization of its Research and Experimental Expenditures (R&E).  This computation resulted in a federal taxable income that Delphi reported when it filed its federal income tax returns (US-1120) for the tax years in question. Delphi then re-computed its federal taxable income, and did not amortize the R&E but rather took the entire expenditure in the tax year it accrued, significantly lowering its federal taxable income.  Delphi used this lower amount as the reported Michigan business income on its Michigan SBT return for each of the tax years at issue here.  The federal taxable income amount attached to the Michigan returns was not the income actually reported to the IRS.  It is a different federal taxable income calculation that is totally separate, distinct and not filed with the federal government.  It is this second US-1120 federal taxable income calculation that is being used by Delphi as the basis for the Michigan business income, and this resulting second calculation of federal taxable income was used to calculate the SBT due.  The federal tax form US-1120 is routinely used and

3

required by Treasury as an attachment to its filed Michigan return to verify taxable income.  See MCL 208.75.

Delphi, on its **original** 2001, 2002 and 2003 SBT returns, correctly utilized the same amount as business income that it had reported as federal taxable income on its filed federal returns (US-1120).  In calculating its federal taxable income for those three years, Delphi amortized, pursuant to §59e of the IRC, over a 10 years period, the allowed R&E expenditure.  As it attempted to do in its amended 2001-2003 SBT returns, and did on the original 2004 SBT return, Delphi did not amortize the expenditure but rather sought to take the entire amount of the R&E expenditures that it had for that tax year.  The original 2004 reported Michigan business income did not match the federal taxable income as reported and filed that year with the IRS.  When Delphi amended all the SBT returns for the years at issue, it recalculated its federal taxable income.  As a result, Delphi reported two different taxable incomes for the same business and the same tax period, one federal taxable income amount was reported to the IRS and a different federal taxable income was reported to Michigan that was subsequently used to calculate its SBT liabilities to Treasury.

The issue in this present litigation revolves entirely around the permissibility of allowing a taxpayer to compute two different federal taxable incomes for the same business and the same tax year to obtain the best tax treatment from each of the taxing entities.

Response

1.      Treasury has filed numerous tax claims against Delphi Corporation including those for Single Business Tax (SBT).  The claim described by Delphi as Claim #6354 is filed as a General Unsecured claim filed against Delphi Corporation (38-3430473).  The claim includes assessments for both SBT and Use Tax.  This claim is the most recent amended claim of

4

this type (General Unsecured) filed against Delphi Corporation and remains at this time to be the only valid General Unsecured claim filed against Delphi Corporation.

2. Delphi asserts that Treasury has a second General Unsecured claim filed against Delphi Corporation, listed as Claim #6383. This claim is no longer a valid claim, having been amended by the General Unsecured claim #6354. Claim #6354 is the only valid amended General Unsecured claim filed against Delphi Corporation (38-3430473). Claim #6354 is in the amount of $666,927.27, which includes Use Tax for 1999, 2000 and 2001; SBT for 2001; and all accrued interest.

3. Treasury did file a Priority tax claim against Delphi Corporation and subsequently amended the claim. Claim #9272 filed against Delphi Corporation (38-3430473) in the amount of $5,731,238.42 has subsequently been amended. This claim is no longer a valid claim and has most recently superseded and amended by Claim #16724, in the amount of $10,459,293.50.

4. Treasury did file a Priority tax claim against Delphi Corporation and subsequently amended the claim. Claim #16633 filed against Delphi Corporation (38-3430473) in the amount of $12,954,363.21 has subsequently been amended. This claim is no longer a valid claim and has been superseded and amended by Claim #16724, in the amount of $10,459,293.50.

5.– 11. Delphi has objected to various claims of Treasury over the course of this bankruptcy, including claims objections in the 5th, 20th, 21st, and $22^{rd}$ Omnibus Claims Objections filed by the Delphi. Treasury has responded to each and every claims objection. Delphi has objected for a variety of reasons including books and records, and untimely filed claims. Each time Treasury has responded, asserting that its original, timely filed claims have continued to be amended due to ongoing audits of the SBT and Use Tax returns, and ongoing audits by the IRS of the filed federal returns. Further, each time the amended claim (of a specified class)

5

supersedes and replaces the last filed claim of that class. Each amended claim relates back to the original timely filed claim of that class. (See Attachment 1.) Treasury has preserved all of the claims, as filed.

Delphi has objected to claims filed by Treasury against other of its business entities as well, including Delphi Automotive Systems, LLC (38-3431131), Delphi Automotive Systems Services, LLC (38-3568834), and Delphi Technologies, Inc. (38-3430681). None of those claims or claims objections are the subject of the current proceedings. No Michigan SBT has been assessed against those businesses, only Use Tax, which continues to be the subject of an ongoing tax audit.

## Disputed Issues

12. Treasury asserts that its claims, as presently filed and amended, are not redundant, confusing, or contradictory, but that each classification of claim has been amended and superseded by the subsequently filed claim as the tax dollars owed by Delphi to Treasury have changed based on the audit results.

13. At present, Treasury has one valid and timely filed amended Priority tax claim, (pursuant to 11 USC § 507(a)(8)), filed against Delphi Corporation, last listed as Claim #16724 as amended on 10-10-07, in the amount of $10,459,293.50. Treasury asserts that claim superseded all other previously filed Priority tax claims and is the only remaining Priority tax claim filed against Delphi Corporation (38-3430473).

At present Treasury has one valid and timely filed amended General Unsecured claim filed against Delphi Corporation last listed as Claim #6354 as amended on 5-16-06, in the amount of $666,927.27. This claim supersedes all other General Unsecured claims filed and is the only remaining General Unsecured claim filed against Delphi Corporation (38-3430473).

6

At present Treasury has one valid and timely filed amended Administrative Expense claim filed against Delphi Corporation last listed as Claim #16725, as amended on 10-10-07, in the amount of $4,239.59.  This is the only remaining Administrative Expense claim filed against Delphi Corp (38-3430473).

Treasury continues to have validly filed claims against Delphi Automotive Systems, LLC, Delphi Automotive Systems Services, LLC,  Delphi Technologies, Inc. which are not the subject of this proceeding and in which all claims continue as valid and timely filed.

14. Delphi asserts that it has no unpaid SBT liability for 2001.  Treasury asserts that the SBT included in Claim #6354 (General Unsecured claim) was due more than three years before the date of the filing of Delphi's petition and under the provisions of the Bankruptcy Code (11 USC § 507(a)), may not be entitled to be paid as a priority debt but nevertheless remains due and owing and is required to be paid as a general unsecured claim by Delphi.

Delphi gives no reason for its allegation of invalidity other than it does not match its books and records.  Treasury asserts that tax is due and should be paid as a General Unsecured claim.  The assessment of SBT remains valid based on the audit conducted by the Michigan Department of Treasury on the books and records of Delphi.

15. Treasury does not dispute that Delphi is eligible for the R&E deduction as provided for under Section 174 of the Internal Revenue Code of 1986, as amended (IRC). Treasury does not dispute that Delphi is allowed to amortize those eligible expenditures over a 10 year period, pursuant to §59(e) of the IRC.  Treasury further does not dispute that Delphi was allowed to use the straight line method in amortizing those expenses for the allowable 10 years, and that Delphi chose and did amortize those expenses and allowable deductions for a 10 year period when it filed its federal returns. Delphi filed its Federal US-1120, for the subject years

7

2002, 2003 and 2004, using that method.  In summary, Treasury has no dispute with Delphi's federal tax filings.

16. Delphi filed its original Michigan SBT returns for 2002 and 2003 using the same federal taxable income it had used and filed on its federal returns. Delphi filed its original Michigan SBT return for 2004, taking the deduction for the entire R&E expenditure that it incurred in the 2004 tax year.  This resulted in a difference between the federal taxable income reported to the IRS and the business income reported to Treasury.  Delphi subsequently amended the 2002 and 2003 SBT returns in August 2006.  On the amended 2002 and 2003 SBT returns Delphi created a new federal taxable income amount to reflect taking the entire R&E deduction in each year that it was incurred.  Delphi's amended SBT returns reflect a different federal taxable income which resulted in a significantly lower income for the corporation than was originally filed with Treasury.  This significantly lowered the amount of SBT due to the State.

17. – 20. The State does not dispute that Delphi is allowed to elect to compute its federal taxable income with either a 10 year amortization of its R&E or by taking the full R&E expenditure for the tax year it incurred the expense.  The State does dispute that Delphi is allowed to elect one method of calculating its income for its filed federal return and then re-calculate its income using a different computation for its Michigan SBT return.  Treasury contends that the method of calculating reportable income must be consistent. The reportable income on both the filed federal return and the State SBT return need to match.  The R & E deduction is a federal deduction that is allowed to be taken on the Michigan return.  Treasury asserts that Delphi is allowed to take it in a single tax year or amortize but once having made the election for the IRS Delphi must remain consistent and take the deduction as it did in its federal filing.  It is Treasury's position that what is reported as taxable income federally is what is

8

required to be utilized for SBT. Michigan law and the rules of statutory interpretation require the taxpayer to compute its Michigan business income exactly the same as its federal taxable income as reported on its Form US-1120. In fact, MCL 308.3(3) defines "business income" as federal taxable income and this is the starting point for the calculation of the Michigan SBT.

      Delphi contends that MCL 208.5(4) allows them to compute separate returns for the same tax year resulting in different taxable incomes – one return is actually filed with the federal government while the other is merely an attachment to the Michigan SBT return. Delphi argues that as long as their computation complies with the Internal Revenue Code effective for that tax year it complies with Michigan SBT requirements. Delphi bases its position on the text of MCL 208.5(4):

> (4) "Internal revenue code" means the United States internal revenue code of 1986 in effect on January 1, 1999 or, at the option of the taxpayer, in effect, for the tax year.

Delphi wants to read this provision in isolation. Delphi fails to take into account the remaining provisions of the Single Business Tax Act, specifically MCL 208.75 which provides:

> (1) A taxpayer required to file a return under this act may be required to furnish a true and correct copy of any return or portion of any return which he has filed under the provisions of the internal revenue code.
>
> (2) A taxpayer shall file an amended return with the department showing any alteration in or modification of his federal income tax return which affects his tax base under this act.

      Michigan's policy is that the taxable income listed on the Federal US-1120 form for a specified tax year must be identical to the business income reported in the Michigan SBT. This is a logical extension of the statutory provision authorizing Treasury to require copies of filed federal tax returns. Treasury relies on the taxable income numbers provided and filed with the

9

IRS as a check and balance for proper reporting and verification of business income. Since the R&E expenditure is an allowable federal deduction and Treasury allows it to continue into the income calculation used for SBT, it is logical to expect the income number to remain consistent between the two returns. If the taxpayer is allowed to do as Delphi represents and submit an attached US-1120 or similar schedule of taxable income that was not actually filed or reviewed by the IRS, there is no assurance of the validity of business income reported.

## Conclusion

The State of Michigan, Department of Treasury contends that its claims as filed and amended in this matter are properly and timely filed claims, entitled to payment pursuant to the provisions of the Bankruptcy Code. The claims at issue here contain Delphi Corporation's 2001, 2002, 2003 and 2004 Michigan Single Business Tax assessments. All the SBT assessments, at issue in this objection, are based on comprehensive Treasury and IRS audits of Delphi Corporation's books, records and tax returns. Treasury has followed and complied with all proper procedures and policies in the computation and assessment of this SBT liability. The SBT assessed against Delphi Corporation is the true and accurate reflection of the taxes due and owing.

Treasury asserts that the following claims continue as valid and timely filed amended claims against Delphi Corporation:

Amended Priority Tax Claim, Claim # 16724, in the amount of $10,459,293.50.

Amended General Unsecured Claim, Claim # 6354, in the amount of $666,927.27.

Amended Administrative Expense Claim, Claim # 16725, in the amount of $4,239.59.

Wherefore, Treasury respectfully requests that this Court deny Delphi's objection and enter an order allowing the claims as presently filed against Delphi Corporation and any other such relief as is just.

                                          Respectfully submitted,

                                          MIKE A. COX
                                          Attorney General

                                          /s/ Peggy A. Housner
                                          Peggy A. Housner (P47207)
                                          Assistant Attorney General
                                          Cadillac Place
                                          3030 W. Grand Blvd., #10-200
                                          Detroit, MI  48202
                                          (313) 456-0140
                                          (313) 456-0141 (Fax)

Dated:  December 5, 2007