# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

.................................................................................x

**Scott Darryl Reese,**                                    :
**Claimant/Creditor**                                      :
                                                           :
      **v.**                 :
                                                           :
**IN RE:**                                                 :          **Honorable Robert D. Drain**
                                                           :
**DELPHI CORPORATION, et. al.,**                           :          **Case No. 05-44481**
**DELPHI - DEBTOR IN POSSESSION**                          :
**DELPHI CHASSIS SYSTEMS**                                 :          **Bankruptcy Trustee**
    **Debtor,**                         :
                                                           :          **(Jointly Administered)**
.................................................................................x

To the Clerk of the Court:

Please find enclosed the following.

Court Copy, Original, and Judge's Copy of the following:



1.  Cover Sheet.

2.  Claimant's *Amended Motion for Rehearing De-novo* and *Amended Brief In Support* with attachments.

3.  *Notice of Hearing in Delphi Bankruptcy Proceedings.*

4.  *Proof of Service in Delphi Bankruptcy Proceedings.*

Please docket and file these pleadings in the usual manner.

If you have any questions, feel free to call me at (248) 969-4055.  Thank you.

Date: November 28, 2007

                                       Scott Darryl Reese
                                       SCOTT DARRYL REESE;
                                       SCOTT D. REESE
                                       c/o 329 Basket Branch
                                       Oxford, Michigan state,
                                       [48371-6359]
                                       Creditor - (248) 969-4055

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

.......................................................................... x

| | |
|---|---|
| IN RE: : | **Honorable** |
| : | |
| DELPHI CORPORATION, et. al., : | **Case No. 05-44481** |
| DELPHI - DEBTOR IN POSSESSION : | |
| DELPHI CHASSIS SYSTEMS : | **Bankruptcy Trustee** |
| Debtor, : | |
| : | **(Jointly Administered)** |

.........................................................................x

COUNSEL FOR THE DEBTORS.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

　　-and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055

# Proof of Service

I, Douglas Dwight Bennett, on November 28, 2007, did, via United States Priority Mail, Delivery Confirmation required, serve Debtor's Attorney(s) of record, copy of Claimant's *Amended Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese*, *Amended Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese – Brief In Support*, *Motion Instanter in Delphi Bankruptcy Proceedings - Reese*, *Proof of Service to attorneys for debtor Delphi et. al.*, and *Notice of Hearing*.

I, Douglas Dwight Bennett, on November 28, 2007 did serve via Priority United States Mail with Delivery Confirmation copy of Claimant's *Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese*, *Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese – Brief In Support*, *Motion Instanter in Delphi Bankruptcy Proceedings - Reese*.

To:

*DELPHI CORPORATION, et. al., DELPHI - DEBTOR IN POSSESSION,* DELPHI World Headquarters located at *5725 Delphi Drive, Troy, Michigan, 48098-2815*

additional service also to:

To:

COUNSEL FOR THE DEBTORS.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

-and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

-and-

*Proof of Service in Delphi Bankruptcy Proceedings*                    Page 2 of 3

United States Trustee for the Southern District of New York
Alicia M. Leonhard
33 Whitehall Street
Suite 2100
New York, New York  10004

Dated: _Nov. 28_ , 2007

Douglas Dwight Bennett

c/o 24689 Frontier Circle

Flat Rock, Michigan state   [48134]

in the united States of North America

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

.........................................................................x

**Scott Darryl Reese,**
**Claimant**

      **v.**

**IN RE:**

**DELPHI CORPORATION, et. al.,**
**DELPHI - DEBTOR IN POSSESSION**
**DELPHI CHASSIS SYSTEMS**
        **Debtor,**

.........................................................................x

:
:
:
:
:
:
:
:
:
:
:
:

**Honorable Robert Drain**

**Case No. 05-44481**

**Bankruptcy Trustee**

**(Jointly Administered)**

COUNSEL FOR THE DEBTORS.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

    -and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055

_____/

# <u>MOTION INSTANTER</u>

Now comes Scott Darryl Reese, Claimant, Citizen in his proper persona, and pleads instanter immediately, instantly; forthwith; without delay; saying that the last day to file an *Amended Motion for Rehearing/Reconsideration* of the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, is within the 10 day limit, per *F. R. Bankruptcy Rule 3008*.

Scott Darryl Reese, Claimant, on the 17th of November , 2007, collected his mail and noticed that an envelope was addressed to him. Upon opening this envelope was therein the Order of the court dated November 5, 2007. This allowed Claimant to correct his *Motion for Rehearing De-Novo* and *Brief in Support De-Novo* that was based on the Hearing transcripts of October 26, 2007.

However, the Claimant elects to file his Motion instanter, saying he, Scott Darryl Reese, understood the term to mean within twenty-four hours. See *F. R. of Bankruptcy Procedure Rule 5001(c)*. Also see *F. R. of Bankruptcy Procedure Rule 8015*.

Wherefore, Scott Darryl Reese, Citizen pleads instanter and respectfully requests this honorable trial judge presiding over this pleading grant the relief requested instanter joined with this pleading for *Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings - Reese.*

***Haines vs. Kerner*, 404 U.S. 519-421** — In re *Haines*: pro se litigants (Scott Darryl Reese is a pro se litigant) are held to less stringent pleading standards than bar [licensed] attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

Date: <u>November 28</u>, 2007

Thank you.

*Scott Darryl Reese*

Scott Darryl Reese;
SCOTT DARRYL REESE;
SCOTT D. REESE
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]

Court Copy

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

..................................................................... x

Scott Darryl Reese,          :
Claimant                     :
                             :
        v.                   :
                             :
IN RE:                       :          Honorable Robert Drain
                             :
DELPHI CORPORATION, et. al., :          Case No. 05-44481
DELPHI - DEBTOR IN POSSESSION :
DELPHI CHASSIS SYSTEMS       :          Bankruptcy Trustee
        Debtor,             :
                             :          (Jointly Administered)
.....................................................................x

## Claimant's Affidavit Regarding Received Order
### The order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007

I, Scott Darryl Reese, state as follows:

1.   Affiant did not, as possibly indicated from the envelope dated November 08, 2007, receive from the court, the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, on or before November 17, 2007.

2.   Affiant was not able to, due to Claimant's work schedule of twelve (12) hour work days, check the mail prior to November 17, 2007.

3.   Affiant travels on average approximately one hundred and fifty (150) miles per day, to and from work, total miles round trip.

4.   Affiant's approximate time on the road is three (3) hours.

5.   Affiant's has been known, in the interest of safety and otherwise, to stay within the local area of work, and to not necessarily come home every consecutive day(s) of work.

6.   Affiant lives in a mobile home community of approximately nine hundred (900) homes where mail service is not always fast, nor is it necessarily reliable.

*Claimant's Affidavit Regarding Received Order dated November 05, 2007*          **Page 1 of 2**

7.   The soonest that Affiant could respond to the order of the court dated November 05, 2007, postmarked November 08, 2007, is after November 17, 2007.

8.   Affiant has received only an unsigned copy (/s/ Robert D. Drain, UNITED STATES BANKRUPTCY JUDGE) of the order dated November 5, 2007.

9.   Affiant has not received the "separate memorandum of law" as alluded to in point nine (9) of the unsigned order.

10.   Affiant works full time for a living, outside of the legal profession.

11.   In the spirit of **Haines vs. Kerner**, **404 U.S. 519-421**,  Affiant is not an attorney at law, and should be held to less stringent pleading standards than bar licensed attorneys.


Further Affiant sayeth not.


I do hereby certify that, to the best of my knowledge and belief, the foregoing information is true and correct.


_November 28, 2007_
Date

_Scott Darryl Reese_
Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state     [48371]

---

Subscribed to and sworn before me this _28_ day of _NOV_ , 200_7_.

_David P. Cook_

Notary Public _OAKLAND_ , County, Michigan.

DAVID P. COOK
NOTARY PUBLIC - MICHIGAN
My Commission Expires: _8/4/2013_
ACTING IN THE COUNTY OF _____
MY COMMISSION EXPIRES AUG. 4, 2013

Originals Court

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

.......................................................................x

**Scott Darryl Reese,**                        :
**Claimant/Creditor**                          :
                                               :
                                               :
     **v.**                            :
                                               :
**IN RE:**                                     :        **Honorable Robert D. Drain**
                                               :
**DELPHI CORPORATION, et. al.,**               :        **Case No. 05-44481**
**DELPHI - DEBTOR IN POSSESSION**              :
**DELPHI CHASSIS SYSTEMS**                     :        **Bankruptcy Trustee**
       **Debtor,**            :
                                               :        **(Jointly Administered)**
                                               :
.......................................................................x

<u>COUNSEL FOR THE DEBTORS.</u>

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

    -and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

----

Scott Darryl Reese                              Claim Number:   16709
c/o 329 Basket Branch                           Delphi Bankruptcy Proceedings
Oxford, Michigan state
[48371-6359]
Claimant/Creditor - (248) 969-4055

## Notice of Hearing

Please be advised and take notice that Claimant/Creditor, Scott Darryl Reese, a/k/a

SCOTT DARRYL REESE; SCOTT D. REESE, as one and the same, files this notice of hearing

with the court on the following motions: *Amended Motion for Rehearing De-novo in Delphi*

*Bankruptcy Proceedings - Reese, Amended Motion for Rehearing De-novo in Delphi*

*Bankruptcy Proceedings - Reese – Brief In Support, Motion Instanter in Delphi Bankruptcy*

*Proceedings - Reese, Proof of Service to attorneys for debtor Delphi et. al.*, and *Notice of*

*Hearing*, before the Honorable Robert D. Drain, in his courtroom located at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, Room 610 at ____:00/:30 A.M./P.M., on _____ or as

soon as Claimant/Creditor may be heard (the "Hearings"), for the entry of Orders permitting

Claimant/Creditor, Scott Darryl Reese, to file in the above-captioned Chapter 11 Cases and

awarding such other and further relief as the Court deems just and proper.


Date: November 28, 2007

Scott Darryl Reese
SCOTT DARRYL REESE;
SCOTT D. REESE
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
in the united States of America
Claimant/Creditor - (248) 969-4055

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

...................................................... x

Scott Darryl Reese,                        :

Claimant                              :

                                  :

       v.                            :

                                  :

IN RE:                           :      **Honorable Robert Drain**

                                  :

**DELPHI CORPORATION, et. al.,**     :      **Case No. 05-44481**

**DELPHI - DEBTOR IN POSSESSION**    :

**DELPHI CHASSIS SYSTEMS**         :      **Bankruptcy Trustee**

        **Debtor,**              :

                                  :      **(Jointly Administered)**

...................................................... x

<u>COUNSEL FOR THE DEBTORS.</u>

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
    -and-
Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055
_____/

# <u>AMENDED MOTION FOR REHEARING DE-NOVO</u>

TABLE OF CONTENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CITED AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-v

*FEDERAL RULES OF BANKRUPTCY PROCEDURE*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

*FEDERAL  RULES OF CIVIL PROCEDURE*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

OPINION OF THE COURT  . . . . . . . . . . . . . . . . . . . . . . . . . . . ADDENDUM - B - Attached

JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

REASONS FOR GRANTING THIS
MOTION FOR RECONSIDERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

SUMMARY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

RELIEF REQUESTED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ATTACHMENT 1  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attached

ATTACHMENT 2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attached

ATTACHMENT 3  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachedii

# TABLE OF AUTHORITIES CITED

## CASES                                                                       PAGE

*American Red Cross vs. Community Blood Center of the Ozarks,*
257 F.3d 859 (8th Cir. 07/25/2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

*Anastasoff vs. United States,*
223 F.3d 898 (8th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,*No. 89-1500,
Argued Nov. 26, 1990, Decided Feb. 26, 1991, 498 U.S. 533 . . . . . . . . . . . . . . . . . . page 20

*Caminetti v. United States,*
242 U.S. 470, 485 (1917) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 14

*Chemical Manufacturers Assn. v. Natural Resources*
*Defense Council, Inc.,* 470 U.S. 116, 143 (1985) . . . . . . . . . . . . . . . . . . . . . . . . page 15

*City of Richmond v. Bird,* 249 U.S. 174 (1919) . . . . . . . . . . . . . . . . . . . . . . . . page 8, 10

*Dewsnup v. Timm,* 502 U.S. 410 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10, 11

*Goggin v. California Labor Div.,*
336 U.S. 118 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

*Griffin v. Oceanic Contractors, Inc.,*
458 U.S. at 571. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10,15

*Haines vs. Kerner,*
404 U.S. 519-421. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

*In re Kerber Packing Co.,*
276 F.2d at 247 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 16

*Jackson Coal Co. v. Phillips Line,*
114 Va. 40 (1912) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

*Leimer v. State Mut. Life Assur. Co.* (1940), DC Mo) 1 FRD 386 . . . . . . . . . . . . . . . . page 16

*Landreth Timber Co. v. Landreth,*
471 U.S. 681, 685 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 14

iii

*Lewis v. Fidelity & Deposit Co.*,
292 U.S. 559 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

*Marshall v. New York*,
254 U.S. 380 (1920) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

*Midlantic Nat'l Bank v. N.J. Dep't of Envt'l. Prot.*,
474 U.S. 494 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11, 12, 15

*Moore v. Dunham* (1956, CA10 Okla) 240 F2d 198 . . . . . . . . . . . . . . . . . . . . . . . . . page 3

*Kelly v. Robinson*,
479 U.S. 36, distinguished." Pp. 243-246 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 12

*New Jersey v. Lovell*, 179 F. 321 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

*New Jersey v. Anderson*,
203 U.S. 483 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

*Northern Pipeline Construction Co. v. Marathon Pipe
Line Co.*, 458 U.S. 50, 52-53 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 14

*Oliver v. United States*,
268 U.S. 1 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

*Oppenheimer v. Oldham*,
178 F.2d 386, 389 (CA2 1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

*Payne vs. Tennessee*,
501 U.S. 808, 842 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

*Platsky vs. C.I.A.* 953 F.2d. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

*Re Baker* (1986, BC DC Nev.)
66 BR 652 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

*Re Boston and Maine Corp.*,
719 F.2d at 496 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 17

*Re Central States Press*
(1985, BC WD Mo.) 57 BR 418 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

*Re Cohen* (1985, BC SD Fla.)

47 BR 871, 12 BCD 1210 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page11

*Re Cortes 1991, ED Pa.)*
*125 BR 418* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11
*Re Hallmark Builders, Inc.,*
*(1986, BC MD Fla.) 67 BR 63* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

*Re. Jartan, Inc.,*
*(1987, BC ND ILL.) 76 BR 123* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page11

*In re Kerber Packing Co.*, 276 F.2d at 247. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page16

*Re Nutri\* Bevco, Inc.*, 117 BR 771
*(1990, BC SD NY)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

*Re New Concept Housing, Inc.,* (1991, CA8 MO)
951 F2d 932, 26 CBC2d 287 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

*Re Standards Metals Corp.* (1985, DC Colo)
48 BR 778, CCH Bankr. L. Rptr. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page11

*Re Vertientes, Ltd.*, 845 F2d 57, 17 BCD 1038,
CCH Bankr L. Rptr 72283, (1988, CA3 NJ.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . page11

*Re Shrum (1989, BC WD Okla)*
*98 BR 995* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4

*Simonson v. Granquist,*
369 U.S. 38 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

*Strickland v. General Building and Masonry Contractors, Inc.,*
22 N.C. App. 729, 207 S.E.2d 399 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 5

*Taubel-Scott-Kitzmiller Co., Inc. v. Fox,*
264 U.S. 426 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

*Trinsey vs. Pagliaro,*
D.C. Pa. 1964, 229 F. Supp. 647 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

*United States v. Bass,*
271 F.2d at 132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 16

*United States v. Harrington*, 269 F.2d at 721-722 . . . . . . . . . . . . . . . . . . . . . . . . . . . page 16

*"United States vs. International Business Machines Corp.,*
517 U.S. 843, 856 (1996)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

*United States v. Ron Pair Enterprises,*
489 U.S. 235 (1989)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

*United States v. Speers,*
382 U.S. 266 (1965)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

*United States v. Ron Pair Enterprises,*
489 U.S. 235 (1989)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2, 14

*Vanston Bondholders Protective Committee v. Green,*
329 U.S. at 165* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 17

*Willy vs. Coastal Corp., 503 U.S. 131, 135 (1992)* . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

### *FEDERAL RULES OF BANKRUPTCY PROCEDURE* **PAGES**

*Rule 2002* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

*Rule 3002* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1, 5

Rule 3007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

Rule 3008 - - - Reconsideration of Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page1

*Rule 7009 - - - Pleading Special Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page1

*Rule 7001 (2)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1,4

*Rule 9014 - - - Contested Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4

*Rule 7002* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4

*Rule 7004* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 5

## **Amended Brief in Support**

*Rule 2002* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

*Rule 3002* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1, 2, 18, 19, 21, 22

Rule 3003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

*Rule 3007* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

*Rule 3007 - - - Objections to Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1, 7

*Rule 3008 - - -* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 18

*Rule 7001* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

*Rule 7012 - - - Defenses and Objections* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

*Rule 7012 (b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

*Rule 7019* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2, 3

*Rule 7009* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 6, 7

*Rule 7019 (a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

*Rule 7020 - - - Permissive Joinder of Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

*Rule 7027* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

4B Collier on Bankruptcy ¶ 70.70, p. 771 (14th ed.1979) . . . . . . . . . . . . . . . . . . . . . page 10

*Rule 9006 (b)(1)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

Rule 4005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

## *FEDERAL  RULES OF CIVIL PROCEDURE* PAGE

*Rule 9* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1, 2, 6, 7

*Rule 52* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

**Amended Brief in Support**

*Rule 9* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

*Rule 11* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 19, 20

*Rule 12 (b) (6)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1, 2, 11, 18, 22, 23

*Rule 12 (b)-(h)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

*Rule 19* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

*Rule 24* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8, 17

*Rule 27* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

*Rule 28* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

*Rule 52* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

4B Collier on Bankruptcy ¶ 70.70, p. 771 (14th ed.1979) . . . . . . . . . . . . . . . . . . . . page 10

## FEDERAL STATUTES

11 U.S.C.S. § 257 – § 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7 of Motion

11 U.S.C.S. § 506(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4, 6

11 U.S.C.S. § 523 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

Title 26, USC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1, 5

26 U.S.C. §1361(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

26 U.S.C. §1362(d)(2)(A),(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4

26 U.S.C. § 6331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3, 4

26 U.S.C. § 6332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

26 United States §3401(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

26 U.S.C. Section 6332(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

26 U.S.C. 6402(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

26 U.S.C.§ 7701(a)(14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

26 U.S.C. §7701(a)(26) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

26 U.S.C. §§[5005], 6051(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

## Amended Brief in Support

11 U.S.C. §§ 101(32) and (47) (1982 ed., Supp. IV) . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 13

11 U.S.C. § 101(45) (1982 ed., Supp. IV) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 13

11 U.S.C.S. § 523 (a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 6, 7

11 U.S.C.S. § 546 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

11 U.S.C. § 554(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 15

11 U.S.C. § 1129(a)(7)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 11

Title 18 §1017 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 6

Title 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page7

26 U.S.C.  Section 506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9, 12, 14, 17

26 U.S.C. 3401(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

26 U.S.C. 3121(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

§ 64a, Bankruptcy Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4, 7

§ 67d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

Section 67(d) of the 1898 Act, 30 Stat. 544, 564 . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

Chandler Act of 1938, 52 Stat. 840 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

H.R.Rep. No. 95-595, p. 3 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 14

Article V, and VI of the Constitution of the United States . . . . . . . page 6 of Motion and page 19

Fifth Amendment  (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

Sixth Amendment  (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 24

ix

## JURISDICTION

The jurisdiction for *Amended Motion for Rehearing De-novo/Reconsideration*, pursuant to F. R. of Civ. Procedure Rule 15, Amended Pleadings, which Claimant invokes, along with *Federal Rules of Bankruptcy Rule 3008 - - - Reconsideration of Claims*, **Rule 7015** and *Federal Rules of Bankruptcy Rule 8015 - - - Motion for Rehearing*, in the United States Bankruptcy Court, Southern District of New York.

## STATEMENT OF CASE

This is an action for reconsideration of the Hearing of the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, because the Claimant, Scott Darryl Reese, claims several errors of the trial judge and a denial of his federally protected Constitutional Rights, Privileges and Immunities pursuant to the Constitution of the United States, 1791, as amended.

## REASONS FOR GRANTING THIS AMENDED
## MOTION FOR RECONSIDERATION

Claimant, moving pursuant to *F. R. of Bankruptcy Procedure 3008* for Reconsideration of the Hearing, associated with the transcribed order held on October 26, 2007, and the related order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, and in his *Motion for Rehearing De-novo/Reconsideration* that was filed in reference to the transcripts that were originally attached, preserves his Right to Redress the court pursuant to Article One of the

Amendments to the Constitution of the United States of America, 1791, as amended.

Now, Claimant, Scott Darryl Reese, moves before the court with an Order [unsigned] of the court dated November 5, 2007, as attached as the final Order of the court, to file his Amended Motion and Brief In Support for his *Motion for Rehearing De-novo/Reconsideration*, and argues several points of law the trial judge is in error of in association with the *F. R. Bankruptcy Procedure*.

The *F.R. Bankruptcy Procedure* provided for such rehearing within the United States Bankruptcy Court for the Southern District of New York, and are joined with the *F. R. of Civ. Procedure, Rule 15, Amended Pleadings*, to conform with the Order dated November 5, 2007.

## *RELIEF REQUESTED*

Claimant, Scott Darryl Reese, respectfully requests this court grant his *Amended Motion for Rehearing De-novo* and *Amended Brief In Support De-novo* of the order dated November 5, 2007 of the hearing held on October 26, 2007.

Claimant, Scott Darryl Reese, respectfully requests this request for relief in his *Amended Motion for Rehearing De-novo* and *Amended Brief In Support De-novo* under the *F. R. of Bankruptcy Procedure* and the *Federal Rules of Civil Procedure, Rule 15, Amended Pleadings,* as provided in these rules cited, and grant the relief requested in his *Motion for Rehearing De-novo* and *Brief In Support De-novo*, as well as the relief requested in the original pleadings, specifically dealing with Proof of Claim.

xi

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

........................................................................... x

| | |
|---|---|
| Scott Darryl Reese, | : |
| Claimant | : |
| | : |
| v. | : |
| | : |
| IN RE: | :  Honorable Robert Drain |
| | : |
| DELPHI CORPORATION, et. al., | :  Case No. 05-44481 |
| DELPHI - DEBTOR IN POSSESSION | : |
| DELPHI CHASSIS SYSTEMS | :  **Bankruptcy Trustee** |
| Debtor, | : |
| | :  **(Jointly Administered)** |

...........................................................................x

COUNSEL FOR THE DEBTORS.
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
    -and-
Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055

_____/

# AMENDED BRIEF IN SUPPORT

In this matter, Scott Darryl Reese moves before this court on his *Amended Motion for Rehearing De-novo/Delphi Bankruptcy Proceedings - Reese* of the order of the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007. In his *Motion* he has brought to the attention of the court, by and through his motion for reconsideration, several errors of the court in the proceedings of the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007. Claimant was finally served a copy of said order, for a true and accurate argument.

To further his reliance defense of the errors that he has pointed out in his motion for reconsideration, and through this brief in support, he now moves before this court, stating these errors of the court and rests his argument of these errors under *Federal Rules of Bankruptcy Procedure* and *Federal Rules of Civil Procedure*, and says as follows to the court and this honorable judge presiding over this *Amended Motion for Rehearing De-novo.*

The court in error failed to find the facts specially and state separately its conclusion of law, and its conclusion of law on the following "findings of fact when appropriate" drew a presumptive conclusion by code, in conflict with the positive law(s) of the Constitution for the united States of America, 1791, as amended, and the Statutes at Large, as the supreme law of the land. Also, the only "findings of fact when appropriate" were those on record put down by Claimant, as no others were properly or timely served upon Claimant prior to the hearings of October 25TH and 26TH, 2007, nor does the affidavit of Jeanine DeLuca, seemingly so heavily relied upon by the court constitute more than mere opinion of what she believes the law to say, probably never having opened any legal books on tax law or any other law. This is likewise true for the "evidence" that the attorneys for debtor *Delphi et. al.* submitted to the court. An I.R.S. bulletin, is at best, evidence of evidence of evidence of the law, and not the law, and certainly not "evidence." The only thing that the attorneys for debtor *Delphi et. al.* can attest to is what they're charging their client.

Firstly, Claimant advised the court he did not receive the *Debtors' Objection to Scott Darryl Reese's Motion for leave to File Late Claim.* Pursuant to ***F. R. of Bankruptcy Procedure Rule 3007 - - - Objections to Claims and F. R. of Bankruptcy Procedure Rule 3002***: An objection to allowance of a claim shall be in writing and filed. A copy as the objections with notice of hearing thereon shall be mailed or otherwise delivered to the Claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing, (and/or pursuant to *F. R. of Civ. Procedure Rule 12 (b)(6)*, judgment on the pleadings, claimant has 20 days to respond to *DEBTORS' OBJECTION*

*TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM"))* not the nine (9) days before the scheduled Omnibus Hearing that attorneys for debtor *Delphi et. al.* are attempting to have stand as a valid Adversary Hearing, in clear defiance of the court rules. See Attachment 3, dated October 16, 2007. If an objection to a claim is joined with a demand for relief of the kind in **Rule 7001**, it becomes an Adversary Proceeding. See *F. R. of Civil Procedure Rule 52.* Also see *F. R. of Bankruptcy Procedure Rule 7012 - - - Defenses and Objections — When and How Presented — By Pleading or Motion — Motion for Judgment on the Pleadings*, in relationship to debtor's motion (*Objection to Scott Darryl Reese's Motion for Leave to File late Claim*) as a motion to dismiss. See *F. R. of Bankruptcy Procedure Rule 3002.* Without clarification by the court in its order citing *F. R. of Bankruptcy Procedure Rule 3007*, Claimant is under the assumption that the court is referencing the fact that Claimant did not personally serve debtor *Delphi et. al.*, as reason for the court citing *F. R. of Bankruptcy Procedure Rule 3007.* Claimant served two (2) copies of the initial pleadings to both law firm locations of *Skadden, Arps, Slate, Meagher, & Flom LLP*, located in Chicago, Illinois, and New York, New York, respectively, and said law firms served upon debtor *Delphi et. al.* all copies of the initial pleadings. See Attachment 3, dated October 16, 2007.

**Argument:**  the Claimant alleges the court in error allowing Debtor's objections in violation of *F. R. of Bankruptcy Procedure Rule 3007 - - - Objections to Claims.*

Secondly, Claimant advised the court he did not receive a copy of the bar date by the Clerk of the court as a requirement pursuant to *F. R. of Bankruptcy Procedure Rule 3002 - - - Notice to Creditors.* Pursuant to *F. R. of Bankruptcy Procedure Rule 2002,* notice of bar date comes from clerk's office. Debtor *Delphi et. al.* failed to counter-claim Claimant's claim of no notice for the record or file as an exhibit of the debtor, such notice coming from the clerk of the court. See *Re Cortes 1991, ED Pa.) 125 BR 418.*

**Argument:**  Claimant alleges that the court is in error for granting such relief in violation of the *F. R. of Bankruptcy Procedure*, the *Federal Rules of Civil Procedure* and the Fifth Amendment of the Constitution of the United States, a violation of Due Process and Equal Protection of the law in an Article III court of the United States. See *Rule 7012 (b) – Applicability of Rule 12 (b)-(h) F.R.Civ.P.* Rule 12 (b)-(h) F.R.Civ.P. applies in Adversary Proceedings. A responsive pleading as debtor's motion (*Objection to Scott Darryl Reese's Motion for Leave to File*

*Late Claim*) claims to be as a motion to dismiss, shall admit or deny an allegation that the proceeding is **core or non-core.**

The court is in error in granting debtor *Delphi et. al.* relief to dismiss Claimants's late filing (more properly a *Post Petition Claim*, as corrected by the court), Proof of Claim and discharge of lien on the property described in the lien. Claimant states the court is in error, said court drawing a presumptive conclusion by code in conflict with the positive law(s) of the Constitution of the United States and the *Statutes at Large* as the Supreme Law of the Land.

In orders dismissing complaint (Claimant's *Proof of Claim* that incorporated the *Federal Rules of Civil Procedure, particularly Rule 9*), when the bankruptcy judge dismisses Claimant's cause of action without leave to amend, it is reviewed **de-novo** by the Bankruptcy Court as a *Motion for Rehearing* on the alleged error of the bankruptcy judge within the United States Bankruptcy Court, Southern District of New York, to correct the alleged errors. NO NOTICE WAS GIVEN to Claimant that the debtor's motion *(Objection to Scott Darryl Reese's Motion for Leave to File Late Claim)* would be treated as a motion to dismiss. See *Federal Rules of Civil Procedure Rule 12(b)(6) - failure to state a claim upon which relief can be granted.* The purpose of Rule 12 is to require defendant (debtor *Delphi et. al.*) To plead all available defenses at risk of waiving them. *Moore v. Dunham* (1956, CA10 Okla) 240 F2d 198. Claimant would have twenty (20) days to respond to a *Rule 12(b)(6) Motion,* as judgment on the pleadings. *Leimer v. State Mut. Life Assur. Co.* (1940), DC Mo) 1 FRD 386.

Claimant, Scott Darryl Reese, reserves the right for third party joinder. *Pursuant to F. R. of Bankruptcy Procedure Rule 7019 - - - Joinder of Persons Needed for Just Determination* and the *Federal Rules of Civil Procedure Rule 19 - - - Joinder of Persons Needed for Just Adjudication* in this Adversary Proceeding, Claimant, Scott Darryl Reese has the right to call and cross examine the I.R.S. agent responsible for filing the "Notice of Levy" (ostensibly, a "Denise Bradley," if the signature is any indication) that was introduced by the attorneys for debtor *Delphi et. al.* in the filing of debtor's motion *(Objection to Scott Darryl Reese's Motion for Leave to File Late Claim)* as a motion to dismiss.

Claimant has the right to cross examination of the person(s) filing and associated with the "Notice of Levy" (again, probably a "Denise Bradley," if the signature is any indication) and "Notice of Lien" **(starting with the County Recorder for Oakland County, and inclusive of the payroll department worker(s) for debtor *Delphi et. al.* [Jeanine DeLuca?] transmitting fraudulent**

*Form W-3*s and *Form 1096*s **to the Internal Revenue Service, and also inclusive of "Debra K.
Hurst" ... "whose signature appears on the lien" ...; as well as the Secretary of the Treasury,
Henry M. Paulson, Jr., and the IRS Commissioner Mark Everson, Kevin Brown (Acting
Commissioner))** that is, and are, the instrument used by debtor *Delphi et. al.* to take Claimant's
private property money due Claimant, and to inquire if the "Notice of Levy" and "Notice of Lien"
is, and are, a valid claim against Citizen Scott Darryl Reese. See *F. R. of Bankruptcy Procedure
Rule 7019.*

   **Argument:** The attorneys for debtor *Delphi et. al.* are in error in filing debtor's motion
(*Objection to Scott Darryl Reese's Motion for Leave to File Late Claim*) as a motion to dismiss, and
non-compliance with the Court Rules as cited. If the response is that the proceeding is ***non-core,***
it shall include a statement that the party does or does not consent to entry of final orders or judgment
by the bankruptcy judge. In ***non-core proceedings*** final orders and judgments shall not be entered
on the bankruptcy judge's order except with the expressed consent of the parties. Claimant, Scott
Darryl Reese, did not consent to the bankruptcy judge's order. The order of the bankruptcy judge
is contested by and through the *Motion for Rehearing De-Novo* proceeding under the expressed *F.
R. of Bankruptcy Procedure*, the *Federal Rules of Civil Procedure* cited and *Pleading Special
Matters*.

   **Argument**: Claimant alleges the court is in error by granting relief to Debtor *Delphi et.
al.* denying Claimant his *Motion for Late Filing* [properly a *Motion for Post Petition Claim*].

   Thirdly, Claimant advised the court of extraordinary circumstances in filing his Proof of
Claim and the associated motions filed with the court. The court was advised by and through the
attached exhibits verification(s) of his private sector work schedule and the consideration of the
traveling to and from work to his private domicile. See Affidavit with attached map.

   **Argument**: Claimant alleges that the court is in error by granting relief to debtor *Delphi
et. al.* denying Claimant his *Motion for Late Filing* (more properly a *Motion for Post Petition Claim*)
of extraordinary circumstances that were, and are, beyond his reasonable control, such as working
to provide a living for his family, or loss of his job at *Delphi* in the private sector as a private sector
worker.

   Fourthly, Claimant advised the court of his basis of claim by filing a Common-Law lien to
protect his claim against *Delphi et. al.* for the unauthorized taking of his private property. A lien for

a private debt is superior to a claim for taxes, its status is preserved by § 67d (as it was before 1910) if the lien was given or accepted in good faith and not in fraud of the act, and for a present consideration before the court is a valid lien, which claims priority under § 64a, Bankruptcy Act. Further, Claimant alleges that he was "stripped down" of his lien without a judicial determination, which cannot be classified as "not an allowed secured claim" for purposes of the lien-voiding provision of § 506(d). Additionally, the IRS "Notice of Lien" so heavily relied upon by the attorneys for debtor *Delphi et. al.* and this court in its opinion of October 26, 2007, is nothing more than an imperfected piece of paper, not worth the ink that it's printed on. These IRS "Notice of Lien(s)" are NOT perfected. They *are* *<u>NOT</u>* liens. They are "NOTICES OF". They are, at most, a bill stating, "We think you owe this." It would serve the attorneys for debtor *Delphi et. al.*, and the court, if they comprehended the distinction. It would also serve to comprehend what evidence Claimant has entered on record in this regard, in the manner of a *Freedom of Information Act* request as "**Exhibit H**" of the *Proof of Claim in Delphi Bankruptcy Proceedings - Reese* (referenced as "Proof of Claim", *supra* and *infra*), and the response to it by the Internal Revenue Service, as "**Exhibit P**" of the *Proof of Claim in Delphi Bankruptcy Proceedings - Reese* stating, contrary to the court's opinion of October 26, 2007, that "If you wish to have a copy of the original document filed, that copy can be obtained from the county clerk's office where the lien was filed." It should escape no one's attention that the IRS says that there exists a lien that was filed; however, only a "Notice of Lien" has been put on the record. It's not up to Claimant to prove a negative, or that which doesn't exist. It is up to the opposition to prove the positive, or that which does exist. The Internal Revenue Service has been very secretive and discreet about what they respond to, and there is a reason.

The guidelines for what constitutes an actual lien are very specific. Under the *Federal Tax Lien Registration Act*, the requirements for an actual lien:

A. Positive identification of the lien claimant.
    (1) Photo of IRS Lien Claimant on file with the county.
    (2) Fingerprint of IRS Lien Claimant on file with the county.
    (3) Written Proof of Delegation of Authority to Lien Claimant from Secretary of the Treasury of the United States.
    (4) Proof of Certification as required by MCL. Proper Certification consists of an *Affidavit of Obligation* hand-signed by IRS Lien Claimant in front of the county notary, and under penalty of perjury, as true, correct, and complete, the same IRS requirement as on *Form 1040* form.
    (5) Full disclosure as required by the *Uniform Commercial Code* (UCC).
    (6) Any Lien, if lawfully constructed, must contain a sworn affidavit

assessment as part of the full disclosure requirement.

Any competent person will notice the requirement of point (6) directly above, with the requirement of "a sworn affidavit assessment as part of the full disclosure requirement." Claimant requested, via a *Freedom of Information Act* request as **"Exhibit G"** of the *Proof of Claim in Delphi Bankruptcy Proceedings - Reese*, for exactly this. The response to it by the Internal Revenue Service, as **"Exhibit O"** of the *Proof of Claim in Delphi Bankruptcy Proceedings - Reese*, was: "There are no SRAs [*Summary Record of Assessment] on file which identify you or any other taxpayer by name." The IRS is trying to be circumspect in its response in several respects, while still admitting it has no assessment. It even sent an unrequested IMF file, which amounts to nothing more than computer printouts. "It is well established that a lien is lost if the steps required to perfect it are not taken in the same manner and within the time prescribed by law." *Strickland v. General Building and Masonry Contractors, Inc.*, 22 N.C. App. 729, 207 S.E.2d 399 (1974).

The document from the Internal Revenue Service is a "Notice of Lien" and not an actual Lien, that when introduced by the attorneys for debtor *Delphi et. al.* into the record of the court may be in violation of *11 U.S.C. § 506(d)* as an unsecured Lien. What seems to be happening is the *Notice of Federal Tax Lien* is taken to the County Recorder, the recorder stamps it, and puts it into a *Lien Index* – thereby committing **Securities Fraud**. King County (Seattle, Washington) and San Bernardino County (largest county in California, with 31 towns and settlements), as well as other counties, have both corrected their errors of filing "Notices of Liens" as actual "Liens" .... "Federal Tax Lien" to "Federal Tax Lien, Notice Of". Every county in the fifty united States is also under direction to correct its system of filing, either voluntarily or through lawsuits. County Recorders stamping a "Notice Of Federal Tax Lien" as a "negotiable instrument" and a "security" are committing a *Seals violation* – Any stamped document that does not provide Due Process is a *Seals violation*. See *Chapter 47, Fraud and False Statements, Title 18 §1017 – Government seals wrongfully used and instruments wrongfully sealed*.

While the circumstances creating the "Notice of Lien" have been alluded to, the conditions and context of how and why it was able to be created are now indicated. Claimant requested, via a *Freedom of Information Act* request as **"Exhibit I"** of the *Proof of Claim in Delphi Bankruptcy Proceedings - Reese*, copies of *Form W-3*, with a sworn statement as to their accuracy of 3401(a) and 3121(a) "wages", and copies of *Form 1096*, with a sworn statement as to their accuracy of

involvement in a "trade or business", as reproduced below.

**(4)** Send me true, certified, and complete copy(s) of all Information Returns, in conjunction with (1)(a) through (1)(o), specifically *Form W-3*, with a sworn statement as to their accuracy of 3401(a) and 3121(a) "wages", signed or otherwise, which, if applicable, state that I'm an employee, earning wages while working for an employer.

**(5)** Send me true, certified, and complete copy(s) of all Information Returns, in conjunction with (1)(a) through (1)(o), specifically *Form 1096*, with a sworn statement as to their accuracy of involvement in a "trade or business", signed or otherwise, which, if applicable, state that I'm an employee, earning wages while working for an employer.

Claimant also requested copies of these from *Delphi et. al.* at various times. See *Notice to General Motors/Delphi Automotive Payroll Services* (**Exhibit 1A**, page 3); *Delphi - Letter to General Motors-Delphi Automotive Payroll Services 04-02-07* (**Exhibit W**, actually dated April 3, 2007, but saved in my files as "04-02-07"), *Delphi - Letter to Delphi Corporation Tax Staff 04-30-07* (**Exhibit Z**, more correctly, *Notice to Delphi Corporation Tax Staff 05-09-07*, page 2, points five (5) through ten (10), for the present immediate relevancy); and *Delphi - Letter to General Motors-Delphi Automotive Payroll Services 08-21-07* (**Exhibit AA**). All Exhibits are those that were filed with the original Proof of Claim.

Claimant pled **Special Matters** to conform to *F. R. of Bankruptcy Procedure Rule 7009* in the term "defalcation" under *11 U.S.C.S. § 523 (a)(4)* without citing Bankruptcy Rule, however; Claimant did plead **Special Matters** under the *F.R. Civ. Procedure Rule 9*.

Claimant alleged that the debtor did a fraud in the taking of money under the I.R.S. "Notice of Levy", which is not a Levy without a judicial order.

However, Claimant, without citing *11 U.S.C.S. § 523 (a)(4)*, did comply by *pleading special matters with particularity* in order to survive motion to dismiss, where, as in this matter, the court treated the debtor's motion (*Objection to Scott Darryl Reese's Motion for Leave to File Late Claim*) as a motion to dismiss. See *Re Baker* (1986, BC DC Nev.) 66 BR 652. Also see *Re Hallmark Builders, Inc.*, (1986, BC MD Fla.) 67 BR 63. *F. R. of Civil Procedure Rule 9 (g)* make applicable by **Bankruptcy Rule 7009** an action for breach of contract.

**Argument**: Claimant alleges that the court is in error granting relief to debtor *Delphi et. al.*, which denied justice to the Claimant by deeming the *Claim of Lien* void.

Fifthly, Claimant alleges that he was stripped of his equitable relief without due-process and equal protection of the law. The determination of the court was by code. The court relied on an erroneous reading of Title 26 of the Internal Revenue Code, protecting the debtor under the

Bankruptcy Code without a judicial determination of the positive *Statutes at Large*.

Therefore, Claimant moves this court for reconsideration, and rehearing De-Novo of the relief granted to Debtor Delphi. ----------

Claimant advised the court he did not receive the *Debtors' Objection to Scott Darryl Reese's Motion for Leave to File Late Claim*. **Pursuant to F. R. of Bankruptcy Procedure Rule 3007 - - - Objections to Claims**: An objection to allowance of a claim shall be in writing and filed. A copy of the objections with notice of hearing thereon shall be mailed or otherwise delivered to the Claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind in Rule 7001, it becomes an *Adversary Proceeding*. See **F. R. of Civil Procedure Rule 52**. Intervention is permitted under **F. R. of Civ. Procedure Rule 24**.

Notwithstanding Claimant's failure to file for third party in his *Proof of Claim* and *Motion for Leave to File Late Claim*, Claimant was not properly advised the debtor *Delphi et. al.* would rely on the Internal Revenue Code as a reliance defense in their motion (*Debtors' Objection to Scott Darryl Reese's Motion for Leave to File Late Claim*) as a motion to dismiss. The bankruptcy court has power pursuant to former **Bankruptcy Rule 719 (a)** to order the appropriate person(s) be made a party to this cause of action before this United States Bankruptcy Court, Southern District of New York. Also see *11 U.S.C.S. § 546 (c)* to lift stay under *11 U.S.C.S. § 362* as a necessary party *John Doe-Jane Doe unknown*.

This action by debtor *Delphi et. al.* is not a voluntary surrender of private property, money due Claimant, Scott Darryl Reese, which involved his property rights under the laws and the Constitution of the United States, and the property should be considered a secured interest and makes just adjudication fall within the meaning of **F. R. of Bankruptcy Procedure Rule 7019**. See. *Re Central States Press* (1985, BC WD Mo.) 57 BR 418. See **Bankruptcy Rule 7020 - - - Permissive Joinder of Parties**, and the admissible evidence by the attorneys for debtor *Delphi et. al.*, Claimant's accretions are made within 60 day limit for joinder of parties. See Exhibits A, B, and C of *Debtors' Objection to Scott Darryl Reese's Motion for Leave to File Late Claim*. The above is pursuant to **F. R. of Bankruptcy Procedure Rule 7028**, **F. R. Civ. Procedure Rule 28**, which applies in Adversary Proceedings to Persons Before Whom Depositions May Be Taken, and is joined with **F. R. of Bankruptcy Procedure Rule 7027 - - - 7027 Depositions Before Adversary Proceeding or Pending**, with **Rule 27 F.R. Civ. P.**

The court in *City of Richmond v. Bird,* 249 U.S. 174 (1919), held:"Section 64a of the Bankruptcy Act, in directing payment of taxes before dividends to creditors, means general creditor; when by the local law a lien for a private debt is superior to a claim for taxes, its status is preserved by § 67d (as it was before 1910) if the lien was given or accepted in good faith and not in fraud of the act, for a present consideration." Id.

240 F. 45 affirmed.

"November 4, 1909, the Chancery Court at Richmond, upon petition filed the preceding day, appointed a receiver for the Ainslie Carriage Company; February 3, 1910, the company was adjudged bankrupt in involuntary proceedings instituted November 6, 1909. At time of receiver's appointment, taxes assessed upon the bankrupt's personal property for the years 1907, 1908, and 1909 were due the City of Richmond for which it had not distrained, although having authority so to do. Respondents, landlords of the bankrupt, under express statutory authority, levied a distress warrant November 1, 1909, upon its goods and chattels on account of rent due for the period since April 1, 1908. The question is whether their claim is entitled to priority of payment over the taxes. The circuit court of appeals answered in the affirmative. 240 F. 545."

"The city, while not disputing that levy of the distress warrant gave respondents a valid lien, claims priority under § 64a, Bankruptcy Act."

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax, the same shall be heard and determined by the court."

**Argument:** This, *supra*, presents Federal question jurisdiction before the Article III United States Bankruptcy Court, Southern District of New York.

**Argument:** The Claim of Lien filed by Scott Darryl Reese was filed under the laws of the state of Michigan and recorded under the laws of the state of Michigan. All parties were served a true copy of the lien as notice of filing of the claim of lien in good faith, with evidence to support Mr. Reese's Claim of Lien.

"It is not denied that respondents obtained a present valid lien upon the bankrupt's goods and chattels distrained November 1, 1909, nor is it now claimed this was annulled by adjudication of bankruptcy. That the [**249 U.S. 176**] City of Richmond had no lien for past-due taxes upon these goods and chattels when the chancery court receiver took possession, we think must be regarded as settled by *Jackson Coal Co. v. Phillips Line*, 114 Va. 40 (1912), and this notwithstanding differences between its charter, and that of Petersburg. The Supreme Court of Virginia there said (pp. 49-50):

**Argument:** The "Notice of Levy" by the Internal Revenue Service is without judicial determination of judgment, that Scott Darryl Reese owes the alleged taxes as alleged in the "Notice of Levy." A "Notice of Levy" is not a Levy and should not be treated as a Levy.

Re: *"New Jersey v. Anderson*, 203 U.S. 483, is not decisive of any point here contested; it only adjudged that New Jersey's claim was for a tax within the meaning of **§ 64a,** and entitled to be treated accordingly." See *New Jersey v. Lovell*, 179 F. 321. See *Dewsnup v. Timm*, 502 U.S. 410 (1992), *United States v. Speers*, 382 U.S. 266 (1965), *Simonson v. Granquist*, 369 U.S. 38 (1962), *Goggin v. California Labor Div.*, 336 U.S. 118 (1949), *Lewis v. Fidelity & Deposit Co.*, 292 U.S. 559 (1934), *Oliver v. United States*, 268 U.S. 1 (1925), *Taubel-Scott-Kitzmiller Co., Inc. v. Fox*, 264 U.S. 426 (1924), *Marshall v. New York*, 254 U.S. 380 (1920).

See **Section 506 provides in full:**

(a) "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." See *Dewsnup v. Timm*, 502 U.S. 410 (1992).
See - - - **Section 67(d) of the 1898 Act, 30 Stat. 544, 564,** made this explicit:

> "Liens given or accepted in good faith and not in contemplation of or in fraud upon this Act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this Act." at **Dewsnup v. Timm.**
> See - - - **Section 67(d)** . . . declares that liens given or accepted in good faith and not in contemplation of or in fraud upon this Act, shall not be affected by it. *City of Richmond v. Bird*, 249 U.S. 174, 177 (1919).

"This precise statutory language did not appear in a reorganization of the section in the **Chandler Act of 1938, 52 Stat. 840.** A respected bankruptcy authority convincingly explained that this was done not to remove the rule of validity, but because "the draftsmen of the 1938 Act desired generally to specify only what should be invalid." **4B Collier on Bankruptcy ¶ 70.70, p. 771 (14th ed.1979) (emphasis in original).** The alteration had no substantive effect. *Oppenheimer v. Oldham*, 178 F.2d 386, 389 (CA2 1949)." regarding **Dewsnup v. Timm.**

**Argument:** This brings into question whether the "Notice of Levy" by the Internal Revenue Service, Department of Treasury, was in good faith and also whether debtor *Delphi et. al.* acted in good faith and that the "Notice of Lien" was filed in good faith, under the laws of the state of Michigan and the law of the United States. See **11 U.S.C. § 1129(a)(7)(B).** In other words, the present value of such payments [**to the § 1111(b)(2) elector**] need only equal the value of the secured creditor's interest in its collateral. *Collier on Bankruptcy* **¶ 1111.02, pp. 1111-25 - 1111-26, n. 23 (15th ed.1990).**

The court held in *Re Nutri* * *Bevco, Inc.*, 117 BR 771 (1990, BC SD NY): Claimants received notice of claims of bar date sufficient to satisfy Fifth Amendment due-process. See ***F. R. of Bankruptcy Procedure Rule 3003.***

**Argument:** Further the I.R.S. claim was not filed in the Bankruptcy Court within the bar date as required by ***F. R. of Bankruptcy Procedure Rule 3003 (c)(2)*** to have standing in court as a governmental unit.

Claimant alleges *abuse of discretion standard* governs review of Bankruptcy Court's refusal to allow Creditor, Scott Darryl Reese, to file late Proof of Claim under ***Bankruptcy Rules 3003 (c)(3) and 9006 (b)(1)***. See *Re Vertientes, Ltd.*, 845 F2d 57, 17 BCD 1038, CCH Bankr L. Rptr 72283, (1988, CA3 NJ.). Also see *Re Standards Metals Corp.* (1985, DC Colo) 48 BR 778, CCH Bankr. L. Rptr. When Claimant alleges that his Constitutional Rights have been violated as Citizen Scott Darryl Reese has alleged, grounds for challenging the judge's order are created, when judge's order violates ***F. R. of Bankruptcy Procedure.***

Further, debtor *Delphi et. al.* did not allege prejudice as a defense of pleading of unreasonable delay if the court was to grant Claimant's late filing of his *Proof of Claim*, and *Motion for Late Filing* (more properly a *Motion for Post Petition Claim*). See ***Re. Jartan, Inc., (1987, BC ND ILL.) 76 BR 123,*** – late proceedings as a defensive objection to Mr. Reese's Motions and Proof of Claim. See *F. R. of Civ. Procedure Rule 12 (b)(6)*, pleading defenses and waiving defenses not pleaded.

**Argument:** Claimant has met the Burden of Proof in Objecting to Discharge, **F. R. of Bankruptcy Procedure Rule 4005**, with the Claimant showing a prima facie case, both at law and equity of going forward with the evidence that remains undisputed, and shifts to debtor to explain, and rebut. The debtor may have violated the spirit of bankruptcy laws and should therefore be denied privilege of eliminating legal obligations of Claimant's Proof of Claim and claim of actual personal injury, with the taking of private property as alleged in Claimant's Proof of Claim and objections that the I.R.S. "Notice of Lien" is not a lien, and also may be in violation of the Bankruptcy Rules. See *Re Cohen* (1985, BC SD Fla.) 47 BR 871, 12 BCD 1210.

Further, Scott Darryl Reese, in reviewing Delphi's case, cited *Midlantic Nat'l Bank v. N.J. Dep't of Envt'l. Prot.*, 474 U.S. 494 (1986), reviewing *United States v. Ron Pair Enterprises*, 489 U.S. 235 (1989). This is a Michigan tax case and tax liens.

The court points out several issues first — "After respondent filed a petition under Chapter

11 of the Bankruptcy Code of 1978 (Code), the Government filed proof of a prepetition claim for unpaid withholding and social security taxes, penalties, and prepetition interest. The claim was perfected through a tax lien on property owned by respondent. Respondent's ensuing reorganization plan provided for full payment of the claim, but did not provide for post-petition interest. The Government objected, contending that § 506(b) of the Code -- which allows the holder of an oversecured claim to recover, in addition to the prepetition amount of the claim, "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose" -- allowed recovery of post-petition interest, since the property securing its claim had a value greater than the amount of the principal debt. The Bankruptcy Court overruled this objection, but the District Court reversed. The Court of Appeals reversed the District Court, holding that § 506(b) codified the pre-Code standard that allowed post-petition interest on an oversecured claim only where the lien on the claim was consensual in nature."

> Held: "Section 506(b) entitles a creditor to receive post-petition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding." Pp. 238-249.

"(a) The natural reading of the phrase in § 506(b) that there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose entitles the holder of an oversecured claim to post-petition interest and, in addition, the holder of a secured claim pursuant to an agreement the right to the specified fees, costs, and charges. Recovery of post-petition interest is unqualified, whereas recovery of those fees, costs, and charges is allowed only if they are reasonable and provided for in the agreement under which the claim arose. Therefore, in the absence of an agreement, post-petition interest is the only added recovery available. This reading of **§ 506(b)** is also mandated by its grammatical structure. Since the phrase "interest on such claim" is set aside by commas, and separated from the reference to fees, costs, and charges by the conjunctive words "and any," that phrase stands independent of the language that follows." Pp. 241-242. [**489 U.S. 236**]

(c) "There is no significant reason why Congress would have intended, or any policy reason would compel, that consensual and nonconsensual liens be treated differently in allowing post-petition interest. Section 506(b)'s language clearly directs that post-petition interest be paid on all oversecured claims. *Midlantic National Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494, and *Kelly v. Robinson*, 479 U.S. 36, distinguished." Pp. 243-246.

"Respondent *Ron Pair Enterprises, Inc.*, filed a petition for reorganization under Chapter 11

of the Bankruptcy Code on May 1, 1984, in the United States Bankruptcy Court for the Eastern District of Michigan. The Government filed timely proof of a prepetition claim of $52,277.93, comprised of assessments for unpaid withholding and Social Security taxes, penalties, and prepetition interest."

"Section 506, enacted as part of the extensive 1978 revision of the bankruptcy laws, governs the definition and treatment [**489 U.S. 239**] of secured claims, i.e., claims by creditors against the estate that are secured by a lien on property in which the estate has an interest. Subsection (a) of § 606 provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured. Subsection (b) is concerned specifically with oversecured claims, that is, any claim that is for an amount less than the value of the property securing it. Thus, if a $50,000 claim were secured by a lien on property having a value of $75,000, the claim would be oversecured, provided the trustee's costs of preserving or disposing of the property were less than $25,000. Section 506(b) allows a [**489 U.S. 240**] holder of an oversecured claim to recover, in addition to the prepetition amount of the claim, "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

**Argument:**  It should be noted that Mr. Reese's action involves the taking of private property pursuant to an alleged filing of a "Notice of Levy" by an agent, officer and/or employee of the Internal Revenue Service in the collection of alleged taxes.

"The question before us today arises because there are two types of secured claims: (1) voluntary (or consensual) secured claims, each created by agreement between the debtor and the creditor and called a "security interest" by the Code, **11 U.S.C. § 101(45) (1982 ed., Supp. IV)**, and (2) involuntary secured claims, such as a judicial or statutory lien, see **11 U.S.C. §§ 101(32) and (47) (1982 ed., Supp. IV)**, which are fixed by operation of law and do not require the consent of the debtor. The claim against respondent's estate was of this latter kind. Prior to the passage of the 1978 Code, some Courts of Appeals drew a distinction between the two types for purposes of determining post-petition interest. The question we must answer is whether the 1978 Code recognizes and enforces this distinction, or whether Congress intended that all oversecured claims be treated the same way for purposes of post-petition interest."

**Argument:**  The questions before this court are the same questions that were raised in the matter of *United States v. Ron Pair Enterprises*, 489 U.S. 235 (1989). This (*Ron Pair Ent.*) is a

Michigan tax case and tax liens, and the Right of Mr. Reese to lien the Debtor's property and receive post-petition interest and damages is preserved.

"Initially, it is worth recalling that Congress worked on the formulation of the Code for nearly a decade. It was intended to modernize the bankruptcy laws, see **H.R.Rep. No. 95-595, p. 3 (1977)** (Report), and as a result made significant changes in both the substantive and procedural laws of bankruptcy. See *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 52-53 (1982) (plurality opinion). In particular, Congress intended "significant changes from current law in . . . the treatment of secured creditors and secured claims." **Report, at 180.** In such a substantial overhaul of the system, it is not appropriate or realistic to expect Congress to have explained with particularity each step it took. Rather, as long as the statutory scheme is coherent and consistent, there generally is no **[489 U.S. 241]** need for a court to inquire beyond the plain language of the statute."

"The task of resolving the dispute over the meaning of **§ 506(b)** begins where all such inquiries must begin: with the language of the statute itself. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685 (1985). In this case, it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917). The language before us expresses Congress' intent -- that post-petition interest be available -- with sufficient precision so that reference to legislative history and to pre-Code practice is hardly necessary."

**Argument:** The language of the meaning of §506(b) speaks for itself – **with the language of the statute itself** – the sole function of the court is to enforce it according to its terms. See *Caminetti v. United States*, 242 U.S. 470, 485 (1917).

"The relevant phrase in § 506(b) is: [T]here shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

"Such claim" refers to an oversecured claim. The natural reading of the phrase entitles the holder of an oversecured claim to post-petition interest and, in addition, gives one having a secured claim created pursuant to an agreement the right to reasonable fees, costs, and charges provided for in that agreement. Recovery of post-petition interest is unqualified. Recovery of fees, costs, and charges, however, is allowed only if they are reasonable and provided for in the agreement under

which the claim arose. Therefore, in the absence of an agreement, post-petition interest is the only added recovery available."

> Note — this claim by Mr. Reese arose under agreement by debtor *Delphi et. al.* to honor his *In Lieu of Form W-4* (**Exhibit B**), and *PH - W-4 Qualifying Declaration* (**Exhibit C**) exceptions to State and Federal, as well as local, taxes that under the I.R.S. Internal Revenue Code shall not be altered or disallowed.

The court: "We disagree. In *Midlantic*, we held that § 554(a) of the Code, 11 U.S.C. § 554(a), which provides that "the trustee may abandon any property of the estate that is burdensome to the estate," does not give a trustee the authority to violate state health and safety laws by abandoning property containing hazardous wastes. **474 U.S. at 507.** In reaching that conclusion, we noted that, according to pre-Code doctrine, the trustee's authority **[489 U.S. 244]** to dispose of property could be limited in order "to protect legitimate state or federal interests." **Id. at 500.** But we did not rest solely, or even primarily, on a presumption of continuity with pre-Code practice. Rather, we concluded that a contrary result would render abandonment doctrine inconsistent with other provisions of the Code itself, which embody the principle that "the trustee is not to have carte blanche to ignore nonbankruptcy law." **Id. at 502.** We also recognized that the outcome sought would be not only a departure from pre-Code practice, but also "an extraordinary exemption from nonbankruptcy law,"**id. at 501,** requiring some clearer expression of congressional intent. We relied as well on Congress' repeated emphasis in environmental legislation "on its 'goal of protecting the environment against toxic pollution.'" **Id. at 505,** quoting *Chemical Manufacturers Assn. v. Natural Resources Defense Council, Inc.,* 470 U.S. 116, 143 (1985). To put it simply, we looked to pre-Code practice for interpretive assistance, because it appeared that a literal application of the statute would be "demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. at 571.

**Argument:** The Claimant, Scott Darryl Reese argues the that the trustee (note the trustee to the best of Mr. Resse's knowledge did not appear in court, and the attorneys for debtor *Delphi et. al.* acted without the trustee) lacked the authority to abandon the property of Mr. Reese. The debtor had full first hand knowledge of the disputed "Notice of Levy" and the property of Mr. Reese that debtor *Delphi et. al.* has taken.

Further, Mr. Reese, after reviewing the bankruptcy rules finds no rules to allow joinder of administration of the debtor *Delphi et. al.* proceedings without being federal officials of the United States Bankruptcy Court. Further, Mr. Reese finds that the debtor *Delphi et. al.* did not file with the Bankruptcy Trustee a bond for twice the amount in controversy before this United States Bankruptcy Court, Southern District of New York. **See attached Addendum - A - of FEDERAL RULES OF BANKRUPTCY PROCEDURE that he has expectation that the court, the trustee, and the attorneys for debtor *Delphi et. al.* would follow.** Failure to follow these Rules would severely

jeopardize Mr. Reese's Rights, Privileges and Immunities under the laws and the Constitution of the united States.

"The trustee is not to have carte blanche to ignore nonbankruptcy law." **Id. at 502**. "**Id. at 49**. In Kelly, as in Midlantic, pre-Code practice was significant because it reflected policy considerations of great longevity and importance."

"*Kelly* and *Midlantic* make clear that, in an appropriate case, a court must determine whether Congress has expressed an intent to change the interpretation of a judicially created concept in enacting the Code. But Midlantic and Kelly suggest that there are limits to what may constitute an appropriate case. Both decisions concerned statutory language which, at least to some degree, was open to interpretation. Each involved a situation where bankruptcy law, under the proposed interpretation, was in clear conflict with state or federal laws of great importance. In the present case, in contrast, the language in question is clearer than the language at issue in **Midlantic and Kelly: as written it directs that post-petition interest be paid on all oversecured claims**. In addition, this natural interpretation of the statutory language does not conflict with any significant state or federal interest, nor with any other aspect of the Code. Although the payment of post-petition interest is arguably somewhat in tension with the desirability of paying all creditors as uniformly [**489 U.S. 246**] as practicable, Congress expressly chose to create that alleged tension. There is no reason to suspect that Congress did not mean what the language of the statute says."

"The fact that this Court never clearly has acknowledged or relied upon this limitation on the oversecured claim exception counsels against concluding that the limitation was well-recognized. Also arguing against considering this limitation a clear rule is the fact that all the cases that limited the third exception were tax lien cases. Each gave weight to *City of New York v. Saper*, supra, where this Court had ruled that post-petition interest was not available on unsecured tax claims, and reasoned that the broad language of that case denied it for all tax claims. See *United States v. Harrington*, 269 F.2d at 721-722; *United States v. Bass*, 271 F.2d at 132; *In re Kerber Packing Co.*, 276 F.2d at 247. The rule [**489 U.S. 248**] articulated in these cases never was extended to other forms of nonconsensual liens. Obviously, there is no way to read **§ 506(b)** as allowing post-petition interest on all **oversecured claims except claims based on unpaid taxes**. For this reason, the statute Congress wrote is simply not subject to a reading that would harmonize it with the supposed pre-Code rule."

**Argument:** The Internal Revenue Service, and the Department of Treasury failed to secure a tax lien through the Bankruptcy court through the debtor *Delphi et. al.* — to collect the alleged taxes due the I.R.S. as a secured lien holder, because Debtor in Possession of the private property of Scott Darryl Reese has a claim in the Bankruptcy court. It should also be noted the debtor *Delphi et. al.* — Debtor in Possession was in Bankruptcy court when the private property of Mr. Reese was taken and continues to be taken.

"More importantly, this "rule," in the few cases where it was recognized, was only a guide to the trustee's exercise of his powers in the particular circumstances of the case. We have noted that

the touchstone of each decision on allowance of interest in bankruptcy . . . has been a balance of equities between creditor and creditor or between creditors and the debtor. *Vanston Bondholders Protective Committee v. Green*, 329 U.S. at 165. All the exceptions to the denial of post-petition interest are not rigid doctrinal categories. Rather, they are flexible guidelines which have been developed by the courts in the exercise of their equitable powers in insolvency proceedings."

"In *re Boston and Maine Corp.*, 719 F.2d at 496: None of the cases cited by the Court of Appeals states that the doctrine does anything more than provide a bankruptcy court with guidance in the exercise of its equitable powers. As such, there is no reason to think that Congress, in enacting a contrary standard, would have felt the need expressly to repudiate it. The contrary view, which is the view we adopt today, is more consistent with Congress' stated intent, in enacting the Code, to codif[y] creditors' rights more clearly than the case law . . . [by] defin[ing] the protections to which a secured creditor is entitled, and the means through which the court may grant that protection. Report at 4-5 (emphasis added). Whether or [**489 U.S. 249**] not Congress took notice of the pre-Code standard, it acted with sufficient clarity in enacting the statute."

**"The judgment of the Court of Appeals is reversed."**

## Summary

Briefly, Claimant and Creditor Scott Darryl Reese summarizes his conclusions, pointing out to this honorable court and this honorable judge the several reversible errors of the court in the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, and incorporates pages 1 through 24 in his summary so as not to be repetitious in his pleadings.

The Claimant has filed with the court Affidavits and documents to show that he was not served a cut off date by the court under the *F. R. of Bankruptcy Procedure Rule 3002*.

Claimant requests the court on *Motion for Reconsideration* to find that the claim or "Post Petition Claim" was timely. See F. R. of Bankruptcy Procedure Rule 3008. Relief is requested pursuant to F. R. of Bankruptcy Procedure Rule 3002, as the court failed to advise Claimant that he is required to serve *Delphi et. al.*, if indeed they were required to be by Claimant; however, Claimant was advised by the clerk of the court and Evan J. Gershbein of *Kurtzman Carson Consultants LLC* that *Delphi et. al.* would be served, and they were. See attached letter in support.

Claimant requests the court on *Motion for Reconsideration* find that the *claim to intervene* was timely with Claimant's *Proof of Claim* and/or *Post Petition Claim*. Relief requested is pursuant to *F. R. of Civil Procedure Rule 24* and F. R. of Bankruptcy Procedure Rule 2018 – Intervention; Right to Be Heard pursuant to section (a) Permissive intervention.

Claimant requests the court on *Motion for Reconsideration* find that the claim for leave of

*Relief from Automatic Stay* was proper and timely to file his *Proof of Claim* and/or *Post Petition Claim*, as was his request for equitable relief in the equity proceeding before the court. Said request for relief was pursuant to *F. R. of Bankruptcy Procedure Rule 3002*. The clerk of the court in error and Debtor(s) attorney(s) in error failed to notify Claimant, Scott Darryl Reese, who is a creditor because of the actual controversy on money (private property) taken without Due Process and Equal Protection of the law, per Article V and Article VI, Amendments to the Constitution for the united States of America, 1791, as amended.

Claimant, Scott Darryl Reese argued that debtor *Delphi et. al.* and debtor's attorney are in violation of *F. R. of Civ. Procedure Rule 12 (b)(6)*, judgment on the pleadings, where Claimant has 20 days to respond to *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM")*, resulting in untimely service prior to Hearing Date, which is set by the clerk of the court.

Claimant request's the court on his *Amended Motion for Rehearing De-novo/ Reconsideration,* to find that the claim of his Lien against debtor *Delphi et. al.* is a valid claim of lien, along with the *Proof of Claim* and original attachments associated with the *Proof,* which were also timely and properly served on all parties, to secure his private property — an equitable action in equity. See *Proof(s) of Service* that were attached to Claimant's claim of Lien filed with the court. See *F. R. of Bankruptcy Procedure Rule 3002.*

Claimant request's the court on his *Amended Motion for Rehearing De-novo/ Reconsideration* to find that the claim that debtor *Delphi et. al.'s* objection to Scott Darryl Reese's *Motion for Leave to File Late Claim* is in violation of *F. R. of Bankruptcy Procedure Rule 7028, F. R. Civ. Procedure Rule 28 and F. R. of Civ. Procedure Rule 12 (b)(6)*, judgment on the pleadings, claimant has 20 days to respond to *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM")*.

Further, debtor and Debtor's attorney failed to request relief under the *F.R. of Civ. Procedure pursuant to Rule 12 (b)(6)*, as judgment on the pleadings.

The attorneys for debtor in error failed to timely serve Claimant, Mr. Reese, thirty (30) days prior to the hearing, and;

The attorneys for debtor in error failed to advise the court and Mr. Reese that theirs was a *motion to dismiss*: See Mr. Reese's arguments, and;

The attorneys for debtor in error failed to include in their pleading that the pleading is core or non core, as argued in Mr. Reese's *Amended Motion for Rehearing De-novo/Delphi Bankruptcy Proceedings - Reese* and *Brief in Support*, and;

Claimant requests this court declare that service to the debtor's attorneys on September 17, 2007, is proof of service to debtor *Delphi et. al.*, because the attorneys for debtor *Delphi et. al.* stand in the shoes of the debtors in the United States Bankruptcy Court for the Southern District of New York. This is not in violation of *F.R. of Bankruptcy Rule 3007* and *Rule 3002*: Claimant, upon his own initiative, takes this opportunity to serve *Delphi et. al.*, copies of *Motion for Reconsideration DeNovo, Brief in Support, Amended Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings*, and *Notice of Hearing* before this court, with the exception of the Claim of Lien that *Delphi et. al.* was personally served copy of in October of 2007. See previous proof of service filed with this court as proof of service.

An attorney of the court of king's bench cannot practise in the court of common pleas; nor vice versa. To practise in the court of chancery, it is also necessary to be admitted a solicitor therein." 3 Bl. Com. 25, 26. "Attorney, in English law, signifies, in its widest sense, any substitute or agent appointed to act in 'the turn, stead, or place of another.' The term is now commonly confined to a class of qualified agents who undertake the conduct of legal proceedings for their clients.

The word attorney was defined as: "ATTORNEY, n. One who takes the turn or place of another ...One who is appointed or admitted in the place of another, to manage his matters in law. The word formerly signified any person who did business for another; ...The word answers to the procurator, (proctor) of the civilians..." "Attorneys are not admitted to practice in courts, until examined, approved, licensed and sworn by direction of some court; after which they are proper officers of the court."

It is important to notice that an attorney could act "FOR" or "IN PLACE OF" an individual, whereas counselors were restricted to "PLEADING FOR" and "GIVING" of "ADVICE AND COUNSEL" in the presence of the accused or client. Counselors had no authority to "ACT FOR" or "IN PLACE OF" any client.

Federal Rule of Civil Procedure 11 provides, in relevant part, that "[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper" and "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact," and that a court shall impose an appropriate sanction "upon the person who signed" a pleading, motion, or other paper in violation of the Rule. (Emphasis added). After finding that there was no basis in fact for the copyright infringement action and

request for a temporary restraining order (TRO) filed by petitioner, through its counsel, against respondents, the District Court imposed Rule 11 monetary sanctions against petitioner on the ground that it had failed to make a reasonable inquiry before its president signed the initial TRO application and its research director signed a supplemental affidavit. The Court of Appeals affirmed. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, No. 89-1500, Argued Nov. 26, 1990, Decided Feb. 26, 1991, 498 U.S. 533. That a represented party may not be required to sign a pleading does not prohibit that party from attesting to the merit of a document filed on its behalf, and the signature of "an attorney or party" conveys the same message of certification. Thus, whether it is required or voluntary, a represented party's signature is capable of violating the Rule. A represented party's signature would fall outside the Rule's scope only if the phrase "attorney or party" were given the unnatural reading "attorney or unrepresented party." *Business Guides, supra*.

This brings into an actual case of controversy whether the *F. R. of Bankruptcy Procedure* rules are in controversy with the *F.R. of Civil Procedure* of an action commenced by debtor *Delphi et. al.*, and debtor's attorneys serve notice of the Delphi Bankruptcy proceeding. The honorable judge Robert Drain called this matter to the attention of Claimant in the Order dated November 05, 2007 of the hearing held on October 26, 2007. Pursuant to Rule 3007, in regarding any service to *Delphi et. al.*, Claimant was not aware *Delphi et. al.* had to be served, if indeed they are required to be, because of the lack of notice of bar date, and notice that under *F. R. of Bankruptcy Procedure* rules, Claimant is required to serve *Delphi et. al.* See attached letter served to Arthur Bruce Neilson, by the attorneys for debtor *Delphi et. al.*

Therefore Scott Darryl Reese requests an order from the court for leave to serve debtor *Delphi et. al.*, as Claimant moves without delay to serve Debtor, *DELPHI CORPORATION, et. al., DELPHI - DEBTOR IN POSSESSION,* DELPHI World Headquarters located at 5725 Delphi Drive, Troy, Michigan, 48098-2815 (copies of his *Motion for Rehearing De-novo/Reconsideration* and *Brief In Support* and his *Amended Motion for Rehearing De-novo/Reconsideration* and *Amended Brief In Support*) to conform to his speculation of the courts reference to *F. R. of Bankruptcy Procedure Rule 3007*. As the court order is without conclusion of law and/or a finding of law, Claimant can only speculate to the court citing Rule 3007. However, **Attachment 3** confirms that the attorney for debtor *Delphi et. al.* served and notified debtor *Delphi et. al.*

Claimant's claim points out to this honorable Article III court and the honorable judge overseeing this proceeding that the errors are reversible, and;

Claimant was denied his Due Process and Equal Protection of the law under the laws and the Constitution of the united States, specifically the Fifth Amendment and Sixth Amendment.

## Request for Relief

Wherefore, Scott Darryl Reese, Citizen of the fifty united States, requests that this honorable Article III court and the honorable judge presiding over this *Amended Motion for Rehearing De-novo/ Reconsideration* and *Amended Brief in Support De-novo* find the following:

Claimant was not timely served a bar date by the clerk of the court pursuant to *F. R. of Bankruptcy Procedure Rule 3002.*

Declare that Claimant's Petition to File Late Claim was timely.

Declare that Claimant's *Proof of Claim* and/or *Post Petition Claim* was/were timely.

Declare that the extenuating circumstances beyond his control justifies his filing of his actions timely, pursuant to *F. R. of Bankruptcy Procedure Rules 3002; 2002.* (See *Cortes* case.)

Declare that Claimant has a valid lien against the property of debtor *Delphi et. al.*, who are still in possession of his property.

Declare that the court and the honorable Robert D. Drain is  in error, reversing the order dated November 05, 2007 of the hearing held on October 26, 2007, on the six (6) points of dismissing Claimant's claim.

Wherefore, Claimant, Scott Darryl Reese, respectfully requests this court grant his *Amended Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings.*  Further, Claimant, Scott Darryl Reese, respectfully requests this court reverse the decision of the Honorable Robert D. Drain, as modified form the transcribed transcripts of the Hearing on October 26, 2007 (the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007), that the Claimant formed his foundation for his initial claim of *Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings* on: Firstly, the court reverse its decision to grant Mr. Reese's *Motion for Late Claim* (more properly designated a "Post Petition Claim") as being timely, because Mr. Reese was not notified of the bar date by the clerk of the court. Secondly, find that Mr. Reese seeks leave to have relief from the automatic stay, which is timely, because, as stated, it falls under the auspices of *F. R. of Bankruptcy Procedure Rule 3002 --- Notice to Creditors.* Thirdly, find that Mr. Reese should be granted intervention in this matter by the court. Fourthly, find that Mr. Reese has as a matter of Right to Intervene in this action. Fifthly, find that Mr. Reese  has a valid claim of lien on

the property of debtor *Delphi et. al.*, as described in his Claim of Lien; and find that Mr. Reese was not timely served a copy of *Debtors' Objection to Scott Darryl Reese's Motion for leave to File Late Claim*. Further, find that attorneys for debtor *Delphi et. al.* did not label the pleadings in their *Objection* as a Motion to Dismiss. Further, attorneys for debtor *Delphi et. al.* failed to advise the court and Mr. Reese, Claimant, that the proceedings are core proceedings pursuant to 28 U.S.C. §§157(b)(2)(H),(K) and 1334. In dispute is the Motion by *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM")*, and whether the proceedings were core or non core, whether Claimant had the requisite thirty (30) day notice (and/or pursuant to *F. R. of Civ. Procedure Rule 12 (b)(6)*, judgment on the pleadings, claimant has 20 days to respond to *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM"))* as to the issue of core or non core, and whether the proceedings were erroneously treated as an Adversary Hearing or Adversary Proceeding. Debtor's *Motion to Dismiss* was also erroneously treated as a grounds for dismissal, and needed the requisite minimum thirty (30) day notice from the clerk of the court to be treated as a core proceeding, as either an Adversary Hearing or Adversary Proceeding. Scott Darryl Reese argues that *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM")* is in violation of (and/or pursuant to *F. R. of Civ. Procedure Rule 12 (b)(6)*, judgment on the pleadings, claimant has 20 days to respond to *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM"))* when the Objections are treated as a Motion to Dismiss. Claimant was scheduled by Sunny Sing, clerk of the court for the United States Bankruptcy Court for the Southern District of New York, for an Omnibus Hearing on October 25, 2007, and, per Sunny Sing, at said Omnibus Hearing it would be determined what other hearings and elements necessarily related would be scheduled in the future. It was only about one week prior to the Omnibus Hearing that the attorneys for debtor *Delphi et. al.* somehow managed to "change up" the Omnibus Hearing and turn it into something other than the requisite Adversarial Hearing.

Claimant, having reviewed the judge's order, can only speculate as to Rule 3007 and Rule 7052 – Finding of the court, *Federal Rules of Bankruptcy Procedure*, that *Delphi et. al.* should have been served copies of all the proceedings that are now before the court. Pursuant to the *Federal*

*Rules of Civil Procedure, Rule 12*, insufficiency of service to *Delphi et. al.*, Rule 12 (b)(6) is not grounds for denial of Claimant's claim of action. Scott Darryl Reese was denied his day in court and his Due Process and Equal Protection of F. *R. of Civ. Procedure Rule 12* and *Rule 12 (b)(6)*, as well as Amendment Five to the Constitution of the United States, relating to the taking of private property. Further, citing *Federal Rules of Civil Procedure*, Rule 11, the attorneys for debtor *Delphi et. al.*, are the signers of the pleadings. The attorneys stand in the shoes of *Delphi et. al.*, and Claimant reserves his right to determine whether *Delphi et. al.* is required to be served. The court, in its order, did not specify that Claimant was to serve *Delphi et. al.* within a reasonable amount of time, to not cause undue delay. Claimant reminds the court that he is *pro se*, and not an attorney at law. Also, the court has an obligation to inform Claimant of an error such as this, if indeed an error it is. In discussion with Evan J. Gershbein, of *Kurtzman Carson Consultants, LLC*, Claimant was informed that ***ALL BANKRUPTCY PROCEEDINGS*** associated with *Delphi et. al.* would be done through them as far as notice, service, and posting of proceedings were concerned, and that *Delphi et. al.* would be notified. (All proceedings, per Dorothy Li, clerk of the United States Bankruptcy Court for the Southern District of New York, and Evan J. Gershbein, of *Kurtzman Carson Consultants, LLC*, were and are scanned and filed electronically, and then sent to *Delphi et. al.* This, according to Evan J. Gershbein, is the purpose for which *Kurtzman Carson Consultants, LLC* was hired.) The attorneys for debtor *Delphi et. al.* have seemingly forfeited this argument anyway, as they introduced testimony in the form of an affidavit from Jeanine DeLuca, who directly works for *Delphi et. al.* Claimant did not have access to this information, even after much demand had been made regarding the responsible party putting erroneous testimony in the form of *Form W-3* and *Form 1096*, and sending it to the Internal Revenue Service (I.R.S.), so *Delphi et. al.* claim of not having been served would be a moot one, considering Claimant hasn't been served with a literal plethora of demanded information that he has yet to receive. Also, see Rule 5, *Federal Rules of Civil Procedure*, for service – (a) Service: When Required. — "... unless the court otherwise orders." Claimant, upon his own initiative, takes this opportunity to serve *Delphi et. al.*, copies of *Motion for Reconsideration DeNovo, Brief in Support, Amended Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings* before this court, with the exception of the Claim of Lien that *Delphi et. al.* was personally served copy of in October of 2007.

Wherefore, Scott Darryl Reese, respectfully requests this court take Judicial Notice: All officers, agents, employees, marshals of the United States, attorneys for the government of the

United States/United States Attorney are placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *cases cited -- Haines vs. Kerner*, 404 U.S. 519-421, *Platsky vs. C.I.A.* 953 F.2d. 25, and *Anastasoff vs. United States*, 223 F.3d 898 (8th Cir. 2000) relying on *Willy vs. Coastal Corp.*, 503 U.S. 131, 135 (1992), *"United States vs. International Business Machines Corp.*," 517 U.S. 843, 856 (1996), quoting *Payne vs. Tennessee*, 501 U.S. 808, 842 (1991) (Souter, J., concurring). *Trinsey vs. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647, *American Red Cross vs. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001). In re *Haines*: pro se litigants (Scott Darryl Reese is a pro se litigant) are held to less stringent pleading standards than bar [licensed] attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. **In re *Platsky*: court errs if court dismisses the pro se litigant (Scott Darryl Reese is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings. In re *Anastasoff*:** litigants' Constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a Constitutional right to have their claims adjudicated according the rule of precedent. See *Anastasoff vs. United States*, 223 F.3d 898 (8th Cir. 2000). Judgment(s) must be proven by evidence entered on the record through a competent witness. See *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001). Telephone Cases. (Part Two Three) (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778. Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for the court's summary conclusion. ***Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647**.

Wherefore, Scott Darryl Reese respectfully requests this court of reconsideration of his Motion and the attached Brief In Support as conclusive self evidence of the errors cited according to the *Federal Rules of Bankruptcy Procedure* and the *Federal Rules of Civil Procedure* in the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, as reversible errors.

Wherefore, Scott Darryl Reese, prays for this relief pursuant to the *F. R. of Bankruptcy Procedure* as cited, and the *F. R. of Civil Procedure* also cited, and the laws and the Constitution of the united States, specifically violation of Due Process and Equal Protection of the law, Fifth Amendment.

Date: **November 28**, 2007

Scott Darryl Reese;
SCOTT DARRYL REESE;
SCOTT D. REESE
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]

Prepared by:
Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state   [48371]

To the Clerk of the Court, Dorothy Li, and Judge Robert Drain:

First of all, anyone in the mail room or otherwise who may have intercepted this at the U.S. Bankruptcy Court, **DO NOT SEND THIS TO KURTZMAN CARSON CONSULTANTS LLC. THEY ALREADY HAVE THE ORIGINALS AND JUDGE'S COPIES OF ALL DOCUMENTS FILED.** If there are any questions on this point, contact Evan Gershbein, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, tel 310.751.1803, fax 310.751.1853, www.kccllc.com. This entire package is to go to **United States Bankruptcy Court for the Southern District of New York**
**Alexander Hamilton Custom House**
**Room 610, 6th Floor**
**One Bowling Green**
**New York, New York**

Thank you.

Per Dorothy Li's request, I am providing a brief synopsis of my *Proof of Claim* and attachments, originally sent September 15, 2007. Essentially, the issue is one of **withholding**, or rather, the legal authority – or lack of legal authority – to do so by *Delphi et. al.. Delphi* provides no court order to withhold or in any way take any part of my pay, nor cites any statutory provision to do so, except in an unsigned letter addressed to me, as purportedly their reason to take any of my private earnings by contract, and turn them over to a third party. The presumption is made that they have turned them over to the Internal Revenue Service, hereinafter IRS, for supposed "debt", although, through the use of *Freedom of Information Act* requests, the IRS will not confirm this (nor very much else of the requested material relating to the "withholding" and subsequent "turning over" of my pay). Though not an attorney, I endeavored to make the *Proof of Claim* and other briefs as concise and to the point as possible, without muddying the waters, even though there are, indirectly and otherwise, other issues involved here. The typographical errors – and there are some – will have to be forgiven. **This is not a tax issue**, although at some point, I suspect attorneys are going to try to make it one with wording such as "frivolous" and "without merit," which will indicate that they have no argument or evidence to present to counter my assertions. **This is strictly an issue of law.** The necessary tax agency and *Delphi* documents sought go more to proving a negative, or that which Claimant is NOT, as well as what *Delphi et. al.* are not, than for anything else. If *Delphi et. al* were a withholding agent, it would be easily provable. Likewise, the contention that I'm not allowed access to documents with my name on them so that they might be challenged is a ridiculous notion, under anything resembling Due Process. Speculatively, they either don't exist, or they prove my point(s). For convenience, I'm enclosing the latest correspondence with Evan J. Gershbein of Kurtzman Carson Consultants LLC. Any of the scanned in "pdf" file(s) relating to my case, **Claim Number 16709**, will be sent upon request to the clerk of the court, judge, or other such interested individual after my having received such request. Thank you.

Date: _____ , 2007

_____
Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
Creditor/Claimant - (248) 969-4055

# Exhibit

Copy Of Order Of The Court
dated November 05, 2007, associated with the
hearing held on October 26, 2007
Pages 1 through 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                        :

In re                       :      Chapter 11
                        :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                        :

           Debtors.        :     (Jointly Administered)
                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND 362(d)
DENYING MOTIONS OF SCOTT DARRYL REESE FOR LEAVE TO FILE LATE CLAIM,
RELIEF FROM AUTOMATIC STAY, AND INTERVENTION

("REESE ORDER")

Upon Scott Darryl Reese's Motions For Leave To File Late Claim, Relief From

Automatic Stay, and Intervention (Docket No. 10449) (the "Motions"); and Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), having objected to the Motions (Docket No. 10647);

and this Court having considered the documents and exhibits filed by Scott Darryl Reese

("Reese") and the Debtors; and after due deliberation thereon; and good and sufficient cause

appearing therefore, including for the reasons stated by the Court at the October 26, 2007 hearing

(the "Hearing").

1

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    The Court has jurisdiction over Reese's Motions pursuant to 28 U.S.C. §§ 157 and 1334. The Motions are core proceedings under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Reese Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    For the reasons stated by the Court at the Hearing, including that Reese's claim against the Debtors lacks merit Reese has failed to establish a basis for the relief requested in the Motions.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion For Leave To File Late Claim is denied.

2.    The Motion For Relief From The Automatic Stay is denied.

3.    The Motion To Intervene is denied.

4.    Proof of Claim No. 16709 filed by Mr. Reese is hereby disallowed and expunged in its entirety.

5.    The Claim of Lien filed by Mr. Reese in Saginaw County, Michigan against property of the Debtors is deemed void.

6.    Mr. Reese is directed to take immediate steps to remove the Claim of Lien.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

8.    Kurtzman Carson Consultants, LLC is hereby directed to serve this order in accordance with the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

3007, 7016, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To

Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No.

6089), entered on Dec. 7, 2006.

        9.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied.


Dated: New York, New York
      November 5, 2007

                         /s/Robert D. Drain
                         UNITED STATES BANKRUPTCY JUDGE

# Attachment 1
Letter to Clerk of the Court
Page 1 of 1

To the Clerk of the Court, Dorothy Li, and Judge Robert Drain:

First of all, anyone in the mail room or otherwise who may have intercepted this at the U.S. Bankruptcy Court, **DO NOT SEND THIS TO KURTZMAN CARSON CONSULTANTS LLC. THEY ALREADY HAVE THE ORIGINALS AND JUDGE'S COPIES OF ALL DOCUMENTS FILED.** If there are any questions on this point, contact Evan Gershbein, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, tel 310.751.1803, fax 310.751.1853, www.kccllc.com. This entire package is to go to **United States Bankruptcy Court for the Southern District of New York**
**Alexander Hamilton Custom House**
**Room 610, 6th Floor**
**One Bowling Green**
**New York, New York**

Thank you.

Per Dorothy Li's request, I am providing a brief synopsis of my *Proof of Claim* and attachments, originally sent September 15, 2007. Essentially, the issue is one of **withholding**, or rather, the legal authority – or lack of legal authority – to do so by *Delphi et. al.*. *Delphi* provides no court order to withhold or in any way take any part of my pay, nor cites any statutory provision to do so, except in an unsigned letter addressed to me, as purportedly their reason to take any of my private earnings by contract, and turn them over to a third party. The presumption is made that they have turned them over to the Internal Revenue Service, hereinafter IRS, for supposed "debt", although, through the use of *Freedom of Information Act* requests, the IRS will not confirm this (nor very much else of the requested material relating to the "withholding" and subsequent "turning over" of my pay). Though not an attorney, I endeavored to make the *Proof of Claim* and other briefs as concise and to the point as possible, without muddying the waters, even though there are, indirectly and otherwise, other issues involved here. The typographical errors – and there are some – will have to be forgiven. **This is not a tax issue**, although at some point, I suspect attorneys are going to try to make it one with wording such as "frivolous" and "without merit," which will indicate that they have no argument or evidence to present to counter my assertions. **This is strictly an issue of law.** The necessary tax agency and *Delphi* documents sought go more to proving a negative, or that which Claimant is NOT, as well as what *Delphi et. al.* are not, than for anything else. If *Delphi et. al* were a withholding agent, it would be easily provable. Likewise, the contention that I'm not allowed access to documents with my name on them so that they might be challenged is a ridiculous notion, under anything resembling Due Process. Speculatively, they either don't exist, or they prove my point(s). For convenience, I'm enclosing the latest correspondence with Evan J. Gershbein of Kurtzman Carson Consultants LLC. Any of the scanned in "pdf" file(s) relating to my case, **Claim Number 16709**, will be sent upon request to the clerk of the court, judge, or other such interested individual after my having received such request. Thank you.

Date: _____ , 2007

_____
Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
Creditor/Claimant - (248) 969-4055

# Attachment 2
## Letter to Arthur Bruce Neilson
## Pages 1 through 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF MOTION FOR ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) RECORD DATE, VOTING DEADLINE, AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS, (III) HEARING DATE TO CONSIDER CONFIRMATION OF PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) SOLICITATION PROCEDURES FOR VOTING ON PLAN, (VI) CURE CLAIM PROCEDURES, (VII) PROCEDURES FOR RESOLVING DISPUTES RELATING TO POSTPETITION INTEREST, AND (VIII) RECLAMATION CLAIM PROCEDURES

PLEASE TAKE NOTICE that on September 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed their Joint Plan of Reorganization, dated September 6, 2007 (as subsequently amended, supplemented, or otherwise modified, the "Plan"), and their Disclosure Statement with respect to the Plan (as subsequently amended, supplemented, or otherwise modified, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE that on September 6, 2007, the Debtors filed a Motion For Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date to Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (the "Motion").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion or the adequacy of the Disclosure Statement must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Case Management Order"), and the Order Scheduling Non-Omnibus Hearing On Debtor's Motion To Approve Solicitation Procedures And Disclosure Statement (Docket No. 8898) (the "Scheduling Order"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor) and Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Att'n: Benjamin Mintz and Lyn Toby Fisher), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received** no later than **September 28, 2007 at 4:00 p.m.** (prevailing Eastern time) (the **"Objection Deadline"**).

PLEASE TAKE FURTHER NOTICE that the **hearing** to consider approval of (i) the Disclosure Statement and (ii) the Motion will be held on **October 3, 2007** at **10:00 a.m.** (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Order and the Scheduling Order will be considered by the Bankruptcy Court at the hearing. If no objections to the Disclosure Statement or Motion are timely filed and served in accordance with the procedures set forth herein, the Case Management Order, and the Scheduling Order, the Bankruptcy Court may enter a final order approving the Disclosure Statement and granting the Motion without further notice.

PLEASE TAKE FURTHER NOTICE that copies of the Motion, the Disclosure Statement, the Plan, all available exhibits and appendices to the Disclosure Statement and Plan, and all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Corporation, et al.

Delphi Legal Information Hotline:           Delphi Legal Information Website:
Toll Free: (800) 718-5305                   http://www.delphidocket.com
International: (248) 813-2698

Dated:  New York, New York
        September 6, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

John Wm. Butler, Jr. (JB 4711)        Kayalyn A. Marafioti (KM 9632)
George N. Panagakis (GP 0770)         Thomas J. Matz (TM 5986)
Ron E. Meisler (RM 3026)              Four Times Square
Nathan L. Stuart (NS 7872)            New York, New York 10036
333 West Wacker Drive, Suite 2100     (212) 735-3000
Chicago, Illinois 60606
(312) 407-0700

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

2

# Attachment 3
Letter From
*Skadden, Arps, Slate, Meagher, & Flom LLP*,
dated October 16, 2007
Pages 1 through 2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS  60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
312-407-0777
DIRECT FAX
312-827-9317
EMAIL ADDRESS
SPLATT@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 16, 2007

<u>VIA EMAIL AND FED EX</u>
Scott Darryl Reese
c/o 329 Basket Branch
Oxford, MI 48371-6539

           RE:    Delphi Corporation, et al., case no. 05-44481 –
                    <u>Motions for October 26th Hearing</u>

Dear Mr. Reese:

        I am writing regarding the various motions that you filed with the
Bankruptcy Court for the Southern District of New York in the chapter 11 cases of
Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-
in-possession (collectively, the "Debtors").

        As I have mentioned on the telephone and in an email, the Debtors
have asked if you would be willing to withdraw your motions.  The Debtors renew
that request here.

        If you are not willing to withdraw your Motion For Leave To File
Late Claim, Ex-parte Motion For Relief From The Automatic Stay, and Motion to
Intervene, the Motions will be heard at the October 26, 2007 claims hearings.
(Pursuant to our case management practices in this case, the motions will be listed on
the agenda for the October 25, 2007 Omnibus Hearing, but because they relate to
claims matters, argument will be heard at the Claims Hearing on October 26, 2007.)

Scott Darryl Reese
October 16, 2007
Page 2


       The Case Management Order (available on the Delphi Legal Information Website, www.delphidocket.com, at docket number 2883) requires that, in advance of the hearing, the parties conduct a meet and confer to discuss possible resolution of the issues and, if resolution is not possible, the identification of evidence to be introduced and witnesses to be called at the hearing.

       <u>Please provide dates and times when you be available for the meet and confer between now and the close of business on Tuesday, October 23rd.</u>  I can be reached by phone at 312-407-0777 or by email at splatt@skadden.com to discuss the scheduling of the meet and confer.


                        Regards,

                        */s/ Sarah J. Platt*

                        Sarah J. Platt

Original Court

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

...............................................................x

**Scott Darryl Reese,**                                    :
**Claimant**                                               :
                                                           :
      v.                     :
                                                           :
**IN RE:**                                                 :     **Honorable Robert Drain**
                                                           :
**DELPHI CORPORATION, et. al.,**                           :     **Case No. 05-44481**
**DELPHI - DEBTOR IN POSSESSION**                          :
**DELPHI CHASSIS SYSTEMS**                                 :     **Bankruptcy Trustee**
     **Debtor,**                   :
                                                           :     **(Jointly Administered)**

...............................................................x

COUNSEL FOR THE DEBTORS.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

    -and-

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

---

Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]
Creditor - (248) 969-4055

_____/

# AMENDED MOTION FOR REHEARING DE-NOVO

Now comes Scott Darryl Reese, Claimant, Citizen in his proper persona, by and through this Amended Motion pursuant to *Federal Rules of Bankruptcy Procedure Rule 7015* of this Motion for Reconsideration of the ORDER OF THE COURT dated November 5, 2007, and received by Claimant on November 17, 2007, who requests relief from this ORDER pursuant to *F. R. of Bankruptcy Procedure Rule 9024 and invokes the jurisdiction of this court pursuant to F. R. of Bankruptcy Procedure Rule 3008 - - - Reconsideration of Claims,* and *F. R. Civil Procedure Rule 52.*

Further, Claimant argues that the court is in error for the following errors:

Firstly, the court is in error, per the *Federal Rules of Bankruptcy Procedure Rule 7052* ORDER, lacks a conclusion of law and on its subsequent findings did not conform to Rule 7052.

Secondly, Claimant states the court is in error, as said court is drawing a presumptive conclusion by code in conflict with the positive law(s) of the Constitution of the United States and the Statutes at Large, both as the supreme law of the land that governs.

Thirdly:

"The Motion For Leave To File Late Claim; and

The Motion For Relief From The Automatic Stay; and

The Motion To Intervene; and

Proof of Claim No. 16709 filed by Mr. Reese is herein disallowed; and

The Claim of Lien filed by Mr. Reese in Saginaw County, Michigan against the property of the Debtors; and

Mr. Reese is directed to take immediate steps to remove the Claim of Lien, arising from the implementation of this order";

are contested, objected to, and opposed by the Claimant, as denying him his relief and/or deeming void for the reasons stated herein, in this Motion and the Brief in Support.

Further, Claimant objects to lack of any Adversary Proceeding and Adversary Hearing, to summon and confront witnesses and challenge testimony relied upon by the court. See *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM")*. The court, of its own volition, essentially turned the hearing into a pseudo Adversary Hearing, without proper notice 30 days prior to the hearing (and/or pursuant to F. R. of Civ. Procedure Rule 12 (b)(6), judgment on the pleadings,

claimant has 20 days to respond to *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM"))*. Claimant claims right of rehearing and equity and equitable relief pursuant to *F. R. of Bankruptcy Procedure Rule 3008*, being opposed to the finding of the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007; Order attached.

All packages sent by the attorneys for debtor *Delphi et. al.* were never received, and sent back to the attorneys for debtor *Delphi et. al.*. Claimant mistakenly believed his wife had signed for such packages prior to court on both October 25TH and October 26TH, 2007. This was not the case. Claimant's wife had informed him of one (1) package from Federal Express that she had not signed for, and that was left on the front steps. It contained PROPOSED FOURTEENTH CLAIMS HEARING.

The Debtors attorney failed to timely serve Scott Darryl Reese a copy of the ORDER OF THE COURT dated October 26, 2007.

Claimant relied on the unofficial record of the Hearing on October, 26, 2007, in fear of losing his right to have the matter Reconsidered within 10 days of the Order dated October 26, 2007, excluding Saturdays, Sundays and legal holidays.

Claimant now stands to correct the record with a true copy of the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, and bring the arguments to conform to this order.

Further, Claimant argues the court abused its decisions, in that the court did not give full faith and consideration, especially to the fact Claimant had no claim against Debtor when Debtor served notice of the Bankruptcy filing.

Personnel, staff, work force and/or agents of debtor Delphi, et. al. were advised to the objection of Debtor taking property of Claimant without a court order. The "Notice of Lien" and/or "Notice of Levy" from the Internal Revenue Service (I.R.S.) is not an actual Levy or Lien.

This in itself is self evidence that a claim was to be filed against Debtor, *Delphi et. al.*, and Debtor's attorneys should have notified Mr. Scott Darryl Reese of the bar date to file his Claim and submit his proof of claim against Debtor(s).

This Motion for Reconsideration is from the final order of the court. See *Re New Concept Housing, Inc., (1991, CA8 MO) 951 F2d 932, 26 CBC2d 287, CCH Bankr L Rptr ¶ 74386.*

Further Claimant moves this court pursuant to *F. R. of Bankruptcy Procedure Rule 7009 - - Pleading Special Matters*. Claimant also incorporates *F. R. of Civil Procedure Rule 9*.

*Pleading Special Matters*, the court is in error of its order, especially to the courts finding/ denial for Claimant to have leave to file his Post Petition Claim (improperly designated a "late claim"), disallowance of his Proof of Claim and the Claim of Lien to secure his claim; and by reference to "person" defined in the order, reference to 26 U.S.C. Section 6332(e) in the transcripts:

> The term "person," as used in subsection (a), **includes an officer or employee of a corporation or a member or employee of a partnership**, who as such officer, employee, or member is under a duty to surrender the property or rights to property, or to discharge the obligation. See *United States v. Ron Pair Enterprises*, 489 U.S. 235 (1989). This is a Michigan tax case dealing with tax liens.

Debtor *Delphi et. al.* ARE NOT, AS MUCH AS THEY MAY WISH, **AN OFFICER OR EMPLOYEE OF A CORPORATION OR A MEMBER OR EMPLOYEE OF A PARTNERSHIP**. See **IRS FOIA Request - United States §3401(d) "employer" - 2007 (Exhibit J)**; **(Exhibit R - "Non-response to Exhibit J,"** which acquiesces to Claimant/Creditor's claims, as it's not up to Claimant to prove a negative at law, or that which doesn't exist); *Delphi Corporation Papers online from Michigan Dept. of Labor and Economic Growth* (**Exhibit BB** - Debtor *Delphi et. al.* are a Michigan Limited Liability Company – "LLC" – and not a **26 United States §3401(d) "employer"**) and **IRS FOIA Request - Explanation of reason for refund disallowance - 2007 (Exhibit M)**:

> **(I)** Any refusal to respond in full to Requestor's *Freedom of Information Act* request to furnish a copy of any *Explanation of reason for refund disallowance* shall be acknowledged as a denial of such request, and will further deem and establish the fact that the agency does not have a good-faith belief that Requester is entitled to one for the reasons set forth in (1)(t). [Note: (1)(t) appears immediately following **(II)**.
>
> **(II)** Also, a refusal to respond in full to Requestor's *Freedom of Information Act* request to furnish a copy of any *Explanation of reason for refund disallowance*, shall be acknowledged as a denial of such request, and will further deem and establish the fact that the agency does not have a good-faith belief that such Requestor is a "taxpayer" as described at 26 U.S.C.§ 7701(a)(14) as *any person subject to any internal revenue tax.*
>
> **(t)** If it is the Service's position that filed *Form 1040 Individual Income Tax Returns* and their accompanying *Form 4852s* and *Form 1099-MISC*, subscribed and sworn to under penalty of perjury, by what is known and believed by the filer, that in accordance with 26 U.S.C. 6402(k) Requestor is a non-"taxpayer" to whom a meaningful explanation is not warranted for any "disallowance", then explanation shall be made.

and response to **IRS FOIA Request - Explanation of reason for refund disallowance - 2007** **(Exhibit U** - Dated July 6, 2007):

> "We wrote to you on May 23, 2007, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by August 17, 2007 we will contact you and inform you of the status of your case. We are sorry for any convenience the delay may cause."

The above indicates that Claimant is not a 26 U.S.C.§ 7701(a)(14) "taxpayer", and has established the fact that the Secretary does not have a good-faith belief that Claimant is subject to 26 U.S.C. § 6331 - Levy and distraint action, nor 26 U.S.C. § 6332 - Surrender of property subject to levy, nor a 26 U.S.C. §3401(c) *"employee"*, nor a 26 U.S.C. §7701(a)(26) *"Trade or Business"*, nor 26 U.S.C. §§ 3401(a) and 3121(a) *"wages"* *("wages as defined in 3401(a) and 3121(a)")*, nor belief that debtor *Delphi et. al.* are either a 26 U.S.C. §3401(d) *"Employer"*, or a 26 U.S.C. §§[5005], 6051(a), Chapter 3, §§§§ 1441, 1442, 1443, and 1461 *"withholding agent"*, or a 26 U.S.C. §7701(a)(26) *"Trade or Business"*, nor a 26 U.S.C. §1361(b)(1) *"domestic corporation(s)"*, nor a 26 U.S.C. §7701(4) *"corporation(s) organized under the laws of the United States"*, nor a 26 U.S.C. §1362(d)(2)(A),(B) *"s-corp"* – "small business corporation." If the Secretary had authorized a lien and levy action cited by the court in the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, then this information would have been the first thing sent in response to Claimant's *Freedom of Information Act* requests. The fact that no response has been in the affirmative proves the lack of existence of any such documents. It's not up to Claimant to prove a negative, or that which doesn't exist. **THE SECRETARY HAS HAD SINCE MARCH 22, 2007, TO ANSWER THE FREEDOM OF INFORMATION ACT REQUESTS, AND HAS NOT DONE SO, THUS MAKING ALL OF CLAIMANT'S ASSERTIONS TRUE AND UNCONTESTED.**

> 26 USC 6331 (d) (1) Requirement of Notice before Levy
>
> In general, levy may be made under Subsection A upon the salary or wages or other property of any person with respect to any unpaid taxes **ONLY after the Secretary of the Treasury of the United States** has notified such person **in writing** of his intention to make such levy.

This demanded Adversary Proceeding is proper method to determine validity, priority and extent of lien pursuant to *11 U.S.C.S. §547* upon this *Motion for Rehearing*. See *F. R. of Bankruptcy Procedure Rule 7001 (2); 28 USCS §157(b)(2)(H),(K)*: "(H) proceedings to determine,

avoid, or recover fraudulent conveyances"; and "(K) determinations of the validity, extent, or priority of liens". To date, there have been no "proceedings to determine, avoid, or recover fraudulent conveyances" – the allegedly valid "Notice of Lien" and/or "Notice of Levy" from the Internal Revenue Service (I.R.S.), nor have there been any "determinations of the validity, extent, or priority of liens" – the Internal Revenue Service's, as well as my own filed in Saginaw against debtor *Delphi et. al.* See *Re Shrum (1989, BC WD Okla) 98 BR 995.* Any proceeding *OTHER THAN* an Adversarial Hearing where Claimant can issue summons to question witnesses would necessarily be a void proceeding, and any judgment or order derived from such non-adversarial proceeding would likewise be a void judgment. (The recent approval of sale of *Delphi* at the Genessee, Saginaw address to *TRW* would be such a void judgment, along with the proceedings associated with the sale.) Claimant's *Proof of Claim in Delphi Bankruptcy Proceedings - Reese* (referenced as "Proof of Claim", *supra* and *infra*), action acts also as a complaint against the debtor *Delphi et. al.*, and the Claim of Lien (*Notice of Claim of Lien - Delphi Bankruptcy Proceedings - Reese, infra,* and *supra*) acts as a complaint for determination by and through this Adversary Proceeding. No motion has been filed by Claimant or debtor *Delphi et. al.* for determination of his Claim of Lien. See *F. R. of Bankruptcy Procedure Rule 9014 --- Contested Matters.* Also see *F. R. of Bankruptcy Procedure Rule 7002 --- References to Federal Rules of Civil Procedure.* Whenever a Federal Rule of Civil Procedure applies to Adversary Proceedings makes reference to another Federal Rule of Civil Procedure, the reference shall be read as a reference to the Federal Rules of Civil Procedure as modified in this Part VII.

Further relief is not available under **11 U.S.C.S. § 506(d)** on debtor's motion (objection to Scott Darryl Reese's Motion for Leave to File Late Claim) to avoid judicial lien because *F. R. of Bankruptcy Procedure Rule 7001(2)* "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)" was not available without separate motions requesting separate relief through PART VII. ADVERSARY PROCEEDINGS, and *Rule 7003* provides that relief under §506 cannot be granted by motion.

**Argument:** The court's finding was based on a conclusion of various immaterial codifications of the *Statutes at Large* found in Title 26, USC, and not the actual *Statutes at Large* themselves, which amounts to an erroneous reading and interpretation of the code cited in its opinion. It also appears the court's findings were largely based on testimony from an affidavit of Jeanine DeLuca, filed by attorneys for debtor *Delphi et. al.*, of which Claimant had no knowledge

*Amended Motion for Rehearing De-novo/Delphi Bankruptcy Proceedings - Reese*   Page 5 of 8

of, nor a chance to rebut. This is an egregious violation of Due Process, and a flagrant disregard of Claimant's right to confront witnesses per Article V and Article VI, Amendments to the Constitution for the united States of America, 1791, as amended, as well as all of the various Bankruptcy Rules and *Federal Rules of Civil Procedure* which have been cited throughout, all of which require a minimum thirty (30) day notice. See the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, as attached. Further, the court was in error by not advising Claimant that he be required to file a complaint and summons, to comply with *F. R. of Bankruptcy Procedure Rule 7004 - - - Process, Service of Summons, Complaint.*

## Request For Relief

Therefore, Claimant, Scott Darryl Reese, respectfully requests this court grant his *Amended Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings.* Further, Claimant, Scott Darryl Reese, respectfully requests this court reverse the decision of the Honorable Robert D. Drain, as modified form the transcribed transcripts of the Hearing on October 26, 2007 (the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007), that the Claimant formed his foundation for his initial claim of *Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings* on: Firstly, the court reverse its decision to grant Mr. Reese's *Motion for Late Claim* (more properly designated a "Post Petition Claim") as being timely, because Mr. Reese was not notified of the bar date by the clerk of the court. Secondly, find that Mr. Reese seeks leave to have relief from the automatic stay, which is timely, because, as stated, it falls under the auspices of *F. R. of Bankruptcy Procedure Rule 3002 - - - Notice to Creditors.* Thirdly, find that Mr. Reese should be granted intervention in this matter by the court. Fourthly, find that Mr. Reese has as a matter of Right to Intervene in this action. Fifthly, find that Mr. Reese has a valid claim of lien on the property of debtor *Delphi et. al.*, as described in his Claim of Lien; and find that Mr. Reese was not timely served a copy of *Debtors' Objection to Scott Darryl Reese's Motion for leave to File Late Claim.* Further, find that attorneys for debtor *Delphi et. al.* did not label the pleadings in their *Objection* as a Motion to Dismiss. Further, attorneys for debtor *Delphi et. al.* failed to advise the court and Mr. Reese, Claimant, that the proceedings are core proceedings pursuant to 28 U.S.C. §§157(b)(2)(H),(K) and 1334. In dispute is the Motion by *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S*

*MOTION FOR LATE CLAIM")*, and whether the proceedings were core or non core, whether Claimant had the requisite thirty (30) day notice (and/or pursuant to F. R. of Civ. Procedure Rule 12 (b)(6), judgment on the pleadings, claimant has 20 days to respond to *DEBTORS' OBJECTION TO SCOTT DARRYL REESE'S MOTION FOR LEAVE TO FILE LATE CLAIM ("OBJECTION TO REESE'S MOTION FOR LATE CLAIM"))*, as to the issue of core or non core, and were erroneously treated as an Adversary Hearing or Adversary Proceeding. Debtor's *Motion to Dismiss* was also erroneously treated as a grounds for dismissal, and needed the requisite minimum thirty (30) day notice from the clerk of the court to be treated as a core proceeding, as either an Adversary Hearing or Adversary Proceeding. Claimant was scheduled by Sunny Sing, clerk of the court for the United States Bankruptcy Court for the Southern District of New York, for an Omnibus Hearing on October 25, 2007, and, per Sunny Sing, at said Omnibus Hearing it would be determined what other hearings and elements necessarily related would be scheduled in the future. It was only about one week prior to the Omnibus Hearing that the attorneys for debtor *Delphi et. al.* somehow managed to "change up" the Omnibus Hearing and turn it into something other than the requisite Adversarial Hearing.

Claimant, having reviewed the judge's order, can only speculate as to Rule 3007 and Rule 7052 – Finding of the court, *Federal Rules of Bankruptcy Procedure*, that *Delphi et. al.* should have been served copies of all the proceedings that are now before the court. Pursuant to the *Federal Rules of Civil Procedure*, Rule 12, insufficiency of service to *Delphi et. al.*, is not grounds for denial of Claimant's claim of action. Further, citing *Federal Rules of Civil Procedure*, Rule 11, the attorneys for debtor *Delphi et. al.*, are the signers of the pleadings. The attorneys stand in the shoes of *Delphi et. al.*, and Claimant reserves his right to determine whether *Delphi et. al.* is required to be served. The court, in its order, did not specify that Claimant was to serve *Delphi et. al.* within a reasonable amount of time, to not cause undue delay. Claimant reminds the court that he is *pro se*, and not an attorney at law. Also, the court has an obligation to inform Claimant of an error such as this, if indeed an error it is. In discussion with Evan J. Gershbein, of *Kurtzman Carson Consultants, LLC*, Claimant was informed that ___ALL BANKRUPTCY PROCEEDINGS___ associated with *Delphi et. al.* would be done through them as far as notice, service, and posting of proceedings were concerned, and that *Delphi et. al.* would be notified. (All proceedings, per Dorothy Li, clerk of the United States Bankruptcy Court for the Southern District of New York, and Evan J. Gershbein, of *Kurtzman Carson Consultants, LLC*, were and are scanned and filed electronically, and then sent to *Delphi et. al.* This, according to Evan J. Gershbein, is the purpose for which *Kurtzman Carson*

*Consultants, LLC* was hired.) The attorneys for debtor *Delphi et. al.* have seemingly forfeited this argument anyway, as they introduced testimony in the form of an affidavit from Jeanine DeLuca, who directly works for *Delphi et. al.* Claimant did not have access to this information, even after much demand had been made regarding the responsible party putting erroneous testimony in the form of *Form W-3* and *Form 1096*, and sending it to the Internal Revenue Service (I.R.S.), so *Delphi et. al.* claim of not having been served would be a moot one, considering Claimant hasn't been served with a literal plethora of demanded information that he has yet to receive. Also, see Rule 5, *Federal Rules of Civil Procedure*, for service – (a) Service: When Required. — "... unless the court otherwise orders." Claimant, upon his own initiative, takes this opportunity to serve *Delphi et. al.*, copies of *Motion for Reconsideration DeNovo, Brief in Support, Amended Motion for Rehearing De-novo in Delphi Bankruptcy Proceedings* before this court, with the exception of the Claim of Lien that *Delphi et. al.* was personally served copy of in October of 2007. See Attachment 1, Attachment 2, Attachment 3, especially Attachment 3, as proof that debtor *Delphi et. al.* recognizes service of Claimant's motions.

Wherefore, Scott Darryl Reese respectfully requests this court of reconsideration of his Motion and the attached Brief In Support as conclusive self evidence of the errors cited according to the *Federal Rules of Bankruptcy Procedure* and the *Federal Rules of Civil Procedure* in the order of the court dated November 05, 2007, associated with the hearing held on October 26, 2007, as reversible errors.

Date: November 28 , 2007

Scott Darryl Reese;
SCOTT DARRYL REESE;
SCOTT D. REESE
c/o 329 Basket Branch
Oxford, Michigan state
[48371-6359]

Prepared by:
Scott Darryl Reese
c/o 329 Basket Branch
Oxford, Michigan state   [48371]