**Exhibit A**

# IN THE NORTHERN DISTRICT OF ALABAMA
## (WESTERN DIVISION)

| | |
|---|---|
| Jimmy Mueller, David Gargis, and Keith Livingston, | ) ) ) |
| Plaintiffs, | ) ) Case No.: _____ |
| Delphi Corporation, and Delphi Hourly-Rate Employee Pension Plan | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### PARTIES

1. The Plaintiff, Jimmy Mueller, is an employee of Delphi Corporation (hereafter "Delphi") who was initially employed as an hourly employee, and later transferred to salary employment.

2. The Plaintiff, David Gargis, is an employee of Delphi who was initially employed as an hourly employee, and later transferred to salary employment.

3. The Plaintiff, Keith Livingston, is an employee of Delphi who was initially employed as an hourly employee, and later transferred to salary employment.

4. The Defendant, Delphi is the successor corporation of the corporation originally employing the Plaintiffs. Each of the Plaintiffs was initially employed as an hourly employee and protected by a collective bargaining agreement between Delphi and the United Auto Workers Union.

5. The Defendant Delphi Hourly-Rate Employee Pension Plan is the plan to which the Plaintiff's desire to have their benefits transferred.

6. Delphi managers Harold Fuller, Harvey J. Krieger, and other high level managers made promises and inducements to certain hourly employees including the Plaintiffs to cause them to transfer from being an hourly employee to being a salary employee with Delphi. The inducements were made with the consent of high level management employees. The inducements included a promise that the employees could retransfer to hourly employment at any time, and further that they would not lose years of service as an hourly employee for purposes of their pension benefits. Further, it was promised that if they retransferred from being a salary employee back to being an hourly employee again they would not lose years of credited service for purposes of determining pension benefits. These promises were characterized as "rights".

7. At various times Delphi permitted individuals who were originally hourly employees to transfer to being a salary employee and then retransfer to being an hourly employee. This caused the Plaintiffs to further rely on the representations made.

8. Each of the Plaintiffs has sought to retransfer to being an hourly employee, but the Defendant, Delphi, has refused to allow the transfers.

9.     The Plaintiffs' rights to retransfer back to hourly pension benefits have been harmed and the Plaintiffs have been discriminated against regarding these protected rights.

10.    The Plaintiffs have exhausted all known administrative remedies, and/or the Defendants have refused to make known to the Plaintiffs any right to further pursue any remedies and/or such exhaustion is futile.

## **CLAIM FOR RELIEF**

11.    The Plaintiffs hereby repeat and reallege the allegations of the previous paragraphs as if set forth here.

12.    The Defendant, Delphi has violated the Plaintiffs' protected rights by failing and/or refusing to allow the above described transfers, and/or by failing to make truthful representations and promises to induce the transfers made years ago. Such actions discriminate against the Plaintiffs contrary to 29 U.S.C. § 1140 and in violation of the fiduciary duties of Delphi and in violation of 29 U.S.C. § 1132(a)(3) and certain other provisions under 29 U.S.C. § 1001 *et. seq.*

13.    The Plaintiffs do not have the ability to file suit under 29 U.S.C. § 1132(a)(1)(B) to claim benefits as a result of the Defendant Delphi's refusal to allow the retransfer of the Plaintiffs so that they could assert pension benefits under the hourly plan pursuant to that code section.

14. The Plaintiffs seek equitable, injunctive, and just relief and such Court orders as may be made to allow the Plaintiffs to retransfer to the hourly employee ranks and to participate again in the Delphi Hourly-Rate Employee Pension Plan and present claims for hourly pension benefits.

**WHEREFORE**, the Plaintiffs respectfully request that this Court award the following relief:

a. For an order and/or injunctive relief requiring Delphi to retransfer each of the Plaintiffs to the Delphi Hourly-Rate Employee Pension Plan retroactive to the date of each Plaintiffs' request;

b. For an order and/or injunctive relief requiring Delphi to allow each of the Plaintiffs the same benefits to which hourly employees are allowed and have been allowed since the date of each request for retransfer;

c. For an order requiring that Delphi not penalize or discriminate against the Plaintiffs for having transferred to salary employment or for retransferring to hourly employment.

Respectfully Submitted this _____ day _____, 200_.

_____
David P. Martin (ASB-3500-M68D)

4

David P. Martin, LLC
519 Energy Center Blvd
Suite 1104
Northport, AL 35473
Phone: 205-343-1771
Fax: 205-343-1781

### REQUEST FOR SERVICE BY CERTIFIED MAIL

The Plaintiff requests service of this Complaint on the Defendants by Certified Mail, restricted delivery, return receipt requested.

_____
David P. Martin (ASB-3500-M68D)

Plaintiffs' Address:

Jimmy Mueller
1604 St. James Ct.
Decatur, AL 35601

David Gargis
6834 East 2nd Street
Muscle Shoals, AL 35661

Keith Livingston
4515 Marsha Avenue
Decatur, AL 35603

Defendants' Addresses:

Delphi Corporation
c/o The Corporation Company
Agent for Service of Process
2000 Interstate Park Dr. Ste. 204
Montgomery, AL 36109

Delphi Hourly-Rate Employee Pension Plan
c/o The Corporation Company
Agent for Service of Process
2000 Interstate Park Dr. Ste. 204
Montgomery, AL 36109