UNITED STATES BANKRUPTCY COURT   11-9151997
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re                Chapter 11

DELPHI CORPORATION,       Case No. 05-44481-rdd
                  Judge Robert D. Drain
                  (Jointly Administered)

        Debtor.
-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO VACATE STAY

   The Court is respectfully referred to the Notice of Motion and Application with

Exhibits, which accompanies this Memorandum of Law for a recitation of the relevant

facts pertaining to the within Motion to Vacate the Automatic Stay to allow Applicants

to commence an action in the Northern District of Alabama entitled **Jimmy Mueller,**

**David Gargis and Keith Livingston v. Delphi Corporation and Delphi Hourly-Rate**

**Employee Pension Plan** (the "Alabama Litigation") under 29 U.S.C. §§1132(a) and 1140

of ERISA.

### ARGUMENT

### POINT I

### VACATING THE AUTOMATIC STAY WILL NOT PREJUDICE
### THE DEBTOR'S BANKRUPTCY ESTATE

   It has been established by precedent that the Court will consider a number of

factors to determine whether the stay should be lifted in order for litigation to proceed

in another forum.

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the Debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the Debtor's insurer has assumed full responsibility for defending it;

(6) whether the action involves third parties;

(7) whether the litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movants success in the other proceeding would result in a judicial lien avoidable by the Debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms

In re Mazzeo 167 F.3d 139 (2d Cir 1999) citing In re Sonnax Industries, Inc. 907 F.2d

1280, 1285.

As aforementioned, Applicants seek to vacate the automatic stay so as to permit

them to commence an action in the Northern District of Alabama entitled **Jimmy**

**Mueller, David Gargis and Keith Livingston v. Delphi Corporation and Delphi**

**Hourly-Rate Employee Pension Plan**.   Applicants are seeking injunctive relief

2

pursuant to  29 U.S.C. §§1132(a) and 1140 of ERISA, and specifically that Delphi be

directed to re-transfer each of the Applicants back to the Delphi Hourly Rate Employee

Pension Plan.  The proposed Complaint does not seek any direct monetary relief against

the Debtor by its within action.

A determination of the Alabama Litigation will result in a partial or complete

resolution of the issues.  The Alabama Litigation does not have any connection with or

interference with the bankruptcy case nor does it involve the Debtor as a fiduciary.  The

District Court in Alabama is more suited to determine Applicants claims under ERISA

as the District Court has the necessary expertise to hear the Alabama Litigation.  As

Applicant is only seeking injunctive relief, the Alabama Litigation would not prejudice

the interests of other creditors.  Movants success in the Alabama Litigation would not

result in a judicial lien avoidable by the Debtor.   Moreover, the interests of judicial

economy and the expeditious and economical resolution of litigation will be completed

by the Alabama Litigation.

### C O N C L U S I O N

It is clear that allowing Movants to commence the Alabama Litigation to obtain

injunctive relief under ERISA (specifically an Order directing that they be permitted to

re-transfer from salaried employees back to hourly employees) will have no effect on

the Bankruptcy Estate.    Accordingly, cause exists to permit vacatur the automatic stay

to allow Movants to continue with the Alabama Litigation under 11 U.S.C. §362(d)(1).

Dated: East Meadow, New York
       December 5, 2007.

> THALER & GERTLER, LLP
> **Attorneys for Jimmy Mueller, David
> Gargis and Keith Livingston**
> 90 Merrick Avenue
> Suite 400
> East Meadow, New York 11554
> (516) 228-3553
>
> By: _____ /MAF-1369)
>        Michael A. Farina (MAF-1369)

TO:    **UNITED STATES TRUSTEE'S OFFICE**
       33 Whitehall Street
       21st Floor, Suite 2100
       New York, New York 10004
       Attention: Alicia M. Leonhard

       **DELPHI CORPORATION**
       c/o
       **WILMERHALE, LLP**
       1875 Pennsylvania Avenue, NW
       Washington, D.C. 20006
       Attention: Andrew Currie, Esq.

DELPHI CORPORATION
c/o
WILMERHALE, LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Attention: Caroline Rogus, Esq.

DELPHI CORPORATION
c/o
LANGLEY & BANACK, INCORPORATED
745 E. Mulberry
Suite 900
San Antonio, TX 78212
Attention: David S. Gragg, Esq.

DELPHI CORPORATION
c/o
SHEARMAN & STERLING, LLP
599 Lexington Avenue
New York, New York. 10022-6069
Attention: Douglas P. Bartner, Esq.

DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan 48098
Attention: General Counsel

DELPHI CORPORATION
c/o
O'MELVENY & MYERS
7 Times Square
New York, New York 10022-6069
Attention: Jessica Kastin, Esq.

DELPHI CORPORATION
c/o
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606-1285
Attention: William Butler, Jr., Esq.

5

DELPHI CORPORATION
c/o
MEYER, SUOZZI, ENGLISH & KLEIN
1350 Broadway
Suite 501
New York, New York 10018
Attention: Lowell Peterson, Esq.

DELPHI CORPORATION
c/o
CROWELL & MORING, LLP
153 East 53rd Street
31st Floor
New York, New York 10022
Attention: Mark S. Lichtenstein, Esq.

DELPHI CORPORATION
c/o
QUINN, EMANUEL, URQUHARDT
OLIVER and HEDGES
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
Attention: Mateo Fowler, Esq.

DELPHI CORPORATION
c/o
MICHAEL O'HAYER, ESQ.
22 North Walnut Street
West Chester, PA 19380

DELPHI CORPORATION
c/o
MAYER BROWN, LLP
71 S. Wacker Drive
Chicago, IL 60606
Attention: Paul J.N. Roy, Esq.

DELPHI CORPORATION
c/o
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036
Attention: Kayalyn A. Marafioti, Esq.
              Thomas J. Matz, Esq.

KURTZMAN CARSON CONSULTANTS, LLC
2335 Alaska Avenue
El Segundo, CA 90245

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
c/o
LATHAM & WATKINS
885 Third Avenue
New York, New York 10022-4802
Attention: Mark A. Broude, Esq.
              Robert J. Rosenberg, Esq.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
c/o
WARNER STEVENS, LLP
301 Commerce Street
Suite 1700
Fort Worth, TX 76102

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Attention: Donald Bernstein, Esq.
              Brian Resnick, Esq.

OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS
c/o
FRIED, FRANK, HARRIS,
SHRIVER & JACKSON, LLP
One New York Plaza
New York, New York 10004
Attention: Bonnie Steingart, Esq.

A-D ACQUISITION HOLDINGS, LLC
c/o
APPALOOSA MANAGEMENT, L.P.
c/o WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
Attention: Thomas E. Lauria, Esq.

A-D ACQUISITION HOLDINGS, LLC
c/o
APPALOOSA MANAGEMENT, L.P.
c/o WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Attention: Glenn M. Kurtz, Esq.
          Gregory Pryor, Esq.


HARBINGER DEL-AUTO INVESTMENT
COMPANY, LTD.
c/o
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
Attention: Thomas E. Lauria, Esq.

**HARBINGER DEL-AUTO INVESTMENT
COMPANY, LTD.**
c/o
**WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Attention: Glenn M. Kurtz, Esq.
           Gregory Pryor, Esq.**

**KAYE SCHOLER, LLP
425 Park Avenue
New York, New York 10022
Attention: Benjamin Mintz, Esq.
           Lyn Toby Fisher, Esq.**

W:\Clients A-Z\Clients K-N\Martin.David\memooflaw.wpd

9