BOSE MCKINNEY & EVANS LLP
Michael A. Trentadue
Attorney No. 12037-49
Carina M. de la Torre
Attorney No. 24849-49
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 (FAX)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | CASE NO. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Chapter 11 |

**LIMITED OBJECTION OF LORENTSON MANUFACTURING COMPANY TO NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF INTERIORS AND CLOSURES BUSINESSES**

Lorentson Manufacturing Company ("Lorentson"), by counsel, for its Limited Objection to the Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses filed herein on November 30, 2007, alleges and states as follows:

1. On October 15, 2007, Debtors filed an Expedited Motion for Orders under 11 U.S.C. § 363, 365 and 1146 and Federal Rules of Bankruptcy Procedures 2002, 6004, 6006 and 9014 . . . (Docket 10606) (the "Sale Motion"), which seeks to sell substantially all the assets primarily used in the Debtors' cockpits and interior systems and integrated closure systems businesses.

2. On October 26, 2007, this Court entered an Order approving the bidding procedures related to the Sale Motion and has scheduled a hearing for December 20, 2007, at

1037085  (18126-1)

10:00 a.m. and established a deadline for objections of December 13, 2007 (the "Sale Order") (Docket 10732).

3.  On Friday, November 16, 2007, Debtors filed an Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection with Sale of Interiors and Closures Businesses (Docket 10963) (the "Assumption Notice") with the Court, and Debtors filed a Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses (Docket 10962) (the "Original Cure Notice") with the Court, both of which Notices were contemplated by the Sale Order.

4.  Lorentson timely filed its Objection to the Original Cure Notice on November 23, 2007 (Docket 11061), asserting that, *inter alia*:

    a.  The Original Cure Notice failed to list Lorentson, even though Lorentson is and has been a supplier to Debtors, both pre- and post-petition; and,

    b.  The Original Cure Notice failed to correctly identify the correct cure amount for pre-petition sums due and owing to Lorentson on the purchase orders which are sought to be assumed in the amount of $25,563.46.

5.  On Friday, November 30, 2007 at 10:30 a.m., Debtors filed their Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses (Docket 11164) (the "Supplemental Cure Notice") with the Court.

6.  The Supplemental Cure Notice correctly identifies Lorentson; however, it identifies the cure amount due Lorentson as $0.00 and, therefore, fails to correctly identify the cure amount for pre-petition sums due and owing to Lorentson on the purchase orders which are sought to be assumed in the amount of $25,563.46.

7. Accordingly, Lorentson renews and incorporates its Objection (Docket 11061) with respect to the cure amount identified by Debtors in their Supplemental Cure Notice (Docket 11164).

8. Counsel for Lorentson has been in contact with counsel for Delphi and has supplied counsel for Delphi with copies of all invoices supporting this Objection and its prior Objection.

9. Lorentson does not object to an assumption and assignment of the Purchase Orders, as long as 1) all prepetition cure amounts are paid and 2) any post-petition amounts which have been invoiced are paid (Lorentson notes that the Supplemental Cure Notice represents that such amounts will continue to be paid), all in accordance with the requirements of Section 365 of the Bankruptcy Code.

WHEREFORE, Lorentson respectfully requests that the Court enter an order denying assumption and assignment of the Purchase Orders without payment of the amounts outstanding due to Lorentson, and scheduling a hearing on this matter and for all other just and proper relief in the premises.

Respectfully submitted,

/s/ Michael A. Trentadue
Michael A. Trentadue, Attorney No. 12037-49
Carina M. de la Torre, Attorney No. 24849-49
BOSE MCKINNEY & EVANS LLP
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 684-5000 / (317) 684-5173 (FAX)
mtrentadue@boselaw.com
cdelatorre@boselaw.com

Attorneys for Lorentson Manufacturing Company

## **PARTIAL CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following parties, via overnight delivery, on the 7th day of December, 2007*:

The Honorable Robert D. Drain
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
Room 610
New York, NY  10004

Delphi Automotive Systems LLC
ATTN:  Legal Staff
5725 Delphi Drive
Troy, MI  48098

Delphi Corporation
ATTN: Deputy General Counsel,
Transactions & Restructuring
5725 Delphi Drive
Troy, MI  48098

Skadden, Arps, Slate, Meagher & Flom LLP
ATTN:  Ron E. Meisler and Brian M. Fern
333 West Wacker Drive, Suite 2100
Chicago, IL  60606

Davis Polk & Wardwell
ATTN:  Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY  10017

Latham & Watkins LLP
ATTN:  Robert J. Rosenberg and
Mark A. Broude
885 Third Avenue
New York, NY  10022

Fried, Frank, Harris, Shriver & Jacobson LLP
ATTN:  Bonnie Steingart
One New York Plaza
New York, NY  10004

Cadwalader, Wickersham & Taft LLP
ATTN:  Mike Ryan
One World Financial Center
New York, NY  10281

Office of the U.S. Trustee
for the Southern District of New York
ATTN:  Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, NY  10004

/s/ Michael A. Trentadue
Michael A. Trentadue

*An Affidavit as to service on all others is being filed separately.