Objection Deadline:  December 10, 2007

COHEN & GRIGSBY, P.C.
William E. Kelleher, Jr.
Lisa K. Stauffer
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
Telephone:  412-297-4733
Facsimile:  412-209-1854
Email: wkelleher@cohenlaw.com
        lstauffer@cohenlaw.com

        -and-

KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
Patrick J. Orr (PO-7617)
292 Madison Avenue, 17th Floor
New York, New York 10017-6314
Tel:  (212) 972-3000
Fax:  (212) 972-2245
Email: POrr@Klestadt.com
        TKlestadt@Klestadt.com

Attorneys for NOVA Chemicals Inc. and
NOVA Chemicals Canada Ltd

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK (Manhattan)**

| In re: | : | Case No. 05-44481 (RDD) |
| | : | |
| DELPHI CORPORATION, *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**OBJECTION OF NOVA CHEMICALS INC. AND NOVA CHEMICALS
CANADA LTD TO NOTICE OF CURE AMOUNT WITH
RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE
TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH
THE SALE OF INTERIORS AND CLOSURES BUSINESSES**

NOVA Chemicals Inc. and NOVA Chemicals Canada Ltd. (together, "NOVA"), by and through their undersigned attorneys, hereby object to the Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease To Be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses (the "Notice") filed by Delphi Corporation, *et al.* (collectively, the "Debtors") as follows:

## THE NOTICES

1.     On or about November 30, 2007, the Debtors served four copies of the Notice upon NOVA.  The copies of the Notice had different versions of an Exhibit 1 attached thereto, each of which listed a single purchase order with NOVA that Delphi apparently is attempting to assume and assign.  The Purchase Orders listed in the Notice are numbers 550056713, 550056710[1] and 550056690 (the "Purchase Orders").  See Docket No. 11164.

2.     With respect to each of the Purchase Orders, the Notice lists a cure amount of $0.00.

3.     NOVA objects to the Notice, the cure amounts alleged therein, and the assumption and assignment of the Purchase Orders, for the reasons more fully set forth below.

---

[1]     Purchase Order Number 550056710 is referenced in two of the Notices received by NOVA. However, in one version, the Debtors assert that the cure amount is $0.00 and in the other version, the Debtors do not make reference to any cure amount. This Objection relates to all of the Notices relating to NOVA.

## NOVA'S OBJECTIONS

### A. The Purchase Orders Are Not Executory Contracts.

4.      NOVA objects to the assumption of the Purchase Orders because they are not executory contracts.  All of the Purchase Orders expired by their terms on April 22, 2007.

5.      The Purchase Orders have been replaced – postpetition – by other purchase orders containing different price and other terms.  The currently effective purchase orders are not referenced in the Notice.  It is, therefore, unclear exactly what, if anything, the Debtors are attempting to assume.  Moreover, the purchase order that replaced Purchase Order no. 550056713 expires on December 31, 2007.[2]

6.      Section 365(a) of the Bankruptcy Code only allows for the assumption of prepetition executory contracts.  Because the Purchase Orders are no longer executory, they cannot be assumed and assigned pursuant to Section 365.  The currently effective purchase orders represent postpetition commitments and can only be assumed and assigned with the consent of NOVA, which consent has not been requested by either the Debtors or the proposed buyer.  Accordingly, NOVA objects to the assumption and assignment of the Purchase Orders.

### B. The Purchase Orders Are Not Entire Contracts.

7.      Moreover, with respect to all purchase orders issued by the Debtors, they do not embody all of the terms and conditions of the parties' contractual relationship. Indeed, the Debtors and NOVA "agreed to disagree" on whose standard terms and

_____

[2]      The new purchase orders that replaced the other two Purchase Orders are effective through December 31, 2008.

3

conditions apply.   However, by referencing only its Purchase Orders and not NOVA's

terms and conditions, the Debtors have misstated the terms of the parties' contractual

relationship.   NOVA objects to any inference that the Debtor's Purchase Orders represent

a complete contract.

8.      Accordingly, even if the Debtors could assume and assign the (expired)

Purchase Orders, or the new, currently effective purchase orders, the assignee would be

assuming the contracts with all attendant terms and conditions, not the terms and

conditions referenced on the Debtor's purchase order forms.

9.      NOVA, therefore, objects to the assumption and assignment of the

Purchase Orders and NOVA specifically rejects any notion that the Debtor's purchase

orders contain the governing terms and conditions of any contract.


**C. The Cure Amounts Set Forth in the Notice Are Inaccurate.**

10.     In the event the Purchase Orders are deemed to be executory and subject

to assumption and assignment, the Debtors are obligated to cure all prepetition defaults

associated with the Purchase Orders.   As of the commencement of this case, the Debtors

owed NOVA $82,320.00 for amounts due under Purchase Order No. 550056710 and

$382,024.00 for amounts due under Purchase Order No. 550056690.[3]   Thus, the cure

amounts total $464,344.00.

11.     Section 365(b) of the Bankruptcy Code requires that where a default in an

executory contract has occurred, the executory contract cannot be assumed unless, at the

---

[3]     NOVA concedes that there was no monetary prepetition default under Purchase Order No.
550056713.

time of assumption of such contract, the default is cured and adequate assurance of future performance is provided.  11 U.S.C. § 365(b)(1).

12.     Even assuming *arguendo* that the Purchase Orders are executory contracts, which NOVA disputes, the Debtors have inaccurately stated that there are no cure costs associated with the assumption of the Purchase Orders.  To the extent the Purchase Orders can be assumed, NOVA objects to the assumption and to the assignment of the Purchase Orders without payment of the cure costs in the amount of $ 464,344.00[4].

13.     NOVA further objects to the assumption and assignment of the Purchase Orders on the ground that it has not been offered, and has not received, any adequate assurance of future performance by the buyer or proposed assignee.

---

[4]     NOVA previously sold this claim to Longacre Capital Partners, (QP), L.P. and Longacre Fund Management, LLC.

WHEREFORE, for the foregoing reasons, NOVA Chemicals Inc. and NOVA
Chemicals Canada Ltd. object to the Debtors' Notice and ask that this Honorable Court
(1) reject the Notice as it applies to NOVA, (2) deny any attempt by the Debtors to
assume or assign the Purchase Orders, and (3) grant any further relief that this Court
deems just and proper.

Dated: December 7, 2007
       New York, New York

                                        Respectfully submitted,

                                        KLESTADT & WINTERS, LLP


                                        /s/ Patrick J. Orr
                                        Tracy L. Klestadt (TK-3591)
                                        Patrick J. Orr (PO-7617)
                                        292 Madison Avenue, 17th Floor
                                        New York, New York 10017-6314
                                        Tel:  (212) 972-3000
                                        Fax:  (212) 972-2245
                                        Email: POrr@Klestadt.com
                                               TKlestadt@Klestadt.com

                                        William E. Kelleher, Jr.
                                        Lisa Kerszencwejg Stauffer
                                        Cohen & Grigsby, P.C.
                                        11 Stanwix Street, 15th Floor
                                        Pittsburgh, PA  15222
                                        (412) 297-4733 (phone)
                                        (412) 209-1854 (fax)
                                        wkelleher@cohenlaw.com
                                        lstauffer@cohenlaw.com