B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re  
DELPHI CORPORATION  
DELPHI AUTOMOTIVE SYSTEMS LLC

Case No. 05-44481

Court ID (Court use only)

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
Name of Transferee
Name and Address where notices to transferee
should be sent
Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA
C/O Benjamin Tarver
11152 Westheimer Road #796
Houston, TX  77042
Phone: **832-519-1780**
Last Four Digits of Acct #: **n/a**
Name and Address where transferee payments
should be sent (if different from above)
*****SAME AS ABOVE*****

Phone:

Court Claim # (if known):
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $587.50**

**MOODY BIBLE INSTITUTE**
Name of Transferor
Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct. #:
Name and Current Address of Transferor
MOODY BIBLE INSTITUTE
820 N LASALLE BLVD

CHICAGO, IL, 60610

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: **/s/ Benjamin D. Tarver**                                    Date: December 8, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

---

**~~DEADLINE TO OBJECT TO TRANSFER~~**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                                 _____
                                                                                  **CLERK OF THE COURT**



New York • Houston

## TRANSFER OF CLAIM

Moody Bible Institute of 820 N Lasalle St Chicago IL 60610-3214 ("Assignor"), in consideration of payment of $■■■.00 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

**Moody Bible Institute**

*R. T. Jones*
Authorized Signature

R.T. Jones Assistant Controller
Print Name & Title

Tom.Jones@Moody.edu
Email

312 329 2084
Phone Number

11/27/07
Date

FAX TO 1-800-571-9226

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

C4

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re
DELPHI CORPORATION
DELPHI AUTOMOTIVE SYSTEMS LLC

Case No. 05-44481

Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
Name of Transferee
Name and Address where notices to transferee should be sent
Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA
C/O Benjamin Tarver
11152 Westheimer Road #796
Houston, TX 77042
   Phone: **832-519-1780**
   Last Four Digits of Acct #: **n/a**
Name and Address where transferee payments should be sent (if different from above)
   *****SAME AS ABOVE*****

Phone:

Court Claim # (if known): _____
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $750.00**

EXTERMCO PEST CONTROL SERV
Name of Transferor
Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct. #: _____
Name and Current Address of Transferor
EXTERMCO PEST CONTROL SERV
8255 AL HWY 9 N

CEDAR BLUFF, AL, 35959

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**          Date: December 8, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---**DEADLINE TO OBJECT TO TRANSFER**---

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                          _____
                                        **CLERK OF THE COURT**

1822


New York • Houston

## TRANSFER OF CLAIM

Extermco Pest Control Serv of 8255 Al Highway 9 N   Cedar Bluff AL 35959-2219 ("Assignor"), in consideration of payment of $____.00 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co, CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Extermco Pest Control Serv

_____
Authorized Signature

Tina Gordon   Owner
Print Name & Title

gordon8@tds.net
Email

256-779-9123
Phone Number

11-23-07
Date

**FAX TO 1-800-571-9226**

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

C4

B210
(12/04)

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re
DELPHI CORPORATION
DELPHI AUTOMOTIVE SYSTEMS LLC

Case No. 05-44481

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
Name of Transferee
Name and Address where notices to transferee
should be sent
**Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA**
**C/O Benjamin Tarver**
**11152 Westheimer Road #796**
**Houston, TX 77042**
  Phone: **832-519-1780**
  Last Four Digits of Acct #: **n/a**
Name and Address where transferee payments
should be sent (if different from above)
  *****SAME AS ABOVE*****

Phone:

Court Claim # (if known): _____
Date Claim Filed:
**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $770.84**

MATC
Name of Transferor
Court Record Address of Transferor
(Court Use Only)

  Last Four Digits of Acct. #: _____
Name and Current Address of Transferor
MATC
700 W STATE ST

MILWAUKEE, WI, 53233

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**    Date: December 8, 2007
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---~DEADLINE TO OBJECT TO TRANSFER~---
The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**



**BSG**
New York • Houston

2805

## TRANSFER OF CLAIM

Matc of 700 W State St  Milwaukee WI 53233-1419 ("Assignor"), in consideration of payment of $___.34 (the "Payment"), hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against Delphi Corporation and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, Southern District Of New York, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever; Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Matc

_____[signature]_____
Authorized Signature

Jauvie M. Falkenburg, V.P./General Counsel
Print Name & Title

jauvie.fulkenburg@matc.edu
Email

(414) 297-8718
Phone Number

11/20/07
Date


FAX TO 1-800-571-9226

**PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS**

C4

Opt-Out: 4142976282

B210
(12/04)

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

In re
DELPHI CORPORATION
DELPHI AUTOMOTIVE SYSTEMS LLC

Case No. 05-44481

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | **FAST TEK GROUP LLC** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **Equity Trust Co. Custodian FBO Benjamin D. Tarver IRA** | |
| **C/O Benjamin Tarver** | |
| **11152 Westheimer Road #796** | |
| **Houston, TX 77042** | |
| Phone: **832-519-1780** | |
| Last Four Digits of Acct #: **n/a** | Last Four Digits of Acct. #: |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor |
| *****SAME AS ABOVE***** | FAST TEK GROUP LLC |
| | PO BOX 634022 |
| Phone: | CINCINNATI, OH, 452634022 |
| Court Claim # (if known): | |
| Date Claim Filed: | |

**SCHEDULE NUMBER(S) OF TRANSFERRED CLAIMS:**
**AMOUNT OF CLAIM TRANSFERRED $2,428.81**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ **Benjamin D. Tarver**   Date: December 8, 2007
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

**CLERK OF THE COURT**



New York • Houston

## TRANSFER OF CLAIM

FAST TEK GROUP LLC of PO BOX 634022, , CINCINNATI, OH 452634022 ("Assignor"), in consideration of payment of $█████0, hereby absolutely and unconditionally sells, transfers and assigns unto Equity Trust Co. CUSTFBOBDTARV ("Assignee"), all of Assignor's rights, title and interest in and to all of Assignor's claims that have either been scheduled or for which a Proof of Claim has been filed (collectively the "Claim") against DELPHI AUTOMOTIVE SYSTEMS LLC and any and all related debtors (collectively "Debtor") in the proceedings for reorganization in the United States Bankruptcy Court, SOUTHERN DISTRICT OF NEW YORK, Case Number 05-44481, or any case that is jointly-administered with this case (the "Proceedings").

Assignor represents and warrants that: (i) the Claim is valid, undisputed, liquidated and non-contingent; (ii) Assignor has not previously assigned, sold or pledged all or any part of the Claim to any third party; (iii) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; (iv) Assignor is duly authorized to execute and perform this agreement; (v) Assignor has not received a distribution of any kind from the Debtor. If all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever, Assignor shall, on demand immediately repay to Assignee, the pro rata portion of the Payment.

Assignor irrevocably appoints Assignee as its attorney-in-fact with respect to all aspects of the Claim and grants Assignee full and absolute authority to do all things that Assignee, in its full and absolute discretion, deems necessary to enforce the Claim and Assignor's rights thereunder, specifically including, but not limited to, the rights to: (i) endorse Assignor's name on any and all checks or other property received in payment of the claim; (ii) vote the claim; and (iii) change Assignor's address of record to that of Assignee. Assignor shall forward to Assignee all notices and payments Assignor receives from Debtor, the Court or any third party with respect to the Claim and shall provide Assignee with all information and documents to support or substantiate the Claim as Assignee may from time to time request.

The terms of this Assignment of Bankruptcy Claim shall bind and inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor acknowledges that Assignee may at any time reassign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Bankruptcy Claim. All of Assignor's representations, warranties and obligations herein shall survive the execution and delivery of this Assignment of Bankruptcy Claim and any such re-assignment.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Bankruptcy Claim and hereby waives its right to raise any objections thereto and waives its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

FAST TEK GROUP LLC

_[signature]_
Authorized Signature

SCOTT J. WEAVER
Print Name & Title

SWEAVER@ags-capital.com
Email

317.855.2712
Phone Number

12/3/07
Date

FAX TO 1-800-571-9226
PAYMENT WILL BE MAILED WITHIN 3 BUSINESS DAYS

VT