Judy A. O'Neill (admitted *Pro Hac Vice*)
David G. Dragich (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for SABIC Innovative Plastics US LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             )
In re:                                                       )
                                                             )   Chapter 11
DELPHI CORPORATION, et al.,                                  )   Case No. 05-44481 (RDD)
                                                             )   Jointly Administered
            Debtors.                                         )
-------------------------------------------------------------x

### OBJECTION OF SABIC INNOVATIVE PLASTICS US LLC TO ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO PURCHASERS AND PROPOSED CURE AMOUNT IN CONNECTION WITH SALE OF INTERIORS AND CLOSURES BUSINESS

SABIC Innovative Plastics US LLC ("SABIC Innovative Plastics"), as successor in interest to General Electric Company, doing business through its GE Advanced Materials division, hereby submits this Objection (the "Objection") to the Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers and Proposed Cure Amount in Connection with Sale of Interiors and Closures Business. In support of its Objection, SABIC Innovative Plastics respectfully represents as follows:

### BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned case (collectively, the "Debtors"), filed voluntary petitions in this Court for

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2. On October 15, 2007, the Debtors filed an Expedited Motion for Orders Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date and (B) Authorizing and Approving (I) Sale of Certain of Debtor's Assets Comprising Substantially All the Assets Primarily Used in Debtors' Cockpits and Interior Systems, and Integrated Closure Systems Businesses Free and Clear of Liens, Claims, and Encumbrances, (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Assumption of Certain Liabilities (the "Interiors and Closures Businesses Sale Motion").

3. On October 26, 2007, the Court entered an order approving the bidding procedures relating to the Interiors and Closures Businesses Sale Motion (the "Interiors and Closures Businesses Bidding Procedures Order"). Pursuant to the Interiors and Closures Businesses Bidding Procedures Order, the Court scheduled a hearing on the sale (the "Sale Hearing") for December 20, 2007 at 10:00 a.m., and established a deadline for objections to the sale (the "Objection Deadline") for December 13, 2007. With respect to assumption of executory contracts and unexpired leases, the Interiors and Closures Businesses Bidding Procedures Order required the Debtors to serve a Cure Notice[1] and Assumption Notice at least 20 days prior to the Sale Hearing to each non-Debtor party to an Assumed U.S. Contract.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Interiors and Closures Businesses Sale Motion.

4. On Friday November 30, 2007, the Debtors filed the Notice of Assumption And/Or Assignment of Executory Contract or Unexpired Lease To Purchasers In Connection With Sale of Interiors and Closures Businesses (the "Assumption Notice") and the Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Businesses (the "Cure Notice") with the Court. According to the Interiors and Closures Businesses Bidding Procedures Order, parties have 10 days to respond, or December 10, 2007. Accordingly, this Objection is timely filed.

5. Prior to the Petition Dates, SABIC Innovative Plastics, through its predecessor in interest, entered into the following integrated agreements with Delphi and Delphi Automotive Systems LLC ("DAS") (collectively, the "Contract"):[2]

    a. Long Term Global Contract, dated as of February 1, 2004, by and between DAS and General Electric Company, doing business as GE Advanced Materials (the "Long Term Agreement");

    b. Letter agreement, dated as of June 20, 2003, by and between Delphi Corporation, doing business as Delphi Safety and Interior Systems and GE Plastics pertaining to the GMT900 IP program (the "GMT900 Letter"); and

    c. Letter agreement, dated as of June 25, 2002, by and between Delphi Corporation and GE Plastics pertaining to the Epsilon IP program (the "Epsilon Letter").

6. The Long Term Agreement, the GMT900 Letter, and the Epsilon Letter together constitute the "Contract." The terms and conditions of the Long Term Agreement, the GMT900 Letter, and the Epsilon Letter formulate the parties' commercial relationship. On October 8, 2004, the parties amended the Contract (the "2004 Amendment"). The 2004 Amendment amended pricing for goods supplied by SABIC Innovative Plastics to the Debtors pursuant to the

---

[2] The Contract refers to the agreements referenced herein and any amendments thereto.

3

Long Term Agreement, the GMT900 Letter, and the Epsilon Letter. On October 15, 2005, the parties amended the Contract again (the "2005 Amendment"). The 2005 Amendment modified the Debtors' payment obligations for goods ordered pursuant to the Long Term Agreement, the GMT900 Letter, and the Epsilon Letter. The parties have continued to amend the Contract to extend the modification to the payment terms. Indeed, as recently as November 30, 2007, the parties amended the Contract to ensure that modified payment terms applied to all goods ordered under the Contract.

7. In order to implement the Contract, the Debtors issue periodic purchase orders for the various products covered by the Contract and then place releases against the purchase orders. Thus, the purchase orders are a means to implement the Contract but do not constitute, either separately or together, the Contract.

8. The Assumption Notice seeks to assume the following:

    a. Epsilon Letter;

    b. GMT900 Letter;

    c. 2004 Amendment (pertaining to the Epsilon Letter, GMT900 Letter, and Long Term Agreement);

    d. 2005 Amendment (pertaining to the Epsilon Letter, GMT900 Letter, and Long Term Agreement); and

    e. Purchase Orders 550056299, 550056303, 550056304, 550056305, and 550060254, which the Debtors assert in the Cure Notice pertain to the Epsilon Letter and GMT900 Letter.

9. In addition to the purchase orders identified in the Assumption Notice, additional purchase orders, identified in the attached **Exhibit A**, have been issued by the Debtors to implement the Contract. SABIC Innovative Plastics continues its review of the matter but notes that additional purchase orders may have been issued by the Debtors and some of the purchase orders listed on Exhibit A may have been superseded by subsequent purchase orders.

4

10. In the Assumption Notice, the Debtors do not expressly seek to assume the Long Term Agreement even though the purchase orders identified by the Debtors in the Assumption Notice are for products used in programs identified in the Long Term Agreement.

11. In the Cure Notice, the Debtors propose the following cure amounts:

| | |
|---|---|
| Letter agreement, dated as of June 25, 2002, by and between Delphi Corporation and GE Plastics pertaining to the Epsilon IP program relating to purchase orders 550056299, 550056303, 550056304, 550056305, and 550060254 | Cure Amount: $0.00 |
| Letter agreement, dated as of June 20, 2003, by and between Delphi Corporation, doing business as Delphi Safety and Interior Systems and GE Plastics pertaining to the GMT900 IP program relating to purchase orders 550056299, 550056303; 550056304, 550056305, and 550060254 | Cure Amount: $0.00 |
| Amendment to the integrated Contract, as defined above, dated October 8, 2004 | Cure Amount: $0.00 |
| Amendment to the integrated Contract, as defined above, dated October 15, 2005 | Cure Amount: $0.00 |
| Purchase Order 550056304 | Cure Amount: $1,122,029.14 |
| Purchase Order 550056299 | Cure Amount: $0.00 |
| Purchase Order 550056305 | Cure Amount: $1,016,966.41 |
| Purchase Order 550056302 | Cure Amount: $0.00 |
| Purchase Order 550056303 | Cure Amount: $60,186.87 |
| Purchase Order 550060254 | Cure Amount: $14,732.93 |
| Purchase Order 550079831 | Cure Amount: $0.00 |
| Purchase Order 550026201 | Cure Amount: $10,093.54 |
| Purchase Order D0550026201 | Cure Amount: $10,093.54 |

5

12. Accordingly, the aggregate Cure Amount proposed by the Debtors is $2,234,102.43. As of the Petition Dates, the Debtors had failed to pay SABIC Innovative Plastics $5,402,848.11 under the Contract which was reflected in a proof of claim filed by SABIC Innovative Plastics through its predecessor in interest (the "Prepetition Claim").

**ARGUMENT**

**A.    The Debtors' Assumption Notice Cannot Be Approved Because it Fails to Properly Identify the Contract Between the Parties and Fails to Assume the Entire Contract.**

13. As set forth above, the Debtors' Assumption Notice seeks only to assume certain portions of the Contract. The Debtors seek to assume certain letter agreements and purchase orders, which are not contracts, but were simply issued to implement the Contract. This request is entirely improper.

14. An executory contract may not be assumed in part or rejected in part. See In re Teligent, Inc., 268 B.R. 723 (Bankr. S.D.N.Y. 2001); Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996); City of Covington v. Covington Landing Ltd. Partnership, 71 F.3d 1221 (6th Cir. 1995); In re Nitec Paper Corp., 43 B.R. 492 (S.D.N.Y. 1984); In re Village Rathskeller, Inc., 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). The debtor must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. In re Adelphia Bus. Solutions, Inc., 322 B.R. 51 (Bankr. S.D.N.Y. 2005); United Air Lines, Inc. v. U.S. Bankr. Trust Nat'l Ass'n (In re UAL Corp.), 346 B.R. 456 (Bankr. N.D. Ill. 2006); In re Storage Technology Corp., 53 B.R. 471 (Bankr. D. Colo. 1985) (Section 365 requires assumption of entire agreement; debtor cannot avoid effect of this rule by construing various parts of a transaction as separate agreements when they are clearly interdependent).

6

15. The parties' conduct and subsequent amendments have established that the Long Term Agreement, the GMT900 Letter, and the Epsilon Letter are an integrated Contract, despite anything to the contrary in the Long Term Agreement. The parties have entered into numerous amendments that impact the payment obligations under the entire Contract and the pricing for goods supplied under the entire Contract. Moreover, the parties' purchasing practices and supply procedures indicate that they have treated the items as one Contract. For this reason, the Debtors' attempt to separate parts of a single Contract into separate agreements (which collectively form the Contract) and certain purchase orders (which implement purchases under the Contract) is wholly improper. Under Section 365, the Debtor cannot proceed in this manner. The Debtor must either assume or reject the entire Contract. For this reason, the Court cannot permit assumption in the manner proposed in the Assumption Notice.

### B. The Debtors' Cure Notice Fails To State The Correct Cure Amount.

16. As set forth above, notwithstanding SABIC Innovative Plastics' Prepetition Claim, the Cure Notice fails to identify the correct Cure Amount owed to SABIC Innovative Plastics by the Debtors. SABIC Innovative Plastics expressly re-asserts its Prepetition Claim in the amount of $5,402,848.11 and its right to that Cure Amount which must be paid for the Debtors to assume the Contract.[3] SABIC Innovative Plastics expressly reserves the right to contest the Cure Amount in further pleadings filed with this Court and in further proceedings held by this Court.

---

[3] SABIC Innovative Plastics' Prepetition Claim is subject to reduction pursuant to ongoing discussions between the parties relating to setoff and recoupment.

7

## **CONCLUSION**

WHEREFORE, SABIC Innovative Plastics respectfully requests that the Court enter an order (a) denying assumption in the manner proposed in the Assumption Notice, and (b) scheduling a hearing on the matter.

Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ David G. Dragich_____
Judy A. O'Neill (admitted *Pro Hac Vice*)
David G. Dragich (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for SABIC Innovative Plastics US LLC

December 10, 2007

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Objection of SABIC Innovative Plastics US LLC to the Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers and Proposed Cure Amount in Connection with Sale of Interiors and Closures Business, has been served upon the following parties via electronic mail where indicated and by hand delivery this 10th day of December , 2007:

| | |
|---|---|
| Delphi Corporation<br>5725 Delphi Drive<br>Troy, MI 48098<br>Attn: Deputy General Counsel, Transactions & Restructuring | Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL 60606<br>Attn: Ron E. Meisler<br>      Brian M. Fern<br>rmeisler@skadden.com<br>bfern@skadden.com |
| Delphi Automotive Systems LLC<br>5725 Delphi Drive<br>Troy, MI 48098<br>Attn: Legal Staff | Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017<br>Attn: Donald Bernstein<br>      Brian Resnick<br>donald.bernstein@dpw.com<br>brian.resnick@dpw.com |
| Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022<br>Attn: Robert J. Rosenberg<br>      Mark A. Broude<br>robert.rosenberg@lw.com<br>mark.broude@lw.com | Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004<br>Attn: Bonnie Steingart<br>bonnie.steingart@friedfrank.com |
| Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281<br>Attn: Mike Ryan<br>mike.ryan@cwt.com | Office of the United States Trustee<br>Southern District of New York<br>33 Whitehall Street, Suite 3100<br>New York, NY 10004<br>Attn: Alicia M. Leonhard |

                                              */s/ Kathleen Rose*
                                              Kathleen Rose
                                              FOLEY & LARDNER LLP

DETR_491572.3

500 Woodward Ave., Suite 2700
Detroit, MI  48226
Telephone:  (313) 234-7100

10