BARNES & THORNBURG LLP
Attorneys for Armada Rubber
Manufacturing Company
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF ARMADA RUBBER MANUFACTURING
COMPANY TO DEBTORS' (A) INTERIORS
AND CLOSURES BUSINESSES SALE MOTION, AND
(B) NOTICE OF CURE AMOUNT WITH RESPECT
TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO
BE ASSUMED AND ASSIGNED IN CONNECTION WITH
<u>THE SALE OF INTERIORS AND CLOSURES BUSINESSES</u>**

Armada Rubber Manufacturing Company ("Armada"), by and through its undersigned attorneys, hereby files this objection (the "Objection") to the Debtors' (a) Interiors Closures and Businesses Sale Motion, and (b) Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses (the "Second Cure Notice").  In support of the Objection, Armada states as follows:

## BACKGROUND

1.      On October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are continuing to operate their businesses as debtors in possession.

2.      Prior to the Petition Date, Armada supplied the Debtors with goods and services pursuant to various purchase orders (the "Executory Contracts").  Armada has continued to conduct business with the Debtors under the Executory Contracts since the Petition Date.

3.      On April 24, 2006, Armada filed proofs of claim in the Debtors' cases (the "Proofs of Claim") identifying, among other things, amounts due and owing under the Executory Contracts as of the Petition Date.  Armada subsequently assigned its claims to ASM Capital by agreement dated May 4, 2006.

4.      On October 15, 2007, the Debtors filed an Expedited Motion for Orders Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form and Manner of Sale Notices, and (iv) Setting Sale Hearing Date and (b) Authorizing and Approving (i) Sale of Certain of Debtor's Assets Comprising Substantially All the Assets Primarily Used in Debtors' Cockpits and Interior Systems, and Integrated Closure Systems Businesses Free and Clear of Liens, Claims, and Encumbrances, (ii) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iii) Assumption of Certain Liabilities (the "Motion"), which, among other things, seeks to assume and assign certain Executory Contracts under section 365 of the Bankruptcy Code to the proposed purchaser or any other successful bidder.

5.  Subsequent to the filing of the Motion, the Debtors served on Armada a notice identifying six (6) Executory Contracts that the Debtors are seeking to assume and assign as part of the proposed sale (the "First Assumption Notice"). The assumption notice did not identify any cure amounts, however. Instead, the Debtors filed and served on Armada a Notice of Cure Amount with Respect to Executory Contract of Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses (the "First Cure Notice"). The First Cure Notice correctly stated that the cure amount due to Armada under Executory Contract number 550058113 is $1,020.00.[1] However, the First Cure Notice did not identify any additional cure amounts to be provided in connection with the Debtors' proposed assumption and assignment of the five (5) other Executory Contracts.[2] Armada, therefore, filed an objection to the Motion and related notices.

6.  On November 30, 2007, the Debtors filed and served the Second Cure Notice, which identified five (5) Executory Contracts that the Debtors are seeking to assume and assign.[3] These Executory Contracts are the same Executory Contracts identified in the First Assumption Notice. A schedule of Executory Contracts between the Debtors and Armada, including the requisite cure amounts for each, is attached to Armada's initial objection.

7.  According to Armada's records and consistent with the Proofs of Claim, as of the Petition Date, the Debtors owed the aggregate amount of $8,150.00 to Armada under the five (5) Executory Contracts identified in the Second Cure Notice. Furthermore, as of the date of this

---

[1] The Debtors identified this Executory Contract as "D0550058113."

[2] The five (5) Executory Contracts that the Debtors are (or were) seeking to assume and assign without curing pursuant to the Assumption Notice are identified as (i) 550022382, (ii) 550022386, (iii) 550023472, (iv) 550022387, and (v) 550022388.

[3] The Debtors also filed and served a second notice with respect to assumption (the "Second Assumption Notice") on the same day. Unlike the First Assumption Notice, the Second Assumption Notice does not identify any Executory Contracts sought to be assumed and assigned as part of the proposed sale.

3

Objection, the Debtors owe Armada the aggregate amount of $491.40 for goods and services provided to the Debtors post-petition pursuant to the Executory Contracts sought to be assumed and assigned.

## OBJECTION

7.  Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, where a default has occurred under an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee:

   (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default;

   (B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

   (C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1); *see City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1226 (6th Cir. 1995) (trustee must assume both the benefits and the burdens of an executory contract or unexpired lease); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005) (same).

8.  A trustee may assign an executory contract or unexpired lease only if adequate assurance of future performance by the assignee is provided, whether or not there has been a default in such contract or lease, and the trustee complies with the other applicable provisions of section 365. 11 U.S.C. § 365(f)(2)(b). The trustee's obligation to cure extends not only to

4

prepetition, but also post-petition, defaults. *See*, *e.g.*, *In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996).

9. The Debtors are apparently attempting to assume and assign certain Executory Contracts to the proposed purchaser or another successful bidder without curing pre and post-petition defaults under the Executory Contracts.[4] In the event that the Debtors are attempting to assume Executory Contracts with Armada, the Debtors are required to cure all defaults owing to Armada under such contracts, regardless of whether those defaults are pre or post-petition in nature.

10. The Debtors have also failed to provide adequate assurance that any eventual purchaser will continue to perform under the Executory Contracts with Armada.

## **MEMORANDUM OF LAW**

11. This Objection sets forth specific responses with supporting law divided under numerous paragraphs. Armada respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

---

[4] Alternatively, Armada is entitled to payment in full for any goods and services it provided on a post-petition basis to the Debtors, whether pursuant to an Executory Contract or other arrangement. 11 U.S.C. §§ 507(a)(2) and 503(b)(1)(A); *see*, *e.g.*, *In re Sunerhauserman, Inc.*, 126 F.3d 811, 816 (6th Cir. 1997).

WHEREFORE, Armada respectfully requests that the Court (i) deny the Motion as it relates to Armada, and (ii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: December 10, 2007

                                                  Respectfully submitted,

**ARMADA RUBBER MANUFACTURING COMPANY**

By:    /s/John T. Gregg
           One of its Attorneys

John T. Gregg (Admitted Pro Hac Vice)
BARNES & THORNBURG LLP
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999
jgregg@btlaw.com

Attorneys for Armada Rubber Manufacturing Company

GRDS01 JGREGG 355375v2