BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592
Attorneys for Cooper-Standard Automotive Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, et al

Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

**OBJECTION BY COOPER-STANDARD AUTOMOTIVE INC. TO DEBTORS' (I) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF INTERIORS AND CLOSURES BUSINESSES AND (II) MOTION FOR SALE OF INTERIORS AND CLOSURES BUSINESSES**

Cooper-Standard Automotive Inc. ("Cooper-Standard") objects to the Debtors' (I) Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Business ("Cure Notice") [Docket #11164] and (II) Debtors Motion for Sale of its Interiors and Closures Businesses [Docket #10606]. In support of its objection Cooper-Standard states as follows:

**Introduction**

1.   Cooper-Standard files this objection because no proposed purchaser under the Sale Motion has given Cooper-Standard adequate assurance that it would be able to perform its duties under any contracts between Cooper-Standard and Debtors that will be assumed and assigned.

**Background**

2. On October 15, 2007, Debtors filed an expedited motion for an order approving, *inter alia*, the assumption and assignment of certain executory contracts and unexpired leases related to Delphi's Cockpits and Interior Systems and Integrated Closure Systems Business ("Sale Motion").

3. In the Sale Motion, Debtors seek authority under Section 365 of the Bankruptcy Code to assume and assign certain contracts to Inteva Products LLC ("Inteva") or any other successful bidder.

4. On November 30, 2007, Debtors filed the Cure Notice.

5. The Notice identifies the following purchase orders (collectively, "Contracts") and the following cure amounts for the same ("Proposed Cure Amounts"):

| COUNTER PARTY | PURCHASE ORDER NO./DESCRIPTION OF AGREEMENT | PROPOSED CURE AMOUNT |
|---|---|---|
| Cooper-Standard Automotive | 550057616 | $0 |
| Cooper-Standard Automotive | 550022404 | $0 |
| Cooper-Standard Automotive | 550023474 | $0 |

**Argument**

6. Section 365(b)(1) of the Bankruptcy Code provides that "if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption … the trustee (A) cures … such default." Cooper-Standard has not yet been able to determine whether any amounts are due and owing under the Contracts. Cooper-Standard reserves its right to object to the proposed cure amounts with respect to the Contracts.

7.  Debtor should confirm that any postpetition amounts owing under the Contracts will continue to be timely paid. It is axiomatic that any amounts due and owing under the Contracts must be cured as a result of any contemplated assumption or assignment.

8.  Finally, under Section 365(f)(2)(B) of the Bankruptcy Code, Debtors may assign an executory contract only if "adequate assurance of future performance by the assignee of such contract … is provided." Neither Inteva nor any other prospective purchaser provided Cooper-Standard with adequate assurance of future performance of the Contracts.

9.  Because the legal points and authorities upon which this objection relies are incorporated and do not represent novel theories of law, Cooper-Standard requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## **RELIEF REQUESTED**

Cooper-Standard requests that the Court condition the assumption and assignment of the Contracts to Inteva, or any other prospective purchaser, upon payment of the correct cure amount and upon any proposed purchaser's proof of adequate assurance of future performance of the Contracts.

BODMAN LLP

By: /s/ Ralph E. McDowell
    Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 259-7777
Facsimile: (313) 393-7579
*rmcdowell@bodmanllp.com*

Detroit_812749_1

-4-

                                                                                  Attorneys for Cooper-Standard Automotive Inc.

December 10, 2007

-4-

-5-

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing *Objection by Cooper-Standard Automotive Inc. to Debtors' (I) Notice of Cure Amount with respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses and (II) Motion for Sale of Interiors and Closures Businesses* was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004


Dated:  December 10, 2007

/s/  Ralph E. McDowell
Ralph E. McDowell

Detroit_812749_1