UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

  In re                                     :    Chapter 11

DELPHI CORPORATION, et al.,        :    Case No.  05 - 44481 (RDD)

                  Debtors.     :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 503(b), AND 507(a)
AUTHORIZING AND APPROVING DELPHI-APPALOOSA
<u>EQUITY PURCHASE AND COMMITMENT AGREEMENT AMENDMENT</u>

("DELPHI-APPALOOSA INVESTMENT AND PLAN SUPPORT ORDER")

Upon the motion (the "Motion")[1], dated October 29, 2007, of Delphi Corporation ("Delphi") and certain of its domestic subsidiaries and affiliates, debtors and debtor-in-possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), for an order authorizing and approving the entry into an amendment to the Equity Purchase and Commitment Agreement, as subsequently restated in the Second Restated First Amendment to the Equity Purchase and Commitment Agreement (the "Amendment"), and associated Investment Proposal Letter (the "Proposal Letter") and Commitment Letters (the "Commitment Letters," and together with the Proposal Letter and the Amendment, the "Amended Investment Agreements")[2] pursuant to sections 105(a), 363(b), 503(b), and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Amendment is attached to this Order as <u>Exhibit 1</u> and the Commitment Letters are attached to this Order as <u>Exhibit 2</u>.

"Bankruptcy Code"); and this Court having reviewed the Motion and objections thereto, and having heard the statements of counsel and the evidence presented regarding the relief requested in the Motion at a hearing before this Court on December 6 – 7, 2007 (the "Hearing"); and for the reasons stated in the Court's bench ruling at the conclusions of the Hearing, and this Court having determined that its approval of the Amended Investment Agreements would not constitute approval of a sub rosa or de facto chapter 11 plan; and due and appropriate notice of the Motion having been given in accordance with this Court's Supplemental Disclosure Statement, Investment Agreement, And Exit Financing Procedures Order, entered October 19, 2007 (Docket No. 10662); and sufficient cause appearing therefor; now, therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

1.    <u>Jurisdiction</u>.  This Court has core jurisdiction over the Chapter 11 Cases, the Motion, this order, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 363(b), 503(b), and 507(a) of the Bankruptcy Code.

2.    <u>Notice</u>.  The notice given by the Debtors of the Motion and the Hearing constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable local rules, and no other or further notice is necessary.

---

[3]    This order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

3.      Findings.  In addition to the findings of fact and conclusions of law stated on the record at the hearing on the Motion and in the Court's oral ruling on the Motion, which are incorporated herein by reference, the Court finds that:

(a)     On October 8 and October 14, 2005, the Debtors commenced the Chapter 11 Cases for the purpose of restructuring their businesses and related financial obligations pursuant to an overall transformation strategy (the "Transformation Plan") that would incorporate the following structural components:

(i)     Modification of the Debtors' labor agreements;

(ii)    Resolution of all issues and disputes between the Debtors and General Motors Corporation ("GM") and its subsidiaries and affiliates regarding (A) certain legacy obligations, including allocating responsibility for various pension and other post-employment benefit obligations; (B) all alleged claims and causes of action arising from the spinoff of Delphi from GM; (C) costs associated with the transformation of the Debtors' businesses (including the establishment of support to be provided by GM in connection with certain of those businesses that the Debtors intend to shut down or otherwise dispose of); (D) the restructuring of ongoing contractual relationships with respect to continuing operations; and (E) the amount and treatment of GM's claims in the Chapter 11 Cases (together, the "Designated Issues");

(iii)   Development of a strategically focused product portfolio and realignment of production capacity to support it;

(iv)    Transformation of the Debtors' work force in keeping with a sustainable cost structure and streamlined product portfolio;

3

   (v) Resolution of the Debtors' pension issues; and

   (vi) Restructuring of the Debtors' balance sheet to accommodate the transformed enterprise.

 (b) The Debtors continue to operate their respective businesses and manage their respective properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.  Pursuant to an order of this Court, the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered.

 (c) Pursuant to its authority under section 1102 of the Bankruptcy Code, the United States Trustee for the Southern District of New York appointed the Creditors' Committee and the Equity Committee in the Chapter 11 Cases.

 (d) As set forth in the Motion, in connection with the Delphi-Appaloosa EPCA, Appaloosa Management L.P., Harbinger Capital Partners Master Fund I, Ltd., and Pardus Capital Management L.P. (collectively, the "Commitment Parties," and together with the Investors, the "Plan Investors") will provide the Commitment Letters to the Investors and Delphi, pursuant to which each Commitment Party will provide funding to the Investors under the terms and subject to the limitations set forth in the Commitment Letters.

 (e) The Amended Investment Agreements, giving effect to the Amendment, are fair and equitable to all parties.

 (f) The Debtors' decision to enter into the Amendment is a sound exercise of their business judgment, is consistent with their fiduciary duties, and is based on good, sufficient and sound business purposes and justifications.

  (g)  The Amendment was negotiated at arms' length and in good faith.

  (h)  The Amendment is fair, reasonable, and in the best interests of the Debtors, their estates, shareholders, creditors, and all parties-in-interest.

  (i)  The relief requested in the Motion is in the best interests of the Debtors, their estates, shareholders, creditors, and all parties-in-interest.

  NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

  1.  The Motion is GRANTED in its entirety, and shall not be subject to stay under Bankruptcy Rule 6004(g).  Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, this order shall take effect immediately upon its entry.

  2.  Except as provided in the Amended Investment Agreements or in this Order, the Delphi-Appaloosa EPCA and the Order Authorizing And Approving Delphi-Appaloosa Equity Purchase And Commitment Agreement Pursuant To 11 U.S.C. §§ 105(a), 363(b), 503(b), And 507(a) (Docket No. 8856), dated August 2, 2007, shall remain in full force and effect.

  3.  Any objection to the Motion not withdrawn or otherwise resolved as set forth in this order is hereby overruled.

  4.  Pursuant to Bankruptcy Code sections 105(a), 363(b), 503(b), and 507(a), the Debtors and the applicable Plan Investors are hereby authorized, but not directed, to execute, deliver, and implement the Amended Investment Agreements and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the terms of the Amended Investment Agreements, and such agreements and documents shall be binding and enforceable against the Debtors, their estates, and the other parties thereto in accordance with their terms and subject to the conditions contained therein.  The Debtors and the Plan Investors

5

are authorized to amend the Amended Investment Agreements without further order of the Bankruptcy Court to the extent that such amendments are not material to the Amended Investment Agreements and such amendments have not been objected to by either the Creditors' Committee or the Equity Committee following five business days prior notice (or such shorter period as the Statutory Committees and the Debtors may agree).

5. This order is a final and non-interlocutory order and is immediately subject to appeal pursuant to 28 U.S.C. § 158(a).

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

7. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   December 10, 2007
         New York, New York

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE