**HEARING DATE (For Uncontested Objections): December 20, 2007**

**HEARING TIME: 10:00 a.m.**

Attorneys for STMicroelectronics, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| DELPHI CORPORATION, et al, | ) | |
| | ) | Case No. 05-44481 (RDD) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

### RESPONSE OF STMICROELECTRONICS, INC. TO
### DEBTORS' TWENTY-THIRD OMNIBUS CLAIMS OBJECTION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

STMicroelectronics, Inc. f/k/a SGS Thompson Microelectronics ("STMicro"), as and for

its response to the Debtors' Twenty-Third Omnibus Objection Pursuant to 11 U.S.C. § 502(b)

and Fed. R. Bankr. P. 3007 to (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently

Documented Claim, (D) Certain Claims Not Reflected on Debtors' Books and Records, and (E)

Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject

to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is

Subject to Prior Order (the "Twenty-Third Omnibus Claims Objection" or the "Objection"),

respectfully shows the Court as follows:

071472 000040 HOUSTON 563145.1

## Background

1.        STMicro sold and delivered goods to Delphi Automotive Systems, LLC (the

"Debtor") between January 19, 2005 and October 8, 2005 for which it was not paid.  STMicro

timely filed a proof of claim in the Debtor's bankruptcy case on March 29, 2006.  Subsequently,

certain invoices comprising a portion of the claim were sold to Special Situations Investing

Group, Inc ("SSIG").   SSIG's claim was assigned claim no. 15423 (the "Proof of Claim").

Pursuant to the sale agreement between STMicro and SSIG, STMicro is the real party in interest

for purposes of the Debtors' Twenty-Third Omnibus Claims Objection.[1]

2.        The Proof of Claim asserts an unsecured claim in the amount of $6,153,413.36

(the "Claim").  A summary of the invoices comprising the Claim is attached hereto as Exhibit

"1".[2]

## Amount of Claim

3.        In the Objection, Debtors asset that the Claim is a "Claim Subject to

Modification" because it "(a) does not account for amounts that may have been paid or credited

against such Claim prior to the commencement of these cases, (b) may include postpetition

liabilities, (c) does not account for amounts that may have been paid or credited against such

Claim prior to the commencement of these cases, (d) was docketed or filed against the wrong

Debtor entity, and/or (e) is misclassified as a priority or secured claim."  Based on Debtors'

Exhibit E-1 to the Objection, it appears the Debtors seek to reduce the balance of the Claim by

---

[1] STMicro and SSIG entered into an Assignment Agreement dated March 31, 2006 (the "Agreement").  In short, the Agreement provides, among other things, that if an action is filed seeking to reduce any portion of the Proof of Claim, STMicro has the right to defend the action at its sole cost and option.  If the action is successful and the Proof of Claim is reduced, STMicro is obligated to repurchase the impaired portion of the Proof of Claim pursuant to the terms of the Agreement.  Accordingly, STMicro is the real party in interest for purposes of the Debtors' Objection.
[2] Copies of the actual invoices relating to the Claim are voluminous and available upon request.  However, such invoices have been provided to the Debtor previously.

2

071472 000040 HOUSTON 563145.1

$294,747.82, to $5,858,665.54.  To the extent the Objection seeks to reduce the amount of the

Claim it should be overruled.

4.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a]

proof of claim executed and filed in accordance with these rules shall constitute *prima facie*

evidence of the validity and amount of the claim."  Fed. R. Bankr: P. 3001(f).  As the objecting

party, the Debtors have the burden of overcoming that *prima facie* presumption.  *See Carey v.

Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this *prima facie* evidence, the

objecting party must come forth with evidence which, if believed, would refute at least one of the

allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir.

2000)).

5.    The Debtors acknowledge their burden to present evidence to overcome the *prima

facie* validity of the Claim, but make virtually no effort to meet that burden.  Instead, they only

assert that "the Debtors' books and records refute that the claims asserted in each Claims Subject

to Modification are actually owed by any of the Debtors in the amount asserted."  (Objection at

19).  This unsworn statement is not accompanied by any supporting evidence.  Accordingly, the

Objection should be overruled as the Debtors have failed to meet their burden of putting forth

evidence to refute at least one of the allegations essential to the claim.

6.    Moreover, the Objection is unfounded on the merits, as the Debtors have failed to

identify any particular disagreement with the evidence supporting the Proof of Claim.  Finally,

by virtue of the Debtors' failure to provide such evidence, STMicro is unable to respond

specifically to any purported discrepancies in the parties' books and records.

071472 000040 HOUSTON 563145.1

7.      The Debtors have not refuted the allegations set forth in the Proof of Claim, nor provided any legal or factual basis, whatsoever, to overcome the presumption of validity of such Proof of Claim.

### Conclusion

8.      With respect to the Proof of Claim, STMicro opposes any modification to the claim amount, and requests that the Court allow the Claim in full.

9.      The Debtors have shown no basis, whatsoever, for reduction of the Claim; nor is STMicro aware of any such basis.  Unless and until the Debtors provide evidence of the basis for their objections (at which time STMicro would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity.  Thus, the Claim should be allowed as filed in full.

10.     STMicro reserves the right to amend or supplement this Response.

Dated: New York, New York
       December 10, 2007

Respectfully submitted,
Thompson & Knight LLP


By:   /s/ Ira L. Herman
      Ira L. Herman (ILH-2105)

919 Third Avenue
New York, NY 10022
Tel (212) 751-3001
Fax (212) 751-3113
ira.herman@TKlaw.com


Attorneys for STMicroelectronics, Inc.

4