# Exhibit A – Ballots

| | | |
|---|---|---|
| Class C | General Unsecured Claims Ballot | |
| | 6.55% Notes due 2006 | Beneficial Owner Ballot |
| | | Master Ballot |
| | 6 1/2 % Notes due 2009 | Beneficial Owner Ballot |
| | | Master Ballot |
| | 6.50% Notes due 2013 | Beneficial Owner Ballot |
| | | Master Ballot |
| | 7 1/8% Notes due 2029 | Beneficial Owner Ballot |
| | | Master Ballot |
| | 8 1/4% Adjustable TOPrS Claims (due 2033) | Beneficial Owner Ballot |
| | | Master Ballot |
| | 6.197% TOPrS Claims (due 2033) | Beneficial Owner Ballot |
| | | Master Ballot |
| Class D | General Motors Corporation Claim Ballot | |
| Class E | Section 510(b) Note Claims Ballot | |
| Class G-1 | Existing Common Stock | Beneficial Owner Ballot |
| | | Master Ballot |
| | | Registered Owner Ballot |
| Class G-2 | Section 510(b) Equity Claims Ballot | |
| Class H | Section 510(b) ERISA Claims Ballot | |

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                       :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
        Debtors.   :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C General Unsecured Claims)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to holders of Class C General Unsecured Claims for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claims have been placed in Class C under the Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted. If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.**

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS C GENERAL UNSECURED CLAIMS**

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the holder of a Class C General Unsecured Claim against the Debtors in the unpaid amount of $_____,

□  ACCEPTS (votes FOR) the Plan.   □  REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on November 26, 2007 it was the holder of a Class C General Unsecured Claim to which this Ballot pertains (or an authorized signatory therefor), (b) it has full power and authority to vote to accept or reject the Plan, (c) it has received a copy of the Disclosure Statement (including the appendices and exhibits thereto), (d) it understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement, and (e) either (i) it has not submitted any other Ballots for Class C General Unsecured Claims or (ii) it has provided the information specified in the following table for all other Class C General Unsecured Claims for which it has submitted additional Ballots (please use additional sheets of paper if necessary):

<div align="center">

**Complete This Table Only If You Have Voted Class C General
Unsecured Claim Ballots Other Than This Ballot**

</div>

| Name Of Holder | Account Number (If Applicable) | Amount Of Claim |
|---|---|---|
| 1._____ | _____ | $_____ |
| 2._____ | _____ | $_____ |
| 3._____ | _____ | $_____ |

Name Of Voter:_____
        (Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
        (Optional)

Signature:_____

Name Of Signatory:_____
        (If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

<div align="right">

**CLASS C GENERAL UNSECURED CLAIMS**

</div>

### INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.  You will be deemed to have voted the full amount of your claim in your vote.  **A Ballot that partially rejects and partially accept the Plan will not be counted.**  You must vote all your claims within a single class to either accept or reject that Plan.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block on the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

### <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS C GENERAL UNSECURED CLAIMS**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What IsContained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C General Unsecured Claims — 6.55% Notes due 2006, dated May 31, 2001)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.55% Notes due 2006, dated May 31, 2001, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Plan, for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

<div style="border:1px solid black">

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claims have been placed in Class C under the Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on January 11, 2008* or your ballot will *not* be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any Notes with this Ballot. This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

</div>

<div align="right">

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
BENEFICIAL OWNER**

</div>

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner.  Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**  The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below).  **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:  ☐  <u>ACCEPTS</u> (votes FOR) the Plan.

☐  <u>REJECTS</u> (votes AGAINST) the Plan.

**Item 3.  Certification As To Notes And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

</div>

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
BENEFICIAL OWNER**

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
BENEFICIAL OWNER**

3

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**  Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C General Unsecured Claims — 6.55% Notes due 2006, dated May 31, 2001)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for  beneficial owners (the "Beneficial Owners") of the 6.55% Notes due 2006, dated May 31, 2001 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐      Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐      Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐      Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—6.55% Notes due 2006, dated May 31, 2001, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
|---|---|---|
| | **To Accept (Vote For) The Plan** | **To Reject (Vote Against) The Plan** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

---

[1]      To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
MASTER**

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
|---|---|---|---|---|
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

3

**Item 4.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

---

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

4

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot.  Please review the Disclosure Statement and Plan carefully before you return this Master Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of *any* Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting Notes.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.


**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

> **Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan, except for the statements contained in the documents enclosed herewith.**

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C General Unsecured Claims — 6 1/2% Notes due 2009, dated April 28, 1999)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6 1/2% Notes due 2009, dated April 28, 1999, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Plan, for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claims have been placed in Class C under the Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 9, 2008_ or your ballot will _not_ be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any Notes with this Ballot. This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Plan.**

---

CLASS C GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009,
DATED APRIL 28, 1999
BENEFICIAL OWNER

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Plan. You may not split your vote. If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects"). If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee"). You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1. Principal Amount Of Notes.** The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$$\boxed{\$ \qquad\qquad\qquad\qquad}$$

**Item 2. Vote On Plan. (Please check one.)**

The undersigned: ☐     <u>ACCEPTS</u> (votes FOR) the Plan.

☐     <u>REJECTS</u> (votes AGAINST) the Plan.

**Item 3. Certification As To Notes And Other Class C Securities Held In Additional Accounts.** By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center"><b>Complete This Table Only If You Have Voted Class C<br>Securities Ballots Other Than This Ballot</b></div>

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

<div align="right"><b>CLASS C GENERAL UNSECURED CLAIMS<br>6 1/2% NOTES DUE 2009,<br>DATED APRIL 28, 1999<br>BENEFICIAL OWNER</b></div>

**Item 4. Authorization.** By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
                          (Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
                                  (Optional)


Signature:_____

Name Of Signatory:_____
                          (If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**BENEFICIAL OWNER**

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does** *not* **constitute and** *will not* **be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is** *not* **a letter of transmittal and may** *not* **be used for any purpose other than to cast votes to accept or reject the Plan.** Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot. Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted. If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted. A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**BENEFICIAL OWNER**

4

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>

(Class C General Unsecured Claims — 6 1/2% Notes due 2009, dated April 28, 1999)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the 6 1/2% Notes due 2009, dated April 28, 1999 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Master Ballot. Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent. If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully. Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation. If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

<div align="right">

**CLASS C GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009,
DATED APRIL 28, 1999
MASTER**

</div>

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐    Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐    Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐    Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—6 1/2% Notes due 2009, dated April 28, 1999, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
| --- | --- | --- |
| | **To Accept (Vote For) The Plan** | **To Reject (Vote Against) The Plan** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

---

[1]    To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
| --- | --- | --- | --- | --- |
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

3

**Item 4.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot. Please review the Disclosure Statement and Plan carefully before you return this Master Ballot. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1. If you are both the registered or record holder and Beneficial Owner of** *any* **Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2. If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3. To complete the Master Ballot properly, take the following steps:**

(a) Provide appropriate information for each of the items on the Master Ballot. Vote to accept (vote for) or reject (vote against) the Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners. Please provide information for each individual Beneficial Owner for whom you are voting Notes. If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b) Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c) Read Item 4 carefully.

(d) Sign and date your Master Ballot.

**CLASS C GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009,
DATED APRIL 28, 1999
MASTER**

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.


**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.

> **Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan, except for the statements contained in the documents enclosed herewith.**

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

**No Person Has Been Authorized To Give Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C General Unsecured Claims -- 6.50% Notes due 2013, dated July 22, 2003)

On December ___, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.50% Notes due 2013, dated July 22, 2003, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Plan, for their use in voting to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claims have been placed in Class C under the Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any Notes with this Ballot.  This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Plan.**

---

**CLASS C GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013,
DATED JULY 22, 2003
BENEFICIAL OWNER**

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner.  Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below).  **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$$\boxed{\ \$ \qquad\qquad\qquad\qquad\qquad\qquad\ }$$

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:   ☐   <u>ACCEPTS</u> (votes FOR) the Plan.

☐   <u>REJECTS</u> (votes AGAINST) the Plan.

**Item 3.  Certification As To Notes And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

**CLASS C GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013,
DATED JULY 22, 2003
BENEFICIAL OWNER**

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____

(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____

(Optional)

Signature:_____

Name Of Signatory:_____

(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**BENEFICIAL OWNER**

3

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.** Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot. Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted. If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted. A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

## <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013,
DATED JULY 22, 2003
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>

(Class C General Unsecured Claims — 6.50% Notes due 2013, dated July 22, 2003)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the 6.50% Notes due 2013, dated July 22, 2003 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Master Ballot. Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent. If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully. Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation. If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐      Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐      Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐      Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—6.50% Notes due 2013, dated July 22, 2003, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
|---|---|---|
| | To Accept (Vote For) The Plan | To Reject (Vote Against) The Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

---

[1]    To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
| --- | --- | --- | --- | --- |
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

3

**Item 4.** By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

<div align="right">

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

</div>

4

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot.  Please review the Disclosure Statement and Plan carefully before you return this Master Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting Notes.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.

Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan, except for the statements contained in the documents enclosed herewith.

**CLASS C GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013,
DATED JULY 22, 2003
MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  | : |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C General Unsecured Claims — 7 1/8% Notes due May 1, 2029, dated April 28, 1999)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 7 1/8% Notes due May 1, 2029, dated April 28, 1999, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Plan, for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claims have been placed in Class C under the Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on January 11, 2008* or your ballot will *not* be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any Notes with this Ballot. This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

---

CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
BENEFICIAL OWNER

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below).  **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$$\boxed{\$\phantom{xxxxxxxxxxxxxxxxxxxxxx}}$$

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:   ☐   <u>ACCEPTS</u> (votes FOR) the Plan.

☐   <u>REJECTS</u> (votes AGAINST) the Plan.

**Item 3.  Certification As To Notes And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

**CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
BENEFICIAL OWNER**

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
BENEFICIAL OWNER**

3

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does** *not* **constitute and** *will not* **be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is** *not* **a letter of transmittal and may** *not* **be used for any purpose other than to cast votes to accept or reject the Plan.** Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot. Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a) Make sure that the information required by Item 1 has been inserted. If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b) Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted. A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c) Provide the information required by Item 3, if applicable to you.

(d) Read Item 4 carefully.

(e) Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f) If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h) Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i) Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>

(Class C General Unsecured Claims — 7 1/8% Notes due 2029, dated April 28, 1999)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the 7 1/8% Notes due 2029, dated April 28, 1999 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Master Ballot. Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent. If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully. Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation. If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐        Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐        Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐        Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—7 1/8% Notes due 2029, dated April 28, 1999, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
| --- | --- | --- |
| | To Accept (Vote For) The Plan | To Reject (Vote Against) The Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

---

[1]        To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**MASTER**

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
|---|---|---|---|---|
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
MASTER

**Item 4.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**MASTER**

4

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot. Please review the Disclosure Statement and Plan carefully before you return this Master Ballot. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1. If you are both the registered or record holder and Beneficial Owner of** *any* **Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2. If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3. To complete the Master Ballot properly, take the following steps:**

(a) Provide appropriate information for each of the items on the Master Ballot. Vote to accept (vote for) or reject (vote against) the Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners. Please provide information for each individual Beneficial Owner for whom you are voting Notes. If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b) Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c) Read Item 4 carefully.

(d) Sign and date your Master Ballot.

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**MASTER**

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.


**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.

---

Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan, except for the statements contained in the documents enclosed herewith.

---

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re                                         :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
              Debtors.                        :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C TOPrS Claims -- 8 1/4% Adjustable Rate Junior Subordinated Note, Due 2033)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the  8 1/4% Adjustable Rate Junior Subordinated Notes, Due 2033 (the "TOPrS"), Class C TOPrS Claims under the Plan, for their use in voting to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement, which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed
By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

### IMPORTANT

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claims have been placed in Class C under the Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any TOPrS with this Ballot.  This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Plan.**

---

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

**You must vote all of the TOPrS and any other Class C securities you may hold to accept or reject the Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all of your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your TOPrS or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the TOPrS or other Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Amount Of TOPrS.**  The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of TOPrS in the following amount  (insert amount in box below).  **(If your TOPrS are held by a Nominee on your behalf and you do not know the amount of TOPrS held, please contact your Nominee immediately.)**

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:  ☐    ACCEPTS (votes FOR) the Plan.

☐    REJECTS (votes AGAINST) the Plan.

**Item 3.  Certification As To TOPrS And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for TOPrS or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other TOPrS and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the TOPrS to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the TOPrS, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the TOPrS, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the TOPrS to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of
Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**

3

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**  Holders should *not* surrender, at this time, certificates representing their TOPrS, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of TOPrS for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Plan.

**Do not submit TOPrS with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the amount of your TOPrS, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                Debtors.                  :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C TOPrS Claim — 8 1/4% Adjustable Rate Junior Subordinated Note, Due 2033)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  This  master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for  beneficial owners (the "Beneficial Owners") of the 8 1/4% Adjustable Rate Junior Subordinated Notes, Due 2033 (the "TOPrS") of Delphi Corporation, Class C TOPrS Claims under the Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold TOPrS, and take any action required to enable the Beneficial Owner to timely vote its TOPrS to accept or reject the Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the TOPrS and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any TOPrS and you wish to vote the TOPrS, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐          Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of TOPrS listed in Item 2 below, and is the registered or record holder of the securities, or

☐          Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below, or

☐          Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the TOPrS described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C TOPrS Claim—8 1/4% Adjustable Rate Junior Subordinated Note, Due 2033, and certifies that the following Beneficial Owners of the Class C TOPrS, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its TOPrS to accept or reject the Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of TOPrS | Amount Of TOPrS[1] | |
|---|---|---|
| | To Accept (Vote For) The Plan | To Reject (Vote Against) The Plan |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| **TOTALS:** | | |

---

[1]     To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

<div align="right">

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

</div>

Please note that each Beneficial Owner of TOPrS who votes must vote all the TOPrS owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of TOPrS owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| **Your Customer Name Or Account Number For Each Beneficial Owner** | **TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT** | | | |
| | **Name Of Holder** | **Account Number** | **Amount Of Other Class C Securities Voted** | **Type Of Other Class C Securities Voted** |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

**Item 4.** By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number:_____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

---

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **TOPrS and you wish to vote such TOPrS,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of TOPrS other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold TOPrS, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the TOPrS voted, the amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the TOPrS for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold TOPrS and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Plan in Item 2 for the TOPrS held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting TOPrS.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.

---

**Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan, except for the statements contained in the documents enclosed herewith.**

---

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                                  :     Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :     Case No. 05-44481 (RDD)
                                              :
           Debtors.               :     (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>

(Class C TOPrS Claims -- 6.197% Junior Subordinated Note, Due 2033)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.197% Junior Subordinated Notes, Due 2033 (the "TOPrS"), Class C TOPrS Claims against the Debtors, for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement, which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed
By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claims have been placed in Class C under the Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be <u>received</u> by the voting agent is *7:00 p.m. (prevailing Eastern time) on January 11, 2008* or your ballot will *not* be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any TOPrS with this Ballot. This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

---

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

**You must vote all of the TOPrS and any other Class C securities you may hold to accept or reject the Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all of your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your TOPrS or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the TOPrS or other Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Amount Of TOPrS.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of TOPrS in the following amount  (insert amount in box below).  **(If your TOPrS are held by a Nominee on your behalf and you do not know the amount of TOPrS held, please contact your Nominee immediately.)**

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:    ☐        ACCEPTS (votes FOR) the Plan.

                             ☐        REJECTS (votes AGAINST) the Plan.

**Item 3.  Certification As To TOPrS And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for TOPrS or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other TOPrS and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

</div>

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

<div align="right">

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

</div>

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the TOPrS to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the TOPrS, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the TOPrS, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the TOPrS to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of
Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**

3

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**  Holders should *not* surrender, at this time, certificates representing their TOPrS, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of TOPrS for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Plan.

**Do not submit TOPrS with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the amount of your TOPrS, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block of the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
    Debtors.              :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C TOPrS Claim — 6.197% Junior Subordinated Note, Due 2033)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

    On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  This  master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for  beneficial owners (the "Beneficial Owners") of the 6.197% Junior Subordinated Notes, Due 2033 (the "TOPrS") of Delphi Corporation, Class C TOPrS Claims under the Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

    You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold TOPrS, and take any action required to enable the Beneficial Owner to timely vote its TOPrS to accept or reject the Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the TOPrS and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any TOPrS and you wish to vote the TOPrS, you may return a Beneficial Owner Ballot or a Master Ballot.

    **Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐     Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of TOPrS listed in Item 2 below, and is the registered or record holder of the securities, or

☐     Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below, or

☐     Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the TOPrS described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C TOPrS Claim—6.197% Junior Subordinated Note, Due 2033, and certifies that the following Beneficial Owners of the Class C TOPrS, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its TOPrS to accept or reject the Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of TOPrS | Amount Of TOPrS[1] | |
|---|---|---|
| | **To Accept (Vote For) The Plan** | **To Reject (Vote Against) The Plan** |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| **TOTALS:** | | |

---

[1]    To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

<div align="right">

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

</div>

Please note that each Beneficial Owner of TOPrS who votes must vote all the TOPrS owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of TOPrS owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
| --- | --- | --- | --- | --- |
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

**Item 4.** By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number:_____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

---

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

4

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1. If you are both the registered or record holder and Beneficial Owner of *any* TOPrS and you wish to vote such TOPrS,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2. If you are transmitting the votes of any Beneficial Owners of TOPrS other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold TOPrS, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(ii) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the TOPrS voted, the amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the TOPrS for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold TOPrS and (z) forward the Master Ballots to the Securities Voting Agent.

**3. To complete the Master Ballot properly, take the following steps:**

(a) Provide appropriate information for each of the items on the Master Ballot. Vote to accept (vote for) or reject (vote against) the Plan in Item 2 for the TOPrS held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners. Please provide information for each individual Beneficial Owner for whom you are voting TOPrS. If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b) Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c) Read Item 4 carefully.

(d) Sign and date your Master Ballot.

(e) Provide your name and mailing address.

<div align="right">

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

</div>

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.

> **Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan, except for the statements contained in the documents enclosed herewith.**

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>

(Class D General Motors Corporation Claim)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to General Motors Corporation as the holder of the Class D General Motors Corporation Claim for its use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan with counsel before you vote.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted. If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.**

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS D GENERAL MOTORS CORPORATION CLAIM**

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, on behalf of the holder of a Class D General Motors Corporation Claim against the Debtors in the unpaid amount of $_____,

☐     ACCEPTS (votes FOR) the Plan.          ☐     REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned certifies that: (a) on November 26, 2007 General Motors Corporation was the sole holder of a Class D General Motors Corporation Claim to which this Ballot pertains (or an authorized signatory therefor), (b) he/she/it has full power and authority to vote on behalf of General Motors Corporation to accept or reject the Plan, (c) General Motors Corporation has received a copy of the Disclosure Statement (including the appendices and exhibits thereto), (d) General Motors Corporation understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement, and (e) either General Motors Corporation (i) has not submitted any other Ballots for the Class D General Motors Corporation Claim or (ii) has provided the information specified in the following table for all other Class D General Motors Corporation Claims for which it has submitted additional Ballots (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class D General Motors
Corporation Claim Ballots Other Than This Ballot**

| Name Of Holder | Account Number (If Applicable) | Amount Of Claim |
|---|---|---|
| 1._____ | _____ | $_____ |
| 2._____ | _____ | $_____ |
| 3._____ | _____ | $_____ |

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

**CLASS D GENERAL MOTORS CORPORATION CLAIM**

2

### INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective creditors, shareholders, and certain other creditors and interest holders on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

You may not split your vote. You must vote the entire claim that you hold to accept or to reject the Plan. You will be deemed to have voted the full amount of your claim in your vote. **A Ballot that partially rejects and partially accept the Plan will not be counted.** You must vote all your claims within a single class to either accept or reject that Plan.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a) Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot

(b) Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted. A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c) Read Item 2 carefully.

(d) Sign and date your Ballot.

(e) If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g) Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h) Return your Ballot using the enclosed return envelope.

### <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS D GENERAL MOTORS CORPORATION CLAIM**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>

(Class E Section 510(b) Note Claims)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  Pursuant to the terms of the Order Preliminarily Approving Multidistrict Litigation and Insurance Settlement entered on October 29, 2007 (Docket No. 10746) (the "Preliminary MDL Settlement Approval Order"), this ballot (the "Ballot") is being sent to the Lead Plaintiffs (as defined in the Preliminary MDL Settlement Approval Order) representing the holders of Class E Section 510(b) Note Claims for their use in voting to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  Your claims have been placed in Class E under the Plan.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>*received*</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on January 11, 2008*</u> or your ballot will *not* be counted.  If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS E SECTION 510(b) NOTE CLAIMS**

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the representative of holders of Class E Section 510(b) Note Claims against the Debtors in the unpaid amount of $_____,

    ☐    ACCEPTS (votes FOR) the Plan.    ☐    REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that it is the party authorized to submit this Ballot in accordance with the Preliminary MDL Settlement Approval Order:

Name Of Voter:_____
(Print Or Type)

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS E SECTION 510(b) NOTE CLAIMS**

2

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block on the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

## <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS E SECTION 510(b) NOTE CLAIMS**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
    In re                             :     Chapter 11
                                    :
DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)
                                    :
             Debtors.           :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>

(Class G-1 Existing Common Stock)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the existing common stock of Delphi Corporation (the "Existing Common Stock"), Class G-1 under the Plan, for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed
By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claims have been placed in Class G-1 under the Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any Existing Common Stock with this Ballot. This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Plan.**

---

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
BENEFICIAL OWNER**

**You must vote all of the Existing Common Stock you hold to accept or reject the Plan.  You may not split your vote.  If you are submitting a vote with respect to any Existing Common Stock that you own, you must vote all of your Existing Common Stock in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner, then you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Existing Common Stock through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Existing Common Stock that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Number of Shares Of Existing Common Stock.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Existing Common Stock in the following amount (insert amount in box below).  **(If your Existing Common Stock is held by a Nominee on your behalf and you do not know the number of shares held, please contact your Nominee immediately.)**

<div style="border:1px solid black; height:40px; width:250px;"></div>

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:    ☐    <u>ACCEPTS</u> (votes FOR) the Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Plan.

**Item 3.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the Existing Common Stock to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Existing Common Stock, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Existing Common Stock, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Existing Common Stock to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**FUTURE ELECTION TO RECEIVE FRACTIONAL NEW WARRANTS IN LIEU OF CASH**

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
BENEFICIAL OWNER**

Please take note that under the Plan, holders of Delphi Existing Common Stock as of the Effective Date will receive the treatment set forth in Article 5.7 of the Plan, which includes, without limitation, the Pro Rata distribution of New Common Stock, Seven-Year Warrants, Six-Month Warrants, and Ten-Year Warrants (the Seven-Year Warrants, Six-Month Warrants, and Ten-Year Warrants, collectively, the "New Warrants"). Pursuant to Article 9.10 of the Plan, fractional shares of New Common Stock and, unless you elect otherwise as described below, fractional New Warrants will be aggregated and sold so that each party, if any, entitled to fractional shares of New Common Stock and/or fractional New Warrants will receive cash.  To the extent that you want to receive fractional New Warrants instead of cash, you must do the following:

(a) By February 11, 2008, you must be a "registered holder" of Delphi Existing Common Stock.  If you are holding Delphi Existing Common Stock through a Nominee (i.e., a bank, broker, or other intermediary) then you must contact your Nominee promptly so that you can immediately begin the process to become a "registered holder" by February 11, 2008.  The Debtors cannot advise you on how to do this; only your Nominee can provide this information.  Accordingly, please do not contact the Solicitation Agent or the Debtors on this matter.

(b) As soon as reasonably practicable following the Effective Date of the Plan, Delphi will mail to all registered holders of Delphi Existing Common Stock as of February 11, 2008 a notice to facilitate an election to receive fractional New Warrants in lieu of cash.  If you are not a registered holder by February 11, 2008, you will not receive this notice and you will not be eligible to make such election.  You will, however, receive cash in exchange for your fractional New Warrants.

(c) Within approximately two weeks (but not less than 10 days) following the mailing of the notice described in (b) above and as will be specifically set forth in such notice, registered holders will be required to make an election in accordance with the instructions set forth in the notice.  Failure to make this election on a timely basis will result in the receipt of cash in exchange for your fractional New Warrants.

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of interest or (b) an admission by the Debtors of the nature, validity, or amount of any interest.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**  Holders should *not* surrender certificates representing their Existing Common Stock, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.

**Do not submit Existing Common Stock with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballot completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the number of shares of your Existing Common Stock, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Read Item 3 carefully.

(d)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
BENEFICIAL OWNER**

3

(e)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

## **Please Mail Your Ballot Promptly!**

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re                                         :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
            Debtors.                          :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class G-1 Existing Common Stock)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  This  master  ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for  beneficial owners (the "Beneficial Owners") of the common stock of Delphi Corporation (the "Existing Common Stock"), Class G-1 Existing Common Stock under the Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement, which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Existing Common Stock, and take any action required to enable the Beneficial Owner to timely vote its Existing Common Stock to accept or reject the Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Existing Common Stock and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any Existing Common Stock and you wish to vote the Existing Common Stock, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐  Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Existing Common Stock listed in Item 2 below, and is the registered or record holder of the securities, or

☐  Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Existing Common Stock listed in Item 2 below, or

☐  Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Existing Common Stock listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Existing Common Stock described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class G-1 Existing Common Stock, and certifies that the following Beneficial Owners of the Class G-1 Existing Common Stock, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting those votes.  Indicate, in the appropriate column, the aggregate number of shares voted for each account, or attach the information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Class G-1 Existing Common Stock to accept or reject the Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Class G-1 Existing Common Stock | Number Of Shares Of Existing Common Stock[1] | |
|---|---|---|
| | To Accept (Vote For) The Plan | To Reject (Vote Against) The Plan |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| **TOTALS:** | | |

---

[1]  To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

Please note that each Beneficial Owner of Existing Common Stock who votes must vote all the Existing Common Stock owned by the Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Existing Common Stock owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number:_____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot.  Please review the Disclosure Statement and Plan carefully before you return this Master Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **Existing Common Stock and you wish to vote the Existing Common Stock,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of Existing Common Stock other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Existing Common Stock, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and take any action required to enable the Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Existing Common Stock voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Existing Common Stock for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries.**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Existing Common Stock and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Plan in Item 3 for the Existing Common Stock held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting Existing Common Stock.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to the Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Read Item 3 carefully.

(c)  Sign and date your Master Ballot.

(d)  Provide your name and mailing address.

(e)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is not a letter of transmittal and may not be used for any other purpose than to cast votes to accept or reject the Plan.

> **Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan, except for the statements contained in the documents enclosed herewith.**

**CLASS G-1 EXISTING COMMON STOCK**
**OF DELPHI CORPORATION**
**MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/REGISTERED HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class G-1 Existing Common Stock)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the existing common stock of Delphi Corporation (the "Existing Common Stock"), Class G-1 under the Plan, for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
So That It Is Received By
The Voting Deadline Of 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claims have been placed in Class G-1 under the Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. Do not return any Existing Common Stock with this Ballot. This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Plan.

---

CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
REGISTERED HOLDER

[REGI CODE]

**You must vote all of the Existing Common Stock you hold to accept or reject the Plan.  You may not split your vote.  If you are submitting a vote with respect to any Existing Common Stock that you own, you must vote all of your Existing Common Stock in the same way (i.e., all "Accepts" or all "Rejects").  An authorized signatory of an eligible Beneficial Owner may execute this Ballot, but must provide the name and address of the Beneficial Owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating the signatory's authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Existing Common Stock through more than one account. You should vote each Ballot that you receive for all of the Existing Common Stock that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Number of Shares Of Existing Common Stock.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner) of Existing Common Stock in the following amount (insert amount in box below).

**Item 2.  Vote On Plan. (Please check one.)**

The undersigned:    ☐        ACCEPTS (votes FOR) the Plan.

☐        REJECTS (votes AGAINST) the Plan.

**Item 3.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies (or the authorized signatory hereby certifies on behalf of the Beneficial Owner, as applicable) that it was on November 26, 2007 the registered or record holder and the Beneficial Owner of the Existing Common Stock to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**CLASS G-1 EXISTING COMMON STOCK**
**OF DELPHI CORPORATION**
**REGISTERED HOLDER**

**FUTURE ELECTION TO RECEIVE FRACTIONAL NEW WARRANTS IN LIEU OF CASH**

Please take note that under the Plan, holders of Delphi Existing Common Stock as of the Effective Date will receive the treatment set forth in Article 5.7 of the Plan, which includes, without limitation, the Pro Rata distribution of New Common Stock, Seven-Year Warrants, Six-Month Warrants, and Ten-Year Warrants (the Seven-Year Warrants, Six-Month Warrants, and Ten-Year Warrants, collectively, the "New Warrants"). Pursuant to Article 9.10 of the Plan, fractional shares of New Common Stock and, unless you elect otherwise as described below, fractional New Warrants will be aggregated and sold so that each party, if any, entitled to fractional shares of New Common Stock and/or fractional New Warrants will receive cash. To the extent that you want to receive fractional New Warrants instead of cash, you must do the following:

(a)  As soon as reasonably practicable following the Effective Date of the Plan, Delphi will mail to all registered holders of Delphi Existing Common Stock as of February 11, 2008 a notice to facilitate an election to receive fractional New Warrants in lieu of cash. Those parties who are not registered holders as of February 11, 2008 will not receive the foregoing notice and will not be eligible to make such election.

(b)  Within approximately two weeks (but not less than 10 days) following the mailing of the notice described in (a) above and as will be specifically set forth in such notice, registered holders will be required to make an election in accordance with the instructions set forth in the notice. Failure to make this election on a timely basis will result in the receipt of cash in exchange for your fractional New Warrants.

**INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT**

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of interest or (b) an admission by the Debtors of the nature, validity, or amount of any interest. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.** Holders should *not* surrender certificates representing their Existing Common Stock, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.

**Do not submit Existing Common Stock with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue–3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline"). **If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted. If you do not know the number of shares of your Existing Common Stock, please refer to the back page of the Ballot for the number of shares.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 2. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted. A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Read Item 3 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486 1727.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship in the signature block on the Ballot with that person or entity and the capacity in which you are signing.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
REGISTERED HOLDER**

<u>**Please Mail Your Ballot Promptly!**</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent promptly:

Financial Balloting Group
757 Third Avenue, 3rd Floor
New York, NY  10017
**(866) 486-1727**

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
REGISTERED HOLDER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                                           :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
             Debtors.                               :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class G-2 Section 510(b) Equity Claims)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. Pursuant to the terms of the Order Preliminarily Approving Multidistrict Litigation and Insurance Settlement entered on October 29, 2007 (Docket No. 10746) (the "Preliminary MDL Settlement Approval Order"), this ballot (the "Ballot") is being sent to the Lead Plaintiffs (as defined in the Preliminary MDL Settlement Approval Order) representing the holders of Class G-2 Section 510(b) Equity Claims for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. Your claims have been placed in Class G-2 under the Plan.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted. If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS G-2 SECTION 510(b) EQUITY CLAIMS**

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the representative of holders of Class G-2 Section 510(b) Equity Claims against the Debtors in the unpaid amount of $_____,

☐    ACCEPTS (votes FOR) the Plan.          ☐    REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that it is the party authorized to submit this Ballot in accordance with the Preliminary MDL Settlement Approval Order:

Name Of Voter:_____
(Print Or Type)

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS G-2 SECTION 510(b) EQUITY CLAIMS**

2

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will* not be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

## <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS G-2 SECTION 510(b) EQUITY CLAIMS**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class H Section 510(b) ERISA Claims)

On December __, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan. Pursuant to the terms of the Order Preliminarily Approving Multidistrict Litigation and Insurance Settlement entered on October 29, 2007 (Docket No. 10746) (the "Preliminary MDL Settlement Approval Order"), this ballot (the "Ballot") is being sent to the Lead Plaintiffs (as defined in the Preliminary MDL Settlement Approval Order) representing the holders of Class H Section 510(b) ERISA Claims for their use in voting to accept or reject the Plan. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. Your claims have been placed in Class H under the Plan.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on January 11, 2008_ or your ballot will _not_ be counted. If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.**

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS H SECTION 510(b) ERISA CLAIMS**

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the representative of holders of Class H Section 510(b) ERISA Claims against the Debtors in the unpaid amount of $_____,

☐         ACCEPTS (votes FOR) the Plan.         ☐         REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that it is the party authorized to submit this Ballot in accordance with the Preliminary MDL Settlement Approval Order:

Name Of Voter:_____
                                        (Print Or Type)

Signature:_____

Name Of Signatory:_____
                                        (If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS H SECTION 510(b) ERISA CLAIMS**

2

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will* not be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS H SECTION 510(b) ERISA CLAIMS**

B-1 -- Official Committee of Unsecured Creditors Solicitation Letter

# THE DELPHI CORPORATION OFFICIAL COMMITTEE OF UNSECURED CREDITORS

December 10, 2007

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the "Debtors") is providing this letter to all holders of General Unsecured Claims against the Debtors to provide information relating to the Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").[1] The Committee is providing this letter to help all unsecured creditors understand the Plan, including the proposed treatment of unsecured claims.  The Committee therefore **strongly** recommends you read this letter carefully before you vote.

The Committee supports the Plan because it believes that the Plan represents the best transaction reasonably available at this time.  Accordingly, the Committee recommends that you vote in favor of the Plan. While it is possible that a better transaction may be available in the future, the Committee believes that the potential risks of delay outweigh the potential benefits that might be achieved.  However, before you vote on the Plan, there are a number of things you should understand; and you should consider your vote carefully.

**Under the Plan you will _not_ be receiving a check, or any cash at all, but instead will be receiving stock and the right to purchase more stock.**

**1.       Approximately 77.3% of your recovery will come in the form of common stock of Reorganized Delphi.**  While the Plan assumes that such stock is worth $59.61 per share (the "Plan Value"), there is no guaranty that the stock will in fact trade at that value.

**2.       Approximately 22.7% of your recovery will come in the form of the right (a "Stock Purchase Right"), for a limited period of time, to purchase additional shares of common stock of reorganized Delphi, at a price of $38.39 per share (35.6% less than Plan Value).**  Each Stock Purchase Right allows you to purchase one (1) share of common stock of Reorganized Delphi for $38.39.  Because these Stock Purchase Rights represent a material portion of your recovery, it is important that you understand both the rights and the ways in which you may realize their value, if any.  Therefore, please read the following two paragraphs very carefully.

**3.       There are two ways to realize the value of the Stock Purchase Rights:  (a) exercise them (i.e., purchase more common stock) or (b) sell them.**  If you would like to exercise your Stock Purchase Rights and purchase common stock of reorganized Delphi, you should follow the instructions in the exercise form that you will receive following confirmation of the Plan.  Alternately, the Stock Purchase Rights may be sold, if there are parties who wish to buy them.  **If you wish to consider selling your Stock Purchase Rights, you should contact a securities broker promptly, even in advance of Plan confirmation.**

**4.       The rights to purchase common stock of reorganized Delphi will expire approximately twenty days after the Plan is confirmed.**  The exercise period for the Stock Purchase Rights will be twenty days.  Because the forms pursuant to which you will be able to exercise the Stock Purchase Rights will be mailed at the commencement of the twenty day exercise period, when you receive those forms you will actually have fewer than twenty days remaining before the Stock Purchase Rights will expire.  As a result, whether you decide to exercise or sell your Stock Purchase Rights, you should act **promptly** so that you may do so prior to their expiration.

---

[1]       Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

B-2 -- Official Committee of Equity Security Holders Solicitation Letter

## THE DELPHI CORPORATION OFFICIAL COMMITTEE
## OF EQUITY SECURITY HOLDERS

December 10, 2007

To the holders of Delphi Corporation common stock:

The Official Committee (the "Equity Committee") of Equity Security Holders ("Equity Holders") of Delphi Corporation ("Delphi") writes this letter in connection with the First Amended Joint Plan of Reorganization (the "Plan") of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (collectively with Delphi, the "Debtors"). The Equity Committee is a statutory committee appointed by the United States Trustee to represent the interests of Equity Holders. You are receiving this letter because you are a holder of shares of common stock of Delphi (the "Existing Common Stock").

**You should carefully read the Plan and related First Amended Disclosure Statement to determine whether to vote to accept or reject the Plan.** The Equity Committee is writing this letter to inform you that the Equity Committee supports confirmation of the Plan and recommends that Equity Holders vote to accept the Plan.

Background regarding Chapter 11 and the Enclosed Documents

On October 8 and 14, 2005, Delphi and certain of its United States subsidiaries and affiliates filed petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. As a result, Delphi and those subsidiaries and affiliates became debtors and debtors in possession under chapter 11.

Chapter 11 of the Bankruptcy Code allows a debtor to propose a plan of reorganization that provides for the treatment of claims against, and interests in, the debtor. A disclosure statement is filed with the plan of reorganization to provide holders of claims and interests with information about the debtor and the plan of reorganization. The disclosure statement must be approved by the Bankruptcy Court before votes may be solicited on a plan of reorganization. A plan of reorganization must be voted on by holders of claims and interests and then must meet various standards to be confirmed by the Bankruptcy Court. Consummation of a confirmed plan of reorganization is how a debtor emerges from chapter 11.

On December ___, 2007 the Bankruptcy Court entered an order (Docket No. _____) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and (ii) authorizing the Debtors to solicit votes on the Plan. The purpose of the Disclosure Statement is to provide to the holders of claims against, and interests in the Debtors, including the holders of Existing Common Stock, adequate information to make an informed judgment about the Plan.

<u>The Equity Committee</u>

The Equity Committee was appointed on April 28, 2006 and engaged Fried, Frank, Harris, Shriver & Jacobson LLP as its attorneys, and Houlihan Lokey Howard & Zukin as its financial advisor.  The Equity Committee and its professional advisors have been actively involved in the Debtors' chapter 11 cases.  The distributions embodied in the Plan are a result of negotiations between the constituencies in these chapter 11 cases and represents, in the Equity Committee's view, a reasonable distribution on Equity Holders' interests, as compared with the prospect of protracted litigation.  In that regard, the Equity Committee supports the Plan.

<u>Distributions to Equity Holders under the Plan</u>

The Plan provides that the Existing Common Stock will be canceled on the date the Plan becomes effective (the "Effective Date"), which the Debtors currently expect to occur towards the end of February 2008.   Under the Plan, each Equity Holder will receive its pro rata distribution of (1) 461,522 shares of New Common Stock of Reorganized Delphi having an aggregate Plan Equity Value of $27.5 million, (2) freely transferable six-month warrants to purchase $1.0 billion of New Common Stock of Reorganized Delphi struck at a 9.0% premium to Plan Equity Value ($59.61 per share), (3) freely transferable seven-year warrants to purchase 6,908,758 shares of New Common Stock of Reorganized Delphi struck at a 20.7% premium to Plan Equity Value, (4) freely transferable ten-year warrants to purchase 2,819,901 shares of New Common Stock of Reorganized Delphi struck at Plan Equity Value and (5) non-transferable par value rights to purchase approximately 21,680,996 shares of the New Common Stock of Reorganized Delphi struck at Plan Equity Value (the "Par Value Rights").  The Disclosure Statement states that the estimated total value of these distributions to all Equity Holders is $348 million.  The distributions will only be made if the Plan is confirmed by the Bankruptcy Court and the Debtors satisfy all conditions to consummation of the Plan, except to the extent waived.  In addition, pursuant to the Plan, in consideration for the distributions under the Plan, Equity Holders will be providing releases to the Debtors and various parties, including General Motors, as specified in Article XI of the Plan.

1.    <u>New Common Stock Distribution</u>

The Plan provides that, as a holder of Existing Common Stock, you will receive one share of New Common Stock for approximately every 1,218 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 1,218 shares, please see Section 6 below.

2.    <u>Six-Month Warrants</u>

The Plan provides that, as a holder of Existing Common Stock, you will also receive Six-Month Warrants to purchase one share for approximately every 37 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 37 shares, please see Section 6 below.  Each Six-Month Warrant will give you the right to purchase one share of the New Common Stock for $65.00 per share (a 9.0% premium to the Plan Equity Value).  The

2

terms of the Six-Month Warrants are described in Section IX.F.17(b) of the Disclosure Statement.

3.      Seven-Year Warrants

The Plan provides that, as a holder of Existing Common Stock, you will also receive Seven-Year Warrants to purchase one share for approximately every 82 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 82 shares, please see Section 6 below.  Each Seven-Year Warrant will give you the right to purchase one share of the New Common Stock for $71.93 per share (a 20.7% premium to the Plan Equity Value).  The terms of the Seven-Year Warrants are described in Section IX.F.17(a) of the Disclosure Statement.

4.      Ten-Year Warrants

The Plan provides that, as a holder of Existing Common Stock, you will also receive Ten-Year Warrants to purchase one share for approximately every 200 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 200 shares, please see Section 6 below.  Each Ten-Year Warrant will give you the right to purchase one share of the New Common Stock for $59.61 per share (the Plan Equity Value).  The terms of the Ten-Year Warrants are described in Section IX.F.17(c) of the Disclosure Statement.

5.      Par Value Rights

The Plan provides that, as a holder of Existing Common Stock, you will also receive non-transferable Par Value Rights to purchase one share of New Common Stock for approximately every 26 shares of Existing Common Stock that you hold as of the close of business on the date when the Confirmation Hearing commences.  To the extent you hold less than 26 shares, please see Section 6 below.  The purchase price for these shares of New Common Stock will be $59.61 per share (the Plan Equity Value).  These rights will be exercisable during the Rights Offering period as described in the Disclosure Statement, but they will not be transferable.

To the extent parties believe the Par Value Rights have value, such value should theoretically be reflected in the price of the Existing Common Stock in the market.  In that regard, if you do not choose to exercise your Par Value Rights under the Par Value Rights Offering, it may still be possible to realize value in respect of the rights by selling your shares of Existing Common Stock prior to the Rights Offering Record Date.  If you do not exercise your Par Value Rights or sell your Existing Common Stock, the value attributable to such rights (if any) will be forfeited.  Holders of Existing Common Stock are encouraged to carefully review the Disclosure Statement and Plan and consult their own advisors in making any determination with respect to the exercise of rights or the sale of shares of Existing Common Stock.  **The Equity Committee does not make any recommendation with respect to any exercise of rights or the sale of shares of Existing Common Stock.**

3

6.       Distributions of Fractional Securities

As set forth in Article 9.10 of the Plan, the Debtors will not make distributions of
fractional securities of New Common Stock to holders of Existing Common Stock.  In addition
and also as set forth in Article 9.10 of the Plan, the Debtors will not make distributions of
fractional New Warrants to holders of Existing Common Stock unless you elect otherwise as
described in the paragraph below.  The minimum amount of shares required to receive at least
one full share of New Common Stock and at least one Six-Month Warrant, Seven-Year Warrant,
Ten-Year Warrant and Par Value Right exercisable to purchase at least one full share of New
Common Stock are set forth above.  If you hold less than the specified amount of shares of
Existing Common Stock, you will receive the following treatment: Reorganized Delphi will
aggregate all fractional shares of New Common Stock (the "Fractional Shares") and, unless you
elect otherwise as described below, will aggregate all fractional New Warrants (the "Fractional
Warrants") that would otherwise be distributable to Equity Holders and will sell such securities
on the open market.  The proceeds of such sale will then be distributed by Reorganized Delphi
pro rata to all Equity Holders who would have otherwise been entitled to receive Fractional
Shares or Fractional Warrants.  There can be no assurances as to the price at which Reorganized
Delphi may be able to sell such securities, including whether such prices will be at the levels set
forth in the Disclosure Statement with respect to such securities, or the amount of distributions to
be made therefrom.

In lieu of the treatment set forth above, Equity Holders will have the right to elect to
receive their Fractional Warrants instead of the cash distribution described above.  There are
important procedures set forth on the ballot included in the solicitation materials enclosed
herewith that must be followed in order to elect to receive Fractional Warrants.  A Fractional
Warrant will not be exercisable unless it is aggregated with other like Fractional Warrants so that
when exercised, in the aggregate, such Fractional Warrants result in the purchase of a whole
share of New Common Stock.  In other words, Fractional Warrants cannot be exercised for
Fractional Shares and must be combined so that Reorganized Delphi issues only whole shares.
There can be no assurances that a market will develop for the Fractional Warrants and Equity
Holders are encouraged to consult with their own advisors when determining whether to elect to
receive Fractional Warrants.

Voting on the Plan

Please be reminded that your vote to accept or reject the Plan as indicated on the enclosed
ballots must be received in accordance with the instructions on your ballot such that the voting
agent (Financial Balloting Group LLC) receives your vote, whether directly or through your
nominee pursuant to a master ballot, on or before the Voting Deadline, which is January 11,
2008, at 7:00 p.m. prevailing Eastern time.  Please refer to the enclosed Confirmation Hearing
Notice, the instructions attached to the ballots, and Article II of the Disclosure Statement for
information regarding voting.  Until the Plan is voted upon by the Debtors' constituencies,
confirmed by the Bankruptcy Court, and the conditions to the Plan are satisfied or otherwise
waived, the terms described in the Plan and in the Disclosure Statement (and the contemplated
distributions and recoveries) are not effective.  The Plan cannot be implemented until it has been
confirmed by the Bankruptcy Court.

Additional Information

   This letter is not meant to provide a complete description of the Plan's treatment of **Equity Holders' interests and is not a substitute for the information contained in the Plan and Disclosure Statement and the other accompanying documents. You should review the Plan and Disclosure Statement to understand the Plan's effect on your interests in Delphi and the procedures with respect to voting on the Plan.**

       Sincerely,


       The Official Committee of
       Equity Security Holders

595967

B-3 -- UAW Informational Letter to its members who will receive ballots

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)

TO:        UAW-Represented Employees and Former Employees of Delphi
           Corporation Receiving Ballots For Voting on Delphi's Reorganization Plan

FROM:      The UAW

Delphi has informed the UAW that you submitted a proof of claim that may be a
claim for wages or pension, health or post-employment benefits under the collective
bargaining relationship between the UAW and Delphi.  This past summer, the UAW, GM
and Delphi reached a settlement that was ratified by the UAW's membership and
approved by the bankruptcy court.  You received a notice about that settlement when it
was presented for court approval.  Claims filed by individual employees and former
employees, and by the UAW on their behalf, are now subject to the UAW-GM-Delphi
settlement.  Depending on what type of claim you submitted, that claim may be
released once Delphi emerges from bankruptcy as part of the settlement.

The enclosed ballot materials are being sent to individual claimholders whose claims are
listed on Delphi's claims docket so that they may, if they wish, cast a vote for or against
Delphi's reorganization plan.  The materials in this package explain how to cast a vote
and how different types of claimholders will receive recoveries under Delphi's
reorganization plan.  Employees and former employees like you received ballots
because their claims are currently listed on Delphi's claims docket and may remain on
Delphi's claims docket until Delphi emerges from bankruptcy.  Upon Delphi's emergence
from bankruptcy, your claim may be released whether as a result of the settlement or
otherwise.  Certain other claims that you may hold (such as a benefit that is continuing,
or a grievance that was filed, or a workers' compensation or an unemployment claim)
that were not waived by the settlement will flow through the Chapter 11 and will thus
remain an obligation of Delphi's after the emergence.  To the extent your claim is
released, Delphi may object to your claim after it emerges from bankruptcy.  You will
receive notice of any such objection and you may reply at that time if you wish.

Receipt of the ballot in this package does not mean that your claim is not subject to a
release or that you will receive any recovery on your claim.  This is because your claim
is now subject to the terms of the UAW-GM-Delphi settlement ratified and approved this
past summer.  Receipt of the ballot only means that your individual claim remains on
Delphi's claims docket and therefore you may, if you wish, submit a vote on Delphi's
plan.

Exhibit C -- Confirmation Hearing Notice

**Hearing Date And Time: January 17, 2008 At 10:00 a.m.**
**Objection Deadline: January 11, 2008 At 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|                          | :  |                            |
|--------------------------|----|----------------------------|
| In re                    | :  | Chapter 11                 |
|                          | :  |                            |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD)    |
|                          | :  |                            |
|              Debtors.    | :  | (Jointly Administered)     |
|                          | :  |                            |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<div align="center">NOTICE OF</div>

(1) APPROVAL OF DISCLOSURE STATEMENT;
(2) HEARING ON CONFIRMATION OF PLAN;
(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN;
(4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;
(5) DEADLINE FOR ASSERTING CURE CLAIMS FOR ASSUMED CONTRACTS;
(6) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;
(7) RECORD DATE;
(8) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND
(9) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN PLAN

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (as may be further amended or modified, the "Plan") from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Plan.

PLEASE TAKE FURTHER NOTICE that if the Plan is confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on December__, 2007 (the "Solicitation Procedures Order") (Docket No. ____) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and providing, among other things, that:

1. <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **January 17, 2008 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York,

New York 10004. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

2. Objections To Confirmation. **January 11, 2008 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to confirmation of the Plan. To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), (viii) Counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, New York 10153 (Att'n: Jeffrey L Tanenbaum, Michael P. Kessler, and Robert J. Lemons), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

3. Temporary Allowance Of Claims. The following persons or entities, among others, are not entitled to vote on the Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Plan, (c) claims and interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R.

Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **January 2, 2008** at **4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Solicitation Procedures Order; provided, however, that if the Debtors object to a claim or interest after December 21, 2007, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Confirmation Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Plan has been accepted or rejected.

5. Cure Claim Submission Deadline. The Plan provides that any contracts not specifically identified as rejected contracts in Exhibit 8.1(a) to the Plan (to be filed on December 28, 2007, and available at no charge as set forth in paragraph 10 below) will be assumed under the Plan. Any party to an executory contract or unexpired lease that is not rejected and to whom the Debtor did not send a Cure Amount Notice pursuant to Article 8.2(a) of the Plan, and who wishes to assert that cure is required as a condition of assumption of its contract, must file a proposed cure claim ("Cure Claim") in accordance with Article 8.2(b) of the Plan within 45 days after entry of an order confirming the Plan (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, will have 45 days to file any objections thereto. Should a party to an executory contract or unexpired lease not file a proposed Cure Claim by the Cure Claim Submission Deadline in accordance with the procedures set forth in Article 8.2(b) of the Plan, then any default then existing will be deemed cured as of the day following the Cure Claim Submission Deadline and such party will forever be barred from asserting against the Debtors or the Reorganized Debtors, as applicable, a claim that arose on or prior to the confirmation date of the Plan. If there is a dispute regarding (i) the nature or amount of any Cure Amount, (ii) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, the matter shall be set for hearing in the Bankruptcy Court on the next available hearing date, or such other date as may be agreed upon, and cure, if any, shall occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a cure amount in excess of that asserted by the Debtors.

6. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under,

3

the Plan or (ii) voting on the Plan.  Unless otherwise provided in the Plan, any holder of a claim who is otherwise entitled to vote on the Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion.  Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

7.  Record Date.  November 26, 2007 is the record date for determining (a) the holders of Debtors' publicly traded debt and equity securities (the "Securities") entitled to receive solicitation packages and (b) the creditors entitled to vote to accept or reject the Plan.

8.  Voting Deadline.  If you hold a claim against or an equity interest or other interest in one of the Debtors as of November 26, 2007, the Record Date as established in the Solicitation Procedures Order, and are entitled to vote to accept or reject the Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest.  For your vote to be counted, ballots to accept or reject the Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **January 11, 2008** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

|  |  |
|---|---|
| Securities Voting Agent | Creditor Voting Agent |
| Delphi Corporation, et al. | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York  10017 | El Segundo, California  90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means.  **Ballots that are not received by the Voting Deadline will not be counted.**

9.  Injunction To Enforce Releases And Exculpation In The Plan.  **The Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation.  The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, all professionals retained in these cases, the plan investors, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Plan that relate to the Debtors or the Debtors' chapter 11 cases.  These released parties will also be exculpated generally from Debtor-related liability by all parties.**

> **You Are Advised To Carefully Review And Consider The Plan, Including The Release,
> Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

      10.    <u>Information And Documents</u>.  Copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free:  (800) 718-5305               http://www.delphidocket.com
International:  (248) 813-2698

Dated:    New York, New York
            December __, 2007

                  SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                        John Wm. Butler, Jr. (JB 4711)
                        George N. Panagakis (GP 0770)
                        Ron E. Meisler (RM 3026)
                        Nathan L. Stuart (NS 7872)

                      333 West Wacker Drive, Suite 2100
                  Chicago, Illinois 60606
                         - and -
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                  Four Times Square
                  New York, New York 10036

                    Attorneys for Delphi Corporation, <u>et al.</u>,
                    Debtors and Debtors-in-Possession

Exhibit D -- Unimpaired Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                               :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                    Debtors.      :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE TO UNIMPAIRED CREDITORS OF (I) FILING OF JOINT PLAN OF
REORGANIZATION, (II) TREATMENT OF CLAIMS UNDER PLAN,
(III) HEARING ON CONFIRMATION OF PLAN, AND
(IV) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS THERETO

       PLEASE TAKE NOTICE that on December __, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. _____) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

       PLEASE TAKE FURTHER NOTICE that holders of certain claims under the Plan are
unimpaired as defined in section 1124 of chapter 11 of title 11 of the United States Code, 11 U.S.C.
§§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"). Specifically,
holders of Secured Claims,[1] Flow-Through Claims,[2] and Interests in Affiliate Debtors are unimpaired
under the Plan. Such claims are identified in the Plan as Class A (Secured Claims), Class B (Flow-
Through Claims), and Class J (Interests in Affiliate Debtors). These claims are referred to in the Plan as
"Unimpaired Claims."

       PLEASE TAKE FURTHER NOTICE that the Plan provides that:

       Section 5.1—Class A Claims. Except as otherwise provided in and subject to Article 9.8 of the
Plan, at the sole option of the Debtors or Reorganized Debtors, each Allowed Secured Claim,
shall be satisfied in full in Cash or Reinstated. Notwithstanding section 1141(c) or any other
provision of the Bankruptcy Code, all valid, enforceable, and perfected prepetition liens on

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

[2] For ease of reference, "Flow-Through Claims" are defined under Article 1.85 of the Plan as a "claim arising from
(a) an Ordinary Course Customer Obligation to a customer of Delphi as of the date of the commencement of the
hearing on the Disclosure Statement, (b) an Environmental Obligation (excluding those environmental obligations
that were settled or capped during the Chapter 11 Cases (to the extent in excess of the capped amount)), (c) an
Employee Related Obligation (including worker compensation and unemployment compensation claims) asserted by
an hourly employee that is not otherwise waived pursuant to the Union Settlement Agreements, (d) any Employee
Related Obligation asserted by a salaried, non-executive employee who was employed by Delphi as of the date of
the commencement of the hearing on the Disclosure Statement, (e) any Employee Related Obligation asserted by a
salaried executive employee who was employed by Delphi as of the date of the commencement of the hearing on the
Disclosure Statement and has entered into a new employment agreement as described in Article 7.8 of the Plan, and
(f) litigation exposures and other liabilities arising from litigation that are covered by insurance, but only in the event
that the party asserting the litigation ultimately agrees to limit its recovery to available insurance proceeds; provided,
however, that all Estate Causes of Action and defenses to any Flow-Through Claim shall be fully preserved."

property of the Debtors held by or on behalf of holders of Secured Claims with respect to such Claims shall survive the Effective Date and continue in accordance with the contractual terms of the underlying agreements with such holders of such Secured Claims and/or applicable law until, as to each such holder of an Allowed Secured Claim, such Secured Claim is satisfied. Notwithstanding the foregoing, any Claim arising as a result of a tax lien that would otherwise be a Secured Claim shall be paid in accordance with Article 2.2 of the Plan.

Section 5.2—Class B Claims. The legal, equitable, and contractual rights of each holder of a Flow-Through Claim, if any, shall be unaltered by the Plan and shall be satisfied in the ordinary course of business at such time and in such manner as the applicable Reorganized Debtor is obligated to satisfy each Flow-Through Claim (subject to the preservation and flow-through of all Estate Causes of Action and defenses with respect thereto, which shall be fully preserved). The Debtors' failure to object to a Flow-Through Claim in their Chapter 11 Cases shall be without prejudice to the Reorganized Debtors' right to contest or otherwise object to the classification of such Claim in the Bankruptcy Court.

Section 5.11—Class J Interests. On the Effective Date, except as otherwise contemplated by the Restructuring Transactions, the holders of Interests in the Affiliate Debtors shall retain such Interests in the Affiliate Debtors under the Plan.

PLEASE TAKE FURTHER NOTICE that you have been identified as the holder of an Unimpaired Claim under the Plan. In accordance with section 1126(f) of the Bankruptcy Code, with respect to your Unimpaired Claim, you will (a) be deemed to have accepted the Plan and (b) not be entitled to vote on the Plan. The Debtors therefore will not solicit your vote, and you will not receive a ballot with respect to your Unimpaired Claim. Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your Unimpaired Claim. Although you will not be entitled to vote on the Plan with respect to your Unimpaired Claim, you are a party-in-interest in the Debtors' Chapter 11 Cases. Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan.

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691.

PLEASE TAKE FURTHER NOTICE THAT the hearing (the "Confirmation Hearing") to consider confirmation of the Plan, will commence on **January 17, 2008** at **10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT **January 11, 2008** at **4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to confirmation of the Plan. To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General

Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n:  Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n:  John M. Reiss and Gregory Pryor), (viii) Counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, New York 10153 (Att'n: Jeffrey L Tanenbaum, Michael P. Kessler, and Robert J. Lemons), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), **in each case so as to be received no later than the Objection Deadline.**  Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

Delphi Legal Information Hotline:        Delphi Legal Information Website:
Toll Free:  (800) 718-5305                http://www.delphidocket.com
International:  (248) 813-2698


Dated:       New York, New York
            December __, 2007

                SKADDEN, ARPS, SLATE, MEAGHER
                 & FLOM LLP
                   John Wm. Butler, Jr. (JB 4711)
                   George N. Panagakis (GP 0770)
                   Ron E. Meisler (RM 3026)
                   Nathan Stuart (NS 7872)
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois 60606

                   - and -
                   Kayalyn A. Marafioti (KM 9632)
                   Thomas J. Matz (TM 5986)
                Four Times Square
                New York, New York 10036

                Attorneys for Delphi Corporation, et al.,
                  Debtors and Debtors-in-Possession

# Exhibit E -- Non-Voting Status Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                            Debtors.      :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO
## CERTAIN CLAIMS AND INTERESTS

        PLEASE TAKE NOTICE that on December __, 2007 the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the
"Solicitation Procedures Order") (Docket No. _____) (i) approving the disclosure statement (the
"Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of
Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed
by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and
(ii) authorizing the Debtors to solicit votes on the Plan.

        PLEASE TAKE FURTHER NOTICE that under the Solicitation Procedures Order, the
provisions of chapter 11 of the Bankruptcy Code[1], and the Plan, holders of certain claims or
interests under the Plan are not entitled to vote.  Specifically, the Plan provides that Class I
Claims, also known as "Other Interests," are comprised of options, warrants, call rights, puts,
awards, or other agreements to acquire Existing Common Stock.  Holders of Other Interests shall
not receive or retain any property on account of such Other Interests under the Plan and are
therefore deemed to have rejected the Plan. Moreover, holders of claims to which the Debtors
filed an objection to expunge such claims, which objection is still pending ("Disputed Claims"),
and holders of claims which were scheduled or filed as contingent ("Contingent Claims"), are not
entitled to vote on the Plan.

        PLEASE TAKE FURTHER NOTICE **that your claim or interest is either a Class I
Claim, a Disputed Claim, or a Contingent Claim, and you are accordingly not entitled to
vote on the Plan.**

        PLEASE TAKE FURTHER NOTICE that if your claim is a Disputed Claim or a
Contingent Claim and you disagree with the Debtors' objection to your claim or interest and wish
to vote on the Plan, or if you otherwise believe that you should be entitled to vote on the Plan,
then you must (a) have timely filed a proof of claim by the applicable bar date or your proof of
claim must be deemed timely filed by an order of the Bankruptcy Code before **7:00 p.m.**
(prevailing Eastern time) on **January 11, 2008** (the "Voting Deadline"), (b) contact Kurtzman
Carson Consultants LLC at 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691
(the "Creditor Voting Agent") to obtain a ballot and return the ballot by the Voting Deadline, and
(c) timely file and serve a motion ("Rule 3018(a) Motion") under Bankruptcy Rule 3018(a) for

---

[1] Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005.

temporary allowance of your claim or interest for purposes of voting. The deadline for filing and serving Rule 3018 Motions is **January 2, 2008 at 4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline"); provided, however, that if the Debtors object to a claim or interest after December 21, 2007, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection. Rule 3018(a) Motions must be filed with the Clerk of the Court on or before the Rule 3018(a) Motion Deadline and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Solicitation Procedures Order.

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com. This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at its address set forth above.

PLEASE TAKE FURTHER NOTICE THAT the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **January 17, 2008 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT **January 11, 2008 at 4:00 p.m.** (prevailing Eastern time) is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case

LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida
33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New
York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) Counsel for Harbinger
Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South
Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White &
Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss
and Gregory Pryor), (viii) Counsel for General Motors Corporation, Weil, Gotshal & Manges
LLP, 767 Fifth Avenue New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum, Michael P.
Kessler, and Robert J. Lemons), and (ix) the Office of the United States Trustee for the Southern
District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:
Alicia M. Leonhard), in each case so as to be **received no later than Objection Deadline**.
Objections not timely filed and served in the manner set forth above will not be considered and
will be deemed overruled.

Delphi Legal Information Hotline:       Delphi Legal Information Website:
Toll Free:  (800) 718-5305              http://www.delphidocket.com
International:  (248) 813-2698

Dated:   New York, New York
         December __, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP
                             John Wm. Butler, Jr. (JB 4711)
                             George N. Panagakis (GP 0770)
                             Ron E. Meisler (RM 3026)
                             Nathan Stuart (NS 7872)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606
                                - and -
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                      Four Times Square
                      New York, New York 10036

                      Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession

# Exhibit F -- Notice To Parties Subject To A Post-Solicitation Date Objection

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                          :
          In re                                           :        Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :        Case No. 05-44481 (RDD)
                                                          :
                          Debtors.                        :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

### NOTICE TO PARTIES SUBJECT TO A POST-SOLICITATION DATE OBJECTION

          PLEASE TAKE NOTICE that on December __, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. ____) (i) approving the disclosure statement (the "Disclosure Statement") with respect
to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and
Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-
possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

          PLEASE TAKE FURTHER NOTICE that on or about December 15, 2007, the Debtors mailed a
solicitation package to you, which included a ballot that was populated with data that is based upon the
claims register as of November 26, 2007, the record date established by the Bankruptcy Court.

          PLEASE TAKE FURTHER NOTICE that the Debtors have recently filed an objection to your claim
or interest.  In accordance with the Solicitation Procedures Order, your vote will now be tabulated in an
amount and classification consistent with the modifications requested in the current objection (or, if the
objection seeks to disallow and expunge your claim, your vote will not be tabulated).

          PLEASE TAKE FURTHER NOTICE that, to the extent that you wish to vote your claim or interest
in an amount and classification other than that in the Debtors' objection, you must file a motion requesting
temporary allowance of your claim or interest for purposes of voting pursuant to Bankruptcy Rule 3018(a)
("Rule 3018(a) Motion").  If you timely file and serve a Rule 3018(a) Motion, you will receive a provisional
ballot and will be permitted to cast this provisional ballot to accept or reject the Plan.  If you and the Debtors
are unable to resolve the issues raised by the Rule 3018(a) Motion, the Bankruptcy Court will determine at
the Confirmation Hearing whether the provisional ballot should be counted as a vote on the Plan.

          PLEASE TAKE FURTHER NOTICE that the deadline for filing and serving a Rule 3018(a) Motion
is **4:00 p.m. (prevailing Eastern time) on January 2, 2008** (unless the Debtors object to your claim or
interest after December 21, 2007, in which case the deadline for filing and serving a Rule 3018(a) Motion for
that claim or interest will be ten days following the filing of the Debtors' objection).

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          December __, 2007

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
       John Wm. Butler, Jr. (JB 4711)
       George N. Panagakis (GP 0770)
       Ron E. Meisler (RM 3026)
       Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

             - and -
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

    Attorneys for Delphi Corporation, et al.,
       Debtors and Debtors-in-Possession

Exhibit G -- UAW Notice

**A Complete Copy Of Delphi's Disclosure Statement and Plan of Reorganization Can Be Obtained At www.Delphidocket.com Or By Calling 1-888-249-2691**

---

**This is a notice which may affect you as a current or former employee of Delphi:**

**The information in this notice is only a summary and you can obtain complete papers as set forth above this box and on page 4.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|                              | :  |                          |
| In re                        | :  | Chapter 11               |
|                              | :  |                          |
| DELPHI CORPORATION, et al.,  | :  | Case No. 05-44481 (RDD)  |
|                              | :  |                          |
| Debtors.                     | :  | (Jointly Administered)   |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF APPROVAL OF DELPHI'S DISCLOSURE STATEMENT,
HEARING ON CONFIRMATION OF PROPOSED PLAN OF
REORGANIZATION AND PROPOSED RELEASES UNDER THE PLAN**

**Information For UAW-Represented
Employees And Retirees Of Delphi Corporation**

On July 19, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved a Memorandum Of Understanding Among The UAW,[1] Delphi Corporation And Certain Of Its Affiliated Debtors And Debtors-in-Possession ("Delphi"), and General Motors Corporation ("GM"), Including Modification Of UAW Collective Bargaining Agreements And Retiree Welfare Benefits For Certain UAW-Represented Retirees, dated June 22, 2007 (the "Agreement" or "Memorandum of Understanding").  The UAW ratified the Agreement on June 28, 2007.  On or about July 2, 2007, you received an informational notice that summarized certain terms of the Agreement.

On December __, 2007 the Court approved Delphi's disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan").  **The Disclosure Statement and Plan filed by Delphi are consistent in all respects with the**

---

[1]    Capitalized terms used and not defined in this informational notice have the meanings set forth in the Agreement.

**Memorandum of Understanding that was negotiated between Delphi, UAW and GM, ratified by UAW membership, and approved by the Court.**  The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to commence on January 17, 2008 at 10:00 a.m. (prevailing Eastern time).  January 11, 2008 at 4:00 p.m. (prevailing Eastern time) is the deadline for filing and serving objections to confirmation of the Plan.

Several terms of the Memorandum of Understanding have gone into effect based on the Court's approval and the UAW's ratification of the Memorandum of Understanding.  The terms already in effect include, among others, an extension of the UAW collective bargaining agreements until September 14, 2011; implementation of site plans with respect to each of 21 UAW-Delphi plants; implementation of a workforce transformation program for traditional UAW-represented employees; modification of certain terms of the 2004 UAW-Delphi Supplemental Agreement; expedited local competitive operating negotiations; reaffirmation of Delphi's commitment in the 2004 UAW-Delphi Supplemental Agreement to the principle of "equivalence of sacrifice" when establishing compensation and benefit levels for salaried employees and management; provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for rights, if any, to vested pension benefits, workers' compensation benefits, unemployment compensation benefits, and pending ordinary course grievances of employees remaining in the workforce); and establishment of the UAW's allowed prepetition claim.

**The Agreement provides that upon confirmation of the Plan by the Court, and Article 11.6 of the Plan provides, that Delphi and GM will be released by the UAW and all employees and former employees of Delphi represented or formerly represented by the UAW.**

**Article 11.14 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person commencing or continuing any action or act to collect or recover any claim or interest released under the Plan.**

Other terms of the Memorandum of Understanding have not yet gone into effect.  Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the Memorandum of Understanding as approved by the Court and the comprehensive settlement agreements between Delphi and GM.  The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the Memorandum of Understanding that was reached and ratified last summer.  Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain UAW-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans will be effectuated pursuant to Internal Revenue Code Section 414(l) in exchange for certain consideration to be paid by Delphi to GM;

- Delphi's existing pension plan will be frozen in certain respects  and GM will be obligated to pay certain benefits for certain UAW-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- The amount of $450 million will be funded by GM, which the UAW has directed to be paid directly to the DC VEBA established pursuant to a settlement agreement approved by the court in the case of <u>International Union, UAW, et al. v. General Motors Corp.</u>, Civil Action No. 05-73991.

Under Delphi's Plan, and consistent with the Memorandum of Understanding reached and ratified last summer :

- The Memorandum of Understanding (including the UAW collective bargaining agreements) will be assumed pursuant to 11 U.S.C. § 365;

- **As set forth above, Delphi and GM will be released by the UAW, all employees and former employees of Delphi represented or formerly represented by the UAW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the Memorandum of Understanding, including, but not limited to, claims for workers' compensation benefits against Delphi, its subsidiaries, or affiliates).**

This information is only a summary of some of the terms of the Disclosure Statement, Plan, and Memorandum of Understanding and is qualified entirely by and is subject to the actual terms and conditions of those documents.  Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan, and Memorandum of Understanding, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:      New York, New York
            December --, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
     John Wm. Butler, Jr. (JB 4711)
     George N. Panagakis (GP 0770)
     Ron E. Meisler (RM 3026)
     Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

By: _____
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

- and-

O'MELVENY & MYERS LLP

By: _____
     Tom A. Jerman (TJ 1129)
     Jessica Kastin (JK 2288)
1625 Eye Street, NW
Washington, DC 20006

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Exhibit H -- USW Notice

**A Complete Copy Of Delphi's Disclosure
Statement and Plan of Reorganization Can
Be Obtained At www.Delphidocket.com Or
By Calling 1-888-249-2691**

---

**This is a notice which may affect you as a current or former employee of Delphi:**

**For A Summary Of The Relief Sought Regarding Members Of:
USW At Home Avenue: See Pages 3 & 4
USW At Vandalia: See Pages 5 & 6**

**The information in this notice is only a summary and you can obtain complete papers as
set forth above this box and on page 7.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                            :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :       Case No. 05-44481 (RDD)
                                        :
          Debtors.             :       (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF APPROVAL OF DELPHI'S DISCLOSURE STATEMENT,
HEARING ON CONFIRMATION OF PROPOSED PLAN OF
<u>REORGANIZATION AND PROPOSED RELEASES UNDER THE PLAN</u>**

**Information For USW-Represented
Employees And Retirees Of Delphi Corporation**

        On August 29, 2007, the United States Bankruptcy Court for the Southern District
of New York (the "Court") approved two Memoranda of Understanding Among The USW,[1]
Delphi Corporation And Certain Of Its Affiliated Debtors And Debtors-in-Possession ("Delphi"),
and General Motors Corporation ("GM"), Including Modification Of USW Collective
Bargaining Agreements And Retiree Welfare Benefits For Certain USW-Represented Retirees
dated August 16, 2007.  The first memorandum relates to Delphi's operations at Home Avenue
(the "USW Home Avenue Settlement Agreement" or the "USW Home Avenue Memorandum of
Understanding") and the second memorandum relates to Delphi's operations at Vandalia (the
"USW Vandalia Settlement Agreement" or the "USW Vandalia Memorandum of

---

[1]    Capitalized terms used and not defined in this informational notice have the meanings set
forth in the USW Home Avenue Settlement Agreement or the USW Vandalia Settlement
Agreement, as the case may be.

Understanding").  The USW ratified the USW Home Avenue Settlement Agreement as of August 30, 2007 and ratified the USW Vandalia Settlement Agreement as of August 31, 2007.  On or about August 20, 2007, you received an informational notice that summarized certain terms of these agreements.

On December __, 2007 the Court approved Delphi's disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan").  **The Disclosure Statement and Plan filed by Delphi are consistent in all respects with the Memorandum of Understanding that was negotiated between Delphi, USW and GM, ratified by the USW membership, and approved by the Court.**  The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to commence on January 17, 2008 at 10:00 a.m. (prevailing Eastern time).  January 11, 2008 at 4:00 p.m. (prevailing Eastern time) is the deadline for filing and serving objections to confirmation of the Plan.

**The USW Home Avenue Settlement Agreement and the USW Vandalia Settlement Agreement provide that upon confirmation of the Plan by the Court, and Article 11.6 of the Plan provides, that Delphi and GM will be released by the USW and all employees and former employees of Delphi represented or formerly represented by the USW.**

**Article 11.14 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person commencing or continuing any action or act to collect or recover any claim or interest released under the Plan.**

A summary of certain terms of the USW Home Avenue Settlement Agreement and the USW Vandalia Settlement Agreement follows:

**USW Home Avenue Settlement Agreement**

Several terms of the USW Home Avenue Settlement Agreement have gone into effect based on the Court's approval of that agreement and the USW's ratification of that agreement.  The terms already in effect include, among others, an extension of the USW collective bargaining agreements ("CBAs") until September 14, 2011; an agreement that the businesses at the Home Avenue Operations will be sold or closed; implementation of a workforce transition program for eligible USW-represented employees; modification of certain terms of the USW CBAs; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for rights, if any, to vested pension benefits, workers' compensation benefits, unemployment compensation benefits, future claims arising out of the modified USW CBAs, and pending ordinary course grievances of employees remaining in the workforce).

Other terms of the USW Home Avenue Settlement Agreement have not yet gone into effect.  Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the USW Home Avenue Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM.  The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the USW Home Avenue Settlement Agreement that was reached and ratified last summer.  Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain USW-represented employees covered as provided in the Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans will be effectuated pursuant to Internal Revenue Code Section 414(l);

- Delphi's existing pension plan will be frozen in certain respects and GM will be obligated to pay certain benefits for certain USW-represented employees covered as provided in Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- The USW will receive an allowed general unsecured prepetition claim in the amount of $3 million against Delphi in complete settlement of all asserted and unasserted USW claims, including without limitation asserted and unasserted claims of current and former Vandalia Operations bargaining unit members.  The proceeds realized by the USW and/or the voluntary employees' beneficiary association ("VEBA") trust, to be established by an entity other than GM, Delphi, or their respective benefit plans, will

-3-

be contributed directly to the VEBA trust to provide certain retiree welfare benefits to certain eligible employees and retirees, including certain current or future participants in the Delphi Hourly Rate Employee Pension Plan or the GM Hourly Rate Employee Pension Plan, and their dependents;

- The amount of $9 million will be paid by GM to the VEBA in resolution of certain claims asserted by the USW, including in connection with the modification of retiree benefit programs, and without any acknowledgment by either GM or Delphi of those claims;

- The USW Home Avenue Memorandum of Understanding (including the USW CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The USW released parties will be exculpated and released in connection with the USW Home Avenue Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the USW, all employees and former employees of Delphi represented or formerly represented by the USW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the USW and between GM and the USW (except for claims for benefits provided for or explicitly not waived under the USW Home Avenue Memorandum of Understanding, including, but not limited to, workers' compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).**

### USW Vandalia Settlement Agreement

Several terms of the USW Vandalia Settlement Agreement have gone into effect based on the Court's approval of that agreement and the USW's ratification of that agreement. The terms already in effect include, among others, an extension of the USW collective bargaining agreements ("CBAs") until September 14, 2011; implementation of a site plan with respect to the Vandalia Thermal Operation; implementation of a workforce transition program for eligible USW-represented employees; modification of certain terms of the USW CBAs; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for rights, if any, to vested pension benefits, workers' compensation benefits, unemployment compensation benefits, future claims arising out of the modified USW CBAs, and pending ordinary course grievances of employees remaining in the workforce).

Other terms of the USW Vandalia Settlement Agreement have not yet gone into effect. Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the USW Vandalia Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM. The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the USW Vandalia Settlement Agreement that was reached and ratified last summer. Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain USW-represented employees covered as provided in the Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans will be effectuated pursuant to Internal Revenue Code Section 414(l);

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 and GM will be obligated to pay certain benefits for certain USW-represented employees covered as provided in Term Sheet – Delphi Pension Freeze and Cessation of OPEB, and GM Consensual Triggering of Benefit Guarantee;

- The USW asserted and unasserted claims will be resolved pursuant to Section F.2 and F.3 of the USW Home Avenue Settlement Agreement;

- The USW Vandalia Memorandum of Understanding (including the USW CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The USW released parties will be exculpated and released in connection with the USW Vandalia Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the USW, all employees and former employees of Delphi represented or formerly represented by the USW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the USW and between GM and the USW (except for claims for benefits provided for or explicitly not waived under the USW Vandalia Memorandum of Understanding).**

        This information is only a summary of some of the terms of the Disclosure
Statement, Plan, USW Home Avenue Settlement Agreement, and USW Vandalia Settlement
Agreement and is qualified entirely by and is subject to the actual terms and conditions of those
documents.  Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan,
USW Home Avenue Settlement Agreement, and USW Vandalia Settlement Agreement, can be
obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:          New York, New York
                December --, 2007
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                By:     _____
                                          John Wm. Butler, Jr. (JB 4711)
                                          George N. Panagakis (GP 0770)
                                          Ron E. Meisler (RM 3026)
                                          Nathan Stuart (NS 7872)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606

                                          - and -

                                By:     _____
                                          Kayalyn A. Marafioti (KM 9632)
                                          Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036

                                          - and-

                                O'MELVENY & MYERS LLP

                                By:     _____
                                          Tom A. Jerman (TJ 1129)
                                          Jessica Kastin (JK 2288)
                                        1625 Eye Street, NW
                                        Washington, DC 20006

                                        Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession

Exhibit I -- IUE-CWA Notice

**A Complete Copy Of Delphi's Disclosure
Statement and Plan of Reorganization Can
Be Obtained At www.Delphidocket.com Or
By Calling 1-888-249-2691**

---

**This is a notice which may affect you as a current or former employee of Delphi:**

**The information in this notice is only a summary and you can obtain complete papers
as set forth above this box and on page 4.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
In re                       :       Chapter 11
                         :
DELPHI CORPORATION, et al.,     :       Case No. 05-44481 (RDD)
                         :
              Debtors.     :       (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF APPROVAL OF DELPHI'S DISCLOSURE STATEMENT, HEARING ON CONFIRMATION OF PROPOSED PLAN OF REORGANIZATION AND PROPOSED RELEASES UNDER THE PLAN

**Information For IUE-CWA-Represented
Employees And Retirees Of Delphi Corporation**

On August 16, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved a Memorandum Of Understanding Among The IUE-CWA,[1] Delphi Corporation And Certain Of Its Affiliated Debtors And Debtors-in-Possession ("Delphi"), and General Motors Corporation ("GM"), Including Modification Of IUE-CWA Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUE-CWA-Represented Retirees, dated August 5, 2007 (the "Agreement" or "Memorandum of Understanding"). The IUE-CWA ratified the Agreement as of August 20, 2007.  On or about August 7, 2007, you received an informational notice that summarized certain terms of the Agreement.

On December __, 2007 the Court approved Delphi's disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan").  **The**

---

[1]    Capitalized terms used and not defined in this informational notice have the meanings set forth in the Agreement.

**Disclosure Statement and Plan filed by Delphi are consistent in all respects with the Memorandum of Understanding that was negotiated between Delphi, the IUE-CWA and GM, ratified by the IUE-CWA membership, and approved by the Court.** The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to commence on January 17, 2008 at 10:00 a.m. (prevailing Eastern time). January 11, 2008 at 4:00 p.m. (prevailing Eastern time) is the deadline for filing and serving objections to confirmation of the Plan.

Several terms of the Memorandum of Understanding have gone into effect based on the Court's approval of the Agreement and the IUE-CWA's ratification of the Agreement. The terms already in effect include, among others, an extension of the IUE-CWA collective bargaining agreements ("CBAs") until October 12, 2011; implementation of site plans with respect to each of 7 IUE-CWA-Delphi plants; implementation of a workforce transition program for certain IUE-CWA-represented employees; modification of certain terms of the IUE-CWA CBAs; concurrent local negotiations for all Keep and Footprint sites; provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and pending ordinary course grievances of employees remaining in the workforce); and establishment that the IUE-GM National Joint Skill Development and Training Committee will quitclaim any rights to the JAC Building to the IUE-CWA International or to an agreed upon not-for-profit entity.

**The Agreement provides that upon confirmation of the Plan by the Court, and Article 11.6 of the Plan provides, that Delphi and GM will be released by the IUE-CWA and all employees and former employees of Delphi represented or formerly represented by the IUE-CWA.**

**Article 11.14 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person commencing or continuing any action or act to collect or recover any claim or interest released under the Plan.**

Other terms of the Memorandum of Understanding have not yet gone into effect. Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the Memorandum of Understanding as approved by the Court and the comprehensive settlement agreements between Delphi and GM. The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the Memorandum of Understanding that was reached and ratified last summer. Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain IUE-CWA-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- A transfer of certain pension assets and liabilities from Delphi's pension plans to GM's pension plans will be effectuated pursuant to Internal Revenue Code Section 414(l);

-2-

- Delphi's existing pension plan will be frozen in certain respects and GM will be obligated to pay certain benefits for certain IUE-CWA-represented employees covered as provided in the Benefit Guarantee Term Sheet;

- The IUE-CWA will receive an allowed general unsecured prepetition claim against Delphi in the amount of $126 million in complete settlement of all asserted and unasserted IUE-CWA claims, including, but not limited, to IUE-CWA/Delphi Joint Activities Center (the "JAC") asserted and unasserted claims ("the Allowed Claim").  The proceeds realized by the IUE-CWA and/or the voluntary employees' beneficiary association ("VEBA") trust, from a $26 million dollar portion of the Allowed Claim, will be paid directly to the VEBA trust to be established and sponsored by the IUE-CWA to provide supplemental retiree health insurance to certain eligible Delphi employees and their dependents; the proceeds realized by the IUE-CWA and/or the VEBA trust, from a $90 million dollar portion of the Allowed Claim, will be paid directly to a VEBA trust to be established and sponsored by the IUE-CWA for the purpose of funding employee benefits for active and retired employees and their dependents; and the proceeds realized by the IUE-CWA and/or a VEBA trust, from a $10 million dollar portion of the Allowed Claim, will be paid directly to the successor to the JAC entity which will be established and administered by the IUE-CWA;

- The Memorandum of Understanding (including the IUE-CWA CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The IUE-CWA released parties will be exculpated and released in connection with the Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the IUE-CWA, all employees and former employees of Delphi represented or formerly represented by the IUE-CWA, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the Memorandum of Understanding, including, but not limited to, workers' compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).**

       This information is only a summary of some of the terms of the Disclosure Statement, Plan, and Memorandum of Understanding and is qualified entirely by and is subject to the actual terms and conditions of those documents.  Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan, and Memorandum of Understanding, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:        New York, New York
              December --, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:    _____
      John Wm. Butler, Jr. (JB 4711)
      George N. Panagakis (GP 0770)
      Ron E. Meisler (RM 3026)
      Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

By:    _____
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

- and-

O'MELVENY & MYERS LLP

By:    _____
      Tom A. Jerman (TJ 1129)
      Jessica Kastin (JK 2288)
1625 Eye Street, NW
Washington, DC 20006

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Exhibit J -- IAM Notice

**A Complete Copy Of Delphi's Disclosure
Statement and Plan of Reorganization Can
Be Obtained At www.Delphidocket.com Or
By Calling 1-888-249-2691**

---

**This is a notice which may affect you as a current or former employee of Delphi:**

**The information in this notice is only a summary and you can obtain complete papers
as set forth above this box and on page 4.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF APPROVAL OF DELPHI'S DISCLOSURE STATEMENT,
HEARING ON CONFIRMATION OF PROPOSED PLAN OF
REORGANIZATION AND PROPOSED RELEASES UNDER THE PLAN**

**Information For IAM-Represented
Employees And Retirees Of Delphi Corporation**

On August 16, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved six Memoranda Of Understanding Among the international union and/or certain local unions affiliated with the International Association of Machinists and Aerospace Workers, the International Brotherhood of Electrical Workers, and the International Union of Operating Engineers, respectively, Delphi Corporation And Certain Of Its Affiliated Debtors And Debtors-in-Possession ("Delphi"), and General Motors Corporation ("GM"), Including Modification Of IUOE, IBEW, And IAM Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUOE, IBEW, And IAM-Represented Retirees dated July 31 and August 1, 2007 (the "Settlement Agreements"). One of the Settlement Agreements dated July 31, 2007, pertains to the IAM (the "IAM Settlement Agreement"),[1] and was ratified by the IAM as of August 4, 2007. On or about August 7, 2007, you received an informational notice that summarized certain terms of that agreement.

---

[1]    Capitalized terms used and not defined in this informational notice have the meanings set forth in the IAM Settlement Agreement.

On December __, 2007 the Court approved Delphi's disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan").  **The Disclosure Statement and Plan filed by Delphi are consistent in all respects with the Memorandum of Understanding that was negotiated between Delphi, IAM and GM, ratified by the IAM membership, and approved by the Court.**  The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to commence on January 17, 2008 at 10:00 a.m. (prevailing Eastern time).  January 11, 2008 at 4:00 p.m. (prevailing Eastern time) is the deadline for filing and serving objections to confirmation of the Plan.

Several terms of the IAM Settlement Agreement have gone into effect based on the Court's approval of that agreement and the IAM's ratification of the IAM Settlement Agreement.  The terms already in effect include, among others, an acknowledgement that the Delphi Electronics & Safety – Milwaukee operation is scheduled to be closed; an extension of the 2003 IAM – Delphi Electronics & Safety – Milwaukee Operations Agreements and all related agreements and understandings (the "IAM CBAs") until September 14, 2011, subject to their termination provisions; implementation of a workforce transition program for eligible IAM-represented employees; modification of certain terms of the IAM CBAs; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

**The IAM Settlement Agreement provides that upon confirmation of the Plan by the Court, and Article 11.6 of the Plan provides, that Delphi and GM will be released by the IAM and all employees and former employees of Delphi represented or formerly represented by the IAM.**

**Article 11.14 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person commencing or continuing any action or act to collect or recover any claim or interest released under the Plan.**

Other terms of the IAM Settlement Agreement have not yet gone into effect.  Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the IAM Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM.  The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the IAM Settlement Agreement that was reached and ratified last summer.  Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain IAM-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 for certain covered IAM-represented employees as provided in Section D.2 of the IAM Settlement Agreement;

- The IAM Memorandum of Understanding (including certain IAM CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The IAM released parties will be exculpated and released in connection with the IAM Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the IAM, all employees and former employees of Delphi represented or formerly represented by the IAM, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IAM Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IAM Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).**

This information is only a summary of some of the terms of the Disclosure Statement, Plan, and IAM Settlement Agreement and is qualified entirely by and is subject to the actual terms and conditions of those documents.  Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan, and IAM Settlement Agreement, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:          New York, New York
                December --, 2007

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                          By:    _____
                                    John Wm. Butler, Jr. (JB 4711)
                                    George N. Panagakis (GP 0770)
                                    Ron E. Meisler (RM 3026)
                                    Nathan Stuart (NS 7872)
                                 333 West Wacker Drive, Suite 2100
                                 Chicago, Illinois 60606

                                          - and -

                          By:    _____
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                                 Four Times Square
                                 New York, New York 10036

                                          - and-

                                 O'MELVENY & MYERS LLP

                          By:    _____
                                    Tom A. Jerman (TJ 1129)
                                    Jessica Kastin (JK 2288)
                                 1625 Eye Street, NW
                                 Washington, DC 20006

                                 Attorneys for Delphi Corporation, et al.,
                                   Debtors and Debtors-in-Possession

Exhibit K -- IBEW Notice

**A Complete Copy Of Delphi's Disclosure
Statement and Plan of Reorganization Can
Be Obtained At www.Delphidocket.com Or
By Calling 1-888-249-2691**

---

**This is a notice which may affect you as a current or former employee of Delphi:**

**For A Summary Of The Relief Sought Regarding Members Of:
IBEW (Electronics & Safety): See Pages 3 & 4
IBEW (Powertrain): See Pages 5 & 6**

**The information in this notice is only a summary and you can obtain complete papers as
set forth above this box and on page 7.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                      Debtors.            :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF APPROVAL OF DELPHI'S DISCLOSURE STATEMENT,
### HEARING ON CONFIRMATION OF PROPOSED PLAN OF
### <u>REORGANIZATION AND PROPOSED RELEASES UNDER THE PLAN</u>

**Information For IBEW-Represented
Employees And Retirees Of Delphi Corporation**

On August 16, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved six Memoranda Of Understanding Among the international union and/or certain local unions affiliated with the International Association of Machinists and Aerospace Workers, the International Brotherhood of Electrical Workers, and the International Union of Operating Engineers, respectively, Delphi Corporation And Certain Of Its Affiliated Debtors And Debtors-in-Possession ("Delphi"), and General Motors Corporation ("GM"), Including Modification Of IUOE, IBEW, And IAM Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUOE, IBEW, And IAM-Represented Retirees dated July 31 and August 1, 2007 (the "Settlement Agreements"). Two of the Settlement Agreements pertain to the IBEW,[1] the first relates to Delphi Electronics and Safety (the "IBEW E&S

---

[1]    Capitalized terms used and not defined in this informational notice have the meanings set
       forth in the IBEW Settlement Agreements.

Settlement Agreement" or the "IBEW E&S Memorandum of Understanding") and the second relates to Delphi Powertrain (the "IBEW Powertrain Settlement Agreement" or the "IBEW Powertrain Memorandum of Understanding").  These IBEW Settlement Agreements were ratified by the IBEW as of August 4, 2007.  On or about August 7, 2007, you received an informational notice that summarized certain terms of these agreements.

On December ___, 2007 the Court approved Delphi's disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan").  **The Disclosure Statement and Plan filed by Delphi are consistent in all respects with the Memorandum of Understanding that was negotiated between Delphi, the IBEW and GM, ratified by IBEW membership, and approved by the Court.**  The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to commence on January 17, 2008 at 10:00 a.m. (prevailing Eastern time).  January 11, 2008 at 4:00 p.m. (prevailing Eastern time) is the deadline for filing and serving objections to confirmation of the Plan.

**The IBEW E&S Settlement Agreement and the IBEW Powertrain Settlement Agreement provide that upon confirmation of the Plan by the Court, and Article 11.6 of the Plan provides, that Delphi and GM will be released by the IBEW and all employees and former employees of Delphi represented or formerly represented by the IBEW.**

**Article 11.14 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person commencing or continuing any action or act to collect or recover any claim or interest released under the Plan.**

A summary of certain terms of the IBEW E&S Settlement Agreement and the IBEW Powertrain Settlement Agreement follows:

## IBEW (Electronics & Safety)

Several terms of the IBEW E&S Settlement Agreement have gone into effect based on the Court's approval of that agreement and the IBEW's ratification of that agreement. The terms already in effect include, among others, an acknowledgement that the Delphi Electronics & Safety – Milwaukee operation is scheduled to be closed; an extension of the 2003 IBEW – Delphi E&S Agreements and all related agreements and understandings (the "IBEW CBAs") until September 14, 2011, subject to their termination provisions; implementation of a workforce transition program for eligible IBEW-represented employees; modification of certain terms of the IBEW CBAs; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

Other terms of the IBEW E&S Settlement Agreement have not yet gone into effect. Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the IBEW E&S Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM. The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the IBEW E&S Settlement Agreement that was reached and ratified last summer. Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain IBEW-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 for certain covered IBEW-represented employees as provided in Section D.2 of the IBEW E&S Settlement Agreement;

- The IBEW E&S Memorandum of Understanding (including certain IBEW CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The IBEW released parties will be exculpated and released in connection with the IBEW E&S Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the IBEW, all employees and former employees of Delphi represented or formerly represented by the IBEW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under**

**the collective bargaining agreements or the IBEW E&S Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IBEW E&S Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).**

**IBEW (Powertrain)**

Several terms of the IBEW Powertrain Settlement Agreement have gone into effect based on the Court's approval of that agreement and the IBEW's ratification of that agreement. The terms already in effect include, among others, an acknowledgement that the Delphi Powertrain – Milwaukee operation is scheduled to be closed; an extension of the 2003 IBEW – Delphi Powertrain (formerly Delphi E&C) – Milwaukee Operations Agreements and all related agreements and understandings (the "IBEW CBAs") until September 14, 2011, subject to their termination provisions; implementation of a workforce transition program for eligible IBEW-represented employees; modification of certain terms of the IBEW CBAs; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

Other terms of the IBEW Powertrain Settlement Agreement have not yet gone into effect. Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the IBEW Powertrain Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM. The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the IBEW Powertrain Settlement Agreement that was reached and ratified last summer. Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain IBEW-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 for certain covered IBEW-represented employees as provided in Section D.2 of the IBEW Powertrain Settlement Agreement;

- The Memorandum of Understanding (including certain IBEW CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The IBEW released parties will be exculpated and released in connection with the IBEW Powertrain Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the IBEW, all employees and former employees of Delphi represented or formerly represented by the IBEW, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or**

-5-

**indirectly from or in any way related to any obligations under the collective bargaining agreements or the IBEW Powertrain Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IBEW Powertrain Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).**

This information is only a summary of some of the terms of the Disclosure Statement, Plan, and IBEW Settlement Agreements and is qualified entirely by and is subject to the actual terms and conditions of those documents.  Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan, and IBEW Settlement Agreements, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:           New York, New York
                 December --, 2007

                                SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM LLP

                        By:     _____
                                John Wm. Butler, Jr. (JB 4711)
                                George N. Panagakis (GP 0770)
                                Ron E. Meisler (RM 3026)
                                Nathan Stuart (NS 7872)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606

                                      - and -

                        By:     _____
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036

                                      - and-

                        O'MELVENY & MYERS LLP

                        By:     _____
                                Tom A. Jerman (TJ 1129)
                                Jessica Kastin (JK 2288)
                        1625 Eye Street, NW
                        Washington, DC 20006

                        Attorneys for Delphi Corporation, et al.,
                           Debtors and Debtors-in-Possession

Exhibit L -- IUOE Notice

**A Complete Copy Of Delphi's Disclosure
Statement and Plan of Reorganization Can
Be Obtained At www.Delphidocket.com Or
By Calling 1-888-249-2691**

---

**This is a notice which may affect you as a current or former employee of Delphi:**

**For A Summary Of The Relief Sought Regarding Members Of:
IUOE Local 18S: See Pages 3 & 4
IUOE Local 101S: See Pages 5 & 6
IUOE Local 832S: See Pages 7 & 8**

**The information in this notice is only a summary and you can obtain complete papers as
set forth above this box and on page 9.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
In re                                   :        Chapter 11
                                        :
DELPHI CORPORATION, <u>et al.</u>,              :        Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF APPROVAL OF DELPHI'S DISCLOSURE STATEMENT, HEARING ON CONFIRMATION OF PROPOSED PLAN OF REORGANIZATION AND PROPOSED RELEASES UNDER THE PLAN

**Information For IUOE-Represented
Employees And Retirees Of Delphi Corporation**

On August 16, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved six Memoranda Of Understanding Among the international union and/or certain local unions affiliated with the International Association of Machinists and Aerospace Workers, the International Brotherhood of Electrical Workers, and the International Union of Operating Engineers, respectively, Delphi Corporation And Certain Of Its Affiliated Debtors And Debtors-in-Possession ("Delphi"), and General Motors Corporation ("GM"), Including Modification Of IUOE, IBEW, And IAM Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUOE, IBEW, And IAM-Represented Retirees dated July 31 and August 1, 2007 (the "Settlement Agreements"). Three of the Settlement Agreements pertain to the International Union of Operating Engineers Local 18S, the International Union of Operating Engineers Local 101S, and the International Union of Operating Engineers Local 832S (collectively, with the International Union of Operating Engineers Local 18S and the International Union of Operating Engineers Local 101S, the "IUOE"), each dated August 1, 2007

(the "IUOE Settlement Agreements").[1]  The IUOE Settlement Agreements relating to Local 832S and Local 18S were ratified, respectively, as of August 9 and August 10, 2007, and the IUOE Settlement Agreement relating to Local 101S did not require ratification because there were no active bargaining unit members at the Olathe International Union of Operating Engineers Local 101S site.  On or about August 7, 2007, you received an informational notice that summarized certain terms of these agreements.

On December __, 2007 the Court approved Delphi's disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan").  **The Disclosure Statement and Plan filed by Delphi are consistent in all respects with the Memorandum of Understanding that was negotiated between Delphi, IUOE and GM, ratified by applicable IUOE membership, and approved by the Court.**  The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to commence on January 17, 2008 at 10:00 a.m. (prevailing Eastern time).  January 11, 2008 at 4:00 p.m. (prevailing Eastern time) is the deadline for filing and serving objections to confirmation of the Plan.

**The IUOE Settlement Agreements provide that upon confirmation of the Plan by the Court, and Article 11.6 of the Plan provides, that Delphi and GM will be released by the IUOE and all employees and former employees of Delphi represented or formerly represented by the IUOE.**

**Article 11.14 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person commencing or continuing any action or act to collect or recover any claim or interest released under the Plan.**

A summary of certain terms of the IUOE Settlement Agreements follows:

---

[1]    Capitalized terms used and not defined in this informational notice have the meanings set forth in the IUOE Settlement Agreements.

## IUOE Local 18S

Several terms of the IUOE Local 18S Settlement Agreement have gone into effect based on the Court's approval of that agreement and the IUOE's ratification of that agreement. The terms already in effect include, among others, an acknowledgement that the Delphi Thermal & Interior – Columbus operation is scheduled to be closed; an extension of the 2003 IUOE Local 18S – Delphi Agreements and all related agreements and understandings (the "IUOE CBAs") until September 14, 2011, subject to their termination provisions; implementation of a workforce transition program for eligible IUOE Local 18S-represented employees; modification of certain terms of the IUOE CBAs; potential eligibility for a relocation allowance based on actual expenses incurred, up to a maximum of $10,000; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

Other terms of the IUOE Local 18S Settlement Agreement have not yet gone into effect. Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the IUOE Local 18S Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM. The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the IUOE Local 18S Settlement Agreement that was reached and ratified last summer. Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain IUOE Local 18S-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 for certain covered IUOE Local 18S-represented employees as provided in Section D.2 of the IUOE Local 18S Settlement Agreement;

- The IUOE Local 18S Memorandum of Understanding (including certain IUOE CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The IUOE Local 18S released parties will be exculpated and released in connection with the IUOE Local 18S Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the IUOE Local 18S, all employees and former employees of Delphi represented or formerly represented by the IUOE Local**

**18S, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IUOE Local 18S Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IUOE Local 18S Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).**

## IUOE Local 101S

Several terms of the IUOE Local 101S Settlement Agreement have gone into effect based on the Court's approval of that agreement. The terms already in effect include, among others, an acknowledgement that the Delphi Automotive Holdings Group – Olathe operations are closed, and that Delphi no longer employs any Olathe bargaining unit employees; an agreement that the IUOE Local 101S Settlement Agreement terminates and supersedes the 2003 IUOE Local 101S – Delphi Agreements and all related agreements and understandings and the IUOE Local 101S Settlement Agreement expires on September 14, 2011; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

Other terms of the IUOE Local 101S Settlement Agreement have not yet gone into effect. Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the IUOE Local 101S Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM. The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the IUOE Local 101S Settlement Agreement that was reached and ratified last summer. Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain IUOE Local 101S-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 for certain covered IUOE Local 101S-represented employees as provided in Section C of the IUOE Local 101S Settlement Agreement;

- The IUOE Local 101S Memorandum of Understanding (including certain IUOE agreements) will be assumed pursuant to 11 U.S.C. § 365;

- The IUOE Local 101S released parties will be exculpated and released in connection with the IUOE Local 101S Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the IUOE Local 101S, all employees and former employees of Delphi represented or formerly represented by the IUOE Local 101S, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi**

-5-

arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements or the IUOE Local 101S Memorandum of Understanding (except for claims for benefits provided for or explicitly not waived under the IUOE Local 101S Memorandum of Understanding, including, but not limited to, workers' compensation benefits and unemployment compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law).

## IUOE Local  832S

Several terms of the IUOE Local 832S Settlement Agreement have gone into effect based on the Court's approval of that agreement and the IUOE's ratification of that agreement.  The terms already in effect include, among others, an extension of the 2003 IUOE Local 832S – Delphi Powertrain – Rochester Agreements and all related agreements and understandings (the "IUOE CBAs") until September 14, 2011, subject to their termination provisions; implementation of a workforce transition program for eligible IUOE Local 832S-represented employees; modification of certain terms of the IUOE CBAs; and provisions for resolution of claims, including waivers and releases such that all employee, retiree, and union asserted and unasserted claims are settled (except for waiver of rights to vested pension benefits, workers compensation benefits, unemployment compensation benefits, and the right to pursue pending ordinary course grievance except for employees who have signed individual releases of claims).

Other terms of the IUOE Local 832S Settlement Agreement have not yet gone into effect.  Those terms will become effective as part of Delphi's emergence from bankruptcy pursuant to a plan of reorganization which incorporates, approves, and is consistent with, among other things, all the terms of the IUOE Local 832S Settlement Agreement as approved by the Court and the comprehensive settlement agreements between Delphi and GM.  The Plan, if approved by the Court at the Confirmation Hearing, allows Delphi to emerge from bankruptcy and triggers the effectiveness of the remaining terms of the IUOE Local 832S Settlement Agreement that was reached and ratified last summer.  Among other terms, those terms include:

- Delphi's obligation to provide certain retiree welfare benefits will be eliminated and GM will be obligated to provide certain retiree welfare benefits for certain IUOE Local 832S-represented retirees and eligible employees covered as provided in the Term Sheet – Delphi Cessation and GM Provision of OPEB;

- Delphi's existing pension plan will be frozen in certain respects effective upon emergence from chapter 11 for certain covered IUOE Local 832S-represented employees as provided in Section D.2 of the IUOE Local 832S Settlement Agreement;

- The IUOE Local 832S Memorandum of Understanding (including certain IUOE CBAs) will be assumed pursuant to 11 U.S.C. § 365;

- The IUOE Local 832S released parties will be exculpated and released in connection with the IUOE Local 832S Memorandum of Understanding and Delphi's chapter 11 cases; and

- **As set forth above, Delphi and GM will be released by the IUOE Local 832S, all employees and former employees of Delphi represented or formerly represented by the IUOE Local 832S, and all persons or entities with claims derived from or**

-7-

**related to any relationship with such employees of Delphi
arising directly or indirectly from or in any way related to any
obligations under the collective bargaining agreements or the
IUOE Local 832S Memorandum of Understanding (except for
claims for benefits provided for or explicitly not waived under
the IUOE Local 832S Memorandum of Understanding,
including, but not limited to, workers' compensation benefits
and unemployment compensation benefits against Delphi, its
subsidiaries, or affiliates that are otherwise assertable under
applicable law).**

This information is only a summary of some of the terms of the Disclosure Statement, Plan, and IUOE Settlement Agreements and is qualified entirely by and is subject to the actual terms and conditions of those documents.  Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan, and IUOE Settlement Agreements, can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:         New York, New York
               December --, 2007

                         SKADDEN, ARPS, SLATE, MEAGHER
                           & FLOM LLP

                         By:    _____
                                John Wm. Butler, Jr. (JB 4711)
                                George N. Panagakis (GP 0770)
                                Ron E. Meisler (RM 3026)
                                Nathan Stuart (NS 7872)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois 60606

                                    - and -

                         By:    _____
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York 10036

                                    - and-

                         O'MELVENY & MYERS LLP

                         By:    _____
                                Tom A. Jerman (TJ 1129)
                                Jessica Kastin (JK 2288)
                         1625 Eye Street, NW
                         Washington, DC 20006

                         Attorneys for Delphi Corporation, et al.,
                           Debtors and Debtors-in-Possession

Exhibit M -- Non-represented Employees Notice

**A Complete Copy Of Delphi's Disclosure
Statement and Plan of Reorganization Can
Be Obtained At www.Delphidocket.com Or
By Calling 1-888-249-2691**

---

**This is a notice which may affect you as a current or former employee of Delphi:**

**The information in this notice is only a summary and you can obtain complete papers
as set forth above this box and on page 4.**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re                           :        Chapter 11
                                    :

DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                    :

                   Debtors.    :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF APPROVAL OF DELPHI'S DISCLOSURE STATEMENT,
HEARING ON CONFIRMATION OF PROPOSED PLAN OF
REORGANIZATION AND PROPOSED RELEASES UNDER THE PLAN**

**Information For Certain Non-Represented Hourly Active
Employees And Retirees of Delphi Corporation**

        On August 6, 2007, Delphi Corporation and certain of its affiliated debtors and
debtors-in-possession ("Delphi"), filed an Expedited Motion For Order Under 11 U.S.C. §§ 363,
1113, And 1114 And Fed. R. Bankr. P. 6004 And 9019 Approving (I) Memoranda Of
Understanding Among IUOE, IBEW, IAM, Delphi, And General Motors Corporation Including
Modification Of IUOE, IBEW, And IAM Collective Bargaining Agreements And Retiree
Welfare Benefits For Certain IUOE, IBEW, And IAM-Represented Retirees And (II)
Modification Of, And Term Sheet Regarding, Retiree Welfare Benefits For Certain Non-
Represented Hourly Active Employees And Retirees, regarding Delphi's restructuring, which
sought approval from the United States Bankruptcy Court for the Southern District of New York
(the "Court") of modification of retiree welfare benefits for certain non-represented hourly active
employees and retirees (the "Modification") and a term sheet between GM[1] and Delphi regarding
the Modification named the Term Sheet – Delphi Cessation and GM Provision of OPEB For
Certain Non-Represented Delphi Employees and Retirees (the "Non-Represented Term Sheet").

---

[1]    Capitalized terms used and not defined in this informational notice have the meanings set
forth in the Non-Represented Term Sheet.

On or about August 7, 2007, you received an informational notice that summarized certain terms of the Non-Represented Term Sheet.

On August 16, 2007, the Court approved the Modification and the Non-Represented Term Sheet.

On December ___, 2007 the Court approved Delphi's disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"). **The Disclosure Statement and Plan filed by Delphi are consistent in all respects with the Non-Represented Term Sheet that was negotiated between Delphi and GM and approved by the Court.** The hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to commence on January 17, 2008 at 10:00 a.m. (prevailing Eastern time). January 11, 2008 at 4:00 p.m. (prevailing Eastern time) is the deadline for filing and serving objections to confirmation of the Plan.

**Article 11.6 of the Plan provides that Delphi and GM will be released by all employees and former employees of Delphi represented or formerly represented by its unions.**

**Article 11.14 of the Plan proposes that the releases under Article 11.6 of the Plan will act as an injunction against any person commencing or continuing any action or act to collect or recover any claim or interest released under the Plan.**

A summary of the Modification and Non-Represented Term Sheet follows:

On August 3, 2007, Delphi and GM agreed to the treatment of certain **non-represented hourly active employees and retirees** in the Non-Represented Term Sheet. The Non-Represented Term Sheet and the Modification relating to modification of retiree welfare benefits for certain non-represented hourly active employees and retirees was submitted to the Court on August 6, 2007. On August 16, 2007, the Court approved the Non-Represented Term Sheet and the Modification pursuant to 11 U.S.C. § 363, allowing Delphi's cessation and GM's provision of certain benefits for such employees.

Upon the Effective Date of the Non-Represented Term Sheet, GM will provide post-retirement medical benefits to certain of the non-represented hourly active employees and retirees in accordance with all the ongoing terms, conditions and eligibility requirements of the GM Health Care Program for Hourly Employees and GM will provide the applicable level of post-retirement medical benefits to certain of the non-represented hourly active employees and retirees consistent with the terms of the Modified Plan, as defined in the settlement agreement approved by the court in the case IUE, et al. v. General Motors Corporation (case number 2:06-cv-12151), on the same basis as such benefits are provided to GM-IUE-CWA hourly employees who retired from GM with eligibility to participate in the GM Health Care Program.

Further, GM will provide all employer-paid post-retirement Basic Life Insurance benefits to certain of the non-represented hourly active employees and retirees in accordance with all the ongoing terms, conditions, and eligibility requirements of the GM Life and Disability Benefits Program for Hourly Employees and at the level provided for non-represented hourly

retirees on the date immediately preceding the GM's provision of such benefits, <u>provided,</u> <u>however,</u> that GM will not be required to provide life insurance benefits at a level and scope that exceeds that being provided for similarly situated IBEW- or IAM-represented hourly retirees of GM.

**Delphi and GM will also receive releases from all non-represented hourly employees and former hourly employees of Delphi, and all persons or entities with claims derived from or related to any relationship with such employees of Delphi arising from or related to any obligations of Delphi, GM and/or such employee benefits plans to provide OPEB or pension benefits, or related in any way to the amendment and freeze of the Delphi HRP or the cessation of Delphi OPEB (except for claims for benefits provided for or explicitly not waived under the Non-Represented Term Sheet).**

This information is only a summary of some of the terms of the Disclosure Statement, Plan, Modification, and the Non-Represented Term Sheet and is qualified entirely by and is subject to the actual terms and conditions of those documents, or in the case of the Modification, the Court's order allowing the Modification.  Complete copies of Delphi's Court papers, including the Disclosure Statement, Plan, the Non-Represented Term Sheet, and the Court's order allowing the Modification can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

Dated:          New York, New York
               December --, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP

                         By:   _____
                               John Wm. Butler, Jr. (JB 4711)
                               George N. Panagakis (GP 0770)
                               Ron E. Meisler (RM 3026)
                               Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                   - and -

                         By:   _____
                               Kayalyn A. Marafioti (KM 9632)
                               Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                                   - and-

                              O'MELVENY & MYERS LLP

                         By:   _____
                               Tom A. Jerman (TJ 1129)
                               Jessica Kastin (JK 2288)
                              1625 Eye Street, NW
                              Washington, DC 20006

                              Attorneys for Delphi Corporation, et al.,
                               Debtors and Debtors-in-Possession

Exhibit N -- Notice to Employees Regarding Multiple Solicitation Documents

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                        :
    In re                                    :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
             Debtors.               :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

## NOTICE TO CURRENT AND FORMER EMPLOYEES REGARDING
## MULTIPLE SOLICITATION DOCUMENTS

This Notice is to explain why you may be receiving various documents in the Delphi bankruptcy case.

PLEASE TAKE NOTICE that on December __, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. _____) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.  As a part of this process of soliciting votes on the Plan, the Debtors have sent numerous documents to various parties in interest.  ("Parties in interest" include people who have claims against the Debtors.)  Capitalized terms used and not defined in this notice have the meanings set forth in the Plan.

As an employee or former employee of the Debtors, you may be one of these parties in interest and may have a number of different interests or claims, as defined by the Plan.  As such, you may be receiving a variety of documents from the Debtors, depending on the nature of your interests or claims.  The information below explains why you may be receiving various documents based upon the types of claims or interests you may have.

If you are or were represented by a labor union while employed at Delphi, you may wish to contact your union about any notices that you receive.

Please note that this information is only a summary of some of the terms of the Disclosure Statement and the Plan and is qualified entirely by and is subject to the actual terms and conditions of the Plan and Disclosure Statement.  In the event of any conflict between this notice and another document, the applicable document, and not this notice, will control.  Complete copies of Delphi's Court papers, including the Plan and Disclosure Statement can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

---

**The Information Below Merely Attempts To Explain The Reason That Certain Parties**

**Are Receiving Particular Documents As A Part Of The Solicitation Process And Is
Not Intended As A Substitute For Careful Review Of The Plan And Disclosure Statement
And The Other Notices And Documents You May Receive In Your Solicitation Package.**

**No Action Is Required Of You In Connection With *This* Notice.  However, Please
Read Carefully Each Of The Documents That You Have Received To Determine
If Any Action Is Required In Connection With Any Of These Other Documents.**

**Please Carefully Review The Plan And Disclosure Statement. You May Wish To Seek Legal
Advice Concerning The Plan And Your Classification And Treatment Under The Plan.**

## **Documents You May Have Received**

Certain parties in interest will receive a "solicitation package" containing:

- the Confirmation Hearing Notice,
- a CD-ROM containing the Solicitation Procedures Order, solicitation letters from the Creditors' Committee and the Equity Committee, the Disclosure Statement, the Plan, and the publicly filed materials appended thereto,

Additionally you may have received the following documents:

**Notice of Non-Voting Status**:  If you received a Notice of Non-Voting Status, you may have one or more of the claims or interests described below, in which case, you will not receive or retain any property on account of such claim or interest.  You are therefore deemed to reject the Plan and you will not vote on the Plan **on account of such claims** (although you may still be allowed to vote because of other claims or interests that you may have).

| Examples Of Interests/Claims That May Trigger A Notice Of Non-Voting Status | Plan Class | Proposed Plan Treatment |
|---|---|---|
| • Stock Appreciation Rights (SARs)<br>• Stock options<br>• Unvested Restricted Stock Units (RSUs)<br>• Stock option grants commonly known as Founder's Grants | Other Interests: consist of all options, warrants, call rights, puts, awards, or other agreements to acquire existing Delphi common stock. | Please refer to Article 5.10 of the Plan for treatment of "Other Interests." |

**Unimpaired Notice**:  If you received an Unimpaired Notice, you may have one or more of the claims described below which are unimpaired under the Plan.  Holders of unimpaired claims are deemed to accept the Plan and therefore do not vote on the Plan **on account of such claims** (although you may still be allowed to vote because of other claims or interests that you may have).

| Examples Of Interests/Claims That May Trigger An Unimpaired Notice | Plan Class | Proposed Plan Treatment |
|---|---|---|
| • Unpaid healthcare and insurance-related benefit claims for active employees<br>• Unpaid wages for active employees<br>• Workers Compensation claims | Flow Through Claims: include claims arising from, among other things, (i) an Employee-Related Obligation asserted by an hourly employee that is not otherwise waived pursuant to the Union Settlement Agreements (workers compensation and unemployment compensation claims are "flow-through claims"), or (ii) any Employee-Related Obligation asserted by a salaried, non-executive employee who was | Please refer to Article 5.2 of the Plan for treatment of "Flow Through Claims." |

|  | employed by Delphi as of the date of the commencement of the hearing on the Disclosure Statement, (iii) any Employee-Related Obligation asserted by a salaried executive employee who was employed by Delphi as of the date of the commencement of the hearing on the Disclosure Statement and has entered into a new employment agreement as described in Article 7.8 of the Plan. |  |

**Ballot**:  Some claims result in a right to vote on the Plan.  If you received a Ballot, please review the plan class title on the Ballot and the corresponding description of such class in the Plan and Disclosure Statement and read and follow the instructions on the Ballot carefully in order for your vote on the Plan to be counted.  Your receipt of a Ballot or Ballots indicates your claim(s) is currently listed on Delphi's claims docket.

| Examples Of Interests/Claims That May Trigger A Ballot | Plan Class | Proposed Plan Treatment |
|---|---|---|
| • Allowed SERP claims from current retirees<br>• Unpaid base compensation, incentive compensation, and retention grant claims for which a timely, valid proof of claim was filed and to the extent such claims were not released<br>• Claims for unpaid cash compensation for which retirees or a non-current employee for which a timely proof of claim has been filed, to the extent required by the Bar Date Order | General Unsecured Claims, other than Senior Note Claims or TOPrS Claims | Please refer to Article 5.3 of the Plan for treatment of General Unsecured Claims. |
| • Holding Stock in the Delphi | Class G-1 Exisiting Common Stock | Please refer to Article 5.7 of the Plan for treatment of Existing Common Stock |

If you have any questions not answered by the chart above, please contact Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Employee Multiple Notice or at (888) 249-2691.  If applicable, you may also contact your union.

Delphi Legal Information Hotline:                    Delphi Legal Information Website:
Toll Free:  (800) 718-5305                                http://www.delphidocket.com
International:  (248) 813-2698


Dated:    New York, New York
               December __, 2007

                                                    SKADDEN, ARPS, SLATE, MEAGHER
                                                     & FLOM LLP
                                                            John Wm. Butler, Jr. (JB 4711)
                                                            George N. Panagakis (GP 0770)
                                                            Ron E. Meisler (RM 3026)
                                                            Nathan Stuart (NS 7872)
                                                    333 West Wacker Drive, Suite 2100
                                                    Chicago, Illinois 60606

                                                                   - and -
                                                            Kayalyn A. Marafioti (KM 9632)
                                                            Thomas J. Matz (TM 5986)
                                                    Four Times Square
                                                    New York, New York 10036

                                                       Attorneys for Delphi Corporation, et al.,
                                                         Debtors and Debtors-in-Possession

O -- Cure Amount Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -      x
                                                                       :
    In re                                          :    Chapter 11
                                                                       :
DELPHI CORPORATION, <u>et al.</u>,                                     :    Case No. 05-44481 (RDD)
                                                                       :
                  Debtors.   :    (Jointly Administered)
                                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -      x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
<u>TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION</u>

        PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. _____) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on <u>Schedule 1</u> attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

        The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on <u>Schedule 1</u> (the "Cure Amount"). **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

### Step 1

**Please check one of the boxes below:**

☐        Yes, I agree with the Cure Amount listed on <u>Schedule 1</u> (**complete Step 2 below**)

☐        No, I disagree with the Cure Amount listed on <u>Schedule 1</u> (**skip Step 2 and go to Step 3 below**)

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (**skip Step 3 and complete Step 4 below**)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan.  If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures**.  Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n:  Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) on **the 30th day following the effective date of the Plan** (the "Cure Objection Deadline").  Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name:_____

By: _____

Print Name:

Title:

Delphi Legal Information Hotline:            Delphi Legal Information Website:
Toll Free:  (800) 718-5305                   http://www.delphidocket.com
International:  (248) 813-2698

Dated:    New York, New York
           December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
     John Wm. Butler, Jr. (JB 4711)
     George N. Panagakis (GP 0770)
     Ron E. Meisler (RM 3026)
     Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Exhibit P -- Notice To Holders, Assignees, Transferees, And Purchasers
Of Claims Of Cure Procedures Established Under Solicitation
Procedures Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                      :
In re                                                                 :    Chapter 11
                                                                      :
DELPHI CORPORATION, et al.,                                           :    Case No. 05-44481 (RDD)
                                                                      :
                                    Debtors.                          :    (Jointly Administered)
                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

NOTICE TO HOLDERS, ASSIGNEES, TRANSFEREES, AND PURCHASERS OF CLAIMS OF
CURE PROCEDURES ESTABLISHED UNDER SOLICITATION PROCEDURES ORDER

PLEASE TAKE NOTICE that on December __, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. _____) (i) approving the disclosure statement (the "Disclosure Statement") with respect
to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and
Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-
possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

PLEASE TAKE FURTHER NOTICE that pursuant to Article 8.2 of the Plan, the Debtors will cure
defaults, as required under 11 U.S.C. § 365, related to certain contracts (the "Material Supply Agreements")
which the Debtors intend to assume or assume and assign.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Solicitation Procedures Order, the
Debtors have sent a Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or
Assumed And Assigned Under Plan Of Reorganization (the "Cure Notice") to the Material Supply
Agreement counterparties for those Material Supply Agreements the Debtors seek to assume or assume and
assign under the Plan (the "Counterparties").

PLEASE TAKE FURTHER NOTICE that the Cure Notice provides the Counterparties with, among
other things, the right to elect to be paid the cure amount to which the party receiving cure is entitled in cash
or the plan currency being offered to holders of general unsecured claims under Article 5.3 of Plan.

PLEASE TAKE FURTHER NOTICE that you are receiving this notice as a courtesy because the
claims register of Kurtzman Carson Consultants, LLC, the claims agent approved by the Bankruptcy Court,
indicates that you may hold or may have purchased a claim from one or more of the Counterparties to whom
the Cure Notice and election was sent.  This election might impact the currency to be distributed to such
Counterparty which in turn might affect the claim that you hold or have purchased.  Pursuant to the
Solicitation Procedures Order, the Debtors are authorized, but not directed, to remit resolved or uncontested
distributions on account of cure directly to the contract party whose contract is being assumed or assumed
and assigned. This is the only notice that you will be sent in this regard.

---

**Your rights with regard to a claim you hold or purchased might be affected by the election
right described in the Cure Notice as summarized above.**

Delphi Legal Information Hotline:   Delphi Legal Information Website:
Toll Free:  (800) 718-5305     http://www.delphidocket.com
International:  (248) 813-2698


Dated: New York, New York
    December ___, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606

            - and -
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036

         Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession

Exhibit Q -- Notice to Contract Counterparty With Multiple Addresses
Of Transmittal Of Cure Amount Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
  In re                                             :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                              Debtors.              :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE TO CONTRACT COUNTERPARTY WITH MULTIPLE ADDRESSES
OF TRANSMITTAL OF CURE AMOUNT NOTICE


        PLEASE TAKE NOTICE that Delphi Corporation, together with certain of its U.S. affiliates
(collectively, the "Debtors") have sent an original Notice Of Cure Amount With Respect to
Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization (the
"Cure Notice"), a copy of which is attached hereto as Exhibit A, to the address listed on Exhibit B
hereto.

---

**There are substantive rights affected by the Cure Notice such as the right to
object to the proposed cure amount and the right to be paid any cure amount
in cash or the plan currency offered to holders of allowed general unsecured
claims under Article 5.3 of the Debtors' plan of reorganization (the "Plan").
If you are the person in your company who should review and respond to this
notice, you should immediately inquire at your company as to its whereabouts.**


**As explained on Exhibit A, the original Cure Notice must be completed,
executed, and returned so as to be received by Kurtzman Carson Consultants
at the address set forth below by 7:00 p.m. (prevailing Eastern time) on
January 11, 2008. Failure to timely respond will result in your contract(s) or
lease(s) being assumed or assumed and assigned, and you will be paid the cure
amount listed on Schedule 1 to the Cure Notice in the currency offered to
holders of allowed general unsecured claims under the Plan.**

---

        Please note, however, that only original forms will be accepted for purposes of exercising
your right to contest the cure amount or make a cure election.  To obtain a duplicate original Cure
Notice, you must contact Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo,
California 90245, Att'n: Delphi Cure Notice Replacement or at (888) 249-2691 to be sent another
original Cure Notice. The original Cure Notice sent to the address on Exhibit B will subsequently be
voided.

Delphi Legal Information Hotline:           Delphi Legal Information Website:
Toll Free:  (800) 718-5305                      http://www.delphidocket.com
International:  (248) 813-2698


Dated:     New York, New York
                 December __, 2007

                                                    SKADDEN, ARPS, SLATE, MEAGHER
                                                      & FLOM LLP
                                                            John Wm. Butler, Jr. (JB 4711)
                                                            George N. Panagakis (GP 0770)
                                                            Ron E. Meisler (RM 3026)
                                                            Nathan Stuart (NS 7872)
                                                    333 West Wacker Drive, Suite 2100
                                                    Chicago, Illinois 60606

                                                                   - and -
                                                            Kayalyn A. Marafioti (KM 9632)
                                                            Thomas J. Matz (TM 5986)
                                                    Four Times Square
                                                    New York, New York 10036

                                                    Attorneys for Delphi Corporation, et al.,
                                                       Debtors and Debtors-in-Possession

**[Copy of Form of Cure Notice to be attached with a watermarked "COPY" across the form]**

Exhibit R -- Postpetition Interest Rate Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                  :       Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,                :       Case No. 05-44481 (RDD)
                                          :
                 Debtors.              :       (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>POSTPETITION INTEREST RATE DETERMINATION NOTICE</u>

       PLEASE TAKE NOTICE that on December __, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. _____) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

       Under the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to pay postpetition interest on your claim from October 8 or 14, 2005, as applicable (the "Petition Date"), through the earlier of the date on which the Plan is confirmed or January 31, 2008 at the Michigan Statutory Rate in effect as of the Petition Date (4.845%) (the "Interest Rate") as provided in the Plan.

>      **If you disagree with the application of the Interest Rate, you must return this form in the envelope provided to Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Interest Rate, so as to be <u>received</u> by January 11, 2008 at 7:00 p.m. (prevailing Eastern time). If you fail to return this form timely, you will receive postpetition interest on account of your claim at the interest rate set forth above. If you disagree with the application of the Interest Rate and you return an executed copy of this form, then your claim will be deemed disputed and you will not be eligible to receive a distribution until your claim is allowed.**

       **Please follow the three steps below and sign this notice to ensure that you receive the postpetition interest rate to which you are entitled.**

**Step 1**

**Please check one of the boxes below:**

☐    Yes, I agree with the application of the Interest Rate (**skip Step 2 and complete Step 3 below**)

☐    No, I disagree with the application of the Interest Rate (**complete Step 2 and Step 3 below**)

Company Name:_____

By: _____

Name:                                        Title:

**Step 2**

      **If you checked the box indicating that you disagree with the Interest Rate, you must supply the information requested in the form attached hereto and <u>complete step 3 below</u>.  If you fail to timely complete step 3 below, you will receive postpetition interest on account of your claim at the Interest Rate.**

      If the Debtors disagree with the interest rate you assert, your claim will automatically be deemed disputed and the Debtors will file an objection to your asserted interest claim no later than 30 days after the confirmation date of the Plan.  Following such an objection, the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule. A distribution on account of your claim, to the extent allowed with accrued interest through the earlier of January 31, 2008 or the date of confirmation of the Plan, at the rate decided by the Bankruptcy Court, will only occur following the entry of a final order of the Bankruptcy Court resolving the dispute.

**Step 3**

      Sign and return this form in the envelope provided to Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, California  90245, Att'n: Delphi, so as to be <u>received</u> by **January 11, 2008** at **7:00 p.m.** (prevailing Eastern time).  If you fail to timely return this form, you will receive postpetition interest on account of your claim at the Interest Rate set forth above.

2

Delphi Legal Information Hotline:   Delphi Legal Information Website:
Toll Free:  (800) 718-5305     http://www.delphidocket.com
International:  (248) 813-2698

Dated: New York, New York
   December __, 2007

       SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP
         John Wm. Butler, Jr. (JB 4711)
         George N. Panagakis (GP 0770)
         Ron E. Meisler (RM 3026)
         Nathan Stuart (NS 7872)
       333 West Wacker Drive, Suite 2100
       Chicago, Illinois 60606

          - and -
         Kayalyn A. Marafioti (KM 9632)
         Thomas J. Matz (TM 5986)
       Four Times Square
       New York, New York 10036

        Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession

<u>Postpetition Interest Rate Information</u>

_____

Name Of Claimant


_____

Description Of Contract(s)


_____

Interest Rate Asserted


_____


_____


_____


_____


_____
Basis For Asserted Interest Rate (attach supporting documentation and ensure that you have affixed
adequate postage to assure that this completed Postpetition Interest Rate Determination Notice is
delivered to Kurtzman Carlson Consultants, LLC so that it is **received** on or before **January 11, 2008** at
**7:00 p.m.** (prevailing Eastern time)).

Exhibit S -- Reclamation Election Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                                     :
    In re                                        :    Chapter 11
                                                                     :
DELPHI CORPORATION, et al.,                                          :    Case No. 05-44481 (RDD)
                                                                     :
                  Debtors.     :    (Jointly Administered)
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

NOTICE OF TREATMENT OF RECLAMATION CLAIM UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on December __, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. _____) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Second Amended and Restated Final Reclamation Order and the Solicitation Procedures Order, the Debtors hereby provide notice of the proposed treatment of the reclamation claim listed on Schedule 1 attached hereto.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Reclamation Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to return this form timely, you will receive a distribution for your reclamation claim, to the extent allowed, in the currency afforded to allowed general unsecured claims as set forth in the Plan and you shall be deemed to have waived any right to seek administrative priority status for your reclamation claim.**

        The Debtors' records reflect that you are the holder of the reclamation claim identified on Schedule 1 (the "Reclamation Claim "). **Please follow the three steps below and sign this notice to ensure that you receive the desired treatment for your Reclamation Claim.**

**Step 1**

        **Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims ("General Unsecured Claims"), and check one of the boxes below:**

☐    I request that my Reclamation Claim, to the extent Allowed (as defined in the Plan), be given administrative priority status pursuant to section 503(b) of the Bankruptcy Code.

☐    I request that my Reclamation Claim be treated, to the extent Allowed and for purposes of distribution, as a General Unsecured Claim, including postpetition interest as set forth more fully below and in the Plan. I acknowledge and agree that I have no accompanying voting rights on account of this election or any Reclamation Claim.

---

[1] The date shall coincide with the deadline to be established by the Bankruptcy Court pursuant to the Solicitation Procedures Order for the submission of votes on the Plan.

**Step 2**

If you checked the box indicating that you request that your Reclamation Claim, to the extent Allowed, be given administrative priority status pursuant to section 503(b) of the Bankruptcy Code, the treatment of your Reclamation Claim will be determined at a contested hearing before the Bankruptcy Court on a date following the effective date of the Plan. At this hearing, the Debtors will assert that your claim is not entitled to administrative priority status on the grounds that, among other things, the goods and/or the proceeds from the sale of the goods for which you are seeking a reclamation claim are, or were, subject to a valid and perfected security interest. The Debtors will retain all other reserved defenses (the "Reserved Defenses") regarding your Reclamation Claim, as set forth in the Second Amended and Restated Final Reclamation Order. If the Debtors prevail at this hearing, then, subject to the Bankruptcy Court's ruling, your Reclamation Claim will be disallowed. The underlying claim will then be subject to further reconciliation to determine the amount in which you may still have a valid General Unsecured Claim.

If you checked the box indicating that you request your Reclamation Claim be treated for purposes of distribution, to the extent Allowed, as a General Unsecured Claim, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate in effect as of the Petition Date (4.845%) (the "Interest Rate") as set forth in the Plan (subject to the procedures described in the Solicitation Procedures Order), then you will be deemed to have waived any right to seek administrative priority status for your Reclamation Claim; provided however that to the extent that the Debtors resolicit acceptances or rejections of the Plan (or any alternative plan of reorganization), such resolicitation shall include a provision allowing any holder of a reclamation claim that made any election pursuant to this notice to amend such election by filing a duly executed copy of a rescission notice (which shall be in a form reasonably acceptable to the Creditors' Committee) on or before the deadline for voting on such amended plan. The Debtors will retain all Reserved Defenses regarding your Reclamation Claim.

In either event, you must return this form in accordance with Step 3 below.

**Step 3**

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so that it is received by **7:00 p.m. (prevailing Eastern time) on January 11, 2008.** If you fail to return a signed and completed form timely, you will receive a distribution on account of your Reclamation Claim, to the extent Allowed, in the plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Interest Rate set forth in the Plan (subject to the procedures described in the Solicitation Procedures Order) and you will be deemed to have waived any right to seek administrative priority for your Reclamation Claim. The Debtors will retain all Reserved Defenses regarding your Reclamation Claim.

Company Name:_____

By: _____

Print Name:

Title:

2

Delphi Legal Information Hotline:   Delphi Legal Information Website:
Toll Free:  (800) 718-5305     http://www.delphidocket.com
International:  (248) 813-2698

Dated: New York, New York
    December __, 2007

       SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
       333 West Wacker Drive, Suite 2100
       Chicago, Illinois 60606

            - and -
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
       Four Times Square
       New York, New York 10036

        Attorneys for Delphi Corporation, et al.,
         Debtors and Debtors-in-Possession

3

# <u>SCHEDULE 1</u>

**[Reclamation Claimant]**
**[Contact Information of Reclamation Claimant]**
**[Reclamation Claim Number]**
**[Reclamation Claim Amount]**[2]

---

[2]    The Reclamation Claim Amount may be reduced by payments made by the Debtors subsequent to your entry into or consent to a letter agreement establishing the amount of your Reclamation Claim (subject to the Reserved Defenses), a subsequently filed proof of claim, or for other reasons.