**Hearing Date:  February 7, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re                       :        Chapter 11
:
DELPHI CORPORATION, et al.,    :        Case No. 05-44481 (RDD)
:
            Debtors.   :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 14147 (SPCP GROUP LLC/TEXTRON FASTENING SYSTEMS/GOLDMAN SACHS CREDIT PARTNERS L.P.)

### ("STATEMENT OF DISPUTED ISSUES – SPCP GROUP LLC/TEXTRON FASTENING SYSTEMS/GOLDMAN SACHS CREDIT PARTNERS L.P.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this

Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To

Proof of Claim Number 14147 (the "Proof of Claim") filed by SPCP Group, LLC, as

Assignee of Textron Fastening Systems, Inc. ("Claimant") and subsequently transferred

to Goldman Sachs Credit Partners L.P. ("Transferee," and together with Claimant, the "Claimants") and respectfully represent as follows:

<u>Background</u>

1.      On October 8 and 14, 2005  (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On July 31, 2006, Claimant filed proof of claim number 14147 ("Proof of Claim No. 14147") against DAS LLC.  The Proof of Claim asserts an unsecured non-priority claim in the amount of $5,430,121.66 for goods sold (the "Claim").

3.      On October 11, 2006, Claimant transferred Proof of Claim No. 14147 to Transferee pursuant to a notice of transfer (Docket No. 5271).

4.      On October 26, 2007, the Debtors objected to Proof of Claim No. 14147 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification that are Subject to Prior Orders, and Modified Claims Asserting Reclamation that are Subject to Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

5.      On November 26, 2007, Claimant filed its Response To Debtors' Twenty-Second Omnibus Objection (Docket No. 11083), Response Of Textron Fastening

Systems, Inc. to Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims (B) Equity Claims, (C) Insufficiently Documented Claims (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification that are Subject to Prior Orders, and Modified Claims Asserting Reclamation that are Subject to Prior Orders (the "Response").

<u>Disputed Issues</u>

A.    <u>DAS LLC Does Not Owe Claimant The Amount Asserted In Proof Of Claim Number 14147</u>

6.    Claimant asserts in Proof of Claim No. 14147 that DAS LLC owes Claimant a total of $5,430,121.66 for goods sold.  DAS LLC has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

7.    Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid.  Therefore, these specific invoice payments totaling $504,336.58 should be subtracted from the amount claimed.

8.    The prices detailed on certain of the Claimant's invoices are higher than the prices that are listed in Delphi's purchase orders.  The purchase orders reflect the contractual pricing.  Therefore, $22,714.95 should be subtracted from the amount of the Proof of Claim.

9.    Claimant seeks $30,000.00 in amounts owed based on the sale of goods for which it did not provide proofs of delivery and for which the Debtors have no

proof of receipt of those goods.  Delphi's General Terms And Conditions governing its

dealings with suppliers require that suppliers "promptly forward the original bill of

lading or other shipping receipt with respect to each shipment as Buyer instructs."

Because Claimant has not provided these proofs of delivery, DAS LLC does not have a

record of receiving the goods associated with the following invoices:

| Invoice Number | Invoice Amount |
|---|---|
| 513923 | $67.76 |
| 513924 | $129.04 |
| 523927 | $393.20 |
| 524275 | $3,538.80 |
| 524505 | $2,162.60 |
| 399858 | $195.60 |
| 424358 | $1,520.00 |
| 462088 | $979.42 |
| 463624 | $795.00 |
| 464912 | $2,250.00 |
| 470451 | $877.52 |
| 471596 | $5,000.00 |
| 471597 | $5,000.00 |
| 391820 | $1,354.25 |
| 394728 | $500.00 |
| 40440364 | $359.61 |
| 421231 | $129.13 |

| | |
|---|---|
| 418061 | $414.00 |
| 430075 | $106.36 |
| 430952 | $129.13 |
| 432225 | $65.58 |
| 432355 | $129.13 |
| 435263 | $129.13 |
| 436895 | $661.20 |
| 443789 | $129.13 |
| 454897 | $191.58 |
| 457277 | $308.11 |
| 464899 | $404.74 |
| 479375 | $1,066.45 |
| 481266 | $912.26 |
| 488012 | $101.27 |
| TOTAL: | $30,000.00 |

Therefore, the $30,000.00 asserted with respect to the aforementioned Invoice Numbers should not be included in the claim.

10.     The Proof of Claim includes invoices for materials that were returned by the Debtors in the ordinary course of business. Therefore, $50,512.05 should be subtracted from the amount claimed.

11.     The Proof of Claim includes invoices in the aggregate amount of $306,460.18 for material surcharge discrepancies and other items that the Debtors cannot verify.  Therefore, $306,460.18 should be subtracted from the amount claimed.

5

12.    Claimant seeks $17,153.27 in amounts owed by Delphi's Oshawa facilities.  Oshawa is a Canadian entity that is not one of the Debtors in the above-captioned Chapter 11 cases.  Therefore, $17,153.27 cannot be claimed against the Debtors and that amount should be subtracted from the amount claimed.

13.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $5,430,121.66 |
|---|---|---|
| Modifications | Paid Invoices | $504,336.58 |
| | Price Discrepancies | $22,714.95 |
| | Invoices Without Proof of Delivery | $30,000.00 |
| | Rejected Materials | $50,512.05 |
| | Unverified Invoices | $306,460.18 |
| | Asserted Against Non-Debtor Entity | $17,153.27 |
| Reconciled Amount | | $4,498,944.63 |

14.    Debtors do not dispute that the remaining $4,498,944.63 of Proof of Claim No. 14147 should be allowed as an unsecured non-priority claim against DAS LLC.

## Reservation Of Rights

15.    This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures

6

Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) allowing Proof of Claim No. 14147 in the amount of $4,498,944.63 as a general unsecured non-priority claim against the estate of DAS LLC, and (c) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
        December 12, 2007

DELPHI CORPORATION, et al.
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

7