# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
:
In re                         :    Chapter 11
:
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
:
            Debtors.          :    (Jointly Administered)
:
------------------------------x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF CANTOR COLBURN LLP
AS PATENT COUNSEL TO DEBTORS

("CANTOR COLBURN LLP RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Cantor Colburn LLP ("CCLLP") as patent counsel to the Debtors; and upon the Affidavit of Philmore H. Colburn, Esq., sworn to December 6, 2005, in support of the Application (the "Colburn Affidavit"); and this Court being satisfied with the representations made in the Application and the Colburn Affidavit that CCLLP does not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which CCLLP is to be employed, and that CCLLP"s employment is necessary and would be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2. The Debtors' employment of CCLLP as their patent counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the date of the Application.

3. CCLLP shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court. Without limiting the foregoing, CCLLP shall make reasonable efforts to ensure that the Debtors' estates are not charged for any duplication of work with the other professionals retained in these cases.

4. Any party-in-interest shall have the right to raise the issue of the application of CCLLP's postpetition fees and expenses incurred at any time.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:  New York, New York
        January 3, 2006

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

2