**Hearing Date: February 7, 2008**
                                                          **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Lara Sheikh (LS-0879)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                     :

          In re                                  :         Chapter 11
                                                     :
DELPHI CORPORATION, <u>et al.</u>,      :         Case No. 05-44481 (RDD)
                                                     :
                              Debtors.    :         (Jointly Administered)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF CLAIM NUMBER 14134
<u>(SPCP GROUP, L.L.C. AS ASSIGNEE OF KEY PLASTICS LLC)</u>**

("STATEMENT OF DISPUTED ISSUES – SPCP GROUP, L.L.C.
AS ASSIGNEE OF KEY PLASTICS LLC")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 14134 (the "Proof Of Claim") asserted by SPCP Group, L.L.C., as Assignee of Key Plastics LLC ("Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, Claimant filed proof of claim number 14134 ("Proof Of Claim No. 14134") against DAS LLC. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $511,656.31 for goods sold and delivered (the "Claim").

3. Claimant has also asserted a reclamation claim on account of a portion of the Claim.

4. On July 13, 2007, the Debtors objected to Proof of Claim No. 14134 pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

5. The Nineteenth Omnibus Claims Objection seeks to reduce and reclassify Proof of Claim No. 14134 to be allowed: (a) as a general unsecured claim in the amount of $161,030.37 and (b) as a reclamation claim in the amount of $4,011.27.

6. On August 9, 2007, Claimant filed the Response And Objection of SPCP Group, L.L.C. To Debtors' Nineteenth Omnibus Objection (Docket No. 8967) (the

"Response").  The Response asserts that Proof of Claim No. 14134 should be allowed as filed.

## Disputed Issues

A.  <u>DAS LLC Does Not Owe Claimant The Amount Asserted In Proof Of Claim Number 14134</u>

7.  Claimant asserts in Proof Of Claim No. 14134 that DAS LLC owes Claimant a total of $511,656.31 as a general unsecured claim.  DAS LLC has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

8.  Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid.  Therefore, $98,843.95 should be subtracted from the amount claimed.

9.  During the weeks before the Petition Date, Delphi implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services.  As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System).  The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records.  Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions.  The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time.  In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the

invoices came due.  Here, the Debtors made several wire payments in the total amount of $268,012.36 that were not accounted for in the Proof of Claim.  Therefore $268,012.36 should be subtracted from the amount claimed.

        10.       The prices detailed on certain purchase orders are lower than the prices detailed on the Claimant's invoices.  The purchase orders reflect the contractual pricing.  Therefore, $12,905.13 should be subtracted from the amount of the Proof of Claim.

        11.       Invoice Nos. 20051228, 20051253, 20051346, 20051367 and 20051490 were calculated by Claimant using a monetary exchange rate from Euros to Dollars other than the rate in effect on the Petition Date.  Therefore, $4,852.85 should be subtracted from the amount claimed.

        12.       The Debtors' reconciliation of Proof of Claim No. 14134 includes an increase in the claim in the amount of $52,000.00, which amount was not reflected on the Debtors' schedules of liabilities, but is reflected in the Debtors' account payable system as owing to Claimant on account of an obligation arising on or about September 15, 2005.

        13.       SPCP Group, L.L.C., As Assignee of Key Plastics LLC claimed $14,000.38 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries and the Debtors do not have proofs of delivery for those goods.  Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  See General Terms And Conditions at 2.1.  Because Claimant has not provided these proofs of delivery, DAS LLC does not

4

have a record of receiving the goods associated with Invoice No. 157518, 158556 and 158690, and therefore the $14,000.38 asserted with respect to Invoice No. 157518, 158556 and 158690 should not be included in the claim.

        14.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | **$511,656.31** |
|---|---|---|
| <u>Modifications</u> | Paid Invoices | ($98,843.95) |
| | Pre-petition Over Payments | ($268,012.36) |
| | Price Discrepancies | ($12,905.13) |
| | Exchange Rate Conversion | ($4,852.85) |
| | Amount to be Added to Schedules of Liabilities | $52,000.00 |
| | Invoices Without Proofs Of Delivery | ($14,000.38) |
| <u>Reconciled Amount</u> | | $165,041.64 |

        15.    Debtors do not dispute that the remaining $165,041.64 of Proof Of Claim No. 14134 should be allowed: (a) $161,030.37 as an unsecured non-priority claim, and (b) $4,011.27 as a reclamation claim against DAS LLC.

<u>Reservation Of Rights</u>

        16.    This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

5

Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim No. 14134 in the amount of $165,041.64 as a general unsecured non-priority claim for $161,030.37 and as a reclamation claim for $4,011.27 against the estate of DAS LLC, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 12, 2007

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000