Hearing Date: February 7, 2008
Hearing Time: 10:00 a.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
   In re                      :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
              Debtors.        :    (Jointly Administered)
                              :
------------------------------x

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 6956 (JPMORGAN CHASE BANK, N.A., AS ASSIGNEE OF THE GOODYEAR TIRE & RUBBER COMPANY)**

("STATEMENT OF DISPUTED ISSUES – JPMORGAN CHASE BANK, N.A., AS ASSIGNEE OF THE GOODYEAR TIRE & RUBBER COMPANY")

Delphi Automotive Systems LLC ("DAS LLC") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 6956 (the "Proof Of Claim") filed by The Goodyear Tire & Rubber Company ("Claimant") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On May 26, 2006, Claimant filed proof of claim number 6956 ("Proof Of Claim No. 6956") against DAS LLC. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $1,332.006.89 for goods sold and delivered (the "Claim").

3.      On May 26, 2006, Claimant transferred Proof of Claim No. 6956 to JPMorgan Chase Bank, N.A. pursuant to a notice of transfer (DAS LLC Docket No. 17).

4.      On October 26, 2007, the Debtors objected to Proof of Claim No. 6956 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification that are Subject to Prior Orders, and Modified Claims Asserting Reclamation that are Subject to Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

5.      On November 20, 2007, Claimant filed the Response of Goodyear Tire & Rubber Company To The Debtors' Twenty-Second Omnibus Objection To Certain Claims Subject To Modification (Docket No. 10999) (the "Response").

Disputed Issues

A.   DAS LLC Does Not Owe Claimant The Amount Asserted In Proof Of Claim Number 6956

6.   Claimant asserts in Proof Of Claim No. 6956 that DAS LLC owes Claimant a total of $1,332.006.89 as a general unsecured claim.  DAS LLC has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

7.   Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid.  Therefore, $18,208.25 should be subtracted from the amount claimed.

8.   The prices detailed on certain purchase orders are lower than the price detailed on the Claimant's invoices.  The purchase orders reflect the contractual pricing.  Furthermore, Claimant's Proof Claim failed to recognize charges that Delphi disputed and debit memos that were issued for Claimant's account.  Consequently, $41,642.45 should be subtracted from the amount of the Proof of Claim.

9.   Claimant claimed $46,753.66 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries and for which the Debtors do not have proofs of delivery.  Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  See General Terms And Conditions at 2.1.  Because Claimant has not provided these proofs of delivery, DAS LLC does not have a record of receiving the goods associated with Invoice No. 50044650/644247, 93927491/767360, 93215265/130800, 93215266/130800, 93512004/398595, 93514570/400671, 93515443/401529, 936183368/314753,

3

93659950/528213, 93662602/531722, 93801966/581883, 93818152/626909, 93931564/773384, 93931565/773384, 93931567/773384, 93954429/793297, 93606432/477098, 50038753/93820088, 50038753/93837529, 50038753/93832571, 50038753/93840823, 50038753/93787405, 500358753/93791180, 50038753/93804792, 50038753/93799300, 50038753/93809333, 50044684/93877025, 5044684/93888098, 50044684/93895715, 50044684/93899388, 50050113/747848, 50050113/747848, 50050113/750768, 50050113/750768, 50050113/757133, 50050113/786041, 50050113/759610, 50050113/778870, 50050113/778870, 50050113/778870, 50011111/93464253 and 50061342/867064 (the "Invoices"), and therefore the $46,753.66 asserted with respect to Invoices should not be included in the claim.

10. In addition, the Claim must also be reduced by an additional $5,283.90, due to documentation issues. These issues include price discrepancies, off set of accounts payable and various other deficiencies in the documentation provided by Claimant. Therefore, $5,283.90 should be subtracted from the amount claimed.

11. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | **$1,332,006.89** |
|---|---|---|
| Modifications | Paid Invoices | ($18,208.25) |
| | Price Discrepancies | ($41,642.45) |
| | Proofs of Delivery | ($46,753.66) |
| | Books & Records | ($5,283.90) |
| Reconciled Amount | | $1,220,118.63 |

12.     Debtors do not dispute that the remaining $1,220,118.63 of Proof Of Claim No. 6956 should be allowed against DAS LLC.

<u>Reservation Of Rights</u>

13.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim No. 6956 in the amount of $1,220,118.63 as a general unsecured non-priority claim against the estate of DAS LLC, and (c) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
        December 12, 2007

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000