**Hearing Date: February 7, 2008**
                                                    **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                         :
    In re                                 :        Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,     :        Case No. 05-44481 (RDD)
                                         :
                         Debtors.     :        (Jointly Administered)
                                         :
---------------------------------- x

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
<u>PROOF OF CLAIM NUMBER 2773 (SIEMENS VDO AUTOMOTIVE, INC.)</u>

("STATEMENT OF DISPUTED ISSUES –SIEMENS VDO AUTOMOTIVE, INC.")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 2773 (the "Proof Of Claim") filed by Siemens VDO Automotive, Inc. (the "Claimant" or "Siemens") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On April 26, 2006, Claimant filed proof of claim number 2773 ("Proof Of Claim No. 2773") against "Delphi Corporation, et al." The Proof Of Claim asserts an unsecured non-priority claim in the amount of $2,291,767.58 for the sale of goods and for services performed (the "Claim").

3.      On October 26, 2007, the Debtors objected to Proof of Claim No. 2773 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification that are Subject to Prior Orders, and Modified Claims Asserting Reclamation that are Subject to Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

4.      On November 20, 2007, Claimant filed the Response of Siemens VDO Automotive Canada Inc., f/k/a Siemens VDO Automotive, Inc. to Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate And Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books And Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims

Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification That are Subject to Prior Orders, and Modified Claims Asserting Reclamation That are Subject to Prior Orders (Docket No. 10990) (the "Response").

<u>Disputed Issues</u>

A. <u>Delphi Does Not Owe Claimant The Amount Asserted In Proof Of Claim Number 2773</u>

5. Claimant asserts in Proof Of Claim No. 2773 that Delphi owes Claimant a total of $2,291,767.58 for goods sold and services performed. Delphi has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof Of Claim.

6. Based upon the Debtors' records, Adam Opel GmbH, a European subsidiary of General Motors, paid Siemens VDO Automotive, Inc. €534,118 in early 2004 to resolve any cancellation issues with respect to the Delta 1 Engine Cooling Fan Assembly Program, which is part of the amount sought in Proof Of Claim No. 2773. Therefore, the charges underlying Debit Note # 2045001226 and Debit Note # 2045001227 have been paid, and the related interest charges reflected in Debit Note # 2045001228 are not owing, and $1,911,669.08 should be subtracted from the amount of the claim.

7. The Debtors and Siemens have previously agreed that no cancellation damages are owing to Siemens on account of the GMT370 program. In connection with this program, the Debtors had a change of technical specifications and asked Siemens to provide a price quotation for the revised specifications for motors to be provided by Siemens. When Siemens was unable to offer a competitive bid, the Debtors turned to a supplier in Asia and asked Siemens to provide product on a short-

term basis due to an issue with that supplier which delayed the date when the supplier could start production. Siemens did not dispute the need to switch suppliers and the change of suppliers was conducted in an orderly and businesslike manner.

8. Siemens provided calculations to the Debtors, estimating the amount of cancellation damages that would be owing if the Debtors did not purchase the product needed on a short-term basis. The parties' understanding was that the Debtors would owe Siemens a cancellation charge of $610,000 only if the Debtors stopped buying parts from Siemens prior to the end of a 21 week period. The Debtors and Siemens further agreed that the Debtors would not owe Siemens any cancellation charge if the Debtors ordered product from Siemens for a period longer than the 21 week period contemplated by the graph titled "Cancellation Payment Curve", annexed to Proof of Claim 2773.

9. Ultimately the Debtors ordered from Siemens the product they had committed to buy from Siemens beyond the 21 week period and obtained the balance from their other supplier, as anticipated and as agreed to with Siemens. At a subsequent meeting that took place on or about March 9, 2005, the Debtors and Siemens agreed that no cancellation damages were owing and discussed new opportunities for Siemens with the Debtors. Therefore $302,684.48 should be subtracted from the amount of the claim.

10. The Debtors do not owe Siemens $77,414.02 in connection with the GM562-T part. The Debtors and Siemens entered into a long-term requirements contract for the supply of HVAC blower motors, which lapsed by its own terms. The Debtors subsequently obtained a price/performance extension from Siemens. The Debtors' customer for this product later reduced its volume requirements, causing the

Debtors to have a good faith change of requirements. The Debtors timely notified Siemens of their changed needs, but Siemens, apparently, for its own convenience, had by then ordered product and built product on an expedited basis and ahead of schedule.

11. To accommodate any resulting grievance on Siemens' part, the Debtors asked Siemens to complete the form titled "Delphi Thermal Supplier Cancellation Claim Form PCL 287-1", which is annexed to the Proof of Claim and referred to on page 4 of the Response. The Debtors sought thereby to give Siemens an opportunity to quantify costs associated with the changes to the program. The Debtors concluded then, as they did when reviewing this aspect of Proof of Claim 2773 in connection with the Twenty-Second Omnibus Claims Objection, that because the Debtors timely notified Siemens of their good faith change in requirements, which was caused by its customer's changed requirements, the Debtors are not responsible for $77,414.02. Based on the foregoing, $77,414.02 should be subtracted from the amount of the claim.

12. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $2,291,767.58 |
|---|---|---|
| Modifications[1] | Resolved by Payment from Adam Opel GmbH | $1,911,669.08 |
| | No Cancellation Damages Owed | $302,684.48 |
| | Timely Notification of Changed Needs | $77,414.02 |
| Reconciled Amount | | $0 |

13.     Debtors dispute the entire $2,291,767.58 of Proof Of Claim No. 2773. Therefore, Proof Of Claim No. 2773 should be expunged.

Reservation Of Rights

14.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

---

[1] Figures based upon Claimant's currency conversion rates.  The Debtors reserve all of their rights regarding such rates.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) expunging Proof Of Claim No. 2773, and (c) granting the Debtors such other and further relief as is just.

| | |
|---|---|
| Dated: New York, New York<br>December 12, 2007 | DELPHI COPORATION, et al.<br>By their attorneys,<br>TOGUT, SEGAL & SEGAL LLP<br>By:<br><br>/s/ Neil Berger<br>NEIL BERGER (NB-3599)<br>A Member of the Firm<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 |