**Hearing Date: February 8, 2008**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :
                                                             :    Chapter 11
DELPHI CORPORATION, *et al.*,                                :    Case No. 05-44481 [RDD]
                                                             :
                              Debtors.                       :    Jointly Administered
                                                             :
-------------------------------------------------------------x

# DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 11743 (TI GROUP AUTOMOTIVE SYSTEMS, LLC)

("STATEMENT OF DISPUTED ISSUES –TI GROUP AUTOMOTIVE SYSTEMS, LLC")

Delphi Automotive Systems LLC ("DAS LLC") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 11743 (the "Proof Of Claim") filed by TI Group Automotive Systems, LLC ("Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 27, 2006, Claimant filed proof of claim number 11743 ("Proof Of Claim No. 11743") against DAS LLC for goods sold and services performed. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $1,777,501.48 (the "Claim").

3. On August 14, 2006, Claimant transferred Proof of Claim No. 11743 to APS Clearing, Inc. pursuant to a notice of transfer (Docket No. 4900). Subsequently, on August 14, 2006, APS Clearing, Inc., transferred Proof of Claim 11743 to JPMorgan Chase Bank, N.A., pursuant to a notice of transfer (Docket No. 4901).

4. On November 15, 2006, the Debtors objected to Proof of Claim No. 11743 pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452).

5. On May 10, 2007, the Debtors objected to Proof of Claim No. 11743 pursuant to Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E)

Untimely Claims And Untimely Tax Claims, and (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825).

6. On October 29, 2007, the Debtors objected to Proof of Claim No. 11743 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738).

7. On November 20, 2007, Claimant filed its Response Of TI Group Automotive Systems, LLC To Debtors' Twenty-Second Omnibus Objection To Claims. (Docket No. 11000).

Disputed Issues

A. <u>DAS, LLC Does Not Owe Claimant The Amount Asserted In Proof Of Claim Number 11743</u>

8. Claimant asserts in Proof Of Claim No. 13183 that DAS LLC owes Claimant a total of $1,777,501.48 for goods sold and services provided. DAS LLC has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

9. On or about November 5, 2005, Claimant sought to exercise its rights of setoff with respect to amounts owing to DAS LLC (the "Setoff"). On or about May 1, 2006, DAS LLC and the Claimant resolved the Setoff through a stipulation (the

"Stipulation") that authorized the exercise of the Setoff in the amount of $3,612,439. The Stipulation further set a range for the Claim based upon the reconciliation of the Claim to date. Because the reconciliation of the Claim as of the date of the Stipulation indicated that the Claim would be no lower than $1,294,581.00, the Stipulation provides that the Claim may be allowed in an amount no greater than $1,777,501.48 and no lower than $1,294,581.00. The Stipulation contemplated that Claimant would provide proofs of delivery and invoices to establish its Claim in any amount greater than $1,294,581.00.

10. Since then, Claimant has asserted that it is owed $1,777,501.48, $632,080.72 of which is based on the sale of goods for which Claimant did not provide proofs of deliveries. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions at 2.1. Because Claimant has not provided these proofs of delivery, DAS LLC does not have a record of receiving the goods and therefore the Claim should be allowed in the minimum amount of $1,294,581.

Reservation Of Rights

11. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the

Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim No. 11743 in the amount of $1,294,581 as a general unsecured non-priority claim against the estate of DAS LLC, and (b) granting the Debtors such other and further relief as is just.

Dated:  New York, New York  
        December 12, 2007

DELPHI CORPORATION, *et al.*  
By their attorneys,  
TOGUT, SEGAL & SEGAL LLP  
By:

/s/ Neil Berger  
NEIL BERGER (NB-3599)  
A Member of the Firm  
One Penn Plaza  
New York, New York 10119  
(212) 594-5000