SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
: 
In re  :  Chapter 11
: 
DELPHI CORPORATION, et al.,  :  Case No. 05–44481 (RDD)
: 
Debtors.  :  (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING
PROOFS OF CLAIM NUMBERS 2023, 6321, 8341, 8787, 9794, 9952, AND 12698
<u>(CONTRARIAN FUNDS LLC)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronic Systems, Inc. ("Mechatronic"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Contrarian Funds LLC ("Contrarian") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 2023, 6321, 8341, 8787, 9794, 9952, And 12698 (Contrarian Funds LLC) and agree and state as follows:

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on February 14, 2006, Wisconsin Oven Corporation ("Wisconsin Oven") filed proof of claim number 2023 against Delphi, asserting an unsecured non-priority claim in the amount of $57,085.20 ("Claim 2023") arising from the sale of goods.

WHEREAS on May 19, 2006, SSOE, Inc. ("SSOE") filed proof of claim number 6321 against Delphi, asserting an unsecured non-priority claim in the amount of $31,991.00 ("Claim 6321") arising from the sale of goods.

WHEREAS on June 16, 2006, Triumph LLC ("Triumph") assigned its interest to Contrarian pursuant to a Notice of Transfer (Docket No. 4247).

WHEREAS on June 22, 2006, Twoson Tool Company ("Twoson") filed proof of claim number 8341 against Mechatronic, asserting an unsecured non-priority claim in the amount of $15,840.26 ("Claim 8341") arising from the sale of goods and services.

WHEREAS on June 30, 2006, Master Tool And Die, Inc. ("Master Tool") filed

2

proof of claim number 8787 against DAS LLC, asserting an unsecured non-priority claim in the amount of $99,659.90 ("Claim 8787") arising from the sale of goods.

WHEREAS on July 18, 2006, Contrarian, as assignee of Triumph LLC filed proof of claim number 9794 against DAS LLC, asserting an unsecured non-priority claim in the amount of $84,265.84 ("Claim 9794") arising from the sale of goods to DAS LLC.

WHEREAS on July 19, 2006, Ferro Electronic Materials ("Ferro") filed proof of claim number 9952 against Delphi, asserting an unsecured non-priority claim in the amount of $70,551.74 ("Claim 9952") arising from the sale of goods.

WHEREAS on July 28, 2006, Contrarian, as assignee of Trelleborg Prodyn, Inc. filed proof of claim number 12698 against DAS LLC, asserting an unsecured non-priority claim in the amount of $181,840.88 ("Claim 12698," and together with Claims 2023, 8341, 8787, and 9952, 9794, the "Claims") arising from the sale of goods.

WHEREAS on January 12, 2007, Wisconsin Oven assigned its interest in Claim 2023 to Contrarian pursuant to a Notice of Transfer (Docket No. 6586).

WHEREAS on January 12, 2007, Ferro assigned its interest in Claim 9952 to Contrarian pursuant to a Notice of Transfer (Docket No. 6587).

WHEREAS on January 17, 2007, Master Tool assigned its interest in Claim 8787 to Contrarian pursuant to a Notice of Transfer (Docket No. 6627).

WHEREAS on February 15, 2007, the Debtors objected to Claims 8341 and 9794 pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 9698) (the "Ninth Omnibus Claims Objection"), and on

3

March 16, 2007, the Debtors objected to Claims 2023, 6321, 8787, 9952, and 12698 pursuant to the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301) (the "Eleventh Omnibus Claims Objection").

        WHEREAS on March 15, 2007, Twoson assigned its interest in Claim 8341 to Contrarian pursuant to a Notice of Transfer (Docket No. 7268).

        WHEREAS on March 15, 2007 Contrarian filed its Response To Debtors' Eighth And Ninth Omnibus Claims Objections (Docket No. 7276), and on April 13, 2007 Contrarian filed its Response To Debtors' Tenth and Eleventh Omnibus Claims Objections (Docket No. 7672) (together, the "Responses").

        WHEREAS on March 20, 2007, SSOE assigned its interest in Claim 6321 to Contrarian pursuant to a Notice of Transfer (Docket No. 7353).

        WHEREAS on December 4, 2007, to resolve the Ninth and Eleventh Omnibus Claims Objections with respect to the Claims, DAS LLC, Mechatronic, and Contrarian entered into a settlement agreement (the "Settlement Agreement").

        WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 2023 shall be allowed against DAS LLC in the amount of $39,690.90.

        WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 6321 shall be allowed against DAS LLC in the amount of $25,416.00.

        WHEREAS pursuant to the Settlement Agreement, Mechatronic acknowledges and agrees that Claim 8341 shall be allowed against Mechatronic in the amount of $14,280.26.

        WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and

agrees that Claim 8787 shall be allowed against DAS LLC in the amount of $98,184.90.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9794 shall be allowed against DAS LLC in the amount of $84,265.84.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9952 shall be allowed against DAS LLC in the amount of $70,551.73.

WHEREAS pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 12698 shall be allowed against DAS LLC in the amount of $173,462.90.

WHEREAS, nothing in this Stipulation and Order, including without limitation the recital paragraphs hereof, shall be deemed to conclusively determine that any transfer of any of the Claims constitutes a sale to Contrarian or constitutes an assignment to Contrarian. Notwithstanding anything in this Stipulation and Order to the contrary including, without limitation, the recital paragraphs hereof, Contrarian expressly reserves the right to characterize any transfer of any of the Claims as a sale to Contrarian or to characterize any transfer of any of the Claims as an assignment to Contrarian and the Debtors expressly reserve the right to contest the same.

WHEREAS DAS LLC and Mechatronic are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

THEREFORE, the Debtors and Contrarian stipulate and agree as follows:

1. Claim 2023 shall be allowed in the amount of $39,690.90 and shall be

5

treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    2.    Claim 6321 shall be allowed in the amount of $25,416.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    3.    Claim 8341 shall be allowed in the amount of $14,280.26 and shall be treated as an allowed general unsecured non-priority claim against the estate of Mechatronic.

    4.    Claim 8787 shall be allowed in the amount of $98,184.90 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    5.    Claim 9794 shall be allowed in the amount of $84,265.84 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    6.    Claim 9952 shall be allowed in the amount of $70,551.73 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    7.    Claim 12698 shall be allowed in the amount of $173,462.90 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    8.    The Ninth and Eleventh Omnibus Claims Objections and the Responses to the Ninth and Eleventh Omnibus Claims Objections are deemed resolved with respect to the Claims.

So Ordered in New York, New York, this <u>12th</u> day of December, 2007

           /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John Wm. Butler, Jr. | /s/ Daniel A. Fliman |
| John Wm. Butler, Jr. | David S. Rosner |
| John K. Lyons | Adam L. Shiff |
| Ron E. Meisler | Jeffrey R. Gleit |
| SKADDEN, ARPS, SLATE, MEAGHER | Daniel A. Fliman |
|   & FLOM LLP | KASOWITZ, BENSON, TORRES & |
| 333 West Wacker Drive, Suite 2100 | FRIEDMAN LLP |
| Chicago, Illinois  60606-1285 | 1633 Broadway |
| (312) 407-0700 | New York, New York 10019 |
| | (212) 506-1700 |
| | |
| | Attorneys for Contrarian Funds, LLC |

      - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession