Hearing Date: December 20, 2007 at 10:00 a.m. (Eastern)
Response Date and Time: December 13, 2007 at 4:00 p.m. (Eastern)

W. Robinson Beard (Ky. Bar No. 03960)
STITES & HARBISON PLLC
400 W. Market Street
Louisville, Kentucky 40202

Telephone: (502) 587-3400
Facsimile: (502) 587-6391

Attorneys for Ambrake Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Delphi Corporation et al., | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**RESPONSE OF AMBRAKE CORPORATION TO**
**DEBTORS' TWENTY-THIRD OMNIBUS CLAIMS OBJECTION**

Ambrake Corporation ("Ambrake"), by its attorneys, Stites and Harbison PLLC, files this response (the "Response") to the Debtors' Twenty-Third Omnibus Claims Objection Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 to (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claim Not Reflected on Debtors' Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order dated November 19, 2007 (the "Twenty-Third Omnibus Objection"). In support of this Response, Ambrake respectfully states as follows:

653174:1:LOUISVILLE

1.      Delphi Corporation, et al. (the "Debtors") filed their voluntary bankruptcy petitions on and as of October 8, 2005 (the "Petition Date"). The Debtors continued to operate their businesses and manage their affairs as debtors-in-possession following the Petition Date pursuant to Chapter 11 of the Bankruptcy Code.

2.      This Court set July 31, 2006 (the "Bar Date"), as the date for general unsecured creditors to file proofs of claim against the Debtors.

3.      On or about May 25, 2006, Ambrake timely filed its Proof of Claim, designated by the Debtors as Claim No. 6844 (the "Claim"), in the amount of $2,773,276. A copy of the Claim as filed is attached hereto and incorporated herein as <u>Exhibit A</u>.

4.      Ambrake transferred the Claim to Merrill Lynch Credit Products, LLC, as evidenced by the Notice Regarding Transfer Of Claim Nos. 2430 and 2429 As Amended By Claim Nos. 6843 and 6844 Pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2), attached hereto and incorporated herein as <u>Exhibit B</u>. Ambrake has been advised by Merrill Lynch Credit Products, LLC that is has assigned the claim to Special Situations Investing Group, Inc. Ambrake retained the right to defend any objection to the Claim.

5.      On November 19, 2007, the Debtors filed the Debtors' Twenty-Third Omnibus Objection (Docket No. 10982) in which the Debtors objected to the Claim on the grounds that the asserted amount or classification should be modified (the "Proposed Modification").

<b><u>AMBRAKE'S RESPONSE</u></b>

6.      Ambrake prepared and filed the Claim in accordance with the applicable provisions of 11 U.S.C. §502(a), Rules 3001, 3002 and 3003 of the Federal Rules of Bankruptcy Procedure (in effect as of the Petition Date) prior to the Bar Date and in accordance with Official

Form 10.  In accordance with item 7 of Official Form 10, Ambrake attached supporting documents to the Claim.

7. A proof of claim which has been prepared and filed in accordance with the Rules is *prima facie* evidence of the validity of the amount of the claim.  <u>In re Reilly</u>, 245 B.R. 768, 773 (2d. Cir. B.A.P. 2000); Fed.R.Bankr. P. 3001(f).

8. Once the claimant has established its *prima facie* case, "the burden of going forward then shifts to the debtor to provide evidence sufficient to negate the *prima facie* validity of the filed claim." <u>In re Make Meat Corp.</u>, 1999 U.S. Dist. LEXIS 3974 (S.D.N.Y.)(internal citations omitted).  To overcome this *prima facie* evidence, the debtor must introduce evidence equal in force to the underlying proof of claim.  <u>Carey v. Ernst</u>, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005); 5 King, <u>Collier on Bankruptcy</u> ¶502.2 (15th ed. 2007) ("Should objection be taken, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegation in the Proof of Claim").

9. Therefore, once a claim is filed, the trustee or the debtor-in-possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence.  <u>See In re Kahn</u>, 114 B.R. 40, 44 (Bankr. S.D.N.Y) (citing <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-174 (3rd Cir. 1992), for the proposition that the party objecting to a proof of claim has the burden of coming forward with sufficient evidence rebutting the validity of a properly filed proof of claim).  Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity.  <u>In re White</u>, 168 B.R. 825, 829 (Bankr. D. Conn. 1994).

10. The Debtors' Twenty-Third Claims Objection sets forth no evidence to disprove the asserted amount of the Claim.  The Debtors' Twenty-Third Claims Objection sets forth no legal basis for the Proposed Modification of the Claim.  The Debtors merely assert that the

asserted amount of the Claim should be modified, but they do nothing to address the evidence of the Claim as attached to the Claim itself.

11. Therefore, the Debtors' Proposed Modification fails to overcome the *prima facie* validity of the Claim as filed as required by Bankruptcy Rule 3001.

12. Nevertheless, in an effort to resolve this matter, Ambrake will consent to the Debtors' Proposed Modification of the Claim so long as the Claim, as modified by the Debtors' Proposed Modification, is ordered by the Court to be a final, allowed claim against the Debtors that is not subject to any further objection by the Debtors or any other party.

13. The address to which the Debtors must return any reply to the Response, if different from the addresses presented in the Claim, is:

> W. Robinson Beard
> Stites & Harbison, PLLC
> 400 W. Market Street
> Louisville, Kentucky 40202

**WHEREFORE,** Ambrake respectfully requests that this Court deny the Twenty-Third Claims Objection as it pertains to the Claim and order the Claim, as modified by the Debtors' Proposed Modification, allowed and final, and provide such further relief as is just and proper.

Respectfully submitted,

/s/ W. Robinson Beard
W. Robinson Beard (Ky. Bar No. 03960)
*Admitted Pro Hac Vice*
Stites & Harbison, PLLC
400 West Market Street
Louisville, Kentucky 40202
(502) 587-3400
(502) 587-6391 facsimile
loucourtsum@stites.com
Counsel for Ambrake Corporation

## CERTIFICATE OF SERVICE

    I, W. Robinson Beard, certify that the foregoing Response was served via electronic mail and/or United States mail, postage prepaid, and/or by overnight delivery to the parties listed on the following service list this the 12th day of December, 2007.

| | |
|---|---|
| Delphi Corporation<br>5725 Delphi Drive<br>Troy, MI 48098<br>Attention: General Counsel | Skadden, Arps, Slate, Meagher and<br>Flom LLP<br>333 W. Wacker Dr. Ste. 2100<br>Chicago, ILL 60606<br>Attention: John Wm. Butler, Jr.<br>           John K. Lyons<br>           Joseph N. Wharton |
| Latham & Watkins LLP<br>885 Third Avenue<br>New York, New York 10022<br>Attention: Robert Rosenberg<br>          Mark A. Broude | Fried, Frank, Harris, Shriver &<br>Jaconbson LLP<br>One New York Plaza<br>New York, New York 10004<br>Attention: Bonnie Steingart |
| Office of the United States Trustee<br>For the Southern District of<br>New York<br>33 Whitehall Street Ste. 2100<br>New York, New York 10004<br>Attention: Alicia M. Leonhard | Honorable Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court for<br>the Southern District of New York<br>One Bowling Green, Room 632<br>New York, New York 10004 |

                                            /s/ W. Robinson Beard
                                            W. Robinson Beard