**MORITT HOCK HAMROFF & HOROWITZ LLP**
400 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 873-2000
LESLIE A. BERKOFF (LB-4584)
**LBERKOFF@MORITTHOCK.COM**

AND

**HAHN LOESER + PARKS LLP**
200 PUBLIC SQUARE, SUITE 3300
CLEVELAND, OH 44114-2301
(216) 621-0150
DANIEL A. DEMARCO (OHIO ID #0038920)
**DADEMARCO@HAHNLAW.COM**
ROCCO I. DEBITETTO (OHIO ID #0073878)
**RIDEBITETTO@HAHNLAW.COM**

*ATTORNEYS FOR ROBIN MEXICANA S DE RL DE CV*

HEARING DATE AND TIME: DECEMBER 20, 2007, 10:00 AM

RESPONSE DATE AND TIME: DECEMBER 13, 2007, 4:00 PM

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DELPHI CORPORATION**, *et al.*, | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | |
| Debtors. | : | Jointly Administered |

-----------------------------------------------------------x

**RESPONSE OF ROBIN MEXICANA S DE RL DE CV TO THE DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE CLAIM, (B) CERTAIN EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIM, (D) CERTAIN CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, AND (E) CERTAIN CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER, AND MODIFIED CLAIM ASSERTING RECLAMATION THAT IS SUBJECT TO PRIOR ORDER [DOCKET NO. 10982]**

CLE - 1042408.2

Robin Mexicana S de RL de CV ("Robin Mexicana"), by and through its undersigned counsel, hereby responds (the "Response") to the November 19, 2007, *Debtors' Twenty-Third Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected on Debtors' Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order* [Docket No. 10982] (the "Claim Objection")[1], respectfully stating as follows:

## BACKGROUND

1.  On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (together with all other debtors and debtors-in-possession in the above captioned, jointly administered case, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as then amended, the "Bankruptcy Code").

*The Reclamation Claim*

2.  On July 31, 2006, Robin Mexicana timely filed a proof of claim (the "Reclamation Claim") in the Debtors' bankruptcy case, asserting Robin Mexicana's right to payment for goods (generally consisting of various rubber molded products) and related services provided to one or more of the Debtors prior to the applicable petition date.[2] The Reclamation Claim may be summarized as follows:

---

[1] Unless otherwise defined or stated herein, all capitalized terms used herein shall have the meanings ascribed to them in the Claim Objection.

[2] Subsequent to the filing of the Reclamation Claim, Robin Mexicana transferred the Reclamation Claim to SPCP Group, L.L.C. as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "Sliverpoint"). In accordance with the agreements transferring the Reclamation Claim, Silverpoint and Robin Mexicana agreed that Robin Mexicana will prosecute this Response and otherwise defend against the Claim Objection.

CLE - 1042408.2                    2

| **Claimant** | **Claim No.** | **Secured Component** | **Unsecured Component** | **Total**[3] |
|:---:|:---:|:---:|:---:|:---:|
| Robin Mexicana | 14270 | $47,982.69 | $796,850.71 | $844,833.30 |

Hereinafter, the secured component of the Reclamation Claim is referred to as the "Secured Component" and the unsecured component of the Reclamation Claim is referred to as the "Unsecured Component."

*The Claim Objection*

3. Pursuant to the Claim Objection, the Debtors seek (a) to reclassify the Secured Component of the Reclamation Claim to an unspecified priority; and (b) to modify the amount of the Unsecured Component of the Reclamation Claim. (Claim Objection, ¶¶ 49-52; Ex. E-2.)

**LAW AND ARGUMENT**

*The Debtors Failed to Rebut the Prima Facie Validity of the Reclamation Claim*

4. The Reclamation Claim is *prima facie* evidence of its validity and amount. Fed. R. Bankr. P. 3001(f) (providing that "[a] proof of claim executed and filed in accordance with th[e] [Bankruptcy] [R]ules shall constitute prima facie evidence of the validity and amount of the claim"); *see also In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994). The Debtors, as the objecting parties, bear the burden of introducing sufficient evidence to rebut this presumption. *See Primavera Familienstiftung v. Askin,* 130 F.Supp.2d 450, 540 (S.D.N.Y. 2001); *In re Woodmere Invs. Ltd. P'ship*, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995); *In re Frederes*, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989); *In re St. Johnsbury Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997).[4] Such evidence must sufficiently demonstrate a true dispute and have probative force equal to the contents of the Reclamation Claim. COLLIER ON

---

[3] The Reclamation Claim set forth herein is not less than the stated amount.

BANKRUPTCY, ¶ 3001.09[2] (15th ed. 2004) (evidence necessary to rebut the presumption of validity "must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim.") (citing *In re Wells*, 51 B.R. 563 (D. Colo. 1985)); *see also In re Premo,* 116 B.R. 515, 518 (Bankr. E.D. Mich. 1990); *In re Unimet Corp.*, 74 B.R. 156, 165 (Bankr. N.D. Ohio 1987).  Bare allegations that a claim should not be allowed fail to satisfy an objecting party's burden of going forward on a claim objection.  *See, e.g., In re Cluff*, 313 B.R. 323, 337 fn. 47 (Bankr. D. Utah 2004), *aff'd* 2006 U.S. Dist. LEXIS 71904 (D. Utah 2006) (stating that "a bare statement that there is a lack of documentation is insufficient as a matter of evidentiary burden to destroy the presumption [of validity established pursuant to Rule 3001(f)]" when overruling multiple claim objections).  If the Debtors meet the burden of going forward with the Claim Objection, then the ultimate burden of proof rests with the party that would bear such burden pursuant to applicable non-bankruptcy law.  *See* Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 21 (2000) ("the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it.").

5.    The Claim Objection fails to rebut the presumed validity and amount of the Reclamation Claim.  With respect to the Secured Component, the Debtors request a reclassification of the same from secured status to an unspecified "priority," but altogether fail to articulate any rationale for the request. (Claim Objection, ¶¶ 49-52; *infra*.)  With respect to the Unsecured Component, the Debtors request a modification of such amount based merely on generic, unsubstantiated statements that they determined the Unsecured Component to be overstated. (*Id.* at ¶ 49.)  The Debtors' "take-our-word-for-it" approach, void of any supporting evidence, does not and cannot rebut the presumptions afforded to the Reclamation Claim.

---

[4] Even if an entire claim is not found to be *prima facie* valid, then a creditor nevertheless has the opportunity to prove the existence and amount of a claim.  *See In re Cluff*, 313 B.R. 323, 337-38 (Bankr. D. Utah 2004), *aff'd* 2006 U.S. Dist. LEXIS 71904 (D. Utah 2006).

Accordingly, the Claim Objection should be overruled and the Reclamation Claim should be allowed in its entirety as filed.[5]

*The Reclamation Claim Should be Allowed in its Entirety as Filed*

6.  Insofar as the Claim Objection pertains to the Reclamation Claim, the Debtors (a) seek to reclassify the Secured Component thereof; and (b) seek to modify the amount of the Unsecured Component thereof. (Claim Objection, ¶¶ 42-52; Ex. E-2.) Each request is addressed, in turn, below.

Secured Component

7.  Based on a review of Objection Exhibit E-2, the Debtors do not dispute the amount and validity of the Secured Component of the Reclamation Claim. (Claim Objection, ¶ 49; Ex. E-2.) The Debtors instead request the Court to reclassify the Secured Component from secured status to an unspecified "priority." (*Id.*, ¶¶ 49-52; Ex. E-2.) The Debtors' request should be denied for at least three reasons:

8.  First, the Secured Component is entitled to secured status because the goods subject to the corresponding reclamation demand(s) have not been returned to Robin Mexicana.[6] 11 U.S.C. § 546(c)(2)(B) (providing that the Court "may deny reclamation to a seller with such a right of reclamation that has made such a demand *only if the court . . . secured such claim by a lien.*") (emphasis added). The Secured Component of the Reclamation Claim merely encompasses that to which Robin Mexicana is undoubtedly entitled under the Bankruptcy Code.

9.  Second, the Debtors fail to articulate the exact "priority" to which they propose to reclassify the Secured Component. Robin Mexicana, therefore, is unable to evaluate the Claim Objection absent greater detail on this point and the Claim Objection should be overruled unless

---

[5] Although it is unnecessary to do so in view of the Debtors' failure to carry their burden of going forward with the Claim Objection altogether, Robin Mexicana nevertheless addresses the balance of the Claim Objection, insofar as it pertains to the Reclamation Claim, in an abundance of caution.

and until it is appropriately clarified by the Debtors. To the extent that there is any reclassification of the Secured Component, which clearly is improper, the priority nevertheless should be that afforded to administrative expense claims. 11 U.S.C. §§ 546(c)(2)(A) (providing "the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court[,] [as an alternative to a secured claim] . . . grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title") & 503(b) (administrative expense claims).

10. Finally, *assuming* that the Debtors articulated a basis to reclassify the Secured Component sufficient to rebut the presumptions afforded to the Reclamation Claim, see *supra*; and *assuming further* that the Debtors specified the appropriate administrative priority, see 11 U.S.C. §§ 546(c)(2)(A) & 503(b), the Claim Objection *still* should be overruled because the Court has not confirmed a reorganization plan guaranteeing payment in full of all allowed administrative priority claims. (Claim Objection, ¶ 3 (stating that no plan of reorganization has been approved by the Court).) Any reclassification of the Secured Component to a priority other than secured is entirely premature and unnecessarily places Robin Mexicana at a risk of non-payment.

11. Robin Mexicana demonstrated a *prima facie* right to allowance and payment in full of the Secured Component *as a secured claim*. The Debtors' unsubstantiated assertions that the Secured Component should be reclassified to an unspecified "priority" are manifestly insufficient to change this result. The Claim Objection, therefore, should be overruled and the Reclamation Claim should be allowed in its entirety as filed.

Reclamation Claim: Unsecured Component

---

[6] Robin Mexicana in no way waives the right to the return of all goods subject to its reclamation demands.

12.     The Debtors seek to modify the Unsecured Component of the Reclamation Claim because such component allegedly "state[s] the incorrect amount or [is] overstated … ." (Objection, ¶ 49.)[7] Bare assertions such as this do not come close to satisfying the Debtors' burden of rebutting the presumptions afforded to the Reclamation Claim, see *supra*, and the Debtors only recently began informal, off-the-record attempts to document its assertions, the sufficiency of which documentation is wholly undetermined.[8] To that end, Robin Mexicana submits that the documentation provided concurrently with the Reclamation Claim, the adequacy and sufficiency of which is undisputed[9], nevertheless supports allowance and payment in full of the Reclamation Claim. Accordingly, the Claim Objection should be overruled and the Reclamation Claim should be allowed in its entirety as filed.

## STATEMENT OF COMPLIANCE WITH CLAIMS OBJECTION PROCEDURES ORDER

13.     Robin Mexicana states that this Response complies with the Claims Objection Procedures Order[10] in that it (a) is in writing; (b) conforms to the Federal Rules of Bankruptcy Procedure, Local Rules for the Southern District of New York, and the Amended Eighth

---

[7] Based on a review of Exhibit E-2, the Debtors (a) do not dispute that the Reclamation Claim was filed against the appropriate Debtor; and (b) do not contend that the Reclamation Claim is an "invalid, unliquidated claim[ ]." (Claim Objection, ¶ 49 & Ex. E-2.) Further, the Debtors do not raise similar arguments raised with respect to the claims listed on Exhibit E-1 (payment, credit modifying claim amount, non-prepetition liability, *etc*.). (Claim Objection, ¶ 43.) To the extent that the Debtors raise such objections to the Reclamation Claim, Robin Mexicana reserves the right to address them in due course.

[8] Or about November 26, 2007, Robin Mexicana requested that the Debtors provide documentation supporting the Debtors' assertions that the Reclamation Claim amount should be modified pursuant to the Claim Objection. The Debtors responded to this request by providing documentation on December 12, 2007. Robin Mexicana is undertaking all reasonable efforts to reconcile such documentation with its own books and records; intends to modify this response to the extent necessary or proper, based on such reconciliation; and reserves the right to request such other and further documentation from the Debtors as Robin Mexicana deems necessary or proper.

[9] Claims (of other creditors) that are subject to objections based on the alleged inadequacy or insufficiency of documentation are set forth in Exhibit C to the Claim Objection. The Reclamation Claim is not among such claims. To the extent that the Debtors contest the adequacy or sufficiency of the documentation of the Reclamation Claim, Robin Mexicana reserves it right to supplement the same. *See In re Armstrong*, 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005) (claimants are allowed to submit support materials with its proof of claim, along with summaries to detail the charges owed by the debtor).

[10] "Claims Objection Procedures Order" means and refers to the December 7, 2006, *Order Pursuant To 11 U.S.C. Sections 502(b) and 502(c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I)*

Supplemental Case Management Order (as defined in the Claims Objection Procedures Order); (c) is filed with the Court in accordance with General Order M-242 (as amended); (d) was or will be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain; (e) was served upon (i) Delphi Corporation; and (ii) counsel to the Debtors at the addressees specified in the Claims Objection Procedures Order; (f) contains the title of the Claim Objection to which this Response is directed; (g) contains the name of the claimant (Robin Mexicana) and a brief description of the basis for the amount of the Reclamation Claim; (h) contains a concise statement setting forth the reasons why the Reclamation Claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific (non-exhaustive) factual and legal bases upon which Robin Mexicana will rely in opposing the Claim Objection; (i) need not be accompanied by further documentation of the Reclamation Claim given that the Reclamation Claim and documentation attached thereto establish a prima facie right to payment and the Debtors otherwise have not disputed the adequacy and sufficiency of such documentation; and (j) states the amount of the Reclamation Claim that Robin Mexicana believes is allowable and payable. (Claims Objection Procedures Order, ¶¶ 2-3.) **Any reply to the Response and all filings or other submissions related to the Reclamation Claim, Claim Objection, and/or Response, should be sent to Robin Mexicana S de RL de CV, Attn: Greg Malafarina, 1265 West 65th Street, Cleveland, Ohio 44102; with contemporaneous copies sent to (i) Daniel A. DeMarco and Rocco I. Debitetto, Hahn Loeser + Parks LLP, 200 Public Square, Suite 3300, Cleveland, Ohio 44114-2301; and (ii) Leslie M. Berkoff, Moritt, Hock, Hamroff & Horowitz LLP, 400 Garden City Plaza, Garden City, New York, 11530.** (Claims Objection Procedures Order, ¶ 3(f).) To the extent that this Response does not confirm to the requirements of the Claims Objection Procedures Order, Robin Mexicana respectfully

---

*Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections*

requests relief from such provisions or, alternatively, a reasonable opportunity to amend this Response in order to conform to the same.

### MEMORANDUM OF LAW

14. Because the legal points and authorities upon which Robin Mexicana relies for purposes of this Response are incorporated into this Response, Robin Mexicana respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").

### RESERVATION OF RIGHTS

15. Robin Mexicana reserves the right to amend, supplement, or otherwise modify this Response, the Reclamation Claim, and any and all attachments hereto or thereto and to submit such other and further evidence and briefing in support of the allowance and payment of the Reclamation Claim as necessary or proper.

### CONCLUSION

16. The Claim Objection must be overruled in its entirety insofar as it pertains to Robin Mexicana and the Reclamation Claim. The Debtors simply failed to rebut the presumed validity and priority of the Reclamation Claim and failed to articulate and substantiate sufficient bases for the requested relief. The Reclamation Claim should be allowed in its entirety as filed.

WHEREFORE, Robin Mexicana respectfully requests that the Court enter an Order (a) overruling the Claim Objection in its entirety insofar as it pertains to the Reclamation Claim and Robin Mexicana; (b) allowing the Reclamation Claim in full as filed; (c) to the extent necessary, affording Robin Mexicana any relief appropriate under the Claims Objection Procedures Order;

---

*to Claims* [Docket No. 6088].

(d) deeming satisfied or, alternatively, waiving the memorandum of law requirements set forth in Local Bankruptcy Rule 9013-1(b); and (e) granting Robin Mexicana such other and further relief to which it is justly entitled.

Dated: December 12, 2007

**MORITT HOCK HAMROFF & HOROWITZ LLP**
Co-Counsel for Robin Mexicana S de RL de CV

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
400 Garden City Plaza
Garden City, NY 11530
Telephone: (516) 873-2000
Facsimile: (516) 873-2010
eMail:     lberkoff@moritthock.com

**HAHN LOESER + PARKS LLP**
Co-Counsel for Robin Mexicana S de RL de CV
Daniel A. DeMarco (Ohio ID #0038920)
Rocco I. Debitetto (Ohio ID # 0073878)
200 Public Square, Suite 3300
Cleveland, OH 44114-2301
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
eMail:     dademarco@hahnlaw.com
           ridebitetto@hahnlaw.com