**Hearing Date: February 7, 2008**
                                                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, <u>et</u> <u>al.</u>,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et</u> <u>al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
|              Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
<u>PROOF OF CLAIM NUMBER 11910 (CARLISLE ENGINEERED PRODUCTS INC.)</u>**

("STATEMENT OF DISPUTED ISSUES – CARLISLE ENGINEERED PRODUCTS INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 11910 filed by Carlisle Engineered Produces Inc. ("Carlisle") and respectfully represent as follows:

Background

1.　　On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.　　On July 28, 2006, Carlisle filed proof of claim number 11910 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $4,868,870.27 based on the sale of goods (the "Claim").

3.　　On October 31, 2006, the Debtors objected to the Proof of Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

4.　　On November 21, 2007, Carlisle filed its Response By Carlisle Engineered Products, Inc. To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To

2

Modification And (II) Motion to Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5628), and on November 22, 2007, Carlisle filed its Supplemental Response By Carlisle Engineered Products, Inc. To Debtors' (I) Third Omnibus Objections (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent Ad Unliquidated Claims Pursuant T 11 U.S.C. Section 502(c) (Docket No. 5727) (together,  the "Responses").]

## Disputed Issues

A.  <u>Neither Delphi Nor DAS LLC Owes Carlisle The Amount Asserted In The Proof Of Claim</u>

   5.   Carlisle asserts in the Proof of Claim that Delphi owes Carlisle a total of $4,868,870.27 for goods sold.  The Debtors have reviewed the information attached to the Proof of Claim and the Responses and dispute that either Delphi or DAS LLC owes the amount asserted in the Proof of Claim.[1]

   6.   <u>Postpetition Invoices</u>.  A portion of the Proof of Claim is based on allegedly outstanding postpetition invoices.  Those postpetition invoices have been paid in the ordinary course of business and therefore $105,149.16 should be subtracted from the amount claimed.

---

[1]   Although the Proof of Claim was asserted against Delphi, the Debtors believe the Proof of Claim is more properly asserted against DAS LLC and have sought to change the Debtor entity against which the claim is asserted to DAS LLC.

       7.    <u>Paid Invoices</u>.  Based upon DAS LLC's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid.  Therefore, $10,000.00 should be subtracted from the amount claimed.

       8.    <u>Claimant Was Overpaid Prepetition</u>.  During the weeks before the Petition Date, DAS LLC implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services.  As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System).  The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records.  Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions.  The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time.  In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due.  Here, the Debtors made wire payments totaling $355,271.24 that were not accounted for in the Proof of Claim.

       9.    <u>Proofs Of Delivery And Other Documentation Not Provided</u>.  Carlisle claimed $601,030.13 in amounts owed based on the sale of goods for which it did not provide proofs of delivery or other necessary documentation.  Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  <u>See</u> General Terms And Conditions, § 2.1.  DAS LLC has no record of receiving certain of the goods associated with the Proof of Claim.  Because Carlisle has not provided these proofs of delivery,

4

the amount of $229,909.53 asserted with respect to the Proof of Claim should not be included in the Claim. In addition, the Debtors have not received other documentation, including invoices and/or purchase orders, with respect to many items included in the Proof of Claim. The amount of $371,120.60 asserted with respect to the Proof of Claim should therefore not be included in the Claim. The Claim should be reduced by a total of $601,030.13 due to these undocumented claims.

10.    Interest.  Finally, the Proof of Claim includes a claim for interest in the amount of $202,000.00. Because the purchase orders governing the relationship between DAS LLC and Carlisle do not provide for interest, DAS LLC does not believe that this amount is owed. Therefore, $202,000.00 should be subtracted from the amount claimed.

11.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $4,868,870.27 |
|---|---|---|
| Modifications | Postpetition Invoices | ($105,149.16) |
| | Paid Invoices | ($10,000.00) |
| | Prepetition Overpayment | ($355,271.24) |
| | Proofs of Delivery And Other Documentation Not Provided | ($601,030.13) |
| | Interest | ($202,000.00) |
| Reconciled Amount | | $3,595,420.04 |

12.    DAS LLC does not dispute the remaining $3,595,420.04 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $3,595,420.04.

Reservation Of Rights

13.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $3,595,420.04, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 12, 2007

    SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP


By:    /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     Albert L. Hogan, III (AH 8807)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -


By:    /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

7