**Hearing Date: February 7, 2008**
                                                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
    In re                                        :      Chapter 11
                                                 :
DELPHI CORPORATION, et al.,     :      Case No. 05-44481 (RDD)
                                                 :
                Debtors.      :      (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOFS
OF CLAIM NOS. 9771 AND 9772 (NSS TECHNOLOGIES, INC., SPS TECHNOLOGIES
WATERFORD COMPANY, AND BEAR STEARNS INVESTMENT PRODUCTS INC.)

("STATEMENT OF DISPUTED ISSUES – NSS, SPS, AND BEAR STEARNS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Claim Nos. 9771 And 9772 (NSS Technologies, Inc., SPS Technologies Waterford Company, And Bear Stearns Investment Products) (this "Statement Of Disputed Issues") and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 18, 2006, NSS Technologies, Inc. f/k/a National Set Screw Corp. ("NSS") filed proof of claim number 9771 ("Proof of Claim No. 9771") against DAS LLC. Proof Of Claim No. 9771 asserts an unsecured non-priority claim in the amount of $977,354.65 for the sale of goods ("Claim 9771").

3. On July 18, 2006, SPS Technologies Waterford Company f/k/a Terry Machine Company ("SPS") filed proof of claim number 9772 ("Proof of Claim No. 9772" and, together with Proof of Claim No. 9771, the "Proofs of Claim") against DAS LLC. Proof of Claim No. 9772 asserts an unsecured non-priority claim in the amount of $72,034.20 for the sale of goods ("Claim 9772" and, together with Claim 9771, the "Claims").

4. On February 1, 2007, NSS transferred Claim 9771 to Bear Stearns Investment Products Inc. ("Bear Stearns" and, together with NSS and SPS, the "Claimants") pursuant to a notice of transfer (Docket No. 6797).

        5.       On February 5, 2007, SPS transferred Claim 9772 to Bear Stearns pursuant to a notice of transfer (Docket No. 6828).

        6.       On August 24, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

        7.       On September 19, 2007, NSS and SPS filed the Response of SPS Technologies, LLC a/k/a SPS Technologies-Cleveland, NSS Technologies, Inc. SPS Technologies Waterford Company And Greer Stop Nut, Inc. To Debtors' Twentieth Omnibus Claims Objection (Docket No. 9422) (the "Response").

Disputed Issues

A.    <u>DAS LLC Does Not Owe The Claimants The Amount Asserted In The Proofs Of Claim</u>

        8.       NSS and SPS assert in the Proofs of Claim that DAS LLC owes them a total of $1,049,388.85 for goods sold. DAS LLC has reviewed the information attached to the Proofs of Claim and the Response and disputes that it owes the amount asserted in the Proofs of Claim.

        9.       <u>Proof Of Claim No. 9971 Comprised In Part Of Postpetition Invoices</u>.  A portion of Claim 9971 is based on allegedly outstanding postpetition invoices. Those postpetition invoices have been paid in the ordinary course of business and therefore $80,700.00 should be subtracted from the amount of Claim 9771.

3

10. <u>Certain Invoices Have Been Paid.</u>  Based upon DAS LLC's various accounts payable records, a portion of the invoices reflected in Proof of Claim 9771 have been paid.  Therefore, $86,001.07 should be subtracted from the amount of the Claim 9771.

11. <u>NSS Overpaid Prepetition</u>.  During the weeks before the Petition Date, DAS LLC implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services.  As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System).  The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records.  Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions.  The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time.  In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due.  Here, the Debtors made wire payments on September 30, 2005 and October 5, 2005 in the amounts of $132,044.94 and $97,425.57, respectively, that were not accounted for in Proof of Claim No. 9771.  Accordingly, $229,470.51 should be subtracted from the amount of Claim 9771.

12. <u>Proofs Of Claim Misstate Prices</u>.  The price detailed on certain purchase orders is different than the price detailed on the NSS and SPS invoices.  The purchase orders reflect the contractual pricing.  The price detailed on certain invoices attached to Proof of Claim No. 9771 netted to $5,684.43 lower than the price reflected on DAS LLC's purchase orders.  Therefore, $5,684.43 should be added to the amount of Claim 9771.  The price detailed on

4

certain invoices attached to Proof of Claim No. 9772 netted to $91.83 higher than the price reflected on DAS LLC's purchase orders. Therefore, $91.83 should be subtracted from the amount of Claim 9772.

        13.    <u>Proofs Of Delivery Not Provided</u>. NSS claimed $14,540.80 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions, § 2.1. DAS LLC has no record of receiving the goods associated with Invoice Nos. 1151298, 1151299, 1151550, 1150142, and 142731 (the "Invoices"). Because NSS has not provided these proofs of delivery, the amount of $14,540.80 asserted with respect to the Invoices should be subtracted from Claim 9771.

        14.    <u>Returned Materials</u>. The Proofs of Claim include invoices for materials that have been returned by DAS LLC in the ordinary course of business, including materials returned because they were defective. NSS and SPS failed to recognize the full amount of debits taken by DAS LLC for returned material. In Proof of Claim 9771, NSS failed to recognize $13,779.95 in returned material. In Proof of Claim 9772, SPS failed to recognize $225.12 in returned material. Therefore, $13,779.95 should be subtracted from the amount of Claim 9771, and $225.12 should be subtracted from the amount of Claim 9772.

        15.    <u>Production Part Approval Process</u>. NSS included an invoice for certain parts that were shipped as part of DAS LLC's production part approval process, in which DAS LLC makes sure that the parts it purchases from its suppliers conform to the agreed-upon

5

specifications. DAS LLC does not pay for parts shipped as part of the production part approval process. Therefore, $12,519.91 should be subtracted from the amount of Claim 9771.

16. <u>Amounts Not Claimed</u>. Proof of Claim 9771 fails to include $166,847.68 in amounts that DAS LLC believes it owes NSS. Proof of Claim 9772 fails to include $308.07 in amounts that DAS LLC believes it owes SPS. Therefore, $166,847.68 should be added to the amount of Claim 9771 and $308.07 should be added to the amount of Claim 9772.

17. After taking into account the above-referenced deductions and additions to the Claims, the Debtors reconciled the Claims as illustrated in the following charts:

| Claim 9771 | | |
|---|---|---|
| <u>NSS Asserted Amount</u> | | $977,354.65 |
| <u>Modifications</u> | Post-petition Invoices | ($80,700.00) |
| | Certain Invoices Have Been Paid | ($86,001.07) |
| | NSS Overpaid Prepetition | ($229,170.51) |
| | Proofs Of Claim Misstate Prices | $5,684.43 |
| | Proofs Of Delivery Not Provided | ($14,540.80) |
| | Returned Materials | ($13,779.95) |
| | Production Part Approval Process | ($12,518.91) |
| | Amounts Not Claimed | $166,847.68 |
| <u>Reconciled Amount</u> | | $713,175.52 |

| Claim 9772 | | |
|---|---|---|
| SPS Asserted Amount | | $72,034.20 |
| Modifications | Proofs Of Claim Misstate Prices | ($91.83) |
| | Returned Material | ($225.12) |
| | Amounts not Claimed | $308.07 |
| Reconciled Amount | | $72,025.32 |

18.     DAS LLC does not dispute the remaining $713,175.52 of Claim 9771 and $72,025.32 of Claim 9772.  Thus, the Debtors request that Claim 9771 be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $713,175.52 and Claim 9772 be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $72,025.32.

Reservation Of Rights

19.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing Proof of Claim No. 9771 to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $713,175.52, (b) reducing Proof of Claim No. 9772 to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $72,025.32, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 12, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP


By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    Albert L. Hogan, III (AH 8807)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -


By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession