**Hearing Date: February 7, 2008**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
    In re                                    :        Chapter 11
                                           :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                           :
                      Debtors.      :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
<u>PROOF OF CLAIM NUMBER 8780 (GENERAL PRODUCTS DELAWARE CORPORATION)</u>

("STATEMENT OF DISPUTED ISSUES – GENERAL PRODUCTS DELAWARE
CORPORATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 8780 filed by General Products Delaware Corporation ("General Products") and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On June 30, 2006, General Products filed proof of claim number 8780 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $723,930.00 for the sale of goods to Delphi (the "Claim").

3. On July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

4. On April 11, 2007, General Products filed General Products' Response to Debtor's Eleventh Omnibus Objection Seeking to Disallow General Products' Claim (Docket No. 7634) (the "Response").

Disputed Issues

A. <u>Neither Delphi Nor DAS LLC Owes General Products The Amount Asserted In The Proof Of Claim</u>

5. General Products asserts in the Proof of Claim that Delphi owes General Products a total of $723,930.00 for the early termination of the Saturn LS Agreement (as defined below). The Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute that either Delphi or DAS LLC owe the amount asserted in the Proof of Claim.[1]

6. In June 1999, General Products entered into a six-year agreement with DAS LLC to manufacture and supply casting in Saturn cars manufactured by General Motors Corporation ("GM") for the Saturn LS car program (the "Saturn LS Agreement"). General Products asserted in its Proof of Claim that it purchased and installed specialized machinery and equipment dedicated exclusively to the manufacturing of "the control arms."

7. In 2004, GM canceled the Saturn LS Series car program, which effectively rendered the Saturn LS Agreement obsolete. GM rejected DAS LLC's and General Products' cancellation claims in May 2004 and informed DAS LLC that it would not pay DAS LLC for the cancellation charges.[2] DAS LLC, in turn, repeatedly informed General Products that it would not pay any cancellation charges. Furthermore, the Saturn LS Agreement does not state that DAS LLC would cover General Products' costs or damages if the Saturn LS Agreement was terminated due to cancellation of the Saturn LS car program. Finally, there is no volume or

---

[1] Although the Proof of Claim was asserted against Delphi, the Debtors believe the Proof of Claim is more properly asserted against DAS LLC and have sought to change the Debtor entity against which the claim is asserted to DAS LLC.

[2] DAS LLC was more heavily invested in the Saturn LS car program than General Products and has not received any compensation for its losses as a result of the cancellation of the Saturn LS car program.

program life duration guarantee in the business that GM awarded to DAS LLC for the Saturn LS car program. Consequently, DAS LLC is not liable for the $723,930.00 cancellation claim and the Claim should be disallowed and expunged.

8.  After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $723,930.00 |
|---|---|---|
| Modifications | Invalid Contract Cancellation Charges | ($723,930.00) |
| Reconciled Amount | | $0.00 |

Reservation Of Rights

9.  This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim against DAS LLC in its entirety, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 12, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

By: /s/ John Wm. Butler, Jr
    John Wm. Butler, Jr. (JB 4711)
    Albert L. Hogan, III (AH 8807)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession