IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                               :       Chapter 11
:
DELPHI CORPORATION, et al.,          :       Case No. 05-44481 (RDD)
:
Debtors.          :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On November 19, 2007, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1)    Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order ("Twenty-Third Omnibus Claims Objection") (Docket No. 10982) [a copy of which is attached hereto as Exhibit D]

On November 19, 2007, I caused to be served the documents listed below upon the parties listed on Exhibit E hereto via postage pre-paid U.S. mail:

2)    Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order ("Twenty-Third Omnibus Claims Objection") (Docket No. 10982) [a copy of which is attached hereto as Exhibit D]

3)    Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit F]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of Exhibit E attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 8 of Exhibit E attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as Exhibit F has been marked so as to demonstrate the manner in which the information listed in columns 3 through 8 of Exhibit E attached hereto was incorporated into each Personalized Notice.

4)    Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as Exhibit G]

On November 19, 2007, I caused to be served the documents listed below upon the parties listed on Exhibit H hereto via postage pre-paid U.S. mail:

5)    Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order ("Twenty-Third Omnibus Claims Objection") (Docket No. 10982) [a copy of which is attached hereto as Exhibit D]

6)    Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit I]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of Exhibit H attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 9 of Exhibit H attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as Exhibit I has been marked so as to demonstrate the manner in which the information listed in columns 3 through 9 of Exhibit H attached hereto was incorporated into each Personalized Notice.

7)    Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as Exhibit G]

On November 19, 2007, I caused to be served the documents listed below upon the parties listed on Exhibit J hereto via postage pre-paid U.S. mail:

8)    Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order ("Twenty-Third Omnibus Claims Objection") (Docket No. 10982) [a copy of which is attached hereto as Exhibit D]

9)    Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit K]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of Exhibit J attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 12 of Exhibit J attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as Exhibit K has been marked so as to demonstrate the manner in which the information listed in columns 3 through 12 of Exhibit J attached hereto was incorporated into each Personalized Notice.

10)   Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as Exhibit G]

Dated: December 12, 2007

_____*/s/ Evan Gershbein*_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 12th day of December, 2007, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:    */s/ Vanessa R. Quiñones*_____

Commission Expires:    *3/20/11*_____

# EXHIBIT A

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | gianni.russello@jpmorgan.com susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

11/26/2007 12:36 PM
Master Service List Overnight Mail

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

11/26/2007 12:37 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

11/26/2007 12:37 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

11/26/2007 12:37 PM
Master Service List Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1° | Cadiz | | 11006 | Spain | 34 956 226 311 | | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | 401-751-0604 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | 202-887-4288 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | 590 Madison Ave | | New York | NY | 10022-2524 | | 212-872-1000 | 212-872-1002 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Company, Ltd., and Furukawa Electric North America APD, Inc. |
| Ambrake Corporation | Brandon J. Kessinger | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5428 | 270-737-3044 | bkessinger@akebono-usa.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | 205-226-8799 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Bingham McHale LLP | John E Taylor Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | jtaylor@binghammchale.com wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 2700 First Indiana Plz | 135 N Pennsylvania St | Indianapolis | IN | 46204 | | 317-684-5000 | 317-684-5173 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimilliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605 529 | 0039-035-605-671 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc. |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | 202-862-2400 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | 216-241-0816 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Enhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | 212-541-5369 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.de.a C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel to Cornell University |
| Covington & Burling | Susan Power Johnston | 1330 Avenue of the Americas | | New York | NY | 10019 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-916-2940 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Dreier LLP | Maura I. Russell Wendy G. Marcari | 499 Park Ave | 14th Fl | New York | NY | 10022 | | 212-328-6100 | 212-652-3863 | jguerrier@dreierllp.com | Counsel to SPCP Group LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Drinker Biddle & Reath LLP | Janice B. Grubin | 140 Broadway 39th Fl | | New York | NY | 10005-1116 | | 212-248-3140 | 212-248-3141 | janice.grubin@dbr.com | Counsel to Vanguard Distributors, Inc. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL Corporation, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | 302-425-0432 | mbusenkell@eckertseamans.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel to Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel to Federal Express Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | David G Dragich | 500 Woodward Ave Suite 2700 | | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | ddragich@foley.com | Counsel to Intermet Corporation |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | 500 Woodward Ave Suite 2700 One Detroit Center | | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | Michael P. Richman | 90 Park Avenue | 37th Floor | New York | NY | 10016-1314 | | 212-682-7474 | 212-687-2329 | mrichman@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | 212-318-3400 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | 210-270-7205 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Garvey Schubert Barer | Roberto Carrillo | 100 Wall St 20th Fl | | New York | NY | 10005 | | 212-965-4511 | 212-334-1278 | rcarrillo@gsblaw.com | Attorney's for Tecnomec S.r.l. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel to Alps Automotive, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | 200 Park Avenue | | New York | NY | 10166 | | 212-801-9200 | 212-801-6400 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyens | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | 713-374-3505 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | 315-471-3167 | riclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes & Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | 212-918-8989 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | 713-547-2600 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Heller Ehrman LLP | Timothy Mehok | Times Square Tower | Seven Times Square | New York | NY | 10036 | | 212-832-8300 | 212-763-7600 | timothy.mehok@hellerehrman.com | Counsel to @Road, Inc. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | 716-819-4645 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation; Co Counsel for Yazaki North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | 212-972-1677 | sgross@hodgsonruss.com | Co-Counsel for Yazaki North America, Inc. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | 313-465-7627 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | 248-645-1568 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | 678-384-7034 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunton & Williams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Williams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | heather@inplaytechnologies.com | Creditor |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | 231-728-2206 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jenner & Block LLP | Ronald P. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | 212-836-8689 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | sdabney@kslaw.com bdimos@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | dbrown@klettrooney.com | Counsel to Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | 816-960-0041 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | 610-738-1217 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel to Methode Electronics, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel to Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel to Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | 973-624-7070 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | 804-775-1061 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | 248-786-3596 | jdonahue@miheritage.com | Counsel to Michigan Heritage Bank; MHB Leasing, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Inc. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | 917-522-3157 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | 609-777-3055 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | 614-752-2441 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | 302- 652-4400 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | RFeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | 212-336-2222 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | arosenberg@paulweiss.com jbrass@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | 203-259-0251 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | 724-981-1398 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | 608-294-4920 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. Counsel for Pamela Gellar |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher P. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | 312-258-5600 | egeekie@schiffhardin.com | Counsel to Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel to le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | 603-627-8121 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | 609-227-4646 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang, Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | jposta@sternslaw.com jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert E. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | 502-779-8274 502-587-6391 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebono Corporation (North America) |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 20

11/26/2007 12:37 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennesse Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Counsel to The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid Brown Raysman & Steiner LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation and Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9139 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Company |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| Varnum, Riddering, Schmidt & Howlett LLP | Michael S. McElwee | Bridgewater Place | P.O. Box 352 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Co-Counsel to Tower Automotive, Inc. |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel to Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | 440-930-8098 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel to National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel to Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 20 of 20

11/26/2007 12:37 PM
Email

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | 610-230-3064 | Counsel to Airgas, Inc. |
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | Vice President of Administration for Akebono Corporation |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | 212-692-8251 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | 313-496-1200 | Counsel to Kamax L.P.; Optrex America, Inc. |
| Bingham McHale LLP | Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | 317-635-8900 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | Counsel to United Power, Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | 615-321-0555 | Counsel to Averitt Express, Inc. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-8898 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | 248-576-5741 | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | 212-682-4940 | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dykema Gossett PLLC | Brendan G Best Esq | 39577 Woodward Ave Ste 300 | | Bloomfield Hills | MI | 48304 | 248-203-0523 | Attorneys for Tremond City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Gregory J. Jordan | 10 Wacker | Suite 2300 | Chicago | IL | 60606 | 312-627-2171 | Counsel to Tremont City Barrel Fill PRP Group |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | 312-346-7500 | Counsel to Aluminum International, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | 305-349-2300 | Counsel to Ryder Integrated Logistics, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 4

11/26/2007 12:38 PM
US Mail 23rd Omni

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Heller Ehrman LLP | Carren Shulman | Times Square Tower | Seven Times Square | New York | NY | 10036 | 212-832-8300 | Counsel to @Road, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | General Counsel to Jason Incorporated |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | 850-763-8421 | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | Counsel to the Pension Benefit Guaranty Corporation |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | (302) 552-4200 | Counsel to Entergy |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | UCC Professional |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-812-8340 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | 804-775-1178 | Counsel to Siemens Logistics Assembly Systems, Inc. |
| Miami-Dade County Tax Collector | Metro-Dade Paralegal Unit | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | Paralegal Collection Specialist for Miami-Dade County |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | 212-935-3000 | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | 908-722-0700 | Counsel to Rotor Clip Company, Inc. |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | Counsel to WL. Ross & Co., LLC |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | 312-849-2020 | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 4

11/26/2007 12:38 PM
US Mail 23rd Omni

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | Counsel to Ambrake Corporation; Akebono Corporation |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423 | | |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | Corporate Secretary for Professional Technologies Services |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | 973-621-3200 | Counsel to Jason Incorporated, Sackner Products Division |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | 312-258-5500 | Counsel to Means Industries |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | 860-251-5811 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | 201-930-7483 | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | 248-352-4700 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | 212-806-5400 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. a |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | Attorneys for Sanders Lead Co., Inc. |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | Conflicts counsel to Debtors |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | 412-562-2549 | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| | David Jury, Esq. | | | | | | | |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | 614-464-6422 | |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | 614-464-8322 | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | 817-810-5250 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | 512-370-2800 | Counsel to National Instruments Corporation |
| WL Ross & Co., LLC | Stephen Toy | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | 212-826-1100 | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 4

11/26/2007 12:38 PM
US Mail 23rd Omni

# EXHIBIT D

**Hearing Date And Time: December 20, 2007 at 10:00 a.m.**
**Response Date And Time: December 13, 2007 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -   x
                                                  :
            In re                             :      Chapter 11
                                                      :
DELPHI CORPORATION, et al.,           :      Case No. 05-44481 (RDD)
                                                        :
                                                  :      (Jointly Administered)
                   Debtors.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  - -   x

DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 TO (A) DUPLICATE CLAIM, (B) CERTAIN EQUITY CLAIMS, (C)
INSUFFICIENTLY DOCUMENTED CLAIM, (D) CERTAIN CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, AND (E) CERTAIN CLAIMS SUBJECT TO MODIFICATION,
MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIM SUBJECT TO MODIFICATION THAT
IS SUBJECT TO PRIOR ORDER, AND MODIFIED CLAIM ASSERTING RECLAMATION THAT
<u>IS SUBJECT TO PRIOR ORDER</u>

("TWENTY-THIRD OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed.

R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently

Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E)

Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject

To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation

That Is Subject To Prior Order (the "Twenty-Third Omnibus Claims Objection"), and

respectfully represent as follows:

## Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors (the "Creditors' Committee").  On April 28, 2006, the U.S.

Trustee appointed an official committee of equity holders (the "Equity Committee," and together

with the Creditors' Committee, the "Statutory Committees").

3.    On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization

Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No.

9263) (the "Plan") and the Disclosure Statement With Respect To Joint Plan Of Reorganization

2

Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No. 9264) (the "Disclosure Statement").  The Court commenced the hearing on the Disclosure Statement and related solicitation procedures motion on October 3, 2007 and has entered two orders with respect thereto on October 9, 2007 (Docket No. 10497) and October 19, 2007 (Docket No. 10662).  On October 29, 2007, the Debtors filed a notice of potential amendments to the Disclosure Statement (Docket No. 10759), including pages marked to show changes from the September 6 version.  On November 14, 2007 the Debtors filed a notice of further proposed amendments to certain appendices of the Disclosure Statement (Docket No. 10932), which included, among other things, certain pages of the Plan marked to show changes from the October 29, 2007 version.  In addition, on November 16, 2007, the Debtors filed a notice of further proposed amendments to the Disclosure Statement (Docket No. 10964), which included certain pages marked to show changes from the October 29, 2007 version.  No order approving the Disclosure Statement or confirming the Plan has yet been entered by this Court.

4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

5.    The statutory predicates for the relief requested herein are sections 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Current Business Operations Of The Debtors

6.    Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately

3

$15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and continue their business operations without supervision from the Court.[2]

7.      The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer ("OEM").

8.      Delphi was incorporated in Delaware in 1998 as a wholly owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

---

[1]     The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
        and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27,
        2007.

[2]     On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core
        automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency
        proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso
        receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of
        which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31,
        2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing
        footprint and to lower its overall cost structure.

4

single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.    Events Leading To The Chapter 11 Filing

9.      In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee special attrition programs.

10.     The Debtors believe that the Company's financial performance deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

11.     In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in calendar year 2004 was $482 million.

5

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.     The Debtors' Transformation Plan

              12.     On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas:[4] first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business;[5] second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

---

[4]    In furtherance of the Debtors' transformation plan, on December 18, 2006, the Debtors announced their
       execution of an equity purchase and commitment agreement with certain investors and a plan framework
       support agreement with those investors and GM.  On July 9, 2007, Delphi confirmed that it had formally
       terminated the equity purchase and commitment agreement and related plan framework support agreement.  On
       July 18, 2007, Delphi announced that it had accepted a new proposal for an equity purchase and commitment
       agreement (the "Delphi-Appaloosa EPCA") submitted by a group comprising a number of the original plan
       investors (affiliates of Appaloosa Management L.P., Harbinger Capital Partners Master Fund I, Ltd., Merrill
       Lynch, Pierce, Fenner & Smith Inc., and UBS Securities LLC) as well as Goldman Sachs & Co. and an affiliate
       of Pardus Capital Management, L.P. (collectively, the "New Plan Investors").  Under the Delphi-Appaloosa
       EPCA, the New Plan Investors agreed to invest up to $2.55 billion in preferred and common equity in the
       reorganized Delphi to support the Company's transformation plan and plan of reorganization.  This Court
       approved the Delphi-Appaloosa EPCA on August 2, 2007.  On October 29, 2007, the Debtors filed a motion
       requesting this Court's approval of certain proposed amendments to the Delphi-Appaloosa EPCA (Docket No.
       10760).  In addition, on November 14, 2007 the Debtors filed certain additional proposed amendments to the
       Delphi-Appaloosa EPCA.  A hearing on the motion and the additional proposed amendments is expected to
       occur later this month.

[5]    As of August 29, 2007, this Court has entered the following orders approving settlements between Delphi and
       each of its U.S. labor unions:
       •   International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America
           (Docket No. 8693);
       •   International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication
           Workers of America (Docket No. 9106);
       •   International Association of Machinists and Aerospace Workers and its District 10 and Tool and Die
           Makers Lodge 78, the International Brotherhood of Electrical Workers and its Local 663, and Locals
           832S, 18S, and 101S of the International Union of Operating Engineers (Docket No. 9107); and
       •   United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers
           International Union and USW Local 87L (Docket No. 9169).
       On September 4, 2007, at Delphi's request, this Court entered an order withdrawing without prejudice Delphi's
       motion for order under sections 1113(c) and 1114(g) of the Bankruptcy Code authorizing rejection of collective
       bargaining agreements and modification of retiree welfare benefits (Docket No. 9221).

and labor costs and to ascertain GM's business commitment to the Company;[6] third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

make the necessary manufacturing alignment with their new focus;[7] fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint;[8] and fifth, devising a

workable solution to their current pension situation.[9]

---

[6]    On September 6, 2007, Delphi announced that it entered into agreements with GM consisting of a Global
Settlement Agreement (the "GSA") and a Master Restructuring Agreement (the "MRA"). Delphi's
comprehensive settlement with GM resolves all outstanding disputes between Delphi and GM. The GSA and
MRA were filed as Exhibits 7.20(a) and 7.20(b) to the Plan, respectively. See Docket No. 9263. On October
29 and November 14, 2007, the Debtors filed certain proposed amendments to the GSA and MRA. The
approval of such amendments will be considered in connection with the confirmation of the Plan.

[7]    In connection with their March 31, 2006 announced transformation plan, the Debtors classified "core" and
"non-core" product lines and plants. The Debtors have been working to divest non-core assets so as to
maximize the value of their estates for stakeholders. During the 2006 and 2007 calendar years, for example, the
Debtors sold substantially all of the assets related to MobileAria, Inc., their chapter 11 affiliate, and their brake
hose and catalyst businesses. The Debtors also obtained court approval for the sale of substantially all of the
assets of their Saltillo, Mexico brake plant business and of bid procedures related to the upcoming sale of
substantially all assets used in their interiors and closures businesses, and the manufacturing equipment and test
development equipment at the chassis facility in Saginaw, Michigan. In addition, as announced publicly, the
Debtors anticipate selling additional non-core assets, including, without limitation, their steering business.

[8]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product
portfolio on core technologies for which the Company believes it has significant competitive and technological
advantages. The Company's revised operating structure consists of its four core business segments: Electronics
and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture. The Company also
has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the
Company's transformation plan. To ensure that their organizational and cost structure is competitive, the
Debtors obtained an Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter
Into Finance Outsourcing Agreement on April 23, 2007 (Docket No. 7773) (the "Finance Outsourcing Order").
The Finance Outsourcing Order authorized the Debtors to outsource certain of the Debtors' accounts receivable,
accounts payable, fixed assets, travel and expense reporting, general ledger, and contract administration
processes and significantly reduce SG&A expenses as part of their transformation plan.

[9]    To that end, on May 31, 2007, this Court granted the Debtors' motion for authority to perform under the terms
of those certain September 30, 2006 pension plan year funding waivers, which were approved by the IRS on
May 1, 2007, for both the Delphi Hourly-Rate Employees Plan and the Delphi Retirement Program for Salaried
Employees (collectively, the "Pension Plans"). On July 13, 2007, the IRS modified the conditional funding
waivers granted to Delphi related to the Pension Plans, extending the dates by which Delphi is required to file a
plan of reorganization and emerge from chapter 11 to December 31, 2007 and February 29, 2008, respectively.
On September 28, 2007, the IRS approved a similar waiver with respect to the Delphi Hourly-Rate Employees
Plan for the September 30, 2007 pension plan year. On October 25, 2007, this Court granted the Debtors'
motion for authority to perform under the terms of that waiver. On October 4, 2007, the IRS, at Delphi's

*(cont'd)*

E.    The Debtors' Plan Of Reorganization

13.    By filing the Plan and related Disclosure Statement, the Debtors reached another key milestone in their chapter 11 cases.  The Plan is based upon a series of global settlements and compromises that involve nearly every major constituency in the Debtors' reorganization cases, including GM.  Attached as exhibits to the Plan are two agreements, the GSA and the MRA, which provide for a comprehensive settlement with GM.  Both agreements are subject to this Court's approval as part of the confirmation process.

14.    A hearing on the Debtors' solicitation procedures and Disclosure Statement is expected to resume later this month.  Currently, the Debtors continue to expect that they will emerge from chapter 11 during the first quarter of 2008.

15.    Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

F.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

16.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or

_____
*(cont'd from previous page)*
    request, further modified the conditions to the initial waivers so that they are generally consistent with the
    conditions to the most recent waiver.

wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"),

against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such

Claim.

17.    On or prior to April 20, 2006, Kurtzman Carson Consultants LLC, the

claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date

by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a

proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets

and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 (and

subsequently amended on February 1, 2006 and April 18, 2006) (collectively, the "Schedules and

Statements") and (b) the persons and entities included in the notice database compiled by the

Debtors, but not listed on any of the Schedules and Statements.  In total, the Debtors provided

Bar Date Notices to more than 500,000 persons and entities.

18.    In addition, the Debtors published the Bar Date Notice in the New York

Times (National Edition), the Wall Street Journal (National, European, and Asian Editions),

USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions

of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo

News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader,

Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the

Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis

Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader,

the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile

Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the

Saginaw News, the Sandusky, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News,

9

and the Vindicator, and electronically through posting on the Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.

19.    Approximately 16,700 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases.  The Debtors have filed 22 omnibus Claims[10] objections, pursuant to which this Court has disallowed and expunged 9,300 Claims and modified approximately 3,100 Claims.  In addition, the hearings with respect to approximately 860 Claims have been adjourned to future claims hearings pursuant to the Claims Objection Procedures Order (as defined below).

20.    On October 31, 2006, the Debtors filed the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among other things, to approve certain procedures for contested claim objections.  On December 7, 2006, the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order").

21.    In this Twenty-Third Omnibus Claims Objection, the Debtors are objecting to 63 Proofs of Claim.

---

[10]    The Debtors filed objections on September 19, 2006 (Docket No. 5151), October 31, 2006 (Docket Nos. 5451 and 5452), December 8, 2006 (Docket Nos. 6099 and 6100), January 12, 2007 (Docket Nos. 6571 and 6585), February 15, 2007  (Docket Nos. 6962 and 6968), March 16, 2007 (Docket Nos. 7300 and 7301), April 27, 2007 (Docket Nos. 7824 and 7825), May 22, 2007 (Docket Nos. 7998 and 7999), June 15, 2007 (Docket Nos. 8270 and 8271), and July 13, 2007 (Docket Nos. 8616 and 8617), August 24, 2007 (Docket No. 9151), September 21, 2007 (Docket No. 9535), and October 26, 2007 (Docket No. 10738).

<u>Relief Requested</u>

22.     By this Objection, the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging (a) the Claim set forth on <u>Exhibit A</u> hereto as a "Claim To Be Expunged" because it is duplicative of another Claim, (b) those Claims set forth on <u>Exhibit B-1</u> hereto because they were filed by holders of Delphi common stock solely on account of their stock holdings, (c) the Claim set forth on <u>Exhibit B-2</u> hereto because it was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order, (d) the Claim set forth on <u>Exhibit C</u> hereto because it contains insufficient documentation in support of the Claim asserted, (d) those Claims set forth on <u>Exhibit D-1</u> hereto because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, and (e) the Claim set forth on <u>Exhibit D-2</u> hereto because it asserts a liability and dollar amount that is not reflected on the Debtors' books and records and was modified pursuant to a prior order.

23.     In addition, by this Twenty-Third Omnibus Claims Objection the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 (a) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to the Claims set forth on <u>Exhibit E-1</u> hereto, (b) revising the asserted amount and/or classification, and/or changing the identity of the alleged Debtor with respect to the Claims set forth on <u>Exhibit E-2</u> hereto, some of which are subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, and others of which are held by Claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses, (c) the asserted amount

11

of the Claim set forth on Exhibit E-3 hereto, which has been modified pursuant to a prior order,

and (e) the identity of the Debtor against which the Claim set forth on Exhibit E-4 hereto was

asserted, which had been modified pursuant to a prior order, and is subject to a letter agreement

pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's

reclamation demand, subject to certain reserved defenses.

Objections To Claims

G.    Duplicate Claim

24.    During the Debtors' review of the Proofs of Claim, the Debtors determined

that a certain Proof of Claim is a duplicate (the "Duplicate Claim") of another Proof of Claim

filed with this Court.  To eliminate the Duplicate Claim, the Debtors reviewed the two Proofs of

Claim, the supporting documentation provided with each such Proof of Claim, and the Debtors'

Schedules and Statements to determine which duplicate Claim should be the surviving Claim.  It

is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a

debtor.  Accordingly, the Debtors wish to eliminate the Duplicate Claim.

25.    Set forth on Exhibit A hereto are the Claims that the Debtors have

identified as the Duplicate Claim and the surviving Claim.  Exhibit A classifies each of the

Proofs of Claim as either a "Claim To Be Expunged" (the "Expunged Claim") or as a "Surviving

Claim" (the "Surviving Claim").  The Surviving Claim reflects the classifications of the liabilities

as reflected on the Debtors' Schedules and Statements.[11]  The Debtors request that the Claim

---

[11]    As stated in the Global Notes And Statement Of Limitations, Methodology And Disclaimer Regarding Debtors'
Schedules And Statements (the "Global Notes"), filed as part of the Debtors' Schedules and Statements:

Certain of the Debtors maintain consolidated books and records.  Specifically, the books and records
for Exhaust Systems Corporation, Environmental Catalysts LLC, ASEC Manufacturing General
Partnership [("ASEC Manufacturing")], and ASEC Sales General Partnership [(collectively, the
"Catalyst Entities")] are maintained in this manner.  The financial information for these entities has

*(cont'd)*

marked as the Expunged Claim on <u>Exhibit A</u> be disallowed and expunged.  With respect to the

Claim on <u>Exhibit A</u> marked as the Surviving Claim, the Debtors do not seek any relief at this

time.  The inclusion of the Surviving Claim on <u>Exhibit A</u>, however, does not reflect any view by

the Debtors as to the ultimate validity of such Claim.  The Debtors therefore expressly reserve all

of their rights to further object to the Surviving Claim at a later date on any basis whatsoever,

except as expressly provided in paragraph 65 below.

26.     Accordingly, the Debtors (a) object to the Duplicate Claim and (b) seek

entry of an order disallowing and expunging the Duplicate Claim in its entirety.

H.     <u>Equity Claims</u>

27.     During the Debtors' review of the Proofs of Claim, the Debtors determined

that certain Proofs of Claim filed against the Debtors in fact represent proofs of interest that were

filed by or on behalf of a person or entities holding Delphi common stock (the "Equity Claims").

The Debtors caused the Claims Agent to serve notice of the Bar Date on holders of Delphi

common stock to ensure that holders of stock who wished to assert claims against any of the

Debtors that were not based solely upon their ownership of Delphi common stock would be

afforded the opportunity to file claims in these chapter 11 cases.

28.     The ownership of Delphi common stock constitutes an equity interest in

Delphi, but does not constitute a "claim" against Delphi's estate as such term is defined in section

101(5) of the Bankruptcy Code.  Furthermore, as set forth in the Bar Date Notice that was

_____

*(cont'd from previous page)*
    been consolidated for purposes of the Schedules and Statements and such consolidated financial
    information has been included in the Schedules and Statements of each of [the Catalyst Entities].

    Global Notes ¶ 19.  To the extent that claimants filed Proofs of Claim against ASEC Manufacturing and one or
    more of the other Catalyst Entities, the Debtors have, for purposes of administrative convenience, retained the
    Claim filed against ASEC Manufacturing as the Surviving Claim.  Undoubtedly, despite the consolidation of
    the books and records of the Catalyst Entities, claimants should not retain more than one Claim for a single
    liability.  Nonetheless, the Debtors expressly reserve all of their rights to re-classify these obligations as
    obligations of another Debtor entity at a later date.

approved by this Court, creditors and equity holders were notified that they were not required to file proofs of claim based exclusively on ownership interests in Delphi common stock.[12]

29.    One of the Equity Claims was received by the Debtors after the Bar Date (the "Untimely Equity Claim").  With respect to that Untimely Equity Claim, the Debtors also object to such Claim on the basis that it was not timely filed pursuant to the Bar Date Order.[13]

30.    Set forth on Exhibit B-1 is a list of Equity Claims that the Debtors have identified as representing solely proofs of interest.  The Debtors therefore seek to have these claims reclassified from Claims to interests and be disallowed and expunged.  To the extent that the entities and individuals that filed the Equity Claims listed on Exhibit B-1 hold valid equity interests in Delphi as of the applicable record date, the requested reclassification of the Proof of

---

[12]    The Bar Date Order provides, in relevant part:

Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:

*    *    *

(h)  Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5 (emphasis added).

[13]    The Bar Date Order provides in part:

Any Person or Entity which is required to file a Proof of Claim in these chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different nature or in a different classification than as set form in the Schedules (any such Claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

Bar Date Order ¶ 11.

14

Claim and disallowance of the Claim will not impair any entitlements the Claimants may

ultimately have under a plan of reorganization with respect to such holders' equity interests.

31.    In addition, set forth on <u>Exhibit B-2</u> is the Untimely Equity Claim that the

Debtors have identified as representing solely a proof of interest and that was not timely filed

pursuant to the Bar Date Order.[14]  The Debtors therefore seek to have this claim reclassified from

a Claim to an interest and be disallowed and expunged as untimely.  To the extent that the

individual that filed the Untimely Equity Claim listed on <u>Exhibit B-2</u> holds a valid equity interest

in Delphi as of the applicable record date, the requested reclassification of the Proof of Claim

and disallowance of the Claim will not impair any entitlements that the Claimant may ultimately

have under a plan of reorganization with respect to such holders' equity interest.

32.    Accordingly, the Debtors (a) object to the Equity Claims and Untimely

Equity Claim and (b) seek entry of an order disallowing and expunging the Equity Claims and

Untimely Equity Claim in their entirety.

I.    <u>Insufficiently Documented Claim</u>

33.    During their Claims review, the Debtors discovered that a certain Proof of

Claim does not include sufficient documentation to support the claim asserted (the

"Insufficiently Documented Claim").  This deficiency in documentation has made it impossible

for the Debtors to meaningfully review the asserted Claim.

34.    The burden of proof to establish a claim against an estate rests on the

claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is

not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re</u>

---

[14]    The Untimely Equity Claim listed on <u>Exhibit B-2</u> hereto was not included as part of the Motion For Order
Under Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed, dated
September 29, 2006 (Docket No. 5238).

WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only

claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial

obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d

167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to

support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears

initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re

Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).  As a result of the failure of the Claimant identified

on Exhibit C to provide sufficient documentation to permit an understanding of the basis for their

Claim, the Claim does not make out a prima facie case against the Debtors.

        35.     The Insufficiently Documented Claim (a) fails to assert a Claim, (b) fails

to assert a monetary amount for the Claim, and (c) contains no documentation in support of the

Claim or provides no evidence of the Debtors' liability for the Claim.

        36.     Identified on Exhibit C hereto is the Insufficiently Documented Claim

which the Debtors have identified as a Claim that does not contain sufficient documentation to

permit an understanding of the basis for the Claim.[15]  Accordingly, the Debtors (a) object to the

Insufficiently Documented Claim and (b) seek entry of an order disallowing and expunging the

Insufficiently Documented Claim in its entirety.  If this Court does not disallow and expunge this

---

[15]   Certain of the Claims on Exhibits A, B-1, B-2, C, D-1, D-2, E-1, E-2, E-3, and E-4 may be listed as having an
     unliquidated amount, which is noted as "UNL."  This reflects the fact that the Claim amounts asserted by the
     Claimants in those instances is unliquidated.

Claim in full, the Debtors expressly reserve all of their rights to further object to the
Insufficiently Documented Claim at a later date on any basis whatsoever.

J.    <u>Claims Not Reflected On The Debtors' Books And Records</u>

37.    During the Debtors' review of the Proofs of Claim, the Debtors determined
that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the
Debtors' books and records (the "Books And Records Claims").  The Debtors have also
determined that certain Proofs of Claim, which were modified pursuant to prior orders, assert
liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records (the
"Books And Records Claims That Are Subject To Prior Orders").  The Debtors believe that the
parties asserting the Books And Records Claims, and the Books And Records Claims That Are
Subject To Prior Orders, are not creditors of the Debtors.

38.    The basis for determining that the Debtors are not liable for the asserted
Claim is the Debtors' books and records reflect that the asserted Claim was properly paid prior to
the commencement of the Debtors' cases.

39.    A claimant's proof of claim is entitled to the presumption of <u>prima</u> <u>facie</u>
validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the
allegations that is essential to the claim's legal sufficiency.'"  <u>WorldCom</u>, 2005 WL 3832065, at
*4 (quoting <u>Allegheny</u>, 954 F.2d at 174).  Once such an allegation is refuted, "'the burden reverts
to the claimant to prove the validity of the claim by a preponderance of the evidence.'"  <u>Id</u>.

40.    Attached hereto as <u>Exhibit D-1</u> is a list of the Books And Records Claims
that the Debtors have identified as Claims for which the Debtors are not liable.  Identified on
<u>Exhibit D-2</u> is a list of the Books And Records Claims That Are Subject To Prior Orders that the
Debtors have identified as Claims for which the Debtors are not liable.  If this Court does not
disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to

17

further object to any or all of the Books And Records Claims and the Books And Records Claims That Are Subject To Prior Orders at a later date on any basis whatsoever.

41.    Accordingly, the Debtors (a) object to the Books And Records Claims and the Books And Records Claims That Are Subject To Prior Orders and (b) seek entry of an order disallowing and expunging the Books And Records Claims and the Books And Records Claims That Are Subject To Prior Orders in their entirety.

K.    Claims Subject To Modification

42.    During the Debtors' review of the Proofs of Claim, the Debtors have determined that certain Claims (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (collectively, the "Claims Subject To Modification").

43.    Although in this Twenty-Third Omnibus Claims Objection the Debtors do not seek to disallow and expunge the Claims Subject To Modification, based on an initial review, the Debtors have determined that their liability with respect to each such Claim does not exceed the dollar amount set forth on Exhibit E-1 hereto.  Moreover, in some cases, the Debtors have determined that such Claims should be reclassified in the manner set forth on Exhibit E-1 hereto. Finally, in some cases, the Debtors have determined that such Claims should be asserted against a different Debtor entity, as indicated on Exhibit E-1 hereto by a change in the applicable case number.  The bases for placing a Claim in the Claims Subject To Modification category of objection include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include postpetition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases, (d)

18

was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority

or secured claim.  Thus, the Debtors seek to (i) convert the amount of each Claim Subject To

Modification to a fully liquidated, U.S. dollar-denominated amount consistent with the Debtors'

books and records and/or the liquidated amount requested by the Claimant (thus eliminating the

unliquidated component), as appropriate, (ii) change the identity of the Debtor against which the

Claim is asserted, and/or (iii) appropriately reclassify the Claim.

44.    As stated above, a Claimant's Proof of Claim is entitled to the presumption

of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at

least one of the allegations that is essential to the claim's legal sufficiency.'"  WorldCom, 2005

WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174).  As with the unsubstantiated Claims,

the Debtors' books and records refute that the claims asserted in each Claims Subject To

Modification are actually owed by any of the Debtors in the amount asserted.

45.    Set forth on Exhibit E-1 hereto is a list of Claims Subject To Modification

that the Debtors believe should be modified solely to assert a properly classified, fully liquidated

claim amount against a different Debtor than the one identified by the Claimant.  For each Claim

Subject To Modification, Exhibit E-1 reflects the amount, classification, and Debtor asserted in

the Claimant's Proof of Claim in a column titled "Claim As Docketed"[16] and the proposed

modified dollar amount and classification for the Claim and the Debtor against which the Claim

should be asserted in a column titled "Claim As Modified."

46.    The Debtors object to the amount, classification, and/or identity of the

Debtor for each Claim Subject To Modification listed on Exhibit E-1 and request that each such

Claim be revised to reflect the amount, classification, and Debtor listed in the "Claim As

---

[16]    The Asserted Claim Amount on Exhibits E-1, E-2, E-3, and E-4 reflects only asserted liquidated claims.

Modified" column of Exhibit E-1. Thus, no Claimant listed on Exhibit E-1 would be entitled to (a) recover for any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" for such Claim on Exhibit E-1, (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor other than that whose case number is listed in the "Claim As Modified" column on Exhibit E-1, subject to the Debtors' right to further object to each such Claim Subject To Modification. For clarity, Exhibit E-1 refers to the Debtor entities by case number and Exhibit F displays the formal name of four Debtor entities and their associated bankruptcy case numbers referenced in Exhibit E-1.

47.    The inclusion of the Claims Subject To Modification on Exhibit E-1, however, does not reflect the Debtors' view as to the ultimate validity of any such Claim. The Debtors therefore expressly reserve all of their rights to further object to any or all of the Claims Subject To Modification at a later date on any basis whatsoever.

48.    Accordingly, the Debtors (a) object to the asserted amount, classification, and/or identity of the Debtor for each Claim Subject To Modification and (b) seek an order modifying the Claims Subject To Modification to reflect the Modified Total, classification for the Claim, and/or the Debtor against which such Claim should be asserted, as set forth on Exhibit E-1.

L.    Modified Claims Asserting Reclamation

49.    In addition, the Debtors have also determined that certain Claims (the "Modified Claims Asserting Reclamation") (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter

agreement whereby the Debtors and the Claimant agreed upon the valid amount of the

reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors'

determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each,

a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and

notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation

Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses")

with respect to the reclamation demand are valid.

      50.    Set forth on <u>Exhibit E-2</u> hereto is a list of Modified Claims Asserting

Reclamation that the Debtors believe should be modified solely to assert a properly classified,

fully liquidated claim amount against the appropriate Debtor.  For each Modified Claim

Asserting Reclamation, <u>Exhibit E-2</u> reflects the amount, classification, and Debtor asserted in the

Proof of Claim in a column titled "Claim As Docketed" and the proposed modified dollar

amount and classification for the Modified Claim Asserting Reclamation, and the Debtor against

which such Claim should be asserted, in a column titled "Claim As Modified."

      51.    The Debtors object to the amount, classification, and/or identity of the

Debtor for each Modified Claim Asserting Reclamation listed on <u>Exhibit E-2</u> and request that

each such Claim be revised to reflect the amount, classification, and Debtor identity listed in the

"Claim As Modified" column of <u>Exhibit E-2</u>.  Thus, no Claimant listed on <u>Exhibit E-2</u> would be

entitled to (a) recover for any Modified Claim Asserting Reclamation in an amount exceeding

the dollar value listed as the "Modified Total" for such Claim on <u>Exhibit E-2</u>, unless the Debtors

obtain an order of this Court providing that any Reserved Defense is valid and denying priority

status to such Claimant's reclamation demand, or (b) assert a classification that is inconsistent

with that listed in the "Claim As Modified" column, or (c) assert a Claim against a Debtor whose

21

case number is not listed in the "Claim As Modified" column on Exhibit E-2, subject to the

Debtors' right to further object to each such Modified Claim Asserting Reclamation.  For clarity,

Exhibit E-2 refers to the Debtor entities by case number and Exhibit F displays the formal name

of four Debtor entities and their associated bankruptcy case numbers referenced in Exhibit E-2.

52.    Accordingly, the Debtors (a) object to the amount, classification, and/or

identity of the Debtor for the Modified Claims Asserting Reclamation and (b) seek an order

modifying the Modified Claims Asserting Reclamation to reflect the Modified Total,

classification, and/or identity of the Debtor against which such Claim should be asserted, as set

forth on Exhibit E-2.

M.    Claim Subject To Modification That Is Subject To Prior Order

53.    During the Debtors' review of the Proofs of Claim, the Debtors have

determined that a certain Claim, which was modified pursuant to a prior order, states the

incorrect amount (the "Claim Subject To Modification That Is Subject To Prior Order").

54.    Although in this Twenty-Third Omnibus Claims Objection the Debtors do

not seek to disallow and expunge the Claim Subject To Modification That Is Subject To Prior

Order, based on an initial review, the Debtors have determined that their liability with respect to

such Claim does not exceed the dollar amount set forth on Exhibit E-3 hereto.  The bases for

placing a Claim in the Claim Subject To Modification That Is Subject To Prior Order category of

objection include, but are not limited to, the following: the asserted Claim (a) does not account

for amounts that may have been paid or credited against such Claim prior to the commencement

of these cases, (b) may include postpetition liabilities, and (c) does not account for amounts that

may have been paid or credited against such Claim following the commencement of these cases.

Thus, the Debtors seek to convert the amount of such Claim Subject To Modification And

22

Subject To Prior Order to a fully liquidated, U.S. dollar-denominated amount consistent with the Debtors' books and records.

56.     As stated above, a Claimant's Proof of Claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" WorldCom, 2005 WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174).  As with the unsubstantiated Claims, the Debtors' books and records refute that the Claim asserted in such Claim Subject To Modification That Is Subject To Prior Order is owed by any of the Debtors in the amount asserted.

56.     Set forth on Exhibit E-3 hereto is the Claim Subject To Modification That Is Subject To Prior Order that the Debtors believe should be modified solely to assert a properly classified, fully liquidated claim amount different from the amount asserted by the Claimant.  For such Claim Subject To Modification That Is Subject To Prior Order, Exhibit E-3 reflects the amount, classification, and Debtor asserted in the Claimant's Proof of Claim in a column titled "Claim As Docketed," and the proposed modified dollar amount and classification for the Claim and the Debtor against which the Claim should be asserted, in a column titled "Claim As Modified."

57.     The Debtors object to the amount of such Claim Subject To Modification And Subject To Prior Order listed on Exhibit E-3 and request that such Claim be revised to reflect the amount, classification, and Debtor listed in the "Claim As Modified" column of Exhibit E-3.  Thus, the Claimant listed on Exhibit E-3 would be not be entitled to (a) recover for any Claim Subject To Modification That Is Subject To Prior Order in an amount exceeding the dollar value listed as the "Modified Total" for such Claim on Exhibit E-3, (b) assert a

classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c)

assert a Claim against a Debtor other than that whose case number is listed in the "Claim As

Modified" column on Exhibit E-3, subject to the Debtors' right to further object to such Claim

Subject To Modification That Is Subject To Prior Order.  For clarity, Exhibit E-3 refers to the

Debtor entities by case number and Exhibit F displays the formal name of four Debtor entities

and their associated bankruptcy case numbers referenced in Exhibit E-3.

   58. The inclusion of the Claim Subject To Modification And Subject To Prior

Order on Exhibit E-3, however, does not reflect the Debtors' view as to the ultimate validity of

any such Claim.  The Debtors therefore expressly reserve all of their rights to further object to

the Claim Subject To Modification That Is Subject To Prior Order at a later date on any basis

whatsoever.

   59. Accordingly, the Debtors (a) object to the asserted amount of the Debtor

for such Claim Subject To Modification That Is Subject To Prior Order and (b) seek an order

modifying the Claim Subject To Modification That Is Subject To Prior Order to reflect the

Modified Total as set forth on Exhibit E-3.

N. Modified Claims Asserting Reclamation That Is Subject To Prior Order

   60. In addition, the Debtors have also determined that a certain Claim that was

modified pursuant to a prior order (the "Modified Claim Asserting Reclamation That Is Subject

To Prior Order") (a) was filed and docketed against the wrong Debtor and (b) asserts a

reclamation demand with respect to which the Debtors and the Claimant have entered into a

Reclamation Agreement that establishes the valid amount of the reclamation demand, subject to

the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement to the

amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved

defenses with respect to the reclamation demand are valid.

24

61.    Set forth on Exhibit E-4 hereto is the Modified Claim Asserting Reclamation That Is Subject To Prior Order that the Debtors believe should be modified solely to assert a properly classified, fully liquidated claim amount against the appropriate Debtor.  For such Modified Claim Asserting Reclamation That Is Subject To Prior Order, Exhibit E-4 reflects the amount, classification, and Debtor asserted in the Proof of Claim in a column titled "Claim As Docketed" and the proposed modified dollar amount and classification for the Modified Claim Asserting Reclamation That Is Subject To Prior Order, and the Debtor against which the Claim should be asserted, in a column titled "Claim As Modified."

62.    The Debtors object to the identity of the Debtor for such Modified Claim Asserting Reclamation That Is Subject To Prior Order listed on Exhibit E-4 and request that the Claim be revised to reflect the amount, classification, and Debtor identity listed in the "Claim As Modified" column of Exhibit E-4.  Thus, the Claimant listed on Exhibit E-4 would not be entitled to (a) recover for any Modified Claim Asserting Reclamation That Is Subject To Prior Order in an amount exceeding the dollar value listed as the "Modified Total" for the Claim on Exhibit E-4, unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and denying priority status to the Claimant's reclamation demand, or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-4, subject to the Debtors' right to further object to such Modified Claim Asserting Reclamation That Is Subject To Prior Order.  For clarity, Exhibit E-4 refers to the Debtor entities by case number and Exhibit F displays the formal name of four Debtor entities and their associated bankruptcy case numbers referenced in Exhibit E-4.

63.    Accordingly, the Debtors (a) object to the identity of the Debtor for the Modified Claim Asserting Reclamation That Is Subject To Prior Order and (b) seek an order modifying the Modified Claim Asserting Reclamation That Is Subject To Prior Order to reflect the identity of the Debtor against which the Claim should be asserted, as set forth on Exhibit E-4.

## Separate Contested Matters

64.    Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Twenty-Third Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Twenty-Third Omnibus Claims Objection will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order, any order entered by the Court with respect to an objection asserted in this Twenty-Third Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

## Reservation Of Rights

65.    The Debtors expressly reserve the right to amend, modify, or supplement this Twenty-Third Omnibus Claims Objection and to file additional objections to the Proofs of Claim or any other Claims (filed or not) which may be asserted against the Debtors, including without limitation the right to object to any Claim on the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the grounds for objection stated in this Twenty-Third Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases.  In addition, the Debtors reserve the right to seek further reduction of any Claim to the extent that such Claim has been paid.

26

## Responses To Objections

66.    Responses to the Twenty-Third Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order.  The following summarizes the provisions of that Order, but is qualified in all respects by the express terms thereof.

O.    Filing And Service Of Responses

67.    To contest an objection, responses (each, a "Response"), if any, to the Twenty-Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on December 13, 2007.**

P.    Contents Of Responses

68.    Every Response to this Twenty-Third Omnibus Claims Objection must contain at a minimum the following:

(a)    the title of the claims objection to which the Response is directed;

27

(b)       the name of the Claimant and a brief description of the basis for the amount of the Claim;

(c)       a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

(d)       unless already set forth in the Proof of Claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant must disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)       to the extent that the Claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

(f)       the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

Q.     Timely Response Required

69.     If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors request that this Court conduct a final hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Twenty-Third Omnibus Claims Objection.

70.     Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose Proof of Claim is subject to the Twenty-Third Omnibus Claims Objection and who is served with the Twenty-Third Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures

28

Order, the Debtors may present to the Court an appropriate order seeking relief with respect to such Claim consistent with the relief sought in the Twenty-Third Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order; provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Debtors may seek disallowance and expungement of the relevant Claim or Claims only in accordance with the Claims Hearing Procedures Order.

71.    To the extent that a Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or partially unliquidated and (b) provides the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), pursuant to the Claims Objection Procedures Order the Debtors may elect to accept provisionally the Claimant's Asserted Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code, by providing notice as described more fully in the Claims Objection Procedures Order.

Replies To Responses

72.    Replies to any Responses will be governed by the Claims Objection Procedures Order.

29

Service Of Twenty-Third Omnibus Claims Objection Order

73.    Service of any order with regard to this Twenty-Third Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

Further Information

74.    Questions about this Twenty-Third Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Debtors' counsel by e-mail to delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to the Claims Agent at 1-888-249-2691 or www.delphidocket.com.  Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims.

Notice

75.    Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), the Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 19, 2007 (Docket No. 10661), and the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain

30

Notices And Procedures Governing Objections To Claims (Docket No. 6089).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

76.    Pursuant to the Claims Objection Procedures Order, the Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Twenty-Third Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A, B-1, B-2, C, D-1, and D-2, is attached hereto as Exhibit G.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits E-1, E-2, E-3, and E-4 is attached hereto as Exhibit H. Claimants will receive a copy of this Twenty-Third Omnibus Claims Objection without Exhibits A through H hereto.  Claimants will nonetheless be able to review Exhibits A through H hereto free of charge by accessing the Debtors' Legal Information Website (www.delphidocket.com). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

77.    Because the legal points and authorities upon which this objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a)

granting the relief requested herein and (b) granting the Debtors such other and further relief as is

just.

Dated:    New York, New York
          November 19, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                        By:   /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr. (JB 4711)
                                              John K. Lyons (JL 9331)
                                              Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606

                                              - and -

                                        By:   /s/ Kayalyn A. Marafioti
                                              Kayalyn A. Marafioti (KM 9632)
                                              Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession

In re Delphi Corporation, et al.

Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

## EXHIBIT A - DUPLICATE OR AMENDED CLAIMS

| CLAIM TO BE EXPUNGED | SURVIVING CLAIM |
|---|---|

| | | | | |
|---|---|---|---|
| Claim Number: 16714 | Debtor: DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) | Claim Number: 10016 | Debtor: DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| Date Filed: 09/24/2007 | | Date Filed: 07/20/2006 | |
| Creditor's Name and Address: | Secured: $173,842.00 | Creditor's Name and Address: | Secured: $347,605.98 |
| | Priority | | Priority: |
| VENTURE PLASTICS INC | Administrative: | VENTURE PLASTICS INC | Administrative |
| MARGULIES & LEVINSON LLP | Unsecured: | MARGULIES & LEVINSON LLP | Unsecured: |
| 30100 CHAGRIN BLVD NO 250 | | 30100 CHAGRIN BLVD NO 250 | |
| CLEVELAND, OH 44124 | | CLEVELAND, OH 44124 | |
| | Total: $173,842.00 | | Total: $347,605.98 |

Total Claims to be Expunged: 1

Total Asserted Amount to be Expunged: $173,842.00

In re Delphi Corporation, et al.                                    Twenty-Third Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B-1 - EQUITY CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DEPOSITORY TRUST COMPANY TREASURERS DEPT 255 N 1100 E ZIONSVILLE, IN 46077-9444 | 6995 | Secured: Priority: Administrative: Unsecured: Total: | $164.58 $164.58 | 05/30/2006 | DELPHI CORPORATION (05-44481) |
| LUTZ RICHARD 1921 ATLANTIC AVE SANDUSKY, OH 44870 | 4797 | Secured: Priority: Administrative: Unsecured: Total: | $23,000.00 $23,000.00 | 05/05/2006 | DELPHI CORPORATION (05-44481) |
| PENNEY JAMES 445 N KING ST XENIA, OH 45385-2207 | 11395 | Secured: Priority: Administrative: Unsecured: Total: | $115,276.00 $115,276.00 | 07/27/2006 | DELPHI CORPORATION (05-44481) |
| RIEGEL CHARLES 9491 BYERS RD MIAMISBURG, OH 45342 | 10559 | Secured: Priority: Administrative: Unsecured: Total: | $62,883.08 $62,883.08 | 07/24/2006 | DELPHI CORPORATION (05-44481) |
| WALLING JOHN F 4201 CORINTH BLVD DAYTON, OH 45410-3411 | 9243 | Secured: Priority: Administrative: Unsecured: Total: | $38,805.09 $38,805.09 | 07/10/2006 | DELPHI CORPORATION (05-44481) |

Total:       5                              $240,128.75

In re Delphi Corporation, et al.                                    **Twenty-Third Omnibus Claims Objection**
Case No. 05-44481 (RDD)

## EXHIBIT B-2 - UNTIMELY EQUITY CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DEPOSITORY TRUST COMPANY TREASURERS DEPT 9209 S 89TH E AVE TULSA, OK 74133 | 16290 | Secured: Priority: Administrative: Unsecured: Total: | UNL $9,310.00 $9,310.00 | 09/08/2006 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | | **$9,310.00** | | |

**In re Delphi Corporation, et al.**                                    **Twenty-Third Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT C - INSUFFICIENTLY DOCUMENTED CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| FIDELITY INVESTMENTS INC TR<br>FBO DONNA K HETZEL IRA<br>22667 REVERE ST<br>ST CLAIR SHORES, MI 48080-2883 | 4101 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>UNL<br>UNL | 05/01/2006 | DELPHI CORPORATION<br>(05-44481) |
| **Total:** | **1** | | **UNL** | | |

*UNL denotes an unliquidated claim

In re Delphi Corporation, et al.                                    Twenty-Third Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT D-1 - BOOKS AND RECORDS CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AMHERST SOLUTIONS LTD<br>30505 BAINBRIDGE RD STE 100<br>SOLON, OH 44139 | 5821 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$50,000.00<br>$50,000.00 | 05/15/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| BLUE CROSS BLUE SHIELD OF MICHIGAN<br>600 LAFAYETTE EAST STE 1925<br>DETROIT, MI 48226 | 8001 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>UNL<br>UNL | 06/15/2006 | DELPHI CORPORATION (05-44481) |
| MACOMB COUNTY FOC ACT OF B CZARNOWCZAN P95 22210<br>40 N MAIN<br>MT CLEMENS, MI 48043 | 7716 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$4,430.67<br><br><br>$4,430.67 | 06/09/2006 | DELPHI CORPORATION (05-44481) |
| MAXWELL EMMA J<br>PO BOX 533<br>ORRVILLE, AL 36767-0533 | 4477 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$289,000.00<br><br><br>$289,000.00 | 05/02/2006 | DELPHI CORPORATION (05-44481) |
| PREFERRED SOURCING LLC<br>ONE INDIANA SQ STE 3500<br>INDIANAPOLIS, IN 46204 | 11531 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $97,416.63<br><br><br><br>$97,416.63 | 07/27/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| PRIORITY HEALTH<br>1231 E BELTLINE NE<br>GRAND RAPIDS, MI 49525 | 2813 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$1,181,675.59<br><br><br>$1,181,675.59 | 04/26/2006 | DELPHI CORPORATION (05-44481) |
| RATLIFF LARRY G<br>2836 STATE ROUTE 571 WEST<br>GREENVILLE, OH 45331 | 5843 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$40,000.00<br><br><br>$40,000.00 | 05/15/2006 | DELPHI CORPORATION (05-44481) |
| SKELTON GLORIA<br>PO BOX 498<br>COTTONDALE, AL 35453 | 8750 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$8,500.00<br>$8,500.00 | 06/29/2006 | DELPHI CORPORATION (05-44481) |

*UNL denotes an unliquidated claim

**In re Delphi Corporation, et al.**                          **Twenty-Third Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT D-1 - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| TREVA DANIELS CARLSON<br>409 SIXTH ST<br>FENTON, MI 48430 | 5565 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $933.20<br><br>$462.80<br>$1,396.00 | 05/10/2006 | DELPHI CORPORATION (05-44481) |
| US DEPT OF HEALTH AND HUMAN SERVICES<br>SOUTHERN DISTRICT OF NEW YORK<br>86 CHAMBERS ST<br>NY, NY 10007 | 2578 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$65,799.34<br>$65,799.34 | 04/06/2006 | DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC (05-44596) |
| Total: | 10 | $1,738,218.23 | | | |

*UNL denotes an unliquidated claim

In re Delphi Corporation, et al.    Twenty-Third Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT D-2 - BOOKS AND RECORDS CLAIMS THAT ARE SUBJECT TO PRIOR ORDERS *

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AMERICLERK INC DBA CONTRACT COUNSEL<br>1025 N CAMPBELL RD<br>ROYAL OAK, MI 48067-1519 | 2416 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $9,658.83<br>$9,658.83 | 03/27/2006 | DELPHI CORPORATION (05-44481) |
| RELATS S A<br>POL IND LA BORDA<br>CALDES DE MONTBUI, 08140<br>SPAIN | 1268 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $8,016.23<br>$8,016.23 | 12/27/2005 | DELPHI CORPORATION (05-44481) |
| Total: | 2 | | $17,675.06 | | |

Page 1 of 1

*The asserted and docketed debtor, classification, and amount is as asserted in the proof of claim filed with the Court. However, all of the proofs of claim on this Exhibit have been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

### EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | CLAIM AS MODIFIED | |
|---|---|---|---|---|

**Claim: 6844**
Date Filed: 05/25/2006
Docketed Total: $ 2,773,276.88
Filing Creditor Name and Address:
AMBRAKE CORPORATION
DICKINSON WRIGHT PLLC
301 LIBERTY STE 500
ANN ARBOR, MI 48204-2266

Claim Holder Name and Address

SPECIAL SITUATIONS INVESTING GROUP INC
C O GOLDMAN SACHS & CO
85 BROAD ST 27TH FL
NEW YORK, NY 10004

Docketed Total: **$2,773,276.88**

Modified Total: **$2,768,486.44**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $2,773,276.88 | 05-44640 | | | $2,768,486.44 |
| | | | **$2,773,276.88** | | | | **$2,768,486.44** |

**Claim: 2142**
Date Filed: 02/27/2006
Docketed Total: $ 252,194.22
Filing Creditor Name and Address:
ASM CAPITAL AS ASSIGNEE FOR
ROBINSON INDUSTRIES INC
7600 JERICHO TPKE STE 302
WOODBURY, NY 11566

Claim Holder Name and Address

ASM CAPITAL AS ASSIGNEE FOR
ROBINSON INDUSTRIES INC
7600 JERICHO TPKE STE 302
WOODBURY, NY 11566

Docketed Total: **$252,194.22**

Modified Total: **$232,962.95**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $252,194.22 | 05-44640 | | | $232,962.95 |
| | | | **$252,194.22** | | | | **$232,962.95** |

**Claim: 1406**
Date Filed: 12/30/2005
Docketed Total: $ 314,170.07
Filing Creditor Name and Address:
AUTOPARTES DE PRECISION A
DIV OF MINIATURE PRECISION
COMPONENTS
100 WISCONSIN ST
PO BOX 1901
WALWORTH, WI 53184

Claim Holder Name and Address

HAIN CAPITAL HOLDINGS LLC
301 RTE 17 6TH FL
RUTHERFORD, NJ 07070

Docketed Total: **$314,170.07**

Modified Total: **$261,685.90**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | $66,206.62 | $247,963.45 | 05-44640 | | | $261,685.90 |
| | | **$66,206.62** | **$247,963.45** | | | | **$261,685.90** |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

### EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 5453**
Date Filed: 05/10/2006
Docketed Total: $ 154,424.36
Filing Creditor Name and Address:
AVERY DENNINSON CORPORATION
AVERY DENNISON CORPORATION
7590 AUBURN RD
PAINESVILLE, OH 44077

Claim Holder Name and Address
AVERY DENNINSON CORPORATION
AVERY DENNISON CORPORATION
7590 AUBURN RD
PAINESVILLE, OH 44077

Docketed Total: **$154,424.36**
Modified Total: **$101,744.58**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $154,424.36 | 05-44640 | | | $101,744.58 |
| | | | **$154,424.36** | | | | **$101,744.58** |

**Claim: 13883**
Date Filed: 07/31/2006
Docketed Total: $ 54,027.22
Filing Creditor Name and Address:
BP PRODUCTS NORTH AMERICA INC
ATTN TOM W STRATTAN
28100 TORCH PKWY STE 300
WARRENVILLE, IL 60555

Claim Holder Name and Address
BP PRODUCTS NORTH AMERICA INC
ATTN TOM W STRATTAN
28100 TORCH PKWY STE 300
WARRENVILLE, IL 60555

Docketed Total: **$54,027.22**
Modified Total: **$49,285.67**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $54,027.22 | 05-44640 | | | $49,285.67 |
| | | | **$54,027.22** | | | | **$49,285.67** |

**Claim: 12701**
Date Filed: 07/28/2006
Docketed Total: $ 90,000.68
Filing Creditor Name and Address:
CANON USA INC
1 CANON PLZ
LAKE SUCCESS, NY 11042-1198

Claim Holder Name and Address
CANON USA INC
1 CANON PLZ
LAKE SUCCESS, NY 11042-1198

Docketed Total: **$90,000.68**
Modified Total: **$87,914.84**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $90,000.68 | 05-44640 | | | $87,914.84 |
| | | | **$90,000.68** | | | | **$87,914.84** |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|---|

**Claim: 4770**
Date Filed: 05/04/2006
Docketed Total: $ 44,637.41
Filing Creditor Name and Address:
CAUCHO METAL PRODUCTS II S L
PI CANTABRIA
C NAVAL 7
LOGRONO, 26006
SPAIN

Claim Holder Name and Address
CAUCHO METAL PRODUCTS II S L
PI CANTABRIA
C NAVAL 7
LOGRONO, 26006
SPAIN

Docketed Total: $44,637.41

Modified Total: $32,170.98

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $44,637.41 | 05-44640 | | | $32,170.98 |
| | | | **$44,637.41** | | | | **$32,170.98** |

**Claim: 10386**
Date Filed: 07/24/2006
Docketed Total: $ 315,699.49
Filing Creditor Name and Address:
CONTRARIAN FUNDS LLC AS
ASSIGNEE OF COLUMBIA
INDUSTRIAL SALES CORP
411 W PUTNAM AVE STE 225
GREENWICH, CT 06830

Claim Holder Name and Address
CONTRARIAN FUNDS LLC AS
ASSIGNEE OF COLUMBIA
INDUSTRIAL SALES CORP
411 W PUTNAM AVE STE 225
GREENWICH, CT 06830

Docketed Total: $315,699.49

Modified Total: $156,742.12

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $315,699.49 | 05-44640 | | | $156,742.12 |
| | | | **$315,699.49** | | | | **$156,742.12** |

**Claim: 10598**
Date Filed: 07/25/2006
Docketed Total: $ 172,287.79
Filing Creditor Name and Address:
E I DU PONT DE NEMOURS AND
COMPANY DUPONT
DUPONT LEGAL D 4026
1007 MARKET ST
WILMINGTON, DE 19898

Claim Holder Name and Address
LATIGO MASTER FUND LTD
590 MADISON AVE 9TH FL
NEW YORK, NY 10022

Docketed Total: $172,287.79

Modified Total: $172,287.79

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44624 | | | $172,287.79 | 05-44624 | | | $15,808.68 |
| | | | | 05-44640 | | | $156,479.11 |
| | | | **$172,287.79** | | | | **$172,287.79** |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.,
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 14580<br>Date Filed: 07/31/2006<br>Docketed Total: $ 190,241.45<br>Filing Creditor Name and Address:<br>KOSTAL KONTAKT SYSTEME GMBH<br>40950 WOODWARD AVE STE 100<br>BLOOMFIELD HILLS, MI 48304 | Claim Holder Name and Address<br><br>SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD<br>TWO GREENWICH PLZ 1ST FL<br>GREENWICH, CT 06830 | | Docketed Total: | $190,241.45 | | | Modified Total: | $120,665.22 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$190,241.45 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$120,665.22 |
| | | | | $190,241.45 | | | | $120,665.22 |
| Claim: 1372<br>Date Filed: 12/29/2005<br>Docketed Total: $ 1,144,684.57<br>Filing Creditor Name and Address:<br>LUNT MANUFACTURING COMPANY INC<br>601 605 LUNT AVE<br>SCHAUMBURG, IL 60193 | Claim Holder Name and Address<br><br>STONEHILL INSTITUTIONAL PARTNERS LP<br>885 THIRD AVE 30TH FL<br>NEW YORK, NY 10022 | | Docketed Total: | $1,144,684.57 | | | Modified Total: | $1,142,129.02 |
| | Case Number*<br>05-44481 | Secured | Priority | Unsecured<br>$1,144,684.57 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$1,142,129.02 |
| | | | | $1,144,684.57 | | | | $1,142,129.02 |
| Claim: 1753<br>Date Filed: 02/02/2006<br>Docketed Total: $ 17,602.50<br>Filing Creditor Name and Address:<br>MAGNECO METREL INC<br>223 INTERSTATE RD<br>ADDISON, IL 60101 | Claim Holder Name and Address<br><br>MAGNECO METREL INC<br>223 INTERSTATE RD<br>ADDISON, IL 60101 | | Docketed Total: | $17,602.50 | | | Modified Total: | $9,902.50 |
| | Case Number*<br>05-44481 | Secured | Priority | Unsecured<br>$17,602.50 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$9,902.50 |
| | | | | $17,602.50 | | | | $9,902.50 |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 11430    Filed 12/13/07    Entered 12/13/07 00:05:55    Main Document
Pg 81 of 168

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 1407<br>Date Filed: 12/30/2005<br>Docketed Total: $ 948,811.79<br>Filing Creditor Name and Address:<br>  MINIATURE PRECISION<br>  COMPONENTS<br>  100 WISCONSIN ST<br>  PO BOX 1901<br>  WALWORTH, WI 53184 | Claim Holder Name and Address<br><br>HAIN CAPITAL HOLDINGS LLC<br>301 RTE 17 6TH FL<br>RUTHERFORD, NJ 07070 | Docketed Total: | | **$948,811.79** | | Modified Total: | | **$824,986.00** |
| | **Case Number\***<br>05-44481 | **Secured** | **Priority**<br>$239,745.37 | **Unsecured**<br>$709,066.42 | **Case Number\***<br>05-44640 | **Secured** | **Priority** | **Unsecured**<br>$824,986.00 |
| | | | **$239,745.37** | **$709,066.42** | | | | **$824,986.00** |
| Claim: 7339<br>Date Filed: 06/02/2006<br>Docketed Total: $ 16,288.93<br>Filing Creditor Name and Address:<br>  MULTIBASE INC<br>  C O DOW CORNING<br>  CORPORATION<br>  2200 W SALZBURG RD<br>  MIDLAND, MI 48686 | Claim Holder Name and Address<br><br>MULTIBASE INC<br>C O DOW CORNING CORPORATION<br>2200 W SALZBURG RD<br>MIDLAND, MI 48686 | Docketed Total: | | **$16,288.93** | | Modified Total: | | **$16,288.93** |
| | **Case Number\***<br>05-44481 | **Secured** | **Priority** | **Unsecured**<br>$16,288.93 | **Case Number\***<br>05-44640 | **Secured** | **Priority** | **Unsecured**<br>$16,288.93 |
| | | | | **$16,288.93** | | | | **$16,288.93** |
| Claim: 11290<br>Date Filed: 07/27/2006<br>Docketed Total: $ 28,550.00<br>Filing Creditor Name and Address:<br>  PACER GLOBAL LOGISTICS INC<br>  6805 PERIMETER DR<br>  PO BOX 8104<br>  DUBLIN, OH 43016 | Claim Holder Name and Address<br><br>PACER GLOBAL LOGISTICS INC<br>6805 PERIMETER DR<br>PO BOX 8104<br>DUBLIN, OH 43016 | Docketed Total: | | **$28,550.00** | | Modified Total: | | **$25,390.00** |
| | **Case Number\***<br>05-44481 | **Secured** | **Priority** | **Unsecured**<br>$28,550.00 | **Case Number\***<br>05-44640 | **Secured** | **Priority** | **Unsecured**<br>$25,390.00 |
| | | | | **$28,550.00** | | | | **$25,390.00** |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

### EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | CLAIM AS MODIFIED | |
|---|---|---|---|---|
| Claim: 11287<br>Date Filed: 07/27/2006<br>Docketed Total: $ 66,118.80<br>Filing Creditor Name and Address:<br>PRINCE MANUFACTURING<br>OXFORD EF<br>PO BOX 2519<br>HOLLAND, MI 49422 | Claim Holder Name and Address<br><br>PRINCE MANUFACTURING OXFORD EF<br>PO BOX 2519<br>HOLLAND, MI 49422 | Docketed Total: **$66,118.80** | | Modified Total: **$9,811.27** |
| | **Case Number***    Secured    Priority    Unsecured<br>05-44640                            $66,118.80 | | **Case Number***    Secured    Priority    Unsecured<br>05-44640                            $9,811.27 | |
| | | **$66,118.80** | | **$9,811.27** |
| Claim: 8866<br>Date Filed: 06/30/2006<br>Docketed Total: $ 166,503.06<br>Filing Creditor Name and Address:<br>RIVERSIDE CLAIMS LLC AS<br>ASSIGNEE FOR METPROTECH<br>PO BOX 626 PLANETARIUM<br>STATION<br>NEW YORK, NY 10024 | Claim Holder Name and Address<br><br>RIVERSIDE CLAIMS LLC AS<br>ASSIGNEE FOR METPROTECH<br>PO BOX 626 PLANETARIUM<br>STATION<br>NEW YORK, NY 10024 | Docketed Total: **$166,503.06** | | Modified Total: **$91,479.41** |
| | **Case Number***    Secured    Priority    Unsecured<br>05-44640                        $166,503.06 | | **Case Number***    Secured    Priority    Unsecured<br>05-44640                        $91,479.41 | |
| | | **$166,503.06** | | **$91,479.41** |
| Claim: 14267<br>Date Filed: 07/31/2006<br>Docketed Total: $ 113,416.75<br>Filing Creditor Name and Address:<br>ROBIN INDUSTRIES INC<br>TECHNICAL SERVICES GROUP<br>ROBIN INDUSTRIES INC<br>1265 W 65 ST<br>CLEVELAND, OH 44102 | Claim Holder Name and Address<br><br>ROBIN INDUSTRIES INC TECHNICAL<br>SERVICES GROUP<br>ROBIN INDUSTRIES INC<br>1265 W 65 ST<br>CLEVELAND, OH 44102 | Docketed Total: **$113,416.75** | | Modified Total: **$97,345.56** |
| | **Case Number***    Secured    Priority    Unsecured<br>05-44640                        $113,416.75 | | **Case Number***    Secured    Priority    Unsecured<br>05-44640                        $97,345.56 | |
| | | **$113,416.75** | | **$97,345.56** |

*See Exhibit F for a listing of debtor entities by case number.

**In re Delphi Corporation, et al.**
Case No. 05-44481 (RDD)

### EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 15423**
Date Filed: 07/31/2006
Docketed Total: $ 6,153,413.36
Filing Creditor Name and Address:
  SPECIAL SITUATIONS INVESTING
  GROUP INC
  C O GOLDMAN SACHS & CO
  30 HUDSON 17TH FL
  JERSEY CITY, NJ 07302

Claim Holder Name and Address

SPECIAL SITUATIONS INVESTING
GROUP INC
C O GOLDMAN SACHS & CO
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

Docketed Total:   **$6,153,413.36**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $6,153,413.36 |
| | | | **$6,153,413.36** |

Modified Total:   **$5,858,665.54**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $5,858,665.54 |
| | | | **$5,858,665.54** |

---

**Claim: 12223**
Date Filed: 07/28/2006
Docketed Total: $ 59,964.21
Filing Creditor Name and Address:
  WESCO DISTRIBUTION INC
  225 W STATION SQUARE DR STE
  700
  PITTSBURGH, PA 15219

Claim Holder Name and Address

WESCO DISTRIBUTION INC
225 W STATION SQUARE DR STE 700
PITTSBURGH, PA 15219

Docketed Total:   **$59,964.21**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | $59,964.21 |
| | | | **$59,964.21** |

Modified Total:   **$28,828.75**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $28,828.75 |
| | | | **$28,828.75** |

---

**Total Claims to be Modified: 20**

**Total Amount as Docketed:  $13,076,313.54**

**Total Amount as Modified:  $ 12,088,773.47**

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 15139**
Date Filed: 07/31/2006
Docketed Total: $ 59,414.30
Filing Creditor Name and Address:
AMERICAN COIL SPRING
COMPANY
MILLER JOHNSON
PO BOX 306
GRAND RAPIDS, MI 49501-0306

Claim Holder Name and Address
AMERICAN COIL SPRING COMPANY
MILLER JOHNSON
PO BOX 306
GRAND RAPIDS, MI 49501-0306

Docketed Total:  **$59,414.30**

Modified Total:  **$51,678.10**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $59,414.30 | 05-44640 | | $6,798.05 | $44,880.05 |
| | | | **$59,414.30** | | | **$6,798.05** | **$44,880.05** |

**Claim: 12688**
Date Filed: 07/28/2006
Docketed Total: $ 878,079.89
Filing Creditor Name and Address:
CONTRARIAN FUNDS LLC AS
ASSIGNEE OF AVON RUBBER &
PLASTICS INC
411 PUTNAM AVE STE 225
GREENWICH, CT 06830

Claim Holder Name and Address
CONTRARIAN FUNDS LLC AS
ASSIGNEE OF AVON RUBBER &
PLASTICS INC
411 PUTNAM AVE STE 225
GREENWICH, CT 06830

Docketed Total:  **$878,079.89**

Modified Total:  **$790,350.09**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | $229,002.33 | $649,077.56 | 05-44640 | | $16,813.28 | $773,536.81 |
| | | **$229,002.33** | **$649,077.56** | | | **$16,813.28** | **$773,536.81** |

**Claim: 12687**
Date Filed: 07/28/2006
Docketed Total: $ 1,510,230.74
Filing Creditor Name and Address:
CONTRARIAN FUNDS LLC AS
ASSIGNEE OF CADILLAC RUBBER
& PLASTICS INC
ATTN ALPA JIMENEZ
411 WEST PUTNAM AVENUE STE
225
GREENWICH, CT 06830

Claim Holder Name and Address
CONTRARIAN FUNDS LLC AS
ASSIGNEE OF CADILLAC RUBBER &
PLASTICS INC
ATTN ALPA JIMENEZ
411 WEST PUTNAM AVENUE STE 225
GREENWICH, CT 06830

Docketed Total:  **$1,510,230.74**

Modified Total:  **$1,036,820.55**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | $486,583.11 | $1,023,647.63 | 05-44640 | | $82,200.00 | $954,620.55 |
| | | **$486,583.11** | **$1,023,647.63** | | | **$82,200.00** | **$954,620.55** |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 16733**
Date Filed: 10/17/2005
Docketed Total: $ 15,181.24
Filing Creditor Name and Address:
DAISHINKU AMERICA CORP DBA
KDS AMERICA
GOLDMAN SACHS CREDIT
PARTNERS LP
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

Claim Holder Name and Address
DAISHINKU AMERICA CORP DBA
KDS AMERICA
GOLDMAN SACHS CREDIT
PARTNERS LP
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

Docketed Total: **$15,181.24**

Modified Total: **$15,181.24**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | $15,181.24 | | 05-44640 | | $15,181.24 | |
| | | **$15,181.24** | | | | **$15,181.24** | |

**Claim: 10596**
Date Filed: 07/25/2006
Docketed Total: $ 123,481.26
Filing Creditor Name and Address:
E I DU PONT DE NEMOURS AND
COMPANY DUPONT
DUPONT LEGAL D 4026
1007 MARKET ST
WILMINGTON, DE 19898

Claim Holder Name and Address
LATIGO MASTER FUND LTD
590 MADISON AVE 9TH FL
NEW YORK, NY 10022

Docketed Total: **$123,481.26**

Modified Total: **$74,857.26**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44567 | | | $123,481.26 | 05-44567 | | $1,332.42 | $73,524.84 |
| | | | **$123,481.26** | | | **$1,332.42** | **$73,524.84** |

**Claim: 2350**
Date Filed: 03/21/2006
Docketed Total: $ 222,736.28
Filing Creditor Name and Address:
FEDERAL SCREW WORKS
20229 9 MILE RD
SAINT CLAIR SHORES, MI
48080-1775

Claim Holder Name and Address
FEDERAL SCREW WORKS
20229 9 MILE RD
SAINT CLAIR SHORES, MI 48080-1775

Docketed Total: **$222,736.28**

Modified Total: **$216,117.26**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | $4,013.35 | $218,722.93 | 05-44640 | | $4,013.35 | $212,103.91 |
| | | **$4,013.35** | **$218,722.93** | | | **$4,013.35** | **$212,103.91** |

*See Exhibit F for a listing of debtor entities by case number.

Page 2 of 8

In re Delphi Corporation, et al.,
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 12366<br>Date Filed: 07/28/2006<br>Docketed Total: $ 279,597.43<br>Filing Creditor Name and Address:<br>GKN SINTER METALS INC<br>ATTEN GENERAL COUNSEL<br>3300 UNIVERSITY DR<br>AUBURN HILLS, MI 48326 | **Claim Holder Name and Address**<br><br>DEUTSCHE BANK SECURITIES INC<br>60 WALL ST 3RD FL<br>NEW YORK, NY 10005 | Docketed Total: | | **$279,597.43** | | | Modified Total: | **$279,597.43** |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$279,597.43 | Case Number*<br>05-44640 | Secured | Priority<br>$43,913.00 | Unsecured<br>$235,684.43 |
| | | | | **$279,597.43** | | | **$43,913.00** | **$235,684.43** |
| Claim: 15140<br>Date Filed: 07/31/2006<br>Docketed Total: $ 230,129.45<br>Filing Creditor Name and Address:<br>GMD INDUSTRIES LLC DBA<br>PRODUCTION SCREW MACHINE<br>COOLIGE WALL CO LPA<br>33 W 1ST ST STE 600<br>DAYTON, OH 45402 | **Claim Holder Name and Address**<br><br>GMD INDUSTRIES LLC DBA<br>PRODUCTION SCREW MACHINE<br>COOLIGE WALL CO LPA<br>33 W 1ST ST STE 600<br>DAYTON, OH 45402 | Docketed Total: | | **$230,129.45** | | | Modified Total: | **$115,518.21** |
| | Case Number*<br>05-44640 | Secured | Priority<br>$136,420.72 | Unsecured<br>$93,708.73 | Case Number*<br>05-44640 | Secured | Priority<br>$21,809.48 | Unsecured<br>$93,708.73 |
| | | | **$136,420.72** | **$93,708.73** | | | **$21,809.48** | **$93,708.73** |
| Claim: 16731<br>Date Filed: 10/12/2005<br>Docketed Total: $ 13,494.00<br>Filing Creditor Name and Address:<br>JOHNSON BATTERY COMPANY<br>INC<br>PO BOX 909<br>9840 US HWY 19<br>ZEBULON, GA 30295 | **Claim Holder Name and Address**<br><br>JOHNSON BATTERY COMPANY INC<br>PO BOX 909<br>9840 US HWY 19<br>ZEBULON, GA 30295 | Docketed Total: | | **$13,494.00** | | | Modified Total: | **$13,494.00** |
| | Case Number*<br>05-44481 | Secured | Priority<br>$13,494.00 | Unsecured | Case Number*<br>05-44640 | Secured | Priority<br>$13,494.00 | Unsecured |
| | | | **$13,494.00** | | | | **$13,494.00** | |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.,
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

## EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 14404<br>Date Filed: 07/31/2006<br>Docketed Total: $ 1,204,920.60<br>Filing Creditor Name and Address:<br>KOSTAL OF MEXICANA S A DE C V<br>40950 WOODWARD AVE STE 100<br>BLOOMFIELD HILLS, MI 48304 | Claim Holder Name and Address<br><br>SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD<br>TWO GREENWICH PLZ 1ST FL<br>GREENWICH, CT 06830 | Docketed Total: | **$1,204,920.60** | | Modified Total: | **$1,201,739.44** |
| | Case Number* | Secured | Priority | Case Number* | Secured | Priority |
| | 05-44640 | | Unsecured<br>$1,204,920.60 | 05-44640 | | $11,188.73<br>Unsecured<br>$1,190,550.71 |
| | | | **$1,204,920.60** | | | **$11,188.73**<br>**$1,190,550.71** |
| Claim: 1371<br>Date Filed: 12/29/2005<br>Docketed Total: $ 298,662.43<br>Filing Creditor Name and Address:<br>LUNT MANUFACTURING COMPANY INC<br>601 605 LUNT AVE<br>SCHAUMBURG, IL 60193 | Claim Holder Name and Address<br><br>STONEHILL INSTITUTIONAL PARTNERS LP<br>885 THIRD AVE 30TH FL<br>NEW YORK, NY 10022 | Docketed Total: | **$298,662.43** | | Modified Total: | **$292,051.84** |
| | Case Number* | Secured | Priority | Case Number* | Secured | Priority |
| | 05-44481 | | Unsecured<br>$298,662.43 | 05-44640 | | $10,000.00<br>Unsecured<br>$282,051.84 |
| | | | **$298,662.43** | | | **$10,000.00**<br>**$282,051.84** |
| Claim: 16732<br>Date Filed: 10/20/2005<br>Docketed Total: $ 25,974.39<br>Filing Creditor Name and Address:<br>OPTREX AMERICA INC<br>BERRY & MORRMAN PROFESSIONAL COPORATION ATTORNEYS AT LAW<br>THE BUHL BUILDING<br>535 GRISWOLD STE 1900<br>DETROIT, MI 48226 | Claim Holder Name and Address<br><br>OPTREX AMERICA INC<br>BERRY & MORRMAN PROFESSIONAL COPORATION ATTORNEYS AT LAW<br>THE BUHL BUILDING<br>535 GRISWOLD STE 1900<br>DETROIT, MI 48226 | Docketed Total: | **$25,974.39** | | Modified Total: | **$25,974.39** |
| | Case Number* | Secured | Priority<br>$25,974.39 | Case Number* | Secured | Priority<br>$25,974.39 |
| | 05-44481 | | Unsecured | 05-44640 | | Unsecured |
| | | | **$25,974.39** | | | **$25,974.39** |

*See Exhibit F for a listing of debtor entities by case number.

Page 4 of 8

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)
Twenty-Third Omnibus Claims Objection

## EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|---|

**Claim: 9647**
Date Filed: 07/12/2006
Docketed Total: $ 618,507.09
Filing Creditor Name and Address:
PARK ENTERPRISES OF
ROCHESTER INC
ATTN JERRY GREENFIELD ESQ
2 STATE ST STE1600
ROCHESTER, NY 14614

Claim Holder Name and Address
PARK ENTERPRISES OF ROCHESTER INC
ATTN JERRY GREENFIELD ESQ
2 STATE ST STE1600
ROCHESTER, NY 14614

Docketed Total: **$618,507.09**

Modified Total: **$618,507.09**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $618,507.09 | 05-44640 | | $29,174.77 | $589,332.32 |
| | | | **$618,507.09** | | | **$29,174.77** | **$589,332.32** |

**Claim: 14262**
Date Filed: 07/31/2006
Docketed Total: $ 168,006.39
Filing Creditor Name and Address:
ROBIN INDUSTRIES INC BERLIN
DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address
ROBIN INDUSTRIES INC BERLIN DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total: **$168,006.39**

Modified Total: **$149,243.27**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $27,814.26 | | $140,192.13 | 05-44640 | | $27,814.26 | $121,429.01 |
| | **$27,814.26** | | **$140,192.13** | | | **$27,814.26** | **$121,429.01** |

**Claim: 14265**
Date Filed: 07/31/2006
Docketed Total: $ 43,152.38
Filing Creditor Name and Address:
ROBIN INDUSTRIES INC
CLEVELAND DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address
ROBIN INDUSTRIES INC
CLEVELAND DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total: **$43,152.38**

Modified Total: **$34,892.38**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $4,266.38 | | $38,886.00 | 05-44640 | | $4,266.38 | $30,626.00 |
| | **$4,266.38** | | **$38,886.00** | | | **$4,266.38** | **$30,626.00** |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

## EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 14264<br>Date Filed: 07/31/2006<br>Docketed Total: $ 273,074.52<br>Filing Creditor Name and Address:<br>ROBIN INDUSTRIES INC ELASTO<br>TEC DIVISION<br>ROBIN INDUSTRIES INC<br>1265 W 65TH ST<br>CLEVELAND, OH 44102 | Claim Holder Name and Address<br><br>ROBIN INDUSTRIES INC ELASTO TEC<br>DIVISION<br>ROBIN INDUSTRIES INC<br>1265 W 65TH ST<br>CLEVELAND, OH 44102 | Docketed Total: | | $273,074.52 | Modified Total: | | | $213,235.86 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44640 | $20,668.09 | | $252,406.43 | 05-44640 | | $20,668.09 | $192,567.77 |
| | | **$20,668.09** | | **$252,406.43** | | | **$20,668.09** | **$192,567.77** |
| Claim: 14271<br>Date Filed: 07/31/2006<br>Docketed Total: $ 863,539.71<br>Filing Creditor Name and Address:<br>ROBIN INDUSTRIES INC<br>FREDERICKSBURG FACILITY<br>ROBIN INDUSTRIES INC<br>1265 W 65TH ST<br>CLEVELAND, OH 44102 | Claim Holder Name and Address<br><br>ROBIN INDUSTRIES INC<br>FREDERICKSBURG FACILITY<br>ROBIN INDUSTRIES INC<br>1265 W 65TH ST<br>CLEVELAND, OH 44102 | Docketed Total: | | $863,539.71 | Modified Total: | | | $468,241.57 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44640 | $81,341.20 | | $782,198.51 | 05-44640 | | $81,341.20 | $386,900.37 |
| | | **$81,341.20** | | **$782,198.51** | | | **$81,341.20** | **$386,900.37** |
| Claim: 14274<br>Date Filed: 07/31/2006<br>Docketed Total: $ 686,589.88<br>Filing Creditor Name and Address:<br>ROBIN INDUSTRIES INC HOLMCO<br>DIVISION<br>ROBIN INDUSTRIES INC<br>1265 W 65TH  ST<br>CLEVELAND, OH 44102 | Claim Holder Name and Address<br><br>ROBIN INDUSTRIES INC HOLMCO<br>DIVISION<br>ROBIN INDUSTRIES INC<br>1265 W 65TH  ST<br>CLEVELAND, OH 44102 | Docketed Total: | | $686,589.88 | Modified Total: | | | $412,536.02 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44640 | $58,220.01 | | $628,369.87 | 05-44640 | | $58,220.01 | $354,316.01 |
| | | **$58,220.01** | | **$628,369.87** | | | **$58,220.01** | **$354,316.01** |

\*See Exhibit F for a listing of debtor entities by case number.

**In re Delphi Corporation, et al.**
Case No. 05-44481 (RDD)

### EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

**Claim: 14270**
Date Filed: 07/31/2006
Docketed Total: $ 844,833.40
Filing Creditor Name and Address:
ROBIN MEXICANA S DE RL DE CV
C O ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address

ROBIN MEXICANA S DE RL DE CV
C O ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total: **$844,833.40**

Modified Total: **$225,729.18**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $47,982.69 | | $796,850.71 | 05-44640 | | $47,982.69 | $177,746.49 |
| | **$47,982.69** | | **$796,850.71** | | | **$47,982.69** | **$177,746.49** |

**Claim: 10682**
Date Filed: 07/26/2006
Docketed Total: $ 1,569,568.55
Filing Creditor Name and Address:
STMICROELECTRONICS INC FKA
SGS THOMPSON
MICROELECTRONICS
THOMPSON & KNIGHT
333 CLAY ST STE 3300
HOUSTON, TX 77002

Claim Holder Name and Address

LONGACRE MASTER FUND LTD
C O US BANK NATIONAL
ASSOCIATION
CORPORATE TRUST SERVICES
1420 FIFTH AVE 7TH FL
SEATTLE, WA 98101

Docketed Total: **$1,454,529.30**

Modified Total: **$1,454,529.30**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $1,454,529.30 | 05-44640 | | $153,204.95 | $1,301,324.35 |
| | | | **$1,454,529.30** | | | **$153,204.95** | **$1,301,324.35** |

Claim Holder Name and Address

STMICROELECTRONICS INC FKA
SGS THOMPSON
MICROELECTRONICS
THOMPSON & KNIGHT
333 CLAY ST STE 3300
HOUSTON, TX 77002

Docketed Total: **$115,039.25**

Modified Total: **$115,039.25**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $115,039.25 | 05-44640 | | | $115,039.25 |
| | | | **$115,039.25** | | | | **$115,039.25** |

*See Exhibit F for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

### EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

| | | |
|---|---|---|
| Claim: 16730<br>Date Filed: 10/10/2005<br>Docketed Total: $ 28,575.50<br>Filing Creditor Name and Address:<br>  WELLMAN INC<br>  SHUMAKER LOOP & KENDRICK LLP<br>  128 S TRYON ST STE 1800<br>  CHARLOTTE, NC 28202 | Claim Holder Name and Address<br><br>  WELLMAN INC<br>  SHUMAKER LOOP & KENDRICK LLP<br>  128 S TRYON ST STE 1800<br>  CHARLOTTE, NC 28202        Docketed Total:    **$28,575.50** | Modified Total:    **$28,575.50** |

| Case Number* | Secured | Priority | Unsecured | | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|---|
| 05-44481 | | $28,575.50 | | | 05-44567 | | $28,575.50 | |
| | | **$28,575.50** | | | | | **$28,575.50** | |

**Total Claims to be Modified: 21**

**Total Amount as Docketed:  $9,957,749.43**

**Total Amount as Modified:  $ 7,833,909.23**

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT E-3 - CLAIMS SUBJECT TO MODIFICATION THAT ARE SUBJECT TO PRIOR ORDERS \*\***

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

Claim: 10257
Date Filed: 07/21/2006
Docketed Total: $ 819,654.23
Filing Creditor Name and Address:
QUAKER CHEMICAL
CORPORATION
DRINKER BIDDLE & REATH LLP
ONE LOGAN SQUARE
18TH & CHERRY ST
PHILADELPHIA, PA 19103

Claim Holder Name and Address

JPMORGAN CHASE BANK NA        Docketed Total:        **$819,654.23**
4 NEW YORK PLAZA FL 16
NEW YORK, NY 10004-2413

Modified Total:        **$762,473.00**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $819,654.23 | 05-44640 | | | $762,473.00 |
| | | | **$819,654.23** | | | | **$762,473.00** |

**Total Claims to be Modified: 1**

**Total Amount as Docketed:  $819,654.23**

**Total Amount as Modified:  $ 762,473.00**

*See Exhibit F for a listing of debtor entities by case number.

Page 1 of 1

\*\*The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, all of the proofs of claim on this Exhibit have been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, et al.:
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

## EXHIBIT E-4 - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS **

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**CLAIM TO BE MODIFIED**

Claim: 16684
Date Filed: 10/13/2005
Docketed Total: $ 14,880.00
Filing Creditor Name and Address:
 TESSIER MACHINE CO
 526 MAIN ST
 HUDSON, MA 01749

**CLAIM AS DOCKETED**

Claim Holder Name and Address

TESSIER MACHINE CO           Docketed Total:           **$14,880.00**
526 MAIN ST
HUDSON, MA 01749

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $14,880.00 | |
| | | **$14,880.00** | |

**CLAIM AS MODIFIED**

Modified Total:           **$14,880.00**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44511 | | $14,880.00 | |
| | | **$14,880.00** | |

**Total Claims to be Modified: 1**

**Total Amount as Docketed:  $14,880.00**

**Total Amount as Modified:  $ 14,880.00**

*See Exhibit F for a listing of debtor entities by case number.

Page 1 of 1

**The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, all of the proofs of claim on this Exhibit have been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, <u>et al.</u>                                          **Twenty-Third Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

**Exhibit F - Debtor Entity Reference**

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44511 | DELPHI MEDICAL SYSTEMS TEXAS CORPORATION |
| 05-44567 | DELPHI MECHATRONIC SYSTEMS, INC |
| 05-44624 | DELPHI CONNECTION SYSTEMS |
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
         In re                          :         Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :         Case No. 05-44481 (RDD)
                                        :
                       Debtors.         :         (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


                    NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain
Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification,
Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order,
And Modified Claim Asserting Reclamation That Is Subject To Prior Order (the "Twenty-Third Omnibus
Claims Objection"), dated November 19, 2007, a copy of which is enclosed (without exhibits).  The
Debtors' Twenty-Third Omnibus Claims Objection is set for hearing on December 20, 2007 at 10:00 a.m.
(prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS
FURTHER DESCRIBED IN THE ENCLOSED TWENTY-THIRD OMNIBUS CLAIMS OBJECTION
AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO
YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 13, 2007.  IF YOU
DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING
THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU
OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Twenty-Third Omnibus Claims Objection identifies ten different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

The Claim identified as having a Basis For Objection of "Duplicate Claim" is a duplicate of another Claim.

Claims identified as having a Basis For Objection of "Equity Claims" are those Claims filed by holders of Delphi common stock solely on account of their stock holdings.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Insufficiently Documented Claim" is a Claim that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Books And Records Claims That Are Subject To Prior Orders" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were modified pursuant to prior orders.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtor, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

The Claim identified as having a Basis For Objection of "Claim Subject To Modification That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and that the Debtors have determined states the incorrect amount.

2

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and (i) that the Debtors have determined was filed and docketed against the wrong Debtor and (ii) the claimant asserted a reclamation demand with respect to which the Debtors and the claimant have entered into a Reclamation Agreement that establishes the valid amount of the reclamation demand, subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|------------|--------------|--------------------------|---------------------|--------------------|------------------------|
|            |              |                          |                     |                    |                        |

If you wish to view the complete exhibits to the Twenty-Third Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Third Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Third Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on December 13, 2007. Your Response, if any, to the Twenty-Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of

---

[1]    Asserted Claim Amounts listed as "UNL" generally reflect that the claim amount asserted is unliquidated.

3

the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Third Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the December 20, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        November 19, 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :        Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


                    NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain
Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification,
Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order,
And Modified Claim Asserting Reclamation That Is Subject To Prior Order (the "Twenty-Third Omnibus
Claims Objection"), dated November 19, 2007, a copy of which is enclosed (without exhibits).  The
Debtors' Twenty-Third Omnibus Claims Objection is set for hearing on December 20, 2007 at 10:00 a.m.
(prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS
FURTHER DESCRIBED IN THE ENCLOSED TWENTY-THIRD OMNIBUS CLAIMS OBJECTION
AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO
YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 13, 2007.  IF YOU
DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING
THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU
OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Twenty-Third Omnibus Claims Objection identifies ten different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

The Claim identified as having a Basis For Objection of "Duplicate Claim" is a duplicate of another Claim.

Claims identified as having a Basis For Objection of "Equity Claims" are those Claims filed by holders of Delphi common stock solely on account of their stock holdings.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Insufficiently Documented Claim" is a Claim that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Books And Records Claims That Are Subject To Prior Orders" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were modified pursuant to prior orders.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtor, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

The Claim identified as having a Basis For Objection of "Claim Subject To Modification That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and that the Debtors have determined states the incorrect amount.

2

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and (i) that the Debtors have determined was filed and docketed against the wrong Debtor and (ii) the claimant asserted a reclamation demand with respect to which the Debtors and the claimant have entered into a Reclamation Agreement that establishes the valid amount of the reclamation demand, subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Twenty-Third Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Third Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

3

SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Third Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on December 13, 2007. Your Response, if any, to the Twenty-Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Third Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the December 20, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR

SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

      The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
      November 19, 2007

# EXHIBIT E

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit A Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Venture Plastics Inc | Jeffrey M Levinson Margulies & Levinson LLP 30100 Chagrin Blvd No 250 Cleveland, OH 44124 | 9/24/07 | 16714 | $173,842.00 | Duplicate Or Amended Claims | Disallow and Expunge | 10016 |

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit B-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Depository Trust Company Treasurers Dept | Ralph G & Joann K Fox 255 N 1100 E Zionsville, IN 46077-9444 | 5/30/06 | 6995 | $164.58 | Equity Claims | Disallow and Expunge | |
| Lutz Richard | 1921 Atlantic Ave Sandusky, OH 44870 | 5/5/06 | 4797 | $23,000.00 | Equity Claims | Disallow and Expunge | |
| Penney James | 445 N King St Xenia, OH 45385-2207 | 7/27/06 | 11395 | $115,276.00 | Equity Claims | Disallow and Expunge | |
| Riegel Charles | 9491 Byers Rd Miamisburg, OH 45342 | 7/24/06 | 10559 | $62,883.08 | Equity Claims | Disallow and Expunge | |
| Walling John F | 4201 Corinth Blvd Dayton, OH 45410-3411 | 7/10/06 | 9243 | $38,805.09 | Equity Claims | Disallow and Expunge | |

11/26/2007 12:42 PM
Omni 23 Objection Exhibit B-1 Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit B-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Depository Trust Company Treasurers Dept | Thomas Van Le 9209 S 89th E Ave Tulsa, OK 74133 | 9/8/06 | 16290 | $9,310.00 plus UNL | Untimely Equity Claims | Disallow and Expunge | |

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit C Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Fidelity Investments Inc Tr | Fbo Donna K Hetzel Ira 22667 Revere St St Clair Shores, MI 48080-2883 | 5/1/06 | 4101 | UNL | Insufficiently Documented Claims | Disallow and Expunge | |

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit D-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Amherst Solutions Ltd | 30505 Bainbridge Rd Ste 100<br>Solon, OH 44139 | 5/15/06 | 5821 | $50,000.00 | Books And Records Claims | Disallow and Expunge | |
| Blue Cross Blue Shield of Michigan | Jeffrey Rumley<br>600 Lafayette East Ste 1925<br>Detroit, MI 48226 | 6/15/06 | 8001 | UNL | Books And Records Claims | Disallow and Expunge | |
| Blue Cross Blue Shield of Michigan | Joseph T Moldovan Esq<br>Joseph T Moldova Esq<br>Morrison Cohen LLP 909 Third Ave<br>New York, NY 10022 | 6/15/06 | 8001 | UNL | Books And Records Claims | Disallow and Expunge | |
| Macomb County Foc Act Of B Czarnowczan P95 22210 | 40 N Main<br>Mt Clemens, MI 48043 | 6/9/06 | 7716 | $4,430.67 | Books And Records Claims | Disallow and Expunge | |
| Maxwell Emma J | PO Box 533<br>Orrville, AL 36767-0533 | 5/2/06 | 4477 | $289,000.00 | Books And Records Claims | Disallow and Expunge | |
| Preferred Sourcing LLC | co John R Humphrey<br>One Indiana Sq Ste 3500<br>Indianapolis, IN 46204 | 7/27/06 | 11531 | $97,416.63 | Books And Records Claims | Disallow and Expunge | |
| Priority Health | Rachel Pond<br>1231 E Beltline NE<br>Grand Rapids, MI 49525 | 4/26/06 | 2813 | $1,181,675.59 | Books And Records Claims | Disallow and Expunge | |
| Priority Health | John T Gregg<br>John T Gregg<br>Barnes & Thornburg 300 Ottawa Ave NW Ste 500<br>Grand Rapids, MI 49503 | 4/26/06 | 2813 | $1,181,675.59 | Books And Records Claims | Disallow and Expunge | |
| Ratliff Larry G | 2836 State Route 571 West<br>Greenville, OH 45331 | 5/15/06 | 5843 | $40,000.00 | Books And Records Claims | Disallow and Expunge | |
| Skelton Gloria | PO Box 498<br>Cottondale, AL 35453 | 6/29/06 | 8750 | $8,500.00 | Books And Records Claims | Disallow and Expunge | |
| Treva Daniels Carlson | 409 Sixth St<br>Fenton, MI 48430 | 5/10/06 | 5565 | $1,396.00 | Books And Records Claims | Disallow and Expunge | |

11/26/2007 12:42 PM
Omni 23 Objection Exhibit D-1 Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit D-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| US Dept of Health and Human Services | Office of the United States Attorney Southern District of New York 86 Chambers St New York, NY 10007 | 4/6/06 | 2578 | $65,799.34 | Books And Records Claims | Disallow and Expunge | |

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit D-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Americlerk Inc Dba Contract Counsel | c o Jucilsa DeGuzman<br>1025 N Campbell Rd<br>Royal Oak, MI 48067 | 3/27/06 | 2416 | $9,658.83 | Books And Records Claims That Are Subject To Prior Orders | Disallow and Expunge | |
| Relats S A | C Priorat S N<br>Pol Ind La Borda<br>Caldes de Montbui, 08140 Spain | 12/27/05 | 1268 | $8,016.23 | Books And Records Claims That Are Subject To Prior Orders | Disallow and Expunge | |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit D-2 Service List

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                         Debtors.         :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


                    NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain
Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification,
Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order,
And Modified Claim Asserting Reclamation That Is Subject To Prior Order (the "Twenty-Third Omnibus
Claims Objection"), dated November 19, 2007, a copy of which is enclosed (without exhibits).  The
Debtors' Twenty-Third Omnibus Claims Objection is set for hearing on December 20, 2007 at 10:00 a.m.
(prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS
FURTHER DESCRIBED IN THE ENCLOSED TWENTY-THIRD OMNIBUS CLAIMS OBJECTION
AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO
YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 13, 2007.  IF YOU
DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING
THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU
OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Twenty-Third Omnibus Claims Objection identifies ten different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        The Claim identified as having a Basis For Objection of "Duplicate Claim" is a duplicate
        of another Claim.

Claims identified as having a Basis For Objection of "Equity Claims" are those Claims filed by holders of Delphi common stock solely on account of their stock holdings.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Insufficiently Documented Claim" is a Claim that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Books And Records Claims That Are Subject To Prior Orders" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were modified pursuant to prior orders.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtor, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

The Claim identified as having a Basis For Objection of "Claim Subject To Modification That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and that the Debtors have determined states the incorrect amount.

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and (i) that the Debtors have determined was filed and docketed against the wrong Debtor and (ii) the claimant asserted a reclamation demand with respect to which the Debtors and the claimant have entered into a Reclamation Agreement that establishes

2

the valid amount of the reclamation demand, subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|:---:|:---:|:---:|:---:|:---:|:---:|
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ |

If you wish to view the complete exhibits to the Twenty-Third Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Third Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Third Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on December 13, 2007. Your Response, if any, to the Twenty-Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

---

[1]    Asserted Claim Amounts listed as "UNL" generally reflect that the claim amount asserted is unliquidated.

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Third Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the December 20, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated:  New York, New York
        November 19, 2007

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
          In re                                           :          Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :          Case No. 05-44481 (RDD)
                                                          :
                                Debtors.                  :          (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.     Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.     The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

December 13, 2006 at 10:00 a.m. (prevailing Eastern time)

January 12, 2007 at 10:00 a.m. (prevailing Eastern time)

February 14, 2007 at 10:00 a.m. (prevailing Eastern time)

March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.      Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth

Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy

Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest

must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format), (d) be submitted in hard copy form directly

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no

later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus

Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

   3.  Every Response must contain at a minimum the following:

    (a)  the title of the claims objection to which the Response is directed;

    (b)  the name of the claimant (each holder of a proof of claim, a "Claimant") and a brief description of the basis for the amount of the claim;

    (c)  a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

    (d)  unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.    Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, <u>provided</u> that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; <u>provided</u>, <u>however</u>, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.    To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.    The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

5

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

7.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

8.    Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

9.    The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

(a)    Adjournment Of Claims Hearing.

(i)    All Contested Claims for which a timely Response is filed shall be
automatically adjourned to a future hearing, the date of which shall be determined by the Debtors,
in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors
may send such notice to each Claimant when they deem it appropriate to do so, subject to the
requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

6

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

     (A) for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

     (B) for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

     (ii) The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>, <u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

   (b) <u>Sufficiency Hearing Procedures</u>.

     (i) To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing.  The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

     (ii) To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing.  The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

     (iii) To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

   (c) <u>Mandatory Meet And Confer</u>.

     (i) If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)    If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)    The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)    Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

8

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

        (e)      <u>Claimant's Supplemental Response</u>.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

        (i)      The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

        (ii)      If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

        (iii)      The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

        (iv)      No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

(f)    <u>Debtors' Supplemental Reply</u>.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)    The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); <u>provided</u>, <u>however</u>, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; <u>provided</u> <u>further</u>, <u>however</u>, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; <u>provided</u>, <u>however</u>, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    <u>Mandatory Non-Binding Summary Mediation</u>.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

10

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)      Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)      The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)      If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)      If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)      If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)      A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)      Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(viii)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

(h)    <u>Claims Objection Hearing Discovery</u>.  If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)    That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Claimant respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)    That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Debtors respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

12

(iv)     No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)     Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)     <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)     <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)     <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

10.     The procedures approved herein shall not apply to claims filed by Banc of America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce, Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH, the State of California Environmental Protection Agency, the State of Michigan Environmental Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties, Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760) (collectively, the "Excluded Parties") for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures.

11.     With respect to the claim of Gary Whitney ("Mr. Whitney") (claim number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request.

12.     The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC ("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

14

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated pursuant to its terms.

13.    Nothing in this Order shall preclude any right to seek estimation of a claim under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to seek protection of information under section 107(b) of the Bankruptcy Code or any right not specifically addressed in this Order.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

15.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       December 6, 2006


              /s/Robert D. Drain
              UNITED STATES BANKRUPTCY JUDGE

15

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
          In re                                   :     Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :     Case No. 05-44481 (RDD)
                                                  :
                              Debtors.            :     (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

          PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to the Order by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
           _____ _, 200_

                                        BY ORDER OF THE COURT

                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 4951)
                                        Ron E. Meisler (RM 3026)
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                             & FLOM LLP
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                           - and -

                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                             & FLOM LLP
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                             Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
            _____ _, 200_

                                         SKADDEN, ARPS, SLATE, MEAGHER &
                                             FLOM LLP

                                         By:_____
                                             John Wm. Butler, Jr. (JB 4711)
                                             John K. Lyons (JL 4951)
                                             Ron E. Meisler (RM 3026)
                                         333 West Wacker Drive, Suite 2100
                                         Chicago, Illinois  60606
                                         (312) 407-0700

                                         By:_____
                                             Kayalyn A. Marafioti (KM 9632)
                                             Thomas J. Matz (TM 5986)
                                         Four Times Square
                                         New York, New York 10036
                                         (212) 735-3000

                                         Attorneys for Delphi Corporation, et al.,
                                             Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                               :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

            PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.

Dated:  New York, New York
        _____ _, 200_

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM LLP

                                        By: _____
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        By: _____
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

EXHIBIT D

## LIST OF MEDIATORS

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

2

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.

Dated:  New York, New York
          _____ _, 200_

                                     SKADDEN, ARPS, SLATE, MEAGHER &
                                        FLOM LLP

                                    By:_____
                                         John Wm. Butler, Jr. (JB 4711)
                                         John K. Lyons (JL 4951)
                                         Ron E. Meisler (RM 3026)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois  60606
                                    (312) 407-0700

                                    By:_____
                                       Kayalyn A. Marafioti (KM 9632)
                                       Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for Delphi Corporation, et al.,
                                       Debtors and Debtors-in-Possession

3

# EXHIBIT H

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-1 (single) Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Modified Debtor | Modified Amount | Modified Nature |
| ASM Capital as Assignee for Robinson Industries Inc | ASM Capital as Assignee for Robinson Industries Inc<br>7600 Jericho Tpke Ste 302<br>Woodbury, NY 11566 | 2/27/06 | 2142 | $252,194.22 | Claims Subject To Modification | 05-44640 | $232,962.95 | General Unsecured |
| Avery Denninson Corporation | Taras Szmagala<br>Avery Dennison Corporation<br>7590 Auburn Rd<br>Painesville, OH 44077 | 5/10/06 | 5453 | $154,424.36 | Claims Subject To Modification | 05-44640 | $101,744.58 | General Unsecured |
| BP Products North America Inc | Fuels Business Unit<br>Attn Tom W Strattan<br>28100 Torch Pkwy Ste 300<br>Warrenville, IL 60555 | 7/31/06 | 13883 | $54,027.22 | Claims Subject To Modification | 05-44640 | $49,285.67 | General Unsecured |
| BP Products North America Inc | Kelley Drye & Warren LLP<br>Attn James S Carr<br>101 Park Ave<br>New York, NY 10178 | 7/31/06 | 13883 | $54,027.22 | Claims Subject To Modification | 05-44640 | $49,285.67 | General Unsecured |
| Canon USA Inc | Attn Steve Becker<br>1 Canon Plz<br>Lake Success, NY 11042-1198 | 7/28/06 | 12701 | $90,000.68 | Claims Subject To Modification | 05-44640 | $87,914.84 | General Unsecured |
| Canon USA Inc | Herrick Feinstein LLP<br>Attn Paul Rubin<br>2 Park Ave<br>New York, NY 10016 | 7/28/06 | 12701 | $90,000.68 | Claims Subject To Modification | 05-44640 | $87,914.84 | General Unsecured |
| Caucho Metal Products II S L | Attn Mr Javier Breton<br>PI Cantabria<br>C Naval 7<br>Logrono,  26006 Spain | 5/4/06 | 4770 | $44,637.41 | Claims Subject To Modification | 05-44640 | $32,170.98 | General Unsecured |
| Contrarian Funds LLC as assignee of Columbia Industrial Sales Corp | Attn Alpa Jimenez<br>411 W Putnam Ave Ste 225<br>Greenwich, CT 06830 | 7/24/06 | 10386 | $315,699.49 | Claims Subject To Modification | 05-44640 | $156,742.12 | General Unsecured |
| Hain Capital Holdings LLC | Attn Ganna Liberchuk<br>301 Rte 17 6th Fl<br>Rutherford, NJ 07070 | 12/30/05 | 1406 | $314,170.07 | Claims Subject To Modification | 05-44640 | $261,685.90 | General Unsecured |
| Hain Capital Holdings LLC | Attn Ganna Liberchuk<br>301 Rte 17 6th Fl<br>Rutherford, NJ 07070 | 12/30/05 | 1407 | $948,811.79 | Claims Subject To Modification | 05-44640 | $824,986.00 | General Unsecured |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit E-1 single Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-1 (single) Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Modified Debtor | Modified Amount | Modified Nature |
| Magneco Metrel Inc | Attn Colleen Connors 223 Interstate Rd Addison, IL 60101 | 2/2/06 | 1753 | $17,602.50 | Claims Subject To Modification | 05-44640 | $9,902.50 | General Unsecured |
| Multibase Inc | Attn Tammy Grove CO1222 c o Dow Corning Corporation 2200 W Salzburg Rd Midland, MI 48686 | 6/2/06 | 7339 | $16,288.93 | Claims Subject To Modification | 05-44640 | $16,288.93 | General Unsecured |
| Pacer Global Logistics Inc | 6805 Perimeter Dr PO Box 8104 Dublin, OH 43016 | 7/27/06 | 11290 | $28,550.00 | Claims Subject To Modification | 05-44640 | $25,390.00 | General Unsecured |
| Prince Manufacturing Oxford Ef | PO Box 2519 Holland, MI 49422 | 7/27/06 | 11287 | $66,118.80 | Claims Subject To Modification | 05-44640 | $9,811.27 | General Unsecured |
| Riverside Claims LLC as assignee for Metprotech | Riverside Claims LLC PO Box 626 Planetarium  Station New York, NY 10024 | 6/30/06 | 8866 | $166,503.06 | Claims Subject To Modification | 05-44640 | $91,479.41 | General Unsecured |
| Robin Industries Inc Technical Services Group | Technical Services Group Robin Industries Inc 1265 W 65 St Cleveland, OH 44102 | 7/31/06 | 14267 | $113,416.75 | Claims Subject To Modification | 05-44640 | $97,345.56 | General Unsecured |
| SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund LTD | Attn Brian A Jarmain Two Greenwich Plz 1st Fl Greenwich, CT 06830 | 7/31/06 | 14580 | $190,241.45 | Claims Subject To Modification | 05-44640 | $120,665.22 | General Unsecured |
| Special Situations Investing Group Inc | Attn Al Dombrowski c o Goldman Sachs & Co 85 Broad St 27th Fl New York, NY 10004 | 5/25/06 | 6844 | $2,773,276.88 | Claims Subject To Modification | 05-44640 | $2,768,486.44 | General Unsecured |
| Special Situations Investing Group Inc | Goodwin Procter LLP Allan S Brilliant Emanuel C Grillo Brian W Harvey 599 Lexington Ave New York, NY 10022 | 5/25/06 | 6844 | $2,773,276.88 | Claims Subject To Modification | 05-44640 | $2,768,486.44 | General Unsecured |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit E-1 single Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-1 (single) Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| **Name** | **Address** | **Date Filed** | **Claim Number** | **Asserted Claim Amount** | **Basis for Objection** | **Modified Debtor** | **Modified Amount** | **Modified Nature** |
| Special Situations Investing Group Inc | Attn Pedro Ramirez<br>c o Goldman Sachs & Co<br>30 Hudson 17th Fl<br>Jersey City, NJ 07302 | 7/31/06 | 15423 | $6,153,413.36 | Claims Subject To Modification | 05-44640 | $5,858,665.54 | General Unsecured |
| Special Situations Investing Group Inc | Goodwin Procter LLP<br>Allan S Brilliant Emanuel C Grillo Brian W Harvey<br>599 Lexington Ave<br>New York, NY 10022 | 7/31/06 | 15423 | $6,153,413.36 | Claims Subject To Modification | 05-44640 | $5,858,665.54 | General Unsecured |
| Stonehill Institutional Partners LP | co Stonehill Capital Management<br>885 Third Ave 30th Fl<br>New York, NY 10022 | 12/29/05 | 1372 | $1,144,684.57 | Claims Subject To Modification | 05-44640 | $1,142,129.02 | General Unsecured |
| Wesco Distribution Inc | 225 W Station Square Dr Ste 700<br>Pittsburgh, PA 15219 | 7/28/06 | 12223 | $59,964.21 | Claims Subject To Modification | 05-44640 | $28,828.75 | General Unsecured |
| Wesco Distribution Inc | Kirkpatrick & Lockhart Nicholson Graham LLP<br>Robert N Michaelson Esq<br>599 Lexington Ave<br>New York, NY 10022 | 7/28/06 | 12223 | $59,964.21 | Claims Subject To Modification | 05-44640 | $28,828.75 | General Unsecured |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit E-1 single Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-3 (single) Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Modified Debtor | Modified Amount | Modified Nature |
| JPMorgan Chase Bank NA | Attn Neema Veluvolu<br>4 New York Plaza Fl 16<br>New York, NY 10004-2413 | 7/21/06 | 10257 | $819,654.23 | Claims Subject To Modification That Are Subject To Prior Orders | 05-44640 | $762,473.00 | General Unsecured |
| JPMorgan Chase Bank NA | Kirkpatrick & Lockhart Preston<br>Ellis Gates LLP<br>Attn Steven H Epstein<br>599 Lexington Ave<br>New York, NY 10022 | 7/21/06 | 10257 | $819,654.23 | Claims Subject To Modification That Are Subject To Prior Orders | 05-44640 | $762,473.00 | General Unsecured |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit E-3 single Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-4 (single) Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Modified Debtor | Modified Amount | Modified Nature |
| Tessier Machine Co | Stephen Woodworth 526 Main St Hudson, MA 01749 | 10/13/05 | 16684 | $14,880.00 | Modified Claims Asserting Reclamation That Are Subject To Prior Orders | 05-44511 | $14,880.00 | Priority |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit E-4 single Service List

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
In re                          :        Chapter 11
                              :
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
                              :
               Debtors.     :        (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:

       Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (the "Twenty-Third Omnibus Claims Objection"), dated November 19, 2007, a copy of which is enclosed (without exhibits).  The Debtors' Twenty-Third Omnibus Claims Objection is set for hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-THIRD OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 13, 2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Twenty-Third Omnibus Claims Objection identifies ten different categories of objections.  The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

The Claim identified as having a Basis For Objection of "Duplicate Claim" is a duplicate of another Claim.

Claims identified as having a Basis For Objection of "Equity Claims" are those Claims filed by holders of Delphi common stock solely on account of their stock holdings.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Insufficiently Documented Claim" is a Claim that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Books And Records Claims That Are Subject To Prior Orders" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were modified pursuant to prior orders.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtor, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

The Claim identified as having a Basis For Objection of "Claim Subject To Modification That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and that the Debtors have determined states the incorrect amount.

2

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and (i) that the Debtors have determined was filed and docketed against the wrong Debtor and (ii) the claimant asserted a reclamation demand with respect to which the Debtors and the claimant have entered into a Reclamation Agreement that establishes the valid amount of the reclamation demand, subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |

If you wish to view the complete exhibits to the Twenty-Third Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Third Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Third Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on December 13, 2007. Your Response, if any, to the Twenty-Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Third Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the December 20, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

4

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated:  New York, New York
        November 19, 2007

# EXHIBIT J

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-1 (multiple) Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Modified Debtor | Modified Amount | Modified Nature | Modified Debtor2 | Modified Amount2 | Modified Nature2 |
| Latigo Master Fund Ltd | Attn Paul Malek<br>590 Madison Ave 9th Fl<br>New York, NY 10022 | 7/25/06 | 10598 | $172,287.79 | Claims Subject to Modification | 05-44624 | $15,808.68 | General Unsecured | 05-44640 | $156,479.11 | General Unsecured |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit E-1 multiple Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-2 (single) Service List

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Modified Debtor | Modified Amount | Modified Nature | Modified Debtor2 | Modified Amount2 | Modified Nature2 |
| American Coil Spring Company | c o Robert D Wolford<br>Miller Johnson<br>PO Box 306<br>Grand Rapids, MI 49501-0306 | 7/31/06 | 15139 | $59,414.30 | Modified Claims Asserting Reclamation | 05-44640 | $6,798.05 | Priority | 05-44640 | $44,880.05 | General Unsecured |
| Contrarian Funds LLC as Assignee of Avon Rubber & Plastics Inc | Attn Alpa Jimenez<br>411 West Putnam Ave Ste 225<br>Greenwich, CT 06830 | 7/28/06 | 12688 | $878,079.89 | Modified Claims Asserting Reclamation | 05-44640 | $16,813.28 | Priority | 05-44640 | $773,536.81 | General Unsecured |
| Contrarian Funds LLC as assignee of Cadillac Rubber & Plastics Inc | Contrarian Funds LLC<br>Attn Alpa Jimenez<br>411 West Putnam Avenue Ste 225<br>Greenwich, CT 06830 | 7/28/06 | 12687 | $1,510,230.74 | Modified Claims Asserting Reclamation | 05-44640 | $82,200.00 | Priority | 05-44640 | $954,620.55 | General Unsecured |
| Daishinku America Corp dba KDS America | Mark DeNatale<br>Goldman Sachs Credit Partners LP<br>30 Hudson 17th Fl<br>Jersey City, NJ 07302 | 10/17/05 | 16733 | $15,181.24 | Modified Claims Asserting Reclamation | 05-44640 | $15,181.24 | Priority | | | |
| Daishinku America Corp dba KDS America | Arnall Golden Gregory LLP<br>Darryl S Laddin Heath J Vicente<br>171 17th St NW Ste 2100<br>Atlanta, GA 30363 | 10/17/05 | 16733 | $15,181.24 | Modified Claims Asserting Reclamation | 05-44640 | $15,181.24 | Priority | | | |
| Deutsche Bank Securities Inc | Attn Ross Rosenfelt & Vikas Madan<br>60 Wall St 3rd Fl<br>New York, NY 10005 | 7/28/06 | 12366 | $279,597.43 | Modified Claims Asserting Reclamation | 05-44640 | $43,913.00 | Priority | 05-44640 | $235,684.43 | General Unsecured |
| Federal Screw Works | 20229 9 Mile Rd<br>Saint Clair Shores, MI 48080-1775 | 3/21/06 | 2350 | $222,736.28 | Modified Claims Asserting Reclamation | 05-44640 | $4,013.35 | Priority | 05-44640 | $212,103.91 | General Unsecured |
| GMD Industries LLC dba Production Screw Machine | co Ronald S Pretekin<br>Coolige Wall Co LPA<br>33 W 1st St Ste 600<br>Dayton, OH 45402 | 7/31/06 | 15140 | $230,129.45 | Modified Claims Asserting Reclamation | 05-44640 | $21,809.48 | Priority | 05-44640 | $93,708.73 | General Unsecured |
| Johnson Battery Company Inc | Jack L Park Jr<br>PO Box 909<br>9840 US Hwy 19<br>Zebulon, GA 30295 | 10/12/05 | 16731 | $13,494.00 | Modified Claims Asserting Reclamation | 05-44640 | $13,494.00 | Priority | | | |
| Latigo Master Fund Ltd | Attn Paul Malek<br>590 Madison Ave 9th Fl<br>New York, NY 10022 | 7/25/06 | 10596 | $123,481.26 | Modified Claims Asserting Reclamation | 05-44567 | $1,332.42 | Priority | 05-44567 | $73,524.84 | General Unsecured |
| Longacre Master Fund Ltd | Attn Dawnita Ehl<br>c o US Bank National Association<br>Corporate Trust Services 1420 Fifth Ave 7th Fl<br>Seattle, WA 98101 | 7/26/06 | 10682 | $1,569,568.55 | Modified Claims Asserting Reclamation | 05-44640 | $153,204.95 | Priority | 05-44640 | $1,301,324.35 | General Unsecured |
| Optrex America Inc | J P Murphy<br>Berry & Morrman Professional Corporation<br>Attorneys at Law<br>The Buhl Building 535 Griswold Ste 1900<br>Detroit, MI 48226 | 10/20/05 | 16732 | $25,974.39 | Modified Claims Asserting Reclamation | 05-44640 | $25,974.39 | Priority | | | |
| Park Enterprises of Rochester Inc | Chamberlain DAmanda<br>Attn Jerry Greenfield Esq<br>2 State St Ste1600<br>Rochester, NY 14614 | 7/12/06 | 9647 | $618,507.09 | Modified Claims Asserting Reclamation | 05-44640 | $29,174.77 | Priority | 05-44640 | $589,332.32 | General Unsecured |

11/26/2007 12:43 PM
Omni 23 Objection Exhibit E-2 single Service List

Delphi Corporation
Twenty-Third Omnibus Claims Objection
Exhibit E-2 (single) Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Modified Debtor | Modified Amount | Modified Nature | Modified Debtor2 | Modified Amount2 | Modified Nature2 |
| Robin Industries Inc Berlin Division | Berlin Division<br>Robin Industries Inc<br>1265 W 65 St<br>Cleveland, OH 44102 | 7/31/06 | 14262 | $168,006.39 | Modified Claims Asserting Reclamation | 05-44640 | $27,814.26 | Priority | 05-44640 | $121,429.01 | General Unsecured |
| Robin Industries Inc Cleveland Division | Cleveland Division<br>Robin Industries Inc<br>1265 W 65 St<br>Cleveland, OH 44102 | 7/31/06 | 14265 | $43,152.38 | Modified Claims Asserting Reclamation | 05-44640 | $4,266.38 | Priority | 05-44640 | $30,626.00 | General Unsecured |
| Robin Industries Inc Elasto Tec Division | Elasto Tec Division<br>Robin Industries Inc<br>1265 W 65 St<br>Cleveland, OH 44102 | 7/31/06 | 14264 | $273,074.52 | Modified Claims Asserting Reclamation | 05-44640 | $20,668.09 | Priority | 05-44640 | $192,567.77 | General Unsecured |
| Robin Industries Inc Fredericksburg Facility | Fredericksburg Facility<br>Robin Industries Inc<br>1265 W 65 St<br>Cleveland, OH 44102 | 7/31/06 | 14271 | $863,539.71 | Modified Claims Asserting Reclamation | 05-44640 | $81,341.20 | Priority | 05-44640 | $386,900.37 | General Unsecured |
| Robin Industries Inc Holmco Division | Holmco Division<br>Robin Industries Inc<br>1265 W 65 St<br>Cleveland, OH 44102 | 7/31/06 | 14274 | $686,589.88 | Modified Claims Asserting Reclamation | 05-44640 | $58,220.01 | Priority | 05-44640 | $354,316.01 | General Unsecured |
| Robin Mexicana S de RL de CV | Robin Mexicana S de RL de CV<br>c o Robin Industries Inc<br>1265 W 65 St<br>Cleveland, OH 44102 | 7/31/06 | 14270 | $844,833.40 | Modified Claims Asserting Reclamation | 05-44640 | $47,982.69 | Priority | 05-44640 | $177,746.49 | General Unsecured |
| SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund LTD | Attn Brian A Jarmain<br>Two Greenwich Plz 1st Fl<br>Greenwich, CT 06830 | 7/31/06 | 14404 | $1,204,920.60 | Modified Claims Asserting Reclamation | 05-44640 | $11,188.73 | Priority | 05-44640 | $1,190,550.71 | General Unsecured |
| STMicroelectronics Inc fka SGS Thompson Microelectronics | co Rhett G Campbell<br>Thompson & Knight LLP<br>333 Clay St Ste 3300<br>Houston, TX 77002 | 7/26/06 | 10682 | $1,569,568.55 | Modified Claims Asserting Reclamation | 05-44640 | $115,039.25 | General Unsecured | | | |
| Stonehill Institutional Partners LP | co Stonehill Capital Management<br>885 Third Ave 30th Fl<br>New York, NY 10022 | 12/29/05 | 1371 | $298,662.43 | Modified Claims Asserting Reclamation | 05-44640 | $10,000.00 | Priority | 05-44640 | $282,051.84 | General Unsecured |
| Wellman Inc | Davisid Grogan<br>Shumaker Loop & Kendrick LLP<br>128 S Tryon St Ste 1800<br>Charlotte, NC 28202 | 10/10/05 | 16730 | $28,575.50 | Modified Claims Asserting Reclamation | 05-44567 | $28,575.50 | Priority | | | |

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                      :      Chapter 11

                       :

DELPHI CORPORATION, et al.,  :      Case No. 05-44481 (RDD)

                      :

            Debtors.    :      (Jointly Administered)

                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (the "Twenty-Third Omnibus Claims Objection"), dated November 19, 2007, a copy of which is enclosed (without exhibits).  The Debtors' Twenty-Third Omnibus Claims Objection is set for hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-THIRD OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 13, 2007.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Twenty-Third Omnibus Claims Objection identifies ten different categories of objections.  The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

The Claim identified as having a Basis For Objection of "Duplicate Claim" is a duplicate of another Claim.

Claims identified as having a Basis For Objection of "Equity Claims" are those Claims filed by holders of Delphi common stock solely on account of their stock holdings.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Insufficiently Documented Claim" is a Claim that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Books And Records Claims That Are Subject To Prior Orders" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were modified pursuant to prior orders.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation" are those Claims (i) that the Debtors have determined (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) were filed and docketed against the wrong Debtor, and/or (c) incorrectly assert secured or priority status and (ii) in which the claimant asserted a reclamation demand and either (a) the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (ii)(a) and (b), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

The Claim identified as having a Basis For Objection of "Claim Subject To Modification That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and that the Debtors have determined states the incorrect amount.

2

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation That Is Subject To Prior Order" is a Claim that was modified pursuant to a prior order and (i) that the Debtors have determined was filed and docketed against the wrong Debtor and (ii) the claimant asserted a reclamation demand with respect to which the Debtors and the claimant have entered into a Reclamation Agreement that establishes the valid amount of the reclamation demand, subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |
| | | | | ❿ | ⓫ | ⓬ |

If you wish to view the complete exhibits to the Twenty-Third Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Twenty-Third Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Third Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

Time) on December 13, 2007. Your Response, if any, to the Twenty-Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Third Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the December 20, 2007 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on December 20, 2007 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS

APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION PROCEDURES ORDER.

      The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-
THIRD OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE
WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION
PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING
THE TWENTY-THIRD OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER
THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS
OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from
sustaining a Claim against the Debtors.


Dated:  New York, New York
      November 19, 2007