Hearing Date: December 20, 2007 at 10:00 a.m. (Eastern Time)
Response Date and Time: December 13, 2007 at 4:00 p.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         )   Chapter 11
                                                               )
DELPHI CORPORATION, et al.,                                    )   Case No. 05-44481 (RDD)
                                                               )
            Debtors.                                           )   (Jointly Administered)
                                                               )
---------------------------------------------------------------x

## RESPONSE OF CONTRARIAN FUNDS, LLC TO
## DEBTORS' TWENTY-THIRD OMNIBUS CLAIMS OBJECTION

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order* (the "Twenty-Third Omnibus Objection"). In support of this Response, Contrarian respectfully states as follows:

## PRELIMINARY STATEMENT

1. On November 19, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Twenty-Third Omnibus Objection.

2. In the Twenty-Third Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Twenty-Third Omnibus Objection ¶¶ 46 and 47).

3. With respect to proof of claim number 10386 ("PoC 10386"), Contrarian consents to the proposed modification, *provided however*, that this claim is allowed, in full, as proposed by the Debtors.

4. With respect to proof of claim number 12688 ("PoC 12688") and proof of claim number 12687 ("PoC 12687" and together with PoC 12688, the "Disputed Modified Claims"), the Debtors set forth no evidence to contradict the validity, amount, or classification of these proofs of claim and, thus, Contrarian opposes any modifications and requests that the Court allow these claims, in full, as they are asserted.

5. With respect to the Disputed Modified Claims, Contrarian requests an order allowing and directing payment of these claims in full, rather than modifying them subject to further disallowance.

## ARGUMENT

6. Contrarian hereby timely submits this Response to the Twenty-Third Omnibus Objection and requests that the Court overrule the Twenty-Third Omnibus Objection as set forth herein.

### A. THE TWENTY-THIRD OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".

#### 1. THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".

7. In the Twenty-Third Omnibus Objection, the Debtors ask the Court to modify PoC 10386 and the Disputed Modified Claims. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce and/or reclassify the claims and to reserve the Debtors' ability to seek disallowance later. This request must be denied because there is no statutory or other authority justifying such relief. Indeed, the Debtors have cited none in the Twenty-Third Omnibus Objection, or otherwise.

8. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

9. The Debtors have *not* refuted the allegations essential to the proposed modified claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to

modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

### 2.    POC 10386.

10. In the Twenty-Third Omnibus Objection, the Debtors propose modifying PoC 10386, which was asserted as a $315,699.49 unsecured claim against Delphi Automotive Systems LLC ("DAS"), into a $156,742.12 unsecured claim against DAS. Contrarian consents to such modification, *provided however,* that the Court enter an Order allowing PoC 10386 as proposed. If the Court does not so allow PoC 10386, Contrarian opposes any modification to this claim at this time.

### 3.    THE DISPUTED MODIFIED CLAIMS.

11. In the Twenty-Third Omnibus Objection, the Debtors seek to reduce and modify PoC 12688, which was asserted as a $229,002.33 priority claim and a $649,077.56 unsecured claim against DAS, by reducing the priority portion of the claim to $16,813.28 and by modifying the unsecured portion of the claim to $773,536.81.

12. Further, in the Twenty-Third Omnibus Objection, the Debtors seek to reduce and modify PoC 12687, which was asserted as a $486,583.11 priority claim and a $1,023,647.63 unsecured claim against DAS, by reducing the priority portion of the claim to $82,200.00 and reducing the unsecured portion of the claim to $954,620.55.

13. With respect to the Disputed Modified Claims, Contrarian opposes *any* modification to the claim amount or classification and requests that the Court allow Contrarian's claims in full as asserted (both as to amount and classification).

14. The Debtors have shown no basis, whatsoever, for reduction or reclassification of the Disputed Modified Claims; nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objections (at which time Contrarian would have

the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, the Disputed Modified Claims should be allowed as filed in full.

15.     Contrarian reserves the right to amend or supplement this Response.

## CONCLUSION

WHEREFORE Contrarian requests that the Court enter an Order (i) overruling the Twenty-Third Omnibus Objection to the extent set forth herein; (ii) allowing PoC 10386 as a $156,742.12 unsecured claim against DAS; (iii) allowing the Disputed Modified Claims, in full, in the amounts asserted in the relevant proofs of claim; and (iv) granting Contrarian such other and further relief as is just proper.

Dated: December 13, 2007
       New York, New York

> KASOWITZ, BENSON, TORRES
> & FRIEDMAN LLP
>
> By: /s/ Jeffrey R. Gleit
> David S. Rosner (DR-4214)
> Adam L. Shiff (AS-7571)
> Jeffrey R. Gleit (JG-8710)
> Daniel A. Fliman (DF-2236)
> 1633 Broadway
> New York, NY 10019
> Telephone:    (212) 506-1700
> Facsimile:    (212) 506-1800
>
> *Counsel for Contrarian Funds, LLC*

5