MICHAEL J. GARCIA  
United States Attorney for the  
Southern District of New York  
By: MATTHEW L. SCHWARTZ  
Assistant United States Attorney  
86 Chambers Street  
New York, New York 10007  
Tel.: (212) 637-1945  
Fax: (212) 637-2750  

HEARING DATE: December 20, 2007  
TIME:  10:00 AM  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  

IN RE:

    DELPHI CORPORATION, *et al.*,

                  Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

**UNITED STATES OF AMERICA'S RESPONSE TO**  
**DEBTORS' OBJECTION TO THE CLAIM OF THE**  
**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

The United States of America (the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this response to Debtor's Twenty-Third Omnibus Objection, dated November 19, 2007 (the "Objection"), to the extent that the Debtors object to the claims of the United States Department of Health and Human Services (HHS), listed on the Objection's Exhibit D-1 as claim number 2578 (the "HHS Claim").

The Debtors object to the HHS Claim because that liability is not reflected on the Debtors' books and records.  This assertion — without any particularized evidence to rebut the *prima facie* validity of the HHS Claim — is not a sufficient basis on which to expunge the claim.  The Court should therefore allow the HHS Claim.

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq.*, as amended (the "Bankruptcy Code").

2. The Bar Date in these jointly-administered cases was July 31, 2006.

3. On or about April 6, 2006, HHS filed a proof of claim with the Court, which was subsequently designated claim number 2578. The HHS Claim asserts a general unsecured claim in the amount of $65,799.34; a copy is attached as Exhibit A.

4. As the document attached to the HHS Claim evidences, Debtors' liability (which is estimated) arises from its debts to the Centers for Medicare & Medicaid Services (CMS), pursuant to Title XVIII of the Social Security Act, 42 U.S.C. § 1395-1395ggg, and the Medicare Secondary Payer Act, 42 U.S.C. § 1395y, accrued between January 1, 2001, and the Petition Date.

5. On November 19, 2007, Debtors filed its Twenty-Third Omnibus Objection seeking, among other things, to disallow the HHS Claim. Debtors' objection stating only that "certain Proofs of Claim," including the HHS Claim, "assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records."

# ARGUMENT

## THE COURT SHOULD REJECT DEBTORS' OBJECTION
## TO THE HHS CLAIM

6.     The Debtors' Objection to the HHS Claim is meritless and should be rejected.

7.     The HHS Claim, like other proofs of claim, is statutorily entitled to *prima facie* validity, and the objecting party bears the initial burden of producing sufficient evidence to rebut HHS's *prima facie* case. *See* Fed. R. Bankr. P. 3001(f); *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990). Debtors "'may not rebut the prima facie case merely by stating that the amount . . . claimed . . . is not correct; the [Debtors] must produce some evidence to support that statement.'" *In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (citation omitted); *see also In re Worldcom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) ("[T]he objector [must] produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case." (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). If, as has not occurred here, Debtors succeed in rebutting the *prima facie* validity of the HHS Claim, the burden would then shift to the Government to prove its claim. *See Forte*, 234 B.R. at 618; *see also In re Worldcom, Inc.*, 2005 WL 3832065, at *4.

8.     By this Objection, the Debtors seek a court order expunging the HHS Claim based solely on the unsupported allegation that they have reviewed their books and records and determined that HHS's claim for Medicare overpayments is invalid.

Such *ipse dixit* assertions simply cannot rebut HHS's *prima facie* claim.  *See SEC v. Unifund SAL*, 910 F.2d 1028, 1037 (2d Cir. 1990) ("'*prima facie* case' has a clear meaning:  evidence of an amount and quality sufficient to send a case to the trier of fact").  Furthermore, even if the Court were to find that this bare allegation were sufficient to rebut the *prima facie* claim, Debtors' assertion of no liability is refuted by the document supported the HHS proof of claim, which specify the source of Debtors' liability to HHS (Title XVIII of the Social Security Act, 42 U.S.C. § 1395-1395ggg, and the Medicare Secondary Payer Act, 42 U.S.C. § 1395y) and the time period during which those debts accrued (between January 1, 2001, and the Petition Date).

9.    Accordingly, the Government requests that the Court reject the Debtors' Objection and allow the HHS Claim.  Alternatively, the Government requests that the Court permit discovery regarding the HHS Claim.

## CONCLUSION

For the foregoing reasons, the Debtors' objection to the HHS Claim should be denied.

Dated:  December 13, 2007
        New York, New York

>                       Respectfully submitted,
>
>                       MICHAEL J. GARCIA
>                       United States Attorney for the
>                       Southern District of New York
>                       Attorney for the United States of America
>
>
> By:    /s/ Matthew L. Schwartz
>                       MATTHEW L. SCHWARTZ (MS-8159)
>                       Assistant United States Attorney
>                       86 Chambers Street
>                       New York, New York 10007
>                       Tel.: (212) 637-1945
>                       Fax: (212) 637-2750