Hearing Date: December 20, 2007 at 10:00 a.m. (EDT)
Objection Deadline: December 13, 2007 at 4:00 p.m. (EDT)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202
(414) 287-9352
Timothy F. Nixon (TN-2644)

*Attorneys for Autopartes de Precision,*
*Attorneys for Miniature Precision Components.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
:
In re:                                                       :      Chapter 11
:
DELPHI CORPORATION, et al.,                                  :      Case No. 05-44481 (RDD)
:
Debtors.                                        :      (Jointly Administered)
:
-------------------------------------------------------------X

---

**RESPONSE OF AUTOPARTES DE PRECISION AND MINIATURE PRECISION COMPONENTS TO DEBTORS' TWENTY-THIRD OMNIBUS CLAIMS OBJECTION**

---

Miniature Precision Components ("MPC") and Autopartes de Precision, a division of MPC ("AP") (collectively, "Miniature"), by their attorneys, Godfrey & Kahn, S.C., respond to the Twenty-Third Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims not Reflected on Debtors' Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order ("Twenty-Third Omnibus Claims Objection") of Delphi Corporation, et al. (the "Debtors") and

request that the Court overrule the Twenty-Third Omnibus Claims Objection as it applies to Miniature.  In support of their Response, Miniature states:

    1.    On October 8 and 14, 2005, the Debtors filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.

    2.    On December 30, 2005, MPC timely filed two claims, both in the total amount of $948,811.79.  In one claim, the entire $948,811.79 was treated as unsecured; in the other claim, the amount was bifurcated to allow for priority treatment in the amount of $239,745.37 and treatment as a general unsecured in the amount of $709,066.42.  The claims are now jointly classified as Claim #1407.

    3.    On December 30, 2007 AP timely filed two claims, both in the total amount of $314,170.07.  In one claim, the entire $314,170.07 was treated as unsecured; in the other claim, the amount was bifurcated to allow for priority treatment in the amount of $66,206.62 and treatment as a general unsecured in the amount of $247,963.43.  The claims are now jointly classified as Claim #1406.

    4.    The basis for both claims in their entirety was goods sold to the Debtors.

    5.    On November 19, 2007, the Debtors filed their Twenty-Third Omnibus Claims Objection wherein they requested that the MPC claim be reduced to an entirely general unsecured claim in the amount of $824,986.00, and the AP claim be reduced to an entirely general unsecured claim in the amount of $261,685.90.

    6.    The bases for this objection to each claim "include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include postpetition liabilities, (c) does not account for amounts that may have been paid or credited against such Claim

following the commencement of these cases, (d) was docketed and filed against the wrong Debtor entity, and/or (e) is misclassified as a priority or secured claim."

7. Miniature's proofs of claim constitute <u>prima facie</u> evidence of the validity and amount of the claims. <u>See</u> Fed. R. Bankr. P. 3001(f).

8. "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." <u>In re Reilly</u>, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

9. The Debtors submitted no evidence to refute the claims. Rather, they have only made a broad accusation as to invalidity. As a matter of law, the Debtors' objection is insufficient to overcome the presumption of validity.

WHEREFORE, Autopartes de Precision and Miniature Precision Components request that the Court overrule the Twenty-Third Omnibus Claims Objection as to the claims of Autopartes de Precision and Miniature Precision Components and allow these claims in their entirety as classified when filed; alternatively, if the Court disallows priority treatment of these claims, Autopartes de Precision and Miniature Precision Components request that the claims be allowed in their entirety as general unsecured claims.

Dated: December 13, 2007

**GODFREY & KAHN, S.C.**

By:      */s/ Timothy F. Nixon*
      Timothy F. Nixon (TN-2644)
      *Attorneys for Autopartes de Precision,*
      *Attorneys for Miniature Precision Components.*

Godfrey & Kahn, S.C.
780 North Water Street
Milwaukee, WI 53202
Telephone: (414) 287-9352
FAX: (414) 273-5198
E-mail: tnixon@gklaw.com

mw1423582_1

3