**Hearing Date:  February 8, 2008**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
     In re                                     :         Chapter 11
                                                   :
DELPHI CORPORATION, et al.,        :         Case No. 05-44481 (RDD)
                                                   :
                        Debtors.        :         (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 15378 (TEXAS INSTRUMENTS)

("STATEMENT OF DISPUTED ISSUES – TEXAS INSTRUMENTS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof Of Claim Number 15378 (the "Proof Of Claim") filed by Texas Instruments ("Texas Instruments") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, Claimant filed proof of claim number 15378 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $996,729.62 arising from the sale of goods (the "Claim").

3. On August 24, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject Claims Subject To Modification (Docket No. 9151).

   4.  On September 20, 2007, Texas Instruments filed its Response Of Texas Instruments Incorporated To Debtors' Twentieth Omnibus Claims Objection (Docket No. 9465) (the "Response").

Disputed Issues

A.  <u>DAS LLC Does Not Owe Claimant The Amount Asserted In The Proof Of Claim</u>

   5.  Texas Instruments asserts in the Proof of Claim that DAS LLC owes it a total of $996,729.62 arising from the sale of goods. DAS LLC has reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

   6.  <u>Asserted Cancellation Damages Are In Excess of Contractual Terms</u>. Texas Instruments asserts that DAS LLC is liable to Texas Instruments for $321,122.41 on account of the Cancellation Claim for goods allegedly manufactured by Texas Instruments but not delivered to, or paid for by, DAS LLC. In certain instances, DAS LLC no longer needs certain of the parts produced by its suppliers for a number of different reasons, including that the product line for which DAS LLC needs such parts is discontinued. DAS LLC's Purchase Orders include terms governing its liability to suppliers for goods produced or partially produced for, but not delivered to , DAS LLC. DAS LLC reimburses suppliers for cancelled goods based on two factors: (a) the timing of the cancellation within a given production cycle and (b) whether the cancelled goods are in a raw or finished state. For certain portions of its Cancellation Claim, Texas Instruments seeks amounts in excess of the amount that would be determined by the methodology agreed upon by the parties under the purchase orders. Therefore, $321,122.41 asserted with respect to various part numbers should not be included in the Proof of Claim.

7. <u>Parts Required Under Future Service Requirements</u>.  In addition, in certain instances, suppliers are required to maintain parts and fulfill DAS LLC and its customers' service and replacement parts requirements for 15 years after the end of the production of the product line in which the parts are needed.  Texas Instruments claimed $244,908.51 parts in quantities equal to or less than DAS LLC's future service requirements for such parts.  DAS LLC will continue to order these parts in the ordinary course of business consistent with its requirements.  Because DAS LLCs' future service requirements equal or exceed Texas Instrument's Cancellation Claim for part parts, $244,908.51 asserted with respect to part numbers S10D2012FNR, S10c5021FNR, S10c5030FNR, S10c5032FNR, S1E05013PgR, S1116012PJR, and S1e05020PGR (corresponding to Delphi part numbers 12230706001, 9383258001, 12200669001, 12203546001, 12213411001, 12214569001, and 12228416001, respectively), should not be included in the amount of the Claim.

8. <u>Proof of Delivery And Other Documentation Not Provided</u>. Texas Instruments claimed $11,754.00 in amounts owed based on the sale of goods for which it did not provide a proof of delivery.  DAS LLC has no record of ordering or receiving any quantity of part number R185D037FNF.  Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  <u>See</u> General Terms And Conditions at 2.1.  Because Texas Instruments has not provided these proofs of delivery, the amount of $11,754.00 asserted with respect to the Proof of Claim should not be included in the Claim.

9.  Duplicate Claims.  Texas Instruments asserted two claims, each for $5,730.00, for part number R158D046FNr.  Because the second claim is duplicative, $5,730.00 should be subtracted from the amount of the Proof of Claim.

10.  Price Discrepancies And Orders Not In The Claim.  The prices detailed on certain purchase orders are higher than the price detailed on Texas Instrument's invoices.  In addition, certain amounts have been added to the reconciled amount that were in addition to amounts and/or items claimed in the Proof of Claim  The purchase orders reflect the contractual pricing.  Therefore, $152,446.63 should be added to the amount of the Proof of Claim.

11.  After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $996,729.62 |
|---|---|---|
| Modifications | Cancellation Damages In Excess of Contractual Terms | ($321,122.41) |
| | Parts Required Under Future Service Requirements | ($244,908.51) |
| | Proof of Delivery Not Provided | ($11,754.00) |
| | Duplicate Claims | ($5,730.00) |
| | Price Discrepancies And Orders Not In Claim | $152,446.63 |
| Reconciled Amount | | $565,661.33 |

12.  DAS LLC does not dispute the remaining $565,661.33 of the Claim and request that the Claim be reduced to an unsecured non-priority claim against DAS LLC in an amount not to exceed $565,661.33.

Reservation Of Rights

13.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof Of Claim to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $565,661.33 and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      December 13, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                    By:   /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr. (JB 4711)
                        Albert L. Hogan, III (AH 8807)
                        John K. Lyons (JL 4951)
                        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

                    By:   /s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession