**Hearing Date: February 8, 2008**
                    **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

### DEBTORS' STATEMENT OF DISPUTED ISSUES
### WITH RESPECT TO PROOF OF CLAIM NUMBER 10180
### (THE CHERRY CORPORATION AND HAIN CAPITAL HOLDINGS, LLC)

("STATEMENT OF DISPUTED ISSUES –
CHERRY CORPORATION AND HAIN CAPITAL")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 10180 (The Cherry Corporation And Hain Capital Holdings, LLC) (this "Statement of Disputed Issues") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On October 10, 2005, The Cherry Corporation ("Cherry") submitted a demand to the Debtors asserting a reclamation claim in the amount of $810,094.18 arising from the alleged supply of goods prior to the Petition Date (the "Reclamation Claim").

3. On February 21, 2006, the Debtors sent a statement of reclamation to Cherry (the "Statement of Reclamation") with respect to the Reclamation Claim, whereby the Debtors asserted that the valid amount of the Reclamation Claim is $42,450.42, subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

4. On April 13, 2006, Cherry sent a letter response to the Statement of Reclamation, asserting that the valid amount of the Reclamation Claim is $487,902.68. To date, the Cherry and the Debtors have not resolved the amount of the Reclamation Claim.

5. On July 21, 2006, Cherry filed proof of claim number 10180 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts a claim in the total amount of

2

$1,670,436.79 (the "Claim").  The Claim includes a secured claim in the amount of $487,902.68 on account of the Reclamation Claim, an unsecured non-priority claim in the amount of $994,316.93 for goods that were allegedly delivered to DAS LLC but not paid for (together with the Reclamation Claim, the "Trade Claim"), and an unsecured non-priority claim in the amount of $194,993 for goods that were allegedly manufactured by Cherry for DAS LLC but never delivered or paid for (the "Cancellation Claim").

      6.      On August 14, 2006, Cherry transferred the Claim to Hain Capital Holdings, LLC ("Hain Capital" and, together with Cherry, the "Claimants") pursuant to a notice of transfer (Docket No. 4905).

      7.      On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

      8.      On November 21, 2006, Cherry filed the Response Of Cherry Corporation To The Debtors' Third Omnibus Objection To Claims (Docket No. 5653) (the "Response").

Disputed Issues

A.    <u>Cherry's Reclamation Claim</u>

      9.      Cherry contends that $487,902.68 of the Claim is secured by Cherry's reclamation rights under section 503(a) of the Bankruptcy Code.  The Debtors have disputed as much, and assert that the valid amount of the Reclamation Claim is $42,450.42.  However, the Debtors do not believe the procedures set forth in the Order Pursuant To 11 U.S.C. § 502(b) And

3

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") are the appropriate procedures by which the parties should litigate their dispute over the amount of the Reclamation Claim. Those disputes should be litigated pursuant to the procedures set forth in the Second Amended Final Reclamation Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment Of Reclamation Claims entered by the Court on October 2, 2007 (Docket No. 10409) (the "Reclamation Procedures Order"). Accordingly, the Debtors believe that the current litigation of the Claim pursuant to the Claims Objection Procedures Order should be limited to determining the total amount of the Claim, and that a determination of how much of the Claim should be subject to Cherry's reclamation rights should be reserved and decided pursuant to the Reclamation Procedures Order.

B.    DAS LLC Does Not Owe Cherry The Amount Asserted In The Proof of Claim With Respect To The Trade Claim

10.    Cherry asserts in the Proof of Claim that DAS LLC owes Cherry a total of $1,482,219.61 on account of the Trade Claim (which includes the amounts asserted in the Reclamation Claim) for goods that were allegedly delivered to DAS LLC prior to the Petition Date. DAS LLC has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim with respect to the Trade Claim.

11.    Cherry Was Overpaid Prepetition. During the weeks before the Petition Date, DAS LLC implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services. As such, delays and backlogs developed in the process

4

used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System). The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records. Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions. The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time. In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due. Here, the Debtors made a wire payment on October 7, 2005 in the amount of $24,816.58 that was not accounted for in the Proof of Claim.

12.     <u>Cash Discount</u>.  As part of their advance payment agreement, DAS LLC and Cherry agreed to cash discounts for payments that DAS LLC made in advance. Because it made the above-referenced October 7, 2005 advance payment, DAS LLC applied a cash discount of $3,007.23 to the invoices to which the payment applied. According, $3,007.23 should be subtracted from the amount of the Claim.

13.     <u>Insufficient Documentation</u>.  The Proof of Claim includes $104,364.20 of invoices for which Cherry has not provided sufficient documentation, including, in certain instances, invoice copies, proofs of delivery, and/or purchase order numbers. Such documentation contains information that is essential to reconcile Cherry's invoices to DAS LLC's books and records. Delphi's General Terms And Conditions governing its dealings with suppliers require, among other things, that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions at § 2.1. DAS LLC has no record of receiving the goods associated with the

5

invoices on the list attached hereto as <u>Exhibit A</u>.  Because Cherry has not provided sufficient documentation with respect to such invoices, $104,364.30 asserted with respect to those invoices should not be included in the Claim.

        14.     <u>Returned Material</u>.  The Proof of Claim includes invoice numbers 7468 and 7565 in the total amount of $22,778.45 for materials that have been returned by DAS LLC in the ordinary course of business, including materials returned because they were defective.  Therefore, $22,778.45 should be subtracted from the amount of the Claim.

C.     DAS LLC Does Not Owe Cherry The Amount Asserted In The Proof Of Claim With Respect To The Cancellation Claim

        15.     Cherry asserts that DAS LLC is liable to Cherry for $194,993.00 on account of the Cancellation Claim for goods allegedly manufactured by Cherry but not delivered to, or paid for by, DAS LLC.  For the reasons set forth below, DAS LLC disputes the entire Cancellation Claim.

        16.     In certain instances, DAS LLC no longer needs certain of the parts produced by its suppliers for a number of different reasons, including that the product line for which DAS LLC needs such parts is discontinued.  DAS LLC's Purchase Orders include terms governing its liability to suppliers for goods produced or partially produced for, but not delivered to, DAS LLC.  DAS LLC reimburses suppliers for cancelled goods based on two factors:  (a) the timing of the cancellation within a given production cycle and (b) whether the canceled goods are in a raw or finished state.  For certain portions of its Cancellation Claim, Cherry seeks amounts in excess the amount that would be determined by the methodology agreed upon by the parties under the purchase orders.  Therefore, $37,999.71 asserted with respect to part numbers

6

12450104, 12451304, 12451275, 12451289, 12451301, and 12451302 should not be included in the amount of the Claim.

17. In addition, in certain instances, suppliers are required to maintain parts and fulfill DAS LLC and its customers' service and replacement parts requirements for 15 years after the end of the production of the product line in which the parts are needed. Cherry claimed $51,707.89 for parts in quantities equal to or less than DAS LLC's future service requirements for such parts. DAS LLC will continue to order these parts in the ordinary course of business consistent with its requirements. Because DAS LLC's future service requirements equal or exceed a portion of Cherry's Cancellation Claim for these parts, $51,707.89 asserted with respect to part numbers 12451266, 12451271, 12451288, 12451303, and 12451314 should not be included in the amount of the Claim.

18. The plant to which Cherry shipped its parts was transferred from Delphi's thermal and interior division to Delphi's electronics and safety division in approximately early 2004. Prior to the Petition Date, Cherry submitted its entire Cancellation Claim to Delphi's electronics and safety division. However, the Cancellation Claim pertaining to part numbers 12451313, 12451272, 12451291, 12451307, 122451264, 12451316, 12451291, 12451248, and 12451249 should have been submitted to Delphi's thermal and interior division, and thus were denied by Delphi's energy and safety division. Accordingly, DAS LLC has not been able to evaluate $18,970.16 of the Cancellation Claim pertaining to those part numbers. If Cherry resubmits the Cancellation Claim with respect to these parts to Delphi's thermal and interior division, that division will evaluate the claim pursuant to its normal process.

19. Finally, the Cancellation Claim pertains to certain parts for which Cherry has only provided Cherry part numbers. DAS LLC and Cherry's contractual relationship relies

7

on Delphi part numbers, and thus DAS LLC needs these numbers to evaluate cancellation claims. Attached hereto as Exhibit B is a list of Cherry part numbers that DAS LLC cannot evaluate. Until they receive the Delphi part numbers, the Debtors dispute $86,316.58 of the Cancellation Claim pertaining to these parts. When they receive this information, the Debtors can evaluate the Cancellation Claim with respect these parts.

20. After taking into account the above-referenced deductions to the Claim, the Debtors reconciled the Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $1,670,436.79 |
|---|---|---|
| Modifications | Cherry Was Overpaid Prepetition | ($24,816.58) |
| | Cash Discount | ($3,007.23) |
| | Insufficient Documentation | ($104,364.30) |
| | Returned Material | ($22,778.45) |
| | Cancellation Claim Disallowed | ($194,993.00)[1] |
| Reconciled Amount | | $1,320,477.23 |

21. Subject to the Debtors' future evaluation of the amounts set forth in paragraphs 18 and 19 above, DAS LLC does not dispute the remaining $1,320,477.23 of the Claim and requests that the Claim be reduced to an unsecured non-priority claim against DAS LLC in an amount not to exceed $1,320,477.23, subject to (i) Cherry's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for a portion of the Claim in an amount to be determined, but in no event greater than $487,902.68, on the grounds that

---

[1] In the Proof of Claim, Cherry appears to round its Cancellation Claim to whole dollars. Accordingly, there is a slight discrepancy between the total amount of the Cancellation Claim and the individual items addressed with respect to the Cancellation Claim by the Debtors in this Statement of Disputed Issues.

8

Cherry has a valid reclamation claim in such amount and (ii) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid.

Reservation Of Rights

22.    This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Claims Objection Procedures Order.  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $1,320,477.23, subject to (x) the Debtors' future evaluation of the amounts set forth in paragraphs 18 and 19 above, (y) Cherry's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for a portion of the Claim in an amount to be determined, but in no event greater than $487,902.68, on the grounds that Cherry has a valid reclamation claim in such amount, and (z) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 13, 2007

                  SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP


By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    Albert L. Hogan, III (AH 8807)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -


By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession