UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                               :         Chapter 11
:
DELPHI CORPORATION, et al.,                :         Case No. 05-44481 (RDD)
:
                      Debtors.             :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING
PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL
INFORMATION IN CONNECTION WITH CERTAIN PROOFS OF CLAIM FILED BY
TECHNOLOGY PROPERTIES LTD.

This stipulation and agreed protective order is entered into and submitted to the Court in accordance with the agreement of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), on the one hand, and Technology Properties, Ltd. ("Technology Properties"), on the other hand (the Debtors, and Technology Properties being collectively the "Parties"), that discovery requested and other information provided in connection with all claims asserted against Delphi and/or Debtors by Technology Properties regarding any patent of the Moore Microprocessor Patent Portfolio ("MMP Portfolio") allegedly owned by Technology Properties, including but not limited to certain proofs of claims filed by Technology Properties and objections filed thereto (the "Claims") and claims of infringement of any patent of the MMP Portfolio, may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege; and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

        IT IS THEREFORE ORDERED:

1. The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

2. Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery by the Parties relating to the Claim.

## INFORMATION SUBJECT TO THIS ORDER

3. For purposes of this Order, "**CONFIDENTIAL INFORMATION**" shall mean all information or material which is produced for or disclosed to a receiving party; which a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain non-public confidential information, whether it is research, development, or commercial information or otherwise, and whether embodied in physical objects, documents, electronic data or the factual knowledge of persons or otherwise (and which has been so designated by the producing party). Any **CONFIDENTIAL INFORMATION** obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of the claims asserted against Delphi and/or Debtors by Technology Properties regarding any patent of the MMP Portfolio and for no other purpose.

4. Any document or tangible thing containing or including any **CONFIDENTIAL INFORMATION** may be designated as such by the producing party by marking it "**CONFIDENTIAL**" (or "**CONFIDENTIAL INFORMATION**") prior to or at the time copies are furnished to the receiving party. **CONFIDENTIAL INFORMATION** meeting

the criteria in Paragraph 19 for **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** may likewise be so marked.

5. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "**CONFIDENTIAL**" (or "**CONFIDENTIAL INFORMATION**") or "**COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**" by the reporter. Any portions so designated shall thereafter be separated and treated in accordance with the terms of this Order.

6. All **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 4, shall be designated by the producing party by informing the receiving party of the designation in writing.

7. Any documents (including physical objects) made available for initial inspection by outside counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, if warranted, prior to furnishing copies to the receiving party.

8. The following information is not **CONFIDENTIAL INFORMATION**:

(a) any information which at the time of disclosure to a receiving party is in the public domain;

(b) any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order;

3

  (c) any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

  (d) any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**.

## NO WAIVER OF PRIVILEGE

  9. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, provided however that, submitting such written challenge to the Court does not exempt the receiving party from the foregoing obligation to immediately return all copies of such inadvertently produced document(s), except as needed for the challenge and for so long as the challenge be in process, and that unless and until the Court denies the propriety of the

4

attorney-client privilege or work product immunity or other applicable privilege or immunity designation, the receiving party shall comply with that obligation.

## NO WAIVER OF CONFIDENTIALITY

10. Any document containing **CONFIDENTIAL INFORMATION**, but inadvertently not marked as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, shall not constitute a waiver as to the confidentiality of that document, if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**. Nothing herein shall prevent the receiving party from challenging the propriety of the confidentiality designation by submitting a written challenge to the Court according to Paragraphs 21 and 22.

## DISCOVERY RULES REMAIN UNCHANGED

11. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure.

## OUTSIDE COUNSEL AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

12. Outside counsel for a receiving party shall have access to the producing party's **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**. The term "outside counsel" shall mean outside counsel attorneys for the parties working on this litigation, including supporting personnel employed by the attorneys, such as technical advisers, paralegals, legal translators, legal secretary, legal clerk

5

and shorthand reporter, or independent legal translators retained to translate in connection with this action, or independent shorthand and/or video reporters retained to record and transcribe testimony in connection with this action. Receipt of the producing party's **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** by outside counsel for the receiving party pursuant to this protective order shall not be grounds for seeking disqualification of said counsel in any future or other legal proceedings involving the parties or third parties.

### TECHNICAL ADVISERS, EMPLOYEES AND CONSULTANTS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

13.     **CONFIDENTIAL INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers, subject to the requirements of Paragraphs 14-16. **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers, subject to the requirements of Paragraphs 14-16.

14.     Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to a technical adviser or a member of the technical adviser's staff, who function to provide engineering, technical, accounting or financial expertise in support of the technical advisers, the receiving party shall first give written notice of the identification of the technical advisor by hand delivery, e-mail transmission and/or facsimile transmission to the producing party, who shall have two (2) business days after such notice is given to object in writing. The party desiring to disclose **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY**

**CONFIDENTIAL INFORMATION** to a technical adviser shall provide the curriculum vitae of such individual and shall include the following information about such individual in the foregoing written notice:

    (a)    business address;

    (b)    business title;

    (c)    business or profession;

    (d)    any previous or current consultancy or employment relationship with any of the parties; and

    (e)    a listing of other cases in which the individual has testified (at trial or deposition), and all companies with which the individual has consulted or by which the individual has been employed, within the last four years.

15.    No **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall be disclosed to such technical adviser until after the expiration of the foregoing notice period. The notice requirements of paragraph 14 regarding the provision of information about technical advisers shall apply to all professionals working at the direction of counsel, whether testifying experts or consulting experts only, as well employees of such technical advisers who provide technical, engineering, accounting or financial support services. The notice requirement set forth in paragraph 14 shall not apply to outside counsel.

16.    If, however, during the notice period the producing party serves an objection upon the receiving party desiring to disclose **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to the technical adviser, there shall be no disclosure of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to such individual pending resolution of the objection.

7

The objection of the producing party objecting to disclosure of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to the individual shall include an explanation of the basis of its objection, and consent to the disclosure of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to the individual shall not be unreasonably withheld.  If a producing party objects to the disclosure of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to a technical adviser, the receiving party shall then have two (2) business days after such objection is served to respond to the objection.  If the objection cannot be resolved in good faith on an informal basis within two (2) business days after the producing party is served with the response to the objection, either party may bring the matter to the Court for resolution or other appropriate relief.  If neither party raises the objection within the prescribed period to the Court, then any objection to the technical adviser is waived, and any **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** may be thereafter disclosed to such individual.  No document designated by a producing party as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall be disclosed by a receiving party to a technical adviser until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms.  Such written agreement shall be retained by counsel for the receiving party, and will be provided to the producing party at any time upon request.

    17.  Subject to the requirements set forth in this Order, including those of Paragraphs 12-13 and 19-20, **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of a producing party, and such copies as are

reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to data processing vendors; copy service vendors, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; non-technical jury or trial consulting services, including mock jurors; and to one (1) in-house attorney or one (1) business representative responsible for maintaining, defending or evaluating this litigation from each party, including staff members supporting the one (1) designated party individual.  The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action.  This paragraph does not permit any information to be shown to a party employee who is subject to the **PROSECUTION BAR** of Paragraph 20, nor does it alter or waive the **PROSECUTION BAR** of Paragraph 20.

    18. Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to any of the persons or services described in Paragraph 17, counsel for the receiving party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Attachment A.  Such written agreement shall be retained by counsel for the receiving party, and will be provided to the producing party at any time upon request.

## INFORMATION DESIGNATED COUNSEL EYES ONLY CONFIDENTIAL INFORMATION

9

19.     **CONFIDENTIAL INFORMATION** may be additionally designated **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** (by labeling it **COUNSEL ONLY** or **ATTORNEY'S EYES ONLY** or **OUTSIDE ATTORNEY'S EYES ONLY** or similar designation clearly transmitted in writing to the other parties). The **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** designation is reserved for **CONFIDENTIAL INFORMATION** that constitutes proprietary financial or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans, trade secrets, technical documents that would reveal trade secrets, and license or settlement agreements or related communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  Documents designated **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** and contents thereof shall be available only to outside counsel for the parties, the technical advisers who are assisting them, data processing vendors, copy service vendors, graphics and trial consultants, and the one individual (either an in-house attorney or business representative) from either party, including supporting staff members, who have responsibility for maintaining, defending or evaluating this litigation as set forth in Paragraph 17, subject to the requirements for disclosure to such persons provided for in this Order.

## PROSECUTION BAR

20.     Any person who receives any document designated as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall not prosecute or prepare any patent application or otherwise pursue patent rights in the fields of

10

microprocessor or microcontroller technology on behalf of a party to this action from the time of receipt of such information through and including one (1) year following the first to occur of (a) entry of a final non-appealable judgment or order in this action as to such party; or (b) the complete settlement of all claims against such party in this action ("the **PROSECUTION BAR**").

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

21.    The parties will use reasonable care when designating documents or information as CONFIDENTIAL INFORMATION or COUNSEL EYES ONLY CONFIDENTIAL INFORMATION (whether marked ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY). Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL INFORMATION or COUNSEL EYES ONLY CONFIDENTIAL INFORMATION have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

22.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION or COUNSEL EYES ONLY CONFIDENTIAL INFORMATION designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL INFORMATION or

11

COUNSEL EYES ONLY CONFIDENTIAL INFORMATION designation. Unless and until the Court cancels or modifies any such designation, the receiving party shall treat the subject documents or information according to such designation pursuant to the terms of this Order.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION AND COUNSEL ONLY CONFIDENTIAL INFORMATION

23. **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall be held in confidence by each person to whom it is disclosed, shall be used only in connection with the claims asserted against Delphi and/or Debtors by Technology Properties regarding any patent of the MMP Portfolio, shall not be used for any other purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any court reporter, videographer, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial. Court reporters and videographers not employed by the Court must execute a written Confidentiality Agreement, in the form attached hereto as Attachment A.

24. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of

which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, and/or employee of a producing party may be examined and may testify concerning all **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** which has been produced by that party;

(b) A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of which he or she has prior knowledge, including any **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c) Non-parties may be examined or testify concerning any document containing **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party, or a representative of such producing party. Any person other than the witness, his or her attorney(s), and any person qualified to receive **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** under this Order shall be excluded from the portion of the examination concerning such information, unless the

producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** disclosed during the course of the examination. In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a protective Order from the Court prohibiting such attorney from disclosing such **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**.

(d)    In addition to the restrictions on the uses of all types of **CONFIDENTIAL INFORMATION** set forth in this Order, including those of Paragraphs 12-13 and 19-20, the following shall apply to use of documents a party has designated **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** (whether **RESTRICTED CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY** or **CONFIDENTIAL-ATTORNEYS' EYES ONLY** or other like label) at a deposition:

(i)    A witness who previously had access to a document designated **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, but who is now under a present non-disclosure agreement with the producing party that covers that document, may be shown the document if a copy of this protective order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the protective order and that the protective order requires

14

the parties to keep confidential any questions, testimony or documents that are designated as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**.

25. All portions of transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** or which contain information so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "**CONFIDENTIAL** [OR **COUNSEL EYES ONLY**] **INFORMATION - UNDER PROTECTIVE ORDER**" and a statement substantially in the following form:

"This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter."

26. Nothing in this Order shall prohibit the transmission or communication of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** between or among qualified recipients

    (a)    by hand-delivery;

    (b)    in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

    (c)    by telephone, telegraph, facsimile or other electronic transmission system;

where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

15

27.     **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed to be the same level of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** under the terms of this Order as the original documents upon which such work product was based. Further, nothing herein shall restrict a qualified recipient from converting or translating **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, in whatever form stored or reproduced, shall be limited to qualified recipients.

### NONPARTY USE OF THIS PROTECTIVE ORDER

28.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

29.     A nonparty's use of this Protective Order to protect its **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** does not

16

entitle that nonparty access to **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** produced by any party in this case.

## DISCOVERY FROM EXPERTS

30. Testifying experts used for any purpose other than an advice of counsel defense shall not be subject to discovery on any draft of his or her report in this case and such draft reports, notes or outlines for draft reports developed and drafted are also exempt from discovery.

31. Discovery of materials provided to testifying experts used for any purpose other than an advice of counsel defense shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert not used for an advice of counsel defense, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case.

32. No conversations or communications between counsel and any testifying or consulting expert used for any purpose other than an advice of counsel defense will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

33. Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and protective order.

## **MISCELLANEOUS PROVISIONS**

34. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

35. Within sixty (60) days after the entry of a final non-appealable judgment or the complete settlement of all claims asserted against Delphi and/or Debtors by Technology Properties regarding any patent of the MMP Portfolio, whichever later, each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** which were received from the producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**; provided, that all **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.

36. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The Court shall take appropriate measures to protect

**CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** at trial and any hearing in this case.

37. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 14th day of December, 2007

/s/Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge


AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession

- and -


/s/ Wendy W. Smith
Wendy W. Smith
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA  95050

Attorney for Technology Properties Ltd.

## ATTACHMENT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of

_____ [address]

declare under penalty of perjury as follows:

I have read in its entirety the Stipulated Protective Order that was issued by the United States Bankruptcy Court Southern District Of New York in the case of *In re Delphi Corporation, et. al.,* Case No. 05-44481 (RDD).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court Southern District Of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Date

_____
Name (printed)

_____
Signature

_____
Position/Title and Company

_____
City / State where sworn and signed