Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN _____ District of _____ NEW YORK

| | |
|---|---|
| In re DELPHI CORP. ET AL.,<br>Debtor | SUBPOENA IN A CASE UNDER<br>THE BANKRUPTCY CODE |
| | Case No. * 05-44481 (RDD) |
| To: WATSON WYATT WORLDWIDE, INC. | Chapter 11 |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| COHEN, WEISS AND SIMON LLP<br>330 WEST 42nd STREET, 25th FLOOR<br>NEW YORK, NY 10036 | JANUARY 4, 2008, 2:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT.

| PLACE | DATE AND TIME |
|---|---|
| COHEN, WEISS AND SIMON LLP<br>330 WEST 42nd STREET, 25th FLOOR<br>NEW YORK, NY 10036 | DECEMBER 28, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature]    ATTORNEY FOR UAW | 12/14/07 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
PETER D. DECHIARA, COHEN, WEISS AND SIMON LLP
330 WEST 42nd STREET, NEW YORK, NY 10036, TEL.: (212) 563-4100

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **SERVED** | 12/14/07 | | Watson Wyatt Worldwide 875 Third Avenue New York NY 10022 |
| **SERVED ON (PRINT NAME)** By Elizabeth J. Rass Watson Wyatt Co | | **MANNER OF SERVICE** In person | |
| **SERVED BY (PRINT NAME)** Robert L. Simone | | **TITLE** | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___12/14/07___
DATE

_Robert L. Simone_
SIGNATURE OF SERVER

Cohen, Weiss and Simon
330 W. 42nd St. NY, NY 10036
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Attachment A to Watson Wyatt Subpoena

Definitions:

1. "Concerning" means related to, referring to, describing, evidencing or constituting.

2. "Documents" shall mean any writings, pictures, drawings, graphs, charts, photographs or other data compilations, including documents stored in any medium, including electronic documents such as emails, spreadsheets, powerpoints, or wordprocessing documents.

3. "Delphi" means Delphi Corporation or any affiliated business or any debtor in this Chapter 11 case, their representatives, employees and/or agents.

4. "Watson Wyatt" means Watson Wyatt Worldwide, Inc., its representatives, employees and/or agents.

5. "Management Compensation Plan" means the Management Compensation Plan set forth in Exhibit 7.8 to the Debtors' First Amended Plan of Reorganization and in the Debtors' First Amended Disclosure Statement, as well as any prior versions of the Management Compensation Plan.

Document Requests:

1. Any and all analyses, studies, reports or memoranda authored, produced or created, in whole or in part, by Watson Wyatt concerning the Management Compensation Plan.

2. Any and all documents concerning the use of data on comparable or peer companies in formulating, evaluating, reviewing or analyzing the Management Compensation Plan.

3. Any and all documents concerning the choice of comparable or peer companies in formulating, evaluating, reviewing or analyzing the Management Compensation Plan.

4. Any and all documents concerning the use of survey data in formulating, evaluating, reviewing or analyzing the Management Compensation Plan.

5. Any and all documents concerning whether the Management Compensation Plan will make the compensation of the executives covered by it above, at or below market levels,

1

measured by either their total compensation and/or any part of their compensation, including their compensation under the Short-Term Incentive Plan and the Long-Term Incentive Plan.

6. Any and all documents concerning the actual or estimated dollar value of the Management Compensation Plan, in whole and in its various parts, in its entirety and on an annual basis.

7. Any and all documents concerning the actual or estimated potential liability of Delphi for the employment agreements, change-of-control agreements and/or retirement provisions of the Management Compensation Plan, in their entirety and on an annual basis.

8. Any documents concerning the total amounts paid by or owed by Delphi to Watson Wyatt since 1999, as compensation for any and all services provided by Watson Wyatt to Delphi, other than management compensation consulting services.

9. Any documents concerning the total amounts paid by or owed by Delphi to Watson Wyatt since 1999, as compensation for management compensation consulting services only.

10. Any and all documents concerning an analysis of whether, with implementation of the Management Compensation Plan, there will be equivalence of sacrifice by the executives covered by it and the UAW-represented employees.

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007, I caused a true and correct copy of the foregoing Subpoena to Watson Wyatt Worldwide, Inc. to be duly served by e-mail (to those with e-mail addresses indicated) and First-Class mail upon:

Counsel For The Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606-1285
John Wm. Butler, Jr.
jbutler@skadden.com
George N. Panagakis
gpanagak@skadden.com
Ron E. Meisler
rmeisler@skadden.com
Nathan L. Stuart

and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Kayalyn A. Marafioti
kmarafio@skadden.com
Thomas J. Matz
tmatz@skadden.com

United States Trustee
The Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004
Alicia M. Leonhard

Counsel for Creditors' Committee
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Robert J. Rosenberg
robert.rosenberg@lw.com
Mitchell A. Seider
mitchell.seider@lw.com
Mark A. Broude
mark.broude@lw.com

Counsel for the Equity Committee
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10004
Brad E. Scheler
brad.scheler@friedfrank.com
Bonnie K. Steingart
bonnie.steingart@friedfrank.com
Vivek Melwani
vivek.melwani@friedfrank.com

Counsel For the Postpetition Lenders
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10022
Donald S. Bernstein
donald.bernstein@dpw.com
Brian M. Resnick
brian.resnick@dpw.com

Counsel for A-D Acquisition Holdings, LLC
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131
Thomas E. Lauria
tlauria@whitecase.com
Michael C. Shepherd

and

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Gerard H. Uzzi
guzzi@whitecase.com
Glenn M. Kurtz
gkurtz@whitecase.com

3

Douglas P Baumstein
dbaumstein@whitecase.com

Counsel for General Motors Corporation

Weil, Gotshal and Manges LLP
767 Fifth Avenue
New York, NY 10153
Jeffrey L. Tanenbaum
jeff.tanenbaum@weil.com
Michael P. Kessler
michael.kessler@weil.com
Robert J. Lemons
robert.lemons@weil.com

/s/ Peter D. DeChiara
Peter D. DeChiara
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 563-4100

00114568.DOC.1