**MORGAN, LEWIS & BOCKIUS LLP**
**Attorneys for Steering Holding, LLC**
**101 Park Avenue**
**New York, New York  10178-0060**
**(212) 309-6000**
**Neil E. Herman (NH-2513)**

Hearing Date:  12/20/07 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
In re:                                              :        **Chapter 11**
                                                    :
**DELPHI CORPORATION, et al.**        :        **Case No.  05-44481 (RDD)**
                                                    :        **(Jointly Administered)**
                                 **Debtors.**     :
--------------------------------------------------------x

**LIMITED RESPONSE OF STEERING HOLDING, LLC TO EXPEDITED
MOTION FOR ORDERS UNDER 11 U.S.C. §§ 363, 365 AND 1146 AND
FED R. BANKR. P. 2002, 6004, 6006 AND 9014(A)(I) APPROVING BIDDING
PROCEDURES, (II) GRANTING CERTAIN BID PROTECTIONS,
(III) APPROVING FORM AND MANNER OF SALE NOTICES AND
(IV) SETTING SALE HEARING DATE, (B) AUTHORIZING AND
APPROVING (I) SALE OF CERTAIN OF DEBTORS' ASSETS COMPRISING
SUBSTANTIALLY ALL ASSETS PRIMARILY USED IN DEBTORS'
STEERING AND HALFSHAFT BUSINESS FREE AND CLEAR OF LIENS,
CLAIMS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND
(III) ASSUMPTION OF CERTAIN LIABILITIES, AND (C) AUTHORIZING
AND APPROVING TRANSACTION FACILITATION AGREEMENT**

Steering Holding, LLC, by its undersigned attorneys, in response to the above-captioned

motion (the "Motion"), hereby states as follows:

**PRELIMINARY STATEMENT**

1.        The Motion seeks the extraordinary relief of, among other things, granting to

Steering Solutions Corporation ("Steering Solutions") a break-up fee of $6 million (the "Break-

Up Fee") plus an additional expense reimbursement of up to $2 million (the "Expense

Reimbursement") in exchange for a bid by Steering Solutions to buy the steering business from

the Debtors, which bid would yield an actual cash purchase price to the estates from Steering

Solutions of only $1.00. For the Court's information, the "$1.00" figure in the preceding sentence is not a typographical error. In short, Steering Solutions will only contribute $1.00 to the estates in actual cash consideration at the closing, in exchange for the entirety of the steering business.[1]

2.        Steering Holding, LLC submits that the $1.00 cash portion of the Steering Solutions bid does not justify a combined Break-Up Fee and Expense Reimbursement of $8 million and thus such bid should not be approved as the stalking horse bid. Rather, Steering Holding, LLC hereby submits its own bid, identical to the bid of Steering Solutions -- except with (i) a $3 million Break-Up Fee (i.e., $3 million less than Steering Solutions), (ii) a $1 million Expense Reimbursement (i.e., $1 million less than Steering Solutions), and (iii) a cash payment to the estates of $10 million at closing (i.e., $10 million more than Steering Solutions).

## BACKGROUND

3.        Steering Holding, LLC is an affiliate of Sun Capital Partners, Inc., which is based in Boca Raton, Florida with offices in Los Angeles and New York, and affiliates with offices in London, Tokyo and Shenzhen. Sun Capital is a leading private investment firm focused on leveraged buyouts and investments in market leading companies. Sun Capital focuses on niche opportunities of corporate divestitures, turnarounds, underperforming entities and special situations that can benefit from its in-house operating professionals and experience. Sun Capital has more than $10 billion of equity capital under management and acquires controlling interests in companies through Sun Capital's leveraged buyout funds, Sun Capital  Partners IV, LP, and Sun Capital Partners V, LP, with $7.5 billion of combined committed equity capital, and invests in non-controlled stakes in equity, debt, and other securities of companies through its securities

---

[1]        In addition to $1.00 in cash, Steering Solutions has agreed to assume approximately $190 million of liabilities that it will pay at some point after closing in the ordinary course of business.

fund, Sun Capital Securities Fund, with more than $1.5 billion of committed equity capital.  With

a team of over 130 people with significant operational and transactional experience, Sun Capital

affiliates have invested in more than 170 companies, with aggregate sales in excess of $35

billion, since the firm's inception in 1995.  Sun Capital has extensive experience in the auto parts

industry.  Affiliates of Sun Capital own interests in automotive component suppliers such as

DriveSol Worldwide (a manufacturer of pedals), Fluid Routing Systems (a manufacturer of fluid

handling systems), Europower (a manufacturer of hydraulic hoses), Vari-Form (a manufacturer

of hydroform intensive body structural products) and Wabash Technologies (a manufacturer of

sensor and actuator products), all of which sell products to General Motors or other original

equipment manufacturers.

4.      During 2006, an affiliate of Steering Holding, LLC executed a confidentiality

agreement, and in 2007 it completed extensive diligence on the steering business, and submitted

to the Debtors a written bid to purchase the steering business as a going concern.  As a result,

Steering Holding, LLC is fully familiar with the assets and liabilities of the steering business, the

GM and UAW issues and agreements and the major issues facing the steering business.

5.      Attached hereto as an Exhibit is a Master Sale and Purchase Agreement which is

identical to the version which Debtors and Steering Solutions seek to have approved except with

the following changes:

       (i)      the cash purchase price to the estates payable at closing has been

increased from $1.00 to $10 million;

      (ii)      the Break-Up Fee to be payable by Debtors has been reduced from

$6 million to $3 million;

(iii)    the Expense Reimbursement to be paid by Debtors has been

reduced from $2 million to $1 million; and

(iv)    the name of the buyer and the address for notices has been changed

from Steering Solutions to Steering Holding, LLC.

No other changes whatsoever have been made.  Consequently, the proposed Steering Holding,

LLC contract to be the stalking horse is "apples to apples" on all terms except for the above-

noted improvements in the economic terms to GM, the estates and creditors.

6.    It is important to note that the Steering Holding, LLC proposal to be the stalking

horse is not only better economically, but it is also designed to ensure that none of the bid

procedures, auction process or timing of the sale and closing will be affected in any manner.

Simply put, if Steering Solutions and its $1.00 bid is replaced as the stalking horse at the

December 20 hearing, none of the dates proposed by Debtors for competing bids, the auction, the

sale hearing or the closing will be delayed.  Similarly, none of the procedures for competing bids

and/or the auction and sale will be changed.[2]

7.    The Motion correctly states that bid procedures and bidding protections (such as

the selection of a stalking horse and approval of a Break-Up Fee) are governed by the "business

judgment" rule.  Motion, pp. 32-33.  While this statement of existing law is generally correct, it

is respectfully submitted that Debtors' business judgment should not be given any special

deference by this Court where, as here, (i) there are identical "apples to apples" bids by ready,

willing and able bidders (with no difference in timing, process or contract terms), and (ii) the

Steering Holding, LLC bid is so much economically better to the estates by many millions of

dollars.  Since the Court can easily compare the two competing stalking horse bids on their sole

---

[2]    If selected as the stalking horse bidder, Steering Holding, LLC will adopt in full, without change, all of the
relief sought in the Debtors' bid procedures order and will consent to the identical procedures and timing as the
Steering Solutions bid -- provided Debtors cooperate and give Steering Holding, LLC reasonable access.

difference (i.e., on the cash to be paid), and since no subjective differences exist, there is simply no factual or legal basis to give any weight to the Debtors' business judgment in selecting Steering Solutions as the stalking horse.  To the contrary, if Debtors insist on supporting a $1.00 cash bid over Steering Holding, LLC's multi-million dollar bid, then this Court should exercise its discretion and find that such conduct is not in the best interest of the estates and the creditors.

## CONCLUSION

8.      Steering Holding, LLC respectfully requests that it is in the estates' best interests for Steering Holding, LLC to be selected as the stalking horse bidder for the steering business. Steering Holding, LLC has submitted a proposed contract (attached hereto) which is far superior to the Steering Solutions bid from an economic perspective, yet identical from all other perspectives.  Moreover, changing stalking horses on December 20 will not delay or alter in any manner the proposed timing and process for the auction and sale of the steering business.

**WHEREFORE**, Steering Holding respectfully  requests that it be selected as the stalking horse bidder, in the best interests of the estates; that this Court approve the bidding procedures and other relief sought in the Motion (but with Steering Holding replacing Steering Solutions in each relevant instance); and that this Court grant such other relief as is just.

Dated: New York, New York
        December 17, 2007

                                MORGAN, LEWIS & BOCKIUS LLP
                                Attorneys for Steering Holding, LLC


                                By:____/s/ Neil E. Herman_____
                                        Neil E. Herman (NH-2513)
                                        A Member of the Firm

                                        101 Park Avenue
                                        New York, NY  10178
                                        212-309-6669

1.    EXHIBIT A:  MASTER SALE AND PURCHASE AGREEMENT (EXECUTION VERSION)

2.    EXHIBIT B:  BLACKLINED VERSION OF MASTER SALE AND PURCHASE AGREEMENT