**EXHIBIT A**

W. Robinson Beard (Ky. Bar No. 03960)
STITES & HARBISON PLLC
400 W. Market Street
Louisville, Kentucky 40202

Telephone: (502) 587-3400
Facsimile: (502) 587-6391

Attorneys for Defendant
Akebono Corporation (North America).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Delphi Corporation et al., | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**AFFIDAVIT OF BRANDON J. KESSINGER**
**IN SUPPORT OF SUPPLEMENTAL RESPONSE OF AKEBONO CORPORATION**
**(NORTH AMERICA) TO DEBTORS' TWENTY-FIRST OMNIBUS CLAIMS**
**OBJECTION**

I, Brandon J. Kessinger, being duly sworn upon my oath and having personal knowledge of the following facts do hereby state and affirm as follows:

1.    I am at least twenty-one (21) years of age and competent to make this affidavit.

2.    I am a member of the Kentucky Bar Association and licensed to practice law in the Commonwealth of Kentucky.

3.    I am the Director of Legal Affairs at Akebono Corporation (North America) ("Akebono"), a claimant in the above-captioned bankruptcy case.

4.    As the Director of Legal Affairs of Akebono, I have personal knowledge of the facts set forth in this affidavit, including those matters about which I am informed based on my review of files, books, and records kept by Akebono in the ordinary course of Akebono's business which are under my control or supervision.

5.    On May 22, 2007, Akebono filed its proof of claim, referred to by the Debtor as proof of claim number 2433 (the "Claim"), in the amount of $231,027.90.

## I. **PRICING**

6.      Paragraph 6 of the Debtors' Statement Of Disputed Issues With Respect To Proof Of Claim Number 2433 (Akebono Corporation) (the "Statement") states, in full, as follows:

> DAS LLC's Purchase Orders Do Not Support Pricing Cited By Akebono.  The price detailed on certain purchase orders is lower than the price detailed on certain of Akebono's invoices.  The purchase orders reflect the contractual pricing.  Therefore, $153,625.97 should be subtracted from the amount of the Proof of Claim.

7.      During the Meet and Confer telephonic conference between Akebono and the Debtor on December 12, 2007 (the "Meet and Confer"), Akebono requested that the Debtor supply documentation supporting the allegation regarding pricing in paragraph 6.  Attached hereto as Exhibit 1 is the document (the "Pricing Memo") supplied by the Debtor in response to that request.

8.      Attached hereto as Exhibit 2 and incorporated herein by reference is Negative Invoice No. 131825.  It documents credits in the amount of $323,965.34 applied by Akebono to purchases by Delphi of items bearing part numbers 18046501 (51 mm Left-Hand Inner Brake Pad Assemblies) and 18046502 (51 mm Right-Hand Inner Brake Pad Assemblies).

9.      Attached hereto as Exhibit 3 and incorporated herein by reference is Negative Invoice No. 131141.  It documents credits in the amount of $174,771.20 applied by Akebono to purchases by Delphi of items bearing part numbers 18088048 (GMT 800 Shoe and Lining) and 18088049 (GMT 800 Shoe and Lining).  Negative Invoice No. 131141 shows a balance of $21,717.14.

10.      The Debtor's Pricing Memo does not recognize the full $174,771.20 credited by Akebono as documented in Negative Invoice No. 131141.  Instead, the Pricing Memo shows that the Debtor only applied $21,717.14 of this credit, leaving a balance to be applied by the Debtors of $153,625.97.  Therefore, $153,625.97 should not be subtracted from the amount of the Claim.

## II. **DISCOUNTS**

11.      Paragraph 7 of the Statement states, in full, as follows:

> Contractual Discounts Not Included In Proof Of Claim.  Akebono neglected to provide contractual discounts on certain invoices associated with the Proof of Claim.  The total amount of the discounts not received by DAS LLC is $3,254.63.  Therefore, $3,254.63 should be subtracted from the Proof of Claim.

12.      During the Meet and Confer, Akebono requested that the Debtor supply documentation supporting the allegation regarding discounts in paragraph 7.  Attached hereto as

Exhibit 4 is the document (the "Discount Memo") supplied by the Debtor in response to that request.

13.    Akebono obtained from the Debtor's system, eDACOR, the internal debit memoranda (the "Debit Memoranda") attached hereto as Exhibit 5. The Debit Memoranda each state "Cash Discount" as the basis for the amounts due in the Discount Memo. Akebono does not give cash discounts. Therefore, $3,254.63 should not be subtracted from the Claim.

## III. QUANTITY

14.    Paragraph 8 of the Statement states, in full, as follows:

> Quantity Overstated. The quantity detailed on certain invoices is higher than the quantity actually received by DAS LLC. Therefore, $24,010.74 should be subtracted from the amount of the Proof of Claim.

15.    During the Meet and Confer, Akebono requested that the Debtor supply documentation supporting the allegation regarding quantity in paragraph 8. Attached hereto as Exhibit 6 is the document (the "Quantity Memo") supplied by the Debtor in response to that request.    Akebono determined through the Debtor's system, eDACOR, that Item ESD5203573956001 in the Quantity Memo corresponds to items bearing part numbers 18084698 and 18084699.

16.    Attached hereto as Exhibit 7 is the Invoice and signed Bill of Lading showing Akebono's delivery to the carrier F.O.B. Glasgow the shipments of 5 containers of part numbers 18084698 and 18084699 representing $24,000.00 of the $24,010.74 the Debtor alleges it did not receive. Therefore, $24,000.00 should not be subtracted from the Claim.

## IV. UNSUPPORTED

17.    Paragraph 9 of the Statement states as follows:

> Supporting Documentation Not Provided.  Akebono claimed $72,573.61 in amounts owed based on the sale of goods for which it did not provide supporting documentation.  Delphi's General Terms and Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." ... DAS LLC has no record of receiving the goods asserted in the Proof of Claim.  Because Akebono has not provided proofs of delivery with respect to the goods associated with the Proof of Claim, $72,573.61 should not be included in the claim.

18.    During the Meet and Confer, Akebono requested that the Debtor supply documentation supporting the allegation in paragraph 9.  Attached hereto as Exhibit 8 is the

document (the "Delivery Memo") supplied by the Debtor in response to that request.    The Delivery Memo does not support the allegation in paragraph 9.

19.    Because the Delivery Memo does not represent actual evidence sufficient to rebut the presumed validity of the Claim, it fails to overcome the *prima facie* validity of the claim. Therefore, $72,573.61 should not be subtracted from the Claim.

## V. **TRANSFER**

20.    Paragraph 10 of the Statement states, in full, as follows :

> The above deductions result in a $22,437.05 credit owed to DAS LLC, which was transferred to Ambrake Corporation ("Ambrake"), an affiliate of Akebono.

21.    During the Meet and Confer, Akebono requested that the Debtor provide a justification for making the transfer in paragraph 10.    Attached hereto as Exhibit 9 is the document (the "Credit Memo") supplied by the Debtor in response to that request.

22.    The Credit Memo shows a credit in the amount of $22,437.05 outstanding on October 1, 2005.    Attached hereto as Exhibit 10 is the corresponding Debit Memo from Akebono's records showing that the Debtor applied an offsetting debit in the amount of $22,437.05 to Akebono's account on October 5, 2006.    Therefore, $22,437.05 was not outstanding and should not have been transferred by the Debtor and applied to Ambrake's claim.

[ THE BALANCE OF THIS PAGE IS INTENTIONALLY BLANK.]

FURTHER AFFIANT SAYETH NAUGHT.

I hereby affirm under penalties of perjury, that the foregoing representations are true to the best of my knowledge and belief.

Brandon J. Kessinger, Esq.

STATE OF _____ )
COUNTY OF _____ )

The foregoing Affidavit was subscribed, sworn to and acknowledged before me by Brandon J. Kessinger on this ___17___ day of December, 2007.

Witness my hand and notary seal.

Notary Public

My Commission Expires: _2-26-2011_

Tendered by:

/s/ W. Robinson Beard
W. Robinson Beard (Ky. Bar No. 03960)
*Admitted Pro Hac Vice*
Stites & Harbison, PLLC
400 West Market Street
Louisville, Kentucky 40202
(502) 587-3400
(502) 587-6391 facsimile
loucourtsum@stites.com
Counsel for Akebono Corporation (North America)