BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for KenSa LLC
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, et al

    Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered

## AFFIDAVIT OF HAROLD ZAIMA

Hal Zaima, being first duly sworn, states as follows:

1. I am over the age of 18 and have personal knowledge of the facts set forth below.

2. I am the President of KenSa LLC ("KenSa") and file this Affidavit in support of KenSa's Supplemental Response to Debtors' Twenty-First Omnibus Objection pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to certain (A) Duplicate or Amended Claims; (B) Untimely Equity Claim; (C) Insufficiently Documented Claims; (D) Claims not Reflected on Debtors' Books and Records, (E) Untimely Claim, and (F) Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims Asserting Reclamation ("Twenty-First Omnibus Objection") and Statement of Disputed Issues with Respect to Proof of Claim Number 14109 (KenSa LLC) ("Statement").

3. On July 31, 2006, I caused Proof of Claim Number 14109 ("Claim") to be filed by counsel for KenSa.

4. The Claim is based on unpaid invoices for automotive parts that KenSa provided to Debtors on or before October 8, 2005.

5. In the Statement, Debtors dispute a portion of the Claim that is based on Invoice No. M39123. Invoice M39123 is based on a cancellation claim for costs incurred by KenSa in connection with certain parts that Debtors ordered and then cancelled prior to product launch ("Cancellation Portion"). Invoice M39123 and the back up data supporting the Cancellation Portion are attached as Exhibit A.

6. KenSa incurred the following costs, which constitutes the Cancellation Portion of the Claim:

   (a) $29,957.73 for costs associated with obsolete raw material for four (4) part numbers (04608533AD, 04608699AB, 04608700AC and 04896705AA) ("Parts") that were cancelled by Debtors before product launch;

   (b) $3,613.59 for costs associated with a blue print error for Parts by Debtors that caused KenSa to purchase terminal #15491331 instead of proper terminal #154118441;

   (c) $191.00 for costs associated with assembly fixture change to due to change to clip on Parts;

   (d) $23,530.00 for costs associated with testing required by Debtors for crimp validation on Parts; and

   (e) $2,945.77 for costs associated with tooling for Debtors relating to the Parts.

KenSa is entitled to reimbursement of these items under Debtors' terms and conditions that are applicable to the invoices for the part numbers listed above.

7.  In the Statement, Debtors also dispute a portion of the Claim that is based on materials that Debtors claim were returned in the ordinary course of business ("Returned Materials Portion").

8.  On December 10, 2007, I participated in a call with representatives from Debtors regarding the Claim. During that phone call, because Debtors had not attached the documentation to the Statement, I requested that Debtors forward me documentation identifying the invoices that constitute the Returned Materials Portion of the Claim. I received the requested materials from Debtors and have been attempting to reconcile the information received with KenSa's records.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: December 17, 2007                           /s/ Harold Zaima
                                                   **Harold Zaima**