BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Cooper-Standard Automotive, Inc.
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al<br><br>    Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**SUPPLEMENTAL RESPONSE OF COOPER-STANDARD AUTOMOTIVE INC. TO (I) DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS; (B) UNTIMELY EQUITY CLAIM; (C) INSUFFICIENTLY DOCUMENTED CLAIMS; (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIM, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIM SUBJECT TO MODIFICATION AND MODIFIED CLAIMS ASSERTING RECLAMATION AND (II) DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECTO TO PROOF OF CLAIM NUMBER 14664 (COOPER STANDARD AUTOMOTIVE F/K/A ITT AUTOMOTIVE FLUID HDG. SYST./DEUTSCHE BANK SECURITIES INC.)**

Cooper-Standard Automotive Inc. ("Cooper-Standard") states the following in support of its supplemental response ("Supplemental Response") to (I) Debtors' Twenty-First Omnibus Objection pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to certain (A) Duplicate or Amended Claims; (B) Untimely Equity Claim; (C) Insufficiently Documented Claims; (D) Claims not Reflected on Debtors' Books and Records, (E) Untimely Claim, and (F) Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims Asserting

Detroit_813689_2

Reclamation ("Twenty-First Omnibus Objection") and (II) Debtors' Statement of Disputed Issues with Respect to Proof of Claim Number 14663 (Cooper Standard Automotive f/k/a ITT Automotive Fluid Hdg. Syst./Deutsche Bank Securities Inc.) ("Statement"):

**RESPONSE**

1.    On July 31, 2006, Cooper-Standard filed proof of claim #14664 in the total amount of $2,624,997.09 as a general unsecured claim ("Claim"). The Claim is supported by invoices which Cooper-Standard has provided to Debtors.

2.    On September 21, 2007, Debtors filed the Twenty-First Omnibus Objection to the Claim. In the Twenty-First Omnibus Objection, Debtors sought to reduce the Claim from $2,624,997.09 to $2,093,118.87.

3.    On October 18, 2007, Cooper-Standard filed its response to the Twenty-First Omnibus Objection ("Response") arguing that Debtors failed to provide any evidence for the proposed reduction.

4.    On December 4, 2007, Debtors filed their Statement with respect to the Claim.

5.    In the Statement, Debtors assert that the Claim should be reduced by the following amounts for the following reasons:

(a)    Debtors allege that, according to their records, $391,502.76 of the invoices reflected in the Claim have been paid and the Claim should be reduced accordingly. Debtors, in violation of paragraph 9(d) of the Claims Objection

Procedures Order [Docket #6089] ("Order"), did not attach any documentation to their Statement identifying which invoices they claim have been paid.

(b)  Debtors allege that because the prices listed on certain of its purchase orders are lower than the prices listed on Cooper-Standard's invoices, the Claim should be reduced by an additional $84,265.40.  Again, in violation of paragraph 9(d) of the Order, Debtors failed to list the purchase orders and/or invoices that they claim have pricing discrepancies.

(c)  Finally, Debtors claim that Cooper-Standard failed to provide proofs of delivery for the Invoices (as identified and defined in the Statement) and that, because of this, Debtors have no proof that the goods associated with the Invoices were delivered.  On account of this, Debtors seek an additional $56,110.06 reduction of the Claim.

6.  Because Debtors, in violation of the Order, have failed to provide any invoice numbers for this proposed reductions in 5(a) and 5(b) above, Cooper-Standard is not able to respond to these allegations other than to state that, according to Cooper-Standard's books and records, the Claim is valid with respect to the proposed reductions in 5(a) and 5(b) above.  See Affidavit of Guy W. Todd and supporting documentation, attached as Exhibit A.

7.  Debtors books and records with respect to this claim are inaccurate because Debtors fail to take into account that, for a given bill of lading provided with respect to shipped goods, various line items pertaining to different part numbers may have been shipped in one

shipment. Debtors incorrectly conclude that when a payment has been made with respect to a given bill of lading, all the line items contained in such bill of lading were also paid. See Affidavit of Guy W. Todd.

8. With respect to the proposed reduction noted in paragraph 5(c) above, Cooper-Standard has been attempting to locate and verify the shipping records for the Invoices. In the less than two weeks since the Statement was filed, Cooper-Standard has not been able to complete its review. Cooper-Standard will supplement this Supplemental Response when it has done so.

9. Beginning in late June 2007 and ending in early September 2007, Guy Todd of Cooper-Standard and George Vanderberg of Delphi began reconciling the Claim. See Affidavit of Guy Todd. Mr. Vanderberg initially indicated to Mr. Todd that Delphi acknowledged $1,958,507.44 of the Claim. Mr. Todd and Mr. Vanderberg then proceeded to reconcile an additional $260,857.47 ("Reconciled Amount") of invoices based on Mr. Todd's provision of the relevant shipping documentation for such invoices. According to Mr. Todd and Mr. Vanderberg's discussions, the total amount of the Claim should have been at least $2,219,365.91. An additional $405,631.18 remained disputed. After September 7, 2007, Mr. Todd did not receive any response from Mr. Vanderberg regarding possible proposals to reconcile the remaining disputed amount of the Claim. Debtors filed the Twenty-First Omnibus Objection shortly thereafter. Because Debtors did not comply with the Order and provide documentation regarding the reductions proposed in 5(a) and 5(b) above, Cooper-Standard is unable to

determine whether those proposed reductions include the amounts owing under the invoices that constitute the $405,631.18.

10. Cooper-Standard submits that the Claim is valid. Cooper-Standard is currently compiling the shipping information for the invoices that constitute the remainder of the Claim, including the Invoices noted above. See Affidavit of Guy W. Todd.

11. Cooper-Standard submits this Supplemental Response under paragraph 9(e) of the Order.

12. Cooper-Standard reserves the right to supplement this Supplemental Response and to provide deposition testimony from Debtors' representatives. Cooper-Standard further reserves the right to challenge the Order because it violates due process rights, and is fundamentally unfair in light of the approach taken by Debtors to claims reconciliation and Debtors' own failure to observe the procedures set forth in the Order.

                              BODMAN LLP

                              By:     /s/     Ralph E. McDowell
                                  Ralph E. McDowell (P39235)
                              Attorneys for Cooper-Standard Automotive Inc.
                              1901 St. Antoine Street
                              6th Floor at Ford Field
                              Detroit, Michigan 48226
                              (313) 393-7592

December 17, 2007

Detroit_813689_2

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing ***Supplemental Response of Cooper-Standard Automotive Inc. to (I) Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims; (B) Untimely Equity Claim; (C) Insufficiently Documented Claims; (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claim, and (F) Claims Subject to Modification, Tax Claim Subject to Modification and Modified Claims Asserting Reclamation and (II) Debtors' Statement of Disputed Issues with Respect to Proof of Claim Number 14663 (Cooper Standard Automotive f/k/a ITT Automotive Fluid Hdg. Syst./Deutsche Bank Securities Inc.)*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

                                                           /s/ Ralph E. McDowell
Dated: December 17, 2007                                          Ralph E. McDowell