BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Cooper-Standard Automotive Inc.
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, et al

    Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered

## AFFIDAVIT OF GUY W. TODD

Guy W. Todd, being first duly sworn, states as follows:

1. I am over the age of 18 and have personal knowledge of the facts set forth below.

2. I am the International Credit & Risk Manager of Cooper-Standard Automotive Inc. ("Cooper-Standard") and file this Affidavit in support of Cooper-Standard's Supplemental Response to (I) Debtors' Twenty-First Omnibus Objection pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to certain (A) Duplicate or Amended Claims; (B) Untimely Equity Claim; (C) Insufficiently Documented Claims; (D) Claims not Reflected on Debtors' Books and Records, (E) Untimely Claim, and (F) Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims Asserting Reclamation ("Twenty-First Omnibus Objection") and (II) Statement of Disputed Issues with Respect to Proof of Claim Number 14664 (Cooper Standard Automotive f/k/a ITT Automotive Fluid Hdg. Syst./Deutsche Bank Securities Inc.) ("Statement").

3. On July 31, 2006, Cooper-Standard filed Proof of Claim Number 14644 ("Claim").

4. The Claim is based on unpaid invoices for automotive components parts that Cooper-Standard provided to Debtors on or before October 8, 2005.

5. In June, 2007, I began discussions with George Vanderberg, a claims analyst at Delphi, with regard to the Claim.

6. Our discussions began with the premise that $1,958,507.44 of the Claim was acknowledged by Delphi. Mr. Vanderberg and I then proceeded to work through an additional number of invoices and reconcile various disputed issues pertaining to pricing and/or shipping documentation. Over the course of our discussions, Mr. Vanderberg and I reconciled $260,857.47 of additional invoices ("Reconciled Invoices"). A spreadsheet of the Reconciled Invoices and copies of the Reconciled Invoices and shipping documentation are attached as Exhibit 1. These are accurate copies kept by Cooper-Standard in the ordinary course of business. Our reconciliation of the Reconciled Invoices included, in large part, locating the appropriate shipping records and providing the same to Debtors. On June 28, 2007, Mr. Vanderberg indicated via-email (attached as Exhibit 2) that he spoke with two divisions of Debtors (Packard Electric and Saginaw & Delphi E&C) and that those divisions indicated that they would have or had entered the Reconciled Invoices for payment with the shipping documentation provided during the reconciliation. As of the date of our last conversation, an additional $405,632.18 in invoices was still waiting to be reconciled.

7. The remaining $405,632.18 is a valid and the Claim is still due and owing. Copies of these invoices are attached as Exhibit 3. These are accurate copies kept by Cooper-Standard in the ordinary course of business.

8. Debtors proposed reductions in the Statement are incorrect primarily due to the fact that, as I discovered during my reconciliation of the Reconciled Invoices, Debtors accounting system routinely credits a given bill of lading as being fully paid when in fact only a portion of that bill of lading is was actually paid.  Because Cooper-Standard often includes more than one part number on a given bill of lading, Debtors have overestimated the amount of invoices they have paid.

9. I am currently in the process of compiling the voluminous shipping documentation with respect to the Invoices (defined in the Statement).

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: December 17, 2007                             /s/ Guy W. Todd
                                                     **Guy W. Todd**