BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
*rmcdowell@bodmanllp.com*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Freudenberg-NOK General Partnership and
Freudenberg-NOK, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____/

In re

DELPHI CORPORATION, et al

      Debtors.

_____/

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

**SUPPLEMENTAL RESPONSE OF FREUDENBERG-NOK GENERAL PARTNERSHIP
AND FREUDENBERG-NOK, INC. TO (I) DEBTORS' NINETEENTH OMNIBUS
OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(B) AND FED. R.
BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS; (B)
CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY
CLAIM, AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT
TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND
CONSENSUALLY MODIFIED AND REDUCED CLAIMS AND (II) DEBTORS'
STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF(S) OF CLAIM
NUMBERS 11602 AND 11603 (FREUDENBERG – NOK INC AND FREUDENBERG –
NOK GENERAL PARTNERSHIP)**

      Freudenberg-NOK General Partnership ("FNGP") and Freudenberg-NOK, Inc.

("FNOK", and collectively with FNGP, "Freudenberg-NOK") states the following in support of

their supplemental response ("Supplemental Response") to (I) Debtors' Nineteenth Omnibus

Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain

(a) Insufficiently Documented Claims; (b) Claims Not Reflected on Debtors' Books and

Records, (c) Untimely Claims, and (d) Claims Subject to Modification, Tax Claims Subject to

Modification, Modified Claims Asserting Reclamation, and Consensually and Modified and

Reduced Claims ("Nineteenth Omnibus Objection") and (II) Debtors' Statement of Disputed

Issues with Respect to Proof(s) of Claim Numbers 11602 and 11603 (Freudenberg – NOK Inc.

and Freudenberg – NOK General Partnership) ("Statement"):

## <u>INTRODUCTION</u>

1.      On July 27, 2006, FNOK filed the proof of claim #11602 ("FNOK Claim").   The

FNOK Claim consisted of $2,878.86 of a general unsecured claim and $1,759.31 entitled to

priority treatment as an administrative expense based on FNOK's reclamation demand.

2.      On July 27, 2006, FNGP filed the proof of claim #11603 ("FNGP Claim", and

collectively with the FNOK Claim, "Claims").   The FNGP Claim consisted of $60,066.20 of a

general unsecured claim, $358,851.00 of a secured claim and $80,742.02 entitled to priority

treatment as an administrative expense based on FNGP's reclamation demand.

3.      On July 17, 2007, Debtors filed the Nineteenth Omnibus Objection to the Claims.

In the Nineteenth Omnibus Objection, Debtors seek to disallow the Claims.

4.      On August 9, 2007, FNGP and FNOK each filed a response to the Nineteenth

Omnibus Objection (collectively, "Responses") arguing that Debtors failed to provide any

evidence for the proposed disallowance.

5.      On December 4, 2007, Debtors filed their Statement with respect to the Claims.

6.      In the Statement, Debtors deny they have any liability with respect to the Claims.

Detroit_813455_4

7.      In the Statement, Debtors claim that any liability with respect to the Claims lies with Debtor Delphi Automotive Systems, LLC ("Automotive") and not Debtor Delphi Corporation ("Delphi").  Freudenberg-NOK filed the Claims against Delphi because, as can be seen from the back-up data that is attached to the Affidavit of Leesa A. Smith, the invoices constituting the Claims and all of Freudenberg-NOK's invoices for goods supplied to Debtors, were all billed to either to "Delphi Corporation" or "Delphi Chassis Systems."  Delphi Chassis Systems is not a Debtor in this case.  Therefore, Freudenberg-NOK filed the Claims against Delphi.

8.      With respect the FNGP Claim, FNGP also notes that it filed a duplicate claim against Automotive ("Claim 11604") for $277,525 in tooling because it was unclear whether Delphi or Automotive ordered the tooling.  Claim 11604 was expunged as duplicative and the FNGP Claim was deemed the Surviving Claim under the Eighteenth Omnibus Objection Order entered on September 4, 2007 [Docket #9924].  Under Paragraph 3 of the Eighteenth Omnibus Objection Order, Debtors are precluded from seeking to have the FNGP Claim, which is a Debtor Multiple Duplicative Claim (as defined in the Eighteenth Omnibus Objection Order), expunged solely on the basis that the FNGP Claim is asserted against the incorrect debtor entity.

9.      In the Statement, Debtors claim that the Prepetition Wire Payment (as defined in the Statement) and Tooling Agreement Payment (as defined in the Statement) satisfied any amounts owing by Debtors under the Claims.

10.     In particular, Debtors allege that the Prepetition Wire Payment was not accounted for in the Claims.  Debtors failed to comply with paragraph 9(d) of the Claims Objection

Detroit_813455_4

Procedures Order [Docket #6089] ("Order") because they did not attach any documentation supporting the disallowance of the Claims as required by the Order.  Freudenberg-NOK reserves all its rights with respect to Debtors' failure to comply with paragraph 9(d) of the Order. Freudenberg-NOK denies this allegation and, as demonstrated in the Affidavit of Leesa Smith (attached as Exhibit A), contends that the Prepetition Wire Payment was accounted for in the Claims and that the Claims are for amounts owing by Debtors after application of the Prepetition Wire Payment and Tooling Agreement Payment.  Debtors and Freudenberg-NOK never agreed that the Prepetition Wire Payment was in full satisfaction of the invoices that constitute the Claims.  Because Freudenberg-NOK never agreed that the Prepetition Wire Payment was in full satisfaction of the Claims, there are no writings that evidence any such agreement.

11.    Debtors also contend that any further amounts owing to Freudenberg-NOK after application of the Prepetition Wire Payment were satisfied by the Tooling Agreement Payment. Again, Debtors failed to comply with paragraph 9(d) of the Order because they did not attach any documentation supporting the disallowance of the Claims as required by the Order.  Again, Freudenberg-NOK reserves all its rights with respect to Debtors' failure to comply with paragraph 9(d) of the Order.  The Prepetition Wire Payment was taken into account in the Claims.  Further,  Freudenberg-NOK denies that the Tooling Agreement Payment satisfied any remaining amounts under the Claims because, as stated more fully in the Affidavit of Leesa Smith, the Tooling Agreement Payment left open the payment of approximately $19,000 of tooling for which Debtors were liable to Freudenberg-NOK.  On August 9, 2007, Freudenberg-NOK sent Debtors the letter attached as Exhibit B, proposing, among other things, to resolve the outstanding tooling claim.  Debtors only response to the letter was to notify Freudenberg-NOK

-4-

that the Claims were being noticed for hearing. The emails attached to the Affidavit of Leesa Smith demonstrate that the tooling portion of the Claims relating to tooling located in Georgia were not resolved under the Tooling Agreement. Thus, the Tooling Agreement Payment could not have fully resolved the Claims because the tooling agreement entered into by Debtors and FNGP did not even resolve the underlying tooling portion of the Claims let alone the full amount of the Claims. Under section 44-14-363 of Official Code of Georgia Annotated (attached as Exhibit C), manufacturers of personal property "shall have a special lien on personal property for work done and material furnished in manufacturing or repairing the personal property…" Ga. Code Ann. § 44-14-363. Thus, the remaining $19,000 in tooling invoices should be paid by Debtors as a secured claim on account of such lien.

12.     Because Debtors have not paid the remaining tooling invoices and other invoices attached as Exhibit C, the Claims should be allowed in the amount of $156,466.02. This amount is comprised of $151,985.52 ($132,985.52 as a general unsecured claim and $19,000 as a secured claim for tooling upon which FNGP has a lien) for the FNGP Claim, and $4,480.50 for the FNOK Claim.

13.     Freudenberg-NOK submits this Supplemental Response under paragraph 9(e) of the Order.

14.     Freudenberg-NOK reserves the right to supplement this Supplemental Response and to provide deposition testimony from Debtors' representatives, including without limitation, Darryl Blackburn and Maureen Burton. Freudenberg-NOK further reserves the right to challenge the Order because it violates due process rights, and is fundamentally unfair in light of

Detroit_813455_4

the approach taken by Debtors to claims reconciliation and Debtors' own failure to observe the

procedures set forth in the Order.


BODMAN LLP


By: ___/s/____Ralph E. McDowell_____
       Ralph E. McDowell (P39235)
Attorneys for Freudenberg-NOK General
Partnership and Freudenberg-NOK, Inc.
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
(313) 393-7592

December 17, 2007

Detroit_813455_4

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ***Supplemental Response of Freudenberg-NOK General Partnership and Freudenberg-NOK, Inc. to Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims; (b) Claims Not Reflected On Debtors' Books and Records, (c) Untimely Claims, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims and (II) Debtors' Statement of Disputed Issues with Respect to Proof(s) of Claim Numbers 11602 and 111603 (Freudenberg – NOK Inc. and Freudenberg – NOK General Partnership)*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

                                           _____/s/  Ralph E. McDowell_____

Dated:  December 17, 2007                                   Ralph E. McDowell

Detroit_813455_4