BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Freudenberg-NOK General Partnership and
Freudenberg-NOK, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, et al

    Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

## AFFIDAVIT OF LEESA A. SMITH

Leesa A. Smith, being first duly sworn, states as follows:

1. I am over the age of 18 and have personal knowledge of the facts set forth below.

2. I am the Vice President of Treasury and Financial Services for Freudenberg-NOK General Partnership ("FNGP") and file this Affidavit in support of FNGP and Freudenberg-NOK, Inc. ("FNOK", collectively with FNGP, "Freudenberg-NOK")'s Supplemental Response to (I) Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims; (b) Claims Not Reflected on Debtors' Books and Records, (c) Untimely Claims, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually and Modified and Reduced Claims ("Nineteenth Omnibus Objection") and (II) Debtors' Statement of Disputed Issues with Respect to Proof(s) of Claim Numbers 11602 and 11603 (Freudenberg – NOK Inc. and Freudenberg – NOK General Partnership) ("Statement").

Detroit_813534_4

3. On July 26, 2006, FNOK and FNGP, respectively filed Proof(s) of Claim Numbers 11602 and 11603 ("Claims").

4. The Claims are based on unpaid invoices for automotive components parts (including tooling) that Freudenberg-NOK provided to Debtors on or before October 8, 2005.

5. In the Statement, Debtors deny they are liable for the Claims based on a wire payment made by Debtors to FNGP on or about August 31, 2005 in the amount of $1,000,000 ("Prepetition Wire Payment"). Freudenberg-NOK received the Prepetition Wire Payment on October 7, 2005. The Prepetition Wire Payment was applied to the then outstanding invoices owing from Debtors as shown on the spreadsheet attached as Exhibit 1. The Claims took into account application of the Prepetition Wire Payment and are net of that payment.

6. The Prepetition Wire Payment was characterized by Debtors, and accepted by FNGP, as a good faith progress payment on amounts that were then outstanding under certain invoices between FNGP and Debtors. At no point during these discussions did Debtors represent, nor did FNGP understand, that the Prepetition Wire Payment was made or accepted in full satisfaction of the then outstanding amounts owing from Debtors to FNGP. FNGP did not enter into a written agreement with Debtors regarding this payment.

7. In the Statement, the Debtors also claim that a payment from Debtors to FNGP in the amount of $332,851 ("Tooling Payment") under a December 5, 2006 agreement for payment of tooling claims ("Tooling Agreement") satisfied any amounts outstanding under the Claims that remain after application of the Prepetition Wire Payment. The Tooling Agreement is confidential and for that reason is not attached.

8. The Tooling Agreement only resolved the secured portion of FNGP's Claim with respect to Purchase Order Numbers 450129708 ($16,926.00), 450129140 ($277,525.00) and

450124483 ($38,400.00). The Tooling Agreement did not include FNGP's claim under Purchase Order 450176211 in the amount of $19,000.00. Debtors disputed whether the tooling supplied under Purchase Order 450176211 was subject to a statutory or possessory lien and requested that Purchase Order 450176211 be excluded from the Tooling Agreement. FNGP is still owed $19,000 for the tooling supplied under Purchase Order 450176211. The emails attached as Exhibit 2 demonstrate that the tooling supplied under Purchase Order 450176211 was not included in the Tooling Agreement. As demonstrated by the attached emails, FNGP has a statutory lien under Georgia law for the tooling supplied under Purchase Order 450176211.

9. FNGP still has open invoices with respect to Debtors in the amount of $132,985.52. The invoices relating this amount are attached as Exhibit 3. These are accurate copies kept by FNGP in the ordinary course of business.

10. FNOK still has open invoices with respect to Debtors in the amount of $4,480.50. The invoices relating to this amount are attached as Exhibit 4. These are accurate copies kept by FNOK in the ordinary course of business.

11. In total, Freudenberg-NOK is still owed $156,466.02 for goods it supplied to Debtors prepetition.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: December 17, 2007         /s/ Leesa A. Smith
                                 **Leesa A. Smith**