KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
Sarah E. Megna (not admitted)
292 Madison Avenue, 17th Floor
New York, New York  10017-6314
Tel:  212-972-3000
Fax: 212-972-2245

*Attorneys for InteSys Technologies, Inc*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| **DELPHI CORPORATION, <u>et</u> <u>al.</u>** : | Case No. 05-44481 (RDD) |
| : | |
| Debtors. : | (Jointly Administered) |

---------------------------------------------------------------------------x

**SUPPLEMENTAL RESPONSE OF INTESYS TECHNOLOGIES, INC ("INTESYS")**
**TO DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF**
**OF CLAIM NUMBER 10770 (INTESYS TECHNOLOGIES, INC.)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

　　　　　InteSys Technologies, Inc ("<u>INTESYS</u>"), by and through its attorneys, Klestadt & Winters, LLP hereby files its Supplemental Response (this "<u>Supplemental Response</u>") to the Debtors' Statement of Disputed Issues With Respect to Proof of Claim Number 10770 (Intesys Technologies, Inc.) (the "<u>Statement of Disputed Issues</u>") (Docket no 11269).[1]

**Background Relevant to INTESYS' Claim**

　　　　　1.　　On or about October 8 and 14, 2005, the above captioned debtors (collectively, the "<u>Debtors</u>") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

---
[1] Capitalized terms not otherwise defined in this declaration shall have the meanings ascribed to them in the Claim Objection and the Statement of Disputed Issues.

1

2. On or about July 25, 2006, INTESYS filed a proof of claim in connection with the various cases jointly administered under the above captioned case based on amounts owed by the Debtors to INTESYS for certain goods sold to the Debtors prior to the Petition Date by INTESYS (the "Goods Sold") and the invoices issues in relation to those Goods Sold (the "Invoices"). This debt for Goods Sold was incurred in 2004.

3. INTESYS filed its claim as an unsecured nonpriority claim in the amount of $511,037.71. The claim was assigned claim no. 10770 (the "Claim").

4. Pursuant to the Invoices, INTESYS sold goods to the Debtors, including pivots, modules, and certain other electrical goods. Also pursuant to the Invoices, the Debtors agreed to pay specified Invoice totals as accounts payable. Each detailed Invoice contains, among other information, invoice number, description of the goods, unit price, amount of goods shipped and/or back ordered, and Invoice total. INTESYS asserts its claim for all Goods Sold prepetition and the Invoices related thereto.

5. As is discussed in the Declaration of Joni Kobischka the current Director of Finance of Greenlee Textron Inc. (the "Kobischka Declaration") (a copy of which is attached hereto as **Exhibit "A")**, prior to October of 2004, INTESYS was an entity related to Textron Inc. ("Textron"). In October of 2004, Textron divested INTESYS. See Kobischka Declaration, ¶ 7. At the time of the sale, Greenlee Textron Inc., another Textron subsidiary ("Greenlee"), held the INTESYS receivable against the Debtors and retained the right to pursue the receivable as against the Debtors on behalf of INTESYS. Id. However, any and all records pertaining to goods distributed from the INTESYS facility during 2004, other than the Invoices, remain housed at the former INTESYS facility located in Mexico and outside of the direct control of Greenlee. Id.

2

6.      Greenlee has made contact with the party currently under control of that facility and it has agreed to supply copies of all necessary records.  See Kobischka Declaration, ¶ 8.  Through the discovery procedures INTESYS will be able to gather additional supplemental documentation and evidence of the veracity and amount of the Claim and respond to all objections to the Claim or any affirmative defenses the Debtors may raise in the future.

**Procedural History**

7.      The Debtors have objected to the Claim under the category of claim objections identified in Debtors' Fifteenth Omnibus Claims Objection as "Insufficiently Documented Claims," described as those claims not containing sufficient documentation in support of the claim asserted, and therefore the Debtors could not meaningfully review the asserted claim.

8.      On or about July 12, 2007, INTESYS filed the Reply of Intesys Technologies, Inc. to Debtors' Objection to Claim No. 10770 (the "Reply to Objection") (Docket no. 8224) in which INTESYS asserted that it had previously provided the Debtors with documentation and information supporting INTESYS' claims in the amount of $511,037.71.  Specifically, INTESYS provided the Debtors copies of each and every Invoice issued by INTESYS in connection with the proof of claim filed by INTESYS.

9.      On or about December 4, 2007, the Debtors filed their Statement of Disputed Issues.  In the Statement of Disputed Issues, the Debtors asserted that INTESYS had not provided proofs of delivery in addition to the Invoices, and therefore the outstanding debt relating to those Invoices could not be included in the Claim.  Further, the Debtors claimed to have paid certain Invoices.  As a result, the Debtors assert the Claim should be reduced to zero.

**Supplemental Response**

**A.      Debtors' Amended Statement of Disputed Issues Fails to Satisfy the Requirements of the Claims Objection Procedures Order**

3

10.  The Claims Objection Procedures Order, which was drafted by the Debtors, specifically provides that the Debtors must "set[] forth [in the Statement of Disputed Issues] the primary reasons why the claim should be disallowed . . . including, but not limited to the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection . . . [and] [t]he Statement of Disputed Issues *shall also include documentation supporting the disallowance* . . . ." Claims Objection Procedures Order, ¶ 9(d) (*emphasis added*). Contrary to that explicit direction, the Debtors failed to assert a clear factual basis for which to object to the Claim, and additionally failed to include any documentary evidence supporting the veracity of the objection to the Claim.

11.  In the Statement of Disputed Issues, the Debtors made the wholly unsupported assertion that ". . . a portion of the invoices reflected in the Proof of Claim have been paid." Statement of Disputed Issues, ¶ 7. The Debtors failed to provide any documentary evidence, such as checks or witness affidavits, that would support their contention that any portion of the Invoices were paid.

12.  Further, the Debtors appear to assert that certain of the Goods Sold were never received by the Debtors. Statement of Disputed Issues, ¶ 6. However, the Debtors provide absolutely no documentary or other evidence to support the notion that the Claim and the supporting Invoices are inaccurate or were never fulfilled.

13.  Therefore, to the extent the Debtors seek to further amend their Statement of Disputed Issues and/or submit additional exhibits, affidavits, declarations or deposition testimony, INTESYS hereby reserves the right to amend this Supplemental Response accordingly.

**B. Debtors Failed to Rebut the Prima Facie Validity of the Claim**

14. The Claim is *prima facie* evidence of its validity and amount. Fed. R. Bankr. P. 3001(f) (providing that a "proof of claim executed and field in accordance with th[e] [Bankruptcy Rules of Procedure] shall constitute prima facie evidence of the validity and amount of the claim"); see also In re Friedman, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994). Here, the Debtors bear the burden of introducing sufficient evidence to rebut this presumption. Such evidence "must be sufficient to demonstrate a true dispute and have probative force equal to the contents of the Claim." COLLIER ON BANKRUPTCY, ¶ 3001.09[2] (15th ed. 2004); see also In re Kora & Williams Corp., 2006 Bankr. LEXIS 4207, *40 (Bankr. D.Md. 2006). "A bare statement that there is a lack of documentation is insufficient as a matter of evidentiary burden to destroy the presumption." In re Cluff, 313 B.R. 323, n.47 (Bankr. D. Utah 2004) (citing Garner v. Shier, 246 B.R. 617, 623 (9th Cir. BAP 2000)).

15. As was stated in the Response to the Objection, INTESYS previously provided the Debtors with documentation and information supporting INTESYS' claims in the amount of $511,037.71. Specifically, INTESYS provided the Debtors copies of each and every Invoice issued by INTESYS in connection with the proof of claim filed by INTESYS. As previously stated, each Invoice is detailed and contains at least an invoice number, description of the goods, unit price, amount of goods shipped and/or back ordered, and Invoice total. INTESYS has also provided a spreadsheet documenting certain items which have been paid in part, and such spreadsheet has been attached to the Invoices. The Invoices and the spreadsheet reflect the amounts that remain outstanding and due to INTESYS for the Goods Sold, which are still due and owing today.

5

16. INTESYS has provided the documentation necessary to establish the *prima facie* evidence of the Claim's validity and amount. The Debtors have failed to rebut that statutory presumption in favor of INTESYS as is discussed in more detail below.

17. First, the Statement of Disputed Issues failed to rebut the presumed validity and amount of the Claim and instead asserted that certain of the Invoices were paid without providing any documentation thereof. The Debtors failed to assert so much as which of the Invoices had been paid. Presumably, documentation could easily have been included as an exhibit to the Statement of Disputed Issues. As a result, the Debtors' "bare statement" that certain payments were made failed to rebut the statutory presumption that INTESYS' claim is valid and correctly reflects the debt owed to INTESYS.

18. Secondly, the Debtors asserted that there was no record of receipt of certain of the Goods Sold, and therefore the Claim should be reduced accordingly. Again, this bold, but unsupported claim is insufficient to rebut the presumed validity and amount of the Claim. Further, the Debtors do not appear to be claiming they did not receive any of the Goods Sold that correlate with the Invoices. The Debtors simply assert they have no record of receiving certain goods. Such a "bare assertion" is insufficient to vitiate the presumed validity and amount of the Claim.

19. Therefore, the Debtors have failed to rebut the statutory presumption as to validity and amount of the Claim, and the Claim should be allowed in full.

**C. Discovery Procedure is Necessary**

20. No substantive discovery has been conducted with regard to the Claim. Once discovery commences, INTESYS may uncover additional evidence that may further support the Claim and obviate the Debtors' objections or any subsequently asserted affirmative defenses.

As is discussed above and in the Kobischka Declaration, in October of 2004, Textron divested INTESYS. See Kobischka Declaration, at ¶ 7. At the time of the sale, Greenlee held the INTESYS receivable against the Debtors and retained the right to pursue the receivable as against the Debtors on behalf of INTESYS. Id. Currently, any and all records pertaining to goods distributed from the INTESYS facility during 2004, other than the Invoices, remain located at the former INTESYS location in Mexico and outside of the direct control of the Greenlee. Id.

21.     INTESYS has made contact with the party currently under control of that facility, and it has agreed to supply copies of all available records. Kobischka Declaration, ¶ 8. Thus, through discovery INTESYS will be able to gather additional supplemental documentation and evidence of the veracity and amount of the Claim and respond to all objections to the Claim or any affirmative defenses the Debtors may raise in the future.

22.     Therefore, INTESYS specifically reserves its right to assert additional, relevant evidence at the Hearing uncovered in the discovery process.

### D. Identification of Witnesses

23.     Pursuant to the requirements of the Claims Objection Procedures Order, INTESYS reserves the right to depose the following persons not currently under INTESYS' control:

a.     **Debtors John Does 1 and 2** – As part of the discovery process, INTESYS may seek to depose one or more persons employed by the Debtors with knowledge of the Goods Sold and the relationship between the parties hereto.

b.     **INTESYS John Does 1 and 2** – As a part of the discovery process, INTESYS may seek to depose or provide a declaration from one or more past employees of INTESYS who

7

are not currently under the control of INTESYS with knowledge of the Goods Sold and the relationship between the parties hereto.

      c.    **Textron John Does 1 and 2** – As a party of the discovery process, INTESYS may seek to depose or provide a declaration from one or more past employees of Textron who are not currently under the control of INTESYS but who have knowledge of the Goods sold and the relationship between the parties hereto

      d.    **Nypro John Does 1 and 2** – As a part of the discovery process, INTESYS may seek to depose or provide a declaration from one or more persons employed or previously employed by Nypro with knowledge of the Goods sold and the relationship between the parties hereto.

## Reservation of Rights

24.    INTESYS hereby reserves the right to amend this Supplemental Response and the Proof of Claim, and to supplement the evidentiary record with (1) information gathered from discovery, including depositions, (2) expert testimony and/or declaration(s), (3) non-expert witness declaration(s), and (4) any other relevant factual information or legal argument to the extent not set forth herein.

## Conclusion

WHEREFORE, for the reasons set forth above, INTESYS requests that the Court overrule Debtors' objection to INTESYS' claim and find that INTESYS entitled to a general unsecured nonpriority claim in the allowed amount of $511,037.71.

Dated: New York, New York
       December 17, 2007

                        Respectfully submitted,

                        KLESTADT & WINTERS, LLP

*Attorneys for InteSys Technologies, Inc.*

BY: /s/ Tracy L. Klestadt\_\_\_\_
      Tracy L. Klestadt (TK-3591)
292 Madison Avenue, 17th Floor
New York, New York  10017-6314
Tel:  212-972-3000
Fax: 212-972-2245