Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
Attorneys for Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc.,
and Automodular Assemblies (Ohio) Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | Chapter 11 |
| | : | |
| In re: | : | Case Nos. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| DELPHI CORPORATION | : | |
| INC., et al. | : | |
| | : | |
| | : | |
| Debtors. | : | |
| | : | |

# CLAIMANT'S SUPPLEMENTAL RESPONSE IN RESPONSE TO DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 15018 (AUTOMODULAR ASSEMBLIES INC.)

Automodular Assemblies Inc. and its wholly-owned subsidiaries Tec-Mar Distribution Services, Inc., and Automodular Assemblies (Ohio) Inc. (collectively, "<u>Automodular</u>" or "Movant") hereby submit the following Supplemental Response (hereinafter the "Supplemental Response") in response to Debtors' Statement of Disputed Issues with Respect to Proof of Claim Number 15018 (Automodular Assemblies Inc.) (hereinafter the "Statement") and in support thereof asserts as follows:

**Page 1**

ME1 6995967v.1

## PROCEDURAL BACKGROUND

1. On October 8, 2005, Delphi and certain of its subsidiaries and affiliates filed for bankruptcy protection pursuant to Chapter 11 of Title 11 of the Bankruptcy Code.

2. On or about March 29, 2006, pursuant to a letter to counsel for the Debtor, Automodular asserted its rights of setoff. See Exhibit A hereto. The Letter provided that the Debtor owed $654,291.48 (Canadian) and included a breakdown of how that amount was calculated.

3. On April 27, 2006, Automodular again asserted its right of set-off and recoupment and provided documentation in support. See Exhibit B.

4. On or about July 31, 2006, Automodular filed proof of claim number 15018 against Delphi Automotive Systems LLC (hereinafter the "Claim"). Automodular asserted a general unsecured claim in the amount of $549,277.73 for goods and services performed. The Claim re-asserted Automodular's setoff rights and provided not only a detailed explanation of the amount owed, but also provided spreadsheets referencing the invoice number, Delphi Division, invoice date, amount owed and purchase order/supporting document. See Exhibit C.

5. On or about October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. §502(c) (the "Third Claims Objection").

6. Although the Debtors now seek to disallow the Claim in full, the "Notice of Objection to Claim" served with the Debtors' Third Claims Objection, dated October 31, 2006, sought to modify the aggregate claim in the amount of $549,277.73 and reduce it to $332,223.12 purportedly as consistent with the Debtors' books and records.

7. On November 22, 2006, Automodular filed a Response to the Debtors' Third Claims Objection (Docket No. 5688) (the "Response"). The Response detailed the differences between the amounts asserted as owed by Automodular and the Debtors' calculations and provided substantial documentation in support. Automodular hereby incorporates the Response by reference as if sully set forth herein.

## BACKGROUND OF PARTIES' RELATIONSHIP

8. In or about March 2004, Automodular Assemblies (Ohio) Inc. and Delphi Automotive Systems LLC ("Delphi" or Debtor") entered into a contract (hereinafter the "U.S. Contract") whereby Automodular agreed to provide services to Delphi as specified amongst other items, in purchase orders and work orders. See Exhibit D. As of the Petition Date, no less than $147,306.27 was owed by the Debtors under the U.S. Contract.

9. Tec-Mar Distribution Services, Inc. also had a contract with Delphi for the provision of services (the "Tec-Mar Contract") which has been terminated. However, as of the petition date, a total of $79,722.35 was owed under the Tec-Mar Contract.

10. In addition to the above, Automodular Assemblies Inc. contracted with Delphi under a Long Term Contract, as recently amended in June 2005 (the "Ontario Contract" and collectively with the U.S. Contract, the "Contracts"). See Exhibit E. Pursuant to the Ontario Contract, Delphi would contract with General Motors of Canada ("GM") for the supply and

Page 3

installation of various car parts. In turn, Delphi contracted with Automodular for Automodular's sub-assembly and sequencing services of condensers, radiators and fan modules, which were ultimately installed in GM vehicles. As of the Petition Date, no less than $322,249.11 was owed by the Debtors under the Ontario Contract.

## ARGUMENT

11. Debtors' argument to disallow the claim in its entirety is premised on two theories without any evidentiary support: (1) the Debtors dispute the amount owed; and (2) although recognizing a right of setoff, Debtors argue that Automodular owes the Debtors more than the Debtors owe Automodular. Both of these arguments are wholly unsupported by the record and must fail.

12. Debtors have provided **no** documentation in support of their argument. Pursuant to the Claims Objection Procedures Order, paragraph 9(d), Debtors were required to provide a concise statement of the reasons why the claim should be disallowed, including, but not limited to, "the material factual and legal bases upon which the Debtors will rely" and the Statement "shall also include documentation supporting the disallowance." Debtors have failed to produce any evidence, in the form of documentation, affidavit or otherwise, in support of either of their arguments for disallowance of the Claim. As Debtors have failed to provide the material factual and legal bases upon which they rely, and any documentation in support, the Third Claims Objection as it relates to Automodular should be summarily overruled.

13. It is also noteworthy that the Debtors now argue for the first time that the Claim should be disallowed (as opposed to previously seeking to reduce the Claim). Furthermore, in the Statement, the Debtors (again for the first time), assert that Automodular owes the Debtors

ME1 6995967v.1

approximately $549,918.39. Again though, Debtors provide no factual or legal bases for this claim.

### The Claims are *Prime Facie* Correct

14. Section 101 of the Code defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured…." Congress intended that the term be given the broadest available definition. In Re: Udell, 18 F.3d 403 (7th Cir. 1994).

15. Section 502(a) and Rule 3001(f) provide that a properly filed proof of claim (like Automodular's) is *prima facie* evidence of the validity of the claim unless a party in interest objects. If there is an objection, the Debtors must introduce evidence as to the invalidity of the claim and the claimant need offer no proof of the merits of the claim. The objecting party bears the burden of going forward with evidence concerning the validity and amount of the claim. In Re: Allegheny Int'l Inc., 954 F.2d 167 (3rd Cir. 1992). In short, it is not sufficient that Debtors object generally to a claim. The Debtors must affirmatively establish with evidence that the *prima facie* claim is invalid.

16. The Third Claims Objection and Statement merely include general and vague objections to the claim. Moreover, the Debtors have offered no evidence to disallow and expunge the claim. As such, the Third Claims Objection and Statement fail to establish the necessary evidence to invalidate the claim and should therefore be overruled.

17. More particularly though, in the present case, Automodular provided documentation to the objecting parties with the claims sufficient to put the estate on notice of the

ME1 6995967v.1

claims. As such, Automodular has complied with its obligation to provide notice of the claim in a timely manner therefore, its claim is *prima facie* valid and should be allowed in full.

## RESERVATION OF RIGHTS

18. Finally, to the extent the Debtors seek and/or are allowed to supplement their Statement or their argument in support of the Third Claims Objection, Automodular reserves the right to respond accordingly and to support additional documentation and evidence in response.

19. In addition, as discovery has not yet occurred in this matter, Automodular reserves the right to supplement this filing once discovery is complete and to supplement the evidentiary record with any and all information, testimony, declarations, written discovery, or other relevant factual or legal argument. Automodular hereby provides notice that it intends to produce witnesses in support of its Claim, including, but not limited to individuals within Automodular, the Debtors' business entities and a third-party - GM and will supplement the record accordingly. As the third-party is not under the control of Automodular but may provide information relating to the contracts, work ordered, and amounts owed, Automodular reserves the right to call such witnesses but is not presently filing an affidavit or declaration of such person.

WHEREFORE, Automodular respectfully request that this Court deny the relief sought in the Debtors' Third Claims Objection as it relates to Automodular, allow Automodular a pre-petition claim in an amount not less than $549,277.73, allow a set-off of any amounts deemed due and owing to the Debtors, and grant such other and further relief as deemed just and proper.

      Respectfully submitted,

      /s/ Eduardo J. Glas
Eduardo Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue, 27th Floor
New York, New York 10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
Attorneys for Automodular Assemblies Inc.,
Tec-Mar Distribution Services, Inc.,
and Automodular Assemblies (Ohio) Inc.

Dated: December 18, 2007
New York, New York