# Exhibit A

 **AUTOMODULAR ASSEMBLIES INC.**

200 Montecorte Street, Whitby, ON L1N 9V8   Phone: (905) 665-0060 ext. 120   Fax: (905) 665-1451

March 29, 2006

**Via Email and Federal Express**

Neil Berger, Esq.
Christopher D. Lagow, Esq.
Togut Segal & Segal, LLP
One Penn Plaza
New York, New York 10019

Re:   *In re Delphi Corporation., et al.*
      Chapter 11 Case No.:05 – 44481 (RDD)

Dear Messrs. Berger and Lagow:

We are writing in response to your demand for payment in the amount of $645,130.16, dated March 22, 2006 (the "Demand").

Automodular Assemblies Inc. along with its subsidiaries Tec-Mar Distribution Services, Inc. and Automodular Assemblies (Ohio) Inc. (collectively, the "Automodular Entities") are creditors in the above-referenced chapter 11 case of *In re Delphi Corporation., et al.* ("Delphi" which along with its affiliates are collectively referred to as the "Debtor").

We believe your client will confirm that Automodular Entities have provided essential services to the Debtor in the past, and that the Automodular Entities intend to remain a committed partner of the Debtor going forward as part of its restructuring efforts. To that end, in response to the Demand, we believe that parties would be better served by reaching a resolution of the legal issues as to all pre-petition claims between the Automodular Entities and the Debtor.

a. The Automodular Entities Pre-petition Claims Against the Debtor

A review of the Automodular Entities' books and records show that as of October 9, 2005, (the "Petition Date") the Debtor had accrued $645,291.48 (Canadian) due the Automodular Entities (the "Delphi Obligations"). This figure is comprised of outstanding invoices, as well as amounts due under work orders accruing through the Petition Date and which had yet to be invoiced to the Debtor. The breakdown of the Delphi Obligations is as follows:

$378,578.25 (Canadian) or $350,260.60 (US)[1] Automodular Assemblies Inc.;
$93,657.82 (Canadian) or $79,722.35 (US) to Tec-Mar Distribution Services, Inc.; and

---

[1] The exchange rate used is 1.1748 which was the Bank of Canada rate on October 7, 2005, the last business day before Delphi's filing for chapter 11 protection.

Neil Berger, Esq.
Christopher D. Lagow, Esq.
March 29, 2006
Page 2

$173,055.41 (Canadian) or $147,306.27 (US) to Automodular Assemblies Inc. (Ohio)

Accordingly, at this time the Automodular Entities are reserving its rights of set-off and recoupment to "net" all pre-petition claims between Debtor and the Automodular Entities. This reservation is consistent with the reservation of set-off and recoupment rights set forth in Section 3 of "Delphi Automotive System Long Term Contract," dated June 24, 2005, a copy of which we are enclosing.

Until now, the Automodular Entities have not more formally pressed its entitlement and the propriety of its set-off and recoupment rights in (i) deference to the Debtor's immediate and pressing tasks facing it as a debtor-in-possession and (ii) anticipation of good faith negotiations between the Debtor and Automodular Entities representatives. To that end, the Automodular Entities have not filed proofs of claims in the Debtor's bankruptcy case on account of the Delphi Obligations and questions whether the Bankruptcy Court has jurisdiction to consider the Debtor's collection efforts at the this time. See e.g., Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S. Ct. 2858, 73 L.Ed.2d 598 (1982) (when no proof of claim was filed, the debtor's efforts to collect a debt is a "non-core" proceeding for which court lacks jurisdiction).

b. Set-off Proposal

Generally, 11 U.S.C. § 553 preserves a creditor's right to set-off mutual obligations between it and a debtor. In accordance with applicable law and subject to court approval, the Automodular Entities propose to set-off the pre-petition mutual debts such that the amount owed would be reduced to a *de minimis* amount, pending the parties' confirmation and reconciliation of the amounts due (including the application of the appropriate exchange rates).

Given the status of the Debtor's chapter 11 bankruptcy case and the threat of litigation raised in the Demand, we would like to resolve this matter amicably in the next thirty (30) days. Please contact us at your earliest convenience. As is obvious, this letter is in the nature of settlement discussions and may not be used for any other purpose.

Very truly yours,

Christopher S. Nutt
V.P. Finance
Automodular Assemblies Inc.