# Exhibit C

FORM B10 (Official Form 10) (9/97)

| United States Bankruptcy Court ___Southern___ District of ___New York___ | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor<br>Delphi Automotive Systems LLC | Case Number<br>Chapter 11 05-44640 (RDD)<br>(jointly administered) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Automodular Assemblies Inc.<br><br>Name and address where notices should be sent:<br>McCarter & English, LLP<br>Attn: Brian F. Moore, Esq.<br>245 Park Ave<br>27th Floor<br>New York, New York 10167<br><br>Telephone number: (212) 609-6800 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | This Space Is for Court Use Only |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>If this claim ☐ amends      a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim:**
- ☒ Goods Sold
- ☒ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____ _____ _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:**
On or before October 7, 2005

**3. If court judgment, date obtained: N/A**

**4. Total Amount of Claim at Time Case Filed: at least $549,277.73.**
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim:**
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:

**6. Unsecured Priority Claim:**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, commissions (up to $4,000), earned within 90 days before filing of The bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
- ☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for Personal, family, or household use – 11 U.S.C. § 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___)

*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the Purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a Stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

FILED U.S. BANKRUPTCY COURT S.D.N.Y. 2006 JUL 31 P 12:16

| Date<br>July 27, 2006 | By: Christopher Nutt<br>Vice President, Finance<br>Automodular Corporation |
|---|---|

10 – Proof of Claim – Bankruptcy Court
4/98 P4/98                                                      Page 1

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules

## DEFINITIONS

*Debtor*
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

*Proof* of Claim
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

*Secured* Claim
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

*Unsecured* Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

*Unsecured Priority Claim*
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form

1. **Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment

4. **Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Property Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

7. **Credits**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

8. **Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York 10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
David J. Adler (DA-0048)
Brian F. Moore (BM-5719)
Attorneys for Automodular Assemblies Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| | : | |
| In re: | : | Case Nos. 05-44640 (RDD) |
| | : | (Jointly Administered) |
| DELPHI AUTOMOTIVE | : | |
| SYSTEMS LLC | : |                                    : |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

---

## ATTACHMENT TO PROOF OF CLAIM

---

1.      The undersigned, having offices at 245 Park Avenue, 27th Floor, New York, New

York 10167, are attorneys for Automodular Assemblies Inc. and its wholly-owned subsidiaries

Tec-Mar Distribution Services, Inc. and Automodular Assemblies Inc. (Ohio) (collectively,

"Automodular"), and are authorized to make this Proof of Claim (the "Claim") on its behalf

against the estate of Delphi Automotive Systems LLC, the above-captioned debtor ("Delphi" or

the "Debtor").

2.      The Claimant is unaware of anyone else who has filed a Proof of Claim relating to

this Claim.

## Background

3.     On October 8, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* with the United States Bankruptcy Court for the Southern District of New York.

4.     The Debtor has continued to manage its business and property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

## Initial Reservation of Setoff Rights

5.     Pursuant to paragraph 18 of the Final DIP Financing Order, dated October 28, 2005, (the "Order") entered in the jointly administered Delphi chapter 11 cases of which the above-captioned case is one, Automodular has already sought to enforce its setoff rights. Accordingly, Automodular makes this proof of claims so as to reserve its rights to any general unsecured claims it may have to the extent it is determined that it cannot enforce its heretofore reserved right to set-off claims under 11 U.S.C. § 553.

## Automodular's Pre-Petition Claims Against the Debtor

6.     Delphi and Automodular Assemblies Inc.'s relationship is governed under the "Delphi Automotive System Long Term Contract," dated June 24, 2005 (the "Contract"), a copy of which will has already been made available to the Debtors.   At Section 3 of the Contract, Automodular reserved set-off and recoupment rights against any "amounts owing to Delphi and

2

affiliates and subsidiaries."

7.    A review of the Automodular's books and records show that as of Petition Date,

the Debtor had accrued $645,291.48 (Canadian) due Automodular (the "Delphi Obligations").

This figure is comprised of outstanding invoices, as well as amounts due under work orders

accruing through the Petition Date and which had yet to be invoiced to the Debtor.    The

breakdown of the Delphi Obligations is as follows:

> $378,578.25 (Canadian) or $322,249.11 (US) due Automodular Assemblies Inc.;
> $93,657.82 (Canadian) or $79,722.35 (US) due Tec-Mar Distribution Services, Inc.; and
> $173,055.41 (Canadian) or $147,306.27 (US) due Automodular Assemblies Inc. (Ohio) [1]
> The supporting accounts receivable schedules are attached hereto as Exhibit A.

8.    By correspondence dated, March 22, 2006 to Christopher Nutt, Chief Financial

Office of Automodular Assemblies Inc., (the "Demand"), the Debtor demanded $645,130.16

from Automodular in connection with accounts payable allegedly due to Delphi.  A copy of the

Demand is attached hereto as Exhibit B.

9.    In a submission dated April 27, 2006 in response to the Demand and pursuant to

the Order, Automodular asserted its rights of set-off and recoupment under the Contract and to

"net" all pre-petition claims between Debtor and the Automodular consistent with the procedures

set forth in the Order.

10.    As of the Petition Date, to the extent it is determined Automodular cannot set-off

its mutual pre-petition claims Delphi and after conversion to United States currency, Claimant

has a general unsecured claim for at least $549,277.73.  Copies of the invoices comprising the

Claim are available on request of the Debtor.

11.   Claimant has not obtained a judgment against Debtor in connection with the its

pre-petition claims.

### Additional Reservations

12.   The Claimant expressly reserves all of its rights to file an amended or

supplementary proof of claim, if and when necessary, for additional, contingent, and or other

claims that Claimant may assert against the Debtor.

13.   The filing of this Claim is not, nor shall deemed to be, a waiver or release of any

of Claimant's rights against any person, entity, property, or a waiver of Claimant's right to seek a

jury trial with respect to this Claim.

---

[1]   The exchange rate used is 1.1748 which was the Bank of Canada rate on October 7, 2005, the last business day before Delphi's filing for
chapter 11 protection.

4

14.    Nothing contained herein shall prejudice or limit the rights of the Claimant from

filing any proceeding or taking any action concerning its Claim.

Dated:  New York, New York
        July 27, 2006

                                        McCARTER & ENGLISH, LLP
                                        Attorneys for Automodular Assemblies
                                        Inc.

                                        By

                                        245 Park Avenue
                                        27th Floor
                                        New York, New York  10022-7402
                                        (212) 609-6800 telephone
                                        (212) 609-6921 facsimile

5

# EXHIBIT A

Delphi Corporation Pre-petition receivables
Relating to Automodular Assemblies Inc.
As at December 31, 2005

| Invoice # | Delphi Division | Invoice Date | Amount | Purchase order/ Supporting document |
|---|---|---|---|---|
| DA-165-05 | Delphi Harrison Thermal Systems DEP#379 | 5/17/2005 | 300.00 | Work order Authorization form # P3-188-1 |
| DA-166-05 | Delphi Harrison Thermal Systems DEP#332 | 6/20/2005 | 600.00 | Work order Authorization form # M048-05 |
| DA-163-05 | Delphi Harrison Thermal Systems | 10/15/2004 | 1,941.50 | PO# LPS96286 |
| DA-168-05 | Delphi E&S H.Vac operations | 10/31/2005 | 5,100.00 | Work order Authorization form # M081-05 |
| DP-156-06 | Delphi Packard , Loredo, TX | 7/1/2005 | 1,200.00 | PO#P4S08461 Work order#194-2 |
| DC-110-04 | Delphi Chassis, Needmore Operations | 7/26/2004 | 567.47 | Work order Authorization form # P4-079-01 PO#174283 |
| DH-118-05 | Delphi Delco Systems | 11/30/2005 | 300.00 | Work order Authorization form # M088-05 |
| DK-100-05 | Delphi Energy & Chassis, Kettering | 9/30/2005 | 900.00 | Work order Authorization form # 203 |
| DC-111-05 | Delphi Energy & Chassis, Burton | 6/30/2005 | 430.00 | Work order Authorization form # 192-2 |
| **Delphi Automotive Systems - Adrian Operations** | | | | |
| DD-121-05 | Delphi Automotive Systems- Adrian Operations | 10/31/2005 | 600.00 | Work order Authorization form # M084-05 |
| DD-109-05 | Delphi Automotive Systems- Adrian Operations | 5/19/2005 | 1,200.00 | Work order Authorization form # M042-05 |
| DD-114-05 | Delphi Automotive Systems- Adrian Operations | 8/31/2005 | 7,500.00 | Work order Authorization form # M052-05 |
| DD-115-05 | Delphi Automotive Systems- Adrian Operations | 8/31/2005 | 1,200.00 | Work order Authorization form # M058-05 |
| DD-116-05 | Delphi Automotive Systems- Adrian Operations | 8/31/2005 | 1,500.00 | Work order Authorization form # M061-05 |
| DD-117-05 | Delphi Automotive Systems- Adrian Operations | 8/31/2005 | 1,500.00 | Work order Authorization form # M064-05 |
| DD-118-05 | Delphi Automotive Systems- Adrian Operations | 8/31/2005 | 6,000.00 | Work order Authorization form # M070-05 |
| DD-119-05 | Delphi Automotive Systems- Adrian Operations | 8/31/2005 | 4,500.00 | Work order Authorization form # M072-05 |
| DD-120-05 | Delphi Automotive Systems- Adrian Operations | 10/3/2005 | 1,500.00 | Work order Authorization form # M079-05 |
| | **Total Delphi Automotive Systems - Adrian Operations:** | | 25,500.00 | |
| **Delphi Thermal & Interior** | | | | |
| DC-112-05 | Delphi Thermal & Interior | 9/30/2005 | 1,800.00 | Work order Authorization form # 199 |
| DC-113-05 | Delphi Thermal & Interior | 12/23/2005 | 2,817.34 | Work order Authorization form #207 |
| CRFM10-05P | Delphi Thermal & Interior | 10/31/2005 | 62,998.82 | 550074793; 550072058; 550078478; 550060368; 550059352 |
| CRFM09-05 | Delphi Thermal & Interior | 9/30/2005 | 274,123.32 | 550074793; 550072058; 550078478; 550060368; 550059352 |
| | **Total Delphi Thermal & Interior:** | | 341,739.28 | |
| | **Total Delphi Receivables** | | **$ 378,578.25** | |

Delphi Corporation Pre-petition receivables
Relating to **TecMar Distribution Services**
As at December 31, 2005

| Invoice # | Delphi Division | Invoice Date | Amount | Purchase order/ Supporting document |
|---|---|---|---|---|
| **Delphi Delco** | | | | |
| 0007271 | Delphi Delco | 9/30/2005 | 470.00 | repack part log |
| | | | | |
| **Delphi El-Paso** | | | | |
| 4940 | Delphi El-Paso | 6/25/2003 | 247.50 | Cost Recovery for Services authorization |
| | | | | |
| **Delphi Enery&Chassis** | | | | |
| 5502 | Delphi Enery&Chassis | 1/27/2004 | 75.00 | Cost Recovery for Services authorization |
| 0007079 | Delphi Enery&Chassis | 7/31/2005 | 4,684.50 | 550075038; 550075266 |
| 0007184 | Delphi Enery&Chassis | 8/31/2005 | 94.35 | 550075038; 550075266 |
| 0007239 | Delphi Enery&Chassis | 9/30/2005 | 36,568.50 | 550075038; 550075266 |
| 0007304 | Delphi Enery&Chassis | 10/31/2005 | 24,764.80 | 550075038; 550075266 |
| 0006272 | Delphi Enery&Chassis | 9/21/2004 | 600.00 | Cost Recovery for Services authorization |
| 0007240 | Delphi Enery&Chassis | 9/30/2005 | 2,901.00 | 550071210; 550050288 |
| 0007241 | Delphi Enery&Chassis | 9/30/2005 | 129.20 | 550071210; 550050288 |
| 5714 | Delphi Enery&Chassis | 3/22/2004 | 4,462.50 | Cost Recovery for Services authorization |
| | Total Delphi Enery&Chassis | | 74,279.85 | |
| | | | | |
| **Delphi Flint** | | | | |
| 5239 | Delphi Flint | 10/28/2003 | 3,075.00 | Cost Recovery for Services authorization |
| | | | | |
| **Delphi Interior** | | | | |
| 5196 | Delphi Interior | 10/1/2003 | 375.00 | Cost Recovery for Services authorization |
| | | | | |
| **Delphi Packard** | | | | |
| 5735 | Delphi Packard | 3/26/2004 | 225.00 | Cost Recovery for Services authorization |
| | | | | |
| **Delphi Ramir** | | | | |
| 5246 | Delphi Ramir | 10/28/2003 | 225.00 | Cost Recovery for Services authorization |
| 5576 | Delphi Ramir | 2/13/2004 | 75.00 | Cost Recovery for Services authorization |
| | Total Delphi Ramir | | 300.00 | |
| | | | | |
| **Delphi Saginaw** | | | | |
| 0005923 | Delphi Saginaw | 5/25/2004 | 75.00 | Cost Recovery for Services authorization |
| | | | | |
| **Delphi Texas** | | | | |
| 0006007 | Delphi Texas | 5/31/2004 | 187.50 | Cost Recovery for Services authorization |
| 5401 | Delphi Texas | 12/12/2003 | 300.00 | Cost Recovery for Services authorization |
| | Total Delphi Texas | | 487.50 | |
| | | | | |
| **Delphi Thermal** | | | | |
| 5699 | Delphi Thermal | 3/10/2004 | 112.50 | Cost Recovery for Services authorization |
| 0006003 | Delphi Thermal | 5/31/2004 | 75.00 | Cost Recovery for Services authorization |
| | Total Delphi Thermal | | 187.50 | |

Total Delphi Receivables        $ 79,722.35

Delphi Corporation Pre-petition receivables
Relating to **Automodular Assemblies Inc. (OHIO)**
As at December 31, 2005

| Invoice # | Delphi Division | Invoice Date | Amount | Purchase order/ Supporting document |
|---|---|---|---|---|
| 000146 | Delphi Thermal | 3/10/2005 | 397.74 | Special services authorized G.Conley, Paul Hennessy |
| 000149 | Delphi Thermal | 3/29/2005 | 2,194.00 | Special services authorized G.Conley, Paul Hennessy |
| 000150 | Delphi Thermal | 3/30/2005 | 165.15 | Special services authorized G.Conley, Paul Hennessy |
| 000188 | Delphi Thermal | 9/30/2005 | 19,250.00 | LPS91557 ; Delphi PPAPP Approval documents |
| 000189 | Delphi Thermal | 9/30/2005 | 2,504.00 | LPS94497 ; Delphi PPAPP Approval documents |
| 000191 | Delphi Thermal | 9/30/2005 | 102,522.35 | 55006426; 550073730; 550073758; 550073761; 550073762;   550073763; 550073774 |
| 000195 | Delphi Thermal | 10/31/2005 | 20,273.03 | 550064260; 550073730; 550073758; 550073761; 550073762; 550073763; 550073774; 550079723 |

**EXHIBIT B**

# TOGUT, SEGAL & SEGAL LLP

### ATTORNEYS AT LAW

ALBERT TOGUT
FRANK A. OSWALD *
NEIL BERGER °
SCOTT E. RATNER †
SIDNEY SEGAL (1935-1988)
BERNARD SEGAL (1932-1989)

OF COUNSEL

HOWARD P. MAGALIFF°
RICHARD K. MILIN *

DANIEL F.X. GEOGHAN *
JAIME T. GOLDSTEIN
JONATHAN HOOK *
TALLY M. WIENER
SEAN P. McGRATH
ANTHONY M. VASSALLO
RENEE L. RANDAZZO °
CHRISTOPHER D. LAGOW °

* MEMBER NY AND NJ BAR
° MEMBER NY AND CT BAR
† MEMBER NY AND MA BAR
◊ MEMBER NY AND VA BAR

ONE PENN PLAZA
NEW YORK, NEW YORK 10119

(212) 594-5000

FACSIMILE
(212) 967-4258

INTERNET
eMail@TeamTogut.com

March 22, 2006

## VIA FEDERAL EXPRESS

Christopher Nutt
Chief Financial Officer
Automodular Assemblies, Inc.
200 Montecorte Street
Whitby, Ontario
    Canada  L1N 9V8

Re:    Delphi Corporation, *et al.* ("Debtors")
         Chapter 11 Case No. 05-44481 (RDD)

         Amount Owed:   $645,130.16

Dear Mr. Nutt:

         We are bankruptcy co-counsel for Delphi Corporation and certain of its U.S. affiliates (collectively, "Delphi") in their Chapter 11 cases pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Delphi continues to operate its business as a debtor-in-possession.

         Delphi's books and records reflect amounts due and payable from your company to Delphi in the amount of $645,130.16 on account of goods or services provided by Delphi to and for the benefit of your company. Requests for payment of this amount have been previously sent to you.

         Be advised that the amount set forth above and the claim to collect it constitute property of Delphi's bankruptcy estate, recoverable pursuant to Bankruptcy Code section 542.

TOGUT, SEGAL & SEGAL LLP

March 22, 2006
Page - 2-

Please accept this letter as a formal demand for the immediate payment of the full amount set forth above. Absent Delphi's receipt of payment in full within seven (7) days from the date hereof, an action will be commenced against your company in the Bankruptcy Court to compel payment of all sums due and payable by your company to Delphi, and for an award of costs, expenses and interest.

Delphi values its continued relationship with your company and trusts that these issues will be promptly addressed.

Nothing contained herein constitutes or should be construed to constitute a waiver of any right, claim or defense in favor of Delphi. All such rights, claims and defenses are expressly preserved.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:
    Neil Berger
    Christopher D. Lagow

NB/cr

cc:    Ms. Shaunda Snell