**Hearing Date: December 20, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                        :        Chapter 11
:
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
:
                        Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-THIRD OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE CLAIM, (B)
CERTAIN EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIM, (D) CERTAIN CLAIMS
NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, AND (E) CERTAIN CLAIMS SUBJECT
TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIM SUBJECT TO
MODIFICATION THAT IS SUBJECT TO PRIOR ORDER, AND MODIFIED CLAIM ASSERTING
<u>RECLAMATION THAT IS SUBJECT TO PRIOR ORDER</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-THIRD
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Third Omnibus Claims Objection"), and respectfully represent as follows:

1.    The Debtors filed the Twenty-Third Omnibus Claims Objection on November 19, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) one was duplicative of another Claim, (ii) they were filed by holders of Delphi common stock solely on account of their stock holdings, (iii) one was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order, (iv) one contains insufficient documentation in support of the Claim asserted, (v) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (vi) one asserts liabilities or dollar amounts that are not reflected on the Debtors' books and records and was modified pursuant to prior orders, and (b) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to (i) certain Claims, (ii) certain Claims, some of which are subject to an agreement between the

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Third Omnibus Claims Objection.

claimant and the Debtors relating to the valid amount of each claimant's reclamation demand, some of which are subject to certain reserved defenses, and some of which are held by claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, (iii) one Claim that was modified pursuant to a prior order, and (iv) one Claim that was modified pursuant to a prior order, which is either subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, or held by a Claimant who is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses.

      2.      The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Third Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Twenty-Third Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on December 13, 2007.

      3.      As of December 18, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 12 timely-filed formal docketed responses (the "Responses") to the Twenty-Third Omnibus Claims Objection. In the aggregate, the Responses cover 16 Claims. A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

3

4. Attached hereto as <u>Exhibit B</u> is the revised proposed order (the "Revised Proposed Order")[2], which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed. Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order. As set forth on <u>Exhibit A</u> hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the 16 Claims for which Responses were filed.

5. In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Twenty-Third Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

6. Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2] Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Third Omnibus Claims Objection.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Twenty-Third Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 19, 2007

                               SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

By: /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession