**Exhibit A**

**In re Delphi Corporation, _et al.,_ Case No. 05-44481 (RDD)**

***Responses To The Debtors' Twenty-Third Omnibus Claims Objection
Organized By Respondent[1]***

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT[2]** |
|---|---|---|---|---|---|
| 1. | E.I. du Pont de Nemours and Company (Docket No. 11235) | a) 10598 | a) E.I. du Pont de Nemours and Company ("E.I. du Pont"), as assignor to Latigo Master Fund Ltd., disagrees with the Debtors' Twenty-Third Omnibus Claims Objection (the "Objection") to change the debtor against which a portion of proof of claim no. 10598, in the amount of $156,479.11, is asserted from Delphi Connection Systems to Delphi Automotive Systems LLC ("DAS LLC"). | a) Claims subject to modification | Adjourn |
| | | b) 10596 | b) E.I. du Pont further disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 10596 from $123,481.26 to $74,857.26 and to reclassify it from an unsecured claim to a $1,332.42 priority claim and a $73,523.84 unsecured claim.<br><br>E.I. du Pont asserts that (i) the Debtors are not permitted to reduce claims and to reserve the right to later seek disallowance of the claim and (ii) the Debtors have provided no factual or legal basis sufficient to overcome the prima facie validity of E.I. du Pont's claims. | b) Modified claims asserting reclamation | |

---

[1] This chart reflects all Responses entered on the docket as of Tuesday, December 18, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, December 18, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 2. | STMicroelectronics, Inc. f/k/a SGS Thompson Microelectronics (Docket No. 11383) | 15423 | STMicroelectronics, Inc. f/k/a SGS Thompson Microelectronics ("STMicroelectronics"), as assignor to Special Situations Investing Group, Inc., disagrees with the Debtors' Objection to reduce proof of claim no. 15423 from $6,153,413.36 to $5,858,665.54. STMicroelectronics asserts that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. STMicroelectronics reattaches a summary of invoices in support of its claim. | Claims subject to modification | Adjourn |
| 3. | GMD Industries LLC dba Production Screw Machine Co. (Docket No. 11392) | 15140 | GMD Industries LLC dba Production Screw Machine Co. ("GMD Industries") filed its Response to obtain additional information to reconcile the amount asserted in proof of claim no. 15140 with the modified amount set forth in the Objection. GMD Industries does not appear to either agree or disagree with the Debtors' Objection to reduce its claim from the filed amount of $230,129.45 (of which $136,420.72 was a priority claim and $93,708.73 was an unsecured claim) to $115,518.21 (of which $21,809.48 would be a priority claim and $93,708.73 would be an unsecured claim). | Modified claims asserting reclamation | Adjourn |
| 4. | Quaker Chemical Corporation (Docket No. 11406) | 10257 | Quaker Chemical Corporation ("Quaker") disagrees with the Debtors' Objection to reduce proof of claim no. 10257 from $819,654.23 to $762,473.00 because of a letter agreement executed in connection with payments made to Quaker pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, 507,1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) | Claims subject to modification that are subject to prior orders | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefits Program In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Docket No. 198) (the "Human Capital Obligation Order").  Quaker asserts that pursuant to the Debtors' Thirteenth Omnibus Claims Objection, Quaker and the Debtors agreed to reduce proof of claim no. 10257 to the amount of $799,803.77.  Quaker argues that the reduction made pursuant to the Thirteenth Omnibus Claims Objection constitutes a subsequent agreement, acting as a novation to any agreement made in connection with the Human Capital Obligations Order.  Quaker therefore asserts that the Human Capital Obligations Order may not be used as the basis for further reducing its claim.<br><br>In the alternative, Quaker asserts that it should be granted an allowed claim in the amount that the Debtors assert in the Objection. | | |
| 5. | Ambrake Corporation (Docket No. 11415) | 6844 | Ambrake Corporation ("Ambrake"), as assignor to Merrill Lynch Credit Products, LLC, asserts that the Debtors have failed to set forth any evidence sufficient to rebut the prima facie validity of proof of claim no. 6844.  Ambrake nevertheless agrees to the Debtors' Objection to reduce proof of claim no. 6844 from $2,773,276.88 to $2,768,486.44, provided that the claim is treated as a final allowed claim not subject to any further objection by the Debtors. Ambrake reattaches its proof of claim and | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | supporting documentation. | | |
| 6. | Preferred Sourcing, LLC (Docket No. 11416) | 11531 | Preferred Sourcing, LLC ("Preferred Sourcing") disagrees with the Debtors' Objection to disallow proof of claim no. 11531, filed in the amount of $97,416.63. Preferred Sourcing asserts that the Debtors' books and records may not reflect its claim either because (i) the books and records already reflect Preferred Sourcing's setoff or (ii) the books and records are wrong. Preferred Sourcing further asserts that the Debtors have sent a draft settlement agreement which Preferred Sourcing is in the process of reviewing and that it believes an agreement will be reached promptly. | Books and records claims | Adjourn |
| 7. | Robin Mexicana S de RL de CV (Docket No. 11418) | 14270 | Robin Mexicana S de RL de CV ("Robin Mexicana") disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 14270 from $844,833.40 (of which $47,982.69 was a secured claim and $796,850.71 was an unsecured claim) to $225,729.18 (of which $47,982.69 would be a priority claim and $177,746.49 would be an unsecured claim).  Robin Mexicana asserts that the Debtors have failed to produce any evidence sufficient to rebut the prima facie validity of proof of claim no. 14270.  Robin Mexicana further asserts that the secured portion of its claim should not be reclassified as a priority claim because (i) the claim is entitled to secured status because the goods subject to the reclamation demand have not been returned, (ii) the Debtors have failed to articulate what priority the reclassified claim would receive, and (iii) even assuming the claim was given the appropriate administrative expense priority, the Court has | Modified claims asserting reclamation | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | not confirmed a reorganized plan guaranteeing payment in full of all allowed administrative priority claims. | | |
| 8. | Contrarian Funds, LLC (Docket No. 11437) | a) 10386 | a) Contrarian Funds, LLC ("Contrarian") agrees to the Debtors' Objection to reduce proof of claim no. 10386 from $315,699.49 to $156,742.12, provided that its claim is treated as a final allowed claim against DAS LLC. | a) Claims subject to modification | Adjourn |
| | | b) 12688, 12687 | b) Contrarian disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 12688 from $878,079.89 (of which $229,002.33 was a priority claim and $649,077.56 was an unsecured claim) to $790,350.09 (of which $16,813.28 would be a priority claim and $773,536.81 would be an unsecured claim). Contrarian further disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 12687 from $1,510,230.74 (of which $486,583.11 was a priority claim and $1,023,647.63 was an unsecured claim) to $1,036,820.55 (of which $82,200.00 would be a priority claim and $954,620.55 would be an unsecured claim). Contrarian asserts that the Debtors have failed to provide any evidence sufficient to overcome the prima facie validity of proofs of claim nos. 12688 and 12687. | b) Modified claims asserting reclamation | |
| 9. | WESCO Distribution, Inc. (Docket No. 11441) | 12223 | WESCO Distribution, Inc. ("WESCO") disagrees with the Debtors' Objection to reduce proof of claim no. 12223 from $59,964.21 to $28,828.75. WESCO consents to a reduction of its claim in the amount of $1,845.34 to reflect an invoice that was paid to WESCO postpetition. | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | WESCO disagrees with the remainder of the reduction because (i) it asserts that four of the five invoices identified by the Debtors as providing the basis for their Objection are for unpaid goods delivered to the Debtors and (ii) $127.92 of the proposed reduction is unsupported in that it exceeds the total of the five invoices in dispute. WESCO further asserts that the Debtors have failed to produce evidence sufficient to rebut the prima facie validity of proof of claim no. 12223. WESCO reattaches its proof of claim and supporting documentation. | | |
| 10. | United States of America (Docket No. 11442) | 2578 | The United States Attorney for the Southern District of New York (the "United States") disagrees with the Debtors' Objection to disallow proof of claim no. 2578, which was filed by the United States Department of Health and Human Services. The United States asserts that the Debtors have failed to produce evidence sufficient to rebut the prima facie validity of proof of claim no. 2578. The United States reattaches the proof of claim and supporting documentation. | Books and records claims | Adjourn |
| 11. | Autopartes de Precision and Miniature Precision Components (Docket No. 11445) | 1406, 1407 | Miniature Precision Components and Autopartes de Precision, a division of Miniature Precision Components ("Miniature Precision"), disagrees with the Debtors' Objection to (i) reclassify and reduce proof of claim no. 1406 from $314,170.07 (of which $66,206.62 was a priority claim and $247,963.45 was an unsecured claim) to an unsecured claim in the amount of $261,685.90 and (ii) reclassify and reduce proof of claim no. 1407 from $948,811.79 (of which $239,745.37 was a priority claim and | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $709,066.42 was an unsecured claim) to an unsecured claim in the amount of $824,986.00.  Miniature Precision asserts that the Debtors have failed to provide any evidence sufficient to overcome the _prima facie_ validity of proofs of claim nos. 1406 and 1407. | | |
| 12. | James Penney (Docket No. 11476) | 11395 | James Penney disagrees with the Debtors' Objection to disallow proof of claim no. 11395.  Mr. Penney asserts that of the five categories of losses asserted in his claim, only the portion of his claim seeking lost value in connection with the sale of certain fund shares with Fidelity Investments is an equity claim.  Mr. Penney reattaches his proof of claim and supporting documentation. | Equity claims | Adjourn |