*In re Delphi Corporation, et al.;*
*Case No. 05-44481 (RDD)*

**Interiors/Closures Sale**

**Objections to (I) Notices of Assumption And/Or Assignment and (II) Cure Notices Organized by Objector**

| | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|---|---|---|---|---|
| 1. | 11011 11010 11368 | Sabic Innovative Plastics US LLC | • Three Contracts, dated 2002, 2003, and 2004 and two Amendments are at issue<br>• Asserts that the Debtors are improperly seeking to assume and assign parts of the contract and not entire contract<br>• Continues to research whether additional purchase orders have been issued and whether some of the purchase orders that the Debtors seek to assume have been superseded by subsequent purchase orders<br>• States it did not receive a Cure Notice, and asserts a cure amount of $5,402,848.11<br>• Asserts a cure amount of $5,402,848.11, and Debtors assert a cure amount of $2,234,102.43 | • Negotiations in process. Adjourned. |

|    | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|----|------------|----------|----------------------|---------------------------------------------|
| 2. | 11018 | Mercedes-Benz U.S. International, Inc. | • Expressed concern that not all obligations, including warranty obligations for products shipped before and after closing, will be assumed and assigned<br>• Argues that notice inadequately describes the parties' contractual relationship, but will withdraw objection if it receives additional assurances on the record that entire contractual relationship is being transferred to buyer<br>• Requests additional information with respect to adequate assurance of future performance | • Resolved.<br>• Debtors included specific language in the Debtors' Reply (1) clarifying description of contracts to be assumed and/or assigned and (2) clarifying parties' obligations with respect to warranty obligations. |
| 3. | 11026 | Valeo Climate Control Corporation | • Asserts a 1) general unsecured clam in the amount of $349,984.22 and 2) priority claim in the amount of $156,725.41, and argues that both amounts need to be paid for contract to be cured<br>• Reserved right to object to the assumption and assignment of the contract based on lack of adequate assurances of future performance | • Negotiations in process. Adjourned. |

2

| | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|---|---|---|---|---|
| 4. | 11060 | Decatur Plastic Products, Inc. | • Asserts that entire contract, including long term contract, needs to be assumed and assigned<br>• States it does not object to an assumption and assignment of entire long term contract and the implementing and related purchase orders, but objects to piecemeal assignment and assumption.  Did not receive a Notice of Assumption with respect to the long term contract<br>• States that there are three additional purchase orders that were not listed in the Assumption Notice (5501799177, 550194157 and 550164782)<br>• States it did not receive a Cure Notice, and asserts various claim amounts (1) $28,962.90 inventory claim, (2) $35,714.00 open amortization claim, (3) $1.8 million termination damages claim of long term contract is terminated or not fulfilled, and (4) $481,418.48 post-petition arrearages<br>• Continues to research whether additional purchase orders have been issued<br>• Asserts that some of the purchase orders listed in the Notice of Assumption/Assignment have been superseded or have expired | • Resolved.<br>• Debtors included specific language in the Debtors' Reply confirming that (1) certain contracts will not be assumed and/or assigned because they are expired or do not relate to the Interiors and Closures Businesses and (2) certain purchase orders issued to implement a certain long term contract, will be assumed and/or assigned and amounts outstanding thereunder will be paid at closing or thereafter in the ordinary course of business.<br>• Filed conditional withdrawal. (Docket No. 11535). |

3

| | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|---|---|---|---|---|
| 5. | 11061, 11353 | Lorentson Manufacturing Company | • States that it did not receive a Cure Notice, and asserts a cure amount of $25,563.46<br>• States that it does not object to an assumption and assignment as long as all cure amounts are paid<br>• Continues to research whether additional purchase orders have been issued<br>• Asserts that it did not receive Cure Notice<br>• States that discussions with Debtors' representative indicate that $23,397.82 is due, according to the Debtors' books<br>• Asserts that Supplemental Cure Notice correctly identifies Lorentson, but incorrectly identifies cure amount at $0 | • Resolved.<br>• Debtors included specific language in the Debtors' Reply that Lorentson retains the right to assert a general unsecured claim with respect to certain contracts.<br>• Filed conditional withdrawal. (Docket No. 11531). |
| 6. | 11062 | Chrysler LLC | • Continues to research whether 1) all agreements were included in the Notice of Assumption and 2) whether any cure amounts are due | • Objection Withdrawn. (Docket No. 11518). |
| 7. | 11065, 11375 | Armada Rubber Manufacturing Company | • Asserts it received a Cure Notice for only one out of six contracts<br>• Asserts a cure amount of $9,170, not $1,020, as set forth in Cure Notice<br>• Argues debtors have failed to provide adequate assurance that the purchaser will perform under the contracts | • Objection Withdrawn. (Docket No. 11444). |

4

|  | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|---|---|---|---|---|
| 8. | 11070 | Johnson Controls Interiors LLC | • Continues to research whether additional purchase orders have been issued and whether there are any outstanding cure amounts<br>• Requests additional information with respect to adequate assurance of future performance (i.e. Inteva's experience, capabilities, intentions and financial wherewithal)<br>• Asserts that contracts are not assignable without Johnson's consent under terms of contracts | • Objection Withdrawn. (Docket No. 11417). |
| 9. | 11085 | Siemens VDO Automotive Corp. | • Continues to research whether additional purchase orders have been issued<br>• Asserts a cure amount of $51,371.52<br>• Requests additional information with respect to adequate assurance of future performance (i.e. Inteva's experience, capabilities, intentions, and financial wherewithal) | • Negotiations in process. Adjourned. |
| 10. | 11086 | Siemens VDO Automotive AG | • Continues to research whether additional purchase orders have been issued<br>• Asserts a cure amount of $1,033,178.21<br>• Requests additional information with respect to adequate assurance of future performance (i.e. Inteva's experience, capabilities, intentions, and financial wherewithal) | • Negotiations in process. Adjourned. |

|     | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
| --- | --- | --- | --- | --- |
| 11. | 11087 | Siemens VDO Electric LTD n/k/a Siemens VDO Automotive Canada Inc. | • Continues to research whether additional purchase orders have been issued<br>• Asserts a cure amount of $739,997.47<br>• Requests additional information with respect to adequate assurance of future performance (i.e. Inteva's experience, capabilities, intentions, and financial wherewithal) | • Negotiations in process. Adjourned. |
| 12. | 11091 | Contrarian Funds, LLC | • Contrarian bought certain claims from Columbia<br>• Argues that Cure Notice sent to Columbia Industrial Sale Corp. ("Columbia") and not to Contrarian, contains vague identification of the relevant contract or lease<br>• As a result, Contrarian has been unable to identify whether the proposed cure amount relates to any claims held by Contrarian in the amount of $315,699.49 | • Objection Withdrawn (Docket No. 11091). |
| 13. | 11092 | Goldman Sachs Credit Partners, L.P. | • Goldman filed a joinder to the objections filed by Siemens<br>• As holder of the transferred claim, Goldman argues it has a direct economic interest in the resolution of the notices | • Negotiations with Siemens in process. Adjourned. |
| 14. | 11093 | Cherry GmbH | • Asserts that the contracts have been terminated and amounts due under the contracts have been resolved under certain settlement agreements | • Objection withdrawn. (Docket No. 11407). |

|     | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
| --- | --- | --- | --- | --- |
| 15. | 11356 | Casco Products Corp. | • Asserts $13,321 must be paid (consists of a priority claim of $5,760.48 and an unsecured claim of $7,560.52<br>• Argues amount was allowed pursuant to Court's June 6, 2007 order for amounts due under the requirement contracts | • Objection withdrawn. (Docket No 11541). |
| 16. | 11332 | PPG Industries | • Late objection. Asserts Cure Notice served on an entity and address unrelated to PPG  Argues Cure Notice should have been sent to the address listed on the proof of claim<br>• Objects only to cure amount of PO 550023134<br>• Asserts $265,839.53 cure amount ($17,663.13 difference from Debtors' asserted cure amount of $248,176.40) | • Negotiations in process.  Adjourned. |

7

| | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|---|---|---|---|---|
| 17. | 11357 | Nova Chemicals Inc. and Nova Chemicals Canada Ltd. | • Objects to assumption of Purchase Orders because they are not executory contracts, and asserts all Purchase Orders expired on April 22, 2007<br>• Asserts that the Purchase Orders have been replaced by post-petition purchase orders containing different price and other terms. Argues postpetition can be only be assumed and assigned with the consent of Nova, and asserts that Buyers and Delphi have not requested consent<br>• Argues that it is not clear which contracts the Debtors are trying to assume<br>• Argues that even if the Debtors could assume and assign the expired PO's, the assignee would be assuming all terms and conditions<br>• Asserts a cure amount of $464,344.00 ($383,024 for amounts due under 550056690 and $82,320.00 for amounts due under Purchase Order No. 550056710) (Debtors proposed a $0 cure amount)<br>• Argues it has not received any adequate assurance of future performance by the buyer or proposed assignee | • Negotiations in process. Adjourned. |
| 18. | 11363 | Akzo Nobel Coatings, Inc. and Akzo Novel Industrial Coatings Mexico, S.A. | • Asserts a cure amount of $681,768.81, not the Debtors proposed a $0 cure amount<br>• Notice of the cure amounts is deficient under 2002(g)(1) because proof of claim constitutes a request for notices at the address listed in the proof of claim<br>• Argues it has not received any adequate assurance of future performance by the buyer<br>• Reserves right to supplement objection with any additional information | • Negotiations in process. Adjourned. |

8

|     | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|-----|------------|----------|----------------------|--------------------------------------------|
| 19. | 11373 | May and Scofield, LLC | • Asserts that Court entered an Order, dated April 23, 2007, allowing $119,974.40 as an unsecured claim<br>• Requests adequate assurance of future performance by buyer | • Resolved.<br>• Debtors included specific language in the Debtors' Reply that it retains the right to assert a general unsecured claim with respect to certain contracts. |
| 20. | 11377 | Macarthur Corporation | • Asserts a total cure amount of $48,395.42 (consisting of the following: PO 0550052741 - $1,795.20; PO 0550038050 - $3,399; PO 050024266 - $995.96; PO 0550024142 $3,752.40; PO 050023173 - $378.30; and PO 0550022594 - $38,074.56) | • Objection Withdrawn. (Docket No. 11521). |
| 21. | 11378 | Lear Corporation | • Asserts a total cure amount of $513,839.01 (consisting of the following: PO 550053109 $1,284.36, PO 550074079 $267,229.32, and PO 550038138 $245,325.33)<br>• Argues debtors have failed to provide adequate assurance that the purchaser will perform under the contracts. In addition, argues that it needs additional information to determine whether Inteva meets the qualifications required by Lear<br>• Debtors should confirm that postpetition amounts owing under the contracts will be timely paid | • Negotiations in process. Adjourned. |
| 22. | 11380 | Cooper-Standard Automotive Inc | • Argues debtors have failed to provide adequate assurance that the purchaser will perform under the contracts<br>• Debtors should confirm that postpetition amounts owing under the contracts will be timely paid | • Negotiations in process. Adjourned. |

|  | Docket No. | Objector | Summary of Objection | Potential resolution, response or proposal |
|---|---|---|---|---|
| 23. | 11381 | Spartech Corporation and Spartech Polycom | • Asserts a total cure amount of $41,729.08 for products delivered postpetition (consisting of the following: PO 550057020 - $30,635.36 and PO 550057021 - $11,093.72) | • Negotiations in process. Adjourned. |
| 24. | 11385 | WESCO Distribution, Inc. | • Asserts a cure amount of $15,678.49 for PO 460005746, and the Debtors assert a cure amount of $0. | • Negotiations in process. Adjourned. |