# Exhibit A

                                      Hearing Date & Time: January 10, 2008 at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                             :
    In re                                      :         Chapter 11
                                             :
DELPHI CORPORATION, et al.,       :         Case No. 05-44481 (RDD)
                                           :
        Debtors.                  :         (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

          DECLARATION OF JAMES P. WHITSON IN SUPPORT OF DEBTORS'
         SUPPLEMENTAL REPLY WITH RESPECT TO PROOFS OF CLAIM
                 NUMBERS 6354, 6383, 9272, AND 16633
             (STATE OF MICHIGAN, DEPARTMENT OF TREASURY)

                                                                           James P. Whitson Declaration

I, James P. Whitson, declare as follows:

1. Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors"). I submit this declaration in support of the Debtors' Supplemental Reply With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633 (State Of Michigan, Department Of Treasury) (the "Supplemental Reply"). Capitalized terms used but not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2. I am the Chief Tax Officer of Delphi. I am responsible for directing Delphi's global tax and customs planning and reporting. I have been employed by Delphi since August 1998. Before joining Delphi, I was the Vice President, Assistant Treasurer and Director of Taxes at ITT. During my more than 17 years at ITT, I was responsible for a broad range of tax matters and directed activities of outside tax counsel and accountants. I received an MBA from Harvard Business School in 1971 and a Bachelor in Economics from Davidson College in 1966. I am a Certified Public Accountant and a member of the American Institute of Certified Public Accountants, the Tax Executives Institute, the Financial Executives Institute, and the International Fiscal Association.

3. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, and my experience with and knowledge of Delphi's tax matters, or are based upon knowledge obtained from Delphi's employees reporting to me in the course of their duties. If I were called upon to testify, I could and would testify to the facts set forth herein.

4. During each of their tax years 2002, 2003 and 2004, the Debtors incurred substantial expenditures that constituted research and experimental expenditures ("R&E

Expenses") under section 174 of the Internal Revenue Code ("I.R.C."). When the Debtors computed their federal taxable income for 2002, 2003, and 2004, the Debtors elected to capitalize certain of these R&E Expenses and to amortize them over ten years. This was done in order to reduce federal net operating loss carry-forwards from those tax years. Taking this approach allowed the Debtors to use certain foreign tax credits to offset federal tax liability in future tax years which otherwise would have expired if not used within ten years. In contrast, federal net operating losses arising from R&E Expenses or otherwise can be carried forward as long as 20 years. Accordingly, the Debtors elected under I.R.C. § 59(e) to amortize the R&E Expenses over ten years and thereby reduce their net operating losses for tax years 2002, 2003, and 2004.

5. When calculating their "business income" under the Michigan Single Business Tax Act ("SBT") for tax years 2002, 2003, and 2004, however, the Debtors chose to calculate their federal taxable income for SBT purposes by deducting the full amount of R&E Expenses for each tax year. The Debtors included a schedule with each applicable SBT return or amended SBT return showing the calculation for SBT purposes of federal taxable income, which under the SBT Act is "business income," the starting point for calculating their tax base under the SBT Act.

6. The Debtors' federal tax returns, as originally filed, deducted the full amount of R&E expenses for tax years 2002 and 2003. While the federal audit for 2002 and 2003 was in progress, the Debtors chose to amortize the R&E Expenses under I.R.C. § 59(e). This adjustment was reflected in the federal Revenue Agent Report ("RAR") along with other adjustments that resulted in an amended amount of taxable income for tax years 2002 and 2003. The Debtors did not file an amended federal Form US-1120 for 2002 or 2003. The Debtors filed

3

amended Michigan SBT returns, however, to reflect the federal RAR adjustments for those tax years.  Thus, for tax years 2002 and 2003, Delphi filed only one federal Form US-1120 for each tax year, but changes from the federal RAR adjustments required Delphi to file amended SBT returns in accordance with Mich. Comp. Laws § 208.75(2).

    7. During audit, however, Michigan adjusted the Debtors' treatment of R&E Expenses.  Michigan's auditors determined that the Debtors must compute their business income exactly the same way they computed their federal taxable income for each year, resulting in a much higher SBT liability.

    8. The Debtors do not dispute that if they were required to calculate their SBT liability as Michigan contends, these amounts from Michigan's proofs of claims would be allowed with respect to the Debtors' SBT liability for tax years 2002 through 2004.

    9. A predecessor-in-interest to Debtor Delphi Automotive Systems LLC was a member of a corporate group that in certain years during the 1990s similarly accounted for R&E Expenses on its consolidated SBT returns by deducting them in the year incurred while amortizing those expenses on its consolidated federal return.  Michigan auditors specifically reviewed such SBT accounting for R&E Expenses and did not adjust it during more than one audit.

James P. Whitson Declaration

10. The Debtors' records reflect that they have no unpaid SBT tax liability for tax year 2001. A Final Audit Determination Letter dated June 21, 2007 indicates that Delphi is owed an $88 refund for 2001 SBT taxes and no amounts are due or owing. A redacted copy of that letter is attached to the Supplemental Reply as Exhibit C.

11. I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2007.

/s/ James P. Whitson
JAMES P. WHITSON