1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  DELPHI CORPORATION ET AL.,

9

10        Debtor.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            December 11, 2007

19            10:03 AM

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

2

1

2   HEARING re Claims Objection Hearing Regarding Claim of

3   Conestoga Rovers & Associates, Inc.

4

5   HEARING re Claims Objection Hearing Regarding Claim of Furukawa

6   Electric North America APD and Furukawa Electric Co., Ltd.

7

8   HEARING re Claims Objection Hearing Regarding Claim of Recticel

9   Interiors North America, LLC f/k/a/ Recticel North America,

10  Inc.

11

12  HEARING re Claims Objection Hearing Regarding Claim of Cadence

13  Innovation LLC.

14

15  HEARING re Claims Objection Hearing Regarding Claim of Samtech

16  Corporation and Mtronics.com, Inc.

17

18  HEARING re Claims Objection Hearing Regarding Claim of

19  Contrarian Funds, LLC.

20

21  HEARING re Claims Objection Hearing Regarding Claim of Sarah E.

22  and Donald R. Sweeton.

23

24  HEARING re Claims Objection Hearing Regarding Claim of Illinois

25  Department of Revenue.

3

1

2   HEARING re Claims Objection Hearing Regarding Claim of ON Semi-

3   Conductor Components Industries, LLC And SPCP Group LLC

4

5   HEARING re Claims Objection Hearing Regarding Claim of City of

6   Vandalia, Ohio.

7

8   HEARING re Claims Objection Hearing Regarding Claim of Howard

9   County, Indiana.

10

11   HEARING re Claims Objection Hearing Regarding Claim of New

12   Jersey Division of Taxation.

13

14   HEARING re Motion to Amend Proof of Claim of Robert Bosch GmbH.

15

16   HEARING re Claims Objection Hearing Regarding Claim of Siemens

17   Financial Services, Inc., And Siemens VDO Automotive SAS And

18   Goldman Sachs Credit Partners, L.P.

19

20   HEARING RE Specialty Coating Late-Filing Motion.

21

22

23

24   Transcribed by:  Penina Wolicki

25

4

1

2    A P P E A R A N C E S :

3    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4         Attorneys for Debtor

5         333 West Wacker Drive

6         Chicago, IL 60606

7

8    BY:   JOHN K. LYONS, ESQ.

9         LISA DIAZ, ESQ.

10

11    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

12         Attorneys for Debtor

13         Four Times Square

14         New York, NY 10036

15

16    BY:   THOMAS J. MATZ, ESQ.

17

18

19    TOGUT, SEGAL & SEGAL LLP

20         Attorneys for Debtor

21         One Penn Plaza

22         New York, NY 10119

23

24    BY:   NEIL BERGER, ESQ.

25         RICHARD K. MILIN, ESQ.

5

REED SMITH LLP

       Attorneys for Siemens VDO

       10 South Wacker Drive

       Chicago, IL 60606


BY:   MAX A. STEIN, ESQ.

       RANDALL D. LEHNER, ESQ.



CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

       Attorneys for Cookson, Fry's, and Specialty Coatings

       5 Becker Farm Road

       Roseland, NY 07068


BY:   MARC D.  MICELI, ESQ. (TELEPHONICALLY)

6

1          P R O C E E D I N G S

2          THE COURT:  Please be seated.  Good morning.  We're

3     here on Delphi Corporation.

4          MR. LYONS:  Good morning, Your Honor.  John Lyons on

5     behalf of the debtors.  Here with me in Court today, Tom Matz

6     and Lisa Diaz from Skadden, Karen Kraft from Delphi, and Janine

7     DeLuca at Delphi, who's on the claims team.  Also, Your Honor,

8     Neil Berger from Togut Segal.  At the request of the parties,

9     Your Honor, we'd like to take certain of the items in the

10    agenda out of order, to start with VDO Siemens and the other

11    Togut matters.  And then once Mr. Berger's finished addressing

12    the Court, then I will go through the balance of the agenda.

13         THE COURT:  Okay.  That's fine.

14         MR. BERGER:  Good morning, Judge.

15         THE COURT:  Good morning.

16         MR. BERGER:  Neil Berger, Togut Segal & Segal.  I've

17    a couple matters.  First we could take VDO Siemens.

18         THE COURT:  Okay.

19         MR. BERGER:  That was scheduled as a contested

20    matter, number 14 on page 18 of the agenda.

21         THE COURT:  Right.  They were the dueling summary

22    judgment motions.

23         MR. BERGER:  Yes, Your Honor.  That matter settled

24    late yesterday with the assistance of a mediator.  We contacted

25    counsel.  My very able colleague Richard Milin, who's our

7

1    senior litigator who's responsible for the day to day handling

2    of this claim is here today to give Your Honor the basic terms

3    of the settlement, and then we'll move forward to documenting

4    it later today and tomorrow.

5            THE COURT:  Okay.

6            MR. MILIN:  Richard Milin, Togut Segal.  Yes, Your

7    Honor, late yesterday we were able to resolve the Siemens VDO

8    dispute.  The terms of the settlement are very simple.  Claim

9    2247 will be allowed as a general unsecured nonpriority claim

10   in the amount of one million dollars down from 7.7 remaining.

11   We are grateful to the efforts of the mediator, Bill Harturing

12   (ph.) of Jams in Chicago.  And we look forward to documenting

13   the settlement, and we will submit it soon to Your Honor.

14           THE COURT:  Okay.  Is that a correct description?

15           MR. LEHNER:  Yeah, Your Honor.  Randy Lehner on

16   behalf of Siemens VDO.  That is an accurate description of the

17   settlement.

18           THE COURT:  Okay.  And does this resolve all VDO

19   Siemens claims?

20           MR. MILIN:  No, it does not, Your Honor.  There are

21   other claims that have not been resolved.  This is limited to

22   2247.

23           THE COURT:  The issues that were -- that were before

24   me?

25           MR. MILIN:  Yes, and --

8

1          THE COURT:  And that includes the reconciliation

2   issue as well as the contract issue?

3          MR. MILIN:  The reconciliation issue was previously

4   resolved in a separate stipulation.  The only thing left of

5   2247 was this cancellation claim dispute that we had briefed.

6          THE COURT:  Okay.

7          MR. MILIN:  So the settlement will resolve 2247 as a

8   whole.

9          THE COURT:  All right.  Okay.  Very well.

10         MR. LEHNER:  Thank you, Your Honor.

11         THE COURT:  So, I look forward to seeing your

12  stipulation.

13         MR. MILIN:  Your Honor we have no -- I'm sorry?

14         THE COURT:  I'll look forward to seeing your

15  stipulation and order.

16         MR. MILIN:  Your Honor, we have no further business,

17  if we may be excused?

18         THE COURT:  That's fine.

19         MR. MILIN:  Thank you.

20         MR. BERGER:  Thank you, Judge.  Just two other Togut

21  matters and I'll go in their order on the agenda.  On page 3,

22  number 2 is the objection regarding Furukawa.  Your Honor may

23  recall that in the main calendar, the debtors noticed up a

24  default.  It was adjourned today as a placeholder, and we were

25  looking forward to receiving a signed discovery stipulation

9

1    that I received, actually it was handed to me as I was leaving

2    to come to Court this morning.  It provides for completion of

3    fact deposition and interrogatory discovery in succeeding

4    months.  It contemplates, subject to Your Honor's approval,

5    when we submit the stipulation later today or tomorrow morning,

6    a final pretrial conference in April, based upon our agreement

7    with Furukawa, which I should say also expressly contemplates

8    adjudication of its dispute.

9            In the Southern District of New York there's a

10   reservation of rights in favor of Furukawa to seek a withdrawal

11   reference before discovery's closed, but they have waived the

12   right, I believe, in this stipulation, to go back to Michigan.

13   The matter will be adjudicated in this Court.  Having had that

14   agreement in hand, though, we'd ask that this matter be

15   adjourned, again, for holding purposes, to the December 20th

16   omni.  When I get back to my office this afternoon, I'll ask

17   Furukawa if it is amenable to taking our default application

18   and their dismissal motion -- cross motion off agenda, not

19   withdraw but off agenda, as we have with other matters.  So if

20   Your Honor is agreeable, we'll move today's hearing off to the

21   20th and see if we can't get it off agenda.

22            THE COURT:  Okay.  Remind me, the default motion here

23   wasn't based on their simply failing to respond to an

24   objection, it was based on their not prosecuting the

25   litigation?

10

1      MR. BERGER:  No, Your Honor.  We filed a counter

2  claim --

3      THE COURT:  Oh, that's right.

4      MR. BERGER:  -- in response to proof of claim.

5      THE COURT:  Okay.  And that's what they didn't

6  respond to?

7      MR. BERGER:  We assert they did not respond.

8      THE COURT:  To the counter claim.  Okay.  All right.

9  That's fine.

10     MR. BERGER:  And the last Togut matter, Your Honor,

11  and we appreciate you taking us out of order, is the objection

12  to the claim of ON Semi-Conductor.  It was at Docket 8270.

13  Your Honor, we settled this objection, and the primary purpose

14  of the settlement is that ON Semi-Conductor has waived its

15  right to reclamation for a portion of its claim, amounting

16  somewhere in the range of 1.4 million dollars.  The Skadden

17  team has our joint agreed stipulation on order a disk, and

18  they'll hand it up at the conclusion of the hearing.

19     THE COURT:  Okay.  That's fine.

20     MR. BERGER:  That's it for Togut Segal today.

21     THE COURT:  All right.  Very well.  Thank you.

22     MR. BERGER:  Thank you.

23     THE COURT:  Okay.

24     MR. LYONS:  Your Honor, the remainder of the matters

25  are settlements.  Some are significant though, so I would like

11

1    to go through, especially some of the more major ones, with

2    Your Honor.

3              THE COURT:  Okay.

4              MR. LYONS:  But first I'd like to hand up our -- kind

5    of our claim to summary where we are?

6              THE COURT:  Okay.  That's fine.

7              MR. LYONS:  It's pretty safe to say we're making real

8    progress on the remaining claims, in particular with the

9    requirement under the EPCA agreement to have claims liquidated

10   under 1.45 billion.  We are making real progress, as Your Honor

11   has seen.  The Siemens claim was certainly one step in that

12   process.  But, you know, as you can see, we are, from a

13   starting point of over 12,000 claims, we are -- we are -- or

14   even more than that, 16,000 claims, we have remaining, you

15   know, if you look at, the number's really around 900 in total.

16   And most of those, Your Honor, are very small variance claims

17   or even agreed to claims.  We certainly have noticed up all of

18   the significant claims under the procedures.  So they are

19   currently either on a litigation track and a hearing track.  We

20   are also simultaneously approaching some of the claimants with

21   smaller variances through letters and agreed stipulations, and

22   we hope to complete that process by the end of the year, and

23   maybe even early January.  So we will, in essence, clean up the

24   bottom part of the claims which have, in the aggregate, not a

25   large variance, but nonetheless, they are a number of claims.

12

1  So that will help expedite the administration of this case.

2  Your Honor, turning to the agenda, I will go through some of

3  the items and the settlements.

4           THE COURT:  Okay.

5           MR. LYONS:  First the agenda item number 1 relates to

6  the claim of Conestoga Rovers & Associates.  The debtors -- on

7  November 26, 2007, the debtors filed and served notice of

8  deadline to file motion for leave to file a late claim with

9  respect to claim number 16604, Your Honor.  That's pursuant to

10  our standard practice to require claimants who filed late

11  claims to file motions.  On December 5, 2007, Conestoga Rovers

12  filed a consolidated application in support of the motion to

13  allow the amended claim filed after the bar date as relating

14  back to the original claim, or alternatively for leave to file

15  a late proof of claim.  The hearing on this motion will be

16  adjourned to January 10th of next year, Your Honor. So Your

17  Honor will hear that if that doesn't otherwise get resolved.

18           THE COURT:  Okay.

19           MR. LYONS:  We've already dealt with item number 2 in

20  the agenda relating to Furukawa.  Item number 3 relates to the

21  claim of Recticel Interiors North America and AMROC Investments

22  LLC.  This relates to two proofs of claim.  The first proof of

23  claim number 11026 asserted an unsecured nonpriority claim in

24  the amount of 1.6 million dollars approximately, plus

25  unliquidated amounts against DAS LLC.  Proof of claim number

13

1    11027 asserted an unsecured claim in the amount of

2    approximately 740,000 dollars, plus unliquidated amounts

3    against DAS LLC.  The parties have agreed to the following

4    settlement:  Proof of claim 11026 will be allowed in the amount

5    of $1,034,454.35, and will be an allowed general unsecured

6    claim against DAS LLC.  So that's a pickup of approximately

7    600,000 dollars from the asserted amount.  Proof of claim 11027

8    will be allowed in the amount of $61,330.16, as a general

9    unsecured against -- general unsecured claim against the estate

10   of DAS LLC, and again that's a pickup of approximately 700,000

11   dollars.

12            THE COURT:  Okay.

13            MR. LYONS:  Agenda item number 4 relates to the claim

14   of Cadence Innovation LLC.  As Your Honor may recall, Cadence

15   involved a patent case that Cadence filed a motion to withdraw

16   the reference --

17            THE COURT:  Right.

18            MR. LYONS:  -- to District Court.  I'm happy to

19   report we settled that claim.  The -- it involved two proofs of

20   claim.  First claim number 10100, which asserted an unsecured

21   nonpriority claim in the amount of 21 million dollars plus

22   unliquidated amounts against Delphi Corp.  Proof of claim 10111

23   asserted a general unsecured nonpriority claim in the amount of

24   21 million dollars plus unliquidated amounts against DAS LLC.

25   So it was an aggregate claim of 42 million dollars.  What we've

14

1    agreed with Mr. Connolly and Cadence is that the two proofs of

2    claim will be consolidated into one proof of claim and the

3    surviving proof of claim will be 10100.  The other claim,

4    10111, shall be expunged -- will be expunged.  And the parties

5    have agreed to settle the remaining proof of claim, 10100, for

6    3.75 million as an allowed general unsecured claim against DAS

7    LLC.  The proof of claim that is being allowed will not be

8    subject to reduction, offset, challenge or objection or other

9    modifications by the debtors or their estates, successors and

10   assignees, and that we will timely make payment under any

11   subsequently confirmed plan of reorganization.  If the plan

12   turns out does not provide for a recovery for holders of

13   general unsecured claims that amounts in the aggregate of a

14   principal amount plus accrued post-petition interest at the

15   negotiated plan value, then Cadence may assert claim number

16   1011 [sic.] against other debtors against whom they had filed

17   proofs of claim.  It's kind of similar to the procedural

18   stipulations we've entered in the past.

19            THE COURT:  Right.

20            MR. LYONS:  And there's some notice requirements

21   there if they want to do that.  And our -- and the debtors'

22   rights are reserved if they do assert that claim against the

23   other debtors.  But notwithstanding the forgoing, Cadence is

24   going to reserve the right to object to any proposal plan and

25   substantive consolidation of the debtor.  So that right is

15

1    reserved by Cadence.  And then finally, Cadence will withdraw

2    the withdrawal motion with prejudice and its response to the

3    third omnibus response.  So we will report up to the District

4    Court that this matter's been settled.

5                THE COURT:  Okay.  I don't remember, did Cadence also

6    allege ongoing patent infringement or was this limited to the

7    prepetition period?

8                MR. LYONS:  No, they -- this settles the whole

9    matter.  You're right.  They did assert continuing violation,

10   but the terms of the settlement are that they will just be

11   given a general --

12               THE COURT:  And that resolves their entire patent

13   issue?

14               MR. LYONS:  -- that resolves their administrative

15   claim --

16               THE COURT:  Okay.

17               MR. LYONS:  -- and post-emergence claim.

18               THE COURT:  All right.  Okay.

19               MR. LYONS:  So that we have a stipulation for Your

20   Honor to sign today.  Item number 5 relates to the claim of

21   Samtech and Mtronics.com.  This relates to two proofs of claim.

22   The first is claim number 12221 filed by Mtronics, and the

23   second is 15611 filed by Samtech.  The claim for 12221, the

24   Mtronics claim asserts -- asserted a priority -- unsecured

25   nonpriority claim in the amount of approximately 370,000

16

1    dollars against DAS LLC.  Proof of claim number 15611 asserted

2    an unsecured nonpriority claim in the amount of 375,000 dollars

3    against Delphi Corporation.  The parties have agreed to the

4    following settlement:  First of all, proof of claim number

5    1221 -- 12221, the Mtronics claim, will be allowed as a general

6    unsecured claim in the amount of $372,934.72.  And the

7    remaining proof of claim, proof of claim number 15611, will be

8    disallowed and expunged in its entirety.  So that would resolve

9    that matter.

10             THE COURT:  Okay.

11             MR. LYONS:  Item number 6 is the claim of Donald and

12   Sarah Sweeton.  I'm trying to find this on the agenda -- I'm

13   sorry.  On the agenda it's item -- it's actually item number 7.

14             THE COURT:  Right.

15             MR. LYONS:  Item number 7 is the claim of Donald and

16   Sarah Sweeton.  That relates to proof of claim number 11198.

17   The Sweetons filed an unsecured nonpriority claim in the amount

18   of 326,000 dollars, approximately, against DAS LLC.  It relates

19   to an ongoing real estate lease that they have that has not yet

20   been assumed or rejected.  It's pretty much -- it's a

21   protective claim in case the lease end -- it would be rejected.

22   They've agreed to withdraw the proof of claim number 11198.

23   However, it will be automatically reinstated without further

24   notice or action if the debtors decide to reject the lease.

25             THE COURT:  Okay.  So they won't have to comply with

17

1    the order I just issued yesterday, in other words, that deals

2    with notice of rejection, cure of claims, and the like?

3           MR. LYONS:  Yes, it's --

4           THE COURT:  If you decide to assume it, they wouldn't

5    have to deal with that?

6           MR. LYONS:  Right.

7           THE COURT:  Okay.

8           MR. LYONS:  And I'm unaware, Your Honor, of any

9    rejection decision with respect to this lease.

10          THE COURT:  Okay.

11          MR. LYONS:  Item number 7, or I'm sorry, item number

12   6 relates to the claims held by Contrarian Funds LLC.  Your

13   Honor, these are -- these involve a number of proofs of claim

14   that Contrarian has purchased from other suppliers and other

15   creditors of the debtor.  So rather than go through each one,

16   we are going to hand up the stipulations.  They pretty much

17   allow the claims at the asserted amount with very few

18   exceptions.  All of the claims are certainly under 300,000

19   dollars, and the variances of these claims, let me just count

20   these.  We have one, two, three, four, five, six -- sixteen

21   proofs -- this resolves sixteen proofs of claims, Your Honor.

22   There is, again, as I was saying, they're either allowed at the

23   asserted amount or there's a very small variance, none of which

24   totaled more than, I believe 15,000 dollars, 20,000 dollars.

25   So we've got a stipulation going through those particular

18

1    claims.  But rather than go through them now, I'd just -- it

2    might be easier --

3              THE COURT:  Okay.

4              MR. LYONS:  -- for Your Honor to just look at the

5    stipulations.

6              THE COURT:  That's fine.  And this is the same type

7    of process you're going to go through now with the remaining ad

8    hoc trade committee claims that Mr. Rosner stipulated to the

9    other day?

10             MR. LYONS:  Yeah.  We are going to look at those and

11   reconcile those in an expeditious fashion along with the other

12   claims, Your Honor --

13             THE COURT:  Right.

14             MR. LYONS:  -- frankly, that we're dealing with.  And

15   perhaps to be more efficient, at the next claims hearing, when

16   we have these fairly smaller variance claims, we'll just hand

17   Your Honor up a schedule so you can see the variance if any --

18             THE COURT:  That's fine.

19             MR. LYONS:  -- between the proposed allowed amount.

20             THE COURT:  That's fine.

21             MR. LYONS:  Item number 8 is the -- the agenda item

22   number 8 is the claim of the Illinois Department of Revenue.

23   This relates to proof of claim number 16470.  The -- Illinois

24   asserted a claim in the total amount of 257,000 dollars

25   approximately, consisting of an unsecured priority claim in the

19

1    amount of 220,000 dollars, and a general unsecured claim in the

2    amount of 35,000 dollars relating to prepetition penalties

3    arising from certain taxes owed by Delphi to Illinois.  The

4    parties have agreed to the following settlement:  The proof of

5    claim number 16470 shall be allowed in the total amount of

6    $222,477 -- and 2 dollars, which corresponds to approximately

7    206,000 in taxes and 15,000 in prepetition interest, interest

8    accrued through the petition date, and shall be treated as an

9    allowed unsecured priority tax claim against DAS LLC.  The

10    penalties under this -- under this agreement have been

11    effectively waived, in other words.  And we have a stipulation

12    to that effect.

13            THE COURT:  Okay.

14            MR. LYONS:  And item number 9 we've already covered.

15    That's ON Semi-Conductor.  Item number 10 relates to a claim

16    filed by the City of Vandalia, Ohio.  This relates to proof of

17    claim number 7219, which asserted an unsecured nonpriority

18    claim in the amount of 46 -- approximately 46,000 dollars

19    against DAS LLC, arising from prepetition withholding of taxes

20    from the wages of employees at DAS LLC's plant in Vandalia.

21    And then proof of claim number 16396, purported to amend proof

22    of claim number 7219, and asserted as a priority claim in the

23    amount of 44,000 dollars against DAS LLC, which in effect, was

24    a reduction of the claim.  The parties have agreed to the

25    following settlement:  Proof of claim 7219, which is the

20

1    earlier larger claim, will be disallowed and expunged in its

2    entirety, and proof of claim 16396 shall be reclassified as a

3    priority claim and shall be entitled to a recovery in the

4    amount no greater than 23,753 dollars.  So it in essence is a

5    cap, and agreed cap between the parties.  And also, Delphi

6    Corp., DAS LLC and Vandalia have jointly drafted a groundwater

7    ordinance.  Once the ordinance becomes effective, Delphi will

8    indemnify Vandalia solely for certain claims related to the

9    ordinance.  However, Delphi's liability will be limited to not

10   exceed more than one million dollars.  So this is a -- trying

11   also to resolve a potential environmental groundwater issue.

12           THE COURT:  Okay.

13           MR. LYONS:  Item number 11 is the claim of Howard

14   County.  That relates to proof of claim number 16506.  16506

15   asserted as an amended claim against DAS LLC, a secured claim

16   in the amount of approximately 2 million 60 thousand dollars,

17   and an unsecured priority tax claim in the amount of

18   approximately five million dollars, stemming from certain taxes

19   owed -- allegedly owed by DAS LLC to Howard County.  The

20   parties have agreed to the following settlement:  16506 shall

21   be an allowed claim against DAS LLC in the amount of

22   $6,497,209.88, with such amount corresponding to, first a

23   secured claim in the amount of 1,881,810, and an unsecured

24   priority tax claim in the amount of $4,615,399.28 against the

25   debtor.  So it will split that claim into a priority tax

21

1    portion and a secured portion.  And we have a stipulation,

2    again, Your Honor, that reflects that.

3                THE COURT:  Okay.

4                MR. LYONS:  Item number 12 is the claim of the New

5    Jersey Division of Taxation.  This relates to, and this is our

6    last claim matter, and this relates to proof of claim numbers

7    16610 and 16611.  Proof of claim number 16610 asserted an

8    administrative claim in the amount of 171,000 dollars against

9    Delphi Corporation for certain taxes allegedly owed by Delphi

10   and certain affiliated debtors to New Jersey.  Proof of claim

11   16611 was asserted as an unsecured priority claim in the amount

12   of 448,000 dollars, approximately, against Delphi Corp.  The

13   parties have agreed to the following settlement:  Both claims

14   will be disallowed and expunged in their entirety.  So we

15   looked into it and determined, and New Jersey agreed that there

16   was no claim.

17               THE COURT:  Okay.

18               MR. LYONS:  And that -- the debtors pending objection

19   to proof of claim number 16650 on the twenty-first objection is

20   deemed to include an objection on the basis that it is not

21   supported by the debtors' books and records.  So that would

22   change the classification of a pending claim which we have

23   which is still live, which is 166502, a broader books and

24   records objection, so we can resolve it in accordance with the

25   claims procedures.

22

1      THE COURT:  Okay.

2      MR. LYONS:  Okay.  Now, we have two remaining

3   matters.  The first relates to the motion of Bosch to amend

4   proof of claim.  And, Your Honor, we had actually been before

5   you back in July and had adjourned this motion in exchange for,

6   among other things, Bosch agreed to a cap of their claim at

7   fifteen million dollars.  So on June 27, 2007, Robert Bosch

8   GmbH filed its motion to amend proof of claim.  The hearing was

9   originally set for July 20, 2007.  On July 13 we filed an

10  objection to that motion.  On July 20th Your Honor entered a

11  joint stipulation and agreed order which consolidated Bosch's

12  claims for administrative purposes, among other things, and

13  capped the proof of claim in the amount of fifteen million that

14  Bosch had filed and set a maximum amount of fifteen million

15  dollars.

16      To resolve the motion to amend, the debtors and Bosch

17  acknowledge and agree that patent number US 6272411 shall not

18  be included in or form any basis for their remaining claim.

19  And the debtors will not object to the claim on the grounds

20  relating to the proper ownership between Robert Bosch, LLC,

21  which is the US entity, and Robert Bosch GmbH, as to the

22  remaining patents that are specified in the claim.  You may

23  recall, Your Honor, in that motion to amend they wanted to add

24  a new patent that had not been listed in their timely filed

25  claims.  So we've -- we've, you know, reached this agreement,

23

1  which will, again, keep that patent out, but there won't be any

2  standing objections as to ownership of the patents that

3  currently remain.

4          THE COURT:  That they originally sought.

5          MR. LYONS:  That they original sought --

6          THE COURT:  Recovery on.

7          MR. LYONS:  -- and had been filed under the wrong

8  Bosch entity --

9          THE COURT:  Okay.

10          MR. LYONS:  -- prior to the bar date.

11          THE COURT:  Okay.  And the cap remains the same?

12          MR. LYONS:  That cap remain the same, and we're

13  actually in active discussions.  And that claim is being

14  actively administered right now.

15          THE COURT:  Okay.

16          MR. LYONS:  So we have a stipulation to that effect.

17  And then finally, Your Honor, the last agenda item is that of

18  Specialty Coatings.  You may recall, Your Honor, this had been

19  adjourned from a previous hearing.  This related to a

20  reconciliation between affiliated suppliers of Fry's Metal and

21  Specialty Coating Systems.  After, you know, taking a look at

22  the reconciliation and further discussions, the debtors are

23  going to withdraw the objection to their motion to allow -- to

24  vacate the order that had expunged the Specialty Coating

25  Systems' claim.  So we're not allowing that claim right now,

24

1    we're just withdrawing our objection so that Special Systems

2    Coating claim of 76,000 dollars, you know, could be reinstated.

3    However, it's the debtors' position that once that is done, the

4    debtors will have post -- a credit against the affiliate, Fry's

5    Metal, which they will be able to, you know, to deal with in

6    their ordinary course post-petition as a credit against post-

7    petition supplies.  That matter currently -- we're not asking

8    for any, you know, advisory opinion from Your Honor, but

9    basically, according to our books and records, once the claim

10   is reinstated for Specialty Coatings, there will be a

11   corresponding credit against the Fry's account under the

12   company's books and records.

13             THE COURT:  Okay.

14             MR. MICELI:  Your Honor, if I may make an appearance

15   at this point?  Marc Miceli from Carella on behalf of Cookson

16   Electronics, Fry's Metals and Specialty Coatings.  I just want

17   to place on the record that we will be reserving our right

18   absent the procedural mechanism which they can bring this

19   alleged proof of claim.

20             THE COURT:  Okay.  So are you going to submit an

21   order, then on --

22             MR. LYONS:  Yes.

23             THE COURT:  -- on the motion to reconsider?

24             MR. LYONS:  Yes, we will, Your Honor.

25             THE COURT:  Okay.

25

1    MR. LYONS:  Very well.  And, Your Honor, that is all

2  I have on the agenda --

3    THE COURT:  All right.

4    MR. LYONS:  Oh, there are two other items --

5    THE COURT:  But when was this -- when was this

6  determination reached?

7    MR. LYONS:  Well, it was reached in connection with,

8  I mean, really after the hearing when we went back and did

9  further reconciliation.

10    THE COURT:  Okay.  You ought to let my chambers know,

11  because we prepared on this one, this motion.

12    MR. LYONS:  Oh, I'm --

13    THE COURT:  Yeah.

14    MR. LYONS:  -- I'm sorry, Your Honor.  I --

15    THE COURT:  It's all right.  I mean, I prepared on it

16  a few months ago, and then you adjourned it, so it didn't

17  involve a lot of work, but just for the future, just a reminder

18  to let us know.

19    MR. LYONS:  We will, Your Honor.  I --

20    THE COURT:  Okay.

21    MR. MICELI:  We understand, Your Honor.

22    THE COURT:  Okay.

23    MR. MICELI:  Your Honor, I have no further business.

24  May I be excused?

25    THE COURT:  Yes.  That's fine.

26

1      MR. MICELI:  Thank you, Your Honor.

2      THE COURT:  Okay.

3      MR. LYONS:  Two other quick housekeeping matters,

4  Your Honor.  We had filed a motion for the recent changes --

5  the amendments to Bankruptcy Rule 3007, which will be heard on

6  December 20th.

7      THE COURT:  Okay.

8      MR. LYONS:  We're also preparing an omnibus objection

9  which may be -- well, one of our last omnibus objections before

10 we -- before we have the confirmation hearing.  So that motion

11 is --

12     THE COURT:  When are you going to file that?  Before

13 the 21st or after?

14     MR. LYONS:  -- no.  It would be after --

15     THE COURT:  It would be after.

16     MR. LYONS:  -- after, yes.  After Your Honor --

17     THE COURT:  Okay.

18     MR. LYONS:  -- considers our motion.  But again, it

19 basically, you know, relies on those personalized notices --

20     THE COURT:  Right.

21     MR. LYONS:  -- that we have sent out as actually

22 complying with the new 3007.

23     THE COURT:  All right.  Without prejudging the

24 motion, I think that's a pretty safe reliance on your port.

25     MR. LYONS:  Thank you, Your Honor.  One other matter.

27

1    We may have -- I know we rarely do this, but we may have a

2    discovery spat with one of our claimants under the estimation

3    procedures.  And I was wondering as to the Court's availability

4    Thursday, late morning or early afternoon, in case we need to

5    have a teleconference with Your Honor.

6              THE COURT:  Let me just check.  That's the 13th?

7              MR. LYONS:  Yes.

8              THE COURT:  It would have to be in the afternoon.  I

9    have a hearing at 2:00, so late afternoon.

10             MR. LYONS:  Late afternoon?

11             THE COURT:  Maybe 4 o'clock.

12             MR. LYONS:  Okay.  What is an alternative, if we

13   would perhaps Wednesday?  Because I need to check with the

14   other counsel.

15             THE COURT:  Well, I have a REFCO omnibus day which is

16   claim objections in the morning.  So probably, you know, from 2

17   o'clock on would be fine.

18             MR. LYONS:  On Wednesday.  Okay, excellent.  Your

19   Honor, that's all I have.

20             THE COURT:  Okay.  Good.

21             MR. LYONS:  Thank you.

22             THE COURT:  Thank you.

23         (Proceedings concluded at 10:33 AM)

24

25

28

1

2                    C E R T I F I C A T I O N

3

4      I Penina Wolicki, court approved transcriber, certify that the

5      foregoing is a correct transcript from the official electronic

6      sound recording of the proceedings in the above-entitled

7      matter.

8

9      _____   ___December 17, 2007_____

10     Signature of Transcriber              Date

11

12     _____PENINA WOLICKI_____

13     typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25