UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :

    In re                             :           Chapter 11
                                      :

DELPHI CORPORATION, et al.,     :           Case No. 05-44481 (RDD)
                                      :

                Debtors.      :           (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING (A) DUPLICATE CLAIM, (B) CERTAIN EQUITY CLAIMS, (C)
INSUFFICIENTLY DOCUMENTED CLAIM, (D) CERTAIN CLAIMS NOT REFLECTED
ON DEBTORS' BOOKS AND RECORDS, AND (E) CERTAIN CLAIMS SUBJECT TO
MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIM SUBJECT
TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER, AND MODIFIED CLAIM
ASSERTING RECLAMATION THAT IS SUBJECT TO PRIOR ORDER IDENTIFIED
<u>IN TWENTY-THIRD OMNIBUS CLAIMS OBJECTION</u>

("TWENTY-THIRD OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently

Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E)

Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject

To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation

That Is Subject To Prior Order, dated November 19, 2007 (the "Twenty-Third Omnibus Claims

Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
    Twenty-Third Omnibus Claims Objection.

upon the record of the hearing held on the Twenty-Third Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B-1, B-2, C, D-1, D-2, E-1, E-2, and E-3 hereto was properly and timely served with a copy of the Twenty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Third Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Third Omnibus Claims Objection. No other or further notice of the Twenty-Third Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Twenty-Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Twenty-Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Twenty-Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Claim listed on Exhibit A hereto under the column heading "Claim To Be Expunged" is a duplicate of another Claim filed with this Court (the "Duplicate Claim").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

   D. The Claims listed on <u>Exhibit B-1</u> hereto were filed by holders of Delphi common stock solely on account of their stock holdings (the "Equity Claims").

   E. The Claim listed on <u>Exhibit B-2</u> hereto was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order (the "Untimely Equity Claim").

   F. The Claim listed on <u>Exhibit C</u> contains insufficient documentation to support the Claim asserted (the "Insufficiently Documented Claim").

   G. The Claims listed on <u>Exhibit D-1</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

   H. The Claims listed on <u>Exhibit D-2</u> hereto were modified pursuant to a prior order and contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims That Are Subject To Prior Orders").

   I. The Claims listed on <u>Exhibit E-1</u> hereto (a) state the incorrect amount or are overstated, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (the "Claims Subject To Modification").

   J. The Claims listed on <u>Exhibit E-2</u> hereto (a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i)

3

and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

    K.  The Claim listed on <u>Exhibit E-3</u> hereto was modified pursuant to a prior order and (a) was filed and docketed against the wrong Debtor and (b) asserts a reclamation demand with respect to which the Debtors and the Claimant have entered into, or the Claimant has consented to, a Reclamation Agreement that establishes the valid amount of the reclamation demand, subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claim Asserting Reclamation That Is Subject To Prior Order").

    L.  The relief requested in the Twenty-Third Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  The "Claim To Be Expunged" listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety. The Claim identified on <u>Exhibit A</u> hereto as the "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

    2.  Each Equity Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and expunged in its entirety.

4

    3.  The Untimely Equity Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

    4.  The Insufficiently Documented Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

    5.  Each Books And Records Claim listed on <u>Exhibit D-1</u> hereto is hereby disallowed and expunged in its entirety.

    6.  Each Books And Records Claim That Is Subject To Prior Orders listed on <u>Exhibit D-2</u> hereto is hereby disallowed and expunged in its entirety.

    7.  Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-1</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-1</u> hereto shall be entitled to (a) recover for any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit E-1</u> hereto, subject to the Debtors' right to further object to each such Claim Subject To Modification.  The Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

    8.  Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-2</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-2</u> shall be entitled to (a) recover for any Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that

5

any Reserved Defense is valid and denying priority status to such Claimant's reclamation demand, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit E-2 hereto, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-2 hereto, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation.  The Modified Claims Asserting Reclamation shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

9. The "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-3 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  The Claimant listed on Exhibit E-3 shall be entitled to (a) recover for the Modified Claim Asserting Reclamation That Is Subject To Prior Order in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and denying priority status to such Claimant's reclamation demand, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit E-3 hereto, and/or (c) assert the Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-3 hereto, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation That Is Subject To Prior Order.  The Modified Claim Asserting Reclamation That Is Subject To Prior Order shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

10. For clarity, Exhibit G hereto displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on Exhibits E-1, E-2, and E-3.

6

11. With respect to each Claim for which a Response to the Twenty-Third Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-1, F-2, F-3, F-4, and F-5 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

12. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Third Omnibus Claims Objection.

13. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

14. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Third Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

15. Each of the objections by the Debtors to each Claim addressed in the Twenty-Third Omnibus Claims Objection and attached hereto as Exhibits A, B-1, B-2, C, D-1, D-2, E-1, E-2, E-3, F-1, F-2, F-3, F-4, and F-5 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Third Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall

7

not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

16. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

17. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Twenty-Third Omnibus Claims Objection.

Dated: New York, New York
December 20, 2007

     /s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE