UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                 :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                    Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER UNDER NEW BANKRUPTCY RULE 3007 AND 11 U.S.C. § 105(a) AUTHORIZING
DEBTORS TO CONTINUE CLAIMS OBJECTION PROCEDURES UNDER ORDER DATED
DECEMBER 7, 2006 PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS
REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES
<u>GOVERNING OBJECTIONS TO CLAIMS</u>

("ORDER AUTHORIZING CONTINUED CLAIMS OBJECTION PROCEDURES")

Upon the unopposed Motion Under New Bankruptcy Rule 3007(c) And 11 U.S.C. § 105(a) Authorizing Debtors To Continue Claims Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, dated November 30, 2007 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"; and this Court having entered the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims on December 6, 2006 (the "Claim Objection Procedures Order") (Docket No. 6089), a supplemental order on

October 23, 2007 (the "Supplemental Order") (Docket No. 10701), and a second supplemental order on November 20, 2007 (the "Second Supplemental Order") (Docket No. 10994); and upon the record of the December 20, 2007 hearing held on the Motion; and after due deliberation thereon, and good and sufficient cause appearing therefor,

   IT IS HEREBY FOUND AND DETERMINED THAT:[1]

   A. Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

   B. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   C. The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. The Motion is GRANTED.

   2. The Debtors are hereby authorized to continue their current practice of combining objections to multiple Claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in a single omnibus Claims objection, including objections to more than 100 claims.

   3. To the extent that rule 3007 of the Federal Rules of Bankruptcy Procedures, as amended as of December 1, 2007 ("Amended Rule 3007"), provides otherwise,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

this Court hereby authorizes the Debtors, pursuant to Amended Rule 3007(c), to continue their practice of filing omnibus Claims objections objecting to Claims because such Claims (a) assert liabilities not on the Debtors' books and records or state the incorrect amounts or (b) incorrectly assert secured or priority status.

        4.        This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

        5.        The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York  
       December 20, 2007

                                                  /s/Robert D. Drain  
                                     UNITED STATES BANKRUPTCY JUDGE