UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :
    In re        :    Chapter 11
              :
DELPHI CORPORATION, <u>et al.</u>,    :    Case No. 05-44481 (RDD)
              :
    Debtors.      :    (Jointly Administered)
              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION
AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

      This Stipulation and Agreed Protective Order is entered into and submitted to the Court in accordance with the agreement of the Debtors, the Official Committee of Equity Security Holders, the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Trade Creditors, Caspian Capital Advisors, LLC, Castlerigg Master Investments Ltd., David Kempner Capital Management LLC, Elliot Associates, L.P., Sailfish Capital Partners LLC, Whitebox Advisors, LLC, General Motors Corporation and Lead Plaintiffs on the one hand, and Appaloosa Management L.P. ("Appaloosa"), on the other hand (the signatories to this Stipulation and Agreed Protective Order being collectively the "Parties"), that discovery requested and other information provided in connection with In re Delphi Corporation, et al, Case No. 05-44481 (RDD) and all matters related thereto with respect to the Motion to Amend the Equity Commitment Purchase Agreement (the "Case") may involve the production or delivery of information by Appaloosa considered to be sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege; and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

      IT IS THEREFORE ORDERED:

1. The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

2. Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery and delivery of information by Appaloosa to the Parties relating to the Case.

3. All documents, deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, or other information taken, given, or exchanged in the course of discovery ("Discovery Material") shall be subject to this Order concerning confidential information, as set forth below:

(a) If counsel for any Party or non-party subject to discovery in this proceeding determines in good faith that any Discovery Material it has provided (the "Producing Party") contains information that is (i) not generally available to the public and; (ii) sensitive commercial, financial or business information, sensitive personal information, trade secrets or other confidential research, development, or commercial information the public disclosure of which may adversely affect the Producing Party (or to a third party that supplied the document or documents), the Producing Party may designate it as "Confidential."

(b) If counsel for the Producing Party determines that disclosure of any Discovery Material poses a reasonable risk of competitive or other harm to it or a non-party (or to a third party that supplied the document or documents), the documents or information may be classified

2

as "Highly Confidential."  Documents or information designated as "Highly Confidential" or "Confidential" are hereafter referred to as "Confidential Discovery Material."

(c)     The designation of Confidential Discovery Material shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word or words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(d)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Discovery Material or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if those words do not already appear.

(e)     Portions of depositions of a Party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Discovery Material only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript.  Any testimony that describes a document that has been designated as "Confidential" or "Highly Confidential" as described above, shall also be deemed to be designated as "Confidential" or "Highly Confidential."

(f)     Confidential Discovery Material shall not be used or disclosed by the Parties or counsel for the Parties or any persons identified in paragraphs 4 or 5 below for any purpose whatsoever other than for investigating, preparing for, and/or conducting the litigation in this case.

4.     Discovery Material that has been designated as "Confidential" shall not be disclosed directly or indirectly by the persons or entities receiving such materials to persons or entities other than:

3

(a)     the Court, persons employed by the Court, the jury or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this case or any appeal therefrom;

(b)     counsel to the Parties in this case (including in-house and outside counsel), or attorneys, clerical, paralegal, and secretarial staff regularly employed by such counsel, including, without limitation, third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data in connected with the action; and provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court;

(c)     any named or subsequently joining Party, or officer, director, or employee of any named or subsequently joining Party required in good faith to provide assistance in the conduct of this case; and

(d)     non-party trial or non-party deposition witnesses (and their counsel), provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court.  The Parties shall endeavor in good faith to cause the witness to sign the undertaking form.  Notwithstanding the foregoing, in the event that a deponent is unwilling to sign the undertaking form, this shall not prevent the witness from being shown the Confidential Discovery Material at the time of his or her deposition or trial testimony provided that (i) the questioning counsel has obtained the consent of the Producing Party to show such Confidential Discovery Material, or (ii) an enforceable court order requiring such witness to abide by the terms of this Agreement or otherwise permitting the disclosure (subject to any other protections the court deems appropriate) has been obtained.

NEWYORK 6372096 v2 (2K)

(e) consultants, financial advisors, investigators, or experts (and employees of such consultants, investigators or experts) employed by counsel in connection with this case to the extent necessary for such experts to prepare a written opinion; to prepare to testify; or to assist counsel in the prosecution or defense of this case, provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court.

5. Discovery Material that has been designated as "Highly Confidential" shall not be disclosed directly or indirectly by the persons or entities receiving such materials to persons or entities other than:

(a) the Court, persons employed by the Court, the jury or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this case or any appeal therefrom;

(b) counsel to the Parties in this case (including in-house and outside counsel), or attorneys, clerical, paralegal, and secretarial staff regularly employed by such counsel, including, without limitation, third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data in connected with the action; and provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court;

(c) non-party trial or non-party deposition witnesses (and their counsel), provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court. The Parties shall endeavor in good faith to cause the witness to sign the undertaking form. Notwithstanding the foregoing, in the event that a deponent is unwilling to sign the undertaking form, this shall not prevent the

5

witness from being shown the Confidential Discovery Material at the time of his or her deposition or trial testimony provided that (i) the questioning counsel has obtained the consent of the Producing Party to show such Confidential Discovery Material or (ii) an enforceable court order requiring such witness to abide by the terms of this Agreement or otherwise permitting the disclosure (subject to any other protections the court deems appropriate) has been obtained; or

(d) consultants, financial advisors, investigators, or experts (and employees of such consultants, investigators or experts) employed by counsel in connection with this case to the extent necessary for such experts to prepare a written opinion; to prepare to testify; or to assist counsel in the prosecution or defense of this case, provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court.

If any Party desires to provide "Highly Confidential" materials to any person(s) not set forth in Paragraph 5 above and if the Parties cannot resolve the matter consensually, the Party requesting disclosure shall make an appropriate application to the Court.

6.(a) The inadvertent or unintentional disclosure by a producing Party of Confidential Discovery Materials without an appropriate designation (either "Confidential" or "Highly Confidential") shall not be deemed to be a waiver in whole or in part of such Party's claim of confidentiality going forward, either as to the specific confidential information inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter.

(b) The inadvertent production of any privileged material by the Producing Party or a third party shall not be deemed to be a waiver or impairment of any claim of privilege, including but not limited to the attorney-client privilege or work-product protection, concerning the

produced material, any unproduced material or the subject matter of any produced or unproduced material. The Party asserting inadvertent production (the "Asserting Party") must declare, by facsimile or e-mail letter upon the Party receiving such information, that documents were inadvertently produced, if at all, within ten (10) business days of actually learning of the inadvertent production. Any Party receiving such inadvertently produced documents must return to the Asserting Party within three (3) business days of receiving notice by facsimile or e-mail letter of such inadvertent production, all documents, including all copies and extracts of such documents, which were inadvertently produced.

       7.      To the extent that any Confidential Discovery Material (or any pleading, motion or memorandum referring to such Discovery Material) is proposed to be filed or is filed with the Court, that Confidential Discovery Material, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing Party), together with a simultaneous motion to seal such documents. Even if the filing Party believes that the materials subject to the Confidentiality Order are not properly classified as Confidential Discovery Material, the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights under paragraph 9 of this Order.

      8.      Nothing herein shall prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Discovery Materials in connection with any trial, hearing, or other proceeding in this case, or seeking to prevent Confidential Discovery Materials from being provided to persons described in paragraphs 4 and 5 of this Order.

7

9. If any Party objects to the designation of any Confidential Discovery Material as "Confidential" or "Highly Confidential," the Party shall state the objection in writing to counsel for the Party or non-party making the designation. If the Parties are unable to resolve the objection, a designation of confidentiality may be challenged upon motion provided that the Parties have met and conferred in advance. After challenge, if the Court determines that an item should not be designated "Confidential" or "Highly Confidential " that designation will be removed.

10. If at any time any Confidential Discovery Material is requested by any court, administrative agency, legislative body or other person or entity through subpoena or other compulsory process, a Party to whom Confidential Discovery Material is produced (a "Receiving Party") who has received such subpoena or compulsory process shall give notice as soon as practicable to counsel for the designating person that such a request has been received which notice shall include the date of any proposed disclosure of such Confidential Discovery Material and such other information as shall be reasonably necessary to permit the designating person to intervene and oppose the disclosure of such material in response to that request. It shall be the obligation of the designating person to obtain a court order to preclude or restrict production of any Confidential Discovery Material requested pursuant to a subpoena of other compulsory process. In the event that the designating Party advises the Receiving Party that it intends to seek such an order, the Receiving Party shall not produce or divulge the contents of any Confidential Discovery Material until such motion has been resolved, to the extent permitted to do so by applicable law.

11. (a) Designating any Confidential Discovery Material or complying with the terms of this Order shall not prejudice in any way the rights of any Parties to object to the

8

production of documents or information they consider in good faith to not be subject to discovery, whether on the basis of privilege or otherwise.

    (b)    Nothing contained herein shall prevent any Party from disclosing or using its own confidential information in any manner it chooses.

    (c)    Nothing contained herein shall affect the admissibility or inadmissibility into evidence of any Discovery Material, including confidential information.  By entering into this Order, no Party hereto waives any privilege or right of confidentiality, whether by contract or otherwise, with respect to any third party to this Order.

    12.    At the conclusion of this case, all Confidential Discovery Material not received in evidence shall be returned to the Producing Party.  If the Parties so stipulate, the Confidential Discovery Material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

    13.    This Stipulation and Order can be signed in counterparts.

So Ordered in New York, New York, this <u>19th</u> day of <u>December</u>, 2007

/s/Robert D. Drain  
Honorable Robert D. Drain  
United States Bankruptcy Judge

9

_____

Thomas E Lauria
Glenn M. Kurtz
Douglas P. Baumstein
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

–and–

Wachovia Financial Center
200 South Biscayne Boulevard – Suite 4900
Miami, FL 33131
(305) 371-2700

Counsel for Appaloosa Management, L.P.


_____

Counsel for _____

NEWYORK 6372096 v2 (2K)

## **UNDERTAKING**

I have read the foregoing Stipulation and Protective Order Regarding Confidential Information (the "Order") dated November __, 2007 in the action entitled In re Delphi Corp., et al., Case No. 05-44481 (RDD), and I agree to be bound by its terms and conditions with respect to any documents, material, or information furnished to me as set forth in the Order. I further agree not to disclose to anyone any such documents, material, or information furnished to me other than as set forth in the Order and not to make any copies of any such documents, material, or information except in accordance with the Order. I hereby consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York with regard to any proceedings to enforce the terms and conditions of the Order.

_____

Dated:


_____, _____

11