**Hearing Date: January 17, 2008**
**Hearing Time: 10 am**

Babette A. Ceccotti (BC 2690)
Peter D. DeChiara (PD 0719)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, New York 10036-6976
(212) 563-4100

Daniel W. Sherrick
General Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216

Attorneys for International Union, UAW

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | ) | |
| | ) | Case No. 05-44481 (RDD) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AMENDED PRELIMINARY OBJECTION OF UAW TO CONFIRMATION OF DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), by its undersigned counsel, submits this amended preliminary objection to confirmation of Debtors' First Amended Joint Plan of Reorganization ("POR"). The UAW objects to confirmation of the POR based only on the Management Compensation Plan ("MCP") set forth in Article VII and Exhibit 7.8 of the POR and described in the Debtors' First Amended Disclosure Statement With Respect To First Amended Joint Plan Of

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession ("Disclosure Statement"). In support of its amended preliminary objection, the UAW states:

**BACKGROUND**

1. On December 10, 2007, the Court approved the Disclosure Statement and set January 11, 2008 as the deadline for objections to confirmation of the POR.

2. On December 14, 2007, the UAW propounded discovery requests on the Debtors concerning the MCP. Debtors responded that they would only evaluate the discovery requests in connection with reviewing the UAW's objection. Accordingly, on December 17, the UAW filed a preliminary objection, styled as "Preliminary Objection Of UAW To Debtors' Proposed Management Compensation Plan."

3. On December 19, the Debtors and the UAW held a meet-and-confer concerning the UAW's discovery requests. At the meeting, the Debtors stated that they would not agree to provide the UAW with the discovery that the UAW had requested unless the UAW amended its preliminary objection to reflect that it was an objection to confirmation of the POR. The Debtors also stated that they would not agree to provide the UAW with discovery unless the UAW amended its preliminary objection to add allegations on the specific provisions of the MCP to which the UAW was objecting. While the UAW does not necessarily agree with the Debtors that an amendment is necessary, the UAW agreed to meet the Debtors' demands for amendment of its preliminary objection so as to obtain, without undue delay, the discovery it needs to analyze the MCP and to support its objection.

4. The UAW is objecting to confirmation of the POR solely based on the MCP, which was made part of the POR. The UAW objects to the confirmation of the POR because the Debtors have insisted that the UAW may not object separately to the MCP.

5. In addition, the UAW sets forth below, to the extent it can without discovery, the specific provisions of the MCP which it finds objectionable.

6. The UAW reserves the right, after taking discovery, to supplement this amended preliminary objection with additional legal and factual grounds for its objection.

**AMENDED PRELIMINARY OBJECTION**

7. The Debtors have included the MCP in the POR proposed for confirmation. As set forth in the Disclosure Statement, the proposed MCP includes, among other things, cash and equity emergence awards to be issued on the POR's Effective Date, as well as other compensation to be paid to executives after the Effective Date, including a long-term incentive plan that purports to reserve 8% of Reorganized Delphi's fully diluted new common stock for annual grants to executives covered by the MCP. *See* Disclosure Statement at DS-188.

8. Among other possible grounds that the UAW may assert for its objection after taking discovery, the UAW objects on the ground that the POR, to the extent it contains the MCP, fails to satisfy Section 1129(a)(3) of the Bankruptcy Code. Section 1129(a)(3) provides that a court shall only confirm a plan if it "has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. §1129(a)(3). This "good faith" standard is not simply a test of the plan proponent's state of mind; courts have interpreted Section 1129(a)(3) as requiring that the proposed plan be fundamentally fair. *See, e.g., In re Tillotson*, 266 B.R. 565, 571 (Bankr. W.D.N.Y. 2001); *see also Jorgenson v. Fed. Land Bank*, 66 B.R. 104, 109 (B.A.P. 9th Cir. 1986).

9. The MCP is not reasonable and is not fundamentally fair to the UAW-represented employees who made enormous sacrifices for the Debtors' reorganization. In particular, the MCP violates the "Equivalence of Sacrifice" provision of the UAW-Delphi-GM Memorandum of Understanding, which the Court approved on July 19, 2007 [Docket No. 8693].

10. The UAW finds the MCP in its entirety objectionable, in that the total compensation that it will provide to the executives covered by it will make it impossible to conclude that the POR is fundamentally fair to the UAW-represented employees or that the executives have sacrificed in a manner equivalent to the UAW-represented employees. However, the specific provisions of the MCP on which the UAW will focus will be the Short-Term Incentive Plan, the Long-Term Incentive Plan and the Chapter 11 Effective Date Executive Payments.

11. On information and belief, these specific provisions will make the executives covered by it whole or substantially whole for any compensation they did not receive because of the Debtors' Chapter 11 filing. The UAW-represented employees, by contrast, have not been and will not be made whole, but have sacrificed tremendously for the Debtors' reorganization.

12. On information and belief, these specific provisions will leave some or all of the executives above market levels regarding some or all of their compensation. To the extent some or all of the executives are above market levels as a result of the MCP, the POR is unfair and violates the equivalence-of-sacrifice requirement.

13. The UAW asserts its right to take discovery concerning the MCP to support its objection to the confirmation of the POR and, after taking such discovery, to file a complete, final objection. The UAW reserves its right, after taking discovery, to amend, change or add to the assertions set forth herein, to reflect facts and evidence discovered.

Dated: December 21, 2007

/s/ Peter D. DeChiara

Babette A. Ceccotti (BC 2690)
Peter D. DeChiara (PD 0719)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036
(212) 563-4100

Daniel W. Sherrick
General Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216

Attorneys for International Union, UAW

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I caused a true and correct copy of the foregoing AMENDED PRELIMINARY OBJECTION OF UAW TO CONFIRMATION OF DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION to be duly served by e-mail (to those with e-mail addresses indicated) and First-Class mail upon:

Counsel For The Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago IL 60606
John Wm. Butler, Jr.
jbutler@skadden.com
George N. Panagakis
gpanagak@skadden.com
Ron E. Meisler
rmeisler@skadden.com
Nathan L. Stuart

and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, N Y10036
Kayalyn A. Marafioti
kmarafio@skadden.com
Thomas J. Matz
tmatz@skadden.com

United States Trustee
The Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004
Alicia M. Leonhard

Counsel for Creditors' Committee
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Robert J. Rosenberg
robert.rosenberg@lw.com
Mitchell A. Seider
mitchell.seider@lw.com
Mark A. Broude
mark.broude@lw.com

Counsel for the Equity Committee
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10004
Brad E. Scheler
brad.scheler@friedfrank.com
Bonnie K. Steingart
bonnie.steingart@friedfrank.com
Vivek Melwani
vivek.melwani@friedfrank.com

Counsel For the Postpetition Lenders
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10022
Donald S. Bernstein
donald.bernstein@dpw.com
Brian M. Resnick
brian.resnick@dpw.com

Counsel for A-D Acquisition Holdings, LLC
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131
Thomas E. Lauria
tlauria@whitecase.com
Michael C. Shepherd

and

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Gerard H. Uzzi
guzzi@whitecase.com

Glenn M. Kurtz
gkurtz@whitecase.com
Douglas P Baumstein
dbaumstein@whitecase.com

Counsel for General Motors Corporation

Weil, Gotshal and Manges LLP
767 Fifth Avenue
New York, NY 10153
Jeffrey L. Tanenbaum
jeff.tanenbaum@weil.com
Michael P. Kessler
michael.kessler@weil.com
Robert J. Lemons
robert.lemons@weil.com

/s/ Peter D. DeChiara
Peter D. DeChiara
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 563-4100