Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
Texas Bar No. 214322400
Davor Rukavina, Esq.
Texas Bar No. 24030781
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR TEXAS
INSTRUMENTS INCORPORATED

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et. al., | 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x

**TEXAS INSTRUMENTS' SUPPLEMENTAL RESPONSE**
**TO THE DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO**
**PROOF OF CLAIM NUMBER 15378 (TEXAS INSTRUMENTS)**

Texas Instruments Incorporated ("TI"), a creditor and party-in-interest in the above-captioned bankruptcy proceeding, hereby submits this Supplemental Response ("Response") to the Debtors' Statement of Disputed Issues ("Statement") With Respect to Proof of Claim Number 15378 (Texas Instruments) (the "Proof of Claim") filed by TI, and respectfully represents as follows:

**BACKGROUND**

1. In response to ¶ 1 of the Debtors' Statement, TI admits the allegations contained therein.

2. In response to ¶ 2 of the Debtors' Statement, TI admits the allegations contained therein.

3. In response to ¶ 3 of the Debtors' Statement, TI admits the allegations contained therein.

4. In response to ¶ 4 of the Debtors' Statement, TI admits the allegations contained therein. TI would also assert that in response to the Debtors' Objection, TI filed a Response which stated, among other things, that "the Debtors advance no reason for why Claim 15378 should be disallowed. Claim 15378 appears on Exhibit 'E' of the Omnibus Objection, in the body of which the Debtors note that claims appearing on said exhibit are subject to one or more objections listed by the Debtors. However, nowhere do the Debtors identify the specific objection to Claim 15378, or any specific or principled reason why two-thirds of Claim 15378 should be disallowed. Nowhere do they tie their objection to this claim to the list of potential objections in the Omnibus Objection."

## DISPUTED ISSUES

5. TI asserts that DAS LLC owes the amount asserted in the Proof of Claim for the reasons stated herein. In response to ¶ 5 of the Debtors' Statement, TI denies the allegations contained therein.

6. <u>The Debtor Has Failed to Demonstrate What Contractual Terms Govern</u>. TI asserts a claim for $321,122.41 on account of cancellation claims for goods manufactured by TI, but not delivered or paid for by DAS LLC. DAS LLC asserts that it no longer needs certain parts produced by suppliers for a number of different reasons. DAS LLC further asserts that its Purchase Orders include terms governing its liability to suppliers for goods produced or partially produced for, but not delivered to, DAS LLC. DAS LLC asserts that TI's Claim seeks amounts in excess of the amount that would be determined by the methodology agreed upon by the parties under the Purchase Orders. However, DAS LLC does not provide any information to evidence its assertions despite the requirements of ¶ 9(d) of the Claims Objection Procedures Order (defined below). It has also not attached the relevant Purchase Orders that purportedly contain the relevant terms and conditions, as well as the calculations for the amounts they

assert are incorrectly charged. TI has requested this information from the Debtors, but it has not been provided to date. Without this information, TI cannot make a reasonable assessment of Delphi's Objection and reserves the right to supplement this Response after review of the requested documents.

7. <u>Parts Required Under Future Sevice Requirements Require an Assumption of the Underlying Agreement</u>. The Debtors assert that TI is bound to maintain parts and fulfill DAS LLC's customer services and replacement parts requirements for 15 years after the end of the production of the product line. As a result, the Debtors assert that $244,908.51 of parts must be held for DAS LLC's future service requirements and cannot serve as the basis of a claim. DAS LLC further asserts that it will continue to order these parts in the ordinary course of business consistent with its requirements, and as a result, TI should be denied its asserted claim.

8. The Debtors are attempting to "have their cake and eat it too." The Debtors have not assumed any contract related to TI's parts supply obligation. Until they do, TI has no obligation to provide the referenced parts in the future without payment for the same. The Debtors cannot assert that they will order parts in the future and then decide not to order those parts and thereby prevent TI from asserting a valid claim at a later date, which is what the Debtors are essentially arguing. If DAS LLC wants TI's parts in the future, then it should make that commitment now, unequivocally, and be prepared to pay for those parts. If DAS LLC does not want those parts or is not certain whether it will need those parts in the future, then TI should be allowed a claim (the recovery on which TI will credit against the purchase price in the event the parts are actually ordered and paid for at a future time). TI is not seeking to obtain a double recovery, but it should not be prevented from getting a partial recovery.

9. <u>Proof of Delivery and Other Documentation to be Provided</u>. The Debtors assert that TI has not provided proof of delivery for parts totaling $11,754.00, which is included in the TI Claim. TI is attempting to locate the requested information and shall provide the Debtors with such proof of delivery, or if it is unable to do so, TI shall reduce its claim by the asserted

amount. However, it appears that the part number referred to by the Debtors is incorrect. Moreover, since TI asserts a cancellation claim, there would be no proof of delivery since the order for parts was cancelled by the Debtors prior to delivery.

10.     Non-Duplicate Claims. The Debtors assert that TI made two claims, each for $5,730.00, for part number R158D046FNr. TI disputes that such claims are duplicative and is attempting to verify same. However, to the extent the claims are duplicative, TI will reduce its claim by said amount.

11.     Price Discrepancies and Orders Not in the Claim. The Debtors assert that the prices detailed on certain Purchase Orders are higher than the prices detailed on TI's invoices. Accordingly, the Debtors have added the sum of $152,446.63 to the amount of TI's Proof of Claim. TI acknowledges and accepts such increased amount to its Proof of Claim.

12.     TI has no present basis to dispute the calculation of the amounts contained in the chart in ¶ 11 of the Debtors' Statement, but objects to the characterization of those amounts (except for the sum of $152,446.63 referred to in ¶ 10 of the Debtors' Statement).

13.     TI does not dispute that at least $565,661.33 of its Claim is valid and should be allowed as an unsecured non-priority claim against DAS LLC, but does dispute that its claim is limited to that amount for the reasons stated herein.

14.     This Response is submitted by TI pursuant to ¶ 9 of the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates for Hearings Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing Objections to Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, TI's submission of this Response to the Debtors' Statement is without prejudice to (a) TI's right to later identify and assert additional legal and factual bases for allowance of the Claim and (b) TI's right to later identify additional documentation supporting the allowance of its Claim.

WHEREFORE, PREMISES CONSIDERED, TI respectfully requests the Debtors' Objection be denied in its entirety, that TI's Proof of Claim be allowed as a general, non-priority, unsecured claim in the amount filed, and that this Court grant such other and further relief to which TI may show itself to be justly entitled.

Respectfully submitted this 27th day of December, 2007.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Raymond J. Urbanik
Raymond J. Urbanik, Esq.
New York State Bar No. RU 1842
Joseph J. Wielebinski, Esq.
Texas Bar #214322400, *admitted pro hac vice*
Davor Rukavina, Esq.
Texas Bar #24030781, *admitted pro hac vice*
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR TEXAS
INSTRUMENTS INCORPORATED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 27th day of December, 2007, a true and correct copy of this Response was served, by U.S. mail, postage prepaid, on the following parties:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John W, Butler, Esquire
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Kayalyn A. Marafioti, Esquire
Four Times Square
New York, New York 10036

Office of United States Trustee
Southern District of New York
Attn: Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, New York 10004

Latham & Watkins LLP
Attn: Robert J. Rosenberg, Esquire
Attn: Mark A. Broude, Esquire
885 Third Avenue, Suite 1000
New York, New York 10022

Greensfelder, Hemker & Gale, P.C.
Attn: Cherie MacDonald, Esquire
12 Wolf Creek Drive, Suite 100
Swansea, Illinois 62226

Delphi Corporation
Attn: Karen J. Craft, Esquire
5725 Delphi Drive
Troy, Michigan 48098-2815

Fried, Frank, Harris, Shriver & Jacobson LLP
Attn: Bonnie Steingart, Esquire
One New York Plaza
New York, New York 10004

Simpson Thacher & Bartlett LLP
Attn: Kenneth S. Ziman, Esquire
425 Lexington Avenue
New York, New York 10017

Davis Polk & Wardwell
Attn: Donald Bernstein, Esquire
Attn: Brian Resnick, Esquire
450 Lexington Avenue
New York, New York 10017

Halperin Battaglia Raicht, LLP
Attn: Christopher J. Battaglia, Esquire
Attn: Alan D. Halperin, Esquire
555 Madison Avenue, 9th Floor
New York, New York 10022

By:   /s/ Raymond J. Urbanik
      Raymond J. Urbanik, Esq.
      New York State Bar No. RU 1842