AJAMIE LLP
711 Louisiana, Suite 2150
Houston, Texas   77002
Thomas R. Ajamie (Texas Bar No. 00952400)
Dona Szak (Texas Bar No. 19597500)

Attorneys for Rassini, S.A. de C.V.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------- x
                                                 :
        In re                                    :
                                                 :
DELPHI CORPORATION, et al.,                      :
                                                 :
                Debtors                          :
                                                 :
----------------------------------------------- x
```

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## SUPPLEMENTAL RESPONSE OF RASSINI, S.A. DE C.V. TO THE DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM AND RESPONSE TO DEBTORS' STATEMENT OF DISPUTED ISSUES WITH REGARD TO PROOF OF CLAIM NO. 12399 (RASSINI S.A. DE C.V.)

Rassini, S.A. de C.V. ("Rassini") submits this Supplemental Response to the Debtors' Twenty-Second Omnibus Objection in regard to **Claim No. 12399** and its Response to Debtors' Statement of Disputed Issues with regard to Proof of Claim No. 12399 (Rassini S.A. de C.V.).

### Background.

1.      Rassini timely filed its Proof of Claim in the amount of $435,420.73.  The amount represents money owed for suspension components sold and delivered to Delphi Automotive Systems LLC, one of the Debtors.  Rassini's proof of claim identifies each

unpaid invoice, the parts supplied to Delphi under each invoice, the delivery date for the parts described in each invoice, and other information sufficient to prove the amounts due and owing.

2.      In their Twenty-Second Omnibus Objection, the Debtors seek to modify Rassini's claim and reduce the amount of the claim to $334,267.91.

3.      Rassini timely filed its Response to the Debtors' claim objection.

4.      The Debtors served their Statement of Disputed Issues ("Statement") on or about December 13, 2007. The Statement lists two grounds for reducing Rassini's claim: alleged payment of invoice(s) in the amount of $19,793.04, and alleged payment of additional invoices totaling $81,359.78 pursuant to an essential supplier settlement.

### Supplemental Response.

5.      Rassini filed a timely and complete proof of claim in this action. The amount sought in the proof of claim represents money owed for suspension components sold and delivered to Delphi Automotive Systems LLC, one of the Debtors. Rassini's proof of claim identifies each unpaid invoice, the parts supplied to Delphi under each invoice, the delivery date for the parts described in each invoice, and other information sufficient to prove the amounts due and owing.

6.      In the Debtors' Statement, the Debtors note an invoice in the amount of $19,793.04 that reportedly has been paid. Rassini does not dispute reduction of its claim in the amount of $19,793.04.

7.      The Debtors further assert, in the Debtors' Statement, that the amount of $81,359.78 should be deducted from Rassini's claim on the grounds that this sum was paid as part of an essential supplier settlement. Rassini does not dispute reduction of its

claim with respect to one invoice in the amount of $6,640.64. However, contrary to the Debtors' allegations, the remaining invoices (totaling $74,719.14) were not paid as part of the essential supplier settlement and remain owing, as shown on Rassini's proof of claim. These invoices (hereinafter referred to as "the disputed invoices") are identified more particularly in Exhibit 1 attached hereto.

8.    The Debtors do not dispute that they ordered or received the goods described in the disputed invoices. They do not dispute their obligation to pay for the goods. Rather, the Debtors object to payment of the invoices solely on the grounds that they were paid as part of the essential supplier settlement.

9.    The Debtors' Statement of Disputed Issues With Respect to Proof of Claim Number 12399 is deficient and fails to conform to this Court's Claim Objection Procedures Order. The Order requires the Debtors to include in their Statement "documentation supporting the disallowance . . ." Rassini objects to the Debtors' failure to include such documentation. The lack of required documentation makes it difficult to discern precisely why the Debtors believe the disputed invoices have been paid. Nevertheless, Rassini makes this response based on the limited information supplied by the Debtors.

10.    As shown by the Affidavit of Robert Friedrichs attached hereto as Exhibit 2, the essential supplier settlement did not encompass the disputed invoices. The disputed invoices were not paid as part of the essential supplier settlement.

11.    The Affidavit of Robert Friedrichs attached hereto as Exhibit 3 shows the invoices that were paid under the essential supplier settlement. The disputed invoices are not listed among the invoices that were paid.

3

12.    The essential supplier payment settled the claims of Rassini Chassis System, LLC ("RCS") – not Rassini, S.A. de C.V.   RCS is an entity separate and apart from Rassini (although both are affiliates of the same corporate group).   The essential supplier agreement, a copy of which is attached to the Affidavit of Robert Friedrichs, was entered into by and between RCS and Delphi.   The agreement does not purport to settle, waive, resolve, or pay the claims of Rassini.   The agreement is not even ambiguous in this regard, and even if it was, such ambiguity must be construed against Delphi, the party who drafted the agreement.

13.    Rassini thus agrees to adjust its claim and deduct the amount of $26,433.68.    However, the disputed invoices, which together amount to $74,719.14, remain due and owing to Rassini. Delphi's grounds for deducting the value of the disputed invoices from Rassini's claim have no merit, and Delphi's claim objection with respect to the disputed invoices therefore must be denied.

14.    Rassini reserves the right to file supplemental affidavits and exhibits to support its claim to payment and its response to the Debtors' Statement.

IN CONCLUSION, Rassini, S.A. de C.V. respectfully requests the Court to deny the Debtors' objection to Proof of Claim No. 12399, to allow Rassini's claim in the amount of $435,420.73 less the agreed-upon deductions described hereinabove and any further adjustments to which Rassini and the Debtors may agree, to deny the Debtors' request to file further challenges to the claim, and for such other and further relief to which Rassini is justly entitled.

Dated: December ___21___, 2007.

Respectfully submitted,

AJAMIE LLP

By: _____

    Thomas R. Ajamie
    Texas State Bar No. 00952400
    Dona Szak
    Texas State Bar No. 19597500
    Pennzoil Place - South Tower
    711 Louisiana, Suite 2150
    Houston, Texas   77002
    Telephone: (713) 860-1600
    Facsimile:(713) 860-1699

ATTORNEYS FOR RASSINI, S.A. DE C.V.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21 , 2007, a true and correct copy of the foregoing **Supplemental Response of Rassini, S.A. de C.V. to the Debtors' Twenty-Second Omnibus Objection to Proofs of Claim** was filed with the Clerk of Courts on a 3.5 inch disk. Notification of this filing was also sent to the parties listed below, as indicated:

Delphi Corporation
5725 Delphi Drive
Troy, Michigan  48098
Attention: General Counsel
(CERTIFIED MAIL, RETURN RECEIPT REQUESTED)

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
Attention:  Mr. John William Butler, Jr.
                    Mr. John K. Lyons
                    Mr. Joseph N. Wharton
(CERTIFIED MAIL, RETURN RECEIPT REQUESTED)

The Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the
    Southern District of New York
One Bowling Green – Room 632
New York, New York  10004
(BY U. S. MAIL)

_____
Dona Szak

# EXHIBIT 1

REDACTED

REDACTED

REDACTED

| DUNs number | Sent to | PO | Delphi's part No. | Invoice | BOL | Delivery Date | MXP | USD Equivalent |
|---|---|---|---|---|---|---|---|---|

# EXHIBIT 2

## AFFIDAVIT OF ROBERT FRIEDRICHS

STATE OF MICHIGAN       X
                               X
COUNTY OF Wayne       X

     Before me on this day personally appeared Robert Friedrichs, known by me to be the person whose name is subscribed below, who being duly sworn, on his oath stated and deposed as follows:

     My name is Robert Friedrichs. I am over the age of twenty-one years, of sound mind, have personal knowledge of the facts stated in this affidavit, and am in all ways competent to make this affidavit. The facts stated in this affidavit are true and correct.

     I am Vice President of Business Development of Bar Products for Rassini Chassis Systems, LLC ("RCS"). I am familiar with the essential supplier payment and settlement between RCS and Delphi Automotive Systems LLC ("Delphi"). Attached hereto as Exhibit "A" is a true and correct copy of the agreement between RCS and Delphi in regard to the essential supplier payment and settlement. Confidential portions of the agreement have been redacted.

     I have reviewed the Proof of Claim filed by Rassini, S.A. de C.V. ("Rassini"). A true and correct copy of the Proof of Claim (with portions redacted) is attached hereto as Exhibit "B."

     I have read the Statement of Disputed Issues submitted by Delphi with regard to the Proof of Claim. I participated in the "meet and confer" with regard to Delphi's objection to Rassini's claim. I understand that Delphi believes various invoices for which Rassini requests payment already have been paid pursuant to the essential supplier settlement. These invoices are referred to as the "disputed invoices." The disputed invoices are as follows:

          M4201 - $17,759.96
          M4218 - $11,535.50
          M4250 - $9,510.53
          M4254 - $2,717.29
          M4266 - $5,307.99
          M4276 - $4,868.86
          M4298 - $4,114.86
          M4322 - $10,843.18
          M4307 - $8,060.97

     I have reviewed the records of RCS to determine which invoices were paid under the essential supplier settlement. According to the records of RCS, none of the disputed invoices was paid as part of the essential supplier settlement.

Further affiant sayeth not.

_____
Robert Friedrichs

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, by
Robert Friedrichs on December ___19___, 2007.

_____
Notary Public
State of Michigan _acting in Wayne County._
My commission expires: _4-2-2014_

2

EXHIBIT "A"

CONFIDENTIAL

DELPHI

**REDACTED**

TO:  Rassin Chassis System, LLC
      14500 Beck Road
      Plymouth, MI 48170

Dear Valued Supplier:

**REDACTED**

**REDACTED**

(a)

**REDACTED**

(b)     **REDACTED**

(c)

(d)

(e)

**REDACTED**

(f)

(g)

(h)

(i)

**REDACTED**

(a)    **REDACTED**

(b)

(c)

(d)

(e)

**REDACTED**

**REDACTED**

**REDACTED**

Sincerely,

DELPHI AUTOMOTIVE SYSTEMS LLC

**REDACTED**

Agreed and Accepted by:
Rassini Chassis System, LLC

**REDACTED**

Dated:            **REDACTED**

**REDACTED**

EXHIBIT "B"

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor DELPHI AUTOMOTIVE SYSTEMS LLC | Case Number 05-44640 (RDD) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor<br><br>RASSINI, S.A. de C.V. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. Check box if you have never received any notices from the bankruptcy court in this case. | **Received**<br><br>AUG 05 2006<br><br>**Kurtzman Carson** |
|---|---|---|
| Name and address where notices should be sent:<br><br>c/o SANLUIS Rassini International, Inc.<br>14500 Beck Road<br>Plymouth, Michigan 48170<br>Telephone Number: (734) 454-4904 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: 1631275 – 10400899 | Check here if this claim: ☐ replaces<br>☐ amends a previously filed claim, dated: _____ |
|---|---|

| 1. BASIS FOR CLAIM: | | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
|---|---|---|
| X Goods sold | | ☐ Wages, salaries, and compensations (fill out below) |
| ☐ Services performed | | Your SS#: _____ |
| ☐ Money loaned | | Unpaid compensation for services performed |
| ☐ Personal injury/wrongful death | | from _____ to _____ |
| ☐ Taxes | | (date)        (date) |
| ☐ Other (Describe briefly): | | |

| 2. DATE DEBT WAS INCURRED:<br>Various dates between 3/14/04 – 10/7/05 | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

4. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:   $435,420.73
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. SECURED CLAIM. | 6. UNSECURED PRIORITY CLAIM. |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other:<br><br>Value of Collateral:<br><br>Amount of arrearage and other charges *at time case filed* included in secured claim, if any: | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,000)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>* Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| 7. CREDITS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are voluminous, attach a summary.<br>9. DATE-STAMPED COPY: To receive an acknowledgment copy of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE FOR COURT USE ONLY<br><br>RECEIVED<br>JUL 28 2006<br>CLAIMS PROCESSING CENTER<br>USBC, SDNY |
|---|---|
| Date:<br><br>*July 25, 2006* | Sign and print the name and title any of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*Eduardo Blanco*<br>*Counsel for Rassini, S.A. de C.V.* | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**RASSINI, S.A. DE C.V.**

SUPPORTING DOCUMENTS FOR PROOF OF CLAIM -- DELPHI AUTOMOTIVE SYSTEMS LLC

The claim is based on delivaries of springs. Delphi's purchase order numbers, part numbers, invoice numbers, dates of delivery, and prices for each delivery are set out in summary form below. Copies of the original documents are too voluminous to attach and will be provided upon request.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

# EXHIBIT 3

## AFFIDAVIT OF ROBERT FRIEDRICHS

STATE OF MICHIGAN              X
                               X
COUNTY OF Wayne                X

Before me on this day personally appeared Robert Friedrichs, known by me to be the person whose name is subscribed below, who being duly sworn, on his oath stated and deposed as follows:

My name is Robert Friedrichs. I am over the age of twenty-one years, of sound mind, have personal knowledge of the facts stated in this affidavit, and am in all ways competent to make this affidavit. The facts stated in this affidavit are true and correct.

I am Vice President of Business Development of Bar Products for Rassini Chassis Systems, LLC ("RCS"). I am familiar with the essential supplier payment and settlement between RCS and Delphi Automotive Systems LLC ("Delphi").

I am one of the custodians of the record of RCS. Attached hereto as Exhibit "A" is a spreadsheet showing RCS's records of the invoices paid under the essential supplier settlement. Confidential portions of Exhibit "A" have been redacted. It is the regular course of RCS's business to make and maintain regular and contemporaneous records of invoices paid. The data in the spreadsheet were prepared from information transmitted by a person with knowledge of the facts contained therein. It was the regular course of business of RCS for an employee or representative of RCS with knowledge of invoices and payments to make the records or to transmit information of the occurrence to be included in the record. The records attached to this affidavit were made at or near the time of the occurrence of the matters set forth by, of from information transmitted by, a person with knowledge of those matters. The records attached hereto are exact duplicates of the originals.

Further affiant sayeth not.

_____
Robert Friedrichs

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, by Robert Friedrichs on December __19__, 2007.

_____
Notary Public
State of Michigan acting in Wayne county
My commission expires: 4-2-2014

EXHIBIT "A"

DATE    CURR    CHECK    AMOUNT    REFEREN    INVOICE

**REDACTED**


**REDACTED**