# EXHIBIT B

# RETENTION ORDER, SUPPLEMENTAL RETENTION ORDER AND SECOND SUPPLEMENTAL DECLARATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

      In re                                 :        Chapter 11
                                                        :

DELPHI CORPORATION, et al.,          :        Case No. 05-44481 (RDD)
                                                       :

                            Debtors.     :        (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 FED.
R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
PRICEWATERHOUSECOOPERS LLP TO PROVIDE CERTAIN SARBANES-OXLEY
COMPLIANCE, TAX AND FINANCIAL PLANNING, AND OTHER GENERAL TAX
CONSULTING SERVICES TO DEBTORS NUNC PRO TUNC TO JANUARY 1, 2006

("PRICEWATERHOUSECOOPERS RETENTION ORDER")

        Upon the application, dated June 5, 2006 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order"), under 11 U.S.C. §§ 327(a) and 328 authorizing the employment and retention of PricewaterhouseCoopers LLP ("PwC") to provide certain compliance, tax and financial planning, and other general tax consulting services to the Debtors as of January 1, 2006; and upon the Declaration of Brian D. Decker, executed on June 5, 2006, in support of the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and this Court being satisfied that PwC is disinterested and represents no interest adverse to the Debtors or their estates as to the matters upon which PwC is to be engaged; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2. The Debtors' employment of PwC to provide certain Sarbanes-Oxley compliance, tax and financial planning, and other general tax consulting services, pursuant to the Application and that certain Master Professional Service Agreement, dated as of March 17, 2006 (the "Master Agreement") and the applicable Statements of Work, is approved under 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014, with approval of such employment being effective on January 1, 2006.

3. The Debtors are authorized to enter into additional Statements of Work with PwC for the provision of additional services under the Master Agreement and the Application, provided, however, that if PwC is seeking to perform additional services for the Debtors which are not covered by the Master Agreement and the Application, the Debtors shall file a supplemental application seeking court approval to retain PwC to perform such additional services.

4. PwC shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the United States Bankruptcy Code and all applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and further orders of this Court.  Without limiting the foregoing, PwC shall make reasonable efforts to ensure that the Debtors' estates are not charged for any duplication of work with the other professionals retained in these cases.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated: New York, New York
      June 21, 2006

                                          /s/Robert D. Drain_____
                                          UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                         :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                  Debtors.   :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 327(a) AND 328
AND FED. R. BANKR. P. 2014 EXPANDING THE SCOPE OF
RETENTION OF PRICEWATERHOUSECOOPERS LLP TO PROVIDE DUE
DILIGENCE SERVICES NUNC PRO TUNC TO DECEMBER 15, 2006

("PWC SUPPLEMENTAL RETENTION ORDER")

Upon the supplemental application, dated December 29, 2006 (the "PwC Supplemental Retention Application"),[1] of Delphi Corporation ("Delphi"), debtor and debtor-in-possession in the above-captioned cases, for an order (the "Order") under 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014 authorizing the expansion of the scope of Delphi's retention of PricewaterhouseCoopers LLP ("PwC") for PwC to perform certain due diligence services to Delphi, nunc pro tunc to December 15, 2006 on the terms and conditions of that certain Master Professional Services Agreement dated as of March 17, 2006 (the "Master Agreement"), a copy of which is attached hereto as Exhibit 1, and that certain Statement of Work For Transaction Services dated as of December 15, 2006 (the "Transaction Services Statement Of Work"), a form of which is attached hereto as Exhibit 2, which services will facilitate due diligence by plan investors working with Delphi to facilitate its emergence from chapter 11; and this Court having determined that the relief requested in the PwC Supplemental Retention

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the PwC Supplemental Retention Application.

Application is in the best interests of Delphi, its estates, its stakeholders, and other parties-in-interest; and it appearing that proper and adequate notice of the PwC Supplemental Retention Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The PwC Supplemental Retention Application is GRANTED <u>nunc pro tunc</u> to December 15, 2006.

2. Pursuant to the PwC Supplemental Retention Application, the Master Agreement, and the Transaction Services Statement Of Work, Delphi's retention of PwC is hereby amended in accordance with 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014 to authorize the expansion of the scope of Delphi's retention of PwC for PwC to provide the due diligence services described in the PwC Supplemental Retention Application and the Transaction Services Statement Of Work.

3. PwC shall continue to file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005, any applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. The terms of the Order Under 11 U.S.C. §§ 327(a) And 328 Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of PricewaterhouseCoopers LLP To Provide Certain Sarbanes-Oxley Compliance, Tax And Financial Planning, And Other General Tax

Consulting Services To Debtors <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to January 1, 2006 (Docket No. 4310), as modified hereby, shall remain in full force and effect.

       5.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

       6.   The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is satisfied by the PwC Supplemental Retention Application.

Dated:   New York, New York
           January <u>18</u>, 2007

                                          /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                          :
   In re                              :    Chapter 11
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                       Debtors.      :    (Jointly Administered)
                                          :
---------------------------------------------------------------x

### SECOND SUPPLEMENTAL DECLARATION AND STATEMENT OF BRIAN D. DECKER UNDER FED. R. BANKR. P. 2014.

Brian D. Decker, being duly sworn, deposes and says:

      1.    I am a Certified Public Accountant and a partner of PricewaterhouseCoopers LLP ("PricewaterhouseCoopers"), a professional services firm. I submit this second supplemental declaration on behalf of PricewaterhouseCoopers pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure with respect to the retention of PricewaterhouseCoopers to provide certain professional services to Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). Specifically, on June 22, 2006 this Court authorized the employment and retention of PricewaterhouseCoopers for Sarbanes-Oxley compliance, tax and financial planning, and other general tax consulting services nunc pro tunc to January 1, 2006. On January 22, 2007 this Court granted the Debtors' supplemental application to retain PricewaterhouseCoopers to perform certain due diligence services nunc pro tunc to December 15, 2006.

1

2. This Declaration supplements the declaration dated June 5, 2006 (the "Initial Declaration"), as supplemented by the supplemental declaration dated December 29, 2006 (the "First Supplemental Declaration"). The Initial Declaration was submitted in support of PricewaterhouseCoopers' retention by the Debtors. The First Supplemental Declaration was submitted in support of the Debtors' supplemental application to retain PricewaterhouseCoopers to perform certain due diligence services. This Declaration reflects information that has come to my attention as part of PricewaterhouseCoopers' ongoing review to identify relationships that may exist between PricewaterhouseCoopers, its affiliated entities, its partners and professionals, and the Debtors or other parties in interest. PricewaterhouseCoopers' ongoing review to identify relationships has indicated the following matter:

3. On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE") filed a petition for "Concurso," or bankruptcy, under Spanish law, exclusively for that legal entity. On April 13, 2007 the judge overseeing the Concurso proceeding accepted DASE's application for Concurso and proceeded <u>sua sponte</u> to appoint the Spanish member firm of the PricewaterhouseCoopers global network of firms, PwC Auditores S.L. ("PwC Spain"), to act as one of three insolvency administrators for DASE in the Concurso proceeding. PwC Spain accepted the appointment on April 23, 2007. PwC Spain is a separate legal entity from any other PricewaterhouseCoopers firm and has a separate, independent board of directors. This independence is required under Spanish law and is expressly recognized by various regulatory authorities, such as the Spanish equivalent of the SEC, the Bank of Spain, and the Official Register of Auditors.

4. The Spanish court expressly stated its preference that PwC Spain be appointed to the exclusion of other firms. This preference was based on the independence of PwC Spain and the fact that other major accounting firms have already been involved in previous engagements for DASE. The Debtors' engagement of PricewaterhouseCoopers in the United States as set forth in the initial and supplemental application has been fully disclosed to the Spanish court and the court did not modify its order appointing PwC Spain as an insolvency administrator.

5. PwC Spain was appointed by the Spanish court and its duty of care is to the court. As part of that appointment, PwC Spain will carry out the duties that are required by Spanish law, and these duties are primarily in the nature of advising and consulting with the Spanish court. All decisions and acts are carried out by the Spanish court on the basis of the advice received from the three administrators. The three administrators act in a joint and several capacity and decisions taken by them are proposed to the judge for approval. The court can then set aside the recommendations of the administrators. Of the three administrators, one is appointed to represent the creditors of DASE, but PwC Spain was not appointed as the creditor representative administrator.

6. The members of the PwC Spain team performing the administration duties consist of individuals who are different than those providing services in the United States on behalf of the Debtors. No confidential, non-public information has been or will be shared between PwC Spain and PricewaterhouseCoopers. To ensure that the employees of PwC Spain that are staffed to support the DASE receivership will not have any involvement in PricewaterhouseCoopers' service to the Debtors, PwC Spain and

3

PricewaterhouseCoopers have established a formal screening procedure or "ethical wall" to ensure that there are no communications or exchanges of information protected as confidential or as client secrets between PwC Spain and PricewaterhouseCoopers employees that are staffed on the aforementioned projects.

7. To the best of my knowledge, except as otherwise stated herein or in the Initial Affidavit or the First Supplemental Affidavit, PricewaterhouseCoopers (a) does not have any connections with the Debtors or their affiliates, their creditors, the U.S. Trustee, or any other party-in-interest, or their respective attorneys and accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and (c) does not hold or represent any interest adverse to the Debtors' estates. I know of no reason why PricewaterhouseCoopers cannot continue to objectively perform professional services in its appointed role as the Debtors' retained professional.

8. PricewaterhouseCoopers will continue to conduct further due diligence and research of its client databases and inquiries of its partners and professionals and will file additional supplemental declarations regarding its retention, including periodic supplemental declarations to the extent necessary.

9. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. Certain of the disclosures herein, however, relate to matters within the knowledge of other partners with PricewaterhouseCoopers and are based on information provided to me by them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:　Detroit, Michigan
　　　　April 23, 2007

PRICEWATERHOUSECOOPERS LLP

By: _____
Name: Brian D. Decker
Title: Partner
PricewaterhouseCoopers LLP
1900 St. Antoine Street
Detroit, Michigan 48226-6000
Telephone: (313) 394-6000
Facsimile: (313) 394-6555

5