Exhibit 7.24

Retained Actions

All Plan Exhibits are subject to all of the provisions of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 11386) (as subsequently modified or amended, the "Plan"), including, without limitation, Article 14.3, under which the Debtors have reserved the right to alter, amend, or modify the Plan or any Exhibits thereto under section 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Date.

Retained Actions

General Note to Plan Schedule 7.24[1]

In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in section 7.24 of the Plan, the Reorganized Debtors shall retain and may (but are not required to) enforce all Retained Actions and all other similar claims arising under applicable state laws, including, without limitation, fraudulent transfer claims, if any, and all other Causes of Action of a trustee and debtor-in-possession under the Bankruptcy Code, including, without limitation, all of those claims, Retained Actions, and Causes of Action that are listed in the Debtors' Schedules, as they may have been amended, and any such claims, Retained Actions, and Causes of Action that may have subsequently arisen, that may have subsequently been discovered, or which may be pending. The Debtors or the Reorganized Debtors, in their sole and absolute discretion, shall determine whether to bring, settle, release, compromise, or enforce such Retained Actions (or decline to do any of the foregoing), and shall not be required to seek further approval of the Bankruptcy Court for such action unless such approval is required under section 9.6(b) of the Plan. The Reorganized Debtors or any successors may pursue such litigation claims in accordance with the best interests of the Reorganized Debtors or any successors holding such rights of action.

For the avoidance of any confusion, the Debtors and Reorganized Debtors or any successors holding such rights of action expressly retain, among all other rights of action:

1. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against General Motors Corporation and its affiliates and subsidiaries (collectively, the "GM Entities"), including but not limited to claims and causes of action subject to (a) the Stipulation and Consent Order Addressing Estate Litigation Against General Motors Corporation, dated October 5, 2007, and (b) the Debtors' complaint against the GM Entities, each of which was filed under seal in accordance with the Bankruptcy Court's August 16, 2007 order (Docket No. 9105), except that all of such claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors and their Estates against GM Entities shall survive only until the date on which all of the conditions set forth in Article 6 of the Delphi-GM Global Settlement Agreement have been satisfied or waived in accordance with the terms therein, at which time they shall be released, subject to the next sentence of this paragraph. Notwithstanding the foregoing, any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against the GM Entities that are Delphi Surviving Claims (as defined in the Delphi-GM Global Settlement

---

[1] Capitalized terms used in this Exhibit and not otherwise defined have the meanings ascribed to such terms in the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession.

Agreement), shall survive and not be released.[2]

2. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against Furukawa Electric North America APD and Furukawa Electric Co., Ltd. and their affiliates and subsidiaries.

3. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against any party or third party arising out of or relating to the claims raised against the Debtors in certain consolidated class action proceedings styled In Re Delphi Corporation Securities, Derivative & ERISA Litigation, Master Case No. 05-md-1725, pending in the United States District Court for the Eastern District of Michigan (the "MDL Litigation"), including claims for indemnification, claims related to the rights to the proceeds of any applicable insurance policies, claims for breach of duty or breach of care in connection with the allegations in the MDL Litigation, derivative claims against former officers, directors, or employees of the Debtors, and claims for negligent or willful conduct which may have caused or contributed to the alleged liability of the Debtors in connection with the MDL Litigation. Provided further, that only those claims and Causes of Action that are expressly specified as being subject to release by the Debtors in certain stipulations of settlement in connection with the MDL Litigation, will be released but only when and if those stipulations become effective by their terms.

4. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against the United States of America with respect to the Debtors' right to a refund of taxes paid by Delphi, a predecessor of Delphi Automotive Systems LLC, and Delphi Automotive Systems LLC under the Federal Insurance Contributions Act with respect to "ratification bonuses" paid shortly after the effective date of duly ratified collective bargaining agreements to certain union members in 1999 and 2003.

5. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against Laneko Engineering Co., Wachovia Bank, National Association and Laneko Engineering Co. Inc. and their affiliates and subsidiaries.

The Debtors reserve their right to modify this list to amend, add or remove parties or otherwise update this list, but disclaim any obligation to do so.

---

[2] In the event that there are any conflicts between the terms and provisions of this Exhibit (and as it may be amended) and the provisions of the Delphi-GM Global Settlement Agreement, the terms of the Delphi-GM Global Settlement Agreement shall govern.