**Reservation of Rights**

21.     Riverside reserves its right to assert additional defenses and arguments upon the exchange and receipt of additional documentation.  Further, Riversides reserves all of the arguments it originally made in its Response.

WHEREFORE, Riverside Claims, LLC respectfully requests that this Court enter an order overruling the Debtor's Objection, allowing the claim in the amount for which it was originally filed, or such other amount as Riverside concedes it should be after appropriate reductions and for other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED,

  /s/  Robyn J. Spalter_____
Robyn J. Spalter, Esq.
General Counsel
Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990
Fax: (212) 501-7088
e-mail: rspalter@regencap.com

16. Mr. Hill of Product Action will testify that it did send a daily work report to its contact person at either the contracting facility or the facility where the work took place.

17. Additionally, although Product Action and thus Riverside assert that Delphi has no basis to require any other proof beside the invoices, Product Action has agreed to use its time and labor to provide back-up information. In this regard, Product Action has assembled copies of all relevant timesheets associated with each of the invoices identified by Delphi in the Statement as requiring additional proof. These documents are too voluminous to attach to this pleading, however, Riverside is providing Delphi with all of the documents on a CD.

18. Riverside and Delphi have had their Meet and Confer teleconference (the "Conference") as required by the Claims Objection Procedure Order. During the Conference, Delphi conceded that it has not reviewed the daily time reports regularly sent by Product Action. The entire basis of this portion of the Debtor's Objection is that only approximately $168,000 is reflected on the Debtor's books and records. Although Riverside has no reason to expect this is incorrect, it also has no proof that it is accurate either, as no documentation was attached to the Statement establishing same.

19. Furthermore, during the course of the Conference, Delphi conceded that it could not say that there was no regular reporting by Product Action. Basically, the problem seems to be that since Product Action provided its services at so many of Delphi's locations and of Delphi's customer that there was no central way Delphi could ascertain this information.

20. Riverside believes that after providing the timesheets to Delphi, Delphi should no longer have this objection to the Claim. However, if they do, Mr. Hill will testify as to Product Action's regular course of dealings with Delphi which Riverside asserts will sufficiently prove up the Claim.

6

**Invoices for a Non-Debtor Entity**

12.     Debtor asserts that the Claim includes invoices to Delphi Systems de Mexico, S.A. de C.V. ("Delphi Mexico").  The debtor, however, does not attach these specific invoices to the Statement, nor does it even identify the invoices by number.  It merely makes the assertion and then provides a total amount that it asserts should therefore be subtracted from the Claim.

13.     Riverside does not have sufficient information at this time to make a definitive argument against this basis for reduction.  Until Riverside has an opportunity to review additional documents from either or both the Debtor and Product Action, Riverside reserves its right to assert specific defenses to this basis of the Objection.

**Proofs of Delivery Not Provided**

14.     Debtor asserts that the Claim is based on the sale of goods and that according to Delphi's General Terms and Conditions (the "Delphi Terms") governing its dealings with suppliers, it is required that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." *Statement* at p. 3.

15.     First, Product Action did not sell a good, it provided a service.  Therefore, there is no proof of delivery or other shipping document.  Second, the Debtor has not provided any proof whatsoever that Product Action agreed to be bound by the Delphi Terms.  In fact, paragraph 11 of the Product Action Contract specifically provides that the Product Action Contract is the "complete and exclusive statement of the agreement of the parties with respect to the services authorized hereunder. . .."  This paragraph also explicitly states "[C]ustomer is hereby notified of Product Action's objection to and rejection of any additional terms in [C]ustomer's proposal, acknowledgment, purchase orders, or other documents."

5

in the amount of the Claim. Riverside has reviewed the three summary sheets and cannot find Invoice #118704 listed more than once. As such, this $1251.25 should not be deducted from the total amount of the Claim.

**Price Discrepancies**

10.     The Debtor asserts that there are two (2) invoices for which the corresponding purchase orders reflect pricing different than that on the invoice. The Debtor does not attach to the Statement the copies of these two (2) purchase orders. Further, the Debtor alleges that the prices on the purchase orders reflect the contractual pricing. But, Debtor does not provide any evidence of the contractual pricing. In fact, the pricing is controlled by Product Action not Delphi. Riverside has attached as Exhibit "D" one of Product Action's contracts, or "Terms of Service" (the "Product Action Contract") with Delphi entities for purpose of providing the general terms of all the contracts between Product Action and Delphi entities. Paragraph one of the Product Action Contract provides that "detailed pricing sheets are available through Product Action's Customer Service Department."

11.     Riverside is working with Product Action and expects to have documents which prove that the pricing on the invoices is accurate. Further, it is expected that this Supplemental Response will be amended to include an affidavit of Product Action's representative, Mike Hill, after he has had an opportunity to locate and review all of his relevant documents. It is anticipated that Mr. Hill will testify that in Product Action's regular course of dealing with Delphi, there are many times that Delphi puts a price on the purchase order, yet this is not the price provided for by the contracts. He will also likely testify that Delphi has used this argument in the past to dispute payment of invoices, yet in the end, Product Action always points out that the pricing on the purchase orders is wrong and the invoices then get paid in full.

**Duplicate Invoices**

7.  The Debtor asserts that there are two (2) instances of duplicate invoices, yet it does not attach copies of these invoices despite having been provided with all of the unpaid invoices, of which there are approximately 180; all 180 of which Debtor's claim analyst obviously reviewed with great specificity in order to make the assertions that are contained in the Statement.

8.  Debtor asserts that Invoice #147973A is a duplicate of Invoice #147973. Reviewing these two (2) invoices it does appear from the face of the invoices that #147973A was an amendment of #147973, such that the amount of $1975.25 may be an appropriate reduction. Riverside, however, reserves the right to confirm this information with Riverside's assignor, Product Action.

9.  Debtor next asserts that the invoices appended to the Proof of Claim include two (2) copies of invoice #118704 in the amount of $1251.25. Riverside has not been able to confirm whether or not there were actually two (2) copies of #118704 attached to the Proof of Claim, however, Riverside has examined three summary sheets showing each invoice and the totals for that portion of the Claim. The three summary sheets are attached hereto, with copies of the corresponding invoices, as Exhibits "A", "B" and "C".[1] If you add up the amounts on the three summary sheets they total the exact amount of the Claim. Therefore, unless Invoice #118704 shows up more than once on these three sheets, the amount has not been included twice

---

[1] Counsel does not have the three summary sheets at the time of filing so they are not actually attached. Riverside will, on the next business day, file Exhibits "A", "B" and "C" with the Court and provide them to the Debtor.

3

1. On or about August 24, 2007, the Debtors' filed their 20th Objection.

2. One of the claims included in the Objection, on Exhibit "E" – Claims Subject to Modification is claim #8875 of Riverside Claims, LLC, as assignee for Product Action International LLC (the "Claim"). The Claim was filed in the amount of $505,106.24. The Objection seeks to modify the Claim by reducing the Claim to the amount of $168,224.07, split between two different debtors.

3. On or about September 20, 2007, Riverside filed its Response to the Objection.

4. Product Action International, LLC ("Product Action") was, and still is, a significant vendor of Delphi Automotive Systems, LLC and/or certain other of its affiliates (together referred to as "Delphi" or "Debtor").

5. The service that Product Action served and still serves is the inspection and sorting of Delphi parts, both in connection with Delphi's own facilities, and the facilities of Delphi's customers.

6. Delphi, in its Statement, has asserted four arguments on which it relies to reduce the Claim. These are (i) duplicate invoices, (ii) invoices to a non-debtor entity, (iii) price discrepancies and (iv) proof of delivery not provided. The Statement, however, does not comply with this Court's Claim Objection Procedures Order. Paragraph 9(d) of the Claim Objection Procedures Order provides that the Statement shall also include "documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim." There was nothing attached to the Statement including obvious documents that could easily have been identified and attached, the specifics of which will be discussed below when addressing each of the alleged bases for reduction of the Claim.

Hearing Date And Time: February 7, 2008 at 10:00a.m. EST

Robyn J. Spalter, Esq. (RS0035)
General Counsel
RIVERSIDE CLAIMS LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) <br> ) Chapter 11 <br> ) |
| DELPHI CORPORATION, et al. | ) <br> ) Case No. 05-44481 (RDD) <br> ) |
| Debtors. | ) (Jointly Administered) |

**RIVERSIDE CLAIMS, LLC'S (AS ASSIGNEE FOR
PRODUCT ACTION INTERNATIONAL, LLC) SUPPLEMENTAL RESPONSE**

RIVERSIDE CLAIMS, LLC, as ASSIGNEE for PRODUCT ACTION INTERNATIONAL, LLC ("Riverside") files this Supplemental Response to Debtors' Twentieth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Duplicate and Amended Claims, (b) Insufficiently Documented Claims, (c) Claims Not Reflected On Debtors' Books And Records, (d) Untimely Claims, and (e) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification (the "Objection"), as well as the Debtor's Statement of Disputed Issues (the "Statement") and in support thereof states as follows: