**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

In re:

Delphi Corporation, et al.

        Debtors

-----------------------------------------------------------x

    :     Chapter 11

    :

    :     Case No. 05-44481 (RDD)

    :     (Jointly Administered)

    :

    :

## AMENDED NOTICE OF TRANSFER OF RECLAMATION CLAIM
## AND CLAIM NOS. 11599, 11600 & 11601 PURSUANT TO FRBP RULE 3001(e)(2)
### (Amends Docket No. 7134)

    **TO:   MAC ARTHUR COPORATION**
    **("Assignor")**
    3190 Tri-Park Drive
    Grand Blanc, MI  48439-0010

As of February 21, 2007, the following claims of Assignor in the aggregate principal amount $590,602.72 (the "Claim") have been transferred to the Assignee listed below:

1) Proof of Claim No. 11599 (Delphi Automotive Systems, LLC), in the principal amount of $432,705.04, (including a reclamation claim in the amount of $154,170.00);

2) Proof of Claim No. 11600 (Delphi Diesel Systems Corporation), in the reconciled principal amount of $2,100.00; and

3) Proof of Claim No. 11601 (Delphi Mechatronic Systems, Inc.), in the principal amount of $1,627.68

    Assignee:

    **JPMORGAN CHASE BANK, N.A.**
    **4 New York Plaza, Floor 16**
    **New York, NY 10004**
    **Attention:   Neelima Veluvolu**
    **Telephone:   (212) 623-1979**
    **Facsimile:   (646) 792-3855**
    **E-mail:   neelima.veluvolu@jpmorgan.com**

The Evidence of Transfer of Claim is attached as <u>Exhibit A</u>. Assignee's payment instructions are attached as <u>Exhibit B</u>. The Proofs of Claim and Reclamation Letter are attached hereto as <u>Exhibit C</u>. The original Notice of Transfer (filed as Docket No. 7134) is attached as <u>Exhibit "D"</u>.

No action is required <u>if you do not object</u> to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN <u>TWENTY (20) DAYS</u> OF THE DATE OF THIS NOTICE, YOU MUST FILE A WRITTEN OBJECTION TO THE TRANSFER:**

| Mailing Address: | Physical Address: |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York<br>Delphi Corporation Claim Docketing Center<br>One Bowling Green Station, P.O. Box 5058<br>New York, New York 10274-5058 | United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 |

**PLEASE SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE AT THE  FOLLOWING ADDRESS:**

> **JPMorgan Chase Bank, N.A.**
> **4 New York Plaza, Floor 16**
> **New York, NY 10004**
> **Attention:    Neelima Veluvolu**
> **Telephone:   (212) 623-1979**
> **Facsimile:    (646) 792-3855**
> **E-mail:       <u>neelima.veluvolu@jpmorgan.com</u>**

**WITH A COPY TO :**

> **Kirkpatrick & Lockhart Preston Ellis Gates LLP**
> **599 Lexington Avenue**
> **New York, NY  10022**
> **Attention:    Steven H. Epstein**
> **Telephone:   (212) 536-4830**
> **Facsimile:    (212) 536-4001**
> **E-mail :      sepstein@klgates.com**

If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE ASSIGNEE WILL BE SUBSTITUTED FOR THE ASSIGNOR ON THE BANKRUPTCY COURT RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

Dated:  December 31, 2007

JPMORGAN CHASE BANK, N.A.

By:

Name:  Stephanie Skowronski

Title:  Authorized Signatory

## <u>EXHIBIT A</u>

**Evidence Of Transfer Of Claim**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
                                          :    Chapter 11
In re:                                    :
                                          :    Case No. 05-44481 (RDD)
Delphi Corporation,              :
                                          :    (Jointly Administered)
            Debtors                       :
------------------------------------------------------x
```

## EVIDENCE OF TRANSFER OF CLAIM

**Mac Arthur Corporation** (the "<u>Assignor</u>"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto **JPMorgan Chase Bank, N.A.**, its respective successors and assigns ("<u>Assignee</u>") all rights, title and interest in and to the general unsecured claims of Assignor in the principal amount of $591,202.72 plus all interest, fees and other amounts related thereto (the "<u>Claim</u>") against <u>Delphi Corporation et al.</u> (the "<u>Debtors</u>") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court, Southern District of New York, or any other court with jurisdiction over the bankruptcy proceedings ("<u>Bankruptcy Court</u>"), Case No. 05-44481 (RDD) (Jointly Administered).

The claim transferred hereby constitutes the claim described in the true copy of the Proof of Claim dated June 23, 2006, which is attached hereto as <u>Exhibit A</u>. Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Assignee.

45356x

IN WITNESS WHEREOF, dated the 21 day of February, 2007.

JPMORGAN CHASE BANK, N.A.,
as Assignee

By: _____
Name: _____
Title: _____

Accepted and agreed to as of this 21 date of February, 2007.

Mac Arthur Corporation as Assignor

By: _____
Name: Thomas F. Barrett
Title: VP Finance & Business Development

453308                                      3

IN WITNESS WHEREOF, dated the 21 day of February, 2007.

JPMORGAN CHASE BANK, N.A.,
as Assignee

By:_____
Name:_____
Title:_____
~~Andrew Opel~~
~~Authorized Signatory~~

Accepted and agreed to as of this 21 date of
February, 2007

**Mac Arthur Corporation as Assignor**

**By:**_____
**Name:**_____
**Title:**_____

453508

## EXHIBIT B

Assignee's Payment and Delivery Instructions

Wire:
Name of Bank:                          **JPMorgan Chase Bank New York, N.A.**
Routing Transit/ABA number:            **021000021**
Name of Account:                       **SPS High Yield Loan Trading**
Account Number:                        **544-7-94742**

# EXHIBIT C

**Proofs of Claim and Reclamation Letter**

# DELPHI

June 23, 2006

Dennis M. Haley
Macarthur Corporation
Winegarden, Lindholme & Robertson, P.L.C
G-9460 S. Saginaw Street Suite A
Grand Blanc, MI 48439

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Dennis M. Haley:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Macarthur Corporation (the "Demand"). We have identified your Demand as Reclamation Claim No. 779. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 779 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Macarthur Corporation
June 23, 2006
Page 2

Reconciled Amount $154,170.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $154,170.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

Macarthur Corporation
June 23, 2006
Page 3

Reconciled Amount $154,170.00

(vi)    You, or any of your subsidiaries or affiliates, have been paid on
account of your reclamation claim pursuant to an unrelated order
of the Bankruptcy Court and/or you have otherwise waived your
right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved
Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the
"Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to
the final allowance of your reclamation claim. If the Debtors seek such a judicial
determination or the Creditors' Committee raises a Reserved Defense, you will be entitled
to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this
Amended Statement of Reclamation, please sign this Statement where indicated and
return it to the persons identified immediately below. Your response, including the
timing of your response, is governed by the terms of the Order. If you disagree with this
Amended Statement of Reclamation, you must sign this Statement where indicated and
return it to the persons identified immediately below and you must also provide the
information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation
Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

- with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this
Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy
of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of
any of the Debtors' rights with respect to any reclamation claim or demand. In addition,
nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest
or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

Macarthur Corporation
June 23, 2006
Page 4

Reconciled Amount $154,170.00

demand for reclamation.  Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

Macarthur Corporation
June 23, 2006
Page 5

Reconciled Amount $154,170.00

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Macarthur Corporation agrees to the terms of this Amended Statement of Reclamation.

Macarthur Corporation

By: _Thomas F Barrett_          Dated: _6 - 27 - 06_
    (signature)

_Thomas F Barrett_
    (print or type name)

_VP Finance & Business Development_
    (print or type title)


## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Macarthur Corporation disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Macarthur Corporation

By: _____          Dated: _____
    (signature)

_____
    (print or type name)

_____
    (print or type title)

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT _Southern_ | DISTRICT OF _New York_ | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: _Delphi Automotive Systems, LLC._ | Case Number _05-44640_ |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

_Mac Arthur Corporation_

Name and address where notices should be sent:

_Thomas F. Barrett
Mac Arthur Corporation
3190 Tri-Park Drive
Grand Blanc, MI. 48439-0010_
Telephone number: _(810) 606-7777_

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

**COPY**

**RECEIVED**
AUG 0 4 2006
**KURTZMAN CARSON**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
_See Attached Detail_

Check here ☐ replaces     ☐ amends     a previously filed claim, dated:_____
if this claim

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)            (date)

**2. Date debt was incurred:**
_01/28/03-10/07/05_

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _432,705.04_ | 0 | 0 | $432,705.04
(unsecured) (secured) (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate     ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ _432,705.04_
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
JUL 2 ____
CLAIMS PROCESSING CENTER

| Date _07/19/06_ | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _Thomas F. Barrett_ _Thomas Barrett VP Finance & Business Dev._ |
|---|---|

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM DETAIL

| Name of Debtor: | Delphi Automotive Systems LLC |
| Case # | 05-44640 |

| Name of Creditor: | Mac Arthur Corporation |

| c/o | Thomas Barrett |
| | VP Finance & Busines Development |
| | 3190 Tri-Park Drive |
| | Grand Blanc, MI  48439 |
| | (810) 606-1777 |

| Mac Arthur Account # | Customer | Balance as of 7/18/2006 |
| --- | --- | --- |
| 2652 | Delphi Automotive Systems LLC | $9,645.40 |
| 1019 | Delphi Automotive Systems LLC | $31,315.56 |
| 6319 | Delphi Automotive Systems LLC | $82,127.11 |
| 2801 | Delphi Automotive Systems LLC | $14,956.40 |
| 2806 | Delphi Automotive Systems LLC | $1,487.08 |
| 2661 | Delphi Automotive Systems LLC | $51,554.37 |
| 2662 | Delphi Automotive Systems LLC | $15,314.32 |
| 2513 | Delphi Automotive Systems LLC | $241.20 |
| 2650 | Delphi Automotive Systems LLC | $176,554.97 |
| 2565 | Delphi Automotive Systems LLC | $84,520.92 |
| 2800 | Delphi Automotive Systems LLC | $36,912.81 |
| 2803 | Delphi Automotive Systems LLC | $8,772.40 |
| 2804 | Delphi Automotive Systems LLC | $690.00 |
| 1025 | Delphi Automotive Systems LLC | $212.43 |
| 6324 | Delphi Automotive Systems LLC | $127,761.14 |
| 6134 | Delphi Automotive Systems LLC | $3,672.00 |
| 6318 | Delphi Automotive Systems LLC | $40,385.30 |
| 2710 | Delphi Automotive Systems LLC | $91,061.14 |
| 2709 | Delphi Automotive Systems LLC | $18,421.02 |
| 2705 | Delphi Automotive Systems LLC | $195.00 |
| 6880 | Delphi Automotive Systems LLC | $31,563.68 |
| 6881 | Delphi Automotive Systems LLC | $11,132.40 |
| 6884 | Delphi Automotive Systems LLC | $1,948.50 |
| 1023 | Delphi Automotive Systems LLC | $630.00 |
| 1030 | Delphi Automotive Systems LLC | $95,599.89 |
| | | $936,875.04 |

| less: payment received | $350,000.00 |
| less: administrative claim for Reclamation | $154,170.00 |
| Total Unsecured Claim | $432,705.04 |

Invoice detail not provided due to voluminous nature.  There are over 2000 invoices making up this total.

Reclamation claim amount of $154,170 not included in this claim per the note on the top of Form B10.

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT *Southern* | DISTRICT OF *New York* | PROOF OF CLAIM |
|---|---|---|

Name of Debtor
*Delphi Mechatronic Systems, Inc.*

Case Number
05-44567

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

*Mac Arthur Corporation*

Name and address where notices should be sent:
*Thomas F. Barrett*
*Mac Arthur Corporation*
*3190 Tri-Park Drive*
*Grand Blanc, MI. 48439-0010*
Telephone number: *(810) 606-7777*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED
AUG 0 4 2006
KURTZMAN CARSON

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
*2950*

Check here ☐ replaces
if this claim ☐ amends _____ a previously filed claim, dated:_____

1. Basis for Claim
☒ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

2. Date debt was incurred:
*07/11/05-09/27/05*

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ *1627.68*_____ *0*_____ *0*_____ *$1627.68*
(unsecured)    (secured)    (priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $ *1627.68*

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limit apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY
RECEIVED
CLAIMS PROCESSING CENTER
USRC COPY

Date
*07/19/06*

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Thomas Barrett*
*Thomas Barrett VP Finance & Business Dev.*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM DETAIL

| Name of Debtor: | Delphi Mechatronic Systems, Inc. |
| Case# | 05-44567 |

Name of Creditor: Mac Arthur Corporation

c/o Thomas Barrett
VP Finance & Busines Development
3190 Tri-Park Drive
Grand Blanc, MI  48439
(810) 606-1777

### 2950 Delphi Mechatronic Systems

| Invoice # | P.O. | Date | Amount |
|-----------|------|------|--------|
| 310211 | 9571-53055 | 7/11/2005 | $74.40 |
| 317212 | 9571-53615 | 7/11/2005 | $631.20 |
| 317394 | 9571-53615 | 7/11/2005 | $126.24 |
| 312737 | 9571-53055 | 7/18/2005 | $74.40 |
| 317969 | 9571-53615 | 7/18/2005 | $126.24 |
| 317967 | 9571-53055 | 8/8/2005 | $37.20 |
| 319653 | 9571-53055 | 8/9/2005 | $74.40 |
| 318936 | 9571-53055 | 8/16/2005 | $74.40 |
| 319654 | 9571-53055 | 8/23/2005 | $74.40 |
| 321447 | 9571-53055 | 8/30/2005 | $74.40 |
| 321448 | 9571-53055 | 9/7/2005 | $37.20 |
| 322389 | 9571-53055 | 9/12/2005 | $74.40 |
| 322391 | 9571-53055 | 9/21/2005 | $74.40 |
| 324218 | 9571-53055 | 9/27/2005 | $74.40 |
| Total | | | $1,627.68 |

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT *Southern* | DISTRICT OF *New York* | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>*Delphi Diesel Systems Corporation* | Case Number<br>05-44672 | COPY |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

*Mac Arthur Corporation*

Name and address where notices should be sent:
*Thomas F. Barrett*
*Mac Arthur Corporation*
*3790 Tri-Park Drive*
*Grand Blanc, MI. 48439-0010*
Telephone number: *(810) 606-7777*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED
AUG 0 4 2006
KURTZMAN CARSON
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
*2639*

Check here ☐ replaces     ☐ amends     a previously filed claim, dated:_____
if this claim

1. **Basis for Claim**
   ☒ Goods Sold / Services Performed
   ☐ Customer Claim
   ☐ Taxes
   ☐ Money Loaned
   ☐ Personal Injury
   ☐ Other _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
          (date)          (date)

2. **Date debt was incurred:**
   *08/10/05 - 09/30/05*

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ *2700.00* ____ *0* ____ *0* ____ *52700.00*
   (unsecured)     (secured)     (priority)     (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____

   Value of Collateral:   $ _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim** $ *2700.00*
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim

   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>*07/19/06* | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Thomas F. Barrett*<br>*Thomas Barrett VP Finance & Business Dev.* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM DETAIL

Name of Debtor:        Delphi Diesel Systems Corporation
Case #                 05-44612

Name of Creditor:      Mac Arthur Corporation

        c/o            Thomas Barrett
                       VP Finance & Busines Development
                       3190 Tri-Park Drive
                       Grand Blanc, MI  48439
                       (810) 606-1777

              2639 Delphi Diesel Systems

| Invoice # | P.O. | Date | Amount |
|-----------|------|------|--------|
| 320754 | 550006399 | 8/10/2005 | $300.00 |
| 321344 | 550006399 | 9/8/2005 | $187.50 |
| 324562 | 550006399 | 9/12/2005 | $412.50 |
| 326789 | 550006399 | 9/27/2005 | $862.50 |
| 326791 | 550006399 | 9/30/2005 | $937.50 |
| Total | | | $2,700.00 |

**EXHIBIT "D"**

**Original Notice of Transfer (filed as Docket No. 7134)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                             :     Chapter 11
In re:                                       :
                                             :     Case No. 05-44481 (RDD)
Delphi Corporation, et al.                   :     (Jointly Administered)
                                             :
            Debtors                          :
---------------------------------------------------------x

### NOTICE OF TRANSFER OF RECLAMATION CLAIM AND CLAIM NOS. 11599, 11600 & 11601 PURSUANT TO FRBP RULE 3001(e)(2)

TO:  **MAC ARTHUR CORPORATION**
     **("Assignor")**
     3190 Tri-Park Drive
     Grand Blanc, MI 48439-0010


     As of February 21, 2007, Assignor's claims against Debtor in the principal amount of $591,202.72 (the "Claim") have been transferred to the following Assignee:

     **JPMorgan Chase Bank, N.A.**
     **270 Park Avenue**
     **New York, NY 10017**
     **Attention:**  **Neelima Veluvolu**
     **Telephone:**  **(212) 270-2150**
     **Facsimile:**  **(646) 792-3855**
     **E-mail:**  **neelima.veluvolu@jpmorgan.com**


     The Evidence of Transfer of Claims is attached as Exhibit A and the Assignee's payment instructions are attached as Exhibit B. The Proofs of Claim and Reclamation Letter are attached hereto as Exhibit C. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS NOTICE, YOU MUST FILE A WRITTEN OBJECTION TO THE TRANSFER:**

| Mailing Address: | Physical Address: |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York<br>Attn: Northwest Airlines Claims Processing<br>One Bowling Green Station, P.O. Box 5005<br>New York, New York 10274-5005 | United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 |

**PLEASE SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE AT THE FOLLOWING ADDRESS:**

> **JPMorgan Chase Bank, N.A.**
> **270 Park Avenue**
> **New York, NY 10017**
> **Attention:** **Neelima Veluvolu**
> **Telephone:** **(212) 270-2150**
> **Facsimile:** **(646) 792-3855**
> **E-mail:** neelima.veluvolu@jpmorgan.com

**WITH A COPY TO :**

> **Kirkpatrick & Lockhart Preston Ellis Gates LLP**
> **599 Lexington Avenue**
> **New York, NY 10022**
> **Attention:** **Steven H. Epstein**
> **Telephone:** **(212) 536-4830**
> **Facsimile:** **(212) 536-4001**
> **E-mail :** sepstein@klgates.com

If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE ASSIGNEE WILL BE SUBSTITUTED FOR THE ASSIGNOR ON THE BANKRUPTCY COURT RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

Dated: March 6, 2007

**JPMORGAN CHASE BANK, N.A.**

By: _____
Name:
Title:        Andrew Opel
              Authorized Signatory

## EXHIBIT A

### Evidence Of Transfer Of Claim

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                        :      Chapter 11
                                        :
In re:                                  :
                                        :      Case No. 05-44481 (RDD)
                                        :
Delphi Corporation,            :
                                        :      (Jointly Administered)
                                        :
             Debtors                    :
------------------------------------------------------------x
```

## EVIDENCE OF TRANSFER OF CLAIM

**Mac Arthur Corporation** (the "<u>Assignor</u>"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto **JPMorgan Chase Bank, N.A.**, its respective successors and assigns ("<u>Assignee</u>") all rights, title and interest in and to the general unsecured claims of Assignor in the principal amount of $591,202.72 plus all interest, fees and other amounts related thereto (the "<u>Claim</u>") against <u>Delphi Corporation et al.</u> (the "<u>Debtors</u>") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court, Southern District of New York, or any other court with jurisdiction over the bankruptcy proceedings ("<u>Bankruptcy Court</u>"), Case No. 05-44481 (RDD) (Jointly Administered).

The claim transferred hereby constitutes the claim described in the true copy of the Proof of Claim dated June 23, 2006, which is attached hereto as <u>Exhibit A</u>. Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Assignee.

453508

SENT BY: MAC ARTHUR CORPORATION;           810 694 7964;        FEB-22-07  6:24PM;        PAGE 2/3

IN WITNESS WHEREOF, dated the 21 day of February, 2007.

JPMORGAN CHASE BANK, N.A.,
as Assignee

By:_____
Name:_____
Title:_____

Accepted and agreed to as of this 21 date of February, 2007

Mac Arthur Corporation as Assignor

By:_____
Name: Thomas F. Barrett
Title: VP Finance & Business Development

453508                                    3

IN WITNESS WHEREOF, dated the 21 day of February, 2007.

JPMORGAN CHASE BANK, N.A.,
as Assignee

By:_____
Name:_____
Title:_____

Accepted and agreed to as of this 21 date of
February, 2007

Mac Arthur Corporation as Assignor

By:_____
Name:_____
Title:_____

3

## EXHIBIT B

### Assignee's Payment Instructions

<u>Assignee's Payment Instructions</u>

<u>Wire:</u>
Name of Bank:                                     **JPMorgan Chase Bank, N.A.**
Routing Transit/ABA number:              **021000021**
Name of Account:                               **SPS High Yield Loan Trading**
Account Number:                                **544-7-94742**

## EXHIBIT C

**Proofs of Claim and Reclamation Letter**

# DELPHI

June 23, 2006

Dennis M. Haley
Macarthur Corporation
Winegarden, Lindholme & Robertson, P.L.C
G-9460 S. Saginaw Street Suite A
Grand Blanc, MI 48439

Re:    Delphi Corporation, Case No. 05-44481 (RDD)

Dear Dennis M. Haley:

On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors").

The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. On February 21, 2006, the Debtors' sent their Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Macarthur Corporation (the "Demand"). We have identified your Demand as Reclamation Claim No. 779. This letter, together with the enclosures, constitute the Debtors' Amended Statement of Reclamation with respect to Claim No. 779 and supersedes the Statement of Reclamation sent on February 21, 2006.

The Debtors have reviewed the Demand, reconciled the Demand with their books and records, and after sending the Statement of Reclamation to you on February 21, 2006, have discussed a modification to the reconciliation with you. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Macarthur Corporation
June 23, 2006
Page 2

Reconciled Amount $154,170.00

Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $154,170.00 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (E)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

(i)     The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

(ii)    The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

(iii)   You are not a proper party to make the Demand.

(iv)    The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

(v)     You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1]    The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

2

Macarthur Corporation
June 23, 2006
Page 3

Reconciled Amount $154,170.00

(vi)     You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors' Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

If you agree with the Reconciled Amount and the other terms of this Amended Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below. Your response, including the timing of your response, is governed by the terms of the Order. If you disagree with this Amended Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below and you must also provide the information required by paragraph 2, section (h)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

Christina Cattell
Re: Delphi Reclamations
Mail Code # 483-400-216
5725 Delphi Drive
Troy, MI 48098
Fax: 248-813-2499

– with copies to –

Joseph N. Wharton
Re: Delphi Reclamations
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Fax: 312-407-0411

In accordance with the Order, your failure to return a signed copy of this Amended Statement of Reclamation or your failure to indicate assent or dissent on a copy of this Statement may be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other

3

Macarthur Corporation
June 23, 2006
Page 4

Reconciled Amount $154,170.00

demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Macarthur Corporation
June 23, 2006
Page 5

Reconciled Amount $154,170.00

### AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Macarthur Corporation agrees to the terms of this Amended Statement of Reclamation.

Macarthur Corporation

By: _~Thomas F. Burrett~_                Dated: _6 - 27 - 06_
        (signature)

_Thomas F. Burrett_
        (print or type name)

_VP Finance & Business Development_
        (print or type title)

### DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Macarthur Corporation disputes the terms of this Amended Statement of Reclamation and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Macarthur Corporation

By: _____                Dated: _____
        (signature)

_____
        (print or type name)

_____
        (print or type title)

5

United States Bankruptcy Court Southern District of _New York_ | PROOF OF CLAIM

Name of Debtor or
_Delphi Automotive Systems, LLC._

Case No. _05-44640_

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
_Mac Arthur Corporation_

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
_Thomas F. Puckett_
_Mac Arthur Corporation_
_3190 Tri-Park Drive_
_Grand Blanc, MI. 48439-0010_
Telephone number: _(810) 694-7777_

☐ Check this box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
AUG 0 4 2006
**KURTZMAN CARSON**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
_See Attached Detail_

Check here ☐ replaces
if this claim ☐ amends   a previously filed claim, dated:_____

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)          (date)

**2. Date debt was incurred:**
_07/28/05 -10/07/05_

**3. If court judgment, date obtained:**

**4.** Total Amount of Claim at Time Case Filed: $432,705.04 | 0 | 0 | $432,705.04

| (unsecured) | (secured) | (priority) | (Total) |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_432,705.04_
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and $5,000 limits apply to cases filed on or after 4/26/05. P.ub. L 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

JUL ?

Date: _8/10/__   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _Thomas F. Puckett_
_Thomas Puckett VP Finance & Business Dev._

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM DETAIL

Name of Debtor:     Delphi Automotive Systems LLC
Case #              05-44640

Name of Creditor:   Mac Arthur Corporation

        c/o         Thomas Barrett
                    VP Finance & Business Development
                    3190 Tri-Park Drive
                    Grand Blanc, MI  48439
                    (810) 606-1777

| Mac Arthur Account # | Customer | Balance as of 7/18/2006 |
|---|---|---|
| 1662 | Delphi Automotive Systems LLC | $9,848.40 |
| 1619 | Delphi Automotive Systems LLC | $31,315.56 |
| 6319 | Delphi Automotive Systems LLC | $82,127.11 |
| 2801 | Delphi Automotive Systems LLC | $14,986.40 |
| 2606 | Delphi Automotive Systems LLC | $1,487.08 |
| 2661 | Delphi Automotive Systems LLC | $61,664.37 |
| 1662 | Delphi Automotive Systems LLC | $15,514.32 |
| 1613 | Delphi Automotive Systems LLC | $241.20 |
| 2760 | Delphi Automotive Systems LLC | $170,664.97 |
| 2665 | Delphi Automotive Systems LLC | $84,870.92 |
| 2700 | Delphi Automotive Systems LLC | $36,912.81 |
| 2803 | Delphi Automotive Systems LLC | $8,772.40 |
| 2804 | Delphi Automotive Systems LLC | $690.00 |
| 1025 | Delphi Automotive Systems LLC | $212.43 |
| 6324 | Delphi Automotive Systems LLC | $127,761.14 |
| 6134 | Delphi Automotive Systems LLC | $3,672.00 |
| 6018 | Delphi Automotive Systems LLC | $40,365.30 |
| 2710 | Delphi Automotive Systems LLC | $91,061.14 |
| 2709 | Delphi Automotive Systems LLC | $18,421.02 |
| 2705 | Delphi Automotive Systems LLC | $195.00 |
| 6680 | Delphi Automotive Systems LLC | $31,563.68 |
| 6681 | Delphi Automotive Systems LLC | $11,132.40 |
| 6684 | Delphi Automotive Systems LLC | $1,648.50 |
| 1623 | Delphi Automotive Systems LLC | $630.00 |
| 2690 | Delphi Automotive Systems LLC | $5,599.89 |
| | | $806,875.04 |

|  |  |
|---|---|
| less payment received | $300,000.00 |
| less administrative claim for Reclamation | $154,170.00 |
| Total Unsecured Claim | $352,705.04 |

Invoice detail not provided due to voluminous nature.  There are over 2000 invoices making up this total.

Reclamation claim filed of $154,170 not included in this claim per the note on the top of Form B10.

PROOF OF CLAIM

Name of Debtor                                                    Case Number
... ... Automotive Systems, Inc.                                 05-44567

Name of Creditor (The person or other entity to whom the debtor owes
money or property):

Mac Arthur Corporation

Name and address where notices should be sent:
Thomas F. Barrett
Mac Arthur Corporation
3700 Tri-Park Drive
Grand Blanc, MI 48439-0010
... ... (810) 606-1777

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED
AUG 0 4 2006
KURTZMAN CARSON

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends     a previously filed claim, dated: _____

**1. Basis for Claim**
☒ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)      (date)

**2. Date debt was incurred:**
07/27/05 - 09/27/05

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1627.68    0    0    $1627.68
                                                (unsecured) (secured) (priority)  (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim $ 1627.68**

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and if filed in or apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

07/27/05    [signature] Thomas Barrett    Thomas F. Barrett VP Finance & Business Dev.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM DETAIL

Name of Debtor:              Delphi Mechatronic Systems, Inc.
Case#                        05-44567

Name of Creditor:           Mac Arthur Corporation

                c/o         Thomas Barrett
                            VP Finance & Busines Development
                            8190 Tri-Park Drive
                            Grand Blanc, MI 48439
                            (810) 606-1777

### 2560 Delphi Mechatronic Systems

| Invoice # | P.O. | Date | Amount |
|---|---|---|---|
| 316211 | 9571-53055 | 7/11/2005 | $74.40 |
| 317212 | 9571-53615 | 7/11/2005 | $631.20 |
| 317384 | 9571-53615 | 7/11/2005 | $126.24 |
| 312737 | 9571-53055 | 7/16/2005 | $74.40 |
| 317969 | 9571-53615 | 7/16/2005 | $126.24 |
| 317967 | 9571-53055 | 8/8/2005 | $37.20 |
| 319353 | 9571-53055 | 8/9/2005 | $74.40 |
| 319636 | 9571-53055 | 8/16/2005 | $74.40 |
| 319654 | 9571-53055 | 8/23/2005 | $74.40 |
| 321447 | 9571-53055 | 8/30/2005 | $74.40 |
| 321448 | 9571-53055 | 9/7/2005 | $37.20 |
| 322389 | 9571-53055 | 9/12/2005 | $74.40 |
| 322391 | 9571-53055 | 9/21/2005 | $74.40 |
| 324218 | 9571-53055 | 9/27/2005 | $74.40 |
| Total | | | $1,627.68 |

FORM _____ (____ ____)

| | | PROOF OF CLAIM |
|---|---|---|

COPY

Case Number: 05-44672

Name of Debtor: _____

In re _____

Name of Creditor (The person or other entity to whom the debtor owes money or property):

*Mac Arthur Corporation*

Name and address where notices should be sent:

*Thomas F. Hassold*
*Mac Arthur Corporation*
*3790 Tri-Port Drive*
*Grand Blanc, MI 48439-7777*

RECEIVED
AUG 0 4 2006
KURTZMAN CARSON

Account or other number by which creditor identifies debtor:

*2639*

☐ Check here if this claim □ replaces □ amends a previously filed claim, dated:_____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

This space is for Court Use Only

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ (date) to _____ (date)

**2. Date debt was incurred:**
08/13/05-08/30/05

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: $ 2700.00** _____ (Unsecured) _____ 0 (Secured) _____ 0 (Priority) _____ $2700.00 (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $ 2700.00**

☒ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $16,000 and 180 days do not apply to cases filed on or after 4/20/05. Pub. L. 109-8.*

**8.** Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This space is for Court Use Only

Date: _____   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

_____ Director of Finance & Business Dev.

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

PROOF OF CLAIM DETAIL

Name of Debtor:        Delphi Diesel Systems Corporation
Case #                 05-44612

Name of Creditor:      Mac Arthur Corporation

        c/o            Thomas Barrett
                       VP Finance & Busines Development
                       3190 Tri-Park Drive
                       Grand Blanc, MI 48439
                       (810) 606-1777

        2005 Delphi Diesel Systems

| Invoice # | P.O. | Date | Amount |
|---|---|---|---|
| 310754 | 550006399 | 8/10/2005 | $300.00 |
| 321344 | 550006399 | 9/6/2005 | $167.50 |
| 324562 | 550006399 | 9/12/2005 | $412.50 |
| 319789 | 550006399 | 9/27/2005 | $882.50 |
| 318791 | 550006399 | 9/30/2005 | $937.50 |
| Total | | | $2,700.00 |