Hearing Date and Time: January 17, 2008 at 10:00 a.m.<br>
Objection Deadline: January 11, 2008 at 4:00 p.m.

BUCHANAN INGERSOLL & ROONEY PC
Counsel for Fiduciary Counselors, Inc.
1 Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
(212) 440-4400 - Telephone
(212) 440-4401 - Facsimile
William H. Schorling, Esquire (WS-6322)

UNITED STATES BANKRUPTCY COURT<br>
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**MOTION FOR ORDER ESTIMATING CLAIMS FOR
PURPOSES OF VOTING ON PLAN OF REORGANIZATION**

Fiduciary Counselors, Inc. ("FCI"), and its undersigned counsel, Buchanan Ingersoll & Rooney, PC, hereby submit this Motion For Order Estimating Claims For Purposes Of Voting On Plan Of Reorganization (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 3018(a) . In support hereof, FCI respectfully represents as follows:

**Jurisdiction**

1. The Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 502(c) and Bankruptcy Rule 3018(a).

KRLSDOCS_WLM#: 66936v1

**Statement of Facts**

A.    <u>General Background</u>

3.    Delphi Corporation ("Delphi") and forty-one (41) of its direct and indirect subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Thirty-nine (39) of the Debtors filed their petitions on October 8, 2005, and three (3) of the Debtors, namely *In re Delphi Furukawa Wiring Systems LLC* (Case No. 05-47452 (RDD)), *In re Delphi Receivables LLC* (Case No. 05-47459 (RDD)), and *In re Mobilearia, Inc*. (Case No. 05-47474 (RDD)) (collectively, the "Additional Debtors"), filed their petitions on October 14, 2005.

4.    On October 8, 2005, this Court procedurally consolidated the Debtors' thirty-nine (39) chapter 11 cases filed at that time, [1] and ordered that they be jointly administered under *In re Delphi Corporation*, Case No. 05-44481 (RDD) (the "Main Case").

5.    On October 19, 2005, this Court procedurally consolidated the Additional Debtors with the Main Case.

B.    <u>The Plan of Reorganization</u>

---

[1] The thirty-nine cases consolidated on October 8, 2005 are as follows *In re Delphi NY Holdings Corp., In re Delphi Corporation, In re ASEC Manufacturing General Partnership, In re Delphi Medical Systems Colorado Corporation, In re Delphi China LLC, In re ASEC Sales General Partnership, In re Delphi Medical Systems Texas Corporation, In re Delphi Automotive Systems Overseas Corporation, In re Delphi Automotive Systems Korea, Inc., In re Delphi Automotive Systems International, Inc., In re Delphi International Holdings Corp., In re Aspire, Inc., In re Delphi Connection Systems, In re Delphi International Services, Inc., In re Environmental Catalysts, LLC, In re Specialty Electronics International Ltd., In re Delphi Automotive Systems Thailand, Inc., In re Delco Electronics Overseas Corporation, In re Delphi Technologies, Inc. , In re Delphi Automotive Systems (Holding), Inc., In re Exhaust Systems Corporation, In re Delphi Medical Systems Corporation., In re Delphi Diesel Systems Corp., In re Delphi Integrated Service Solutions, Inc., In re Packard Hughes Interconnect Company, In re Delphi Electronics (Holding), LLC., In re Delphi Mechatronic Systems, Inc., In re Specialty Electronics, Inc., In re Delphi Automotive Systems Tennessee, Inc., In re Delphi LLC, In re DREAL, Inc., In re Delphi Automotive Systems Risk Management Corp., In re Delphi Automotive Systems Services, LLC, In re Delphi Liquidation Holding Company, In re Delphi Foreign Sales Corporation, In re Delphi Services Holding Corporation, In re Delphi Automotive Systems Human Resources LLC, In re Delphi Automotive Systems Global (Holding), Inc., and In re Delphi Automotive Systems, LLC.*

KRLSDOCS_WLM#:  66936v1

6.　　On December 10, 2007, the Court entered an order (the "Solicitation Procedures Order") approving the disclosure statement with respect to the First Amended Plan of Reorganization (the "Plan") and approving certain procedures by which the Debtors may solicit votes to accept or reject the Plan. The Solicitation Procedures Order provides that motions seeking temporary allowance of claims for purposes of voting to accept or reject the Plan must be filed on or before January 2, 2008.

C.　　The Pension Plans' Claims

7.　　FCI is the independent fiduciary under the Debtors' following pension plans: (a) the Delphi Corporation Retirement Program for Salaried Employees (the "Salaried Plan"), (b) the Delphi Hourly-Rate Employees Pension Plan (the "Hourly Plan"), (c) the ASEC Manufacturing Retirement Program (the "ASEC Plan"), (d) the Delphi Mechatronic Systems Retirement Program (the "Mechatronic Plan"), (e) the Packard Hughes Interconnect Non-Bargaining Retirement Plan (the "PHI Non-Bargaining Plan"), and (f) the Packard Hughes Interconnect Bargaining Retirement Plan (the "PHI Bargaining Plan") (collectively, the "Pension Plans").  The Pension Plans are employee benefit plans within the meaning of Bankruptcy Code section 507(a)(4).  FCI asserts that the Debtors are members of the common controlled group whose employees participate in the Pension Plans.

8.　　As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Pension Plans, FCI timely filed proofs of claim on behalf of the Pension Plans (the "Claims", true and correct copies of which are attached hereto as Exhibit "A").  The Claims were calculated and based on the most recent information available to FCI as of the time the Claims were filed and included liquidated amounts for contributions that were due and unpaid and unliquidated amounts for contributions

KRLSDOCS_WLM#:  66936v1

that were not yet due. No objection has been filed to the Claims. FCI reserved the right to amend the Claims if and when additional information became available. FCI expects to receive updated information from the Pension Plans' actuaries and amend the Claims prior to the hearing on confirmation of the Plan. The updated information received by FCI to date, and used to calculate the amounts requested to be estimated for the Salaried Plan, Hourly Plan and the Mechatronic Plan Claims is attached hereto as Exhibit "B".

9. The Debtors provided FCI with a ballot for each of the Pension Plans to vote to accept or reject the Plan. However, the ballots identified each of the Pension Plans' Claims as $1.00 in amount for voting purposes.

## Relief Requested

10. FCI seeks entry of an order estimating the Claims for voting purposes as follows:

(a) the Salaried Plan : $737,119,000.00

(b) the Hourly Plan: $2,061,665,000.00

(c) the ASEC Plan: $1,344,586.00

(d) the Mechatronic Plan: $250,399.00

(e) the PHI Non-Bargaining Plan: $1,298,108.00

(f) the PHI Bargaining Plan: $364,667.00

## Basis for Relief Requested

11. Bankruptcy Rule 3018(a) provides in pertinent part that "a Plan may be accepted or rejected in accordance with §1126 of the Code within the time fixed by the court pursuant to Rule 3017... Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.".

12. The estimation of claims for voting purposes is essentially committed to the Court's discretion. *Bittner v. Borne Chem. Co.*, 691 F.2d 134 (3d Cir. 1982); *Pension Benefit Guar. Corp. v. Enron Corp. (In re Enron)*, No. 04 Civ. 5499 (HB), 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004). Estimation should ensure that the creditor's voting power is commensurate with its economic interest in the case. *Enron*, 2004 WL 2434928, at *5.

13. The Pension Plans have asserted (or will assert, once the Claims are amended) claims in an aggregate amount exceeding *$2 billion*. Ballots voting in the total amount of $6 are hardly commensurate with the Pension Plans' economic interest in these cases.

14. Accordingly, FCI respectfully requests that the Pension Plans' Claims be estimated for voting purposes in the amounts set forth above.

## Waiver of Memorandum of Law

15. This Motion does not present any novel issues of law. Consequently, FCI respectfully requests that the court waive the requirement that FCI file a supporting memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b). FCI reserves the right to file a separate memorandum of law in further support of this Motion or in response to any objection to this Motion.

## Notice

16. Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered by this court on March 20, 2006 (Docket No. 2883), and the Ninth Supplemental Order Under 11 U.S.C. §§102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and

Administrative Procedures, entered October 19, 2007 (Docket No. 10661).  FCI submits that no other or further notice is necessary.

WHEREFORE, FCI respectfully requests that this Court enter the order attached hereto as Exhibit C and grant such order relief as the Court deems just and proper.

Dated:  January 2 , 2008

**BUCHANAN INGERSOLL & ROONEY PC**

/s/  William H. Schorling (WS-6322)
William H. Schorling, Esquire (WS-6322)
1 Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
(212) 440-4400 - Telephone
(212) 440-4401 - Facsimile

*Counsel for Fiduciary Counselors, Inc.*