BURR & FORMAN, LLP
420 20th Street North
Suite 3400
Birmingham, Alabama
D. Christopher Carson
Marc P. Solomon

Attorneys for Citation Foundry Corp.
Castwell Products, Inc. and Texas Foundries

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
DELPHI CORPORATION., <u>et al</u>.,         :   Case No.: 05-44481 (RDD)
                                            :
                    Debtors.                :   (Jointly Administered)
                                            :
                                            :
---------------------------------------------------------------x

**CITATION FOUNDRY CORP., CASTWELL PRODUCTS, INC., AND TEXAS FOUNDRIES, LTD.'S  SUPPLEMENTAL RESPONSE TO DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED.R.BANKR.P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY EQUITY CLAIM, (C) INSUFFICIENTLY DOCUMENTED CLAIMS, (D) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIM SUBJECT TO MODIFICATION AND MODIFIED CLAIMS ASSERTING RECLAMATION, AND TO THE DEBTOR'S STATEMENT OF DISPUTED ISSUES**

**COME NOW,** Citation Foundry Corp. ("Citation Foundry"), Castwell Products, Inc. ("Castwell") and Texas Foundries, Ltd. ("Texas Foundries") (Citation Foundry, Castwell and Texas Foundries are collectively, "Citation"), by and through its undersigned attorneys, and

1631498 v2

hereby files this supplemental response to the *Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claim Subject to Modification and Modified Claims Asserting Reclamation* (the "Omnibus Objection"), as well as to the *Debtors' Statement of Disputed Issues*. In support thereof, Citation states as follows:

## BACKGROUND

1.  On or about September 21, 2007, the Debtors filed the Omnibus Objection.

2.  Through the Omnibus Objection, the Debtors objected to Claim Numbers 1771-1773, which were filed on behalf of Castwell, Citation Foundry and Texas Foundries respectively.

3.  Citation Foundry filed a timely Proof of Claim, Claim No. 1772[1], which is incorporated herein in by reference, asserting a claim in the total amount of $610,197.60 for goods shipped to the Debtors prior to the Petition Date that have not been paid for by the Debtors. This claim was made up of a general unsecured claim in the amount of $268,664.72 and a priority claim in the amount of $341,532.88, for goods that are the subject of a reclamation demand. Debtors seek to reduce Claim No. 1772 to a general unsecured claim in the amount of $598,042.84.

4.  Castwell filed a timely Proof of Claim, Claim No. 1771[2], which is incorporated

---

[1] Attached to Proof of Claim No. 1772 are the invoices that support Citation Foundry's right to payment.
[2] Attached to Proof of Claim No. 1771 are the invoices that support Castwell Products' right to payment.

1631498 v2

herein in by reference, asserting a claim in the total amount of $200,547.61 for goods shipped to the Debtors prior to the Petition Date that have not been paid for by the Debtors. This claim is made up of a priority claim in the amount of $47,499.91, for goods that are the subject of a reclamation demand, and a general unsecured claim in the amount of $153,047.70. The Debtors seek to reduce and reclassify the claim as a priority claim in the amount of $38,016.28 and a general unsecured claim in the amount of $137,014.26.

5. Texas Foundries filed a timely proof of claim, Claim No. 1773[3], which is incorporated herein in by reference, asserting a claim in the amount of $516,132.52 for goods shipped to the Debtors prior to the Petition Date that have not been paid for by the Debtors. This claim is made up of a priority claim of $80,962.22, for goods that are the subject of a reclamation demand, and a general unsecured claim of $435,170.30. The Debtors seek to reduce and reclassify the claim as a priority claim in the amount of $34,000.11 and a general unsecured claim in the amount of $128,058.28.

6. On or about October 16, 2007, Citation filed a response to the Omnibus Objection (the "Initial Response").

7. On or about December 4, 2007, the Debtors filed their Statement of Disputed Issues (the "Statement").

8. The Statement set forth several bases for the reduction of Citation's claims. These objections are: (a) undocumented invoices, charges, or pricing discrepancies; (b) paid invoices; (c) undocumented surcharges; and (d) invalid PO/PPAP.

---

[3] Attached to Proof of Claim No. 1773 are the invoices that support Texas Foundries' right to payment.

1631498 v2

9. Since receipt of the Statement, the parties have been in communication and working together to reconcile the discrepancies raised in the Omnibus Objection. This reconciliation will likely resolve most of the issues raised by the Debtors in their Omnibus Objection and Statement. However, as this reconciliation involves multiple companies and invoices that span several years, this reconciliation is an involved and lengthy process. As such, Citation's reconciliation is ongoing and counsel for the Debtors has indicated that in light of this ongoing reconciliation, they do not object to the later supplementation of this response with additional evidentiary support including affidavits.

## RESPONSE TO SPECIFIC OBJECTIONS

**Paid Invoices**

10. Based upon Citation's records, those invoices that the Debtors assert have been paid remain unpaid. However, Citation does not have sufficient information at this time to make a definitive statement regarding those invoices the Debtors assert have been paid. Citation is still in the process of reviewing its records to reconcile recent information received from the Debtors in which they assert that certain of the invoices that make up Citation's claims have in fact been previously paid by the Debtors. Citation will work with the Debtors and supplement its response once its record review is completed in the event it is determined that any of these invoices have in fact been paid by Delphi.

**Undocumented Surcharges**

11. The Debtors' assert that any steel price surcharges imposed on parts shipped to Delphi by Citation are unsupported. However, the Debtors' and Citation previously reached an agreement regarding the imposition of surcharges on the parts shipped to the Debtors by

1631498 v2

Citation.  As such, any surcharges imposed on the parts shipped by Citation to the Debtors were proper and the Debtors' objection to these surcharges should be overruled.  In accordance with the Claims Objection Procedures Order, documentation regarding the parties agreement to these surcharges shall be forwarded directly to the Debtors as those documents are confidential.  Citation is working with the Debtors to determine what if any additional documentation they may require regarding the surcharges.

**Undocumented Invoices, Charges, Pricing Discrepancies, Invalid PO/PPAP**

12. The Debtors' Statement broadly asserts that a certain dollar amount of Citation's claims are based upon undocumented invoices, charges, pricing discrepancies or refer to purchase orders for which the Debtors have no record.  Attached to Citation's claims were invoices that backed up the amounts of Citation's claims.  The Statement fails to indicate what additional documentation the Debtors require regarding Citation's claims.  As such, as part of the reconciliation process, Citation is working with the Debtors to provide them additional documentation regarding these disputed claims.  Citation has identified some documents that shall assist the Debtors in reconciling their objections and in accordance with the Claims Objection Procedures Order, documentation regarding these charges, invoices and pricing discrepancies is being forwarded directly to the Debtors as those documents are confidential.

13. However, as Citation has provided the Debtors with invoices to back up their claim and the Debtors have put forth no probative evidence, including documentation, to rebut the validity of these invoices, the Debtors' objection to these invoices that make up Citation's claims should be denied.

1631498 v2

## STANDARD

14. As previously indicated in Citation's Initial Response, Citation has made a prima facie case of the validity of its claims and the burden is now on the Debtors to rebut that validity. However, in order to refute the prima facie validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity.").

15. Here, the Debtors' Omnibus Objection and Statement fail to contain any documentation or other probative evidence to support the specific objections to portions of Citation's claims. Instead, the conclusory, unsupported statements made in the Omnibus Objection and Statement are not sufficient to rebut the validity of the respective claims.

## RESERVATION OF RIGHTS

16. Citation Foundry, Castwell Products and Texas Foundries expressly reserves the right: (i) to amend, modify, or supplement this objection and response, as well as any of the exhibits, including by, but not limited to, additional documentation of the amount of the claims of Citation Foundry, Castwell Products and Texas Foundries; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this response.

## ADDRESS FOR RESPONSES

9. Any reply to this supplemental response of Citation Foundry, Castwell Products

1631498 v2

and Texas Foundries to the Omnibus Objection and Statement should be addressed to:

>D. Christopher Carson
>Marc P. Solomon
>Burr & Forman, LLP
>420 20th Street North, Suite 3400
>Birmingham, AL  35203
>(205) 458-5281
>
>With a copy to:
>
>Marc Pifko
>Kilpatrick Lockhart Preston Gates Ellis, LLP
>599 Lexington Avenue
>New York, NY 10022
>(212) 536-3900

**WHEREFORE, PREMISES CONSIDERED,** Citation Foundry, Castwell Products, and Texas Foundries respectfully requests the Court: (1) deny the Omnibus Objection as it Citation Foundry, Castwell Products, and Texas Foundries' claims; (2) allow the claims of Citation Foundry, Castwell Products and Texas Foundries in the amounts and in the priority set forth in their respective proof of claims; and (3) grant Citation Foundry, Castwell Products and Texas Foundries such other and further relief that the Court may deem just and appropriate.

>/s/ Marc P. Solomon_____
>D. Christopher Carson
>Marc P. Solomon
>
>Attorneys for Citation Foundry, Castwell Products and Texas Foundry
>
>**BURR & FORMAN LLP**
>420 North 20th Street, Suite 3100
>Birmingham, Alabama 35283-0719
>Phone: (205) 251-3000
>Facsimile: (205) 458-5100

1631498 v2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Electronic Filing, and to the entities below by Federal Express on this the 2nd day of January, 2008:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

John Wm. Butler, Jr.
John K. Lyons
Joseph N. Wharton
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Hon. Robert D. Drain
United States Bankruptcy Court Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 632
New York, NY 10004

Marc Pifko
Kilpatrick Lockhart Preston Gates Ellis, LLP
599 Lexington Avenue
New York, NY 10022

Tally M. Wiener
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119

/s/ Marc P. Solomon
OF COUNSEL

1631498 v2