| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br><br>In re<br><br>DELPHI CORPORATION,<br><br>Debtor.<br>------------------------------------------------------------x | Return Date: 12/20/07 @10:00 a.m.<br>11-9151997<br><br>Chapter 11<br><br>Case No. 05-44481-rdd<br>Judge Robert D. Drain<br>(Jointly Administered) |

## NOTICE OF MOTION

S I R S :

    **PLEASE TAKE NOTICE**, that upon the Application of Jimmy Mueller, David Gargis and Keith Livingston, by their attorneys, Thaler & Gertler, LLP, a Motion will be made before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408, Courtroom 610 on the 25th day of January , 2008 at 10:00 o'clock in the forenoon of said day, or as soon thereafter as counsel may be heard, for an Order: (1) vacating the automatic stay for cause, under 11 U.S.C. §362(d)(1), Bankruptcy Rule 4001(d)(1) and SDNY LBR 4001-1 for the purpose of commencing an Action in the Northern District of Alabama entitled **Jimmy Mueller, David Gargis and Keith Livingston v. Delphi Corporation and Delphi Hourly-Rate Employee Pension Plan** under 29 U.S.C. §§1132(a) and 1140 of ERISA; and (2) granting such other relief as to this Court is just and proper.

    **PLEASE TAKE FURTHER NOTICE**, that pursuant to S.D.N.Y LBR 9006-1(b) objections to this Motion, if any, shall be made in writing, shall state with particularity the grounds for the objection and shall be filed with the Court and served upon the undersigned so as to ensure actual receipt no later than three (3) days prior to

the return date of his Motion. The objection shall be filed with the Clerk of the Bankruptcy Court in Manhattan together with proof of service and a copy designated for chambers. Objections shall be filed with the Bankruptcy Court electronically in accordance with General Orders M-182 and M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by all other Parties in Interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Orders M-182 and M-242.

Dated: East Meadow, New York
       December 5, 2007.

                                      THALER & GERTLER, LLP
                                      Attorneys for Jimmy Mueller, David
                                      Gargis and Keith Livingston
                                      90 Merrick Avenue
                                      Suite 400
                                      East Meadow, New York 11554
                                      (516) 228-3553

                            By: _____
                                Michael A. Farina (MAF-1369)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x | 11-9151997 |
| In re | Chapter 11 |
| DELPHI CORPORATION, | Case No. 05-44481-rdd<br>Judge Robert D. Drain |
| Debtor.<br>------------------------------------------------------------x | |

## APPLICATION

**TO THE HONORABLE ROBERT D. DRAIN, U.S. BANKRUPTCY JUDGE:**

The Application of Jimmy Mueller, David Gargis and Keith Livingston, by their attorneys Thaler & Gertler, LLP, respectfully represents:

1. This case was commenced by the filing of a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on October 8, 2005.

2. Delphi Corporation is the Debtor and Debtor-In-Possession herein.

3. Delphi Corporation continues to manage its property and operate its business as Debtor-In-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### BACKGROUND

4. Applicants, Jimmy Mueller, David Gargis and Keith Livingston were initially employed as hourly employees of Delphi Corporation. Applicants later transferred to salary employees.

5. Each of the Applicants were initially employed as hourly employees and protected by a collective bargaining agreement between Delphi and United Auto Workers Union.

6. Delphi's Managers made promises and inducements to certain Delphi hourly employees, including the Applicants which caused them to transfer from being hourly employees to salary employees with Delphi. These inducements, included a promise that the employees could re-transfer to hourly employment at any time and further, that they would not lose years of service as an hourly employee for purposes of their pension benefits.

7. At various times Delphi permitted individuals who were originally hourly employees to transfer to being a salaried employee and then re-transfer to being an hourly employee. Predicated upon this course of conduct, each of the Applicants had sought to re-transfer to being an hourly employee, but Delphi has refused to allow them to re-transfer.

8. Applicants have sought to redress their grievance by filing a civil action under 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1140 of ERISA. However, by virtue of the Debtor's Chapter 11 Bankruptcy Filing, Applicants are precluded from obtaining this type of relief under 11 U.S.C. §362(a).

9. Under 11 U.S.C. §362(d)(1), on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection 362(a) of this section, such as by terminating, annulling, modifying or conditioning such stay

-for cause, including the lack of adequate protection of an interest in property of such party in interest.

10. At this time, Applicants are poised to file a complaint in the Northern District of Alabama entitled **Jimmy Mueller, David Gargis and Keith Livingston v. Delphi Corporation and Delphi Hourly-Rate Employee Pension Plan**

(The "Alabama Litigation"). The proposed Complaint seeks injunctive relief pursuant to 29 U.S.C. §§1132(a) and 1140 of ERISA, specifically that Delphi be directed to re-transfer each of the Applicants back to the Delphi Hourly Rate Employee Pension Plan. A copy of the proposed Complaint is annexed hereto as **Exhibit "A"**.

11. The Complaint does not seek any direct monetary relief against the Debtor by their within action.

12. However, in deference to this Court, and as an exercise of caution, Applicant believed it prudent that the instant motion be made which seeks to vacate the automatic stay so as to permit the Alabama Litigation by the filing of the proposed Complaint.

13. No prior Application has been made to this or any other Court for the relief herein requested.

**WHEREFORE**, Movant respectfully requests that this application for the entry of an Order vacating the automatic stay for cause, under 11 U.S.C. §362(d)(1), Bankruptcy Rule 4004(d)(1) and SDNY LBR 4001-1 for the purpose of commencing an action in the Northern District of Alabama entitled **Jimmy Mueller, David Gargis and**

<u>Keith Livingston v. Delphi Corporation and Delphi Hourly-Rate Employee Pension Plan</u> under 29 U.S.C. §§1132(a) and 1140 of ERISA be granted; and (2) that the Court grant such other and further relief as this Court deems just and proper.

Dated: East Meadow, New York
December 5, 2007.

THALER & GERTLER, LLP
Attorneys for Jimmy Mueller, David
Gargis and Keith Livingston
90 Merrick Avenue
Suite 400
East Meadow, New York 11554
(516) 228-3553

By: _____
Michael A. Farina (MAF-1369)

W:\Clients A-Z\Clients K-N\Martin.David\vacatestay.wpd