| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br><br>In re<br><br>DELPHI CORPORATION,<br><br><br>Debtor.<br>------------------------------------------------------------x | 11-9151997<br><br><br><br>Chapter 11<br><br>Case No. 05-44481-rdd<br>Judge Robert D. Drain<br>(Jointly Administered) |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO VACATE STAY

The Court is respectfully referred to the Notice of Motion and Application with Exhibits, which accompanies this Memorandum of Law for a recitation of the relevant facts pertaining to the within Motion to Vacate the Automatic Stay to allow Applicants to commence an action in the Northern District of Alabama entitled **Jimmy Mueller, David Gargis and Keith Livingston v. Delphi Corporation and Delphi Hourly-Rate Employee Pension Plan** (the "Alabama Litigation") under 29 U.S.C. §§1132(a) and 1140 of ERISA.

### ARGUMENT

### POINT I

### VACATING THE AUTOMATIC STAY WILL NOT PREJUDICE
### THE DEBTOR'S BANKRUPTCY ESTATE

It has been established by precedent that the Court will consider a number of factors to determine whether the stay should be lifted in order for litigation to proceed in another forum.

1

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the Debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the Debtor's insurer has assumed full responsibility for defending it;

(6) whether the action involves third parties;

(7) whether the litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movants success in the other proceeding would result in a judicial lien avoidable by the Debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms

In re Mazzeo 167 F.3d 139 (2d Cir 1999) citing In re Sonnax Industries, Inc. 907 F.2d 1280, 1285.

As aforementioned, Applicants seek to vacate the automatic stay so as to permit them to commence an action in the Northern District of Alabama entitled **Jimmy Mueller, David Gargis and Keith Livingston v. Delphi Corporation and Delphi Hourly-Rate Employee Pension Plan**.  Applicants are seeking injunctive relief

pursuant to 29 U.S.C. §§1132(a) and 1140 of ERISA, and specifically that Delphi be directed to re-transfer each of the Applicants back to the Delphi Hourly Rate Employee Pension Plan. The proposed Complaint does not seek any direct monetary relief against the Debtor by its within action.

A determination of the Alabama Litigation will result in a partial or complete resolution of the issues. The Alabama Litigation does not have any connection with or interference with the bankruptcy case nor does it involve the Debtor as a fiduciary. The District Court in Alabama is more suited to determine Applicants claims under ERISA as the District Court has the necessary expertise to hear the Alabama Litigation. As Applicant is only seeking injunctive relief, the Alabama Litigation would not prejudice the interests of other creditors. Movants success in the Alabama Litigation would not result in a judicial lien avoidable by the Debtor. Moreover, the interests of judicial economy and the expeditious and economical resolution of litigation will be completed by the Alabama Litigation.

## CONCLUSION

It is clear that allowing Movants to commence the Alabama Litigation to obtain injunctive relief under ERISA (specifically an Order directing that they be permitted to

re-transfer from salaried employees back to hourly employees) will have no effect on the Bankruptcy Estate. Accordingly, cause exists to permit vacatur the automatic stay to allow Movants to continue with the Alabama Litigation under 11 U.S.C. §362(d)(1).

Dated: East Meadow, New York
December 5, 2007.

                                        THALER & GERTLER, LLP
                                        Attorneys for Jimmy Mueller, David
                                        Gargis and Keith Livingston
                                        90 Merrick Avenue
                                        Suite 400
                                        East Meadow, New York 11554
                                        (516) 228-3553

                              By: _____/s/ (MAF-1369)_____
                                       Michael A. Farina (MAF-1369)