| | |
|---|---|
| TAFT STETTINIUS & HOLLISTER LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45240<br>Timothy J. Hurley (OH Bar #0006458)<br>hurley@taftlaw.com<br>Richard L. Ferrell (OH Bar #0063176)<br>ferrell@taftlaw.com<br>(513) 381-2838 (Telephone)<br>(513) 381-0205 (Fax) | **Hearing Date and Time: January 31, 2008 at 10:00 a.m.** |

Attorneys for United States Steel Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Case No. 05-44481 |
| | : | |
| DELPHI CORPORATION, et al. | : | |
| | : | |
| Debtors. | : | |

**UNITED STATES STEEL CORPORATION'S SUPPLEMENTAL RESPONSE
TO DEBTORS' NINETEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIM,
AND (D) CLAIMS SUBJECT TO MODIFICATION, TAX CLAIMS SUBJECT TO
MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND
CONSENSUALLY MODIFIED AND REDUCED CLAIMS
<u>(UNITED STATES STEEL CORP./SPCP GROUP L.L.C CLAIM NO. 8657)</u>**

United States Steel Corporation ("US Steel"), for its supplemental response (the

"Supplemental Response") to the Debtors' Nineteenth Omnibus Objection (Substantive)

Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently

Documented Claims, (B) Claims not Reflected on Debtors' Books and Records, (C)

Untimely Claims, and (D) Claims subject to Modification, Tax Claims Subject to

Modification, Modified Claims Asserting Reclamation and Consensually Modified and

Reduced Claims (the "Nineteenth Omnibus Claims Objection")(Doc. No. 8617) and

{W1166094.1}

specifically to the Debtors' Statement of Disputed Issues With Respect to Proof of Claim Number 8657 (United States Steel Corp./SPCP Group L.L.C. (the "Debtors' Statement") (Doc. No. 11238), states as follows:

## Background

1.  This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code. This matter presents a core proceeding pursuant to Section 157(b)(2) of Title 28. Venue in this Court of the proceeding initiated by the Nineteenth Omnibus Claims Objection is appropriate pursuant to Section 1409 of Title 28.

2.  On June 27, 2006, US Steel timely filed its proof of claim in the case of Debtor Delphi Corporation (Case No. 05-44481), asserting a nonpriority unsecured claim against Debtor Delphi Corporation for goods sold and delivered totaling $399,548 (the "USS Claim").

3.  On July 13, 2007, the Debtors filed the Nineteenth Omnibus Claims Objection. The Nineteenth Omnibus Claims Objection includes the USS Claim among the claims placed in the category of "Claims Subject to Modification". The Nineteenth Omnibus Claims Objection alleges that the USS Claim was filed against the wrong debtor and that it is overstated and should be reduced from $399,548 to $32,760.10.

4.  On August 7, 2007, US Steel filed its initial response (Doc. No. 8912) to the Nineteenth Omnibus Claims Objection, acknowledging that the USS Claim was filed against the wrong debtor and agreeing that it should be reclassified and allowed as a claim against Debtor Delphi Automotive Systems LLC (Case No. 05-44640), but disputing that its claim is overstated and should be reduced.

**Disputed Issues**

5.      The Debtors' Statement delineates 5 different bases for disputing portions of the USS Claim.  US Steel will address each of these in the order that they are addressed in the Debtors' Statement herein.

Invoices Debtors assert have already been paid

6.      The Debtors' first basis for disputing the USS Claim relates to US Steel invoices totaling $6,101.35 which the Debtors assert have been paid.  US Steel believes that the Debtors' books and records may reflect payment of similar invoices but not the invoices in question that are included in the USS Claim.  US Steel shipper numbers represent unique loads and vehicles.  Thus, further information on shipment reference is needed from the Debtors to match payments with invoices.  The Debtors may have paid invoices to US Steel in similar amounts.  However, they did not pay the invoices that are included as a part of the USS Claim.

Invoices Debtors Assert Lack Proof of Delivery

7.      The Debtors' second basis for disputing the USS Claim relates to US Steel invoices totaling $226,416.57 to which the Debtors object on the alleged basis that there is no signed Proof of Delivery ("POD") for the product covered in the invoices. These invoices are identified in paragraph 8 of the Debtors Statement.  US Steel's books and records, which are kept in the ordinary course of business and are reliable and in fact relied upon by US Steel in operating its business, confirm that the product was delivered (except for certain types of stock transfers) and invoiced to Debtors and that the invoices have not been paid.  The Debtors' mere assertion that no signed POD

exists does not rebut the presumption of the validity of the USS Claim. Further, Delphi never required signed POD's prior to payment of an invoice in its course of dealing with US Steel. The Debtors' reference to their General Terms and Conditions requiring the providing of shipping receipt prior to invoice payment is "form over substance" as it was not the practice between these parties.

8. US Steel's records show that the product referenced in the invoices was ordered by the Debtors. US Steel in good faith produced the product ordered and arranged for its delivery. US Steel can confirm delivery of product through one or more methods, including its own books and records, POD's, third party processor numbers, and shippers' records, as explained more fully in the affidavits to be filed in support of this Supplemental Response.

<u>Invoices for Product Shipped to Eagle Steel</u>

9. Debtors' third basis for disputing the USS Claim relates to US Steel invoices totaling $131,003.67 for steel products that were (on the basis indicated below) delivered by US Steel to third parties, primarily Eagle Steel. The Debtors assert that the amounts owed to US Steel for these shipments were paid instead to the third parties.

10. In accordance with US Steel's contractual arrangement with the Debtors, all steel product invoiced by US Steel to Debtors (including the product covered by the invoices in question) was supplied on a "sold-to Delphi" basis, such that a sale of such invoiced products was made to the Debtors who were (and remain) legally obligated to pay US Steel. However, virtually all of the steel product that US Steel sold and invoiced to the Debtors was --pursuant to the Debtors' directions -- shipped directly to the Debtors' third party processors. Thus, on the basis described above, US Steel shipped

the steel product to third party processors pursuant to the Debtors' directions. Consistent therewith, the Debtors' third party processors would typically process/convert such steel product into processed parts which they supplied to the Debtors and (in turn) invoiced the Debtors for the processing fees involved.

        11.    The Debtors allegedly made payment of the US Steel invoices in question to such third party processors. However, contrary to such allegations, US Steel never received payments on the Debtors' behalf from the third party processors for the steel product covered by the invoices in question or on any other invoices. Even if the Debtors made payments to the third party processors in amounts sufficient to cover both the third party's processing fees and the amounts invoiced and owed by the Debtors to US Steel for the steel product, the invoiced amounts owed by the Debtors to US Steel were never remitted to US Steel by the third party processors. However, US Steel considers the scenario alleged by the Debtors to be very unlikely because such payments would be (i) inconsistent with the history/basis of the Debtors' payment to US Steel for invoiced product, and (ii) inconsistent with the Debtors' contractual arrangement with US Steel. It is more likely and in fact probable that the amounts paid by the Debtors to their third party processors were for the third party processing fees only. Furthermore, all US Steel's invoices to the Debtors contained specific "remit to" instructions clearly providing for payment thereof directly to US Steel. US Steel never authorized Debtors to remit payment to any third parties. Thus, the unpaid invoices in question constitute a valid part of the USS Claim.

Invoices including Freight Price and Surcharge

12.     The Debtors' fourth basis for disputing the USS Claim relates to freight price and surcharge amounts totaling $3,266.98 in two US Steel invoices (161-207361 and 170-431827) which Debtors allege are inappropriate.  (It appears from US Steel's records that the first invoice to which the Debtors are referring is actually 161-20736T.)  Freight and surcharge costs are typically included in a customer's invoices and paid by the customer.  This certainly was the case with the Debtors.  The Debtors paid these costs on other invoices from US Steel.  It is unclear why the Debtors chose to seek to deduct these amounts from these particular invoices.  In any event, US Steel disagrees that these amounts should be deducted from these invoices which the Debtors otherwise agree remain a valid part of the USS Claim.

Invoice Totals

13.     Finally, Debtors assert that the invoices attached to the USS Claim total $.67 less than asserted on the total included on the claim form.  Actually the invoices total $.67 more than the total included on the claim form.  US Steel rounded its claim down by $.67 when filed.

## Applicable Legal Authority

14.     US Steel's properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the USS Claim.  Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.  Debtors bear the burden of producing sufficient evidence to rebut the presumption of validity by refuting one or more of the facts set forth in the proof of claim.  *See, e.g. In re Friedman*, 184 B.R. 883 (Bankr. N.D. N.Y.

1994); *Prima Familinstifung v. Askin*, 130 F.Supp. 2d 450, 540 (S.D. N.Y. 2001); *In re St. Johnsbury Trucking Co., Inc.,* 206 B.R. 318, 323 (Bankr. S.D. N.Y. 1997); *In re Kline Engineering, P.C.,* 232 B.R. 579, 582 (Bankr. E.D. N.Y. 1999); *In the Matter of Southland Corp.,* 160 F.3d 1054, 1059 (5th Cir. 1998).  The Nineteenth Omnibus Claims Objection and the Debtors' Statement provide no facts sufficient to rebut the presumption of validity of the USS Claim.  The US Steel Claim is based on information contained in its books and records which are kept in the ordinary course of business and are reliable and is supported by other evidence.  Further, the Debtors and US Steel had a substantial history of transacting business for several years prior to the filing of the Debtors bankruptcy and had an established course of dealing upon which US Steel's claim is also based.

## Reservation of Rights

15.    This Supplemental Response is submitted pursuant to paragraph 9(e) and 9(k) of the Claims Objection Procedures Order as defined in the Debtors' Statement. Consistent therewith, US Steel reserves its right to amend this Supplemental Response. Further, pursuant to agreement of counsel and paragraph 9(k) of the Claims Objection Procedures Order, US Steel reserves its right to file supporting affidavits or declarations in support of the Supplemental Response,  which may include documentary evidence attached thereto, on or before January 4, 2008,  or such later date as subsequently agreed upon by counsel.

WHEREFORE, US Steel requests  that the Court enter an order (a) reclassifying the USS Claim as a claim against Debtor Delphi Automotive Systems LLC, (b) allowing the USS Claim as reclassified against Debtor Delphi Automotive

Systems LLC in the amount of $399,548, (c) denying the Nineteenth Omnibus Claims Objection except as granted herein with respect to reclassification, and (d) granting such other and further relief as is just.

Dated: January 2, 2008

Respectfully submitted,

/s/Richard L. Ferrell
Timothy J. Hurley (OH Bar #0006458)
hurley@taftlaw.com
Richard L. Ferrell (OH Bar #0063176)
ferrell@taftlaw.com
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Ste. 1800
Cincinnati, Ohio 45240
(513) 381-2838 (Telephone)
(513) 381-0205 (Fax)

Attorneys for United States Steel Corporation

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that a copy of the foregoing was served, via electronic mail, overnight mail or facsimile on this 21st day of December, 2007 on the following:

| | |
|---|---|
| Delphi Corporation<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, MI 48098 | Skadden, Arps, Slate, Meager & Flom LLP<br>Attn: John Wm. Butler, Jr.<br>jbutler@skadden.com<br>Attn: Lisa Diaz<br>ldiaz@skadden.com<br>Attn: Melissa Kahn<br>mkahn@skadden.com |
| Togut, Segal & Segal, LLP<br>Attn: Neil Berger<br>nberger@teamtogut.com<br>Attn: Tally Wiener<br>twiener@teamtogut.com | |
| David Kennedy, Esq.<br>david.kennedy2@usdoj.gov | |

                                                             /s/Richard L. Ferrell