**Hearing Date:  January 31, 2008**
          **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                                  :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
                                            :
                 Debtors.   :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        DEBTORS' SUPPLEMENTAL REPLY WITH
    RESPECT TO PROOF OF CLAIM NUMBER 16612
      (METALFORMING TECHNOLOGIES, INC.)

("SUPPLEMENTAL REPLY – METALFORMING TECHNOLOGIES, INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 16612 (Metalforming Technologies, Inc.) (the "Supplemental Reply") and respectfully represent as follows:

Preliminary Statement

1.　　Prior to October 8, 2005, the date the Debtors filed their bankruptcy petitions (the "Petition Date"), DAS LLC purchased goods from Metalforming Technologies, Inc. ("MTI"). On July 10, 2006, MTI filed proof of claim number 16612 (the "Proof of Claim") against Delphi asserting an unsecured non-priority claim in the amount of $257,482.41 for amounts allegedly outstanding with respect to the supply of such goods ("Claim 16612").[1]

2.　　On July 13, 2007, the Debtors objected to Claim 16612 pursuant to the Debtors' Eighteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate Or Amended Claims (Docket No. 8616) (the "Eighteenth Omnibus Claims Objection").

3.　　On August 13, 2007, MTI filed Metalforming Technologies, Inc.'s Response To Debtors' Eighteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. §

---

[1]　Claim 16612 purports to amend proof of claim number 9190, which was filed by MTI against Delphi in the amount of $315,746.36 ("Claim 9190" and, together with Claim 16612, the "Claims"). In an effort to reach a resolution of the Claims, the Debtors have agreed to treat Claim 16612 as a valid amendment of Claim 9190. Thus, Claim 9190 should be disallowed and expunged in its entirety as duplicative of Claim 16612, and the Debtors reserve their rights with respect to Claim 9190, including, but not limited to, their right to re-object to Claim 9190. In addition, the Debtors maintain their objection to Claim 16612 for the reasons set forth in this Supplemental Reply.

502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate Or Amended Claims (Docket No. 9042) (the "Response").[2]

4. MTI has failed to adequately support its claim and establish that the Debtors owe an outstanding liability to MTI in the amount asserted in the Proof of Claim.[3]

Argument

5. MTI has failed to provide sufficient evidence to support its claim. The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong

---

[2] The Debtors note that MTI has not filed a supplemental response to the Eighteenth Omnibus Claims Objection. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (the "Claims Objection Procedures Order"), the deadline for MTI to file a supplemental response was December 17, 2007.

[3] On October 24, 2005, MTI submitted a demand to the Debtors asserting a reclamation claim in the amount of $307,193.64 arising from the alleged supply of goods prior to the Petition Date (the "Reclamation Demand"). On February 21, 2006, the Debtors sent a statement of reclamation to MTI (the "Statement of Reclamation") with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $13,755.27 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid. MTI failed to respond to the Statement of Reclamation. Thus, pursuant to the Amended Final Reclamation Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment Of Reclamation Claims entered by the Court on November 4, 2005 (Docket No. 881), MTI has been deemed to have consented to the amount set forth in the Statement of Reclamation, subject to the Reserved Defenses.

Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case). Even if the allegations in the Proof of Claim were sufficient to make a prima facie claim, the Debtors have rebutted that claim by providing specific evidence refuting the validity of Claim 16612. To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the claim's legal sufficiency." In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, *4 (Bankr. S.D.N.Y. 2005) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir.1992)). Here, the Debtors have refuted the allegations that are essential to Claim 16612. The burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence . . . . The burden of persuasion is always on the claimant." Id. MTI has not met that burden.

      6.     MTI asserts in the Proof of Claim that Delphi owes MTI a total of $257,482.41 for goods sold. See Proof of Claim. However, because MTI has failed to file a supplemental response or any affidavits or declarations of witnesses, MTI has presented no evidence to support Claim 16612. By contrast, the Debtors' reconciliation process, as reflected in the declaration of Dean Unrue, the Debtors' claims administrator, reflects a deliberative and methodical attempt to reconcile every one of the many invoices attached to MIT's Proof of Claim. See Decl. Of Dean Unrue In Supp. Of Debtors' Supplemental Reply (the "Unrue Decl.").[4]

---

[4] The Debtors also expressly incorporate their entire Statement of Disputed Issues With Respect To Proof Of Claim Number 16612 (Metalforming Technologies, Inc.) into this Supplemental Reply.

4

7. The Debtors' books and records reflect that as of the Petition Date, DAS LLC owed $55,620.35 to MTI.[5] Unrue Decl. ¶ 15. The Debtors cross-referenced the amounts and invoices referenced in the Proof of Claim with the Debtors' books and records and noted that $18,663.41 of the alleged unpaid invoices included in the Proof of Claim already had been paid. Id. ¶¶ 5-10. With respect to the remaining $238,819.00 of invoices included in the Proof of Claim, MTI has not provided sufficient documentation, including, in certain instances, invoice copies, proofs of delivery,[6] and/or purchase order numbers, to support that DAS LLC owes such amounts.[7] Id. ¶¶ 11-12. Because DAS LLC has no record of receiving the goods associated with these invoices, $238,819.00 should be subtracted from the amount of Claim 16612, which would reduce the amount of the claim to $0.00.

8. However, as noted above, DAS LLC's books and records reflect that, as of the Petition Date, $55,620.35 was due and owing to MTI. Id. ¶ 15. Accordingly, the Debtors concluded that Claim 16612 should be limited to that amount.

9. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

---

[5] Although Claim 16612 was filed against Delphi, the Debtors believe that any liability with respect to Claim 16612 lies with DAS LLC, not Delphi. See Unrue Decl. ¶ 14. Thus the Debtors dispute that Delphi owes any liability to MTI with respect to Claim 16612, and believe that, to the extent Claim 16612 is allowed, in whole or in part, it should be allowed against DAS LLC.

[6] Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions, § 2.1.

[7] As part of settlement negotiations, MTI has provided some documentation requested by the Debtors with respect to some of the $238,819.00 of invoices. However, as of the date of the filing of this Supplemental Reply, the Debtors have been unable to verify that any amounts contained in these invoices are due and owing.

5

| MTI's Asserted Amount | | $257,482.41 |
|---|---|---|
| Modifications | Paid Invoices | ($18,663.41) |
| | Invoices With Insufficient Documentation | ($238,819.00) |
| | DAS LLC's Books And Records | $55,620.35[8] |
| Reconciled Amount | | $55,620.35 |

10.    MTI failed to present any evidence demonstrating that Delphi or DAS LLC owe the amounts listed in the invoices attached to the Proof of Claim. By contrast, the Debtors carefully considered and reviewed each invoice and determined that it likely owes no more than $55,620.35 for the invoices that MTI believes were due but not paid.

11.    For all the reasons discussed above, neither Delphi nor DAS LLC are liable to MTI for the full amount asserted in the Proof of Claim and Claim 16612 should be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $55,620.35, subject to (i) MTI's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $13,755.27 of Claim 16612 on the grounds that MTI has a valid reclamation claim in the amount of $13,755.27 and (ii) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid.

### Memorandum of Law

12.    Because the legal points and authorities upon which this Supplemental Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the

---

[8] As noted above, $55,620.35 is being added back into the amount of the Claim because this is the amount reflected on the Debtors' books and records.

service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing Claim 16612 to a general unsecured non-priority claim against the estate of DAS LLC in an amount not to exceed $55,620.35, subject to (y) MTI's right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $13,755.27 of Claim 16612 on the grounds that MTI has a valid reclamation claim in the amount of $13,755.27 and (z) the Debtors' right to seek, at any time, a judicial determination that the Reserved Defenses are valid and (b) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         January 2, 2008

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                    By:   /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr. (JB 4711)
                        Albert L. Hogan, III (AH 8807)
                        John K. Lyons (JL 9331)
                        Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                      - and -

                    By:   /s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession