**Hearing Date:  January 31, 2008**
                                            **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
    In re                                 :        Chapter 11
                                         :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                         :
                    Debtors.      :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

           DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
   PROOF OF CLAIM NUMBER 10770 (INTESYS TECHNOLOGIES, INC.)

           ("SUPPLEMENTAL REPLY – (INTESYS TECHNOLOGIES, INC.)")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 10770 filed by InteSys Technologies, Inc. ("InteSys") (the "Supplemental Reply") and respectfully represent as follows:

Background

1. Prior to the filing of the Debtors' bankruptcy petitions on October 8, 2005, Delphi issued purchase orders (the "Purchase Orders") to InteSys for the purchase of pivots, modules, and other electrical goods. On July 25, 2006, InteSys filed proof of claim number 10770 (the "Proof of Claim") against Delphi asserting an unsecured non-priority claim in the amount of $511,037.71 for amounts allegedly outstanding under the Purchase Order (the "Claim") for goods manufactured by InteSys.

2. On May 22, 2007, the Debtors objected to the Proof pursuant to the Debtors' Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

3. On June 12, 2007, InteSys filed its Response Of InteSys Technologies, Inc. To Debtors' Objection To Claim No. 10770 (Docket No. 8224) (the "Response").

4. On December 4, 2007, the Debtors filed their Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 10770 filed by InteSys Technologies, Inc. ("InteSys") (Docket No. 11269).

2

    5.  On December 17, 2007, InteSys filed its Supplemental Response of InteSys Technologies, Inc. ("InteSys") to Debtors' Statement of Disputed Issues with Respect to Proof of Claim Number 10770 (InteSys Technologies, Inc.) (Docket No. 11491).[1]

    6.  InteSys has failed to adequately support its claim and establish that the Debtors owe an outstanding liability to InteSys in the amount asserted in the Proof of Claim.

Argument

    7.  InteSys has failed to provide sufficient evidence to support its claim that the Debtors owe it $511,037.71 for goods allegedly sold to the Debtors. The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) . In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima

---

[1]  InteSys only submitted one witness declaration and did not identify any other specific witness. Therefore, the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) bars InteSys from adding other witnesses at a later date.

facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).  Even if the allegations in the Proof of Claim were sufficient to make a prima facie claim, the Debtors have rebutted that claim by providing specific evidence refuting the validity of the Claim.  To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the claim's legal sufficiency."  In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, *4 (Bankr. S.D.N.Y. 2005) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir.1992)).  Here, the Debtors have refuted the allegations that are essential to the Claim pursuant to the Declaration of Dean Unrue In Support Of Debtors' Supplemental Reply (the "Unrue Decl."). The burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.... The burden of persuasion is always on the claimant." Id.  Here, InteSys has not met that burden.

8. InteSys asserts in the Proof of Claim that Delphi owes InteSys a total of $511,037.71 for goods sold.  In support of the Claim, InteSys has presented copies of invoices without evidence that the goods described on the invoices were delivered to Delphi.  By contrast, the Debtors' reconciliation process, as reflected in the declaration of Dean Unrue, the Debtors' claims administrator reflects a deliberative and methodical attempt to reconcile every one of the many invoices attached to InteSys's Proof of Claim.  Unrue Decl.[2]

9. First, the Debtors' cross referenced the amounts and purchase orders referenced with the Proof of Claim with the Debtors books and records.  Unrue Decl. ¶ 8.  The Debtors noted that $156,790.72 of the alleged unpaid invoices already had been paid. Id. ¶ 10.

---

[2]   The Debtors also expressly incorporate their entire Statement of Disputed Issues into this Supplemental Reply.

4

10. Second, InteSys claimed $399,613.88 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions, § 2.1, a copy of which is attached hereto as Exhibit A.

11. InteSys has not provided proofs of delivery with respect to the goods associated with Purchase Order Nos. 550036552, 550037922, P3220080, and P3220125. InteSys asserts that the invoices it attached to its Claim should be sufficient to assert the validity of its claim. InteSys' reliance on this assertion is in error because an invoice is only an itemized list of goods shipped to a buyer, stating facts such as quantities, prices, and shipping charges and thus is not sufficient to constitute proof of delivery. A proof of delivery is the receipt signed by the buyer upon delivery and is of greater probative value as to whether goods were actually received by the Debtors. As part of DAS LLC's ordinary course business practices, goods are recorded in the accounts payable system when they are received and a signed proof of delivery is provided. DAS LLC's accounts payable system do not reflect the receipt of these goods.

12. As shown by the evidence presented by the Debtors in the Unrue Decl., the Debtors have refuted at least one of the allegations that is essential to the Claim's legal sufficiency. Accordingly, the burden reverts back to InteSys to prove the validity of its Claim by a preponderance of the evidence. In re Allegheny, 954 F.2d at 173-74. Because InteSys has not shown such a preponderance of the evidence, the $399,613.88 asserted with respect to Purchase

5

Order Nos. 550036552, 550037922, P3220080, and P3220125, should not be included in the claim.[3]

13.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| InteSys' Asserted Amount | | $511,037.71 |
|---|---|---|
| Modifications | Invoices Without Proof of Delivery | ($399,613.88) |
| | Invoices Previously Paid | ($156,790.72) |
| | Credits Applied | 45,366.89 |
| Reconciled Amount | | $0 |

14.    InteSys failed to present any compelling evidence demonstrating that Delphi breached any of the purchase orders related to the invoices InteSys attached to its Proof of Claim.

15.    For all the reasons discussed above, the Debtors are not liable to InteSys and the Claim should be disallowed and expunged in its entirety.

### Memorandum of Law

16.    Because the legal points and authorities upon which this Supplemental Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local

---

[3]    Upon further examination of its books and records, Delphi determined that a total credit in the amount of $45,366.89 should be added back to the claim with respect to invoice numbers 81399, 81400, 81400, 814001, 814002, and 84101, as described in the Statement of Disputed Issues.

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim and (b) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
    January 2, 2008

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 9331)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

By:  /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

7