**Hearing Date and Time: January 10, 2008 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
          In re                                                  :    Chapter 11
                                                                 :
DELPHI CORPORATION, et al.,                                      :    Case No. 05-44481 (RDD)
                                                                 :
                              Debtor.                            :    (Jointly Administered)
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO SAMSUNG ELECTRO-MECHANICS CO., LTD.'S MOTION TO
RECONSIDER ORDER EXPUNGING CLAIM NO. 16485

("OBJECTION TO SAMSUNG ELECTRO-MECHANICS CO., LTD.'S MOTION TO RECONSIDER")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to rule 60 of the Federal Rules Of Civil Procedure (the "Federal Rules"), made applicable by rule 9024 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Bankruptcy Rule 3008, to the Motion To Reconsider Order Expunging Claim No. 16485 (Docket No. 10985) (the "Motion to Reconsider") filed by Samsung Electro-Mechanics Co., Ltd. ("Samsung"). In support of this Objection the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

1.    Samsung seeks reconsideration of a final order expunging its untimely-filed claim on the grounds that (a) it never received notice of the commencement of the Debtors' chapter 11 case, (b) it was not in a position to know about the Debtors' chapter 11 proceeding on a real time basis, and (c) it allegedly filed its untimely claim as soon as it became aware of the bankruptcy proceeding on January 13, 2007. These assertions are without merit and have no bearing on Samsung's failure to file a response to the Debtors' objection to its claim.

2.    The Debtors have submitted sworn testimony from Kurtzman Carson Consulting LLC ("KCC"), the claims and noticing agent in these cases (the "Claims Agent"), that the personalized notices regarding proof of claim number 16485 (the "Proof of Claim") and the order expunging the Proof of Claim were sent to the address provided in the Proof of Claim, creating a "very strong" presumption that such notice of objection was delivered. In its Motion to Reconsider, Samsung does not confirm or deny its receipt of the objection to its claim and the order expunging its Proof of Claim. Consequently, Samsung has not rebutted the presumption of delivery.

2

3.      Because Samsung did file an untimely claim on January 22, 2007, their argument denying receipt of the Bar Date Notice or the Notice of Commencement is moot. Procedurally, Samsung's claim was expunged, not because they filed an untimely claim, but because they failed to respond to the Debtors' objection to its Proof of Claim – a failure for which it does not plead excusable neglect.  Accordingly, the Motion to Reconsider should be denied.

4.      On March 16, 2007, the Debtors filed the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301) (the "Eleventh Omnibus Claims Objection").  In the Eleventh Omnibus Claims Objection, the Debtors sought to disallow, among others, the Proof of Claim.  Notice of the Eleventh Omnibus Claims Objection was mailed to the address provided on the Proof of Claim.

5.      Samsung did not file a response to the Eleventh Omnibus Claims Objection for its Proof of Claim.  On April 23, 2007, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification Identified In Eleventh Omnibus Claims Objection (Docket No. 7771) (the "Order"), which expunged the Proof of Claim.  Notice of the Order was also mailed to the address provided on Samsung's untimely filed Proof of Claim.

6.      By the Motion to Reconsider, Samsung requests that this Court reconsider the Order with respect to the disallowance and expungement of the Proof of Claim.  Samsung appears to allege that it did not receive personalized notice of the commencement of the Debtors' chapter 11 case or the July 31, 2006 bar date.  Samsung asserts that it filed its Proof of Claim on

3

January 13, 2007, "as soon as it became aware of the proceeding."  Samsung Motion at 1.

Samsung does not appear to deny that it received service of personalized notice of the Eleventh

Omnibus Claims Objection.

       7.     Samsung's assertions bare no relevance to Samsung's failure to file a

timely response to the Eleventh Omnibus Claims.  Samsung is presumed to have received notice

of the Eleventh Omnibus Claims Objection because it was mailed, in accordance with office

procedures, to the address provided by Samsung on the Proof of Claim.

<u>Argument</u>

A.     <u>Samsung Was Properly Served With And Is Presumed To Have Received The Eleventh
Omnibus Claims Objection And Personalized Notice</u>

(i)     <u>A Proper Mailing Constitutes Effective Service</u>

       8.     On March 16, 2007, the Debtors' claims agent, KCC, served copies of the

Eleventh Omnibus Claims Objection (without exhibits)[1], the Personalized Notice, and the Order

Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain

Notices And Procedures Governing Objections to Claims, entered December 7, 2007 (Docket No.

6089) (the "Claims Objection Procedures Order").  These documents were served by KCC on

Samsung by First Class mail at the address below, which is the address set forth on the Samsung

Proof of Claim.[2]

     Samsung Electro Mechanics Co. Ltd.
     314 Maetan 3 Dong Teontong Gu
     Suwon SI 443-743

---

[1]    The Personalized Notice provides, "If you wish to view the complete exhibits to the Eleventh Omnibus Claims
Objection, you can do so at www.delphidocket.com." (Personalized Notice at 3).

Korea

9.      On March 23, 2007, KCC filed with this Court an Affidavit Of Service
with respect to KCC's service of the Eleventh Omnibus Claims Objection and the Specialized
Personalized Notice (Docket No. 7408).

10.      Courts uniformly presume that an addressee receives a properly mailed
item when the sender presents proof that it properly addressed, stamped, and deposited the item
in the mail. See In re R.H. Macy Co., Inc., 161 BR 355, citing Hagner v. United States, 285 U.S.
427, 430 (1932) ("the rule is well settled that proof that a letter properly directed was placed in a
post office creates a presumption that it reached its destination in usual time and was actually
received by the person to whom it was addressed"); see also Leon v. Murphy, 988 F.2d 303, 309
(2d Cir.1993) (finding, under New York law, that when sender "presents proof of office
procedure followed in a regular course of business, and these procedures establish that the
required notice has been properly addressed and mailed," a presumption of receipt arises).

11.      The Debtors provided timely, proper, and sufficient notice of the Eleventh
Omnibus Claims Objection by mailing a personalized notice of the Eleventh Omnibus Claims
Objection to Samsung 30 days prior to the hearing on the objection at the address provided on
the Samsung Proof of Claim.

12.      Service of the Eleventh Omnibus Objection at the address contained
within the Proof of Claim is proper service under Fed. R. Bankr. P. 7004(b)(3).  See e.g., In re
Ms. Interpret, 222 B.R. 409, 415 (Bankr. S.D. N.Y. 1998) ("[I]t is evident that a party may not
sign a proof of claim and then assert that it did not want its notices to be sent to the address
contained within the proof of claim."); In re Cruisephone, Inc., 278 B.R. 325, 332 (Bankr. E.D.
N.Y. 2002) ("There is ample authority for the proposition that service of process to the address
designated in a proof of claim constitutes proper service under Bankruptcy Rule 7004(b)(3)."); In

re Outlet Dep't Stores, Inc., 49 B.R. 536, 540 (Bankr. S.D. N.Y. 1985) (when a party effectuates

service at an address listed in a proof of claim, due process is achieved).

> (ii)    Samsung Has Failed To Rebut The Presumption That
> Service Was Proper

13.    In its Motion to Reconsider, Samsung does not even appear to deny that it

received the Samsung Personalized Notice, much less rebut the presumption of delivery.

Samsung has failed to present any objective evidence that the Samsung Personalized Notice (a)

was not mailed, (b) was mailed to an inaccurate address, or (c) was returned as undeliverable.

14.    "While the presumption is a rebuttable one, it is a very strong presumption

and can only be rebutted by specific facts and not by invoking another presumption and not by a

mere affidavit to the contrary". In re Dana Corp.,  No. 06-10354, 2007 WL 1577763, *3 (Bankr.

S.D.N.Y. 2007) (emphasis added);  See Hagner v. U.S., 285 U.S. 427, 430 (1932) ("proof that a

letter properly directed was placed in a post office creates a presumption that it reached its

destination in usual time and was actually received by the person to whom it was addressed"); In

re Mid-Miami Diagnostics, L.L.P., 195 B.R. 20, 22 -23 (Bankr. S.D.N.Y. 1996) ("A creditor's

denial of receipt, standing alone, does not rebut the presumption that the mail was received, but

merely creates a question of fact.").

15.    "The presumption can only be overcome by clear and convincing evidence

that the mailing was not, in fact, accomplished." Moody v. Bucknum, 951 F.2d 204, 207 (9th

Cir.1991).   As Judge Lifland noted and cited in the In re Dana Corp.:

> "Evidence of an objective nature going beyond the claimant's statement
> of non-receipt is necessary. CUNA Mutual Ins. Group v. Williams, 185
> B.R. 598, 600 (9th Cir.BAP1995) (evidence of business routine
> regarding receipt of mail not sufficient; more positive evidence such as
> testimony of a clerk's office employee that notice was not sent or proof
> that none of the listed creditors received notice or that the mail was
> returned unclaimed.); In re Chicago P'ship Bd., Inc., 236 B.R. 249, 256
> (Bankr.N.D.Ill.1999) (the presumption that the addressee of a properly

6

addressed and mailed notice receives that notice may be rebutted by "direct" and "substantial" evidence); <u>Ms. Interpret v. Rawe Druck-Und-Veredlungs-GMBH</u>, 222 B.R. 409, 413 (Bankr.S.D.N.Y.1998) (a party must do more than merely assert that it did not receive the mailing; its testimony or affidavit of non-receipt is insufficient, standing alone, to rebut the presumption.); <u>Dependable Insurance Co. v. Horton</u>, 149 B.R. 49, 58 (Bankr.S.D.N.Y.1992) (finding that an addressee did not rebut the presumption of receipt as it did not present evidence that, because of the incomplete address, the postal service could not deliver the notice of bankruptcy to its post office box and further, its affidavits denying receipt, "[stood] merely as general denials" and were insufficient to rebut the presumption); <u>In re STN Enterprises, Inc.</u>, 94 B.R. 329, 335 (Bankr.D.Vt.1988) ("the combination of the facts that the address was only 'slightly incorrect,' the notice was never returned to debtor's attorney as undelivered, and that [the creditor] had received other mailings from debtor's attorney at the incorrect address lead us to conclude that the [creditor received the] notice of the bar date.")."

16.    Samsung bears the burden of rebutting the presumption of receipt of the Samsung Personalized Notice.  <u>Alexander's Inc.</u>, 176 B.R. at 721.  Counsel for Samsung's bare assertion that it did not receive "the notice of Delphi proceeding under Chapter 11" does not overcome the presumption of proper notice nor is it relevant in determining proper notice of the Eleventh Omnibus Claims Objection.  To rebut the presumption of proper service, the claimant must prove that the "regular office procedure was not followed or was carelessly executed so that the presumption that notice was mailed becomes unreasonable."  <u>Id.</u> (citing <u>Meckel v. Continental Resources Co.</u>, 758 F.2d 811, 817 (2d Cir. 1985).  It is established in the Second Circuit that the "mere denial of receipt does not rebut the presumption that notice was properly addressed and mail is received."  <u>Capital Data Corp. v. Capital National Bank</u>, 778 F. Supp. 669, 675-676 (S.D.N.Y. 1991); <u>In re Alexander's Inc.</u>, 176 B.R. 715 , 721 (Bankr. S.D.N.Y. 1995) (stating, "It is black letter law that once an item is properly mailed, the law presumes that it is received by the addressee").

17.     Samsung has not, and cannot, rebut the sworn testimony of KCC that the personalized notice was mailed to Samsung at the address it provided on the Proof of Claim.

18.     Moreover, Samsung failed to submit any affidavits from Yumi Kim, the person listed on the Samsung proof of claim form and to whom the Samsung Personalized Notice was addressed.  Samsung has produced no affiants, let alone affiants who have personal knowledge as to whether Samsung Personalized Notice was received. Samsung offers no evidence to rebut KCC's sworn testimony that KCC properly addressed and mailed the Personalized Notice and it is therefore presumed that such Personalized Notice was delivered.

B.     Samsung Has Not Argued, Much Less Met Its Burden Of Proof, For Establishing Excusable Neglect

19.     Because notice of the Eleventh Omnibus Claims Objection was proper, Samsung is forced to assert excusable neglect.  As this Court has noted, there is some variation in the case law in the Second Circuit as to whether the proper standard for a motion to reconsider is (a) the three-factor analysis set forth in American Alliance Insurance Co., Ltd. v. Eagle Insurance Co. under Section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008 or (b) the four-factor analysis set forth in Pioneer Investment Services Co. vs. Brunswick Associates Limited Partnership under Bankruptcy Rule 9024, which incorporates Federal Rule 60(b) for reconsideration of judgments.  Regardless of which standard applies, Samsung has made no argument whatsoever to establish either excusable neglect or an equitable basis for having the Order reconsidered under either standard.

20.     Because Samsung has put forth no legal or factual basis for why it failed to respond to (i) the Personalized Notice of Objection or (ii) the Personalized Notice of Entry of Order, Samsung has not established a claim for excusable neglect.

8

C.    Granting Samsung's Requested Relief Would Prejudice The Debtors By Undermining The Claims Administration Process

21.    Granting the relief requested by Samsung would excuse it from its obligation to timely respond to the Eleventh Omnibus Claims Objection and would encourage other claimants to seek similar relief, undermining the integrity and finality of the entire claims administration process.  The resulting uncertainty would greatly prejudice the Debtors, their estates, and their creditors and undermine the Debtors' efforts to formulate and prosecute a plan of reorganization.

22.    The Debtors would be prejudiced by the granting Samsung's Motion to Reconsider.  Courts have often looked primarily to concerns about opening the floodgates.  See, e.g., In re Enron Corp., 419 F. 3d 115, 132 (2d Cir. 2005); In re Kmart Corp., 381 F.3d 709, 714 (7th Cir. 2004) (noting that if court allowed all similar untimely-filed claims, "Kmart could easily find itself faced with a mountain of such claims"); Enron Creditors Recovery Corp., __ B.R. __, 2007 WL 1705653, at *10-11 (Bankr. S.D.N.Y. June 13, 2007) ("It can be presumed in a case of this size with tens of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any deluge of motions seeking similar relief would prejudice the Debtors' reorganization process." (citation omitted)); In re Dana Corp. 2007 WL 1577763, *6 (Bankr. S.D.N.Y. 2007) ("the floodgates argument is a viable one").  Although Samsung's claim itself may be only one of thousands, allowing Samsung to prevail may inspire many other similarly situated potential claimants to file similar motions.  Any potential claimant who, by its own error, failed to file a timely response may seek to follow Samsung's lead.  Granting this Motion to Reconsider in this instance may also call into question the Debtors' efforts to enforce response deadlines and orders with respect to the approximately 9,000 claims that have already

been subject to omnibus claims objection orders in these cases.  Accordingly, Samsung's request should be denied.

## Conclusion

23.     Samsung seeks an opportunity to file a response and revive its Claim without having satisfied any of the grounds for reconsideration of the Order pursuant to which its claim was disallowed and expunged.  Relief under either (a) Rule 60(b) or section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008 is not available, and indeed has not been requested by Samsung.  Accordingly, the Motion to Reconsider should be denied.

## Memorandum Of Law

24.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) denying the Motion to Reconsider and (b) granting them such other and further relief as is just.

Dated: New York, New York

      January 3, 2008

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/John Wm. Butler, Jr. _____ .
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and –

By: /s/Kayalyn A. Marafioti_____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession