SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :
         In re                            :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05–44481 (RDD)
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER
COMPROMISING AND ALLOWING PROOFS OF CLAIM
NUMBERS 444, 9110, 9114, 9115, 9116, 9790, 9954, 12697, AND 15446
(CONTRARIAN FUNDS LLC)

       Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Contrarian Funds LLC ("Contrarian") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 444, 9110, 9114, 9115, 9116, 9790, 9954, 12697, And 15446 (Contrarian Funds LLC) and agree and state as follows:

       WHEREAS on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

       WHEREAS, on November 8, 2005, General Pallet, LLC ("General Pallet") filed proof of claim number 444 against Delphi, asserting an unsecured non-priority claim in the amount of $46,469.32 ("Claim 444") stemming from goods delivered prior to the Petition Date.

       WHEREAS, on or about March 5, 2007, General Pallet transferred its interest in Claim 444 to Contrarian.

       WHEREAS, on July 7, 2006, Contrarian, as assignee of Okmetic, Inc., filed proofs of claim numbers 9114 ("Proof of Claim No. 9114") and 9115 ("Proof of Claim No. 9115") against Delphi Automotive Systems LLC ("DAS LLC"). Proof of Claim No. 9114 asserts an unsecured non-priority claim in the amount of $134,050.00 ("Claim 9114") and Proof of Claim No. 9115 asserts an unsecured non-priority claim in the amount of $259,872.00 ("Claim 9115"), both arising from the sale of goods to DAS LLC.

       WHEREAS, also on July 7, 2006, Contrarian, as assignee of Wacker Chemical Corporation, filed proof of claim number 9116 against DAS LLC, asserting an unsecured non-priority claim in the amount of $291,859.33 ("Claim 9116") arising from the sale of goods to

DAS LLC.

WHEREAS, also on July 7, 2006, Contrarian, as assignee of ENA America Inc., filed proof of claim number 9110 against DAS LLC, asserting an unsecured non-priority claim in the amount of $112,891.80 ("Claim 9110") arising from the sale of goods to DAS LLC.

WHEREAS, on July 18, 2006, Contrarian, as assignee of AG Machining & Industries, Inc., filed proof of claim number 9790 against Delphi Medical Systems Colorado Corporation ("Delphi Medical"), asserting an unsecured non-priority claim in the amount of $222,063.43 ("Claim 9790") arising from the sale of goods to Delphi Medical.

WHEREAS, on July 19, 2006, Contrarian, as assignee of Ferro Corporation, filed proof of claim number 9954 against Delphi, asserting an unsecured non-priority claim in the amount of $4,600.00 ("Claim 9954") arising from the sale of goods to Delphi.

WHEREAS, on July 28, 2006, Contrarian, as assignee of Omron Dualtec Automotive Electronics, Inc., filed proof of claim number 12697 against Delphi Mechatronic Systems, Inc. ("Mechatronic"), asserting an unsecured non-priority claim in the amount of $51,720.76 ("Claim 12697") arising from the sale of goods to Mechatronic.

WHEREAS, on July 31, 2006, Photocircuits Corp. ("Photocircuits") filed proof of claim number 15446 against Mechatronic, asserting an unsecured non-priority claim in the amount of $13,221.00 ("Claim 15446," and together with Claim 444, Claim 9110, Claim 9114, Claim 9115, Claim 9116, Claim 9790, Claim 9954, and Claim 12697, the "Claims") arising from the sale of goods to Mechatronic.

WHEREAS, the Debtors objected to Claim 9954 pursuant to the Debtors' Seventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors'

Books And Records, And (C) Untimely Claims (Docket No. 6585) (the "Seventh Omnibus Claims Objection"), which was filed on January 12, 2007, and the Debtors objected to Claims 444, 9110, 9114, 9115, 9116, 9790, 12697, and 15446 pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection"), which was filed on February 15, 2007.

WHEREAS, on February 7, 2007, Contrarian filed its Response Of Contrarian Funds LLC, As Assignee To Ferro Corporation, To Debtor's Seventh Omnibus Claims Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, And (C) Untimely Claims (Docket No. 6876), and on March 15, 2007, Contrarian filed its Response To Debtors' Eighth And Ninth Omnibus Claims Objections (Docket No. 7276) (together, the "Responses").

WHEREAS, on December 3, 2007, to resolve the Seventh and Ninth Omnibus Claims Objections with respect to the Claims, DAS LLC, Mechatronic, Delphi Medical, and Contrarian entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 444 shall be allowed as a prepetition general unsecured non-priority claim against DAS LLC in the amount of $46,469.32.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9110 shall be allowed as a prepetition general unsecured non-priority claim against DAS LLC in the amount of $112,891.80.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9114 shall be allowed as a prepetition general unsecured non-priority claim against DAS LLC in the amount of $126,674.00.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9115 shall be allowed as a prepetition general unsecured non-priority claim against DAS LLC in the amount of $235,679.69.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9116 shall be allowed as a prepetition general unsecured non-priority claim against DAS LLC in the amount of $290,509.23.

WHEREAS, pursuant to the Settlement Agreement, Delphi Medical agrees that Claim 9790 shall be allowed as a prepetition general unsecured non-priority claim against Delphi Medical in the amount of $222,063.43.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9954 shall be allowed as a prepetition general unsecured non-priority claim against DAS LLC in the amount of $4,600.00.

WHEREAS, pursuant to the Settlement Agreement, Mechatronic acknowledges and agrees that Claim 12697 shall be allowed against Mechatronic in the amount of $51,720.76.

WHEREAS, pursuant to the Settlement Agreement, Mechatronic acknowledges and agrees that Claim 15446 shall be allowed against Mechatronic in the amount of $13,221.00.

WHEREAS, nothing in this Stipulation and Order, including without limitation the recital paragraphs hereof, shall be deemed to conclusively determine that any transfer of any of the Claims constitutes a sale to Contrarian or constitutes an assignment to Contrarian. Notwithstanding anything in this Stipulation and Order to the contrary including, without

limitation, the recital paragraphs hereof, Contrarian expressly reserves the right to characterize any transfer of any of the Claims as a sale to Contrarian or to characterize any transfer of any of the Claims as an assignment to Contrarian and the Debtors expressly reserve the right to contest the same.

WHEREAS, DAS LLC, Mechatronic, and Delphi Medical are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

THEREFORE, the Debtors and Contrarian stipulate and agree as follows:

1. Claim 444 shall be allowed in the amount of $46,469.32 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim 9110 shall be allowed in the amount of $112,891.80 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Claim 9114 shall be allowed in the amount of $126,674.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4. Claim 9115 shall be allowed in the amount of $235,679.69 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

5. Claim 9116 shall be allowed in the amount of $290,509.23 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

6. Claim 9790 shall be allowed in the amount of $222,063.43 and shall be treated as an allowed general unsecured non-priority claim against the estate of Delphi Medical.

7. Claim 9954 shall be allowed in the amount of $4,600.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

8. Claim 12697 shall be allowed in the amount of $51,720.76 and shall be treated as an allowed general unsecured non-priority claim against the estate of Mechatronic.

9. Claim 15446 shall be allowed in the amount of $13,221.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of Mechatronic.

10. The Seventh and Ninth Omnibus Claims Objections and the Responses to the Seventh and Ninth Omnibus Claims Objections are deemed resolved with respect to the Claims.

So Ordered in New York, New York, this 7th day of January, 2008

    /s/Robert D. Drain                       
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Daniel A. Fliman |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606-1285<br>(312) 407-0700 | David S. Rosner<br>Adam L. Shiff<br>Jeffrey R. Gleit<br>Daniel A. Fliman<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN LLP<br>1633 Broadway<br>New York, New York 10019<br>(212) 506-1700<br><br>Attorneys for Contrarian Funds, LLC |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession