IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 05-44481 |
| **DELPHI CORPORATION, <u>et al.</u>,** | § | |
| | § | CHAPTER 11 |
| | § | Jointly Administered |
| DEBTORS | § | |

### OBJECTION TO DEBTORS' FIRST AMENDED
### JOINT PLAN OF REORGANIZATION

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW, **Angelina County, Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, City of El Paso, City of Harlingen, Harlingen CISD, Harris County, City of McAllen, Montague County, Nueces County, City of Pharr, San Benito CISD, City of San Marcos, San Marcos CISD, South Texas College, South Texas ISD, Tarrant County, and Valley View ISD**, secured ad valorem tax creditors of the Debtors (collectively referred to herein as "Taxing Authorities"), and file this Objection to Debtors' First Amended Joint Plan (the "Plan"), as follows:

1. This Objection is made pursuant to 11 U.S.C. § 1129 and Bankruptcy Rule 3020(b).

2. Taxing Authorities are fully secured ad valorem tax creditors of Debtor and the estate, holding unavoidable first priority statutorily perfected liens against property of the estate pursuant to §§ 32.01 and 32.05 of the Texas Property Tax Code. *See In re Winns Stores, Inc.,* 177 B.R. 253 (Bkrtcy. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S. W. 2d 841 (Tex. App.-Eastland 1995). These liens are *in solido* and attach on January 1 of each year to all

personal property of the property owner, and to property subsequently acquired. *In re Universal Seismic Associates, Inc.*, 288 F. 3d 205 (5th Cir. 2002).

3. In addition to their claims for taxes incurred pre-petition, Taxing Authorities have administrative expense claims for ad valorem property taxes incurred for the 2007 and 2008 tax years. The 2007 ad valorem taxes are currently due and payable and will go delinquent after January 31, 2008. Tax liens have attached to Debtors' property for the 2008 ad valorem taxes that may be imposed during the year but such taxes are not yet due. Taxing Authorities object to the confirmation of the Plan because it fails to comply with all the mandatory requirements for confirmation under 11 U.S.C. §§1123 and 1129.

4. Taxing Authorities object to all parts of the Plan which attempt to reduce the Taxing Authorities' claims from that which is allowed by the Texas Property Tax Code. Specifically, Taxing Authorities assert that they are entitled to payment of their pre-petition claims, plus statutory fees and interest thereon from the date of filing until such taxes are paid in full, as required by 11 U.S.C. §§ 506 and 1129 (a) (7). See *In Re Marfin Ready Mix Corp.*, 220 B.R. 148, 153-158 (Bankr. E. D. N. Y. 1998), citing *In re Parr Meadows Racing Association, Inc.*, 880 F. 2d 1540, 1549 (2d Cir. 1989) (county entitled to post-petition interest at statutory rate under §506 (b). Taxing Authorities further object to their pre-petition claims being paid over a period beyond six years from assessment of the taxes made the subject of the Taxing Authorities' claims herein. 11 U.S.C. §1129 (a) (9) (C).

5. Taxing Authorities object to any part of the Plan which attempts to allow for payment of the administrative expense claims owing to Taxing Authorities under any scenario other than in cash and in full on the Plan's Effective Date, as required by 11 U.S.C.

§1129 (a) (9) (A) and the Texas Property Tax Code. Taxing Authorities object to any Plan provision that may require Taxing Authorities to file a formal request for payment of their administrative expense claims inasmuch as such taxes are ordinary course expenses that should be paid as they become due without the need for a formal request for payment. Taxing Authorities object to any portion of the Plan which attempts to limit payment of statutory fees, penalties and interest on the administrative expense claims.

6. Taxing Authorities object to the proposed plan insofar as it allows for more than 60 days from the Effective Date for filing objections to Taxing Authorities' claims. As stated hereinabove, Taxing Authorities' secured claims have priority to all other consensual lien claims in this case. Payments should not be made under the Plan to inferior lien creditors prior to payment of the superior tax lien claims, *see* 11 U.S.C. §1129 (b) (2) (B) (ii), so evaluating whether to pay the Taxing Authorities' claims should be a paramount concern in implementing the terms of the Plan. Taxing Authorities' assert that taking more than sixty (60) days from the still undefined Effective Date is unreasonable and prejudices all creditors in this case. Taxing Authorities' claims should be reviewed and or paid or objected to no later than 60 days from the Plan's Effective Date and any such objection filed should be resolved or a final hearing held on the objection within 60 days after filing of the objection. Further, no extension of the claims objection bar date should be permitted without a motion for such relief, and a hearing and order with respect to such motion.

7. Taxing Authorities each hereby cast a ballot against confirmation of the Plan.

WHEREFORE, Taxing Authorities pray that this Court deny the Confirmation of the proposed Plan in this case and for such other relief as is just and equitable.

Respectfully Submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)


By:  /s/ Diane w. Sanders
    DIANE W. SANDERS
    State Bar No. 16415500
**Attorney for Angelina County, Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, City of El Paso, City of Harlingen, Harlingen CISD, Harris County, City of McAllen, Montague County, Nueces County, City of Pharr, San Benito CISD, City of San Marcos, San Marcos CISD, South Texas College, South Texas ISD, Tarrant County, and Valley View ISD, Texas Taxing Jurisdictions**

# **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Objection to Chapter 11 Plan of Reorganization has been served by electronic or first class mail on the parties listed below on this 7th day of January, 2008.

Honorable Robert D. Drain
U.S. Bankruptcy Judge
One Bowling Green
Room 632
New York, New York 10004
**US BANKRUPTCY JUDGE**

Delphi Corporation, et al
Attn:  General Counsel
5725 Delphi Drive
Troy, Michigan 48098
**DEBTOR**

Skadden, Arps, Slate, Meagher & Flom LLP
Attn:  John Wm. Butler, Jr.
333 West Wacker Dr., Ste 2100
Chicago, Illinois 60606
**COUNSEL TO DEBTORS**

Davis Polk & Wardwell
Attn:  Donald Bernstein &
Brian Resnick
450 Lexington Avenue
New York, New York 10017
**COUNSEL FOR THE AGENT UNDER**
**THE POSTPETITION CREDIT FACILITY**

Latham & Watkins LLP
Attn:  Robert J. Rosenberg &
Mark A. Broude
885 Third Avenue
New York, New York 10022
**COUNSEL FOR THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS**

Fried, Frank, Harris, Shriver & Jacobson LLP
Attn:  Bonnie Steingart
One New York Plaza
New York, New York 10004
**COUNSEL FOR THE OFFICIAL COMMITTEE**
**OF EQUITY SECURITY HOLDERS**

Appaloosa Management L.P.
White & Case LLP
Attn: Thomas E. Lauria
Wachovia Financial Center
200 South Biscayne Blvd.
Suite 4900
Miami, Florida 33131

White & Case LLP
Attn: Glenn M. Kurtz &
Gregory Pryor
1155 Avenue of the Americas
New York, New York 10036
**COUNSEL FOR A-D ACQUISITION HOLDINGS, LLC**

White & Case LLP
Attn: Thomas E. Lauria
Wachovia Financial Center
200 South Biscayne Blvd.
Suite 4900
Miami, Florida 33131

White & Case LLP
Attn: John M. Reiss &
Gregory Pryor
1155 Avenue of the Americas
New York, New York 10036
**COUNSEL FOR HARBINGER DEL-AUTO
INVESTMENT COMPANY, LTD.**

Weil, Gotshal & Manges LLP
Attn: Jeffrey L. Tanenbaum,
Michael P. Kessler & Robert J. Lemons
767 Fifth Avenue
New York, New York 10153
**COUNSEL FOR GENERAL MOTORS CORPORATION**

Office of the U.S. Trustee
Southern District of New York
Attn: Alicia M. Leonhard
33 Whitehall Street
Suite 2100
New York, New York 10004
**U.S. TRUSTEE**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Diane W. Sanders*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　D<small>IANE</small> W. S<small>ANDERS</small>