# EXHIBIT N

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE**

NU-TECH PLASTICS ENGINEERING, INC.,

Plaintiff,

vs.

Case No. 02-075335-CK

Hon. Robert M. Ransom

GENERAL MOTORS CORPORATION, a Delaware Corporation, and DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C., a Delaware Limited Liability Corporation, d/b/a DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

Defendants.

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

A. T. LIPPERT, JR. (P16714)
LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.
Attorneys for Defendants
4800 Fashion Square Boulevard
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

JOSEPH E. PAPELIAN (P26582)
Attorney for Defendant Delphi
Delphi Automotive Systems
M/C: 483-400-603
5725 Delphi Drive
Troy, MI 48098-2815
(248) 813-2535

---

**AFFIDAVIT OF JOHN W. MAILEY**

STATE OF MICHIGAN )
COUNTY OF ) ss.

John W. Mailey, having been sworn, states:

1. The facts stated in this affidavit are based upon my personal knowledge. If sworn as a witness, I can testify competently to the facts stated in this affidavit.

2. I was the majority shareholder of Nu-Tech during the times it sold manufactured parts to General Motors Corporation and Delphi Automotive Systems, LLC pursuant to purchase orders issued by General Motors and Delphi Automotive Systems, LLC. The purchase orders included purchase orders for parts 25160694 (0694) and 25180510 (0510).

3. Nu-Tech was a minority enterprise. I am African-American and was the majority shareholder of the corporation owning 51% of the shares until the time of sale.

4. The purchase order issued by Delphi for part 0694 was a factory assist contract. Delphi owned three sets of tooling used for the manufacture of part 0694. Two sets of tooling were provided by Delphi to Nu-Tech for use with its manufacturing equipment.

5. Delphi had a right at any time to take back its tooling and manufacture part 0694 in Delphi's Flint manufacturing plant.

6. Nu-Tech provided Delpi with information regarding its manufacturing capacity to produce parts. The designations of capacity over a given time period were not agreements between Delphi and Nu-Tech to purchase the quantities of parts in the quantities stated as manufacturing capacities.

7. Delphi had no obligation to purchase any fixed quantity of parts from Nu-Tech at any time. It had the sole option to determine the quantity of parts to be ordered to meet its own "factory assist" requirements.

8. The purchase order for part 0510 was a spot buy contract.

9. Delphi fulfilled all the terms and obligations of the purchase orders issued by Delphi to Nu-Tech for part 0694 and 0510.

10. Delphi was a mentor for Nu-Tech as a minority enterprise. It had a business interest in providing additional purchase orders to Nu-Tech, but at all times conditioned upon Nu-Tech submitting a successful bid for any part in a competitive bidding process.

11. Delphi's right to recover its tooling was not at any time conditioned upon Delphi granting additional purchase orders for parts to Nu-Tech.

12. Delphi at no time prior to the sale of Nu-Tech to Rapid Product Technologies, LLC made any promise of additional business and Nu-Tech did not rely upon any promise of additional business.

13. At the time Nu-Tech was sold to Rapid Product Technologies, LLC, it was the intent and purpose of the purchase and sale of business asset agreement to convey all assets of the corporation. I, as the majority shareholder and owner of Nu-Tech, had no knowledge of any unasserted claims for damages against Delphi at the time the sale of Nu-Tech's assets was made in accordance with the agreement.

14. If Nu-Tech had a claim or unasserted cause of action against Delphi based upon the purchase orders or claims or unasserted causes of action based upon promises or misrepresentations, the sale would not have been concluded and the purchase orders for parts 0694 and 0510 would not have been transferred by Delphi to Rapid Product Technologies, LLC.

15. Subsequent to the sale of Nu-Tech, I was informed by John Cooper that an action would be filed against Delphi and General Motors. When I was provided with an understanding of the claims to be made in the lawsuit, it was my opinion then and now that the claims were completely lacking in merit. I did not authorize the filing of a lawsuit at any time prior to the sale of Nu-Tech assets and assignment of purchase orders to Rapid Product Technologies, LLC.

JOHN W. MAILEY

Subscribed and sworn to before me, a notary public, this 01 day of March 2005.

Notary Public
State of Michigan, County of __________
My commission expires: __________
Acting in the County of __________

Michael Laurence
Notary Public - Wayne County, MI
Acting in Oakland County, MI
My Commission Expires 12/31/2010