# EXHIBIT E

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

vs.

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

      Defendants.

Case No. 02-075335-CK

Hon. Robert M. Ransom

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

A. T. LIPPERT, JR. (P16714)
LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
Attorneys for Defendants
4800 Fashion Square Boulevard
Plaza North, Suite 410
Saginaw, MI 48604-2604
(989) 792-2552

JOSEPH E. PAPELIAN (P26582)
Attorney for Defendant Delphi
Delphi Automotive Systems
M/C: 483-400-603
5725 Delphi Drive
Troy, MI 48098-2815
(248) 813-2535

## BRIEF IN SUPPORT OF GENERAL MOTORS CORPORATION AND DELPHI AUTOMOTIVE SYSTEMS, LLC's MOTION FOR SUMMARY DISPOSITION

## BRIEF IN SUPPORT OF GENERAL MOTORS CORPORATION AND DELPHI AUTOMOTIVE SYSTEMS, LLC's MOTION FOR SUMMARY DISPOSITION

NOW COME the defendants, General Motors Corporation (General Motors) and Delphi Automotive Systems (Delphi), by their attorneys, Lippert, Humphreys, Campbell, Dust & Humphreys, P.C., and as their brief in support of their motion for summary disposition state as follows:

### Background

The defendant General Motors is an automobile manufacturer. The defendant Delphi Automotive Systems USA, L.L.C (Delphi) was formerly a division of General Motors. On December 22, 1998 these two corporations separated. A Master Separation Agreement was executed by the parties to accomplish this purpose. The Master Separation Agreement provides, in part, that Delphi indemnify General Motors for certain claims arising in the ordinary course of business of these parties, and Delphi is representing both defendants for that reason. General Motors is not a necessary party to this lawsuit. Although plaintiff's counsel has been advised that General Motors may be dismissed as a defendant without affecting the claims of the plaintiff, an agreement to accomplish this purpose was not reached by these parties.

### Nu-Tech

Plaintiff Nu-Tech Plastics Engineering, Inc. (Nu-Tech) was founded as a Michigan minority corporation. The majority shareholder was John W. Mailey, (51% owner) an African-American. The minority shareholder was John Cooper (49% owner). Mr. Mailey

-1-

had extensive work experience in molding plastic parts. Nu-Tech had specialized multi-ton presses that could be used with General Motors-Delphi tooling to manufacture specialized automotive parts. Delphi sold specialized presses to Nu-Tech and provided tooling for the presses on a bailment basis.

Nu-Tech's business included manufacturing orders from General Motors-Delphi and it continued in business until December 1, 1999. At that time the business was sold with the full knowledge and consent of Mr. Cooper and Mr. Mailey to Rapid Products Technologies, LLC. At the time of this sale, Delphi, Nu-Tech, and Rapid Technologies were represented by counsel. Various drafts of the sales agreement were circulated and were finally approved and executed by the parties. Exhibits C and D.

The sales/purchase agreement provides for the sale of all assets of Nu-Tech to Rapid Technologies. The sale of the purchase orders is specifically referenced in the agreements. The Nu-Tech press equipment that was owned by an independent corporation owned by Mr. Cooper was leased to Rapid Technologies.

Following the sale of all assets the corporation continued in existence but had no assets and undertook no new business ventures. Mr. Cooper was questioned and responded with respect to the status of N-Tech following the sale to Rapid.

> "Q.     ... I want to jump back in time, later in time, to the sale of Nu-Tech under the terms of that agreement to Rapid Technologies. At that time, at the time of that sale, the company was essentially out of business; is that correct? It had sold its purchase orders, it had sold its equipment or leased its equipment, the leases of land were transferred over to Rapid Technologies, so there was no remaining business. Am I correct?
> A.     When Rapid took over?
> Q.     Yes, sir.
> A.     Nu-Tech ceased to exist, yes.

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

> Q. So you and Mr. Mailey were still 51/49 percent shareholders, he being the majority shareholder?
> A. Yes.
> Q. The company, however, was not dissolved. The corporation was not dissolved.
> A. No, it wasn't."

At some time following the sale of the assets Mr. Cooper acquired Mr. Mailey's 51% shareholder interest and is now the sole shareholder of the corporation.

### Business Relationships Between Nu-Tech and Delphi

Nu-Tech was a manufacturer of automobile parts and supplied parts to General Motors-Delphi. All parts were made and sold in accordance with the terms of purchase orders issued originally by General Motors and later by Delphi Automotive Systems to Nu-Tech. The plaintiff's complaint is not specific regarding the specific purchase orders which form the basis of the breach of contract claim made by Nu-Tech against the defendants. However these purchase orders have now been identified as General Motors Purchase Orders 8C934 and 9C941. 8C934 was for Part No. 25160694 (0694). This purchase order, when amended, became Delphi Purchase Order N580000B. The final amendment issued to Nu-Tech expired December 31, 2000. Exhibit A.

The purchase order for part 0694 was reissued to Rapid Technologies following the sale of Nu-Tech in December 1999 and later terminated by means of a purchase order amendment. The effective date of the amendment was January 16, 2000. The amendment was consistent with the terms of the sale-purchase agreement made between Nu-Tech and Rapid. Nu-Tech was not required to supply Delphi with parts after the date of the sale under the Nu-Tech purchase order which expired December

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.