# EXHIBIT U

holder sued as trust beneficiary in state court, identity of plaintiff was same and nature of claims and underlying facts were identical. Evans v. Pearson Enterprises, Inc., C.A.6 (Mich.)2006, 434 F.3d 839. Judgment ⚖ 828.14(6); Judgment ⚖ 828.16(1)

Under Michigan law, actuarial firm was not equitably estopped from invoking statute of limitations in pension fund's action alleging that firm negligently calculated cash flow projections for investment assumptions used in creating pension benefit plan, absent evidence that firm affirmatively concealed its alleged negligence. Winterhalter v. Watson Wyatt & Co., C.A.6 (Mich.)2004, 87 Fed.Appx. 513, 2004 WL 162551, Unreported. Limitation Of Actions ⚖ 13

### 600.5856. Tolling of statutes of limitations or repose

Sec. 5856. The statutes of limitations or repose are tolled <u>in any of the following circumstances</u>:

(a) At the time the complaint is filed, * * * <u>if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.</u>

(b) At the time jurisdiction over the defendant is otherwise acquired.

\* \* \*

<u>(c)</u> * * * <u>At the time notice is given in compliance with the applicable notice period under section 2912b,</u>[1] <u>if during that period a claim would be barred by the statute of limitations or repose;</u> * * * <u>but in this case, the statute is tolled</u> not longer than the number of days equal to the number of days <u>remaining</u> in the applicable notice period after the date notice is given.

\* \* \*

Amended by P.A.1993, No. 78, § 1, Eff. April 1, 1994; P.A.2004, No. 87, Imd. Eff. April 22, 2004.

[1] M.C.L.A. § 600.2912b.

#### Application

*P.A.2004, No. 87, applies to civil actions filed on or after April 22, 2004, and does not apply to a cause of action if the statute of limitations or repose for that cause of action has expired before April 22, 2004, pursuant to section 1 on that act.*

#### Historical and Statutory Notes

**2004 Legislation**

P.A.2004, No. 87, rewrote this section, which read:

"Sec. 5856. The statutes of limitations or repose are tolled:

"(a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.

"(b) At the time jurisdiction over the defendant is otherwise acquired.

"(c) At the time the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, but in this case the statute is not tolled longer than 90 days after the copy of the summons and complaint is received by the officer.

"(d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b."

P.A.2004, No. 87, enacting § 1, provides:

"Enacting section 1. (1) Except as provided in subsection (2), this amendatory act applies to civil actions filed on or after the effective date of this amendatory act.

"(2) This amendatory act does not apply to a cause of action if the statute of limitations or repose for that cause of action has expired before the effective date of this amendatory act."

P.A.2004, No. 87, was ordered to take immediate effect, and was approved and filed April 22, 2004.

#### Law Review and Journal Commentaries

Notice of intent and affidavit of merit issues in medical malpractice cases: Impact on the statute of limitations. Maureen C. Adkins, 78 Mich.B.J. 550 (1999).

Service of process and the statute of limitations: Tuning the standards. Steve Sowell, 84 Mich. B.J. 35 (March 2005).