# EXHIBIT V

Westlaw

655 N.W.2d 298                                                                    Page 2
253 Mich.App. 460, 655 N.W.2d 298
(Cite as: 253 Mich.App. 460, 655 N.W.2d 298)

HHoekstra v. Bose
Mich.App.,2002.

Court of Appeals of Michigan.
Charles J. HOEKSTRA, Plaintiff-Appellant,
v.
Soumitra BOSE, Defendant-Appellee.
Docket No. 226838.

Submitted Sept. 4, 2002, at Lansing.
Decided Oct. 18, 2002, at 9:00 a.m.
Released for Publication Jan. 9, 2003.

After his Illinois personal injury action was dismissed
for lack of personal jurisdiction, motorist brought
action in Michigan arising out of same automobile
collision. The Calhoun Circuit Court, Allen L.
Garbrecht, J., granted defendant's motion for
summary disposition, finding action was time-barred.
Plaintiff appealed as matter of right. The Court of
Appeals held that plaintiff's proper filing and service
of complaint and summons in Illinois court
commenced tolling of limitations period.

Reversed.
West Headnotes
[1] Limitation of Actions 241 ⬅118(2)

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(H) Commencement of Proceeding;
Relation Back
            241k117    Proceedings    Constituting
Commencement of Action
                241k118 In General
                    241k118(2) k. Filing Pleadings. Most
Cited Cases

Limitation of Actions 241 ⬅119(3)

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(H) Commencement of Proceeding;
Relation Back
            241k117    Proceedings    Constituting
Commencement of Action
                241k119 Issuance and Service of
Process

                    241k119(3) k. Service of Process.
Most Cited Cases
Motorist's proper filing and service of complaint and
summons in Illinois court commenced tolling of
limitations period on his personal injury claim arising
from automobile collision, even though Illinois court
ultimately dismissed complaint and did not acquire
jurisdiction over claim. M.C.L.A. § 600.5856(a).

[2] Limitation of Actions 241 ⬅118(2)

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(H) Commencement of Proceeding;
Relation Back
            241k117    Proceedings    Constituting
Commencement of Action
                241k118 In General
                    241k118(2) k. Filing Pleadings. Most
Cited Cases

Limitation of Actions 241 ⬅119(3)

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(H) Commencement of Proceeding;
Relation Back
            241k117    Proceedings    Constituting
Commencement of Action
                241k119 Issuance and Service of
Process
                    241k119(3) k. Service of Process.
Most Cited Cases

Limitation of Actions 241 ⬅120

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(H) Commencement of Proceeding;
Relation Back
            241k120 k. Want of Jurisdiction. Most
Cited Cases
Nothing in statute governing tolling of statutes of
limitations requires a court to exercise personal
jurisdiction over the defendant; rather, only proper
filing and service of the complaint and summons are
required to commence tolling. M.C.L.A. §
600.5856(a).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**\*298\*460** James R. Stegman, P.C. (by James R. Stegman), Bingham Farms, for the plaintiff.
Vandeveer Garzia, P.C. (by Marc D. Kaszubski, Hal O. Carroll, and James K. Thome), Detroit, for the defendant.

**\*461** Before: MARKEY, P.J., and CAVANAGH and R.P. GRIFFIN, JJ.
**\*\*299** PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition and dismissing the case with prejudice. We reverse.

On June 25, 1994, plaintiff and defendant were involved in an automobile accident in Calhoun County. At that time, defendant was a licensed driver in the state of Illinois, and he presented to the police officer investigating the accident an Illinois driver's license that indicated that he resided in Wheeling, Illinois. On June 13, 1996, plaintiff filed suit in Illinois against defendant. According to plaintiff, he chose to file in Illinois to facilitate consolidating his claim against defendant with a claim he had arising from a second automobile accident that had occurred in Illinois; plaintiff feared otherwise the outcomes of two separate suits would not be consistent. Defendant wrote a letter to the clerk of the Illinois court, stating that he had been served but asserting that he did not live in Illinois and had "no idea" where the address had come from. At first, the Illinois court denied defendant's motion to quash service, finding that there were sufficient minimum contacts to establish personal jurisdiction over defendant. Later, the Illinois trial court granted defendant's motion for reconsideration and dismissed the case against defendant, finding that the court lacked personal jurisdiction. On December 29, 1998, that decision was affirmed on **\*462** appeal. Hoekstra v. Bose, 302 Ill.App.3d 704, 236 Ill.Dec. 340, 707 N.E.2d 185 (1998).

On April 14, 1999, plaintiff filed the present suit. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that plaintiff's claim was time-barred because it was filed beyond the three-year limitation period. MCL 600.5805(8).[FN1] In response, plaintiff argued that the period of limitation was tolled at the time the complaint was filed in Illinois and was served on defendant. MCL 600.5856(a). The trial court granted defendant's motion, finding that the period of limitation was not tolled because the Illinois court never acquired personal jurisdiction over defendant.

> FN1. 2000 PA 2, effective February 17, 2000, amended M.C.L. § 600.5805 and renumbered the subsections; MCL 600.5805(8) is now designated M.C.L. § 600.5805(9).

We review de novo a trial court's decision on a motion for summary disposition. Harrison v. Olde Financial Corp., 225 Mich.App. 601, 605, 572 N.W.2d 679 (1997). When interpreting a statute, the goal of this Court is to ascertain and effectuate the Legislature's intent. Morrison v. Dickinson, 217 Mich.App. 308, 315, 551 N.W.2d 449 (1996). "The Legislature is presumed to have intended the meaning it plainly expressed." Id. If the language of the statute is clear and unambiguous, judicial construction is not permitted. Frankenmuth Mut. Ins. Co. v. Marlette Homes, Inc., 456 Mich. 511, 515, 517-518, 573 N.W.2d 611 (1998); Sun Valley Foods Co. v. Ward, 460 Mich. 230, 236, 596 N.W.2d 119 (1999).

[1] MCL 600.5856 provides as follows:
**\*463** The statutes of limitations or repose are tolled:
(a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.
(b) At the time jurisdiction over the defendant is otherwise acquired.
(c) At the time the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, but in this case the statute is not tolled longer than 90 days after the copy **\*\*300** of the summons and complaint is received by the officer.
(d) If, during the applicable notice period under [MCL 600.2912b], a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with [MCL 600.2912b].

[2] We find nothing in M.C.L. § 600.5856(a) requiring the court to exercise personal jurisdiction over the defendant. According to the plain language of the Legislature, under subsection a, only proper filing and service of the complaint and summons are required to commence tolling. Had the Legislature required more in terms of establishing valid personal jurisdiction, it could have plainly stated so.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

655 N.W.2d 298

253 Mich.App. 460, 655 N.W.2d 298

**(Cite as: 253 Mich.App. 460, 655 N.W.2d 298)**

Page 4

Defendant relies on two Michigan cases as primary support for his argument that M.C.L. § 600.5856 requires personal jurisdiction over the defendant, regardless of which tolling subsection is applied: *Kiluma v. Wayne State Univ.*, 72 Mich.App. 446, 250 N.W.2d 81 (1976), and *Liddell v. Detroit Automobile Inter-Ins Exchange*, 102 Mich.App. 636, 302 N.W.2d 260 (1981). However, the *Kiluma* Court expressly declined to address that issue and addressed only subject-matter jurisdiction, not personal jurisdiction. *Kiluma, supra* at 449-450, 250 N.W.2d 81. Similarly, *Liddell* concerned lack of subject-matter *464 jurisdiction and this Court was construing the *second* tolling provision [FN2] when it said, "[The] tolling provision applies when personal jurisdiction is properly established in a court without subject matter jurisdiction and the matter is then renewed in the proper court." *Liddell, supra* at 654, 302 N.W.2d 260. Thus, the decision in *Liddell* did not involve the predecessor subsection of M.C.L. § 600.5856(a) and, therefore, is not helpful in this case because the subsections are clearly disjunctive; tolling begins if the provisions of any one subsection apply. *Liddell* and *Kiluma* properly hold that the reference to jurisdiction in M.C.L. § 600.5856(b) does require personal jurisdiction; however, that does not mean that the Legislature intended tolling to begin *only* when the court has personal jurisdiction over the defendant. The plain language of the statute indicates otherwise.

> FN2. The predecessor of M.C.L. § 600.5856(b), at that time M.C.L. § 600.5856(2), provided that the statute of limitations was tolled when "jurisdiction over the defendant is otherwise acquired."

This construction of the statute comports with the policies outlined in *Ralph Shrader, Inc. v. Ecclestone Chemical Co., Inc.*, 22 Mich.App. 213, 214-215, 177 N.W.2d 241 (1970). In that case, the plaintiff first filed suit in federal court, but the case was dismissed because diversity was lacking. When a new action was filed in the state court, the trial court dismissed it because the period of limitation had expired. *Id.* at 215, 177 N.W.2d 241. This Court reversed, holding that the matter was tolled while the case was pending in the federal court. *Id.* at 215-216, 177 N.W.2d 241. This Court expressly rejected the defendant's argument that the first suit must have been one in which the court had jurisdiction of the parties and of the subject matter. Instead, the Court *465 espoused the reasoning of Judge Cardozo in *Gaines v. City of*

*New York*, 215 N.Y. 533, 539-540, 109 N.E. 594 (1915):

"The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court **301 has jurisdiction, stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate.... There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights." [*Ralph Shrader, Inc. supra* at 216-217, 177 N.W.2d 241.]

This view was reiterated in *Cronin v. Minster Press*, 56 Mich.App. 471, 480-481, 224 N.W.2d 336 (1974), where this Court clarified that the rationale for the statute of limitations is to protect defendants from having to search for evidence long after a cause of action accrued. Because notification is the ultimate objective of the statute of limitations, the Court felt that the good-faith initiation of an action by the plaintiff should toll the period of limitation.

Further support is provided by *Federal Kemper Ins. Co. v. Isaacson*, 145 Mich.App. 179, 183, 377 N.W.2d 379 (1985), where this Court held: "The tolling statute applies to prior lawsuits between the parties which have not been adjudicated on the merits. A dismissal without prejudice is not considered to be an adjudication on the merits, and therefore the tolling statute applies." (Citations omitted.) In *Federal Kemper*, this Court did not extend the tolling provision to a defendant unnamed in the first suit; the plaintiff was permitted only to take advantage of tolling regarding the *466 defendant who had been a party in the prior, dismissed suit. *Id.* at 182-183, 377 N.W.2d 379.

Other cases cited by defendant illustrate that subsection a will not toll the period of limitation when service is improper or otherwise ineffective. See *Mason v. Letts*, 14 Mich.App. 330, 165 N.W.2d 481 (1968); *Sanderfer v. Mt. Clemens Gen. Hosp.*, 105 Mich.App. 458, 306 N.W.2d 322 (1981). However, in the present case there is no dispute that defendant properly received service of the complaint and summons.

On this matter, we find accord with the further reasoning of Judge Cardozo in *Gaines, supra* at 540-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

541, 109 N.E. 594. In that case, as in the present case, [t]he defendant argues that an action dismissed for want of jurisdiction is a nullity in the same sense as if it had never been begun at all. But that is an extreme view.... A suitor who invokes in good faith the aid of a court of justice and who initiates a proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum.... It may be that a different rule should be applied where the earlier action has been brought with knowledge of the lack of jurisdiction, and in fraud of the statute. Whether that is so we need not inquire at this time. Grotesque or fanciful situations, such as those supposed, will have to be dealt with when they arise. That they are conceivable, though improbable, ought not to govern our construction. [Citation omitted.]

In this case, nothing in the record suggests that plaintiff commenced the action in Illinois in bad faith or for a fraudulent purpose. Plaintiff asserts that he hoped to consolidate the case against defendant with another suit concerning a second automobile accident in which he was involved. That accident had occurred in Illinois a few months after the accident involving *467 defendant Bose. Fearing that each defendant would point to the other accident as causing plaintiff's injuries, plaintiff sought to litigate the facts in one trial; Illinois appeared to be a viable venue. Plaintiff timely filed suit in Illinois, and likewise filed in Michigan less than four months after the Illinois Court **302 of Appeals affirmed the trial court's dismissal.

Reversed.

Mich.App.,2002.
Hoekstra v. Bose
253 Mich.App. 460, 655 N.W.2d 298

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.