IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                         Debtors.       :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

# AFFIDAVIT OF PUBLICATION OF JACKY KILO IN THE PLAIN DEALER

## State of Ohio ss.
### Cuyahoga County

I, Jacky Kilo, being duly sworn, do upon my oath, depose and say that I am a ACCOUNTS RECEIVABLE REPRESENTATIVE of The Plain Dealer Publishing company, publisher of The Plain Dealer, a newspaper printed in said county, and general circulation in Ashtabula, Geauga, Lake, Lorain, Medina, Portage, Summit and Trumbull counties, in addition to said county; the requirements of Section 7/12 of the Revised Code of Ohio as amended September 14, 1957, relating to publication and distribution are fulfilled by said newspaper; and the advertisement attached was published in said newspaper on the following day, or days in a type size larger than agate. Insertion dates as follows:

December 20, 2007

Sworn to and subscribed before me this day of 20  20 07

Jacky Kilo                    December

Brenda D Jordan

Notary Public
Brenda G. Jordan
Notary Public, State of Ohio
Recorded in Cuyahoga County
My Commission Expires 09/04/11



---

[Newspaper clipping - legal notice and classified ads]

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK
In re DELPHI CORPORATION, et al., Debtors.

NOTICE OF (1) APPROVAL OF DISFIRMATION OF PLAN; (3) DEADLINE TO CONFIRMATION OF PLAN; (4) ALLOWANCE OF CERTAIN CLAIMS ASSERTING CURE CLAIMS FOR CERTAIN UNLIQUIDATED, CONTINGING, AND DISTRIBUTION PURPOSES FOR RECEIPT OF BALLOTS; AND IN (1) TO ALL CREDITORS AND INTERESTED HOLDERS OF DELPHI CORPORATION:

PLEASE TAKE NOTICE that Delphi and its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors"), Joint Plan Of Reorganization Of Delphi And Debtors-In-Possession (as modified from holders of impaired claims receive distributions under the Plan.

PLEASE TAKE FURTHER NOTICE States Bankruptcy Court for the Southern Court") the terms of the Plan will be binding on all current and former holders of equity interests in the Debtors.

PLEASE TAKE FURTHER NOTICE on December 10, 2007 (the "Solicitation Order") approving the disclosure statement for the Plan and providing, among other things:
1. Confirmation Hearing Date. The "Confirmation Hearing"), will be held (prevailing Eastern time) or as soon thereafter as the Honorable Robert D. Drain, United States Bankruptcy Judge, District of New York, One Bowling Green
The Confirmation Hearing may be adjourned from time to time by announcement in open court, and thereafter without further notice to parties-in-interest.
2. Objections To Confirmation. Any objection term) (the "Objection Deadline") and serving objections to confirmation of the Plan, if any, to confirmation of the Plan shall be served in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Supplemental Case Management Order at 105 And Fed. R. Bankr. P. 2002(m), Hearing Dates And Certain Notice, Procedures, entered March 20, 2006 (the "Case Management Procedures Order") (c) be filed with the Clerk of this Court pursuant to General Order M-242 (as amended) - registering the electronic filing system must file electronically, using a 3.5 inch disk (preferably in Portable Document Format), Microsoft Word, WordPerfect, or any other Windows-based word processing format, with a hard copy delivered directly to the chambers of the Bankruptcy Judge, One Bowling Green, New York, NY 10004; and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the statutory committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York 10022 (Att'n: Robert J. Rosenberg); (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York 10004 (Att'n: Brad E. Scheler); (vi) counsel for A-D Acquisition Holdings, LLC, White & Case LLP, Wachovia Financial Center, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria, J. Christopher Shore, 1155 Avenue of the Americas, New York, NY 10036, and Gregory Pryor), (vii) counsel for Harbinger Capital, White & Case LLP, Wachovia Financial Center, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria, J. Christopher Shore, 1155 Avenue of the Americas, New York, NY 10036, and Gregory Pryor), (viii) Counsel for Merrill Lynch, Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, NY (Att'n: Martin J. Bienenstock, Michael P. Kessler, and Robert J. Lemons), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Att'n: Alicia M. Leonhard); and to be received no later than the Objection Deadline and served in the manner set forth above will be deemed overruled.

3. Temporary Allowance Of Claims. If others, are not entitled to vote on the Plan because such persons/entities: (a) are holders of (a) unimpaired claims, (b) hold claims that are not entitled to distribution under the Plan, (c) claims that are contingent, unliquidated, or disputed and (i) filed and (ii) no Rule 3018(a) Motion (as defined in the Rule 3018(a) Motion Deadline (as defined below) are the subject of an objection filed by the Debtors in the manner as may be set forth in the classification of, or objection to, your claim, you may be entitled to vote on the Plan, then you must file the applicable bar date or your proof of claim by the order of the Bankruptcy Court before the Voting Agent (as set forth below) to obtain the Deadline (as defined below), and (z) timely Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") of your claim for the purpose of accepting the Motion must be filed with the Clerk of this Court at 4:00 p.m. (prevailing Eastern time) and served so as to be received by the Notice and Procedures Order) by the Rule 3018(a) Motion procedures set forth in the Solicitation Order, if the Debtors object to a claim or interest, a 3018(a) Motion Deadline would be extended the deadline would be ten days following the Debtors' objection.

4. Provisional Votes. Any party who is stated above) and (b) files and serves the paragraph above shall be permitted to reject the Plan. If, and to the extent the Debtors to resolve the issues raised by the Rule 3018(a) Motion, then at the Confirmation Hearing the provisional ballot is to be counted as a vote for or against the Plan.

---

**Desktop** COMPLETE Desktop Systems w/new access.
249 216-338-6933
DELL Computer System 4 with Windows XP
150 440-547-3083
Must See!
ELL XPS 200/5150C 006, 160GB, 19" Flat Monitor, Intel Pentium D, DVD-RW, Dell 5650 IN 1 Speakers, XP Media Center, Office 2007 o. $1350.
216-906-3463
Desktop P4 Computer ery fast, A1 shape 150 440-547-3083
-Link Print Server $25 obo, parallel ethernet open. 440-356-3318
-Link USB Print Server ethernet. unopened 29 obo 440-356-3318
pson printer R280 nopened color photo 60 obo. 440-356-3318
FAX Machine, anasonic KXFP121 $15 Call: 440-845-5541
Laptop WebCam+mic thotion track. unopen 35 obo. 440-356-3318
Memory PC133 256mb, $23, 128mb $13 216-486-2251
MONITOR, LCD 15". $50/obo. 216-254-8628
SUPER DEAL
entium 4, Dell 2.0-3.2 HZ, 512 -1 GB RAM. CD RW, DVD. High-speed nternet ready. $140 to $195. 216-663-5615
THINK PAD R51 DVD urner, $60. 216-501-0269.
hopen wireless A/G ame adapter Linksys 60 obo 440-356-3318
WINDOWS XP Professional Operating Sys. $150. 216-501-0269.
ireless A/G Antenna dBi gain. unopened 20 obo 440-356-3318
ireless G router $29 bo, unopened 4 port rewall. 440-356-3318
ireless G USB adapter nopened 54Mbp $22 bo (440)356-3318

**Construction Equipment & Building Material**

CEMETERY FENCE. 4' H. (90'+ L. $2500. 15 Bar joist, 15½'L X 14' D., 50/ea. 18 pails of dry-it stucco, $400/obo. 330-607-1879

**Diamonds & Jewelry Sale & Wanted**

14K Gold Diamond Marquis 1.0 carat total weight & 14K Gold Diamond Band .5 carat total weight. $1200 obo (440) 679-0452
DIAMOND 1.25 Ct. Round, Ji3. Was $2500. Ask $599 216-832-3741
Diamond ¾ Carat Round, Ji2. Was $2000. Sell $200.216-832-3741
DIAMOND earrings

Buying Guns Old & Antique, Swords, Ammo. 216-381-5668

150 Pokemon orginal $100.00 (440)309-0158
20" Boys Bike, Rallye, Training Wheels, $12 (216) 916-7321

A COLLECTOR wants your old Lionel/ American Flyer, toy trains. Top Cash Paid. 1-800-493-0688

Air Hockey Table, Arcade Size, Elect. Score $125 (216)916-7321.

GREAT gift idea
DOLLHOUSES, WOODEN Many different styles & sizes, beautiful! $40 - $600. 216-299-3602

ELMO TMX Still in box. $20 (440)669-0569

GHANA/US postal plate blocks, sheets, covers. $150. 440-442-0618

HALO 3 & BIOSHOCK for 360, $90for both. 216-252-8248

LIONEL TRAINS WANTED. Premium prices. Call Bob 440-934-6769

Little Tikes Gas Pump, $10 (216) 916-7321

NINTENDO Wii, never opened. $400/obo, 440-342-1759

NINTENDO Wii w/ 5 Sports Games. Unused! $425/obo. 440-821-9897

PEDAL CARS-(6) '55 Chevy, Hot Rod, Pickup truck. $149-$229. 440-235-6616

PINBALL $200, Foosball, Slot machine $100 ea. 216-676-9517

Power Wheels Jeep Wrangler, Lim. Ed. $125 (216) 916-7321

Slot Machines (2), Like New, Red, Coins, $200 (216) 916-7321

TELESCOPE. Meade, 60mmx700mm. $49.95, 440-668-4767

V-Smiles Learning Sys. 4 Games, 2 Joysticks $45 (216) 916-7321

V-Smiles Pocket, Games, Charger, Case $55 (216) 916-7321

WAGON, Red, Western Flyer, great cond, 20 yrs old, wood siderails $125 obo 330-667-2028

**Home Furnishings & Appliances Sale**

00 All new pillowtop mattresses, twin $129, full $159, Queen $179, King $235, memory foam $395, 6 pc bdrm & sofa & love $375 ea. Alex 440-785-6232

27" TV Two, Great Con dition $150.00 (216) 916-7321

3 PHASE Metal Sink $850, Like New 216-691-1393

3 tables/ pedestal lamp. glass/cream stone. $150 849-0619

4 Kirbys With A Ton Of Attachments Sold as a lot only will not separate. $150.00

## State of Ohio ss.
### Cuyahoga County

I, Jacky Kilo, being duly sworn, do upon my oath, depose and say that I am a **ACCOUNTS RECEIVABLE REPRESENTATIVE** of The Plain Publishing company, publisher of The Plain Dealer, a newspaper printed in said county, and general circulation Lorain, Medina, Portage, Summit and to said county; the requirements of ode of Ohio as amended September on and distribution are fulfilled by tisement attached was published in ng day, or days in a type size larger ollows:

20, 2007

re me this day of 20   20 07

December

dr B Jordan

tary Public
da G. Jordan
blic, State of Ohio
n Cuyahoga County
sion Expires 09/04/11



---

**Hearing Date And Time: January 17, 2008 At 10:00 a.m.**
**Objection Deadline: January 11, 2008 At 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                ) Chapter 11
DELPHI CORPORATION, et al.,          ) Case No. 05-44481 (RDD)
    Debtors.                         ) (Jointly Administered)

NOTICE OF (1) APPROVAL OF DISCLOSURE STATEMENT; (2) HEARING ON CONFIRMATION OF PLAN; (3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; (4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES; (5) DEADLINE FOR ASSERTING CURE CLAIMS FOR ASSUMED CONTRACTS; (6) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES; (7) RECORD DATE; (8) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND (9) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN PLAN

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (as may be further amended or modified, the "Plan") from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Plan.

PLEASE TAKE FURTHER NOTICE that if the Plan is confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on December 10, 2007 (the "Solicitation Procedures Order") (Docket No. 11389) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and providing, among other things, that:

1. Confirmation Hearing Date. The hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **January 17, 2008 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

2. Objections To Confirmation. **January 11, 2008 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to confirmation of the Plan. To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and the Supplemental Order under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), (viii) Counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

3. Temporary Allowance Of Claims. The following persons or entities, among others, are not entitled to vote on the Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Plan, (c) claims and interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **January 2, 2008 at 4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Solicitation Procedures Order; provided, however, that if the Debtors object to a claim or interest after December 21, 2007, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Confirmation Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Plan has been accepted or rejected.

5. Cure Claim Submission Deadline. The Plan provides that any contracts not specifically identified as rejected contracts in Exhibit 8.1(a) to the Plan (to be filed on December 28, 2007, and available at no charge as set forth in paragraph 10 below) will be assumed under the Plan. Any party to an executory contract or unexpired lease that is not rejected and to whom the Debtor did not send a Cure Amount Notice pursuant to Article 8.2(a) of the Plan, and who wishes to assert that cure is required as a condition of assumption of its contract, must file a proposed cure claim ("Cure Claim") in accordance with Article 8.2(b) of the Plan within 45 days after entry of an order confirming the Plan (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, will have 45 days to file any objections thereto. Should a party to an executory contract or unexpired lease not file a proposed Cure Claim by the Cure Claim Submission Deadline in accordance with the procedures set forth in Article 8.2(b) of the Plan, then any default then-existing will be deemed cured as of the day following the Cure Claim Submission Deadline and such party will forever be barred from asserting against the Debtors or the Reorganized Debtors, as applicable, a claim that arose on or prior to the confirmation date of the Plan. If there is a dispute regarding (i) the nature or amount of any Cure Amount, (ii) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, the matter shall be set for hearing in the Bankruptcy Court on the next available hearing date, or such other date as may be agreed upon, and cure, if any, shall occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a cure amount in excess of that asserted by the Debtors.

6. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise, deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Plan or (ii) voting on the Plan. Unless otherwise provided in the Plan, any holder of a claim who is otherwise entitled to vote on the Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

7. Record Date. November 26, 2007 is the record date for determining (a) the holders of Debtors' publicly traded debt and equity securities (the "Securities") entitled to receive solicitation packages and (b) the creditors entitled to vote to accept or reject the Plan.

8. Voting Deadline. If you hold a claim against or an equity interest or other interest in one of the Debtors as of November 26, 2007, the Record Date as established in the Solicitation Procedures Order, and are entitled to vote to accept or reject the Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **January 11, 2008** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, et al. | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means. Ballots that are not received by the Voting Deadline will not be counted.

9. Injunction To Enforce Releases And Exculpation In The Plan. **The Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, all professionals retained in these cases, the plan investors, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

| You Are Advised To Carefully Review And Consider The Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected. |
|---|

10. Information And Documents. Copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
|---|---|
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

Dated: New York, New York, December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

| John Wm. Butler, Jr. (JB 4711) | Kayalyn A. Marafioti (KM 9632) |
| George N. Panagakis (GP 0770) | Thomas J. Matz (TM 5986) |
| Ron E. Meisler (RM 3026) | Four Times Square |
| Nathan L. Stuart (NS 7872) | New York, New York 10036 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois 60606 | |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession