BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
*rmcdowell@bodmanllp.com*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for KenSa LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

                                                     /

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
|     Debtors. | (Jointly Administered) |

                                                     /

**OBJECTION OF KENSA LLC TO
FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND
CERTAIN AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION**

KenSa LLC ("KenSa") files this objection to the First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession ("Plan"). In support of its objection, KenSa states as follows:

**Introduction**

1. On either October 8 or October 14, 2005 ("Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On December 10, 2007, Debtors filed their Amended Disclosure Statement for the Plan, which was approved by the Court.

3.     On July 31, 2006, KenSa filed proof of claim #14109 in the total amount of $165,738.24 as a general unsecured claim ("Claim").

4.     On September 21, 2007, Debtors filed the Twenty-First Omnibus Objection to the Claim.  In the Twenty-First Omnibus Objection, Debtors sought to reduce the Claim from $165,738.24 to $35,657.84.

5.     On November 30, 2007, Debtors noticed the Claim for hearing on January 31, 2007 under the Claim Objection Procedures Order.   On January 7, 2008, Debtors, on their own initiative, adjourned the hearing date with respect to the Claims until February 29, 2008.

**Objections to Plan**

6.     In order for the Plan to be confirmed, the Plan must satisfy all of the requirements of Section 1129 of the Bankruptcy Code.  It fails to do so.

7.     The Plan, as proposed, cannot be confirmed under Section 1129 of the Bankruptcy Code because, among other things, (a) the classification of claims proposed under the Plan violates Section 1122 of the Bankruptcy Code, (b) the Plan violates Section 1123(a)(4) of the Bankruptcy Code because it provides different treatment to claims classified together within a single class and (c) the Plan improperly proposes to substantively consolidate various Debtors for plan voting and distribution purposes only.  No support exists for this last provision, and it should not be allowed absent a showing that it does not impact at all the requirements of Section 1129.

8.     The provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as 90 days after the Effective Date, violate Section 1129(a)(9)(A).

9.     Debtors' proposed treatment of KenSa with respect to the Discount Rights Offering is patently unfair.  The proposed estimation for the Discount Rights Offering creates unfair treatment of creditors within a same class (by reducing claims without due process and not

-2-

providing certain creditors with the same distribution as all others) and thus violates Section 1129(a)(4). A separate objection has been filed to the motion seeking estimation.

10. The proposed estimation of Disputed Claims under Section 9.8(b)(iii) violates Section 502(c) of the Bankruptcy Code. Further, the proposed limitation in Section 9.8(c) creates unfair treatment of creditors within a same class (by relegating creditors with disputed claims to a non-recourse position) and thus violates Section 1129(a)(4).

11. Section 1129(a)(1) of the Bankruptcy Code provides that the Plan must "comply with the applicable provisions of [the Bankruptcy Code]."

12. The injunction contained in Article 11.14 of the Plan prohibits all holders of claims from asserting any right of offset to recover a claim. This injunction eliminates the setoff rights of creditors without compensation (or the "indubitable equivalent" that is required under Section 1129(b)(2)(A)(iii)). Such injunction is contrary to the state law rights of holders of claims preserved by the Bankruptcy Code under Section 553(a) and the treatment of creditors under the various classes should not be read to eliminate or limit those rights. Further, it is in conflict with the proposed treatment of secured creditors with setoff rights under Article 5.1 of the Plan (all setoff rights are preserved). This provision of the injunction should be stricken or should not apply to KenSa.

13. Because the Plan violates the setoff rights preserved in Section 553(a) of the Bankruptcy Code, the Plan does not satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code. Therefore, the Plan cannot be confirmed as proposed.

14. Additionally, KenSa objects to the third party releases contained in Articles 11.5 and 11.8 of the Plan. As a general matter, third party releases, except by express agreement of a party in interest, are not appropriate plan provisions. *In re Metromedia Fiber Network, Inc.*, 416

F.3d 136, 142 (2d Cir. 2005). KenSa has rights under its agreements against Delphi and other parties. None of these rights should be waived in connection with the third party release contained in Articles 11.5 and 11.8 of the Plan. KenSa should be excluded from this proposed release.

15. KenSa also objects to the release and exculpation provisions contained in Articles 11.8 and 11.11 of the Plan. As stated in the preceding paragraph, KenSa has rights under its agreements, including rights against Delphi and GM, and none of these rights should be affected by the exculpations contained in Articles 11.8 and 11.11 of the Plan.

### Waiver of Memorandum

16. KenSa respectfully requests that this Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel. To the extent this Court determines that a memorandum of law is required, KenSa requests that it be allowed to submit one at a date to be determined by the Court.

### Relief Requested

KenSa requests entry of an Order modifying the Plan as provided above and granting other relief as this Court determines.

BODMAN LLP

By:/s/ Ralph E. McDowell
Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 393-7592
Facsimile: (313) 393-7579
*rmcdowell@bodmanllp.com*

Attorneys for KenSa LLC

-5-

Dated: January 9, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ***Objection of KenSa LLC to First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

Dated: January 9, 2008

/s/ Ralph E. McDowell
Ralph E. McDowell