| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:  January 10, 2008<br>Hearing Time:  2:00 p.m. |

-------------------------------------------------------
In re:                                                                                   :         Chapter 11
                                                                                              :
DELPHI CORP., *et al.*,                                                      :         Case No. 05-44481 (RDD)
                                                                                              :
                                              Debtors.                         :         (Jointly Administered)
-------------------------------------------------------  x

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' EXPEDITED MOTION
TO PERMIT OPPORTUNITY FOR STATUTORY COMMITTEE MEMBERS
TO PARTICIPATE IN EXIT FINANCING SYNDICATION**

The United States Trustee for Region 2 (the "United States Trustee") hereby submits her Objection (the "Objection") to the Debtors' Expedited Motion to Permit Opportunity for Statutory Committee Members to Participate in Exit Financing Syndication (the "Motion").  In support of the Objection, the United States Trustee respectfully represents and alleges as follows:

**I.     INTRODUCTION**

The Debtors seek a Court order permitting members of the two statutory committees in these cases to participate in the exit financing syndicate (the "Exit Financing"), which is one of elements of the Debtors' plan to emerge from bankruptcy.  The Debtors filed the Motion in light of the United States Trustee's position that members of the statutory committees that participate in the Exit Financing will be required to resign from their respective committees.[1]

The Court should deny the Motion for two reasons.  First, participating in the Exit Financing while serving on a statutory committee is inconsistent with committee members'

---

[1] On June 4, 2007, Pardus Capital Management, L.P. ("Pardus") resigned from the Equity Committee, at the request of the United States Trustee, to join Appaloosa Management, L.P. ("Appaloosa") as an equity investor under the Amended Delphi Appaloosa Equity Purchase and Commitment Agreement which was approved by the Court on December 19, 2007.  *See* Section II *infra.*

- 1 -

fiduciary duties to their constituents.  Assuming a dual role would give rise to an appearance of a conflict of interest, if not an actual conflict.

Second, implicit in the Motion is the intent to prevent the United States Trustee from removing any committee member who participates in the Exit Financing.  The Debtors may not request an order that explicitly or implicitly precludes the United States Trustee from exercising her duties, under 28 U.S.C. § 586(a)(3)(E) and 11 U.S.C. § 1102, with respect to the statutory committees she appoints, including the removal of a committee member.  The remedy for parties aggrieved by a decision of the United States Trustee is to seek judicial review **after** she takes action.  In essence, the Debtors seek an advisory opinion from the Court.

## II.    FACTS

On October 8, 2005 (the "Petition Date"), the Debtors filed their chapter 11 cases.  On October 8, 2005, the Court entered an order approving the joint administration of the cases.  *See* ECF Doc. No. 28.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

On October 20, 2005, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee").  *See* ECF Doc. No. 469.  On October 1, 2007, the United States Trustee filed an amended appointment of the Creditors' Committee.  *See* ECF Doc. No. 10,397.

On April 28, 2006, the United States Trustee appointed an official committee of equity security holders (the "Equity Committee").  *See* ECF Doc. No. 3503.  On May 11, 2006, the United States Trustee filed an amended notice of appointment of the Equity Committee.  *See* ECF Doc. No. 3726.

In June 2007, Pardus Capital Management, L.P. ("Pardus"), a member of the Equity Committee, joined Appaloosa Management, L.P. ("Appaloosa") as an equity investor under the Amended Delphi Appaloosa Equity Purchase and Commitment Agreement ("Equity Purchase Agreement"), approved by the Court on December 19, 2007. *See* ECF Doc. No. 11382. In May 2007, Pardus and the Equity Committee requested United States Trustee's opinion of the propriety of Pardus remaining on the Equity Committee after Pardus assumed its new role as an investor under the Equity Purchase Agreement. After deliberation, the United States Trustee requested that Pardus resign from the Equity Committee. On June 4, 2007, Pardus submitted its letter of resignation to the United States Trustee.

In the Motion, the Debtors request an order permitting committee members to participate in the Exit Financing without resigning from their respective committees. *See* Motion, at 8, ¶ 15. The Debtors state that the Exit Financing is the final step that the Debtors must take before emergence from bankruptcy. *Id.* at 9, ¶ 16. They allege that at this late stage of the cases, participation in the Exit Financing by committee members does not create a conflict because most information that was once confidential is now in the public domain. *Id.*, ¶ 17. For the reasons set forth below, the Court should deny the Motion.

**III.    ARGUMENT**

    **A.    The Participation of a Member of a Statutory Committee in the Debtors' Exit Financing While Serving on the Committee Would Create an Appearance of a Conflict of Interest, If Not an Actual Conflict.**

"An official committee of creditors plays a pivotal role in the bankruptcy process." *In re Refco*, 336 B.R. 187, 195 (Bankr. S.D.N.Y. 2006). Among other things, an official committee oversees the Debtors' operations, acts as a primary negotiator with respect to a chapter 11 plan, and investigates the debtor's financial affairs. *Id.* An official committee represents the diverse

- 3 -

interests of general unsecured creditors or equity holders in bankruptcy cases, and "[t]here is simply no other entity established by the Code to guard those interests." *Id.* (citing *In re Daig Corp.*, 17 B.R. 41, 43 (Bankr. D. Minn. 1981).

Furthermore, "it is well recognized that to fulfill these roles, the members of an official committee owe a fiduciary duty to their constituents -- in the case of an official creditors' committee, to all of the debtor's unsecured creditors." *Id.* (citing *The Bohack Corp. v. Gulf & Western Indus., Inc. (In re Bohack Corp.)*, 607 F.2d 258, 262 n. 4 (2d Cir. 1979)). *See also Johns-Manville Sales Corp. v. Doan ( In re Johns-Manville Corp.)*, 26 B.R. 919, 925 (Bankr. S.D.N.Y. 1983) ("Conflicts of interest on the part of the representative persons or committees are . . . not to be tolerated."). This fiduciary duty requires committee members to act with **undivided loyalty** for the benefit of all of the committee's constituents. *In re ABC Automotive Products Corp.*, 210 B.R. 437, 441 (Bankr. E. D. Pa. 1997) (emphasis added). *See also In re Envirodyne Industries*, 174 B.R. 955, 964 (Bankr. N. D. Ill. 1994) (fiduciary duty requires a high standard of loyalty and care). Committee members may not use their positions to advance their own interests. *In re Nationwide Sports Distributors, Inc.*, 227 B.R. 455, 463 (Bankr. E. D. Pa. 1998).

As fiduciaries, committee members must also avoid the appearance of a conflict of interest or impropriety. *In re Venturelink Holdings, Inc.*, 299 B.R. 420, 423 (Bankr. N. D. Tex. 2003). *Cf. Applications of Kurtzman*, 220 B.R. 801, 803 (Bankr. S.D.N.Y. 1988) (a trustee is a fiduciary to the debtor's estate and its creditors and therefore cannot place himself in a position which would give the appearance of impropriety or create a conflict of interest). An appearance of a conflict may arise, for example, where a fiduciary purchases assets of a bankruptcy estate. *In re Russo*, 762 F.2d 239, 241 (2d Cir. 1985). Fiduciaries are generally disqualified from

entering into personal transactions with the estate "to avoid unfairness, the improper use of confidential information, or the appearance of impropriety." *Id.* Likewise, an appearance of impropriety arises where a statutory committee member has "become the purchaser of the property which he represents, or any portion of it, though he has done so for a fair price, without fraud, at a public sale." *Nationwide Sports*, 227 B.R. at 465 (quoting *In re Mountain States Power Co.*, 118 F.2d 405, 407 (3d Cir. 1941). *See also Donovan & Schuenke v. Sampsell*, 226 F.2d 804, 811 (9th Cir.) ("a fiduciary cannot purchase property which he is empowered to sell" because his actions may be "tainted with the possibility of unfairness or of conflict between personal desires and trust obligations"), *cert. denied sub nom. Freedman v. Donovan & Schuenke*, 350 U.S. 895 787 (1955).

For these reasons, a committee member with a conflict of interest may not serve on a statutory committee. *In re Barney's, Inc.*, 197 B.R. 431, 442 (Bankr. S.D.N.Y. 1996). An appearance of a conflict also will disqualify a party from committee membership because the bankruptcy process must be transparent and fair. *Venturelink.*, 299 B.R. at 423.

A statutory committee member in these cases cannot maintain its committee membership while it participates in the Exit Financing. This dual role creates a conflict of loyalties inconsistent with the fiduciary duties of a committee member and gives rise to the appearance that the committee member is personally benefitting from its status as a committee member. *See, e.g., In re Russo*, 762 F.2d at 241-242 (fiduciaries may not enter into personal transactions with the estate "to avoid unfairness, the improper use of confidential information, or the appearance of impropriety").

The Debtors' allegation that "virtually" all formerly confidential information is public does not the mitigate the effect of the impermissible dual loyalties or the appearance of

impropriety.  The Debtors are continuing the "aggressive pursuit of exit financing from a number of sources, including certain members of the Statutory Committees."  *See* Motion, at 9, ¶ 16.  In any negotiation, the exit lenders and the statutory committees will sit on opposite sides of the bargaining table as adverse parties.  The exit lenders will try to exact as many concessions as possible from the Debtors in light of the tight credit market, but the statutory committees should concentrate on obtaining the most favorable terms for the Debtors.  Because the interests of the exit lenders and the statutory committees are in direct conflict, a committee member cannot engage in aggressive negotiations with the Debtors with respect to the Exit Financing and, at the same time, maintain undivided loyalty and the appearance of fairness to the committee's constituents.  *See In re Russo,* 762 F.2d at 242 ("[I]t is generally, if not always, humanly impossible for the same person to act fairly in two capacities and on behalf of two interests in the same transaction.") (citation omitted).

The United States Trustee has no objection to the participation of any committee member in the Exit Financing so long as that committee member resigns from the committee.  Resignation is the only way to maintain the transparency, appearance of fairness and integrity of these cases and the bankruptcy system.

> **B.     The Debtors Cannot Preclude the United States Trustee from Exercising Her Duties with Respect to Statutory Committees.**

The United States Trustee's duties with respect to statutory committees are derived from 28 U.S.C. § 586 and 11 U.S.C. § 1102.  Under 28 U.S.C. § 586(a), the United States Trustee shall, among other things,

> (3) supervise the administration of cases and trustees in cases arising under chapter 7, 11, 12, 13 or 15 of title 11 by, whenever the United State trustee considers it to be appropriate –
> . . .
>     (E)  monitoring creditors' committees appointed under title 11; . . .

- 6 -

11 U.S.C. § 586(a)(3)(E). Section 1102 of the Bankruptcy Code provides in part that:

> (a)(1)  Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.

11 U.S.C. § 1102(a)(1). Section 1102(a) vests in the United States Trustee the power to appoint -- and remove -- members of statutory committees. *See, e.g., In re McLean Industries, Inc.*, 70 B.R. 852, 856 (Bankr. S.D.N.Y. 1987) and *In re First Republic Bank Corp.*, 95 B.R. 58, 60 (Bank. N. D. Tex. 1988). Neither the Court nor any other party has the power to appoint or remove members of statutory committees. *Barneys*, 197 B.R. at 440.

In cases filed before the enactment of the BAPCPA, the Court has the authority to review the United States Trustee's decisions regarding committee membership under 11 U.S.C. §§ 105 to ensure that the United States Trustee did not act arbitrarily or capriciously or otherwise abuse her discretion. *Id.* Earlier in these cases, this Court reviewed the United States Trustee's decision to decline to appoint Law Debenture to the Creditors' Committee under the standard articulated in *Barneys*. *See* Transcript of Omnibus Hearing Before the Honorable Robert D. Drain, United States Bankruptcy Judge held January 5, 2006 (the "Transcript"), at 166, lines 16-25. The Court denied a motion filed by Law Debenture, finding that the United States Trustee acted properly.[2]  *See* Transcript, at 169, lines 1-5.

If the Debtors or any other party in these cases feels aggrieved by the United States Trustee's decision with respect to a statutory committee, they may seek judicial review of the

---

[2] Parties may also seek court review of the United States Trustee's decision to decline to form additional committees under Section 1102 under the *de novo* standard. *See In re Enron Corp.*, 279 B.R. 671, 684 (Bankr. S.D.N.Y. 2002). This Court granted a similar motion filed by Appaloosa earlier in these cases. *See* ECF Doc. No. 3024.

United States Trustee's action. At that time, the Court would be able to consider all of the facts underlying the United States Trustee's decision, unlike here where the Debtors are asking the Court to constrain a future decision without any facts. Section 105 does not authorize, and the Debtors cannot obtain, a Court order preventing the United States Trustee from taking action to appoint or remove a committee member in the exercise of her statutory duties.

**IV.    CONCLUSION**

WHEREFORE, the United States Trustee requests that the Court sustain her objections, deny the Motion and grant other relief as is just.

Dated: New York, NY
       January 9, 2008

                                          Respectfully Submitted,

                                          DIANA G. ADAMS
                                          UNITED STATES TRUSTEE

                            By:    /s/ Alicia M. Leonhard
                                        Alicia M. Leonhard (AML-6060)
                                        Trial Attorney
                                        33 Whitehall Street, 21st Floor
                                        New York, New York 10004-2112
                                        Tel. No. (212) 510-0500
                                        Fax. No. (212) 668-2255

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:  January 10, 2008<br>Hearing Time:  2:00 p.m. |

------------------------------------------------------
In re:                                                                          :        Chapter 11
                                                                                     :
DELPHI CORP., *et al.*,                                              :        Case No. 05-44481 (RDD)
                                                                                     :
                                            Debtors.            :        (Jointly Administered)
------------------------------------------------------ x

## AFFIRMATION OF SERVICE

I, Alicia M. Leonhard, declare under penalty of perjury that:

1.  I am an attorney with the Office of the United States Trustee for Region 2 and the Southern District of New York.

2.  On January 9, 2008, I caused a true and correct copy of the United States Trustee's Objection to Debtors' Expedited Motion to Permit Opportunity for Statutory Committee Members to Participate in Exit Financing Syndication (the "Objection") to be served by facsimile and email upon each of the parties on the attached list.

3.  Service by facsimile was effected by faxing the Objection to the parties at the facsimile numbers on the attached list.

4.  Service by email was effected by transmitting the Objection to each of the parties at the email address on the attached list.

Dated: New York, NY
         January 9, 2008.

                                                                        /s/ Alicia M. Leonhard
                                                                        Alicia M. Leonhard

- 1 -

## SERVICE LIST

Robert J. Rosenberg, Esq.
Mark A. Broude, Esq.
Latham & Watkins LLP
885 Third Avenue, New York, NY 10022
Fax: 212.751.4864
Email: robert.rosenberg@lw.com
           mark.broude@lw.com

Donald S. Bernstein, Esq.
Brian Resnick, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Fax: 212.450.3092
Email: donald.bernstein@dpw.com
           brian.resnick@dpw.com

John Wm. Butler, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Fax:  312.407.8501
Email: jbutler@skadden.com

Kayalyn A. Marafioti, Esq.
Thomas J. Matz, Esq.
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, New York 10036
Fax: 212.735.2000
Email: kmarafio@skadden.com
           tmatz @skadden.com

Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10004
Fax: 212.859.4000
Email: bonnie.steingart@friedfrank.com