```
                                                                  1
 1

 2    UNITED STATES BANKRUPTCY COURT

 3    SOUTHERN DISTRICT OF NEW YORK

 4    Case No. 05-44481

 5    - - - - - - - - - - - - - - - - - - -x

 6    In the Matter of:

 7

 8    DELPHI CORPORATION, ET AL.,

 9

10              Debtor.

11

12    - - - - - - - - - - - - - - - - - - -x

13

14              U.S. Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              December 6, 2007

19              10:28 a.m.

20

21    B E F O R E:

22    HON. ROBERT D. DRAIN

23    U.S. BANKRUPTCY JUDGE

24

25
```

10

1    MR. BUTLER: The next objection I want to deal with,
2    Your Honor, is the objection filed by the IUE-CWA, at docket
3    number 11013. Similarly, Mr. Kennedy is here on behalf of the
4    IUE-CWA and they are not pursuing that objection at today's
5    hearing and are prepared to withdraw it. And Mr. Kennedy can
6    confirm that on the record.
7    MR. KENNEDY: That is correct, Your Honor.
8    THE COURT: Okay.
9    MR. BUTLER: The next objection I'd like to address
10   is the objection of the ad hoc trade committee, at docket
11   number 11042. We have reached a settlement with the ad hoc
12   trade committee that I believe has the concurrence of the
13   creditors' committee, participated in negotiating that
14   resolution and Mr. Rosner is here from Kasowitz on behalf of
15   the ad hoc trade committee. Essentially, Your Honor, and I'll
16   just read into the record, our understanding with them. "This
17   is in full and final settlement of any and all objections of
18   the ad hoc trade committee to the disclosure and plan
19   confirmation process, including without limitation, the
20   disclosure statement, the proposed investment agreement
21   amendment and the plan of reorganization, including plan
22   confirmation matters. Unless subsequent to this settlement the
23   debtors' propose a material modification to the plan that has a
24   material adverse affect on the treatment of general unsecured
25   creditors under the plan. The two things we have agreed to do

1   with respect to the ad hoc trade committee, is first we've
2   agreed to use commercially reasonable efforts to reconcile, and
3   if agreed, allow on or before the confirmation date trade
4   claims held by members of the ad hoc trade committee.  They're
5   identified by both, holder and claim number, conforming to the
6   official claims register in these Chapter 11 cases, in writing
7   to the debtors by no later than December 10, 2007."  And given
8   where we are, Your Honor, in the claims administration process
9   we don't view that to be an undue burden on the estates.
10           THE COURT:  Okay.
11           MR. BUTLER:  The second item is, we have
12  previously -- Your Honor had previously approved that provision
13  that would have reimbursed up to 750,000 dollars of reasonable
14  and documented professional fees and expenses for the
15  committee.  That cap contained in the prior order would be
16  increased to 1.5 million.
17           THE COURT:  And that's subject to application?
18           MR. BUTLER:  Yes.  I believe that ultimately we've
19  agreed to that.
20           MR. ROSNER:  David Rosner, Your Honor.  Actually, we
21  didn't discuss that.  I thought our understanding was that
22  would be it.  So obviously --
23           THE COURT:  I'm going to have to review it obviously.
24  The committee and the debtor can agree not to object to it, but
25  I'm going to have to review it.

                                                                  12

1        MR. ROSNER:  Okay.  And I believe that's the answer,
2   Your Honor.
3        THE COURT:  Okay.  And on the first point, is this a
4   review process that you're agreeing to do on an expedited basis
5   or are you going -- you're not agreeing to allow all their
6   claims just as filed, are you?
7        MR. BUTLER:  No.  We're agreeing to reconcile the
8   claims.  As Your Honor knows, from the claims protract process
9   1, we have reconciled substantially all of the trade claims of
10  this case at this point.  They want to make sure that to the
11  extent that we haven't reconciled their claims they want them
12  reconciled.  And if agreed, meaning that we agree with them and
13  they agree with us to our reconciliation, that they would --
14  that we would then put those on for allowance.
15       THE COURT:  Okay.  All right.
16       MR. ROSNER:  Your Honor, the issue here is -- to be
17  brief, is that give a twenty-day period in which to exercise or
18  transfer of rights is a very short time frame.  The
19  reconciliation process is key to members of our committee and a
20  key component to (indiscernible - not speaking near a
21  microphone)
22       THE COURT:  Okay.
23       MR. ROSNER:  I think Mr. Butler was accurate before.
24       THE COURT:  Very well.
25       MR. BUTLER:  And, Your Honor, we have reviewed that

13

1  settlement with the unsecured creditors' committee who I
2  believe also support the settlement.  Mr. Rosenberg, is that
3  correct?
4              MR. ROSENBERG:  That's correct, Your Honor.
5              THE COURT:  Okay.
6              MR. BRILLIANT:  Your Honor, Allan Brilliant on behalf
7  of certain bondholders that filed some objections in connection
8  with the matter.  We learned about the settlement with the ad
9  hoc trade committee just a few moments ago.  We obviously
10 reserve all our rights to object to the fee application when it
11 occurs.  And our understanding is that if Your Honor is not
12 approving the settlement from the standpoint of increasing the
13 cap at this point but instead just agreeing with debtor and the
14 creditors' committee reserve -- agree not to object.
15             THE COURT:  That's right.  And before anyone else
16 stands up, no one has to reserve any rights.  They're reserved.
17             MR. BRILLIANT:  Thank you, Your Honor.
18             THE COURT:  Okay.
19             MR. BUTLER:  Your Honor, the next objections that I'd
20 like to address are the objections of the official committee of
21 unsecured creditors.  They have filed three objections in this
22 case at docket numbers 10805, 11037 and 11290.  The first of
23 those two objections which were comprehensive in their scope,
24 objections at docket numbers 10805 and 11037 had been settled
25 between the creditors' committee and the debtors, and are to be