ARENT FOX LLP
Mary Joanne Dowd (MD-0743)
1050 Connecticut Avenue, NW
Washington, DC  20036-5339
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395
        and
1675 Broadway
New York, NY 10019
Telephone:  (212) 484-3900

Return Date:  January 25, 2008 at 10:00 am

*Attorneys for Audio MPEG, Inc. and SISVEL*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al*., | Case No.: 05-44481 (RDD) |
| Debtors. | Jointly Administered |
| AUDIO MPEG, INC. and<br>SOCIETA' ITALIANA PER LO SVILUPPO<br>DELL'ELETTRONICA, S.I.SV.EL., S.p.A., | |
| Movants, | |
| v. | |
| DELPHI CORPORATION, *et al*., | |
| Respondents. | |

**MOTION OF AUDIO MPEG, INC. AND SISVEL TO MODIFY
AUTOMATIC STAY TO PERFORM AUDIT UNDER LICENSE AGREEMENT**

Audio MPEG, Inc. ("Audio MPEG") and Societa' Italiana per lo Sviluppo

dell'Elettronica, S.I.SV.EL., S.p.A. ("SISVEL," together with Audio MPEG, "Licensors"), by

counsel, pursuant to 11 U.S.C. § 362(d)(1), Rule 4001 of the Federal Rules of Bankruptcy

Procedure and Local Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, seek a modification of the automatic stay to perform an audit of the Debtors' books and records in accordance with the License Agreement (defined below) or, in the alternative, a determination that the stay is not applicable. In support, Licensors state as follows:

## PRELIMINARY STATEMENT

1. The Debtors have failed to comply or timely comply with their quarterly reporting requirements under the License Agreement and appear to have severely under-reported their use of the Licensed Products (as defined in the License Agreement). Consequently, based on these facts, Licensors believe that they have not been paid royalties to which they are entitled. To the extent the automatic stay is applicable, the Licensors seek relief therefrom to perform an audit of the Debtors' books and records as authorized by the License Agreement (the "Audit").

## BACKGROUND

2. On August 7, 2003, the Licensors and Delco Electronics Corporation ("Delco")[1] executed that certain License Agreement (the "License Agreement") whereby Licensors granted Delco and its controlled companies, non-transferable, non-assignable, non-exclusive licenses under certain US and non-US patents (the "Licenses"). On or about April 4, 2005, Licensors and Debtors executed the 2005 Addendum to the 2003 Consumer Hardware Agreement among Audio MPEG, Inc., S.I.SV.EL., S.P.A. and Delco Electronics Corporation (the "2005 Addendum," collectively with the License Agreement, the "License Agreement"), which modified the royalty rate, and provided that royalty statements be filed quarterly rather than annually and that royalty payments be made quarterly beginning with the first quarter of 2005.

---

[1] Delco reportedly merged into the Debtor Delphi Automotive Systems LLC. Delco and any successor entities and controlled companies using the Licensed Products are collectively referred to as the "Debtors."

3.      In consideration for the Licenses, Debtors agreed to pay Licensors royalties based on Debtors' uses of Licensed Products. In the first instance, Licensors are made aware of the Debtors' use of the Licensed Products, and the total royalties owed, by the Debtors' submission of royalty accounting statements.

4.      The License Agreement permits Licensors to inspect the books and records of Debtors to ensure compliance with the License Agreement and verify that Debtors are accurately reporting the uses of the Licensed Products and paying the appropriate royalties.

5.      Debtors' reported uses of the Licensed Products have drastically and inexplicably declined for the post-petition period. In addition, Debtors have failed to report at all in several post-petition quarters.

6.      Accordingly, Licensors desire to conduct the Audit provided for in the License Agreement. Licensors are required to give seven days written notice of the Audit. A copy of the proposed notice regarding the Audit is attached hereto as **Exhibit 1**.

## RELIEF REQUESTED

7.      Arguably, the automatic stay does not stay the Audit and, if the stay does apply to the Audit, the stay would not apply to post-petition periods. However, in the abundance of caution, and to the extent the stay applies, Licensors seek relief from it to conduct the Audit.

8.      Section 362(d) of the Bankruptcy Code provides that a Court may grant a party in interest relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). There is no rigid test for determining whether "cause" exists; it is determined on a case-by-case basis. *In re Balco Equities, Inc., Ltd.,* 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004).

9.      The balance of the equities here favors the Licensors. The Debtors have conducted their business and operated with the benefit of the Licensed Products both before and

after filing for bankruptcy protection and are believed to want to continue to operate under the License Agreement after confirmation of their plan. Yet, at least since filing their bankruptcy cases, they have both failed to file reports and apparently failed to fully and properly report their use of the Licensed Products. Licensors' interests have been and continue to be severely prejudiced by the incorrect reports and will be further prejudiced if the issue is not addressed. The Audit, the costs of which are paid by the Licensors unless the Audit verifies there has been under-reporting over a certain level, in which case the Audit costs shift to the Debtors, is the most expeditious and equitable method of addressing the disparity in claimed uses and is essential under these circumstances.

10. Further, without completion of the Audit on a relatively expedited basis, Licensors' potential claims against Debtors will be prejudiced as a result of the deadlines set forth in Debtors' proposed plan of reorganization.

11. Accordingly, cause exists to grant the Licensors relief from the automatic stay to perform the Audit as set forth in the License Agreement.

## NOTICE

12. Notice of this Motion has been provided to (i) counsel to the Debtors, (ii) the Debtors, in accordance with the terms of the License, (ii) the Office of the United States Trustee, and (iii) all parties required to be noticed pursuant to the case management order entered by this Court in these jointly administered chapter 11 cases. Licensors submit that this notice is adequate and that no further notice is necessary.

## WAIVER OF MEMORANDUM OF LAW

13. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, Licensors respectfully request that the Court waive the requirement that it file a

4

memorandum of law in support of this Motion because the Motion presents no new or novel issues of law and sets forth the relevant points of authority.

14. No previous application for the relief sought herein has been made in this or any other Court.

WHEREFORE, for the reasons stated above, in the event the automatic stay applies, Licensors respectfully request that this Court enter an order (i) modifying the automatic stay to allow Licensors to perform the Audit as set forth in the License Agreement, and (ii) granting such other relief as is just and proper.

Respectfully submitted,

Dated: January 8, 2008

/s/ Mary Joanne Dowd
Mary Joanne Dowd (MD-0743)
Jeffrey N. Rothleder
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone: 202-857-6000
Facsimile: 202-857-6395
Email:  dowd.mary@arentfox.com
        and
1675 Broadway
New York, NY 10019
Telephone:  (212) 484-3900

*Counsel to Audio MPEG, Inc. and SISVEL*

5