BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: German Yusufov (GY 1553)
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
AZ State Bar No. 023544
Attorney for Creditor Pima County

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
In re:                              :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                  Debtors.          :   (Jointly Administered)
                                    :
-----------------------------------x

PIMA COUNTY'S OBJECTION TO DEBTORS' FIRST AMENDED JOINT PLAN OF
REORGANIZATION

COMES NOW secured creditor Pima County, by and through undersigned counsel, and objects to the confirmation of Debtors' First Amended Joint Plan of Reorganization for the reasons stated below.

1. Pima County holds a secured claim for personal property taxes against Debtor Delphi Automotive Systems for tax year 2005, in the amount of $8,075.92 plus statutory interest.

2. Pima County's claim is secured by a first priority statutory lien on the personal property on which the taxes are owed. See Arizona Revised Statutes § 42-

1

17154; *see also Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 17 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

3. This lien includes post-petition interest at the statutory rate of sixteen per cent. *See* A.R.S. § 42-18053 and A.R.S. § 42-17153; *see also* 11 U.S.C. 506(b) (providing that the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose); *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989) (holding that 506(b) "entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding"); *In Re Marfin Ready Mix Corp.*, 220 B.R. 148, 153-158 (E.D.N.Y. 1998) (city entitled to post-petition interest at statutory rate under § 506(b)); *Bondholder Comm. v. Williamson County*, 43 F.3d 256, 262 (6th Cir. 1994) (upholding the bankruptcy court's holding that county was entitled to post-petition interest, up to the date of payment, on unpaid local property taxes).

4. Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2).

5. The First Amended Plan ("Plan"), while providing in section 5.1 that secured claimants will retain their liens on Debtors' property, specifically exempts secured tax claims from such treatment, instead providing that such claims will be paid under the provisions governing payment of priority tax claims.

6. Those provisions, in turn, do not provide for the secured tax creditor's retention of its lien on Debtors' property, thus attempting to impermissibly strip Pima County's lien.

7. Moreover, section 9.8 of the Plan provides that no payments will be made on any portion of a disputed claim until all objections to the claim are resolved and the claim is allowed, further providing that any payments on disputed claims that are ultimately allowed must come from the distribution reserve established under the Plan, and that creditors have no recourse against the Debtors to the extent the distribution reserve is insufficient to pay the claims.

8. Thus, the Plan effectively gives the Debtors the power to convert non-dischargeable, first priority secured tax claims into unsecured claims payable only to the extent the necessary funds are set aside by the Debtors.

9. Pima County's claim is a prime example of this. The Debtors have filed a facially groundless objection to Pima County's claim, and, although Pima County has filed a response to the objection seven months ago, the Debtors have continued the hearing on their objection to Pima County's claim for the past seven months with no apparent intent to schedule a hearing any time soon, and, more importantly, have failed to withdraw the objection.

10. The Plan's treatment of secured tax claims, including Pima County's claim, violates 11 U.S.C. § 1123(a)(5)(E) (plan must provide for satisfaction of liens); *see also Raleigh v. Illinois Dep't of Revenue*, 530 U.S. at 17; A.R.S. § 42-17153(C)(2).

11. Furthermore, the Plan violates 11 U.S.C. § 1129(a)(7), which "requires that each holder of a claim or interest either accept the plan or receive or retain property having a present value, as of the effective date of the plan, not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7."[1] *In re*

---

[1] While § 1129(a)(7) applies only to claims of impaired classes, and the Plan states that tax claimants are not impaired, "[a] statement that a class is not impaired does not necessarily make it so. A creditor may

*Drexel Burnham Lambert Group*, 138 B.R. 723, 761 (S.D.N.Y. 1992). Under both bankruptcy and state law applicable in a liquidation, Pima County would be entitled to payment of its tax claim in full, including both the principal and the pre- and post-petition interest up to the value of the property securing its claim. Therefore, the Debtors' Plan cannot be confirmed unless it provides for Pima County's retention of its liens on Debtors' property, and for the payment of its claim in full, including interest at the statutory interest rate up to the date of payment.

12.    The Plan also violates § 1129(a)(7) to the extent it gives Debtors the option to pay Pima County's secured tax claim over a period of six years. Because Pima County's claim includes statutory interest of 16% per annum up to the date of payment, extending the payment schedule over several years is likely to result in the overall claim amount exceeding the value of the property securing the claim, in turn causing part of Pima County's claim to become unsecured and consequently reducing Pima County's recovery.

WHEREFORE, Pima County respectfully requests that the Court deny confirmation of the Debtors' First Amended Joint Plan of Reorganization unless it is amended to provide for Pima County's retention of its liens on Debtors' property, and for

//

//

//

---

assert that he is improperly treated as unimpaired." *In re Forrest Hills Associates, Ltd.*, 18 B.R. 104 (D. Del. 1982); *see also In re L & J Anaheim Assocs.*, 995 F.2d 940, 942 (9th Cir. 1993) ("Whether or not a claim is impaired under 11 U.S.C.S. § 1124 is a question of law"). As discussed in the body of the objection, the Plan in fact impairs Pima County's claim, as well as claims of secured tax creditors in general.

the payment of its claim in full on the Effective Date, including interest at the statutory interest rate up to the date of payment.

Dated this 9th day of January, 2008.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

/s/ German Yusufov
German Yusufov (GY 1553)
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
Attorney for Creditor Pima County

## CERTIFICATE OF SERVICE

I, Gina Inman, certify that on the 9th day of January, 2008, I caused to be served a true and correct copy of Pima County's Objection to Debtors' First Amended Joint Plan of Reorganization on the following:

Hon. Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606-1285
Att'n:   John Wm. Butler, Jr.
         George N. Panagakis
         Ron E. Meisler
         Nathan L. Stuart
Counsel for the Debtors

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Att'n:   Kayalyn A. Marafioti
         Thomas J. Matz
Counsel for the Debtors

The Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004
Att'n:   Alicia M. Leonhard

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Att'n:   Robert J. Rosenberg
         Mitchell A. Seider
         Mark A. Broude
Counsel for the Creditors' Committee

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Att'n:   Brad E. Scheler
         Bonnie K. Steingart
         Vivek Melwani
Counsel for the Equity Committee

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10022
Att'n:   Donald S. Bernstein
         Brian M. Resnick
Counsel for the Postpetition Lenders

Simpson Thacher & Bartlet LLP
425 Lexington Avenue
New York, New York 10017-3954
Att'n:   Kenneth S. Ziman
Counsel for the Exit Lenders

A-D Acquisition Holdings, LLC
c/o Appaloosa Management L.P.
26 Main Street
Chatham, New Jersey 07928
Att'n: James E. Bolin
Plan Investors

White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131-2352
Att'n:   Thomas E. Lauria
         Michael C. Shepherd
Counsel for Plan Investors

6

| | |
|---|---|
| White & Case LLP | Weil, Gotshal & Manges LLP |
| 1155 Avenue of the Americas | 767 Fifth Avenue |
| New York, New York 10036-2787 | New York, New York 10153 |
| Att'n: Gerard H. Uzzi | Att'n: Jeffrey L. Tanenbaum |
| Glenn M. Kurtz | Michael P. Kessler |
| Douglas P. Baumstein | Robert J. Lemons |
| Counsel for Plan Investors | Counsel for General Motors Corporation |

*/s/ Gina Inman*
Gina Inman