GOODWIN PROCTER LLP  
599 Lexington Avenue  
New York, New York  10022  
(212) 813-8800  
Allan S. Brilliant (AB 8455)  
Craig P. Druehl (CD 2657)  
Meagan E. Costello (MC 0962)  

    - and -  

GOODWIN PROCTER LLP  
Exchange Place  
Boston, Massachusetts  02109  
(617) 570-1330  
Gina Lynn Martin (GM 1324)  

Attorneys for Caspian Capital Advisors,  
LLC; CR Intrinsic Investors, LLC; Davidson  
Kempner Capital Management LLC; Elliott  
Associates, L.P.; Nomura Corporate Research & Asset  
Management, Inc.; Northeast Investors Trust;  
and Whitebox Advisors, LLC  

Hearing Date: January 17, 2008, 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------x  

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

**OBJECTION OF CASPIAN CAPITAL ADVISORS, LLC; CR INTRINSIC INVESTORS, LLC; DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH & ASSET MANAGEMENT, INC.; NORTHEAST INVESTORS TRUST; AND WHITEBOX ADVISORS, LLC TO MOTION OF FIDUCIARY COUNSELORS, INC. FOR ORDER ESTIMATING CLAIMS FOR PURPOSES OF <u>VOTING ON PLAN OF REORGANIZATION</u>**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Caspian Capital Advisors, LLC; CR Intrinsic Investors, LLC; Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc.; Northeast Investors Trust; and Whitebox Advisors, LLC or any respective affiliates thereof or funds and accounts directly managed by each of the foregoing (each, a "Creditor"), each in their individual capacity as a creditor of Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the "Debtors"), by and through their counsel, Goodwin Procter LLP, hereby file this objection to the Motion of Fiduciary Counselors, Inc. for Order Estimating Claims for Purposes of Voting on Plan of Reorganization [Docket No. 11618] (the "Motion"), and respectfully state as follows:

## OBJECTION

1. The Motion seeks an order estimating for voting purposes certain claims filed on account of the Debtors' six pension plans allegedly aggregating in excess of $2 billion (the "Pension Claims").[1] Each of the Creditors objects to the Motion to the extent it seeks allowance of the Pension Claims for voting purposes in Class 1C General Unsecured Claims of yet more claims that are not substantially similar (as required by section 1122 of the Bankruptcy Code) to the Senior Note claims which are also classified in Class 1C.

2. <u>First</u>, it is not clear that the Pension Claims should be entitled to vote at all, even in the amount of $1.00, since under section 7.22(e) of the Debtors' Plan of Reorganization (the "Plan"), if confirmed, the pension plans will each be assumed. Moreover, the Plan provides that

---

[1] Exhibit "B" to the Motion indicates that the full amount of the claims asserted for voting purposes does not take into account conditional waivers granted for plan years ending 9/30/06 and 9/30/07. Any claim allowed for voting purposes should take the waivers into account. Further, the Motion does not indicate any impact of the Labor MOUs on the Pension Claims. To the extent other parties have assumed or will have assumed liability for the Pension Claims, this should be taken into account in any amount allowed for voting purposes, if any.

2

nothing in the Plan releases, discharges, or relieves the Debtors from minimum funding with respect to the pension plans.  Further, section 7.22(e) of the Plan provides that the pension plans are not enjoined or precluded by the Plan or confirmation order from seeking to enforce such liability against the Reorganized Debtors.  Claims on account of executory contracts and unexpired leases assumed under a plan are not entitled to vote.  See Phoenix Mutual Life Insurance Co. v. Greystone III Joint Venture (In re Greystone III Joint Venture), 995 F.2d 1274, 1281 (5th Cir. 1991) (where debtor expressly assumes a lease, lessee has no claim under Section 1126 and is not entitled to vote on a plan); see also Boston Post Road L.P. v. Federal Deposit Insurance Corp. (In re Boston Post Road L.P.), 21 F.3d 477, 484 (2d Cir. 1994) (citing Greystone III for same proposition).  Thus, there is no reason that the movant should be entitled to vote the Pension Claims to accept or reject the Plan.  Thus, any vote cast by the movant should be stricken.

        3.      Second, even if the movant were properly entitled to vote on the Plan, to the extent the movant has any valid claims at all, under the Plan, they would either be cure claims, administrative expense claims, priority claims, claims that would ride through the bankruptcy case, or should otherwise be treated as Flow-Through Claims on account of Employee-Related Obligations.  In addition to the operation of the Plan, this result is supported by Exhibit "A" to the Motion, which demonstrates that the movant sought administrative expense treatment for post-petition amounts or section 507(a)(4) priority treatment of the Pension Claims in the first instance.  Accordingly, to the extent the movant were entitled to vote at all, it should not be entitled to vote the Pension Claims as General Unsecured Claims, and certainly not together in a single class with the Senior Notes in Class 1C.

3

WHEREFORE, based on the foregoing, the Creditors respectfully request that the Court deny the relief sought in the Motion, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 9, 2008

                GOODWIN PROCTER LLP

                By:   /s/ Allan S. Brilliant
                Allan S. Brilliant (AB 8455)
                Craig P. Druehl (CD 2657)
                Meagan E. Costello (MC 0962)
                599 Lexington Avenue
                New York, New York 10022
                (212) 813-8800

                - and -

                GOODWIN PROCTER LLP
                Gina Lynn Martin (GM 1324)
                Exchange Place
                Boston, Massachusetts 02109
                (617) 570-1330

                Attorneys for Caspian Capital Advisors, LLC;
                CR Intrinsic Investors, LLC; Davidson Kempner
                Capital Management LLC; Elliott Associates, L.P.;
                Nomura Corporate Research & Asset Management,
                Inc.; Northeast Investors Trust; and Whitebox
                Advisors, LLC