UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re                                : Chapter 11
                                     :
DELPHI CORPORATION, et al.,          : Case No. 05-44481 (RDD)
                                     :
                   Debtors.          : (Jointly Administered)
-----------------------------------------------------x

## SUPPLEMENTAL NOTICE OF TRANSFER OF
## CLAIM OTHER THAN FOR SECURITY

On July 25th, 2006, **Sierra Liquidity Fund, LLC** (the "Transferee") filed a notice of transfer from **Sofanou Inc of Texas** (the "Transferor") to the Transferee. *See* (Docket No. 4673) (the "Transfer Notice"). Attached to the Transfer Notice were certain documents confirming the terms of that transfer (the "Transfer Documentation"). Pursuant to Bankruptcy Rule 3001(e)(1), after an opportunity for objections and upon notice to the Transferor, the Transferee was substituted for Transferor with respect to the Claim and, the Transferee believes, the official claims register was updated accordingly.

Upon information and belief, on or about December 21, 2007, the Debtors sent a Notice of Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") to the Transferor pursuant to the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures For Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures (the "Solicitation Order"). The Cure Notice sets forth the Debtors' proposed cure amount with respect to a portion of the Claim (the "Cure Amount") and provides an opportunity to challenge or elect treatment of that amount under the

Debtors' proposed plan. Pursuant to the Solicitation Order, the Debtors only served the Transferee with a Notice to Holders, Assignees, Transferees, and Purchasers of Claims of Cure Procedures Established Under Solicitation Procedures Order, which is a generic notice that fails to identify critical pertinent information such as the Transferor, the relevant assumed contract, the proposed cure amount, or the Claim.

Pursuant to the Transfer Documentation (which was attached to the Transfer Notice), the Transferee is vested with the rights and powers to elect the form of treatment of the Cure Amount and to oppose the proposed Cure Amount, as necessary. The Transferee has undertaken all reasonable efforts to ensure that the Transferor properly respond to the Cure Notice (in the manner directed by the Transferee) by the established deadline of January 11, 2008. However, because of insufficient information provided by the Debtors and the short timeframe posed -- further shortened by the intervening holidays and the two week shutdown in the automotive industry -- that task has proved impossible. As such, the Transferee timely has submitted to Kurtzman Carson Consultants LLC, the Debtors' claims agent, a notice in substantially the same form as the Cure Notice addressing the proposed cure amount in the Cure Notice and electing treatment thereof. A copy of that notice is attached hereto as Exhibit "A".

Pursuant to the Transfer Documentation, the Transferee, not the Transferor is entitled (i) to oppose the proposed cure amount, as necessary, (ii) to elect treatment under the Cure Notice, and (iii) to receive any distributions made on account of the Claim pursuant to the Cure Notice or otherwise. Nothing herein shall be deemed to waive or release any of the Transferee's rights arising under or as a result of the Transfer Notice and the Transfer Documentation, all of which are expressly reserved herein.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

[Deadline to Objection: The Transferor of the claim is hereby notified that objections to this supplemental notice must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the Court, the Transferee will be deemed substituted for the Transferor, in all respects relating to the Claim, without further order of the court.]

Date: 1/9/08

By: _____

James S. Riley
President
Sierra Liquidity Fund, LLC

Mr. James S. Riley
Attorney-in-Fact and Assignee for Sofanou Inc. of Texas
c/o Sierra Liquidity Fund, LLC
2699 White Road, Suite 255
Irvine, CA 92614
(949) 660-1144, ext. 17
saugust@sierrafunds.com

Attn:   Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
Attn: Delphi Cure Claims

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession
John Wm. Butler, Jr.
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

## RE:  LETTER OF INSTRUCTION REGARDING CURE PAYMENT

January 8, 2008

On January 10th, 2006, Sofanou Inc. of Texas ("Sofanou Texas") assigned their pre-petition bankruptcy claim against Delphi Corporation, et al. ("Delphi"), (Case # 05-44481), to Sierra Liquidity Fund, LLC ("Sierra") including the rights to any unpaid amounts due from any executory contracts that may be assumed or assumed and assigned. (the "Transfer"). The Transfer appointed Sierra as the Attorney-in-Fact for Sofanou Texas.

On or about January 2nd, 2008, Delphi sent Sofanou Texas a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under the Plan of Reorganization (the "Cure Notice"). The cure notice referenced the contracts and respective cure amounts attached hereto in Exhibit A.

Sierra Liquidity Fund, LLC is the proper owner of any amounts due pre-petition from Delphi to Sofanou Texas, including any amounts due as a result of a cure payment on account of the assumption of any executory contract. (Please see the attached Transfer of Claim Agreement dated 1/10/2006 by and between Sofanou Texas and Sierra Liquidity Fund, LLC.)

While Sierra has made every attempt, in the brief period of time given prior to the January 11th, 2008 deadline for the Cure Notice, to contact Sofanou Texas regarding the Cure Notice, our attempts have been unsuccessful.

**Accordingly, this letter serves to directly instruct and authorize Delphi and/or Kurtzman Carson Consultants LLC, as claims agent for Delphi, to cure the executory contracts as referenced in Exhibit A (attached) and remit the total Cure Payment payable in cash in the amount of $1,383.60 to:**

**Sierra Liquidity Fund, LLC
Assignee and Attorney-In-Fact for Sofanou Inc. of Texas
2699 White Road, Suite 255
Irvine, CA 92614
949-660-1144**

Regards,

*[signature]*

Mr. James S. Riley
Attorney-in-Fact and Assignee for Sofanou Inc. of Texas
c/o Sierra Liquidity Fund, LLC
2699 White Road, Suite 255
Irvine, CA 92614

# Exhibit A

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 40643 | $956.00 |
| 53708 | $427.60 |

## Transfer of Claim

### Delphi Automotive Systems, LLC, Delphi Corporation, et al.

This agreement (the "Agreement") is entered into on January 10, 2006 ("Effective Date") between **Sofanou, Inc.** ("Assignor") and Sierra Liquidity Fund, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor in consideration of the sum of _____ of the current amount outstanding on the Assignor's trade claim, (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to the claims which are listed on the attached Schedule 1, including the right to amounts owed under executory contracts and cure amounts related to the potential assumption and cure of any contracts which are listed on the attached Schedule 1 (the "Claim") against Delphi Automotive Systems, LLC, Delphi Corporation, et al. (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of New York, Southern District, in the current amount of **$201,493.11** ["the Claim Amount"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments arising from a contract assumption, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below, and as evidenced by a Proof of Claim with supporting documentation which has been filed by the Assignor with the Bankruptcy Court and the Claims Agent. This assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2. The parties agree and understand that the transfer of the Claim from the Assignor to Assignee contemplated in this agreement will occur subject to and concurrent with the payment of the Purchase Price to from Assignee to Assignor and that payment will occur on the Effective Date of this Agreement.

3. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that, according to the actual knowledge of Mark D. Blanke, the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

4. Assignor further represents and warrants that, according to the actual knowledge of Mark D. Blanke, no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

5. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, and should the Bankruptcy Court determine that because of such failure to repay the Debtor is entitled to offset the payment on the Claim Amount by the amount of the unpaid preferential payment, then Assignee, solely at its own option, shall be entitled to

make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor.

6. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim. Assignee acknowledges that, except as set forth in this agreement, neither Assignor nor any agent or representative of Assignee has made any representation whatsoever to Assignee regarding the amount or validity of the Claim, or any other matter relating to the proceedings, except as specifically contained herein.

7. In the event that the Claim is disallowed, reduced, subordinated, or impaired by reason of a material defect in the validity of the claims listed on Schedule 1, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 4% (Four Percent) interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

8. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney for the limited purpose of authorizing Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. However, in no instance should the grant of authority in the preceding sentence permit Assignee to bind Assignor, create a liability or obligation for Assignor, or enter Assignor into any contract or agreement. Assignor grants unto Assignee the limited authority to do those things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents. However, if Assignee chooses at its discretion to not make a good faith effort to defend or enforce the Claim or any portion thereof, Assignee shall not be entitled to any form of reimbursement of indemnity under paragraphs 5 or 7 of this agreement.

9. Assignor shall make all reasonable efforts to forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time. However, in no event shall the Assignors failure to forward any notices received from the Debtors be construed as a breach of this Agreement or any representations, warranties

{31927\4\DT169368.DOC;2}

or covenants hereunder. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

10. In the event of any dispute arising out of or relating to this Agreement, whether or not a suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the parties expressly agree and understand that in no event shall the prevailing party be entitled to any amount in excess of the Purchase Price. Furthermore, any and all representations, warranties or indemnities made in this Agreement shall expire upon the earlier of ninety (90) days after (i) the entry of a final order confirming a plan of reorganization or (ii) the payment to the Assignee by the Debtors of any amount in settlement of the Claim.

11. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

12. Assignor hereby acknowledges that Assignee may, upon prior written notice to Assignor, further assign the Claim together with all rights, title and interests of Assignee under this Agreement. Any and all representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

13. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan. Any action arising under or relating to this Agreement may be brought in any state or federal court located in Michigan, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**Please include invoices, purchase orders, and/or proofs of delivery that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

{31927\4\DT169368.DOC;2}

IN WITNESS WHEREOF, the parties have agreed that this Agreement is executed and effective as of the date first written above.

| ASSIGNOR | ASSIGNEE |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Mark D. Blanke, CFO | Mr. James S. Riley, President |
| **Sofanou Inc.** | **Sierra Liquidity Fund, LLC** |
| 2840 Auburn Court | 2699 White Road, Ste. 255 |
| Auburn Hills, MI 48326 | Irvine, CA 92614 |
| 248-852-7344 ext 5218 | 949-660-1144 |

{31927\4\DT169368.DOC;2}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
            In re                             :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on September 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed their Joint Plan of Reorganization dated September 6, 2007 (as subsequently amended, supplemented, or otherwise modified, the "Plan") and their disclosure statement with respect to the Plan (as subsequently amended, supplemented, or otherwise modified, the "Disclosure Statement") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Bankruptcy Court entered an order on October 3, 2007 (the "Solicitation Procedures Order") (Docket No. _____) approving the adequacy of the Disclosure Statement and certain procedures in connection with solicitation of votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on November 9, 2007. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in cash and new common stock of reorganized Delphi in the proportions set forth in the Plan.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

### Step 1

Please check one of the boxes below:

- [✓] Yes, I agree with the Cure Amount listed on Schedule 1 **(complete Step 2 below)**
- [ ] No, I disagree with the Cure Amount listed on Schedule 1 **(skip Step 2 and go to Step 3 below)**



*[Handwritten annotation:] Sierra Liquidity Fund LLC is the Attorney-in-Fact & Assignee of Sofanou Inc of Texas. Per the attached Letter of Instruction dated 01/08/08 and the attached Transfer of Claim Agreement, Sofanou Inc of Texas*

*Step 2 Instructs & Authorizes the Debtor to remit the Cure Payment in the amount of $1,383.60 directly to Sierra Liquidity Fund LLC Assignee & Attorney-in-Fact for Sofanou Inc of Texas, 2699 White RD Suite 255, Irvine CA 92614*

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓] I request payment of my Cure Amount in cash on the effective date of the plan (skip Step 3 and complete Step 4 below)

[ ] I request payment of my Cure Amount in the plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through December 31, 2007 at the Michigan Statutory Rate (all as defined in the plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on November 9, 2007. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by November 9, 2007 but timely file and serve an objection in accordance with the procedures outlined below, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures**. Objections to the proposed Cure Amount must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United

2

States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on November 9, 2007. **If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in cash and new common stock of reorganized Delphi in the proportions set forth in Article 5.3 of the Plan.**

Company Name: *Sofanov Inc of Texas*

By: *[signature]*

Print Name: *James S. Riley - President, Sierra Liquidity Fund LLC*

Title: *Attorney-In-Fact & Assignee for Sofanov Inc of Texas*

| | |
|---|---|
| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

3

Dated: New York, New York
October 29, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP
            John Wm. Butler, Jr. (JB 4711)
            George N. Panagakis (GP 0770)
            Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606

            - and -
            Kayalyn A. Marafioti (KM 9632)
            Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036

        Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

4

# Exhibit A

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 40643 | $956.00 |
| 53708 | $427.60 |