**Hearing Date:  February 7, 2008**
                                                  **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
|     In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                           Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOFS OF
CLAIM NOS. 9771 AND 9772 (NSS TECHNOLOGIES, INC., SPS TECHNOLOGIES
WATERFORD COMPANY, AND BEAR STEARNS INVESTMENT PRODUCTS INC.)

("SUPPLEMENTAL REPLY – NSS, SPS, AND BEAR STEARNS")

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Supplemental Reply With Respect To Proofs Of Claim Nos. 9771 And 9772 (NSS Technologies, Inc., SPS Technologies Waterford Company, And Bear Stearns Investment Products Inc.) (the "Supplemental Reply") and respectfully represent as follows:

Preliminary Statement

1.  Prior to October 8, 2005, the date the Debtors filed their bankruptcy petitions (the "Petition Date"), NSS Technologies, Inc. f/k/a National Set Screw Corp. ("NSS") and SPS Technologies Waterford Company f/k/a Terry Machine Company ("SPS" and, together with NSS, the "Claimants") supplied goods to DAS LLC. NSS filed proof of claim number 9771 ("Proof of Claim 9771") against DAS LLC, which asserts an unsecured non-priority claim in the amount of $977,354.65 for the sale of goods ("Claim 9771").[1] SPS filed proof of claim number 9772 ("Proof of Claim 9772" and, together with Proof of Claim 9771, the "Proofs of Claim") against DAS LLC, which asserts an unsecured non-priority claim in the amount of $72,034.20, also for the sale of goods ("Claim 9772" and, together with Claim 9771, the "Claims").[2]

2.  On August 24, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims

---

[1]  On February 1, 2007, NSS transferred Claim 9771 to Bear Stearns Investment Products Inc. ("Bear Stearns") pursuant to a notice of transfer (Docket No. 6797).

[2]  On February 5, 2007, SPS transferred Claim 9772 to Bear Stearns pursuant to a notice of transfer (Docket No. 6828).

2

Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

        3.      On September 19, 2007, the Claimants filed the Response Of SPS Technologies, LLC a/k/a SPS Technologies-Cleveland, NSS Technologies, Inc. SPS Technologies Waterford Company And Greer Stop Nut, Inc. To Debtors' Twentieth Omnibus Claims Objection (Docket No. 9422) (the "Response").[3]

        4.      The Claimants have failed to adequately support their claims and establish that the Debtors owe an outstanding liability to the Claimants in the amounts asserted in the Proofs of Claim.

Argument

        5.      The Claimants have failed to provide sufficient evidence to support their claims. The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f) . <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>see also</u> <u>In re Allegheny Intern., Inc.</u>, 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support

---

[3]   The Debtors note that the Claimants have not filed a supplemental response to the Twentieth Omnibus Claims Objection. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (the "Claims Objection Procedures Order"), the deadline for the Claimants to file a supplemental response was December 26, 2007.

3

claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case). Even if the allegations in the Proofs of Claim were sufficient to make prima facie claims, the Debtors have rebutted those claims by providing specific evidence refuting the validity of the Claims. To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the claim's legal sufficiency." In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, *4 (Bankr. S.D.N.Y. 2005) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir.1992)). Here, the Debtors have refuted the allegations that are essential to the Claims. The burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence . . . . The burden of persuasion is always on the claimant." Id. The Claimants have not met that burden.

      6.    The Claimants assert in the Proofs of Claim that DAS LLC owes them a total of $1,049,388.85 for goods sold. Because the Claimants have failed to file a supplemental response or any affidavits or declarations of witnesses, however, the Claimants have presented no evidence to support the Claims. By contrast, the Debtors' reconciliation process, as reflected in the declaration of Dean Unrue, reflects a deliberative and methodical attempt to reconcile

4

every one of the many invoices attached to the Proofs of Claim.  See Decl. Of Dean Unrue In Supp. Of Debtors' Supplemental Reply (the "Unrue Decl."), attached as Exhibit A hereto.[4]

    7.  The Debtors' books and records reflect that as of the Petition Date, DAS LLC owed $713,175.52 to NSS and $72,025.32 to SPS.  Unrue Decl. ¶ 16.  The Debtors cross referenced the amounts and invoices referenced in the Proofs of Claim with the Debtors' books and records.  Id. ¶ 5.  The Debtors noted that $80,700.00 of the alleged unpaid invoices included in Proof of Claim 9771 were postpetition invoices that were paid in the ordinary course of the Debtors' business.  Id. ¶ 9.  In addition, the Debtors noted that $86,001.07 of the alleged unpaid invoices included in the Proofs of Claim were prepetition invoices that already had been paid.  Id.  Then, the Debtors confirmed that the Claimants had failed to account for prepetition wire payments in the amounts of $132,044.94 and $97,425.57 when calculating the amount asserted in the Proofs of Claim.  Id. ¶ 11.  The Debtors also noted that the price charged on certain invoices included in the Proofs of Claim were different than the price provided for in the relevant purchase order, resulting in an understatement of $5,684.43 in Proof of Claim 9771 and an overstatement of $91.83 in Proof of Claim 9772.  Id. ¶ 12.  Other invoices, in the amount of $14,540.80, were accompanied by insufficient proof that the Claimants delivered the goods for which they billed the Debtors.  Id. ¶ 10.[5]  Still other invoices are for materials that have been returned by DAS LLC in the ordinary course of business, including materials returned because they were defective.  Id. ¶ 13.  The Claimants failed to recognize $14,005.07 of debits taken by

---

[4] The Debtors also expressly incorporate their entire Statement Of Disputed Issues With Respect To Proofs Of Claim Nos. 9771 And 9772 (NSS Technologies, Inc., SPS Technologies Waterford Company, And Bear Stearns Investment Products) (Docket No. 11423) into this Supplemental Reply.

[5] Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  See General Terms And Conditions, § 2.1, attached as Exhibit B to the Unrue Decl.

5

DAS LLC for returned material. Id. Finally, the Claimants included an invoice, in the amount of $12,519.91, for certain parts that were shipped as part of DAS LLC's production part approval process, in which DAS LLC makes sure that the parts it purchases from its suppliers conform to the agreed-upon specifications. Id. ¶ 14. DAS LLC does not pay for parts shipped as part of the production part approval process. Id. Taking into account the above amounts, the amounts of the Claims are reduced to $546,327.84 with respect to Claim 9771 and $71,717.25 with respect to Claim 9772.

8.  As noted above, however, DAS LLC's books and records reflect that, as of the Petition Date, DAS LLC owed $713,175.52 to NSS and $72,025.32 to SPS. Id. ¶ [●]. Accordingly, the Debtors concluded that the Claims should be limited to those amounts.

9.  After taking into account the above-referenced deductions and additions to the Claims, the Debtors reconciled the Claims as illustrated in the following charts:

| Claim 9771 | | |
|---|---|---|
| NSS Asserted Amount | | $977,354.65 |
| Modifications | Post-petition Invoices | ($80,700.00) |
| | Certain Invoices Have Been Paid | ($86,001.07) |
| | NSS Overpaid Prepetition | ($229,170.51) |
| | Proofs Of Claim Misstate Prices | $5,684.43 |
| | Proofs Of Delivery Not Provided | ($14,540.80) |
| | Returned Materials | ($13,779.95) |
| | Production Part Approval Process | ($12,518.91) |
| | Amounts Not Claimed | $166,847.68 |
| Reconciled Amount | | $713,175.52 |

6

| Claim 9772 | | |
|---|---|---|
| SPS Asserted Amount | | $72,034.20 |
| Modifications | Proofs Of Claim Misstate Prices | ($91.83) |
| | Returned Material | ($225.12) |
| | Amounts not Claimed | $308.07 |
| Reconciled Amount | | $72,025.32 |

10.   The Claimants failed to present any evidence demonstrating that DAS LLC owes the amounts listed in the invoices attached to the Proofs of Claim. By contrast, the Debtors carefully considered and reviewed each invoice and determined that it likely owes the Claimants no more than the total amount of $785,200.84 as of the Petition Date.

11.   For all the reasons discussed above, DAS LLC is not liable to the Claimants for the full amounts asserted in the Proofs of Claim. Accordingly, Claim 9771 should be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $713,175.52 and Claim 9772 should be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $72,025.32.

## Memorandum of Law

12.   Because the legal points and authorities upon which this Supplemental Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

7

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing Claim 9771 to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $713,175.52, (b) reducing Claim 9772 to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $72,025.32, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       January 9, 2008

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 9331)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession