IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et</u> <u>al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

# AFFIDAVIT OF PUBLICATION OF MARCUS EDMONDS IN THE USA TODAY (NATIONAL EDITION)

 7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400


GANNETT

## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Marcus Edmonds says that he is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: December 20, 2007 on the following legal advertisement- **In re DELPHI CORPORATION, et al.** published in the national edition of USA Today.

Principal Clerk of USA TODAY
January 7 2008

This 7th day of January month 2008 year.

Notary Public

Commonwealth of Virginia
Karen R. Levy - Notary Public
Commission ID: 287084
My Commission Expires 02/29/2008

05-44481-rdd    Doc 11845    Filed 01/10/08    Entered 01/10/08 01:00:24    Main Document
Pg 3 of 3

earing Date And Time: January 17, 2008 At 10:00 a.m.
Objection Deadline: January 11, 2008 At 4:00 p.m.

STATES BANKRUPTCY COURT
ERN DISTRICT OF NEW YORK
) Chapter 11
CORPORATION, et al., ) Case No. 05-44481 (RDD)
Debtors. ) (Jointly Administered)

CE OF (1) APPROVAL OF DISCLOSURE STATEMENT; (2)
ING ON CONFIRMATION OF PLAN; (3) DEADLINE AND
EDURES FOR FILING OBJECTIONS TO CONFIRMATION
N; (4) DEADLINE AND PROCEDURES FOR TEMPORARY
WANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;
ADLINE FOR ASSERTING CURE CLAIMS FOR ASSUMED
RACTS; (6) TREATMENT OF CERTAIN UNLIQUIDATED,
INGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING,
STRIBUTION PURPOSES; (7) RECORD DATE; (8) VOTING
DLINE FOR RECEIPT OF BALLOTS; AND (9) PROPOSED
LEASES, EXCULPATION, AND INJUNCTION IN PLAN

CREDITORS AND INTEREST HOLDERS, INCLUDING
SECURITY HOLDERS OF DELPHI CORPORATION AND ITS
ED DEBTORS-IN-POSSESSION

E TAKE NOTICE that Delphi Corporation ("Delphi") and
f its subsidiaries and affiliates, debtors and debtors-in-
n in the above-captioned cases (collectively, the "Debtors"),
iting acceptances of the First Amended Joint Plan Of
zation Of Delphi Corporation And Certain Affiliates, Debtors
ors-In-Possession (as may be further amended or modified,
") from holders of impaired claims and interests who are (or
ntitled to receive distributions under the Plan.

E TAKE FURTHER NOTICE that if the Plan is confirmed by the
ates Bankruptcy Court for the Southern District of New York
kruptcy Court") the terms of the Plan will be binding on all
f claims against, and all current and former holders of equity
nd other interests in, the respective Debtors.

E TAKE FURTHER NOTICE that the Bankruptcy Court has
n order on December 10, 2007 (the "Solicitation Procedures
Docket No. 11389) approving the disclosure statement (the
re Statement") with respect to the Plan and providing,
her things, that:

nfirmation Hearing Date. The hearing to consider confir-
the Plan (the "Confirmation Hearing"), will commence on
17, 2008 at 10:00 a.m. (prevailing Eastern time) or as
eafter as counsel can be heard, before the Honorable Robert
nited States Bankruptcy Court for the Southern District of
One Bowling Green, Room 610, New York, New York 10004.
rmation Hearing may be adjourned from time to time by
ng the adjournment in open court, and the Plan may be
odified, if necessary, under 11 U.S.C. § 1127 before, during,
ult of the Confirmation Hearing, without further notice to
-interest.

jections To Confirmation. January 11, 2008 at 4:00 p.m.
g Eastern time) (the "Objection Deadline") is fixed as the
nd time for filing and serving objections to confirmation
n. To be considered, objections, if any, to confirmation of
nust (a) be in writing, (b) conform to the Federal Rules of
cy Procedure, the Local Bankruptcy Rules for the Southern
New York, and the Supplemental Order Under 11 U.S.C
and 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And
blishing Omnibus Hearing Dates And Certain Notice, Case
ent, And Administrative Procedures, entered March 20,
cket No. 2883) and the Solicitation Procedures Order, (c) be
the Bankruptcy Court in accordance with General Order
s amended) – registered users of the Bankruptcy Court's
g system must file electronically, and all other parties-in-
just file on a 3.5 inch disk (preferably in Portable Document
DF), WordPerfect, or any other Windows-based word pro-
rmat), (d) be submitted in hard-copy form directly to the
of the Honorable Robert D. Drain, United States Bankruptcy
e Bowling Green, Room 632, New York, New York 10004,
e served upon (i) Delphi Corporation, 5725 Delphi Drive,
iigan 48098 (Att'n: General Counsel), (ii) counsel to the
kadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker
e 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),
el for the agent under the postpetition credit facility, Davis
rdwell, 450 Lexington Avenue, New York, New York 10017
nald Bernstein and Brian Resnick), (iv) counsel for the offi-
ittee of unsecured creditors, Latham & Watkins LLP, 885
ue, New York, New York 10022 (Att'n: Robert J. Rosenberg
A. Broude), (v) counsel for the official committee of equity
olders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New
, New York, New York 10004 (Att'n: Bonnie Steingart), (vi)
r A-D Acquisition Holdings, LLC c/o Appaloosa Management
& Case LLP, Wachovia Financial Center, 200 South Biscayne
, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria)
& Case LLP, 1155 Avenue of the Americas, New York, New
6 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel
ger Del-Auto Investment Company, Ltd., White & Case
via Financial Center, 200 South Biscayne Boulevard, Suite
mi, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case
Avenue of the Americas, New York, New York 10036 (Att'n:
eiss and Gregory Pryor), (viii) Counsel for General Motors
n, Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York,
10153 (Att'n: Jeffrey L. Tanenbaum, Michael P. Kessler, and
emons), and (ix) the Office of the United States Trustee for
ern District of New York, 33 Whitehall Street, Suite 2100,
New York 10004 (Att'n: Alicia M. Leonhard), in each case
e received no later than the Objection Deadline.
is not timely filed and served in the manner set
ove shall not be considered and shall be deemed
.

nporary Allowance Of Claims. The following persons or
mong others, are not entitled to vote on the Plan and,
will not receive a ballot: holders of (a) unimpaired claims,
and interests who will receive no distribution under the
laims and interests that have been scheduled as contin-
uidated, or disputed and for which (i) no proof of claim was
d and (ii) no Rule 3018(a) Motion (as defined below) has
by the Rule 3018(a) Motion Deadline (as defined below),
ims and interests that are the subject of an objection filed
tors (except to the extent and in the manner as may be set
e objection). If you disagree with the Debtors' classification
tion to, your claim or interest and believe that you should
I to vote on the Plan, then you must (x) have timely filed a
aim by the applicable bar date or your proof of claim must
d timely filed by an order of the Bankruptcy Court before
Deadline, (y) contact the Creditor Voting Agent (as set forth
btain a ballot and file the ballot by the Voting Deadline (as
low), and (z) timely file and serve a motion for order under
kr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary
of your claim for the purpose of accepting or rejecting the
ule 3018(a) Motion must be filed with the Clerk of the Court
e January 2, 2008 at 4:00 p.m. (prevailing Eastern time)

sional ballot is to be counted as a vote on the Plan and, if so, in what
amount. Rule 3018(a) Motions that are not timely filed and served
in the manner set forth above will not be considered, and the claims
or interests referred to therein will not be counted in determining
whether the Plan has been accepted or rejected.

5. Cure Claim Submission Deadline. The Plan provides that any
contracts not specifically identified as rejected contracts in Exhibit
8.1(a) to the Plan (to be filed on December 28, 2007, and available at
no charge as set forth in paragraph 10 below) will be assumed under
the Plan. Any party to an executory contract or unexpired lease that
is not rejected and to whom the Debtor did not send a Cure Amount
Notice pursuant to Article 8.2(a) of the Plan, and who wishes to assert
that cure is required as a condition of assumption of its contract,
must file a proposed cure claim ("Cure Claim") in accordance with
Article 8.2(b) of the Plan within 45 days after entry of an order con-
firming the Plan (the "Cure Claim Submission Deadline"), after which
the Debtors or Reorganized Debtors, as the case may be, will have 45
days to file any objections thereto. Should a party to an executory
contract or unexpired lease not file a proposed Cure Claim by the Cure
Claim Submission Deadline in accordance with the procedures set
forth in Article 8.2(b) of the Plan, then any default then existing will
be deemed cured as of the day following the Cure Claim Submission
Deadline and such party will forever be barred from asserting against
the Debtors or the Reorganized Debtors, as applicable, a claim that
arose on or prior to the confirmation date of the Plan. If there is a
dispute regarding (i) the nature or amount of any Cure Amount, (ii)
the ability of any Reorganized Debtor or any assignee to provide
"adequate assurance of future performance" (within the meaning
of section 365 of the Bankruptcy Code) under the contract or lease to
be assumed, or (iii) any other matter pertaining to assumption, the
matter shall be set for hearing in the Bankruptcy Court on the next
available hearing date, or such other date as may be agreed upon,
and cure, if any, shall occur following the entry of a final order of the
Bankruptcy Court resolving the dispute and approving the assump-
tion or assumption and assignment, as the case may be; provided,
however, that if there is a dispute as to the amount of cure that can-
not be resolved consensually among the parties, the Debtors shall
have the right to reject the contract or lease for a period of five days
after entry of a final order establishing a cure amount in excess of that
asserted by the Debtors.

6. Treatment Of Certain Claims. Any holder of a claim that (a) is
scheduled in the Debtors' schedules of assets and liabilities, dated
April 18, 2006, or any amendment thereof (the "Schedules"), at zero
or in an unknown amount or as disputed, contingent, or unliquidated
and is not the subject of a timely filed proof of claim or a proof of claim
deemed timely filed with the Bankruptcy Court under either the
Bankruptcy Code or any order of the Bankruptcy Court or otherwise
deemed timely filed under applicable law, or (b) is not scheduled and
is not the subject of a timely filed proof of claim or a proof of claim
deemed timely filed with the Bankruptcy Court under either the
Bankruptcy Code or any order of the Bankruptcy Court or otherwise
deemed timely filed under applicable law, will not be treated as a
creditor with respect to the claim for purposes of (i) receiving notices
regarding, or distributions under, the Plan or (ii) voting on the Plan.
Unless otherwise provided in the Plan, any holder of a claim who is
otherwise entitled to vote on the Plan and who filed against the
Debtors a proof of claim reflecting a claim or portion of a claim that is
unliquidated, will have such claim allowed temporarily for voting pur-
poses only, and not for purposes of allowance or distribution, for that
portion of the claim that is not unliquidated and no amount shall be
allocated for voting purposes on account of the unliquidated portion.
Fully unliquidated claims shall be counted for purposes of determin-
ing whether a sufficient number of the allowed claims in the applica-
ble class has voted to accept the Plan, but the allowed amount of the
fully unliquidated claim shall be $1.00 for voting purposes, subject to
the right of the holder to file a Rule 3018(a) Motion. Unless otherwise
provided in the Plan, any holder of a claim that is contingent will have
such claim temporarily disallowed for voting purposes, subject to the
right of such holder to file a Rule 3018(a) Motion.

7. Record Date. November 26, 2007 is the record date for deter-
mining (a) the holders of Debtors' publicly traded debt and equity
securities (the "Securities") entitled to receive solicitation packages
and (b) the creditors entitled to vote to accept or reject the Plan.

8. Voting Deadline. If you hold a claim against or an equity inter-
est or other interest in one of the Debtors as of November 26, 2007,
the Record Date as established in the Solicitation Procedures Order,
and are entitled to vote to accept or reject the Plan, you have received
this Notice with a ballot form and voting instructions appropriate for
your claim or interest. For your vote to be counted, ballots to accept or
reject the Plan must be executed, completed, and RECEIVED by 7:00
p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting
Deadline") by the appropriate voting agent, Financial Balloting Group
(the "Securities Voting Agent"), for holders of Securities, or Kurtzman
Carson Consultants LLC (the "Creditor Voting Agent"), for all other
creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, et al. | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may NOT be cast by facsimile transmission or other
electronic means. Ballots that are not received by the Voting
Deadline will not be counted.

9. Injunction To Enforce Releases And Exculpation In The Plan.
The Plan proposes to release and exculpate various parties
and to enjoin the pursuit of any claims subject to the releases
and exculpation. The releases generally provide that the
Debtors, the Debtors' present and certain former officers and
directors, the official committee of unsecured creditors, the
official committee of equity security holders, the DIP agent,
the DIP lenders, all professionals retained in these cases, the
plan investors, the unions representing the Debtors' employ-
ees and former employees, General Motors Corporation, and
certain related persons and entities, will receive releases
from the Debtors' present and former creditors and equity
security holders, certain hourly employees and former
employees of the Debtors, and certain related persons and
entities, with respect to any claims or causes of actions
existing as of the effective date of the Plan that relate to the
Debtors or the Debtors' chapter 11 cases. These released par-
ties will also be exculpated generally from Debtor-related
liability by all parties.

**You Are Advised To Carefully Review And Consider The
Plan, Including The Release, Exculpation, And Injunction
Provisions, As Your Rights Might Be Affected.**

10. Information And Documents. Copies of the Disclosure
Statement, the Plan, and any exhibits thereto are publicly available
along with the docket and other case information by accessing the
Delphi Legal Information Website set forth below and may also be
obtained, upon reasonable written request, from the Creditor Voting



The author of Founding Brothers

y filed and (ii) no Rule 3018(a) Motion (as defined below) has
filed by the Rule 3018(a) Motion Deadline (as defined below),
(d) claims and interests that are the subject of an objection filed
he Debtors (except to the extent and in the manner as may be set
h in the objection). If you disagree with the Debtors' classification
or objection to, your claim or interest and believe that you should
entitled to vote on the Plan, then you must (x) have timely filed a
roof of claim by the applicable bar date or your proof of claim must
e deemed timely filed by an order of the Bankruptcy Court before
he Voting Deadline, (y) contact the Creditor Voting Agent (as set forth
below) to obtain a ballot and file the ballot by the Voting Deadline (as
defined below), and (z) timely file and serve a motion for order under
Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary
allowance of your claim for the purpose of accepting or rejecting the
Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court
on or before January 2, 2008 at 4:00 p.m. (prevailing Eastern time)
and served so as to be received
(the "Rule 3018(a) Motion Deadline")
by the Notice Parties (as defined in the Solicitation Procedures Order)
by the Rule 3018(a) Motion Deadline in accordance with the proce-
dures set forth in the Solicitation Procedures Order; provided, how-
ever, that if the Debtors object to a claim or interest after December
21, 2007, the Rule 3018(a) Motion Deadline would be extended for
that claim or interest such that the deadline would be ten days fol-
lowing the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of
claim (as stated above) and (b) files and serves a Rule 3018(a) Motion
in accordance with the paragraph above shall be permitted to cast a
provisional vote to accept or reject the Plan. If, and to the extent that,
the Debtors and such party are unable to resolve the issues raised
by the Rule 3018(a) Motion before the Voting Deadline, then at the
Confirmation Hearing the Court will determine whether the provi-

security holders, certain hourly employees and former
employees of the Debtors, and certain related persons and
entities, with respect to any claims or causes of actions
existing as of the effective date of the Plan that relate to the
Debtors or the Debtors' chapter 11 cases. These released par-
ties will also be exculpated generally from Debtor-related
liability by all parties.

**You Are Advised To Carefully Review And Consider The
Plan, Including The Release, Exculpation, And Injunction
Provisions, As Your Rights Might Be Affected.**

10. Information And Documents. Copies of the Disclosure
Statement, the Plan, and any exhibits thereto are publicly available
along with the docket and other case information by accessing the
Delphi Legal Information Website set forth below and may also be
obtained, upon reasonable written request, from the Creditor Voting
Agent at the address set forth above.

Delphi Legal Information Hotline: Delphi Legal Information Website:
Toll Free: (800) 718-5305     http://www.delphidocket.com
International: (248) 813-2698

Dated: New York, New York, December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
John Wm. Butler, Jr. (JB 4711)          Kayalyn A. Marafioti (KM 9632)
George N. Panagakis (GP 0770)           Thomas J. Matz (TM 5986)
Ron E. Meisler (RM 3026)                Four Times Square
Nathan L. Stuart (NS 7872)              New York, New York 10036
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606                 Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession