Hearing date: January 17, 2008, at 10:00 a.m.
Objection deadline: January 11, 2008, at 4:00 p.m.

J. Ted Donovan
Finkel Goldstein Rosenbloom & Nash, LLP
26 Broadway, Suite 711
New York, NY 10004
Tel. (212) 344-2929
Fax (212) 422-6836

Harold Lerew
Perdue, Brandon, Fielder,
Collins, & Mott, L.L.P.
P. O. Box 8188
Wichita Falls, Texas 76307-8188
Tel. (940) 723-4323  Fax: (940) 723-8553

Attorneys Burkburnett Independent School District,
and Wichita County

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| DELPHI CORPORATION, *et al.*, ) | CASE NO. 05-44481 (RDD) |
| ) | |
| Debtor. ) | (Jointly Administered) |

## OBJECTION TO DEBTORS' CHAPTER 11 PLAN

The BURKBURNETT I.S.D., WICHITA COUNTY, HILDAGO COUNTY, HIDALGO COUNTY DRAINAGE DIST. #1 and HILDAGO I.S.D. secured Tax Unit creditors of the Debtors in the above captioned bankruptcy case, file this objection to the Debtor's Chapter 11 Plan and in support of this objection show the Court the following:

### Preliminary Statement

1. Tax Units timely filed secured claims which are summarized as follows and attached hereto for all purposes as Exhibits A, B, C, and D.

| Claim No./ Total Amount | Tax Unit | Amount | Geo Code # / Secured Property | Date of Lien | Value of Property |
|---|---|---|---|---|---|
| 2072 $165,634.37 | Wichita Co. | $36,562.00 | Lot 1 Block 1 North Industrial Dist. Wichita County, Texas (8600 North Central Freeway) / 5N074300000 | 1-1-2005 | $10,131,887 |
| | Burk...I.S.D. | 129,072.37 | | | |
| 2075 | Wichita Co. | 99,744.13 | 55000000118 / Business personal | 1-1-2005 | 28,806,701 |

| $451,864.14 | Burk...I.S.D. | 352,120.01 | property at 8600 North Central Freeway) | | |
|---|---|---|---|---|---|
| 2076 | Burk... ISD | 30,069.94 | 59000016570 / Bus pers property | 1-1-2005 | 1,997,336 |
| $61,138.40 | Burk...I.S.D. | 31,068.46 | 59000015267 / Bus pers property | | 1,691,097 |
| 2077 | Wichita Co | 9,114.08 | 59000016570 / Bus pers property | 1-1-2005 | 1,997,336 |
| $18,530.81 | Wichita Co | 9,416.73 | 59000016570 / Bus pers property | | 1,691,097 |
| Hildago County, Hildago County Drainage Dist. #1, and Hildago I.S.D. also have secured claims. | | | | | |

2. Tax Units' claims are secured by statutory liens provided by Sections 32.01 and 32.05 of the Texas Property Tax Code and Article 8, Section 15 of the Texas Constitution.

3. Section 32.05 of the Texas Property Tax Code gives the tax liens priority over any other secured interests or liens against the property being taxed. *Stanford v. Butler*, 826 F.2d 353 (5th Cir. 1987).

4. Debtor's First Amended Plan classifies Tax Units as Priority Tax Claimants even though Tax Units' claims are secured.

5. Tax Units do not accept the plan.

**Objections**

6. Tax Units object to the plan because it does not meet all of the requirements of 11 U.S.C. § 1129(a)(1) because:

    a. The Plan does not properly classify their claims as required by 11 U.S.C. § 1122(a). Since Tax Units' secured claims have priority over other secured interests in the property being taxed, Tax Units' claims are not substantially similar to the other secured claims and should be placed in a separate class.

    b. The Plan violates the absolute priority rule by affording payment in full in cash to all other secured creditors and treating Tax Units (whose liens are superior to all consensual liens) as unsecured priority tax creditors with payments to be paid over a six year period.

    c. The Plan is not fair and equitable as required by 11 U.S.C. § 1129(b) because it fails to

        (1) specifically provide that the tax liens be retained on the property (real estate, improvements, furniture, fixtures, inventory, equipment, machinery, and computers) that the liens attach to under state law, and

        (2) classify the post petition 2007 and 2008 taxes that are secured by Tax Units' tax liens and does not specifically address payment and treatment of the 2007 and 2008 taxes.

7. Tax Units object to the confirmation of the Plan to the extent that it requires them to file estimated administrative claims for any tax years, including the 2007 and 2008 taxes which were incurred on January 1, 2007 and 2008, rather than requiring the Debtors to pay the taxes in the ordinary course of business under 11 U.S.C. § 503(b) or as post confirmation debts, to be timely paid when otherwise due, or be subject to state court collection without further recourse to the Bankruptcy Court.

8. Tax Units object to the confirmation of the Plan to the extent that the Plan contains no clear deadline for objecting to their secured tax claims. Paragraph 1.27 of the Plan gives the Debtors the option to request the Court to establish the objection deadline date without notice to parties-in-interest. Tax Units propose that the deadline to object to their claims be no later than 60 days from the Effective Date.

9. Tax Units object to confirmation of the Plan to the extent that it does not contain cure provisions in case of a default in plan payments to Tax Units.

10. Tax Units object to the confirmation of the Plan to the extent that it fails to clearly state when payment for their secured claims can be expected other than stating in Paragraph 9.1 that distributions under this Plan shall be made on a Periodic Distribution Date.

    a. Paragraph 1.150 provides that the Periodic Distribution Dates occur every 90 days from the Distribution Date.

    b. Paragraph 1.67 defines Distribution Date as the date, selected by the Reorganized Debtors, upon which distributions to holders of Allowed Claims and Allowed Interests entitled to receive distributions under this Plan shall commence; <u>provided, however,</u> that the Distribution Date shall occur as soon as reasonably practicable after the Effective Date, but in any event no later that 30 days after the Effective Date.

    c. These Plan provisions for payment are vague and offer Tax Units no certainty as to when their secured claims will be paid.

    d. Tax Units propose the plan payments on any undisputed portion of their secured claims commence 60 days after the Effective Date. Payments should be monthly or in one lump sum payment, plus applicable interest, once their claims have become Allowed claims.

11. Tax Units object to the confirmation of the Plan to the extent that it provides that any lien, other than Texas tax liens, is of higher priority than their liens, both as to pre- and post-petition claims.

12. Tax Units object to the confirmation of the Plan to the extent it provides for payment to creditors of lower priority prior to the satisfaction in full of their secured tax claims, to the extent they are not, or may not be, adequately protected.

13. Tax Units object to the confirmation of the Plan to the extent that it does not provide their secured claims with interim statutory interest at the rate specified under Section 33.01(c) of the Texas Property Tax Code and pursuant to Sections 506(b) and 1129(b)(2)(A)(i)(II) of the Bankruptcy Code from the petition date through the date of payment.

14. Tax Units asserts that their claims are impaired under the plan. The Ennis ISD, et al.'s claims, including taxes that accrue post- petition, are fully secured *ad valorem* tax claims pursuant to Texas law entitled to applicable pre and post effective date interest at the statutory rate of 12% per annum.

15. Tax Units request that their 2006 property taxes which were incurred on January 1, 2006 be paid as ordinary course expenses without the necessity of filing administrative claims, with such taxes to be timely paid when otherwise due, or be subject to state court collection without further recourse to the Bankruptcy Court.

16. Tax Units object to the Plan to the extent it may release or discharge AISD, et al.'s liens against the Debtors property and may release or discharge the Debtors of any liability for all pre-petition and post-petition taxes, penalties, and interest that may become due Tax Units.

17. Tax Units have not accepted the Plan as required by 11 U.S.C. § 1129(b).

WHEREFORE, Tax Units request that the Court deny confirmation of Debtors' Chapter 11 Plan and for such other relief as is just and equitable.

Respectfully submitted,

Finkel Goldstein Rosenbloom & Nash, LLP
26 Broadway, Suite 711
New York, NY 10004
Tel. (212) 344-2929
Fax (212) 422-6836

By:   /s/ Ted Donovan
      J. Ted Donovan (JTD 1343)

Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
P. O. Box 8188
Wichita Falls, Texas 76307-8188
Tel. (940) 723-4323
Fax. (940) 723-8553

By: /s/ Harold Lerew
      Harold Lerew, Texas State Bar #12220700

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was sent to the following persons by the ECF process to the persons listed on the Court's Notice of Electronic Filing, by First Class U. S. Mail, and by Federal Express to the following persons on the 9th day of January, 2008.

| | |
|---|---|
| **US BANKRUPTCY JUDGE:** | **DEBTOR:** |
| Honorable Robert D. Drain<br>U.S. Bankruptcy Judge<br>One Bowling Green<br>Room 632<br>New York, New York 10004 | Delphi Corporation, et al<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, Michigan 48098 |
| **COUNSEL TO DEBTORS:** | **COUNSEL FOR THE AGENT UNDER THE POSTPETITION CREDIT FACILITY:** |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn: John Wm. Butler, Jr.<br>Attn: George N. Panagakis<br>Attn: Ron E. Meisler<br>Attn. Nathan L. Stuart<br>333 West Wacker Dr, Ste 2100<br>Chicago, Illinois 60606<br><br>and<br><br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>Attn: Kayalyn A. Marafioti<br>Attn: Thomas J. Matz | Davis Polk & Wardwell<br>Attn: Donald Berstein<br>Attn: Brian Resnick<br>450 Lexington Avenue<br>New York, New York 10017 |
| **COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS:** | **COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:** |
| Fried, Frank, Harris, Shriver & Jacobson LLP<br>Attn: Bonnie Steingart<br>Attn: Brad E. Sheler<br>Attn: Vivek Melwani<br>One New York Plaza<br>New York, New York 10004 | Latham & Watkins LLP<br>Attn: Robert J. Rosenberg<br>Attn: Mark A. Broude<br>Attn: Mitchell A. Seider<br>885 Third Avenue<br>New York, New York 10022 |
| **COUNSEL FOR A-D ACQUISITION HOLDINGS, LLC:** | **COUNSEL FOR A-D ACQUISITION HOLDINGS, LLC:** |
| White & Case LLP<br>Attn: Thomas E. Lauria<br>Attn: Michael C. Shepherd<br>Wachovia Financial Center<br>200 South Biscayne Blvd.<br>Suite 4900<br>Miami, Florida 33131 | White & Case LLP<br>Attn: Gerard H. Uzzi<br>Attn: Glenn M. Kurtz<br>Attn: Douglas P. Baumstein<br>1155 Avenue of the Americas<br>New York, New York 10036 |

| U.S. TRUSTEE: | COUNSEL FOR GENERAL MOTORS CORPORATION: |
|---|---|
| Office of the U.S. Trustee<br>Southern District of New York<br>Attn: Alicia M. Leonhard<br>33 Whitehall Street<br>Suite 2100<br>New York, New York 10004 | Weil, Gotshal & Manges LLP<br>Attn: Jeffrey L. Tanenbaum<br>Attn: Michael P. Kessler<br>Attn: Robert J. Lemons<br>767 Fifth Avenue<br>New York, New York 10153 |

/s/ Harold Lerew
Harold Lerew