BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Lear Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

                                                    /

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
|      Debtors. | (Jointly Administered) |

                                                    /

**OBJECTION OF LEAR CORPORATION (ON BEHALF OF ITSELF AND ITS
AFFILIATES AND SUBSIDIARIES) TO
FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND
CERTAIN AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION**

    Lear Corporation (on behalf of itself and the Lear Entities listed below[1] (collectively, "Lear") files this objection to the First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession ("Plan"). In support of its objection, Lear states as follows:

**Introduction**

    1.     On either October 8 or October 14, 2005 ("Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

---

[1] Lear Corporation, Lear Operations Corporation, Lear Electrical Systems de Mexico, S de RL de CV/Lear Corporation EEDS and Interiors, Lear Corporation Silao, Lear Corporation Mexico, SA de CV, Lear Corporation Mendon, Lear Corporation Electrical & Electronics, Lear Corp EEDS and Interiors, Lear Canada (Partnership), Lear Automotive EEDS Spain SL, Integrated Manufacturing and Assembly, LLC, Industrias Lear de Argentina Srl.

2. On December 10, 2007, Debtors filed their Amended Disclosure Statement for the Plan, which was approved by the Court.

3. On October 28, 2005 the Court entered the Final Order under 11 U.S.C. §§ 105, 361, 362, 364(c)(l), 364(c)(2), 364(c)(3), 364(d)(l), and 364(e) and Fed.R.Bankr.P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties entered October 28, 2005 ("Final Financing Order").  The Final Financing Order defines "Setoff Right" to include both setoff and recoupment rights arising in the ordinary course of business .  Lear sought to exercise its recoupment rights against certain Debtors (defined below).

4. Paragraph 18 of the Final Financing Order provides a procedure for parties to identify Setoff Rights and, upon approval under that procedure, for the lifting of the automatic stay to allow exercise of those Setoff Rights.

5. Debtors and Lear supply each other with component parts.

6. Lear purchases component parts from Debtors under certain purchase orders ("Lear Purchase Orders").  Prior to the Petition Date, under the Lear Purchase Orders, Debtors provided component parts to Lear for which Debtors remain unpaid.  Based on the reconciliation performed to date and on payments made by Lear, and before consideration of Lear's Setoff Rights, the prepetition amount owing to Debtors from Lear ("Lear Prepetition Payable") exceeds the Debtor Prepetition Payable (defined below).  Lear has placed a temporary, administrative hold on the Lear Prepetition Payable.

7. Debtors also purchase various component parts from Lear under certain purchase orders ("Delphi Purchase Orders ").  Prior to the Petition Date, under the Delphi Purchase Orders, Lear provided component parts to Debtors for which Lear remains unpaid.  To date, the

prepetition amount identified as owing to Lear from Debtors is approximately $1,932,000 ("Debtor Prepetition Payable").

8. Each Lear Purchase Order is subject to Lear's Terms and Conditions. They provide that all amounts due to the applicable Debtor, as Seller, shall be considered net of indebtedness or obligations of Seller and its respective affiliates and subsidiaries to Lear, as Purchaser.

> "24. Setoff – In addition to any right or setoff or recoupment provided by law, all amounts due Seller [one of the Debtors], or its subsidiaries or affiliates shall be considered net of indebtedness or obligations of Seller, or its subsidiaries or affiliates to Purchaser [Lear] or its subsidiaries or affiliates, and Purchaser or its subsidiaries or affiliates may setoff against or recoup from any amounts due or to become due from Seller, or its subsidiaries or affiliates to Purchaser or its subsidiaries or affiliates however and whenever arising."
>
> * * *
>
> "If an obligation of Seller or its subsidiaries or affiliates to Purchaser is disputed, contingent or unliquidated, Purchaser may defer payment of the amount due until such obligation is resolved."

9. Lear's Purchase Order Terms and Conditions applicable to all Lear Purchase Orders.

10. This provision applies to all Lear Purchase Orders at issue here. At the time Debtors entered into and began performing under the Lear Purchase Orders and Delphi Purchase Orders, Debtors knew of this term regarding recoupment.

11. Lear has not taken a recoupment, nor have Debtors in any way compensated Lear for the Debtor Prepetition Payable. The entire amount of the Debtor Prepetition Payable was incurred by Debtors prepetition. The entire amount of the Lear Prepetition Payable was incurred by Lear prepetition. Lear has a right to recoup the Lear Prepetition Payable against the Debtor Prepetition Payable.

12. Based on the Setoff Rights described above, on July 28, 2006, Lear filed its secured proof of claim against Debtor Delphi Automotive Systems, LLC [Claim No. 14015] ("Claim")

**Objections to Plan**

13. In order for the Plan to be confirmed, the Plan must satisfy all of the requirements of Section 1129 of the Bankruptcy Code. It fails to do so.

14. The Plan, as proposed, cannot be confirmed under Section 1129 of the Bankruptcy Code because, among other things, (a) the classification of claims proposed under the Plan violates Section 1122 of the Bankruptcy Code, (b) the Plan violates Section 1123(a)(4) of the Bankruptcy Code because it provides different treatment to claims classified together within a single class and (c) the Plan improperly proposes to substantively consolidate various Debtors for plan voting and distribution purposes only. No support exists for this last provision, and it should not be allowed absent a showing that it does not impact at all the requirements of Section 1129.

15. The provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as 90 days after the Effective Date, violate Section 1129(a)(9)(A).

16. Section 1129(a)(1) of the Bankruptcy Code provides that the Plan must "comply with the applicable provisions of [the Bankruptcy Code]."

17. Debtors' proposed treatment of Lear with respect to the Discount Rights Offering is patently unfair. The proposed estimation for the Discount Rights Offering creates unfair treatment of creditors within a same class (by reducing claims without due process and not providing certain creditors with the same distribution as all others) and thus violates Section 1123(a)(4). A separate objection has been filed to the motion seeking estimation.

18. The proposed estimation of Disputed Claims under Section 9.8(b)(iii) violates Section 502(c) of the Bankruptcy Code. Further, the proposed limitation in Section 9.8(c) creates unfair treatment of creditors within a same class (by relegating creditors with disputed claims to a non-recourse position) and thus violates Section 1123(a)(4).

19. The injunction contained in Article 11.14 of the Plan prohibits all holders of claims from asserting any right of offset to recover a claim. This injunction eliminates the setoff rights of creditors without compensation (or the "indubitable equivalent" that is required under Section 1129(b)(2)(A)(iii)). Such injunction is contrary to the state law rights of holders of claims preserved by the Bankruptcy Code under Section 553(a) and the treatment of creditors under the various classes should not be read to eliminate or limit those rights. Further, it is in conflict with the proposed treatment of secured creditors with setoff rights under Article 5.1 of the Plan (all setoff rights are preserved). This provision of the injunction should be stricken or should not apply to Lear.

20. Because the Plan violates the setoff rights preserved in Section 553(a) of the Bankruptcy Code, the Plan does not satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code. Therefore, the Plan cannot be confirmed as proposed.

21. Additionally, Lear objects to the third party releases contained in Articles 11.5 and 11.8 of the Plan. As a general matter, third party releases, except by express agreement of a party in interest, are not appropriate plan provisions. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 142 (2d Cir. 2005). Lear has rights under its agreements against Delphi and other parties. None of these rights should be waived in connection with the third party release contained in Articles 11.5 and 11.8 of the Plan. Lear should be excluded from this proposed release.

22. Lear also objects to the release and exculpation provisions contained in Articles 11.8 and 11.11 of the Plan. As stated in the preceding paragraph, Lear has rights under its agreements, including rights against Delphi and GM, and none of these rights should be affected by the exculpations contained in Articles 11.8 and 11.11 of the Plan.

23. Finally, Lear also objects to any assumption and/or assumption and assignment by Debtors of any executory contracts between Lear and Debtors. In spite of the fact that Lear has counsel of record in this case, Debtors nonetheless apparently sent to Lear certain Notice(s) of Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization ("Cure Notices") to addresses other than to Lear's counsel of record and without serving a copy on counsel. Counsel for Lear has asked Debtors to send it any Cure Notices that may have been sent to Lear and on January 8, 2008, received certain Cure Notices. Until Lear is able to determine which, if any, executory contracts between Lear and Debtors that Debtors intend to assume under the Plan and verifies the cure amounts, Lear objects to any assumption of any executory contracts between Lear and Debtors.

## Waiver of Memorandum

24. Lear respectfully requests that this Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel. To the extent this Court determines that a memorandum of law is required, Lear requests that it be allowed to submit one at a date to be determined by the Court.

## Relief Requested

Lear requests entry of an Order modifying the Plan as provided above and granting other relief as this Court determines.

BODMAN LLP

-6-

Detroit_818352_4

                          By:/s/ Ralph E. McDowell
                                  Ralph E. McDowell (P39235)
                          6th Floor at Ford Field
                          1901 St. Antoine Street
                          Detroit, Michigan 48226
                          Telephone: (313) 393-7592
                          Facsimile: (313) 393-7579
                          *rmcdowell@bodmanllp.com*

                          Attorneys for Lear Corporation

Dated: January 10, 2008

-7-

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing *Objection of Lear Corporation to First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession* was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

A-D Acquisition Holdings, LLC
c/o Appaloosa Management L.P.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
(Attn: Thomas E. Lauria)

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
(Attn: John M. Reiss and Gregory Pryor)

Detroit_818352_4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Alicia M. Leonhard)

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

|  |  |
|---|---|
| Dated: January 10, 2008 | /s/ Ralph E. McDowell<br>Ralph E. McDowell |