BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
*rmcdowell@bodmanllp.com*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Comerica Leasing Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____/

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

_____/

### AMENDED AND RESTATED OBJECTION OF COMERICA LEASING CORPORATION TO FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION

Comerica Leasing Corporation ("Comerica") files this amended and restated objection[1] to the First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession ("Plan").  In support of its objection, Comerica states as follows:

### Introduction

1.      On either October 8 or October 14, 2005 ("Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      On December 10, 2007, Debtors filed their Amended Disclosure Statement for the Plan, which was approved by the Court.

---

[1]   This objection amends and restates in its entirety Comerica's Objection to First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession filed on January 9, 2007 at Docket #11792.

Detroit_818717_1

### History of Transaction with Comerica

3.      Comerica and General Motors Corporation ("GM") entered into a lease for equipment located at three facilities, on September 27, 1991.  In May 1999, GM and Comerica agreed to the assignment of the lease for the Buffalo, NY and Saginaw, MI equipment to Delphi Automotive Systems, LLC ("Delphi"), provided that GM guaranteed the transaction.  The Toledo, OH equipment remained under lease with GM directly.  The lease expiration date was in March 2004.

4.      In March 2004, GM notified Comerica that it had previously scrapped four pieces of equipment in the Toledo facility with an original cost of $2,330,000.  As a result, GM paid the stipulated loss value of $447,472 for that scrapped equipment.  The total original cost was $10,940,000.  As per the Settlement Agreement, GM paid an additional $850,000 which represented approximately 9.9% of adjusted original cost of ($10,940,000 - $2,330,000 = $8,610,000).

5.      Since that time, Comerica has been attempting to negotiate with Delphi regarding the resolution of the purchase of the equipment in the Buffalo and Saginaw facilities.  In March 2004, Delphi provided a notice of its intent to purchase all of the equipment under lease with Comerica at the Buffalo and Saginaw facilities.  The notice was untimely under the documents and Comerica reserves all of its rights and remedies as to that issue.  Notwithstanding that fact, and without waiving any rights, under the lease documents, Comerica and Delphi each ordered an equipment appraisal.  Delphi's appraisal indicated a FMV of $576,000 or 3.99% for the combined equipment.  Delphi paid that amount to Comerica in 2004.  Comerica indicated that it disagreed with the appraised FMV, but applied the $576,000 on account of Delphi's ultimate obligations to Comerica.  Comerica's appraisal indicated a FMV of approximately 15% for the combined equipment.  Per the appraisal procedure in the documents, the two parties should

Detroit_818717_1

engage a third appraiser to complete the appraisal process.  Unfortunately, after well over three years of negotiating, the parties have not reached agreement on the language in the joint engagement letter for the third appraiser.

6.      The following documents are relevant to Comerica's claims, and are available for review from the undersigned:

       A.      Lease Agreement (GM 91A-5) dated September 27, 1991

       B.      Definitions

       C.      Lease Supplement No. GM 91A-5A (Buffalo, NY)

       D.      Lease Supplement No. GM 9lA-5B (Toledo, OH)

       E.      Lease Supplement No. GM 91A-5C (Saginaw, Ml)

       F.      Lease Assignment (GM 91A-5) dated May 28, 1999

       G.      Legal Opinion — General Motors Legal Staff

       H.      Legal Opinion — Kirkland & Ellis

       I.      Guaranty of Lease Assignment (GM 91A-5)

       J.      Settlement Agreement (Toledo, OH) dated June 10, 2004

       K.      Letter from GM regarding payment of SLV dated March 16, 2004 (scrapped equipment)

       L.      Letter from GM regarding cash payment of SLV dated March 26, 2004 (scrapped equipment)

## Objections to Plan

7.      In order for the Plan to be confirmed, the Plan must satisfy all of the requirements of Section 1129 of the Bankruptcy Code.  It fails to do so.

8.      The Plan, as proposed, cannot be confirmed under Section 1129 of the Bankruptcy Code because, among other things, (a) the classification of claims proposed under the Plan violates Section 1122 of the Bankruptcy Code, (b) the Plan violates Section 1123(a)(4)

05-44481-rdd   Doc 11852   Filed 01/10/08   Entered 01/10/08 10:42:50   Main Document
Pg 4 of 8

of the Bankruptcy Code because it provides different treatment to claims classified together within a single class and (c) the Plan improperly proposes to substantively consolidate various Debtors for plan voting and distribution purposes only. No support exists for this last provision, and it should not be allowed absent a showing that it does not impact at all the requirements of Section 1129.

9.      The provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as 90 days after the Effective Date, violate Section 1129(a)(9)(A).

10.      Section 1129(a)(1) of the Bankruptcy Code provides that the Plan must "comply with the applicable provisions of [the Bankruptcy Code]."

11.      Debtors' proposed treatment of Comerica with respect to the Discount Rights Offering is patently unfair. The proposed estimation for the Discount Rights Offering creates unfair treatment of creditors within a same class (by reducing claims without due process and not providing certain creditors with the same distribution as all others) and thus violates Section 1123(a)(4). A separate objection has been filed to the motion seeking estimation.

12.      The proposed estimation of Disputed Claims under Section 9.8(b)(iii) violates Section 502(c) of the Bankruptcy Code. Further, the proposed limitation in Section 9.8(c) creates unfair treatment of creditors within a same class (by relegating creditors with disputed claims to a non-recourse position) and thus violates Section 1123(a)(4).

13.      The injunction contained in Article 11.14 of the Plan prohibits all holders of claims from asserting any right of offset to recover a claim. This injunction eliminates the setoff rights of creditors without compensation (or the "indubitable equivalent" that is required under Section 1129(b)(2)(A)(iii)). Such injunction is contrary to the state law rights of holders of claims preserved by the Bankruptcy Code under Section 553(a) and the treatment of creditors

-4-

Detroit_818717_1

under the various classes should not be read to eliminate or limit those rights. Further, it is in conflict with the proposed treatment of secured creditors with setoff rights under Article 5.1 of the Plan (all setoff rights are preserved). This provision of the injunction should be stricken or should not apply to Comerica.

14.    Because the Plan violates the setoff rights preserved in Section 553(a) of the Bankruptcy Code, the Plan does not satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code. Therefore, the Plan cannot be confirmed as proposed.

15.    Additionally, Comerica objects to the third party releases contained in Articles 11.5 and 11.8 of the Plan. As a general matter, third party releases, except by express agreement of a party in interest, are not appropriate plan provisions. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 142 (2d Cir. 2005). Comerica has rights under its agreements against Delphi and other parties. None of these rights should be waived in connection with the third party release contained in Articles 11.5 and 11.8 of the Plan. Comerica should be excluded from this proposed release.

16.    Comerica also objects to the release and exculpation provisions contained in Articles 11.8 and 11.11 of the Plan. As stated in the preceding paragraph, Comerica has rights under its agreements, including rights against Delphi and GM, and none of these rights should be affected by the exculpations contained in Articles 11.8 and 11.11 of the Plan.

17.    To the extent the Plan purports to assume any agreement with Comerica without curing all prepetition defaults, Comerica objects to such assumption.

Detroit_818717_1

**Waiver of Memorandum**

18.     Comerica respectfully requests that this Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel.  To the extent this Court determines that a memorandum of law is required, Comerica requests that it be allowed to submit one at a date to be determined by the Court.

**Relief Requested**

Comerica requests entry of an Order modifying the Plan as provided above and granting other relief as this Court determines.

BODMAN LLP


By:/s/ Ralph E. McDowell
          Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 393-7592
Facsimile: (313) 393-7579
*rmcdowell@bodmanllp.com*

Attorneys for Comerica Leasing Corporation

Dated: January 10, 2008

Detroit_818717_1

## CERTIFICATE OF SERVICE

        The undersigned certifies that a true and correct copy of the foregoing ***Amended and Restated Objection of Comerica Leasing Corporation to First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

A-D Acquisition Holdings, LLC
c/o Appaloosa Management L.P.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
(Attn: Thomas E. Lauria)

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

(Attn: John M. Reiss and Gregory Pryor)

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Alicia M. Leonhard)
and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

/s/ Ralph E. McDowell

Dated:  January 10, 2008                                          Ralph E. McDowell

Detroit_818717_1