BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
*rmcdowell@bodmanllp.com*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Freudenberg-NOK General Partnership and Freudenberg-NOK, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________/

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

______________________________________________/

**AMENDED AND RESTATED OBJECTION OF FREUDENBERG-NOK GENERAL PARTNERSHIP AND FREUDENBERG-NOK, INC. TO FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION**

Freudenberg-NOK General Partnership ("FNGP") and Freudenberg-NOK, Inc. ("FNOK", collectively with FNGP, "Freudenberg-NOK") files this amended and restated objection[1] to the First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession ("Plan"). In support of its objection, Freudenberg-NOK states as follows:

## Introduction

1. On either October 8 or October 14, 2005 ("Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

[1] This objection amends and restates in its entirety Freudenberg-NOK's Objection to First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession filed on January 9, 2007 at Docket #11804.

2. On December 10, 2007, Debtors filed their Amended Disclosure Statement for the Plan, which was approved by the Court.

3. On July 27, 2006, FNOK filed the proof of claim #11602 ("FNOK Claim"). The FNOK Claim consisted of $2,878.86 of a general unsecured claim and $1,759.31 entitled to priority treatment as an administrative expense based on FNOK's reclamation demand.

4. On July 27, 2006, FNGP filed the proof of claim #11603 ("FNGP Claim", and collectively with the FNOK Claim, "Claims"). The FNGP Claim consisted of $60,066.20 of a general unsecured claim, $358,851.00 of a secured claim and $80,742.02 entitled to priority treatment as an administrative expense based on FNGP's reclamation demand.

5. On July 17, 2007, Debtors filed the Nineteenth Omnibus Objection to the Claims. In the Nineteenth Omnibus Objection, Debtors seek to disallow the Claims.

6. On August 9, 2007, FNGP and FNOK each filed a response to the Nineteenth Omnibus Objection (collectively, "Responses") arguing that Debtors failed to provide any evidence for the proposed disallowance. The Responses have not yet been heard.

7. On November 30, 2007, Debtors noticed the Claims for hearing on January 31, 2007 under the Claim Objection Procedures Order. On January 2, 2008, Debtors, on their own initiative, adjourned the hearing date with respect to the Claims until February 7, 2008.

**Objections to Plan**

8. In order for the Plan to be confirmed, the Plan must satisfy all of the requirements of Section 1129 of the Bankruptcy Code. It fails to do so.

9. The Plan, as proposed, cannot be confirmed under Section 1129 of the Bankruptcy Code because, among other things, (a) the classification of claims proposed under the Plan violates Section 1122 of the Bankruptcy Code, (b) the Plan violates Section 1123(a)(4) of the Bankruptcy Code because it provides different treatment to claims classified together

within a single class and (c) the Plan improperly proposes to substantively consolidate various Debtors for plan voting and distribution purposes only. No support exists for this last provision, and it should not be allowed absent a showing that it does not impact at all the requirements of Section 1129.

10. The provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as 90 days after the Effective Date, violate Section 1129(a)(9)(A).

11. Section 1129(a)(1) of the Bankruptcy Code provides that the Plan must "comply with the applicable provisions of [the Bankruptcy Code]."

12. Debtors' proposed treatment of Freudenberg-NOK with respect to the Discount Rights Offering is patently unfair. The proposed estimation for the Discount Rights Offering creates unfair treatment of creditors within a same class (by reducing claims without due process and not providing certain creditors with the same distribution as all others) and thus violates Section 1123(a)(4). A separate objection has been filed to the motion seeking estimation.

13. The proposed estimation of Disputed Claims under Section 9.8(b)(iii) violates Section 502(c) of the Bankruptcy Code. Further, the proposed limitation in Section 9.8(c) creates unfair treatment of creditors within a same class (by relegating creditors with disputed claims to a non-recourse position) and thus violates Section 1123(a)(4).

14. The injunction contained in Article 11.14 of the Plan prohibits all holders of claims from asserting any right of offset to recover a claim. This injunction eliminates the setoff rights of creditors without compensation (or the "indubitable equivalent" that is required under Section 1129(b)(2)(A)(iii)). Such injunction is contrary to the state law rights of holders of claims preserved by the Bankruptcy Code under Section 553(a) and the treatment of creditors under the various classes should not be read to eliminate or limit those rights. Further, it is in

conflict with the proposed treatment of secured creditors with setoff rights under Article 5.1 of the Plan (all setoff rights are preserved). This provision of the injunction should be stricken or should not apply to Freudenberg-NOK.

15. Because the Plan violates the setoff rights preserved in Section 553(a) of the Bankruptcy Code, the Plan does not satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code. Therefore, the Plan cannot be confirmed as proposed.

16. Additionally, Freudenberg-NOK objects to the third party releases contained in Articles 11.5 and 11.8 of the Plan. As a general matter, third party releases, except by express agreement of a party in interest, are not appropriate plan provisions. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 142 (2d Cir. 2005). Freudenberg-NOK has rights under its agreements against Delphi and other parties. None of these rights should be waived in connection with the third party release contained in Articles 11.5 and 11.8 of the Plan. Freudenberg-NOK should be excluded from this proposed release.

17. Freudenberg-NOK also objects to the release and exculpation provisions contained in Articles 11.8 and 11.11 of the Plan. As stated in the preceding paragraph, Freudenberg-NOK has rights under its agreements, including rights against Delphi and GM, and none of these rights should be affected by the exculpations contained in Articles 11.8 and 11.11 of the Plan.

18. Finally, Freudenberg-NOK also objects to the Notice of Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization ("Cure Notice") sent by Debtors. Two of the contracts (i.e., D0550077211 and D0550077220) listed on the Cure Notice have already expired and cannot be assumed. Also, three of the contracts (i.e., D0550005288, D0550041479 and D0550050294) listed on the Cure

Notice have not yet been identified by Freudenberg-NOK. Freudenberg-NOK reserves its right to object to the assumption of these contracts.

**Waiver of Memorandum**

19. Freudenberg-NOK respectfully requests that this Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel. To the extent this Court determines that a memorandum of law is required, Freudenberg-NOK requests that it be allowed to submit one at a date to be determined by the Court.

**Relief Requested**

Freudenberg-NOK requests entry of an Order modifying the Plan as provided above and granting other relief as this Court determines.

BODMAN LLP

By:/s/ Ralph E. McDowell
Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 393-7592
Facsimile: (313) 393-7579
*rmcdowell@bodmanllp.com*

Attorneys for Freudenberg-NOK General Partnership and Freudenberg-NOK, Inc.

Dated: January 10, 2008

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing ***Amended and Restated Objection of Freudenberg-NOK General Partnership and Freudenberg-NOK, Inc. to First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

A-D Acquisition Holdings, LLC
c/o Appaloosa Management L.P.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
(Attn: Thomas E. Lauria)

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

(Attn: John M. Reiss and Gregory Pryor)

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Alicia M. Leonhard)

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

/s/ Ralph E. McDowell
Dated: January 10, 2008 Ralph E. McDowell