BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
*rmcdowell@bodmanllp.com*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for KenSa LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____/

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

_____/

## AMENDED AND RESTATED OBJECTION OF KENSA LLC TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING

KenSa LLC, ("Claimant") states the following in support of its amended and restated objection[1] to Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering ("Rights Offering Estimation Motion"):

1.      On October 8, 2005, Delphi and various affiliates and/or subsidiaries (collectively "Debtors") filed a petition for relief under chapter 11 of the United States Bankruptcy Code.

_____

[1]  This objection amends and restates in its entirety KenSa's Objection to Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering filed on January 9, 2007 at Docket #11789.

Detroit_818713_1

2.      On July 31, 2006, Claimant filed proof of claim #14109 in the total amount of $165,738.24 as a general unsecured claim ("Claim").

3.      On September 21, 2007, Debtors filed the Twenty-First Omnibus Objection to the Claim.  In the Twenty-First Omnibus Objection, Debtors sought to reduce the Claim from $165,738.24 to $35,657.84.

4.      On October 18, 2007, Claimant filed its response to the Twenty-First Omnibus Objection ("Response") arguing that Debtors failed to provide any evidence for the proposed reduction.

5.      In the Rights Offering Estimation Motion, Debtors seek to estimate the Claim in the amount of $55,967.51 for purposes of the Discount Rights Offering (as defined in the Rights Offering Estimation Motion).

6.      The relief requested in the Rights Offering Estimation Motion is objectionable and should not be granted because it allows Debtors both to reduce, under the guise of mere estimation, the distribution that Claimant will receive on account of the Claim and to circumvent the Claims Objection Procedures that are already in place.  More specifically, the Rights Offering Estimation Motion should be denied because (a) §502(c) of the bankruptcy code does not allow for estimation of disputed claims; (b) it is an attempt to circumvent the Claim Objection Procedures already in place; (c) the Rights Offering Estimation Motion does not provide for any reserve in the event that the Claim is allowed in an amount greater than the Discounted Rights Participation Amounts (as defined in the Rights Offering Estimation Motion), i.e., zero; and (d) Debtors unfairly propose that Claimant pay Debtors if the Claim is allowed in an amount less than the Discounted Rights Participation Amounts at an undetermined "value".

-2-

**(A)     The Bankruptcy Code does not allow for Estimation of Disputed Claims**

7.      Section 502(c) of the Bankruptcy Code provides, in relevant part:

> "[t]here shall be estimated for purposes of allowance under this section (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case".

Section 502(c) allows courts to estimate only contingent and unliquidated claims, but not claims that are merely disputed.  *In re Comdisco, Inc.*, 271 B.R. 273 (Bankr. N.D. Ill. 2002).  *See also In re Keenan,* 201 B.R. 263 (Bankr. S.D. Cal. 1996).

8.      The Claim, while disputed, is neither contingent nor unliquidated.  Debtors have not asserted that the Claim is contingent and the mere fact that Debtors have contested the Claim does not make the Claim contingent.  *Mazzeo v. United States (In re Mazzeo),* 131 F3d 295, 303 (2nd Cir. 1997) (debts are not contingent merely because a debtor disputes a claim because definition of "Claim" in the bankruptcy code includes the word "contingent").  Also, Debtors have not asserted that the Claim is unliquidated because the Claims is, in fact, liquidated because it are subject to ready determination and precision in computation of the amount due.  *Mazzeo* 131 F3d at 304.  Because the Claim is neither contingent nor unliquidated, Debtors should not be allowed to estimate it for purposes of the Discount Rights Offering.

**(B)     The Rights Offering Estimation Motion is an Attempt by Debtors to Circumvent the Claims Objection Procedures Already in Place**

9.      The Response is proceeding under the procedures outlined in the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007 and 9014 Establishing (I) Dates for Hearing Regarding Objections to Claims and (II) Certain Notices and

Detroit_818713_1

Procedures Governing Objections to Claims (the "<u>Claim Objection Procedures Order</u>") [Docket No. 6089] crafted by Debtors.  On November 30, 2007, Debtors noticed the Claim for hearing on January 31, 2007 under the Claim Objection Procedures Order.   On January 7, 2008, Debtors, on their own initiative, adjourned the hearing date with respect to the Claims until February 29, 2008.

10.     The procedures proposed in the Claims Estimation Motion conflict with those of the Debtors' Claim Objection Procedures Order.  The Claims Estimation Motion is an improper attempt to circumvent the Response and the Claim Objection Procedures Order. Debtors are requesting that the Court override the Debtors' own procedures under the Claims Objection Procedures Order by allowing the Debtors to reduce partially the Claim by means of estimation. Debtors should not be allowed to do so.

11.     Further, though this Court has the discretion to establish procedures to estimate the value of contingent or unliquidated claims, for purposes of allowance when a full adjudication of such claims would unduly delay case administration, this Court should also evaluate whether the procedures meet general due process requirements.  *See In re Adelphi Bus. Solutions, Inc.*, 341 BR 415 (Bankr SDNY 2003).  Because the Rights Offering Estimation Motion would allow Debtors to reduce the Claim, not merely to estimate the Claim, the relief requested in the Rights Offering Estimation Motion violates Claimant's due process rights. Furthermore, any delay in the adjudication of the Claim rests solely with Debtors and Claimant should not have the Claim reduced unjustly because of Debtors' dilatory administration of the Claim.

**(C)     The Rights Offering Estimation Motion does not provide for the possibility that the Claims might be allowed in an amount greater than the**

Detroit_818713_1

**Discount Rights Offering Participation Amount and a Reserve**

12.     The Rights Offering Estimation Motion does not contemplate the possibility that Debtors' estimate of the Claim ($55,967.51) is too low.  While Paragraph 17 of the Rights Offering Estimation Motion address the procedure for a given claimant to return Excess Discount Rights (as defined in the Rights Offering Estimation Motion) to Debtors in the event that Debtors estimate a given claim in an amount greater than the eventual allowed amount of such claim, Debtors do not provide any procedures for the converse possibility in which Debtors estimate is less than the eventual allowed amount of such claim.  If the Claim is eventually allowed in an amount greater than the $55,967.51 estimate provided in the Rights Offering Estimation Motion, Claimant will have no recourse under the proposed Rights Offering Estimation Order to regain the Discount Rights it would have had if the Discount Rights Offering Participation Amount was equal to the allowed amount of the Claim.  Debtors need to revise the proposed order so as to deal with this contingency and establish a reserve of Discount Rights.

**(D)     The Rights Offering Estimation Motion unfairly seeks payment from a claimant in the event a disputed claim is allowed in an amount less than the estimated amount**

13.     Paragraph 17 of the Rights Offering Estimation Motion provides that if the estimation of a claim results in a claimant receiving Excess Discount Rights (as defined in the Rights Offering Estimation Motion) than, in Debtors' discretion, either (a) Debtors will withhold an amount of New Common Stock equal to the value of the Excess Discount Rights from the ultimate distribution to such claimant or "(b) such claimant will be required to remit payment to the Reorganized Debtors in an amount equal to the value of the Excess Discount Rights." Emphasis added.  Claimant does not have any objection to the withholding of New Common

Detroit_818713_1

Stock from the ultimate distribution on the Claim.  However, Claimant objects to the requirement

that it be required to pay Debtors cash in exchange for the ability to purchase discounted shares

of New Common Stock at a "value" not determined.

14.     Any reply to this Objection should be addressed to the following:

> Ralph E. McDowell
> Bodman LLP
> 6th Floor at Ford Field
> 1901 St. Antoine Street
> Detroit, Michigan 48226
> (313) 393-7592
> (313) 393-7579 (fax)
> rmcdowell@bodmanllp.com

15.     Because the legal points and authorities upon which this objection relies are

incorporated and do not represent novel theories of law, Claimant requests that the requirement

of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

be deemed satisfied

## RELIEF REQUESTED

Claimant requests that the Court deny the relief requested under the Rights Offering

Estimation Motion as to the Claim.

Detroit_818713_1

Dated: January 10, 2008                        BODMAN LLP


                                               By:＿＿＿/s/＿＿＿Ralph E. McDowell＿＿＿＿＿＿＿＿＿＿＿
                                               Ralph E. McDowell (P39235)
                                               (Admitted Pro Hac Vice)
                                               Attorneys for KenSa LLC
                                               6th Floor at Ford Field
                                               1901 St. Antoine Street
                                               Detroit, Michigan 48226
                                               (313) 393-7592
                                               _rmcdowell@bodmanllp.com_

Detroit_818713_1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing *Amended and Restated Objection of KenSa LLC to Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering*  was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

A-D Acquisition Holdings, LLC
c/o Appaloosa Management L.P.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
(Attn: Thomas E. Lauria)

White & Case LLP

1155 Avenue of the Americas
New York, New York 10036
(Attn: John M. Reiss and Gregory Pryor)

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Alicia M. Leonhard)

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

/s/ Ralph E. McDowell

Dated:  January 10, 2008                                  Ralph E. McDowell

Detroit_818713_1