BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
_rmcdowell@bodmanllp.com_
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Cooper-Standard Automotive Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____/

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
|     Debtors. | (Jointly Administered) |

_____/

### OBJECTION OF COOPER-STANDARD AUTOMOTIVE INC. TO FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION

Cooper-Standard Automotive Inc. ("Cooper-Standard") files this objection to the First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession ("Plan"). In support of its objection, Cooper-Standard states as follows:

#### Introduction

1.      On either October 8 or October 14, 2005 ("Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      On December 10, 2007, Debtors filed their Amended Disclosure Statement for the Plan, which was approved by the Court.

3.      On July 31, 2006, Claimant filed proof of claim #14664 in the total amount of $2,624,997.09 as a general unsecured claim ("Claim").

4.      On September 21, 2007, Debtors filed the Twenty-First Omnibus Objection to the Claim.  In the Twenty-First Omnibus Objection, Debtors sought to reduce the Claim from $2,624,997.09 to $2,093,118.87.

5.      On October 18, 2007, Claimant filed its response to the Twenty-First Omnibus Objection ("Response") arguing that Debtors failed to provide any evidence for the proposed reduction.

**Objections to Plan**

6.      In order for the Plan to be confirmed, the Plan must satisfy all of the requirements of Section 1129 of the Bankruptcy Code.  It fails to do so.

7.      The Plan, as proposed, cannot be confirmed under Section 1129 of the Bankruptcy Code because, among other things, (a) the classification of claims proposed under the Plan violates Section 1122 of the Bankruptcy Code, (b) the Plan violates Section 1123(a)(4) of the Bankruptcy Code because it provides different treatment to claims classified together within a single class and (c) the Plan improperly proposes to substantively consolidate various Debtors for plan voting and distribution purposes only.  No support exists for this last provision, and it should not be allowed absent a showing that it does not impact at all the requirements of Section 1129.

8.      The provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as 90 days after the Effective Date, violate Section 1129(a)(9)(A).

9.      Section 1129(a)(1) of the Bankruptcy Code provides that the Plan must "comply with the applicable provisions of [the Bankruptcy Code]."

10.      Debtors' proposed treatment of Cooper-Standard with respect to the Discount Rights Offering is patently unfair.  The proposed estimation for the Discount Rights Offering

-2-

creates unfair treatment of creditors within a same class (by reducing claims without due process and not providing certain creditors with the same distribution as all others) and thus violates Section 1123(a)(4). A separate objection has been filed to the motion seeking estimation.

11.    The proposed estimation of Disputed Claims under Section 9.8(b)(iii) violates Section 502(c) of the Bankruptcy Code. Further, the proposed limitation in Section 9.8(c) creates unfair treatment of creditors within a same class (by relegating creditors with disputed claims to a non-recourse position) and thus violates Section 1123(a)(4).

12.    The injunction contained in Article 11.14 of the Plan prohibits all holders of claims from asserting any right of offset to recover a claim. This injunction eliminates the setoff rights of creditors without compensation (or the "indubitable equivalent" that is required under Section 1129(b)(2)(A)(iii)). Such injunction is contrary to the state law rights of holders of claims preserved by the Bankruptcy Code under Section 553(a) and the treatment of creditors under the various classes should not be read to eliminate or limit those rights. Further, it is in conflict with the proposed treatment of secured creditors with setoff rights under Article 5.1 of the Plan (all setoff rights are preserved). This provision of the injunction should be stricken or should not apply to Cooper-Standard.

13.    Because the Plan violates the setoff rights preserved in Section 553(a) of the Bankruptcy Code, the Plan does not satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code. Therefore, the Plan cannot be confirmed as proposed.

14.    Additionally, Cooper-Standard objects to the third party releases contained in Articles 11.5 and 11.8 of the Plan. As a general matter, third party releases, except by express agreement of a party in interest, are not appropriate plan provisions. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 142 (2d Cir. 2005). Cooper-Standard has rights under its

Detroit_818347_3

agreements against Delphi and other parties.  None of these rights should be waived in connection with the third party release contained in Articles 11.5 and 11.8 of the Plan.  Cooper-Standard should be excluded from this proposed release.

15.    Cooper-Standard also objects to the release and exculpation provisions contained in Articles 11.8 and 11.11 of the Plan.  As stated in the preceding paragraph, Cooper-Standard has rights under its agreements, including rights against Delphi and GM, and none of these rights should be affected by the exculpations contained in Articles 11.8 and 11.11 of the Plan.

16.    Finally, Cooper-Standard also objects to any assumption and/or assumption and assignment by Debtors of any executory contracts between Cooper-Standard and Debtors.  In spite of the fact that Cooper-Standard has counsel of record in this case, Debtors nonetheless apparently sent to Cooper-Standard certain Notice(s) of Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization ("Cure Notices") to addresses other than to Cooper-Standard's counsel of record and without serving a copy on counsel.  Counsel for Cooper-Standard has asked Debtors to send it any Cure Notices that may have been sent to Cooper-Standard and on January 8, 2008, received certain Cure Notices.  Until Cooper-Standard is able to determine which, if any, executory contracts between Cooper-Standard and Debtors that Debtors intend to assume under the Plan and verifies the cure amounts, Cooper-Standard objects to any assumption of any executory contracts between Cooper-Standard and Debtors.

Detroit_818347_3

## Waiver of Memorandum

17.     Cooper-Standard respectfully requests that this Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel.   To the extent this Court determines that a memorandum of law is required, Cooper-Standard requests that it be allowed to submit one at a date to be determined by the Court.

## Relief Requested

Cooper-Standard requests entry of an Order modifying the Plan as provided above and granting other relief as this Court determines.

BODMAN LLP


By:/s/ Ralph E. McDowell
       Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 393-7592
Facsimile: (313) 393-7579
*rmcdowell@bodmanllp.com*

Attorneys for Cooper-Standard Automotive Inc.

Dated: January 10, 2008

Detroit_818347_3

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ***Objection of Cooper-Standard Automotive Inc. to First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

A-D Acquisition Holdings, LLC
c/o Appaloosa Management L.P.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
(Attn: Thomas E. Lauria)

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
(Attn: John M. Reiss and Gregory Pryor)

Detroit_818347_3

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Alicia M. Leonhard)

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

/s/ Ralph E. McDowell
Dated:  January 10, 2008                              Ralph E. McDowell

Detroit_818347_3