| | |
|---|---|
| JOCELYN KEYNES (JK-7728) | Hearing Date: January 17, 2008 |
| RONALD L. GLICK (pro hac vice pending) | Objection Deadline: January 10, 2008 |

**STEVENS & LEE, P.C.**
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  212-319-8500
Facsimile:   610-371-7385
Email:       jk@stevenslee.com
             rlg@stevenslee.com

-and-

MARK S. FINKELSTEIN
**SHANNON, MARTIN, FINKELSTEIN & ALVARADO**
A Professional Corporation
2400 Two Houston Center
909 Fannin Street
Houston, Texas  77010
(713) 646-5503
mfinkelstein@SMFS.COM

*Attorneys for Equistar Chemicals, LP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DELPHI CORPORATION,** *et al.*, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF EQUISTAR CHEMICALS, LP TO CONFIRMATION OF
DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**

Equistar Chemicals, LP ("**Equistar**"), through the undersigned counsel, submits this limited objection to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors, and Debtors in Possession ("**Plan**"), and in support respectfully states as follows:

SL1 777141v1/090447.00014

**Procedural History, Parties, and Jurisdiction**

1. On October 8, 2005 (the "**Petition Date**"), Delphi Corporation and affiliated debtors (collectively, "**Debtors**"), including Delphi Automotive Systems LLC (the "**Debtor**") filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the commencement of its Chapter 11 case, the Debtor has continued to operate its business and manage its assets as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

2. Equistar is a limited partnership organized under the laws of Delaware and has a place of business in Houston, Texas. Equistar is a creditor and party-in-interest in this case.

3. Delphi Automotive Systems LLC, Debtor, is, on information and belief, organized under the laws of Delaware and has its principal place of business in Troy, Michigan. According to the Debtors' filings in this case, the Debtor is 100% owned by the Delphi Corporation.

4. The Court has jurisdiction over this proceeding and the parties and property affected by this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Objection is a "core proceeding" as defined in 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C §§ 1408 and 1409.

5. On December 10, 2007, Debtors filed their First Amended Plan of Reorganization. A Confirmation Hearing for the Plan is set for January 17, 2008.

6. On September 28, 2007 the Court had entered an Order in connection with the Twentieth (20th) Omnibus Motion respecting claims ("**20th Omnibus Motion**") which included a provision modifying the claim of Equistar. Specifically, the subject Order modified the claim of Equistar so as to fix the unsecured claim at $450,000.00. The net result did not specifically

address Equistar's secured claim.  Equistar's claim is, in part, a secured claim based upon a pre-petition deposit/advance of funds by Debtor to induce pre-petition shipments of product.  Equistar's claim as filed in this case (assigned Claim No. 10718) explicitly reserved its right of set-off on account of the mutual pre-petition obligations represented by the deposit/advance of funds by Debtor, and the unpaid account balance due Equistar.  No formal proceedings have been filed before this Court, to date, to address the issues of such set-off and the funds ($545,000.06) remain on deposit with Equistar subject to its right of set-off, although Equistar has long awaited a response from Debtor's counsel regarding the proposed setoff.

7.  Having been unable to resolve this issue through discussion with Debtor's counsel, Equistar intends to file a Motion for Order Pursuant to 11 U.S.C. 362(d) and 553(a) Granting Relief from the Automatic Stay to Allow Setoff or Recoupment of Pre-petition Obligations ("Motion for Offset").  To the extent required (and it is unclear for reasons to be addressed in the subject motion whether such relief is required), Equistar intends to seek relief from the September 28, 2007 Order.  At its essence, the proposed motion will seek to either clarify the set-off seemingly implicit in the 20th Omnibus Motion or, in the alternative, to obtain relief in order to effect such set-off.  Accordingly, Equistar seeks to preserve its right to such set-off as may be required and to the extent required, and for that reason, files this limited objection.

8.  The requests for relief made herein are brought pursuant to section 1128 of the United States Bankruptcy Code and Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**Facts Supporting Requested Relief**

9.  Equistar supplied certain chemical compounds known as XLPE material and color concentrate (the "goods") to Debtor.  Equistar timely filed a Proof of Claim, which was assigned Claim Number 10718, detailing the sums due from Debtor, and the basis for Equistar's claim of

-3-

offset. As reflected in Equistar's Proof of Claim filed in this case on August 2, 2006, the Debtor is indebted to Equistar in the total amount of $958,965.92 ("Claim Amount") for goods delivered by Equistar pre-petition, but never paid for by the Debtor.

10. In the event the Court authorizes the requested setoff (or determines that the effect of the Order of September 28, 2007 was to permit same), Equistar's pre-petition claim against the Debtor's bankruptcy estate should be reduced from $958,965.92 to $413,965.86.

11. The Debtors' current Plan outlines the effect of the Plan on claims and interests and essentially bars any claims not provided for in the Plan, explicitly precluding collection of claims of offset. Specifically, Article XI of the Plan precludes collection of claims by offset.

### The Plan Should be Modified to Preserve Equistar's Claim for Offset

12. Equistar offers this limited objection to the confirmation of the Plan to the extent that the Plan disallows or impairs claims of setoff or offset, including those claims that have been offered for the Court's adjudication. In so doing Equistar simply seeks to preserve its rights to clarify and/or obtain its rights of set-off.

13. Section 1129(a)(1) of the Bankruptcy Code provides that a court should only confirm a Plan of reorganization if it otherwise complies with the applicable provisions of the Code. 11 U.S.C. § 1129(a)(1). Chapter 11 outlines the necessary contents of a Plan and establishes a minimum standard for equity and fairness of reorganization plans. See 11 U.S.C. §§ 1123, 1129(b).

14. Furthermore, under the standard set forth in §1129(b)(1), the Debtors' Plan should be modified as it is not fair and equitable. 11 U.S.C. § 1129(b)(1). Because set-off claims are not included as a class entitled to relief, Equistar's Motion for Offset would be completely discharged despite its status as a secured claim. See Debtors' Plan Arts 11.2 and 11.14. Under §

-4-

1129(b), a Plan is "fair and equitable" with respect to a secured claim if, at a minimum, it provides (1) that a secured creditor retains a lien securing its claim and receives deferred cash payments for the total amount of the claim, or (2) that the property is sold with the secured creditors liens attaching to the proceeds of the sale, or (3) that the secured creditor receives the "indubitable equivalent" of its claim. *In re Fur Creations by Varriale Ltd.*; 188 B.R. 754, 762 (S.D.N.Y. 1995); 11 U.S.C. § 1129(b)(2)(A) (2007). Therefore the Plan is not fair and equitable to Equistar under this standard, as Articles 11.2 and 11.14 allow for the complete and total discharge of Equistar's secured claim.

        15.     The Plan is further violative as it unfairly discriminates against claims of offset where such claims should be treated in the same manner as a party with a security interest in the relevant property. 11 U.S.C. § 1129(b)(1) (2007); *Elcona Homes Corp. v. Green Tree Acceptance, Inc. (In re Elcona Homes Corp.)*, 863 F.2d 483, 485 (7th Cir. 1988) ("[T]he rule . . . recognizes that the creditor who owes his debtor money is like a secured creditor; indeed, the mutual debts, to the extent equal, secure each party against the other's default."). The requirement that a Plan not "discriminate unfairly" is intended to complement the "fair and equitable" test and to simplify an otherwise complex priorities system among classes. *In re Buttonwood Partners, Ltd.*, 111 B.R. 57, 63 (Bankr. S.D.N.Y. 1990); 11 U.S.C. § 1129(b)(1) (2007).

        16.     A Plan "discriminates unfairly" with respect to a dissenting (or presumably unmentioned) class if the Plan fails to protect the legal rights of such class in a manner consistent with the treatment of other classes with similar legal rights. *Id.*; 11 U.S.C. § 1129(b)(1) (2007); See, H.R. Rep. No. 595, 95th Cong., 1st Sess. 416-417 (1977); *See also* 124 Cong. Rec. H11, 104 (daily ed. Sept. 28, 1978); 124 Cong. Rec. S17, 420 (daily ed., Oct. 6, 1978). Equistar

-5-

should possess legal rights equal to those of other secured creditors. In fact, the right of setoff is often described as "security of the most perfect kind." *Boston Ins. Co. v. Nogg* (*In re Yale Express System, Inc*.), 362 F.2d 111, 114 (2nd Cir. 1966). Thus, the Debtors' Plan unfairly discriminates against Equistar's Motion for Offset in disallowing application of the pre-petition payments and entirely discharging the claim.

17.     Finally, the Plan improperly denies Equistar the indubitable equivalent of its claim. Equistar should receive, on account of its claim, a secured claim in the amount of $545,000.06 and an unsecured claim in the amount of $413,965.86. The Plan impermissibly deprives Equistar of the indubitable equivalent of its claim. 11 U.S.C. § 1129(b)(2)(A)(iii).

## **Waiver of Memorandum of Law**

18.     The legal issues contained in this Motion do not raise novel issues, and the authorities relied upon are discussed and incorporated herein. Accordingly, Equistar respectfully requests that the requirement of the filing and service of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

*[remainder of page intentionally left blank]*

SL1 777141v1/090447.00014

WHEREFORE, Equistar respectfully requests that this Court enter an Order requiring modification of the Plan to preserve Equistar's claim of offset, at least until the Court has had the opportunity to adjudicate the enforceability and allowance of Equistar's Motion for Offset, and granting such further relief as is just and proper.

Dated:  New York, New York
        January 10, 2008

                                     Respectfully submitted,

                                     STEVENS & LEE, P.C.

                                     */s/  Jocelyn Keynes*
                                     Jocelyn Keynes (JK-7728)
                                     485 Madison Avenue, 20th Floor
                                     New York, New York 10022
                                     Telephone:  212-319-8500
                                     Facsimile:  610-371-7385
                                     Email:     jk@stevenslee.com
                                                        rlg@stevenslee.com

                                     Ronald L. Glick (pro hac vice pending)
                                     600 College Road East, Suite 4400
                                     Princeton, New Jersey  08540
                                     Telephone:  609-987-7052
                                     Facsimile:  610-371-7385
                                     Email:     rlg@stevenslee.com

                                   COUNSEL FOR EQUISTAR CHEMICALS, LP

OF COUNSEL:

SHANNON, MARTIN, FINKELSTEIN & ALVARADO
A Professional Corporation
Mark S. Finkelstein
Texas Bar No. 07015100
Jeffery R. Koch
Texas Bar No. 11645250
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 646-5500 (Tel.)
(713) 752-0337 (Fax)
mfinkelstein@smfs.com

-7-