BARNES & THORNBURG LLP
Attorneys for Bank of America, N.A.
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| Debtors. | ) | (Jointly Administered) |

### LIMITED OBJECTION OF BANK OF AMERICA, N.A. TO FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

Bank of America, N.A. ("Bank of America")[1], by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the First Amended Joint Chapter 11 Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), and in support of the Objection, respectfully states as follows:

### BACKGROUND

1. Prior to the Petition Date (as defined below), Bank of America and Delphi Automotive Systems Human Resources, LLC ("Delphi HR") were parties to two (2) leases for the lease of aircraft (collectively, the "Leases"), the obligations for which were subject to

---

[1] Capitalized terms not defined herein shall have the meaning given to them by the Plan.

guaranties (the "Guaranties") executed by Delphi Corporation ("Delphi Corp.") and Delphi Automotive Systems, LLC ("Delphi Automotive Systems") for the benefit of Bank of America.[2]

2. Both Leases provide that an event of default will be deemed to have occurred when:

> any event or condition set forth in subsections (d) through (h) of this Section shall occur with respect to any Guarantor or other person responsible, in whole or in part, for payment or performance of this Lease, or there shall be an express repudiation of any Guaranty or a default under any Guaranty, and any applicable grace period or cure period with respect thereto has expired.

3. On October 8, 2005 (the "Petition Date"), Delphi HR, Delphi Corp., Delphi Automotive Systems and several of their affiliates each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Shortly thereafter, Bank of America filed a Motion for Adequate Protection Replacement Liens (the "Motion for Adequate Protection"). The Motion for Adequate Protection was resolved when this Court entered a Consent Order Resolving Motion by Bank of America, N.A. for Adequate Protection Replacement Liens (the "Consent Order"), which provided for payment of certain amounts due under the Learjet Lease and the Challenger Lease in installments. (Consent Order at ¶ 6.) Moreover, the Consent Order required that the Debtors establish a segregated deposit account for the Aircraft Cash Collateral (as defined by the Consent Order). (Consent Order at ¶¶ 1-2.) Finally, the Consent Order prohibited the Debtors from amending, canceling or otherwise terminating the Learjet Charter Agreement, the Challenger Charter Agreement, the Management Agreement or any subleases of the Learjet or the

---

[2] A comprehensive summary of the relationship between Bank of America and the Debtors is contained in Bank of America's response to the Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr. P. 3007 to Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected on Debtors' Books and Records, (c) Untimely Claims and Untimely Tax Claim, and (d) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Fifteenth Omnibus Objection"), a copy of which is available at Docket No. 8309, and is hereby incorporated by reference.

Challenger without at least ten (10) days prior written notice to Bank of America. (Consent Order at ¶ 5.)

5. On January 13, 2006, Bank of America commenced an adversary proceeding by filing a Complaint for a Declaratory Judgment With Respect to the Priority of Liens and Security Interests in Property of Delphi Automotive Systems Human Resources, LLC (the "Complaint") against Delphi HR, the Official Committee of Unsecured Creditors and JPMorgan Chase Bank, N.A., acting in its capacities as administrative agent for the Debtors' prepetition and post-petition lenders. The Complaint requested that this Court enter a judgment declaring that JPMorgan Chase Bank, N.A., in both of the aforementioned capacities, did not hold any security interests or liens in certain collateral pledged to Bank of America by Delphi HR.

6. On April 26, 2006, this Court approved a Stipulation and Order Resolving and Dismissing Adversary Proceeding (the "Adversary Order"). The Adversary Order resolved the issues set forth in the Complaint and provided, among other things, that (i) the Prepetition Agent (as defined in the Adversary Order) did not hold any security interests in, or liens on, any assets owned by Delphi HR, (ii) none of the security interests or liens granted by this Court under the Final DIP Financing Order (as defined in the Adversary Order) attached to any interests of Delphi HR in collateral pledged to Bank of America, and (iii) the Debtors and the Committee agreed that the liens granted in the Final DIP Financing Order were subject and subordinate to the liens and security interests held by Bank of America.

7. On or around July 27, 2006, Bank of America timely filed (i) a proof of claim against Delphi Corp. (Claim No. 11317) in the amount of $38,127,592.68, plus interest, late charges, taxes, expenses of collection, attorneys' fees and damages for violations of the leases that are currently unknown or cannot be determined until one or both of the aircraft are returned,

(ii) a proof of claim against Delphi Automotive Systems (Claim No. 11470) in the amount of $38,127,592.68, plus interest, late charges, taxes, expenses of collection, attorneys' fees and damages for violations of the leases that are currently unknown or cannot be determined until one or both of the aircraft are returned, and (iii) a proof of claim against Delphi HR (Claim No. 11457) in the amount of $38,127,592.68, plus interest, late charges, taxes, expenses of collection, attorneys' fees and damages for violations of the leases that are currently unknown or cannot be determined until one or both of the aircraft are returned (collectively, the "Proofs of Claims").

8. On or about May 22, 2007, the Debtors filed their Fifteenth Omnibus Objection, which sought entry of an order disallowing and expunging the claims of Bank of America because the Proofs of Claim allegedly asserted liabilities or dollar amounts that are not reflected on the Debtors' books and records.

9. On June 19, 2007, Bank of America filed its response to the Fifteenth Omnibus Objection. Thereafter, the Debtors filed a Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proof of Claim Nos. 11317, 11470 and 11457 (Bank of America, N.A.), which was supported by Debtors' Statement in Further Support of Debtors' Objection to Proof of Claim Nos. 11317, 11470 and 11457 (Bank of America, N.A.).

10. The Debtors and Bank of America subsequently entered into a Joint Stipulation and Agreed Order to Withdraw Without Prejudice [sic] of Proofs of Claim 11317, 11470, and 11457 (Bank of America, N.A.) (the "Claims Stipulation"), that was approved by this Court on September 7, 2007. The Claims Stipulation provides, among other things, that (i) Bank of America agreed to withdraw the Proofs of Claim without prejudice pending the Debtors' decision to assume or reject the Leases, and (ii) the Debtors must provide Bank of America with ten (10) days prior notice of the election to assume or reject the Leases.

4

11. On September 6, 2007, the Debtors filed their Disclosure Statement with Respect to Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession, and their Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession, both of which were subsequently amended on October 29, 2007.

12. On December 10, 2007, this Court approved the Disclosure Statement, as amended. On the same day, the Debtors filed the Plan.

13. The Plan provides, among other things, that all executory contracts and unexpired leases not rejected pursuant to Exhibit 8.1(a) of the Plan are automatically assumed as of the Effective Date. In the event an executory contract or unexpired lease is rejected, Claims for rejection damages must be made within thirty (30) days after the later of (i) the entry of the Confirmation Order, or (ii) notice of rejection.

14. Under the Plan, in the event that a non-Debtor party wishes to assert an entitlement to Cure, such party must file and serve a Cure Claim within forty-five (45) days after the entry of the Confirmation Order, after which the Debtors shall have forty-five (45) days to file an objection to the Cure Claim. Moreover, the Plan provides that in the event that a dispute exists that cannot be resolved as to (i) the nature or amount of the Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance," or (iii) other matters pertaining to assumption, the Debtors have the right to reject the contract or lease for a period of five (5) days after the entry of a Final Order establishing a Cure amount in excess of that asserted by the Debtors.

15. Finally, the Plan proposes to (i) revest all property in the Debtors free and clear of all Claims, liens, charges, encumbrances, rights, and Interests of creditors, (ii) similarly

5

discharge the Debtors, and (iii) cancel instruments or documents creating any indebtedness or obligation unless Reinstated under the Plan or otherwise required in connection with any Cure. (Plan §§ 7.10, 11.1 and 11.2.)

16. On December 28, 2007, the Debtors filed Exhibit 8.1(a) to the Plan, which discloses three (3) categories of executory contracts and unexpired leases that are to be rejected pursuant to the Plan. Upon information and belief, the Leases are to be assumed as part of the Plan.

17. However, as of the date of the filing of this Objection, Delphi HR had technically neither assumed nor rejected the Leases. Moreover, the Debtors had not committed to provide Bank of America with new guaranties or reaffirm the existing Guaranties as part of the Debtors' cure obligations in the event that they assume the Leases.

## **OBJECTION**

18. In its present form, the Plan proposes assumption and cure procedures which are contrary to express provisions of the Bankruptcy Code. Moreover, the Plan potentially seeks to assume the Leases while improperly modifying the Leases by (i) circumventing the Debtors' obligation to reaffirm or execute new Guaranties, (ii) terminating the liens and security interests that are granted to Bank of America under and with respect to the Leases, (iii) denying Bank of America attorney's fees to which it is entitled under the Leases.

**A.    The Procedures for Assumption and Cure Conflict with the Express Provisions of 11 U.S.C. §§ 365(b)(1) and 1123(b)(2).**

19. Section 1129(a)(1) requires that any confirmed plan must comply with the provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). Section 1123(b) of the Bankruptcy Code provides that a plan may, subject to section 365, provide for the assumption, rejection, or assignment of an executory contract or unexpired lease of the debtor not previously rejected

6

under section 365. 11 U.S.C. § 1123(b)(2). Such assumption must occur by no later than plan confirmation. *See*, *e.g.*, *In re Adelphi Communications Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003).

20.   The Plan states that Cure, as the sole requirement for assumption, will not be determined for a period of forty-five (45) days or more after confirmation. The Plan also provides that the Debtors will have the right to reject any contract or lease for a period of five (5) days after the entry of a Final Order establishing a Cure amount in excess of that provided by the Debtors. Under the proposed Plan, even after Cure is determined, the Debtors are attempting to reserve their right to revisit their decisions to assume or reject contracts and leases after confirmation of the Plan, including the Leases. As noted above, assumption must occur no later than the date of confirmation. The Plan is therefore in direct conflict with sections 1123(b)(2) and 365(b)(1) of the Bankruptcy Code, because the Debtors are improperly attempting to extend the time to (i) assume and/or reject, and (ii) provide cure and adequate assurance of future performance under assumed contracts and leases. *See* 11 U.S.C. §§ 365(b)(1) and 1123(b)(2).

21.   Moreover, the Debtors are requesting the approval of procedures which would require the Court to render an advisory opinion. The proposed procedures would allow them to temporarily assume executory contracts and unexpired leases, only to have the right to revisit that decision after this Court makes a determination as to Cure. A determination as to Cure by this Court would be tantamount to an advisory opinion, because the Debtors could ultimately decide not to assume the executory contract or unexpired lease at issue, rendering this Court's decision with respect to Cure contingent and speculative. *See In re Adelphia Communications Corp.*, 307 B.R. 432, 438-39 (Bankr. S.D.N.Y. 2004) (finding controversy concerning potential plan distributions to be contingent and speculative).

22. The Debtors should be required to Cure any breach or default under the Leases, including the requirements that (i) the obligations under the Leases continue to be guaranteed, (ii) the security interests and liens remain in existence, and (iii) attorney's fees be paid, by no later than the Confirmation Date or, at the very least, provide adequate assurance to Bank of America that the Debtors will promptly Cure soon after confirmation. The procedures proposed by the Plan would allow the Debtors to assume agreements without any adequate assurance of future performance under the agreement, as the Debtors could revisit their decision to assume or reject. Therefore, confirmation of the Plan should be denied to the extent that it seeks to impose these procedures on Bank of America.

**B.     The Plan Potentially Terminates Certain Rights of Bank of America Under the Leases.**

23. The purpose of the safeguards enumerated in section 365(b)(1) is "to ensure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (citing *In re Superior Toy & Manufacturing Co.*, 78 F.3d 1169, 1174 (7th Cir. 1996)). If a debtor decides to assume an executory contract or unexpired lease, assumption must occur *cum onere*. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-32 (1984); *see In re Leslie Fay Cos., Inc.*, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994) (executory contract or unexpired lease cannot be assumed in part and rejected in part).

24. To the extent that the Debtors are seeking to assume the Leases and cure any and all the potential defaults thereunder, Bank of America has no objection. However, in order to do so, the Guaranties, liens and security agreements to which Bank of America is entitled under the Leases must survive and continue in existence after confirmation of the Plan. As currently drafted the Plan seemingly allows for cancellation or discharge and/or release under sections

8

7.10, 11.1 – 11.2 of the Plan, respectively, before any determination as to whether such rights must remain in existence as part of the assumption and cure process. Therefore, to the extent that the aforementioned sections of the Plan seek to modify or terminate rights of Bank of America under the Leases, including its right to maintain its liens and security interests regardless of assumption or rejection, confirmation of the Plan should be denied.

## CONCLUSION

25.     Based on the arguments set forth and detailed herein, the Plan violates sections 1123(b)(2) and 365(b)(1) of the Bankruptcy Code. Furthermore, the Plan potentially terminates rights of Bank of America under the Leases regardless of whether they are assumed or rejected. Therefore, this Court should deny the Debtors' request for confirmation of the Plan absent revisions correcting such deficiencies.

26.     Bank of America expressly reserves any and all rights to supplement this Objection at or prior to the hearing on confirmation of the proposed Plan. This Objection is being filed only as it pertains to the Leases and the rights derived thereunder or related thereto.

## MEMORANDUM OF LAW

27.     Because the relevant authorities in support of the requested relief are cited in this Objection, Bank of America requests that the requirement of service of a separate memorandum of law under Local Bankruptcy Rule 9013-1(b) be deemed satisfied by this Objection.

28.     No previous request for the relief requested herein has been made to this Court or any other Court.

WHEREFORE, Bank of America respectfully requests that this Court (i) deny confirmation of the Plan in its current state, and (ii) grant such other and further relief as is just and appropriate under the circumstances.

Dated:  January 10, 2008

                                            BARNES & THORNBURG LLP
                                            Attorneys for Bank of America, N.A.


                                            By: /s/John T. Gregg
                                                 Patrick E. Mears (PM-6473)
                                                 John T. Gregg (Admitted Pro Hac Vice)
                                            Business Address:
                                            300 Ottawa Avenue, NW
                                            Suite 500
                                            Grand Rapids, Michigan  49503
                                            Telephone:(616) 742-3930
                                            Facsimile: (616) 742-3999
                                            pmears@btlaw.com
                                            jgregg@btlaw.com

GRDS01 JGREGG 353876v1