Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
Attorneys for Automodular Corporation f/k/a
Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc.,
and Automodular Assemblies (Ohio) Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION INC., et al. | Case Nos. 05-44481 (RDD) (Jointly Administered) |
| Debtors. |  |

**LIMITED OBJECTION OF AUTOMODULAR CORPORATION F/K/A AUTOMODULAR ASSEMBLIES INC., TEC-MAR DISTRIBUTION SERVICES, INC., AND AUTOMODULAR ASSEMBLIES (OHIO) INC. TO FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION [D.I. # 11386]**

Automodular Corporation f/k/a Automodular Assemblies Inc. and its wholly-owned subsidiaries Tec-Mar Distribution Services, Inc., and Automodular Assemblies (Ohio) Inc. (collectively, "Automodular") hereby submits the following Limited Objection to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession [D.I. # 11386] and in support thereof asserts as follows:

## BACKGROUND

1.  In or about March 2004, Automodular Assemblies (Ohio) Inc. and Delphi Automotive Systems LLC ("Delphi" or Debtor") entered into a contract (hereinafter the "U.S. Contract") whereby Automodular agreed to provide services to Delphi as specified amongst other items, in purchase orders and work orders. As of the Petition Date, no less than $147,306.27 was owed by the Debtors under the U.S. Contract.

2.  In addition to the U.S. Contract, Automodular Assemblies Inc. contracted with Delphi under a Long Term Contract, as recently amended in June 2005 (the "Ontario Contract" and collectively with the U.S. Contract, the "Contracts"). Pursuant to the Ontario Contract, Delphi would contract with General Motors of Canada ("GM") for the supply and installation of various car parts. In turn, Delphi contracted with Automodular for Automodular's sub-assembly and sequencing services of condensers, radiators and fan modules, which were ultimately installed in GM vehicles. As of the Petition Date, no less than $322,249.11 was due and owing under the Ontario Contract.

3.  On October 8, 2005 (the "Petition Date"), Delphi and certain of its subsidiaries and affiliates filed for bankruptcy protection pursuant to Chapter 11 of Title 11 of the Bankruptcy Code.

4.  Automodular continued to provide services to the Debtors after the Petition Date. However, as of September 30, 2007, no less than $587,762,61 was due and owing from the Debtor for post-petition goods and services provided by Automodular under the U.S. Contract and an additional $1,074,887.61 was due and owing from the Debtor for post-petition goods and services provided by Automodular under the Ontario Contract. Additional costs for goods and services continue to accrue on a daily basis under both Contracts.

5. On November 30, 2007, Automodular filed a Motion to Compel Assumption or Rejection of Executory Contracts and Motion to Allow and Direct Payment of Administrative Expense Claims [D.I. # 11180] (the "Motion to Compel"). The Motion to Compel sought assumption or rejection of the Contracts and payment of the pre-petition and post-petition amounts owed. A hearing for the Motion to Compel is scheduled for February 21, 2007.

6. On or about December 10, 2007, the Debtors sent Automodular a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice"). See Exhibit A. The Cure Notice only lists six (6) purchase orders related to the Ontario Contract, with a $0 cure for three (3) of the purchase orders and a total of $11,888.18 owed for the remaining three (3) purchase orders. Several purchase orders relating to the Ontario Contract were not listed. In addition, no Cure Notice was submitted with respect to the U.S. Contract. Automodular intends to object to the Cure Notice, in accordance with the procedures set forth therein.

7. On December 10, 2007, the Debtors also filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").

8. Pursuant to Section 8.1(a) of the Plan, all executory contracts and unexpired leases shall be deemed automatically assumed in accordance with Section 365 or Section 1123 of the Bankruptcy Code, as of the Effective Date, unless such contract (a) was previously rejected; (b) was the subject of a motion to reject; (c) expired or terminated on or prior to December 31, 2007 and not otherwise extended; (d) is listed on the schedule of rejected contracts and leases - Exhibit 8.1(a) to the Plan; or (e) is otherwise rejected pursuant to the Plan.

05-44481-rdd    Doc 11876    Filed 01/10/08    Entered 01/10/08 16:11:06    Main Document
Pg 4 of 5

9.  On December 28, 2007, the Debtors filed Exhibit 8.1(a) to the Plan which purportedly lists those contracts to be rejected. The Automodular Contracts are not listed on Exhibit 8.1(a). [See D.I. # 11608]

10. Automdoular's Contracts are not listed on Exhibit 8.1(a) and have not otherwise been rejected, and therefore, confirmation of the Plan would effectively act as an order approving assumption or assumption and assignment of the Contracts.

## LIMITED OBJECTION

11. Prior to the Court's approval of the assumption of the Contracts, the Court must require the Debtors and/or its assignee to pay the correct pre-petition and post-petition amounts due to Automodular. *See*, 11 U.S.C. §365(b)(1)(A)&(B).

12. It is true that generally the Bankruptcy Code authorizes a debtor, with the Court's approval, to assume or assign executory contracts or unexpired leases. Specifically, § 365(a) provides that "the trustee, subject to the court's approval, may assume or reject any executory contact." 11 U.S.C. § 365(a).

13. However, if the debtor has defaulted under the executory contract or lease, the executory contract may not be assumed until all defaults are cured, the debtor compensates the non-debtor party for any actual pecuniary loss resulting from the default and provides the non-debtor party adequate assurance of future performance under such executory contract or lease. *See* 11 U.S.C. § 365(b).

14. Accordingly, for the Debtors to assume or assign the Contracts with Automodular, Debtors must pay Automodular the total amount due and owing under the Contracts and as amounts continue to accrue on a daily basis, any other sums that become due prior to the assumption and assignment of the contract.

15.  Automodular reserves the right to object to the Cure Notice, the assumption of any Automodular Contracts and any and all rights or claims as presented by the Motion to Compel.

WHEREFORE, Automodular respectfully objects to the Plan to the extent the Contracts are to be assumed without payment in full of all pre-petition and post-petition amounts owed and further requests that the Court compel Debtors to cure all defaults under the assumed Contracts; and grant such other and further relief as deemed just and proper.

/s/ Eduardo J. Glas
Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile

and

Katharine L. Mayer, Esquire
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19899
(302) 984-6300

Attorneys for Automodular Corporation f/k/a Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., and Automodular Assemblies (Ohio) Inc.

DATED: January 10, 2008