Bose McKinney & Evans LLP
Michael A. Trentadue
Attorney No. 12037-49
Carina M. de la Torre
Attorney No. 24849-49
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 (FAX)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | CASE NO. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Chapter 11 |

**OBJECTION OF EIKENBERRY & ASSOCIATES, INC. TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PUPROSES OF ADMINSITRATION OF DISCOUNT RIGHTS OFFERING**

Eikenberry & Associates, Inc. ("Eikenberry"), by counsel, objects to the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (the "Discount Rights Offering Estimation Motion") filed by the Debtors, and would show the Court as follows:

1. On October 8, 2005, Delphi and various affiliates and/or subsidiaries (collectively "Debtors") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On July 31, 2006, Eikenberry filed Proof of Claim No. 15141 in the gross amount of $438,605.19, comprised of a secured claim in the amount of $204,708.80 (which includes a tooling lien claim of $69,995.00) and an unsecured claim in the amount of $233,896.39 (the "Eikenberry Claim"). As stated in the Proof of Claim, the "net" amount of the claim (net of

certain pre-petition payments received by Eikenberry which did not list correct invoice numbers) is $160,048.74. Attached to that Proof of Claim are spreadsheets, invoice lists and some invoices which support Eikenberry's claim.

3. On December 21, 2007, the Debtors filed the Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that Is Subject to Prior Order, (the "Twenty-Fourth Omnibus Claims Objection") (Docket No. 11588).

4. In the Twenty-Fourth Omnibus Claims Objection, Debtors propose to reduce and reclassify the Eikenberry Claim as follows: a priority claim in the amount of $1,530.60 and a general unsecured claim in the amount of $43,714.73, against Debtor No. 05-44640.

5. Eikenberry's response to the Twenty-Fourth Omnibus Claims Objection is proceeding under the procedures outlined in the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007 and 9014 Establishing (I) Dates for Hearing Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims (the "Claims Objection Procedures Order") (Docket No. 6089), crafted by Debtors. On December 21, 2007, Debtors noticed their objection to the Eikenberry Claim for hearing on January 25, 2008 at 10:00 a.m. under the Claims Objection Procedures Order.

6. Eikenberry's time within which to respond to the Twenty-Fourth Omnibus Objection runs on January 18, 2007; consequently, Eikenberry's response to the Twenty-Fourth Omnibus Objection, if any, is not yet due.

7. Eikenberry objects to the proposed treatment in Debtors' Twenty-Fourth Omnibus Objection and is currently in the process of drafting its objection thereto and attempting to resolve its dispute with the Debtors regarding this proposed treatment.

8. On December 28, 2007, Debtors filed their Discount Rights Offering Estimation Motion (Docket No. 11606).

9. In the Discount Rights Offering Estimation Motion, Debtors propose to estimate Eikenberry's unsecured claim in the reduced amount of $53,491.29 solely for the purpose of the distribution of Discount Rights.

10. Eikenberry objects to the Debtors' estimation of Eikenberry's unsecured claim in the amount of $53,491.29 to the extent it will have any impact on the final allowed amount of the Eikenberry Claim. The procedures proposed in the Discount Rights Offering Estimation Motion conflict with those of the Debtors' Claim Objection Procedures Order, and the Discount Rights Offering Estimation Motion constitutes an improper attempt to circumvent Eikenberry's filing of a response to and the determination of Eikenberry's claim through the claims objection procedure.

11. The Debtors' Discount Rights Offering Estimation Motion makes no provision for allowance for an estimation that is too low. If Eikenberry's claim is eventually allowed in an amount in excess of the Debtors' proposed estimate (which is Eikenberry's position), it will have received fewer Discount Rights than it is entitled to, and there is no reserve of Discount Rights or method to resolve this problem. Eikenberry, therefore, objects to the Discount Rights Estimation Motion as it will lead to an insufficient number of Discount Rights being provided to Eikenberry.

12. Eikenberry objects to the Debtors' Discount Rights Offering Estimation Motion insofar as it seeks to reduce or reclassify the Eikenberry Claim, and respectfully requests that the Court deny the Debtors' Discount Rights Offering Estimation Motion in this regard.

13. Because the legal points and authorities upon which this objection relies do not represent novel theories of law, Eikenberry respectfully requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Eikenberry & Associates, Inc., by counsel, objects to the Debtors' Discount Rights Offering Estimation Motion insofar as it seeks to reduce or reclassify the Eikenberry Claim and, insofar as it makes no provision for a reserve of Discount Rights for claims later determined to be in excess of the estimate, and respectfully requests that the Court deny the Debtors' Discount Rights Offering Estimation Motion in this regard, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/ Michael A. Trentadue
Michael A. Trentadue, Attorney No. 12037-49
Carina M. de la Torre, Attorney No. 24849-49
BOSE MCKINNEY & EVANS LLP
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 684-5000 / (317) 684-5173 (FAX)
mtrentadue@boselaw.com
cdelatorre@boselaw.com

Attorneys for Eikenberry & Associates, Inc.

1056407/CMD/9911-2

## PARTIAL CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following parties, via overnight delivery, on the 10th day of January, 2008*:

The Honorable Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, NY  10004

Delphi Automotive Systems LLC
ATTN:  General Counsel
5725 Delphi Drive
Troy, MI  48098

Skadden, Arps, Slate, Meagher & Flom LLP
ATTN: John Wm. Butler Jr. & John K. Lyons
333 West Wacker Drive, Suite 2100
Chicago, IL  60606

Davis Polk & Wardwell
ATTN:  Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY  10017

Latham & Watkins LLP
ATTN:  Robert J. Rosenberg and Mark A. Broude
885 Third Avenue
New York, NY  10022

Fried, Frank, Harris, Shriver & Jacobson LLP
ATTN:  Bonnie Steingart
One New York Plaza
New York, NY  10004

Office of the U.S. Trustee
for the Southern District of New York
ATTN:  Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, NY  10004

/s/ Michael A. Trentadue
Michael A. Trentadue

*An Affidavit as to service on all others is being filed separately.