Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Attorneys for Robert Bosch LLC and
Robert Bosch GmbH

Hearing Date and Time: January 17, 2008 at 10:00 a.m.
Objection Deadline: January 11, 2008 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
    In re                                       :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
                                                :    (Jointly Administered)
                Debtors.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ROBERT BOSCH GmbH'S AND ROBERT BOSCH LLC'S LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

Robert Bosch GmbH and Robert Bosch LLC (collectively "Bosch") hereby file this Limited Objection to Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (Docket No. 11606) (the "Motion"). Bosch states as follows in support of its limited objection:

1

*Background*

1.   Bosch has filed certain proofs of claim against Debtors asserting damages in the amount of $15,000,000 for the Debtors' pre-petition infringement of certain Bosch patents. All such claims have been consolidated into Proof of Claim No. 16220 for administrative and other purposes.

2.   Debtors have objected to Bosch's patent infringement claims through various omnibus objections, including the Debtors' Third Omnibus Objections to Claims.

3.   Debtors and Bosch have reached a tentative agreement to settle Bosch's pre-petition patent infringement claims, subject to the execution of a mutually acceptable settlement agreement. The parties have been diligently working on a draft settlement agreement and are very close to finalizing it. However, as of this time the settlement agreement has not yet been finalized or executed.

4.   Once the settlement agreement has been finalized and signed, the parties will submit to this Court a stipulation resolving the Debtors' objections to Bosch's claims. Bosch anticipates that the stipulation will be submitted to the Court prior to January 17, 2008, which is the date of the hearing on the Motion.

5.   As part of the proposed settlement, Proof of Claim No. 16220 will be allowed in the amount of $475,00.00 and will be treated as an allowed general unsecured non-priority claim against the estate of Delphi Automotive Systems LLC (the "Allowed Claim"). Further, pursuant to the terms of the proposed settlement, a new proof of claim (Proof of Claim No. 16771) has been created against the estate of Delphi Automotive Systems LLC. This claim will be capped at the amount of $1,900,000, pending further adjudication in a non-bankruptcy forum (the "Capped Claim").

6. Through the Motion, the Debtors seek to estimate Bosch's patent infringement claims at $2,375,000, which is the aggregate of the $475,000 Allowed Claim and the $1,900,000 Capped Claim under the proposed settlement.

*Limited Objection*

7. Bosch has two objections to the Motion. The first objection is a protective objection only. If for some reason the proposed settlement falls through, then Bosch's patent infringement claims should be estimated at $15,000,000 rather than $2,375,000. The second objection addresses the unfairness of the Motion as it relates to the Debtors' right to recover benefits never received by claimants that exercise the Discount Rights. More specifically, the "clawback" aspect of the Motion is simply not fair or reasonable. The clawback should be limited to the net benefit received by a claimant exercising the Discount Rights.

8. Both of Bosch's objections will be addressed below.

    **A.    Bosch Objects, as a Protective Measure, to the Motion in the Event the Proposed Settlement Is Not Consummated.**

9. Bosch's first objection is a protective objection only. Bosch is confident that the parties will consummate the proposed settlement by executing a mutually acceptable settlement agreement and presenting a stipulation to this Court resolving the Debtors' objections.[1] In the event, however, that the settlement falls through for any reason, or in the event the stipulation confirming the settlement is not approved by a final, non-appealable Order of this Court, then Bosch objects to the Debtors' estimation of the patent infringement claims at $2,375,000. Rather, Bosch's claims should be estimated and capped at $15,000,000. The $15,000,000 cap is

---

[1] If the settlement does go through (as Bosch fully expects it will), then Bosch's estimated claim for purposes of the Motion should be $1,900,000, the amount of the Capped Claim that must still be adjudicated. There will be no need to estimate the Allowed Claim. Accordingly, for purposes of the Motion, if the settlement is consummated Bosch's estimated claim should be $1,900,000, and that should be for Claim No. 16771 (rather than Claim No. 16220, as set forth in the Motion).

3

consistent with an earlier stipulation that Bosch and the Debtors had entered into capping Bosch's patent claims at $15,000,000. *See* Joint Stipulation and Agreed Order Adjourning Hearing, Administratively Consolidating Claims, Disallowing and Expunging Proof of Claim Number 16467 for Administrative Purposes, and Capping Proof of Claim 16220 (Robert Bosch GMBH & Robert Bosch LLC) (Docket No. 8710).

10.  Accordingly, in the unlikely event the proposed settlement does not go through or is not approved by a final, non-appealable Order of this Court, then Bosch's claim should be estimated at $15,000,000 for purposes of the Motion rather than $2,375,000.

**B.   The Motion is Patently Unfair as it Relates to the Debtors' Ability to Recover or Clawback Payment from a Claimant in the Event a Disputed Claim is Allowed in an Amount Less than the Estimated Amount.**

11.  Bosch's second objection is substantive in nature, and it applies regardless of whether the proposed settlement is consummated or not.

12.  Bosch objects to the Motion based on the provisions of the Motion that would allow the Debtors to recover the value of the Discount Rights from a claimant that exercises its Discount Rights but whose claim is later determined to be less than the value of the Discount Rights.  (*See* Paragraphs 17 and 21 of the Motion and Paragraph 3 of the proposed order.)

13.  More specifically, as the Motion currently stands, if an estimated claim is later determined to be less than the estimated amount, the Debtors have the right – in their "sole discretion" - to recover the Excess Discount Rights (as defined in the Motion) by either withholding enough stock to offset the value of the Excess Discount Rights or by requiring the claimant to remit payment "in an amount equal to the Excess Discount Rights."[2]

---

[2] More specifically, the proposed order reads in relevant part as follows:

> 3. To the extent that such provisional allowance or estimation results in a particular claimant's receiving more Discount Rights than such claimant should have received based on the ultimate allowed amount of

4

14. Bosch acknowledges that claimants should not receive more than they are entitled to and should return any excess, but if the Motion were granted it would be quite possible – indeed, perhaps likely – that the Debtors could in their sole discretion require claimants exercising Discount Rights to pay back the Debtors <u>more</u> than what the claimants actually received.

15. As background, the Debtors value the Discount Rights at $21.22 per share, which represents the difference between the value the Debtors place on the stock at ($59.61 per share) less the discounted price ($38.39 per share). Nevertheless, there is no guarantee that any claimant will receive that $21.22 per share discount. Even if a claimant exercised its Discount Rights immediately, the value of the Reorganized Debtors' stock could very well have dropped, and in that instance the claimant cannot possibly realize a $21.22 per share benefit. Instead, the benefit could be significantly lower than that amount, yet according to the Motion the Debtors could apparently compel the claimant to pay money back to the Debtors in the fiction that the claimant somehow received a benefit of $21.22. The claimant would then be at risk of having to pay back more to the Debtors than the claimant received. This is simply unfair and it penalizes claimants for exercising their Discount Rights.

16. For instance, let's assume that a claimant such as Bosch exercised its Discount Rights and purchased stock at $38.39 per share. Let's further assume that the claimant immediately sold the stock after it purchased the stock, but at that time of the sale the value of the stock had already declined to $45. In that instance, the claimant would have only received a

---

such claim and such rights are transferred or exercised (the "Excess Discount Rights"), **then, in the Reorganized Debtors' sole discretion,** (a) an amount of New Common Stock (at Plan value) equivalent to the value of the Excess Discount Rights (at Plan value)(the "Discount Rights Value") shall be withheld from the ultimate distribution to such claimant **or (b) such claimant shall remit payment to the Reorganized Debtors in an amount equal to the value of the Excess Discount Rights**.

Proposed Order at p. 2 (emphasis added)

5

benefit of $6.61 per share ($45 minus $38.39) rather than the $21.22 benefit that the Debtors anticipate. Despite that, in the event that claimant were required to repay some or all of the value of the Discount Rights, the Debtors in their sole discretion could demand repayment of $21.22 per share rather than the $6.61 per share that the claimant actually received.

17.     To state this a different way, the Discount Rights Offering anticipates a per share discount of 35.6% (the exercise price is $38.39 and the estimated value is $59.61). A claimant exercising those rights, however, may not be able to obtain that full 35.6% discount even if that claimant sells the stock immediately after purchasing it because the stock could have fallen. It is possible that a claimant would only realize a discount of 10% or even less. Despite that, under the clawback provision in the Motion the Debtors in their sole discretion could demand repayment of the entire value of the Discount Rights assuming that the claimant received a 35.6% discount even though the claimant in reality only received a 10% discount.

18.     In short, the amount that the Debtors recover for the Excess Discount Rights should not under any circumstance exceed the net benefit received by the claimant. Accordingly, Bosch objects to the Motion because it would permit the Debtors to potentially recover significantly more from claimants than those claimants actually receive for their Discount Rights.

19.     For the reasons set forth above, Bosch requests the following language be added at the end of Paragraph 3 of the proposed order:

> "Notwithstanding the foregoing or anything to the contrary in this Order or the Motion, the maximum amount that the Debtors can recover from a claimant arising out of any Excess Discount Rights transferred or exercised by such claimant shall not exceed the net benefit received by such claimant."

6

If the above language is added to the proposed order, then this will satisfy Bosch's second objection.

***Request for Waiver***

20.     Bosch respectfully requests that this Court waive the requirement contained in Local Rule 9013-1(b) that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel.

WHEREFORE, Bosch objects to the Motion on the above basis and requests that the Court enter an Order granting Bosch the relief requested above, and that the Court grant Bosch such other and further relief as may be just and proper.

Dated:  January 10, 2008                                     WARNER NORCROSS & JUDD LLP

By      /s/ Gordon J. Toering
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for Robert Bosch GmbH and LLC and Robert Bosch LLC

1495387.3

7