Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Attorneys for Robert Bosch LLC and
Robert Bosch GmbH

Hearing Date and Time: January 17, 2008 at 10:00 a.m.
Objection Deadline: January 11, 2008 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ROBERT BOSCH GmbH'S AND ROBERT BOSCH LLC'S PROTECTIVE OBJECTION
TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION
OF DELPHI CORPORATION AND CERTAIN AFFILIATES,
DEBTORS AND DEBTORS-IN-POSSESSION**

Robert Bosch GmbH and Robert Bosch LLC (collectively "Bosch") hereby file this Protective Objection to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (Docket No. 11386) (the "Plan").  Bosch states as follows in support of its protective objection:

1

**Background**

1.      Bosch has filed proofs of claim against Debtors asserting claims for the Debtors' pre-petition infringement of certain Bosch patents. All such claims have been consolidated into Proof of Claim 16220 for administrative and other purposes.

2.      Debtors have objected to Bosch's patent infringement claims through various omnibus objections, including the Debtors' Third Omnibus Objections to Claims.

3.      Debtors and Bosch have reached a tentative agreement to settle Bosch's pre-petition patent infringement claims, subject to the execution of a mutually acceptable settlement agreement. The parties have been diligently working on a draft settlement agreement and are very close to finalizing it. However, as of this time the settlement agreement has not yet been finalized or executed.

4.      The proposed settlement reached by the parties does not resolve the Debtors' post-petition patent infringement or any patent infringement that may be occur post-emergence by the reorganized Debtors. Under the proposed settlement, however, the parties will agree that Bosch need not file an administrative claim with this Court to assert damages for post-petition patent infringement. Rather, such a claim may be brought at the same time as any other post-emergence patent infringement claims in a federal district court or other non-bankruptcy forum.

5.      Once the settlement agreement has been finalized and signed, the parties will submit to this Court a stipulation resolving the Debtors' objections to Bosch's claims. Bosch anticipates that the stipulation will be submitted to the Court prior to January 17, 2008, which is the date of the hearing on the Plan.

6.      On December 10, 2007, the Court approved the Disclosure Statement and set January 11, 2008 as the deadline for objections to confirmation of the Plan.

7. Bosch believes that all of its objections to the Plan will be resolved through the settlement agreement and the stipulated order resolving the Debtors' objections to Bosch's claims. Bosch, however, files this protective objection to the Plan in the unlikely event the parties cannot finalize their settlement or if, for any reason, the stipulation approving the settlement is not approved by this Court in a final, non-appealable order.

**Protective Objection**

8. Through this protective objection, Bosch sets forth the following objections to the Plan in the event the parties are unable to finalize their proposed settlement. While Bosch is confident the parties will be able to consummate the settlement, Bosch files this protective objection out of an abundance of caution.

    **A.    Objections Relating to the Potential Impairment of Bosch's Administrative Claim for Post-Petition Patent Infringement**

9. In the event the settlement with Debtors falls through or is not approved pursuant to a final, non-appealable order for any reason, Bosch will file an administrative claim with this Court to assert its right to recover damages for Debtors' post-petition patent infringement.

10. The Plan fails to explicitly set forth the source of funding for administrative claims. The Plan should provide that the reorganized Debtors are responsible and will pay all allowed administrative claims.

11. The Plan's provisions regarding the retention of jurisdiction should not apply to post-petition patent infringement claims as the proper place for such claims is the federal district court. Although Bosch does not interpret the Plan as providing for this Court with jurisdiction over such claims, Bosch objects to the confirmation of the Plan to the extent the Plan could be interpreted as providing that this Court retains jurisdiction over post-petition patent infringement claims.

3

B.   **Objections Relating to the Potential Impairment of Bosch's Post-Emergence Patent Infringement Claims**

12.   The Plan's provisions regarding the retention of jurisdiction should not apply to post-emergence patent infringement claims because the proper forum for such claims is the federal district court. Although Bosch does not interpret the Plan as providing this Court with jurisdiction over such claims, Bosch objects to the confirmation of the Plan to the extent the Plan could be interpreted as providing that this Court retains jurisdiction over post-emergence patent infringement claims.

13.   The Plan's broad injunctive provisions could be interpreted to bar a post-emergence patent infringement claim by Bosch which would relate to infringement occurring post-emergence by the reorganized Debtors. Such an interpretation would be improper as the Plan should not allow the reorganized Debtors to continue their patent infringement unabated. Accordingly, Bosch objects to the confirmation of the Plan to the extent the Plan impairs a post-emergence patent infringement claim for any infringement occurring on or after the effective date of the Plan. The Plan should be modified to provide that nothing in the Plan (including any Order confirming the Plan) shall in any way bar or otherwise impair Bosch's post-emergence claim or any claim of Bosch against Delphi or any of their successors and assigns arising after the effective date of the Debtors' Plan.

14.   The provisions in the Plan are unclear as to what affect the bankruptcy court estimating the patent infringement claims would have on the post-emergence claims for patent infringement. Based on the current language of the Plan, it is possible that the Debtors could take the position that the bankruptcy court's estimation of claims include any post-emergence claims that Bosch may have. The language regarding estimation of claims should not prevent Bosch from pursuing a post-emergence patent infringement claim against the reorganized

4

Debtors. Bosch objects to the Plan to the extent the estimation provisions could be interpreted as applying to post-emergence patent infringement claims.

15. Bosch is confident that the parties will finalize their settlement and that the terms of the settlement documents will address Bosch's concerns set forth above. In the event that does not happen, however, Bosch requests that the Court enter an Order confirming the Plan but preserving Bosch's rights as set forth above.

WHEREFORE, Bosch request that the Court enter an Order preserving Bosch's rights as set forth above and grant Bosch such other and further relief as may be just and proper.

Dated: January 10, 2008

WARNER NORCROSS & JUDD LLP

By      /s/ Gordon J. Toering
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for Robert Bosch GmbH
and Robert Bosch LLC

1494234