Hearing Date and Time: January 17, 2008 at 10:00 a.m.<br>
Objection Deadline: January 11, 2008 at 4:00 p.m.

**SEYFARTH SHAW LLP**
1545 Peachtree Street, Suite 700
Atlanta, Georgia 30309
(404) 885-1500
Paul M. Baisier (PB 8927)

-and-

**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
Tel: 212-218-5500
Robert W. Dremluk (RD 3109)

*Attorneys for Fujikura America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                        )    Chapter 11
                                                              )
DELPHI CORPORATION, et al.                                    )    Case No. 05-44481 (RDD)
                                                              )
                                                              )    (Jointly Administered)
         Debtors.                                             )
-------------------------------------------------------X

## FUJIKURA AMERICA, INC.'S LIMITED OBJECTION
## TO CONFIRMATION OF THE PLAN OF REORGANIZATION

Fujikura America, Inc. ("Fujikura"), through its undersigned counsel, hereby files this Limited Objection to Confirmation of the Plan of Reorganization (the "Limited Objection") and states as follows:

1.  Delphi Corporation and its related entities (collectively, the "Debtors") commenced their bankruptcy cases under Chapter 11 of title 11, United States Code (the "Bankruptcy Code") on October 8 and 14, 2005 (the "Filing Dates"). No trustee or examiner has been appointed in these cases, and the Debtors remain in possession.

AT1 32457626.1

2. On or about December 10, 2007, Debtors purportedly served a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Notice of Cure") on Fujikura. However, neither Fujikura, nor its counsel received a copy of the Notice of Cure.

3. Because of the lack of service of the Notice of Cure, counsel for Fujikura contacted Debtors' agent Kurtzman Carson Consultants LLC ("KCC") to obtain a copy of Fujikura's Notice of Cure.

4. On January 9, 2008, KCC forwarded to Fujikura's counsel a second copy of Fujikura's Notice of Cure. A copy of the Notice of Cure is annexed hereto as **Exhibit 1**.

5. Although the Notice of Cure lists some of the open executory contracts between Debtors and Fujikura, several executory contracts are not listed.

6. Specifically, the Notice of Cure lists the following purchase orders to be assumed after cure[1]:

   PO# 550079910
   PO# 550080746
   PO# 550072559
   PO# 550075750
   PO# 550079157
   PO# 550078028
   PO# 550080330

However, the Notice of Cure fails to list (and provide cure amounts for) the following 8 (eight) purchase orders between Fujikura and Debtors:

   PO# 550028999
   PO# 550053057
   PO# 550143952
   PO# 550079361

---

[1] As to the executory contracts and their respective cure amounts listed in Fujikura's Notice of Cure, Fujikura will respond timely to KCC as required in the terms of the Notice of Cure.

2

AT1 32457626.1

      PO# 550143952
      PO# 550054621
      PO# 550069721
      PO# 550029000

7. Pursuant to the terms of the Disclosure Statement and the Plan of Reorganization, the Debtors are to assume all executory contracts not otherwise rejected. Accordingly, Fujikura understands that <u>all</u> executory contracts with Debtors will be cured and assumed.

8. Because Fujikura's Notice of Cure fails to note the missing 8 (eight) executory contracts and their respective cure amounts, Fujikura is not certain what the Debtors intend with regard to the cure amount for the missing contracts. Fujikura objects to the confirmation of the plan to the extent it proposes to assume those contracts without paying the full prepetition amounts due under those purchase orders (as set forth in Fujikura's proof of claim) in cash on the effective date.

9. Fujikura reserves its rights to revise this Objection.

WHEREFORE, Fujikura requests that this Court enter an order denying confirmation of the Plan of Reorganization and such other relief as is appropriate.

Dated: January 10, 2008

    Respectfully submitted,

    **SEYFARTH SHAW LLP**
    /s/ Robert W. Dremluk
    Robert W. Dremluk (RD 3109)
    620 Eighth Avenue
    New York, New York 10018
    212-218-5500
    212-218-5526 (FAX)
    rdremluk@seyfarth.com

    -and-

3

ATI 32457626.1

**SEYFARTH SHAW LLP**
Paul M. Baisier (PB 8927)
1545 Peachtree Street, NE, Suite 700
Atlanta, Georgia 30309
404-885-6715
404-885-6779 (FAX)
pbaisier@seyfarth.com

*Attorneys for Fujikura America, Inc.*

## CERTIFICATE OF SERVICE

I, Robert W. Dremluk, hereby certify that the foregoing was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served by overnight mail to the parties identified below, on this 10th day of January, 2008.

Delphi Corp.
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr., John K. Lyons, Ron E. Meisler and Joseph N. Warton
Counsel for Debtors

Davis, Polk & Wardell
450 Lexington Ave.
New York, NY 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins, LLP
885 Third Ave.
New York, NY 10022
Attn: Robert Rosenberg and Mark Broude

Fried, Frank, Harris, Shriver & Jacobsen, LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the U.S Trustee
33 Whitehall St., Suite 2100
New York, NY 10004

-and-

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, NY 10004

5

AT1 32457626.1

/s/ Robert W. Dremluk
Robert W. Dremluk (RD 3109)
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

*Attorneys for Fujikura America, Inc.*

Dated: January 10, 2008.

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

### Step 1

**Please check one of the boxes below:**

☐   Yes, I agree with the Cure Amount listed on Schedule 1 **(complete Step 2 below)**

☐   No, I disagree with the Cure Amount listed on Schedule 1 **(skip Step 2 and go to Step 3 below)**

RD153790233                              CN00484
0544481071220105250000530

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD153790233    CN00484
0544481071220105250000530

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) **on the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to **Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims,** so as to be received by **7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.**

Company Name:_____

By: _____

Print Name:

Title:

Delphi Legal Information Hotline:  
Toll Free: (800) 718-5305  
International: (248) 813-2698

Delphi Legal Information Website:  
http://www.delphidocket.com

3

RD153790233    CN00484
0544481071220105250000530

Dated:   New York, New York
         December 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                        John Wm. Butler, Jr. (JB 4711)
                        George N. Panagakis (GP 0770)
                        Ron E. Meisler (RM 3026)
                        Nathan Stuart (NS 7872)
                  333 West Wacker Drive, Suite 2100
                Chicago, Illinois 60606

                            - and -
                      Kayalyn A. Marafioti (KM 9632)
                      Thomas J. Matz (TM 5986)
                Four Times Square
                New York, New York 10036

                Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession

4

RD153790233    CN00484
0544481071220105250000530

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550072559 | $17,408.50 |
| D0550075750 | $26,928.00 |
| D0550078028 | $23,388.75 |
| D0550079157 | $10,023.75 |
| D0550079910 | $0.00 |
| D0550080330 | $0.00 |
| D0550080746 | $0.00 |

5

RD153790233  CN00484

