BARNES & THORNBURG LLP
Attorneys for Harman Becker
Automotive Systems, Inc.
11 S. Main Street
Indianapolis, IN  46204-3535
Telephone:  (317) 236-1313
Facsimile:  (317) 846-4146

Samuel Hodson, Esq.
Telephone:  (317) 261-7972
Email: shodson@btlaw.com

Patrick E. Mears (PM-6473)
John T. Gregg, Admitted Pro Hac Vice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION OF HARMAN BECKER AUTOMOTIVE SYSTEMS, INC. TO DEBTORS'
MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING
OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY
FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

Harman Becker Automotive Systems, Inc. (the "Claimant"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (the "Motion"), and in support of the Objection, respectfully states as follows:

1. On October 8, 2005, Delphi Corporation and certain of its affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On May 22, 2006, Claimant filed proof of claim number 6606 in the amount of $191,024.66 as a general unsecured claim (the "Claim").

3. On December 28, 2007, the Debtor filed the Motion, which seeks to estimate the Claim in the amount of $181,360.63 for purposes of their Discount Rights Offering (as defined by the Motion). Upon information and belief, the Claim is not subject to an objection filed by the Debtors or any other parties.

**A.    The Bankruptcy Code Does Not Permit the Estimation of Disputed Claims.**

4. Section 502(c) of the Bankruptcy Code provides, in relevant part, that:

> [t]here shall be estimated for purposes of allowance under this section (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case.

11 U.S.C. § 502(c). As such, it allows courts to estimate only contingent and unliquidated claims, but precludes the estimation of claims that are merely disputed. *In re Comdisco, Inc.*, 271 B.R. 273 (Bankr. N.D. Ill. 2002); *see also In re Keenan*, 201 B.R. 263 (Bankr. S.D. Cal. 1996).

5. According to the Debtors own admissions in their Schedules, the Claim is not alleged to be contingent. Because the Claim is deemed allowed until it is subject to an objection, the Claim is considered to be liquidated in the amount as filed. *See* 11 U.S.C. § 502(a). Therefore, no justification exists for estimating the Claim in an amount less than as filed by the Claimant.

**B.    The Motion is an Attempt by Debtors to Circumvent the Claims Objection Procedures.**

6. The procedures proposed in the Motion conflict with those set forth in a previous order entered by this Court with respect to claims objection procedures [Docket No. 6089]. The

Motion is an improper attempt to circumvent such order to the prejudic of various claim holders, including the Claimant.

7.      The Debtors have not objected to the Claim as required by the Claims Objection Prodedures Order and should be required to do so in accordance with this Court's order before reducing the Claim for any reason.

**C.    The Motion Does Not Provide for the Possibility that the Claims Might be Allowed in an Amount Greater than the Discount Rights Offering Participation Amount.**

8.      The Motion does not contemplate the possibility that Debtors' estimate of the Claim is insufficient.  Moreover, the Motion does not provide any procedures for the Claimant, if its Claim continues to be allowed under section 502 of the Bankruptyc Code, to be compensated in the event that its Claim is allowed in an amount greater than the Debtor's estimate contained in the Motion. If the Claim is eventually allowed in an amount greater than the $181,360.63 estimate provided in the Motion, the Claimant will have no recourse to recover due to the inadequacy of the estimate.

**D.    The Motion Unfairly Seeks Payment from the Claimant in the Event a Disputed Claim is Allowed in an Amount Less than the Estimated Amount.**

9.      Paragraph 17 of the Motion provides that if the estimation of a claim results in a claimant receiving Excess Discount Rights (as defined by the Motion), then, in the Debtors' discretion, either (a) the Debtors will withhold an amount of New Common Stock equal to the value of the Excess Discount Rights from the ultimate distribution to such claimant or (b) such claimant will be required to remit payment to the Reorganized Debtors (as defined by the Motion) in an amount equal to the value of the Excess Discount Rights.  The Claimant does not have any objection to the withholding of New Common Stock from the ultimate distribution on the Claim. However, the Claimant objects to the requirement that it be required to pay the

Debtors cash in exchange for the ability to purchase discounted shares of New Common Stock at a "value" not determined.

10. Any reply to this Objection should be addressed to the following:

Samuel Hodson, Esq.
Barnes & Thornburg LLP
11 S. Main Street
Indianapolis, IN 46204-3535
Telephone: (317) 261-7972
Facsimile: (317) 846-4146

**MEMORANDUM OF LAW**

11. Because the relevant authorities in support of the requested relief are cited in this Objection, the Claimant requests that the requirement of service of a separate memorandum of law under Local Bankruptcy Rule 9013-1(b) be deemed satisfied by this Objection.

12. No previous request for the relief requested herein has been made to this Court or any other Court.

WHEREFORE, the Claimant respectfully requests that this Court (i) deny the Motion as it pertains to the Claimant, and (ii) grant such other and further relief as is just and appropriate under the circumstances.

Dated: January 10, 2008

BARNES & THORNBURG LLP
Attorneys for Harman Becker Automotive Systems, Inc.

By: /s/John T. Gregg
    Patrick E. Mears (PM-6473)
    John T. Gregg (Admitted Pro Hac Vice)
Business Address:
300 Ottawa Avenue, NW
Suite 500
Grand Rapids, Michigan 49503
Telephone:(616) 742-3930
Facsimile: (616) 742-3999
pmears@btlaw.com
jgregg@btlaw.com

- and -

Samuel Hodson, Esq.
Barnes & Thornburg LLP
11 S. Main Street
Indianapolis, IN 46204-3535
Telephone: (317) 261-7972
Facsimile: (317) 846-4146

357520v1