**HEARING DATE: January 17, 2008**
**RESPONSE DEADLINE: January 11, 2008**

DREIER LLP
Paul Traub (PT 3752)
Maura I. Russell (MR 1178)
Anthony B. Stumbo (AS 9374)
499 Park Avenue
New York, New York 10022
Tel. (212) 328-6100

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**DELPHI CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**RESPONSE OF SPCP GROUP, L.L.C. TO MOTION FOR ORDER PURSUANT TO**
**11 U.S.C. §§ 105(A) AND 502(C) ESTIMATING OR PROVISIONALLY ALLOWING**
**CERTAIN UNRECONCILED CLAIMS SOLELY FOR**
**PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD (collectively, "Silver Point"), by and through its undersigned counsel, hereby submits its Response (the "Silver Point Response") to the above-captioned Debtors' *Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering* (the "Estimation Motion"). In support of the Silver Point Response, Silver Point respectfully represents as follows:

1. On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title

11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating their businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The cases are being jointly administered, and Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(c) and 1108 of the Bankruptcy Code.

3. Silver Point is the owner of, and was previously the owner of, multiple claims against the Debtors, including, but not limited to, those claims identified on Exhibit "A" hereto (collectively, the "Subject Claims").

4. Either Silver Point or the respective original creditors timely filed proofs of claim with regard to the Subject Claims (collectively, the "Proofs of Claim"), and the Debtors' claims agent assigned the respective claim numbers to such Proofs of Claim as identified on Exhibit "A" hereto.

5. Pursuant to the Estimation Motion, the Debtors characterize the Subject Claims as being unreconciled, and seek to estimate or provisionally allow the Subject Claims in the amounts as identified under the column "Discount Rights Offering Participation Amount" on Exhibit "A" hereto for purposes of Silver Point participating in the Discount Rights Offering (as defined in the Estimation Motion). Such Discount Rights Offering Participation Amounts are less than the respective amounts as identified in the Proofs of Claim.

6. Silver Point hereby requests that the Subject Claims should be provisionally allowed in the amounts as identified in the Proofs of Claim, such amounts being listed under the "Total Asserted Claim Amount" column on Exhibit "A" hereto.

7. The Estimation Motion seeks to reduce the amounts of the Subject Claims for purposes of Silver Point participating in the Discount Rights Offering without any factual or legal justification supporting such treatment. This request must be denied because there is no authority justifying such reduction. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] a proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence in the validity and amount of the claim." *See* Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the prima facie presumption. *See* Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and that burden has not been fulfilled. Attached hereto as Exhibit "B", and collectively therein, Exhibits "B-1" through "B-19", are a number of the individual Proofs of Claim that were filed by either Silver Point or the original creditors with regard to the respective Subject Claims. These Proofs of Claim evidence the "Total Asserted Claim Amounts". As there has been no determination that the Subject Claims are not valid and proper claims against the Debtors in the amounts as asserted, Silver Point requests provisional allowance of the Subject Claims each in the respective "Total Asserted Claim Amount" as identified on Exhibit "A" hereto, solely for the purpose of Silver Point participating in the Discount Rights Offering.

8. As the legal points and authorities upon which Silver Point Response relies are incorporated herein, Silver Point respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE,** Silver Point respectfully requests that this Court enters an order (i) denying the Estimation Motion as it relates to the Subject Claims; (ii) provisionally allowing the Subject Claims each in the respective "Total Asserted Claim Amount" as listed on Exhibit "A" hereto, solely for the purpose of Silver Point participating in the Discount Rights Offering; and (iii) granting Silver Point such other and further relief as is just and proper.

Dated: January 10, 2008                          Respectfully Submitted,
New York, New York

                                        **DREIER LLP**

                              */s/ Maura I. Russell*
                              Paul Traub (PT 3752)
                              Maura I. Russell (MR 1178)
                              Anthony B. Stumbo (AS 9374)
                              499 Park Avenue
                              New York, New York 10022
                              Tel. (212) 328-6100

                              Attorneys for SPCP GROUP, L.L.C., as agent
                              for Silver Point Capital Fund, L.P. and Silver
                              Point Capital Offshore Fund, LTD