Hearing Date:  January 17, 2008 at 10:00 a.m. (ET)

Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
Tel: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to the AT&T Entities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Delphi Corporation, *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

### LIMITED OBJECTION OF AT&T AND ITS RELATED ENTITIES TO DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

AT&T Corp., AT&T Global Services f/k/a SBC Global, SBC Advanced Solutions, SBC Long Distance, SBC Yellow Pages, SBC Advanced Solutions, Inc., SBC Datacomm, Cingular Wireless n/k/a AT&T Mobility LLC, Bellsouth Telecommunications, Inc., and related entities (collectively the "AT&T Entities"), by and through their undersigned counsel, hereby submit this limited objection (the "Objection") to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, and respectfully state as follows:

12459/1249
01/10/2008 4359548.1

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The AT&T Entities provide certain telecommunications services and related services to the Debtors.

3. On December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan") (Docket No. 11386).

4. Pursuant to § 8.1(a) of the Plan, all executory contracts and unexpired leases shall be deemed automatically assumed in accordance with §§ 365 or 1123 of the Bankruptcy Code, as of the Effective Date, unless such contract (a) was previously rejected; (b) was the subject of a motion to reject; (c) expired or terminated on or prior to December 31, 2007 and not otherwise extended; (d) is listed on the schedule of rejected contracts and leases -- Exhibit 8.1(a) to the Plan; or (e) is otherwise rejected pursuant to the Plan.

5. On December 28, 2007, the Debtors filed Exhibit 8.1(a) to the Plan which purportedly lists those contracts to be rejected.

6. The AT&T Entities' contracts are not listed on Exhibit 8.1(a) and have not otherwise been rejected, and therefore, confirmation of the Plan would effectively act as an order approving assumption or assumption and assignment of the contracts.

## LIMITED OBJECTION

7.  Prior to the Court's approval of the assumption of the contracts, the Court should require the Debtors and/or its assignee(s) to pay the correct pre-petition and post-petition amounts due to the AT&T Entities. *See* 11 U.S.C. § 365(b)(1)(A)&(B).

8.  The AT&T Entities recognize that, generally, a debtor, with the Court's approval, may assume or assume and assign executory contracts or unexpired leases. Indeed, § 365(a) provides that "the trustee, subject to the court's approval, may assume or reject any executory contact or unexpired lease of the debtor." 11 U.S.C. § 365(a).

9.  However, if there are defaults under the executory contract or lease to be assumed, such executory contract or lease may not be assumed until all defaults are cured, the debtor compensates the non-debtor party for any actual pecuniary loss resulting from the default and provides the nondebtor party adequate assurance of future performance under such executory contract or lease. *See* 11 U.S.C. § 365(b).

10. Accordingly, for the Debtors to assume or assume and assign the contracts with the AT&T Entities, the Debtors must, at a minimum, pay the AT&T Entities all outstanding amounts due and owing under the contracts and as amounts continue to accrue on a daily basis, any other sums that become due prior to the assumption and assignment of the contracts.[1]

---

[1] The AT&T Entities reserve all rights, including but not limited, to object to the cure amounts when noticed by the Debtors.  **All cure notices should be sent to the following address:**

> **Vincent A. D'Agostino, Esq.**
> **Eric H. Horn, Esq.**
> **Joseph M. Yar, Esq.**
> **LOWENSTEIN SANDLER PC**
> **65 Livingston Avenue**
> **Roseland, New Jersey  07068**

**WHEREFORE**, the AT&T Entities respectfully submit this Objection to the Plan to the extent the Debtors' contracts with the AT&T Entities are to be assumed without payment in full of all pre-petition and post-petition amounts owed and further request that the Court compel the Debtors to cure all defaults under the assumed contracts; and grant such other and further relief as deemed just and proper.

Dated: January 10, 2008

Respectfully submitted,

By: */s/ Eric H. Horn*
Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
Phone: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to the AT&T Entities*