BLANK ROME LLP
Attorneys for O&R Precision Grinding, Inc.
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
212-885-5000
Rocco A. Cavaliere (RC-8686)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| DELPHI CORPORATION, *et al.,* | : Case No. 05-44481 (ROD)) |
| | : |
| | : (Jointly Administered) |
| Debtors. | : |

------------------------------------ x

**OBJECTION OF O&R PRECISION GRINDING, INC. TO DEBTORS' MOTION FOR
ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR
PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY
FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

    O&R Precision Grinding, Inc., by its undersigned counsel, hereby submits its

Objection (the "Objection") to the above-captioned Debtors' Motion for Order Pursuant to 11

U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims

Solely for Purposes of Administration of Discount Rights Offering (the "Motion").  In support of

the Objection, O&R respectfully represents as follows:

**BACKGROUND**

  1.  On October 8 and 14, 2005, the Debtors filed voluntary petitions for relief under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

  2.  On July 20, 2006, O&R filed with the Court an amended proof of claim against

the Debtors asserting an unsecured claim in the total amount of $135,698.55 (the "O&R Proof of

Claim"). The O&R Proof of Claim describes, in itemized fashion, all open purchase orders that were unpaid as of the Petition Date and which remain unpaid to date.

3. On September 21, 2007, the Debtors filed and served their Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books and Records, (E) Untimely Claims, And (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Twenty-First Omnibus Objection") seeking to disallow or reduce various claims filed by their creditors. Among the claims the Debtors are seeking to reduce is the O&R Proof of Claim. The Debtors seek to reduce the O&R Proof of Claim to $21,161.75, a reduction of $114,536.80.

4. On October 18, 2007, O&R filed a Response to the Twenty-First Omnibus Objection. The dispute between the parties concerning the Twenty-First Omnibus Objection is covered by the Claims Procedures Order entered by the Court [Docket No. 6089]. The Debtors have not yet scheduled a Claims Objection Hearing with respect to its objection to the O&R Proof of Claim.

5. On December 28, 2007, the Debtors filed the Motion. Exhibit "1" to the Motion states that O&R's Discount Rights Offering Participation Amount should be $21,161.75, substantially less than the amount set forth in the O&R Proof of Claim.

## OBJECTION TO MOTION

6. By the Motion, it appears that the Debtors seek to deny significant rights of creditors whose claims have not yet been resolved by the Court. While the Motion refers to "estimation" or "provisional allowance" of claims, it appears to go much further with the

128472.01600/6604994v.1

potential to affect the substantive rights of creditors who have otherwise been following the rules established under the Claims Procedures Order. Namely, the Motion does not have a mechanism in place which will give creditors an ability to share in the Discount Rights Offering if it is determined that such creditors' claims should be allowed in an amount greater than the Debtors' initial "estimation" or "provisional allowance" amount.

7. In order to protect O&R's rights to a Discount Rights Offering, the Debtors should be required to establish a reserve reflecting the entire amount of the O&R Proof of Claim. Absent an appropriate reserve, O&R's substantive rights to receive a Discount Rights Offering equal to the full amount of the O&R Proof of Claim will be affected if it is later determined that the Twenty-First Omnibus Objection filed by the Debtors is denied. In sum, O&R's ultimate distribution in the Debtors' cases should be substantially similar to the distributions obtained by other unsecured creditors whose claims have been allowed by this Court.

8. To the extent not inconsistent with this Objection, O&R joins in the objections to the Motion filed by Kensa LLC, Freudenberg-NOK General Partnership, Freudenberg-NOK, Inc., and Comerica Leasing Corporation.

## WAIVER OF MEMORANDUM OF LAW

9. Pursuant to Local Rule 9013-1(b), O&R respectfully request that the Court waive the requirement of a memorandum of law in support of this Objection, since the legal points and authorities which this Objection relies upon are incorporated herein. Accordingly, O&R respectfully requests that this Court find that Rule 9013-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

10. O&R reserves its right to supplement this Objection with additional briefing made necessary by the response of any party, or as may be requested by the Court.

128472.01600/6604994v.1

**WHEREFORE**, O&R respectfully requests that this Court deny the relief requested in the Motion consistent with this Objection, and grant O&R such other and further relief as this Court deems just and proper.

Date:  New York, New York       BLANK ROME LLP
       January 10, 2007      Attorneys for O&R Precision Grinding, Inc.

           By: /s/Rocco A. Cavaliere_____
              Rocco A. Cavaliere (RC-8686)
              The Chrysler Building
              405 Lexington Avenue
              New York, New York 10174
              (212) 885-5000

128472.01600/6604994v.1