Hearing Date and Time: January 17, 2008 at 10:00 a.m.
Objection Deadline: January 11, 2008 at 4:00 p.m.

Jacob A. Manheimer, Esq. (JM 9540)
Keith J. Cunningham, Esq.
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
Tele: (207) 791-1100
Fax: (207) 791-1350
Email: jmanheimer@pierceatwood.com
Email: kcunningham@pierceatwood.com

*Attorneys for FCI Canada Inc., FCI Electronics Mexido, S. de R.L. de C.V.,
FCI USA, Inc., FCI Automotive France, S.A., FCI Automotive Deutschland GmbH
and FCI Italia S.p.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.,* | |
| | (Jointly Administered) |
| Debtors. | |

**RESPONSE OF FCI USA, INC. AND AFFILIATES TO DEBTORS' MOTION FOR
ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 502(C) ESTIMATING OR
PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR
PURPOSES OF DISCOUNT RIGHTS OFFERING
(CLAIM NOS. 14125, 14126, 14127, 14128, 14129, AND 14130)**

FCI Canada Inc., FCI Electronics Mexido, S. de R.L. de C.V., FCI USA, Inc., FCI Automotive France, S.A., FCI Automotive Deutschland GmbH, and FCI Italia S.p.A. (collectively, "FCI"), by their undersigned counsel, hereby respond to the above-referenced motion by the Debtors (the "Motion") as follows:

{W0946898.1}

1.      On July 31, 2006, FCI timely filed the following Proofs of Claims against Delphi Automotive Systems LLC in Case No. 05-44640 (each a "Proof of Claim" and collectively, the "Claims"):

| Claim No. | Claimant | Amount of Claim |
|---|---|---|
| 14125 | FCI Canada Inc. | $76,964.21 |
| 14126 | FCI Automotive Deutschland GmbH | $376,357.61 |
| 14127 | FCI Italia SPA | $361.40 |
| 14128 | FCI Electronics Mexido S de RL de CV | $294,001.77 |
| 14129 | FCI Automotive France SA | $15,945.87 |
| 14130 | FCI USA Inc. | $407,299.95 |

2.      Due to potential uncertainty with respect to the identity of the debtor entity against which FCI should file the Claims, FCI filed an identical copy of each Proof of Claim against Delphi Mechatronic Systems, Inc. in Case No. 05-44567, and Delphi Electronics (Holdings) LLC in Case No. 05-44547 (the "Duplicate Claims").

3.      On December 21, 2006, and January 22, 2007, this Court entered Orders approving Debtors' Second and Fourth Omnibus Claim Objections. These Orders expunged the Duplicate Claims, leaving the Claims intact as the "surviving claims."

4.      Attached to each Proof of Claim, excluding the Proof of Claim filed by FCI Automotive Deutschland GmbH (Claim No. 14126), is a detailed spreadsheet identifying, *inter alia,* for each invoice as to which the applicable FCI entity asserts amounts are due, the following: customer name; FCI part number; Delphi part number; customer order/purchase order number; invoice number; and amount due.

5.      Attached to the Proof of Claim filed by FCI Automotive Deutschland GmbH (Claim No. 14126) is a detailed spreadsheet identifying for each invoice as to which FCI Automotive Deutschland GmbH asserts amounts are due, the following: customer name and location shipped to; invoice (reference) number and date; invoice due date; and amount due.

{W0849622.1}                                           2

6.   In sum, the Claims were filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). Thus, the Claims are *prima facie* valid.

7.   On December 4, 2007, the Debtors served their "Statement of Disputed Issues" with respect to the Claims on FCI. Notwithstanding the requirements of Paragraph 9(d) of this Court's "Claim Objection Procedures Order" dated December 6, 2006 (Docket No. 6089), the Debtors failed to include a single document with their Statement of Disputed Issues to support the disallowance, expungement, reduction, or reclassification of the Claims.

8.   Since December 4, 2007, FCI has sought to work with the Debtors to resolve their disputes with respect to the Claims. The result of those discussions is that the Debtors have withdrawn objections to Claim No. 14130 totaling $61,111.44, consisting of the following:

a.   "receiving issues" totaling $55,205.57; and

b.   "need received" totaling $5,905.87.

9.   In addition, on January 9, 2007, FCI provided the Debtors with documentation to substantiate an upward adjust to Claim No. 14126 totaling $145,142.88, bringing the total amount owed with respect to Claim No. 14126 to $293,818.32. Thus, by Delphi's own admission the allowed amount of the Claims, after taking into account the documentation provided by FCI to Delphi with respect to Claim 14126 on January 9, 2008, should be no less than as set forth below:

| Claim No. | Claimant | Allowed Amount of Claim[1] |
|---|---|---:|
| 14125 | FCI Canada Inc. | $64,568.00 |
| 14126 | FCI Automotive Deutschland GmbH | $293,818.32 |
| 14127 | FCI Italia SPA | $104.51 |
| 14128 | FCI Electronics Mexido S de RL de CV | $179,807.77 |
| 14129 | FCI Automotive France SA | $1,981.36 |
| 14130 | FCI USA Inc. | $313,487.09 |
|  | **TOTAL** | $853,767.05 |

10. In order to overcome the presumption of validity, the party opposing a claim must present evidence equal in force to the *prima facie* case. *See In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." (citation omitted); *In re King*, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim."); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." *In re Glenn*, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of an objection." *In re Lanza*, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standards since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. A trustee must document his objection with probative evidence to satisfy his burden of going forward." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982).

---

[1] The allowed amount includes allowed claims against Delphi Mechatronics and Delphi Automotive.

{W0849622.1}                                                            4

11. The remaining disputes between the Debtors and FCI are summarized as follows and follow the categories of disputes identified by the Debtors in their December 4, 2007 "Statement of Disputed Issues":

a. *Pricing ($106,101.79).* The Debtors assert that they were overcharged by FCI by $106,101.79. To date, the Debtors have not produced a single document to support their contention, notwithstanding the requirements of the Claim Objection Procedures Order and FCI's requests for documents in support of the Debtors' pricing claims, including a copy of the terms and conditions referenced by the Debtors in their Statement of Disputed Issues.

b. *Assembly Line ($23,251.40).* The Debtors assert that they incurred an assembly line stop due to product shipped by FCI. The documentation provided by the Debtors to FCI fails to support this claim.

c. *Insufficient documentation/PODs ($39,025.01).* FCI has provided documentation for claims totaling approximately $8,761 and is searching for additional documentation to support this objection.

d. *Prototype ($550.00).* The Debtors have failed to provide any documentation to support this claim.

e. *Returned materials ($5,151.37).* The Debtors have not provided any evidence to support their entitlement to this credit.

f. *Paid invoices ($52,040.91).* The Debtors have not provided any documentary evidence to support this claim. To the contrary, FCI's records indicate a number of short pays on invoices the Debtors listed as paid in full. The Debtors bear the burden of proof on this issue.

g. *Exchange Rate Conversion ($13.21).* The Debtor have not provided any documentation or other information to support this claim.

12. As noted above, the Claims are *prima facie* valid and the Debtors have failed to provide any evidence, let alone sufficient evidence, to rebut that presumption with respect to Paragraphs 11(a) through 11(g) above, except with respect to insufficient documentation/PODs totaling $30,264.01. Thus, the Debtors' mere assertion that the Claims are overstated by the amounts set forth in Paragraphs 11(a) through 11(g), without any other evidence, is not sufficient

{W0849622.1}    5

documentation equal in force to rebut the *prima facie* validity of the Claims except to the extent of $30,264.01.

13. Based on the foregoing, and without waiving any of its rights with respect to the Claims, FCI asserts that the Claims must be estimated in the following amounts:

| Claim No. | Claimant | Allowed Amount of Claim[2] |
|---|---|---|
| 14125 | FCI Canada Inc. | $76,964.21 |
| 14126 | FCI Automotive Deutschland GmbH | $293,818.32 |
| 14127 | FCI Italia SPA | $361.40 |
| 14128 | FCI Electronics Mexido S de RL de CV | $294,001.77 |
| 14129 | FCI Automotive France SA | $15,945.87 |
| 14130 | FCI USA Inc. | $377,035.94 |
|  | **TOTAL** | $1,058,127.51 |

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[2] The allowed amount includes allowed claims against Delphi Mechatronics and Delphi Automotive.

{W0849622.1}                                                              6

WHEREFORE, FCI respectfully requests that this Court enter an order (i) denying the Motion, (ii) allowing the Claims in the amount set forth in Paragraph 13 hereof, and (iii) granting such other and further relief to FCI as is appropriate.

Dated this 10th day of January, 2008.

**PIERCE ATWOOD LLP**

By:     /s/ Jacob A. Manheimer
    Jacob A. Manheimer, Esq. (JM 9540)
    Keith J. Cunningham, Esq.
    Pierce Atwood LLP
    One Monument Square
    Portland, Maine 04101
    Tele: (207) 791-1100
    Fax: (207) 791-1350
    Email: jmanheimer@pierceatwood.com
    Email: kcunningham@pierceatwood.com

*Attorneys for FCI Canada Inc., FCI Electronics Mexido, S. de R.L. de C.V., FCI USA, Inc., FCI Automotive France, S.A., FCI Automotive Deutschland GmbH, and FCI Italia S.p.A.*

Jacob A. Manheimer, Esq.
Keith J. Cunningham, Esq.
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
Tele: (207) 791-1100
Fax: (207) 791-1350
Email: jmanheimer@pierceatwood.com
Email: kcunningham@pierceatwood.com

*Attorneys for FCI Canada Inc., FCI Electronics Mexido, S. de R.L. de C.V.,
FCI USA, Inc., FCI Automotive France, S.A., FCI Automotive Deutschland GmbH
and FCI Italia S.p.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | : |
|  | : (Jointly Administered) |
| Debtors. | : |
|  | : |

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2008, I caused to be served copies of the Response of FCI USA, Inc. and Affiliates to Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(A) and 502(C) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Discount Rights Offering (Claim Nos. 14125, 14126, 14127, 14128, 14129, and 14130) via Federal Express upon the individuals appearing on the attached service list.

Date:  January 10, 2008

                                                             /s/  Keith Cunningham
                                                           Keith Cunningham

# SERVICE LIST

Delphi Corporation
5725 Delphi Drive
Troy, MI  48098
Attn: General Counsel

John Wm. Butler, Jr.
John K. Lyons
SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606-1285

The Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for
the Southern District of New York
One Bowling Green, Room 610
New York, NY  10004

Alicia M. Leonhard
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York  10004

Delphi Automotive Systems LLC
5725 Delphi Drive
Troy, MI  48098
Attn: Legal Staff

Donald Bernstein
Brian Resnick
Davis Polk & Wardell
450 Lexington Avenue
New York, NY  10017

Robert J. Rosenberg
Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, NY  10022

Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004