KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
David A. Murdoch, Esq. (PA I.D. No. 00239)
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)
    and
Robert N. Michaelson, Esq. (RM 5312)
599 Lexington Avenue
New York, NY 10022-6030
(212) 536-3900
(212) 536-3901 (fax)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:      **Chapter 11**
**In re:**      :
:      **Case No. 05-44481 (RDD)**
**DELPHI CORPORATION, et al.,**      :      **(Jointly Administered)**
:
**Debtors**      :
---------------------------------------------------------------x

**OBJECTION OF WESCO DISTRIBUTION, INC. TO DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

WESCO Distribution, Inc. ("WESCO"), by its undersigned attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, objects to Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims for Purposes of Administration of Discount Rights Offering ("Rights Offering Estimation Motion") filed by the Debtors, stating as follows:

    1.    On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*) in the United States Bankruptcy Court for the Southern District of New York.

PI-1909170 v1

2. Prior to the Petition Date, WESCO provided certain goods to the Debtors pursuant to various purchase orders.

3. On July 28, 2006, WESCO timely filed a proof of claim against Debtors in the amount of $59,964.21 (the "WESCO Claim") representing amounts owing for prepetiton goods delivered. The WESCO Claim is proof of claim number 12223.

4. On November 19, 2007, Debtors filed their Twenty-Third Omnibus Objection to the WESCO Claim (Docket No. 10982). In the Twenty-Third Omnibus Objection, Debtors sought to reduce the WESCO Claim from $59,964.21 to $28,822.75.

5. On December 13, 2007, WESCO filed a response and limited objection to the Twenty-Third Omnibus Objection ("Response and Limited Objection") (Docket No. 11441). In the Response and Limited Objection WESCO did not object to a reduction of the WESCO Claim by $2,845.34 from $59,964.21 to a modified amount totaling $57,118.87. WESCO did object to a reduction of the WESCO Claim by $31,135.46 from $59,964.21 to $28.828.75 arguing that Debtors failed to provide any evidence for the proposed reduction.

6. WESCO's Response and Limited Objection is proceeding under procedures outlined in the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m) 3007, 7016, 7026, 9006, 9007 and 9014 Establishing (I) Dates for Hearing Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims (the "Claim Objection Procedures Order") (Docket No. 6089).

7. On December 28, 2007, Debtors filed their Rights Offering Estimation Motion (Docket No. 11606).

8.  In the Rights Offering Estimation Motion, Debtors propose to estimate WESCO's unsecured claim in the reduced amount of $28,828.75 (the "Participation Amount") solely for the purpose of the distribution of discount rights.

9.  WESCO objects to the Debtors' Participation Amount to the extent that it will have any impact on the final allowed amount of the WESCO Claim. The procedures proposed in the Rights Offering Motion conflict with those of the Claim Objection Procedures Order, and the Rights Offering Estimation Motion constitutes an improper attempt to circumvent said order.

10. WESCO objects to the Rights Offering Estimation Motion to the extent that it makes no provision for an estimation that is too low. If the WESCO Claim is eventually allowed in an amount in excess of the Participation Amount, WESCO will have no recourse under the proposed Rights Offering Estimation Order to obtain the discount rights that it would have had if the Participation Amount was equal to the allowed amount of the WESCO Claim. Debtors need to revise the proposed order in order to ensure that it provides a sufficient number of discount rights.

11. WESCO objects to the Rights Offering Estimation Motion to the extent that it seeks to reduce or reclassify the WESCO Claim, and respectfully requests that the Court deny the Rights Offering Estimation Motion in this regard.

12. Any reply to this objection should be served on WESCO's undersigned counsel at their addresses set forth below.

13. Because the legal points and authorities upon which this objection relies do not represent novel theories of law, WESCO requests that the requirement of filing a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, WESCO Distribution Inc. respectfully requests that the Court enter an Order denying the Rights Offering Estimation Motion to the extent that it constitutes an improper attempt to circumvent Claim Objection Procedures Order, fails to provide a sufficient number of discount rights, and seeks to reduce and reclassify the WESCO Claim, and grant such other and further relief that this Court deems just and proper.

Dated January 11, 2008

Respectfully submitted,

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

*David A. Murdoch* (signature)

David A. Murdoch
Pa I.D. # 00239
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

and

Robert N. Michaelson, Esq.  (RM 5312)
599 Lexington Avenue
New York, NY 10022-6030
(212) 536-3900
(212) 536-3901 (fax)

Attorneys for WESCO Distribution, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the parties listed below, by electronic mail and first-class United States Mail, postage prepaid, on the 11th day of January, 2008:

Delphi Corporation
ATTN: General Counsel
5725 Delphi Drive
Troy, MI  48098

Latham & Watkins LLP
ATTN: Robert J. Rosenberg and
   Mark A. Broude
885 Third Avenue
New York, NY  10022

Skadden, Arps, Slate, Meagher & Flom LLP
ATTN: John Wm. Butler, Jr. and
   John K. Lyons
333 West Wacker Drive, Suite 2100
Chicago, IL  60606

Fried, Frank, Harris, Shriver & Jacobson LLP
ATTN: Bonnie Steingart
One New York Plaza
New York, NY  10004

Davis Polk & Wardwell
ATTN: Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY  10017

Office of the U.S. Trustee
for the Southern District of New York
ATTN: Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, NY  10004

_____