KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
David A. Murdoch, Esq. (PA I.D. No. 00239)
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)
        and
Robert N. Michaelson, Esq. (RM 5312)
599 Lexington Avenue
New York, NY 10022-6030
(212) 536-3900
(212) 536-3901 (fax)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
**In re:**                                                  :   **Chapter 11**
                                                            :
                                                            :   **Case No. 05-44481 (RDD)**
**DELPHI CORPORATION, et al.,**                             :   **(Jointly Administered)**
                                                            :
**Debtors**                                                 :
------------------------------------------------------------x

**OBJECTION OF PPG INDUSTRIES, INC. TO DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY
ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF
<u>ADMINISTRATION OF DISCOUNT RIGHTS OFFERING</u>**

PPG Industries, Inc. ("PPG"), by its undersigned attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, objects to Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims for Purposes of Administration of Discount Rights Offering ("Rights Offering Estimation Motion") filed by the Debtors, stating as follows:

1.  On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*) in the United States Bankruptcy Court for the Southern District of New York.

PI-1909172 v1

2.  Prior to the Petition Date, PPG provided certain goods to the Debtors pursuant to various purchase orders.

3.  On July 25, 2006, PPG timely filed a proof of claim against Debtors in the amount of $574,869.85 (the "PPG Claim") representing amounts owing for prepetiton goods delivered. The PPG Claim is proof of claim number 10710.

4.  On May 22, 2007, Debtors filed their Fifteenth Omnibus Objection to the PPG Claim (Docket No. 7999). In the Fifteenth Omnibus Objection, Debtors sought to reduce the PPG Claim from $574,896.85 to $460,507.92.

5.  On June 19, 2007, PPG filed a response to the Fifteenth Omnibus Objection (the "Response") (Docket No. 8322). In the Response PPG objected to a reduction of the PPG Claim by $114,388.93 from $574,896.85 to $460,507.92 arguing that Debtors failed to provide any evidence for the proposed reduction.

6.  PPG no longer objects to a reduction of the PPG Claim by $60,442.14 for a net unsecured claim of $514,454.71. PPG has not yet reconciled the difference of the unsecured claim amount between Debtors' estimated amount of $460,507.92 and PPG's net claim of $514,454.71.

7.  PPG's Response is proceeding under procedures outlined in the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m) 3007, 7016, 7026, 9006, 9007 and 9014 Establishing (I) Dates for Hearing Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims (the "Claim Objection Procedures Order") (Docket No. 6089).

8.  On December 28, 2007, Debtors filed their Rights Offering Estimation Motion (Docket No. 11606).

9. In the Rights Offering Estimation Motion, Debtors propose to estimate PPG's unsecured claim in the reduced amount of $460,507.92 (the "Participation Amount") solely for the purpose of the distribution of discount rights.

10. PPG objects to the Debtors' Participation Amount to the extent that it will have any impact on the final allowed amount of the PPG Claim. The procedures proposed in the Rights Offering Estimation Motion conflict with those of the Claim Objection Procedures Order, and the Rights Offering Estimation Motion constitutes an improper attempt to circumvent said order.

11. PPG objects to the Rights Offering Estimation Motion to the extent that it makes no provision for an estimation that is too low. If the PPG Claim is eventually allowed in an amount in excess of the Participation Amount, PPG will have no recourse under the proposed Rights Offering Estimation Order to obtain the discount rights that it would have had if the Participation Amount was equal to the allowed amount of the PPG Claim. Debtors need to revise the proposed order in order to ensure that it provides a sufficient number of discount rights.

12. PPG objects to the Rights Offering Estimation Motion to the extent that it seeks to reduce or reclassify the PPG Claim, and respectfully requests that the Court deny the Rights Offering Estimation Motion in this regard.

13. Any reply to this objection should be served on PPG's undersigned counsel at their addresses set forth below.

14. Because the legal points and authorities upon which this objection relies do not represent novel theories of law, PPG requests that the requirement of filing a separate

memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, PPG Industries, Inc. respectfully requests that the Court enter an Order denying the Rights Offering Estimation Motion to the extent that it constitutes an improper attempt to circumvent Claim Objection Procedures Order, fails to provide a sufficient number of discount rights, and seeks to reduce and reclassify the PPG Claim, and grant such other and further relief that this Court deems just and proper.

Dated January 11, 2008                              Respectfully submitted,

                                                    KIRKPATRICK & LOCKHART
                                                    PRESTON GATES ELLIS LLP

                                                    */s/ David A. Murdoch*

                                                    David A. Murdoch
                                                    Pa I.D. # 00239
                                                    Henry W. Oliver Building
                                                    535 Smithfield Street
                                                    Pittsburgh, PA 15222

                                                    and

                                                    Robert N. Michaelson, Esq. (RM 5312)
                                                    599 Lexington Avenue
                                                    New York, NY 10022-6030
                                                    (212) 536-3900
                                                    (212) 536-3901 (fax)

                                                    Attorneys for PPG Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the parties listed below, by electronic mail and first-class United States Mail, postage prepaid, on the 11th day of January, 2008:

Delphi Corporation
ATTN: General Counsel
5725 Delphi Drive
Troy, MI  48098

Latham & Watkins LLP
ATTN: Robert J. Rosenberg and
 Mark A. Broude
885 Third Avenue
New York, NY  10022

Skadden, Arps, Slate, Meagher & Flom LLP
ATTN: John Wm. Butler, Jr. and
 John K. Lyons
333 West Wacker Drive, Suite 2100
Chicago, IL  60606

Fried, Frank, Harris, Shriver & Jacobson LLP
ATTN: Bonnie Steingart
One New York Plaza
New York, NY  10004

Davis Polk & Wardwell
ATTN: Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY  10017

Office of the U.S. Trustee
for the Southern District of New York
ATTN: Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, NY  10004

*/s/ Kristen Ferrar*

PI-1909172 v1