SCHAFER AND WEINER, PLLC
40950 Woodward Ave. Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
DANIEL J. WEINER (P32010)
MICHAEL R. WERNETTE (P55659)
RYAN D. HEILMAN (P63952)

Hearing date and time: January 17, 2008 at 10:00 a.m.
Objection deadline: January 11, 2008 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
In re

DELPHI CORPORATION, et al.,

        Debtors.

Case No. 05-44481(RDD)
(Jointly Administered)

Chapter 11

### OBJECTION BY TIP ENGINEERING GROUP, INC. ("TIP") TO DEBTOR'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLIAMS SOLELY FOR PURPOSES OF ADMINSITRATION OF DISCOUNT RIGHTS OFFERING ("RIGHTS OFFERING ESTIMATION MOTION")

TIP Engineering Group, Inc. states:

1.    TIP Engineering Group, Inc. ("TIP") is a Michigan corporation having an address at 33045 Hamilton Court, Suite 103, Farmington Hills, Michigan.

2.    TIP filed claim number 10378 against Debtor Delphi Corporation including its various related entities ("Delphi") for patent infringement (the "Claim").

3.    Delphi objected to TIP's Claim. TIP filed a response to Delphi's objection. A copy of that response is attached hereto and incorporated in this objection in its entirety by this reference.

4.    Based on the royalty rate applicable to TIP's Patents (as defined in the attached response) and the total volume of infringing Delphi parts, TIP's prepetition claim totals $721,827.50.

{00155422}

5. As explained more fully in the attached response, Delphi's objection to TIP's Claim – that Delphi's books and records do not reflect a liability to TIP for patent infringement-- is both inadequate to refute TIP's Proof of Claim as prima facie evidence of its patent infringement claim, and inadequate to shift the burden of proof on such claim to TIP. The same holds true for Delphi's attempt to "estimate" TIP's Claim at $26,350.00. For example, in both its objection to TIP's Claim, and its Rights Offering Estimation Motion, Delphi fails to address the substance of TIP's Patents or Claim, nor does Delphi assert or attempt to assert any affirmative matters that would negate any portion of such Claim.

6. Delphi's proposed estimation of TIP's Claim lacks any good-faith basis and appears to be completely arbitrary.

7. For purposes of any Discount Rights Offering, TIP's Claim should be allowed (or estimated) as filed in the amount of $721,827.32.

8. TIP reserves all rights.

Respectfully submitted:

SCHAFER AND WEINER, PLLC

By: /s/ Michael R. Wernette
DANIEL J. WEINER (P32010)
MICHAEL R. WERNETTE (P55659)
RYAN HEILMAN (P63952)
Counsel for TIP Engineering, Inc.
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340

January 10, 2008.

SCHAFER AND WEINER, PLLC
40950 Woodward Ave. Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
DANIEL J. WEINER (P32010)
MICHAEL R. WERNETTE (P55659)
RYAN D. HEILMAN (P63952)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
In re

DELPHI CORPORATION, et al.,

        Debtors.
_____/

Case No. 05-44481(RDD)
(Jointly Administered)

Chapter 11

## RESPONSE BY TIP ENGINEERING GROUP, INC. ("TIP") TO DEBTOR'S OBJECTION TO CLAIM

TIP Engineering Group, Inc. states:

1. TIP Engineering Group, Inc. ("TIP"), a Michigan corporation having an address at 33045 Hamilton Court, Suite 103, Farmington Hills, Michigan.

2. TIP filed claim number 10378 against Debtor Delphi Corporation including its various related entities ("Delphi") for patent infringement.

3. Damages for patent infringement, which is a tort, would not normally be evidenced by an agreement between the parties or reflected on the books of the infringing party, i.e., Delphi. Therefore, Delphi's objection to TIP's claim on the basis that it is unsubstantiated because it was not found on Delphi's books is wholly without merit.

4. TIP is the owner by assignment of a number of U.S. and foreign patents including the right to recover for all infringements of such patents. These TIP patents include the following (copies of which are attached hereto for convenience):

{00114227}



EXHIBIT 1

> U.S. 5,082,310
> U.S. 5,744,776
> U.S. 5,797,619
> U.S. 6,294,124
> U.S. 6,267,918
> U.S. 5,797,619
> U.S. 6,848,707
> U.S. 6,808,197
> U.S. 5,393,088
> U.S. 5,522,616
> German, British, Italian and French part of
> European Patent 0711627
> German, British and French part of
> European Patent 0646501
> Great Britain Patent 2276354

(hereafter, the "TIP Patents").

5. The TIP Patents relate to automotive technology as applied to so-called "air bag" systems, and in particular to automotive interior trim components associated with air bag systems and related manufacturing methods and apparatus. Prior to the filing of the Delphi bankruptcy petitions, TIP obtained samples of trim pieces manufactured and sold by Delphi for the following car models:

> 2005 Mercedes M Class (production began in December 2004)
> 2004 Chevrolet Malibu (production began in August 2003)
> The same part is used in the 2005 Pontiac G6 (production began in 2004)

6. TIP has caused a review of Delphi trim part samples from these listed car models by an engineer skilled in the technology and who also reviewed each claim of each TIP Patent listed above. Said review was performed in consultation with patent counsel, and it resulted in a determination that trim parts of these listed models infringe on one or more claims of at least one of the TIP Patents.

7. Prior to the filing of the Delphi bankruptcy petitions, TIP notified Delphi of these infringements. As Delphi continued to manufacture and sell these parts, in attempting to resolve

these matters, extensive discussions and written exchanges followed between representatives of TIP and Delphi regarding the possible licensing of Delphi under the TIP Patents. Discussions toward this end are continuing between representatives of TIP and representatives of Delphi. Therefore, Delphi has knowledge of the nature of the TIP Patent claims and the support for those claims. As a result, Delphi's objection on the basis that its books and records do not reflect a liability to TIP for patent infringement is both inadequate to refute TIP's Proof of Claim as prima facie evidence of its patent infringement claim, and inadequate to shift the burden of proof on such claim to TIP. For example, Delphi's objection does not address the substance of TIP's Patents or Patent claims, nor does it assert or attempt to assert any affirmative matters that would negate any portion of such claims.

8. Certain additional prepetition infringing Delphi parts used on other car models have also been identified by TIP as follows:

2003 GMC Savana (production began in late 2002)

2003 Chevrolet Express (production began in late 2002)

2000 OPEL Corsa

9. TIP has determined the production volume of each of the car models listed above from published industry sources.

10. TIP has an established licensing program under which, if any one claim of at least one TIP patent covers an item, TIP requires a royalty payment of $0.50 per airbag deployment unit, regardless of how many claims or patents cover the item.

11. Based on that royalty rate and the total volume of infringing Delphi parts, TIP's prepetition claim totals $721,827.50.

12. To the extent, if any, that TIP must litigate its patent infringement claim with Delphi before such claim can be allowed, then the litigation will have the character of a conventional patent infringement case and will thus require at a minimum discovery, the exchange of witness and exhibit lists, and a trial or evidentiary hearing. Such litigation will also entail material and substantial consideration of non-bankruptcy federal law which regulates organizations and activities affecting interstate commerce. Thus, withdrawal of the reference of any such litigation to the United States District Court would be appropriate pursuant to 28 U.S.C. § 157(d). See, e.g. *In re National Gypsum Co.*, 145 B.R. 539 (N.D. Tex. 1992). TIP reserves the right to file a motion for withdrawal of the reference of any such litigation.

13. For the reasons stated above, and due in part to the nature of patent infringement litigation, TIP is not in a position to identify with certainty or finality all documents that it may rely on to support its claim, should TIP be required to litigate its claim with Delphi before such claim can be allowed, and TIP reserves the right to rely on documents and other evidence, the identity, character, or importance of which is determined during the course of any such litigation.

Respectfully submitted:

SCHAFER AND WEINER, PLLC

By: /s/ Ryan Heilman
DANIEL J. WEINER (P32010)
MICHAEL R. WERNETTE (P55659)
RYAN HEILMAN (P63952)
Counsel for TIP Engineering, Inc.
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340

{00114227}4