Hearing Date: January 17, 2008 at 10:00 a.m.
Objection Deadline: January 11, 2008 at 4:00 p.m.

Robyn J. Spalter, Esq.
General Counsel
Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990
Fax: (212) 501-7088
e-mail: rspalter@regencap.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re ) Chapter 11
 )
DELPHI CORPORATION, et al. )
 ) Case No. 05-44481 (RDD)
 )
Debtors. ) (Jointly Administered)

_____

**OBJECTION OF RIVERSIDE CLAIMS, LLC TO MOTION FOR
ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 502(C) ESTIMATING
OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY
<u>FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING</u>**

NOW INTO COURT, through undersigned counsel, comes RIVERSIDE CLAIMS, LLC, a creditor, ("Riverside") and files this Objection To Motion for Order Pursuant to 11 U.S.C. §§ 105(A) And 502(C) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (the "Motion") [Docket No. 11606], and respectfully states as follows:

## INTRODUCTION

1.	Riverside is an unsecured creditor by virtue of its status as an assignee of the claims of approximately 30 of Delphi's trade creditors.

2.	On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating their businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.	The cases are being jointly administered, and Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(c) and 1108 of the Bankruptcy Code.

4.	Of the approximately thirty claims which Riverside owns as assignee, nine of these are the subject of the Motion. Set forth below is a chart showing such claims (the "Subject Claims").

| Creditor's Name | Claim No. | Asserted Claim Amount | Debtors' Amount Asserted to be Used for Discount Rights Offering Participation |
|---|---|---|---|
| Riverside as Assignee for Jan Pak Huntsville | 4045 | $4,691.52 | $4,519.20 |
| Riverside as Assignee for Lauren Manufacturing | 8863 | $25,198.10 | $23,290.40 |
| Riverside as Assignee for Product Action | 8875 | $505,106.24 | $168,224.07 |
| Riverside as Assignee for SA Technologies | 8860 | $4745 | $1655 |
| Riverside as Assignee for Standard Scale & Supply | 8865 | $2026.50 | $1976.50 |
| Riverside as Assignee for Vanex Fire Systems | 8858 | $12,982.30 | $11,923 |

| | | | |
|---|---|---|---|
| Riverside as Assignee for Whyco Finishing Technologies | 8874 | $101,655.48 | $101,366.23 |
| Greak & Busby, PC | 8502 | $20,000 | $0.00 |
| Hurley Packaging of Texas, Inc. | 8519 | $40,000 | $40,000 |

5.  Either Riverside, or Riverside's assignors timely filed proofs of claim with regard to the Subject Claims (collectively, the "Proofs of Claim").

## ARGUMENT

### The Relief Requested in the Motion is Inconsistent with the Claim Objection Procedure

6.  Pursuant to the Motion, the Debtors characterize the Subject Claims as being unreconciled and seek to estimate or provisionally allow the Subject Claims in the amounts identified under the column "Debtors' Amount Asserted to be Used for Discount Rights Offering Participation" on the above chart. Such Discount Rights Offering Participation Amounts are less than the respective amounts identified on the Proofs of Claim.

7.  Each of the Subject Claims have been objected to by the Debtors in one of their many Omnibus Objections. The amounts that Debtors' propose to estimate the Subject Claims at for purposes of the Discount Rights Offering are the same amounts to which the Debtors have asserted in the Omnibus Objections that the particular Subject Claim should be reduced.

8.  Riverside has responded to the Omnibus Objections filed with respect to each of the Subject Claims. Despite the fact that many times the backup documentation in the form of invoices had been previously requested by Delphi Claims Analysts, Riverside attached invoices to each response equal to the amount asserted on the Proofs of Claim. Some of these responses have been filed over eight or nine months ago. In fact, despite Riverside's requests to address many of the objections, Delphi has basically responded that there is nothing Riverside can do until it, Delphi, either requests additional information of files a Notice of a sufficiency hearing or

3

claim objection pursuant to the Claims Objection Procedures Order that Delphi sought and received from this Court. That Order gave Delphi complete and utter control as to the timing of the resolutions of the Subject Claims. In fact, of the 9 Subject Claims, only one has even been noticed for hearing and that hearing has since been adjourned.

9. If Delphi had wanted to be able to use the lesser amounts which it asserts are owed for the Subject Claims, then Delphi should have resolved the Claims before confirmation.

10. It should also be noted that in none of the Omnibus Objections to the Subject Claims does Delphi provide any information in support of its objection. It generally just makes a blanket statement such as "books and records" or "insufficient documentation." Even on the Product Action Claim which Debtors had set for a Disputed Claim Hearing and for which they had filed their Statement of Disputed Issues, no actual documentation has ever been provided. This is despite the fact that the Debtors' own Claims Objection Procedure Order requires that such documentation be attached to the Statement of Disputed Issues.

11. The Motion seeks to reduce the amounts of the Subject Claims for purposes of their participation in the Discount Rights Offering without any factual or legal justification supporting such treatment. This request must be denied because there is no authority justifying such reduction. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] a proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence in the validity and amount of the claim." *See* Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the prima facie presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and that burden has not been even remotely met by the Debtors.

12. As there has been no determination that the Subject Claims are not valid and proper claims against the Debtors in the amounts as asserted, Riverside requests provisional

4

allowance of the Subject Claims each in their respective Asserted Claim Amount as identified on the chart above, solely for the purpose of the Subject Claims participation in the Discount Rights Offering.

### The Relief Requested in the Motion Substantively Effects the Rights of Riverside

13.     The Motion seeks to deny significant rights of creditors whose claims have not yet been resolved by the Court. While the Motion refers to "estimation" or "provisional allowance" of claims, it actually goes much further. What it actually does is permanently affects the substantive rights of creditors who have otherwise been following the rules established under the Claims Procedures Order. Namely, the Motion does not have a mechanism in place which will give creditors an ability to share in the Discount Rights Offering if it is determined that such creditors' claims should be allowed in an amount greater than the Debtors' initial "estimation" or "provisional allowance" amount.

14.     In order to protect Riverside's rights with respect to the Subject Claims in the Discount Rights Offering, the Debtors should be required to establish a reserve reflecting the entire amount of the Subject Claims such that if the Subject Claims are later allowed either in full as set forth on the Proofs of Claim, or in any amount higher than what the Debtor proposes to use for estimation purposes, the Subject Claims will receive the entirety of their rights and interest in the Discount Rights Offering.

### WAIVER OF MEMORANDUM OF LAW

15.     Because this Objection presents no novel issues of law and the authorities relied upon are set forth herein, Riverside respectfully requests that the Court waive the requirement of filing a separate memorandum of law in support of this Objection pursuant to L.B.R. 9013-1(b).

5

## JOINDER

16.     To the extent not inconsistent with this Objection, Riverside in the objections to the Motion filed by all other creditors whose claims are the subject of the Motion.

**WHEREFORE, Riverside Claims, LLC** respectfully requests that this Court enter an order (i) denying the Motion as it relates to the Subject Claims; (ii) provisionally allowing the Subject Claims each in their respective Asserted Claim Amount as listed on the chart set forth above for the purpose of Riverside's and the Subject Claims' participation in the Discount Rights Offering; and (iii) granting such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED,

  /s/   Robyn J. Spalter
Robyn J. Spalter, Esq.
General Counsel
Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990
Fax: (212) 501-7088
e-mail: rspalter@regencap.com