Hearing Date and Time: **January 17, 2008 at 10:00 a.m.**
Response Deadline: **January 11, 2008 at 4:00 p.m.**

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re:                                                   :   Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :   Case No. 05-44481 (RDD)
                                                         :
                                    Debtors.             :   (Jointly Administered)
---------------------------------------------------------x

### OBJECTION OF LIQUIDITY SOLUTIONS, INC. TO MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHT OFFERING

Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee of certain original creditors, hereby files its objection (the "Objection") to the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (the "Rights Offering Estimation Motion"). In further support of its Objection, LSI respectfully states as follows:

### BACKGROUND

1. On October 8, 2005 and October 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and

affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for the assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| Original Creditor | Claim No. | Claim Amount | Date of Transfer | Transfer Docket No. |
|---|---|---|---|---|
| NN Inc./Industrial Molding Corp.[1] | 4583 | $102,059.47 | 3/31/06 | 3053 |
| Rawac Plating Company | 11856 | $352,725.84[2] | 7/28/06 | 4665 |
| Tecnomec S.r.l | 2447 | $1,635.00 (€ 1,321.64) | 8/3/06 | 4838 |
|  | 2448 | $1,880.39 (€ 1,520.00) |  |  |
|  | 2449 | $642.11 (€ 519.04) |  |  |
|  | 2450 | $3,788.49 (€ 3,062.40) |  |  |
|  | 2451 | $24,742.00 (€ 20,000.00) |  |  |
|  | 2452 | $1,442.59 (€ 1,166.11) |  |  |
|  | 2453 | $360.65 (€ 291.53) |  |  |
|  | 2454 | $4,082.43 (€ 3,300.00) |  |  |
|  | 2455 | $7,291.83 (€ 5,894.30) |  |  |
|  | 2456 | $1,076.77 (€ 870.40) |  |  |
| Digikey Corporation | 15483 | $66,952.29 | 6/15/06 | 4199 |
| Hammond Group Inc. | 4427 | $15,397.30 (priority) | 7/12/06 | 4533 |
|  |  | $123,726.16 (unsecured) |  |  |
| IET Labs Inc. | 1563 | $58,575.00 | 4/6/07 | 7590 |
| Electronic Solutions Inc. | 1201 | $104,504.04 | 7/14/06 | 4555 |
| EST Testing Solutions | 1933 | $161,818.99 | 5/23/06[3] | 3865 |
| Eaton Corporation | 6809 | $740,224.29 | 3/8/06 | Filed POC |

---

[1] On or about July 7, 2006, LSI filed a notice of transfer pursuant to Bankruptcy Rule 3001(e) transferring the Industrial Molding Assigned Claim to LSI's affiliate, Capital Investors, LLC [Docket No. 4464]. Accordingly, LSI files this Response with respect to the Industrial Molding Assigned Claim on behalf of Capital Investors, LLC.

[2] On or about September 25, 2006, LSI filed proof of claim number 16334 as a non-priority unsecured claim in the amount of $398,139.37, amending proof of claim no. 11856.

[3] On or about September 20, 2006, LSI filed an amended notice of transfer with respect to proof of claim no. 1933 [Docket No. 5162].

| Original Creditor | Claim No. | Claim Amount | Date of Transfer | Transfer Docket No. |
|---|---|---|---|---|
| Orbis Corporation | 811 | $239,472.32 | 12/23/05[4] | 1615 |
| S&Z Tool & Die Co. Inc. | 2036 | $1,288,259.67 | 6/23/06 | 4338 |
| SyZ Rolmex | 2028 | $41,742.27 | 6/23/06 | 4338 |

3. The Debtors have sought a reduction or full disallowance of the above-listed LSI Assigned Claims pursuant to various objections filed with the Court (the "Pending Objections"), as follows:

| Pending Objection | Docket No. | Original Creditor Asserting LSI Assigned Claim | Claim No. | Filed Claim Amt. | Claim Amt. Per Objection | Purported Basis for Objection |
|---|---|---|---|---|---|---|
| Ninth Omnibus | 6968 | NN Inc./Industrial Molding Corp. | 4583 | $102,059.47 | $32,815.98 | Claim Subject to Modification |
| Ninth Omnibus | 6968 | Rawac Plating Company | 16334 | $398,139.37 | $0.00 | Untimely Claim |
| Eleventh Omnibus | 7301 | Tecnomec S.r.l | 2447 | $1,635.00 (€ 1,321.64) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2448 | $1,880.39 (€ 1,520.00) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2449 | $642.11 (€ 519.04) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2450 | $3,788.49 (€ 3,062.40) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2451 | $24,742.00 (€ 20,000.00) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2452 | $1,442.59 (€ 1,166.11) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2453 | $360.65 (€ 291.53) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2454 | $4,082.43 (€ 3,300.00) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2455 | $7,291.83 (€ 5,894.30) | $0.00 | Books and Records |
| Eleventh Omnibus | 7301 | | 2456 | $1,076.77 (€ 870.40) | $0.00 | Books and Records |
| Thirteenth Omnibus | 7825 | Digikey Corporation | 15483 | $66,952.29 | $64,639.19 | Claim Subject to Modification |
| Thirteenth Omnibus | 7825 | Hammond Group Inc. | 4427 | $15,397.30 (priority) | $15,397.30 (priority) | Claim Subject to Modification and |
| Thirteenth Omnibus | 7825 | | | $123,726.16 (unsecured) | $120,970.00 (unsecured) | Reclamation Agreement |

---

[4] On or about On December 29, 2006, LSI filed an amended notice of transfer with respect to proof of claim no. 811[Docket No. 6337].

3

| Pending Objection | Docket No. | Original Creditor Asserting LSI Assigned Claim | Claim No. | Filed Claim Amt. | Claim Amt. Per Objection | Purported Basis for Objection |
|---|---|---|---|---|---|---|
| Thirteenth Omnibus | 7825 | IET Labs Inc. | 1563 | $58,575.00 | $1,665.00 | Claim Subject to Modification |
| Fifteenth Omnibus | 7999 | Electronic Solutions Inc. | 1201 | $104,504.04 | $100,499.44 | Claim Subject to Modification |
| Seventeenth Omnibus | 8270 | EST Testing Solutions | 1933 | $161,818.99 | $138,463.99 | Claim Subject to Modification |
| Twenty-Fourth Omnibus | 11588 | Eaton Corporation | 6809 | $740,224.29 | $107,257.28 (priority) $415,520.72 (unsecured) | Modified Claims Asserting Reclamation |
| Twenty-Fourth Omnibus | 11588 | Orbis Corporation | 811 | $239,472.32 | $179,513.53 | Claim Subject to Modification |
| Twenty-Fourth Omnibus | 11588 | S&Z Tool & Die Co. Inc. | 2036 | $1,288,259.67 | $111,882.90 (priority) $813,501.76 (unsecured) | Modified Claims Asserting Reclamation |
| Twenty-Fourth Omnibus | 11588 | SyZ Rolmex | 2028 | $41,742.27 | $4,000.00 (priority) $29,441.51 (unsecured) | Modified Claims Asserting Reclamation |

4.  With the exception of the LSI Assigned Claims that are subject to the Debtors' Twenty-Fourth Omnibus Objection, as to which the deadline for filing responses has not yet passed, LSI timely filed responses to each of the Pending Objections (collectively, the "LSI Responses").[5] The Pending Objections and LSI Responses currently remain unresolved.

5.  On or about December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").[6] Pursuant to the Plan, holders of General Unsecured Claims purportedly are to receive payment in full with consideration comprised of approximately 77.3% in New Common Stock and 22.7% in Discount Rights. The Plan also provides that if a Claim eligible for the Discount Rights Offering is not allowed or otherwise reconciled prior to the

---

[5] The LSI Responses to the Pending Objections can be found at Docket Nos. 7220, 7649, 7989, 8275, 8307 and 8531. In addition, Tecnomec S.r.l filed its own response to the Debtors' Eleventh Omnibus Objection, which can be located at Docket No. 7697.

[6] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan.

4

commencement of the Confirmation Hearing, such Claim may be temporarily allowed for purposes of the Discount Rights Offering in an amount estimated by this Court, or as otherwise agreed between the holder of the Claim and the Debtors. See Plan, at § 7.15(a)(i).

6. Accordingly, on or about December 28, 2007, the Debtors filed the Rights Offering Estimation Motion, seeking provisional allowance or estimation of certain unreconciled claims, including the LSI Assigned Claims. Allegedly, the Debtors took such action for the sole purpose of distributing the Discount Rights. With respect to the LSI Assigned Claims, the Debtors seek provisional allowance of the claims in an amount (the "Discount Rights Offering Participation Amount") that differs from the filed amount of each claim, as follows:

| Original Creditor Asserting LSI Assigned Claim | Claim No. | Filed Claim Amt. | Discount Rights Offering Participation Amount |
|---|---|---|---|
| NN Inc./Industrial Molding Corp. | 4583 | $102,059.47 | $32,815.98 |
| Rawac Plating Company | 16334 | $398,139.37 | $45,413.53 |
| Tecnomec S.r.l | 2447 | $1,635.00 (€ 1,321.64) | $0.00 |
| | 2448 | $1,880.39 (€ 1,520.00) | $0.00 |
| | 2449 | $642.11 (€ 519.04) | $0.00 |
| | 2450 | $3,788.49 (€ 3,062.40) | $0.00 |
| | 2451 | $24,742.00 (€ 20,000.00) | $0.00 |
| | 2452 | $1,442.59 (€ 1,166.11) | $0.00 |
| | 2453 | $360.65 (€ 291.53) | $0.00 |
| | 2454 | $4,082.43 (€ 3,300.00) | $0.00 |
| | 2455 | $7,291.83 (€ 5,894.30) | $0.00 |
| | 2456 | $1,076.77 (€ 870.40) | $0.00 |
| Digikey Corporation | 15483 | $66,952.29 | $64,639.19 |
| Hammond Group Inc. | 4427 | $139,123.46 (aggregate) | $136,367.30 |
| IET Labs Inc. | 1563 | $58,575.00 | $1,665.00 |
| Electronic Solutions Inc. | 1201 | $104,504.04 | $100,499.44 |
| EST Testing Solutions | 1933 | $161,818.99 | $138,463.99 |
| Eaton Corporation | 6809 | $740,224.29 | $522,778.00 |
| Orbis Corporation | 811 | $239,472.32 | $179,513.53 |
| S&Z Tool & Die Co. Inc. | 2036 | $1,288,259.67 | $925,384.66 |
| SyZ Rolmex | 2028 | $41,742.27 | $33,441.59 |

5

## **OBJECTION**

7.      The Rights Offering Estimation Motion is nothing more than an end-run around the claims objection process. Despite having already taken one bite at the apple in filing their omnibus objections, to which LSI (or the Assignor, as applicable) diligently responded according to the claims objection procedures put in place by the Court <u>at the Debtors' request</u> – a process that has in practice included, among other things, a refusal by the Debtors to entertain informal responses or any negotiation short of a formal response filed with the Court – the Debtors apparently believe it appropriate to require creditors holding disputed claims to have to divert the time, effort and expense to go through the process all over again in responding to the Rights Offering Estimation Motion.

8.      The Rights Offering Estimation Motion is extremely aggressive in its approach to estimating claims. To contrary, with the exception of one claim, the Debtors have sought estimation of the LSI Assigned Claims at the exact amount set forth in each of the Pending Objections, reflecting – at best – a bold assumption that the Debtors' objections will be granted in full, and evidencing the Debtors' ongoing cost-insensitive refusal to resolve consensually or compromise even for small dollar differentials.

9.      The clear (and perhaps intended) effect of the Rights Offering Estimation Motion is that all of the LSI Responses will be rendered moot, and there would be no point in responding to those Pending Objections as to which a deadline has not yet passed – essentially resolving each of the Pending Objections in the Debtors' favor without affording LSI any due process whatsoever. This is because the "estimation" process the Debtors have proposed includes no contingency plan or reserve in the event that the Discount Rights Offering Participation Amount is too low – <u>i.e.</u>, insufficient Discount Rights are issued because the

disputed Claim has been resolved and allowed at an amount higher than that anticipated by the Debtors. As a consequence, should the Debtors be wrong about the claim amounts, there would be no Discount Rights set aside to distribute to LSI on account of a successful defense (in whole or in part) of an LSI Assigned Claims to a Pending Objection.[7] Perhaps more importantly, these circumstances would render the Plan unconfirmable under sections 1123(a)(4) and 1129(a)(1)[8] of the Bankruptcy Code because if LSI's ultimately meritorious Claim receives no Discount Rights (or fewer Discount Rights by percentage of allowed amount as compared to other creditors in the same Class), there has been disparate treatment afforded creditors within the same Class to which LSI did not agree. See 11 U.S.C. § 1123(a)(4) ("Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall ... provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest.").

10. The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here, the creditor (or its assignee) is afforded the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient

---

[7] By contrast, the Debtors have included in the Rights Offering Estimation Motion a clawback provision to address a situation in which the Discount Rights Offering Participation Amount requested by the Debtors is too high – i.e., the disputed Claim has been resolved and allowed at an amount lower than that anticipated by the Debtors. See Rights Offering Estimation Motion, at ¶¶ 16-17.

[8] Section 1129(a)(1) of the Bankruptcy Code providing that that a plan of reorganization must comply "with the applicable provisions" of the Bankruptcy Code, which has been interpreted to encompass the requirements of section 1122 and 1123 of the Bankruptcy Code governing the classification of claims and interests and the contents of the plan, respectively. See S. Rep. No. 95-989, at 126 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5912 (1978); H.R. Rep. No. 95-595, at 412 (1977), reprinted in 1978 U.S.C.C.A.N. 5962, 6368 (1977); In re Texaco Inc., 84 B.R. 893, 905 (Bankr. S.D.N.Y.1988) ("In determining whether a plan complies with section 1129(a)(1), reference must be made to [Bankruptcy] Code §§ 1122 and 1123 with respect to classification of claims and the contents of a plan of reorganization."), appeal dismissed, 92 B.R. 38 (S.D.N.Y. 1988) (citing In re Toy & Sports Warehouse Inc., 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984)); In re Greate Bay Hotel & Casino, Inc., 251 B.R. 213, 223 (Bankr. D.N.J. 2000) (citing legislative history).

7

evidence to refute the claim." In re Camellia Food Stores, Inc., 287 B.R. 52, 56 (Bankr. E.D. Va. 2002); see also, Waterman S.S. Corp. v. Aguiar, 200 B.R. 770, 774-75 (Bankr. S.D.N.Y. 1996) ("In many instances, the mere filing of a proof of claim is sufficient to carry the day. The burden of going forward then shifts to the objector to produce evidence negating the *prima facie* validity of the filed claim."). LSI has satisfied its burden; now the Debtors must satisfy theirs. They cannot circumvent the mandates of the Bankruptcy Code, the Bankruptcy Rules and applicable case law regarding proofs of claim and objections thereto, together with the claims objections procedures authorized by this Court,[9] under the pretense of "estimating" claims for "solely" for purposes of the Rights Offering.

11. Beyond mooting the claims objection process under the appearance of "estimation", the Rights Offering Estimation Motion is objectionable because estimation pursuant to section 502(c) of the Bankruptcy Code is not available to the Debtors under the present circumstances.

12. Section 502(c) of the Bankruptcy Code provides, in pertinent part, that:

> There shall be estimated for purpose of allowance under this section –
>
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or
> (2) any right to payment arising from a right to an equitable remedy for breach of performance.

11 U.S.C. § 502(c). Controlling case law holds that "a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." Mazzeo

---

[9] See Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007 and 9014 Establishing (I) Dates for Hearing Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims [Docket No. 6089]. If the Debtors want relief from this order, they should be required to meet the criteria imposed Rule 60 of the Federal Rules of Civil Procedure, made applicable to these cases pursuant to Bankruptcy Rule 7024.

8

v. United States (In re Mazzeo), 131 F.3d 395, 303 (2d Cir. 1997). A debt is liquidated "where the claim is determinable by reference to an agreement or by a simple computation." See In re Mazzeo, 131 F.3d at 304 (internal quotation omitted).

13.     The fact that a claim may be disputed does not make a claim contingent. See id. at 303 (citing In re Nicholes, 184 B.R. 82, 89 (9th Cir. B.A.P. 1995) ("even a bona fide dispute over liability for a claim does not make the debt contingent")). Nor does the mere existence of a dispute over liability on a claim render the claim unliquidated. See In re Mazzeo, 131 F.3d at 304 ("The Code uses both 'unliquidated' and 'disputed' in its definition of 'claim'; to rule that a claim (and hence the debt with which it is coextensive) is unliquidated whenever it is disputed would be to render the term 'unliquidated' mere surplusage.... we agree with the Eleventh Circuit that the concept of a liquidated debt relates to the amount of liability, not the existence of liability.") (internal quotation omitted).

14.     The LSI Assigned Claims are all noncontingent, liquidated trade claims. The Debtors have objected to each one of them, to be sure – but that does not make any of the LSI Assigned Claims ripe for estimation under section 502(c) of the Bankruptcy Code. More generally, the Debtors have made no showing whatsoever that any of the Claims subject to the Rights Offering Estimation Motion are either contingent or unliquidated – only that they are "unreconciled", i.e., disputed.

15.     Accordingly, the Rights Offering Estimation Motion should be denied as to the LSI Assigned Claims. Alternatively, to the extent that this Court is not inclined to deny the motion outright, the Debtors should be required to estimate the LSI Assigned Claims at the full filed amount – which would not be unduly burdensome, especially given the large number of claims that the Debtors have already resolved at this stage of the claims administration process –

to ensure that LSI's claims are not reduced despite timely LSI Responses and without affording LSI the due process to which it is entitled.

16.    LSI reserves the right to modify and supplement this Objection, and respectfully requests that the requirements of a separate memorandum of law set forth under Rule 9013-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York be deemed satisfied and waived.

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order: (i) overruling the Rights Offering Estimation Motion as to each of the LSI Assigned Claims or, alternatively, estimating the LSI Assigned Claims at the Filed Claim Amount listed in paragraph 3 hereof; and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated: Hackensack New Jersey
        January 11, 2008

Respectfully submitted,
LIQUIDITY SOLUTIONS, INC.

By: _____
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010