Hearing Date and Time: January 17, 2008 at 10:00 AM
Response Date and Time: January 11, 2008 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444

*Counsel for Temic Automotive of North America, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
In re                                                   : Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             : Case No. 05-44481 (RDD)
                                                        :
           Debtors.                                     : (Jointly Administered)
                                                        :
------------------------------------------------------- X

**OBJECTION OF TEMIC AUTOMOTIVE OF NORTH AMERICA, INC.
TO THE DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a)
AND 502 (c) ESTIMATING OR PROVISIONALLY ALLOWING
CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF
ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

Temic Automotive of North America, Inc. ("**Temic**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the Debtors' Motion For Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely For Purposes of Administration of Discount Rights Offering (the "**Motion**").

-2-

1.      On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.      Motorola, Inc. ("**Motorola**") filed Proof of Claim No. 8391 (the "**Claim**"), among others.[1]

3.      After the Debtors filed their voluntary petitions for relief, Motorola sold the division involved in these bankruptcy cases as well as the Claim to Temic. On August 4, 2006, Motorola and Temic filed a Notice of Transfer of Claim pursuant to Bankruptcy Rule 3001(e)(2) and disclosed that Motorola had transferred "all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with" certain claims filed against Delphi, including the Claim, to Temic.

4.      For the reasons set forth below, Temic objects to the Debtors' proposed treatment of the Claim as proposed in the Motion.

### Claims Against the Debtors

5.      On November 1, 2002, Delphi and Motorola entered into an exclusive, long-term contract, pursuant to which Delphi agreed to purchase all of its production and service requirements for the Quadrasteer program from Motorola (the "**Contract**"). (See Claim, Ex. 1.)

---

[1]     Proof of Claim No. 8391 is attached hereto as Exhibit 1.

6. Quadrasteer was a 4-wheel steering technology option developed for General Motors' full-size pickups and SUVs.

7. The term of the Contract was "thru calendar year 2011 for OEM production [and] thru calendar year 2027 for 15-year service requirement." (Id. ¶ 2).

8. On or about January 28, 2005, Delphi cancelled the Contract.

9. The Claim was filed to recover damages for the premature cancellation of the Contract, including the sunken costs for engineering, tooling, other out-of-pocket expenses and a reasonable markup on these costs to cover overhead, plus lost-profits. The Debtors currently contest the Claim.

10. The total amount of the Claim is $8,385,154.00.

## ARGUMENT

**The Debtors Have Not Met Their Burden To Modify The Claim Amount For Estimation Purposes Related to the Discount Rights Offering.[2]**

11. In the Motion, the Debtors argue that the Claim should be estimated in the amount of $2,430,476.00 for purposes of making the appropriate calculations for a pro rata distribution of the Discount Rights.

12. However, the Debtors failed to provide any legal or factual basis for the proposed estimation of the Claim.

13. Moreover, such reduction is completely unnecessary because the Motion seeks to establish a procedure whereby the Debtors may claw back amounts where a claimant receives more Discount Rights than such claimant should have received based on the ultimate allowed amount of such claim ("**Excess Discount Rights**"). (Mot. at ¶17.)

---

[2] Capitalized terms, not specifically defined herein, shall have the meanings ascribed in the Debtors' Amended Plan of Reorganization.

14. Pursuant to the Motion, if a claimant receives Excess Discount Rights, such a claimant would receive an amount of New Common Stock (at Plan value) as required under the Amended Plan of Reorganization reduced by the value of the Excess Discount Rights or, alternatively, such a claimant would be required to remit payment in an amount equal to the value of the Excess Discount Rights (collectively, the "**Disgorgement Provisions**").

15. Notably, the Motion does not seek a similar procedure where a claimant receives less Discount Rights than such claimant should have received based on the ultimate allowed amount of such claim.

16. Therefore, the Claim and all "Unreconciled Claims," as defined in the Motion, should be allowed at face value for purposes of calculations for pro rata distribution of the Discount Rights, subject to the Disgorgement Provisions because there will be no prejudice to the Debtors.

17. The Claim is prima facie valid because a timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

18. The Debtors bear the burden of proof on their objection to the Claim because a party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." In re O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must

-5-

present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

19.     By merely stating that the Claim should be estimated in the asserted amount, the Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the timely and properly supported Claim.

20.     Therefore, estimation of the Claim at an amount lower than the amount asserted by Temic is improper at this time.

21.     Temic reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

WHEREFORE, Temic respectfully requests that the Court temporarily allow the Claim at full value for purposes of making the appropriate calculation for a pro rata distribution of the Discount Rights and grant Temic such other relief as the Court deems just and proper.

Dated: January 11, 2008

                                        Respectfully submitted,
                                        **McDermott Will & Emery LLP**

                                        By:/s/ Gary O. Ravert
                                        Gary O. Ravert (GR-3091)
                                        340 Madison Avenue
                                        New York, New York 10017-1922
                                        Telephone: (212) 547-5400
                                        Fax: (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

***Counsel for Temic Automotive of North America, Inc.***

CHI99 4925370-2.076532.0011