Hearing Date and Time: January 17, 2008 at 10:00 AM
Response Date and Time: January 11, 2008 at 4:00 PM

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444

*Counsel for Motorola, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------- X

In re                                                          : Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                                    : Case No. 05-44481 (RDD)
                                                               :
                    Debtors.                                   : (Jointly Administered)
                                                               :

---------------------------------------------- X

**OBJECTION OF MOTOROLA, INC. TO THE DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. §§ 105(a) AND 502 (c) ESTIMATING OR PROVISIONALLY
ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF
ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

Motorola, Inc. ("**Motorola**"), by and through its undersigned counsel, hereby submits

this response (the "**Response**") to the Debtors' Motion For Order Pursuant to 11 U.S.C. §§

105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely For

Purposes of Administration of Discount Rights Offering (the "**Motion**").

1.      On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi Corp.**"),

Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities

(collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.  Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.      Motorola filed claim number 1157 (the "**Claim**"), among others.

3.      Debtors objected to the Claim in Debtors' Twentieth Omnibus Objection to Claims.

4.      On or about September 19, 2007, Motorola filed a response to Debtor's Twentieth Omnibus Objection to Claims (the "**Response**").  The Response sets forth the basis for the Claim and provided supporting documentation substantiating the Claim's amount of not less than $18,679.06.

5.      For the reasons set forth below, Motorola objects to the Debtors' proposed treatment of the Claim as proposed in the Motion.

### Claims Against the Debtors

6.      On or about June 29, 2003, Delphi and Motorola executed the "Service Agreement" (the "**Agreement**") by which Motorola agreed to provide certain radio and infrastructure repair and support services..

7.      As of the Petition Date, Delphi owed Motorola $17,915.08 pursuant to the Agreement.

8.      Also, prior to the Petition Date, Setech, Inc. ("**Setech**") purchased miscellaneous parts from Motorola as an agent of Delphi.

9.      The purchase orders were "issued" by Setech, Inc. as agent for Delphi Corporation and were billed to Setech and shipped to Setech at Delphi Harrison.

-2-

10.      When Delphi stopped paying Setech, Motorola had an outstanding claim against

Delphi in the amount of $763.98. This amount is recognized as a valid claim in the Twentieth

Objection.

11.      Based on the foregoing, Delphi is the responsible party for Motorola's claim

arising out of the Agreement and Motorola's claim related to the outstanding Setech balance.

Motorola asserts a claim as a general unsecured claim totaling not less than $18,679.06. [1]

## ARGUMENT

**The Debtors Have Not Met Their Burden To Modify The Claim Amount For
Estimation Purposes Related to the Discount Rights Offering.[2]**

12.      In the Motion, the Debtors argue that the Claim should be estimated in the amount

of $763.98 for purposes of making the appropriate calculations for a pro rata distribution of the

Discount Rights.

13.      However, the Debtors failed to provide any legal or factual basis for the proposed

estimation of the Claim.

14.      Moreover, such reduction is completely unnecessary because the Motion seeks to

establish a procedure whereby the Debtors may claw back amounts where a claimant receives

more Discount Rights than such claimant should have received based on the ultimate allowed

amount of such claim ("**Excess Discount Rights**"). (Mot. at ¶17.)

15.      Pursuant to the Motion, if a claimant receives Excess Discount Rights, such a

claimant would receive an amount of New Common Stock (at Plan value) as required under the

Amended Plan of Reorganization reduced by the value of the Excess Discount Rights or,

---

[1]      Documents supporting the claim amount, including the Agreement, are attached hereto as Exhibit A.

[2]      Capitalized terms, not specifically defined herein, shall have the meanings ascribed in the Debtors'
Amended Plan of Reorganization.

alternatively, such a claimant would be required to remit payment in an amount equal to the value of the Excess Discount Rights (collectively, the "**Disgorgement Provisions**").

16.     Notably, the Motion does not seek a similar procedure where a claimant receives less Discount Rights than such claimant should have received based on the ultimate allowed amount of such claim.

17.     Therefore, the Claim and all "Unreconciled Claims," as defined in the Motion, should be allowed at face value for purposes of calculations for pro rata distribution of the Discount Rights, subject to the Disgorgement Provisions because there will be no prejudice to the Debtors.

18.     The Claim is prima facie valid because a timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount.  See Fed. R. Bankr. P. 3001(f); see also McGee v. O'Connor (In re O'Connor), 153 F.3d 258, 260-261 (5th Cir. 1998); In re Mid-Am. Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

19.     The Debtors bear the burden of proof on their objection to the Claim because a party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." In re O'Connor, 153 F.3d at 261 (emphasis added); In re Mid-Am. Waste Sys., Inc., 284 B.R. at 65 (objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added).  The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." See In re Simmons, 765 F.2d 547,

552 (5th Cir. 1985); In re Alleghany Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (objector must

present evidence that is "equal in force" to the prima facie evidence supporting the claim).

20.    By merely stating that the Claim should be estimated in the asserted amount, the

Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive

validity of the timely and properly supported Claim.

21.    Therefore, estimation of the Claim at an amount lower than the amount asserted

by Motorola is improper at this time.

22.    Motorola reserves all other rights and remedies under the Bankruptcy Code and

other applicable law.

WHEREFORE, Motorola respectfully requests that the Court temporarily allow the

Claim at full value for purposes of making the appropriate calculation for a pro rata distribution

of the Discount Rights and grant Motorola such other relief as the Court deems just and proper.

Dated: January 11, 2008

Respectfully submitted,
**McDermott Will & Emery LLP**

By:/s/  Gary O. Ravert
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York  10017-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Motorola, Inc.*

CHI99 4927227-1.034764.0010

-5-