Hearing Date: January 17, 2008 at 10 a.m. ET
Objection Deadline: January 11, 2008 at 4:00 p.m. ET

**ANDREWS KURTH LLP**
450 Lexington Avenue
New York, New York 10017
Paul N. Silverstein (PS 5098)
Jonathan Levine (JL 9674)
Telephone: (212) 850-2800
Fax: (212) 850-2929

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                               Debtors.       :    (Jointly Administered)
------------------------------------------------------------x

**OBJECTION OF LIQUIDITY SOLUTIONS, INC. TO CONFIRMATION OF FIRST
AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND
CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION**

Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), a creditor and party in interest, for its Objection to Confirmation of the First Amended Joint Plan (the "Plan") of Delphi Corporation and Certain Affiliates (collectively, the "Debtors"), respectfully represents:

**BACKGROUND**

1.  On October 8, 2005 and 14, 2005, the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2.  By transfers of claims in accordance with Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), LSI is the holder, in the aggregate, of approximately $11,000,000 of unsecured claims against the Debtors.

NYC:171381.1

3. On December 10, 2007, the Court approved the Debtors Amended Disclosure Statement with respect to the Plan and scheduled a hearing to consider confirmation of the Plan for January __, 2008.

### THE PLAN SHOULD NOT BE CONFIRMED

4. LSI respectfully submits that the Plan does not meet the standards for confirmation under either Section 1129(a) or (b) of the Bankruptcy Code. Given that the Court will undoubtedly receive a myriad of objections to confirmation, we attempt to be brief. The Plan cannot be confirmed for the following, among other, reasons:

- **Improper Classification.** The Plan classifies the TOPrS Claims together with General Unsecured Claims in the same class. Plan §§ 1.88, 5.3. Under Section 1122(a) of the Bankruptcy Code, "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." Dissimilar claims must be put in separate classes. In re Boston Post Road Ltd. P'ship., 21 F.3d 477, 481 (2d Cir. 1994). The TOPrS Claims are Subordinated Notes. Section 17.01 of the Indenture for the Subordinated Notes provides that Delphi "covenants and agrees that . . . the [TOPrS] are subordinate and junior in right of payment to all Senior Debt. . .In the event of any . . . bankruptcy . . . all Senior Debt (including any interest thereon accruing after the commencement of any such proceedings) shall be first paid in full before any payment or distribution . . . shall be made to any Holder of any of the Debt Securities or Coupons on account thereof." Because the TOPrS are

2

subordinate, they should not be classified together with general unsecured claims.[1]

- **Different Treatment of Claims In The Same Class.** The Plan treats allowed and disputed trade claims differently even though they are classified together by denying Disputed Claims any post-Effective Date interest. Section 1123(a)(4) of the Bankruptcy Code provides that a plan shall "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to less favorable treatment of such particular claim or interest." The Plan cannot treat claims in the same class differently from one another. Computer Task Group, Inc. v. Brotby (In re Brotby), 303 B.R. 177, 186 9th Cir. 2003) (plan violated Section 1123(a)(4) because it treated a creditor with a disputed claim different from other creditors in the same class). Additionally, as described in further detail in LSI's Objection To Motion For Order Pursuant To 11 U.S.C. §§ 105(A) And 502(C) Estimating Or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes Of Administration Of Discount Right Offering (which is being filed concurrently herewith) the proposed estimation procedures for the Discount Rights Offering creates an unfair treatment of creditors within the same class.

- **Absolute Priority Rule / Cramdown**.    As currently proposed, General Unsecured Claims will not receive full payment under the Plan. The Plan,

---

[1] See St. Louis Union Trust Co. v. Champion Shoe Mach. Co., 109 F.2d 313, 316 (8t Cir. 1940) (subordinated creditors should be in separate class from senior creditors); In re Walnut Equip. Leasing Co., 1999 Bankr. LEXIS 1460, at *4 n.4 (Bankr. E.D. Pa., Nov. 23, 1999) ("holders of subordinated debt do not have claims substantially similar to the holders of senior debt."). Cf. In re Solar King Corp., 90 B.R. 808, 819 (Bankr. W.D. Tex. 1988) (section 510(b) subordinated claims are properly placed in a separate class); In re McKenzie, 4 B.R. 88, 90 (Bankr. W.D.N.Y. 1980) (contractually subordinated and senior claims "have different rights" in the property of the estate).

however, provides a distribution to holders of junior claims and interests, including the TOPrS Claims, Section 510(b) Claims and equity interests in violation of Section 1129(b) of the Bankruptcy Code. Plan §§ 5.5, 5.8 & 5.9. Section 510(b) Claims are subordinate to the General Unsecured Claims as a matter of law[2]. Subordinated claims (including the TOPrS Claims) cannot receive any distributions until the General Unsecured Claims are paid post-petition interest through the Effective Date, absent the consent of the General Unsecured Creditors.

- **Good Faith.** Pursuant to Section 1129(a)(3) of the Code, the Plan must be proposed in good faith (which would include all proponents and sponsors thereof). The Plan has not been proposed in good faith because General Unsecured Creditors have been provided with inferior and improper treatment thereunder, where as the Plan Investors are being treated far better than they are entitled. See In re Coram Healthcare Corp., 271 B.R. 228, 232 (Bankr. D. Del. 2001) (confirmation of debtor's plan denied for failure to satisfy good faith requirements of Section 1129(a)(3) where debtor's CEO had an undisclosed agreement with one of debtor's largest creditors).

5.      LSI reserves the right to modify and supplement this Objection.

---

[2] In re Specialty Equip. Cos., 3 F.3d 1043, 1045 (7th Cir. 1993) ("[C]laims for damages or rescission based on the sale of the debentures, ... are subordinated to the claims of general unsecured creditors under section 510(b) of the Bankruptcy Code"); NationsBank, N.A. v. Commercial Fin. Servs. (In re Commercial Fin. Servs.), 268 B.R. 579, 594 (Bankr. N.D. Okla. 2001) ("[C]laims of rescinding security holders . . . should not be permitted to recover any assets until general unsecured creditors have been made whole.").

4

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court deny confirmation of the Plan together with such other relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
January 11, 2008

        ANDREWS KURTH LLP

        By: /s/ Paul N. Silverstein
           Paul N. Silverstein (PS 5098)
           Jonathan Levine (JL 9674)
           450 Lexington Avenue
           New York, New York 10017
           Telephone: (212) 850-2800
           Fax: (212) 850-2929

        Counsel to Liquidity Solutions, Inc.