Hearing Date: January 17, 2008 at 10:00 a.m.
Objection Deadline: January 11, 2008 at 4:00 p.m.

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.(ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re: | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

**LEAD PLAINTIFFS' RESPONSE TO, AND RESERVATION OF RIGHTS IN CONNECTION WITH, CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION**

Teachers' Retirement System Of Oklahoma, Public Employees' Retirement System Of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP, the Court-appointed Lead Plaintiffs (the "Lead Plaintiffs")[1] in the consolidated securities class action entitled *In re Delphi Corp. Securities Litigation*, Master Case No. 05-md-1725 (GER) (E.D.Mich.) (the "Securities Litigation"), respectfully submit this Response to, and Reservation of Rights in Connection with,

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the December 3, 2007 versions of the Debtors' plan of reorganization (the "Plan") and disclosure statement (the "Disclosure Statement").

18692/2
01/11/2008 4210656.4

Confirmation of the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession. In support of this Response, Lead Plaintiffs respectfully state as follows:

**RELEVANT BACKGROUND**

1.　　On October 8 and 14, 2007 (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.　　Lead Plaintiffs are, and represent, creditors, equity holders and parties-in-interest in the Debtors' chapter 11 cases. Lead Plaintiffs and the putative class suffered damages substantially in excess of $1 billion as a result of their purchases of certain of the Debtors' common stock and debt securities between March 7, 2000 and March 3, 2005 (the "Class Period"). These damages were caused by the Debtors, certain of their current and/or former directors and officers and others in the context of the concealment and misrepresentation of the true financial condition of the Debtors before and during the Class Period.

3.　　Over the course of several months in 2007, Lead Plaintiffs, the Debtors and other parties to the Securities Litigation and this chapter 11 proceeding, with the assistance of a special master appointed by the United States District Court for the Eastern District of Michigan (the "District Court"), conducted discussions and negotiations regarding a settlement of the Securities Litigation. On August 31, 2007, those discussions resulted in an agreement resolving the Securities Litigation as to the Debtors and certain other defendants. On August 31, 2007, the proposed settlement (the "Securities Settlement")[2] was submitted to the District Court for preliminary approval and for

---

[2]　　The Securities Settlement is annexed to the Plan as Exhibit 7.19(a).

05-44481-rdd    Doc 11939    Filed 01/11/08    Entered 01/11/08 15:19:34    Main Document
Pg 3 of 7

scheduling a final fairness hearing. On September 5, 2007, the District Court granted preliminary approval of the proposed settlement. On November 13, 2007, the District Court conducted a final fairness hearing, *inter alia*, on Lead Plaintiffs' motion to approve the Securities Settlement. The District Court took the matter under advisement and the parties anticipate a ruling shortly. As discussed below, on December 4, 2007, the District Court tentatively approved a modification to the Securities Settlement, subject to certain notice procedures, which modification, as set forth on the record during the December 4, 2007 hearing and as provided for in the Plan, is supported by Lead Plaintiffs, the Debtors and others. No timely objections to the modification were filed in the District Court or otherwise received by Lead Plaintiffs as required by the supplemental notice procedures approved by the District Court. On January 10, 2008, the District Court issued an opinion and order finally approving the Securities Settlement.

        4.        The Securities Settlement is also subject to the approval of this Court. On September 7, 2007, the Debtors filed a motion seeking approval of the Securities Settlement pursuant to, *inter alia*, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019 Motion"). Since the filing of the Rule 9019 Motion, the Debtors, with the consent of Lead Plaintiffs and other stakeholders in this chapter 11 proceeding, determined to seek approval of the Securities Settlement in two steps. The first step entailed obtaining preliminary approval of the Securities Settlement, class certification for voting purposes and the means for soliciting the votes of class members consistent with the Securities Settlement. On October 25, 2007, the Court granted such preliminary approval and an order preliminarily approving the Securities Settlement was entered on October 29, 2007. Final approval of the Securities Settlement by this Court will be considered at the same time and in connection with confirmation of the Plan.

        5.        Contemporaneously with resolving the Securities Litigation, the Debtors prepared their Disclosure Statement and Plan. Lead Plaintiffs provided the Debtors with numerous comments to the Disclosure Statement and Plan, many of which were

incorporated into the Disclosure Statement that was approved by the Court on December 10, 2007 and the Plan.

6. As set forth below, the Debtors have not incorporated one of Lead Plaintiff's proposed revisions to the Plan concerning third party releases, which is necessary to render the Plan consistent with the Securities Settlement. However, this revision will become relevant and necessary only if the Securities Settlement is not approved by final orders of this Court and the District Court.

## **RESPONSE AND RESERVATION OF RIGHTS**

7. Section 11.5 of the Plan provides for releases of the "Released Parties" by all creditors and interest holders of the Debtors. The definition of "Released Parties" includes several non-debtor entities who are or may be defendants in the Securities Litigation. *See* Plan at § 1.166. Thus, if the Plan is confirmed in its current form, any person or entity, including Lead Plaintiffs and members of the class, who holds a claim against or interest in the Debtors as of the Effective Date of the Plan will be deemed to have released the Released Parties for and from any and all claims or causes of action existing as of the Effective Date.

8. Moreover, the Plan provides that creditors and interest holders of the Debtors shall be deemed to have released GM pursuant to Article IV of the Delphi-GM Global Settlement Agreement. *See* Plan at § 11.7.

9. Insofar as the rights of Lead Plaintiffs and the class are affected, the third party release provisions contained in section 11.5 and 11.7 of the Plan must be read in conjunction with the Securities Settlement. The Securities Settlement provides that:

> *Upon the Effective Date of the Settlement*, Lead Plaintiffs and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, with respect to each and every Settled Claim, release and forever discharge, and are forever enjoined from prosecuting, any Settled Claim

-4-

> against any of the Released Parties, and shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person who may claim any form of contribution or indemnity from any Released Party in respect of any Settled Claim or any matter related thereto, at any time on or after the Effective Date.

Securities Settlement, ¶ 3(a) (emphasis supplied). The Securities Settlement defines the term "Released Parties" to mean, *inter alia*, the Debtors and GM. *See* Securities Settlement at ¶ 1(mm).

10. Therefore, the Securities Settlement must become effective *before* Lead Plaintiffs or the class members are deemed to have released GM or any of the other parties included in the Plan's definition of "Released Party." Indeed, the parties to the Securities Settlement expressly contemplated being placed in their pre-settlement litigation positions if the Securities Settlement is not approved by the District Court and this Court or does not become effective for any reason. *See*, *e.g.*, Securities Settlement at 2, ¶¶ 7, 29. As presently drafted, the Plan is inconsistent with the Securities Settlement because it potentially provides for releases of GM and certain other third parties by Lead Plaintiffs and the class members whether or not the Securities Settlement becomes effective.

11. Counsel for Lead Plaintiffs proposed the following language to be added at the end of section 11.5 of the Plan:

> (iii) this Article 11.5 shall not release any claim or cause of action currently asserted or which could be asserted in the MDL Actions by Lead Plaintiffs against GM pursuant to the Delphi-GM Global Settlement Agreement or Article 11.7 of this Plan, or any defendant or potential defendant who is a Released Party; provided, however, that any and all releases of any Released Party by Lead Plaintiffs shall be fully enforceable as provided for in the MDL Settlements.

12. To date, the Debtors have not rejected this language. However, neither have they accepted it nor proposed alternative language addressing the issue.

13.    To the extent Lead Plaintiffs' outstanding concern with the Plan is not resolved on or prior to the hearing on January 17, 2008 or any adjourned date, Lead Plaintiffs reserve the right to present this issue to the Court for adjudication to the extent necessary.

14.    Finally, in connection with considering confirmation of the Plan, the Court also will consider final approval of the Securities Settlement. To the extent that any party-in-interest timely objects either to the approval of the Securities Settlement or confirmation of the Plan based on arguments relating to the Securities Settlement, Lead Plaintiffs reserve the right to respond to such objections through a written submission as well as by presenting oral argument at the hearing.

Dated:  January 11, 2008
        New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By:  /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME-0570)
S. Jason Teele, Esq.(ST-7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
Telephone:    (973) 597-2500
Facsimile:    (973) 597-2481

*Bankruptcy Counsel for Lead Plaintiffs and the Class*

**NIX, PATTERSON & ROACH, L.L.P.**
Jeffrey J. Angelovich, Esq.
Bradley E. Beckworth, Esq.
Susan Whatley, Esq.
205 Linda Drive
Daingerfield, Texas 75638
Telephone:     (903) 645-7333

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John P. Coffey, Esq.
Hannah E. Greeenwald, Esq.
Matthew C. Moehlman, Esq.
1285 Avenue of the Americas
New York, NY 10019
Telephone:     (212) 554-1400

**GRANT & EISENHOFER, P.A.**
Stuart M. Grant, Esq.
James J. Sabella, Esq.
485 Lexington Avenue
New York, NY 10017
Telephone:     (646) 722-8500

-- and --

Sharan Nirmul, Esq.
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:     (302) 622-7000

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, L.L.P.**
Michael Yarnoff, Esq.
Sean M. Handler, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
Telephone:     (610) 667-7056

*Co-Lead Counsel for Lead Plaintiffs and the Class*