KLESTADT & WINTERS, LLP 292 Madison Avenue, 17th Floor
New York, NY 10017-6314
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
John E. Jureller, Jr. (JJ-4697)

and

WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL  60606-1229
Telephone: (312) 201-2000
Facsimile:  (312) 201-2555
Jonathan W. Young
Jeffrey L. Gansberg

Attorneys for Equity Corporate Housing

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
     In re                                                     :    Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                                    :    Case No. 05-44481 (RDD)
                                                               :
                   Debtors.                                    :    (Jointly Administered)
---------------------------------------------------------------x

OBJECTION OF EQUITY CORPORATE HOUSING TO DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. §§ 105(a) and 502 (c) ESTIMATING OR PROVISIONALLY
ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF
<u>ADMINISTRATION OF DISCOUNT RIGHTS OFFERING</u>

Equity Corporate Housing ("Equity"), by its undersigned attorneys, hereby makes and

files this, its Objection To Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) and

502(c) Estimating Or Provisionally Allowing Certain Unreconciled Claims Solely For Purposes

Of Administration Of Discount Rights Offering (the "Objection"), and states:

**INTRODUCTION**

1.      The Debtor seeks to reduce a properly filed claim without a hearing on the matter by estimating or provisionally allowing the claim, a claim which is not subject to an estimation proceeding.

**BACKGROUND**

2.      Prior to the petition date of these jointly administered cases, Equity provided corporate housing services to the Debtors. These services included housing certain of the Debtors' employees on a temporary basis.

3.      On October 8, 2005, Delphi and various of its corporate affiliates (collectively, the "Debtors") filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

4.      On or about April 3, 2006, Equity timely filed its proof of claim in the Debtors' bankruptcy cases seeking to recover amounts due and owing on account of services that Equity rendered to or for the benefit of the Debtors (the "Claim").[1]

5.      On or about June 15, 2007, the Debtors filed their Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §502(b) and Fed. R. Bank. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books and Records, (C) Insurance Claims Not Reflected On Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (the "Claim Objection"). The Claim

---

[1] Equity believes that its contract may have been improperly assumed and assigned by the Debtors without proper notice to Equity or may be subject to assumption pursuant to the Debtors' proposed plan of reorganization. If such an assumption has occurred or does occur, Equity would be entitled to a cure claim in an amount equal to the amount of its Claim (as hereinafter defined) plus any post-petition amounts due and owing. As Equity and the Debtors are investigating the purported assumption, by filing this Objection, Equity does not waive, and specifically preserves, any of its rights in regard to a cure claim or its Claim.

Objection sought to reduce the Claim from the amount as filed to an amount allegedly contained in the Debtors' books and records.

6. Equity filed a response to the Claim Objection and the parties have been working to reconcile the Claim since that time.

7. On or about December 28, 2007, the Debtors filed its Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) and 502 (c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (the "Motion").

## ARGUMENT

8. The Motion cannot be granted because it does not comply with the terms of the Bankruptcy Code or the claims resolution process established in this case, and may prejudice Equity's distribution in the case.

**The Motion is Inconsistent With Section 502(c) of the Bankruptcy Code**

9. The relief sought in the Motion is inconsistent with the express terms of the Bankruptcy Code. Section 502(c) of the Bankruptcy Code provides for estimation of claims in a bankruptcy case.

10. Section 502(c) provides:

There shall be estimated for purpose of allowance under this section –
   (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or
   (2) any right to payment arising from a right to an equitable remedy for breach of performance.

11. Although a claim may be disputed by the debtor, it is not necessarily contingent or unliquidated, and is not subject to estimation. *See In re Mazzeo*, 131 F.3d 295, 303 (2d Cir. 1997). The act of a debtor objecting to a claim does not render it unliquidated.

12. The Claim is not one which is contingent or unliquidated. To the contrary, the Debtors' liability on the Claim is certain and needs only to be calculated. A claim as to which the parties disagree is not unliquidated, only disputed. *See Mazzeo*, 131 F.3d at 303.

13. Because the Claim is not unliquidated or contingent, but only disputed, it cannot be estimated by the Debtors pursuant to the Motion. *See In re Comdisco, Inc.*, 271 B.R. 273, 281 (Bankr. N.D. Ill. 2002) *citing In re Keenan*, 201 B.R. 263 (Bankr. S.D. Cal. 1996). To allow the Debtors to estimate any claim turns the entire claims resolution process on its head – in direct contravention of the express language of the Bankruptcy Code.

**The Motion Improperly Seeks to Alter the Claims Resolution Process**

14. The Bankruptcy Code sets forth specific procedures by which a claim and an objection to a claim are to be undertaken. *See* 11 U.S.C. §§ 501, 502; Fed. R. Bankr. P. 3001, 3007.

15. Further, in this case, the Debtors have supplemented that procedure by requesting that the Court enter its Order Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007 and 9014 Establishing (I) Dates for Hearing Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims (the "Objection Procedures Order").

16. In contravention of the Bankruptcy Code and their own Objection Procedures Order, the Debtors are seeking to reduce the Claim without a proper hearing and without presenting any evidence that the Claim should be reduced. Further, the purported "estimation" is more akin to a permanent reduction of the Claim because no provision is made to allow Equity to recover its full distribution if the Claim is ultimately allowed in an amount which exceeds the Debtors' "estimation."

**The Debtors Reserve For Themselves Relief if the Claim is Ultimately Allowed in an Amount Less Than Their "Estimation" But Fail to Preserve Relief for Equity if the Claim is Allowed In An Amount in Excess of The Estimation**

17.     The Debtors have fixed a ceiling, but no floor, on the amount of Discount Rights available to Equity on account of the Claim.

18.     In paragraph 17 of the Motion, the Debtors' specify the procedures that will be undertaken in the unlikely event that their "estimation" is too high in regard to any claim. *See* Motion at ¶ 17. The Motion, however, does not speak to their "estimation" being lower than the ultimate allowed amount of any claim. If, as Equity believes, the "estimation" is too low, it will lose a portion of its distribution in the case.[2]

19.     Further, the procedures devised by the Debtors if their "estimation" is too high are grossly unfair – the **Debtors** will have, in their **sole discretion**, the ability to reduce the amount of Discount Rights available to Equity (which is fair) or require Equity to buyback the overage. *See generally*, Motion at ¶ 17. It seems that the Debtors reserve their rights to require a claimant to make a forced investment in a company in which they may have no interest in investing. Such certainly cannot be approved.

---

[2] This necessarily implicates the absolute priority rule and §1123(a)(4).

WHEREFORE, Equity respectfully requests that this Court enter an order:

A. Denying the relief requested in the Motion and

B. Granting such other relief as is equitable and just.

Dated: January 11, 2008

Respectfully submitted,

EQUITY CORPORATE HOUSING

By: */s/ John E. Jureller, Jr.*
    John E. Jureller, Jr. (JJ-4697)

Klestadt & Winters, LLP
292 Madison Avenue, 17th Floor
New York, NY 10017-6314
(212) 972-3000

and

WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000
Facsimile: (312) 201-2555
Jonathan W. Young
Jeffrey L. Gansberg