Hearing Date and Time: January 17, 2008 at 10:00 A.M.
Response Date and Time: January 11, 2008 at 4:00 P.M.

Elena Lazarou (EL-5681)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450

Attorneys for General Electric Capital Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                   :
    In re                                         :
                                                   :        Chapter 11
DELPHI CORPORATION, et al.,                        :
                                                   :        Case No. 05-44481 (RDD)
                  Debtors.                     :
                                                   :        (Jointly Administered)
                                                   :
                                                   :
-------------------------------------------------------x

**OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION TO
MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 (a) AND 502(c) ESTIMATING
OR PROVISIONALLY ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY
FOR PURPOSES OF ADMINISTRATION OF DISCOUNT RIGHTS OFFERING**

      General Electric Capital Corporation ("GE") hereby objects (the "Objection") to the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (the "Motion"), and respectfully represents as follows:

**BACKGROUND**

      1.    On or about October 8 and 14, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On or about July 31, 2006, GE filed five claims, Claim Numbers 15449, 15450, 15451, 15452, and 15453 (the "GE Claims"), against the Debtors pursuant to various master lease agreements and over 1100 related schedules (collectively, the "Leases").

3. The GE Claims were filed against various Delphi entities as a precaution in the event of, among other things, a rejection of the Leases, and were comprised of, among other things, pre-petition and post-petition amounts due or to be due under the Leases totaling $11,565,841.91.

4. On February 15, 2007, the Debtors filed their Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (the "Ninth Omnibus Claim Objection") objecting to the GE Claims.

5. On or about April 13, 2007, the Debtors and GE entered into a Joint Stipulation and Agreed Order (I) Compromising and Capping Proof of Claim Number 15452 and (II) Withdrawal Without Prejudice of Proofs of Claims Nos. 15449, 15450, 15451, and 15453 (General Electric Capital Corp.) and related Settlement Agreement (together, the "Joint Stipulation and Settlement"), whereby the parties agreed to, among other things, the withdrawal of GE's protective filings as to the lease rejection damages, without prejudice to file a claim upon rejection of the Leases, and capping the pre-petition amounts due under the Leases to $651,626.18 as Claim 15452. Copies of the Joint Stipulation and Settlement are attached hereto as Exhibit 1.

6. Rather than contact GE for further information (GE, in good faith, has been working with representatives of the Debtors on a monthly basis to reconcile amounts due and

owing to bring post-petition payments current), the Debtors filed the Twentieth Omnibus Claim Objection in a disingenuous effort to again expunge Claim 15452 -- asserting that Claim 15452 is not reflected in their books and records.

7.     On September 20, 2007, GE filed a Response to Debtors' Twentieth Omnibus Claim Objection (the "Second Claim Objection Response"). A copy of the Second Claim Objection Response is attached hereto as Exhibit 2. The Debtors have not yet scheduled a Claims Objection Hearing with Respect to Claim 15452.

8.     In the Motion, the Debtors seek to estimate Claim 15452 in the amount of $635,904.99 (the "Estimated Claim") for purposes of the Discount Rights Offering.[1]

9.     To date, the Debtors have not sought to reject GE's Leases by motion or otherwise.

**OBJECTION TO MOTION**

10.    In the first instance, the Estimated Claim does not reflect the damages that GE would be entitled to if the Leases were inevitably rejected. The Motion simply does not address how creditors with potential rejection damages can participate in the Discount Rights Offering. The Debtors may, pursuant to the proposed Plan, reject the Leases on or before the Confirmation Date and even as late as "five days after entry of a Final Order establishing a Cure amount in excess of that asserted by Debtors." See Plan, 8.1(a); 8.2(b). By that time, the opportunity to participate in the Discount Rights Offering may have expired and GE would be barred from participating in the offering -- and would essentially lose 22.7% of its unsecured claim.

11.    Overall, the Motion fails to provide for a mechanism whereby a creditor whose claims are ultimately allowed in an amount greater than the Debtors' estimated amount is able to

---

[1] Unless otherwise defined, capitalized terms shall have the meaning ascribed to them in the Motion and Plan.

– 3 –

participate in the Discount Rights Offering. Conversely, with respect to claims that are overestimated, the Motion unfairly requires claimants, at the Debtors discretion, to "remit payment to the Reorganized Debtors in an amount equal to the value of the Excess Discount Rights."

12. To the extent not inconsistent with this Objection, GE joins in the objections to the Motion of other creditors.

## WAIVER OF MEMORANDUM OF LAW

13. Pursuant to Rule 9013-1(b) of the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, GE respectfully requests that the Court waive the requirement of a memorandum of law in support of this Objection, because the legal points and authorities on which this Objection relies are incorporated herein. Accordingly, GE respectfully requests that the Court find that Local Rule 9013-1(b) is satisfied.

14. GE reserves the right to amend or supplement this Objection to the extent made necessary by the response of any party, or as may be requested by the Court.

WHEREFORE, GE respectfully requests that this Court deny the relief requested in the Motion consistent with this Objection, and grant GE such other and further relief as this Court deems just and proper.

– 5 –

Dated: January 11, 2008

                Respectfully submitted,

                REED SMITH LLP

                /s/ Elena Lazarou

                Elena Lazarou (EL-5681)
                REED SMITH LLP
                599 Lexington Avenue
                New York, New York 10022
                Telephone: 212.521.5400
                Facsimile: 212.521.5450

                ATTORNEYS FOR GENERAL ELECTRIC CAPITAL CORPORATION