Lawrence P. Gottesman (LG-7061)                    **HEARING DATE: February 20, 2008**
Michelle K. McMahon (MM-8130)                      **HEARING TIME: 10:00 a.m.**
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY  10104
Tel (212) 541-2000
Fax (212) 541-4630
lawrence.gottesman@bryancave.com
michelle.mcmahon@bryancave.com

Attorneys for United Telephone Company of Ohio

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | X | |
| In re: | : | |
| | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | |
| | : | Case No. 05-44481 (RDD) |
| Debtors. | : | Jointly Administered |
| | X | |

### SUPPLEMENTAL RESPONSE OF UNITED TELEPHONE COMPANY OF OHIO TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

United Telephone Company of Ohio ("United"), for its supplemental response to the

Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P.

3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C)

Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claims, and (E) Claims

Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting

Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims

Subject to Modification dated August 24, 2007 (the "Objection"), respectfully shows the Court

as follows:

## Background

1.      United is an affiliate of Embarq Corporation and does business under the name "Embarq."  During the period of time relevant to the Proof of Claim (defined below), however, United was an affiliate of Sprint Corporation and did business under the name "Sprint."

2.      United provided telecommunications services to the Debtors prior to October 8, 2005 (the "Petition Date"), and continued to provide similar services to the Debtors thereafter.

3.      United filed a timely proof of claim against Delphi Corporation on May 22, 2006, which was assigned claim no. 6407 (the "Proof of Claim").[1]  The Proof of Claim asserts an unsecured non-priority claim in the amount of $289,254.87 (the "Claim").  Attached to the Proof of Claim is an account summary that indicates the eleven account numbers pursuant to which United provided services to the Debtors and the balance of each account as of the Petition Date.

4.      In the Objection, the Debtors argue that the Claim is a "Claim Subject To Modification" because (a) it should have been filed against Delphi Automotive Systems LLC in case no. 05-44640, and (b) it is overstated and should be reduced to $119,526.48.

5.      On September 20, 2007, United timely filed its Response of United Telephone Company of Ohio to the Debtors' Twentieth Omnibus Objection to Claims (the "Response").  In its Response, United conceded that the Claim should be against Delphi Automotive Systems LLC, but opposed any reduction in amount of the Claim as set forth therein.  United incorporates by reference its Response, including all Exhibits, as if fully set forth herein.

6.      On December 5, 2007, the Debtors filed a notice of hearing with respect to the Objection setting February 7, 2008 as the date the Objection would be heard by this Court.  The hearing on the Objection was thereafter continued to February 20, 2008.

---

[1] Two other proofs of claim filed by United have been disallowed as duplicates.

2

7.     On December 12, 2007, the Debtors filed their Debtors' Statement of Disputed Issues (the "Statement"). In the Statement, the Debtors assert that (i) their accounts payable records indicate that $176,523.65 was paid and the Claim should be reduced by this amount; (ii) $4,366.85 of the Claim reflects charges for service after the Debtors closed the account and the Claim should be reduced by this amount; and (iii) the Debtors' books and records indicate that the Debtors owe United $11,162.11 and the Claim should be increased by this amount.

8.     The Debtors and United have been and are continuing to informally exchange information regarding the Claim and discuss the disputed issues. Based on such information and discussions, as of the date of this Supplemental Response, the Debtors and United have agreed that: (i) the Claim should be reduced by $4,366.85; (ii) the Claim should be increased by $11,162.11; and (iii) $106,214.60 of the alleged payment of $176,523.65 was not made on account of pre-petition charges and should not reduce the Claim. The Debtors' alleged payment of $70,309.05 and request that the Claim be reduced by this amount remains in dispute. The parties' discussions are ongoing, and by agreement of the Debtors, United will submit its affidavits and documents in support of its Claim at a later date to be agreed upon by the parties.

## Claim Amount

9.     To the extent that the Objection seeks to reduce the amount of the Claim by $70,309.05, it should be overruled, for the following reasons.

10.    First, the Debtors have failed to overcome the prima facie validity of the Claim. For the reasons explained in the Response, the Objection should be overruled because of the Debtors' failure to meet their burden of going forward with evidence. Although the Statement was submitted after United's Response, the Statement does not provide any evidentiary support for the requested reduction in the amount of the Claim. In the Statement, the Debtors assert that

3

according to their "various accounts payable records" a partial payment of $176,523.65 was made on invoices comprising the Claim.[2]  The Debtors do not identify which invoices were allegedly paid.  No records or sworn statements demonstrating that the alleged payment was made in the amount alleged to be applied to pre-petition charges are attached in support of the Statement.

11.    Second, the Objection is unfounded on the merits.  Despite subsequent conversations with the Debtors regarding the alleged $70,309.05 payment, United does not have any evidence of this alleged payment.  United's records do not show that payment(s) in the amount of $70,309.05 was made on account of the invoices for pre-petition services comprising the Claim, as will be illustrated by supporting affidavits and documents to be filed.  Additionally, since the Debtors have not attached to the Statement the accounts payable records upon which they rely, United is unable to respond specifically to any purported discrepancies in the parties' books and records.

12.    Third, United has demonstrated the validity of its Claim.  The Declaration of Sharon K. Appel, attached to the Response as Exhibit A and incorporated herein, demonstrates that the Claim represents valid debts owed to United by the Debtors for pre-petition telecommunications services.[3]  As agreed with the Debtors, United will submit additional affidavits and documents supporting its Claim at a later date to be agreed upon by the parties.

---

[2] Of the alleged payment of $176,523.65, only $70,309.05 remains in dispute; the Debtors have conceded that $106,214.60 was not paid on account of pre-petition charges and should not reduce the amount of the Claim.

[3] To the extent that the parties' dispute centers on whether certain services or payment occurred pre-petition or post-petition, United respectfully submits that the issue is irrelevant in light of the Debtors' pending plan of reorganization that would pay pre-petition claims in full. United has provided $296,050.13 in services, and is entitled to be paid, whether as an administrative creditor or a pre-petition creditor.

4

## **Conclusion**

13.     For the foregoing reasons, the Objection should be overruled to the extent that it

seeks a reduction in the amount of the Proof of Claim by $70,309.05, and with the agreed

adjustments set forth in paragraph 8 above, United should be allowed a general unsecured claim

in the amount of $296,050.13 against Debtor Delphi Automotive Systems LLC.


Dated: New York, New York                    Respectfully submitted
        January 11, 2008                     BRYAN CAVE LLP


                                              /s/ Michelle McMahon
                                             Lawrence P. Gottesman (LG-7061)
                                             Michelle K. McMahon (MM-8130)
                                             1290 Avenue of the Americas
                                             New York, NY  10104
                                             Tel (212) 541-2000
                                             Fax (212) 541-4630
                                             lawrence.gottesman@bryancave.com
                                             michelle.mcmahon@bryancave.com

                                             Attorneys for United Telephone Company of Ohio

C055471/0213606/1463930.4

## CERTIFICATE OF SERVICE

I, Michelle McMahon, hereby certify that on January 11, 2008 a true and correct copy of the foregoing Supplemental Response of United Telephone Company of Ohio to Debtors' Twentieth Omnibus Objection to Claims was served on the parties on the following parties by First Class U.S. Mail.

Delphi Corporation
5725 Delphi Drive
Troy, Michigan  48098
Attn. General Counsel

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Tracy Hope Davis, Esq.
Alicia M. Leonhard, Esq.

Togut, Segal & Segal LLP
Tally M. Wiener
One Penn Plaza
New York, New York 10119

       /s/ Michelle McMahon
Michelle McMahon (MM-8130)

C055471/0213606/1463930.4