Hearing Date: January 17, 2008, 10:00 a.m.

KLESTADT & WINTERS, LLP
Sean C. Southard (SS-2825)
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 972-3000

Special Conflicts Counsel for Davidson Kempner
Capital Management LLC; Elliott Associates, L.P.;
Nomura Corporate Research & Asset Management, Inc.;
Northeast Investors Trust; and Whitebox Advisors, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:                                       :    Chapter 11
                                             :
DELPHI CORPORATION, et al.,                  :    Case No. 05-44481 (RDD)
                                             :
                    Debtors.                 :    (Jointly Administered)
-----------------------------------------------------------------x

**OBJECTION OF DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC;
ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH & ASSET
MANAGEMENT, INC.; NORTHEAST INVESTORS TRUST; AND
WHITEBOX ADVISORS, LLC TO MOTION OF BANK OF AMERICA, N.A.
FOR ENTRY OF ORDER TEMPORARILY ALLOWING CLAIMS
FOR VOTING ON PLAN PURSUANT TO FED. R. BANKR. P. 3018(a)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura

Corporate Research & Asset Management, Inc.; Northeast Investors Trust; and Whitebox

Advisors, LLC or any respective affiliates thereof or funds and accounts directly managed by

each of the foregoing (each, a "Creditor"), each in their individual capacity as a creditor of

Delphi Corporation (together with certain of its debtor affiliates and subsidiaries, collectively the

"Debtors"), by and through their special conflicts counsel, hereby file this objection to the

Motion of Bank of America, N.A. for Entry of Order Temporarily Allowing Claims for Voting

on Plan Pursuant to Fed. R. Bankr. P. 3018(a) [Docket No. 9683] (the "Motion"), and

respectfully state as follows:

## OBJECTION

1.      The Motion seeks (a) an order allowing Bank of America, N.A. ("Bank of

America") to file a provisional ballot for the full amount of certain claims filed on account of

obligations under two aircraft leases (the "Aircraft Leases") in the aggregate amount of

$38,127,592.68 (the "Lease Claims") and (b) in the event the Debtors decide to reject the

Aircraft Leases, temporary allowance of the Lease Claims in their full amount for the purpose of

voting on the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain

Affiliates, Debtors and Debtors-in-Possession (the "Plan").  Each of the Creditors objects to the

Motion to the extent it seeks allowance of the Lease Claims for voting purposes in Class 1C

General Unsecured Claims of yet more claims that are not substantially similar (as required by

section 1122 of the Bankruptcy Code) to the Senior Note claims which are also classified in

Class 1C.

2

2.      First, it is not clear that the Lease Claims should be entitled to vote at all, even in the amount of $1.00.  As of the date of the Motion, Delphi Automotive Systems Human Resources, LLC ("Delphi HR"), the Debtor-lessee under the Aircraft Leases, had neither assumed nor rejected the Aircraft Leases.  Motion at ¶ 44.  In addition, the Debtors and Bank of America entered into a Joint Stipulation and Agreed Order to Withdraw without Prejudice [sic] of Proofs of Claim 11317, 11470, and 11457 (Bank of America, N.A.), which was approved by the Court on September 7, 2007 [Docket No. 9278], and which provided for the withdrawal of the proofs of claim related to the Lease Claims pending the Debtors decision to assume or reject the Aircraft Leases.  If a chapter 11 debtor neither assumes nor rejects a lease under Section 365 of the Bankruptcy Code, "the lease continues in effect and the [counterparty to the lease has] no provable claim against the bankruptcy estate."  Phoenix Mutual Life Insurance Co. v. Greystone III Joint Venture (In re Greystone III Joint Venture), 995 F.2d 1274, 1281 (5th Cir. 1991).  Thus, Bank of America has no right under the Bankruptcy Code to vote on the Plan at this time.

3.      Moreover, the Aircraft Leases do not fit any of the categories of contracts listed in Exhibit 8.1(a) of the Plan, entitled "Executory Contracts And Unexpired Leases To Be Rejected."[1]  In addition, the Aircraft Leases do not currently meet the criteria for rejection of leases as explained the First Amended Disclosure Statement with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-

---

[1]    Exihibit 8.1(a) lists three categories of contracts to be rejected under Section 365: (1) All agreements between the Debtors and any person entered into prior to the Petition Date that provide for the payment of money or other benefits upon or following a change in control event, including, without limitation, all change in control agreements; (2) All employment agreements between the Debtors and any current or former salaried employee entered into prior to the Petition Date; and (3) All agreements providing for the payment of SERP benefits, which agreements and/or benefits were agreed to between the Debtors and any person prior to the Petition Date.

Possession (the "Disclosure Statement").[2]  Barring the occurrence one of the events described in

Section IX.G.1 of the Disclosure Statement, the Aircraft Leases will be expressly assumed on the

Effective Date of the Plan.  Claims on account of executory contracts and unexpired leases

assumed under a plan are not entitled to vote.  See In re Greystone III, 995 F.2d at 1281 (where

debtor expressly assumes a lease, lessee has no claim under Section 1126 and is not entitled to

vote on a plan); see also Boston Post Road L.P. v. Federal Deposit Insurance Corp. (In re Boston

Post Road L.P.), 21 F.3d 477, 484 (2d Cir. 1994) (citing Greystone III for same proposition).

Thus, there is no reason that Bank of America should be entitled to vote the Lease Claims to

accept or reject the Plan.  Thus, any vote cast by Bank of America should be stricken.

4.    Second, even if Bank of America were properly entitled to vote on the Plan, to the

extent Bank of America has any valid claims at all, under the Plan, they would either be cure

claims, administrative expense claims, priority claims, secured claims, or claims that would ride

through the bankruptcy cases.  Accordingly, to the extent Bank of America is entitled to vote at

all, it should not be entitled to vote the Lease Claims as General Unsecured Claims, and certainly

not together in a single class with the Senior Notes in Class 1C.

---

[2]    Section IX.G.1 of the Disclosure Statement provides:

All executory contracts and unexpired leases as to which any of the Debtors is a party
will be deemed automatically assumed in accordance with the provisions and requirements of
sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such executory
contracts or unexpired leases (i) will have been previously rejected by the Debtors by Final
Order of the Bankruptcy Court, (ii) will be the subject of a motion to reject pending on or
before the Effective Date, (iii) will have expired or terminated on or prior to December 31,
2007 (and not otherwise extended) pursuant to their own terms, (iv) are listed on the schedule
of rejected executory contracts or unexpired leases attached to the Plan as Exhibit 8.1, or (v)
are otherwise rejected pursuant to the terms of the Plan. Entry of the Confirmation Order by
the Bankruptcy Court will constitute approval of the rejections and assumptions contemplated
hereby pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

WHEREFORE, based on the foregoing, the Creditors respectfully request that the Court

deny the relief sought in the Motion, and grant such other and further relief as this Court deems

just and proper.

Dated: New York, New York
        January 11, 2008

                                KLESTADT & WINTERS, LLP

                                By:   /s/Sean C. Southard
                                      Sean C. Southard (SS-2825)
                                292 Madison Avenue, 17th Floor
                                New York, New York 10017
                                Telephone (212) 972-3000

                                Special Conflicts Counsel for Davidson Kempner
                                Capital Management LLC; Elliott Associates, L.P.;
                                Nomura Corporate Research & Asset Management,
                                Inc.; Northeast Investors Trust; and Whitebox
                                Advisors, LLC