UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
      In re                       :     Chapter 11
:
DELPHI CORPORATION, <u>et al.</u>,     :     Case No. 05-44481 (RDD)
:
              Debtors.    :     (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER GRANTING EXPEDITED MOTION TO PERMIT OPPORTUNITY
FOR STATUTORY COMMITTEE MEMBERS
<u>TO PARTICIPATE IN EXIT FINANCING SYNDICATION</u>

("EXIT FINANCING PARTICIPATION ORDER")

         Upon the expedited motion, dated December 28, 2007 (the "Motion"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") to permit the

opportunity for Statutory Committee[1] members to participate in exit financing syndication; and

an objection to the Motion having been filed by the Office of the United States Trustee; and upon

the record of the hearing held on the Motion on January 10, 2007 (the "Hearing"); and this Court

having determined that the relief requested in the Motion as granted herein is in the best interests

of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor

for the reasons stated by the Court on the record of the Hearing, it is hereby

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings set forth in the Exit Financing
Participation Motion.

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED to the extent provided herein.

2.      Based upon the facts and circumstances set forth in the Motion and at the Hearing, any member of the Statutory Committees may participate in any syndicate of lenders assembled to provide exit financing facilities for the Debtors' emergence from chapter 11; provided, however, that (a) any such Statutory Committee member, in advance of its participation, makes written disclosure of such potential participation to the Debtors, counsel to each of the Statutory Committees, and the United States Trustee, (b) any such Statutory Committee member (i) shall be screened on an ongoing basis from any information relating to the Debtors' or the Statutory Committees' strategy regarding, and any deliberations by the applicable Statutory Committee in any respect thereon, the exit financing and (ii) shall not discuss or share any information with his or her institution, or any lender or other party involved in the exit financing, related to the Debtors' or Statutory Committees' strategy regarding the exit financing, (c) neither such Statutory Committee members nor their respective institutions shall engage in any direct negotiations with the Debtors or the Statutory Committees on the exit financing, and (d) nothing in this Order shall relieve any member of the Statutory Committees from its obligations under any applicable securities laws.

3.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

4.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      January 11, 2008

_____/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE