UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :
       In re                     :      Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :      Case No. 05-44481 (RDD)
                                           :
           Debtors.          :      (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS AND (B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES

### ("CLAIMS ESTIMATION ORDER")

        Upon the motion, dated September 7, 2007 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order Pursuant To 11 U.S.C. §§ 105(a) and 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent And Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,



IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Each Unliquidated Claim listed on Exhibit A hereto is hereby estimated and set at a maximum cap amount, solely for the purposes of tabulating votes on and setting appropriate reserves under any plan of reorganization of the Debtors, in the proposed amount as indicated for that claim on Exhibit A hereto.

3.    Nothing in this order is intended to, nor shall this order modify, impair, or affect any rights of the Debtors to object to, or seek to estimate, any and all Unliquidated Claims at lesser amounts for purposes of allowance and distribution.

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4.    The Debtors are hereby authorized to utilize the procedures, as described herein, to estimate and set a maximum capped amount for the Unliquidated Claims listed on Exhibit B hereto.

5.    This Court shall conduct special periodic hearings on contested claims matters in these cases (each an "Estimation Hearing"), on the dates and times designated in the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objection entered December 6, 2006 (Docket No. 6089) (the "Claim Objection Procedures Order").

6.    The Estimation Hearings shall be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by this Court.

7.    Only those objections and Counterproposals made in writing and timely filed and received shall be considered by this Court.

8.    To the extent that a Counterproposal and an objection was filed with respect to any claim listed on Exhibit A to the Motion (each, a "Contested Unliquidated Claim"), each such Contested Unliquidated Claim and the Motion shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

9.    Any order entered by this Court with respect to the Motion shall be deemed a separate order with respect to each claim covered by such order.

10.    The following procedures shall apply with respect to the determination of Contested Unliquidated Claims (the "Claims Estimation Procedures"):

(a)    <u>Acceptance of Counterproposal</u>.    The Debtors are hereby authorized, in their sole discretion, to elect to (a) provisionally accept the Claimant's Counterproposal (or a lesser agreed upon amount) as the Maximum Capped Amount for the Contested Unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, for the purposes of tabulating votes on and setting appropriate reserves under the Plan, subject to further objection and reduction as appropriate, or (b) reject the Counterproposal and seek to estimate, for the purposes of tabulating votes on and setting appropriate reserves under the Plan, the Contested Unliquidated Claim at a subsequent hearing date.    The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Estimated Amount in the form attached hereto as <u>Exhibit C</u>.    The Contested Unliquidated Claim shall otherwise remain subject in all respects to the Claims Estimation Procedures outlined herein. The Debtors may send such notice to each Claimant when they deem it appropriate to do so, subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

(b)    <u>Adjournment Of Estimation Hearing</u>.

(i)    Each Contested Unliquidated Claim for which a timely objection and Counterproposal is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in their sole discretion, by serving the Claimant by facsimile or overnight delivery with a notice substantially in the form attached hereto as <u>Exhibit D</u> (a "Notice Of Estimation Hearing") and a copy of this Order at least 20 calendar days prior to the date of such Hearing.

(ii)    The Debtors, in their sole discretion, are hereby authorized to further adjourn an Estimation Hearing scheduled in accordance herewith at any time by providing notice to this Court and the Claimant at least five business days prior to the date of the scheduled hearing, unless otherwise ordered by this Court.

(c)    <u>Estimation Hearing Procedures</u>.

(i)    To the extent that a Contested Unliquidated Claim is adjourned to a Estimation Hearing, the Debtors and the Claimant shall file and serve a supplemental pleading (a "Summary Brief") no later than ten calendar days before the scheduled Estimation Hearing. The Summary Brief shall not exceed 15 single-sided, double-spaced pages.

(ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Summary Brief (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Summary Brief; <u>provided</u> <u>further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Unliquidated Claim.    The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Summary Brief, as appropriate.

(iii)    The Summary Brief may include affidavits or declarations from no more than two witnesses setting forth the proposed maximum capped amount of the Contested

4

Unliquidated Claim and evidence supporting the Contested Unliquidated Claim; provided, however, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason the Claimant did not file an affidavit or declaration of such person. If an affiant or declarant does not attend the Estimation Hearing, such affiant or declarant's affidavit or declaration shall be stricken. The Claimant shall not be permitted to elicit any direct testimony at the Estimation Hearing; instead, the affidavit or declaration submitted at the Estimation Hearing, or such witnesses' deposition transcript if the witnesses was not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross-examine the witnesses at the Estimation Hearing, or counter-designate deposition testimony. No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

        (iv)     No later than three calendar days prior to commencement of the Estimation Hearing, if the Claimant and/or the Debtors timely filed a Summary Brief, the Claimant and/or the Debtors may file and serve a responsive brief ("Responsive Brief"), not to exceed eight single-sided, double-spaced pages, and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Summary Brief and the witnesses' prior affidavits or declarations.

        (d)     Estimation Hearing Record. The evidentiary and legal record shall be confined to the material included in the Summary Briefs, the Responsive Briefs, declarations and affidavits, and arguments presented at the Estimation Hearing. With respect to testimony by declarants, direct testimony may be heard only through declarations, witnesses may be subject to cross-examination, and the party offering the testimony may conduct a re-direct examination of its witness.

        (e)     Conduct Of The Claims Objection Hearing. The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 10(f) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to this Court at the Estimation Hearing. The parties shall coordinate with each other in advance of the hearing with respect to anticipated disputes regarding the admission of particular evidence.

        (f)     Ability To Modify Procedures By Order Of Court. Upon a showing of good cause by either party, this Court may allow or require additions to the record or any of the aforementioned procedures or guidelines as it deems necessary or appropriate.

        11.     The procedures approved herein shall not apply to proof of claim number 10157 ("Claim 10157") filed by Gary Whitney; provided, however, that Claim 10157 shall in no event be allowed in an amount greater than $1,000,000.00 for any purpose, including distribution, voting, and setting appropriate reserves under any proposed plan of reorganization of the Debtors. The Claim Objection Procedures Order shall continue to apply to Claim 10157.

12.    The procedures approved herein shall not apply to proof of claim number 15378 ("Claim 15378") filed by Texas Instruments Incorporated; provided, however, that Claim 15378 shall in no event be allowed in an amount greater than $996,729.62 for any purpose, including distribution, voting, and setting appropriate reserves under any plan of reorganization of the Debtors.  The Claim Objection Procedures Order shall continue to apply to Claim 15378.

13.    The procedures approved herein shall not apply to proof of claim number 14245 ("Claim 14245") filed by Lightsource Parent Corporation; provided, however, that Claim 14245 shall in no event be allowed in an amount greater than $6,001,722.00 for any purpose, including distribution, voting, and setting appropriate reserves under any plan of reorganization of the Debtors.  The Claim Objection Procedures Order shall continue to apply to Claim 14245.

14.    Nothing in this order shall prejudice the rights of Takata Corporation ("Takata"), TK Holdings, Inc. ("TK Holdings"), and TK Holdings, Inc. Automotive Systems Laboratory Inc And Takata Seat Belts Inc. ("TK Automotive") to file a proof of claim for rejection damages pursuant to the Order Under 11 U.S.C. 107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the Debtors reject one or more executory contracts between the Debtors and Takata, TK Holdings, or TK Automotive; and further, nothing in this Order shall prejudice the allowance or estimation of such Rejection Damage Claim in subsequent proceedings before this Court or the payment of such Rejection Damage Claim pursuant to any confirmed plan of reorganization.

15.    Nothing in this order shall prejudice the rights of ARC Automotive, Inc. ("ARC") and Johnson Control Inc. and its affiliates (collectively, "JCI") to (i) assert a cure claim

("Cure"), pursuant to section 365(b) of the Bankruptcy Code, in the event that the Debtors

assume one or more executory contracts between the Debtors and ARC or JCI or (ii) file a proof

of claim for rejection damages ("Rejection Damages") pursuant to the Order Under 11 U.S.C.

107(b), 501, 502 And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)

Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice

Thereof (Docket No. 3206), entered by this Court on April 12, 2005, in the event that the

Debtors reject one or more executory contracts between the Debtors and ARC or JCI; provided,

however, that nothing in this order shall prejudice the Debtors' rights to object to such Cure and

Rejection Damages claims.

16.    The procedures approved herein shall not apply to proof of claim numbers

12176 and 12177 filed by Comerica Leasing Corporation ("Comerica").  Proof of claim number

12177 against Debtor Delphi Automotive Systems LLC is estimated at $3,464,557.00.  Proof of

claim number 12176 against Delphi Corporation is expunged as duplicative (provided, however,

that the Debtors shall not seek to have proof of claim number 12177 disallowed and expunged

solely on the basis that it is asserted against the incorrect Debtor).  All of Comerica's, the

Debtors', and other parties-in-interests' rights, remedies, defenses, and objections under the Lease,

Lease Documents, and Lease Assignment (each as defined in Comerica's objection to the Motion

(Docket No. 9476), including without limitation, Comerica's right to seek possession of the

subject equipment, Comerica's rights against General Motors Corporation as a guarantor under

the Lease, the right to seek to enforce the arbitration provisions contained in the Lease

Documents, and the right to seek payment of an administrative expense claim, and the rights of

the Debtors, and other parties-in-interests to contest the same, are reserved, and nothing in this

Order constitutes or should be construed to waive those or any other rights.

17.    With respect to proofs of claim numbers 10100 and 10111 (together, the

"Cadence Prepetition Claims") of Cadence Innovation LLC ("Cadence"), "good cause" exists

under paragraph 10(f) of this Order to vary from the procedures or guidelines set forth in

paragraph 10 of this Order.

    (a)    Accordingly, the Debtors and Cadence shall negotiate in good faith appropriate estimation procedures, if necessary, to estimate the Cadence Prepetition Claims on or before December 6, 2007.  If the parties are unable to consensually agree on procedures, either party, upon seven calendar days' written notice, may request that this Court order appropriate procedures on an expedited basis.

    (b)    Any estimation order entered pursuant to this Order will not have any binding effect on any claim arising from and after the Petition Date that is entitled to administrative priority or any post-emergence claim.

    (c)    In the event that Cadence seeks mandatory withdrawal of the reference to the United States District Court for the Southern District of New York to estimate the Cadence Prepetition Claims, it must file a motion in the District Court requesting the same on or before October 8, 2007 or waive such right.  In such event, the Debtors reserve all objections and/or arguments to such requested withdrawal.

    (d)    The parties shall negotiate a stipulation that will provide, for administrative convenience only, and without in any way prejudicing Cadence's right to re-assert any claim it may have against an appropriate Debtor subject to the Debtors' ability to contest the same on substantive grounds, a single consolidated claim against either Delphi Corporation or Delphi Automotive Systems LLC.

18.    With respect to the proofs of claim numbers 14943, 14944, 14945, 14946,

14947, 14948, 14949, 14950, 14951, 14952, 14953, 14954, 14955, 14956, 14957, 14958, 14959,

14960, 14961, 14962, 15151, 15152, 15153, 15154, 15155, 15156, 15157, 15158, 15159, 15160,

15161, 15162, 15163, 15164, 15165, 15166, 15167, 15168, 15169, 15170, 15172, 15381, 15382,

15383, 15384, 15385, 15386, 15387, 15388, 15389, 15390, 15391, 15392, 15393, 15394, 15395,

15396, 15397, 15398, 15399, 15400, 15401, 15402, 15403, 15404, 15405, 15406, 15407, 15408,

15409, 15410, 15411, 15412, 15413, 15414, 15415, 15416, 15417, 15418, 15419, 15420, 15421,

and 15422 (collectively, the "TPL Claims") filed by Technology Properties, Ltd. ("TPL"):

    (a)    Entry of this Order will not prejudice, or effect a waiver, of TPL's argument that "good cause" exists under paragraph 10(f) of this Order to vary from the procedures and/or guidelines.

    (b)    If the Debtors notice the TPL Claims for an estimation hearing, the parties will negotiate in good faith whether "good cause" exists under paragraph 10(f) of this Order to vary from the procedures and/or guidelines in order to adjudicate TPL's claims on or before November 8, 2007.  If the parties are unable to consensually agree on procedures, either party, upon three calendar days' written notice, may request that this Court to order appropriate procedures on an expedited basis.

    (c)    Any estimation order entered pursuant to the estimation procedures order will not have any binding effect on any claim arising from and after the Petition Date that is entitled to administrative priority or any post-emergence claim.

    (d)    Solely with respect to TPL, nothing in this Order shall prejudice TPL's right to object to any plan of reorganization and any provision therein relating to distribution reserves; provided, however, TPL acknowledges that any due process challenges to setting a specific estimate for such distribution reserve account may not be raised in such objection and shall be fully addressed in this Order or any hearing conducted by this Court pursuant to paragraph 10(f) herein.

    19.    The procedures approved herein shall not apply to proof of claim number

11660 ("Claim 11660") filed by Bank of America, N.A. ("Bank of America"); provided, however,

that Claim 11660 shall in no event be allowed in an amount greater than $10,605,213.61 (the

"Claim 11660 Cap") for any purpose, including distribution, voting, and setting appropriate

reserves under the Debtors' proposed plan of reorganization; provided, further, however, that the

Claim 11660 Cap shall be without prejudice to Bank of America's right to postpetition interest

under any plan of reorganization of the Debtors.  The Claim Objection Procedures Order shall

continue to apply to Claim 11660.

20.    Nothing in this order shall preclude any right to seek further estimation of

a claim under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic

stay under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right

to seek protection of information under section 107(b) of the Bankruptcy Code, or any right not

specifically addressed in this Order.

21.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

22.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       September 28, 2007


        /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

In re Delphi Corporation, et al.

Case No. 05-44481 (RDD)

**EXHIBIT A - CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| 2088343 ONTARIO LIMITED 2125 WYECROFT RD OAKVILLE, ON L6L 5L7 CANADA | 4769 | UNL | 05/04/2006 | $297,095.72 |
| ALLIANCE PRECISION PLASTICS CO HANCOCK & ESTABROOK LLP AS ATTYS FOR ALLIANCE PRECISION PLASTICS 1500 TOWER I PO BOX 4976 SYRACUSE, NY 13221-4976 | 11574 | $37,451.44 | 07/27/2006 | $37,451.00 |
| ARC AUTOMOTIVE INC 1729 MIDPARK RD KNOXVILLE, TN 37921 | 9151 | $1,073,139.28 | 07/10/2006 | $925,476.40 |
| AUTOMODULAR ASSEMBLIES INC MCCARTER & ENGLISH LLP 245 PARK AVE 27TH FL NEW YORK, NY 10167 | 15018 | $549,277.73 | 07/31/2006 | $549,277.73 |
| BEAR STEARNS INVESTMENT PRODUCTS INC 383 MADISON AVE NEW YORK, NY 10179 | 1703 | $59,962.24 | 01/30/2006 | $59,962.24 |
| BYRON G HURST E S GALLON & ASSOCIATES 40 WEST 4TH ST STE 2200 DAYTON, OH 45402 | 2285 | UNL | 03/14/2006 | $10,000.00 |
| CARLISLE ENGINEERED PRODUCTS INC CARLISLE COMPANIES INCORPORATED 250 S CLINTON ST STE 201 SYRACUSE, NY 13202 | 11910 | $4,868,870.27 | 07/28/2006 | $4,868,870.27 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

## EXHIBIT A -  CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| CELESTICA INC AND ITS SUBSIDIARIES KAYE SCHOLER LLP 425 PARK AVE NEW YORK, NY 10022 | 12813 | $1,799,626.39 | 07/28/2006 | $1,799,626.39 |
| CINGULAR WIRELESS PO BOX 309 PORTLAND, OR 97207-0309 | 5087 | $31,423.21 | 05/08/2006 | $31,423.21 |
| CONTRARIAN FUNDS LLC 411 W PUTNAM AVE STE 225 GREENWICH, CT 06830 | 10123 | $322,860.53 | 07/21/2006 | $322,860.53 |
| GEORGIA SELF INSURERS GUARANTY TRUST FUND PO BOX 7159 ATLANTA, GA 30357-0159 | 4768 | UNL | 05/04/2006 | $0.00 |
| GOLDMAN SACHS CREDIT PARTNERS LP ATTN PEDRO RAMIREZ 30 HUDSON 17TH FL JERSEY CITY, NJ 07302 | 2127 | $2,115,405.67 | 02/27/2006 | $2,115,405.67 |
| GOLDMAN SACHS CREDIT PARTNERS LP C O GOLDMAN SACHS & CO 30 HUDSON 17TH FL JERSEY CITY, NJ 07302 | 14144 | UNL | 07/31/2006 | $887.24 |
| GOLDMAN SACHS CREDIT PARTNERS LP C O GOLDMAN SACHS & CO 30 HUDSON 17TH FL JERSEY CITY, NJ 07302 | 14145 | UNL | 07/31/2006 | $9,359.53 |
| GRUNER AG BURGLESTRASSE 15 17 WEHINGEN, 78564 GERMANY | 831 | UNL | 11/23/2005 | $3,847.71 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT A -  CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| HAIN CAPITAL HOLDINGS LLC 301 RTE 17 6TH FL RUTHERFORD, NJ 07070 | 10180 | $1,670,436.79 | 07/21/2006 | $1,670,436.79 |
| HERAEUS INC CIRCUIT MATERIALS DIVISION AKA HERAEUS CERMALLOY INC AND HERAEUS INC CERMALLOY DIVISION MCDERMOTT WILL & EMERY LLP 227 W MONROE ST CHICAGO, IL 60606-5096 | 10394 | $594,923.93 | 07/24/2006 | $594,923.93 |
| HERAEUS INC CIRCUIT MATERIALS DIVISION AKA HERAEUS CERMALLOY INC AND HERAEUS INC CERMALLOY DIVISION MCDERMOTT WILL & EMERY LLP 227 W MONROE ST CHICAGO, IL 60606-5096 | 10393 | $594,923.93 | 07/24/2006 | $0.00 |
| HEWLETT PACKARD COMPANY 2125 E KATELLA AVE STE 400 ANAHEIM, CA 92806 | 9352 | $4,948,005.65 | 07/11/2006 | $4,948,005.65 |
| HIGHLAND INDUSTRIES INC TUGGLE DUGGINS & MESCHAN PA PO BOX 2888 GREENSBORO, NC 27402 | 10966 | UNL | 07/26/2006 | $0.00 |
| HIGHLAND INDUSTRIES INC TUGGLE DUGGINS & MESCHAN PA PO BOX 2888 GREENSBORO, NC 27402 | 10967 | UNL | 07/26/2006 | $0.00 |
| JANE M DUFFY 44 SOUTHWOOD RD NEWINGTON, CT 06111-3154 | 3175 | UNL | 04/28/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.

Case No. 05-44481 (RDD)

## EXHIBIT A - CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| JOE G TEDDER TAX COLLECTOR<br>PO BOX 1189<br>BARTOW, FL 33830 | 1160 | $636.02 | 12/13/2005 | $636.02 |
| JOHN E BENZ & CO<br>C O DLA PIPER RUDNICK GRAY<br>CARY US LLP<br>1251 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10020-5283 | 14314 | UNL | 07/31/2006 | $87,701.00 |
| JOHN E BENZ & CO<br>DLA PIPER RUDNICK GRAY<br>CARY US LLP<br>1251 AVE OF THE AMERICAS<br>NEW YORK, NY 10020-5283 | 14297 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROL INC<br>BATTERY GROUP<br>SACHNOFF & WEAVER LTD<br>10 S WACKER DR STE 4000<br>CHICAGO, IL 60606 | 15526 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROLS BATTERY<br>GROUP INC<br>SACHNOFF & WEAVER LTD<br>10 S WACKER DR STE 4000<br>CHICAGO, IL 60606 | 15514 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROLS BATTERY<br>GROUP INC<br>SACHNOFF & WEAVER LTD<br>10 S WACKER DR STE 4000<br>CHICAGO, IL 60606 | 15515 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROLS BATTERY<br>GROUP INC<br>SACHNOFF & WEAVER LTD<br>10 S WACKER DR STE 4000<br>CHICAGO, IL 60606 | 15513 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROLS INC<br>BATTERY GROUP<br>SACHNOFF & WEAVER LTD<br>10 S WACKER DR STE 4000<br>CHICAGO, IL 60606 | 15525 | UNL | 07/31/2006 | $85,668.20 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT A -  CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| JOHNSON CONTROLS TECHNOLOGY COMPANY SACHNOFF & WEAVER LTD 10 S WACKER DR STE 4000 CHICAGO, IL 60606 | 15521 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROLS TECHNOLOGY COMPANY SACHNOFF & WEAVER LTD 10 S WACKER DR STE 4000 CHICAGO, IL 60606 | 15520 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROLS TECHNOLOGY COMPANY SACHNOFF & WEAVER LTD 10 S WACKER DR STE 4000 CHICAGO, IL 60606 | 15519 | UNL | 07/31/2006 | $0.00 |
| KEN BURTON JR CFC TAX COLLECTOR MANATEE COUNTY PO BOX 25300 BRADENTON, FL 34206-5300 | 1448 | $4,025.93 | 01/04/2006 | $4,025.93 |
| KEN BURTON JR CFC TAX COLLECTOR MANATEE COUNTY PO BOX 25300 BRADENTON, FL 34206-5300 | 1451 | $924.94 | 01/04/2006 | $924.94 |
| KEN BURTON JR CFC TAX COLLECTOR MANATEE COUNTY PO BOX 25300 BRADENTON, FL 34206-5300 | 1449 | $4,848.48 | 01/04/2006 | $4,848.48 |
| KEN BURTON JR CFC TAX COLLECTOR MANATEE COUNTY PO BOX 25300 BRADENTON, FL 34206-5300 | 1450 | $3,247.89 | 01/04/2006 | $3,247.89 |
| KYOCERA INDUSTRIAL CERAMICS CORP 345 PARK AVE 18TH FL NEW YORK, NY 10154 | 12530 | $312,610.00 | 07/28/2006 | $312,610.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT A -  CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| LASALLE NATIONAL BANK AS TRUSTEE 1300 WEST HIGGINS RD PARK RIDGE, IL 60068 | 11463 | $65,177.94 | 07/27/2006 | $65,178.00 |
| LASALLE NATIONAL TRUST NA C O NICOLSON PORTER AND LIST INC 1300 W HIGGINS RD PARK RIDGE, IL 60068 | 11464 | $65,177.94 | 07/27/2006 | $0.00 |
| LONGACRE MASTER FUND LTD 810 SEVENTH AVE 22ND FL NEW YORK, NY 10019 | 12166 | $177,730.00 | 07/28/2006 | $177,730.00 |
| MARICOPA COUNTY TREASURERS OFFICE HEBERT SCHENK PC 4742 N 24TH ST STE 100 PHOENIX, AZ 85016 | 16317 | $6,041.34 | 09/15/2006 | $0.00 |
| MG CORPORATION BARNES & THORNBURG LLP 11 S MERIDIAN ST INDIANAPOLIS, IN 46204 | 10911 | $16,520.43 | 07/26/2006 | $0.00 |
| OKI AMERICA INC 785 N MARY AVE SUNNYVALE, CA 94085 | 13743 | UNL | 07/31/2006 | $0.00 |
| OKI AMERICA INC 785 N MARY AVE SUNNYVALE, CA 94085 | 16318 | UNL | 09/14/2006 | $1,428,927.86 |
| PBR KNOXVILLE LLC 10215 CANEEL DR KNOXVILLE, TN 37931 | 15847 | UNL | 08/09/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

## EXHIBIT A - CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| PBR TENNESSEE INC<br>10215 CANEEL DR<br>KNOXVILLE, TN 37931 | 15883 | UNL | 08/09/2006 | $0.00 |
| RECTICEL INTERIORS NORTH AMERICA LLC FKA RECTICEL NORTH AMERICA INC<br>MCDERMOTT WILL & EMERY LLP<br>227 W MONROE ST<br>CHICAGO, IL 60606-5096 | 11027 | $744,823.79 | 07/26/2006 | $61,330.16 |
| RECTICEL INTERIORS NORTH AMERICA LLC FKA RECTICEL NORTH AMERICA INC<br>MCDERMOTT WILL & EMERY LLP<br>227 W MONROE ST<br>CHICAGO, IL 60606-5096 | 11026 | $1,605,444.08 | 07/26/2006 | $1,605,444.08 |
| RLI INSURANCE COMPANY<br>10 ESQUIRE RD STE 14<br>NEW CITY, NY 10956 | 2539 | $11,750,000.00 | 04/03/2006 | $0.00 |
| RLI INSURANCE COMPANY<br>10 ESQUIRE RD STE 14<br>NEW CITY, NY 10956 | 6668 | $2,000,000.00 | 05/23/2006 | $0.00 |
| TAKATA CORPORATION<br>TUGGLE DUGGINS & MESCHAN PA<br>PO BOX 2888<br>GREENSBORO, NC 27402 | 10965 | UNL | 07/26/2006 | $0.00 |
| TAKATA CORPORATION<br>TUGGLE DUGGINS & MESCHAN PA<br>PO BOX 2888<br>GREENSBORO, NC 27402 | 10968 | UNL | 07/26/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT A -  CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TAX COLLECTOR PINELLAS COUNTY<br>PO BOX 2943<br>CLEARWATER, FL 33757-2943 | 4527 | $44,542.68 | 05/02/2006 | $44,542.68 |
| TESA AG<br>JAMES J DECRISTOFARO ESQ<br>LOVELLS<br>590 MADISON AVE<br>NEW YORK, NY 10022 | 11681 | $2,227,147.77 | 07/27/2006 | $2,227,147.77 |
| TK HOLDINGS INC<br>TUGGLE DUGGINS & MESCHAN PA<br>PO BOX 2888<br>GREENSBORO, NC 27402 | 10964 | UNL | 07/26/2006 | $0.00 |
| TK HOLDINGS INC<br>AUTOMOTIVE SYSTEMS LABORATORY INC AND TAKATA SEAT BELTS INC<br>TUGGLE DUGGINS & MESCHAN PA<br>PO BOX 2888<br>GREENSBORO, NC 27402 | 10570 | UNL | 07/25/2006 | $0.00 |
| TK HOLDINGS INC<br>AUTOMOTIVE SYSTEMS LABORATORY INC AND TAKATA SEAT BELTS INC<br>TUGGLE DUGGINS & MESCHAN PA<br>PO BOX 2888<br>GREENSBORO, NC 27402 | 10571 | UNL | 07/25/2006 | $0.00 |
| UNIVERSAL TOOL AND ENGINEERING COMPANY INC<br>BARNES & THORNBURG LLP<br>11 S MERIDIAN ST<br>INDIANAPOLIS, IN 46204 | 2175 | $1,525,236.87 | 03/03/2006 | $1,016,065.83 |
| US AEROTEAM<br>ONE EDMUND ST<br>DAYTON, OH 45404 | 10756 | $2,236,266.00 | 07/25/2006 | $600,000.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT A -  CONTINGENT OR UNLIQUIDATED CLAIMS CAPPED AT A MAXIMUM AMOUNT**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| VERITAS SOFTWARE CORPORATION BIALSON BERGEN & SCHWAB 2600 EL CAMINO REAL STE 300 PALO ALTO, CA 94306 | 10913 | UNL | 07/26/2006 | $40,867.33 |
| VISTEON CORPORATION ONE VILLAGE DRIVE VAN BUREN TOWNSHIP, MI 48111 | 1850 | UNL | 02/06/2006 | $0.00 |
| VISTEON CORPORATION ONE VILLAGE DRIVE VAN BUREN TOWNSHIP, MI 48111 | 1854 | UNL | 02/06/2006 | $0.00 |
| WESTWOOD ASSOCIATES INC PO BOX 431 MILFORD, CT 06460 | 14918 | $66,399.42 | 07/31/2006 | $66,399.42 |
| WILLIE C PEAVEY 336 LEXINGTON AVE DAYTON, OH 45407-2044 | 16623 | UNL | 07/10/2007 | $0.00 |

Total:        **65**                        Total Maximum Capped Amont:      **$26,078,205.60**

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| AMERICAN INTERNATIONAL GROUP AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1386 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1376 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1380 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1375 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1383 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1377 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1382 | UNL | 12/29/2005 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1381 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1379 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1374 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1378 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1387 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1384 | UNL | 12/29/2005 | $0.00 |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1373 | UNL | 12/29/2005 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

## EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1385 | UNL | 12/29/2005 | $0.00 |
| CADENCE INNOVATION LLC SUCCESSOR IN INTEREST TO PATENT HOLDING COMPANY ALSTON & BIRD LLP 1201 W PEACHTREE ST ATLANTA, GA 30309-3424 | 10100 | $21,000,000.00 | 07/20/2006 | $0.00 |
| CADENCE INNOVATION LLC SUCCESSOR IN INTEREST TO PATENT HOLDING COMPANY ALSTON & BIRD LLP 1201 W PEACHTREE ST ATLANTA, GA 30309-3424 | 10111 | $21,000,000.00 | 07/20/2006 | $1,500,000.00 |
| CHERRY GMBH MCDERMOTT WILL & EMERY LLP 227 W MONROE ST CHICAGO, IL 60606-5096 HAIN CAPITAL HOLDINGS LLC 301 RTE 17 6TH FL RUTHERFORD, NJ 07070 | 10179 | $4,726,183.05 | 07/21/2006 | $1,138,162.48 |
| JOHNSON CONTROLS INC AUTOMOTIVE GROUP SACHNOFF & WEAVER LTD 10 S WACKER DR STE 4000 CHICAGO, IL 60606 | 15524 | UNL | 07/31/2006 | $0.00 |
| JOHNSON CONTROLS INC AUTOMOTIVE GROUP SACHNOFF & WEAVER LTD 10 S WACKER DR STE 4000 CHICAGO, IL 60606 | 15523 | UNL | 07/31/2006 | $1,305.00 |
| JOHNSON CONTROLS INC AUTOMOTIVE GROUP SACHNOFF & WEAVER LTD 10 S WACKER DR STE 4000 CHICAGO, IL 60606 | 15532 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| SECRETARY OF LABOR ON BEHALF OF THE DELPHI PERSONAL SAVINGS PLAN FOR HOURLY RATE EMPLOYEES IN THE UNITED STATES US DEPT OF LABOR OFFICE OF THE SOLICITOR 230 S DEARBORN ST 8TH FLOOR CHICAGO, IL 60604 | 15135 | UNL | 07/31/2006 | $0.00 |
| SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD TWO GREENWICH PLZ 1ST FL GREENWICH, CT 06830 | 11706 | $235,943.49 | 07/27/2006 | $235,943.49 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14961 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15395 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14955 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15383 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15386 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15154 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 14954 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15406 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 14957 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 14960 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15397 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15399 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15400 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15419 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14949 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15164 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15405 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15416 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14962 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15396 | UNL | 07/31/2006 | $100,000.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15409 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15158 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15167 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15156 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15159 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15170 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15415 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15393 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14947 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

EXHIBIT B - ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15381 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15390 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15421 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15155 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15166 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15385 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15407 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14944 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15160 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14950 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15402 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15403 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15404 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15410 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15162 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15172 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15153 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14956 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15394 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14953 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15392 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15411 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15412 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15413 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B - ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15418 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15157 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15168 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15161 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14945 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14952 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14951 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15389 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15398 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15417 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15420 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15422 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15165 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14943 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15169 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15384 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14946 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14958 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 14959 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15382 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15387 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15388 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15391 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 15401 | UNL | 07/31/2006 | $0.00 |

*UNL stands for unliquidated

In re Delphi Corporation, et al.

Case No. 05-44481 (RDD)

**EXHIBIT B - ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15408 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15414 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 14948 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15151 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15152 | UNL | 07/31/2006 | $0.00 |
| TECHNOLOGY PROPERTIES LTD<br>BINDER & MALTER LLP<br>2775 PARK AVE<br>SANTA CLARA, CA 95050 | 15163 | UNL | 07/31/2006 | $0.00 |
| THE TIMKEN COMPANY<br>1835 DUEBER AVE SW<br>PO BOX 6927<br>CANTON, OH 44706-0927 | 14319 | $5,239,434.98 | 07/31/2006 | $3,434,261.40 |
| U S CUSTOMS AND BORDER PROTECTION<br>6650 TELECOM DR<br>PO BOX 68911<br>INDIANAPOLIS, IN 46268 | 16127 | $82,643.04 | 08/09/2006 | $24,000.00 |

*UNL stands for unliquidated

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

EXHIBIT B -  ADJOURNED CONTINGENT OR UNLIQUIDATED CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | MAXIMUM CAPPED AMOUNT |
|---|---|---|---|---|
| UNIVERSAL TOOL AND ENGINEERING COMPANY INC BARNES & THORNBURG LLP 11 S MERIDIAN ST INDIANAPOLIS, IN 46204 | 6878 | $85,400.00 | 05/25/2006 | $85,400.00 |
| UNIVERSAL TOOL AND ENGINEERING COMPANY INC BARNES & THORNBURG LLP 11 S MERIDIAN ST INDIANAPOLIS, IN 46204 | 2174 | $234,500.00 | 03/03/2006 | $243,500.00 |
| US LABOR SECRETARY ON BEHALF OF ASEC MANUFACTURING SPONSORED EMPLOYEE BENEFIT PLANS USDOL 525 S GRIFFIN ST STE 501 DALLAS, TX 75202 | 9826 | UNL | 07/18/2006 | $0.00 |

Total:    **111**    Total Maximum Capped Amont:    **$6,762,572.37**

*UNL stands for unliquidated

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

|                                   |     |                             |
|-----------------------------------|-----|-----------------------------|
| In re                             | :   | Chapter 11                  |
|                                   | :   |                             |
| DELPHI CORPORATION, et al.,       | :   | Case No. 05-44481 (RDD)     |
|                                   | :   |                             |
|                         Debtors.  | :   | (Jointly Administered)      |
|                                   | :   |                             |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ESTIMATION HEARING WITH
RESPECT TO DEBTORS' MOTION ESTIMATING PROOF OF CLAIM NO. [_____]

           PLEASE TAKE NOTICE that on September 7, 2007, Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), sought to estimate and set a maximum cap, solely for voting

purposes and setting appropriate reserves under the plan of reorganization, on proof of claim

number [_____] (the "Proof of Claim") filed by [_____] (the "Claimant") pursuant to the

Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (a) Estimating And

Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (b) Approving

Expedited Claims Estimation Procedures (Docket No. _____) (the "Motion").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. §§ 105(A) And 502(C) (a) Estimating And Capping Certain Unliquidated Claims And (b)

Approving Expedited Claims Estimation Procedures, entered September __, 2007 (Docket No.

___) (the "Order"), an estimation hearing (the "Estimation Hearing") to estimate a maximum

capped amount for the Proof of Claim, solely for voting purposes and setting appropriate

reserves under the plan of reorganization, is hereby scheduled for [_____], at 10:00 a.m.

(prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New

York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Estimation Hearing will proceed in

accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order could result in the Proof of Claim being capped, solely

for voting purposes and setting appropriate reserves under the plan of reorganization, in the

amount identified in Exhibit A to the Motion.  A copy of the Order is attached hereto for your

convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Estimation Hearing at any time at least five business days prior to the scheduled hearing upon

notice to the Court and the Claimant.


Dated:  New York, New York
        [_____], 2006

                                           SKADDEN, ARPS, SLATE, MEAGHER &
                                             FLOM LLP

                                         By:_____
                                           John Wm. Butler, Jr. (JB 4711)
                                           John K. Lyons (JL 4951)
                                           Ron E. Meisler (RM 3026)
                                         333 West Wacker Drive, Suite 2100
                                       Chicago, Illinois  60606
                                       (312) 407-0700

                                         By:_____
                                           Kayalyn A. Marafioti (KM 9632)
                                         Thomas J. Matz (TM 5986)
                                       Four Times Square
                                       New York, New York 10036
                                       (212) 735-3000

                                         Attorneys for Delphi Corporation, et al.,
                                             Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED MAXIMUM CAPPED AMOUNT FOR PROOF OF CLAIM NUMBER [          ]

            PLEASE TAKE NOTICE that on September 7, 2007, Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), sought to estimate and set a maximum capped amount (the

"Maximum Capped Amount") on proof of claim number _____ (the "Proof of Claim") filed by

_____ (the "Claimant") pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 105(a)

And 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated

Claims And (b) Approving Expedited Claims Estimation Procedures (the "Motion").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its Counterproposal (as defined in the Motion), wherein Claimant (a) acknowledged that the

Proof of Claim asserts claims that are fully or partially unliquidated and (b) stated that the

Claimant believes that the maximum allowable amount of the Proof of Claim upon liquidation of

the Contested Unliquidated Claim is $_____ (the "Claimant's Asserted Maximum Capped

Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. §§ 105(a) And 502(c) (a) Estimating And Setting Maximum Cap On Certain Contingent

Or Unliquidated Claims And (b) Approving Expedited Claims Estimation Procedures, entered

September __, 2007 (the "Order"), the Debtors hereby provide notice that the Debtors elect to

accept the Claimant's Asserted Maximum Capped Amount as the estimated amount of the Proof

of Claim for voting purposes and setting appropriate reserves under the plan of reorganization

pursuant to sections 105 and 502(c) of the Bankruptcy Code as set forth in the Motion.  A copy

of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Maximum Capped Amount is without prejudice to the Debtors' right to

object to, or seek to estimate, any and all Contested Unliquidated Claims at lesser amounts for

purposes of allowance and distribution, on any grounds whatsoever.

Dated:  New York, New York
        September 7, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM LLP

                                        By:_____
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        By:_____
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession