IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

In re                      :     Chapter 11
                     :

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                     :

            Debtors.   :     (Jointly Administered)
                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

      On December 26, 2007, I caused to be served the documents listed below upon the parties listed on Exhibit A hereto via overnight delivery:

    1)  Ballot for Accepting or Rejecting Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (Class C General Unsecured Claims) ("Class C Ballot") (attached hereto as Exhibit B);

    2)  Notice of (1) Approval of Disclosure Statement; (2) Hearing on Confirmation of Plan; (3) Deadline and Procedures for Filing Objections to Confirmation of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Deadline for Asserting Cure Claims for Assumed Contracts; (6) Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Noticing, Voting, and Distribution Purposes; (7) Record Date; (8) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases, Exculpation, and Injunction in Plan ("Confirmation Hearing Notice") (attached hereto as Exhibit C);

    3)  a letter from the Delphi Corporation Official Committee of Unsecured Creditors ("Creditors' Committee Letter") (attached hereto as Exhibit D);

    4)  a letter from the Delphi Corporation Official Committee of Equity Security Holders ("Equity Committee Letter") (attached hereto as Exhibit E);

    5)  First Amended Disclosure Statement with Respect to First Amended Plan of Reorganization, the Plan, Creditors' Committee Letter, Equity Committee Letter and Solicitation Procedures Order, in CD-ROM format ("CD-ROM")

    6)  Department of the Treasury, Internal Revenue Service, Form W-9 – Request for Taxpayer Identification Number and Certification ("W-9 form") (attached hereto as Exhibit F);

7) Postpetition Interest Rate Determination Notice ("Interest Rate Notice") (attached hereto as <u>Exhibit G</u>); and

8) postage pre-paid return envelope.

On January 4, 2008, I caused to be served the documents listed below upon the parties listed on <u>Exhibit H</u> hereto via overnight delivery:

9) Ballot for Accepting or Rejecting Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (Class C General Unsecured Claims) ("Class C Ballot") (attached hereto as <u>Exhibit B</u>);

10) Notice of (1) Approval of Disclosure Statement; (2) Hearing on Confirmation of Plan; (3) Deadline and Procedures for Filing Objections to Confirmation of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Deadline for Asserting Cure Claims for Assumed Contracts; (6) Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Noticing, Voting, and Distribution Purposes; (7) Record Date; (8) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases, Exculpation, and Injunction in Plan ("Confirmation Hearing Notice") (attached hereto as <u>Exhibit C</u>);

11) a letter from the Delphi Corporation Official Committee of Unsecured Creditors ("Creditors' Committee Letter") (attached hereto as <u>Exhibit D</u>);

12) a letter from the Delphi Corporation Official Committee of Equity Security Holders ("Equity Committee Letter") (attached hereto as <u>Exhibit E</u>);

13) First Amended Disclosure Statement with Respect to First Amended Plan of Reorganization, the Plan, Creditors' Committee Letter, Equity Committee Letter and Solicitation Procedures Order, in CD-ROM format ("CD-ROM")

14) Department of the Treasury, Internal Revenue Service, Form W-9 – Request for Taxpayer Identification Number and Certification ("W-9 form") (attached hereto as <u>Exhibit F</u>);

15) Postpetition Interest Rate Determination Notice ("Interest Rate Notice") (attached hereto as <u>Exhibit G</u>); and

16) postage pre-paid return envelope.

Dated: January 11, 2008

_/s/ Evan Gershbein_

Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 11th day of January, 2008, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _/s/ Shannon J. Spencer_

Commission Expires: _6/20/10_

# EXHIBIT A

Delphi Corporation
3018(a) Motion Provisional Ballots Service List
12/26/07

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Ballot Class and Description |
|---|---|---|---|---|---|---|---|---|
| Bank of America N A | Patrick E Mears John T Gregg | Barnes & Thornburg LLP | 300 Ottawa Ave NW Ste 500 | | Grand Rapids | MI | 49503 | 1C - Delphi-DAS Debtors |
| Technology Properties Ltd | Heinz Binder Wendy W Smith | Binder & Malter | 2775 Park Avenue | | Santa Clara | CA | 95050 | 1C - Delphi-DAS Debtors |

# EXHIBIT B

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

(Class C General Unsecured Claims)

On December 10, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorized the Debtors to solicit votes on the Plan.  This ballot (the "Ballot") is being sent to holders of Class C General Unsecured Claims for their use in voting to accept or reject the Plan.  The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Plan that actually vote on the Plan.  If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To have your vote count, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On January 11, 2008**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claims have been placed in Class C under the Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on January 11, 2008* or your ballot will *not* be counted.  If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS C GENERAL UNSECURED CLAIMS**

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the holder of a Class C General Unsecured Claim against the Debtors in the unpaid amount of $_____,

    ☐    ACCEPTS (votes FOR) the Plan.    ☐    REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on November 26, 2007 it was the holder of a Class C General Unsecured Claim to which this Ballot pertains (or an authorized signatory therefor), (b) it has full power and authority to vote to accept or reject the Plan, (c) it has received a copy of the Disclosure Statement (including the appendices and exhibits thereto), (d) it understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement, and (e) either (i) it has not submitted any other Ballots for Class C General Unsecured Claims or (ii) it has provided the information specified in the following table for all other Class C General Unsecured Claims for which it has submitted additional Ballots (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C General
Unsecured Claim Ballots Other Than This Ballot**

| Name Of Holder | Account Number (If Applicable) | Amount Of Claim |
|---|---|---|
| 1._____ | _____ | $_____ |
| 2._____ | _____ | $_____ |
| 3._____ | _____ | $_____ |

Name Of Voter:_____
    (Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
    (Optional)

Signature:_____

Name Of Signatory:_____
    (If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS C GENERAL UNSECURED CLAIMS**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.  You will be deemed to have voted the full amount of your claim in your vote.  **A Ballot that partially rejects and partially accept the Plan will not be counted.**  You must vote all your claims within a single class to either accept or reject that Plan.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on January 11, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block on the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

## <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS C GENERAL UNSECURED CLAIMS**

# EXHIBIT C

**Hearing Date And Time: January 17, 2008 At 10:00 a.m.**
**Objection Deadline: January 11, 2008 At 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
    In re                     :    Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :    Case No. 05-44481 (RDD)
                                                  :
                Debtors.    :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF

(1)  APPROVAL OF DISCLOSURE STATEMENT;
(2)  HEARING ON CONFIRMATION OF PLAN;
(3)  DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF
     PLAN;
(4)  DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN
     CLAIMS FOR VOTING PURPOSES;
(5)  DEADLINE FOR ASSERTING CURE CLAIMS FOR ASSUMED CONTRACTS;
(6)  TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED
     CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;
(7)  RECORD DATE;
(8)  VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND
(9)  PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN PLAN

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS
OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

      PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and
affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are
soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And
Certain Affiliates, Debtors And Debtors-In-Possession (as may be further amended or modified, the
"Plan") from holders of impaired claims and interests who are (or may be) entitled to receive distributions
under the Plan.

      PLEASE TAKE FURTHER NOTICE that if the Plan is confirmed by the United States
Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Plan
will be binding on all holders of claims against, and all current and former holders of equity security and
other interests in, the respective Debtors.

      PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on
December 10, 2007 (the "Solicitation Procedures Order") (Docket No. 11389) approving the disclosure
statement (the "Disclosure Statement") with respect to the Plan and providing, among other things, that:

      1.  Confirmation Hearing Date.  The hearing to consider confirmation of the Plan (the
"Confirmation Hearing"), will commence on **January 17, 2008 at 10:00 a.m.** (prevailing Eastern time) or
as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States
Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York,
New York 10004.  The Confirmation Hearing may be adjourned from time to time by announcing the

adjournment in open court, and the Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

2.    Objections To Confirmation.  **January 11, 2008 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to confirmation of the Plan.  To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n:  Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n:  John M. Reiss and Gregory Pryor), (viii) Counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received no later than the Objection Deadline.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

3.    Temporary Allowance Of Claims.  The following persons or entities, among others, are not entitled to vote on the Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Plan, (c) claims and interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection).  If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.  The Rule 3018(a) Motion must be filed with the Clerk of the Court on

or before **January 2, 2008** at **4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Solicitation Procedures Order; provided, however, that if the Debtors object to a claim or interest after December 21, 2007, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4.   Provisional Votes.  Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan.  If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Confirmation Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Plan has been accepted or rejected.

5.   Cure Claim Submission Deadline.  The Plan provides that any contracts not specifically identified as rejected contracts in Exhibit 8.1(a) to the Plan (to be filed on December 28, 2007, and available at no charge as set forth in paragraph 10 below) will be assumed under the Plan. Any party to an executory contract or unexpired lease that is not rejected and to whom the Debtor did not send a Cure Amount Notice pursuant to Article 8.2(a) of the Plan, and who wishes to assert that cure is required as a condition of assumption of its contract, must file a proposed cure claim ("Cure Claim") in accordance with Article 8.2(b) of the Plan within 45 days after entry of an order confirming the Plan (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, will have 45 days to file any objections thereto.  Should a party to an executory contract or unexpired lease not file a proposed Cure Claim by the Cure Claim Submission Deadline in accordance with the procedures set forth in Article 8.2(b) of the Plan, then any default then existing will be deemed cured as of the day following the Cure Claim Submission Deadline and such party will forever be barred from asserting against the Debtors or the Reorganized Debtors, as applicable, a claim that arose on or prior to the confirmation date of the Plan.  If there is a dispute regarding (i) the nature or amount of any Cure Amount, (ii) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, the matter shall be set for hearing in the Bankruptcy Court on the next available hearing date, or such other date as may be agreed upon, and cure, if any, shall occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a cure amount in excess of that asserted by the Debtors.

6.   Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Plan or (ii) voting on the Plan.  Unless otherwise provided in the Plan, any holder of a claim who is otherwise entitled to vote on the Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes

only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

7. <u>Record Date</u>. November 26, 2007 is the record date for determining (a) the holders of Debtors' publicly traded debt and equity securities (the "Securities") entitled to receive solicitation packages and (b) the creditors entitled to vote to accept or reject the Plan.

8. <u>Voting Deadline</u>. If you hold a claim against or an equity interest or other interest in one of the Debtors as of November 26, 2007, the Record Date as established in the Solicitation Procedures Order, and are entitled to vote to accept or reject the Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **January 11, 2008** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, <u>et al.</u> | Delphi Corporation, <u>et al</u>. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York  10017 | El Segundo, California  90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

9. <u>Injunction To Enforce Releases And Exculpation In The Plan</u>. **The Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, all professionals retained in these cases, the plan investors, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

---

**You Are Advised To Carefully Review And Consider The Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

---

10.    <u>Information And Documents</u>.  Copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

Delphi Legal Information Hotline:                Delphi Legal Information Website:
Toll Free:  (800) 718-5305                       http://www.delphidocket.com
International:  (248) 813-2698


Dated:    New York, New York
          December 10, 2007

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                        & FLOM LLP
                                          John Wm. Butler, Jr. (JB 4711)
                                          George N. Panagakis (GP 0770)
                                          Ron E. Meisler (RM 3026)
                                          Nathan L. Stuart (NS 7872)
                                      333 West Wacker Drive, Suite 2100
                                      Chicago, Illinois 60606

                                                - and -

                                          Kayalyn A. Marafioti (KM 9632)
                                          Thomas J. Matz (TM 5986)
                                      Four Times Square
                                      New York, New York 10036

                                      Attorneys for Delphi Corporation, <u>et al.</u>,
                                        Debtors and Debtors-in-Possession

# EXHIBIT D

**THE DELPHI CORPORATION OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

December 10, 2007

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the "Debtors") is providing this letter to all holders of General Unsecured Claims against the Debtors to provide information relating to the Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").[1] The Committee is providing this letter to help all unsecured creditors understand the Plan, including the proposed treatment of unsecured claims. The Committee therefore **strongly** recommends you read this letter carefully before you vote.

The Committee supports the Plan because it believes that the Plan represents the best transaction reasonably available at this time. Accordingly, the Committee recommends that you vote in favor of the Plan. While it is possible that a better transaction may be available in the future, the Committee believes that the potential risks of delay outweigh the potential benefits that might be achieved. However, before you vote on the Plan, there are a number of things you should understand; and you should consider your vote carefully.

**Under the Plan you will <u>not</u> be receiving a check, or any cash at all, but instead will be receiving stock and the right to purchase more stock.**

**1.     Approximately 77.3% of your recovery will come in the form of common stock of Reorganized Delphi.** While the Plan assumes that such stock is worth $59.61 per share (the "Plan Value"), there is no guaranty that the stock will in fact trade at that value.

**2.     Approximately 22.7% of your recovery will come in the form of the right (a "Stock Purchase Right"), for a limited period of time, to purchase additional shares of common stock of reorganized Delphi, at a price of $38.39 per share (35.6% less than Plan Value).** Each Stock Purchase Right allows you to purchase one (1) share of common stock of Reorganized Delphi for $38.39. Because these Stock Purchase Rights represent a material portion of your recovery, it is important that you understand both the rights and the ways in which you may realize their value, if any. <u>Therefore, please read the following two paragraphs very carefully.</u>

**3.     There are two ways to realize the value of the Stock Purchase Rights: (a) exercise them (i.e., purchase more common stock) or (b) sell them.** If you would like to exercise your Stock Purchase Rights and purchase common stock of reorganized Delphi, you should follow the instructions in the exercise form that you will receive following confirmation of the Plan. Alternately, the Stock Purchase Rights may be sold, if there are parties who wish to buy them. **If you wish to consider selling your Stock Purchase Rights, you should contact a securities broker promptly, even in advance of Plan confirmation.**

**4.     The rights to purchase common stock of reorganized Delphi will expire approximately twenty days after the Plan is confirmed.** The exercise period for the Stock Purchase Rights will be twenty days. Because the forms pursuant to which you will be able to exercise the Stock Purchase Rights will be mailed at the commencement of the twenty day exercise period, when you receive those forms you will actually have fewer than twenty days remaining before the Stock Purchase Rights will expire. As a result, whether you decide to exercise or sell your Stock Purchase Rights, you should act **promptly** so that you may do so prior to their expiration.

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

# EXHIBIT E

**THE DELPHI CORPORATION OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS**


December 10, 2007


To the holders of Delphi Corporation common stock:


      The Official Committee (the "Equity Committee") of Equity Security Holders ("Equity Holders") of Delphi Corporation ("Delphi") writes this letter in connection with the First Amended Joint Plan of Reorganization (the "Plan") of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (collectively with Delphi, the "Debtors"). The Equity Committee is a statutory committee appointed by the United States Trustee to represent the interests of Equity Holders. You are receiving this letter because you are a holder of shares of common stock of Delphi (the "Existing Common Stock").

      **You should carefully read the Plan and related First Amended Disclosure Statement to determine whether to vote to accept or reject the Plan.** The Equity Committee is writing this letter to inform you that the Equity Committee supports confirmation of the Plan and recommends that Equity Holders vote to accept the Plan.

<u>Background regarding Chapter 11 and the Enclosed Documents</u>

      On October 8 and 14, 2005, Delphi and certain of its United States subsidiaries and affiliates filed petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. As a result, Delphi and those subsidiaries and affiliates became debtors and debtors in possession under chapter 11.

      Chapter 11 of the Bankruptcy Code allows a debtor to propose a plan of reorganization that provides for the treatment of claims against, and interests in, the debtor. A disclosure statement is filed with the plan of reorganization to provide holders of claims and interests with information about the debtor and the plan of reorganization. The disclosure statement must be approved by the Bankruptcy Court before votes may be solicited on a plan of reorganization. A plan of reorganization must be voted on by holders of claims and interests and then must meet various standards to be confirmed by the Bankruptcy Court. Consummation of a confirmed plan of reorganization is how a debtor emerges from chapter 11.

      On December 10, 2007 the Bankruptcy Court entered an order (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and (ii) authorizing the Debtors to solicit votes on the Plan. The purpose of the Disclosure Statement is to provide to the holders of claims against, and interests in the Debtors, including the holders of Existing Common Stock, adequate information to make an informed judgment about the Plan.

<u>The Equity Committee</u>

The Equity Committee was appointed on April 28, 2006 and engaged Fried, Frank, Harris, Shriver & Jacobson LLP as its attorneys, and Houlihan Lokey Howard & Zukin as its financial advisor.  The Equity Committee and its professional advisors have been actively involved in the Debtors' chapter 11 cases.  The distributions embodied in the Plan are a result of negotiations between the constituencies in these chapter 11 cases and represents, in the Equity Committee's view, a reasonable distribution on Equity Holders' interests, as compared with the prospect of protracted litigation.  In that regard, the Equity Committee supports the Plan.

<u>Distributions to Equity Holders under the Plan</u>

The Plan provides that the Existing Common Stock will be canceled on the date the Plan becomes effective (the "Effective Date"), which the Debtors currently expect to occur towards the end of February 2008.   Under the Plan, each Equity Holder will receive its pro rata distribution of (1) 461,522 shares of New Common Stock of Reorganized Delphi having an aggregate Plan Equity Value of $27.5 million, (2) freely transferable six-month warrants to purchase $1.0 billion of New Common Stock of Reorganized Delphi struck at a 9.0% premium to Plan Equity Value ($59.61 per share), (3) freely transferable seven-year warrants to purchase 6,908,758 shares of New Common Stock of Reorganized Delphi struck at a 20.7% premium to Plan Equity Value, (4) freely transferable ten-year warrants to purchase 2,819,901 shares of New Common Stock of Reorganized Delphi struck at Plan Equity Value and (5) non-transferable par value rights to purchase approximately 21,680,996 shares of the New Common Stock of Reorganized Delphi struck at Plan Equity Value (the "Par Value Rights").  The Disclosure Statement states that the estimated total value of these distributions to all Equity Holders is $348 million.  The distributions will only be made if the Plan is confirmed by the Bankruptcy Court and the Debtors satisfy all conditions to consummation of the Plan, except to the extent waived.  In addition, pursuant to the Plan, in consideration for the distributions under the Plan, Equity Holders will be providing releases to the Debtors and various parties, including General Motors, as specified in Article XI of the Plan.

1.    <u>New Common Stock Distribution</u>

The Plan provides that, as a holder of Existing Common Stock, you will receive one share of New Common Stock for approximately every 1,218 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 1,218 shares, please see Section 6 below.

2.    <u>Six-Month Warrants</u>

The Plan provides that, as a holder of Existing Common Stock, you will also receive Six-Month Warrants to purchase one share for approximately every 37 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 37 shares, please see Section 6 below.  Each Six-Month Warrant will give you the right to purchase one share of the New Common Stock for $65.00 per share (a 9.0% premium to the Plan Equity Value).  The

terms of the Six-Month Warrants are described in Section IX.F.17(b) of the Disclosure Statement.

3.      Seven-Year Warrants

The Plan provides that, as a holder of Existing Common Stock, you will also receive Seven-Year Warrants to purchase one share for approximately every 82 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 82 shares, please see Section 6 below.  Each Seven-Year Warrant will give you the right to purchase one share of the New Common Stock for $71.93 per share (a 20.7% premium to the Plan Equity Value).  The terms of the Seven-Year Warrants are described in Section IX.F.17(a) of the Disclosure Statement.

4.      Ten-Year Warrants

The Plan provides that, as a holder of Existing Common Stock, you will also receive Ten-Year Warrants to purchase one share for approximately every 200 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 200 shares, please see Section 6 below.  Each Ten-Year Warrant will give you the right to purchase one share of the New Common Stock for $59.61 per share (the Plan Equity Value).  The terms of the Ten-Year Warrants are described in Section IX.F.17(c) of the Disclosure Statement.

5.      Par Value Rights

The Plan provides that, as a holder of Existing Common Stock, you will also receive non-transferable Par Value Rights to purchase one share of New Common Stock for approximately every 26 shares of Existing Common Stock that you hold as of the close of business on the date when the Confirmation Hearing commences.  To the extent you hold less than 26 shares, please see Section 6 below.  The purchase price for these shares of New Common Stock will be $59.61 per share (the Plan Equity Value).  These rights will be exercisable during the Rights Offering period as described in the Disclosure Statement, but they will not be transferable.

To the extent parties believe the Par Value Rights have value, such value should theoretically be reflected in the price of the Existing Common Stock in the market.  In that regard, if you do not choose to exercise your Par Value Rights under the Par Value Rights Offering, it may still be possible to realize value in respect of the rights by selling your shares of Existing Common Stock prior to the Rights Offering Record Date.  If you do not exercise your Par Value Rights or sell your Existing Common Stock, the value attributable to such rights (if any) will be forfeited.  Holders of Existing Common Stock are encouraged to carefully review the Disclosure Statement and Plan and consult their own advisors in making any determination with respect to the exercise of rights or the sale of shares of Existing Common Stock.  **The Equity Committee does not make any recommendation with respect to any exercise of rights or the sale of shares of Existing Common Stock.**

6.    Distributions of Fractional Securities

As set forth in Article 9.10 of the Plan, the Debtors will not make distributions of fractional securities of New Common Stock to holders of Existing Common Stock. In addition and also as set forth in Article 9.10 of the Plan, the Debtors will not make distributions of fractional New Warrants to holders of Existing Common Stock unless you elect otherwise as described in the paragraph below. The minimum amount of shares required to receive at least one full share of New Common Stock and at least one Six-Month Warrant, Seven-Year Warrant, Ten-Year Warrant and Par Value Right exercisable to purchase at least one full share of New Common Stock are set forth above. If you hold less than the specified amount of shares of Existing Common Stock, you will receive the following treatment: Reorganized Delphi will aggregate all fractional shares of New Common Stock (the "Fractional Shares") and, unless you elect otherwise as described below, will aggregate all fractional New Warrants (the "Fractional Warrants") that would otherwise be distributable to Equity Holders and will sell such securities on the open market. The proceeds of such sale will then be distributed by Reorganized Delphi pro rata to all Equity Holders who would have otherwise been entitled to receive Fractional Shares or Fractional Warrants. There can be no assurances as to the price at which Reorganized Delphi may be able to sell such securities, including whether such prices will be at the levels set forth in the Disclosure Statement with respect to such securities, or the amount of distributions to be made therefrom.

In lieu of the treatment set forth above, Equity Holders will have the right to elect to receive their Fractional Warrants instead of the cash distribution described above. There are important procedures set forth on the ballot included in the solicitation materials enclosed herewith that must be followed in order to elect to receive Fractional Warrants. A Fractional Warrant will not be exercisable unless it is aggregated with other like Fractional Warrants so that when exercised, in the aggregate, such Fractional Warrants result in the purchase of a whole share of New Common Stock. In other words, Fractional Warrants cannot be exercised for Fractional Shares and must be combined so that Reorganized Delphi issues only whole shares. There can be no assurances that a market will develop for the Fractional Warrants and Equity Holders are encouraged to consult with their own advisors when determining whether to elect to receive Fractional Warrants.

Voting on the Plan

Please be reminded that your vote to accept or reject the Plan as indicated on the enclosed ballots must be received in accordance with the instructions on your ballot such that the voting agent (Financial Balloting Group LLC) receives your vote, whether directly or through your nominee pursuant to a master ballot, on or before the Voting Deadline, which is January 11, 2008, at 7:00 p.m. prevailing Eastern time. Please refer to the enclosed Confirmation Hearing Notice, the instructions attached to the ballots, and Article II of the Disclosure Statement for information regarding voting. Until the Plan is voted upon by the Debtors' constituencies, confirmed by the Bankruptcy Court, and the conditions to the Plan are satisfied or otherwise waived, the terms described in the Plan and in the Disclosure Statement (and the contemplated distributions and recoveries) are not effective. The Plan cannot be implemented until it has been confirmed by the Bankruptcy Court.

4

Additional Information

     **This letter is not meant to provide a complete description of the Plan's treatment of Equity Holders' interests and is not a substitute for the information contained in the Plan and Disclosure Statement and the other accompanying documents. You should review the Plan and Disclosure Statement to understand the Plan's effect on your interests in Delphi and the procedures with respect to voting on the Plan.**

                    Sincerely,

                    The Official Committee of
                    Equity Security Holders

595967

# EXHIBIT F

**Form W-9**
(Rev. October 2007)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

**Give form to the requester. Do not send to the IRS.**

*Print or type*
*See Specific Instructions on page 2.*

Name (as shown on your income tax return)

Business name, if different from above

Check appropriate box:  ☐ Individual/Sole proprietor  ☐ Corporation  ☐ Partnership
☐ Limited liability company. Enter the tax classification (D=disregarded entity, C=corporation, P=partnership) ▶ _____
☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

Requester's name and address (optional)

City, state, and ZIP code

List account number(s) here (optional)

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

**Social security number**

**or**

**Employer identification number**

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**    Signature of U.S. person ▶                    Date ▶

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

● An individual who is a U.S. citizen or U.S. resident alien,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

● An estate (other than a foreign estate), or

● A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X                    Form **W-9** (Rev. 10-2007)

Form W-9 (Rev. 10-2007)                                                                                          Page **2**

● The U.S. grantor or other owner of a grantor trust and not the trust, and

● The U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person, do not use Form W-9. Instead, use the appropriate Form W-8 (see Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

***Example.*** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 28% of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the Part II instructions on page 3 for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate Instructions for the Requester of Form W-9.

Also see *Special rules for partnerships* on page 1.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

# Specific Instructions

## Name

If you are an individual, you must generally enter the name shown on your income tax return. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your individual name as shown on your income tax return on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name" line.

**Limited liability company (LLC).** Check the "Limited liability company" box only and enter the appropriate code for the tax classification ("D" for disregarded entity, "C" for corporation, "P" for partnership) in the space provided.

For a single-member LLC (including a foreign LLC with a domestic owner) that is disregarded as an entity separate from its owner under Regulations section 301.7701-3, enter the owner's name on the "Name" line. Enter the LLC's name on the "Business name" line.

For an LLC classified as a partnership or a corporation, enter the LLC's name on the "Name" line and any business, trade, or DBA name on the "Business name" line.

**Other entities.** Enter your business name as shown on required federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name" line.

**Note.** You are requested to check the appropriate box for your status (individual/sole proprietor, corporation, etc.).

## Exempt Payee

If you are exempt from backup withholding, enter your name as described above and check the appropriate box for your status, then check the "Exempt payee" box in the line following the business name, sign and date the form.

Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note.** If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.

The following payees are exempt from backup withholding:

1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2),

2. The United States or any of its agencies or instrumentalities,

3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities,

4. A foreign government or any of its political subdivisions, agencies, or instrumentalities, or

5. An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

6. A corporation,

7. A foreign central bank of issue,

8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States,

9. A futures commission merchant registered with the Commodity Futures Trading Commission,

10. A real estate investment trust,

11. An entity registered at all times during the tax year under the Investment Company Act of 1940,

12. A common trust fund operated by a bank under section 584(a),

13. A financial institution,

14. A middleman known in the investment community as a nominee or custodian, or

15. A trust exempt from tax under section 664 or described in section 4947.

The chart below shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 15.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
| --- | --- |
| Interest and dividend payments | All exempt payees except for 9 |
| Broker transactions | Exempt payees 1 through 13. Also, a person registered under the Investment Advisers Act of 1940 who regularly acts as a broker |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000[1] | Generally, exempt payees 1 through 7[2] |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation (including gross proceeds paid to an attorney under section 6045(f), even if the attorney is a corporation) and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, and payments for services paid by a federal executive agency.

# Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-member LLC that is disregarded as an entity separate from its owner (see *Limited liability company (LLC)* on page 2), enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note.** See the chart on page 4 for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office or get this form online at *www.ssa.gov*. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. You can get Forms W-7 and SS-4 from the IRS by visiting *www.irs.gov* or by calling 1-800-TAX-FORM (1-800-829-3676).

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note.** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** *A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.*

# Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 4, and 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). Exempt payees, see *Exempt Payee* on page 2.

**Signature requirements.** Complete the certification as indicated in 1 through 5 below.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or disregarded entity owned by an individual | The owner [3] |

| For this type of account: | Give name and EIN of: |
|---|---|
| 6. Disregarded entity not owned by an individual | The owner |
| 7. A valid trust, estate, or pension trust | Legal entity [4] |
| 8. Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 9. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 10. Partnership or multi-member LLC | The partnership |
| 11. A broker or registered nominee | The broker or nominee |
| 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or "DBA" name on the second name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships* on page 1.

**Note.** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records from Identity Theft

Identity theft occurs when someone uses your personal information such as your name, social security number (SSN), or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:
● Protect your SSN,
● Ensure your employer is protecting your SSN, and
● Be careful when choosing a tax preparer.

Call the IRS at 1-800-829-1040 if you think your identity has been used inappropriately for tax purposes.

Victims of identity theft who are experiencing economic harm or a system problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov.* You may also report misuse of the IRS name, logo, or other IRS personal property to the Treasury Inspector General for Tax Administration at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at: *spam@uce.gov* or contact them at *www.consumer.gov/idtheft* or 1-877-IDTHEFT(438-4338).

Visit the IRS website at *www.irs.gov* to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you, mortgage interest paid to you, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA, or Archer MSA or HSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia, and U.S. possessions to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 28% of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to a payer. Certain penalties may also apply.

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                      Debtors.       :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### POSTPETITION INTEREST RATE DETERMINATION NOTICE

       PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

       Under the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to pay postpetition interest on your claim from October 8 or 14, 2005, as applicable (the "Petition Date"), through the earlier of the date on which the Plan is confirmed or January 31, 2008 at the Michigan Statutory Rate in effect as of the Petition Date (4.845%) (the "Interest Rate") as provided in the Plan.

---

      **If you disagree with the application of the Interest Rate, you must return this form in the envelope provided to Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Interest Rate, so as to be <u>received</u> by January 11, 2008 at 7:00 p.m. (prevailing Eastern time). If you fail to return this form timely, you will receive postpetition interest on account of your claim at the interest rate set forth above. If you disagree with the application of the Interest Rate and you return an executed copy of this form, then your claim will be deemed disputed and you will not be eligible to receive a distribution until your claim is allowed.**

---

      **Please follow the three steps below and sign this notice to ensure that you receive the postpetition interest rate to which you are entitled.**

**Step 1**

**Please check one of the boxes below:**

☐    Yes, I agree with the application of the Interest Rate (**skip Step 2 and complete Step 3 below**)

☐    No, I disagree with the application of the Interest Rate (**complete Step 2 and Step 3 below**)

Company Name:_____

By: _____

Name:                              Title:

**Step 2**

    **If you checked the box indicating that you disagree with the Interest Rate, you must supply the information requested in the form attached hereto and <u>complete step 3 below</u>.  If you fail to timely complete step 3 below, you will receive postpetition interest on account of your claim at the Interest Rate.**

    If the Debtors disagree with the interest rate you assert, your claim will automatically be deemed disputed and the Debtors will file an objection to your asserted interest claim no later than 30 days after the confirmation date of the Plan.  Following such an objection, the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule. A distribution on account of your claim, to the extent allowed with accrued interest through the earlier of January 31, 2008 or the date of confirmation of the Plan, at the rate decided by the Bankruptcy Court, will only occur following the entry of a final order of the Bankruptcy Court resolving the dispute.

**Step 3**

    Sign and return this form in the envelope provided to Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, California  90245, Att'n: Delphi, so as to be <u>received</u> by **January 11, 2008** at **7:00 p.m.** (prevailing Eastern time).  If you fail to timely return this form, you will receive postpetition interest on account of your claim at the Interest Rate set forth above.

Delphi Legal Information Hotline:                Delphi Legal Information Website:
Toll Free:  (800) 718-5305                       http://www.delphidocket.com
International:  (248) 813-2698


Dated:      New York, New York
            December 10, 2007

                                     SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP
                                           John Wm. Butler, Jr. (JB 4711)
                                           George N. Panagakis (GP 0770)
                                           Ron E. Meisler (RM 3026)
                                           Nathan Stuart (NS 7872)
                                     333 West Wacker Drive, Suite 2100
                                     Chicago, Illinois 60606

                                                 - and -
                                           Kayalyn A. Marafioti (KM 9632)
                                           Thomas J. Matz (TM 5986)
                                     Four Times Square
                                     New York, New York 10036

                                       Attorneys for Delphi Corporation, et al.,
                                         Debtors and Debtors-in-Possession

3

Postpetition Interest Rate Information

_____

Name Of Claimant


_____

Description Of Contract(s)


_____

Interest Rate Asserted


_____

_____

_____

_____

_____

Basis For Asserted Interest Rate (attach supporting documentation and ensure that you have affixed adequate postage to assure that this completed Postpetition Interest Rate Determination Notice is delivered to Kurtzman Carlson Consultants, LLC so that it is **received** on or before **January 11, 2008** at **7:00 p.m.** (prevailing Eastern time)).

# EXHIBIT H

Delphi Corporation
3018(a) Motion Provisional Ballots Service List
1/04/08

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Ballot Class and Description |
|---|---|---|---|---|---|---|---|---|
| Buchanan Ingersoll & Rooney PC | Attn William H Schorling Esq | Counsel for Fiduciary Counselors Inc | 1 Chase Manhattan Plaza | 35th Floor | New York, | NY | 10005-1417 | 1C - Delphi-DAS Debtors |
| Dreier LLP | Paul Traub Maura I Russell Anthony B Stumbo | Attorneys for SPCP Group LLC | 499 Park Avenue | | New York, | NY | 10022 | 1C - Delphi-DAS Debtors |
| Dreier LLP | Paul Traub Maura I Russell Anthony B Stumbo | Attorneys for SPCP Group LLC | 499 Park Avenue | | New York, | NY | 10022 | 3C - Connection System Debtors |
| Dreier LLP | Paul Traub Maura I Russell Anthony B Stumbo | Attorneys for SPCP Group LLC | 499 Park Avenue | | New York, | NY | 10022 | 5C - Delco Electronics Overseas Corporation |
| Dreier LLP | Paul Traub Maura I Russell Anthony B Stumbo | Attorneys for SPCP Group LLC | 499 Park Avenue | | New York, | NY | 10022 | 8C - Delphi Mechatronic Systems, Inc. |
| Dreier LLP | Paul Traub Maura I Russell Anthony B Stumbo | Attorneys for SPCP Group LLC | 499 Park Avenue | | New York, | NY | 10022 | 10C - Delphi Medical Systems Colorado Corporation |