Hearing Date: January 17, 2008 at 10:00 a.m.
Objection Deadline: January 11, 2008 at 4:00 p.m.

**KELLER ROHRBACK, LLP**
Lynn Lincoln Sarko
Gary A. Gotto
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1200 (Telephone)
(206) 623-3384 (Facsimile)
*Lead Counsel for ERISA Plaintiffs*

*Counsel to ERISA Lead Plaintifs and Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-4448 1 (RDD) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**ERISA ERISA LEAD PLAINTIFFS' RESPONSE TO AND RESERVATION OF RIGHTS INCONNECTION WITH, CONFIRMATION OF FIRST AMENDED JOINT PLANOF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION**

ERISA ERISA Lead Plaintiffs Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr (hereinafter "ERISA Lead Plaintiffs") the Court-appointed ERISA Lead Plaintiffs in *In re: Delphi Corporation Securities, Derivative & "ERISA" Litigation*, Master Case No. 05-md-1725 (GER), relating to *In re Delphi Corp. ERISA Litigation*, Case Nos. 05-CV-70882, 05-CV-70940, 05-CV-71030, 05-CV-71200, 05-CV-71249, 05-CV-71291, 05-CV-71339, 05-CV-71396, 05-CV-71397, 05-CV-71398, 05-CV-71437, 05-CV-71508, 05-CV-71620, 05-CV-71897, and 05-CV-72198 (the "ERISA

Litigation"), respectfully submit this Response to, and Reservation of Rights in Connection with, Confirmation of the First Amended Joint Plan of Reorganization of Delphi Corporation and certain Affiliates, Debtors and Debtors-In-Possession.  In support of this Response, ERISA Lead Plaintiffs respectfully state as follows:

### RELEVANT BACKGROUND

1. On October 8 and 14, 2007 (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. ERISA Lead Plaintiffs are, and represent, creditors, equity holders and parties-in-interest in the Debtors' chapter 11 cases. ERISA Lead Plaintiffs assert claims on behalf of an ERISA class arising out of the breach of fiduciary duty by certain Debtors and other persons with respect to the the Delphi Savings-Stock Purchase Program for Salaried Employees, the Delphi Personal Savings Plan for Hourly-Rate Employees, and the ASEC Manufacturing Savings Plan.

3. ERISA Lead Plaintiffs, the Debtors and other parties to the ERISA Litigation reached an agreement to settle these claims with respect to those parties (the "ERISA Settlement"), which was approved by the District Court on January 10, 2008.  The ERISA Settlement Agreement is annexed to the Plan as Exhibit 7.19(b).

4. The ERISA Settlement is also subject to the approval of this Court. On September 7, 2007, the Debtors filed a motion seeking approval of the ERISA Settlement pursuant to, *inter alia,* Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019 Motion"). Since the filing of the Rule 9019 Motion, the Debtors, with the consent of ERISA Lead Plaintiffs and other stakeholders in this chapter 11 proceeding, determined to seek approval of the ERISA Settlement in two steps. The first step entailed obtaining preliminary approval of the ERISA Settlement, class certification for voting purposes and the means for soliciting the votes of class members consistent with the Securities Settlement. On October 25, 2007, the Court granted such preliminary approval and an order preliminarily approving the ERISA Settlement was entered on October 29, 2007. Final

approval of the ERISA Settlement by this Court will be considered at the same time and in connection with confirmation of the Plan.

5. ERISA Lead Plaintiffs file this Response and Reservation of Rights solely with respect to certain provisions of the Plan which could become germane only if the ERISA Settlement is not finally approved by this Court.

6. Section 11.5 of the Plan provides for releases of the "Released Parties" by all creditors and interest holders of the Debtors. Section 11.7 of the Plan provides for certain releases of GM.

7. Insofar as the rights of ERISA Lead Plaintiffs and the ERISA class are affected, the third party release provisions contained in Sections 11.5 and 11.7 of the Plan must be read in conjunction with Section 3(a) of the ERISA Settlement Agreement, which states: "Upon the Effective Date of the Settlement, Named Plaintiffs and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, with respect to each and every Settled Claim, release and forever discharge, and are forever enjoined from prosecuting, any Settled Claim against any of the Released Parties, and shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person or any of the Plans, any action, suit, cause of action, claim or demand against any Released Party or any other person who may claim any form of contribution or indemnity from any Released Party in respect of any Settled Claim or any matter related thereto, at any time on or after the Effective Date." Under the ERISA Settlement Agreement, "Released Parties" includes General Motors Investment Management Corporation and certain of the Debtors.

8. Accordingly, under the ERISA Settlement Agreement, the release of Released Parties is effective only upon the "Effective Date" thereof, which is conditioned upon, among other things, this Court's approval of the ERISA Settlement. *See* ERISA Settlement Agreement § 17. Under Section 20, if the ERISA Settlement Agreement, if the Agreement does not become effective and is terminated.

9. To the extent any provision of the Plan could be construed to effect a release by ERISA Lead Plaintiffs prior to the Effective Date of the ERISA Settlement Agreement, it would be inconsistent with the ERISA Settlement Agreement. ERISA Lead Plaintiffs join

in the request made by ERISA Lead Plaintiffs in *In re Delphi Corp. Securities Litigation*, Master Case No. 05-md-1725 (GER) (E.D.Mich), filed this date at Docket No. 11,939 for the following clarifying language at the end of Section 11.5 of the Plan:

> (iii) this Article 11.5 shall not release any claim or cause of action currently asserted or which could be asserted in the MDL Actions by ERISA Lead Plaintiffs against GM pursuant to the Delphi-GM Global Settlement Agreement or Article 11.7 of this Plan, or any defendant or potential defendant who is a Released Party; provided, however, that any and all releases of any Released Party by ERISA Lead Plaintiffs shall be fully enforceable as provided for in the MDL Settlements.

10. To the extent ERISA Lead Plaintiffs' outstanding concern with the Plan is not resolved on or prior to the hearing on January 17, 2008 or any adjourned date, ERISA Lead Plaintiffs reserve the right to present this issue to the Court for adjudication to the extent necessary.

11. Finally, in connection with considering confirmation of the Plan, the Court also will consider final approval of the ERISA Settlement. To the extent that any party-in-interest timely objects either to the approval of the ERISA Settlement or confirmation of the Plan based on arguments relating to the ERISA Settlement, ERISA Lead Plaintiffs reserve the right to respond to such objections through a written submission as well as by presenting oral argument at the hearing.

Dated: January 11, 2008

Respectfully submitted,

**KELLER ROHRBACK, LLP**

By: /s/ *Gary A. Gotto*
Lynn Lincoln Sarko
Gary A. Gotto
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1200 (Telephone)
(206) 623-3384 (Facsimile)
***Lead Counsel for ERISA Plaintiffs***