**Exhibit G**

**THE DELPHI CORPORATION OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS**

December 10, 2007

To the holders of Delphi Corporation common stock:

The Official Committee (the "Equity Committee") of Equity Security Holders ("Equity Holders") of Delphi Corporation ("Delphi") writes this letter in connection with the First Amended Joint Plan of Reorganization (the "Plan") of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (collectively with Delphi, the "Debtors"). The Equity Committee is a statutory committee appointed by the United States Trustee to represent the interests of Equity Holders. You are receiving this letter because you are a holder of shares of common stock of Delphi (the "Existing Common Stock").

**You should carefully read the Plan and related First Amended Disclosure Statement to determine whether to vote to accept or reject the Plan.** The Equity Committee is writing this letter to inform you that the Equity Committee supports confirmation of the Plan and recommends that Equity Holders vote to accept the Plan.

Background regarding Chapter 11 and the Enclosed Documents

On October 8 and 14, 2005, Delphi and certain of its United States subsidiaries and affiliates filed petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. As a result, Delphi and those subsidiaries and affiliates became debtors and debtors in possession under chapter 11.

Chapter 11 of the Bankruptcy Code allows a debtor to propose a plan of reorganization that provides for the treatment of claims against, and interests in, the debtor. A disclosure statement is filed with the plan of reorganization to provide holders of claims and interests with information about the debtor and the plan of reorganization. The disclosure statement must be approved by the Bankruptcy Court before votes may be solicited on a plan of reorganization. A plan of reorganization must be voted on by holders of claims and interests and then must meet various standards to be confirmed by the Bankruptcy Court. Consummation of a confirmed plan of reorganization is how a debtor emerges from chapter 11.

On December 10, 2007 the Bankruptcy Court entered an order (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and (ii) authorizing the Debtors to solicit votes on the Plan. The purpose of the Disclosure Statement is to provide to the holders of claims against, and interests in the Debtors, including the holders of Existing Common Stock, adequate information to make an informed judgment about the Plan.

The Equity Committee

       The Equity Committee was appointed on April 28, 2006 and engaged Fried, Frank, Harris, Shriver & Jacobson LLP as its attorneys, and Houlihan Lokey Howard & Zukin as its financial advisor.  The Equity Committee and its professional advisors have been actively involved in the Debtors' chapter 11 cases.  The distributions embodied in the Plan are a result of negotiations between the constituencies in these chapter 11 cases and represents, in the Equity Committee's view, a reasonable distribution on Equity Holders' interests, as compared with the prospect of protracted litigation.  In that regard, the Equity Committee supports the Plan.

Distributions to Equity Holders under the Plan

       The Plan provides that the Existing Common Stock will be canceled on the date the Plan becomes effective (the "Effective Date"), which the Debtors currently expect to occur towards the end of February 2008.   Under the Plan, each Equity Holder will receive its pro rata distribution of (1) 461,522 shares of New Common Stock of Reorganized Delphi having an aggregate Plan Equity Value of $27.5 million, (2) freely transferable six-month warrants to purchase $1.0 billion of New Common Stock of Reorganized Delphi struck at a 9.0% premium to Plan Equity Value ($59.61 per share), (3) freely transferable seven-year warrants to purchase 6,908,758 shares of New Common Stock of Reorganized Delphi struck at a 20.7% premium to Plan Equity Value, (4) freely transferable ten-year warrants to purchase 2,819,901 shares of New Common Stock of Reorganized Delphi struck at Plan Equity Value and (5) non-transferable par value rights to purchase approximately 21,680,996 shares of the New Common Stock of Reorganized Delphi struck at Plan Equity Value (the "Par Value Rights").  The Disclosure Statement states that the estimated total value of these distributions to all Equity Holders is $348 million.  The distributions will only be made if the Plan is confirmed by the Bankruptcy Court and the Debtors satisfy all conditions to consummation of the Plan, except to the extent waived.  In addition, pursuant to the Plan, in consideration for the distributions under the Plan, Equity Holders will be providing releases to the Debtors and various parties, including General Motors, as specified in Article XI of the Plan.

1.     New Common Stock Distribution

       The Plan provides that, as a holder of Existing Common Stock, you will receive one share of New Common Stock for approximately every 1,218 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 1,218 shares, please see Section 6 below.

2.     Six-Month Warrants

       The Plan provides that, as a holder of Existing Common Stock, you will also receive Six-Month Warrants to purchase one share for approximately every 37 shares of Existing Common Stock that you hold on the Effective Date.  To the extent you hold less than 37 shares, please see Section 6 below.  Each Six-Month Warrant will give you the right to purchase one share of the New Common Stock for $65.00 per share (a 9.0% premium to the Plan Equity Value).  The

terms of the Six-Month Warrants are described in Section IX.F.17(b) of the Disclosure Statement.

3.   Seven-Year Warrants

The Plan provides that, as a holder of Existing Common Stock, you will also receive Seven-Year Warrants to purchase one share for approximately every 82 shares of Existing Common Stock that you hold on the Effective Date. To the extent you hold less than 82 shares, please see Section 6 below. Each Seven-Year Warrant will give you the right to purchase one share of the New Common Stock for $71.93 per share (a 20.7% premium to the Plan Equity Value). The terms of the Seven-Year Warrants are described in Section IX.F.17(a) of the Disclosure Statement.

4.   Ten-Year Warrants

The Plan provides that, as a holder of Existing Common Stock, you will also receive Ten-Year Warrants to purchase one share for approximately every 200 shares of Existing Common Stock that you hold on the Effective Date. To the extent you hold less than 200 shares, please see Section 6 below. Each Ten-Year Warrant will give you the right to purchase one share of the New Common Stock for $59.61 per share (the Plan Equity Value). The terms of the Ten-Year Warrants are described in Section IX.F.17(c) of the Disclosure Statement.

5.   Par Value Rights

The Plan provides that, as a holder of Existing Common Stock, you will also receive non-transferable Par Value Rights to purchase one share of New Common Stock for approximately every 26 shares of Existing Common Stock that you hold as of the close of business on the date when the Confirmation Hearing commences. To the extent you hold less than 26 shares, please see Section 6 below. The purchase price for these shares of New Common Stock will be $59.61 per share (the Plan Equity Value). These rights will be exercisable during the Rights Offering period as described in the Disclosure Statement, but they will not be transferable.

To the extent parties believe the Par Value Rights have value, such value should theoretically be reflected in the price of the Existing Common Stock in the market. In that regard, if you do not choose to exercise your Par Value Rights under the Par Value Rights Offering, it may still be possible to realize value in respect of the rights by selling your shares of Existing Common Stock prior to the Rights Offering Record Date. If you do not exercise your Par Value Rights or sell your Existing Common Stock, the value attributable to such rights (if any) will be forfeited. Holders of Existing Common Stock are encouraged to carefully review the Disclosure Statement and Plan and consult their own advisors in making any determination with respect to the exercise of rights or the sale of shares of Existing Common Stock. **The Equity Committee does not make any recommendation with respect to any exercise of rights or the sale of shares of Existing Common Stock.**

6. <u>Distributions of Fractional Securities</u>

As set forth in Article 9.10 of the Plan, the Debtors will not make distributions of fractional securities of New Common Stock to holders of Existing Common Stock. In addition and also as set forth in Article 9.10 of the Plan, the Debtors will not make distributions of fractional New Warrants to holders of Existing Common Stock unless you elect otherwise as described in the paragraph below. The minimum amount of shares required to receive at least one full share of New Common Stock and at least one Six-Month Warrant, Seven-Year Warrant, Ten-Year Warrant and Par Value Right exercisable to purchase at least one full share of New Common Stock are set forth above. If you hold less than the specified amount of shares of Existing Common Stock, you will receive the following treatment: Reorganized Delphi will aggregate all fractional shares of New Common Stock (the "Fractional Shares") and, unless you elect otherwise as described below, will aggregate all fractional New Warrants (the "Fractional Warrants") that would otherwise be distributable to Equity Holders and will sell such securities on the open market. The proceeds of such sale will then be distributed by Reorganized Delphi pro rata to all Equity Holders who would have otherwise been entitled to receive Fractional Shares or Fractional Warrants. There can be no assurances as to the price at which Reorganized Delphi may be able to sell such securities, including whether such prices will be at the levels set forth in the Disclosure Statement with respect to such securities, or the amount of distributions to be made therefrom.

In lieu of the treatment set forth above, Equity Holders will have the right to elect to receive their Fractional Warrants instead of the cash distribution described above. There are important procedures set forth on the ballot included in the solicitation materials enclosed herewith that must be followed in order to elect to receive Fractional Warrants. A Fractional Warrant will not be exercisable unless it is aggregated with other like Fractional Warrants so that when exercised, in the aggregate, such Fractional Warrants result in the purchase of a whole share of New Common Stock. In other words, Fractional Warrants cannot be exercised for Fractional Shares and must be combined so that Reorganized Delphi issues only whole shares. There can be no assurances that a market will develop for the Fractional Warrants and Equity Holders are encouraged to consult with their own advisors when determining whether to elect to receive Fractional Warrants.

<u>Voting on the Plan</u>

Please be reminded that your vote to accept or reject the Plan as indicated on the enclosed ballots must be <u>received</u> in accordance with the instructions on your ballot such that the voting agent (Financial Balloting Group LLC) receives your vote, whether directly or through your nominee pursuant to a master ballot, on or before the Voting Deadline, which is January 11, 2008, at 7:00 p.m. prevailing Eastern time. Please refer to the enclosed Confirmation Hearing Notice, the instructions attached to the ballots, and Article II of the Disclosure Statement for information regarding voting. Until the Plan is voted upon by the Debtors' constituencies, confirmed by the Bankruptcy Court, and the conditions to the Plan are satisfied or otherwise waived, the terms described in the Plan and in the Disclosure Statement (and the contemplated distributions and recoveries) are not effective. The Plan cannot be implemented until it has been confirmed by the Bankruptcy Court.

Additional Information

**This letter is not meant to provide a complete description of the Plan's treatment of Equity Holders' interests and is not a substitute for the information contained in the Plan and Disclosure Statement and the other accompanying documents. You should review the Plan and Disclosure Statement to understand the Plan's effect on your interests in Delphi and the procedures with respect to voting on the Plan.**

Sincerely,

The Official Committee of
Equity Security Holders

595967