KIRKPATRICK & LOCKHART  
PRESTON GATES ELLIS LLP  
Edward M. Fox, Esq. (EF1619)  
599 Lexington Avenue  
New York, New York 10022  
Telephone (212) 536-3900  

Hearing Date: January 17, 2008  
10:00 A.M.

Attorneys for Wilmington Trust Company,  
as Indenture Trustee

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
--------------------------------------------------------X  
In re:                                          :         Chapter 11  
                                                :         Case No. 05-44481 (RDD)  
DELPHI CORPORATION, *et al.*,                   :         (Jointly Administered)  
                                                :  
        Debtors.                                :  
--------------------------------------------------------X  

**LIMITED OBJECTION OF WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE, TO CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION DATED DECEMBER 10, 2007**

Wilmington Trust Company ("WTC"), as indenture trustee for the senior notes and debentures (the "Senior Debt") in the aggregate principal amount of $2 billion issued by Delphi Corporation ("Delphi"), by and through its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby files this limited[1] objection to confirmation of the First Amended Joint Plan of Reorganization dated December 10, 2007 (the "Plan")[2] filed by Delphi and certain of its debtor subsidiaries and affiliates (collectively, the "Debtors"), stating as follows:

---

[1] WTC reserves the right to file other and further objections to the Plan depending upon the outcome of balloting with respect to acceptance or rejection of the Plan as ultimately certified by the Balloting Agent, or in the event of any changes to the terms of, or recoveries under, the Plan.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in Article I.B of the Plan.

NY-579152 v1

### A. IN ORDER TO ESTABLISH FEASIBILITY, THE DEBTORS MUST PRESENT EVIDENCE OF A FIRM FINANCING COMMITMENT

1.      Section 1129(a)(11) of the Bankruptcy Code requires that, before a plan can be confirmed, the court must find that, "[c]onfirmation of the plan is not likely to be followed by liquidation, or the need for further financial reorganization of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."  11 U.S.C. § 1129(a)(11).

2.      This feasibility requirement "prevent[s] confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor possibly can attain after confirmation."  In re Union Fin. Servs. Group, Inc., 303 B.R. 390, 427 (Bankr. E.D. Mo. 2003); In re Ralph C. Tyler, P.E., P.S., Inc., 156 B.R. 995, 997 (Bankr. N.D. Ohio 1993) (holding plan was not feasible because debtor did not have a firm commitment in place for the financing required under the plan).

3.      The success of the Debtors' Plan is contingent on their ability to obtain approximately $5.2 billion in exit financing that is necessary to fund their obligations under the Plan, (Plan, § 12.2(a)), but without exceeding the $585 million cap on interest costs imposed by the EPCA.

4.      Particularly in view of the continuing turmoil in the credit markets, it is extremely important that the Debtors establish at the hearing on confirmation of the Plan that they have a firm commitment for the financing required under the Plan and the EPCA.

5.      Absent a firm financing commitment, the Debtors' ability to consummate their Plan is speculative at best, and the Debtors cannot prove that the Plan is feasible as required by 11 U.S.C. § 1129(a)(11).

6. Accordingly, WTC leaves the Debtors to their proof at the hearing on confirmation of the Plan with respect to the existence of a firm financing commitment.

**B. THE PLAN DOES NOT PROVIDE AN APPROPRIATE MECHANISM FOR LIQUIDATION AND PAYMENT OF WTC'S CLAIM FOR POSTPETITION FEES AND EXPENSES**

7. Under the terms of the Senior Notes Indenture,[3] Delphi is obligated to pay WTC "reasonable compensation," as well as "all reasonable expenses, disbursements and advances incurred or made by [WTC] in accordance with provisions of th[e] Indenture (including the reasonable compensation, expenses and disbursements of its counsel and of all persons not regularly in its employ)." (Senior Notes Indenture, § 7.06).

8. The Senior Notes Indenture further provides that "[t]he obligation of the Corporation . . . to compensate the Trustee and to pay or reimburse the Trustee for reasonable expenses, disbursements and advances . . . shall be secured by a lien prior to that of the Securities upon all property and funds held or collected by the Trustee as such." (Id.).

9. Consequently, unless the Debtors make appropriate provision for the liquidation and payment of WTC's fees and expenses prior to the date on which distributions are commenced under the Plan, WTC will be forced, in order to satisfy its own claims under the Indenture, to assert its lien against any distributions made to the Senior Debt.[4] This could

---

[3] A copy of the Senior Notes Indenture is annexed hereto as <u>Exhibit A</u>.

[4] Pursuant to Sections 7.10, 9.3 and 9.4 of the Plan, WTC is a "Servicer" and the Debtors are required to deliver the distributions for holders of Senior Debt to WTC as required by Fed. R. Bankr. P. 3021. Thereupon, after asserting its charging lien in order to satisfy its claim for fees and expenses, including the fees and disbursements of its counsel, WTC will make the distribution to the holders of Senior Debt.

If, for any reason, the Debtors do not agree that WTC is a "Servicer" as defined in Section 7.10 of the Plan, or do not believe Sections 7.10, 9.3 and 9.4 of the Plan obligate the Debtors to make the distributions for holders of Senior Debt to WTC, the Debtors must so state at the confirmation hearing so that the Plan's compliance with Fed. R. Bankr. P. 3021 can be addressed, or the Debtors must be forever bound by WTC's interpretation of these provisions.

potentially result in substantial delays in the receipt of distributions by the Senior Note Holders, and also deprive them of the full payment promised by the Plan.[5]

10. Section 10.4 of the Plan appears to be designed to address this issue by permitting the Debtor to pay the fees and expenses incurred by WTC (and other indenture trustees) to the extent they are less than the amounts set forth on Exhibit 10.4 to the Plan. Section 10.4 would also appear to permit the Debtors to pay WTC's fees and expenses even if they exceed the amounts reflected on Exhibit 10.4, subject to the Debtors' and the Creditors Committee's right to object if they deem WTC's fees and expenses to be unreasonable.

11. Section 10.4 of the Plan, by its terms, provides for reimbursement of the "prepetition fees and expenses" incurred by WTC. After the Disclosure Statement was approved and solicitation packages were mailed, however, Debtors' counsel advised WTC that the Debtors construe this phrase to mean that only the fees and disbursements incurred by WTC prior to the Petition Date are compensable under this provision. The Debtors take this position despite the fact that (i) the Debtors knew, at the time they prepared this provision of the Plan, that based on the proof of claim filed in the case by WTC, WTC had no outstanding fees and disbursements accrued during the period prior to the Petition Date and (ii) the indenture trustee's fees and disbursements accruing after the Petition Date are, in fact, allowable prepetition obligations of the Delphi Corporation estate under the Indenture. See Travelers Casualty & Insurance Co. of America v. Pacific Gas & Electric Co., ___ U.S. ___, 127 S. Ct. 1199, 1203-04 (2007) ("it remains true that an otherwise enforceable contract allocating attorney's fees (i.e. one

---

[5] WTC reserves the right to seek postpetition interest with respect to its claims for fees and expenses under the Indenture.

- 4 -

that is enforceable under substantive non-bankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise.").

12.    In light of the Debtors' cramped interpretation of section 10.4 of the Plan, the only apparent mechanism for payment of WTC's fees and disbursements will be pursuant to an application for payment of a substantial contribution award under 11 U.S.C. § 503.[6] Consequently, the Plan impermissibly affects WTC's rights under the Indenture and, therefore, cannot be confirmed.

13.    Additionally, despite the requirements of section 10.4 of the Plan and the Solicitation Procedures Order, <u>Exhibit 10.4</u> fails to set forth any specific amount of fees that the Debtors believe would be reasonable. Instead, the schedule states "reasonable fees and expenses as approved by the Debtor." This is inappropriate and the Debtors should be required to file an amended version of <u>Exhibit 10.4</u> setting forth in good faith the amount of "reasonable fees and expenses" to which the Debtor will agree for each Indenture Trustee.

14.    In order to remedy these issues – and avoid any unintended delays in the delivery of distributions to the Senior Note Holders – WTC respectfully requests that the Court: (i) determine that Section 10.4 of the Plan is intended to cover the reasonable fees and expenses incurred by WTC from and after the Petition Date in fulfilling its duties as Senior Notes Indenture Trustee pursuant to the Senior Notes Indenture, and (ii) direct the Debtors to provide, in good faith, an actual numerical amount of fees in <u>Exhibit 10.4</u>.

---

[6] See Plan sections 9.6(e) and 9.8(c), which would otherwise bar WTC's claim for fees and expenses.

WHEREFORE, WTC respectfully requests the Court to enter an order denying confirmation of the Plan and granting such other and further relief as this Court deems just.

Dated: New York, New York
       January 11, 2008

                                      KIRKPATRICK & LOCKHART
                                      PRESTON GATES ELLIS LLP

                                      By: */s/ Edward M. Fox*
                                            Edward M. Fox (EF1619)
                                            A Member of the Firm
                                      Attorneys for Wilmington Trust Company,
                                      as Indenture Trustee
                                      599 Lexington Avenue
                                      New York, NY 10022
                                      (212) 536-3900