**Patricia A. Gordon**
**631H Skinnersville Road**
**Amherst NY 14228**
**716-688-4390**
**pg14228@peoplepc.com**

RECEIVED
BY MAIL ☐
BY HAND ☐
JAN 1 1 2008
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM

January 9, 2008

Honorable Robert D. Drain
United States Bankruptcy Judge
United State Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 610
New York NY 10004

Honorable Judge Drain:

This is not an objection to the "Discount Rights Offering" itself, but it does pertain to the "Offering". It is a revision (objection) of my Claim of Benefits (amount) which was filed originally on July 12, 2006.

I have been unable to obtain a reply after many attempts as to how I file this "objection" to correct the amount listed on the "Rights Offering Estimation Motion" table; therefore, I am forwarding the information to your office (and to every entity listed as to where objections should be filed) in the hopes that you/someone can assist me. This retirement is my future that I had planned on and have become frustrated at being ignored and unable to obtain an answer from all of the sources I have tried to contact (telephone hot line, sending inquiries, emails). I am hoping through this it will get to the correct department.

The amount on the Creditor Table for my name (Patricia A. Gordon) is listed as "0", when, in fact, as you can see from the attached documentation (QUADRO), the amount should be a percentage of my total claim of $267,471.00. I have also enclosed documentation as to how the amount was arrived at and my original Proof of Claim together with a new first page.

I am thanking you in advance for any assistance your office can give me regarding this issue.

Sincerely,

*Patricia A. Gordon*

Patricia A. Gordon
attach.

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT** ___Southern___ **DISTRICT OF** ___New York___

| | |
|---|---|
| Name of Debtor: DELPHI CORPORATION et al. | Case Number: 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): GORDON, PATRICIA A

Name and address where notices should be sent:
GORDON, PATRICIA A.
631 H SKINNERSVILLE RD.
AMHERST, NY 14228

Telephone number: (716) 688-4390

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☒ replaces / ☐ amends  a previously filed claim, dated: 7/12/06
SEE ATTACHED

### 1. Basis for Claim
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

SRP

- ☒ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____

### 2. Date debt was incurred: EX HUSBAND RETIRED 3/1/00 & QDRO FILING DATE 10/5/2004

### 3. If court judgment, date obtained: QDRO ATTACHMENT 'B'

### 4. Total Amount of Claim at Time Case Filed: $ _____ (unsecured) _____ (secured) SEE ATTACHED $267,471 (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

### 5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

### 6. Unsecured Nonpriority Claim $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

### 7. Unsecured Priority Claim.
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 267,471
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☒ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7). (QDRO)
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

### 8. Credits:
The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

### 9. Supporting Documents:
Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

### 10. Date-Stamped Copy:
To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 6/10/2006 | P.A. Gordon    P.A. GORDON |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CORRECTED FILING 1/9/08

FORM B10 (Official Form 10) (04/05)     ORIGINAL, NC     # 9229

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|
| Name of Debtor: DELPHI CORPORATION et al.    Case Number: 05-44481 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
GORDON, PATRICIA A.

Name and address where notices should be sent:
GORDON, PATRICIA A.
631 H SKINNERSVILLE RD.
AMHERST, NY 14228

Telephone number: (716) 688-4390

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Claim #09229
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

**RECEIVED**
JUL 12 2006
KURTZMAN CARSON

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends if this claim a previously filed claim, dated: ____

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☒ Other ___SERP___

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: ____
Unpaid compensation for services performed
from _____ to _____
(date) (date)

**2. Date debt was incurred:** EX HUSBAND RETIRED 3/1/00
& QDRO FILING DATE 10/5/2004

**3. If court judgment, date obtained:** QDRO ATTACHMENT 'B'

**4. Total Amount of Claim at Time Case Filed:** $ _____ (unsecured) _____ (secured) SEE ATTACHED (priority) _____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☒ Alimony, maintenance, or support owed to a spouse, (former spouse), or child - 11 U.S.C. § 507(a)(7). (QDRO)
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE FOR COURT USE ONLY
CLAIMS PROCESSING CENTER
USBC, SDNY
2006

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 6/10/2006 | [signature] P.A. GORDON |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up t

0544481060710000000000018

**EXHIBIT 1 - RIGHTS OFFERING ESTIMATION MOTION**

| CREDITOR'S NAME | CLAIM NUMBER | TOTAL ASSERTED CLAIM AMOUNT | DATE FILED | DISCOUNT RIGHTS OFFERING PARTICIPATION AMOUNT |
|---|---|---|---|---|
| GEORGE B ALBRECHT | 9773 | $2,100,876.18 | 07/18/2006 | $1,440,975.73 |
| GEORGE B SLOAN JR | 9782 | $2,252,726.13 | 07/18/2006 | $1,646,159.25 |
| GERNHART SANDRA | 14893 | UNL | 07/31/2006 | $0.00 |
| GLENN M HOWARTH | 15336 | UNL | 07/31/2006 | $0.00 |
| GOLICK EDWARD A | 9536 | UNL | 07/14/2006 | $459,386.90 |
| (GORDON PATRICIA A) | 9229 | UNL | 07/10/2006 | ~~$0.00~~  *$267,471* |
| GRAHAM GERALD | 9520 | $2,537,008.00 | 07/14/2006 | $0.00 |
| GREEN THOMAS | 13539 | $2,786,362.00 | 07/31/2006 | $0.00 |

*UNL stands for Unliquidated

*TBS stands for To Be Scheduled                Page 60 of 228

**Attachment to Proof of Claim Form**

**Salaried Retirement Program (SRP) Agreement**

CLAIM SUMMARY as Of 1/09/08

**Debtor: Delphi Corporation et al.**           **Case Number 05-44481**
**Creditor: Patricia A. Gordon**                **SSN# XXX – XX – 9600**

**Basis for Claim: Salaried Retirement Program (SRP) Benefit form Ex-Husband as Provided to me Via Court Ordered QDRO**

Attached documents indicate that currently the Post Retirement Salaried Retirement Program (SRP) coverage is shared between my ex-husband and myself, the creditor, and is in place and that it has been in place since the QDRO was filed 10/5/2004.

Birth date for the creditor is included for any necessary actuarial calculation. See Attachment "A" for life expectancy background, calculations and derivation. See Attachment "B" for QDRO information and for recent paycheck stubs showing receipt of claimed amounts.

Patricia A. Gordon        01/08/1947   (DOB)


**SRP Benefit Per QDRO** – Information For The Court
1. My life expectancy is at least to age 83. Attachment "A"
2. I currently receive $969.10 per month. Attachment "B-4"
3. Future changes are detailed in the QDRO. Attachment "B"

**Requesting The Court's Help On This:**

**Maintain Benefits As Per QDRO** - We are requesting that the Court require that Delphi continue these priority benefits to claimant.

Please prevent adverse financial consequences for the claimant by demanding that Delphi et al. fulfill its agreements to it's retirees, spouses, and ex-spouses, as they had originally promised their salaried employees before retiring.

CREDITOR CLAIM FOR P. A. Gordon. DEBTOR - DELPHI CORPORATION et al., Case No. 05-44481. All funds are in USD. The time value of money, rates of inflation, or increases in PBGC $ are not considered.

# Period Life Table

Updated April 6, 2006

www.socialsecurity.gov

## Attachment A

(Partial Table Reproduced: For P. A. Gordon Actuarial Data)
(PAG Life Expectancy = 59 + 23.89 = 82.89, or 83 Yrs)

### Period Life Table, 2001

| Exact age | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Death probability [1] | Number of lives [2] | Life expectancy | Death probability [1] | Number of lives [2] | Life expectancy |
| 50 | 0.005566 | 91,782 | 27.85 | 0.003226 | 95,387 | 31.75 |
| 51 | 0.005972 | 91,271 | 27.00 | 0.003501 | 95,079 | 30.85 |
| 52 | 0.006416 | 90,726 | 26.16 | 0.003807 | 94,746 | 29.95 |
| 53 | 0.006905 | 90,144 | 25.32 | 0.004145 | 94,385 | 29.07 |
| 54 | 0.007448 | 89,521 | 24.50 | 0.004521 | 93,994 | 28.18 |
| 55 | 0.008056 | 88,855 | 23.68 | 0.004941 | 93,569 | 27.31 |
| 56 | 0.008740 | 88,139 | 22.86 | 0.005410 | 93,107 | 26.44 |
| 57 | 0.009507 | 87,369 | 22.06 | 0.005930 | 92,603 | 25.58 |
| 58 | 0.010366 | 86,538 | 21.27 | 0.006507 | 92,054 | 24.73 |
| **59** | 0.011324 | 85,641 | 20.49 | **0.007142** | **91,455** | **23.89** |
| 60 | 0.012395 | 84,671 | 19.72 | 0.007853 | 90,802 | 23.06 |
| 61 | 0.013579 | 83,622 | 18.96 | 0.008634 | 90,089 | 22.24 |
| 62 | 0.014867 | 82,486 | 18.21 | 0.009473 | 89,311 | 21.43 |
| 63 | 0.016259 | 81,260 | 17.48 | 0.010369 | 88,465 | 20.63 |
| 64 | 0.017774 | 79,939 | 16.76 | 0.011336 | 87,548 | 19.84 |

As Of 6/10/06

**HENRIK H. HANSEN, PLLC**
ATTORNEY AT LAW
410 BEWLEY BUILDING
LOCKPORT, NEW YORK 14094

Telephone: 716-434-6301
Fax: 716-434-6302

Octoberber 13, 2004

Pension Administration Center
Delphi Automotive Systems
Salaried Retirement Program and SERP
P.O. Box 5014
Southfield, Michigan 48086-5014

Re:   Patricia Ritzenthaler n/k/a Patricia Gordon vs. Francis H. Ritzenthaler
      Index No: 91872
      My File No: 7914

Dear Pension Administrator:

Enclosed is the Domestic Relations Order filed October 5, 2004 in the Niagara County Clerk's Office.

Please review the Order and, if it is acceptable, please notify me in writing that the Order is approved and accepted by you.

Very truly yours,

Henrik H. Hansen

HHH/dab
Enc
Copy: Francis H. Ritzenthaler
      Holly Baum, Esq.

At a Trial Term of the Supreme Court held in and for the County of Niagara at the Niagara County Civic Building on the 30 day of September, 2004.

PRESENT: HON. Vincent E. Doyle J.S.C.
Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

PATRICIA RITZENTHALER,
(n/k/a PATRICIA GORDON)

           Plaintiff,

vs.

FRANCIS H. RITZENTHALER,

           Defendant.

**ORIGINAL FILED**

**OCT 0 5 2004**

WAYNE F. JAGOW
NIAGARA COUNTY CLERK

ACTION FOR DIVORCE

AMENDED QUALIFIED
DOMESTIC RELATIONS
ORDER

Index No. 91872

Pursuant to a Judgment of Divorce granted January 30, 1997 by the Hon. John F. O'Donnell, J.S.C., and filed in the Niagara County Clerk's Office on June 4, 1997, and upon the stipulation in open court subsequently entered into by the parties on November 29, 1999 (the "Stipulation"); and

WHEREAS, this Order is made pursuant to such Judgment of Divorce and Stipulation, and pursuant to New York State Domestic Relations Law which relates to marital rights between spouses and former spouses; and

WHEREAS, Francis H. Ritzenthaler (the "Participant") is a retired participant who is in pay status under the Delphi Automotive Systems Salaried Retirement Program (the "Plan") with an accrued benefit under the terms of the Plan; and

WHEREAS, the Participant also is entitled to benefits under the Delphi

Automotive Systems Supplemental Executive Retirement Program ("SERP"); and

WHEREAS, the Judgment provides for the assignment of a portion of the Participant's retirement benefit to his former spouse Patricia Ritzenthaler, who is now known as Patricia Gordon (and who is an "alternate payee" within the meaning of Section 414(p)(8) of the Internal Revenue Code of 1986 (the "Code") and Section 206(d)(3)(K) of Employee Retirement Income Security Act of 1974 ("ERISA"), hereinafter referred to as the "Alternate Payee"); and

WHEREAS, the entry of a qualified domestic relations order ("QDRO"), as defined in Section 414(p) of the Code and Section 206(d)(3) of ERISA, is required to provide for the division and disposition of the Participant's benefits under the Plan, and to grant to the Alternate Payee rights to such benefits on the terms set forth in such QDRO (including direct payments to the Alternate Payee from the Plan); and

WHEREAS, the Plan Administrator has determined that the Domestic Relations Order with respect to the Participant's benefits under this Plan that was granted on June 1, 2004 and that was entered in the office of the Clerk of the County of Niagara on June 4, 2004, is not a QDRO (the ("DRO"); and

WHEREAS, this Order, which is intended to supersede the DRO in its entirety, is intended to be a QDRO and the provisions of this Order are intended to operate as an effective assignment of a portion of the Participant benefits under the Plan, as well as an effective assignment of a portion of the Participant's benefits under the SERP, as marital property interests to the Alternate Payee under both New York State and federal law, for all purposes;

NOW, THEREFORE, on the motion of Henrik H. Hansen, Esq., attorney for the Participant, and with the consent of Holly Baum, Esq., of counsel to Debra C. Rougeux, Esq., Tronolone & Surgalla, P.C., attorneys for the Alternate Payee; it is hereby

2

**ORDERED:**

1. **Administration of Order.** This Order, the terms of which shall supersede in its entirety the DRO previously submitted to the Plan Administrator on a prospective basis, shall be administered and interpreted in conformity with the Code and ERISA.

2. **Relevant Information.** The name, mailing address, Social Security Number and Date of Birth of the Participant are as follows:

| | |
|---|---|
| Name: | Francis H. Ritzenthaler |
| Address: | 7672 Highland Drive<br>Gasport, NY 14067 |
| Social Security No.: | 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 |
| Date of Birth: | September 24, 1946 |

The name, mailing address, Social Security Number and Date of Birth of the Alternate Payee are as follows:

| | |
|---|---|
| Name: | Patricia Gordon |
| Address: | 631H Skinnersville Road<br>Amherst, NY 14228-2503 |
| Social Security No.: | 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 |
| Date of Birth: | January 8, 1947 |

3. **Amount to be Paid to Alternate Payee and Form of Benefit Payment.**

   (a) **Plan Benefits.** Pursuant to Sections 401(a)(13) and 414(p) of the Code and Section 206(d)(3) of ERISA and in accordance with the Domestic Relations Law of the State of New York, the Participant assigns to the Alternate Payee, and the Alternate Payee is hereby awarded and shall receive directly from the Plan (at the time hereinafter provided), an amount equal to fifty percent (50%)

3

of the marital share of the Participant's pension benefits (which shall <u>not</u> include any non-pension related benefits such as company-paid life insurance, PULI [liability insurance], stock or stock options and company discounts), such marital share to be determined by multiplying the benefits described under (i) below by the marital fraction set forth in (ii) below:

  **(i)**   the Participant's monthly pension benefit under the Plan payable for the Participant's lifetime only, regardless of the actual benefit option selected by the Participant.

  **(ii)**   a fraction, the numerator of which is the number of years (including partial years), between January 6, 1968 (date of marriage) and October 10, 1995 (the date the action commenced), which are taken into account for purposes of benefit accrual under the Plan, and the denominator of which is the total number of years (including partial years), which are taken into account for purposes of benefit accrual under the Plan as of the Participant's retirement date. The period from January 24, 1972 until December 19, 1972 shall not be included in the numerator or the denominator to the extent the Participant was not entitled to credited service for benefit accrual purposes during that period for the Plan or the SERP because the Participant was on educational leave. Also, any credited service the Participant earned prior to the marriage shall not be included in the numerator.

 **(b)**   **SERP Benefits.** In accordance with the Domestic Relations Law of the State of New York, the Participant assigns to the Alternate Payee, and the

4

Alternate Payee is hereby awarded and shall receive directly from the SERP (at the time hereinafter provided), an amount equal to fifty percent (50%) of the marital share of Participant's SERP benefits, such marital share to be determined by multiplying the benefit amounts determined under (i) below by the marital fraction set forth in (ii) below:

   (i) the Participant's maximum monthly SERP benefits (except as otherwise provided in subsection (c) below);

   (ii) a fraction which is identical to the fraction described in Section 3(a)(ii) of this Order.

  (c) **Calculation of Alternate Payee's Share of SERP Pre and Post Participant's Age 62.** For the purpose of determining the Alternate Payee's share of the Participant's monthly SERP benefit in accordance with the formula set forth in subsections 3(a) and 3(b) above, the sum of $1,165.50 shall be excluded from said monthly SERP benefit (until the Participant reaches his 62nd birthday as provided below), and the remaining portion of the SERP benefit shall be apportioned and distributed between the Participant and the Alternate Payee according to the formula set forth in subsections 3(a) and 3(b) above. Notwithstanding the foregoing, commencing upon the reduction of the amount of the Participant's monthly SERP benefit following his attainment of age 62 (September 24, 2008), the Alternate Payee's share shall be determined using the Participant's total monthly SERP benefit payable thereafter.

**(d)     Duration of Benefit Payments.** The benefits payable to the Alternate Payee pursuant to this Order shall be payable to the Alternate Payee for the life of the Participant.

4.     **Commencement of Payments to the Alternate Payee.** Benefit payments to the Alternate Payee under this Order shall commence with the first payment that is made following the date this Order is determined to be a QDRO or as soon as administratively practicable thereafter. Payments to the Alternate Payee hereunder shall be made in accordance with the requirements of Section 401(a)(9) of the Code and the regulations thereunder as applied to the Plan.

5.     **Death of the Participant.** The Alternate Payee shall not be entitled to post-retirement survivor benefits under the Plan and/or the SERP. Any surviving spouse of the Participant shall receive any survivor benefits as provided to a spouse by the Plan and/or the SERP.

6.     **Death of the Alternate Payee.** Payments of benefits assigned to the Alternate Payee from the Plan and the SERP shall revert to the Participant upon the death of the Alternate Payee.

7.     **Alternate Payee's Obligation.** The Alternate Payee shall keep the Plan Administrator informed of Alternate Payee's current address. Notice of change of address shall be made in writing by the Alternate Payee to the Plan Administrator addressed as follows (or to such other address as the Plan Administrator may specify by written notice to the Alternate Payee's last known address):

> Pension Administration Center
> Delphi Automotive Systems
> Salaried Retirement Program and SERP

P.O. Box 5014
Southfield, Michigan 48086-5014

8.  **Rights of Participant and Spouse.** The Participant and any person to whom he may become legally married shall have no further rights under the Plan with respect to the portion of the Participant's benefit assigned to the Alternate Payee hereunder unless the Alternate Payee predeceases the Participant before her benefit payments have commenced.

9.  **Liability for Taxes.** The Alternate Payee (or her successors and assigns after her death), shall be solely responsible for, and bear the burden of, all local, state and federal income and excise taxes due on benefits paid to the Alternate Payee, subject to applicable law.

10. **Cooperation of the Parties.** The Participant and the Alternate Payee shall take such further action as may be necessary to ensure that a prompt determination is made by the Plan Administrator or a court of competent jurisdiction that this Order constitutes a QDRO.

11. **Actuarial Calculations.** Actuarial calculations made pursuant to this Order shall be performed by or on behalf of the Plan Administrator or SERP administrator) in accordance with the actuarial assumptions and methods used for similar calculations under the Plan or under the SERP. Actuarial calculations performed pursuant to the preceding sentence shall be final and binding on the Plan or the SERP and on the Participant and the Alternate Payee.

12. **No Increase in Benefits.** Benefits paid to the Alternate Payee from the Plan and SERP in accordance with the terms of this Order shall not exceed the benefits (determined on the basis of actuarial value) to which the Participant is entitled under the Plan and the SERP respectively.

13. **Benefits Payable to Another Alternate Payee.** The Alternate Payee shall not be entitled to benefits with respect to the Participant under the Plan which are required to be paid to another alternate payee under another order which was determined to be a QDRO with respect to the Participant's benefit under the Plan prior to the date this Order was determined to be a QDRO.

14. **Successor Plans.** In the event that this Order is determined to be a QDRO, this Order shall remain qualified with respect to any successor plan or plans to the Plan.

15. **Conflict.** In case of a conflict between the terms of this Order and the terms of the Plan or the SERP, the terms of the Plan or the SERP (as applicable) shall prevail.

16. **Modifications to Conform to Changes in the Law.** If the terms of this Order hereafter conflict with any applicable mandatory provisions required by future statutes or regulations, then this Order shall be modified to the extent of eliminating such conflict, the sole purpose of which is to ensure the Alternate Payee's right to receive the maximum benefits intended by this Order.

17. **Constructive Receipt.** The Participant has been in receipt of benefits since retirement in March, 2000, and has been distributing to the Alternate Payee her (estimated) share of the Plan and SERP benefits he has been receiving. If the final disbursement calculations by the Plan/SERP Administrator are different (either over or under the estimated amount being disbursed by the Participant to the Alternate Payee), then the Participant and the Alternate Payee will make any adjustments between themselves for any differences after payments have commenced to the Alternate Payee from the Plan/SERP in accordance with this Order.

18. **Actions by Participant.** The Participant shall not take any actions, affirmative or otherwise, that circumvent the terms and provisions of this Order, or that diminish

or extinguish the rights and entitlements of the Alternate Payee as set forth herein. Should the Participant take any action, or fails to take an action, to the detriment of the Alternate Payee, he shall be required to make sufficient payments directly to the Alternate Payee to the extent necessary to neutralize the effects of those actions, or failure to act, so that the Alternate Payee receives her full entitlements hereunder.

19.    **Alternate Payee's Right to Information**. The Alternate Payee shall have the same rights as any participant in the Plan or in the SERP to request copies of the Plan document and SERP document, summary plan description or any other information maintained by the Plan Administrator or the SERP administrator regarding the benefits awarded to the Alternate Payee under this Order.

20.    **Service on Plan Administrator**. Holly Baum, Esq., on behalf of the Alternate Payee, shall deliver a copy of this Order to the Plan Administrator by U.S. mail and service of a copy of the within Order upon the Plan Administrator shall be deemed to be good and sufficient service as to the Plan Administrator as if it were personally served in the State of New York.

21.    **Jurisdiction Retained**. This Court retains jurisdiction to amend this Order to the extent necessary to conform this Order to the requirements for a QDRO under Section 414(p) of the Code and Section 206(d)(3)(B) of ERISA; provided, however, that no amendment of this Order shall require the Plan or the SERP to provide (i) any type or form of benefits, or any options, not otherwise provided under the Plan or the SERP, or (ii) increased benefits (determined on the basis of actuarial value), nor shall any amendment of this Order invalidate this Order as a QDRO. Furthermore, this Court retains jurisdiction to implement and supervise

the payment of benefits to the Alternate Payee, as provided herein, should either party make such application and the Court determines such to be necessary or otherwise appropriate.

**VINCENT E. DOYLE, JSC**
_____
HON.                                      , J.S.C.

GRANTED:

**GRANTED**

SEP 5 0 2004

BY  **NICOLE SCHUG**
    NICOLE SCHUG
    COURT CLERK

**Pension and CISA Administration Center**
P.O. Box 5014
Southfield, Michigan 48086-5014
**1-800-659-2000**
Telecommunication Device for the Deaf
1-800-659-8811

November 22, 2004

Henrik H Hansen, Esq.
410 Bewley Bldg.
Lockport, NY 14094-0000

Participant: **Francis H Ritzenthaler**
SSN: **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**
Alt Payee: **Patricia Gordon**
SSN: **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**
Order Entered: **09/30/2004**

On behalf of Delphi, the Plan Administrator, we have determined that the Order submitted for review is a Qualified Domestic Relations Order (QDRO) pursuant to Section 206(d)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, and Section 414(p) of the Internal Revenue Code of 1986 (IRC), as amended.

This letter supercedes the letter dated, November 4, 2004. It has recently been brought to our attention that your SERP benefit was calculated incorrectly. This letter is a revision of the previous letter sent.

The Alternate Payee's benefit will be determined by the following formula: 50% of a fraction, the numerator being the Participant's credited service accrued between 1-6-68 and 10-10-95 (not including time from 1-24-72 to 12-19-72) and the denominator being the Participant's total credited service at the Participant's retirement. This fraction will be applied to the Participant's monthly pension benefit.

The Alternate Payee is also entitled to a SERP benefit based on the entitlement formula above. A total of $1,165.50 shall be excluded from the SERP benefit until the Participant reaches the age of 62.

The Alternate Payee is entitled to a share of any early retirement supplement which may be paid to the Participant, in an amount proportional to the Alternate Payee's interest in the Participant's accrued benefit. The Alternate Payee will receive a portion of this benefit if and when it becomes payable to the Participant, and for so long as it is payable to the Participant.

The Alternate Payee is entitled to a share of any post-retirement increases which may be paid to the Participant, in an amount proportional to the Alternate Payee's interest in the Participant's accrued benefit. The Alternate Payee will receive a portion of this benefit if and when it becomes payable to the Participant.

Benefits to the Alternate Payee will commence December 1, 2004. If the

Participant has made any payments directly to the Alternate Payee, that matter must be resolved between the parties.

Case 201A Filed 01/11/08 Entered 01/14/08 14:53:33 Main Document Pg 19 of 20

ATTACHMENT B.
Pg 2 of 2

The Alternate Payee's monthly benefit has been determined to be $1,413.04 ($1,119.30 basic pension + $293.74 early retirement supplement). <u>The Alternate Payee's SERP benefit has been determined to be $969.10 per month.</u>

The Alternate Payee's benefit will continue in this amount until the Participant's benefit redetermines at his age 62 and 1 month, at which time the Plan age reduction factor and/or the early retirement supplement will no longer be applicable. At this time, the Alternate Payee's benefit will change to, and the Participant's benefit will be reduced by, $1,421.54 per month. In addition the Alternate Payee's portion of the SERP benefit will increase to $1,372.06 per month.

The Order entitles the Alternate Payee to receive a portion of the Participant's pension benefits until the Participant's death. If the Alternate Payee predeceases the Participant, then all benefits will revert to the Participant and the Participant will be entitled to receive the full Plan benefit.

The Order does not require the Plan to provide any other benefits to the Alternate Payee. If the above does not accurately reflect the intent of the parties, the QDRO should be amended accordingly. If you have any questions, please write to the Pension and CISA Administration Center at the address shown at the top of this letter.

Pension Assignment Review Team (PART)
Pension and CISA Administration Center

cc: Francis H Ritzenthaler
    Patricia Gordon


AA

| DRAFT NO. | SOCIAL SECURITY NO. | PAY ENDING DATE | PAID THRU | REG HRS | PREM HRS | OVERTIME | STATUS | NO EXEMPT | SUPP DED |
|---|---|---|---|---|---|---|---|---|---|
| 0247713 | ***-**-9690 | 05/15/2006 | | | | | SINGLE | 00 | |

| CURRENT PAY & DEDUCTIONS | AMOUNT | YEAR-TO-DATE | CURRENT PAY & DEDUCTIONS | AMOUNT | YEAR-TO-DATE |
|---|---|---|---|---|---|
| SERP | (969.10) | 4845.50 | NEW YORK STA TAX | 15.51 | 77.55 |
| GROSS PAY | 969.10 | 4845.50 | TOTAL DEDUCTIONS | 97.13 | |
| | | | NET PAY | 871.97 | |
| FEDERAL TAX | 81.62 | 408.10 | | | |