UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Case No. 05-44481RDD |
| DELPHI CORPORATION, ET AL., | Chapter 11 (Jointly Administered) |
| Debtor(s). _____/ | Hon. Robert D. Drain |

SUPPLEMENTAL RESPONSE OF THE STATE OF MICHIGAN, DEPARTMENT OF TREASURY TO DEBTOR'S STATEMENT OF DISPUTED ISSUES WITH RESPECT TO <u>PROOF OF CLAIM NUMBERS 2420, 2422, 4536, 5761, 5762, 6354, 9272, 16633, AND 16724</u>

Now comes the State of Michigan, Department of Treasury by and through its attorneys, Michael A. Cox, Attorney General and Peggy Housner, Assistant Attorney General and responds to Debtor's statement of disputed issues as follows:

1.  Agree that on or about March 23, 2006 the State of Michigan Department of Treasury (Michigan) filed proof of claim number 2420 ("Claim 2420") against Delphi Automotive Systems, LLC ("DAS LLC").  Claim 2420 is for estimated unsecured non-priority debt in the amount of $10,790,199.00 arising from use taxes and interest owed by DAS LLC to Michigan for tax years 1999, 2000, and 2001.

2.  Agree that on or about March 23, 2006 Michigan filed proof of claim number 2422 ("Claim 2422") against DAS LLC.  Claim 2422 is for estimated unsecured priority debt in the amount of $6,386,401.82 arising from taxes and interest owed by DAS LLC to Michigan for tax years, or portions thereof, 2002, 2003, 2004, and 2005.  Of the total amount claimed above, $6,386,243.50 is owed for use taxes and interest, and $158.32 is owed for Michigan diesel floor tax and interest.

1

3. Agree that on or about March 23, 2006 Michigan filed proof of claim number 4536 ("Claim 4536") against Delphi Automotive Systems Services, LLC ("DASS LLC"). Claim 4536 is for estimated unsecured non-priority debt in the amount of $20,048.53 arising from use taxes and interest owed by DASS LLC to Michigan for tax periods December 2000, January 2001, February 2001, and March 2001.

4. Agree that on or about March 23, 2006 Michigan filed proof of claim number 5761 ("Claim 5761") against Delphi Technologies Incorporated ("DTI"). Claim 5761 is for estimated unsecured non-priority debt in the amount of $1,250,306.00 arising from use taxes and interest owed by DTI to Michigan for tax years 1999, 2000, and 2001.

5. Agree that on or about March 23, 2006 Michigan filed proof of claim number 5762 ("Claim 5762") against DTI. Claim 5762 is for estimated unsecured priority debt in the amount of $1,276,165.80 arising from use taxes and interest owed by DTI to Michigan for tax years, or portions thereof, 2002, 2003, 2004, and 2005.

6. Agree that on or about May 16, 2006 Michigan filed proof of claim number 6354 ("Claim 6354") against Delphi Corporation ("Delphi"). Claim 6354 is for estimated unsecured non-priority debt in the amount of $666,927.27 arising from taxes and interest owed by Delphi to Michigan for tax years, 1999, 2000, and 2001. Of the total amount claimed above $368,923.52 is owed for use taxes and interest and $298,003.75 is owed for Michigan single business tax and interest.

7. Agree that on or about May 16, 2006 Michigan filed proof of claim number 9272 ("Claim 9272") against Delphi. Claim 9272 is for estimated unsecured priority debt in the amount of $5,731,238.42 arising from taxes and interest owed by Delphi to Michigan for tax years or portion thereof, 1999, 2000, 2002, 2003, 2004 and 2005. Of the total amount claimed

above $202,883.36 is owed for use taxes and interest and the remainder is owed for Michigan single business tax and interest.

   8. Agree that on or about July 23, 2007 Michigan filed proof of claim number 16633 ("Claim 16633"), amending Claim9272, against Delphi. Claim 16633 is for estimated unsecured priority debt in the amount of $12,954,363.21 arising from taxes and interest owed by Delphi to Michigan for tax years or portion thereof, 1999, 2000, 2002, 2003, 2004 and 2005. Of the total amount claimed above $202,883.36 is owed for use taxes and interest and the remainder is owed for Michigan single business tax and interest.

   9. Agree that on or about October 10, 2007 Michigan filed proof of claim number 16724 ("Claim 16724") amending Claim16633 against Delphi. Claim 16724 is for estimated unsecured priority debt in the amount of $10,459,293.50 arising from taxes and interest owed by Delphi to Michigan for tax years or portion thereof, 1999, 2000, 2002, 2003, 2004 and 2005. Of the total amount claimed above $202,883.36 is owed for use taxes and interest and the remainder is owed for Michigan single business tax and interest.

   10. Agree that on August 24, 2007 the Debtors objected to claims 2420, 2422, 4536, 5761, 5762, 6354 and 9272 pursuant to the Debtors' Twentieth Omnibus Objection (Docket No. 9151).

   11. Agree that on September 12, 2007, Michigan filed its Response of the State of Michigan Department of Treasury To Debtors' 20th Omnibus Objection (Docket No. 9337).

   12. Agree that on September 21, 2007, the Debtors objected to Claim16633 pursuant to the Debtors' Twenty-First Omnibus Objection (Docket No. 9535).

   13. Agree that on October 4, 2007, Michigan filed its Response of the State of Michigan Department of Treasury to Debtor's Twenty-First Omnibus Objection (Docket No. 10445).

14.     Agree that on October 26, 2007, the Debtors objected to Claim16724 pursuant to the Debtors' Twenty-Second Omnibus Objection (Docket No. 10738).

15.     Agree that on November 15, 2007, Michigan filed its Response of the State of Michigan Department of Treasury to Debtor's Twenty-Second Omnibus Objection (Docket No. 10945).

16.     Agree that on December 17, 2007, the Debtors filed the Notice of Claims Objection hearing with Respect to Debtors' Objection to proof of Claims 2420, 2422, 4536, 5761, 5762, 6354, 9272, 16633 and 16724 (Docket No. 11486).

17.     Agree that the issues involving Michigan single business taxes are not subject to this statement of disputed issues or the evidentiary hearing relating to it.  Michigan does not know what the debtor intends to seek at the Evidentiary Hearing.

18.     Agree that Michigan is currently auditing the use taxes for DAS LLC for the period of January 1, 1999 through October 7, 2005.  Michigan anticipates that once all requested information is received from the Debtor that this audit will be concluded shortly thereafter and hopes that this is prior to the commencement of the evidentiary hearing with respect to the Claims.  Disagree that Michigan will commence an audit against DTI for the tax periods of January 1, 1999 through October 7, 2005.  Michigan will actually commence an audit against DTI for the period of October 1, 1999 through October 7, 2005 as soon as requested information from the Debtor is received.  Michigan anticipates that once all requested information is received from the Debtor that this audit will be concluded shortly thereafter and hopes that this is prior to the commencement of the evidentiary hearing with respect to the Claims.

19.     Disagree.  There have been no agreements reached on any area of the DAS LLC audit.

4

20. Agree that Michigan imposes a use tax in compliance with Mich. Comp Laws §205.93 (1) on the operations of DAS LLC.

21. Agree that there are exemptions under the use tax laws, but it cannot currently be determined if any of the exemptions apply prior to the completion of an audit document review.

22. (1) Agree that Claim 16633 amended Claim9272 and Claim 16724 amended Claim16633 (2) Disagree. Information technology purchases that are concurrently available for use in more than one tax jurisdiction are sourced based on MCL 205.79 requirements which became effective on September 1, 2004. (3) Agree that the debtors are not required to pay Michigan use taxes for utility consumption that falls within the industrial-processing exception, (4) Disagree. Delphi is the parent company for several entities including DAS LLC and its predecessor in interest, therefore it is ultimately liable for the filing of tax returns and the remittance of any taxes due, (5) Agree that DASS LLC, an employee leasing company, has no use tax liability, and (6) Disagree. The extent of DTI use tax liability is unknown because the taxpayer has not remitted any use tax during the audit periods nor has any records ever been received from the taxpayer.

23. Agree that Claim16724 amended Claims 16633 which amended Claim 9272 as they relate to debt owed for use taxes and interest. Claims 9272 and 16633 also contain debt owed for single business taxes which are not subject to the evidentiary hearing for which this State of Disputed Issues is being filed.

24. Agree that computer software generally constitutes tangible personal property that is subject to Michigan use taxes and that Michigan adopted the Streamlined Sales and Use Tax Agreement on September 1, 2004. Michigan has not made a determination as to where the Debtors' main servers are located because although a list of server locations have been requested, this information has not been provided by the debtor.

25.  Agree that Michigan would impose a use tax upon DAS LLC for the usage and consumption of property under the guidelines set forth in the Streamlined Sales and Use Tax Agreement effective September 1, 2004.

26.  Agree that once Michigan receives all the requested information to complete its audit of DAS LLC any adjustments to taxes owed would be reflected on the claims.  Michigan also reserves its right to amend the claims as necessary with respect to allocation of use taxes should the debtors be unable to reach an agreement with the auditors to resolve any issues.

27.  Disagree.  It is unknown whether a large portion of utilities used by the Debtors are used in the manufacturing process and are therefore exempt from Michigan use taxes.  This determination will be made once Michigan receives all the requested documents from the debtor and are able to complete its use tax audit.

28.  Agree that Delphi is a holding company for other operating entities including DAS LLC.  Disagree that the claims against Delphi should be reduced because the debt is still owed by a subsidiary of Delphi that is no longer in existence therefore the use tax is owed by Delphi and/or the successor in interest DAS LLC.

29.  Agree that DASS LLC has no use tax liability and Claim 4536 should be disallowed.

30.  Disagree.  Records to commence the use tax audit against DTI was formally requested from the taxpayer on August 11, 2005.  Michigan is still waiting on the requested documentation in order to begin the audit process.

31.  Disagree.  The operations and use tax liability of DTI can not be determined until the completion of an audit.

6

<u>Conclusion</u>

The State of Michigan, Department of Treasury contends that its claims as filed and amended in this matter are properly and timely filed claims and entitled to payment pursuant to the provisions of the Bankruptcy Code.  The issues currently at dispute relate to the assessment of use taxes against the debtors Delphi Corporation, Delphi Automotive Systems, Delphi Automotive Systems Services, and Delphi Technologies Incorporated.  The assessment of the use taxes are either under audit or subject to an impending audit.

Wherefore, Treasury respectfully requests that this Court deny Delphi's objection and enter an order allowing the claims as presently filed against the above Debtors and any other such relief as is just until such time that the Debtors remit all requested documentation for audit review to the Michigan Department and Treasury and time is allowed for the completion of the audits.  At the completion of the audits Treasury will revise its claims as necessary or enter into an agreement with the Debtors setting forth the amounts due.

Respectfully submitted,

MIKE A. COX
Attorney General

<u>/s/ Peggy A. Housner</u>
Peggy A. Housner (P47207)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., #10-200
Detroit, MI  48202
(313) 456-0140
(313) 456-0141 (Fax)

Dated:  January 14, 2008