TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :
                                                             :    Chapter 11
DELPHI CORPORATION, et al.,                                  :    Case No. 05-44481 [RDD]
                                                             :
                    Debtors.                                 :    Jointly Administered
                                                             :
-------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER COMPROMISING
## AND ALLOWING PROOF OF CLAIM NUMBER 12813
## (CELESTICA INC. AND ITS SUBSIDIARIES)

Delphi Corporation ("Delphi") and certain of its subsidiaries and

affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and

debtors-in-possession in the above-captioned cases (the "Debtors") and Celestica Inc.

and its subsidiaries ("Celestica") respectfully submit this Joint Stipulation And Agreed

Order Compromising And Allowing Proof of Claim Number 12813 (the "Stipulation")

and agree and state as follows:

**WHEREAS,** on October 8 and 14, 2005 (the "Petition Date"), the Debtors, filed voluntary petitions under chapter 11 of title 11 the United States Code, 11 U.S.C. §§ 101 *et seq.*, as then amended, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");  and

**WHEREAS,** on July 28, 2006, Celestica filed proof of claim number 12813 (the "Proof of Claim") against "In re Delphi Corp. et al." asserting an unsecured non-priority claim in the amount of $1,799,626.39 (the "Claim");  and

**WHEREAS,** on October 31, 2006, the Debtors objected to the Claim and sought modification and reduction of the Claim to the Debtors' scheduled amount of $36,370.02 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection");  and

**WHEREAS,** on November 22, 2006, Celestica filed its Response to the Third Omnibus Claims Objection (Docket No. 5744) (the "Response");  and

**WHEREAS,** on September 4, 2007, the Debtors filed their Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 12813 (Docket No. 9245);  and

**WHEREAS,** on September 6, 2007, the Debtors filed the *Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession* (the "Plan") (Docket No. 9263);  and

**WHEREAS,** on September 7, 2007, the Debtors filed their Motion For Order Pursuant to 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9297) (the "Claims Estimation Motion");  and

**WHEREAS,** on September 14, 2007, the Debtors filed the Debtors' Statement of Disputed Issues Regarding Debtors' Objection to Proof of Claim No. 12813 (Docket No. 9357);  and

**WHEREAS,** on September 28, 2007, the Bankruptcy Court entered an order (the "Claims Estimation Order") (Docket No. 9685) approving the Claims Estimation Motion;  and

**WHEREAS,** pursuant to the Claims Estimation Order, the Claim was capped in the maximum amount of $1,799,626.39;  and

**WHEREAS,** on December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "First Amended Plan") (Docket No. 11386);  and

**WHEREAS,** on December 21, 2007, to resolve issues presented by the Third Omnibus Claims Objection and the Response with respect to the Claim, the Debtors and Celestica (each a "Party" and, collectively, the "Parties") entered into a Settlement Agreement (the "Settlement Agreement");  and

3

**WHEREAS,** pursuant to the Settlement Agreement, the Debtors acknowledge that the Claim shall be allowed against DAS LLC in the amount of $159,999 as a general unsecured non-priority claim;  and

**WHEREAS,** the Debtors represents that they are authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain *Order Under 11 U.S.C. §§ 363, 502, and 503 and Fed. R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval* (Docket No. 4414) entered by the Bankruptcy Court on June 29, 2006;  and

**NOW, THEREFORE,** in consideration of the foregoing, the Parties respectfully agree as follows:

1.   The Claim shall be allowed in the amount of $159,999 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

2. Celestica reserves its right to request that the Bankruptcy Court modify the Debtor or Debtors against which the Allowed Claim Amount is asserted at any time prior to the Effective Date (as defined in the First Amended Plan) of the First Amended Plan or any superceding plans.

3. The Debtors reserve their rights with respect to any such request for modification.

4. The Third Omnibus Claims Objection is hereby withdrawn with respect to the Claim.

5. The Response is hereby withdrawn.

6. The Debtors agree that the Claim shall not be subject to any further objections by the Debtors, and hereby waive any right to seek reconsideration of the allowance of the Claim pursuant to 11 U.S.C. § 502(j), Federal Rule of Bankruptcy Procedure 3008 or otherwise.

7. This Stipulation does not impact, alter or affect any other proofs of claim that Celestica has on file against the Debtors and relates solely to those matters arising out of or related to the Claim.

**[Concluded on the following page]**

Dated: New York, New York
December 21, 2007

                      DELPHI CORPORATION, et al.,
                      Debtors and Debtors-in-Possession,
                      By their Bankruptcy Conflicts Counsel,

5

          TOGUT, SEGAL & SEGAL LLP,
          By:

          /s/ Neil Berger
          NEIL BERGER (NB-3599)
          A Member of the Firm
          One Penn Plaza, Suite 3335
          New York, New York 10119
          (212) 594-5000

Dated: New York, New York
December 21, 2007

          CELESTICA INC. AND ITS SUBSIDIARIES
          By their Counsel,
          KAYE SCHOLER LLP

          By:

          /s/ Heath D. Rosenblat
          HEATH D. ROSENBLAT (HR-6430)
          425 Park Avenue
          New York, New York 10022
          (212) 836-8000

**SO ORDERED**

This <u>11th</u> day of <u>January</u>, 2008
in New York, New York


    /s/Robert D. Drain
    HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE