TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                  :

In re                                :         Chapter 11
                                  :
    DELPHI CORPORATION, et al.,     :         Case No. 05-44481 [RDD]
                                  :
                      Debtors.    :         (Jointly Administered)
                                  :
------------------------------------------------------------X


**JOINT STIPULATION AND AGREED ORDER BETWEEN
DELPHI AUTOMOTIVE SYSTEMS LLC AND FEDERAL-MOGUL
CORPORATION TO, AMONG OTHER THINGS, PERMIT SETOFF OF MUTUAL
PRE-PETITION OBLIGATIONS UNDER SECTION 553 OF THE BANKRUPTCY
<u>CODE AND TO DISALLOW AND EXPUNGE CLAIM NUMBER 1111</u>**

**WHEREAS,** on October 8, 2005 (the "Delphi Petition Date"), Delphi

Corporation ("Delphi") and certain of its U.S. subsidiaries, including Delphi

Automotive Systems LLC ("DAS"), (collectively, the "Initial Filers") filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors; and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases; and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

**WHEREAS**, on January 5, 2007, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their post-petition financing and pre-petition secured debt (the "Refinancing Order"); and

**WHEREAS**, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights; and

**WHEREAS,** on or about December 13, 2005, Federal-Mogul Corporation (the "Claimant") timely filed proof of claim number 1111 against DAS, asserting a claim in the amount of $1,952,349.57 (the "Claim") and asserting that the Claim was secured by a right of setoff; and

**WHEREAS,** pursuant to the Final DIP Order, by letter dated February 21, 2006 (the "Federal-Mogul Setoff Demand"), Claimant sought authority to exercise a setoff of pre-petition claims and debts between DAS and the Claimant; and

**WHEREAS**, in the Federal-Mogul Setoff Demand, Claimant asserted that it owed DAS the amount of $2,252,554.05 for pre-petition services and/or goods provided by DAS to the Claimant (the "Payable"); and

**WHEREAS**, in the Federal-Mogul Setoff Demand, Claimant alleged that DAS owes Claimant the amount of $1,760,265.81 for pre-petition services and/or goods provided by Claimant to DAS (the "Receivable"); and

**WHEREAS,** Claimant is also a debtor and debtor-in-possession as a result of the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code on October 1, 2001 by Claimant and 156 of its affiliated entities (the "Federal-Mogul

3

Debtors") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"); and

**WHEREAS**, in Claimant's bankruptcy case, Claimant scheduled the following unsecured non-priority liabilities with respect to the Debtors (collectively, the "Scheduled Liabilities"): (i) an unsecured claim in the amount of $89,403.23 held by Delphi Packard; (ii) an unsecured claim in the amount of $810,279.66 held by Delphi Energy & Engine Management; and (iii) an unsecured claim in the amount of $13,759.20 held by Delphi Packard - El Paso; and

**WHEREAS**, on October 26, 2005, the Delaware Bankruptcy Court in the bankruptcy cases of the Federal-Mogul Debtors entered an Order permitting the Federal-Mogul Debtors to effect the settlement of claims asserted against their respective bankruptcy estates pursuant to certain procedures and without the need for further Delaware Bankruptcy Court approval (the "Federal-Mogul Order"); and

**WHEREAS,** on or about November 8, 2007, the Delaware Bankruptcy Court entered an Order confirming the Fourth Amended Joint Plan of Reorganization (As Modified) (the "Federal-Mogul Plan"), which confirmation was subsequently affirmed by the United States District Court for the District of Delaware on November 14, 2007; and

**WHEREAS,** after Claimant became a chapter 11 debtor, but before the Debtors filed for chapter 11 relief, the Debtors asserted in the Claimant's chapter 11 cases a setoff demand of $958,704.86 (the "Delphi Setoff Demand") to which Claimant

4

responded that the Debtors were only entitled to a setoff in the amount of $899,682.89; and

**WHEREAS,** on June 30, 2006, DAS and Claimant (together, the "Parties") entered into that certain Interim Settlement Agreement Between the Debtors and Federal-Mogul Corporation Authorizing Payment of Minimum Payable (the "Interim Settlement Agreement"), pursuant to which Claimant paid the Debtors $484,812.18 pending the Parties' full reconciliation of the Receivable and the Payable; and

**WHEREAS,** on August 24, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claim, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection"); and

**WHEREAS,** on September 20, 2007, Claimant filed its Response to the Twentieth Omnibus Claims Objection (Docket No. 9453) (the "Response"); and

**WHEREAS**, after arm's length negotiations, DAS and Claimant (together, the "Parties") have reconciled the amounts of the Receivable and the Payable (the "Reconciliation"), as set forth in the summary attached hereto as Exhibit "1"; and

**WHEREAS**, in connection with the Reconciliation, the Parties have entered into this Joint Stipulation and a settlement agreement to settle and resolve: the

5

Twentieth Omnibus Claims Objection as it pertains to the Claim; the Federal-Mogul Setoff Demand; and the Delphi Setoff Demand (together with the Federal-Mogul Setoff Demand, the "Demands") upon the terms set forth herein and in the Settlement Agreement (the "Settlement Agreement").

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. The Joint Stipulation, including the Interim Settlement Agreement and the Settlement Agreement, each of which are hereby incorporated herein by reference, constitute an agreement between the Parties hereto and shall become effective immediately upon the date that is the later of (such later date, the "Effective Date") (A) entry of an Order of the Bankruptcy Court approving the Settlement Agreement in the Debtors' chapter 11 cases in accordance with the procedures provided in the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) and (B) the Federal-Mogul Allowance Date (as defined below).

2. Exhibit "1" sets forth a summary of the reconciled amounts of the Receivable and Payable that are the subject of the Demands.

3. Consistent with and in accordance with the Federal-Mogul Order, Claimant will provide thirty (30) days written notice (the "Objection Period") of this

6

proposed Joint Stipulation to the parties designated by the Federal-Mogul Order, and the Joint Stipulation and the Settlement Agreement shall become effective on the later of (i) the expiration of the Objection Period and (ii) the entry of an order overruling any objection becoming final (the "Federal-Mogul Allowance Date").

4.  Upon the Effective Date, Claimant shall be authorized to set off the amount of the Receivable, as reconciled in Exhibit "1", against the amount of the Payable, as reconciled in Exhibit "1", pursuant to section 553 of the Bankruptcy Code (the "Setoff") and paragraph 18 of the Final DIP Order.

5.  Upon the Effective Date, the Claim is hereby disallowed and expunged in its entirety.

6.  The exercise of the Setoff results in a balance of $112,665.16 that Claimant owes DAS.  As a result, DAS shall be granted an allowed administrative expense claim against Claimant in the amount of $112,665.16, which claim shall be afforded the same treatment under the Federal-Mogul Plan (including, without limitation, with respect to the timing of payment of such claims) as all other allowed Chapter 11 administrative expense priority claims in Claimant's bankruptcy case and it will be paid not later than 10 business days after the date that is the later of (i) Federal-Mogul Allowance Date and (ii) the effective date of the Federal-Mogul Plan.

7.  The Response is hereby deemed withdrawn.

8.  Upon the Effective Date, this Joint Stipulation shall supersede and amend (i) any and all proofs of claim filed by the Debtors in the Federal-Mogul Debtors'

7

bankruptcy cases or that have been filed on its behalf and (ii) any and all claims as listed in the Federal-Mogul Debtors' Schedules of Assets and Liabilities, including, without limitation, the Scheduled Liabilities.

9. This Joint Stipulation may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

10. The agreements, terms, and provisions contained in this Joint Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases.

11. It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual; that the agreement herein contained and the consideration transferred hereunder is to compromise the Demands and Claim and to avoid litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

12. The Joint Stipulation, including the Interim Settlement Agreement and the Settlement Agreement each of which are hereby incorporated herein by reference, constitute the entire agreement between the Parties regarding the resolution of the Setoff and supersede all other prior agreements and understandings, both written and oral, between the Parties regarding the Setoff.

13. The signatories below represent that they are authorized to enter into this Joint Stipulation.

14. This Joint Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15. The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Joint Stipulation and to resolve any disputes in connection herewith; <u>provided</u>, <u>however</u>, in the event a timely objection to this Joint Stipulation is filed with the Delaware Bankruptcy Court

**[Concluded on Following Page]**

pursuant to the Federal-Mogul Order, the Delaware Bankruptcy Court shall have

exclusive jurisdiction to resolve any disputes in connection therewith.

Dated:   New York, New York
         December 21, 2007

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated:   Los Angeles, California
         December 21, 2007

FEDERAL-MOGUL CORPORATION and its affiliates,
By its Attorneys,
SIDLEY AUSTIN LLP
By:

/s/ Jonathan D. Gordon
JONATHAN D. GORDON
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000

**SO ORDERED**

This 11th day of January, 2008
in New York, New York


      /s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

10