SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

     In re                          :        Chapter 11
                                  :
DELPHI CORPORATION, et al.,    :        Case No. 05–44481 (RDD)
                                  :
                      Debtors.   :        (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED FINAL ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 7571 AND 7572
(NORTHERN ENGRAVING CORPORATION AND LONGACRE MASTER FUND)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronic Systems Inc. ("Delphi Mechatronic"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Northern Engraving Corporation ("Northern Engraving"), and Longacre Master Fund ("Longacre") respectfully submit this Joint Stipulation And Agreed Final Order Compromising And Allowing Proofs Of Claim Numbers 7571 And 7572 (Northern Engraving Corporation And Longacre Master Fund) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 10, 2005, Northern Engraving submitted a demand to the Debtors asserting a reclamation claim in the amount of $81,264.59 (the "Reclamation Demand").

WHEREAS on March 9, 2006, the Debtors and Northern Engraving entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Northern Engraving acknowledge and agree that the valid amount of the Reclamation Demand is $35,503.86 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Northern Engraving's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on June 6, 2006 Northern Engraving filed proof of claim number 7571 ("Proof of Claim No. 7571") against DAS LLC, asserting an unsecured non-priority claim in the amount of $152,953.02 arising from the sale of goods.

WHEREAS, on June 6, 2006 Northern Engraving also filed proof of claim

2

number 7572 ("Proof of Claim No. 7572," and together with Proof of Claim No. 7571, the "Claims") against Delphi Mechatronic, asserting an unsecured non-priority claim in the amount of $177,776.94 arising from the sale of goods.

WHEREAS, on September 7, 2006, Northern Engraving assigned its interest in the Claims to Longacre pursuant to a Notice of Transfer (Docket No. 5086).

WHEREAS, on September 21, 2007, the Debtors objected to Proof of Claim No. 7571 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

WHEREAS, on October 15, 2007 Northern Engraving filed its Response of Northern Engraving Corporation To The Debtors' Twenty-First Omnibus Objection To Claims (Docket No. 10600) (the "Response").

WHEREAS, on December 17, 2007, to resolve the Twenty-First Omnibus Claims Objection with respect to the Claim, DAS LLC, Delphi Mechatronic, Northern Engraving, and Longacre entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 7571 shall be allowed against DAS LLC in the amount of $131,113.90.

WHEREAS, pursuant to the Settlement Agreement, Delphi Mechatronic acknowledges and agrees that Proof of Claim No. 7572 shall be allowed against Delphi

Mechatronic in the amount of $152,672.23.

WHEREAS, DAS LLC and Delphi Mechatronic are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors, Northern Engraving, and Longacre stipulate and agree as follows:

1. Proof of Claim No. 7571 shall be allowed in the amount of $131,113.90 and shall be treated as a final allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Proof of Claim No. 7572 shall be allowed in the amount of $152,672.23 and shall be treated as a final allowed general unsecured non-priority claim against the estate of Delphi Mechatronic.

3. Northern Engraving and Longacre reserve the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $12,021.80 of Proof of Claim NO. 7571 and $23,482.06 of Proof of Claim No. 7572 on the grounds that Northern Engraving has a valid reclamation claim in the aggregate amount of $35,503.86.

4. The Debtors reserve the right to seek, at any time and notwithstanding Northern Engraving's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

5. Northern Engraving's Response to the Twenty-First Omnibus Claims

4

Objection is deemed withdrawn with prejudice.

So Ordered in New York, New York, this 11th day of January, 2008.

      /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| */s/ John Wm. Butler, Jr.* | */s/ Thomas E. Coughlin* |
|---|---|
| John Wm. Butler, Jr. | Thomas E. Coughlin |
| John K. Lyons | JAFFE HAITT HEUER & WEISS |
| Ron E. Meisler | 27777 Franklin Road |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Suite 2500 |
| | Southfield, MI 48034-8214 |
| 333 West Wacker Drive, Suite 2100 | 248-351-3000 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorneys for Northern Engraving Corporation |
| - and – | */s/ Vladimir Jelisavcic* |
| Kayalyn A. Marafioti | Vladimir Jelisavcic |
| Thomas J. Matz | Director |
| Four Times Square | Longacre Master Fund Ltd. |
| New York, New York 10036 | 810 Seventh Avenue, 22nd Floor |
| (212) 735-3000 | New York, New York 10019 |

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession