SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
                                    :
    In re                           :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05–44481 (RDD)
                                    :
            Debtors.                :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING
PROOFS OF CLAIM NUMBERS 10381, 12668, 12670, AND 12671, AND
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 16374
(CONTRARIAN FUNDS LLC)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), Delphi Connections Systems ("Delphi Connections"), and Delphi Mechatronic Systems, Inc. ("Mechatronic"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Contrarian Funds LLC ("Contrarian") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 10381, 12668, 12670, And 16271, And Disallowing And Expunging Proof Of Claim Number 16374 (Contrarian Funds LLC) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 13, 2005, ETCO Automotive Products ("ETCO") submitted a demand to the Debtors asserting a reclamation claim in the amount of $25,306.20 (the "Reclamation Demand").

WHEREAS on March 27, 2006, the Debtors and Contrarian entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Contrarian acknowledge and agree that the valid amount of the Reclamation Demand is $1,072.80 (the "Reclamation Claim"), the priority of which remains subject to the Debtors' right to seek, at any time and notwithstanding Contrarian's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain Reserved Defenses (as defined in the Reclamation Letter Agreement) are valid.

WHEREAS, on July 24, 2006, Contrarian, as assignee of ETCO, filed proof of claim number 10381 ("Proof of Claim No. 10381"), asserting a general unsecured non-priority

2

claim in the amount of $166,195.72 against DAS LLC based on the sale of goods.

WHEREAS, on July 28, 2006, Contrarian, as assignee of Plastic Decorators Inc., filed proof of claim number 12668 ("Proof of Claim No. 12668"), proof of claim number 12670 ("Proof of Claim No. 12670"), and proof of claim number 12671 ("Proof of Claim No. 12671"), each asserting a general unsecured non-priority claim in the amount of $184,138.31 based on the sale of goods. Proof of Claim No. 12668 was asserted against DAS LLC. Proof of Claim No. 12670 was asserted against Delphi Connections. Proof of Claim No. 12671 was asserted against Mechatronic.

WHEREAS, on October 18, 2006, Contrarian, as assignee of ETCO, filed proof of claim number 16374 ("Proof of Claim No. 16374," and together with Proofs of Claim Nos. 10381, 12668, 12670, and 12671, the "Claims"), asserting a general unsecured non-priority claim in the amount of $170,899.32 against DAS LLC based on the sale of goods.

WHEREAS, on February 15, 2007, the Debtors objected to Proofs of Claim Numbers 12668 and 16374 pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection").

WHEREAS, on March 15, 2007, Contrarian filed its Response Of Contrarian Funds, LLC To Debtors' Eighth And Ninth Omnibus Claims Objections (Docket No. 7276) (the "Ninth Response").

WHEREAS, on March 16, 2007, the Debtors objected to Proofs of Claim Numbers 12670 and 12671 pursuant to the Debtors' Eleventh Omnibus Objection (Substantive)

3

Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301) (the "Eleventh Omnibus Claims Objection").

WHEREAS, on April 13, 2007, Contrarian filed its Response Of Contrarian Funds, LLC To Debtors' Tenth And Eleventh Omnibus Claims Objections (Docket No. 7672) (the "Eleventh Response").

WHEREAS, on April 27, 2007, the Debtors objected to Proof of Claim Number 10381 pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (together with the Ninth Omnibus Claims Objection and the Eleventh Omnibus Claims Objection, the "Claims Objections").

WHEREAS, on May 23, 2007, Contrarian filed its Omnibus Response Of Contrarian Funds, LLC To Debtors' Twelfth And Thirteenth Omnibus Claims Objections (Docket No. 8001) (together with the Ninth and Eleventh Responses, the "Responses").

WHEREAS, on January 3, 2008, to resolve the Claims Objections with respect to the Claims, DAS LLC, Delphi Connections, Mechatronic, and Contrarian entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and

4

agrees that Proof of Claim No. 10381 shall be allowed against DAS LLC in the amount of $166,195.72.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Proof of Claim No. 12668 shall be allowed against DAS LLC in the amount of $9,252.30.

WHEREAS, pursuant to the Settlement Agreement, Delphi Connections acknowledges and agrees that Proof of Claim No. 12670 shall be allowed against Delphi Connections in the amount of $60,734.68.

WHEREAS, pursuant to the Settlement Agreement, Mechatronic acknowledges and agrees that Proof of Claim No. 12671 shall be allowed against Mechatronic in the amount of $23,207.52.

WHEREAS, pursuant to the Settlement Agreement, Contrarian agrees that Proof of Claim No. 16374 shall be disallowed and expunged in its entirety.

WHEREAS, nothing in this Joint Stipulation and Agreed Order, including without limitation the recital paragraphs hereof, shall be deemed to conclusively determine that any transfer of any of the Claims constitutes a sale to Contrarian or constitutes an assignment to Contrarian.  Notwithstanding anything in this Joint Stipulation and Agreed Order to the contrary including, without limitation, the recital paragraphs hereof, Contrarian expressly reserves the right to characterize any transfer of any of the Claims as a sale to Contrarian or to characterize any transfer of any of the Claims as an assignment to Contrarian and the Debtors expressly reserve the right to contest the same.

WHEREAS, DAS LLC, Delphi Connections, and Mechatronic are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course

5

controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Contrarian stipulate and agree as follows:

1.  Proof of Claim No. 10381 shall be allowed in the amount of $166,195.72 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC, provided, however, that Contrarian reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $1,072.80 of Proof of Claim No. 10381 on the grounds that Contrarian has a valid reclamation claim in the amount of $1,072.80 and the Debtors reserve the right to seek, at any time and notwithstanding Contrarian's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

2.  Proof of Claim No. 12668 shall be allowed in the amount of $9,252.30 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3.  Proof of Claim No. 12670 shall be allowed in the amount of $60,734.68 and shall be treated as an allowed general unsecured non-priority claim against the estate of Delphi Connections.

4.  Proof of Claim No. 12671 shall be allowed in the amount of $23,207.52 and shall be treated as an allowed general unsecured non-priority claim against the estate of Mechatronic.

5.  Proof of Claim No. 16374 shall be disallowed and expunged in its entirety.

6

6. The Claims Objections and the Responses are deemed resolved with respect to the Claims.

So Ordered in New York, New York, this 11th day of January, 2008

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| */s/ John K. Lyons* | */s/ Daniel A. Fliman* |
|---|---|
| John Wm. Butler, Jr. | David S. Rosner |
| John K. Lyons | Adam L. Shiff |
| Ron E. Meisler | Jeffrey R. Gleit |
| SKADDEN, ARPS, SLATE, MEAGHER | Daniel A. Fliman |
|   & FLOM LLP | KASOWITZ, BENSON, TORRES & |
| 333 West Wacker Drive, Suite 2100 | FRIEDMAN LLP |
| Chicago, Illinois  60606-1285 | 1633 Broadway |
| (312) 407-0700 | New York, New York 10019 |
| | (212) 506-1700 |
| | |
| | Attorneys for Contrarian Funds, LLC |

    - and –

    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession