Roger L. Tarbutton (RT9000)
Assistant Johnson County Counselor
Johnson County Legal Department
111 S. Cherry, Suite 3200
Olathe, KS 66061-3441
(913) 715-1900
Fax (913) 715-1873
Counsel for the Board of County Commissioners
Johnson County, Kansas



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| DELPHI CORPORATION, | ) | Case No. 05-44481 (RDD) |
| et al. | ) | |
| | ) | |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors | ) | |

## JOHNSON COUNTY'S OBJECTION TO DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION

Comes now the Board of County Commissioners of Johnson County, Kansas (the "Board") by and through counsel, and files its objection to Debtors' First Amended Joint Plan of Reorganization (Plan) on the basis that the Plan fails to comply with the requirements set forth at 11 U.S.C. §1129. In support of its objection, the Board states as follows:

1.) The Board is the governing body of Johnson County, Kansas, a political subdivision of the state of Kansas pursuant to K.S.A. § 19-101.

2.) Delphi Automotive Systems LLC (one of Debtor's bankrupt entities) owns two real estate parcels (Parcel Nos. DF231335-4001 and DF231335-4057) in Johnson County, Kansas (hereinafter referred to as the "Property") and in the year 2005 owned business

personal property within Johnson County.

3.) Johnson County filed a secured claim for the balance due on the Debtors 2005 ad valorem real estate taxes in the amount of $112,252.16 with the Debtors claim agent on January 10, 2006, and noted the secured status of its claim and the statutory basis thereof on the face of the claim. According to information and belief, Johnson County's claim was assigned Claim No. 1502 by the Clerk of the Court. On or about May 8, 2006, the Debtors made a payment in the amount of $14,792.92 to Johnson County for its 2005 real estate tax obligation reducing the principal balance due and owing for Debtors 2005 real estate tax claim to the sum of $97,459.24. Pursuant to K.S.A. §79-1804 and K.S.A. §79-419, a statutory tax lien securing payment of real estate taxes attaches to the property on November 1 that primes all other liens against the Property. 11 U.S.C. §362(b)(18) further provides that statutory tax liens securing the payment of ad valorem taxes and/or special assessments are not subject to the automatic stay and attach post-petition. Pursuant to K.S.A. §79-2004, statutory interest is accruing on the unpaid balance of the claim. The Debtors have filed an objection to Claim No. 1502 to which Johnson County has filed a response and the matter is currently pending.

4.) Johnson County has also filed a priority claim for the balance due on the Debtors 2005 ad valorem personal property taxes in the amount of $325,806.69 with the Debtors claim agent on January 10, 2006, and noted the priority status of its claim and the statutory basis thereof on the face of the claim. According to information and belief, Johnson County's claim was assigned Claim No. 1509 by the Clerk of the Court. On or about May 8, 2006, the Debtors made a payment in the amount of $42,935.77 to Johnson County for its 2005 personal real estate tax obligation reducing the principal balance due and owing for

Debtors 2005 personal property tax claim to the sum of $282,870.92. Pursuant to K.S.A. 2006 Supp. §79-2004a, statutory interest is accruing on the unpaid balance of the claim. The Debtors have filed an objection to Claim No. 1509 to which Johnson County has filed a response and the matter is currently pending.

5.)   Johnson County's secured claim is impaired by the Plan and the Claimant does not accept nor otherwise agree to the Plan. The Plan fails to ensure that Claimant will receive or retain property of a value, as of the effective date of the Plan, that is not less than the amount such claimant would receive of retain if the debtor were liquidated under Chapter 7 as required by §1129(a)(7)(A)(ii); fails to provide fair and equitable treatment of the secured claim of the undersigned as required by §1129(b)(1) and (2)(A); and fails to comply with state law as required by §1129(a)(3). The proposed treatment of Class 1A through 12A "Secured Claims" as set forth in Article V Section 5.1 of the Plan appears to allow the Debtor to divest Johnson County of the real estate tax lien accorded it under Kansas law. Johnson County is entitled to the express retention of its real property tax liens, including those for post-petition taxes, until all taxes, penalties and statutory interest accrued at the rate provided by K.S.A. §79-2004 are satisfied in full. Johnson County further objects to payment of any post-petition interest at the Michigan statutory rate.

6.)   The Plan also fails to treat Johnson County's priority tax claim in the manner required by §1129(a)(9)(C) as it fails to ensure the payment of deferred cash payments of a value as of the date of the Plan equal to the allowed amount of the priority tax claim. Johnson County objects to payment of post-petition interest at the Michigan statutory rate.

7.)   Furthermore, Section 9.8 of the Plan provides that no payments will be made on disputed claims such as those filed by Johnson County until such claims are allowed and

then only to the extent sufficient assets are available in the distribution reserve to satisfy them.

WHEREFORE PREMISES STATED, THE CLAIMANT PRAYS AS FOLLOWS:

A.) That the Court deny confirmation of Debtors' First Amended Joint Plan of Reorganization for the foregoing reasons; and

B.) For such further and additional relief as the Court may deem just.

Respectfully submitted:

/s/Roger L. Tarbutton
Roger L. Tarbutton, KS (RT9000)
Assistant County Counselor
Johnson County Legal Department
111 S. Cherry Street, Suite 3200
Olathe, KS 66601-3441
Tel. No. (913) 715-1900
Fax No. (913) 715-1873

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to the following persons on the Court's Notice of Electronic Filing, by facsimile, or by Federal Express to the following persons on the 11th day of January, 2008.

**US BANKRUPTCY JUDGE:**

Honorable Robert D. Drain
US. Bankruptcy Judge
One Bowling Green
Room 632
New York, New York 10004

**COUNSEL TO DEBTORS:**

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
Attn: George N. Panagakis
Attn: Ron E. Meisler
Attn: Nathan L. Stuart
333 West Wacker Dr. Ste 2100
Chicago, Illinois 60606

and

**DEBTOR:**

Delphi Corporation, et al
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

**COUNSEL FOR THE AGENT UNDER THE POSTPETITION CREDIT FACILITY:**

Davis Polk & Wardwell
Attn: Donald Berstein
Attn: Brian Resnick
450 Lexington Avenue
New York, New York 10017

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Attn: Kayalyn A. Marafioti
Attn: Thomas J. Matz

**COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS:**

Fried, Frank, Harris, Shriver & Jacobson LLP
Attn: Bonnie Steingart
Attn: Brad E. Sheler
Attn: Vivek Melwani
One New York Plaza
New York, New York 10004

**COUNSEL FOR A-D ACQUISITON HOLDINGS, HOLDINGS:**
**LLC:**

White & Case LLP
Attn: Thomas E. Lauria
Attn: Michael C. Shepherd
Wachovia Financial Center
200 South Biscayne Blvd.
Suite 4900
Miami, Florida 33131

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**

Latham & Watkins LLP
Attn: Robert J. Rosenberg
Attn: Mark A. Broude
Attn: Mitchell A. Seider
885 Third Avenue
New York, New York 10022

**COUNSEL FOR A-D ACQUISITON**

**LLC:**

White & Case LLP
Attn: Gerard H. Uzzi
Attn: Glen M. Kartz
Attn: Douglas P. Baumstein
1155 Avenue of the Americas
New York, New York 10036

**U.S. TRUSTEE:**

Office of the U.S. Trustee
Southern District of New York
Attn: Alicia M. Leonhard
33 Whitehall Street
Suite 2100
New York, New York 10004

**COUNSEL FOR GENERAL MOTORS CORPORATION:**

Weil, Gotshal & Manges LLP
Attn: Jeffrey L. Tanenbaum
Attn: Michael P. Kessler
767 Fifth Avenue
New York, New York 10153

/s/ Roger L. Tarbutton
Roger L. Tarbutton