# INTEVA PRODUCTS, LLC

January 11, 2008

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attention: Vice President and Treasurer

Ladies and Gentlemen:

Reference is made to the Master Sale and Purchase Agreement (the "MSPA"), dated as of October 15, 2007, among Delphi Corporation ("Delphi") and Inteva Products, LLC ("Inteva"). Capitalized terms used but not otherwise defined in this letter agreement shall have the meanings set forth in the MSPA.

Inteva and Delphi hereby agree and acknowledge that the Purchase Price remains One Hundred and Six Million Dollars ($106,000,000.00) (subject to the adjustments referred to in Sections 3.4.1 through 3.4.3 of the MSPA).

Subject to bankruptcy court approval in the case of Delphi, this letter memorializes our agreement to make the following amendments to the MSPA:

1. The consideration payable to Delphi or Sellers designated by Delphi on the Closing Date pursuant to Section 3.2.1 of the Agreement shall be reduced to the amount of Sixty Million Five Hundred Thousand Dollars ($60,500,000.00).

2. On the Closing Date, Inteva shall execute and deliver to Delphi an unsecured promissory note (the "Note") made by Inteva in favor of Delphi in the principal amount of Seventeen Million Five Hundred Thousand Dollars ($17,500,000.00). Such principal amount under the Note shall accrue simple interest at a rate of LIBOR plus 400 basis points per annum (but such rate shall in no event exceed 9.0% per annum), which interest shall be payable upon the last Business Day of each successive three-month period following the Closing Date. The principal amount under the Note shall be payable in five installments on the first, second, third, fourth, and fifth anniversaries of the Closing Date, respectively, as follows: $1 million, $1 million, $5 million, $5 million, and $5.5 million. During the period in which the Note is outstanding, Inteva agrees that in the event it pays any dividend to its member, it shall promptly pay to Delphi an amount equivalent to such dividend as a prepayment of principal under the Note. For the avoidance of doubt, the payment of tax distributions or management fees (management fees capped cumulatively at $2,400,000 per year) by Inteva to its member shall not constitute the payment of a dividend for the purpose of this paragraph 2.

3.  Inteva hereby irrevocably and unconditionally waives the conditions to Closing set forth in Sections 7.2.4, 7.2.5, 7.2.8, 7.2.9 and 7.2.10 of the MSPA. Further, with respect to the condition to Closing set forth in Section 7.2.6 of the MSPA, Inteva irrevocably and unconditionally waives any Material Adverse Effect resulting from any action of, or omission by, any customer or supplier of the Business.

Except as specifically amended by this letter agreement, the MSPA remains in full force and effect. This letter agreement will in all respects be governed by and construed in accordance with the laws of the State of New York, and to the extent applicable the Bankruptcy Code, without giving effect to rules governing the conflict of laws. Inteva and Delphi irrevocably and unconditionally submit to the jurisdiction of the Bankruptcy Court in accordance with Section 12.15 of the MSPA.

To indicate your agreement with the foregoing, please execute this letter agreement where indicated below and return to us the enclosed duplicate copy of this letter agreement.

INTEVA PRODUCTS, LLC

By: _____
Name: Roger L. Fay
Title: Vice President

Agreed and acknowledged
as of the date above written.
DELPHI CORPORATION

By: _____
Name:
Title: President - Automotive Holdings Group