UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
    In re                                 :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :        Case No. 05-44481 (RDD)
                                              :
              Debtors.             :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


AMENDED AND RESTATED ORDER UNDER 11 U.S.C. §§ 363, 365, AND 1146 AND FED.
R. BANKR. P. 2002, 6004, 6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF
CERTAIN OF DEBTORS' ASSETS COMPRISING SUBSTANTIALLY ALL THE ASSETS OF
THE COCKPITS AND INTERIOR SYSTEMS AND INTEGRATED CLOSURE SYSTEMS
BUSINESSES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II)
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND
(III) ASSUMPTION OF CERTAIN LIABILITIES

("AMENDED AND RESTATED INTERIORS AND CLOSURES BUSINESSES SALE
APPROVAL ORDER")

        Upon the motion, dated October 15, 2007 (Docket No. 10606) (the "Original

Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders

pursuant to 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a)

(i) approving the bidding procedures, (ii) granting certain bid protections, (iii) approving the form

and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") and (b)

authorizing and approving (i) the sale (the "Sale") of certain of the Debtors' assets (the "Purchased

Assets") comprising substantially all the assets that comprise the Cockpits and Interior Systems

and Integrated Closure Systems Businesses (the "Interiors and Closures Businesses"), free and

clear of liens, claims, and encumbrances, to Inteva Products, LLC ("Inteva"), and certain of its

affiliates (the "Buyers") pursuant to the Master Sale and Purchase Agreement, dated October 15,

~~2007 (~~2007, as amended by the Letter Agreement, dated January 11, 2008 (collectively, the

"Agreement," ~~a copy~~copiesof both of which ~~is~~are attached hereto as Exhibit A and Exhibit B,

respectively), by and between Delphi and certain of its affiliates, including certain affiliated

Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] and the Buyers or to the

party submitting the highest or otherwise best bid (the "Successful Bidder"), (ii) the assumption

and assignment of certain prepetition executory contracts and unexpired leases (the "Assumed U.S.

Contracts") and the assignment of certain postpetition executory contracts and unexpired leases

(the "Postpetition Contracts," and collectively with the Assumed U.S. Contracts, the "Assigned

Contracts") to the Buyers or the Successful Bidder, and (iii) the assumption of certain liabilities

(the "Assumed Liabilities") by the Buyers or the Successful Bidder; and the Court having entered

an order on October 26, 2007 (the "Bidding Procedures Order")(Docket No. 10732) (a) approving

bidding procedures, (b) granting certain bid protections, (c) approving the form and manner of sale

notices, and (d) setting the Sale Hearing; and the Sale Hearing having been held on December 20,

2007, at which time all interested parties were offered an opportunity to be heard with respect to

the Motion; and the Court having reviewed and considered  the Original Motion and the arguments

of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and the Court having

entered the Order Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006,

And 9014 Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising

Substantially All The Assets Of The Cockpits And Interior Systems And Integrated Closure

Systems Businesses Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And

---

[1]    Under the Agreement, the Selling Debtor Entities are comprised of Delphi, Delphi Automotive Systems LLC, Delphi Automotive Systems (Holdings) Inc., and Delphi Technologies, Inc. Certain assets will be sold under the
*(cont'd)*

2        DeltaView comparison of pcdocs://chisr01a/581326/1 and pcdocs://chisr01a/581326/5. Performed on 1/15/2008.

Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of
Certain Liabilities (Docket No. 11579) (the "Interiors and Closures Sale Approval Order"); and
upon the expedited motion, dated January 15, 2008 (Docket No. •) (the "Motion," and together
with the Original Motion, the "Motions") of the Debtors to authorize and approve compromise
with Inteva and to amend and restate the Interiors and Closures Sale Approval Order; and the
Selling Debtor Entities having shown that the revised payment structure under the Agreement, as
modified by the Letter Agreement, is reasonable and appropriate under the circumstances and it
appearing that the relief requested in the Motions is in the best interests of the Selling Debtor
Entities, their estates, their stakeholders, and all other parties-in-interest; and after due deliberation
thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over the Motions and the transactions
contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core
proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motions in
this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motions are sections 363,
365, and 1146 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the
"Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, 9014, and 9014.9019.

C.    As evidenced by the affidavits of service previously filed with the Court,
and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and

---

*(cont'd from previous page)*

Agreement by non-Debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The
Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

3    DeltaView comparison of pcdocs://chisr01a/581326/1 and pcdocs://chisr01a/581326/5.
Performed on 1/15/2008.

sufficient notice of the Motions, the Sale Hearing, the Sale, and the assumption and assignment of

the Assumed U.S. Contracts, and the Cure Amounts as approved herein has been provided in

accordance with 11 U.S.C. §§ 102(l), 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and

9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no

other or further notice of the Motions, the Sale Hearing, the Sale, or the assumption and

assignment of the Assumed U.S. Contracts or assignment of the Postpetition Contracts as provided

herein is necessary.

        D.      As demonstrated by (i) the testimony and other evidence proffered or

adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale

Hearing, the Selling Debtor Entities have marketed the Purchased Assets and conducted the sale

process in compliance with the Bidding Procedures Order.  No higher and better offers having

been made, the Buyers, pursuant to the Agreement, are the Successful Bidder.

        E.      The Selling Debtor Entities (i) have full power and authority to execute the

Agreement and all other applicable documents contemplated thereby, and the transfer and

conveyance of the Purchased Assets by the Selling Debtor Entities has been duly and validly

authorized by all necessary action of the Selling Debtor Entities, (ii) have all of the power and

authority necessary to consummate the transactions contemplated by the Agreement, and (iii) have

taken all action necessary to authorize and approve the Agreement and to consummate the

transactions contemplated thereby, and no consents or approvals, other than those expressly

provided for in the Agreement, are required for the Selling Debtor Entities to consummate such

transactions.

_____

*(cont'd from previous page)*

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
                                                                                            *(cont'd)*

4        DeltaView comparison of pcdocs://chisr01a/581326/1 and pcdocs://chisr01a/581326/5.
Performed on 1/15/2008.

F.      The Selling Debtor Entities have demonstrated (i) good, sufficient, and sound business purposes and justification for the Sale because, among other things, the Selling Debtor Entities and their advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Purchased Assets and determined that (a) the terms and conditions set forth in the Agreement, (b) the transfer to Buyers of the Purchased Assets pursuant thereto, and (c) the Purchase Price agreed to as reflected in the Agreement  are all fair and reasonable and together constitute the highest or otherwise best value obtainable for the Purchased Assets and (ii) that compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization exist because, among other things, absent the Sale the value of the Purchased Assets will be substantially diminished.

G.      A reasonable opportunity to object or be heard with respect to the Motions and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Buyers, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) counsel for the official committee of equity security holders appointed in these chapter 11 cases, (v) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past six months, (vi) all entities known to have asserted any Interests and/or Claims (as defined below) in or upon the Purchased Assets, (vii) all federal, state, and local regulatory or taxing authorities or recording offices, including but not limited to environmental regulatory authorities, which have a reasonably known interest in the relief requested by the Motions, (viii) all parties to Assigned Contracts, (ix) the United States Attorney's office, (x) the United States Department of Justice, (xi) the Securities and

---

*(cont'd from previous page)*
fact when appropriate.  See Fed. R. Bankr. P. 7052.

5       DeltaView comparison of pcdocs://chisr01a/581326/1 and pcdocs://chisr01a/581326/5. Performed on 1/15/2008.

Exchange Commission, (xii) the Internal Revenue Service, (xiii) all entities on the Master Service

List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R.

Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain

Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental

Case Management Order")), and (xiv) such other entities as are required to be served with notices

under the Supplemental Case Management Order.

H.      The Buyers are not "insiders" of any of the Debtors as that term is defined in

11 U.S.C. § 101(31).

I.      The Agreement was negotiated, proposed, and entered into by the Selling

Debtor Entities and the Buyers without collusion, in good faith, and from arm's-length bargaining

positions.  Neither the Selling Debtor Entities nor the Buyers have engaged in any conduct that

would cause or permit the Sale to be avoidable under 11 U.S.C. § 363(n).

J.      The Buyers are good faith purchasers under 11 U.S.C. § 363(m) and, as

such, are entitled to all of the protections afforded thereby.  The Buyers will be acting in good faith

within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the

Agreement at all times after the entry of this order.

K.      The consideration provided by the Buyers for the Purchased Assets

pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for

the Purchased Assets, (iii) will provide a greater recovery for the Selling Debtor Entities'

stakeholders than would be provided by any other practical available alternative, and (iv)

constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and

under the laws of the United States, any state, territory, or possession thereof, or the District of

Columbia.

L.        The Sale must be approved and consummated promptly to preserve the

viability of the Interiors and Closures Businesses as a going concern. The Sale is in contemplation

of, and a necessary condition precedent to, a reorganization plan for the Debtors and, accordingly,

constitutes a transfer to which section 1146(c) of the Bankruptcy Code applies.

M.        The transfer of the Purchased Assets to the Buyers will be a legal, valid,

and effective transfer of the Purchased Assets, and in the case of the Purchased Assets of the

Selling Debtor Entities, shall vest the Buyers with all right, title, and interest of the Selling Debtor

Entities to the Purchased Assets free and clear of any and all liens, claims, interests, and

encumbrances of any type whatsoever (whether known or unknown, choate or inchoate, filed or

unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or

unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated,

matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to

or subsequent to the commencement of the chapter 11 cases, and whether imposed by agreement,

understanding, law, equity, or otherwise, including claims otherwise arising under doctrines of

successor liability), including but not limited to those (i) that purport to give to any party a right or

option to effect any forfeiture, modification, right of first refusal, or termination of the Selling

Debtor Entities' or the Purchaser's interest in the Purchased Assets, or any similar rights, and (ii)

relating to taxes arising under or out of, in connection with, or in any way relating to the operation

of the Interiors and Closures Businesses prior to the Closing Date, including the transfer of the

Purchased Assets to the Buyers (collectively, the "Interests and/or Claims").

N.        If the Sale of the Purchased Assets with respect to the Selling Debtor

Entities were not free and clear of all Interests and/or Claims as set forth in the Agreement and this

order, or if the Buyers would, or in the future could, be liable for any of the Interests and/or Claims

as set forth in the Agreement and this order, the Buyers would not have entered into the Agreement and would not consummate the Sale or the transactions contemplated by the Agreement, thus adversely affecting the Selling Debtor Entities, their estates, and their stakeholders.

O.    The Selling Debtor Entities may sell their interests in the Purchased Assets free and clear of all Interests and/or Claims because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  All holders of Interests and/or Claims who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2).  Those holders of Interests and/or Claims who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f), and all holders of Interests and/or Claims are adequately protected by having their Interests and/or Claims, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest or Claim with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

P.    Except as expressly provided in the Agreement, the (i) transfer of the Purchased Assets to the Buyers and (ii) assumption and/or assignment to the Buyers of the Assigned Contracts and Assumed Liabilities will not subject the Buyers to any liability whatsoever with respect to the operation of the Interiors and Closures Businesses prior to the Closing of the Sale, or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity including, without limitation, any theory of equitable law, antitrust, or successor or transferee liability.

Q.    The Selling Debtor Entities have demonstrated that it is an exercise of their sound business judgment to assume and/or assign the Assigned Contracts as applicable to the

Buyers in connection with the consummation of the Sale, and the assumption and/or assignment of the Assigned Contracts is in the best interests of the Selling Debtor Entities, their estates, and their creditors.  The Assigned Contracts being assigned to, and the liabilities being assumed by, the Buyers are an integral part of the Purchased Assets being purchased by the Buyers and, accordingly, such assumption and/or assignment of Assigned Contracts and liabilities is reasonable and enhances the value of the Selling Debtor Entities' estates.

        **R.**      The Selling Debtor Entities have (i) cured, or have provided adequate assurance of cure of, any default existing prior to the Closing of the Sale under all of the Assumed U.S. Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), by payment of the amounts provided on <u>Schedule 1</u> hereto and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed U.S. Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B).  The Buyers have provided adequate assurance of their future performance of and under the Assumed U.S. Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).  ~~Except for the executory contracts related to the objections (the "Objections") filed to the Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closure Businesses ( Docket Nos. 10962 and 10963) and Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Businesses (Docket No. 11164 and 10965) as set forth on~~ ~~Schedule 2~~ ~~hereto, pursuant to 11 U.S.C. § 365(f), the~~<u>The</u> Assumed U.S. Contracts to be assumed and assigned under the Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Buyers notwithstanding any provision in the contracts or other

restrictions prohibiting their assignment or transfer. ~~The hearing on the Motion as it pertains to the Objections set forth on Schedule 2 hereto is adjourned to January 25, 2008, and any findings and conclusions and decretal paragraphs herein pertaining to the Assigned Contracts do not apply to the contracts covered by such Objections~~

S.    The Selling Debtor Entities have shown that the decision to enter into the Letter Agreement is reasonable and appropriate under the circumstances.

T.    ~~S.~~ Approval of the Agreement and consummation of the Sale of the Purchased Assets and assignment of the Assigned Contracts at this time are in the best interests of the Selling Debtor Entities, their stakeholders, their estates, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

### General Provisions

1.    The Motion~~s is~~ are GRANTED to the extent set forth in this order. Any and all objections to the Motions not waived, withdrawn, settled, adjourned or otherwise resolved herein are hereby overruled and denied with prejudice.

### Approval Of The Agreement

2.    Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.    Pursuant to 11 U.S.C. § 363(b), the Selling Debtor Entities are authorized, but not directed, to perform their obligations under the Agreement and comply

with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.      Each of the signatories to the Agreement is authorized, but not directed, to take all actions necessary or appropriate to effectuate the terms of this order.

5.      The Selling Debtor Entities are authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Buyers for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Purchased Assets and the Assigned Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6.      This order and the Agreement shall be binding in all respects upon all stakeholders (whether known or unknown) of the Debtors, the Buyers, all successors and assigns of the Buyers and the Selling Debtor Entities, all affiliates and subsidiaries of the Buyers and the Selling Debtor Entities, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection.  To the extent that any provision of this order is inconsistent with the terms of the Agreement, this order shall govern.

7.      The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in

accordance with the terms thereof without further order of the Court; <u>provided</u> that such

modification, amendment, or supplement is not material.

<u>Sale And Transfer Of The Purchased Assets</u>

8.      Except as expressly permitted or otherwise specifically provided for

in the Agreement or this order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the

consummation of the Agreement, the Selling Debtor Entities' right, title, and interest in the

Purchased Assets shall be transferred to the Buyers free and clear of all Interests and/or

Claims, with all such Interests and/or Claims to attach to the cash proceeds of the Sale in

the order of their priority, with the same validity, force, and effect which they had as

against the Purchased Assets immediately before such transfer, subject to any claims and

defenses the Selling Debtor Entities may possess with respect thereto.

9.      The transfer of the Purchased Assets to the Buyers pursuant to the

Agreement constitutes a legal, valid, and effective transfer of the Purchased Assets, and

shall vest the Buyers with all right, title, and interest of the Selling Debtor Entities in and to

the Purchased Assets free and clear of all Interests and/or Claims of any kind or nature

whatsoever.

10.      If any person or entity which has filed financing statements,

mortgages, mechanic's liens, <u>lis pendens</u>, or other documents or agreements evidencing

Interests and/or Claims against or in the Purchased Assets shall not have delivered to the

Selling Debtor Entities prior to the Closing of the Sale, in proper form for filing and

executed by the appropriate parties, termination statements, instruments of satisfaction,

releases of all Interests and/or Claims that the person or entity has with respect to the

Purchased Assets, or otherwise, then (a) the Selling Debtor Entities are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets and (b) the Buyers are hereby authorized to file, register, or otherwise record a certified copy of this order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests and/or Claims in the Purchased Assets of any kind or nature whatsoever.

11.    This order (a) shall be effective as a determination that, upon the Closing of the Sale, all Interests and/or Claims of any kind or nature whatsoever existing as to the Selling Debtor Entities or the Purchased Assets being sold by the Selling Debtor Entities prior to the Closing of the Sale have been unconditionally released, discharged, and terminated (other than any surviving obligations), and that the conveyances described herein have been effected and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

12.    All persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, and other stakeholders, holding Interests and/or Claims of any kind or nature whatsoever against or in the Selling Debtor Entities or the Purchased Assets

being sold by the Selling Debtor Entities (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Interiors and Closures Businesses, the Purchased Assets being sold by the Selling Debtor Entities, the operation of the Interiors and Closures Businesses by the Selling Debtor Entities prior to the Closing of the Sale, or the transfer of the Purchased Assets to the Buyers, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyers, their successors or assigns, their property, or the Purchased Assets, such persons' or entities' Interests and/or Claims.  Nothing in this order or the Agreement releases or nullifies any Liability to a governmental agency under any environmental laws and regulations that any entity would be subject to as owner or operator of any Purchased Assets after the date of entry of this order.  Nothing in this order or the Agreement bars, estops, or enjoins any governmental agency from asserting or enforcing, outside the Court, any Liability described in the preceding sentence.  Notwithstanding the above, nothing herein shall be construed to permit a governmental agency to obtain penalties from the Buyers for the Selling Debtor Entities' violation of environmental laws and regulations prior to Closing.

<u>Assumption And Assignment To The Purchaser Of The Assumed U.S. Contracts</u>

13.    Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the Closing of the Sale, and subject to paragraph 14 herein, the Selling Debtor Entities' assumption and assignment to the Buyers, and the Buyers' assumption on the terms set forth in the Agreement, of the Assumed U.S. Contracts is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

14.    The hearing on the Motion as it pertains to the proposed Assignment Contracts covered by the Objections listed on Schedule 2 shall be adjourned to the January 25, 2008 omnibus hearing.

14.    15. The Selling Debtor Entities are hereby authorized in accordance with 11 U.S.C. §§ 105(a), 363, and 365 to (a) assume and/or assign to the Buyers, effective upon the Closing of the Sale, the Assigned Contracts free and clear of all Interests and/or Claims of any kind or nature whatsoever and (b) execute and deliver to the Buyers such documents or other instruments as may be necessary to assign and transfer the Assigned Contracts and Assumed Liabilities to the Buyers.

15.    16. The Assumed U.S. Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyers in accordance with their respective terms, notwithstanding any provision in any such Assumed U.S. Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), the Selling Debtor Entities shall be relieved from any further liability with respect to the Assumed U.S. Contracts after such assignment to and assumption of such contracts by the Buyers.

16.    17. All defaults or other obligations of the Selling Debtor Entities under the Assumed U.S. Contracts arising or accruing prior to the Closing of the Sale (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by the Selling Debtor Entities in accordance with the terms of the Agreement, and the Buyers shall have no liability or obligation arising or accruing prior to the date of the Closing of the Sale, except as otherwise expressly provided in the Agreement. Each

non-debtor party to any Assumed U.S. Contracts shall be deemed to have consented to the

assumption and assignment of the Assumed U.S. Contracts to the Buyers and shall be forever

barred, estopped, and permanently enjoined from asserting against the Selling Debtor Entities or

the Buyers, or the property of any of them, any default existing, arising, or accruing as of the date

of the Closing or any purported written or oral modification to the Assumed U.S. Contracts.  The

failure of the Debtors or the Buyers to enforce prior to the Closing of the Sale one or more terms or

conditions of any Assumed U.S. Contracts shall not be a waiver of such terms or conditions or of

the Debtors' or Buyers' rights to enforce every term and condition of any such Assumed U.S.

Contracts.

<u>Additional Provisions</u>

17.    18. The transactions contemplated by the Agreement, and the execution,

delivery, and/or recordation of any and all documents or instruments necessary or desirable to

consummate the transactions contemplated by the Agreement shall be, and hereby are, exempt

from the imposition and payment of all stamp taxes or any other similar taxes pursuant to section

1146(c) of the Bankruptcy Code.

18.    19. The consideration provided by the Buyers for the Purchased Assets

under the Agreement is hereby deemed to constitute reasonably equivalent value and fair

consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform

Fraudulent Transfer Act, and under the laws of the United States, and any state, territory, or

possession thereof, or the District of Columbia.

19.    20. Upon the Closing of the Sale, this order shall be construed as and shall

constitute for any and all purposes a full and complete general assignment, conveyance, and

transfer of all of the Purchased Assets and the Assigned Contracts or a bill of sale transferring good and marketable title in such Purchased Assets and Assigned Contracts to the Buyers pursuant to the terms of the Agreement.

20. 21. Upon the Closing of the Sale, each of the Selling Debtor Entities' creditors is authorized and directed to execute such documents and take all other such actions as may be necessary to release their respective Interests and/or Claims against the Purchased Assets, if any, as such Interests and/or Claims may have been recorded or may otherwise exist.

21. 22. Each and every federal, state, and governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

22. 23. All entities which are currently, or as of the Closing of the Sale may be, in possession of some or all of the Purchased Assets to be sold, transferred, or conveyed pursuant to the Agreement are hereby directed to surrender possession of the Purchased Assets to the Buyers upon the Closing of the Sale.

23. 24. All persons holding Interests and/or Claims against or in the Selling Debtor Entities or the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests and/or Claims of any kind or nature whatsoever against the Buyers, their property, their successors and assigns, or the Purchased Assets with respect to any Interest or Claim of any kind or nature whatsoever which such person or entity had, has, or may have against or in the Selling Debtor Entities, their estates, their officers, their directors, their shareholders, or the Purchased Assets.  Following the Closing of the Sale, no holder of an Interest in or Claim

against the Selling Debtor Entities shall interfere with the Buyers' title to or use and enjoyment of the Purchased Assets based on or related to such Interest or Claim or any actions that the Selling Debtor Entities may take, or have taken, in their chapter 11 cases.

24.    25. The transactions contemplated by the Agreement are undertaken by the Buyers in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Purchased Assets shall not affect the validity of the Sale to the Buyers, unless such authorization is duly stayed pending such appeal.  The Buyers are purchasers in good faith of the Purchased Assets, and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

25.    26. The consideration provided by the Buyers for the Purchased Assets under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

26.    27. The Selling Debtor Entities, including, but not limited to, their officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this order.  The Selling Debtor Entities shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this order.

27.    28. The terms and provisions of the Agreement and this order shall be binding in all respects upon, and shall inure to the benefit of, the Selling Debtor Entities, their estates, and their stakeholders, the Buyers and their affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting an Interest or Claim

against or in the Purchased Assets to be sold to the Buyers pursuant to the Agreement,

notwithstanding any subsequent appointment of any trustee or other fiduciary under any section of

any chapter of the Bankruptcy Code, as to which trustee or other fiduciary such terms and

provisions likewise shall be binding.

28.    29. The Selling Debtor Entities shall not propose, support, or seek

confirmation of a plan of reorganization that is inconsistent with or derogate from the terms of the

Agreement.

29.    30. Notwithstanding anything contained herein to the contrary, the term

"Purchased Assets" as defined herein does not include property that is not property of the Selling

Debtor Entities' estates or of the other Sellers, such as funds that are trust funds under any

applicable state lien laws.

30.    31. To the extent permitted by section 525 of the Bankruptcy Code, no

governmental unit may revoke or suspend any permit or license relating to the operation of the

Purchased Assets sold, transferred, or conveyed to the Buyers on account of the filing or pendency

of these chapter 11 cases or the consummation of the Sale.

31.    32. The failure specifically to include or to reference any particular

provision of the Agreement in this order shall not diminish or impair the effectiveness of such

provision, it being the intent of the Court that the Agreement be authorized and approved in its

entirety.

32.    33. The Agreement and any related agreements, documents, or other

instruments may be modified, amended, or supplemented by the parties thereto in accordance with

the terms thereof without further order of the Court, <u>provided</u> that any such modification,

amendment, or supplement does not have a material adverse effect on the Selling Debtor Entities'

estates.

33.   ~~34.~~ Nothing in this order shall alter or amend the Agreement and the

obligations of the Sellers and the Buyers thereunder.

34.   ~~35.~~ This Court retains exclusive jurisdiction to interpret, construe, enforce,

and implement the terms and provisions of this order, the Agreement, all amendments thereto, any

waivers and consents thereunder, and of each of the agreements executed in connection therewith

in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the

Purchased Assets to the Buyers, (b) compel delivery of the purchase price or performance of other

obligations owed to the Selling Debtor Entities pursuant to the Agreement, (c) resolve any disputes

arising under or related to the Agreement, except as otherwise provided therein, (d) interpret,

implement, and enforce the provisions of this order, (e) protect the Buyers against any Interests

and/or Claims against or in the Selling Debtor Entities or the Purchased Assets, of any kind or

nature whatsoever, attaching to the proceeds of the Sale, and (f) determine all disputes among the

Selling Debtor Entities, the Buyers, and any non-Debtor parties to any Assigned Contracts

concerning, <u>inter</u> <u>alia</u>, the Selling Debtor Entities' assumption and/or assignment of any Assigned

Contract to the Purchaser under the Agreement.

35.   ~~36.~~ The purchase price shall be and hereby is allocated between the Selling

Debtor Entities and the non-Debtor Sellers as set forth on <u>Schedule ~~3.~~2.</u>

36.   ~~37.~~ The Selling Debtor Entities are authorized, but not directed, to enter into

and perform under the sixth amendment of lease, dated September 28, 2007, by and between DAS

LLC and 1401 Troy Associates Limited Partnership, covering certain premises located at 1401

Crooks Road, Troy, Michigan.

37.    38. The entry of this order shall not modify the terms and conditions

applicable to the parts designated in the agreements to be assumed and/or assigned to the Buyers,

and Siemens VDO Automotive AG, Siemens VDO Automotive Corp., Siemens Electric Ltd, and

Siemens VDO Automotive Inc. n/k/a Siemens VDO Automotive Canada Inc., each, as applicable,

expressly reserve its rights and defenses in this regard and each of the Buyers reserve the

reciprocal rights and defenses, including, without limitation, any such rights and defenses that

could have been asserted by each party on or prior to Closing.

38.    Notwithstanding rules 6004(g), 6006(d), 7062, or 9014 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") or any other Bankruptcy Rule or rule 62(a) of

the Federal Rules of Civil Procedure, this order shall be immediately effective and enforceable

upon its entry and there shall be no stay of execution of this order.

39.    The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for the

service and filing of a separate memorandum of law is deemed satisfied by the Motions.

Dated: New York, New York

_____

_____
UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Tuesday, January 15, 2008 5:24:54 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/581326/1 |
| Document 2 | pcdocs://chisr01a/581326/5 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: |
|---|
| Insertion |
| Deletion |
| <Moved from> |
| >Moved to< |
| Style change |
| Format change |
| Moved deletion |

| Inserted cell | |
|---|---|
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 31 |
| Deletions | 35 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 66 |