## Exhibit B

## Bidding Procedures Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
     In re                        :     Chapter 11
:
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
:
                Debtors.   :     (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND 9014 (I)
APPROVING BIDDING PROCEDURES, (II) GRANTING CERTAIN BID
PROTECTIONS, (III) APPROVING FORM AND MANNER OF SALE
NOTICES, AND (IV) SETTING SALE HEARING DATE IN CONNECTION
WITH SALE OF DEBTORS' BEARINGS BUSINESS

("BEARINGS BIDDING PROCEDURES ORDER")

         Upon the expedited motion, dated January 15, 2008 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

orders pursuant to 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004,

6006, and 9014 (a)(i) approving the bidding procedures set forth herein and attached

hereto as Exhibit 1 (the "Bidding Procedures"), (ii) granting certain bid protections, (iii)

approving the form and manner of sale notices, and (iv) setting a sale hearing date (the

"Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale") of

substantially all of the non-cash assets (the "Acquired Assets") primarily used in the

Debtors' global bearings business, free and clear of liens, claims, encumbrances, and

interests to ND Acquisition Corp. (the "Buyer") pursuant to the Sale And Purchase

Agreement, dated January 15, 2008, by and between certain affiliated chapter 11 Debtors

as set forth in the Agreement (the "Selling Debtor Entities")[1] and the Buyer (the "Agreement")[2] or to the Successful Bidder (as hereinafter defined) submitting a higher or otherwise better bid, (ii) the assumption and assignment of certain prepetition executory contracts and unexpired leases (the "Assumed Contracts") and the assignment of certain postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and collectively with the Assumed Contracts, the "Assigned Contracts") to the Buyer or the Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by the Buyer or the Successful Bidder; and upon the record of the hearing held on January 25, 2008 with respect to the Motion (the "Bidding Procedures Hearing"); and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.     The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C.     The relief requested in the Motion is in the best interests of the Selling Debtor Entities, their estates, their stakeholders, and other parties-in-interest.

---

[1]     Under the Agreement, the Selling Debtor Entities are comprised of Delphi Automotive Systems LLC and Delphi Technologies, Inc.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

[3]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.    The notice of the Motion and the Bidding Procedures Hearing given by the Selling Debtor Entities constitutes due, sufficient, and timely notice thereof.

E.    The Selling Debtor Entities have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement and in this order, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and/or assignment of the Assigned Contracts, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to stakeholders and other parties-in-interest, including prospective bidders, (v) approve the form of notice of the Cure Amounts (as defined below) and the assumption of the Assumed Contracts to be filed with the Court and served on parties to each Assumed Contract, and (vi) set the Sale Hearing.

F.    The Break-Up Fee and the Expense Reimbursement may be paid in accordance with the terms, conditions, and limitations of the Agreement (together, the "Bid Protections"), (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Selling Debtor Entities' estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) are of substantial benefit to the Selling Debtor Entities' estates, (iii) are reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Buyer notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) were negotiated by the parties at arms' length and in good faith, and (v) are necessary to ensure that the Buyer will continue to pursue their proposed acquisition of the Acquired Assets.  The Bid Protections were a material inducement for, and condition of, the Buyer's entry into the Agreement.  The Buyer is unwilling to

3

commit to hold open its offer to purchase the Acquired Assets under the terms of the

Agreement unless they are assured of payment of the Bid Protections.  Thus, assurance to

the Buyer of payment of the Bid Protections promoted more competitive bidding by

inducing the Buyer to hold its bid open.  Without the Bid Protections, other bidding

would have been limited.  Further, because the Bid Protections induced the Buyer to

research the value of the Acquired Assets and to submit a bid that will serve as a

minimum or floor bid on which other bidders can rely, the Buyer has provided a benefit

to the Selling Debtor Entities' estates by increasing the likelihood that the price at which

the Acquired Assets are sold will reflect their true worth.  Finally, absent authorization of

the Bid Protections, the Selling Debtor Entities may lose the opportunity to obtain the

highest or otherwise best available offer for the Acquired Assets.

G.      The Bidding Procedures are reasonable and appropriate and

represent the best method for maximizing the realizable value of the Acquired Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

Bidding Procedures

1.      The Bidding Procedures, as set forth on Exhibit 1 attached hereto

and incorporated herein by reference as if fully set forth herein, are hereby approved and

shall govern all proceedings relating to the Agreement and any subsequent bids for the

Acquired Assets in these cases, and the Auction, if applicable.

2.      The Selling Debtor Entities may: (i) determine, in their business

judgment, which Qualified Bid is the highest or otherwise best offer, (ii) consult with the

representative of any official committee or significant constituent in connection with the

Bidding Procedures, and (iii) reject at any time before entry of an order of the Court

4

approving a Qualified Bid any bid (other than the Buyer's bid) which, in the Selling

Debtor Entities' sole discretion, is (a) inadequate or insufficient, (b) not in conformity

with the requirements of the Bankruptcy Code or the Bidding Procedures, or (c) contrary

to the best interests of the Selling Debtor Entities, their estates, and their stakeholders.

The Selling Debtor Entities are authorized (x) to terminate the Bidding Process or the

Auction at any time if they determine, in their business judgment, that the Bidding

Process will not maximize the value of the Acquired Assets to be realized by the Selling

Debtor Entities' estates and (y) to seek Bankruptcy Court approval of the Agreement with

the Buyers.

## Sale Hearing

3.      The Court shall hold a Sale Hearing on February 21, 2008 at 10:00

a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, Room 610, New York, New York 10004, at

which time the Court shall consider the remainder of the Motion not approved by this

Order, approve the Successful Bidder, and confirm the results of the Auction, if any.

Objections to the Motion, if any, shall be filed and served no later than 4:00 p.m.

(prevailing Eastern time) on February 14, 2008 (the "Objection Deadline").

4.      The failure of any objecting person or entity to timely file and

serve its objection by the Objection Deadline shall be a bar to the assertion, at the Sale

Hearing or thereafter, of any objection to the Motion, the Sale, or the Selling Debtor

Entities' consummation and performance of the Agreement (including the transfer of the

Acquired Assets and Assigned Contracts free and clear of liens, claims, interests,

encumbrances (and in the case of Assumed Contracts, defenses)), with the exception of

5

any objection to the conduct of the Auction or the Selling Debtor Entities' selection of the

Successful Bidder, which may be made at the Sale Hearing.

5.      The Sale Hearing, or any portion thereof, such as with respect to

the proposed assumption and assignment of a particular executory contract, may be

adjourned by the Debtors from time to time without further notice to creditors or parties-

in-interest other than by announcement of the adjournment in open court or on the Court's

calendar on the date scheduled for the Sale Hearing or any adjourned date.

Bid Protections

6.      The Bid Protections are hereby approved, and any and all

objections to the Bid Protections that were not consensually resolved at or before the

Hearing are hereby overruled.  The Selling Debtor Entities' obligation to pay the Bid

Protections, as provided by the Agreement, shall survive termination of the Agreement

and, until paid in accordance with the Agreement, shall constitute a superpriority

administrative expense claim in favor of the Buyer.  The Selling Debtor Entities shall be

authorized to pay the Bid Protections to the Buyer in accordance with the terms of the

Agreement without further order of the Court.

Notice

7.      Notice of (i) the Motion, including the proposed Sale of the

Acquired Assets to the Buyer, (ii) the Sale Hearing, the Bid Deadline, and the Auction,

and (iii) the proposed assumption and assignment of the Assumed Contracts to the Buyer

pursuant to the Agreement or to a Successful Bidder (and any deadlines for objections

6

associated therewith) shall be good, sufficient, and timely notice, and no other or further

notice shall be required, if notice is given as follows:

(a)  <u>Notice Of Sale Hearing</u>.  Within five days after entry of this order (the "Mailing Date"), the Debtors (or their agent) shall serve the Motion, the Agreement, the proposed Sale Approval Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Buyers, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) counsel for the official committee of equity security holders appointed in these chapter 11 cases, (v) counsel for the agent under the Debtors' postpetition credit facility, (vi) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months, (vii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the Acquired Assets, (viii) all federal, state, and local regulatory or taxing authorities or recording offices, including but not limited to environmental regulatory authorities, which have a reasonably known interest in the relief requested by the Motion, (ix) all parties to Assigned Contracts, (x) the United States Attorney's office, (xi) the United States Department of Justice, (xii) the Securities and Exchange Commission, (xiii) the Internal Revenue Service, and (xiv) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management Order")).

(b)  <u>Assumption/Assignment Notice For Buyer</u>.  At least 20 days prior to the Sale Hearing, the Selling Debtor Entities shall file with the Court and serve on all non-Debtor parties to the Assigned Contracts a notice (the "Buyer Assumption/ Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 2</u>, identifying the Buyer as the party which will be assigned all of the Selling Debtor Entities' right, title, and interest in the Assigned Contracts, subject to completion of the bidding process provided under the Bidding Procedures.  The non-Debtor party to an Assumed Contract shall have ten days from the service of the Buyer Assumption/ Assignment Notice to object to the proposed assumption and assignment to the Buyer and shall state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to the Buyer and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(c)  <u>Assumption/Assignment Notice For Qualified Bidders</u>.  At least 20 days prior to the Sale Hearing or on the business day following the Bid Deadline, whichever is later, the Selling Debtor Entities shall cause a notice (the "Qualified Bidder Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 3</u>, to be sent to each non-Debtor party to an Assigned Contract identifying all

7

Qualified Bidders (except the Buyer, which notice shall be governed by the Buyer
Assumption/Assignment Notice set forth above).  The non-Debtor party to an Assumed
Contract shall have ten days from the service of the Qualified Bidder
Assumption/Assignment Notice to object to the proposed assumption and assignment to
any Qualified Bidder and shall state in its objection, with specificity, the legal and factual
basis of its objection.  If no objection is timely received, the non-Debtor party to the
Assumed Contract shall be deemed to have consented to the assumption and assignment
of the Assumed Contract to any Qualified Bidder and shall be forever barred from
asserting any objection with regard to the assumption and assignment.

(d)   Publication Notice. On or before the Mailing Date, or as soon
thereafter as is practicable, the Debtors shall cause notice substantially in the form of the
notice attached hereto as Exhibit 4 to be published in the Wall Street Journal
(International Edition), the New York Times, and the Sandusky Register.

8.   To the extent that any chapter 11 plan confirmed in these cases or
any order confirming any such plan or in any other order in these cases (including any
order entered after any conversion of these cases to cases under chapter 7 of the
Bankruptcy Code) alters, conflicts with, or derogates from the provisions of this order,
the provisions of this order shall control.  The Debtors' obligations under this order and
the portions of the Agreement pertaining to the Bid Protections shall survive confirmation
of any plan of reorganization or discharge of claims thereunder and shall be binding upon
Debtors, and the reorganized or reconstituted debtors, as the case may be, after the
effective date of the confirmed plan or plans in the Debtors' cases.

9.   Notwithstanding rules 6004(h), 6006(d), 7062, or 9014 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other
Bankruptcy Rule or rule 62(a) of the Federal Rules of Civil Procedure, this order shall be
immediately effective and enforceable upon its entry and there shall be no stay of
execution of this order.

10.   This Court shall retain jurisdiction to hear and determine all
matters arising from the implementation of this order.

11.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           _____, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

## DELPHI CORPORATION
## BEARINGS BUSINESS BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of substantially all of the assets that comprise the global bearings business (the "Bearings Business") of Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities" or the "Sellers").[1]  On January 15, 2008, the Sellers executed that certain Sale And Purchase Agreement (the "Agreement") with ND Acquisition Corp. (the "Buyer").  The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and certain other closing conditions.

On January 15, 2008, the Selling Debtor Entities and certain of their affiliates (collectively, the "Debtors") filed an Expedited Motion For Orders Under 11 U.S.C. §§ 363 And 365 And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date And (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Primarily Used In Debtors' Bearings Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities (the "Sale Motion").  On January ___, 2008, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures,  (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In Connection With Sale Of Debtors' Bearings Business (the "Bidding Procedures Order").  The Bidding Procedures Order set February 21, 2008 as the date when the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to authorize the Selling Debtor Entities to enter into the Agreement.  All capitalized terms used but not otherwise defined in these Bidding Procedures have the meanings ascribed to them in the Agreement.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bidders and bids become Qualified Bidders and Bids, respectively, the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof (collectively, the "Bidding Process").  The Debtors intend to consult with, among others, the official committee of unsecured creditors (the "Creditors' Committee") throughout the Bidding Process.  In the event that the Debtors and any party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

---

[1]    Under the Agreement, the Selling Debtor Entities are comprised of Delphi Automotive Systems LLC and Delphi Technologies, Inc.

## Assets To Be Sold

The assets proposed to be sold include substantially all of the assets primarily used in the Bearings Business (the "Acquired Assets").

## "As Is, Where Is"

The sale of the Acquired Assets will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Sellers, their agents, or estates, except, with respect to the Buyer, to the extent set forth in the Agreement and, with respect to a Successful Bidder, to the extent set forth in the relevant purchase agreement of such Successful Bidder approved by the Bankruptcy Court.

## Free Of Any And All Claims And Interests

Except, with respect to the Buyers, to the extent otherwise set forth in the Agreement and, with respect to a Successful Bidder, to the extent otherwise set forth in the relevant purchase agreement of such Successful Bidder, all of the Sellers' right, title, and interest in and to the Acquired Assets, or any portion thereof, to be acquired will be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests on and/or against the Acquired Assets (collectively, the "Claims and Interests"), such Claims and Interests to attach to the net proceeds of the sale of such Acquired Assets.

## Participation Requirements

Any person who wishes to participate in the Bidding Process (a "Potential Bidder") must become a Qualified Bidder.  As a prerequisite to becoming a Qualified Bidder, a Potential Bidder, other than the Buyers, must deliver (unless previously delivered) to the Selling Debtor Entities and their counsel at the addresses provided below, unless otherwise ordered by the Bankruptcy Court or as otherwise determined by the Sellers in their discretion:

(a)    An executed confidentiality agreement in form and substance satisfactory to the Selling Debtor Entities.

(b)    Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets and the Bearings Business, current audited financial statements of the equity holders of the Potential Bidder who must guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement as may be acceptable to the Selling Debtor Entities and their financial advisors; and

(c)    A preliminary (non-binding) proposal regarding:  (i) the purchase price range, (ii) any assets and/or equity interests expected to be excluded, (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing for the Purchase Price and the requisite Good Faith Deposit), (iv) any anticipated regulatory approvals required to close the transaction, the anticipated time frame and any anticipated impediments for obtaining such approvals, (v) any conditions to closing that the Potential

2

Bidder may wish to impose in addition to those set forth in the Agreement, and (vi) the nature and extent of additional due diligence the Potential Bidder may wish to conduct and the date by which such due diligence must be completed.

A Potential Bidder who delivers the documents described in the foregoing subparagraphs and whose financial information and credit-quality support or enhancement demonstrate the financial capability of such Potential Bidder to consummate the Sale if selected as a Successful Bidder, and who the Sellers determine in their sole discretion is likely (based on availability of financing, experience, and other considerations) to be able to consummate the Sale within the time frame provided by the Agreement, will be deemed a "Qualified Bidder." Notwithstanding the foregoing, the Buyer will be deemed a Qualified Bidder for purposes of the Bidding Process. As promptly as reasonably practicable after a Potential Bidder delivers all of the materials required above, the Selling Debtor Entities will determine, and will notify the Potential Bidder, whether such Potential Bidder is a Qualified Bidder. At the same time when the Selling Debtor Entities notify the Potential Bidder that it is a Qualified Bidder, the Selling Debtor Entities will allow the Qualified Bidder to commence due diligence with respect to the Acquired Assets and the Bearings Business as described below.

### Due Diligence

The Sellers will afford each Qualified Bidder due diligence access to the Acquired Assets and the Bearings Businesses. Due diligence access may include such management presentations as may be scheduled by the Selling Debtor Entities, access to data rooms, on site inspections, and such other matters which a Qualified Bidder may request and as to which the Sellers, in their sole discretion, may agree. The Sellers will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. Any additional diligence access or information grant to any Qualified Bidder other than the Buyer will be promptly made available to the Buyer. Any additional due diligence will not continue after the Bid Deadline. The Sellers may, in their discretion, coordinate diligence efforts such that multiple Qualified Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations or site inspections. Neither the Sellers nor any of their Affiliates (or any of their respective representatives) will be obligated to furnish any information relating to Acquired Assets and the Bearings Business to any Person other than to Qualified Bidders who make an acceptable preliminary proposal.

### Bid Deadline

A Qualified Bidder who desires to make a bid must deliver the Required Bid Documents (as defined herein) to: Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 Attention: Stephen H. Olsen, Director, Mergers & Acquisitions, Automotive Holdings Group, with copies to: (i) the Selling Debtor Entities' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: John K. Lyons and Brian M. Fern, (ii) the Selling Debtor Entities' financial advisor, KeyBanc Capital Markets Inc., 127 Public Square, Cleveland, Ohio 44114, Attention: Paul E. Schneir, (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg, and (iv) counsel for the agent under Delphi's postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017,

Attention: Donald S. Bernstein and Brian Resnick, so as to be received not later than 11:00 a.m. (prevailing Eastern time) by February 11, 2008 (the "Bid Deadline").  Delphi may extend the Bid Deadline once or successively, but is not obligated to do so.  If Delphi extends the Bid Deadline, it will promptly notify all Qualified Bidders of such extension.  As soon as reasonably practicable following receipt of each Qualified Bid, the Selling Debtor Entities will deliver complete copies of all items and information enumerated in the section below entitled "Bid Requirements" to counsel for the official committee of equity security holders (the "Equityholders Committee"). The Sellers also will provide the UAW with notice of all Qualified Bidders and their contact information.  Qualified Bidders should note that Section 6.7 of the Agreement addresses, among other things, the terms and conditions of employment of UAW-represented employees, and these issues remain subject to the parties' rights and obligations related to bargaining with the UAW.

## Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a)     A letter stating that the bidder's offer is irrevocable until two Business Days after the closing of the Sale of the Acquired Assets.

(b)     An executed copy of the Agreement, together with all schedules marked (a "Marked Agreement") to show those amendments and modifications to such Agreement and schedules that the Qualified Bidder proposes, including the Purchase Price (as defined in the Agreement).

(c)     A good faith deposit (the "Good Faith Deposit") in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Selling Debtor Entities in their sole discretion) payable to the order of Delphi (or such other party as the Sellers may determine) in the amount of $750,000.

(d)     Written evidence of a commitment for financing, or other evidence of ability to consummate the proposed transaction, that is satisfactory to the Sellers and their advisors.

## Qualified Bids

A bid will be considered only if the bid:

(a)     Is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder.

(b)     Proposes a transaction on terms and conditions (other than the amount of the consideration and the particular liabilities being assumed) that the Selling Debtor Entities determine, in their sole discretion, are similar to, and are not materially more burdensome or conditional than, the terms of the Agreement and that has a value, either individually or, when evaluated in conjunction with any other Qualified Bid, greater than or equal to the sum of the Purchase Price plus the amount of the Break-Up Fee and  the Expense Reimbursement, plus $500,000 in the case of an initial Qualified Bid, plus $250,000 in

4

the case of any subsequent Qualified Bids over the immediately preceding highest
Qualified Bid.

(c)      Is not conditioned upon any bid protections, such as a break-up fee, termination
fee, expense reimbursement, or similar type of payment.

(d)      Includes an acknowledgement and representation that the bidder: (i) has had an
opportunity to conduct any and all due diligence regarding the Acquired Assets prior to
making its offer, (ii) has relied solely upon its own independent review, investigation
and/or inspection of any documents and/or the Acquired Assets in making its bid, and (iii)
did not rely upon any written or oral statements, representations, promises, warranties or
guaranties whatsoever, whether express, implied, by operation of law, or otherwise,
regarding the Acquired Assets, or the completeness of any information provided in
connection therewith or the Auction, except as expressly stated in the Agreement or the
Marked Agreement.

(e)      Includes a commitment to consummate the purchase of the Acquired Assets
(including the receipt of any required Governmental Approvals) within not more than 15
days after entry of an order by the Bankruptcy Court approving such purchase, subject to
the receipt of any Governmental Approvals, which must be obtained within 60 days after
entry of such order.

(f)      Is received by the Bid Deadline.

A bid received from a Qualified Bidder will constitute a "Qualified Bid" only if it
includes all of the Required Bid Documents and meets all of the above requirements; provided,
however, that the Selling Debtor Entities will have the right, in their sole discretion, to entertain
bids for the Acquired Assets that do not conform to one or more of the requirements specified
herein and may deem such bids to be Qualified Bids.  Notwithstanding the foregoing, the Buyers
will be deemed a Qualified Bidder, and the Agreement will be deemed a Qualified Bid, for all
purposes in connection with the Bidding Process, the Auction, and the Sale.  A Qualified Bid
will be valued based upon factors such as the net value provided by such bid and the likelihood
and timing of consummating such transaction.  Each Qualified Bid other than that of the Buyers
is referred to as a "Subsequent Bid."

If the Selling Debtor Entities do not receive any Qualified Bids other than the Agreement
received from the Buyers, the Selling Debtor Entities will report the same to the Bankruptcy
Court and will proceed with the Sale pursuant to the terms of the Agreement.

## Bid Protection

Recognizing the Buyers' expenditure of time, energy, and resources, the Selling Debtor
Entities have agreed to provide certain bidding protections to the Buyers.  Specifically, the
Selling Debtor Entities have determined that the Agreement furthers the goals of the Bidding
Procedures by setting a floor which all other Qualified Bids must exceed.  As a result, the Selling
Debtor Entities have agreed that if the Buyers are not the Successful Bidder, the Selling Debtor
Entities will, in certain circumstances, pay to the Buyers a Break-Up Fee.  The payment of the

Break-Up Fee or the Expense Reimbursement (as applicable) will be governed by the provisions
of the Agreement and the Bidding Procedures Order.

### Auction

If the Selling Debtor Entities receive one or more Qualified Bids in addition to the
Agreement, the Selling Debtor Entities will conduct an auction (the "Auction") of the Acquired
Assets and the Bearings Business upon notice to all Qualified Bidders who have submitted
Qualified Bids at 10:00 a.m. (prevailing Eastern time) on February 13, 2008, at the offices of
Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036
or 333 West Wacker Drive, Chicago, Illinois 60606 (at the Selling Debtor Entities' election) or
such later time or other place as the Selling Debtor Entities notify all Qualified Bidders who have
submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale
Hearing), in accordance with the following procedures:

(a)     Only the Sellers, the Buyers, any representative of the Creditors' Committee and
the Equityholders' Committee, any representative of the Selling Debtor Entities' secured
lenders under their postpetition credit facility (and the legal and financial advisers to each
of the foregoing), any representative of the UAW, and any Qualified Bidder who has
timely submitted a Qualified Bid will be entitled to attend the Auction, and only the
Buyers and Qualified Bidders will be entitled to make any subsequent Qualified Bids at
the Auction.

(b)     At least one Business Day prior to the Auction, each Qualified Bidder who has
timely submitted a Qualified Bid must inform the Selling Debtor Entities whether it
intends to participate in the Auction and at least one Business Day prior to the Auction,
the Selling Debtor Entities will provide copies of the Qualified Bid or combination of
Qualified Bids which the Selling Debtor Entities believe is the highest or otherwise best
offer to the UAW and all Qualified Bidders who have informed the Selling Debtor
Entities of their intent to participate in the Auction.

(c)     All Qualified Bidders who have submitted Qualified Bids will be entitled to be
present for all Subsequent Bids with the understanding that the true identity of each
bidder will be fully disclosed to all other bidders and that all material terms of each
Subsequent Bid will be fully disclosed to all other bidders throughout the entire Auction.

(d)     The Selling Debtor Entities may employ and announce at the Auction additional
procedural rules that are reasonable under the circumstances (e.g., the amount of time
allotted to make Subsequent Bids) for conducting the Auction, provided that such rules
are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order of
the Bankruptcy Court entered in connection herewith.

(e)     Bidding at the Auction will begin with the highest or otherwise best Qualified Bid
or combination of Qualified Bids and continue in minimum increments of at least
$250,000 higher than the previous bid or bids. The Auction will continue in one or more
rounds of bidding and will conclude after each Qualified Bidder has had the opportunity
to submit one or more additional Subsequent Bids with full knowledge and written
confirmation of the then-existing highest bid or bids.  For the purpose of evaluating the

value of the consideration provided by Subsequent Bids (including any Subsequent Bid by Buyer), the Selling Debtor Entities may give effect to any Break-Up Fee or Expense Reimbursement that may be payable to the Buyer under the Agreement as well as any assets and/or equity interests to be retained by any Selling Debtor Entity.

## Selection Of Successful Bid

At the conclusion of the foregoing steps in the Auction, or as soon thereafter as practicable, the Sellers, in consultation with their financial advisors, will: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale; and (ii) identify the highest or otherwise best offer for the Acquired Assets and the Bearings Business received at the Auction (the "Successful Bid(s)," and the bidder(s) making such bid, the "Successful Bidder(s)").

The Selling Debtor Entities will sell the Acquired Assets for the highest or otherwise best Qualified Bid to the Successful Bidder(s), upon the approval of such Qualified Bid by the Bankruptcy Court after the Sale Hearing.  If, after an Auction in which the Buyer: (i) will have bid an amount in excess of the consideration presently provided for in the Agreement with respect to the transactions contemplated under the Agreement, and (ii) is the Successful Bidder, it will, at the Closing under the Agreement, pay, in full satisfaction of the Successful Bid, an amount equal to: (a) the amount of the Successful Bid, less (b) the Break-Up Fee.

The Selling Debtor Entities' presentation of a particular Qualified Bid to the Court for approval does not constitute the Selling Debtor Entities' acceptance of the bid.  The Selling Debtor Entities will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

## The Sale Hearing

The Sale Hearing will be held before the Honorable Judge Robert Drain on February 21, 2008 at 10:00 a.m. (prevailing Eastern Time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, but may be adjourned or rescheduled in Delphi's sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice by an announcement of the adjourned date at the Sale Hearing.  If the Selling Debtor Entities do not receive any Qualified Bids (other than the Qualified Bid of Buyer), the Selling Debtor Entities will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a sale of the Acquired Assets to the Buyer following entry of the Sale Approval Order.  If the Selling Debtor Entities do not receive additional Qualified Bids, then, at the Sale Hearing, the Selling Debtor Entities will seek approval of the Successful Bid, as well as the second highest or best Qualified Bid (the "Alternate Bid" and such bidder, the "Alternate Bidder").  Following approval of the sale to the Successful Bidder, if the Successful Bidder fails to consummate the sale because of: (i) failure of a condition precedent beyond the control of either the Selling Debtor Entities or the Successful Bidder, or (ii) a breach or failure to perform on the part of such Successful Bidder, then the Alternate Bid will be deemed to be the Successful Bid and the Selling Debtor Entities will be authorized, but not

directed, to effectuate a sale to the Alternate Bidder subject to the terms of the Alternate Bid
without further order of the Bankruptcy Court.

### Return Of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be
held in an interest-bearing escrow account and all Qualified Bids will remain open
(notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more
Successful Bids by one or more Qualified Bidders), until two Business Days following the
closing of the Sale (the "Return Date").  Notwithstanding the foregoing, the Good Faith Deposit,
if any, submitted by the Successful Bidder, together with interest thereon, will be applied against
the payment of the Purchase Price upon closing of the Sale to the Successful Bidder.  If a
Successful Bidder breaches its obligations under the Bidding Procedures Order or any agreement
entered into with respect to its Successful Bid or fails to consummate a sale because of a breach
or failure to perform on the part of such Successful Bidder, the Selling Debtor Entities will not
have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and
such Good Faith Deposit will irrevocably become property of the Selling Debtor Entities.  On the
Return Date, the Selling Debtor Entities will return the Good Faith Deposits of all other
Qualified Bidders, together with the accrued interest thereon.

### Reservations Of Rights

The Selling Debtor Entities, after consultation with the agents for their secured lenders
and the Committee:  (i) may determine which Qualified Bid, if any, is the highest or otherwise
best offer and (ii) may reject at any time any bid (other than the Buyers' bid) that is (a)
inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code,
the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best
interests of the Selling Debtor Entities, their estates, and stakeholders as determined by Selling
Debtor Entities in their sole discretion.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
     In re                           :     Chapter 11
                                  :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                  :
                  Debtor.    :     (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BUYER IN CONNECTION WITH
SALE OF DEBTORS' BEARINGS BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. §§ 363, And And Fed. R.

Bankr. P. 2002, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid

Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale

Hearing Date In Connection With Sale Of Debtors' Bearings Business (the "Bidding

Procedures Order") entered by the United States Bankruptcy Court for the Southern District

of New York (the "Bankruptcy Court") on January __, 2008, Delphi Corporation ("Delphi")

and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the

Agreement (the "Selling Debtor Entities"),[1] have entered into a Sale And Purchase

Agreement (the "Agreement") with ND Acquisition Corp. (the "Buyer") for the purchase of

substantially all of the assets primarily used in the bearings business of Delphi (the "Bearings

Business").

2.      Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts

(the "Assumed Contracts") and assign the postpetition contracts (the "Postpetition Contracts")

listed on Exhibit 1 hereto to the Buyer at the hearing to be held at 10:00 a.m. (prevailing

Eastern time) on February 21, 2008 (the "Sale Hearing") before the Honorable Robert D.

Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, Room 610, New York, New York 10004.

3.      Objections, if any, to the assumption and assignment of an Assumed

Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c)

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And

105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing

Dates And Certain Notice, Case Management, And Administrative Procedures, entered

March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the

---

[1]      Under the Agreement, the Selling Debtor Entities include Delphi Automotive Systems LLC and Delphi
Technologies, Inc.

Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice,

Case Management, And Administrative Procedures, entered by this Court on October 19,

2007 (Docket No. 10661) (together with the Supplemental Case Management Order, the

"Case Management Orders"), (d) be filed with the Bankruptcy Court in accordance with

General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (e) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (f) be served in hard-copy form <u>so that it is actually received</u> within ten days

after the date of this notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M. Fern), (iv)

counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian

Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins

LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark

A. Broude), (vii) counsel for the official committee of equity security holders, Fried, Frank,

Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n:

Bonnie Steingart), (viii) counsel for the Buyer, Jones Day, 77 West Wacker Drive, Chicago,

Illinois 60601 (Att'n: Walter S. Holzer), and (ix) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York

10004 (Att'n:  Alicia M. Leonhard).

       4.     If an objection to the assumption and assignment of an Assumed

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such date and time as the Court may

schedule.  If no objection is timely received, the non-Debtor party to the Assumed Contract

will be deemed to have consented to the assumption and assignment of the Assumed Contract

and will be forever barred from asserting any other claims, including but not limited to the

propriety or effectiveness of the assumption and assignment of the Assumed Contract, against

the Selling Debtor Entities or the Buyer, or the property of either of them.

       5.     Pursuant to 11 U.S.C. § 365, there is adequate assurance of future

performance that the Cure Amount set forth in the Cure Notice will be paid in accordance

with the terms of the Sale Approval Order.  Further, there is adequate assurance of the

Buyer's future performance under the executory contract or unexpired lease to be assumed

and assigned because of the significant resources of the Buyer.

       6.     In the event that the Selling Debtor Entities emerge from these chapter

11 cases prior to the closing of the Sale, then the Assumed Contracts listed on Exhibit 1

would not be assumed under the Sale Approval Order. Instead, the Assumed Contracts listed

on Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"),

and any cure amounts would be paid in accordance with the confirmed Plan. Even if the

Assumed Contracts listed on Exhibit 1 are assumed pursuant to the Debtors' Plan, the Selling

Debtor Entities would assign such contracts to the Buyer under the terms of the order

approving the sale of the Bearings Business.

7.    Prior to the Closing Date, the Selling Debtor Entities may revise their decision with respect to the assumption and/or assignment of any Assumed Contract or Postpetition Contract and provide a new notice amending the information provided in this notice.

Dated:  New York, New York
      [__], 2008

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
  333 West Wacker Drive, Suite 2100
  Chicago, Illinois  60606
  (312) 407-0700

- and -

By: _____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
  Four Times Square
  New York, New York 10036
  (212) 735-3000

  Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
    In re                              :    Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
                                                         :
                Debtor.    :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO QUALIFIED BIDDERS
IN CONNECTION TO SALE OF DEBTORS' BEARINGS BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. §§ 363 And And Fed. R. Bankr.

P. 2002, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In Connection With Sale Of Debtors' Bearings Business (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January __, 2008, Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] have entered into a Sale And Purchase Agreement (the "Agreement") with ND Acquisition Corp. (the "Buyer") for the purchase of substantially all of the assets (the "Acquired Assets") primarily used in the bearings business of Delphi (the "Bearings Business").

2.       Pursuant to the Bidding Procedures set forth in the Bidding Procedures Order, the following parties, in addition to the Buyers, have submitted Qualified Bids for the Acquired Assets and will participate in an Auction to be held on February __, 2008 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 or 333 West Wacker Drive, Chicago, Illinois 60606, or such later time or other place as the Selling Debtor Entities may notify all Qualified Bidders who have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing):

| **Qualified Bidders** |
| --- |
|  |
|  |

3.       Pursuant to the terms of the Agreement (or any asset sale and purchase agreement that the Selling Debtor Entities may enter into with the Successful Bidder), the Selling Debtor Entities will seek to assume and assign the prepetition contracts (the "Assumed Contracts") and assign the postpetition contracts (the "Postpetition Contracts")

---

[1]       Under the Agreement, the Selling Debtor Entities include Delphi Automotive Systems LLC and Delphi Technologies, Inc.

2

listed on <u>Exhibit 1</u> hereto to the Buyer or the Successful Bidder, as case may be, subject to

approval at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on February 21,

2008 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy

Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, Room 610, New York, New York 10004.

4.    Objections, if any, to the assumption and assignment of an Assumed

Contract <u>to a Qualified Bidder,</u> who may ultimately become the Successful Bidder, must (a)

be in writing, (b) state with specificity the reasons for such objection, (c) conform to the

Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District

of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R.

Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain

Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket

No. 2883) and the Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed.

R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And

Certain Notice, Case Management, And Administrative Procedures, entered by this Court

October 19, 2007 (Docket No. 10661), (d) be filed with the Bankruptcy Court in accordance

with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case

filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-

based word processing format), (e) be submitted in hard-copy form directly to the chambers

of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (f) be served in hard-copy form <u>so that they are actually</u>

<u>received</u> within ten days after the date of this notice by (i) Delphi Automotive Systems LLC,

5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional &

Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333

West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M.

Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyer, Jones Day, 77 West Wacker

Drive, Chicago, Illinois, 60601 (Att'n: Walter S. Holzer), and (viii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New

York, New York 10004 (Att'n: Alicia M. Leonhard).

   5.  If an objection to the assumption and assignment of an Assumed

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such other date and time as the Court

may schedule.  If no objection is timely filed and received, the non-Debtor party to the

Assumed Contract will be deemed to have consented to the assumption and assignment of the

Assumed Contract and will be forever barred from asserting any other claims as to such

Assumed Contract, including, but not limited to, the propriety or effectiveness of the

assumption and assignment of the Assumed Contract, against the Selling Debtor Entities or

the Buyer, or the property of either of them.

6.      Pursuant to 11 U.S.C. § 365, there is adequate assurance that the Cure
Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale
Approval Order.  Further, there is adequate assurance of the Qualified Bidders' future
performance under the executory contract or unexpired lease to be assumed and assigned
because of the significant resources of the Qualified Bidders.

7.      In the event that the Selling Debtor Entities emerge fiom these chapter
11 cases prior to the closing of the Sale, then the Assumed Contracts listed on Exhibit 1
would not be assumed under the Sale Approval Order. Instead, the Assumed Contracts listed
on Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"),
and any cure amounts would be paid in accordance with the confirmed Plan. Even if the
Assumed Contracts listed on Exhibit 1 are assumed pursuant to the Debtors' Plan, the Selling
Debtor Entities would assign such contracts to the Buyer under the terms of the order
approving the sale of the Bearings Business.

8.      Prior to the Closing Date, the Selling Debtor Entities may revise their
decision with respect to the assumption and/or assignment of any Assumed Contract or
Postpetition Contract and provide a new notice amending the information provided in this
notice.

Dated:  New York, New York
      [__], 2008

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

           By: _____
                John Wm. Butler, Jr. (JB 4711)
                John K. Lyons (JL 4951)
                Ron E. Meisler (RM 3026)
           333 West Wacker Drive, Suite 2100
           Chicago, Illinois  60606
           (312) 407-0700

                  - and -

           By:_____
                Kayalyn A. Marafioti (KM 9632)
                Thomas J. Matz (TM 5986)
            Four Times Square
           New York, New York 10036
           (212) 735-3000

           Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
     In re                      :    Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
                                                         :
                   Debtor.    :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

<u>NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION</u>

PLEASE TAKE NOTICE THAT:

        1.     Pursuant to the **Order Under 11 U.S.C. §§ 363 And Fed. R. Bankr.
P. 2002, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid
Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale
Hearing Date In Connection With Sale Of Debtors' Bearings Business** (the "Bidding
Procedures Order") entered by the United States Bankruptcy Court for the Southern District
of New York (the "Bankruptcy Court") on January __ 2008, Delphi Corporation ("Delphi")
and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the
Agreement (the "Selling Debtor Entities"),[1] have entered into a Sale And Purchase
Agreement (the "Agreement") with ND Acquisition Corp. (the "Buyer") for the purchase of
substantially all of the Debtors' assets (the "Acquired Assets") primarily used in the bearings
business of Delphi, free and clear of liens, claims, encumbrances, and interests.  Capitalized
terms used but not otherwise defined in this notice have the meanings ascribed to them in the
Bidding Procedures Order.

        2.     All interested parties are invited to make an offer to purchase the
Acquired Assets in accordance with the terms and conditions approved by the Bankruptcy
Court (the "Bidding Procedures") by **11:00 a.m.** (prevailing Eastern time) on **February __,
2008**.  Pursuant to the Bidding Procedures, the Selling Debtor Entities may conduct an
auction for the Acquired Assets (the "Auction") beginning at **10:00 a.m.** (prevailing Eastern
time) on **February 13, 2008** at the offices of Skadden, Arps, Slate, Meagher & Flom LLP,
Four Times Square, New York, New York 10036 or 333 West Wacker Drive, Chicago,
Illinois 60606.

---

[1] Under the Agreement, the Selling Debtor Entities include Delphi Automotive Systems LLC and Delphi
     Technologies, Inc.

       3.     Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order.  A copy of the Bidding Procedures is available by contacting the undersigned counsel to the Selling Debtor Entities or by accessing Delphi's Legal Information Website, www.delphidocket.com.

       4.     A hearing to approve the Sale of the Acquired Assets to the highest and best bidder will be held on **February 21, 2008** at **10:00 a.m.** (prevailing Eastern time) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, before the Honorable Robert D. Drain, United States Bankruptcy Judge.  The hearing on the Sale may be adjourned without notice other than an adjournment in open court.

       5.     Objections, if any, to the proposed Sale must be filed and served in accordance with the Bidding Procedures Order, and **actually received** no later than **4:00 p.m. (prevailing Eastern time)** on **February 14, 2008.**

       6.     This notice is qualified in its entirety by the Bidding Procedures Order.


Dated:  New York, New York
     [   ], 2008

          BY ORDER OF THE COURT

          John Wm. Butler, Jr. (JB 4711)
          John K. Lyons (JL 4951)
          Ron E. Meisler (RM 3026)
          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP
          333 West Wacker Drive, Suite 2100
          Chicago, Illinois  60606
          (312) 407-0700

            - and -

          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP
          Four Times Square
          New York, New York 10036
          (212) 735-3000

          Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession

          MSW - Draft January 15, 2008 - 7:09 PM