## <u>Exhibit C</u>

**Sale Approval Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
          In re                           :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER UNDER 11 U.S.C. §§ 363, 365, AND 1146 AND FED. R. BANKR. P. 2002, 6004,
6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF CERTAIN OF
DEBTORS' ASSETS COMPRISING SUBSTANTIALLY ALL ASSETS PRIMARILY USED
IN DEBTORS' BEARINGS BUSINESS FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND
(III) ASSUMPTION OF CERTAIN LIABILITIES

("BEARINGS BUSINESS SALE APPROVAL ORDER")

            Upon the motion, dated January 15, 2008 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363, 365,

and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) (i) approving the bidding

procedures, (ii) granting certain bid protections, (iii) approving the form and manner of sale

notices, and (iv) setting a sale hearing date (the "Sale Hearing") and (b) authorizing and

approving (i) the sale (the "Sale") of certain of the Debtors' assets (the "Acquired Assets")

comprising substantially all the assets that comprise the Debtors' global bearings business (the

"Bearings Business"), free and clear of liens, claims, encumbrances, and interests to ND

Acquisition Corp. (the "Buyer") pursuant to the Sale and Purchase Agreement, dated January 15,

2008 (such Sale Purchase Agreement, including all schedules, exhibits, and related agreements

and documents, the "Agreement," a copy of which is attached hereto as Exhibit A), by and

between certain affiliated Debtors of Delphi as set forth in the Agreement (the "Selling Debtor

Entities"),[1] and the Buyer or to the party submitting the highest or otherwise best bid (the

"Successful Bidder"), (ii) the assumption and assignment of certain prepetition executory

contracts and unexpired leases (the "Assumed Contracts") and the assignment of certain

postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and

collectively with the Assumed Contracts, the "Assigned Contracts") to the Buyer or the

Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by

the Buyer or the Successful Bidder; and the Court having entered an order on January [●], 2008

(the "Bidding Procedures Order") (Docket No. _____) (a) approving bidding procedures, (b)

granting certain bid protections, (c) approving the form and manner of sale notices, and (d)

setting the Sale Hearing; and the Sale Hearing having been held on February 21, 2008, at which

time all interested parties were offered an opportunity to be heard with respect to the Motion; and

the Court having reviewed and considered the Motion and the arguments of counsel made, and

the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested

in the Motion is in the best interests of the Selling Debtor Entities, their estates, their

stakeholders, and all other parties-in-interest; and after due deliberation thereon, and sufficient

cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

---

[1]    Under the Agreement, the Selling Debtor Entities are comprised of Delphi Automotive Systems LLC and
Delphi Technologies, Inc.

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

A.    The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 363, 365, and 1146 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C.    As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline, the Auction, and the assumption and assignment of the Assumed Contracts, and the Cure Amounts as approved herein has been provided in accordance with 11 U.S.C. §§ 102(l), 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline, the Auction, or the assumption and assignment of the Assumed Contracts or assignment of the Postpetition Contracts as provided herein is necessary or shall be required.

D.    As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Selling Debtor Entities have marketed the Acquired Assets and conducted the sale process in compliance with the Bidding Procedures Order and in a manner that afforded a full, fair, and reasonable opportunity for any entity to make a higher or better offer to purchase the Acquired Assets.

3

E.    The Selling Debtor Entities (i) have full power and authority to execute

the Agreement and all other applicable documents contemplated thereby, and the transfer and

conveyance of the Acquired Assets by the Selling Debtor Entities has been duly and validly

authorized by all necessary action of the Selling Debtor Entities, (ii) have all of the power and

authority necessary to consummate the transactions contemplated by the Agreement, and (iii)

have taken all action necessary to authorize and approve the Agreement and to consummate the

transactions contemplated thereby, and no consents or approvals, other than those expressly

provided for in the Agreement, are required for the Selling Debtor Entities to consummate such

transactions.

F.    The Selling Debtor Entities have demonstrated (i) good, sufficient, and

sound business purposes and justification for the Sale because, among other things, the Selling

Debtor Entities and their advisors diligently and in good faith analyzed all other available options

in connection with the disposition of the Acquired Assets and determined that (a) the terms and

conditions set forth in the Agreement, (b) the transfer to Buyer of the Acquired Assets pursuant

thereto, and (c) the Purchase Price agreed to as reflected in the Agreement are all fair and

reasonable and together constitute the highest or otherwise best value obtainable for the

Acquired Assets and (ii) that compelling circumstances for the Sale pursuant to 11 U.S.C. §

363(b) prior to, and outside of, a plan of reorganization exist because, among other things, absent

the Sale the value of the Acquired Assets will be substantially diminished.

G.    A reasonable opportunity to object or be heard with respect to the Motion

and the relief requested therein has been afforded to all interested persons and entities, including

without limitation: (i) the Office of the United States Trustee for the Southern District of New

York, (ii) counsel for the Buyer, (iii) counsel for the official committee of unsecured creditors

4

appointed in these chapter 11 cases, (iv) counsel for the official committee of equity security

holders appointed in these chapter 11 cases, (v) all entities known to have expressed an interest

in a transaction with respect to the Acquired Assets during the past six months, (vi) all entities

known to have asserted any Interests and/or Claims (as defined below) in or upon the Acquired

Assets, (vii) all federal, state, and local regulatory or taxing authorities or recording offices,

including but not limited to environmental regulatory authorities, which have a reasonably

known interest in the relief requested by the Motion, (viii) all parties to Assigned Contracts, (ix)

the United States Attorney's office, (x) the United States Department of Justice, (xi) the

Securities and Exchange Commission, (xii) the Internal Revenue Service, (xiii) all entities on the

Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105

And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates

And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the

"Supplemental Case Management Order")), and (xiv) such other entities as are required to be

served with notices under the Supplemental Case Management Order.

H.    The Buyer is not an "insider" of any of the Debtors as that term is defined

in 11 U.S.C. § 101(31).

I.    The Agreement was negotiated, proposed, and entered into by the Selling

Debtor Entities and the Buyer without collusion, in good faith, and from arm's-length bargaining

positions.  Neither the Selling Debtor Entities nor the Buyer has engaged in any conduct that

would cause or permit the Sale or any part of the transactions contemplated by the Agreement to

be avoidable under 11 U.S.C. § 363(n).

J.    The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and, as

such, is entitled to all of the protections afforded thereby.  The Buyer will be acting in good faith

within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the

Agreement at all times after the entry of this order.

K.    The consideration provided by the Buyer for the Acquired Assets pursuant

to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the

Acquired Assets, (iii) will provide a greater recovery for the Selling Debtor Entities' stakeholders

than would be provided by any other practical available alternative, and (iv) constitutes

reasonably equivalent value and fair consideration under the Bankruptcy Code and under the

laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

L.    The Sale must be approved and consummated promptly to preserve the

viability of the Bearings Business as a going concern. The Sale is in contemplation of, and a

necessary condition precedent to, a reorganization plan for the Debtors and, accordingly,

constitutes a transfer to which section 1146(c) of the Bankruptcy Code applies.

M.    The transfer of the Acquired Assets to the Buyer will be a legal, valid,

and effective transfer of the Acquired Assets and shall vest the Buyer with all right, title, and

interest of the Selling Debtor Entities to the Acquired Assets free and clear of any and all liens,

claims, interests, and encumbrances (including, without limitation, Encumbrances as defined in

the Agreement) of any type whatsoever (whether known or unknown, secured or unsecured or in

the nature of setoff or recoupment, choate or inchoate, filed or unfiled, scheduled or unscheduled,

noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed,

contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-

material, disputed or undisputed, whether arising prior to or subsequent to the commencement of

the chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or

otherwise, including claims otherwise arising under doctrines of successor liability), including

6

but not limited to those (i) that purport to give to any party a right or option to effect any

forfeiture, modification, right of first refusal, or termination of the Selling Debtor Entities' or the

Purchaser's interest in the Acquired Assets, or any similar rights, and (ii) relating to taxes arising

under or out of, in connection with, or in any way relating to the operation of the Bearings

Business prior to the Closing Date, including the transfer of the Acquired Assets to the Buyer (all

such liens, claims, interests, and encumbrances listed herein, the "Interests and/or Claims").

N.      If the Sale of the Acquired Assets with respect to the Selling Debtor

Entities were not free and clear of all Interests and/or Claims as set forth in the Agreement and

this order, or if the Buyer would, or in the future could, be liable for any of the Interests and/or

Claims as set forth in the Agreement and this order, the Buyer would not have entered into the

Agreement and would not consummate the Sale or the transactions contemplated by the

Agreement, thus adversely affecting the Selling Debtor Entities, their estates, and their

stakeholders.

O.      The Selling Debtor Entities may sell their interests in the Acquired Assets

free and clear of all Interests and/or Claims because, in each case, one or more of the standards

set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  All holders of Interests and/or Claims

who did not object, or withdrew their objections to the Sale, are deemed to have consented to the

Sale pursuant to 11 U.S.C. § 363(f)(2).  Those holders of Interests and/or Claims who did object

fall under one or more of the other subsections of 11 U.S.C. § 363(f), and all holders of Interests

and/or Claims are adequately protected by having their Interests and/or Claims, if any, attach to

the cash proceeds of the Sale ultimately attributable to the property against or in which they

claim an Interest and/or Claim with the same priority, validity, force, and effect as they attached

to such property immediately before the closing of the Sale.

7

P.      Except as expressly provided in the Agreement, the (i) transfer of the

Acquired Assets to the Buyer and (ii) assumption and/or assignment to the Buyer of the

Assigned Contracts and Assumed Liabilities will not subject the Buyer to any liability

whatsoever with respect to the operation of the Bearings Business prior to the Closing of the Sale,

or by reason of such transfer under the laws of the United States, any state, territory, or

possession thereof, or the District of Columbia based, in whole or in part, directly or indirectly,

on any theory of law or equity including, without limitation, any theory of equitable law,

antitrust, or successor or transferee liability.

Q.      The Selling Debtor Entities have demonstrated that it is an exercise of

their sound business judgment to assume and/or assign the Assigned Contracts as applicable to

the Buyer in connection with the consummation of the Sale, and the assumption and/or

assignment of the Assigned Contracts is in the best interests of the Selling Debtor Entities, their

estates, and their creditors.  The Assigned Contracts being assigned to, and the liabilities being

assumed by, the Buyer are an integral part of the Acquired Assets being purchased by the Buyer

and, accordingly, such assumption and/or assignment of Assigned Contracts and liabilities is

reasonable and enhances the value of the Selling Debtor Entities' estates.

R.      The Selling Debtor Entities have (i) cured, or have provided adequate

assurance of cure of, any default existing prior to the Closing of the Sale under all of the

Assumed Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), by payment of the amounts

provided on Schedule 1 hereto and (ii) provided compensation or adequate assurance of

compensation to any party for any actual pecuniary loss to such party resulting from a default

prior to the date hereof under any of the Assumed Contracts, within the meaning of 11 U.S.C. §

365(b)(1)(B).  The Buyer has provided adequate assurance of its future performance of and

8

under the Assumed Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).

Pursuant to 11 U.S.C. § 365(f), the Assumed Contracts to be assumed and assigned under the

Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit

of, the Buyer notwithstanding any provision in the contracts or other restrictions prohibiting their

assignment or transfer.

S.      Approval of the Agreement and consummation of the Sale of the Acquired

Assets and assignment of the Assigned Contracts at this time are in the best interests of the

Selling Debtor Entities, their stakeholders, their estates, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED THAT:

<u>General Provisions</u>

1.      The Motion is GRANTED.

<u>Approval Of The Agreement</u>

2.      Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and

conditions thereof are hereby approved.

3.      Pursuant to 11 U.S.C. § 363(b), the Selling Debtor Entities are authorized,

but not directed, to perform their obligations under the Agreement and comply with the terms

thereof and consummate the Sale in accordance with and subject to the terms and conditions of

the Agreement.

4.      Each of the signatories to the Agreement is authorized, but not directed, to

take all actions necessary or appropriate to effectuate the terms of this order.

9

5. The Selling Debtor Entities are authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer or reducing to possession the Acquired Assets and the Assigned Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6. This order and the Agreement shall be binding in all respects upon all stakeholders (whether known or unknown) of the Debtors, the Buyer, all successors and assigns of the Buyer and the Selling Debtor Entities, all affiliates and subsidiaries of the Buyer and the Selling Debtor Entities, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection. To the extent that any provision of this order is inconsistent with the terms of the Agreement, this order shall govern.

7. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided that any such modification, amendment, or supplement is not material.

### Sale And Transfer Of The Acquired Assets

8. Except as expressly permitted or otherwise specifically provided for in the Agreement or this order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the consummation of the Agreement, the Selling Debtor Entities' right, title, and interest in the Acquired Assets shall

10

be transferred to the Buyer free and clear of all Interests and/or Claims, with all such Interests

and/or Claims to attach to the cash proceeds of the Sale in the order of their priority, with the

same validity, force, and effect which they had as against the Acquired Assets immediately

before such transfer, subject to any claims and defenses the Selling Debtor Entities may possess

with respect thereto.

9.    The transfer of the Acquired Assets to the Buyer pursuant to the

Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest

the Buyer with all right, title, and interest of the Selling Debtor Entities in and to the Acquired

Assets free and clear of all Interests and/or Claims of any kind or nature whatsoever.

10.    If any person or entity which has filed financing statements, mortgages,

mechanic's liens, lis pendens, or other documents or agreements evidencing Interests and/or

Claims against or in the Acquired Assets shall not have delivered to the Selling Debtor Entities

prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties,

termination statements, instruments of satisfaction, releases of all Interests and/or Claims that the

person or entity has with respect to the Acquired Assets, or otherwise, then (a) the Selling Debtor

Entities are hereby authorized to execute and file such statements, instruments, releases, and

other documents on behalf of the person or entity with respect to the Acquired Assets and (b) the

Buyer is hereby authorized to file, register, or otherwise record a certified copy of this order

which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the

release of all Interests and/or Claims in the Acquired Assets of any kind or nature whatsoever.

11.    This order (a) shall be effective as a determination that, upon the Closing

of the Sale, all Interests and/or Claims of any kind or nature whatsoever existing as to the Selling

11

Debtor Entities or the Acquired Assets prior to the Closing of the Sale have been unconditionally

released, discharged, and terminated (other than any surviving obligations), and that the

conveyances described herein have been effected and (b) shall be binding upon and shall govern

the acts of all entities including, without limitation, all filing agents, filing officers, title agents,

title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal, state, and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any of the Acquired

Assets.

12.     All persons and entities, including, but not limited to, all debt security

holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade

creditors, and other stakeholders, holding Interests and/or Claims of any kind or nature

whatsoever against or in the Selling Debtor Entities or the Acquired Assets (whether legal or

equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or

subordinated), arising under or out of, in connection with, or in any way relating to, the Bearings

Business, the Acquired Assets, the operation of the Bearings Business by the Selling Debtor

Entities prior to the Closing of the Sale, or the transfer of the Acquired Assets to the Buyer,

hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer,

its successors or assigns, their property, or the Acquired Assets, such persons' or entities'

Interests and/or Claims.  Nothing in this order or the Agreement releases or nullifies any

Liability to a governmental agency under any environmental laws and regulations that any entity

would be subject to as owner or operator of any Acquired Assets after the date of entry of this

12

order.  Nothing in this order or the Agreement bars, estops, or enjoins any governmental agency

from asserting or enforcing, outside the Court, any Liability described in the preceding sentence.

Notwithstanding the above, nothing herein shall be construed to permit a governmental agency to

obtain penalties from the Buyer for the Selling Debtor Entities' violation of environmental laws

and regulations prior to Closing.

13.    All persons and entities are hereby forever prohibited and enjoined from

taking any action that would adversely affect or interfere with the ability of the Selling Debtor

Entities to sell and transfer the Acquired Assets to the Buyer, in each case in accordance with the

terms of the Agreement or this order.

### Assumption And Assignment To The Purchaser Of The Assumed Contracts

14.    Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned

upon the Closing of the Sale, the Selling Debtor Entities' assumption and assignment to the

Buyer, and the Buyer' assumption on the terms set forth in the Agreement, of the Assumed

Contracts is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with

respect thereto are hereby deemed satisfied.

15.    The Selling Debtor Entities are hereby authorized in accordance with 11

U.S.C. §§ 105(a), 363, and 365 to (a) assume and/or assign to the Buyer, effective upon the

Closing of the Sale, the Assigned Contracts free and clear of all Interests and/or Claims of any

kind or nature whatsoever and (b) execute and deliver to the Buyer such documents or other

instruments as may be necessary to assign and transfer the Assigned Contracts and Assumed

Liabilities to the Buyer.

13

16.    The Assumed Contracts shall be transferred to, and remain in full force
and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding
any provision in any such Assumed Contract (including those of the type described in sections
365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment
or transfer and, pursuant to 11 U.S.C. § 365(k), the Selling Debtor Entities shall be relieved from
any further liability with respect to the Assumed Contracts after such assignment to and
assumption of such contracts by the Buyer.

17.    All defaults or other obligations of the Selling Debtor Entities under the
Assumed Contracts arising or accruing prior to the Closing of the Sale (without giving effect to
any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of
the Bankruptcy Code) shall be cured by the Selling Debtor Entities in accordance with the terms
of the Agreement, and the Buyer shall have no liability or obligation arising or accruing prior to
the date of the Closing of the Sale, except as otherwise expressly provided in the Agreement.
Each non-debtor party to any Assumed Contracts shall be deemed to have consented to the
assumption and assignment of the Assumed Contracts to the Buyer and shall be forever barred,
estopped, and permanently enjoined from asserting against the Selling Debtor Entities or the
Buyer, or the property of any of them, any default existing, arising, or accruing as of the date of
the Closing or any purported written or oral modification to the Assumed Contracts.  Each non-
debtor party to any Assumed Contract shall be forever barred, estopped, and permanently
enjoined from asserting against the Buyer (or its property, including the Acquired Assets) any
claim, counterclaim, defense, breach, condition, setoff asserted or assertable against the Debtors.
The failure of the Debtors or the Buyer to enforce prior to the Closing of the Sale one or more
terms or conditions of any Assumed Contracts shall not be a waiver of such terms or conditions

14

or of the Debtors' or Buyer's rights to enforce every term and condition of any such Assumed

Contracts.  There shall be no rent accelerations, assignment fees, increases (including of rates),

or any other fees charged to the Buyer as a result of the assumption and assignment of the

Assumed Contracts.

<u>Additional Provisions</u>

18.    The transactions contemplated by the Agreement, and the execution,

delivery, and/or recordation of any and all documents or instruments necessary or desirable to

consummate the transactions contemplated by the Agreement shall be, and hereby are, exempt

from the imposition and payment of all stamp taxes or any other similar taxes pursuant to section

1146(c) of the Bankruptcy Code.

19.    The consideration provided by the Buyer for the Acquired Assets under

the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration

under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent

Transfer Act, and under the laws of the United States, and any state, territory, or possession

thereof, or the District of Columbia.

20.    Upon the Closing of the Sale, this order shall be construed as and shall

constitute for any and all purposes a full and complete general assignment, conveyance, and

transfer of all of the Acquired Assets and the Assigned Contracts or a bill of sale transferring

good and marketable title in such Acquired Assets and Assigned Contracts to the Buyer pursuant

to the terms of the Agreement.

21.    Upon the Closing of the Sale, each of the Selling Debtor Entities' creditors

is authorized and directed to execute such documents and take all other such actions as may be

necessary to release their respective Interests and/or Claims against the Acquired Assets, if any,

as such Interests and/or Claims may have been recorded or may otherwise exist.

22.    Each and every federal, state, and governmental agency or department,

and any other person or entity, is hereby directed to accept any and all documents and

instruments necessary and appropriate to consummate the transactions contemplated by the

Agreement.

23.    All entities which are currently, or as of the Closing of the Sale may be, in

possession of some or all of the Acquired Assets to be sold, transferred, or conveyed pursuant to

the Agreement are hereby directed to surrender possession of the Acquired Assets to the Buyer

upon the Closing of the Sale.

24.    All entities holding Interests and/or Claims against or in the Selling

Debtor Entities or the Acquired Assets of any kind or nature whatsoever shall be, and hereby are,

forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise

pursuing such Interests and/or Claims of any kind or nature whatsoever against the Buyer, its

property, its successors and assigns, or the Acquired Assets with respect to any Interest and/or

Claim of any kind or nature whatsoever which such person or entity had, has, or may have

against or in the Selling Debtor Entities, their estates, their officers, their directors, their

shareholders, or the Acquired Assets.  Following the Closing of the Sale, no holder of an Interest

and/or Claim in or against the Selling Debtor Entities shall interfere with the Buyer's title to or

use and enjoyment of the Acquired Assets based on or related to such Interest and/or Claim or

any actions that the Selling Debtor Entities may take, or have taken, in their chapter 11 cases.

16

25.     The transactions contemplated by the Agreement are undertaken by the
Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and
accordingly, the reversal or modification on appeal of the authorization provided herein to
consummate the sale of the Acquired Assets shall not affect the validity of the Sale to the Buyer,
unless such authorization is duly stayed pending such appeal.  The Buyer is a purchaser in good
faith of the Acquired Assets pursuant to section 363(m) of the Bankruptcy Code, and is entitled
to all of the protections afforded by section 363(m) of the Bankruptcy Code.

26.     The consideration provided by the Buyer for the Acquired Assets under
the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of
the Bankruptcy Code.

27.     The Selling Debtor Entities, including, but not limited to, their officers,
employees, and agents, are hereby authorized to execute such documents and do such acts as are
necessary or desirable to carry out the transactions contemplated by the terms and conditions of
the Agreement and this order.  The Selling Debtor Entities shall be, and they hereby are,
authorized to take all such actions as may be necessary to effectuate the terms of this order.

28.     The terms and provisions of the Agreement and this order shall be binding
in all respects upon the Selling Debtor Entities, their estates, and their stakeholders, the Buyer
and its affiliates, successors, and assigns, and any affected third parties, including, but not
limited to, all entities asserting an Interest and/or Claim against or in the Acquired Assets to be
sold to the Buyer pursuant to the Agreement, notwithstanding any subsequent appointment of
any trustee or other fiduciary under any section of any chapter of the Bankruptcy Code, as to
which trustee or other fiduciary such terms and provisions likewise shall be binding, and shall

17

inure to the benefit of the Selling Debtor Entities and the Buyer and their affiliates, successors, and assigns.

29.    Notwithstanding anything contained herein to the contrary, the term "Acquired Assets" as defined herein does not include property that is not property of the Selling Debtor Entities' estates or of the other Sellers, such as funds that are trust funds under any applicable state lien laws.

30.    To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.

31.    The failure specifically to include or to reference any particular provision of the Agreement in this order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

32.    The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, _provided_ that any such modification, amendment, or supplement does not have a material adverse effect on the Selling Debtor Entities' estates.

33.    No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

18

34.     To the extent that any chapter 11 plan confirmed in these cases or any order confirming any such plan or in any other order in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with, or derogates from the provisions of the Agreement and this order, the provisions of this order shall control.  The Selling Debtor Entities' obligations under this order and Agreement (including all Exhibits, Schedules, and Ancillary Agreements) shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Selling Debtor Entities and the reorganized or reconstituted debtors, as the case may be, after the effective date of the confirmed plan or plans in the Debtors' cases.

35.     This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets to the Buyer, (b) compel delivery of the purchase price or performance of other obligations owed to the Selling Debtor Entities pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this order, (e) protect the Buyer against any Interests and/or Claims against or in the Selling Debtor Entities or the Acquired Assets, of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (f) determine all disputes among the Selling Debtor Entities, the Buyer, and any non-Debtor parties to any Assigned Contracts concerning, inter alia, the Selling Debtor Entities' assumption and/or assignment of any Assigned Contract to the Purchaser under the Agreement.

19

36.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       _____


       _____
          UNITED STATES BANKRUPTCY JUDGE