# Exhibit E

**Buyer Assumption/Assignment Notice**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
   In re                                 :   Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :   Case No. 05-44481 (RDD)
                                         :
                   Debtor.               :   (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BUYER IN CONNECTION WITH
<u>SALE OF DEBTORS' BEARINGS BUSINESS</u>

PLEASE TAKE NOTICE THAT:

       1.     Pursuant to the Order Under 11 U.S.C. §§ 363, And And Fed. R.

Bankr. P. 2002, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid

Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale

Hearing Date In Connection With Sale Of Debtors' Bearings Business (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January __, 2008, Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] have entered into a Sale And Purchase Agreement (the "Agreement") with ND Acquisition Corp. (the "Buyer") for the purchase of substantially all of the assets primarily used in the bearings business of Delphi (the "Bearings Business").

        2.        Pursuant to the terms of the Agreement and subject to completion of a competitive bidding process described in the Bidding Procedures Order and the attachments thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts (the "Assumed Contracts") and assign the postpetition contracts (the "Postpetition Contracts") listed on <u>Exhibit 1</u> hereto to the Buyer at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on February 21, 2008 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

        3.        Objections, if any, to the assumption and assignment of an Assumed Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi Automotive Systems LLC and Delphi Technologies, Inc.

2

Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 19, 2007 (Docket No. 10661) (together with the Supplemental Case Management Order, the "Case Management Orders"), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy form <u>so that it is actually received</u> within ten days after the date of this notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii) counsel for the Buyer, Jones Day, 77 West Wacker Drive, Chicago, Illinois 60601 (Att'n: Walter S. Holzer), and (ix) the Office of the United States Trustee for

3

the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

4.  If an objection to the assumption and assignment of an Assumed Contract is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at the Sale Hearing or such date and time as the Court may schedule.  If no objection is timely received, the non-Debtor party to the Assumed Contract will be deemed to have consented to the assumption and assignment of the Assumed Contract and will be forever barred from asserting any other claims, including but not limited to the propriety or effectiveness of the assumption and assignment of the Assumed Contract, against the Selling Debtor Entities or the Buyer, or the property of either of them.

5.  Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the Cure Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale Approval Order.  Further, there is adequate assurance of the Buyer's future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Buyer.

6.  In the event that the Selling Debtor Entities emerge from these chapter 11 cases prior to the closing of the Sale, then the Assumed Contracts listed on Exhibit 1 would not be assumed under the Sale Approval Order. Instead, the Assumed Contracts listed on Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"), and any cure amounts would be paid in accordance with the confirmed Plan. Even if the Assumed Contracts listed on Exhibit 1 are assumed pursuant to the Debtors' Plan, the Selling Debtor Entities would assign such contracts to the Buyer under the terms of the order approving the sale of the Bearings Business.

4

7.  Prior to the Closing Date, the Selling Debtor Entities may revise their decision with respect to the assumption and/or assignment of any Assumed Contract or Postpetition Contract and provide a new notice amending the information provided in this notice.

Dated: New York, New York
        [__], 2008

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By: _____
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

          - and -

By: _____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

5