B210
(12/04)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: **Delphi Corp.**          Case No. **05-44481**
                                 (Jointly Administered)
                                 Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>Name of Transferee | **Liquidity Solutions, Inc. D/B/A Revenue Management**<br><br>Name of Transferor |
| Name and Address where notices to transferee should be sent<br>**SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>**Two Greenwich Plaza, 1st Floor**<br>**Greenwich, CT 06830**<br>**Attn: Irene Wu** | Court Record Address of the transferor<br>(Court Use Only) |
| Last Four Digits of Acct. #:_____ | Last Four Digits of Acct. #:_____ |
| **Transfer Amount: $74,373.62** | |
| Name and Address where transferee payments should be sent (if different from above)<br><br>**SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD**<br>**660 Steamboat Rd, Floor 3**<br>**Greenwich, CT 06830**<br>**Attn: Irene Wu** | Name and Current Address of transferor<br><br>**Liquidity Solutions, Inc. D/B/A Revenue Management**<br>**One University Plaza**<br>**Hackensack, New Jersey 07601**<br>**Attn: Michael Handler** |
| Phone: 203-542-4061<br>       203-542-4161 | Phone: 201-968-0001 |
| Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| Court Claim # (if known):<br>Proof of Claim Originally Filed by: **McNaughton McKay Electronic Co of Ohio** | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____          Date: **January 14th, 2008**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____          _____
                                       CLERK OF THE COURT

{00241647.DOC;}

**Transfer notice**
LIQUIDITY SOLUTIONS, INC D/B/A REVENUE MANAGEMENT ("Assignor") transfers and assigns unto SPCP Group, L.L.C. with an address at Two Greenwich Plaza, Greenwich, Connecticut 06830 ("Assignee"), subject to and in accordance with the terms of the assignment of Claims agreement between Assignor and Assignee ("Agreement"), the claim in the amount of $ 74,373.62, previously transferred to Assignor by MCNAUGHTON MCKAY ELECTRIC CO OF OHIO., representing a claim against DELPHI CORPORATION in its bankruptcy case pending in the United States Bankruptcy Court of the Southern District of New York, jointly administered under Case No. 05-44481.

**LIQUIDITY SOLUTIONS, INC D/B/A REVENUE MANAGEMENT**

_____          _____
(Signature)                                                           (Signature)

**JEFFREY L. CARESS, ASSOCIATE**          _____
(Print Name and Title)                                         (Print Name of Witness)

## ASSIGNMENT OF CLAIMS

This ASSIGNMENT OF CLAIMS AGREEMENT (this "Agreement"), dated August __, 2007 is by and between LIQUIDITY SOLUTIONS, INC., with offices at One University Plaza, Hackensack, New Jersey 07601 ("Assignor") and SPCP GROUP, L.L.C., with offices at Two Greenwich Plaza, Greenwich, Connecticut 06830 ("Assignee").

In consideration of Assignor's receipt of the Purchase Price (as hereinafter defined), Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee, except as expressly set forth herein, all of its right, title and interest as of the Assignment Effective Date (as defined below) in and to (i) the claims of Assignor identified in Annex I hereto (each a "Claim" and collectively, the "Claims") against Delphi Automotive Systems LLC (the "Debtor"), including all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing, and all of Assignor's rights and benefits arising under or related to any of the foregoing, including, without limitation, Assignor's right to vote and to receive all cash, securities, instruments and other property which might be issued or distributed to Assignor in connection with the Debtor's bankruptcy case (case no. 05-44640) in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), jointly administered under case no. 05-44481 ("Bankruptcy Case") or any other court with jurisdiction over the Bankruptcy Case, and (ii) those certain Assignment of Claim and/or Transfer of Claim agreements, which are attached hereto as Exhibits "A" through "G" (each, a "Prior Owner Agreement," and collectively, the "Prior Owner Agreements"), between Assignor and the respective prior owners, identified on Annex I (the "Prior Owners") of each of the claims comprising the Claims. Assignee agrees that it will pay the Purchase Price (as hereinafter defined) to Assignor by wire transfer of immediately available funds to Assignor's account set forth on Annex I hereto on or before August __, 2007 at 5:00 p.m. (Prevailing Eastern Time). The time and date that the amount set forth in the immediately preceding sentence is paid to the Assignor is hereinafter referred to as the "Assignment Effective Date."

The purchase price for each Claim (a "Claim Purchase Price") shall be an amount equal to the product of (i) the Purchased Claim Amount (as identified on Annex I hereto) for each Claim and (ii) that certain percentage set forth on Annex I hereto with respect to such Claim (each, a "Purchase Rate"). The "Purchase Price" shall be the sum of each Claim Purchase Price, which is ▓▓▓▓▓▓▓▓.

Assignee expressly assumes all of Assignor's obligations in, to and under the Prior Owner Agreements, including without limitation, any obligation Assignor may have under any of the Prior Owner Agreements to purchase all or a portion of any Claim in excess of the Purchased Claim Amount ("Excess Claim"). If Assignee (x) is obligated, pursuant to any of the Prior Owner Agreements, to purchase an Excess Claim, or (y) exercises an option under any Prior Owner Agreement to purchase an Excess Claim then, in addition to the payment Assignee is obligated to make to the relevant Prior Owners pursuant to the relevant Prior Owner Agreement, Assignee is hereby obligated to pay Assignor, in immediately available funds, an amount equal to the product of: (i) the difference between (a) the applicable Purchase Rate, and (b) the purchase rate set forth in the relevant Prior Owner Agreement (as determined by dividing the purchase price under such Prior Owner Agreement by the amount of the Purchased Claim

Amount for such Claim set forth in Annex I hereto (the "Prior Owner Purchase Rate")), and (ii) such Excess Claim (the "Excess Purchase Price"). Assignee hereby agrees to pay the Excess Purchase Price to the Assignor no later than the date Assignee is required to pay the Prior Owner for such Excess Claim pursuant to the Prior Owner Agreements.

If a Prior Owner is obligated to refund all or a portion of the purchase price paid by Assignor under the respective Prior Owner Agreement to such Prior Owner with respect to all or a portion of a Claim, and Assignee demands such amount from such Prior Owner, then within ten (10) business days after Assignor's receipt of a copy of Assignee's demand to such Prior Owner, Assignor shall pay to the Assignee the product of: (i) the difference between (a) the applicable Purchase Rate, and (b) the Prior Owner Purchase Rate, and (ii) the portion of the principal amount of the Claim for which such Prior Owner, pursuant to the relevant Prior Owner Agreement, is obligated to return the purchase price; provided however, that; Assignor will not be obligated to pay such amount to the Assignee if the Assignee agrees with the Debtor to compromise, settle or otherwise reduce the Claim, in whole or in part, without the written consent of Assignor (which consent shall not be unreasonably withheld). The provisions of this paragraph shall constitute (x) Assignee's sole remedy against Assignor and (y) Assignor's sole liability to Assignee hereunder.

Assignor shall only be required to disclose to Assignee the purchase rate set forth in a Prior Owner Agreement upon receipt of notice from the Assignee that Assignee is either (i) obligated or intends to exercise a right to purchase an Excess Claim or (ii) entitled to a refund of the purchase price paid to a Prior Owner.

Assignor represents, warrants and covenants the following as of the Assignment Effective Date: it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment has been received by Assignor in full or partial satisfaction of the Claims; Assignor has not previously assigned or sold the Claims or its obligations to any third party, in whole or in part; Assignor is not an insider within the meaning of 11 U.S.C. § 101(31) and is not a member of any creditors' committee appointed in the Proceedings; Assignor has provided Assignee with true and correct copies of the proofs of claim (if filed) underlying the Claims that were provided to Assignor by the Prior Owners; Assignor has agreed to the consideration herein based on its own independent investigation and credit determination and has not relied on any representations made by Assignee, except as expressly set forth herein.

Assignee represents, warrants and covenants that: it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignee, enforceable against Assignee in accordance with its terms; Assignee is purchasing the Claims and assuming the obligations thereunder based on its own independent investigation and credit determination and has not relied on any representations made by Assignor, except as expressly set forth herein. Assignor and Assignee are each aware that the consideration being paid by Assignee hereunder may differ from the amount ultimately distributed with respect to the Claims pursuant to any plan of reorganization or other outcome of the Proceeding that is ultimately consummated. Assignor and Assignee are each aware that

information that may be pertinent to each party's decision to transfer the Claims is available to them and can be obtained from the Court's files.

To the extent provided in the Prior Owner Agreements, Assignor hereby (i) irrevocably appoints the Assignee as its true and lawful attorney-in-fact solely with respect to the enforcement of the Claims, (ii) authorizes the Assignee, at Assignee's sole cost and expense, to act in Assignor's name, to demand, sue for, compromise and recover all money which now is, or may hereafter become due and payable for, or on account of, the Claims herein assigned and (iii) grants unto the Assignee full authority to do all things necessary, at Assignee's sole cost and expense, to enforce all the rights, title and interest in and to the Claims and Assignee's rights thereunder pursuant to this Assignment. Assignor and Assignee agree that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option, cost and expense of Assignee.

Assignor agrees that in the event Assignor receives any payment or distribution with respect to the Claims after the date hereof, Assignor agrees to accept and hold the same for the sole benefit of Assignee. Assignor agrees, to the extent permitted by law, to deliver the same to Assignee, by the 5th business day after Assignor's receipt thereof, in the same form received, with the endorsement, without recourse, of Assignor when necessary or appropriate.

Each of Assignee and Assignor agree that, without the prior consent of the other, it shall not disclose the contents of this Agreement (including the Purchase Price and the Purchase Rates) to any person or entity, except that Assignee or Assignor may make any such disclosure (a) as required to implement or enforce this Agreement, (b) if required to do so by any law, court, regulation, subpoena or other legal process, (c) to any governmental authority or self-regulatory entity having or asserting jurisdiction over it, (d) if its attorneys advise it that it has a legal obligation to do so or that failure to do so may result in it incurring a liability to any other entity or sanctions that may be imposed by any governmental authority, (e) to its affiliates, professional advisors and auditors or (f) as set forth in the next sentence. Assignee may disclose the contents of this Agreement (but not the Purchase Price and the Purchase Rate) to any proposed transferee, assignee, participant, or other entity proposing to enter into contractual relations with Assignee in respect of the Claims or any part of them.

All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement. This Agreement shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. Assignee may transfer its rights hereunder provided that Assignee's assumption of Assignor's obligations under the Prior Owner Agreement shall remain in full force and effect notwithstanding any such assignment. THIS AGREEMENT SHALL BE CONSTRUED AND THE OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO PRINCIPLES OF CONFLICTS OF LAW. ANY ACTION ARISING UNDER OR RELATING TO THIS AGREEMENT MUST BE BROUGHT IN FEDERAL COURT LOCATED IN THE STATES OF NEW YORK OR NEW JERSEY AND ASSIGNOR AND ASSIGNEE EACH CONSENT TO AND CONFER PERSONAL JURISDICTION OVER IT BY SUCH COURT OR COURTS AND AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON IT BY MAILING A COPY OF SAID PROCESS TO IT AT THE ADDRESS

SET FORTH IN THE FIRST PARAGRAPH OF THIS AGREEMENT, AND IN ANY ACTION HEREUNDER, ASSIGNOR AND ASSIGNEE WAIVE ANY RIGHT TO DEMAND A JURY TRIAL.

All demands, notices, requests, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth above, or such other address as may be furnished hereafter by notice in writing.

This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement. Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Agreement as an unconditional assignment and the Assignee herein as the valid assignee.

IN WITNESS WHEREOF, each of the undersigned has duly executed this Agreement by its duly authorized representative on the date first set forth above.

LIQUIDITY SOLUTIONS, INC.

By: _____
Name: Jeffrey L. Caress
Title: Authorized Signatory

SPCP GROUP, L.L.C.

By: _____
Name: Richard Petrilli
Title: Authorized Signatory

## ANNEX I

| Prior Owner | Debtor Obligor | Purchased Claim Amount | Purchase Rate | Claim Purchase Price |
|---|---|---|---|---|
| BELL ANDERSON & SANDERS LLC | Delphi Automotive Systems LLC | $63,696.63 | ▮ | ▮ |
| BROWN & SHARPE INC. | Delphi Automotive Systems LLC | $54,725.45 | ▮ | ▮ |
| C & E SALES INC. | Delphi Automotive Systems LLC | $71,960.60 | ▮ | ▮ |
| KENSA LLC | Delphi Automotive Systems LLC | $95,976.84 | ▮ | ▮ |
| MCNAUGHTON MCKAY ELECTRIC CO OF OHIO | Delphi Automotive Systems LLC | $74,373.62 | ▮ | ▮ |
| SHEFFIELD MEASUSREMENT INC. | Delphi Automotive Systems LLC | $22,104.75 | ▮ | ▮ |
| ZYLUX ACOUSTIC CORP. | Delphi Automotive Systems LLC | $75,000.00 | ▮ | ▮ |
| **TOTALS:** | | $457,837.89 | | ▮ |

Assignor's Wire Instructions:

