UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
    In re                            :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
                               Debtors.    :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 105(a) AND 502(c) ESTIMATING OR PROVISIONALLY
ALLOWING CERTAIN UNRECONCILED CLAIMS SOLELY FOR PURPOSES OF
ADMINISTRATION OF DISCOUNT RIGHTS OFFERING

("RIGHTS OFFERING ESTIMATION ORDER")

Upon the motion, dated December 28, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105(a) nd 502(c) estimating or provisionally allowing certain unreconciled claims solely for the purposes of administering the Discount Rights Offering;[1] and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined in this ~~Motion~~order shall have the meanings ascribed to them in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan"), dated December 10, 2007 (Docket No. 11386).

2.     Solely for the purposes of administering the Discount Rights Offering and allocating Discount Rights in accordance with Article 7.15(a)(i) of the Plan, the claims reflected on Exhibit ~~1~~A attached hereto are hereby estimated and temporarily allowed in the amounts set forth on Exhibit ~~1.~~A.

3.     To the extent that such provisional allowance or estimation results in a particular claimant's receiving more Discount Rights than such claimant should have received based on the ultimate allowed amount of such claim and such rights are transferred or exercised (the "Excess Discount Rights"), then, in the Reorganized Debtors' sole discretion, ~~(a)~~the Debtors shall be authorized but not directed to withhold an amount of New Common Stock (at Plan value) equivalent to the value of the Excess Discount Rights (at Plan value) ~~(the "Discount Rights Value") shall be withheld~~ from the ultimate direct distribution to such claimant ~~or (b)~~.  To the extent the value of the direct grant of New Common Stock is less than the value of the Excess Discount Rights, and the Reorganized Debtors elect to pursue such payment in their sole discretion, such claimant shall remit payment to the Reorganized Debtors upon written demand in an amount equal to the value of the Excess Discount Rights in excess of the value of the New Common Stock withheld by the Reorganized Debtors.

4.     As more fully stated in the email correspondence between counsel for the Debtors and counsel for Robert Bosch GmbH ("Bosch") dated January 16, 2008, which correspondence shall govern the treatment of Bosch's Discount Rights and resolution of Bosch's Objection, Bosch may liquidate its Discount Rights and pay the proceeds thereof into an escrow account held by the Debtors.  Upon liquidation of Bosch's claim, the proceeds shall be distributed to the parties in accordance with the order or agreement resolving Bosch's claim.  The Debtors'

rights to recover any Excess Discount Rights shall be limited to the funds available in the escrow account.

       5. ~~4.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
          ~~_____~~January ____,
          ~~2007~~2008

                                                    UNITED STATES BANKRUPTCY JUDGE