**Exhibit 3**

*Objections To The Rights Offering Estimation Motion*

*Organized By Objector*

|   | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 1. | 11789, 11856 | KenSa LLC ("KenSa") | (a) KenSa asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | Resolved. |
|   |   |   | (b) KenSa asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
|   |   |   | (c) KenSa argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
|   |   |   | (d) KenSa asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | Resolved. |
| 2. | 11793, 11858 | Comerica Leasing Corporation ("Comerica") | (a) Comerica asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | The Motion only seeks to estimate unliquidated claims and to temporarily allow liquidated, disputed claims in a particular amount solely for purposes of the Discount Rights Offering.<br><br>Notwithstanding the foregoing, the Debtors are willing to modify Exhibit A to the Order to increase the amount of Comerica's claim to $3,464,557.00, the amount the Court estimated with respect to Comerica's claim under the Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket Number 9685). Thus, Comerica's objection is fully addressed. |
|   |   |   | (b) Comerica asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | The Motion does not attempt to affect the validity or amount of the underlying claim, but merely seeks to temporarily allow the claim in a certain amount solely for purposes of the Discount Rights Offering.<br><br>See above response to item 2(a). |

|   | **Docket No.** | **Objector** | **Summary Of Objection** | **Resolution, Response, Or Proposal** |
|---|---|---|---|---|
|   |   |   | (c) Comerica argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | There is no opportunity to reserve discount rights pending resolution of underlying claims because the Discount Rights Offering will have concluded by the time of such resolution. Disputed claims cannot be paid this portion of their claims in differing currency because it would lead to differing treatment within the class of general unsecured creditors.<br><br>See above response to item 2(a). |
|   |   |   | (d) Comerica asserts that the Rights Offering Estimation Motion does not provide for the possibility that claims could be reclassified as unsecured, thereby altering the total claims pool of reserves. | Comerica has had over two years to determine whether they properly asserted their claims as secured, unsecured, or priority. Due to the impending commencement of the Discount Rights Offering, there is simply no further time for them to decide which status to assert, at least with respect to the Discount Rights Offering. Claimants wishing to waive their secured or priority status may participate in the Discount Rights Offering at the appropriate amount. Comerica has not done so. |
|   |   |   | (e) Comerica asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | The relief requested protects the ability of the Debtors to recover any overpayment made to a disputed claimant on account of disputed claim in the event the disputed claims is ultimately disallowed or allowed in a reduced amount. There is nothing unfair in preventing a disputed claimant from receiving a windfall if it is ultimately determined that the claimant's asserted claim was without merit. |
| 3. | 11798 | F&G Multi-Slide, Inc. ("F&G Multislide") | F&G Multislide objects to the estimation of its claim in the Rights Offering Estimation Motion. | This objection was withdrawn (Docket No. 12136). |
| 4. | 11800 | F&G Tool & Die Co. ("F&G Tool & Die") | F&G Tool & Die objects to the estimation of its claim in the Rights Offering Estimation Motion. | This objection was withdrawn (Docket No. 12137). |
| 5. | 11805, 11857 | Freudenberg-Nok General Partnership and Freudenberg, Inc. ("Freudenberg") | (a) Freudenberg asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | Resolved. |

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| | | | (b) Freudenberg asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
| | | | (c) Freudenberg argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
| | | | (d) Freudenberg asserts that the Rights Offering Estimation Motion does not provide for the possibility that claims could be reclassified as unsecured, thereby altering the total claims pool of reserves. | Resolved. |
| | | | (e) Freudenberg asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | Resolved. |
| 6. | 11815 | Robert Dettinger ("Dettinger") | Dettinger objects to the estimation of his retirement benefit claims in the Rights Offering Estimation Motion. | Resolved. |
| 7. | 11824 | Pima County | Pima County alleges a priority claim, but objects to protect its rights in the event that the Court determines that it has an unsecured claim that would be subject to the Rights Offering Estimation Motion. | This objection was withdrawn (Docket No. 11968). |
| 8. | 11848 | Lear Corporation ("Lear") | (a) Lear asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | Resolved. |
| | | | (b) Lear asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
| | | | (c) Lear argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
| | | | (d) Lear asserts that the Rights Offering Estimation Motion does not provide for the possibility that claims could be reclassified as unsecured, thereby altering the total claims pool of reserves. | Resolved. |
| | | | (e) Lear asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | Resolved. |

|  | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 9. | 11854 | David N. Goldsweig ("Goldsweig") | Mr. Goldsweig objects to the estimation of his retirement benefit claims in the Rights Offering Estimation Motion. | The Debtors have agreed to revise Mr. Goldsweig's Participation Amount to reflect the asserted amount of his claim, subject to the True-Up Provisions of the Revised Proposed Order. The True-Up provisions are reasonable for the reasons stated above. |
| 10. | 11868 | Cooper Standard Automotive Inc. ("Cooper") | (a) Cooper asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | Resolved. |
|  |  |  | (b) Cooper asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
|  |  |  | (c) Cooper argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
|  |  |  | (d) Cooper asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | Resolved. |
| 11. | 11875 | Fraenkische USA, LP ("Fraenkische") | Fraenkische objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
| 12. | 11877 | Eikenberry & Associates, Inc. ("Eikenberry") | (a) Eikenberry objects to the estimation of its claim in the Rights Offering Estimation Motion. | This objection was withdrawn (Docket No. 12088). |
|  |  |  | (b) Eikenberry argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | This objection was withdrawn (Docket No. 12088). |
| 13. | 11879 | Robert Bosch GmbH & Robert Bosch LLC ("Bosch") | (a) Bosch object to the estimation of its claim as a precaution in the event its proposed settlement with the Debtors is not consummated. | This objection was resolved pursuant to paragraph 4 of the Revised Proposed Order. |
|  |  |  | (b) Bosch asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | This objection was resolved pursuant to paragraph 4 of the Revised Proposed Order. |
| 14. | 11889 | Harman Becker Automotive Systems, Inc. ("Harman") | (a) Harman asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | This objection was withdrawn (Docket No. 12139). |
|  |  |  | (b) Harman asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | This objection was withdrawn (Docket No. 12139). |

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| | | | (c) Harman argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | This objection was withdrawn (Docket No. 12139). |
| | | | (d) Harman asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | This objection was withdrawn (Docket No. 12139). |
| 15. | 11892, 11926[1] | SPCP Group LLC ("SPCP") | SPCP objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
| 16. | 11893 | James Hutz, Jr. ("Hutz") | (a) Hutz asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
| | | | (b) Hutz argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
| | | | (c) Hutz objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
| 17. | 11895 | Denso Int'l Am. Inc. & DENSO Sales California, Inc. ("Denso") | (a) Denso objects to the estimation of its claim as a precaution in the event its proposed settlement with the Debtors is not consummated. | Resolved. |
| 18. | 11896 | O&R Precision Grinding ("O&R") | (a) O&R Precision Grinding objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
| | | | (b) O&R Precision Grinding asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
| | | | (c) O&R Precision Grinding argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
| 19. | 11907 | FCI USA, Inc. ("FCI") | FCI objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |

---

[1] The pleading filed at Docket No. 11926 supplements the pleading at Docket No. 11892 by incorporating exhibits.

|  | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 20. | 11910 | WESCO Distribution, Inc. ("WESCO") | (a) WESCO objects to the estimation of its claim in the Rights Offering Estimation Motion | Resolved. |
|  |  |  | (b) WESCO asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
| 21. | 11911 | PPG Industries, Inc. ("PPG") | (a) PPG objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
|  |  |  | (b) PPG asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
|  |  |  | (c) PPG argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
|  |  |  | (d) PPG objects to the extent that the Rights Offering Estimation Motion seeks to reclassify claims. | Resolved. |
| 22. | 11912 | TIP Engineering Group, Inc. ("TIP") | (a) TIP objects to the estimation of its claim in the Rights Offering Estimation Motion. | The Debtors are not attempting to litigate the underlying claim at this time, but are merely seeking to temporarily allow the claim solely for the purposes of the Discount Rights Offering. The Debtors are currently working with TIP on a consensual amount to temporarily allow for the rights offering. |
|  |  |  | (b) TIP asserts that the Rights Offering Estimation Motion estimation of TIP's claim lacks any good faith basis and appears to be completely arbitrary. | See response to item 22(a) above. |
| 23. | 11915 | AT&T | (a) AT&T objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
|  |  |  | (b) AT&T argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
| 24. | 11916 | Riverside Claims LLC ("Riverside") | (a) Riverside objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
|  |  |  | (b) Riverside asserts that the Rights Offering Estimation Motion does not provide for any reserve in the event the claim is allowed in an amount greater than the estimated amount. | Resolved. |

|  | **DOCKET NO.** | **OBJECTOR** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
|  |  |  | (c) Riverside asserts that the Rights Offering Estimation Motion provides no factual or legal justification for its estimates. | Resolved. |
|  |  |  | (d) Riverside asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
| 25. | 11918 | Tecnomec S.R.L. ("Tecnomec") | (a) Tecnomec asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | This objection was withdrawn (Docket No. 12140). |
|  |  |  | (b) Tecnomec asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | This objection was withdrawn (Docket No. 12140). |
|  |  |  | (c) Tecnomec asserts that the Rights Offering Estimation Motion does not provide for any reserve in the event the claim is allowed in an amount greater than the estimated amount. | This objection was withdrawn (Docket No. 12140). |
| 26. | 11919 | Liquidity Solutions, Inc. ("Liquidity") | (a) Liquidity asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | This objection was withdrawn (Docket No. 12089). |
|  |  |  | (b) Liquidity objects to the estimation of its claims. | This objection was withdrawn (Docket No. 12089). |
|  |  |  | (c) Liquidity Solutions, Inc. argues that if the Debtors are wrong about the claim amounts in the Rights Offering Estimation Motion, this would render the Plan unconfirmable under sections 1123(a)(4) and 1129(a)(1) of the Bankruptcy Code because different creditors in the same class would receive disparate treatment. | This objection was withdrawn (Docket No. 12089). |
|  |  |  | (d) Liquidity asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | This objection was withdrawn (Docket No. 12089). |
| 27. | 11923 | Temic Automotive of North America, Inc. ("Temic") | (a) Temic objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
|  |  |  | (b) Temic asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | Resolved. |

7

|     | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
| --- | --- | --- | --- | --- |
|     |     |     | (c) Temic asserts that the Debtors have not met their burden of presenting enough evidence to overcome the presumptive validity of the timely and properly supported claim. | Resolved. |
| 28. | 11924 | Motorola, Inc. ("Motorola") | (a) Motorola objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
|     |     |     | (b) Motorola asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | Resolved. |
| 29. | 11930, 11932 | Johnson Controls, Inc. ("Johnson Controls")[2] | Johnson Controls objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
| 30. | 11933 | York International Corporation ("York") | York objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
| 31. | 11941 | Equity Corp. Housing ("Equity") | (a) Equity asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | This objection was withdrawn (Docket No. 12142). |
|     |     |     | (b) Equity asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | This objection was withdrawn (Docket No. 12142). |
|     |     |     | (c) Equity argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | This objection was withdrawn (Docket No. 12142). |
|     |     |     | (d) Equity asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | This objection was withdrawn (Docket No. 12142). |
| 32. | 11943 | Rassini, S.A. de C.V. ("Rassini") | (a) Rassini objects to the estimation of its claim in the Rights Offering Estimation Motion. | This objection was withdrawn (Docket No. 12093). |

---

[2] Johnson Controls filed two separate pleadings, each for a different proof of claim; the objection is the same in both pleadings.

8

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| | | | (b) Rassini asserts that the estimation of disputed claims is not allowed by the Bankruptcy Code. | This objection was withdrawn (Docket No. 12093). |
| | | | (c) Rassini asserts that the Rights Offering Estimation Motion conflicts with the Claims Procedures Order. | This objection was withdrawn (Docket No. 12093). |
| | | | (d) Rassini asserts that the Rights Offering Estimation Motion does not provide for any reserve in the event the claim is allowed in an amount greater than the estimated amount. | This objection was withdrawn (Docket No. 12093). |
| 33. | 11948 | General Electric Capital Corp. ("GE") | (a) GE asserts that the Rights Offering Estimation Motion does not provide for the possibility that leases could be rejected up to five days after the final order establishing cure amounts, thereby altering the total claims pool of reserves. | The Debtors have no intention of rejecting GE's contracts at this time, and are therefore not willing to allocate discount rights to GE based on a hypothetical possibility. |
| | | | (b) GE argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | There is no opportunity to reserve discount rights pending resolution of underlying claims because the Discount Rights Offering will have concluded by the time of such resolution. Disputed claims cannot be paid this portion of their claims in differing currency because it would lead to differing treatment within the class of general unsecured creditors. |
| | | | (c) GE asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | The relief requested protects the ability of the Debtors to recover any overpayment made to a disputed claimant on account of disputed claim in the event the disputed claims is ultimately disallowed or allowed in a reduced amount. There is nothing unfair in preventing a disputed claimant from receiving a windfall if it is ultimately determined that the claimant's asserted claim was without merit. |
| 34. | 11952 | Kilroy Realty, L.P. ("Kilroy") | Kilroy objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
| 35. | 11953 | John E. Benz & Co. ("Benz") | Benz does not object, but reserves its right to file an objection pursuant to the Claims Procedures Order. | No response is required. |

|  | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 36. | 11987 | James Penney ("Penney") | Penney objects to the estimation of his claim in the Rights Offering Estimation Motion. | Upon further investigation, the Debtors have confirmed that Mr. Penney is an hourly employee. The Rights Offering Estimation Motion does not seek estimation or temporary allowance of claims which, while filed as general unsecured claims, will not be entitled to distributions as general unsecured claims. Claims not subject to the Motion include claims of individual union members that are subsumed by the union settlement agreements and will accordingly be expunged on the Effective Date of the Plan. Therefore, Mr. Penney's claim shall be removed from the Order and not included in the Rights Offering. |
| 37. | 11988<br>11989<br>11990<br>11992<br>11993<br>11994<br>11995<br>11996<br>11997<br>11998<br>11999<br>12000<br>12001<br>12002<br>12003<br>12004<br>12005<br>12006<br>12007<br>12008 | Sierra Liquidity Fund LLC ("Sierra Liquidity") | Sierra Liquidity objects to the estimation of its claims in the Rights Offering Estimation Motion. | Resolved. |
| 38. | 12014 | Patricia A. Gordon ("Gordon") | Gordon objects to the estimation of her retirement benefit claims. | Resolved. |

10

|  | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 39. | 12015 | Michael J. Julius ("Julius") | Julius objects to the estimation of his retirement benefit claims. | Resolved. |
| 40. | 12046 | Small Parts, Inc. ("Small Parts") | (a) Small Parts objects to the estimation of its claim in the Rights Offering Estimation Motion. | Resolved. |
|  |  |  | (b) Small Parts argues that there should be a reserve in the event a claim is allowed for a greater amount than estimated. | Resolved. |
|  |  |  | (c) Small Parts asserts that the Rights Offering Estimation Motion is an attempt to circumvent the Claims Procedures Order. | Resolved. |
|  |  |  | (d) Small Parts asserts that the Rights Offering Estimation Motion unfairly seeks payment in the event that a claim is allowed for less than the estimated amount. | Resolved. |