| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,<br>Debtors and Debtors in Possession<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Albert Togut (AT-9759)<br>Neil Berger (NB-3599)<br>Andy Winchell (AW-6590) | HEARING DATE:  January 17, 2008<br>AT:   10:00 a.m. |

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :   Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*,                               :
                                                            :   Jointly Administered
                                    Debtors.                :
                                                            :
------------------------------------------------------------x

## DEBTORS' OBJECTION TO MOTION BY
## SPCP GROUP L.L.C. FOR TEMPORARY ALLOWANCE OF
## PROOF OF CLAIMS PURSUANT TO BANKRUPTCY RULE 3018

  Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object to the Motion (the "Rule 3018 Motion") by SPCP Group, L.L.C. ("Silver Point") for temporary allowance of (a) Proofs of Claim identified in Exhibit "1" annexed hereto (the "Exhibit 1 Claims") (b) Proofs of Claim that have been expunged (the "Expunged Claims") and (c) the Proofs of Claim referenced in Exhibit "4" annexed hereto (the "Previously Voted Claims"), pursuant to Bankruptcy Rule 3018 ("Rule 3018") for purposes of voting to accept or reject the Debtors' First Amended Joint Plan

of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession, dated December 10, 2007 (the "Plan"), and respectfully represent:

## PRELIMINARY STATEMENT[1]

1.    Silver Point was not the registered holder of the Exhibit 1 Claims on the Record Date (defined below) and it did not file any Notices of Transfer to evidence that it owned the Exhibit 1 Claims on or before the Record Date. The Rule 3018 Motion does not contain an evidence of ownership of the Exhibit 1 Claims by Silver Point. Consequently, the Rule 3018 Motion is patently deficient.

2.    The Expunged Claims were disallowed and expunged by prior Orders of the Court, so they cannot be voted by Silver Point or any other party.

3.    Moreover, Silver Point was not the registered holder of the Previously Voted Claims, and ballots for those claims have already been submitted by parties who appear to have been the registered holders on the Record Date.

4.    Pursuant to the Solicitation Procedures Order and Bankruptcy Rule 3018, Silver Point may not vote the Exhibit 1 Claims, the Expunged Claims or the Previously Voted Claims.

## OBJECTION TO RULE 3018 MOTION[2]

5.    Pursuant to Bankruptcy Rule 3001(e)(2), any time a proof of claim is transferred, the Bankruptcy Court must be advised by the filing of evidence of such transfer. Bankruptcy Rule 3001(e)(2) provides, in pertinent part:

> *Transfer Of Claim Other Than For Security After Proof Filed.* If a claim other than one based on a publicly

---

[1] Capitalized terms which are not defined herein shall have the meanings set forth in the Plan and the Solicitation Procedures Order (defined herein).

[2] A more expansive description of the procedural history of the Debtors' cases is contained in the Plan, and that history is respectfully incorporated herein by reference.

> traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee.

Bankruptcy Rule 3001(e)(2).

      6.    Bankruptcy Rule 3018(a) authorizes a Bankruptcy Court to fix a record date for purposes of plan voting entitlement, and provides, in pertinent part:

> an equity security holder or creditor whose claim is based on a security of record shall not be entitled to accept or reject a plan unless the equity security holder or creditor is the holder of record of the security on the date the order proving the disclosure statement is entered or on another date fixed by the court, for cause, after a notice and a hearing.

Bankruptcy Rule 3018(a).

      7.    On December 10, 2007, this Court entered its Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline And Procedures For Temporary Allowance Of Certain Claims, (IIII) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interests, And (VIII) Reclamation Claim Procedures (the "Solicitation Procedures Order"). [Docket No. 11389]

      8.    Pursuant to paragraph "9" of the Solicitation Procedures Order, only those claimants who have either filed proofs of claim or Notices of Transfer on or before November 26, 2007 (the "Record Date") may vote on the Plan:

> Record Date.  Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), November 26, 2007 shall be the record date (the "Record Date") for purposes of determining the members of Classes C, D, E, G-1, G-2, and H [footnote omitted] (the "Voting Classes") that are entitled to receive a Solicitation Package and to vote on the Plan. The Record Date for a docketed proof of claim or scheduled claim shall be

3

> determined by reference to KCC's (as defined below) claims register as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF) at **11:59 p.m.** (prevailing Eastern standard time) on **November 26, 2007**, *and only those registered holders of claims as reflected on the docket together with KCC's database on the Record Date shall be entitled to vote*. The holders of any claim filed after the Record Date shall not be entitled to vote.

(emphasis added).

9. In its Rule 3018 Motion, Silver Point asserts that it "is the owner of multiple claims against the Debtors, including, but not limited to, those claims identified on Exhibits 'A-1' and 'A-2' hereto . . ." Rule 3018 Motion, para. 3. However, the Rule 3018 Motion does not contain any proof of Silver Point's ownership of the Exhibit 1 Claims as of the Record Date.

10. Moreover, the Court's official docket does not evidence that Silver Point filed Notices of Transfer for the Exhibit 1 Claims to establish its ownership of the Exhibit 1 Claims before the Record Date. *See* Declaration of Andy Winchell annexed hereto as Exhibit "2".

11. As a result, KCC's Claims Register was not modified by any Notices of Transfer filed on or before the Record Date to evidence transfer of ownership of the Exhibit 1 Claims to Silver Point before the Record Date. *See* Declaration of Eric S. Kurtzman annexed hereto as Exhibit "3".

12. "A creditor may request a temporary allowance of a claim . . ." In re Armstrong, 294 B.R. 344, 354 (BAP, 10th Cir. 2003).

13. The claimant bears the burden of proof is that it holds a colorable claim capable of temporary allowance. In re Armstrong, at 354; In re FRG, Inc., 121 B.R. 451 (Bankr., E.D. Pa. 1990).

4

14. Silver Point has not and cannot satisfy its burden of proof that it was a registered holder of the Exhibit 1 Claims on the Record Date as required by the Solicitation Procedures Order and Rule 3018.

15. Moreover, in many instances, the Rule 3018 Motion fails to provide claim numbers or sufficient information about the claimant for many of the Exhibit 1 Claims that would allow the Debtors and KCC to accurately identify which claims, of the more than 16,700 filed in this case, could be affected by the Rule 3018 Motion.

16. In it's Class 3C Ballot, Silver Point seeks to vote 3 Expunged Claims that were expunged by this Court's December 10, 2006 Order Disallowing and Expunging (I) Equity Claims, (II) Claims Duplicative of Consolidated Trustee or Agent Claims and (III) Duplicate and Amended Claims Identified in Second Omnibus Claims Objection [Docket No. 6225]:

Claim No. 9472 in the amount of $152,461.57 was expunged by an Order dated December 21, 2006;

Claim No. 741 in the amount of $305,671.51 was expunged by an Order dated December 21, 2006; and

Claim No. 331 in the amount of $287,266.60 was expunged by an Order dated December 21, 2006.

17. Claims that have been expunged by final Orders of this Court are clearly ineligible to be voted, and the harmful effect that Silver Point's negative vote of the Expunged Claims could have is wholly unwarranted.

18. Finally, Silver Point was not the registered holder of the Previously Voted Claims, and ballots for those claims have already been cast by parties that appear to have been the registered holder of those claims on the Record Date. See the Ballots

annexed hereto as Exhibit "4". Consequently, Silver Point may not cast additional ballots for the Previously Voted Claims.

## CONCLUSION

19. The Debtors sought the Record Date, on notice to Silver Point, to provide clarity and order in the voting process, and the Court found that good and sufficient cause existed for the establishment of the Record Date. Solicitation Procedures Order, para. F.

20. The Rule 3018 Motion seeks to denude the Solicitation Procedures Order and create the chaos that the Court and the Debtors sought to avoid.

21. Consequently, the Rule 3018 Motion should be denied as it pertains to the Exhibit 1 Claims, the Expunged Claims and the Previously Voted Claims.

22. The authorities upon which the Debtors rely are set forth above. Consequently, the Debtors respectfully request that this Court dispense with the requirement for the filing of a separate memorandum of law in support hereof.

**WHEREFORE**, the Debtors respectfully request the Rule 3018 Motion be denied as it pertains to the Claims, and that this Court grant such other and further relief as may be just and appropriate.

Dated:  New York, New York
         January 16, 2008

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

6