Hearing Date & Time: January 17, 2008 at 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                                          :   (Jointly Administered)
              Debtors.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### OBJECTION TO MOTION OF FIDUCIARY COUNSELORS, INC. FOR ORDER ESTIMATING CLAIMS FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION

("OBJECTION TO FIDUCIARY COUNSELORS, INC. 3018(a) MOTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection") to the motion of Fiduciary Counselors, Inc. ("FCI") under rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to temporarily allow, for purposes of voting on the First Amended Joint Chapter 11 Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Reorganization Plan"), claims asserted by FCI (Docket No. 11618) (the "Motion"), and respectfully represent as follows:

1. FCI, the independent fiduciary of ERISA-qualified defined benefit pension plans sponsored by the Debtors (the "Pension Plans"), filed six unliquidated proofs of claim against the Debtors, on behalf of the Pension Plans, for legally required contributions to the Pension Plans. As a result of having filed these unliquidated claims, pursuant to paragraph 30(ii) of the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures, dated December 10, 2007 (Docket No. 11389) (the "Solicitation Procedures Order"), FCI received six ballots for purposes of voting on the Reorganization Plan, each in the amount of $1.00.

2. Subsequently, FCI filed the Motion seeking temporary allowance of its six claims for voting purposes in the aggregate amount of $2,802,041,760.00. As a result of its having filed the Motion, FCI received a provisional ballot to cast a vote to accept or reject the Reorganization Plan in accordance with paragraph 24 of the Solicitation Procedures Order. Inexplicably, FCI failed to cast this provisional ballot.

2

    3.  Because FCI failed to cast its provisional ballot, its Motion has no foundation.  Even if the Motion itself were to be "deemed" a timely provisional ballot in the amount of $2,802,041,760.00, however – a position that the Debtors would dispute – the Motion should be denied.  A ballot in the amount of  $2,802,041,760.00 would be disproportionately large in relation to FCI's interests against the Debtors' estates because the interests of the Pension Plans that FCI seeks to protect will be fully satisfied if the Reorganization Plan is confirmed.

    4.  Specifically, Article 7.22(d) of the Reorganization Plan provides that "no later than five days after the Effective Date, Reorganized Delphi shall contribute cash to the Pension Plans . . . sufficient to meet ERISA minimum funding contributions not covered by the IRC Section 414(l) transfer."  The Plan further provides:

> Nothing in this Plan shall be construed as discharging, releasing, or relieving the Debtors or the Debtors' successors, including the Reorganized Debtors, or any party, in any capacity, from any liability for minimum funding under 26 U.S.C. § 412 and 29 U.S.C. § 1082 or liability under 29 U.S.C. § 1362 with respect to the Pension Plans.

Reorganization Plan, Art. 7.22(e).  In addition, the Debtors' have included a similar provision in their proposed form of order confirming the Reorganization Plan (the "Proposed Confirmation Order").

    5.  Section 1124(1) of the Bankruptcy Code provides that a class of claims is impaired unless with respect to each claim, the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." 11 U.S.C. § 1124(1). Accordingly, because the Reorganization Plan and the proposed Confirmation Order leave unaltered the rights of the Pension Plans (on behalf of which FCI asserts its claims), neither the claims of the Pension Plans nor those of  FCI  are impaired, and

FCI should not be permitted to vote its claims in an amount any greater than the one-dollar sum on the ballots that it previously cast.

6. Because the Debtors have an interest in assuming their Pension Plans and maintaining minimum contribution levels under those Pension Plans, the Reorganization Plan treats pension funding obligations uniquely by, among other things, providing that the Debtors will meet those obligations within five days after the Effective Date and further providing that nothing in the Reorganization Plan will discharge such obligations. To allow FCI to vote nearly $3 billion of the Pension Plans' uniquely-treated obligations could potentially give FCI's vote an unwarranted weight in relation to the votes of differently situated creditors under the Reorganization Plan. The Debtors oppose such a result.

## Conclusion

7. FCI's Motion to estimate its claims for balloting purposes in an amount close to $3 billion should be denied.

## Memorandum Of Law

8. Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) denying the Motion and (b) granting them such other and further relief as is just.

Dated: New York, New York
January 16, 2008

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

By:/s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and –

By:/s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession