UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
   In re                                  :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,       :    Case No. 05-44481 (RDD)
                                                    :
                       Debtors.          :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND
USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN
CONNECTION WITH THE RIGHTS OFFERING ESTIMATION MOTION AND
SETTLEMENT OF CLAIMS

       This stipulation and agreed protective order is entered into and submitted to the Court in accordance with the agreement of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), on the one hand, and Michael L. Julius (the "Claimant"), or any respective affiliates thereof, on the other hand (the Debtors and the Claimant being collectively the "Parties"), that discovery requested and other information provided in connection with the Debtors' Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) Estimating Or Provisionally Allowing Certain Unreconciled Claims Solely For Purposes Of Administration Of Discount Rights Offering ("Rights Offering Estimation Motion") (Docket No. 11606) filed on December 28, 2007, and the Debtors' effort to settle claims asserted by the Claimant, may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege; and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

       IT IS THEREFORE ORDERED:

        1.        The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

        2.        Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Order shall govern all information, including discovery if any, provided by one party to the other relating to the Rights Offering Estimation Motion and to the Parties' efforts to settle the Claimant's claims.

        3.        All documents, deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, or other information taken, given, or exchanged (the "Material") in the course of the Rights Offering Estimation Motion and the Debtors' efforts to settle the claims asserted by the Claimant shall be subject to this Order, as set forth below.

        4.        If counsel for any Party or non-party (the "Producing Party") subject to discovery in this proceeding determines in good faith that any Material it has provided contains information that is (i) not generally available to the public and/or; (ii) sensitive commercial, financial or business information, sensitive personal information, trade secrets or other confidential research, development, or commercial information the public disclosure of which may adversely affect the Producing Party (or to a third party that supplied the document or documents), the Producing Party may designate it as "Confidential."

        5.        If counsel for the Producing Party determines that disclosure of any Material poses a reasonable risk of competitive or other harm to it or a non-party (or to a third party that supplied the document or documents), the documents or information may be classified

as "Highly Confidential." Documents or information designated as "Highly Confidential" or "Confidential" are hereafter referred to as "Confidential Material."

      6.      The designation of Confidential Material shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word or words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      7.      (a)      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Material or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if those words do not already appear.

      (b)      Portions of depositions, if any, shall be deemed Confidential Material only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony that describes a document that has been designated as "Confidential" or "Highly Confidential" as described above, shall also be deemed to be designated as "Confidential" or "Highly Confidential."

      8.      Confidential Material shall not be used or disclosed by the Parties or counsel for the Parties or any persons identified in paragraphs 9 or 10 below for any purpose whatsoever other than for investigating, preparing for, and/or conducting the litigation in this case.

      9.      Material that has been designated as "Confidential" shall not be disclosed directly or indirectly by the persons or entities receiving such materials to persons or entities other than:

(a) the Court, persons employed by the Court, the jury or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this case or any appeal therefrom;

(b) counsel to the Parties in this case (including in-house and outside counsel), or attorneys, clerical, paralegal, and secretarial staff regularly employed by such counsel, including, without limitation, third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data in connected with the action; and provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court;

(c) any named or subsequently joining Party, required in good faith to provide assistance in the conduct of this case; and

(d) non-party trial or non-party deposition witnesses (and their counsel), provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court. The Parties shall endeavor in good faith to cause the witness to sign the undertaking form. Notwithstanding the foregoing, in the event that a deponent is unwilling to sign the undertaking form, this shall not prevent the witness from being shown the Confidential Material at the time of his or her deposition or trial testimony provided that (i) the questioning counsel has obtained the consent of the Producing Party to show such Confidential Material, or (ii) an enforceable court order requiring such witness to abide by the terms of this Agreement or otherwise permitting the disclosure (subject to any other protections the court deems appropriate) has been obtained.

(e) consultants, financial advisors, investigators, or experts (and employees of such consultants, investigators or experts) employed by counsel in connection with this case to the extent necessary for such experts to prepare a written opinion; to prepare to testify; or to assist counsel in the prosecution or defense of this case, provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court

10. Material that has been designated as "Highly Confidential" shall not be disclosed directly or indirectly by the persons or entities receiving such materials to persons or entities other than:

(b) the Court, persons employed by the Court, the jury or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this case or any appeal therefrom;

(c) counsel to the Parties in this case (including in-house and outside counsel), or attorneys, clerical, paralegal, and secretarial staff regularly employed by such counsel, including, without limitation, third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data in connected with the action; and provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court;

(d) non-party trial or non-party deposition witnesses (and their counsel), provided that such person(s) signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Order and consenting to the jurisdiction of this Court. The Parties shall endeavor in good faith to cause the witness to sign the undertaking form. Notwithstanding the foregoing, in the event that a deponent is unwilling to sign the undertaking form, this shall not prevent the

5

witness from being shown the Confidential Material at the time of his or her deposition or trial testimony provided that (i) the questioning counsel has obtained the consent of the Producing Party to show such Confidential Material or (ii) an enforceable court order requiring such witness to abide by the terms of this Agreement or otherwise permitting the disclosure (subject to any other protections the court deems appropriate) has been obtained; or

(e) consultants, financial advisors, investigators, or experts (and employees of such consultants, investigators or experts) employed by counsel in connection with this case to the extent necessary for such experts to prepare a written opinion; to prepare to testify; or to assist counsel in the prosecution or defense of this case, provided that such person(s) signs an undertaking in the form attached hereto as <u>Exhibit A</u> agreeing to be bound by this Order and consenting to the jurisdiction of this Court.

11. If any Party desires to provide "Highly Confidential" materials to any person(s) not set forth in Paragraph 10 above and if the Parties cannot resolve the matter consensually, the Party requesting disclosure shall make an appropriate application to the Court.

12. (a) The inadvertent or unintentional disclosure by a producing Party of Confidential Discovery Materials without an appropriate designation (either "Confidential" or "Highly Confidential") shall not be deemed to be a waiver in whole or in part of such Party's claim of confidentiality going forward, either as to the specific confidential information inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter.

(b) The inadvertent production of any privileged material by the Producing Party or a third party shall not be deemed to be a waiver or impairment of any claim of privilege, including but not limited to the attorney-client privilege or work-product protection, concerning the

6

produced material, any unproduced material or the subject matter of any produced or unproduced material. The Party asserting inadvertent production (the "Asserting Party") must declare, by facsimile or e-mail letter upon the Party receiving such information, that documents were inadvertently produced, if at all, within ten (10) business days of actually learning of the inadvertent production. Any Party receiving such inadvertently produced documents must return to the Asserting Party within five (5) business days of receiving notice by facsimile or e-mail letter of such inadvertent production, all documents, including all copies and extracts of such documents, which were inadvertently produced.

13. If documents, materials, or information (including portions of deposition transcripts) designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek a protective order under 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and General Order #M-242 of this Court, or other applicable authority with respect to filing under seal those portions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

14. Nothing herein shall prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Materials in connection with any trial, hearing, or other proceeding in this case, or seeking to prevent Confidential Materials from being provided to persons described in paragraphs 9 and 10 of this Order.

15. If any Party objects to the designation of any Confidential Material as "Confidential" or "Highly Confidential," the Party shall state the objection in writing to counsel for the Party or non-party making the designation. If the Parties are unable to resolve the objection, a designation of confidentiality may be challenged upon motion provided that the

7

Parties have met and conferred in advance. After challenge, if the Court determines that an item should not be designated "Confidential" or "Highly Confidential " that designation will be removed.

        16.     If at any time any Confidential Material is requested by any court, administrative agency, legislative body or other person or entity through subpoena or other compulsory process, a Party to whom Confidential Material is produced (a "Receiving Party") who has received such subpoena or compulsory process shall give notice as soon as practicable to counsel for the designating person that such a request has been received which notice shall include the date of any proposed disclosure of such Confidential Material and such other information as shall be reasonably necessary to permit the designating person to intervene and oppose the disclosure of such material in response to that request. It shall be the obligation of the designating person to obtain a court order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena of other compulsory process. In the event that the designating Party advises the Receiving Party that it intends to seek such an order, the Receiving Party shall not produce or divulge the contents of any Confidential Material until such motion has been resolved, to the extent permitted to do so by applicable law.

        17.     (a)     Designating any Confidential Material or complying with the terms of this Order shall not prejudice in any way the rights of any Parties to object to the production of documents or information they consider in good faith to not be subject to discovery, whether on the basis of privilege or otherwise.

    (b)     Nothing contained herein shall prevent any Party from disclosing or using its own confidential information in any manner it chooses.

  (c) Nothing contained herein shall affect the admissibility or inadmissibility into evidence of any Material, including confidential information.  By entering into this Order, no Party hereto waives any privilege or right of confidentiality, whether by contract or otherwise, with respect to any third party to this Order.

  18. This Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with other Parties to modify this Order, subject to the approval of the Court.

  19. Within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissing the cases, whichever first occurs, or as otherwise agreed to by the Parties, all documents and other material designated as Confidential or Highly Confidential pursuant to this Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be (a) returned to the producing Party or Party creating such information, or (b) destroyed.  If the receiving Party chooses to destroy any such documents or materials, then that Party shall deliver a certificate attesting to that destruction to the Party who produced the Confidential or Highly Confidential documents or materials within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissal of the cases, as the case may be.

  20. This Order can be signed in counterparts.

  21. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this <u>16th</u> day of <u>January</u>, 2008

    /s/Robert D. Drain
    Honorable Robert D. Drain
    United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

___*/s/ John K. Lyons*_____
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 1746)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

         - and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 and Debtors and Debtors-in-Possession




___*/s/ Michal L. Julius*_____
Michael L. Julius
8906 East 96th Street, #325
Fishers, Indiana 46037
(765) 621-7777

Claimant

# EXHIBIT A

## **UNDERTAKING**

   I have read the foregoing Stipulation And Agreed Protective Order Governing Production And Use Of Confidential And Highly Confidential Information In Connection With The Rights Offering Estimation Motion And Possible Settlement Of Claims (the "Order") dated January __, 2008 in the action entitled <u>In re Delphi Corp., et al.</u>, Case No. 05-44481 (RDD), and I agree to be bound by its terms and conditions with respect to any documents, material, or information furnished to me as set forth in the Order. I further agree not to disclose to anyone any such documents, material, or information furnished to me other than as set forth in the Order and not to make any copies of any such documents, material, or information except in accordance with the Order. I hereby consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York with regard to any proceedings to enforce the terms and conditions of the Order.

                          _____

Dated:


<u>January  , 2008</u>