Hearing Date and Time: January 25, 2008 at 10:00 a.m.
Response Date and Time: January 18, 2008 at 4:00 p.m.

BENESCH FRIEDLANDER COPLAN
& ARONOFF LLP
Stuart A. Laven, Jr. (SL-9838)
David M. Neumann
2300 BP Tower
200 Public Square
Cleveland, OH 44114-2378
(216) 363-4500

Attorneys for Eaton Corporation, Eaton
Yale, Ltd., and Eaton Aeroquip de
Mexico S.A. de C.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| DELPHI CORPORATION, et. al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**JOINT RESPONSE OF EATON CORPORATION, EATON YALE, LTD., AND EATON AEROQUIP de MEXICO S.A. de C.V. TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. 502(b) AND FED. R. BANKR. P. 2007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER**

Claimant:                                Eaton Corporation[1]
Claim No:                                6809
Date Claim Filed:                        May 25, 2006
Asserted Claim Amount:                   $740,224.29
Basis For Debtor's Objection:            Modified Claim Asserting Reclamation
                                         (Exhibit D-2)

---

[1] On or about March 8, 2006, Eaton Corporation transferred all right, title and interest in and to Claim No. 6809 to Liquidity Solutions, Inc. ("LSI"). LSI has authorized Eaton Corporation to file this Response (as defined below) with respect to Claim No. 6809.

| | |
|---|---|
| Debtor's Proposed Treatment of Claim: | Priority Allowed: $107,257.28 |
| | Unsecured Allowed: $415,520.72 |
| | |
| Claimant: | Eaton Yale, Ltd. |
| Claim No: | 10970 |
| Date Claim Filed: | July 26, 2006 |
| Asserted Claim Amount: | $14,019.41 |
| Basis For Debtor's Objection: | Books and Records Claim |
| | (Exhibit B) |
| Debtor's Proposed Treatment of Claim: | Disallow and Expunge |
| | |
| Claimant: | Eaton Aeroquip de Mexico S.A. de C.V. |
| Claim No: | 10971 |
| Date Claim Filed: | July 26, 2006 |
| Asserted Claim Amount: | $332,442.44 |
| Basis For Debtor's Objection: | Modified Claim Asserting Reclamation |
| | (Exhibit D-2) |
| Debtor's Proposed Treatment of Claim: | Priority Allowed: $5,813.32 |
| | Unsecured Allowed: $124,643.55 |

For their joint response ("Response") to the Debtors' Twenty-Fourth Omnibus Claims Objection (the "Twenty-Fourth Omnibus Claims Objection") to their respective Claims Nos. 6809, 10970 and 10971 (collectively, the "Disputed Claims"), Eaton Corporation, Eaton Yale, Ltd. and Eaton Aeroquip de Mexico S.A. de C.V. (collectively, the "Eaton Entities") state as follows:

**BACKGROUND**

1. For several years prepetition, the Eaton Entities and certain of their affiliated companies and divisions supplied Delphi Corp. and various of its affiliates and divisions (collectively, "Delphi") with components for a number of Delphi's auto parts programs.

2. In the course of supplying Delphi with components, the Eaton Entities and their various affiliates and divisions extended Delphi credit on various invoice and other

2

trade credit terms.  As of the date of the commencement of Delphi's chapter 11 cases, various obligations of Delphi to the Eaton Entities their various affiliates and divisions remained unpaid.  Thus, the Eaton Entities and certain of their affiliates timely filed proofs of claim in these cases evidencing their various claims (collectively, the "Claims") in respect of these obligations.

3. In addition to the objections to the Disputed Claims stated in the Twenty-Fourth Objection, Delphi has objected to certain other of the Claims via prior Omnibus Objections as follows:

    i. <u>Seventh Omnibus Objection</u>.  In its Seventh Omnibus Objection, Delphi objected to allowance of unsecured claims of Eaton Electrical, Inc. (Claim No. 10908 - $4,692.90) and Eaton Hydraulics, Inc. (Claim No. 11029 - $1,865.03).  Eaton Electrical, Inc. and Eaton Hydraulics, Inc. timely responded to the Seventh Omnibus Objection, which remains pending.

    ii. <u>Seventeenth Omnibus Objection</u>.  In its Seventeenth Omnibus Objection, Delphi objected to an unsecured claim of Eaton Corporation (Claim No. 12158 - $2,000,000.00), as to which Eaton Corporation timely filed a response.  The parties are presently finalizing documentation of a settlement and compromise of this claim.

4. In or about August, September and October 2007, counsel for the Eaton Entities and counsel for Delphi periodically discussed resolution of the Claims.  To that

end, in or about September 2007, Delphi's counsel requested the Eaton Entities to supply documentation supporting and evidencing the Disputed Claims.

5. In response to Delphi's request, on or about October 11, 2007, counsel for the Eaton Entities delivered extensive documentation, together with a summary analysis and proposal for compromising certain of the Disputed Claims. Despite honoring Delphi's request and incurring great expense in doing so, Delphi's counsel did not respond substantively.

### RESPONSE

6. In the Twenty-Fourth Omnibus Objection, the Debtors object to the Disputed Claims as follows:

| Claimant | Claim No. | Asserted Amount | Proposed Allowed Amount per Objection | Stated Basis for Objection |
|---|---|---|---|---|
| Eaton Corporation | 6809 | $740,224.29 | Priority Allowed: $107,257.28<br><br>Unsecured Allowed: $415,520.72 | Modified Claim Asserting Reclamation (Exhibit D-2) |
| Eaton Yale, Ltd. | 10970 | $14,019.41 | $0.00 | Books and Records Claim (Exhibit B) |
| Eaton Aeroquip de Mexico S.A. de C.V. | 10971 | $332,442.44 | Priority Allowed: $5,813.32<br><br>Unsecured Allowed: $124,643.55 | Modified Claim Asserting Reclamation (Exhibit D-2) |

For the reasons set forth more fully below, the Eaton Entities dispute the Debtors' proposed treatment of the Disputed Claims and requests that the Court overrule the Twenty-Fourth Omnibus Objection.

7. To the extent the Debtors seek to promote portions of Disputed Claims Nos. 6809 and 10971 to priority status, the Eaton Entities do not object to such improved treatment as to such portions, *provided, however*, that the remaining, unsecured, non-priority portions of such Disputed Claims are not disallowed, reduced or otherwise

4

impaired as requested by the Debtors. Specifically, in the case of Disputed Claim No. 6809, asserted as an unsecured claim of $740,224.29, the Eaton Entities do not object to priority treatment of $107,257.28 of such claim, provided that the remaining $632,967.01 balance of the claim is allowed as an unsecured claim in the full $632,967.01 amount (*i.e.*, $107,257.28 priority allowed amount + $632,967.01 unsecured allowed amount = $740,224.29 aggregate allowed claim). Similarly, in the case of Disputed Claim No. 10971, asserted as an unsecured claim of $332,442.44, the Eaton Entities do not object to priority treatment of $5,813.32 of such claim, provided that the remaining $326,629.12 balance of the claim is allowed as an unsecured claim in the full $326,629.12 amount (*i.e.*, $5,813.32 priority allowed amount + $326,629.12 unsecured allowed amount = $332,442.44 aggregate allowed claim).

### **The Debtors' Have Failed to Meet Their Burden of Proof**

8. The Twenty-Fourth Omnibus Objection fails to meet the Debtors' burden in challenging the proofs of claim the Eaton Entities filed in respect of the Disputed Claim, which proofs of claim are prima facie evidence of the Disputed Claims pursuant to Bankruptcy Rule 3001(f).

9. A timely and properly filed proof of claim constitutes prima facie evidence of the claim's validity and amount. *See* Fed. R. Bankr. P. 3001(f); *see also McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260-26 1 (5th Cir. 1998); *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

10.     A party objecting to a timely and properly filed proof of claim bears the initial burden of presenting "enough evidence to overcome the prima facie effect of the claim." *O'Connor*, 153 F.3d at 261; *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. at 65. The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *See In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985); *In re Alleghany Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

11.     By merely demanding that the Disputed Claims be disallowed and expunged (in the case of Claim No. 10970), or reduced in allowed amount (in the case of Claims Nos. 6809 and 10971), the Debtors have not met their burden of presenting "enough evidence" to overcome the presumptive validity of the Disputed Claims. For these reasons, this Court should overrule the Twenty-Fourth Omnibus Objection as to the Disputed Claims.

**The Eaton Entities Have Already Supplied Documentation of the Disputed Claims**

12.     The amount and validity of each of the Disputed Claims is supported by purchase orders, invoices, and other documents the Eaton Entities have already delivered to Delphi, and which the Eaton Entities will proffer in support of the Disputed Claims at or in advance of an evidentiary hearing thereon in accordance with further orders of the Court. Thus, the Eaton Entities have sustained and will further sustain their minimal burden under Bankruptcy Code sections 501 and 502 and Bankruptcy Rules 3001 and 3003.

6

13. In light of the Eaton Entities' prior delivery of voluminous documentary support for the Disputed Claims, the Eaton Entities request that the Court relieve the Eaton Entities of the requirement in the Claims Objection Procedures Order[2] that supporting documents be attached to this Response (to the extent, if at all, such requirement remains applicable to the Eaton Entities under the circumstances; the Eaton Entities submit that such requirement is not applicable). The Eaton Entities request that any further document exchanges be conducted pursuant to formal discovery under the applicable Federal Rules of Civil Procedure.

## RESERVATION OF RIGHTS

14. The Eaton Entities reserve all of their respective rights, claims, counterclaims, defenses and remedies under the Bankruptcy Code and other applicable law.

---

[2] As such term is defined in the Twenty-Fourth Omnibus Objection.

WHEREFORE, the Eaton Entities respectfully request that the Court overrule the Twenty-Fourth Omnibus Objection as to the Disputed Claims and grant the Eaton Entities such other relief as the Court deems just and proper.

Dated: Cleveland, OH
       January 16, 2008

Respectfully submitted,

/s/ Stuart A. Laven, Jr.
Stuart A. Laven, Jr.
BENESCH FRIEDLANDER COPLAN
& ARONOFF LLP
Stuart A. Laven, Jr. (SL-9838)
David M. Neumann
2300 BP Tower
200 Public Square
Cleveland, OH  44114-2378
(216) 363-4500
slaven@bfca.com
dneumann@bfca.com

Attorneys for Eaton Corporation, Eaton Yale, Ltd., and Eaton Aeroquip de Mexico S.A. de C.V.

## Certificate of Service

The forgoing Response of Eaton Corporation, *et al.* was sent to the following on January 16, 2008.

Original in hard copy form by Federal Express to:

Honorable Robert D. Drain
United State Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 632
New York, New York 10004

Copy in Paper Form by Federal Express to:

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Attn:   John Wm. Butler, Jr.
        John K. Lyons
        Joseph N. Wharton

Copy in Paper Form by United States Mail to:

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: General Counsel

/s/ Stuart A. Laven, Jr.

9