**KELLER ROHRBACK, LLP**
 Lynn Lincoln Sarko
 Gary A. Gotto
 Amy Williams-Derry
 1201 Third Avenue, Suite 3200
 Seattle, WA 98101-3052
 (206) 623-1200 (Telephone)
 (206) 623-3384 (Facsimile)

*Lead Counsel for ERISA Lead Plaintiffs and the Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-4448 1 (RDD) |
| Debtors. | (Jointly Administered) |

**ERISA LEAD PLAINTIFFS' JOINDER IN RESPONSES TO MOTION FOR ORDER APPROVING MULTIDISTRICT LITIGATION AND INSURANCE SETTLEMENTS**

ERISA Lead Plaintiffs Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr (hereinafter "ERISA Lead Plaintiffs"),[1] the Court-appointed ERISA Lead Plaintiffs in *In re: Delphi Corporation Securities, Derivative & "ERISA" Litigation*, Master Case No. 05-md-1725 (GER), relating to *In re Delphi Corp. ERISA Litigation*, Case Nos. 05-CV-70882, 05-CV-70940, 05-CV-71030, 05-CV-71200, 05-CV-71249, 05-CV-71291, 05-CV-71339, 05-CV-71396, 05-CV-71397, 05-CV-71398, 05-CV-71437, 05-CV-71508, 05-CV-71620, 05-CV-71897, and 05-CV-72198 (the "ERISA

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Court-approved version of the Disclosure Statement with annexed Plan.

-1-

Litigation"), respectfully join in (i) the Supplemental Reply filed by Debtors (Dkt No. 12,153), and (ii) the Response filed by Lead Plaintiffs in the Securities Multidistrict Litigation (Dkt. No. 12,180), in support of Debtors' Motion For Order Approving Muiltidistrict Litigation and Insurance Settlements (Dkt. No. 9,296), dated September 7, 2007 (the "Motion"), and state as follows:

      1.      Like the Debtors and the Securities Lead Plaintiffs, the ERISA Lead Plaintiffs submit that the MDL Settlements should be approved by the Court because they are reasonable, fair and equitable to all of the Debtors' stakeholders, and satisfy all of the criteria required for the approval of settlements applicable under Rule 9019 and Second Circuit case law.

      2.      All of the grounds for approval set out in Securities Lead Plaintiffs' Response apply equally to ERISA Lead Plaintiffs. In fact, it could hardly be otherwise because the effectiveness of the ERISA Settlement is conditioned on the approval of the Securities Settlement, and, likewise, the effectiveness of the Securities Settlement is conditioned on the approval of the ERISA Settlement. *See* ERISA Settlement Stipulation § 17(e); Securities Settlement Agreement § 29(e).

      3.      In addition, the argument of the objecting Bondholder Group for rejection of the MDL Settlements based on the absolute priority rule fails with respect to the ERISA

…….

…….

…….

Settlement for the reasons set forth in the Debtors' Reply and the Securities Lead Plaintiffs' Response.[2]

Dated:  January 16, 2008

                Respectfully submitted,

                **KELLER ROHRBACK, LLP**

                By:  /s/  *Gary A. Gotto*
                Lynn Lincoln Sarko
                Gary A. Gotto
                Amy Williams-Derry
                1201 Third Avenue, Suite 3200
                Seattle, WA 98101-3052
                (206) 623-1200 (Telephone)
                (206) 623-3384 (Facsimile)
                *Lead Counsel for ERISA Lead Plaintiffs and the Class*

---

[2] Indeed, ERISA Lead Plaintiffs believe that their claims do not arise "from the purchase or sale of . . . . a security" so as to implicate subordination under section 510(b).  This issue, however, need not be reached here.