Hearing Date and Time: January 25, 2008 at 10:00 a.m.
Response Date and Time: January 18, 2008 at 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>    Debtors | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**RESPONSE BY ALLEGRO MICROSYSTEMS, INC. TO DEBTORS'
TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C.
§ 502(B) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED
CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS,
(C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION,
MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIMS SUBJECT TO
<u>MODIFICATION THAT IS SUBJECT TO PRIOR ORDER</u>**

("TWENTY-FOURTH OMNIBUS CLAIMS OBJECTION")

NOW COMES Allegro MicroSystems, Inc. ("Allegro") and hereby responds as follows to the Debtors' Twenty-Fourth Omnibus Claims Objection:

**The Basis of Allegro's Claim**

1. Allegro is a global leader in the development, manufacture and manufacturing of high performance power integrated circuits and integrated magnetic sensors. Allegro's products have several application in the automotive industry, and the Debtors were (and remain) a significant customer of Allegro. On or about January 31, 2006, Allegro filed Proof of Claim No. 1741 asserting a general unsecured claim in the amount of $1,669,714.54 (the "Claim"). A copy of Allegro's Claim (without Exhibits) is attached hereto as Exhibit A.

2. Allegro shipped product to several of the Debtors. A breakdown reflecting the total delivered to each entity is attached hereto as Exhibit B.

3. The documentation evidencing each shipment is, in the aggregate, voluminous, amounting to approximately four inches of documents. For each sale, however, Allegro has a purchase order, invoice, and proof of delivery to the Debtors. A summary of the vast majority of the transactions (amounting to $1,188,753.85 and $475,920.69, respectively, are attached hereto as Exhibit C. To the extent that the Debtors' challenge any individual transaction, Allegro is prepared to provide supporting documentation conclusively establishing the Debtors' purchase and receipt of the subject goods.

**There is No Basis to Challenge the Claim**

4. Pursuant to Bankruptcy Code § 502(a), a proof of claim is deemed to be allowed unless a party in interest objects. Thus, a proof of claim operates as *prima facie* evidence of such claim. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess., at 62 (1978).

5.  The burden of proof for claims rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid.

6.  The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the *prima facie* validity of the proof of claim by refuting at least one of the essential allegations of such claim. Only after the objecting party produces evidence equal in force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. See In re Alegheny Int'l, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992). See also Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("a properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this *prima facie* effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim ")(citations omitted); In re Inter-Island Vessel Company, Inc., 98 B.R. 606, 608 (Bankr. D. Mass. 1988).

7.  The Objection should be overruled because it fails to produce any evidence to overcome the *prima facie* validity of Allegro's Claim.

8.  Allegro has provided, or offered to provide, documentation supporting every facet of its claim. In addition to invoices, Allegro is prepared to deliver copies of purchase orders and proof of delivery to the Debtors for each order.

9.  In contrast, the allegations in the Twenty-Fourth Omnibus Claims Objection fall far short of raising a legitimate challenge to Allegro's Claim. The Debtors state, in summary fashion, that the Claim and others similarly situated do not match the Debtors' books and records. The Debtors should, at a minimum, provide sufficient detail so that Allegro and other

creditors can determine which shipments or portions of their claim are subject to challenge. If that information is provided, Allegro is confident that it will be able to conclusively demonstrate the Debtors' liability for each shipment.

10. The Twenty-Fourth Omnibus Claims Objection fails to overcome the *prima facie* validity of Allegro's Claim under Bankruptcy Rule 3001(f). Further, even if the Debtors were to have met that bar, Allegro's response, along with the documentation available to the Debtors and Allegro, sufficiently refute the Debtors' objection.

11. In light of the foregoing, the Debtors Twenty-Fourth Omnibus Claims Objection must be overruled with respect to Allegro's Claim.

12. Further pleadings or inquiries regarding Allegro's Claim should be addressed to:

>Paul W. Carey
>Mirick, O'Connell, DeMallie & Lougee, LLP
>100 Front Street
>Worcester, MA 01608-1477
>Direct Line (508) 860-1590
>Direct Fax (508) 983-6238
>pwcarey@modl.com

WHEREFORE, Allegro respectfully requests that this Court enter an Order:

a. Overruling the Twenty-Fourth Omnibus Claims Objection with respect to Allegro's Claim;

b. Allowing Allegro's Claim as a general unsecured claim in the amount of $1,669,714.54; and

c. Granting Allegro such other and further relief as is just.

    Dated:    New City, New York
                    January 17, 2008

                                            Respectfully submitted,

                                            ELIZABETH A. HAAS, ESQ.
                                            Attorney for
                                            ALLEGRO MICROSYSTEMS, INC.

                                            _____/S/_____
                                            ELIZABETH A. HAAS, ESQ.
                                            (EAH5219)
                                            254 So. Main St., Suite 210
                                            New City, N.Y. 10956-3340
                                            (845) 215-0555

                                            PAUL W. CAREY, ESQ.
                                            MIRICK O∅CONNELL
                                            Attorneys for
                                            ALLEGRO MICROSYSTEMS, INC.
                                            100 Front Street
                                            Worcester, MA 01608
                                            (508) 791-8500

    TO:    DELPHI CORPORATION, Debtor
              Attn.:  General Counsel
              5725 Delphi Drive
              Troy, MI 48098

              SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
              Attorneys for Debtor
              Attn.:  John William Butler, Jr., Esq.
                       John K. Lyons, Esq.
                       Joseph N. Wharton, Esq.
              333 West Wacker Drive, Suite 2100
              Chicago, IL 60606

              OFFICE OF U.S. TRUSTEE
              33 Whitehall St., Suite 2100
              New York, N.Y. 10004