**Hearing Date and Time: January 25, 2008 at 10:00 a.m. (ET)**
                                               **Response Date and Time: January 18, 2008 at 4:00 p.m. (ET)**

LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, Illinois  60606
Tel:  (312) 443-0700
cbarr@lockelord.com
Margaret M. Anderson
Courtney Engelbrecht Barr (CBE 7768)

Attorneys for D & R Technology LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

------------------------------------------------x

**D & R TECHNOLOGY LLC'S RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER**

       D & R Technology LLC ("D&R" or "Claimant"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order* [Docket No. 11588] (the "Objection") and respectfully states as follows:

**I.  BACKGROUND**

       1.      On or about July 13, 2006, D&R timely filed a proof of claim, Claim No. 9470, in the unsecured amount of $1,347,828.94 (the "Claim").  D&R was, and currently is, a trade vendor of the Debtors that regularly supplies the Debtors with parts and equipment integral to the Debtors'

1

business.  The Claim reflects amounts for parts and equipment shipped to the Debtors pursuant to a number of purchase orders.  D&R never received payment from the Debtors for these shipped goods and asserted the Claim to recover the amounts properly owed to it.  Attached as <u>Exhibit A</u> is a true and correct summary prepared by D&R of the open invoices for which payment is due.  The summary is broken down into three sections.  The first section is for Duns Number "RD 130386357" for a total of $40,936.77.  This forms the basis for a separate proof of claim, Claim No. 9469, which is not the subject of the Objection or any objection to date.  The second section is for Duns Number "XX 364245988" for a total of $1,189,544.33.  All of these invoices are listed in the Debtors' Covisint reporting system.  The third section is split between the two above Duns Numbers and represents invoices for goods shipped to the Debtors but that had not been listed in the Covisint reporting system as of the Debtors' petition date.  The third section is comprised of invoices totaling $158,284.61.  The invoices appearing in the second and third sections of the summary form the basis for the Claim and together match the total amount of the Claim: $1,347,828.94.  Given the voluminous nature of the records and invoices listed in the invoice summary, Claimant does not attach them here but will submit them to the Debtors and to the Court upon request to the undersigned counsel.

      2.      Subsequent to filing the Claim, D&R entered into an agreement assigning the Claim to APS Clearing, Inc. ("APS").  A notice of transfer of the Claim pursuant to Federal Bankruptcy Rule 3001(e)(2) was filed on February 28, 2007 [Docket No. 7067].  APS subsequently transferred the Claim to JPMorgan Chase Bank, N.A. ("JPM") and a notice of transfer was filed on March 6, 2007 [Docket No. 7135].  Finally, JPM transferred the Claim to TPG Credit Opportunities Fund, L.P. and TPG Credit Opportunities Investors, L.P. (collectively, "TPG") and notices of transfer were filed on March 19, 2007 [Docket Nos. 7310 and 7311].  D&R, as the original holder of the Claim, files this Response to protect its interest in the Claim.

3.      On December 21, 2007, the Debtors filed the Objection against the Claim. The Objection seeks only to modify the total amount of the Claim from the original amount of $1,347,828.94 and reduce it to $1,244,861.71 – a reduction of $102,967.23. Objection, Exh. D-1, p. 9. As detailed below, Claimant asserts that the Claim properly reflects the amounts due and owing from the Debtors. Claimant thus requests that the Objection be denied and the Claim be allowed in the full amount of $1,347,828.94.

## II.  RESPONSE

4.      Section 502(a) of the Bankruptcy Code and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provide that a properly filed proof of claim constitutes *prima facie* evidence of the amount and validity of the claim, unless a party objects. *See* Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001). The party objecting to the claim has the burden of moving forward and introducing evidence sufficient to rebut the presumption of validity. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (evidence must be sufficient to "negate one or more of the sworn facts in the proof of claim").

5.      Here, the Debtors have failed to introduce any evidence besides generic and vague representations made in the Objection that "based on an initial review, the Debtors have determined that their liability with respect to [the Claim] does not exceed the dollar amount set forth on Exhibit D-1 hereto." Objection, p. 15. In particular, the Debtors have not provided any materials or evidence to specifically rebut the presumption of validity of the Claim or to otherwise support the Objection as applied to the Claim. Moreover, what is particularly offensive about the Objection is that over the last 2 years, at the Debtors' requests, Claimant has submitted multiple invoices, purchase orders and proofs of delivery to the Debtors in support of its Claim. It is unfortunate that the Claimant is now being forced to formally respond in support of the Claim after making every effort to send information to the Debtors to resolve any differences over the amount of the Claim.

3

Nevertheless, now tasked with filing this Response, Claimant contends that the Claim is due and owing as indicated on the Claim and in the amounts set forth in the Claim. To provide further evidence of the Claim, Claimant has submitted the open invoice summary attached as <u>Exhibit A</u> and, upon request of the Debtors or the Court, will produce each of the invoices listed in that summary supporting the Claim.

6. Claimant requests that the Claim be allowed. The Claim represents unpaid amounts due and owing for parts and equipment shipped to the Debtors, for which the Debtors have asserted no valid defense to payment or contrary evidence specific to the Claim. Accordingly, the Objection should be denied as to the Claim.

### III.  RESERVATION OF RIGHTS

7. Claimant reserves the right to amend, supplement, or otherwise modify this Response, the Claim, and any and all attachments hereto and to submit such other and further evidence and briefing in support of the allowance and payment of the Claim as necessary.

### IV.  REPLIES

8. Any replies to this Response should be sent to: Courtney E. Barr, Locke Lord Bissell & Liddell LLP, 111 S. Wacker Dr., Chicago, Illinois  60606.

WHEREFORE, Claimant respectfully requests that the Court enter an order: (i) denying the Objection in its entirety insofar as it pertains to the Claim; (ii) allowing the Claim in full as filed; and (iii) granting such other and further relief as may be just and proper.

Dated: January 17, 2008                              LOCKE LORD BISSELL & LIDDELL LLP

      /s/  Courtney Engelbrecht Barr
Margaret M. Anderson
Courtney Engelbrecht Barr (CBE 7768)
111 S. Wacker Dr.
Chicago, IL 60606

Attorneys for D & R Technology LLC