Hearing Date and Time: January 25, 2008 at 10:00 a.m.
Response Date and Time: January 18, 2008 at 4:00 p.m.

MCGUIREWOODS LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania 15222
Michael J. Roeschenthaler (PA ID #87647)
Nicholas E. Meriwether (PA ID #200433)

-and-

MCGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
Shawn R. Fox (SF 7975)

*Attorneys for Alumax Mill Products, Inc.,*
*Alcoa Automotive Castings, A Michigan Partnership,*
*and Alcoa Extrusions, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
In re:                                                   :    Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
                                                         :
            Debtors.                                     :    (Jointly Administered)
                                                         :
-------------------------------------------------------- X

**RESPONSE OF ALUMAX MILL PRODUCTS, INC., ALCOA AUTOMOTIVE CASTINGS, A MICHIGAN PARTNERSHIP AND ALCOA EXTRUSIONS, INC. TO THE DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER**

Alumax Mill Products, Inc. ("Alumax"), Alcoa Automotive Castings ("Alcoa Automotive") and Alcoa Extrusions, Inc. ("Alcoa Extrusions") (collectively, the "Alcoa Entities"), by and through their undersigned counsel, submit this Response (the "Response") to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not

Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order (the "Twenty-Fourth Omnibus Claims Objection"), and in support hereof state as follows:

## Background

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

2. The Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*.) on October 8, 2005 (the "Petition Date"). No trustee or examiner has been appointed in this case.

3. On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502 and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 3206), which order established July 31, 2006 as the last date for all persons and entities to file proofs of claim.

**A.    Alumax Mill Products, Inc. (Claim No. 12006)**

4. Before the Petition Date, Alumax sold and delivered/provided to the Debtors aluminum flat sheet, aluminum coil, aluminum plate products and related services pursuant to purchase orders/requests submitted by the Debtors.

5. Alumax filed a proof of claim, claim number 12006, asserting an unsecured, non-priority claim in the amount of $713,498.23 on July 28, 2006 ("Claim 12006"). A true and correct copy of Claim 12006 is attached hereto and marked as Exhibit A. A portion of Claim 12006 ($329,238.02) was subsequently assigned to SPCP Group LLC on February 27, 2007, thus reducing Alumax's interest (the "Alumax Claim") in Claim 12006

\5006882.1                                    2

to $384,260.21.  Notice of the partial transfer was filed with this Court on February 27, 2007.  (Doc. No. 7061).

6. The Alumax Claim is based on amounts due and owing Alumax pursuant to various wholly/partially unpaid invoices and in part upon improper automatic unilateral deductions/debits[1] taken by the Debtors prior to the Petition Date.  True and correct copies of the wholly/partially unpaid invoices are attached hereto and marked as Exhibit B.  The amounts remaining due on the unpaid invoices are delineated on the attachment to Claim 12006 as filed with this Court.

7. It is also important to note that the Debtors have expressed their intent to assume, through their plan of reorganization, various executory contracts entered into by and between the Debtors and Alumax.  Alumax was served with a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice"), which identifies seven contracts (the "Alumax Contracts")[2] entered into by and between the Debtors and Alumax.  The Alumax Contracts identified in the Cure Notice are: D0550011294, D0550035206, D0550035209, D0550035211, D0550035217, D0550035417 and D0550057561.  A significant portion of Claim 12006 includes amounts due and owing to Alumax under the Alumax Contracts.[3]  Accordingly, depending upon the disposition of the cure claims dispute, if the Alumax Contracts are ultimately assumed by the Debtors, a significant portion of the Alumax Claim must be paid in full as part of the assumption pursuant to section 365(b)(1)(A) of the Bankruptcy Code.

---

[1] Due to the unilateral and unauthorized nature of the deductions/debits taken by the Debtors, Alumax requires documentation from the Debtors showing the bases for such reductions and proof of the propriety of the same at any trial/evidentiary hearing on the Twenty-Fourth Omnibus Claims Objection to the Alumax Claim.  Likewise, Alumax requests proof of the bases for short pays and non-payment at any trial/evidentiary hearing on the Twenty-Fourth Omnibus Claims Objection to the Alumax Claim.

[2] Alumax reserves its right to challenge whether the Alumax Contracts are in fact executory, as contended by the Debtors.

[3] The proposed cure amounts proposed in the Cure Notice were inaccurate.  Accordingly, Alumax selected to option to "reject" the proposed cure in responding to the Cure Notice.

\5006882.1                                          3

**B.      Alcoa Automotive Castings, a Michigan Partnership (Claim No. 12007)**

8.     Before the Petition Date, Alcoa Automotive sold and delivered/provided to the Debtors cast aluminum products and related services pursuant to purchase orders/requests submitted by the Debtors.

9.     Alcoa Automotive filed a proof of claim, claim number 12007, asserting an unsecured, non-priority claim in the amount of $752,684.74 on July 28, 2006 ("Claim 12007").  A true and correct copy of Claim 12007 is attached hereto and marked as Exhibit C.  A portion of Claim 12007 ($268,346.36) was transferred to SPCP Group LLC on November 14, 2006, thus reducing Alcoa Automotive's interest (the "Alcoa Automotive Claim") in Claim 12007 to $484,338.38.  Notice of the partial transfer was filed with this Court on December 22, 2006.  (Doc. No. 6276).

10.    The Alcoa Automotive Claim is based on amounts due and owing Alcoa Automotive pursuant to an unpaid invoice for a cancellation charge and wholly/partially unpaid invoices for cast aluminum products and related services provided to the Debtors.  True and correct copies of the unpaid invoice for a cancellation charge and the wholly/partially unpaid invoices for cast aluminum products and related services are attached hereto and marked as Exhibit D.  The amounts remaining due on the unpaid invoices are delineated on the attachment to Claim 12007 as filed with this Court.

**C.      Alcoa Extrusions, Inc. (Claim No. 12009)**

11.    Before the Petition Date, Alcoa Extrusions sold and delivered/provided to the Debtors extruded aluminum products and related services pursuant to purchase orders/requests submitted by the Debtors.

12.    Alcoa Extrusions filed a proof of claim, claim number 12009, asserting an unsecured, non-priority claim in the amount of $77,872.57 on July 28, 2006 ("Claim 12009").  A true and correct copy of Claim 12009 is attached hereto and marked as Exhibit E.

\5006882.1                                                            4

13.     Claim 12009 is based on amounts due and owing Alcoa Extrusions pursuant to wholly/partially unpaid invoices for extruded aluminum products and related services provided to the Debtors.  True and correct copies of these wholly/partially unpaid invoices are attached to this Response as Exhibit F.  The amounts remaining due on the unpaid invoices are delineated on the attachment to Claim 12009 as filed with this Court.

### The Twenty-Fourth Omnibus Objection to Claims

14.     On December 21, 2007, the Debtors filed the Twenty-Fourth Omnibus Claims Objection.  The Twenty-Fourth Omnibus Claims Objection identifies Claim 12006 and 12007 on Exhibit D-1 as being claims that are "Subject to Modification."  The Debtors propose to reduce the Alumax Claim from $384,260.21 to $17,288.98 and the Alcoa Automotive Claim from $484,338.38 to $8,967.88.  The Twenty-Fourth Omnibus Claims Objection also identifies Claim 12009 on Exhibit B attached thereto as being a claim that should be expunged based on the Debtors' review of its "Books and Records."

15.     For the reasons stated more fully below, the Alcoa Entities object to the Debtors' proposed treatment of their respective claims as set forth in the Twenty-Fourth Omnibus Claims Objection and respectfully request that this Court deny the Twenty-Fourth Omnibus Claims Objection as it applies to the Alumax Claim, the Alcoa Automotive Claim and Claim 12009.

### Alcoa Entities Response

16.     The Debtors' objections to the Alumax Claim, the Alcoa Automotive Claim and Claim 12009 should be overruled as (i) the Debtors' fail to sufficiently rebut the *prima facie* validity of the Claims 12006, 12007 and 12009 as filed with this Court, (ii) at least a portion of Claim 12006 is subject to cure under section 365 of the Bankruptcy Code if the Debtors in fact assume the Alumax Contracts as contemplated in the Debtors plan of reorganization and (iii) as evidenced by the documentation attached to this Response and the averments contained herein, the Alumax Claim, the Alcoa

Automotive Claim and Claim 12009 are valid claims notwithstanding the apparent deficiencies in the Debtors' books and records.

### a. The Debtors' Twenty-Fourth Omnibus Claims Objection Fails to Overcome the *Prima Facie* Validity of the Claims 12006, 12007 and 12009.

17. A duly executed and properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f). The Alcoa Entities have executed and properly filed their respective proofs of claim in this case.

18. It is "well settled that the party objecting to a proof of claim has the burden of coming with *sufficient evidence* rebutting the validity of a properly filed proof of claim." In re King, 305 B.R. 152, 162 (Bankr. S.D. N.Y. 2004) citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir. 1992). The objecting party bears the "burden of putting forth *some* evidence that would refute at least one of the allegations" that is essential to the claim's validity. See Id.

19. The Debtors in the instant case have provided *no* evidence, let alone *sufficient* evidence to overcome the *prima facie* validity of each of the Alcoa Entities' duly executed and properly filed proofs of claim. The Debtors have merely alleged, with no supporting affidavit, that they have reviewed their own books and records and have determined that the Alcoa Entities' claims should be reduced (the Alumax Claim and the Alcoa Automotive Claim) or expunged (Claim 12009). The Alcoa Entities' respective proofs of claim alone overcome the Debtors' objections yet when coupled with the documentation attached to this Response, it is clear that the Alumax Claim, the Alcoa Automotive Claim and Claim 12009 are legitimate claims that should be allowed *in toto* and the Debtors books and records are inaccurate and deficient.

20. Accordingly, the Debtors' Twenty-Fourth Omnibus Claims Objection should be overruled.

\5006882.1                                6

> **b. The Debtors' Twenty-Fourth Omnibus Claims Objection to the Alumax Claim Should Be Overruled Because a Significant Portion of the Alumax Claim is <u>Subject to Cure Under Section 365 of the Bankruptcy Code.</u>**

21.     As referenced above, a significant portion of the Alumax Claim derives from the seven (7) Alumax Contracts the Debtors propose to assume in their plan of reorganization.  In the event the Debtors are successful in assuming the Alumax Contracts, the Debtors are required to cure the existing delinquencies under the Alumax Contracts pursuant to section 365(b)(1)(A) of the Bankruptcy Code.  11 U.S.C. § 365(b)(1)(A).  Accordingly, the Debtors objection to the Alumax Claim should be overruled as it seeks to circumvent the statutory requirements of section 365 of the Bankruptcy Code.  Alternatively, Alumax submits that its is premature to rule on this objection prior to the disposition of any disputes relating to the proposed cure amounts for the Alumax Contracts.

> **c. The Alumax Claim, the Alcoa Automotive Claim and Claim 12009 are Valid <u>Claims.</u>**

22.     Assuming in *arguendo*, that the Twenty-Fourth Omnibus Claims Objection contains evidence that overcomes the *prima facie* validity of Claims 12006, 12007 and 12009, the evidence and averments attached hereto overcome such evidence and adequately support the claims of the Alcoa Entities.  The volume of documentation attached hereto is proof that the Debtors' books and records are deficient and inaccurate.  Accordingly, the Twenty-Fourth Omnibus Claims Objection to the Alumax Claim, the Alcoa Automotive Claim and Claim 12009 should be overruled.

## Reservation of Rights

23.     The Alcoa Entities reserve their rights to supplement this Response at any time, including but not limited to their rights to introduce additional documentation/evidence in the event of a non-evidentiary/evidentiary hearing.

24. Further pleadings or inquiries regarding any of the Alcoa Entities' claims should be addressed to:

> Paul D. Kopatich
> Alcoa Inc.
> 201 Isabella Street
> Pittsburgh, PA 15212
> Tel: (412) 553-2433

WHEREFORE, Alumax Mill Products, Inc., Alcoa Automotive Castings and Alcoa Extrusions, Inc. respectfully request that the Court overrule the Twenty-Fourth Omnibus Claims Objection as it relates to them, deem the Alumax Claim, the Alcoa Automotive Claim and Claim 12009 allowed in the amounts set forth therein and grant such other relief that is warranted.

Dated: January 17, 2008                      Respectfully Submitted,

**MCGUIREWOODS LLP**

By:   /s/ Shawn R. Fox
Shawn R. Fox (SF 7975)
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
Tel:   (212) 548-2100
Fax:   (212) 548-2150
sfox@mcguirewoods.com

-and-

By:   /s/ Michael J. Roeschenthaler
Michael J. Roechenthaler (PA ID #87647)
Nicholas E. Meriwether (PA ID #200433)
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel:   (412) 667-6000
Fax:   (412) 667-6050
mroeschenthaler@mcguirewoods.com
nmeriwether@mcguirewoods.com

*Attorneys for Alumax Mill Products, Inc., Alcoa Automotive Castings and Alcoa Extrusions, Inc.*

\5006882.1                                      8