BOSE MCKINNEY & EVANS LLP
Michael A. Trentadue
Attorney No. 12037-49
Carina M. de la Torre
Attorney No. 24849-49
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 (FAX)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | CASE NO. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Chapter 11 |

**EIKENBERRY & ASSOCIATES, INC. RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER**

Eikenberry & Associates, Inc.(also d/b/a BMJ Mold & Engineering, Touchstone Measurement Service and Adept Custom Molders) (collectively "Eikenberry"), by counsel, objects to the *Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502 (b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims subject to Modification, Modified Claims asserting Reclamation, and Claim Subject to modification that is Subject to Prior Order* filed herein on December 21, 2007 as Docket No. 11588 (hereinafter "Omnibus Objection 24").  In support of its Objection to the Omnibus Objection 24, Eikenberry states as follows:

1059004/CMD/9911-2

1. On October 8, 2005 (the "Petition Date"), Delphi and various affiliates and/or subsidiaries (collectively "Debtors") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. This Court set July 31, 2006 as the date for general unsecured creditors to file proofs of claim against the Debtors (the "Bar Date").

3. Eikenberry supplied parts, tools and services to various of the Delphi entities prior to the Petition Date (and has continued to do business with Delphi since then). On July 31, 2006, Eikenberry timely filed Proof of Claim No. 15141 in the gross amount of $438,605.19, comprised of a secured claim in the amount of $204,708.80 (which includes a tooling lien claim of $69,995.00) and an unsecured claim in the amount of $233,896.39 (the "Eikenberry Claim").

4. The Proof of Claim lists the "net" amount of the claim (net of certain pre-petition payments received by Eikenberry which did not list correct invoice numbers) as $160,048.74. Because the payments received pre-petition did not properly reference invoice numbers Eikenberry is unable to apply those sums to specific invoices. Eikenberry believes that the current allowable net amount of the claim (after some minor corrections recently discovered and application of a December 2005 payment) is $159,048.06.

5. Attached to the Eikenberry Claim are various spreadsheets (listing line items supporting the claim and which include the shipping date, place shipped to, invoice number, purchase order number, invoice amount and amount shown on Delphi's EDACOR system), purchase orders, invoice lists and invoices which identify more specifically the involved entities, and which support Eikenberry's Claim.

6. Since the filing of the Eikenberry Claim, representatives of Eikenberry have worked with the Delphi Claims Reconciliation people and have supplied numerous documents

2

which support the Eikenberry claim to Delphi. Eikenberry will supply copies of the invoices (which are voluminous) and purchase orders and spreadsheets to additionally support the Eikenberry Claim (some of which may contain confidential or proprietary information), although many of those documents have already been provided in the Eikenberry Claim or otherwise.

7. On December 21, 2007, the Debtors filed Omnibus Objection 24 in which the Debtors objected to the Eikenberry claim, and listed it on Exhibit D-2 to Omnibus Objection 24, as a "Modified Claim Asserting Reclamation," on the grounds identified in Part K of Omnibus Objection 24.

8. In Omnibus Objection 24, Debtors propose to reduce and reclassify the Eikenberry Claim as follows: a priority claim in the amount of $1,530.60 and a general unsecured claim in the amount of $43,714.73, against Debtor No. 05-44640.

## EIKENBERRY'S RESPONSE

9. Eikenberry executed and filed the Eikenberry Claim in accordance with the provisions of 11 U.S.C. § 502(a), and Fed. R. Bankr. P. 3001, 3002 and 3003 in effect as of the Petition Date, prior to the Bar Date and on the form provided by the Debtors.

10. Eikenberry attached to the Eikenberry Claim a Summary of the Claim, and various spreadsheets, invoice lists and invoices in support of its claim..

11. Furthermore, Eikenberry has provided Debtors, on multiple occasions, various spreadsheets, invoice lists and invoices in support of the Eikenberry Claim.

12. A Proof of Claim executed and filed in accordance with the rules constitutes *prima facie* evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f); see also In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d. Cir. 2000).

3

13. Once the claimant has established its *prima facie* case, the burden of going forward then shifts to the debtor to provide evidence sufficient to negate the *prima facie* validity of the filed claim. Reilly, 245 B.R. at 773 (citing In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir.1992); In re Giordano, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999)).

14. In order to "overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Id.

15. In this regard, the debtor must introduce evidence equal in force to the underlying proof of claim in order to overcome the claim's *prima facie* validity. See Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005); see also 5 King, Collier on Bankruptcy ¶ 502.02(f), n.38 (15th ed. 2007).

16. Only if the debtor overcomes the presumption of validity in favor of the claimant does the ultimate burden to establish the validity of a claim revert to the creditor. Reilly, 245 B.R. at 773 (citing Fed. R. Bankr. P. 3001(f) Adv. Comm. Notes).

17. Debtors' Omnibus Objection 24 sets forth no evidence to disprove the asserted amount of the Eikenberry Claim.

18. Furthermore, Debtors' Omnibus Objection 24 fails to provide any legal basis for the Proposed modification of the Eikenberry Claim.

19. Rather, the Debtors merely assert that the asserted amount of the Claim should be modified, and do nothing to address the evidence of the Eikenberry Claim as attached to the proof of claim itself, and as supplied to Delphi post petition.

20. The Debtors' arguments in this regard are unsworn statements not accompanied by any supporting evidence.

4

21. Accordingly, the Debtors' proposed modification fails to overcome *the prima facie* validity of the Eikenberry Claim, as required by Federal Rule of Bankruptcy Procedure 3001(f).

22. Moreover the Objection is unfounded on the merits, as the Debtors have failed to identify any particular disagreement with the evidence supporting the Eikenberry Claim.

23. Furthermore, the Debtors are not, in Omnibus Objection 24, objecting to allowance of the claims, but rather, only seek to "modify" these claims. Debtors' request in this regard is inappropriate for at least three reasons. First, the Debtors cite no authority whereby the Debtors can seek to modify yet not allow a claim. Second, the right to modify a claim is a right which only the asserting creditor holds. Third, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Eikenberry, and this Court.

24. Finally, by virtue of the Debtors' failure to provide such evidentiary support for the Omnibus Objection 24, Eikenberry is unable to respond specifically to any purported discrepancies in the parties' books and records.

25. Eikenberry objects to the Debtors' Omnibus Objection 24 insofar as it seeks to reduce or reclassify the Eikenberry Claim, and respectfully requests that the Court deny the Debtors' Omnibus Objection 24 in this regard.

26. Because the legal points and authorities upon which this objection relies do not represent novel theories of law, Eikenberry respectfully requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

27.     The address to which the Debtors must return any reply to the Response, if different from the addresses presented in the Eikenberry Claim, is:

>   Michael A. Trentadue
>   Carina M. de la Torre
>   BOSE MCKINNEY & EVANS LLP
>   2700 First Indiana Plaza
>   135 North Pennsylvania Street
>   Indianapolis, Indiana  46204

28.     Eikenberry reserves the right to amend or supplement this Response, including by, but not limited to, providing additional documentation of the amount or nature of the claims of Eikenberry, and to present other evidence if an evidentiary hearing is held with respect to Omnibus Objection 24 and this response.

WHEREFORE, Eikenberry & Associates, Inc., by counsel, objects to the Debtors' Twenty-Fourth Omnibus Claims Objection insofar as it seeks to reduce or reclassify the Eikenberry Claim and respectfully requests that the Court (1) deny the Debtors' Twenty-Fourth Omnibus Claims Objection with respect to the Eikenberry Claim, (2) allow the Eikenberry Claim in the amount and classification and against the Debtor asserted in the proofs of claim and supporting documentation, and (3) for all other relief just and proper in the premises.

        Respectfully submitted,

        /s/ Michael A. Trentadue
        Michael A. Trentadue, Attorney No. 12037-49
        Carina M. de la Torre, Attorney No. 24849-49
        BOSE MCKINNEY & EVANS LLP
        2700 First Indiana Plaza
        135 North Pennsylvania Street
        Indianapolis, Indiana  46204
        (317) 684-5000 / (317) 684-5173 (FAX)
        mtrentadue@boselaw.com
        cdelatorre@boselaw.com

        Attorneys for Eikenberry & Associates, Inc.

## PARTIAL CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following parties, via overnight delivery, on the 17th day of January, 2008*:

| | |
|---|---|
| The Honorable Robert D. Drain<br>United States Bankruptcy Court for the Southern District of New York<br>One Bowling Green<br>Room 610<br>New York, NY  10004 | Skadden, Arps, Slate, Meagher & Flom LLP<br>ATTN: John Wm. Butler Jr., John K. Lyons and Joseph N. Wharton<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, IL  60606 |
| Delphi Corporation<br>ATTN:  General Counsel<br>5725 Delphi Drive<br>Troy, MI  48098 | |

        /s/ Michael A. Trentadue
        Michael A. Trentadue

*An Affidavit as to service on all others is being filed separately.