**MORITT HOCK HAMROFF & HOROWITZ LLP**
400 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 873-2000
LESLIE A. BERKOFF (LB-4584)
**LBERKOFF@MORITTHOCK.COM**

Counsel to S & Z Tool & Die Co., Inc. and
SyZ Rolmex S. de R.L. de C.V.

AND

**LIQUIDITY SOLUTIONS, INC.**
ONE UNIVERSITY PLAZA, SUITE 312
HACKENSACK, NEW JERSEY  07601
(201) 968-0001
DANA P. KANE (DK-3909)

Counsel to Liquidity Solutions, Inc.

HEARING DATE AND TIME:  JANUARY 25, 2008 AT 10:00 A.M.

RESPONSE DATE AND TIME: JANUARY 18, 2008 AT 4:00 P.M.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                            Debtors.        :    (Jointly Administered)
---------------------------------------------------------------x

**RESPONSE OF LIQUIDITY SOLUTIONS, INC. AND THE S&Z ENTITIES TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM <u>SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER</u>**

1

Liquidity Solutions, Inc. ("LSI"), as agent for Liquidity Solutions, Inc. Defined Benefit Pension Plan (the "LSI Plan"), the assignee of S & Z Tool & Die Co., Inc. ("S&Z") and SyZ Rolmex S. de R.L. de C.V. ("Rolmex" and together with S&Z, the "S&Z Entities"), original creditors, hereby jointly files a response with the S&Z Entities (the "Response") to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification That is Subject to Prior Order (the "Twenty-Fourth Omnibus Objection").[1]  Certain facts and circumstances supporting the Response are set forth in the Affidavit of Kevin Dow in Support of Response of Liquidity Solutions, Inc. and the S&Z Entities to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification That is Subject to Prior Order (the "Dow Affidavit") filed concurrently herewith.  In further support of the Response, LSI and the S&Z Entities respectfully state as follows:

## BACKGROUND

1.    On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Twenty-Fourth Omnibus Objection.

2

2.  On various dates during the pendency of these chapter 11 cases, LSI and/or certain of its related entities entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| **Original Creditor/Claimant** | **Claim Nos.[2]** | **Claim Amount[3]** | **Date of Transfer** | **Transfer Docket No.** |
|---|---|---|---|---|
| S & Z Tool & Die Co., Inc. | 2034 2035 2036 | $1,288,259.67 | 6/23/2006 | 4338 |
| SyZ Rolmex S. de R.L. de C.V. | 2028 2029 2030 | $41,742.27 | 6/23/2006 | 4339 |

3.  On or about December 21, 2007, the Debtors filed the Twenty-Fourth Omnibus Objection [Docket No. 11588], objecting to, among other claims, certain of the above-listed LSI Assigned Claims, as follows:

| **Assigned Claim** | **Claim Nos.** | **Filed Claim Amount and Status** | **Claim Amount and Status Per Objection** | **Purported Basis for Objection** |
|---|---|---|---|---|
| S & Z Tool & Die Co., Inc. | 2036 | $1,288,259.67 secured | $0 secured $111,882.90 priority $813,501.76 unsecured | Modified Claims Asserting Reclamation |
| SyZ Rolmex S. de R.L. de C.V. | 2028 | $41,742.27 secured | $0 secured $4,000 priority $29,441.59 unsecured | Modified Claims Asserting Reclamation |

Where the Debtors object to a claim in the Twenty-Fourth Omnibus Objection and characterize it as among the "Modified Claims Asserting Reclamation," the Debtors give a list of various

---

[2] Duplicate claims filed in an abundance of caution. The remaining claims in issue at this time are Claim Nos. 2036 and 2028. The other claims have been disallowed and expunged.
[3] Amount separately asserted in each claim.

3

reasons why a claim appears on Exhibit D-2, but provide no further specificity as to what is actually objectionable about that particular claim, leaving the holder of each claim to speculate for itself as to what the issue giving rise to the objection might be.[4]

4.    The S&Z Entities have exercised an "Assignor Defense Option" pursuant to the terms of sale of the LSI Assigned Claims, whereby the S&Z Entities have the right to defend any objections to the LSI Assigned Claims. Accordingly, S&Z and Rolmex are proper parties to this action along with LSI. Notice in respect of the Twenty-Fourth Omnibus Objection and this Response should be sent to each of the undersigned parties, as well as to the S&Z Entities noted on the LSI Assigned Claims.

## RESPONSE TO OBJECTION

5.    For purposes of this Response and in respect of Claim Nos. 2036 and 2028 (the "Claims") filed by the S&Z Entities, LSI is willing to concede the secured status of the Claims and accept the Debtor's proposed priority status for a portion of each of Claim Nos. 2036 and 2028 (as subject to prior determination in accordance with the Debtor's reclamation claim

---

[4] The Twenty-Fourth Omnibus Objection provides, in pertinent part, as follows:

K.    Modified Claims Asserting Reclamation

42. In addition, the Debtors have also determined that certain Claims (the "Modified Claims Asserting Reclamation") (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement on consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") with respect to the reclamation demand are valid.

43. Set forth on Exhibit D-2 hereto is a list of Modified Claims Asserting Reclamation that the Debtors believe should be modified solely to assert a properly classified, fully liquidated claim amount against the appropriate Debtor. For each Modified Claim Asserting Reclamation, Exhibit D-2 reflects the amount, classification, and Debtor asserted in the Proof of Claim in a column titled "Claim As Docketed" and the proposed modified dollar amount and classification for the Modified Claim Asserting Reclamation, and the Debtor against which such Claim should be asserted, in a column titled "Claim As Modified."

Twenty-Fourth Omnibus Objection, ¶¶ 42-43.

4

procedures). LSI cannot, however, accept the Debtor's unilateral reduction in the aggregate amount of the Claims and the resulting unsecured claim value for each Claim as proposed by the Debtors.[5]

6. The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here, the creditor (or its assignee) is afforded the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient evidence to refute the claim." *In re Camellia Food Stores, Inc.*, 287 B.R. 52, 56 (Bankr. E.D. Va. 2002); *see also*, *Waterman S.S. Corp. v. Aguiar*, 200 B.R. 770, 774-75 (Bankr. S.D.N.Y. 1996) ("In many instances, the mere filing of a proof of claim is sufficient to carry the day. The burden of going forward then shifts to the objector to produce evidence negating the *prima facie* validity of the filed claim.").

7. Substantial documentation and supporting schedules were included with the Claims upon filing, further confirming that the original proofs of claim filed by the S&Z Entities in respect of Claim Nos. 2036 and 2028 are aided by the presumption of validity supplied by applicable bankruptcy law. Moreover, the S&Z Entities have provided further documentation and information to the Debtors in support of the Claims as noted below. Contrary to the assertions of the Debtors in the Twenty-Fourth Omnibus Objection,[6] a mere reference to the fact that a claim is not in accordance with the Debtors' books and records is not sufficient to overcome the presumptive validity of a claim and LSI Assigned Claims in particular.

---

[5] Without separate consideration of priority and general unsecured status, the Debtor proposes to reduce Claim No. 2036 of S&Z by the amount of $362,875.01 and Claim No. 2028 of Rolmex by the amount of $8,300.68.
[6] *See*, *e.g.*, Twenty-Fourth Omnibus Objection at ¶ 37.

5

8.     The basis for the Claims is fully established by the account detail and other documentation that has been filed with the Claims.  Moreover, as discussed in the Dow Affidavit, the S&Z Entities have fully responded to information requests of Delphi and/or its agents pertaining to the Claims.

9.     Specifically, the S&Z Entities (acting primarily through Kevin Dow, CFO for S&Z n/k/a S&Z Metalworks Ltd.) have responded to numerous requests from the Debtors. Among other responses, S&Z responded to inquiries of Michael Meyers of Callaway Partners/Delphi Corp. regarding claims issues on or about May 1, June 1 and August 3 in 2007, and to inquiries of Sokol Bojaj of Delphi Corp. on various occasions, most recently on September 28, 2007.  S&Z provided copies of confirmations of delivery, packing slips, invoices, e-mail correspondence and other documentation in respect of the Claims.

10.     With respect to Claim No. 2036 in the amount of $1,288,259.67, the Debtors previously requested certain clarification and supporting documentation in respect of the amount of $347,369.97.  In response thereto, S&Z has further (a) addressed pricing discrepancies, (b) provided proof of delivery, and (c) documented material surcharges.  Certain documentation provided to the Debtors to further substantiate material surcharges in the amount of $298,384.15 is attached as Exhibit A to the Dow Affidavit.  Please note, however, that the Debtors have paid the amount of $24,279.83 in respect of Claim No. 2036 on a post-petition basis, which amount was included within the proof of claim amount in an abundance of caution based on the amount outstanding as of the applicable petition date.  Provided LSI and S&Z receive assurance by Court order that the payment of $24,279.83 may be retained by S&Z, Claim No. 2036 may appropriately be reduced by such amount.

11.    In connection with Claim No. 2028 in the amount of $41,742.27, Rolmex has further substantiated and confirmed the amount thereof. While proof of delivery for certain invoices remains outstanding, the S&Z Entities have nonetheless substantiated the full amount of Claim No. 2028.

12.    In the Twenty-Fourth Omnibus Objection, the Debtors have provided no evidence, support or analysis either to refute the presumptive validity of the LSI Assigned Claims, or credibly to dispute any of the invoices or other bases underlying the Claims. Indeed, as noted above, the Twenty-Fourth Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claims; rather, the Debtors rely on a reference to their books and records and a list of generic alternative bases that might apply to any of the numerous claims being challenged in this round of objections. Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," *In re Camellia Food Stores, Inc.*, 287 B.R at 56, but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law. *See*, *e.g.*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, No. 98 CIV. 4990(HB), 1999 WL 178788 at *3-4 (S.D.N.Y. March 31, 1999) ("A mere objection by the debtor, therefore, does not end the inquiry…. The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim") (emphasis in original) (copy attached); *In re White*, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

7

13. Because the Debtors have not carried their burden of proof to overcome the presumptive validity of the LSI Assigned Claims, and especially in light of the further information and documentation provided by the S&Z Entities in response to the Debtors' requests, the Twenty-Fourth Omnibus Objection should be overruled, except as to classification of the Claims, and each of the LSI Assigned Claims allowed in the full amount as filed (allocated between priority and general unsecured status).

14. In addition, the Debtors have reserved their rights to "further object to each such Modified Claim Asserting Reclamation" (allowing for any further objection to the LSI Assumed Claims generally); and to otherwise object to the LSI Assumed Claims and other claims "on other stated grounds or on any other grounds" that the Debtors discover during the pendency of [the] cases" if one or more of the grounds for objection in the Twenty-Fourth Omnibus Objection are dismissed. Twenty-Fourth Omnibus Objection, at ¶¶ 44 and 53, respectively. Due to the inefficiency and expense of responding to multiple objections to the same claims, LSI respectfully submits that once the Twenty-Fourth Omnibus Objection is addressed as to the LSI Assigned Claims set forth herein, the affected Claims should be allowed at the resolved classification and amount without being subject to further modification.

## CONCLUSION

WHEREFORE, LSI and the S&Z Entities respectfully request that the Court enter an order: (i) overruling the Twenty-Fourth Omnibus Objection as to each of the LSI Assigned Claims, except as to classification, and allowing each such Assumed Claim in the full filed amount (subject to possible reduction of Claim No. 2036 by the amount of $ 24,279.83 to the extent S&Z is expressly allowed by Court order to retain such amount as paid on a post-petition basis); and (ii) granting such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

Dated:   January 17, 2008

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, New York  11530
Phone:  (516) 873-2000
lberkoff@moritthock.com

Counsel to S & Z Tool & Die Co., Inc. and
SyZ Rolmex S. de R.L. de C.V.

LIQUIDITY SOLUTIONS, INC.

/s/ Dana P. Kane                               .
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey  07601
Phone:  (201) 968-0001
Fax:  (201) 968-0010