Westlaw.

Not Reported in F.Supp.2d                                                                                                      Page 1
Not Reported in F.Supp.2d, 1999 WL 178788 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

CIn re Make Meat Corp.
S.D.N.Y.,1999.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
In re MAKE MEAT CORP., Debtor.
RIVERBANK, INC., Appellant,
v.
MAKE MEAT CORP., Appellee.
No. 98 CIV. 4990(HB).

March 31, 1999.

MEMORANDUM AND ORDER
BAER, District J.[FN1]

> FN1. Sean Serpe, a second-year student at Fordham Law School, assisted in the research and preparation of this decision.

*1 Riverbank, Inc. ("appellant" or "Riverbank") appeals the bankruptcy court's decision to expunge its claim against Make Meat Corps. ("appellee" or "Make Meat") in Chapter 11 proceedings below. This appeal has been consolidated with the appellant's prior appeal of the bankruptcy court's order that denied the appellant's motion to quash a subpoena served by mail upon its president. For the reasons discussed below, the order of the bankruptcy court which expunged Riverbank's claim is VACATED and the case is REMANDED to the bankruptcy court.

I. BACKGROUND

The appellant is a commercial financing company located in Fort Lauderdale, Florida. The appellee is a supermarket located in Brooklyn, New York that filed for Chapter 11 reorganization in 1997. While hardly a model of clarity, the briefs appear to spell out the facts as follows. The appellant claims to have provided money as start-up capital to the appellee and filed a secured claim for $150,000 against the debtor in efforts to reclaim these funds. Riverbank asserts that the money was evidenced by a promissory note executed by Make Meat in favor of Riverbank, dated May 26, 1995. Make Meat objects to Riverbank's claim and argues failure of consideration.

A hearing on these matters was held before the bankruptcy court on March 18, 1998 and again on May 12, 1998. At the latter proceeding, the bankruptcy court addressed the issue of whether nor not consideration was paid to the appellee.[FN2] The court heard arguments and viewed documents on the matter, including the above-mentioned promissory note. In addition, the court considered a copy of a wire transfer, dated May 26, 1995, that spelled out a transfer of $125,000 from an account of Riverbank Acceptance Inc. ("RAI")[FN3] to an account of the appellee. After viewing the evidence and hearing arguments from counsel, the court held that Riverbank had not wired the money to the appellee and that-since Make Meat had not received any consideration for the note-the claim should be expunged. An order to this effect was entered on June 4, 1998.

> FN2. Subsequent to the March 18 hearing, the claim had been reduced by $25,000 and reclassified as a general, unsecured claim for $125,000.
>
> FN3. RAI, a Florida corporation, is a wholly owned subsidiary of Riverbank, Inc.

On June 15, 1998, the appellant moved for reconsideration, arguing that the court erred with respect to the contents of the wire transfer document. Riverbank submitted with its motion affidavits from two Riverbank officials whose statements provide evidence of the corporate relationship between Riverbank and RAI. In addition, the appellant included with its motion a portion of RAI's bank statement indicating that a sum of $125,000 had been deducted from its account on May 26, 1995. Riverbank's motion was denied on June 30, 1998.

Riverbank now appeals the final order expunging its claim, and that appeal has been consolidated with its earlier appeal of the bankruptcy court's refusal to quash a subpoena served by mail upon Riverbank's president.

II. DISCUSSION

This Court reviews the bankruptcy court's findings of fact under a "clearly erroneous" standard, Fed. R. Bank. P. 8013, and its conclusions of law *de novo*. *In re Lomas Financial Corporation*, 117 B.R. 64, 66

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 178788 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

(S.D.N.Y.1990), *remanded on other grounds,* 932 F.2d 147 (2d Cir.1991).

*2 A "finding of fact is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."*Metzen v. U.S.,* 19 F.3d 795, 797 (2d Cir.1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573 (1985) (citation omitted)). If the lower court's "account of the evidence is plausible in light of the record viewed in its entirety," then this Court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous."*Id.*

A. *Bankruptcy Court's Findings of Fact*

Riverbank claims that the bankruptcy court's determination that it paid no consideration to the appellee was clearly erroneous. The appellant argues that the bankruptcy court's decision was based on erroneous representations made by appellee's attorney regarding the wire transfer to the effect that the transfer of funds was not made by or connected with Riverbank, Inc. Further, it is Riverbank's position that the bankruptcy court did not "read [the documents before it] or did not properly interpret them because of the misrepresentations of the appellant's counsel."(Appellant's Reply Mem. at 3.)

While a close call, the bankruptcy court's findings at the May 12, 1998 hearing were not clearly erroneous. In answering the question of whether or not consideration was paid to Make Meat by Riverbank, the bankruptcy court based its findings primarily on a copy of the bank wire transfer transaction. Riverbank contends this document reflects a transfer of funds from RAI, its wholly owned subsidiary, to the debtor. Although my review of the document gives me some pause as to the validity of the bankruptcy court's fact finding, a mere difference of opinion is an insufficient basis upon which to disturb those findings. Indeed, there was no evidence before the bankruptcy court at the May 12 hearing that provided any nexus between Riverbank, Inc. and Riverbank Acceptance, Inc. Bringing this connection to the attention of the court was, of course, the task of the lawyers. As such, the bankruptcy court's conclusion that Riverbank had not wired $125,000 to the debtor-and that appellant's claim against the debtor therefore failed for want of consideration-was plausible and will not be overturned by this Court.

B. *Appellant's Motion for Reconsideration*

Riverbank also argues that the bankruptcy court abused its discretion when it denied the appellant's motion for reconsideration. Riverbank based its motion upon the alleged misrepresentations by the appellee's counsel regarding the wire transfer, and the purported "mutual mistake" by counsel in not drawing the court's attention to the line of the wire transfer that specified RAI as the debited account.

*3 It is well-settled that to prevail on a motion to reconsider, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."*Morales v. Quintiles Transnational Corp.,* 25 F.Supp.2d 369, 372 (S.D.N.Y.1998); *see also Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 909 (2d Cir.1997) (district court properly declined to consider for purposes of motion for reconsideration affidavit containing information that was known to the plaintiff before the court's order).*Wilder v. Bernstein,* 982 F.Supp. 264, 266 (S.D.N.Y.1997) (declining to consider new evidence submitted with motion for consideration). The appellant's attempt to admit affidavits that provided evidence of the corporate link between Riverbank, Inc. and Riverbank Acceptance, Inc. was properly denied. Indeed, the evidence contained therein-knowledge by Riverbank's officers concerning the company's relationship to its subsidiary, RAI-was certainly not "new" evidence. *See Lightfoot,* 110 F.3d at 909. Additionally, the appellant has presented no evidence-let alone argued-that any manifest injustice will result if it is not given another opportunity to be heard.

Finally, a motion for reconsideration is addressed to the sound discretion of the court below and will only be overturned upon a finding that the lower court abused its discretion. *See In re Finley, Kumble, Heine, Underberg, Manley, Myerson & Casey,* 194 B.R. 728, 730 (Bankr.S.D.N.Y.1995); *In re Fraser-Morris Fine Foods, Inc.,* 1993 WL 404060 (S.D.N.Y. Oct. 1, 1993). The bankruptcy court did not abuse its discretion in denying the appellant's motion.

C. *The Presumption of Allowability of Riverbank's Claim*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The appellant next argues that the appellee failed to produce sufficient evidence to overcome the presumption of allowability of Riverbank's claim. Riverbank argues that the appellee failed throughout the proceedings below to provide any evidence-in the form of affidavits, documents, testimony, or otherwise-to support a failure of consideration, i.e. that nothing was given by Riverbank as consideration for the promissory note Make Meat had executed. The appellee contends that it met its burden when it "proved the falsity of the appellant's claim" at the hearings below. (Appellee's Mem. at 7.) The legal sufficiency of a proof of claim, as a conclusion of law, is reviewed *de novo.U.S. v. Coppola,* 85 F.3d 1015, 1019 (2d Cir.1996) (conclusions of law, including those derived from the application of a court's finding of fact, are reviewed *de novo* ).

A creditor who seeks to assert a claim against a bankrupt debtor's estate is required to file a "proof of claim." 11 U.S.C. § 501(a).Section 502(a) provides that a proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Indeed, if a claim against the debtor's estate alleges facts sufficient to support the claim, the claim is prima facie valid.*In re Woodmere Investors Limited Partnership,* 178 B.R. 346, 354-355 (Bankr.S.D.N.Y.1995). A mere objection by the debtor, therefore, does not end the inquiry. Once the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim. *Id.; see also In re Galloway,* 220 B.R. 236, 243 (Bankr.E.D.P.A.1998) ("Upon filing an objection, the Debtor bears the burden of going forward and presenting evidence to rebut, or cast doubt upon, the creditor's proof of claim."); *In re Weidel,* 208 B.R. 848, 854 (Bankr.M.D.N.C.1997); *In re Pan,* 209 B.R. 152, 155 (D.Mass.1997). To satisfy this burden, "the objector must produce evidence equal in force to the prima facie case ...which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."*In re Allegheny International, Inc.,* 954 F.2d 167, 173-174 (3rd Cir.1992) (quoting *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991)). The issue here is whether the debtor produced sufficient evidence to negate the appellant's claim so as to allow the bankruptcy court to expunge the claim.

*4 The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim. *See In re Woodmere Investors,* 178 B.R. at 354-355 (debtor's mere assertions deemed insufficient as evidence to refute creditor's prima facie evidence of claim); *In re Allegheny* 954 F.2d at 173-174 ("[T]he objector must produce evidence equal in force to the prima facie case."); *In re Pan,* 209 B.R. at 155-156 ("[T]he prima facie validity of proof of claim can be overcome by an objection that is supported by substantial evidence.") (internal quotations omitted). So far as I can determine from the briefs in this matter, when the bankruptcy court expunged Riverbank's claim, it was based on no more than that court's interpretation of the wire transfer submitted by the appellants.[FN4]Appellee's counsel simply argued at the hearing that the wire transfer did not reflect a transfer of funds from Riverbank to Make Meat. The appellee having failed to meet its burden requires that the order of the bankruptcy court be VACATED.[FN5]

FN4. Even if the wire transfer document was submitted by the appellee in its defense, it hardly stands to reason that the production of a document whose validity a party seeks to *dis* prove meets that party's burden of *producing* evidence to support its own position.

FN5. The other two questions on appeal emanate from the hearing below which, in accordance with this opinion, must be re-opened. Consequently, this Court need not address those questions at this juncture. Indeed, the issues of whether debtor's counsel acted with proper authorization at the May 12 hearing and the validity of the subpoena are mooted by this decision.

### III. CONCLUSION

For the reasons discussed above, the order of the bankruptcy court which expunged Riverbank's claim is VACATED, and this case is REMANDED for proceedings not inconsistent with this Court's opinion.

SO ORDERED.

S.D.N.Y.,1999.
In re Make Meat Corp.
Not Reported in F.Supp.2d, 1999 WL 178788 (S.D.N.Y.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

05-44481-rdd    Doc 12225-3    Filed 01/17/08    Entered 01/17/08 17:19:29    Case Law
Pg 4 of 4

Not Reported in F.Supp.2d                                                                                                Page 4
Not Reported in F.Supp.2d, 1999 WL 178788 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.