Ilan Markus, Esq. (IM7174)  
Tyler Cooper & Alcorn, LLP  
555 Long Wharf Drive  
P.O. Box 1936  
New Haven, CT 06509-0906  
Phone: (203) 784-8200  
Fax: (203) 777-1181  
imarkus@tylercooper.com  

**Objection Deadline: January 18, 2008 at 4:00 p.m.**  
**Hearing Date: January 25, 2008 at 10:00 a.m.**

Counsel to Barnes Group Canada Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

=========================================x
:
In re:                                                              :        Chapter 11
:
DELPHI CORPORATION, et al.,                      :        Case No. 05-44481 (RDD)
:
                                          Debtors.        :        (Jointly Administered)
=========================================x

**RESPONSE OF BARNES GROUP INC., AS CLAIMANT, TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER**

Barnes Group Inc.. ("Barnes"), as claimant, hereby files this response (the "Response") to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicative or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order (the "Twenty-Fourth Omnibus Objection").[1] In further support of its Response, Barnes respectfully states as follows:

## BACKGROUND

1.   On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Twenty-Fourth Omnibus Objection.

1

Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On or about July 28, 2006, Barnes filed Claim No. 12840 in this case, in the amount of $662,721.49 (the "Claim").

3. On or about December 28, 2006, Longacre Master Fund, Ltd. entered into an agreement with Barnes for assignment of the Claim, and Longacre duly filed a notice of transfer of the Claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[2]

4. On or about December 21, 2007, the Debtors filed the Twenty-Fourth Omnibus Objection [Docket No. 11588], objecting to, among other claims, the Claim.

5. After discussing the Twenty-Fourth Omnibus Objection with Debtors' counsel, it appears the objection to the Claim is based on, among other things, the Debtors' allegations that (i) they are not obligated to pay certain tolling invoices identified in the Claim, (ii) an invoice identified in the Claim as unpaid has, in fact, been paid, and (iii) that they are not obligated certain charges identified in the Claim.

6. Barnes has not had sufficient time prior to the January 18, 2007 response deadline to determine whether, in fact, the Debtors' reasons for objecting to the Claim is valid.

7. Without limiting the foregoing, Barnes notes that where the Debtors object to the Claim in the Twenty-Fourth Omnibus Objection and allege it to be a "Claim Subject to Modification" listed on Exhibit D-1 thereto, the Debtors give a laundry list of reasons why a claim _might_ appear on Exhibit D-1, but no further specificity as to what is actually objectionable about that particular claim, leaving the holder of each claim to speculate for itself what the issue could be.

8. The Bankruptcy Rules are clear that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Once a proof of claim is properly filed, as here,

---

[2] Counsel for Longacre Master Fund, Ltd. has authorized Barnes to file this Response.

2

the creditor (or its assignee) is aided by the presumption of validity arising under Bankruptcy Rule 3001(f), and the objecting party then "bears the burden of producing sufficient evidence to refute the claim." In re Camellia Food Stores, Inc. 287 B.R. 52, 56 (Bankr. E.D. Va. 2002).

9.     As noted above, the Twenty-Fourth Omnibus Objection offers no claim-specific reason as to why the Debtors dispute the filed amount of the Claim; rather, the Debtors rely on a list of alternative bases that might apply to any of the hundreds of claims being challenged in this round of objections.  Under the Bankruptcy Rules, the Debtors have a duty to "produc[e] sufficient evidence to refute the claim," id., but here, the Debtors' objection can be distilled down to little more than a bare statement that "we don't agree with the proof of claim," which falls far short of the Debtors' burden under Bankruptcy Rule 3001(f) and associated case law.  See, e.g., In re White, 158 B.R. 825,828-29 (Bankr. D. Conn. 1994) (stating that the objecting party may not rebut a claim's prima facie validity of a proof of claim merely by stating that amount of claim is incorrect, but rather must produce some evidence to support its argument; chapter 13 case).

10.     There is no evidence, support or analysis provided in support of the Debtors' objections that Barnes could evaluate, which makes it very difficult for Barnes to address the Twenty-Fourth Omnibus Objection.  Accordingly, Barnes submits that it has had insufficient time to complete its due diligence with respect to the Twenty-Fourth Omnibus Objection and will be unable to do so prior to the hearing date currently established in connection therewith -- which is the very reason why the Debtors are required, as a matter of law, to adduce actual "evidence" sufficient to rebut the presumptive validity of the Claim.

11.     Because the Debtors have not carried their burden of proof and overcome the presumptive validity of the Claim, the Twenty-Fourth Omnibus Objection should be overruled as to the Claim and the Claim allowed in the full filed amount.

12.     Barnes submits that the relevant legal authorities are set forth in this Response and that no novel issues of law have been raised.  Accordingly, Barnes requests that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that they file a memorandum in support of this Response be deemed satisfied.

[Continued on next page]

## CONCLUSION

WHEREFORE, Barnes respectfully requests that the Court enter an order: (i) allowing the Claim in the full filed amount; and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated: January 17, 2008

                Respectfully submitted,
                BARNES GROUP INC.

                By: /s/ Ilan Markus
                      Ilan Markus, Esq. (IM7174)
                      Tyler Cooper & Alcorn, LLP
                      555 Long Wharf Drive
                      P.O. Box 1936
                      New Haven, CT  06509
                      Phone:  (203) 784-8200
                      Fax:  (203) 777-1181

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 17, 2008, a copy of the attached, was served on each of the following by overnight mail:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48908

(counsel to the Debtors)
Skadden, Arps, Slate, Meagher & Flom LLP
Attn:  John Wm. Butler, Jr.
      John K. Lyons
      Randall G. Reese
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          /s/ Ilan Markus
          Ilan Markus, Esq.

5