SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  | : |  |
| --- | --- | --- |
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 16220 AND SETTING THE MAXIMUM
ALLOWED AMOUNT OF PROOF OF CLAIM NUMBER 16771
(ROBERT BOSCH GMBH)

1

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") debtors and debtors-in-possession in the above-captioned cases (the "Debtors") (collectively, "Delphi"), and Robert Bosch GmbH ("Bosch GmbH") and Robert Bosch LLC (together with Bosch GmbH, "Bosch")  respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 16220 And Setting The Maximum Allowed Amount of Proof Of Claim Number 16771 (Robert Bosch GmbH) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on August 16, 2006, Bosch filed proof of claim number 16220 ("Proof of Claim No. 16220") against DAS LLC, which asserts an unsecured non-priority claim in excess of $15,000,000.00 (the "Claim") also stemming from the alleged infringement of certain patents.

WHEREAS, on October 31, 2006, the Debtors objected to Claim 16220 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No**.** 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on, November 22, 2006 Bosch filed its Response Of Robert Bosch GmbH To Debtors' Third Omnibus Objection To Claims (Docket No. 5786) (the "Response").

WHEREAS, on December 27, 2006, Robert Bosch LLC filed proof of claim

2

number 16467 against DAS LLC, which amended Proof of Claim Number 13620 and asserted an

unsecured non-priority claim in excess of $15,000,000.00 stemming from the alleged

infringement of certain patents.

WHEREAS, on July 20, 2007, the Court entered the Joint Stipulation And Agreed

Order Adjourning Hearing, Administratively Consolidating Claims, Disallowing And Expunging

Proof Of Claim Number 16467 For Administrative Purposes, And Capping Proof Of Claim

16220 (Robert Bosch GMBH & Robert Bosch LLC) (Docket No. 8710), which set a maximum

liability in the amount of $15,000,000.00 for Proof of Claim Number 16220.

WHEREAS, in order to implement the settlement contemplated by the Settlement

Agreement (as defined below), on January 9, 2008, proof of claim number 16771 ("Proof of

Claim No. 16771") was filed against DAS LLC as an unsecured non-priority claim in the amount

of $1,900,000.00 asserting the same liabilities as Claim 16220 (the " Capped Claim").

WHEREAS, on January 9, 2008, to resolve the Third Omnibus Claims Objection

with respect to Claim 16220, Delphi and Bosch entered into a settlement agreement, a copy of

which is attached as **Exhibit A** (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and

agrees that Claim 16220 shall be allowed against DAS LLC in the amount of $475,000.00.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC also acknowledges

and agrees that Proof of Claim No. 16771 shall be asserted against DAS LLC in the amount not

to exceed $1,900,000.00 pending further adjudication in a non-bankruptcy forum (the "Capped

Claim"), and that Delphi will not assert any defenses against the Capped Claim contending that it

is discharged or extinguished by the Debtors' bankruptcy or plan of reorganization until such

time as the Capped Claim is liquidated and paid in accordance with the Debtors' plan of

3

reorganization.

WHEREAS, Delphi is authorized to enter into the Settlement Agreement either because Claim 16220 involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, Delphi and Bosch stipulate and agree as follows:

1.    Claim 16220 shall be allowed in the amount of $475,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.    The Capped Claim shall be asserted in an amount not to exceed $1,900,000.00.  If liquidated either by a non-bankruptcy forum or by settlement, the Capped Claim will be treated as a general unsecured non-priority claim against the estate of DAS LLC and shall be paid in accordance with the Debtors' plan of reorganization.

3.    Bosch's prosecution of the Capped Claim will be limited to the specific patents and patent claims set forth in Robert Bosch LLC's and Robert Bosch GmbH's Statement Identifying Patents and Patent Claims at Issue [Claim No. 16220], filed with the Court on December 19, 2007 (Docket No. 11533).

4.    Any administrative expense priority claim of Bosch alleging any acts of patent infringement will not be subject to the administrative claims bar date in the Debtors' plan of reorganization and Bosch need not file any administrative expense claim with this Court.

5.    The terms of the Settlement Agreement, including the allowance of the Allowed Claim and the agreement with respect to the Capped Claim, shall not be probative in

and/or used as an admission of liability against or in favor of any party in any future adjudication

of the Capped Claim, any administrative expense priority claim of Bosch, any post-effective date

claim of Bosch against Delphi or any of their successors and assigns or any claim of Delphi

against Bosch or its successors and assigns.

      6.      The Settlement Agreement and all of the terms thereof are approved and

are binding upon Delphi and Bosch and their respective successors and assigns (including

without limitation the reorganized Delphi).  In the event of a conflict between the terms of the

Settlement Agreement and the Debtors' plan of reorganization (including any order approving

the plan), the terms of the Settlement Agreement shall control.

      7.      Bosch shall withdraw its Response to the Third Omnibus Claims

Objection with prejudice.

So Ordered in New York, New York, this <u>18th</u> day of January, 2008

                      <u>   /s/Robert D. Drain                         </u>
                        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700

- and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

/s/ Gordon J. Toering

Gordon J. Toering
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487
(616)752-2000

Attorneys for Robert Bosch GmbH and Robert
Bosch LLC

6

# **Exhibit A**

## SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of January 9, 2008 (this "Settlement Agreement"), is entered into by and between Delphi Corporation and its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and the debtors in In re Delphi Corporation, et al., No. 05-44481 (Bankr. S.D.N.Y.) (RDD) (collectively, "Delphi") and Robert Bosch GmbH and its subsidiaries and affiliates, including Robert Bosch LLC (collectively, "Bosch"),

## RECITALS:

WHEREAS, on October 8, 2005 and subsequently October 14, 2005 (collectively, the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates, including DAS LLC (the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Cases" and the "Delphi Bankruptcy Court," respectively).

WHEREAS, on August 16, 2006, Bosch filed proof of claim number 16220 ("Proof of Claim No 16220") against DAS LLC, which asserts an unsecured non-priority claim in excess of $15,000,000.00 ("Claim 16220") stemming from the alleged infringement of certain patents.

WHEREAS, on October 31, 2006, the Debtors objected to Claim 16220 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on, November 22, 2006 Bosch filed its Response Of Robert Bosch GmbH To Debtors' Third Omnibus Objection To Claims (Docket No. 5786) (the "Response").

WHEREAS, on December 27, 2006, Robert Bosch LLC filed proof of claim number 16467 against DAS LLC, which amended Proof of Claim Number 13620 and asserted an unsecured non-priority claim in excess of $15,000,000.00 stemming from the alleged infringement of certain patents.

WHEREAS, on July 20, 2007, the Delphi Bankruptcy Court entered the Joint Stipulation And Agreed Order Adjourning Hearing, Administratively Consolidating Claims, Disallowing And Expunging Proof Of Claim Number 16467 For Administrative Purposes, And Capping Proof Of Claim 16220 (Robert Bosch GmbH & Robert Bosch LLC) (Docket No. 8710), which set a maximum liability in the amount of $15,000,000.00 for Proof of Claim Number 16220.

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to Claim 16220, Delphi and Bosch have agreed to enter into this Settlement Agreement.

1

WHEREAS, in order to implement the terms of the settlement contemplated by this Settlement Agreement, on January 9, 2008, proof of claim number 16771 ("Proof of Claim No. 16771") was filed against DAS LLC as an unsecured non-priority claim in the amount of $1,900,000.00 asserting the same liabilities as Claim 16220 (the "Capped Claim").

WHEREAS, Delphi represents and warrants to Bosch that Delphi is authorized to enter into this Settlement Agreement without further Court approval or further notice, including without limitation that of the Delphi Bankruptcy Court, pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007. Further, Delphi Corporation represents and warrants to Bosch that Delphi Corporation is authorized to enter into this Settlement Agreement on behalf of Delphi (which by definition includes the Debtors).

WHEREAS, Bosch represents and warrants that it is authorized to enter into this Settlement Agreement on behalf of itself and the Bosch Releasing Parties, as described in Paragraph 1 below.

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, Delphi and Bosch agree as follows:

1. <u>Allowed General Unsecured Non-Priority Claim And Waiver Of Rights</u>. DAS LLC acknowledges and agrees that Claim 16220 shall be allowed against DAS LLC in the amount of Four Hundred Seventy-Five Thousand Dollars And Zero Cents ($475,000.00). Claim 16220 shall be treated as a prepetition general unsecured non-priority claim. Bosch, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "<u>Bosch Releasing Parties</u>"), hereby acknowledges that the allowance of Claim 16220 and the other rights and benefits provided to Bosch herein are in full satisfaction of Claim 16220 and hereby waives any and all rights to assert, against any and all of the Debtors, that Claim 16220 is anything but a prepetition general unsecured non-priority claim against DAS LLC. Except as provided in this Agreement with respect to the Capped Claim and subject to the terms of Paragraph 7 below, the Bosch Releasing Parties further release and waive any right to assert any other pre-petition claim, pre-petition cause of action, pre-petition demand, or pre-petition liability of any kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to Claim 16220, <u>provided</u>, <u>however</u> that the Capped Claim shall be adjudicated in a non-bankruptcy forum along with any administrative expense priority claim of Bosch alleging any acts of patent infringement or any claim of Bosch arising after the effective date of the Debtors' plan of reorganization also alleging any acts of patent infringement.

2. <u>Administrative Expense Claim</u>. Any administrative expense priority claim of Bosch alleging any acts of patent infringement will not be subject to the administrative claims bar date in the Debtors' plan of reorganization and Bosch need not file an administrative

2

expense priority claim with the Delphi Bankruptcy Court. The Debtors waive any obligation of Bosch to file an administrative expense priority claim. It is the intention of the parties that any administrative expense claim that Bosch may have will be later settled or adjudicated by a non-bankruptcy forum in connection with the Capped Claim, and upon such settlement or adjudication the administrative expense claim, if any, will be paid in full as required by the Debtor's plan of reorganization. The Debtors hereby acknowledge and agree that the reorganized Delphi will be liable for payment of any administrative expense priority claim of Bosch alleging any acts of patent infringement, subject to final settlement or adjudication in accordance with paragraphs 4 and 5 herein.

3.  <u>Capped Claim</u>. DAS LLC and Bosch acknowledge and agree that the Capped Claim, Claim 16771, shall not exceed a maximum amount of One Million, Nine Hundred Thousand Dollars And Zero Cents ($1,900,000.00). The Capped Claim shall be deemed as a timely-filed claim and, if liquidated by the non-bankruptcy forum or by settlement, shall be treated as a prepetition general unsecured non-priority claim. Delphi further acknowledges and agrees that it will not assert any defenses against the Capped Claim contending that it was or is discharged or extinguished by or as a result of the Delphi Bankruptcy Cases, the Debtors' plan of reorganization, any Order confirming Delphi's plan of reorganization or otherwise. Delphi and Bosch each acknowledge and agree that each will maintain all rights and defenses with respect to the Capped Claim that they could have asserted if the Capped Claim were to be adjudicated in the Delphi Bankruptcy Court, and neither Delphi nor Bosch will be prejudiced in any litigation of the Capped Claim in a non-bankruptcy forum by the terms of this settlement. By way of example, the statute of limitations will not bar Bosch's claims in the non-bankruptcy forum unless the statute of limitations would have barred Bosch's claims in the Delphi Bankruptcy Cases. Accordingly, Delphi hereby waives the statute of limitations defense in the non-bankruptcy forum as to the Capped Claim except insofar as the statute of limitations would be a valid defense in the Delphi Bankruptcy Cases. The Bosch Releasing Parties acknowledge and agree that Bosch's prosecution of the Capped Claim will be limited to the specific patents and patent claims set forth in Robert Bosch LLC's and Robert Bosch GmbH's Statement Identifying Patents and Patent Claims at Issue [Claim No. 16220], filed with the Delphi Bankruptcy Court on December 19, 2007 (Docket No. 11533), and attached hereto as **Exhibit 1**.

4.  <u>No Admission In Favor Of Any Party</u>. The terms of this Settlement Agreement, including the allowance of the Allowed Claim and the agreement with respect to the Capped Claim, shall not be probative in and/or used as an admission of liability against or in favor of any party in any future adjudication of the Capped Claim, any administrative expense priority claim of Bosch, any claim of Bosch against Delphi or any of their successors and assigns arising after the effective date of the Debtors' plan of reorganization, or any claim of Delphi against Bosch or its successors and assigns.

5.  <u>European Court Actions</u>. Bosch agrees that the maximum liability of $1,900,000.00 with respect to the Capped Claim shall also apply to any litigation of Bosch's prepetition patent infringement claims against Delphi in any European court. Any allowance or resolution of the Capped Claim in any amount in either a U.S. non-bankruptcy forum or a European court will correspondingly decrease the amount of the Capped Claim in the

3

other court.  Any allowance or resolution of the Capped Claim from a European court in any amount shall be converted into U.S. Dollars at the prevailing currency conversion rate at that time, for the purposes of determining the impact on the Capped Claim. Delphi's ultimate liability, if any, for any adjudicated award(s) received by Bosch covering the Capped Claim, regardless of the forum(s), shall collectively not exceed $1,900,000.00 in U.S. dollars plus any applicable post-petition interest that may be applicable as set forth in the Debtors' plan of reorganization.

6.  <u>Withdrawal Of Response</u>. Bosch agrees that it shall withdraw its Response to the Third Omnibus Claims Objection with prejudice.

7.  <u>Post-Petition and Post-Emergence Claims.</u>   Notwithstanding anything to the contrary herein, nothing in this Settlement Agreement, the Debtors' plan of reorganization, any Order confirming the plan of reorganization or any other Order shall in any way bar or otherwise impair Bosch's post-petition administrative claim, any claim of Bosch against Delphi or any of their successors and assigns, arising after the effective date of the Debtors' plan of reorganization or any defenses possessed by Delphi relating to such claims.  For purposes of clarification and avoidance of doubt, any claim of Bosch for patent infringement of Delphi, or any of their successors and assigns (including without limitation the reorganized Delphi), occurring on or after the Petition Date (a) shall not be considered a pre-petition claim and shall not be subject to the Capped Claim, even if the same or similar infringement occurred prior to the Petition Date; and (b) shall not be barred or otherwise impaired by this Settlement Agreement, the Debtors' plan of reorganization or any Order confirming the plan of reorganization.  By way of example, any claims arising from infringement of patent number US 6,272,411 or the other patents listed in Exhibit 1 occurring on or after the Petition Date (a) shall not be considered pre-petition claims, (b) are excluded from the Capped Claim and (c) remain unimpaired.

8.  <u>Conflict with Plan of Reorganization</u>.   In the event of any conflict between this Settlement Agreement and the Debtors' plan of reorganization or any Order confirming the plan of reorganization, the terms of this Settlement Agreement shall control.

9.   <u>Governing Law</u>.   This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, federal bankruptcy law and the laws of the State of Michigan, without regard to conflicts of law principles.

10. <u>Representations And Warranties</u>.    The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement.

11. <u>Entire Understanding</u>.  This Settlement Agreement (including Exhibit 1) constitutes the entire understanding of the parties in connection with the subject matter hereof.  This Settlement Agreement may not be modified, altered, or amended except by an agreement in writing signed by Delphi and Bosch.

12. <u>No Party Deemed Drafter</u>. This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by Bosch and its counsel.  Therefore, any ambiguous language in this Settlement Agreement shall not be construed against any particular party as the drafter of such language.

13. <u>Counterparts</u>.    This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of this Settlement Agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Settlement Agreement.

14. <u>Successors and Assigns</u>.  This Settlement Agreement shall be binding upon Bosch and Delphi and their respective successors and assigns (including without limitation the reorganized Delphi).

**Accepted and agreed to by:**

| **Delphi Corporation, on behalf of itself and its subsidiaries and affiliates** | **Robert Bosch GmbH, on behalf of itself and its subsidiaries and affiliates** |
|---|---|
| By: /s/ Karen J. Craft | By: /s/ Bertram Huber |
| Name: Karen J. Craft | Name:  Bertram Huber |
| Title: Managing Restructuring Counsel | Title: Senior Vice President, Head of Corporate Intellectual Property |
| Dated:  January 9, 2008 | Dated:  January 9, 2008 |
| | |
| | And by: /s/ Heinz Thier |
| | Name:  Heinz Thier |
| | Title: Vice President, Corporate Patent Marketing |
| | Dated:  January 9, 2008 |
| | |
| **Delphi Automotive Systems LLC** | **Robert Bosch LLC** |
| By: /s/ Karen J. Craft | By: /s/Ulrich Kirschner |
| Name: Karen J. Craft | Name:  Ulrich Kirschner |
| Title: Managing Restructuring Counsel | Title: Executive VP - Finance |
| Dated:  January 9, 2008 | Dated:  January 9, 2008 |
| | |
| | And by: /s/ Luke Baer |
| | Name:  Luke Baer |
| | Title: SVP General Counsel & Secretary |
| | Dated:  January 9, 2008 |

5

# EXHIBIT 1

**Robert Bosch LLC and Robert Bosch GmbH's Statement**

**Identifying Patents and Patent Claims at Issue**

**(See attached)**

Warner Norcross & Judd LLP

<div style="float:right">
**Hearing Date:  February 7, 2008**
**Hearing Time: TBD**
</div>

900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

and

Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4085 phone
(202) 408-4400 fax

Thomas W. Winland

Attorneys for Robert Bosch LLC
and Robert Bosch GmbH

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ROBERT BOSCH LLC'S AND ROBERT BOSCH GmbH'S STATEMENT
IDENTIFYING PATENTS AND PATENT CLAIMS AT ISSUE
(Claim No. 16220)**

---

       Robert  Bosch  LLC  and  Robert  Bosch  GmbH  (collectively  "Bosch")  hereby

submit this Statement Identifying Patents and Patent Claims at Issue (the "Statement") in regards

to the patent infringement claims asserted by Bosch in Proof of Claim No. 16220[1] and in connection with Debtors Third Omnibus Objection to Claims dated October 31, 2006.  Debtors and Bosch have reached an understanding as to the procedures for resolving the Debtors' objections to Bosch's patent infringement claims.  The Statement is being submitted pursuant to the parties' agreed upon procedures.

Bosch's pre-petition patent infringement claims are based on Debtors' infringement of the following United States, German and European patents:

| US 5,482,314 | AUTOMOTIVE OCCUPANT SENSOR SYSTEM AND METHOD OF OPERATION BY SENSOR FUSION<br>Claim 1 and Claim 65 |
|---|---|
| EP 0 757 635 | AUTOMOTIVE OCCUPANT SENSOR SYSTEM AND METHOD OF OPERATION BY SENSOR FUSION<br>Claim 1 and Claim 65 |
| EP 0 434 679 | APPARATUS FOR TRIPPING A SYSTEM FOR THE PROTECTION OF OCCUPANTS OF A VEHICLE<br>Claim 1 |
| EP 0 458 796 | PROCESS FOR RELEASING RESTRAINING MEANS<br>Claims 1, 2, 3, 4 |
| DE 40 40 927 | VERFAHREN UND VORRICHTUNG ZUR FEHLERSPEICHERUNG IN EINER STEUEREINRICHTUNG EINES KRAFTFAHRZEUGS<br>Claims 1, 9, 10, 11, 13, 17, 18, 19 |
| DE 19 651 452 | AIRBAGSYSTEM<br>Claim 1 |
| DE 3 729 785 | VERFAHREN ZUM BETRIEB EINER SICHERHEITSEINRICHTUNG FÜR FAHRZEUGINSASSEN<br>Claim 1 |

---

[1] On July 20, 2007, the Court entered the Joint Stipulation And Agreed Order Adjourning Hearing, Administratively Consolidating Claims, Disallowing And Expunging Proof Of Claim Number 16467 For Administrative Purposes, And Capping Proof Of Claim 16220 (Docket No. 8710), which administratively consolidated the patent infringement claims of Robert Bosch GmbH and Robert Bosch LLC, among other things.  Claim Number 16220 was the resulting claim.

The patents and infringement listed above refer only to pre-petition claims. Bosch reserves all of

its rights as to post-petition infringement claims and post-emergence infringement claims against

the Debtors.


Dated: December 19, 2007                          WARNER NORCROSS & JUDD LLP

                                                  By      /s/ Gordon J. Toering
                                                  Gordon J. Toering (GT-3738)
                                                  (Admitted *Pro Hac Vice*)
                                                  Warner Norcross & Judd LLP
                                                  900 Fifth Third Center
                                                  111 Lyon Street, NW
                                                  Grand Rapids, MI 49503-2487
                                                  Ph: (616) 752-2185
                                                  Fax: (616) 222-2185
                                                  gtoering@wnj.com
                                                  Attorneys for Robert Bosch LLC f/k/a
                                                  Robert Bosch Corporation and Robert Bosch
                                                  GmbH

                                                  and

                                                  Thomas W. Winland
                                                  Finnegan, Henderson, Farabow, Garrett &
                                                  Dunner, LLP
                                                  901 New York Avenue, NW
                                                  Washington, DC 20001-4413
                                                  Ph: (202) 408-4085
                                                  Fax: (202) 408-4400