Robert E. Bartkus (RB-0223)
DILLON, BITAR & LUTHER LLC
53 Maple Avenue
P.O. Box 398
Morristown, New Jersey 07963-0398
Tel (973) 539-3100
Fax (973) 292-2960
rbartkus@dbl-law.com

Attorneys for Bank of America, N.A.

Hearing Date: **January 25, 2008**
Hearing Time: **10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION, et al.,

                Debtors.

Chapter 11

Case No. 05-44481 (RDD)
Jointly Administered

## RESPONSE OF BANK OF AMERICA, N.A. TO
## DEBTORS' TWENTY-FOURTH OMNIBUS CLAIMS OBJECTION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Bank of America, N.A., ("BOA"), for its response to the Debtors' Twenty-Fourth
Omnibus Objection Pursuant To 11 U.S.C. §502(b) And Fed. R. Bank. P. 3007 To (A) Duplicate
or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely
Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation,
And Claim Subject To Modification That Is Subject To Prior Order (the "Objection"),
respectfully shows the Court as follows:

### Background

      1.     BOA is the assignee of all right, title, and interest of Aleris Aluminum Canada,
LP f/k/a Corus LP ("Corus") in and to general unsecured claim or claims against the Debtor

Delphi Automotive Systems LLC, Claim No. 5423, in the amount of $645.056.53 (the "Claim"). Corus assigned the Claim to BOA pursuant to an Assignment dated April 17, 2007.

2.      On April 20, 2007, Notice of Transfer of Claim was filed with the Court (Docket entry 7814). A true copy of the Notice of Transfer and attachment is annexed hereto as Exhibit A.

3.      Corus supplied aluminum products to the Debtors. On October 24, 2005, Corus filed a Notice of Reclamation Claim with respect to shipments made to the Debtors.

4.      By confidential Agreement dated January 6, 2006, entered pursuant to authority granted by the Court's Order approving procedures for the assumption of certain agreements with suppliers entered on December 12, 2005, the Debtors (among other things) agreed that Corus shall have an allowed general unsecured claim for outstanding prepetition liabilities of the Debtors in the amount equal to $645,056.53 (the "Agreement"). This is the stated amount of the Claim purchased by BOA. The Agreement is confidential. BOA will, upon request of the Debtors or their counsel, produce a redacted copy of this Agreement in confidence.

5.      To the best of BOA's knowledge, there has been no modification or other adjustment to the agreed upon amount of the Claim as provided by the Agreement.

6.      In their Objection, the Debtors' argue that BOA's Claim is a "Claim Subject to Modification" because (a) it should have been filed against Delphi Automotive Systems in Case No. 05-44640 and (b) it should be reduced to $412,536.60.

7.      Upon receipt of the Objection, representatives of BOA contacted the Debtors' Proof of Claims Analyst. The Analyst could not provide any information or any prior order supporting the Debtor's Objection and reduction of the Claim.

8.     Debtors' counsel was also contacted.  Counsel likewise could not point to or produce any prior order or information verifying the asserted modification of the Claim.

9.     Outside counsel for the assignor Corus, the original claimant, was also contacted. Counsel advised that she is unaware of any prior order modifying the Agreement between or reducing the Claim.

### Claim Amount

10.     Debtors' objection as to the amount of the Claim and their attempt to reduce the Claim by $232,519.93 should be overruled, for the following reasons.

11.     First, the Debtors have failed to overcome the prima facie validity of the Claim to which they voluntarily agreed with the Court's authorization.  As the Debtors themselves have acknowledged, the objecting Debtors "must produce evidence sufficient to negate the *prima facie* validity of the filed claim."  In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) This evidence must be of at least "equal force" to the presumptively valid *prima facie* case.  Id. (citing In re Holm. 931 F.2d 620. 623 (9th Cir. 1991)).  Thus, for their Objection to succeed, Debtors must affirmatively produce evidence to counter BOA's Claim.  E.g., Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), 1999 U.S. Dist. LEXIS 3974 at *10 (S.D.N.Y. 1999) (citing In re Woodmere Investors Limited Partnership, 178 B.R. 346, 354-355 (Bankr. S.D.N.Y. 1995)).  Beyond claiming that the asserted Claim reduction is based upon their books and records, and advising BOA representatives that the Claim amount had been modified by an order, the Debtors have not provided any evidentiary support for the requested reduction.  They do not identify any invoices, records, or sworn statements, much less any modifying agreements or court orders.

3

12.     Second, the Debtors expressly stipulated and agreed to the amount of the Claim after they applied for and secured the Court's permission and authorization to enter into the Agreement with Corus, which was assigned to BOA to the extent of the agreed claim. Debtors offer no explanation of why or how that express agreement has since been changed.

13.     Third, BOA has demonstrated the validity of the Claim. The Debtors agreed to allow the Claim in the stated amount, which represents valid prepetition debts owed by the Debtors. BOA has not and, to the best of BOA's knowledge, Corus has not, entered into any agreements, discussion or negotiations to reduce or otherwise modify the Claim.

### Conclusion

14.     For the foregoing reasons, the Objection should be overruled in its entirety.

Dated: Morristown New Jersey            Respectfully submitted,
      January 17, 2008                    DILLON, BITAR & LUTHER, LLC


_____
Robert E. Bartkus  (RB-0223)
53 Maple Avenue
P.O. Box 398
Morristown, New Jersey  07963-0398
Tel (973) 539-3100
Fax (973) 292-2960
rbartkus@dbl-law.com

Attorneys for Bank of America, N.A.

4

## VERIFICATION IN PROOF OF SERVICE

I, Robert E. Bartkus, verify:

1.     On January 17, 2008, the original and one copy of the within Response to Objection to Claim, together with a diskette containing MS Word and PDF versions of said document were forwarded for filing with the Clerk of the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, NY 10004, via Federal Express overnight delivery.

2.     At the same time, a true copy of the within Response was forwarded directly to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, via Federal Express overnight delivery.

3.     True copies of the within Response were also served on this date, via Federal Express overnight delivery, upon the following:

| Delphi Corporation<br>ATTN:  General Counsel<br>5725 Delphi Drive<br>Troy, Michigan  48098 | John W. Butler, Jr, Esq.<br>John K. Lyons, Esq.<br>Joseph N. Wharton, Esq.<br>Skadden, Arps, Slate,<br> Meagher & Flomm, LLP<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, Illinois  60606 |
|---|---|

I verify, under penalty of perjury, that the foregoing is true and correct.

Dated:  January 17, 2008

_____
Robert E. Bartkus

5

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:

**Delphi Automotive Systems, LLC**

-------------------------------------------------------X

In Proceedings For A
Reorganization Under
Chapter 11
Case No.: 05-44481
**Claim No.: 5423**

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e)(2)

To: (Transferor)    **Aleris Aluminum Canada LP, f/k/a Corus LP**
**c/o Holmes, Roberts & Owens LLP**
**Attn: Elizabeth Flaagan, Esq.**
**1700 Lincoln St., Ste 4100**
**Denver, CO  80203**

The transfer of your claim as shown above, in the amount of **$645,056.53** has been transferred (unless previously expunged by court order) to:

**Bank of America, N.A.**
**40 W. 57th Street**
**New York, New York 10019**
**Attention: Clare Pierce**

No action is required if you do not object to the transfer of your claim.  However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN **20 DAYS** OF THE DATE OF THIS NOTICE, YOU MUST:

--FILE A **WRITTEN** OBJECTION TO THE TRANSFER with:

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK
One Bowling Green
New York, NY  10004-1408

--SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.
Refer to INTERNAL CONTROL No. _____ in your objection.
If you file an objection, a hearing will be scheduled.
IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

CLERK OF THE COURT

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2007.
INTERNAL CONTROL NO. _____
Claims Agent Noticed: (Name of Outside Agent) _____
Copy to Transferee: _____

Deputy Clerk

## TRANSFER NOTICE

Aleris Aluminum Canada LP f/k/a/ Corus LP ("Assignor"), transfers and assigns unto Bank of America, N.A., with offices at 214 N. Tryon Street, NC1-027-14-01, Charlotte, NC 28255, its successors and assigns ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee (the "Agreement"), all of Assignor's right, title and interest in, to and under the Claim of Assignor as set forth in the Agreement against Delphi Automotive Systems LLC (the "Debtor"), in the aggregate amount of $645,056.53, representing all claims of Assignor pending against the Debtor in the United States Bankruptcy Court, District of Delaware, administered as Case No.05-44640.

IN WITNESS WHEREOF, Assignor has signed below as of the _77_ day of _April_, 2007

ALERIS ALUMINUM CANADA LP                    Bank of America, N.A.,
f/k/a Corus LP


_____                    _____
(Signature)                                  (Signature)


_____                    _____
(Print Name and Title)                       (Print Name of Witness)