Hearing Date: January 25, 2008 at 10:00 a.m. (Eastern Time)
Response Date and Time: January 18, 2008 at 4:00 p.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:  (212) 506-1700
Facsimile:   (212) 506-1800

*Counsel for Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            )
In re:                                                      )    Chapter 11
                                                            )
DELPHI CORPORATION, et al.,                                 )    Case No. 05-44481 (RDD)
                                                            )
                      Debtors.                              )    (Jointly Administered)
                                                            )
------------------------------------------------------------x

## RESPONSE OF CONTRARIAN FUNDS, LLC TO
## DEBTORS' TWENTY-FOURTH OMNIBUS CLAIMS OBJECTION

Contrarian Funds, LLC ("Contrarian"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject to Modification That Is Subject To Prior Order* (the "Twenty-Fourth Omnibus Objection"). In support of this Response, Contrarian respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  On December 21, 2007, Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") filed the Twenty-Fourth Omnibus Objection.

2.  In the Twenty-Fourth Omnibus Objection, the Debtors ask the Court to modify certain of Contrarian's proofs of claim, reserving the right to seek subsequent disallowance of those claims. (Twenty-Fourth Omnibus Objection ¶¶ 40 & 50).

3.  With respect to proof of claim number 9111 ("PoC 9111"), Contrarian consents to the proposed modification, provided, however, that this claim is allowed, in full, as proposed by the Debtors.

4.  With respect to proof of claim number 15447 ("PoC 15447"), Contrarian consents to the proposed modification, provided, however, that this claim is allowed, in full, as proposed by the Debtors.

5.  With respect to proof of claim number 16745 ("PoC 16745"), Contrarian consents to the proposed modification, provided, however, that PoC 16745 is allowed, in full, as proposed by the Debtors and, provided, further, however, that the Debtors acknowledge that modification of PoC 16745 does not in any manner impact the amount, validity, or priority of the $76,579.24 general unsecured claim listed in Debtors' schedules and held by Contrarian, as transferee of United Stars Industries, Inc. (the "Scheduled Claim").[1]

6.  With respect to proof of claim number 12672 ("PoC 12672"), the Debtors set forth no evidence to contradict the validity, amount, or classification of this proof of claim and,

---

[1] The Scheduled Claim was not designated as contingent, unliquidated or disputed by the Debtors and therefore constitutes *prima facie* evidence of the validity and amount of that claim. Fed. R. Bank. P. 3003(b)(1). Nevertheless, out of an abundance of caution, Contrarian requests that the Debtors expressly acknowledge that modification of PoC 16745 will in no way impact the Scheduled Claim.

2

thus, Contrarian opposes any modification and requests that the Court allow this claim, in full, as it is asserted.

7.   With respect to PoC 9111, PoC 15447, PoC 16745, and PoC 12672$^2$, Contrarian requests an order allowing and directing payment of these claims, rather than modifying them subject to further disallowance.

## ARGUMENT

### THE TWENTY-FOURTH OMNIBUS OBJECTION SHOULD BE OVERRULED AS TO ALL PROPOSED CLAIMS "MODIFICATIONS".

8.   Contrarian hereby timely submits this Response to the Twenty-Fourth Omnibus Objection and requests that the Court overrule the Twenty-Fourth Omnibus Objection as set forth herein.

#### 1.   THE DEBTORS ARE NOT PERMITTED TO "MODIFY CLAIMS".

9.   In the Twenty-Fourth Omnibus Objection, the Debtors ask the Court to modify PoC 9111, PoC 15447, PoC 16745 and PoC 12672. The Debtors do not ask the Court to allow these claims in the modified amounts, but rather to reduce and/or reclassify the claims and to reserve the Debtors' ability to seek disallowance later. This request must be denied because there is no statutory or other authority justifying such relief. Indeed, the Debtors have cited none in the Twenty-Fourth Omnibus Objection, or otherwise.

10.   Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie

---

[2]   Contrarian also holds proof of claim 10390 ("PoC 10390"), which claim was transferred from Aramark Uniform and Career Apparel Inc. ("ARAMARK"). The Twenty-Fourth Omnibus Objection seeks to modify PoC 10390. Pursuant to the transfer agreement between Contrarian and ARAMARK, both Contrarian and ARAMARK have a right to defend against modification or disallowance of PoC 10390 and ARAMARK has the sole obligation to defend against modification or disallowance of PoC 10390 which it has done pursuant to the *Response of ARAMARK Uniform & Career Apparel, Inc. to Debtors' Twenty-Fourth Omnibus Objection to Claims* [Docket No. 12166]. The filing of ARAMARK's response should not be deemed to waive or prejudice Contrarian's right to oppose the modification of PoC 10390 requested in the Twenty-Fourth Omnibus Objection.

3

evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

11.    The Debtors have *not* refuted the allegations essential to the proposed modified claims. They provide no legal or factual basis, whatsoever, to overcome the presumption of validity of these claims. Moreover, there is no basis within the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code for this procedure. The Debtors are not objecting to allowance of these claims, but rather seek to modify these claims, a right which only the asserting creditor holds. Even worse, the Debtors are asking for a remedy that is highly inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Contrarian, and this Court.

**2.    POC 9111.**

12.    In the Twenty-Fourth Omnibus Objection, the Debtors propose modifying PoC 9111, which was asserted as a $603,421.56 unsecured claim against Delphi Automotive Systems LLC ("DAS"), into a $533,760.05 unsecured claim against DAS. Contrarian consents to such modification, provided, however, that the Court enter an Order allowing PoC 9111 as proposed. If the Court does not so allow PoC 9111, Contrarian opposes any modification to this claim at this time.

4

### 3. <u>POC 15447.</u>

13. In the Twenty-Fourth Omnibus Objection, the Debtors propose modifying PoC 15447, which was asserted as a $104,135.00 unsecured claim against DAS, into a $87,932.64 unsecured claim against DAS. Contrarian consents to such modification, <u>provided, however,</u> that the Court enter an Order allowing PoC 15447 as proposed. If the Court does not so allow PoC 15447, Contrarian opposes any modification to this claim at this time.

### 4. <u>POC 16745.</u>

14. In the Twenty-Fourth Omnibus Objection, the Debtors propose modifying PoC 16745, which was asserted as a $13,238.61 priority claim against DAS, into a $11,853.70 priority claim against DAS. Contrarian consents to such modification, <u>provided, however,</u> that the Court enter an Order allowing PoC 16745 as proposed, and, <u>provided, further, however,</u> that that the Debtors acknowledge that modification of PoC 16745 does not in any manner impact the amount, validity, or priority of the Scheduled Claim. If the Debtors do not so acknowledge or if the Court does not so allow PoC 16745, Contrarian opposes any modification to this claim at this time.

### 5. <u>POC 12672.</u>

15. In the Twenty-Fourth Omnibus Objection, the Debtors seek to reduce and modify PoC 12672, which was asserted as a $693,774.59 priority claim and a $919,982.45 unsecured claim against DAS, by reducing the priority portion of the claim to $12,103.66 and by modifying the unsecured portion of the claim to $1,497,306.18.

16. With respect to PoC 12672, Contrarian opposes *any* modification to the claim amount or classification and requests that the Court allow PoC 12672 in full as asserted (both as to amount and classification).

5

17. The Debtors have shown no basis, whatsoever, for reduction or reclassification of PoC 12672 nor is Contrarian aware of any such basis. Unless and until the Debtors provide evidence of the basis for their objection (at which time Contrarian would have the opportunity to respond to any such allegations), the Debtors cannot overcome the *prima facie* presumption of validity. Thus, PoC 12672 should be allowed as filed in full.

18. Contrarian reserves the right to amend or supplement this Response.

## CONCLUSION

WHEREFORE Contrarian requests that the Court enter an Order (i) overruling the Twenty-Fourth Omnibus Objection to the extent set forth herein; (ii) allowing PoC 9111 as a $533,760.05 unsecured claim against DAS; (iii) allowing PoC 15447 as a $87,932.64 unsecured claim against DAS; (iv) allowing PoC 16745 as a $11,853.70 priority claim against DAS with the Debtors' express acknowledgement that modification of PoC 16475 does not in any manner impact the Scheduled Claim; (v) allowing PoC 12672, in full, in the amount asserted in the proof of claim; and (vi) granting Contrarian such other and further relief as is just proper.

Dated: January 18, 2008
New York, New York

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ Jeffrey R. Gleit
David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
1633 Broadway
New York, NY 10019
Telephone:   (212) 506-1700
Facsimile:   (212) 506-1800

*Counsel for Contrarian Funds, LLC*

6