HEARING DATE: January 25, 2008
RESPONSE DEADLINE: January 18, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In Re:                                    )    Case No. 05-44481 (RDD)
                                          )
DELPHI CORPORATION, *et al.*,             )    Chapter 11
                                          )
              Debtors.                    )    (Jointly Administered)
---------------------------------------------------------------x

**RESPONSE AND OBJECTION OF SPCP GROUP, L.L.C. ET AL. TO DEBTORS'
TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(B) AND
FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS
NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY
CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS
ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION
THAT IS SUBJECT TO PRIOR ORDER (CLAIM NO. 14140)**

On behalf of itself, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. and as assignee of Jabil Circuit, Inc. ("Jabil"), SPCP Group, L.L.C. "SPCP Group"), by its undersigned counsel, hereby submits this Response and Objection (the "SPCP Group Response") to the above captioned debtors and debtors-in-possession (collectively, the "Debtors") Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order (the "Objection"), as such Objection relates to Claim No. 14140 (the "Subject Claim"). In support of the SPCP Group Response, SPCP Group respectfully represents as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

2. Pursuant to a duly executed Assignment of Claim agreement dated as of January 10, 2006, Jabil transferred and assigned all of their right, title and interest in and to the Subject Claim to SPCP Group, as evidenced by that certain Evidence of Transfer of Claim, a copy of which is attached hereto as Exhibit "A".

3. On or about July 31, 2006, SPCP Group, as assignee of Jabil, filed a proof of claim, evidencing the Subject Claim, against Delphi Automotive Systems LLC ("DAS"), designated by the Debtors' claims agent as Claim No. 14140, in the amount of $1,641,742.91.

4. On or about December 21, 2007, the Debtors filed the Objection, in which the Debtors sought to, *inter alia,* reduce the Subject Claim and to re-designate a vast portion of the Subject Claim as a claim against Delphi Diesel Systems Corp. rather than DAS.

### THE COURT SHOULD DENY THE RELIEF SOUGHT IN THE OBJECTION AS IT RELATES TO THE SUBJECT CLAIM AND SUSTAIN THE SPCP GROUP RESPONSE

5. The Objection seeks to reduce and modify the Subject Claim without any factual or legal justification supporting such treatment. This request must be denied because there is no authority justifying such reduction or modification. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall be considered prima facie evidence in the validity and amount of the claim." *See* Fed. Bankr. Proc. 3001(f). As the objecting party, the Debtors have the burden of overcoming the prima facie presumption. *See* Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005), and that burden has not been fulfilled.

6. SPCP Group requests that the relief requested by the Debtors be denied and that to the extent the Debtors seek to proceed with reducing and/or modifying any portion of the Subject Claim at a later date, the Debtors be required to provide factual evidence and a legal basis for any such requested relief and that SPCP Group and Jabil be afforded a reasonable time to review and respond to such asserted factual evidence and legal argument.

7. As the legal points and authorities upon which the SPCP Group Response relies are incorporated herein, SPCP Group respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

8. WHEREFORE, for the foregoing reasons, SPCP Group respectfully submits that the Court should issue and enter an order (i) denying the Objection as it relates to the Subject Claim in its entirety; or (ii) alternatively, adjourn the hearing on the Objection, as it relates to the Subject Claim for thirty (30) days after the date that the Debtors provide SPCP Group with the factual evidence and a legal basis is support of the relief request in connection with the Subject Claim, and SPCP Group hereby designates Jonathan Taylor at Jabil (Tel. (248) 292-6260, e-mail: Jon_Taylor@Jabil.com) to be the primary contact to handle such reconciliation; and (iii) granting SPCP Group such other and further relief as is just and proper.

Dated: New York, New York
January 18, 2008

                        DREIER LLP
                        Counsel to SPCP Group, L.L.C.

                        By: /s/Maura I. Russell
                            Paul Traub (PT 3752)
                            Maura I. Russell (MR 1178)
                            Anthony B. Stumbo (AS 9374)
                            Dreier LLP
                            499 Park Avenue – 14th Floor
                            New York, New York 10022
                            Tel.: 212-328-6100