D. Farrington Yates (DY8383)  　　　　　　　Objection Deadline: January 18, 2008 at 4:00 p.m.
SONNENSCHEIN NATH & ROSENTHAL LLP    Hearing Date: January 25, 2008 at 4:00 p.m.
1221 Avenue of the Americas
New York, New York 10020
Tel:    (212) 768-6700
Fax:    (212) 768-6800

-and-

Monika Machen
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Tel:    (312) 876-8000
Fax:    (312) 876-7934

*Counsel to United Plastics Group (UPG) de Mexico,
S. de R.L. de C.V.*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC | § § § | Case No. 05-44640 (RDD) |
| | § | (Jointly Administered) |
| Debtor. | § | |

**RESPONSE OF UNITED PLASTICS GROUP (UPG) DE MEXICO, S. DE R.L. DE C.V., AS CLAIMANT, TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(D) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER**

UNITED PLASTICS GROUP (UPG) DE MEXICO, S. DE R.L. DE C.V. ("***UPG Mexico***") hereby files this response (the "***Response***") to the *Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and*

*Claim Subject to Modification that is Subject to Prior Order* (the "**Twenty-Fourth Omnibus Claim Objection**").

In support of this Response, UPG Mexico respectively states as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (collectively, the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (this "**Court**").

2. The Debtors' bankruptcy schedules list UPG Mexico as having a non-contingent, liquidated and undisputed amount of $136,482.92 against Debtor Delphi Automotive Systems LLC (the "**Scheduled Claim**"). *See* Exhibit A. UPG Mexico agreed with the Scheduled Claim and did not file a proof of claim for those amounts.

3. UPG Mexico has sold the Scheduled Claim to Longacre Master Fund, Ltd. ("**Longacre**").

4. On or about April 12, 2006, this Court entered an order establishing July 31, 2006 as the deadline for creditors to file proofs of claim (the "**Bar Date**").

5. In addition to the Scheduled Claim, UPG Mexico asserted a reclamation demand against the Debtors in the amount of $42,827.19. This reclamation demand was the subject of a dispute with the Debtors. The Debtors asserted that a majority of the reclamation demand was not subject to reclamation (and thus not entitled to an administrative priority claim) while UPG Mexico argued otherwise.

6. As the bar date of July 31, 2006 approached, UPG Mexico and the Debtors had not yet reached agreement on the reclamation dispute. Therefore, on July 31, 2006, UPG timely filed a protective proof of claim (Claim No. 13546) (the "**Filed Claim**", attached hereto as

2

<u>Exhibit B</u>) in the secured amount of $42,827.19 against Debtor, Delphi Automotive Systems LLC ("***DAS***") to protect its reclamation claim.[1] The claims underlying the Filed Claim were not sold to Longacre or any other third party.

7.      In April 2007, the Debtors, UPG Mexico and UPG Mexico's affiliate, United Plastics Group, Inc. ("***UPG***") resolved their reclamation dispute. Pursuant to the reclamation agreement, UPG Mexico and UPG agreed to an allowed reclamation claim in the aggregate amount of $11,236.79 (of which $9,226.10 was apportioned to UPG Mexico and the remaining $2,010.69 was apportioned to UPG).

8.      The Scheduled Claim and Filed Claim relate to two separate claims of UPG Mexico against the Debtors. *The Filed Claim on its face makes clear that it is not intended to supersede the Scheduled Claim* (or for that matter, any other filed or scheduled claim of UPG Mexico or any of its affiliates). In particular, page 3 of the Filed Claim provides in bold and conspicuous terms:

> **FOR THE AVOIDANCE OF DOUBT, the Proof of Claim (including this Addendum) does not modify, alter, amend, override, impair or otherwise affect the validity of (i) the claim of UPG Mexico scheduled by the Debtor on its Schedules of Assets and Liabilities, Schedule F in the liquidated, non-contingent, and undisputed amount of <u>$136,482.92,</u> (ii) the claim of United Plastics Group, Inc. scheduled by Delphi Connections System (Case No. 05-44624) on its Schedules of Assets and Liabilities, Schedule F in the liquidated, non-contingent, and undisputed amount of <u>$3,178.92</u>; (iii) the general unsecured claim of United Plastics Group, Inc. filed in connection with its non-reclamation claim in the amount of <u>$358,909.35</u>; and (iv) the secured proof of claim of United Plastics Group, Inc. filed in connection with its reclamation claim in the amount of <u>$46,538.80</u>.**

9.      UPG Mexico also did not check any box indicating that the Filed Claim replaced or amended a previously filed claim.

---

[1]     UPG Mexico's affiliate, United Plastics Group, Inc., also filed a reclamation based proof of claim against Debtor DAS in the amount of $46,538.80.

3

10.     On or about January 9, 2008, counsel to Longacre advised counsel to UPG Mexico that it had not received a ballot on account of the Scheduled Claim and that it had been advised by the Debtors' claims agent that the Scheduled Claim had been superseded by the Filed Claim.

11.     Counsel to UPG Claim immediately advised (both orally and in writing) counsel to the Debtors and its claim agent of the Debtors' error and sought a resolution. *See correspondence to Debtors' counsel and claims agent*, attached hereto as Exhibit C.

12.     The Debtors have not yet responded to UPG Mexico.

13.     UPG Mexico has no objection to the Debtors' reclassification of Claim #13546 as a priority claim in the amount of $9,226.10 and an unsecured claim in the amount of $33,601.09. UPG Mexico's sole objection is to the Debtors' inaccurate contention that the Filed Claim has superseded the Scheduled Claim.

**RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED**

14.     It is well established that the law abhors forfeiture. *In re Target Two Assocs. L.P.*, Case NO. 04 Civ. 8657 (SAS), 2005 U.S. Dist. LEXIS 8971, *12 (S.D.N.Y. May 16, 2005) ("It is axiomatic that equity abhors a forfeiture and will, likewise, avoid an unjust windfall.") (*citing C.K. Smith & Co. v. Motiva Enters. LLC*, 269 F.3d 70, 77 (1st Cir. 2001) and *Prudential Ins. Co. of Am. v. S.S. Am. Lancer*, 870 F.2d 867, 871 (2d Cir. 1989) ("Equity, we believe, abhors a windfall.")).

15.     Allowing the Filed Claim to supersede the Scheduled Claim – *when the clear wording and intent of the Filed Claim evidence otherwise* – will result in exactly the kind of forfeiture, windfall and injustice that courts vehemently dislike.

16.     Additionally, UPG Mexico requests that this Court take note of the fact that the Scheduled Claim has been sold to a claim buyer. Forfeiture of UPG Mexico's claim will cause it

4

tremendous financial hardship as UPG will be liable to the claim buyer for any deficiency suffered by the claim buyer.

17.     Aside from equitable principles, the Debtors' position is not supported by bankruptcy law. Federal Rule of Bankruptcy Procedure 3003(c)(4) provides:

> Effect of Filing Claim or Interest.  A proof of claim or interest executed an filed in accordance with this subdivision shall supersede any scheduling of that claim or interest pursuant to § 521(a)(1) of the Code.

Fed. R. Bankr. P. 3003(c)(4).  Rule 3003(c)(4) explicitly states that a proof of claim only supersedes a "scheduling of *that claim*".  Thus, it is not the identity of the creditor, *but rather the substance of the claim*, that determines whether a scheduled claim has been superseded by a proof of claim.  The Filed Claim makes abundantly clear that it is related to the reclamation portion of UPG Mexico's claim against the debtor and is not intended to replace the Scheduled Claim.  See Exhibit B ("FOR THE AVOIDANCE OF DOUBT, the Proof of Claim (including this Addendum) does not modify, alter, amend, override, impair or otherwise affect the validity of (i) the claim of UPG Mexico scheduled by the Debtor on its Schedules of Assets and Liabilities, Schedule F in the liquidated, non-contingent, and undisputed amount of $136,482.92[.]").  The Debtors also acknowledge that the Filed Claim relates to UPG Mexico's reclamation demand.  Indeed, the Twenty-Fourth Omnibus Claim Objection classifies the Filed Claim as a "Modified Claim Asserting Reclamation."  *See* Exhibit D.  The Scheduled Claim, however, relates to prepetition amounts owed by the Debtors to UPG Mexico and does not overlap with the reclamation claims underlying the Filed Claim.  Because the Filed Claim and Scheduled Claim are unrelated (except that they are filed by the same creditor), the Filed Claim does not supersede the Scheduled Claim.

## **MEMORANDUM OF LAW**

18. UPG Mexico submits that the relevant legal authorities are set forth in this Response and that no novel issues of law have been raised. Accordingly, UPG Mexico requests that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that they file a memorandum in support of this Response be deemed satisfied.

## RESERVATION OF RIGHTS

19. UPG Mexico reserves the right to update or supplement this response as necessary.

## RETURN ADDRESS FOR REPLY

20. All and any responsive pleadings to this Response must be delivered as follows:

**To counsel for UPG Mexico:**

SONNENSCHEIN NATH & ROSENTHAL LLP
Monika J. Machen
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Tel:   (312) 876-8000
Fax:   (312) 876-7934

## CONCLUSION

WHEREFORE, UPG Mexico respectfully requests that the Court enter an order (1) (i) declaring that Claim #13546 does not supersede the Debtors' scheduled claim on behalf of creditor UPG Mexico in the amount of $136,482.92; or (ii) alternatively, granting leave to UPG Mexico to amend its proof of claim to include the scheduled claims; and (2) granting such other and further relief as this Court deems necessary and proper.

Dated: January 18, 2008

                Respectfully submitted,

                UNITED PLASTICS GROUP

                By:   /s/  D. Farrington Yates
                D. Farrington Yates (DY 8383)

SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel:     (212) 768-6700
Fax:    (212) 768-6800

-and-

SONNENSCHEIN NATH & ROSENTHAL LLP
Monika J. Machen
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Tel:     (312) 876-8000
Fax:    (312) 876-7934