CALINOFF & KATZ, LLP
Dorothy H. De Marinis-Riggio (DR 3273)
140 East 45th Street
17th Floor
New York, NY 10017
(212) 826-8800
(212) 644-5123 (fax)
    --and--
MILES & STOCKBRIDGE P.C.
Thomas D. Renda
Patricia A. Borenstein
10 Light Street
Baltimore, Maryland 21202
(410) 385-3406
(410) 385-3700 (fax)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------x<br>In re:                               :<br>                                      :<br>**DELPHI CORPORATION, <u>et al.</u>,**    :<br>                                      :<br>                                      :<br>    Debtors.                        :<br>-------------------------------------------------x | Hearing Date and Time:<br>Objection Deadline: 01/18/2008 at 4:00 p.m.<br><br><br><br>**Chapter 11**<br>**Case No.: 05-44481 (RDD)**<br>**(Jointly Administered)** |

**RESPONSE OF HYDRO ALUMINUM NORTH AMERICA, INC. TO THE
DEBTORS' TWENTY-FOURTH OMNIBUS CLAIMS OBJECTION**

Hydro Aluminum North America, Inc. ("Hydro"),[1] by its undersigned attorneys, Miles & Stockbridge P.C. and Calinoff & Katz, LLP, hereby files this response to the *Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order* filed on

December 21, 2007 (the "Twenty-Fourth Objection").  In support hereof, Hydro states as follows:

1.  By transfer agreement dated March 9, 2006, Hydro transferred its scheduled entire claim against Delphi Automotive Systems, LLC (the "Debtor") to Contrarian Funds, LLC ("Contrarian").  Because Hydro's claim was scheduled by the Debtor in a lesser amount than that $603,421.56 which Hydro believes it is owed, Contrarian funded the transfer based on the lower, scheduled amount of Hydro's claim.  Pursuant to the transfer agreement, Hydro and Contrarian agreed that Contrarian would file a proof of claim on behalf of Hydro for the full $603,421.56, and that Hydro would retain the right to pursue and defend any amounts of the proof of claim over and above the scheduled and funded amount.

2.  On July 10, 2006, Contrarian, as assignee of Hydro, filed a timely proof of claim in the Debtor's bankruptcy case asserting an unsecured, non-priority claim in the amount of $603,421.56 (the "Claim").[2]  The Claim is based upon aluminum products supplied by Hydro to the Debtor between January and October 2005. Contrarian attached an accounts receivable statement to the Claim, which included invoice numbers, invoice dates and due dates.

3.  On April 10, 2007, a member of the Debtor's claim reconciliation team, Edward Hooi, requested supporting documentation from Hydro and Contrarian for the Claim, and specifically requested that he be provided with a excel spreadsheet showing the bill of lading, invoice and purchase order numbers for each invoice included in the Claim.  Hydro's counsel provided the requested information to Mr. Hooi on April 26, 2007.  A copy of the spreadsheet provided to Mr. Hooi is attached hereto as Exhibit A.

4.  On May 2, 2007, Mr. Hooi informed Hydro's counsel that there were nine invoices for which he required backup information.  Notwithstanding that Hydro has already

05-44481-rdd    Doc 12280    Filed 01/18/08    Entered 01/18/08 16:18:37    Main Document
Pg 3 of 6

provided all requested information to the Debtor, on September 11, 2007, a second member of the Debtor's claim reconciliation team, Darlene Evans, again requested an excel spreadsheet showing the bill of lading, invoice and purchase order numbers for each invoice included in the Claim.  Ms. Evans then requested backup for seven invoices, which appear to be different from the invoices requested by Mr. Hooi.  Copies of those seven invoices are attached hereto as <u>Exhibit B</u>.

5.  The Debtor has objected to the Claim as a "Claim Subject to Modification."  *See* Schedule D-1 to the Twenty-Fourth Objection.  According to the Twenty-Fourth Objection, this means that the Debtor's books and records refute that the full amount of the Claim is actually owed by the Debtor.  For this reason, the Debtor seeks to reduce the Claim to $533,760.05.  No specific information is provided in the Twenty-Fourth Objection to support the modification of the Claim.  Furthermore, based upon the sporadic communications from various members of the Debtor's claims reconciliation team, the actual basis for the proposed modification is unclear.

6.  Hydro's Claim and the exhibits thereto establish *prima facie* evidence of the validity and amount of the Claim pursuant to Fed. R. Bankr. P. 3001(f).

7.  "A party in interest may overcome the presumptive validity of a proof of claim by 'negating the *prima facie* validity of the filed claim...the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency...'" *In re King*, 305 B.R. 152, 164 -165 (Bankr. S.D.N.Y. 2004) (*quoting In re Allegheny Int'l, Inc.,* 954 F.2d 176, 173-174 (3rd Cir. 1992)).  In this case, the Debtor has failed to produce any evidence whatsoever to rebut the Claim.  Accordingly, the Claim must be allowed in the amount submitted.  *See id.*

---

[2]  The Claim is listed as Claim No. 9111 in the Debtor's bankruptcy case.

8.      The Debtor has not objected to the Claim on the basis of insufficient documentation. Thus, in accordance with the *Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates for Hearings Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing Objections to Claims* entered by the Court on December 7, 2006 ("Claims Objections Procedures Order"), Hydro believes that the documentation attached to the Claim is sufficient to establish its *prima facie* right to payment and further documentation is not necessary at this time.

9.      Notwithstanding that Hydro believes it has produced all of the necessary documentation, to the extent that the Debtor can provide Hydro with a list of required backup, Hydro will be happy to comply.

8.      The addresses to which the Debtors must return any reply to this Response are as follows:

> Patricia A. Borenstein, Esquire
> Miles & Stockbridge P.C
> 10 Light Street
> Baltimore, Maryland 21202
>
> and
>
> William C. Heiser, Director of Credits and Accounts Payable
> Hydro Aluminum North America, Inc.
> 801 International Drive, Suite 200
> Linthicum, Maryland 21090

WHEREFORE, Hydro Aluminum North America, Inc. respectfully requests that this Court enter an Order (i) overruling the Twenty-Fourth Objection and allowing the Claim in the stated amount of $603,421.56, or (ii) continuing the hearing on the Twenty-Fourth Objection with respect to the Claim pursuant to the Claims Objections Procedures Order and the Notice of

Objection to Claim, and (iii) provide such other and further relief that the Court deems just and necessary.

Date:   New York, New York
        January 18, 2008                           Respectfully Submitted,

                                                   CALINOFF & KATZ, LLP
                                                   By: /s/ Dorothy H. De Marinis-Riggio
                                                   Dorothy H. De Marinis-Riggio (DR 3273)
                                                   140 East 45th Street
                                                   17th Floor
                                                   New York, NY 10017
                                                   (212) 826-8800
                                                   (212) 644-5123 (fax)

                                                   --and—

                                                   MILES & STOCKBRIDGE P.C.
                                                   Thomas D. Renda
                                                   Patricia A. Borenstein
                                                   10 Light Street
                                                   Baltimore, Maryland 21202
                                                   (410) 385-3406
                                                   (410) 385-3700 (fax)

                                                   *Attorneys for Hydro Aluminum North America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 18th day of January, 2008, a copy of the foregoing Response of Hydro Aluminum North America, Inc. to the Debtors' Twenty-Fourth Omnibus Claims Objection was sent to the following, as indicated below:

>The Chambers of the Honorable Robert D. Drain
>United States Bankruptcy Judge
>United States Bankruptcy Court for the Southern District of New York
>One Bowling Green, Room 632
>New York, New York 10004
>*(via hand delivery)*

>Delphi Corporation *(the Debtor)*
>5725 Delphi Drive
>Troy, Michigan 48098
>Att'n: General Counsel
>*(via facsimile and federal express, overnight delivery)*

>Skadden, Arps, Slate, Meagher & Flom LLP *(Counsel to the Debtors)*
>333 West Wacker Drive
>Suite 2100
>Chicago, Illinois 60606
>Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton
>*(via electronic mail, facsimile, and federal express, overnight delivery)*

>/s/ Patricia A. Borenstein
>Patricia A. Borenstein