Commodity Mgmt Svcs
GBS Printed Prods & Sys
PO Box 2340
North Canton, OH 44720-0340
Attn: Mike Merriman
mikeme@gbscorp.com
330-494-5330 (Telephone)
330-497-6943 (Fax)

Hearing Date and Time: January 25, 2008 at 10:00 a.m.



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                               :          Case No. 05-44481
                                                     :
DELPHI CORPORATION, et al.                           :
                                                     :
                       Debtors.                      :

Commodity Management Services' and GBS Printed Products & Services'
SUPPLEMENTAL RESPONSE TO DEBTORS' TWENTY-FOURTH OMNIBUS CLAIMS
OBJECTION (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO A) DUPLICATE
OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND
RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION,
MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO
MODIFICATION THAT IS SUBJECT TO PRIOR ORDER
(CLAIM NO. 10155)

Commodity Management Services and GBS Printed Products & Services ("CMS"), for its response (the "Response") to the Debtors' Twenty-Fourth Omnibus Claims Objection Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER (the "Twenty-Fourth Omnibus Claims Objection") and specifically to the Debtors' Statement of Disputed Issues With Respect to Proof of Claim Number 10155 (Commodity Mgmt Svcs GBS Printed Prods & Sys) (the "Debtors' Statement"), states as follows:

Background

1. On July 21, 2006 or prior, CMS timely filed its proof of claim (Claim # 10155) in the case of Debtor Delphi Corporation (Case No. 05-44481), asserting a nonpriority unsecured

claim against Debtor Delphi Corporation for goods sold and delivered totaling $266,081.47 (the "CMS Claim").

2. On December 21, 2007, the Debtors filed the Twenty-Fourth Omnibus Claims Objection. The Twenty-Fourth Omnibus Claims Objection includes the CMS Claim among the claims placed in the category of "Claims Subject to Modification That Is Subject To Prior Order". The Twenty-Fourth Omnibus Claims Objection alleges that the CMS Claim is overstated and should be reduced from $266,081.47 to $511.95 Priority (Correct Debtor # 05-44640) and $94,368.15 General Unsecured (Correct Debtor # 05-44640).

3. The Basis for the Objection is "Modified Claims Asserting Reclamation."

4. As noted in the Notice of Objection to Claim, "Claims identified as having a Basis for Objection of "Modified Claims Asserting Reclamation" are those Claims (i)that ... and (ii)in which the claimant asserted a reclamation demand and either (a)the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand or (b) the claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand ...".

5. Claimant CMS asserts that neither condition (ii)(a) nor condition (ii)(b) is met in this matter. There has been no agreement or consent as to a valid amount. Therefore, the basis for the objection is not valid and should be disallowed.

6. CMS' properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the CMS Claim. Per Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, debtors bear the burden of producing sufficient evidence to rebut the presumption of validity by refuting one or more of the facts set forth in the proof of claim. See, e.g. In re Friedman, 184 B.R. 883 (Bankr. N.D. N.Y. 1994); Prima Familinstifung v. Askin, 130 F.Supp. 2d 450, 540 (S.D. N.Y. 2001); In re St. Johnsbury Trucking Co., Inc., 206 B.R. 318, 323 (Bankr. S.D. N.Y. 1997); In re Kline Engineering, P.C., 232 B.R. 579, 582 (Bankr. E.D. N.Y. 1999); In the Matter of Southland Corp., 160 F.3d 1054, 1059 (5th Cir. 1998). The Twenty-Fourth Omnibus Claims Objection and the Debtors' Statement provide no facts sufficient to rebut the presumption of validity of the CMS Claim. The CMS Claim is based on information contained in its books and records which are kept in the ordinary course of business and are reliable and is supported by other evidence. Further, the Debtors and CMS had a substantial history of transacting business for several years prior to the filing of the Debtors bankruptcy and had an established course of dealing upon which CMS' claim is also based.

WHEREFORE, CMS requests that the Court enter an order allowing the USS Claim against Debtors in the amount of $266,081.47, denying the Twenty-Fourth Omnibus Claims Objection and granting such other and further relief as is just.

Dated: January 17, 2008

Respectfully submitted,

/s/Michael L. Merriman
Commodity Mgmt Svcs
GBS Printed Prods & Sys
PO Box 2340
North Canton, OH 44720-0340
Attn: Mike Merriman, Treasurer
mikeme@gbscorp.com
330-494-5330 (Telephone)
330-497-6943 (Fax)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing was served, via electronic mail, overnight mail or facsimile on this 17th day of January, 2008 on the following:

U.S. Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004
(2 copies: Case Administration and Chambers)


Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 632
New York, NY 10004
(submitted in Hard Copy Form)

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meager & Flom LLP
333 West Wacker Drive
Suite 2100 Chicago, Illinois 60606
Attn: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton

jack.butler@skadden.com
John K. Lyons
john.lyons@skadden.com
Joseph N. Wharton


/s/Michael L. Merriman