UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                             :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                           Debtors.    :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND 9014 (I)
APPROVING BIDDING PROCEDURES, (II) GRANTING CERTAIN BID
PROTECTIONS, (III) APPROVING FORM AND MANNER OF SALE
NOTICES, AND (IV) SETTING SALE HEARING DATE IN CONNECTION
WITH SALE OF DEBTORS' BEARINGS BUSINESS

("BEARINGS BIDDING PROCEDURES ORDER")

Upon the expedited motion, dated January 15, 2008 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a)(i) approving the bidding procedures set forth herein and attached hereto as Exhibit 1 (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale") of substantially all of the non-cash assets (the "Acquired Assets") primarily used in the Debtors' global bearings business, free and clear of liens, claims, encumbrances, and interests to ND Acquisition Corp. (the "Buyer") pursuant to the Sale And Purchase Agreement, dated January 15, 2008, by and between certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor

Entities")[1] and the Buyer (the "Agreement")[2] or to the Successful Bidder (as hereinafter defined) submitting a higher or otherwise better bid, (ii) the assumption and assignment of certain prepetition executory contracts and unexpired leases (the "Assumed Contracts") and the assignment of certain postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and collectively with the Assumed Contracts, the "Assigned Contracts") to the Buyer or the Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by the Buyer or the Successful Bidder; and upon the record of the hearing held on January 25, 2008 with respect to the Motion (the "Bidding Procedures Hearing"); and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

    A.    The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

    B.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

    C.    The relief requested in the Motion is in the best interests of the Selling Debtor Entities, their estates, their stakeholders, and other parties-in-interest.

---

[1] Under the Agreement, the Selling Debtor Entities are comprised of Delphi Automotive Systems LLC and Delphi Technologies, Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

      D. The notice of the Motion and the Bidding Procedures Hearing given by the Selling Debtor Entities constitutes due, sufficient, and timely notice thereof.

      E. The Selling Debtor Entities have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement and in this order, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and/or assignment of the Assigned Contracts, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to stakeholders and other parties-in-interest, including prospective bidders, (v) approve the form of notice of the Cure Amounts (as defined below) and the assumption of the Assumed Contracts to be filed with the Court and served on parties to each Assumed Contract, and (vi) set the Sale Hearing.

      F. The Break-Up Fee and the Expense Reimbursement may be paid in accordance with the terms, conditions, and limitations of the Agreement, as modified by this order (together, the "Bid Protections"), (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Selling Debtor Entities' estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) are of substantial benefit to the Selling Debtor Entities' estates, (iii) are reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Buyer notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) were negotiated by the parties at arms' length and in good faith, and (v) are necessary to ensure that the Buyer will continue to pursue their proposed acquisition of the Acquired Assets. The Bid Protections were a material inducement for, and condition of, the Buyer's entry into the Agreement. The Buyer is unwilling to commit to hold open

its offer to purchase the Acquired Assets under the terms of the Agreement unless they are assured of payment of the Bid Protections.  Thus, assurance to the Buyer of payment of the Bid Protections promoted more competitive bidding by inducing the Buyer to hold its bid open.  Without the Bid Protections, other bidding would have been limited.  Further, because the Bid Protections induced the Buyer to research the value of the Acquired Assets and to submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Buyer has provided a benefit to the Selling Debtor Entities' estates by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth.  Finally, absent authorization of the Bid Protections, the Selling Debtor Entities may lose the opportunity to obtain the highest or otherwise best available offer for the Acquired Assets.

    G. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

<u>Bidding Procedures</u>

    1. The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Acquired Assets in these cases, and the Auction, if applicable.

    2. The Selling Debtor Entities may: (i) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer, (ii) consult with the representative of any official committee or significant constituent in connection with the Bidding Procedures, and (iii) reject at any time before entry of an order of the Court

approving a Qualified Bid any bid (other than the Buyer's bid) which, in the Selling Debtor Entities' sole discretion, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (c) contrary to the best interests of the Selling Debtor Entities, their estates, and their stakeholders.  The Selling Debtor Entities are authorized (x) to terminate the Bidding Process or the Auction at any time if they determine, in their business judgment, that the Bidding Process will not maximize the value of the Acquired Assets to be realized by the Selling Debtor Entities' estates and (y) to seek Bankruptcy Court approval of the Agreement with the Buyers.

Sale Hearing

3. The Court shall hold a Sale Hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the remainder of the Motion not approved by this Order, approve the Successful Bidder, and confirm the results of the Auction, if any. Objections to the Motion, if any, shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on February 14, 2008 (the "Objection Deadline").

4. The failure of any objecting person or entity to timely file and serve its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or the Selling Debtor Entities' consummation and performance of the Agreement (including the transfer of the Acquired Assets and Assigned Contracts free and clear of liens, claims, interests, encumbrances (and in the case of Assumed Contracts, defenses)), with the exception of any objection to the

conduct of the Auction or the Selling Debtor Entities' selection of the Successful Bidder, which may be made at the Sale Hearing.

5. The Sale Hearing, or any portion thereof, such as with respect to the proposed assumption and assignment of a particular executory contract, may be adjourned by the Debtors from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

### Bid Protections

6. The Bid Protections, as modified by this order, are hereby approved, and any and all objections to the Bid Protections that were not consensually resolved at or before the Hearing are hereby overruled. Notwithstanding anything to the contrary in Section 9.2 of the Agreement, (i) the Buyer's right to seek an Expense Reimbursement shall be capped at $1 million and (ii) if a Qualified Bid is received on or before the Bid Deadline, the Buyer shall not be eligible to receive the Break-Up Fee or Expense Reimbursement or to participate in the Auction unless, prior to or at the Auction, it has waived the financing contingency set forth in Section 7.2.5 of the Agreement, provided, however that item (ii) does not apply if no Qualified Bids exist as of the Bid Deadline. Notwithstanding anything to the contrary in the Bid Procedures, a bid is not qualified if it is conditioned on the bidder obtaining financing.

7. The Selling Debtor Entities' obligation to pay the Bid Protections, as provided by the Agreement and modified by this order, shall survive termination of the Agreement and, until paid in accordance with the Agreement, shall constitute a superpriority administrative expense claim in favor of the Buyer. The Selling Debtor

### Notice

8.    ~~7.~~ Notice of (i) the Motion, including the proposed Sale of the Acquired Assets to the Buyer, (ii) the Sale Hearing, the Bid Deadline, and the Auction, and (iii) the proposed assumption and assignment of the Assumed Contracts to the Buyer pursuant to the Agreement or to a Successful Bidder (and any deadlines for objections associated therewith) shall be good, sufficient, and timely notice, and no other or further notice shall be required, if notice is given as follows:

(a)    Notice Of Sale Hearing.  Within five days after entry of this order (the "Mailing Date"), the Debtors (or their agent) shall serve the Motion, the Agreement, the proposed Sale Approval Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Buyers, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) counsel for the official committee of equity security holders appointed in these chapter 11 cases, (v) counsel for the agent under the Debtors' postpetition credit facility, (vi) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months, (vii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the Acquired Assets, (viii) all federal, state, and local regulatory or taxing authorities or recording offices, including but not limited to environmental regulatory authorities, which have a reasonably known interest in the relief requested by the Motion, (ix) all parties to Assigned Contracts, (x) the United States Attorney's office, (xi) the United States Department of Justice, (xii) the Securities and Exchange Commission, (xiii) the Internal Revenue Service, and (xiv) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management Order")).

(b)    Assumption/Assignment Notice For Buyer.  At least 20 days prior to the Sale Hearing, the Selling Debtor Entities shall file with the Court and serve on all non-Debtor parties to the Assigned Contracts a notice (the "Buyer Assumption/ Assignment Notice"), substantially in the form of the notice attached hereto as Exhibit 2, identifying the Buyer as the party which will be assigned all of the Selling Debtor Entities' right, title, and interest in the Assigned Contracts, subject to completion of the bidding

process provided under the Bidding Procedures.  The non-Debtor party to an Assumed Contract shall have ten days from the service of the Buyer Assumption/ Assignment Notice to object to the proposed assumption and assignment to the Buyer and shall state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to the Buyer and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(c) <u>Assumption/Assignment Notice For Qualified Bidders</u>.  At least 20 days prior to the Sale Hearing or on the business day following the Bid Deadline, whichever is later, the Selling Debtor Entities shall cause a notice (the "Qualified Bidder Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 3</u>, to be sent to each non-Debtor party to an Assigned Contract identifying all Qualified Bidders (except the Buyer, which notice shall be governed by the Buyer Assumption/Assignment Notice set forth above).  The non-Debtor party to an Assumed Contract shall have ten days from the service of the Qualified Bidder Assumption/Assignment Notice to object to the proposed assumption and assignment to any Qualified Bidder and shall state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to any Qualified Bidder and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(d) <u>Publication Notice</u>. On or before the Mailing Date, or as soon thereafter as is practicable, the Debtors shall cause notice substantially in the form of the notice attached hereto as <u>Exhibit 4</u> to be published in the <u>Wall Street Journal</u> (International Edition), the <u>New York Times</u>, and the <u>Sandusky Register</u>.

9. ~~8.~~ To the extent that any chapter 11 plan confirmed in these cases or any order confirming any such plan or in any other order in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with, or derogates from the provisions of this order, the provisions of this order shall control.  The Debtors' obligations under this order and the portions of the Agreement pertaining to the Bid Protections shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon Debtors, and the reorganized or reconstituted debtors, as the case may be, after the effective date of the confirmed plan or plans in the Debtors' cases.

10.    ~~9.~~ Notwithstanding rules 6004(h), 6006(d), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other Bankruptcy Rule or rule 62(a) of the Federal Rules of Civil Procedure, this order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this order.

11.    ~~10.~~ This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

12.    ~~11.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
                _____, 2008

                                                                    _____
                                                                    UNITED STATES BANKRUPTCY JUDGE