IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
        In re                                           :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                        Debtors.                        :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

        I, Elizabeth Adam, being duly sworn according to law, depose and say that I am
employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing
agent for the Debtors in the above-captioned cases.

        On December 19, 2007, I caused to be served the document listed below upon the
parties listed on Exhibit A hereto via overnight mail:

        1)  Debtors' Omnibus Reply In Support Of Twenty-Third Omnibus Objection
            Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A)
            Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented
            Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And
            (E) Certain Claims Subject To Modification, Modified Claims Asserting
            Reclamation, Claim Subject To Modification That Is Subject To Prior Order,
            And Modified Claim Asserting Reclamation That Is Subject To Prior Order
            (Docket No. 11542) [a copy of which is attached hereto as Exhibit B]

        On December 19, 2007, I caused to be served the document listed below (i) upon
the parties listed on Exhibit C hereto via overnight mail, (ii) upon the parties listed on
Exhibit D hereto via electronic notification and (iii) upon the parties listed on Exhibit E
hereto via postage pre-paid U.S. mail:

        2)  Notice Of Adjournment Of Claims Objection Hearing With Respect To
            Debtors' Objection To Proof Of Claim No. 11910 (Carlisle Engineered Products
            Inc.) (Docket No. 11550) [a copy of which is attached hereto as Exhibit F]

On December 19, 2007, I caused to be served the document listed below upon the parties listed on <u>Exhibit G</u> hereto via overnight mail:

3) Debtors' Supplemental Reply With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633 (State Of Michigan, Department Of Treasury) ("Supplemental Reply - State Of Michigan, Department Of Treasury") (Docket No. 11551) [a copy of which is attached hereto as <u>Exhibit H</u>]

Dated: January 23, 2008

                          <u>  /s/ Elizabeth Adam             </u>
                               Elizabeth Adam

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 23rd day of January, 2008, by Elizabeth Adam, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:   <u>  /s/ Leanne V. Rehder             </u>

Commission Expires: <u>  3/2/08       </u>

# EXHIBIT A

Delphi Corporation
Response Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Silvinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | gianni.russello@jpmorgan.com susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/21/2007 2:43 PM
Response Service List 070530

Delphi Corporation
Special Parties

| Docket Number | Claim Numbers | Company | Contact | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|
| 11445 | 1406 | Autopartes de Precision and Miniature Precision Compenents | Godrey & Khan, SC | Timothy F. Nixon | 780 N Water St | | Milwaukee | WI | 53202 |
| | 1406 | Hain Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 |
| | 1406 | Hain Capital Holdings LLC | Kasowitz Benson Torres & Friedman LLP | David S Rosner Adam L Shiff Daniel N Zinman Daniel A Fliman | 1633 Broadway 22nd Fl | | New York | NY | 10019 |
| 11445 | 1407 | Autopartes de Precision and Miniature Precision Compenents | Godrey & Khan, SC | Timothy F. Nixon | 780 N Water St | | Milwaukee | WI | 53202 |
| | 1407 | Hain Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 |
| | 1407 | Hain Capital Holdings LLC | Kasowitz Benson Torres & Friedman LLP | David S Rosner Adam L Shiff Daniel N Zinman Daniel A Fliman | 1633 Broadway 22nd Fl | | New York | NY | 10019 |
| 11442 | 2578 | United States of America (Department of Health and Human Services) | United States Attorney for the Southern District of New York | Matthew L. Schwartz Assistant United States Attorney | 86 Chambers St | | New York | NY | 10007 |
| | 2578 | US Dept of Health and Human Services | Office of the United States Attorney | Southern District of New York | 86 Chambers St | | New York | NY | 10007 |
| 11415 | 6844 | Ambrake Corporation | Stites & Harbison PLLC | W. Robinson Beard | 400 W Market St | | Louisville | KY | 40202 |
| | 6844 | Special Situations Investing Group Inc | Attn Al Dombrowski | c o Goldman Sachs & Co | 85 Broad St 27th Fl | | New York | NY | 10004 |
| | 6844 | Special Situations Investing Group Inc | Goodwin Procter LLP | Allan S Brilliant Emanuel C Grillo Brian W Harvey | 599 Lexington Ave | | New York | NY | 10022 |
| 11406 | 10257 | Quaker Chemical Corporation | Drinker Biddle & Reath LLP | Andrew C. Kassner and David B. Aaronson | 140 Broadway 39th Fl | | New York | NY | 10005-1116 |
| | 10257 | JPMorgan Chase Bank NA | Attn Neema Veluvolu | 4 New York Plaza Fl 16 | | | New York | NY | 10004-2413 |
| | 10257 | JPMorgan Chase Bank NA | Kirkpatrick & Lockhart Preston Ellis Gates LLP | Attn Steven H Epstein | 599 Lexington Ave | | New York | NY | 10022 |
| 11437 | 10386 | Contrarian Funds, LLC | Kasowitz, Benson, Torres & Friedman LLP | David S. Rosner, Adam L. Shiff, Jeffrey R. Gleit, and Daniel A. Fliman | 1633 Broadway | | New York | NY | 10019 |
| | 10386 | Contrarian Funds LLC as assignee of Columbia Industrial Sales Corp | Attn Alpa Jimenez | 411 W Putnam Ave Ste 225 | | | Greenwich | CT | 06830 |
| | 10386 | Contrarian Funds LLC as assignee of Columbia Industrial Sales Corp | Kasowitz Benson Torres & Friedman LLP | David S Rosner Adam L Shiff Daniel N Zinman Daniel A Fliman | 1633 Broadway 22nd Fl | | New York | NY | 10019 |
| 11235 | 10598 | E.I. du Pont de Nemours and Company | Phillips Lytle LLP | William J. Brown and Angela Z. Miller | 437 Madison Ave 34th Fl | | New York | NY | 10022 |
| 11235 | 10598 | E.I. du Pont de Nemours and Company | Phillips Lytle LLP | | 3400 HSBC Center | | Bufalo | NY | 14203 |
| | 10598 | Latigo Master Fund Ltd | Attn Paul Malek | 590 Madison Ave 9th Fl | | | New York | NY | 10022 |
| 11476 | 11395 | James Penney | | 445 N King St | | | Xenia | OH | 45385 |
| | 11395 | Penney James | | 445 N King St | | | Xenia | OH | 45385-2207 |
| 11416 | 11531 | Preferred Sourcing, LLC | Somner Barnard PC | John R. Humphrey | One Indiana Sq Ste 3500 | | Indianapolis | IN | 46204 |
| | 11531 | Preferred Sourcing LLC | co John R Humphrey | One Indiana Sq Ste 3500 | | | Indianapolis | IN | 46204 |
| 11441 | 12223 | Wesco Distribution, Inc. | Kirkpatrick & Lockhart and Preston Gates Ellis LLP | David A. Murdoch | Henry W. Oliver Bldg | 535 Smithfield St | Pittsburgh | PA | 15222 |
| 11441 | 12223 | Wesco Distribution, Inc. | Kirkpatrick & Lockhart and Preston Gates Ellis LLP | Robert N. Michaelson | 599 Lexington Ave | | New York | NY | 10022-6030 |
| | 12223 | Wesco Distribution Inc | | 225 W Station Square Dr Ste 700 | | | Pittsburgh | PA | 15219 |
| | 12223 | Wesco Distribution Inc | Kirkpatrick & Lockhart Nicholson Graham LLP | Robert N Michaelson Esq | 599 Lexington Ave | | New York | NY | 10022 |
| 11437 | 12687 | Contrarian Funds, LLC | Kasowitz, Benson, Torres & Friedman LLP | David S. Rosner, Adam L. Shiff, Jeffrey R. Gleit, and Daniel A. Fliman | 1633 Broadway | | New York | NY | 10019 |
| | 12687 | Contrarian Funds LLC as assignee of Cadillac Rubber & Plastics Inc | Contrarian Funds LLC | Attn Alpa Jimenez | 411 West Putnam Avenue Ste 225 | | Greenwich | CT | 06830 |
| | 12687 | Contrarian Funds LLC as assignee of Cadillac Rubber & Plastics Inc | Kasowitz Benson Torres & Friedman LLP | David S Rosner Adam L Shiff Daniel N Zinman Daniel A Fliman | 1633 Broadway 22nd Fl | | New York | NY | 10019 |
| 11437 | 12688 | Contrarian Funds, LLC | Kasowitz, Benson, Torres & Friedman LLP | David S. Rosner, Adam L. Shiff, Jeffrey R. Gleit, and Daniel A. Fliman | 1633 Broadway | | New York | NY | 10019 |
| | 12688 | Contrarian Funds LLC as Assignee of Avon Rubber & Plastics Inc | Attn Alpa Jimenez | 411 West Putnam Ave Ste 225 | | | Greenwich | CT | 06830 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

12/21/2007 2:42 PM
Delphi 23rd Omnibus Objection Responses

Delphi Corporation
Special Parties

| Docket Number | Claim Numbers | Company | Contact | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|
|  | 12688 | Contrarian Funds LLC as Assignee of Avon Rubber & Plastics Inc | Kasowitz Benson Torres & Friedman LLP | David S Rosner Adam L Shiff Daniel N Zinman Daniel A Fliman | 1633 Broadway 22nd Fl |  | New York | NY | 10019 |
| 11418 | 14270 | Robin Mexicana S de RL de CV | Leslie A. Berkoff | Moritt Hock Hamroff & Horowitz LLP | 400 Garden City Plaza |  | Garden City | NY | 11530 |
| 11418 | 14270 | Robin Mexicana S de RL de CV | Daniel A. Demarco and Rocco I. Debitetto | Hahn Loeser & Parks LLP | 200 Public Sq Ste 3300 |  | Cleveland | OH | 44114-2301 |
|  | 14270 | Robin Mexicana S de RL de CV | Robin Mexicana S de RL de CV | c o Robin Industries Inc | 1265 W 65 St |  | Cleveland | OH | 44102 |
| 11392 | 15140 | GMD Industries LLC dba Production Screw Machine Co. | Ronald S. Pretekin | Coolidge Wall Co., LPA | 33 W First St Ste 600 |  | Dayton | OH | 45402 |
|  | 15140 | GMD Industries LLC dba Production Screw Machine | co Ronald S Pretekin | Coolige Wall Co LPA | 33 W 1st St Ste 600 |  | Dayton | OH | 45402 |
| 11383 | 15423 | STMicroelectronics, Inc., fka SGS Thompson Microelectronics | Ira L. Herman | 919 Third Ave |  |  | New York | NY | 10022 |
|  | 15423 | Special Situations Investing Group Inc | Attn Pedro Ramirez | c o Goldman Sachs & Co | 30 Hudson 17th Fl |  | Jersey City | NJ | 07302 |
|  | 15423 | Special Situations Investing Group Inc | Goodwin Procter LLP | Allan S Brilliant Emanuel C Grillo Brian W Harvey | 599 Lexington Ave |  | New York | NY | 10022 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

12/21/2007 2:42 PM
Delphi 23rd Omnibus Objection Responses

# EXHIBIT B

**Hearing Date: December 20, 2007**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
        In re                               :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :        Case No. 05-44481 (RDD)
                                            :
                            Debtors.        :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-THIRD OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE CLAIM, (B)
CERTAIN EQUITY CLAIMS, (C) INSUFFICIENTLY DOCUMENTED CLAIM, (D) CERTAIN CLAIMS
NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, AND (E) CERTAIN CLAIMS SUBJECT
TO MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIM SUBJECT TO
MODIFICATION THAT IS SUBJECT TO PRIOR ORDER, AND MODIFIED CLAIM ASSERTING
<u>RECLAMATION THAT IS SUBJECT TO PRIOR ORDER</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-THIRD
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Third Omnibus Claims Objection"), and respectfully represent as follows:

1.    The Debtors filed the Twenty-Third Omnibus Claims Objection on November 19, 2007, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) one was duplicative of another Claim, (ii) they were filed by holders of Delphi common stock solely on account of their stock holdings, (iii) one was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order, (iv) one contains insufficient documentation in support of the Claim asserted, (v) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (vi) one asserts liabilities or dollar amounts that are not reflected on the Debtors' books and records and was modified pursuant to prior orders, and (b) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor with respect to (i) certain Claims, (ii) certain Claims, some of which are subject to an agreement between the

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Third Omnibus Claims Objection.

claimant and the Debtors relating to the valid amount of each claimant's reclamation demand, some of which are subject to certain reserved defenses, and some of which are held by claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, (iii) one Claim that was modified pursuant to a prior order, and (iv) one Claim that was modified pursuant to a prior order, which is either subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, or held by a Claimant who is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses.

2.       The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Third Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Twenty-Third Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on December 13, 2007.

3.       As of December 18, 2007 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 12 timely-filed formal docketed responses (the "Responses") to the Twenty-Third Omnibus Claims Objection.  In the aggregate, the Responses cover 16 Claims.  A chart summarizing each of the Responses is attached hereto as <u>Exhibit A</u>.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

3

4.       Attached hereto as <u>Exhibit B</u> is the revised proposed order (the "Revised Proposed Order")[2], which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed.  Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.  As set forth on <u>Exhibit A</u> hereto, the Debtors have agreed to adjourn to a future date the claims hearing with respect to the 16 Claims for which Responses were filed.

5.       In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Twenty-Third Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

6.       Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2]       Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Third Omnibus Claims Objection.

4

WHEREFORE the Debtors respectfully request that this Court enter an order (a) sustaining the Twenty-Third Omnibus Claims Objection, subject to the modifications made to the Revised Order, (b) adjourning the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      December 19, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                    By: _/s/ John Wm. Butler, Jr._____
                          John Wm. Butler, Jr. (JB 4711)
                          John K. Lyons (JL 4951)
                          Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                              - and -

                    By: _/s/ Kayalyn A. Marafioti_____
                          Kayalyn A. Marafioti (KM 9632)
                          Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York  10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                     Debtors and Debtors-in-Possession

5

**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To The Debtors' Twenty-Third Omnibus Claims Objection*
*Organized By Respondent[1]*

| | **RESPONSE** | **PROOF OF CLAIM NOS.** | **SUMMARY OF RESPONSE** | **BASIS FOR OBJECTION** | **TREATMENT[2]** |
|---|---|---|---|---|---|
| 1. | E.I. du Pont de Nemours and Company (Docket No. 11235) | a) 10598 | a) E.I. du Pont de Nemours and Company ("E.I. du Pont"), as assignor to Latigo Master Fund Ltd., disagrees with the Debtors' Twenty-Third Omnibus Claims Objection (the "Objection") to change the debtor against which a portion of proof of claim no. 10598, in the amount of $156,479.11, is asserted from Delphi Connection Systems to Delphi Automotive Systems LLC ("DAS LLC"). | a) Claims subject to modification | Adjourn |
| | | b) 10596 | b) E.I. du Pont further disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 10596 from $123,481.26 to $74,857.26 and to reclassify it from an unsecured claim to a $1,332.42 priority claim and a $73,523.84 unsecured claim.<br><br>E.I. du Pont asserts that (i) the Debtors are not permitted to reduce claims and to reserve the right to later seek disallowance of the claim and (ii) the Debtors have provided no factual or legal basis sufficient to overcome the prima facie validity of E.I. du Pont's claims. | b) Modified claims asserting reclamation | |

---

[1] This chart reflects all Responses entered on the docket as of Tuesday, December 18, 2007 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Tuesday, December 18, 2007 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 2. | STMicroelectronics, Inc. f/k/a SGS Thompson Microelectronics (Docket No. 11383) | 15423 | STMicroelectronics, Inc. f/k/a SGS Thompson Microelectronics ("STMicroelectronics"), as assignor to Special Situations Investing Group, Inc., disagrees with the Debtors' Objection to reduce proof of claim no. 15423 from $6,153,413.36 to $5,858,665.54. STMicroelectronics asserts that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. STMicroelectronics reattaches a summary of invoices in support of its claim. | Claims subject to modification | Adjourn |
| 3. | GMD Industries LLC dba Production Screw Machine Co. (Docket No. 11392) | 15140 | GMD Industries LLC dba Production Screw Machine Co. ("GMD Industries") filed its Response to obtain additional information to reconcile the amount asserted in proof of claim no. 15140 with the modified amount set forth in the Objection. GMD Industries does not appear to either agree or disagree with the Debtors' Objection to reduce its claim from the filed amount of $230,129.45 (of which $136,420.72 was a priority claim and $93,708.73 was an unsecured claim) to $115,518.21 (of which $21,809.48 would be a priority claim and $93,708.73 would be an unsecured claim). | Modified claims asserting reclamation | Adjourn |
| 4. | Quaker Chemical Corporation (Docket No. 11406) | 10257 | Quaker Chemical Corporation ("Quaker") disagrees with the Debtors' Objection to reduce proof of claim no. 10257 from $819,654.23 to $762,473.00 because of a letter agreement executed in connection with payments made to Quaker pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, 507,1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) | Claims subject to modification that are subject to prior orders | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefits Program In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Docket No. 198) (the "Human Capital Obligation Order").  Quaker asserts that pursuant to the Debtors' Thirteenth Omnibus Claims Objection, Quaker and the Debtors agreed to reduce proof of claim no. 10257 to the amount of $799,803.77.  Quaker argues that the reduction made pursuant to the Thirteenth Omnibus Claims Objection constitutes a subsequent agreement, acting as a novation to any agreement made in connection with the Human Capital Obligations Order.  Quaker therefore asserts that the Human Capital Obligations Order may not be used as the basis for further reducing its claim.<br><br>In the alternative, Quaker asserts that it should be granted an allowed claim in the amount that the Debtors assert in the Objection. | | |
| 5. | Ambrake Corporation (Docket No. 11415) | 6844 | Ambrake Corporation ("Ambrake"), as assignor to Merrill Lynch Credit Products, LLC, asserts that the Debtors have failed to set forth any evidence sufficient to rebut the prima facie validity of proof of claim no. 6844.  Ambrake nevertheless agrees to the Debtors' Objection to reduce proof of claim no. 6844 from $2,773,276.88 to $2,768,486.44, provided that the claim is treated as a final allowed claim not subject to any further objection by the Debtors.  Ambrake reattaches its proof of claim and | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | supporting documentation. | | |
| 6. | Preferred Sourcing, LLC (Docket No. 11416) | 11531 | Preferred Sourcing, LLC ("Preferred Sourcing") disagrees with the Debtors' Objection to disallow proof of claim no. 11531, filed in the amount of $97,416.63. Preferred Sourcing asserts that the Debtors' books and records may not reflect its claim either because (i) the books and records already reflect Preferred Sourcing's setoff or (ii) the books and records are wrong. Preferred Sourcing further asserts that the Debtors have sent a draft settlement agreement which Preferred Sourcing is in the process of reviewing and that it believes an agreement will be reached promptly. | Books and records claims | Adjourn |
| 7. | Robin Mexicana S de RL de CV (Docket No. 11418) | 14270 | Robin Mexicana S de RL de CV ("Robin Mexicana") disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 14270 from $844,833.40 (of which $47,982.69 was a secured claim and $796,850.71 was an unsecured claim) to $225,729.18 (of which $47,982.69 would be a priority claim and $177,746.49 would be an unsecured claim).  Robin Mexicana asserts that the Debtors have failed to produce any evidence sufficient to rebut the prima facie validity of proof of claim no. 14270.  Robin Mexicana further asserts that the secured portion of its claim should not be reclassified as a priority claim because (i) the claim is entitled to secured status because the goods subject to the reclamation demand have not been returned, (ii) the Debtors have failed to articulate what priority the reclassified claim would receive, and (iii) even assuming the claim was given the appropriate administrative expense priority, the Court has | Modified claims asserting reclamation | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | not confirmed a reorganized plan guaranteeing payment in full of all allowed administrative priority claims. | | |
| 8. | Contrarian Funds, LLC (Docket No. 11437) | a) 10386 | a) Contrarian Funds, LLC ("Contrarian") agrees to the Debtors' Objection to reduce proof of claim no. 10386 from $315,699.49 to $156,742.12, provided that its claim is treated as a final allowed claim against DAS LLC. | a) Claims subject to modification | Adjourn |
| | | b) 12688, 12687 | b) Contrarian disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 12688 from $878,079.89 (of which $229,002.33 was a priority claim and $649,077.56 was an unsecured claim) to $790,350.09 (of which $16,813.28 would be a priority claim and $773,536.81 would be an unsecured claim).  Contrarian further disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 12687 from $1,510,230.74 (of which $486,583.11 was a priority claim and $1,023,647.63 was an unsecured claim) to $1,036,820.55 (of which $82,200.00 would be a priority claim and $954,620.55 would be an unsecured claim).  Contrarian asserts that the Debtors have failed to provide any evidence sufficient to overcome the prima facie validity of proofs of claim nos. 12688 and 12687. | b) Modified claims asserting reclamation | |
| 9. | WESCO Distribution, Inc. (Docket No. 11441) | 12223 | WESCO Distribution, Inc. ("WESCO") disagrees with the Debtors' Objection to reduce proof of claim no. 12223 from $59,964.21 to $28,828.75.  WESCO consents to a reduction of its claim in the amount of $1,845.34 to reflect an invoice that was paid to WESCO postpetition. | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | WESCO disagrees with the remainder of the reduction because (i) it asserts that four of the five invoices identified by the Debtors as providing the basis for their Objection are for unpaid goods delivered to the Debtors and (ii) $127.92 of the proposed reduction is unsupported in that it exceeds the total of the five invoices in dispute.  WESCO further asserts that the Debtors have failed to produce evidence sufficient to rebut the prima facie validity of proof of claim no. 12223.  WESCO reattaches its proof of claim and supporting documentation. | | |
| 10. | United States of America (Docket No. 11442) | 2578 | The United States Attorney for the Southern District of New York (the "United States") disagrees with the Debtors' Objection to disallow proof of claim no. 2578, which was filed by the United States Department of Health and Human Services.  The United States asserts that the Debtors have failed to produce evidence sufficient to rebut the prima facie validity of proof of claim no. 2578.  The United States reattaches the proof of claim and supporting documentation. | Books and records claims | Adjourn |
| 11. | Autopartes de Precision and Miniature Precision Components (Docket No. 11445) | 1406, 1407 | Miniature Precision Components and Autopartes de Precision, a division of Miniature Precision Components ("Miniature Precision"), disagrees with the Debtors' Objection to (i) reclassify and reduce proof of claim no. 1406 from $314,170.07 (of which $66,206.62 was a priority claim and $247,963.45 was an unsecured claim) to an unsecured claim in the amount of $261,685.90 and (ii) reclassify and reduce proof of claim no. 1407 from $948,811.79 (of which $239,745.37 was a priority claim and | Claims subject to modification | Adjourn |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $709,066.42 was an unsecured claim) to an unsecured claim in the amount of $824,986.00.  Miniature Precision asserts that the Debtors have failed to provide any evidence sufficient to overcome the prima facie validity of proofs of claim nos. 1406 and 1407. | | |
| 12. | James Penney (Docket No. 11476) | 11395 | James Penney disagrees with the Debtors' Objection to disallow proof of claim no. 11395.  Mr. Penney asserts that of the five categories of losses asserted in his claim, only the portion of his claim seeking lost value in connection with the sale of certain fund shares with Fidelity Investments is an equity claim.  Mr. Penney reattaches his proof of claim and supporting documentation. | Equity claims | Adjourn |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
       In re                           :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                  Debtors.           :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING (A) DUPLICATE CLAIM, (B) CERTAIN EQUITY CLAIMS, (C)
INSUFFICIENTLY DOCUMENTED CLAIM, (D) CERTAIN CLAIMS NOT REFLECTED
ON DEBTORS' BOOKS AND RECORDS, AND (E) CERTAIN CLAIMS SUBJECT TO
MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIM SUBJECT
TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER, AND MODIFIED CLAIM
ASSERTING RECLAMATION THAT IS SUBJECT TO PRIOR ORDER IDENTIFIED
IN TWENTY-THIRD OMNIBUS CLAIMS OBJECTION

("TWENTY-THIRD OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently

Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E)

Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject

To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation

That Is Subject To Prior Order, dated November 19, 2007 (the "Twenty-Third Omnibus Claims

Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Twenty-Third Omnibus Claims Objection.

upon the record of the hearing held on the Twenty-Third Omnibus Claims Objection; and after

due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as

to each, a "Claim"), listed on Exhibits A, B-1, B-2, C, D-1, D-2, E-1, E-2, and E-3 hereto was

properly and timely served with a copy of the Twenty-Third Omnibus Claims Objection, a

personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates

For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures

Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"),

the proposed order granting the Twenty-Third Omnibus Claims Objection, and notice of the

deadline for responding to the Twenty-Third Omnibus Claims Objection.  No other or further

notice of the Twenty-Third Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Twenty-Third Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Third Omnibus Claims

Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the

Twenty-Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and

1409.

C.    The Claim listed on Exhibit A hereto under the column heading "Claim To

Be Expunged" is a duplicate of another Claim filed with this Court (the "Duplicate Claim").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

D.      The Claims listed on <u>Exhibit B-1</u> hereto were filed by holders of Delphi common stock solely on account of their stock holdings (the "Equity Claims").

E.      The Claim listed on <u>Exhibit B-2</u> hereto was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order (the "Untimely Equity Claim").

F.      The Claim listed on <u>Exhibit C</u> contains insufficient documentation to support the Claim asserted (the "Insufficiently Documented Claim").

G.      The Claims listed on <u>Exhibit D-1</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

H.      The Claims listed on <u>Exhibit D-2</u> hereto were modified pursuant to a prior order and contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims That Are Subject To Prior Orders").

I.      The Claims listed on <u>Exhibit E-1</u> hereto (a) state the incorrect amount or are overstated, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (the "Claims Subject To Modification").

J.      The Claims listed on <u>Exhibit E-2</u> hereto (a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i)

3

and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and

notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant

Reclamation Agreement, a judicial determination that certain reserved defenses with respect to

the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

      K.     The Claim listed on <u>Exhibit E-3</u> hereto was modified pursuant to a prior

order and (a) was filed and docketed against the wrong Debtor and (b) asserts a reclamation

demand with respect to which the Debtors and the Claimant have entered into, or the Claimant

has consented to, a Reclamation Agreement that establishes the valid amount of the reclamation

demand, subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's

agreement to the amount pursuant to the relevant Reclamation Agreement, a judicial

determination that certain reserved defenses with respect to the reclamation demand are valid

(the "Modified Claim Asserting Reclamation That Is Subject To Prior Order").

      L.     The relief requested in the Twenty-Third Omnibus Claims Objection and

granted herein is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest.

      NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

      1.     The "Claim To Be Expunged" listed on <u>Exhibit A</u> hereto is hereby

disallowed and expunged in its entirety.  The Claim identified on <u>Exhibit A</u> hereto as the

"Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future

objection by the Debtors and other parties-in-interest.

      2.     Each Equity Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and

expunged in its entirety.

4

3.      The Untimely Equity Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

4.      The Insufficiently Documented Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

5.      Each Books And Records Claim listed on <u>Exhibit D-1</u> hereto is hereby disallowed and expunged in its entirety.

6.      Each Books And Records Claim That Is Subject To Prior Orders listed on <u>Exhibit D-2</u> hereto is hereby disallowed and expunged in its entirety.

7.      Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-1</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-1</u> hereto shall be entitled to (a) recover for any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit E-1</u> hereto, subject to the Debtors' right to further object to each such Claim Subject To Modification.  The Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

8.      Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-2</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-2</u> shall be entitled to (a) recover for any Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that

5

any Reserved Defense is valid and denying priority status to such Claimant's reclamation

demand, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As

Modified" column on Exhibit E-2 hereto, and/or (c) assert a Claim against a Debtor whose case

number is not listed in the "Claim As Modified" column on Exhibit E-2 hereto, subject to the

Debtors' right to further object to each such Modified Claim Asserting Reclamation.  The

Modified Claims Asserting Reclamation shall remain on the claims register, and shall remain

subject to future objection by the Debtors and other parties-in-interest.

        9.      The "Claim As Docketed" amount, classification, and Debtor listed on

Exhibit E-3 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the

"Claim As Modified."  The Claimant listed on Exhibit E-3 shall be entitled to (a) recover for the

Modified Claim Asserting Reclamation That Is Subject To Prior Order in an amount exceeding

the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of

this Court providing that any Reserved Defense is valid and denying priority status to such

Claimant's reclamation demand, and/or (b) assert a classification that is inconsistent with that

listed in the "Claim As Modified" column on Exhibit E-3 hereto, and/or (c) assert the Claim

against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit

E-3 hereto, subject to the Debtors' right to further object to each such Modified Claim Asserting

Reclamation That Is Subject To Prior Order.  The Modified Claim Asserting Reclamation That Is

Subject To Prior Order shall remain on the claims register, and shall remain subject to future

objection by the Debtors and other parties-in-interest.

        10.     For clarity, Exhibit G hereto displays the formal name of each of the

Debtor entities and their associated bankruptcy case numbers referenced on Exhibits E-1, E-2,

and E-3.

6

11.     With respect to each Claim for which a Response to the Twenty-Third Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-1, F-2, F-3, F-4, and F-5 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

12.     Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Third Omnibus Claims Objection.

13.     Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

14.     This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Third Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

15.     Each of the objections by the Debtors to each Claim addressed in the Twenty-Third Omnibus Claims Objection and attached hereto as Exhibits A, B-1, B-2, C, D-1, D-2, E-1, E-2, E-3, F-1, F-2, F-3, F-4, and F-5 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Third Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall

7

not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

16.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

17.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Twenty-Third Omnibus Claims Objection.

Dated: New York, New York
        December ___, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

In re Delphi Corporation, et al.                                                                    **Twenty-Third Omnibus Claims Objection**
Case No. 05-44481 (RDD)

## EXHIBIT A - DUPLICATE OR AMENDED CLAIMS

| CLAIM TO BE EXPUNGED | SURVIVING CLAIM |
|---|---|
| Claim Number:   16714<br>Date Filed:   09/24/2007<br>Creditor's Name and Address:<br><br>VENTURE PLASTICS INC<br>MARGULIES & LEVINSON LLP<br>30100 CHAGRIN BLVD NO 250<br>CLEVELAND, OH 44124<br><br>Debtor:   DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640)<br>Secured:   $173,842.00<br>Priority<br>Administrative:<br>Unsecured:<br>Total:   $173,842.00 | Claim Number:   10016<br>Date Filed:   07/20/2006<br>Creditor's Name and Address:<br><br>VENTURE PLASTICS INC<br>MARGULIES & LEVINSON LLP<br>30100 CHAGRIN BLVD NO 250<br>CLEVELAND, OH 44124<br><br>Debtor:   DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640)<br>Secured:   $347,605.98<br>Priority:<br>Administrative<br>Unsecured:<br>Total:   $347,605.98 |

Total Claims to be Expunged:                    1
Total Asserted Amount to be Expunged:    $173,842.00

Page 1 of 1

**In re Delphi Corporation, et al.**    Twenty-Third Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT B-1 - EQUITY CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DEPOSITORY TRUST COMPANY TREASURERS DEPT 255 N 1100 E ZIONSVILLE, IN 46077-9444 | 6995 | Secured: Priority: Administrative: Unsecured: Total: | $164.58 $164.58 | 05/30/2006 | DELPHI CORPORATION (05-44481) |
| LUTZ RICHARD 1921 ATLANTIC AVE SANDUSKY, OH 44870 | 4797 | Secured: Priority: Administrative: Unsecured: Total: | $23,000.00 $23,000.00 | 05/05/2006 | DELPHI CORPORATION (05-44481) |
| RIEGEL CHARLES 9491 BYERS RD MIAMISBURG, OH 45342 | 10559 | Secured: Priority: Administrative: Unsecured: Total: | $62,883.08 $62,883.08 | 07/24/2006 | DELPHI CORPORATION (05-44481) |
| WALLING JOHN F 4201 CORINTH BLVD DAYTON, OH 45410-3411 | 9243 | Secured: Priority: Administrative: Unsecured: Total: | $38,805.09 $38,805.09 | 07/10/2006 | DELPHI CORPORATION (05-44481) |

Total:    **4**    **$124,852.75**

**In re Delphi Corporation, et al.**                                    **Twenty-Third Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT B-2 - UNTIMELY EQUITY CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DEPOSITORY TRUST COMPANY TREASURERS DEPT 9209 S 89TH E AVE TULSA, OK 74133 | 16290 | Secured: Priority: Administrative: Unsecured: Total: | UNL $9,310.00 $9,310.00 | 09/08/2006 | DELPHI CORPORATION (05-44481) |
| | **Total:** 1 | | **$9,310.00** | | |

**In re Delphi Corporation, et al.**                          **Twenty-Third Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT C - INSUFFICIENTLY DOCUMENTED CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|
| FIDELITY INVESTMENTS INC TR<br>FBO DONNA K HETZEL IRA<br>22667 REVERE ST<br>ST CLAIR SHORES, MI 48080-2883 | 4101 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:                UNL<br>Total:                        UNL | 05/01/2006 | DELPHI CORPORATION<br>(05-44481) |
| **Total:** | **1** | **UNL** | | |

*UNL denotes an unliquidated claim

In re Delphi Corporation, et al.                                    Twenty-Third Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT D-1 - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AMHERST SOLUTIONS LTD<br>30505 BAINBRIDGE RD STE 100<br>SOLON, OH 44139 | 5821 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$50,000.00<br>$50,000.00 | 05/15/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| BLUE CROSS BLUE SHIELD OF MICHIGAN<br>600 LAFAYETTE EAST STE 1925<br>DETROIT, MI 48226 | 8001 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>UNL<br>UNL | 06/15/2006 | DELPHI CORPORATION (05-44481) |
| MACOMB COUNTY FOC ACT OF B<br>CZARNOWCZAN P95 22210<br>40 N MAIN<br>MT CLEMENS, MI 48043 | 7716 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$4,430.67<br><br><br>$4,430.67 | 06/09/2006 | DELPHI CORPORATION (05-44481) |
| MAXWELL EMMA J<br>PO BOX 533<br>ORRVILLE, AL 36767-0533 | 4477 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$289,000.00<br><br><br>$289,000.00 | 05/02/2006 | DELPHI CORPORATION (05-44481) |
| PRIORITY HEALTH<br>1231 E BELTLINE NE<br>GRAND RAPIDS, MI 49525 | 2813 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$1,181,675.59<br><br><br>$1,181,675.59 | 04/26/2006 | DELPHI CORPORATION (05-44481) |
| RATLIFF LARRY G<br>2836 STATE ROUTE 571 WEST<br>GREENVILLE, OH 45331 | 5843 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$40,000.00<br><br><br>$40,000.00 | 05/15/2006 | DELPHI CORPORATION (05-44481) |
| SKELTON GLORIA<br>PO BOX 498<br>COTTONDALE, AL 35453 | 8750 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$8,500.00<br>$8,500.00 | 06/29/2006 | DELPHI CORPORATION (05-44481) |
| TREVA DANIELS CARLSON<br>409 SIXTH ST<br>FENTON, MI 48430 | 5565 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$933.20<br><br>$462.80<br>$1,396.00 | 05/10/2006 | DELPHI CORPORATION (05-44481) |

*UNL denotes an unliquidated claim

**In re Delphi Corporation, et al.**                                     **Twenty-Third Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

**EXHIBIT D-1 - BOOKS AND RECORDS CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|
| Total: | 8 | $1,575,002.26 | | |

*UNL denotes an unliquidated claim

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

Twenty-Third Omnibus Claims Objection

## EXHIBIT D-2 - BOOKS AND RECORDS CLAIMS THAT ARE SUBJECT TO PRIOR ORDERS *

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AMERICLERK INC DBA CONTRACT COUNSEL<br>1025 N CAMPBELL RD<br>ROYAL OAK, MI 48067 | 2416 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$9,658.83<br>$9,658.83 | 03/27/2006 | DELPHI CORPORATION (05-44481) |
| RELATS S A<br>POL IND LA BORDA<br>CALDES DE MONTBUI, 08140<br>SPAIN | 1268 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$8,016.23<br>$8,016.23 | 12/27/2005 | DELPHI CORPORATION (05-44481) |
| **Total:** | **2** | **$17,675.06** | | | |

Page 1 of 1

*The asserted and docketed debtor, classification, and amount is as asserted in the proof of claim filed with the Court. However, all of the proofs of claim on this Exhibit have been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 2142<br>Date Filed: 02/27/2006<br>Docketed Total: $252,194.22<br>Filing Creditor Name and Address:<br>ASM CAPITAL AS ASSIGNEE FOR<br>ROBINSON INDUSTRIES INC<br>7600 JERICHO TPKE STE 302<br>WOODBURY, NY 11566 | Claim Holder Name and Address<br><br>ASM CAPITAL AS ASSIGNEE FOR<br>ROBINSON INDUSTRIES INC<br>7600 JERICHO TPKE STE 302<br>WOODBURY, NY 11566 | Docketed Total: | | $252,194.22 | | Modified Total: | | $232,962.95 |
| | **Case Number*** 05-44481 | Secured | Priority | Unsecured $252,194.22<br>$252,194.22 | **Case Number*** 05-44640 | Secured | Priority | Unsecured $232,962.95<br>$232,962.95 |
| Claim: 5453<br>Date Filed: 05/10/2006<br>Docketed Total: $154,424.36<br>Filing Creditor Name and Address:<br>AVERY DENNINSON<br>CORPORATION<br>AVERY DENNISON<br>CORPORATION<br>7590 AUBURN RD<br>PAINESVILLE, OH 44077 | Claim Holder Name and Address<br><br>AVERY DENNISON CORPORATION<br>AVERY DENNISON CORPORATION<br>7590 AUBURN RD<br>PAINESVILLE, OH 44077 | Docketed Total: | | $154,424.36 | | Modified Total: | | $101,744.58 |
| | **Case Number*** 05-44481 | Secured | Priority | Unsecured $154,424.36<br>$154,424.36 | **Case Number*** 05-44640 | Secured | Priority | Unsecured $101,744.58<br>$101,744.58 |
| Claim: 13883<br>Date Filed: 07/31/2006<br>Docketed Total: $54,027.22<br>Filing Creditor Name and Address:<br>BP PRODUCTS NORTH AMERICA<br>INC<br>ATTN TOM W STRATTAN<br>28100 TORCH PKWY STE 300<br>WARRENVILLE, IL 60555 | Claim Holder Name and Address<br><br>BP PRODUCTS NORTH AMERICA<br>INC<br>ATTN TOM W STRATTAN<br>28100 TORCH PKWY STE 300<br>WARRENVILLE, IL 60555 | Docketed Total: | | $54,027.22 | | Modified Total: | | $49,285.67 |
| | **Case Number*** 05-44481 | Secured | Priority | Unsecured $54,027.22<br>$54,027.22 | **Case Number*** 05-44640 | Secured | Priority | Unsecured $49,285.67<br>$49,285.67 |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

**Claim: 12701**

Date Filed: 07/28/2006
Docketed Total: $90,000.68
Filing Creditor Name and Address:
CANON USA INC
1 CANON PLZ
LAKE SUCCESS, NY 11042-1198

Claim Holder Name and Address
CANON USA INC
1 CANON PLZ
LAKE SUCCESS, NY 11042-1198

Docketed Total: **$90,000.68**

Modified Total: **$87,914.84**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $90,000.68 | 05-44640 | | | $87,914.84 |
| | | | **$90,000.68** | | | | **$87,914.84** |

---

**Claim: 4770**

Date Filed: 05/04/2006
Docketed Total: $44,637.41
Filing Creditor Name and Address:
CAUCHO METAL PRODUCTS II S L
PI CANTABRIA
C NAVAL 7
LOGRONO, 26006
SPAIN

Claim Holder Name and Address
CAUCHO METAL PRODUCTS II S L
PI CANTABRIA
C NAVAL 7
LOGRONO, 26006
SPAIN

Docketed Total: **$44,637.41**

Modified Total: **$32,170.98**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $44,637.41 | 05-44640 | | | $32,170.98 |
| | | | **$44,637.41** | | | | **$32,170.98** |

---

**Claim: 14580**

Date Filed: 07/31/2006
Docketed Total: $190,241.45
Filing Creditor Name and Address:
KOSTAL KONTAKT SYSTEME GMBH
40950 WOODWARD AVE STE 100
BLOOMFIELD HILLS, MI 48304

Claim Holder Name and Address
SPCP GROUP LLC AS AGENT FOR
SILVER POINT CAPITAL FUND LP
AND SILVER POINT CAPITAL
OFFSHORE FUND LTD
TWO GREENWICH PLZ 1ST FL
GREENWICH, CT 06830

Docketed Total: **$190,241.45**

Modified Total: **$120,665.22**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $190,241.45 | 05-44640 | | | $120,665.22 |
| | | | **$190,241.45** | | | | **$120,665.22** |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 1372<br>Date Filed:  12/29/2005<br>Docketed Total:  $1,144,684.57<br>Filing Creditor Name and Address:<br>LUNT MANUFACTURING COMPANY INC<br>601 605 LUNT AVE<br>SCHAUMBURG, IL 60193 | Claim Holder Name and Address<br><br>STONEHILL INSTITUTIONAL PARTNERS LP<br>885 THIRD AVE 30TH FL<br>NEW YORK, NY 10022 | Docketed Total: | | **$1,144,684.57** | | Modified Total: | | **$1,142,129.02** |
| | Case Number*<br>05-44481 | Secured | Priority | Unsecured<br>$1,144,684.57<br><br>**$1,144,684.57** | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$1,142,129.02<br><br>**$1,142,129.02** |
| Claim: 1753<br>Date Filed:  02/02/2006<br>Docketed Total:  $17,602.50<br>Filing Creditor Name and Address:<br>MAGNECO METREL INC<br>223 INTERSTATE RD<br>ADDISON, IL 60101 | Claim Holder Name and Address<br><br>MAGNECO METREL INC<br>223 INTERSTATE RD<br>ADDISON, IL 60101 | Docketed Total: | | **$17,602.50** | | Modified Total: | | **$9,902.50** |
| | Case Number*<br>05-44481 | Secured | Priority | Unsecured<br>$17,602.50<br><br>**$17,602.50** | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$9,902.50<br><br>**$9,902.50** |
| Claim: 7339<br>Date Filed:  06/02/2006<br>Docketed Total:  $16,288.93<br>Filing Creditor Name and Address:<br>MULTIBASE INC<br>C O DOW CORNING CORPORATION<br>2200 W SALZBURG RD<br>MIDLAND, MI 48686 | Claim Holder Name and Address<br><br>MULTIBASE INC<br>C O DOW CORNING CORPORATION<br>2200 W SALZBURG RD<br>MIDLAND, MI 48686 | Docketed Total: | | **$16,288.93** | | Modified Total: | | **$16,288.93** |
| | Case Number*<br>05-44481 | Secured | Priority | Unsecured<br>$16,288.93<br><br>**$16,288.93** | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$16,288.93<br><br>**$16,288.93** |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

**Claim: 11290**
Date Filed: 07/27/2006
Docketed Total: $28,550.00
Filing Creditor Name and Address:
PACER GLOBAL LOGISTICS INC
6805 PERIMETER DR
PO BOX 8104
DUBLIN, OH 43016

Claim Holder Name and Address
PACER GLOBAL LOGISTICS INC
6805 PERIMETER DR
PO BOX 8104
DUBLIN, OH 43016
Docketed Total: **$28,550.00**

Modified Total: **$25,390.00**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $28,550.00 | 05-44640 | | | $25,390.00 |
| | | | **$28,550.00** | | | | **$25,390.00** |

**Claim: 11287**
Date Filed: 07/27/2006
Docketed Total: $66,118.80
Filing Creditor Name and Address:
PRINCE MANUFACTURING
OXFORD EF
PO BOX 2519
HOLLAND, MI 49422

Claim Holder Name and Address
PRINCE MANUFACTURING OXFORD
EF
PO BOX 2519
HOLLAND, MI 49422
Docketed Total: **$66,118.80**

Modified Total: **$9,811.27**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $66,118.80 | 05-44640 | | | $9,811.27 |
| | | | **$66,118.80** | | | | **$9,811.27** |

**Claim: 8866**
Date Filed: 06/30/2006
Docketed Total: $166,503.06
Filing Creditor Name and Address:
RIVERSIDE CLAIMS LLC AS
ASSIGNEE FOR METPROTECH
PO BOX 626 PLANETARIUM
STATION
NEW YORK, NY 10024

Claim Holder Name and Address
RIVERSIDE CLAIMS LLC AS
ASSIGNEE FOR METPROTECH
PO BOX 626 PLANETARIUM
STATION
NEW YORK, NY 10024
Docketed Total: **$166,503.06**

Modified Total: **$91,479.41**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $166,503.06 | 05-44640 | | | $91,479.41 |
| | | | **$166,503.06** | | | | **$91,479.41** |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 12328    Filed 01/23/08    Entered 01/23/08 22:39:08    Main Document
Pg 39 of 176

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|
| Claim: 14267<br>Date Filed:    07/31/2006<br>Docketed Total:    $113,416.75<br>Filing Creditor Name and Address:<br>   ROBIN INDUSTRIES INC<br>   TECHNICAL SERVICES GROUP<br>   ROBIN INDUSTRIES INC<br>   1265 W 65 ST<br>   CLEVELAND, OH 44102 | Claim Holder Name and Address<br><br>   ROBIN INDUSTRIES INC TECHNICAL<br>   SERVICES GROUP                    Docketed Total:         **$113,416.75**<br>   ROBIN INDUSTRIES INC<br>   1265 W 65 ST<br>   CLEVELAND, OH 44102 | Modified Total:        **$97,345.56** |

| Case Number* | Secured | Priority | Unsecured | | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|---|
| 05-44640 | | | $113,416.75 | | 05-44640 | | | $97,345.56 |
| | | | **$113,416.75** | | | | | **$97,345.56** |

**Total Claims to be Modified: 13**

**Total Amount as Docketed:**        **$2,338,689.95**

**Total Amount as Modified:**        **$2,017,090.93**

*See Exhibit G for a listing of debtor entities by case number.

Page 5 of 5

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

## EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

**Claim: 15139**
Date Filed: 07/31/2006
Docketed Total: $59,414.30
Filing Creditor Name and Address:
AMERICAN COIL SPRING
COMPANY
MILLER JOHNSON
PO BOX 306
GRAND RAPIDS, MI 49501-0306

Claim Holder Name and Address

AMERICAN COIL SPRING COMPANY
MILLER JOHNSON
PO BOX 306
GRAND RAPIDS, MI 49501-0306

Docketed Total: **$59,414.30**

Modified Total: **$51,678.10**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $59,414.30 | 05-44640 | | $6,798.05 | $44,880.05 |
| | | | **$59,414.30** | | | **$6,798.05** | **$44,880.05** |

---

**Claim: 16733**
Date Filed: 10/17/2005
Docketed Total: $15,181.24
Filing Creditor Name and Address:
DAISHINKU AMERICA CORP DBA
KDS AMERICA
GOLDMAN SACHS CREDIT
PARTNERS LP
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

Claim Holder Name and Address

DAISHINKU AMERICA CORP DBA
KDS AMERICA
GOLDMAN SACHS CREDIT
PARTNERS LP
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

Docketed Total: **$15,181.24**

Modified Total: **$15,181.24**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | $15,181.24 | | 05-44640 | | $15,181.24 | |
| | | **$15,181.24** | | | | **$15,181.24** | |

---

**Claim: 2350**
Date Filed: 03/21/2006
Docketed Total: $222,736.28
Filing Creditor Name and Address:
FEDERAL SCREW WORKS
20229 9 MILE RD
SAINT CLAIR SHORES, MI
48080-1775

Claim Holder Name and Address

FEDERAL SCREW WORKS
20229 9 MILE RD
SAINT CLAIR SHORES, MI 48080-1775

Docketed Total: **$222,736.28**

Modified Total: **$216,117.26**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | $4,013.35 | $218,722.93 | 05-44640 | | $4,013.35 | $212,103.91 |
| | | **$4,013.35** | **$218,722.93** | | | **$4,013.35** | **$212,103.91** |

*See Exhibit G for a listing of debtor entities by case number.

Page 1 of 6

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

### EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|
| Claim: 12366<br>Date Filed: 07/28/2006<br>Docketed Total: $279,597.43<br>Filing Creditor Name and Address:<br>GKN SINTER METALS INC<br>ATTEN GENERAL COUNSEL<br>3300 UNIVERSITY DR<br>AUBURN HILLS, MI 48326 | Claim Holder Name and Address<br><br>DEUTSCHE BANK SECURITIES INC   Docketed Total:   $279,597.43<br>60 WALL ST 3RD FL<br>NEW YORK, NY 10005 | Modified Total:   $279,597.43 |

| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|---|
| | 05-44640 | | | $279,597.43 | 05-44640 | | $43,913.00 | $235,684.43 |
| | | | | **$279,597.43** | | | **$43,913.00** | **$235,684.43** |

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|
| Claim: 16731<br>Date Filed: 10/12/2005<br>Docketed Total: $13,494.00<br>Filing Creditor Name and Address:<br>JOHNSON BATTERY COMPANY INC<br>PO BOX 909<br>9840 US HWY 19<br>ZEBULON, GA 30295 | Claim Holder Name and Address<br><br>JOHNSON BATTERY COMPANY INC   Docketed Total:   $13,494.00<br>PO BOX 909<br>9840 US HWY 19<br>ZEBULON, GA 30295 | Modified Total:   $13,494.00 |

| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|---|
| | 05-44481 | | $13,494.00 | | 05-44640 | | $13,494.00 | |
| | | | **$13,494.00** | | | | **$13,494.00** | |

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|
| Claim: 14404<br>Date Filed: 07/31/2006<br>Docketed Total: $1,204,920.60<br>Filing Creditor Name and Address:<br>KOSTAL OF MEXICANA S A DE C V<br>40950 WOODWARD AVE STE 100<br>BLOOMFIELD HILLS, MI 48304 | Claim Holder Name and Address<br><br>SPCP GROUP LLC AS AGENT FOR   Docketed Total:   $1,204,920.60<br>SILVER POINT CAPITAL FUND LP<br>AND SILVER POINT CAPITAL<br>OFFSHORE FUND LTD<br>TWO GREENWICH PLZ 1ST FL<br>GREENWICH, CT 06830 | Modified Total:   $1,201,739.44 |

| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|---|
| | 05-44640 | | | $1,204,920.60 | 05-44640 | | $11,188.73 | $1,190,550.71 |
| | | | | **$1,204,920.60** | | | **$11,188.73** | **$1,190,550.71** |

*See Exhibit G for a listing of debtor entities by case number.

Page 2 of 6

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 1371**

Date Filed:  12/29/2005

Docketed Total:  $298,662.43

Filing Creditor Name and Address:
LUNT MANUFACTURING
COMPANY INC
601 605 LUNT AVE
SCHAUMBURG, IL 60193

Claim Holder Name and Address
STONEHILL INSTITUTIONAL PARTNERS LP
885 THIRD AVE 30TH FL
NEW YORK, NY 10022

Docketed Total: $298,662.43

Modified Total: $292,051.84

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | $298,662.43 |
| | | | **$298,662.43** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $10,000.00 | $282,051.84 |
| | | **$10,000.00** | **$282,051.84** |

**Claim: 16732**

Date Filed:  10/20/2005

Docketed Total:  $25,974.39

Filing Creditor Name and Address:
OPTREX AMERICA INC
BERRY & MORRMAN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE BUHL BUILDING
535 GRISWOLD STE 1900
DETROIT, MI 48226

Claim Holder Name and Address
OPTREX AMERICA INC
BERRY & MORRMAN PROFESSIONAL
CORPORATION ATTORNEYS AT
LAW
THE BUHL BUILDING
535 GRISWOLD STE 1900
DETROIT, MI 48226

Docketed Total: $25,974.39

Modified Total: $25,974.39

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $25,974.39 | |
| | | **$25,974.39** | |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $25,974.39 | |
| | | **$25,974.39** | |

**Claim: 9647**

Date Filed:  07/12/2006

Docketed Total:  $618,507.09

Filing Creditor Name and Address:
PARK ENTERPRISES OF
ROCHESTER INC
ATTN JERRY GREENFIELD ESQ
2 STATE ST STE1600
ROCHESTER, NY 14614

Claim Holder Name and Address
PARK ENTERPRISES OF ROCHESTER
INC
ATTN JERRY GREENFIELD ESQ
2 STATE ST STE1600
ROCHESTER, NY 14614

Docketed Total: $618,507.09

Modified Total: $618,507.09

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | $618,507.09 |
| | | | **$618,507.09** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $29,174.77 | $589,332.32 |
| | | **$29,174.77** | **$589,332.32** |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

**Claim: 14262**
Date Filed: 07/31/2006
Docketed Total: $168,006.39
Filing Creditor Name and Address:
ROBIN INDUSTRIES INC BERLIN DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address
ROBIN INDUSTRIES INC BERLIN DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total: $168,006.39

Modified Total: $149,243.27

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $27,814.26 | | $140,192.13 | 05-44640 | | $27,814.26 | $121,429.01 |
| | **$27,814.26** | | **$140,192.13** | | | **$27,814.26** | **$121,429.01** |

**Claim: 14265**
Date Filed: 07/31/2006
Docketed Total: $43,152.38
Filing Creditor Name and Address:
ROBIN INDUSTRIES INC
CLEVELAND DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address
ROBIN INDUSTRIES INC
CLEVELAND DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total: $43,152.38

Modified Total: $34,892.38

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $4,266.38 | | $38,886.00 | 05-44640 | | $4,266.38 | $30,626.00 |
| | **$4,266.38** | | **$38,886.00** | | | **$4,266.38** | **$30,626.00** |

**Claim: 14264**
Date Filed: 07/31/2006
Docketed Total: $273,074.52
Filing Creditor Name and Address:
ROBIN INDUSTRIES INC ELASTO
TEC DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address
ROBIN INDUSTRIES INC ELASTO TEC DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total: $273,074.52

Modified Total: $213,235.86

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $20,668.09 | | $252,406.43 | 05-44640 | | $20,668.09 | $192,567.77 |
| | **$20,668.09** | | **$252,406.43** | | | **$20,668.09** | **$192,567.77** |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.

Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

**Claim: 14271**
Date Filed:   07/31/2006
Docketed Total:     $863,539.71
Filing Creditor Name and Address:
ROBIN INDUSTRIES INC
FREDERICKSBURG FACILITY
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address

ROBIN INDUSTRIES INC
FREDERICKSBURG FACILITY
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total:     $863,539.71

Modified Total:     $468,241.57

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $81,341.20 | | $782,198.51 | 05-44640 | | $81,341.20 | $386,900.37 |
| | **$81,341.20** | | **$782,198.51** | | | **$81,341.20** | **$386,900.37** |

**Claim: 14274**
Date Filed:   07/31/2006
Docketed Total:     $686,589.88
Filing Creditor Name and Address:
ROBIN INDUSTRIES INC HOLMCO
DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Claim Holder Name and Address

ROBIN INDUSTRIES INC HOLMCO
DIVISION
ROBIN INDUSTRIES INC
1265 W 65 ST
CLEVELAND, OH 44102

Docketed Total:     $686,589.88

Modified Total:     $412,536.02

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $58,220.01 | | $628,369.87 | 05-44640 | | $58,220.01 | $354,316.01 |
| | **$58,220.01** | | **$628,369.87** | | | **$58,220.01** | **$354,316.01** |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.

Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

## EXHIBIT E-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**CLAIM TO BE MODIFIED**

Claim: 10682
Date Filed:  07/26/2006
Docketed Total:    $1,569,568.55
Filing Creditor Name and Address:
STMICROELECTRONICS INC FKA
SGS THOMPSON
MICROELECTRONICS
THOMPSON & KNIGHT LLP
333 CLAY ST STE 3300
HOUSTON, TX 77002

**CLAIM AS DOCKETED**

Claim Holder Name and Address

LONGACRE MASTER FUND LTD    Docketed Total:    $1,454,529.30
C O US BANK NATIONAL
ASSOCIATION
CORPORATE TRUST SERVICES
1420 FIFTH AVE 7TH FL
SEATTLE, WA 98101

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $1,454,529.30 |
| | | | $1,454,529.30 |

**CLAIM AS MODIFIED**

Modified Total:    $1,454,529.30

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $153,204.95 | $1,301,324.35 |
| | | $153,204.95 | $1,301,324.35 |

---

**CLAIM AS DOCKETED**

Claim Holder Name and Address

STMICROELECTRONICS INC FKA    Docketed Total:    $115,039.25
SGS THOMPSON
MICROELECTRONICS
THOMPSON & KNIGHT LLP
333 CLAY ST STE 3300
HOUSTON, TX 77002

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $115,039.25 |
| | | | $115,039.25 |

**CLAIM AS MODIFIED**

Modified Total:    $115,039.25

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $115,039.25 |
| | | | $115,039.25 |

---

**CLAIM TO BE MODIFIED**

Claim: 16730
Date Filed:  10/10/2005
Docketed Total:    $28,575.50
Filing Creditor Name and Address:
WELLMAN INC
SHUMAKER LOOP & KENDRICK
LLP
128 S TRYON ST STE 1800
CHARLOTTE, NC 28202

**CLAIM AS DOCKETED**

Claim Holder Name and Address

WELLMAN INC    Docketed Total:    $28,575.50
SHUMAKER LOOP & KENDRICK LLP
128 S TRYON ST STE 1800
CHARLOTTE, NC 28202

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $28,575.50 | |
| | | $28,575.50 | |

**CLAIM AS MODIFIED**

Modified Total:    $28,575.50

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44567 | | $28,575.50 | |
| | | $28,575.50 | |

---

Total Claims to be Modified: 16

Total Amount as Docketed:    $6,370,994.69

Total Amount as Modified:    $5,590,633.94

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

### EXHIBIT E-3 - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS **

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**CLAIM TO BE MODIFIED**

Claim: 16684
Date Filed: 10/13/2005
Docketed Total: $ 14,880.00
Filing Creditor Name and Address:
  TESSIER MACHINE CO
  526 MAIN ST
  HUDSON, MA 01749

**CLAIM AS DOCKETED**

Claim Holder Name and Address

TESSIER MACHINE CO          Docketed Total:        $14,880.00
526 MAIN ST
HUDSON, MA 01749

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $14,880.00 | |
| | | $14,880.00 | |

**CLAIM AS MODIFIED**

Modified Total:        $14,880.00

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44511 | | $14,880.00 | |
| | | $14,880.00 | |

**Total Claims to be Modified: 1**

**Total Amount as Docketed:  $14,880.00**

**Total Amount as Modified:  $ 14,880.00**

*See Exhibit G for a listing of debtor entities by case number.

Page 1 of 1

**The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, all of the proofs of claim on this Exhibit have been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

**In re Delphi Corporation, et al.**                    Twenty-Third Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT F-1 - ADJOURNED EQUITY CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| PENNEY JAMES<br>445 N KING ST<br>XENIA, OH 45385-2207 | 11395 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$115,276.00<br>$115,276.00 | 07/27/2006 | DELPHI CORPORATION (05-44481) |

|  | **Total:** | **1** | **$115,276.00** |
|---|---|---|---|

In re Delphi Corporation, et al.                              Twenty-Third Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT F-2 - ADJOURNED BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| PREFERRED SOURCING LLC ONE INDIANA SQ STE 3500 INDIANAPOLIS, IN 46204 | 11531 | Secured: Priority: Administrative: Unsecured: Total: | $97,416.63 <br><br><br> $97,416.63 | 07/27/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| US DEPT OF HEALTH AND HUMAN SERVICES SOUTHERN DISTRICT OF NEW YORK 86 CHAMBERS ST NEW YORK, NY 10007 | 2578 | Secured: Priority: Administrative: Unsecured: Total: | <br><br><br> $65,799.34 $65,799.34 | 04/06/2006 | DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC (05-44596) |
| Total: | 2 | $163,215.97 | | | |

Page 1 of 1

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT F-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 6844**
Date Filed: 05/25/2006
Docketed Total: $2,773,276.88
Filing Creditor Name and Address:
AMBRAKE CORPORATION
DICKINSON WRIGHT PLLC
301 LIBERTY STE 500
ANN ARBOR, MI 48204-2266

Claim Holder Name and Address

SPECIAL SITUATIONS INVESTING GROUP INC
C O GOLDMAN SACHS & CO
85 BROAD ST 27TH FL
NEW YORK, NY 10004

Docketed Total: **$2,773,276.88**

Modified Total: **$2,768,486.44**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $2,773,276.88 |
| | | | **$2,773,276.88** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $2,768,486.44 |
| | | | **$2,768,486.44** |

---

**Claim: 1406**
Date Filed: 12/30/2005
Docketed Total: $314,170.07
Filing Creditor Name and Address:
AUTOPARTES DE PRECISION A DIV OF MINIATURE PRECISION COMPONENTS
100 WISCONSIN ST
PO BOX 1901
WALWORTH, WI 53184

Claim Holder Name and Address

HAIN CAPITAL HOLDINGS LLC
301 RTE 17 6TH FL
RUTHERFORD, NJ 07070

Docketed Total: **$314,170.07**

Modified Total: **$261,685.90**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $66,206.62 | $247,963.45 |
| | | **$66,206.62** | **$247,963.45** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $261,685.90 |
| | | | **$261,685.90** |

---

**Claim: 10386**
Date Filed: 07/24/2006
Docketed Total: $315,699.49
Filing Creditor Name and Address:
CONTRARIAN FUNDS LLC AS ASSIGNEE OF COLUMBIA INDUSTRIAL SALES CORP
411 W PUTNAM AVE STE 225
GREENWICH, CT 06830

Claim Holder Name and Address

CONTRARIAN FUNDS LLC AS ASSIGNEE OF COLUMBIA INDUSTRIAL SALES CORP
411 W PUTNAM AVE STE 225
GREENWICH, CT 06830

Docketed Total: **$315,699.49**

Modified Total: **$156,742.12**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $315,699.49 |
| | | | **$315,699.49** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $156,742.12 |
| | | | **$156,742.12** |

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 12328    Filed 01/23/08    Entered 01/23/08 22:39:08    Main Document
Pg 50 of 176

Twenty-Third Omnibus Claims Objection

**EXHIBIT F-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|

---

**CLAIM TO BE MODIFIED**

Claim: 10598
Date Filed:   07/25/2006
Docketed Total:   $172,287.79
Filing Creditor Name and Address:
E I DU PONT DE NEMOURS AND
COMPANY DUPONT
DUPONT LEGAL D 4026
1007 MARKET ST
WILMINGTON, DE 19898

**CLAIM AS DOCKETED**

Claim Holder Name and Address

LATIGO MASTER FUND LTD          Docketed Total:      $172,287.79
590 MADISON AVE 9TH FL
NEW YORK, NY 10022

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44624 | | | $172,287.79 |
| | | | $172,287.79 |

**CLAIM AS MODIFIED**

Modified Total:      $172,287.79

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44624 | | | $15,808.68 |
| 05-44640 | | | $156,479.11 |
| | | | $172,287.79 |

---

**CLAIM TO BE MODIFIED**

Claim: 1407
Date Filed:   12/30/2005
Docketed Total:   $948,811.79
Filing Creditor Name and Address:
MINIATURE PRECISION
COMPONENTS
100 WISCONSIN ST
PO BOX 1901
WALWORTH, WI 53184

**CLAIM AS DOCKETED**

Claim Holder Name and Address

HAIN CAPITAL HOLDINGS LLC          Docketed Total:      $948,811.79
301 RTE 17 6TH FL
RUTHERFORD, NJ 07070

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $239,745.37 | $709,066.42 |
| | | $239,745.37 | $709,066.42 |

**CLAIM AS MODIFIED**

Modified Total:      $824,986.00

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $824,986.00 |
| | | | $824,986.00 |

---

**CLAIM TO BE MODIFIED**

Claim: 15423
Date Filed:   07/31/2006
Docketed Total:   $6,153,413.36
Filing Creditor Name and Address:
SPECIAL SITUATIONS INVESTING
GROUP INC
C O GOLDMAN SACHS & CO
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

**CLAIM AS DOCKETED**

Claim Holder Name and Address

SPECIAL SITUATIONS INVESTING          Docketed Total:      $6,153,413.36
GROUP INC
C O GOLDMAN SACHS & CO
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $6,153,413.36 |
| | | | $6,153,413.36 |

**CLAIM AS MODIFIED**

Modified Total:      $5,858,665.54

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $5,858,665.54 |
| | | | $5,858,665.54 |

---

*See Exhibit G for a listing of debtor entities by case number.

Page 2 of 3

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT F-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**CLAIM TO BE MODIFIED**

Claim: 12223
Date Filed:   07/28/2006
Docketed Total:     $59,964.21
Filing Creditor Name and Address:
  WESCO DISTRIBUTION INC
  225 W STATION SQUARE DR STE 700
  PITTSBURGH, PA 15219

**CLAIM AS DOCKETED**

Claim Holder Name and Address

WESCO DISTRIBUTION INC
225 W STATION SQUARE DR STE 700
PITTSBURGH, PA 15219

Docketed Total:   **$59,964.21**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | $59,964.21 |
| | | | **$59,964.21** |

**CLAIM AS MODIFIED**

Modified Total:   **$28,828.75**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $28,828.75 |
| | | | **$28,828.75** |

**Total Claims to be Modified: 7**

**Total Amount as Docketed:**     $10,737,623.59

**Total Amount as Modified:**     $10,071,682.54

*See Exhibit G for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT F-4 - ADJOURNED MODIFIED CLAIMS ASSERTING RECLAMATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 12688<br>Date Filed: 07/28/2006<br>Docketed Total: $878,079.89<br>Filing Creditor Name and Address:<br>CONTRARIAN FUNDS LLC AS<br>ASSIGNEE OF AVON RUBBER &<br>PLASTICS INC<br>411 WEST PUTNAM AVE STE 225<br>GREENWICH, CT 06830 | Claim Holder Name and Address<br><br>CONTRARIAN FUNDS LLC AS<br>ASSIGNEE OF AVON RUBBER &<br>PLASTICS INC<br>411 WEST PUTNAM AVE STE 225<br>GREENWICH, CT 06830 | Docketed Total: | | $878,079.89 | Modified Total: | | | $790,350.09 |
| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
| | 05-44640 | | $229,002.33 | $649,077.56 | 05-44640 | | $16,813.28 | $773,536.81 |
| | | | $229,002.33 | $649,077.56 | | | $16,813.28 | $773,536.81 |
| Claim: 12687<br>Date Filed: 07/28/2006<br>Docketed Total: $1,510,230.74<br>Filing Creditor Name and Address:<br>CONTRARIAN FUNDS LLC AS<br>ASSIGNEE OF CADILLAC RUBBER<br>& PLASTICS INC<br>ATTN ALPA JIMENEZ<br>411 WEST PUTNAM AVENUE STE<br>225<br>GREENWICH, CT 06830 | Claim Holder Name and Address<br><br>CONTRARIAN FUNDS LLC AS<br>ASSIGNEE OF CADILLAC RUBBER &<br>PLASTICS INC<br>ATTN ALPA JIMENEZ<br>411 WEST PUTNAM AVENUE STE 225<br>GREENWICH, CT 06830 | Docketed Total: | | $1,510,230.74 | Modified Total: | | | $1,036,820.55 |
| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
| | 05-44640 | | $486,583.11 | $1,023,647.63 | 05-44640 | | $82,200.00 | $954,620.55 |
| | | | $486,583.11 | $1,023,647.63 | | | $82,200.00 | $954,620.55 |
| Claim: 10596<br>Date Filed: 07/25/2006<br>Docketed Total: $123,481.26<br>Filing Creditor Name and Address:<br>E I DU PONT DE NEMOURS AND<br>COMPANY DUPONT<br>DUPONT LEGAL D 4026<br>1007 MARKET ST<br>WILMINGTON, DE 19898 | Claim Holder Name and Address<br><br>LATIGO MASTER FUND LTD<br>590 MADISON AVE 9TH FL<br>NEW YORK, NY 10022 | Docketed Total: | | $123,481.26 | Modified Total: | | | $74,857.26 |
| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
| | 05-44567 | | | $123,481.26 | 05-44567 | | $1,332.42 | $73,524.84 |
| | | | | $123,481.26 | | | $1,332.42 | $73,524.84 |

*See Exhibit G for a listing of debtor entities by case number.

**EXHIBIT F-4 - ADJOURNED MODIFIED CLAIMS ASSERTING RECLAMATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

| | | |
|---|---|---|
| Claim: 15140<br>Date Filed:   07/31/2006<br>Docketed Total:    $230,129.45<br>Filing Creditor Name and Address:<br>  GMD INDUSTRIES LLC DBA<br>  PRODUCTION SCREW MACHINE<br>  COOLIGE WALL CO LPA<br>  33 W 1ST ST STE 600<br>  DAYTON, OH 45402 | Claim Holder Name and Address<br><br>GMD INDUSTRIES LLC DBA<br>PRODUCTION SCREW MACHINE<br>COOLIGE WALL CO LPA<br>33 W 1ST ST STE 600<br>DAYTON, OH 45402      Docketed Total:      **$230,129.45** | Modified Total:      **$115,518.21** |

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | $136,420.72 | $93,708.73 | 05-44640 | | $21,809.48 | $93,708.73 |
| | | **$136,420.72** | **$93,708.73** | | | **$21,809.48** | **$93,708.73** |

| | | |
|---|---|---|
| Claim: 14270<br>Date Filed:   07/31/2006<br>Docketed Total:    $844,833.40<br>Filing Creditor Name and Address:<br>  ROBIN MEXICANA S DE RL DE CV<br>  C O ROBIN INDUSTRIES INC<br>  1265 W 65 ST<br>  CLEVELAND, OH 44102 | Claim Holder Name and Address<br><br>ROBIN MEXICANA S DE RL DE CV<br>C O ROBIN INDUSTRIES INC<br>1265 W 65 ST<br>CLEVELAND, OH 44102      Docketed Total:      **$844,833.40** | Modified Total:      **$225,729.18** |

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $47,982.69 | | $796,850.71 | 05-44640 | $47,982.69 | | $177,746.49 |
| | **$47,982.69** | | **$796,850.71** | | **$47,982.69** | | **$177,746.49** |

**Total Claims to be Modified: 5**

**Total Amount as Docketed:**      **$3,586,754.74**

**Total Amount as Modified:**      **$2,243,275.29**

In re Delphi Corporation, et al.:
Case No. 05-44481 (RDD)

Twenty-Third Omnibus Claims Objection

**EXHIBIT F-5 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION THAT ARE SUBJECT TO PRIOR ORDERS ***

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 10257<br>Date Filed: 07/21/2006<br>Docketed Total: $ 819,654.23<br>Filing Creditor Name and Address:<br>QUAKER CHEMICAL<br>CORPORATION<br>DRINKER BIDDLE & REATH LLP<br>ONE LOGAN SQUARE<br>18TH & CHERRY ST<br>PHILADELPHIA, PA 19103 | Claim Holder Name and Address<br><br>JPMORGAN CHASE BANK NA<br>4 NEW YORK PLAZA FL 16<br>NEW YORK, NY 10004-2413 | Docketed Total: | | $819,654.23 | | Modified Total: | | $762,473.00 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$819,654.23 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$762,473.00 |
| | | | | $819,654.23 | | | | $762,473.00 |

Total Claims to be Modified: 1

Total Amount as Docketed:  $819,654.23

Total Amount as Modified:  $ 762,473.00

*See Exhibit G for a listing of debtor entities by case number.

Page 1 of 1

**The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, all of the proofs of claim on this Exhibit have been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, <u>et al.</u>                                                      **Twenty-Third Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

**Exhibit G - Debtor Entity Reference**

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44511 | DELPHI MEDICAL SYSTEMS TEXAS CORPORATION |
| 05-44567 | DELPHI MECHATRONIC SYSTEMS, INC. |
| 05-44624 | DELPHI CONNECTION SYSTEMS |
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
                In re                         :         Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :         Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :         (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING (A) DUPLICATE CLAIM, (B) CERTAIN EQUITY CLAIMS, (C)
INSUFFICIENTLY DOCUMENTED CLAIM, (D) CERTAIN CLAIMS NOT REFLECTED ON
DEBTORS' BOOKS AND RECORDS, AND (E) CERTAIN CLAIMS SUBJECT TO
MODIFICATION, MODIFIED CLAIMS ASSERTING RECLAMATION, CLAIM SUBJECT
TO MODIFICATION THAT IS SUBJECT TO PRIOR ORDER, AND MODIFIED CLAIM
ASSERTING RECLAMATION THAT IS SUBJECT TO PRIOR ORDER IDENTIFIED
IN TWENTY-THIRD OMNIBUS CLAIMS OBJECTION

("TWENTY-THIRD OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently

Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E)

Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject

To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That

Is Subject To Prior Order, dated November 19, 2007 (the "Twenty-Third Omnibus Claims

Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
      Twenty-Third Omnibus Claims Objection.

upon the record of the hearing held on the Twenty-Third Omnibus Claims Objection; and after due

deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5)

(as to each, a "Claim"), listed on Exhibits A, B-1, B-2, C, D-1, D-2, E-1, E-2, E-3, and E-43

hereto was properly and timely served with a copy of the Twenty-Third Omnibus Claims

Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And

9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain

Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims

Objection Procedures Order"), the proposed order granting the Twenty-Third Omnibus

Claims Objection, and notice of the deadline for responding to the Twenty-Third Omnibus

Claims Objection.  No other or further notice of the Twenty-Third Omnibus Claims

Objection is necessary.

B.    This Court has jurisdiction over the Twenty-Third Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Third Omnibus Claims

Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the

Twenty-Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408

and 1409.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
fact when appropriate.  See Fed. R. Bankr. P. 7052.

2    DeltaView comparison of pcdocs://chisr01a/573861/4 and pcdocs://chisr01a/573861/8.
Performed on 12/19/2007.

C.      The Claim listed on Exhibit A hereto under the column heading "Claim To Be Expunged" is a duplicate of another Claim filed with this Court (the "Duplicate Claim").

D.      The Claims listed on Exhibit B-1 hereto were filed by holders of Delphi common stock solely on account of their stock holdings (the "Equity Claims").

E.      The Claim listed on Exhibit B-2 hereto was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order (the "Untimely Equity Claim").

F.      The Claim listed on Exhibit C contains insufficient documentation to support the Claim asserted (the "Insufficiently Documented Claim").

G.      The Claims listed on Exhibit D-1 hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

H.      The Claims listed on Exhibit D-2 hereto were modified pursuant to a prior order and contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims That Are Subject To Prior Orders").

I.      The Claims listed on Exhibit E-1 hereto (a) state the incorrect amount or are overstated, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (the "Claims Subject To Modification").

J.      The Claims listed on Exhibit E-2 hereto (a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii)

incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

K.     ~~The Claim listed on~~ ~~Exhibit E-3~~ ~~hereto was modified pursuant to a prior order and states the incorrect amount (the "Claim Subject To Modification That Is Subject To Prior Order").~~

K.     ~~L.~~ The Claim listed on ~~Exhibit E-4~~ The Claim listed on Exhibit E-3 hereto was modified pursuant to a prior order and (a) was filed and docketed against the wrong Debtor and (b) asserts a reclamation demand with respect to which the Debtors and the Claimant have entered into, or the Claimant has consented to, a Reclamation Agreement that establishes the valid amount of the reclamation demand, subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claim Asserting Reclamation That Is Subject To Prior Order").

L.     ~~M.~~ The relief requested in the Twenty-Third Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.       The "Claim To Be Expunged" listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.  The Claim identified on <u>Exhibit A</u> hereto as the "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2.       Each Equity Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and expunged in its entirety.

3.       The Untimely Equity Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

4.       The Insufficiently Documented Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

5.       Each Books And Records Claim listed on <u>Exhibit D-1</u> hereto is hereby disallowed and expunged in its entirety.

6.       Each Books And Records Claim That Is Subject To Prior Orders listed on <u>Exhibit D-2</u> hereto is hereby disallowed and expunged in its entirety.

7.       Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit E-1</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit E-1</u> hereto shall be entitled to (a) recover for any Claim Subject ~~to~~To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified"

column on Exhibit E-1 hereto, subject to the Debtors' right to further object to each such Claim Subject ~~to~~To Modification.  The Claims Subject ~~to~~To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

        8.      Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit E-2 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit E-2 shall be entitled to (a) recover for any Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and denying priority status to such Claimant's reclamation demand, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit E-2 hereto, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit E-2 hereto, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation.  The Modified Claims Asserting Reclamation shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

        ~~9.~~      ~~The "Claim As Docketed" amount, classification, and Debtor listed on~~ ~~Exhibit E-3 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the~~ ~~"Claim As Modified."  The Claimant listed on Exhibit E-3 hereto shall not be entitled to (a)~~ ~~recover for any Claim Subject to Modification That Is Subject to Prior Order in an amount~~ ~~exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a~~ ~~classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c)~~

assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified"
column on Exhibit E-3 hereto, subject to the Debtors' right to further object to each such Claim
Subject to Modification That Is Subject to Prior Order.  The Claim Subject to Modification That Is
Subject to Prior Order shall remain on the claims register, and shall remain subject to future
objection by the Debtors and other parties-in-interest.

9.    10. The "Claim As Docketed" amount, classification, and Debtor listed on
Exhibit E-4 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the
"Claim As Modified."  The Claimant listed on Exhibit E-4The "Claim As Docketed" amount,
classification, and Debtor listed on Exhibit E-3 hereto is hereby revised to reflect the amount,
classification, and Debtor listed as the "Claim As Modified."  The Claimant listed on Exhibit E-3
shall be entitled to (a) recover for the Modified Claim Asserting Reclamation That Is Subject To
Prior Order in an amount exceeding the dollar value listed as the "Modified Total" of the Claim,
unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and
denying priority status to such Claimant's reclamation demand, and/or (b) assert a classification
that is inconsistent with that listed in the "Claim As Modified" column on Exhibit E-43 hereto,
and/or (c) assert the Claim against a Debtor whose case number is not listed in the "Claim As
Modified" column on Exhibit E-43 hereto, subject to the Debtors' right to further object to each
such Modified Claim Asserting Reclamation That Is Subject toTo Prior Order.  The Modified
Claims Asserting Reclamation That Is Subject toTo Prior Order shall remain on the claims register,
and shall remain subject to future objection by the Debtors and other parties-in-interest.

10.    11. For clarity, Exhibit FG hereto displays the formal name of each of the
Debtor entities and their associated bankruptcy case numbers referenced on Exhibits E-1, E-2, E-3,
and E-4,and E-3.

11.      With respect to each Claim for which a Response to the Twenty-Third Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-1, F-2, F-3, F-4, and F-5 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

12.      Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Third Omnibus Claims Objection.

13.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

14.      This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Third Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

15.      Each of the objections by the Debtors to each Claim addressed in the Twenty-Third Omnibus Claims Objection and attached hereto as Exhibits A, B-1, B-2, C, D-1, D-2, E-1, E-2, E-3, F-1, F-2, F-3, F-4, and EF-45 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Third Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

16.     Kurtzman Carson Consultants LLC is hereby directed to serve this

order, including exhibits, in accordance with the Claims Objection Procedures Order.

17.     The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for the

service and filing of a separate memorandum of law is deemed satisfied by the

Twenty-Third Omnibus Claims Objection.


Dated: New York, New York
       December ___, 2007


_____
       UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Wednesday, December 19, 2007 2:54:10 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/573861/4 |
| Document 2 | pcdocs://chisr01a/573861/8 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from> | |
| >Moved to< | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 19 |
| Deletions | 20 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 39 |

# EXHIBIT C

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com slviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | gianni.russello@jpmorgan.com susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

12/21/2007 2:42 PM
Master Service List Overnight Mail

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

12/21/2007 2:42 PM
Master Service List Overnight Mail

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Green & Seifter, Attorneys, PLLC | Robert K. Weiler | 110 West Fayette Street | One Lincoln Center Suite 900 | Syracuse | NY | 13202-1387 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/21/2007 2:41 PM
Carlisle Special parties

# EXHIBIT D

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

12/21/2007 2:42 PM
Master Service List Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1° | Cadiz | | 11006 | Spain | 34 956 226 311 | | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | 401-751-0604 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | 202-887-4288 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | 590 Madison Ave | | New York | NY | 10022-2524 | | 212-872-1000 | 212-872-1002 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| Ambrake Corporation | Brandon J. Kessinger | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5428 | 270-737-3044 | bkessinger@akebono-usa.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Anthony Ostlund & Baer PA | John B Orenstein | 3600 Wells Fargo Ctr | 90 S 7th St | Minneapolis | MN | 55402 | | 612-349-6969 | 612-349-6996 | jorenstein@aoblaw.com | Attorneys for Whitebox Hedged High Yield Partners, LP |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | 205-226-8799 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Bingham McHale LLP | John E Taylor Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | jtaylor@binghammchale.com wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S. A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 2700 First Indiana Plz | 135 N Pennsylvania St | Indianapolis | IN | 46204 | | 317-684-5000 | 317-684-5173 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimilliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | 0039-035-605-671 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc. |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | 202-862-2400 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | 216-241-0816 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Enhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | 212-541-5369 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A. de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel to Cornell University |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-916-2940 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Dreier LLP | Maura I. Russell Wendy G. Marcari | 499 Park Ave | 14th Fl | New York | NY | 10022 | | 212-328-6100 | 212-652-3863 | jguerrier@dreierllp.com | Counsel to SPCP Group LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Drinker Biddle & Reath LLP | Janice B. Grubin | 140 Broadway 39th Fl | | New York | NY | 10005-1116 | | 212-248-3140 | 212-248-3141 | janice.grubin@dbr.com | Counsel to Vanguard Distributors, Inc. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | 302-425-0432 | mbusenkell@eckertseamans.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel to Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel to Federal Express Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | David G Dragich | 500 Woodward Ave Suite 2700 | | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | ddragich@foley.com | Counsel to Intermet Corporation |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | Michael P. Richman | 90 Park Avenue | 37th Floor | New York | NY | 10016-1314 | | 212-682-7474 | 212-687-2329 | mrichman@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | 212-318-3400 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | 210-270-7205 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Garvey Schubert Barer | Roberto Carrillo | 100 Wall St 20th Fl | | New York | NY | 10005 | | 212-965-4511 | 212-334-1278 | rcarrillo@gsblaw.com | Attorney's for Tecnomec S.r.l. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel to Alps Automotive, Inc. |
| Goodwin Procter LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinprocter.com | Counsel to UGS Corp. |
| Goodwin Procter LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinprocter.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | 212-801-6400 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | 713-374-3505 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc. |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | 315-471-3167 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | 212-918-8989 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | 713-547-2600 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Heller Ehrman LLP | Timothy Mehok | Times Square Tower | Seven Times Square | New York | NY | 10036 | | 212-832-8300 | 212-763-7600 | timothy.mehok@hellerehrman.com | Counsel to @Road, Inc. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | 716-819-4645 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation; Co Counsel for Yazaki North America, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | 212-972-1677 | sgross@hodgsonruss.com | Co-Counsel for Yazaki North America, Inc. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | 313-465-7627 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | 248-645-1568 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | 678-384-7034 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | heather@inplaytechnologies.com | Creditor |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | 231-728-2206 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jenner & Block LLP | Ronald P. Roberson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | 212-836-8689 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Riley | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | sdabney@kslaw.com bdimos@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | dbrown@klettrooney.com | Counsel to Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | 816-960-0041 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | 610-738-1217 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel to Methode Electronics, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel to Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel to Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | 973-624-7070 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4003 | | 804-775-1000 | 804-775-1061 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | 248-786-3596 | jdonahue@miheritage.com | Counsel to  Michigan Heritage Bank; MHB Leasing, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | piricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Inc. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | 917-522-3157 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | 609-777-3055 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | 614-752-2441 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | 302- 652-4400 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein, Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | Rfeinstein@pszjlaw.com, Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse, Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | 212-336-2222 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg, Justin S. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | arosenberg@paulweiss.com, jbrass@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | 203-259-0251 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | 724-981-1398 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jjsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | 608-294-4920 | rfp@quarles.com | Counsel for Flambeau Inc. |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. Counsel for Pamela Gellar |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher F. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | 312-258-5600 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | 603-627-8121 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | 609-227-4646 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang, Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | jposta@sternslaw.com jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert M. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | 502-779-8274 502-587-6391 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennessee Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid Brown Raysman & Steiner LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation and Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9139 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| Varnum, Riddering, Schmidt & Howlett LLP | Michael S. McElwee | Bridgewater Place | P.O. Box 352 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Co-Counsel to Tower Automotive, Inc. |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 19 of 20

12/21/2007 2:40 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel to Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | 440-930-8098 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel to National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel to Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 20 of 20

12/21/2007 2:40 PM
Email

# EXHIBIT E

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | 610-230-3064 | Counsel to Airgas, Inc. |
| Akebono Corporation North America | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | Vice President of Administration for Akebono Corporation |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | 212-692-8251 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | 313-496-1200 | Counsel to Kamax L.P.; Optrex America, Inc. |
| Bingham McHale LLP | Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | 317-635-8900 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | Counsel to United Power, Inc. |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | 212-826-8800 | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | 615-321-0555 | Counsel to Averitt Express, Inc. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-8898 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | 248-576-5741 | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 4

12/21/2007 2:38 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | 212-682-4940 | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dykema Gossett PLLC | Brendan G Best Esq | 39577 Woodward Ave Ste 300 | | Bloomfield Hills | MI | 48304 | 248-203-0523 | Attorneys for Tremond City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Gregory J. Jordan | 10 Wacker | Suite 2300 | Chicago | IL | 60606 | 312-627-2171 | Counsel to Tremont City Barrel Fill PRP Group |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | 312-346-7500 | Counsel to Aluminum International, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | 305-349-2300 | Counsel to Ryder Integrated Logistics, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Heller Ehrman LLP | Carren Shulman | Times Square Tower | Seven Times Square | New York | NY | 10036 | 212-832-8300 | Counsel to @Road, Inc. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | 248-723-0396 | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | 678-384-7000 | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | General Counsel to Jason Incorporated |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | 850-763-8421 | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | Counsel to the Pension Benefit Guaranty Corporation |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | (302) 552-4200 | Counsel to Entergy |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | UCC Professional |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-812-8340 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | 804-775-1178 | Counsel to Siemens Logistics Assembly Systems, Inc. |
| Miami-Dade County Tax Collector | Metro-Dade Paralegal Unit | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | Paralegal Collection Specialist for Miami-Dade County |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 4

12/21/2007 2:38 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | 908-722-0700 | Counsel to Rotor Clip Company, Inc. |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | Counsel to WL. Ross & Co., LLC |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | 312-849-2020 | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | Counsel to Ambrake Corporation; Akebono Corporation |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423 | | |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | Corporate Secretary for Professional Technologies Services |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | 973-621-3200 | Counsel to Jason Incorporated, Sackner Products Division |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | 312-258-5500 | Counsel to Means Industries |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | 860-251-5811 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | 201-930-7483 | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | 248-352-4700 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 4

12/21/2007 2:38 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | 212-806-5400 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. a |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | Attorneys for Sanders Lead Co., Inc. |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | Conflicts counsel to Debtors |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | 412-562-2549 | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | 614-464-6422 | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | 614-464-8322 | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | 817-810-5250 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | 714-966-1000 | Counsel to Toshiba America Electronic Components, Inc. |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | 512-370-2800 | Counsel to National Instruments Corporation |
| WL Ross & Co., LLC | Stephen Toy | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | 212-826-1100 | Counsel to WL Ross & Co., LLC |

# EXHIBIT F

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 11910
(CARLISLE ENGINEERED PRODUCTS INC.)

PLEASE TAKE NOTICE that on October 31, 2006, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of claim number 11910 (the "Proof of Claim") filed by Carlisle Engineered Products Inc. (the "Claimant") pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Second Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered November 20, 2007 (Docket No. 10994), a claims objection hearing (the "Claims Objection Hearing") for purposes of holding an evidentiary hearing on the merits of the Proof of Claim was scheduled for February 7, 2008, at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Order"), the Claims Objection Hearing for purposes of holding an evidentiary hearing on

2

the merits of the Proof of Claim is hereby adjourned to February 20, 2008, at 10:00 a.m. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will proceed in accordance with the procedures provided in the Order unless such procedures are modified in accordance with Paragraph 9(k) thereof.  Those deadlines calculated based on the hearing date or the notice date shall be calculated based on the February 20, 2008 hearing date or the December 19, 2007 notice date, as applicable, rather than the original February 7, 2008 hearing date or the original December 5, 2007 notice date.  Please review the Order carefully – failure to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Debtors may further

adjourn the Hearing at any time at least five business days prior to the scheduled hearing upon

notice to the Court and the Claimant.


Dated:  New York, New York
            December 19, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM LLP

                                        By:   /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr. (JB 4711)
                                              John K. Lyons (JL 4951)
                                              Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700



                                        By:   /s/ Kayalyn A. Mararioti
                                              Kayalyn A. Marafioti (KM 9632)
                                              Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                              Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :
In re                        :      Chapter 11
                            :
DELPHI CORPORATION, et al.,     :      Case No. 05-44481 (RDD)
                            :
            Debtors.     :      (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

> December 13, 2006 at 10:00 a.m. (prevailing Eastern time)
>
> January 12, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> February 14, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.    Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth

Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy

Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest

must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format), (d) be submitted in hard copy form directly

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no

later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus

Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

        3.      Every Response must contain at a minimum the following:

        (a)      the title of the claims objection to which the Response is directed;

        (b)      the name of the claimant (each holder of a proof of claim, a "Claimant") and a brief description of the basis for the amount of the claim;

        (c)      a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

        (d)      unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.    Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, provided that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; provided, however, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.    To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.    The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

5

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

7.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

8.    Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

9.    The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

(a)    Adjournment Of Claims Hearing.

(i)    All Contested Claims for which a timely Response is filed shall be
automatically adjourned to a future hearing, the date of which shall be determined by the Debtors,
in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors
may send such notice to each Claimant when they deem it appropriate to do so, subject to the
requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

6

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)    for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)    for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>, <u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)    <u>Sufficiency Hearing Procedures</u>.

(i)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)    To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)    <u>Mandatory Meet And Confer</u>.

(i)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

7

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)    If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)    The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)    Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

8

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e)    <u>Claimant's Supplemental Response</u>.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i)    The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided</u> <u>further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii)    The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

9

(f)    <u>Debtors' Supplemental Reply</u>.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)    The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); <u>provided</u>, <u>however</u>, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; <u>provided</u> <u>further</u>, <u>however</u>, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; <u>provided</u>, <u>however</u>, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    <u>Mandatory Non-Binding Summary Mediation</u>.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

10

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)        Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)       The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)      If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)      If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)       If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)      A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)     Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(viii)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

(h)    <u>Claims Objection Hearing Discovery</u>.  If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)    That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Claimant respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)    That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Debtors respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

12

(iv)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)    Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)    <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)    <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)    <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

10.    The procedures approved herein shall not apply to claims filed by Banc of America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce, Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH, the State of California Environmental Protection Agency, the State of Michigan Environmental Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties, Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760) (collectively, the "Excluded Parties") for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures.

11.    With respect to the claim of Gary Whitney ("Mr. Whitney") (claim number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request.

12.    The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC ("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

14

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix

Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix

Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated

pursuant to its terms.

13.     Nothing in this Order shall preclude any right to seek estimation of a claim

under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay

under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to

seek protection of information under section 107(b) of the Bankruptcy Code or any right not

specifically addressed in this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

15.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
          December 6, 2006


                                    /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE

15

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                            Debtors.        :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

        PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to the Order by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
          _____ _, 200_

                            BY ORDER OF THE COURT

                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                            SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                               - and -

                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                            SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

            - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

            PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
_____ \_, 200\_

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP

By:_____
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

By:_____
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :
      In re                         :     Chapter 11
                                       :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                       :
                    Debtors.    :     (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
        _____ _, 200_

                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM LLP

                                    By:_____
                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 4951)
                                        Ron E. Meisler (RM 3026)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois  60606
                                    (312) 407-0700

                                    By:_____
                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession

EXHIBIT D

LIST OF MEDIATORS

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                      Debtors.        :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

2

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.

Dated:  New York, New York
           _____ _, 200_

                               SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM LLP

                               By:_____
                                 John Wm. Butler, Jr. (JB 4711)
                                 John K. Lyons (JL 4951)
                                 Ron E. Meisler (RM 3026)
                               333 West Wacker Drive, Suite 2100
                               Chicago, Illinois  60606
                               (312) 407-0700

                               By:_____
                                 Kayalyn A. Marafioti (KM 9632)
                                 Thomas J. Matz (TM 5986)
                               Four Times Square
                               New York, New York 10036
                               (212) 735-3000

                               Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

# EXHIBIT G

Delphi Corporation
Response Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Davis, Polk & Wardwell | Donald Bernstein<br>Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092<br>212-450-4213 | 212-450-3092<br>212-450-3213 | donald.bernstein@dpw.com<br>brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com<br>karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler<br>Bonnie Steingart<br>Vivek Melwani<br>Jennifer L Rodburg<br>Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com<br>sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | gianni.russello@jpmorgan.com<br>susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com<br>rtrust@stblaw.com<br>wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com<br>jlyonsch@skadden.com<br>rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com<br>tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255<br>does not take service via fax | | Counsel to United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/21/2007 2:43 PM
Response Service List 070530

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---------|---------|----------|----------|------|-------|-----|
| Attorney General Michael A. Cox | Attn: Peggy A. Housner, Assistant Attorney General | 3030 W. Grand Boulevard | 10th Floor--Suite 200 | Detroit | MI | 48202 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/21/2007 2:42 PM
Michigan Special Parties

# EXHIBIT H

**Hearing Date:  January 10, 2008**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :         Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :         Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :         (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 6354, 6383, 9272, AND 16633
(STATE OF MICHIGAN, DEPARTMENT OF TREASURY)


("SUPPLEMENTAL REPLY –
STATE OF MICHIGAN, DEPARTMENT OF TREASURY")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Supplemental Reply With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633[1] (State Of Michigan, Department Of Treasury) (this "Supplemental Reply") and respectfully represent as follows:

<u>Preliminary Statement</u>

1.    For their tax years 2002 through 2004, the Debtors took the seemingly unusual step of deferring significant deductions for research and experimental expenditures ("R&E Expenses") when computing federal taxable income for federal income tax reporting, which all things being equal would have increased the amount of their federal income tax liability.  By deferring the deduction of R&E Expenses, the Debtors were able to decrease the amount of their federal taxable loss and thereby reduce their federal net operating loss carry-forwards for tax years 2002 through 2004.  By reducing their net operating loss carry-forwards, the Debtors were able to (i) use certain foreign tax credits to offset the Debtors' federal tax liability in future years and (ii) preserve additional R&E Expense deductions for future tax years.  Because the foreign tax credits would have expired within ten years, much more quickly than any net operating losses carry-forwards arising from R&E Expense deductions, and because

---

[1]    As set forth in the Debtors' Statement of Disputed Issues With Respect To Proofs of Claim Numbers 6354, 6383, 9272, and 16633 (State of Michigan, Department of Treasury) (Docket No. 10884), on October 17, 2007 the State of Michigan, Department of Treasury ("Michigan") filed proof of claim number 16724, which amended and superseded proof of claim 16633.  In fact, in Michigan's Supplemental Response To Debtors' Statement Of Disputed Issues With Respect To Proofs Of Claim Numbers 6354, 6383, 9272 And 16633 (State Of Michigan, Department Of Treasury) (Docket No. 11296), Michigan claims that proof of claim number 16724 is the only surviving priority claim against Delphi.  The Debtors have previously objected to the proof of claim 16724 and Michigan filed a response to the objection and therefore the claim has been adjourned to a later time.  Because the issues relating to proofs of claim 9272 and 16633 are identical to the issues raised by proof of claim 16724, however, the Debtors request that any determination with respect to proofs of claim 9272 and 16633 apply to proof of claim 16724 as well.

2

foreign tax credits can offset only tax on foreign source income while net operating losses can offset both domestic and foreign source income, the Debtors opted to maximize the application of the foreign tax credits.  Taxpayers are able to defer R&E Expense deductions because under section 59(e) of the Internal Revenue Code ("I.R.C.") taxpayers may either deduct the full current amount of R&E Expenses or capitalize some or all of such expenses and amortize the deduction over ten years.

2.    In contrast, the Michigan Single Business Tax ("Michigan SBT" or "SBT") does not contain or provide for use of foreign tax credits to offset SBT liability.  Thus, the Debtors had no reason to defer their R&E Expenses with respect to their SBT return and thereby increase their SBT liability.  Accordingly, for SBT purposes the Debtors deducted the full amount of R&E Expenses when calculating their "federal taxable income," which under the SBT Act is "business income," the starting point for calculating their tax base under the SBT Act.  As explained below, the Michigan SBT Act permits and contemplates that taxpayers may calculate their federal taxable income for SBT purposes in a manner beneficial to the taxpayer, so long as the calculation is done in accordance with one of two permitted versions of the I.R.C.

3.    Michigan's position is essentially that a taxpayer may not use one of the statutorily permitted methods for calculating federal taxable income to determine its business income for SBT purposes, but instead must transpose to its SBT return the actual dollar amount found on the "taxable income" line of the taxpayer's as-filed federal return, federal income tax Form 1120 or Form 1120A.  This position is inconsistent with the Michigan SBT Act, which does not require mere transposition of "taxable income" from a federal return to the SBT return.  To the contrary, the SBT Act permits calculation of "federal taxable income" in accordance with one of two versions of the I.R.C., one of which would not have any corresponding actual federal

3

return filed with the IRS (thus undermining Michigan's position that a taxpayer must merely

transpose the taxable income from a federal return onto an SBT return). The Debtors have

therefore properly calculated their SBT liability for 2002 through 2004 and Michigan's proofs of

claim, to the extent they assert SBT liability, should be disallowed in their entirety.

4.       As noted below, Michigan has recently issued an audit determination that

the Debtors have no SBT liability for 2001. Therefore, for the reasons described herein, the

Debtors request that this Court find that the Debtors have no liability for SBT taxes for tax years

2001, 2002, 2003, and 2004.

<u>Background</u>

5.       During each of their tax years 2002, 2003, and 2004, the Debtors incurred

substantial expenditures that constituted R&E Expenses under section 174 of the I.R.C. As

noted above, when the Debtors computed their federal taxable income for federal income tax

reporting for tax years 2002, 2003, and 2004, the Debtors elected to capitalize certain of these

R&E Expenses and to amortize them over ten years. This was done to reduce the federal net

operating loss carry-forwards from those tax years. This allowed the Debtors to use certain

foreign tax credits to offset federal tax liability in future tax years which otherwise would have

expired if not used within ten years. In contrast, federal net operating losses arising from R&E

Expenses or otherwise can be carried forward as long as 20 years. Accordingly, the Debtors

elected under I.R.C. § 59(e) to amortize the R&E Expenses over ten years and thereby reduce

their net operating losses for tax years 2002, 2003, and 2004. (<u>See</u> Declaration of James P.

Whitson executed on December 19, 2007 (the "Whitson Decl."), attached hereto as <u>Exhibit A</u>,

¶ 4).

4

6.    When calculating their "business income" under the SBT for tax years 2002, 2003, and 2004, however, the Debtors chose to calculate their federal taxable income for SBT purposes by deducting the full amount of R&E Expenses for each tax year.[2]  The Debtors included a schedule with each applicable SBT return or amended SBT return showing the calculation for SBT purposes of federal taxable income, which under the SBT Act is "business income." (Whitson Decl. ¶ 5.)  Redacted versions of these schedules are attached hereto as Exhibits B.

7.    Michigan has filed proofs of claim asserting that the Debtors' SBT liability for 2002 through 2004 is as follows:

| Year | Tax | Prepetition Interest |
|------|-----|----------------------|
| 2002 | $3,985,924 | $516,342.37 |
| 2003 | $3,184,581 | $242,327.56 |
| 2004 | $2,269,304 | $ 57,931.21 |

8.    The Debtors do not dispute that if they were required to calculate their SBT liability as Michigan contends, these amounts from Michigan's proofs of claims would be allowed with respect to the Debtors' SBT liability for tax years 2002 through 2004.  Conversely, Michigan has not disputed that if the SBT Act permits the Debtors to prepare SBT returns as they have done, the Debtors have no SBT liability for tax years 2002 through 2004.

---

[2]    As noted below, the group of Delphi entities filing the consolidated federal return was different than the group of Delphi entities filing the consolidated SBT return.

5

<u>Argument</u>

A.    <u>The Final Audit Letter Indicates No Liability For 2001 SBT Taxes</u>

9.    The Debtors' records reflect that they have no unpaid SBT tax liability for tax year 2001.  A Final Audit Determination Letter dated June 21, 2007 indicates that Delphi is owed an $88 refund for 2001 SBT taxes and no amounts are due or owing.  (Whitson Decl. ¶ 10.) A redacted copy of the Final Audit Determination Letter is attached hereto as <u>Exhibit C</u>.  Claim 6354 should therefore be disallowed with respect to SBT taxes.

B.    <u>The Debtors Properly Computed Their 2002 Through 2004 SBT Taxes</u>

10.    The Debtors' liability for the SBT tax claims asserted by Michigan for 2002 through 2004 hinges on a single issue:  the Debtors' treatment of R&E Expenses in their Michigan SBT returns.  For federal income tax purposes, I.R.C. § 59(e) permits the Debtors to choose to amortize their R&E Expenses over a period of ten years using a straight-line method rather than deducting all such expenses in the year incurred.  Because the Debtors sought to reduce certain federal net operating loss carry-forwards for tax years 2002 through 2004, the Debtors elected to amortize R&E Expenses for 2002 through 2004, and thereby both defer the tax deductions to future tax years and permit the Debtors to use certain foreign tax credits to reduce their federal tax liability in future years.

(a)    The Debtors' Deductions Of R&E Expenses Were Appropriate In Computing Federal Taxable Income Used To Determine SBT Business Income

11.    With respect to Michigan SBT liability for tax years 2002 through 2004, the Debtors chose to compute their business income (as defined in Mich. Comp. Laws

6

§ 208.3(3)[3] by deducting all R&E Expenses in the year incurred.  For each of those tax years,

the Debtors included a schedule that reconciled the difference between their treatment of R&E

Expenses when calculating their federal taxable income for federal purposes and when

calculating their federal taxable income for SBT purposes.  See Exhibits B.  During audit,

however, Michigan adjusted the Debtors' treatment of R&E Expenses.  Michigan's auditors

determined that the Debtors must compute their business income exactly the same way they

computed their federal taxable income for federal income tax reporting for each year, resulting in

a much higher SBT liability.[4]  (Whitson Decl. ¶ 7.)

　　　　　12.　　Michigan admits that Delphi is "allowed to elect to compute its federal

taxable income with either the 10-year amortization of its R&E or by taking the full R&E

expenditure for the tax year it incurred the expense."  See Supp. Response at 7-8.  But Michigan

contends that "what is reported as federal income federally is what is required to be utilized for

SBT . . . [because] Michigan's policy is that the taxable income listed on the federal US-1120

---

[3]　　　"'Business income' means federal taxable income . . . ."

[4]　　　Michigan alleges that the Debtors prepared two sets of federal Forms US-1120:  one for their federal return
and one that was attached to the Michigan SBT returns.  See Supp. Response at 9.  This is not quite
accurate.  For tax years 2002 and 2003, the Debtors filed their federal Form US-1120 taking the full
deduction for R&E Expenses under I.R.C. § 59(e).  While the federal audit for 2002 and 2003 was in
progress, the Debtors chose to amortize the R&E Expenses under I.R.C. § 59(e).  This adjustment was
reflected in the federal Revenue Agent Report ("RAR") along with other adjustments that resulted in an
amended amount of taxable income for tax years 2002 and 2003.  The Debtors did not file an amended
federal Form US-1120 for 2002 or 2003.  As required by Mich. Comp. Laws § 208.75(2), however, the
Debtors filed amended Michigan SBT returns to reflect the federal RAR adjustments for those tax years.
When filing the amended Michigan SBT returns for tax years 2002 and 2003, the Debtors chose not to
amortize the R&E Expenses on their amended SBT returns, even though the Debtors made a federal
election to amortize R&E Expenses as part of the federal RAR adjustments.  To clarify the difference
between the I.R.C. § 59(e) election used to compute the Debtors' federal taxable income and the R&E
accounting method used to compute business income for Michigan SBT purposes, the Debtors' amended
Michigan SBT returns included a schedule reconciling the difference between currently expensing R&E
expenses versus amortizing them under I.R.C. § 59(e).  Thus, for tax years 2002 and 2003, the Debtors
filed only one federal Form US 1120 for each tax year, but changes from the federal RAR adjustments
required the Debtors to file amended SBT returns in accordance with Mich. Comp. Laws § 208.75(2).
(Whitson Decl. ¶ 6.)

form for a specified tax year must be identical to the business income reported in the Michigan

SBT." Supp. Response at 8-9. These statements are not only conclusory and without any

backup or support, but they also do not follow from the plain language of the Michigan SBT

statute. Indeed, Michigan has not provided any statutory, regulatory, or formal support for its

conclusory policy statement.

13. Michigan claims that SBT taxpayers must take the number from line 30 of

federal Form US-1120 (taxable income) and report the same number on line 11 of the SBT form

(business income).[5] The instructions for the SBT return state that for business income for

corporations, "[e]nter federal taxable income from U.S. 1120 or 1120A." See Exhibit E at 16.

As explained below, this instruction does not follow from the language of the SBT Act. Nor

does it carry the force of law. The Michigan Supreme Court has stated that "[i]n order for an

agency regulation, statement, standard, policy, ruling, or instruction of general applicability to

have the force of law, it must fall under the definition of a properly promulgated rule. If it does

not it is merely explanatory." Danse Corp. v. City of Madison Heights, 644 N.W.2d 721, 725

(Mich. 2002). With respect to instructions relating to the SBT return, one court has noted that

there is "no evidence that the [SBT] instruction pamphlet was properly promulgated under the

Administrative Procedures Act." ADAC Plastics, Inc. v. Dep't. of Treasury, Case No. 00-307524,

2006 WL 2085040, at *3 (Mich. App. Ct. July 27, 2006). Thus, the instructions on the SBT

form are merely explanatory and are not binding law. And as explained immediately below, they

are contrary to the plain language of the SBT Act.

---

[5]     For illustrative purposes, the 2004 version of federal Form-US 1120 is attached hereto as Exhibit D and the
2004 version of the SBT Annual Tax Return form is attached hereto as Exhibit E.

8

       (b)      The Plain Language Of The SBT Act Allows For Different
                 Calculations Of Federal Taxable Income Used To Determine SBT
                 Business Income

14.      The Michigan SBT Act does not require the Debtors to compute their

business income each year exactly the same as their federal taxable income reported on their

Form US-1120.  As long as the Debtors determine their business income as federal taxable

income in accordance with the I.R.C. (as required by Mich. Comp. Laws § 208.5(3)-(4)), that

business income is acceptable as the starting point in determining its SBT liability even if not the

same as the federal taxable income reported on the Debtors' federal return, Form US-1120.  In

addition, if the Debtors were required to calculate "federal taxable income" for SBT purposes

using the identical calculations employed for federal purposes, Michigan would be penalizing the

taxpayer for making strategic decisions at the federal level based on certain tax credit benefits

offered only at the federal level and which do not apply and are unavailable for Michigan SBT

purposes.

15.      A corporation computes its SBT tax base starting with its "business

income."  Mich. Comp. Laws § 208.9(1).  "Business income" is defined as the corporation's

federal taxable income.  Mich. Comp. Laws § 208.3(3).  "'Federal taxable income' means taxable

income as defined in section 63 of the internal revenue code."  Mich. Comp. Laws § 208.5(3).

Notably, and contrary to Michigan's assertion otherwise, the definition does not mandate the use

of, or even refer to, the federal taxable income that appears on the taxpayer's Form US-1120

federal return, but rather it refers solely to the Internal Revenue Code definition of taxable

income.  "'Internal revenue code' means the United States internal revenue code of 1986 in effect

on January 1, 1999 <u>or, at the option of the taxpayer, in effect for the tax year</u>" for which the

return is filed.  Mich. Comp. Laws § 208.5(4) (emphasis added).[6]

    16.    Thus, the SBT Act does not require that a corporation's business income

for a tax year must be identical to its Form US-1120 taxable income.  Such a statutory

construction would be inconsistent with Mich. Comp. Laws § 208.5(4), which gives a taxpayer

the option to choose annually for SBT purposes the version of the I.R.C. in effect for that year

rather than the default version of the I.R.C. in effect as of January 1, 1999.  The two available

versions of the I.R.C. may result in different computations of federal taxable income.  Obviously,

a taxpayer would choose to use the version of the I.R.C. in effect for the year for which the

return was filed only if it were more beneficial to the taxpayer than using the I.R.C. in effect on

January 1, 1999.  Therefore, for any year other than 1999, the SBT Act is premised on the notion

that there can be a difference between federal taxable income as reported on a taxpayer's Form

US-1120 and the computation of federal taxable income used to determine its business income

under the SBT Act.  Thus, a corporation such as Delphi can compute its SBT business income

differently than its federal taxable income as reported on its federal Form US-1120, provided it

uses the SBT-mandated definition of federal taxable income under one of the permitted versions

of the I.R.C.

    17.    Furthermore, in another definitional section of the Michigan SBT Act, the

statute, as part of its definition of "compensation," provides:  "Compensation also includes, on a

cash or accrual basis <u>consistent with the taxpayer's method of accounting for federal income tax</u>

---

[6]    The default I.R.C. under the Michigan SBT Act for computing "business income" is the I.R.C. in effect on January 1, 1999, rather than the I.R.C. in effect for the year for which the return was filed.  Thus, the default I.R.C. for SBT purposes would be different than the current year version of the I.R.C. required to be used for Form US-1120 filed with the Internal Revenue Service.

10

purposes . . . ."  Mich. Comp. Laws § 208.4(3) (emphasis added).  Therefore, when the SBT Act

requires that a taxpayer report any items on its SBT return in the exact same manner that it

reports those items on its federal income tax return, the statute expressly set outs that

requirement as the SBT Act did with respect to cash or accrual accounting within its definition of

"compensation."  No similar requirement with respect to reporting business income appears

within the definition of "business income" or any other provision of the SBT Act.  See Mich.

Comp. Laws § 208.3(3).  Had the drafters of the SBT Act intended for "business income" to be

"consistent with the taxpayer's method [used] for federal income tax purposes," they could have

so provided in the statute.  The lack of this explicit language in the definition of "business

income," together with the notion that a taxpayer may choose which version of the I.R.C. to

apply when computing "business income," indicate that the taxpayer's federal taxable income as

set forth on its federal Form US-1120 need not be identical to its "business income" for SBT

purposes.[7]

            18.      Moreover, the federal Form US-1120 filed by the Debtors was for a

consolidated group of several Delphi entities, many of which were not subject to the Michigan

SBT.  The consolidated Michigan SBT return permitted under Michigan law included only a

subset of the entities that were included in the federal consolidated Form US-1120.  Putting aside

the issue of an accounting election under I.R.C. § 59(e), applying Michigan's self-proclaimed

"policy" of requiring that a taxpayer's SBT business income be exactly the same as its taxable

---

[7]       To the extent that Michigan argues or this Court finds that the Michigan SBT Act is ambiguous in any way,
the SBT Act must be construed in favor of the taxpayer and against the state of Michigan.  See In re Dodge
Bros., Inc., 217 N.W. 777, 779 (Mich. 1928) ("The scope of tax laws may not be extended by implication
or forced construction.  Such laws may be made plain, and the language thereof, if dubious, is not resolved
against the taxpayer.").

income on its Form US-1120 would be illogical where the subset of entities included on the SBT

return is smaller than the group of entities included on the federal consolidated Form US-1120.

Therefore, applying Michigan's "policy" would be impractical and would lead to an absurd

result.[8]

---

[8]    A predecessor-in-interest to Debtor Delphi Automotive Systems LLC was a member of a corporate group
that in certain years during the 1990s similarly accounted for R&E expenses on its consolidated SBT
returns by deducting them in the year incurred while amortizing those expenses on its consolidated federal
return.  Michigan auditors specifically reviewed that SBT accounting for R&E Expenses and did not adjust
it during more than one audit.  (Whitson Decl. ¶ 9.)

In Michigan, all taxpayers must be treated similarly and fairly.  The Debtors understand, based on
information provided to them, that Michigan has allowed other taxpayers who elect to amortize R&E
Expenses under I.R.C. § 59(e) when computing federal taxable income for federal tax reporting purposes to
calculate taxable income for SBT purposes without the I.R.C. § 59(e) election.  The Debtors understand
that Michigan accepted that accounting treatment during previous audits.  To the extent that Michigan is
taking a contrary position now with respect to Delphi, Michigan may be in violation of the Equal Protection
Clauses of the United States Constitution and the Michigan Constitution, as well as the Uniformity of
Taxation Clause of the Michigan Constitution.  The Debtors are conducting discovery with respect to these
issues and reserve their right to supplement their pleadings in accordance with this Court's order governing
these proceedings.

<u>Conclusion</u>

WHEREFORE the Debtors respectfully request that this Court enter an order

(a) disallowing and expunging proofs of claim numbers 6383, 9272, and 16633, (b) disallowing

proofs of claim numbers 6354 and 16724 to the extent that they assert SBT liability, and

(c) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          December 19, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr. (JB 4711)
                                    John K. Lyons (JL 9331)
                                    Albert L. Hogan, III (AH 8807)
                                    Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                    - and -

                              By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, <u>et al.</u>,
                                 Debtors and Debtors-in-Possession

13

# Exhibit A

Hearing Date & Time:  January 10, 2008 at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
        In re                       :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
        Debtors.                    :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DECLARATION OF JAMES P. WHITSON IN SUPPORT OF DEBTORS'
SUPPLEMENTAL REPLY WITH RESPECT TO PROOFS OF CLAIM
NUMBERS 6354, 6383, 9272, AND 16633
(STATE OF MICHIGAN, DEPARTMENT OF TREASURY)

James P. Whitson Declaration

I, James P. Whitson, declare as follows:

1.      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors").  I submit this declaration in support of the Debtors' Supplemental Reply With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633 (State Of Michigan, Department Of Treasury) (the "Supplemental Reply").  Capitalized terms used but not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2.      I am the Chief Tax Officer of Delphi.  I am responsible for directing Delphi's global tax and customs planning and reporting.  I have been employed by Delphi since August 1998.  Before joining Delphi, I was the Vice President, Assistant Treasurer and Director of Taxes at ITT.  During my more than 17 years at ITT, I was responsible for a broad range of tax matters and directed activities of outside tax counsel and accountants.  I received an MBA from Harvard Business School in 1971 and a Bachelor in Economics from Davidson College in 1966.  I am a Certified Public Accountant and a member of the American Institute of Certified Public Accountants, the Tax Executives Institute, the Financial Executives Institute, and the International Fiscal Association.

3.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, and my experience with and knowledge of Delphi's tax matters, or are based upon knowledge obtained from Delphi's employees reporting to me in the course of their duties.  If I were called upon to testify, I could and would testify to the facts set forth herein.

4.      During each of their tax years 2002, 2003 and 2004, the Debtors incurred substantial expenditures that constituted research and experimental expenditures ("R&E

2

James P. Whitson Declaration

Expenses") under section 174 of the Internal Revenue Code ("I.R.C."). When the Debtors

computed their federal taxable income for 2002, 2003, and 2004, the Debtors elected to

capitalize certain of these R&E Expenses and to amortize them over ten years. This was done in

order to reduce federal net operating loss carry-forwards from those tax years. Taking this

approach allowed the Debtors to use certain foreign tax credits to offset federal tax liability in

future tax years which otherwise would have expired if not used within ten years. In contrast,

federal net operating losses arising from R&E Expenses or otherwise can be carried forward as

long as 20 years. Accordingly, the Debtors elected under I.R.C. § 59(e) to amortize the R&E

Expenses over ten years and thereby reduce their net operating losses for tax years 2002, 2003,

and 2004.

   5.  When calculating their "business income" under the Michigan Single

Business Tax Act ("SBT") for tax years 2002, 2003, and 2004, however, the Debtors chose to

calculate their federal taxable income for SBT purposes by deducting the full amount of R&E

Expenses for each tax year. The Debtors included a schedule with each applicable SBT return or

amended SBT return showing the calculation for SBT purposes of federal taxable income, which

under the SBT Act is "business income," the starting point for calculating their tax base under

the SBT Act.

   6.  The Debtors' federal tax returns, as originally filed, deducted the full

amount of R&E expenses for tax years 2002 and 2003. While the federal audit for 2002 and

2003 was in progress, the Debtors chose to amortize the R&E Expenses under I.R.C. § 59(e).

This adjustment was reflected in the federal Revenue Agent Report ("RAR") along with other

adjustments that resulted in an amended amount of taxable income for tax years 2002 and 2003.

The Debtors did not file an amended federal Form US-1120 for 2002 or 2003. The Debtors filed

3

James P. Whitson Declaration

amended Michigan SBT returns, however, to reflect the federal RAR adjustments for those tax years.  Thus, for tax years 2002 and 2003, Delphi filed only one federal Form US-1120 for each tax year, but changes from the federal RAR adjustments required Delphi to file amended SBT returns in accordance with Mich. Comp. Laws § 208.75(2).

7.    During audit, however, Michigan adjusted the Debtors' treatment of R&E Expenses.  Michigan's auditors determined that the Debtors must compute their business income exactly the same way they computed their federal taxable income for each year, resulting in a much higher SBT liability.

8.    The Debtors do not dispute that if they were required to calculate their SBT liability as Michigan contends, these amounts from Michigan's proofs of claims would be allowed with respect to the Debtors' SBT liability for tax years 2002 through 2004.

9.    A predecessor-in-interest to Debtor Delphi Automotive Systems LLC was a member of a corporate group that in certain years during the 1990s similarly accounted for R&E Expenses on its consolidated SBT returns by deducting them in the year incurred while amortizing those expenses on its consolidated federal return.  Michigan auditors specifically reviewed such SBT accounting for R&E Expenses and did not adjust it during more than one audit.

4

James P. Whitson Declaration

10.    The Debtors' records reflect that they have no unpaid SBT tax liability for tax year 2001.  A Final Audit Determination Letter dated June 21, 2007 indicates that Delphi is owed an $88 refund for 2001 SBT taxes and no amounts are due or owing.  A redacted copy of that letter is attached to the Supplemental Reply as Exhibit C.

11.    I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2007.

/s/ James P. Whitson
_____
JAMES P. WHITSON

5

Exhibit B

**REDACTED**

**Delphi Corporation & Subsidiaries**
**F.E.I.N. 38-3430473**
**2002 Adjustment to Federal Taxable Income**

This return reflects an adjustment to the 2002 Delphi Corporation & Subsidiaries Federal pro-forma return included in the 2002 Delphi Corporation and Subsidiaries Consolidated Federal income tax return as filed. The adjustment reflects the reversal of the 2002 election to capitalize R & E expenditures under I.R.C. Section 59(e). This election reverses the net R & E capitalization reported by Delphi Corporation and Subsidiaries on its separate Federal pro-forma return and also adds back the prior year amortized amounts.

RECONCILIATION

|  | Delphi | Delco | DTI | Exhaust |
|---|---|---|---|---|
| Fed. Tax. Inc.(loss) | | | | |
| Current Yr. Net 59(e) adj. | * | | | |

**REDACTED**

| **REDACTED** | | | | |
| Business Income | | | | |

| Gross Sec. 59(e) Adj. | | | | |

**REDACTED**

| 2002 Sec. 59(e) Amort.(1/10th) | | | | |
| *Net Current Yr. 59(e) | | | | |

Further details available upon audit.

REDACTED

**Delphi Corporation & Subsidiaries**
**F.E.I.N. 38-3430473**
**2003 Adjustment to Federal Taxable Income**

This return reflects an adjustment to the 2003 Delphi Corporation & Subsidiaries Federal pro-forma return included in the 2003 Delphi Corporation and Subsidiaries Consolidated Federal income tax return as filed. The adjustment reflects the reversal of the 2003 election to capitalize R & E expenditures under I.R.C. Section 59(e). This election reverses the net R & E capitalization reported by Delphi Corporation & Subsidiaries on its separate Federal pro-forma return and also adds back the prior year amortized amounts.

RECONCILIATION

|  | Delphi | Delco | DTI | Exhaust |
|---|---|---|---|---|
| Fed. Tax. Inc.(loss) |  | REDACTED |  |  |
| 2003  Net 59(e) adj | * |  |  |  |
|  | REDACTED |  |  |  |
| 2002 Amortization  (1/10th) | _____ | _____ | _____ | _____ |
| Business Income | _____ | _____ | _____ | _____ |
|  |  |  |  |  |
| Gross Sec. 59(e) Adj. |  | REDACTED |  |  |
| 2003 Sec. 59(e) Amort.(1/10th) | _____ | _____ | _____ | _____ |
| *Net Current Yr. 59(e) | _____ | _____ | _____ | _____ |

Further details available upon audit.

REDACTED

**Delphi Corporation & Subsidiaries**
**F.E.I.N. 38-3430473**
**2004 Adjustment to Federal Taxable Income**

This return reflects an adjustment to the 2004 Delphi Corporation & Subsidiaries Federal
pro-forma return included in the 2004 Delphi Corporation and Subsidiaries Consolidated
Federal income tax return as filed. The adjustment reflects the reversal of the 2004
election to capitalize R & E expenditures under I.R.C. Section 59(e). This election
reverses the net R & E capitalization reported by Delphi Corporation & Subsidiaries on
its separate Federal pro-forma return and also adds back the prior year amortized
amounts.

RECONCILIATION

|  | Delphi | DTI | Exhaust |
|---|---|---|---|
| Fed. Tax. Inc.(loss) | | | |
| | **REDACTED** | | |
| 2004  Net 59(e) adj | * | | |
| **REDACTED** | | | |
| 2002 Amortization (1/10th) | | | |
| 2003 Amortization (1/10th) | _____ | _____ | _____ |
| Business Income | _____ | _____ | _____ |
| | | | |
| Gross Sec. 59(e) Adj. | | | |
| | **REDACTED** | | |
| 2004 Sec. 59(e) Amort.(1/10th) | _____ | _____ | |
| *Net Current Yr. 59(e) | _____ | _____ | |

Further details available upon audit.

Exhibit C

REDACTED

# MICHIGAN DEPARTMENT OF TREASURY
## FINAL AUDIT DETERMINATION LETTER

### Single Business Tax

Taxpayer Name: Delphi Corporation
Account No: 38-3430473

Date: June 21, 2007

Audit Period:    1/1/2001    to    12/31/2004

| | |
|---|---|
| Audit Adjusted Tax Liability or (Refund or Credit) | $ |
| Penalty | |
| Interest | |
| Total Audit Adjusted Tax Liability or (Refund or Credit) | $ ___ |

**REDACTED**

**If it is determined that you owe additional tax, penalty or interest, the Department will send to you a**
**NOTICE OF INTENT TO ASSESS (BILL FOR TAXES DUE).**

As a result of this audit the Department has made the above determination. If this determination denies or reduces a refund that you claim is due you, denies or reduces a credit forward that you claim is due you, or states that you are entitled to a refund or credit that you claim is in an amount less than you believe you are entitled to, this final decision of the Department may be appealed as follows:

- Send a written request for an Informal Conference within <u>60</u> days of the date of this determination to the Office of Hearings, 430 West Allegan Street, Lansing, MI 48922.
- File an appeal within 35 days of the date of this determination with the Michigan Tax Tribunal, 611 W. Ottawa, 2nd Floor, Lansing, MI 48909, or
- File an appeal within 90 days with Michigan Court of Claims, 313 W. Kalamazoo Street, Lansing, MI 48933.

The NOTICE OF INTENT TO ASSESS will explain your right to seek an Informal Conference by sending a written request to the Office of Hearings, 430 West Allegan Street, Lansing, MI 48922 within 60 days of the date of the NOTICE OF INTENT TO ASSESS. If you do not seek an Informal Conference within 60 days of receiving the NOTICE OF INTENT TO ASSESS, the Department will issue a FINAL ASSESSMENT that will advise you of your right to appeal to the Michigan Tax Tribunal within 35 days, or the Michigan Court of Claims within 90 days of the date of the FINAL ASSESSMENT. Appeals to the Court of Claims require that you pay the contested amount and then seek a refund.

If you have questions regarding the appeals process, you may confer with the auditor or contact the Office of Hearings at (517) 636-4100, Michigan Tax Tribunal at (517) 373-3003, or Court of Claims at (517) 483-6500.

Audit conducted by: *Stricklin Owens*, Auditor, Audit Division, Tax Compliance Bureau, Michigan Department of Treasury. If you have questions regarding this final determination, you may confer with the auditor, audit supervisor, or contact the State Administrative Manager.

Dewayne Miller, Acting Administrative Manager
Tax Compliance Bureau
Michigan Department of Treasury
Lansing, MI 48922
Phone:    (517) 636-4200
Fax:      (517) 636-4201

6/25/07
Date

**THIS IS NOT A BILL**

## Suspension of Statute of Limitations:

The running of the statute of limitations is suspended for: (1) The period pending a final determination of tax, including audit, conference, hearing, and litigation of liability for federal income tax or a tax administered by the department and for 1 year after that period; (2) The period for which the taxpayer and the state treasurer have consented to in writing. The running of the statute of limitations is suspended only as to those items that were the subject of the audit, conference, hearing, or litigation for federal income tax or a tax administered by the department.

**REDACTED**

State of Michigan - Department of Treasury                                                        04/18/0
Taxpayer Name:  DELPHI CORPORATION                                    Account Number:    383430473

**SBT Audit Summary**

| | Ref | 01/01-12/01 | 01/02-12/02 | 01/03-12/03 |
|---|---|---|---|---|
| SBT Audit Summary | | | | |
| Determined Tax Due | | (88) | | |
| Interest Due | | 0 | | |
| Penalty Due | | | | |
| Total Amount Due | | (88) | | **REDACTED** |
| Less Credit Audits | | 0 | | |
| Less Unapplied Payments or Prepayments | | 0 | | |
| Net Payment Due | | (88) | | |

| | Ref | 01/04-12/04 | Total |
|---|---|---|---|
| SBT Audit Summary | | | |
| Determined Tax Due | | | |
| Interest Due | | | |
| Penalty Due | | | |
| Total Amount Due | | **REDACTED** | |
| Less Credit Audits | | | |
| Less Unapplied Payments or Prepayments | | | |
| Net Payment Due | | | |

Sch.A
Page 1

Exhibit D

| Form **1120** | **U.S. Corporation Income Tax Return** | | OMB No. 1545-0123 |
|---|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | For calendar year 2004 or tax year beginning .............., 2004, ending .............., 20 ....<br>▶ See separate instructions. | | **2004** |

| A | **Check if:** | | | | **Use IRS label. Other-wise, print or type.** | Name | | B **Employer identification number** |
|---|---|---|---|---|---|---|---|---|
| 1 | Consolidated return (attach Form 851) | | ☐ | | | | | |
| 2 | Personal holding co. (attach Sch. PH) | | ☐ | | | Number, street, and room or suite no. If a P.O. box, see page 9 of instructions. | | C **Date incorporated** |
| 3 | Personal service corp. (see instructions) . | | ☐ | | | | | |
| 4 | Schedule M-3 required (attach Sch. M-3) | | ☐ | | | City or town, state, and ZIP code | | D **Total assets** (see page 8 of instructions)<br>$ |

| E | Check if: | **(1)** ☐ Initial return | **(2)** ☐ Final return | **(3)** ☐ Name change | **(4)** ☐ Address change |
|---|---|---|---|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Income** | 1a | Gross receipts or sales | | **b** Less returns and allowances | | **c** Bal ▶ | **1c** | |
| | 2 | Cost of goods sold (Schedule A, line 8) . . . . . . . . . . . . . | | | | | **2** | |
| | 3 | Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . | | | | | **3** | |
| | 4 | Dividends (Schedule C, line 19) . . . . . . . . . . . . . . | | | | | **4** | |
| | 5 | Interest . . . . . . . . . . . . . . . . . . . . . | | | | | **5** | |
| | 6 | Gross rents . . . . . . . . . . . . . . . . . . . . | | | | | **6** | |
| | 7 | Gross royalties . . . . . . . . . . . . . . . . . . . | | | | | **7** | |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) . . . . . . . | | | | | **8** | |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . . | | | | | **9** | |
| | 10 | Other income (see page 11 of instructions—attach schedule) . . . . . . | | | | | **10** | |
| | 11 | **Total income.** Add lines 3 through 10 . . . . . . . . . . . ▶ | | | | | **11** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Deductions (See instructions for limitations on deductions.)** | 12 | Compensation of officers (Schedule E, line 4) . . . . . . . . . . | | | | | **12** | |
| | 13 | Salaries and wages (less employment credits) . . . . . . . . . . | | | | | **13** | |
| | 14 | Repairs and maintenance . . . . . . . . . . . . . . . . | | | | | **14** | |
| | 15 | Bad debts . . . . . . . . . . . . . . . . . . . . | | | | | **15** | |
| | 16 | Rents . . . . . . . . . . . . . . . . . . . . . | | | | | **16** | |
| | 17 | Taxes and licenses . . . . . . . . . . . . . . . . . | | | | | **17** | |
| | 18 | Interest . . . . . . . . . . . . . . . . . . . . . | | | | | **18** | |
| | 19 | Charitable contributions (see page 14 of instructions for 10% limitation) . . | | | | | **19** | |
| | 20 | Depreciation (attach Form 4562) . . . . . . . . . . | **20** | | | | | |
| | 21 | Less depreciation claimed on Schedule A and elsewhere on return . | **21a** | | | | **21b** | |
| | 22 | Depletion . . . . . . . . . . . . . . . . . . . . | | | | | **22** | |
| | 23 | Advertising . . . . . . . . . . . . . . . . . . . . | | | | | **23** | |
| | 24 | Pension, profit-sharing, etc., plans . . . . . . . . . . . . . | | | | | **24** | |
| | 25 | Employee benefit programs . . . . . . . . . . . . . . . | | | | | **25** | |
| | 26 | Other deductions (attach schedule) . . . . . . . . . . . . . | | | | | **26** | |
| | 27 | **Total deductions.** Add lines 12 through 26 . . . . . . . . . ▶ | | | | | **27** | |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | | | | **28** | |
| | 29 | **Less:** **a** Net operating loss deduction (see page 16 of instructions) . . | **29a** | | | | | |
| | | **b** Special deductions (Schedule C, line 20) . . . . . . | **29b** | | | | **29c** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Tax and Payments** | 30 | **Taxable income.** Subtract line 29c from line 28 (see instructions if Schedule C, line 12, was completed) | | | | | **30** | |
| | 31 | **Total tax** (Schedule J, line 11) . . . . . . . . . . . . . . | | | | | **31** | |
| | 32 | **Payments: a** 2003 overpayment credited to 2004 . | **32a** | | | | | |
| | **b** | 2004 estimated tax payments . . . | **32b** | | | | | |
| | **c** | Less 2004 refund applied for on Form 4466 | **32c** ( | ) | **d** Bal ▶ | **32d** | | |
| | **e** | Tax deposited with Form 7004 . . . . . . . . . . . . . | | | | **32e** | | |
| | **f** | Credit for tax paid on undistributed capital gains (attach Form 2439) . . . | | | | **32f** | | |
| | **g** | Credit for Federal tax on fuels (attach Form 4136). See instructions . . . | | | **32g** | **32h** | | |
| | 33 | Estimated tax penalty (see page 17 of instructions). Check if Form 2220 is attached . . ▶ ☐ | | | | | **33** | |
| | 34 | **Tax due.** If line 32h is smaller than the total of lines 31 and 33, enter amount owed . . . . | | | | | **34** | |
| | 35 | **Overpayment.** If line 32h is larger than the total of lines 31 and 33, enter amount overpaid . . | | | | | **35** | |
| | 36 | Enter amount of line 35 you want: **Credited to 2005 estimated tax** ▶ **Refunded** ▶ | | | | | **36** | |

| **Sign Here** | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | May the IRS discuss this return with the preparer shown below (see instructions)? ☐ **Yes** ☐ **No** |
|---|---|---|---|
| | ▲<br>Signature of officer    Date    Title | | |

| **Paid Preparer's Use Only** | Preparer's signature | ▶ | | Date | | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | ▶ | | | | EIN | |
| | | | | | | Phone no. ( ) | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 11450Q    Form **1120** (2004)

| **Schedule A** | **Cost of Goods Sold** (see page 17 of instructions) | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | **1** | |
| 2 | Purchases | **2** | |
| 3 | Cost of labor | **3** | |
| 4 | Additional section 263A costs (attach schedule) | **4** | |
| 5 | Other costs (attach schedule) | **5** | |
| 6 | **Total.** Add lines 1 through 5 | **6** | |
| 7 | Inventory at end of year | **7** | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | **8** | |

9a Check all methods used for valuing closing inventory:
  (i) ☐ Cost as described in Regulations section 1.471-3
  (ii) ☐ Lower of cost or market as described in Regulations section 1.471-4
  (iii) ☐ Other (Specify method used and attach explanation.) ▶ ..............
 b Check if there was a writedown of subnormal goods as described in Regulations section 1.471-2(c) . . . ▶ ☐
 c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) . . . . ▶ ☐
 d If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO | **9d** |
 e If property is produced or acquired for resale, do the rules of section 263A apply to the corporation? . . . . . ☐ Yes ☐ No
 f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . ☐ Yes ☐ No

| **Schedule C** | **Dividends and Special Deductions** (see page 18 of instructions) | (a) Dividends received | (b) % | (c) Special deductions (a) × (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations that are subject to the 70% deduction (other than debt-financed stock) | | 70 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations that are subject to the 80% deduction (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations (section 246A) | | see instructions | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs that are subject to the 70% deduction | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs that are subject to the 80% deduction | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries subject to the 100% deduction (section 245(b)) | | 100 | |
| 9 | **Total.** Add lines 1 through 8. See page 19 of instructions for limitation | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from affiliated group members and certain FSCs that are subject to the 100% deduction | | 100 | |
| 12 | Dividends from controlled foreign corporations subject to the 85% deduction (attach Form 8895) | | 85 | |
| 13 | Other dividends from foreign corporations not included on lines 3, 6, 7, 8, 11, or 12 | | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up (section 78) | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 (section 246(d)) | | | |
| 17 | Other dividends | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities ▶ | | | |
| 19 | **Total dividends.** Add lines 1 through 17. Enter here and on page 1, line 4 ▶ | | | |
| 20 | **Total special deductions.** Add lines 9, 10, 11, 12, and 18. Enter here and on page 1, line 29b ▶ | | | |

| **Schedule E** | **Compensation of Officers** (see instructions for page 1, line 12, on page 13 of instructions) | | | | | |
|---|---|---|---|---|---|---|

**Note:** *Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1) are $500,000 or more.*

| (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | (d) Common | (e) Preferred | (f) Amount of compensation |
|---|---|---|---|---|---|
| 1 | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |

2 Total compensation of officers . . . . . . . . . . . . . . . . . .
3 Compensation of officers claimed on Schedule A and elsewhere on return . . . . . . . . .
4 Subtract line 3 from line 2. Enter the result here and on page 1, line 12 . . . . . . . . .

## Schedule J　Tax Computation (see page 20 of instructions)

| | | | |
|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (see sections 1561 and 1563) . . . . ▶ ☐ | | |
| | **Important:** Members of a controlled group, see page 20 of instructions. | | |
| 2a | If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order): | | |
| | **(1)** $ \|_____\|　　**(2)** $ \|_____\|　　**(3)** $ \|_____\| | | |
| b | Enter the corporation's share of: **(1)** Additional 5% tax (not more than $11,750) | $ | |
| | **(2)** Additional 3% tax (not more than $100,000) | $ | |
| 3 | Income tax. Check if a qualified personal service corporation under section 448(d)(2) (see page 21) . ▶ ☐ | **3** | |
| 4 | Alternative minimum tax (attach Form 4626) . . . . . . . . . . . . . . . . . . | **4** | |
| 5 | Add lines 3 and 4 . . . . . . . . . . . . . . . . . . . . . . . . . . | **5** | |
| 6a | Foreign tax credit (attach Form 1118) . . . . . . . | **6a** | |
| b | Possessions tax credit (attach Form 5735) . . . . . | **6b** | |
| c | Check: ☐ Nonconventional source fuel credit ☐ QEV credit (attach Form 8834) | **6c** | |
| d | General business credit. Check box(es) and indicate which forms are attached: | | |
| | ☐ Form 3800　☐ Form(s) (specify) ▶ . . . . . . . . . . . . . . . . . . . . . . . | **6d** | |
| e | Credit for prior year minimum tax (attach Form 8827) . . . | **6e** | |
| f | Qualified zone academy bond credit (attach Form 8860) . . . | **6f** | |
| 7 | **Total credits.** Add lines 6a through 6f . . . . . . . . . . . . . . . . . . . | **7** | |
| 8 | Subtract line 7 from line 5 . . . . . . . . . . . . . . . . . . . . . . . | **8** | |
| 9 | Personal holding company tax (attach Schedule PH (Form 1120)) . . . . . . . . . . | **9** | |
| 10 | Other taxes. Check if from:　☐ Form 4255　☐ Form 8611　☐ Form 8697 | | |
| | ☐ Form 8866　☐ Other (attach schedule) . . . . . . . . | **10** | |
| 11 | **Total tax.** Add lines 8 through 10. Enter here and on page 1, line 31 | **11** | |

## Schedule K　Other Information (see page 23 of instructions)

| | | Yes | No |
|---|---|---|---|
| 1 | Check accounting method:　**a** ☐ Cash | | |
| | **b** ☐ Accrual　**c** ☐ Other (specify) ▶ . . . . . . . . . . . . | | |
| 2 | See page 25 of the instructions and enter the: | | |
| a | Business activity code no. ▶ . . . . . . . . . . . . . . . . . | | |
| b | Business activity ▶ . . . . . . . . . . . . . . . . . . . . . | | |
| c | Product or service ▶ . . . . . . . . . . . . . . . . . . . . | | |
| 3 | At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) . . . . . . . . . . | | |
| | If "Yes," attach a schedule showing: **(a)** name and employer identification number (EIN), **(b)** percentage owned, and **(c)** taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | | |
| 4 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? . . . . . . . | | |
| | If "Yes," enter name and EIN of the parent corporation ▶ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 5 | At the end of the tax year, did any individual, partnership, corporation, estate, or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) . . . . . . If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in **4** above.) Enter percentage owned ▶ . . . . . . . . . . | | |
| 6 | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.) . . | | |
| | If "Yes," file **Form 5452,** Corporate Report of Nondividend Distributions. | | |
| | If this is a consolidated return, answer here for the parent corporation and on **Form 851,** Affiliations Schedule, for each subsidiary. | | |

| | | Yes | No |
|---|---|---|---|
| 7 | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of **(a)** the total voting power of all classes of stock of the corporation entitled to vote or **(b)** the total value of all classes of stock of the corporation? . . . . . . . . . . . . | | |
| | If "Yes," enter: **(a)** Percentage owned ▶ . . . . . . . . . . . . . . and **(b)** Owner's country ▶ . . . . . . . . . . . . . . . . . . . . . . . | | |
| c | The corporation may have to file **Form 5472,** Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter number of Forms 5472 attached ▶ . . . . . . . . . . . . . . | | |
| 8 | Check this box if the corporation issued publicly offered debt instruments with original issue discount . . ▶ ☐ | | |
| | If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments. | | |
| 9 | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ . . . . . . . . . . . . . . . . . . . . | | |
| 10 | Enter the number of shareholders at the end of the tax year (if 75 or fewer) ▶ . . . . . . . . . . . . . . . | | |
| 11 | If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ ☐ | | |
| | If the corporation is filing a consolidated return, the statement required by Temporary Regulations section 1.1502-21T(b)(3)(i) or (ii) must be attached or the election will not be valid. | | |
| 12 | Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ $ . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 13 | Are the corporation's total receipts (line 1a plus lines 4 through 10 on page 1) for the tax year **and** its total assets at the end of the tax year less than $250,000? . . . | | |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2 on page 4. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year ▶ $ . . . . . . . . . . . . . . . . . . . . . . . | | |

**Note:** *If the corporation, at any time during the tax year, had assets or operated a business in a foreign country or U.S. possession, it may be required to attach Schedule N (Form 1120), Foreign Operations of U.S. Corporations, to this return. See Schedule N for details.*

**Note:** *The corporation is not required to complete Schedules L, M-1, and M-2 if Question 13 on Schedule K is answered "Yes."*

| **Schedule L** | **Balance Sheets per Books** | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | **Assets** | (a) | (b) | (c) | (d) |
| 1 | Cash | | | | |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | ( ) | | ( ) | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets (attach schedule) | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (attach schedule) | | | | |
| 10a | Buildings and other depreciable assets | | | | |
| b | Less accumulated depreciation | ( ) | | ( ) | |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | ( ) | | ( ) | |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | ( ) | | ( ) | |
| 14 | Other assets (attach schedule) | | | | |
| 15 | Total assets | | | | |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (attach schedule) | | | | |
| 19 | Loans from shareholders | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 | Other liabilities (attach schedule) | | | | |
| 22 | Capital stock: **a** Preferred stock | | | | |
| | **b** Common stock | | | | |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings—Appropriated (attach schedule) | | | | |
| 25 | Retained earnings—Unappropriated | | | | |
| 26 | Adjustments to shareholders' equity (attach schedule) | | | | |
| 27 | Less cost of treasury stock | | ( ) | | ( ) |
| 28 | Total liabilities and shareholders' equity | | | | |

| **Schedule M-1** | **Reconciliation of Income (Loss) per Books With Income per Return** (see page 24 of instructions) |
|---|---|

| 1 | Net income (loss) per books | | 7 | Income recorded on books this year not included on this return (itemize): |
| 2 | Federal income tax per books | | | Tax-exempt interest $ .............. |
| 3 | Excess of capital losses over capital gains | | | ................................ |
| 4 | Income subject to tax not recorded on books this year (itemize): ............... | | 8 | Deductions on this return not charged against book income this year (itemize): |
| | ................................ | | a | Depreciation . . . $.......... |
| 5 | Expenses recorded on books this year not deducted on this return (itemize): | | b | Charitable contributions $.......... |
| a | Depreciation . . . $........... | | | |
| b | Charitable contributions $........... | | | |
| c | Travel and entertainment $........... | | 9 | Add lines 7 and 8 |
| 6 | Add lines 1 through 5 | | 10 | Income (page 1, line 28)—line 6 less line 9 |

| **Schedule M-2** | **Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)** |
|---|---|

| 1 | Balance at beginning of year | | 5 | Distributions: **a** Cash |
| 2 | Net income (loss) per books | | | **b** Stock |
| 3 | Other increases (itemize): ............... | | | **c** Property |
| | ................................ | | 6 | Other decreases (itemize): ........... |
| | ................................ | | 7 | Add lines 5 and 6 |
| 4 | Add lines 1, 2, and 3 | | 8 | Balance at end of year (line 4 less line 7) |

# Exhibit E

Michigan Department of Treasury
(Rev. 12-04)

**2004**
**C-8000**

# 2004 MICHIGAN  Single Business Tax Annual Return

Issued under authority of P.A. 228 of 1975. See instruction booklet for filing guidelines.

**1.** This return is for calendar year **2004** or for the following tax year

Beginning Date
month    year
2004

Ending Date
month    year

**5.** Federal Employer Identification Number (FEIN) or TR Number

2. Name (Type or Print)

**6.** If discontinued, enter effective date

DBA

7.  Business Start Date

Street Address

8.  Principal Business Activity

City, State, ZIP Code

**9.** Organization Type (check one)

a.  Individual         b.  Fiduciary
c.  Professional Corporation    d.  S Corporation
e.  Other Corporation    f.  Partnership/LLC-Partnership
g.  Limited Liability
      Company-Corporation

**3.** Check this box if filing a Michigan consolidated return.

Enter authorization number

**4.** Check this box if you are a member of a controlled group (see instructions).

| | | |
|---|---|---|
| **10.** Gross receipts | **10.** | .00 |
| **11.** Business income. Filers using the Short-Method, go to C-8000S, line 9 | **11.** | .00 |

## COMPENSATION

| | | |
|---|---|---|
| **12.** Salaries, wages and other payments to employees | **12.** | .00 |
| **13.** Employee insurance plans - health, life | **13.** | .00 |
| **14.** Pension, retirement, profit sharing plans | **14.** | .00 |
| **15.** Other payments - supplemental unemployment benefit trust, etc | **15.** | .00 |
| 16.  **Total Compensation.** Add lines 12 - 15 | 16. | .00 |

## ADDITIONS - to the extent deducted in arriving at business income.

| | | |
|---|---|---|
| **17.** Depreciation and other write-off of tangible assets | **17.** | .00 |
| **18.** Taxes imposed on or measured by income (e.g., city, state, foreign) | **18.** | .00 |
| **19.** Single business tax | **19.** | .00 |
| **20.** Dividends, interest and royalty expenses | **20.** | .00 |
| **21.** Capital loss carryover or carryback | **21.** | .00 |
| **22.** Net operating loss carryover or carryback | **22.** | .00 |
| **23.** Gross interest and dividend income from bonds and similar obligations issued by states other than Michigan and its political subdivisions | **23.** | .00 |
| **24.** Any deduction or exclusion due to classification as FSC or similar classification and expenses of financial organizations, see instructions | **24.** | .00 |
| **25.** Losses from partnerships. Account No. | **25.** | .00 |
| 26.  **Total Additions.** Add lines 17 - 25 | 26. | .00 |
| 27.  **Subtotal.** Add lines 11, 16 and 26 | 27. | .00 |

## SUBTRACTIONS

| | | |
|---|---|---|
| **28.** Dividends, interest and royalty income included in business income | **28.** | .00 |
| **29.** Capital losses not deducted in arriving at business income | **29.** | .00 |
| **30.** Income from partnerships included in business income, Account No. | **30.** | .00 |
| 31.  **Total Subtractions.** Add lines 28 - 30 | 31. | .00 |

## TAX BASE

| | | |
|---|---|---|
| 32.  **Tax Base.** Subtract line 31 from line 27 | 32. | .00 |
| 33.  **Apportioned Tax Base.** Multiply line 32 by _____ % from C-8000H, line 16 or 19 | 33. | .00 |

| | | |
|---|---|---|
| **62. PAYMENT.**  Enter amount from page 2, line 58 ................ **PAY THIS AMOUNT** | **62.** | .00 |

**WITHOUT PAYMENT - Mail return to:**



**Michigan Department of Treasury**
P.O. Box 30059
Lansing, MI  48909

**WITH PAYMENT -** Pay amount on line 62 and mail check and return to:
**Michigan Department of Treasury
Department 77375
P.O. Box 77000
Detroit, MI  48277-0375**

Make checks payable to "State of Michigan." Print the FEIN or TR Number  and "SBT" on the front of the check.  Do not staple the check to the return.

*Continue and sign on page 2.*

C-8000, Page 2
Federal Employer Identification Number _____

## TAX BASE

34. Enter amount from line 32 or 33, whichever applies ................................................. 34._____ .00

## ADJUSTMENTS

**35.** Recapture of capital acquisition deduction from C-8000D, line 19 ...................... ▸ **35.**_____ .00

**36.** ADJUSTED TAX BASE BEFORE loss deduction and statutory exemption.
Add line 34 and line 35. If line 35 is negative, subtract ........................................ ▸ **36.**_____ .00
If negative, this is a business loss carryforward; **do not complete lines 37 through 42.  Enter zero on line 43.**

37. Business loss deduction ........................................................................................ 37._____ .00

38. **Adjusted Tax Base Before Statutory Exemption.** Subtract line 37 from line 36 ...... 38._____ .00

## STATUTORY EXEMPTION - Complete and attach Form C-8043, *Statutory Exemption Schedule.*

39. Allowable statutory exemption, from C-8043, line 16 .......................................... 39._____ .00

40. **Adjusted Tax Base.** Subtract line 39 from line 38. Check if C-8000G is attached  ▸**a.** [ ] ............ 40._____ .00

## REDUCTIONS, NONREFUNDABLE CREDITS, AND TAX

41. Reduction to adjusted tax base, if applicable. See instructions for Form C-8000S ...... 41._____ .00
**Check the method being used: ▸** [ ] **Compensation Reduction OR  ▸** [ ] **Gross Receipts Reduction**

42. Taxable base. Subtract line 41 from line 40. If the gross receipts short-method was used,
enter the amount from C-8000S, line 14 ............................................................... 42._____ .00

**43. Tax Before All Credits.** Multiply line 42 by 1.9% (.019) .................................... ▸ **43.**_____ .00
**If you are not taking the Investment Tax Credit on C-8000ITC, enter the amount from line 43 on line 44.**

**44. Tax After Investment Tax Credit.** Enter the amount from C-8000ITC, line 37 ........ ▸ **44.**_____ .00

**The small business and contribution credits are computed on Form C-8000C and/or C-8009. Complete Form C-8000C and/or C-8009 before continuing. If not filing Form C-8000C or C-8009, enter the amount from line 44 on line 45.**

45. Enter the amount from C-8000, line 44, C-8000C, lines 19, 26 or 36 or C-8009, line 33 or 34 ...... 45._____ .00

46. Unincorporated/S Corp. credit. Multiply line 45 by percent from page 15 ........ 46._____ .00

47. Nonrefundable credits from C-8000MC, line 82 ................................. 47._____ .00

48. Add lines 46 and 47 ............................................................................................. 48._____ .00

**49. Tax After Nonrefundable Credits.** Subtract line 48 from line 45 ...................... ▸ **49.**_____ .00

## PAYMENTS, REFUNDABLE CREDITS AND TAX DUE

50. Overpayment credited from 2003 ................................ 50._____ .00

51. Estimated tax payments ............................................... 51._____ .00

52. Tax paid with request for extension ............................. 52._____ .00

53. Refundable credits from C-8000MC, line 14 ................ 53._____ .00

**54.** Total.  Add lines 50 - 53 ................................................................................. ▸ **54.**_____ .00

**55.** TAX DUE. Subtract line 54 from line 49. If less than zero, leave blank ............. ▸ **55.**_____ .00

56. Underpaid estimate penalty and interest from C-8020, line 28 or 40, whichever applies .......... 56._____ .00

57. Annual return penalty  at ____ % = _____ .00  and interest = _____ .00  57._____ .00

58. If line 55 is blank, go to line 59. Otherwise, add lines 55 - 57; enter the amount here and on
page 1, line 62. ........................................................................................... 58._____ .00

## OVERPAYMENT - REFUND OR CREDIT FORWARD

59. Overpayment.  Subtract line 49, and any penalty and interest due on lines 56 and 57, from line 54.
If less than zero, leave blank.  See instructions ................................................ 59._____ .00

**60.** Enter the amount of overpayment on line 59 to be refunded ............................ ▸ **60.**_____ .00

**61.** Enter the amount of overpayment on line 59 to be **credited forward** ............. ▸ **61.**_____ .00

| TAXPAYER'S DECLARATION | PREPARER'S DECLARATION |
|---|---|
| *I declare under penalty of perjury that this return is true and correct to the best of my knowledge.* | *I declare under penalty of perjury that this return is based on all information of which I have any knowledge.* |
| I authorize Treasury to discuss my return with my preparer.  [ ] Yes [ ] No | Preparer's Signature |
| Taxpayer's Signature | Print or Type Preparer's Name | Date |
| Print or Type Taxpayer's Name | Date | Business Address, Phone and Identification Number |
| Title | | |

**This return is due April 30, or on or before the last day of the 4th month after the close of the tax year.**

# Instructions for Form C-8000, Annual Return

*Lines not listed are explained on the form.*

Every person engaged in business activity in Michigan with apportioned or allocated gross receipts of $350,000 or more must file an annual return.

**Line 1, Taxable Year.** Enter the beginning and ending dates, month and year, of the annual accounting period. For periods less than 12 months, enter the beginning and ending dates that correspond to the taxable period reported to the IRS.

**Line 3, Consolidated Filing.**
✔ **Corporations.** If a business receives the State Treasurer's approval to file a consolidated or combined SBT return, check the box and enter the authorization number on the line provided. Attach a copy of the approved Form C-8007, *Request for Consolidated or Combined Filing*, and Form C-8008, *Affiliation Schedule - Consolidated Filing*.

**Line 4, Controlled Groups.** A controlled corporate group is an affiliated group of corporations as defined in the SBT Act or a controlled group of corporations as defined in IRC Section 1563. **Entities under common control** are two or more trades or businesses, whether or not incorporated, under common control as defined in the IRS Regulation 1.414(c). This includes parent-subsidiary, brother-sister or combined groups of corporations. See RAB 1989-48 for further information.

ⓘ **Reminder:** Controlled groups must complete Form C-8010AGR, *SBT Adjusted Gross Receipts for Controlled Groups*, on page 63, to determine filing requirements for the group and to determine adjusted gross receipts for the group if an investment tax credit is taken. Attach completed schedule to return.

ⓘ **Important:** If the taxpayer is a member of a controlled group and is claiming a statutory exemption or small business credit, complete Form C-8009, *SBT Allocation of Statutory Exemption, Standard Small Business Credit and Alternate Tax for Members of Controlled Groups*, on page 57. Attach completed schedule to the tax return.

**Line 5, Account Number.** Use the taxpayer's Federal Employer Identification Number (FEIN) or the Michigan Treasury (TR) assigned number. If an organization type is individual and an account number does not exist yet, enter the taxpayer's social security number and enter an "S" in the box to the right. Treasury will notify the taxpayer when a Michigan TR number is assigned. Use that number on all future SBT filings unless a federal number has been assigned. For all other organization types without an account number, leave line 5 blank. Be sure to use the same account number on all forms.

### Gross Receipts Checklist

Note: This checklist is not intended to be all encompassing.

Receipts include, but are not limited to:
- Receipts (sales price) from the sale of assets used in a business activity;
- Sale of products;
- Services performed;
- Gratuities stipulated on a bill;
- Sales tax collected on the sale of tangible personal property;
- Dividend and interest income;
- Gross commissions earned;
- Rents;
- Royalties;
- Professional services;
- Sales of scrap and other similar items;
- Client reimbursed expenses not obtained in an agency capacity;
- Gross proceeds from intercompany sales.

Receipts exclude:
- Proceeds from sales by a principal that are collected in an agency capacity solely on behalf of the principal and delivered to the principal;
- Amounts received as an agent solely on behalf of the principal that are expended by the taxpayer under certain circumstances;
- Amounts from gross income of a foreign corporation engaged in the international operation of aircraft under section 883(a) of the Internal Revenue Code;
- Amounts received by an advertising agency used to acquire advertising media time, space, production, or talent on behalf of another person;
- Amounts received by a person that manages real property owned by a client that are deposited into a separate account kept in the name of the client and that are not reimbursed and are not indirect payments for management services provided to that client.
- Proceeds from the original issue of stock, equity instruments, or debt instruments;
- Refunds from returned merchandise;
- Cash and in-kind discounts;
- Trade discounts;
- Federal, State or local tax refunds;
- Security deposits;
- Payment of the principal portion of loans;
- Value of property received in like-kind exchange;
- Proceeds from a sale, transaction, exchange, involuntary conversion, or other disposition of tangible, intangible or real property that is a capital asset as defined in section 1221(a) of the Federal Internal Revenue Code, or land that qualifies as property used in trade or business as defined in section 1231(b) of the Internal Revenue Code, less any gain from the disposition to the extent that gain is included in federal taxable income;
- Proceeds from an insurance policy, settlement of a claim, or judgment in a civil action, less any proceeds that are included in federal taxable income;
- Proceeds from the taxpayer's transfer of an account receivable, if the sale that generated the account receivable was included in gross receipts for federal income tax purposes. This provision will not apply to a taxpayer who both buys and sells any receivables during the tax year.

**Line 7, Business Start Date.** Enter the start date of first Michigan business activity.

**Line 8, Principal Business Activity.** Enter a brief description of business activity (e.g., forestry, fisheries, mining, construction, manufacturing, transportation, communication, electric, gas, sanitary services, wholesale trade, retail trade, finance or services).

**Line 9, Organization Type.** Check the box that

11

describes the organization type. A Limited Liability Company should check the appropriate box based on the federal return.

**Line 10, Gross Receipts.** Gross receipts means the entire amount received from any activity, whether in intrastate, interstate or foreign commerce, carried out for direct or indirect gain, benefit, or advantage to the taxpayer or to others, with certain exceptions. Use the Gross Receipts Checklist as a guide to be sure receipts have been totaled correctly.  Use the appropriate worksheet on page 16 to calculate gross receipts.

**Line 11, Business Income.** Use the appropriate worksheet on page 16 to calculate business income.

## The SHORT METHOD to Compute SBT

The maximum SBT any filer pays is equal to the tax rate times one-half of the adjusted gross receipts. Adjusted gross receipts for this purpose means gross receipts, apportioned for companies doing business outside of Michigan, plus recapture of capital acquisition deduction. Figure this amount quickly by using Form C-8000S, *SBT Reductions to Adjusted Tax Base*, on page 55, lines 9-14, instead of figuring the tax base on Form C-8000. However, to claim the standard small business credit, the tax base must be computed.

If using the SHORT METHOD, complete Form C-8000S, *SBT Reductions to Adjusted Tax Base*, on page 55.

To use the SHORT METHOD, follow these steps:

1. Enter gross receipts on Form C-8000, line 10.
2. If claiming an unincorporated credit, enter the business income on Form C-8000, line 11.
3. Enter recapture, if applicable, from Form C-8000D, line 19, on Form C-8000, line 35.
4. Complete Form C-8000S, lines 9 through 14 only.
5. Enter the amount from Form C-8000S, line 14 on Form C-8000, line 42, and complete Form C-8000.

## Compensation Payments

**Line 12, Salaries, Wages and Other Payments.** Enter total payments, including the cash value of all consideration other than cash, made on behalf of or for the benefit of employees, officers or directors. Report these payments on a cash-only basis (i.e., include only the actual payments made during the year). For most filers this is the amount reported on U.S. 940 for the taxable year.

**Payments** include, but are not limited to, salaries, wages, fees, bonuses, commissions and other payments to employees, officers and directors that are subject to or specifically exempt or excepted from federal income tax withholding. This includes payments for casual services, but does not include payments to independent contractors.

employee is a person from whom an employer is required to withhold federal income taxes (IRC Section 340l(c)).

**Lines 13 through 15.** Report any payments made on behalf of or for the benefit of employees, officers or directors on a cash or accrual basis consistent with the method of federal income tax reporting.

**Line 13, Employee Insurance Plans.** Enter payments to health or life insurance plans for employees, payments for health and welfare and non-insured benefit plans, and payment of fees for the administration of health and welfare and non-insured benefit plans.

Do not include here or on line 15, contributions for FICA (Social Security and Medicare), workers' compensation insurance, or the State and Federal Unemployment Compensation Fund.

For tax years beginning in 2004, compensation excludes 5% of health care benefits provided to Michigan residents. Health care benefits are payments under health and welfare and noninsured benefit plans and payments for the administration of those plans. The percentage exclusion increases for subsequent years.

| Tax Years beginning after: | % Exempted for MI residents: |
|---|---|
| 12/31/2003 | 5% |
| 12/31/2004 | 20% |
| 12/31/2005 | 40% |
| 12/31/2006 | 50% |

**Line 15, Other Payments.** Enter any payments made for the benefit of employees that are not included on lines 13-14.  For example, payments to supplemental unemployment benefit trusts, payments to individuals not currently working or payments to dependents and heirs for labor services rendered by an individual.

## Additions

Additions are generally added to the extent deducted in arriving at business income, line 11.

**Line 17, Depreciation.** Enter all depreciation or amortization of tangible assets which are claimed as a deduction on the federal return. This includes the immediate (permitted under IRC Section 179) or accelerated write-off of tangible assets.

Taxpayers choosing the mileage method to determine car expenses must include in depreciation that portion of the mileage rate that is required by the IRC to reduce the adjusted basis of the vehicle.

**Safe Harbor Leases.** The lessor and lessee must report any rent attributable to a leaseback agreement under IRC Section 168(f)(8). The lessor subtracts rental receipts from such property, while the lessee adds rental payments.

**Line 18, Taxes.** Enter all taxes on, or measured by, net income including city and state taxes, foreign

income tax and federal environmental tax claimed as a deduction on the federal return.

**Line 19, Single Business Tax.** Enter the single business tax claimed as a deduction on the federal return.

**Line 20, Dividends, Interest and Royalty Expenses.** Enter any dividend, interest and/or royalties claimed as a deduction on your federal return.

Do not include any of the following:

- Dividends not claimed as federal deductions
- Interest payments made by financial organizations
- Initial franchise fees and any royalties, fees and other payments or consideration paid or incurred by a franchisee to a franchisor to establish or maintain the franchise relationship
- Oil and gas royalties deducted
- Cable franchise fees paid to units of government
- Film rental payments made by a theater owner to a distributor or to a producer
- Payments made by radio or TV broadcasters for syndication or royalty fees, or any other charges for program matter
- Computer software royalties deducted.

**Line 21, Capital Loss Carryover or Carryback.**

✔ **Fiduciaries and Corporations.** Enter any capital loss carryover or carryback from the federal schedule that was included in the business income reported on line 11. Cannot be a negative number.

**Line 22, Net Operating Loss Carryover or Carryback.**

✔ **Fiduciaries and Corporations.** Enter any net operating loss carryover or carryback that was included in arriving at business income reported on line 11. This cannot be a negative number.

**Line 23, Gross Interest and Dividend Income.** Enter any income from bonds and similar obligations or securities of states other than Michigan and their political subdivisions. Include only the income derived from business activity. Subtract from this income-related expenses, if those expenses were not allowed as deductions on the federal return (IRC Sections 265 and 291).

**Line 24, Special Classifications Deduction.**

✔ **Corporations** - Enter any deduction or exclusion by a filer due to a classification as, or the payment of commissions or fees to, a domestic international sales corporation, Foreign Sales Corporation (FSC) or any similar special classification which reduces or postpones federal income tax liability. This does not apply to special provisions of IRC Sections 805, 809, 815(c)(2)(A), 823(c) & 824(a).

**Financial Organization Expense Addback.** Enter total expenses deducted in arriving at federal taxable income, less expenses which are added in determining the SBT tax base, times the following fraction:

$$\frac{\text{Interest from U.S. obligations that Michigan is prohibited from taxing} + \text{Interest on Michigan obligations}}{\text{Total Interest Income}}$$

The result cannot exceed interest from U.S. obligations subtracted in arriving at the tax base.

**Line 25, Losses from Partnerships.** Enter any losses attributed to another taxable entity included in the business income reported on line 11. Enter the FEIN(s) of the partnerships, S Corporations or LLCs.

## Subtractions

Subtractions are generally subtracted to the extent included in arriving at business income, line 11.

**Line 28, Dividends, Interest or Royalty Income.** Enter dividends, interest and royalty income included in the business income reported on line 11.

Do not include:

- Dividends allowed as a dividend-received deduction on a federal return
- Oil and gas royalty income
- Initial franchise fees and any royalties, fees and other payments or consideration paid or incurred by a franchisee to a franchisor to establish or maintain the franchise relationship
- Interest income received by a financial organization. **Exception:** Interest from U.S. obligations that Michigan is prohibited from taxing may be included
- Film rental payments made by a theater owner to a distributor or to a producer
- Payments made by radio or TV broadcasters for syndication or royalty fees, or any other charges for program matter
- Computer software royalty income.

**Exception:** System software which interacts with operating system software and is developed, licensed and intended for the exclusive use of data processing professionals to build, test, manage or maintain application computer software. System software may not be transferred as part of, or in conjunction with, a sale or lease of computer hardware. System software royalty income may be included as a subtraction on line 28.

**Line 29, Excluded Capital Losses.** Enter any capital losses not included in arriving at federal taxable income in the year the loss occurred.

**Line 30, Income from Partnerships.** Enter income

13

attributed to another taxable entity included in the business income reported on line 11.  Enter the FEIN(s) of the partnerships, S Corporations, or LLCs.

## Tax Base

**Line 32, Tax Base.** Tax base is business income or loss on line 11, plus compensation on line 16 and additions on line 26, and minus subtractions on line 31.

If income is taxable in another state, complete Form C-8000H, *SBT Apportionment Formula*, (page 33), before continuing.  Attach the completed schedule to the return.

**Line 33, Apportioned Tax Base.** If taxable in another state, multiply line 32 by the percentage from Form C-8000H, line 16 or 19, whichever applies.

## Adjustments

A taxpayer must complete Form C-8000D, *SBT Recapture of Capital Acquisition Deduction*, on page 27, if **depreciable real or personal property** was:

- Purchased in a tax year beginning on or after January 1, 1976 and beginning before January 1, 2000, and disposed of during the current tax year; or
- Purchased in a tax year beginning after December 31, 1996 and before January 1, 2000, and moved outside of Michigan during the current tax year.

Attach the completed Form C-8000D to the return.

**Line 36, Adjusted Tax Base Before Loss Deduction and Statutory Exemption.**  Any negative amount on this line is a business loss which may be carried forward successively to the next 10 taxable years, or until the loss is used, whichever occurs first. If line 36 is negative, no tax is due; enter 0 on line 43.

**Line 37, Business Loss Deduction.** Enter any unused business loss carryover from the SBT returns for the preceding 10 years (loss on line 38 in preceding years less the adjusted tax base in intervening years).

ⓘ **Note:**  The Business Loss Deduction is not the federal net operating loss.

**Line 38, Adjusted Tax Base Before Statutory Exemption.**  Subtract line 37 from line 36. If negative, enter zero and carry the unused loss to next year's SBT return.

## Statutory Exemption

✔ **Corporations** - If claiming a statutory exemption or a small business credit, complete Form C-8000KC, *SBT Schedule of Shareholders and Officers*, on page 43, before continuing.  Attach the completed schedule to the return.

✔ **Partnerships** - Before continuing, complete Form C-8000KP, *SBT Schedule of Partners*, on page 47, to determine which partners qualify for the

14

used statutory exemption.  Attach the completed schedule to the return.

**Line 39, Allowable Statutory Exemption.** For most filers, the statutory exemption is available only if business income is less than $67,500.

✔ **Corporations** - For most corporations, the statutory exemption is available only if the sum of business income, federal loss carryovers or carrybacks, and compensation/director fees of all shareholders is less than $67,500.

A statutory exemption cannot be used to increase a business loss or to offset adjusted tax base as determined on Form C-8000, line 36, before loss carryovers are reported on Form C-8000, line 37. An unused statutory exemption cannot be carried forward.

Complete Form C-8043, *SBT Statutory Exemption Schedule*, on page 69, before continuing.  Attach completed schedule to the return.

If a member of a **controlled group** claiming an allocated statutory exemption, complete Form C-8009, *SBT Allocation of Statutory Exemption, Standard Small Business Credit and Alternate Tax for Members of Controlled Groups*, on page 57. A controlled group is entitled to only one statutory exemption, which is allocated on Form C-8009.

✔ **Individuals, Fiduciaries, Partnerships and Limited Liability Companies** - If averaging business income to determine the statutory exemption, complete Form C-8000G, *SBT Statutory Exemption/Business Income Averaging*, on page 31.  Attach the completed schedule to the return.

## Reductions, Nonrefundable Credits, and Tax

**Line 41, Reduction to Adjusted Tax Base**. Taxpayers may qualify for either the compensation or the gross receipts reduction on Form C-8000S, *SBT Reductions to Adjusted Tax Base*, on page 55, but may use only one. Enter the amount of the reduction from Form C-8000S, line 16.

ⓘ **Reminder:** If a reduction is chosen, check the appropriate box which indicates the method of reduction used. The Investment Tax Credit (ITC) is not available if a gross receipts reduction to the adjusted tax base is taken to arrive at the tax liability. If an adjusted tax base is reduced by the percentage that compensation exceeds 63 percent, the ITC must also be reduced. Choose a reduction method or the ITC based on which option is most advantageous.

**Line 42, Taxable Base.**  Filers using the SHORT METHOD, enter the amount from Form C-8000S, line 14. In no case should the amount on this line be more than 50 percent of the sum of apportioned gross receipts plus recapture of capital acquisition

deduction. If this method is used, the ITC is not available.

ⓘ **Important:** If eligible for the ITC, complete Form C-8000ITC, *SBT Investment Tax Credit*, on page 39, before continuing. Attach the completed schedule to the return.

**Line 44, Tax After Investment Tax Credit.** If claiming an ITC, enter the amount from Form C-8000ITC, line 37. If not claiming an ITC, carry the amount from line 43 to line 44.

The small business credit and the alternate tax are computed on Form C-8000C, *SBT Credit for Small Businesses and Contribution Credits*, on page 21. Review Form C-8000C to make sure all tax credits are taken for which the taxpayer is eligible. Attach the completed schedule to the return.

If the taxpayer is a member of a controlled group, the small business credit and alternate tax are computed on Form C-8009, *SBT Allocation of Statutory Exemption, Standard Small Business Credit and Alternate Tax for Members of Controlled Groups*, on page 57. Attach the completed schedule to the return.

**Line 45.** If claiming a small business credit or any contribution credits, enter the amount from Form C-8000C or Form C-8009. If not claiming these credits, carry the amount from line 44 to line 45.

**Line 46, Unincorporated and S Corporation Credit.** Unincorporated or S Corporations taxpayers are allowed a credit against SBT. Multiply line 45 by the percent from the table below and enter the result on line 46.

### Unincorporated/S Corporation Tax Credit Table

| If business income* is: | The credit is: |
| --- | --- |
| $20,000 or less | 20% of the SBT liability |
| $20,001-$39,999 | 15% of the liability |
| $40,000 or more | 10% of the liability |

*See page 6 for tax years less than 12 months.

**Line 47, Other Nonrefundable Credits**. If claiming an Enterprise Zone Credit, a Michigan Economic Growth Authority Business Activity Credit, Renaissance Zone Credit, Michigan Historic Preservation Tax Credit, Brownfield Redevelopment Credit, Next Energy Credit, Low-Grade Hematite Pellet Credit or Pharmaceutical Credit, see Form C-8000MC, *SBT Miscellaneous Credits*, on page 49. Note that these credits have strict eligibility requirements.

**Line 49, Tax After Nonrefundable Credits.**

ⓘ **Important:** If apportioned or allocated gross receipts are less than $350,000, enter a zero on this line.

Special rules apply to members of a controlled group. See page 4, "Filing an SBT Annual Return." If a business operated less than 12 months, annualize gross receipts to determine if a tax liability exists.

## Payments, Refundable Credit and Tax Due

**Line 51, Estimated Tax Payments**. Enter the total tax paid with Form C-8002, *SBT Quarterly Tax Returns*, or the estimated single business tax paid with Form 160, *Combined Return for Michigan Taxes*. Include all payments made on returns that apply to the current tax year. For example, calendar-year filers include money paid with the combined returns for return periods January through December.

**Line 53, Refundable Credits.** If claiming a Michigan Economic Growth Authority Employment Tax Credit, a Workers' Disability Supplemental Benefit Credit, an Apprenticeship Credit or a Next Energy Credit, see Form C-8000MC, *SBT Miscellaneous Credits*, on page 49.

**Line 56, Underpaid Estimate Penalty and Interest.** If penalty and interest are owed for not filing estimated returns or for underestimating tax, complete Form C-8020, *SBT Penalty and Interest Computation for Underpaid Estimated Tax*, on page 65, to compute penalty and interest due. If a taxpayer chooses not to file this form, Treasury will compute penalty and interest and bill for payment.

**Line 57, Annual Return Penalty and Interest**. See "Computing Penalty and Interest" on page 8.

**Line 58.** Enter the amount of payment due here and on line 62. If less than zero, leave blank.

**Line 59.** If the amount of overpayment, less any penalty and interest due on lines 56 and 57 is less than zero, enter the difference (as a positive number) on lines 58 and 62. If the amount is greater than zero, enter on line 59.

ⓘ **Reminder:** Taxpayers must sign and date returns. If someone else has prepared the return, they must also sign and date the return. See "Signing the Return" on page 8. Print the names in the areas provided for the taxpayer and the tax preparer.

**FEDERAL FORMS:** Attach copies of these federal forms to the return.

✔ **Corporations** - U.S. *1120, 1120A*, pages 1 - 4. If filing as part of a consolidated federal return, attach a proforma or consolidated schedule.

✔ **S Corporations** - U.S. *1120S*, pages 1 - 4*

✔ **Individuals** - U.S. *1040, Schedules C, C-EZ, D* and *E* and *4797*.

✔ **Fiduciaries** - U.S. *1041, Schedule D*

✔ **Partnerships** - U.S. *1065*, pages 1 - 4* and *8825*.

✔ **Limited Liability Companies** - attach appropriate schedules shown above based on federal return filed.

*** Do not send copies of K-1s. Treasury will request them if necessary.**

** See the Gross Receipts Checklist on Page 11 for detailed information for these items.

**Note:  This worksheet may not be all inclusive to all taxpayers.  There may be additional amounts that are included in gross receipts for Single Business Tax purposes that may not be picked up for federal purposes.**

## WORKSHEET 1
### GROSS RECEIPTS/BUSINESS INCOME
### INDIVIDUALS AND FIDUCIARIES

**PART 1: GROSS RECEIPTS**

1.  *U.S. 1040, Schedule C or C-EZ,*
    gross receipts (net of returns)  _____ .00
2.  *U.S. 1040, Schedule C,*
    other income  _____ .00
3.  *U.S. 1040, Schedule D,***
    short and long term sales price  _____ .00
4.  *U.S. 1040, Schedule E,*
    a. Part I, total rents received  _____ .00
    b. Total royalties received  _____ .00
5.  *U.S. 4797,* gross sales price, **
    business assets  _____ .00
6.  Other receipts  _____ .00
7.  Total gross receipts
    Add lines 1 through 6.  _____ .00

**PART 2: BUSINESS INCOME**

8.  *U.S. 1040, Schedule C or C-EZ,*
    net profit or (loss)  _____ .00
9.  *U.S. 1040, Schedule D,*
    gain or (loss) *  _____ .00
10. *U.S. 1040, Schedule E,*
    line 22 rent and royalty
    income or (loss)  _____ .00
11. *U.S. 4797* gains or (loss)
    not included in Schedule D  _____ .00
12. Other income  _____ .00
13. Total business income
    Add lines 8 through 12.  _____ .00

*\*U.S. 1040D and 4797*: Report only gains or losses from assets used in a business activity. Do not include personal gains and losses.

## WORKSHEET 2
### GROSS RECEIPTS/BUSINESS INCOME
### CORPORATIONS

**PART 1: GROSS RECEIPTS**

1.  *U.S. 1120* or *1120A,* line 1c  _____ .00
2.  *U.S. 1120* or *1120A,* lines 4-7  _____ .00
3.  *U.S. 1120* or *1120A,* line 10  _____ .00
4.  *U.S. 1120* or *1120A,* Schedule D **
    short and long term sales price  _____ .00
5.  *U.S. 4797,* gross sales price **  _____ .00
6.  Add lines 1 through 5  _____ .00

**PART 2: BUSINESS INCOME**

Enter federal taxable income from *U.S. 1120* or *1120A.*

## WORKSHEET 3
### GROSS RECEIPTS/BUSINESS INCOME
### PARTNERSHIPS OR S CORPORATIONS

**PART 1: GROSS RECEIPTS**

1.  *U.S. 1065* or *U.S. 1120S*
    a.  Gross receipts (net of returns)  _____ .00
    b.  Other income/receipts  _____ .00
2.  *U.S. 8825,* gross income from
    real estate rentals  _____ .00
3.  *U.S. 1065* or *1120S, Schedule D* **
    short and long term sales price  _____ .00
4.  *U.S. 1065* or *1120S, Schedule K*
    a.  Gross other rental income  _____ .00
    b.  Interest, dividend, royalty income  _____ .00
    c.  Other income  _____ .00
5.  *U.S 4797,* gross sales price **
    business assets  _____ .00
6.  Other receipts  _____ .00
7.  Total gross receipts
    Add lines 1 through 6.  _____ .00

**PART 2: BUSINESS INCOME**

8.  *U.S. 1065* or *1120S, Schedule K,* Income (Loss)
    a.  Ordinary income (loss)  _____ .00
    b.  Net real estate rental
        income (loss)  _____ .00
    c.  Net other rental
        income (loss)  _____ .00
    d.  Interest, dividend & royalty income  _____ .00
    e.  Net short-term gain (loss)  _____ .00
    f.  Net long-term gain (loss)  _____ .00
    g.  Other portfolio income (loss)  _____ .00
    h.  Guaranteed payments to partners  _____ . 00
    i.  Other net gain (loss)
        under section 1231  _____ .00
    j.  Other income  _____ .00
9.  Total income or (loss)
    Add lines 8a through 8j.  _____ .00
10. *U.S. 1065* or *1120S, Schedule K,* Deductions
    a.  Charitable contributions  _____ .00
    b.  Section 179 expense  _____ .00
    c.  Deductions related to
        portfolio income  _____ .00
    d.  Other deductions  _____ .00
11. Total deductions
    Add lines 10 through 10d.  _____ .00
12. Total business income
    Subtract line 11 from line 9.  _____ .00

**Note:  Limited liability companies should choose the appropriate worksheet based on their federal return.**