**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To The Debtors' Twenty-Fourth Omnibus Claims Objection
Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Futaba Corporation of America (Docket No. 11866) | 9261 | Futaba Corporation of America ("Futaba") disagrees with the Debtors' Twenty-Fourth Omnibus Claims Objection (the "Objection") to reclassify, reduce, and change the identity of the Debtor against which proof of claim no. 9261 was asserted from (i) a $4,145,064.91 claim asserted against Delphi Corporation (of which $856,790.09 was a priority claim and $3,288,274.82 was an unsecured claim) and (ii) a partially unliquidated claim asserted against Delphi Corporation (which asserted an unliquidated priority claim and a $106,167.00 unsecured claim) to a $4,030,495.73 claim asserted against Delphi Automotive Systems LLC ("DAS LLC") (of which $197,369.77 would be a priority claim and $3,833,125.96 would be an unsecured claim). Futaba argues that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. Futaba also reserves the right to modify its response and present additional evidence at an evidentiary hearing. | Modified claims asserting reclamation | Adjourn |

---

[1] This chart reflects all Responses entered on the docket as of Wednesday, January 23, 2008 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Wednesday, January 23, 2008 at 12:00 p.m. (prevailing Eastern time).

|    | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|----|----------|---------------------|---------------------|---------------------|--------------|
| 2. | ARAMARK Uniform & Career Apparel, Inc. (Docket No. 12166) | 10390 | ARAMARK Uniform & Career Apparel, Inc. d/b/a ARAMARK Uniform Services and ARAMARK c/o Star Source Management Services, Inc. ("ARAMARK"), as transferor to Contrarian Funds LLC, disagrees with the Debtors' Objection to reduce proof of claim no. 10390 from $367,359.35 to $246,837.18. ARAMARK asserts that the Debtors have failed to produce any evidence sufficient to rebut the prima facie validity of its claim. ARAMARK reattaches its proof of claim and supporting documentation. | Claims subject to modification | Adjourn |
| 3. | Eaton Corporation, Eaton Yale, Ltd., and Eaton Aeroquip de Mexico S.A. de C.V. (Docket No. 12176) | a) 6809 | a) Eaton Corporation, Eaton Yale, Ltd. and Eaton Aeroquip de Mexico S.A. de C.V. (collectively, "Eaton") disagree with the Debtors' Objection to reduce proof of claim no. 6809 from $740,224.29 to $522,778.00 (of which $107,257.28 would be a priority claim and $415,520.72 would be an unsecured claim). Eaton does not disagree with the Debtors' Objection to reclassify $107,257.28 of proof of claim no. 6809 as a priority claim, provided that the remaining $632,967.01 balance of the claim, as asserted, is allowed as an unsecured claim in that amount. | a) Modified claims asserting reclamation | Adjourn |
|    |          | b) 10970 | b) Eaton disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 10970, asserted as an unsecured claim in the amount of $14,019.41. | b) Books and records claims | |
|    |          | c) 10971 | c) Eaton disagrees with the Debtors' Objection to reduce proof of claim no. 10971 from $332,442.44 to $130,456.87 (of which $5,813.32 would be a priority claim and | c) Modified claims asserting reclamation | |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $124,643.55 would be an unsecured claim). Eaton does not disagree with the Debtors' Objection to reclassify $5,813.32 of proof of claim no. 10971 as a priority claim, provided that the remaining $326,629.12 balance of the claim, as asserted, is allowed as an unsecured claim in that amount.<br><br>Eaton asserts that the Debtors have failed to produce any evidence sufficient to rebut the prima facie validity of its claims. | | |
| 4. | Allegro Microsystems, Inc. (Docket No. 12206) | 1741 | Allegro Microsystems, Inc. ("Allegro") disagrees with the Debtors' Objection to reduce proof of claim no. 1741 and change the identity of the Debtor against which the claim is asserted from $1,669,714.54 asserted against Delphi Corporation to $1,410,167.30 asserted against DAS LLC. Allegro asserts that the Debtors have failed to produce any evidence sufficient to rebut the prima facie validity of its claim. Allegro reattaches its proof of claim and supporting documentation. | Claims subject to modification | Adjourn |
| 5. | CF Special Situations Fund I, L.P. (Docket No. 12211) | 11777 | CF Special Situations Fund I, L.P. ("CF") disagrees with the Debtors' Objection to reduce proof of claim no. 11777 from $516,441.65 to $194,475.66. CF asserts that the Debtors have failed to produce sufficient evidence to overcome the prima facie validity of its claim. CF attaches new additional documentation in support of its claim. | Claims subject to modification | Adjourn |
| 6. | Small Parts, Inc. (Docket No. 12215) | 11274 | Small Parts, Inc. ("Small Parts") disagrees with the Debtors' Objection to reduce, reclassify, and change the identity of the Debtor against which proof of claim no. 11274 is asserted from an unsecured claim in the amount of $176,158.38 asserted against Delphi Corporation to a claim in the amount | Modified claims asserting reclamation | Adjourn |

3

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | of $58,876.97 asserted against DAS LLC (of which $32,169.54 would be a priority claim and $26,707.43 would be an unsecured claim). Small Parts asserts that the Debtors did not attach any evidence in support of their Objection. Small Parts reserves the right to supplement its response. Small Parts reattaches its proof of claim and supporting documentation. | | |
| 7. | Motor City Electric Co. (Docket No. 12217) | a) 13591 | a) Motor City Electric Co. ("Motor City") disagrees with the Debtors' Objection to disallow proof of claim no. 13591, asserted as a secured claim in the amount of $10,487.41 against Delphi Corporation. | a) Books and records claims | Adjourn |
| | | b) 13590 | b) Motor City disagrees with the Debtors' Objection to reduce, reclassify, and to change the identity of the Debtor against which proof of claim no. 13590 is asserted from a secured claim in the amount of $62,345.12 asserted against Delphi Corporation to an unsecured claim in the amount of $12,842.07 asserted against DAS LLC. | b) Claims subject to modification | |
| | | c) 13592 | c) Motor City disagrees with the Debtors' Objection to reduce, reclassify, and change the identity of the Debtor against which proof of claim no. 13592 is asserted from a secured claim in the amount of $1,901.51 asserted against Delphi Diesel Systems Corp. to an unsecured claim in the amount of $993.92 asserted against DAS LLC.<br><br>Motor City argues that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claims. | c) Claims subject to modification | |

4

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 8. | D & R Technology LLC (Docket No. 12219) | 9470 | D & R Technology LLC ("D & R") disagrees with the Debtors' Objection to reduce proof of claim no. 9470 from $1,347,828.94 to $1,244,861.71. D & R argues that the Debtors have failed to introduce any evidence sufficient to overcome the prima facie validity of its claim. D & R reserves the right to amend its response and its claim. | Claims subject to modification | Adjourn |
| 9. | Alumax Mill Products, Inc., Alcoa Automotive Castings, and Alcoa Extrusions, Inc. (Docket No. 12222) | a) 12006 | a) Alumax Mill Products, Inc., Alcoa Automotive Castings, and Alcoa Extrusions, Inc. (collectively, the "Alcoa Entities") disagree with the Debtors' Objection to reduce proof of claim no. 12006 from (i) a claim asserted in the amount of $384,260.21 and (ii) a claim asserted in the amount of $329,238.02 (and transferred to SPCP Group LLC) to (i) a claim in the amount of $17,288.98 and (ii) a claim in the amount of $329,238.02. | a) Claims subject to modification | Adjourn |
| | | b) 12007 | b) The Alcoa Entities disagree with the Debtors' Objection to reduce proof of claim no. 12007 from (i) a claim asserted in the amount of $484,338.38 and (ii) a claim asserted in the amount of $268,346.36 (and transferred to SPCP Group LLC) to (i) a claim in the amount of $8,967.888 and (ii) a claim in the amount of $268,346.36. The Alcoa Entities assert that a significant portion of proof of claim no. 12007 is subject to cure payments under the Bankruptcy Code. | b) Claims subject to modification | |
| | | c) 12009 | c) The Alcoa Entities disagree with the Debtors' Objection to disallow proof of claim no. 12009, which is asserted as an unsecured claim in the amount of $77,872.57 against DAS LLC. | c) Books and records claims | |

5

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | The Alcoa Entities assert that (i) the Debtors have failed to overcome the prima facie validity of its claims, (ii) proof of claim no. 12007 is subject to cure payments, and (iii) even if the Debtors have overcome the prima facie validity of its claims, the new additional documentation attached in support of its claims supports the validity of its claims. | | |
| 10. | Eikenberry & Associates (Docket No. 12224) | 15141 | Eikenberry & Associates (also d/b/a BMJ Mold & Engineering, Touchstone Measurement Service and Adept Custom Molders) (collectively, "Eikenberry"), disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 15141 from $438,605.19 (of which $204,708.80 was a secured claim and $233,896.39 was an unsecured claim) to $45,245.33 (of which $1,530.60 would be a priority claim and $43,714.73 would be an unsecured claim).  Eikenbeery asserts that the Debtors have failed to introduce any evidence sufficient to overcome the prima facie validity of its claim.  Eikenberry further asserts that the Debtors lack authority to reduce and reclassify claims. | Modified claims asserting reclamation | Adjourn |
| 11. | Liquidity Solutions, Inc., as assignee of the S&Z Entities (Docket No. 12225) | a) 2028 | a) Liquidity Solutions, Inc. ("Liquidity Solutions"), as agent for Liquidity Solutions, Inc. Defined Benefit Pension Plan, the assignee of S&Z Tool & Die Co., Inc. and S&Z Rolmex S. de R.L. de C.V. (collectively, the "S&Z Entities"), disagrees with the Debtors' Objection to reduce proof of claim no. 2028 from a secured claim in the amount of $41,742.27 to $33,441.59 (of which $4,000.00 would be a priority claim and $29,441.59 would be an unsecured claim).  Liquidity Solutions does not object to | a) Modified claims asserting reclamation | Adjourn |

6

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | b) 2036 | the reclassification of the claim.<br><br>b) Liquidity Solutions disagrees with the Debtors' Objection to reduce proof of claim no. 2036 from a secured claim in the amount of $1,288,259.67 to $925,384.66 (of which $111,882.90 would be a priority claim and $813,501.76 would be an unsecured claim). Liquidity Solutions does not object to the reclassification of the claim, and agrees to a reduction in the amount of $24,279.83 to reflect postpetition payments, provided that Liquidity Solutions and the S&Z Entities may retain this payment.<br><br>Liquidity Solutions asserts that the Debtors have failed to introduce any evidence sufficient to overcome the prima facie validity of its claims. Liquidity Solutions attaches an affidavit in support of its claims. | b) Modified claims asserting reclamation | |
| 12. | Barnes Group, Inc. (Docket No. 12226) | 12840 | Barnes Group, Inc. ("Barnes"), as assignor to Longacre Masterfund, Ltd., disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 12840 from an unsecured claim in the amount of $662,721.49 to $545,615.53 (of which $37,650.77 would be a priority claim and $507,964.76 would be an unsecured claim). Barnes asserts that (i) it has not had sufficient time to evaluate the Objection and (ii) that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. | Modified claims asserting reclamation | Adjourn |
| 13. | SABIC Innovative Plastics US LLC (Docket No. 12248) | a) 11473 | a) SABIC Innovative Plastics US LLC ("SABIC"), as successor in interest to General Electric Company, doing business as GE Advanced Materials Division and | a) Modified claims asserting reclamation | Adjourn |

7

| RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|
| | | through its business unit GE Commercial Materials SA de CV, disagrees with the Debtors' Objection to reduce, reclassify, and change the identity of the Debtor against which proof of claim no. 11473 is asserted from (i) an unsecured claim in the amount of $1,162,115.70 asserted by GE Plastics against DAS LLC and (ii) an unsecured claim in the amount of $4,094,636.48 asserted by SABIC against DAS LLC, to (i) a claim in the amount of $3,524,425.79 asserted by GE Plastics (of which (a) $60,280.00 is asserted against Specialty Electronics, Inc. as an unsecured claim, (b) $3,805.45 is asserted against Delphi Connection Systems as an unsecured claim, (c) $9,728.00 is asserted against Delphi Mechatronic Systems, Inc. as a priority claim, (d) $89,119.40 is asserted against Delphi Mechatronic Systems, Inc. as an unsecured claim, and (e) $3,361,492,94 is asserted against DAS LLC as an unsecured claim) and (ii) a priority claim in the amount of $199,218.25 asserted by SABIC against DAS LLC. | | |
| | b) 11310 | b) SABIC further disagrees with the Debtors' Objection to reclassify and reduce proof of claim no. 11310 from an unsecured claim in the amount of $1,206,987.71 to $730,233.20 (of which $45,573.28 would be a priority claim and $686,659.92 would be an unsecured claim).<br><br>SABIC argues that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claims.<br><br>SABIC attaches additional documentation in | b) Modified claims asserting reclamation | |

8

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | support of its claims. | | |
| 14. | Kuss Corporation (Docket No. 12254) | 10983 | Kuss Corporation ("Kuss") disagrees with the Debtors' Objection to reduce proof of claim no. 10983 from $702,263.09 to $302,218.95. Kuss asserts that the Debtors have failed to provide a basis for why the claim should be reduced. Kuss attaches new additional documentation in support of its claim. | Claims subject to modification | Adjourn |
| 15. | Ashland, Inc. (Docket No. 12255) | 2760 | Ashland, Inc. ("Ashland") disagrees with the Debtors' Objection to reduce and change the identity of the Debtor against which proof of claim no. 2760 is asserted from an unsecured claim asserted against Delphi Corporation in the amount of $262,636.40 to an unsecured claim in the amount of $211,679.07 (of which $208,922.21 would be asserted against DAS LLC, $1,672.00 would be asserted against Delphi Corporation, and $1,084.86 would be asserted against Delphi Connection Systems). Ashland argues that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. Ashland attaches an affidavit and supporting documentation in support of its claim. | Claims subject to modification | Adjourn |
| 16. | Bank of America, N.A. (Docket No. 12258) | 5423 | Bank of America, N.A. ("BOA"), as assignee of Aleris Aluminum Canada, LP f/k/a Corus LP, disagrees with the Debtors' Objection to reduce proof of claim no. 5423 from $645,056.53 to $412,536.60. BOA asserts that (i) the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim, (ii) proof of claim no. 5423 is subject to a prior Settlement Agreement allowing the claim in the amount of $645,056.53, and (iii) BOA has demonstrated the validity of its claim. | Claims subject to modification | Adjourn |

9

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 17. | Contrarian Funds, LLC (Docket No. 12259) | a) 9111 | a) Contrarian Funds, LLC ("Contrarian") agrees to the Debtors' Objection to reduce proof of claim no. 9111 from $603,421.56 to $533,760.05, provided that its claim is treated as a final allowed claim against DAS LLC. | a) Claims subject to modification | |
| | | b) 15447 | b) Contrarian agrees to the Debtors' Objection to reduce proof of claim no. 15447 from $104,135.00 to $87,932.64, provided that its claim is treated as a final allowed claim against DAS LLC. | b) Claims subject to modification | |
| | | c) 16745 | c) Contrarian agrees to the Debtors' Objection to change the Debtor against which proof of claim no. 16745 is asserted from Delphi Corporation to DAS LLC, provided that (i) its claim is treated as a final allowed claim against DAS LLC and (ii) the change to proof of claim no. 16745 does not affect the amount, validity, or priority of the scheduled claim in the amount of $76,579.24 held by Contrarian, as transferee of United Stars Industries, Inc. | c) Modified claims asserting reclamation | |
| | | d) 12672 | d) Contrarian disagrees with the Debtors' Objection to reduce and reclassify proof of claim no. 12672 from $1,613,757.04 (of which $693,774.59 was a priority claim and $919,982.45 was an unsecured claim) to $1,509,409.84 (of which $12,103.66 would be a priority claim and $1,497,306.18 would be an unsecured claim).<br><br>Contrarian asserts that (i) the Debtors are not permitted to reduce and reclassify claims and that (ii) he Debtors have failed to produce any evidence sufficient to overcome the | d) Modified claims asserting reclamation | |

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | prima facie validity of its claims. | | |
| 18. | 2088343 Ontario Limited (Docket No. 12261) | 4769 | 2088343 Ontario Limited ("208 Ontario"), as assignee from 159963 Ontario Limited, disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 4769, asserted in the amount of $297,095.72. 208 Ontario argues that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. 208 Ontario asserts that its claim has not been paid, and that it has provided the Debtors with documentation sufficient to establish that proof of claim no. 4769 is a valid claim. | Books and records claims | Adjourn |
| 19. | SPCP Group, LLC (Docket No. 12262) | 14140 | SPCP Group, LLC ("SPCP"), as agent for Silver Point Capital Fund, L.P. and Silver Point Offshore Fund, Ltd., as assignee of Jabil Circuit, Inc., disagrees with the Debtors' Objection to reduce and change the Debtor against which proof of claim no. 14140 is asserted from an unsecured claim asserted against DAS LLC in the amount of $1,641,742.91 to an unsecured claim in the amount of $1,608,841.43 (of which $1,407,641.55 would be asserted against Delphi Diesel Systems Corp. and $201,199.88 would be asserted against DAS LLC). SPCP argues that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. | Claims subject to modification | Adjourn |
| 20. | Schrader-Bridgeport International, Inc. (Docket No. 12268) | 11284 | Schrader-Bridgeport International, Inc. ("Schrader-Brockport") disagrees with the Debtors' Objection to reduce and change the identity of the Debtor against which proof of claim no. 11284 is asserted from $114,112.12 asserted against Delphi Corporation to | Claims subject to modification | Adjourn |

11

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | $3,886.35 asserted against DAS LLC. Schrader-Brockport asserts that the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of its claim. | | |
| 21. | United Plastics Group (UPG) De Mexico, S. De R.L. de C.V. (Docket No. 12271) | 13546 | United Plastics Group (UPG) De Mexico, S. De R.L. de C.V. ("UPG") agrees with the Debtors' Objection to reclassify proof of claim no. 13546 from a secured claim in the amount of $42,827.19 to a priority claim in the amount of $9,226.10 and an unsecured claim in the amount of $33,601.09. UPG disagrees with the Debtors' Objection that proof of claim no. 13546 supersedes its scheduled claim. UPG argues that because proof of claim no. 13546 and its scheduled claim are unrelated, proof of claim no. 13546 does not supersede its scheduled claim. UPG reattaches its proof of claim and supporting documentation. | Modified claims asserting reclamation | Adjourn |
| 22. | Hydro Aluminum North America, Inc. (Docket No. 12280) | 9111 | Hydro Aluminum North America, Inc. ("Hydro"), as assignor to Contrarian Funds, LLC, disagrees with the Debtors' Objection to reduce proof of claim no. 9111 from $603,421.56 to $533,760.05. Hydro asserts that the Debtors have failed to introduce any evidence sufficient to overcome the prima facie validity of its claim. Hydro also asserts that it has provided the requested documentation supporting its claim to the Debtors on several occasions. Hydro attaches new additional documentation in support of its claim. | Claims subject to modification | Adjourn |
| 23. | First Technology Holdings, Inc. and affiliates and subsidiaries, Control | a) 16739 | a) First Technology Holdings, Inc. and affiliates and subsidiaries, Control Devices, Inc., and First Inertia Switch Limited (collectively, "First Technology"), disagrees | a) Modified claims asserting reclamation | Adjourn |

12

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | Devices, Inc., and First Inertia Switch Limited (Docket No. 12292) | | with the Debtors' Objection to reclassify, reduce, and change the identity of the Debtor against which proof of claim no. 16739 was asserted from a $633,258.00 unsecured claim asserted against Delphi Corporation to a $566,254.64 claim asserted against DAS LLC (of which $23,525.65 would be a priority claim and $542,728.99 would be an unsecured claim). First Technology asserts that the Debtors provide no support for these changes. | | |
| | | b) 1672 | b) First Technology disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 1672 as duplicative of proof of claim no. 16739. First Technology appears to assert that because the Debtors seek to reclassify a portion of surviving proof of claim no. 16739 as a priority claim, the Debtors have reopened consideration of the $175,000.00 priority claim asserted in proof of claim no. 1672. First Technology therefore moves for reconsideration of the $175,000.00 priority portion of proof of claim no. 1672 pursuant to Bankruptcy Code section 502(j) and Fed. R. Bankr. P. 3008. | b) Duplicate or amended claims | |
| 24. | U.S. Equal Employment Opportunity Commission (Docket No. 12303) | 16747 | The U.S. Equal Employment Opportunity Commission ("EEOC") asserts that the Debtors' Objection to disallow and expunge proof of claim 16747 has been tentatively resolved between the parties. The EEOC further asserts that it will withdraw its response to the Objection once the Joint Stipulation resolving this and other claims is entered by the Court. | Untimely claims | Resolved |