**Hearing Date: January 25, 2008**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,

Debtors and Debtors-in-Possession
Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                       Debtors.           :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' SUPPLEMENTAL OMNIBUS REPLY TO OBJECTIONS TO (A) NOTICES OF
ASSUMPTION AND/OR ASSIGNMENT AND (B) CURE NOTICES IN CONNECTION
WITH INTERIORS AND CLOSURES BUSINESSES SALE

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit

this supplemental omnibus reply (the "Supplemental Reply") in support of the Debtors'

Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P.

2002, 6004, 6006, And 9014 (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid

Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing

Date And (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising

Substantially All Assets Primarily Used In Debtors' Cockpits And Interior Systems And

Integrated Closure Systems Businesses Free And Clear Of Liens, Claims, And Encumbrances,

(II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And

(III) Assumption Of Certain Liabilities (Docket No. 10606) (the "Sale Motion").[1]  The Debtors

respectfully request that the Court dispose of certain objections related to assumption and/or

assignment of executory contracts in connection with the Sale Motion which were adjourned

from the omnibus hearing on December 20, 2007 to the omnibus hearing on January 25, 2008, as

set forth below.

Background

1.       As part of the Debtors' transformation plan, the Debtors identified the

cockpits and interior systems business (the "Interiors Business") and the integrated closure

systems business (the "Closure Business," and together with the Interiors Business, the "Interiors

and Closures Businesses") as non-core businesses subject to disposition.  Accordingly, following

extensive marketing efforts, on October 15, 2007, the Selling Debtor Entities entered into a

---

[1]    Unless otherwise defined herein, capitalized terms used herein have the meanings ascribed to them in the Sale
       Motion.

Master Sale and Purchase Agreement (the "Agreement") with Inteva Products, LLC ("Inteva")

(together with certain of its affiliates, the "Buyers") for the sale of the Interiors and Closures

Businesses. [2]  The Agreement contemplates a global divesture of the Interiors and Closures

Businesses to the Buyers for the Purchase Price of $106 million, which is comprised of the

preliminary purchase price of approximately $80 million, subject to certain adjustments, and the

Post-Closing Payments of approximately $26 million.[3]

> 2.    On October 26, 2007, the Court entered an Order Under 11 U.S.C. § 363

And Fed. R. Bankr. P. 2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain

Bid Protections, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting Sale

Hearing In Connection With Sale Of Interiors And Closures Businesses (Docket No. 10732) (the

"Bidding Procedures Order").  Under the Bidding Procedures Order, the Debtors established

November 26, 2007 as the deadline to submit higher or otherwise better offers for the Interior

and Closure Businesses (the "Bid Deadline") and scheduled the sale hearing for December 20,

2007 (the "Sale Hearing").

> 3.    On December 21, 2007, the Court entered the Order Under 11 U.S.C. §§

363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 Authorizing And

Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All The Assets Of

The Cockpits And Interior Systems And Integrated Closure Systems Businesses Free And Clear

---

[2]    Contemporaneously therewith, the Debtors filed the Sale Motion (Docket No. 10606).  The Sale Motion sets forth the Debtors' sound business justifications for pursuing a sale of the Interiors and Closures Businesses at this time.

[3]    The Post-Closing Payment is comprised of two components.  First, in addition to the Preliminary Purchase Price, on each of the first five anniversaries of the closing date, Inteva would pay $1 million to DAS LLC.  Second, on the first business day following the earlier of (i) the business day immediately following the fifth anniversary of the closing date and (ii) the date when the Buyers sell substantially all of the ownership interests in the Interiors and Closures Businesses and the joint ventures being sold under the Agreement (a sale to an unrelated third party of 80% or more of the equity of Inteva would be deemed to be a sale of such assets), Inteva would pay $21 million to DAS LLC.

Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory

Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities (the "Sale Order")

Docket No. 11579).

4.      On January 15, 2008, the Debtors filed the Expedited Motion Pursuant To

11 U.S.C. § 105(a) And Fed. R. Bankr. P. 6004 And 9019 Authorizing And Approving

Compromise With Inteva Products, LLC And To Amend And Restate Order Under 11 U.S.C. §§

363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 Authorizing And

Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Of

Cockpits And Interior Systems And Integrated Closure Systems Businesses Free And Clear Of

Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory

Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities (the "Amended

Sale Approval Order Motion") (Docket No. 12097).

5.      In the Amended Sale Approval Order Motion, the Debtors seek this

Court's approval of a letter agreement with the Buyers that would facilitate the closing of the

Sale by, among other things, modifying the payment structure under the Agreement and

providing for the waiver of certain of the Buyers' conditions to closing.  The Court will consider

the Amended Sale Approval Order Motion at the omnibus hearing on January 25, 2008.

<u>Assumption And Assignment Of Executory Contracts</u>

6.      In accordance with the Bidding Procedures Order, on November 16, 2007

and November 30, 2007, the Debtors served (i) notices of assumption and assignment of certain

executory contracts (collectively, the "Notices of Assumption/Assignment"), and (ii) notices of

cure of executory contracts (the "Cure Notices" and, collectively with the Notices of

4

Assumption/Assignment, the "Initial Notices"). The Debtors served approximately 1,835

Notices of Assumption/Assignment and 1,203 Cure Notices.[4]

       7.      The Debtors received 28 objections (including amended objections) (the

"Objections") to the Initial Notices. Thirteen Objections[5] were withdrawn or otherwise resolved

prior to the Sale Hearing. Accordingly, as of December 20, 2007, 15 Objections remain

outstanding (the "Adjourned Objections").[6] To provide additional opportunity for consensual

resolution of the Adjourned Objections, the Court granted the Debtors' request to adjourn the

Sale Hearing from December 20, 2007 to January 25, 2008 solely with respect to the Adjourned

Objections. This Supplemental Reply sets forth the status of all the Adjourned Objections.

---

[4]    After filing the Initial Notices, the Debtors learned that certain executory contracts had expired and certain executory contracts were inadvertently characterized as prepetition agreements, when in fact they are postpetition agreements. Accordingly, on December 18, 2007, the Debtors filed and served (i) supplemental notices to counterparties to the expired contracts indicating that such contracts will not be assumed or assigned (the "Notices of Non-Assumption/Assignment") and (ii) supplemental notices to counterparties to certain postpetition agreements indicating that such contracts are not subject to assumption or cure under section 365 of the Bankruptcy Code (the "Supplemental Postpetition Contract Notices"). The Debtors served approximately three Notices of Non-Assumption/Assignment and 42 Supplemental Postpetition Contract Notices.

[5]    Objections filed by the following entities were resolved prior to the Sale Hearing: Armada Rubber Manufacturing Company (Docket Nos. 11065 and 11375); Casco Products Corp. (Docket No. 11356); Cherry GmbH (Docket No. 11093); Chrysler LLC (Docket No. 11062); Contrarian Funds LLC (Docket No. 11091); Decatur Plastics Products, Inc. (Docket No. 11060); Johnson Controls Interiors LLC (Docket No. 11070); Lorentson Manufacturing Company (Docket Nos. 11061 and 11353); Macarthur Corporation (Docket No. 11377); May and Scofield, LLC (Docket No. 11373); and Mercedes-Benz U.S. International, Inc. (Docket No. 11018).

[6]    Objections filed by the following parties were outstanding: Akzo Nobel Coatings, Inc. and Akzo Nobel Industrial Coatings Mexico, S.A. (collectively, "Akzo Nobel") (Docket No. 11363); Cooper-Standard Automotive Inc. ("Cooper-Standard") (Docket No. 11380); Goldman Sachs Credit Partners, L.P. ("Goldman") (Docket No. 11092); Lear Corporation ("Lear") (Docket No. 11378); NOVA Chemicals Inc. and NOVA Chemicals Canada Ltd. (collectively, "NOVA")(Docket No. 11357); PPG Industries ("PPG") (Docket No. 11332); Sabic Innovative Plastics US LLC ("Sabic") (Docket Nos. 11010, 11011, and 11368); Siemens VDO Automotive AG ("Siemens AG") (Docket No. 11085), Siemens VDO Automotive Corp. ("Siemens VDO") (Docket No. 11086), Siemens Electric Ltd And Siemens VDO Automotive Inc. N/K/A Siemens VDO Automotive Canada Inc. (collectively, "Siemens Electric") (Docket No. 11087); Spartech Corporation and Spartech Polycom (collectively, "Spartech") (Docket No. 11381); Valeo Climate Control Corporation ("Valeo") (Docket No. 11026); and WESCO Distribution, Inc. ("WESCO") (Docket No. 11385).

Resolution Of Adjourned Objections

8.      All but one of the Adjourned Objections have been withdrawn or

otherwise definitively resolved consensually.  The remaining Adjourned Objection has been

substantially resolved, and as of the filing of this Supplemental Reply, the Buyers and the

objecting party were discussing proposals to resolve the remaining issues.  The Debtors will

advise the Court concerning the outcome of these discussions.  A chart summarizing the

Adjourned Objections and their resolution is attached hereto as Exhibit A.  The primary issues

raised in the Adjourned Objections included disputed cure amounts, the identification or

characterization in the Initial Notices of contracts to be assumed and assigned, and adequate

assurance of future performance.  A brief description of the basis for the resolution of each of the

Adjourned Objections is set forth below.

9.      SABIC Innovative Plastics US LLC.  SABIC filed the Objection of

SABIC Innovative Plastics US LLC to Assumption and/or Assignment of Executory Contract or

Unexpired Lease to Purchasers and Proposed Cure Amount in Connection with Sale of Interiors

and Closures Business (the "SABIC Objections") (Docket Nos. 11010, 11011, 11368).  SABIC

disputed the Debtors' proposed cure amounts and asserted that the Debtors had improperly

identified in the Initial Notices the contracts to be assumed and assigned.  The parties resolved

the SABIC Objections consensually under the Delphi – SABIC Claims Resolution Stipulation

and Agreed Order, dated January 24, 2008, which will be filed with this Court.  The SABIC

Stipulation provides for payment of agreed net cure amounts $119,643.34 and $2,199,917.19 and

the resolution of all prepetition disputes related to the contracts to be assumed and/or assigned.

In addition, upon payment by the Debtors of the amounts set forth in the SABIC Stipulation, the

SABIC Proofs of Claim (as defined in the SABIC Stipulation) will be deemed withdrawn.

10.     <u>Valeo Climate Control Corporation</u>.  On November 21, 2007, Valeo filed the Objection Of Valeo Climate Control Corporation To Debtors' Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Businesses (the "Valeo Objection") (Docket No. 11026).  In the Valeo Objection, Valeo disputed the Debtors' asserted cure amounts as set forth in the Initial Notices.  The Debtors later determined that purchase order 550054579 was inadvertently characterized as a prepetition agreement, when in fact it was a postpetition agreement, and informed Valeo that the purchase order would not be assumed.  Based on these facts, on January 11, 2008 Valeo withdrew the Valeo Objection (Docket No. 11904).

11.     <u>Siemens VDO Automotive AG</u>.  On November 26, 2007, Siemens AG filed the Objection Of Siemens VDO Automotive AG To The Notices Of (A) Cure Amount And (B) Assumption And/Or Assignment Of Executory Contracts In Connection With The Sale Of The Debtors' Sale Of Its Interiors And Closures Businesses (the "Siemens AG Objection") (Docket No. 11085).  In the Siemens AG Objection, Siemens AG (a) argued that the Initial Notices incorrectly identified the relevant purchase order to be assumed, (b) disputed the cure amount provided by the Debtors, and (c) alleged that the Buyers failed to provide adequate assurance of future performance.

12.     The Debtors, Siemens AG, and the Buyers resolved the issue regarding the characterization of the purchase order by inserting language in the Sale Order that addressed the concerns of Siemens AG.[7]  With respect to Siemens AG's request for adequate assurance of

---

[7]     Paragraph 38 of the Sale Order provides: "The entry of this order shall not modify the terms and conditions applicable to the parts designated in the agreements to be assumed and/or assigned to the Buyers, and Siemens VDO Automotive AG, Siemens VDO Automotive Corp., Siemens Electric Ltd, and Siemens VDO Automotive Inc. n/k/a Siemens VDO Automotive Canada Inc., each, as applicable, expressly reserve its rights and defenses in this regard and each of the Buyers reserve the reciprocal rights and defenses, including, without limitation, any such rights and defenses that could have been asserted by each party on or prior to Closing."

*(cont'd)*

future performance , the Buyers have now provided sufficient information to resolve the issue.

Finally, Siemens AG designated a cure amount of $51,371.51 for purchase order 550058178,

while the Debtors, asserted a cure amount of $0 in the Initial Notices.  The Debtors and Siemens

AG determined that the difference in the parties' asserted cure amounts related to the Debtors'

application of certain debits which resulted from price adjustments.  As a result, the Debtors and

Siemens AG agreed that the cure amount for purchase order 550058178 is $4,000.[8]  Based on

these discussions and clarifications, on January 24, 2008, Siemens AG withdrew the Siemens

AG Objection (Docket No. 12329).

> 13.     Siemens VDO Automotive Corp.  On November 26, 2007, Siemens Corp.

filed the Objection Of Siemens VDO Automotive Corp. To The Notices Of (A) Cure Amount

And (B) Assumption And/Or Assignment Of Executory Contracts In Connection With The Sale

Of The Debtors' Interiors And Closures Businesses (the "Siemens Corp. Objection") (Docket No.

11086).  In the Siemens Corp. Objection, Siemens Corp. (a) argued that the Initial Notices

incorrectly identified the relevant purchase orders, (b) disputed the cure amount provided by the

Debtors, and (c) alleged that the Buyers failed to provide adequate assurance of future

performance.  All of the issues raised in the Siemens Corp. Objection have been resolved.  The

Debtors confirmed that purchase orders 550024453 and 550038136 (which were identified in the

Initial Notices as contracts to be assumed) have expired and will not be assumed and assigned in

connection with the Sale.  In addition, the Debtors informed Siemens Corp. that purchase order

5500147853 is a postpetition purchase order that the Debtors intend to assign to the Buyers

---

*(cont'd from previous page)*

[8]     In addition, the Debtors agreed to pay certain postpetition invoices.

under section 363 of the Bankruptcy Code.  Based on the foregoing, on January 18, 2008,

Siemens Corp. withdrew the Siemens Corp. Objection (Docket No. 12286).

> 14.   <u>Siemens Electric Ltd. And Siemens VDO Automotive Inc. N/K/A
> Siemens VDO Automotive Canada Inc.</u>

On November 26, 2007, Siemens Electric filed the Objection Of Siemens

Electric Ltd. And Siemens VDO Automotive Inc. N/K/A Siemens VDO Automotive Canada Inc.

To The Notices Of (A) Cure Amount And (B) Assumption And/Or Assignment Of Executory

Contracts In Connection With The Sale Of The Debtors' Interiors And Closures Businesses (the

"Siemens Electric Objection") (Docket No. 11087).  In the Siemens Electric Objection, Siemens

Electric (a) argued that the Initial Notices incorrectly identified the relevant purchase orders, (b)

disputed the cure amount provided by the Debtors, and (c) alleged that the Buyers failed to

provide adequate assurance of future performance.  All of the issues raised in the Siemens

Electric Objection have been resolved.  The Debtors have determined that purchase orders

550074368, 550074849, and 550130619 (which were identified in the Initial Notices as contracts

to be assumed) in fact were not related to the Interiors and Closures Business and consequently

will not be assumed and assigned in connection the Sale.[9]  As a result, Jon anuary 18, 2008,

Siemens Electric withdrew the Siemens Electric Objection (Docket No. 12285).

> 15.   <u>Joinder Of Goldman Sachs Credit Partners, L.P.</u>  On November 26, 2007,

Goldman filed a joinder to the Siemens Corp. Objection and Siemens Electric Objection (the

"Joinder") (Docket No. 11092).  In the Joinder, Goldman argued that, as a holder of the

transferred claims from Siemens Corp. and Siemens Electric, Goldman had a direct economic

interest in the resolution of the Initial Notices related to the Siemens Corp. Objection and

---

[9]   The Debtors determined that these purchase orders do not relate to the Interiors and Closures Businesses.

9

Siemens Electric Objection. On January 18, 2008, Goldman withdrew the Joinder (Docket No. 12287) after the Siemens Corp. Objection and the Siemens Electric Objection were withdrawn.

16.    PPG Industries, Inc. On November 16, 2007, PPG filed the Assignee's Response And Limited Objection To Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Businesses (the "PPG Objection") (Docket No. 11332). In the PPG Objection, PPG argued, among other things, that the Debtors' Cure Notice with respect to purchase order D0550023134 was incorrect. Specifically, PPG designated a cure amount of $265,839.53, while the Debtors asserted a cure amount of $248,176.40 in the Initial Notices. All of the issues related to the PPG Objection have been resolved. The Debtors agreed to provide a cure payment in the amount of $265,839.53 for purchase order D0550023134. As a result, on January 16, 2008, PPG withdrew the PPG Objection (Docket No. 12151).

17.    NOVA Chemicals Inc. And NOVA Chemicals Canada Ltd. On December 7, 2007, NOVA filed the Objection of Nova Chemicals Inc. and Nova Chemicals Canada Ltd to Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with the Sale of Interiors and Closures Businesses (the "NOVA Objection") (Docket No. 11357). In its objection, NOVA argued that the purchase orders designated for assumption were not executory contracts. All of the issues raised in the NOVA Objection have been resolved. The Debtors informed NOVA that they will not be assuming and assigning purchase orders 550056713, 5500567101, and 550056690. The Debtors also informed NOVA that the Debtors intend to assign the postpetition purchase orders 550190857 and 550190855 under section 363 of the Bankruptcy Code. Based upon these facts, on January 14, 2008, NOVA withdrew the NOVA Objection (Docket No. 12027).

18.    <u>Akzo Nobel Coatings Inc. And Akzo Nobel Industrial Coatings Mexico, S.A.</u>

On December 7, 2007, Akzo Nobel filed the Objection Of Akzo Nobel Coatings Inc. And Akzo Nobel Industrial Coatings Mexico, S.A. To Cure Amount Specified In Debtors' Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Business (the "Akzo Nobel Objection") (Docket No. 11363). Akzo Nobel disputed the cure amount asserted in the Cure Notice and alleged failure to provide adequate assurance of future performance.  The relevant long term agreement and purchase orders have been assumed pursuant to procedures set forth in the Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1494).  With respect to adequate assurance, the Buyers provided information to Akzo Nobel that satisfied Akzo Nobel's concerns.  Accordingly, on January 24, 2008, Akzo Nobel withdrew the Akzo Nobel Objection (Docket No. 12330).

19.    <u>Lear Corporation</u>.  On December 10, 2007, Lear filed the Objection By Lear Corporation To Debtors' (I) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Businesses And (II) Motion For Sale Of Interiors And Closures Businesses (the "Lear Objection") (Docket No. 11378).  In the Lear Objection, Lear disputed cure amounts set forth in the Debtors' Cure Notices, and alleged failure to provide adequate assurance of future performance.  The Lear Objection has been substantially resolved as part of a broader settlement between the parties set forth in a stipulation to be filed separately with this Court (the "Lear Stipulation").  The parties have agreed to a cure amount of $245,325.33 with respect to purchase order 550038138, payable pursuant to the terms of the Lear Stipulation.  As of the time of filing

11

of this Supplemental Reply, the Buyers and Lear were discussing proposals to address Lear's

concerns regarding adequate assurance of future performance.  The Debtors will advise the Court

of the outcome of these discussions.

20.     Cooper-Standard Automotive Inc.  On December 10, 2007, Cooper-

Standard filed the Objection By  Cooper Standard Automotive Inc. To Debtors' (I) Notice Of

Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And

Assigned In Connection With The Sale Of Interiors And Closures Businesses And (II) Motion

For Sale Of Interiors And Closures Businesses (the "Cooper-Standard Objection") (Docket No.

11380).  Cooper-Standard asserted that the Debtors failed to provide adequate assurance that the

Buyers will perform under the contracts and requested from the Debtors confirmation that the

postpetition amounts owing under the contracts will be timely paid.  All issues raised in the

Cooper-Standard Objection have been resolved.  The Debtors informed Cooper-Standard that

purchase orders 550057616, 550022404, 550023474 had expired and were inadvertently

included in the Initial Notices.  In addition, the Debtors advised that postpetition purchase orders

550200888, 550193148, 550194122, and 550193147 will be assigned to the Buyers.  As a result

of these clarifications by the Debtor, on January 11, 2008, Cooper-Standard withdrew the

Cooper-Standard Objection (Docket No. 11925).

21.     Spartech Corp. / Spartech Polycom.  On December 10, 2007, Spartech

filed the Objection of Spartech Corporation and Spartech Polycom to Notice of Cure Amount

with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in

Connection with the Sale of Interiors and Closures Business (the "Spartech Objection") (Docket

No. 11381).  In the Spartech Objection, Spartech disputed the cure amount asserted in the

Debtors' Cure Notice, and asserted a total cure amount of $41,729.08 for products delivered

postpetition (consisting of $30,635.36 for purchase order 550057020 and $11,093.72 for purchase order 550057021).  The Spartech Objection has been resolved consensually.  By mutual agreement of the parties, the Debtors will make the following payments to Spartech pursuant to the following timeline: (a) $3,264.85 by February 15, 2008, (b) $4,330.26 by February 15, 2008, and (c) $58,147.71 in the ordinary course.  Additionally, Debtors will pay Spartech for shipments received on or after January 10, 2008 in the ordinary course.  For the avoidance of doubt, Spartech, having timely filed the Spartech Objection, is not subject to the terms of Paragraph 7(b) of the Bidding Procedures Order pertaining to circumstances in which no objection is timely filed, and nothing shall preclude Spartech from asserting any and all future claims it may have arising under the contracts at issue in the Spartech Objection.  In consideration for the Debtors' commitment to these transactions, on January 24, 2008, Spartech has withdrawn the Spartech Objection (Docket No. 12337).

22.    WESCO Distribution, Inc.  On December 10, 2007, WESCO filed the Assignee's Objection To Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Business (the "WESCO Objection") (Docket No. 11385).  WESCO disputed the cure amount asserted the Debtors' Cure Notice.  All issues raised in the WESCO Objection have been resolved.  Subsequent to the filing of the WESCO Objection, the Debtors confirmed that purchase order 460005746 will not be assumed and/or assigned in connection with the sale of the Interiors and Closures Businesses.  Consequently, on January 11, 2008 WESCO withdrew the WESCO Objection (Docket No. 11385).

WHEREFORE the Debtors respectfully request that the Court enter the Amended

And Restated Interiors And Closures Business Sale Approval Order disposing of the Adjourned

Objections and (ii) grant the Debtors such other and further relief as is just.

Dated: New York, New York
         January 24, 2007

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                        By:     /s/ John Wm. Butler, Jr.
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606
                                        (312) 407-0700


                                                   −and −

                                        By:     /s/ Kayalyn A. Marafioti
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession