UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :
   In re                               :    Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :    Case No. 05-44481 (RDD)
                                           :
                    Debtors.        :    (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER RESOLVING ADJOURNED OBJECTIONS TO DEBTORS MOTION FOR ORDERS
UNDER 11 U.S.C. §§ 363, 365, AND 1146 AND FED. R. BANKR. P. 2002, 6004, 6006, AND
9014 AUTHORIZING AND APPROVING (I) SALE OF CERTAIN OF DEBTORS' ASSETS
COMPRISING SUBSTANTIALLY ALL THE ASSETS OF THE COCKPITS AND INTERIOR
SYSTEMS AND INTEGRATED CLOSURE SYSTEMS BUSINESSES FREE AND CLEAR
OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III)
<u>ASSUMPTION OF CERTAIN LIABILITIES</u>

("INTERIORS AND CLOSURES BUSINESSES ADJOURNED OBJECTIONS ORDER")

       Upon the motion, dated October 15, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) (i) approving the bidding procedures, (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale") of certain of the Debtors' assets (the "Purchased Assets") comprising substantially all the assets that comprise the Cockpits and Interior Systems and Integrated Closure Systems Businesses (the "Interiors and Closures Businesses"), free and clear of liens, claims, and encumbrances, to Inteva Products, LLC. and certain of its affiliates (the "Buyers") pursuant to the Master Sale and Purchase Agreement, dated October 15, 2007 (the

"Agreement," by and between Delphi and certain of its affiliates, including certain affiliated Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] and the Buyers or to the party submitting the highest or otherwise best bid (the "Successful Bidder"), (ii) the assumption and assignment of certain prepetition executory contracts and unexpired leases (the "Assumed U.S. Contracts") and the assignment of certain postpetition executory contracts and unexpired leases (the "Postpetition Contracts," and collectively with the Assumed U.S. Contracts, the "Assigned Contracts") to the Buyers or the Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by the Buyers or the Successful Bidder; and the Court having entered an order on October 26, 2007 (the "Bidding Procedures Order") (Docket No. 10732) (a) approving bidding procedures, (b) granting certain bid protections, (c) approving the form and manner of sale notices, and (d) setting the Sale Hearing; and the Sale Hearing having been held on December 20, 2007, at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having entered an order granting the Motion (the "Interiors and Closures Sale Approval Order") (Docket No. 11579); and the Court having found and determined in the Interiors and Closures Sale Approval Order that the hearing on the Motion as it pertained to the objections set forth in Schedule 1 hereto (the "Adjourned Objections") was adjourned until the omnibus hearing scheduled to take place January 25, 2008 (the "January Omnibus Hearing") and that any findings and conclusions and decretal paragraphs in the Interiors and Closures Sale Approval Order pertaining to the Assigned Contracts did not apply to the contracts covered by the Adjourned Objections; and the Debtors having filed an omnibus reply to the Adjourned Objections on January 24, 2008 (the "Supplemental Omnibus

---

[1] Under the Agreement, the Selling Debtor Entities are comprised of Delphi, Delphi Automotive Systems LLC, Delphi Automotive Systems (Holdings) Inc., and Delphi Technologies, Inc. Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

Reply"); and the Court having reviewed and considered the Motion and the arguments of counsel made, and the evidence proffered or adduced, at the January Omnibus Hearing concerning the resolution of the Adjourned Objections; and it appearing that the relief requested in the Motion, as amended as set forth in the Supplemental Omnibus Reply and on the record of the January Omnibus Hearing, as applicable to the contracts covered by the Adjourned Objections is in the best interests of the Selling Debtor Entities, their estates, their stakeholders, and all other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 363, 365, and 1146 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C.    As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the January Omnibus Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, and the assumption and assignment of the Assumed U.S. Contracts, and the Cure Amounts as approved herein has been provided in accordance with 11 U.S.C. §§ 102(l), 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances,

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, or the assumption and assignment of the contracts covered by the Adjourned Objections pursuant to the terms set forth herein (the "Adjourned Objection Contracts") is necessary.

    D.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Buyers, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) counsel for the official committee of equity security holders appointed in these chapter 11 cases, (v) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past six months, (vi) all entities known to have asserted any Interests and/or Claims (as defined below) in or upon the Purchased Assets, (vii) all federal, state, and local regulatory or taxing authorities or recording offices, including but not limited to environmental regulatory authorities, which have a reasonably known interest in the relief requested by the Motion, (viii) all parties to Assigned Contracts, (ix) the United States Attorney's office, (x) the United States Department of Justice, (xi) the Securities and Exchange Commission, (xii) the Internal Revenue Service, (xiii) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management Order")), and (xiv) such other entities as are required to be served with notices under the Supplemental Case Management Order.

    E.  Except as expressly provided in the Agreement, the assumption and/or assignment to the Buyers of the Adjourned Objection Contracts and Assumed Liabilities related

thereto will not subject the Buyers to any liability whatsoever with respect to the operation of the Interiors and Closures Businesses prior to the Closing of the Sale, or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity including, without limitation, any theory of equitable law, antitrust, or successor or transferee liability.

     F. The Selling Debtor Entities have demonstrated that it is an exercise of their sound business judgment to assume and/or assign, applicable, the Adjourned Objection Contracts to the Buyers in connection with the consummation of the Sale, and the assumption and/or assignment of the Adjourned Objection Contracts is in the best interests of the Selling Debtor Entities, their estates, and their creditors.  The Adjourned Objection Contracts being assigned to, and the liabilities being assumed by, the Buyers are an integral part of the Purchased Assets being purchased by the Buyers and, accordingly, such assumption and/or assignment of the Adjourned Objection Contracts and related liabilities is reasonable and enhances the value of the Selling Debtor Entities' estates.

     G. The Selling Debtor Entities have (i) cured, or have provided adequate assurance of cure of, any default existing prior to the Closing of the Sale under all of the Adjourned Objection Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), by payment of the amounts provided on <u>Schedule 1</u> hereto and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Adjourned Objection Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B).  The Buyers have provided adequate assurance of their future performance of and under the Adjourned Objection Contracts, within the meaning of 11

U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).  The Adjourned Objection Contracts to be assumed and assigned under the Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Buyers notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.

        H.        Approval of the assignment of the Adjourned Objection Contracts is in the best interests of the Selling Debtor Entities, their stakeholders, their estates, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

## General Provisions

        1.        The Motion as it pertains to the Adjourned Objection Contracts is GRANTED.  Any and all objections to the Motion not waived, withdrawn, settled, adjourned or otherwise resolved herein are hereby overruled and denied with prejudice.

        2.        The Adjourned Objections are resolved consistent with the Debtors' representations in the Supplemental Omnibus Reply and before the Court at the January Omnibus Hearing.

## Approval Of The Agreement

        3.        Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

        4.        Pursuant to 11 U.S.C. § 363(b), the Selling Debtor Entities are authorized, but not directed, to perform their obligations under the Agreement and comply with the terms

6

thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

    5.  Each of the signatories to the Agreement is authorized, but not directed, to take all actions necessary or appropriate to effectuate the terms of this order.

    6.  The Selling Debtor Entities are authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Buyers for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser the Adjourned Objection Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

    7.  This order and the Agreement shall be binding in all respects upon all stakeholders (whether known or unknown) of the Debtors, the Buyers, all successors and assigns of the Buyers and the Selling Debtor Entities, all affiliates and subsidiaries of the Buyers and the Selling Debtor Entities, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection. To the extent that any provision of this order is inconsistent with the terms of the Agreement, this order shall govern.

    8.  The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; <u>provided</u> that such modification, amendment, or supplement is not material.

Assumption And Assignment To The Purchaser Of The Assumed U.S. Contracts

9.  Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the Closing of the Sale, and subject to, the Selling Debtor Entities' assumption and assignment to the Buyers, and the Buyers' assumption on the terms set forth in the Agreement, of the Adjourned Objection Contracts is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

10. The Selling Debtor Entities are hereby authorized in accordance with 11 U.S.C. §§ 105(a), 363, and 365 to (a) assume and/or assign to the Buyers, effective upon the Closing of the Sale, the Adjourned Objection Contracts free and clear of all Interests and/or Claims of any kind or nature whatsoever and (b) execute and deliver to the Buyers such documents or other instruments as may be necessary to assign and transfer the Adjourned Objection Contracts and related Assumed Liabilities to the Buyers.

11. The Adjourned Objection Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyers in accordance with their respective terms, notwithstanding any provision in any such Adjourned Objection Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), the Selling Debtor Entities shall be relieved from any further liability with respect to the Adjourned Objection Contracts after such assignment to and assumption of such contracts by the Buyers.

12. All defaults or other obligations of the Selling Debtor Entities under the Adjourned Objection Contracts arising or accruing prior to the Closing of the Sale (without giving effect to any acceleration clauses or any default provisions of the kind specified in section

8

365(b)(2) of the Bankruptcy Code) shall be cured by the Selling Debtor Entities in accordance with the terms of the Agreement, and the Buyers shall have no liability or obligation arising or accruing prior to the date of the Closing of the Sale, except as otherwise expressly provided in the Agreement. Each non-debtor party to any Adjourned Objection Contract shall be deemed to have consented to the assumption and assignment of the Adjourned Objection Contract to the Buyers and shall be forever barred, estopped, and permanently enjoined from asserting against the Selling Debtor Entities or the Buyers, or the property of any of them, any default existing, arising, or accruing as of the date of the Closing or any purported written or oral modification to the Adjourned Objection Contracts. The failure of the Debtors or the Buyers to enforce prior to the Closing of the Sale one or more terms or conditions of any Adjourned Objection Contract shall not be a waiver of such terms or conditions or of the Debtors' or Buyers' rights to enforce every term and condition of any such Adjourned Objection Contracts.

Additional Provisions

13.     Upon the Closing of the Sale, this order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Adjourned Objection Contracts or a bill of sale transferring good and marketable title in such Purchased Assets and Adjourned Objection Contracts to the Buyers pursuant to the terms of the Agreement.

14.     The Selling Debtor Entities, including, but not limited to, their officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this order. The Selling Debtor Entities shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this order.

15. The terms and provisions of the Agreement and this order shall be binding in all respects upon, and shall inure to the benefit of, the Selling Debtor Entities, their estates, and their stakeholders, the Buyers and their affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting an Interest or Claim against or in the Purchased Assets to be sold to the Buyers pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee or other fiduciary such terms and provisions likewise shall be binding.

16. The failure specifically to include or to reference any particular provision of the Agreement in this order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

17. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, _provided_ that any such modification, amendment, or supplement does not have a material adverse effect on the Selling Debtor Entities' estates.

18. Nothing in this order shall alter or amend the Agreement and the obligations of the Sellers and the Buyers thereunder.

19. This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel

delivery of the Purchased Assets to the Buyers, (b) compel delivery of the purchase price or performance of other obligations owed to the Selling Debtor Entities pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this order, (e) protect the Buyers against any Interests and/or Claims against or in the Selling Debtor Entities or the Purchased Assets, of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (f) determine all disputes among the Selling Debtor Entities, the Buyers, and any non-Debtor parties to any Assigned Contracts concerning, inter alia, the Selling Debtor Entities' assumption and/or assignment of any Adjourned Objection Contract to the Purchaser under the Agreement.

20. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
January 25, 2008

                                                       /s/ Robert D. Drain
                                                UNITED STATES BANKRUPTCY JUDGE