```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
      In re                                 :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                         Debtors.           :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## FINAL ORDER APPROVING MULTIDISTRICT
## LITIGATION AND INSURANCE SETTLEMENT

### ("FINAL MDL SETTLEMENT APPROVAL ORDER")

Upon the Motion For Order Approving Multidistrict Litigation And Insurance Settlements (Docket No. 9296), dated September 7, 2007 (the "Motion"), by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in these cases (collectively, the "Debtors"); and the Court having reviewed the Motion and having heard the statements of counsel and the evidence presented regarding the Motion at a hearing before the Court on October 25, 2007 concerning preliminary approval of the settlement set forth in the Motion (the "Preliminary Approval Hearing"); and the Court having issued an Order Preliminary Approving Multidistrict Litigation And Insurance Settlement (Docket No. 10746), dated October 29, 2007 (the "Preliminary MDL Settlement Approval Order"); and the Court having heard the statements of counsel and the evidence presented regarding the Motion at a hearing before the Court on January 22, 2008 concerning final approval of the settlement set forth in the Motion (the "Final Approval Hearing"); and due and appropriate notice of the Motion having been given; and there being no remaining objections to the entry of this Order; and for the reasons stated by the Court on the record at the Final Approval Hearing; now, therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    The Debtors commenced these cases on October 8 and 14, 2005.

B.    On December 12, 2005, the Judicial Panel on Multidistrict Litigation issued an order concentrating in the United States District Court for the Eastern District of Michigan (the "District Court") a number of federal actions against Delphi and other defendants under the caption In re: Delphi Corp. Securities, Derivative and "ERISA" Litigation, Master Case No. 05-md-1725 (GER) (the "MDL"). The MDL includes class actions under the federal securities laws, class actions under the Employee Retirement Income Security Act of 1974 ("ERISA"), and derivative actions.

C.    Under the Court's Agreed Order Regarding Interim Disposition With Respect To Lead Plaintiffs' Motion For Limited Modification Of Automatic Stay, dated April 16, 2007 (Docket No. 7718) (the "Agreed Order"), the Debtors produced certain documents to the lead plaintiffs in the securities portion of the MDL (the "Securities Lead Plaintiffs").

D.    The Debtors provided similar material to the named plaintiffs in the ERISA portion of the MDL (the "ERISA Named Plaintiffs") in accordance with the Court's Agreed Order Approving Agreement To Modify Automatic Stay To Provide Certain Third-Party Discovery Materials To ERISA Plaintiffs, dated May 31, 2007 (Docket No. 8118).

E.    On August 31, 2007, after several months of negotiations involving Delphi, the Securities Lead Plaintiffs, the ERISA Named Plaintiffs, certain other defendants, certain insurance carriers, and a special master appointed for settlement purposes by the District Court, the parties executed the following agreements concerning the MDL:

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

- a certain "Stipulation and Agreement of Settlement With Certain Defendants" among the Securities Lead Plaintiffs, on behalf of themselves and a putative class; Delphi, Delphi Trust I, Delphi Trust II; J.T. Battenberg III, John. G. Blahnik, Robert H. Brust, Virgis W. Colbert, Alan S. Dawes, David N. Farr, Paul R. Free, Bernd Gottschalk, Susan A. McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie, Roger S. Penske, Donald L. Runkle, John D. Sheehan, and Patricia C. Sueltz (the "Securities Officer and Director Defendants"); and Banc of America Securities LLC, Barclays Capital Inc., Bear Stearns & Co. Incorporated, Citigroup Global Markets, Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, and Wachovia Capital Markets, LLC (the "Underwriter Defendants") (the "Securities Stipulation"), a copy of which is attached to this Order as <u>Exhibit A</u>, and an accompanying "Supplemental Agreement" among the same parties that includes confidential information concerning the settlement contemplated by the Securities Stipulation;

- a certain "Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions" among the ERISA Named Plaintiffs, on behalf of themselves and a putative class; Delphi; ASEC Manufacturing General Partnership ("ASEC Manufacturing"); Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic"); the Executive Committee of Delphi's Board of Directors and its members (the "Executive Committee"); Delphi's Investment Policy Committee and its members (the "Investment Policy Committee"); and Mr. Battenberg, Mr. Brust, Mr. Dawes, Ms. McLaughlin, and Mr. Opie (the "ERISA Officer and Director Defendants") (the "ERISA Stipulation"); and

- a certain "Stipulation and Agreement of Insurance Settlement" among Delphi; Mr. Battenberg, Milan Belans, Mr. Blahnik, Mr. Brust, Mr. Colbert, Mr. Dawes, Mr. Farr, Mr. Free, Mr. Gottschalk, Peter H. Janak, Judith Kudla, Ms. McLaughlin, Mr. Bernardes, Ms. Niekamp, Mr. Opie, Mr. Penske, Catherine Rozanski, Mr. Runkle, Mr. Sheehan, and Ms. Sueltz (the "Insurance Officers and Directors"); and National Union Fire Insurance Company of Pittsburgh, Pa., Zurich American Insurance Company, Federal Insurance Company, Twin City Fire Insurance Company, American Casualty Company of Reading PA, Arch Insurance Company, St. Paul Mercury Insurance Company, Great American Insurance Company, Allied World Assurance Company LTD, Endurance Specialty Insurance Ltd., and Starr Excess International (the "Insurers") (the "Insurance Stipulation"), a copy of which is attached to this Order as <u>Exhibit D</u>.

F.   At a meeting on August 7, 2007, Delphi's Board of Directors (the "Board") authorized Delphi to enter into the settlements memorialized in the Securities Stipulation, the

3

ERISA Stipulation, and the Insurance Stipulation. Also at that meeting, a quorum of the Board comprising Board members not named as defendants in the Delphi Securities Action (as defined in the Securities Stipulation) resolved to release any and all affirmative claims by any of the Debtors against, among others, all current and former Delphi officers and directors arising from any alleged violation of the federal securities laws during the period of time between March 7, 2000 and March 3, 2005, inclusive, while reserving the right to assert such claims as a defense or setoff to claims asserted by such officers and directors.

      G.      On September 5, 2007, the District Court entered an Order Of Preliminary Approval And For Notice And Hearing concerning the Delphi Securities Action which, among other things, preliminarily approved the settlement contemplated by the Securities Stipulation, preliminarily certified the Securities Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the Securities Stipulation for November 13, 2007.

      H.      On the same day, the District Court entered an Order Preliminarily Approving Settlement, Preliminarily Certifying A Settlement Class, Approving Forms And Methods Of Notice, And Setting A Fairness Hearing concerning the Delphi ERISA Action (as defined in the ERISA Stipulation) which, among other things, preliminarily approved the settlement contemplated by the ERISA Stipulation, preliminarily certified the ERISA Class (as defined below), and scheduled a fairness hearing on the settlement contemplated by the ERISA Stipulation for November 13, 2007.

      I.      The initial deadline for objections to the Motion was September 20, 2007 (the "Objection Deadline"). No objections to the Motion were filed on or before the Objection Deadline; however, the following parties were granted additional time to evaluate and object to the Motion: (i) the Official Committee of Unsecured Creditors, (ii) the United States

4

Department of Labor (the "DOL"), (iii) Wilmington Trust Company as indenture trustee, (iv) the Ad Hoc Committee of Trade Creditors, and (v) Davidson Kempner Capital Management LLC, SPCP Group, LLC, Castlerigg Master Investments Ltd., Elliott Associates, L.P., and CR Intrinsic Investors, LLC[2] (collectively, the "Potential Objectors").  In addition, at the hearing held on October 3, 2007, the Debtors and the Official Committee of Equity Security Holders (the "Equity Committee") placed on the record a mutual reservation of rights concerning whether the Equity Committee was also entitled to object to the Motion.  In consideration of the Equity Committee's support of the entry of the Preliminary Approval Order by the Court, the Debtors agreed that the Equity Committee shall be deemed a Potential Objector for all purposes under the Preliminary Approval Order.

J.      In their Reply In Support Of Motion For Order Approving Multidistrict Litigation And Insurance Settlements, dated October 24, 2007 (Docket No. 10714) (the "Omnibus Reply"), the Debtors modified the scope of the relief requested in the Motion to be granted at the Preliminary Approval Hearing, limiting it to the relief set forth in the Preliminary Approval Order.  The Debtors further stated that, with the concurrence of the Securities Lead Plaintiffs and the ERISA Named Plaintiffs, the Debtors would seek final approval of the settlements contemplated by the Securities Stipulation, the ERISA Stipulation, and the Insurance Stipulation at the same time that they seek confirmation of the Debtors' plan of reorganization.

K.      On January 17, 2008, the parties to the Securities Stipulation entered into a "Stipulation Modifying Agreement Of Settlement With Certain Defendants" (the "Securities

---

[2]    The Debtors assert that the bondholders are acting as a group or ad hoc committee and in any event are governed by Fed. R. Bankr. P. 2019 and are potentially subject to other relief available to the Debtors under applicable law.  The foregoing bondholders assert that they are being represented individually by common counsel which has fully complied with Fed. R. Bankr. P. 2019 and otherwise dispute the Debtors' foregoing assertions.  This matter is not being determined by the Court in this Order and the rights of all parties with respect thereto are expressly reserved.

5

Stipulation Modification"), a copy of which is attached to this Order as <u>Exhibit B</u>.  The Securities Stipulation, as modified by the Securities Stipulation Modification, is referred to herein as the "Modified Securities Stipulation."

        L.        On October 31, 2007, the parties to the ERISA Stipulation executed an "Amended Stipulation And Agreement Of Settlement With Certain Defendants – ERISA Action" (the "Amended ERISA Stipulation"), a copy of which is attached to this Order as <u>Exhibit C</u>.

        M.        The District Court conducted a fairness hearing concerning the settlements contemplated by the Securities Stipulation and the Amended ERISA Stipulation on November 13, 2007, and it conducted a hearing concerning the modifications to the Securities Stipulation later memorialized in the Securities Stipulation Modification on December 4, 2007.  The District Court granted the Securities Lead Plaintiffs' motion for final approval of the settlement contemplated by the Modified Securities Stipulation and the ERISA Named Plaintiffs' motion for final approval of the settlement contemplated by the Amended ERISA Stipulation in an opinion and order issued on January 10, 2008, and amended on January 11, 2008.  A copy of the District Court's amended opinion and order is attached to this Order as <u>Exhibit E</u>.

        N.        Certification of the Securities Class (as defined below) and the ERISA Class (as defined below) for purposes of settlement, granting the Securities Lead Plaintiffs, on behalf of the Securities Class, the Securities Allowed Claim/Interest (as defined below), and granting the ERISA Named Plaintiffs, on behalf of the ERISA Class, the ERISA Allowed Interest, and for no other purposes, is (i) appropriate under Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, which the Court, in its discretion, chooses to apply with respect to this matter, and (ii) provides benefits that are consistent with the goals of chapter 11 of the Bankruptcy Code.

    O. The Debtors have withdrawn the portion of the Motion seeking the expungement of proof of claim number 9826, dated July 24, 2006, filed by the DOL and the entry of an order barring the DOL from instituting or maintaining claims against any of the current or former officers or directors of Delphi arising out of or related to the allegations in the MDL ERISA actions.

    P. Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

    Q. Contemporaneously herewith, the Court will issue an order confirming the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, dated December 10, 2007 (as it may be amended, supplemented, or otherwise modified) (the "Plan"). The Plan incorporates the Modified Securities Stipulation and the Amended ERISA Stipulation.

    R. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    S. The relief granted in this Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. The Motion is GRANTED and the settlements proposed in the Motion are APPROVED.

    2.  In accordance with Fed. R. Bankr. P. 9014(c), the Court directs that Fed. R. Bankr. P. 7023 shall apply in this matter with respect to certifying the Securities Class (defined below) and the ERISA Class (defined below) for the purposes of settlement as provided herein.

    3.  Pursuant to section 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), the Debtors are authorized, but not directed, to enter into the Modified Securities Stipulation, the Amended ERISA Stipulation, and the Insurance Stipulation, and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the Modified Securities Stipulation, the Amended ERISA Stipulation, and the Insurance Stipulation, and all exhibits and attachments thereto, and such stipulations and documents shall be binding and enforceable against the Debtors, their estates, and the other parties to such stipulations in accordance with their terms and subject to the conditions contained therein.  The Debtors and the parties to the Modified Securities Stipulation, the Amended ERISA Stipulation, and the Insurance Stipulation, as appropriate, are authorized to amend the stipulations without further order of the Court to the extent that such amendments either are not material to the stipulations or have not been objected to by either the official committee of unsecured creditors or the official committee of equity security holders appointed in these cases (collectively, the "Statutory Committees") following five business days' notice (or such shorter period as the Debtors and the Statutory Committees may agree).

    4.  Pursuant to section 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), the Debtors are authorized, but not directed, to release any and all of their claims against the current and former officers and directors of Delphi that relate to or arise out of any alleged violations of the federal securities laws during the period of time between March 7, 2000 and March 3, 2005, inclusive.

5. Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the Securities Lead Plaintiffs shall serve as representatives of the following class, which is hereby certified for purposes of settlement and granting the Securities Lead Plaintiffs, on behalf of the Securities Class, the Securities Allowed Claim/Interest (as defined below), and for no other purposes:

> All persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I and Delphi Trust II, during the period of time between March 7, 2000 and March 3, 2005, inclusive, and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement (the "Securities Class"). Excluded from the Securities Class are (i) any Defendant, (ii) any member of the family of any of the Delphi Officer and Director Defendants, (iii) any entity in which any Defendant has a controlling interest, (iv) any officer, director, or partner of any Defendant or their subsidiary or affiliate, or (v) the legal representatives, heirs, successors, and assigns of any such excluded party, and any putative members of the Securities Class who excluded themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice.[3]

6. The Securities Lead Plaintiffs, as representatives of the Securities Class, are hereby granted an allowed claim and/or interest in these cases in the aggregate face amount of $179.0 million, with no additional provision to be made for accrued interest (the "Securities Allowed Claim/Interest"). The Securities Allowed Claim/Interest shall be classified under the Plan in a separate class, and may be classified in separate debt and equity subclasses in a manner consistent with the Modified Securities Stipulation, as approved by the District Court.

7. Upon the Effective Date of the Settlement, Delphi's distribution of the Delphi Net Consideration pursuant to the terms of the Modified Securities Stipulation shall be in full and final satisfaction of the Securities Allowed Claim/Interest.

---

[3] Capitalized terms used in paragraphs 5 through 9 of this Order and not otherwise defined in this Order shall have the meanings ascribed to them in the Modified Securities Stipulation.

9

8.   Upon the Effective Date of the Settlement, the Securities Lead Plaintiffs and any other named plaintiff in the Delphi Securities Action, as appropriate, shall withdraw, with prejudice, (i) that certain proof of claim in these cases bearing number 14092 and dated July 31, 2006, and all other proofs of claim in these cases filed by the Securities Lead Plaintiffs on behalf of the Securities Class, and (ii) any individual proof of claim that was filed in these cases by the Securities Lead Plaintiffs or any other named plaintiff in the Delphi Securities Action, or on their behalf, in any capacity other than as representatives of the Securities Class and relates to the allegations in the Delphi Securities Action (including but not limited to the proofs of claim identified in Exhibit D to the Modified Securities Stipulation).

9.   In the event that (i) the settlement contemplated by the Modified Securities Stipulation does not become effective pursuant to the terms of the Modified Securities Stipulation or (ii) the Court's order confirming the Plan is revoked prior to the Effective Date (as defined in the Plan), this Order, including but not limited to the portion of the Order granting the Securities Lead Plaintiffs the Securities Allowed Claim/Interest, shall be rendered null and void to the extent provided by and in accordance with the Modified Securities Stipulation, and this Order shall be vacated, and in such event all orders entered by the Court in accordance with the Modified Securities Stipulation shall be vacated.

10.   Pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23, the ERISA Named Plaintiffs shall serve as representatives of the following class, which is hereby certified for purposes of settlement and granting the ERISA Named Plaintiffs, on behalf of the ERISA Class, the ERISA Allowed Interest (as defined below), and for no other purposes:

> All persons (a) who were (i) participants in or beneficiaries of the Delphi Savings-Stock Purchase Program for Salaried Employees, the Delphi Personal Savings Plan for Hourly-Rate Employees, or the ASEC Manufacturing Savings Plan between May 28, 1999 and November 1,

2005 or (ii) participants in or beneficiaries of the Delphi Mechatronic Systems Savings-Stock Purchase Program between June 1, 2001 and November 1, 2005 and (b) whose accounts included investments in the Delphi and/or GM Stock Funds (the "ERISA Class"). Excluded from the ERISA Class are (i) the Defendants, (ii) members of the immediate families of each of the Defendants, (iii) any entity in which any Defendant has a controlling interest, (iv) any parent, subsidiary, or affiliate of a Defendant, (v) any person who was an officer or director of a Defendant or of any of Defendants' subsidiaries or affiliates during the period of time between May 28, 1999 and November 1, 2005, inclusive, and (vi) the legal representatives, heirs, predecessors, successors, or assigns of any such excluded person or entity.[4]

11. The Named Plaintiffs, as representatives of the ERISA Class, are hereby granted an allowed interest in these cases in the face amount of $24.5 million, with no additional provision to be made for accrued interest (the "ERISA Allowed Interest"). The ERISA Allowed Interest shall be classified under the Plan in a separate equity class.

12. Upon the Effective Date of the Settlement, Delphi's distribution of the Delphi Consideration pursuant to the terms of the Amended ERISA Stipulation shall be in full and final satisfaction of the ERISA Allowed Interest.

13. Upon the Effective Date of the Settlement, the ERISA Named Plaintiffs shall withdraw, with prejudice, and shall be deemed to have withdrawn, with prejudice, (i) any proof of claim that they may assert they filed in these cases on behalf of the ERISA Class and (ii) any individual proof of claim that was filed in these cases by the ERISA Named Plaintiffs or on their behalf in any capacity other than as representatives of the ERISA Class and that relates to the allegations asserted in the Delphi ERISA Action (including but not limited to the proofs of claim identified in Exhibit D to the Amended ERISA Stipulation).

---

[4] Capitalized terms used in paragraphs 10 through 14 of this Order and not otherwise defined in this Order shall have the meanings ascribed to them in the Amended ERISA Stipulation.

14. In the event that (i) the settlement contemplated by the Amended ERISA Stipulation does not become effective pursuant to the terms of the Amended ERISA Stipulation or (ii) the Court's order confirming the Plan is revoked prior to the Effective Date (as defined in the Plan), this Order, including but not limited to the portion of the Order granting the ERISA Named Plaintiffs the ERISA Allowed Interest, shall be rendered null and void to the extent provided by and in accordance with the Amended ERISA Stipulation, and this Order shall be vacated, and in such event all orders entered by the Court in accordance with the Amended ERISA Stipulation shall be vacated.

15. The Insurance Policies are hereby deemed fully exhausted and forever discharged.[5]

16. Upon the Court's entry of this Order, any proof of claim and any portion of any proof of claim filed in these cases by or on behalf of the Delphi Officers and Directors Released Parties or the Insurers Released Parties relating to any claim of loss, damage, reimbursement, contribution, or indemnification arising out of or relating to the Delphi Securities Action, the Delphi ERISA Action, the Delphi Derivative Demands and Actions, the SEC Investigation and Enforcement Action, or the DOJ Investigation and Potential Proceedings (including but not limited to the proofs of claim and portions of proofs of claim identified in Exhibit A to the Insurance Stipulation) shall be deemed to have an estimated amount of $0 for all purposes in these cases.

17. Upon the Effective Date of the Insurance Stipulation, (i) the Delphi Officers and Directors Released Parties shall be deemed to have withdrawn all proofs of claim and all portions of any proofs of claim filed in these cases by them or on their behalf relating to

---

[5] Capitalized terms used in paragraphs 15 through 19 of this Order and not otherwise defined in this Order shall have the meanings ascribed to them in the Insurance Stipulation.

12

any claim of loss, damages, reimbursement, contribution, or indemnification arising out of or relating to the Delphi Securities Action, the Delphi ERISA Action, the Delphi Derivative Demands and Actions, the SEC Investigation and Enforcement Action, or the DOJ Investigation and Potential Proceedings (including but not limited to the proofs of claim identified in Exhibit A to the Insurance Stipulation), and (ii) the Insurers Released Parties shall be deemed to have withdrawn all proofs of claim and all portions of any proofs of claim filed in these cases by them or on their behalf relating, based upon, or by reason of the Insurance Policies.

18. Any person who is, may be, or claims to be an insured under any of the Insurance Policies or Zurich American Insurance Company Policy No. FLC 9024054 (the "Zurich Policy") or who otherwise claims to have an interest in the Insurance Policies or the Zurich Policy, including any interest alleged to arise by reason of a claim against an insured, or who derives his or her claim from any insured under any of the Insurance Policies or the Zurich Policy, including without limitation any judgment creditors, claimants, assignees, or similar persons, is hereby barred and enjoined from instituting and/or prosecuting any actions or claims against any of the Insurers arising out of related to any of the Insurance Policies or the Zurich Policy or the obligations of any of the Insurers under any of the Insurance Policies or the Zurich Policy.

19. In the event that (i) the Insurance Stipulation does not become effective pursuant to its terms or (ii) the Court's order confirming the Plan is revoked prior to the Effective Date (as defined in the Plan), this Order shall be rendered null and void to the extent provided by and in accordance with the Insurance Stipulation, and this Order shall be vacated, and in such event all orders entered by the Court in accordance with the Insurance Stipulation shall be vacated.

13

20. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order consistent with Article XIII of the Plan.

21. The requirement under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
January 25, 2008

        ___/s/ Robert D. Drain_____
        UNITED STATES BANKRUPTCY JUDGE