UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :

      In re                          :       Chapter 11
                                    :
DELPHI CORPORATION, et al.,       :       Case No. 05-44481 (RDD)
                                    :
                  Debtors.      :       (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT
REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D)
CLAIMS SUBJECT TO MODIFICATION, MODIFIED CLAIMS ASSERTING
RECLAMATION, AND CLAIM SUBJECT TO MODIFICATION THAT IS SUBJECT TO
<u>PRIOR ORDER IDENTIFIED IN TWENTY-FOURTH OMNIBUS CLAIMS OBJECTION</u>

("TWENTY-FOURTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected

On Debtors Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification,

Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To

Prior Order, dated December 21, 2007 (the "Twenty-Fourth Omnibus Claims Objection"),[1] of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of

the hearing held on the Twenty-Fourth Omnibus Claims Objection; and after due deliberation

thereon; and good and sufficient cause appearing therefor,

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Twenty-Fourth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D-1, D-2, and D-3 hereto was properly and timely served with a copy of the Twenty-Fourth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Fourth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Fourth Omnibus Claims Objection.  No other or further notice of the Twenty-Fourth Omnibus Claims Objection is necessary.

B.      This Court has jurisdiction over the Twenty-Fourth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Fourth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Twenty-Fourth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Claims listed on Exhibit A hereto under the column heading "Claim To Be Expunged" are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims (the "Duplicate Or Amended Claims").

D.      The Claims listed on Exhibit B hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

E.      The Claims listed on <u>Exhibit C</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Claims").

F.      The Claims listed on <u>Exhibit D-1</u> hereto (a) state the incorrect amount or are overstated, and/or (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured or priority status (the "Claims Subject To Modification").

G.      The Claims listed on <u>Exhibit D-2</u> hereto (a) (i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtors, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claims Asserting Reclamation").

H.      The Claim listed on <u>Exhibit D-3</u> hereto was modified pursuant to a prior order and states the incorrect amount (the "Claim Subject To Modification That Is Subject To Prior Order").

I.      The relief requested in the Twenty-Fourth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Each "Claim To Be Expunged" listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.  Each Claim identified on Exhibit A hereto as the "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2.      Each Books And Records Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

3.      Each Untimely Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

4.      Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-1 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit D-1 hereto shall be entitled to (a) recover for any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit D-1 hereto, subject to the Debtors' right to further object to each such Claim Subject To Modification.  The Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

5.      Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-2 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit D-2 shall be entitled to (a) recover for any

Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the

"Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that

any Reserved Defense is valid and denying priority status to such Claimant's reclamation

demand, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As

Modified" column on Exhibit D-2 hereto, and/or (c) assert a Claim against a Debtor whose case

number is not listed in the "Claim As Modified" column on Exhibit D-2 hereto, subject to the

Debtors' right to further object to each such Modified Claim Asserting Reclamation.  The

Modified Claims Asserting Reclamation shall remain on the claims register, and shall remain

subject to future objection by the Debtors and other parties-in-interest.

      6.    The "Claim As Docketed" amount, classification, and Debtor listed on

Exhibit D-3 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the

"Claim As Modified."  The Claimant listed on Exhibit D-3 hereto shall not be entitled to (a)

recover for the Claim Subject To Modification That Is Subject To Prior Order in an amount

exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a

classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c)

assert the Claim against a Debtor whose case number is not listed in the "Claim As Modified"

column on Exhibit D-3 hereto, subject to the Debtors' right to further object to the Claim Subject

To Modification That Is Subject To Prior Order.  The Claim Subject To Modification That Is

Subject To Prior Order shall remain on the claims register, and shall remain subject to future

objection by the Debtors and other parties-in-interest.

      7.    For clarity, Exhibit F hereto displays the formal name of each of the

Debtor entities and their associated bankruptcy case numbers referenced on Exhibits D-1, D-2,

and D-3 and Exhibit G sets forth each of the Claims referenced on Exhibits A, B, C, D-1, D-2,

and D-3 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

8.      With respect to each Claim for which a Response to the Twenty-Fourth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits E-1, E-2, E-3, and E-4 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

9.      Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Fourth Omnibus Claims Objection.

10.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

11.      This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Fourth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

12.      Each of the objections by the Debtors to each Claim addressed in the Twenty-Fourth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D-1, D-2, D-3, E-1, E-2, E-3, and E-4 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Fourth Omnibus Claims Objection.  Any stay of this order shall apply

only to the contested matter which involves such Claim and shall not act to stay the applicability

or finality of this order with respect to the other contested matters covered hereby.

13.    Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order.

14.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Twenty-Fourth Omnibus

Claims Objection.


Dated: New York, New York
       January 25, 2008


\_\_\_\_/s/Robert D. Drain_____
       UNITED STATES BANKRUPTCY JUDGE