IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

In re                       :     Chapter 11
                                  :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                                  :

                  Debtors.    :     (Jointly Administered)
                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On January 18, 2008, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

     1)     Debtors' Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim Subject To Modification ("Twenty Fifth Omnibus Claims Objection") (Docket No. 12288) [a copy of which is attached hereto as Exhibit D]

On January 18, 2008, I caused to be served the documents listed below upon the parties listed on Exhibit E hereto via postage pre-paid U.S. mail:

     2)     Debtors' Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim Subject To Modification ("Twenty Fifth Omnibus Claims Objection") (without exhibits) (Docket No. 12288) [a copy of which is attached hereto as Exhibit D]

     3)     Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit F]. Each party's Personalized Notice was sent to the name and address listed in columns 1

and 2 of <u>Exhibit E</u> attached hereto.  In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 8 of <u>Exhibit E</u> attached hereto.  The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit F</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 8 of <u>Exhibit E</u> attached hereto was incorporated into each Personalized Notice.

4)    Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit G</u>]

On January 18, 2008, I caused to be served the documents listed below upon the parties listed on <u>Exhibit H</u> hereto via postage pre-paid U.S. mail:

5)    Debtors' Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim Subject To Modification ("Twenty Fifth Omnibus Claims Objection") (without exhibits) (Docket No. 12288) [a copy of which is attached hereto as <u>Exhibit D</u>]

6)    Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as <u>Exhibit I</u>].  Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of <u>Exhibit H</u> attached hereto.  In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 9 of <u>Exhibit H</u> attached hereto.  The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit I</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 9 of <u>Exhibit H</u> attached hereto was incorporated into each Personalized Notice.

7)    Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit G</u>]

Dated: January 25, 2008

_____ */s/ Evan Gershbein*_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 25th day of January, 2008, by
Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature: _____ */s/ Leanne V. Rehder*_____

Commission Expires: ___ *3/2/08*_____

# EXHIBIT A

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com slivir@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | gianni.russello@jpmorgan.com susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

1/25/2008 6:12 PM
Master Service List Overnight Mail

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall B. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

1/25/2008 6:12 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

1/25/2008 6:12 PM
Master Service List Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1° | Cadiz | | 11006 | Spain | 34 956 226 311 | | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | 401-751-0604 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | 202-887-4288 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | 590 Madison Ave | | New York | NY | 10022-2524 | | 212-872-1000 | 212-872-1002 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| Ambrake Corporation | Brandon J. Kessinger | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5428 | 270-737-3044 | bkessinger@akebono-usa.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Anthony Ostlund & Baer PA | John B Orenstein | 3600 Wells Fargo Ctr | 90 S 7th St | Minneapolis | MN | 55402 | | 612-349-6969 | 612-349-6996 | jorenstein@aoblaw.com | Attorneys for Whitebox Hedged High Yield Partners, LP |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | 205-226-8799 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | 312-984-3150 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Bingham McHale LLP | John E Taylor Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | jtaylor@binghammchale.com wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S. A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 2700 First Indiana Plz | 135 N Pennsylvania St | Indianapolis | IN | 46204 | | 317-684-5000 | 317-684-5173 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amccb@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | 0039-035-605-671 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc. |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | 202-862-2400 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | 216-241-0816 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | 212-541-5369 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A de C.V.; Cordaflex, S.A. de C.V. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel to Cornell University |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-916-2940 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Dreier LLP | Maura I. Russell Wendy S. Marcari | 499 Park Ave | 14th Fl | New York | NY | 10022 | | 212-328-6100 | 212-652-3863 | jguerrier@dreierllp.com | Counsel to SPCP Group LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Drinker Biddle & Reath LLP | Janice B. Grubin | 140 Broadway 39th Fl | | New York | NY | 10005-1116 | | 212-248-3140 | 212-248-3141 | janice.grubin@dbr.com | Counsel to Vanguard Distributors, Inc. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | 302-425-0432 | mbusenkell@eckertseamans.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc. |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel to Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) |
| Foley & Lardner LLP | David G Dragich | 500 Woodward Ave Suite 2700 | | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | ddragich@foley.com | Counsel to Intermet Corporation |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | 313-234-2800 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | Michael P. Richman | 90 Park Avenue | 37th Floor | New York | NY | 10016-1314 | | 212-682-7474 | 212-687-2329 | mrichman@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | 212-318-3400 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute
Attorney to Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | 210-270-7205 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Garvey Schubert Barer | Roberto Carrillo | 100 Wall St 20th Fl | | New York | NY | 10005 | | 212-965-4511 | 212-334-1278 | rcarrillo@gsblaw.com | Attorney's for Tecnomec S.r.l. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | 212-801-6400 | diconzam@gtlaw.com | Counsel to Samtech Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | 713-374-3505 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.co m | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | 315-471-3167 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | 212-918-8989 | judith.elkin@haynesboone.co m | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | 713-547-2600 | lenard.parkins@haynesboone. com kenric.kattner@haynesboone.c om | Counsel to Highland Capital Management, L.P. |
| Heller Ehrman LLP | Timothy Mehok | Times Square Tower | Seven Times Square | New York | NY | 10036 | | 212-832-8300 | 212-763-7600 | timothy.mehok@hellerehrman. com | Counsel to @Road, Inc. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.co m | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | 716-819-4645 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation; Co Counsel for Yazaki North America, Inc. |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | 212-972-1677 | sgross@hodgsonruss.com | Co-Counsel for Yazaki North America, Inc. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | 313-465-7489 | lmurphy@honigman.com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | 313-465-7627 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa G Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | 248-645-1568 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | 678-384-7034 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | heather@inplaytechnologies.com | |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | 231-728-2206 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | 212-836-8689 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | dbrown@klettrooney.com | Counsel to Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | 816-960-0041 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | 610-738-1217 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel to Methode Electronics, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel to Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel to Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | 973-624-7070 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | 804-775-1061 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | 415-362-7515 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.com | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.com | Counsel to Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | 248-786-3596 | jdonahue@miheritage.com | Counsel to Michigan Heritage Bank; MHB Leasing, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | 917-522-3157 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | 609-777-3055 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | 614-752-2441 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | 302- 652-4400 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | 212-336-2222 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | 937-223-1656 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | arosenberg@paulweiss.com jbrass@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | 203-259-0251 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | 724-981-1398 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | 608-294-4920 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11553 | | 516-227-1600 | | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. Counsel for Pamela Gellar |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | 312-258-5600 | egeekie@schiffhardin.com | Counsel to  Means Industries |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel to Panasonic Autommotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel to le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | 603-627-8121 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | 212-332-3888 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | 213-620-1398 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | 609-227-4646 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | 216-479-8776 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | jposta@sternslaw.com jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmohck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | 502-779-8274 502-587-6391 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennessee Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid Brown Raysman & Steiner LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation and Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Campbell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9139 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| Varnum, Riddering, Schmidt & Howlett LLP | Michael S. McElwee | Bridgewater Place | P.O. Box 352 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Co-Counsel to Tower Automotive, Inc. |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel to Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel for Seven Seventeen Credit Union |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 19 of 20

1/25/2008 6:12 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | 440-930-8098 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel to National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel to Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 20 of 20

1/25/2008 6:12 PM
Email

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | Counsel to Airgas, Inc. |
| Akebono Corporation North America | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | Vice President of Administration for Akebono Corporation |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | Counsel to APS Clearing, Inc. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | Counsel to Kamax L.P.; Optrex America, Inc. |
| Bingham McHale LLP | Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | Counsel to United Power, Inc. |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | Counsel to Averitt Express, Inc. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 4

1/25/2008 6:15 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|------------------|
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dykema Gossett PLLC | Brendan G Best Esq | 39577 Woodward Ave Ste 300 | | Bloomfield Hills | MI | 48304 | Attorneys for Tremond City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Gregory J. Jordan | 10 Wacker | Suite 2300 | Chicago | IL | 60606 | Counsel to Tremont City Barrel Fill PRP Group |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | Counsel to Aluminum International, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | Counsel to Ryder Integrated Logistics, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Heller Ehrman LLP | Carren Shulman | Times Square Tower | Seven Times Square | New York | NY | 10036 | Counsel to @Road, Inc. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | Counsel to ZF Group North America Operations, Inc. |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | General Counsel to Jason Incorporated |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | Counsel to the Pension Benefit Guaranty Corporation |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | Counsel to KPMG LLP |
| Klett Rooney Lieber & Schorling | DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | Counsel to Entergy |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 4

1/25/2008 6:15 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|
| Klett Rooney Lieber & Schorling | Eric L. Schnabel | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | Counsel to Entergy |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | UCC Professional |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | Counsel to Siemens Logistics Assembly Systems, Inc. |
| Miami-Dade County Tax Collector | Metro-Dade Paralegal Unit | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | Paralegal Collection Specialist for Miami-Dade County |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | Counsel to Rotor Clip Company, Inc. |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | Counsel to WL. Ross & Co., LLC |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | Counsel to Ambrake Corporation; Akebono Corporation |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423 | |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | Corporate Secretary for Professional Technologies Services |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | Counsel to Jason Incorporated, Sackner Products Division |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | Counsel to Means Industries |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 4

1/25/2008 6:15 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. a |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | Attorneys for Sanders Lead Co., Inc. |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | Conflicts counsel to Debtors |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | Counsel to Toshiba America Electronic Components, Inc. |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | Counsel to National Instruments Corporation |
| WL Ross & Co., LLC | Stephen Toy | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 4

1/25/2008 6:15 PM
US MAIL

# EXHIBIT D

**Hearing Date And Time: February 21, 2008 at 10:00 a.m.**
**Response Date And Time: February 14, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   -   x
                                                          :
          In re                                           :      Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :      Case No. 05-44481 (RDD)
                                                          :
                                                          :      (Jointly Administered)
                    Debtors.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C.
§ 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED CLAIMS, (B)
UNTIMELY EQUITY CLAIM, (C) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS
AND RECORDS, AND (D) CLAIMS SUBJECT TO MODIFICATION AND LIFT STAY
PROCEDURES CLAIM SUBJECT TO MODIFICATION

("TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim Subject To Modification (the "Twenty-Fifth Omnibus Claims Objection"), and respectfully represent as follows:

<div align="center">Background</div>

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108. This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (the "Equity Committee," and together with the Creditors' Committee, the "Statutory Committees").

3.    On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No. 9263) and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 9264).

Subsequently, on December 10, 2007, the Debtors filed the First Amended Joint Plan Of

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-

Possession (the "Plan") (Docket No. 11386) and the First Amended Disclosure Statement with

respect to the Plan (the "Disclosure Statement") (Docket No. 11388).  The Court entered an order

approving the adequacy of the Disclosure Statement and granting the related solicitation

procedures motion on December 10, 2007 (Docket No. 11389).

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested herein are sections 502(b)

of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.      Current Business Operations Of The Debtors

6.      Delphi and its subsidiaries and affiliates (collectively, the "Company") as

of December 31, 2006 had global net sales of $26.4 billion and global assets of approximately

$15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and have continued their business operations without supervision from the Court.[2]

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 27,
2007.

[2]    On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core
automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency
proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso
*(cont'd)*

3

7.      The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer ("OEM").

8.      Delphi was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.      Events Leading To The Chapter 11 Filing

9.      In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

---

*(cont'd from previous page)*

receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31, 2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

4

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs.

          10.    The Debtors believe that the Company's financial performance

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which

have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production

environment for domestic OEMs resulting in the reduced number of motor vehicles that GM

produces annually in the United States and related pricing pressures, and (iii) increasing

commodity prices.

          11.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.      The Debtors' Transformation Plan

          12.    On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in
calendar year 2004 was $482 million.

5

operations.  The Debtors stated that they needed to focus on five key areas:[4] first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business;[5] second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company;[6] third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

---

[4]    In furtherance of the Debtors' transformation plan, on December 18, 2006, the Debtors announced their
       execution of an equity purchase and commitment agreement with certain investors and a plan framework
       support agreement with those investors and GM.  On July 9, 2007, Delphi confirmed that it had formally
       terminated the equity purchase and commitment agreement and related plan framework support agreement.  On
       July 18, 2007, Delphi announced that it had accepted a new proposal for an equity purchase and commitment
       agreement (the "Delphi-Appaloosa EPCA") submitted by a group comprising a number of the original plan
       investors (affiliates of Appaloosa Management L.P., Harbinger Capital Partners Master Fund I, Ltd., Merrill
       Lynch, Pierce, Fenner & Smith Inc., and UBS Securities LLC) as well as Goldman Sachs & Co. and an affiliate
       of Pardus Capital Management, L.P.  Under the Delphi-Appaloosa EPCA, the new plan investors agreed to
       invest up to $2.55 billion in preferred and common equity in the reorganized Delphi to support the Company's
       transformation plan and plan of reorganization.  This Court approved the Delphi-Appaloosa EPCA on August 2,
       2007.  On October 29, 2007, the Debtors filed a motion requesting this Court's approval of certain proposed
       amendments to the Delphi-Appaloosa EPCA (Docket No. 10760).  In addition, on November 14, 2007,
       December 3, 2007, and December 5, 2007, the Debtors filed additional proposed amendments to the
       Delphi-Appaloosa EPCA.  On December 10, 2007, this Court entered an order granting the motion and
       approving the proposed amendments (Docket No. 11382).

[5]    As of August 29, 2007, this Court had entered the following orders approving settlements between Delphi and
       each of its U.S. labor unions:
       •   International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America
           (Docket No. 8693);
       •   International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication
           Workers of America (Docket No. 9106);
       •   International Association of Machinists and Aerospace Workers and its District 10 and Tool and Die
           Makers Lodge 78, the International Brotherhood of Electrical Workers and its Local 663, and Locals
           832S, 18S, and 101S of the International Union of Operating Engineers (Docket No. 9107); and
       •   United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers
           International Union and USW Local 87L (Docket No. 9169).
       On September 4, 2007, at Delphi's request, this Court entered an order withdrawing without prejudice Delphi's
       motion for an order under sections 1113(c) and 1114(g) of the Bankruptcy Code authorizing rejection of
       collective bargaining agreements and modification of retiree welfare benefits (Docket No. 9221).

[6]    On September 6, 2007, Delphi announced that it had entered into agreements with GM consisting of a Global
       Settlement Agreement (the "GSA") and a Master Restructuring Agreement (the "MRA").  Delphi's
       comprehensive settlement with GM resolves all outstanding disputes between Delphi and GM.  The GSA and
       MRA were filed as Exhibits 7.20(a) and 7.20(b) to the Plan, respectively.  See Docket No. 9263.  On October
       29, November 14, December 3, December 5, and December 10, 2007, the Debtors filed certain proposed
       amendments to the GSA and MRA.  The approval of such amendments will be considered in connection with
       the confirmation of the Plan.

make the necessary manufacturing alignment with their new focus;[7] fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint;[8] and fifth, devising a

workable solution to their current pension situation.[9]

E.    The Debtors' Plan Of Reorganization

13.    By filing the Plan and related Disclosure Statement, the Debtors reached

another key milestone in their chapter 11 cases.  The Plan is based upon a series of global

settlements and compromises that involve nearly every major constituency in the Debtors'

---

[7]    In connection with their March 31, 2006 announced transformation plan, the Debtors classified "core" and "non-core" product lines and plants.  The Debtors have been working to divest non-core assets so as to maximize the value of their estates for stakeholders.  During the 2006 and 2007 calendar years, for example, the Debtors have sold substantially all of the assets related to MobileAria, Inc., their chapter 11 affiliate, their brake hose and catalyst businesses, and their Saltillo, Mexico brake plant business, as well as their manufacturing equipment and test development equipment at the chassis facility in Saginaw, Michigan.  The Debtors also received court approval to sell substantially all of the assets used in their interiors and closures businesses (subject to certain cure disputes) and for bid procedures related to the upcoming sale of substantially all assets used in their steering and halfshaft business.

[8]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product portfolio on core technologies for which the Company believes it has significant competitive and technological advantages.  The Company's revised operating structure consists of its four core business segments:  Electronics and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture.  The Company also has two additional segments , which will be transitioned as part of the Company's transformation plan: Steering (for which bidding procedures were approved on December 20, 2007) and Automotive Holdings Group.  To ensure that their organizational and cost structure is competitive, the Debtors obtained an Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into Finance Outsourcing Agreement on April 23, 2007 (Docket No. 7773) (the "Finance Outsourcing Order").  The Finance Outsourcing Order authorized the Debtors to outsource certain of the Debtors' accounts receivable, accounts payable, fixed assets, travel and expense reporting, general ledger, and contract administration processes and significantly reduce SG&A expenses as part of their transformation plan.

[9]    To that end, on May 31, 2007, this Court granted the Debtors' motion for authority to perform under the terms of those certain September 30, 2006 pension plan year funding waivers, which were approved by the IRS on May 1, 2007, for both the Delphi Hourly-Rate Employees Plan and the Delphi Retirement Program for Salaried Employees (collectively, the "Pension Plans").  On July 13, 2007, the IRS modified the conditional funding waivers granted to Delphi related to the Pension Plans, extending the dates by which Delphi is required to file a plan of reorganization and emerge from chapter 11 to December 31, 2007 and February 29, 2008, respectively.  On September 28, 2007, the IRS approved a similar waiver with respect to the Delphi Hourly-Rate Employees Plan for the September 30, 2007 pension plan year.  On October 25, 2007, this Court granted the Debtors' motion for authority to perform under the terms of that waiver.  On October 4, 2007, the IRS, at Delphi's request, further modified the conditions to the initial waivers so that they are generally consistent with the conditions to the most recent waiver.

reorganization cases, including GM.  Attached as exhibits to the Plan are two agreements, the

GSA and the MRA, which provide for a comprehensive settlement with GM.  Both agreements

are subject to this Court's approval as part of the confirmation process.  A hearing to consider

confirmation of the Plan to commenced on January 17, 2008.  Currently, the Debtors continue to

expect that they will emerge from chapter 11 during the first quarter of 2008.

14.    Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of

its resources to continue to deliver high-quality products to its customers globally.  Additionally,

the Company will preserve and continue the strategic growth of its non-U.S. operations and

maintain its prominence as the world's premier auto supplier.

F.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

15.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b),

501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)

Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice

Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order

established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or

wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"),

against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such

Claim.

16.    On or prior to April 20, 2006, Kurtzman Carson Consultants LLC, the

claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date

by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a

proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets

and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 (and

subsequently amended on February 1, 2006 and April 18, 2006) (collectively, the "Schedules and

Statements") and (b) the persons and entities included in the notice database compiled by the

Debtors, but not listed on any of the Schedules and Statements.  In total, the Debtors provided

Bar Date Notices to more than 500,000 persons and entities.

17.    In addition, the Debtors published the Bar Date Notice in the <u>New York</u>

<u>Times</u> (National Edition), the <u>Wall Street Journal</u> (National, European, and Asian Editions),

<u>USA Today</u> (Worldwide Edition), the <u>Automotive News</u> (National Edition), and in local editions

of the following publications: the <u>Adrian Daily Telegram</u>, the <u>Arizona Daily Star</u>, the <u>Buffalo</u>

<u>News</u>, the <u>Chicago Sun Times</u>, the <u>Clinton News</u>, the <u>Columbia Dispatch</u>, the <u>Daily Leader</u>,

<u>Dayton Daily News</u>, the <u>Detroit Free Press</u>, the <u>El Paso Times</u>, the <u>Fitzgerald Herald Leader</u>, the

<u>Flint Journal</u>, the <u>Gadsden Times</u>, the <u>Grand Rapids Press</u>, the <u>Greenville News</u>, the <u>Indianapolis</u>

<u>Star</u>, the <u>Kansas City Star</u>, the <u>Kokomo Tribune</u>, the <u>Lansing State Journal</u>, the <u>Laurel Leader</u>,

the <u>Los Angeles Daily News</u>, the <u>Milwaukee Journal Sentinel</u>, the <u>Mobile Beacon</u>, the <u>Mobile</u>

<u>Register</u>, the <u>Oakland Press</u>, the <u>Olathe Daily News</u>, the <u>Rochester Democrat and Chronicle</u>, the

<u>Saginaw News</u>, the <u>Sandusky Register</u>, the <u>Tribune Chronicle</u>, the <u>Tulsa World</u>, the <u>Tuscaloosa</u>

<u>News</u>, and <u>The Vindicator</u>, and electronically through posting on the Delphi Legal Information

Website, www.delphidocket.com, on or before April 24, 2006.

18.    Approximately 16,700 proofs of claim (the "Proofs of Claim") have been

filed against the Debtors in these cases.  The Debtors have filed 24 omnibus Claims objections,[10]

---

[10]    The Debtors filed objections on September 19, 2006 (Docket No. 5151), October 31, 2006 (Docket Nos. 5451
and 5452), December 8, 2006 (Docket Nos. 6099 and 6100), January 12, 2007 (Docket Nos. 6571 and 6585),
February 15, 2007  (Docket Nos. 6962 and 6968), March 16, 2007 (Docket Nos. 7300 and 7301), April 27,
2007 (Docket Nos. 7824 and 7825), May 22, 2007 (Docket Nos. 7998 and 7999), June 15, 2007 (Docket Nos.
8270 and 8271), and July 13, 2007 (Docket Nos. 8616 and 8617), August 24, 2007 (Docket No. 9151),

*(cont'd)*

9

pursuant to which this Court has disallowed and expunged approximately 9,400 Claims and

modified approximately 3,300 Claims.  In addition, the hearings with respect to approximately

740 Claims have been adjourned to future claims hearings pursuant to the Claims Objection

Procedures Order (as defined below).

       19.     On October 31, 2006, the Debtors filed the Motion For Order Pursuant To

11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or

Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among

other things, to approve certain procedures for contested claim objections.  On December 7, 2006,

the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims

(Docket No. 6089) (the "Claims Objection Procedures Order").

       20.     On November 30, 2007, the Debtors filed the Motion Under New

Bankruptcy Rule 3007(c) And 11 U.S.C. Section 105(a) For Order Authorizing Debtors To

Continue Claims Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11

U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(M), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims (Docket No. 11187), in which the Debtors

requested this Court, among other things, to allow the Debtors to continue to implement the

_____

*(cont'd from previous page)*

    September 21, 2007 (Docket No. 9535),  October 26, 2007 (Docket No. 10738); November 19, 2007 (Docket
    No. 10982); and December 21, 2007 (Docket No. 11588).

claims objection procedures established in the Claims Objection Procedures Order,

notwithstanding certain amendments to Bankruptcy Rule 3007 that became effective December 1,

2007.  On December 20, 2007, the Court entered the Order Under New Bankruptcy Rule 3007

And 11 U.S.C. § 105(a) Authorizing Debtors To Continue Claims Objection Procedures Under

Order Dated December 7, 2006 Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding

Objections To Claims And (II) Certain Notices And Procedures Governing Objections To

Claims (Docket No. 11561).

21.    In this Twenty-Fifth Omnibus Claims Objection, the Debtors are objecting

to 10 Proofs of Claim, all of which are set forth on <u>Exhibit F</u> hereto in alphabetical order by

claimant and cross-referenced by proof of claim number and basis of objection.

<div align="center">Relief Requested</div>

22.    By this Objection, the Debtors seek entry of an order pursuant to section

502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, as amended December 1, 2007, (i)

disallowing and expunging (a) the Claims set forth on <u>Exhibit A-1</u> hereto because they are

duplicative of other Claims, (b) the Claim set forth on <u>Exhibit A-2</u> hereto because it is

duplicative of another claim that is subject to a prior order, (c) the Claim set forth on <u>Exhibit B</u>

hereto because it was filed by a holder of Delphi common stock solely on account of its stock

holdings and was untimely filed pursuant to the Bar Date Order, (d) the Claims set forth on

<u>Exhibit C</u> hereto because they assert liabilities or dollar amounts that are not reflected on the

Debtors' books and records, and (ii) revising the asserted amount with respect to (a) the Claims

set forth on <u>Exhibit D-1</u> hereto, and (b) the Claim set forth on <u>Exhibit D-2</u> hereto, which is the

subject of a pending settlement pursuant to the Order Approving Procedures For Modifying

<div align="center">11</div>

Automatic Stay Under 11 U.S.C. § 362 To Allow For (I) Liquidating And Settling And/Or (II)

Mediating Of Certain Prepetition Litigation Claims (the "Lift Stay Procedures Order") (Docket

No. 4366).

<div align="center">Objections To Claims</div>

G.    Duplicate Or Amended Claims

23.    During the Debtors' review of the Proofs of Claim, the Debtors determined

that certain of the Proofs of Claim in fact assert duplicate Claims (each, a "Duplicate Claim") for

a single liability.  In some instances, Duplicate Claims arose when a Claimant filed Proofs of

Claim against multiple Debtor entities for the same liability.  In an effort to eliminate the

Duplicate Claims, the Debtors reviewed the Proofs of Claim, the supporting documentation

provided in those Proofs of Claim, and the Debtors' Schedules and Statements to determine

which duplicate claim should be the surviving claim.

24.    Additionally, the Debtors determined that a Claim evidenced by a Proof of

Claim, which was subject to a prior order, was subsequently amended or superseded by another

Proof of Claim filed by the creditor with respect to the same liabilities (the "Amended Claim").

The Amended Claim was filed to amend an amount previously claimed in an earlier Proof of

Claim (the "Original Claim").

25.    It is axiomatic that creditors are not entitled to multiple recoveries for a

single liability against a debtor.  Accordingly, the Debtors wish to eliminate the Duplicate

Claims.  In addition, the Debtors wish to eliminate from the Debtors' claims register the Original

Claim for which the Amended Claim was subsequently filed (collectively, the "Duplicate Or

Amended Claims").

26.    Set forth on Exhibit A-1 hereto is a list of Claims that the Debtors have

identified as Duplicate Or Amended Claims.  For each Duplicate Or Amended Claim, Exhibit A-

<div align="center">12</div>

1 classifies a Proof of Claim as either a "Claim To Be Expunged" (the "Expunged Claim") or as a "Surviving Claim" (the "Surviving Claim").  Generally, the Surviving Claims reflect the classifications of the liabilities as reflected on the Debtors' Schedules and Statements.[11]  The Debtors request that the Claims marked as Expunged Claims on Exhibit A-1 be disallowed and expunged.  With respect to the Claims on Exhibit A-1 marked as Surviving Claims, the Debtors do not seek any relief at this time.  The inclusion of the Surviving Claims on Exhibit A-1, however, does not reflect any view by the Debtors as to the ultimate validity of any such Claims. The Debtors therefore expressly reserve all of their rights to further object to any or all of the Surviving Claims at a later date on any basis whatsoever, except as expressly provided in paragraph 51 below.

27.    Set forth on Exhibit A-2 hereto is a Claim that the Debtors have identified as a Duplicate Or Amended Claim that is subject to a prior order (a "Duplicate Or Amended Claim Subject To Prior Order").  For the Duplicate Or Amended Claim Subject to Prior Order Claim, Exhibit A-2 classifies the Proof of Claim as a "Claim To Be Expunged" (the "Expunged Claim").  The Debtors request that the Claim marked as Expunged Claim on Exhibit A-2 be disallowed and expunged.  With respect to the Claim on Exhibit A-2 marked as Surviving Claim,

---

[11]    As stated in the Global Notes And Statement Of Limitations, Methodology And Disclaimer Regarding Debtors' Schedules And Statements (the "Global Notes"), filed as part of the Debtors' Schedules and Statements:

   Certain of the Debtors maintain consolidated books and records.  Specifically, the books and records for Exhaust Systems Corporation, Environmental Catalysts LLC, ASEC Manufacturing General Partnership [("ASEC Manufacturing")], and ASEC Sales General Partnership [(collectively, the "Catalyst Entities")] are maintained in this manner.  The financial information for these entities has been consolidated for purposes of the Schedules and Statements and such consolidated financial information has been included in the Schedules and Statements of each of [the Catalyst Entities].

   Global Notes ¶ 19.  To the extent that claimants filed Proofs of Claim against ASEC Manufacturing and one or more of the other Catalyst Entities, the Debtors have, for purposes of administrative convenience, retained the Claim filed against ASEC Manufacturing as the Surviving Claim.  Undoubtedly, despite the consolidation of the books and records of the Catalyst Entities, claimants should not retain more than one Claim for a single liability.  Nonetheless, the Debtors expressly reserve all of their rights to seek to re-classify these obligations as obligations of another Debtor entity at a later date.

13

the Debtors do not seek any relief at this time.  The inclusion of the Surviving Claim on Exhibit
A-2, however, does not reflect any view by the Debtors as to the ultimate validity of such Claim.
The Debtors therefore expressly reserve all of their rights to further object to the Surviving
Claim at a later date on any basis whatsoever, except as expressly provided in paragraph 51
below.

28.    Accordingly, the Debtors (a) object to the Duplicate Or Amended Claims
listed on Exhibit A-1 and the Duplicate Or Amended Claim Subject To Prior Order listed on
Exhibit A-2 and (b) seek entry of an order disallowing and expunging the Expunged Claims in
their entirety.

H.    Untimely Equity Claim

29.    During the Debtors' review of the Proofs of Claim, the Debtors determined
that a certain Proof of Claim filed against the Debtors in fact represents a proof of interest that
was filed by or on behalf of a person holding Delphi common stock and was received by the
Debtors after the Bar Date (the "Untimely Equity Claim").  The Debtors caused the Claims
Agent to serve notice of the Bar Date on holders of Delphi common stock to ensure that holders
of stock who wished to assert claims against any of the Debtors that were not based solely upon
their ownership of Delphi common stock would be afforded the opportunity to file claims in
these chapter 11 cases.

30.    The ownership of Delphi common stock constitutes an equity interest in
Delphi, but does not constitute a "claim" against Delphi's estate as such term is defined in section
101(5) of the Bankruptcy Code.  Furthermore, as set forth in the Bar Date Notice that was
approved by this Court, creditors and equity holders were notified that they were not required to

14

file proofs of claim based exclusively on ownership interests in Delphi common stock.[12]  With

respect to the Untimely Equity Claim, the Debtors also object to such Claim on the basis that it

was not timely filed pursuant to the Bar Date Order.[13]

    31.  Set forth on <u>Exhibit B</u> is the Untimely Equity Claim that the Debtors have

identified as representing solely a proof of interest and that was not timely filed pursuant to the

Bar Date Order.[14]  The Debtors therefore seek to have this claim reclassified from a Claim to an

interest and be disallowed and expunged as untimely.  To the extent that the individual that filed

the Untimely Equity Claim listed on <u>Exhibit B</u> holds a valid equity interest in Delphi as of the

applicable record date, the requested reclassification of the Proof of Claim and disallowance of

---

[12] The Bar Date Order provides, in relevant part:

  Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:

\*  \*  \*

  (h)  Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

  Bar Date Order ¶5 (emphasis added).

[13] The Bar Date Order provides in part:

  Any Person or Entity which is required to file a Proof of Claim in these chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different nature or in a different classification than as set form in the Schedules (any such Claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

  Bar Date Order ¶ 11.

[14] The Untimely Equity Claim listed on <u>Exhibit B</u> hereto was not included as part of the Motion For Order Under Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed, dated September 29, 2006 (Docket No. 5238).

the Claim will not impair any entitlements that the Claimant may ultimately have under a plan of

reorganization with respect to such holder's equity interest.

        32.      Accordingly, the Debtors (a) object to the Untimely Equity Claim and (b)

seek entry of an order disallowing and expunging the Untimely Equity Claim in its entirety.

I.     <u>Claims Not Reflected On The Debtors' Books And Records</u>

        33.      During the Debtors' review of the Proofs of Claim, the Debtors determined

that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the

Debtors' books and records (the "Books And Records Claims").  The Debtors believe that the

parties asserting the Books And Records Claims are not creditors of the Debtors.

        34.      The bases for determining that the Debtors are not liable for an asserted

Claim include, but are not limited to, the following:  (a) the Debtors' books and records do not

reflect the existence of the asserted Claim or of the Claimant asserting such Claim, (b) the

Debtors' books and records reflect that the Claim has been paid pursuant to a prior order of this

Court, (c) the Debtors' books and records reflect that the asserted Claim was properly paid prior

to the commencement of the Debtors' cases, and (d) the Claim constitutes a postpetition liability

that has been paid by the Debtors in the ordinary course of the Debtors' businesses.

        35.      A claimant's proof of claim is entitled to the presumption of <u>prima</u> <u>facie</u>

validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the

allegations that is essential to the claim's legal sufficiency.'"  <u>In re WorldCom, Inc.</u>, No. 02-

13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (quoting <u>In re Allegheny Int'l, Inc.</u>, 954

F.2d 167, 173-74 (3d Cir. 1992)).  Once such an allegation is refuted, "'the burden reverts to the

claimant to prove the validity of the claim by a preponderance of the evidence.'"  <u>Id</u>.

        36.      Attached hereto as <u>Exhibit C</u> is a list of the Books And Records Claims

that the Debtors have identified as Claims for which the Debtors are not liable.  If this Court does

not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to any or all of the Books And Records Claims at a later date on any basis whatsoever.

37.     Accordingly, the Debtors (a) object to the Books And Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records Claims in their entirety.

J.     Claims Subject To Modification

38.     During the Debtors' review of the Proofs of Claim, the Debtors have determined that certain Claims state the incorrect amount or are overstated (collectively, the "Claims Subject To Modification").

39.     Although in this Twenty-Fifth Omnibus Claims Objection the Debtors do not seek to disallow and expunge the Claims Subject To Modification, based on an initial review, the Debtors have determined that their liability with respect to each such Claim does not exceed the dollar amount set forth on Exhibit D-1 hereto.  The bases for placing a Claim in the Claims Subject To Modification category of objection include, but are not limited to, the following: the asserted Claim (a) does not account for amounts that may have been paid or credited against such Claim prior to the commencement of these cases, (b) may include postpetition liabilities, and/or (c) does not account for amounts that may have been paid or credited against such Claim following the commencement of these cases.  Thus, the Debtors seek to convert the amount of each Claim Subject To Modification to a fully liquidated, U.S. dollar-denominated amount consistent with the Debtors' books and records and/or the liquidated amount requested by the Claimant (thus eliminating the unliquidated component), as appropriate.

40.     As stated above, a Claimant's Proof of Claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at

17

least one of the allegations that is essential to the claim's legal sufficiency.'" WorldCom, 2005
WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174). Once such an allegation is refuted,
"the burden reverts to the claimant to prove the validity of the claim by a preponderance of the
evidence." Id. As with the Books And Records Claims, the Debtors expressly reserve all of
their rights to further object to any or all of the Claims Subject To Modification at a later date on
any basis whatsoever.

   41. Set forth on Exhibit D-1 hereto is a list of Claims Subject To Modification
that the Debtors believe should be modified solely to assert a properly classified, fully liquidated
claim amount. For each Claim Subject To Modification, Exhibit D-1 reflects the amount,
classification, and Debtor asserted in the Claimant's Proof of Claim in a column titled "Claim As
Docketed"[15] and the proposed modified dollar amount and classification for the Claim and the
Debtor against which the Claim should be asserted in a column titled "Claim As Modified."

   42. The Debtors object to the amount for each Claim Subject To Modification
listed on Exhibit D-1 and request that each such Claim be revised to reflect the amount listed in
the "Claim As Modified" column of Exhibit D-1. Thus, no Claimant listed on Exhibit D-1 would
be entitled to recover for any Claim Subject To Modification in an amount exceeding the dollar
value listed as the "Modified Total" for such Claim on Exhibit D-1, subject to the Debtors' right
to further object to each such Claim Subject To Modification. For clarity, Exhibit D-1 refers to
the Debtor entities by case number and Exhibit E displays the formal name of the two Debtor
entities and their associated bankruptcy case numbers referenced in Exhibit D-1.

   43. The inclusion of the Claims Subject To Modification on Exhibit D-1,
however, does not reflect the Debtors' view as to the ultimate validity of any such Claim. The

---

[15] The Asserted Claim Amounts on Exhibits D-1 and D-2 reflect only asserted liquidated claims.

Debtors therefore expressly reserve all of their rights to further object to any or all of the Claims

Subject To Modification at a later date on any basis whatsoever.

44.    Accordingly, the Debtors (a) object to the asserted amount for each Claim

Subject To Modification set forth on Exhibit D-1 and (b) seek an order modifying the Claims

Subject To Modification to reflect the Modified Total as set forth on Exhibit D-1.

K.    Lift Stay Procedures Claim Subject To Prior Order

45.    Finally, the Debtors have reached agreements with a Claimant asserting a

personal injury claim that his Proof of Claim should be reduced and/or fully liquidated pursuant

to the Lift Stay Procedures Order (collectively, the "Lift Stay Procedures Claim Subject To

Modification").

46.    The Debtors do not seek to disallow and expunge the Lift Stay Procedures

Claim Subject To Modification.  The Debtors have determined that their liability with respect to

such Claim does not exceed the dollar amount set forth in the column titled "Claim As Modified"

on Exhibit D-2 hereto.  Thus, the Debtors seek to convert the amount of the Lift Stay Procedures

Claim Subject To Modification to a fully liquidated, U.S. dollar-denominated amount.

47.    Set forth on Exhibit D-2 hereto is the Lift Stay Procedures Claim Subject

To Modification that the Debtors believe should be modified solely to assert a properly classified,

fully liquidated claim amount.  For the Lift Stay Procedures Claim Subject To Modification,

Exhibit D-2 reflects the amount, classification, and Debtor asserted in the Claimant's Proof of

Claim in a column titled "Claim As Docketed" and the proposed modified dollar amount which

the Claim should be asserted, in a column titled "Claim As Modified."  For clarity, Exhibit D-2

refers to the Debtor entity by case number and Exhibit E displays the formal name of the Debtor

entity and its associated bankruptcy case number referenced in Exhibit D-2.

19

48.     The Debtors object to the amount for the Lift Stay Procedures Claim Subject To Modification listed on Exhibit D-2 and request that such Claim be revised to reflect the amount listed in the "Claim As Modified" column of Exhibit D-2.  Thus, the Claimant listed on Exhibit D-2 would not be entitled to  recover for any Lift Stay Procedures Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" for such Claim on Exhibit D-2.

49. Accordingly, the Debtors (a) object to the amount of the Lift Stay Procedures Claims Subject To Modification and (b) seek an order modifying the Lift Stay Procedures Claims Subject To Modification to reflect the Modified Total, as set forth on Exhibit D-2.

## Separate Contested Matters

50.     Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Twenty-Fifth Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Twenty-Fifth Omnibus Claims Objection will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order, any order entered by the Court with respect to an objection asserted in this Twenty-Fifth Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

## Reservation Of Rights

51.     The Debtors expressly reserve the right to amend, modify, or supplement this Twenty-Fifth Omnibus Claims Objection and to file additional objections to the Proofs of Claim or any other Claims (filed or not) which may be asserted against the Debtors, including without limitation the right to object to any Claim on the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the grounds for objection stated in this Twenty-

20

Fifth Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases.  In addition, the Debtors reserve the right to seek further reduction of any Claim to the extent that such Claim has been paid.

<p align="center">Responses To Objections</p>

52.    Responses to the Twenty-Fifth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order.  The following summarizes the provisions of that Order, but is qualified in all respects by the express terms thereof.

L.    Filing And Service Of Responses

53.    To contest an objection, responses (each, a "Response"), if any, to the Twenty-Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on February 14, 2008.**

<p align="center">21</p>

M.    Contents Of Responses

54.    Every Response to this Twenty-Fifth Omnibus Claims Objection must

contain at a minimum the following:

(a)    the title of the claims objection to which the Response is directed;

(b)    the name of the Claimant and a brief description of the basis for
the amount of the Claim;

(c)    a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases
upon which the Claimant will rely in opposing the claims objection;

(d)    unless already set forth in the Proof of Claim previously filed with
the Court, documentation sufficient to establish a prima facie right to payment; provided,
however, that the Claimant need not disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that the Claimant must disclose to the
Debtors all information and provide copies of all documents that the Claimant believes to be
confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in
support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the Claim is contingent or fully or partially
unliquidated, the amount that the Claimant believes would be the allowable amount of such
Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the
Response, if different from the address(es) presented in the claim.

N.    Timely Response Required

55.    If a Response is properly and timely filed and served in accordance with

the foregoing procedures, the hearing on the relevant Claims covered by the Response will be

adjourned to a future hearing, the date of which will be determined by the Debtors, by serving

notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all

uncontested objections, the Debtors request that this Court conduct a final hearing on February

21, 2008 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims

Objection Procedures Order will apply to all Responses and hearings arising from this Twenty-

Fifth Omnibus Claims Objection.

22

56.    <u>Only those Responses made in writing and timely filed and received will</u>
<u>be considered by the Court.  If a Claimant whose Proof of Claim is subject to the Twenty-Fifth</u>
<u>Omnibus Claims Objection and who is served with the Twenty-Fifth Omnibus Claims Objection</u>
<u>fails to file and serve a timely Response in compliance with the Claims Objection Procedures</u>
<u>Order, the Debtors may present to the Court an appropriate order seeking relief with respect to</u>
<u>such Claim consistent with the relief sought in the Twenty-Fifth Omnibus Claims Objection</u>
<u>without further notice to the Claimant, provided that, upon entry of such an order, the Claimant</u>
<u>will receive notice of the entry of such order as provided in the Claims Objection Procedures</u>
<u>Order; provided further, however, that if the Claimant files a timely Response which does not</u>
<u>include the required minimum information required by the Claims Objection Procedures Order,</u>
<u>the Debtors may seek disallowance and expungement of the relevant Claim or Claims only in</u>
<u>accordance with the Claims Hearing Procedures Order.</u>

57.    To the extent that a Claim would be subject to estimation pursuant to
section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with
the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or
partially unliquidated and (b) provides the amount that the Claimant believes would be the
allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency,
as appropriate (the "Claimant's Asserted Estimated Amount"), <u>pursuant to the Claims Objection</u>
<u>Procedures Order the Debtors may elect to accept provisionally the Claimant's Asserted</u>
<u>Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the</u>
<u>Bankruptcy Code for all purposes other than allowance, but including voting and establishing</u>
<u>reserves for purposes of distribution, subject to further objection and reduction as appropriate</u>

and section 502(j) of the Bankruptcy Code, by providing notice as described more fully in the

Claims Objection Procedures Order.

<div align="center">Replies To Responses</div>

58.     Replies to any Responses will be governed by the Claims Objection

Procedures Order.

<div align="center">Service Of Twenty-Fifth Omnibus Claims Objection Order</div>

59.     Service of any order with regard to this Twenty-Fifth Omnibus Claims

Objection will be made in accordance with the Claims Objection Procedures Order.

<div align="center">Further Information</div>

60.     Questions about this Twenty-Fifth Omnibus Claims Objection or requests

for additional information about the proposed disposition of Claims hereunder should be directed

to the Debtors' counsel by e-mail to delphi@skadden.com, by telephone at 1-800-718-5305, or in

writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Questions regarding the amount of a Claim or the filing of a Claim should be directed to the

Claims Agent at 1-888-249-2691 or www.delphidocket.com.  Claimants should not contact the

Clerk of the Bankruptcy Court to discuss the merits of their Claims.

<div align="center">Notice</div>

61.     Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

<div align="center">24</div>

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 19, 2007 (Docket No. 10661).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

62.    Pursuant to the Claims Objection Procedures Order, the Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Twenty-Fifth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A-1, A-2, B, and C is attached hereto as Exhibit G.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits D-1 and D-2 is attached hereto as Exhibit H.  Claimants will receive a copy of this Twenty-Fifth Omnibus Claims Objection without Exhibits A through H hereto.  Claimants will nonetheless be able to review Exhibits A through H hereto free of charge by accessing the Debtors' Legal Information Website (www.delphidocket.com).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

63.    Because the legal points and authorities upon which this objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a)

granting the relief requested herein and (b) granting the Debtors such other and further relief as is

just.

Dated:   New York, New York
         January 18, 2008

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP

                                        By:   /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr. (JB 4711)
                                              John K. Lyons (JL 9331)
                                              Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606

                                              - and -

                                        By:   /s/ Kayalyn A. Marafioti
                                              Kayalyn A. Marafioti (KM 9632)
                                              Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

26

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

## EXHIBIT A-1 - DUPLICATE OR AMENDED CLAIMS

| CLAIM TO BE EXPUNGED | SURVIVING CLAIM |
|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Claim Number: 2059 | Debtor: | DELPHI CORPORATION (05-44481) | Claim Number: 2190 | Debtor: | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| Date Filed: 02/17/2006 | | | Date Filed: 03/02/2006 | | |
| Creditor's Name and Address: | Secured: | | Creditor's Name and Address: | Secured: | |
| | Priority | | | Priority | |
| LIAM P ONEILL | Administrative: | | LIAM P ONEILL | Administrative | |
| RIECK AND CROTTY PC | | | RIECK AND CROTTY PC | | |
| 55 W MONROE ST STE 3390 | Unsecured: | $50,000.00 | 55 W MONROE ST STE 3390 | Unsecured: | $50,000.00 |
| CHICAGO, IL 60603 | | | CHICAGO, IL 60603 | | |
| | Total: | $50,000.00 | | Total: | $50,000.00 |
| Claim Number: 2188 | Debtor: | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) | Claim Number: 2189 | Debtor: | DELPHI CORPORATION (05-44481) |
| Date Filed: 03/02/2006 | | | Date Filed: 03/02/2006 | | |
| Creditor's Name and Address: | Secured: | | Creditor's Name and Address: | Secured: | |
| | Priority | | | Priority: | |
| MARY P ONEILL | Administrative: | | MARY P ONEILL | Administrative | |
| RIECK AND CROTTY PC | | | RIECK AND CROTTY PC | | |
| 55 W MONROE ST STE 3390 | Unsecured: | $50,000.00 | 55 W MONROE ST STE 3390 | Unsecured: | $50,000.00 |
| CHICAGO, IL 60603 | | | CHICAGO, IL 60603 | | |
| | Total: | $50,000.00 | | Total: | $50,000.00 |

Total Claims to be Expunged: 2

Total Asserted Amount to be Expunged: $100,000.00

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

### EXHIBIT A-2 - DUPLICATE OR AMENDED CLAIMS THAT ARE SUBJECT TO PRIOR ORDERS

| CLAIM TO BE EXPUNGED * | | SURVIVING CLAIM | |
|---|---|---|---|
| Claim Number: 2098 | Debtor: DELPHI CORPORATION (05-44481) | Claim Number: 16751 | Debtor: DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| Date Filed: 02/22/2006 | | Date Filed: 12/05/2007 | |
| Creditor's Name and Address: | Secured: | Creditor's Name and Address: | Secured: |
| | Priority | | Priority: |
| F & G MULTI SLIDE INC | Administrative: | F&G MULTI SLIDE INC | Administrative |
| 130 INDUSTRIAL DR | | 130 INDUSTRIAL DR | |
| FRANKLIN, OH 45005 | Unsecured: $50,000.00 | FRANKLIN, OH 45005 | Unsecured: $250,422.69 |
| | Total: $50,000.00 | | Total: $250,422.69 |

**Total Claims to be Expunged:** 1

**Total Asserted Amount to be Expunged:** $50,000.00

*The asserted and docketed debtor, classification, and amount is as asserted in the proof of claim filed with the Court. However, all of the proofs of claim on this Exhibit have been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, et al.                                        Twenty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT B - UNTIMELY EQUITY CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| JOHN O MASON<br>9709 E 79TH TERR<br>RAYTOWN, MO 64138-1915 | 16752 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $2,850.00<br>$2,850.00 | 12/14/2007 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | | **$2,850.00** | | |

**In re Delphi Corporation, et al.**                    **Twenty-Fifth Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

## EXHIBIT C - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| EUGENE TERRY MOORE ESQ FOR ARLIS ELMORE 1802 15TH ST TUSCALOSSA, AL 35401 | 5374 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 05/09/2006 | DELPHI CORPORATION (05-44481) |
| SUMIDA AMERICA INC MASUDA FUNAI EIFERT & MITCHELL LTD 203 N LASALLE ST STE 2500 CHICAGO, IL 60601 | 10372 | Secured: Priority: Administrative: Unsecured: Total: | $77,000.00 $2,613.00 $79,613.00 | 07/24/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| US AEROTEAM INC STATMAN HARRIS SIEGEL & EYRICH LLC 110 N MAIN ST STE 1520 DAYTON, OH 45402 | 10711 | Secured: Priority: Administrative: Unsecured: Total: | $444,213.68 $444,213.68 | 07/25/2006 | DELPHI CORPORATION (05-44481) |

Total:         3                          $523,826.68

*UNL denotes an unliquidated claim

**EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 16751<br>Date Filed:  12/05/2007<br>Docketed Total:  $250,422.69<br>Filing Creditor Name and Address:<br>F&G MULTI SLIDE INC<br>130 INDUSTRIAL DR<br>FRANKLIN, OH 45005 | Claim Holder Name and Address<br><br>F&G MULTI SLIDE INC<br>130 INDUSTRIAL DR<br>FRANKLIN, OH 45005 | | Docketed Total: | $250,422.69 | | | Modified Total: | $247,705.24 |
| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
| | 05-44640 | | | $250,422.69 | 05-44640 | | | $247,705.24 |
| | | | | $250,422.69 | | | | $247,705.24 |
| Claim: 11949<br>Date Filed:  07/28/2006<br>Docketed Total:  $1,792,207.26<br>Filing Creditor Name and Address:<br>HOOD CABLE COMPANY<br>PO BOX 1970<br>JACKSON, MI 39215-1970 | Claim Holder Name and Address<br><br>STONEHILL INSTITUTIONAL<br>PARTNERS LP<br>885 THIRD AVE 30TH FL<br>NEW YORK, NY 10022 | | Docketed Total: | $1,792,207.26 | | | Modified Total: | $1,634,127.00 |
| | Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
| | 05-44640 | | | $1,792,207.26 | 05-44640 | | | $1,634,127.00 |
| | | | | $1,792,207.26 | | | | $1,634,127.00 |

**Total Claims to be Modified: 2**

**Total Amount as Docketed:**    $2,042,629.95

**Total Amount as Modified:**    $1,881,832.24

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Fifth Omnibus Claims Objection

### EXHIBIT D-2 - LIFT STAY PROCEDURES CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED** | CLAIM AS MODIFIED |
|---|---|---|

**CLAIM TO BE MODIFIED**

Claim: 5319
Date Filed:   05/08/2006
Docketed Total:      $0.00
Filing Creditor Name and Address:
  ELMORE JR ARLIS M
  1802 FIFTEENTH ST
  TUSCALOOSA, AL 35401

**CLAIM AS DOCKETED****

Claim Holder Name and Address

ELMORE JR ARLIS M
1802 FIFTEENTH ST
TUSCALOOSA, AL 35401

Docketed Total:      **UNL**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | UNL |
| | | | **UNL** |

**CLAIM AS MODIFIED**

Modified Total:      **$100,000.00**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | $100,000.00 |
| | | | **$100,000.00** |

**Total Claims to be Modified: 1**

**Total Amount as Docketed:**      **UNL**

**Total Amount as Modified:**      **$100,000.00**

*See Exhibit E for a listing of debtor entities by case number.

Page 1 of 1

**UNL denotes an unliquidated claim

In re Delphi Corporation, <u>et al.</u>                                    **Twenty-Fifth Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

**Exhibit E - Debtor Entity Reference**

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

**In re: Delphi Corporation, <u>et al.</u>**                                                          **Twenty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

**Exhibit F- Claimants And Related Claims Subject To Twenty-Fifth Omnibus Claims Objection**

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ELMORE JR ARLIS M | 5319 | EXHIBIT D-2 - LIFT STAY PROCEDURES CLAIMS SUBJECT TO MODIFICATION |
| EUGENE TERRY MOORE ESQ FOR ARLIS ELMORE | 5374 | EXHIBIT C - BOOKS AND RECORDS CLAIMS |
| F & G MULTI SLIDE INC | 2098 | EXHIBIT A-2 - DUPLICATE OR AMENDED CLAIMS THAT ARE SUBJECT TO PRIOR ORDERS |
| F&G MULTI SLIDE INC | 16751 | EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION |
| JOHN O MASON | 16752 | EXHIBIT B - UNTIMELY EQUITY CLAIMS |
| LIAM P ONEILL | 2059 | EXHIBIT A-1 - DUPLICATE OR AMENDED CLAIMS |
| MARY P ONEILL | 2188 | EXHIBIT A-1 - DUPLICATE OR AMENDED CLAIMS |
| STONEHILL INSTITUTIONAL PARTNERS LP | 11949 | EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION |
| SUMIDA AMERICA INC | 10372 | EXHIBIT C - BOOKS AND RECORDS CLAIMS |
| US AEROTEAM INC | 10711 | EXHIBIT C - BOOKS AND RECORDS CLAIMS |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
      In re                         :       Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :       Case No. 05-44481 (RDD)
                                    :
                   Debtors.         :       (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                    NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On
Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim
Subject To Modification (the "Twenty-Fifth Omnibus Claims Objection"), dated January 18, 2008, a copy
of which is enclosed (without exhibits).  The Debtors' Twenty-Fifth Omnibus Claims Objection is set for
hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D.
Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green,
Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO
RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING
EASTERN TIME) ON FEBRUARY 14, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE
MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE
ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF
AN ORDER.

        The enclosed Twenty-Fifth Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are
        duplicates of other Claims.

The Claim identified as having a Basis For Objection of "Duplicate Or Amended Claim Subject To A Prior Order" has been amended or superseded by later-filed Claims and was subject to a prior order.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Lift Stay Procedures Claim Subject To Modification" is a Claim that is overstated.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|------------|--------------|--------------------------|---------------------|--------------------|------------------------|
|            |              |                          |                     |                    |                        |

If you wish to view the complete exhibits to the Twenty-Fifth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Fifth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING

---

[1]     Asserted Claim Amounts listed as "UNL" generally reflect that the claim amount asserted is unliquidated.

SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on February 14, 2008. Your Response, if any, to the Twenty-Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the February 21, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR

3

SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED
AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING
VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF
OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS
APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION PROCEDURES ORDER.

    The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-
FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE
WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION
PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING
THE TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER
THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS
OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from
sustaining a Claim against the Debtors.

<div style="margin-left:55%">

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

</div>

Dated:  New York, New York
        January 18, 2008

<div style="text-align:center">4</div>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                      :      Chapter 11
                                              :
DELPHI CORPORATION, et al.,   :      Case No. 05-44481 (RDD)
                                              :
               Debtors.    :      (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


       Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim Subject To Modification (the "Twenty-Fifth Omnibus Claims Objection"), dated January 18, 2008, a copy of which is enclosed (without exhibits). The Debtors' Twenty-Fifth Omnibus Claims Objection is set for hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 14, 2008. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Twenty-Fifth Omnibus Claims Objection identifies six different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

       Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are duplicates of other Claims.

The Claim identified as having a Basis For Objection of "Duplicate Or Amended Claim Subject To A Prior Order" has been amended or superseded by later-filed Claims and was subject to a prior order.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Lift Stay Procedures Claim Subject To Modification" is a Claim that is overstated.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

　　　　If you wish to view the complete exhibits to the Twenty-Fifth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Fifth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

---

[1]　　　　Asserted Claim Amounts listed as "UNL" generally reflect that the claim amount asserted is unliquidated.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES
FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND
PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE
"CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT
ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE
CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING
SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY
THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Fifth Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern
Time) on February 14, 2008. Your Response, if any, to the Twenty-Fifth Omnibus Claims Objection must
(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules
for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be
served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel)
and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,
Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon
which you will rely in opposing the Twenty-Fifth Omnibus Claims Objection, (iv) unless already set forth
in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie
right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise
protected information in the Response; provided further, however, that you must disclose to the Debtors
all information and provide copies of all documents that you believe to be confidential, proprietary, or
otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the
Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable
amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and
(vi) the address(es) to which the Debtors must return any reply to the Response, if different from the
address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such
Response will automatically be adjourned from the February 21, 2008 hearing date to a future date to be
set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the

3

Debtors have requested that the Court conduct a final hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

> [Claimant Name]
> [Address 1]
> [Address 2] [Address 3]
> [City], [State] [Zip]
> [Country]

Dated:  New York, New York
      January 18, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
In re                                       :          Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :          Case No. 05-44481 (RDD)
                                            :
                              Debtors.      :          (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 DISALLOWING AND EXPUNGING (A) DUPLICATE OR
AMENDED CLAIMS, (B) UNTIMELY EQUITY CLAIM, (C)
CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND
RECORDS, AND (D) CLAIMS SUBJECT TO MODIFICATION AND
LIFT STAY PROCEDURES CLAIM SUBJECT TO MODIFICATION
IDENTIFIED IN TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION

("TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C)

Claims Not Reflected On Debtors' Books And Records, And (D) Claims Subject To

Modification And Lift Stay Procedures Claim Subject To Modification, dated January 18, 2008

(the "Twenty-Fifth Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"); and upon the record of the hearing held on the Twenty-Fifth

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Twenty-Fifth Omnibus Claims Objection.

Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause

appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as

to each, a "Claim"), listed on Exhibits A-1, A-2, B, C, D-1, and D-2 hereto was properly and

timely served with a copy of the Twenty-Fifth Omnibus Claims Objection, a personalized Notice

Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr.

P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections

To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order

granting the Twenty-Fifth Omnibus Claims Objection, and notice of the deadline for responding

to the Twenty-Fifth Omnibus Claims Objection.  No other or further notice of the Twenty-Fifth

Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Twenty-Fifth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Fifth Omnibus Claims Objection

is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Twenty-Fifth

Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Claims listed on Exhibit A-1 hereto under the column heading "Claim

To Be Expunged" are duplicates of other Claims filed with this Court (the "Duplicate Or

Amended Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.      The Claim listed on Exhibit A-2 hereto under the column heading "Claim To Be Expunged" has been amended or superseded by a later-filed Claim and was subject to a prior order (the "Duplicate Or Amended Claim Subject To Prior Order").

E.      The Claim listed on Exhibit B hereto was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order (the "Untimely Equity Claim")

F.      The Claims listed on Exhibit C hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

G.      The Claims listed on Exhibit D-1 hereto state the incorrect amount or are overstated (the "Claims Subject To Modification").

H.      The Claim listed on Exhibit D-2 hereto is fully liquidated pursuant to the Lift Stay Procedures Order (the "Lift Stay Procedures Claim Subject To Modification ")

I.      The relief requested in the Twenty-Fifth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Each "Claim To Be Expunged" listed on Exhibit A-1 hereto is hereby disallowed and expunged in its entirety.  Each Claim identified on Exhibit A-1 hereto as the "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2.      The "Claim To Be Expunged" listed on Exhibit A-2 hereto is hereby disallowed and expunged in its entirety.  The Claim identified on Exhibit A-2 hereto as the

3

"Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

3.      The Untimely Equity Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

4.      Each Books And Records Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

5.      Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-1 hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified." No Claimant listed on Exhibit D-1 hereto shall be entitled to recover for any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, subject to the Debtors' right to further object to each such Claim Subject To Modification. The Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

6.      The "Claim As Docketed" amount, classification, and Debtor listed on Exhibit D-2 hereto is hereby revised to the amount and classification listed as the "Lift Stay Procedures Claim Subject To Modification." The Claimant listed on Exhibit D-2 shall not be entitled to recover in an amount exceeding the dollar value listed as the "Modified Total" of the Claim. The Lift Stay Procedures Claim Subject To Modification shall remain on the claims register.

7.      For clarity, Exhibit E hereto displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on Exhibit D-1, and Exhibit F sets forth each of the Claims referenced on Exhibits A-1, A-2, B, C, D-1, and D-2 in

4

alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

8.    Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Fifth Omnibus Claims Objection.

9.    Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

10.    This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11.    Each of the objections by the Debtors to each Claim addressed in the Twenty-Fifth Omnibus Claims Objection and attached hereto as Exhibits A-1, A-2, B, C, D-1, and D-2 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12.    Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

13.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Twenty-Fifth Omnibus Claims Objection.

5

Dated: New York, New York
      February \_\_\_, 2008

_____
     UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT E

Delphi Corporation
Twenty-Fifth Omnibus Claims Objection
Exhibit A-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Liam P Oneill | Maria E Mazza Esq<br>Rieck and Crotty Pc<br>55 W Monroe St Ste 3390<br>Chicago, IL 60603 | 2/17/06 | 2059 | $50,000.00 | Duplicate Or Amended Claims | Disallow and Expunge | 2190 |
| Mary P Oneill | Maria E Mazza Esq<br>Rieck and Crotty PC<br>55 W Monroe St Ste 3390<br>Chicago, IL 60603 | 3/2/06 | 2188 | $50,000.00 | Duplicate Or Amended Claims | Disallow and Expunge | 2189 |

Delphi Corporations
Twenty-Fifth Omnibus Claims Objection
Exhibit A-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| F & G Multi Slide Inc | Attn Ed Scharrer 130 Industrial Dr Franklin, OH 45005 | 2/22/06 | 2098 | $50,000.00 | Duplicate Or Amended Claim Subject To A Prior Order | Disallow and Expunge | 16751 |

Delphi Corporation
Twenty-Fifth Omnibus Claims Objection
Exhibit B Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| John O Mason | 9709 E 79th Terr Raytown, MO 64138-1915 | 12/14/07 | 16752 | $2,850.00 | Untimely Equity Claim | Disallow and Expunge | |

1/25/2008 6:07 PM
Omni 25 Objection Exhibit B Service List

Delphi Corporation
Twenty-Fifth Omnibus Claims Objection
Exhibit C Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Eugene Terry Moore Esq for Arlis Elmore | Eugene Terry Moore Esq 1802 15th St Tuscalossa, AL 35401 | 5/9/06 | 5374 | $0.00 | Books And Records Claims | Disallow and Expunge | |
| Sumida America Inc | c o Jason Metnick Masuda Funai Eifert & Mitchell Ltd 203 N LaSalle St Ste 2500 Chicago, IL 60601 | 7/24/06 | 10372 | $79,613.00 | Books And Records Claims | Disallow and Expunge | |
| US Aeroteam Inc | Thomas R Noland Esq Statman Harris & Eyrich LLC 110 N Main St Ste 1520 Dayton, OH 45402 | 7/25/06 | 10711 | $444,213.68 | Books And Records Claims | Disallow and Expunge | |
| US Aeroteam Inc | Mark Greenberger Esq Atty & Trustee Rm US Aeroteam Inc Bankruptcy 105 E 4th St 4th Fl Cincinnati, OH 45202-4056 | 7/25/06 | 10711 | $444,213.68 | Books And Records Claims | Disallow and Expunge | |

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
In re                               :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On
Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim
Subject To Modification (the "Twenty-Fifth Omnibus Claims Objection"), dated January 18, 2008, a copy
of which is enclosed (without exhibits).  The Debtors' Twenty-Fifth Omnibus Claims Objection is set for
hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D.
Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green,
Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO
RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING
EASTERN TIME) ON FEBRUARY 14, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE
MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE
ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF
AN ORDER.

        The enclosed Twenty-Fifth Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are
        duplicates of other Claims.

The Claim identified as having a Basis For Objection of "Duplicate Or Amended Claim Subject To A Prior Order" has been amended or superseded by later-filed Claims and was subject to a prior order.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Lift Stay Procedures Claim Subject To Modification" is a Claim that is overstated.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ |

If you wish to view the complete exhibits to the Twenty-Fifth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Fifth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING

---

[1]        Asserted Claim Amounts listed as "UNL" generally reflect that the claim amount asserted is unliquidated.

SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on February 14, 2008. Your Response, if any, to the Twenty-Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the February 21, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR

3

SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED
AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING
VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF
OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS
APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION PROCEDURES ORDER.

        The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-
FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE
WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION
PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING
THE TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER
THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS
OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from
sustaining a Claim against the Debtors.

Dated:  New York, New York
        January 18, 2008

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
            In re                   :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.     Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.     The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

> December 13, 2006 at 10:00 a.m. (prevailing Eastern time)
>
> January 12, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> February 14, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.    Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth

Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy

Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest

must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format), (d) be submitted in hard copy form directly

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no

later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus

Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

        3.      Every Response must contain at a minimum the following:

        (a)      the title of the claims objection to which the Response is directed;

        (b)      the name of the claimant (each holder of a proof of claim, a "Claimant") and a brief description of the basis for the amount of the claim;

        (c)      a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

        (d)      unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.    Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, provided that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; provided, however, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.    To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.    The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

5

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

7.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

8.    Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

9.    The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

(a)    Adjournment Of Claims Hearing.

(i)    All Contested Claims for which a timely Response is filed shall be
automatically adjourned to a future hearing, the date of which shall be determined by the Debtors,
in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors
may send such notice to each Claimant when they deem it appropriate to do so, subject to the
requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

6

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)    for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)    for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>, <u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)    <u>Sufficiency Hearing Procedures</u>.

(i)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)    To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)    <u>Mandatory Meet And Confer</u>.

(i)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

7

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)    If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)    The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)    Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

8

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e)    <u>Claimant's Supplemental Response</u>.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i)    The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided</u> <u>further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii)    The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

9

(f)      Debtors' Supplemental Reply.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)      The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)      If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; provided further, however, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)      The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; provided, however, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)      No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)      Mandatory Non-Binding Summary Mediation.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

10

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)    Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)    The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)    If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)    A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)    Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(viii)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

(h)    <u>Claims Objection Hearing Discovery</u>.  If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)    That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Claimant respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)    That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Debtors respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

12

(iv)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)    Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)    Conduct Of The Claims Objection Hearing.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)    Estimation Based Upon Claimant's Asserted Estimated Amount.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as Exhibit E.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)    Ability To Modify Procedures By Agreement Or Order Of Court.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

10.    The procedures approved herein shall not apply to claims filed by Banc of

America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof

of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence

Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit

Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce,

Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to

proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH,

the State of California Environmental Protection Agency, the State of Michigan Environmental

Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties,

Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental

Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760)

(collectively, the "Excluded Parties") for any purpose, including, but not limited to, any

objections to such claims or other litigation in respect of such claims; provided, however, that

nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice

and an opportunity to be heard, from seeking to establish appropriate alternative claims

resolution procedures.

11.    With respect to the claim of Gary Whitney ("Mr. Whitney") (claim

number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against

Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's

ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy

Code subject to the Debtors' right to object to such request.

12.    The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC

("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

14

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated pursuant to its terms.

13.    Nothing in this Order shall preclude any right to seek estimation of a claim under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to seek protection of information under section 107(b) of the Bankruptcy Code or any right not specifically addressed in this Order.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

15.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        December 6, 2006


            /s/Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE

15

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

        PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to

the Order by requesting a copy from the claims and noticing agent in the above-captioned

chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the

Debtors' Legal Information Website at www.delphidocket.com.


Dated:  New York, New York
       _____ _, 200_

                      BY ORDER OF THE COURT

                      John Wm. Butler, Jr. (JB 4711)
                      John K. Lyons (JL 4951)
                      Ron E. Meisler (RM 3026)
                      SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP
                      333 West Wacker Drive, Suite 2100
                      Chicago, Illinois  60606
                      (312) 407-0700

                        - and -

                      Kayalyn A. Marafioti (KM 9632)
                      Thomas J. Matz (TM 5986)
                      SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP
                      Four Times Square
                      New York, New York 10036
                      (212) 735-3000

                      Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
          In re                       :     Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :     Case No. 05-44481 (RDD)
                                      :
                    Debtors.          :     (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

          PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
           _____ _, 200_

                                             SKADDEN, ARPS, SLATE, MEAGHER &
                                               FLOM LLP

                                             By:_____
                                                 John Wm. Butler, Jr. (JB 4711)
                                                 John K. Lyons (JL 4951)
                                                 Ron E. Meisler (RM 3026)
                                             333 West Wacker Drive, Suite 2100
                                             Chicago, Illinois  60606
                                             (312) 407-0700

                                             By:_____
                                                 Kayalyn A. Marafioti (KM 9632)
                                                 Thomas J. Matz (TM 5986)
                                             Four Times Square
                                             New York, New York 10036
                                             (212) 735-3000

                                             Attorneys for Delphi Corporation, et al.,
                                                 Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
        In re                                             :        Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :        Case No. 05-44481 (RDD)
                                                          :
                            Debtors.        :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

            PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.

Dated:  New York, New York
          _____ _, 200_

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM LLP

                                        By:_____
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        By:___ _____
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                             Debtors and Debtors-in-Possession

3

EXHIBIT D

LIST OF MEDIATORS

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

            PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ __, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

2

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.

Dated:  New York, New York
         _____ \_, 200\_

                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM LLP

                                By:_____
                                    John Wm. Butler, Jr. (JB 4711)
                                    John K. Lyons (JL 4951)
                                    Ron E. Meisler (RM 3026)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois  60606
                                (312) 407-0700

                                By:_____
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York 10036
                                (212) 735-3000

                                Attorneys for Delphi Corporation, et al.,
                                    Debtors and Debtors-in-Possession

3

# EXHIBIT H

Delphi Corporation
Twenty-Fifth Omnibus Claims Objection
Exhibit D-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| F&G Multi Slide Inc | 130 Industrial Dr<br>Franklin, OH 45005 | 12/5/07 | 16751 | $250,422.69 | Claims Subject To Modification | 05-44640 | $247,705.24 | General Unsecured |
| F&G Multi Slide Inc | Paul H Spaeth Co LPA<br>130 W Second St Ste 450<br>Dayton, OH 45402 | 12/5/07 | 16751 | $250,422.69 | Claims Subject To Modification | 05-44640 | $247,705.24 | General Unsecured |
| Stonehill Institutional Partners LP | Attn Steve Nelson<br>co Stonehill Capital Management<br>885 Third Ave 30th Fl<br>New York, NY 10022 | 7/28/06 | 11949 | $1,792,207.26 | Claims Subject To Modification | 05-44640 | $1,634,127.00 | General Unsecured |

1/25/2008 6:07 PM
Omni 25 Objection Exhibit D-1 Service List

Delphi Corporation
Twenty-Fifth Omnibus Claims Objection
Exhibit D-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Elmore Jr Arlis M | Gene T Moore Esq 1802 Fifteenth St Tuscaloosa, AL 35401 | 5/8/06 | 5319 | $0.00 | Lift Stay Procedures Claim Subject To Modification | 05-44481 | $100,000.00 | General Unsecured |

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On
Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim
Subject To Modification (the "Twenty-Fifth Omnibus Claims Objection"), dated January 18, 2008, a copy
of which is enclosed (without exhibits).  The Debtors' Twenty-Fifth Omnibus Claims Objection is set for
hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D.
Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green,
Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED
TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO
RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING
EASTERN TIME) ON FEBRUARY 14, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE
MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE
ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF
AN ORDER.

        The enclosed Twenty-Fifth Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are
        duplicates of other Claims.

The Claim identified as having a Basis For Objection of "Duplicate Or Amended Claim Subject To A Prior Order" has been amended or superseded by later-filed Claims and was subject to a prior order.

The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim that was filed by a holder of Delphi common stock solely on account of its stock holdings and was also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Books And Records Claims" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Lift Stay Procedures Claim Subject To Modification" is a Claim that is overstated.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |

If you wish to view the complete exhibits to the Twenty-Fifth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Fifth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE

---

[1]    Asserted Claim Amounts listed as "UNL" generally reflect that the claim amount asserted is unliquidated.

CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on February 14, 2008. Your Response, if any, to the Twenty-Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the February 21, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on February 21, 2008 at 10:00 a.m. (prevailing Eastern time).

IF ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO

3

THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR
SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED
AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING
VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF
OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS
APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-
FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE
WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION
PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING
THE TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER
THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS
OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from
sustaining a Claim against the Debtors.


Dated:  New York, New York
        January 18, 2008

4