# GROUP EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
            In re                         :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                         Debtor.          :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

          1.       Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

EXHIBIT
GROUP
"A"

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its

affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[i] have entered into a Master Sale And Purchase Agreement

("Agreement") with Steering Solutions Corporation and certain of its affiliates (the

"Buyers") for the sale of substantially all of the assets primarily used in the steering and

halfshaft Business of Delphi. The Selling Debtor Entities hereby provide notice (the

"Notice") of their intent to assume and assign the prepetition executory contracts or unexpired

leases (the "Pre-Petition Contracts") listed on <u>Exhibit 1</u> hereto to the Buyers or the Successful

Bidder, as the case may be. Capitalized terms used but not otherwise defined in this notice

have the meanings ascribed to them in the Bidding Procedures Order or the Agreement.

   2. On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling

Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for

prepetition arrearages, if any, as set forth on <u>Exhibit 1</u> hereto (the "Cure Amount"). The

Selling Debtor Entities' records reflect that all postpetition amounts owing under the Pre-

Petition Contracts have been paid and will continue to be paid until the assumption and

assignment of the Pre-Petition Contracts and that, other than the Cure Amount, there are no

other defaults under the Pre-Petition Contracts.

   3. Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

---

[i] Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC,
Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holding), Inc.
Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities
listed on <u>Schedule 1</u> to the Agreement. The Selling Debtor Entities and the selling non-Debtor
affiliates are collectively referred to as the "Sellers."

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661),

(e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (f) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (g) be served in hard-copy form so that they are actually received within ten

days of service of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyers, Kirkland & Ellis LLP, 777

South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

       4.     If an objection to the Cure Amount is timely filed and received, a

hearing with respect to the objection will be held before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, Room 610, New York, New York 10004, at such date and

time as the Court may schedule. A hearing regarding the Cure Amount, if any, may at the

sole discretion of the Selling Debtor Entities take place after the Closing Date.

       5.     If no objection is timely received, the Cure Amount set forth in

Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Pre-

Petition Contract or any other document, and the non-Debtor party to the Pre-Petition

Contract will be deemed to have consented to the Cure Amount and will be forever barred

from asserting any other claims respecting such Pre-Petition Contract against the Selling

Debtor Entities, the Buyers, or the Successful Bidder (as appropriate), or the property of any

of them. The failure of any objecting person or entity to timely file its objection will be a bar

to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the

Sale, or the Selling Debtor Entities' consummation of and performance under the Agreement

(including the transfer of the Purchased Assets and the Pre-Petition Contracts free and clear

of all Claims and Interests), if authorized by the Court.

       6.     In the event, however, that the Selling Debtor Entities emerge from

these chapter 11 cases (the "Emergence Date") prior to the Closing Date, then the Selling

Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors' plan of reorganization. The Debtors will serve a cure notice in connection with contracts being assumed under their plan of reorganization (the "Plan Cure Notice"). The Debtors will serve the Plan Cure Notice in a time and manner specified under their proposed plan of reorganization. The Plan Cure Notice will allow the counterparties to the Pre-Petition Contracts affirmatively to elect to receive a cash payment of the Cure Amount or to receive plan currency in satisfaction of the Cure Amount as contemplated under the Debtors' proposed plan (the "Plan Cure Election Notice"). If the closing of the Sale occurs before the Emergence Date, then the Cure Amount will be paid in cash at the closing of the Sale or as soon thereafter as practicable. If the closing of the Sale occurs after the Emergence Date, then the payment option selected under the Plan Cure Election Notice will control.

7.    Prior to the date of the Closing Date, the Selling Debtor Entities may amend their decision with respect to the assumption and assignment of any Pre-Petition Contract and provide a new notice amending the information provided in this notice.

Dated:  New York, New York
        January 23, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:    /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed: | Cure amount: |
|---|---|
| Purchase Order Number(s) SAG90I2815 | $5,823.94 |

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

　　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　:
　　　　In re　　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION, et al.,　　　　　:　　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Debtor.　　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

　　　　　　1.　　Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its

affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement

("Agreement") with Steering Solutions Corporation  and certain of its affiliates (the

"Buyers") for the sale of substantially all of the assets primarily used in the steering and

halfshaft Business of Delphi.  The Selling Debtor Entities hereby provide notice (the

"Notice") of their intent to assume and assign the prepetition executory contracts or unexpired

leases (the "Pre-Petition Contracts") listed on Exhibit 1 hereto to the Buyers or the Successful

Bidder, as the case may be.  Capitalized terms used but not otherwise defined in this notice

have the meanings ascribed to them in the Bidding Procedures Order or the Agreement.

   2.  On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling

Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for

prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount").  The

Selling Debtor Entities' records reflect that all postpetition amounts owing under the Pre-

Petition Contracts have been paid and will continue to be paid until the assumption and

assignment of the Pre-Petition Contracts and that, other than the Cure Amount, there are no

other defaults under the Pre-Petition Contracts.

   3.  Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

---

[1]  Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC,
Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holding), Inc.
Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities
listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor
affiliates are collectively referred to as the "Sellers."

2

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661),

(e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (f) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (g) be served in hard-copy form so that they are actually received within ten

days of service of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

3

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyers, Kirkland & Ellis LLP, 777

South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

        4.     If an objection to the Cure Amount is timely filed and received, a

hearing with respect to the objection will be held before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, Room 610, New York, New York 10004, at such date and

time as the Court may schedule. A hearing regarding the Cure Amount, if any, may at the

sole discretion of the Selling Debtor Entities take place after the Closing Date.

        5.     If no objection is timely received, the Cure Amount set forth in

Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Pre-

Petition Contract or any other document, and the non-Debtor party to the Pre-Petition

Contract will be deemed to have consented to the Cure Amount and will be forever barred

from asserting any other claims respecting such Pre-Petition Contract against the Selling

Debtor Entities, the Buyers, or the Successful Bidder (as appropriate), or the property of any

of them. The failure of any objecting person or entity to timely file its objection will be a bar

to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the

Sale, or the Selling Debtor Entities' consummation of and performance under the Agreement

(including the transfer of the Purchased Assets and the Pre-Petition Contracts free and clear

of all Claims and Interests), if authorized by the Court.

        6.     In the event, however, that the Selling Debtor Entities emerge from

these chapter 11 cases (the "Emergence Date") prior to the Closing Date, then the Selling

Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors' plan of

reorganization.  The Debtors will serve a cure notice in connection with contracts being

assumed under their plan of reorganization (the "Plan Cure Notice").  The Debtors will serve

the Plan Cure Notice in a time and manner specified under their proposed plan of

reorganization.  The Plan Cure Notice will allow the counterparties to the Pre-Petition

Contracts affirmatively to elect to receive a cash payment of the Cure Amount or to receive

plan currency in satisfaction of the Cure Amount as contemplated under the Debtors'

proposed plan (the "Plan Cure Election Notice").  If the closing of the Sale occurs before the

Emergence Date, then the Cure Amount will be paid in cash at the closing of the Sale or as

soon thereafter as practicable.  If the closing of the Sale occurs after the Emergence Date,

then the payment option selected under the Plan Cure Election Notice will control.

7.    Prior to the date of the Closing Date, the Selling Debtor Entities may

amend their decision with respect to the assumption and assignment of any Pre-Petition

Contract and provide a new notice amending the information provided in this notice.

Dated:  New York, New York
        January 23, 2008

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                    By:     /s/ John Wm. Butler, Jr.
                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                              - and -

                    By:     /s/ Kayalyn A. Marafioti
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                      Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed: | Cure amount: |
|---|---|
| Purchase Order Number(s) SAG90I4657 | $0.00 |

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                      Debtor.         :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its

affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement

("Agreement") with Steering Solutions Corporation and certain of its affiliates (the

"Buyers") for the sale of substantially all of the assets primarily used in the steering and

halfshaft Business of Delphi. The Selling Debtor Entities hereby provide notice (the

"Notice") of their intent to assume and assign the prepetition executory contracts or unexpired

leases (the "Pre-Petition Contracts") listed on Exhibit 1 hereto to the Buyers or the Successful

Bidder, as the case may be. Capitalized terms used but not otherwise defined in this notice

have the meanings ascribed to them in the Bidding Procedures Order or the Agreement.

     2.     On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling

Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for

prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount"). The

Selling Debtor Entities' records reflect that all postpetition amounts owing under the Pre-

Petition Contracts have been paid and will continue to be paid until the assumption and

assignment of the Pre-Petition Contracts and that, other than the Cure Amount, there are no

other defaults under the Pre-Petition Contracts.

     3.     Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC,
Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holding), Inc.
Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities
listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor
affiliates are collectively referred to as the "Sellers."

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661),

(e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (f) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (g) be served in hard-copy form so that they are actually received within ten

days of service of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyers, Kirkland & Ellis LLP, 777

South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

        4.      If an objection to the Cure Amount is timely filed and received, a

hearing with respect to the objection will be held before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, Room 610, New York, New York 10004, at such date and

time as the Court may schedule. A hearing regarding the Cure Amount, if any, may at the

sole discretion of the Selling Debtor Entities take place after the Closing Date.

        5.      If no objection is timely received, the Cure Amount set forth in

Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Pre-

Petition Contract or any other document, and the non-Debtor party to the Pre-Petition

Contract will be deemed to have consented to the Cure Amount and will be forever barred

from asserting any other claims respecting such Pre-Petition Contract against the Selling

Debtor Entities, the Buyers, or the Successful Bidder (as appropriate), or the property of any

of them. The failure of any objecting person or entity to timely file its objection will be a bar

to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the

Sale, or the Selling Debtor Entities' consummation of and performance under the Agreement

(including the transfer of the Purchased Assets and the Pre-Petition Contracts free and clear

of all Claims and Interests), if authorized by the Court.

        6.      In the event, however, that the Selling Debtor Entities emerge from

these chapter 11 cases (the "Emergence Date") prior to the Closing Date, then the Selling

4

Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors' plan of
reorganization. The Debtors will serve a cure notice in connection with contracts being
assumed under their plan of reorganization (the "Plan Cure Notice"). The Debtors will serve
the Plan Cure Notice in a time and manner specified under their proposed plan of
reorganization. The Plan Cure Notice will allow the counterparties to the Pre-Petition
Contracts affirmatively to elect to receive a cash payment of the Cure Amount or to receive
plan currency in satisfaction of the Cure Amount as contemplated under the Debtors'
proposed plan (the "Plan Cure Election Notice"). If the closing of the Sale occurs before the
Emergence Date, then the Cure Amount will be paid in cash at the closing of the Sale or as
soon thereafter as practicable. If the closing of the Sale occurs after the Emergence Date,
then the payment option selected under the Plan Cure Election Notice will control.

       7.     Prior to the date of the Closing Date, the Selling Debtor Entities may
amend their decision with respect to the assumption and assignment of any Pre-Petition
Contract and provide a new notice amending the information provided in this notice.

Dated: New York, New York
      January 23, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:     /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:     /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed: | Cure amount: |
|---|---|
| Purchase Order Number(s) SAG9015218 | $0.00 |

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                    :
            In re                                   :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                            Debtor.                 :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

    1.    Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its

affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement

("Agreement") with Steering Solutions Corporation and certain of its affiliates (the

"Buyers") for the sale of substantially all of the assets primarily used in the steering and

halfshaft Business of Delphi.  The Selling Debtor Entities hereby provide notice (the

"Notice") of their intent to assume and assign the prepetition executory contracts or unexpired

leases (the "Pre-Petition Contracts") listed on Exhibit 1 hereto to the Buyers or the Successful

Bidder, as the case may be.  Capitalized terms used but not otherwise defined in this notice

have the meanings ascribed to them in the Bidding Procedures Order or the Agreement.

     2.     On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling

Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for

prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount").  The

Selling Debtor Entities' records reflect that all postpetition amounts owing under the Pre-

Petition Contracts have been paid and will continue to be paid until the assumption and

assignment of the Pre-Petition Contracts and that, other than the Cure Amount, there are no

other defaults under the Pre-Petition Contracts.

     3.     Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC, Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holding), Inc. Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661),

(e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (f) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (g) be served in hard-copy form so that they are actually received within ten

days of service of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,
Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York
10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyers, Kirkland & Ellis LLP, 777
South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (viii)
the Office of the United States Trustee for the Southern District of New York, 33 Whitehall
Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

4.     If an objection to the Cure Amount is timely filed and received, a
hearing with respect to the objection will be held before the Honorable Robert D. Drain,
United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of
New York, One Bowling Green, Room 610, New York, New York 10004, at such date and
time as the Court may schedule.  A hearing regarding the Cure Amount, if any, may at the
sole discretion of the Selling Debtor Entities take place after the Closing Date.

5.     If no objection is timely received, the Cure Amount set forth in
Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Pre-
Petition Contract or any other document, and the non-Debtor party to the Pre-Petition
Contract will be deemed to have consented to the Cure Amount and will be forever barred
from asserting any other claims respecting such Pre-Petition Contract against the Selling
Debtor Entities, the Buyers, or the Successful Bidder (as appropriate), or the property of any
of them.  The failure of any objecting person or entity to timely file its objection will be a bar
to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the
Sale, or the Selling Debtor Entities' consummation of and performance under the Agreement
(including the transfer of the Purchased Assets and the Pre-Petition Contracts free and clear
of all Claims and Interests), if authorized by the Court.

6.     In the event, however, that the Selling Debtor Entities emerge from
these chapter 11 cases (the "Emergence Date") prior to the Closing Date, then the Selling

Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors' plan of reorganization. The Debtors will serve a cure notice in connection with contracts being assumed under their plan of reorganization (the "Plan Cure Notice"). The Debtors will serve the Plan Cure Notice in a time and manner specified under their proposed plan of reorganization. The Plan Cure Notice will allow the counterparties to the Pre-Petition Contracts affirmatively to elect to receive a cash payment of the Cure Amount or to receive plan currency in satisfaction of the Cure Amount as contemplated under the Debtors' proposed plan (the "Plan Cure Election Notice"). If the closing of the Sale occurs before the Emergence Date, then the Cure Amount will be paid in cash at the closing of the Sale or as soon thereafter as practicable. If the closing of the Sale occurs after the Emergence Date, then the payment option selected under the Plan Cure Election Notice will control.

7.    Prior to the date of the Closing Date, the Selling Debtor Entities may amend their decision with respect to the assumption and assignment of any Pre-Petition Contract and provide a new notice amending the information provided in this notice.

Dated:  New York, New York
        January 23, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:____/s/ John Wm. Butler, Jr._____
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois  60606
        (312) 407-0700

              - and -

By:____/s/ Kayalyn A. Marafioti_____
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed: | Cure amount: |
|---|---|
| Purchase Order Number(s) SAG90I5386 | $0.00 |

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                        Debtor.             :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its

affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement

("Agreement") with Steering Solutions Corporation and certain of its affiliates (the

"Buyers") for the sale of substantially all of the assets primarily used in the steering and

halfshaft Business of Delphi. The Selling Debtor Entities hereby provide notice (the

"Notice") of their intent to assume and assign the prepetition executory contracts or unexpired

leases (the "Pre-Petition Contracts") listed on Exhibit 1 hereto to the Buyers or the Successful

Bidder, as the case may be. Capitalized terms used but not otherwise defined in this notice

have the meanings ascribed to them in the Bidding Procedures Order or the Agreement.

      2.     On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling

Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for

prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount"). The

Selling Debtor Entities' records reflect that all postpetition amounts owing under the Pre-

Petition Contracts have been paid and will continue to be paid until the assumption and

assignment of the Pre-Petition Contracts and that, other than the Cure Amount, there are no

other defaults under the Pre-Petition Contracts.

      3.     Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

---

[1]     Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC,
Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holding), Inc.
Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities
listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor
affiliates are collectively referred to as the "Sellers."

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661),

(e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (f) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (g) be served in hard-copy form so that they are actually received within ten

days of service of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyers, Kirkland & Ellis LLP, 777

South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

4.    If an objection to the Cure Amount is timely filed and received, a

hearing with respect to the objection will be held before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, Room 610, New York, New York 10004, at such date and

time as the Court may schedule. A hearing regarding the Cure Amount, if any, may at the

sole discretion of the Selling Debtor Entities take place after the Closing Date.

5.    If no objection is timely received, the Cure Amount set forth in

Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Pre-

Petition Contract or any other document, and the non-Debtor party to the Pre-Petition

Contract will be deemed to have consented to the Cure Amount and will be forever barred

from asserting any other claims respecting such Pre-Petition Contract against the Selling

Debtor Entities, the Buyers, or the Successful Bidder (as appropriate), or the property of any

of them. The failure of any objecting person or entity to timely file its objection will be a bar

to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the

Sale, or the Selling Debtor Entities' consummation of and performance under the Agreement

(including the transfer of the Purchased Assets and the Pre-Petition Contracts free and clear

of all Claims and Interests), if authorized by the Court.

6.    In the event, however, that the Selling Debtor Entities emerge from

these chapter 11 cases (the "Emergence Date") prior to the Closing Date, then the Selling

4

Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors' plan of reorganization. The Debtors will serve a cure notice in connection with contracts being assumed under their plan of reorganization (the "Plan Cure Notice"). The Debtors will serve the Plan Cure Notice in a time and manner specified under their proposed plan of reorganization. The Plan Cure Notice will allow the counterparties to the Pre-Petition Contracts affirmatively to elect to receive a cash payment of the Cure Amount or to receive plan currency in satisfaction of the Cure Amount as contemplated under the Debtors' proposed plan (the "Plan Cure Election Notice"). If the closing of the Sale occurs before the Emergence Date, then the Cure Amount will be paid in cash at the closing of the Sale or as soon thereafter as practicable. If the closing of the Sale occurs after the Emergence Date, then the payment option selected under the Plan Cure Election Notice will control.

7.      Prior to the date of the Closing Date, the Selling Debtor Entities may amend their decision with respect to the assumption and assignment of any Pre-Petition Contract and provide a new notice amending the information provided in this notice.

5

Dated:  New York, New York
       January 23, 2008

                     SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

             By:    /s/ John Wm. Butler, Jr.
                 John Wm. Butler, Jr. (JB 4711)
                 John K. Lyons (JL 4951)
                 Ron E. Meisler (RM 3026)
             333 West Wacker Drive, Suite 2100
             Chicago, Illinois  60606
             (312) 407-0700

                      - and -

             By:    /s/ Kayalyn A. Marafioti
                 Kayalyn A. Marafioti (KM 9632)
                 Thomas J. Matz (TM 5986)
             Four Times Square
             New York, New York 10036
             (212) 735-3000

             Attorneys for Delphi Corporation, et al.,
               Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed: | Cure amount: |
|---|---|
| Purchase Order Number(s) SAG90I3417 | $0.00 |

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015