# GROUP EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                        Debtor.       :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE  TO BUYERS IN CONNECTION
WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

EXHIBIT
GROUP
"A"

tabbies

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its

affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement (the

"Agreement") with Steering Solutions Corporation and certain of its affiliates (the "Buyers")

for the purchase of substantially all of the assets primarily used in the steering and halfshaft

business of Delphi (the "Steering Business").

    2.    Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts

(the "Pre-Petition Contracts") and assign the postpetition contracts (the "Post-Petition

Contracts") listed on Exhibit 1 hereto to the Buyers at the hearing to be held at 10:00 a.m.

(prevailing Eastern time) on February 21, 2008 (the "Sale Hearing") before the Honorable

Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York

10004.

    3.    To the extent that the Selling Debtor Entities do not receive additional

Qualified Bids, the Selling Debtor Entities shall have the right, at their election, to seek an

earlier Sale Hearing (the "Earlier Sale Hearing"); provided, however, that if the Selling

Debtor Entities seek approval of the Sale at the Earlier Sale Hearing, the Selling Debtors shall

serve those parties receiving notice of the Sale under paragraphs 12(a) and (d) of the Bidding

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC,
Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holdings), Inc.
Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities
listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor
affiliates are collectively referred to as the "Sellers."

Procedures Order with a notice of the Earlier Sale Hearing on or before 20 days prior to the

Earlier Sale Hearing and allow any such party to file an objection to the Sale no later than

seven days prior to the Earlier Sale Hearing.

4.    Objections, if any, to the assumption and assignment of a Pre-Petition

Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c)

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and

105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing

Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March

20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661)

(together with the Supplemental Case Management Order, the "Case Management Orders"),

(d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (e) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (f) be served in hard-copy form so that it is actually received within ten days

after the date of this notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

3

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vii) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (viii) counsel for the Buyers, Kirkland & Ellis LLP, 777

South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (ix) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

   5. If an objection to the assumption and assignment of a Pre-Petition

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such date and time as the Court may

schedule. If no objection is timely received, the non-Debtor party to the Pre-Petition Contract

will be deemed to have consented to the assumption and assignment of the Pre-Petition

Contract to the Buyers and will be forever barred from asserting any other claims, including,

but not limited to, the propriety or effectiveness of the assumption and assignment of the Pre-

Petition Contract, against the Selling Debtor Entities or the Buyers, or the property of either

of them.

   6. Pursuant to 11 U.S.C. § 365, there is adequate assurance of future

performance that the Cure Amount set forth in the Cure Notice will be paid in accordance

with the terms of the Sale Approval Order. Further, there is adequate assurance of the

Buyers' future performance under the executory contract or unexpired lease to be assumed

and assigned because of the significant resources of the Buyers.

    7.  In the event that the Selling Debtor Entities emerge from these chapter 11

cases prior to the closing of the Sale, then the Pre-Petition Contracts listed on Exhibit 1 would

not be assumed under the Sale Approval Order. Instead, the Pre-Petition Contracts listed on

Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"), and any

cure amounts would be paid in accordance with the confirmed Plan. Even if the Pre-Petition

Contracts listed on Exhibit 1 are assumed pursuant to the Debtors' Plan, the Selling Debtor

Entities would assign such contracts to the Buyers under the terms of the order approving the

sale of the Steering Business.

    8.  Prior to the Closing Date, the Selling Debtor Entities may revise their

decision with respect to the assumption and/or assignment of any Pre-Petition Contract or

Post-Petition Contract and provide a new notice amending the information provided in this

notice.

Dated: New York, New York
    January 23, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:    /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed and/or assigned: |
|---|
| Purchase Order Number(s) SAG90I3417, SAG90I2815, SAG90I5386, SAG90I5218, SAG90I4657 |

AMERICAN AIKOKU ALPHA INC EFT
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                      :     Chapter 11
                        :

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                        :

            Debtor.   :     (Jointly Administered)
                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

       1.    Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its

affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement (the

"Agreement") with Steering Solutions Corporation and certain of its affiliates (the "Buyers")

for the purchase of substantially all of the assets primarily used in the steering and halfshaft

business of Delphi (the "Steering Business").

      2.    Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts

(the "Pre-Petition Contracts") and assign the postpetition contracts (the "Post-Petition

Contracts") listed on Exhibit 1 hereto to the Buyers at the hearing to be held at 10:00 a.m.

(prevailing Eastern time) on February 21, 2008 (the "Sale Hearing") before the Honorable

Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York

10004.

      3.    To the extent that the Selling Debtor Entities do not receive additional

Qualified Bids, the Selling Debtor Entities shall have the right, at their election, to seek an

earlier Sale Hearing (the "Earlier Sale Hearing"); provided, however, that if the Selling

Debtor Entities seek approval of the Sale at the Earlier Sale Hearing, the Selling Debtors shall

serve those parties receiving notice of the Sale under paragraphs 12(a) and (d) of the Bidding

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC,
Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holdings), Inc.
Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities
listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor
affiliates are collectively referred to as the "Sellers."

Procedures Order with a notice of the Earlier Sale Hearing on or before 20 days prior to the

Earlier Sale Hearing and allow any such party to file an objection to the Sale no later than

seven days prior to the Earlier Sale Hearing.

        4.      Objections, if any, to the assumption and assignment of a Pre-Petition

Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c)

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and

105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing

Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March

20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661)

(together with the Supplemental Case Management Order, the "Case Management Orders"),

(d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (e) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (f) be served in hard-copy form so that it is actually received within ten days

after the date of this notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vii) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (viii) counsel for the Buyers, Kirkland & Ellis LLP, 777

South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (ix) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

   5.  If an objection to the assumption and assignment of a Pre-Petition

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such date and time as the Court may

schedule.  If no objection is timely received, the non-Debtor party to the Pre-Petition Contract

will be deemed to have consented to the assumption and assignment of the Pre-Petition

Contract to the Buyers and will be forever barred from asserting any other claims, including,

but not limited to, the propriety or effectiveness of the assumption and assignment of the Pre-

Petition Contract, against the Selling Debtor Entities or the Buyers, or the property of either

of them.

   6.  Pursuant to 11 U.S.C. § 365, there is adequate assurance of future

performance that the Cure Amount set forth in the Cure Notice will be paid in accordance

with the terms of the Sale Approval Order. Further, there is adequate assurance of the

Buyers' future performance under the executory contract or unexpired lease to be assumed

and assigned because of the significant resources of the Buyers.

       7.     In the event that the Selling Debtor Entities emerge from these chapter 11

cases prior to the closing of the Sale, then the Pre-Petition Contracts listed on Exhibit 1 would

not be assumed under the Sale Approval Order. Instead, the Pre-Petition Contracts listed on

Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"), and any

cure amounts would be paid in accordance with the confirmed Plan. Even if the Pre-Petition

Contracts listed on Exhibit 1 are assumed pursuant to the Debtors' Plan, the Selling Debtor

Entities would assign such contracts to the Buyers under the terms of the order approving the

sale of the Steering Business.

       8.     Prior to the Closing Date, the Selling Debtor Entities may revise their

decision with respect to the assumption and/or assignment of any Pre-Petition Contract or

Post-Petition Contract and provide a new notice amending the information provided in this

notice.

Dated: New York, New York
       January 23, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:____/s/ John Wm. Butler, Jr._____
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:____/s/ Kayalyn A. Marafioti_____
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU INC
AIKOKU ALPHA CORP
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed and/or assigned: |
|---|
| Purchase Order Number(s) 90I6283 |

AMERICAN AIKOKU INC
AIKOKU ALPHA CORP
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                            :
    In re                    :    Chapter 11
                            :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                            :
              Debtor.    :    (Jointly Administered)
                            :
------------------------------- x

### NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

    1.    Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement (the "Agreement") with Steering Solutions Corporation and certain of its affiliates (the "Buyers") for the purchase of substantially all of the assets primarily used in the steering and halfshaft business of Delphi (the "Steering Business").

      2.    Pursuant to the terms of the Agreement and subject to completion of a competitive bidding process described in the Bidding Procedures Order and the attachments thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts (the "Pre-Petition Contracts") and assign the postpetition contracts (the "Post-Petition Contracts") listed on Exhibit 1 hereto to the Buyers at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on February 21, 2008 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

      3.    To the extent that the Selling Debtor Entities do not receive additional Qualified Bids, the Selling Debtor Entities shall have the right, at their election, to seek an earlier Sale Hearing (the "Earlier Sale Hearing"); provided, however, that if the Selling Debtor Entities seek approval of the Sale at the Earlier Sale Hearing, the Selling Debtors shall serve those parties receiving notice of the Sale under paragraphs 12(a) and (d) of the Bidding

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC, Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holdings), Inc. Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

Procedures Order with a notice of the Earlier Sale Hearing on or before 20 days prior to the

Earlier Sale Hearing and allow any such party to file an objection to the Sale no later than

seven days prior to the Earlier Sale Hearing.

          4.      Objections, if any, to the assumption and assignment of a Pre-Petition

Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c)

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and

105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing

Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March

20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Ninth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),

9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case

Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661)

(together with the Supplemental Case Management Order, the "Case Management Orders"),

(d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) -- registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (e) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (f) be served in hard-copy form so that it is actually received within ten days

after the date of this notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian

M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vii) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (viii) counsel for the Buyers, Kirkland & Ellis LLP, 777

South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (ix) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

5.      If an objection to the assumption and assignment of a Pre-Petition

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such date and time as the Court may

schedule. If no objection is timely received, the non-Debtor party to the Pre-Petition Contract

will be deemed to have consented to the assumption and assignment of the Pre-Petition

Contract to the Buyers and will be forever barred from asserting any other claims, including,

but not limited to, the propriety or effectiveness of the assumption and assignment of the Pre-

Petition Contract, against the Selling Debtor Entities or the Buyers, or the property of either

of them.

6.      Pursuant to 11 U.S.C. § 365, there is adequate assurance of future

performance that the Cure Amount set forth in the Cure Notice will be paid in accordance

4

with the terms of the Sale Approval Order. Further, there is adequate assurance of the

Buyers' future performance under the executory contract or unexpired lease to be assumed

and assigned because of the significant resources of the Buyers.

7.    In the event that the Selling Debtor Entities emerge from these chapter 11

cases prior to the closing of the Sale, then the Pre-Petition Contracts listed on Exhibit 1 would

not be assumed under the Sale Approval Order. Instead, the Pre-Petition Contracts listed on

Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"), and any

cure amounts would be paid in accordance with the confirmed Plan. Even if the Pre-Petition

Contracts listed on Exhibit 1 are assumed pursuant to the Debtors' Plan, the Selling Debtor

Entities would assign such contracts to the Buyers under the terms of the order approving the

sale of the Steering Business.

8.    Prior to the Closing Date, the Selling Debtor Entities may revise their

decision with respect to the assumption and/or assignment of any Pre-Petition Contract or

Post-Petition Contract and provide a new notice amending the information provided in this

notice.

Dated: New York, New York
   January 23, 2008

       SKADDEN, ARPS, SLATE, MEAGHER
       & FLOM LLP

     By:  /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
     333 West Wacker Drive, Suite 2100
     Chicago, Illinois  60606
     (312) 407-0700

        - and -

     By:  /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
     Four Times Square
     New York, New York 10036
     (212) 735-3000

     Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

# EXHIBIT 1

AMERICAN AIKOKU INC
AIKOKU ALPHA CORP
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015

| Contract to be assumed and/or assigned: |
|---|
| Purchase Order Number(s) 90I6086 |

AMERICAN AIKOKU INC
AIKOKU ALPHA CORP
AMERICAN AIKOKU ALPHA INC
520 LAKE COOK RD STE 180
DEERFIELD, IL 60015