SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
                                                :
    In re                                        :        Chapter 11
                                                  :
DELPHI CORPORATION, et al.,            :        Case No. 05–44481 (RDD)
                                                 :
                           Debtors.    :        (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMENDED AND RESTATED JOINT STIPULATION AND AGREED ORDER (I)
COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 16573 AND (II)
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 15221
<u>(TOWER AUTOMOTIVE, INC.)</u>

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and the TAI Unsecured Creditors Liquidating Trust (the "Trust") respectfully submit this Amended And Restated Joint Stipulation And Agreed Order (i) Compromising And Allowing Proof Of Claim Number 16573 And (ii) Disallowing And Expunging Proof Of Claim Number 15221 (Tower Automotive, Inc.) (the "Amended And Restated Joint Stipulation And Agreed Order") and agree and state as follows:

WHEREAS, on February 2, 2005 (the "Tower Petition Date"), R.J. Tower Corporation and the other above-captioned reorganized debtors (collectively, the "Tower") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Tower Bankruptcy Court").

WHEREAS, on October 8, 2005, Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on July 31, 2006, Tower filed proof of claim number 15221 ("Proof of Claim 15221") against DAS LLC, which asserts an unsecured non-priority claim in an unliquidated amount stemming from allegedly avoidable transfers under section 547 and 548 of the Bankruptcy Code ("Claim 15221").

WHEREAS, on October 31, 2006, the Debtors objected to Claim 15221 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And

2

Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, Tower filed the Response Of Tower Automotive Inc. To Debtors' Third Omnibus Objection (Docket No. 5794).

WHEREAS, on March 14, 2007, Tower filed proof of claim number 16573 ("Proof of Claim 16573") against DAS LLC, which amends Claim 15221.  Tower asserts an unsecured non-priority claim of $14,540,878.50 and an unliquidated secured claim stemming from allegedly avoidable transfers under section 547 and 548 of the Bankruptcy Code ("Claim 16573" and, together with Claim 15221, the "Claims").

WHEREAS, on July 11, 2007, the First Amended Plan Of Tower Automotive, Inc., And Its Debtor Subsidiaries Under Chapter 11 Of The Bankruptcy Code With Technical Modifications (the "Tower Plan") was confirmed.

WHEREAS, on July 12, 2007 the Tower Bankruptcy Court entered an order confirming the First Amended Joint Plan of Tower Automotive, Inc. and its Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code with Technical Modifications (as it may be amended in accordance with the provisions thereof, the "Plan").

WHEREAS, on July 31, 2007 (the "Effective Date"), the Tower Debtors entered the Notice of Occurrence of Effective Date of the Plan.

WHEREAS, pursuant to the Tower Plan, on the Effective Date the TAI Unsecured Creditors Liquidating Trust (the "Trust" or the "UCT") was established and the right to prosecute and settle the Claims as the representative of the applicable Tower Debtor estates

was transferred to the UCT.

WHEREAS, pursuant to that certain Unsecured Creditors Trust Agreement, executed on or about July 25, 2007 by the Tower Debtors, on the one hand, and Eugene I. Davis (the "Trustee") in his capacity as the trustee of the UCT, on the other hand, the form of which was approved by the Tower Bankruptcy Court, the UCT is authorized to execute and consummate this Settlement Agreement (i) subject to approval of the Tower Bankruptcy Court and (ii) upon notice to the Tower Post-Consummation Trust.

WHEREAS, the UCT Agreement is deemed a part hereof and incorporated by reference herein.

WHEREAS, on August 24, 2007, the Debtors objected to Claim 16573 pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

WHEREAS, on September 24, 2007, the Trust filed the Response Of The TAI Unsecured Creditors Liquidating Trust To The Debtors' Twentieth Omnibus Claims Objection (Docket No. 9559) (the "Response").

WHEREAS, on December 12, 2007, to resolve the Third and Twentieth Omnibus Claims Objections with respect to the Claims, DAS LLC and the Trust entered into a settlement agreement (the "Settlement Agreement").

4

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that (i) Claim 16573 shall be allowed against DAS LLC in the amount of $1,150,000.00 and (ii) Claim 15221 shall be disallowed and expunged in its entirety.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

WHEREAS, on January 11, 2008, the Court entered the Joint Stipulation And Agreed Order (I) Compromising And Allowing Proof Of Claim Number 16573 And (II) Disallowing And Expunging Proof Of Claim Number 15221 (Tower Automotive, Inc.) (Docket No. 12072) (the "Initial Stipulation").

WHEREAS, the Debtors and the Trust acknowledge and agree that the Initial Stipulation should be amended and restated in its entirety by this Amended And Restated Joint Stipulation And Agreed Order.

THEREFORE, the Debtors and the Trust stipulate and agree as follows:

1. The Initial Stipulation is amended and restated in its entirety as provided herein.

2. Claim 16573 shall be allowed in the amount of $1,150,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Claim 15221 shall be disallowed and expunged in its entirety.

4. The Trust's Response to the Twentieth Omnibus Claims Objection shall be deemed withdrawn with prejudice upon the entry of this Stipulation.

So Ordered in New York, New York, this 29th day of January, 2008

              /s/Robert D. Drain
              UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| */s/ John K. Lyons* | */s/ Ira S. Dizengoff* |
|---|---|
| John Wm. Butler, Jr. | Ira S. Dizengoff |
| John K. Lyons | AKIN GUMP STRAUSS HAUER & FELD LLP |
| Ron E. Meisler | 590 Madison Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10022-2524 |
| 333 West Wacker Drive, Suite 2100 | (212) 872-1000 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | |
| - and – | - and - |
| Kayalyn A. Marafioti | David M. Dunn |
| Thomas J. Matz | 1333 New Hampshire Avenue, N.W. |
| Four Times Square | Washington, D.C. 20036 |
| New York, New York 10036 | (202) 887-4000 |
| (212) 735-3000 | |
| | Attorneys for the TAI Unsecured Creditors Liquidating Trust |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | |

6