

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*

*New York, New York  10007*

January 30, 2008

BY HAND AND ECF

Hon. Robert D. Drain
United States Bankruptcy Judge
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004-1408

      Re:    *In re Delphi Corporation, et al.*, No. 05-44481 (RDD)

Dear Judge Drain:

      This Office represents various federal agencies in the above-referenced bankruptcy, including the Equal Employment Opportunity Commission (EEOC).  I write to request a two-week adjournment of the date to file a motion for leave to late file a claim, presently due on February 7, 2008.  The reason for this request is that I will be on trial before Judge Stein in District Court for the next two weeks.

      By way of background, the EEOC's claim relates to a pending enforcement action in the United States District Court for the Western District of New York, *EEOC v. Delphi Corp.*, No. 07 Civ. 6470 (MAT), in which the EEOC is suing on behalf of a putative class of former and current employees who were subjected to a discriminatory sick leave policy at Delphi.  In this bankruptcy, Delphi objected to the EEOC's proof of claim as part of its Twenty-Second Omnibus Objection on the grounds that the claim was filed after the bar date.  On November 26, 2007, the Government responded to the Objection, pointing out that Delphi's unlawful policy only came to the EEOC's attention after the bar date, when an aggrieved employee filed a complaint; we also noted that the EEOC had not been provided notice of the Bar Date Order, even though Delphi has been on notice that its policy was unlawful since at least the Second Circuit's decision in *Conroy v. New York State Dep't of Correctional Services*, 333 F.3d 88, 95-96 (2d Cir. 2003).  Delphi has therefore been aware of the reasons why the EEOC's claim was filed after the bar date since at least late November 2007.

      In December 2007, counsel for Delphi contacted me and indicated that they were considering requiring us to file a motion for leave to file the claim; they postponed noticing any deadline, however, until the parties could engage in negotiations regarding claims estimation.  When those negotiations proved fruitless, Delphi noticed a February 8th hearing yesterday, on January 28, 2008.  The claims objection, meanwhile, remains adjourned indefinitely.

   Delphi has refused to consent to a two-week adjournment.  In light of the fact that Delphi filed their request for a hearing only two days ago and there does not appear to be any urgency to resolving the timeliness of the EEOC claim, the Government requests a limited, two-week extension of time, given that I will be on trial on February 8, 2008.  The Government's papers would then be due on February 22, 2008 (the end of the first week after Judge Stein's trial is likely to conclude), with a hearing thereafter at the Court's convenience.

   Thank you for your consideration of this request.

                Respectfully,

                MICHAEL J. GARCIA
                United States Attorney

        By:  /s/  Matthew L. Schwartz
           MATTHEW L. SCHWARTZ
           Assistant United States Attorney
           Telephone: (212) 637-1945
           Facsimile:  (212) 637-2750
           E-mail:  matthew.schwartz@usdoj.gov

cc:  BY UNITED STATES MAIL AND ECF

   Delphi Corporation
   Attn:  General Counsel
   5725 Delphi Drive
   Troy, Michigan 48098

   John Wm. Butler, Jr., Esq.
   John K. Lyons, Esq.
   Joseph N. Wharton, Esq.
   Skadden, Arps, Slate, Meagher & Flom LLP
   333 West Wacker Drive, Suite 2100
   Chicago, Illinois 60606

   Alicia M. Leonhard, Esq.
   Office of the United States Trustee
   33 Whitehall Street, Suite 2100
   New York, New York 10004