Quarles & Brady LLP
One South Church Avenue, Suite 1700
Tucson, Arizona  85701-1621
Phone 520.770.8700 Facsimile 520.770.2222
knye@quarles.com

Attorneys for Offshore International, Inc.
and Maquilas Teta Kawi, S.A. de C.V.

Kasey C. Nye, Esq. (AZ Bar # 020610)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481-RDD |
| Debtors. | (Jointly Administered) |

**OFFSHORE INTERNATIONAL, INC.'S NOTICE OF "OTHER EXECUTORY CONTRACT" CURE CLAIM**

Offshore International, Inc. ("Offshore" or "Claimant"), by and through counsel undersigned, and in conjunction with its vote in favor of the "First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession" (the "Proposed Plan") hereby submits its Other Executory Contract Cure Claim, pursuant to Section 8.2(b) of the Plan.

**I.     BACKGROUND**

1.     On October 8, 2005 (the "Petition Date"), the above captioned debtors (the "Debtor") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (hereinafter all references to title 11 the United States Code, 11 U.S.C. 101-1334, as amended, are referred to as the "Bankruptcy Code"), thereby commencing these bankruptcy cases (collectively the "Bankruptcy Case").  Since the Petition Date, the Debtors have continued to possess and manage their assets and operate their business as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.  Prior to the Petition Date, the Claimant and the Debtors entered into that certain "Shelter Plan Service Agreement" dated December 9, 2002 as amended and renewed by those certain letter agreements dated March 19, 2004 and August 4, 2005 (collectively the "Shelter Agreement").  Pursuant to the Shelter Agreement, the Claimant agreed to provide certain services to the Debtors to facilitate some of its Mexican manufacturing operations.  A true and correct copy of the Shelter Agreement, which document speaks for itself, is attached hereto as Exhibit "1".

3.  Pursuant to the Shelter Agreement, Delphi Automotive agreed, *inter alia*, (i) to pay certain facility fees (rent) and shelter plan fees; (ii) to reimburse costs, including employee wages, benefits, employer taxes, and requisition costs; (iii) to pay and reimburse all costs associated with the severance or termination of any and all workers hired by Maquilas at the request of Delphi Automotive; (iv) to reimburse the Offshore Group for all customs duties and taxes, including *ad valorem* taxes and customs duties imposed by Mexico which are referred to as "pedimentos" in connection with the import into Mexico or the export to the United States of equipment, materials, and goods; and (v) to timely pay all of the aforementioned obligations within ten days of invoice by the Offshore Group, which the Offshore Group agreed to submit to Delphi Automotive on a weekly basis.

4.  On the Petition Date Delphi Automotive owed the Offshore Group $ 234,775.90 for pre-petition client purchases, customs broker fees and labor/shelter fees.  The Offshore Group, on the other hand, owed Delphi Automotive $ 252,448.87 for a pre-petition invoice overpayment and refunds for pre-petition value added taxes paid for June, July, August and September 2005, but refunded since the petition date.

5.  In March 2006, Offshore brought a "Motion for an Order Pursuant to 11 U.S.C. §§ 362(d) and 553 Lifting the Automatic Stay to Permit Offshore to Exercise Right of Setoff" (the "Setoff Motion").

6.  After the preliminary hearing, negotiations, and reconciling of books between the parties, a settlement was reached regarding the Setoff Motion.  In September 2006, this Court approved and so ordered a Stipulation and Order ("Stipulation and Order") permitting a setoff,

-2-

allowing the Offshore to file a general unsecured proof of claim for the balance due from the Debtor in the amount of $84,892.57, and reserving the Debtors rights to object to the Proof of Claim on other grounds. A copy of the Stipulation and Order permitting the setoff is attached hereto as Exhibit 2.

7.    In December 2006, the Claimant and the Debtor executed an amendment to the Shelter Agreement (the "Shelter Agreement Amendment") which included, among other provisions, a three year extension of the Shelter Agreement (to December 2009) and called for Delphi Automotive to assume the Shelter Agreement as amended under 11 U.S.C. § 365. A copy of the Shelter Agreement Amendment is attached hereto as Exhibit 3.

8.    Delphi Automotive subsequently informed Offshore, through counsel, that the Debtor would assume the Shelter Agreement, as amended pursuant to the Shelter Agreement Amendment, through its Plan of Reorganization instead of by motion under 11 U.S.C. § 365. Pursuant to Article I, Section B, Paragraph 1.143 of the Proposed Plan Offshore holds an "Other Executory Contract". Pursuant to section 8.2 of the Proposed Plan, parties holding Other Executory Contracts assumed under the Proposed Plan must provide Notice of their Cure Claim within 45 days of the order confirming the Proposed Plan.

## II.    **NOTICE OF CURE**

WHEREFORE, Offshore hereby asserts and provides notice of its Other Executory Contract Cure Claim in the Amount of $84,892.57.

RESPECTFULLY SUBMITTED this 31st day of January, 2008.

                           QUARLES & BRADY LLP
                           One South Church Avenue, Suite 1700
                           Tucson, AZ  85701

                           By    /s/ Kasey C. Nye
                                Kasey C. Nye
                           Attorneys for Offshore International, Inc.