UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                      :

In re:                             :        Chapter 11

                                        :

DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)

                                        :

                          Debtors.    :        (Jointly Administered)
------------------------------------------------------------x

### OBJECTION OF METAL-MATIC INC. TO (I) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS, (II) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS AND (III) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        Metal-Matic Inc. ("MMI"), for its Objection (the "Objection") to (I) Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business (the "Cure Notice"), (II) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (the "Assumption Notice") and (III) Notice of Cure Amount With Respect to Executory Contract to Be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Plan Notice"),[1] respectfully states as follows:

        1.        On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Cure Notice, the Assumption Notice or the Plan Notice, as applicable.

2.     Metal-Matic Inc. ("MMI") is a former creditor of the Debtors in these cases. Specifically, MMI previously transferred and assigned to Ore Hill Hub Fund Ltd. ("Ore Hill") all right, title and interest in and to certain claims it held against the Debtors (collectively, the "MMI Claim") and any distributions thereon to Ore Hill, which contractually includes, but is not limited to, (i) claim number 3755 in the current amount of $86,384.00 and (ii) pre-petition "cure" amounts within the meaning of section 365 of the Bankruptcy Code that may be related to contracts giving rise to the foregoing claims, and the right to receive any and all distributions on account of such pre-petition cure amounts. In connection therewith, MMI authorized and appointed Ore Hill as its true and lawful agent and attorney-in-fact with respect to all matters concerning the MMI Claim and distributions thereon.

3.     On or about December 10, 2007, the Court entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Procedures Order (the "Solicitation Procedures Order") [Docket No. 11389]. Among other things, the Solicitation Procedures Order established procedures for filing objections to assumption (or assumption and assignment) of executory contracts under the Plan of Reorganization filed in the Debtors' cases on September 6, 2007, as amended and filed on December 10, 2007 (as may be further amended or supplemented, the "Plan") and/or for objecting to the Debtors' proposed Cure Amounts in connection therewith. The Plan was confirmed by this Court by order entered on January 25, 2008.

4.    Prior to the hearing with respect to confirmation of the Plan, MMI received a Plan Notice purportedly issued to it by the Debtors in accordance with the Solicitation Procedures Order, seeking to establish an aggregate Cure Amount of $43,080.52 related to contracts numbered SAG90I5603 and SAG90I0209.

5.    On or about December 21, 2007, the Court entered that certain Order Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date in Connection With Sale of Steering and Halfshaft Business (the "Bidding Procedures Order"). In accordance therewith, MMI has received a Cure Notice and an Assumption Notice issued to it by the Debtors, seeking to establish an aggregate Cure Amount of $43,080.52 related to the following contracts: SAG90I5603, SAG90I0209, 90I6342 and 90I6377 (collectively, the "MMI Contracts"). Specifically, the Debtors assert the aggregate Cure Amount in connection with contracts numbered SAG90I5603 and SAG90I0209 is $43,080.52, while there is no Cure Amount that would be owing in connection with contracts numbered 90I6342 and 90I6377.

6.    Notwithstanding the transfer of MMI's rights to Ore Hill, both the Solicitation Procedures Order the Bidding Procedures Order appear to suggest that only MMI may file an objection to the Cure Amount listed in any of the Plan Notice, the Cure Notice and/or the Assumption Notice (collectively, the "Contract Notices"), as applicable. Accordingly, even though all right, title and interest in and to any pre-petition cure payments made by the Debtors that are connected with any amounts set forth in the MMI Claim rightfully belong to Ore Hill, MMI files this Objection in addition to any objection to the Contract Notices that Ore Hill may file, so as to ensure the preservation of all parties' rights with respect to the proper Cure Amount.

7.      As noted above, the entirety of the Debtors' $43,080.52 proposed Cure

Amount appears to be related to contracts numbered SAG90I5603 and SAG90I0209.  MMI

objects to the proposed Cure Amount with respect to these contracts because it understates the

actual cure amount by $42,929.24.  Attached hereto as <u>Exhibit A</u> is a list of the invoice numbers,

invoice dates and invoiced amount of all outstanding pre-petition amounts comprising the correct

cure amount of $86,009.76 (the "Revised Cure Amount").[2]

8.      Additionally, MMI notes that on behalf of Ore Hill, in connection with the

Plan Notice, MMI timely made an election to receive cash on account of cure (at whatever cure

amount is ultimately established by this Court) (the "Cash Election").  On Ore Hill's behalf,

MMI reiterates that the Cash Election should be made with respect to any cure payment on

account of assumption of the MMI Contracts listed in the Contract Notices.

9.      Finally, as noted in paragraph 2 above, MMI transferred to Ore Hill all of

its interest in the MMI Claim, which as a definitional matter, includes payment of any pre-

petition cure amounts associated therewith.  MMI also appointed Ore Hill as its agent and

attorney-in-fact with respect to all matters concerning the MMI Claim and distributions thereon.

Accordingly, it is clear that all parties-in-interest should recognize Ore Hill as the proper party

with standing to be heard on the matters raised by the Contract Notices, this Objection, and any

objection to the Contract Notices that Ore Hill may file that involve the cure amount, and going

forward, all further notices with respect to such contested matters should be sent to, and

addressed by, Ore Hill.  MMI does not object to the Debtors' intention to assume (or assume and

---

[2] The full amount of the MMI Claim is $86,384.00, <u>i.e.</u>, $374.24 in excess of the Revised Cure Amount.  MMI agrees that this additional $374.24 is not related to the MMI Contracts being assumed by the Debtors.  Since there is significant (but not complete) overlap between the Revised Cure Amount and the MMI Claim, for purposes of clarity, MMI respectfully requests entry of an order providing that, in light of the Debtors' assumption of the MMI Contracts, the MMI Claim will not be reduced by more than the Revised Cure Amount or such other cure amount that is ultimately approved by this Court.

assign) any of the MMI Contracts; rather, MMI's objection is limited to the magnitude and form of payment of the proposed Cure Amount, and is made only out of an abundance of caution on Ore Hill's behalf.

## **CONCLUSION**

WHEREFORE, MMI respectfully requests that the Court enter an order (i) establishing a Revised Cure Amount of $86,009.76, to be paid in cash, (ii) providing that upon payment of the Cure Amount or the Revised Cure Amount, as applicable, the MMI Claim will not be reduced by an amount exceeding the Revised Cure Amount (or such other cure amount as is ultimately approved by this Court), and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: January 31, 2008

Respectfully submitted,
METAL-MATIC INC.

By: _____

Thomas A. Jackson
Chief Financial Officer/Treasurer
629 Second Street Southeast
Minneapolis, Minnesota 55414
612.392.3325