UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                                    Debtors.                :    (Jointly Administered)
------------------------------------------------------------x

**OBJECTION OF LIQUIDITY SOLUTIONS, INC., AS AGENT FOR ORE HILL
HUB FUND LTD., TO (I) NOTICE OF CURE AMOUNT WITH RESPECT
TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED
AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND
HALFSHAFT BUSINESS AND (II) NOTICE OF ASSUMPTION AND/OR
ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

Liquidity Solutions, Inc. ("LSI"), as agent for Ore Hill Hub Fund Ltd. ("Ore Hill"), hereby files an Objection (the "Objection") to (I) Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business (the "Cure Notice") and (II) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (the "Assumption Notice").[1] In support of the Objection, and on behalf of Ore Hill, LSI respectfully states as follows:[2]

1.    On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Cure Notice or the Assumption Notice, as applicable.

[2] LSI files this Objection under the direction of, and with express authority granted to it by, Ore Hill.

2. On or about December 21, 2007, the Court entered that certain Order Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date in Connection With Sale of Steering and Halfshaft Business (the "Bidding Procedures Order").

3. Ore Hill is the holder of certain unsecured claims against the Debtors including, but not limited to, claim number 3755 in the current amount of $86,384.00, which was assigned to Ore Hill by Metal-Matic Inc. (the "MMI Claim"). The MMI Claim was transferred to Ore Hill by notice filed in accordance with Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). See Docket No. 5446. The underlying contract between MMI and Ore Hill includes, among other things, the transfer to Ore Hill of (i) all right, title and interest in and to the MMI Claim and any distributions thereon, (ii) the right to payment of any pre-petition "cure" amounts within the meaning of section 365 of the Bankruptcy Code that may be related to contracts giving rise to the MMI Claim that are assumed (or assumed and assigned) by any Debtor, and (iii) the right to receive any and all distributions on account of such pre-petition cure amounts. MMI also authorized and appointed Ore Hill as its true and lawful attorney with respect to all matters concerning the MMI Claim.

4. LSI and Ore Hill are advised that Metal-Matic Inc. ("MMI") received a Cure Notice and an Assumption Notice, both of which were purportedly issued to MMI by the Debtors in accordance with the Bidding Procedures Order. The Contract Notices seek to establish an aggregate Cure Amount of $43,080.52 related to the following contracts: SAG90I5603, SAG90I0209, 9OI6342 and 9OI6377 (collectively, the "MMI Contracts").[3]

---

[3] On or about December 10, 2007, the Court entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider

2

Specifically, the Debtors assert the aggregate Cure Amount in connection with contracts numbered SAG90I5603 and SAG90I0209 is $43,080.52, while there is no Cure Amount that would be owing in connection with contracts numbered 9016342 and 9016377.

5. Notwithstanding the transfer to Ore Hill of all of MMI's rights with respect to the MMI Claim, the Bidding Procedures Order (and the Solicitation Procedures Order that preceded it) appears to suggest that only MMI may file an objection to the Cure Amount listed in the Cure Notice, the Assumption Notice and/or the Plan Notice (collectively, the "Contract Notices"), as applicable. However, any action (or inaction) taken by MMI with respect to the Contract Notices will affect the distributions that belong to Ore Hill. Consequently, although LSI and Ore Hill understand that MMI will separately object to the Contract Notices, this Objection is filed out of an abundance of caution to ensure that all of Ore Hill's rights with respect to the MMI Claim are preserved.

6. As noted above, the entirety of the Debtors' $43,080.52 proposed Cure Amount appears to be related to contracts numbered SAG90I5603 and SAG90I0209. The proposed Cure Amount with respect to these contracts is objectionable because it understates the

---

Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Procedures Order (the "Solicitation Procedures Order") [Docket No. 11389]. Among other things, the Solicitation Procedures Order established procedures for filing objections to assumption (or assumption and assignment) of executory contracts under the Plan of Reorganization filed in the Debtors' cases on September 6, 2007, as amended and filed on December 10, 2007 (as may be further amended or supplemented, the "Plan") and/or for objecting to the Debtors' proposed cure amounts in connection therewith. LSI and Ore Hill were advised that MMI received a cure notice in accordance with the Solicitation Procedures Order (the "Plan Notice"), seeking to establish an aggregate cure amount of $43,080.52 related to contracts SAG90I5603 and SAG90I0209, both of which are referenced in the Cure Notice and the Assumption Notice. Accordingly, LSI objected to the Plan Notice as part of a larger objection to similar notices received in connection with claims transferred to LSI from other original creditors. See Objection of Liquidity Solutions, Inc., as Assignee, to Notices of Cure Amount With Respect to Executory Contracts to Be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Prior LSI Objection") [Docket No. 11921]. In the Prior LSI Objection, LSI asserted that the appropriate cure amount with respect to the MMI Contracts is $86,384.00. Based on conversations with MMI since the filing of the Prior LSI Objection, LSI agrees that the more appropriate cure amount with respect to the Plan Notice is the $86,009.76 Revised Cure Amount set forth herein. Accordingly, this Objection is intended to amend and supplement the Prior LSI Objection, in addition to serving as an objection to the Cure Notice and the Assumption Notice.

actual cure amount by $42,929.24. Attached hereto as <u>Exhibit A</u>, which information was provided to Ore Hill by MMI, is a list of the invoice numbers, invoice dates and invoiced amount of all outstanding pre-petition amounts comprising the correct cure amount of $86,009.76 (the "Revised Cure Amount").[4]

       7.     It should be noted that, in connection with the Plan Notice, upon information and belief, MMI timely made an election to receive cash on account of cure (at whatever cure amount is ultimately established by this Court) (the "Cash Election"). In the Prior LSI Objection, LSI also timely indicated its intent to make the Cash Election (or to direct any original creditor that transferred its claim to LSI to make the Cash Election) on account of any cure payment to be made in connection with the assumption of contracts relating to claims held by LSI, and on Ore Hill's behalf, LSI included the MMI Claim. <u>See</u> Prior LSI Objection, at 4-5. On Ore Hill's behalf, LSI again asserts that a Cash Election should be made with respect to any cure payment associated with the MMI Contracts.

## **CONCLUSION**

WHEREFORE, LSI respectfully requests that the Court enter an order (i) establishing a Revised Cure Amount of $86,009.76, to be paid in cash, (ii) providing that upon payment of the Revised Cure Amount, the MMI Claim will not be reduced by an amount exceeding the Revised Cure Amount (or such other cure amount as is ultimately approved by this

---

[4] The full amount of the MMI Claim is $86,384.00, <u>i.e.</u>, $374.24 in excess of the Revised Cure Amount. Upon consultation with MMI, LSI and Ore Hill agree that this additional $374.24 is not related to the MMI Contracts being assumed by the Debtors. Since there is significant (but not complete) overlap between the Revised Cure Amount and the MMI Claim, for purposes of clarity, LSI respectfully requests entry of an order providing that, in light of the Debtors' assumption of the MMI Contracts, the MMI Claim will not be reduced by more than the Revised Cure Amount or such other cure amount that is ultimately approved by this Court.

Court), and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: Hackensack, New Jersey
       January 31, 2008

                                         Respectfully submitted,
                                         LIQUIDITY SOLUTIONS, INC.

                          By: /s/ Dana P. Kane
                                         Dana P. Kane, Esq. (DK-3909)
                                         Liquidity Solutions, Inc.
                                         One University Plaza, Suite 312
                                         Hackensack, New Jersey 07601
                                         Phone: (201) 968-0001
                                         Fax: (201) 968-0010