David G. Dragich (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for Intermet Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                    )
In re:                                 )
                                    )   Chapter 11
DELPHI CORPORATION, et al.,            )   Case No. 05-44481 (RDD)
                                    )   Jointly Administered
             Debtors.              )
-------------------------------------------------------------x

## OBJECTION OF INTERMET CORPORATION TO ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

Intermet Corporation and its subsidiaries, including Northern Castings LLC d/b/a Intermet Hibbing Foundry, Diversified Diemakers, LLC d/b/a Intermet Missouri and Ganton Technologies, LLC d/b/a Intermet Pulaski Plant, (collectively, "Intermet") hereby submits this Objection (the "Objection") to the Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (the "Assumption/Assignment Notice"). In support of its Objection, Intermet respectfully represents as follows:

### BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned case (collectively, the "Debtors"), filed voluntary petitions in this Court for

DETR_517800.2

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.     On December 10, 2007, the Debtors filed the Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (the "Steering Sale Motion").

3.     On December 21, 2007, the Court entered an order approving the bidding procedures relating to the Steering Sale Motion (the "Bidding Procedures Order"). Pursuant to the Bidding Procedures Order, the Court scheduled a hearing on the sale (the "Sale Hearing") for February 21, 2008 at 10:00 a.m.

4.     On January 23, 2008, the Debtors filed the Assumption/Assignment Notice and the Cure Notice[1] with the Court. According to the Assumption/Assignment Notice and Cure Notice, parties have 10 days to respond, or February 2, 2008. Accordingly, this Objection is timely filed.

5.     Prior to the Petition Dates, Delphi issued and Internet accepted various purchase orders that form the contractual obligations of the parties (collectively, the "Contract" or the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Steering Sale Motion.

2

"Contracts"). On April 27, 2007, Intermet and Delphi entered into a letter agreement (the "Letter Agreement") that modified various terms of the Contracts.

6. The Assumption/Assignment Notice identified the following five purchase orders proposed to be assumed and assigned as part of the Steering Sale Motion: SAG90I0905; SAG90I0710; 90I4979; 90I5552; and 90I0713. The Assumption/Assignment Notice failed to indicate that the Letter Agreement, along with the purchase orders, is part of the Contracts.

### ARGUMENT

**The Debtors' Proposed Assumption and Assignment Cannot Be Approved Because the Debtors Fail to Properly Identify the Contracts Between the Parties and Fail to Assume All Terms of the Contracts.**

7. As set forth above, the Debtors' Assumption/Assignment Notice seeks only to assume certain portions of the Contracts. The Debtors seek to assume certain purchase orders but either intentionally or inadvertently fail to identify the Letter Agreement, which together with the purchase orders, actually forms the Contracts. This request is entirely improper.

8. An executory contract may not be assumed in part or rejected in part. See In re Teligent, Inc., 268 B.R. 723 (Bankr. S.D.N.Y. 2001); Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996); City of Covington v. Covington Landing Ltd. Partnership, 71 F.3d 1221 (6th Cir. 1995); In re Nitec Paper Corp., 43 B.R. 492 (S.D.N.Y. 1984); In re Village Rathskeller, Inc., 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). The debtor must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. In re Adelphia Bus. Solutions, Inc., 322 B.R. 51 (Bankr. S.D.N.Y. 2005); United Air Lines, Inc. v. U.S. Bankr. Trust Nat'l Ass'n (In re UAL Corp.), 346 B.R. 456 (Bankr. N.D. Ill. 2006); In re Storage Technology Corp., 53 B.R. 471 (Bankr. D. Colo. 1985) (Section 365 requires assumption of entire agreement; debtor cannot avoid effect of this rule by

3

construing various parts of a transaction as separate agreements when they are clearly interdependent).

9.      In the present case, the Debtors have separated parts of a transaction when the underlying purchase orders and Letter Agreement are clearly part of the overall Contracts between the parties.  Under Section 365, the Debtor cannot do so.  The Debtor must either assume or reject the entire Contract.  For this reason, the Court cannot permit assumption and assignment in the manner proposed in the Assumption/Assignment Notice.

## CONCLUSION

WHEREFORE, Intermet respectfully requests that the Court enter an order (a) denying assumption in the manner proposed in the Assumption/Assignment Notice, and (b) scheduling a hearing on the matter.

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ David G. Dragich*
David G. Dragich (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for Intermet Corporation

January 31, 2008

4

DETR_517800.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Objection of Intermet Corporation to Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection With Sale of Steering and Halfshaft Business has been served upon the following parties by Federal Express this 31st day of January, 2008:

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: Deputy General Counsel, Transactions
& Restructuring

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Attn: John K. Lyons
 Ron E. Meisler
 Brian M. Fern

Delphi Automotive Systems LLC
5725 Delphi Drive
Troy, MI 48098
Attn: Legal Staff

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald Bernstein
 Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Attn: Robert J. Rosenberg
 Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Kirkland & Ellis LLP
777 South Figeuroa Street
Los Angeles, CA 90017
Attn: Richard L. Wynne

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 3100
New York, NY 10004
Attn: Alicia M. Leonhard

 */s/ Kathleen Rose*_____
 Kathleen Rose
 FOLEY & LARDNER LLP
 500 Woodward Ave., Suite 2700
 Detroit, MI 48226
 Telephone: (313) 234-7100

DETR_517800.2