MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@mlg-pc.com
Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | |
| Debtors. | Case No. 05-44481 (RDD)<br>Jointly Administered |

**OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS' ASSUMPTION
AND/OR ASSIGNMENT OF EXECUTORY CONTRACTS TO BUYERS
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

Alps Automotive, Inc. ("Alps"), an unsecured creditor herein, objects to the *Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business* (the "Notice"), filed by Delphi Corporation, et al. (the "Debtors") herein and dated January 23, 2008. As set forth below, Alps objects to the Debtors proposed assumption and assignment of Purchase Order Numbers 90I5747 and 90I5746, as identified by the Debtors in Exhibit 1 attached to the Notice. Alps' objection is based on the following:

**PROCEDURAL BACKGROUND**

1.    On October 8, 2005 (the "Petition Date"), the Debtors and numerous related entities filed voluntary petitions initiating the above-captioned chapter 11 case, now jointly administered.

2.    On January 23, 2008, the Debtors sent the Notice to Alps, wherein the Debtors state their intent to assume and assign Purchase Order Nos. 90I5747 and 90I5746 (collectively,

1

the "Purchase Orders"), as identified by the Debtors in Exhibit 1 attached to the Notice.  The

Notice indicates that the deadline for objections to the Notice is 10 days after the date of the

Notice, or (accounting for the weekend) February 4, 2008.  The Notice makes no mention of any

cure of arrearages, does not identify other purchase orders that are part of the same relationship

between Alps and the Debtors, does not reference pending claims litigation that involves those

purchase orders, and does not describe the proposed assignee to any extent.

3.      Although the undersigned law firm represents Alps, and has had numerous

conversations with the Debtors' counsel in that regard, the Notice was not served upon the firm,

and the Notice was not received, indirectly, until January 29, 2008, four business days before the

deadline for objections.

### FACTUAL BACKGROUND

4.      As established by the accompanying declaration of Beth Hornbeck, an Account

Materials Coordinator within Alps, prior to the Petition Date, Alps sold various automotive parts

on credit terms to one or more of the Debtors, and as of the Petition Date, Alps was owed the

sum of $6,140,513.59 for parts sold to the Debtor for which payment was not received.

5.      All parts orders by the Debtors were part of an overall relationship, with standard

terms for delivery, payment and reconciliation.  Individual orders were made by purchase orders,

as part of that relationship.  Since the Petition Date, Alps has continued to sell parts to the

Debtors.

**A.      Claims Asserted By Alps**

6.      On February 6, 2006, Alps filed two proofs of claim in order to recover the

Debtor's obligations, and attached documentation supporting such obligations, as follows:

A.      A proof of claim ("Claim No. 2246") against Delphi Automotive Systems

LLC ("DAS"), in the amount of $6,140,513.59, with attachments identifying each unpaid

invoice by number, date, amount and parts order; and

B.      A proof of claim ("Claim No. 2665") against Delphi Corporation ("DC"),

in the amount of $6,140,513.59, with the same attachments described above.

7.      In addition, on October 18, 2005, by letter to the Debtors, Alps made demand

21109

upon the Debtors for reclamation and return of products delivered to the Debtors on credit terms within ten days preceding the Petition Date, in the amount of $1,550,810.57, pursuant to the provisions of 11 U.S.C. §546(c) of the Bankruptcy Code. The amount of that demand is included in the amounts set forth in Claims Nos. 2246 and 2665. The Debtors have disputed Alps' reclamation demand but have deferred resolution of that dispute, with the result that no payment or return of products has yet been made to Alps on account of its reclamation demand.

8.      Alps filed its proofs of claim against both DAS and DC primarily because, due to ambiguous or inconsistent documentation provided by the Debtors, Alps was not able to determine which such debtor, or whether each of such debtors, was obligated to pay for the Alps products ordered by the Debtors. Because both such debtors appeared on documentation with Alps, Alps believed that both entities might be jointly and severally liable to Alps for payment for the ordered and delivered parts.

9.      As of February 6, 2006, Alps assigned its claims against the Debtors to Bear Stearns Investment Products Inc. ("Bear"). Under the terms of the assignment from Alps to Bear (the "Assignment"), Bear agreed to pay to Alps an amount to be determined as a percentage of the allowed amount of Alps' claims. Under the terms of the Assignment, an initial payment was made by Bear to Alps, but the bulk of the purchase price is not due until and unless the claims are allowed by the Court. If the claims are not allowed by the time of a distribution generally by the Debtors, Alps may be required to repay to Bear the initial payments received by Alps from Bear, with interest.

10.      In order to defend its claims and to achieve allowance of those claims, Alps retained the authority to respond to objections to the claims and to otherwise prosecute the claims, under the terms of the Assignment.

11.      The Debtors identified a claim owing to Alps in their filed schedules of assets and liabilities, but did not describe them as unliquidated and undisputed (and also identified an incorrect claim amount). As a result, Alps' claims were not considered allowed for purposes of the Assignment, and Alps could not then receive full payment of the purchase price under the Assignment.

21109

B.    **The Debtors' Objections**

12.    On October 31, 2006, the Debtors filed an objection to Alps' claims, as part of the *Debtor's Second Omnibus Objection, etc.* (the "First Objection").  In the Earlier Objection, the Debtors sought disallowance of Claim No. 2665, on the ground that such claim was allegedly duplicative of Claim No. 2665.  The First Objection stated that the Debtors intended to reserve all rights to object to Claim No. 2246 at a later time, and therefore did not seek allowance of Claim No. 2246.  First Objection, at *¶32.*

13.    On or about November 22, 2006, Alps filed timely opposition to the First Objection, and entered into discussions with the Debtors, through counsel, regarding resolution of the dispute.

14.    Ultimately, the Debtors and Alps reached agreement as to the resolution of the objection to Claim No. 2665, as follows:  Claim No. 2665 was disallowed, and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against DMS and another debtor), in an amount to be determined at a later time.  That resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In Second Omnibus Claims Objections*, dated December 21, 2007.

15.    On September 21, 2007, the Debtors filed an objection to Claim No. 2246 (the "Second Objection").  In the Second Objection, the Debtors sought various adjustments of Claim No. 2246 and reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60, with a reservation of the Debtors' right to object further to Claim No. 2246 at a later time.

16.    Alps thereafter filed opposition to the Second Objection, as well as a counter-motion seeking final allowance of Claim No. 2246.  Discussions again ensued among counsel, with the interim outcome of deferring the hearing and litigation of the Second Objection and Alps' counter-motion pending settlement discussions.

17.    In subsequent discussions among counsel for the Debtors, Alps and Bear, a

21109

tentative settlement of Claim No. 2246 was reached, subject to documentation and Court approval.  As of the date of this memorandum, discussions of details of the documentation are continuing.

18.     All of Alps' discussions with, and objections to Alps' claims from, the Debtors have been premised upon determining the amount and validity of damages under relevant purchase orders, of which there are many.  That premise, in turn, has been based upon an implicit understanding that either the purchase orders were not assumable executory contracts or the Debtors would not assume them in any event.

19.     The Notice, however, apparently seeks to assume two of those purchase orders, without any explanation as to how this can be reconciled with soon-to-be-allowed claims, any mention of cure of arrearages, or any attempt to assume other purchase orders that are part of the same transactional relationship.

20.     The Purchase Orders identified in the Notice are, as stated, just two of many such purchase orders created between the Debtors and Alps, upon which amounts are still owing.  Those same invoice numbers, in fact, have been used since the Petition Date, and thus it is difficult to determine whether the Debtors' reference to those numbers is intended to mean prepetition orders, postpetition orders, or both.

21.     In any event, because the Notice provides no details as to assumption, assignment or cure, and given the inconsistent context of discussions of claim allowances, Alps objects to the Notice for the reasons set forth below.

## OBJECTIONS

22.     Alps objects to the Notice on each of the following grounds:

A.     The Purchase Orders cannot be assumed without assumption of all related purchase orders that are part of the same relationship and executory contract, to wit, all of the invoices and purchase orders attached to Alps' Claim No. 2246.  "A contract assumed in bankruptcy is accompanied by all its provisions, and conditions.  It may not be assumed in part and rejected in part."  *In re Nitec Paper Corp.*, 43 B.R. 492, 498 (S.D.N.Y. 1984).

B.      The Purchase Orders cannot be assumed without concurrent cure of all arrearages.  "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure prepetition defaults as a precondition of assuming an executory contract."  *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).  Those arrearages are not identified in the Notice, and the Notice provides no indication that the Debtors intend to make the requisite cure.

C.      The Purchase Orders cannot be assumed or assigned without an adequate showing of future performance.  11 U.S.C. § 365(b)(1).  *In re Luce Industries, Inc.*, 14 B.R. 529 (S.D.N.Y. 1981) (bankruptcy court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform).  None has been provided in the Notice, and the proposed assignee may not yet even be known, much less is its ability to perform established.

D.      The Purchase Orders cannot be assumed or assigned because they have already been rejected by the Debtors, either expressly or implicitly.

23.      Alps reserves its right to amend the herein objection to include any additional facts as may be determined by its investigation of the Purchase Orders.

WHEREFORE, Alps respectfully requests that its objection to the Notice be sustained and that the Debtors be prohibited from assuming and/or assigning the Purchase Orders.

DATED:  January 31, 2008

MEYERS LAW GROUP, P.C.

By:     /s/      Merle C. Meyers
          Merle C. Meyers, Esq. CA State Bar #66849
          44 Montgomery Street, Suite 1010
          San Francisco, CA  94104
          Telephone: (415) 362-7500
          Facsimile:  (415) 362-7515
          Email:  mmeyers@mlg-pc.com
          Attorneys for Alps Automotive, Inc., Creditor

21109