MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA  94104
Telephone: (415) 362-7500
Facsimile:  (415) 362-7515
Email:  mmeyers@mlg-pc.com
Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>Jointly Administered |
|---|---|

**DECLARATION OF KATHY QUON BRYANT IN SUPPORT OF
OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS' ASSUMPTION
AND/OR ASSIGNMENT OF EXECUTORY CONTRACTS TO BUYERS
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

I, KATHY QUON BRYANT, declare:

1. I am an attorney licensed to practice law in all the courts of the State of California and am a member of the law firm of Meyers Law Group, P.C. counsel for Alps Automotive, Inc. ("Alps"), an unsecured creditor herein and in such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

2. I make this declaration in support of the Objection Of Alps Automotive, Inc. To Debtor's Assumption And/Or Assignment Of Executory Contracts To Buyers In Connection With Sale Of Steering And Halfshaft Business (the "Objection").[1]

3. On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's obligations, and attached documentation supporting such obligations, as follows:

    a. A proof of claim ("Claim No. 2246") against Delphi Automotive Systems LLC ("DAS"), in the amount of $6,140,513.59, with attachments identifying each unpaid invoice

---
[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

1

21123 10233

by number, date, amount and parts order; and

    b.    A proof of claim ("Claim No. 2665") against Delphi Corporation ("DC"), in the amount of $6,140,513.59, with the same attachments described above.

    4.    In addition, on October 18, 2005, by letter to the Debtors, Alps made demand upon the Debtors for reclamation and return of products delivered to the Debtors on credit terms within ten days preceding the Petition Date, in the amount of $1,550,810.57, pursuant to the provisions of 11 U.S.C. §546(c) of the Bankruptcy Code. The amount of that demand is included in the amounts set forth in Claims Nos. 2246 and 2665. The Debtors have disputed Alps' reclamation demand but have deferred resolution of that dispute, with the result that no payment or return of products has yet been made to Alps on account of its reclamation demand.

    5.    Alps filed its proofs of claim against both DAS and DC primarily because, due to ambiguous or inconsistent documentation provided by the Debtors, Alps was not able to determine which such debtor, or whether each of such debtors, was obligated to pay for the Alps products ordered by the Debtors. Because both such debtors appeared on documentation with Alps, Alps believed that both entities might be jointly and severally liable to Alps for payment for the ordered and delivered parts.

    6.    As of February 6, 2006, Alps assigned its claims against the Debtors to Bear Stearns Investment Products Inc. ("Bear"). Under the terms of the assignment from Alps to Bear (the "Assignment"), Bear agreed to pay to Alps an amount to be determined as a percentage of the allowed amount of Alps' claims. Under the terms of the Assignment, an initial payment was made by Bear to Alps, but the bulk of the purchase price is not due until and unless the claims are allowed by the Court. If the claims are not allowed by the time of a distribution generally by the Debtors, Alps may be required to repay to Bear the initial payments received by Alps from Bear, with interest.

    7.    In order to defend its claims and to achieve allowance of those claims, Alps retained the authority to respond to objections to the claims and to otherwise prosecute the claims, under the terms of the Assignment.

    8.    The Debtors identified a claim owing to Alps in their filed schedules of assets and liabilities, but did not describe them as unliquidated and undisputed (and also identified an incorrect

2

claim amount). As a result, Alps' claims were not considered allowed for purposes of the Assignment, and Alps could not then receive full payment of the purchase price under the Assignment.

9. On October 31, 2006, the Debtors filed an objection to Alps' claims, as part of the *Debtor's Second Omnibus Objection, etc.* (the "First Objection"). In the Earlier Objection, the Debtors sought disallowance of Claim No. 2665, on the ground that such claim was allegedly duplicative of Claim No. 2665. The First Objection stated that the Debtors intended to reserve all rights to object to Claim No. 2246 at a later time, and therefore did not seek allowance of Claim No. 2246. First Objection, at *¶32*.

10. On or about November 22, 2006, Alps filed timely opposition to the First Objection, and entered into discussions with the Debtors, through counsel, regarding resolution of the dispute.

11. Ultimately, the Debtors and Alps reached agreement as to the resolution of the objection to Claim No. 2665, as follows: Claim No. 2665 was disallowed, and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against DMS and another debtor), in an amount to be determined at a later time. That resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In Second Omnibus Claims Objections*, dated December 21, 2007.

12. On September 21, 2007, the Debtors filed an objection to Claim No. 2246 (the "Second Objection"). In the Second Objection, the Debtors sought various adjustments of Claim No. 2246 and reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60, with a reservation of the Debtors' right to object further to Claim No. 2246 at a later time.

13. Alps thereafter filed opposition to the Second Objection, as well as a counter-motion seeking final allowance of Claim No. 2246. Discussions again ensued among counsel, with the interim outcome of deferring the hearing and litigation of the Second Objection and Alps' counter-motion pending settlement discussions.

14. In subsequent discussions among counsel for the Debtors, Alps and Bear, a tentative

3

settlement of Claim No. 2246 was reached, subject to documentation and Court approval. As of the date of this memorandum, discussions of details of the documentation are continuing.

15. All of Alps' discussions with, and objections to Alps' claims from, the Debtors have been premised upon determining the amount and validity of damages under relevant purchase orders, of which there are many. That premise, in turn, has been based upon an implicit understanding that either the purchase orders were not assumable executory contracts or the Debtors would not assume them in any event.

16. The Notice, however, apparently seeks to assume two of those purchase orders, without any explanation as to how this can be reconciled with soon-to-be-allowed claims, any mention of cure of arrearages, or any attempt to assume other purchase orders that are part of the same transactional relationship.

17. The Purchase Orders identified in the Notice are, as stated, just two of many such purchase orders created between the Debtors and Alps, upon which amounts are still owing. Those same invoice numbers, in fact, have been used since the Petition Date, and thus it is difficult to determine whether the Debtors' reference to those numbers is intended to mean prepetition orders, postpetition orders, or both.

18. In any event, because the Notice provides no details as to assumption, assignment or cure, and given the inconsistent context of discussions of claim allowances, Alps objects to the Notice for the reasons set forth below.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 31, 2008 at San Francisco, California.

/s/  Kathy Quon Bryant

4