**MORITT HOCK HAMROFF &
HOROWITZ LLP**
400 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK  11530
PHONE:  (516) 873-2000
LESLIE A. BERKOFF (LB-4584)
lberkoff@moritthock.com

AND

**HAHN LOESER + PARKS LLP**
200 PUBLIC SQUARE, SUITE 3300
CLEVELAND, OHIO 44114-2301
PHONE: (216) 621-0150
MICHAEL P. SHUSTER (MS-0067)
ROCCO I. DEBITETTO (OH ID # 0073878)
mpshuster@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel to S & Z Tool & Die Co., Inc. n/k/a
S&Z Metalworks, Ltd.*

**HEARING DATE AND TIME: FEBRUARY 21, 2008,
AT 10:00 A.M. E.T.**

**RESPONSE DATE AND TIME: FEBRUARY 4, 2008,
AT 4:00 P.M. E.T.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :      Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                                    :      Case No. 05-44481 (RDD)
                                                               :
                                 Debtors.                      :      (Jointly Administered)
---------------------------------------------------------------x

**OBJECTION AND RESPONSE OF S&Z TOOL & DIE CO., INC. N/K/A S&Z
METALWORKS, LTD. TO (1) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION
WITH SALE OF STEERING AND HALFSHAFT BUSINESS, AND (2) ANY
<u>CORRESPONDING CURE AMOUNT PROPOSED BY DELPHI OR OTHERWISE</u>**

S & Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. ("S&Z"), by and through its

undersigned counsel of record, hereby objects and responds (the "Objection and Response") to

CLE - 1050203.1

the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business [Docket No. 12323] (the "Assumption Notice")[1] and any corresponding cure amount proposed by Delphi or otherwise applicable.[2]  In further support of its Objection and Response, the S&Z respectfully states as follows:

## BACKGROUND

### General

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC and certain of Delphi's domestic subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Prior to the applicable petition dates, S&Z and Delphi entered into Purchase Order No. SAG90I0375 dated December 8, 1992 (as amended, supplemented or otherwise modified, the "Purchase Order").  The Purchase Order is a requirements contract pursuant to which S&Z agreed to provide various goods and services as required by Delphi pursuant to the terms, and subject to the conditions, set forth more fully therein.

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Assumption Notice.

[2] The Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of Steering and Halfshaft Business [Docket No. 12324] (the "Cure Notice") appears to correspond to the executory contracts set forth in the Assumption Notice.  Notwithstanding the fact that the S&Z Entities are owed a Cure Amount (as defined herein) in connection with any assumption or assumption and assignment of the Purchase Order (as defined herein), S&Z is neither identified in the Cure Notice nor received a copy of the same.  To the extent that the Cure Notice (or any other cure notice) applies to S&Z and/or the Purchase Order, this Objection and Response is an Objection and Response to the amount and manner of payment of any cure amount with respect to the Purchase Order and/or S&Z, to the extent that such cure amount and manner of payment thereof differs from the amount and manner of payment of the Cure Amount set forth herein.

CLE - 1050203.1

3. Following the petition dates, S&Z filed three proofs of claim requesting payment of obligations owed pursuant, among other things, to the Purchase Order. Such claims are identified as follows:

| Creditor | Claim Nos.[3] | Claim Amount[4] |
|---|---|---|
| S & Z Tool & Die Co., Inc. | 2034<br>2035<br>2036 | $1,288,259.67 |

4. Claim Nos. 2034 and 2035 were subsequently disallowed and expunged as duplicative of Claim No. 2036 (the "Claim").[5] On or about June 23, 2006, S&Z transferred all right, title, and interest in and to the Claim, including the right to any distributions thereunder, to Liquidity Solutions, Inc. ("LSI"). The transfer of the Claim to LSI is set forth at Docket No. 4338. The Claim is subject to the Debtors' Twenty-Fourth Omnibus Claim Objection,[6] which S&Z and LSI disputed pursuant to the LSI/S&Z Claim Response.[7] The Twenty-Fourth Omnibus Claim Objection and LSI/S&Z Claim Response remain pending before the Court.[8]

---

[3] Duplicate claims filed in an abundance of caution. The remaining claim at this time is Claim No. 2036.

[4] Amount separately asserted in each claim.

[5] The Claim is not attached hereto due to its substantial volume. The Claim, which was filed for record, may be obtained by contacting the Debtors' claims agent, Kurtzman Carson Consultants. S&Z hereby incorporates the Claim and all attachments and exhibits thereto by reference herein.

[6] "Twenty-Fourth Omnibus Claim Objection" means and refers to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification That is Subject to Prior Order [Docket No. 11588].

[7] "LSI/S&Z Claim Response" means and refers to the Response of Liquidity Solutions, Inc., Defined Benefit Pension Plan, and the S&Z Entities, to Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification That is Subject to Prior Order [Docket No. 12225].

[8] Nothing contained herein is or shall be deemed to be an admission or allegation by LSI, S&Z and/or the S&Z Entities (as defined in the LSI/S&Z Claim Response) with respect to the Twenty-Fourth Omnibus Claim Objection, the LSI/S&Z Claim Response and/or as to the nature, extent, validity, or priority of the claim(s) subject to the Twenty-Fourth Omnibus Claim Objection.

CLE - 1050203.1

**Assumption Notice**

5.     Pursuant to the Assumption Notice, Delphi seeks to assume and assign the Purchase Order to Steering Solutions Corporation and certain of its affiliates or such other person(s) or entities that may be the successful bidder on the assets subject to sale pursuant to the Sale Procedures Order (collectively, the "Buyer").  (Assumption Notice, ¶¶ 1-2.)

6.     Notwithstanding the assignment of the Claim to LSI, S&Z is a proper party to this contested matter because, among other things, of unpaid *post-petition* obligations due and owing to S&Z pursuant to the Purchase Order which, along with unpaid pre-petition obligations owed to LSI, must be paid in full before the Purchase Order may be assumed and assigned as proposed by the Debtors.  Further, to the extent that the Assumption Notice affects the nature, extent, validity, or priority of the Claim, S&Z has exercised an "Assignor Defense Option" pursuant to which S&Z has the right to defend the Claim in consultation with LSI under the terms of the transfer to LSI.

**Unpaid Obligations Pursuant to Purchase Order**

7.     Pursuant to the Purchase Order, as of January 24, 2008, there was due and owing an amount not less than $705,217.71 (together with such other and further obligations due and owing and to become due and owing under the Purchase Order on a post-petition basis or otherwise, collectively, the "Cure Amount.").  The Cure Amount (containing pre- and post-petition obligations), itemized on a category-by-category and payee-by-payee basis, is as follows:

CLE - 1050203.1

| **Category** | **Amount (Not Less Than)** | **Proper Payee/Address**[9] | **Supporting Detail** |
|---|---|---|---|
| Unpaid Pre-Petition Obligations | $595,487.11 ($2,701.35) $594,783.76[10] | **Liquidity Solutions, Inc.**, c/o Dana P. Kane, Esq., One University Plaza, Suite 312, Hackensack, NJ 07601 | Exhibit A |
| Unpaid Post-Petition Arrearage | $27,448.94 | **S&Z Metalworks, Ltd.**, c/o Kevin Dow, CFO, 3180 Berea Road, Cleveland, OH 44111-1595 | Exhibit B-1&2 |
| Unpaid Post-Petition Current Obligations | $82,985.01 | **S&Z Metalworks, Ltd.**, c/o Kevin Dow, CFO, 3180 Berea Road, Cleveland, OH 44111-1595 | Exhibit B-1&2 |
| Ongoing Obligations | Amount to be Determined | | |
| **Total** | **Not less than $705,217.71** | | |

### Notice of Assignee's Obligation to Pay for Inventory on Hand and Advance Purchase Commitments

8.  In order to meet timely the demands and requirements for delivery under the Purchase Order, S&Z is required (a) to make significant advance purchases of component parts and raw materials, (b) to continue work in progress, (c) to complete and store finished goods (collectively with (a) and (b), the "Inventory"), and (d) to enter into advance purchase commitments with vendors and suppliers for an approximate eight (8) week period at any given time, in order to ensure timely performance pursuant to the Purchase Order (collectively, the "Advance Purchase Commitments"). In furtherance of S&Z's ongoing obligations pursuant to

---

[9] Separate detail for payees is afforded in the event that cure claims will be appropriately allocated upon payment. S&Z otherwise anticipates that it shall receive payment in full of the Cure Amount and thereafter will make the appropriate payment to LSI. Any changes in the amount of the Cure Amount must be made on a category-by-category basis so that the appropriate liability to LSI may be ascertained.

[10] Amount calculated as follows: $595,487.11 (portion of the Claim attributable to the Purchase Order) less $2,701.35 (subsequent receipts). To the extent that S&Z is not permitted to retain the subsequent receipts, the Cure Amount should be increased by $2,701.35 and paid in full as set forth herein.

CLE - 1050203.1

the Purchase Order, as of January 30, 2008, S&Z estimates that it has an amount of Inventory on hand in the estimated quantities set forth in Exhibit C attached hereto. While not a technical component of any "cure claim," in the event of termination or non-performance pursuant to the Purchase Order, Delphi or any assignee is obligated to pay (among other obligations) for the then-current Inventory and Advance Purchase Commitments pursuant to the terms, and subject to the conditions, of the Purchase order and/or applicable law.

## OBJECTION AND RESPONSE

9.  Bankruptcy Code Section 365 provides, in pertinent part:

> (a) . . . [S]ubject to the court's approval, [a debtor-in-possession] may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor-in-possession]—
>
>> (A) cures, or provides adequate assurance that the [debtor-in-possession] will promptly cure, such default;
>>
>> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> (C) provides adequate assurance of future performance under such contract or lease.
>
> * * *
>
> (f) . . . (2) The [debtor-in-possession] may assign an executory contract or unexpired lease of the debtor only if—
>
>> (A)  the trustee assumes such contract or lease in accordance with the provisions of this section; and

CLE - 1050203.1

>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(a)-(b)(1) & (2).

### Cure of Defaults Under Purchase Order

10.  The Purchase Order cannot be assumed and assigned pursuant to the proposed sale of the Steering Business to the Buyer unless the Cure Amount is paid in full at or before closing on such sale ("Closing") in connection with the assumption and assignment of the Purchase Order. 11 U.S.C. § 365(b)(1)(A) & (f)(2)(A). Payment of the Cure Amount, and all components thereof, must be in the form of cash or other immediately available funds payable to LSI (in the case of pre-petition obligations set forth in the Cure Amount) and S&Z (in the case of post-petition obligations set forth in the Cure Amount) in amounts not less than those forth herein, as adjusted to account for any pre-Closing purchases or payments by the Debtors under the Purchase Order.[11] Absent such protections, the Debtors cannot satisfy the requirements for assumption and assignment of the Purchase Order pursuant to Bankruptcy Code Section 365 and, therefore, the request for assumption and assignment should be denied.

### Adequate Assurance of Future Performance Under Purchase Order

11.  In addition to payment in full of the Cure Amount as provided herein, S&Z is also entitled to adequate assurance of the Buyer's future performance under the Purchase Order. 11 U.S.C. § 365(f)(2)(A). *At a minimum*, such assurance includes a good-faith demonstration satisfactory to S&Z in its sole discretion that Buyer is willing and financially able to perform under all terms of the Purchase Order (including in respect of the Inventory and Advance

---

[11] To the extent that the Cure Amount is paid as set forth herein, the overall amount of the Claim (not less than $1,288,259.67) should be reduced by *no more than $594,783.76*, which is the current portion of the Cure Amount attributable to pre-petition obligations under the Purchase Order.

CLE - 1050203.1

Purchase Commitments) on a going-forward basis (collectively "Adequate Assurance of Future Performance"). Such Adequate Assurance of Future Performance in respect of the Buyer must be provided to S&Z; otherwise the Purchase Order cannot be assumed and assigned as proposed by the Debtors.

## MEMORANDUM OF LAW

12. Because the legal points and authorities upon which S&Z relies for purposes of this Objection and Response are incorporated into this Objection and Response, S&Z respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

13. S&Z reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to call all necessary or proper witnesses to testify in support of this Objection and Response; and (c) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts involving S&Z including, without limitation, on the grounds that notice of such relief and an opportunity to object thereto was not properly afforded to S&Z.

## CONCLUSION

WHEREFORE, S&Z respectfully requests that the Court enter an Order (a) sustaining this Objection and Response in its entirety and conditioning any assumption and/or the assumption and assignment of the Purchase Order on (1) payment in full, in connection with Closing, of the Cure Amount due as of the date of the assumption and assignment of the Purchase Order in cash or other immediately available funds payable to LSI and S&Z in amounts

CLE - 1050203.1

not less than $705,217.71 as set forth herein, subject to increase in the event that S&Z is not authorized to retain prior disbursements in the amount of $2,701.35; and (2) a demonstration of Adequate Assurance of Future Performance that is satisfactory to S&Z in its reasonable discretion; (b) clarifying that upon payment of the Cure Amount as set forth herein, the Claim may be reduced by no more than $594,783.76, which is the component of the Cure Amount attributable to pre-petition obligations; and (c) providing S&Z with such other and further relief to which it is justly entitled.

Dated: February 1, 2008                                  Respectfully submitted,

/s/ Leslie A. Berkoff                                    .
Leslie A. Berkoff (LB-4584)
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, New York  11530
Phone:  (516) 873-2000
lberkoff@moritthock.com

AND

/s/ Michael P. Shuster                                   .
Michael P. Shuster (MS-0067)
Rocco I. Debitetto (OH ID # 0073878)
Hahn Loeser + Parks LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
Phone: (216) 621-0150
mpshuster@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel to S & Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd.*

CLE - 1050203.1