TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Andy Winchell (AW-6590)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :
                                                             :   Chapter 11
DELPHI CORPORATION, *et al.*,                                :   Case No. 05-44481 [RDD]
                                                             :
                                    Debtors.                 :   Jointly Administered
                                                             :
-------------------------------------------------------------x

**EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b)
AND FED. R. BANKR. P. 9018 FOR ORDER AUTHORIZING DEBTORS
TO FILE PATENT LICENSE SETTLEMENT AGREEMENT UNDER SEAL**

("DENSO PATENT LICENSE SETTLEMENT AGREEMENT UNDER SEAL
APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file a Motion (the "DENSO Settlement Motion") For An Order Pursuant To Bankruptcy Rule 9019 Approving Patent License Settlement Agreement With DENSO Corporation ("DENSO"). The Debtors seek authority to file under seal the Patent License Settlement Agreement (as defined below) when they file the DENSO Settlement Motion, and respectfully represent:

Background

A.    The Chapter 11 Filings

    1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

    2.    No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").

    3.    On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (together with the Creditors' Committee, the "Statutory Committees").

    4.    On January 25, 2008, this Court entered its findings of Fact, Conclusion of Law, and Order under 11 U.S.C § 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified.

    5.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

    6.    The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

B.      The Patent License Settlement Agreement

        7.      In the 2005 model year, the Debtors began using certain cam phaser technology (the "Delphi VVT Technology") in various products. In July 2005, DENSO sent correspondence to the Debtors and asserted that it believed that the Debtors' use of the Delphi VVT Technology might infringe on patents that DENSO owns. DENSO later filed three proofs of claim (the "Proof of Claims") and asserted patent violations based upon the Debtors' use of the VVT Technology. The Debtors objected to the Proofs of Claim.

        8.      After diligence and extensive arms-length negotiations between the Debtors and DENSO, the Parties have negotiated a settlement (the "Settlement"), subject to Bankruptcy Court approval. The Settlement is contained in a license agreement (the "Patent License Settlement Agreement") that is the subject of the DENSO Settlement Motion.

        9.      The Patent License Settlement Agreement permits the Debtors to continue to use the Delphi VVT Technology in the Debtors' products. The Delphi VVT Technology has had success in the marketplace and therefore is of significant benefit to the Debtors' restructuring efforts. The financial and other terms of the Patent License Settlement Agreement are commercially sensitive and their disclosure could harm the Debtors' position in the marketplace.

Relief Requested

       10.      The Debtors seek entry of an order under 11 U.S.C. §107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Patent License Settlement Agreement under seal.

3

Basis For Relief

11.    For the reasons described in the Motion, and in the exercise of their reasonable business judgment, the Debtors have determined that entry into the Settlement is in the Debtors' best interests. Certain aspects of the Settlement, however, notably the terms of the Patent License Settlement Agreement, if known in the automotive industry, could undermine the Debtors' competitive position in the marketplace.

12.    The Patent License Settlement Agreement contains highly sensitive and confidential terms in connection with the relationship between the Debtors and DENSO, including terms related to pricing. Public disclosure of these terms could harm the Debtors and DENSO. In light of the commercially sensitive and highly confidential nature of the subject matter of the Patent License Settlement Agreement, the parties agreed that the Debtors will take reasonable actions to prevent the disclosure of confidential information as they seek approval of the Settlement.

13.    It is impractical to redact the sensitive and confidential portions of the Patent License Settlement Agreement. The confidential portions of the Patent License Settlement Agreement are so extensive and integral to the workings of the agreement that to redact such portions would render the Patent License Settlement Agreement functionally incomprehensible if not inherently misleading. Thus the Debtors seek to file the entire Patent License Settlement Agreement under seal rather than redact the portions that must remain confidential.

14.    Additionally, disclosure of the terms of the Patent License Settlement Agreement filed under seal is not necessary for the protection of the public, creditors of the Debtors, or third parties, because: (a) whether the Debtors may enter into the Settlement is subject to this Court's approval, and (b) the Debtors are prepared

4

to provide complete copies of the Patent License Settlement Agreement to: (i) the United States Trustee; (ii) counsel to the Statutory Committees; and (iii) such other parties as may be directed by the Court.

## Applicable Authority

15.     Bankruptcy Code section 107(b) authorizes Bankruptcy Courts to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information, and provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall. . .
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information . . ..

11 U.S.C. § 107(b).

16.     Bankruptcy Rule 9018 defines the procedures by which a party may seek for relief pursuant to section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information.. . ." Fed. R. Bankr. P. 9018.

17.     Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information. "Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." Id. at 28. The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the

5

information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723n.7 (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

18. Here, there is good cause for the relief requested. The Patent License Settlement Agreement contains sensitive commercial information, the disclosure of which would be harmful to the Debtors and their estates. The confidential information in the Patent License Settlement Agreement qualifies as "commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 because disclosure thereof could prejudice the Debtors' ability to negotiate future licenses with other parties in the industry to the detriment of the Debtors and their estates. Accordingly, this Court is authorized to permit the Debtors to file the Patent License Settlement Agreement with this Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Patent License Settlement Agreement under seal.

19. No prior application for the relief requested herein has been made to this or any other Court.

## Notice Of Application

20. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary. Nevertheless, the Debtors will serve a copy of this Application in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (Docket No. 5418), and the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed.

R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883). The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Patent License Settlement Agreement under seal simultaneously with the Motion.

<u>Memorandum Of Law</u>

21. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Patent License Settlement Agreement under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York
        February 1, 2008

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

 /s/ Neil Berger
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000