**MORITT HOCK HAMROFF & HOROWITZ LLP**
400 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK  11530
PHONE:  (516) 873-2000
LESLIE A. BERKOFF (LB-4584)
lberkoff@moritthock.com

AND

**HAHN LOESER + PARKS LLP**
200 PUBLIC SQUARE, SUITE 3300
CLEVELAND, OHIO 44114-2301
PHONE: (216) 621-0150
MICHAEL P. SHUSTER (MS-0067)
ROCCO I. DEBITETTO (OH # 0073878)
mpshuster@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel to S&Z Tool & Die Co. n/k/a S&Z Metalworks, Ltd.*

HEARING DATE AND TIME: FEBRUARY 21, 2008, AT 10:00 A.M. E.T.

RESPONSE DATE AND TIME: FEBRUARY 4, 2008, AT 4:00 P.M. E.T.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                    Debtors.                :    (Jointly Administered)
---------------------------------------------------------------x

CLE - 1050261.1

**OBJECTION AND RESPONSE OF S&Z TOOL & DIE CO., INC. N/K/A S&Z METALWORKS, LTD. TO (1) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS, AND (2) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

S & Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. ("S&Z"), by and through its undersigned counsel of record, hereby objects and responds (the "Objection and Response") to the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business [Docket No. 12323] (the "Assumption Notice")[1] and the Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of Steering and Halfshaft Business [Docket No. 12324] (the "Cure Notice" and, together with the Assumption Notice, the "Notices"). In further support of its Objection and Response, S&Z respectfully states as follows:

**BACKGROUND**

**General**

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC and certain of Delphi's domestic subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Prior to the applicable petition dates, S&Z and Delphi entered into Purchase Order No. SAG90I5449 (as amended, supplemented or otherwise modified, the "Purchase

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Assumption Notice.

Order"), pursuant to which S&Z agreed to provide various goods and services as required by Delphi pursuant to the terms, and subject to the conditions, set forth more fully therein.

### Assumption Notice

3. Pursuant to the Assumption Notice, Delphi seeks to assume and assign the Purchase Order to Steering Solutions Corporation and certain of its affiliates or such other person(s) or entities that may be the successful bidder on the assets subject to sale pursuant to the Sale Procedures Order (collectively, the "Buyer"). (Assumption Notice, ¶¶ 1-2.) Pursuant to the Cure Notice, Delphi asserts (a) that no more than $0.00 is due and owing on account of pre-petition obligations under the Purchase Order; and (b) that there are no unpaid post-petition obligations due and owing under the Purchase Order. (Cure Notice, ¶ 2 & Ex. 1.)

### Unpaid Obligations Pursuant to Purchase Order

4. Pursuant to the Purchase Order, as of January 31, 2008, there was due and owing post-petition obligations in an amount not less than $5,250.00 (together with such other and further obligations due and owing and to become due and owing under the Purchase Order on a post-petition basis or otherwise, collectively, the "Cure Amount."). *See* Exhibit A (Invoice) attached hereto.

### Notice of Assignee's Obligation to Pay for Inventory on Hand and Advance Purchase Commitments

5. In order to meet timely the demands and requirements for delivery under the Purchase Order, S&Z is required (a) to make significant advance purchases of component parts and raw materials, (b) to continue work in progress, (c) to complete and store finished goods (collectively with (a) and (b), the "Inventory"), and (d) to enter into advance purchase commitments with vendors and suppliers, in order to ensure timely performance pursuant to the Purchase Order (collectively, the "Advance Purchase Commitments"). While not a technical

CLE - 1050261.1

component of any "cure claim," in the event of termination or non-performance pursuant to the Purchase Order, Delphi or any assignee is obligated to pay (among other obligations) for the then-current Inventory and Advance Purchase Commitments pursuant to the terms, and subject to the conditions, of the Purchase order and/or applicable law.

## OBJECTION AND RESPONSE

### Cure of Defaults Under Purchase Order

6. The Purchase Order cannot be assumed and assigned pursuant to the proposed sale of the Steering Business to the Buyer unless the Cure Amount is paid in full at or before closing on such sale ("Closing") in connection with the assumption and assignment of the Purchase Order. 11 U.S.C. § 365(b)(1)(A) & (f)(2)(A). Payment of the Cure Amount, and all components thereof, must be in the form of cash or other immediately available funds payable to S&Z in an amount not less than those forth herein, as adjusted to account for any pre-Closing purchases or payments by the Debtors under the Purchase Order. Absent such protections, the Debtors cannot satisfy the requirements for assumption and assignment of the Purchase Order pursuant to Bankruptcy Code Section 365 and, therefore, the request for assumption and assignment should be denied.

### Adequate Assurance of Future Performance Under Purchase Order

7. In addition to payment in full of the Cure Amount as provided herein, S&Z is also entitled to adequate assurance of the Buyer's future performance under the Purchase Order. 11 U.S.C. § 365(f)(2)(A). *At a minimum*, such assurance includes a good-faith demonstration satisfactory to S&Z in its reasonable discretion that Buyer is willing and financially able to perform under all terms of the Purchase Order (including in respect of the Inventory and Advance Purchase Commitments) on a going-forward basis (collectively "Adequate Assurance of Future Performance"). Such Adequate Assurance of Future Performance in respect of the

CLE - 1050261.1

Buyer must be provided to S&Z; otherwise the Purchase Order cannot be assumed and assigned as proposed by the Debtors.

## MEMORANDUM OF LAW

8.   Because the legal points and authorities upon which S&Z relies for purposes of this Objection and Response are incorporated into this Objection and Response, S&Z respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

9.   S&Z reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to call all necessary or proper witnesses to testify in support of this Objection and Response; and (c) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts involving S&Z including, without limitation, on the grounds that notice of such relief and an opportunity to object thereto was not properly afforded to S&Z.

## CONCLUSION

WHEREFORE, S&Z respectfully requests that the Court enter an Order (a) sustaining this Objection and Response in its entirety and conditioning any assumption and/or the assumption and assignment of the Purchase Order pursuant to the Notices or otherwise on (1) payment in full, in connection with Closing, of the Cure Amount due as of the date of the assumption and assignment of the Purchase Order in cash or other immediately available funds payable to S&Z an amount not less than $5,250.00 as set forth herein; and (2) a demonstration of

CLE - 1050261.1

Adequate Assurance of Future Performance that is satisfactory to S&Z in its reasonable discretion; and (b) providing S&Z with such other and further relief to which it is justly entitled.

Dated: February 1, 2008

Respectfully submitted,

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, New York  11530
Phone:  (516) 873-2000
lberkoff@moritthock.com

AND
/s/ Michael P. Shuster
Michael P. Shuster (MS-0067)
Rocco I. Debitetto (OH # 0073878)
Hahn Loeser + Parks LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
Phone: (216) 621-0150
mpshuster@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel to S&Z Tool & Die Co. n/k/a S&Z Metalworks, Ltd.*