CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**OBJECTION OF MASTER AUTOMATIC, INC.
TO NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION
WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

Master Automatic, Inc. ("Master Automatic"), respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "Debtor") have issued a *Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business* dated January 23, 2008 (the "Cure Notice"). In the Cure Notice, the Debtor identifies two purchase orders issued to Master Automatic that the Debtor wishes to assume and assign (the "Purchase Orders") and identifies the corresponding cure amounts that the Debtor believes are due and owing under each Purchase Order. The Cure Notice also indicates that the Debtor believes it is current on all postpetition obligations under the Purchase Orders.

5552419.1 02213/103399

2. Master Automatic hereby objects to the Cure Notice inasmuch as the cure amounts identified with respect to the Purchase Orders are incorrect. Specifically, with respect to Purchase Order No. SAG90I5571, there is a prepetition balance owed to Master Automatic in the amount of $34,088.68 and a postpetition balance owed to Master Automatic in the amount of $100,974.42, of which approximately $9,193.35 is past-due (the Cure Notice indicates $0.00 owed). With respect to Purchase Order No. SAG90I4412, there is a prepetition balance owed by the Debtor to Master Automatic in the amount of $3,013.76 and a postpetition balance owed in the amount of $15,791.67 (the Cure Notice indicates only $3,013.76 owed). All of the prepetition amounts referenced above are reflected in a timely-filed proof of claim filed by Master Automatic.

3. Master Automatic also objects to the Cure Notice insofar as it will have performed postpetition under the Purchase Orders and accrued work-in-process that, as of the prospective time of assumption and assignment, may not yet have become an account receivable. Master Automatic submits that adequate assurance must be provided to it pursuant to Section 365 of the Bankruptcy Code for the payment of such amounts as they become accounts receivable.

4. Master Automatic further objects to the adequacy and accuracy of the Cure Notice insofar as there are any other pre- or post-petition purchase orders with Master Automatic that are to be assumed and assigned but have not been included in the Cure Notice for any reason.

5552419.1 02213/103399

5. Master Automatic reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: February 1, 2008

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (Mich. Bar No. P48627)
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8572
rgordon@clarkhill.com

Counsel to Master Automatic, Inc.

5552419.1 02213/103399