Hearing Date: February 21, 2008 at 10:00 a.m. (Eastern)
Response Date and Time: February 4, 2008 at 4:00 p.m. (Eastern)

Phillips Lytle LLP
William J. Brown (WB9631)
Angela Z. Miller (AM4473)
437 Madison Avenue, 34th Fl.
New York, New York  10022
Telephone:  (212) 759-4888
  and
3400 HSBC Center
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

*Attorneys for E.I. du Pont de Nemours and Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         )    Chapter 11
                                                               )
DELPHI CORPORATION, et al.,                                    )    Case No. 05-44481 (RDD)
                                                               )
                    Debtors.                                   )    (Jointly Administered)
                                                               )
---------------------------------------------------------------x

**OBJECTION OF E.I. DU PONT DE NEMOURS AND COMPANY
TO DEBTORS' NOTICE OF ASSUMPTION AND/OR ASSIGNMENT
OF EXECUTORY CONTRACT OR UNEXPIRED LEASE  TO BUYERS
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

E.I. du Pont de Nemours and Company ("DuPont") by its attorneys, Phillips Lytle LLP, files this objection (the "Objection") to the Debtors' Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in connection with Sale of Steering and Halfshaft Business dated January 23, 2008 (the "Notice").  As set forth below DuPont objects to the Selling Debtor Entities (as defined in the Notice) proposed assumption and assignment of

Purchase Order Number SAG90I0737 (the "Purchase Order"). In support of this Objection, DuPont respectfully states as follows:

**PROOFS OF CLAIM**

1.    On October 8, 2005 (the "Petition Date"), Delphi Corporation ("Debtor") and numerous related entities (collectively with the Debtor, the "Debtors") filed voluntary petitions initiating chapter 11 bankruptcy cases now jointly administered as captioned above.

2.    On January 23, 2008, the Selling Debtor Entities allegedly sent the Notice to DuPont, wherein the Selling Debtor Entities state their intent to assume and assign the Purchase Order. The Notice provides that the deadline for objections to the Notice is 10 days after the date of the Notice, or (accounting for the weekend) February 4, 2008. The Notice makes no mention of any cure of arrearages, does not identify other purchase orders or contracts that are part of the same relationship between DuPont and the Selling Debtor Entities, does not reference pending claims objections that involve the Purchase Order, and does not describe the proposed assignee to any extent.

3.    On July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $172,287.79 in the Delphi Connection Systems ("Delphi Connection Systems") case No. 05-44624 which is identified by the Debtors as claim 10598 ("Claim 10598").

4.    In addition, on July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $123,481.26 in the Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic") case No. 05-44567 which is identified by the Debtors as claim 10596 ("Claim 10596").

5.    Also on July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $2,419,203.01 in the Delphi Automotive Systems LLC ("Delphi Automotive

Systems") case No. 05-44640 which is identified by the Debtors as claim 10597 ("Claim 10597").

6.      On June 15, 2007, Debtors filed the Seventeenth Omnibus Objection to Claim 10597.

7.      On November 19, 2007, Debtors filed the Twenty-Third Omnibus Objection to Claims 10598 and 10596.

8.      The Debtors and DuPont have been in constant negotiations regarding the Seventeenth and Twenty-Third Omnibus Objections and have reached resolution subject to definitive documentation.

9.      The Notice, however, seeks to assume the Purchase Order without any explanation as to how this can be reconciled with the soon-to-be-allowed claims or any mention of cure of arrearages. The amount of pre-petition arrearage owed pursuant to the Purchase Order is currently being evaluated by DuPont.

10.     In addition, attached as Exhibit A is a copy of a statement summarizing the post-petition amounts due by Debtors to DuPont ($345,670.97) pursuant to the Purchase Order.

11.     The Notice provides no details as to assumption, assignment or cure, and given the procedural posture of the claim allowances, DuPont objects to the Notice for the reasons set forth below.

## OBJECTIONS

12.     DuPont objects to the Notice on each of the following grounds:

   A.     The Purchase Order cannot be assumed without assumption of all related purchase orders and the contract that are part of the same relationship and executory contract. "A contract assumed in bankruptcy is accompanied by all its provisions, and

conditions. It may not be assumed in part and rejected in part." *In re Nitec Paper Corp.*, 43 B.R. 492, 498 (S.D.N.Y. 1984); *In re Atlantic Computer Systems, Inc.*, 173 B.R. 844 (S.D.N.Y. 1994).

   B. The Purchase Order cannot be assumed without concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure prepetition defaults as a precondition of assuming an executory contract." *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002). Those arrearages are not identified in the Notice, and the Notice provides no indication that the Selling Debtor Entities intend to make the requisite cure.

   C. The Purchase Order cannot be assumed or assigned without an adequate showing of future performance. 11 U.S.C. § 365(b)(1). *In re Luce Industries, Inc.*, 14 B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform). None has been provided in the Notice, and the proposed assignee may not yet even be known, much less is its ability to perform established.

13. DuPont reserves its right to amend this Objection to include any additional facts as may be determined by its further investigation of the Notice and Purchase Order.

14. Any reply to this Objection should be served upon Phillips Lytle LLP, 3400 HSBC Center, Buffalo, New York 14203, Attn: William J. Brown, Esq.

WHEREFORE, DuPont respectfully request that its Objection to the Notice be sustained and that the Selling Debtor Entities be prohibited from assuming and/or assigning the Purchase Order as set forth herein.

Dated: February 1, 2008
       Buffalo, New York

                          PHILLIPS LYTLE LLP

                          By   /s/ Angela Z. Miller
                              William J. Brown (WB9631)
                              Angela Z. Miller (AM4473)
                        437 Madison Avenue, 34th Floor
                        New York, NY  10022
                        Telephone No. (212) 759-4888
                          and
                        3400 HSBC Center
                        Buffalo, New York  14203
                        Telephone No. (716) 847-8400
                        Fax (716) 852-6100

                        Attorneys for E.I. DuPont de Nemours and Company

AZMen
Doc # 01-1718619.1