| | |
|---|---|
| **MORITT HOCK HAMROFF & HOROWITZ LLP**<br>400 GARDEN CITY PLAZA<br>GARDEN CITY, NEW YORK  11530<br>PHONE:  (516) 873-2000<br>LESLIE A. BERKOFF (LB-4584)<br>lberkoff@moritthock.com | **HEARING DATE AND TIME: FEBRUARY 21, 2008, AT 10:00 A.M. E.T.**<br><br>**RESPONSE DATE AND TIME: FEBRUARY 4, 2008, AT 4:00 P.M. E.T.** |

AND

**HAHN LOESER + PARKS LLP**
200 PUBLIC SQUARE, SUITE 3300
CLEVELAND, OHIO 44114-2301
PHONE: (216) 621-0150
DANIEL A. DEMARCO (OH # 0038920)
ROCCO I. DEBITETTO (OH # 0073878)
dademarco@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel for Robin Industries, Inc.*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re: : Chapter 11
: 
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
: 
Debtors. : (Jointly Administered)
-------------------------------------------------------------x

**OBJECTION AND RESPONSE OF ROBIN INDUSTRIES, INC. TO (1) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS, AND (2) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

Robin Industries, Inc. ("Robin"), by and through its undersigned counsel of record, hereby objects and responds (the "Objection and Response") to the Notice of Assumption and/or

CLE - 1050219.2

Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business [Docket No. 12323] (the "Assumption Notice")[1] and the Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of Steering and Halfshaft Business [Docket No. 12324] (the "Cure Notice" and, together with the Assumption Notice, the "Notices"). In further support of its Objection and Response, Robin respectfully states as follows:

## BACKGROUND

### General

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC and certain of Delphi's domestic subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Prior to the applicable petition dates, Robin and Delphi entered into Purchase Order No. SAG90I2523 dated on or about July 1, 1996 (as amended, supplemented or otherwise modified, the "Purchase Order"). The Purchase Order in effect functions as a requirements contract, pursuant to which Robin agreed to provide various goods and services as required by Delphi pursuant to the terms, and subject to the conditions, set forth more fully therein.

3. On or about August 9, 2006, Robin filed Proof of Claim No. 14265, in an amount not less than $45,152.38, requesting payment of obligations owed pursuant, among other things, to the Purchase Order (the "Claim").[2] The Claim was subject to the Debtors' Twenty-Third

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Assumption Notice.

[2] The Claim, which was filed for record, may be obtained by contacting the Debtors' claims agent, Kurtzman Carson Consultants. Robin hereby incorporates the Claim and all attachments and exhibits thereto by reference herein.

CLE - 1050219.2

Omnibus Claim Objection[3] and thereafter reduced and deemed allowed at the amount of $34,892.38 ($4,266.38 of which was afforded priority status) pursuant to the Twenty-Third Omnibus Claims Objection Order.[4]

### Assumption Notice

4. Pursuant to the Assumption Notice, Delphi seeks to assume and assign the Purchase Order to Steering Solutions Corporation and certain of its affiliates or such other person(s) or entities that may be the successful bidder on the assets subject to sale pursuant to the Sale Procedures Order (collectively, the "Buyer"). (Assumption Notice, ¶¶ 1-2.) Pursuant to the Cure Notice, Delphi asserts (a) that no more than $9,615.00 is due and owing on account of pre-petition obligations under the Purchase Order; and (b) that there are no unpaid post-petition obligations due and owing under the Purchase Order. (Cure Notice, ¶ 2 & Ex. 1.) As demonstrated below, both assertions are incorrect.

5. Notwithstanding the assignment of the Claim to Silver Point, Robin is a proper party to this contested matter because, among other things, of unpaid *post-petition* obligations due and owing to Robin pursuant to the Purchase Order which, along with unpaid pre-petition obligations, must be paid in full before the Purchase Order may be assumed and assigned as

---

Subsequent to the filing of the Claim, Robin transferred the Claim to SPCP Group, L.L.C. as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point").

[3] "Twenty-Third Omnibus Claim Objection" means and refers to Debtors' Twenty-Third Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected on Debtors' Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order [Docket No. 10982].

[4] "Twenty Third Omnibus Claims Objection Order" means and refers to the Order Disallowing and Expunging (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (C) Certain Claims not Reflected on Debtors' Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order Identified in Twenty-Third Omnibus Claims Objection [Docket No. 11560].

proposed by the Debtors. Further, to the extent that the Notices affect the nature, extent, validity, or priority of the Claim, Robin will defend the Claim, with notice to Silver Point.

### Unpaid Obligations Pursuant to Purchase Order

6.      Pursuant to the Purchase Order, as of January 31, 2008, there was due and owing an amount not less than $25,640.00 (together with such other and further obligations due and owing and to become due and owing under the Purchase Order on a post-petition basis or otherwise, collectively, the "Cure Amount"). The Cure Amount (containing pre- and post-petition obligations), itemized on a category-by-category and payee-by-payee basis, is as follows:

| **Category** | **Amount (Not Less Than)** | **Proper Payee/Address** | **Supporting Detail** |
|---|---|---|---|
| Unpaid Pre-Petition Obligations as of 1/31/08 | $12,820.00 | **Robin Industries, Inc., Cleveland Division**, 1265 W. 65th St., Cleveland, OH 44102 | Exhibit A |
| Unpaid Post-Petition Obligations as of 1/31/08 | $12,820.00 | **Robin Industries, Inc., Cleveland Division**, 1265 W. 65th St., Cleveland, OH 44102 | Exhibit B |
| Ongoing Obligations | Amount to be Determined | **Robin Industries, Inc., Cleveland Division**, 1265 W. 65th St., Cleveland, OH 44102 | N/A |
| **Total** | **Not less than $25,640.00** | | |

### Notice of Assignee's Obligation to Pay for Inventory on Hand and Advance Purchase Commitments

7.      In order to meet timely the demands and requirements for delivery under the Purchase Order, Robin is required (a) to make significant advance purchases of component parts and raw materials, (b) to continue work in progress, (c) to complete and store finished goods

CLE - 1050219.2

(collectively with (a) and (b), the "Inventory"), and (d) to enter into advance purchase commitments with vendors and suppliers for up to an approximate ten (10) week period at any given time, in order to ensure timely performance pursuant to the Purchase Order (collectively, the "Advance Purchase Commitments"). While not calculated in this re-cap of the Cure Amount, in the event of termination or non-performance pursuant to the Purchase Order, Delphi or any assignee is obligated to pay (among other obligations) for the then-current Inventory and Advance Purchase Commitments pursuant to the terms, and subject to the conditions, of the Purchase order and/or applicable law.

**OBJECTION AND RESPONSE**

8.  Bankruptcy Code Section 365 provides, in pertinent part:

>  (a) . . . [S]ubject to the court's approval, [a debtor-in-possession] may assume or reject any executory contract or unexpired lease of the debtor.
>
>  (b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor-in-possession]—
>
>>  (A) cures, or provides adequate assurance that the [debtor-in-possession] will promptly cure, such default;
>>
>>  (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>>  (C) provides adequate assurance of future performance under such contract or lease.
>
>  * * *
>
>  (f) . . . (2) The [debtor-in-possession] may assign an executory contract or unexpired lease of the debtor only if—

CLE - 1050219.2

      (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

      (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(a)-(b)(1) & (2).

### Cure of Defaults Under Purchase Order

9.    The Purchase Order cannot be assumed and assigned pursuant to the proposed sale of the Steering Business to the Buyer unless the Cure Amount is paid in full at or before closing on such sale (the "Closing") in connection with the assumption and assignment of the Purchase Order. 11 U.S.C. § 365(b)(1)(A) & (f)(2)(A). Payment of the Cure Amount, and all components thereof, must be in the form of cash or other immediately available funds payable to Robin in amounts not less than those forth herein, as adjusted to account for any pre-Closing purchases or payments by the Debtors under the Purchase Order. Absent such protections, the Debtors cannot satisfy the requirements for assumption and assignment of the Purchase Order pursuant to Bankruptcy Code Section 365 and, therefore, the request for assumption and assignment should be denied.

### Adequate Assurance of Future Performance Under Purchase Order

10.    In addition to payment in full of the Cure Amount as provided herein, Robin is also entitled to adequate assurance of the Buyer's future performance under the Purchase Order. 11 U.S.C. § 365(f)(2)(A). *At a minimum*, such assurance includes a good-faith demonstration satisfactory to Robin in its sole discretion that Buyer is willing and financially able to perform under all terms of the Purchase Order (including in respect of the Inventory and Advance Purchase Commitments) on a going-forward basis (collectively "Adequate Assurance of Future

CLE - 1050219.2

Performance"). Such Adequate Assurance of Future Performance in respect of the Buyer must be provided to Robin; otherwise the Purchase Order cannot be assumed and assigned as proposed by the Debtors.

## MEMORANDUM OF LAW

11.     Because the legal points and authorities upon which Robin relies for purposes of this Objection and Response are incorporated into this Objection and Response, Robin respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

12.     Robin reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to call all necessary or proper witnesses to testify in support of this Objection and Response; and (c) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts involving Robin including, without limitation, on the grounds that notice of such relief and an opportunity to object thereto was not properly afforded to Robin.

## CONCLUSION

WHEREFORE, Robin respectfully requests that the Court enter an Order (a) sustaining this Objection and Response in its entirety and conditioning any assumption and/or assumption and assignment of the Purchase Order pursuant to the Notices or otherwise on (1) payment in full, at or before the Closing, of the Cure Amount due as of the date of the assumption and assignment of the Purchase Order in cash or other immediately available funds payable to Robin in an amount not less than $25,640.00 as set forth herein; and (2) a demonstration of Adequate

CLE - 1050219.2

Assurance of Future Performance that is satisfactory to Robin in its sole discretion; and (b) providing Robin with such other and further relief to which it is justly entitled.

Dated: February 1, 2008

Respectfully submitted,

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, New York  11530
Phone:  (516) 873-2000
lberkoff@moritthock.com

AND

Daniel A. DeMarco (OH # 0038920)
Rocco I. Debitetto (OH # 0073878)
Hahn Loeser + Parks LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
Phone: (216) 621-0150
dademarco@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel for Robin Industries, Inc.*

CLE - 1050219.2