WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615)244-6380
(615) 244-6804 (fax)
David E. Lemke, Esq. (TN BPR # 13586) *Pro Hac Vice*
David.Lemke@wallerlaw.com
Robert J. Welhoelter, Esq. (RW 8830), *Pro Hac Vice*
Robert.Welhoelter@wallerlaw.com

*Attorneys for Nissan North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                    :
                                          :
**DELPHI CORPORATION, et al.,**           :    **Chapter 11**
                                          :    **Case No. 05-44481-RDD**
    Debtors.                              :    **Jointly Administered**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE OF NISSAN NORTH AMERICA, INC. TO DEBTORS' NOTICE OF
ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES TO BUYERS IN CONNECTION
WITH SALE OF STEERING AND HALFSHAFT BUSINESS AND TO
<u>PROPOSED CURE AMOUNTS IN CONNECTION THERETO</u>**

Nissan North America, Inc. ("<u>NNA</u>"), on behalf of itself and certain related entities ("<u>Nissan</u>"), hereby responds to the Debtors' (i) Notices of Assumption and/or Assignment of Executory Contract and Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (the "<u>Assumption Notices</u>"), and (ii) Notices of Cure Amount with Respect to Executory Contract and Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (the "<u>Cure Notices</u>", and together with the Assumption Notices, the "<u>Sale Notices</u>").

      1.      Nissan has only recently become aware of the Sale Notices, as it appears that hard copies of the Sale Notices were sent to various locations. Given the quick turnaround

to review and interpret the Sale Notices, Nissan is forced to make this protective filing, as there was insufficient time to reconcile the Sale Notices with internal records.  In addition, Nissan notes that one of the service locations was in Japan, where it is inconceivable that the Sale Notices could be received and routed to the decision-makers in time for a complete and substantive response.

2. The Sale Notices identify the following purported executory contracts (the "Contracts") for assumption and/or assignment to the Buyers (as defined in the Sale Notices), with applicable proposed cure amounts noted:

| **Debtor Entity** | **Nissan Counterparty** | **Purported Executory Contract** | **Proposed Cure Amount** |
|---|---|---|---|
| None indicated | Nissan Logistics Center (a shipping location for NNA) | Purchase Order Numbers:<br><br>B00LRBJ, B00LRBK, B00LRBL, B00LRBM, B00LRBN, B00MI9J, B00N9V3, B00N9V4, B00N9V5, B00N9V6, B00N9V7, B00N9V8, B00N9V9, B00N9VA, B00N9VB, B00O16O, B00O16P, B00PCYT, B00PCYU, B00PCYV, B00QA39, B00QA3A, B00QA3B, B00QA3C, B00QA3D, B00QA3E, FORECAST-C | Cure Notice not filed or received |
| Delphi Automotive Systems, LLC | Nissan Motor Co. Ltd. | Confidentiality Agreement between Nissan Motor Co., Ltd and Delphi Automotive Systems LLC dated October 27, 2004 | $0.00 |
| None indicated | Nissan Motor Manufacturing (predecessor | Purchase Order Numbers:<br><br>5002080011, 5002080022, 5002080023, 5002090011, | Cure Notice not filed or received |

1900073.1                                  2

|  | in interest to NNA) | 5002090012, 5002090021, 5002090022, 5002090023, 50020A0011, 50020A0012, 50020A0013, 50020A0021, 50020B0011, 50020C0011, 6654090022 |  |
|---|---|---|---|
| None indicated | Nissan Motor Manufacturing (predecessor in interest to NNA) | Purchase Order Numbers: 731090023, SP5002 | $0.00 |
| Delphi Automotive Systems LLC | NNA | Confidential Non-Disclosure Agreement between Nissan North America, Inc. and Delphi Automotive Systems LLC dated May 17, 2007 | Cure Notice not filed or received |

3.     Initially, Nissan objects to assumption and/or assignment of those Contracts for which only an Assumption Notice has thus far been received. Nissan cannot be expected to review and respond to a proposed cure amount until it has received a Cure Notice containing such information.

4.     In addition, Nissan is unable to identify which agreement or contracts are intended to be described by the identifying numbers used by the Debtors in the Sale Notices, as the Sale Notices do not provide the date of the purported executory contract, the title or subject matter of such contracts, or any other information beyond an identifying number that appears to be an internal notation for the Debtors' use. Accordingly, Nissan objects to the failure to propose cure amounts for the purported executory contracts identified by "Purchase Order Number."

5.     To the extent that the Debtors may allege that any of the above-listed Contracts are postpetition agreements simply being assigned and not subject to cure, Nissan files

this objection out of an abundance of caution so as to preserve Nissan's rights while such allegation may be reconciled and verified. In addition, without date references for the Contracts or the ability to identify the Contracts, Nissan is unable to determine whether a substantive objection is warranted.

6.  Moreover, the Assumption Notices do not include that certain Master Purchase Agreement, dated as of June 14, 2004 (the "MPA"), by and between the Sellers (as defined in the Sale Notices) and NNA, which governs the production relationship between NNA and the Sellers. To the extent that the Buyers are seeking to continue production of NNA parts, NNA requires that the Debtors assume the MPA and all obligations thereunder, including without limitation warranty and other obligations and assign said MPA to the Buyers.

7.  In addition, Nissan objects to the purported assumption of the two Confidentiality Agreements noted above between Delphi Automotive Systems and Nissan Motor Company Ltd. and NNA, respectively, on the grounds that it is unclear whether Delphi Automotive Systems can give adequate assurances that the Buyers will maintain the confidential nature of the information received by Delphi Automotive Systems pursuant to the alleged Confidentiality Agreements.

8.  Nissan requests that the Sellers be required, in connection with their proposed assumption and/or assignment of the Contracts, to provide to the relevant Nissan entity, Cure Notices for each affected Contract, together with sufficient additional information to permit Nissan to identify such Contracts, or such other information indicating why a Cure Notice is not warranted with respect to such Contracts, together with sufficient additional information to permit Nissan to identify such Contracts.

9.  Nissan hereby reserves any and all rights with respect to the Contracts,

including without limitation their assumption, assignment, or cure.  In addition, Nissan hopes to engage in discussions with the Sellers regarding the full scope of agreements that will ultimately be assumed and/or assigned, together with any applicable cure amounts to the ultimate purchasers of the steering and halfshaft business.

Dated:  February 1, 2008

Respectfully submitted:

**Waller Lansden Dortch & Davis, LLP**

/s/ Robert J. Welhoelter
David E. Lemke, Esq. (TN 13586) *Pro Hac Vice*
Robert J. Welhoelter, Esq. (RW 8830), *Pro Hac Vice*
511 Union St., Suite 2700
Nashville, TN  37219-8966
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: David.Lemke@WallerLaw.com
Email: Robert.Welhoelter@wallerlaw.com

**Attorneys for Nissan North America, Inc.**

## *CERTIFICATE OF SERVICE*

In accordance with Local Bankruptcy Rule 9078-1, the undersigned certifies that on February 1, 2008 a true and correct copy of the preceding pleading was served upon the parties via the Court's CM/ECF noticing system and upon the parties listed below by overnight courier (Saturday delivery):

| | |
|---|---|
| Honorable Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court<br>For the Southern District of New York<br>One Bowling Green, Room 610<br>New York, NY  10004 | Delphi Automotive Systems LLC<br>Attn: Legal Staff<br>5725 Delphi Drive<br>Troy, MI  48098 |
| Delphi Corporation<br>Attn: Deputy General Counsel, Transactional & Restructuring<br>5725 Delphi Drive<br>Troy, MI  48098 | John K. Lyons<br>Ron E. Meisler<br>Brian M. Fern<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL  60606 |
| Donald Bernstein<br>Brian Resnick)<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY  10017 | Robert J. Rosenberg<br>Mark A. Broude<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY  10022 |
| Bonnie Steingart<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | Richard L. Wynne<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA  90017 |
| Office of the United States Trustee for the Southern District of New York<br>Attn: Alicia M. Leonhard<br>33 Whitehall Street, Suite 2100<br>New York, NY  10004 | |

/s/ Robert J. Welhoelter