BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592
Attorneys for Lear Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

                                                    Chapter 11

DELPHI CORPORATION, et al.,

                                                    Case No. 05-44481 (RDD)

         Debtors.                                   (Jointly Administered)

**OBJECTION BY LEAR CORPORATION TO DEBTORS' (I) NOTICE OF CURE
AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE
TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF
STEERING AND HALFSHAFT BUSINESS, (II) NOTICE OF ASSUMPTION AND/OR
ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS AND
(III) MOTION FOR SALE OF STEERING AND HALFSHAFT BUSINESS**

Lear Corporation. ("Lear") objects to the Debtors' (I) Notice of Cure Amount with

Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection

with the Sale of Interiors and Closures Business ("Cure Notice") [Docket #12324], and (II)

Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers

in Connection with Sale of Steering and Halfshaft Business ("Assumption Notice") [Docket

#12323] and (III) Motion for Sale of its Steering and Halfshaft Business ("Motion") [Docket

#11390].  In support of its objection Lear states as follows:

**<u>Introduction</u>**

1.       Lear files this objection because:

(a)     the proposed cure amounts listed by Debtors for the Contracts (defined below) may be incorrect; and

(b)     no proposed purchaser under the Motion has given Lear adequate assurance that it will be able to perform its duties under the Contracts.

### **Background**

2.      On December 10, 2007, Debtors filed the Motion, which requests an order approving, *inter alia*, the assumption and assignment of certain executory contracts and unexpired leases related to Delphi's Steering and Halfshaft Business.

3.      In the Motion, Debtors seek authority under Section 365 of the Bankruptcy Code to assume and assign certain contracts to Steering Solutions, Inc. ("Steering Solutions") or any other successful bidder.

4.      On January 23, 2008, Debtors filed the Cure Notice and Assumption Notice.

5.      The Cure Notices and Assumption Notices (attached as Exhibit A) identify the purchase orders that Debtors seek to assume and assign (collectively, "Contracts") and propose a cure amount of $0.

### **Argument**

6.      Section 365(b)(1) of the Bankruptcy Code provides that "if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption … the trustee (A) cures … such default." Lear has not yet identified the status of the Contracts and has not determined whether

Detroit_823833_3

any cure amounts are due and owing.  Lear reserves all rights with respect to the existence of cure amounts owing under the Contracts.

7.    Debtors seek to assign to the purchaser their accounts payable relating to the Contracts.  Any order approving the assumption and assignment should provide that Debtors are going to remain liable for the accounts payable related to the Contracts arising before the sale closing but which will not be due until after the sale closing ("Debtors Pre-Assignment Accounts Payable").

8.    Before Lear enters into business relationships with suppliers, Lear requires that its prospective suppliers meet certain qualifications ("Lear Qualifications").  Neither Steering Solutions nor any other prospective purchaser demonstrated to Lear that it meets the Lear Qualifications.  Under Section 365(f)(2)(B) of the Bankruptcy Code, Debtors may assign an executory contract only if  "adequate assurance of future performance by the assignee of such contract … is provided."  Also, Steering Solutions, or any other purchaser under the Motion must be demonstrate its ability to pay the Debtors Pre-Assignment Accounts Payable.  Neither Steering Solutions nor any other prospective purchaser has provided Lear with adequate assurance of future performance of the Contracts.

9.    Because Lear has not yet completed its review of the contracts, it does not concede that all of the Contracts are executory.  Until Lear is able to determine that the Contracts are executory contracts, it objects to the proposed assumption and assignment.

10.    Because the legal points and authorities upon which this objection relies are incorporated and do not represent novel theories of law, Lear requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Detroit_823833_3

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## **RELIEF REQUESTED**

Lear requests that the Court condition the assumption and assignment of the Contracts to Steering Solutions, or any other prospective purchaser, upon payment of the correct cure amount, if any, and upon any proposed purchaser's proof of adequate assurance of future performance of the Contracts.

BODMAN LLP


By:____/s/ Ralph E. McDowell_____
        Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 259-7777
Facsimile: (313) 393-7579
*rmcdowell@bodmanllp.com*

Attorneys for Lear Corporation

February 4, 2008

Detroit_823833_3

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ***Objection by Lear Corporation to Debtors' (I) Notice Of Cure Amount With Respect to Executory Contract Or Unexpired Lease to be Assumed and Assigned in Connection With the Sale of Steering and Halfshaft Business, (II) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection With Sale of Steering and Halfshaft Business, and (III) Motion for Sale of Steering and Halfshaft Business*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Automotive Systems LLC
5725 Delphi Drive
(Attn: Legal Staff)
Troy, Michigan 48098

Delphi Corporation
5725 Delphi Drive
(Attn: Deputy General Counsel, Transactional & Restructuring)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John K. Lyons, Ron E. Meisler, Brian M. Fern)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

Kirkland & Ellis LLP
777 South Figueroa Street
(Attn: Richard L. Wynne)
Los Angeles, California  90017

Detroit_823833_3

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Alicia M. Leonhard)

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

/s/  Ralph E. McDowell

Dated:  February 4, 2008                                 Ralph E. McDowell

Detroit_823833_3