**Hearing Date & Time: February 21, 2008 at 10:00 a.m.**

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, NY 10281
Tel: (212) 912-7400
Jonathan D. Forstot (JF/5807)
Louis A. Curcio (LC/0242)

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: (704) 377-8346
David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for BI Technologies Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE AND OBJECTION OF BI TECHNOLOGIES CORPORATION TO
(I) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH
SALE OF STEERING AND HALFSHAFT BUSINESS; AND (II) DEBTORS'
NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN
CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

BI Technologies Corporation ("BI Technologies"), through its undersigned counsel, hereby submits this Response and Objection to the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (Docket No. 12323; the "Assumption Notice") and the Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned

in Connection With Sale of Steering and Halfshaft Business (Docket No. 12324; the "Cure Notice" and, together with the Assumption Notice, the "Notices"). In support thereof, BI Technologies respectfully represents as follows:

## BACKGROUND

1.  On October 8 and 14, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.  Prior to the Petition Date, BI Technologies and Delphi entered into Purchase Order No. SAG9014995 (as amended, the "Purchase Order"), which functions as a requirements contract under which BI Technologies has supplied and continues to supply Delphi with goods and services. A copy of the Purchase Order has not been attached to this Response and Objection, but has been provided to the Debtors' counsel.

3.  On or about October 13, 2005, BI Technologies made a reclamation demand on the Debtors. Thereafter, BI Technologies consented to the Debtors' determination, subject to certain reserved defenses, that BI Technologies would have a Reconciled Reclamation Amount (as defined in the Amended Final Order Pursuant To 11 U.S.C. §§ 362, 503 And 546 And Fed. R. Bankr. Pro. 9019 Establishing Procedures For Treatment Of Reclamation Claims entered by the Court on November 4, 2005 (Docket No. 881) (the "Amended Final Reclamation Order")) in the amount of $6,210.00.

4.  On June 22, 2006, BI Technologies filed a proof of claim against Delphi Automotive Systems, LLC, one of the Debtors, which claim was designated by the Debtors as Claim No. 8372 (the "Claim"). A copy of the Claim is attached hereto as Exhibit A.

5.  As more particularly set forth in the Claim attached as Exhibit A, BI Technologies asserted a claim against Delphi Automotive Systems, LLC for product manufactured for and

delivered to the Debtor and for related charges in the total amount of $788,628.25, which balance was comprised of (a) a general unsecured claim in the amount of $782,418.25 (the "Unsecured Claim") and (b) a claim having administrative expense priority status under §§ 503 and 507(a)(2) of the Bankruptcy Code in the amount of $6,210.00 representing the Reconciled Reclamation Amount as that term is defined in the Amended Final Reclamation Order (the "Priority Claim"). Of the Unsecured Claim, the sum of $189,736.75 was for amounts outstanding as of the Petition Date under the Purchase Order.

6.    Relevant to the issues arising under the Notices now before the Court, on or about December 18, 2006, BI Technologies sold virtually all of its Unsecured Claim (the "Transferred Unsecured Claim") to TPG Credit Opportunities Fund L.P. and TPG Credit Opportunities Investors L.P. (collectively, the "Transferees"), but retained $.25 of its Unsecured Claim (the "Retained Unsecured Claim").

7.    On or about May 22, 2007, the Debtors filed the Fifteenth Omnibus Claims Objection in which they sought to reduce and modify the Claim as set forth in the Fifteenth Omnibus Claims Objection. BI Technologies responded to the Fifteenth Omnibus Claims Objection on June 19, 2007. (Docket No. 8323; the "Response".)[1] The Debtors, BI Technologies and the Transferees have reached an agreement to resolve the Fifteenth Omnibus Claims Objection, and BI Technologies and the Transferees are awaiting final documentation from Delphi.

8.    In connection with the Debtors' plan of reorganization and as discussed in the Cure Notice, the Debtors served BI Technologies with a "Plan Cure Notice" relating to the

---

[1]    As a result of the Fifteenth Omnibus Claims Objection, the Transferees exercised their right to re-transfer that portion of the Transferred Unsecured Claim back to BI Technologies that the Debtors object to in their Fifteenth Omnibus Claims Objection. BI Technologies now owns that portion of the Transferred Unsecured Claim, which is hereinafter referred to as the Retained Unsecured Claim.

3

Purchase Order in which the Debtors asserted that the amount outstanding under the Purchase Order as of the Petition Date was $167,743.50. BI Technologies timely returned such Plan Cure Notice to the Debtors' claims agent, indicating its objection to the amount set forth in the Plan Cure Notice.

9. On January 23, 2008, the Debtors filed the Notices: (i) identifying "Steering Solutions Corporation and certain of its affiliates" (or another, unidentified "Successful Bidder") as the potential assignee of the Debtors' executory contracts, including the Purchase Order; (ii) proposing to cure prepetition defaults under the Purchase Order by paying BI Technologies an alleged "Cure Amount" of $167,743.50; and (iii) claiming that, according to the Debtors' records, "all postpetition amounts owing under the Pre-Petition Contracts have been paid and will continue to be paid until the assumption and assignment of the Pre-Petition Contracts . . . ."

## RESPONSE AND OBJECTION

10. Under Section 365 of the Bankruptcy Code, the Debtors may not assume or assign the Purchase Order unless the Debtors: (i) cure (or provide adequate assurance of prompt cure of) all defaults under the Purchase Order; (ii) compensate (or provide adequate assurance of prompt compensation to) BI Technologies for any actual pecuniary loss arising from such defaults; and (iii) provide adequate assurance of future performance. *See* 11 U.S.C. § 365(a), (f).

11. Accordingly, BI Technologies objects to the assumption and assignment of the Purchase Order until adequate assurance of future performance of the assignee (whether Steering Solutions Corporation, its affiliates or some other "Successful Bidder") is provided within the meaning of Section 365 of the Bankruptcy Code, as required by Sections 365(b)(1)(C) and 365(f)(2)(B). At a minimum, such assurance includes a good-faith demonstration satisfactory to

4

BI Technologies that the ultimate assignee is willing and financially able to perform under all terms of the Purchase Order on a going-forward basis.

12.     BI Technologies further objects to the assumption and assignment of the Purchase Order unless the Debtors fulfill their obligations under Section 365(b)(1)(A) by curing, or providing adequate assurance of the prompt cure of, all prepetition and post-petition monetary defaults under the Purchase Order. Here, the Debtors propose to pay BI Technologies a Cure Amount of only $167,743.50. As set forth above, the actual amount outstanding under the Purchase Order as of the Petition Date is not less than $189,736.75, and BI Technologies is owed additional amounts under the Purchase Order (and other purchase orders) for goods and services provided to the Debtors after the Petition Date.

13.     BI Technologies further objects to the assumption and assignment of the Purchase Order unless the Debtors fulfill their obligations under Section 365(b)(1)(B) by compensating BI Technologies for its pecuniary losses as a result of the Debtors' defaults under the Purchase Order.

## WAIVER OF MEMORANDUM OF LAW

14.     Based upon the citations to authority contained in this Response and Objection and because no novel issues of law are raised, BI Technologies respectfully requests that the Court waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

15.     BI Technologies reserves the right to: (a) amend, supplement, or otherwise modify this Response and Objection and all attachments and exhibits hereto as necessary or

proper; and (b) raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts involving BI Technologies including, without limitation, on the grounds that notice of such relief and an opportunity to object thereto was not properly afforded to BI Technologies.

## CONCLUSION

WHEREFORE, BI Technologies respectfully requests that the Court enter an Order: (a) sustaining this Response and Objection in its entirety or conditioning any assumption and/or assumption and assignment of the Purchase Order pursuant to the Notices or otherwise on (1) payment in cash of no less than $189,736.75 plus all post-petition amounts outstanding under the Purchase Order as of the date of any assumption and assignment, plus any other actual pecuniary losses suffered by BI Technologies, and (2) a demonstration of adequate assurance of future performance that is satisfactory to BI Technologies; and (b) providing BI Technologies with such other and further relief as is just and proper.

Dated: New York, New York
      February 4, 2007.

THACHER PROFFITT & WOOD LLP

By:  /s/ Louis A. Curcio
     Jonathan D. Forstot (JF/5807)
     Louis A. Curcio (LC/0242)

Two World Financial Center
New York, NY 10281
Tel: (212) 912-7400

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: (704) 377-8346

David M. Schilli (NC Bar No. 17989)
*Admitted Pro Hac Vice*

*Attorneys for BI Technologies Corp.*

# EXHIBIT A

05-44481-rdd    Doc 12477    Filed 02/04/08    Entered 02/04/08 14:25:31    Main Document
Pg 8 of 16

EXHIBIT A

☐ Date Stamped Copy Returned
☒ No self addressed stamped envelope
☒ No copy to return

# 8372

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Delphi Automotive Systems, LLC | Case Number: 05-44640 | Claim #08372 USBC SDNY Delphi Corporation, et al. 05-44481 (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
BI Technologies Corporation

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Name and address where notices should be sent:**
David M. Schilli
Robinson, Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone number: 704-377-2536

Received
JUN 23 2006
Kurtzman Carson

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
☒ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS#: _____
Unpaid compensation for services performed
from _____ to _____
    (date)        (date)

**2. Date debt was incurred:** Various (see attached)

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $ 782,418.25**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $6,210.00
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(2). (see attached)

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Total Amount of Claim at Time Case Filed:** $782,418.25    $6,210.00    $788,628.25
                                              (unsecured)    (priority)    (Total)
                                                   (secured)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: 6/20/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): [signature]

VICE PRESIDENT & GENERAL MANAGER, BI TECHNOLOGIES
BRADLEY D. TURNER

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

05446400606220000000000008

Attachment to Proof of Claim of
BI Technologies Corporation
*In re Delphi Automotive Systems, LLC*
Case No. 05-44640

As set forth on the attached proof of claim and described in greater detail below, the claim of BI Technologies, Inc. (the "Creditor") against Delphi Automotive Systems, LLC (the "Debtor") is comprised of the following components: (A) a reclamation claim having administrative expense priority status under 11 U.S.C. §§ 503 and 507(a)(2) in the amount of $6,210.00, and (B) a general unsecured claim in the amount of $782,418.25.

As of the filing of the voluntary petition on October 8, 2005 (the "Filing Date"), the Creditor was owed $788,628.25 (the "Pre-Petition Balance") for product manufactured for and delivered to the Debtor and for related charges. A summary statement of the invoices comprising the Pre-Petition Balance is attached hereto as **Exhibit A** and incorporated herein by reference.

*(A) The Reclamation Claim*

The Creditor delivered a written reclamation demand dated October 14, 2005, to the Debtor in the amount of $196,190.25 covering all goods sold and delivered to the Debtor by the Creditor within the periods described in § 2-702 of the Uniform Commercial Code and 11 U.S.C. § 546. The invoices that were the subject of the Creditor's written reclamation demand are included within the Pre-Petition Balance. Pursuant to the Amended Final Order Pursuant To 11 U.S.C. §§ 362, 503 And 546 And Fed. R. Bankr. Pro. 9019 Establishing Procedures For Treatment Of Reclamation Claims entered by the Court on November 4, 2005 (the "Amended Reclamation Procedures Order"), the Debtor reconciled the Creditor's written reclamation demand (assigned Delphi Amended Reclamation No. 368) and determined that, subject to the Reserved Defenses (as defined in the Amended Reclamation Procedures Order), the amount of $6,210.00 (the "Reconciled Reclamation Amount") was the maximum allowable amount of the Creditor's reclamation demand entitled to priority as an administrative expense. A copy of the Debtor's schedule showing those invoices comprising the Reconciled Reclamation Amount is attached hereto as **Exhibit B** and incorporated herein by reference. The Creditor accepted the Reconciled Reclamation Amount and, therefore, has an Allowed Reclamation Claim as defined in and pursuant to the Amended Reclamation Procedures Order that is entitled to administrative expense priority status under 11 U.S.C. §§ 503 and 507(a)(2) to the extent set forth in the Amended Reclamation Procedures Order.

*(B) General Unsecured Claim*

The Creditor's general pre-petition unsecured claim in the amount of $782,418.25 was calculated by starting with the Pre-Petition Balance and subtracting the amount of the Allowed Reclamation Claim set forth in (A) above.

*Reservation of Rights*

The Creditor reserves the right to amend this proof of claim to increase the amount of its general unsecured claim if the Allowed Reclamation Claim is not paid in full as an administrative priority claim. The Creditor files this proof of claim without prejudice to or waiver of any rights or remedies to which it may be entitled under the Bankruptcy Code,

C-987110v2 11090.01019

applicable law or any order of the Bankruptcy Court, including without limitation the Amended Reclamation Procedures Order.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

Opco Name: BI Technologies Corporation, Fullerton, CA

19-Jun-06
proof_of_claims

| PO Number | Delphi "Ship To" Location | "Bill To" Customer Name | TT Electronics Invoice Number | Invoice Date | Invoice Amount | Reclamation Claim Amount Filed with Reclaim | Amount Delphi Agreed To Pay |
|---|---|---|---|---|---|---|---|
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90035306 | 3-Jun-04 | 24,234.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90038100 | 1-Jul-04 | 23,964.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90056830 | 7-Jan-05 | 22,464.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90054574 | 18-May-05 | 23,604.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90020464 | 18-May-05 | 2,308.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90082402 | 9-Aug-05 | 19,685.25 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90084963 | 30-Aug-05 | 15,982.50 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085087 | 31-Aug-05 | 1,976.25 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085161 | 1-Sep-05 | 16,992.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085261 | 1-Sep-05 | 1,976.25 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085262 | 1-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085339 | 2-Sep-05 | 3,928.50 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085340 | 2-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085610 | 6-Sep-05 | 4,671.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085611 | 6-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085750 | 7-Sep-05 | 790.50 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085751 | 7-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085997 | 8-Sep-05 | 3,904.50 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90085998 | 8-Sep-05 | 22,302.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086054 | 9-Sep-05 | 4,263.75 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086055 | 9-Sep-05 | 22,302.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086199 | 12-Sep-05 | 8,156.25 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086200 | 12-Sep-05 | 22,302.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086359 | 13-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086360 | 13-Sep-05 | 5,030.25 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086492 | 14-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086493 | 14-Sep-05 | 4,671.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086698 | 15-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086699 | 15-Sep-05 | 4,671.00 | - | - |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086820 | 16-Sep-05 | 22,302.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086821 | 16-Sep-05 | 4,683.00 | - | - |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086924 | 19-Sep-05 | 13,866.75 | - | - |

EXHIBIT A

Opco Name: BI Technologies Corporation, Fullerton, CA

19-Jun-06
proof_of_claims

| PO Number | Delphi "Ship To" Location | "Bill To" Customer Name | TT Electronics Invoice Number | Invoice Date | Invoice Amount | Reclamation Claim Amount Filed with Reclaim | Amount Agreed To Pay Delphi | |
|---|---|---|---|---|---|---|---|---|
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90086925 | 19-Sep-05 | 22,302.00 | - | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087317 | 21-Sep-05 | 22,302.00 | - | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087318 | 21-Sep-05 | 4,623.00 | - | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087319 | 21-Sep-05 | 5,706.00 | - | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087320 | 21-Sep-05 | 22,302.00 | - | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087548 | 22-Sep-05 | 22,302.00 | - | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087549 | 22-Sep-05 | 6,223.50 | - | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087660 | 23-Sep-05 | 7,373.25 | - | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087792 | 26-Sep-05 | 22,302.00 | - | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087793 | 26-Sep-05 | 14,126.25 | - | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90087794 | 26-Sep-05 | 22,302.00 | - | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90088256 | 28-Sep-05 | 22,302.00 | 22,302.00 | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90088257 | 28-Sep-05 | 4,441.50 | 4,441.50 | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90088566 | 29-Sep-05 | 22,302.00 | 22,302.00 | | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90088567 | 29-Sep-05 | 4,836.75 | 4,836.75 | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90088761 | 30-Sep-05 | 28,635.00 | 28,635.00 | | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90088886 | 3-Oct-05 | 4,441.50 | 4,441.50 | 2,070.00 | Reconciled Amount |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90088887 | 3-Oct-05 | 6,417.75 | 6,417.75 | 2,070.00 | Reconciled Amount |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90089267 | 5-Oct-05 | 22,302.00 | 22,302.00 | - | |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90089268 | 5-Oct-05 | 2,347.50 | 2,347.50 | - | |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90089406 | 6-Oct-05 | - | 5,437.50 | | Post petition |
| SAG9014995 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90089502 | 7-Oct-05 | - | 5,820.75 | | Post petition |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90089503 | 7-Oct-05 | - | 22,302.00 | | Post petition |
| SAG9015256 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90123333 | 16-Jun-06 | (5,027.00) | | | Post petition |
| S3530959 | Saginaw, Michigan | Delphi Saginaw Steering Systems | 90064855 | 18-Mar-05 | 2,016.50 | - | - | |
| | | | | | 788,628.25 | 196,190.25 | 6,210.00 | |

## CREDIT NOTE : 90123335    DATED  JUN 16, 2006.

Note - Credit note # 90123335 was issued to correct price discrepancy for the following invoices

| PO # | Doc. date | Ship doc. | BI Technologies Extended Amount | Delphi Extended Amount | Price Discrepancy |
|---|---|---|---|---|---|
| SAG9015256 | 09/01/2005 | 80099408 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/01/2005 | 80099409 | 16,992.00 | $16,816.00 | $176.00 |
| SAG9015256 | 09/02/2005 | 80099508 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/06/2005 | 80099695 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/07/2005 | 80100040 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/08/2005 | 80100067 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/09/2005 | 80100342 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/13/2005 | 80100682 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/14/2005 | 80100886 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/15/2005 | 80101107 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/16/2005 | 80101147 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/19/2005 | 80101379 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/21/2005 | 80101553 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/21/2005 | 80101794 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/22/2005 | 80102077 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/26/2005 | 80102235 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/26/2005 | 80102394 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/27/2005 | 80102633 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/28/2005 | 80102876 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 09/29/2005 | 80103087 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 10/03/2005 | 80103533 | 22,302.00 | $22,071.00 | $231.00 |
| SAG9015256 | 10/05/2005 | 80103836 | 22,302.00 | $22,071.00 | $231.00 |
|  |  | TOTAL | 485,334.00 | 480,307.00 | $5,027.00 |
| SAG9015256 | 6/16/2006 | 90123335 |  | (5,027.00) | ($5,027.00) |

[Table too rotated/small to transcribe reliably - Exhibit B, Amended Claim 358, BI Technologies Corporation]

EXHIBIT B

# PURCHASE ORDER NUMBER SAG90I4995

**[Provided to Debtors' Counsel Only]**