BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592
Attorneys for Freudenberg-NOK General Partnership

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, et al.,

        Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

**OBJECTION BY FREUDENBERG-NOK GENERAL PARTNERSHIP (ON BEHALF OF ITSELF AND ITS AFFILIATES FREUDENBERG TELAS SIN TEJER SA AND FREUDENBERG IBERICA SA EN COMANDITA) TO DEBTORS' (I) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS AND (II) MOTION FOR SALE OF STEERING AND HALFSHAFT BUSINESS**

      Freudenberg-NOK General Partnership (on behalf of itself and its affiliates Freudenberg Telas Sin Tejer SA and Freudenberg Iberica SA en Comandita) (collectively, "FNGP") objects to the Debtors' (I) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business ("Assumption Notice") [Docket #12323] and (II) Motion for Sale of its Steering and Halfshaft Business ("Motion") [Docket #11390]. In support of its objection FNGP states as follows:

**Introduction**

    1.    FNGP files this objection because:

    (a)    Debtors do not propose a cure amount for the Contracts (defined below); and

(b)   no proposed purchaser under the Motion has given FNGP adequate assurance that it would be able to perform its duties under the Contracts.

**Background**

2.   On December 10, 2007, Debtors filed the Motion, which requests an order approving, *inter alia*, the assumption and assignment of certain executory contracts and unexpired leases related to Delphi's Steering and Halfshaft Business.

3.   In the Motion, Debtors seek authority under Section 365 of the Bankruptcy Code to assume and assign certain contracts to Steering Solutions, Inc. ("Steering Solutions") or any other successful bidder.

4.   On January 23, 2008, Debtors filed the Assumption Notice.

5.   The Assumption Notice (attached as Exhibit A) identifies the purchase orders that Debtors seek to assume and assign (collectively, "Contracts") and do not propose a cure amount.

**Argument**

6.   Section 365(b)(1) of the Bankruptcy Code provides that "if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption … the trustee (A) cures … such default." FNGP has not yet identified the status of the Contracts and has not determined whether any cure amounts are due and owing. Debtors do not list a proposed cure amount for the Contracts. FNGP reserves all rights with respect to the existence of cure amounts owing under the Contracts.

7.   Debtors seek to assign to the purchaser their accounts payable relating to the Contracts. Any order approving the assumption and assignment should provide that Debtors are

-2-

going to remain liable for the accounts payable related to the Contracts arising before the sale closing but which will not be due until after the sale closing ("Debtors Pre-Assignment Accounts Payable").

8. Before FNGP enters into business relationships with suppliers, FNGP requires that its prospective suppliers meet certain qualifications ("FNGP Qualifications"). Neither Steering Solutions nor any other prospective purchaser demonstrated to FNGP that it meets the FNGP Qualifications. Under Section 365(f)(2)(B) of the Bankruptcy Code, Debtors may assign an executory contract only if "adequate assurance of future performance by the assignee of such contract … is provided." Also, Steering Solutions, or any other purchaser under the Motion, must demonstrate its ability to pay the Debtors Pre-Assignment Accounts Payable. Neither Steering Solutions nor any other prospective purchaser has provided FNGP with adequate assurance of future performance of the Contracts.

9. Because FNGP has not yet completed its review of the Contracts, it does not concede that all of the Contracts are executory. Until FNGP is able to determine that the Contracts are executory contracts, it objects to the proposed assumption and assignment.

10. Because the legal points and authorities upon which this objection relies are incorporated and do not represent novel theories of law, FNGP requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**RELIEF REQUESTED**

FNGP requests that the Court condition the assumption and assignment of the Contracts to Steering Solutions, or any other prospective purchaser, upon payment of the correct cure amount, if any, and upon any proposed purchaser's proof of adequate assurance of future performance of the Contracts.

        BODMAN LLP

        By: /s/ Ralph E. McDowell
            Ralph E. McDowell (P39235)
        6th Floor at Ford Field
        1901 St. Antoine Street
        Detroit, Michigan 48226
        Telephone: (313) 259-7777
        Facsimile: (313) 393-7579
        *rmcdowell@bodmanllp.com*

        Attorneys for Freudenberg-NOK General Partnership

February 4, 2008

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ***Objection by Freudenberg-NOK General Partnership to Debtors' (I) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection With Sale of Steering and Halfshaft Business and (II) Motion for Sale of Steering and Halfshaft Business*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Automotive Systems LLC
5725 Delphi Drive
(Attn: Legal Staff)
Troy, Michigan 48098

Delphi Corporation
5725 Delphi Drive
(Attn: Deputy General Counsel, Transactional & Restructuring)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John K. Lyons, Ron E. Meisler, Brian M. Fern)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart

Kirkland & Ellis LLP
777 South Figueroa Street
(Attn: Richard L. Wynne)
Los Angeles, California 90017

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street

-6-

Suite 2100
New York, New York 10004
(Attn: Alicia M. Leonhard)

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

                     /s/ Ralph E. McDowell

Dated: February 4, 2008                         Ralph E. McDowell