CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
Joel D. Applebaum (Mich. Bar. No. P36774)
admitted *pro hac vice*
japplebaum@clarkhill.com
(313) 965-8300

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**OBJECTION OF MILLENNIUM INDUSTRIES CORPORATION
TO NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION
WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

Millennium Industries Corporation ("Millennium"), respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "Debtor") have issued a *Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business* dated January 23, 2008 (the "Cure Notice"). In the Cure Notice, the Debtor identifies three purchase orders issued to Millennium that the Debtor wishes to assume and assign (the "Purchase Orders") and identifies the corresponding cure amounts that the Debtor believes are due and owing under each Purchase Order. The Cure Notice also indicates that the Debtor believes it is current on all postpetition obligations under the Purchase Orders.

2. Millennium hereby objects to the Cure Notice inasmuch as the cure amounts identified with respect to the Purchase Orders are incorrect. Specifically, with respect to Purchase Order No. SAG90I3442, there is a prepetition balance owed to Millennium in the amount of $585,383.51 and a postpetition balance owed to Millennium in the amount of $508,514.61 (the Cure Notice indicates $585,170.32 owed). With respect to Purchase Order No. SAG90I6130, there is a post-petition balance owed by the Debtor to Millennium in the amount of $84,254.26 (the Cure Notice does not indicate an amount owed). All of the prepetition amounts referenced above are reflected in a timely-filed proof of claim filed by Millennium.

3. Millennium also objects to the Cure Notice insofar as it will have performed postpetition under the Purchase Orders and accrued work-in-process that, as of the prospective time of assumption and assignment, may not yet have become an account receivable. Millennium submits that adequate assurance must be provided to it pursuant to Section 365 of the Bankruptcy Code for the payment of such amounts as they become accounts receivable.

4. Millennium further objects to the adequacy and accuracy of the Cure Notice insofar as there are any other pre- or post-petition purchase orders with Millennium that are to be assumed and assigned but have not been included in the Cure Notice for any reason.

5553272.1 24841/103242

5. Millennium reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: February 4, 2008                                    Respectfully submitted,

                                                           CLARK HILL PLC

                                                              /s/ Joel D. Applebaum
                                                           Joel D. Applebaum (Mich. Bar No. P36774)
                                                           500 Woodward Avenue, Suite 3500
                                                           Detroit, Michigan 48226-3435
                                                           (313) 965-8300
                                                           japplebaum@clarkhill.com

                                                           Counsel to Millennium Industries Corporation