SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :

     In re                            :        Chapter 11

DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)

                   Debtors.    :        (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 1790
(KEY SAFETY SYSTEMS, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Key Safety Systems, Inc. & Subsidiaries ("KSSI") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 1790 (Key Safety Systems, Inc.) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 14, 2005, KSSI submitted a demand to the Debtors asserting a reclamation claim in the amount of $7,607.20 (the "Reclamation Demand").

WHEREAS, on January 31, 2006, KSSI filed proof of claim number 1790 against DAS LLC, asserting an unsecured non-priority claim in the amount of $195,077.21 for (i) goods sold and (ii) for the Reclamation Demand (collectively, the "Claim").

WHEREAS, on April 24, 2006, the Debtors sent a statement of reclamation to KSSI with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $3,803.60 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on May 22, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B)

2

Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

WHEREAS, on June 21, 2007, KSSI filed its Response Of Key Safety Systems, Inc. To The Debtors' Fifteenth Omnibus Objection (Substantive) To Claims (Docket No. 8376) (the "Response").

WHEREAS, on January 14, 2008, to resolve the Fifteenth Omnibus Claims Objection with respect to the Claim, DAS LLC and KSSI entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $82,475.98.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and KSSI stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $82,475.98 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. KSSI reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $3,803.60 of the Claim on the grounds that KSSI,

with respect to the Reclamation Claim has a valid reclamation claim in the amount of $3,803.60.

       3.      The Debtors reserve the right to seek, at any time, a judicial determination that the Reserved Defenses are valid.

       4.      KSSI shall withdraw its Response to the Fifteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this <u>4th</u> day of February, 2008

                                                       /s/Robert D. Drain
                                                  UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Mark Chinitz |
| John Wm. Butler, Jr. | Mark Chinitz |
| John K. Lyons | STEIN RISO MANTEL, LLP |
| Ron E. Meisler | The Chrysler Building, 42nd Floor |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 405 Lexington Avenue |
| | New York, New York 10174 |
| 333 West Wacker Drive, Suite 2100 | (212) 599-1515 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorney for Key Safety Systems, Inc. |

      - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession