| | |
|---|---|
| HERRICK, FEINSTEIN LLP<br>Two Park Avenue<br>New York, New York 10016<br>Telephone: (212) 592-1400<br>Facsimile: (212) 592-1500<br>Paul Rubin (PR-2097) | Hearing Date and Time: February 21, 2008 at 10:00 a.m. |

*Attorneys for Canon U.S.A., Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re:                                              :   Chapter 11
                                                    :
DELPHI CORPORATION, et al.,              :   Case No 05-44481 (RDD)
                                                    :
                            Debtors,         :   Jointly Administered
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**OBJECTION OF CANON U.S.A., INC. TO DEBTORS' NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

TO:    THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE

Canon U.S.A., Inc. ("Canon"), a creditor in the above-captioned proceedings, files this objection (the "Objection") to the Debtors' Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with the Sale of Steering and Halfshaft Business (the "Assignment Notice") and the Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed or Assigned in Connection with Sale of Steering and Halfshaft Business (the "Cure Notice"), and respectfully submits as follows:

INTRODUCTION

1.    On October 8 and 14, 2005, each of the above captioned debtors (collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§101-1330, as then amended (the "Bankruptcy Code"). Thereafter, the Debtors continued to operate their business and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108. This Court ordered joint administration of these cases.

2. The Debtors have filed their sale motion (the "Sale Motion") seeking authority to sell to Steering Solutions Corporation certain assets comprising substantially all of the assets primarily used in the Seller Debtor Entities' (as defined by the Debtors) steering and halfshaft business. The Debtors also seek authority to assume and assign certain pre-petition executory contracts in connection with the sale of its steering and halfshaft business, and, in addition, to assign certain post-petition contracts.

3. The Assignment and Cure Notices provided that, <u>inter alia</u>, if the closing on the sale of the steering and halfshaft business does not occur prior to the effective date (the "Effective Date") of the Debtors' Chapter 11 plan (the "Plan"), then the identified pre-petition executory contracts will be assumed pursuant to the terms of the Plan, and the assumption and cure amounts will be governed by the procedures set forth in the solicitation procedures order(s) entered in connection with the approval of the disclosure statement for the Plan.

<u>THE PROPOSED ASSIGNMENT</u>

4. Pursuant to the Assignment Notice, the Debtors seek to assign a certain post-petition purchase order designated by the Debtors as No. 450448560 (the "Purchase Order"), allegedly by and between Canon and Debtor Delphi Automotive Systems LLC.

5. Upon receipt of the Assignment Notice, Canon analyzed its accounts which it maintained with respect to the Debtors and conducted a search for information regarding the Purchase Order. Canon has been unable to locate any records regarding the Purchase Order. Accordingly, Canon interposes this Objection to the Assignment Notice as it cannot adequately

2

determine the validity of the Purchase Order, or the terms and conditions under which could be assumed or assigned.

6. As it became apparent that it had no knowledge of the Purchase Order, Canon, through its counsel, requested a copy of the Purchase Order from counsel to the Debtors, who provided the document which is annexed hereto as Exhibit A. Nevertheless, Canon's further review failed to yield any connection between Canon, the Purchase Order and any other unexpired contract between the Debtors and Canon. The Purchase Order states that it was "Issued" on February 8, 2007. Curiously, the "Delivery Date" listed on the document is January 31, 2007. That the Purchase Order is over one year old, does not appear to be the subject of any communications between Canon and the Debtors, and appears to be internally inconsistent, only serve to increase Canon's uncertainty and skepticism as to whether there exists any such contract that could be assumed.

7. Further, since Canon is unable to identify any information in connection with the Purchase Order, it is unable to address the issue of adequate assurance to which Canon would be entitled under Section 365(f)(2)(A) of the Bankruptcy Code if there were an executory contract between the Debtors and Canon that could theoretically be assumed.

THE CURE NOTICE

8. The Cure Notice does not appear to list a cure amount for the Canon Purchase Order, presumably because the Purchase Order allegedly arose post-petition. However, as set forth *supra*, Canon cannot locate any information in connection with the Purchase Order. Accordingly, at this juncture, Cannon cannot determine whether the Purchase Order relates to any pre-petition unexpired executory contract, let alone verify any of the information contained therein. As such, Canon cannot respond to the lack of any proposed cure amount.

HF 3955976v.1 #05542/0009

THE PROOFS OF CLAIM

9. In addition, on July 28, 2006, Canon timely filed with this Court two proofs of claim (the "Canon Claims") in the Debtors' cases. To the extent that the proposed assumption of the Purchase Order has been issued pursuant to a contract under which the Canon Claims arose, Canon objects to the assumption and assignment due to the failure to cure such defaults.

RESERVATION OF RIGHTS

10. Canon reserves the right to amend or supplement this Objection should further details of the Purchase Order and the terms of the Assignment become known.

11. Any copy of any reply to this Objection should be forwarded to the undersigned counsel for Canon.

WHEREFORE, Canon respectfully requests that the Court sustain the Objection and deny the Debtors' Notice of Assignment of the purported Canon Purchase Order, and award Canon such other and further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
February 4, 2008

HERRICK, FEINSTEIN LLP

By /s/ Paul Rubin
Paul Rubin (PR-2097)
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Email: prubin@herrick.com
*Attorneys for Canon U.S.A., Inc.*

4