IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         ) Chapter 11
                                                               )
DELPHI AUTOMOTIVE SYSTEMS LLC                                  ) Case No. 05-44640 (RDD)
                                                               )
                                                               )
                                                               )
        Debtor.                                                )
---------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.   TO:                **DEUTSCHE BANK SECURITIES INC.** ("Transferor")
                        60 Wall Street, 3rd Floor
                        New York, NY 10005
                        Attn: Ross Rosenfelt
                              Vikas Madan
                        Tel: 212-250-5760
                        Fax: 212-797-8770

2.   Please take notice of the transfer, in the amount of $6,678,072.00, of your general unsecured claim against DELPHI AUTOMOTIVE SYSTEMS LLC, as jointly administered In re: Delphi Corporation, Case No. 05-44481, as evidenced by the Joint Stipulation and Agreed Order Compromising And Allowing Proof of Claim No.9940 and Expunging Proof of Claim number 16490 dated January 31, 2008 (Exhibit A), has been transferred to:

                        **GOLDMAN SACHS CREDIT PARTNERS, L.P.** ("Transferee")
                        c/o Goldman, Sachs & Co.
                        30 Hudson, 17th Floor
                        Jersey City, NJ 07302
                        Attn: Pedro Ramirez
                        Telephone: (917) 343-8319
                        Fax: (212) 428-1243

     An evidence of transfer of claim is attached hereto as Exhibit B. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee at the instructions attached in Exhibit C.

NY436524.1/153-02633

3.  No action is required *if you do not object* to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--  **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

    United States Bankruptcy Court
    Southern District of New York
    Attn: Clerk of Court
    Alexander Hamilton Custom House
    One Bowling Green
    New York, NY 10004-1408

--  **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--  Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.  If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                        CLERK
-----------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____,
2007.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___


                                    _____
                                    Deputy Clerk

## EXHIBIT A

### ORDER

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                           :
                                                 :   Chapter 11
DELPHI CORPORATION, et al.,                      :   Case No. 05-44481 [RDD]
                                                 :
                    Debtors.                     :   Jointly Administered
                                                 :
------------------------------------------------------------x

### JOINT STIPULATION AND AGREED ORDER
### ALLOWING PROOF OF CLAIM NUMBER 9940
### AND EXPUNGING PROOF OF CLAIM NUMBER 16490
### (WAUPACA FOUNDRY INC. N/K/A THYSSENKRUPP WAUPACA, INC./SPCP GROUP, L.L.C./DEUTSCHE BANK SECURITIES INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), Waupaca Foundry Inc. n/k/a ThyssenKrupp Waupaca, Inc. ("ThyssenKrupp"), SPCP Group, L.L.C. ("SPCP") and Deutsche Bank Securities Inc. ("Deutsche Bank," and together with ThyssenKrupp and SPCP, collectively, the "Claimants") respectfully submit this Joint Stipulation And

Agreed Order Allowing Proof Of Claim Number 9940 and Expunging Proof of Claim Number 16490 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, on July 19, 2006, ThyssenKrupp filed proof of claim number 9940 (the "Proof of Claim") against DAS LLC, asserting an unsecured non-priority claim in the amount of $6,678,072.11 (the "Claim"); and

WHEREAS, on April 20, 2006, ThyssenKrupp and certain other ThyssenKrupp entities filed a Motion pursuant to Bankruptcy Code sections 362 and 553 for an Order lifting the automatic stay in order to allow a setoff (Docket No. 3312) (the "Setoff Motion"); and

WHEREAS, on January 22, 2007, ThyssenKrupp filed proof of claim 16490 (the "Amended Proof of Claim") against DAS LLC asserting an unsecured non-priority claim in the amount of $6,563,719.48 and a secured claim in the amount of $114,352.63 (the "Amended Claim"); and

WHEREAS, on March 16, 2007, the Debtors objected to the Amended Claim pursuant to the Debtors' Tenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims and (B) Equity Claims (Docket No. 7300) (the "Tenth Omnibus Claims Objection"); and

2

**WHEREAS,** ThyssenKrupp transferred its interest in certain DAS LLC receivables associated with the Claim and the Amended Claim to SPCP as evidenced by Notices of Transfer entered on March 29, 2007 (Docket Nos. 7458 and 7460, respectively); and

**WHEREAS,** on April 12, 2007, ThyssenKrupp and certain other ThyssenKrupp entities filed their Response to the Tenth Omnibus Claims Objection (Docket No. 7645) (the "Response"); and

**WHEREAS,** on June 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection"); and

**WHEREAS,** on July 26, 2007, the Court entered the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation Identified in Seventeenth

3

Omnibus Claims Objection (Docket No. 8737) (the "Seventeenth Omnibus Claims Objection Order"); and

WHEREAS, pursuant to the Seventeenth Omnibus Claims Objection Order, the Claim was classified as an unsecured non-priority claim in the amount of $6,595,973.44 against DAS LLC and a priority claim in the amount of $79,710.92 against DAS LLC pursuant to the Seventeenth Omnibus Claims Objection Order (Docket No. 8599); and

WHEREAS, SPCP transferred $6,678,072.11 of its interest in the Claim and the Amended Claim to Deutsche Bank as evidenced by Notices of Transfer entered on August 14, 2007 (Docket No. 9077 and 9078, respectively); and

WHEREAS, on January 8, 2008, to resolve the Tenth Omnibus Claims Objection with respect to the Amended Claim, the Seventeenth Omnibus Claims Objection with respect to the Claim, and the Setoff Motion, DAS LLC, ThyssenKrupp, SPCP and Deutsche Bank entered into a Settlement Agreement (the "Settlement Agreement"); and

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $6,678,072 as a general unsecured non-priority claim; and

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

4

NOW, THEREFORE, in consideration of the foregoing, the Debtors, Thyssen Krupp, SPCP and Deutsche Bank stipulate and agree as follows:

1. The Claim is hereby allowed in the amount of $6,678,072 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC. Deutsche Bank shall hold the entire Claim, and the Debtors' claims register shall be amended to reflect this without the need for any further actions by the Claimants.

2. The Amended Claim is hereby disallowed and expunged in its entirety.

3. The Seventeenth Omnibus Claims Objection, solely as it relates to the Claim and the Amended Claim, the Response and the Setoff Motion are hereby withdrawn with prejudice.

4. The Seventeenth Omnibus Claims Objection Order is hereby amended and superceded solely with respect to the Claim to reflect the allowance of the Claim pursuant to the terms set forth herein.

5. The Stipulation does not impact, alter or affect any other claims that ThyssenKrupp SPCP or Deutsche Bank may against the Debtors and relates solely to those matters arising out of or related to the Claim and the Amended Claim.

Dated: New York, New York
January 29, 2008

        DELPHI CORPORATION, et al.,
        Debtors and Debtors-in-Possession,
        By their Bankruptcy Conflicts Counsel,
        TOGUT, SEGAL & SEGAL LLP,
        By:

        /s/ Neil Berger
        NEIL BERGER (NB-3599)
        A Member of the Firm
        One Penn Plaza, Suite 3335
        New York, New York 10119
        (212) 594-5000

Dated: Kansas City, Missouri
January 2008

        WAUPACA FOUNDRY INC. N/K/A
          THYSSENKRUPP WAUPACA, INC.
        By its Counsel,
        STINSON MORRISON HECKER LLP

        /s/ Mark A. Shaiken
        MARK A. SHAIKEN
        1201 Walnut Street, Suite 2700
        Kansas City, Missouri
        (816) 842-8600

**[Signatures concluded on the following page]**

Dated: New York, New York
      January 2008

                      SPCP GROUP, LLC

                      /s/ Michael Gatto
                      Michael Gatto
                      SILVER POINT CAPITAL
                      Two Greenwich Plaza
                      Greenwich, CT 06830
                      Tel: 203-542-4032

Dated: New York, New York
      January 2008

                      DEUTSCHE BANK SECURITIES, INC.

                      /s/ Scott G. Martin
                      Deutsche Bank Securities Inc.
                      60 Wall Street, 3rd Floor
                      New York, NY 1005
                      212-250-5760

                      /s/ Ray Costa
                      Ray Costa
                      Deutsche Bank Securities Inc.
                      60 Wall Street, 3rd Floor
                      New York, NY 1005
                      212-250-5760

                      **SO ORDERED**

               This <u>31st</u> day of <u>January</u>, 2008
                   in New York, New York

                /s/Robert D. Drain
              HONORABLE ROBERT D. DRAIN
            UNITED STATES BANKRUPTCY JUDGE

8

## EXHIBIT B

**EVIDENCE OF TRANSFER OF CLAIM**

## EVIDENCE OF TRANSFER OF CLAIM

TO: United States Bankruptcy Court for the
Southern District of NY ("Bankruptcy Court")
Attn: Clerk

AND TO: Delphi Automotive Systems LLC ("Debtor")
Case No. 05-44481(RDD)

Claim #: 9940

**DEUTSCHE BANK SECURITIES INC. (as assignee of SPCP Group, LLC)** its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

**GOLDMAN SACHS CREDIT PARTNERS L.P.**
c/o Goldman, Sachs & Co.
30 Hudson, 17th Floor
Jersey City, NJ 07302
Attention: Pedro Ramirez
Telephone: (917) 343-8319
Fax: (212) 428-1243

its successors and assigns ("Buyer"), all rights, title and interest in and to the Assigned Claim of Seller, including all rights of stoppage in transit, replevin and reclamation, in the principal amount of $6,678,072.00 ("Assigned Claim") of Claim # 9940 against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Assigned Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Assigned Claim and recognizing the Buyer as the sole owner and holder of the Assigned Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Assigned Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated February 1, 2008.

GOLDMAN SACHS CREDIT PARTNERS L.P.          DEUTSCHE BANK SECURITIES INC.

By: _____                  By: _____
Name:                                         Name: Scott G. Martin
Title:                                        Title: Managing Director

                                              John Shippee
                                              Managing Director

## EXHIBIT C

Address for Notices:

Goldman Sachs Credit Partners L.P.
c/o Goldman, Sachs & Co.
30 Hudson, 17th Floor
Jersey City, NJ 07302
Attention:      Pedro Ramirez
Telephone:      (917) 343-8319
Fax:            (212) 428-1243

Wire Instructions:

Citibank N.A.
New York, New York
ABA No.:        021000089
Acct. No.:      40717188
Acct. Name:     Goldman Sachs Credit Partners L.P.
Reference:      Delphi (Trade Claim) from Deutsche
Attention:      Bank Loan Operations – Philip F. Green