PEPPER HAMILTON LLP
Francis J. Lawall
Anne Marie Aaronson (AA 1679)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

*Counsel for Teleflex Incorporated*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., : | |
| : | (Jointly Administered) |
| Debtors. : | |
| : | |

**TELEFLEX INCORPORATED'S OBJECTION TO (I) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH THE SALE OF STEERING AND HALFSHAFT BUSINESS RELATING TO PURCHASE ORDER SAG90I0952; AND (II) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS RELATING TO PURCHASE ORDER SAG90I0952**

Teleflex Incorporated ("Teleflex") hereby files this objection (the "Objection") to the:

(A) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With The Sale Of Steering And Halfshaft Business (Purchase Order SAG90I0952) (hereinafter, the "Teleflex Assumption Notice"); and

(B) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Purchase Order SAG90I0952) (hereinafter, the "Teleflex Cure Notice").

#9285909 v1

**Teleflex also hereby provides notice to the Debtors that it elects to be paid in cash for all cure amounts due and owing to it for any executory contract assumed by the Debtors.**

In support hereof, Teleflex states as follows:

## INTRODUCTION

1. Teleflex and debtor Delphi Automotive Systems, LLC and/or one or more of its debtor affiliates (collectively, the "Debtors") are parties to certain contracts that Teleflex believes are pre-petition executory contracts or are post-petition contracts. These pre and post-petition contracts include, but are not limited to, Purchase Order SAG90I0952.

2. The Debtors are seeking authority to sell certain assets comprising substantially all of the assets primarily used in the Debtors' steering and halfshaft business. The Debtors also seek authority to assume and assign certain pre-petition executory contracts in connection with the sale of its steering and halfshaft business, and, in addition, to assign certain post-petition contracts.

3. The Teleflex Assumption Notice notifies Teleflex of the Debtors' intent to assume Purchase Order SAG90I0952. The Teleflex Cure Notice sent by the Debtors asserts that the Debtors are current on all post-petition obligations and that the cure amount relating to Purchase Order SAG90I0952 is $144,080.72.

4. As of the date on which the Debtors filed for bankruptcy, the balance owed to Teleflex by the Debtors in connection with its steering and halfshaft business was as much as $212,632.48 (as reflected in the attachment to proof of claim number 1728).

5. Subsequent to Teleflex filing proof of claim number 1728, the Debtors filed an objection asserting that the amount due to Teleflex for the business reflected in proof of

#9285909 v1

claim number 1728 is $181,558.42. Reconciliation of proof of claim number 1728 remains pending.

6.  The vast majority of the amount due as reflected in proof of claim number 1728 relates to business performed in connection with Purchase Order SAG90I0952.

7.  In 2007, Teleflex sold certain aspects of its business to an unrelated third party (the "Buyer"), including its business involving Purchase Order SAG90I0952. Accordingly, it is presently unaware of the accuracy of the cure amount asserted by the Debtors under this Purchase Order or whether the Debtors' statement regarding its payment of post-petition obligations is accurate. Moreover, Teleflex is unaware of the intentions of the Buyer with respect to this Purchase Order.

## OBJECTION

### I. OBJECTION TO CURE AMOUNT

8.  Teleflex hereby objects to the Teleflex Cure Notice inasmuch as it believes that the cure amounts identified is understated. Teleflex was owed as much as $212,632.48 as of the date on which the Debtors filed for bankruptcy; however, due to the sale of this part of its business in 2007, it is unaware of the current balance owed with respect to Purchase Order SAG90I0952 and is awaiting a response from its Buyer in this regard. Accordingly, Teleflex reserves the right to supplement this Objection upon receipt from its Buyer of additional information supporting the current balance owed by the Debtors under Purchase Order SAG90I0952.

9.  Teleflex also objects to the Cure Notice insofar as all amounts owed as of the prospective time of assumption and assignment have not been paid in full. Teleflex submits that adequate assurance must be provided to it pursuant to Section 365 of the Bankruptcy Code for the payment of such amounts as they become due.

#9285909 v1

10. Teleflex further objects to the adequacy and accuracy of the Teleflex Cure Notice to the extent that there are any other pre- or post-petition purchase orders with Teleflex or any of its divisions and affiliates that are to be assumed and assigned, but have not been included in the Teleflex Cure Notice for any reason.

II. **ASSIGNMENT OF PURCHASE ORDER**

11. The Debtors have provided notice of their intent to assign Purchase Order SAG90I0952.

12. Teleflex is awaiting information from its Buyer as to whether it has any issues or concerns with respect to the assumption and assignment of Purchase Order SAG90I0952, including whether its Buyer is currently performing or able to perform under that Purchase Order. Accordingly, Teleflex reserves its right to objects to the assignment of Purchase Order SAG90I0952.

WHEREFORE, Teleflex Incorporated respectfully requests that this Court (a) allow for the payment of cure claims in favor of Teleflex, in cash, in an amount to be determined after consultation with its Buyer, together with administrative claims for amounts that have accrued post-petition under Purchase SAG90I0952 as of the prospective time of assumption and assignment; and (b) grant such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Anne Marie Aaronson
Francis J. Lawall
Anne Marie Aaronson (AA 1679)
PEPPER HAMILTON LLP
3000 Two Logan Square,
18th and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Counsel for Teleflex Incorporated

DATED: February 5, 2008

#9285909 v1