David G. Dragich (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Attorneys for Intermet Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                   )
In re:                                     )
                                                   )    Chapter 11
DELPHI CORPORATION, et al.,            )    Case No. 05-44481 (RDD)
                                                 )    Jointly Administered
               Debtors.                    )
------------------------------------------------------------x

**OBJECTION OF INTERMET CORPORATION TO
<u>CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED
OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION</u>**

Intermet Corporation and its subsidiaries, including Columbus Foundry, L.P. d/b/a Intermet Columbus Foundry and Cast-Matic, LLC d/b/a Intermet Stevensville Plant, (collectively, "Intermet") hereby submit this Objection (the "Objection") to the Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice"). In support of its Objection, Intermet respectfully represents as follows:

### <u>BACKGROUND</u>

1.      On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned case (collectively, the "Debtors"), filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.       On December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization (the "Plan"). On January 25, 2008, the Court entered an order confirming the Plan (the "Confirmation Order").

3.       On January 29, 2008, the Debtors filed the Cure Notice with the Court. According to the Cure Notice, parties have 10 days to respond, or February 8, 2008. Accordingly, this Objection is timely filed.

4.       Prior to the Petition Dates, Delphi issued and Intermet accepted various purchase orders that form the contractual obligations of the parties (collectively, the "Contract" or the "Contracts"). On April 27, 2007, Intermet and Delphi entered into a letter agreement (the "Letter Agreement") that modified various terms of the Contracts.

5.       The Cure Notice identified the following four purchase orders proposed to be assumed and assigned as part of the Plan: D0550079917; D0550003562; D0550037397; and D0550037398. The Cure Notice failed to indicate that the Letter Agreement, along with the purchase orders, is part of the Contracts.

**ARGUMENT**

**The Debtors' Proposed Assumption and Assignment and Cure Amount Cannot Be Approved Because the Debtors Fail to Properly Identify the Contracts Between the Parties and Fail to Assume All Terms of the Contracts.**

6.       As set forth above, the Debtors' Cure Notice seeks only to assume certain portions of the Contracts. The Debtors seek to assume certain purchase orders but either intentionally or inadvertently fail to identify the Letter Agreement, which together with the purchase orders, actually forms the Contracts. This request is entirely improper.

7.       An executory contract may not be assumed in part or rejected in part. See In re Teligent, Inc., 268 B.R. 723 (Bankr. S.D.N.Y. 2001); Stewart Title Guaranty Co. v. Old Republic

2

Nat'l Title Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996); City of Covington v. Covington Landing Ltd. Partnership, 71 F.3d 1221 (6th Cir. 1995); In re Nitec Paper Corp., 43 B.R. 492 (S.D.N.Y. 1984); In re Village Rathskeller, Inc., 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). The debtor must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. In re Adelphia Bus. Solutions, Inc., 322 B.R. 51 (Bankr. S.D.N.Y. 2005); United Air Lines, Inc. v. U.S. Bankr. Trust Nat'l Ass'n (In re UAL Corp.), 346 B.R. 456 (Bankr. N.D. Ill. 2006); In re Storage Technology Corp., 53 B.R. 471 (Bankr. D. Colo. 1985) (Section 365 requires assumption of entire agreement; debtor cannot avoid effect of this rule by construing various parts of a transaction as separate agreements when they are clearly interdependent).

8.   In the present case, the Debtors have separated parts of a transaction when the underlying purchase orders and Letter Agreement are clearly part of the overall Contracts between the parties. Under Section 365, the Debtor cannot do so. The Debtor must either assume or reject the entire Contract. For this reason, the Court cannot permit assumption and assignment in the manner proposed in the Cure Notice.

## CONCLUSION

WHEREFORE, Intermet respectfully requests that the Court enter an order (a) denying assumption in the manner proposed in the Cure Notice, and (b) scheduling a hearing on the matter.

                                                Respectfully submitted,

                                                **FOLEY & LARDNER LLP**

                                                */s/ David G. Dragich*
                                                David G. Dragich (admitted *Pro Hac Vice*)
                                                500 Woodward Ave., Suite 2700
                                                Detroit, MI 48226
                                                Telephone: (313) 234-7100
                                                Facsimile: (313) 234-2800
                                                Attorneys for Intermet Corporation

February 6, 2008

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Objection of Intermet Corporation to the Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization has been served upon the following parties by Federal Express this 6th day of February, 2008:

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: Deputy General Counsel, Transactions
& Restructuring

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Attn: John K. Lyons
      Ron E. Meisler

White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Attn: Thomas E. Lauria

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald Bernstein
      Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Attn: Robert J. Rosenberg
      Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Attn: Glenn M. Kurtz
      Gregory Pryor

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 3100
New York, NY 10004
Attn: Alicia M. Leonhard

*/s/ Kathleen Rose*_____
Kathleen Rose
FOLEY & LARDNER LLP
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100