McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2189)
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for The Timken Company and Timken U.S. Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

------------------------------------------------X

**OBJECTION OF THE TIMKEN COMPANY AND TIMKEN U.S. CORP.
TO THE DEBTORS' NOTICE OF ASSUMPTION AND/OR
ASSIGNMENT OF EXECUTORY CONTRACT OR
UNEXPIRED LEASE TO BUYERS IN CONNECTION
WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

The Timken Company and Timken U.S. Corp. ("Timken"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to the Debtors' Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases (the "Assumption Notice") and Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease to Be Assumed and Assigned in Connection With Sale of Steering and Halfshaft Business (the "Cure Notice" and collectively, the "Notices").

1. On October 8, 2005, Delphi Corporation ("Delphi") and certain related entities (collectively with Delphi, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors remain in possession of their property

NYK 1145250v1

and continues to operate their business as a debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.  On or about December 10, 2007, the Debtors filed their expedited motion (the "Sale Motion") seeking authority to establish bidding procedures and sell their steering and halfshaft business to Steering Solutions Corporation and certain of its affiliates (collectively, the "Buyers"). In addition, the Sale Motion also sought authority to assume and assign certain Pre-Petition Contracts and assign certain Post-Petition Contracts (each as defined in the Sale Motion) to the Buyer or prevailing bidder.

3.  On or about January 23, 2008, the Debtors filed the Notices. Attached to the Notices, the Debtors listed 22 purchase orders identified by numbers, which purportedly represent purchase orders between Timken and the Debtors. Those identifiers are set forth below:

| Debtor | Counterparty | Purported Executory Contract | Proposed Cure Amount |
|---|---|---|---|
| Not indicated | Torrington Co. EFT The Timken Corporation | Purchase Order Nos.<br><br>SAG9012277<br>SAG9012015<br>SAG9010832<br>SAG9015065<br>SAG9015504<br>SAG9015652<br>SAG9015574<br>SAG9015592<br>SAG9010215 | <br><br>$91,176.00<br>$5,929.51<br>$0<br>$176,902.84<br>$0<br>$60,159.52<br>$143,958.08<br>$13,489.57<br>$45,950.46 |
| Not indicated | The Timken Corporation | Purchase Order Nos.<br><br>SAG9014167<br>SAG9013772<br>SAG9013746<br>SAG9014975<br>SAG9014974 | <br><br>$8,928.20<br>$538,996.88<br>$116,909.95<br>$0<br>$0 |

| | | SAG9015009<br>SAG9015212 | $503,086.77<br>$58,211.29 |
|---|---|---|---|
| Not indicated | The Timken Corporation | Purchase Order No.<br><br>9013746 | Not indicated |
| Not indicated | The Timken Corporation | Purchase Order No.<br><br>450522680 | Not indicated |
| Not indicated | The Timken Corporation, The Timken Company | Purchase Order No.<br><br>9015837 | Not indicated |
| Not indicated | The Timken Corporation, The Timken Company | Purchase Order No.<br><br>9016270 | Not indicated |
| Not indicated | Timken US Corp., The Timken Company | Purchase Order No.<br><br>9015831 | Not indicated |

4.    In the limited time available between receipt of service and the response deadline, Timken has not had sufficient time to reconcile what appear to be inconsistencies, duplications and/or omissions with respect to the Notices. For instance, the Debtors do not list the (i) Debtor party to any of the purchase orders, (ii) master or ancillary agreements in connection with such purchase orders, (iii) dates of the purchase orders, or (iv) cure amounts[1] for every purported executory contract sought to be assumed and/or assigned. These deficiencies preclude Timken's ability to review and respond to the proposed assignment and cure amount. For example, the Debtors separately list two seemingly similar purchase orders numbers SAG9013746 and 9013746. The Debtors also list six different purchase order numbers that do not begin with "SAG". Given the limited amount of time available to research the list of contracts, Timken has

---

[1] The Debtors have advised that contracts numbers 9013746, 450522680, 9015837, 9016270 and 9015831 are postpetition contracts, which they believe are not in default. Nonetheless, the Debtors did not list the cure amounts as $0 and, given the time constraints, Timken has not been able to confirm that no amounts are due, to the extent

not been able to determine if all such purchase order numbers are valid. Without this information, Timken has not been able to determine if a substantive objection is required.

5.  Second, in the limited time since Timken received service of the Notices, it has not been able to locate all of the relevant documents, including purchase orders and master and other agreements in connection therewith. Timken believes that many of the purchase orders that the Debtors seek to assume and/or assign may be related to long-term agreements between Timken and Delphi, which the Debtors have not identified for assumption and/or assignment. Timken submits that the Court should not approve assumption and/or assignment of any purported executory contracts between Timken and the Debtors until Timken has had an opportunity to locate copies of each of the purchase orders listed by the Debtors, and resolve any inconsistencies found on the Debtors' list. Timken requests that the Debtors be required to provide Timken with all relevant information in connection with the assumption and/or assignment of any contracts, including cure and relevant identifying information.

6.  Third, the Debtors have failed to provide Timken with proof of adequate assurance of future performance as required under section 365 (b)(1)(C) of the Bankruptcy Code. Pursuant to section 356 (b)(1)(C), the Debtors are required to demonstrate that the Buyers will be capable of performing under any executory contracts they seek to assume and assign. By this Objection, Timken seeks an adequate amount of time to have discussions with Delphi and the Buyers concerning the Buyers' wherewithal to perform under any executory contracts with Timken.

7.  Based on the lack of information or adequate time to review and respond to the Notices, Timken reserves all of its rights and remedies under the Bankruptcy Code and other

---

such contracts were accurately identified, under those contracts.

applicable law to further object to the assumption and/or assignment of any executory contracts between Timken and the Debtors on any grounds.

WHEREFORE, Timken respectfully requests that the Court sustain the Objection and grant Timken such other relief as the Court deems just and proper.

Dated: February 6, 2008

Respectfully submitted,
McDERMOTT WILL & EMERY LLP

By: /s/ James M. Sullivan
James M. Sullivan (JS-2199)
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444

*Counsel for The Timken Company and Timken U.S. Corp.*