Scott A. Golden (SG-6663)
Dena Copulsky Kaufman (DC-9222)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

Attorneys for XM Satellite Radio Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et. al, | Case No. 05-44481 (RDD) |
| Debtors. | |

------------------------------------------------------------- x

**CURE CLAIM WITH RESPECT TO ASSUMPTION OF OEM RECEIVER
PRODUCTION, MARKETING AND LICENSE AGREEMENT PURSUANT TO FIRST
AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION
AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION**

XM SATELLITE RADIO INC. ("**XM**"), by its attorneys Hogan & Hartson LLP, hereby files this Cure Claim With Respect to Assumption of OEM Receiver Production, Marketing and License Agreement Pursuant to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "**Cure Claim**"), and respectfully states as follows:

1.      On or about October 8, 2005 (the "**Petition Date**"), the above-captioned Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2.      Prior to the Petition Date, XM and Delphi Automotive Systems LLC (the "**Debtor**") (Case No. 05-44640) entered into that certain OEM Receiver Production, Marketing and License Agreement, dated as of June 1, 2004 and effective as of April 16, 2004, as amended

by Amendment 1 dated as of August 15, 2006 and effective as of January 3, 2005, and as may be further amended thereafter from time to time (the "**OEM Agreement**").

3. The Debtor owes XM One Million Seventeen Thousand Four Hundred Eight Dollars and Forty Five Cents ($1,017,448.45) in connection with the OEM Agreement, which amount was previously invoiced to the Debtor by means of invoice #15 dated October 31, 2005. Additional information regarding the basis for the amount owed by the Debtor to XM, including, without limitation, a copy of the above-referenced invoice, will be provided to the Debtor upon request.

4. Pursuant to Section 8.1 of the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "**Plan**"), "[a]ll executory contracts and unexpired leases as to which any of the Debtors is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by Final Order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject pending on or before the Effective Date, (iii) shall have expired or terminated on or prior to December 31, 2007 (and not otherwise extended) pursuant to their own terms, (iv) are listed on the schedule of rejected executory contracts or unexpired leases attached hereto as Exhibit 8.1(a), or (v) are otherwise rejected pursuant to the terms of this Plan."

5. The OEM Agreement has not expired or terminated prior to December 31, 2007 and has not: (1) been previously rejected, (2) been the subject of a motion to reject, (3) been listed on any schedule of rejected executory contracts or (4) otherwise rejected pursuant to the terms of the Plan.

\\\NY - 068843/000022 - 1071280 v2

6. Section 8.2(b) of the Plan, in relevant part, provides:

> The provisions (if any) of each Other Executory Contract or Other Unexpired Lease to be assumed under this Plan which are or may be in default shall be satisfied solely by Cure. Any party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline") . . .

7. On January 25, 2008, the Court entered the order confirming the Plan (the "**Confirmation Order**").

8. Paragraph 25 of the Confirmation Order, in relevant part, provides:

> This Confirmation Order shall constitute an order approving the assumptions described in Article 8.1 of the Plan, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date. The provisions (if any) of each Other Executory Contract or Other Unexpired Lease to be assumed under the Plan which are or may be in default shall be satisfied solely by Cure. Any party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 of the Plan within 45 days after entry of this Confirmation Order (the "Cure Claim Submission Deadline") . . .

9. Both the Plan and the Confirmation Order further provide that the failure to file the proposed Cure Claim by the Cure Claim Submission Deadline will result in any default in existence being deemed cured as of the day after the Cure Claim Submission Deadline and any claim relating to any such default arising on or prior to the entry of the Confirmation Order being forever barred.

–3–

10. Accordingly, XM hereby asserts this Cure Claim against the Debtor in the amount of One Million Seventeen Thousand Four Hundred Eight Dollars and Forty Five Cents ($1,017,448.45).

11. This Cure Claim is being submitted prior to the Cure Claim Submission Deadline and in accordance with the terms and provisions of both the Plan and the Confirmation.

**WHEREFORE**, XM respectfully requests that the Debtor pay XM the Cure Claim in the amount of One Million Seventeen Thousand Four Hundred Eight Dollars and Forty Five Cents ($1,017,448.45) in connection with the assumption of the OEM Agreement.

Dated: February 7, 2008
      New York, New York

HOGAN & HARTSON LLP

By:   /s/ Scott A. Golden
      Scott A. Golden (SG-6663)
      Dena Copulsky Kaufman (DC-9222)
      875 Third Avenue
      New York, New York 10022
      (212) 918-3000 (telephone)
      (212) 918-3100 (facsimile)

Attorneys for XM Satellite Radio Inc.

\\\NY - 068843/000022 - 1071280 v2