Ilan Markus, Esq. (IM7174)
Tyler Cooper & Alcorn, LLP
555 Long Wharf Drive
P.O. Box 1936
New Haven, CT  06509-0906
Phone:  (203) 784-8200
Fax:  (203) 777-1181
imarkus@tylercooper.com

**Objection Deadline: February 8, 2008**
**Hearing Date: TBD**

Counsel to Barnes Group Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

========================================x
                                        :
In re:                                  :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                            Debtors.    :    (Jointly Administered)
========================================x

**OBJECTION OF BARNES GROUP INC. TO CURE AMOUNTS IN DEBTORS'**
**NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO**
**BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION**

Barnes Group Inc.. ("Barnes Group"), hereby files this Objection (the "Objection") to Cure Amounts in Debtors' Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization (the "Plan Assumption Notice").[1] In support of its Objection, Barnes Group respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On or about July 28, 2006, Barnes Group and certain of its affiliates (collectively, "Barnes") timely-filed various proofs of claim (the "Filed Claims") pursuant to which Barnes

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan Assumption Notice.

1

asserted certain prepetition claims related to certain Debtors' failure to pay prepetition amounts due under multiple contracts/purchase orders between Barnes and such Debtors.

3.    On or about December 28, 2006, Longacre Master Fund, Ltd. entered into an agreement with Barnes for assignment of the Filed Claims, and Longacre duly filed notices of transfer of the Filed Claims pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.    On or about January 29, 2008, the Debtor filed the Plan Assumption Notice. Pursuant to the Plan Assumption Notice, the Debtors gave notice of their intent to assume or assume and assign the following three purchase orders between certain Barnes entities and certain Debtors: D0550000961, D0550004570, and D0550006138 (collectively, the "Purchase Orders"). The Debtors also assigned a <u>prepetition</u> Cure Amount of $0.00 to each of the Purchase Orders.

5.    Barnes has not had sufficient time prior to the February 8, 2008 response deadline to determine what portions of the Filed Claims, if any, relate to the Purchase Orders that the Debtors seek to assume pursuant to the Plan Assumption Notice. Accordingly, Barnes objects to a prepetition Cure Amount of $0.00 for each of the Purchase Orders. Once Barnes determines what portions of the Filed Claims, if any, relate to the Purchase Orders, Barnes will share such information, and any supporting documentation, with the Debtors.

6.    Furthermore, Barnes objections to the Cure Amounts to the extent that they seek to limit the Debtors' 11 U.S.C. § 365(b) "cure" obligations to <u>prepetition</u> amounts. Bankruptcy Code section 365(b) provides that "if there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, <u>at the time of the assumption of such contract</u> . . ., the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default . . ." 11 U.S.C. § 365(b)(1)(A) (emphasis added). Clearly, Bankruptcy Code section 365(b) does not limit "cure" obligations to prepetition defaults. As such, the Debtors are required to cure, or provide adequate assurance of their prompt cure, of any postpetition defaults under the Purchase Orders.

7.    Regardless of whether the Debtors are currently in default of their postpetition obligations under the Purchase Orders, because the date of assumption of the Purchase Order

2

is some unknown date in the future, Barnes cannot now know the 11 U.S.C. § 365(b) postpetition "cure" amount under the Purchase Orders.

8.    Accordingly, Barnes objects to any attempt by the Debtors to assume the Purchase Orders free and clear of claims for postpetition arrearages existing at the time of assumption of the Purchase Orders.

9.    Barnes submits that the relevant legal authorities are set forth in this Objection and that no novel issues of law have been raised. Accordingly, Barnes requests that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that they file a memorandum in support of this Objection be deemed satisfied.

10.    Furthermore, Barnes reserves the right to update and/or supplement this Objection.

**[Continued on next page]**

## CONCLUSION

WHEREFORE, Barnes respectfully requests that the Court enter an order: (i) conditioning the Debtors' assumption of the Purchase Orders on the Debtors' curing of any prepetition and postpetition defaults existing under the Purchases Orders at the time of assumption; and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated: February 7, 2008

                                      Respectfully submitted,
                                      BARNES GROUP INC.

                                By:  /s/ Ilan Markus
                                      Ilan Markus, Esq. (IM7174)
                                      Tyler Cooper & Alcorn, LLP
                                      555 Long Wharf Drive
                                      P.O. Box 1936
                                      New Haven, CT 06509
                                      Phone: (203) 784-8200
                                      Fax: (203) 777-1181

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 7, 2008, a copy of the attached, was served on each of the following by overnight mail:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48908

(counsel to the Debtors)
Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
       John K. Lyons
       Randall G. Reese
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

(counsel for the agent under the postpetition credit facility)
Davis Polk & Wardell
Attn: Donald Bernstein
       Brian Resnick
450 Lexington Avenue
New York, New York 10017

(counsel for the official committee of unsecured creditors)
Latham & Watkins LLP
Attn: Robert J. Rosenberg
       Mark A. Broude
885 Third Avenue
New York, New York 10022

(counsel for the official committee of equity security holders)
Fried, Frank, Harris, Shriver & Jacobson LLP
Attn: Bonnie Steingart
One New York Plaza
New York, New York 10004

(counsel for A-D Acquisition Holdings,LLC c/o Appalloosa Management L/P)
White & Case LLP
Attn: Thomas E. Lauria
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131

and

White & Case
Attn: Glenn M. Kurtz
    Gregory Pryor
1155 Avenue of the Americas
New York, New York  10036

(counsel for Harbinger Del-Auto Investment Company, Ltd.)
White & Case LLP
Attn:  Thomas E. Lauria
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida  33131

and

White & Case
Attn:  John M. Reiss
    Gregory Pryor
1155 Avenue of the Americas
New York, New York  10036

Office of the United States Trustee for the Southern District of New York
Attn: Alicia M. Leonhard
33 Whitehall Street, Suite 2100
New York, New York  10004


                                          /s/ Ilan Markus_____
                                          Ilan Markus, Esq.