**MORITT HOCK HAMROFF & HOROWITZ LLP**
400 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK  11530
PHONE:  (516) 873-2000
LESLIE A. BERKOFF (LB-4584)
lberkoff@moritthock.com

AND

**HAHN LOESER + PARKS LLP**
200 PUBLIC SQUARE, SUITE 3300
CLEVELAND, OHIO 44114-2301
PHONE: (216) 621-0150
MICHAEL P. SHUSTER (MS-0067)
ROCCO I. DEBITETTO (OH ID # 0073878)
mpshuster@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel to S & Z Tool & Die Co., Inc. n/k/a S&Z Metalworks Ltd.*

HEARING DATE AND TIME: FEBRUARY 21, 2008, AT 10:00 A.M. E.T.

RESPONSE DATE AND TIME: FEBRUARY 11, 2008, AT 4:00 P.M. E.T.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:                                                                              :    Chapter 11

DELPHI CORPORATION, et al.,                                    :    Case No. 05-44481 (RDD)

                                                            Debtors.    :    (Jointly Administered)

------------------------------------------------------------x

**OBJECTION AND RESPONSE OF S&Z TOOL & DIE CO., INC. N/K/A S&Z METALWORKS LTD. TO (1) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF DEBTORS' BEARINGS BUSINESS, AND (2) ANY CORRESPONDING CURE AMOUNT PROPOSED BY DELPHI OR OTHERWISE**

S & Z Tool & Die Co., Inc. n/k/a S&Z Metalworks Ltd. ("S&Z"), by and through its undersigned counsel of record, hereby objects and responds (the "Objection and Response") to the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Debtors' Bearings Business [Docket No. 12403] (the

CLE - 1052156.1

"Assumption Notice")[1] and any corresponding cure amount proposed by Delphi or otherwise applicable.[2] In further support of its Objection and Response, the S&Z respectfully states as follows:

## BACKGROUND

### General

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC and certain of Delphi's domestic subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Prior to the applicable petition dates, S&Z and Delphi entered into Purchase Order Nos. 550154422, 550162859, and 550154419 (collectively, and as amended, supplemented or otherwise modified, the "Purchase Orders"). The Purchase Orders in effect function as requirements contracts pursuant to which S&Z agreed to provide various goods and services as required by Delphi pursuant to the terms, and subject to the conditions, set forth more fully therein.

### Assumption Notice

3. Pursuant to the Assumption Notice, Delphi seeks to assume and assign the Purchase Orders to ND Acquisition Corp. (together with such other person(s) or entities that may be the successful bidder on the assets subject to sale pursuant to the Bidding Procedures Order, the "Buyer"). (Assumption Notice, ¶¶ 1-2.)

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Assumption Notice.
[2] The Assumption Notice indicates that the Debtors' proposed cure amount with respect to the Purchase Orders (as defined herein) is set forth in a Plan Cure Notice; however, no such Plan Cure Notice has been received by S&Z as of the date of this Objection and Response.

CLE - 1052156.1

**Unpaid Obligations Pursuant to Purchase Orders**

4.      Pursuant to the Purchase Order No. 550154422, as of February 5, 2008, there was due and owing an amount not less than $150,534.70 (together with such other and further obligations due and owing and to become due and owing under such Purchase Order on a post-petition basis or otherwise, the "First Cure Amount").

5.      Pursuant to the Purchase Order No. 550162859, as of February 5, 2008, there was due and owing an amount not less than $12,916.80 (together with such other and further obligations due and owing and to become due and owing under such Purchase Order on a post-petition basis or otherwise, the "Second Cure Amount").

6.      As of January 24, 2008, there were no unpaid obligations pursuant to Purchase Order 550154419; however, to the extent that goods and services are provided pursuant to such Purchase Order prior to the Closing (as defined below), then the obligation to pay for the same in full constitutes a cure amount (all of such obligations, collectively, the "Pre-Closing Obligations" and, together with the First Cure Amount and Second Cure Amount, the "Cure Amounts"). No prepetition obligations are included among the respective Cure Amounts.

7.      The Cure Amounts, itemized on a category-by-category and payee-by-payee basis, are as follows:

**Purchase Order No. 550154422**

| Category | Amount (Not Less Than) | Supporting Detail |
|---|---|---|
| Unpaid Post-Petition Arrearage | $19,403.26 | Exhibit A |
| Unpaid Post-Petition Current Obligations | $131,131.44 | Exhibit A |

CLE - 1052156.1

| | | |
|---|---|---|
| Ongoing Post-Petition Obligations | Amount to be Determined | N/A |
| Total | Not less than $150,534.70 | |

### Purchase Order No. 550162859

| Category | Amount (Not Less Than) | Supporting Detail |
|---|---|---|
| Unpaid Post-Petition Arrearage | $0.00 | N/A |
| Unpaid Post-Petition Current Obligations | $12,916.80 | Exhibit B |
| Ongoing Post-Petition Obligations | Amount to be Determined | N/A |
| Total | Not less than $12,916.80 | |

### Purchase Order No. 550154419

| Category | Amount (Not Less Than) | Supporting Detail |
|---|---|---|
| Ongoing Post-Petition Obligations | Amount to be Determined | N/A |
| Total | To be Determined | |

All Cure Payments should be paid to S&Z Metalworks, Ltd., c/o Kevin Dow, CFO, 3180 Berea Road, Cleveland, Ohio 44111-1595.

CLE - 1052156.1

### Notice of Assignee's Obligation to Pay for Inventory on Hand and Advance Purchase Commitments

8. In order to meet timely the demands and requirements for delivery under the Purchase Orders, S&Z is required (a) to make significant advance purchases of component parts and raw materials, (b) to continue work in progress, (c) to complete and store finished goods (collectively with (a) and (b), the "Inventory"), and (d) to enter into advance purchase commitments with vendors and suppliers for an approximate eight (8) week period at any given time, in order to ensure timely performance pursuant to the Purchase Orders (collectively, the "Advance Purchase Commitments"). In furtherance of S&Z's ongoing obligations pursuant to the Purchase Orders, as of January 30, 2008, S&Z estimates that it has an amount of Inventory on hand in the estimated quantities set forth in Exhibit C attached hereto. While not a technical component of any "cure claim," in the event of termination or non-performance pursuant to any Purchase Order, Delphi or any assignee is obligated to pay (among other obligations) for the then-current Inventory and Advance Purchase Commitments pursuant to the terms, and subject to the conditions, of such Purchase Order and/or applicable law.

### OBJECTION AND RESPONSE

9. Bankruptcy Code Section 365 provides, in pertinent part:

> (a) . . . [S]ubject to the court's approval, [a debtor-in-possession] may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor-in-possession]—
>
>> (A) cures, or provides adequate assurance that the [debtor-in-possession] will promptly cure, such default;

CLE - 1052156.1

>> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

\* \* \*

> (f) . . . (2) The [debtor-in-possession] may assign an executory contract or unexpired lease of the debtor only if—
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(a)-(b)(1) & (2).

### Cure of Defaults Under Purchase Orders

10. The Purchase Orders cannot be assumed and assigned pursuant to the proposed sale of the Bearings Business to the Buyer unless the Cure Amounts are paid in full at or before closing on such sale ("Closing") in connection with the assumption and assignment of the Purchase Orders. 11 U.S.C. § 365(b)(1)(A) & (f)(2)(A). Payment of the Cure Amounts, and all components thereof, must be in the form of cash or other immediately available funds payable to S&Z in amounts not less than those forth herein, as adjusted to account for any pre-Closing purchases or payments by the Debtors under the Purchase Orders. Absent such protections, the Debtors cannot satisfy the requirements for assumption and assignment of the Purchase Orders pursuant to Bankruptcy Code Section 365 and, therefore, the request for assumption and assignment should be denied.

CLE - 1052156.1

**Adequate Assurance of Future Performance Under Purchase Orders**

11.  In addition to payment in full of the Cure Amounts as provided herein, S&Z is also entitled to adequate assurance of the Buyer's future performance under the Purchase Orders. 11 U.S.C. § 365(f)(2)(A). *At a minimum*, such assurance includes a good-faith demonstration satisfactory to S&Z in its sole discretion that Buyer is willing and financially able to perform under all terms of the Purchase Orders (including in respect of the Inventory and Advance Purchase Commitments) on a going-forward basis (collectively "Adequate Assurance of Future Performance"). Such Adequate Assurance of Future Performance in respect of the Buyer must be provided to S&Z; otherwise the Purchase Orders cannot be assumed and assigned as proposed by the Debtors.

## MEMORANDUM OF LAW

12.  Because the legal points and authorities upon which S&Z relies for purposes of this Objection and Response are incorporated into this Objection and Response, S&Z respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

13.  S&Z reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to call all necessary or proper witnesses to testify in support of this Objection and Response; and (c) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption

and assignment of any contracts involving S&Z including, without limitation, on the grounds that notice of such relief and an opportunity to object thereto was not properly afforded to S&Z.

## CONCLUSION

WHEREFORE, S&Z respectfully requests that the Court enter an Order (a) sustaining this Objection and Response in its entirety and conditioning any assumption and/or the assumption and assignment of the Purchase Orders on (1) payment in full, at or before Closing, of the Cure Amounts due as of the date of the assumption and assignment of the Purchase Orders in cash or other immediately available funds payable S&Z in amounts not less than $150,534.70, in the case of Purchase Order No. 550154422; $12,916.80, in the case of Purchase Order No. 550162859; and the Pre-Closing Obligations, if any, in the case of Purchase Order No. 550154419, as set forth herein; and (2) a demonstration of Adequate Assurance of Future Performance that is satisfactory to S&Z in its reasonable discretion; and (b) providing S&Z with such other and further relief to which it is justly entitled.

Dated: February 7, 2008

Respectfully submitted,

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, New York  11530
Phone: (516) 873-2000
lberkoff@moritthock.com

AND
/s/ Michael P. Shuster
Michael P. Shuster (MS-0067)
Rocco I. Debitetto (OH ID # 0073878)
Hahn Loeser + Parks LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
Phone: (216) 621-0150
mpshuster@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel to S & Z Tool & Die Co., Inc. n/k/a S&Z Metalworks Ltd.*

CLE - 1052156.1