**Hearing Date: To be Determined**

Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
Tel: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to the AT&T Entities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Delphi Corporation, *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**OBJECTION OF AT&T AND ITS RELATED ENTITIES TO DEBTORS' NOTICE
OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE
ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION**

AT&T Corp., AT&T Global Services f/k/a SBC Global, SBC Advanced Solutions, SBC Long Distance, SBC Yellow Pages, SBC Advanced Solutions, Inc., SBC Datacomm, Cingular Wireless n/k/a AT&T Mobility LLC, Bellsouth Telecommunications, Inc., and their related entities (collectively the "AT&T Entities"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to the Debtors' Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization.  In support of the Objection, the AT&T Entities respectfully represent as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Dates, the AT&T Entities provided certain telecommunications services and related services to the Debtors pursuant to various agreements (the "Agreements") between the Debtors and certain of the AT&T Entities (or their affiliates).

3. The AT&T Entities filed various pre-petition claims (as amended from time to time)[1] against the Debtors' estates aggregating approximately $8,255,577 (the "Pre-Petition Amount") arising from services provided by the AT&T Entities to the Debtors.[2]

4. The AT&T Entities are still providing services to the Debtors pursuant to the contractual terms of the Agreements (through "migration" clauses or otherwise).

5. The Debtors currently owe the AT&T Entities approximately $2,598,263 on account of post-petition services provided by the AT&T Entities to the Debtors.[3]

6. On December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan") (Docket No. 11386).

---

[1] The full list of the proofs of claim filed by the AT&T Entities is set forth in the AT&T Entities' Objection to the Debtors' Claims Estimation Motion (Docket No. 11915) and is incorporated herein by reference.

[2] The Debtors and the AT&T Entities have recently reached an accord (subject to documentation) fixing the amount of the claims filed by the AT&T Entities.

[3] The AT&T Entities are reviewing their books and records to determine the precise amount of post-petition amounts owing and reserve the right to amend the amount referenced in paragraph 5 of this Objection.

7. Pursuant to Article 8.1(a) of the Plan, all executory contracts and unexpired leases shall be deemed automatically assumed in accordance with §§ 365 or 1123 of the Bankruptcy Code, as of the Effective Date, unless such contract (i) was previously rejected, (ii) was the subject of a motion to reject, (iii) expired or terminated on or prior to December 31, 2007 and not otherwise extended, (iv) is listed on the schedule of rejected contracts and leases -- Exhibit 8.1(a) to the Plan, or (v) is otherwise rejected pursuant to the Plan.

8. On December 28, 2007, the Debtors filed Exhibit 8.1(a) to the Plan which purportedly lists those contracts to be rejected.

9. The Agreements are not listed on Exhibit 8.1(a) and have not otherwise been rejected.

10. On January 10, 2008, the AT&T Entities filed a limited objection to confirmation of the Debtors' Plan (Docket No. 11894).

11. On January 25, 2008, the Bankruptcy Court entered an order confirming the Debtors' Plan.

12. On January 29, 2008, the Debtors filed that certain Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Notice").

13. The Agreements, however, were not listed in the Notice, despite the fact that Article 8.1 of the Plan provides that executory contracts are deemed assumed unless, among other things, expressly rejected.

**OBJECTION**

14. In connection with the Court's approval of the assumption or the assumption and assignment of the Agreements, the Court should require the Debtors and/or their assignee(s) to pay the Pre-Petition Amount (as well as any outstanding post-petition amounts) to the AT&T Entities. *See* 11 U.S.C. § 365(b)(1)(A)&(B).

15. The AT&T Entities recognize that, generally, a debtor, with the Court's approval, may assume or assume and assign executory contracts or unexpired leases. Indeed, § 365(a) provides that "the trustee, subject to the court's approval, may assume or reject any executory contact or unexpired lease of the debtor." 11 U.S.C. § 365(a).

16. However, if there are defaults under the executory contract or lease to be assumed, such executory contract or lease may not be assumed until all defaults are cured, the debtor compensates the non-debtor party for any actual pecuniary loss resulting from the default and provides the nondebtor party adequate assurance of future performance under such executory contract or lease. *See* 11 U.S.C. § 365(b).

17. Accordingly, for the Debtors to assume or assume and assign the contracts with the AT&T Entities, the Debtors must, at a minimum, pay the AT&T Entities all outstanding amounts due and owing under the contracts and as amounts continue to accrue on a daily basis, any other sums that become due prior to the assumption and assignment of the contracts.

18. Accordingly, the AT&T Entities respectfully request that the Debtors be

-4-

required to pay the Pre-Petition Amount and any post-petition amounts owing.[4]

**WHEREFORE,** the AT&T Entities respectfully request that the Court (i) require that the Debtors pay the Pre-Petition Amount (as such amount has been modified pursuant the agreement reached between the Debtors and the AT&T Entities), (ii) require that the Debtors pay the AT&T Entities any outstanding post-petition amounts, and (iii) grant such other and further relief as is just and proper.

Dated: February 7, 2008    Respectfully submitted,

By: */s/ Eric H. Horn*
Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
Phone: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to the AT&T Entities*

---

[4] To the extent that the Debtors intend on assuming and assigning the Agreements, the AT&T Entities reserve the right to request an appropriate showing of adequate assurance of future performance.