PEPPER HAMILTON LLP
Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

and

Henry J. Jaffe (DE Bar No. 2987)
James C. Carignan (DE Bar No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Counsel for SKF US Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., : | |
| : | (Jointly Administered) |
| Debtors. : | |
| : | |
| : | |

### SKF USA INC.'S (I) OBJECTION TO NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION; (II) PRELIMINARY STATEMENT OF CURE AMOUNTS WITH RESPECT TO ALL EXECUTORY CONTRACTS THAT HAVE NOT BEEN PREVIOUSLY ASSUMED; AND (III) PRELIMINARY REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM

SKF USA Inc. ("SKF") hereby files this:

(1) Objection to the Notice Of Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (with respect to Purchase Orders Numbered D0550076084, D0550075896, D0550076233, and D0550034207);

#9271989 v1

(2) Preliminary Statement of Cure Amounts with respect to all executory contracts, which have not previously been assumed, that are being assumed or assumed and assigned pursuant to the Plan or otherwise; and

(3) Preliminary Request for Allowance of Administrative Expense Claim.

**SKF also hereby provides notice to the Debtors that it elects to be paid in cash for all cure amounts due and owing to it for any executory contract assumed by the Debtors, whether assumed pursuant to the Steering Sale Motion, the Debtors' plan of reorganization or otherwise.**[1]

In support hereof, SKF states as follows:

## INTRODUCTION

1. SKF and debtor Delphi Automotive Systems, LLC ("DASL"), and/or debtor Delphi Corporation ("DelCorp"), and/or one or more of DASL or DelCorp.'s debtor affiliates (collectively, the "Debtors") are parties to certain contracts that SKF believes are, were or may be pre-petition executory contracts or are post-petition contracts.[2]

---

[1] Pursuant to the Plan and various motions and notices, the Debtors have created different procedures for counterparties to object to the proposed assumption of executory contracts and the proposed cure amounts relating to such contracts, each with different deadlines. SKF has followed the applicable procedures in each instance, and is filing this objection, in part, in response to a notice of cure amount served on Jan. 29, 2008, notifying SKF of the Debtors' proposed cure amount in connection with their assumption of certain of the executory contracts between SKF and one or more of the Debtors in connection with the Debtors' confirmed Chapter 11 Plan of Reorganization.

Because there are several deadlines that theoretically apply to each of the executory contracts (or non-executory contracts that the Debtors nonetheless seek to assume), SKF is also including in this response its objections to the cure amounts associated with all of its executory contracts with the Debtors that have not previously been assumed, and is also seeking the allowance of all of its administrative expense claims incurred through February 6, 2008. SKF reserves its right to increase its cure claim and/or administrative expense claim to include any amounts incurred on or after February 6, 2008.

SKF requests that this Court schedule a single hearing on all issues relating to the assumption of SKF's executory contracts and its administrative expense claims in the interest of judicial economy.

[2] To the extent any pre-petition contract has expired or has been terminated pursuant to its terms and is no longer executory, such contract cannot be assumed. SKF's inclusion in this pleading of any such contract shall not
(continued...)

2.  Pursuant to the Debtors' confirmed Plan of Reorganization, the Debtors will be assuming all executory contracts between any of them and third parties as of the Effective Date of the Plan, with exceptions not relevant here.

3.  Earlier in the Debtors' bankruptcy proceeding, the Debtors and SKF entered into an assumption agreement, whereby the Debtors assumed some, but not all, of the executory contracts existing between SKF and one or more of the Debtors. As such, the previously-assumed contracts, for which the Debtors have paid any required cure amounts pursuant to the agreement relating to their assumption, are not subject to the Plan's assumption procedures.

4.  Pursuant to 11 U.S.C. § 365(b)(1)(A), a debtor may not assume any pre-petition executory contract unless it cures any existing defaults. In addition, a debtor must provide adequate assurance of future performance under such executory contract. 11 U.S.C. § 365(b)(1)(C). As such, a non-debtor party to an executory contract is entitled to both the cure of all defaults under such contract and the future performance of all outstanding contract obligations existing under such contract (including obligations relating to claims that have accrued, but are not yet in default). Therefore, SKF is entitled to payment in full of all amounts due and owing under an assumed executory contract, whether as a cure claim (if such amount is in default) or as an administrative expense claim (if such amount accrued prior to assumption but the Debtors are not in default as of such date).

---

(continued...)

be deemed an admission that such contract is executory and may be assumed. SKF reserves its right to object to the assumption of an expired or terminated contract.

## OBJECTION TO PLAN CURE NOTICES

5.     On January 29, 2008, the Debtors served cure notices relating to the following four purchase orders between the one or more of the Debtors and SKF: D0550076083, D0550075896, D0550076233 and D0550034207. The Debtors asserted that there were no amounts in default for any of these purchase orders. SKF hereby elects to be paid in full, in cash, for all cure claims relating to these purchase orders.

6.     <u>Purchase Orders Number D0550034207, D0550076083 and D0550075896</u>. These purchase orders either have expired on or before December 31, 2007 or have been terminated pursuant to their terms, and therefore are no longer executory contracts that can be assumed. SKF objects to the proposed assumption of these expired or terminated contracts. SKF agrees that there were no amounts due and unpaid relating to these purchase orders through February 6, 2008.

7.     <u>Purchase Order Number 550076233</u>. The cure notices related to this purchase order states that there are no defaults under this purchase order. SKF agrees that there were no amounts due and unpaid as of the Petition Date relating to this purchase order. However, as of February 6, 2008, the outstanding and unpaid invoices relating to this purchase order total $9,406.80. To the extent any portion of this amount is in default as of the assumption date, SKF asserts a cure claim for such amount. To the extent any portion of this amount is not in default as of the assumption date, SKF asserts a right to an administrative expense claim for such amount.

8.     To the extent that the Debtors incur additional obligations to SKF relating to the purchase order identified in paragraph 7 between February 6, 2008 and the Effective Date of the Plan, such additional amounts must be added to SKF's cure claim (if the Debtors are in

-4-

default) or administrative expense claim (if the Debtors are not in default). SKF reserves the right to include such amounts in its cure claim or administrative expense claim.

### SKF'S CURE CLAIMS FOR ALL REMAINING EXECUTORY CONTRACTS

9. The Debtors' Plan provides that all executory contracts that have not terminated on or prior to December 31, 2007 (with some exceptions not relevant here) will be assumed on the Effective Date. In addition to the cure claims set forth in paragraphs 5 – 8 above, SKF requests that this Court grant it cure claims, to be paid in full, in cash, as follows:

10. Purchase Order SAG9014765.[3] SKF agrees that there were no amounts due and unpaid as of the Petition Date relating to this purchase order. However, as of February 6, 2008, there were unpaid invoices relating to this purchase order, which are currently in default or may be in default as of the date the contract is assumed, in the amount of $2,201.00. To the extent any portion of this amount is in default as of the assumption date, SKF asserts a cure claim for such amount. To the extent any portion of this amount is not in default as of the assumption date, SKF asserts a right to an administrative expense claim for such amount.

11. Purchase Order SAG9012726.[4] As of the Petition Date, SKF was owed $83,147.38 for invoices issued pursuant to this purchase order. As of February 6, 2008, there were post-petition unpaid invoices relating to this purchase order, which are currently in default or may be in default as of the date the contract is assumed, in the amount of $195,125.00 . Thus,

---

[3] The Debtors have provided notice to SKF that it intends to assume this contract in connection with the sale of its steering and halfshaft business, if such sale closes prior to the Effective Date of the Plan. If the sale does not close prior to the Effective Date of the Plan, the Debtors intend to assume this purchase order pursuant to the terms of the Plan.

[4] The Debtors have provided notice to SKF that it intends to assume this contract in connection with the sale of its steering and halfshaft business, if such sale closes prior to the Effective Date of the Plan. If the sale does not close prior to the Effective Date of the Plan, the Debtors intend to assume this purchase order pursuant to the terms of the Plan.

#9271989 v1

the total amount due and owing to SKF as of February 6, 2008, relating to this purchase order is $278,272.38. To the extent any portion of this amount is in default as of the assumption date, SKF asserts a cure claim for such amount. To the extent any portion of this amount is not in default as of the assumption date, SKF asserts a right to an administrative expense claim for such amount.

12. <u>Purchase Order SAG9014642</u>.[5] As of the Petition Date, SKF was owed $4,299.52 for invoices issued pursuant to this purchase order. As of February 6, 2008, there were post-petition unpaid invoices relating to this purchase order, which are currently in default or may be in default as of the date the contract is assumed, in the amount of $710.00. Thus, the total amount due and owing to SKF as of February 6, 2008, relating to this purchase order is $5,009.52. To the extent any portion of this amount is in default as of the assumption date, SKF asserts a cure claim for such amount. To the extent any portion of this amount is not in default as of the assumption date, SKF asserts a right to an administrative expense claim for such amount.

13. To the extent that the Debtors incur additional obligations to SKF relating to the purchase orders identified in paragraphs 10 through 12, between February 6, 2008 and the Effective Date of the Plan (or any earlier assumption date), such additional amounts must be added to SKF's cure claim (if the Debtors are in default) or administrative expense claim (if the Debtors are not in default). SKF reserves the right to include such amounts in any cure claim or administrative expense claim.

---

[5] SKF has not received any notice from the Debtors relating to the assumption of this purchase order.

## ADMINISTRATIVE EXPENSE CLAIMS[6]

14.     In addition to administrative expense claims for amounts the Debtors have incurred pursuant to executory contracts being assumed, but for which they are not in default, as set forth above, SKF also asserts a right to administrative expense claims relating to previously assumed executory contracts, expired pre-petition contracts and post-petition contracts, as follows.

15.     The Debtors previously assumed the following purchase orders: Purchase Orders Numbered 550168745, 550168748, and 550168749. The following pre-petition purchase order expired prior to December 31, 2007, and therefore is not being assumed pursuant to the terms of the Plan: Purchase Order Numbered SAG9012730. The following purchase orders were entered into post-petition: Purchase Orders Numbered 450588838, 450484970, 450484978, 450484979, 450489100, 450506102, 450528457, SAG9016236, SAG9016280, SAG9016383, SAG9015996, SAG9016242, and SAG9016243.

16.     Purchase Order SAG9012730. As of February 6, 2008, there were unpaid post-petition invoices relating to this purchase order in the amount of $1,876.70. Thus, the total amount of SKF's administrative expense priority claim as of February 6, 2008, relating to this purchase order is $1,876.70.[7]

17.     As of February ___, 2008, the outstanding and unpaid post-petition invoices relating to the previously-assumed purchase orders totaled:

---

[6] SKF will file a form administrative expense claim, substantially in the form attached to the Plan as Exhibit 10.5, on or before the Administrative Claims Bar Date, which will include these amounts as well as any amounts incurred by the Debtors prior to the Effective Date, minus any payments received.

[7] Previously, SKF filed a proof of claim for pre-petition amounts due and owing under various purchase orders, including Purchase Order SAG9012730. Except to the extent pre-petition amounts owed to SKF under certain purchase orders are actually allowed as cure claims, and are paid in full, nothing herein shall be deemed to modify, amend or supersede SKF's filed proofs of claim.

#9271989 v1

| Purchase Order | Total Outstanding Invoices |
|---|---|
| 550168745 | $383,308.80 |
| 550168748 | $1,038,634.00 |
| 550168749 | $209,554.80 |

18. As of February 6, 2008, the outstanding and unpaid post-petition invoices relating to the post-petition purchase orders totaled:

| Purchase Order | Total Outstanding Invoices |
|---|---|
| 450588838 | $147.36 |
| 450484970 | $188.50 |
| 450484978 | $177.50 |
| 450484979 | $753.00 |
| 450489100 | $100.80 |
| 450506102 | $43.20 |
| 450528457 | $550.25 |
| SAG9016236 | $0 |
| SAG9016280 | $0 |
| SAG9016383 | $0 |
| SAG9015996 | $84,565.80 |
| SAG9016242 | $26,973.30 |
| SAG9016243 | $49,136.73 |

19. SKF is entitled to payment in full, in cash, of all post-petition invoices issued under the purchase orders identified in paragraphs 16 – 19.

20. To the extent that the Debtors incur additional obligations to SKF relating to the purchase orders identified in paragraphs 16 - 19, between February 6, 2008 and the Effective Date of the Plan, such additional amounts must be added to SKF's administrative

-8-

#9271989 v1

expense claim. SKF reserves the right to include such amounts in its administrative expense claim.

21. In addition, SKF reserves the right to file additional administrative expense claims relating to any other post-petition obligation incurred by the Debtors prior to the applicable bar date.

22. Attached hereto at Exhibit A is a chart listing all of the outstanding invoices for each purchase order identified herein. Attached as Exhibit B are true and correct copies of each invoice.

#9271989 v1

WHEREFORE, SKF respectfully requests that this Court (a) as to executory contracts being assumed pursuant to the terms of the Plan or the Steering Sale Motion, (i) allow SKF's cure claims, to be paid in full in cash prior to the assumption of its executory contracts, in the full amount of all outstanding obligations for which the Debtors are in default relating to such executory contracts on the assumption date and (ii) allow SKF's administrative expense priority claims, to be paid in full in cash on the Effective Date, for all outstanding amounts not in default as of the assumption date; (b) grant SKF administrative expense priority claims, to be paid in full in cash, in the full amount of all outstanding and unpaid obligations as of the Effective Date, relating to previously-assumed contracts or post-petition contracts; and (c) grant such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Linda J. Casey
Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
PEPPER HAMILTON LLP
3000 Two Logan Square,
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

-and-

Henry J. Jaffe
James C. Carignan
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
(302) 777-6500
Counsel for SKF USA Inc.

DATED: February 7, 2008

#9271989 v1