CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
Joel D. Applebaum (Mich. Bar No. P36774)
admitted *pro hac vice*
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**OBJECTION OF MASTER AUTOMATIC, INC. TO NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION**

Master Automatic, Inc. ("Master Automatic"), respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "Debtor") have issued a *Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization* dated January 29, 2008 (the "Cure Notice"). In the Cure Notice, the Debtor identifies one purchase order issued to Master Automatic that the Debtor wishes to assume or assume and assign (the "Purchase Order") and identifies the corresponding cure amount that the Debtor believes is due and owing under the Purchase Order. The Cure Notice also indicates that the Debtor believes it is current on all postpetition obligations under the Purchase Order.

2. Master Automatic hereby objects to the Cure Notice inasmuch as the cure amount identified with respect to the Purchase Order is incorrect. Specifically, with respect to Purchase

5555458.1 02213/103399

Order No. D0550051283, there is a prepetition balance owed to Master Automatic in the amount of $6,660.10 and a postpetition balance owed to Master Automatic in the amount of $953.86 (the Cure Notice indicates $0.00 owed). All of the prepetition amounts referenced above are reflected in a timely-filed proof of claim filed by Master Automatic.

3. Master Automatic also objects to the Cure Notice insofar as it will have performed postpetition under the Purchase Order and accrued work-in-process that, as of the prospective time of assumption and assignment, may not yet have become an account receivable. Master Automatic submits that adequate assurance must be provided to it pursuant to Section 365 of the Bankruptcy Code for the payment of such amounts as they become accounts receivable.

4. Master Automatic further objects to the adequacy and accuracy of the Cure Notice insofar as there are any other pre- or post-petition purchase orders with Master Automatic that are to be assumed and assigned but have not been included in the Cure Notice for any reason.

5. Master Automatic reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: February 8, 2008                    Respectfully submitted,

                                           CLARK HILL PLC

                                           /s/ Joel D. Applebaum
                                           Joel D. Applebaum (Mich. Bar No. P36774)
                                           500 Woodward Avenue, Suite 3500
                                           Detroit, Michigan 48226-3435
                                           (313) 965-8572
                                           japplebaum@clarkhill.com

                                           Counsel to Master Automatic, Inc.

-2-

5555458.1 02213/103399