Honigman Miller Schwartz and Cohn LLP
Aaron M. Silver (Michigan Bar No.: P65481)
Attorneys for Quasar Industries, Inc.
2290 First National Building
660 Woodward Avenue, Suite 2290
Detroit, Michigan  48226
Telephone:  (313) 465-7560
Facsimile:  (313) 465-7561
Email:  asilver@honigman.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

          Chapter 11

DELPHI CORPORATION, et al.,

          Case No.  05-44481 (RDD)

    Debtors.

          (Jointly Administered)

_____/

**QUASAR INDUSTRIES, INC.'S OBJECTION TO NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION**

Quasar Industries, Inc. ("Quasar") hereby files this objection (the "Objection") to the Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan of Reorganization.

**QUASAR HEREBY PROVIDES NOTICE TO THE DEBTORS THAT IT ELECTS TO BE PAID IN CASH FOR ALL CURE AMOUNTS DUE AND OWING TO IT FOR ANY EXECUTORY CONTRACT ASSUMED BY THE DEBTORS.**

In support hereof, Quasar states as follows:

## *INTRODUCTION*

Quasar files this Objection because the proposed cure amount listed by the Debtors may be incorrect.

## *BACKGROUND*

1. On or about January 11, 2006, Quasar filed a proof of claim against Delphi Automotive Systems, LLC assigned claim number 1935 ("Claim No. 1935"), and Quasar also filed a proof of claim against Delphi Corporation assigned claim number 4640 ("Claim No. 4640"). Because Quasar was unable to determine the appropriate entity against which to file its claim, Claim No. 1935 and Claim No. 4640 each asserted a claim in the amount of $ 528,714.83.

2. On or about April 10, 2006, Quasar sold Claim No. 1935 to Credit Suisse. Upon information and belief, Claim No. 1935 was subsequently further assigned to Contrarian Funds.

3. On December 21, 2006, Claim No. 4640. was expunged in accordance with the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging (I) Equity Claims, (II) Claims Duplicative of Consolidated Trustee or Agent Claims and (III) Duplicate and Amended Claims Identified in the Second Omnibus Claims Objection.

4. The Debtors have provided the Notice of Cure Amount With Respect to Executory Contracts To Be Assumed or Assigned Under Plan of Reorganization ("Cure Notice"). The Cure Notice proposes to assume or assign the purchase orders between Delphi Automotive Systems, LLC and Quasar relating to Delphi part number 25312656 and Delphi part number 25323441 (the "Contracts"), which are currently reflected on purchase order numbers D0550125896 and D0550125897. The Cure Notice proposes to pay no cure amount on account of the Contracts.

5. As of the petition date, the total owing to Quasar under the Contracts was $528,714.83.

6. In addition, a variable amounts is owing to Quasar for post-petition shipments under the Contracts.

7. Documentation supporting this objection is confidential and therefore not included herein, but is available upon the Debtors' request.

8. Quasar timely returned an executed Cure Notice prior to the deadline.

9. Quasar is entitled to payment in full, in cash, of all pre and post-petition amounts owing to Quasar under the Contracts accrued prior to the assignment date.

10. Quasar reserves the right to amend or supplement this Objection as additional facts are discovered.

## *ARGUMENT*

11. Section 365(b)(1) of the Bankruptcy Code provides that "if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption … the trustee (A) cures … such default."

12. An executory contract may not be assumed in part or rejected in part. In re Teligent, Inc., 268 B.R. 723 (Bankr. S.D. N.Y. 2001). The debtor must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. In re Adelphia Bus. Solutions, Inc., 322 B.R. 51 (Bankr. S.D. N.Y. 2005). As conditions of the contract's assumption, the debtor is required to cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom. In re National Gypsum

3

Co., 208 F.3d 498 (5th Cir. 2000).  The assumption of a contract by the trustee constitutes an assumption by the estate of the bankrupt's liabilities, not as a matter of granting a distributive share, but by performance in full, just as if bankruptcy had not intervened.  <u>Vilas and Sommer Inc. v. Mahony</u>, 576 F.2d 128 (8th Cir. 1978).  Consistent therewith, the requirement to cure those liabilities of the bankrupt would not be nullified even if the liability of the debtor would be otherwise discharged under Section 1141(d).  <u>In re National Gypsum Co.</u>, 208 F.3d 498 (5th Cir. 2000).

13.    Because the legal points and authorities upon which this Objection relies are incorporated and do not represent novel theories of law, Quasar requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(h) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

### *RELIEF REQUESTED*

Quasar requests that the Court (a) condition the assumption and assignment of the contracts upon payment of the correct cure amount, and (b) grant such further relief as this Court deems just and proper.

Respectfully submitted,
**Honigman Miller Schwartz and Cohn LLP**
Attorneys for Quasar Industries, Inc.

By:  /s/ Aaron M. Silver
    Aaron M. Silver (Michigan Bar No. P65481)
2290 First National Building.
660 Woodard Ave., Suite 2290
Detroit, MI  48226
(313) 465-7560
email address:  asilver@honigman.com

Dated:  February 8, 2008

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Objection of Quasar Industries, Inc. to the Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under the Plan of Reorganization has been served upon the following parties by Federal Express Mail this 8th day of February, 2008:

Delphi Corporation
5725 Delphi Drive
Troy, MI  48098
Attn:  Deputy General Counsel, Transactions
& Restructuring

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606
Attn:  John K. Lyons
          R. E. Meisler

White & Case LLP
Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL  33131
Attn:  Thomas E. Lauria

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017
Attn:  Donald Bernstein
          Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY  10022
Attn:   Robert J. Rosenberg
           Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
Attn:   Bonnie Steingart

White & Case LLP
1155 Avenue of the Americas
New York, NY  10036
Attn:   Glenn M. Kurtz
           Gregory Pryor

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 3100
New York, NY  10004
Attn:  Alicia M. Leonhard

Respectfully submitted,
**Honigman Miller Schwartz and Cohn LLP**
Attorneys for Quasar Industries, Inc.

By: /s/ Aaron M. Silver
     Aaron M. Silver (Michigan Bar No. P65481)
2290 First National Building.
660 Woodard Ave., Suite 2290
Detroit, MI  48226
(313) 465-7560
email address:  asilver@honigman.com

DETROIT.2978366.1