UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
    In re                                     :     Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :     Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :     (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

STIPULATION AND AGREED ORDER RESOLVING OBJECTION OF
SABIC INNOVATIVE PLASTICS US LLC TO ASSUMPTION AND/OR
ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE
TO PURCHASERS IN CONNECTION WITH SALE OF
<u>INTERIORS AND CLOSURES BUSINESS AND RELATED MATTERS</u>

("DELPHI-SABIC CLAIMS RESOLUTION STIPULATION")

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectedly, the "Debtors"), filed voluntary petitions in this court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108; and

WHEREAS, the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

WHEREAS, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

WHEREAS, General Electric Company ("GE"), the predecessor-in-interest to SABIC Innovative Plastics US LLC ("SABIC Innovative Plastics"), entered into the agreements with the Debtors set forth on Schedule 1 (such agreements, as amended (the "SABIC Agreements"); and

WHEREAS, on October 15, 2007, the Debtors filed an Expedited Motion for Orders Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date and (B) Authorizing and Approving (I) Sale of Certain of Debtor's Assets Comprising Substantially All the Assets Primarily Used in Debtors' Cockpits and Interior Systems, and Integrated Closure Systems Businesses Free and Clear of Liens, Claims, and Encumbrances, (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Assumption of Certain Liabilities (the "Interiors and Closures Businesses Sale Motion"); and

WHEREAS, on October 26, 2007, the Court entered an order approving the bidding procedures relating to the Interiors and Closures Businesses Sale (the "Sale") Motion (the "Interiors and Closures Businesses Bidding Procedures Order"); and

WHEREAS, pursuant to the Interiors and Closures Businesses Bidding Procedures Order, the Court scheduled a hearing on the sale (the "Sale Hearing") for December 20, 2007 at 10:00 a.m., and established a deadline for objections to the sale (the "Objection Deadline") for December 13, 2007; and

WHEREAS, on November 30, 2007, the Debtors filed the Notice of Assumption And/Or Assignment of Executory Contract or Unexpired Lease To Purchasers (the "Interiors Purchasers") In Connection With Sale of Interiors and Closures Businesses (the "Assumption

Notice") and the Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Interiors And Closures Businesses (the "Cure Notice") with the Court; and

WHEREAS, on December 10, 2007, SABIC Innovative Plastics filed the Objection of SABIC Innovative Plastics to Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers and Proposed Cure Amount in Connection with Sale of Interiors and Closures Business (Docket No. 11368) (the "SABIC Innovative Plastics Objection"); and

WHEREAS, on December 20, 2007, the Debtors and SABIC Innovative Plastics (the "Parties") agreed to continue the hearing with respect to the SABIC Innovative Plastics Objection to January 25, 2008; and

WHEREAS, the following Proofs of Claims have been filed, as set forth below, in the Debtors' chapter 11 cases (the "SABIC Innovative Plastics Proofs of Claims"):

a. GE, doing business through its business unit GE Polymershapes, filed Proof of Claim number 11939, in the amount of $757.82. This claim was transferred to SABIC Innovative Plastics, as evidenced by a Notice of Transfer of Claim pursuant to Federal Bankruptcy Rule 3001, filed on October 16, 2007 (Docket No. 10615).

b. GE, doing business through its business unit GE Plastics, filed Proof of Claim number 11473, in the amount of $5,256,752.18. $4,094,636.48 of the claim represented by this Proof of Claim was transferred to SABIC Innovative Plastics, as evidenced by a Notice of Transfer of Claim pursuant to Federal Bankruptcy Rule 3001, filed on October 16, 2007 (Docket No. 10613). SABIC Innovative Plastics did not acquire the remainder of the claim (the "GE Portion of the Claim"), but has the authority to collect the GE Portion of the Claim and the duty to remit the GE Portion of the Claim to GE, in accordance with the terms of the Sub-Servicing Agreement, dated as of August 31, 2007, by and between SABIC Innovative Plastics and GE.

c. GE, doing business through its business unit GE Commercial Materials SA de CV, filed Proof of Claim number 11310, in the amount of $1,206,987.71. This claim was transferred to SABIC Innovative Plastics, as evidenced by a Notice of Transfer of Claim pursuant to Federal Bankruptcy Rule 3001, filed on October 16, 2007 (Docket No. 10614); and

3

WHEREAS the Debtors have filed objections to the SABIC Innovative Plastics Proofs of Claims as part of the Twenty-First Omnibus Objection to Claims (Docket No. 9535) filed on September 21, 2007 and the Twenty-Fourth Omnibus Objection to Claims (Docket No. 11588) filed on December 21, 2007; and

WHEREAS, on December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan");

NOW THEREFORE, Delphi and SABIC Innovative Plastics hereby stipulate and agree (which stipulation when "so ordered" by the Bankruptcy Court shall constitute an order in the above captioned cases) as follows:

1. <u>Assumption of Agreements</u>.  Upon the earlier of the effective date of the Plan (the "Effective Date") and the closing of the Sale (the "Closing Date"), the Debtors shall assume the SABIC Agreements, including all purchase orders issued thereunder then in effect under their terms (the "Assumed Agreements"), giving effect to all amendments and supplements to the Assumed Agreements then in effect under their terms, and as amended by the terms of the letter agreement attached hereto as Exhibit 1 (the "2008 Letter Agreement").

2. <u>Amendment of 2004 Contract</u>.  Upon the assumption of the SABIC Agreements, the 2004 Contract (as defined in Schedule 1 hereof) shall be amended to create two separate agreements (the "2008 Assigned Contract" and the "2008 Retained Contract") as set forth in the 2008 Letter Agreement.

3. <u>Assignment of Assumed Agreements</u>.  Upon the Closing Date, the Debtors shall assign the 2008 Assigned Contract, the 2003 Contract, and the 2002 Contract (each as

4

defined in Schedule 1 attached hereto, and together, the "Assigned Agreements") to the Interiors Purchasers.

   4. <u>Cure Payment and Release Related to Assigned Agreements</u>.  Promptly following the Closing Date, the Debtors shall pay to SABIC Innovative Plastics an amount equal to $119,643.34 in full satisfaction of any and all existing defaults under the Assigned Agreements.  Effective as of the date of entry of this Stipulation, the Debtors shall release SABIC Innovative Plastics from any monetary obligations to the Debtors arising under the 2003 Agreement before September 1, 2007 and arising under the 2002 Agreement before September 28, 2007.

   5. <u>Cure Payment and Release Related to 2008 Retained Contract</u>.  Consistent with the relevant terms of the Debtors' Plan and the 2008 Letter Agreement, the Debtors shall pay to SABIC Innovative Plastics an amount equal to $2,199,917.19 in full satisfaction of any and all existing defaults under the 2008 Retained Contract.  Effective as of the date of entry of this Stipulation, the Debtors shall release SABIC Innovative Plastics from any monetary obligations to the Debtors arising under the 2008 Retained Contract before December 31, 2007.

   6. <u>Cure Payments Net; SABIC Innovative Plastics Proofs of Claim</u>.  The payments to be made by Delphi pursuant to the terms hereof are net of all amounts that SABIC Innovative Plastics owes to Delphi under the SABIC Agreements and shall be in full settlement of the SABIC Innovative Plastics Proofs of Claim.  Upon the payments of the amounts owed by the Debtors to SABIC Innovative Plastics under the terms hereof, the SABIC Innovative Plastics Proofs of Claim shall be deemed withdrawn.

   7. <u>Withdrawal of Objection</u>.  Upon the entry of this Stipulation and Agreed Order by the Bankruptcy Court, SABIC Innovative Plastics hereby withdraws its objections

(Docket Nos. 11010, 11011, and 11368) filed in response to the Notices of Assumption /Assignment and/or Cure Amount With Respect to Executory Contract or Unexpired Lease To Be Assumed and Assigned in Connection with the Sale of Interiors and Closures Business.

       8.    <u>Successors and Assigns</u>.  The terms hereof shall be binding upon, and inure to the benefit of, the Parties and their respective successors, and assigns, including any trustee appointed in these chapter 11 cases and any chapter 7 trustee if any of these chapter 11 cases is converted to a chapter 7 case.

       9.    <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all other prior agreements and understandings, both written and oral, between the Parties regarding the matters herein.

      10.    <u>Exhibits and Schedules</u>.  The exhibits and schedules to this Stipulation are incorporated herein and form an integral part hereof.

      11.    <u>Authorized Signatories</u>.  The signatories below represent that they are authorized to enter into this Stipulation.

      12.    <u>Neutral Construction</u>.  This Stipulation is being entered into among competent parties who are represented by counsel, and has been reviewed by the Debtors, SABIC Innovative Plastics and their respective counsel.  Therefore, any ambiguous language in this Stipulation will not be construed against any particular party as the drafter of such language.

13. <u>Governing Law; Jurisdiction</u>.  This Stipulation shall be governed and construed in accordance with the internal laws of the State of New York, without regard to any conflict of law provision that could require the application of the law of any other jurisdiction. The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Stipulation and to resolve any disputes in connection herewith.

Dated:  New York, New York
        February 11, 2008

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

AGREED AND
APPROVED FOR ORDER

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | FOLEY & LARDNER LLP |
|---|---|
| By   /s/ Ron E. Meisler<br>    John Wm. Butler, Jr. (JB 4711)<br>    George N. Panagakis (GP 0770)<br>    Ron E. Meisler (RM 3026)<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606<br>(312) 407-0700 | By   /s/ Judy A. O'Neill<br>    Judy A. O'Neill<br>    David G. Dragich<br>500 Woodward Avenue, Suite 2700<br>Detroit, Michigan 48226<br>(313) 234-7100<br><br>Attorneys for Sabic Innovative Plastics US LLC |

           - and -

By: _____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

**In re Delphi Corporation, et al. (Case No. 05-44481 Bankr. S.D.N.Y.)**
**Delphi-SABIC Claims Resolution Stipulation**

**Exhibit 1**

Long Term Global Contract Amendment and Extension Letter Agreement

January 23, 2008

Delphi Automotive Systems LLC
5825 Delphi Drive
Troy, Michigan  48098

Attn:  Sidney Johnson

Dear Mr. Johnson:

      This letter agreement shall amend (a) that certain Long Term Global Contract dated as of February 1, 2004 between Delphi Automotive Systems LLC and SABIC Innovative Plastics US LLC (as successor in interest to General Electric Company, doing business through its GE Advanced Materials division) as amended by all prior amendments (the "2004 Contract"), and (b) the 2002 Contract and the 2003 Contract[1], each as amended by all prior amendments as follows:

1. The 2004 Contract shall be amended to create two separate agreements (the "2008 Assigned Contract" and the "2008 Retained Contract"), each containing the same terms and conditions contained in the 2004 Contract, subject to the modifications set forth herein.

2. The 2008 Assigned Contract.

    a. Under the 2008 Assigned Contract, the following purchase orders previously issued under the 2004 Contract that relate to the Interiors and Closures Business (the "Interiors Purchase Orders") shall remain in effect in accordance with their terms, except as amended hereby, and be deemed issued under the 2008 Assigned Contract:

    | | |
    |---|---|
    | 550079831 | 550026201 |
    | 550056302 | 550056305 |
    | 550056299 | 550056304 |
    | 550056303 | 550060254 |

    b. Section 1 of the 2008 Assigned Contract, entitled "Term and Identification of Products to be Purchased", shall be amended by deleting the first sentence thereof and replacing it with the following:

    > The term of this Contract is for the period February 1, 2004 through December 31, 2008, provided however that any Interiors Purchase Order that expires by its terms and conditions on an earlier date, shall expire on such earlier date set forth in such purchase order.

---

[1] Capitalized terms not otherwise defined in this Letter Agreement and not contained in a quote from a document in which such term is defined, shall have the meanings set forth in the Stipulation and Agreed Order and its schedules.

1

3. The 2008 Retained Contract.

   a. Under the 2008 Retained Contract, all purchase orders previously issued under the 2004 Contract other than the Interiors Purchase Orders shall remain in effect in accordance with their terms.

   b. Section 1 of the 2008 Retained Contract, entitled "Term and Identification of Products to be Purchased", shall be amended by deleting the first sentence thereof and replacing it with the following:

   > The term of this Contract is for the period February 1, 2004 through April 30, 2008, and notwithstanding any provision in any purchase order issued hereunder to the contrary, all Interiors Purchase Orders also shall expire on April 30, 2008.

   c. Notwithstanding anything in the 2008 Retained Contract to the contrary, the terms of the 2008 Retained Contract shall be subject to the following:

      i. Upon the payment by Delphi of the amounts agreed to be paid to SABIC Innovative Plastics under the Delphi-SABIC Claims Resolution Stipulation, in cash, as indicated in the Notices of Cure Amount With Respect to Executory Contracts to be Assumed or Assumed and Assigned Under Plan of Reorganization, filed on December 10, 2007 or as requested in connection with Interiors Sale, the payment terms for all purchase orders issued under the 2008 Retained Contract shall revert to MNS-2.

      ii. If the parties are unable to negotiate a mutually acceptable new agreement on or before April 1, 2008, at Delphi's option (exercisable by written notice to SABIC Innovative Plastics ten business days prior to April 30, 2008), the Retained 2004 Agreement shall be extended for an additional sixty (60) days.

4. Notwithstanding anything in the Assumed Agreements to the contrary, the terms and provisions of the Assumed Agreements, exclusive of the purchase orders and their terms and conditions, shall control over the terms and provisions set forth in the purchase orders issued thereunder.

    Sincerely,

    Ted B. Opie
    Director, America Sales – Automotive
    SABIC Innovative Plastics

ACKNOWLEDGED AND AGREED:

Delphi Automotive Systems LLC

By:_____
    Chris Schafer

Its: _____

2

**In re Delphi Corporation, et al. (Case No. 05-44481 Bankr. S.D.N.Y.)**
**Delphi-SABIC Claims Resolution Stipulation**

**Schedule 1**

Assumed Agreements

1. The Long Term Global Contract dated as of February 1, 2004 between Delphi Automotive Systems LLC and General Electric Company doing business as GE Advanced Materials (the "2004 Contract");

2. Letter agreement, dated as of June 20, 2003, by and between Delphi Corporation, doing business as Delphi Safety and Interior Systems and GE Plastics (the "2003 Contract"); and

3. Letter agreement, dated as of June 25, 2002, by and between Delphi Corporation and GE Plastics (the "2002 Contract"), as each has been amended, and including all purchase orders issued thereunder.

**Schedule 2-1**