McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for The Timken Company and Timken U.S. Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ X
In re                                            : Chapter 11
                                                 :
DELPHI CORPORATION, et al.,                      : Case No. 05-44481 (RDD)
                                                 :
             Debtors.                            : (Jointly Administered)
                                                 :
                                                 :
------------------------------------------------ X

**OBJECTION OF THE TIMKEN COMPANY AND TIMKEN U.S. CORP.
TO THE DEBTORS' NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYER IN CONNECTION
WITH SALE OF DEBTORS' BEARINGS BUSINESS**

The Timken Company and Timken U.S. Corp. ("Timken"), by and through their undersigned counsel, hereby submit this objection to the Debtors' Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases (the "Notice").

1.     On October 8, 2005, Delphi Corporation ("Delphi") and certain related entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors remain in possession of their property and continues to operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.     On January 15, 2008, the Debtors filed their expedited motion (the "Sale Motion") seeking authority to establish bidding procedures and sell their bearings business to

ND Acquisition Corp. (the "Buyer").  In addition, the Sale Motion sought authority to assume and assign certain Assumed Contracts and Post-Petition Contracts (each as defined in the Notice) to the Buyer or prevailing bidder.

3. On January 30, 2008, the Debtors filed the Notice.  Attached to the Notice, the Debtors listed one purchase order identified by a number, which purportedly represents a purchase order between Timken and the Debtors.  The identifier is set forth below:

| **Debtor** | **Counterparty** | **Purported Executory Contract** | **Proposed Cure Amount** |
|---|---|---|---|
| Not indicated | The Timken Corporation | Purchase Order No. 550190077 | Not indicated |

4. The Debtors, however, failed to list (i) the Debtor party to the purchase order, (ii) any master or ancillary agreements relating to the purchase order, (iii) the date of the purchase order, and (iv) the cure amount for the purported executory contract sought to be assumed and/or assigned.[1]  These deficiencies preclude Timken from reviewing and responding to the proposed assignment.  Without this information, Timken has not been able to determine if the purchase order number is valid and to determine if a substantive objection is required.

5. Also, Timken has not been able to locate all of the relevant documents, including the purchase order and master and other agreements in connection therewith.  Timken believes that the purchase order that the Debtors seek to assume and/or assign may be related to a long-term agreement between Timken and Delphi, which the Debtors have not identified for assumption and/or assignment.  Timken submits that the Court should not approve assumption and/or assignment of any purported executory contracts between Timken and the Debtors until Timken has had an opportunity to locate copies of the purchase order listed by the Debtors, and

---

[1] The Notice indicates that the cure amount with respect to the purchase order is set forth in the Plan Cure Notice.  However, such Plan Cure Notice has not been received as of the date hereof by Timken.

-2-

determine with specificity which agreement the purchase order refers to. Timken requests that the Debtors be required to provide Timken with all relevant information in connection with the assumption and/or assignment of any contracts, including cure amount and relevant identifying information.

6. Finally, the Debtors have failed to provide Timken with proof of adequate assurance of future performance as required under section 365(b)(1)(C) of the Bankruptcy Code. Pursuant to section 356(b)(1)(C), the Debtors are required to demonstrate that the Buyer will be capable of performing under any executory contracts it seeks to assume and assign. By this objection, Timken seeks an adequate amount of time to have discussions with Delphi and the Buyer concerning the Buyer's wherewithal to perform under any executory contract with Timken.

7. Timken reserves all of its rights and remedies under the Bankruptcy Code and other applicable law to further object to the assumption and/or assignment of any executory contracts between Timken and the Debtors on any grounds. Timken further reserves all its rights to object to the Sale Motion and the order approving the Sale Motion.

WHEREFORE, Timken respectfully requests that the Court sustain the objection and grant Timken such other relief as the Court deems just and proper.

Dated: February 11, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP
By: /s/ James M. Sullivan
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York  10173-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444

*Counsel for The Timken Company and Timken U.S. Corp.*

NYK 1145739-2.064980.0022