UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                                :           Chapter 11
:
DELPHI CORPORATION, et al.,       :           Case No. 05-44481 (RDD)
:
                      Debtors.     :           (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION
ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P.
9010 STRIKING CERTAIN NON-CONFORMING CURE AMOUNT NOTICES AND
<u>OBJECTIONS IDENTIFIED IN NON-CONFORMING CURE NOTICE MOTION</u>

("NON-CONFORMING CURE NOTICE ORDER")

        Upon the Expedited Motion To Strike (i) Non-Conforming Cure Amount Notices And (ii) Improper Objections Pursuant To Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), And Fed. R. Bankr. P. 9010 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on February 21, 2008; and after due deliberation thereon; and good and sufficient cause appearing therefor,

        IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        A.     Each party listed on <u>Schedules</u> <u>1</u>, <u>2</u>, <u>3</u>, <u>4</u>, <u>5</u>, and <u>6</u> hereto was properly and timely served with a copy of the Motion, a Notice Of Non-Conforming Cure Notice Motion, the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

proposed order granting the Motion, and notice of the deadline for responding to the Motion. No other or further notice of the Motion is necessary.

    B.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.  The parties listed on <u>Schedule 1</u> hereto returned Cure Amount Notices that failed to conform to the requirements of Bankruptcy Rule 9010. Such Cure Amount Notices instructed that cure payments be made to a third party but did not contain valid powers-of-attorney (the "Unauthorized Instructions").

    D.  The parties listed on <u>Schedule 2</u> hereto returned Cure Amount Notices that failed to conform with the requirements of the Solicitation Procedures Order, the notice approved therein, and Bankruptcy Rule 9010. Cure Election Notices returned by these parties (i) were not executed by the Counterparty on which the Cure Amount Notice was served or by their attorney, but rather by third parties without valid powers-of-attorney or (ii) were returned unexecuted (the "Improperly Executed Notices").

    E.  The parties listed on <u>Schedule 3</u> hereto returned either a self-made cure election form for which an assumable executory contract exists or an executed, watermarked-Duplicate Notice ("Non-Original Notices").

    F.  The parties listed on <u>Schedule 4</u> hereto returned a self-made cure election form for which no assumable executory contract exists (the "Self-Made Non-Original Cure Amount Notices").

    G.  The party listed on <u>Schedule 5</u> hereto failed to conform with the requirements of the Solicitation Procedures Order and the Cure Amount Notice approved therein

2

by filing an objection with this Court to the proposed Cure Amount without returning a Cure Amount Notice (the "Improper Objection").

   H. The parties listed on <u>Schedule 6</u> hereto returned Cure Amount Notices that failed to conform to the requirements of the Solicitation Procedures Order and the notices approved therein because these parties returned Cure Amount Notices to Kurtzman Carson Consultants, LLC ("KCC") after the deadline of January 11, 2008 at 7:00 p.m. prevailing Eastern time (the "Untimely Notices").

   I. The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. Each "Unauthorized Instruction" listed on <u>Schedule 1</u> hereto is hereby stricken and the Debtors shall remit any resolved, uncontested, or adjudicated distributions on account of cure directly to the contract party whose contract is being assumed or assumed and assigned.

   2. Each "Improperly Executed Notice" listed on <u>Schedule 2</u> hereto is hereby stricken and the applicable counterparty shall receive the treatment afforded to holders of allowed general unsecured claims under the plan, plan currency in the amount listed on the schedule attached to the original Cure Amount Notice and reflected on the applicable schedule attached hereto (the "Default Treatment").

   3. Each "Non-Original Notice" listed on <u>Schedule 3</u> hereto is hereby stricken and the applicable counterparty shall receive the Default Treatment.

4. Each "Self-Made Non-Original Cure Amount Notice" listed on Schedule 4 hereto is hereby stricken in its entirety and no cure amount shall be paid to such party on account of its Self-Made Non-Original Cure Amount Notice.

5. The "Improper Objection" listed on Schedule 5 hereto is hereby stricken and the applicable counterparty shall receive the Default Treatment.

6. Each "Untimely Notice" listed on Schedule 6 hereto is hereby stricken and shall receive the Default Treatment.

7. The disputes with those parties listed on Schedule 7 shall be adjourned to a future date to be noticed by the Debtors; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such objections were untimely or otherwise deficient.

8. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other cure payments or claims in these chapter 11 cases or to further object to cure payments or claims that are the subject of the Motion.

9. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the recognition of any cure dispute asserted against any of the Debtors.

10. This Court shall retain jurisdiction over the Debtors and the holders of cure payments subject to the Motion to hear and determine all matters arising from the implementation of this Non-Conforming Cure Notice Order.

11. Each of the requests for relief by the Debtors to each Dispute addressed in the Motion and attached hereto as Schedules 1, 2, 3, 4, 5, and 6 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This Non-Conforming Cure Notice Order shall be deemed a separate order with respect to each such dispute that is the subject of the

4

Motion. Any stay of this Non-Conforming Cure Notice Order shall apply only to the contested matter which involves such dispute and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

    12.  Kurtzman Carson Consultants LLC ("KCC") is hereby authorized and directed to serve all orders entered with respect to the Motion, including exhibits and schedules, upon the master service list and the 2002 list and all parties whose cure payments are the subject of an order entered with respect to an objection with a copy of such order. These attached schedules shall identify such party's cure payment that is subject to the order, the Court's treatment of such cure payment, and the basis for such treatment.

    13.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
   February ___, 2008

               _____
               UNITED STATES BANKRUPTCY JUDGE

5