**MASUDA FUNAI EIFERT & MITCHELL, LTD.**
Gary Vist (admitted *Pro Hac Vice*)
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
(312) 245-7500

**DUANE MORRIS LLP**
Joseph H. Lemkin
744 Broad Street, 12th Floor
Newark, New Jersey 07102
(973) 424-2000

**Attorneys for Sumida America, Inc.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――x
In re:                                        )    Chapter 11
                                              )
DELPHI CORPORATION, et. al.,                  )    Case No. 05-44481 (RDD)
                                              )    (Jointly Administered)
                                              )
         Debtors.                             )
―――――――――――――――――――x

### RESPONSE OF SUMIDA AMERICA INC. TO THE DEBTORS' TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION

Sumida America Inc. ("Sumida"), by its undersigned counsel, Masuda, Funai, Eifert & Mitchell, Ltd., hereby files this response to the *Debtor's Twenty-Fifth Ominbus Objection Pursuant To 11 U.S.C. §502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On Debtor's Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim Subject To Modification* filed on January 18, 2008 (the "Twenty-Fifth Omnibus Objection"). In support hereof, Sumida states as follows:

1

1. On October 8, 2005, Delphi and certain of its subsidiaries and affiliates (collectively the "Debtors") filed voluntary petitions with this Bankruptcy Court for relief under Chapter 11 of Title 11, United States Code.

2. On July 24, 2006, Sumida filed a timely proof of claim in the Debtor's bankruptcy case asserting a secured claim in the amount of $77,000.00 (the "Secured Claim") and an unsecured claim in the amount of $2,613.00, pursuant to a Long Term Contract. In addition, on July 24, 2006, Sumida also filed an additional timely proof of claim for unsecured claim in the amounts of $2,000.00 (collectively with the $2,613.00 amount set forth above, the "Unsecured Claim"). Copies of the filed proofs of claim are attached hereto as Exhibits "A" and "B", respectively. The Unsecured Claims are based upon products supplied by Sumida to the Debtor between February and October 2005. Sumida has provided the Debtor with copies of the Long Term Agreement and invoices relevant to the Secured Claim and Unsecured Claims, which included invoice numbers, invoice dates and due dates.

3. On January 25, 2007, Sumida filed a Motion for Setoff and/or Recoupment and Relief from the Automatic Stay (the "Setoff Motion"), which also included a copy of the Long Term Contract between Sumida and the Debtor. A copy of the Setoff Motion is attached hereto as Exhibit "C."

4. In October and November, 2007, a member of the Debtor's claim reconciliation team, Terry S. Navratil, requested supporting documentation from Sumida for the Secured Claim and Unsecured Claims, and specifically requested information relating to certain of the invoices

2

from Sumida to Delphi that are part of the Unsecured Claims. In response, Sumida provided copies of the invoices, a spreadsheet and related invoice information to Mr. Navratil. A copy of the spreadsheet provided to Mr. Navratil is attached hereto as Exhibit "D."

5. In the Twenty-Fifth Omnibus Objection, the Debtor has objected to the Secured Claim and Unsecured Claims as claims not reflected on Debtor's books and records. *See* Exhibit C to the Twenty-Fifth Objection. According to the Twenty-Fifth Omnibus Objection, this means that the Debtor's books and records refute that the full amount of the claim is actually owed by the Debtor. For this reason, the Debtor seeks to expunge the Secured Claim and Unsecured Claims. The Debtor has not provided any specific information in the Twenty-Fifth Omnibus Objection to support a modification of the Secured Claim or the Unsecured Claims. Furthermore, based upon the sporadic communications and lack of follow-up from the Debtor's reconciliation team, the actual basis for the proposed modification is unclear and unknown.

6. Sumida's Secured Claim and Unsecured Claims, as well as the Exhibits thereto establish *prima facie* evidence of the validity and amount of the Claim pursuant to F. Fed. R. Bankr. P. 3001(f).

7. "A party in interest may overcome the presumptive validity of a proof of claim by 'negating the *prima facie* validity of the filed claim. . .the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. . .'" *In re King,* 305 B.R.152, 164-165 (Bankr. S.D.N.Y. 2004) (quoting *in re Allegheny Int'l, Inc.,* 954 F.2d 176, 173-174 (3d Cir. 1992)). In this case, the Debtor has failed

3

to produce <u>any evidence</u> whatsoever to rebut the Secured Claim and Unsecured Claims. Accordingly, the Secured Claim and Unsecured Claims must be allowed in the amount submitted. *See id.*

8. The Debtor has not objected to the Secured Claim or Unsecured Claims on the basis of insufficient documentation. Thus, in accordance with the *Order Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 2002(m) 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates for Hearings Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing Objections to Claims* entered by the Court on December 7, 2006 ("Claims Objections Procedures Order"), the documentation attached to the Secured Claim and Unsecured Claims and the further information attached to Sumida's Motion for Setoff is sufficient to establish its *prima facie* right to payment and further documentation is not necessary at this time.

9. Because the legal points and authorities upon which this objection relies are incorporated herein and do not represent novel theories of law, Sumida respectfully requests that the requirement of service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE**, Sumida respectfully requests that this Court enter an Order (i) overruling the Twenty-Fifth Omnibus Objection as it pertains to Sumida and allowing the Claim in the stated amount of $81,613.00, and (ii) providing such other and further relief that the Court deems just and necessary.

Date:   February 13, 2008

**SUMIDA AMERICA INC.**

          /s/ Gary Vist
By One of its Attorneys


Gary Vist
MASUDA FUNAI EIFERT &
MITCHELL, LTD.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
(312) 245-7500

       -and-


Joseph H. Lemkin
DUANE MORRIS LLP
744 Broad Street, 12th Floor
Newark, New Jersey 07102
(973) 424-2000

C:\Documents and Settings\GVIST\Desktop\Sumida_response.doc