Hearing Date and Time: February 21, 2008 at 10:00 a.m.
Objection Deadline: February 19, 2008 at 4:00 p.m.

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc., as Agent
and Attorney-in-Fact of Metal-Matic, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                        :
In re:                                  :     Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :     Case No. 05-44481 (RDD)
                                        :
                          Debtors.      :     (Jointly Administered)
----------------------------------------------------------x

**RESPONSE OF METAL-MATIC, INC. TO DEBTORS' EXPEDITED
MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES
AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION
PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF
REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010**

Metal-Matic Inc. ("MMI"), by and through Liquidity Solutions, Inc. ("LSI"), its authorized agent and attorney-in-fact with respect to all matters arising in this case,[1] hereby files its response (the "Response") to the Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Non-Conforming Cure Notice Motion").[2] Pertinent facts and circumstances in support of the

---

[1] Attached hereto as Exhibit A is a duly executed and notarized General Power of Attorney completed in accordance with Official Form 11A and Rule 9010 of the Federal Rules of Bankruptcy Procedure.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Non-Conforming Cure Notice Motion.

Response are set forth in the Affidavit of Thomas A. Jackson in Support of Response of Metal-Matic, Inc. to Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Jackson Affidavit"), concurrently filed herewith and attached hereto as <u>Exhibit B</u>. In further support of the Response, MMI respectfully states as follows:

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. MMI is a former creditor of the debtors in the above-captioned cases (the "Debtors"). Specifically, MMI previously transferred and assigned to Ore Hill Hub Fund Ltd. ("Ore Hill") all right, title and interest in and to certain claims it held against the Debtors (collectively, the "MMI Claim") and any distributions thereon to Ore Hill, which contractually includes, but is not limited to, (i) claim number 3755 in the current amount of $86,384.00 and (ii) pre-petition "cure" amounts within the meaning of section 365 of the Bankruptcy Code that may be related to contracts giving rise to the foregoing claims, and the right to receive any and all distributions on account of such pre-petition cure amounts.

3. On or about December 10, 2007, this Court entered the Solicitation Procedures Order [Docket No. 11389]. Among other things, the Solicitation Procedures Order established procedures for filing objections to assumption (or assumption and assignment) of executory contracts under the Plan of Reorganization filed in the Debtors' cases on September 6, 2007, as amended and filed on December 10, 2007 (as may be further amended or supplemented,

the "Plan") and/or for objecting to the Debtors' proposed cure amounts in connection therewith. The Plan was confirmed by this Court by order entered on or about January 25, 2008.

4. Prior to the hearing with respect to confirmation of the Plan, MMI received a notice (the "Cure Form") purportedly issued to it by the Debtors in accordance with the Solicitation Procedures Order, seeking to establish an aggregate cure amount of $43,080.52 (the "Proposed Cure Amount") related to MMI contracts numbered SAG9OI5603 and SAG9OI0209 (the "MMI Contracts"). Among other things, the Cure Form required MMI to indicate (i) whether or not MMI agreed with the Proposed Cure Amount and (ii) whether MMI requested payment of the ultimate cure amount in cash (without post-petition interest) or in Plan currency afforded holders of general unsecured claims (with post-petition interest). The face of the Cure Form indicated a deadline of January 11, 2008 at 7:00 p.m. prevailing Eastern Time (the "Cure Form Deadline") for receipt by Kurtzman Carson Consultants ("KCC"), the Debtors' agent, of the completed original Cure Form.

5. Because MMI transferred to Ore Hill all of its interest in the MMI Claim, which as a definitional matter, includes payment of any pre-petition cure amounts associated therewith, MMI completed the Cure Form on Ore Hill's behalf. On the Cure Form, MMI indicated disagreement with the Proposed Cure Amount, and made an election on Ore Hill's behalf to receive cash on account of cure (at whatever cure amount is ultimately established at the conclusion of this process) (the "Cash Election").

6. On January 7, 2008, four days prior to the Cure Form Deadline, MMI sent a duly completed and executed original Cure Form to KCC, at the address set forth on the face page of the Cure Form, via certified mail. Concurrently therewith, MMI sent a copy of the completed and executed Cure Form to LSI, Ore Hill's agent, via certified mail.

3

7.      On January 17, 2008, MMI received a return receipt (the "LSI Receipt") in connection with the copy of the Cure Form that was sent to LSI. On the LSI Receipt, LSI indicated that it received such form sent by MMI on January 11, 2008. A true and correct copy of the LSI Receipt is attached to the Jackson Affidavit as Exhibit A.

8.      On January 22, 2008, MMI received a return receipt (the "KCC Receipt") in connection with the Cure Form that was sent to KCC. KCC did not indicate anywhere on the KCC Receipt the date and/or time that KCC received the original Cure Form. A true and correct copy of the KCC Receipt is attached to the Jackson Affidavit as Exhibit B.

9.      As required under the Solicitation Procedures Order, on Ore Hill's behalf, MMI also timely executed an objection (the "MMI Objection") to the Proposed Cure Amount that had been asserted by the Debtors on the Cure Form,[3] which was filed with the Court on January 31, 2008 [Docket No. 12418].

10.     On February 12, 2008, MMI was served with Non-Conforming Cure Notice Motion, which listed MMI, among other parties, on Schedule 6 thereto as having returned an Untimely Notice.

11.     In the Non-Conforming Cure Notice Motion, the Debtors do nothing more than allege that the Cure Form was untimely, but offer no actual evidence – as is their burden – that KCC received the Cure Form after the Deadline. The facts and circumstances set forth in the Jackson Affidavit stand in stark contrast to the Debtors' bald allegations of untimeliness. Indeed, four full days in advance of the Cure Form Deadline, MMI sent the original Cure Form

---

[3] The MMI Objection constituted an objection to the proposed cure amount on account of assumption of the MMI Contracts asserted by the Debtors in conjunction with that certain Order Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date in Connection With Sale of Steering and Halfshaft Business (the "Steering Sale Procedures"). Under the Steering Sale Procedures, the Debtors asserted the same Proposed Cure Amount as it had indicated on the Cure Form issued in connection with assumption of the MMI Contracts in association with the Plan.

4

to KCC and a copy to LSI simultaneously, via certified mail, return-receipt requested. The LSI Receipt shows that LSI received its copy of the Cure Form prior to the Cure Form Deadline, while KCC did not date its KCC Receipt. Under the circumstances, the MMI Cure Form should be presumed to have been timely received by KCC unless the Debtors can show, with tangible and sufficient evidence, otherwise.

12.    For the foregoing reasons, the Non-Conforming Cure Notice Motion should be denied as to the MMI Cure Form and the associated assumption of the MMI Contracts. Similarly, the Debtors' attempt to (i) invalidate the Cash Election that MMI made on behalf of Ore Hill and (ii) fix the cure amount with respect to the MMI Contracts at the lower Proposed Cure Amount should also be overruled.

## CONCLUSION

WHEREFORE, MMI respectfully requests that the Court enter an order (i) denying the motion to strike the MMI Cure Form, (ii) preserving the Cash Election and MMI's objection to the Proposed Cure Amount in connection with the cure amounts to be paid on assumption (or assumption and assignment) of the MMI Contracts, and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: Hackensack, New Jersey
       February 14, 2008

Respectfully submitted,
METAL-MATIC, INC.

By: _____
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc., as Agent and
Attorney-in-Fact of Metal-Matic, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010