**EXHIBIT B**

Hearing Date and Time: February 21, 2008 at 10:00 a.m.
Objection Deadline: February 19, 2008 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                                     Debtors.       :    (Jointly Administered)
---------------------------------------------------------------x

## AFFIDAVIT OF THOMAS A. JACKSON IN SUPPORT OF RESPONSE OF METAL-MATIC, INC. TO DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITAITON PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010

STATE OF MINNESOTA    )
                      ) ss:
COUNTY OF HENNEPIN    )

**THOMAS A. JACKSON** states as follows:

1. I am Chief Financial Officer and Treasurer of Metal-Matic, Inc. ("MMI") and am authorized to provide this affidavit.

2. MMI is a former creditor of the debtors in the above-captioned cases (the "Debtors"). Specifically, MMI previously transferred and assigned to Ore Hill Hub Fund Ltd. ("Ore Hill") all right, title and interest in and to certain claims it held against the Debtors (collectively, the "MMI Claim") and any distributions thereon to Ore Hill, which contractually includes, but is not limited to, (i) claim number 3755 in the current amount of $86,384.00 and (ii) pre-petition "cure" amounts within the meaning of section 365 of the Bankruptcy Code that may be related to contracts giving rise to the foregoing claims, and the right to receive any and all distributions on account of such pre-petition cure amounts.

3.   On or about December 10, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Procedures Order (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order established procedures for filing objections to assumption (or assumption and assignment) of executory contracts under the Plan of Reorganization filed in the Debtors' cases on September 6, 2007, as amended and filed on December 10, 2007 (as may be further amended or supplemented, the "Plan") and/or for objecting to the Debtors' proposed cure amounts in connection therewith.

4.   Prior to the hearing with respect to confirmation of the Plan, MMI received a notice (the "Cure Form") purportedly issued to it by the Debtors in accordance with the Solicitation Procedures Order, seeking to establish an aggregate cure amount of $43,080.52 (the "Proposed Cure Amount") related to MMI contracts numbered SAG90I5603 and SAG90I0209 (the "MMI Contracts"). Among other things, the Cure Form required MMI to indicate (i) whether or not MMI agreed with the Proposed Cure Amount and (ii) whether MMI requested payment of the ultimate cure amount in cash (without post-petition interest) or in Plan currency afforded holders of general unsecured claims (with post-petition interest). The face of the Cure Form indicated a deadline of January 11, 2008 at 7:00 p.m. prevailing Eastern Time (the "Cure Form Deadline") for receipt by Kurtzman Carson Consultants ("KCC"), the Debtors' agent, of the completed original Cure Form.

5. Because MMI transferred to Ore Hill all of its interest in the MMI Claim, which as a definitional matter, includes payment of any pre-petition cure amounts associated therewith, MMI completed the Cure Form on Ore Hill's behalf, and I was the officer of MMI acting as signatory of such form. On the Cure Form, I indicated disagreement with the Proposed Cure Amount, and made an election on Ore Hill's behalf to receive cash on account of cure (at whatever cure amount is ultimately established at the conclusion of this process) (the "Cash Election").

6. On January 7, 2008, four days prior to the Cure Form Deadline, I sent a duly completed and executed original Cure Form to KCC, at the address set forth on the face page of the Cure Form, via certified mail. On the same date, I sent a copy of the completed and executed Cure Form to Liquidity Solutions, Inc. ("LSI"), Ore Hill's agent, via certified mail.

7. On January 17, 2008, MMI received a return receipt (the "LSI Receipt") in connection with the copy of the Cure Form that was sent to LSI. On the LSI Receipt, LSI indicated that it received such form sent by MMI on January 11, 2008. A true and correct copy of the LSI Receipt is attached hereto as Exhibit A.

8. On January 22, 2008, MMI received a return receipt (the "KCC Receipt") in connection with the Cure Form that was sent to KCC. KCC did not indicate anywhere on the KCC Receipt the date and/or time that KCC received the original Cure Form. A true and correct copy of the KCC Receipt is attached hereto as Exhibit B.

9. As required under the Solicitation Procedures Order, on Ore Hill's behalf, MMI also timely executed an objection (the "MMI Objection") to the Proposed Cure Amount asserted by the Debtors on the Cure Form,[1] which was filed with the Court on January 31, 2008.

---

[1] The MMI Objection constituted an objection to the proposed cure amount on account of assumption of the MMI Contracts asserted by the Debtors in conjunction with that certain Order Under 11 U.S.C. § 363 and Fed. R. Bankr.

3

10. On February 12, 2008, MMI was served with the Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Oder, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9010 (the "Non-Conforming Cure Notice Motion"). MMI was listed on Schedule 6 to the Non-Conforming Cure Notice Motion as having failed to return its Cure Form on or prior to the Cure Form Deadline.

11. I believe that the foregoing facts and circumstances demonstrate that MMI's Cure Form was timely or, at a minimum, that the Debtors have not amply demonstrated the MMI Cure Form to have been untimely. MMI sent the original Cure Form to KCC and a copy to LSI simultaneously, via certified mail, return-receipt requested. The LSI Receipt shows that LSI received its copy of the Cure Form prior to the Cure Form Deadline, while KCC did not date the KCC Receipt.

12. Accordingly, and on Ore Hill's behalf, MMI reiterates its disagreement with the Proposed Cure Amount, and again makes the Cash Election with respect to the cure amount ultimately established in connection with the MMI Contracts, such that any payment of cure be made in cash and not Plan currency.

---

P. 2002 and 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form and Manner of Sale Notices, and (IV) Setting Sale Hearing Date in Connection With Sale of Steering and Halfshaft Business (the "Steering Sale Procedures"). Under the Steering Sale Procedures, the Debtors asserted the same Proposed Cure Amount as it had indicated on the Cure Form issued in connection with assumption of the MMI Contracts in association with the Plan.

4

13. I have read this document, and affirm that the statements contained herein are made according to my own personal knowledge, and are true and correct to the best of my knowledge.

*[signature]*
Thomas A. Jackson
Chief Financial Officer/Treasurer
Metal Matic, Inc.
629 Second Street Southeast
Minneapolis, Minnesota 55414
Phone: (612) 392-3325

Subscribed and sworn before me
this 13th day of February, 2008

*[signature]*
Notary Public

**LETHA D. HUFFMAN**
Notary Public
Minnesota
My Commission Expires January 31, 2010

5

**EXHIBIT A TO JACKSON AFFIDAVIT**

05-44481-rdd    Doc 12643

Exhibit A



(a) - date stamp by Metal-Matic upon returned receipt.

**EXHIBIT B TO JACKSON AFFIDAVIT**

**USPS Certified Mail Return Receipt (PS Form 3811)**

1. Article Addressed to:

   Kurtzman Carson Consult LLC
   2335 Alaska Ave
   El Segundo CA 90245
   Attn: Delphi Cure Claims

   B. Received by (Printed Name): KCC

   Date: 1/22/08 (a)

   Service Type: ☒ Certified Mail

2. Article Number: 7006 2150 0005 0325 7995

PS Form 3811, February 2004    Domestic Return Receipt

---

**Envelope (First-Class Mail, USPS Permit No. G-10)**

Sender:

METAL MATIC INCORPORATED
629 S.E. 2ND STREET
MINNEAPOLIS, MN.    55414

JAN 22 2008 (b)

---

(a) handwritten date returned receipt, by Metal-Matic receptionist.
(b) date stamp by Metal-Matic upon returned receipt.