McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for The Timken Company and Timken U.S. Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| Debtors. | : (Jointly Administered) |

**LIMITED OBJECTION OF THE TIMKEN COMPANY AND TIMKEN U.S. CORP. TO DEBTORS' EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 365, AND 1146 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF CERTAIN OF DEBTORS' ASSETS COMPRISING SUBSTANTIALLY ALL ASSETS PRIMARILY USED IN DEBTORS' BEARINGS BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) ASSUMPTION OF CERTAIN LIABILITIES**

The Timken Company and Timken U.S. Corp. ("Timken"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the Debtors' Expedited Motion for Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 Authorizing and Approving (i) Sale of Certain of Debtors' Assets Comprising Substantially All Assets Primarily Used in Debtors' Bearings Business Free and Clear of Liens, Claims, Interests, and Encumbrances, (ii) Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases, and (iii) Assumption of Certain Liabilities (the "Bearings Sale Motion").[1]

1. On October 8, 2005, Delphi Corporation and certain related entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors remain in possession of their property and continue to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On January 15, 2008, the Debtors filed the Bearings Sale Motion, pursuant to which the Debtors sought authority to establish certain bidding procedures and sell their bearings business to ND Acquisition Corp. (the "Buyer") or a prevailing bidder. In addition, pursuant to the Bearings Sale Motion, the Debtors sought authority to assume and assign certain Assumed Contracts and Postpetition Contracts to the Buyer or a prevailing bidder.

3. The Debtors submitted the following orders accompanying the Bearings Sale Motion: (1) Order Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form and Manner of Sale Notices, and (iv) Setting Sale Hearing Date in Connection with Sale of Debtors' Bearing Business (the "Bidding Procedures Order"), and (2) Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 Authorizing and Approving (i) Sale of Certain of Debtors' Assets Comprising Substantially All Assets Primarily Used in Debtors' Bearings Business Free and Clear of Liens, Claims, Interests, and Encumbrances, (ii)

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to such terms in the Bearings Sale Motion.

NYK 1146312-2.064980.0022

Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iii) Assumption of Certain Liabilities (the "Proposed Sale Order").

4. On January 25, 2008, this Court approved the Bidding Procedures Order.

5. On January 30, 2008, the Debtors filed the Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases to Buyer in Connection with Sale of Debtors' Bearings Business (the "Notice"). In the Notice, the Debtors listed a purchase order between Timken and the Debtors, which the Debtors seek to assume and assign to the Buyer or a prevailing bidder.[2]

6. According to the Proposed Sale Order,

> The failure of any objecting person or entity to timely file and serve its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or the Selling Debtor Entities' consummation and performance of the Agreement *(including the transfer of the Acquired Assets and Assigned Contracts free and clear of liens, claims, interests, encumbrances (and in the case of Assumed Contracts, defenses))*, with the exception of any objection to the conduct of the Auction or the Selling Debtor Entities' selection of the Successful Bidder, which may be made at the Sale Hearing.

Proposed Sale Order, ¶ 4 (emphasis added).

7. In addition, according to the Proposed Sale Order,

> Each non-debtor party to any Assumed Contracts shall be deemed to have consented to the assumption and assignment of the Assumed Contracts to the Buyer and shall be forever barred, estopped, and permanently enjoined from asserting against the Selling Debtor Entities or the Buyer, or the property of any of them, any default existing, arising, or accruing as of the date of the Closing or any purported written or oral modification to the Assumed Contracts. *Each nondebtor party to any Assumed Contract shall be forever barred, estopped, and permanently enjoined from asserting against the Buyer (or its property, including the Acquired Assets) any claim, counterclaim, defense, breach, condition, setoff asserted or assertable against the Debtors.*

---

[2] On February 11, 2008, Timken filed an objection to the Notice based on the fact that the Notice failed to provide any information about (i) the Debtor party to the purchase order, (ii) any master or ancillary agreements relating to the purchase order, (iii) the date of the purchase order, and (iv) the cure amount for the purported executory contract sought to be assumed and assigned.

-3-

Proposed Sale Order, ¶ 17 (emphasis added).

8.  Timken objects to the Proposed Sale Order because the Debtors seek to prevent Timken from asserting any defenses Timken may have vis-à-vis the Debtors, against the Buyer or a prevailing bidder after the Closing. The language in the Proposed Sale Order, which impermissibly includes "defenses," is overbroad and inappropriate because it strips Timken of all its defenses against the Debtors, instead of preserving Timken's rights to assert such defenses, when and if necessary, against the Buyer or a prevailing bidder.

9.  According to section 363(f) of the Bankruptcy Code,

> The trustee may sell property under subsection (b) or (c) of this section *free and clear of any interest in such property* of an entity other than the estate, only if -- (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f) (emphasis added).

10.  Although section 363(f) of the Bankruptcy Code allows a debtor to sell assets free and clear of any "interest," section 363(f) does not allow a sale free and clear of "defenses" that may be asserted by the counterparties to the contracts to be assumed and assigned in connection with such sale. Courts have held that "defenses" cannot be characterized as "interest" as such term is used in section 363(f) of the Bankruptcy Code. *See Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 261 (3d Cir. 2000) (noting that there is no authority for the proposition that "a defense may be extinguished as a result of a 'free and clear' sale"); *In re Lawrence United Corp.*, 221 B.R. 661, 669 (Bankr. N.D.N.Y. 1998) (company's alleged right of recoupment was not an "interest" in property within the meaning of section 363(f) and thus was not affected by the Bankruptcy Court's order authorizing the sale "free and clear" of all liens

and interests.)  Thus, there is no support in section 363(f) of the Bankruptcy Code for the Debtors to include in the language of the Proposed Sale Order all "defenses" that may be asserted by the counterparties to the Assumed Contracts.

11.  The Debtors fail to provide any explanation for the extraordinary relief sought in the Proposed Sale Order, which would annihilate all defenses of the counterparties to the Assumed Contracts.  The overbroad language of the Proposed Sale Order was not included in other sale orders entered in this case and is not included in the proposed sale order relating to the Debtors' motion for approval of the sale of the Debtors' steering and halfshaft business (the "Steering Sale Approval Order"), which this Court is scheduled to hear at the same omnibus hearing as the Bearings Sale Motion.  Instead, such orders appear to allow the counterparties to assumed contracts to preserve all their defenses against the successful bidder.  *See, e.g.*, Steering Sale Approval Order, ¶¶ 17, 18.[3,4]

12.  It would be patently inequitable to have the Debtors choose to assume and assign the Assumed Contracts and prevent the counterparties to such contracts from asserting any defenses they may have vis-à-vis the Debtors, against the Buyer or a prevailing bidder after the Closing.  It would, without any valid reason, place such counterparties in a worse situation than the situation they were in before the Sale.  There is simply no reason why the rights of the counterparties to the Assumed Contracts should be diminished because the Debtors agreed to the

---

[3]  Paragraph 17 of the Steering Sale Approval Order provides, in relevant part, that "[e]ach nondebtor party to any Pre-Petition Contract shall be deemed to have consented to the assumption and assignment of the Pre-Petition Contracts to the Buyers and shall be forever barred, estopped, and permanently enjoined from asserting against the Selling Debtor Entities or the Buyers, or the property of any of them, any default, breach, claim, pecuniary loss, or condition to assignment that exists, arises, or accrues as of the date of the Closing or any purported written or oral modification to the Pre-Petition Contracts."

[4]  Paragraph 18 of the Steering Sale Approval Order provides that "[e]ach non-Debtor party to a Pre-Petition Contract hereby is forever barred, estopped, and permanently enjoined from asserting against Sellers or the Buyers, or the property of either of them, any default, breach, claim, pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing of the Sale."

Sale.  Based on the foregoing, all of Timken's defenses in connection with Timken's assumed contracts should be preserved and the Proposed Sale Order should be modified accordingly.

WHEREFORE, Timken respectfully requests that the Court sustain the Limited Objection, modify the Proposed Sale Order, and grant Timken such other relief as the Court deems just and proper.

Dated: February 14, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ James M. Sullivan

James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York  10173-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

*Counsel for The Timken Company and Timken U.S. Corp.*