McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for The Timken Company and Timken U.S. Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| Debtors. | : (Jointly Administered) |

**LIMITED OBJECTION OF THE TIMKEN COMPANY AND TIMKEN U.S. CORP. TO DEBTORS' EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 365, AND 1146 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (A) AUTHORIZING AND APPROVING (I) SALE OF CERTAIN OF DEBTORS' ASSETS COMPRISING SUBSTANTIALLY ALL OF ASSETS OF STEERING AND HALFSHAFT BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) ASSUMPTION OF CERTAIN LIABILITIES AND (B) AUTHORIZING AND APPROVING TRANSACTION FACILITATION AGREEMENT**

The Timken Company and Timken U.S. Corp. ("Timken"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the Debtors' Expedited Motion for Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing and Approving (i) Sale of Certain of Debtors' Assets Comprising Substantially All of Assets of Steering and Halfshaft Business Free and Clear of Liens, Claims, and Encumbrances, (ii) Assumption and Assignment of Certain Executory

NYK 1146670-1.064980.0022

Contracts and Unexpired Leases, and (iii) Assumption of Certain Liabilities and (B) Authorizing and Approving Transaction Facilitation Agreement (the "Steering Sale Motion").[1]

1.  On October 8, 2005, Delphi Corporation and certain related entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors remain in possession of their property and continue to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On December 10, 2007, the Debtors filed the Steering Sale Motion, pursuant to which the Debtors sought authority to establish certain bidding procedures and sell their steering business to Steering Solutions Corporation and certain of its affiliates (collectively, the "Buyers") or a Successful Bidder. In addition, pursuant to the Steering Sale Motion, the Debtors sought authority to assume and assign certain Assumed and Assigned Contracts to the Buyers or a Successful Bidder.

3.  The Debtors submitted the following orders accompanying the Steering Sale Motion: (1) Order Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii) Approving Form and Manner of Sale Notices, and (iv) Setting Sale Hearing Date in Connection with Sale of Debtors' Steering and Halfshaft Business (the "Bidding Procedures Order"), and (2) Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 Authorizing and Approving (i) Sale of Certain of Debtors' Assets Comprising Substantially All of Assets of Steering and Halfshaft Business Free and Clear of Liens, Claims, and Encumbrances, (ii)

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to such terms in the Steering Sale Motion.

-2-

Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iii) Assumption of Certain Liabilities and (B) Authorizing and Approving Transaction Facilitation Agreement (the "Proposed Sale Order").

4.   On December 21, 2007, this Court approved the Bidding Procedures Order.

5.   On January 23, 2008, the Debtors filed (i) the Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases and (ii) the Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business (together, the "Notices"). In the Notices, the Debtors listed twenty-two purchase orders between Timken and the Debtors, which the Debtors seek to assume and assign to the Buyers or a Successful Bidder.[2]

6.   According to the Proposed Sale Order,

> Each nondebtor party to any Pre-Petition Contract shall be deemed to have consented to the assumption and assignment of the Pre-Petition Contracts to the Buyers and shall be forever barred, estopped, and permanently enjoined from asserting against the Selling Debtor Entities or the Buyers, or the property of any of them, any default, breach, claim, pecuniary loss, or condition to assignment that exists, arises, or accrues as of the date of the Closing or any purported written or oral modification to the Pre-Petition Contracts.

Proposed Sale Order, ¶ 17.

7.   In addition, according to the Proposed Sale Order,

> Each non-Debtor party to a Pre-Petition Contract hereby is forever barred, estopped, and permanently enjoined from asserting against Sellers or the Buyers, or the property of either of them, any default, breach, claim, pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing of the Sale.

Proposed Sale Order, ¶ 18.

---

[2] On February 6, 2008, Timken filed an objection to the Notices based on the fact that the Notices failed to provide any information about (i) the Debtor party to the purchase orders, (ii) any master or ancillary agreements relating to the purchase orders, (iii) the date of the purchase orders, and (iv) the cure amount for the purported executory contract sought to be assumed and assigned for certain purchase orders.

-3-

8. Timken does not object to the Proposed Sale Order to the extent that the Proposed Sale Order does not seek to prevent Timken from asserting any defenses Timken may have vis-à-vis the Debtors, against the Buyers or a Successful Bidder after the Closing of the Sale. However, by this Limited Objection, Timken seeks to clarify that the Proposed Sale Order does not indeed impact or affect Timken's defenses and proposes that section 17 of the Proposed Sale Order be slightly modified to reflect such clarification.

9. Timken proposes that section 17 of the Proposed Sale Order be modified by adding the following words in bold:

> Each nondebtor party to any Pre-Petition Contract shall be deemed to have consented to the assumption and assignment of the Pre-Petition Contracts to the Buyers and shall be forever barred, estopped, and permanently enjoined from asserting **any claim** against the Selling Debtor Entities or the Buyers, or the property of any of them **on account of** any default, breach, claim, pecuniary loss, or condition to assignment that exists, arises, or accrues as of the date of the Closing or any purported written or oral modification to the Pre-Petition Contracts.

10. By modifying the Proposed Sale Order as proposed above, the Proposed Sale Order would make clear that Timken's defenses under Timken's assigned contracts are preserved.

NYK 1146670-1.064980.0022

WHEREFORE, Timken respectfully requests that the Court sustain the Limited Objection, modify the Proposed Sale Order as described above, and grant Timken such other relief as the Court deems just and proper.

Dated: February 14, 2008

    Respectfully submitted,

    McDERMOTT WILL & EMERY LLP

    By: /s/  James M. Sullivan

    James M. Sullivan (JS-2189)
    340 Madison Avenue
    New York, New York  10173-1922
    Telephone:  (212) 547-5400
    Fax:  (212) 547-5444

    *Counsel for The Timken Company and Timken U.S. Corp.*