BARNES & THORNBURG LLP
Attorneys for Clarion Corporation of America
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481(RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

RESPONSE AND OBJECTION TO DEBTOR'S EXPEDITED MOTION
TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES
AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION
PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF
REORGANIZATION, 11 U.S.C. § 105 (a), AND FED. R. BANKR. P. 9010

(the "NON-CONFORMING  CURE NOTICE MOTION" or "MOTION")

Clarion Corporation of America ("Clarion"), by counsel, hereby objects to the relief

requested in the Non-Conforming Cure Notice Motion filed by Debtors herein, as that Motion

relates to the Cure Amount Notice (the "Cure Notice") returned by Clarion to Debtors.   In

support of its Objection, Clarion states:

**RESPONSE AND OBJECTION**

1.       The **sole** objection by the Debtors to the Cure Notice returned by Clarion is that

the form returned by Clarion was not the original, bar-coded form allegedly transmitted to

Clarion by Debtors.

2.    Clarion is a California corporation whose principal office and headquarters is located in Cypress, California.  Clarion also has additional facilities in other locations, including, without limitation, Kokomo, Indiana and Novi, Michigan.

3.    According to Exhibit A to the Affidavit of Service dated January 8, 2008 [Docket No. 11773] (the "Affidavit of Service") filed by the Debtors in connection with the cure notices, the **original** cure notice was transmitted to the following address:

8F, Gangkou Youqu Center Bureau, Xiamen, China, 36104

4.    Clarion has no offices or facilities in China.  Clarion does not know to whom the apparently irreplaceable and carefully bar-coded **original** cure notice was delivered, but it was not delivered to Clarion.

5.    Clarion became aware of the existence of the cure notice and the deadlines applicable thereto when its counsel noted the filing of the Affidavit of Service in the ECF system.  Faced with the looming deadline and the absence of an original notice, Clarion duplicated the form of notice using a notice transmitted to another of the firm's clients, prepared a schedule of purchase orders and cure amounts in a format which duplicated the other notices transmitted by the Debtors, and additionally attached the page of Exhibit A to the Affidavit of Service that reflected the transmittal of the Cure Notice to Clarion's purported, but nonexistent, address in China.  Clarion thereafter timely filed the Cure Notice, in the identical format of the **original** cure election form, except for the bar code, as required under the applicable procedures. A true and correct copy of the Cure Notice is attached hereto as Exhibit A and incorporated herein by reference.

6.    Clarion appreciates the challenges inherent in tracking 10,000-plus notices and responses, as the Debtors were required to do in connection with the cure notice process.

2

However, it would be entirely inappropriate and inequitable to penalize Clarion under the facts applicable to the Clarion Cure Notice.  The Clarion Cure Notice was sent to an address in a foreign country at which Clarion has no office nor operations.  Further, the original cure notice was not received by Clarion.

7.      Clarion was sufficiently observant of the proceedings in these cases to recognize the importance of the deadline facing it, and Clarion took the only steps reasonable under the circumstances by replicating the cure notice form and timely filing its election in accordance with the prescribed procedures.

8.      Nothing further with respect to Clarion under these circumstances could have been, or should be, required of Clarion under these facts, and from the Motion it is clear that nothing other than return of the original, bar-coded cure notice would have been satisfactory to the Debtors in any event.

## MEMORANDUM OF LAW

9.      This Response and Objection sets forth Clarion's objections under appropriate headings.  Clarion respectfully requests that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Clarion Corporation of America, by counsel, prays that the Court deny Debtors' Motion to the extent that it seeks to expunge the Cure Notice timely filed by Clarion, and that the Court grant such other and further relief as is just.

[signature page follows]

3

Dated:  Indianapolis, Indiana
      February 15, 2008

Respectfully submitted,


/s/ Mark R. Owens
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone:  (317) 236-1313
Facsimile:  (317) 231-7433
E-Mail:  mmccrory@btlaw.com
E-Mail:  mowens@btlaw.com

*Attorneys for Clarion Corporation of America*

INDS01 MKM 1017401v1

4