| | |
|---|---|
| **MORITT HOCK HAMROFF & HOROWITZ LLP**<br>400 GARDEN CITY PLAZA<br>GARDEN CITY, NEW YORK  11530<br>PHONE:  (516) 873-2000<br>LESLIE A. BERKOFF (LB-4584)<br>lberkoff@moritthock.com | **HEARING DATE AND TIME: FEBRUARY 21, 2008, AT 10:00 A.M. E.T.**<br><br>**RESPONSE DATE AND TIME: FEBRUARY 19, 2008, AT 4:00 P.M. E.T.** |

AND

**HAHN LOESER + PARKS LLP**
200 PUBLIC SQUARE, SUITE 3300
CLEVELAND, OHIO 44114-2301
PHONE: (216) 621-0150
DANIEL A. DEMARCO (OH # 0038920)
ROCCO I. DEBITETTO (OH # 0073878)
dademarco@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel for Robin Industries, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                              :
In re:                                                        :        Chapter 11
                                                              :
DELPHI CORPORATION, et al.,                                   :        Case No. 05-44481 (RDD)
                                                              :
                              Debtors.                        :        (Jointly Administered)
---------------------------------------------------------------x

**OBJECTION AND RESPONSE OF ROBIN INDUSTRIES, INC. TO DEBTORS'
MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II)
IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER,
CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(A), AND
<u>FED. R. BANKR. P. 9010</u>**

Robin Industries, Inc. ("Robin"), by and through its undersigned counsel of record,

hereby objects and responds (the "Objection and Response") to the Debtors' Motion to Strike (I)

Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation

CLE - 1053820.2

Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 [Docket No. 12615] (the "Motion").[1] In further support of its Objection and Response, Robin respectfully states as follows:

## BACKGROUND

### General

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC and certain of Delphi's domestic subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.  Prior to the applicable petition dates, Robin and Delphi entered into Purchase Order No. SAG90I2523 (as amended, supplemented or otherwise modified, the "523 Purchase Order").

3.  On or about August 9, 2006, Robin filed Proof of Claim No. 14265, in an amount not less than $45,152.38, requesting payment of obligations owed pursuant, among other things, to the 523 Purchase Order (the "Claim").[2] The Claim was subject to the Debtors' Twenty-Third Omnibus Claim Objection[3] and thereafter reduced and deemed allowed at the amount of

---

[1] Unless otherwise defined or stated herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

[2] Subsequent to the filing of the Claim, Robin transferred the Claim to SPCP Group, L.L.C. as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point"; the Claim and other or further claims transferred by Robin to Silver Point are herein collectively referred to as the "Transferred Pre-Petition Claims"). Robin is a proper party to this contested matter because, among other things, of unpaid *post-petition* obligations due and owing to Robin pursuant to the 523 Purchase Order which, along with unpaid pre-petition obligations, must be paid in full before the 523 Purchase Order may be assumed and assigned as proposed by the Debtors.

[3] "Twenty-Third Omnibus Claim Objection" means and refers to Debtors' Twenty-Third Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected on Debtors' Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification

$34,892.38 ($4,266.38 of which was afforded priority status) pursuant to the Twenty-Third Omnibus Claims Objection Order.[4]

### Objection to Assumption and Assignment of 523 Purchase Order

4. The Debtors proposed to assume and assign the 523 Purchase Order pursuant to the Assumption Notice[5] and Cure Notice,[6] to which Robin responded and objected by way of the Assumption and Cure Objection.[7] As set forth more fully in the Assumption and Cure Objection, there is due and owing to Robin by Delphi not less than $12,820.00 in pre-petition obligations and $12,820.00 in post-petition obligations (together with such other and further amounts due and owing or to become due and owing under the 523 Purchase Order, the "Cure Amount"). The Assumption Notice, Cure Notice, and Assumption and Cure Objection remain pending before the Court.

### The Motion

5. Pursuant to the Motion, Delphi seeks to strike Cure Amount Notices corresponding various Robin purchase orders, including the 523 Purchase Order (collectively, the "Robin Cure Amount Notices") on the grounds that the Robin Cure Amount Notices

---

that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order [Docket No. 10982].

[4] "Twenty Third Omnibus Claims Objection Order" means and refers to the Order Disallowing and Expunging (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (C) Certain Claims not Reflected on Debtors' Books and Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order Identified in Twenty-Third Omnibus Claims Objection [Docket No. 11560].

[5] "Assumption Notice" means and refers to the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business [Docket No. 12323].

[6] "Cure Notice" means and refers to the Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of Steering and Halfshaft Business [Docket No. 12324].

[7] "Assumption and Cure Objection" means and refers to the Objection and Response of Robin Industries, Inc. to (1) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business, and (2) Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business [Docket No. 124656].

allegedly "were not executed or, if executed by a third party, no valid power of attorney was provided to the signatory on the returned notice." (Motion, ¶ 25 & Schedule 2.) The Debtors, therefore, propose to limit the treatment of the purchase orders subject to the Robin Cure Amount Notices to the Default Treatment. (Motion, ¶ 32 & Schedule 2.)

## OBJECTION AND RESPONSE

6. The Motion should be overruled insofar as it pertains to Robin.

### The Motion is Factually Insufficient

7. The Debtors request to strike the Robin Cure Amount Notices on the grounds that they were not executed or improperly executed by a third-party without power of attorney. The Debtors, however, fail to provide any meaningful detail in support of these assertions, such as copies of the Robin Cure Amount Notices that the Debtors claim support this request. Absent more detail, and a fair opportunity for Robin to respond to such detail when and if it is provided, the Motion must be denied.

### Execution of Robin Cure Amount Notices by Silver Point

8. To the extent that the Robin Cure Amount Notices were executed by Silver Point and pertained to any pre-petition obligations included in the Transferred Pre-Petition Claims, Silver Point was entitled to take such actions as owner of the Transferred Pre-Petition Claims, subject to any rights of Robin under the parties' respective agreements.[8] Moreover, the fact that Silver Point may have executed the Robin Cure Amount Notices cannot serve as the basis for affecting any of the Debtors' *post-petition* obligations to Robin under any purchase orders, all of

---

[8] Because the Debtors failed to provide sufficient detail in their Motion regarding the Robin Cure Amount Notices, Robin contacted Silver Point in order to determine whether and the extent to which Silver Point executed any of the Robin Cure Amount Notices. As of the filing of this Objection and Response, such information is unknown to Robin.

CLE - 1053820.2

which must be paid in full in connection with any assumption or assumption and assignment of any purchase order, including the 523 Purchase Order.  The Motion, therefore, must be denied.

### The Debtors are Attempting an End-Run Around Section 365

9. It cannot be disputed that, in order for the Debtors to assume or assume and assign any purchase orders between any of the Debtors and Robin, all unpaid amounts thereunder must be paid in full.  11 U.S.C. § 365(b)&(f).  Currently, there are unpaid *pre- and post*-petition obligations due under the 523 Purchase Order that is the subject of the pending Objection to Assumption and Cure.  Pursuant to the Objection to Assumption and Cure, Robin properly asserted its right to payment in full of such amounts in cash or other immediately available funds (not Plan Currency) at or before the closing on any sale of the Debtors' Bearings Business.  An eleventh-hour attempt to make an end-run around the express mandates of Bankruptcy Code Section 365 by way of the Motion should not be tolerated, particularly when the Objection to Assumption and Cure is properly pending before the Court.   The Motion, therefore, must be denied.

### MEMORANDUM OF LAW

10. Because the legal points and authorities upon which Robin relies for purposes of this Objection and Response are incorporated into this Objection and Response, Robin respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

### RESERVATION OF RIGHTS

11. Robin reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to

CLE - 1053820.2

call all necessary or proper witnesses to testify in support of this Objection and Response or in opposition to the Motion; and (c) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts involving Robin including, without limitation, on the grounds that notice of such relief and an opportunity to object thereto was not properly afforded to Robin.

## CONCLUSION

WHEREFORE, Robin respectfully requests that the Court enter an Order (a) sustaining this Objection and Response in its entirety and overruling the Motion, to the extent that it pertains to Robin, in its entirety; and (b) providing Robin with such other and further relief to which it is justly entitled.

Dated: February 15, 2008                                    Respectfully submitted,

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, New York  11530
Phone:  (516) 873-2000
lberkoff@moritthock.com

AND

Daniel A. DeMarco (OH # 0038920)
Rocco I. Debitetto (OH # 0073878)
Hahn Loeser + Parks LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
Phone: (216) 621-0150
dademarco@hahnlaw.com
ridebitetto@hahnlaw.com

*Counsel for Robin Industries, Inc.*

CLE - 1053820.2