Hearing Date and Time: February 21, 2008 at 10:00 a.m.
Objection Deadline: February 19, 2008 at 4:00 p.m.

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@mlg-pc.com
Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BETH HORNBECK IN SUPPORT OF
OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS'
EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE
AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO
SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER,
PLAN OF REORGANIZATION, 11 U.S.C. §105(a), AND FED. R.BANKR.P. 9010**

I, BETH HORNBECK, declare:

1.     I am an Accounts Material Coordinator for Alps Automotive, Inc. ("Alps"), and formerly a Credit Analyst III for Alps, and in such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

2.     I make this declaration in support of the *Objection Of Alps Automotive, Inc. To Debtor's Expedited Motion To Strike (I) Non-Conforming Cure Amount Notices And (II)Improper Objections Pursuant To Solicitation Procedures Order, Confirmation Order, Plan Of Reorganization, 11 U.S.C. § 105(a), And Fed. R. Bankr. P. 9010* (the "Objection").[1]

3.     On or about December 10, 2007, the Debtors sent two Notice Of Contract Counterparty With Multiple Addresses Of Transmittal Of Cure Amount Notices (the "Duplicate

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

21173

Notice") to Alps, at the following addresses:  (a) Alps Electric (USA) Inc., 1500 Atlantic Blvd., Auburn Hills, MI 48326 (the "Michigan Duplicate Notice"); and (b) Alps Automotive Inc. EFT, 30 Las Colinas Ln., San Jose, CA 95119 (the "California Duplicate Notice").

4.      Attached as Exhibit "A" to the Michigan Duplicate Notice was a copy of the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assigned Under Plan Of Reorganization* (the "Michigan Notice"), which stated the Debtors' intent to cure amounts owing on various purchase orders identified in Schedule 1 attached thereto.  A true and correct copy of the Michigan Duplicate Notice is attached hereto as **Exhibit "A."**

5.      Attached as Exhibit "A" to the California Notice was a copy of the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assigned Under Plan Of Reorganization* (the "California Notice"), which stated the Debtors' intent to cure amounts owing on various purchase orders identified in Schedule 1 attached thereto.  A true and correct copy of the California Duplicate Notice is attached hereto as **Exhibit "B."**

6.      Notably, neither the Michigan Duplicate Notice nor the California Duplicate Notice were addressed to any specific individual, or even to the attention of the President, Chief Executive Officer, or any managing agent or officer of Alps.

7.      Nor were the Michigan Duplicate Notice or the California Duplicate Notice (collectively, the "Duplicate Notices") served upon Alps' counsel of record, Merle C. Meyers, Esq. of Meyers Law Group, P.C. ("MLG"), or MLG's predecessor as Alps' counsel of record, Goldberg, Stinnett, Meyers & Davis, P.C. ("GSMD").  One or the other of MLG and GSMD had appeared through numerous documents in the Debtors' case, including prior filed responses to the Debtors' claims objections and on Alps' filed proofs of claim.  Mr. Meyers, the principal attorney representing Alps at each of the two firms in succession, had communicated on many occasions with the Debtors' counsel with respect to Alps' claims, and had negotiated extensively a stipulation with the Debtors' counsel with respect to allowance of Alps' claims.

8.      By way of example, attached hereto as **Exhibits "C" and "D"** are, respectively, a copy of the first page of one of Alps' proofs of claim filed herein on February 6, 2006 (which

21173

identifies Mr. Meyers, at GSMD, as the person to whom notices should be sent); and a copy of Alps'
response and counter-motion (without exhibits) filed on October 17, 2007 in answer to a claim
objection filed by the Debtors (which response identifies Mr. Meyers, at MLG, as Alps' counsel).

9.      Notwithstanding all of these appearances and contacts, neither of the Duplicate
Notices was served upon Alps' counsel.

**10.**    Because the notices were not addressed to any person or officer at Alps, the notices
were not immediately delivered to anyone within Alps who was knowledgeable with respect to the
Debtors' cases.  Moreover, because the notices were not served upon Alps' counsel of record, said
counsel did not learn of the notices until well after the Debtors' mailing.

11.     The Duplicate Notices were first brought to my attention on January 10, 2008.
However, I did not receive the originals of the Michigan Notice or the California Notice, nor do I
know there whereabouts.

12.     Upon receipt of the Duplicate Notices, I immediately forwarded them to Alps'
counsel, MLG, by email.  On January 10, 2008, the same day that counsel for Alps received, and first
learned of, the notices, said counsel returned the completed Michigan Notice and California Notice
(collectively, the "Completed Notices") to Kurtzman Carson Consultants by Federal Express in order
to meet the Deadline.  The Completed Notices stated Alps' disagreement with the cure amounts
proposed by the Debtors.  True and correct copies of the Completed Notices are attached hereto as
**Exhibit "E."**

13.     Prior to the Petition Date, Alps sold various automotive parts on credit terms to one or
more of the Debtors, and as of the Petition Date, Alps was owed the sum of $6,140,513.59 for parts
sold to the Debtor for which payment was not received.

14.     All parts orders by the Debtors were part of an overall relationship, with standard
terms for delivery, payment and reconciliation.  Individual orders were made by purchase orders, as
part of that relationship.  Since the Petition Date, Alps has continued to sell parts to the Debtors.

15.     On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's
obligations, and attached documentation supporting such obligations, as follows:

a.    A proof of claim ("Claim No. 2246") against Delphi Automotive Systems LLC ("DAS"), in the amount of $6,140,513.59, with attachments identifying each unpaid invoice by number, date, amount and parts order; and

b.    A proof of claim ("Claim No. 2665") against Delphi Corporation ("DC"), in the amount of $6,140,513.59, with the same attachments described above.

16.    In addition, on October 18, 2005, by letter to the Debtors, Alps made demand upon the Debtors for reclamation and return of products delivered to the Debtors on credit terms within ten days preceding the Petition Date, in the amount of $1,550,810.57, pursuant to the provisions of 11 U.S.C. §546(c) of the Bankruptcy Code. The amount of that demand is included in the amounts set forth in Claims Nos. 2246 and 2665. The Debtors have disputed Alps' reclamation demand but have deferred resolution of that dispute, with the result that no payment or return of products has yet been made to Alps on account of its reclamation demand.

17.    Alps filed its proofs of claim against both DAS and DC primarily because, due to ambiguous or inconsistent documentation provided by the Debtors, Alps was not able to determine which such debtor, or whether each of such debtors, was obligated to pay for the Alps products ordered by the Debtors. Because both such debtors appeared on documentation with Alps, Alps believed that both entities might be jointly and severally liable to Alps for payment for the ordered and delivered parts.

18.    On October 31, 2006, the Debtors filed an objection to Alps' claims, as part of the *Debtor's Second Omnibus Objection, etc.* (the "First Objection"). In the First Objection, the Debtors sought disallowance of Claim No. 2665, on the ground that such claim was allegedly duplicative of Claim No. 2246. The First Objection stated that the Debtors intended to reserve all rights to object to Claim No. 2246 at a later time, and therefore did not seek allowance of Claim No. 2246. First Objection, at ¶*32.*

19.    On or about November 22, 2006, Alps' counsel, GSMD, filed timely opposition to the First Objection, and entered into discussions with the Debtors' counsel, regarding resolution of the dispute.

21173

Hearing Date and Time: February 21, 2008 at 10:00 a.m.
Objection Deadline: February 19, 2008 at 4:00 p.m.

20.    Ultimately, the Debtors and Alps, through counsel, reached agreement as to the resolution of the objection to Claim No. 2665, as follows:  Claim No. 2665 was disallowed, and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against DMS and another debtor), in an amount to be determined at a later time.  That resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In Second Omnibus Claims Objections*, dated December 21, 2007.

21.    On September 21, 2007, the Debtors filed an objection to Claim No. 2246 (the "Second Objection").  In the Second Objection, the Debtors sought various adjustments of Claim No. 2246 and reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60, with a reservation of the Debtors' right to object further to Claim No. 2246 at a later time.

22.    Alps, through its successor counsel, MLG, thereafter filed opposition to the Second Objection, as well as a counter-motion seeking final allowance of Claim No. 2246.  Discussions again ensued among counsel, with the interim outcome of deferring the hearing and litigation of the Second Objection and Alps' counter-motion pending settlement discussions.

23.    In subsequent discussions among counsel for the Debtors and Alps, a tentative settlement of Claim No. 2246 was reached, subject to documentation and Court approval.  As of the date of this memorandum, discussions of details of the documentation are continuing.

24.    I declare under penalty of perjury that the foregoing is true and correct.  Executed this 14th day of February 2008 at Auburn Hills, Michigan.



BETH HORNBECK

21173

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 19, 2008 at 4:00 p.m.**

## CERTIFICATE OF SERVICE BY FEDERAL EXPRESS

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within action; that my business address is 44 Montgomery Street, Suite 1010, San Francisco, California 94104-4789; that on the date set out below, I served a copy of the following:

> DECLARATION OF BETH HORNBECK IN SUPPORT OF OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. §105(A), AND FED. R.BANKR.P. 9010

on each party listed below using the express mail services of Federal Express, with delivery guaranteed by noon on February 19, 2008, with a copy of same to be delivered directly to the chambers of the Honorable Robert D. Drain.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on February 15, 2008.

　　　　　　　　　　　　　　　/s/ Edie Walters
　　　　　　　　　　　　　　　EDIE WALTERS

SEE ATTACHED SERVICE LIST.

CERTIFICATE OF SERVICE BY FIRST CLASS MAIL
21173

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 19, 2008 at 4:00 p.m.**

## SERVICE LIST

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the United States Trustee
For the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004
Attn: Alicia M. Leonhard

cc:     Chambers, Hon. Robert D. Drain
        United States Bankruptcy Judge
        1 Bowling Green
        New York, NY 10004 _____

CERTIFICATE OF SERVICE BY FIRST CLASS MAIL
21173

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -     x
                                                         :
     In re                      :     Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :     Case No. 05-44481 (RDD)
                                                         :
              Debtors.     :     (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - -     x

NOTICE TO CONTRACT COUNTERPARTY WITH MULTIPLE ADDRESSES
OF TRANSMITTAL OF CURE AMOUNT NOTICE

       PLEASE TAKE NOTICE that Delphi Corporation, together with certain of its U.S. affiliates
(collectively, the "Debtors") have sent an original Notice Of Cure Amount With Respect to
Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization (the
"Cure Notice"), a copy of which is attached hereto as Exhibit A, to the address listed on Exhibit B
hereto.

**There are substantive rights affected by the Cure Notice such as the right to
object to the proposed cure amount and the right to be paid any cure amount
in cash or the plan currency offered to holders of allowed general unsecured
claims under Article 5.3 of the Debtors' plan of reorganization (the "Plan").
If you are the person in your company who should review and respond to this
notice, you should immediately inquire at your company as to its whereabouts.**

**As explained on Exhibit A, the underlined original Cure Notice must be completed,
executed, and returned so as to be received by Kurtzman Carson Consultants
at the address set forth below by 7:00 p.m. (prevailing Eastern time) on
January 11, 2008. Failure to timely respond will result in your contract(s) or
lease(s) being assumed or assumed and assigned, and you will be paid the cure
amount listed on Schedule 1 to the Cure Notice in the currency offered to
holders of allowed general unsecured claims under the Plan.**

       Please note, however, that only original forms will be accepted for purposes of exercising
your right to contest the cure amount or make a cure election. To obtain a duplicate original Cure
Notice, you must contact Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo,
California 90245, Att'n: Delphi Cure Notice Replacement or at (888) 249-2691 to be sent another
original Cure Notice. The original Cure Notice sent to the address on Exhibit B will subsequently be
voided.

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
       In re                                   :   Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :   Case No. 05-44481 (RDD)
                                                    :
                    Debtors.           :   (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

      PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

      In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

      The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

<u>Step 1</u>

**Please check one of the boxes below:**

☐     Yes, I agree with the Cure Amount listed on <u>Schedule 1</u> **(complete Step 2 below)**

☐     No, I disagree with the Cure Amount listed on <u>Schedule 1</u> **(skip Step 2 and go to Step 3 below)**

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip **Step 3** and complete **Step 4** below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered; the Cure Amount asserted by the Debtors will be controlling; you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New

York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) on **the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to **Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be** <u>received</u> **by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount** listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _____

By: ___ _____

Print Name: _____

Title: _____

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
      John Wm. Butler, Jr. (JB 4711)
      George N. Panagakis (GP 0770)
      Ron E. Meisler (RM 3026)
      Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

            - and -
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 55948 | $273.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# Exhibit B

ALPS ELECTRIC (USA) INC
1500 ATLANTIC BLVD
AUBURN HILLS MI 48326



**<u>EXHIBIT B</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                          :
         In re                                            :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                                      Debtors.            :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -    x

**NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION**

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect
to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and
Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-
possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto
as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1
(the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive
the Cure to which you are entitled.

<u>**Step 1**</u>

**Please check one of the boxes below:**

☐         Yes, I agree with the Cure Amount listed on Schedule 1 (**complete Step 2 below**)

☐         No, I disagree with the Cure Amount listed on Schedule 1 (**skip Step 2 and go to
          Step 3 below**)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New

York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

## Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _____

By: _____

Print Name: _____

Title: _____

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

                  - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550061751 ✓ | $277,727.40 |
| D0550063400 ✓ | $410,634.52 |
| D0550063446 ✓ | $0.00 |
| D0550063491 ✓ | $708.82 |
| D0550069633 ✓ | $190.13 |
| SAG9010507 ✓ | $1,517,985.24 |
| SAG9015304 ✓ | $0.00 |
| SAG9015523 | $0.00 |
| SAG9015557 | -$6,715.50 |
| SAG9015697 | $0.00 |
| SAG9015698 | $0.00 |
| SAG9015701 | $0.00 |
| | |
| | |
| | |
| | |
| | |

# Exhibit B

ALPS AUTOMOTIVE INC EFT
30 LAS COLINAS LN
SAN JOSE CA 95119



CN000060

ALPS AUTOMOTIVE INC EFT
ALPS ELECTRIC INC
1500 ATLANTIC BLVD
AUBURN HILLS MI 48326-1500

RD082779323

**EXHIBIT C**

FORM B10 (Official Form 10) (10/05)

# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor   Delphi Automotive Systems LLC | Case No. 05-44640 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Alps Automotive, Inc. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | EFILED ON _____ DOCUMENT NO: _Claim #1- #2_ COPY FOR PAPER FILE INITIAL: _JR_ |
|---|---|---|
| Name and address where notices should be sent: Merle C. Meyers, Esq. Goldberg Stinnett Meyers & Davis 44 Montgomery Street, Suite 2900 San Francisco, CA 94104 Telephone Number: 415-362-5045 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: | Check here if this claim | ☐ replaces  ☐ amends   a previously filed claim, dated: _____ |
|---|---|---|

**1.   Basis for Claim:**

| | |
|---|---|
| ☒  Goods sold | ☐  Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐  Services performed | ☐  Wages, salaries, and compensation (fill out below) |
| ☐  Money loaned | Last four digits of SS #: _____ |
| ☐  Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐  Taxes | from _____ to _____ |
| ☒  Other _Reclamation – 11 U.S.C. 546(c)_ | (date)          (date) |

| 2.   Date debt was incurred: 2004 - 2005 | 3. If court judgment, date obtained: |
|---|---|

**4.   Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $6,140,513.59
As set forth in Attachment 1, this total includes a claim of reclamation pursuant to 11 U.S.C. § 546(c).
☐ Check this box if: a) there is no collateral or lien securing your claim or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim: _____

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8)

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| 5.   Total Amount of Claim at Time Case Filed: | $6,140,513.59 $_____ (unsecured)        (secured) | $_____ (priority) | $6,140,513.59 (Total) |
|---|---|---|---|

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

| 6.   Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 7    Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| 8    Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date 02/06/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Merle C. Meyers, Esq. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

10233 99935.2.doc

**EXHIBIT D**

**Hearing Date and Time:  October 25, 2007 at 10:00 a.m.**
**Response Date and Time:  October 18, 2007 at 4:00 p.m.**

MEYERS LAW GROUP, P.C.
A Professional Corporation
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA  94104
Telephone: (415) 362-7500
Facsimile:  (415) 362-7515
Email:  mmeyers@mlg-pc.com

Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

DELPHI CORPORATION, et al.,

                    Debtors.

Chapter 11

Case No. 05-44481 (RDD)
Jointly Administered

**RESPONSE OF ALPS AUTOMOTIVE, INC. TO OBJECTION TO**
**CLAIM NO. 2246, PURSUANT TO DEBTORS' TWENTY-FIRST OMNIBUS**
**OBJECTION; ALPS' COUNTER-MOTION FOR ALLOWANCE OF CLAIM NO. 2246**

       Alps Automotive, Inc. ("Alps"), an unsecured creditor herein, hereby submits this

response to the *Debtor's Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And*

*Fed. R. Bankr. P. 3007 To Certain (A) Duplicate or Amended Claims, (B) Untimely Equity*

*Claim, . . . And (F) Claims Subject to Modification, Tax Claim Subject to Modification, And*

*Modified Claims Asserting Reclamation* (the "Objection"), filed by the debtors herein and dated

September 21, 2007.  As set forth below, Alps opposes the Objection as it pertains to Claim No.

2246, filed by Alps, and counter-moves the Bankruptcy Court to allow such claim.  In this

regard, Alps respectfully represents as follows:

## BACKGROUND

       The record of the above-referenced Court, together with the declaration of Merle C.

Meyers (the "Meyers Decl.") filed concurrently herewith, establishes the following pertinent

1

facts:

1.      On October 8, 2005 (the "Petition Date"), Delphi Corporation ("DC"), Delphi Automotive Systems LLC ("DAS"), Delphi Mechatronic Systems, Inc. ("DM") and numerous related entities (collectively, the "Debtors") filed voluntary petitions initiating the above-captioned chapter 11 case, now jointly administered.

2.      Prior to the Petition Date, Alps sold various automotive parts on credit terms to one or more of the Debtors, and as of the Petition Date, Alps was owed the sum of $6,140,513.59 for parts sold to the Debtor for which payment was not received.

3.      On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's obligations, and attached documentation supporting such obligations, as follows:

        a.      A proof of claim against DAS ("Claim No. 2246"), a true and correct copy of which is attached to the Meyers Decl. as **Exhibit "A"**[1], in the amount of $6,140,513.59, with attachments identifying each unpaid invoice by number, date, amount and parts order; and

        b.      A proof of claim against DC as the debtor ("Claim No. 2665") in the amount of $6,140,513.59, with the same attachments described above.

4.      In addition, on October 18, 2005, by letter to the Debtors, Alps made demand upon the Debtors for reclamation and return of products delivered to the Debtors on credit terms within ten days preceding the Petition Date, in the amount of $1,550,810.57, pursuant to the provisions of 11 U.S.C. §546(c) of the Bankruptcy Code.  The amount of that demand is included in the amounts set forth in Claims Nos. 2246 and 2665.  The Debtors have disputed Alps' reclamation demand but have deferred resolution of that dispute, with the result that no payment or return of products has yet been made to Alps on account of its reclamation demand.

5.      Alps filed its proofs of claim against both DAS and DC primarily because, due to ambiguous or inconsistent documentation provided by the Debtors, Alps was not able to

---

[1] Exhibit "A" includes the Proof of Claim, Attachment 1 to same, and Exhibit A thereto, which details the invoices supporting the claim.  The original claim as filed includes Exhibits A through K.

determine which such debtor, or whether each of such debtors, was obligated to pay for the Alps products ordered by the Debtors. Because both such debtors appeared on documentation with Alps, Alps believes that both entities might be jointly and severally liable to Alps for payment for the ordered and delivered parts.

6.       As of February 6, 2006, Alps assigned its claims against the Debtors to Bear Stearns Investment Products Inc. ("Bear"). Under the terms of the assignment from Alps to Bear (the "Assignment"), Bear agreed to pay to Alps an amount to be determined as a percentage of the allowed amount of Alps' claims. Under the terms of the Assignment, an initial payment was made by Bear to Alps, but the bulk of the purchase price is not due until and unless the claims are allowed by the Court.

7.       In order to defend its claims and to achieve allowance of those claims, Alps retained the authority to respond to objections to the claims and to otherwise prosecute the claims, under the terms of the Assignment.

8.       The Debtors identified a claim owing to Alps in their filed schedules of assets and liabilities, but did not describe them as unliquidated and undisputed (and also identified an incorrect claim amount). As a result, Alps' claims were not considered allowed for purposes of the Assignment, and Alps could not then receive full payment of the purchase price under the Assignment.

9.       On October 31, 2006, the Debtors filed an objection to Alps' claims, as part of the *Debtor's Second Omnibus Objection, etc.* (the "Earlier Objection"). In the Earlier Objection, the Debtors sought disallowance of Claim No. 2665, on the ground that such claim was allegedly duplicative of Claim No. 2665. The Earlier Objection stated that the Debtors intended to reserve all rights to object to Claim No. 2246 at a later time, and therefore did not seek allowance of Claim No. 2246. Earlier Objection, at ¶*32.*

10.       On or about November 22, 2006, Alps filed timely opposition to the Earlier Objection, and entered into discussions with the Debtors, through counsel, regarding resolution of the dispute.

11.    Ultimately, the Debtors and Alps reached agreement as to the resolution of the objection to Claim No. 2665, as follows:  Claim No. 2665 was disallowed, and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against DMS and another debtor), in an amount to be determined at a later time.  That resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In Second Omnibus Claims Objections*, dated December 21, 2007.

12.    The Debtors have now filed an objection to Claim No. 2246, the Objection.  In the Objection, the Debtors seek (a) the reduction of the general claim by the approximate amount of $160,000; (b) the reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60; (c) redirection of a small portion of Claim No. 2246, the amount of $5,523.00, from DAS to DMS; and, most importantly, (d) reservation of the Debtors' right to object further to Claim No. 2246 at a later time.  The Objection provides no explanation of the amounts or basis for the requested reductions of Alps' general and reclamation claims, but indicates that if opposition is filed, the matter will be removed from the Court's calendar and treated separately.

13.    By way of the Objection, therefore, the Debtors seek to reduce Claim No. 2246 and Alps' reclamation claim without the consent of Alps, and for reasons that are not apparent from the face of the Objection, but still retain the right to object to the claim again at a later time.  For Alps' purposes, this would mean that notwithstanding the reduction of its claims, those claims would still not be allowed claims, and payment by its assignee, Bear, would be further delayed.

14.    Alps is amenable to a prompt resolution of the amount of its Claim No. 2246 and its reclamation claim, provided that such resolution results in the allowance of those claims in their proper amounts.  That is, once the correct amounts of Alps' claims have been determined, either by agreement or order of the Court, those claims should be allowed in those correct amounts.  That may not mean an earlier distribution from the Debtors' estates, but it *will* mean

4

completion of payments to Alps by Bear, its assignee.

15.     Accordingly, Alps has filed this opposition and made the counter-motion set forth below.

## COUNTER-MOTION

16.     By way of this submission, Alps hereby counter-moves the above-entitled Court for the entry of an order allowing Claim No. 2246 and Alps' reclamation claim, in such amounts as the Court deems proper.  Absent proof being presented by the Debtors that lower amounts are in fact owed to Alps, Alps counter-moves that such claims be allowed in the amounts initially alleged by Alps, as against DAS.

## DISCUSSION

17.     Based on the facts set forth above and applicable law as set forth below, the relief sought by Alps herein should be granted.

### A.     The Debtors Have Presented No Basis For Reduction Of Claims.

18.     Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." See, e.g., *Carey v. Ernst (In re Carey)*, 333 B.R. 666, 672 (S.D.N.Y. 2005); *In re DeGeorge Financial Corp.*, 2002 WL 310967, *4. (D.Conn.).  Moreover, a party objecting to a properly filed proof of claim has the burden of producing evidence to overcome the presumption of validity and amount. See, e.g., *Carey v. Ernst (In re Carey)*, 333 B.R. 666, 672 (S.D.N.Y. 2005); *In re DeGeorge Financial Corp.*, *supra*.

19.     Here, the Debtors have not presented any evidence to overcome the presumption that Claim No. 2246 and Alps' reclamation claim are valid as filed, other than general, generic statements said to pertain to numerous claims.  Such general statements are not sufficient to overcome the presumption of the validity of those claims, and therefore, without more, the Debtor's objection should be overruled.

### B.     The Claims Should Be Allowed, With No Reservation For Later Objections.

20.     More to the point, regardless of whether the Debtors hereafter present evidence to

support their objections to Claim No. 2246 and Alps' reclamation claim, those claims should be allowed by the Court, whether in the amounts proposed by the Debtors or in other amounts determined by the Court to be proper.

21.    The plain language of Section 502 of the Bankruptcy Code requires that the Court allow or disallow a claim upon consideration of an objection to the claim.  Section 502 states that "if such objection to a claim is made, the court, after notice and a hearing shall determine the amount of such claim . . . and *shall allow* such claim in such amount" unless the claim is subject to one of nine exceptions that are not applicable here.  (emphasis added).  The statute does not provide that a court *may allow* such claim unless the debtor reserves its right to later object.

22.    The allowance or disallowance of a claim by the bankruptcy court is "binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata."  *Siegel v. The Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) (stating that if a court allows a claim after considering an objection to it "there can be little doubt about the ultimate res judicata effect of that allowance.").  In fact, even a reservation of the right to object is still subject to the defense of res judicata.  *Tracar v. Silverman (In re American Preferred Prescription, Inc.)*, 266 B.R. 273, 279 (E.D.N.Y. 2000) (applying analysis "consistent with Second Circuit dicta").  Therefore, it is very unlikely that the Debtors' reservation would be sufficient to allow the Debtors to file another objection to Alps' claims in any event.

23.    Accordingly, the Debtors should not be permitted to reserve a right to assert further objections at a later time.  This is particularly so, given the prejudice that such a reservation will impose upon Alps, in light of its claim assignment to Bear.  Such a reservation of rights will delay indefinitely payment to Alps by Bear, without any justification, or rationale for delay, having been presented by the Debtors.

24.    Though courts have allowed debtors to reserve certain objections for consideration at a later date, such reservations must be specific as to particular unresolved issues, see *NOVA Information Sys., Inc. v. Premier Operations, Ltd. (In re Premier Operations, Ltd.)*,

6

290 B.R. 33, 45 (S.D.N.Y. 2003) (holding that "reserved but unasserted rights or defenses" could

not be the basis of later, additional relief), or must not present a totally new objection that could

have been raised earlier. *In re Eden*, 141 B.R. 121, 123 (Bankr. W.D. Tex. 1992) (permitting a

second objection to the IRS's proof of claim only because the original objection was mistakenly

never set for hearing). To hold otherwise would allow a debtor to object perpetually to claims

that have already been decided by the Bankruptcy Court.

    25.    Equity dictates that the Debtors should not be given an unending opportunity to

object to previously litigated claims. See *Siegel*, 143 F.3d at 530 ("In short, the validity of the

claim has been determined on the merits, and attacks upon it that 'could have been asserted'

cannot be raised in later proceedings."). This is not a situation in which the Debtors are unable

to fully evaluate Alps' claims – the Debtors have made specific objections to Claim No. 2246

and Alps' reclamation claim, reflecting full capability to analyze and assess Alps' claims on their

merits. Nor do the Debtors even suggest any justification for reserving their rights to object to

Alps' claims.

    26.    As other courts have found in similar circumstances, the Debtors should be

equitably estopped from raising a later objection if the Debtors are silent when it is their duty to

speak. *In re Weidel*, 208 B.R. 848, 853 (Bankr. M.D.N.C. 1997) (allowing creditors to resist

post-confirmation claims objections on the basis of equitable estoppel); *In re The Roof Doctor,

Inc.*, 1998 WL 2016785, at *4 (Bankr. D.S.C. 1998) (barring a debtor's claim objection on the

basis of res judicata and equitable estoppel). Such silence should preclude the Debtors from

asserting rights they may otherwise have against Alps if not raised in this proceeding. *Id.* The

Debtors are aware that Alps' claim assignment is contingent on its claims being allowed by the

Court. Accordingly, the Debtors should present all of their objections in this forum, and this

Court should allow or disallow the claim without permitting the reservation of further objection.

    27.    The address to which the Debtors must return any reply to this opposition, which

is different from the address presented in Claim No. 2246, is as follows:

MEYERS LAW GROUP, P.C.
Attn:  Merle C. Meyers, Esq.
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone:  (415) 362-7500
Facsimile:  (415) 362-7515
Email:  mmeyers@mlg-pc.com

28.    Because the legal points and authorities upon which this response relies are set forth herein, Alps respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b), to the extent otherwise applicable herein, be deemed satisfied.

## CONCLUSION

Based upon the foregoing, Alps respectfully submits that the Objection should be denied with respect to Claim No. 2246 and Alps' reclamation claim, and that those claims should be allowed, without any reservation of rights to challenge the claims further at a later time, in such amounts as the Court determines proper.

DATED:  October 17, 2007
        San Francisco, California

                                MEYERS LAW GROUP, P.C.
                                A Professional Corporation


                        By:    /s/    Merle C. Meyers
                                Merle C. Meyers, Esq. CA State Bar #66849
                                44 Montgomery Street, Suite 1010
                                San Francisco, CA 94104
                                Telephone: (415) 362-7500
                                Facsimile: (415) 362-7515
                                Email: mmeyers@mlg-pc.com

                        Attorneys for Alps Automotive, Inc., Creditor

10233/20660_2

**EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                           :

In re                           :    Chapter 11
                           :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                           :
             Debtors.    :    (Jointly Administered)
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☐    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☒    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be controlling</u>, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. . Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New

York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States
Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004
(Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern
time) on **the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections
not timely filed and served in the manner set forth above will not be considered and will be deemed
overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized
Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of
section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter
pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court
will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States
Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New
York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a
final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and
assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that
cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or
lease for a period of five days after entry of a final order establishing a Cure amount in excess of that
provided by the Debtors.

## Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be **received by
7:00 p.m.** (prevailing Eastern time) on **January 11, 2008**. If you fail to timely return this form, your
contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount
listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the
discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: Alps Automotive, Inc.

By: _____

Print Name: Merle C. Meyers, Esq., Meyers Law Group, P.C.
44 Montgomery St., Ste. 1010, San Francisco, CA 94104
Tel: (415) 362-7500 Fax: (415) 362-7515 Email: mmeyers@mlg-pc.com

Title: Attorneys for Alps Automotive, Inc., Creditor

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:   New York, New York
         December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                                  John Wm. Butler, Jr. (JB 4711)
                                  George N. Panagakis (GP 0770)
                                  Ron E. Meisler (RM 3026)
                                  Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                        - and -
                                  Kayalyn A. Marafioti (KM 9632)
                                  Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550061751 | $277,727.40 |
| D0550063400 | $410,634.52 |
| D0550063446 | $0.00 |
| D0550063491 | $708.82 |
| D0550069633 | $190.13 |
| SAG90I0507 | $1,517,985.24 |
| SAG90I5304 | $0.00 |
| SAG90I5523 | $0.00 |
| SAG90I5557 | -$6,715.50 |
| SAG90I5697 | $0.00 |
| SAG90I5698 | $0.00 |
| SAG90I5701 | $0.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re                             :     Chapter 11

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)

                  Debtors.   :     (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

<u>Step 1</u>

Please check one of the boxes below:

☐     Yes, I agree with the Cure Amount listed on <u>Schedule 1</u> (complete Step 2 below)

☒     No, I disagree with the Cure Amount listed on <u>Schedule 1</u> (skip Step 2 and go to Step 3 below)

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip **Step 3** and complete **Step 4** below)

**Step 3**

If you checked the box in Step 1 indicating that you **disagree with the Cure Amount**, or if you checked the box in Step 2 indicating that you want to be **paid in cash**, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with **Step 3** and also complete **Step 4** below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New

York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name:  Alps Automotive, Inc.

By: _____

Print Name:  Merle C. Meyers, Esq., Meyers Law Group, P.C.
            44 Montgomery St., Ste. 1010, San Francisco, CA 94104
Title:       Tel: (415) 362-7500 Fax: (415) 362-7515 Email: mmeyers@mlg-pc.com
            Attorneys for Alps Automotive, Inc., Creditor

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305            Delphi Legal Information Website:
International: (248) 813-2698          http://www.delphidocket.com

Dated:    New York, New York
          December 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP
                          John Wm. Butler, Jr. (JB 4711)
                          George N. Panagakis (GP 0770)
                          Ron E. Meisler (RM 3026)
                          Nathan Stuart (NS 7872)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                              - and -
                          Kayalyn A. Marafioti (KM 9632)
                          Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 55948 | $273.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |