Hearing Date and Time:  February 21, 2008 at 10:00 a.m.
Objection Deadline:  February 4, 2008

MEYERS LAW GROUP, P.C.
A Professional Corporation
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA  94104
Telephone: (415) 362-7500
Facsimile:  (415) 362-7515
Email:  mmeyers@mlg-pc.com

Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS'**
**(A) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF**
**EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN**
**CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS;**
**AND (B) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT**
**OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED**
**IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

ALPS AUTOMOTIVE, INC. ("Alps"), an unsecured creditor herein, objects to the following

two notices filed by the debtors herein (collectively, the "Debtors") on or about January 23, 2008:

(a) the *Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To*

*Buyers In Connection With Sale Of Steering And Halfshaft Business* (the "Assumption Notice"); and

(b) the *Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be*

*Assumed In Connection With Sale Of Steering And Halfshaft Business* (the "Cure Amount Notice").

As set forth below, Alps objects to each of the notices on several grounds, including the

following:  (a) the Debtors have not demonstrated adequate assurance of future performance by the

21174

proposed assignee, as required by the provisions of Section 365(b)(1) of the Bankruptcy Code; and (b) the Debtors have materially understated the amounts necessary to cure defaults under the purchase orders that they seek to assume and assign. Alps' objection is based on the following:

## I.    BACKGROUND

The record of the Court, together with the declaration of Beth Hornbeck filed concurrently herewith (the "Hornbeck Declaration"), establishes the following pertinent facts:

**A.    Alps' Claims and Cure Amounts**

1.    Prior to the Petition Date, Alps sold various automotive parts on credit terms to one or more of the Debtors, and as of the Petition Date, Alps was owed the sum of $6,140,513.59 for parts sold to the Debtor for which payment was not received.

2.    All parts orders by the Debtors were part of an overall relationship, with standard terms for delivery, payment and reconciliation. Individual orders were made by purchase orders, as part of that relationship. Since the Petition Date, Alps has continued to sell parts to the Debtors.

3.    On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's obligations, and attached documentation supporting such obligations, as follows:

(a)    A proof of claim ("Claim No. 2246") against Delphi Automotive Systems LLC ("DAS"), in the amount of $6,140,513.59, with attachments identifying each unpaid invoice by number, date, amount and parts order; and

(b)    A proof of claim ("Claim No. 2665") against Delphi Corporation, in the amount of $6,140,513.59, with the same attachments described above.

4.    Ultimately, through stipulations with the Debtors, Claim No. 2665 was withdrawn and it was disallowed and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against another debtor), in an amount to be determined at a later time. That resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In*

21174

*Second Omnibus Claims Objections*, dated December 21, 2007.

5.    On September 21, 2007, the Debtors filed an objection to Claim No. 2246 (the "Claim 2246 Objection"). In the Claim 2246 Objection, the Debtors sought various adjustments of Claim No. 2246 and reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60, with a reservation of the Debtors' right to object further to Claim No. 2246 at a later time.

6.    Alps, through its successor counsel, MLG, thereafter filed opposition to the Claim 2246 Objection, as well as a counter-motion seeking final allowance of Claim No. 2246. Discussions again ensued among counsel, with the interim outcome of deferring the hearing and litigation of the Second Objection and Alps' counter-motion pending settlement discussions.

7.    In subsequent discussions among counsel for the Debtors and Alps, a tentative settlement of Claim No. 2246 was reached, subject to documentation and Court approval. As of the date of this memorandum, discussions of details of the documentation are continuing.

8.    Within Claim No. 2246, the amount of $3,218,543.96 ($2,475,214.25 as a general unsecured claim and $743,329.71 as a reclamation claim) is identified, invoice by invoice, under account no. 7591, pursuant to which Alps sold products used by the Debtors in their steering and halfshaft business (the "Steering Business") in Saginaw, Michigan.

## B.    Debtors' Notices

9.    The Assumption Notice and the Cure Amount Notice (collectively, the "Subject Notices") identify the following prepetition purchase orders placed by the Debtors on Alps in connection with the Steering Business (collectively, the "Subject P.O.s"), with corresponding alleged cure amounts totaling $1,517,985.24:

(a)    Purchase Order No. SAG90I5557, $0.00 cure amount;

(b)    Purchase Order No. SAG90I0507, $1,517,985.24 cure amount;

(c)    Purchase Order No. SAG90I5701, $0.00 cure amount;

(d)    Purchase Order No. SAG90I5698, $0.00 cure amount;

21174

    (e)    Purchase Order No. SAG90I5697, $0.00 cure amount;

    (f)    Purchase Order No. SAG90I5523, $0.00 cure amount; and

    (g)    Purchase Order No. SAG90I5304, $0.00 cure amount.

10.    The Subject Notices state that the Debtors intend to assume, cure and assign the Subject P.O.s in connection with their sale of the Steering Business, and that the proposed assignee will be the buyer of that business, which may be the current bidder or an entity that later makes a higher and better bid in an auction process.  The notice does not provide any information as to the expected buyer/assignee, either as to the existing bidder or any expected overbidder.  As a result it is not possible to assess the financial ability of the proposed assignee, or the ability of that assignee to perform under the Subject P.O.s in the future.

11.    Alps' records indicate that the amounts necessary to cure the defaults under the Subject P.O.s is significantly greater than alleged by the Debtors in the Subject Notices, in an aggregate amount of $2,884,465.76.  In particular, the following amounts are owed with respect to each of the Subject P.O.s:

    (a)    Purchase Order No. SAG90I5557, $202,790.40 cure amount;

    (b)    Purchase Order No. SAG90I0507, $2,680,366.40 cure amount;

    (c)    Purchase Order No. SAG90I5701, $0.00 cure amount;

    (d)    Purchase Order No. SAG90I5698, $0.00 cure amount;

    (e)    Purchase Order No. SAG90I5647,[1] $1,308.96 cure amount;

    (f)    Purchase Order No. SAG90I5523, $0.00 cure amount; and

    (g)    Purchase Order No. SAG90I5304, $0.00 cure amount.

12.    Other prepetition purchase orders placed upon Alps by the Debtors in connection with the Steering Business in Saginaw, Michigan and not included within the Subject P.O.s have payment defaults in the aggregate amount of $334,078.20.  In all, all unpaid prepetition purchase orders placed in connection with the Steering Business are in the aggregate amount of $3,218,543.96, as set forth in

---

[1] The Debtors have apparently made a typographical error as to this purchase order, as there is no P.O. no. SAG90I5697.

Claim No. 2246.

## OBJECTIONS

Alps objects to the Subject Notices on each of the following grounds:

(a)    The Subject P.O.s cannot be assumed without assumption of all related purchase orders that are part of the same relationship and executory contract.  At a minimum, this includes all purchase orders related to the Steering Business at the Saginaw, Michigan plant, with an aggregate cure amount of $3,218,543.96.  "A contract assumed in bankruptcy is accompanied by all its provisions, and conditions.  It may not be assumed in part and rejected in part."  *In re Nitec Paper Corp.*, 43 B.R. 492, 498 (S.D.N.Y. 1984).

(b)    The Subject P.O.s cannot be assumed without concurrent and full cure of all arrearages.  "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure prepetition defaults as a precondition of assuming an executory contract."  *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).  Those arrearages for the Subject P.O.s alone, are in the aggregate amount of $2,884,465.76, and for all Steering Business purchase orders together, are in the aggregate amount of $3,218,543.96.

(c)    The Purchase Orders cannot be assumed or assigned without an adequate showing of future performance.  11 U.S.C. § 365(b)(1).  *In re Luce Industries, Inc.*, 14 B.R. 529 (S.D.N.Y. 1981) (bankruptcy court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform).  None has been provided in the Notice, and the proposed assignee may not yet even be known, much less is its ability to perform established.

13.    Alps reserves its right to amend these objections to include any additional facts and arguments as may be determined by its investigation of the matter further.

## CONCLUSION

WHEREFORE, Alps respectfully requests that its objection to the Subject Notices be sustained and that the Debtors be prohibited from assuming and/or assigning the Subject P.O.s

-5-

21174

without correcting each of the deficiencies stated above, *to wit*, assumption and cure of all related purchase orders, cure of the corrected higher amounts of payment defaults, and presentation of adequate assurance of future performance by the intended assignee.

DATED: February 15, 2008

MEYERS LAW GROUP, P.C.


By:    /s/      Merle C. Meyers
         Merle C. Meyers, Esq. CA State Bar #66849
         44 Montgomery Street, Suite 1010
         San Francisco, CA  94104
         Telephone: (415) 362-7500
         Facsimile:  (415) 362-7515
         Email:  mmeyers@mlg-pc.com
         Attorneys for Alps Automotive, Inc., Creditor

21174

## <u>CERTIFICATE OF SERVICE BY FEDERAL EXPRESS</u>

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within action; that my business address is 44 Montgomery Street, Suite 1010, San Francisco, California 94104-4789; that on the date set out below, I served a copy of the following:

> OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS' (A) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS, AND (B) NOTICE OF CURE AMOUNT WITH RESEPCT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

on each party listed below using the express mail services of Federal Express, with delivery guaranteed by noon on February 19, 2008, with a copy of same to be delivered directly to the chambers of the Honorable Robert D. Drain.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Francisco, California on February 15, 2008.

/s/ Edie Walters
EDIE WALTERS

SEE ATTACHED SERVICE LIST.

10233/21174

1

## SERVICE LIST

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY  10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the United States Trustee
For the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY  10004
Attn: Alicia M. Leonhard

cc:      Chambers, Hon. Robert D. Drain
         United States Bankruptcy Judge
         1 Bowling Green
         New York, NY 10004 _____

2

10233/21174