**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@mlg-pc.com
Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BETH HORNBECK IN SUPPORT OF**
**OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS'**
**(A) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF**
**EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN**
**CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS;**
**AND (B) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT**
**OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED**
**IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

I, BETH HORNBECK, declare:

1.      I am an Accounts Material Coordinator for Alps Automotive, Inc. ("Alps"), and formerly a Credit Analyst III for Alps, and in such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

2.      I make this declaration in support of the *Objection Of Alps Automotive, Inc. To Debtor's (A) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business; And (B) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business* (the "Objection").[1]

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

-1-

Hearing Date and Time: February 21, 2008 at 10:00 a.m.
Objection Deadline: February 4, 2008

3.    Prior to the Petition Date, Alps sold various automotive parts on credit terms to one or more of the Debtors, and as of the Petition Date, Alps was owed the sum of $6,140,513.59 for parts sold to the Debtor for which payment was not received.

4.    All parts orders by the Debtors were part of an overall relationship, with standard terms for delivery, payment and reconciliation. Individual orders were made by purchase orders, as part of that relationship. Since the Petition Date, Alps has continued to sell parts to the Debtors.

5.    On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's obligations, and attached documentation supporting such obligations, as follows:

a.    A proof of claim ("Claim No. 2246") against Delphi Automotive Systems LLC ("DAS"), in the amount of $6,140,513.59, with attachments identifying each unpaid invoice by number, date, amount and parts order; and

b.    A proof of claim ("Claim No. 2665") against Delphi Corporation, in the amount of $6,140,513.59, with the same attachments described above.

6.    Ultimately, through stipulations with the Debtors, Claim No. 2665 was withdrawn and it was disallowed and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against another debtor), in an amount to be determined at a later time. That resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In Second Omnibus Claims Objections*, dated December 21, 2007.

7.    On September 21, 2007, the Debtors filed an objection to Claim No. 2246 (the "Claim 2246 Objection"). In the Claim 2246 Objection, the Debtors sought various adjustments of Claim No. 2246 and reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60, with a reservation of the Debtors' right to object further to Claim No. 2246 at a later time.

8.    Alps, through its successor counsel, MLG, thereafter filed opposition to the Claim 2246 Objection, as well as a counter-motion seeking final allowance of Claim No. 2246.

-2-

Discussions again ensued among counsel, with the interim outcome of deferring the hearing and litigation of the Second Objection and Alps' counter-motion pending settlement discussions.

9.    In subsequent discussions among counsel for the Debtors and Alps, a tentative settlement of Claim No. 2246 was reached, subject to documentation and Court approval. As of the date of this memorandum, discussions of details of the documentation are continuing.

10.    Within Claim No. 2246, the amount of $3,218,543.96 ($2,475,214.25 as a general unsecured claim and $743,329.71 as a reclamation claim) is identified, invoice by invoice, under account no. 7591, pursuant to which Alps sold products used by the Debtors in their steering and halfshaft business (the "Steering Business") in Saginaw, Michigan.

11.    The Assumption Notice and the Cure Amount Notice (collectively, the "Subject Notices") identify the following prepetition purchase orders placed by the Debtors on Alps in connection with the Steering Business (collectively, the "Subject P.O.s"), with corresponding alleged cure amounts totaling $1,517,985.24:

> a.    Purchase Order No. SAG90I5557, $0.00 cure amount;
>
> b.    Purchase Order No. SAG90I0507, $1,517,985.24 cure amount;
>
> c.    Purchase Order No. SAG90I5701, $0.00 cure amount;
>
> d.    Purchase Order No. SAG90I5698, $0.00 cure amount;
>
> e.    Purchase Order No. SAG90I5697, $0.00 cure amount;
>
> f.    Purchase Order No. SAG90I5523, $0.00 cure amount; and
>
> g.    Purchase Order No. SAG90I5304, $0.00 cure amount.

12.    Alps' records indicate that the amounts necessary to cure the defaults under the Subject P.O.s is significantly greater than alleged by the Debtors in the Subject Notices, in an aggregate amount of $2,884,465.76. In particular, the following amounts are owed with respect to each of the Subject P.O.s:

> a.    Purchase Order No. SAG90I5557, $202,790.40 cure amount;
>
> b.    Purchase Order No. SAG90I0507, $2,680,366.40 cure amount;
>
> c.    Purchase Order No. SAG90I5701, $0.00 cure amount;

    d.      Purchase Order No. SAG9015698, $0.00 cure amount;

    e.      Purchase Order No. SAG9015647,[2] $1,308.96 cure amount;

    f.      Purchase Order No. SAG9015523, $0.00 cure amount; and

    g.      Purchase Order No. SAG9015304, $0.00 cure amount.

13.    Other prepetition purchase orders placed upon Alps by the Debtors in connection with the Steering Business in Saginaw, Michigan and not included within the Subject P.O.s have payment defaults in the aggregate amount of $334,078.20. In all, all unpaid prepetition purchase orders placed in connection with the Steering Business are in the aggregate amount of $3,218,543.96, as set forth in Claim No. 2246.

14.    I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of February 2008 at Auburn Hills, Michigan.

_Beth Hornbeck_
BETH HORNBECK

---

[2] The Debtors have apparently made a typographical error as to this purchase order, as there is no P.O. no. SAG9015697.

-4-

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

## CERTIFICATE OF SERVICE BY FEDERAL EXPRESS

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within action; that my business address is 44 Montgomery Street, Suite 1010, San Francisco, California 94104-4789; that on the date set out below, I served a copy of the following:

> DECLARATION OF BETH HORNBECK IN SUPPORT OF OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS' (A) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS, AND (B) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

on each party listed below using the express mail services of Federal Express, with delivery guaranteed by noon on February 19, 2008, with a copy of same to be delivered directly to the chambers of the Honorable Robert D. Drain.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on February 15, 2008.

/s/ Edie Walters
EDIE WALTERS

SEE ATTACHED SERVICE LIST.

CERTIFICATE OF SERVICE BY FEDERAL EXPRESS

Hearing Date and Time:  **February 21, 2008 at 10:00 a.m.**
Objection Deadline:  **February 4, 2008**

## SERVICE LIST

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY  10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the United States Trustee
For the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY  10004
Attn: Alicia M. Leonhard

cc:     Chambers, Hon. Robert D. Drain
        United States Bankruptcy Judge
        1 Bowling Green
        New York, NY 10004 _____

CERTIFICATE OF SERVICE BY FEDERAL EXPRESS
21176