**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

MEYERS LAW GROUP, P.C.
A Professional Corporation
MERLE C. MEYERS, ESQ., CA State Bar #66849
44 Montgomery Street, Suite 1010
San Francisco, CA  94104
Telephone: (415) 362-7500
Facsimile:  (415) 362-7515
Email:  mmeyers@mlg-pc.com

Attorneys for Alps Automotive, Inc., Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>Jointly Administered |

**MOTION OF ALPS AUTOMOTIVE, INC. TO PERMIT LATE-FILED
OBJECTION TO DEBTORS' (A) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN
CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS;
AND (B) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

ALPS AUTOMOTIVE, INC. ("Alps"), an unsecured creditor herein, hereby moves the above-referenced Court to permit and consider an objection (the "Alps Objection") filed concurrently herewith by Alps, despite its lateness, with respect to the following two notices filed by the debtors herein (collectively, the "Debtors") on or about January 23, 2008:  (a) the *Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business* (the "Assumption Notice"); and (b) the *Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed In Connection With Sale Of Steering And Halfshaft Business* (the "Cure Notice").

As set forth below, although the deadline for the filing of the Alps Objection expired on or about February 4, 2008, good cause exists for permitting the late-filed Alps Objection, and no

-1-

21177

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

prejudice will be imposed upon the Debtors by doing so. Alps' motion is based on the following:

## I. BACKGROUND

The record of the Court, together with the declaration of Beth Hornbeck appended to the Alps Objection (the "Hornbeck Declaration"), establishes the following pertinent facts:

**A.  Service of Notices**

1. On October 8, 2005 (the "Petition Date"), the Debtors and numerous related entities filed voluntary petitions initiating the above-captioned chapter 11 case, now jointly administered.

2. The Affidavit of Service of Evan Gershbein (the "Gershbein Affidavit") states that on or about January 23, 2008, the Debtors, through claims agent Kurtzman Carson Consultants LLC, sent copies of the Assumption Notice and the Cure Notice (collectively, the "Subject Notices") to Alps at 1500 Atlantic Blvd., Auburn Hills, MI 48326, with two copies addressed to 'Alps Automotive' to contact reference 'Alps Electric Co Ltd', and one copy addressed to 'Alps Automotive Inc EFT' to contact reference 'Alps Electric Inc' (the "Subject Notices"), and one copy addressed to 'Alps Automotive' with no contact reference, at 6-3-36, Furukawanakazato, Osaka, 04, 9896143, JP (the "Japan Notice").

3. Notably, the Subject Notices were not addressed to any specific individual, or even to the attention of the President, Chief Executive Officer, or any managing agent or officer of Alps.

4. Nor were the Subject Notices served upon Alps' counsel of record, Merle C. Meyers, Esq. of Meyers Law Group, P.C. ("MLG"), or MLG's predecessor as Alps' counsel of record, Goldberg, Stinnett, Meyers & Davis, P.C. ("GSMD"). One or the other of MLG and GSMD had appeared through numerous documents in the Debtors' case, including prior filed responses to the Debtors' claims objections and on Alps' filed proofs of claim. Mr. Meyers, the principal attorney representing Alps at each of the two firms in succession, had communicated on many occasions with the Debtors' counsel with respect to Alps' claims, and had negotiated extensively a stipulation with the Debtors' counsel with respect to allowance of Alps' claims.

5. Additionally, Alps' proofs of claim filed herein on February 6, 2006, discussed below, identify Mr. Meyers, at GSMD, as the person to whom notices should be sent. Mr. Meyers also

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

appeared as counsel of record on October 17, 2007 in answer to a claim objection filed by the Debtors, which response identifies Mr. Meyers, at MLG, as Alps' counsel.

6. Notwithstanding all of these appearances and contacts, none of the Subject Notices were served upon Alps' counsel.

7. While conversing with Debtors' counsel regarding another matter, Debtors' counsel referred to the Subject Notices to the surprise of Alps' counsel. Debtors' counsel forwarded copies of the Subject Notices, which were received on February 13, 2008, well after the objection deadline.

8. Because the notices were not addressed to any person or officer at Alps, the mailed Subject Notices still have not been forwarded to or brought to the attention of Alps' counsel, and cannot be located.

**B.    Alps' Claims and Cure Amounts**

9. Prior to the Petition Date, Alps sold various automotive parts on credit terms to one or more of the Debtors, and as of the Petition Date, Alps was owed the sum of $6,140,513.59 for parts sold to the Debtor for which payment was not received.

10. All parts orders by the Debtors were part of an overall relationship, with standard terms for delivery, payment and reconciliation. Individual orders were made by purchase orders, as part of that relationship. Since the Petition Date, Alps has continued to sell parts to the Debtors.

11. On February 6, 2006, Alps filed two proofs of claim in order to recover the Debtor's obligations, and attached documentation supporting such obligations, as follows:

   (a)   A proof of claim ("Claim No. 2246") against Delphi Automotive Systems LLC ("DAS"), in the amount of $6,140,513.59, with attachments identifying each unpaid invoice by number, date, amount and parts order; and

   (b)   A proof of claim ("Claim No. 2665") against Delphi Corporation, in the amount of $6,140,513.59, with the same attachments described above.

12. Ultimately, through stipulations with the Debtors, Claim No. 2665 was withdrawn and it was disallowed and Claim No. 2446 was deemed to be valid as against DAS (except for a small portion that was valid as against another debtor), in an amount to be determined at a later time. That

-3-

21177

resolution was incorporated into an order of the Court, the *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (I) Equity Claims, (II) Claims Duplicative Of Consolidated Trustee Or Agent Claims, And (III) Duplicate And Amended Claims Identified In Second Omnibus Claims Objections*, dated December 21, 2007.

13. On September 21, 2007, the Debtors filed an objection to Claim No. 2246 (the "Claim 2246 Objection"). In the Claim 2246 Objection, the Debtors sought various adjustments of Claim No. 2246 and reduction of Alps' reclamation claim by roughly $1.5 million, to the amount of $37,893.60, with a reservation of the Debtors' right to object further to Claim No. 2246 at a later time.

14. Alps, through its successor counsel, MLG, thereafter filed opposition to the Claim 2246 Objection, as well as a counter-motion seeking final allowance of Claim No. 2246. Discussions again ensued among counsel, with the interim outcome of deferring the hearing and litigation of the Second Objection and Alps' counter-motion pending settlement discussions.

15. In subsequent discussions among counsel for the Debtors and Alps, a tentative settlement of Claim No. 2246 was reached, subject to documentation and Court approval. As of the date of this memorandum, discussions of details of the documentation are continuing.

16. Within Claim No. 2246, the amount of $3,218,543.96 ($2,475,214.25 as a general unsecured claim and $743,329.71 as a reclamation claim) is identified, invoice by invoice, under account no. 7591, pursuant to which Alps sold products used by the Debtors in their steering and halfshaft business (the "Steering Business") in Saginaw, Michigan.

**C.  Debtors' Notices**

17. The Subject Notices identify the following prepetition purchase orders placed by the Debtors on Alps in connection with the Steering Business (collectively, the "Subject P.O.s"), with corresponding alleged cure amounts totaling $1,517,985.24:

    (a)    Purchase Order No. SAG90I5557, $0.00 cure amount;

    (b)    Purchase Order No. SAG90I0507, $1,517,985.24 cure amount;

    (c)    Purchase Order No. SAG90I5701, $0.00 cure amount;

21177

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

      (d)    Purchase Order No. SAG90I5698, $0.00 cure amount;

      (e)    Purchase Order No. SAG90I5697, $0.00 cure amount;

      (f)    Purchase Order No. SAG90I5523, $0.00 cure amount; and

      (g)    Purchase Order No. SAG90I5304, $0.00 cure amount.

18.    The Subject Notices state that the Debtors intend to assume, cure and assign the Subject P.O.s in connection with their sale of the Steering Business, and that the proposed assignee will be the buyer of that business, which may be the current bidder or an entity that later makes a higher and better bid in an auction process. The notice does not provide any information as to the expected buyer/assignee, either as to the existing bidder or any expected overbidder. As a result it is not possible to assess the financial ability of the proposed assignee, or the ability of that assignee to perform under the Subject P.O.s in the future.

19.    Alps' records indicate that the amounts necessary to cure the defaults under the Subject P.O.s is significantly greater than alleged by the Debtors in the Subject Notices, in an aggregate amount of $2,884,465.76. In particular, the following amounts are owed with respect to each of the Subject P.O.s:

      (a)    Purchase Order No. SAG90I5557, $202,790.40 cure amount;

      (b)    Purchase Order No. SAG90I0507, $2,680,366.40 cure amount;

      (c)    Purchase Order No. SAG90I5701, $0.00 cure amount;

      (d)    Purchase Order No. SAG90I5698, $0.00 cure amount;

      (e)    Purchase Order No. SAG90I5647,[1] $1,308.96 cure amount;

      (f)    Purchase Order No. SAG90I5523, $0.00 cure amount; and

      (g)    Purchase Order No. SAG90I5304, $0.00 cure amount.

20.    Other prepetition purchase orders placed upon Alps by the Debtors in connection with the Steering Business in Saginaw, Michigan and not included within the Subject P.O.s have payment defaults in the aggregate amount of $334,078.20. In all, all unpaid prepetition purchase orders placed

---

[1] The Debtors have apparently made a typographical error as to this purchase order, as there is no P.O. no. SAG90I5697.

-5-

21177

in connection with the Steering Business are in the aggregate amount of $3,218,543.96, as set forth in Claim No. 2246.

21. Concurrently herewith, Alps has filed the Alps Objection, entitled *Objection To Debtors' (A) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection With Sale of Steering and Halfshaft Business; and (B) Notice of Cure Amount With Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of Steering and Halfshaft Business.*

22. In the Alps Objection, Alps objects to the Subject Notices because the cure amounts are grossly understated and because no showing of future performance has been made, among other grounds.

## ARGUMENT

**I.    Alps' Objection Should be Permitted Because Alps Was Not Given Proper Notice.**

Bankruptcy Rule 2002 requires service of any notice relating to the proposed sale, lease, or use of property to be served on parties in interest in accordance with subsection (g), which states:

> Notices required to be mailed under Rule 2002 to a creditor, indenture trustee, or equity security holder shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case. For the purposes of this subdivision - (A) a proof of claim filed by a creditor or indenture trustee that designates a mailing address constitutes a filed request to mail notices to that address, unless a notice of no dividend has been given under Rule 2002(e) and a later notice of possible dividend under Rule 3002(c)(5) has not been given.

Fed. R. Bankr. P. 2002(g). Also Bankruptcy Rule 7004, made applicable by Bankruptcy Rule 9014(b), permits service on a corporation if the notice is directed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Bankr. P. 7004(b)(3). The Debtors did not attempt to satisfy this requirement by serving an officer of Alps or its counsel, and instead sent notice to Alps generally with no reference to any particular department or person. Clearly, such service is insufficient, especially in light of the fact that the objection deadline was <u>ten days</u> after the notice was mailed.

Moreover, notice to Alps was insufficient even employing a 'reasonable notice' standard.

-6-

21177

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

Generally, notices involving bankruptcy rights are subject to Fifth Amendment Due Process requirements. *In re Wright*, 300 B.R. 453, 460 (Bankr. N.D. Ill. 2003) (referring to the Fifth Amendment mandate that "No person shall be deprived of life, liberty, or property, without due proceeds of law."). Due process can only be satisfied by "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* In this case, such cannot be said of the Debtors' service, where service was not made upon Alps' counsel or officers. As a result, Alps received the Subject Notices <u>after</u> the objection deadline. Therefore, it would be grossly unfair to deprive Alps of its right to object to the Subject Notices.

## II.     Alps' Late Objection is at Worst the Result of Excusable Neglect.

23.     Bankruptcy Rule 9006 provides relief to a party for excusable neglect, stating that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Whether a party's omission was the result of "excusable neglect" is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). Such factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* In Alps' case, there is no danger of prejudice to the Debtors (as discussed in Section III, *infra*). Also, the length of delay was minimal and will have no impact on judicial proceedings because Alps' counsel will be appearing at the scheduled hearing. The reason for the delay is as good as any reason could be – Alps' counsel did not have or know about the Subject Notices, which information was not within the reasonable control of Alps. Moreover, Alps has acted in good faith in this matter by bringing this matter to the Court's attention as expeditiously as possible, two days after learning of the Subject Notices. Therefore,

-7-

21177

Alps' objection to the Subject Notices should be permitted as excusable neglect.

Additionally, even if Alps had been properly served, the Subject Notices are not titled as "Emergency," "Expedited," "Urgent," or otherwise. The Subject Notices also do not have the standard "**Hearing Date and Time**" and "**Objection Deadline**" header indicating that immediate action may be necessary. Therefore, it is entirely foreseeable that a party receiving the Subject Notices would not understand the urgency of reading and forwarding the matters to counsel. Considering that the ten day time period began from the date the Subject Notices were mailed, not received, and copies had to be physically received by the parties designated by the Debtors, any party affected by the Subject Notices actually had very few days to prepare and file a response. Accordingly, this Court should enlarge the time for filing objections pursuant to Bankruptcy Rule 9006(b) based on Alps' excusable neglect.

### III.     The Debtors Have Not Been Prejudiced In Any Event.

Most importantly, the Debtors have not been prejudiced by Alps' filing its objection to the Subject Notices less than two weeks after the objection deadline. Alps' objection is being made six days prior to the hearing date of February 21, 2008. Considering that the Debtors assume ten days is an adequate amount of time to prepare an objection to the Subject Notices, six days should be more than enough time for the Debtors to prepare to address Alps' objection. Moreover, Alps is not aware of any action taken by the Debtors in reasonable reliance of Alps' initial failure to object, and thus there is no basis on which the Debtors can contend that they have will be harmed by Alps' filing its objection to the Subject Notices now. *See Morris v. The CIT Group/Equip.Fin., Inc. (In re Charles)*, 268 B.R. 575,579 (Bankr. D. Kan. 2001) (evaluating whether affected party would be prejudiced by permitting non-conforming UCC filing). Alps' objection should, therefore, be permitted.

/ / /

/ / /

/ / /

/ / /

/ / /

-8-

21177

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

## **CONCLUSION**

WHEREFORE, Alps respectfully requests that its objections to the Subject Notices be heard by the Court notwithstanding the fact that they were filed after the deadline imposed by the Debtors.

DATED:  February 15, 2008

                          MEYERS LAW GROUP, P.C.


                        By:  /s/    Merle C. Meyers
                            Merle C. Meyers, Esq. CA State Bar #66849
                            44 Montgomery Street, Suite 1010
                            San Francisco, CA  94104
                            Telephone: (415) 362-7500
                            Facsimile:  (415) 362-7515
                            Email:  mmeyers@mlg-pc.com
                            Attorneys for Alps Automotive, Inc., Creditor

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

## CERTIFICATE OF SERVICE BY FEDERAL EXPRESS

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within action; that my business address is 44 Montgomery Street, Suite 1010, San Francisco, California 94104-4789; that on the date set out below, I served a copy of the following:

MOTION OF ALPS AUTOMOTIVE, INC. TO PERMIT LATE-FILED OBJECTION TO DEBTORS' (A) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS; AND (B) NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

on each party listed below using the express mail services of Federal Express, with delivery guaranteed by noon on February 19, 2008, with a copy of same to be delivered directly to the chambers of the Honorable Robert D. Drain.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on February 15, 2008

                                                          /s/ Edie Walters
                                                         EDIE WALTERS

SEE ATTACHED SERVICE LIST.

**Hearing Date and Time: February 21, 2008 at 10:00 a.m.**
**Objection Deadline: February 4, 2008**

## SERVICE LIST

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY  10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the United States Trustee
For the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY  10004
Attn: Alicia M. Leonhard

cc:     Chambers, Hon. Robert D. Drain
        United States Bankruptcy Judge
        1 Bowling Green
        New York, NY  10004_____

2

10233/21177