Joel D. Applebaum
Clark Hill PLC
500 Woodward Avenue
Suite 3500
Detroit, MI 48226
313.965.8579
japplebaum@clarkhill.com
Attorneys for Cataler North America, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
                                                           : Chapter 11
In re                                                      :
                                                           : Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*,                             :
                                                          : (Jointly Administered)
                                Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF CATALER NORTH AMERICA TO THE DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010 AND REQUEST FOR ORDER DIRECTING THE DEBTORS TO ACCEPT CURE NOTICE**

Cataler North America, Inc. ("Cataler"), by its undersigned counsel, hereby submits this response to the Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Motion") and request for an order directing the Debtors to accept the Cure Notice (as defined below). In support of this Response, Cataler respectfully represent as follows:

**Preliminary Statement**

1. The Motion is an attempt by the Debtors to deny contract counterparties the relief elected in their cure notices by applying a hyper-technical and incorrect application of the instructions to the Cure Notice and Bankruptcy Rule 9010. The Bankruptcy Code requires notice of assumption and cure of executory contracts to provide Creditors with reasonable notice of a debtor's intent to assume an executory contract. The cure notices here alerted parties of the Debtors' asserted cure amount and gave parties an opportunity to object to the cure amount and the option to receive that cure amount in cash or stock. Failure to timely return a cure notice resulted in the wavier of such rights.

2. Although the Cure Notice was timely submitted, the Debtors seek to expunge it - and Cataler's ability to dispute the cure amount and receive the cure amount in cash even though Cataler has made it clear to the Debtors that it disputes the cure amount. In essence, the Debtors have turned the purpose behind cure notices - providing contract counterparties reasonable notice and an opportunity to be heard - on its head by seeking to take away those rights.

3. As discussed below, Bankruptcy Rule 9010(c) is not applicable to the cure notices or the situation at hand. The Cure Notice was properly submitted and the Debtors should not be permitted to strike the Cure Notice based on mere technicalities and non-existent requirements.

**Background**

4.     On December 10, 2007, the Court entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures (the "Solicitation Procedures Order") (Docket No. 11389). Attached to the Solicitations Procedure Order as Exhibit O was a form of cure notice to be sent to each contract counterparty (the "Cure Notice Form").

5.     The Cure Notice Form contained a blank schedule which was to be completed so as to identify specific contracts the Debtors' intended to assume and the Debtors' proposed cure amount for each contract (the "Cure Amount"). See Solicitation Procedures Order at ¶ 43 and Exhibit O. Parties receiving a cure notice would have an opportunity to accept or reject the Debtors' proposed Cure Amount and, if accepting that amount, to elect whether to receive cash payment or stock distribution. Any cure notice not timely returned would result in a deemed acceptance of the Debtors' proposed Cure Amount and an election for a stock distribution.

6.     On December 21, 2007, Kurtzman Carson Consultants LLC ("KCC"), the Debtors' Notice Agent, mailed cure notices by U.S. mail to contract counterparties whose contracts the Debtors intended to assume. See Affidavit of Service (Docket No.11773). The cure notices indicated that parties had to return hard copies of the cure notices by January 11, 2008 to KCC. Practically speaking, due to the intervening Christmas and New Year's holidays, this left parties few working days to review, analyze and return the cure notices.

7.      In late December 2007, Cataler received the cure notice attached hereto as Exhibit A (the "<u>Cure Notice</u>").  Cataler disagreed with the Cure Amount and therefore, in order to preserve its rights, authorized Joel D. Applebaum, of the law firm, Clark Hill PLC, to complete the Cure Notice and submit it to KCC as Cataler's attorney at law and attorney in fact.  Thereafter, Joel D. Applebaum timely returned the original Cure Notice to KCC in accordance with the instructions set forth in the Cure Notice and the Solicitations Procedures Order.

8.      Nonetheless, Cataler subsequently learned via the Motion that the Debtors will not accept the Cure Notice because it was submitted by Mr. Applebaum, Cataler's authorized attorney in law and in fact.  To be clear, the Debtors only objection to the Cure Notice is that was "executed by a third party (rather than the contract counterparty), which third party did not satisfy the requirements of Bankruptcy Rule 9010."  <u>See</u> Motion ¶ 24.  The Debtors have not objected to the Cure Notice based on any other grounds.

### Basis for Objection

**A.      <u>Rule 9010(c) Does Not Provide a Basis for the Relief Requested in the Motion</u>**

9.      Clark Hill PLC and Mr. Applebaum are the actual attorneys of record for Cataler. In fact, Mr. Applebaum participated in negotiating the agreements with the Debtors on behalf of Cataler

10.     Bankruptcy Rule 9010(c) ("<u>Rule 9010(c)</u>") provides:

> The authority of any agent, attorney in fact, or proxy to represent a <u>creditor</u> for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form.    (emphasis added).

11.     Rule 9010(c) does not apply to attorneys at law; if it did, every attorney would have to evidence its authority to act.  There is simply no basis in the law for the Debtors to apply

9010(c) to reject the Cure Notice.  See In re Trebol Motors Distrib. Corp., 220 B.R. 500 (B.A.P. 1st Cir. 1998) (there is no need for an attorney at law to document its authority to act).

**B.     The Cure Notices Were Timely Submitted in Accordance with the Solicitation Procedures Order and the Cure Notice Instructions**

12.     The Solicitation Procedures Order does not state that only contract counterparties can return a cure notice.  The Solicitation Procedures Order simply stated:

> Parties wishing to object to the assumption of their contracts under the terms set forth in the Cure Amount Notice shall be required to return the Cure Amount Notice in accordance with the instructions provided therein so as to be received by the undersigned counsel to the Debtors and such other notice parties as required in the instructions on or before January 11, 2008.  Solicitation Procedures Order ¶ 43 (emphasis added).

13.     If a contract counterparty wished to object to the cure notice, it had to (i) comply with the instructions in the cure notice and (ii) timely return the cure notice.  The Solicitation Procedures Order made no mention of the Debtors' intent to reject cure notices submitted by third parties who were agents, authorized signatories or attorneys in fact for contract counterparties.

14.     The instructions contained in the cure notices made no mention of the Debtors' intent to reject cure notices submitted by third parties acting as authorized signatories either.  Nothing in the Cure Notice indicated that only Cataler could sign and return the Cure Notice.  Accordingly, the Debtors are attempting to read instructions and add additional requirements and restrictions into the Cure Notice that are not present in the Cure Notice.

15.     Based on the instructions provided in the Cure Notice, Cataler had no reason to believe that submission of the Cure Notice by Mr. Applebaum, its attorney at law and attorney in fact, could result in the rejection of the Cure Notice by the Debtors.  Had the Debtors intended

this result such language could have and should have been included in the Cure Notice Form presented to the Court for approval.

### C. Acceptance of the Cure Notice Would Not Prejudice the Debtors

16. The Cure Notice was timely filed and the Debtors have had sufficient time to review and consider the treatment selected therein. The Solicitation Procedures Order further provides that parties objection to the Cure Amount will have 30 days after the effective date of the Plan to file objections provided such parties have timely submitted cure notices. See Solicitation Procedures Order ¶ 43 (requiring creditors objections to cure amounts to be filed "on or before the date that is 30 days following the effective date of the Plan."). Thus, the Debtors would suffer no prejudice in the Court ordered the Debtors to accept the Cure Notice.

17. By attempting to strike the Cure Notice submitted by Mr. Applebaum, as attorney at law and attorney in fact, for Cataler, Debtors are short-circuiting the post effective date objection process that is described in the Cure Notice. It appears that the Debtors have consciously put up obstacle to make it difficult for parties to receive meaningful payment of cure claims in cash. At each step along the way, obstacles have been raised in order to facilitate the Debtors' "timeline" or "administrative burdens". This latest obstacle seems most egregious given the fact that the purpose of returning the Cure Notice in a timely fashion was to alert the Debtors as to a possible objection and Cataler's notice did just that. Although the Debtors may be motivated by a desire to preserve cash, they should not be permitted to strike properly and timely submitted cure notices based on non-existent requirements and mere technicalities.

**Waiver of Memorandum of Law**

18. Pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York, because there are no novel issues of law presented herein, Cataler respectfully requests that the Court waive the requirement that Cataler file a memorandum of law in support of this response.

**CONCLUSION**

Wherefore, for the foregoing reasons, Cataler respectfully requests that the Court deny the relief requested in the Motion and enter an order directing the Debtors to accept the Cure Notice and for such other relief as the Court deems just and proper.

Dated: February 18, 2008            **CLARK HILL PLC**

By: /s/ Joel D. Applebaum
     Joel D. Applebaum
500 Woodward Ave.
Suite 3500
Detroit, MI 48226
313.965.8579
japplebaum@clarkhill.com

*Attorneys for Cataler North America, Inc.*