CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**OBJECTION OF TI GROUP AUTOMOTIVE SYSTEMS, LLC
TO DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE
AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO
SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF
<u>REORGANIZATION, 11 U.S.C. § 105(A) AND FED. R. BANKR. P. 9010</u>**

TI Group Automotive Systems, LLC ("TI Automotive"), respectfully states as follows:

1. TI Automotive manufactures and supplies to the above-captioned Debtor and/or one or more of its affiliated entities in these jointly-administered bankruptcy cases (collectively, as applicable, the "Debtor") various parts and services pursuant to various prepetition and postpetition contracts and/or purchase orders.

2. The Debtor issued its *Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization* (the "Cure Notice"). In the Cure Notice, the Debtor identifies purchase orders issued to TI Automotive that the Debtor wishes to assume and assign (the "Purchase Orders") and identifies the corresponding cure amount that the Debtor believes is due and owing under each Purchase Order.

./

3.	TI Automotive was unable to locate the "original" Cure Notice and, on January 9, 2008, TI Automotive filed and served a "copy" Cure Notice that it had in its possession to ensure that the Debtor timely received the Cure Notice.

4.	On January 10, 2008, TI Automotive located the "original" Cure Notice, completed it, and sent it to the Debtor's administrator via overnight mail for delivery by the January 11, 2008 deadline. A copy of TI Automotive's Original Cure Notice (the "Original Cure Notice") and proof of delivery is attached as Exhibit A hereto.

5.	On February 11, 2008, the Debtor filed its Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Non-Conforming Cure Notice Motion"). The Non-Conforming Cure Notice Motion requests that non-conforming Cure Notices be stricken, that the creditor having filed a non-conforming cure notice be granted a cure claim solely in the amount identified in the Cure Notice, and that the claim be paid in plan currency pursuant to the terms of the Debtor's Plan of Reorganization.

6.	The sole objection by the Debtor to the Cure Notice returned by TI Automotive is that the form returned by TI Automotive was not the original bar-coded form allegedly transmitted to TI Automotive by the Debtor.

7.	TI Automotive admits that when confronted by an impending response deadline and an inability to locate an "original" Cure Notice, it filed a copy of the Cure Notice, without the bar code. However, TI Automotive **immediately and timely corrected** this action by timely filing the Original Cure Notice attached as Exhibit A, with the bar code, as required under the applicable procedures.

-2-

8. TI Automotive acknowledges the inherent administrative difficulties faced by the Debtors in tracking thousands of Cure Notices and responses. Notwithstanding these difficulties, to strike TI Automotive's Original Cure Notice because it had previously filed a non-conforming Cure Notice as a protective measure would be arbitrary and would inequitably and inappropriately elevate form over substance, and impose a draconian result upon TI Automotive under the circumstances of this case.

9. Although TI Automotive took reasonably appropriate precautionary measures by replicating the Cure Notice, it also complied with the Court's established procedures governing Cure Notices when it timely filed the Original Cure Notice on January 11, 2008.

10. Because TI Automotive complied with the Court's procedures by timely filing the Original Cure Notice, there is no basis for the Debtor's Non-Conforming Cure Notice Motion with respect to TI Automotive, and the relief requested therein must be denied.

11. This Response and Objection sets forth the legal and factual predicates of TI Automotive's objections. Accordingly, TI Automotive respectfully requests that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, TI Group Automotive Systems, LLC respectfully requests that the Court deny the Debtor's Non-Conforming Cure Notice Motion to the extent that it seeks to expunge the Original Cure Notice filed by TI Automotive and that the Court grant such other and further relief as is just and appropriate.

Dated: February 18, 2008

        Respectfully submitted,

        CLARK HILL PLC

        By: /s/ Robert D. Gordon
        Robert D. Gordon (Mich. Bar No. P48627)
        500 Woodward Avenue, Suite 3500
        Detroit, Michigan 48226-3435
        (313) 965-8572
        rgordon@clarkhill.com

        Counsel to TI Group Automotive Systems LLC