Hearing Date: February 21, 2008 at 10:00 a.m. (Eastern)
Response Date and Time: February 19, 2008 at 4:00 p.m. (Eastern)

Phillips Lytle LLP
William J. Brown (WB9631)
Angela Z. Miller (AM4473)
437 Madison Avenue, 34th Fl.
New York, New York 10022
Telephone: (212) 759-4888
  and
3400 HSBC Center
Buffalo, New York 14203
Telephone: (716) 847-8400
Fax: (716) 852-6100

*Attorneys for E.I. du Pont de Nemours and Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            )
In re:                                                      )      Chapter 11
                                                            )
DELPHI CORPORATION, et al.,                                 )      Case No. 05-44481 (RDD)
                                                            )
                       Debtors.                             )      (Jointly Administered)
                                                            )
------------------------------------------------------------x

**OBJECTION AND RESPONSE OF E.I. DU PONT DE NEMOURS AND COMPANY
TO DEBTORS' MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT
NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION
PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION,
11 U.S.C. § 105(A), AND FED. R. BANKR. P. 9010**

E.I. du Pont de Nemours and Company ("DuPont") by and through its undersigned counsel, hereby and pursuant to the Declaration of George R. Diaz-Arrastia dated February 18, 2008 and filed in connection herewith ("Arrastia Decl.") objects and responds (the "Objection and Response") to the Debtors' Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 [Docket No. 12615] (the

"Motion").[1] In further support of its Objection and Response, DuPont respectfully states as follows:

**BACKGROUND**

1.    On October 8, 2005 ("Petition Date"), Delphi Corporation ("Debtor") and numerous related entities (collectively with the Debtor, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    Prior to the Petition Date, DuPont and Delphi entered into, among others, the following Purchase Order Nos. 50097, 52398, 53509, 55045, 55048, 52805, 55047 (as amended, supplemented or otherwise modified, the "Purchase Orders").

3.    On July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $172,287.79 in the Delphi Connection Systems ("Delphi Connection Systems") case No. 05-44624 which is identified by the Debtors as claim 10598 ("Claim 10598").

4.    In addition, on July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $123,481.26 in the Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic") case No. 05-44567 which is identified by the Debtors as claim 10596 ("Claim 10596").

5.    Also on July 25, 2006, DuPont timely filed a general unsecured claim in the amount of $2,419,203.01 in the Delphi Automotive Systems LLC ("Delphi Automotive Systems") case No. 05-44640 which is identified by the Debtors as claim 10597 ("Claim 10597").

6.    On June 15, 2007, Debtors filed the Seventeenth Omnibus Objection to Claim 10597, to which DuPont filed a timely response.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

- 2 -

7.   On November 19, 2007, Debtors filed the Twenty-Third Omnibus Objection to Claims 10598 and 10596, to which DuPont also filed a timely response.

8.   The Debtors and DuPont have been in constant negotiations regarding the Seventeenth and Twenty-Third Omnibus Objections and have reached resolution which would allow Claims 10596, 10597 and 10598 in full less $25,000 subject to definitive documentation.

9.   Although DuPont continues to research the matter it believes it is owed in excess of $58,000 for goods and services delivered pursuant to the Purchase Orders.

10.   On January 10, 2008, DuPont Mexico's office in Monterrey, Mexico received a Notification of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization ("Notice"). Arrastia Decl., ¶ 2. The Notice was addressed to "DuPont E I de Nemours Inc.", which is not the correct name of any DuPont subsidiary. Arrastia Decl., ¶ 2. The Notice stated that a form stating whether DuPont agreed or not with a proposed cure amount and whether the cure amount was to be paid in cash or in "Plan currency" had to be returned to an address in El Segundo, California by 7:00 p.m. on the very next day, January 11, 2008, or all objections to assumption or assumption and assignment of the subject Purchase Orders and all objections to the cure amount would be waived. Arrastia Decl., ¶ 2; also see Exhibit A attached hereto.

11.   George R. Diaz-Arrastia, Esq. is an attorney at law and a partner at the firm of Schirrmeister Diaz-Arrastia Brem LLP in Houston, Texas (sometimes referred to as "the firm"). Arrastia Decl., ¶ 1.

12.   Schirrmeister Diaz-Arrastia Brem LLP is Primary Law Firm ("PLF") that has been retained by DuPont to generally represent it and its subsidiaries. Arrastia Decl., ¶ 1. Mr. Diaz-Arrastia is the Account Manager for DuPont at the firm. Arrastia Decl., ¶ 1. As a PLF, Schirrmeister Diaz-Arrastia Brem LLP has an on-going relationship with DuPont in which the firm represents DuPont and its subsidiaries on legal matters of diverse nature throughout the

United States. Arrastia Decl., ¶ 1. Included among the legal matters in which the firm represents DuPont and its subsidiaries is the representation of DuPont Mexico and other Latin American subsidiaries in the United States, and the representation of DuPont with regard to cross-border issues involving the United States, Mexico and other Latin American countries. Arrastia Decl., ¶ 1. Part of this representation is the representation of DuPont and its subsidiaries in bankruptcy cases in the United States that implicate the Latin American business of DuPont and its subsidiaries. Arrastia Decl., ¶ 1.

13. In order to comply with the immediately impending deadline set forth in the Notice, Mr. Diaz-Arrastia was instructed by his client to fill out and sign the Notice, and return it to the address set forth therein, which he did. Arrastia Decl., ¶ 1.

14. A copy of DuPont's timely submitted, executed Notice is attached as Exhibit A.

### THE MOTION

15. Pursuant to the Motion, Delphi seeks to strike the Notice timely filed by DuPont on the grounds that the Notice was allegedly "not executed or, if executed by a third party, no valid power of attorney was provided to the signatory on the returned notice." (Motion, ¶ 25 & Schedule 2.) The Debtors, therefore, propose to limit the treatment of the Purchase Orders subject to the Notice to the "Default Treatment." (Motion, ¶ 32 & Schedule 2.)

16. In other words, by the Motion, the Debtors seek to assume the Purchase Orders without affording DuPont the ability to exercise its rights provided for under its timely filed Notice, including but not limited to, objecting to the proposed cure amount on or before the 30th day following the effective date of the Plan and receiving a cash payment for the cure amount, solely on the erroneous basis that Mr. Diaz-Arrastia lacked legal capacity to sign the Notice.

### OBJECTION AND RESPONSE

17. The Motion should be overruled insofar as it pertains to DuPont.

18. In the Motion, the Debtors seek to strike notices that were not executed or improperly executed by a third-party without power of attorney, citing Federal Rule of Bankruptcy Procedure 9010. The Debtors apparent concern regarding improperly executed notices was the execution of notices by unauthorized "Counterparties", transferees or assignees of claims of its creditors. That is not the case with respect to DuPont's timely filed Notice. As set forth above, Mr. Diaz-Arrastia is counsel to DuPont and was authorized to act on its behalf.

19. Federal Rule of Bankruptcy Procedure 9010 provides in pertinent part that a "creditor … may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court…". Clearly the Notice executed by Mr. Diaz-Arrastia was properly executed. Furthermore, it is uncontested that the Notice was timely filed. As such, the Notice should not be dismissed and treated as a nullity as the Debtors propose.

20. Furthermore, the Debtors are attempting an end-run around Section 365 of the Bankruptcy Code and it should not be permitted.

21. It cannot be disputed that, in order for the Debtors to assume or assume and assign the Purchase Orders, all unpaid amounts thereunder must be paid in full. 11 U.S.C. § 365(b) & (f). Currently, there are unpaid *pre-* and *post-*petition obligations due under the Purchase Orders that are the subject of the pending Motion. Pursuant to the Notice, DuPont properly asserted its right to payment in full of such amounts in cash or other immediately available funds (not Plan Currency). An eleventh-hour attempt to make an end-run around the express mandates of Bankruptcy Code Section 365 by way of the Motion should not be tolerated. The Motion, therefore, must be denied.

## MEMORANDUM OF LAW

22. Because the legal points and authorities upon which DuPont relies for purposes of this Objection and Response are incorporated into this Objection and Response, DuPont respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the

service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

23.     DuPont reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts and purchase orders involving DuPont including, without limitation, on the grounds that notice of such relief and an opportunity to object was not properly afforded to DuPont.

## CONCLUSION

WHEREFORE, DuPont respectfully requests that the Court enter an Order (a) sustaining this Objection and Response in its entirety and overruling the Motion, to the extent that it pertains to DuPont, in its entirety; and (b) providing DuPont with such other and further relief as is appropriate.

Dated: February 18, 2008
      Buffalo, New York

PHILLIPS LYTLE LLP

By    /s/ Angela Z. Miller
     William J. Brown (WB9631)
     Angela Z. Miller (AM4473)
437 Madison Avenue, 34th Floor
New York, NY  10022
Telephone No. (212) 759-4888
  and
3400 HSBC Center
Buffalo, New York  14203
Telephone No. (716) 847-8400
Fax (716) 852-6100

Attorneys for E.I. DuPont de Nemours and Company

AZMen/Doc # 01-1722060.1