Timothy W. Brink (TWB 4178)
Timothy S. McFadden (TSM 9650)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0370
Facsimile: (312) 443-0336

-and-

Kevin J. Walsh (KJW 6083)
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, NY 10022-4802
Tel:  (212) 947-4700
Fax: (212) 947-1202

Attorneys for Methode Electronics, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIMITED OBJECTION OF METHODE ELECTRONICS, INC. TO THE DEBTORS'**
**EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT**
**NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION**
**PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION,**
**11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010 AND REQUEST FOR ORDER**
**DIRECTING THE DEBTORS TO ACCEPT CURE NOTICE**

Methode Electronics, Inc. ("Methode"), by its undersigned counsel, hereby submits this

Limited Objection to the Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount

Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Motion") and requests an order directing the Debtors to accept the Cure Notices (as defined below). In support of this Objection, Methode respectfully represents as follows:

## I.
## INTRODUCTION

1.      The Debtors' sole objection to the Cure Notices (defined below) returned by Methode was that they were improperly executed by a third party without a valid power of attorney. In actuality, Methode granted a valid general power of attorney to Blue Angel Claims, LLC ("Blue Angel"), its claims assignee. Since neither the Solicitation Procedures Order or the cure notice instructions specified or required that a power of attorney be provided with the executed cure notice itself, Methode did not do so.

2.      Nonetheless, in an apparent attempt by the Debtors to deny contract counterparties the relief elected in their cure notices by applying a hyper-technical and incorrect application of the instructions in the cure notice, the Debtors have moved to strike Cure Notices. The Cure Notices, however, were properly completed, timely delivered, and the Debtors should not be permitted to strike them based on non-existent requirements. Accordingly, Methode requests that the Court deny the Debtors' Motion to the extent it seeks to strike the Cure Notices timely filed on behalf of Methode.

2

CHI1 1459809v.2

## II.
## BACKGROUND

**A.    Methode Files Claims Against Delphi Which Are Assigned to Blue Angel.**

3.      Methode has been a valued supplier of the Debtors since 1980 and currently

supplies the Debtors with unique passive occupant detection systems ("PODS") and other

electrical components.  The PODS are critical to the proper functioning of passenger airbag

systems, which vehicle manufacturers are required to install in all new automobiles.

4.      On May 3, 2006, Methode filed four (4) unsecured non-priority claims against the

Debtors with the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") totaling $4,647,550.07 (the " Unsecured Claims").[1]

5.      On June 13, 2006, Methode executed a Transfer of Claim Agreement with Credit

Suisse (the "Original Claim Transfer Agreement") pursuant to which Methode transferred the

Unsecured Claims to Credit Suisse.  A redacted copy of the Claim Transfer Agreement is

attached hereto as Exhibit A.[2]

6.      Paragraph 11 of the Claim Transfer Agreement states, in relevant part, as follows:

> SELLER [Methode] hereby **irrevocably appoints BUYER [Credit Suisse] as its
> true and lawful attorney** and authorized BUYER to act in SELLER'S name,
> place and stead, to demand, sue for, compromise and recover all such sums of
> money which are, or may hereafter become due and payable for, or on account of

---

[1] The Unsecured Claims include the following claim numbers: 4574, 4575, 4576, and 4577.  Methode also filed a
secured claim, Claim No. 16194, which Methode has not assigned.

[2] On June 21, 2006, pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules"), Credit Suisse filed a Notice of Transfer of Claim Other Than For Security (the "Credit Suisse Notice of
Transfer") in the Debtors' case as Docket No. 4306.

CHI1 1459809v.2

each Claim of SELLER herein assigned.   SELLER hereby grants unto BUYER full authority to do all things necessary to enforce the Claims and SELLER'S rights thereunder.

(emphasis added).

7.      Also on June 13, 2006, Credit Suisse and Blue Angel executed a Transfer of Claim Agreement (the "Secondary Claim Transfer Agreement" and together with the Original Claim Transfer Agreement, the "Claim Transfer Agreements") pursuant to which, among other things, Credit Suisse irrevocably transferred and assigned to Blue Angel all its rights arising under or in connection with the Original Transfer Agreement.  A redacted copy of the Secondary Transfer Agreement is attached hereto as Exhibit B.[3]  Pursuant to the Claim Transfer Agreements, Blue Angel held a broad power of attorney to execute all documents concerning the Unsecured Claims, including the Cure Notices.

## B.      The Debtors Issue Cure Notices and Move to Strike to Methode's Cure Notices.

8.      On December 10, 2007, the Court entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures (the "Solicitation Procedures Order") (Docket No. 11389).

---

[3] On July 25, 2006, pursuant to Bankruptcy Rule 3001(e), Blue Angel filed a Notice of Transfer of Claim Other Than For Security (the "Credit Suisse Notice of Transfer") in the Debtors' case as Docket No. 4671.

4

CHI1 1459809v.2

Attached to the Solicitations Procedure Order as Exhibit O was a form of cure notice to be sent

to each contract counterparty (the "Cure Notice Form").

9.    The Cure Notice Form contained a blank schedule which was to be completed so

as to identify specific contracts the Debtors intended to assume and the Debtors' proposed cure

amount for each contract (the "Cure Amount"). See Solicitation Procedures Order at ¶ 43 and

Exhibit O.  Parties receiving a cure notice would have an opportunity to accept or reject the

Debtors' proposed cure amount and, if accepting that amount, to elect whether to receive cash

payment or stock distribution.  Any cure notice not timely returned would result in a deemed

acceptance of the Debtors' proposed cure amount and an election for a stock distribution.

10.    In early January 2008, Methode received two cure notices (the "Cure Notices")

from the Debtors and forwarded them to Blue Angel.  In the short amount of time it had between

receiving the Cure Notices and the January 11, 2008 deadline for delivering them to the Debtors,

Methode was unable to determine whether the purchase orders and the proposed cure amounts

listed by the Debtors in the Cure Notices were complete and accurate.  Therefore, in order to

preserve its rights, Blue Angel, acting on the power of attorney granted to it in the Claim

Transfer Agreements, objected to the treatment proposed in the Cure Notices and submitted the

original Cure Notices to KCC prior to the January 11, 2008 deadline in accordance with the

instructions set forth in the Cure Notices and the Solicitations Procedures Order.  A copy of the

Cure Notices are attached hereto as Exhibit C.

5

11.    Nonetheless, in the Motion, the Debtors listed the Cure Notices on <u>Schedule 2</u> as

an "Improperly Executed Cure Notice." The Debtors have not objected to the Cure Notices on

any other grounds.

## III.
## OBJECTION

A.    **<u>The Methode Cure Notices Satisfied All of the Instructions Set Forth in the Cure</u>**
**<u>Notices and the Solicitation Procedures Order</u>.**

12.    Methode complied with all of the instructions contemplated in the Solicitation

Procedures Order and those set forth in the Cure Notices. The Solicitations Procedures Order

simply stated:

> Parties wishing to object to the assumption of their contracts under the terms set
> forth in the Cure Amount Notice shall be required to return the Cure Amount
> Notice in accordance with the instructions provided therein so as to be received
> by the undersigned counsel to the Debtors and such other notice parties as
> required in the instructions on or before January 11, 2008.

Solicitation Procedures Order, ¶ 43.

13.    Neither the Cure Notices nor the Solicitation Procedures Order state that only

contract counterparties can execute and deliver cure notices or that parties acting pursuant to a

power of attorney must provide that power of attorney with the executed cure notices. Moreover,

the Solicitation Procedures Order made no mention of the Debtors' intent to reject cure notices

submitted by third parties who were agents, authorized signatories or attorneys in fact for

contract counterparties. If Methode and Blue Angel (and apparently other parties as well) had

6

been aware of this requirement, they could have easily provided a copy of the already existing

power of attorney with the Cure Notices or obtain a new power of attorney as appropriate.

14.     The Debtors are attempting to read instructions and add additional requirements

into the Cure Notices that simply do not exist.  Based on the instructions provided in the Cure

Notices, Methode and Blue Angel had no reason to believe that submission of the Cure Notices

by Blue Angel, as an authorized signatory, could result in the rejection of the Cure Notices by

the Debtors.  Rather, Methode believed that it had complied with all of the requirements set forth

in the Solicitation Procedures Order and the instructions to the Cure Notices.

**B.        Acceptance of the Cure Notices Would Not Prejudice the Debtors**

15.     One of the primary purposes of the cure notices in this case was to initiate the

process for determining correct cure amounts and allow contract counterparties or their

designated attorneys in fact the opportunity to object to the Debtors' proposed treatment.  In this

case, the delivery of the executed Cure Notices through Blue Angel put the Debtors on timely

notice of Methode's objection to the proposed treatment set forth in the Cure Notices.

16.     Methode's initial objection through Blue Angel to the treatment set forth in the

Cure Notices through their timely delivery of the Cure Notices was evident, and the Debtors

have had sufficient time to review and consider the treatment selected therein.  Moreover, the

Debtors will have ample opportunity to address the substantive issues concerning Methode's

objection since the Solicitation Procedures Order provides that parties shall have 30 days after

7

CHI1 1459809v.2

the Effective Date of the Debtors' First Amended Joint Plan of Reorganization to file objections.

See Solicitation Procedures Order ¶ 43. Since the Debtors will have an opportunity to address

such an objection, the Debtors would suffer no prejudice if the Court ordered the Debtors to

accept the Cure Notice.

17.    By attempting to strike the Cure Notices submitted by Blue Angel, as attorney in

fact, for Methode, the Debtors are short-circuiting the post effective date objection process that is

described in the Cure Notices and improperly forcing Methode to receive payment of its cure

amount in a form other than cash. Although the Debtors may be motivated by a desire to

preserve cash and ease the administrative burden of addressing substantive cure claim disputes,

they should not be permitted to strike properly and timely submitted cure notices based on non-

existent requirements.

## Waiver of Memorandum of Law

18.    Pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern

District of New York, because there are no novel issues of law presented herein, Methode

respectfully requests that the Court waive the requirement that it file a memorandum of law in

support of this Objection.

8

CHI1 1459809v.2

## IV.
## CONCLUSION

19.    For the foregoing reasons, Methode respectfully requests that the Court deny the

relief requested in the Motion and enter an order directing the Debtors to accept the Cure Notices

and for such other relief as the Court deems just and proper.

Dated: New York, New York
       February 18, 2008

                                        LOCKE LORD BISSELL & LIDDELL LLP

                                        /s/ Timothy S. McFadden
                                        Timothy W. Brink (TWB 4178)
                                        Timothy S. McFadden (TSM 9650)
                                        111 South Wacker Drive
                                        Chicago, Illinois 60606
                                        Telephone: (312) 443-0370
                                        Facsimile: (312) 443-0336

                                        Attorneys for Methode Electronics, Inc.

9