# EXHIBIT A

Execution Version

## TRANSFER OF CLAIM AGREEMENT

**SELLER:** (I)AUTOMOTIVE SAFETY TECHNOLOGIES, INC., A WHOLLY-OWNED SUBSIDIARY OF METHODE ELECTRONICS, INC., F/K/A METHODE MEXICO USA, INC. ("<u>AUTOMOTIVE SAFETY</u>"); (II) METHODE ELECTRONICS MALTA LTD., A WHOLLY-OWNED SUBSIDIARY OF METHODE ELECTRONICS, INC., F/K/A  MERIT MALTA METHODE LTD. ("<u>MALTA</u>"); (III) AUTOMOTIVE ELECTRONIC CONTROLS DIVISION, A DIVISION OF METHODE ELECTRONICS, INC. ("<u>AUTOMOTIVE ELECTRONICS</u>"); (IV) CONNECTOR PRODUCTS DIVISION, A DIVISION OF METHODE ELECTRONICS, INC. ("<u>CONNECTOR</u>"); AND (V) METHODE ELECTRONICS, INC. ("<u>METHODE</u>", AND COLLECTIVELY, THE "SELLER")

Address:        7401 W. Wilson Ave.
                Harwood Heights, Illinois 60706

Telephone:      708-867-6777
Facsimile:      708-867-3288
Attention:      Douglas A. Koman


**BUYER:**       **CREDIT SUISSE**

Address:        11 Madison Avenue, 5th Floor
                New York, New York 10010

Telephone:      (212) 325-9938
Facsimile:      (212) 538-8119
Attention:      Daniel Sullivan


DATE OF THIS AGREEMENT:      June 13, 2006

DEBTOR:                      **Delphi Automotive Systems LLC**

PETITION DATE:              October 8, 2005

BANKRUPTCY COURT:           United States Bankruptcy Court

– 2 –

|                    | for the Southern District of New York |
| --- | --- |
| BANKRUPTCY CASE:   | *In re: Delphi Corp Chapter 11 Case No.* 05-44481 *(RRD) (Jointly Administered)* |

CLAIM:

$4,647,550.07 aggregate general unsecured claim against the Debtor, comprised of four separate proofs of claims ($4,032,367.00 principal amount of general unsecured claim against the Debtor relating to Automotive Safety as Seller; $406,570.92 in principal amount of general unsecured claim against the Debtor relating to Malta, as Seller; $149,937.86 in principal amount of general unsecured claim relating to Automotive Electronics, as Seller; and $58,674.29 in principal amount of general unsecured claim against the Debtor relating to Connector, as Seller.)

- 3 –

# AGREEMENT

1.    <u>Definitions</u>.  For purposes of this Agreement, the following terms shall have the meaning ascribed to it:

"<u>Evidence of Transfer of Claim</u>" shall mean collectively, with respect to SELLER's Claim against Debtor, the Notices and Evidences of Transfer of Claim substantially in the forms annexed hereto as Exhibit <u>A</u>.

"<u>Schedules</u>" shall mean the Debtor's schedules of creditors holding unsecured claims (Schedule F – Creditor's Holding Unsecured Non-Priority Claims) filed or to be filed with the Bankruptcy Court, as the same may be amended from time to time.

2.    <u>Assignment</u>.    On the Effective Date (as defined below), subject to the terms and conditions set forth below, SELLER hereby irrevocably sells, conveys, transfers and assigns unto BUYER, all of SELLER's right, title and interest in and to, or arising under or in connection with (i) the claim (as the term "claim" is defined in Section 101(5) of Title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq</u>., the "<u>Bankruptcy Code</u>") of SELLER against the Debtor set forth on the first page of this Agreement (such claim is hereinafter referred to as, a "<u>Claim</u>"), (ii) each of the Proofs of Claim (including any amendments and modifications related thereto), documents, agreements, bills, invoices, stipulations and/or orders (whether now existing or hereafter arising) of the Bankruptcy Court, which evidence, create and/or give rise to or affect in any material way the Claim (such documents, agreements, bills and invoices, agreements, stipulations and/or orders of the Bankruptcy Court, the "<u>Supporting Claim Documents</u>"), (iii) all rights to receive any cash, interest, fees, expenses, damages, penalties and/or other amounts in respect of or in connection with the Claim or the Supporting Claim Documents, including without limitation, any securities and/or other distributions made by the Debtor in respect of the Claim under or pursuant to any plan of reorganization or liquidation in the Bankruptcy Case or otherwise, (iv) any and all claims, causes of action and/or voting and other rights and benefits arising under or relating to any of the foregoing, and (v) any and all proceeds of any of the foregoing.  All of the foregoing rights described in the preceding clauses (i) through and including (v) are hereinafter collectively referred to as the "<u>Transferred Claim Rights</u>".

11.    <u>Buyers' Rights in Claim</u>. SELLER hereby irrevocably appoints BUYER as its true and lawful attorney and authorizes BUYER to act in SELLER's name, place and stead, to demand, sue for, compromise and recover all such sums of money which are, or may hereafter become due and payable for, or on account of each Claim of SELLER herein assigned.  SELLER hereby grants unto BUYER full authority to do all things necessary to enforce the Claim and SELLER'S rights thereunder. SELLER agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of BUYER.  BUYER shall have no obligation to prove, defend, or take any affirmative action with respect to proving the validity or amount of the Claim.

16.    Miscellaneous. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim. This Agreement shall inure to the benefit of, be binding upon shall be enforceable by the parties hereto and their respective successors and assigns; provided that, the obligations of SELLER contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied. BUYER shall have the right to sell assign, convey and/or participate all or any portion of the Transferred Claim Rights and/or its rights under this Agreement without the consent of or notice to SELLER. Transmission by telecopier, facsimile or other form of electronic transmission of an executed counterpart of this Agreement or Evidence of Transfer of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. This Agreement and the Evidence of Transfer of Claim may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which together shall constitute one agreement binding all of the parties hereto. **THIS AGREEMENT AND THE EVIDENCE OF TRANSFER OF CLAIM SHALL BE CONSTRUED AND THE OBLIGATIONS OF THE PARTIES SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT GIVING EFFECT TO ANY CHOICE OF LAW PRINCIPLES THAT WOULD REQUIRE THE APPLICATION OF THE LAWS OF ANY OTHER JURISDICTION). SELLER CONSENTS TO THE JURISDICTION OF THE FEDERAL AND STATE COURTS IN THE STATE OF NEW YORK.**

SELLER HEREBY IRREVOCABLY WAIVES ANY NOTICE REQUIREMENT IMPOSED BY RULE 3001(e) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND CONSENTS TO THE SUBSTITUTION OF BUYERS FOR SELLER FOR ALL PURPOSES IN THE CASE, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES WITH RESPECT TO THE CLAIM.

(signatures follow on next page)

- 10 –

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the date first written above.

AUTOMOTIVE SAFETY TECHNOLOGIES, INC., A WHOLLY-OWNED SUBSIDIARY OF METHODE ELECTRONICS, INC., F/K/A METHODE MEXICO USA, INC.

By: _____
Name: Douglas A. Koman
Title: Vice President and Chief Financial Officer

METHODE ELECTRONICS MALTA LTD., A WHOLLY-OWNED SUBSIDIARY OF METHODE ELECTRONICS, INC., F/K/A MERIT MALTA METHODE LTD.

By: _____
Name: Douglas A. Koman
Title: Vice President and Chief Financial Officer

AUTOMOTIVE ELECTRONIC CONTROLS DIVISION, A DIVISION OF METHODE ELECTRONICS, INC.

By: _____
Name: Douglas A. Koman
Title: Vice President and Chief Financial Officer

- 11 –

CONNECTOR PRODUCTS DIVISION, A
DIVISION OF METHODE ELECTRONICS, INC.

By: _____
Name: Douglas A. Koman
Title: Vice President and Chief Financial Officer

METHODE ELECTRONICS, INC.

By: _____
Name: Douglas A. Koman
Title: Vice President and Chief Financial Officer

CREDIT SUISSE, Cayman Islands Branch

By: _____
Name:
Title:

By: _____
Name:
Title:

CHI1 1207493v2

- 11 -

CONNECTOR PRODUCTS DIVISION, A
DIVISION OF METHODE ELECTRONICS, INC.

By: _____
Name: Douglas A. Koman
Title: Vice President and Chief Financial Officer


METHODE ELECTRONICS, INC.

By: _____
Name: Douglas A. Koman
Title: Vice President and Chief Financial Officer


CREDIT SUISSE, Cayman Islands Branch

By: _____
Name:
Title:
      Ian Landow
      Vice President

By: _____
Name:
Title:
      Daniel Sullivan
      Assistant Vice President

# EXHIBIT B

CHI1 1459809v.2

**TRANSFER OF CLAIM AGREEMENT**
(Secondary Transfer)

Execution Version

**SELLER:**    **CREDIT SUISSE**

Address:    11 Madison Avenue, 5th Floor
New York, New York  10010

Telephone:    (212) 325-9938
Facsimile:    (212) 325-8129
Attention:    Daniel Sullivan

**BUYER:**    **BLUE ANGEL CLAIMS LLC**

Address:    65 East 55th Street, 19th Floor
New York, NY 10022
Telephone:    (212)-446-4018
Facsimile:    jdonovan@blueangelclaims.com
Attention:    Jennifer Donovan

DATE OF THIS AGREEMENT:    June 13, 2006

DEBTOR:    **Delphi Automotive Systems LLC**

PETITION DATE:    October 8, 2005

BANKRUPTCY COURT:    United States Bankruptcy Court
for the Southern District of New York

BANKRUPTCY CASE:    *In re: Delphi Corp.* Chapter 11 Case No.
*05-44481 (RRD) (Jointly Administered)*

CLAIM:    $4,647,550.07 aggregate general unsecured claim against
the Debtor, comprised of four separate proofs of claims

**AGREEMENT**

1.    Definitions.    Capitalized terms used herein but not otherwise defined shall have
the meaning given to such terms in the Original Vendor Sale Agreement (as defined below).  For
purposes of this Agreement, the following terms shall have the meanings ascribed to them as set
forth in the Section 1:

S:\MattersClosingDocuments\2380582-\Transfer of Claim Agreement\Transfer of Claim Agreement2380582-_Final_
4.DOC

– 2 –

"Original Vendor" means collectively (I) AUTOMOTIVE SAFETY TECHNOLOGIES, INC., A WHOLLY-OWNED SUBSIDARY OF METHODE ELECTRONICS, INC., F/K/A METHODE MEXICO USA, INC. TO THE EXTENT OF $4,032,367.00 principal amount of general unsecured claims; (II) METHODE ELECTRONICS MALTA LTD., A WHOLLY-OWNED SUBSIDARY OF METHODE ELECTRONICS, INC., F/K/A MERIT MALTA METHODE LTD. TO THE EXTENT OF $406,570.92 in principal amount of general unsecured claims; (III) AUTOMOTIVE ELECTRONIC CONTROLS DIVISION, A DIVISION OF METHODE ELECTRONICS, INC. TO THE EXTENT OF $149,937.86 in principal amount of general unsecured claims; (IV) CONNECTOR PRODUCTS DIVISION, A DIVISION OF METHODE ELECTRONICS, INC. TO THE EXTENT OF $58,674.29 in principal amount of general unsecured claims; AND (V) METHODE ELECTRONICS, INC.

"Original Vendor Sale Agreement" means that certain Transfer of Claim Agreement dated as of June 13, 2006 between Original Vendor and Seller.

"Original Vendor Sale Documents" means the (i) Original Vendor Sale Agreement, (ii) the related certain Evidence of Transfer of Claim dated as of June 13, 2006 from Original Vendor to the Debtor and the Bankruptcy Court, and (iii) the Proofs of Claims.

2.    Assignment.    On the Effective Date (as defined below), SELLER hereby irrevocably sells, conveys, transfers and assigns unto BUYER all of SELLER's right, title and interest in and to, or arising under or in connection with (i) the Transferred Claim (as defined in the Original Vendor Agreement) (ii) the Original Vendor Sale Documents, and all exhibits, attachments and/or supporting documentation relating thereto, filed by SELLER or Original Vendor (as the case may be), (iii) all rights to receive any cash, interest, fees, expenses, damages, penalties and/or other amounts in respect of or in connection with any of the foregoing, including without limitation, any securities and/or other distributions made by the Debtor in respect of the foregoing under or pursuant to any plan of reorganization or liquidation in the Bankruptcy Case or otherwise, (iv) any and all claims, causes of action and/or voting and other rights and benefits arising under or relating to any of the foregoing (including without limitation, against the Original Vendor), and (v) any and all proceeds of any of the foregoing.  All of the foregoing rights described in the preceding clauses (i) through and including (v) are hereinafter collectively referred to as the "Re-Transferred Claim Rights".

Seller and Buyer acknowledge and agree that the Re-Transferred Claim Rights expressly exclude any of Seller's rights against Original Vendor under the first sentence of Section 7 of the Original Vendor Sale Agreement.

th
h

- 5 –

11.    <u>Miscellaneous</u>. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim.  Except as otherwise expressly set forth herein, this Agreement supersedes all prior and

S:\MattersClosingDocuments\2380582-\Transfer of Claim Agreement\Transfer of Claim Agreement2380582-_Final_4.DOC

- 6 -

contemporaneous oral or written agreements concerning the subject matter hereof. This Agreement shall inure to the benefit of, be binding upon shall be enforceable by the parties hereto and their respective successors and assigns; provided that, the obligations of SELLER contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied. BUYER shall have the right to sell assign, convey and/or participate all or any portion of the Re-Transferred Claim Rights without the consent of or notice to SELLER. This Agreement and the Evidence of Transfer may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which together shall constitute one agreement binding all of the parties hereto. **THIS AGREEMENT AND THE EVIDENCE OF TRANSFER SHALL BE CONSTRUED AND THE OBLIGATIONS OF THE PARTIES SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REGARD TO ANY CONFLICT OF LAWS PROVISIONS THEREOF). SELLER CONSENTS TO THE JURISDICTION OF THE FEDERAL AND STATE COURTS IN THE STATE OF NEW YORK AND THE STATE WHERE THE CASE IS PENDING IN ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.**

SELLER HEREBY WAIVES ANY NOTICE REQUIREMENT IMPOSED BY RULE 3001(e) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND CONSENTS TO THE SUBSTITUTION OF BUYER FOR SELLER FOR ALL PURPOSES IN THE CASE, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES WITH RESPECT TO THE CLAIM.

12.    Limited Liability.    Notwithstanding anything contained in this Agreement to the contrary, the parties agree that (i) no member, executive manager or manager of BUYER shall be personally liable for any obligation or liability of BUYER under this Agreement; and (ii) all obligations and liabilities of BUYER under this Agreement are enforceable solely against BUYER and BUYER's assets and not against any assets of any member, executive manager or manager of BUYER.

(signatures on next page)

- 7 –

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the date first written above.

CREDIT SUISSE, Cayman Islands Branch

By: _____
   Name:
   Title:       Ian Landow
              Vice President

By: _____
   Name:
   Title:       Daniel Sullivan
              Assistant Vice President

BLUE ANGEL CLAIMS LLC

By: _____
   Name:
   Title:

C:\Documents and Settings\dsulliva\Local Settings\Temp\Outlook\Transfer of Claim Agreement2380582-_Final_ 4.DOC

- 7 –

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the date first written above.

**CREDIT SUISSE, Cayman Islands Branch**

By: _____
    Name:
    Title:


By: _____
    Name:
    Title:


**BLUE ANGEL CLAIMS LLC**

By: _____
    Name:
    Title:
        ANTHONY A. YOSELOFF
        GENERAL PARTNER
        MANAGER.

# **EXHIBIT C**

CHI1 1459809v.2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -    x
                                                   :
    In re                      :    Chapter 11
                                                   :
DELPHI CORPORATION, <u>et al.</u>,                 :    Case No. 05-44481 (RDD)
                                                   :
       Debtors.   :    (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - -    x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

    PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

    In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on <u>Schedule 1</u> attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

    The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on <u>Schedule 1</u> (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

    <u>Step 1</u>

Please check one of the boxes below:

☐       Yes, I agree with the Cure Amount listed on <u>Schedule 1</u> (complete Step 2 below)

☒       No, I disagree with the Cure Amount listed on <u>Schedule 1</u> (skip Step 2 and go to Step 3 below)

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures**. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD606699668

CN00861

054448107122010525500946

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) **on the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _Blue Angel Claims LLC as assignee of Methode Electric a.k.a. Methode Electronics_

By: _____

Print Name: _Anthony A. Yoseloff_

Title: _Manager_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD606699668                                                              CN00861
0544481071220105255000946

Dated:    New York, New York
          December 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                         John Wm. Butler, Jr. (JB 4711)
                         George N. Panagakis (GP 0770)
                         Ron E. Meisler (RM 3026)
                         Nathan Stuart (NS 7872)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                              - and -
                         Kayalyn A. Marafioti (KM 9632)
                         Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                         Debtors and Debtors-in-Possession

4

RD606699668                                    CN00861

0544481071220105255000946

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550039301 | $535.04 |
| D0550039491 | $101,964.00 |
| D0550039878 | $330.00 |
| D0550046196 | $0.00 |
| D0550076871 | $712.00 |
| D0550077383 | $0.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

RD606699668

CN00861

0544481071220105255000946

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                     :

In re                   :    Chapter 11

                     :

DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)

                     :

           Debtors.   :    (Jointly Administered)

                     :

- - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☐    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☒    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD005092135                    CN00862

0544481071220105255000947

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD005092135    CN00862

0544481071220105255000947

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received **no later than 4:00 p.m.** (prevailing Eastern time) **on the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

**Step 4**

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, **2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims,** so as to be **received by 7:00 p.m.** (prevailing Eastern time) **on January 11, 2008.** If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on **Schedule 1** in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _Blue Angel Claims LLC as Assignee of_ _Methode Electric aka Methode Electronics_

By: _[signature]_

Print Name: _Anthony A. Yoscoloff_

Title: _Manager_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
  John Wm. Butler, Jr. (JB 4711)
  George N. Panagakis (GP 0770)
  Ron E. Meisler (RM 3026)
  Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

   - and -
  Kayalyn A. Marafioti (KM 9632)
  Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

RD005092135

CN00862

0544481071220105255000947

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550063028 | $504,271.04 |
| D0550063036 | $528,815.17 |
| D0550063041 | $111.63 |
| D0550063050 | $152,738.72 |
| D0550063056 | $0.00 |
| D0550063061 | $0.00 |
| D0550063063 | $11,264.40 |
| D0550063064 | $21,204.80 |
| D0550063072 | $208,726.79 |
| D0550063080 | $318,015.42 |
| D0550063121 | $74,390.06 |
| D0550063126 | $0.00 |
| D0550063132 | $26,602.20 |
| D0550063133 | $98,002.38 |
| D0550063135 | $15,312.23 |
| D0550063136 | $0.00 |
| D0550063137 | $116,808.08 |
| D0550063145 | $553,272.23 |
| D0550063157 | $138,479.42 |
| D0550063164 | $347,235.81 |

RD005092135
CN00862
0544481071220105255000947

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550063175 | $544,548.35 |
| D0550064735 | $154,293.38 |
| D0550064737 | $22,954.34 |
| D0550070551 | $34,837.94 |
| D0550071064 | $189,092.52 |
| D0550074609 | $0.00 |
| D0550075369 | $0.00 |
| D0550076676 | $549.95 |
| D0550076945 | $34,069.91 |
| D0550076955 | $83,303.84 |
| D0550077791 | $0.00 |
| D0550077847 | $0.00 |
| D0550078030 | $0.00 |
| D0550078631 | $0.00 |
| D0550079076 | $0.00 |
| D0550079159 | $0.00 |
| D0550079849 | $0.00 |
| D0550079852 | $0.00 |
| D0550080064 | $0.00 |
| D0550080557 | $0.00 |

RD005092135    CN00862
0544481071220105255000947

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550080558 | $0.00 |
| D0550080847 | $0.00 |
| D0550081880 | $0.00 |
| D0550085370 | $0.00 |
| SAG90I0441 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

7

RD005092135                                    CN00862
0544481071220105255000947