UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

DELPHI CORPORATION, et al                        Case No. 05-44481 (RDD)
                                                 Chapter 11 proceeding

              Debtor.                            [Jointly Administered]
_____/

## MACARTHUR CORP'S OBJECTION TO DEBTOR'S MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010

Introduction

1.      Creditor MacArthur Corp received Debtor's Notice of Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization regarding several hundred contracts between Creditor and Debtor.

2.      The amounts that Debtor sought to cure on several contracts were inconsistent with the amounts listed in Delphi's own internal EDacor system and inconsistent with the amounts believed owed by Creditor MacArthur Corp.

3.      Creditor MacArthur Corp timely filed the Notice of Cure Amount, signed by the president of the corporation, indicating that it disagreed with the amounts stated in Debtor's Notice of Cure Amount.

4.      Further, Creditor filed an Objection to the Notice on January 8, 2008 clearly indicating that it disagreed with the cure amounts. Debtor was clearly on notice of

the objection to the cure amounts.

5.    Debtor has filed a Motion to Strike Creditor MacArthur Corp's Notice of Cure Amount as a "non-original cure amount notice."

## Argument

6.    Upon information and belief, the Notice of Cure Amount returned to Debtor by Creditor MacArthur Corp was an original and conformed to the requirements set forth in the Notice.

7.    However, insofar as the Notice of Cure Amount returned by Creditor MacArthur Corp was not an original, the Notice was an exact duplicate or copy of the original which would have provided the Debtor with all the necessary information to properly process and assess the Notice.

8.    Further, Creditor MacArthur Corp filed an Objection to the Notice on January 8, 2008 clearly indicating that it disagreed with the cure amounts. Debtor was clearly on notice of the objection to the cure amounts.

9.    Creditor MacArthur has been in contact with Debtor's counsel in an attempt to resolve the cure amount issues.

10.    Fed. R. Civ. P. Rule 61 incorporated  into the bankruptcy code through Fed. R. Bankr. P. Rule 9005 states that "[W]hen appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights."

11.     The use of a duplicate or copy of the original Notice of Cure Amount does not affect

the substantial rights of the Debtor as it provided the exact same information as the

original Notice of Cure Amount.  Further, Debtor is not prejudiced by the attempt to

have this dispute resolved and for Creditor to reserve its cash election rights.

12.     Because the legal points and authorities upon which this Objection relies are

incorporated and do not represent novel theories of law, MacArthur Corp requests

that the requirement of filing a separate memorandum of law under Local Rule

9013-1(b) be deemed satisfied.

<u>Relief Requested</u>

13.     Accordingly, Creditor MacArthur Corp requests that this court deny the Debtor's

Motion to Strike MacArthur's Cure Amount Notice.

Dated: February 15, 2008                     /s/ Thomas Barrett
                                             Thomas Barrett
                                             MacArthur Corporation
                                             3190 Tri-Park Drive
                                             Grand Blanc MI 48439
                                             (810) 606-1777