Joon P. Hong (JH 3418)
Keith N. Sambur (KS 0416)
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

Attorneys for Midtown Claims LLC

and

R. Chappell Phillips
Senior Corporate Counsel
Kimball International, Inc.
1600 Royal Street
Jasper, Indiana 47549
Telephone: (812) 482-8053
Facsimile: (812) 482-8832

Attorney for Kimball Electronics Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**JOINT RESPONSE OF MIDTOWN CLAIMS LLC AND KIMBALL ELECTRONICS TO THE DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010 AND REQUEST FOR ORDER DIRECTING THE DEBTORS TO ACCEPT CURE NOTICE**

Midtown Claims LLC ("Midtown") and Kimball Electronics Inc. ("Kimball" and together with Midtown the "Respondents"), by their undersigned counsel, hereby submit this

joint response to the Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Motion") and request for an order directing the Debtors to accept the Cure Notice (as defined below). In support of this Response, the Respondents respectfully represent as follows:

## Preliminary Statement

1. The Motion is an attempt by the Debtors to deny contract counterparties the relief elected in their cure notices by applying a hyper-technical and incorrect application of the instructions in the Cure Notice and Bankruptcy Rule 9010(c). The Bankruptcy Code requires notice of assumption and cure of executory contracts to provide contract counterparties with reasonable notice of a debtor's intent to assume an executory contract. The cure notices here alerted parties of the Debtors' asserted cure amount and gave parties an opportunity to object to the cure amount and the option to receive that cure amount in cash or stock. Failure to timely return a cure notice resulted in the wavier of such rights.

2. Although the Cure Notice was timely submitted, the Debtors seek to expunge it and Kimball's ability to dispute the cure amount and receive the cure amount in cash even though Kimball has made it clear to the Debtors that it disputes the cure amount. In essence, the Debtors have turned the purpose behind cure notices - providing contract counterparties reasonable notice and an opportunity to be heard - on its head by seeking to take away those rights.

3. As discussed below, Bankruptcy Rule 9010 is not applicable to the cure notices or the situation at hand. The Cure Notice was properly submitted and the Debtors should not be permitted to strike the Cure Notice based on mere technicalities and non-existent requirements.

**Background**

4. On December 10, 2007, the Court entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures (the "Solicitation Procedures Order") (Docket No. 11389). Attached to the Solicitations Procedure Order as Exhibit O was a form of cure notice to be sent to each contract counterparty (the "Cure Notice Form").

5. The Cure Notice Form contained a blank schedule which was to be completed so as to identify specific contracts the Debtors' intended to assume and the Debtors' proposed cure amount for each contract (the "Cure Amount"). See Solicitation Procedures Order at ¶ 43 and Exhibit O. Parties receiving a cure notice would have an opportunity to accept or reject the Debtors' proposed Cure Amount and, if accepting that amount, to elect whether to receive cash payment or a stock distribution. Any cure notice not timely returned would result in a deemed acceptance of the Debtors' proposed Cure Amount and an election for a stock distribution.

6. On December 21, 2007, Kurtzman Carson Consultants LLC ("KCC"), the Debtors' Notice Agent, mailed cure notices by U.S. mail to contract counterparties whose contracts the Debtors intended to assume. See Affidavit of Service (Docket No.11773). The cure notices indicated that parties had to return hard copies of the cure notices by January 11, 2008 to KCC. Practically speaking, due to the intervening Christmas and New Year's holidays, this left parties few working days to review, analyze and return the cure notices.

7. Midtown is the record holder of the claims underlying the Cure Notice (collectively, the "Claim") filed against the Debtors and the Claim is the subject of a properly filed notice of transfer pursuant to Federal Bankruptcy Rule of Procedure (the "Bankruptcy Rules") 3001(e). Kimball was the original holder of the Claim.

8. In the transfer agreement[1] governing the sale of the Claim from Kimball to Midtown, Kimball (i) agreed to forward all notices concerning the Claim to Midtown, (ii) granted Midtown a power of attorney to execute and submit all documents concerning the Claim and (iii) assigned to Midtown all amounts to be received on account of the Claim, including any cure amount relating to the Claim. Accordingly, Kimball forwarded the Cure Notice to Midtown for submission to the Debtors.

9. In late December 2007, Kimball received the cure notices attached hereto as Exhibit A (the "Cure Notice"). Upon receipt of the Cure Notice from Kimball, Midtown contacted Kimball to determine if the cure amount proposed by the Debtor was correct. This task proved impossible given the time parameters and because the schedule attached to the Cure Notice seems to have only listed the Debtors' internally assigned reference numbers for such purchase orders ("POs") and provided no universal description of the POs. Because the internal reference numbers listed on the schedule to the Cure Notice were only significant to the Debtors and unknown to Kimball, upon receipt Kimball could not determine, among other things, (i) POs the Debtors desired to assume and (ii) if the proposed Cure Amount was accurate.[2] Therefore, in

---

[1] Attached hereto as Exhibit B are redacted copies of the transfer agreements, without exhibits or attachments, between Kimball and Midtown.

[2] The Cure Notice Form (attached hereto as Exhibit C) only provided a blank schedule. As a result, the Court and parties-in-interest received no notice that the executory contracts to be assumed would only be identified by the Debtors' internally assigned reference numbers for such executory contract. For this reason, it is unclear whether the Cure Notice, unbeknownst to the Court, complies with the notice requirements required by the Bankruptcy Code with respect to assumption of executory contracts. Specifically, the Bankruptcy Code and Bankruptcy Rules require debtors to provide contract counterparties reasonable notice of the executory contracts they intend to assume out of concern with protecting unknowing contractual partners from the consequences of an assumption. See, e.g., In re

order to preserve their rights, the Respondents determined that Midtown, as attorney in fact for Kimball, would object to the treatment proposed in the Cure Notice and submit the Cure Notice to KCC by the January 11, 2007 deadline. Thereafter, Midtown timely returned the original Cure Notice to KCC in accordance with the instructions set forth in the Cure Notice and the Solicitations Procedures Order.

10. Nonetheless, the Respondents subsequently learned via the Motion that the Debtors will not accept the Cure Notice because it was submitted by Midtown as attorney in fact for Kimball. To be clear, the Debtors only objection to the Cure Notice is that was "executed by a third party (rather than the contract counterparty), which third party did not satisfy the requirements of Bankruptcy Rule 9010." See Motion ¶ 24. The Debtors have not objected to the Cure Notice based on any other grounds.

## Basis for Objection

### A. Rule 9010 Does Not Provide a Basis for the Relief Requested in the Motion

11. Bankruptcy Rule 9010(c) ("Rule 9010(c)") provides:

> The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form. (emphasis added).

12. Rule 9010(c) by its plain terms only applies to creditors. The Debtors have consistently maintained and admitted to this Court that a contract counterparty holds no "claim" (as that term is defined in the Bankruptcy Code) on account of cure amounts. See, e.g., Debtors' Response to Ad Hoc Trade Committee's Motion for Order (I) Extending Deadline for

---

Reph Acquisition Co., 134 B.R. 199 (D. Tex. 1991). The Respondents hereby reserve their right to argue that the Cure Notice did not comply with the Bankruptcy Code at any subsequent hearing or in any subsequent pleadings related to the Cure Notice.

Submission of Cure Notices, (II) Approving Cure Notices Executed by Respondents With Respect to Their Claims, and (III) Directing Debtors (A) to Reconcile Cure Claims with Corresponding Claims, and (B) to Make Cure Claim Distributions Directly to Respondents (Docket No. 11865) at ¶ 15; Motion ¶ 46 ("[T]his Motion does not seek to object to the allowance of claims . . . ). Therefore, by the Debtors' own admission, Kimball is not a creditor for purposes of the Cure Notice and Rule 9010(c) is not applicable to the Cure Notice and does not support the relief requested in the Motion.

13. Because Kimball is not a creditor of the Debtors for purposes of the Cure Notice, Bankruptcy Rule 9010(a) ("Rule 9010(a)"), and not Rule 9010(c), applies to the Cure Notice. Rule 9010(a) provides "A debtor, creditor, equity security holder, indenture trustee, committee or other party may . . . perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." (emphasis added). Therefore, Kimball could submit the Cure Notice through an attorney in fact or authorized agent so long as the act performed did not constitute the practice of law. Submission of the Cure Notice clearly did not constitute the practice of law and therefore its submission by Midtown was both appropriate and proper under the circumstances.

14. Even if this Court were to hold that Rule 9010(c) applies to entities other than creditors, it should not apply to the Cure Notice. Rule 9010(c) excludes from its scope actions taken by any agent, attorney in fact or proxy on behalf of creditors relating to the execution and filing of a proof of claim or acceptance or rejection of a plan. The Cure Notice was issued in furtherance of acceptance or rejection of proposed treatment of cure amounts under a plan. Moreover, the Cure Notice was approved with and disseminated with the Disclosure Statement and Plan, and stated on its face that the parties should "**Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims** . . . ."

Cure Notices (emphasis in original). The Cure Notice also incorporates numerous capitalized terms found in the Plan and requested that the cure amount be paid in plan currency. The filing of the Cure Notice is a mere administrative function similar to the filing of a proof of claim or a ballot to accept or reject a plan. Just as with a proof of claim or ballot, the Cure Notice was not filed or docketed with the Court, but merely returned and maintained by the Debtors' claims agent KCC. Accordingly, 9010(c) does not apply to the submission of the Cure Notice. See In State Unauthorized Practice of Law Comm. v. Paul Mason & Assocs., 46 F.3d 469, 472 (5th Cir. 1995); In re O'Dell, 251 B.R. 602 (Bankr. N.D. Ala. 2000) ("the acts of executing and filing a proof of claim are administrative in function that . . . can be performed by either a creditor, or its authorized agent.").

**B. The Cure Notices Were Timely Submitted in Accordance with the Solicitation Procedures Order and the Cure Notice Instructions**

15. The Solicitation Procedures Order does not state that only contract counterparties can return a cure notice. The Solicitation Procedures Order simply stated:

> Parties wishing to object to the assumption of their contracts under the terms set forth in the Cure Amount Notice shall be required to return the Cure Amount Notice in accordance with the instructions provided therein so as to be received by the undersigned counsel to the Debtors and such other notice parties as required in the instructions on or before January 11, 2008. Solicitation Procedures Order ¶ 43.

If a contract counterparty wished to object to the cure notice, it had to (i) comply with the instructions in the cure notice and (ii) timely return the cure notice. The Solicitation Procedures Order made no mention of the Debtors' intent to reject cure notices submitted by third parties who were agents, authorized signatories or attorneys in fact for contract counterparties. The instructions contained in the cure notices made no mention of the Debtors' intent to reject cure notices submitted by third parties acting as attorney in fact. Accordingly, the

Debtors are attempting to read instructions and add additional requirements and restrictions into the Cure Notice that are not present in the Cure Notice.

16. Based on the instructions provided in the Cure Notice, Respondents had no reason to believe that submission of the Cure Notice by Midtown, as attorney in fact, could result in the rejection of the Cure Notice by the Debtors. Had the Debtors intended this result such language could have and should have been included in the Cure Notice Form presented to the Court for approval.

**C. <u>Acceptance of the Cure Notice Would Not Prejudice the Debtors</u>**

17. The Cure Notice was timely filed and the Debtors have had sufficient time to review and consider the treatment selected therein. The Solicitation Procedures Order further provides that parties objecting to the Cure Amount will have 30 days after the effective date of the Plan to file objections provided such parties have timely submitted cure notices. <u>See</u> Solicitation Procedures Order ¶ 43 (requiring creditors objections to cure amounts to be filed "on or before the date that is 30 days following the effective date of the Plan."). Thus, the Debtors would suffer no prejudice if the Court ordered the Debtors to accept the Cure Notice.

18. By attempting to strike the Cure Notice submitted by Midtown, as attorney in fact, for Kimball, Debtors are short-circuiting the post effective date objection process that is described in the Cure Notice. It appears that the Debtors have consciously put up obstacles to prevent parties from receiving payment of cure amounts in cash. This latest obstacle seems most egregious given the fact that the purpose of returning the Cure Notice in a timely fashion was to alert the Debtors as to a possible objection and the Respondents did just that. Although the Debtors may be motivated by a desire to preserve cash, they should not be permitted to strike

properly and timely submitted cure notices based on non-existent requirements and mere technicalities.

## Waiver of Memorandum of Law

19. Pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York, because there are no novel issues of law presented herein, Respondents respectfully request that the Court waive the requirement that Respondents file a memorandum of law in support of this Motion.

## CONCLUSION

For the foregoing reasons, Respondents respectfully requests that the Court deny the relief requested in the Motion and enter an order directing the Debtors to accept the Cure Notice and for such other relief as the Court deems just and proper.

Dated: New York, New York
February 19, 2008

RICHARDS KIBBE & ORBE LLP

/s/ Joon P. Hong
Joon P. Hong (JH 3418)
Keith N. Sambur (KS 0416)
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

Attorneys for Midtown Claims LLC

KIMBALL ELECTRONICS INC.

/s/ R. Chappell Phillips
R. Chappell Phillips
Senior Corporate Counsel
Kimball International, Inc.
1600 Royal Street
Jasper, Indiana 47549
Telephone: (812) 482-8053
Facsimile: (812) 482-8832

Attorneys for Kimball Electronics Inc.