# **EXHIBIT B**

EXECUTION COPY

## ASSIGNMENT OF CLAIM AGREEMENT

Kimball Electronics Inc ("Assignor"), having an address of 1600 Royal Street, Jasper, IN 47546-2256, for good and valuable consideration does hereby irrevocably sell, convey, transfer and assign to Midtown Claims LLC ("Assignee"), having an address of 885 Third Avenue, Suite 3300, New York, NY 10022, all of Assignor's right, title and interest in and to the claim or claims of Assignor (the "Claim") against Delphi Medical Systems Colorado Corporation (the "Debtor"), Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 05-44507, Jointly Administered under Case Number 05-44481, in the currently outstanding amount of not less than $96,105.89, and all rights and benefits of the Assignor relating to the Claim, including without limitation i) and the Assignor's right to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, ii) any actions, claims, rights or lawsuits of any nature whatsoever, whether against Debtor or any other party, arising out of or in connection with the Claim, and iii) all cash, securities, instruments and other property which may be paid or issued by the Debtor in satisfaction of the Claim (collectively, the "Transferred Rights"). The consideration is the purchase price (the "Purchase Price") set forth in a certain confirmation letter between Assignor and Assignee dated March 27, 2006, (the "Confirmation Letter") (the Purchase Price represents the product of a rate of cents per dollar set forth in the confirmation letter multiplied by the Scheduled Amount as defined herein). This assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and satisfaction, and shall not be deemed to create a security interest. Assignee does not assume any obligation or liability of Assignor in connection with the claim or the proceedings.

Assignee shall pay Assignor the Purchase Price within 4 business days of Assignee having received Assignor's original signatures to this Agreement and the Notice of Claim (as defined below). The "Effective Date" shall be the date upon which the last of the following shall have occurred: (i) Assignor and Assignee have exchanged signatures to this Agreement and the Notice of Transfer and (ii) Assignee shall have wired the Purchase Price to Assignee pursuant to the instructions set forth on Schedule 1.

1. **PROOF OF CLAIM.** Assignor represents and warrants as of the Effective Date that a Proof of Claim, Number 2400, has been duly and timely filed in the Proceedings in the amount of $144,912.25, (the "POC"), and a true and complete copy of the POC stamped "RECEIVED" by the Court is or will be attached to and made a part of this Assignment of Claim Agreement ("Agreement"). If the POC amount is greater than the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of such POC subject to the terms of Paragraph 6 of this Agreement, and shall be entitled to identify itself as owner of such POC in the records of the Court. Assignor represents and warrants that the Proof of Claim has not been revoked, withdrawn, amended or modified and no rights thereunder have been waived and all statements in such Proof of Claim are true and correct.

2. **SCHEDULED CLAIM.** Assignor represents and warrants as of the Effective Date that the Claim has been scheduled by the Debtor in the amount of $96,105.89 (the "Scheduled Amount"), as an unsecured, undisputed claim, and a true and correct copy the relevant pages of the Debtor's Schedule of Liabilities (Schedule No.1559848-10394442), as filed with the Court is attached hereto and made a part of this Agreement.

3. ASSIGNOR

8. **ATTORNEY-IN-FACT; SETTLEMENT OF THE CLAIM; FURTHER ACTIONS.** Assignor hereby irrevocably appoints Assignee as its true and lawful attorney-in-fact solely with respect to the Transferred Rights, and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts which are, or may hereafter become due and payable for, or on account of the Transferred Rights herein assigned. Assignor hereby grants unto Assignee full authority to do all things necessary to enforce the Transferred Rights and Assignor's rights there under. Assignor agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to prove, defend, or take any affirmative action with respect to proving the validity or amount of the Transferred Rights or any additional claim which may be included in a proof of claim filed by Assignee, whether or not Assignee filed a proof of claim with respect to or including the Transferred Rights. In the event an objection to the Claim is received, Assignor shall immediately notify Assignee in writing and shall take such further action, at its own expense, as may be necessary or desirable to uphold and defend the amount of the Transferred Rights and effect the Assignment of Claim and any payments or distributions on account of the Transferred Rights to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor shall not compromise or settle the Transferred Rights or change the Transferred Rights amount without the prior written consent of Assignee, which consent shall not be unreasonably withheld. In performing any of its obligation under this section and in otherwise complying with its obligations under this Agreement, Assignor and Assignee hereby covenants and agrees to act reasonably at all times to maximize the amount of the claim and to minimize the amount of time in which all components of the Transferred Rights are quantified and paid.

Assignor agrees to forward to Assignee all notices received from the Debtor, the Court or any third party with respect to the Transferred Rights assigned herein, to vote the Transferred Rights assigned herein in a timely manner and in accordance with Assignee's instructions, and to take such further action with respect to the Transferred Rights in the Proceedings as Assignee may from time to time request.

Assignor further agrees that if Assignor receives any distributions on account of the Transferred Rights, whether in the form of cash, securities, instruments or any other property, the aforementioned shall constitute property of the Assignee to which the Assignee has an absolute right. Assignor shall hold such property in trust and will at its own expense, deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee within 2 business days of receipt in the case of cash and five business days in the case of securities. Should all or any portion of the distributions on account of the Transferred Rights not be assignable by Assignor to Assignee, then Assignor grants to Assignee a participation interest in the Transferred Rights or such distributions, in accordance with applicable law.

9. **FURTHER ASSIGNMENT.** Assignor hereby acknowledges that Assignee may at any time reassign the Transferred Rights, together with all right, title and interest of Assignee in and to this Agreement. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and any such reassignment, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns of any party hereto; provided, however, that the obligations of Assignor and Assignee contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied.

12. **JURISDICTION.** The laws of the State of New York shall govern this Agreement. Each party submits to the jurisdiction of the courts located in the County of New York, State of New York and agrees that any litigation relating to this Agreement shall be brought only in such courts. Each party hereto consents to service of process by certified mail at its address listed above, and in any action hereunder, Assignor waives any right to demand a trial by jury. This Agreement may be executed in any number of counterparts (via facsimile is satisfactory), each of which, when so executed and delivered, shall be an original, but all of which, together constitute one and the same instrument.

13. **CONSENT AND WAIVER.** Assignor hereby acknowledges and consents to all terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Bankruptcy Rule 3001(e), and consents to the substitution of Assignor by Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Rights. Assignee agrees to file a Notice of Transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) (the "Notice of Transfer") including the Evidence of Transfer of Claim substantially in the form attached hereto as Exhibit A.

14. **NOTICES.** All demands, notices, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth on Schedule 1, or such other address as may be furnished hereafter by notice in writing.

15. **UNDERSTANDING.** This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior

-4-

agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement. No amendment of any provision of this Assignment shall be effective unless it is in writing and signed by the parties and no waiver of any provision of this Assignment, nor consent to any departure by either party from it, shall be effective unless it is in writing and signed by the affected party, and then such waiver or consent shall effective only in the specific instance and for the specific purpose for which given.

16. **LIMITED LIABILITY**. Notwithstanding anything contained in this Agreement to the contrary, the parties agree that (i) no general or limited partner of Assignee or Officer of Assignor shall be personally liable for any obligation or liability of Assignee or Assignor under this Agreement; and (ii) all obligations and liabilities of the parties under this Agreement are enforceable solely against the respective party's assets and not against any assets of any general or limited partner of Assignee or Officer of Assignor.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of this the 28 day of March, 2006.

ASSIGNOR

Kimball Electronics Inc.

By: *[signature]*
Name: Michael Sergesketter
Title: VP-CFO, Kimball Electronics
Authorized Signatory

ASSIGNEE

Midtown Claims LLC

By: *[signature]*
Name: Anthony Joseloff
Title: Managing Member
Authorized Signatory

EXECUTION COPY

## ASSIGNMENT OF CLAIM AGREEMENT

Kimball Electronics Inc ("Assignor"), having an address of 1600 Royal Street, Jasper, IN 47546-2256, for good and valuable consideration does hereby irrevocably sell, convey, transfer and assign to Midtown Claims LLC ("Assignee"), having an address of 885 Third Avenue, Suite 3300, New York, NY 10022, all of Assignor's right, title and interest in and to the claim or claims of Assignor (the "Claim") against Delphi Automotive Systems LLC (the "Debtor"), Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 05-44640, Jointly Administered under Case Number 05-44481, in the currently outstanding amount of not less than $331,453.42, and all rights and benefits of the Assignor relating to the Claim, including without limitation i) and the Assignor's right to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, ii) any actions, claims, rights or lawsuits of any nature whatsoever, whether against Debtor or any other party, arising out of or in connection with the Claim, and iii) all cash, securities, instruments and other property which may be paid or issued by the Debtor in satisfaction of the Claim (collectively, the "Transferred Rights"). The consideration is the purchase price (the "Purchase Price") set forth in a certain confirmation letter between Assignor and Assignee dated March 27, 2006, (the "Confirmation Letter") (the Purchase Price represents the product of a rate of cents per dollar set forth in the confirmation letter multiplied by the Scheduled Amount as defined herein). This assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and satisfaction, and shall not be deemed to create a security interest. Assignee does not assume any obligation or liability of Assignor in connection with the claim or the proceedings.

Assignee shall pay Assignor the Purchase Price within 4 business days of Assignee having received Assignor's original signatures to this Agreement and the Notice of Claim (as defined below). The "Effective Date" shall be the date upon which the last of the following shall have occurred: (i) Assignor and Assignee have exchanged signatures to this Agreement and the Notice of Transfer and (ii) Assignee shall have wired the Purchase Price to Assignee pursuant to the instructions set forth on Schedule 1.

1. **PROOF OF CLAIM.** Assignor represents and warrants as of the Effective Date that an Amended Proof of Claim, Number 2461, has been duly and timely filed in the Proceedings in the amount of $373,860.72, (the "POC"), and a true and complete copy of the POC stamped "RECEIVED" by the Court is or will be attached to and made a part of this Assignment of Claim Agreement ("Agreement"). If the POC amount is greater than the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of such POC subject to the terms of Paragraph 6 of this Agreement, and shall be entitled to identify itself as owner of such POC in the records of the Court. Assignor represents and warrants that the Proof of Claim has not been revoked, withdrawn, amended or modified and no rights thereunder have been waived and all statements in such Proof of Claim are true and correct.

2. **SCHEDULED CLAIM.** Assignor represents and warrants as of the Effective Date that the Claim has been scheduled by the Debtor in the amount of $331,453.42 (the "Scheduled Amount"), as an unsecured, undisputed claim, and a true and correct copy the relevant pages of the Debtor's Schedule of Liabilities (Schedule No.1619127-10399212), as filed with the Court is attached hereto and made a part of this Agreement.

-1-

8. <u>ATTORNEY-IN-FACT; SETTLEMENT OF THE CLAIM; FURTHER ACTIONS</u>. Assignor hereby irrevocably appoints Assignee as its true and lawful attorney-in-fact solely with respect to the Transferred Rights, and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts which are, or may hereafter become due and payable for, or on account of the Transferred Rights herein assigned. Assignor hereby grants unto Assignee full authority to do all things necessary to enforce the Transferred Rights and Assignor's rights there under. Assignor agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to prove, defend, or take any affirmative action with respect to proving the validity or amount of the Transferred Rights or any additional claim which may be included in a proof of claim filed by Assignee, whether or not Assignee filed a proof of claim with respect to or including the Transferred Rights. In the event an objection to the Claim is received, Assignor shall immediately notify Assignee in writing and shall take such further action, at its own expense, as may be necessary or desirable to uphold and defend the amount of the Transferred Rights and effect the Assignment of Claim and any payments or distributions on account of the Transferred Rights to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor shall not compromise or settle the Transferred Rights or change the Transferred Rights amount without the prior written consent of Assignee, which consent shall not be unreasonably withheld. In performing any of its obligation under this section and in otherwise complying with its obligations under this Agreement, Assignor and Assignee hereby covenants and agrees to act reasonably at all times to maximize the amount of the claim and to minimize the amount of time in which all components of the Transferred Rights are quantified and paid.

Assignor agrees to forward to Assignee all notices received from the Debtor, the Court or any third party with respect to the Transferred Rights assigned herein, to vote the Transferred Rights assigned herein in a timely manner and in accordance with Assignee's instructions, and to take such further action with respect to the Transferred Rights in the Proceedings as Assignee may from time to time request.

Assignor further agrees that if Assignor receives any distributions on account of the Transferred Rights, whether in the form of cash, securities, instruments or any other property, the aforementioned shall constitute property of the Assignee to which the Assignee has an absolute right. Assignor shall hold such property in trust and will at its own expense, deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee within 2 business days of receipt in the case of cash and five business days in the case of securities. Should all or any portion of the distributions on account of the Transferred Rights not be assignable by Assignor to Assignee, then Assignor grants to Assignee a participation interest in the Transferred Rights or such distributions, in accordance with applicable law.

9. **FURTHER ASSIGNMENT.** Assignor hereby acknowledges that Assignee may at any time reassign the Transferred Rights, together with all right, title and interest of Assignee in and to this Agreement. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and any such reassignment, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns of any party hereto; provided, however, that the obligations of Assignor and Assignee contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied.

12. **JURISDICTION.** The laws of the State of New York shall govern this Agreement. Each party submits to the jurisdiction of the courts located in the County of New York, State of New York and agrees that any litigation relating to this Agreement shall be brought only in such courts. Each party hereto consents to service of process by certified mail at its address listed above, and in any action hereunder, Assignor waives any right to demand a trial by jury. This Agreement may be executed in any number of counterparts (via facsimile is satisfactory), each of which, when so executed and delivered, shall be an original, but all of which, together constitute one and the same instrument.

13. **CONSENT AND WAIVER.** Assignor hereby acknowledges and consents to all terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Bankruptcy Rule 3001(e), and consents to the substitution of Assignor by Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Rights. Assignee agrees to file a Notice of Transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) (the "Notice of Transfer") including the Evidence of Transfer of Claim substantially in the form attached hereto as Exhibit A.

14. **NOTICES.** All demands, notices, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth on Schedule 1, or such other address as may be furnished hereafter by notice in writing.

15. **UNDERSTANDING.** This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior

agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement. No amendment of any provision of this Assignment shall be effective unless it is in writing and signed by the parties and no waiver of any provision of this Assignment, nor consent to any departure by either party from it, shall be effective unless it is in writing and signed by the affected party, and then such waiver or consent shall effective only in the specific instance and for the specific purpose for which given.

16. **LIMITED LIABILITY**. Notwithstanding anything contained in this Agreement to the contrary, the parties agree that (i) no general or limited partner of Assignee or Officer of Assignor shall be personally liable for any obligation or liability of Assignee or Assignor under this Agreement; and (ii) all obligations and liabilities of the parties under this Agreement are enforceable solely against the respective party's assets and not against any assets of any general or limited partner of Assignee or Officer of Assignor.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of this the 28 day of March, 2006.

ASSIGNOR

Kimball Electronics Inc.

By: Michael Sergesketter
Name: Michael Sergesketter
Title: VP-CFO, Kimball Electronics
Authorized Signatory

ASSIGNEE

Midtown Claims LLC

By: [signature]
Name: Anthony Yoseloff
Title: Managing Member
Authorized Signatory

-5-