Joon P. Hong (JH 3418)
Keith N. Sambur (KS 0416)
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

Attorneys for Blue Angel Claims LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
                                      :   Chapter 11
In re                                 :
                                      :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*,         :
                                      :   (Jointly Administered)
                           Debtors.   :
                                      :
------------------------------------- x

**JOINDER TO THE LIMITED OBJECTION OF METHODE ELECTRONICS, INC. TO THE DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010 AND REQUEST FOR ORDER DIRECTING THE DEBTORS TO ACCEPT CURE NOTICE**

Blue Angel Claims LLC ("Blue Angel"), by its undersigned counsel, hereby submits this joinder to the Limited Objection (the "Objection") of Methode Electronics, Inc. ("Methode") to the Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Motion") and request for an order directing the Debtors to accept the Cure Notices (as defined below). In support of this joinder to the Objection, Blue Angel respectfully represents as follows:

NY438403.1/2276-00005

**Preliminary Statement**

1. As fully set forth in the Objection, Blue Angel was acting under a power of attorney when it submitted the cure notices attached hereto as Exhibit A (the "Cure Notices") and is filing this joinder in its capacity as attorney in fact for Methode.

2. The Motion is an attempt by the Debtors to deny contract counterparties the relief elected in their cure notices by applying a hyper-technical and incorrect application of Bankruptcy Rule 9010(c). As discussed below, Bankruptcy Rule 9010(c) is not applicable to the Cure Notices or the situation at hand. The Cure Notices were properly submitted and the Debtors should not be permitted to strike the Cure Notice based on mere technicalities and non-existent requirements.

**Basis for Objection**

3. For the reasons set forth in the Objection, the Court should deny the relief requested in the Motion with respect to the Cure Notices. Moreover, contrary to what the Debtors assert in the Motion, Bankruptcy Rule 9010 does not provide a basis for striking the timely submitted Cure Notices.

4. Bankruptcy Rule 9010(c) ("Rule 9010(c)") provides:

> The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form. (emphasis added).

5. Rule 9010(c) by its plain terms only applies to creditors. The Debtors have consistently maintained and admitted to this Court that a contract counterparty holds no "claim" (as that term is defined in the Bankruptcy Code) on account of cure amounts. See, e.g., Debtors' Response to Ad Hoc Trade Committee's Motion for Order (I) Extending Deadline for

Submission of Cure Notices, (II) Approving Cure Notices Executed by Respondents With Respect to Their Claims, and (III) Directing Debtors (A) to Reconcile Cure Claims with Corresponding Claims, and (B) to Make Cure Claim Distributions Directly to Respondents (Docket No. 11865) at ¶ 15; Motion ¶ 46 ("[T]his Motion does not seek to object to the allowance of claims . . . ."). Therefore, by the Debtors' own admission, Methode is not a creditor for purposes of the Cure Notices and Rule 9010(c) is not applicable to the Cure Notices and does not support the relief requested in the Motion.

6.      Because Methode is not a creditor of the Debtors for purposes of the Cure Notices, Bankruptcy Rule 9010(a) ("Rule 9010(a)"), and not Rule 9010(c), applies to the Cure Notices. Rule 9010(a) provides "A debtor, creditor, equity security holder, indenture trustee, committee or other party may . . . perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." (emphasis added). Therefore, Methode could submit the Cure Notices through an attorney in fact or authorized agent so long as the act performed did not constitute the practice of law. Submission of the Cure Notices clearly did not constitute the practice of law and therefore its submission by Blue Angel was both appropriate and proper under the circumstances.

7.      Even if this Court were to hold that Rule 9010(c) applies to entities other than creditors, it should not apply to the Cure Notices. Rule 9010(c) excludes from its scope actions taken by any agent, attorney in fact or proxy on behalf of creditors relating to the execution and filing of a proof of claim or acceptance or rejection of a plan. The Cure Notices were issued in furtherance of acceptance or rejection of proposed treatment of cure amounts under a plan. Moreover, the Cure Notices were approved with and disseminated with the Disclosure Statement and Plan, and stated on its face that the parties should "**Review the Plan in its entirety,**

NY438403.1/2276-00005

**including Article 5.3 of the Plan governing treatment of general unsecured claims . . . .**" Cure Notices (emphasis in original). The Cure Notices also incorporate numerous capitalized terms found in the Plan and requested that the cure amount be paid in plan currency. The filing of the Cure Notices was a mere administrative function similar to the filing of a proof of claim or a ballot to accept or reject a plan. Just as with a proof of claim or ballot, the Cure Notices were not filed or docketed with the Court, but merely returned and maintained by the Debtors' claims agent KCC. Accordingly, 9010(c) does not apply to the submission of the Cure Notices. See In State Unauthorized Practice of Law Comm. v. Paul Mason & Assocs., 46 F.3d 469, 472 (5th Cir. 1995); In re O'Dell, 251 B.R. 602 (Bankr. N.D. Ala. 2000) ("the acts of executing and filing a proof of claim are administrative in function that . . . can be performed by either a creditor, or its authorized agent.").

## Waiver of Memorandum of Law

8.      Pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York, because there are no novel issues of law presented herein, Blue Angel respectfully request that the Court waive the requirement that Blue Angel file a memorandum of law in support of this joinder to the Objection.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in the Objection, Blue Angel respectfully requests that the Court deny the relief requested in the Motion and enter an order directing the Debtors to accept the Cure Notices and for such other relief as the Court deems just and proper.

Dated: New York, New York
February 19, 2008

RICHARDS KIBBE & ORBE LLP

/s/ Joon P. Hong
Joon P. Hong (JH 3418)
Keith N. Sambur (KS 0416)
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

Attorneys for Blue Angel Claims LLC