Hearing Date and Time: February 21, 2008 at 10:00 a.m.
Objection Deadline: February 19, 2008 at 4:00 p.m.

DAY PITNEY LLP
(MAIL TO)  P.O. BOX 1945, MORRISTOWN, NJ  07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
(973) 966-6300
RICHARD M. METH, ESQ. (RM7791)(*ADMITTED PRO HAC VICE*)
AMISH R. DOSHI, ESQ. (AD5996)
- and -
7 Times Square
New York, NY 10036-7311
(212) 297-5800

- and -

ARMSTRONG TEASDALE, LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
DAVID L. GOING, ESQ.

ATTORNEYS FOR SPARTECH CORPORATION AND SPARTECH POLYCOM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481(RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF SPARTECH CORPORATION AND SPARTECH
POLYCOM TO EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING
CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT
TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER,
PLAN OF REORGANIZATION, 11 U.S.C. § 105(A), AND FED. R. BANKR. P. 9010**

Spartech Corporation and Spartech Polycom (collectively, "Spartech"), by and through undersigned counsel, hereby object to Debtors' *Expedited Motion to Strike (i) Non-Conforming Cure Amount Notices And (ii) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010*

(the "Motion"). In support of their objection to the Motion, Spartech states as follows:

1. Spartech Corporation is a leading producer of extruded thermoplastic sheet and roll stock, polymeric compounds and custom engineered plastic products. With several manufacturing facilities located throughout the United States, Canada, Mexico and Europe, Spartech's 3500 employees produce products for a wide range of applications in the packaging, transportation, recreation, building and construction, sign and graphics markets. Spartech Polycom produces plastic compounds, additives, color concentrates and toll compounding services.

2. The Debtors continue to purchase products from Spartech Corporation and Spartech Polycom. In fact, the Debtors' outstanding indebtedness under the Assumed Contract at issue arises from Spartech Polycom's post-petition delivery of product to the Debtors. The confirmed Plan of Reorganization requires the Debtors to pay this indebtedness as administrative expenses of these estates.

3. To preclude the Debtors from contesting Spartech Polycom's right to receive payment as an administrative expense creditor (on the basis that it failed to object to the Debtors' Scheduled Cure Amount of $0.00), Spartech Polycom timely delivered to Kurtzman Carson Consultants LLC, by overnight mail, a fully executed Cure Amount Notice on the morning of January 11, 2008. (A copy of Spartech Polycom's Cure Amount Notice is attached hereto as Exhibit "A".)

4. As set forth in the Cure Amount Notice, Spartech Polycom disagreed with the Debtors' proposed cure amount. In addition, Spartech Polycom indicated that it disagreed with the treatment of the cure amount as a general unsecured claim. Rather, Spartech asserts that the Debtors are required to immediately pay the cure amount as an administrative claim.

5.      Debtors dispute neither the timeliness nor the merits of Spartech Polycom's Cure Amount Notice.  Rather, by their Motion, Debtors move to strike Spartech Polycom's Cure Amount Notice (a) as an "Improperly Executed Notice," because it was "not executed or, if executed by a third party, no valid power of attorney was provided by the signatory on the returned notice," and (b) as a "Non-Original Cure Amount Notice" because Spartech returned a "Duplicate or self-made copies of the Cure Amount Notice rather than the original Cure Amount Notice."  Motion, ¶ 25, p. 13.

6.      Spartech Polycom denies that the Cure Amount Notice was improperly executed.  As clearly visible thereon, Spartech Polycom's Chief Financial Officer executed the Cure Amount Notice.

7.      Spartech Polycom thus believes that the Debtors' allegation of improper execution arises from a mistake in the Debtors' own records, wherein Spartech Polycom is periodically and incorrectly identified as "Spartech Poly*con*" (emphasis added).

8.      Debtors also seek to strike Spartech Polycom's Cure Amount Notice because Spartech Polycom returned an originally executed copy of the Notice of Cure Amount form.

9.      Notably, the Cure Amount Notice, approved by the Court as Exhibit O to the Solicitations Procedure Order, did not instruct or require that the counterparty to an assumed supply contract return an *original* form.  In fact, the "original form" language relied upon by the Debtors does not appear in the Cure Amount Notice approved by the Court.  Rather, the Debtors only included such language in the Duplicate Notice.

10.     Upon information and belief, Debtors crafted these hurdles to default as many non-debtor counterparties as possible, relying not on substantive grounds but on procedural minefields.

3

11. The concerns espoused by the Debtors in the Motion to justify their extensive process of assuming executory contracts, ostensibly to deal with claims traders, simply do not exist as to Spartech Polycom. First, there is no possible third-party interference with the contractual relation between Spartech Polycom and the Debtors. Rather, any strain on that relationship is of the Debtors' own making. Second, the form returned by Spartech Polycom was not a self-made form "designed to appear identical in form to the Court-approved notices." Motion, ¶ 16, p.7. *Rather, it was a copy of a Court-approved notice.* Finally, Spartech Polycom is neither a claims purchaser nor an ad hoc committee which requested that the Debtors deviate from paying the contract counterparty. Spartech's name, clear and as unique as any bar code, should have been readily identifiable to the Debtors as an important and long term supplier. The assertion that the Debtors' job of sorting Spartech Polycom's Cure Amount Notice was made immeasurably more difficult is without substance or credibility.

12. To those trade creditors upon whom the effectiveness of the Debtors' reorganization relies, but who have been required to spend time and money maneuvering through this expensively designed series of traps, the Debtors' attempt to advantage themselves through the confused process created by their own hand is unfair and inequitable.

13. Likewise, the Debtors' Motion finds no support under Section 105(a) of the Bankruptcy Code. Rather, the Motion is inimical to the provisions of Title 11, which require fairness from its debtors in possession.

[Balance of page intentionally left blank.]

4

WHEREFORE, Spartech Corporation and Spartech Polycom request that the Court: (a) deny the Debtors' Motion to Strike as it pertains to them, (b) find that the Cure Amount Notice returned by Spartech Polycom is valid and effective, and (c) grant such other relief as is just and proper.

Dated: February 19, 2008
      Florham Park, NJ

By: /s/ Richard M. Meth
    RICHARD M. METH (RM7791)
    AMISH R. DOSHI (AD5996)
    DAY PITNEY LLP
    (MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
    (DELIVERY TO) 200 CAMPUS DR., FLORHAM PK., NJ 07932-0950
    (973) 966-6300
    - and -
    7 Times Square
    New York, NY 10036-7311
    (212) 297-5800

-   and -

By: /s/ David L. Going
    David L. Going (MO Bar No. 33435)
    ARMSTRONG TEASDALE LLP
    One Metropolitan Square, Suite 2600
    St. Louis, Missouri 63102-2740
    (314) 621-5070
    (314) 621-5065 (facsimile)
    dgoing@armstrongteasdale.com

ATTORNEYS FOR SPARTECH CORPORATION AND SPARTECH POLYCOM

5