SONNENSCHEIN NATH & ROSENTHAL LLP
Matthew B. Stein (MS-0062)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Counsel to Molex, Inc.*

THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, INC., <u>et</u> <u>al.</u> | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF MOLEX, INC. TO DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFIRMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a) AND <u>FED R. BANKR. P. 9010</u>**

Molex, Inc. ("Molex"), by and through its undersigned counsel, submits this objection to the Debtors' Expedited Motion To Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a) and Fed R. Bankr. P. (the "Motion"), and respectfully states as follows:

**OBJECTION**

1.   Molex timely submitted an original signed reply to the cure notice to the Debtors' claims agent in California. After consultation with TPG Credit Opportunities Fund, L.P. and TPG Credit Opportunities Investors, L.P. (collectively, "TPG"), as assignee of these proofs of claim, Molex did not object to the cure amount but did elect to receive cash rather than stock as the form of the cure. A copy of that cure reply is attached as Exhibit A hereto.

2.      As this Court knows, the norm is that cure costs are paid in cash and not stock. The Debtors' difficulties in finalizing their exit financing have made the stock here more risky and delayed.

3.      The Debtors insisted in their procedures on sending the original cure notices to the business contacts in the Debtors' records and proposed a timing such that they would be received by mail during Christmas week.

4.      Despite Molex having completed an invoice by invoice reconciliation over many months of its claims with the Debtors at a business level, the cure notice listed contract numbers based on an internal Delphi contract numbering system, requiring Molex in a very tight timeframe to complete a different reconciliation on a different basis.  There were several requests to have a contact at Delphi who was involved in preparing the notice and calculating the cure amounts made available, but no such contact was in fact provided.  As a result, the reconciliation was not complete until January 10, 2008.

5.      Molex was required under its claim sale agreement to consult with TPG for direction as to the election notice and did so on January 10, 2008.

6.      The sole objection which the Debtors raise is a technical claim that the cure form was submitted on a copy of the cure form and not the original form itself.

7.      The Debtors assert submission of the original form is required to maintain the "integrity" of the process.  This is, however, an age where declarations, proof of claim and other filings are commonly done by pdf on the Court's ECF system and no one questions the "integrity" of such pdfs.  There is no requirement in the Bankruptcy Code that an original form

- 2 -

17589140\V-1

(as opposed to an exact copy of the form) be used. In timely receiving the notice, the Debtors knew to plan for such a cash distribution on such cure claim in its emergence plans. Therefore, this in actuality appears to be an effort by the Debtors to get out of their legal obligation to pay cure costs in cash on whatever technicality the Debtors can identify. Why the Debtors think it is wise to play games like this with its ongoing vendors is unclear.

8.    As a court of equity and one which is interested in the perception of long-term fairness of the bankruptcy process, this Court should consider the legitimate interests of creditors and whether enforcing such a technicality is fair and comports with the spirit as well as the letter of due process. *In re Henry-Chandler,* 2006 WL 4547188, at *7 (Bankr. D. Md. 2006); *In re Arcadia Fin. Ltd. (In re Suddarth)*, 232 B.R. 789, 792 (N.D. Okla. 1999); *Fox v. Bank Mandiri (In re Perry H. Koplik & Sons, Inc.),* 357 B.R. 231, 249 (Bankr. S.D.N.Y. 2006).

9.    The Court also has the ability to allow the election under the principle of substantial compliance. *Kiser v. Russell County (In re Kiser)*, 344 B.R. 423 (Bankr. W.D. Va. 2003); *Mayor and City County of Baltimore v. West Virginia (In re Eagle-Picher Indus, Inc.),* 285 F.3d 529-30 (6th Cir. 2002); *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Substantial compliance can be found where (1) a party failed to strictly adhere to a requirement but accomplished the result intended by the requirement, (2) the party who benefited from the required suffered no prejudice from the defect; (3) there was a justifiable excuse for failing to strictly adhere to the requirement; and (4) the party who failed to meet the requirement would be severely prejudiced if the requirement was strictly enforced. *Id*   Each of the elements are met here. First, Molex used the official form as provided to them (just a copy of it) and otherwise completed the form in accordance with all applicable requirement and thus, the Debtors knew of Molex (and its claim assignee's) election for cash rather than stock by the January 11 deadline.

Second, the Debtors have identified no real prejudice from receiving a copy of their form rather than the original form. They only received one form from Molex. Third, the timeframe for completion of the form, together with the difficult manner in which the Debtors identified the cure amount and their failure to make a business person responsible for the details in arriving at the proposed cure amounts available and the fact that they sent the form to business people, should forgive strict compliance with this one technical and meaningless element of their self-created and overly complex cure procedures. Fourth, if the Motion is granted, then the claims purchaser may claim the difference between the stock price and the cash distribution from Molex or may seek to put back the claims. There is considerable uncertainty regarding the stock given Delphi's exit financing difficulties and the timing of the effective date and thus, there is prejudice in receiving stock in lieu of cash.

## Conclusion

WHEREFORE, Molex requests that the Court deny the Motion to strike as to it and have the Debtors distribute the cure amount in cash and not stock.

Dated: February 19, 2008

> Respectfully submitted,
>
> By: /s/ Matthew B. Stein
> Matthew B. Stein, Esq.
> SONNENSCHEIN NATH & ROSENTHAL LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Telephone: (212) 768-6700
> Facsimile: (212) 768-6800
>
> Counsel to Molex, Inc.

17589140\V-1