Hearing Date: February 21, 2008 at 10:00 a.m. (Eastern)
Response Date and Time: February 19, 2008 at 4:00 p.m. (Eastern)

Hodgson Russ LLP
Stephen H. Gross
1540 Broadway, 24th Floor
New York, NY 10036

Attorneys for Mubea, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
In re:                                      )    Chapter 11
                                            )
DELPHI CORPORATION, et al.,                 )    Case No. 05-44481 (RDD)
                                            )
              Debtors.                      )    (Jointly Administered)
                                            )
_____ )

**OBJECTION AND RESPONSE OF MUBEA, INC. TO DEBTORS' MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105 (A), AND FED. R. BANKR. P. 9010**

Mubea, Inc., ("Mubea") by and through its undersigned counsel, hereby objects and responds (the "Objection and Response") to the Debtors' Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper objections pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed R. Bankr. P. 9010 [Docket No. 12615] (the "Motion").[1]  In further support of its Objection and Response, Mubea respectfully states as follows:

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

1

## BACKGROUND

1.  On October 8, 2005 ("Petition Date"), Delphi Corporation and numerous related entities (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.  Prior to the Petition Date, Mubea and one or more of the Debtors entered into several business arrangements, including, but not limited to, executory contracts identified by the Debtors as (1) D0550026544; and (2) SAG9011721 (the "Executory Contracts").

3.  On or about December 10, 2007, the Debtors issued a "Notice of Cure Amount with respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization" (the "Cure Notice").  In the Cure Notice, the Debtors identified the Executory Contracts and set forth the proposed cure amounts.

4.  On or about January 10, 2008, Mubea executed the Cure Notice and timely delivered the Cure Notice to the Debtor's administrator.  A copy of Mubea's Cure Notice is attached as Exhibit A.

## THE MOTION

5.  Pursuant to the Motion, the Debtors seek to strike the Cure Notice timely filed by Mubea on the grounds that the Cure Notice returned was "either a self made cure election form for which an assumable executory contract exists or an executed water marked duplicate notice." (Motion, ¶35 and Schedule 3).  The Debtors, therefore, propose to limit the treatment of the Executory Contracts to the "Default Treatment."  (Motion, ¶32.)

6. Mubea did not "create" a self made cure election, but instead, inadvertently delivered a copy of the original. Attached as Exhibit B is a copy of the "Original" Cure Notice obtained from the Debtors' administrator after the Motion was filed.

7. In other words, by the Motion, the Debtors seek to assume the Executory Contracts without affording Mubea the ability to exercise its rights provided for under its timely filed Cure Notice, including but not limited to receiving a cash payment for the cure amount, solely on the basis that Mubea inadvertently sent a copy of the original Cure Notice, as opposed to the original.

## OBJECTION AND RESPONSE

8. The motion should be overruled insofar as it pertains to Mubea.

9. In its Motion, the Debtors indicated that procedures were established because the Debtors were "concerned by possible third party interference with Contractual relationships between the Debtors and their suppliers." (Motion ¶16)

10. Mubea's "clerical" error in no way interferes with any of the Debtors' relationships with the Debtors' suppliers and accordingly, the Debtors would suffer no prejudice by denying the Motion as it pertains to Mubea.

11. Moreover, the basis for the relief requested by the Debtors is section 105(a) of the Bankruptcy Code. (Motion ¶43).

12. Undeniably, Section 105 of the Bankruptcy Code gives this Court the power to tailor solutions to meet diverse problems. However, this section should not be invoked to override explicit mandates of other sections of the Bankruptcy Code.

13.     It cannot be disputed, in order for the Debtors to assume or assume and assign the Executory Contracts, all unpaid amounts there under must be paid in full.  11 U.S.C. § 365(b) & (f).  Currently, there are unpaid pre- and post-petition obligations due under the Executory Contracts that are the subject of the pending Motion.  Pursuant to the Cure Notice, Mubea properly asserted its right to payment in full of such amounts in cash or other immediately available funds (as opposed to Plan Currency).  An eleventh-hour attempt to make an end-run around the express mandates of Bankruptcy Code Section 364 by way of the Motion should be rejected.  The Motion, therefore, must be denied.

## MEMORANDUM OF LAW

14.     Because the legal points and authorities upon which Mubea relies for purposes of this Objection and Response are incorporated into this Objection and Response, Mubea respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

15.     Mubea reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts and purchase orders involving Mubea including, without limitation, on the grounds that notice of such relief and an opportunity to object was not properly afforded to Mubea.

## **CONCLUSION**

WHEREFORE, Mubea respectfully requests that the Court enter an Order (a) sustaining this Objection and Response in its entirety and overruling the Motion, to the extent that it pertains to Mubea, in its entirety; and (b) providing Mubea with such other and further relief as is appropriate.

Dated:      February 19, 2008
                New York, New York

                                  HODGSON RUSS LLP

                                  BY:   /s/ Stephen H. Gross
                                          Stephen H. Gross
                                        1540 Broadway, 24th Floor
                                        New York, NY 10036
                                        Tel. No. (212) 751-7540
                                        Attorneys for Mubea, Inc.

000160/09961 GBDOCS 952366v1