Hearing Date: February 21, 2008 at 10:00 a.m. (Eastern)
Response Date and Time: February 19, 2008 at 4:00 p.m. (Eastern)

HODGSON RUSS LLP
Julia S. Kreher (JK 7501)
140 Pearl Street
Buffalo, New York  14202
Tel:  (716) 848-1330
Fax:  (716) 819-4645
         -and-
HODGSON RUSS LLP
Gary I. Selinger
60 East 43nd Street, 37th Floor
New York, NY 10165-0150
Tel:  (212) 661-3535

*Attorneys for Bailey Manufacturing Company, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re:

DEPLPHI CORPORATION, et al.,                         Chapter 11
                                                                          Case No. 05-44481 (RDD)
                                      Debtors.              (Jointly Administered)
_____

**RESPONSE OF BAILEY MANUFACTURING COMPANY, LLC TO
DEBTORS' MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT
NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION
PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION,
11 U.S.C. § 105 (A), AND FED. R. BANKR. P. 9010**

Bailey Manufacturing Company, LLC, ("Bailey") by and through its undersigned counsel, hereby objects and responds (the "Response") to the Debtors' Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed R.

Bankr. P. 9010 [Docket No. 12615] (the "Motion").[1]  In support of its Response, Bailey respectfully states as follows:

## BACKGROUND

1.    On October 8, 2005 ("Petition Date"), Delphi Corporation and numerous related entities (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    Prior to the Petition Date, Bailey Manufacturing Company supplied brackets, reinforcements and related parts to the Thermal and Interior Systems, Steering, and Energy and Chassis divisions of Delphi and/or one or more of the Debtors (over $6 million annually) pursuant to several executory contracts (the "Executory Contracts").

3.    On or about December 10, 2007, the Debtors issued a *"Notice of Cure Amount with respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization"* (the "Cure Notice").  In the Cure Notice, the Debtors identified the Executory Contracts that the Debtors wish to assume and assign and set forth the proposed cure amounts.  The Debtors also issued duplicated notices to multiple addresses and sent notices to transfer agents.

4.    On or before January 10, 2008, Bailey executed the original bar-coded Cure Notice and timely delivered the Cure Notice to the Debtors' administrator, Kurtzman Carson Consulting by the deadline of January 11, 2008.  However, Bailey also executed a copy of the Cure Notice that was attached to an (original) Notice to Contract Counterparty with

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

Multiple Addresses of Transmittal of Cure Amount Notice.  Thus, Bailey timely provided **both an original and a copy** of the Cure Notice.  A copy of Bailey's Cure Notice(s) as provided to Kurtzman Carson Consulting is attached as Exhibit A.

## THE MOTION

5. Pursuant to the Motion, the Debtors seek to strike the Cure Notice timely filed by Bailey on the grounds that Bailey filed a "Non-Original Notice" (Motion, ¶35 and Schedule 3).  The Debtors, therefore, propose to limit the treatment of the Executory Contracts to the "Default Treatment," i.e. payment in "Plan Currency" rather than cash.

6. Bailey did not "create" a self-made cure notice, but instead -- out of an abundance of caution -- delivered both the original and a copy.

7. Thus, by the Motion, the Debtors seek to assume the Executory Contracts without affording Bailey the ability to exercise its rights provided for under its timely filed Cure Notice, including but not limited to receiving a cash payment for the cure amount, solely on the basis that Bailey not only properly delivered an original Cure Notice, but also delivered a copy of the original Cure Notice.

## OBJECTION AND RESPONSE

8. The motion should be overruled insofar as it pertains to Bailey.

9. In its Motion, the Debtors indicated that procedures were established because the Debtors were "concerned about possible third party interference with Contractual relationships between the Debtors and their suppliers." (Motion ¶16).

10. Bailey's proper submission of the original -- together with a copy -- in no way interferes with any of the Debtors' relationships with the Debtors' suppliers and

accordingly, the Debtors would suffer no prejudice by denying the Motion as it pertains to Bailey.

11. Moreover, the basis for the relief requested by the Debtors is section 105(a) of the Bankruptcy Code. (Motion ¶43).

12. Undeniably, Section 105 of the Bankruptcy Code gives this Court the power to tailor solutions to meet diverse problems. However, this section should not be invoked to override explicit mandates of other sections of the Bankruptcy Code.

13. It cannot be disputed, in order for the Debtors to assume or assume and assign the Executory Contracts, all unpaid amounts there under must be paid in full. 11 U.S.C. § 365(b) & (f). Currently, there are unpaid obligations due under the Executory Contracts that are the subject of the pending Motion. Pursuant to the Cure Notice, Bailey properly asserted its right to payment in full of such amounts in cash or other immediately available funds (as opposed to Plan Currency). An eleventh-hour attempt to make an end-run around the express mandates of Bankruptcy Code Section 365 by way of the Motion should be rejected. The Motion, therefore, must be denied.

14. Bailey acknowledges the inherent administrative difficulties faced by Debtors in tracking thousands of Cure Notices and responses. Notwithstanding these difficulties, striking Bailey's original Cure Notice simply because it also filed a non-conforming Cure Notice as a protective measure would be arbitrary and would inequitable elevate form over substance and impose a draconian result upon Bailey.

15. Because Bailey complied with the Debtors' procedures by timely filing the original Cure Notice, there is no basis for the Debtors' motion to strike with respect to Bailey, and the relief requested herein must be denied.

## MEMORANDUM OF LAW

16. Because the legal points and authorities upon which Bailey relies for purposes of this Objection and Response are incorporated into this Objection and Response, Bailey respectfully requests that the Court deem satisfied or, alternatively, waive the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## RESERVATION OF RIGHTS

17. Bailey reserves the right (a) to amend, supplement, or otherwise modify this Objection and Response and all attachments and exhibits hereto as necessary or proper; (b) to raise such other and further objections to any proposed assumption, assumption and assignment, and/or any cure amounts associated with any proposed assumption or assumption and assignment of any contracts and purchase orders involving Bailey including, without limitation, on the grounds that notice of such relief and an opportunity to object was not properly afforded to Bailey.

## CONCLUSION

WHEREFORE, Bailey respectfully requests that the Court enter an Order (a) sustaining this Response in its entirety and overruling the Motion, to the extent that it pertains to Bailey Manufacturing Company, LLC, in its entirety; and (b) providing Bailey Manufacturing Company, LLC, with such other and further relief as is appropriate.

Dated: February 19, 2008
New York, New York

HODGSON RUSS LLP

BY: /s/ Julia S. Kreher
Julia S. Kreher
140 Pearl Street
Buffalo, New York 14202
Tel: (716) 848-1330
Fax: (716) 819-4645
-and-
Gary I. Selinger
60 East 43nd Street, 37th Floor
New York, NY 10165-0150
Tel: (212) 661-3535

*Attorneys for Bailey Manufacturing Company, LLC*