# EXHIBIT C

**FIRST ASSIGNMENT OF CLAIM**

1.       INTERMET CORPORATION, its successors and assigns ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and permitted assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain Receivables set forth in Exhibit 1 owed to Assignor by Debtor, in the amount of $3,862,081 (the "Claim Amount"), including without limitation, all of Assignor's right, title and interest in said Receivables, all Merchandise Documents evidencing, or relating or referred to therein, all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing Receivables, and all other claims, causes of action against Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing Receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2.       This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of August 25, 2005 by and between Assignor and Assignee (the "Put Agreement") and a Notice of Exercise received by Assignee on October 17, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3.       In consideration of the assignment of the Claim by Assignor to Assignee, Assignor and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement.

4.       Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

5.       Assignor is aware that the consideration being paid by Assignee hereunder and under the Put Agreement may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee

from liability therefrom.

6. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7. Each party agrees to indemnify the other party as set forth in the Put Agreement.

8. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

10. EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

11. Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12.    This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13.    This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of December _19_, 2005.

ASSIGNOR:
INTERMET CORPORATION

By: _R E Belts_

Name: _R E BELTS_
Title: _V P FINANCE & CFO_

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By: _M. Gatto_

Name:         Michael A. Gatto
Title:         Authorized Signatory

Silver Point Capital
Two Greenwich Plaza, 1st Floor
Greenwich, CT 06830

# FIRST ASSIGNMENT OF CLAIM

1.      INTERMET CORPORATION, its successors and assigns ("Assignor"), for good
and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely
and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver
Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and
permitted assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and
to all those certain Receivables set forth in Exhibit 1 owed to Assignor by Debtor, in the amount
of $3,464,344.52 (the "Claim Amount"), including without limitation, all of Assignor's right, title
and interest in said Receivables, all Merchandise Documents evidencing, or relating or referred to
therein, all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties
and other amounts in respect of or in connection with any of the foregoing Receivables, and all
other claims, causes of action against Debtor, its affiliates, any guarantor or other third party,
together with voting and other rights and benefits arising from, under or relating to any of the
foregoing Receivables, including, without limitation, all of Assignor's rights to receive cash,
securities, instruments and/or other property or distributions issued in connection with any of the
foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2.      This Assignment of Claim is entered into pursuant to a Claims Put Agreement
dated as of August 25, 2005 by and between Assignor and Assignee (the "Put Agreement") and a
Notice of Exercise received by Assignee on October 17, 2005 (the "Notice of Exercise").
Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set
forth in the Put Agreement.

3.      In consideration of the assignment of the Claim by Assignor to Assignee,
Assignor and Assignee shall make payments to one another in the amounts and manner, at the
times specified and subject to the conditions provided in the Put Agreement.

4.      Each of Assignor and Assignee repeats and reaffirms the representations,
warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement
as of the date of the Assignment of Claim.  Except for the express representations and warranties
set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and
without representations and warranties.

5.      Assignor is aware that the consideration being paid by Assignee hereunder and
under the Put Agreement may differ both in kind and amount from the amount ultimately
distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor
represents that it has adequate information concerning the financial condition of the Debtor and
the Case to make an informed decision regarding the sale of the Claim and that it has
independently and without reliance on Assignee, and based on such information as Assignor has
deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee
may each have access to or possess confidential material information regarding the Debtor not
known to the other, including, without limitation, information received from the Debtor on a
confidential basis or information received on a privileged basis from legal counsel and financial
advisors representing the Debtor. Each party hereby waives any claim against the other party
deriving from or relating to any assertion that they did not have access to the same confidential
information. Assignor acknowledges that Assignee may receive on a current basis material non-
public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not
disclosing such confidential information to Assignor, Assignor desires to enter into this
Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use,
knowledge, possession or non-disclosure of such information and Assignor releases Assignee

from liability therefrom.

6.      Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7.      Each party agrees to indemnify the other party as set forth in the Put Agreement.

8.      Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9.      All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

10.      EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

11.      Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12.    This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13.    This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of December 21, 2005.

ASSIGNOR:
INTERMET CORPORATION

By: _R E Belts_____
Name: R.E. BELTS
Title: VP FINANCE & CFO

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By: _M Gatto_____
Name:
Title:    Michael A. Gatto
         Authorized Signatory

EXHIBIT 1
TO ASSIGNMENT OF CLAIM

Receivables Comprising the Claim

*Exhibit 1*

## INTERMET's CLAIM

| DUNS # | Document # | Document Date | Total Amount | Bill Of Lading |
|---|---|---|---|---|
| RD 120919766 | 'DMP5203778049001 | 7/1/2005 | ($3,525.12) | 651 |
| RD 120919766 | 'DMP5203778051001 | 7/2/2005 | ($17,825.60) | 654 |
| RD 120919766 | 'ESC5203777722001 | 7/5/2005 | $633.42 | 654 |
| RD 120919766 | 'DMP5203778087001 | 7/28/2005 | ($881.28) | 2003 |
| RD 120919766 | 'DMP5203778089001 | 7/29/2005 | ($9,694.08) | 2004 |
| RD 120919766 | 'ESC5203777749001 | 8/1/2005 | $3,506.76 | 2004 |
| RD 120919766 | 'ESD5203359887001 | 8/1/2005 | ($1,863.54) | 2004 |
| RD 001905566 | 'CSR5203696702001 | 9/25/2005 | $423.94 | 14792 |
| RD 001905566 | 'CSR5203696703001 | 9/25/2005 | $423.94 | 14792 |
| RD 001905566 | 'CSR5203696702002 | 9/25/2005 | $423.94 | 14796 |
| RD 001905566 | 'CSR5203696703002 | 9/25/2005 | $423.94 | 14796 |
| RD 001905566 | 'CSR5203696702003 | 9/25/2005 | $211.96 | 14798 |
| RD 001905566 | 'CSR5203696703003 | 9/25/2005 | $211.96 | 14798 |
| RD 001905566 | 'CSR5203696702004 | 9/25/2005 | $423.94 | 14803 |
| RD 001905566 | 'CSR5203696703004 | 9/25/2005 | $423.94 | 14803 |
| RD 001905566 | 'CSR5203696712001 | 9/25/2005 | $32.45 | 14808 |
| RD 001905566 | 'CSR5203696713001 | 9/25/2005 | $32.45 | 14808 |
| RD 001905566 | 'CSR5203696702005 | 9/25/2005 | $423.94 | 14812 |
| RD 001905566 | 'CSR5203696703005 | 9/25/2005 | $423.94 | 14812 |
| RD 001905566 | 'CSR5203696702006 | 9/25/2005 | $211.96 | 14821 |
| RD 001905566 | 'CSR5203696703006 | 9/25/2005 | $211.96 | 14821 |
| RD 001905566 | 'CSR5203696702007 | 9/25/2005 | $423.94 | 14829 |
| RD 001905566 | 'CSR5203696703007 | 9/25/2005 | $423.94 | 14829 |
| RD 001905566 | 'CSR5203696702008 | 9/25/2005 | $423.94 | 14844 |
| RD 001905566 | 'CSR5203696703008 | 9/25/2005 | $423.94 | 14844 |
| RD 001905566 | 'CSR5203696712002 | 9/25/2005 | $16.22 | 14853 |
| RD 001905566 | 'CSR5203696713002 | 9/25/2005 | $16.22 | 14853 |
| RD 001905566 | 'CSR5203696714001 | 9/25/2005 | $84.71 | 14853 |
| RD 001905566 | 'CSR5203696715001 | 9/25/2005 | $84.71 | 14853 |
| RD 001905566 | 'CSR5203696702009 | 9/25/2005 | $423.94 | 14855 |
| RD 001905566 | 'CSR5203696703009 | 9/25/2005 | $423.94 | 14855 |
| RD 001905566 | 'CSR5203696702010 | 9/25/2005 | $423.94 | 14856 |
| RD 001905566 | 'CSR5203696703010 | 9/25/2005 | $423.94 | 14856 |
| RD 001905566 | 'CSR5203696702011 | 9/25/2005 | $423.94 | 14860 |
| RD 001905566 | 'CSR5203696703011 | 9/25/2005 | $423.94 | 14860 |
| RD 001905566 | 'CSR5203696712003 | 9/25/2005 | $16.22 | 14862 |
| RD 001905566 | 'CSR5203696713003 | 9/25/2005 | $16.22 | 14862 |
| RD 001905566 | 'CSR5203696714002 | 9/25/2005 | $47.06 | 14862 |
| RD 001905566 | 'CSR5203696715002 | 9/25/2005 | $47.06 | 14862 |
| RD 001905566 | 'CSR5203696702012 | 9/25/2005 | $353.28 | 14867 |
| RD 001905566 | 'CSR5203696703012 | 9/25/2005 | $353.28 | 14867 |
| RD 001905566 | 'CSR5203696714003 | 9/25/2005 | $37.65 | 14868 |
| RD 001905566 | 'CSR5203696715003 | 9/25/2005 | $37.65 | 14868 |
| RD 001905566 | 'CSR5203696702013 | 9/25/2005 | $370.94 | 14872 |
| RD 001905566 | 'CSR5203696703013 | 9/25/2005 | $370.94 | 14872 |
| RD 001905566 | 'CSR5203696714004 | 9/25/2005 | $28.24 | 14874 |
| RD 001905566 | 'CSR5203696715004 | 9/25/2005 | $28.24 | 14874 |
| RD 001905566 | 'CSR5203696702014 | 9/25/2005 | $423.94 | 14883 |
| RD 001905566 | 'CSR5203696703014 | 9/25/2005 | $423.94 | 14883 |

| | | | | |
|---|---|---|---|---|
| RD 001905566 | 'CSR5203696712004 | 9/25/2005 | $16.22 | 14886 |
| RD 001905566 | 'CSR5203696713004 | 9/25/2005 | $16.22 | 14886 |
| RD 001905566 | 'CSR5203696714005 | 9/25/2005 | $37.65 | 14886 |
| RD 001905566 | 'CSR5203696715005 | 9/25/2005 | $37.65 | 14886 |
| RD 001905566 | '5203664700001 | 9/20/2005 | $70,870.46 | 14888 |
| RD 001905566 | 'CSR5203696702015 | 9/25/2005 | $423.94 | 14888 |
| RD 001905566 | 'CSR5203696703015 | 9/25/2005 | $423.94 | 14888 |
| RD 001905566 | '5203673721001 | 9/21/2005 | $70,870.46 | 14892 |
| RD 001905566 | 'CSR5203696702016 | 9/25/2005 | $423.94 | 14892 |
| RD 001905566 | 'CSR5203696703016 | 9/25/2005 | $423.94 | 14892 |
| RD 001905566 | '5203673777001 | 9/21/2005 | $3,569.00 | 14897 |
| RD 001905566 | '5203673777002 | 9/21/2005 | $12,625.04 | 14897 |
| RD 001905566 | 'CSR5203696712005 | 9/25/2005 | $16.22 | 14897 |
| RD 001905566 | 'CSR5203696713005 | 9/25/2005 | $16.22 | 14897 |
| RD 001905566 | 'CSR5203696714006 | 9/25/2005 | $65.88 | 14897 |
| RD 001905566 | 'CSR5203696715006 | 9/25/2005 | $65.88 | 14897 |
| RD 001905566 | '5203682675001 | 9/22/2005 | $56,777.02 | 14899 |
| RD 001905566 | '5203690771001 | 9/23/2005 | $71,718.34 | 14904 |
| RD 001905566 | '5203704059001 | 9/26/2005 | $71,718.34 | 14912 |
| RD 001905566 | '5203712849001 | 9/27/2005 | $3,601.44 | 14916 |
| RD 001905566 | '5203712849002 | 9/27/2005 | $21,868.80 | 14916 |
| RD 001905566 | '5203713230001 | 9/27/2005 | $71,718.34 | 14918 |
| RD 001905566 | '5203721834001 | 9/28/2005 | $71,718.34 | 14923 |
| RD 001905566 | '5203722110001 | 9/28/2005 | $3,601.44 | 14928 |
| RD 001905566 | '5203722110002 | 9/28/2005 | $21,868.80 | 14928 |
| RD 001905566 | '5203730753001 | 9/29/2005 | $71,718.34 | 14930 |
| RD 001905566 | '5203740313001 | 9/30/2005 | $71,718.34 | 14936 |
| RD 001905566 | 'ACM5203792000001 | 10/1/2005 | $695.52 | 14947 |
| RD 001905566 | 'ACM5203792001001 | 10/1/2005 | $695.52 | 14947 |
| RD 001905566 | '5203751926001 | 10/3/2005 | $71,718.34 | 14947 |
| RD 001905566 | 'ACM5203792008001 | 10/1/2005 | $35.48 | 14948 |
| RD 001905566 | 'ACM5203792009001 | 10/1/2005 | $35.48 | 14948 |
| RD 001905566 | '5203752193001 | 10/3/2005 | $4,801.92 | 14948 |
| RD 001905566 | '5203752193002 | 10/3/2005 | $20,046.40 | 14948 |
| RD 001905566 | 'ACM5203792000002 | 10/1/2005 | $695.52 | 14950 |
| RD 001905566 | 'ACM5203792001002 | 10/1/2005 | $695.52 | 14950 |
| RD 001905566 | '5203760861001 | 10/4/2005 | $71,718.34 | 14950 |
| RD 001905566 | 'ACM5203792000003 | 10/1/2005 | $695.52 | 14954 |
| RD 001905566 | 'ACM5203792001003 | 10/1/2005 | $695.52 | 14954 |
| RD 001905566 | '5203769562001 | 10/5/2005 | $71,718.34 | 14954 |
| RD 001905566 | 'ACM5203792008002 | 10/1/2005 | $8.87 | 14958 |
| RD 001905566 | 'ACM5203792009002 | 10/1/2005 | $8.87 | 14958 |
| RD 001905566 | 'ACM5203792010002 | 10/1/2005 | $61.76 | 14958 |
| RD 001905566 | 'ACM5203792011002 | 10/1/2005 | $61.76 | 14958 |
| RD 001905566 | '5203769816001 | 10/5/2005 | $1,200.48 | 14958 |
| RD 001905566 | '5203769816002 | 10/5/2005 | $7,289.60 | 14958 |
| RD 001905566 | '5203777682001 | 10/6/2005 | $73,109.38 | 14963 |
| RD 001905566 | '5203785629001 | 10/7/2005 | $67,016.92 | 14968 |
| RD 038400511 | '240630ISG7893124 | 9/23/2005 | $4,693.45 | 24063 |
| RD 038400511 | '024084ISG7902027 | 9/26/2005 | $13,412.70 | 24084 |
| RD 038400511 | '240850ISK9321728 | 9/27/2005 | $15,972.46 | 24085 |
| RD 038400511 | '240890ISG7905627 | 9/26/2005 | $12,047.39 | 24089 |

| | | | | |
|---|---|---|---|---|
| RD 038400511 | '240960ISK9323629 | 9/28/2005 | $20,971.38 | 24096 |
| RD 038400511 | '241310ISG7976105 | 10/4/2005 | $9,578.98 | 24131 |
| RD 038400511 | '305700ISK9283622 | 9/21/2005 | $4,318.45 | 30570 |
| RD 038400511 | '000305ISG7875322 | 9/21/2005 | $9,893.84 | 30578 |
| RD 038400511 | '000305ISG7875222 | 9/21/2005 | $8,151.88 | 30586 |
| RD 038400511 | '305960ISK9300824 | 9/23/2005 | $11,282.45 | 30596 |
| RD 038400511 | '000306ISG7895024 | 9/23/2005 | $6,710.26 | 30613 |
| RD 038400511 | 'BCM267004SG78950 | 9/23/2005 | $623.22 | 30613 |
| RD 038400511 | '000306ISG7940029 | 9/28/2005 | $10,143.78 | 30636 |
| RD 038400511 | '000306ISG7940129 | 9/28/2005 | $10,403.18 | 30642 |
| RD 038400511 | '000306ISG7953530 | 9/29/2005 | $9,694.21 | 30653 |
| RD 038400511 | '000306ISK9339701 | 9/30/2005 | $15,147.20 | 30661 |
| RD 038400511 | '000306ISG7964301 | 9/30/2005 | $8,267.27 | 30664 |
| RD 038400511 | '000306ISK9361706 | 10/5/2005 | $20,515.58 | 30698 |
| RD 038400511 | '000306ISG7991706 | 10/5/2005 | $7,794.23 | 30699 |
| RD 038400511 | '000307ISK9373608 | 10/7/2005 | $16,879.58 | 30714 |
| RD 038400511 | '000307ISG8016808 | 10/7/2005 | $15,025.08 | 30716 |
| RD 006248413 | '5203698350001 | 9/21/2005 | $179.41 | 41313 |
| RD 006248413 | '5203696796001 | 9/21/2005 | $430.22 | 41314 |
| RD 006248413 | '5203698351001 | 9/21/2005 | $541.72 | 41315 |
| RD 006248413 | '5203696795001 | 9/21/2005 | $252.06 | 41316 |
| RD 006248413 | '5203700614001 | 9/22/2005 | $704.08 | 41336 |
| RD 006248413 | '5203700616001 | 9/22/2005 | $538.23 | 41337 |
| RD 006248413 | '5203700533001 | 9/22/2005 | $573.63 | 41338 |
| RD 006248413 | '5203700615001 | 9/22/2005 | $2,166.86 | 41339 |
| RD 006248413 | '5203700532001 | 9/22/2005 | $945.24 | 41340 |
| RD 006248413 | '5203719578001 | 9/26/2005 | $563.26 | 41357 |
| RD 006248413 | '5203719583001 | 9/26/2005 | $448.53 | 41358 |
| RD 006248413 | '5203719576001 | 9/26/2005 | $361.14 | 41359 |
| RD 006248413 | '5203719580001 | 9/26/2005 | $63.02 | 41360 |
| RD 006248413 | '5203735138001 | 9/26/2005 | $563.26 | 41378 |
| RD 006248413 | '5203735139001 | 9/26/2005 | $807.35 | 41379 |
| RD 006248413 | '5203735141001 | 9/26/2005 | $143.41 | 41380 |
| RD 006248413 | '5203735137001 | 9/26/2005 | $451.43 | 41381 |
| RD 006248413 | '5203735140001 | 9/26/2005 | $567.15 | 41382 |
| RD 006248413 | '5203735007001 | 9/27/2005 | $140.82 | 41400 |
| RD 006248413 | '5203735005001 | 9/27/2005 | $143.41 | 41401 |
| RD 006248413 | '5203735006001 | 9/27/2005 | $252.06 | 41402 |
| RD 006248413 | '5203743691001 | 9/28/2005 | $179.41 | 41417 |
| RD 006248413 | '5203743692001 | 9/28/2005 | $286.82 | 41418 |
| RD 006248413 | '5203743693001 | 9/28/2005 | $361.14 | 41419 |
| RD 006248413 | '5203743695001 | 9/28/2005 | $252.06 | 41420 |
| RD 006248413 | '5203764909001 | 9/30/2005 | $284.49 | 41457 |
| RD 006248413 | '5203764911001 | 9/30/2005 | $724.25 | 41458 |
| RD 006248413 | '5203774738001 | 10/3/2005 | $284.49 | 41494 |
| RD 006248413 | '5203774743001 | 10/3/2005 | $271.59 | 41495 |
| RD 006248413 | '5203789811001 | 10/4/2005 | $284.49 | 41510 |
| RD 006248413 | '5203789809001 | 10/4/2005 | $90.53 | 41511 |
| RD 006248413 | '5203789810001 | 10/4/2005 | $182.02 | 41512 |
| RD 006248413 | '5203791035001 | 10/5/2005 | $142.24 | 41522 |
| RD 006248413 | '5203791034001 | 10/5/2005 | $273.03 | 41523 |
| RD 006248413 | '5203791036001 | 10/5/2005 | $318.54 | 41524 |

| | | | | |
|---|---|---|---|---|
| RD 006311146 | '116562I401705103 | 9/2/2005 | $36,158.40 | 116562 |
| RD 006311146 | '5203542382001 | 9/1/2005 | $155.40 | 116610 |
| RD 006311146 | '116612IPF4614802 | 9/1/2005 | $3,695.76 | 116612 |
| RD 006311146 | '116629I378337308 | 9/6/2005 | $3,338.82 | 116629 |
| RD 006311146 | '116630IPF4633103 | 9/2/2005 | $7,391.52 | 116630 |
| RD 006311146 | '116642I401720910 | 9/9/2005 | $18,926.78 | 116642 |
| RD 006311146 | '116666I378338008 | 9/6/2005 | $3,338.82 | 116666 |
| RD 006311146 | '116688IPF4672808 | 9/7/2005 | $3,695.76 | 116688 |
| RD 006311146 | '116705I378339010 | 9/8/2005 | $3,338.82 | 116705 |
| RD 006311146 | '116706IPF4693609 | 9/8/2005 | $3,695.76 | 116706 |
| RD 006311146 | '5203597322001 | 9/9/2005 | $155.40 | 116729 |
| RD 006311146 | '5203626617001 | 9/14/2005 | $155.40 | 116797 |
| RD 006311146 | '5203642502001 | 9/16/2005 | $155.40 | 116833 |
| RD 187430541 | '5203636070001 | 9/15/2005 | $872.50 | 116837 |
| RD 187430541 | '5203654873001 | 9/19/2005 | $872.50 | 116885 |
| RD 006311146 | '116907I378345722 | 9/20/2005 | $6,677.64 | 116907 |
| RD 120919766 | '5203696361001 | 9/24/2005 | $18,858.66 | 116907 |
| RD 006311146 | '5203671399001 | 9/21/2005 | $155.40 | 116909 |
| RD 006311146 | '116931I401765524 | 9/23/2005 | $18,926.78 | 116931 |
| RD 006311146 | '116943I378346423 | 9/21/2005 | $6,677.64 | 116943 |
| RD 006311146 | '116945IPF4873622 | 9/21/2005 | $3,695.76 | 116945 |
| RD 006311146 | '116972IPF4895723 | 9/22/2005 | $4,019.76 | 116972 |
| RD 006311146 | '116973I378347527 | 9/23/2005 | $6,677.64 | 116973 |
| RD 006311146 | '5203680159001 | 9/22/2005 | $310.80 | 116984 |
| RD 006311146 | '116985I378348227 | 9/23/2005 | $3,338.82 | 116985 |
| RD 006311146 | '116986IPF4914924 | 9/23/2005 | $3,695.76 | 116986 |
| RD 006311146 | '5203680162001 | 9/22/2005 | $310.80 | 116995 |
| RD 006311146 | '5203702577001 | 9/26/2005 | $155.40 | 117007 |
| RD 006311146 | '117019I378349528 | 9/26/2005 | $6,677.64 | 117019 |
| RD 006311146 | '117020IPF4938527 | 9/26/2005 | $3,695.76 | 117020 |
| RD 187430541 | '5203710493001 | 9/26/2005 | $872.50 | 117021 |
| RD 006311146 | '117035I378350528 | 9/26/2005 | $6,677.64 | 117035 |
| RD 006311146 | '117037IPF4957928 | 9/27/2005 | $3,695.76 | 117037 |
| RD 006311146 | '117049I401785702 | 9/30/2005 | $39,159.94 | 117049 |
| RD 006311146 | '5203719346001 | 9/28/2005 | $75.90 | 117050 |
| RD 006311146 | '5203719346002 | 9/28/2005 | $155.40 | 117050 |
| RD 006311146 | '117065I378351330 | 9/28/2005 | $6,677.64 | 117065 |
| RD 187430541 | '5203737914001 | 9/30/2005 | $872.50 | 117079 |
| RD 006311146 | '117092I378352401 | 9/29/2005 | $6,677.64 | 117092 |
| RD 006311146 | '117093IPF4999230 | 9/29/2005 | $3,695.76 | 117093 |
| RD 006311146 | '117102I401793104 | 10/1/2005 | $4,307.90 | 117102 |
| RD 006311146 | '5203737515001 | 9/30/2005 | $75.90 | 117103 |
| RD 006311146 | '5203737515002 | 9/30/2005 | $155.40 | 117103 |
| RD 006311146 | '117104I378353305 | 9/30/2005 | $6,677.64 | 117104 |
| RD 006311146 | '117105IPF5023901 | 9/30/2005 | $7,823.52 | 117105 |
| RD 006311146 | '117127I378354005 | 10/3/2005 | $6,677.64 | 117127 |
| RD 006311146 | '5203749894001 | 10/3/2005 | $155.40 | 117128 |
| RD 187430541 | '5203750030001 | 10/3/2005 | $872.50 | 117133 |
| RD 006311146 | '117159I378354906 | 10/4/2005 | $3,338.82 | 117159 |
| RD 006311146 | '117160IPF5066205 | 10/4/2005 | $3,695.76 | 117160 |
| RD 006311146 | '117180I401805808 | 10/7/2005 | $15,925.25 | 117180 |
| RD 006311146 | '117196I378355907 | 10/5/2005 | $3,338.82 | 117196 |

| | | | | |
|---|---|---|---|---|
| RD 006311146 | '117197IPF5086306 | 10/5/2005 | $3,695.76 | 117197 |
| RD 006311146 | '117232I378357508 | 10/6/2005 | $3,338.82 | 117232 |
| RD 006311146 | '117235IPF5118107 | 10/6/2005 | $3,695.76 | 117235 |
| RD 006311146 | '5203767114001 | 10/5/2005 | $155.40 | 117237 |
| RD 006311146 | '117248I378357711 | 10/7/2005 | $3,338.82 | 117248 |
| RD 006311146 | '117249IPF5174008 | 10/7/2005 | $648.00 | 117249 |
| RD 006311146 | '5203783455001 | 10/7/2005 | $155.40 | 117251 |
| RD 187430541 | '5203784351001 | 10/7/2005 | $872.50 | 117254 |
| RD 809942147 | 'BDM279018SD65419 | 6/10/2005 | ($1,856.18) | 126769 |
| RD 809942147 | 'BDM279019SD65419 | 6/10/2005 | ($15,393.49) | 126769 |
| RD 809942147 | 'CRT0510140003395 | 8/8/2005 | $93.00 | 127609 |
| RD 809942147 | 'CRT0510140003396 | 8/10/2005 | $108.50 | 127652 |
| RD 809942147 | 'CRT0510140003397 | 8/15/2005 | $108.20 | 127747 |
| RD 809942147 | 'CRT0510140003398 | 8/17/2005 | $93.00 | 127771 |
| RD 809942147 | 'CRT0510140003399 | 9/7/2005 | $718.62 | 128095 |
| RD 809942147 | 'CRT0510140003400 | 9/8/2005 | $57.00 | 128138 |
| RD 809942147 | '001283I436374624 | 9/23/2005 | $13,708.40 | 128309 |
| RD 809942147 | '001283I436378624 | 9/23/2005 | $13,846.50 | 128356 |
| RD 809942147 | '001283ISD6667221 | 9/20/2005 | $13,665.69 | 128357 |
| RD 809942147 | '001283ISD6668722 | 9/21/2005 | $17,187.26 | 128375 |
| RD 809942147 | '001284ISD6670922 | 9/21/2005 | $18,721.68 | 128401 |
| RD 809942147 | '001284ISD6671122 | 9/21/2005 | $10,276.57 | 128404 |
| RD 809942147 | '001284ISD6671322 | 9/21/2005 | $15,330.18 | 128405 |
| RD 809942147 | '001284ISD6673923 | 9/22/2005 | $20,057.45 | 128428 |
| RD 809942147 | '001284I436389027 | 9/26/2005 | $10,631.40 | 128442 |
| RD 809942147 | '001284ISD6675224 | 9/23/2005 | $20,158.60 | 128444 |
| RD 809942147 | '001284ISD6675724 | 9/23/2005 | $18,223.15 | 128452 |
| RD 809942147 | '001284ISD6677827 | 9/26/2005 | $19,350.65 | 128470 |
| RD 809942147 | '001284I436396329 | 9/28/2005 | $9,231.00 | 128485 |
| RD 809942147 | '001284ISD6679929 | 9/28/2005 | $18,063.45 | 128498 |
| RD 809942147 | '001285ISD6681930 | 9/29/2005 | $20,494.78 | 128510 |
| RD 809942147 | '001285ISD6682730 | 9/29/2005 | $18,398.66 | 128518 |
| RD 809942147 | '001285I436405304 | 10/3/2005 | $10,631.40 | 128533 |
| RD 809942147 | 'CRT0511180001673 | 10/3/2005 | $70.80 | 128533 |
| RD 809942147 | '001285ISD6684930 | 9/29/2005 | $20,012.15 | 128541 |
| RD 809942147 | '001285ISD6686701 | 9/30/2005 | $20,899.38 | 128553 |
| RD 809942147 | '001285ISD6687001 | 9/30/2005 | $17,486.34 | 128559 |
| RD 809942147 | '001285ISD6688805 | 10/4/2005 | $20,338.80 | 128581 |
| RD 809942147 | '001285I436413706 | 10/5/2005 | $9,231.00 | 128583 |
| RD 809942147 | '001286ISD6690806 | 10/5/2005 | $21,438.39 | 128605 |
| RD 809942147 | '001286ISD6692806 | 10/5/2005 | $21,682.57 | 128625 |
| RD 809942147 | '001286ISD6692907 | 10/6/2005 | $18,742.59 | 128628 |
| RD 809942147 | '001286ISD6694907 | 10/6/2005 | $19,843.45 | 128648 |
| RD 809942147 | '001287ISD6707415 | 10/7/2005 | $16,479.72 | 128787 |
| RD 809942147 | 'BDM298012SD67074 | 10/7/2005 | ($16,479.72) | 128787 |
| RD 609120753 | '5203769439001 | 10/5/2005 | $3,284.95 | 136557 |
| RD 609120753 | 'DMP5204126397001 | 10/5/2005 | ($3,284.95) | 136557 |
| RD 625218433 | 'ESD5203716909001 | 9/27/2005 | ($6.10) | 215552 |
| RD 625218433 | '5203668663001 | 9/20/2005 | $1,294.90 | 215591 |
| RD 006248413 | '5203716339001 | 9/27/2005 | $2,529.26 | 215601 |
| RD 625218433 | '5203715984001 | 9/26/2005 | $2,529.26 | 215609 |
| RD 625218433 | '5203747526001 | 9/26/2005 | $301.62 | 215622 |

| | | | | |
|---|---|---|---|---|
| RD 625218433 | '5203747560001 | 10/2/2005 | $1,307.46 | 215623 |
| RD 006248413 | '5203745360001 | 10/1/2005 | $6,093.03 | 215636 |
| RD 625218433 | '5203747559001 | 10/2/2005 | $1,307.46 | 215637 |
| RD 625218433 | '5203753272001 | 9/28/2005 | $1,307.46 | 215645 |
| RD 625218433 | '5203763685001 | 9/29/2005 | $2,267.17 | 215651 |
| RD 625218433 | '5203787795001 | 10/4/2005 | $2,125.48 | 215667 |
| RD 625218433 | '5203789522001 | 10/4/2005 | $1,307.46 | 215668 |
| RD 006435960 | '329527ISH3852003 | 9/2/2005 | $7,299.30 | 329527 |
| RD 006435960 | '329537ISH3860107 | 9/6/2005 | $6,960.00 | 329537 |
| RD 120919766 | '5203660526001 | 9/20/2005 | $8,803.08 | 329587 |
| RD 120919766 | 'ESD5203692155001 | 9/22/2005 | ($107.56) | 329631 |
| RD 120919766 | '5203678768001 | 9/21/2005 | $1,764.34 | 329645 |
| RD 120919766 | '5203694823001 | 9/23/2005 | $11,616.53 | 329660 |
| RD 120919766 | '5203694823002 | 9/23/2005 | $17,239.18 | 329660 |
| RD 120919766 | 'ESD5203708905001 | 9/26/2005 | ($136.90) | 329660 |
| RD 120919766 | 'ESD5203708905002 | 9/26/2005 | ($136.82) | 329660 |
| RD 120919766 | '5203726177001 | 9/28/2005 | $21,127.39 | 329680 |
| RD 120919766 | '5203680258001 | 9/21/2005 | $4,340.85 | 329682 |
| RD 120919766 | '5203680258002 | 9/21/2005 | $4,688.77 | 329682 |
| RD 120919766 | '5203680258003 | 9/21/2005 | $2,730.02 | 329682 |
| RD 120919766 | 'ESD5203708904001 | 9/26/2005 | ($14.00) | 329682 |
| RD 120919766 | 'ESD5203723074001 | 9/27/2005 | ($29.36) | 329682 |
| RD 120919766 | '5203695013001 | 9/23/2005 | $14,084.93 | 329685 |
| RD 120919766 | 'ESD5203708906001 | 9/26/2005 | ($69.87) | 329685 |
| RD 006435960 | '329698ISH3934322 | 9/21/2005 | $8,700.00 | 329698 |
| RD 120919766 | '5203726152001 | 9/22/2005 | $5,808.26 | 329708 |
| RD 120919766 | '5203726152002 | 9/22/2005 | $8,619.59 | 329708 |
| RD 120919766 | '5203726151001 | 9/28/2005 | $3,159.28 | 329723 |
| RD 006435960 | '329725ISH3948624 | 9/23/2005 | $1,914.00 | 329725 |
| RD 120919766 | '5203743410001 | 9/30/2005 | $12,555.24 | 329733 |
| RD 120919766 | '5203743410002 | 9/30/2005 | $25,858.77 | 329733 |
| RD 120919766 | '5203743410003 | 9/30/2005 | $8,165.32 | 329733 |
| RD 120919766 | '5203743410004 | 9/30/2005 | $2,765.66 | 329733 |
| RD 120919766 | '5203743882001 | 9/30/2005 | $11,616.53 | 329747 |
| RD 120919766 | '5203743882002 | 9/30/2005 | $5,281.85 | 329747 |
| RD 120919766 | '5203764974001 | 10/4/2005 | $11,712.61 | 329762 |
| RD 120919766 | '5203764974002 | 10/4/2005 | $5,358.07 | 329762 |
| RD 120919766 | '5203777206001 | 10/5/2005 | $8,784.46 | 329778 |
| RD 120919766 | '5203777206002 | 10/5/2005 | $43,254.52 | 329778 |
| RD 120919766 | '5203777206003 | 10/5/2005 | $8,542.76 | 329778 |
| RD 120919766 | '5203790315001 | 10/6/2005 | $5,358.07 | 329797 |
| RD 120919766 | '5203801476001 | 10/3/2005 | $5,358.07 | 329807 |
| RD 120919766 | 'DMP5204033614001 | 10/3/2005 | ($5,358.07) | 329807 |
| RD 006435960 | '329808ISH3991804 | 10/3/2005 | $6,960.00 | 329808 |
| RD 120919766 | '5203813347001 | 10/4/2005 | $5,156.16 | 329817 |
| RD 120919766 | 'DMP5204033704001 | 10/4/2005 | ($5,156.16) | 329817 |
| RD 120919766 | '5203802189001 | 10/5/2005 | $8,065.46 | 329825 |
| RD 120919766 | '5203802189002 | 10/5/2005 | $1,849.37 | 329825 |
| RD 120919766 | '5203802255001 | 10/5/2005 | $8,065.46 | 329825 |
| RD 120919766 | '5203802255002 | 10/5/2005 | $1,849.37 | 329825 |
| RD 120919766 | 'DMP5203859109001 | 10/5/2005 | ($8,065.46) | 329825 |
| RD 120919766 | 'DMP5203859109002 | 10/5/2005 | ($1,849.37) | 329825 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'DMP5204088483001 | 10/5/2005 | ($8,065.46) | 329825 |
| RD 120919766 | 'DMP5204088483002 | 10/5/2005 | ($1,849.37) | 329825 |
| RD 120919766 | '5203802190001 | 10/5/2005 | $3,184.69 | 329826 |
| RD 120919766 | '5203802256001 | 10/5/2005 | $3,184.69 | 329826 |
| RD 120919766 | 'DMP5203859041001 | 10/5/2005 | ($3,184.69) | 329826 |
| RD 120919766 | 'DMP5204033631001 | 10/5/2005 | ($3,184.69) | 329826 |
| RD 120919766 | '5203833612001 | 10/7/2005 | $5,856.31 | 329847 |
| RD 120919766 | 'DMP5204088485001 | 10/7/2005 | ($5,856.31) | 329847 |
| RD 006435960 | '515453ISH3851903 | 9/2/2005 | $2,111.78 | 515453 |
| RD 006435960 | '515478ISH3866908 | 9/7/2005 | $5,220.00 | 515478 |
| RD 006435960 | '515491ISH3872809 | 9/8/2005 | $6,960.00 | 515491 |
| RD 006435960 | '515505ISH3881210 | 9/9/2005 | $6,960.00 | 515505 |
| RD 006435960 | '515655ISH3928522 | 9/21/2005 | $12,180.00 | 515655 |
| RD 006435960 | '515688ISH3941224 | 9/23/2005 | $6,960.00 | 515688 |
| RD 006435960 | '515722ISH3956927 | 9/26/2005 | $6,960.00 | 515722 |
| RD 006435960 | '515741ISH3961628 | 9/28/2005 | $6,960.00 | 515741 |
| RD 006435960 | 'BDM272024SH39616 | 9/28/2005 | ($6,960.00) | 515741 |
| RD 006435960 | '515748ISH3965429 | 9/28/2005 | $3,480.00 | 515748 |
| RD 006435960 | '515749ISH3965529 | 9/28/2005 | $3,828.00 | 515749 |
| RD 006435960 | '515775ISH3971830 | 9/29/2005 | $13,920.00 | 515775 |
| RD 120919766 | '5203948562001 | 9/30/2005 | $24,250.00 | 515813 |
| RD 120919766 | '5203948560001 | 9/30/2005 | $157,400.00 | 515814 |
| RD 006435960 | '515824ISH3981401 | 9/30/2005 | $6,960.00 | 515824 |
| RD 006435960 | '515852ISH3998105 | 10/4/2005 | $6,960.00 | 515852 |
| RD 006435960 | '515872ISH4005606 | 10/5/2005 | $1,914.00 | 515872 |
| RD 006435960 | '515873ISH4005706 | 10/5/2005 | $6,960.00 | 515873 |
| RD 006435960 | '515884ISH4013707 | 10/6/2005 | $1,914.00 | 515884 |
| RD 006435960 | '515885ISH4013807 | 10/6/2005 | $6,960.00 | 515885 |
| RD 006435960 | '515899ISH4019808 | 10/7/2005 | $6,960.00 | 515899 |
| RD 120919766 | '5203713056001 | 9/27/2005 | $7,968.72 | 11022076 |
| RD 120919766 | '5203672637001 | 9/20/2005 | $12,713.28 | 60206215 |
| RD 120919766 | '5203663881001 | 9/20/2005 | $12,713.28 | 60206216 |
| RD 120919766 | '5203664574001 | 9/20/2005 | $12,713.28 | 60206219 |
| RD 120919766 | '5203664982001 | 9/20/2005 | $12,713.28 | 60206237 |
| RD 120919766 | '5203672665001 | 9/21/2005 | $12,713.28 | 60206260 |
| RD 120919766 | '5203672684001 | 9/21/2005 | $12,713.28 | 60206262 |
| RD 120919766 | '5203672730001 | 9/21/2005 | $12,713.28 | 60206265 |
| RD 120919766 | '5203673528001 | 9/21/2005 | $12,713.28 | 60206282 |
| RD 120919766 | '5203681626001 | 9/22/2005 | $12,713.28 | 60206295 |
| RD 120919766 | '5203681654001 | 9/22/2005 | $12,713.28 | 60206296 |
| RD 120919766 | '5203681900001 | 9/22/2005 | $12,713.28 | 60206298 |
| RD 120919766 | '5203682105001 | 9/22/2005 | $12,713.28 | 60206302 |
| RD 120919766 | '5203682806001 | 9/22/2005 | $12,713.28 | 60206327 |
| RD 120919766 | '5203690272001 | 9/23/2005 | $12,713.28 | 60206339 |
| RD 120919766 | '5203690240001 | 9/23/2005 | $12,713.28 | 60206342 |
| RD 120919766 | '5203690281001 | 9/23/2005 | $12,713.28 | 60206345 |
| RD 120919766 | '5203691175001 | 9/23/2005 | $12,713.28 | 60206358 |
| RD 120919766 | '5203703553001 | 9/26/2005 | $12,713.28 | 60206379 |
| RD 120919766 | '5203703552001 | 9/26/2005 | $12,713.28 | 60206382 |
| RD 120919766 | '5203703715001 | 9/26/2005 | $12,713.28 | 60206386 |
| RD 120919766 | '5203704495001 | 9/26/2005 | $12,713.28 | 60206408 |
| RD 120919766 | '5203712356001 | 9/27/2005 | $12,713.28 | 60206423 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | '5203712357001 | 9/27/2005 | $12,713.28 | 60206425 |
| RD 120919766 | '5203712359001 | 9/27/2005 | $12,713.28 | 60206426 |
| RD 120919766 | '5203713279001 | 9/27/2005 | $12,713.28 | 60206448 |
| RD 120919766 | '5203721074001 | 9/28/2005 | $12,713.28 | 60206470 |
| RD 120919766 | '5203721029001 | 9/28/2005 | $12,713.28 | 60206472 |
| RD 120919766 | '5203722105001 | 9/28/2005 | $12,713.28 | 60206493 |
| RD 120919766 | '5203730153001 | 9/29/2005 | $12,713.28 | 60206508 |
| RD 120919766 | '5203730195001 | 9/29/2005 | $12,713.28 | 60206511 |
| RD 120919766 | '5203731170001 | 9/29/2005 | $12,713.28 | 60206533 |
| RD 120919766 | '5203751443001 | 10/3/2005 | $12,713.28 | 60206548 |
| RD 120919766 | '5203739104001 | 9/30/2005 | $12,713.28 | 60206554 |
| RD 120919766 | '5203744724001 | 10/1/2005 | $12,713.28 | 60206585 |
| RD 120919766 | '5203760062001 | 10/4/2005 | $12,713.28 | 60206609 |
| RD 120919766 | '5203751485001 | 10/3/2005 | $12,713.28 | 60206612 |
| RD 120919766 | '5203751575001 | 10/3/2005 | $12,713.28 | 60206615 |
| RD 120919766 | '5203752132001 | 10/3/2005 | $12,713.28 | 60206634 |
| RD 120919766 | '5203759944001 | 10/4/2005 | $12,713.28 | 60206644 |
| RD 120919766 | '5203759763001 | 10/4/2005 | $12,713.28 | 60206647 |
| RD 120919766 | '5203759945001 | 10/4/2005 | $12,713.28 | 60206648 |
| RD 120919766 | '5203761168001 | 10/4/2005 | $12,713.28 | 60206667 |
| RD 120919766 | '5203768650001 | 10/5/2005 | $12,713.28 | 60206676 |
| RD 120919766 | '5203768617001 | 10/5/2005 | $12,713.28 | 60206678 |
| RD 120919766 | '5203768622001 | 10/5/2005 | $12,713.28 | 60206682 |
| RD 120919766 | '5203769787001 | 10/5/2005 | $12,713.28 | 60206713 |
| RD 120919766 | '5203778011001 | 10/6/2005 | $12,713.28 | 60206718 |
| RD 120919766 | '5203777993001 | 10/6/2005 | $12,713.28 | 60206720 |
| RD 120919766 | '5203777966001 | 10/6/2005 | $12,713.28 | 60206722 |
| RD 120919766 | '5203778108001 | 10/6/2005 | $12,713.28 | 60206741 |
| RD 120919766 | '5203784903001 | 10/7/2005 | $12,713.28 | 60206757 |
| RD 120919766 | '5203784894001 | 10/7/2005 | $12,713.28 | 60206758 |
| RD 120919766 | '5203784922001 | 10/7/2005 | $12,713.28 | 60206763 |
| RD 120919766 | '5203785968001 | 10/7/2005 | $12,713.28 | 60206791 |
| RD 809942147 | '000000ISD6541906 | 6/10/2005 | $17,249.67 | 000000ISD6 |
| RD 120919766 | 'DMP5203778046001 | 7/1/2005 | ($15,863.04) | 0581 A |
| RD 120919766 | 'DMP5203778045001 | 7/1/2005 | ($10,575.36) | 0587 A |
| RD 120919766 | 'DMP5203778047001 | 7/1/2005 | ($14,100.48) | 0598 A |
| RD 120919766 | 'DMP5203778050001 | 7/1/2005 | ($8,812.80) | 0600 A |
| RD 120919766 | 'DMP5203778052001 | 7/6/2005 | ($21,150.72) | 0606 A |
| RD 120919766 | 'ESC5203777723001 | 7/6/2005 | $18.36 | 0606 A |
| RD 120919766 | 'DMP5203778053001 | 7/6/2005 | ($18,506.88) | 0608 A |
| RD 120919766 | 'DMP5203778054001 | 7/7/2005 | ($18,506.88) | 0610 A |
| RD 120919766 | 'DMP5203778055001 | 7/7/2005 | ($18,506.88) | 0612 A |
| RD 120919766 | 'DMP5203778056001 | 7/8/2005 | ($19,388.16) | 0613 A |
| RD 120919766 | 'ESC5203777734001 | 7/8/2005 | $1,936.98 | 0613 A |
| RD 120919766 | 'DMP5203778059001 | 7/12/2005 | ($18,506.88) | 0614 A |
| RD 120919766 | 'ESC5203777736001 | 7/13/2005 | $1,936.98 | 0614 A |
| RD 120919766 | 'DMP5203778058001 | 7/12/2005 | ($14,100.48) | 0616 A |
| RD 120919766 | 'DMP5203778057001 | 7/12/2005 | ($14,100.48) | 0619 A |
| RD 120919766 | 'DMP5203778060001 | 7/14/2005 | ($8,353.80) | 0621 A |
| RD 120919766 | 'DMP5203778061001 | 7/15/2005 | ($7,050.24) | 0623 A |
| RD 120919766 | 'DMP5203778063001 | 7/15/2005 | ($7,050.24) | 0626 A |
| RD 120919766 | 'DMP5203778066001 | 7/18/2005 | ($14,100.48) | 0627 A |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'ESC5203777737001 | 7/18/2005 | $3,672.00 | 0627 A |
| RD 120919766 | 'DMP5203778064001 | 7/15/2005 | ($7,050.24) | 0628 A |
| RD 120919766 | 'DMP5203778065001 | 7/16/2005 | ($7,050.24) | 0629 A |
| RD 120919766 | 'DMP5203778067001 | 7/18/2005 | ($10,575.36) | 0631 A |
| RD 120919766 | 'DMP5203778068001 | 7/19/2005 | ($13,219.20) | 0633 A |
| RD 120919766 | 'DMP5203778070001 | 7/20/2005 | ($13,219.20) | 0634 A |
| RD 120919766 | 'ESC5203777740001 | 7/20/2005 | $2,166.48 | 0634 A |
| RD 120919766 | 'DMP5203778069001 | 7/19/2005 | ($6,168.96) | 0635 A |
| RD 120919766 | 'ESC5203777739001 | 7/19/2005 | $2,065.50 | 0635 A |
| RD 120919766 | 'DMP5203778071001 | 7/21/2005 | ($13,219.20) | 0637 A |
| RD 120919766 | 'ESC5203777741001 | 7/21/2005 | $1,955.34 | 0637 A |
| RD 120919766 | 'DMP5203778072001 | 7/21/2005 | ($16,744.32) | 0639 A |
| RD 120919766 | 'ESC5203777742001 | 7/22/2005 | $1,735.02 | 0639 A |
| RD 120919766 | '5203366115001 | 8/2/2005 | $19,388.16 | 0644 A |
| RD 120919766 | 'DMP5203778092001 | 8/2/2005 | ($19,388.16) | 0644 A |
| RD 120919766 | 'ESC5203777751001 | 8/2/2005 | $3,791.34 | 0644 A |
| RD 120919766 | 'ESD5203366190001 | 8/3/2005 | ($3,791.34) | 0644 A |
| RD 120919766 | 'DMP5203778073001 | 7/23/2005 | ($14,100.48) | 0647 A |
| RD 120919766 | 'ESC5203777744001 | 7/23/2005 | $4,112.64 | 0647 A |
| RD 120919766 | 'DMP5203778084001 | 7/25/2005 | ($19,388.16) | 0649 A |
| RD 120919766 | 'ESC5203777746001 | 7/26/2005 | $4,856.22 | 0649 A |
| RD 120919766 | 'DMP5203778086001 | 7/27/2005 | ($14,981.76) | 0653 A |
| RD 120919766 | 'ESC5203777747001 | 7/28/2005 | $6,462.72 | 0653 A |
| RD 120919766 | 'DMP5203778088001 | 7/29/2005 | ($19,388.16) | 0656 A |
| RD 120919766 | '5203359849001 | 8/1/2005 | $19,388.16 | 0660 A |
| RD 120919766 | 'DMP5203778090001 | 8/1/2005 | ($19,388.16) | 0660 A |
| RD 120919766 | '5203380409001 | 8/4/2005 | $19,388.16 | 0662 A |
| RD 120919766 | 'DMP5203778093001 | 8/4/2005 | ($19,388.16) | 0662 A |
| RD 120919766 | 'ESC5203777752001 | 8/4/2005 | $1,000.62 | 0662 A |
| RD 120919766 | 'ESD5203380505001 | 8/4/2005 | ($1,000.62) | 0662 A |
| RD 120919766 | '5203387688001 | 8/5/2005 | $19,388.16 | 0666 A |
| RD 120919766 | 'DMP5203778094001 | 8/5/2005 | ($19,388.16) | 0666 A |
| RD 120919766 | 'ESC5203777753001 | 8/5/2005 | $1,597.32 | 0666 A |
| RD 120919766 | 'ESD5203387726001 | 8/5/2005 | ($1,597.32) | 0666 A |
| RD 120919766 | '5203398990001 | 8/8/2005 | $19,388.16 | 0668 A |
| RD 120919766 | 'DMP5203778096001 | 8/8/2005 | ($19,388.16) | 0668 A |
| RD 120919766 | 'ESC5203777754001 | 8/8/2005 | $826.20 | 0668 A |
| RD 120919766 | 'ESD5203399054001 | 8/8/2005 | ($826.20) | 0668 A |
| RD 120919766 | '5203430053001 | 8/12/2005 | $21,150.72 | 0687 A |
| RD 120919766 | 'DMP5203778099001 | 8/12/2005 | ($21,150.72) | 0687 A |
| RD 120919766 | 'ESC5203777758001 | 8/13/2005 | $2,194.02 | 0687 A |
| RD 120919766 | 'ESD5203430101001 | 8/13/2005 | ($2,194.02) | 0687 A |
| RD 120919766 | '5203398985001 | 8/8/2005 | $21,150.72 | 0689 A |
| RD 120919766 | 'DMP5203778095001 | 8/8/2005 | ($21,150.72) | 0689 A |
| RD 120919766 | '5203407938001 | 8/9/2005 | $19,388.16 | 0690 A |
| RD 120919766 | 'DMP5203778097001 | 8/9/2005 | ($19,388.16) | 0690 A |
| RD 120919766 | 'ESC5203777755001 | 8/9/2005 | $890.46 | 0690 A |
| RD 120919766 | 'ESD5203408055001 | 8/9/2005 | ($890.46) | 0690 A |
| RD 120919766 | '5203415105001 | 8/10/2005 | $19,388.16 | 0701 A |
| RD 120919766 | 'DMP5203778098001 | 8/10/2005 | ($19,388.16) | 0701 A |
| RD 120919766 | 'ESD5203415268001 | 8/10/2005 | ($2,864.16) | 0701 A |
| RD 120919766 | 'ESC5203777756001 | 8/11/2005 | $2,864.16 | 0701 A |

| RD 120919766 | '5203448649001 | 8/16/2005 | $9,694.08 | 0705 A |
|---|---|---|---|---|
| RD 120919766 | 'DMP5203778114001 | 8/16/2005 | ($9,694.08) | 0705 A |
| RD 120919766 | 'ESC5203777760001 | 8/16/2005 | $789.48 | 0705 A |
| RD 120919766 | 'ESD5203448764001 | 8/16/2005 | ($789.48) | 0705 A |
| RD 120919766 | '5203457318001 | 8/16/2005 | $9,694.08 | 0707 A |
| RD 120919766 | 'DMP5203778103001 | 8/16/2005 | ($9,694.08) | 0707 A |
| RD 120919766 | 'ESC5203777759001 | 8/16/2005 | $945.54 | 0707 A |
| RD 120919766 | 'ESD5203457540001 | 8/16/2005 | ($945.54) | 0707 A |
| RD 120919766 | '5203442387001 | 8/15/2005 | $19,388.16 | 0709 A |
| RD 120919766 | 'DMP5203778102001 | 8/15/2005 | ($19,388.16) | 0709 A |
| RD 120919766 | '5203442352001 | 8/15/2005 | $19,388.16 | 0710 A |
| RD 120919766 | 'DMP5203778101001 | 8/15/2005 | ($19,388.16) | 0710 A |
| RD 120919766 | '5203457321001 | 8/17/2005 | $19,388.16 | 0712 A |
| RD 120919766 | 'DMP5203778115001 | 8/17/2005 | ($19,388.16) | 0712 A |
| RD 120919766 | '5203461494001 | 8/18/2005 | $19,388.16 | 0714 A |
| RD 120919766 | 'DMP5203778116001 | 8/18/2005 | ($19,388.16) | 0714 A |
| RD 120919766 | 'ESC5203777761001 | 8/18/2005 | $1,459.62 | 0714 A |
| RD 120919766 | 'ESD5203461679001 | 8/18/2005 | ($1,459.62) | 0714 A |
| RD 120919766 | '5203473589001 | 8/20/2005 | $19,388.16 | 0719 A |
| RD 120919766 | 'DMP5203778118001 | 8/20/2005 | ($19,388.16) | 0719 A |
| RD 120919766 | 'ESC5203777764001 | 8/20/2005 | $899.64 | 0719 A |
| RD 120919766 | 'ESD5203473718001 | 8/20/2005 | ($899.64) | 0719 A |
| RD 120919766 | '5203468730001 | 8/19/2005 | $19,388.16 | 0720 A |
| RD 120919766 | 'DMP5203778117001 | 8/19/2005 | ($19,388.16) | 0720 A |
| RD 120919766 | 'ESC5203777762001 | 8/19/2005 | $642.60 | 0720 A |
| RD 120919766 | 'ESD5203468929001 | 8/19/2005 | ($642.60) | 0720 A |
| RD 120919766 | '5203481360001 | 8/22/2005 | $19,388.16 | 0722 A |
| RD 120919766 | 'DMP5203778119001 | 8/22/2005 | ($19,388.16) | 0722 A |
| RD 120919766 | 'ESC5203777765001 | 8/22/2005 | $1,239.30 | 0722 A |
| RD 120919766 | 'ESD5203481554001 | 8/22/2005 | ($1,239.30) | 0722 A |
| RD 120919766 | '5203488511001 | 8/23/2005 | $19,388.16 | 0728 A |
| RD 120919766 | 'DMP5203778120001 | 8/23/2005 | ($19,388.16) | 0728 A |
| RD 120919766 | 'ESC5203777766001 | 8/23/2005 | $734.40 | 0728 A |
| RD 120919766 | 'ESD5203488692001 | 8/23/2005 | ($734.40) | 0728 A |
| RD 120919766 | '5203496851001 | 8/24/2005 | $19,388.16 | 0731 A |
| RD 120919766 | 'DMP5203778121001 | 8/24/2005 | ($19,388.16) | 0731 A |
| RD 120919766 | 'ESC5203777768001 | 8/24/2005 | $449.82 | 0731 A |
| RD 120919766 | 'ESD5203497043001 | 8/24/2005 | ($449.82) | 0731 A |
| RD 120919766 | '5203516172001 | 8/27/2005 | $19,388.16 | 0733 A |
| RD 120919766 | 'DMP5203778124001 | 8/27/2005 | ($19,388.16) | 0733 A |
| RD 120919766 | 'ESC5203777773001 | 8/29/2005 | $1,872.72 | 0733 A |
| RD 120919766 | 'ESD5203524101001 | 8/29/2005 | ($1,872.72) | 0733 A |
| RD 120919766 | '5203503839001 | 8/25/2005 | $15,863.04 | 0737 A |
| RD 120919766 | 'DMP5203778122001 | 8/25/2005 | ($15,863.04) | 0737 A |
| RD 120919766 | 'ESC5203777770001 | 8/25/2005 | $578.34 | 0737 A |
| RD 120919766 | 'ESD5203504097001 | 8/25/2005 | ($578.34) | 0737 A |
| RD 120919766 | '5203530213001 | 8/30/2005 | $19,388.16 | 0745 A |
| RD 120919766 | 'DMP5203778126001 | 8/30/2005 | ($19,388.16) | 0745 A |
| RD 120919766 | 'ESC5203777750001 | 8/30/2005 | $1,753.38 | 0745 A |
| RD 120919766 | 'ESD5203530409001 | 8/30/2005 | ($605.88) | 0745 A |
| RD 120919766 | 'ESD5203538848001 | 8/31/2005 | ($1,147.50) | 0745 A |
| RD 120919766 | '5203511461001 | 8/26/2005 | $19,388.16 | 0755 A |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'DMP5203778123001 | 8/26/2005 | ($19,388.16) | 0755 A |
| RD 120919766 | 'ESC5203777772001 | 8/26/2005 | $660.96 | 0755 A |
| RD 120919766 | 'ESD5203511618001 | 8/26/2005 | ($660.96) | 0755 A |
| RD 120919766 | '5203524021001 | 8/29/2005 | $19,388.16 | 0760 A |
| RD 120919766 | 'DMP5203778125001 | 8/29/2005 | ($19,388.16) | 0760 A |
| RD 120919766 | '5203544271001 | 9/1/2005 | $19,388.16 | 0768 A |
| RD 120919766 | 'DMP5203778127001 | 9/1/2005 | ($19,388.16) | 0768 A |
| RD 120919766 | '5203544304001 | 9/1/2005 | $19,388.16 | 0774 A |
| RD 120919766 | 'DMP5203778128001 | 9/1/2005 | ($19,388.16) | 0774 A |
| RD 120919766 | 'ESC5203777776001 | 9/1/2005 | $844.56 | 0774 A |
| RD 120919766 | 'ESD5203544389001 | 9/1/2005 | ($844.56) | 0774 A |
| RD 120919766 | '5203552251001 | 9/2/2005 | $19,388.16 | 0776 A |
| RD 120919766 | 'DMP5203778129001 | 9/2/2005 | ($19,388.16) | 0776 A |
| RD 120919766 | 'ESC5203777777001 | 9/2/2005 | $899.64 | 0776 A |
| RD 120919766 | 'ESD5203552391001 | 9/2/2005 | ($899.64) | 0776 A |
| RD 120919766 | '5203556862001 | 9/3/2005 | $19,388.16 | 0799 A |
| RD 120919766 | 'DMP5203778130001 | 9/3/2005 | ($19,388.16) | 0799 A |
| RD 120919766 | 'ESC5203777778001 | 9/3/2005 | $1,266.84 | 0799 A |
| RD 120919766 | 'ESD5203556917001 | 9/3/2005 | ($1,266.84) | 0799 A |
| RD 120919766 | '5203574128001 | 9/6/2005 | $19,388.16 | 0812 A |
| RD 120919766 | 'DMP5203778132001 | 9/6/2005 | ($19,388.16) | 0812 A |
| RD 120919766 | 'ESC5203777782001 | 9/6/2005 | $1,312.74 | 0812 A |
| RD 120919766 | 'ESD5203574233001 | 9/6/2005 | ($1,312.74) | 0812 A |
| RD 120919766 | '5203582989001 | 9/7/2005 | $19,388.16 | 0815 A |
| RD 120919766 | 'DMP5203778133001 | 9/7/2005 | ($19,388.16) | 0815 A |
| RD 120919766 | 'ESC5203777784001 | 9/7/2005 | $3,112.02 | 0815 A |
| RD 120919766 | 'ESD5203583081001 | 9/7/2005 | ($1,386.18) | 0815 A |
| RD 120919766 | 'ESD5203590952001 | 9/8/2005 | ($1,725.84) | 0815 A |
| RD 120919766 | '5203599353001 | 9/9/2005 | $19,388.16 | 0816 A |
| RD 120919766 | 'DMP5203778136001 | 9/9/2005 | ($19,388.16) | 0816 A |
| RD 120919766 | 'ESC5203777785001 | 9/9/2005 | $1,624.86 | 0816 A |
| RD 120919766 | 'ESD5203599533001 | 9/9/2005 | ($1,624.86) | 0816 A |
| RD 120919766 | '5203599335001 | 9/9/2005 | $19,388.16 | 0817 A |
| RD 120919766 | 'DMP5203778134001 | 9/9/2005 | ($19,388.16) | 0817 A |
| RD 120919766 | '5203612753001 | 9/12/2005 | $19,388.16 | 0819 A |
| RD 120919766 | 'DMP5203778138001 | 9/12/2005 | ($19,388.16) | 0819 A |
| RD 120919766 | 'ESC5203777787001 | 9/12/2005 | $4,121.82 | 0819 A |
| RD 120919766 | 'ESD5203612888001 | 9/12/2005 | ($4,121.82) | 0819 A |
| RD 120919766 | '5203612764001 | 9/12/2005 | $10,575.36 | 0821 A |
| RD 120919766 | 'DMP5203778139001 | 9/12/2005 | ($10,575.36) | 0821 A |
| RD 120919766 | '5203604022001 | 9/10/2005 | $19,388.16 | 0828 A |
| RD 120919766 | 'DMP5203778137001 | 9/10/2005 | ($19,388.16) | 0828 A |
| RD 120919766 | 'ESC5203777786001 | 9/10/2005 | $1,560.60 | 0828 A |
| RD 120919766 | 'ESD5203604075001 | 9/10/2005 | ($1,560.60) | 0828 A |
| RD 120919766 | '5203620170001 | 9/13/2005 | $19,388.16 | 0831 A |
| RD 120919766 | 'DMP5203778140001 | 9/13/2005 | ($19,388.16) | 0831 A |
| RD 120919766 | 'ESC5203777788001 | 9/13/2005 | $2,258.28 | 0831 A |
| RD 120919766 | 'ESD5203620366001 | 9/13/2005 | ($2,258.28) | 0831 A |
| RD 120919766 | '5203620204001 | 9/13/2005 | $14,981.76 | 0837 A |
| RD 120919766 | 'DMP5203778141001 | 9/13/2005 | ($14,981.76) | 0837 A |
| RD 120919766 | '5203628263001 | 9/14/2005 | $19,388.16 | 0842 A |
| RD 120919766 | 'DMP5203778142001 | 9/14/2005 | ($19,388.16) | 0842 A |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'ESC5203777789001 | 9/14/2005 | $853.74 | 0842 A |
| RD 120919766 | 'ESD5203628566001 | 9/14/2005 | ($853.74) | 0842 A |
| RD 120919766 | '5203636754001 | 9/15/2005 | $19,388.16 | 0844 A |
| RD 120919766 | 'DMP5203778143001 | 9/15/2005 | ($19,388.16) | 0844 A |
| RD 120919766 | '5203644636001 | 9/16/2005 | $19,388.16 | 0846 A |
| RD 120919766 | 'DMP5203778154001 | 9/16/2005 | ($19,388.16) | 0846 A |
| RD 120919766 | 'ESD5203656538001 | 9/19/2005 | ($954.72) | 0846 A |
| RD 120919766 | 'ESC5203673299001 | 9/20/2005 | $954.72 | 0846 A |
| RD 120919766 | 'ESC5203777790001 | 9/20/2005 | $1,257.66 | 0846 A |
| RD 120919766 | 'ESD5203664864001 | 9/20/2005 | ($1,257.66) | 0846 A |
| RD 120919766 | '5203664747001 | 9/20/2005 | $19,388.16 | 0850 A |
| RD 120919766 | 'DMP5203778155001 | 9/20/2005 | ($19,388.16) | 0850 A |
| RD 120919766 | 'ESC5203777792001 | 9/21/2005 | $211.14 | 0850 A |
| RD 120919766 | 'ESD5203673401001 | 9/21/2005 | ($211.14) | 0850 A |
| RD 120919766 | '5203682447001 | 9/22/2005 | $19,388.16 | 0852 A |
| RD 120919766 | 'DMP5203778157001 | 9/22/2005 | ($19,388.16) | 0852 A |
| RD 120919766 | '5203682414001 | 9/22/2005 | $19,388.16 | 0859 A |
| RD 120919766 | 'DMP5203778156001 | 9/22/2005 | ($19,388.16) | 0859 A |
| RD 120919766 | 'ESD5203682759001 | 9/22/2005 | ($146.88) | 0859 A |
| RD 120919766 | 'ESD5203690980001 | 9/23/2005 | ($201.96) | 0859 A |
| RD 120919766 | 'ESC5203777794001 | 9/24/2005 | $679.32 | 0859 A |
| RD 120919766 | 'ESD5203696432001 | 9/24/2005 | ($330.48) | 0859 A |
| RD 120919766 | '5203704645001 | 9/26/2005 | $19,388.16 | 0860 A |
| RD 120919766 | 'DMP5203778160001 | 9/26/2005 | ($19,388.16) | 0860 A |
| RD 120919766 | 'ESC5203777796001 | 9/26/2005 | $91.80 | 0860 A |
| RD 120919766 | 'ESD5203704763001 | 9/26/2005 | ($91.80) | 0860 A |
| RD 120919766 | '5203704675001 | 9/26/2005 | $19,388.16 | 0865 A |
| RD 120919766 | 'DMP5203778162001 | 9/26/2005 | ($19,388.16) | 0865 A |
| RD 120919766 | '5203704588001 | 9/26/2005 | $19,388.16 | 0868 A |
| RD 120919766 | 'DMP5203778158001 | 9/26/2005 | ($19,388.16) | 0868 A |
| RD 120919766 | '5203712696001 | 9/27/2005 | $19,388.16 | 0872 A |
| RD 120919766 | 'DMP5203778163001 | 9/27/2005 | ($19,388.16) | 0872 A |
| RD 120919766 | 'ESC5203777798001 | 9/27/2005 | $64.26 | 0872 A |
| RD 120919766 | 'ESD5203712818001 | 9/27/2005 | ($64.26) | 0872 A |
| RD 120919766 | '5203704590001 | 9/26/2005 | $9,694.08 | 0880 A |
| RD 120919766 | 'DMP5203778159001 | 9/26/2005 | ($9,694.08) | 0880 A |
| RD 120919766 | '5203721653001 | 9/28/2005 | $19,388.16 | 0881 A |
| RD 120919766 | 'DMP5203778164001 | 9/28/2005 | ($19,388.16) | 0881 A |
| RD 120919766 | 'ESD5203721898001 | 9/28/2005 | ($55.08) | 0881 A |
| RD 120919766 | 'ESC5203777799001 | 9/29/2005 | $468.18 | 0881 A |
| RD 120919766 | 'ESD5203730843001 | 9/29/2005 | ($82.62) | 0881 A |
| RD 120919766 | 'ESD5203740035001 | 9/30/2005 | ($64.26) | 0881 A |
| RD 120919766 | 'ESD5203752063001 | 10/3/2005 | ($266.22) | 0881 A |
| RD 120919766 | 'CSR5203559125001 | 9/4/2005 | $52.47 | C0114990 |
| RD 120919766 | 'CSR5203559126001 | 9/4/2005 | $52.47 | C0114990 |
| RD 120919766 | 'CSR5203559125002 | 9/4/2005 | $52.47 | C0115320 |
| RD 120919766 | 'CSR5203559126002 | 9/4/2005 | $52.47 | C0115320 |
| RD 120919766 | 'CSR5203559007001 | 9/4/2005 | $14.49 | C0115337 |
| RD 120919766 | 'CSR5203559125003 | 9/4/2005 | $34.98 | C0115347 |
| RD 120919766 | 'CSR5203559126003 | 9/4/2005 | $34.98 | C0115347 |
| RD 120919766 | 'CSR5203559007002 | 9/4/2005 | $7.41 | C0115361 |
| RD 120919766 | 'CSR5203559008001 | 9/4/2005 | $6.63 | C0115361 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'CSR5203559007003 | 9/4/2005 | $7.40 | C0115378 |
| RD 120919766 | 'CSR5203559008002 | 9/4/2005 | $7.07 | C0115378 |
| RD 120919766 | 'CSR5203559007004 | 9/4/2005 | $6.36 | C0115404 |
| RD 120919766 | 'CSR5203559008003 | 9/4/2005 | $6.98 | C0115404 |
| RD 120919766 | 'CSR5203559007005 | 9/4/2005 | $6.97 | C0115434 |
| RD 120919766 | 'CSR5203559008004 | 9/4/2005 | $6.97 | C0115434 |
| RD 120919766 | 'CSR5203559007006 | 9/4/2005 | $7.02 | C0115469 |
| RD 120919766 | 'CSR5203559008005 | 9/4/2005 | $9.79 | C0115469 |
| RD 120919766 | 'CSR5203559125004 | 9/4/2005 | $31.80 | C0115477 |
| RD 120919766 | 'CSR5203559126004 | 9/4/2005 | $73.14 | C0115477 |
| RD 120919766 | 'CSR5203559007007 | 9/4/2005 | $7.01 | C0115483 |
| RD 120919766 | 'CSR5203559008006 | 9/4/2005 | $6.85 | C0115483 |
| RD 120919766 | 'CSR5203559125005 | 9/4/2005 | $73.14 | C0115525 |
| RD 120919766 | 'CSR5203559126005 | 9/4/2005 | $31.80 | C0115525 |
| RD 120919766 | 'CSR5203559007008 | 9/4/2005 | $6.66 | C0115527 |
| RD 120919766 | 'CSR5203559008007 | 9/4/2005 | $7.33 | C0115527 |
| RD 120919766 | 'CSR5203559007009 | 9/4/2005 | $6.96 | C0115571 |
| RD 120919766 | 'CSR5203559008008 | 9/4/2005 | $6.19 | C0115571 |
| RD 120919766 | 'CSR5203559007010 | 9/4/2005 | $5.09 | C0115619 |
| RD 120919766 | 'CSR5203559008009 | 9/4/2005 | $6.93 | C0115619 |
| RD 120919766 | 'CSR5203559125006 | 9/4/2005 | $52.47 | C0115644 |
| RD 120919766 | 'CSR5203559126006 | 9/4/2005 | $52.47 | C0115644 |
| RD 120919766 | 'CSR5203559007012 | 9/4/2005 | $7.24 | C0115656 |
| RD 120919766 | 'CSR5203559008011 | 9/4/2005 | $6.98 | C0115656 |
| RD 120919766 | 'CSR5203559125007 | 9/4/2005 | $52.36 | C0115681 |
| RD 120919766 | 'CSR5203559126007 | 9/4/2005 | $52.41 | C0115681 |
| RD 120919766 | 'CSR5203559125008 | 9/4/2005 | $52.47 | C0115697 |
| RD 120919766 | 'CSR5203559126008 | 9/4/2005 | $52.47 | C0115697 |
| RD 120919766 | 'CSR5203559007011 | 9/4/2005 | $7.43 | C0115703 |
| RD 120919766 | 'CSR5203559008010 | 9/4/2005 | $7.66 | C0115703 |
| RD 120919766 | 'CSR5203559125013 | 9/4/2005 | $52.47 | C0115815 |
| RD 120919766 | 'CSR5203559126013 | 9/4/2005 | $52.47 | C0115815 |
| RD 120919766 | 'CSR5203559125009 | 9/4/2005 | $52.47 | C0115900 |
| RD 120919766 | 'CSR5203559126009 | 9/4/2005 | $52.47 | C0115900 |
| RD 120919766 | 'CSR5203559125010 | 9/4/2005 | $52.47 | C0115913 |
| RD 120919766 | 'CSR5203559126010 | 9/4/2005 | $52.47 | C0115913 |
| RD 120919766 | 'CSR5203696742001 | 9/25/2005 | $457.38 | C0116050 |
| RD 120919766 | 'CSR5203696743001 | 9/25/2005 | $457.38 | C0116050 |
| RD 120919766 | 'CSR5203559125011 | 9/4/2005 | $30.21 | C0116103 |
| RD 120919766 | 'CSR5203559126011 | 9/4/2005 | $30.21 | C0116103 |
| RD 120919766 | 'CSR5203559125012 | 9/4/2005 | $52.47 | C0116143 |
| RD 120919766 | 'CSR5203559126012 | 9/4/2005 | $52.47 | C0116143 |
| RD 120919766 | 'CSR5203696742003 | 9/25/2005 | $457.38 | C0116240 |
| RD 120919766 | 'CSR5203696743003 | 9/25/2005 | $457.38 | C0116240 |
| RD 120919766 | '5203696376001 | 9/24/2005 | $20,383.44 | C0116283 |
| RD 120919766 | 'CSR5203696742002 | 9/25/2005 | $457.38 | C0116339 |
| RD 120919766 | 'CSR5203696743002 | 9/25/2005 | $457.38 | C0116339 |
| RD 120919766 | 'CSR5203696742004 | 9/25/2005 | $582.12 | C0116551 |
| RD 120919766 | 'CSR5203696743004 | 9/25/2005 | $332.64 | C0116551 |
| RD 120919766 | '5203721123001 | 9/28/2005 | $14,778.94 | C0116574 |
| RD 120919766 | '5203672952001 | 9/21/2005 | $15,222.90 | C0116577 |
| RD 120919766 | 'CSR5203696742005 | 9/25/2005 | $332.64 | C0116596 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'CSR5203696743005 | 9/25/2005 | $457.38 | C0116596 |
| RD 120919766 | '5203672968001 | 9/21/2005 | $14,915.54 | C0116598 |
| RD 120919766 | 'CSR5203696638002 | 9/25/2005 | $126.89 | C0116600 |
| RD 120919766 | '5203672984001 | 9/21/2005 | $15,342.43 | C0116607 |
| RD 120919766 | 'CSR5203696638001 | 9/25/2005 | $65.34 | C0116645 |
| RD 120919766 | 'CSR5203696639001 | 9/25/2005 | $58.08 | C0116645 |
| RD 120919766 | '5203751408001 | 10/3/2005 | $16,086.82 | C0116667 |
| RD 120919766 | 'CSR5203696638004 | 9/25/2005 | $68.60 | C0116691 |
| RD 120919766 | 'CSR5203696639003 | 9/25/2005 | $67.77 | C0116691 |
| RD 120919766 | '5203681850001 | 9/22/2005 | $2,829.55 | C0116715 |
| RD 120919766 | 'CSR5203696638013 | 9/25/2005 | $58.90 | C0116715 |
| RD 120919766 | 'CSR5203696639012 | 9/25/2005 | $61.60 | C0116715 |
| RD 120919766 | 'CSR5203696638003 | 9/25/2005 | $59.94 | C0116774 |
| RD 120919766 | 'CSR5203696639002 | 9/25/2005 | $58.51 | C0116774 |
| RD 120919766 | 'CSR5203696638005 | 9/25/2005 | $65.77 | C0116803 |
| RD 120919766 | 'CSR5203696639004 | 9/25/2005 | $67.73 | C0116803 |
| RD 120919766 | 'CSR5203696638006 | 9/25/2005 | $55.90 | C0116861 |
| RD 120919766 | 'CSR5203696639005 | 9/25/2005 | $59.03 | C0116861 |
| RD 120919766 | '5203690828001 | 9/23/2005 | $18,858.66 | C0116878 |
| RD 120919766 | '5203962907001 | 9/14/2005 | $17,959.62 | C0116886 |
| RD 120919766 | 'CSR5203696638007 | 9/25/2005 | $53.90 | C0116915 |
| RD 120919766 | 'CSR5203696639006 | 9/25/2005 | $57.42 | C0116915 |
| RD 120919766 | 'CSR5203696638008 | 9/25/2005 | $65.73 | C0116960 |
| RD 120919766 | 'CSR5203696639007 | 9/25/2005 | $67.56 | C0116960 |
| RD 120919766 | '5203696356001 | 9/24/2005 | $20,383.44 | C0116974 |
| RD 120919766 | '5203696355001 | 9/24/2005 | $15,853.71 | C0116990 |
| RD 120919766 | 'CSR5203696638009 | 9/25/2005 | $62.47 | C0117005 |
| RD 120919766 | 'CSR5203696639008 | 9/25/2005 | $117.28 | C0117005 |
| RD 120919766 | '5203721187001 | 9/28/2005 | $14,966.77 | C0117006 |
| RD 120919766 | '5203672997001 | 9/21/2005 | $15,239.97 | C0117008 |
| RD 120919766 | '5203673018001 | 9/21/2005 | $14,616.71 | C0117009 |
| RD 120919766 | '5203739799001 | 9/30/2005 | $15,146.06 | C0117017 |
| RD 120919766 | '5203673045001 | 9/21/2005 | $15,274.13 | C0117050 |
| RD 120919766 | 'CSR5203696638010 | 9/25/2005 | $58.51 | C0117051 |
| RD 120919766 | 'CSR5203696639009 | 9/25/2005 | $120.58 | C0117051 |
| RD 120919766 | '5203739999001 | 9/30/2005 | $15,282.67 | C0117060 |
| RD 120919766 | '5203673026001 | 9/21/2005 | $14,975.31 | C0117065 |
| RD 120919766 | '5203751978001 | 10/3/2005 | $18,858.66 | C0117067 |
| RD 120919766 | '5203682520001 | 9/22/2005 | $19,468.68 | C0117078 |
| RD 120919766 | 'CSR5203696742006 | 9/25/2005 | $457.38 | C0117078 |
| RD 120919766 | 'CSR5203696743006 | 9/25/2005 | $457.38 | C0117078 |
| RD 120919766 | '5203721189001 | 9/28/2005 | $15,359.50 | C0117100 |
| RD 120919766 | '5203721192001 | 9/28/2005 | $14,531.34 | C0117102 |
| RD 120919766 | '5203673372001 | 9/21/2005 | $2,925.58 | C0117106 |
| RD 120919766 | 'CSR5203696638012 | 9/25/2005 | $58.86 | C0117106 |
| RD 120919766 | 'CSR5203696639011 | 9/25/2005 | $65.73 | C0117106 |
| RD 120919766 | '5203690942001 | 9/23/2005 | $15,376.57 | C0117114 |
| RD 120919766 | '5203740135001 | 9/30/2005 | $15,726.63 | C0117115 |
| RD 120919766 | '5203751964001 | 10/3/2005 | $17,295.04 | C0117138 |
| RD 120919766 | '5203682603001 | 9/22/2005 | $18,858.66 | C0117154 |
| RD 120919766 | '5203721266001 | 9/28/2005 | $14,582.57 | C0117159 |
| RD 120919766 | '5203673370001 | 9/21/2005 | $3,028.75 | C0117162 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'CSR5203696638011 | 9/25/2005 | $64.17 | C0117162 |
| RD 120919766 | 'CSR5203696639010 | 9/25/2005 | $64.81 | C0117162 |
| RD 120919766 | '5203721269001 | 9/28/2005 | $15,171.67 | C0117166 |
| RD 120919766 | '5203696403001 | 9/24/2005 | $14,591.10 | C0117167 |
| RD 120919766 | '5203721335001 | 9/28/2005 | $15,666.86 | C0117171 |
| RD 120919766 | '5203696373001 | 9/24/2005 | $18,858.66 | C0117172 |
| RD 120919766 | '5203808719001 | 10/3/2005 | $18,839.24 | C0117193 |
| RD 120919766 | '5203696435001 | 9/24/2005 | $14,830.16 | C0117196 |
| RD 120919766 | '5203696434001 | 9/24/2005 | $14,702.09 | C0117199 |
| RD 120919766 | '5203682083001 | 9/22/2005 | $2,949.07 | C0117200 |
| RD 120919766 | 'CSR5203696638014 | 9/25/2005 | $58.12 | C0117200 |
| RD 120919766 | 'CSR5203696639013 | 9/25/2005 | $67.47 | C0117200 |
| RD 120919766 | '5203696436001 | 9/24/2005 | $14,881.39 | C0117209 |
| RD 120919766 | '5203696433001 | 9/24/2005 | $14,761.85 | C0117212 |
| RD 120919766 | '5203785744001 | 10/7/2005 | $20,383.44 | C0117229 |
| RD 120919766 | '5203696437001 | 9/24/2005 | $15,146.06 | C0117237 |
| RD 120919766 | '5203721339001 | 9/28/2005 | $14,377.65 | C0117240 |
| RD 120919766 | '5203690823001 | 9/23/2005 | $2,561.33 | C0117247 |
| RD 120919766 | '5203721377001 | 9/28/2005 | $15,060.68 | C0117254 |
| RD 120919766 | '5203712909001 | 9/27/2005 | $14,898.46 | C0117265 |
| RD 120919766 | '5203740032001 | 9/30/2005 | $14,838.70 | C0117277 |
| RD 120919766 | '5203769360001 | 10/5/2005 | $20,383.44 | C0117295 |
| RD 120919766 | '5203712911001 | 9/27/2005 | $14,744.78 | C0117298 |
| RD 120919766 | '5203712913001 | 9/27/2005 | $14,710.63 | C0117302 |
| RD 120919766 | '5203704413001 | 9/26/2005 | $2,866.99 | C0117303 |
| RD 120919766 | '5203712945001 | 9/27/2005 | $15,154.59 | C0117307 |
| RD 120919766 | '5203712947001 | 9/27/2005 | $14,608.17 | C0117311 |
| RD 120919766 | '5203740107001 | 9/30/2005 | $15,060.68 | C0117314 |
| RD 120919766 | '5203730701001 | 9/29/2005 | $15,231.99 | C0117317 |
| RD 120919766 | '5203721734001 | 9/28/2005 | $2,345.14 | C0117337 |
| RD 120919766 | '5203712949001 | 9/27/2005 | $14,676.47 | C0117339 |
| RD 120919766 | '5203712951001 | 9/27/2005 | $14,770.39 | C0117343 |
| RD 120919766 | '5203712964001 | 9/27/2005 | $15,086.29 | C0117346 |
| RD 120919766 | '5203760618001 | 10/4/2005 | $18,858.66 | C0117355 |
| RD 120919766 | '5203713009001 | 9/27/2005 | $14,864.31 | C0117356 |
| RD 120919766 | '5203740053001 | 9/30/2005 | $15,325.35 | C0117366 |
| RD 120919766 | '5203720963001 | 9/28/2005 | $14,505.72 | C0117388 |
| RD 120919766 | '5203720958001 | 9/28/2005 | $14,838.70 | C0117390 |
| RD 120919766 | '5203720913001 | 9/28/2005 | $14,411.80 | C0117391 |
| RD 120919766 | '5203721526001 | 9/28/2005 | $14,898.46 | C0117392 |
| RD 120919766 | '5203721717001 | 9/28/2005 | $14,625.26 | C0117393 |
| RD 120919766 | '5203712981001 | 9/27/2005 | $16,086.82 | C0117401 |
| RD 120919766 | '5203730561001 | 9/29/2005 | $14,522.80 | C0117413 |
| RD 120919766 | '5203722045001 | 9/28/2005 | $2,922.36 | C0117416 |
| RD 120919766 | '5203730560001 | 9/29/2005 | $14,881.39 | C0117417 |
| RD 120919766 | '5203730340001 | 9/29/2005 | $15,128.98 | C0117422 |
| RD 120919766 | '5203722065001 | 9/28/2005 | $8,937.12 | C0117427 |
| RD 120919766 | '5203739288001 | 9/30/2005 | $15,598.56 | C0117433 |
| RD 120919766 | '5203739780001 | 9/30/2005 | $2,094.86 | C0117464 |
| RD 120919766 | '5203739534001 | 9/30/2005 | $14,898.46 | C0117465 |
| RD 120919766 | '5203739479001 | 9/30/2005 | $15,205.82 | C0117471 |
| RD 120919766 | '5203760609001 | 10/4/2005 | $15,316.81 | C0117486 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | '5203740148001 | 9/30/2005 | $2,984.14 | C0117496 |
| RD 120919766 | '5203760608001 | 10/4/2005 | $14,599.63 | C0117500 |
| RD 120919766 | '5203760606001 | 10/4/2005 | $15,077.75 | C0117541 |
| RD 120919766 | '5203760605001 | 10/4/2005 | $14,761.86 | C0117543 |
| RD 120919766 | '5203760613001 | 10/4/2005 | $15,299.74 | C0117550 |
| RD 120919766 | '5203751729001 | 10/3/2005 | $2,972.42 | C0117557 |
| RD 120919766 | '5203760918001 | 10/4/2005 | $14,377.65 | C0117562 |
| RD 120919766 | '5203769248001 | 10/5/2005 | $15,137.52 | C0117567 |
| RD 120919766 | '5203769249001 | 10/5/2005 | $14,787.47 | C0117583 |
| RD 120919766 | '5203760138001 | 10/4/2005 | $3,062.94 | C0117584 |
| RD 120919766 | '5203769306001 | 10/5/2005 | $14,915.54 | C0117587 |
| RD 120919766 | '5203769307001 | 10/5/2005 | $15,257.05 | C0117594 |
| RD 120919766 | '5203769312001 | 10/5/2005 | $15,205.82 | C0117600 |
| RD 120919766 | '5203769344001 | 10/5/2005 | $14,753.32 | C0117602 |
| RD 120919766 | '5203769350001 | 10/5/2005 | $15,282.66 | C0117606 |
| RD 120919766 | '5203776829001 | 10/6/2005 | $15,299.74 | C0117658 |
| RD 120919766 | '5203785019001 | 10/7/2005 | $15,094.83 | C0117661 |
| RD 120919766 | '5203769085001 | 10/5/2005 | $3,087.44 | C0117663 |
| RD 120919766 | '5203776913001 | 10/6/2005 | $15,214.35 | C0117665 |
| RD 120919766 | '5203785021001 | 10/7/2005 | $14,941.15 | C0117667 |
| RD 120919766 | '5203776899001 | 10/6/2005 | $15,470.49 | C0117671 |
| RD 120919766 | '5203785982001 | 10/7/2005 | $2,890.42 | C0117695 |
| RD 120919766 | '5203784993001 | 10/7/2005 | $14,753.32 | C0117698 |
| RD 120919766 | '5203785016001 | 10/7/2005 | $15,487.57 | C0117701 |
| RD 001905566 | 'ADMDISCTS1005 | 10/1/2005 | ($1,130.42) | DISCTS1005 |
| RD 006248413 | 'ADMDISCTS1005 | 9/30/2005 | ($52.67) | DISCTS1005 |
| RD 006248413 | 'ADMDISCTS1005 | 9/30/2005 | ($100.82) | DISCTS1005 |
| RD 625218433 | 'ADMDISCTS1005 | 9/30/2005 | ($129.27) | DISCTS1005 |
| RD 625218433 | 'ADMDISCTS1005 | 9/30/2005 | ($6.47) | DISCTS1005 |
| RD 625218433 | 'ADMDISCTS1005 | 9/30/2005 | ($12.35) | DISCTS1005 |
| RD 120919766 | 'ADMDISCTS1005 | 9/30/2005 | ($640.45) | DISCTS1005 |
| RD 120919766 | 'ADMDISCTS1105AV | 10/1/2005 | ($354.11) | DISCTS1005 |
| RD 001905566 | 'ADMDISCTS1005 | 10/1/2005 | ($1,101.39) | DISCTS1105 |
| RD 120919766 | 'ADMDISCTS1105BV | 10/1/2005 | ($2,915.45) | DISCTS1105 |
| RD 609120753 | '5203488058001 | 8/23/2005 | $12,634.40 | F128897 |
| RD 609120753 | '5203673151001 | 9/21/2005 | $5,559.14 | F135445 |
| RD 609120753 | '5203690187001 | 9/23/2005 | $12,634.40 | F135550 |
| RD 609120753 | '5203696375001 | 9/24/2005 | $10,612.90 | F135680 |
| RD 609120753 | '5203712726001 | 9/27/2005 | $12,634.40 | F135805 |
| RD 609120753 | '5203760063001 | 10/4/2005 | $12,634.40 | F136237 |
| RD 609120753 | '5203778190001 | 10/6/2005 | $5,053.76 | F136718 |
| RD 120919766 | 'CSR5203649039001 | 9/18/2005 | $130.14 | F46828 |
| RD 120919766 | 'CSR5203559052001 | 9/4/2005 | $93.60 | F47508 |
| RD 120919766 | 'CSR5203559053001 | 9/4/2005 | $26.46 | F47508 |
| RD 120919766 | 'CSR5203559052002 | 9/4/2005 | $14.40 | F47523 |
| RD 120919766 | 'CSR5203559052003 | 9/4/2005 | $93.60 | F47548 |
| RD 120919766 | 'CSR5203559053002 | 9/4/2005 | $26.46 | F47548 |
| RD 120919766 | 'CSR5203559052004 | 9/4/2005 | $100.80 | F47572 |
| RD 120919766 | 'CSR5203559052005 | 9/4/2005 | $72.00 | F47584 |
| RD 120919766 | 'CSR5203559053003 | 9/4/2005 | $37.80 | F47584 |
| RD 120919766 | 'CSR5203559052006 | 9/4/2005 | $72.00 | F47607 |
| RD 120919766 | 'CSR5203559053004 | 9/4/2005 | $37.80 | F47607 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | 'CSR5203559052007 | 9/4/2005 | $72.00 | F47633 |
| RD 120919766 | 'CSR5203559053005 | 9/4/2005 | $34.02 | F47633 |
| RD 120919766 | 'CSR5203559052008 | 9/4/2005 | $79.20 | F47653 |
| RD 120919766 | 'CSR5203559053006 | 9/4/2005 | $49.14 | F47653 |
| RD 120919766 | 'CSR5203559052009 | 9/4/2005 | $79.20 | F47663 |
| RD 120919766 | 'CSR5203559053007 | 9/4/2005 | $49.14 | F47663 |
| RD 120919766 | 'CSR5203559052011 | 9/4/2005 | $79.20 | F47695 |
| RD 120919766 | 'CSR5203559053009 | 9/4/2005 | $49.14 | F47695 |
| RD 120919766 | 'CSR5203559052013 | 9/4/2005 | $10.80 | F47704 |
| RD 120919766 | 'CSR5203559052010 | 9/4/2005 | $79.20 | F47711 |
| RD 120919766 | 'CSR5203559053008 | 9/4/2005 | $49.14 | F47711 |
| RD 120919766 | 'CSR5203559052012 | 9/4/2005 | $79.20 | F47721 |
| RD 120919766 | 'CSR5203559053010 | 9/4/2005 | $49.14 | F47721 |
| RD 120919766 | 'CSR5203559052014 | 9/4/2005 | $79.20 | F47740 |
| RD 120919766 | 'CSR5203559053011 | 9/4/2005 | $49.14 | F47740 |
| RD 120919766 | 'CSR5203559052015 | 9/4/2005 | $75.60 | F47757 |
| RD 120919766 | 'CSR5203559053012 | 9/4/2005 | $49.14 | F47757 |
| RD 120919766 | 'CSR5203559052016 | 9/4/2005 | $79.20 | F47778 |
| RD 120919766 | 'CSR5203559053013 | 9/4/2005 | $49.14 | F47778 |
| RD 120919766 | 'CSR5203559052017 | 9/4/2005 | $104.40 | F47791 |
| RD 120919766 | 'CSR5203559053014 | 9/4/2005 | $26.46 | F47791 |
| RD 120919766 | 'CSR5203559052018 | 9/4/2005 | $104.40 | F47811 |
| RD 120919766 | 'CSR5203559052019 | 9/4/2005 | $104.40 | F47838 |
| RD 120919766 | 'CSR5203559052020 | 9/4/2005 | $129.60 | F47860 |
| RD 120919766 | 'CSR5203559052021 | 9/4/2005 | $104.40 | F47869 |
| RD 120919766 | 'CSR5203559053015 | 9/4/2005 | $26.46 | F47869 |
| RD 120919766 | 'CSR5203559052022 | 9/4/2005 | $104.40 | F47881 |
| RD 120919766 | 'CSR5203559052023 | 9/4/2005 | $104.40 | F47897 |
| RD 120919766 | 'CSR5203559052024 | 9/4/2005 | $93.60 | F47918 |
| RD 120919766 | 'CSR5203559052025 | 9/4/2005 | $86.40 | F47922 |
| RD 120919766 | 'CSR5203559052026 | 9/4/2005 | $111.60 | F47938 |
| RD 120919766 | '5203552105001 | 9/2/2005 | $21,534.87 | F47974 |
| RD 120919766 | 'CSR5203696676001 | 9/25/2005 | $1,002.62 | F47974 |
| RD 120919766 | 'CSR5203696677001 | 9/25/2005 | $131.42 | F47974 |
| RD 120919766 | '5203552107001 | 9/2/2005 | $21,534.87 | F47985 |
| RD 120919766 | 'CSR5203696676002 | 9/25/2005 | $1,002.62 | F47985 |
| RD 120919766 | 'CSR5203696677002 | 9/25/2005 | $131.42 | F47985 |
| RD 120919766 | '5203573684001 | 9/6/2005 | $19,149.89 | F47999 |
| RD 120919766 | 'CSR5203696676003 | 9/25/2005 | $877.30 | F47999 |
| RD 120919766 | 'CSR5203696677003 | 9/25/2005 | $131.42 | F47999 |
| RD 120919766 | '5203582611001 | 9/7/2005 | $10,188.71 | F48022 |
| RD 120919766 | 'CSR5203696676004 | 9/25/2005 | $438.64 | F48022 |
| RD 120919766 | 'CSR5203696677004 | 9/25/2005 | $98.57 | F48022 |
| RD 120919766 | '5203590339001 | 9/8/2005 | $11,924.88 | F48029 |
| RD 120919766 | 'CSR5203696676005 | 9/25/2005 | $626.64 | F48029 |
| RD 120919766 | '5203590340001 | 9/8/2005 | $11,328.64 | F48038 |
| RD 120919766 | 'CSR5203696676006 | 9/25/2005 | $595.30 | F48038 |
| RD 120919766 | '5203599013001 | 9/9/2005 | $21,622.47 | F48043 |
| RD 120919766 | 'CSR5203696676007 | 9/25/2005 | $845.96 | F48043 |
| RD 120919766 | 'CSR5203696677006 | 9/25/2005 | $295.70 | F48043 |
| RD 120919766 | '5203598920001 | 9/9/2005 | $9,206.46 | F48048 |
| RD 120919766 | 'CSR5203696677005 | 9/25/2005 | $492.84 | F48048 |

| | | | | |
|---|---|---|---|---|
| RD 120919766 | '5203620467001 | 9/13/2005 | $10,136.15 | F48054 |
| RD 120919766 | 'CSR5203696676010 | 9/25/2005 | $532.64 | F48054 |
| RD 120919766 | '5203620466001 | 9/13/2005 | $12,521.12 | F48064 |
| RD 120919766 | 'CSR5203696676009 | 9/25/2005 | $657.98 | F48064 |
| RD 120919766 | '5203620465001 | 9/13/2005 | $21,464.78 | F48067 |
| RD 120919766 | 'CSR5203696676008 | 9/25/2005 | $1,127.96 | F48067 |
| RD 120919766 | '5203620470001 | 9/13/2005 | $13,713.61 | F48068 |
| RD 120919766 | 'CSR5203696676012 | 9/25/2005 | $720.64 | F48068 |
| RD 120919766 | '5203620469001 | 9/13/2005 | $21,587.43 | F48074 |
| RD 120919766 | 'CSR5203696676011 | 9/25/2005 | $908.62 | F48074 |
| RD 120919766 | 'CSR5203696677007 | 9/25/2005 | $229.99 | F48074 |
| RD 120919766 | '5203628738001 | 9/14/2005 | $21,587.43 | F48080 |
| RD 120919766 | 'CSR5203696676013 | 9/25/2005 | $908.62 | F48080 |
| RD 120919766 | 'CSR5203696677008 | 9/25/2005 | $229.99 | F48080 |
| RD 120919766 | '5203636386001 | 9/15/2005 | $21,710.07 | F48093 |
| RD 120919766 | 'CSR5203696676014 | 9/25/2005 | $689.30 | F48093 |
| RD 120919766 | 'CSR5203696677009 | 9/25/2005 | $459.98 | F48093 |
| RD 120919766 | '5203656222001 | 9/19/2005 | $21,552.38 | F48104 |
| RD 120919766 | 'CSR5203696676015 | 9/25/2005 | $971.30 | F48104 |
| RD 120919766 | 'CSR5203696677010 | 9/25/2005 | $164.28 | F48104 |
| RD 120919766 | '5203656223001 | 9/19/2005 | $21,587.43 | F48122 |
| RD 120919766 | 'CSR5203696676016 | 9/25/2005 | $908.62 | F48122 |
| RD 120919766 | 'CSR5203696677011 | 9/25/2005 | $229.99 | F48122 |
| RD 120919766 | '5203663984001 | 9/20/2005 | $21,710.07 | F48152 |
| RD 120919766 | 'CSR5203696676017 | 9/25/2005 | $689.30 | F48152 |
| RD 120919766 | 'CSR5203696677012 | 9/25/2005 | $459.98 | F48152 |
| RD 120919766 | '5203673447001 | 9/21/2005 | $21,710.07 | F48159 |
| RD 120919766 | 'CSR5203696676018 | 9/25/2005 | $689.30 | F48159 |
| RD 120919766 | 'CSR5203696677013 | 9/25/2005 | $459.98 | F48159 |
| RD 120919766 | '5203682097001 | 9/22/2005 | $21,710.07 | F48174 |
| RD 120919766 | 'CSR5203696676019 | 9/25/2005 | $689.30 | F48174 |
| RD 120919766 | 'CSR5203696677014 | 9/25/2005 | $459.98 | F48174 |
| RD 120919766 | '5203690985001 | 9/23/2005 | $22,859.35 | F48188 |
| RD 120919766 | '5203704439001 | 9/26/2005 | $13,274.32 | F48209 |
| RD 120919766 | '5203712769001 | 9/27/2005 | $22,859.35 | F48235 |
| RD 120919766 | '5203721696001 | 9/28/2005 | $22,859.35 | F48255 |
| RD 120919766 | '5203730932001 | 9/29/2005 | $2,510.30 | F48268 |
| RD 120919766 | '5203739783001 | 9/30/2005 | $22,859.35 | F48279 |
| RD 120919766 | '5203740150001 | 9/30/2005 | $22,859.35 | F48292 |
| RD 120919766 | '5203751727001 | 10/3/2005 | $22,859.35 | F48312 |
| RD 120919766 | '5203759964001 | 10/4/2005 | $22,859.35 | F48320 |
| RD 120919766 | '5203760041001 | 10/4/2005 | $20,976.62 | F48333 |
| RD 120919766 | '5203769071001 | 10/5/2005 | $16,316.98 | F48339 |
| RD 120919766 | '5203769070001 | 10/5/2005 | $3,195.01 | F48348 |
| RD 120919766 | '5203785695001 | 10/7/2005 | $9,052.68 | F48353 |
| RD 120919766 | '5203785696001 | 10/7/2005 | $13,806.67 | F48366 |
| RD 120919766 | '5203785980001 | 10/7/2005 | $10,041.22 | F48369 |
| RD 625218433 | '5202385374001 | 4/20/2005 | $2,580.90 | J210019 |
| RD 625218433 | '5203673344001 | 9/21/2005 | $1,294.97 | J273825 |
| RD 625218433 | '5203687440001 | 9/23/2005 | $7,769.79 | J274367 |
| RD 625218433 | '5203702074001 | 9/26/2005 | $1,294.97 | J275322 |
| RD 625218433 | '5203710098001 | 9/27/2005 | $2,589.93 | J275895 |

| | | | | |
|---|---|---|---|---|
| RD 625218433 | '5203711486001 | 9/27/2005 | $1,294.97 | J276012 |
| RD 625218433 | '5203712880001 | 9/27/2005 | $1,294.97 | J276154 |
| RD 625218433 | '5203712881001 | 9/27/2005 | $3,884.90 | J276155 |
| RD 625218433 | '5203720934001 | 9/28/2005 | $3,884.90 | J276695 |
| RD 625218433 | '5203722127001 | 9/28/2005 | $1,294.97 | J276829 |
| RD 625218433 | '5203728080001 | 9/29/2005 | $3,884.90 | J277240 |
| RD 625218433 | '5203729956001 | 9/29/2005 | $2,589.93 | J277379 |
| RD 625218433 | '5203731317001 | 9/29/2005 | $1,294.97 | J277519 |
| RD 625218433 | '5203737347001 | 9/30/2005 | $3,884.90 | J277852 |
| RD 625218433 | '5203737349001 | 9/30/2005 | $1,294.97 | J277853 |
| RD 625218433 | '5203738843001 | 9/30/2005 | $1,294.97 | J277983 |
| RD 625218433 | '5203739644001 | 9/30/2005 | $1,294.97 | J278136 |
| RD 625218433 | '5203749771001 | 10/3/2005 | $3,922.69 | J278474 |
| RD 625218433 | '5203749773001 | 10/3/2005 | $3,922.69 | J278475 |
| RD 625218433 | '5203752074001 | 10/3/2005 | $1,307.56 | J278772 |
| RD 625218433 | '5203766509001 | 10/5/2005 | $3,922.69 | J279718 |
| RD 625218433 | '5203782761001 | 10/7/2005 | $1,307.56 | J281020 |
| RD 006311146 | 'ADM2005100395000 | 10/3/2005 | ($95,000.00) | PER LEGAL |
| RD 006435960 | 'ADM2005100319000 | 10/3/2005 | ($190,000.00) | PER LEGAL |
| RD 809942147 | 'ADM2005100332000 | 10/3/2005 | ($32,000.00) | PER LEGAL |
| RD 120919766 | 'ADM2005100315360 | 10/3/2005 | ($1,536,000.00) | PER LEGAL |
| RD 120919766 | 'DMP5203778085001 | 7/27/2005 | ($881.28) | REMISION 2 |
| RD 120919766 | '5203566026001 | 9/5/2005 | $19,388.16 | REMISION 6 |
| RD 120919766 | 'DMP5203778131001 | 9/5/2005 | ($19,388.16) | REMISION 6 |
| RD 120919766 | 'ESC5203777779001 | 9/5/2005 | $1,790.10 | REMISION 6 |
| RD 120919766 | 'ESD5203566120001 | 9/5/2005 | ($1,790.10) | REMISION 6 |
| RD 120919766 | 'DMP1700014801280 | 10/1/2005 | ($802.48) | SUPPCHRG |
| RD 120919766 | 'DMP1700014802280 | 10/1/2005 | ($5,001.08) | SUPPCHRG-1 |
| RD 120919766 | 'CSR5203696674001 | 9/25/2005 | $617.04 | W0056512 |
| RD 120919766 | 'CSR5203696675001 | 9/25/2005 | $440.92 | W0056512 |
| RD 120919766 | 'CSR5203696674002 | 9/25/2005 | $617.04 | W0056559 |
| RD 120919766 | 'CSR5203696675002 | 9/25/2005 | $440.92 | W0056559 |
| RD 120919766 | 'CSR5203696674003 | 9/25/2005 | $617.04 | W0056614 |
| RD 120919766 | 'CSR5203696675003 | 9/25/2005 | $440.92 | W0056614 |
| RD 120919766 | 'CSR5203696674004 | 9/25/2005 | $617.04 | W0056681 |
| RD 120919766 | 'CSR5203696675004 | 9/25/2005 | $312.32 | W0056681 |
| RD 120919766 | 'CSR5203696674005 | 9/25/2005 | $617.04 | W0056704 |
| RD 120919766 | 'CSR5203696675005 | 9/25/2005 | $312.32 | W0056704 |
| RD 120919766 | 'CSR5203696674006 | 9/25/2005 | $617.04 | W0056756 |
| RD 120919766 | 'CSR5203696675006 | 9/25/2005 | $312.32 | W0056756 |
| RD 120919766 | '5203663927001 | 9/20/2005 | $16,940.99 | W0056811 |
| RD 120919766 | 'CSR5203696674007 | 9/25/2005 | $617.04 | W0056811 |
| RD 120919766 | 'CSR5203696675007 | 9/25/2005 | $312.32 | W0056811 |
| RD 120919766 | '5203673448001 | 9/21/2005 | $16,940.99 | W0056839 |
| RD 120919766 | 'CSR5203696674008 | 9/25/2005 | $617.04 | W0056839 |
| RD 120919766 | 'CSR5203696675008 | 9/25/2005 | $312.32 | W0056839 |
| RD 120919766 | '5203690984001 | 9/23/2005 | $17,870.35 | W0056892 |
| RD 120919766 | '5203712767001 | 9/27/2005 | $17,870.35 | W0056950 A |
| RD 120919766 | '5203721695001 | 9/28/2005 | $17,870.35 | W0056973 |
| RD 120919766 | '5203739781001 | 9/30/2005 | $17,870.35 | W0057026 |
| RD 120919766 | '5203759965001 | 10/4/2005 | $17,870.35 | W0057073 |
| RD 120919766 | '5203769069001 | 10/5/2005 | $17,870.35 | W0057100 |

| RD 120919766 | '5203785981001 | 10/7/2005 | $17,870.35 | W0057162 |
|---|---|---|---|---|
| **Total Claim** | | | **$3,464,344.52** | |

## SECOND ASSIGNMENT OF CLAIM

1.      INTERMET CORPORATION, its successors and assigns ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and permitted assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain Receivables set forth in Exhibit 1 owed to Assignor by Debtor, in the amount of $286,364.30 (the "Claim Amount"), including without limitation, all of Assignor's right, title and interest in said Receivables, all Merchandise Documents evidencing, or relating or referred to therein, all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing Receivables, and all other claims, causes of action against Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing Receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2.      This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of August 25, 2005 by and between Assignor and Assignee (the "Put Agreement") and a Notice of Exercise received by Assignee on October 17, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3.      In consideration of the assignment of the Claim by Assignor to Assignee, Assignor and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement.

4.      Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

5.      Assignor is aware that the consideration being paid by Assignee hereunder and under the Put Agreement may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee

from liability therefrom.

6.    Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7.    Each party agrees to indemnify the other party as set forth in the Put Agreement.

8.    Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9.    All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

10.    EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

11.    Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12.    This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13.    This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of July 26, 2006.

ASSIGNOR:
INTERMET CORPORATION


By: _____
   Name: Alan J. Miller
   Title: Vice President



ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.



By: _____
   Name:
   Title:

EXHIBIT 1
TO ASSIGNMENT OF CLAIM

Receivables Comprising the Claim

Exhibit 1

| Duns # | Invoice # | Invoice Date | Amount | Bill of Lading # |
|--------|-----------|--------------|--------|------------------|
| RD 120919766 | C171209 | 9/9/2005 | $280.46 | C0116907 |
| RD 120919766 | C171246 | 9/12/2005 | $280.46 | C0116907 |
| RD 120919766 | C171352 | 9/13/2005 | $235.77 | C0117005 |
| RD 120919766 | C171386 | 9/14/2005 | $20,388.06 | C0117018 |
| RD 120919766 | C171445 | 9/15/2005 | $280.46 | C0117067 |
| RD 120919766 | C171555 | 9/17/2005 | $280.46 | C0117154 |
| RD 120919766 | C171573 | 9/19/2005 | $280.46 | C0117172 |
| RD 120919766 | C171750 | 9/22/2005 | $226.53 | C0117317 |
| RD 120919766 | C171800 | 9/23/2005 | $280.46 | C0117355 |
| RD 120919766 | C171916 | 9/26/2005 | $280.46 | C0117448 |
| RD 120919766 | C172186 | 10/3/2005 | $111.89 | C0117663 |
| RD 120919766 | C172212 | 10/3/2005 | $729.05 | C0117685 |
| RD 120919766 | C172222 | 10/4/2005 | $104.75 | C0117695 |
| RD 120919766 | C160636 | 11/15/2004 | $4,182.50 | CD191239 |
| RD 120919766 | C170933 | 9/1/2005 | $646.58 | CD205725 |
| RD 120919766 | C170934 | 9/1/2005 | $646.58 | CD205722 |
| RD 120919766 | C170935 | 9/1/2005 | $646.58 | CD205723 |
| RD 120919766 | C170942 | 9/1/2005 | $646.58 | CD205747 |
| RD 120919766 | C170966 | 9/2/2005 | $646.58 | CD205763 |
| RD 120919766 | C170967 | 9/2/2005 | $646.58 | CD205767 |
| RD 120919766 | C170968 | 9/2/2005 | $646.58 | CD205765 |
| RD 120919766 | C170996 | 9/2/2005 | $646.58 | CD205785 |
| RD 120919766 | C170997 | 9/2/2005 | $646.58 | CD205789 |
| RD 120919766 | C171007 | 9/6/2005 | $646.58 | CD205801 |
| RD 120919766 | C171017 | 9/6/2005 | $646.58 | CD205802 |
| RD 120919766 | C171045 | 9/6/2005 | $646.58 | CD205827 |
| RD 120919766 | C171067 | 9/7/2005 | $646.58 | CD205837 |
| RD 120919766 | C171068 | 9/7/2005 | $646.58 | CD205841 |
| RD 120919766 | C171099 | 9/7/2005 | $646.58 | CD205861 |
| RD 120919766 | C171111 | 9/8/2005 | $646.58 | CD205879 |
| RD 120919766 | C171112 | 9/8/2005 | $646.58 | CD205878 |
| RD 120919766 | C171115 | 9/8/2005 | $646.58 | CD205877 |
| RD 120919766 | C171160 | 9/8/2005 | $646.58 | CD205897 |
| RD 120919766 | C171180 | 9/8/2005 | $646.58 | CD205908 |
| RD 120919766 | C171189 | 9/9/2005 | $646.58 | CD205916 |
| RD 120919766 | C171190 | 9/9/2005 | $646.58 | CD205918 |
| RD 120919766 | C171213 | 9/9/2005 | $646.58 | CD205941 |
| RD 120919766 | C171248 | 9/12/2005 | $646.58 | CD205961 |
| RD 120919766 | C171249 | 9/12/2005 | $646.58 | CD205963 |
| RD 120919766 | C171252 | 9/12/2005 | $646.58 | CD205966 |
| RD 120919766 | C171290 | 9/12/2005 | $646.58 | CD205989 |
| RD 120919766 | C171324 | 9/13/2005 | $646.58 | CD206010 |
| RD 120919766 | C171325 | 9/13/2005 | $646.58 | CD206009 |
| RD 120919766 | C171327 | 9/13/2005 | $646.58 | CD206012 |
| RD 120919766 | C171345 | 9/13/2005 | $646.58 | CD206031 |
| RD 120919766 | C171374 | 9/14/2005 | $646.58 | CD206046 |
| RD 120919766 | C171390 | 9/14/2005 | $646.58 | CD206050 |
| RD 120919766 | C171396 | 9/14/2005 | $646.58 | CD206070 |
| RD 120919766 | C171429 | 9/15/2005 | $646.58 | CD206054 |
| RD 120919766 | C171430 | 9/15/2005 | $646.58 | CD206091 |

Exhibit 1

| | | | | |
|---|---|---|---|---|
| RD 120919766 | C171431 | 9/15/2005 | $646.58 | CD206089 |
| RD 120919766 | C171432 | 9/15/2005 | $646.58 | CD206086 |
| RD 120919766 | C171498 | 9/16/2005 | $646.58 | CD206133 |
| RD 120919766 | C171503 | 9/16/2005 | $646.58 | CD206137 |
| RD 120919766 | C171513 | 9/16/2005 | $646.58 | CD206165 |
| RD 120919766 | C171516 | 9/16/2005 | $646.58 | CD206114 |
| RD 120919766 | C171534 | 9/16/2005 | $646.58 | CD206139 |
| RD 120919766 | C171540 | 9/17/2005 | $646.58 | CD206177 |
| RD 120919766 | C171541 | 9/17/2005 | $646.58 | CD206178 |
| RD 120919766 | C171542 | 9/17/2005 | $646.58 | CD206180 |
| RD 120919766 | C171591 | 9/19/2005 | $1,559.88 | CD206200 |
| RD 120919766 | C171612 | 9/20/2005 | $646.58 | CD206216 |
| RD 120919766 | C171613 | 9/20/2005 | $646.58 | CD206215 |
| RD 120919766 | C171614 | 9/20/2005 | $646.58 | CD206219 |
| RD 120919766 | C171631 | 9/20/2005 | $646.58 | CD206237 |
| RD 120919766 | C171665 | 9/21/2005 | $646.58 | CD206265 |
| RD 120919766 | C171666 | 9/21/2005 | $646.58 | CD206262 |
| RD 120919766 | C171669 | 9/21/2005 | $646.58 | CD206260 |
| RD 120919766 | C171698 | 9/21/2005 | $646.58 | CD206282 |
| RD 120919766 | C171728 | 9/22/2005 | $646.58 | CD206298 |
| RD 120919766 | C171729 | 9/22/2005 | $646.58 | CD206302 |
| RD 120919766 | C171738 | 9/22/2005 | $646.58 | CD206295 |
| RD 120919766 | C171747 | 9/22/2005 | $646.58 | CD206327 |
| RD 120919766 | C171749 | 9/22/2005 | $646.58 | CD206296 |
| RD 120919766 | C171789 | 9/23/2005 | $450.26 | CD206339 |
| RD 120919766 | C171790 | 9/23/2005 | $646.58 | CD206345 |
| RD 120919766 | C171797 | 9/23/2005 | $646.58 | CD206342 |
| RD 120919766 | C171812 | 9/23/2005 | $646.58 | CD206358 |
| RD 120919766 | C171847 | 9/24/2005 | $646.58 | CD206382 |
| RD 120919766 | C171848 | 9/24/2005 | $646.58 | CD206379 |
| RD 120919766 | C171884 | 9/26/2005 | $646.58 | CD206386 |
| RD 120919766 | C171902 | 9/26/2005 | $646.58 | CD206408 |
| RD 120919766 | C171927 | 9/27/2005 | $646.58 | CD206423 |
| RD 120919766 | C171928 | 9/27/2005 | $646.58 | CD206425 |
| RD 120919766 | C171930 | 9/27/2005 | $646.58 | CD206426 |
| RD 120919766 | C171955 | 9/27/2005 | $646.58 | CD206448 |
| RD 120919766 | C171980 | 9/28/2005 | $646.58 | CD206472 |
| RD 120919766 | C171981 | 9/28/2005 | $646.58 | CD206470 |
| RD 120919766 | C172033 | 9/29/2005 | $646.58 | CD206508 |
| RD 120919766 | C172034 | 9/29/2005 | $646.58 | CD206511 |
| RD 120919766 | C172064 | 9/29/2005 | $646.58 | CD206533 |
| RD 120919766 | C172088 | 9/30/2005 | $646.58 | CD206548 |
| RD 120919766 | C172089 | 9/30/2005 | $646.58 | CD206554 |
| RD 120919766 | C172135 | 9/30/2005 | $646.58 | CD206585 |
| RD 120919766 | C172173 | 10/3/2005 | $1,266.28 | CD206612 |
| RD 120919766 | C172174 | 10/3/2005 | $1,266.28 | CD206615 |
| RD 120919766 | C172176 | 10/3/2005 | $1,266.28 | CD206609 |
| RD 120919766 | C172203 | 10/3/2005 | $1,266.28 | CD206634 |
| RD 120919766 | C172228 | 10/4/2005 | $1,266.28 | CD206648 |
| RD 120919766 | C172231 | 10/4/2005 | $1,266.28 | CD206644 |
| RD 120919766 | C172234 | 10/4/2005 | $1,266.28 | CD206647 |
| RD 120919766 | C172261 | 10/4/2005 | $1,266.28 | CD206667 |

Exhibit 1

| | | | | |
|---|---|---|---|---|
| RD 120919766 | C172284 | 10/5/2005 | $1,266.28 | CD206678 |
| RD 120919766 | C172285 | 10/5/2005 | $1,266.28 | CD206676 |
| RD 120919766 | C172287 | 10/5/2005 | $1,266.28 | CD206682 |
| RD 120919766 | C172317 | 10/5/2005 | $1,266.28 | CD206713 |
| RD 120919766 | C172346 | 10/6/2005 | $1,266.28 | CD206718 |
| RD 120919766 | C172348 | 10/6/2005 | $1,266.28 | CD206722 |
| RD 120919766 | C172349 | 10/6/2005 | $1,266.28 | CD206720 |
| RD 120919766 | C172372 | 10/6/2005 | $1,266.28 | CD206741 |
| RD 120919766 | C172391 | 10/7/2005 | $1,266.28 | CD206757 |
| RD 120919766 | C172392 | 10/7/2005 | $1,266.28 | CD206763 |
| RD 120919766 | C172395 | 10/7/2005 | $1,266.28 | CD206758 |
| RD 120919766 | C172399 | 10/7/2005 | $1,266.28 | CD202791 |
| RD 120919766 | C163996 | 2/22/2005 | $18,107.54 | C0112044 |
| RD 120919766 | C167246 | 5/17/2005 | $472.72 | C0113878 |
| RD 120919766 | REC164798 | 7/1/2005 | $436.62 | C0112496 |
| RD 120919766 | REC164926 | 7/1/2005 | $436.62 | C0112572 |
| RD 120919766 | REC164970 | 7/1/2005 | $436.62 | C0112594 |
| RD 120919766 | REC164977 | 7/1/2005 | $436.62 | C0112600 |
| RD 120919766 | REC165017 | 7/1/2005 | $436.62 | C0112623 |
| RD 120919766 | REC165022 | 7/1/2005 | $436.62 | C0112624 |
| RD 120919766 | REC165073 | 7/1/2005 | $436.62 | C0112653 |
| RD 120919766 | REC165105 | 7/1/2005 | $436.62 | C0112670 |
| RD 120919766 | REC165127 | 7/1/2005 | $436.62 | C0112682 |
| RD 120919766 | REC165145 | 7/1/2005 | $436.62 | C0112689 |
| RD 120919766 | REC165188 | 7/1/2005 | $436.62 | C0112715 |
| RD 120919766 | REC165209 | 7/1/2005 | $436.62 | C0112726 |
| RD 120919766 | REC165266 | 7/1/2005 | $436.62 | C0112751 |
| RD 120919766 | REC165268 | 7/1/2005 | $436.62 | C0112752 |
| RD 120919766 | REC165329 | 7/1/2005 | $436.62 | C0112786 |
| RD 120919766 | REC165365 | 7/1/2005 | $436.62 | C0112805 |
| RD 120919766 | REC165447 | 7/1/2005 | $436.62 | C0112852 |
| RD 120919766 | REC165467 | 7/1/2005 | $436.62 | C0112869 |
| RD 120919766 | REC165494 | 7/1/2005 | $436.62 | C0112882 |
| RD 120919766 | REC165501 | 7/1/2005 | $436.62 | C0112888 |
| RD 120919766 | C170915 | 9/1/2005 | $983.07 | C0116641 |
| RD 120919766 | C170918 | 9/1/2005 | $1,053.32 | C0116644 |
| RD 120919766 | C170923 | 9/1/2005 | $1,017.04 | C0116648 |
| RD 120919766 | C170930 | 9/1/2005 | $1,027.41 | C0116655 |
| RD 120919766 | C170945 | 9/1/2005 | $1,022.81 | C0116666 |
| RD 120919766 | C170963 | 9/2/2005 | $1,027.99 | C0116681 |
| RD 120919766 | C170965 | 9/2/2005 | $1,022.22 | C0116683 |
| RD 120919766 | C170973 | 9/2/2005 | $992.27 | C0116686 |
| RD 120919766 | C170974 | 9/2/2005 | $1,027.97 | C0116687 |
| RD 120919766 | C170988 | 9/2/2005 | $1,030.87 | C0116697 |
| RD 120919766 | C171000 | 9/6/2005 | $992.27 | C0116706 |
| RD 120919766 | C171005 | 9/6/2005 | $989.98 | C0116711 |
| RD 120919766 | C171013 | 9/6/2005 | $1,021.65 | C0116718 |
| RD 120919766 | C171016 | 9/6/2005 | $1,024.53 | C0116721 |
| RD 120919766 | C171029 | 9/6/2005 | $1,020.50 | C0116730 |
| RD 120919766 | C171042 | 9/6/2005 | $1,019.92 | C0116744 |
| RD 120919766 | C171063 | 9/7/2005 | $977.30 | C0116759 |
| RD 120919766 | C171078 | 9/7/2005 | $995.15 | C0116769 |

Exhibit 1

| | | | | |
|---|---|---|---|---|
| RD 120919766 | C171091 | 9/7/2005 | $1,019.91 | C0116779 |
| RD 120919766 | C171094 | 9/7/2005 | $1,026.84 | C0116782 |
| RD 120919766 | C171108 | 9/8/2005 | $1,004.95 | C0116793 |
| RD 120919766 | C171116 | 9/8/2005 | $1,007.24 | C0116797 |
| RD 120919766 | C171121 | 9/8/2005 | $1,029.13 | C0116802 |
| RD 120919766 | C171125 | 9/8/2005 | $982.49 | C0116806 |
| RD 120919766 | C171182 | 9/9/2005 | $999.19 | C0116858 |
| RD 120919766 | C171183 | 9/9/2005 | $1,023.38 | C0116859 |
| RD 120919766 | C171191 | 9/9/2005 | $1,030.86 | C0116864 |
| RD 120919766 | C171196 | 9/9/2005 | $1,033.17 | C0116868 |
| RD 120919766 | C171240 | 9/12/2005 | $1,006.11 | C0116901 |
| RD 120919766 | C171243 | 9/12/2005 | $1,039.50 | C0116904 |
| RD 120919766 | C171260 | 9/12/2005 | $1,029.71 | C0116918 |
| RD 120919766 | C171265 | 9/12/2005 | $1,002.06 | C0116920 |
| RD 120919766 | C171307 | 9/13/2005 | $1,015.89 | C0116954 |
| RD 120919766 | C171309 | 9/13/2005 | $969.82 | C0116956 |
| RD 120919766 | C171310 | 9/13/2005 | $1,041.81 | C0116958 |
| RD 120919766 | C171329 | 9/13/2005 | $1,028.56 | C0116969 |
| RD 120919766 | C171369 | 9/14/2005 | $1,009.54 | C0117006 |
| RD 120919766 | C171371 | 9/14/2005 | $1,027.99 | C0117008 |
| RD 120919766 | C171372 | 9/14/2005 | $985.95 | C0117009 |
| RD 120919766 | C171384 | 9/14/2005 | $1,021.64 | C0117017 |
| RD 120919766 | C171418 | 9/15/2005 | $994.58 | C0117048 |
| RD 120919766 | C171420 | 9/15/2005 | $1,030.28 | C0117050 |
| RD 120919766 | C171438 | 9/15/2005 | $1,030.85 | C0117060 |
| RD 120919766 | C171443 | 9/15/2005 | $1,010.12 | C0117065 |
| RD 120919766 | C171481 | 9/16/2005 | $1,036.05 | C0117100 |
| RD 120919766 | C171483 | 9/16/2005 | $980.18 | C0117102 |
| RD 120919766 | C171496 | 9/16/2005 | $1,037.20 | C0117114 |
| RD 120919766 | C171499 | 9/16/2005 | $1,060.81 | C0117115 |
| RD 120919766 | C171560 | 9/19/2005 | $983.63 | C0117159 |
| RD 120919766 | C171567 | 9/19/2005 | $1,023.37 | C0117166 |
| RD 120919766 | C171568 | 9/19/2005 | $984.21 | C0117167 |
| RD 120919766 | C171572 | 9/19/2005 | $1,056.78 | C0117171 |
| RD 120919766 | C171598 | 9/20/2005 | $1,000.34 | C0117196 |
| RD 120919766 | C171602 | 9/20/2005 | $991.70 | C0117199 |
| RD 120919766 | C171619 | 9/20/2005 | $1,003.79 | C0117209 |
| RD 120919766 | C171622 | 9/20/2005 | $995.73 | C0117212 |
| RD 120919766 | C171649 | 9/21/2005 | $1,021.64 | C0117237 |
| RD 120919766 | C171652 | 9/21/2005 | $969.81 | C0117240 |
| RD 120919766 | C171668 | 9/21/2005 | $1,015.89 | C0117254 |
| RD 120919766 | C171684 | 9/21/2005 | $1,004.95 | C0117265 |
| RD 120919766 | C171695 | 9/21/2005 | $1,000.91 | C0117277 |
| RD 120919766 | C171718 | 9/22/2005 | $994.58 | C0117298 |
| RD 120919766 | C171726 | 9/22/2005 | $992.28 | C0117302 |
| RD 120919766 | C171734 | 9/22/2005 | $1,022.23 | C0117307 |
| RD 120919766 | C171741 | 9/22/2005 | $985.37 | C0117311 |
| RD 120919766 | C171745 | 9/22/2005 | $1,015.89 | C0117314 |
| RD 120919766 | C171779 | 9/23/2005 | $1,186.30 | C0117339 |
| RD 120919766 | C171785 | 9/23/2005 | $996.31 | C0117343 |
| RD 120919766 | C171788 | 9/23/2005 | $1,017.61 | C0117346 |
| RD 120919766 | C171801 | 9/23/2005 | $1,002.64 | C0117356 |

Exhibit 1

| | | | | |
|---|---|---|---|---|
| RD 120919766 | C171811 | 9/23/2005 | $1,033.73 | C0117366 |
| RD 120919766 | C171835 | 9/24/2005 | $978.45 | C0117388 |
| RD 120919766 | C171837 | 9/24/2005 | $1,000.91 | C0117390 |
| RD 120919766 | C171838 | 9/24/2005 | $972.13 | C0117391 |
| RD 120919766 | C171839 | 9/24/2005 | $100.94 | C0117392 |
| RD 120919766 | C171840 | 9/24/2005 | $986.51 | C0117393 |
| RD 120919766 | C171871 | 9/26/2005 | $979.61 | C0117413 |
| RD 120919766 | C171875 | 9/26/2005 | $1,003.79 | C0117417 |
| RD 120919766 | C171887 | 9/26/2005 | $1,020.49 | C0117422 |
| RD 120919766 | C171899 | 9/26/2005 | $1,052.17 | C0117433 |
| RD 120919766 | C171943 | 9/27/2005 | $1,004.94 | C0117465 |
| RD 120919766 | C171949 | 9/27/2005 | $1,025.68 | C0117471 |
| RD 120919766 | C171967 | 9/28/2005 | $1,033.17 | C0117486 |
| RD 120919766 | C171974 | 9/28/2005 | $1,055.62 | C0117493 |
| RD 120919766 | C171983 | 9/28/2005 | $986.80 | C0117500 |
| RD 120919766 | C172030 | 9/29/2005 | $1,017.03 | C0117541 |
| RD 120919766 | C172038 | 9/29/2005 | $995.73 | C0117543 |
| RD 120919766 | C172045 | 9/29/2005 | $1,032.01 | C0117550 |
| RD 120919766 | C172057 | 9/29/2005 | $969.81 | C0117562 |
| RD 120919766 | C172065 | 9/29/2005 | $1,021.07 | C0117567 |
| RD 120919766 | C172082 | 9/30/2005 | $997.46 | C0117583 |
| RD 120919766 | C172086 | 9/30/2005 | $1,006.10 | C0117587 |
| RD 120919766 | C172096 | 9/30/2005 | $1,029.12 | C0117594 |
| RD 120919766 | C172104 | 9/30/2005 | $1,025.68 | C0117600 |
| RD 120919766 | C172106 | 9/30/2005 | $995.15 | C0117602 |
| RD 120919766 | C172110 | 9/30/2005 | $1,030.86 | C0117606 |
| RD 120919766 | C172181 | 10/3/2005 | $2,021.01 | C0117658 |
| RD 120919766 | C172184 | 10/3/2005 | $1,993.95 | C0117661 |
| RD 120919766 | C172188 | 10/3/2005 | $2,009.74 | C0117665 |
| RD 120919766 | C172190 | 10/3/2005 | $1,973.64 | C0117667 |
| RD 120919766 | C172194 | 10/3/2005 | $2,043.58 | C0117671 |
| RD 120919766 | C172225 | 10/4/2005 | $1,948.83 | C0117698 |
| RD 120919766 | C172229 | 10/4/2005 | $2,045.83 | C0117701 |
| RD 120919766 | WRPO OCT04 | 8/5/2005 | $6,287.55 | CD204764 |
| RD 120919766 | C170947 | 9/1/2005 | $956.28 | C0116667 |
| RD 120919766 | C171854 | 9/24/2005 | $956.28 | C0117401 |
| RD 120919766 | C160917 | 11/22/2004 | $279.90 | C0110333 |
| RD 120919766 | C166466 | 9/9/2005 | $9,651.02 | C0113442 |
| RD 120919766 | C168937 | 7/1/2005 | $18,271.04 | C0115072 |
| RD 120919766 | C162798 | 1/21/2005 | $6,519.24 | C0111433 |

Total                                           $286,364.30

## ASSIGNMENT OF CLAIM

1. KEY PLASTICS LLC, its successors and assigns ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and permitted assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain Receivables set forth in Exhibit 1 owed to Assignor by Debtor, in the amount of $213,180.17 (the "Assigned Claim Amount"), including without limitation, all of Assignor's right, title and interest in said Receivables, all Merchandise Documents evidencing, or relating or referred to therein, all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing Receivables, and all other claims, causes of action against Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing Receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2. This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of August 31, 2005 by and between Assignor and Assignee (the "Put Agreement") and a Notice of Exercise received by Assignee on October 17, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3. In the event that the amount of the Claim is increased pursuant to a Debtor's Acknowledgment or by Final Order (the "Allowed Claim Amount") in an amount in excess of the Assigned Claim Amount but not to exceed the Maximum Assigned Amount of $780,000.00 as set forth in Put Agreement, then, to the extent that the Allowed Claim Amount exceeds the Assigned Claim Amount (with such excess amount defined as, the "Additional Assigned Claim Amount"), such Additional Assigned Claim Amount shall be added to the Assigned Claim and shall be deemed part of the Claim and shall be deemed Assigned to Assignee subject to Assignee's payment of the Additional Purchase Price (defined below). Within two (2) Business Days of Assignee's receipt of a Debtor's Acknowledgment or a Final Order of the Bankruptcy Court fixing the Allowed Claim Amount in an amount that exceeds the Assigned Claim Amount (but not to exceed the Maximum Assigned Amount of $780,000.00 as set forth in Put Agreement), then, in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Additional Purchase Price") equal to the Purchase Rate multiplied by the Additional Assigned Claim Amount.

4. In consideration of the assignment of the Claim by Assignor to Assignee, Assignor and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement.

5. Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

6. Assignor is aware that the consideration being paid by Assignee hereunder and under the Put Agreement may differ both in kind and amount from the amount ultimately distributed

with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

7. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

8. Each party agrees to indemnify the other party as set forth in the Put Agreement.

9. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable, and to take all actions necessary to enforce the Claim and the Assignor's rights thereunder pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

10. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

11. EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY

WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

12.   Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

13.   This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

14.   This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of May 25, 2006.

ASSIGNOR:
KEY PLASTICS LLC

By: _____
Name: Lou Ann Counihan
Title: V.P. Finance & Treasury

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By: _____
Name:
Title:    Michael A. Gatto
          Authorized Signatory

**SILVER POINT CAPITAL**
**CONFIDENTIAL**

## ASSIGNMENT OF CLAIM

1.      MEMC ELECTRONIC MATERIALS, INC., its successors and assigns ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., their successors and assigns ("Assignee"), as of the date of this Assignment of Claim, all right, title and interest in and to, or arising under or in connection with, certain claims of Assignor against Delphi Automotive Systems, LLC (the "Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition in the aggregate amount of $122,951.00 (the "Proof of Claim Amount"), including without limitation, (i) all of Assignor's right, title and interest in and to any and all proofs of claim filed in respect of the Assigned Claim (collectively, the "Proofs of Claim"); (ii) all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating to the Assigned Claim (the "Supporting Documents"); (iii) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iv) all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (the Proof of Claim Amount, and the items referenced in (i) through (iv) are collectively referred to as the, the "Assigned Claim").

2.      Definitions.  As used herein, (a) a "Final Order" shall mean an order of a court which has not been reversed, stayed, modified, amended or vacated and as to which (i) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or dismissed or (ii) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed; and (b) "Business Day" means any day that is not a Saturday, Sunday, or any other day on which commercial banks in New York, New York are authorized or required by law to be closed.

3.      Payment of Purchase Price.  Within three (3) Business Days of Assignee's receipt of a copy of the Proof of Claim that has been duly and timely filed by Assignor in the Case, in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Purchase Price") equal to the rate of cents per dollar set forth as the "Purchase Rate" on Schedule B (the "Purchase Rate"), multiplied by the Proof of Claim Amount.

4.      Assignor Representations and Warranties.  Assignor represents and warrants to Assignee that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms; (iii) Assignor is the sole owner of and has good legal and beneficial title to the Assigned Claim, free and clear of all liens, claims, security interests or encumbrances of any kind or nature whatsoever, including without limitation, pursuant to any factoring or other financing agreement; (iv) Assignor has not previously sold or assigned the Assigned Claim, in whole or in part, to any party; (v) neither the execution, delivery or performance of this Assignment of Claim nor the consummation of

SILVER POINT CAPITAL
CONFIDENTIAL

the transactions contemplated hereby will violate any law, rule, regulation, order, agreement, or instrument affecting the Assignor or the Assigned Claim; (vi) the Assigned Claim is a valid, allowable, noncontingent, liquidated claim in the Case in the amount of $122,951.00; (vii) to the best of Assignor's knowledge, no objections have been received by Assignor or threatened to Assignor in respect of the Assigned Claim; (viii) to the best of Assignor's knowledge, the Assigned Claim, or any portion thereof, is not subject to, or threatened with, an avoidance action under Section 547 of the Bankruptcy Code; (ix) no payment has been received by or on behalf of Assignor in full or partial satisfaction of the Assigned Claim; (x) Assignor has not engaged in any acts or conduct or made any omissions that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Claim than is received by other parties holding general unsecured claims against the Debtor; (xi) Assignor is not an insider within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; (xii) Assignor agrees to execute and deliver, or to cause to be executed and delivered, all instruments and documents, and to take all such action as Assignee may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim; (xiii) Assignor has delivered to or will, upon Assignee's written request, deliver to Assignee true, correct and complete copies of the Supporting Documents; and (xiv) Assignor has duly and timely filed a Proof of Claim in the Case.

5.      "Big Boy Clause".   Assignor is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Assigned Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Assigned Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Assignment of Claim. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Assignment of Claim and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

6.      Disallowance.   In the event that all or any part of the Assigned Claim for which Assignee has paid Assignor pursuant to this Assignment of Claim (including any Reallowed Claim (as defined hereinafter)) (i) is disputed by or subject to an objection, motion, or other pleading filed in the Bankruptcy Court seeking to disallow, avoid, subordinate, or reduce the Assigned Claim to an amount less than the Proof of Claim Amount, in whole or in part, filed by the Debtor or any other person (an "Objection"), and such Objection is not resolved prior to the date that the initial distribution is made to holders of unsecured claims in the same class as the Assigned Claim, or (ii) is the subject of a court order finding all or any portion of the Proof of Claim Amount to be invalid, disallowed, subordinated, expunged or reduced (as the case may be, a "Disallowance"), Assignor agrees to immediately repay, on demand of and at the option of Assignee, an amount equal to (x)(A) that portion of the Proof of Claim Amount subject to the Disallowance (the "Disallowed Claim"), multiplied by (B) the Purchase Rate, plus (y) interest on such amount at the rate 5% per annum (the "Applicable Interest Rate"), from the applicable date or dates of Assignee's payment of the Purchase Price to the date of repayment; provided however, that in the event that Assignee receives notice of an Objection, Assignee forwards such notice to Assignor

- 2 -

SILVER POINT CAPITAL
CONFIDENTIAL

within (3) business days after receipt thereof, and acts in good faith and in a commercially reasonable manner at all times in connection with the foregoing.

7.    Reallowed Claim. In the event all or any portion of the Disallowed Claim is no longer a Disallowed Claim and is allowed by a Final Order of the Bankruptcy Court (a "Reallowed Claim"), Assignee shall, if so requested in writing by Assignor, purchase (and Assignor shall execute documentation to transfer the Reallowed Claim to Assignee) such Reallowed Claim (but not in excess of the amount of the Disallowed Claim) by paying within five (5) Business Days of Assignee's receipt of such Final Order, an amount equal to the amount so allowed multiplied by the Purchase Rate.

8.    Notices/Distributions. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Assigned Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days in the case of cash and within fifteen (15) Business Days in the case of securities, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. If Assignor fails to pay any cash distribution to Assignee within fifteen (15) Business Days after receiving it, then Assignor shall pay interest on such distribution for the period from the day on which such distribution is actually received by Assignor to (but excluding) the day such distribution is actually paid to Assignee at the at the Applicable Interest Rate. To the extent that the payment distribution made by the Debtor on account of the Assigned Claim is in the form of securities (the "Securities Distribution") and to the extent such Securities Distribution is issued in the name of Assignor, then within fifteen (15) Business Days of Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee.

9.    Indemnification. Assignor agrees to indemnify the Assignee from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of the representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Assigned Claim or the Case.

10.    Power-of-Attorney. (a) Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Assigned Claim and the Assignor's rights thereunder or related thereto pursuant to this Assignment of Claim, (b) Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the option of Assignee, and (c) Assignor and Assignee expressly agree that Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Assigned Claim or otherwise in the Case; provided, however, that Assignee agrees to act in good faith and in a commercially reasonable manner at all times in connection with the foregoing clauses (a) – (c), and only after giving three (3) business days' prior written notice to Assignor of its election to defend and enforce the Assigned Claim shall Assignor be required to reasonably cooperate with and assist Assignee in defending and enforcing the Claim (at Assignor's expense).

11.    Survival / Governing Law. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment of Claim and the purchase and sale of the Assigned Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This

- 3 -

SILVER POINT CAPITAL
CONFIDENTIAL

Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

12.    JURISDICTION / WAIVER OF TRIAL BY JURY.  Each party to this Assignment of Claim hereby irrevocably consents to the jurisdiction of the state and federal courts located in the State of New York, County of New York and of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Assignment of Claim or of any other agreement or document delivered in connection with this Assignment of Claim, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in such Courts. Each party further irrevocably agrees that any action to enforce, interpret or construe any provisions of this Assignment of Claim will be brought only in such Courts and each party waives its right to trial by jury.

13.    Waiver of Notice and Hearing Requirement.  Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code (including, but not limited to, Rule 3001 of the Bankruptcy Rules) or otherwise and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Assigned Claim.

14.    Complete Agreement.  This Assignment of Claim shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment of Claim. This Assignment of Claim cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

15.    Counterparts.  This Assignment of Claim may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Assignment of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Assignment of Claim shall be deemed to be a duplicate original.

16.    Confidentiality.  Assignor and Assignee agree to maintain the confidentiality of this Assignment of Claim, including the Purchase Rate and/or the form and structure of the within agreement and any drafts thereof, except to the extent required by applicable laws, regulations, or rules of any stock exchange, or by the order of any court; provided that either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder, or to their retained legal and other professional consultants, provided that such parties shall be obligated to maintain the confidentiality provisions contained herein.

*[SIGNATURE PAGE TO FOLLOW]*

SILVER POINT CAPITAL
CONFIDENTIAL

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of March 9, 2007.

MEMC ELECTRONIC MATERIALS, INC.:

By: _____
　　Name:　　KEN HANNAH
　　Title:　　SR VP + CFO

ASSIGNEE:

SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P., and
Silver Point Capital Offshore Fund, Ltd.

By: _____
　　Name:
　　Title:　　Michael A. Gatto
　　　　　　　Authorized Signatory

- 5 -

SILVER POINT CAPITAL
CONFIDENTIAL

Acct: 26422578
Acct. Name: SPCP Group, L.L.C.

**EXHIBIT A TO**
**ASSIGNMENT OF CLAIM**

**EVIDENCE OF TRANSFER OF CLAIM**

**TO: THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, MEMC ELECTRONIC MATERIALS, INC. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, the claim dated July 13, 2006 and filed in the Case (hereinafter defined) in the aggregate amount of $122,951.00 (the "Assigned Claim"), against Delphi Automotive Systems, LLC ("Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on March 9, 2007.

By: _____

Name of person signing _KENNETH HANNAN_

Title of person signing _EE VP & CFO_

SILVER POINT CAPITAL
CONFIDENTIAL

## ASSIGNMENT OF CLAIM

1.     MICRON SEMICONDUCTOR PRODUCTS INC., its successors and assigns, ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., their successors and assigns ("Assignee"), as of the date of this Assignment of Claim, all right, title and interest in and to, or arising under or in connection with, certain claims of Assignor against Delphi Automotive Systems LLC (the "Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition in the aggregate amount of $833,534 (the "Proof of Claim Amount"), including without limitation, (i) all of Assignor's right, title and interest in and to any and all proofs of claim filed in respect of the Assigned Claim (collectively, the "Proofs of Claim"); (ii) all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating to the Assigned Claim (the "Supporting Documents"); (iii) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iv) all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (the Proof of Claim Amount, and the items referenced in (i) through (iv) are collectively referred to as the "Assigned Claim").

2.     Definitions. As used herein, (a) a "Final Order" shall mean an order of a court which has not been reversed, stayed, modified, amended or vacated and as to which (i) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or dismissed or (ii) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed; (b) "Schedule of Liabilities" shall mean the Schedule of Liabilities prepared and filed by the Debtor in the Case pursuant to Section 521 of the Bankruptcy Code in accordance with Rule 1007 of the Bankruptcy Rules, and (c) "Business Day" means any day that is not a Saturday, Sunday, or any other day on which commercial banks in New York, New York are authorized or required by law to be closed.

3.     Payment of Purchase Price.   (a)     Within three (3) Business Days of the parties' execution of this Assignment of Claim, in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Purchase Price") equal to the rate of cents per dollar set forth as the "Purchase Rate" on Schedule B (the "Purchase Rate"), multiplied by the portion of the Proof of Claim Amount allowed or acknowledged (the "Acknowledged Claim Amount").

(b)     If payment of the Purchase Price is made pursuant to Section 3(a)(i) above, then, within two (2) Business Days of Assignee's receipt of a Final Order of the Bankruptcy Court fixing the Allowed Claim Amount in an amount that exceeds the Scheduled Claim Amount, not to exceed the Proof of Claim Amount (with such differential being referred to the "Excess Claim Amount"), in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an

SILVER POINT CAPITAL
CONFIDENTIAL

amount (the "Additional Purchase Price") equal to the Purchase Rate multiplied by the Excess Claim Amount.

    4.    Assignor Representations and Warranties. Assignor represents and warrants to Assignee that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms; (iii) Assignor is the sole owner of and has good legal and beneficial title to the Assigned Claim, free and clear of all liens, claims, security interests or encumbrances of any kind or nature whatsoever, including without limitation, pursuant to any factoring or other financing agreement; (iv) Assignor has not previously sold or assigned the Assigned Claim, in whole or in part, to any party; (v) the Assigned Claim is a valid, allowable, undisputed, noncontingent, liquidated claim in the Case in the amount of $833,534; (vi) no objections have been received by Assignor or threatened to Assignor in respect of the Assigned Claim; (vii) the Assigned Claim, or any portion thereof, is not threatened with an avoidance action under Section 547 of the Bankruptcy Code; (viii) no payment has been received by or on behalf of Assignor in full or partial satisfaction of the Assigned Claim; (ix) Assignor has not engaged in any acts or conduct that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Claim than is received by other parties holding general unsecured claims against the Debtor; (x) Assignor is not an insider within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; (xi) Assignor agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Assignee may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim; (xii) Assignor has delivered to Assignee true, correct and complete copies of the Supporting Documents; and (xiii) Assignor has duly and timely filed a Proof of Claim in the Case.

    5.    "Big Boy Clause". Assignor is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Assigned Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Assigned Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Assignment of Claim. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Assignment of Claim and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

    6.    Disallowance. In the event that all or any part of the Assigned Claim for which Assignee has paid Assignor pursuant to this Assignment of Claim (including any Reallowed Claim (as defined hereinafter)) (i) is disputed by or subject to an objection, motion, or other pleading filed in the Bankruptcy Court seeking to disallow, avoid, subordinate, or reduce the Assigned Claim to an amount less than the Acknowledged Claim Amount, in whole or in part, filed by the Debtor or any other person (an "Objection"), and such Objection is not resolved prior to the date that the initial distribution is made to holders of unsecured claims in the same class as the Assigned Claim, or (ii) is the subject of a court order finding all or any portion of the Acknowledged Claim Amount to be invalid, disallowed,

- 2 -

SILVER POINT CAPITAL
CONFIDENTIAL

subordinated, expunged or reduced (as the case may be, a "Disallowance"), Assignor agrees to immediately repay, on demand of and at the option of Assignee, an amount equal to (x)(A) that portion of the Acknowledged Claim Amount subject to the Disallowance (the "Disallowed Claim"), multiplied by (B) the Purchase Rate, plus (y) interest on such amount at the rate per annum of the Prime Rate then in effect (as published in The Wall Street Journal (Eastern Edition) (the "Applicable Interest Rate"), from the applicable date or dates of Assignee's payment of the Purchase Price to the date of repayment; provided however, that such demand by Assignee shall not be deemed an election of remedies or any limitation on any other rights that Assignee may have hereunder or under applicable law.

7.    Reallowed Claim. In the event all or any portion of the Disallowed Claim is no longer a Disallowed Claim and is allowed by a Final Order of the Bankruptcy Court (a "Reallowed Claim"), Assignee shall purchase (and Assignor shall execute documentation to transfer the Reallowed Claim to Assignee) such Reallowed Claim (but not in excess of the amount of the Disallowed Claim) by paying within five (5) Business Days of Assignee's receipt of such Final Order, an amount equal to the amount so allowed multiplied by the Purchase Rate.

8.    Notices/Distributions. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Assigned Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days in the case of cash and within fifteen (15) Business Days in the case of securities, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. If Assignor fails to pay any cash distribution to Assignee within fifteen (15) Business Days after receiving it, then Assignor shall pay interest on such distribution for the period from the day on which such distribution is actually received by Assignor to (but excluding) the day such distribution is actually paid to Assignee at the at the Applicable Interest Rate. To the extent that the payment distribution made by the Debtor on account of the Assigned Claim is in the form of securities (the "Securities Distribution") and to the extent such Securities Distribution is issued in the name of Assignor, then within fifteen (15) Business Days of Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee.

9.    Indemnification. Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Assigned Claim or the Case.

10.    Power-of-Attorney. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Assigned Claim and the Assignor's rights thereunder or related thereto pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignor and Assignee expressly agree that Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Assigned Claim or otherwise in the Case. In the event of a Disallowance, Assignor shall assist Assignee (at Assignor's expense) in the defense of the Disallowed Claim, if so elected by Assignee. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary

SILVER POINT CAPITAL
CONFIDENTIAL

or appropriate to effect assignment of the Assigned Claim and all interests therein to Assignee, including without limitation the "Evidence of Transfer of Claim" attached as Exhibit A.

11.    Survival / Governing Law.  All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment of Claim and the purchase and sale of the Assigned Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

12.    JURISDICTION / WAIVER OF TRIAL BY JURY.  Each party to this Assignment of Claim hereby irrevocably consents to the jurisdiction of the state and federal courts located in the State of New York, County of New York and of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Assignment of Claim or of any other agreement or document delivered in connection with this Assignment of Claim, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in such Courts. Each party further irrevocably agrees that any action to enforce, interpret or construe any provisions of this Assignment of Claim will be brought only in such Courts and each party waives its right to trial by jury.

13.    Waiver of Notice and Hearing Requirement.  Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code (including, but not limited to, Rule 3001 of the Bankruptcy Rules) or otherwise and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Assigned Claim.

14.    Complete Agreement.  This Assignment of Claim shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment of Claim. This Assignment of Claim cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

15.    Counterparts.  This Assignment of Claim may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Assignment of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Assignment of Claim shall be deemed to be a duplicate original.

16.    Confidentiality.  Assignor and Assignee agree to maintain the confidentiality of this Assignment of Claim, including the Purchase Rate and/or the form and structure of the within agreement and any drafts thereof, set  including but not limited to maintaining such confidentiality with respect to Debtor, except to the extent required by applicable laws, regulations, or rules of any stock exchange, or by the order of any court; provided that either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder, or to their retained legal and other professional consultants, provided that such parties shall be obligated to maintain the confidentiality provisions contained herein.

SILVER POINT CAPITAL
CONFIDENTIAL

*[SIGNATURE PAGE TO FOLLOW]*

SILVER POINT CAPITAL
CONFIDENTIAL

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of April 30th, 2007.

ASSIGNOR:

Micron Semiconductor Products, Inc.

By: _____

    Name: Michael W. Sadler
    Title: President

**REVIEWED
MTI Legal**

ASSIGNEE:

SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P., and
Silver Point Capital Offshore Fund, Ltd.

By: _____

    Name: Michael Gatto
    Title: Authorized Signatory

SILVER POINT CAPITAL
CONFIDENTIAL

SCHEDULE B TO
ASSIGNMENT OF CLAIM

Purchase Rate

Purchase Rate:

SILVER POINT CAPITAL
CONFIDENTIAL

EXHIBIT A TO
ASSIGNMENT OF CLAIM

## EVIDENCE OF TRANSFER OF CLAIM

**TO: THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, **MICRON SEMICONDUCTOR PRODUCTS, INC.**("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $833,534 (the "Assigned Claim"), against Delphi Automotive Systems LLC ("Debtor"), the debtor-in-possession in Case No. 05-44640 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on April 30         REVIEWED
                                                                                        MTI Legal

By: _____

Name of person signing: Michael W. Sadler
Title of person signing: President

- 9 -

SILVER POINT CAPITAL
CONFIDENTIAL

ASSIGNMENT OF CLAIM

Re: Assignment of claim of MULTEK FLEXIBLE CIRCUITS, INC., D.B.A. SHELDAHL against
Delphi Corporation in the aggregate amount of $223,843.01 to SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd.

1.      MULTEK FLEXIBLE CIRCUITS, INC., D.B.A. SHELDAHL, its successors and
assigns, ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby
acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to SPCP GROUP,
L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., their
successors and assigns ("Assignee"), as of the date of this Assignment of Claim, all right, title and interest
in and to, or arising under or in connection with, certain claims of Assignor against Delphi Corporation
(the "Debtor"), the debtor-in-possession in Case No. 05-44481 (RDD) (the "Case") under Chapter 11 of
the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the
Debtor's Chapter 11 petition in the aggregate amount of $223,843.01 (the "Proof of Claim Amount"),
including without limitation, (i) all of Assignor's right, title and interest in and to any and all proofs of
claim filed in respect of the Assigned Claim (collectively, the "Proofs of Claim"); (ii) all of Assignor's
right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and
other documents evidencing, or relating to the Assigned Claim (the "Supporting Documents"); (iii) all of
Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in
respect of or in connection with any of the foregoing; and (iv) all other claims, causes of action against
the Debtor. its affiliates, any guarantor or other third party, together with voting and other rights and
benefits arising from, under or relating to any of the foregoing receivables, including, without limitation,
all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions
issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (the Proof of
Claim Amount, and the items referenced in (i) through (iv) are collectively referred to as the, the
"Assigned Claim").

2.      Definitions. As used herein, (a) a "Final Order" shall mean an order of a court which has
not been reversed, stayed, modified, amended or vacated and as to which (i) any appeal taken, petition for
certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or
dismissed or (ii) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired
and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed; and
(b) "Business Day" means any day that is not a Saturday, Sunday, or any other day on which commercial
banks in New York, New York are authorized or required by law to be closed.

3.      Payment of Purchase Price.  (a)      On or before March 27, 2007, in accordance
with the wire transfer instructions set forth on Schedule A hereto. Assignee shall pay to Assignor an
amount (the "Purchase Price") equal to the rate of cents per dollar set forth as the "Purchase Rate" on
Schedule B (the "Purchase Rate"), multiplied by $███████(the "Acknowledged Claim Amount").

(b)      If payment of the Purchase Price is made pursuant to Section 3(a) above, then,
within two (2) Business Days of Assignee's receipt of (i) a Final Order of the Bankruptcy Court fixing the
Assigned Claim in an amount that exceeds the Acknowledged Claim Amount, or (ii) notice that the
Assigned Claim otherwise has been allowed in an amount that exceeds the Acknowledged Claim Amount
(with such excess in either case being referred to the "Excess Claim Amount"), in accordance with the

SILVER POINT CAPITAL
CONFIDENTIAL

wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Additional Purchase Price") equal to the Excess Claim Amount multiplied by the Purchase Rate. Notice in accordance with this paragraph includes, among other things and without limitation, receipt by Assignee of distributions on account of such Excess Claim Amount.

4.     Assignor Representations and Warranties.  Assignor represents and warrants to Assignee that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms; (iii) Assignor is the sole owner of and has good legal and beneficial title to the Assigned Claim, free and clear of all liens, claims, security interests or encumbrances of any kind or nature whatsoever, including without limitation, pursuant to any factoring or other financing agreement; (iv) Assignor has obtained and delivered to Assignee releases (in form and substance satisfactory to Assignee) by any secured party of any security interest in the Assigned Claim held by such party; (v) Assignor has not previously sold or assigned the Assigned Claim, in whole or in part, to any party; (vi) neither the execution, delivery or performance of this Assignment of Claim nor the consummation of the transactions contemplated hereby will violate any law, rule, regulation, order, agreement, or instrument affecting the Assignor or the Assigned Claim; (vii) the Assigned Claim is a valid, allowable, undisputed, noncontingent, liquidated claim in the Case in an amount not less than $170,763.54; (viii) no objections have been received by Assignor in respect of that portion of the Assigned Claim that is equal to or less than $170,763.54; (ix) the Assigned Claim, or any portion thereof, is not subject to, or threatened with, an avoidance action under Section 547 of the Bankruptcy Code; (x) no payment has been received by or on behalf of Assignor in full or partial satisfaction of the Assigned Claim; (xi) Assignor has not engaged in any acts or conduct or made any omissions that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Claim than is received by other parties holding general unsecured claims against the Debtor; (xii) Assignor is not an insider within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; (xiii) Assignor agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Assignee may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim; (xiv) Assignor has delivered to Assignee true, correct and complete copies of the Supporting Documents; and (xv) Assignor has duly and timely filed a Proof of Claim in the Case.

5.     "Big Boy Clause".  Assignor is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Assigned Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Assigned Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Assignment of Claim. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Assignment of Claim and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

- 2 -

SILVER POINT CAPITAL
CONFIDENTIAL

6.    Disallowance. In the event that all or any part of the Assigned Claim for which Assignee has paid Assignor pursuant to this Assignment of Claim (including the Acknowledged Claim Amount, the Excess Claim Amount and any Reallowed Claim (as defined hereinafter)) (i) is disputed by or subject to an objection, motion, or other pleading filed in the Bankruptcy Court seeking to disallow, avoid, subordinate, or reduce the Assigned Claim to an amount less than the amount for which Assignee has paid Assignor, filed by the Debtor or any other person (an "Objection"), and such Objection is not resolved prior to the date that the initial distribution is made to holders of unsecured claims in the same class as the relevant portion of the Assigned Claim for which Assignee has paid Assignor, or (ii) is the subject of a court order finding all or any portion of the Assigned Claim for which Assignee has paid Assignor to be invalid, disallowed, subordinated, expunged or reduced (as the case may be, a "Disallowance"), Assignor agrees to immediately repay, on demand of and at the option of Assignee, an amount equal to (x)(A) that portion of the Assigned Claim for which Assignee has paid Assignor subject to the Disallowance (the "Disallowed Claim"), multiplied by (B) the Purchase Rate, plus (y) interest on such amount at the rate per annum of the Prime Rate then in effect (as published in The Wall Street Journal (Eastern Edition) (the "Applicable Interest Rate"), from the applicable date or dates of Assignee's payment of the Purchase Price to the date of repayment; provided however, that such demand by Assignee shall not be deemed an election of remedies or any limitation on any other rights that Assignee may have hereunder or under applicable law.

7.    Reallowed Claim. In the event all or any portion of the Disallowed Claim is no longer a Disallowed Claim and is allowed by a Final Order of the Bankruptcy Court (a "Reallowed Claim"), Assignee shall purchase (and Assignor shall execute documentation to transfer the Reallowed Claim to Assignee) such Reallowed Claim (but not in excess of the amount of the Disallowed Claim) by paying within five (5) Business Days of Assignee's receipt of such Final Order, an amount equal to the amount so allowed multiplied by the Purchase Rate.

8.    Notices/Distributions. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Assigned Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days in the case of cash and within fifteen (15) Business Days in the case of securities, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. If Assignor fails to pay any cash distribution to Assignee within fifteen (15) Business Days after receiving it, then Assignor shall pay interest on such distribution for the period from the day on which such distribution is actually received by Assignor to (but excluding) the day such distribution is actually paid to Assignee at the at the Applicable Interest Rate. To the extent that the payment made by the Debtor on account of the Assigned Claim is in the form of securities (the "Securities Distribution") and to the extent such Securities Distribution is issued in the name of Assignor, then within fifteen (15) Business Days of Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee.

9.    Indemnification. Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Assigned Claim or the Case.

- 3 -

SILVER POINT CAPITAL
CONFIDENTIAL

10.   Power-of-Attorney.  Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Assigned Claim and the Assignor's rights thereunder or related thereto pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignor and Assignee expressly agree that Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Assigned Claim or otherwise in the Case. In the event of a Disallowance, Assignor shall assist Assignee (at Assignor's expense) in the defense of the Disallowed Claim, if so elected by Assignee. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Assigned Claim and all interests therein to Assignee, including without limitation the "Evidence of Transfer of Claim" attached as Exhibit A.

11.   Survival / Governing Law.  All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment of Claim and the purchase and sale of the Assigned Claim and the payment of the Purchase Price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

12.   JURISDICTION / WAIVER OF TRIAL BY JURY.  Each party to this Assignment of Claim hereby irrevocably consents to the jurisdiction of the state and federal courts located in the State of New York, County of New York and of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Assignment of Claim or of any other agreement or document delivered in connection with this Assignment of Claim, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in such Courts. Each party further irrevocably agrees that any action to enforce, interpret or construe any provisions of this Assignment of Claim will be brought only in such Courts and each party waives its right to trial by jury.

13.   Waiver of Notice and Hearing Requirement.  Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code (including, but not limited to, Rule 3001 of the Bankruptcy Rules) or otherwise and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Assigned Claim.

14.   Complete Agreement.  This Assignment of Claim shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment of Claim. This Assignment of Claim cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

15.   Counterparts.  This Assignment of Claim may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Assignment of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Assignment of Claim shall be deemed to be a duplicate original.

- 4 -

SILVER POINT CAPITAL
CONFIDENTIAL

C:\Documents and Settings\HennessyD\Local Settings\Temporary Internet Files\OLK314\Delphi - Draft Silver Point Assignment of Claim (3).DOC
10:11:08 AM3/23/2007

16.    Confidentiality.  Assignor and Assignee agree to maintain the confidentiality of this Assignment of Claim, including the Purchase Rate and/or the form and structure of the within agreement and any drafts thereof, set  including but not limited to maintaining such confidentiality with respect to Debtor, except to the extent required by applicable laws, regulations, or rules of any stock exchange, or by the order of any court; provided that either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder, or to their retained legal and other professional consultants, provided that such parties shall be obligated to maintain the confidentiality provisions contained herein.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of March 27 2007.

ASSIGNOR:

MULTEK FLEXIBLE CIRCUITS, INC.,
D.B.A. SHELDAHL

By: _____
    Name: Dennis H. Hennessy
    Title:   Credit Manager


ASSIGNEE:

SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P., and
Silver Point Capital Offshore Fund, Ltd.

By: _____
    Name:
    Title:
        Michael A. Gatto
        Authorized Signatory

- 6 -

SILVER POINT CAPITAL
CONFIDENTIAL

SCHEDULE B TO
ASSIGNMENT OF CLAIM

Purchase Rate

Purchase Rate:

EXHIBIT A TO
ASSIGNMENT OF CLAIM

### EVIDENCE OF TRANSFER OF CLAIM

**TO: THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, **MULTEK FLEXIBLE CIRCUITS, INC., D.B.A. SHELDAHL** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $223,843.01 (the "Assigned Claim"), against Delphi Corporation ("Debtor"), the debtor-in-possession in Case No. 05-44481 (RDD) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on March __, 2007.

ASSIGNOR:

MULTEK FLEXIBLE CIRCUITS, INC.,
D.B.A. SHELDAHL

By: _____
Name: Dennis H. Hennessy
Title:   Credit Manager

## ASSIGNMENT OF CLAIM

1.  THYSSENKRUPP WAUPACA, INC. and subsidiaries, its successors and assigns, ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain receivables set forth in Exhibit 1 owed to the Assignor by Delphi Automotive Systems LLC and its certain divisions and/or trade names as identified on Schedule R-A (collectively, "Debtor"), which is subject to a bankruptcy proceeding (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in the amount of $8,437,139.36 (the "Claim Amount"), including without limitation, all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating or referred to therein (the "Documents"), all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing receivables, and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2.  This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of August 19, 2005 by and between Assignor and Assignee (the "Put Agreement") and a Notice of Exercise received by Assignee on October 26, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3.  In consideration of the assignment of the Claim by Assignor to Assignee, Assignor, and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement.

4.  Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

5.  Assignor is aware that the consideration being paid by Assignee hereunder and under the Put Agreement may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial

advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

6.    Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7.    Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Claim or the Case.

8.    Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. In the event of a Disallowance, Assignor shall take reasonable actions to assist (at Assignor's expense) Assignee in the defense of the Disallowed Claim. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9.    All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

10.    EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS

RIGHT TO TRIAL BY JURY.

11.  Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12.  This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13.  This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of November 18, 2005.

ASSIGNOR:
THYSSENKRUPP WAUPACA, INC. and subsidiaries

By:  _____
Name: John Cowden
Title: Chief Financial Officer

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By:  _____
Name:     Michael A. Gatto
Title:      Authorized Signatory

Silver Point Capital Fund, L.P

By: _____
Name:         Michael A. Gatto
Title:         Authorized Signatory

Silver Point Capital Offshore Fund, Ltd.

By: _____
Name:         Michael A. Gatto
Title:         Authorized Signatory

**EXHIBIT 1**
**TO CLAIMS PUT AGREEMENT ASSIGNMENT OF CLAIM DATED NOVEMBER 18, 2005**

ThyssenKrupp Waupaca, Inc. and subsidiaries assign total Accounts Receivable balances in the amount of $8,437,139.36 as represented by the invoice amounts due listed on the attached listings. This total assigned amount of $8,437,139.36 is made up of the following component totals which represent amounts currently owed by Delphi to ThyssenKrupp Waupaca, Inc. and subsidiaries as of the date of this assignment, November 18, 2005.

## ASSIGNMENT OF CLAIM SUMMARY TOTALS

| | | |
|---|---|---|
| Delphi Energy and Chassis – U.S. – owed to ThyssenKrupp Waupaca, Inc. | = | $5,824,520.26 |
| Delphi Energy and Chassis – Mexico – owed to ThyssenKrupp Waupaca | = | $ 678,962.56 |
| Delphi Saginaw Steering – owed to ThyssenKrupp Waupaca, Inc | = | $ 492,567.63 |
| Delphi – All Locations – owed to ThyssenKrupp Stahl Company | = | $1,441,088.91 |
| **TOTAL ASSIGNED CLAIM AMOUNT** | = | **$8,437,139.36** |

(SEE ATTACHED LISTINGS FOR INVOICE DETAILS AND AMOUNTS)

**ThyssenKrupp Waupaca, Inc.**                                      Exhibit 1 Invoice Detail
Claim Assignment to Silver Point Capital
Delphi - Chapter 11  Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | Amount Due |
|---|---|---|---|
| 20996401 | 209964 | 05/13/05 | $ 1,804.80 |
| 21028901 | 210289 | 05/15/05 | $ 129.60 |
| 21146301 | 211463 | 05/18/05 | $ 11,539.20 |
| 21198701 | 211987 | 05/20/05 | $ 1,795.20 |
| 21229801 | 212298 | 05/23/05 | $ 1,795.20 |
| 21233401 | 212334 | 05/23/05 | $ 1,795.20 |
| 21238201 | 212382 | 05/23/05 | $ 1,795.20 |
| 21248001 | 212480 | 05/23/05 | $ 1,795.20 |
| 21275001 | 212750 | 05/24/05 | $ 1,795.20 |
| 21285701 | 212857 | 05/24/05 | $ 1,795.20 |
| 21300701 | 213007 | 05/25/05 | $ 1,795.20 |
| 21311401 | 213114 | 05/25/05 | $ 1,795.20 |
| 21316901 | 213169 | 05/25/05 | $ 1,795.20 |
| 21326401 | 213264 | 05/26/05 | $ 1,795.20 |
| 21330101 | 213301 | 05/26/05 | $ 1,795.20 |
| 21370601 | 213706 | 05/27/05 | $ 1,795.20 |
| 21385601 | 213856 | 05/27/05 | $ 1,795.20 |
| 21395301 | 213953 | 05/31/05 | $ 1,795.20 |
| 21416901 | 214169 | 05/31/05 | $ 1,684.72 |
| 21428701 | 214287 | 06/01/05 | $ 1,795.20 |
| 21499101 | 214991 | 06/03/05 | $ 1,795.20 |
| 21499701 | 214997 | 06/03/05 | $ 1,795.20 |
| 21577101 | 215771 | 06/06/05 | $ 1,795.20 |
| 21597901 | 215979 | 06/07/05 | $ 1,795.20 |
| 21688101 | 216881 | 06/09/05 | $ 196.24 |
| 21806201 | 218062 | 06/14/05 | $ 1,758.00 |
| 21830401 | 218304 | 06/15/05 | $ 1,863.00 |
| 21920901 | 219209 | 06/19/05 | $ 1,915.20 |
| 21930601 | 219306 | 06/20/05 | $ 1,915.20 |
| 21958401 | 219584 | 06/20/05 | $ 1,863.00 |
| 21972401 | 219724 | 06/21/05 | $ 1,863.00 |
| 22051901 | 220519 | 06/23/05 | $ 1,591.20 |
| 22063001 | 220630 | 06/23/05 | $ 1,591.20 |
| 22108201 | 221082 | 06/27/05 | $ 142.56 |
| 22110001 | 221100 | 06/27/05 | $ 142.56 |
| 22115201 | 221152 | 06/27/05 | $ 1,841.40 |
| 22117301 | 221173 | 06/27/05 | $ 1,841.40 |
| 22122001 | 221220 | 06/27/05 | $ 1,841.40 |
| 22132201 | 221322 | 06/27/05 | $ 1,841.40 |
| 22136401 | 221364 | 06/27/05 | $ 1,841.40 |
| 22144401 | 221444 | 06/28/05 | $ 1,841.40 |
| 22147501 | 221475 | 06/28/05 | $ 1,841.40 |
| 22149901 | 221499 | 06/28/05 | $ 1,841.40 |
| 22151701 | 221517 | 06/28/05 | $ 1,841.40 |
| 22152301 | 221523 | 06/28/05 | $ 1,841.40 |
| 22154601 | 221546 | 06/28/05 | $ 13,046.40 |
| 22161401 | 221614 | 06/28/05 | $ 1,841.40 |
| 22162601 | 221626 | 06/28/05 | $ 1,841.40 |
| 22176301 | 221763 | 06/28/05 | $ 1,841.40 |

**ThyssenKrupp Waupaca, Inc.**
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11  Bankruptcy - 10-08-05

Exhibit 1 Invoice Detail

| Invoice Number | Packing Slip Number | Shipment Date | Amount Due |
|---|---|---|---|
| 22177001 | 221770 | 06/29/05 | $ 1,841.40 |
| 22183801 | 221838 | 06/29/05 | $ 1,841.40 |
| 22188901 | 221889 | 06/29/05 | $ 1,841.40 |
| 22189201 | 221892 | 06/29/05 | $ 1,841.40 |
| 22203601 | 222036 | 06/29/05 | $ 1,841.40 |
| 22207101 | 222071 | 06/29/05 | $ 1,841.40 |
| 22214501 | 222145 | 06/30/05 | $ 1,841.40 |
| 89378301 | 893783 | 07/08/05 | $ 21,697.92 |
| 22396301 | 223963 | 07/11/05 | $ 9,771.84 |
| 22773801 | 227738 | 07/26/05 | $ 12,542.40 |
| 22893701 | 228937 | 08/01/05 | $ 12,542.40 |
| 22917301 | 229173 | 08/01/05 | $ 12,542.40 |
| 89504101 | 895041 | 08/05/05 | $ 24,578.16 |
| 23129101 | 231291 | 08/10/05 | $ 11,016.00 |
| 23456301 | 234563 | 08/22/05 | $ 11,016.00 |
| 23468401 | 234684 | 08/23/05 | $ 11,016.00 |
| 23489001 | 234890 | 08/23/05 | $ 11,016.00 |
| 23562401 | 235624 | 08/26/05 | $ 11,016.00 |
| 23607401 | 236074 | 08/29/05 | $ 11,016.00 |
| 23617201 | 236172 | 08/29/05 | $ 11,016.00 |
| 23626701 | 236267 | 08/29/05 | $ 15,480.60 |
| 23641501 | 236415 | 08/30/05 | $ 11,016.00 |
| 23642401 | 236424 | 08/30/05 | $ 9,811.20 |
| 23650301 | 236503 | 08/30/05 | $ 11,016.00 |
| 23688301 | 236883 | 08/31/05 | $ 14,883.60 |
| 23690101 | 236901 | 08/31/05 | $ 11,260.80 |
| 23691001 | 236910 | 08/31/05 | $ 11,260.80 |
| 23705001 | 237050 | 08/31/05 | $ 15,195.60 |
| 23709801 | 237098 | 09/01/05 | $ 14,145.60 |
| 23709901 | 237099 | 09/01/05 | $ 10,782.72 |
| 23710401 | 237104 | 09/01/05 | $ 14,145.60 |
| 23710801 | 237108 | 09/01/05 | $ 12,345.00 |
| 23712201 | 237122 | 09/01/05 | $ 12,699.72 |
| 23713101 | 237131 | 09/01/05 | $ 12,158.40 |
| 23713601 | 237136 | 09/01/05 | $ 12,699.72 |
| 23714201 | 237142 | 09/01/05 | $ 14,145.60 |
| 23715101 | 237151 | 09/01/05 | $ 12,699.72 |
| 23721801 | 237218 | 09/01/05 | $ 10,782.72 |
| 23724701 | 237247 | 09/01/05 | $ 10,915.20 |
| 23724901 | 237249 | 09/01/05 | $ 12,345.00 |
| 23725001 | 237250 | 09/01/05 | $ 10,915.20 |
| 23725901 | 237259 | 09/01/05 | $ 12,402.72 |
| 23741601 | 237416 | 09/01/05 | $ 12,402.72 |
| 23741701 | 237417 | 09/01/05 | $ 12,402.72 |
| 23741801 | 237418 | 09/01/05 | $ 13,927.20 |
| 23743101 | 237431 | 09/01/05 | $ 12,402.72 |
| 23743201 | 237432 | 09/01/05 | $ 11,974.80 |
| 23747801 | 237478 | 09/01/05 | $ 10,915.20 |
| 23748201 | 237482 | 09/01/05 | $ 13,927.20 |

**ThyssenKrupp Waupaca, Inc.**                                              Exhibit 1 Invoice Detail
Claim Assignment to Silver Point Capital
Delphi - Chapter 11  Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 23748301 | 237483 | 09/01/05 | $ | 13,737.60 |
| 23748601 | 237486 | 09/01/05 | $ | 10,915.20 |
| 23749101 | 237491 | 09/01/05 | $ | 12,402.72 |
| 23749701 | 237497 | 09/01/05 | $ | 13,737.60 |
| 23750901 | 237509 | 09/02/05 | $ | 11,452.80 |
| 23751601 | 237516 | 09/02/05 | $ | 13,737.60 |
| 23753001 | 237530 | 09/02/05 | $ | 10,782.72 |
| 23757801 | 237578 | 09/02/05 | $ | 12,398.40 |
| 23763301 | 237633 | 09/02/05 | $ | 13,927.20 |
| 23763601 | 237636 | 09/02/05 | $ | 10,782.72 |
| 23766001 | 237660 | 09/02/05 | $ | 17,458.00 |
| 23766601 | 237666 | 09/02/05 | $ | 12,398.40 |
| 23775801 | 237758 | 09/02/05 | $ | 10,915.20 |
| 23778101 | 237781 | 09/02/05 | $ | 16,145.60 |
| 23778801 | 237788 | 09/02/05 | $ | 10,915.20 |
| 23778901 | 237789 | 09/02/05 | $ | 13,927.20 |
| 23779801 | 237798 | 09/02/05 | $ | 10,782.72 |
| 23780001 | 237800 | 09/02/05 | $ | 16,856.00 |
| 23782301 | 237823 | 09/02/05 | $ | 13,846.00 |
| 23782201 | 237822 | 09/03/05 | $ | 10,782.72 |
| 23782901 | 237829 | 09/03/05 | $ | 10,782.72 |
| 23783001 | 237830 | 09/03/05 | $ | 13,927.20 |
| 23783101 | 237831 | 09/03/05 | $ | 10,782.72 |
| 23786401 | 237864 | 09/05/05 | $ | 13,927.20 |
| 23787501 | 237875 | 09/06/05 | $ | 12,402.72 |
| 23787801 | 237878 | 09/06/05 | $ | 11,974.80 |
| 23789701 | 237897 | 09/06/05 | $ | 12,402.72 |
| 23791801 | 237918 | 09/06/05 | $ | 12,402.72 |
| 23792201 | 237922 | 09/06/05 | $ | 10,915.20 |
| 23795201 | 237952 | 09/06/05 | $ | 12,402.72 |
| 23797901 | 237979 | 09/06/05 | $ | 13,737.60 |
| 23800301 | 238003 | 09/06/05 | $ | 10,915.20 |
| 23802001 | 238020 | 09/06/05 | $ | 17,295.40 |
| 23804601 | 238046 | 09/06/05 | $ | 9,823.68 |
| 23808201 | 238082 | 09/06/05 | $ | 12,402.72 |
| 23813501 | 238135 | 09/06/05 | $ | 13,927.20 |
| 23815001 | 238150 | 09/06/05 | $ | 12,402.72 |
| 23817501 | 238175 | 09/06/05 | $ | 12,402.72 |
| 23820601 | 238206 | 09/06/05 | $ | 15,652.00 |
| 23820801 | 238208 | 09/06/05 | $ | 13,927.20 |
| 23821401 | 238214 | 09/06/05 | $ | 12,402.72 |
| 23822701 | 238227 | 09/06/05 | $ | 12,402.72 |
| 23824501 | 238245 | 09/07/05 | $ | 12,345.00 |
| 23825101 | 238251 | 09/07/05 | $ | 12,345.00 |
| 23826101 | 238261 | 09/07/05 | $ | 12,402.72 |
| 23827401 | 238274 | 09/07/05 | $ | 12,402.72 |
| 23834201 | 238342 | 09/07/05 | $ | 10,782.72 |
| 23837401 | 238374 | 09/07/05 | $ | 13,927.20 |
| 23837801 | 238378 | 09/07/05 | $ | 12,402.72 |

**ThyssenKrupp Waupaca, Inc.**
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11  Bankruptcy - 10-08-05

Exhibit 1 Invoice Detail

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 89645701 | 896457 | 09/07/05 | $ | 117.60 |
| 23842701 | 238427 | 09/07/05 | $ | 12,402.72 |
| 23848901 | 238489 | 09/07/05 | $ | 11,974.80 |
| 23850801 | 238508 | 09/07/05 | $ | 12,402.72 |
| 23853101 | 238531 | 09/07/05 | $ | 12,402.72 |
| 23855301 | 238553 | 09/07/05 | $ | 12,402.72 |
| 23857301 | 238573 | 09/07/05 | $ | 12,402.72 |
| 23857601 | 238576 | 09/08/05 | $ | 18,060.00 |
| 23858401 | 238584 | 09/08/05 | $ | 10,915.20 |
| 23858501 | 238585 | 09/08/05 | $ | 12,345.00 |
| 23862301 | 238623 | 09/08/05 | $ | 10,782.72 |
| 23862801 | 238628 | 09/08/05 | $ | 12,163.20 |
| 23862901 | 238629 | 09/08/05 | $ | 10,915.20 |
| 23863101 | 238631 | 09/08/05 | $ | 12,402.72 |
| 23868601 | 238686 | 09/08/05 | $ | 10,782.72 |
| 23870001 | 238700 | 09/08/05 | $ | 10,915.20 |
| 23874401 | 238744 | 09/08/05 | $ | 12,345.00 |
| 23875401 | 238754 | 09/08/05 | $ | 12,402.72 |
| 23878301 | 238783 | 09/08/05 | $ | 12,402.72 |
| 23885701 | 238857 | 09/08/05 | $ | 10,782.72 |
| 23885901 | 238859 | 09/08/05 | $ | 18,060.00 |
| 23890701 | 238907 | 09/08/05 | $ | 12,402.72 |
| 23893501 | 238935 | 09/08/05 | $ | 10,782.72 |
| 23895601 | 238956 | 09/08/05 | $ | 12,402.72 |
| 23897201 | 238972 | 09/09/05 | $ | 12,402.72 |
| 23897501 | 238975 | 09/09/05 | $ | 10,782.72 |
| 23899401 | 238994 | 09/09/05 | $ | 12,398.40 |
| 23900201 | 239002 | 09/09/05 | $ | 12,402.72 |
| 23901301 | 239013 | 09/09/05 | $ | 10,915.20 |
| 23906901 | 239069 | 09/09/05 | $ | 10,915.20 |
| 23909801 | 239098 | 09/09/05 | $ | 10,915.20 |
| 23911001 | 239110 | 09/09/05 | $ | 12,402.72 |
| 23913301 | 239133 | 09/09/05 | $ | 12,345.00 |
| 23918901 | 239189 | 09/09/05 | $ | 11,020.80 |
| 23921701 | 239217 | 09/09/05 | $ | 18,060.00 |
| 23923001 | 239230 | 09/09/05 | $ | 18,060.00 |
| 23923901 | 239239 | 09/09/05 | $ | 12,402.72 |
| 23925201 | 239252 | 09/09/05 | $ | 12,402.72 |
| 23927001 | 239270 | 09/09/05 | $ | 12,402.72 |
| 23928101 | 239281 | 09/09/05 | $ | 12,402.72 |
| 23928501 | 239285 | 09/10/05 | $ | 10,915.20 |
| 23929201 | 239292 | 09/10/05 | $ | 12,402.72 |
| 23933501 | 239335 | 09/10/05 | $ | 10,915.20 |
| 23933601 | 239336 | 09/10/05 | $ | 10,915.20 |
| 23935601 | 239356 | 09/10/05 | $ | 12,402.72 |
| 23935701 | 239357 | 08/10/05 | $ | 12,402.72 |
| 23936201 | 239362 | 09/10/05 | $ | 12,402.72 |
| 23936101 | 239361 | 09/10/05 | $ | 15,050.60 |
| 23937201 | 239372 | 09/11/05 | $ | 12,402.72 |

**ThyssenKrupp Waupaca, Inc.**                                    Exhibit 1 Invoice Detail
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11  Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 23938301 | 239383 | 09/11/05 | $ | 10,915.20 |
| 23939801 | 239398 | 09/11/05 | $ | 10,915.20 |
| 23940401 | 239404 | 09/11/05 | $ | 10,915.20 |
| 23941801 | 239418 | 09/11/05 | $ | 12,402.72 |
| 23942801 | 239428 | 09/11/05 | $ | 12,402.72 |
| 23944701 | 239447 | 09/11/05 | $ | 10,915.20 |
| 23945501 | 239455 | 09/12/05 | $ | 10,915.20 |
| 23945801 | 239458 | 09/12/05 | $ | 10,915.20 |
| 23946801 | 239468 | 09/12/05 | $ | 10,915.20 |
| 23949801 | 239498 | 09/12/05 | $ | 12,402.72 |
| 23950501 | 239505 | 09/12/05 | $ | 10,915.20 |
| 23952501 | 239525 | 09/12/05 | $ | 10,782.72 |
| 23953401 | 239534 | 09/12/05 | $ | 10,915.20 |
| 23955801 | 239558 | 09/12/05 | $ | 12,402.72 |
| 23957001 | 239570 | 09/12/05 | $ | 11,438.00 |
| 23957301 | 239573 | 09/12/05 | $ | 12,733.80 |
| 23963001 | 239630 | 09/12/05 | $ | 12,632.40 |
| 23966001 | 239660 | 09/12/05 | $ | 11,974.80 |
| 23973701 | 239737 | 09/12/05 | $ | 12,632.40 |
| 23974501 | 239745 | 09/12/05 | $ | 10,782.72 |
| 23977601 | 239776 | 09/12/05 | $ | 12,402.72 |
| 23978001 | 239780 | 09/12/05 | $ | 13,927.20 |
| 23980301 | 239803 | 09/12/05 | $ | 16,856.00 |
| 23980701 | 239807 | 09/12/05 | $ | 12,632.40 |
| 23980801 | 239808 | 09/12/05 | $ | 13,927.20 |
| 23981901 | 239819 | 09/12/05 | $ | 12,632.40 |
| 23982701 | 239827 | 09/13/05 | $ | 10,915.20 |
| 23984101 | 239841 | 09/13/05 | $ | 10,915.20 |
| 23984601 | 239846 | 09/13/05 | $ | 12,632.40 |
| 23985301 | 239853 | 09/13/05 | $ | 12,632.40 |
| 23988401 | 239884 | 09/13/05 | $ | 12,402.72 |
| 23989201 | 239892 | 09/13/05 | $ | 13,737.60 |
| 23992201 | 239922 | 09/13/05 | $ | 12,402.72 |
| 23994001 | 239940 | 09/13/05 | $ | 10,915.20 |
| 23994201 | 239942 | 09/13/05 | $ | 10,915.20 |
| 24002901 | 240029 | 09/13/05 | $ | 12,402.72 |
| 24008001 | 240080 | 09/13/05 | $ | 10,915.20 |
| 24014501 | 240145 | 09/13/05 | $ | 10,782.72 |
| 24016401 | 240164 | 09/13/05 | $ | 12,402.72 |
| 24017201 | 240172 | 09/13/05 | $ | 10,782.72 |
| 24018001 | 240180 | 09/13/05 | $ | 13,927.20 |
| 24019101 | 240191 | 09/13/05 | $ | 10,234.00 |
| 24019301 | 240193 | 09/13/05 | $ | 13,927.20 |
| 24019901 | 240199 | 09/13/05 | $ | 12,402.72 |
| 24020501 | 240205 | 09/13/05 | $ | 12,345.00 |
| 24020901 | 240209 | 09/13/05 | $ | 13,737.60 |
| 24021901 | 240219 | 09/14/05 | $ | 13,927.20 |
| 24022001 | 240220 | 09/14/05 | $ | 12,345.00 |
| 24022901 | 240229 | 09/14/05 | $ | 10,915.20 |

**ThyssenKrupp Waupaca, Inc.**                                    Exhibit 1 Invoice Detail
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11  Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | Amount Due |
|---|---|---|---|
| 24026001 | 240260 | 09/14/05 | $ 12,402.72 |
| 24028901 | 240289 | 09/14/05 | $ 13,927.20 |
| 24031201 | 240312 | 09/14/05 | $ 12,402.72 |
| 24033701 | 240337 | 09/14/05 | $ 10,915.20 |
| 24034101 | 240341 | 09/14/05 | $ 13,737.60 |
| 24040001 | 240400 | 09/14/05 | $ 13,927.20 |
| 24041401 | 240414 | 09/14/05 | $ 10,915.20 |
| 24046901 | 240469 | 09/14/05 | $ 11,452.80 |
| 24051701 | 240517 | 09/14/05 | $ 12,402.72 |
| 24052001 | 240520 | 09/14/05 | $ 10,782.72 |
| 24052401 | 240524 | 09/14/05 | $ 15,050.00 |
| 24053701 | 240537 | 09/14/05 | $ 13,927.20 |
| 24055101 | 240551 | 09/14/05 | $ 10,782.72 |
| 24056401 | 240564 | 09/14/05 | $ 12,402.72 |
| 24056901 | 240569 | 09/15/05 | $ 12,398.40 |
| 24057401 | 240574 | 09/15/05 | $ 10,915.20 |
| 24058601 | 240586 | 09/15/05 | $ 10,915.20 |
| 24061301 | 240613 | 09/15/05 | $ 12,398.40 |
| 24062401 | 240624 | 09/15/05 | $ 12,402.72 |
| 24064901 | 240649 | 09/15/05 | $ 13,737.60 |
| 24067101 | 240671 | 09/15/05 | $ 10,915.20 |
| 24069001 | 240690 | 09/15/05 | $ 13,927.20 |
| 24076401 | 240764 | 09/15/05 | $ 12,402.72 |
| 24080801 | 240808 | 09/15/05 | $ 19,264.00 |
| 24081001 | 240810 | 09/16/05 | $ 12,032.76 |
| 24081101 | 240811 | 09/16/05 | $ 16,856.00 |
| 24087801 | 240878 | 09/15/05 | $ 10,915.20 |
| 24088001 | 240880 | 09/15/05 | $ 15,050.00 |
| 24089501 | 240895 | 09/15/05 | $ 10,915.20 |
| 24090701 | 240907 | 09/15/05 | $ 12,402.72 |
| 24091801 | 240918 | 09/15/05 | $ 10,782.72 |
| 24092401 | 240924 | 09/15/05 | $ 13,737.60 |
| 24093101 | 240931 | 09/15/05 | $ 11,974.80 |
| 24093701 | 240937 | 09/15/05 | $ 13,927.20 |
| 24094801 | 240948 | 09/16/05 | $ 13,054.50 |
| 24095701 | 240957 | 09/16/05 | $ 12,402.72 |
| 24099701 | 240997 | 09/16/05 | $ 9,876.00 |
| 24100201 | 241002 | 09/16/05 | $ 10,782.72 |
| 24105501 | 241055 | 09/16/05 | $ 13,054.50 |
| 24107001 | 241070 | 09/16/05 | $ 12,402.72 |
| 24107401 | 241074 | 09/16/05 | $ 10,915.20 |
| 24110001 | 241100 | 09/16/05 | $ 7,529.60 |
| 24113701 | 241137 | 09/16/05 | $ 10,915.20 |
| 24115001 | 241150 | 09/16/05 | $ 8,641.50 |
| 24118401 | 241184 | 09/16/05 | $ 12,642.00 |
| 24119801 | 241198 | 09/16/05 | $ 12,402.72 |
| 24120601 | 241206 | 09/16/05 | $ 11,974.80 |
| 24122501 | 241225 | 09/16/05 | $ 10,915.20 |
| 24123601 | 241236 | 09/16/05 | $ 12,402.72 |

**ThyssenKrupp Waupaca, Inc.**                                     Exhibit 1 Invoice Detail
Claim Assignment to Silver Point Capital
Delphi – Chapter 11  Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 24124001 | 241240 | 09/16/05 | $ | 10,782.72 |
| 24127601 | 241276 | 09/18/05 | $ | 12,345.00 |
| 24129101 | 241291 | 09/18/05 | $ | 12,345.00 |
| 24129901 | 241299 | 09/19/05 | $ | 13,927.20 |
| 24131101 | 241311 | 09/19/05 | $ | 12,402.72 |
| 24133001 | 241330 | 09/19/05 | $ | 12,402.72 |
| 24135101 | 241351 | 09/19/05 | $ | 13,054.50 |
| 24137801 | 241378 | 09/19/05 | $ | 12,402.72 |
| 24139201 | 241392 | 09/19/05 | $ | 12,402.72 |
| 24141501 | 241415 | 09/19/05 | $ | 12,402.72 |
| 24143701 | 241437 | 09/19/05 | $ | 12,402.72 |
| 24146101 | 241461 | 09/19/05 | $ | 12,742.40 |
| 24148601 | 241486 | 09/19/05 | $ | 12,402.72 |
| 24149801 | 241498 | 09/19/05 | $ | 10,782.72 |
| 24154501 | 241545 | 09/19/05 | $ | 12,642.00 |
| 24154801 | 241548 | 09/18/05 | $ | 13,927.20 |
| 24158301 | 241583 | 09/19/05 | $ | 12,345.00 |
| 24159001 | 241590 | 09/19/05 | $ | 12,402.72 |
| 24159501 | 241595 | 09/19/05 | $ | 12,402.72 |
| 24162601 | 241626 | 09/19/05 | $ | 13,927.20 |
| 24163301 | 241633 | 09/19/05 | $ | 11,974.80 |
| 24163601 | 241636 | 09/19/05 | $ | 12,402.72 |
| 24164801 | 241648 | 09/19/05 | $ | 12,345.00 |
| 24166001 | 241680 | 09/20/05 | $ | 10,915.20 |
| 24166101 | 241661 | 09/20/05 | $ | 12,402.72 |
| 24167601 | 241676 | 09/20/05 | $ | 10,915.20 |
| 24170201 | 241702 | 09/20/05 | $ | 10,915.20 |
| 24171201 | 241712 | 09/20/05 | $ | 12,402.72 |
| 24173501 | 241735 | 09/20/05 | $ | 12,345.00 |
| 24175801 | 241758 | 09/20/05 | $ | 12,402.72 |
| 24176601 | 241766 | 09/20/05 | $ | 12,345.00 |
| 24183901 | 241839 | 09/20/05 | $ | 12,402.72 |
| 24184501 | 241845 | 09/20/05 | $ | 12,345.00 |
| 24187701 | 241877 | 09/20/05 | $ | 10,915.20 |
| 24190401 | 241904 | 09/20/05 | $ | 13,737.60 |
| 24191001 | 241910 | 09/20/05 | $ | 12,642.00 |
| 24192501 | 241925 | 09/20/05 | $ | 12,402.72 |
| 24194101 | 241941 | 09/20/05 | $ | 12,402.72 |
| 24194701 | 241947 | 09/20/05 | $ | 10,782.72 |
| 24196101 | 241961 | 09/20/05 | $ | 11,974.80 |
| 24197301 | 241973 | 09/20/05 | $ | 12,402.72 |
| 24197801 | 241976 | 09/20/05 | $ | 12,402.72 |
| 24198501 | 241985 | 09/20/05 | $ | 10,782.72 |
| 24199201 | 241992 | 09/20/05 | $ | 12,345.00 |
| 24200001 | 242000 | 09/21/05 | $ | 10,782.72 |
| 24200301 | 242003 | 09/21/05 | $ | 13,927.20 |
| 24200901 | 242009 | 09/21/05 | $ | 12,402.72 |
| 24203701 | 242037 | 09/21/05 | $ | 12,402.72 |
| 24205501 | 242055 | 09/21/05 | $ | 10,782.72 |

**ThyssenKrupp Waupaca, Inc.**
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11  Bankruptcy - 10-08-05

Exhibit 1 Invoice Detail

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 24208301 | 242083 | 09/21/05 | $ | 13,927.20 |
| 24208501 | 242085 | 09/21/05 | $ | 12,402.72 |
| 24209101 | 242091 | 09/21/05 | $ | 17,295.40 |
| 24217101 | 242171 | 09/21/05 | $ | 12,402.72 |
| 24222301 | 242223 | 09/21/05 | $ | 10,915.20 |
| 24222501 | 242225 | 09/21/05 | $ | 12,642.00 |
| 24222701 | 242227 | 09/21/05 | $ | 10,915.20 |
| 24223401 | 242234 | 09/21/05 | $ | 13,054.50 |
| 24228101 | 242281 | 09/21/05 | $ | 11,974.80 |
| 24233901 | 242339 | 09/21/05 | $ | 12,402.72 |
| 24234401 | 242344 | 09/22/05 | $ | 12,402.72 |
| 24234501 | 242345 | 09/22/05 | $ | 12,402.72 |
| 24235001 | 242350 | 09/22/05 | $ | 10,915.20 |
| 24240901 | 242409 | 09/22/05 | $ | 10,915.20 |
| 24242101 | 242421 | 09/22/05 | $ | 12,345.00 |
| 24242201 | 242422 | 09/22/05 | $ | 12,345.00 |
| 24243101 | 242431 | 09/22/05 | $ | 10,915.20 |
| 24259301 | 242593 | 09/22/05 | $ | 10,782.72 |
| 24259501 | 242595 | 09/22/05 | $ | 12,402.72 |
| 24263101 | 242631 | 09/22/05 | $ | 8,428.00 |
| 24262901 | 242629 | 09/22/05 | $ | 13,737.60 |
| 24266801 | 242668 | 09/22/05 | $ | 12,402.72 |
| 24267001 | 242670 | 09/22/05 | $ | 13,737.60 |
| 24267201 | 242672 | 09/22/05 | $ | 12,345.00 |
| 24293501 | 242935 | 09/23/05 | $ | 16,856.00 |
| 24295301 | 242953 | 09/23/05 | $ | 12,345.00 |
| 24297301 | 242973 | 09/23/05 | $ | 12,402.72 |
| 24298701 | 242987 | 09/23/05 | $ | 11,974.80 |
| 24298801 | 242988 | 09/23/05 | $ | 12,924.00 |
| 24299501 | 242995 | 09/23/05 | $ | 10,915.20 |
| 24305501 | 243055 | 09/24/05 | $ | 10,915.20 |
| 24306201 | 243062 | 09/24/05 | $ | 10,915.20 |
| 24306801 | 243068 | 09/24/05 | $ | 12,402.72 |
| 24307301 | 243073 | 09/24/05 | $ | 10,915.20 |
| 24310701 | 243107 | 09/25/05 | $ | 11,452.80 |
| 24312001 | 243120 | 09/25/05 | $ | 10,782.72 |
| 24312101 | 243121 | 09/25/05 | $ | 10,782.72 |
| 24313501 | 243135 | 09/25/05 | $ | 11,974.80 |
| 24313901 | 243139 | 09/25/05 | $ | 10,915.20 |
| 24314601 | 243146 | 09/26/05 | $ | 12,402.72 |
| 24317701 | 243177 | 09/26/05 | $ | 11,452.80 |
| 24320401 | 243204 | 09/26/05 | $ | 10,915.20 |
| 24320501 | 243205 | 09/26/05 | $ | 12,402.72 |
| 24324801 | 243248 | 09/26/05 | $ | 12,345.00 |
| 24334601 | 243346 | 09/26/05 | $ | 12,345.00 |
| 24335401 | 243354 | 09/26/05 | $ | 13,054.50 |
| 24336601 | 243366 | 09/26/05 | $ | 12,345.00 |
| 24341301 | 243413 | 09/26/05 | $ | 12,402.72 |
| 24342001 | 243420 | 09/26/05 | $ | 12,642.00 |

**ThyssenKrupp Waupaca, Inc.**                                        Exhibit 1 Invoice Detail
Claim Assignment to Silver Point Capital
Delphi - Chapter 11  Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 24345001 | 243450 | 09/26/05 | $ | 12,345.00 |
| 24345101 | 243451 | 09/26/05 | $ | 12,402.72 |
| 24346901 | 243469 | 09/26/05 | $ | 10,782.72 |
| 24349701 | 243497 | 09/27/05 | $ | 12,402.72 |
| 24351101 | 243511 | 09/27/05 | $ | 12,402.72 |
| 24351501 | 243515 | 09/27/05 | $ | 12,402.72 |
| 24357701 | 243577 | 09/27/05 | $ | 12,402.72 |
| 24365301 | 243653 | 09/27/05 | $ | 10,915.20 |
| 24368701 | 243687 | 09/27/05 | $ | 10,915.20 |
| 24375201 | 243752 | 09/27/05 | $ | 10,782.72 |
| 24381301 | 243813 | 09/27/05 | $ | 10,915.20 |
| 24384101 | 243841 | 09/27/05 | $ | 10,782.72 |
| 24384401 | 243844 | 09/27/05 | $ | 10,915.20 |
| 24386501 | 243865 | 09/27/05 | $ | 11,974.80 |
| 24387301 | 243873 | 09/27/05 | $ | 12,402.72 |
| 24388601 | 243886 | 09/28/05 | $ | 12,402.72 |
| 24396701 | 243967 | 09/28/05 | $ | 12,402.72 |
| 24400801 | 244008 | 09/28/05 | $ | 10,782.72 |
| 24410001 | 244100 | 09/28/05 | $ | 17,096.60 |
| 24415601 | 244156 | 09/28/05 | $ | 10,915.20 |
| 24416801 | 244168 | 09/28/05 | $ | 13,737.60 |
| 24418101 | 244181 | 09/28/05 | $ | 10,782.72 |
| 24418201 | 244182 | 09/28/05 | $ | 10,915.20 |
| 24421801 | 244218 | 09/29/05 | $ | 12,402.72 |
| 24422301 | 244223 | 09/29/05 | $ | 13,927.20 |
| 24431101 | 244311 | 09/29/05 | $ | 13,927.20 |
| 24432101 | 244321 | 09/29/05 | $ | 12,345.00 |
| 24437501 | 244375 | 09/29/05 | $ | 12,402.72 |
| 24447401 | 244474 | 09/29/05 | $ | 12,402.72 |
| 24449401 | 244494 | 09/29/05 | $ | 12,345.00 |
| 24450301 | 244503 | 09/29/05 | $ | 12,642.00 |
| 24450601 | 244506 | 09/29/05 | $ | 12,345.00 |
| 24453001 | 244530 | 09/29/05 | $ | 10,915.20 |
| 24454601 | 244546 | 09/29/05 | $ | 12,402.72 |
| 24454901 | 244549 | 09/29/05 | $ | 11,974.80 |
| 24455501 | 244555 | 09/29/05 | $ | 11,974.80 |
| 24455901 | 244559 | 09/29/05 | $ | 10,782.72 |
| 24457301 | 244573 | 09/30/05 | $ | 10,915.20 |
| 89745301 | 897453 | 09/30/05 | $ | 261.00 |
| 24459201 | 244592 | 09/30/05 | $ | 10,782.72 |
| 24465301 | 244653 | 09/30/05 | $ | 12,402.72 |
| 24467301 | 244673 | 09/30/05 | $ | 12,402.72 |
| 24476901 | 244769 | 09/30/05 | $ | 12,345.00 |
| 24480501 | 244805 | 09/30/05 | $ | 13,630.00 |
| 24481201 | 244812 | 09/30/05 | $ | 12,642.00 |
| 24482201 | 244822 | 09/30/05 | $ | 10,915.20 |
| 24484101 | 244841 | 09/30/05 | $ | 10,915.20 |
| 24485401 | 244854 | 09/30/05 | $ | 10,915.20 |
| 24493701 | 244937 | 10/03/05 | $ | 12,402.72 |

**ThyssenKrupp Waupaca, Inc.**                              Exhibit 1 Invoice Detail
Claim Assignment to Silver Point Capital
Delphi - Chapter 11  Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 24494601 | 244946 | 10/03/05 | $ | 12,402.72 |
| 24495001 | 244950 | 10/03/05 | $ | 12,402.72 |
| 24499201 | 244992 | 10/03/05 | $ | 10,782.72 |
| 24503601 | 245036 | 10/03/05 | $ | 12,402.72 |
| 24504201 | 245042 | 10/03/05 | $ | 10,915.20 |
| 24513801 | 245138 | 10/03/05 | $ | 16,906.40 |
| 24514101 | 245141 | 10/03/05 | $ | 10,915.20 |
| 24519201 | 245192 | 10/03/05 | $ | 11,452.80 |
| 24520401 | 245204 | 10/03/05 | $ | 10,782.72 |
| 24522201 | 245222 | 10/03/05 | $ | 16,254.00 |
| 24522401 | 245224 | 10/03/05 | $ | 14,081.04 |
| 24525001 | 245250 | 10/03/05 | $ | 12,402.72 |
| 24527401 | 245274 | 10/03/05 | $ | 10,915.20 |
| 24529401 | 245294 | 10/03/05 | $ | 10,915.20 |
| 24529601 | 245296 | 10/03/05 | $ | 11,974.80 |
| 24530501 | 245305 | 10/03/05 | $ | 12,402.72 |
| 24531501 | 245315 | 10/03/05 | $ | 12,345.00 |
| 24532401 | 245324 | 10/04/05 | $ | 12,402.72 |
| 24532801 | 245328 | 10/04/05 | $ | 12,402.72 |
| 24539101 | 245391 | 10/04/05 | $ | 12,402.72 |
| 24539501 | 245395 | 10/04/05 | $ | 10,782.72 |
| 24540901 | 245409 | 10/04/05 | $ | 10,915.20 |
| 24550601 | 245506 | 10/04/05 | $ | 12,345.00 |
| 24555001 | 245550 | 10/04/05 | $ | 17,458.00 |
| 24556201 | 245562 | 10/04/05 | $ | 10,915.20 |
| 24560401 | 245604 | 10/04/05 | $ | 12,402.72 |
| 24560501 | 245605 | 10/04/05 | $ | 13,927.20 |
| 24560901 | 245609 | 10/04/05 | $ | 10,915.20 |
| 24563601 | 245636 | 10/04/05 | $ | 10,915.20 |
| 24568101 | 245681 | 10/04/05 | $ | 12,345.00 |
| 24571601 | 245716 | 10/05/05 | $ | 10,915.20 |
| 24572501 | 245725 | 10/05/05 | $ | 10,782.72 |
| 24576001 | 245780 | 10/05/05 | $ | 12,402.72 |
| 24581101 | 245811 | 10/05/05 | $ | 13,900.80 |
| 24590101 | 245901 | 10/05/05 | $ | 10,915.20 |
| 24590401 | 245904 | 10/05/05 | $ | 10,915.20 |
| 24591301 | 245913 | 10/05/05 | $ | 10,782.72 |
| 24592501 | 245925 | 10/05/05 | $ | 7,407.00 |
| 24592701 | 245927 | 10/05/05 | $ | 12,398.40 |
| 24597501 | 245975 | 10/05/05 | $ | 16,856.00 |
| 24598901 | 245989 | 10/05/05 | $ | 12,402.72 |
| 24599501 | 245995 | 10/05/05 | $ | 13,927.20 |
| 24599701 | 245997 | 10/05/05 | $ | 10,782.72 |
| 24602301 | 246023 | 10/05/05 | $ | 12,345.00 |
| 24604101 | 246041 | 10/05/05 | $ | 10,915.20 |
| 24604901 | 246049 | 10/06/05 | $ | 10,915.20 |
| 24605401 | 246054 | 10/06/05 | $ | 10,915.20 |
| 24607701 | 246077 | 10/06/05 | $ | 11,110.50 |
| 24608501 | 246085 | 10/06/05 | $ | 10,782.72 |

**ThyssenKrupp Waupaca, Inc.**
Claim Assignment to Silver Point Capital
Delphi - Chapter 11  Bankruptcy - 10-08-05

Exhibit 1 Invoice Detail

| Invoice Number | Packing Slip Number | Shipment Date | Amount Due |
|---|---|---|---|
| 24611101 | 246111 | 10/06/05 | $ 12,402.72 |
| 24613201 | 246132 | 10/06/05 | $ 10,782.72 |
| 24613601 | 246136 | 10/06/05 | $ 11,974.80 |
| 24624701 | 246247 | 10/06/05 | $ 12,402.72 |
| 24627301 | 246273 | 10/06/05 | $ 7,407.00 |
| 24627801 | 246278 | 10/06/05 | $ 12,486.24 |
| 24629601 | 246296 | 10/06/05 | $ 12,402.72 |
| 24631401 | 246314 | 10/06/05 | $ 13,737.60 |
| 24636201 | 246362 | 10/06/05 | $ 16,856.00 |
| 24636901 | 246369 | 10/06/05 | $ 11,452.80 |
| 24639501 | 246395 | 10/06/05 | $ 11,974.80 |
| 24640201 | 246402 | 10/06/05 | $ 13,737.60 |
| 24642201 | 246422 | 10/06/05 | $ 12,345.00 |
| 24642401 | 246424 | 10/06/05 | $ 12,402.72 |
| 24642601 | 246426 | 10/06/05 | $ 12,402.72 |
| 24644901 | 246449 | 10/07/05 | $ 12,402.72 |
| 24645801 | 246458 | 10/07/05 | $ 12,402.72 |
| 24647901 | 246479 | 10/07/05 | $ 7,407.00 |
| 24652301 | 246523 | 10/07/05 | $ 10,915.20 |
| 24655701 | 246557 | 10/07/05 | $ 12,670.40 |
| 24653301 | 246533 | 10/07/05 | $ 10,915.20 |
| 24654601 | 246546 | 10/07/05 | $ 10,782.72 |
| 24663201 | 246632 | 10/07/05 | $ 11,974.80 |
| 24668001 | 246680 | 10/07/05 | $ 10,782.72 |
| 24668701 | 246687 | 10/07/05 | $ 11,452.80 |
| 24671401 | 246714 | 10/07/05 | $ 16,856.00 |
| 24671501 | 246715 | 10/07/05 | $ 10,915.20 |
| 24672101 | 246721 | 10/07/05 | $ 10,915.20 |
| 24674001 | 246740 | 10/07/05 | $ 12,402.72 |
| 24674201 | 246742 | 10/07/05 | $ 12,345.00 |
| 24678401 | 246784 | 10/07/05 | $ 13,737.60 |
| 24680201 | 246802 | 10/08/05 | $ 12,345.00 |
| 24682501 | 246825 | 10/08/05 | $ 12,345.00 |

*Sub Total of Invoices for Delphi Energy and Chassis - U.S.*    $ 5,824,520.26
*as of 11-17-05*

**ThyssenKrupp Waupaca, Inc.**                                      Exhibit 1 Invoice Detail
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11 Bankruptcy - 10-08-05

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 89485101 | 894851 | 7/31/2005 | $ | 1,694.55 |
| 23401201 | 234012 | 8/19/2005 | $ | 13,251.60 |
| 23516901 | 235169 | 8/24/2005 | $ | 10,586.16 |
| 23517401 | 235174 | 8/24/2005 | $ | 13,251.60 |
| 23580801 | 235808 | 8/26/2005 | $ | 13,251.60 |
| 23635401 | 236354 | 8/29/2005 | $ | 10,586.16 |
| 23684901 | 236849 | 8/31/2005 | $ | 10,586.16 |
| 23706001 | 237060 | 8/31/2005 | $ | 13,251.60 |
| 23737401 | 237374 | 9/1/2005 | $ | 14,482.80 |
| 23761901 | 237619 | 9/2/2005 | $ | 11,964.24 |
| 23851401 | 238514 | 9/7/2005 | $ | 11,681.28 |
| 23851601 | 238516 | 9/7/2005 | $ | 11,692.80 |
| 23856901 | 238569 | 9/7/2005 | $ | 11,681.28 |
| 23920201 | 239202 | 9/9/2005 | $ | 14,482.80 |
| 23969501 | 239695 | 9/12/2005 | $ | 11,379.60 |
| 23978301 | 239783 | 9/12/2005 | $ | 11,681.28 |
| 23978701 | 239787 | 9/12/2005 | $ | 12,348.32 |
| 23989901 | 239899 | 9/13/2005 | $ | 11,692.80 |
| 24056301 | 240563 | 9/14/2005 | $ | 12,522.24 |
| 24056701 | 240567 | 9/14/2005 | $ | 11,692.80 |
| 24054001 | 240540 | 9/14/2005 | $ | 14,482.80 |
| 24078001 | 240780 | 9/15/2005 | $ | 14,482.80 |
| 24083301 | 240833 | 9/15/2005 | $ | 12,522.24 |
| 24081501 | 240815 | 9/15/2005 | $ | 11,681.28 |
| 24113801 | 241138 | 9/16/2005 | $ | 11,692.80 |
| 24115201 | 241152 | 9/16/2005 | $ | 11,692.80 |
| 24117401 | 241174 | 9/16/2005 | $ | 11,692.80 |
| 24121001 | 241210 | 9/16/2005 | $ | 11,692.80 |
| 24188501 | 241885 | 9/20/2005 | $ | 11,692.80 |
| 24191601 | 241916 | 9/20/2005 | $ | 11,692.80 |
| 24193201 | 241932 | 9/20/2005 | $ | 12,522.24 |
| 24207801 | 242078 | 9/21/2005 | $ | 11,681.28 |
| 24211401 | 242114 | 9/21/2005 | $ | 13,141.80 |
| 24233201 | 242332 | 9/21/2005 | $ | 12,522.24 |
| 24270901 | 242709 | 9/23/2005 | $ | 11,692.80 |
| 24281501 | 242815 | 9/23/2005 | $ | 10,956.96 |
| 24286201 | 242862 | 9/23/2005 | $ | 11,692.80 |
| 24287001 | 242870 | 9/23/2005 | $ | 11,692.80 |
| 24282401 | 242824 | 9/23/2005 | $ | 14,482.80 |
| 24293101 | 242931 | 9/23/2005 | $ | 11,681.28 |
| 24438201 | 244382 | 9/29/2005 | $ | 11,739.60 |
| 24438601 | 244386 | 9/29/2005 | $ | 14,482.80 |
| 24447101 | 244471 | 9/29/2005 | $ | 13,797.00 |
| 24468201 | 244682 | 9/30/2005 | $ | 11,739.60 |
| 24480001 | 244800 | 9/30/2005 | $ | 13,797.00 |
| 24486301 | 244863 | 9/30/2005 | $ | 11,681.28 |
| 89747201 | 897472 | 9/30/2005 | $ | 126.05 |
| 24513501 | 245135 | 10/3/2005 | $ | 13,797.00 |

**ThyssenKrupp Waupaca, Inc.**
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11  Bankruptcy - 10-08-05

Exhibit 1 Invoice Detail

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 24512701 | 245127 | 10/3/2005 | $ | 14,482.80 |
| 24605701 | 246057 | 10/6/2005 | $ | 14,482.80 |
| 24633501 | 246335 | 10/6/2005 | $ | 13,797.00 |
| 24634201 | 246342 | 10/6/2005 | $ | 13,797.00 |
| 24642701 | 246427 | 10/6/2005 | $ | 11,739.60 |
| 24676101 | 246761 | 10/7/2005 | $ | 11,681.28 |
| 24677901 | 246779 | 10/7/2005 | $ | 11,739.60 |
| 24678801 | 246788 | 10/7/2005 | $ | 13,797.00 |
| 24680601 | 246806 | 10/8/2005 | $ | 3,130.56 |
| *Sub Total of Invoices for Delphi Energy and  Chassis - Mexico* | | | $ | 678,962.56 |
| *as of 11-17-05* | | | | |

**ThyssenKrupp Waupaca, Inc.**
**Claim Assignment to Silver Point Capital**
Delphi - Chapter 11  Bankruptcy - 10-08-05

Exhibit 1 Invoice Detail

| Invoice Number | Packing Slip Number | Shipment Date | Amount Due |
|---|---|---|---|
| 89318401 | 893184 | 6/20/2005 | $ 2,100.00 |
| 89385701 | 893857 | 7/12/2005 | $ 25,770.00 |
| 23718101 | 237181 | 9/1/2005 | $ 8,019.00 |
| 23718201 | 237182 | 9/1/2005 | $ 6,682.50 |
| 23745301 | 237453 | 9/1/2005 | $ 5,346.00 |
| 23745401 | 237454 | 9/1/2005 | $ 9,355.50 |
| 23787901 | 237879 | 9/6/2005 | $ 9,355.50 |
| 23788001 | 237880 | 9/6/2005 | $ 8,019.00 |
| 23819501 | 238195 | 9/6/2005 | $ 8,019.00 |
| 23819601 | 238196 | 9/6/2005 | $ 9,355.50 |
| 23853201 | 238532 | 9/7/2005 | $ 8,019.00 |
| 23853301 | 238533 | 9/7/2005 | $ 9,355.50 |
| 23892301 | 238923 | 9/8/2005 | $ 5,346.00 |
| 23892401 | 238924 | 9/8/2005 | $ 10,692.00 |
| 23942901 | 239429 | 9/11/2005 | $ 8,019.00 |
| 23943001 | 239430 | 9/11/2005 | $ 9,355.50 |
| 23981501 | 239815 | 9/12/2005 | $ 8,019.00 |
| 23981601 | 239816 | 9/12/2005 | $ 9,355.50 |
| 24018101 | 240181 | 9/13/2005 | $ 8,019.00 |
| 24018201 | 240182 | 9/13/2005 | $ 9,355.50 |
| 24053501 | 240535 | 9/14/2005 | $ 8,019.00 |
| 24053601 | 240536 | 9/14/2005 | $ 9,355.50 |
| 24090401 | 240904 | 9/15/2005 | $ 8,019.00 |
| 24090501 | 240905 | 9/15/2005 | $ 9,355.50 |
| 24131201 | 241312 | 9/19/2005 | $ 3,344.22 |
| 24131301 | 241313 | 9/19/2005 | $ 4,009.50 |
| 24165001 | 241650 | 9/19/2005 | $ 9,355.50 |
| 24165101 | 241651 | 9/19/2005 | $ 13,365.00 |
| 24195601 | 241956 | 9/20/2005 | $ 8,019.00 |
| 24195701 | 241957 | 9/20/2005 | $ 9,355.50 |
| 24229901 | 242299 | 9/21/2005 | $ 9,355.50 |
| 24230001 | 242300 | 9/21/2005 | $ 10,692.00 |
| 24265601 | 242656 | 9/22/2005 | $ 8,019.00 |
| 24265701 | 242657 | 9/22/2005 | $ 9,355.50 |
| 24321501 | 243215 | 9/26/2005 | $ 8,019.00 |
| 24321601 | 243216 | 9/26/2005 | $ 9,355.50 |
| 24347701 | 243477 | 9/26/2005 | $ 9,355.50 |
| 24347801 | 243478 | 9/26/2005 | $ 9,355.50 |
| 24384701 | 243847 | 9/27/2005 | $ 9,355.50 |
| 24384801 | 243848 | 9/27/2005 | $ 9,355.50 |
| 24419301 | 244193 | 9/28/2005 | $ 9,355.50 |
| 24419401 | 244194 | 9/28/2005 | $ 9,355.50 |
| 24454401 | 244544 | 9/29/2005 | $ 9,355.50 |
| 24454501 | 244545 | 9/29/2005 | $ 9,355.50 |
| 24498301 | 244983 | 10/3/2005 | $ 5,346.00 |
| 24498401 | 244984 | 10/3/2005 | $ 5,132.16 |
| 24531601 | 245316 | 10/4/2005 | $ 8,019.00 |
| 24540001 | 245400 | 10/4/2005 | $ 9,355.50 |

**ThyssenKrupp Waupaca, Inc.**
**Claim Assignment to Silver Point Capital**
Delphi – Chapter 11  Bankruptcy – 10-08-05

Exhibit 1 Invoice Detail

| Invoice Number | Packing Slip Number | Shipment Date | | Amount Due |
|---|---|---|---|---|
| 24540101 | 245401 | 10/4/2005 | $ | 9,355.50 |
| 24564601 | 245646 | 10/4/2005 | $ | 9,355.50 |
| 24564701 | 245647 | 10/4/2005 | $ | 9,355.50 |
| 24600301 | 246003 | 10/5/2005 | $ | 9,355.50 |
| 24600401 | 246004 | 10/5/2005 | $ | 9,355.50 |
| 24640701 | 246407 | 10/6/2005 | $ | 9,830.25 |
| 24640801 | 246408 | 10/6/2005 | $ | 18,711.00 |

*Sub Total of Invoices for Delphi Saginaw Steering - U.S.*
*as of 11-17-05*

| | |
|---|---|
| $ | 492,567.63 |

**Total Invoices to Silver Point Capital - ThyssenKrupp Waupaca, Inc.**
**as of 11-17-05**

| | |
|---|---|
| $ | 6,996,050.45 |

Exhibit 1 Invoice Detail

## ThyssenKrupp Stahl Company
Claim Assignment to Silver Point Capital
Delphi - Chapter 11 Bankruptcy - 10-06-05

| Shipper | Invoice | Date | | Amount Due | Set to Pay | | Bill To | Ship To |
|---|---|---|---|---|---|---|---|---|
| 0292507359 | 92501359 | 08/05/2005 | RV | 21,442.00 | USD | 12-31-2049 | Delphi Chassis,PO Box 1042, Dayton Oh | Delphi Chassis Systems,Attn Marilyn Trappe - MS 1-C6, Dayton OH |
| 0292501950 | 92501360 | 08/05/2005 | RV | 3,385.00 | USD | 12-31-2049 | Delphi Chassis,PO Box 1042, Dayton Oh | Delphi Chassis Systems,Attn Marilyn Trappe - MS 1-C6, Dayton OH |
| 0081381858 | 92510760 | 08/23/2005 | RV | 21,363.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34063, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 0081381859 | 92510781 | 08/23/2005 | RV | 4,628.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34063, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 0081381860 | 92510782 | 08/23/2005 | RV | 5,538.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34063, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 0081384247 | 92511873 | 08/26/2005 | RV | 14,300.16 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081384248 | 92515041 | 08/29/2005 | RV | 8,820.50 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34063, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 0081384189 | 92516182 | 08/29/2005 | RV | 4,446.84 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Saginaw Steering Plant 21, CISCO244021 Hwy 31 South, Athens AL |
| 0081385139 | 92516376 | 08/31/2005 | RV | 1,314.72 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081385138 | 92518396 | 08/31/2005 | RV | 23,275.17 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081386719 | 92518973 | 08/31/2005 | RV | 2,676.70 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081385138 | 92518973 | 09/01/2005 | RV | 11,934.34 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081386373 | 92519929 | 09/02/2005 | RV | 1,149.70 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 346 | 92519929 | 09/02/2005 | RV | 3,946.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081387103 | 92516635 | 09/06/2005 | RV | 6,128.10 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34063, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 0081387221 | 92532109 | 09/06/2005 | RV | 3,987.36 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081387220 | 92532107 | 09/06/2005 | RV | 4,511.64 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081387213 | 92532108 | 09/06/2005 | RV | 10,853.10 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081387774 | 92532112 | 09/07/2005 | RV | 26,217.74 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081387772 | 92521218 | 09/07/2005 | RV | 76,462.24 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Saginaw Steering Plant 21, CISCO244021 Hwy 31 South, Athens AL |
| 0081387777 | 92520670 | 09/07/2005 | RV | 2,242.72 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081387771 | 92520669 | 09/07/2005 | RV | 3,687.50 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 346 | 92520671 | 09/07/2005 | RV | 22,031.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081388363 | 92520672 | 09/07/2005 | RV | 7,318.65 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081388308 | 92521215 | 09/07/2005 | RV | 6,953.72 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081388331 | 92521216 | 09/08/2005 | RV | 3,987.36 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 347 | 92521214 | 09/08/2005 | RV | 5,522.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081388663 | 92521977 | 09/09/2005 | RV | 3,887.39 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081388666 | 92521976 | 09/09/2005 | RV | 2,080.28 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081388667 | 92521978 | 09/09/2005 | RV | 7,011.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081388667 | 92521979 | 09/09/2005 | RV | 7,930.56 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081389540 | 92522372 | 09/12/2005 | RV | 74,556.08 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081389562 | 92522348 | 09/12/2005 | RV | 3,830.45 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081389584 | 92522370 | 09/12/2005 | RV | 10,045.08 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081385509 | 92522369 | 09/12/2005 | RV | 21,313.50 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Saginaw Steering Plant 21, CISCO244021 Hwy 31 South, Athens AL |
| 348 | 92522371 | 09/12/2005 | RV | 4,422.16 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081390130 | 92525162 | 09/13/2005 | RV | 8,902.76 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34063, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 0081390167 | 92525166 | 09/14/2005 | RV | 15,677.52 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081391180 | 92525165 | 09/14/2005 | RV | 5,899.44 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081391185 | 92527017 | 09/16/2005 | RV | 1,116.58 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 352 | 92527016 | 09/19/2005 | RV | 22,876.90 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 352 | 92527017 | 09/19/2005 | RV | 7,966.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081391748 | 92528486 | 09/16/2005 | RV | 5,534.94 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081391753 | 92528487 | 09/16/2005 | RV | 2,562.35 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081391756 | 92528488 | 09/16/2005 | RV | 4,522.27 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 353 | 92528488 | 09/16/2005 | RV | 7,896.10 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081392416 | 92532259 | 09/19/2005 | RV | 38,730.86 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34063, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 0081392418 | 92532258 | 09/19/2005 | RV | 2,658.24 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 354 | 92532261 | 09/20/2005 | RV | 2,470.10 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081392999 | 92532254 | 09/20/2005 | RV | 5,896.62 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0081393252 | 92532335 | 09/20/2005 | RV | 36,724.82 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi EAC 34083, C/O Ryder San Antonio DDC, 9440 Ball St, San Antonio TX |
| 355 | 92532336 | 09/20/2005 | RV | 1,974.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement,PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |

| Doc # | Ref # | Type | Date | Amount | Cur | Terms | Disbursement | Ship-To |
|---|---|---|---|---|---|---|---|---|
| 0061393666 | 925353560 | RV | 09/21/2005 | 5,316.48 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061393694 | 925353559 | RV | 09/21/2005 | 33,074.33 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061394143 | 925354101 | RV | 09/22/2005 | 3,811.89 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061394176 | 925354100 | RV | 09/22/2005 | 36,225.01 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061394253 | 925354102 | RV | 09/22/2005 | 51,461.27 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 356 | 925354089 | RV | 09/22/2005 | 5,922.60 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Saginaw Steering Plant 21, CISCO#44021 Hwy 31 South, Athens AL |
| 0061394837 | 925354767 | RV | 09/23/2005 | 3,664.31 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061394856 | 925354768 | RV | 09/23/2005 | 24,089.70 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 357 | 925354766 | RV | 09/23/2005 | 9,884.36 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061395516 | 925359103 | RV | 09/26/2005 | 3,857.36 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061395530 | 925359216 | RV | 09/26/2005 | 14,872.86 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 358 | 925359215 | RV | 09/26/2005 | 9,870.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061396076 | 925359339 | RV | 09/27/2005 | 5,316.48 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061396121 | 925359338 | RV | 09/27/2005 | 2,389.44 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061396172 | 925359340 | RV | 09/27/2005 | 22,025.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 359 | 925359337 | RV | 09/27/2005 | 1,358.10 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Saginaw Steering Plant 21, CISCO#44021 Hwy 31 South, Athens AL |
| 0061396733 | 925357221 | RV | 09/28/2005 | 3,096.89 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061396739 | 925357222 | RV | 09/28/2005 | 2,143.16 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 360 | 925357223 | RV | 09/28/2005 | 8,786.07 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397330 | 925357920 | RV | 09/28/2005 | 2,331.60 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397331 | 925357837 | RV | 09/28/2005 | 3,946.02 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397341 | 925357838 | RV | 09/28/2005 | 3,264.42 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397344 | 925357840 | RV | 09/28/2005 | 5,307.25 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 361 | 925357841 | RV | 09/28/2005 | 3,784.63 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Saginaw Steering Plant 21, CISCO#44021 Hwy 31 South, Athens AL |
| 0061397838 | 925357343 | RV | 09/29/2005 | 19,020.48 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397839 | 925357844 | RV | 09/29/2005 | 9,641.60 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397893 | 925357843 | RV | 09/29/2005 | 5,316.48 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397894 | 925358713 | RV | 09/30/2005 | 2,441.64 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061397895 | 925358714 | RV | 09/30/2005 | 15,624.60 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 362 | 925358711 | RV | 09/30/2005 | 15,360.64 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061398711 | 925359081 | RV | 10/03/2005 | 2,715.64 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061398713 | 925359091 | RV | 10/03/2005 | 41,670.54 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061398614 | 925359081 | RV | 10/03/2005 | 7,102.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061398636 | 925359061 | RV | 10/03/2005 | 12,054.00 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 363 | 925358911 | RV | 10/04/2005 | 5,422.25 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061399152 | 925359916 | RV | 10/04/2005 | 2,331.60 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061399158 | 925359616 | RV | 10/04/2005 | 28,327.04 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061399603 | 925359140 | RV | 10/05/2005 | 4,074.53 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061399676 | 925340158 | RV | 10/05/2005 | 7,085.92 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 364 | 925340159 | RV | 10/05/2005 | 3,981.68 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 614120308 | | RV | 10/06/2005 | 4,446.33 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 614020241 | 925341442 | RV | 10/06/2005 | 23,616.39 | USD | 12-31-2049 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |

**SUB TOTAL OF INVOICES TO BE PAID 12-31-2049 - per Delphi's E-DACOR**   1,268,156.56

| Doc # | Ref # | Type | Date | Amount | Cur | Terms | Disbursement | Ship-To |
|---|---|---|---|---|---|---|---|---|
| 0061398073 | 925358220 | RV | 9/27/2005 | 3,470.10 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061398098 | 925358233 | RV | 10/4/2005 | 8,471.02 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061399597 | 925354139 | RV | 10/5/2005 | 39,555.06 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061399697 | 925354446 | RV | 10/7/2005 | 47,654.76 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061400752 | 925354447 | RV | 10/7/2005 | 5,420.16 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061400754 | 925354449 | RV | 10/17/2005 | 22,223.60 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 0061400756 | 925341446 | RV | 10/17/2005 | 9,885.19 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |
| 365 | 925341435 | RV | 10/17/2005 | 15,946.56 | USD | 12/2/2005 | Delphi Chassis, EAG Disbursement, PO Box 1550, Flint MI | Delphi Chassis Needmore, Plant 6 Dock 89, 3100 Needmore, Dayton OH |

**SUB TOTAL OF INVOICES TO BE PAID 12-2-2005 - per Delphi's E-DACOR**   152,201.95

**TOTAL INVOICES ASSIGNED TO SILVER POINT CAPITAL - THYSSENKRUPP STAHL, AS OF 11-16-2005**   1,444,088.91

ThyssenKrupp Waupaca

November 18, 2005

**EXHIBIT B**
**TO CLAIMS PUT AGREEMENT**

**ASSIGNMENT OF CLAIM**

<u>VIA EMAIL, FAX AND COURIER</u>
SPCP Group, L.L.C. as Agent
2 Greenwich Plaza
Greenwich, Connecticut 06830
Attn: Brian Jarmain

Ladies and Gentlemen:

　　　Reference is made to the Claims Put Agreement (the "Put Agreement") dated as of August 19, 2005 by and between THYSSENKRUPP WAUPACA, INC. and subsidiaries ("Assignor") and SPCP Group, L.L.C. as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. ("Assignee"). Terms used but not defined herein have the meanings stated in the Put Agreement.
　　　Enclosed is the Assignment of Claim from ThyssenKrupp Waupaca, Inc. and subsidiaries for the Claims Put Agreement dated August 19, 2005 regarding Delphi Automotive Systems L.L.C. et al. receivables.

　　　Please confirm receipt of this notice

THYSSENKRUPP WAUPACA, INC. and subsidiaries

By: _____
　　John Cowden, Chief Financial and Administrative Officer