# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

In re                     :      Chapter 11

DELPHI CORPORATION, et al.,  :      Case No. 05–44481 (RDD)

              Debtors.    :      (Jointly Administered)
                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GENERAL POWER OF ATTORNEY

To:    Jason J. DeJonker, McDermott Will & Emery LLP, 227 West Monroe Street, Chicago, Illinois  60606-5096

      Heraeus, Inc. (the "Company") hereby authorizes you, or any one of you, as attorneys in fact for the undersigned and with full power of substitution, to vote or take any action with respect to the Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization in the above-captioned cases and to take all actions associated therewith.

      This Power of Attorney shall have a retroactive effect to January 7, 2008 and shall ratify the direction from the Company which (i) requested that McDermott Will & Emery LLP as the Company's attorney in fact act as the Company's authorized representative for purposes of signing, completing and serving the Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization on behalf of the Company (the "Subject Cure Notice," a copy of which is attached hereto as **Exhibit A**) and informed McDermott on how to complete the Subject Cure Notice; and (ii) ratify the actions taken by McDermott Will & Emery LLP in connection therewith.

Dated: February 15, 2008

                    Signed: _John O. Burnson_

                    Name of Signatory: _John O. Burdsall_

                    Title/Office of Signatory: _President_

                    Address:  Heraeus Incorporated
                              540 Madison Avenue
                              New York, New York 10022

Acknowledged before me on February 15, 2008, by _John Burdsall_, who says that he/she is the President of the corporation named above and is authorized to execute this power of attorney on its behalf.

                    By: _David J. Faust_
                    Name: _____
                    Notary Public, State of _____
                    No. _____
                    Commission Expires: _____

                        DAVID J. FAUST
                  Notary Public, State of New York
                      No. 02FA6245750
                  Qualified in Westchester County
              Certificate Filed in New York County
               Commission Expires Feb. 28, 2011

CHI99 4943215-1.061461.0010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
                In re                                 :    Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :    Case No. 05-44481 (RDD)
                                                      :
                             Debtors.                 :    (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

Step 1

Please check one of the boxes below:

☐          Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☒          No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

<u>Step 2</u>

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[ X ]    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

<u>Step 3</u>

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD00126456363    CN00564

0544481071220105251000621

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: HERAEUS, INC.

By: _____

Print Name: Jason J. DeJonker

Title:       McDermott Will & Emery LLP
             Attorney in Fact

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD001264563                                                    CN00564
0544481071220105251000621

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
 John Wm. Butler, Jr. (JB 4711)
 George N. Panagakis (GP 0770)
 Ron E. Meisler (RM 3026)
 Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

 Kayalyn A. Marafioti (KM 9632)
 Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

RD001264563

CN00564

0544481071220105251000621

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550040272 | $1,296.00 |
| D0550040903 | $19,521.60 |
| D0550041136 | $185,654.36 |
| D0550041561 | $64,142.40 |
| D0550041600 | $0.00 |
| D0550042766 | $78,587.52 |
| D0550044238 | $410.00 |
| D0550044777 | $373.50 |
| D0550049071 | $12,364.80 |
| D0550052582 | $1,324.00 |
| D0550058872 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD001264563                                    CN00564
0544481071220105251000621

## ASSIGNMENT OF CLAIM

This ASSIGNMENT OF CLAIM AGREEMENT (this "Agreement"), dated May 4, 2007 is by and between LIQUIDITY SOLUTIONS, INC., with offices at One University Plaza, Hackensack, New Jersey 07601 ("Assignor") and SPCP GROUP, L.L.C., with offices at Two Greenwich Plaza, Greenwich, Connecticut 06830 ("Assignee").

In consideration of Assignor's receipt of an amount equal to the product of (i) the Purchased Claim Amount (as identified on Annex I hereto) and (ii) those certain percentages set forth on Annex I hereto (the "Purchase Rate"), between Assignor and Assignee (the "Purchase Price"), Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee, except as expressly set forth herein, all of its right, title and interest as of the Assignment Effective Date (as defined below) in and to (i) the claims of Assignor identified in Annex I hereto (collectively, the "Claim"), against Delphi Automotive Systems LLC and Delphi Mechatronic Systems, Inc., as more fully set forth in the "Debtor Obligor" column of Annex I hereto (collectively, the "Debtor"), including all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing, and all of Assignor's rights and benefits arising under or related to any of the foregoing, including, without limitation, Assignor's right to vote and to receive all cash, securities, instruments and other property which might be issued or distributed to Assignor in connection with the Debtor's bankruptcy case in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), jointly administered under case no. 05-44640 ("Bankruptcy Case") or any other court with jurisdiction over the Bankruptcy Case, and (ii) those certain Assignment of Claim and/or Transfer of Claim agreements, which are attached hereto as Exhibit "A" and "B," (each a "Prior Owner Agreement," and collectively, the "Prior Owner Agreements"), between Assignor and the respective prior owners, identified on Annex I (the "Prior Owners") of each of the claims comprising the Claim. Assignee understands and agrees that (i) Assignor has not yet executed the Prior Owner Agreements nor has paid each Prior Owner the respective purchase price provided for thereunder as of the date hereof, but will do so substantially contemporaneous with the closing with respect to this Agreement and (ii) Assignee will pay the Purchase Price hereunder in the amount of $▓▓▓▓▓▓ to Assignor by wire transfer of immediately available funds to Assignor's account set forth on Annex I hereto on or before May 7, 2007 at 5:00 p.m. (Eastern Daylight Time). The later of the times and dates that that the amounts set forth in clauses (i) and (ii) of the immediately preceding sentence are paid to the Prior Owner and Assignor, respectively, is hereinafter referred to as the "Assignment Effective Date".

Assignee expressly assumes all of Assignor's obligations in, to and under the Prior Owner Agreements, including without limitation, any obligation Assignor may have under any of the Prior Owner Agreements to purchase all or a portion of the Claim in excess of the Purchased Claim Amount ("Excess Claim"). If Assignee (x) is obligated, pursuant to any of the Prior Owner Agreements, to purchase an Excess Claim, or (y) exercises an option under any Prior Owner Agreement to purchase an Excess Claim then, in addition to the payment Assignee is obligated to make to the relevant Prior Owners pursuant to the relevant Prior Owner Agreement, Assignee is hereby obligated to pay Assignor, in immediate available funds, an

NYC:153563.1

amount equal to the product of: (i) the difference between (a) the applicable Purchase Rate, and (b) the purchase rate set forth in the relevant Prior Owner Agreement (as determined by dividing the purchase price under such Prior Owner Agreement by the amount of the Claim identified in Annex I hereto (the "Prior Owner Purchase Rate")), and (ii) such Excess Claim (the "Excess Purchase Price"). Assignee hereby agrees to pay the Excess Purchase Price to the Assignor no later than the date Assignee is required to pay the Prior Owner for such Excess Claim pursuant to the Prior Owner Agreements.

If a Prior Owner is obligated to refund all or a portion of the purchase price paid by Assignor under the respective Prior Owner Agreement to such Prior Owner with respect to all or a portion of the Claim, and Assignee demands such amount from such Prior Owner, then within ten (10) business days after Assignor's receipt of a copy of Assignee's demand to such Prior Owner, Assignor shall pay to the Assignee the product of: (i) the difference between (a) the applicable Purchase Rate, and (b) the Prior Owner Purchase Rate, and (ii) the portion of the principal amount of the Claim for which such Prior Owner, pursuant to the relevant Prior Owner Agreement, is obligated to return the purchase price; provided, however, that; Assignor will not be obligated to pay such amount to the Assignee if the Assignee agrees with the Debtor to compromise, settle or otherwise reduce the Claim, in whole or in part, without the written consent of Assignor (such consent shall not be unreasonably withheld). The provisions of this paragraph shall constitute (x) Assignee's sole remedy against Assignor and (y) Assignor's sole liability to Assignee hereunder.

Assignor shall only be required to disclose to Assignee a Prior Owner Purchase Rate upon receipt of notice from the Assignee that Assignee is either (i) obligated or intends to exercise a right to purchase an Excess Claim or (ii) entitled to a refund of the purchase price paid to a Prior Owner.

Assignor represents, warrants and covenants the following as of the Assignment Effective Date: it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; that no payment has been received by Assignor in full or partial satisfaction of the Claim; that Assignor has not previously assigned or sold the Claim or its obligations to any third party, in whole or in part; Assignor is not an insider within the meaning of 11 U.S.C. § 101(31) and is not a member of any creditors' committee appointed in the Proceedings; Assignor has provided Assignee with a true and correct copy of the proof of claim underlying the Claim that was provided to Assignee by the Prior Owner; Assignor has agreed to the consideration herein based on its own independent investigation and credit determination and has not relied on any representations made by Assignee, except as expressly set forth herein.

Assignee represents, warrants and covenants that: it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignee, enforceable against Assignee in accordance with its terms; Assignee is purchasing the Claim and assuming the obligations thereunder based on its own independent investigation and credit determination and has not relied on any representations made by Assignor, except as expressly set forth herein. Assignor and Assignee are each aware that the consideration being paid by Assignee hereunder may differ from the amount ultimately

distributed with respect to the Claim pursuant to any plan of reorganization or other outcome of the Proceeding that is ultimately consummated. Assignor and Assignee are each aware that information that may be pertinent to each party's decision to transfer the Claim is available to them and can be obtained from the Court's files.

To the extent provided in the Prior Owner Agreements, Assignor hereby irrevocably appoints the Assignee as its true and lawful attorney-in-fact solely with respect to the enforcement of the Claim, and authorizes the Assignee to act in Assignor's name, to demand, sue for, compromise and recover all money which now are, or may hereafter become due and payable for, or on account the Claim herein assigned; and, grants unto the Assignee full authority to do all things necessary to enforce all the rights, title and interest in and to the Claim and Assignee's rights thereunder pursuant to this Assignment; and, Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee.

Assignor agrees that in the event Assignor receives any payment or distribution with respect to the Claim after the date hereof, Assignor agrees to accept and hold the same for the sole benefit of Assignee. Assignor agrees, to the extent permitted by law, to deliver the same to Assignee, by the 5th business day after Assignor's receipt thereof, in the same form received, with the endorsement, without recourse, of Assignor when necessary or appropriate.

All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement. This Agreement shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. Assignee may transfer its rights hereunder provided that Assignee's assumption of Assignor's obligations under the Prior Owner Agreement shall remain in full force and effect notwithstanding any such assignment. THIS AGREEMENT SHALL BE CONSTRUED AND THE OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO CONFLICTS OF LAW. ANY ACTON ARISING UNDER OR RELATING TO THIS ASSIGNMENT OF CLAIM MUST BE BROUGHT IN FEDERAL COURT LOCATED IN THE SATE OF NEW YORK OR NEW JERSEY AND ASSIGNEE CONSENTS TO AND CONFERS PERSONAL JURISDICTION OVER ASSIGNOR BY SUCH COURT OR COURTS AND AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON ASSIGNOR BY MAILING A COPY OF SAID PROCESS TO ASSIGNOR AT THE ADDRESS SET FORTH IN THE FIRST PARAGRAPH OF THIS ASSIGNMENT OF CLAIM, AND IN ANY ACTION HEREUNDER, ASSIGNOR WAIVES ANY RIGHT TO DEMAND A JURY TRIAL.

All demands, notices, requests, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth above, or such other address as may be furnished hereafter by notice in writing.

This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all

prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement. Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid assignee.

IN WITNESS WHEREOF, each of the undersigned has duly executed this Agreement by its duly authorized representative on the date first set forth above.

LIQUIDITY SOLUTIONS, INC.

By: _____
   Name:
   Title:

SPCP GROUP, L.L.C.

By: _____
   Name:
   Title:          Michael A. Gatto
                   Authorized Signatory

ANNEX I

| Prior Owner | Debtor Obligor | Purchased Claim Amount | Purchase Rate |
|---|---|---|---|
| Heraeus Inc. Cermalloy Division | Delphi Automotive Systems LLC | $364,670.18 | ▓▓ |
| Heraeus Inc. Cermalloy Division | Delphi Mechatronic Systems, Inc. | $1,140.75 | ▓▓ |
| **TOTAL:** | | $365,810.93 | |

**Assignor's Wire Instructions:**

Bank Name: ▓▓▓▓▓▓▓▓
ABA Routing No: ▓▓▓▓▓▓▓
Account No: ▓▓▓▓▓▓▓
Account Title: ▓▓▓▓▓▓▓▓▓

## ASSIGNMENT OF CLAIM

*2Y UNION HILL ROAD, WEST CONSHOHOCKEN, PA 19428*

Heraeus Cermalloy Inc., having offices at PO Box 772 W2950 Philadelphia, PA    ("Assignor") in consideration of the sum of $1,117.94 ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent for _____ ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601, all of the Assignor's right, title and interest in, to and under the claim or claims of Assignor, as more specifically set forth below (the "Claim") against Delphi Mechatronic Systems Inc, Debtor in the bankruptcy case (the "Proceedings") pending in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 05-44567 (the "Debtor") in the currently outstanding amount of not less than $1,140.75 (the "Purchased Amount"), and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below (if any) and the Assignor's rights to receive payment of principal, and any interest, penalties and fees, which may be paid with respect to or in satisfaction of the Claim, all cash, securities, instruments and other property which may be paid or issued by Debtor with respect to or in satisfaction of the Claim, and all voting rights with respect to any of the foregoing. The Claim includes the foregoing rights and benefits, "cure" amounts within the meaning of section 365 of title 11 of the United States Code (the "Bankruptcy Code") and the right to receive all payments in respect thereof. The Claim is based on amounts owed to Assignor by Debtor as set forth in the first three paragraphs hereof. This Assignment of Claim (this "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest except as may be otherwise provided herein. Assignee is assuming no liabilities or obligations of the Assignor under this Agreement.

Assignor represents and warrants that [check one of the following]:
[          ] A Proof of Claim has not been filed in respect of the Claim.
[     X    ] A Proof of Claim in the amount of $594,923.93 has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the Claim is a valid and allowed claim in the Proceedings in an amount not less than the Purchased Amount, which Claim is not subject to any defense, counterclaim, offset, dispute or objection. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor solely owns and has good title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value. Assignor represents that it is solvent and has no other relationship to the Debtor or any of its affiliates or principals other than as a creditor of the Debtor. Assignor is not an insider of the Debtor within the meaning of section 101(31) of the Bankruptcy Code and is not, and has not been, a member of any creditors' committee appointed in the Proceedings. All terms of this Assignment will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim. Assignor and Assignee each hereby acknowledge to the other that (i) it currently has, or may in the future have, information with respect to the Claim, the Debtor or any of its affiliates and/or the Proceedings that is not known it and that may be material to a decision to sell or purchase the Claim (as applicable) ("Excluded Information"), (ii) it has determined to sell or purchase the Claim (as applicable) notwithstanding its lack of knowledge of the Excluded Information and (iii) neither Assignor nor Assignee shall have any liability to the other or any other party whatsoever with respect to the nondisclosure of the Excluded Information in connection with the transactions contemplated hereby.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated, offset, setoff, or otherwise impaired (each, an "Impairment") for any reason whatsoever, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such Impairment or any objection to the transfer of the Claim by Assignor. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY, OR OTHERWISE LACKS SOLE TITLE THERETO, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREUNDER.

In the event the Claim is ultimately allowed in amount greater than the Purchased Amount pursuant to an Order of the Bankruptcy Court or some other writing from Debtor or its authorized representative, after written notice (the "Notice") provided to Assignor by Assignee, Assignor shall, and is hereby deemed to, sell to Assignee, and Assignee hereby purchases all, or any portion specified in the Notice, of such excess claim at the same price (expressed as a percentage of claim) provided for hereunder. Assignee shall remit such payment to Assignor after delivery to Assignor of the Notice and upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any Impairment.

Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to the Claim, with the full power and authority Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and

all other rights and remedies with respect thereto. Assignor further grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are coupled with an interest, and are therefore irrevocable, and are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further actions, at its own expense, as requested by Assignee as necessary or desirable to effect the transfer of the Claim to Assignee (or its designees) and any payments or distributions on account of the Claim including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that (if received by Assignor) Assignor will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of, Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in, to and under this Assignment, or any portion thereof or interest therein without notice to or the consent of Assignor. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment. This Assignment may be executed in multiple counterparts, and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment must be brought in Federal court located in the State of New York or the State of New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder, Assignor waives any right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to the Claim while Assignee performs its due diligence on the Claim. Assignee, in its sole and absolute discretion, may subsequently transfer the Claim back to the Assignor if the due diligence results are not satisfactory, in Assignee's sole and absolute discretion, by filing a notice pursuant Rule 3001(e) of FRBP transferring the Claim back to Assignor or withdrawing the transfer, and at such time and in such event, both Assignor and Assignee release each other from all

and any obligation or liability regarding this Assignment; provided, however, that upon such re-transfer or withdrawal of transfer of the Claim, Assignor shall be obligated promptly to return to Assignee any payment made in respect of the Purchase Price. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001(e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this __30__ day of __APRIL__, 2007

Heraeus Cermalloy Inc.

By: _____         _A London · VP_____
          Signature                              Print Name/Title

_610 825·6050_
Telephone #

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this __30__ day of __APRIL__, 2007

_____
Jeff Caress
Liquidity Solutions, Inc. as agent for _____
201-968-0001

## TRANSFER NOTICE

Heraeus Cermalloy Inc. ("Assignor"), transfers and assigns unto Liquidity Solutions, Inc., as agent for
_____, with an address at One University Plaza, Suite 312, Hackensack, New Jersey 07601, its
successors and assigns ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between
Assignor and Assignee (the "Agreement"), all of Assignor's right, title and interest in, to and under the
Claim of Assignor as set forth in the Agreement against Delphi Mechatronic Systems Inc. (the
"Debtor"), in the aggregate amount of $1,140.75, representing all claims of Assignor pending against the
Debtor in the United States Bankruptcy Court, District of Delaware, administered as Case No.05-44567.

IN WITNESS WHEREOF, Assignor has signed below as of the ___30___ day of _APRIL_,
2007

Heraeus Cermalloy Inc.                                LIQUIDITY SOLUTIONS, INC.

_____                             _____
(Signature)                                           (Signature)

A. London - VP
_____                             _____
(Print Name and Title)                                (Print Name of Witness)

*WEST CONSHO*
*HOCKEN, PA 19428*

## ASSIGNMENT OF CLAIM

*24 UNION HILL ROAD*

Heraeus Inc. Cermalloy Div, having offices at ~~PO Box 777 W2950 Philadelphia, PA~~    ("Assignor") in consideration of the sum of $357,376.78 ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent for _____ ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601, all of the Assignor's right, title and interest in, to and under the claim or claims of Assignor, as more specifically set forth below (the "Claim") against Delphi Automotive Systems LLC, Debtor in the bankruptcy case (the "Proceedings") pending in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 05-44640 (the "Debtor") in the currently outstanding amount of not less than $364,670.18 (the "Purchased Amount"), and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below (if any) and the Assignor's rights to receive payment of principal, and any interest, penalties and fees, which may be paid with respect to or in satisfaction of the Claim, all cash, securities, instruments and other property which may be paid or issued by Debtor with respect to or in satisfaction of the Claim, and all voting rights with respect to any of the foregoing.  The Claim includes the foregoing rights and benefits, "cure" amounts within the meaning of section 365 of title 11 of the United States Code (the "Bankruptcy Code") and the right to receive all payments in respect thereof.  The Claim is based on amounts owed to Assignor by Debtor as set forth in the first three paragraphs hereof.  This Assignment of Claim (this "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest except as may be otherwise provided herein.  Assignee is assuming no liabilities or obligations of the Assignor under this Agreement.

Assignor represents and warrants that [check one of the following]:

[           ] A Proof of Claim has not been filed in respect of the Claim.

[    X    ] A Proof of Claim in the amount of $ **594,922.93** has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment.  If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the Claim is a valid and allowed claim in the Proceedings in an amount not less than the Purchased Amount, which Claim is not subject to any defense, counterclaim, offset, dispute or objection.  Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor solely owns and has good title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value.  Assignor represents that it is solvent and has no other relationship to the Debtor or any of its affiliates or principals other than as a creditor of the Debtor.  Assignor is not an insider of the Debtor within the meaning of section 101(31) of the Bankruptcy Code and is not, and has not been, a member of any creditors' committee appointed in the Proceedings.  All terms of this Assignment will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim. Assignor and Assignee each hereby acknowledge to the other that (i) it currently has, or may in the future have, information with respect to the Claim, the Debtor or any of its affiliates and/or the Proceedings that is not known it and that may be material to a decision to sell or purchase the Claim (as applicable) ("Excluded Information"), (ii) it has determined to sell or purchase the Claim (as applicable) notwithstanding its lack of knowledge of the Excluded Information and (iii) neither Assignor nor Assignee shall have any liability to the other or any other party whatsoever with respect to the nondisclosure of the Excluded Information in connection with the transactions contemplated hereby.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated, offset, setoff, or otherwise impaired (each, an "Impairment") for any reason whatsoever, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such Impairment or any objection to the transfer of the Claim by Assignor. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY, OR OTHERWISE LACKS SOLE TITLE THERETO, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREUNDER.

In the event the Claim is ultimately allowed in amount greater than the Purchased Amount pursuant to an Order of the Bankruptcy Court or some other writing from Debtor or its authorized representative, after written notice (the "Notice") provided to Assignor by Assignee, Assignor shall, and is hereby deemed to, sell to Assignee, and Assignee hereby purchases all, or any portion specified in the Notice, of such excess claim at the same price (expressed as a percentage of claim) provided for hereunder. Assignee shall remit such payment to Assignor after delivery to Assignor of the Notice and upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any Impairment.

Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to the Claim, with the full power and authority Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and

888 275

all other rights and remedies with respect thereto.  Assignor further grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are coupled with an interest, and are therefore irrevocable, and are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option.  Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings.  Assignor agrees to take such further actions, at its own expense, as requested by Assignee as necessary or desirable to effect the transfer of the Claim to Assignee (or its designees) and any payments or distributions on account of the Claim including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request.  Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that (if received by Assignor) Assignor will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of, Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in, to and under this Assignment, or any portion thereof or interest therein without notice to or the consent of Assignor.  All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment.  This Assignment may be executed in multiple counterparts, and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York.  Any action arising under or relating to this Assignment must be brought in Federal court located in the State of New York or the State of New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder, Assignor waives any right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to the Claim while Assignee performs its due diligence on the Claim.  Assignee, in its sole and absolute discretion, may subsequently transfer the Claim back to the Assignor if the due diligence results are not satisfactory, in Assignee's sole and absolute discretion, by filing a notice pursuant Rule 3001(e) of FRBP transferring the Claim back to Assignor or withdrawing the transfer, and at such time and in such event, both Assignor and Assignee release each other from all

888215

and any obligation or liability regarding this Assignment; provided, however, that upon such re-transfer or withdrawal of transfer of the Claim, Assignor shall be obligated promptly to return to Assignee any payment made in respect of the Purchase Price.  Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001(e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this ___30___ day of __APRIL_____, 2007

Heraeus Inc. Cermalloy Div

By: _____          _A. London - VP_____
         Signature                                    Print Name/Title

_610-825-6050_
Telephone #

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this ___30___ day of __APRIL___, 2007

Jeff Caress
Liquidity Solutions, Inc. as agent for _____
201-968-0001

888275