McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois  60606
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700

James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444

*Counsel for Temic Automotive of North America, Inc.*
*and Motorola, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- X

In re                                            : Chapter 11
                                                 :
DELPHI CORPORATION, et al.,                      : Case No. 05-44481 (RDD)
                                                 :
                  Debtors.                       : (Jointly Administered)
                                                 :

-------------------------------------------------- X

**OBJECTION OF TEMIC AUTOMOTIVE OF NORTH AMERICA, INC. AND
MOTOROLA, INC. TO THE DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-
CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS
PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER,
PLAN OF REORGANIZATION, 11 U.S.C. § 105(A), AND FED. R. BANKR. P. 9010**

Temic Automotive of North America, Inc. ("**Temic**") and Motorola, Inc. ("**Motorola,**"

and, together with Temic, the "**Objectors**"), by and through their undersigned counsel, hereby

submit this Objection (the "**Objection**") to the Debtors' Expedited Motion to Strike (I) Non-

Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation

Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R.

NYK 1146790-1.034764.0216

Bankr. P. 9010 (the "**Motion to Strike**").  In support of the Objection, the Objectors submit the declaration of Robert J. Patton, Esq., General Counsel, Commercial Legal Affairs, for Temic.  A true and correct copy of Robert J. Patton's declaration is attached hereto as Exhibit A.

1.  On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi Corp.**"), Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities (collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.  Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.  Motorola filed claim number 2402 against the Debtors.  Claim number 2402 relates to services performed and goods delivered by Motorola to Delphi pursuant to a certain "Additional Purchase Order Provisions Long Term Contract" dated March 21, 2001 between Delphi and Motorola (the "**Agreement**").  According to the Agreement, Delphi agreed to purchase approximately 100% of its production and service requirements for the Products (as defined in the Agreement) from Motorola.

3.  After the Debtors filed their voluntary petitions for relief, Motorola sold certain assets to Temic, which included claim number 2402 and the Agreement.  On August 4, 2006, Motorola and Temic filed a Notice of Transfer of Claim pursuant to Bankruptcy Rule 3001(e)(2) and disclosed that Motorola had transferred "all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with" certain claims filed against Delphi, including claim number 2402, to Temic.

-2-

4.      The Debtors objected to claim number 2402 in the Debtors' Seventeenth Omnibus
Objection To Claims (the "**Seventeenth Objection**").  In objecting to claim number 2402 in the
Seventeenth Objection, the Debtors argued that claim number 2402 should be revised as to the
asserted amount and classification as follows: (a) a priority unsecured claim in the amount of
$39,060.00, and (b) a general unsecured claim in the amount of $2,477,036.88, for a total amount
of $2,516,096.88.

5.      Motorola timely filed a response to the Seventeenth Objection (the "**Response**").
In the Response, the parties stipulated that the total amount of claim number 2402 should be
$2,516,096.88.

6.      On December 10, 2007, the Debtors filed a motion to sell their steering and
halfshaft business (the **"Steering Sale Motion"**), pursuant to which the Debtors sought authority
to establish certain bidding procedures (the "**Bidding Procedures**") and sell their steering
business to Steering Solutions Corporation and certain of its affiliates (collectively, the
"**Buyers**") or a successful bidder.  In addition, pursuant to the Steering Sale Motion, the Debtors
sought authority to assume and assign certain Pre-Petition Contracts to the Buyers or a successful
bidder.

7.      On December 21, 2007, this Court entered an order approving the Bidding
Procedures, including certain forms of notice.

8.      On January 23, 2008, the Debtors filed a Notice of Cure Amount With Respect To
Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of
Steering and Halfshaft Business (the "**Notice**").[1]  A true and correct copy of the Notice is
attached hereto as Exhibit B.  According to the Notice, the Debtors sought to assume and assign

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Notice.

-3-

a purchase order number SAG90I4704 between Temic and the Debtors (the "**Purchase Order**").

In the Notice, however, the Debtors assert that the cure amount with respect to the Purchase

Order is $2,255,696.88, or $260,400.00 less than the amount scheduled by the Debtors in the

Seventeenth Objection and stipulated to by the parties.

9.      Section 6 of the Notice provides, in relevant part, that

In the event, however, that the Selling Debtor Entities emerge from these chapter
11 cases (the "Emergence Date") prior to the Closing Date, then the Selling
Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors'
plan of reorganization. The Debtors will serve a cure notice in connection with
contracts being assumed under their plan of reorganization (the "Plan Cure
Notice"). The Debtors will serve the Plan Cure Notice in a time and manner
specified under their proposed plan of reorganization. The Plan Cure Notice will
allow the counterparties to the Pre-Petition Contracts affirmatively to elect to
receive a cash payment of the Cure Amount or to receive plan currency in
satisfaction of the Cure Amount as contemplated under the Debtors' proposed
plan (the "Plan Cure Election Notice"). If the closing of the Sale occurs before the
Emergence Date, then the Cure Amount will be paid in cash at the closing of the
Sale or as soon thereafter as practicable. If the closing of the Sale occurs after the
Emergence Date, then the payment option selected under the Plan Cure Election
Notice will control.

Notice, ¶ 6.

10.      On February 5, 2008, the Objectors filed an objection to the Notice (the "**Notice**

**Objection**").  In the Notice Objection, the Objectors argued that the cure amount in connection

with claim number 2402 had to be set at $2,516,096.88 and that the Debtors neglected to include

a purchase order number 550068913 as part of the assumed contracts.[2]

11.      On February 14, 2008, Temic further learned that a Plan Cure Notice had

purportedly been served in connection with the assumed contracts, which prompted Temic to file

this Objection.  Temic did not receive any such notice.  Upon information and belief, one was

purportedly served on a Temic manufacturing plant in Mexico and another was purportedly

---

[2] The Debtors and Temic are currently reviewing their records to determine whether purchase order number
550068913 is applicable to the steering and halfshaft business or another Delphi product line. The parties are
working together to resolve the Notice Objection.

-4-

served upon a small laboratory with no office personnel in Northbrook, Illinois.  As a side note, the Notice was purportedly sent to Temic at an address where Temic no longer has a facility. Somehow, that Notice was lucky enough to be delivered to Temic's internal counsel in Deer Park, Illinois at Temic's corporate headquarters.

## ARGUMENT

12.    The Objectors object to the Motion to Strike because they never received a Plan Cure Notice in connection with the assumed contracts and, therefore, were never able to choose between receiving a cash payment for the Cure Amount or receiving plan currency in satisfaction of the Cure Amount.  While section 6 of the Notice seems to preserve the Objectors' right to receive cash in the event the closing of the Sale occurs before the Emergence Date, it suggests, but does not clearly preserve, such a right in the event the closing of the Sale occurs after the Emergence Date.  Paragraph 6 of the Notice does not refer to the Plan Cure Notice purportedly served upon Temic in connection with the assumed contracts, implying that a new Plan Cure Notice would be served on Temic in the future if the closing of the Sale of the steering business was to occur after Delphi's emergence from Chapter 11.  By this Objection, the Objectors seek to preserve their right to receive cash for the Cure Amount whether the closing of the Sale occurs before or after the Emergence Date.

13.    As set forth above, the Objectors were only made aware that a Plan Cure Notice had been allegedly sent to them after they received the Notice and only because the Notice was referring to such Plan Cure Notice.  After researching the issue, it came to the attention of the Objectors that the Plan Cure Notice was sent to the Objectors at two addresses that are not the principal place of business for either Temic or Motorola.  In fact, such addresses are not even one of the Objectors' offices that would have legal counsel, company officers, accounts

information or personnel to decipher the Plan Cure Notice even if such Plan Cure Notice was received.  The Plan Cure Notice was further addressed solely by company name and not directed to any particular person such as the President or General Counsel.

14.     The Plan Cure Notice was sent to (i) Temic Automotive of North EFT, 4000 Commercial Avenue, Northbrook, Illinois, 60062, USA ("Address 1") and (ii) Temic Automotive of North EFT 1, Patricio Lote 6, Parq Ind San Carlo, Nogales, SON, 84090, Mexico ("Address 2").  However, Address 1 is the address of one of Temic's small laboratories where there is no office personnel.  Address 2 is the address of Temic's manufacturing plant in Mexico.  Again, this is not Temic's primary place of business nor where management or the general counsel reside.  The actual address for Temic's headquarters is 21440 West Lake Cook Rd., Deer Park, Illinois 60010.  Because Delphi sent the Plan Cure Notice to two obscure Temic addresses, Temic and Motorola never actually received the Plan Cure Notice, and, therefore, were never given a fair opportunity to choose between plan currency or cash in connection with their Cure Amount.

15.     In addition to sending the Plan Cure Notice to the wrong addresses, the Debtors also sent the Notice to the another wrong address of 37101 Corporate Dr., Farmington Hills, Michigan 48331, which is an old address for a Temic office.  This office, however, was closed months ago and a new tenant is now renting the space.  It is also worth noting that the Plan Cure Notice was not sent, like the Notice, to 37101 Corporate Dr., Farmington Hills, Michigan 48331.  This shows that the Debtors' database of addresses was inconsistent because the Debtors sent notices to the same creditor at different addresses.

16.     Based on the foregoing, it is clear that Delphi's database of addresses used to send the various notices contained incorrect, vague, or stale information which renders Delphi's notice

-6-

NYK 1146790-1.034764.0216

process grossly flawed.  It is also clear that Delphi never tried to correct its database of addresses to obtain the right addresses by either notifying or calling either its primary business contact at Temic or Temic's outside counsel which has been active in this case resolving claim number 2402 and is widely known by Delphi.

17.     Based on the fact that Temic and Motorola never received the Plan Cure Notice because Delphi used a flawed notice process, Temic requests that Delphi resend the Plan Cure Notice to Temic's general counsel at the company's headquarters at the address set forth above or to Temic's outside counsel.  In addition, Temic requests that it be given 15 days to execute and return the Plan Cure Notice to the Debtors.

18.     Temic and Motorola reserve all other rights and remedies under the Bankruptcy Code and other applicable law.

NYK 1146790-1.034764.0216

WHEREFORE, the Objectors respectfully request that the Court (i) compel Delphi to resend the Plan Cure Notice to Temic's general counsel at the company's headquarters at the address set forth above or to Temic's outside counsel, (ii) give Temic and Motorola 15 days to execute and return the Plan Cure Notice, and (iii) grant Temic and Motorola such other relief as the Court deems just and proper.

Dated: February 19, 2008

Respectfully submitted,
**McDermott Will & Emery LLP**

By: /s/  James M. Sullivan
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York  10173-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Temic Automotive of*
*North America, Inc. and Motorola, Inc.*

NYK 1146790-1.034764.0216