UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :     Case No. 05-44481 (RDD)
                                                   :
                    Debtors                        :     (Jointly Administered)
-----------------------------------------------------------x

## SUPPLEMENTAL NOTICE OF TRANSFER OF
## CLAIM OTHER THAN FOR SECURITY

On August 1, 2006, **Argo Partners** (the "Transferee") filed a notice of transfer regarding the scheduled claim("Claim")of **Computer Optical Products** (the "Transferor") to the Transferee. *See* (Docket No. 4812) (the "Transfer Notice"). Attached to the Transfer Notice were certain documents confirming the terms of that transfer (the "Transfer Documentation"). Pursuant to Bankruptcy Rule 3001(e)(1), after an opportunity for objections and upon notice to the Transferor, the Transferee was substituted for Transferor with respect to the Claim and, the Transferee believes, the official claims register was updated accordingly.

Upon information and belief, on or about December 21, 2007, the Debtors sent a Notice of Cure Amount With Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") to the Transferor pursuant to the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures For Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures (the "Solicitation Order"). The Cure Notice sets forth the Debtors' proposed cure amount with respect to a portion of the Claim (the "Cure Amount") and provides an opportunity to challenge or elect treatment of that amount under the

Debtors' proposed plan. Pursuant to the Solicitation Order, the Debtors only served the Transferee with a Notice to Holders, Assignees, Transferees, and Purchasers of Claims of Cure Procedures Established Under Solicitation Procedures Order, which is a generic notice that fails to identify critical pertinent information such as the Transferor, the relevant assumed contract, the proposed cure amount, or the Claim.

Pursuant to the Transfer Documentation (which was attached to the Transfer Notice), the Transferee is vested with the rights and powers to elect the form of treatment of the Cure Amount and to oppose the proposed Cure Amount, as necessary. The Transferee has undertaken all reasonable efforts to ensure that the Transferor properly respond to the Cure Notice (in the manner directed by the Transferee) by the established deadline of January 11, 2008. However, because of insufficient information provided by the Debtors and the short timeframe posed -- further shortened by the intervening holidays and the two week shutdown in the automotive industry -- that task has proved impossible.[1] As such, the Transferee timely has submitted to Kurtzman Carson Consultants LLC, the Debtors' claims agent, a notice in substantially the same form as the Cure Notice addressing the proposed cure amount in the Cure Notice and electing treatment thereof. A copy of that notice is attached hereto as Exhibit "A".

Pursuant to the Transfer Documentation, the Transferee, not the Transferor is entitled (i) to oppose the proposed cure amount, as necessary, (ii) to elect treatment under the Cure Notice, and (iii) to receive any distributions made on account of the Claim pursuant to the Cure Notice or otherwise. Nothing herein shall be deemed to waive or release any of the Transferee's rights

---

[1] To date, the Transferor has only been able to confirm that _2_ out of the _15_ transferees receiving cure notices pursuant to the Solicitation Order will respond to those notices.

arising under or as a result of the Transfer Notice and the Transfer Documentation, all of which are expressly reserved herein.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

[Deadline to Objection: The Transferor of the claim is hereby notified that objections to this supplemental notice must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the Court, the Transferee will be deemed substituted for the Transferor, in all respects relating to the Claim, without further order of the court.]

Date: 1/9/08

By: [signature]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
                                         :
In re                                    :   Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :   Case No. 05-44481 (RDD)
                                         :
                   Debtors.              :   (Jointly Administered)
                                         :
---------------------------------------- x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on September 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed their Joint Plan of Reorganization dated September 6, 2007 (as subsequently amended, supplemented, or otherwise modified, the "Plan") and their disclosure statement with respect to the Plan (as subsequently amended, supplemented, or otherwise modified, the "Disclosure Statement") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Bankruptcy Court entered an order on October 3, 2007 (the "Solicitation Procedures Order") (Docket No. 11389) approving the adequacy of the Disclosure Statement and certain procedures in connection with solicitation of votes on the Plan

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on November 9, 2007. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in cash and new common stock of reorganized Delphi in the proportions set forth in the Plan.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

- [✓] Yes, I agree with the Cure Amount listed on Schedule 1 (**complete Step 2 below**)
- [ ] No, I disagree with the Cure Amount listed on Schedule 1 (**skip Step 2 and go to Step 3 below**)

Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓] I request payment of my Cure Amount in cash on the effective date of the plan (skip Step 3 and complete Step 4 below)

[ ] I request payment of my Cure Amount in the plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through December 31, 2007 at the Michigan Statutory Rate (all as defined in the plan) (skip Step 3 and complete Step 4 below)

Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on November 9, 2007. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by November 9, 2007 but timely file and serve an objection in accordance with the procedures outlined below, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed R Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United

2

States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on November 9, 2007. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in cash and new common stock of reorganized Delphi in the proportions set forth in Article 5.3 of the Plan.

Company Name: Argo Partners as assignee of Computer Optical Products, Inc.

By: _[signature]_

Print Name: Scott Krochek

Title: Vice President

Delphi Legal Information Hotline:         Delphi Legal Information Website:
Toll Free: (800) 718-5305                 http://www.delphidocket.com
International: (248) 813-2698

3

| Contract(s) to be assumed and/or assigned: | Cure Amounts: |
|---|---|
| 703768 | $22,166.66 |
| 704661 | $10,735.26 |