Response Date and Time: February 19, 2008 at 4:00 PM

McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2199)
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for Linear Technology Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| Debtors. | : (Jointly Administered) |

**OBJECTION OF LINEAR TECHNOLOGY CORPORATION TO
DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE
AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO
SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF
REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010**

Linear Technology Corporation ("**Linear**"), by and through its undersigned counsel, hereby submits this objection (the "**Objection**") to the Debtors' Expedited Motion To Strike (I) Non-Conforming Cure Amount Notices And (II) Improper Objections Pursuant To Solicitation Procedures Order, Confirmation Order, Plan Of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "**Motion**"). In support of the Objection, Linear submits (i) the declaration of John England, Esq., corporate and IP counsel for Linear, a copy of which is attached hereto as Exhibit A ("**Engl. Decl.**"), and (ii) the declaration of James M. Sullivan, Esq., a copy of which is attached hereto as Exhibit B.

**PRELIMINARY STATEMENT**

1.　　The Debtors[1] wrongly seek to strike, among other things, Linear's cure notice (the "**Notice**")[2] and to compel Linear to accept its cure payment in Plan Currency, i.e., stock.[3]  The Notice, like the cure notices of all other contract parties, was mailed on December 10, 2007 at the onset of the holiday season and closing of the 2007 books.  The Debtors mailed Linear's Notice to its corporate headquarters, but failed to direct it specifically to a specific person or, at very least, the legal department.  This was wholly unreasonable.  Linear is a $2 billion a year business that receives hundreds of pieces of mail daily.  Predictably, the inadequate address coupled with major distractions incumbent in the holiday season and year-end closing of books was a formula for a delayed return of the Notice.  In fact, this formula left no leeway for other factors that could cause delay.  In Linear's case, the "other factor" was the unplanned hospitalization and medical leave of its General Counsel during the response period.  By the time the appropriate person at Linear received and was able to assess the Notice, get input from the General Counsel, and return the Notice, the deadline had passed by less than a single day.  Under the circumstances, Linear's election should be honored and it should be paid its cure amount in cash as it requested in the Notice it returned.  The Debtors' actions, at best, left no room for other delaying factors and Linear's General Counsel's serious illness was unpredictable.  Accordingly, the Court should sustain this objection and allow Linear's request to have its cure claim paid in cash as set forth in the Notice.

---

[1] All capitalized terms used herein, but not defined herein, shall have the meaning ascribed to them in the Motion.

[2] A copy of the Notice is attached as Exhibit A to the Declaration of James M. Sullivan.

[3] Linear does not dispute the cure amount proposed by the Debtors.  It only disputes the compulsion to accept Plan Currency.

## BACKGROUND

2. On October 8, 2005 (the "**Petition Date**"), Delphi Corporation and certain related entities (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. The Debtors remain in possession of their property and continue to operate their business as a debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. In connection with their plan of reorganization, on December 10, 2007, the Debtors mailed the Notice to Linear and mailed similar notices to hundreds of other creditors which were parties to contracts with the Debtors. The Notice required that the recipient return the original notice to Kurtzman Carson Consultants LLC ("**Kurtzman**") by January 11, 2008 at 7:00 p.m.

4. Linear received the Notice on January 4, 2008 through the efforts of its outside counsel.

5. Because of the short time period involved and the absence of Linear's in-house counsel from December 3, 2007 to January 7, 2008, Linear was not able to complete the Notice until January 11, 2008.

6. On January 11, 2008, Linear fedexed the Notice to Kurtzman, in which Linear agreed with the cure amount listed and elected to receive the cure amount in cash. On January 12, 2008, at 8:46 a.m., a Kurtzman representative signed for Linear's notice. (Engl. Decl. ¶ 8.)

7. On January 25, 2008, the Court entered an order confirming the Debtors' plan of reorganization (the "**Plan**"). The confirmation order became final on February 4, 2008. The Plan has not yet gone effective.

## ARGUMENT

8. The Motion is improper and this Objection should be sustained because (i) the delay in Linear's response was exacerbated by the Debtors' unreasonable conduct; (ii) the Debtors were not prejudiced by receiving the Notice less than day after the deadline; (iii) any failure on the part of Linear resulted from excusable neglect.

The Notice to Linear Was Unreasonable

9. The Debtors put into action a series of events that understandably resulted in the *de minimis* delay in the return of Linear's Notice. It should be beyond dispute that addressing an envelope to the corporate headquarters of a $2 billion company, without any additional directing information such as contact name or department, would result in a significant delay in such a letter receiving the attention it required. (Engl. Decl. ¶ 6.) This is especially true in the case of a legal notice. The Debtors could very well have conspicuously marked the outside of the envelope with the words "Legal Notice." Even without a specific contact person, it is far more likely that the letter would have moved more speedily to the legal department for assessment and response. Such a simple step would not have imposed any burden on the Debtors. Yet, the Debtors did not take such a step.

10. Further, the December, early January, period is one of the most chaotic times of year in business. There are at least three major holidays during this period, schools are closed and families are on vacation and businesses are closing their books for years-end. These routine business challenges were greatly exacerbated when the Debtors failed to take the extra step to properly address the envelope containing the Notices. The Court should overrule the Motion because the Debtors should not be permitted to benefit from the consequences of their inadequate Notice to Linear and many other contract parties.

11. Even measured from the point in time when Linear's outside counsel was able to obtain the Notice on January 3, 2008, Linear did not have adequate time to review and analyze the Notice given the short period of time involved.

The Delay Was De Minimis and the Debtors Were Not Prejudiced

12. The Debtors were not prejudiced by the one-day delay. Their agent received the Notice less than 24 hours after the January 11th, 7:00 p.m. deadline. Kurtzman received the Notice by 8:46 a.m. the next morning. (Engl. Decl. ¶ 8); *See generally Pioneer Inves. Serv. Co. v. Brunswick Ass. Ltd. Partn.*, 507 U.S. 380; 113 S. Ct. 1489; 123 L. Ed. 2d 74 (1993) (permitting a late filing twenty days after the deadline). Accordingly, the Debtors simply cannot reasonably say the delay caused them any prejudice. Further, the Debtors' basis for refusing to allow Linear's Notice is it will "open the flood gates." The Court should reject this rationale, especially when (i) it may not be based in fact and (ii) the Debtors had a hand in its making. The "flood gates" argument is a common and self-serving argument for rejecting otherwise meritorious requests. In this case, it was the Debtors unreasonable actions that set the stage for the delay in returning the Notice.

Any Delay on Linear's Part Resulted From Excusable Neglect

13. Even if the Debtors' notice was proper, which it was not, the late notice was the result of excusable neglect because the General Counsel was out on medical leave during the entire response period. (Eng. Decl. ¶ 3.) The Debtors seek to strike the Notice based on the entry of the Solicitation Procedures Order entered by this Court on December 10, 2007. However, even if the Debtors' conduct was reasonable, which it was not, this Court has the authority, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the

"Rules"), to enlarge Linear's response time under the Solicitation Procedures Order.  Rule 9006(b)(1) provides that

> when an act is required . . . to be done . . . within a specified period by . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*See also Pioneer,* 507 U.S. 380, 382. In *Pioneer*, the Supreme Court affirmed a 11 Circuit Court of Appeals ruling that held that where a respondent failed to "apprehend [a] notice" where such notice was deficient, and there was no evidence of bad faith on the part of the respondent or prejudice to the debtor, the late filing would be permitted on the basis of excusable neglect. *Id*. at 507 U.S. 380, 398.

14. Here, as discussed above, the Notice was unreasonable and deficient. Further, there are no allegations of bad faith on the part of Linear. In fact, the opposite is true. The unplanned medical leave of Linear's General Counsel was an event beyond Linear's control. Linear has not demonstrated any form of culpable conduct. Indeed, Linear acted in good faith by making its best effort to comply with the deadline by fedexing its Notice before the filing deadline. Unfortunately, delivery did not occur until the next day. Finally, as discussed above, the Debtors cannot credibly argue that they were prejudiced by the delay because the delay was less than one day. Accordingly, for all of the foregoing reasons, the Motion should be denied and Linear's objection should be sustained to the extent set forth herein and as requested in the Notice.

WHEREFORE, Linear respectfully requests that the Court enter an order permitting Linear to receive its distribution in cash instead of stock and grant such other relief as the Court deems just and proper.

Dated: February 19, 2008

        Respectfully submitted,
**McDermott Will & Emery LLP**

By: /s/ James M. Sullivan
James M. Sullivan (JS-2189)
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York  10173-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

*Counsel for Linear Technology Corporation*