UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------- X
In re                                           : Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     : Case No. 05-44481 (RDD)
                                                :
            Debtors.                            : (Jointly Administered)
                                                :
----------------------------------------------- X

### DECLARATION OF JOHN ENGLAND IN SUPPORT OF OBJECTION OF LINEAR TECHNOLOGY CORPORATION TO DEBTORS' EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010

John England hereby declares and states as follows:

1.  I am the Corporate and IP Counsel at Linear Technology Corporation ("Linear") and I am its only in-house counsel. I submit this declaration in support of Linear's Objection to the Debtors' Expedited Motion To Strike (I) Non-Conforming Cure Amount Notices And (II) Improper Objections Pursuant To Solicitation Procedures Order, Confirmation Order, Plan Of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "Motion").

2.  I have personal knowledge of the facts set forth herein.

3.  I was hospitalized and/or out of the office on medical leave between December 3, 2007 and January 7, 2008. Because of a conference I attended the week of January 7, I did not return to the office until January 14, 2008.

4.  I was advised that the Debtors[1] purportedly mailed notices of cure amounts and payment election to certain of their contract counterparties, including Linear (the "Notice"). To the best of my knowledge, Linear never received such a Notice by mail from the Debtors.

---

[1] All capitalized terms used herein, but not defined herein, shall have the meaning ascribed to them in the Motion.

-2-

5.    On January 4, 2008, Linear received a copy of the Notice from James M. Sullivan, Linear's outside counsel.  The Notice indicated that the response deadline was January 11 at 7 p.m.  The Notice indicated that it was sent to Linear's corporate headquarters, but the Notice was not addressed to any specific person or department.

6.    If Linear had received the Notice, and it does not appear that it did, there would have been a significant delay in such Notice receiving timely attention because of the lack of specificity in the address.  Linear is a $2 billion per year company that receives hundreds of pieces of mail each day.  Accordingly, mail with vague addresses must be reviewed by one or more people or departments to determine to which department or person it should be directed.

7.    During the period between January 4, 2008 and January 11, 2008, David Wilkins, Linear's Chief Financial Officer, assessed the Notice sent by Mr. Sullivan and took steps to confirm the cure amount and determine the merits of choosing cash or Plan Currency.

8.    On January 11, 2008, Linear overnighted, for Saturday delivery, the completed Notice to the Debtors' agent ("Kurtzman").  A Kurtzman representative signed for Linear's Notice at 8:46 a.m. on Saturday, January 12, 2008, just over 12 hours after the deadline and prior to the next business day.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on February 19, 2008

                                        /s/ John England               
                                        John England