David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Daniel N. Zinman (DZ-7562)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel to Contrarian Funds, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
              Debtors.                   :    (Jointly Administered)
------------------------------------------------------x

**DECLARATION OF ALISA MUMOLA IN SUPPORT OF OBJECTION OF
CONTRARIAN FUNDS, LLC TO DEBTORS' EXPEDITED MOTION TO STRIKE (I)
NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS
PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER,
PLAN OF REORGANIZATION, 11 U.S.C. § 105(A), AND FED. R. BANKR. P. 9010**

    I, Alisa Mumola, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

    1.    Except as otherwise stated, I have personal knowledge and first hand knowledge

of the matters set forth herein and could and would competently testify thereto if I were called as

a witness. I am over 18 years of age.

    2.    I am employed by Contrarian Funds, LLC ("Contrarian").

    3.    I am submitting this Declaration in support of the Objection Of Contrarian Funds,

LLC to Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II)

Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of

Reorganization, 11 U.S.C. § 105(A), and Fed. R. Bankr. P. 9010 (the "Objection").[1]

4.    Contrarian holds Claims against the Debtors, transferred from various Transferors through post-petition Claims Transfers.  Each Claims Transfer is governed by a Transfer Agreement between Contrarian, as the transferee, and the prior claimholder, as Transferor.  Each Transfer Agreement contains a power-of-attorney provision.  In fact, empowering Contrarian with a power-of-attorney is an absolute condition, without which, Contrarian simply will not conduct a transfer.

5.    Attached hereto as Exh. A is a true and correct copy of the Transfer Agreement between Contrarian and AMI Industries, Inc.

6.    Attached hereto as Exh. B is a true and correct copy of the Transfer Agreement between Contrarian and Creative Engineered Polymer Products, LLC.

7.    Attached hereto as Exh. C is a true and correct copy of the Transfer Agreement between Contrarian and Dickey Grabler.

8.    Attached hereto as Exh. D is a true and correct copy of the Transfer Agreement between Contrarian and Ferro Corporation.

9.    Attached hereto as Exh. E is a true and correct copy of the Transfer Agreement between Contrarian and FHBC America Inc.

10.    Attached hereto as Exh. F is a true and correct copy of the Transfer Agreement between Contrarian and GCI Technologies, Inc.

11.    Attached hereto as Exh. G is a true and correct copy of the Transfer Agreement between Contrarian and Intel Americas, Inc.

12.    Attached hereto as Exh. H is a true and correct copy of the Transfer Agreement

---

[1] Each capitalized term used, but not defined herein, is ascribed the definition set forth in the Objection.

between Contrarian and Magnesium Products of America, Inc.

13.    Attached hereto as Exh. I is a true and correct copy of the Transfer Agreement between Contrarian and Monroe, Inc.

14.    Attached hereto as Exh. J is a true and correct copy of the Transfer Agreement between Contrarian and Novelis Corporation.

15.    Attached hereto as Exh. K is a true and correct copy of the Transfer Agreement between Contrarian and Okemetic Inc.

16.    Attached hereto as Exh. L is a true and correct copy of the Transfer Agreement between Contrarian and Okemetic Oyj.

17.    Attached hereto as Exh. M is a true and correct copy of the Transfer Agreement between Contrarian and PhotoCircuits Corporation.

18.    Attached hereto as Exh. N is a true and correct copy of the Transfer Agreement between Contrarian and Plastic Decorators, Inc.

19.    Attached hereto as Exh. O is a true and correct copy of the Transfer Agreement between Contrarian and Premier Products, Inc.

20.    Attached hereto as Exh. P is a true and correct copy of the Transfer Agreement between Contrarian and Security Plastics DIV NMC.

21.    Attached hereto as Exh. Q is a true and correct copy of the Transfer Agreement between Contrarian and Thomas Engineering, Inc.

22.    Attached hereto as Exh. R is a true and correct copy of the Transfer Agreement between Contrarian and Triumph, LLC.

23.    Attached hereto as Exh. S is a true and correct copy of the Transfer Agreement between Contrarian and Twoson Tool Co., Inc.

3

24.    Attached hereto as Exh. T is a true and correct copy of the Transfer Agreement between Contrarian and Wacker Chemical Corp.

25.    In the week between January 4, 2008 and January 11, 2008 Contrarian took extensive efforts and went through unbounded lengths to get each of Contrarian's 64 Transferors to complete Transferor Cure Notices.  Those efforts included calling each Transferor (often, repeatedly), emailing best known contacts, and sending direction letters explaining the process and how to complete Transferor Cure Notices.  A sample letter from Contrarian to Ferro Corporation, dated January 8, 2008 is attached hereto as Exh. U.

26.    Through extensive efforts, Contrarian was successful in ensuring that 43 of its Transferors completed and submitted Transferor Cure Notices.

27.    However, the following Transferors failed to complete and submit the Relevant Cure Notices:

| Transferor Name | Proposed Cure Amount |
|---|---|
| AMI Industries | 101,722.70 |
| Creative Engineered polymer | 10,618.34 |
| Dickey Grabler | 3,639.82 |
| Ferro Corporation | 6,906.00 |
| FHBC AMERICA INC EFT | 36,510.72 |
| GCI Technologies | 0.00 |
| Intel Americas | 61,861.60 |
| Magnesium Industries | 34,836.00 |
| Millenium Industries Corp | 585,170.32 |
| Monroe, Inc. | 0.00 |
| Novelis Corporation | 0.00 |
| Okemetic Inc. | 125,426.36 |
| Okemetic OYJ | 235,679.69 |
| PhotoCircuits Corporation | 0.00 |
| Plastic Decorators | 9,252.30 |
| Premier Products | 62,862.80 |
| Schaeffler Canada, Inc. | 118,659.84 |
| Security Plastics DIV NMC | 10,896.13 |
| Thomas Engineering | 0.00 |
| Triumph, LLC | 23,852.15 |

4

| Twoson Tool Co., Inc. | 41,730.92 |
| Twoson Tool Co., Inc. | 2,348.64 |
| Wacker Chemical Corp | 0.00 |

In those instances, either Contrarian could not reach the Transferor or the Transferor simply failed -- despite Contrarian's direction -- to complete and submit its Transferor Cure Notice.

28.    None of the Relevant Transferors stated to Contrarian that they would not submit Transferor Cure Notices because they agreed with the Debtors' proposed Cure Amount and wanted Plan Currency over cash.

29.    When it was clear that the Relevant Transferors would not submit their Cure Notices, Contrarian decided to exercise its powers-of-attorney, pursuant to the Power-of-Attorney Provisions, and to complete Re-Created Transferor Cure Notices on behalf of the Relevant Transferors.   An example of such Re-Created Transferor Cure Notice is attached hereto as Exh. V.

30.    Forcing Contrarian to receive Plan Currency instead of cash on account of the Relevant Cure Notices is a result inconsistent with Contrarian's right, pursuant to the Transfer Agreements, to elect treatment of its claims and could cost Contrarian significant sums, as Plan Currency is worth materially less than the equivalent amount of cash.

31.    The distribution of Plan Currency would create further significant administrative difficulties, due to the nature of transferring stock from the Transferors to Contrarian and potential tax ramifications of such transfers.  The distribution of the Discount Rights (as defined in the Plan) - part of the Plan Currency - would create timing risk to Contrarian, given that such Discount Rights are only exercisable for a short period of time.

32.    I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 19th day of February, 2008, at New York, New York.

ALISA MUMOLA

State of: CT
County Of: Fairfield

JULIE H. EISELE
Notary Public
Connecticut
My Commission Expires Jun 30, 2010

6