Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAG9015247 | $58,050.24 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:   AMERICAN PRODUCTS CO INC EFT
610 RAHWAY AVE
UNION, NJ 7083

RD Number: RD002178556
PTI ID Number: CN00077
Barcode: 05444810712201052430000081

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                     :
In re                                                                :        Chapter 11
                                                                     :
DELPHI CORPORATION, et al.,                                          :        Case No. 05-44481 (RDD)
                                                                     :
                                        Debtors.                     :        (Jointly Administered)
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓] Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ] No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital, LP (assignee of Amkor Electronics Inc)
By: [signature]
Print Name: Adam Moskowitz
Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:    New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550039952 | $0.00 |
| D0550039956 | $0.00 |
| D0550040492 | $0.00 |
| D0550040498 | $0.00 |
| D0550040500 | $3,127.60 |
| D0550042447 | $8,829.57 |
| D0550042588 | $21,088.31 |
| D0550045083 | $0.02 |
| D0550047146 | $40,718.73 |
| D0550047147 | $11,092.65 |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.        Original Creditor:     AMKOR ELECTRONICS INC EFT
                                                                                       POB 724708748
ASM Capital                                                                   PHILADELPHIA, PA 19170-8748
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

                                        RD Number: RD6268092S5
                                        FTI ID Number: CN00086
                                        Barcode: 0544481071220105244000090

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                        :
    In re                                               :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                            Debtors.                    :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

## Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital, LP (assignee of Argent Automotive Systems)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

            - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039202 | $2,430.80 |
| D0550047212 | $234.40 |
| D0550059721 | $212.50 |
| D0550063010 | $5,836.30 |
| D0550063142 | $8,126.00 |
| D0550063745 | $2,278.01 |
| D0550076378 | $387.23 |
| D0550076690 | $840.00 |
| D0550078600 | $340.32 |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    ARGENT AUTOMOTIVE SYSTEMS RFTINC
41016 CONCEPT DR
PLYMOUTH, MI 48170

RD Number: RD091950469
FTI ID Number: CN00101
Barcode: 05444810712201052440001106

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

    In re                           :     Chapter 11

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)

                Debtors.    :     (Jointly Administered)

                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

        The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

    Step 1

    Please check one of the boxes below:

        [✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

        [ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of Argent Automotive System)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 48282 | $0.00 |
| 47208 | $2,629.07 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    ARGENT AUTOMOTIVE SYSTEMS INC
41016 CONCEPT DRIVE
PLYMOUTH, MI 48170

RD Number: NRD000018
FTI ID Number: CN01493
Barcode: 0544481071220105244000107

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                                   :
        In re                                                      :    Chapter 11
                                                                   :
DELPHI CORPORATION, et al.,                                        :    Case No. 05-44481 (RDD)
                                                                   :
                            Debtors.                               :    (Jointly Administered)
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assignment and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Armada Rubber Mfg Co)

By: Adam Moskowitz

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039646 | $1,900.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Send Checks Payable to ASM CAPITAL

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    ARMADA RUBBER MFG CO EFT
24586 ARMADA RIDGE RD
ARMADA, MI 48005-9617

RD Number: RD005372040
FTI ID Number: CN00105
Barcode: 05444810713201052440001 12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
        In re                               :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :        Case No. 05-44481 (RDD)
                                            :
                              Debtors.      :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule I attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule I (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

☐ Yes, I agree with the Cure Amount listed on Schedule I (complete Step 2 below)

☐ No, I disagree with the Cure Amount listed on Schedule I (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of Automatic Spring Products)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:     New York, New York
           December 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                           John Wm. Butler, Jr. (JB 4711)
                           George N. Panagakis (GP 0770)
                           Ron E. Meisler (RM 3026)
                           Nathan Stuart (NS 7872)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                               - and -
                           Kayalyn A. Marafioti (KM 9632)
                           Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                     Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550005405 | $9,386.56 |
| SAG90I0789 | $21,478.42 |
| SAG90I1558 | $660.00 |
| SAG90I2345 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    AUTOMATIC SPRING PRODUCTS EFT CORP
803 TAYLOR AVE
GRAND HAVEN, MI 49417-2159

RD Number: RD006022289
FTI ID Number: CN00139
Barcode: 0544481071220105244000149

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                    :
        In re                                       :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                        Debtors.                    :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume and assign or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) **on the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Burnex Corp)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:   New York, New York
         December 10, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP
                              John Wm. Butler, Jr. (JB 4711)
                              George N. Panagakis (GP 0770)
                              Ron E. Meisler (RM 3026)
                              Nathan Stuart (NS 7872)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606

                                   - and -

                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036

                        Attorneys for Delphi Corporation, et al.,
                           Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550013021 | $291.97 |
| D0550027464 | $7,015.05 |
| D0550027465 | $0.00 |
| D0550027467 | $1,201.20 |
| D0550027727 | $1,237.97 |
| D0550037115 | $0.00 |
| D0550053325 | $3,857.70 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL,

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:   BURNEX CORP EFT
703 W ALGONQUIN RD
ALGONQUIN, IL 60102

RD Number: RD064388796
FTI ID Number: CN00202
Barcode: 05444810712201052460000219

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                    :    Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
                                                         :
                                    Debtors.             :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP( assignee of Caldwell Industrie Inc)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550042083 | $840.00 |
| D0550044112 | $871.00 |
| D0550044117 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:  CALDWELL INDUSTRIES INC EFT
2351 NEW MILLENNIUM DR
LOUISVILLE, KY 40216-5161

RD Number: RD144308152
FTI ID Number: CN00006
Barcode: 05444810712201052246000224

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                          :
        In re                                             :        Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :        Case No. 05-44481 (RDD)
                                                          :
                                    Debtors.              :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

/ Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓] I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ] I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Canada Metal Pacific Ltd)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
    Kayalyn A. Maraffioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| PEDP4120087 | $7,392.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    CANADA METAL (PACIFIC) LTD
7733 PROGRESS WAY
DELTA, BC  V4G 1A3

RD Number: RD249580168
PFI ID Number: CN00215
Barcode: 05444810711220105246000232

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                               :

In re                              :       Chapter 11

DELPHI CORPORATION, et al.,          :       Case No. 05-44481 (RDD)

                 Debtors.        :       (Jointly Administered)

                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

_Objection Procedures._ Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of C-Plastics)

By: Adam Moskowitz

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          - and -
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

          Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550042344 | $28,941.71 |
| D0550043220 | $19,699.20 |
| D0550071104 | $7,619.76 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to **ASM CAPITAL**      Original Creditor:     C-PLASTICS CORP EFT
                                                                     243 WHITNEY ST
ASM Capital                                                          LEOMINSTER, MA 01453-3275
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

RD Number: RD005173466
PTI ID Number: CN00290
Barcode: 05444810712201052460000222

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :        Case No. 05-44481 (RDD)
                                              :
                Debtors.                      :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

        The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

        Step 1

        Please check one of the boxes below:

[✓]         Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]         No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
            Step 3 below)

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital, LP (assignee of DAA Draexlamier Automotive)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          - and -
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| PEDP5310037 | $79,631.21 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Send Checks Payable to ASM CAPITAL,
AMERICA LLC

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    DAA DRAEXLAMIER AUTOMOTIVE EFTOF

1751 B MAIN ST
DUNCAN, SC 29334

RD Number: RD946B03459
FTI ID Number: CN00904
Barcode: 05444810712201052480009331

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                               :
                                          :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount").  Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
           Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓]    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[  ]    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of DE Amertek Corp)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:   New York, New York
         December 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                         John Wm. Butler, Jr. (JB 4711)
                         George N. Panagakis (GP 0770)
                         Ron E. Meisler (RM 3026)
                         Nathan Stuart (NS 7872)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                              - and -

                         Kayalyn A. Marafioti (KM 9632)
                         Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAGS013784 | $2,872.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    DE AMERTEK CORPORATION INC
300 WINDSOR DR
OAK BROOK, IL 60523

RD Number: RD176268588
FTI ID Number: CN00318
Barcode: 0544481071220105245000349

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
          In re                                     :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                              Debtors.              :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Derby Fabrications Inc)
By: _____
Print Name: Adam Moskowitz
Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:    New York, New York
          December 10, 2007

        SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP

          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606

           - and -

          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036

        Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550050265 | $307.50 |
| D0550061767 | $914.76 |
| D0550063165 | $365.40 |
| D0550053202 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    DERBY FABRICATING INC
4500 PRODUCE RD
LOUISVILLE, KY 40218-3058

RD Number: RD960817674
FTI ID Number: CN00343
Barcode: 054448107122010524800036?

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                  :
        In re                                     :      Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :      Case No. 05-44481 (RDD)
                                                  :
                          Debtors.                :      (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
```

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓] I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ] I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Elliott Tape Inc)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550043978 | $38,127.50 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL     Original Creditor:     ELLIOTT TAPE INC EFT
                                                            1882 POND RUN
ASM Capital                                                 AUBURN HILLS, MI 48326-2768
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

RD Number: RD072781594
FTI ID Number: CN00400
Barcode: 0544481071220105249000430

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
        In re                                               :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

<u>Step 1</u>

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on <u>Schedule 1</u> (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on <u>Schedule 1</u> (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of Fairchild Semiconductor)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

        - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550025410 | $0.00 |
| D0550039378 | $0.00 |
| D0550040310 | $3,495.94 |
| D0550040335 | $17,264.91 |
| D0550041172 | $0.00 |
| D0550041689 | $0.00 |
| D0550042127 | $16,660.44 |
| D0550042558 | $0.00 |
| D0550043291 | $0.00 |
| D0550044270 | $0.00 |
| D0550045835 | $0.00 |
| D0550047167 | $0.00 |
| D0550049083 | $0.00 |
| D0550050809 | $1,638.57 |
| D0550072642 | $41,843.04 |
| D0550075747 | $4,113.91 |

Send Checks Payable to ASM CAPITAL        Original Creditor:        FAIRCHILD SEMICONDUCTOR EFT
                                                                    82 RUNNING HILL DR
ASM Capital                                                         SOUTH PORTLAND, ME  4106
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

RD Number: RD176227148
FTI ID Number: CN00428
Barcode: 05444810717220105249000466

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550077039 | $19,336.00 |
| D0550077151 | $12,579.41 |
| D0550077154 | $14,017.75 |
| D0550077156 | $2,553.77 |
| D0550077159 | $13,962.80 |
| D0550077250 | $0.00 |
| D0550077252 | $27,810.70 |
| D0550077253 | $359.69 |
| D0550077254 | $7,580.88 |
| D0550077255 | $629.45 |
| D0550077260 | $3,212.69 |
| D0550077272 | $17,264.91 |
| D0550077278 | $0.00 |
| D0550077677 | $32.97 |
| D0550077782 | $0.00 |
| D0550077784 | $0.00 |
| D0550077871 | $0.00 |
| D0550079709 | $0.00 |
| D0550079710 | $0.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

| | |
|---|---|
| In re | :     Chapter 11 |
| | : |
| DELPHI CORPORATION, et al., | :     Case No. 05-44481 (RDD) |
| | : |
| Debtors. | :     (Jointly Administered) |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of Fansteel Inter..rt)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          December 10, 2007

                         SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP
                              John Wm. Butler, Jr. (JB 4711)
                              George N. Panagakis (GP 0770)
                              Ron E. Meisler (RM 3026)
                              Nathan Stuart (NS 7872)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois 60606

                                   - and -
                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York 10036

                         Attorneys for Delphi Corporation, et al.,
                         Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 705859 | $4,316.91 |
| 705860 | $341.65 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    Fansteed Intercast
1645 Momentum Place
Chicago, IL, 60689-5316

RD Number: DMSCO8561
PTI ID Number: CN01548
Barcode: 0544481071220105249000471

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                            Debtors.        :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital, LP (assignee of Flexible Products)_

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

                - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550070522 | $8,985.60 |
| D0550070523 | $13,095.94 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:   FLEXIBLE PRODUCTS CO
2600 AUBURN CT
AUBURN HILLS, MI 48326

RD Number: RD050614114
FTI ID Number: CN00457
Barcode: 05444810712201052490D0498

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :
In re            :     Chapter 11
            :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
            :
          Debtors.     :     (Jointly Administered)
            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓] Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ] No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)