UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
                                            :
In re                                       :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                              Debtors.      :    (Jointly Administered)
                                            :
------------------------------------------- x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

**Step 1**

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD086102316                                                          CN00684

0544481071220105252000752

Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD086102316                                                          CN00684

05444810712201052620007 52

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of JRL Electronics)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD086102316                    CN00684

0544481071220105252000752

.

Dated:    New York, New York
          December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                                   John Wm. Butler, Jr. (JB 4711)
                                   George N. Panagakis (GP 0770)
                                   Ron E. Meisler (RM 3026)
                                   Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                        - and -
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

4

RD086102316                                    CN00684

654448107122010525252000752

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550072169 | $24,352.63 |
| D0550077562 | $5,827.59 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD086102316                                                CND0684
0544481071220105252000752

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040 · FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 10, 2008


Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
(888) 249-2691

Attn:    Delphi Cure Claims – Claims of ASM Capital, L.P. and ASM Capital II, L.P.


To Whom It May Concern:

Please let this letter and enclosed _executed_ documents entitled, **"NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION"**, serve as completed notices and elections for treatment of the ASM Capital, L.P. and ASM Capital II, L.P. Delphi Cure Claims.

These are not the original Notices, which have been sent under a separate letter and cover. However, these documents have been executed by the rightful owner of the claims and any other election of treatment on the Cure Claims or any document executed by an original creditor in conflict with our election should be disregarded.

For your convenience we have attached a list of the Claims owned by ASM Capital, L.P. or ASM Capital II, L.P. which all have agreed upon Cure Amounts as well as the same election of treatment, the cash option.

Thank you for your attention to this matter and the processing of the Cure Claims and if you have any questions regarding the elections, please feel free to call me as soon as needed.

Best Regards,

Douglas Wolfe
General Counsel

| Project Name | Project ID Number | Item Number | Total Claim Amt | Address | City | State | Zip | Country | Barcode |
|---|---|---|---|---|---|---|---|---|---|

## Doug Wolfe

**From:**     Cathy Pitts [CPitts@VikingPlastics.com]
**Sent:**     Thursday, January 10, 2008 12:56 PM
**To:**       Doug Wolfe
**Subject:**  FW: Delphi Cure Notice - Viking Plastics

Cathy J. Pitts|Controller|Viking Plastics|814.664.8671x115|Fax 814.664.4797

**From:** Alison M. Teamen [mailto:ATearnen@kcclic.com]
**Sent:** Thursday, January 10, 2008 12:49 PM
**To:** Cathy Pitts
**Cc:** Romelia A. Edwards
**Subject:** Delphi Cure Notice - Viking Plastics

Per your request, attached please find original duplicate Cure Notice(s). **The deadline is this Friday, January 11, 2008 by 7:00 p.m. (ET).** Your notice(s) must actually be received by the deadline.

Please let me know if I can be of further assistance. Thank you.

Alison M. Teamen
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
tel 310.751.1797
fax 310.751.1847
atearnen@kcclic.com
www.kcclic.com

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :   Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :   Case No. 05-44481 (RDD)
                                              :
                          Debtors.            :   (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

☑   Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

8D784440104                                                        CN01406

054448107122010530500158G

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general/unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD784440104                                         CN01406
0544481071220105305001586

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital L P( assignee of Viking Plastics Inc.)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD784440194                CN01406
0544481071220105305001566

Dated:    New York, New York
          December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                                    John Wm. Butler, Jr. (JB 4711)
                                    George N. Panagakis (GP 0770)
                                    Ron E. Meisler (RM 3026)
                                    Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                        - and -

                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession

RD783448104                                    CNGI406
05444810712201053050001586

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAG9014941 | $1,050.62 |
| SAG9015699 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD784440104                                CN01406


0544481071220105305001585



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule I attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule I (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☑  Yes, I agree with the Cure Amount listed on Schedule I (complete Step 2 below)

☐  No, I disagree with the Cure Amount listed on Schedule I (skip Step 2 and go to Step 3 below)

RD059302026    CN01407

0544481071220105305001585

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD059302026                CN01407

05444810712201053050001505

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Viking Plastics Inc.)

By: _____

Print Name: Adam Moskovitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

RJD6S93J2026                                                                CN01407
0544481071220105305001585

Dated:    New York, New York
          December 10, 2007

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP
                                        John Wm. Butler, Jr. (JB 4711)
                                        George N. Panagakis (GP 0770)
                                        Ron E. Meisler (RM 3026)
                                        Nathan Stuart (NS 7872)
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois 60606

                                              - and -
                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                    Four Times Square
                                    New York, New York 10036

                                        Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession

4

RD059302026                                                    CN01407

054448107122010S305001585

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550048943 | $0.00 |
| D0550069855 | $4,446.90 |
| D0550069856 | $0.00 |
| D0550070359 | $0.00 |
| SAG90I4041 | $10,711.85 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD059302026                                      CN01407

054448107122010530500 1585



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                        :    Chapter 11

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)

          Debtors.    :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓] Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ] No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD626809255           CN900086

0544481071220105244000090

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:



☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD626809255                                    CN00086
0544481071220105264000090

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Anker Electronics, Inc.)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD626809255    CN00086
054448107122010524400090

Dated:    New York, New York
          December 10, 2007

                                SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                                    John Wm. Butler, Jr. (JB 4711)
                                    George N. Panagakis (GP 0770)
                                    Ron E. Meisler (RM 3026)
                                    Nathan Stuart (NS 7872)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois 60606

                                          - and -

                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York 10036

                                    Attorneys for Delphi Corporation, et al.,
                                    Debtors and Debtors-in-Possession

4

RD626809255                                    CN00086

0544481071220105244000090

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550039952 | $0.00 |
| D0550039956 | $0.00 |
| D0550040492 | $0.00 |
| D0550040498 | $0.00 |
| D0550040500 | $3,127.60 |
| D0550042447 | $8,829.57 |
| D0550042588 | $21,088.31 |
| D0550045083 | $0.02 |
| D0550047146 | $40,718.73 |
| D0550047147 | $11,092.65 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD626809255                                    CN00086
054448107122010524400090



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re                                         :      Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :      Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :      (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD005245873                                          CN00492

054448107122010525000546

Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:



I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 or timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meister), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RC005245873                                    CN00497
0544481071220105250000546

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of GDC Inc.)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD005245873                                    CN00497
0544481071220105250000546

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
        John Wm. Butler, Jr. (JB 4711)
        George N. Panagakis (GP 0770)
        Ron E. Meisler (RM 3026)
        Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

              - and -
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

    Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

RD005245873                                                CN00497

0544481071220105250000546

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550006843 | $5,103.00 |
| D0550011999 | $0.00 |
| D0550012001 | $0.00 |
| D0550012003 | $0.00 |
| D0550012005 | $466.56 |
| D0550012007 | $0.00 |
| D0550024311 | $2,848.28 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD005245B73                                    CN00497
0544481071220105250000546



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
       In re                                          :    Chapter 11
                                                                  :
DELPHI CORPORATION, et al.,                           :    Case No. 05-44481 (RDD)
                                                                  :
                              Debtors.                :    (Jointly Administered)
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☑       Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐       No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

DM81411                                                                                    CN01691

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors. Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

DM81411                                    CN81691

0544481071220105302001432

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _A S M Capital L P (assignee of Tella Tool & Mfg )_

By: _[signature]_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

DM81411                                                                CN01691
0544481071220105302001432

Dated:    New York, New York
          December 10, 2007

                          SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP
                                John Wm. Butler, Jr. (JB 4711)
                                George N. Panagakis (GP 0770)
                                Ron E. Meisler (RM 3026)
                                Nathan Stuart (NS 7872)
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois 60606

                                      - and -

                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036

                          Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession

4

DM81411                                                         CN01691

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 40804 | $2,850.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

DM81411

CN01691



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
In re                                                           :    Chapter 11
                                                                :
DELPHI CORPORATION, et al.,                                     :    Case No. 05-44481 (RDD)
                                                                :
                              Debtors.                          :    (Jointly Administered)
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD085505675                                                    CN01439

054448107122010S306001622

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures**. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD085505675                                                                 CN01439

0544481071220105306001622

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: BSM Capital, LP (assignee of Westbrook Mfg Inc)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RJO085505675                                    CN01439
0544481071220105306001622

Dated:    New York, New York
          December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                                  John Wm. Butler, Jr. (JB 4711)
                                  George N. Panagakis (GP 0770)
                                  Ron E. Meisler (RM 3026)
                                  Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                      - and -
                                  Kayalyn A. Marafioti (KM 9632)
                                  Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

4

RD085505675                                              CN01439
054448107122010550600t622

## Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550058089 | $23,355.60 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD085505675                                              CN01439
0544481071220105306001022



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                              :
        In re                                 :      Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :      Case No. 05-44481 (RDD)
                                              :
                            Debtors.          :      (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount").  Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[ ✓ ]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[  ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
         Step 3 below)

RD004329520                                             CN01465

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD004329520

CN01465

054448107122010530700165S

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of WXP Inc.)

By: _Alan Maher_

Print Name: Alam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RLS004329520    CN01465
054448107122010530700165

Dated:   New York, New York
         December 10, 2007

                          SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP
                                John Wm. Butler, Jr. (JB 4711)
                                George N. Panagakis (GP 0770)
                                Ron E. Meisler (RM 3026)
                                Nathan Stuart (NS 7872)
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois 60606

                                         - and -
                                Kaynlyn A. Maraffoti (KM 9632)
                                Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036

                          Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession

4

RLD004329526                                               CNX01465

054448107122010530700165S

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| SAQ9015328 | $342,626.96 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD004329520                    CN01465
0544481071220105307001655



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re                                                :      Chapter 11
                                                     :
DELPHI CORPORATION, et al.,                          :      Case No. 05-44481 (RDD)
                                                     :
                              Debtors.               :      (Jointly Administered)
                                                     :
------------------------------------- x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be **received** by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD005372040                                            CN00105
0544481071220105244000112

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:



I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD005372040                                    CN00105
0544481071220105244000112

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumption and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ARMADA RUBBER MANUFACTURING COMPANY

By [signature]

Print Name: LAWRENCE B. WEYMOUTH JR.

Title: PRESIDENT

ASM Capital
Adam Moskowitz
Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD005372040

CN00105

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD005372040                                          CN00105

054448107122010524400 0112

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039646 | $1,900.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD005372040                                    CN00105
054448107122010524400011?

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                                           :   Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :   Case No. 05-44481 (RDD)
                                                    :
                                    Debtors.        :   (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]  Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]  No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD086090724

CN00732

054448107122010525300080 6

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD006090724
CN00732
0544481071220105253000806

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Kickhaefer Manufacturing Company)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD006090724
CN00732
0544481071220105253000806

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
        John Wm. Butler, Jr. (JB 4711)
        George N. Panagakis (GP 0770)
        Ron E. Meisler (RM 3026)
        Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

               - and -
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

        Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

4

RI3006090724                                    CN00732

0544481071220105253000806

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550012303 | $0.00 |
| PEDP4120059 | $523,336.49 |
| SAO90J2411 | $29,751.22 |
| SAG90I5361 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD006090724

CN00732

0544481071220105253000806

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                    :    Chapter 11

DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)

                                    Debtors.             :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RDI02182479

CN00482

0544481071220105250000528

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD162182499



CN00482

05444810712201052500005 28

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of Fuji Bank / Fukoku Seth)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD102182479                                    CN00482
0544481071220105250000528

Dated:   New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD102182479                                              CN00482

054448107122010B250000528

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAG9015127 | $211,507.25 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD102182479                                                   CN00482
054448107122010525000000528

UNITED STATES BANKRUPTCY COURT                          DE⁻ ⸏ ɢ 2007
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
      In re                                           :     Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :     Case No. 05-44481 (RDD)
                                                      :
                                    Debtors.          :     (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD147422919                                                                CN00695
0544481071220105253000764

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓] I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ] I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD147422919

CN00695

0544481071220105253000764

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of John Guest USA / John Guest Automotive)_

By: _[signature]_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD147422919

CN00695

Dated:    New York, New York
          December 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                        John Wm. Butler, Jr. (JB 4711)
                        George N. Panagakis (GP 0770)
                        Ron E. Meisler (RM 3026)
                        Nathan Stuart (NS 7872)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                            - and -
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession

4

RDI47422919                                    CN00695

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550053555 | $540.00 |
| D0550063660 | $26,319.06 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD147422919    CN00695

0544481071220105253000764

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                 :    Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :    Case No. 05-44481 (RDD)
                                                      :
                              Debtors.                :    (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

#### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
#### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD091950469                                                    CN00101

0544481071220105244000106

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD091950469
CN00101

054448107122010524440000106

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumption and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of Argot Automotive Systems)_

By: _[signature]_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD091950469                                                        CN00101
0544481071220105244000106

Dated:   New York, New York
         December 10, 2007

                         SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP
                              John Wm. Butler, Jr. (JB 4711)
                              George N. Panagakis (GP 0770)
                              Ron E. Meisler (RM 3026)
                              Nathan Stuart (NS 7872)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois 60606

                                   - and -
                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York 10036

                         Attorneys for Delphi Corporation, et al,
                         Debtors and Debtors-in-Possession

4

RD091950469                                      CN00101
0544481071220105244000106

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039202 | $2,430.80 |
| D0550047212 | -$234.40 |
| D0550059721 | $212.50 |
| D0550063010 | $5,836.30 |
| D0550063142 | $8,126.00 |
| D0550063745 | $2,278.01 |
| D0550076378 | $387.23 |
| D0550076690 | $840.00 |
| D0550078500 | $340.32 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD091950469                                                    CN00101
0544481071220105244000106

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
    In re                                             :    Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :    Case No. 05-44481 (RDD)
                                                      :
                              Debtors.                :    (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

NRD000018

CN01493

054448107122010524400010 7

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

NRD060018

CN01493

0544481071220105244000107

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) on **the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

**Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.**

Company Name: ASM Capital LP (assignee of Argent Automotive Systems)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

NRD000018                                                                CN01493

054448107122010524400010 7

Dated:    New York, New York
          December 10, 2007

                          SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP
                              John Wm. Butler, Jr. (JB 4711)
                              George N. Panagakis (GP 0770)
                              Ron E. Meisler (RM 3026)
                              Nathan Stuart (NS 7872)
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois 60606

                                  - and -
                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036

                          Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession

4

NRD000018                                    CN01493

054448107122010524400010 7

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 48282 | $0.00 |
| 47208 | $2,629.07 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

NRD000018    CN01493
0544481071220105244000107

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                              :    Chapter 11
                                   :
DELPHI CORPORATION, et al.,        :    Case No. 05-44481 (RDD)
                                   :
                    Debtors.       :    (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD946803459                                                    CN00304

0544481071220105248000331

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assignment and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD946803459

CN00304

0544481071220105248000331

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline")**. Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be **received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008**. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of DAA Draexlmaier Automotive of America)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD946803459
CN00304
0544481071220105248000331

Dated:    New York, New York
          December 10, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP
                            John Wm. Butler, Jr. (JB 4711)
                            George N. Panagakis (GP 0770)
                            Ron E. Meisler (RM 3026)
                            Nathan Stuart (NS 7872)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606

                                   - and -
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036

                        Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession

4

RD946803459                                          CN00304

0344481071220105248000331

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| PEDP5310037 | $79,631.21 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD946803459
CN00304
0544481071220105248000331

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                              :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
                                              :
              Debtors.        :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

        The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

    Step 1

    Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD247791601                                    CN01443

0544481071220103306001626

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

     <u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n:  Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD247791601      CN01443



0544481071220105306001626

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) **on the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital H.LP ( assignee of Wet Automotive Canada )

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD247791601                                                        CN01443

0544481071220105306001626

Dated:    New York, New York
          December 10, 2007

                                SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                                      John Wm. Butler, Jr. (JB 4711)
                                      George N. Panagakis (GP 0770)
                                      Ron E. Meisler (RM 3026)
                                      Nathan Stuart (NS 7872)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois 60606

                                            - and -

                                      Kayalyn A. Marafioti (KM 9632)
                                      Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York 10036

                                Attorneys for Delphi Corporation, et al.,
                                   Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550063449 | $28,390.16 |
| D0550076326 | $8,335.14 |
| D0550076407 | $118.35 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD247791601                                                                CN01443

0544481071220105306001626

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                               :
    In re                                  :    Chapter 11
                                               :
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
                                               :
                 Debtors.       :    (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

        The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

    Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD006022289

CN00139

0544481071220105244000149

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓]  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

0544481071220105244000149

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital L P (assignee of Automatic Spring Products)_

By: _____

Print Name: _Adam Moskovitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD006022289                                    CN00139
054448107122010524400149

Dated:    New York, New York
          December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                                   John Wm. Butler, Jr. (JB 4711)
                                   George N. Panagakis (GP 0770)
                                   Ron E. Meisler (RM 3026)
                                   Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                        - and -
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

                                   .

4

RD006022289                                          CN00139

054448107128010524400019

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D05S0005405 | $9,386.56 |
| SAG9010789 | $21,478.42 |
| SAG9011558 | $650.00 |
| SAG9012345 | $0.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD006022289                                    CN00139
0544481071220105244000149

DEC 27 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

In re                             :    Chapter 11

DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)

              Debtors.     :    (Jointly Administered)

                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓] Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ] No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD041399924                        CN00052

0544481071220105243000054

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,



RJD041399924

CN00052

0544481071220105243000054

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital II, LP (assignee of Alliance Plastics)_

By: _Adam Moshin_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD041399924                                              CN00052
0544481071220105243000054

Dated:    New York, New York
          December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                                   John Wm. Butler, Jr. (JB 4711)
                                   George N. Panagakis (GP 0770)
                                   Ron E. Meister (RM 3026)
                                   Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                        - and -
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

4

RDO41399924                                    CN00052
054448107122010524300054

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550005538 | $4,474.87 |
| D0550026620 | $21,648.00 |
| D0550026621 | $384.00 |
| D0550028234 | $0.00 |
| D0550028235 | $0.00 |
| D0550028236 | $0.00 |
| D0550028237 | $316.00 |
| D0550028238 | $212.00 |
| D0550028239 | $0.00 |
| D0550028240 | $0.00 |
| D0550028241 | $0.00 |
| D0550028242 | $0.00 |
| D0550028243 | $0.00 |
| D0550028244 | $0.00 |
| D0550028245 | $0.00 |
| D0550028246 | $0.00 |
| D0550028494 | $0.00 |
| D0550072335 | $448.50 |
| SAG9014387 | $27,846.50 |
| SAG9015668 | $0.00 |

5

RD041399924    CN00052
0544481071220105243000054

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

6

RD041399924

CN00052

054448107122010524300054

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                              :        Chapter 11

                                                   :
DELPHI CORPORATION, et al.,                        :        Case No. 05-44481 (RDD)

                        Debtors.                   :        (Jointly Administered)

                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
        Step 3 below)

RD004939229                                          CN00621

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD004939229

CN00621

0544481071220105252000602

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital, LP (assignee of Industrial Dielectrics Inc.)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD004939229                                    CN00621
054448107122010525200682

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD004939229    CN00621
0544481071220105252000492

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550042920 | $2,839.20 |
| D0550044482 | $2,563.20 |
| D0550046704 | $33,852.00 |
| D0550064729 | $2,733.60 |
| D0550077350 | $0.00 |
| D0550078974 | $0.00 |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |
| ████████████ | ████████████ |

RD004939229

CN00621

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040 · FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 9, 2008

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
(888) 249-2691

*COPIES*

Attn:    Delphi Cure Claims -- Claims of ASM Capital, L.P. and ASM Capital II, L.P.

To Whom It May Concern:

Please let this letter and enclosed executed ORIGINAL documents entitled, **"NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION"**, serve as further proof of completed notices and elections for treatment of the ASM Capital, L.P. and ASM Capital II, L.P. Delphi Cure Claims.

These are the ORIGINAL Notices, which are being sent. However, these documents are not a complete collection of ORIGINAL Cure Notices owned by ASM Capital, L.P. or ASM Capital II, L.P. These are ONLY the ones we have received from original creditors. They have been executed by the rightful owner of the claims. We are hoping to send another package of any subsequently received ORIGINAL Cure Notices by tomorrow.

Another package of Cure Notices has also been sent along to KCC by ASM Capital and should act in conjunction with and in support of ASM Capital's right to elect the treatment of these Cure Claims. Any other election of treatment on the Cure Claims from someone other than our firm, or any other document executed by an original creditor in conflict with our election should be disregarded. In addition, any absence of an ORIGINAL Cure Notice should not be seen as an omission of an election and we reserve all rights in regard to such election of treatment in regards to our Cure Claims.

For your convenience we have attached a list of the Claims owned by ASM Capital, L.P. or ASM Capital II, L.P. which all have agreed upon Cure Amounts as well as the same election of treatment, the cash option.

Thank you for your attention to this matter and the processing of the Cure Claims and if you have any questions regarding the elections, please feel free to call me as soon as needed.

Best Regards,

Douglas Wolfe
General Counsel

✓ — ORIGINALS

| Authorized Creditors | Project | PD Number | FTI ID Number | Total Claim Paid | Address | City | State | Zip | Country | Barcode |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                          :
    In re                                                 :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                                     Debtors.             :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule I attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule I (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

**Step 1**

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule I (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule I (skip Step 2 and go to Step 3 below)

RD607396215                                            CN01451

054448107122010530600163B

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2



0544481071220105306001638

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumption and assignment, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital, LP (assignee of Windsor Machine & Stamping)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD607396215

CN01451

054448107122010630600 1638

Dated:    New York, New York
          December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                                   John Wm. Butler, Jr. (JB 4711)
                                   George N. Panagakis (GP 0770)
                                   Ron E. Meisler (RM 3026)
                                   Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                        - and -
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession

4

RD602396215                                   CN01451

0544481071220105306001688

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550078327 | $156,672.99 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

RDX07396215                                                CN01451

054448107122010530600168

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
In re                                                         :    Chapter 11
                                                              :
DELPHI CORPORATION, et al.,                                   :    Case No. 05-44481 (RDD)
                                                              :
                                      Debtors.                :    (Jointly Administered)
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☑  Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐  No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD067868653                                CN01412
054448107122010530500159

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD067868653

CN01412

0544481071220105305001596

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital II, LP (assignee of Vogelsang Corp)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free: (800) 718-5305                  http://www.delphidocket.com
International: (248) 813-2698

RD067868653                                                CN01412

054448107122010530500 1596

Dated:    New York, New York
          December 10, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP
                                   John Wm. Butler, Jr. (JB 4711)
                                   George N. Panagakis (GP 0770)
                                   Ron E. Meisler (RM 3026)
                                   Nathan Stuart (NS 7872)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                        - and -
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

4

RD067868653                                                    CN01412
054448107122010530500159

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| PEDP4120083 | $30,304.80 |
| SAG9015625 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD067868653                                                          CN01412
05444810712201053050001598

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                                     :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD185121530                                    CN01039
0544481071220105257001161

Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD185121530

CN01039



0544481071220105257001161

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of Pollica Corp)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD185121530                                    CN01039
0544481071220105257001161

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

054448107122010525700116l

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| SAG90I2871 | $349,357.60 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD185121530    CN01039
0544481071220105257001161

*Jim's Copy*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  x
                                                                                :
        In re                                                          :        Chapter 11
                                                                                :
DELPHI CORPORATION, et al.,                          :        Case No. 05-44481 (RDD)
                                                                                :
                                         Debtors,               :        (Jointly Administered)
                                                                                :
-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[X]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
       Step 3 below)

*Original mailed*
*12-28-07*

RD144308152                                                                       CN00206

0544481071220105246000224

Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☒    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD144308152

CN00206



0544481071220105246000224

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: HOWELL INDUSTRIES INC.

By: _(signature)_

Print Name: James R. Winkler II

Title: Vice-President & CFO

ASM Capital, LP

_(signature)_

Adam Moskowitz

Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD144308152

CN00206

0544481071220105246000224

Dated:    New York, New York
          December 10, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP
                            John Wm. Butler, Jr. (JB 4711)
                            George N. Panagakis (GP 0770)
                            Ron E. Meisler (RM 3026)
                            Nathan Stuart (NS 7872)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606

                                  - and -
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession

4

RD144308152                                                    CN00206
0544481071220105246000224

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550042083 | $840.00 |
| D0550044112 | $871.00 |
| D0550044117 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD144308152                                                   CN00206

0544481071220105246000224

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :x

In re                                                    :    Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
                                                         :
                              Debtors.                   :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RDI76227148                                              CN00428

0544481071220105249000466

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n:  Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,



RD176227148
CN00428
0544481071220105249000466

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital II, LP (assignee of Fairchild Semiconductor)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD176227148                                    CN00428

0544481071220105249000466

Dated:    New York, New York
          December 10, 2007

                  SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP
                      John Wm. Butler, Jr. (JB 4711)
                      George N. Panagakis (GP 0770)
                      Ron E. Meisler (RM 3026)
                      Nathan Stuart (NS 7872)
                  333 West Wacker Drive, Suite 2100
                  Chicago, Illinois 60606

                          - and -
                      Kayalyn A. Marafioti (KM 9632)
                      Thomas J. Matz (TM 5986)
                  Four Times Square
                  New York, New York 10036

                  Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession

RD176227148                      CN00428
0544481071220105249000466

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550025410 | $0.00 |
| D0550039378 | $0.00 |
| D0550040310 | $3,496.94 |
| D0550040335 | $17,264.91 |
| D0550041172 | $0.00 |
| D0550041689 | $0.00 |
| D0550042127 | $16,660.44 |
| D0550042558 | $0.00 |
| D0550043291 | $0.00 |
| D0550044270 | $0.00 |
| D0550045835 | $0.00 |
| D0550047167 | $0.00 |
| D0550049083 | $0.00 |
| D0550050809 | $1,638.57 |
| D0550072642 | $41,843.04 |
| D0550075747 | $4,113.91 |
| D0550077039 | $19,336.00 |
| D0550077151 | $12,579.41 |
| D0550077154 | $14,017.75 |
| D0550077156 | $2,553.77 |

5

RD176227148                                          CN00428

054448107122010524900046

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550077159 | $13,962.80 |
| D0550077250 | $0.00 |
| D0550077252 | $27,810.70 |
| D0550077253 | $359.69 |
| D0550077254 | $7,580.88 |
| D0550077255 | $629.45 |
| D0550077260 | $3,212.69 |
| D0550077272 | $17,264.91 |
| D0550077278 | $0.00 |
| D0550077677 | $32.97 |
| D0550077782 | $0.00 |
| D0550077784 | $0.00 |
| D0550077871 | $0.00 |
| D0550079709 | $0.00 |
| D0550079710 | $0.00 |
| | |
| | |
| | |
| | |
| | |

6

RD1762271148    CN00428

0544481071220105249000465

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                                   :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date").

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD096317002

CN01096

0544481071220105258001227

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital # 1 P (assignee of R 7 Mono Ithics)

By: Adam Moskowitz

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD096817002
CN01096
0544481071220105258001227

Dated:    New York, New York
          December 10, 2007

                            SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP
                                John Wm. Butler, Jr. (JB 4711)
                                George N. Panagakis (GP 0770)
                                Ron E. Meisler (RM 3026)
                                Nathan Stuart (NS 7872)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois 60606

                                    - and -
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036

                            Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession

4

RD096817002                                    CN01096

054448107122010525800122

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550041530 | $42,745.21 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD0968 17002                                    CN01096
054448107122015258001227

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                                           :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                        Debtors.                    :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD002178556                                                                CN00077

054448107122010524300081

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓]  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD002178556                                                                        CN00077

0544481071220105243000081

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of American Products Co.)_

By: _Adan Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

RD002178556                                                          CN00077

054448107122010524300081

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

                    - and -
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

          Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession

4

RD002178556                                          CN00077
0544481071220105243000081

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAG9015247 | $58,050.24 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RD002178556
CN00077
0544481071220105243000081

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------  x
                                      :
    In re                             :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                      Debtors.        :    (Jointly Administered)
                                      :
------------------------------------  x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD072781594                                                        CN00400

054448107122010524900043 0

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2005 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD072781594

CN00400



0544481071220105249000430

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustees for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Elliott Tape Inc)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RJD072781594

CN90400

054448107122010524900430

Dated:    New York, New York
          December 10, 2007

.

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                              John Wm. Butler, Jr. (JB 4711)
                              George N. Panagakis (GP 0770)
                              Ron E. Meisler (RM 3026)
                              Nathan Stuart (NS 7872)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                              - and -
                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession

4

RD072781594                                                    CN90400

0544481071220105249000430

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0SS0043978 | $38,127.50 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

RD072781594    CN00400

0544481071220105243000430

