@002/015

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6849

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

### BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 7/26/06 (the "Transfer Agreement"), whereby we ARGENT AUTOMOTIVE SYSTEMS INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited *solely* to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

01/15/2008  10:43 FAX  7345829998                Argent International                                      @003/015

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Joseph R. Berkoski_

TITLE _CFO_

Transferor: ARGENT AUTOMOTIVE SYSTEMS INC

Tel.    (734) 582-9800

Fax    (734) 582-9999

DATE _1/15/08_

Acknowledgement:

STATE OF _MICHIGAN_

COUNTY OF _OAKLAND_

The foregoing instrument was acknowledged before me this _15_ day of _JANUARY_, 20_08_ by _JOSEPH A. BERKOWSKI_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _DRIVERS LICENSE_ as identification.

_[signature]_
Signature of person taking acknowledgment

_ANNINIA V MELE_
Name typed, printed, or stamped

_NOTARY_
Title or rank

ANNINA V. MELE
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Jul 11, 2013
ACTING IN COUNTY OF _WAYNE_

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                            :
        In re                                               :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                    Debtors.                                :    (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

**Step 1**

Please check one of the boxes below:

[✓]   Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD09195M69                                                  CN00101
C644481071220106246000106

01/15/2008 10:43 FAX 7345828999          Argent International          ☎005/015

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓]  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RJ0091990469                              CN00101
05444810712201052440001 06

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Argent Automotive System)

By: _[signature]_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

_[signature]_ Joseph A. Berkowski

Joseph A. Berkowski

CFO
ARGENT Automotive Systems

Delphi Legal Information Website:
http://www.delphidocket.com

3

R0091950169                                    CH00101
[barcode]
0544481071220105244000105

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
     John Wm. Butler, Jr. (JB 4711)
     George N. Panagakis (GP 0770)
     Ron E. Meisler (RM 3026)
     Nathan Stuart (NS 7372)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          - and -
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD091950469                                                    CN00101
065444810712201852440001 06

01/15/2008 10:45 FAX 7345829999          Argone International          @008/015

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039202 | $2,430.80 |
| D0550047212 | -$234.40 |
| D0550059731 | $212.50 |
| D0550063010 | $5,876.30 |
| D0550063142 | $8,126.00 |
| D0550063745 | $2,278.01 |
| D0550076379 | $387.23 |
| D0550076690 | $840.00 |
| D0550078800 | $340.32 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

## A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

    Reference is made to that certain Assignment of Claim Agreement executed on or about 7/26/06 (the "Transfer Agreement"), whereby we ARGENT AUTOMOTIVE SYSTEMS INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

    In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

01/15/2008 10:45 FAX 7345829999          Argent International                          🖾010/015

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Joseph A. Berkoski_

TITLE _CFO_

Transferor: ARGENT AUTOMOTIVE SYSTEMS INC

Tel.    (734) 582-9800

Fax    (734) 582-9999

DATE _1/15/08_

Acknowledgement:

STATE OF _MICHIGAN_

COUNTY OF _OAKLAND_

The foregoing instrument was acknowledged before me this _15_ day of _JANUARY_ _____, 20_08_ by _JOSETH A BERKOWSKI_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _DRIVERS LICENSE_ _____ as identification.

_signature_
Signature of person taking acknowledgment

_HAINIAIA V. MELE_
Name typed, printed, or stamped

_NOTARY_
Title or rank

_____
Serial number (if applicable)

MARIA V. MELE
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Jul 11, 2013
ACTING IN COUNTY OF WAYNE

01/15/2008  10:45 FAX  7345829399        Argent International                              ☒011/015

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                :
     In re                                      :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
                        Debtors.                :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

     PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

     In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

┌─────────────────────────────────────────────────────────────────────────────┐
│ You must return this form in the envelope provided to Kurtzman Carson Consultants │
│ LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so │
│ as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail │
│ to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and │
│ assigned, and you will be paid the cure amount listed on Schedule 1 in new common │
│ stock of reorganized Delphi and rights to participate in the discount rights offering in │
│ the proportions set forth in the Plan for holders of allowed general unsecured claims. │
└─────────────────────────────────────────────────────────────────────────────┘

     The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☑        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
         Step 3 below)

NRD000018                                                                    CN01493

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
0544481071220105244000107

### Step 2



Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

NRD000016                                                                 CN01493
05444819712201D5244000107

☒013/015

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Argent Automotive Systems)

By: _____          _____

Print Name: Adam Moskowitz          Joseph A. Berkowski

Title: Managing Member          Argent Automotive Systems
                                          CFO

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free: (800) 718-5305          http://www.delphidocket.com
International: (248) 813-2698

NRD000018                                    CN01491
0544481071220108244000107

01/15/2008 10:47 FAX  7345829999    Argent International    ☑014/015

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

        - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

    Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

NRD00001E                                CN01493
05444810712201052440001D7

01/15/2008 10:47 FAX 7345829999    Argent International    @015/015

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 49282 | $0.00 |
| 47208 | $7,629.07 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

NRD000018    CN01493



Argent International, Inc.
41016 Concept Drive
Plymouth, Michigan 48170
Tel: 734.582.9800
Fax: 734.582.9999
Web: www.argentinternational.com

☐ *URGENT*

☐ *PLEASE REPLY*

# Fax Transmittal Sheet

| | | | |
|---|---|---|---|
| **To:** | Douglas Wolfe | **From:** | J. Berkinski |
| **Company:** | ASM Capital | **Date:** | 1/15/08 |
| **Fax #:** | 516-224-6049 | **# Pages Including Cover:** | 15 |
| **Phone #:** | | **Direct Dial #** | |
| **RE:** | | | |

## Comments:

*Confidentiality Note:* The information contained in this facsimile and document(s) attached are for the exclusive use of the addressee and may contain confidential, privileged and non-disclosable information. If the recipient of this facsimile is not the addressee, such recipient is strictly prohibited from reading, photocopying, distributing or otherwise using this facsimile or its contents in any way.

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

## A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

     Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 7/18/06 (the "Transfer Agreement"), whereby we MRA INDUSTRIES INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME

TITLE _____

Transferor: MRA INDUSTRIES INC

Tel.    (586) 954-0700

Fax    (586) 954-0706

DATE _____

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
   In re                                                 :   Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :   Case No. 05-44481 (RDD)
                                                         :
                            Debtors.                     :   (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

Jan. 15. 2008  9:45AM   MRA Industries                              No. 3984   P. 7

## Step 2

Review the Plan in its entirety, including Article 5.5 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓]  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure Amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures.  Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of MRA Industries )  /MRA, Industries

By: _____

Print Name: Adam Moskowitz              Daniel A. Nowicki

Title: Managing Member                   CFO

Delphi Legal Information Hotline:              Delphi Legal Information Website:
Toll Free: (800) 718-5305                     http://www.delphidocket.com
International: (248) 813-2698

3

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned | Cure amount: |
|---|---|
| SAG9030763 | $7,375.60 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Send Checks Payable to ASM CAPITAL

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:   MRA INDUSTRIES INC DPT
33957 DOREXA
FRASER, MI 48026

RD Number: KD185157765
FTI ID Number: CN00899
Barcode: 054648107127010525500099

Jan. 15. 2008  9:43AM    MRA Industries                                          No. 3984    P. 1



Anderson-Cook

# FAX COVER SHEET

| DATE: | 1-15-08 |
|-------|---------|
| TO: | ASM Capital / Spring Wolf... |
| FROM: | Dan Kawecki / MRA |
| FAX #: | 516 224-6049 |
| TOTAL PAGES (INCLUDING COVER): | 1/10 |

COMMENTS:

## Fax Transmittal Form

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL: Dwolfe@ASMCapital.com

### A Board Member of the Trade Claim Buyers Association

**Date:**       **January 11, 2008**

**To:**         **Daniel A. Nowicki**

**Company:**    **MRA INDUSTRIES INC**

**Re:**         **Delphi Automotive Systems LLC Bankruptcy**

**From:**       **Doug Wolfe**
**Tel:**        **(516) 224-6040 x-102**
**Fax:**        **(516) 224-6049**
**Email:**      **DWolfe@ASMCapital.com**

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:  Please see attached.**

Jan. 15. 2008  9:43AM    MRA Industries                    No. 3984   P. 3

The attached document is a standard cover letter we will be sending along with the *Notice of Cure Amount* that you had previously emailed to us. Please sign and resend that letter to us via fax or email.

The *Notice of Cure* is also attached.

Please fully execute the *Notice of Cure*. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@asmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

01/15/2008  18:33    5178487698    ALPHI MANUFACTURING    PAGE  02

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 2/13/06 (the "Transfer Agreement"), whereby we ALPHI MANUFACTURING INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

01/15/2008  10:33    5178497680    ALPHI MANUFACTURING    PAGE  03

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME  _PHILIP J. MARSHALLSAY_

TITLE  _CEO_

Transferor: ALPHI MANUFACTURING INC

Tel.  (517) 849-9945

Fax  (517) 849-7680

DATE  _1/11/08_

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                   :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]       Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]       No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

01/15/2008   10:33    5178497680                    ALPHI MANUFACTURING                    PAGE   05

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure Amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

01/15/2008  10:33   5178497580                    ALPHI MANUFACTURING                    PAGE  06

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ISM Capital, L.P. (assignee of Alphi Manufacturing Inc)_   ALPHI MANUFACTURING, INC.

By: _____

Print Name: Adam Markowitz                        _____

Title: Managing Member                          PHILIP J. MARSHALLSAY

                                                CFO

Delphi Legal Information Hotline:                 Delphi Legal Information Website:
Toll Free: (800) 718-5305                         http://www.delphidocket.com
International: (248) 813-2698

3

01/15/2008  10:33    5178497680    ALPHI MANUFACTURING    PAGE  07

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550011286 | $0.00 |
| D0550027283 | $43,458.10 |
| D0550027284 | $0.00 |
| D0550027285 | $0.00 |
| D0550027286 | $102,548.12 |
| D0550027287 | $0.00 |
| D0550027288 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL          Original Creditor:    ALPHI MANUFACTURING INC
                                                                  576 BECK ST
ASM Capital                                                       JONESVILLE, MI 49250
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

RD Number: RD093085076
FTI ID Number: CN00059
Barcode: 05444810712501105742000062



**ALPHI**
MANUFACTURING
Precision Tubular Products

576 Beck St
Jonesville, MI 49250
Phone (517) 849-9945
Fax (517) 849-2556

# Facsimile Cover Sheet

**Date:** 1/14/08

**To:** Heather Berkowitz    cc Doug Wolfe

**From:** Philip Marshalbay

**Fax Number:** 516 224 6045 / 5

## Number of pages being sent including cover sheet:
8

*If you have any questions or concerns regarding this fax
transmission, please contact the sender.

**Comments:** Sorry I just picked up your
last email this morning.

G/Shared/Forms/Templates/Fax Cover Sheets



**WORLD PRODUCTS INC.**                                    *Fax Transmission*

P.O. Box 517, 19654 Eighth St. East, Sonoma, CA 95476 USA Phone (707) 996-5201 Fax (707) 996-3380

TO:     Doug Wolfe                    ASM Capital

FM:     Valerie J. Messier            World Products Inc.

DATE:   1/14/08

RE:     Delphi Mechatronics Systems Bankruptcy-Notice of Cure

Enclosed is the executed fax which you sent to us on January 11, 2008 at 3:35 PM requesting that we have it approved, executed and returned to you on January 11, 2008 by 7:00 PM, i.e., 25 minutes later. Unfortunately, we were unable to do that, but I have enclosed an executed copy of the fax. I have deleted the last sentence of each of the two full paragraphs on page 1 due to the fact that these statements seem to ask for legal conclusions (which we are not prepared to provide). I hope this serves your purposes.

Regards,

End of Message
Page 1 of 9

01/14/2008 09:31 FAX 7079358284    WORLD PRODUCTS    ☐002/009

# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

#### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

### BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

    Reference is made to that certain Assignment of Claim Agreement executed on or about 1/27/06 (the "Transfer Agreement"), whereby we WORLD PRODUCTS INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

    In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

01/14/2008 09:31 FAX 7079356284     WORLD PRODUCTS                          ☑003/009

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME Valeria G M Renaud

TITLE CFO

Transferor: WORLD PRODUCTS INC

Tel.   (707) 996-5201

Fax   (707) 935-6284

DATE  1-14-08

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                                           :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                              Debtors.              :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

01/14/2008 09:32 FAX 7079358284          WORLD PRODUCTS                          ☒ 005/009

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 39th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (x) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

01/14/2008 09:33 FAX  7079356284                    WORLD PRODUCTS                              ☑ 008/009

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of World Products)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_          _Valeria J Mesani_

Title: _Managing Member_                _CFO_

Delphi Legal Information Hotline:        Delphi Legal Information Website:
Toll Free: (800) 718-5305                http://www.delphidocket.com
International: (248) 813-2698

3

01/14/2008 09:33 FAX   7078356284   WORLD BROKERS   🖂 007/008

Dated:   New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
   John Wm. Butler, Jr. (JB 4711)
   George N. Panagakis (GP 0770)
   Ron E. Meisler (RM 3026)
   Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

01/14/2008 09:33 FAX  7079358284          WORLD PRODUCTS                    ☎008/009

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 50253 | 0 |
| 50251 | $7,084 |
| 50252 | $53,930.6 |
| 82593 | $57,757.6 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Send Checks Payable to ABM CAPITAL        Original Creditor.        WORLD PRODUCTS INC
                                                                    19654 8.5T EAST
ABM Capital                                                         SONOMA, CA 95476
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

                                            RO Number: NRD000567
                                            FTI ID Number: CN01724
                                            Barcode: 05444110712201053060001646

01/14/2008 09:33 FAX  7079356284                                    ☒ 009/009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

In re                                      :    Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :    Case No. 05-44481 (RDD)
                                           :
                        Debtors.           :    (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-5840· FAX: (516) 224-6040

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 2/6/06 (the "Transfer Agreement"), whereby we POLTRON CORPORATION ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE _____ President

Transferor: POLTRON CORPORATION

Tel. ~~(301) 208-6595~~  301-846-9972

Fax ~~(301) 208-8691~~  301-846-9976

DATE ___ Jan 15, 2002

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20 ____ by
_____ [YOUR FULL LEGAL NAME], who is personally known to me or who has
produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

In re                          :     Chapter 11

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)

                 Debtors.   :     (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 91245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

**Step 1**

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below).

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below).



**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures entitled below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-742 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD165371550    CN01035

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide 'adequate assurance of future performance' (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.2 of the Plan.

Company Name: _____ ACM Capital II, LP (assignee of Pattia Grp) _____

By: _____        _____

Print Name: _____ Adam Moskowitz _____    _____ Nojekoh Singter _____

Title: _____ Managing Member _____        _____ President _____

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free:  (800) 718-5305                 http://www.delphidocket.com
International:  (248) 813-2698

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

                - and -
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

          Attorneys for Delphi Corporation, et al.
          Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| $AC9002911 | $569,357.69 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5



Message

## Doug Wolfe

**From:** poltroncorp01@sprintpcs.com on behalf of Voytek Fizyta [vfizyta@poltron.com]

**Sent:** Monday, January 14, 2008 1:57 PM

**To:** Doug Wolfe

**Subject:** Delphi - Poltron

Doug,
Attached are requested documents.
Let me know if you need anything else.
Thanks,
Wojciech Fizyta
Poltron Corporation

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 303 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 5/4/06 (the "Transfer Agreement"), whereby we ARMADA RUBBER MFG CO ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME LAWRENCE B. WEYMOUTH JR

TITLE PRESIDENT

Transferor: ARMADA RUBBER MFG CO

Tel. (586) 784-9135

Fax (586) 784-5023

DATE 1-12-2008

Acknowledgement:

STATE OF NY

COUNTY OF MACOMB

The foregoing instrument was acknowledged before me this 12 day of JANUARY, 20 08 by LAWRNCE B. WEYMOUTH JR [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

ROBERT A. BOVA
Notary Public, State of Michigan
County of Macomb
My Commission Expires Dec. 1, 2012
Acting in the County of Macomb

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
In re                                                   :     Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :     Case No. 05-44481 (RDD)
                                                        :
                                       Debtors.         :     (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule I attached hereto as provided in the Plan and the Disclosure Statement.

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule I (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule I (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule I (skip Step 2 and go to Step 3 below)

RD005372040                                                                    CN00105

0544481071220105244000112

<u>Step 2</u>

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

<u>Step 3</u>

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or before to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD005372040                                CN00105
0544481071220105244000112

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

**Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.**

Company Name: ARMADA RUBBER MANUFACTURING COMPANY

By _____

Print Name: LAWRENCE B. WEYMOUTH JR.

Title: PRESIDENT

ASM Capital
Adam Moskowitz
Adam Moskowitz
Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD005372040

CN00105

0544481071220105244000112

Dated:    New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD005372040                                          CN00105
05-44481071220105244000112

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039646 | $1,900.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

## Doug Wolfe

**From:**    Robert Bova [rbova@armadarubber.com]

**Sent:**    Saturday, January 12, 2008 11:03 AM

**To:**    Heather Berkowitz

**Cc:**    Doug Wolfe

**Subject:** Notice of Cure

Heather/Doug

Please find the signed letter attached regarding the Delphi Notice of Cure. Please contact my office if you require additional information.

Robert Bova
Controller
Armada Rubber Mfg Company
586-784-9135

81/11/2008 84:24 5162246849
BY FACSIMILE
8644861213
P.1
ASM
PAGE 83/18

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

**A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION**

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:   *In re Delphi Corporation, et al.,* ("Delphi") Case No. 05-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 5/3/06 (the "Transfer Agreement"), whereby we DAA DRAEXLMAIER AUTOMOTIVE OF AMERICA LLC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE _____

Hardin Ball

CEO

Transferor: DAA DRAEXLMAIER AUTOMOTIVE OF AMERICA LLC

Tel.    (864) 433-8910

Fax    (864) 433-8920

DATE _____

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - -       x

In re                                               :

                                                    :   Chapter 11

DELPHI CORPORATION, et al.,                         :   Case No. 05-44481 (RDD)

                                                    :   (Jointly Administered)

                            Debtors.                :

- - - - - - - - - - - - - - - - - - - - - - -       x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD946603429                                         CN00304
0544481071220106248000031

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investments Company, Ltd., White & Case LLP,

2

RD946803499                                             CN00304
0544481071220906245000337

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Lombard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of DBA Draexlmaier Automotive of America)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Mario Macollino                    Martin Gell
Director Finance                   CEO

Delphi Legal Information Website:
http://www.delphidocket.com

3

KD944803457                    CN00304

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

        - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

ADT46802459                                    CNX0304
05444810712201062480000531

# Schedule 1

| Contract(s) to be assumed and/or assigned: | | | Cure amount: |
|---|---|---|---|
| | PEDPS330037 | | $79,631.23 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

5

RD946803459    CN00304
05444810712201052480000331

01-16-08;12:52PM;                                                            i                      #  2/ 10

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224·6040· FAX: (516) 224·6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 05-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 4/26/06 (the "Transfer Agreement"), whereby we GOSHEN DIE CUTTING INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

01-16-08;12:52PM;                                                    ;                    #  3/ 10

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Lisi Ohoyds_

TITLE _Controller_

Transferor: GOSHEN DIE CUTTING INC

Tel.    (574) 533-3128

Fax    (574) 537-8544

DATE _1-16-08_

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by
_____ [YOUR FULL LEGAL NAME], who is personally known to me or who has
produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

01-16-08;12:52PM;                                                        ;                    # 4/ 10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                           :
In re                                                      :      Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :      Case No. 05-44481 (RDD)
                                                           :
                          Debtors.                         :      (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants
LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
assigned, and you will be paid the cure amount listed on Schedule 1 in new common
stock of reorganized Delphi and rights to participate in the discount rights offering in
the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]   Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
Step 3 below)

RD005245973                                                          CN00497

0544481071220105250000546

01-16-08;12:52PM;                                                    ;                    # 8/ 10

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:



☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (All as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

## Objection Procedures

Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

R.0005245873                                                CN00497



01-16-08;12:52PM;                                                    ;                    #  5/ 10

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

<u>Step 4</u>

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assign of GDC Inc.)

By: _Adam Mosk___                                    GDC, Inc.

Print Name: Adam Moskowitz                          Teri Ohrazda

Title: Managing Member                              Teri Ohrazda
                                                     Controller

Delphi Legal Information Hotline:                   Delphi Legal Information Website:
Toll Free: (800) 718-5305                           http://www.delphidocket.com
International: (248) 813-2698

3

RD005245873                                              CW00497
0544481071220100250000546

91-16-08;12:52PM;                                              ;                    #  7/ 10

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD00074537S                                              CN00497
0544481071220105260000546

01-16-08;12:52PM;                                        ;                    # 8/ 10

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amounts |
|---|---|
| D0550006843 | $5,103.00 |
| D0550011999 | $0.00 |
| D0550012001 | $0.00 |
| D0550012003 | $0.00 |
| D0550012005 | $466.56 |
| D0550012007 | $0.00 |
| D0550024311 | $2,848.28 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD0035345873                                         CN00497

05444810712201052500000566

01-16-08; 12:52PM;                                    ;                    #  9/ 10

CN000497

RD000245073

GDC INC 2FT
815 LOGAN ST
GOSHEN IN 46528

01-16-08;12:52PM;                                                    ;                    # 10/ 10

**Doug Wolfe**

**From:** Teri Ohrazda [tohrazda@gdc-corp.com]
**Sent:** Thursday, January 10, 2008 9:50 AM
**To:** Doug Wolfe
**Subject:** FW: Delphi Cure Notice

-----Original Message-----
**From:** Beth Raatz [mailto:bethr@gdc-corp.com]
**Sent:** Thursday, January 10, 2008 8:10 AM
**To:** Teri Ohrazda
**Subject:** FW: Delphi Cure Notice

**From:** Romelia A. Edwards [mailto:REdwards@kcclic.com]
**Sent:** Wednesday, January 09, 2008 12:55 AM
**To:** Beth Raatz
**Subject:** Delphi Cure Notice

Per your request, attached please find a duplicate original Cure Notice for GDC. **The deadline is this Friday, January 11, 2008 by 7:00 p.m. (ET).** That means our offices need to actually be in receipt of the notices by that deadline. You may overnight them to our offices at the same address listed on the notice.

Please let me know if I can be of further assistance. Thank you.

*Romelia Edwards*
Kurtzman Carson Consultants
2336 Alaska Avenue
El Segundo, CA 90245
Direct (310) 751-1818
Fax (310) 751-1866
redwards@kcclic.com
www.kcclic.com

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

1/10/2008

01-16-08;12:52PM;                                    ;                # 1/ 10

# GDC, INC.  GOSHEN, IN
## FAX: 574-537-8544:

DATE: _____ 1-16-08 _____

ATTENTION: Doug Wolfe,

COMPANY: ASM Capital

FAX NUMBER: 516-224-6049

*******************************************

FROM:

GDC, INC

GOSHEN, INDIANA

FAX: 574-537-8544

Phone: 574-533-3128  extension 336

_____ see attached _____

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

**A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION**

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 05-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 2/28/06 (the "Transfer Agreement"), whereby we FANSTEEL INTERCAST ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement. Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME  _Joseph Riggs_

TITLE  _Treasurer_

Transferor: FANSTEEL INTERCAST

Tel.   (847) 689-4900

Fax   (847) 689-4555

DATE  _1-16-08_

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by
_____ [YOUR FULL LEGAL NAME], who is personally known to me or who has
produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

Jan 16 08 08:50a    Joseph Riggs                925-798-1678              p.4
01/16/2008  00:42    5162246849              ASM                    PAGE  05/09

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                    :    Chapter 11

DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)

                    Debtors.             :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[ ]   I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]   I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 105(a) And 365 And Fed. R. Bankr. P. 2002(m), 3006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing thereof, (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron B. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

Jan 16 08 08:58a    Joseph Riggs    925-798-1678    p.1

01/16/2009  00:42   5162246049    ASM    PAGE  01/08

---

## *Fax Transmittal Form*

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL: DWolfe@ASMCapital.com

A Board Member of the Trade Claim Buyers Association

**Date:**       ~~January 11, 2008~~   January 16, 2008

**To:**       Joe Riggs   —   925-798-1678

**Company:**    FANSTEEL INTERCAST

**Re:**       Delphi   Medical   Systems   Colorado   Corporation
**Bankruptcy**

**From:**    Doug Wolfe
**Tel:**    (516) 224-6040 x-102
**Fax:**    (516) 224-6049
**Email:**    DWolfe@ASMCapital.com

---

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:  Please see attached.**

Doug,
      Sorry for the delay in getting This handled.
            Best regards,
                  Jor

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 3/10/06 (the "Transfer Agreement"), whereby we INDUSTRIAL DIELECTRICS INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE _c fo_____

Transferor: INDUSTRIAL DIELECTRICS INC

Tel.    (317) 773-1766

Fax    (317) 773-3877

DATE _1/14/08_____

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20_____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x
                                           :
In re                                      :    Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :    Case No. 05-44481 (RDD)
                                           :
                          Debtors.         :    (Jointly Administered)
                                           :
------------------------------------------ x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 96245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD004939229                                                                CN00621

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meister), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD00439229                                    CN0002t
0544481071220105292000882

Dated:    New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD004939229                                    CND00621
0544481071220108592900882

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550043920 | $2,839.20 |
| D0550044482 | $2,563.20 |
| D0550046704 | $33,852.00 |
| D0550064729 | $2,733.60 |
| D0550077360 | $0.00 |
| D0550073974 | $0.00 |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |
| ██████████████ | ████████████ |

5

RD004939229    CN00621

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _A&M Capital, LP (assignee of Industrial Dielectrics Inc)_

By: _[signature]_      _[signature] Laurence R. Hearst_

Print Name: _Adam Maslowitz_      _[signature] Industrial Dielectrics_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD004939229    CN00621
0544481071220105252000682

## *Fax Transmittal Form*

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL: DWolfe@ASMCapital.com

### A Board Member of the Trade Claim Buyers Association

**Date:**        **January 11, 2008**

**To:**          **Laurence R. Henss**

**Company:**     **INDUSTRIAL DIELECTRICS INC**

**Re:**          **Delphi Automotive Systems LLC Bankruptcy**

**From:**        **Doug Wolfe**
**Tel:**         **(516) 224-6040 x-102**
**Fax:**         **(516) 224-6049**
**Email:**       **DWolfe@ASMCapital.com**

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:  Please see attached.**

1/15/2008 11:17 AM  FROM: Myers Spring Myers Spring Co., Inc.  TO: +1 (516) 2240049   PAGE: 003 OF 010

# ASM CAPITAL

**7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797**
**PHONE: (516) 224-6040· FAX: (516) 224-6049**

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

### BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 8/1/06 (the "Transfer Agreement"), whereby we MYERS SPRING CO INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME Janice Babb

TITLE Financial Mgr.

Transferor: MYERS SPRING CO INC

Tel.    (574) 753-5105

Fax    (574) 722-5902

DATE 1/15/08

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____, by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

1/15/2008 11:47 AM  FROM: Mysce Spring Myers Spring Co., Inc.  TO: +1 (516) 2240049  PAGE: 006 of 610

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                        :       Chapter 11
                                             :
DELPHI CORPORATION, et al.,                  :       Case No. 05-44481 (RDD)
                                             :
                        Debtors.             :       (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☐   Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

AR/GR  FERH                              WRA              6D89DZZ91Q   GT:ER   R007/TT/TR

1/18/2008 11:17 AM  FROM: Hynes Spring Hynes Spring Co., Inc.  TO: +1 (516) 2244949  PAGE: 007 OF 010

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓]

I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]

I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

1/13/2008 11:47 AM  FROM: Ryaer Spring Ryack Spring Co., Inc.  TO: +1 (516) 3208049  PAGE: 002 OF 010

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Myers Spring Co Inc)

By: _Adam Moskowitz_    _Janice Babb_

Print Name: Adam Moskowitz    JANICE BABB

Title: Managing Member    FINANCIAL MANAGER

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

PAGE 07/09    ASM    5162246849    03:16 08/11/2008

1/15/2008 11:47 AM  FROM: Byers Spring Byers Spring Co., Inc.  TO: +1 (516) 2246049  PAGE: 009 OF 010

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
   John Wm. Butler, Jr. (JB 4711)
   George N. Panogakis (GP 0770)
   Ron E. Meisler (RM 3026)
   Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

         - and -
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.
   Debtors and Debtors-in-Possession

4

1/15/2008 11:47 AM  FROM: Myers Spring Myers Spring Co., Ind,   TO: +1 (516) 2246019   PAGE: 010 OF 010

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550014487 | $0.00 |
| D055001448B | $0.00 |
| D0550014489 | $0.00 |
| D0550014490 | · $0.00 |
| D0550014491 | $793.01 |
| D0550014493 | $0.00 |
| D0550014494 | $0.00 |
| D0550014496 | $0.00 |
| D0550014497 | $0.00 |
| D0550014498 | $0.00 |
| D0550014500 | $0.00 |
| D0550072815 | $318.80 |
| D0550074261 | $1,300.00 |
| D0550077384 | $96.66 |
| | |
| | |

Send Checks Payable to ASM CAPITAL       Original Creditor    MYERS SPRING CO INC EFT
                                                              730 WATER ST
ASM Capital                                                   LOGANSPORT, IN 46947
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

                              RD Number: RD005462858
                              FTI ID Number: CH009810
                              Barcode: 054448109123010525S001005

1/15/2008 11:47 AM   FROM: Myers Spring Myers Spring Co., Inc.   TO: +1 (516) 2246049   PAGE: 001 OF 010

**Myers Spring Co., Inc.**
720 Water Street
Logansport, IN  46947

# fax confidential

| | |
|---|---|
| *To:* | **ASM Capital** |
| *Fax Number:* | +1 (516) 2246049 |
| | |
| *From:* | **Janice Babb** |
| *Fax Number:* | 574.722.5902 |
| *Business Phone:* | 574.753.5105 Ext. 229 |
| *Home Phone:* | |
| | |
| *Pages:* | 10 |
| *Date/Time:* | 1/15/2008 11:47:55 AM |
| *Subject:* | Attn: Doug Wolfe |

1/15/2008 11:47 AM  FROM: Myers Spring Myers Spring Co., Inc.  TO: +1 (516) 2240049  PAGE: 022 OF 030

## *Fax Transmittal Form*

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL: DWolfe@ASMCapital.com

### A Board Member of the Trade Claim Buyers Association

| | |
|---|---|
| **Date:** | **January 11, 2008** |
| **To:** | **Janice Babb** |
| **Company:** | **MYERS SPRING CO INC** |
| **Re:** | **Delphi Automotive Systems LLC Bankruptcy** |
| **From:** | **Doug Wolfe** |
| **Tel:** | **(516) 224-6040 x-102** |
| **Fax:** | **(516) 224-6049** |
| **Email:** | **DWolfe@ASMCapital.com** |

Note in receiving: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:  Please see attached.**

The attached document is a standard cover letter we will be sending along with the *Notice of Cure Amount* that you had previously emailed to us. Please sign and resend that letter to us via fax or email.

The *Notice of Cure* is also attached.

Please fully execute the *Notice of Cure*. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@asmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

JAN-11-2078 11:54AM    From: 5165246049                10:ALLIANCE

# ASM CAPITAL

## 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6040

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 2/14/06 (the "Transfer Agreement"), whereby we ALLIANCE PLASTICS ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

TO:ALLIANCE                                    From: 3165246049    JAN-11-2078 11:54AM

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely, _[signature]_

NAME Kevin Luke McCann

TITLE Vice-President of Finance

Transferor: ALLIANCE PLASTICS

Tel.    (814) 897-2658

Fax    (814) 899-9209

DATE    1-15-08

Acknowledgement:

STATE OF Pennsylvania

COUNTY OF Erie

The foregoing instrument was acknowledged before me this 15th day of January, 20 08 by Kevin Luke McCann [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_Teresa A. Haight_
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa A. Haight, Notary Public
Wesleyville Boro, Erie County
My Commission Expires Aug. 30, 2010
Member, Pennsylvania Association of Notaries