ID:ALLIANCE                                    From: 5162545049    MAR-11-2018 11:55AM

DEC 27 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re                                      :    Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :    Case No. 05-44481 (RDD)
                                           :
                        Debtors.           :    (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
     Step 3 below)



RD041399924                                                 CN00052

054481071220105243000054

JAN-11-2078 11:55AM    From: 5165246049    TO:ALLIANCE

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓] I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ] I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered; the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD041399924                                    CN00052
054448107122010524300005

JAN-11-2078 11:56AM    From: 51652546049    ID:ALLIANCE    5P09P2299T5  :woₒⱽ  ⱽⱯⱭⱭ�11 81Ͳ0-11-ᴎⱯ꞉

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn:
Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036
(Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the
Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn:
Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time)
on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections
not timely filed and served in the manner set forth above will not be considered and will be deemed
overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the
Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the
meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any
other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the
Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling
Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and
Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and
approving the assumption or assumption and assignment, as the case may be; provided, however, that if
there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the
Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final
order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Attn: Delphi Cure Claims, so as to be received
by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form,
your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the
Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to
participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital II, LP (assignee of Alliance Plastics)_

By: _[signature]_          _[signature]_

Print Name: _Adam Moskowitz_          _Kevin Luke McCann_

Title: _Managing Member_          _Vice-President of Finance_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

RD041399924                                    CN00052
0544481071220105243000054

81/20  39ⱯⱭ    WSⱯ    5P09P2299T5    15:00  8008/11/10

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
   John Wm. Butler, Jr. (JB 4711)
   George N. Panagakis (GP 0770)
   Ron E. Meisler (RM 3026)
   Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

           - and -
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD041399924
CN00052
0544481071220105243006054

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550005518 | $4,474.87 |
| D0550026620 | $21,648.00 |
| D0550026621 | $384.00 |
| D0550028234 | $0.00 |
| D0550028235 | $0.00 |
| D0550028236 | $0.00 |
| D0550028237 | $318.00 |
| D0550028238 | $212.00 |
| D0550028239 | $0.00 |
| D0550028240 | $0.00 |
| D0550028241 | $0.00 |
| D0550028242 | $0.00 |
| D0550028243 | $0.00 |
| D0550028244 | $0.00 |
| D0550028245 | $0.00 |
| D0550028246 | $0.00 |
| D0550028494 | $0.00 |
| D0550012135 | $448.50 |
| SAG7014387 | $27,846.50 |
| SAC9015698 | $0.00 |

5

RD041399924
0544481071220100248006054
CN00052

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

6

RD041399924                                      CN000652
05444810712201062430000054

01-18-08:01:26PM:
Jan 15 08 10:50a

19140845377            # 2/ 8

p3

# ASM CAPITAL
7600 JERICHO TURNPIKE. SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 2/9/06 (the "Transfer Agreement"), whereby we SIGMUND COHN CORP ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim"). Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

:91408419277        N   3/   5

p.4

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE ___CEO_____

Transferor: SIGMUND COHN CORP

Tel.    (914) 664-5300

Fax    (914) 613-1525

DATE ___1/14/08_____

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ _____ _____ __ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

01-15-08:01:28PM;
Jan 16 08 10:50a
:9146045377
p.8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                      :

DELPHI CORPORATION, et al.,                :    Chapter 11

                                           :    Case No. 05-44481 (RDD)

                              Debtors.     :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☑ Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐ No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

01-15-06:01:20PM;
Jan 15 08 10:50a                                                              ;9146045377              #  8/  8
                                                                                          p.8

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as
     reasonably practicable after the Effective Date, but in any event no later than 30 days
     after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency
     afforded General Unsecured Claims, including postpetition interest from the Petition
     Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan
     Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if
you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return
this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11,
2008. You must also file an objection that states with specificity your asserted Cure Amount,
including appropriate documentation thereof, on or before the 30th day following the effective date
of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an
objection in accordance with the procedures outlined below, or vice versa, your objection will not
be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the
Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article
11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step
3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the
assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of
Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the
Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007,
And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And
Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures
Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) --
registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-
in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or
any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the
chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room
632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,
Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate,
Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K.
Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk &
Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian
Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885
Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v)
counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson
LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D
Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial
Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and
White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz
and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

01~16-08:01:26PM:

Jan 16 08 10:51a

:9148048377

# 07  6

p.7

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

. Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital IILP (assignee of Sigmund Cohn Corp)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:     New York, New York
           December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

01-18-08:03:20PM:

Jan 15 08 10:51a

:9148646377                    #  8/  8

p.8

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amounts |
|---|---|
| D0550015241 | |
| | $8,118.23 |
| D0550015242 | |
| | $0.00 |
| D0550015243 | |
| | $3,051.43 |
| D0550016244 | |
| | $22,809.73 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    SIGMUND COHN CORP
121 S COLUMBUS AVE
MOUNT VERNON, NY 10553

RD Number: RD00I224022
PTI ID Number: CIV01194
Barcode: 03444610712201053000091318

01-15-06:01:26PM;                                          ;9146646377              R  1/  8



*Precision Fabricated Metals*

Sigmund Cohn Corp.
121 South Columbus Avenue
Mt. Vernon, New York 10553
Tel: 914-664-5300
Fax 914-664-5377
E-mail: info@sigmundcohn.com
Website: http://www.sigmundcohn.com



| To: | Doug Wolfe | From: | Phyllis Sabin |
|---|---|---|---|
| Fax: | (516) 224-6049 | Pages: | 8 incl. cover |
| Phone: | (516) 224-6040 ext. 102 | Date: | 1/15/2006 |
| Re: | Delphi Automotive Systems LLC | CC: | |
| | Bankruptcy | | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Please see attached,

FROM WINDSOR MACHINE  & STAMPING                    (TUE) JAN 15  2008  15:07/ST. 15:05/No. 6810550017 P  9

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:     *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 2/22/06 (the "Transfer Agreement"), whereby we WINDSOR MACHINE & STAMPING EFT LTD ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

FROM WINDSOR MACHINE  & STAMPING                    (TUE) JAN 15 2008 15:08/ST. 15:05/No. 6810119617 P   2

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE _____ CFO

Transferor: WINDSOR MACHINE & STAMPING EFT LTD

Tel.    (519) 737-7155

Fax    (519) 737-7102

DATE  JAN 15/08

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20_____ by
_____ [YOUR FULL LEGAL NAME], who is personally known to me or who has
produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

FROM WINDSOR MACHINE & STAMPING          (TUE)JAN 15 2008 15:05/ST. 15:05/No. 8810110817 P  8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                    :
In re                               :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                 Debtors.           :    (Jointly Administered)
                                    :
---------------------------------- x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule I attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule I (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule I (skip Step 2 and go to Step 3 below)

RD807596215                                                    CN91451

0544481071220105306001638

FROM WINDSOR MACHINE & STAMPING                    (TUE)JAN 15 2008 15:08/ST. 15:06/No. 6810119617 P 5

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑      I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐      I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD607396215                                                    CN01451

FROM WINDSOR MACHINE & STAMPING                                        (TUE) JAN 15 2008 15:09/ST. 15:05/No. 5810110617 P  7

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital, LP (assignee of Windsor Machine & Stamping)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member        David Zoltak CFO

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RDE07396215                                          CN01451
054448107122010550000163B

FROM WINDSOR MACHINE & STAMPING                    (TUE)JAN 15 2008 15:07/ST. 15:05/No. 8010119817 P  1

## *Fax Transmittal Form*

# ASM CAPITAL
7600 JERICHO TURNPIKE, SUITE 303 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL: DWolfe@ASMCapital.com

### A Board Member of the Trade Claim Buyers Association

| | |
|---|---|
| **Date:** | **January 11, 2008** |
| **To:** | **David Zultek** |
| **Company:** | **WINDSOR MACHINE & STAMPING EFT LTD** |
| **Re:** | **Delphi Automotive Systems LLC Bankruptcy** |
| **From:** | **Doug Wolfe** |
| **Tel:** | **(516) 224-6040 x-102**   //5 |
| **Fax:** | **(516) 224-6049** |
| **Email:** | **DWolfe@ASMCapital.com** |

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Message:  Please see attached.

*Heather Barkowitz*

The attached document is a standard cover letter we will be sending along with the *Notice of Cure Amount* that you had previously emailed to us. Please sign and resend that letter to us via fax or email.

The *Notice of Cure* is also attached.

Please fully execute the *Notice of Cure*. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@asmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

FROM WINDSOR MACHINE & STAMPING

(TUE)JAN 15 2008 15:10/8T. 15:05/No. 8810119617 P 8

Dated:    New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD607396215

CN01491

8544481071220105306001638

JAN-11-2008 05:45 PM                                                          P.01
7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY
PHONE: (516) 224-6040; FAX; (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 1/22/07 (the "Transfer Agreement"), whereby we VOGELSANG CORP ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

JAN-11-2008 05:46 PM                                                                                      P.02

Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE ___ VICE PRESIDENT/GENERAL MANAGER

Transferor: VOGELSANG CORP

Tel.    (732) 364-0444

Fax    (732) 364-2979

DATE ___ JANUARY 11, 2008 _____

**Acknowledgement:**

STATE OF __NJ_____

COUNTY OF __OCEAN_____

The foregoing instrument was acknowledged before me this __11__ day of __JANUARY_____, 20__08__ by
___JENNIFER L. DELUCA_____ [YOUR FULL LEGAL NAME], who is personally known to me or who has
produced _____ as identification.

_____
Signature of person taking acknowledgment

__JENNIFER L. DELUCA_____
Name typed, printed, or stamped

__COMPUTER SYSTEMS ADMIN_____
Title or rank

_____
Serial number (if applicable)

JAN-11-2008 05:46 PM                                                                      P.03

| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|---|---|---|
| Debtors. | : | (Jointly Administered) |

----------------------------------------x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (I) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (II) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]   Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD067868655                                            CN01412
0544481971220106909001698

general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD047658553                                                           CN01412
0544481071220100305003155

Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 36th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

**Step 4**

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 94245, Attn: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of Vogelsang Corp)

By: _____

Print Name: Adam Muskowitz

Title: Managing Member

VICE PRESIDENT/GENERAL MANAGER
VOGELSANG CORPORATION

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3



JAN/11/2008/FRI 04:19 PM   CALDWELL INDUSTRIES      FAX No. 5027765304                    P. 002

# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 4/5/06 (the "Transfer Agreement"), whereby we CALDWELL INDUSTRIES INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

JAN/11/2008/FRI 04:20 PM    CALDWELL INDUSTRIES    FAX No. 5027765304    P. 003

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME

TITLE _Vice - President & CEO_

Transferor: CALDWELL INDUSTRIES INC

Tel.    (502) 779-6989

Fax    (502) 779-5076

DATE _1/11/08_

Acknowledgement:

STATE OF _Kentucky_

COUNTY OF _Jefferson_

The foregoing instrument was acknowledged before me this _11_ day of _January_ 20_08_ by _Karin Patterson_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_Karin Patterson_
Signature of person taking acknowledgment

_KARIN PATTERSON_
Name typed, printed, or stamped

_accountant_
Title or rank

_____
Serial number (if applicable)

816-224-6049

ASM Capital    Jan 11 2008 1:58PM

JAN/11/2008/FRI 04:20 PM    CALDWELL INDUSTRIES        FAX No. 5027765304            P. 004

*J inl> Copy*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                          :    Chapter 11
                                               :
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
                                               :
                        Debtors.               :    (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Attn: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☒        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

*Original mailed*
*12-28-07*

RD14430B152                                    CN00206

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☒    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RDI44308152                                    CR00206

054448107722010524000224

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: CALDWELL INDUSTRIES INC.
By: [signature]
Print Name: JAMES R. WINKLE II
Title: VICE-PRESIDENT & CFO

ASM Capital, LP
[signature]
Adam Moskowitz
Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RDI44308152   CN00206

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron B. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

                - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4



# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550042083 | $240.00 |
| D0550044112 | $371.00 |
| D0550044117 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD144308152                                CN00206

JAN/11/2008/FRI 04:19 PM    CALDWELL INDUSTRIES          FAX No. 5027765304          P. 001

January 11, 2008

To: Heather Berkowitz
Fax: 516-224-6049

Enclosed are the documents you requested.

If you have any further questions please contact me.

James R. Winchell
Vice President & CFO

Phone 502-779-3192

JAN-11-2008  16:16         MASTEX IND                    1 413 532 8639    P.03

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

    Re:    In re Delphi Corporation, et al., ("Delphi") Case No. 05-44481 (RDD) ("Case")

Dear Mr. Wolfe:

        Reference is made to that certain Assignment of Claim Agreement executed on or about 2/27/06 (the "Transfer Agreement"), whereby we MASTEX INDUSTRIES INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

        In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____ JEFFREY STREAM

TITLE _TREASURER_

Transferor: MASTEX INDUSTRIES INC

Tel.    (413) 536-3614

Fax    (413) 532-6637

DATE _1/11/08_

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

JAN-11-2008  16:17        MASTEX IND                      1 413 532 6639    P.05

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                          :    Chapter 11
                                               :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                               :
                          Debtors.              :    (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statements (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount").  Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

/Please check one of the boxes below:

[✓]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

60/S0  39Vd                        HSV            6£99Z£S9Ttì    85:ξ0  800Z/TT/T0

JAN-11-2008  16:17          MASTEX IND                         1 413 532 6639      P.06

### Step 2

Review the Plan in its entirety, including Article 8.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 2 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Rosnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ___AKM Capital LP (assignee of Mastex Industries)___   MASTEX INDUSTRIES, INC

By: ___Adam Moskowitz___

Print Name: ___Adam Moskowitz___          JEFFREY STREAM

Title: ___Managing Member___                TREASURER

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free: (800) 718-5305                  http://www.delphidocket.com
International: (248) 813-2698

3

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

.   John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550063166 | $112,370.72 |
| D0550074502 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL          Original Creditor:    MASTEX INDUSTRIES INC

ASM Capital                                                        2 BIGELOW ST
7600 Jericho Turnpike, Suite 302                                   HOLYOKE MA 1040
Woodbury, NY 11797

RD Number: RD060989740
PTI ID Number: CN00632
Barcode: 0544481071220106254000915

# MASTEX INDUSTRIES, INC.

P.O. BOX 1160
2-3 BIGELOW STREET
HOLYOKE, MA 01041-1160
VOICE: 413/536-3614
FAX: 413/532-6639

DATE: 1/11/08

FAX NO: (516) 324 - 6049

TO: ASM Capital        ATTN: Doug Wolfe

FROM: Justin

SUBJECT: Delphi Automotive Systems LLC Bankruptcy

You should receive _____ page(s), including this cover sheet.
If you do not receive all the pages, please call 413/536-3614.

The attached document is a standard cover letter we will be sending along with the *Notice of Cure Amount* that you had previously emailed to us. Please sign and resend that letter to us via fax or email.

The *Notice of Cure* is also attached.

Please fully execute the *Notice of Cure*. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@psmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

# ASM CAPITAL

**7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797**
**PHONE: (516) 224-6040· FAX: (516) 224-6049**

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

### BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:   *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

      Reference is made to that certain Assignment of Claim Agreement executed on or about 4/20/06 (the "Transfer Agreement"), whereby we WET AUTOMOTIVE CANADA ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

      In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Dee Ann Sexsmith_

TITLE _Controlling Manager_

Transferor: WET AUTOMOTIVE CANADA

Tel.    (519) 739-4139

Fax    (519) 735-6271

DATE _Jan 11/08_

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20_____ by
_____ [YOUR FULL LEGAL NAME], who is personally known to me or who has
produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                              :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
                              Debtors.             :    (Jointly Administered)
                                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)


RD24779160J                                          CN01443

05444810712201053060016 20

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

[✓]   I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

[ ]   I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures.  Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD267291601                                      CN#1443

0544461071220105305001626

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of Wet Automotive Canada)

By: _Adam Moskowitz_ (signature)

Print Name: Adam Moskowitz

Title: Managing Member

_DeeAnn Sexsmith_ (signature)
DeeAnn Sexsmith
WET Automotive Systems Ltd
Controlling Manager

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD247791601    CN01443
0544481071220106306001825

Dated:    New York, New York
          December 10, 2007

                         SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP
                             John Wm. Butler, Jr. (JB 4711)
                             George N. Panagakis (GP 0770)
                             Ron E. Meisler (RM 3026)
                             Nathan Stuart (NS 7872)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois 60606

                                  - and -
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York 10036

                             Attorneys for Delphi Corporation, et al.,
                             Debtors and Debtors-in-Possession

4

RDC47791601                                                          CN01443
0544481071220106306001525

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550063449 | $26,390.15 |
| D0550076326 | $8,355.14 |
| D0550076407 | $115.35 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD247791601                                                    CN01443

0544481071220105300001828

## Doug Wolfe

**From:** Dee-Ann Sexsmith [Dee-Ann.Sexsmith@WET-Group.com]
**Sent:** Friday, January 11, 2008 3:10 PM
**To:** Doug Wolfe
**Subject:** FW: Attached Image

-----Original Message-----
**From:** canon@wet-group.com [mailto:canon@wet-group.com]
**Sent:** Friday, January 11, 2008 3:07 PM
**To:** Dee-Ann Sexsmith
**Subject:** Attached Image

<<0612_001.pdf>>

## *Fax Transmittal Form*

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL: Dwolfe@ASMCapital.com

**A Board Member of the Trade Claim Buyers Association**

| | |
|---|---|
| **Date:** | **January 11, 2008** |
| **To:** | **Dee-Ann Sexsmith** |
| **Company:** | **WET AUTOMOTIVE CANADA** |
| **Re:** | **Delphi Automotive Systems LLC Bankruptcy** |
| **From:** | **Doug Wolfe** |
| **Tel:** | **(516) 224-6040 x-102** |
| **Fax:** | **(516) 224-6049** |
| **Email:** | **DWolfe@ASMCapital.com** |

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:  Please see attached.**

The attached document is a standard cover letter we will be sending along with the *Notice of Cure Amount* that you had previously emailed to us. Please sign and resend that letter to us via fax or email.

The *Notice of Cure* is also attached.

Please fully execute the *Notice of Cure*. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@asmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:   *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 3/10/06 (the "Transfer Agreement"), whereby we SYN TECH LTD ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

Jan 11 2008 2:19PM    HP LASERJET 3330                                           P.2

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME    *Pam Shearer*

TITLE    *Administrator*

Transferor: SYN TECH LTD

Tel    (630) 620-7050

Fax    (630) 620-4832

DATE    *1/10/08*

Acknowledgement:

STATE OF    *Il*

COUNTY OF    *DuPage*

This foregoing instrument was acknowledged before me this *10* day of *January* 20 *08* by *Pamela A. Shearer* [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

*PcS*

Signature of person taking acknowledgement

*Pam Shearer*

Name typed, printed, or stamped

*Administrator*

Title or rank

Serial number (if applicable)

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

**BY FACSIMILE AND U.S. MAIL**

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

    Reference is made to that certain Assignment of Claim Agreement executed on or about 3/10/06 (the "Transfer Agreement"), whereby we SYN TECH LTD CORP EFT ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

    In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE _____

Transferor: SYN TECH LTD CORP EFT

Tel.    (630) 620-7050

Fax    (630) 620-4832

DATE ___1/10/08___

Acknowledgement:

STATE OF ___IL___

COUNTY OF ___DuPage___

The foregoing instrument was acknowledged before me this ___10___ day of ___January___, 20_08_ by ___Pamela A Shearer___ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced ___license___ as identification.

_____
Signature of person taking acknowledgement

___Pam Shearer___
Name typed, printed, or stamped

___Administrator___
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                                :

DELPHI CORPORATION, et al.,                        :

                                            Debtors.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Syn Tech Ltd)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn:
Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036
(Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the
Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn:
Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time)
on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections
not timely filed and served in the manner set forth above will not be considered and will be deemed
overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the
Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the
meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any
other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the
Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling
Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and
Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and
approving the assumption or assumption and assignment, as the case may be; provided, however, that if
there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the
Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final
order establishing a Cure amount in excess of that provided by the Debtors.

**Step 4**

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received
by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form,
your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the
Cure amount listed on Schedule 1 to new common stock of reorganized Delphi and rights to
participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Syn Tech Ltd)

By: _Adam Moskowitz_ (signature)

Print Name: Adam Moskowitz

Title: Managing Member          X _P. Wilson_ (signature)
                                    Administrator

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305              Delphi Legal Information Website:
International: (248) 813-2698           http://www.delphidocket.com

3

PAGE 09/17                    ASM          51622468949    03:24    01/11/2008

Dated:    New York, New York
       December 10, 2007

               SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM LLP
                    John Wm. Butler, Jr. (JB 4711)
                    George N. Panagakis (GP 0770)
                    Ron E. Meisler (RM 3026)
                    Nathan Stuart (NS 7872)
              333 West Wacker Drive, Suite 2100
              Chicago, Illinois 60606

                    - and -
                  Kayalyn A. Marafioli (KM 9632)
                  Thomas J. Matz (TM 5986)
              Four Times Square
              New York, New York 10036

              Attorneys for Delphi Corporation, et al.,
              Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550028712 | |
| | $5,600.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    SYN TECH LTD CORP EFT
1433C W. FULLERTON AVE.
ADDISON, IL 60101

RD Number: RD057851396
FTI RD Number: CN01250
Barcode: 0544481071220105301001406

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

In re                                         :

DELPHI CORPORATION, et al.,                   :      Chapter 11

                                              :      Case No. 05-44481 (RDD)

              Debtors.                        :      (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital, LP (assignee of Syn Tech Ltd)_

By: _Adam Moskowitz_

Print Name: _Adam Moskowitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meister (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 41219 | $980.00 |
| 47130 | $507.50 |
| 49038 | $415.10 |
| 49609 | $5,855.50 |
| 52393 | $695.80 |
| 53168 | $5,880.00 |
| 54487 | $966.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL

ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    SYN TECH LTD
1433 WEST FULLERTON AVE
ADDISON, IL 6.01014e+008

RD Number: NRD000315
FTI ID Number: CN01687
Barcode: 05444810712201053010011405

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 42658 | $0.00 |
| 42872 | $0.00 |
| 42893 | $0.00 |
| 43849 | $0.00 |
| 45561 | $0.00 |
| 45940 | $0.00 |
| 46872 | $0.00 |
| 47131 | $0.00 |
| 53165 | $0.00 |
| 53354 | $0.00 |
| 56349 | $0.00 |
| 56350 | $0.00 |
| | |
| | |
| | |
| | |

Send Checks Payable to ASM CAPITAL.
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

Original Creditor:    SYN TECH LTD

RD Number:
FTI ID Number:
Barcode:

Jan 11 2008 2:20PM    HP LASERJET 3330                                      p.5

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn:
Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036
(Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the
Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn:
Alicia M. Leonhard), in each case to as to be received no later than 4:00 p.m. (prevailing Eastern time)
on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections
not timely filed and served in the manner set forth above will not be considered and will be deemed
overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the
Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the
meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any
other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the
Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling
Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and
Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and
approving the assumption or assumption and assignment, as the case may be; provided, however, that if
there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the
Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final
order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Attn: Delphi Cure Claims, so as to be received
by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form,
your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the
Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to
participate in the discount rights offering in the proportions set forth in Article 8.3 of the Plan.

Company Name: ASM Capital LP (acrgnee of Syn Tech Ltd)

By: _____

Print Name: Adam Moskowitz    X Purse

Title: Managing Member    X Administrator

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Jan. 11. 2008  2:41PM    FAIRCHILD AIR                                    No. 0268    P. 1

# ASM CAPITAL
## 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

<u>January 11, 2008</u>

<u>BY FACSIMILE AND U.S. MAIL</u>

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

  Re:   *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

  Reference is made to that certain Assignment of Claim Agreement executed on or about 6/1/06 (the "Transfer Agreement"), whereby we FAIRCHILD SEMICONDUCTOR ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

  In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

Jan. 11. 2008  2:41PM    FAIRCHILD AIR                                No. 9268    P. 2

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Rick Picouli_        Rick Piccuett

TITLE  _CREDIT MANAGER_

Transferor: FAIRCHILD SEMICONDUCTOR

Tel.    (336) 659-3488

Fax    (336) 659-9323

DATE _Jan   11, 2008_

Acknowledgement:

STATE OF _Maine_
COUNTY OF _Cumberland_

The foregoing instrument was acknowledged before me this 11th day of _January_ 2008 by _Richard J. Piccuch_ [YOUR FULL LEGAL NAME] who is personally known to me or who has produced _____ as identification.

_Kimberly A Grover_
Signature of person taking acknowledgment

_Kimberly A Grover_
Name typed, printed, or stamped

_Notary Public_, my commission expires 28 June 2009
Title or rank

_Commission # 17886_
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                              :

DELPHI CORPORATION, et al.,                        :    Chapter 11

                            Debtors.               :    Case No. 05-44481 (RDD)

                                                   :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD176227148                                              CN00428

05444810/1220105249000450

Jan. 11. 2008  2:42PM    FAIRCHILD AIR                                    No. 0268    P. 4

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD176227148

0544481071226103249000466
CN00426

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

## Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of Fairchild Semiconductor)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

FAIRCHILD SEMICONDUCTOR
Rick Piccucci
CREDIT MANAGER
_____

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

RD17022714S

CN00428
05444810712201052490000468

Jan. 11, 2008  2:43PM    FAIRCHILD AIR                                    No. 0268    P. 6

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

RD176223143

CN00425
0544481071220705249000466

Jan. 11. 2008  2:43PM    FAIRCHILD AIR                                      No. 0268    P. 7

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550025410 | $0.00 |
| D0550039378 | $0.00 |
| D0550040310 | $3,496.94 |
| D0550040335 | $17,264.91 |
| D0550041172 | $0.00 |
| D0550041689 | $0.00 |
| D0550042127 | $16,660.44 |
| D0550042558 | $0.00 |
| D0550043891 | $0.00 |
| D0550044270 | $0.00 |
| D0550045835 | $0.00 |
| D0550047167 | $0.00 |
| D0550049083 | $0.00 |
| D0550050309 | $1,638.67 |
| D0550072642 | $41,843.04 |
| D0550075747 | $4,113.91 |
| D0550077039 | $19,336.00 |
| D0550077151 | $12,579.41 |
| D0550077154 | $14,017.75 |
| D0550077156 | $2,553.77 |

5

RD176227148

CN00428

05444810712201062480004B6

Jan. 11. 2008  2:43PM    FAIRCHILD AIR                              No. 0268    P. 8

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550077159 | $13,962.80 |
| D0550077256 | $0.00 |
| D0550077252 | $27,810.70 |
| D0550077253 | $359.69 |
| D0550077254 | $7,580.88 |
| D0350077255 | $629.45 |
| D0550077260 | $3,212.69 |
| D0550077272 | $17,264.91 |
| D0550077278 | $0.00 |
| D0550077677 | $32.97 |
| D0550077782 | $0.00 |
| D0550077784 | $0.00 |
| D0550077871 | $0.00 |
| D0550079709 | $0.00 |
| D0550079710 | $0.00 |
| | |
| | |
| | |
| | |
| | |

6

RD176227148                                                    CN00428
0544481071220105249000466

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:   *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

      Reference is made to that certain Assignment of Claim Agreement executed on or about 2/22/06 (the "Transfer Agreement"), whereby we WXP, Inc. (as successor in interest to Werner Co.) ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

      In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _John E. Ohippen_

TITLE _PRESIDENT_

Transferor: WXP, Inc. (as successor in interest to Werner Co.)

Tel.    (724) 588-2000

Fax    (724) 589-4336

DATE    _1 / 11 / 08_

Acknowledgement:

STATE OF _PA_

COUNTY OF _Mercer_

The foregoing instrument was acknowledged before me this _11_ day of _January_ _____, 20 08 by _John E. Ohippen_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _Drivers License_ _____ as identification.

_Mona M. Ankrom_
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

NOTARIAL SEAL
MONA M ANKROM
Notary Public
SUGAR GROVE TWP, MERCER COUNTY
My Commission Expires May 8, 2011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                          :    Chapter 11

DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)

                                    Debtors.   :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth in Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]  Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD004329526                                      CN01465
05444810712201065307001855

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure Amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures.  Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meister), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

ADD00429570

CN01665

0544481071220105307001665

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas R. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of WXP Inc.)        WXP, Inc.    (aka Signature
                                                                       Aluminum, Inc.)
By: _____

Print Name: Adam Moskowitz                              John E. Thigpen
                                                       John E. Thigpen
Title: Managing Member                                 President

Delphi Legal Information Hotline:              Delphi Legal Information Website:
Toll Free: (800) 718-5305                      http://www.delphidocket.com
International: (248) 813-2698

3

REX00529520                                           CN03465

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD004329506
CN01465
08444810792201065007001655

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SACH9013328 | $547,626.96 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

SDX0043329520                                CN001655
05644810712201059070016S5



Re: Delphi Cure Notice

redwards@kcclic.com
www.kcclic.com <http://www.kcclic.com/>

DISCLAIMER:
    Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

1/10/2008

*Message*

Page 1 of 1

## Doug Wolfe

From:    Thigpen, John E. [John.Thigpen@signaturealuminum.com]
Sent:    Thursday, January 10, 2008 1:34 PM
To:      Doug Wolfe
Subject: FW: Delphi Cure Notice

Do you want to complete? or do you want me to complete with your selection of payment method and acknowledgement of the cure?  Please advise.
-----Original Message-----
From: Romella A. Edwards [mailto:REdwards@kcclic.com]
Sent: Wednesday, January 09, 2008 3:26 PM
To: Thigpen, John E.
Subject: Delphi Cure Notice

Hi John,

Per your request, attached please find a duplicate original Cure Notice for WXP Inc.  The deadline is this Friday, January 11, 2008 by 7:00 p.m. (ET). That means our offices need to actually be in receipt of the notices by that deadline. You may overnight them to our offices at the same address listed on the notice.

Please let me know if I can be of further assistance. Thank you.

*Romella Edwards*
Kurtzman Carson Consultants
2335 Alaska Avenue
El Segundo, CA 90245
Direct: (310) 751-1818
Fax: (310) 751-1868
redwards@kcclic.com
www.kcclic.com

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

Message

## Doug Wolfe

**From:** Thigpen, John E. [John.Thigpen@signaturealuminum.com]
**Sent:** Thursday, January 10, 2008 5:02 PM
**To:** Romella A. Edwards
**Cc:** Doug Wolfe
**Subject:** RE: Delphi Cure Notice

Please be advised that I have correctly executed the document today and I am attempting to get it placed in the FEDEX tonight.

Attached is an imaged copy for your records.  Thank you for working with me to get this corrected.

Sincerely,

John E. Thigpen
President
Signature Aluminum, Inc.

-----Original Message-----
**From:** Romella A. Edwards [mailto:REdwards@kccllc.com]
**Sent:** Wednesday, January 09, 2008 3:26 PM
**To:** Thigpen, John E.
**Subject:** Delphi Cure Notice

Hi John,

Per your request, attached please find a duplicate original Cure Notice for WXP Inc.  **The deadline is this Friday, January 11, 2008 by 7:00 p.m. (ET).** That means our offices need to actually be in receipt of the notices by that deadline. You may overnight them to our offices at the same address listed on the notice.

Please let me know if I can be of further assistance. Thank you.

*Romella Edwards*
Kurtzman Carson Consultants
2335 Alaska Avenue
El Segundo, CA 90245
Direct: (310) 751-1816
Fax: (310) 751-1865
redwards@kccllc.com
www.kccllc.com

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

1/10/2008

## *Fax Transmittal Form*

# ASM CAPITAL
7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040 · FAX: (516) 224-6049
EMAIL: DWolfe@ASMCapital.com

A Board Member of the Trade Claim Buyers Association

| | |
|---|---|
| **Date:** | January 11, 2008 |
| **To:** | David Cardillo |
| **Company:** | WXP, Inc. (as successor in interest to Werner Co.) |
| **Re:** | Delphi Automotive Systems LLC Bankruptcy |
| **From:** | Doug Wolfe |
| **Tel:** | (516) 224-6040 x-102 |
| **Fax:** | (516) 224-6049 |
| **Email:** | DWolfe@ASMCapital.com |

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:** Please see attached.

## Heather Berkowitz

| | |
|---|---|
| From: | Thigpen, John E. [John.Thigpen@signaturealuminum.com] |
| Sent: | Friday, January 11, 2008 2:32 PM |
| To: | Heather Berkowitz |
| Cc: | Doug Wolfe |
| Subject: | RE: WXP Inc.pdf |
| Attachments: | ASM Delphi Document 1.pdf; ASM Delphi Document 2.pdf |

Here are your executed documents.

Thanks.

John

-----Original Message-----
From: Heather Berkowitz [mailto:HLB@asmcapital.com]
Sent: Friday, January 11, 2008 11:12 AM
To: Thigpen, John E.
Subject: FW: WXP Inc.pdf

To John,

The attached document is a standard cover letter we will be sending along with the Notice of Cure Amount that you had previously emailed to us. Please sign and resend that letter to us via fax or email. The Notice of Cure is also attached. Please fully execute the Notice of Cure. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@asmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

Best Regards,

**Heather Berkowitz**
**Associate General Counsel**
**ASM CAPITAL**
**7600 Jericho Turnpike, Suite 302**
**Woodbury, NY 11797**
**(516) 224-6040 x115**

-----Original Message-----
From: Dion McGee
Sent: Friday, January 11, 2008 10:38 AM
To: Heather Berkowitz
Subject: WXP Inc.pdf

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224.6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 8/8/06 (the "Transfer Agreement"), whereby we VPI ACQUISITION CORP f/k/a VIKING PLASTICS INC EFT ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Cathy Pitts_

TITLE _Controller_

Transferor: VPI ACQUISITION CORP f/k/a VIKING PLASTICS INC EFT

Tel.   (814) 664-8671

Fax   (509) 275-0348

DATE_ 1-10-08 _

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20_____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)