## Heather Berkowitz

| | |
|---|---|
| From: | Cathy Pitts [CPitts@VikingPlastics.com] |
| Sent: | Friday, January 11, 2008 11:45 AM |
| To: | Heather Berkowitz |
| Subject: | FW: [Image File] Cathy Pitts,copier, #820 |

Attachments:        copier20080111113656.pdf



copier20080111113
656.pdf (81 K...

Cathy J. Pitts|Controller|Viking Plastics|814.664.8671x115|Fax
814.664.4797


-----Original Message-----
From: Bizhub@vikingplastics.com [mailto:Bizhub@vikingplastics.com]
Sent: Friday, January 11, 2008 11:37 AM
To: Cathy Pitts
Subject: [Image File] Cathy Pitts,copier, #820

FROM:
Image data has been attached to the e-mail.

1

## Heather Berkowitz

**From:**          Cathy Pitts [CPitts@VikingPlastics.com]
**Sent:**          Friday, January 11, 2008 11:45 AM
**To:**            Heather Berkowitz
**Subject:**       FW: [Image File] Cathy Pitts,copier, #819

**Attachments:**        copier20080111113635.pdf



copier20080111113
635.pdf (415 ...


Cathy J. Pitts|Controller|Viking Plastics|814.664.8671x115|Fax
814.664.4797


-----Original Message-----
From: Bizhub@vikingplastics.com [mailto:Bizhub@vikingplastics.com]
Sent: Friday, January 11, 2008 11:37 AM
To: Cathy Pitts
Subject: [Image File] Cathy Pitts,copier, #819

FROM:
Image data has been attached to the e-mail.

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                          :    Chapter 11

DELPHI CORPORATION, et al.,                                    :    Case No. 05-44481 (RDD)

                                        Debtors.               :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Attn: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD784440304                                                    CH91406

05444810712201030500150

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general/unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD7E4440104     CN01406
05444810712201055305001585

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital L.P ( assignee of Viking Plastics Inc )_

By: _[signature]_                              _[signature] Cathy Pitt_

Print Name: _Adam Moskowitz_                   _Cathy Pitts._

Title: _Managing Member_                       _Controller VPI Acquis Corp_

Delphi Legal Information Hotline:              Delphi Legal Information Website:
Toll Free: (800) 718-5305                      http://www.delphidocket.com
International: (248) 813-2698

3

RD784440104                                   CN81406
05444810712201053003001586

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
        John Wm. Butler, Jr. (JB 4711)
        George N. Panagakis (GP 0770)
        Ron E. Meisler (RM 3026)
        Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

            - and -
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

    Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4


RD784460164                                           CH01406
0544481071220106305001588

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAO9016941 | $1,856.62 |
| SAO9015699 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD784440104,                                                CI901406
0544481071220105305001586



VIKING PLASTICS (NOT INDUSTRIES)
1 VIKING ST
CORRY PA. 16407

RD78444D104

CN01406

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                              :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
                                   Debtors.        :    (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

**Step 1**

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)



RD059302026                                        CN01407
0544481071220105305001565

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD0393072026    CF401407
0544481071220105305001585

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Viking Plastics Inc)

By: _Alan Woy_

Print Name: Adam Moskowitz                    Cathy Pitts

Title: Managing Member                         Controller - VP1 Acquis. Corp

Delphi Legal Information Hotline:              Delphi Legal Information Website:
Toll Free: (800) 718-5305                      http://www.delphidocket.com
International: (248) 813-2698

3

RD059302026                                        CN01467

Dated:    New York, New York
      December 10, 2007

                SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM LLP
                    John Wm. Butler, Jr. (JB 4711)
                    George N. Panagakis (GP 6770)
                    Ron E. Meisler (RM 3026)
                    Nathan Stuart (NS 7872)
            333 West Wacker Drive, Suite 2100
            Chicago, Illinois 60606

                    - and -
                    Kayalyn A. Marafioti (KM 9632)
                    Thomas J. Matz (TM 5986)
            Four Times Square
            New York, New York 10036

            Attorneys for Delphi Corporation, et al.,
              Debtors and Debtors-in-Possession

RD05V302026

CN01407
0544481071220105305001585

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550042943 | $0.00 |
| D0550069855 | $4,446.90 |
| D0550069856 | $0.00 |
| D0550070359 | $0.00 |
| SAG9014942 | $10,711.85 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

RD059302026

CTN01407

0544481071220105305001585



**Doug Wolfe**

From:    Cathy Pitts [CPitts@VikingPlastics.com]
Sent:    Thursday, January 10, 2008 12:56 PM
To:    Doug Wolfe
Subject: FW: Delphi Cure Notice - Viking Plastics

Cathy J. Pitts|Controller|Viking Plastics|814.664.8671x118|Fax 814.664.4797

From: Alison M. Teamen [mailto:ATeamen@kccllc.com]
Sent: Thursday, January 10, 2008 12:49 PM
To: Cathy Pitts
Cc: Romelia A. Edwards
Subject: Delphi Cure Notice - Viking Plastics

Per your request, attached please find original duplicate Cure Notice(s).  The deadline is this Friday, January 11, 2008 by 7:00 p.m. (ET). Your notice(s) must actually be received by the deadline.

Please let me know if I can be of further assistance. Thank you.

Alison M. Teamen
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
tel 310.751.1797
fax 310.751.1847
ateamen@kccllc.com
www.kccllc.com

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

*Fax Transmittal Form*

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL: Dwolfe@ASMCapital.com

A Board Member of the Trade Claim Buyers Association

| | |
|---|---|
| **Date:** | January 11, 2008 |
| **To:** | Kelly J. Goodsel |
| **Company:**<br>**INC EFT** | VPI ACQUISITION CORP f/k/a VIKING PLASTICS |
| **Re:** | Delphi Automotive Systems LLC Bankruptcy |
| **From:** | Doug Wolfe |
| **Tel:** | (516) 224-6040 x-102 |
| **Fax:** | (516) 224-6049 |
| **Email:** | DWolfe@ASMCapital.com |

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:** Please see attached.

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:   *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

      Reference is made to that certain Assignment of Claim Agreement executed on or about 3/8/06 (the "Transfer Agreement"), whereby we AMKOR ELECTRONICS INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

      In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Theresa Olson_

TITLE _SENIOR DIRECTOR, CORPORATE COUNSEL_

Transferor: AMKOR ELECTRONICS INC

Tel.    (480) 821-5000

Fax    (480) 821-2616

DATE _01-11-08_

Acknowledgement:

STATE OF _Arizona_

COUNTY OF _Maricopa_

The foregoing instrument was acknowledged before me this _11th_ day of _January_, 20_08_ by _Theresa Olsen_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _n/a_ _____ as identification.

_Kathleen Cole Shoopman_
Signature of person taking acknowledgement

_KathleenCole Shoopman_
Name typed, printed, or stamped

_Notary Public_
Title or rank

Kathleen Cole Shoopman
NOTARY PUBLIC -- ARIZONA
PINAL COUNTY
My Commission Expires
September 7, 2010

_____
Serial number (if applicable)

## Doug Wolfe

From:    Theresa Olson [olsot@amkor.com]
Sent:    Thursday, January 10, 2008 10:35 AM
To:      Doug Wolfe
Subject: Fw: Delphi Cure Notices - Amkor Technology Inc / Amkor Electronics Inc

Doug,

Is this the document you need?

Theresa

Theresa C. Olson
Senior Director, Corporate Counsel
Amkor Technology, Inc.
1900 S. Price Road
Chandler, Arizona 85286
(480) 821-5000, ext. 5397
olsot@amkor.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use
of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others
is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently
delete the original and any copies of this email and any attachments thereto.

----- Forwarded by Theresa Olson/CHAZ/AAWW on 01/10/2008 08:33 AM -----

"Romelia A. Edwards" <REdwards@kccllc.com>                    To  Theresa Olson/CHAZ/AAWW@Amkor
                                                             cc
01/09/2008 05:43 PM                                          Subject Delphi Cure Notices - Amkor Technology Inc / Amkor Electronics Inc

Thank you for confirming. Per your request, attached please find original duplicate Cure Notice(s).  The deadline
is this Friday, January 11, 2008 by 7:00 p.m. (ET). Your notice(s) must actually be received by the deadline.
You may overnight to our offices on the address listed on the notice.

Please let me know if I can be of further assistance. Thank you.

*Romelia Edwards*
Kurtzman Carson Consultants
2335 Alaska Avenue
El Segundo, CA 90245

1/10/2008

Direct: (310) 751-1816
Fax: (310) 751-1866
redwards@kccllc.com
www.kccllc.com

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

1/10/2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
In re                                          :    Chapter 11
                                               :
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
                                               :
                              Debtors.         :    (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.



### Step 1

Please check one of the boxes below:

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)



RD826809255                                    CN00096
05444810712201005244000090

<u>Step 2</u>

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

<u>Step 3</u>

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>.  Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RO62609255
CN00066
0544481071220103244000090

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Amkor Electronics, Inc.)

By: _____

Print Name: Adam Moshowitz

Title: Managing Member

By: Theresa Olson

Print Name: THERESA OLSON

Title: SENIOR DIRECTOR, CORPORATE COUNSEL

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD0768079255    CN00086
0544401071220108244000090

Dated:    New York, New York
          December 10, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP
                        John Wm. Butler, Jr. (JB 4711)
                        George N. Panagakis (GP 0770)
                        Ron E. Meisler (RM 3026)
                        Nathan Stuart (NS 7872)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606

                            - and -
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036

                    Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession

4

RD636809255                                    CN00086

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039952 | $0.00 |
| D0550039956 | $0.00 |
| D0550040492 | $0.00 |
| D0550040493 | $0.00 |
| D0550040500 | $3,127.60 |
| D0550042447 | $8,479.57 |
| D0550042538 | $23,038.31 |
| D0550045083 | $0.02 |
| D0550047146 | $40,718.73 |
| D0550047147 | $11,092.65 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

RDS626809255    CN00086
0544481071220105244000090



## Heather Berkowitz

| | |
|---|---|
| **From:** | Kathy Shoopman [kshoo@amkor.com] |
| **Sent:** | Friday, January 11, 2008 12:01 PM |
| **To:** | Heather Berkowitz |
| **Cc:** | Theresa Olson; Doug Wolfe |
| **Subject:** | Amkor Notice of Cure and Cover letter |

**Attachments:** ASM Letter and Notice of Cure.pdf

Ms. Berkowitz,

Please see the attached per your email to Theresa Olson.

Thank you.

Kathy Shoopman
Contracts Administrator
Amkor Technology, Inc.
1900 South Price Road
Chandler, Arizona 85248
(480) 821-5000 ext. 5749
(480) 821-6674 (Fax)* New Fax Number*

This email and any attachments thereto may contain private, confidential and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

## *Fax Transmittal Form*

# ASM CAPITAL

1400 JERICHO TURNPIKE, SUITE 102 · WOODBURY, NY · 11792
PHONE: (516) 224-6040· FAX: (516) 224-6049
EMAIL. DWolfe@ASMCapital.com

### A Board Member of the Trade Claim Buyers Association

**Date:**        **January 11, 2008**

**To:**        **Kenneth Joyce/ Kathy Shoopman**

**Company:**    **AMKOR ELECTRONICS INC**

**Re:**        **Delphi Automotive Systems LLC Bankruptcy**

**From:**    **Doug Wolfe**
**Tel:**     **(516) 224-6040 x-102**
**Fax:**     **(516) 224-6049**
**Email:**   **DWolfe@ASMCapital.com**

Note to recipient: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law   Other than the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Message:  Please see attached.**

JAN-11-2008(FRI) 13:05    FUKOKU SOUTH CAROLINA INC    (FAX)8646827512    P. 003/009

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

### BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 4/28/06 (the "Transfer Agreement"), whereby we FUJI BANK/FUKOKU SOUTH ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE _President_

Transferor: FUJI BANK/FUKOKU SOUTH

Tel.    (864) 682-7212

Fax    (864) 682-7512

DATE _1 / 11 / 08_

Acknowledgement:

STATE OF _SC_

COUNTY OF _Laurens_

The foregoing instrument was acknowledged before me this _11_ day of _January_, 20 _08_ by _Masahiko Tsubota_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_Brad Blakeney_
Name typed, printed, or stamped

Brad A. Blakeney
NOTARY PUBLIC
State of South Carolina
My Commission Expires 7/10/17

_____
Title or rank

_____
Serial number (if applicable)

JAN-11-2008(FRI) 13:05    FUKOKU SOUTH CAROLINA    (FAX)8646827512    P. 005/009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
        In re                                               :       Chapter 11
                                                            :
        DELPHI CORPORATION, et al.,                         :       Case No. 05-44481 (RDD)
                                                            :
                                    Debtors.                :       (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]   Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

KD102182679

CN00482

0544481071220106250000526

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:



☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures.  Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD102162479
CN60482
0564481071220105250000328

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II, LP (assignee of Fuji Bank / Fukoku South)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RDI02182479

CN00482

0544481071220105250000528

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

        - and -

    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Mutz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD102182479                    CN00452
05444810712201052500000528

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAG90I5127 | $211,507.25 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

S

RD102182479

CN00432

054448107122010525000I0528



# FAX

| To: | Doug Wolf @ ASM Capital | From: | Brad Blakeney |
|-----|-------------------------|-------|---------------|
| Fax: | (516) 224-6049 | Pages: | Cover Sheet +8 |
| Phone: | (516) 224-6040 x-102 | Date: | 1/11/2008 |
| Re: | | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Brad Blakeney
Fukoku America
Accountant
Phone: 864-682-7212 ext. 1030
Fax: 864-682-7512

The attached document is a standard cover letter we will be sending along with the *Notice of Cure Amount* that you had previously emailed to us. Please sign and resend that letter to us via fax or email.

The *Notice of Cure* is also attached.

Please fully execute the *Notice of Cure*. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@nsmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

#### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:    *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 3/8/06 (the "Transfer Agreement"), whereby we KICKHAEFER ████████████ ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Steph. P. And_

TITLE _Vice President_

Transferor: KICKHAEFER MERCONENIX MANUFACTURING COMPANY

Tel.    (262) 375-6400

Fax    (262) 387-2100

DATE _1/11/08_

Acknowledgement:

STATE OF _Wisconsin_

COUNTY OF _Ozaukee_

The foregoing instrument was acknowledged before me this _11_ day of _January_, 20 _08_ by _Stephen P Anderson_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_Denise Husting_
Signature of person taking acknowledgment

_DENISE HUSTING_
Name typed, printed, or stamped

_Staff Accountant_
Title or rank

_____
Serial number (if applicable)

_Notary Commission Expires    3/14/2010_

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                              :

                                                   :    Chapter 11

DELPHI CORPORATION, et al.,                        :

                                                   :    Case No. 05-44481 (RDD)

                                 Debtors.          :    (Jointly Administered)

                                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and its affiliated debtors and Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD006090726                                                                      CN00732

0544481071220105253000806

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J, Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management Company L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD00609072±
CN00732
05444810712201052630006806

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD006090724                                                   CN00732

0544481071220105253000806

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550012303 | $0.00 |
| P2DP4120059 | $573,336.49 |
| SAG9012411 | $29,751.22 |
| SAG9015361 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

RDX00090724
CN00752
0644481071220105253000806

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of Kickhaefer Manufacturing Company)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

KICKHAEFER MANUFACTURING COMPANY

by _____

Stephen P. Anderson
Vice President

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD006090324    CNX07132
0544481071220105253000806

## Doug Wolfe

**From:** Anderson, Steve [spanderson@kmcstampings.com]

**Sent:** Friday, January 11, 2008 1:33 PM

**To:** Casper, Richard H.; Doug Wolfe

**Subject:** Signed Docs

Doug:

Please advise if you want me to send originals in the mail.

SA

# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 2/14/06 (the "Transfer Agreement"), whereby we WESTBROOK MFG INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely, *Douglas F. Mays*

NAME *Douglas F. Mays*

TITLE *President*

Transferor: WESTBROOK MFG INC

Tel.    (937) 254-2004

Fax    (937) 254-9511

DATE *1/11/08*

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20 _____ by _____ (YOUR FULL LEGAL NAME), who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                        :
        In re                                           :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                            Debtors.                    :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)


RT/0R55053675                                                          CN01434
0544481071220105306001622

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:



☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency (in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) - registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

SDG65505675                    CN01450
05444B1071322010530500162z

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ISM Capital LP (assignee of Westbrook Mfg Inc)

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Douglas F. Mays
Douglas F. Mays
President
Westbrook Mfg. Inc.

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

R00852905675                                    CN01439
0544481071120105306001622

Dated:    New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD0035505675                                    C5001459

0544481071220105306001822

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 00550063069 | $73,315.60 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5



## Doug Wolfe

**From:**    Doug Mays [DMays@westbrookohio.com]
**Sent:**    Thursday, January 10, 2008 8:56 AM
**To:**    Doug Wolfe
**Cc:**    Keith Larsen
**Subject:** FW: Delphi Cure Notice – Westbrook Manufacturing

Doug,

Please see the attached information.

I hope this is of assistance.

Regards,

Doug Mays

-----Original Message-----
**From:** Alison M. Tearnen [mailto:ATearnen@kccllc.com]
**Sent:** Wednesday, January 09, 2008 6:24 PM
**To:** Doug Mays
**Cc:** Romelia A. Edwards
**Subject:** Delphi Cure Notice - Westbrook Manufacturing

Per your request, attached please find original duplicate Cure Notice(s).  The deadline is this Friday, January 11, 2008 by 7:00 p.m. (ET). Your notice(s) must actually be received by the deadline.

Please let me know if I can be of further assistance. Thank you.

Alison M. Tearnen
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
tel 310.751.1797
fax 310.751.1647
atearnen@kccllc.com
www.kccllc.com

DISCLAIMER!
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

## Doug Wolfe

**From:**       Doug Mays [DMays@westbrookohio.com]
**Sent:**       Friday, January 11, 2008 1:14 PM
**To:**         Doug Wolfe
**Subject:**    Requested Document



scan
elphi0001.pdf (4 M

```
>   -----Original Message-----
> From:      Westbrook
> Sent:      Friday, January 11, 2008 1:06 PM
> To: Doug Mays
> Subject:  Scan doc
>
> >  <<scan Delphi0001.pdf>>
>
> Westbrook Mfg. Inc.
> 937-254-2004
>
> ****************************************************************************
> ****************************************************************************
> This E-mail and any attachments hereto are Westbrook property and may contain legally
privileged, confidential and/or proprietary information.  The recipient of this E-mail is
prohibited from distributing, copying, forwarding or in any way disseminating any material
contained within this E-mail without prior written permission from the author.  If you
receive this E-mail in error, please immediately notify the author and delete this E-mail.
Westbrook disclaims all responsibility and liability for the consequences of any person
who fails to abide by the terms herein.
> ****************************************************************************************
****************************************************************
>
```

# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

    Reference is made to that certain Assignment of Claim Agreement executed on or about 3/14/06 (the "Transfer Agreement"), whereby we AMERICAN PRODUCTS CO INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

    In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____  RAYMOND MATTIES

TITLE _V.P. FINANCE_

Transferor: AMERICAN PRODUCTS CO INC

Tel.   (908) 789-2467

Fax    (908) 518-0223

DATE_____1/11-08_____

Acknowledgement:

STATE OF __NEW JERSEY__

COUNTY OF __UNION__

The foregoing instrument was acknowledged before me this _11_ day of ___JANUARY___ 20_08_ by _RAYMOND   MATTIES_ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_Maryanne Buccarelli_
Signature of person taking acknowledgment

_Maryanne Buccarelli_
Name typed, printed, or stamped

_Notary_
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    In re             :   Chapter 11

DELPHI CORPORATION, et al.,   :   Case No. 05-44481 (RDD)

            Debtors.   :   (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓] Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ] No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD00217B556                                          CN00037
0544481071220106245000081

JAN-11-2008  12:01        LIQUIFLO                      909 518 1847     P.04

### Step 2

Review the Plan in its entirety, including Article 6.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD002178956                    CN00077
0544481071220105243000081

JAN-11-2008  12:01        LIQUIFLO                    908 518 1847      P.05

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital LP (assignee of American Products Co)

By: _Adam Moskowitz_

Print Name: Adam Moskowitz

Title: Managing Member

RAYMOND MATTES
V.P. FINANCE AMERICAN PRODUCTS Co.

Delphi Legal Information Hotline:                Delphi Legal Information Website:
Toll Free: (800) 718-5305                         http://www.delphidocket.com
International: (248) 813-2698

3

RLO002178836                                      CN00077

05444B1071220108245000081

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

    - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

JAN-11-2008  12:01        LIQUIFLO                    908 518 1847    P.07

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| SAG9015247 | $58,050.24 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD002178556                                                    CNI00077

05444810712201002436000081

# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about 3/30/06 (the "Transfer Agreement"), whereby we TELLA TOOL & MFG ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME  Stuart Bob

TITLE  Controller

Transferor: TELLA TOOL & MFG

Tel.    (630) 693-3624

Fax    (630) 495-3056

DATE  1/11/08

**Acknowledgement:**

STATE OF  Illinois

COUNTY OF  DuPage

The foregoing instrument was acknowledged before me this  11  day of  January , 20 08  by  Stuart W. Bob  [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

Signature of person taking acknowledgment

Stuart W Bob

Name typed, printed, or stamped

Controller

Title or rank

Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
    In re                                               :   Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :   Case No. 05-44481 (RDD)
                                                        :
                               Debtors.                 :   (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]   Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]   No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

DM#14113                                                CN01091


05444810712200050020001432

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedure.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Attn: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: A&M Capitall Rassigner of Tella Tool & Mfg )

By: _____

Print Name: Adam Moskowitz         A&M Controller
                                   Stuart Beba

Title: Managing Member

Delphi Legal Information Hotline:        Delphi Legal Information Website:
Toll Free: (800) 718-5305                http://www.delphidocket.com
International: (248) 813-2698

DM#31411                    CH01691

0644810712201053020014132

Dated:    New York, New York
      December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

4



# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 40604 | 52,850.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5



P.9                  6304953056                  Jan 11 2008 11:51AM   TELLA TOOL AND MFG



# ASM CAPITAL

7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
PHONE: (516) 224-6040· FAX: (516) 224-6049

A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

Reference is made to that certain Assignment of Claim Agreement executed on or about  4/4/06 (the "Transfer Agreement"), whereby we ELLIOTT TAPE INC ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Paula Joachim_ (Paula Joachim)

TITLE _CFO_

Transferor: ELLIOTT TAPE INC

Tel.    (248) 475-5786

Fax    (248) 475-2017

DATE _1-11-08_

Acknowledgement:

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                        :    Chapter 11
                                             :
DELPHI CORPORATION, et al.,                  :    Case No. 05-44481 (RDD)
                                             :
                    Debtors.                 :    (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with
respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,
Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and
debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached
hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on
Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure
that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
       Step 3 below)

RD072781594                                           CN00400

0544481071220105249000430

**Step 2**

Review the Plan in its entirety, including Article 8.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron J. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD092781591          CN00400



0544481071220195249000430

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _ASM Capital LP (assignee of Elliott Tape Inc.)_

By: _[signature]_          _Paula Joachim_

Print Name: _Adam Moskowitz_          _Paula Joachim of Elliott Tape Inc._

Title: _Managing Member_          _CFO._

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD072781594          CK000409

054448107122010924906043C

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
        John Wm. Butler, Jr. (JB 4711)
        George N. Panagakis (GP 0770)
        Ron E. Meisler (RM 3026)
        Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

        - and -
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD072781594                                        CN00400
0544481071220105240000430

## Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 1X03590043I97R | $38,127,50 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

RD07278t954    CN00400
05444810712201052490000438

CN20400

RDG72781594

ELLIOTT TAPE INC EFT
1882 POND RUN
AUBURN HILLS MI 48326-2768

## Heather Berkowitz

| | |
|---|---|
| From: | Paula Joachim [pjoachim@egltape.com] |
| Sent: | Friday, January 11, 2008 12:23 PM |
| To: | Heather Berkowitz |
| Subject: | RE: ASM CAPITAL RE: DELPHI |
| Attachments: | Elliott Tape Docs.pdf |

Heather,

Here are the signed documents.  Please let me know if you need anything else.

Sincerely,

Paula

Paula Joachim
Chief Financial Officer
Elliott Group International
Elliott Tape, Inc.
1882 Pond Run
Auburn Hills, MI  48326
Phone:  (248) 475-5786 ext. 260
Fax:    (248) 475- 5893

**From:** Heather Berkowitz [mailto:HLB@asmcapital.com]
**Sent:** Friday, January 11, 2008 11:44 AM
**To:** Paula Joachim
**Subject:** ASM CAPITAL RE: DELPHI

Hello~

 The attached document is a standard cover letter we will be sending along with the Notice of Cure
Amount that you had previously emailed to us.  Please sign and resend that letter to us via fax or
email. The Notice of Cure is also attached. Please fully execute the Notice of Cure.  Please sign
your name, print your name, and include your company  name and your title. This information
can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049.  You may also email me and please be sure to cc:
dwolfe@asmcapital.com

 It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.


Best Regards,


Heather Berkowitz
Associate General Counsel
ASM CAPITAL
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 x115


-----Original Message-----
From: Dion McGee
Sent: Friday, January 11, 2008 10:29 AM
To: Heather Berkowitz
Subject: Elliot Tape Inc.pdf

**Doug Wolfe**

From:     Stuart Boba [sboba@tellatool.com]
Sent:     Wednesday, January 09, 2008 8:33 PM
To:       Doug Wolfe
Subject:  FW: Delphi Cure Notice - Tellatool

Regards,
Tella Tool & Mfg. Co.
Stuart Boba
Controller

Phone: 630-495-0545
Direct Dial: 630-693-3624
Fax: 630-495-3056
Email: sboba@tellatool.com
Web: www.tellatool.com

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Note: If the reader of this message is not the intended recipient, or an employee or agent responsible for
delivering this message to the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited. If you have received this
communication in error, please notify us immediately by replying to the message and deleting it from
your computer. Thank you.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

-----Original Message-----
From: Alison M. Teamen [mailto:ATeamen@kcclic.com]
Sent: Wednesday, January 09, 2008 5:25 PM
To: Stuart Boba
Cc: Romelia A. Edwards
Subject: Delphi Cure Notice - Tellatool

Per your request, attached please find original duplicate Cure Notice(s).  The deadline is this Friday, January
11, 2008 by 7:00 p.m. (ET). Your notice(s) must actually be received by the deadline.

Please let me know if I can be of further assistance. Thank you.

Alison M. Teamen
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
tel 310.751.1797
fax 310.751.1847
ateamen@kcclic.com
www.kcclic.com

        DISCLAIMER:

1/18/2008

Any information and enclosures herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

1/10/2008

Jan 11 2008 11:21AM    TELLA TOOL AND MFG          6304953056          p.1

## Stuart Boba

| | |
|---|---|
| From: | Heather Berkowitz [HLB@asmcapital.com] |
| Sent: | Friday, January 11, 2008 10:14 AM |
| To: | Stuart Boba |
| Subject: | Tella Tool & Mfg.pdf DELPHI |



Tella Tool & Mfg.pdf Tella Tool.pdf (218
(45 KB)                KB)

To Stuart,

The attached document is a standard cover letter we will be sending along with the Notice
of Cure Amount that you had previously emailed to us.  Please sign and resend that letter
to us via fax or email. The Notice of Cure is also attached. Please fully execute the
Notice of Cure.  Please sign your name, print your name, and include your company name and
your title. This information can be placed adjacent to Adam's Moskowitz's signature on the
last page of the document.

Our fax number is 516.224.6049.  You may also email me and please be sure to cc:
dwolfe@asmcapital.com


 It is urgent that we get this information as soon as possible.


Thank you so very much for your continued cooperation.



Please contact me with any questions or concerns.



Best Regards,


Heather Berkowitz
Associate General Counsel
ASM CAPITAL
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 x115


-----Original Message-----
From: Dion McGee
Sent: Friday, January 11, 2008 10:20 AM
To: Heather Berkowitz
Subject: Tella Tool & Mfg.pdf

1

# ASM CAPITAL

## 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Dear Mr. Wolfe:

    Reference is made to that certain Assignment of Claim Agreement executed on or about 1/26/06 (the "Transfer Agreement"), whereby we PLASTIC COMPONENTS INC ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

    In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _Thomas O. Bartley_

TITLE _President_

Transferor: PLASTIC COMPONENTS INC

Tel.    (262) 532-5860

Fax    (262) 532-5861

DATE _1/11/2008_

Acknowledgement:

STATE OF _Wisconsin_

COUNTY OF _Washington_

The foregoing instrument was acknowledged before me this _11th_ day of _January_, 20_08_ by _Thomas O. Bartley_ [YOUR FULL LEGAL NAME], who is personally known to me or who has

Signature of person taking acknowledgment

_Donald J. Cento_
Name typed, printed, or stamped

NOTARY PUBLIC
DONALD J. CENTO
STATE OF WISCONSIN

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                    :    Chapter 11

DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)

                        Debtors.         :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

☐    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (table #aa 2 a - ...

01/11/2008  16:53    12622533682    PLASTIC COMPONENTS    PAGE  06/08

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital II LP (assignee of Plastic Components )

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

_____

Thomas Klafsky

President

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

            - and -

    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

# Schedule 1

| Contract(s) to be assumed and/or assigned | Cure amount: |
|---|---|
| 50738 | $0.00 |
| 54018 | $0.00 |
| 80699 | $495.56 |
| 54017 | $1,258.64 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Send Checks Payable to ABM CAPITAL

ABM Capital
1600 Jericho Turnpike, Suite 502
Woodbury, NY 11797

Original Creditor:    PLASTIC COMPONENTS INC
N116W 18271 MORSE DRIVE
GERMANTOWN, WI 53022

RD Number: NRD006860
FTI ID Number: CN01649
Barcode: 0544881071230185257001151



## FACSIMILE TRANSMISSION

DATE: _1/11/2008_      No. of Pages (including cover page) _8_

TO: _Doug Wolfe_      FAX # _(516) 224-6049_

FROM:  Don Cento

Direct Phone # (262) 532-5860
Direct Fax # (262) 532-5861

REGARDING: _Notice of Cure_

MESSAGE: _____

PLASTIC COMPONENTS, INC.

N116 W18271 Morse Road, Germantown, WI 53022  Ph. (262) 253-0353  Fax (262) 253-3682



# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

      Re:    *In re Delphi Corporation, et al.*, ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

      Reference is made to that certain Assignment of Claim Agreement executed on or about 2/21/06 (the "Transfer Agreement"), whereby we JAE ELECTRONICS ("Transferor") transferred to ASM Capital II L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization*, dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

      In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME _____

TITLE _President_

Transferor: JAE ELECTRONICS

Tel.    (949) 753-2637

Fax    (949) 753-2699

DATE _1/11/2008_

.

**Acknowledgement:**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by _____ [YOUR FULL LEGAL NAME], who is personally known to me or who has produced _____ as identification.

_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
         In re                                        :   Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :   Case No. 05-44481 (RDD)
                                                      :
                          Debtors.                    :   (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule I attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule I (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]   Yes, I agree with the Cure Amount listed on Schedule I (complete Step 2 below)

[ ]   No, I disagree with the Cure Amount listed on Schedule I (skip Step 2 and go to Step 3 below)

RDG06702316

CNK0684

0044481017122010562002002752



**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  You must also file an objection that states with specificity your asserted Cure Amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan.  If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 31 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.**  Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn:  Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

005192316

CN00684

0644481071220 A620200702

Dated:    New York, New York
December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4



Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 38th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering to the proportions set forth in Article 5.3 of the Plan.

Company Name: _A&M Capital II, LP (assignee of JAE Electronics)_

By: _(signature)_

Print Name: _Adam Moskovitz_

Title: _Managing Member_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Company Name: JAE Electronics, Inc.

By: _(signature)_

Print Name: S. Takahashi

Title : President

3

ADC65102315
CN#0034
0544481071220106252000762

## Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0590072164 | $34,352.63 |
| D0590072562 | $5,827.59 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

## Doug Wolfe

**From:** Heather Berkowitz
**Sent:** Friday, January 11, 2008 4:57 PM
**To:** Doug Wolfe
**Subject:** FW: Delphi Cure Agreement



Document.pdf (141 KB)

-----Original Message-----
From: "Tom Hoffmann" <HoffmannT@jae.com>
To: "Heather Berkowitz" <HLB@asmcapital.com>
Cc: "Akiko Harada" <HaradaA@jae.com>
Sent: 1/11/08 4:50 PM
Subject: FW: Delphi Cure Agreement

Dear Ms. Berkowitz,

Attached you will find the ASM cover letter and Notice of Cure Amount documents signed by JAE. I left you a voicemail inquiring as to whether or not the cover letter signature needed to be notarized as there is a section for a notary's acknowledgment at the bottom of the signature page. In the interest of expediting the matter, I have sent the letter without notarization. If notarization is required, let me know and I will notarize the document and resend it on Monday, January 14.

Tom Hoffmann
Asst. Gen. Mgr. Admin.
Tel: 949 753 2652
Fax: 949 753 2698
email: hoffmannt@jae.com

-----Original Message-----
From: JAE Scanner [mailto:admin@jae.com]
Sent: Friday, January 11, 2008 1:45 PM
To: Tom Hoffmann
Subject:

Please open the attached document. This document was digitally sent to you using an HP Digital Sending device.

For more information on HP MFP Digital Sending please visit:

   http://www.hp.com/go/HP_Digital_Sender_Module.com

1

# ASM CAPITAL

### 7600 JERICHO TURNPIKE, SUITE 302 · WOODBURY, NY · 11797
### PHONE: (516) 224-6040· FAX: (516) 224-6049

### A BOARD MEMBER OF THE TRADE CLAIM BUYERS ASSOCIATION

January 11, 2008

## BY FACSIMILE AND U.S. MAIL

Douglas Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 ext 102

        Re:    *In re Delphi Corporation, et al.,* ("Delphi") Case No. 06-44481 (RDD) ("Case")

Dear Mr. Wolfe:

    Reference is made to that certain Assignment of Claim Agreement executed on or about 2/15/06 (the "Transfer Agreement"), whereby we AUTOMATIC SPRING PRODUCTS EFT CORP ("Transferor") transferred to ASM Capital L.P. ("ASM") all right, title and interest in the claim or claims against Delphi (the "Claim") in the above referenced Case. I am writing to confirm that pursuant to the Transfer Agreement, Transferor transferred to ASM Capital, among other things, all right, title and interest of the Transferor to any cure payments to be made by Delphi Corporation and/or any of its affiliates ("Delphi") on account of the Claim, including, among other rights, the right to elect to take cash or plan currency for the cure payment. As such, ASM was within its rights to execute on its behalf on behalf of the Transferor the *Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization,* dated December 10, 2007 sent to Transferor by Delphi (or its agent) on account of the Claim (the "Cure Notice Form").

    In addition, and in an abundance of caution, to the extent the Transfer Agreement and the foregoing paragraph are deemed by a court of competent jurisdiction to be insufficient to validate the Cure Notice Form and/or ASM's signature thereon, I, on behalf of the Transferor, hereby appoint ASM as the Transferor's attorney-in-fact and agent with the sole and exclusive power to execute the Cure Notice Form on the Transferor's behalf. The foregoing power of attorney is limited solely to the execution of the Cure Notice Form and shall not be construed as granting ASM power of attorney for Transferor for any other purpose. By granting ASM said power of attorney and appointing ASM as Transferor's attorney-in-fact and agent, Transferor ratifies ASM's previous execution of the Cure Notice Form.

It is understood and intended by the Transferor that this letter may be used by ASM in the Delphi bankruptcy case in connection with the Claim and that this letter may be publicly filed.

Sincerely,

NAME

TITLE  PRESIDENT

Transferor: AUTOMATIC SPRING PRODUCTS EFT CORP

Tel.    (616) 842-7800

Fax    (616) 842-4380

DATE  JAN. 11, 2008

**Acknowledgement:**

STATE OF  MICHIGAN

COUNTY OF  OTTAWA

The foregoing instrument was acknowledged before me this 11th day of JANUARY , 2008 by STEVEN P. MORELAND [YOUR FULL LEGAL NAME], who is personally known to me or who has produced as identification.

Signature of person taking acknowledgment

MICHAEL S. MILLER
Name typed, printed, or stamped

TREASURER
Title or rank

Serial number (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x
                                       :

In re                                     :       Chapter 11

                                         :

DELPHI CORPORATION, et al.,           :       Case No. 05-44481 (RDD)

                                         :

                   Debtors.        :       (Jointly Administered)

                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
## TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]       Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[  ]       No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD0005022189                                 CN00139
054448107122010524400014B

## Step 2

Review the Plan in its entirety, including Article 8.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD006002289                                        CN00139
054448107122010524460001

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital L P (assignee of Automatic Spring Products)

By: _____

Print Name: Adam Maskowitz        STEVEN P. MORELAND

Title: Managing Member        PRESIDENT

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RDX06022289                                    CK00139
0544481071220105244000149

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
      John Wm. Butler, Jr. (JB 4711)
      George N. Panagakis (GP 0770)
      Ron E. Meisler (RM 3026)
      Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

           – and –
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD006022289                                           CN00139
05444810712201052440001 49

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550005405 | $9,386.56 |
| SAG9010789 | $21,478.42 |
| SAG9011558 | $660.00 |
| SAG9012345 | $0.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD0005022289                    CN00139

064448107122010924400014B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                                :
In re                                                           :    Chapter 11
                                                                :
DELPHI CORPORATION, et al.,                                     :    Case No. 05-44481 (RDD)
                                                                :
                                  Debtors.                      :    (Jointly Administered)
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

## NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule I attached hereto as provided in the Plan and the Disclosure Statement.

> You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule I in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule I (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

### Step 1

Please check one of the boxes below:

[✓]    Yes, I agree with the Cure Amount listed on Schedule I (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on Schedule I (skip Step 2 and go to Step 3 below)

RD090817002                                          CN03096

0544481071220105258001227

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD096817002                                                        CN01096

0544481071220105268001227

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n:
Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036
(Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the
Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:
Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time)
on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections
not timely filed and served in the manner set forth above will not be considered and will be deemed
overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the
Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the
meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any
other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the
Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling
Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and
Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and
approving the assumption or assumption and assignment, as the case may be; provided, however, that if
there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the
Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final
order establishing a Cure amount in excess of that provided by the Debtors.

Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received
by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form,
your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the
Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to
participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: ASM Capital #1 LP (assignee of R 7 Mona[thics] ) RF Novolities, Inc.

By: _____

Print Name: Adam Moskowitz

Title: Managing Member

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

RD096817002                                    CND1096

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD096817002                                    CN01096

0544481071220105258001227

Heather,


We will need to have these documents reviewed by our legal consultants before signing.  Does not look like we will have this completed today.


dan

>>> "Heather Berkowitz" <HLB@asmcapital.com> 1/11/2008 3:08:50 pm >>>

Hi Dan-

 WHEN CAN WE EXPECT THESE DOCS? WE ARE ANXIOUSLY AWAITING>


Heather Berkowitz
Associate General Counsel
ASM CAPITAL
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797
(516) 224-6040 x115

----------------------------------------------------------------------------

**From:** Dan Wintroub [mailto:DWintroub@rfm.com]
**Sent:** Friday, January 11, 2008 12:12 PM
**To:** Heather Berkowitz
**Cc:** Doug Wolfe
**Subject:** Re: ASM CAPITAL re; DELPHI


Hi Heather,


We will get these documents signed and returned shortly.


Thanks,

dan

>>> "Heather Berkowitz" <HLB@asmcapital.com> 1/11/2008 10:16:58 am >>>
                              .

To Dan,

The attached document is a standard cover letter we will be sending along with the *Notice of Cure Amount* that you had previously emailed to us. Please sign and resend that letter to us via fax or email. The *Notice of Cure* is also attached. Please fully execute the *Notice of Cure*. Please sign your name, print your name, and include your company name and your title. This information can be placed adjacent to Adam's Moskowitz's signature on the last page of the document.

Our fax number is 516.224.6049. You may also email me and please be sure to cc: dwolfe@asmcapital.com

It is urgent that we get this information as soon as possible.

Thank you so very much for your continued cooperation.

Please contact me with any questions or concerns.

Best Regards,

Heather Berkowitz

Associate General Counsel

1/11/2008

ASM CAPITAL

7600 Jericho Turnpike, Suite 302

Woodbury, NY 11797

(516) 224-6040 x115