# David P. Martin, LLC
## Law Office

519 Energy Center Blvd.
Suite #1104
Northport, AL 35473

www.erisacase.com

Tel. 205 343-1771
Fax 205 343-1781
DavidPMartin@erisacase.com

**June 19, 2007**
Via Federal Express
and Via Facsimile to Harold Fuller
256-552-5578

Employee Benefits Plan Committee
Plan Administrator for Delphi Automotive System
**Attn: Secretary, EBPC**
Timberland Office Park Mail Code 480-414-456
1450 West Long Lake Road
Troy, Michigan 48098

**RE:    Pension Benefits – Transfer from Salary to Hourly Unit (Bargaining Unit)**
**David Gargis –SSN xxx-xx-7530**
**Jimmy Mueller – SSN xxx-xx-1308**
**James Pate – SSN xxx-xx-1004**
**Tony Berryman – SSN xxx-xx-3975**

To the Employee Benefits Plan Committee and Harold Fuller:

I represent a David Gargis, Jimmy Mueller, James Pate and Tony Berryman regarding an issue pertaining to their right to return their retirement benefits to the hourly pension plan. I may also be representing others very shortly. Each of my clients accumulated substantial years of service in the hourly pension plan. They were induced by certain individuals to transfer their hourly pension plan rights to the salary pension plan. At the time of the transfer, each of these men was induced to make the transfer based on the promise that they could always restore their benefits back to the hourly pension plan.

Per my understanding each client has already put in a request both orally and in writing to allow them to transfer from the salary pension plan back to the hourly pension plan. Delphi indicated that it was no longer its "policy" to allow transfers. I am writing to request that you confirm that all administrative or claim remedies regarding this issue have been exhausted. My clients intend to pursue this matter until their rights in the hourly pension are restored. They want to be certain there will not be a defense or issue posed as to whether these men should have further exhausted such remedies. I know of no remedies that must be exhausted based on my review of the summary plan description for both the hourly and salary pension plans.

Also based on my review of both the hourly pension plan and the salary pension plan, I do not find in either plan any prohibition from transferring to the other plan. I also do not find any provision allowing such a transfer. Given the fact that Delphi has allowed a "policy" transfer based upon the promise that these men could restore their benefits to the hourly pension plan, it appears equitable and appropriate to allow this transfer back as promised immediately. There was no notice of any change of "policy" provided to any of my clients, and in fact in the past Delphi and GM have allowed such transfers.

I am requesting a copy of all "policies", guidelines, procedural manuals, and any other plan documents relevant to Delphi's prohibition of transfer of the pensions. I also request a complete copy of the pension file on each individual I represent, so that I may document all prior efforts to effectuate the requested transfers.

As you know, no other plan document may modify the summary plan description (SPD). The summary plan description may not be modified by "policy". Either the transfers never should have been allowed or these men should be allowed to transfer their pension rights back to the hourly pension plan without any recourse or retribution against them. To deny the transfers based on a "policy" change is a breach of fiduciary duty. The men, at the very least, should have been notified of the "policy" change before it became effective. Delphi may not act arbitrarily as it has to date.

As noted by the Third circuit in *Burstein v. Retirement Account Plan for Employees of Allegheny Health Education and Research Foundation*, 334 F.3d 365, 378 (3d, Cir, 2003) (*emphasis added*).:

> In addition to the Eleventh and Second Circuits, the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all adopted similar views (though somewhat varying in scope, precise context, and extent) that **if the SPD language differs from or conflicts with the plan language, it is the SPD language that will control.**

My clients therefore are within their rights to rely on the SPD's and the past practice of allowing transfers. Many individuals have been allowed such transfers. Delphi may not act inconsistently on its decisions with plan participants. Since Delphi has allowed transfers in the past, these transfers must be allowed or the assistance of a federal judge will be sought.

Harry Fuller, from the Huntsville, Alabama plant, has also asserted these rights on behalf of these men but presently to no avail. If there are other procedures that my clients must follow, please advise as to the procedures. Given the fact that there is no allowance or prohibition concerning transfers in either summary plan description, I do not believe there are any other procedures. In this case, either the transfer should be allowed pursuant to the pension plans in question, or breaches of fiduciary duties have occurred. This matter should be resolved amicably but promptly. I will diary for 14 days from the date of this letter for a response as to whether Delphi will allow these transfers and as to whether there are further remedies that must be

exhausted before suit is filed. Your prompt response is therefore required. Thank you very much.

Very Sincerely,

David P. Martin
*Attorney at Law*

DPM/ay

# David P. Martin, LLC
## Law Office

519 Energy Center Blvd.                                                        Tel. 205 343-1771
Suite #1104                                                                     Fax 205 343-1781
Northport, AL 35473              www.erisacase.com        DavidPMartin@erisacase.com

June 21, 2007
VIA FACSIMILE and FIRST CLASS MAIL
256-552-5578

Employee Benefits Plan Committee
Plan Administrator for Delphi Automotive System
**Attn: Secretary, EVPC**
Mail Code 480-414-456 Timberland Office Park
1450 West Long Lake Road
Troy, Michigan 48098

    **RE:    Representation of Keith Livingston**

To Employee Benefits Plan Committee:

This letter is to let you know I am also representing Keith Livingston. Keith joins in the previous letter which was sent on June 19, 2007 and a copy of which is attached. If you should have any questions or concerns on these matters, please do not hesitate to contact me. Thank you very much.

Very sincerely,

David P. Martin
*Attorney at Law*

cc: Harold Fuller
Enclosures:    Copy of Letter dated June 19, 2007
DPM/tj

# DELPHI

July 17, 2007

Via U.S. Mail

David P. Martin, Esq.
519 Energy Center Blvd.
Suite 1104
Northport, AL  35473

      RE:    David Gargis, Jimmy Mueller, James Pate, and Tony Berryman

Dear Mr. Martin:

We are in receipt of your June 19, 2007 letter.  Although you requested a response within 14 days, please be advised that Delphi was in its annual two-week shutdown period from July 2 through July 13, 2007.  We are currently reviewing the allegations raised in your letter, and intend to have a response to your letter on or before July 31, 2007.  I appreciate your anticipated cooperation in this regard.

Very truly yours,

Jeffery M. Peterson
Attorney

# DELPHI

August 2, 2007

<u>Via U.S. Mail</u>

David P. Martin, Esq.
519 Energy Center Blvd.
Suite 1104
Northport, AL  35473

RE:    David Gargis, Jimmy Mueller, James Pate, and Tony Berryman

Dear Mr. Martin:

I write in response to your June 19, 2007 letter to Delphi's Employee Benefit Plans Committee ("EBPC"). In that letter, you requested that Delphi confirm that it will not take the position that your clients need to further exhaust administrative remedies. You also question Delphi's ability to make a policy determination not to allow salaried employees to return to the bargaining unit.

The EBPC has referred your letter to me for response because this matter does not fall within EBPC's responsibility (which, under the Summary Plan Description, is to "construe, interpret, and administer Delphi Automotive Systems' employee benefit plans"). Instead, Delphi views this solely as an issue of employment policies governing the placement and status of employees.

Delphi has taken a consistent position with respect to requests by salaried employees to return to hourly bargaining unit positions. Such policy determinations are solely within Delphi's discretion, and it is Delphi's position that such determinations do not give rise to an actionable legal claim. Accordingly, Delphi's reconfirms that your clients' request to be transferred from salaried to hourly positions is denied.

Very truly yours,

Jeffery M. Peterson
Attorney



General Motors Corporation
Employee Benefits and
Human Resources Operations
Mail Code 482-C26-A68
300 Renaissance Center
Detroit, Michigan 48265-3000
USA

Fax # (313) 665-6728

August 23, 2007

Mr. David P. Martin
Attorney at Law
519 Energy Center Blvd., Suite 1104
Northport, AL  35473

Dear Mr. Martin:

This letter is in response to your letter dated August 1, 2007 regarding James Pate, Tony Berryman, David Gargis, Jimmy Mueller, and Keith Livingston.

All five of these individuals were former General Motors (GM) employees who transferred to Delphi on January 1, 1999.  As part of that transfer, Delphi Corporation assumed all of the pension liability for their prior service at GM.  GM does not have any responsibility for these individuals.

It is my understanding that Jeffrey Peterson, from the Delphi Legal Staff, has been in contact with you regarding your inquiries in this matter.

Sincerely,

Denise McDonald
Manager, Pensions
General Motors Corporation

dm/kkl

cc:    GM Benefits & Services Center