# DAVID P. MARTIN, LLC
## LAW OFFICE

519 Energy Center Blvd.
Suite #1104
Northport, AL 35473

www.erisacase.com

Tel. 205 343-1771
Fax 205 343-1781
Davidpmartin@erisacase.com

August 1, 2007
**VIA FACSIMILE 1 (313) 665-6728
AND FIRST CLASS MAIL**

Denise McDonald
Manager of Pensions
General Motors Corporation of Employee Benefits
And Human Resources Operation
Mail Code 482-C26-A68
300 Renaissance Center
Detroit, MI 48265-3000

**RE:   Delphi Pension Benefits for James Pate, Tony Berryman, David Gargis, Jimmy Mueller, and Keith Livingston**

Dear Ms. McDonald:

Enclosed, please find a copy of a letter recently sent to the GM Pension Benefit Center. Any assistance you can render would be most appreciated. Time is of the essence in this matter as Delphi is being sold. Thank you very much.

Very Sincerely,

David P. Martin,
Attorney at Law

DPM/js
Enclosures:   Copy of Letter to GM Benefits & Service Center

# DAVID P. MARTIN, LLC
## LAW OFFICE

519 Energy Center Blvd.
Suite #1104
Northport, AL 35473

www.erisacase.com

Tel. 205 343-1771
Fax 205 343-1781
Davidpmartin@erisacase.com

August 1, 2007

GM Benefits & Services Center
Attn: Plan Administrator
For Hourly and Plan Pensions
P. O. Box 7700003
Cincinnati, OH 45277-0070

**RE: Delphi Pension Benefits for James Pate, Tony Berryman, David Gargis, Jimmy Mueller, and Keith Livingston**

To GM Benefits & Services Center:

I represent Delphi employees James Pate, Tony Berryman, David Gargis, Jimmy Mueller, and Keith Livingston regarding an issue pertaining to their right to return their retirement benefits to the hourly pension plan. Each of these individuals accumulated substantial years of service in the hourly pension plan. They were induced by certain individuals to transfer their hourly pension plan rights to the salary plan. At the time of the transfer, each of these men was induced to make the transfer based on the promise that they could always restore their benefits back to the hourly pension plan. Each of these men has already put in a request both orally and in writing to allow them to transfer from the salary pension plan back to the hourly pension plan. Delphi has indicated that it was no longer its policy to allow a transfer. However I understand the matter may still be under review. A response from Delphi was promised on July 31, 2007 but has not been received.

General Motors is implicated in this as it still has financial responsibilities with certain matters related to this transfer. Accordingly it is proper to address this matter to GM in case GM is playing any role in the decision making process. GM would also be a necessary party in litigation, although it is preferred to resolve these matters without that being necessary.

I am writing to request that you confirm that all administrative or claim remedies regarding this issue have been exhausted. My clients intend to pursue this matter until their rights in the hourly pension are restored. They want to be certain there will not be a defense or issue posed as to whether these men should have further exhausted such remedies. I know of no remedies that must be exhausted.

I have reviewed both the hourly pension plan and the salary pension plan and I do not find in either plan any prohibition from transferring years of service to the other plan. I also do not find any provision allowing such a transfer. I have also reviewed the collective bargaining agreements going back to 1999 and there is a provision in each agreement protecting the transfer of pension benefits. Given the fact that Delphi/GM has allowed the transfer based upon the promise that the men could restore their benefits to the hourly pension plan, it appears equitable and appropriate to allow this transfer immediately. There was no notice of any change of policy provided to any of these individuals, and in fact in the past Delphi and GM have allowed such transfers. Attached pleas find witness statements reflecting this. I understand there are many who have also been allowed to transfer. In any event, either the transfers never should have been allowed to begin with or these men should be allowed to transfer their pension rights back to the hourly pension plan without any recourse or retribution against them.

As noted by the Third circuit in <u>Burstein v. Retirement Account Plan for Employees of Allegheny Health Education and Research Foundation</u>, 334 F.3d 365, 378 (3d, Cir, 2003) *(emphasis added)*.:

> In addition to the Eleventh and Second Circuits, the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all adopted similar views (though somewhat varying in scope, precise context, and extent) that **if the SPD language differs from or conflicts with the plan language, it is the SPD language that will control.**

My clients therefore are within their rights to rely on the SPD's and the past practice of allowing transfers. Many individuals have been allowed such transfers. Delphi and GM may not act inconsistently on its decisions with plan participants. Since Delphi has allowed transfers in the past, these transfers must be allowed or the assistance of a federal judge will be sought.

Harry Fuller, from the Huntsville, Alabama plant, has also asserted these rights on behalf of these men in various forms, but presently to no avail. If there are other procedures that these men need to follow please advise as to these procedures. There are no prohibitions concerning transfers in either summary plan description. In this case, either the transfer should be allowed pursuant to the pension plans in question, or a breach of fiduciary duties has occurred in which case certain individuals may be held financially responsible for the financial losses that resulted from the inducement to transfer and the failure to give notice of the change in policy. I will diary for 7 days from the date of this letter for a response as to whether GM or Delphi will allow these transfers and as to whether there are further remedies that must be exhausted before suit is filed. Your prompt response is therefore required. Thank you very much.

Very Sincerely,

David P. Martin
*Attorney at Law*

DPM/ay