# EXHIBIT A

# EXHIBIT A-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - -   x
                                            :
    In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
             Debtors.           :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - -   x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

        The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

    **Step 1**

**Please check one of the boxes below:**

☑      Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐      No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD067042242                                                    CN00926

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
0544481071220105256001029

<u>Step 2</u>

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

<u>Step 3</u>

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

    <u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD067042242              CN00926

0544481071220105256001029

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) **on the 30th day following the effective date of the Plan (the "Cure Objection Deadline").  Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.**

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to **Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245,** Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on **January 11, 2008.  If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.**

Company Name:  NICHICON AMERICA CORP.

Dreier LLP and Dreier Stein Kahan Browne Woods George LLP,
By:  attorneys-in-fact and authorized signatory

Print Name:

Alvin C. Galstian, Esq.

Title:        Associate

Delphi Legal Information Hotline:         Delphi Legal Information Website:
Toll Free:  (800) 718-5305                http://www.delphidocket.com
International:  (248) 813-2698

3

RD067042242                               CN00926
0544481071220105256001029

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
 John Wm. Butler, Jr. (JB 4711)
 George N. Panagakis (GP 0770)
 Ron E. Meisler (RM 3026)
 Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
 Kayalyn A. Marafioti (KM 9632)
 Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD067042242                                        CN00926

0544481071220105256001029

# nichicon·

**NICHICON (AMERICA) CORPORATION**    927 East State Parkway, Schaumburg, Illinois 60173-4588

TEL. (847) 843-7500                                    FAX. (847) 843-2798

January 11, 2008

To Whom It May Concern:

This writing shall serve to confirm that Nichicon America Corporation
(the "Company") grants Dreier LLP and/or Dreier Stein Kahan Browne
Woods George LLP (collectively, "Dreier") a power-of-attorney for
the limited and sole purposes of acting as the Company's authorized
representative for purposes of signing, completing and serving
the Notice of Cure Amount with Respect to Executory Contract to
be Assumed or Assumed and Assigned Under Plan of Reorganization
(the "Cure Notice") on behalf of the Company.

Dreier is hereby directed to complete and sign the Cure Notice and
to make the following elections on behalf of the Company: (i) agreeing
with the Cure Amount as designated in the Cure Notice (Step 1)
and (ii) requesting payment of the Cure Amount in cash (Step 2).

NICHICON AMERICA CORPORATION

By: _Glenn K. Yamamoto_____

Name: Glenn K. Yamamoto

Title:  Executive Vice-President

Dated:  January 11, 2008

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550039141 | $0.00 |
| D0550039143 | $0.00 |
| D0550039145 | $0.00 |
| D0550039993 | $0.00 |
| D0550040169 | $0.00 |
| D0550040193 | $28,201.18 |
| D0550040261 | $121.20 |
| D0550040665 | $1,492.90 |
| D0550040667 | $0.00 |
| D0550040669 | $190.00 |
| D0550040672 | $0.00 |
| D0550040675 | $1,048.30 |
| D0550041285 | $4,654.70 |
| D0550041513 | $833.00 |
| D0550041515 | $332.00 |
| D0550041851 | $5,857.60 |
| D0550042146 | $38.00 |
| D0550043123 | $2,489.40 |
| D0550043573 | $658.56 |
| D0550044497 | $15,346.81 |

RD067042242                                    CN00926
054448107122010525600102 9

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550045195 | $0.00 |
| D0550045539 | $14,843.87 |
| D0550045810 | $240.00 |
| D0550045966 | $17,715.90 |
| D0550045971 | $43,992.60 |
| D0550045978 | $660.48 |
| D0550045980 | $8,722.75 |
| D0550045982 | $5,568.00 |
| D0550045983 | $13,267.32 |
| D0550045984 | $368.00 |
| D0550045990 | $3,991.46 |
| D0550045995 | $3,899.20 |
| D0550046000 | $33,369.64 |
| D0550046001 | $4,230.35 |
| D0550046007 | $27,170.60 |
| D0550046011 | $2,598.34 |
| D0550046016 | $44,215.38 |
| D0550046158 | $20,240.64 |
| D0550046859 | $597.24 |
| D0550049096 | $0.00 |

6

RD067042242                                CN00926

054448107122010525600102 9

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550049098 | $72.00 |
| D0550049116 | $909.00 |
| D0550049117 | $592.18 |
| D0550049756 | $0.00 |
| D0550050439 | $667.20 |
| D0550051869 | $544.50 |
| D0550058891 | $0.00 |
| D0550074335 | $0.00 |
| D0550077297 | $508.38 |
| D0550077304 | $0.00 |
| D0550077306 | $1,901.12 |
| D0550077307 | $0.00 |
| D0550077812 | $0.00 |
| D0550077813 | $331.80 |
| D0550077942 | $0.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD067042242    CN00926
054448107122010525600102



CN00926

RD067042242

NICHICON AMERICA CORP EFT
PO BOX 94015
CHICAGO IL 60680-4015

# EXHIBIT A-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                            :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
               Debtors.        :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

       PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

       In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on <u>Schedule 1</u> attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

       The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on <u>Schedule 1</u> (the "Cure Amount").  **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

     <u>Step 1</u>

Please check one of the boxes below:

☑       Yes, I agree with the Cure Amount listed on <u>Schedule 1</u> (complete Step 2 below)

☐       No, I disagree with the Cure Amount listed on <u>Schedule 1</u> (skip Step 2 and go to Step 3 below)

RD611942020                                               CN00416
05444810712201052490000450

## Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑     I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐     I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

## Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD611942020

CN00416

0544481071220105249000450

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n:
Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036
(Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the
Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:
Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time)
on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections
not timely filed and served in the manner set forth above will not be considered and will be deemed
overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the
Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the
meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any
other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the
Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling
Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and
Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and
approving the assumption or assumption and assignment, as the case may be; provided, however, that if
there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the
Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final
order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received
by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form,
your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the
Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to
participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: EPCOS INC.

Dreier LLP and Dreier Stein Kahan Browne Woods George LLP,
By:  attorneys-in-fact and authorized signatory

Print Name:

Alvin G. Galstian, Esq.

Title:        Associate

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free: (800) 718-5305                  http://www.delphidocket.com
International: (248) 813-2698

3

RD611942020                                                CN00416

0544481071220105249000450

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

    Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

4

RD611942020                                        CN00416

054448107122010524900045O

EPCOS, INC.
186 Wood Avenue South
Iselin, New Jersey    08830


To Whom It May Concern:

This writing shall serve to confirm that EPCOS, INC. (the "Company") grants Dreier LLP and/or Dreier Stein Kahan Browne Woods George LLP (collectively, "Dreier") a power-of-attorney for the limited and sole purposes of acting as the Company's authorized representative for purposes of signing, completing and serving the Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") on behalf of the Company.

Dreier is hereby directed to complete and sign the Cure Notice and to make the following elections on behalf of the Company:  (i) agreeing with the Cure Amount as designated in the Cure Notice (Step 1) and (ii) requesting payment of the Cure Amount in cash (Step 2) .


EPCOS, INC.


By: _Sophia  Mc Gauchie_
        Sophia McGauchie
        Credit Manager                     1/11/08


Dated:   January 11, 2008

#1259088 v1
10253836166

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550039616 | $9,661.50 |
| D0550040882 | $5,580.00 |
| D0550041167 | $846.00 |
| D0550041209 | $1,538.30 |
| D0550042136 | $501.60 |
| D0550042843 | $16,740.00 |
| D0550044327 | $8,370.00 |
| D0550044528 | $2,565.00 |
| D0550044531 | $24,817.50 |
| D0550044819 | $11,740.80 |
| D0550045009 | $35,345.60 |
| D0550045765 | $43,844.00 |
| D0550046038 | $9,251.20 |
| D0550046224 | $827.20 |
| D0550046225 | $413.60 |
| D0550046227 | $35,647.70 |
| D0550046229 | $1,915.60 |
| D0550046231 | $660.00 |
| D0550046232 | $595.80 |
| D0550046511 | $0.00 |

5

RD611942020                                            CN00416



054448107122010524900000450

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550049190 | $7,727.99 |
| D0550050135 | $4,508.00 |
| D0550051668 | $31,590.00 |
| D0550052026 | $526.40 |
| D0550058704 | $3,696.00 |
| D0550068904 | $1,184.30 |
| D0550075189 | $15,660.00 |
| D0550077245 | $320.00 |
| D0550077342 | $1,560.00 |
| D0550077831 | $0.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

6

RD611942020                                                   CN00416

0544481071220105249000450



EPCOS INC EFT
PO Box 91731
CHICAGO IL 60693

CN00416

RD611942020

# EXHIBIT A-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                    :        Chapter 11
:
DELPHI CORPORATION, et al.,              :        Case No. 05-44481 (RDD)
:
                          Debtors.       :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

---

**You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

---

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[✓]     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[ ]     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
        Step 3 below)

RD000207167                                    CN01127

0544481071220105259001266

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑  I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐  I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will <u>not</u> be considered, the Cure Amount asserted by the Debtors <u>will be</u> controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

<u>Objection Procedures</u>. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

RD000207167                                                                 CN01127



0544481017122010525900122266

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: SAGAMI AMERICA LTD.

Dreier LLP and Dreier Stein Kahan Browne Woods George LLP,
By:  attorneys-in-fact and authorized signatory

Print Name:
Alvin G. Galstian, Esq.

Title:        Associate

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free:  (800) 718-5305                 http://www.delphidocket.com
International:  (248) 813-2698

3

RD000207167                                    CN01127



0544481071220105259001266

Dated:    New York, New York
          December 10, 2007

                          SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP
                              John Wm. Butler, Jr. (JB 4711)
                              George N. Panagakis (GP 0770)
                              Ron E. Meisler (RM 3026)
                              Nathan Stuart (NS 7872)
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois 60606

                                     - and -
                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036

                          Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession

4

RD000207167                                          CN01127

054448107122010525900l266

**MasudaFunai**   CHICAGO    LOS ANGELES    SCHAUMBURG

To Whom It May Concern:

This writing shall serve to confirm that Sagami America Ltd. (the "Company")grants Dreier LLP and/or Dreier Stein Kahan Browne Woods George LLP (collectively, "Dreier") a power-of-attorney for the limited and sole purposes of acting as the Company's authorized representative for purposes of signing, completing and serving the Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") on behalf of the Company.

Dreier is hereby directed to complete and sign the Cure Notice and to make the following elections on behalf of the Company: (i) agreeing with the Cure Amount as designated in the Cure Notice (Step 1) and (ii) requesting payment of the Cure Amount in cash (Step 2).

SAGAMI AMERICA LTD.

By: _____

Name: _GARY VIST_

Title: _attorney_

Dated: _1/11/08_

N:\SYS04\6744\Letters\0027 Delphi Letter.doc

MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 North LaSalle Street Suite 2500 Chicago Illinois 60601-1262 TEL 312.245.7500 FAX 312.245.7467  www.masudafunai.com

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550039565 | $31,007.40 |
| D0550039639 | $4,574.40 |
| D0550041142 | $1,510.80 |
| D0550041223 | $17,304.00 |
| D0550042281 | $11,902.70 |
| D0550044279 | $1,144.80 |
| D0550044489 | $1,780.80 |
| D0550044496 | $1,653.60 |
| D0550046155 | $92,383.20 |
| D0550046640 | $4,220.20 |
| D0550047208 | $9,794.40 |
| D0550053558 | $7,886.40 |
| D0550059478 | $3,003.66 |
| D0550077878 | $472.50 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

RD000207167                                          CN01127

0544481071220105259001266



CNO11127

RD000207167

SAGAMI AMERICA LTD EFT
2529 COMMERCE DR
KOKOMO IN 46902

# EXHIBIT A-4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

      In re                        :     Chapter 11

                             :
DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)

                   Debtors.    :     (Jointly Administered)

                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

        In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

        The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). **Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.**

    Step 1

**Please check one of the boxes below:**

☑    Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐    No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: David Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2



Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

### Step 4

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: PARLEX CORP.

    Dreier LLP and Dreier Stein Kahan Browne Woods George LLP,
By: attorneys-in-fact and authorized signatory

Print Name:

    Alvin G. Galstian, Esq.

Title:    Associate

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

3

DM993                                                CN01637
0544481071220105257001113

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
          John Wm. Butler, Jr. (JB 4711)
          George N. Panagakis (GP 0770)
          Ron E. Meisler (RM 3026)
          Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
          Kayalyn A. Marafioti (KM 9632)
          Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

DM993                                              CN01637

0544481071220105257001113

William R Button                                                    08/28/07 08:14A P.002

# PARLEX CORPORATION

## LIMITED POWER OF ATTORNEY

To Whom It May Concern:

This writing shall serve to confirm that Parlex Corporation ("Company") grants Dreier LLP and/or Dreier Stein Kahan Browne Woods George LLP (collectively, "Dreier") a power-of-attorney for the limited and sole purposes of acting as the Company's authorized representative for purposes of signing, completing and serving the Notices of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") on behalf of the Company.

Dreier is hereby directed to complete and sign the Cure Notices and to make the following elections on behalf of the Company: (i) agreeing with the Cure Amount as designated in the Cure Notices (Step 1) and (ii) requesting payment of the Cure Amount in cash (Step 2).

PARLEX CORPORATION

By: _McAndrew_

Name: YiChing McAndrew
Title:  Comptroller
Dated: January 11, 2008

F:\Files\45800\Documents\Limited Power of Attorney.doc

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| 53073 | $8,549.13 |
| 53074 | $22,067.55 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

DM993                                                        CN01637

0544481071220105257001113

CNO1637

PARLEX CORPORATION
2802 ADMIRALTY CENTRE TOWER 1
18 HARCOURT ROAD
HONG KONG HK 3679
HK

DM993

# EXHIBIT A-5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                   :

In re                   :     Chapter 11
                   :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                   :

             Debtors.  :     (Jointly Administered)
                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be _received_ by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1 (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

☑     Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

☐     No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to Step 3 below)

RD051778934                              CN01002

0544481071220105257001114

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you must be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will **not** be considered, the Cure Amount asserted by the Debtors **will be** controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures.** Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

<u>Step 4</u>

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: PARLEX CORPORATION

Dreier LLP and Dreier Stein Kahan Browne Woods George LLP,
By: attorneys-in-fact and authorized signatory

Print Name:

Alvin G. Galstian, Esq.

Title:        Associate

Delphi Legal Information Hotline:            Delphi Legal Information Website:
Toll Free: (800) 718-5305                    http://www.delphidocket.com
International: (248) 813-2698

3

RD051778934                          CND1002

0544481071220105257001114

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr. (JB 4711)
    George N. Panagakis (GP 0770)
    Ron E. Meisler (RM 3026)
    Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          - and -
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

4

RD051778934                                    CN01002

0544481071220105257001114

William R Button                              09/28/07 03:14A  P.002

# PARLEX CORPORATION

# LIMITED POWER OF ATTORNEY

To Whom It May Concern:

This writing shall serve to confirm that Parlex Corporation ("Company") grants Dreier LLP and/or Dreier Stein Kahan Browne Woods George LLP (collectively, "Dreier") a power-of-attorney for the limited and sole purposes of acting as the Company's authorized representative for purposes of signing, completing and serving the Notices of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") on behalf of the Company.

Dreier is hereby directed to complete and sign the Cure Notices and to make the following elections on behalf of the Company:  (i) agreeing with the Cure Amount as designated in the Cure Notices (Step 1) and (ii) requesting payment of the Cure Amount in cash  (Step 2).

PARLEX CORPORATION

By:   _YiChing McAndrew_
Name:  YiChing McAndrew
Title:   Comptroller
Dated: January 11, 2008

F:\Files\45\RJ\Documents\Limited Power of Attorney.doc

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
| --- | --- |
| D0550069104 | $1,124.50 |
| D0550069108 | $55,272.63 |
| D0550079274 | $810.24 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

5

RD051778934    CN01002
0544481071220105257001114

CNO1002

RD051778934

PARLEX CORPORATION EFT
1 PARLEX PLACE
METHUEN MA 018444664

# EXHIBIT A-6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
    In re                   :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
              Debtors. :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
### TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

      PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

      In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their intent to cure ("Cure") and assume or assume and assign the contract(s) listed on <u>Schedule 1</u> attached hereto as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in the Plan for holders of allowed general unsecured claims.**

      The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on <u>Schedule 1</u> (the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive the Cure to which you are entitled.

#### Step 1

**Please check one of the boxes below:**

[✓]    Yes, I agree with the Cure Amount listed on <u>Schedule 1</u> (complete Step 2 below)

[ ]    No, I disagree with the Cure Amount listed on <u>Schedule 1</u> (skip Step 2 and go to Step 3 below)

RD084380807                                                CN00697

0544481071220105253000768

### Step 2

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☑    I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date  (the "Distribution Date")

☐    I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

### Step 3

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

Objection Procedures. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (I) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP,

2

RD084390807                                                          CN00697

0544481071220105253000768

Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the 30th day following the effective date of the Plan (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

<u>Step 4</u>

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be <u>received</u> by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on <u>Schedule 1</u> in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: JOHNSON ELECTRIC NORTH AMERICA, INC.

Dreier LLP and Dreier Stein Kahan Browne Woods George LLP,
By: attorneys-in-fact and authorized signatory

Print Name:
Alvin G. Galstian, Esq.

Title:        Associate

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free: (800) 718-5305                  http://www.delphidocket.com
International: (248) 813-2698

3

RD084380807                    CN00697
05444810712201052530007 66

Dated:   New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
     John Wm. Butler, Jr. (JB 4711)
     George N. Panagakis (GP 0770)
     Ron E. Meisler (RM 3026)
     Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          - and -
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

     Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

4

RD084380807                                    CN00697
0544481071220105253000766



**Johnson Electric Group**

Automotive Parts Group
47660 Halyard
Plymouth, MI 48170
734 392 5301

January 11, 2008

"To Whom It May Concern:

This writing shall serve to confirm that Johnson Electric, Inc. (the "Company")
grants Dreier LLP and/or Dreier Stein Kahan Browne Woods George LLP
(collectively, "Dreier") a power-of-attorney for the limited and sole
purposes of acting as the Company's authorized representative for
purposes of signing, completing and serving the Notice of Cure Amount
with Respect to Executory Contract to be Assumed or Assumed and Assigned
Under Plan of Reorganization (the "Cure Notice") on behalf of the
Company.

Dreier is hereby directed to complete and sign the Cure Notice and to
make the following elections on behalf of the Company:  (i) agreeing
with the Cure Amount as designated in the Cure Notice (Step 1) and (ii)
requesting payment of the Cure Amount in cash  (Step 2)."

Johnson Electric, Inc.

Elizabeth Van Sicklen
Credit Manager

By:_____
Name:
Title:
Dated:"

# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550034309 | $0.00 |
| D0550034520 | $355,331.55 |
| D0550034537 | $26,033.00 |
| D0550034540 | $24,405.93 |
| D0550034549 | $917,157.73 |
| D0550035373 | $0.00 |
| D0550035406 | $8,627.64 |
| D0550035556 | $0.00 |
| D0550035559 | $268,752.39 |
| D0550035561 | $0.00 |
| D0550035567 | $0.00 |
| D0550035779 | $8,135.31 |
| D0550035800 | $70,059.38 |
| D0550035806 | $127,654.02 |
| D0550035807 | $17,514.85 |
| D0550035808 | $17,514.85 |
| D0550035809 | $120,058.05 |
| D0550035814 | $11,198.02 |
| D0550035817 | $55,990.08 |
| D0550035818 | $0.00 |

RD084380807                                                                 CN00697

054448107122010525300076B

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550035821 | $100,782.15 |
| D0550035822 | $0.00 |
| D0550052608 | $17,478.48 |
| D0550056001 | $164,524.70 |
| D0550056151 | $109,683.13 |
| D0550075325 | $97,529.74 |
| D0550081754 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

6

RD0843E0807                                    CN00697
0544481071220105253000766