UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                              :

In re                      :     Chapter 11
                              :

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                              :

               Debtors.    :     (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING AND EXPUNGING (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY EQUITY CLAIM, (C) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, AND (D) CLAIMS SUBJECT TO MODIFICATION AND LIFT STAY PROCEDURES CLAIM SUBJECT TO MODIFICATION IDENTIFIED IN TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION

("TWENTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Claims Not Reflected On Debtors' Books And Records, And (D) Claims Subject To Modification And Lift Stay Procedures Claim Subject To Modification, dated January 18, 2008 (the "Twenty-Fifth Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Twenty-Fifth

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Fifth Omnibus Claims Objection.

Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A-1, A-2, B, C, D-1, and D-2 hereto was properly and timely served with a copy of the Twenty-Fifth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Fifth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Fifth Omnibus Claims Objection.  No other or further notice of the Twenty-Fifth Omnibus Claims Objection is necessary.

B.      This Court has jurisdiction over the Twenty-Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Fifth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Twenty-Fifth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2       DeltaView comparison

C.      The Claims listed on Exhibit A-1 hereto under the column heading "Claim To Be Expunged" are duplicates of other Claims filed with this Court (the "Duplicate Or Amended Claims").

D.      The Claim listed on Exhibit A-2 hereto under the column heading "Claim To Be Expunged" has been amended or superseded by a later-filed Claim and was subject to a prior order (the "Duplicate Or Amended Claim Subject To Prior Order").

E.      The Claim listed on Exhibit B hereto was filed by a holder of Delphi common stock solely on account of its stock holdings and was untimely filed pursuant to the Bar Date Order (the "Untimely Equity Claim")

F.      The Claims listed on Exhibit C hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

G.      The Claims listed on Exhibit D-1 hereto state the incorrect amount or are overstated (the "Claims Subject To Modification").

H.      The Claim listed on Exhibit D-2 hereto is fully liquidated pursuant to the Lift Stay Procedures Order (the " Lift Stay Procedures Claim Subject To Modification ")

I.      The relief requested in the Twenty-Fifth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

3       DeltaView comparison

1.        Each "Claim To Be Expunged" listed on Exhibit A-1 hereto is

hereby disallowed and expunged in its entirety.  Each Claim identified on Exhibit A-1

hereto as the "Surviving Claim" shall remain on the Debtors' claims register, but shall

remain subject to future objection by the Debtors and other parties-in-interest.

2.        The "Claim To Be Expunged" listed on Exhibit A-2 hereto is hereby

disallowed and expunged in its entirety.  The Claim identified on Exhibit A-2 hereto as the

"Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to

future objection by the Debtors and other parties-in-interest.

3.        The Untimely Equity Claim listed on Exhibit B hereto is hereby

disallowed and expunged in its entirety.

4.        Each Books And Records Claim listed on Exhibit C hereto is hereby

disallowed and expunged in its entirety.

5.        Each "Claim As Docketed" amount, classification, and Debtor listed

on Exhibit D-1 hereto is hereby revised to reflect the amount, classification, and Debtor

listed as the "Claim As Modified."  No Claimant listed on Exhibit D-1 hereto shall be

entitled to recover for any Claim Subject To Modification in an amount exceeding the

dollar value listed as the "Modified Total" of the Claim, subject to the Debtors' right to

further object to each such Claim Subject To Modification.  The Claims Subject To

Modification shall remain on the claims register, and shall remain subject to future

objection by the Debtors and other parties-in-interest.

6.        The "Claim As Docketed" amount, classification, and Debtor listed

on Exhibit D-2 hereto is hereby revised to the amount and classification listed as the "Lift

Stay Procedures Claim Subject To Modification."  NoThe Claimant listed on Exhibit D-2

4      DeltaView comparison

shall not be entitled to recover for any Consensually Modified And Reduced Claim in an amount exceeding the dollar value listed as the "Modified Total" of the Claim.  The Lift Stay Procedures Claim Subject To Modification shall remain on the claims register.

7.      For clarity, Exhibit EF hereto displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on Exhibits D-1,1 and Exhibit FD-2 and Exhibit G sets forth each of the Claims referenced on Exhibits A-1, A-2, B, C, D-1, and D-2 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

8.      The hearing regarding the objection to the Claim listed on Exhibit E hereto, for which a Response to the Twenty-Fifth Omnibus Claims Objection has been filed and served and which has not been resolved by the parties, shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

9.      8. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases, or to further object to Claims that are the subject of the Twenty-Fifth Omnibus Claims Objection.; provided, however, that solely to the extent that (a) a claimant filed duplicative claims against different Debtors for the same asserted obligation (the "Multiple Debtor Duplicative Claims") and (b) certain of such claimant's Multiple Debtor Duplicative Claims are being disallowed and expunged hereby, if one of the Multiple Debtor Duplicative Claims was originally filed against the correct Debtor, the Debtors shall not seek to have the claimant's remaining Multiple Debtor Duplicative Claim (the "Remaining Claim") disallowed and expunged solely on the basis that such Remaining Claim is asserted against the incorrect Debtor.  For the avoidance of doubt, except as expressly provided in the preceding sentence, the Remaining Claims shall remain subject to further objection on any

grounds whatsoever, including, without limitation, that any such Remaining Claim is asserted against the incorrect Debtor if the claimant did not file a Multiple Debtor Duplicative Claim against the correct Debtor.  Nothing contained herein shall restrict the Debtors from objecting to any Remaining Claim or restrict any holder of a Remaining Claim from seeking relief from this Court for the purposes of requesting that this Court modify the Remaining Claim to assert such Remaining Claim against a different Debtor.

10.    9. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

11.    10. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

12.    11. Each of the objections by the Debtors to each Claim addressed in the Twenty-Fifth Omnibus Claims Objection and attached hereto as Exhibits A-1, A-2, B, C, D-1, D-2, and D-2 E constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

13.    12. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

14.    13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and

6    DeltaView comparison

filing of a separate memorandum of law is deemed satisfied by the Twenty-Fifth Omnibus Claims

Objection.


Dated: New York, New York
            February ___, 2008


_____
            UNITED STATES BANKRUPTCY JUDGE

7        DeltaView comparison

Document comparison done by DeltaView on Tuesday, February 19, 2008 1:39:04 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/582878/1 |
| Document 2 | pcdocs://chisr01a/582878/4 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from > | |
| >Moved to < | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 12 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 1 |
| Total changes | 26 |

DeltaView comparison of pcdocs://chisr01a/582878/1 and pcdocs://chisr01a/582878/4.
Performed on 2/19/2008.