

**Moritt Hock Hamroff & Horowitz** LLP
ATTORNEYS AT LAW

**Leslie A. Berkoff**
Partner
NY & CT Bars
Email: lberkoff@moritthock.com

February 20, 2008

**REGULAR MAIL AND ELECTRONICALLY FILED**

The Honorable Robert D. Drain
U.S. Bankruptcy Court, Southern District of New York
Courtroom 610
One Bowling Green
New York, New York 10004-1408

Re:    *In re Delphi Corporation, et al.*, Case No. 05-44481; Robin Industries, Inc. Motion for Continuance of February 21, 2008 Hearing as to Robin Industries, Inc.

Dear Judge Drain:

We represent Robin Industries, Inc. ("Robin") and S&Z Tool & Die Co., Inc. ("S&Z") in these chapter 11 cases. We represent Robin with respect to what the Debtors refer to as the Non-Conforming Cure Notice Motion (the "Motion").

We have requested that the Debtors adjourn the hearing on the Motion. We are awaiting a response. In the meantime, to respect the Court's time, **we hereby request an adjournment of any hearing on the Motion as to Robin,** for at least 30 days.

Absent Debtors' agreement, we have informed Debtors that Robin intends to seek this continuance. Further we have advised Debtors that we would resist Debtors' 11th hour attempts to impose discovery on Robin when there is absolutely no emergency. In particular, Robin:

    a.    will not respond to Protective Orders sent out by Debtors at 3:14 a.m. ET today;

    b.    will not conduct document discovery if documents are withheld subject to a protective order (as Debtors elect to do);

    c.    will not depose witnesses without proper document discovery from Debtors sufficiently in advance of such depositions;



## Moritt Hock Hamroff & Horowitz LLP
ATTORNEYS AT LAW

February 20, 2008
Page 2 of 2

    d.    will not depose witnesses on 24-hour notice from Debtors under these circumstances;

    e.    reserves its right to conduct written discovery from Debtors, according to the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and any applicable local rules, as we deem appropriate; and

    f.    reserves its right to conduct depositions of Debtors' witnesses, according to the Rules, as we deem appropriate.

As the Court is no doubt aware, there is no rational basis for a final determination of cure amounts on February 21, 2008 when even Delphi cannot tell the Court when the Halfshaft sale will close. On any given day parts are drawn down continually by Delphi and shipments are made by Robin, activity which impacts the cure amounts. Reorganized Delphi's contemplated rights offering will not be affected materially by this activity. On the other hand, Delphi seeks to bind Robin materially and forever when all of the facts are not in (and cannot even be "harvested" today).

We appreciate the Court's attention to these matters.

Sincerely,

/s/Leslie A. Berkoff

Leslie A. Berkoff

cc:    John Wm. Butler, Jr., Esq. (jack.butler@skadden.com)
       Christopher P. Connors, Esq. (chris.connors@skadden.com)
       Daniel A. DeMarco, Esq. (dademarco@hahnlaw.com)

F:\Robin\Delphi\corres\DrainLtr022008.doc