Hearing Date: February 21, 2008<br>Hearing Time: 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,

Debtors and Debtors-in-Possession
Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
    In re                                 :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                        Debtors.    :    (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO (A) NOTICES OF
ASSUMPTION AND/OR ASSIGNMENT AND (B) CURE NOTICES IN CONNECTION
<u>WITH SALE OF STEERING AND HALFSHAFT BUSINESS</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit this omnibus reply (the "Reply") in support of the Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 11390) (the "Sale Motion").[1]  The Debtors respectfully request that the Court approve the Sale Motion except with respect to the outstanding objections and issues related to assumption and/or assignment of executory contracts, and that any such outstanding objections be adjourned to the March 19, 2008 omnibus hearing, as set forth below.

Preliminary Statement

1.  As part of the Company's transformation plan, the Company identified the steering and halfshaft business (the "Steering and Halfshaft Business") as one of its non-core businesses subject to disposition.  Accordingly, following extensive marketing efforts, on December 10, 2007, the Sellers and the Buyers entered into a Master Sale and Purchase Agreement (the "Agreement").  The Agreement contemplates a global divestiture of the Company's Steering Business to the Buyers.  The Sellers would receive approximately $447

---

[1] Unless otherwise defined herein, capitalized terms used herein have the meanings ascribed to them in the Sale Motion.

million worth of consideration under the proposed transactions (the "Transaction Value"). This Transaction Value is comprised of approximately $190 million in Assumed Liabilities and estimated restructuring costs,[2] and GM would provide the Selling Debtor Entities $257 million under a Transaction Facilitation Agreement among Delphi and GM. Finally, GM would be responsible for certain additional expenses, in an amount estimated to be up to $65 million, which expenses would otherwise be Delphi's obligations under the Agreement.

2. On December 20, 2007, the Court entered an Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In Connection With Sale Of Steering And Halfshaft Business (Docket No. 11578) (the "Bidding Procedures Order"). Under the Bidding Procedures Order, the Debtors established January 18, 2008 as the deadline to submit higher or otherwise better offers for the Steering and Halfshaft Business (the "Bid Deadline") and scheduled the Sale Hearing for February 21, 2008.

3. The Selling Debtor Entities did not receive any higher or otherwise better bids (i.e., no Qualified Bids) by the Bid Deadline. In addition, other than certain objections to the assumption and assignment of certain executory contracts and contract-related language in the proposed Sale Approval Order, as reflected on Exhibit A hereto, there are no substantive objections to the sale of the Steering and Halfshaft Business to the Buyers.[3]

---

[2] Some of these restructuring costs would otherwise have been borne by GM under the MRA when the MRA becomes effective.

[3] Maricopa County Treasurer filed an objection to the sale (Docket No. 11813) but it was subsequently withdrawn (Docket No. 12304).

Assumption And Assignment Of Executory Contracts

4.   In accordance with the Bidding Procedures Order, on January 23, 2008 and January 30, 2008, the Debtors served (i) notices of assumption and assignment of certain executory contracts (collectively, the "Notices of Assumption/Assignment"), and (ii) notices of cure of executory contracts (the "Cure Notices" and, collectively with the Notices of Assumption/Assignment, the "Initial Notices") upon counterparties to the Debtors' executory contracts related to the Steering and Halfshaft business.  The Debtors served approximately 1,510 Notices of Assumption/Assignment and 889 Cure Notices.[4]

5.   The Debtors received 41 objections (the "Objections") to the Initial Notices.[5]  As of Wednesday, February 20, 2008 at 3:00 p.m. (prevailing Eastern time), seven of the Objections have been withdrawn or otherwise resolved.  A chart summarizing the Objections, including resolution of the withdrawn or otherwise resolved Objections, is attached hereto as Exhibit A.[6]

---

[4]   After filing the Initial Notices, the Debtors learned that certain executory contracts were inactive, expired, or had been terminated prior to the sale of the Steering and Halfshaft Business.  Accordingly, on February 5, 2008, the Debtors filed and served the Supplemental Notice Of Non-Assumption And Assignment Of Executory Contract In Connection With Sale Of Steering And Halfshaft Business (the "Supplemental Notices").  The Debtors served seven Supplemental Notices on the appropriate contract counterparties.

[5]   In addition to the 41 objections to the Initial Notices, the Debtors received a limited objection filed by Timken Company and Timken U.S. Corp. (the "Timken Limited Objection") (Docket No. 12652) which reflected concerns regarding how payment for its contracts and certain of its defenses would be effected by the Sale Order.  The Timken Limited Objection has been adjourned to the March 19, 2008 hearing by agreement of the parties.

[6]   Objections filed by the following parties are outstanding: ALPS Automotive Inc. (Docket Nos. 12428, 12689), American Aikoku Alpha Inc. (Docket Nos. 12369, 12376), BI Technologies Corporation (Docket No. 12477), Castwell Products LLC (Docket No. 12524), Columbia Industrial Sales Inc. (Undocketed), E.I. du Pont de Nemours and Company (Docket No. 12464), F&G Multi-Slide Inc. (Docket No. 12368), Freudenberg-Nok General Partnership (on Behalf of Itself and Its Affiliates Freudenberg Telas Sin Tejer Sa and Freudenberg Iberica Sa en Comandita) (Docket No. 12479), Furukawa Electric Company Ltd. (Docket Nos. 12391, 12424), Furukawa Electric North America APD Inc. (Docket No. 12426), Hydro Aluminum North America Inc. (Docket No. 12452), Intermet Corporation (Docket No. 12422), Lear Corporation (Docket No. 12475), Liquidity Solutions Inc. (Docket No. 12419), MacArthur Corporation (Docket No. 12443), Master Automatic Inc. (Docket No. 12459), Means Industries (Docket No. 12467), Metal-Matic Inc. (Docket No. 12418), Nissan North America Inc. (Docket No. 12468), Robin Industries Inc. (Docket No. 12466), Rosler Metal Finishing

*(cont'd)*

6. The primary issues asserted with respect to the outstanding Objections include adequate assurance of performance, cure, payment of postpetition liabilities, and contract integration. With respect to adequate assurance of performance, the Agreement includes a representation that the Buyers are required to provide such assurance at or prior to Closing.[7] The Debtors understand that the Buyers are in the process of resolving these Objections in accordance with the Buyers' contractual obligations.

7. The Debtors believe that resolution of the outstanding Objections is possible prior to the next omnibus hearing. To provide a reasonable opportunity for resolution of these outstanding Objections and issues, the Debtors respectfully request that the Court adjourn the hearing on the Motion as it pertains to the Assignment Contracts covered by the Objection from February 21, 2008 to March 19, 2008 at 10:00 a.m. (prevailing Eastern time) solely with respect to the outstanding Objections and issues with respect to assumption and/or assignment of executory contracts.

8. Attached hereto as <u>Exhibit B</u> is the revised form of proposed order (the "Revised Proposed Order"), which approves the Sale and reflects the adjournment of the Sale Hearing only with respect to the outstanding Objections and issues regarding assumption and/or

---

*(cont'd from previous page)*
USA L.L.C. (Docket No. 12455), S&Z Tool & Die Co. Inc. (Docket Nos. 12447, 12454), SKF USA Inc. (Docket No. 12465), Small Parts Inc. (Docket No. 12408), Stoneridge Inc. (Docket No. 12481), Teleflex Incorporated (Docket No. 12515), Temic Automotive of North America Inc. and Motorola Inc. (Docket No. 12519), The Timken Company and Timken U.S. Corp. (Docket Nos. 12532, 12652), Universal Bearings LLC (Docket No. 12501), and ZF Boge Elastmetall LLC (Docket No. 12425).

[7] Section 5.10 of the Agreement provides:

<u>Adequate Assurance of Future Performance</u>. The Buyers have provided or will be able to provide, at or prior to Closing, adequate assurance of their future performance under each Assumed U.S. Contract to the parties thereto (other than Sellers) in satisfaction of Section 365(f)(2)(B) of the Bankruptcy Code, and no other or further assurance will be necessary thereunder with respect to any Assumed U.S. Contract. Buyer Parent acknowledges and agrees that if [it] is necessary to provide a Contract counter-party with additional assurances to satisfy Buyers' obligations to provide adequate assurance in accordance with this Section 5.10, all such costs and expenses or other actions required will be borne and performed by Buyers without recourse to Sellers.

5

assignment of certain executory contracts.[8] The Debtors submit that the Revised Proposed Order should be approved for all of the reasons set forth in the Sale Motion. Accordingly, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Proposed Order.

Resolved, Withdrawn, Or Otherwise Moot Objections

9.   As set forth above, a chart summarizing the resolution of all of the withdrawn or otherwise resolved Objections is attached hereto as <u>Exhibit A</u>.[9] Certain Objectors, however, conditioned resolution and/or withdrawal of their respective Objections on the inclusion of specific statements in this Reply. A brief description of these Objections, including the specific statements, is set forth below.

10.   <u>Canon U.S.A., Inc. ("Canon")</u>. On February 4, 2008, Canon filed the Objection Of Canon U.S.A., Inc. To Debtors' Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Purchasers In Connection With Sale Of Steering And Halfshaft Business (the "Canon Objection") (Docket No. 12497) on the basis that Canon was not aware of the purchase order and did not believe that it could be assumed. Upon further review, the Selling Debtor Entities determined to rescind their Notice of Assumption/Assignment with respect to PO 450448560 because the purchase order has expired. As a result of this resolution, Canon has withdrawn the Canon Objection (Docket No. 12755).

---

[8] Such adjournment would be without prejudice to the Debtors' right to assert that any such Objection was untimely or otherwise deficient, and without prejudice to the Debtors' right to submit a response to any Objection or issue with respect to assumption and/or assignment of executory contracts prior to the next scheduled hearing in accordance with the Court's Supplemental Order Under 11 U.S.C. Sections 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (Docket No. 2883).

[9] Objections filed by the following entities have been resolved: Assembly Systems Innovators LLC (Docket No. 12484), Canon U.S.A. Inc. (Docket No. 12497), Dawlen Corporation (Docket No. 12527), GMD Industries (Docket No. 12401), Henkel Corporation (Docket No. 12381), Millennium Industries Corporation (Docket No. 12483), and United States Steel Corporation (Docket No. 12463).

Resolution Of Informal Responses

11. In addition, certain other parties contacted the Debtors prior to filing an objection to resolve issues of assumption and assignment consensually. After conversing with these parties, the Debtors agreed to amend the assumption and/or assignment lists of contracts as follows:

(a) Chrysler LLC ("Chrysler"). Chrysler conferred with the Selling Debtor Entities and the Buyers regarding certain of the contracts governing its relationship with Delphi with respect to the Steering and Halfshaft Business that were not included on the list of contracts to be assumed and/or assigned. Chrysler's issues have been resolved based on the mutual agreement of the parties that the following purchase orders would be assumed and assigned by the Selling Debtor Entities upon consummation of the Steering and Halfshaft Business Sale: O7531013, O7531015, M7319006, M6309220, M6309228, M5309229, M6309157, M4309194, M5309147, M6309175, M6309179, M6309218, M5309271, M6326015, M5309006, and M4326009.

(b) General Motors Corporation ("GM"). GM also conferred with the Selling Debtor Entities regarding contracts that were not included in the notices of assumption and/or assignment. GM's issues have been resolved based on the mutual agreement of the parties that the following additional purchase orders would be assumed and assigned by the Selling Debtor Entities upon consummation of the Steering and Halfshaft Business Sale: (1) Contracts with GM Service Parts Operations ("GMSPO") as follows: GM55436, GM55441, GM55447, GM55452, GM55458, and GM55466, and (2) GMSPO Canadian contracts as follows: CN37531, CN51592, CN51596, CN51601, CN51603, CN51606, CN51611, CN51614,

7

CN51616, CN51619, CN51621, CN51623, CN51624, CN51626, CN51627, CN45662, CN45663, and CN45664.

WHEREFORE the Debtors respectfully request that the Court enter the Revised Proposed Order (i) granting the Sale Motion except with respect to the outstanding Objections and issues related to assumption and/or assignment of executory contracts, (ii) adjourning the Sale Hearing with respect to the outstanding Objections and issues regarding assumption and/or assignment of executory contracts, and (iii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       February 20, 2008

> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>
> By:  /s/ John Wm. Butler, Jr.
>      John Wm. Butler, Jr. (JB 4711)
>      John K. Lyons (JL 4951)
>      Ron E. Meisler (RM 3026)
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois 60606
> (312) 407-0700
>
>           –and –
>
> By: /s/ Kayalyn A. Marafioti
>     Kayalyn A. Marafioti (KM 9632)
>     Thomas J. Matz (TM 5986)
> Four Times Square
> New York, New York 10036
> (212) 735-3000
>
> Attorneys for Delphi Corporation, et al.,
>   Debtors and Debtors-in-Possession

8