**Exhibit 2**

**In re Delphi Corporation, et al.,**
**Case No. 05-44481 (RDD)**

*Chart Of Objections To The Debtors' Motion To Strike Non-Conforming Cure Notice Motion*
*Organized By Objector[1]*

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| 1. | 12643 | Metal-Matic, Inc. ("MMI") (by and through Liquidity Solutions) | Schedule 6: untimely | - Asserts that MMI sold its claim to Ore Hill, and that MMI completed the Cure Notice on Ore Hill's behalf<br>- Asserts that MMI sent an executed original Cure Notice to KKC and sent a copy of the executed Cure Notice to Liquidity Solutions Inc., Ore Hill's agent<br>- Asserts that it received return receipts of the Cure Notice from both Liquidity Solutions and KCC | • MMI's executed Cure Notice was received by KCC after the Court approved deadline. It is not the Debtors' place to deviate from that deadline. |
| | | | | - Attached to MMI's Response is a "duly executed and notarized General Power of Attorney completed in accordance with Official Form 11A and Rule 9010" | • Delphi will neither recognize nor consider the power of attorney attached to the Response because it is dated February 13, 2008. |
| 2. | 12679 | Clarion Corporation of America | Schedule 3: copy of original | - Asserts that the original Cure Notice was sent to an address in China and Clarion has no offices in China. Its counsel became aware of the Motion from the Affidavit of Service on ECF and, faced with the deadline, timely submitted a form of notice, which form was attached to the Solicitation Procedures Order | • The Debtors served both duplicate Cure Notices on Clarion at 1769 E. Lincoln Rd., Kokomo, IN 46902. Clarion admits that it has an office at the Kokomo location. The Debtors sent copies of four Cure Notices to the Kokomo address. Therefore Clarion had sufficient time to request a duplicate original Cure Notice from KCC. |

---

[1]     This chart reflects all Objections entered on the docket as of Wednesday, February 20, 2008 at 3:00 p.m. (prevailing Eastern time). Objections filed after the deadline are reflected in **bold**.

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | • The Debtors confirmed that the China address (Xiamen Clarion Electrical Enterprise) was an address provided to Delphi to submit payment (most likely when the purchase orders were first opened).<br>• Neither the Objection nor the Muto Affidavit denies receipt of service of complimentary copies of the Cure Notices at the Kokomo Location.<br>• Neither the Objection nor the Muto Affidavit explain what efforts or diligence, if any, was taken by Clarion to locate and respond to the Cure Notices that were sent to it at the Kokomo Location, notwithstanding that its outside counsel was admittedly aware of that service as early as at least January 8, 2008, when the KCC Affidavit was filed and received by counsel.<br>• The Court-approved duplicate Cure Notice clearly stated in bold and prominent text that "the original Cure [Amount] Notice must be completed, executed, and returned" and "only original forms will be accepted for purposes of exercising your right to contest the cure amount or make a cure election." |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | • The Court-approved duplicate Cure Notice also stated that a duplicate original Cure Notice could be obtained by contacting KCC and that the Cure Notice sent to the original address would be subsequently voided. |
| | | | | - Asserts that it would be inequitable to penalize Clarion when the original Cure Notice was not received by Clarion | • It is not the Debtors' place to deviate from the procedures set forth in the Solicitation Procedures Order approved by this Court.  Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| 3. | 12680 | Automodular Assemblies Inc. | Schedule 3: copy of original | - Asserts Debtors did not send notice to Automodular's counsel even though Debtors have been on notice since 2006 that McCarter & English LLP represents Automodular<br>- Asserts there was insufficient time for Automodular to send the original Cure Notice to its counsel | • Counsel asserts that it did not receive a copy of the Cure Notice and requested a duplicate Cure Notice.  Counsel knew that the Debtors would be mailing Cure Notices, however,  because Automodular filed a Motion to Compel Assumption on November 30, 2007. |
| | | | | - Asserts that its counsel requested and received a duplicate Cure Notice which it received via e-mail and counsel submitted this form | • Even though counsel requested and received a duplicate Cure Notice that included a bar code that said "COPY" on it, counsel |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | returned the duplicate Cure Notice. Counsel did <u>not</u> request an authorized duplicate original Cure Notice.<br>• The Court-approved duplicate Cure Notice clearly stated in bold and prominent text that "the <u>original</u> Cure [Amount] Notice must be completed, executed, and returned" and "only <u>original</u> forms will be accepted for purposes of exercising your right to contest the cure amount or make a cure election." |
| | | | | - Asserts that the Debtors' Motion would deprive Automodular of its substantive right to contest the unsupported and inaccurate cure amount noticed by Debtors | • This is not an end run around section 365 of the Bankruptcy Code. Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |
| 4. | 12684 | Robin Industries, Inc. (claim was transferred to SilverPoint) | Schedule 2: Improperly executed notice | - Asserts that the Debtors failed to provide any meaningful detail in support of their assertions | • Upon receipt of Robin's objection, the Debtors provided Robin with a copy of the Cure Notices Robin submitted to KCC reflecting the deficiencies in the Cure Notices. |
| | | | | - Asserts that Silver Point was entitled to execute the Robin Cure Notices as the owner of Robin's proof[s] of claim | • The Cure Notice executed by a claims trader should not be recognized. As this Court recognized at the January 10, 2008 hearing, ownership of a claim does not entitle a claims trader to interfere with the |

|  | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
|  |  |  |  |  | Debtors' relationship with its supplier.  Accordingly, and consistent with, this Court's January 10, 2008 ruling, the Debtors will not recognize this improperly executed notice. |
|  |  |  |  | - Asserts that Silver Point's execution of the Robin Cure Notices cannot be a basis for affecting any of the Debtors' postpetition obligations | • The Debtors are paying postpetition balances in the ordinary course. |
|  |  |  |  | - Asserts that Debtors are trying to make an "end-run" around section 365" at the eleventh hour | • This is not an end run around section 365 of the Bankruptcy Code.  Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |
| 5. | 12688 | Alps Automotive | Schedule 3: copy of original | - Asserts that Alps Electronic USA in California was not served with notice.  Alps Electronic USA received duplicate and original notices (in Michigan) and Alps Automotive Inc. received duplicate and original notices (in Michigan).  Original was sent to California and Alps Automotive Inc. is not registered in California)<br>- Asserts that nothing on the duplicate Cure Notices states that one must return the original notice and there was no explanation that the duplicate  Cure Notices were "courtesy" copies<br>- Asserts that the requirements in the Cure Notices (to return the originals) is not statutorily mandated<br>- Asserts that the only reason for the bar code on the original Cure Notices was to avoid ambiguity of receiving multiple contradicting Cure Notices for the same contract and that this was not an issue with Alps' contracts | • The Solicitation Procedures Order as well as the Cure Notices state that the original Cure Notices must be returned and that duplicate Cure Notices will not be accepted.  The Court has the power to establish procedures that include a requirement for submission of originals.  In addition, the duplicate Cure Notices have "COPY" watermarked on every page notified Alps and its counsel that they were not "originals."<br>• The Debtors will not deviate from the procedures approved by this Court.  Given the Debtors' duty to comply with the |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| | | | | - Asserts that Delphi did not serve Alps' counsel even though Alps' counsel had made appearances and filed pleadings in these chapter 11 cases and that Debtors violated Bankruptcy Rule 7004(b)(3) by not serving an officer of Alps<br>- Asserts that there was no time for Alps' counsel to get a duplicate original Cure Notice | • Bankruptcy Rule 7004 is not applicable because the Debtors did not serve a complaint or motion and the notice did not commence an adversary proceeding or contested matter.<br>• Alps' counsel had time to contact KCC to e-mail it a duplicate original Cure Notice for signature because Merle Meyers was served with a duplicate Cure Notice as follows:<br>Bear Stearns Investment Products, Inc.<br>Meyers Law Group PC<br>Attn. Merle C. Meyers<br>44 Montgomery St Ste 1010<br>San Francisco, CA 94104 |
| 6. | 12692 | Millenium Industries (transferred to Contrarian) | Schedule 3: copy of original | - Asserts that Contrarian Funds LLC as assignee of Millenium may have served a duplicate Cure Notice on the Debtors and that form was not the original bar-coded form transmitted to Millenium<br>- Asserts there was insufficient time for Automodular to send the original Cure Notice to its counsel | • The Debtors never received a Cure Notice (original or copy) from Millenium and Millenium has provided no evidence of its submission.<br>• Given the Debtors' duty to comply with the Solicitation Procedures Order and the |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| 7. | 12694 | TI Group Automotive Systems | Schedule 3: copy of original | - Asserts that TI Automotive was unable to locate the original Cure Notice and therefore filed and served a duplicate Cure Notice to ensure timely receipt<br>- Asserts that TI Automotive located the original notice and timely submitted it to KCC<br>- Asserts that because TI Automotive complied with the Court's procedures, even though it also submitted a copy Cure Notice, its original Cure Notice should not be stricken | • The Debtors do not seek to strike TI Automotive's original conforming Cure Notice and the Debtors will honor the election made on that notice. The Debtors seek only to strike the nonconforming copy of the Cure Notice.<br>• Objection has been withdrawn (Docket No. 12762). |
| 8. | 12695 | EI Du Pont De Nemours | Schedule 2: Improperly executed notice | - Asserts that the Cure Notice was addressed to DuPont E I de Nemours Inc. which is not the correct name of any DuPont subsidiary<br>- Asserts that Mr. Diaz-Arrastia, Du Pont's attorney, was instructed by his client to fill out and sign the Cure Notice because of the impending deadline<br>- Asserts that the Motion deprives DuPont of the ability to exercise its rights, including objecting to the proposed cure amount on or before the 30th day following the effective date of the Plan<br>- Asserts that Debtors are attempting an end-run around section 365 of the Bankruptcy Code | • Objection has been withdrawn (Docket No. 12758). |
| 9. | 12696 | Methode Electronics Inc. | Schedule 2: Improperly executed notice | - Asserts that Methode granted a valid power of attorney to Blue Angel Claims LLC, its claims assignee<br>- Methode attached its two Transfer of Claim Agreements<br>- Asserts that Methode received two Cure Notices and forwarded them to Blue Angel and that Blue Angel submitted the Cure Notices<br>- Asserts that neither the Solicitation Procedures Order nor the Cure | • The Cure Notice executed by a claims trader should not be recognized. As this Court recognized at the January 10, 2008 hearing, ownership of a claim does not entitle a claims |

|  | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
|  |  |  |  | Notice instructions required that a power of attorney be provided with the executed Cure Notice itself | trader to interfere with the Debtors' relationship with its supplier. Accordingly and consistent with, this Court's January 10, 2008 ruling, the Debtors will not recognize this improperly executed notice. |
|  |  |  |  | - Asserts that the Debtors have attempted to deny contract counterparties the relief elected in their Cure Notices by applying a hyper-technical and incorrect application of the instructions in the Cure Notice<br>- Asserts that Debtors are attempting an end-run around section 365 of the Bankruptcy Code. | • This is not an end run around section 365 of the Bankruptcy Code. Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |
|  |  |  |  | - Asserts that the Debtors will have ample opportunity to address the substantive issues concerning Methode's objection since the parties shall have 30 days after the Effective Date of the Plan to address the cure amount. | • The Motion to Strike relates specifically to the conforming nature of the Cure Notice under the Solicitation Procedures Order and not to their substance. |
| 10. | 12710 | Blue Angel Claims LLC (joinder to Methode's objection) | Schedule 2: Improperly executed notice | - Asserts that Blue Angel was acting under a power of attorney as attorney in fact and could submit the Cure Notices so long as the act did not constitute the practice of law | • The Cure Notice executed by a claims trader should not be recognized. As this Court recognized at the January 10, 2008 hearing, ownership of a claim does not entitle a claims trader to interfere with the Debtors' relationship with its supplier. Accordingly and consistent with, this Court's January 10, 2008 ruling, the Debtors will not recognize this improperly executed notice. |
|  |  |  |  | - Bankruptcy Rule 9010 does not provide a basis for striking the timely submitted Cure Notices because by its terms it applies only to creditors. Further asserts that the Debtors have maintained that a | • The Debtors need not take any position with respect to the applicability of Bankruptcy Rule |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | contract counterparty holds no "claim" and therefore by the Debtors' own admission, Methode is not a creditor for purposes of the Cure Notices and Rule 9010(c) is not applicable to the Cure Notices | 9010(a) because none of the Objectors complied with the requirements of the Rule within the timeframe mandated in the Solicitation Procedures Order. |
| 11. | 12705 | MacArthur Corporation | Schedule 3: copy of original | - Asserts that insofar as the Cure Notice MacArthur submitted was not an original, the Cure Notice "was an exact duplicate copy of the original which would have provided the Debtor with all the necessary information to properly process and assess the Notice"<br>- Asserts that Fed. R. Civ. P. Rule 61 incorporated into the bankruptcy code through Fed. R. Bankr. P. Rule 9005 states that "[W]hen appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect the substantial rights."<br>- Asserts the use of a duplicate or copy of the original Cure Notice does not affect the substantial rights of the Debtors | • The Court-approved duplicate Cure Notice clearly stated in bold and prominent text that "the original Cure [Amount] Notice must be completed, executed, and returned" and "only original forms will be accepted for purposes of exercising your right to contest the cure amount or make a cure election."<br>• The Court-approved Duplicate Notice also stated that a Duplicate original Cure Notice could be obtained by contacting KCC and that the Cure Notice sent to the original address would be subsequently voided.<br>• Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| 12. | 12712 | Schaeffler Canada, Inc. | Schedule 3: copy of | - Asserts that after consultation with Contrarian, it submitted the Cure Notice but did not dispute the cure amount | • The Court-approved Duplicate Notice clearly stated in bold and |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | original | - A copy of the Cure Notice form had been forwarded by Schaeffler Canada to the North American headquarters in South Carolina for completion<br>- There is no requirement in the bankruptcy Code that an original (as opposed to an exact copy of the form) be used and this "appears to be an effort by the Debtors to get out of their legal obligation to pay cure costs in cash on whatever technicality the Debtors can identify" | prominent text that "the original Cure [Amount] Notice must be completed, executed, and returned" and "only original forms will be accepted for purposes of exercising your right to contest the cure amount or make a cure election."<br>• The Court-approved Duplicate Notice also stated that a Duplicate original Cure Notice could be obtained by contacting KCC and that the Cure Notice sent to the original address would be subsequently voided.<br>• The Court has the power to establish procedures that include a requirement for submissions of originals. |
| | | | | - Asserts that the Court can allow the election under the principle of substantial compliance | • It is not up to the Debtors to deviate from the Court's Solicitation Procedures Order. |
| 13. | 12721 | Silver Point on behalf of: Cyro Industries, Energy Conversion Systems Holdings LLC, EPCOS Inc., Fujikoki America Inc., Heraeus, Inc., Intermet Corporate, | Schedule 2: Improperly executed notice<br><br>Schedule 3: copy of original<br><br>Schedule 6: untimely | - Asserts that the procedures effectuated by the Debtors in connection with the Cure Notices "was an attempt on the part of the Debtors to create the illusion that the Objecting Contract Counterparties were being paid in full"<br>- Forcing the Objecting Contract Counterparties to accept Plan Consideration would result in the Debtors receiving the full benefits of the assumed contracts, while the Objecting Contract Counterparties would be obligated to fulfill the underlying Purchase Orders that are being assumed for less than full payment | • This is not an end run around section 365 of the Bankruptcy Code. Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |
| | | | | - Asserts that the Debtors sent the Cure Notices to companies without addressing the Cure Notice to a particular person | • Bankruptcy Rule 7004 is not applicable because the Debtors did not serve a complaint or motion and the notice did not |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | Intermet Jackson, Johnson Electric North America, Inc., Key Plastics LLC, MEMC Electronic Materials Inc., Micron Semiconductor Products Inc., Multek Flexible Circuits Inc., Panasonic Automotive Systems Company, Nichicon America Corp., Parlex Corporation, Phillips Semi-conductors, Sagami America Ltd., Stahl Specialty Company, Toko America Inc., Waupaca Foundry Inc. | | | commence an adversary proceeding or contested matter. |
| | | | | - Asserts that certain counterparties executed a letter authorizing Dreier to execute Cure Notices, as their counsel for the limited purpose of signing and submitting their Cure Notices. | • The letters indicate that Dreier is an attorney in fact and not an attorney at law. The letters fail to comply with Bankruptcy Rule 9010. |
| | | | | - Dreier, as counsel to Silver Point, filed the objection on behalf of Silver Point, which is objecting on behalf of several assignees<br>- Asserts that ratified powers of attorney have been submitted with this Objection | • Silver Point is litigating the same issues that were litigated at the hearing on January 10, 2008 before this Court and which were resolved in favor of the Debtors.<br>• • The Cure Notice executed by a claims trader will not be recognized and the Debtors maintain their motion to strike. As this Court recognized at the January 10, 2008 hearing, ownership of a claim does not entitle a claims trader to interfere with the Debtors' relationship with its supplier. Accordingly, and consistent with, this Court's January 10, 2008 ruling, the Debtors will not recognize these improperly executed Cure Notices. |
| | | | | - Asserts that Silver Point executed certain Cure Notices because of the late receipt of the original Cure Notices and the compressed time deadlines | • The Cure Notices were sent out by KCC on December 21, 2007, which allowed enough time to return the Cure Notices by the deadline. |
| | | | | - Asserts that the counterparties were "understandably confused by the Cure Notice and Solicitation Procedures Order" and therefore | • This provided Silver Point with an opportunity to explain the |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | forwarded the original Cure Notices to Silver Point and advised Silver Point to sign since it owned the underlying claim | procedures to these transferors, which included that the transferors needed to return the Cure Notices to KCC. During the hearing on January 10, 2008, this Court explained to the Ad Hoc Committee that this is what needed to be communicated to transferors. |
| | | | | - Asserts that the Debtors' affidavit of service was not filed in accordance with Local Rule 9078-1 | • Complementary copies of the Cure Notices were sent out by KCC to Silver Point and other claims traders on December 21, 2007 pursuant to the Solicitation Procedures Order, which allowed enough time to return the Cure Notice by the deadline. |
| | | | | - Asserts that the Debtors' Motion focuses on form of Cure Notice and not substance | • The Debtors' Motion to Strike specifically addresses the nature of the nonconforming Cure Notices. |
| | | | | - Asserts that the alleged late filed Cure Notices were received by KCC at 4:26 p.m. PST which does not prejudice the Debtors and have moved the Court for an extension of time to file Cure Notices pursuant to bankruptcy Rule 9006(b)(1)(2) because the messenger's vehicle broke down | • Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| | | | | - Energy Conversion Systems: Asserts that Energy Conversion Systems Holdings LLC ("ECS") requested original Cure Notices from KCC for ECC and for ECS Magnet Engineering GMBH | • Upon the request of David Adler at McCarter & English, KCC provided a duplicate original |

|  | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
|  |  |  |  | ("ECSM") but that KCC only forwarded the original Cure Notice for ECSM and therefore ECS filed a "copy" of its Cure Notice | Cure Notice for ECSM. The full name of ECS was not provided to KCC and therefore KCC was not able to locate the Cure Notice. KCC responded to the inquiry but no further information was provided to KCC.<br>• The Debtors will not deviate from the procedures approved by this Court. The Debtors will not accept the "copy" submitted by ECS. Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
|  |  |  |  | - Heraeus: Asserts that the Heraeus Cure Notice was filed by counsel to Heraeus, McDermott Will & Emery LLP and Heraeus has submitted a ratified power of attorney | • McDermott was not authorized to sign the Cure Notice pursuant to the Solicitation Procedures Order. |
|  |  |  |  | -Asserts that the entire process surrounding the timing of the service and deadline for the submission of Cure Notices " implemented by the Debtors were designed to make it extremely difficult . . . for the Objecting Contract Counterparties to actually receive payment, in full, of any outstanding cure amount as required under § 365(b)(1)" | • This is not an end run around section 365 of the Bankruptcy Code. Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |
| 14. | 12714 | Mubea, Inc. | Schedule 3: | - Asserts that it did not "create" a self made cure election but | • The Debtors will not deviate |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | copy of original | inadvertently delivered a copy of the original<br>- Asserts that the Debtors seek to assume the Executory Contracts "without affording Mubea the ability to exercise its rights provided for under its timely filed Cure Notice | from the procedures approved by this Court.  The Debtors will not accept the "copy" submitted by Mubea.  Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order.<br>• The Court has the power to establish procedures that include a requirement for submission of originals. |
| | | | | - Asserts that Mubea's clerical error does not interfere with any of the Debtors' relationships with the Debtors' suppliers and the Debtors would not suffer any prejudice | • Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| | | | | - Asserts that an eleventh-hour attempt to make an end-run around section 365 should be rejected | • This is not an end run around section 365 of the Bankruptcy Code.  Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | - Asserts that the Court should exercise its equitable powers under section 105(a) of the Bankruptcy Code to accept Mubea's election of the cure treatment | It is not up to the Debtors to deviate from the Court's procedures. |
| 15. | 12720 | Unifrax I, LLC | Schedule 3: copy of original | - Asserts that Unifrax received copies of Cure Notices but only received the originals on January 10, 2008.  Therefore, Unifrax executed all of the Cure Notices on January 10, 2008 believing them all to be originals. | • The non-original Cure Notices clearly state that they are copies.<br>• Unifrax could not have mistaken the copies for originals because each of the returned Cure Notices has a watermarked "copy" on it.<br>• The Debtors will not deviate from the procedures approved by this Court.  The Debtors will not accept the "copy" submitted by Unifrax. |
| | | | | - Asserts that Unifrax's submission of copies of Cure Notices does not interfere with any of the Debtors' relationships with the Debtors' suppliers and that the Debtors' would not suffer any prejudice | • Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| | | | | - Asserts that an eleventh-hour attempt to make an end-run around section 365 should be denied | • This is not an end run around section 365 of the Bankruptcy Code.  Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |

15

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| 16. | 12722 | Temic Automotive of North America and Motorola, Inc.***[2] | N/A | - Asserts that Temic did not receive a Cure Notice because the Cure Notices were sent to the wrong addresses.  Further asserts that although the Cure Notices were served in one instance to an office where Temic has no personnel and to a location in Mexico, the Cure Notice was "delivered" to Temic's internal counsel in Deer Park, Illinois at Temic's corporate headquarters<br>- Seeks to preserve their right to receive cash for the Cure Amount whether the closing of the Steering Sale occurs before or after the Emergence Date<br>- Requests an additional 15 days to execute and return a Cure Notice | • The Debtors did not include any Cure Notices from Temic in the Motion to Strike because Temic did not return a Cure Notice. |
| | | | | - Objects to the Motion because Temic never received a Cure Notice and therefore was never able to choose between receiving a cash payment for the Cure Amount or receiving plan currency | • Counsel acknowledges that it received the Cure Notice.  Therefore, counsel was on notice that the Cure Notice needed to be returned to KCC and Temic should not be given additional time to execute and return a Cure Notice. |
| 17. | 12724 | Contrarian Funds LLC*[3] | Schedule 2: Improperly executed notice | - Asserts that each Contrarian Transfer Agreement contains a power of attorney provision and that Contrarian is entitled to accept or dispute Cure Amounts and to elect treatment of Cure Amounts<br>- Asserts that Contrarian is the designated and rightful recipient of any payments on a Claim, including cure payments<br>- Asserts that Contrarian exercised its power of attorney "when it was clear that the Relevant Transferors would not submit their Cure Notices" (the "Re-Created Transferor Cure Notices")<br>- Asserts that the Duplicate Cure Notices that Contrarian received fail to provide sufficient information to enable Contrarian to determine which counterparties received Cure Notices.  Therefore, | • Contrarian is litigating the same issues that were litigated at the hearing on January 10, 2008 before this Court and which were resolved in favor of the Debtors.<br>• At the hearing held on January 10, 2008 in connection with the ad hoc trade committee's motion (the "Ad Hoc Motion Hearing"), the Court stated that "this is not |

---

[2]    *** Denotes a party that was not included in the Motion to Strike.

[3]    * Denotes a member of Ad Hoc Trade Committee.

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | it was difficult to ensure that the counterparties elected the treatment desired by Claim transferees | an instance where the debtor is just being difficult . . . ; but rather would have the debtor change the relationship with its contract parties and get in the middle of [the claims trader's] relationship with them." <br>• The Cure Notice executed by a claims trader should not be recognized.  As this Court recognized at the January 10, 2008 hearing, ownership of a claim does not entitle a claims trader to interfere with the Debtors' relationship with its supplier.  Accordingly, and consistent with this Court's January 10, 2008 ruling, the Debtors will not recognize this improperly executed notice. |
| | | | | - Asserts that the Re-Created Transferor Cure Notices do not prejudice the Debtors because they are identical to the Cure Notices and are sufficient to put the Debtors on notice | • Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| | | | | - Asserts that the Debtors' motive is solely to force Contrarian to accept payment of the Cure Amounts in Plan Currency, which is worth less than the cash equivalent <br>- Asserts that the Debtors solicited plan votes from Contrarian and not from the claim transferors and that the Debtors will only | • This is not an end run around section 365 of the Bankruptcy Code.  Rather, these are carefully crafted procedures, already approved by the Court, |

|  | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
|  |  |  |  | acknowledge Cure Notices from Transferors who were never solicited for plan votes because they are not familiar with the real value of Plan Currency | with which the Debtors have a duty to comply. |
|  |  |  |  | - Asserts that Bankruptcy Rule 9010 does not apply<br>- Asserts that the Transfer Agreements and power of attorney provisions substantially conform to the official form in Bankruptcy Rule 9010<br>- Asserts that Contrarian should be given a reasonable opportunity to cure any defects in its power of attorney provisions and Transfer Agreements<br>Asserts that the Solicitation Procedures Order does not preclude parties empowered to act on behalf of the counterparty from executing Cure Notices | • The Debtors need not take any position with respect to the applicability of Bankruptcy Rule 9010(a) given that none of the Objectors complied with the requirements of the Rule within the timeframe mandated in the Solicitation Procedures Order. |
|  |  |  |  | - Asserts that the Solicitation Procedures Order does not preclude parties empowered to act on behalf of the counterparty from executing Cure Notices | • Paragraph 43 of the Solicitation Procedures Order provides that the Debtors were "authorized to provide counterparties to supply contracts that the Debtors intend to assume with the Cure Amount Notice."  The Solicitation Procedures Order further required that "[p]arties wishing to object to the assumption of their contracts under the terms set forth in the Cure Amount Notice shall be required to return the Cure Amount Notice in accordance with the instructions provided therein."  These procedures do not contemplate or allow a party other than the counterparty to execute and return the Cure Amount Notice. |
|  |  |  |  | - Asserts that the Debtors are interfering in the relationship between Contrarian and the counterparties (Transferors) | • To the contrary, as this Court stated at the Ad Hoc Motion |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | Hearing, the Court stated that "this is not an instance where the debtor is just being difficult . . . ; but rather would have the debtor change the relationship with its contract parties and get in the middle of [the claims trader's] relationship with them." |
| | | | | - Asserts that the Court should exercise its equitable powers under section 105(a) of the Bankruptcy Code to accept Contrarian's election of the cure treatment | • It is not up to the Debtors to deviate from the Court's procedures. |
| 18. | 12708 | Midtown Claims LLC and Kimball Electronics | Schedule 2: Improperly executed notice | - Asserts that the Motion is the Debtors' attempt to deny contract counterparties the relief elected in their cure election notices by applying a hyper-technical and incorrect application of the instructions to the Cure Notice and Bankruptcy R. 9010<br>- Asserts that Debtors have maintained that a contract counterparty holds no "claim" on account of cure amounts under Bankruptcy R. 9010 | • The Debtors need not take any position with respect to the applicability of Bankruptcy Rule 9010(a) because none of the Objectors complied with the requirements of the Rule within the timeframe mandated in the Solicitation Procedures Order. |
| | | | | - Asserts that the Solicitation Procedures Order does not state that only contract counterparties can return a Cure Notice and, that by attempting to strike the Cure Notice, the Debtors are short-circuiting the post-effective date objection process<br>- Asserts that neither the Solicitation Procedure Order nor the instructions made clear Debtors intent to reject cure notices by third parties acting as attorney in fact | • This is not an end run around section 365 of the Bankruptcy Code.  Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply.<br>• The Cure Notice executed by a claims trader should not be recognized.  As this Court recognized at the January 10, 2008 hearing, ownership of a claim does not entitle a claims trader to interfere with the Debtors' relationship with its supplier.  Accordingly and |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | consistent with, this Court's January 10, 2008 ruling, the Debtors will not recognize this improperly executed notice. |
| 19. | 12709 | Midtown Claims LLC and Palma Tool & Die Inc. | Schedule 2: Improperly executed notice | - Asserts that the Motion is the Debtors' attempt to deny contract counterparties the relief elected in their cure election notices by applying a hyper-technical and incorrect application of the instructions to the Cure Notice and Bankruptcy R. 9010<br>- Asserts that Debtors have maintained that a contract counterparty holds no "claim" on account of cure amounts under Bankruptcy R. 9010 | • The Debtors need not take any position with respect to the applicability of Bankruptcy Rule 9010(a) given that none of the Objectors complied with the requirements of the Rule within the timeframe mandated in the Solicitation Procedures Order. |
| | | | | - Asserts that the Solicitation Procedures Order does not state that only contract counterparties can return a Cure Notice and, that by attempting to strike the Cure Notice, the Debtors are short-circuiting the post effective date objection process<br>- Asserts that neither the Solicitation Procedure Order nor the instructions made clear Debtors intent to reject cure notices by third parties acting as attorney in fact | • The Cure Notice executed by a claims trader should not be recognized. As this Court recognized at the January 10, 2008 hearing, ownership of a claim does not entitle a claims trader to interfere with the Debtors' relationship with its supplier. Accordingly and consistent with, this Court's January 10, 2008 ruling, the Debtors will not recognize this improperly executed notice. |
| 20. | 12711 | Spartech Corporation and Spartech Polycom | Schedule 2: Improperly executed notice<br><br>Schedule 3: copy of original | - Asserts that copy of the Cure Notice was properly executed by Spartech Polycom's CFO | • Although the Cure Notice attached to Spartech's objection included both a front page and a signature page, KCC did not receive either of those pages from Spartech. Therefore, the Debtors received an unexecuted copy of a Cure Notice from Spartech. The Debtors will not deviate from the procedures |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | approved by this Court. |
| | | | | - Asserts that Solicitation Procedures Order does not require return of an original form | • The Duplicate Notice approved by the Court in the Solicitation Procedures Order clearly stated in bold that "the original Cure Notice must be completed, executed, and returned" and "only original forms will be accepted for purposes of exercising your right to contest the cure amount or make a cure election.<br>• The Debtors will not deviate from the procedures approved by this Court. The Solicitation Procedures Order, as well as the Cure Notices state that the original Cure Notices must be returned and that duplicate notices will not be accepted. The Court has the power to establish procedures that include a requirement for submission of originals. |
| | | | | - Asserts that concerns relating to claims traders do not apply to Spartech because it is not a claims trader | • The Debtors will not deviate from the Court's procedures. |
| 21. | 12713 | Molex, Inc. | Schedule 3: copy of original | - Asserts that Debtors are trying to get out of cure payments on a technicality and that copies of the Cure Notice have just as much integrity as the original Cure Notice<br> - Asserts that neither the Solicitation Procedure Order nor the instructions made clear Debtors intent to reject cure notices by third parties acting as attorney in fact.<br>- Asserts that the Solicitation Procedures Order does not state that only contract counterparties can return a Cure Notice and, that by attempting to strike the Cure Notice, the Debtors are short- | • This is not an end run around section 365 of the Bankruptcy Code. Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | circuiting the post effective date objection process. | |
| | | | | - Asserts that Court has the ability to allow election because returning a copy of the Cure Notice satisfies substantial compliance<br>- Asserts that there is no requirement in the Bankruptcy Code that an original form (as opposed to an exact copy of the form) be used and the Debtors have identified no real prejudice from receiving a copy of the form rather than an original | • The Debtors will not deviate from the procedures approved by this Court. The Solicitation Procedures Order, as well as the Cure Notices states that the original Cure Notices must be returned and that duplicate notices will not be accepted. The Court has the power to establish procedures that include a requirement for submission of originals. |
| | | | | - Asserts that the Motion is an effort by the Debtors to get out of their legal obligation to pay cure costs in cash on whatever technicality the Debtors can identify<br>- Asserts that neither the Solicitation Procedure Order nor the instructions made clear Debtors intent to reject cure notices by third parties acting as attorney in fact. | • This is not an end run around section 365 of the Bankruptcy Code. Rather, these are carefully crafted procedures, already approved by the Court, with which the Debtors have a duty to comply. |
| 22. | 12715 | Semiconductor Components Industries LLC*** | | - Asserts that neither Semiconductor nor counsel was aware of receiving notice, and did not learn of cure election until the January 8, 2008 certificate of service was filed | • KCC served the cure notices the following address:<br>ON SEMICONDUCTOR LLC VRBOVSKA CESTA 2617/102 PIESTANY, SK 92101 SK (Slovak Republic)<br><br>• The Debtors did not include any Cure Notices from Semiconductor in the Motion to Strike because Semiconductor did not return a Cure Notice. |
| | | | | - Asserts that Semiconductor requested a replacement ballot from KCC and made every effort to file the Cure Notice before the deadline by attempting to submit electronically to KCC. After | • The untimely executed Cure Notices were received by KCC after the Court approved |

|  | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
|  |  |  |  | KCC refused to accept replacement ballot electronically, company sent Cure Notice by FedEx on January 11, 2008 | deadline.  It is not the Debtors' place to deviate from that deadline.  The Debtors will not unilaterally grant exceptions to the Court's Solicitation Procedures Order because of the significant substantive reasons underlying the procedures, but also, and equally important, because of the Debtors' ongoing fiduciary duty to comply with the orders of the Court. |
| 23. | 12717 | Bailey Manufacturing Company, LLC | Schedule 3: copy of original | - Asserts that submission of executed copy of the Cure Notice together with executed original did not prejudice the Debtors<br>- Asserts that the Court should not exercise equity jurisdiction under § 105 because payment in cash is required by § 365 of the Bankruptcy Code | • The Debtors do not seek to strike Bailey's original conforming Cure Notice and the Debtors will honor the election made on that notice.  The Debtors only seek to strike the nonconforming copy of the Cure Notice.<br>• Counsel has been contacted and stated it would withdraw its objection at the hearing.  To the extent the Objection has not withdrawn by the time of the hearing on the debtors' Motion, prior to entry of order, the Debtors request that the Objection to the Motion be withdrawn to the extent the Motion is granted. |
| 24. | 12719 | Argo Partners, Inc.* | Schedule 3: copy of original<br><br>Schedule 1: | - Asserts that the Court should give full meaning and effect to a claims trader's transfer agreement and that Argo is the designated and rightful recipient of any payments on a Claim, including cure payments | • Argo Partners is litigating the same issues that were litigated at the hearing on January 10, 2008 before this Court and which were resolved in favor of the |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | unauthorized instructions | | Debtors.<br>• The Debtors will not deviate from the procedures approved by this Court.  The Solicitation Procedures Order, as well as the Cure Notices state that the original Cure Notices must be returned and that duplicate notices will not be accepted. The Court has the power to establish procedures that include a requirement for submission of originals.<br>• Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order.<br>• The Solicitation Procedures Order authorized the Debtors to "remit resolved, uncontested, or adjudicated distributions on account of cure directly to the contract party whose contract is being assumed or assumed and assigned." |
| | | | | - Asserts that Rule 9010 does not render the Cure Notices unenforceable because the power of attorney need only substantially conform to the official form and that, even if power of attorney is ineffective, objector can remedy by submitting an | • The Debtors need not take any position with respect to the applicability of Bankruptcy Rule 9010(a) because none of the |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | amended power of attorney | Objectors complied with the requirements of the Rule within the timeframe mandated in the Solicitation Procedures Order. |
| | | | | - Asserts that the Solicitation Procedures Order does not preclude parties from acting on behalf of contractual counterparties | • Paragraph 43 of the Solicitation Procedures Order provides that the Debtors were "authorized to provide counterparties to supply contracts that the Debtors intend to assume with the Cure Amount Notice."  The Solicitation Procedures Order further required that "[p]arties wishing to object to the assumption of their contracts under the terms set forth in the Cure Amount Notice shall be required to return the Cure Amount Notice in accordance with the instructions provided therein."  These procedures do not contemplate or allow a party other than the counterparty to execute and return the Cure Amount Notice. |
| | | | | - Asserts that the objector has not interfered with contractual relationship between counterparties and the Debtors | • Argo has interfered with the contractual relationship between counterparties and the Debtors. At the Ad Hoc Motion Hearing, the Court stated that "this is not an instance where the debtor is just being difficult . . . ; but rather would have the debtor change the relationship with its contract parties and get in the middle of [the claims trader's] |

25

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | relationship with them." |
| | | | | - Asserts that the Court should use equitable powers under § 105 to enforce returned Cure Notices | • It is not up to the Debtors to deviate from the Court's procedures. |
| | | | | - Asserts that the Debtors' Motion to Strike is solely to force Argo to accept payment of the Cure Amounts in Plan Currency which is worth far less than the cash equivalent | • Asserts that neither the Solicitation Procedure Order nor the instructions made clear Debtors intent to reject cure notices by third parties acting as attorney in fact. |
| 25. | 12723 | ASM Capital L.P. and ASM Capital II L.P. (joins with the Contrarian and Argo Objections)* | Schedule 2: Improperly executed notice<br><br>Schedule 3: copy of original<br><br>Schedule 6: untimely notice | - Asserts that the Court should give full meaning and effect to a claims trader's transfer agreement | • ASM is litigating the same issues that were litigated at the hearing on January 10, 2008 before this Court and which were resolved in favor of the Debtors.<br>• The Debtors will not deviate from the procedures approved by this Court. The Solicitation Procedures Order, as well as the Cure Notices state that the original Cure Notices must be returned and that duplicate notices will not be accepted. The Court has the power to establish procedures that include a requirement for submission of originals.<br>• Given the Debtors' duty to comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. <br>• The Solicitation Procedures Order authorized the Debtors to 'remit resolved, uncontested, or adjudicated distributions on account of cure directly to the contract party whose contract is being assumed or assumed and assigned." |
| | | | | - Asserts that Rule 9010 does not render Cure Notices unenforceable because power of attorney need only substantially conform to the official form and that, even if power of attorney is ineffective, objector can remedy by submitting an amended power of attorney | • The Debtors need not take any position with respect to the applicability of Bankruptcy Rule 9010(a) given that none of the Objectors complied with the requirements of the Rule within the timeframe mandated in the Solicitation Procedures Order. |
| | | | | - Asserts that the objector has not interfered with contractual relationship between counterparties and the Debtors | • ASM has interfered with the contractual relationship between counterparties and the Debtors. At the Ad Hoc Motion Hearing, the Court stated that "this is not an instance where the debtor is just being difficult . . . ; but rather would have the debtor change the relationship with its contract parties and get in the middle of [the claims trader's] relationship with them." |
| | | | | - Asserts that the Court can authorize a late filing under Rule 9006 for excusable neglect and under § 105 of the Bankruptcy Code | • It is not up to the Debtors to deviate from the Court's procedures. |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| 26. | 12725 | Federal Screw Works | Schedule 3: copy of original | - Asserts that it only returned copy of the Cure Notice because it did not receive an original until after the submission deadline | • The Cure Notice states that objector can request a Duplicate Original Notice from KCC. However, objector chose to submit copies rather than request Duplicate Original Notices from KCC.<br>• The Debtors will not deviate from the procedures approved by this Court. The Solicitation Procedures Order, as well as the Cure Notices state that the original Cure Notices must be returned and that duplicate notices will not be accepted.<br>• The Court has the power to establish procedures that include a requirement for submission of originals. |
| 27. | 12729 | Linear Technology Corp. | Schedule 6: untimely notice | - Asserts that notice was unreasonable because the envelope was not conspicuously marked as legal mail and was sent at a busy time of the year<br>- Asserts that delay was de minimis and that the Debtors were not prejudiced<br>- Asserts that any delay was the result of excusable neglect such that an extension should be granted under Rule 9006 | • The untimely executed Cure Notices were received by KCC after the Court approved deadline. It is not the Debtors' place to deviate from that deadline. The Debtors will not unilaterally grant exceptions to the Court's Solicitation Procedures Order because of the significant substantive reasons underlying the procedures, but also, and equally important, because of the Debtors' ongoing fiduciary duty to comply with the orders of the Court.<br>• Given the Debtors' duty to |

| | Docket No. | Objecting Party | Debtors' Basis For Striking | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|---|
| | | | | | comply with the Solicitation Procedures Order and the importance of maintaining the integrity of the entire cure process, the Debtors moved to strike this subset of Cure Amount Notices because it is not for the Debtors to grant unilateral exception to the Solicitation Procedures Order. |
| 28. | 12655 | United States Steel Corporation | Schedule 3: copy of original | - Asserts that it is unable to determine which contract or transaction the Cure Notice refers to because the numbers used appear to be Delphi internal numbers<br>- Asserts that USS timely returned the executed original Cure Notice<br>- Objects to the cure amount to the extent the Cure Notice and USS Contract referred to therein relate to any portion of the USS claim | • Objection has been withdrawn (Docket No. 12742) |
| 29. | 12693 | Cataler North America | Schedule 2: improperly executed notice | - Asserts that the Motion is the Debtors' attempt to deny contract counterparties the relief elected in their cure election notices by applying a hyper-technical and incorrect application of the instructions to the Cure Notice and Bankruptcy R. 9010<br>- Asserts that it authorized Joel D. Applebaum, the attorney of record for Cataler, to complete the Cure Notice and submit it to KCC<br>- Asserts that the Solicitation Procedures Order does not state that only contract counterparties can return a Cure Notice and, that by attempting to strike the Cure Notice, the Debtors are short-circuiting the post-effective date objection process | • Objection has been withdrawn (Docket No. 12693) |