**Exhibit 4**

**In re Delphi Corporation, et al.;**
**Case No. 05-44481 (RDD)**

*Notice Of Withdrawal With Respect To The Debtors' Non-Conforming Cure Notice Motion*
*Organized By Respondent*

|    | **Party Name** | **Address** | **Listed Schedule** | **Reason for Withdrawal** |
|----|----------------|-------------|---------------------|---------------------------|
| 1. | Argo Partners as assignee of Pridgeon & Clay Inc | Argo Partners as assignee of Pridgeon & Clay Inc<br>12 West 37th St 9th Fl<br>New York, NY 10018 | • Schedule 1 - Unauthorized Instructions | • This party was mistakenly included on Schedule 1 to the Motion. The Debtors are withdrawing the Motion only with respect to this party only with respect to the basis asserted on Schedule 1. However, the Debtors are not withdrawing the Motion on any other basis asserted on any other Schedules with respect to this party. |
| 2. | Aromat Corp EFT Attn Accts Receivable | Aromat Corp EFT Attn Accts Receivable<br>1050 Wilshire Rd Ste 110<br>Troy, MI 48084 | • Schedule 2 - Improperly Executed Notices | • The signatory originally filled in the 'company name' on the Cure Amount Notice with what appeared to be the name of a third party, "Panasonic Electric Works Corporation of America (f/k/a Aromat Corporation)." The party provided documented support for the name change from 'Aromat Corporation' to 'Panasonic Electric Works Corporation of America.' |
| 3. | Contrarian Funds LLC as assignee of FHBC America | Contrarian Funds LLC as assignee of FHBC America<br>411 West Putnam Ave Ste 225<br>Greenwich, CT 06830 | • Schedule 1 - Unauthorized Instructions | • This party was mistakenly included on Schedule 1 to the Motion. The Debtors are withdrawing the Motion only with respect to this party only with respect to the basis asserted on Schedule 1. However, the Debtors are not withdrawing the Motion on any other basis asserted on any other Schedules with respect to this party. |
| 4. | Cataler North America Corp EFT | Cataler North America Corp EFT<br>2002 Cataler Dr<br>Lincolnton, NC 28092 | • Schedule 2 - Improperly Executed Notices | • The signatory on the Cure Amount Notice provided a signed letter to support that he is the attorney at law for Cataler North America in this case. |

1

| | **Party Name** | **Address** | **Listed Schedule** | **Reason for Withdrawal** |
|---|---|---|---|---|
| 5. | Dupont E I De Nemours Inc | Dupont E I De Nemours Inc<br>Avenida Rangel Frias 5635 B<br>Colonia Del Maestro<br>Monterrey, NL  64180 Mex | • Schedule 2 - Improperly Executed Notices | • DuPont's filed objection provides support (in the form of a declaration from George R. Diaz-Arrastia, the signatory of the Cure Amount Notice) stating that Mr. Diaz-Arrastia is an attorney at law retained by DuPont and authorized to execute and return the Cure Notice on DuPont's behalf. |
| 6. | NEC Electronics Inc EFT Attn Credit Mssc1401 | NEC Electronics Inc EFT Attn Credit Mssc1401<br>2880 Scott Blvd<br>Santa Clara, CA 95050 | • Schedule 2 - Improperly Executed Notices | • NEC provided the Debtors with a signed acknowledgement that the signatory on the Cure Amount Notice, who had noted "authorized attorney" under her signature, was acting as attorney at law for NEC for the purposes of executing and filing the Cure Notice. |
| 7. | NYPro Inc. | NYPro Inc<br>101 Union St<br>Clinton, MA 01510-2908 | • Schedule 2 - Improperly Executed Notices | • NYPro provided an affidavit from the signatory of the Cure Amount Notice supporting that he is the General Counsel of NYPro with authority to execute the Cure Notice on behalf of NYPro. |
| 8. | Okmetic Inc | Okmetic Inc<br>301 Ridgemont Dr<br>Allen, TX 75002 | • Schedule 1 - Unauthorized Instructions | • This party was mistakenly included on Schedule 1 to the Motion.  The Debtors are withdrawing the Motion only with respect to this party only with respect to the basis asserted on Schedule 1.  However, the Debtors are not withdrawing the Motion on any other basis asserted on any other Schedules with respect to this party. |
| 9. | Phillips Plastics Corp | Phillips Plastics Corp<br>1201 Hanley Road<br>Hudson, WI  54016 | • Schedule 2 - Improperly Executed Notices | • This Cure Amount Notice was mistakenly included on the Motion. |
| 10. | Plating Technology Inc EFT | Plating Technology Inc EFT<br>800 Frebis Ave<br>Columbus, OH 43206 | • Schedule 2 - Improperly Executed Notices | • Debtors received confirmation from Plating Technology, Inc. that Kristen Richner of Squires Sanders, the signatory of the Cure Amount Notice who originally signed as "authorized signatory," is its representative counsel in the case. |

2

| | Party Name | Address | Listed Schedule | Reason for Withdrawal |
|---|---|---|---|---|
| 11. | SABIC Innovative Plastics US LLC | SABIC Innovative Plastics Us LLC GE Polymerland One Plastics Ave Pittsfield, MA 01201 | • Schedule 3 - Non-Original Cure Amount Notices | • Pursuant to the Stipulation and Agreed Order Resolving Objection of SABIC Innovative Plastics US LLC to Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection with Sale of Interiors and Closures Business and Related Matters (Docket No. 12610) entered on February 11, 2008, SABIC is to receive their cure payments (as described therein) in cash. |
| 12. | SKF USA, Inc. | SKF USA Inc Hercules Plaza Ste 5100 1313 Market St Po Box 1709 Wilmington, DE 19899-1709 | • Schedule 3 - Non-Original Cure Amount Notices | • The Debtors withdraw the Motion with regard to PO 9OI4765 and PO 9OI2726 in light of negotiations regarding the sale of the Steering and Halfshaft business and the expected resolution of the party's objections to the assumption and assignment of contracts (and related cure amounts) in connection therewith. |
| 13. | United States Steel Corporation | United States Steel Corporation 1509 Muriel St Pittsburgh, PA 15203 | • Schedule 3 - Non-Original Cure Amount Notices | • The Debtors agree with U.S. Steel that the contract listed as being assumed and cured on the Cure Amount Notice was mistakenly included on that notice and was actually an unassumable expired contract. |

3