ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.
and Furukawa Electric North America APD, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re: DELPHI CORPORATION**, *et. al.*,                   :    Chapter 11
                                                            :
        Debtors.      :    Case No. 05-44481 (RDD)
                                                            :    Jointly Administered
------------------------------------------------------------x
**DELPHI CORPORATION**, *et. al.*,                          :
                                                            :
        Debtors       :
                                                            :
v.                                                          :
                                                            :
**FURUKAWA ELECTRIC COMPANY, LTD.,**                        :
**FURUKAWA ELECTRIC NORTH**                                 :
**AMERICA APD, INC.**                                       :
------------------------------------------------------------x

### AFFIDAVIT OF SERVICE

STATE OF GEORGIA     )
                     )
COUNTY OF FULTON     )

    David A. Wender, being duly sworn according to law, deposes and says that he is employed by the law firm of Alston & Bird LLP, attorneys for creditor Furukawa Company Electric, Ltd. and Furukawa Electric North America APD, Inc. in the within captioned matter, and that on February 20, 2008, he caused a copy of the attached **Notice**

  **of Deposition** to be served upon the parties identified on the Service List attached hereto

in the manner indicated.

  FURTHER AFFIANT SAYETH NOT.

/s/ David A. Wender
DAVID A. WENDER

Sworn to and subscribed before me
this 20th day of February, 2008.

/s/ Tedra Ellison
Notary Public

My Commission Expires:
July 19, 2008

## SERVICE LIST
### Delphi Corporation, et al.

A.T. Lippert, Jr., Esq.
CURRIE KENDALL PLC
6024 Eastman Ave.
Midland, MI 48640
(989) 839-0300
*Attorneys for Delphi*


Neil Berger, Esq.
Sean McGrath, Esq.
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
*Attorneys for Delphi*

ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
H. Stephen Harris, Jr. (admitted *pro hac vice*)
Douglas G. Scribner (admitted *pro hac vice*)
B. Parker Miller (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.
and Furukawa Electric North America APD, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re: DELPHI CORPORATION, *et. al.*,                          :   Chapter 11
                                                               :
            Debtors.                                           :   Case No. 05-44481 (RDD)
                                                               :   Jointly Administered
---------------------------------------------------------------x
DELPHI CORPORATION, *et. al.*,                                 :
                                                               :
            Debtors                                            :
                                                               :
v.                                                             :
                                                               :
FURUKAWA ELECTRIC COMPANY, LTD.,                               :
FURUKAWA ELECTRIC NORTH                                        :
AMERICA APD, INC.                                              :
---------------------------------------------------------------x

### NOTICE OF DEPOSITION

Furukawa Electric Company, Ltd. and Furukawa Electric North America APD, Inc. (collectively "Furukawa") will take the oral deposition under oath pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made

applicable to this Adversary Proceeding[1] by Rule 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") under oath, of certain designees of Debtors Delphi Corporation, et al. to be recorded by video and stenographic means in connection with the Adversary Proceeding pending before this Court.

The depositions(s) shall commence at the following date, time and place:

Place:    Currie Kendall PLC
          6024 Eastman Ave.
          Midland, MI 48640
          (989) 839-0300

Date:     March 17-21, 2008

Time:     9:00 a.m. EST

Scope of Examination: Debtors are demanded, pursuant to Bankruptcy Rule 7030 and Civil Rule 30(b)(6), to designate one or more officers, directors and/or representatives with knowledge and information on the topics set forth in the list attached hereto and made a part hereof.

Dated:    Atlanta, Georgia
          February 20, 2008

                                        FURUKAWA ELECTRIC NORTH
                                        AMERICA APD, et al.,
                                        By their Counsel,
                                        ALSTON & BIRD, LLP
                                        By:
                                        /s/ David A. Wender
                                        DAVID A WENDER (*pro hac vice*)

                                        1201 West Peachtree Street
                                        Atlanta, Georgia 30309-3424
                                        (404) 881-7000

---

[1] Pursuant to the Joint Stipulation and Order Regarding Discovery Regarding Objection to Proof of Claim No. 12375 and Related Counterclaim, the adjudication of this action shall "be treated as an adversary proceeding."

## SCOPE OF EXAMINATION/TOPICS PURSUANT TO FED. R. CIV. P. 30(b)(6)

### Definitions

For purposes of the Scope of Examination/Topics listed below, the following terms shall have the following meanings:

"Delphi" shall mean Delphi Corporation, its subsidiaries, affiliates, agents and employees.

"Furukawa" shall mean Furukawa Electric, Ltd. and Furukawa Electric North America APD, Inc., their subsidiaries, affiliates, agents and employees.

"GM" shall mean General Motors Corporation, its subsidiaries, affiliates, agents and employees.

"Sensor" shall mean the torque and position sensor supplied by Furukawa to Delphi that was ultimately incorporated by GM into its Epsilon platform vehicles (including the 2004 Chevrolet Malibu and Maxx), and subjected to a voluntary recall.

"Recall" shall be the voluntary recall initiated by GM in or around December 2004 relating to the subject Sensor, Recall Bulletin No. 04050.

### Scope of Examination/Topics

1. The agreement between Delphi and Furukawa pursuant to which Furukawa designed and manufactured the Sensor, including the negotiation of the agreement, the essential terms and conditions of the agreement, and any amendments and/or modifications to the agreement.

2. The development of the Sensor, including changes made in the design, manufacture, or installation of the Sensor, and Delphi's participation in, or knowledge of, same.

3.  All Supplier Change Request/Reviews ("SCRRs") submitted by Furukawa regarding the design and manufacture of the Sensor, and Delphi's responses to same.

4.  All changes made to the design and manufacture of the Sensor about which Delphi had knowledge, whether or not subject to the SCRR procedure.

5.  Delphi's specifications for the subject Sensor.

6.  Delphi's specification requiring that Furukawa design and manufacture a sensor stator (*i.e.*, exterior) that would accommodate the ultimate development of an absolute sensor (as opposed to a relative sensor).

7.  Delphi's knowledge of Furukawa's use of Low Friction Plating ("Teflon") in the manufacture of the Sensor.

8.  Delphi's participation in the May 17, 2002 meeting with Renault/Nissan regarding the proposed production of an E-Steer Sensor.

9.  All differences (including differences in the design, manufacture and installation) between the subject Sensor and the sensor designed and manufactured by BI Technologies prior to Furukawa's development of the subject Sensor.

10. All differences (including differences in the design, manufacture and installation) between the subject Sensor and the sensor designed and manufactured by BI Technologies after Furukawa developed the subject Sensor.

11. The DFMEA and PFMEA for the subject Sensor.

12. Delphi's determination that a "Sensor Not Seated" is a "Potential Failure Mode," and that the "Potential Effects of [Such] Failure" would be "Loss of Assist," as documented, for example, on page 17 of the May 12, 2006 PFMEA (Tracking No. SES40007), and all analysis accompanying same.

13. Delphi's installation procedures for the subject Sensor and any and all changes made to the installation procedures from the time Furukawa began manufacturing and designing the subject Sensor until the present, including, but not limited to, February 2003 changes to maximum installation load, sensor force, and sensor mechanical load, and changes to press fixture in December of 2003.

14. GM's specifications for Epsilon Steering Column, and specifically, specifications for, or instructions regarding the Sensor.

15. Delphi's pre-production approval process ("PPAP") for the subject Sensor, including any and all testing performed on the subject Sensor prior to initiating mass production.

16. Delphi's contention that Delphi completed PPAP on Furukawa's PV3 sensor as described in Ted Seeger's 8/30/04 letter which describes the PPAP sample as "validated, approved, and released PV3 level parts."

17. Any and all testing performed by Delphi on the subject Sensor at any time.

18. Any and all testing performed on the sensors developed by BI Technologies at any time.

19. Delphi's participation in, observation of, oversight of, or attendance at any testing of the subject Sensor in 2004 at any Furukawa facility.

20. Delphi's decision to terminate its agreement with Furukawa to produce the subject Sensor.

21. Delphi's position regarding the root cause of the Sensor failure.

22. Delphi's position regarding how much electrical noise is sufficient to cause the Sensor to fail.

23. Delphi's refusal to participate in joint testing.

24. Delphi's decision to commission Deringer Ney to perform any analysis for the alleged failures of the subject Sensor, all reports produced by Deringer Ney, and Delphi's analysis of same.

25. Delphi's communications with the National Highway Traffic Safety Administration ("NHTSA") regarding the subject Recall.

26. Delphi's negotiations with GM regarding GM's claim for indemnification relating to all costs and expenses related to the Recall, including any due diligence performed by Delphi, any calculations made by Delphi during the negotiation process, and the basis for those calculations.

27. The terms of any settlement between GM and Delphi relating to any claims made by GM as a result of the subject Recall.

28. The basis of the settlement paid to GM, including any analysis of the actual costs and expenses related to or incurred by Delphi because of the Recall.

29. The actual cost and expenses incurred by GM as a result of the Recall.

30. Delphi's position as to why the Shainin testing and the results of that testing most accurately represent the conditions under which Sensors failed, and accurately diagnose the cause of the failure.