DAY PITNEY LLP
(MAIL TO)  P.O. BOX 1945, MORRISTOWN, NJ  07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
(973) 966-6300
RICHARD M. METH, ESQ. (RM7791)(*ADMITTED PRO HAC VICE*)
AMISH R. DOSHI, ESQ. (AD5996)
- and -
7 Times Square
New York, NY 10036-7311
(212) 297-5800

- and -

ARMSTRONG TEASDALE, LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
DAVID L. GOING, ESQ.

ATTORNEYS FOR SPARTECH CORPORATION AND SPARTECH POLYCOM
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481(RDD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF DANIELLE L. ADLER IN OPPOSITION TO EXPEDITED MOTION TO STRIKE (I) NON-CONFORMING CURE AMOUNT NOTICES AND (II) IMPROPER OBJECTIONS PURSUANT TO SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9010

I, Danielle L. Adler, declare as follows:

1.    I am the Corporate Counsel of Spartech Corporation ("Spartech").  Spartech and certain of its subsidiaries and affiliates, including Spartech Polycom ("Spartech Polycom"), are suppliers to Delphi Corporation and its subsidiaries and affiliates ("Delphi") which are a part of the above-entitled action.

2.      I have worked for Spartech and its subsidiaries and affiliates since August 14, 2006 in the Corporate Counsel capacity.   In this position I handle the management and supervision of all of Spartech's litigation matters, as well as general corporate matters.  As part of this position, and as part of previous positions in private law firm practice and governmental internships, I have and continue to handle time sensitive and important court orders and documents, including the mailing thereof.   As such, I fully understand and appreciate the importance of the accuracy, completeness, and timeliness of these documents.

3.      As part of the above-entitled matter, I received Delphi's Notice to Contract Counterparty with Multiple Address of Transmittal of Cure Amount Notice, the Notice of Cure Amount With Respect To Executory Contract To be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Notice of Cure Amount"), Exhibit A, Schedule 1 and Exhibit B (collectively the "Documents") from a Spartech Polycom location in Lockport, New York on Thursday, January 10, 2008.

4.      Upon receipt of the Documents, I reviewed and filled out the Notice of Cure Amount in accordance with Spartech Polycom's position on the same.  Specifically, in Step 1, I indicated by placing an "x" mark in the appropriate block that we disagreed with the Cure Amount listed in Schedule I.  Additionally, I added the following statement to Step 1 of the form, "Spartech also disagrees with the treatment as a general unsecured claim(s)", as all amounts due Spartech Polycom under the contract at issue are entitled to payment as administrative expenses.

5.      As instructed in the Notice of Cure Amount, due to our disagreement in Step 1, I skipped Step 2 and proceeded to Step 3 and Step 4.

6.      As directed in Step 4 of the Documents, I obtained the signature of Randy C. Martin, the Chief Financial Officer of Spartech Polycom.  I personally walked the documents to

Mr. Martin's office and discussed the nature of the Documents with him. Furthermore, I personally watched Randy C. Martin sign the Notice of Cure Amount.

7.    Upon securing Mr. Martin's original signature, I requested Spartech employee Ms. Patricia Mayer to prepare and address a Fed Ex envelope for delivery to Kurtzman Carson Consultants LLC ("Addressee"), located at 2335 Alaska Avenue, El Segundo, California 90245, Att'n Delphi Cure Claims, as indicated in Step 4.

8.    I then prepared and executed a front page cover letter, dated January 10, 2008, to the Addressee indicated in Paragraph 7 to include with the Documents.

9.    Ms. Mayer physically brought the Fed Ex envelope that she prepared for the Addressee to my office.  At such time, I reviewed the mailing address for accuracy.  I then personally placed the Documents, including the Notice of Cure Amount bearing Mr. Martin's original signature, inside the envelope and sealed it.  For the purpose of clarity, the Documents I put in the Fed Ex envelope included the following: Delphi's Notice to Contract Counterparty with Multiple Address of Transmittal of Cure Amount Notice, the Notice of Cure Amount With Respect To Executory Contract To be Assumed or Assumed and Assigned Under Plan of Reorganization (bearing the original signature of Mr. Martin), Exhibit A, Schedule 1 and Exhibit B, along with my front page cover letter.  Copies of these documents are attached hereto.

10.    Ms. Mayer then physically placed the envelope into the front desk area where Fed Ex normally picked up in the regular course of business.  The priority indicated for this envelope was first delivery overnight.

11.    Ms. Mayer indicated to me on January 11, 2008, that my envelope was received by the Addressee that morning.

12.    Upon receipt of Delphi's Objection to Spartech's Objection to the Documents, I

asked Spartech personnel, Ms. Lynda Harris, to pull the Fed Ex records for the Documents. After review of the same, I verified a second time that the Documents were delivered at 9:16 a.m. on January 11, 2008, at the address indicated.  As per the Fed Ex records, the Documents were delivered at that date and time to the Receptionist/Front Desk and signed for by a T. Lundford.


      I, Danielle L. Adler, do hereby declare under penalty of perjury, pursuant to 28 U.S.C.¶ 1746, that the foregoing is complete, true, and accurate to the best of my knowledge and belief.

Danielle L. Adler
Mo Bar #56775


Subscribed and sworn to before me this 20th day of February, 2008.

Notary Public
My Commission Expires

 **SPARTECH Color & Specialty Compounds** ®

January 10, 2008

Kurtzman Carson Consultants LLC
Attn: Delphi Cure Claims
2335 Alaska Avenue
El Segundo, CA 90245

RE:    **Notice of Cure Amount with Respect to Executory Contract to be Assumed or
       Assumed and Assigned Under Plan of Reorganization**

Dear Administrators:

    Please find enclosed with this correspondence Spartech's Answer to Delphi
Corporation's Cure Notice.

    Should you have any questions, please do not hesitate to contact me at
314.889.8326.

                              Thank You,

                              SPARTECH

                              Danielle Adler
                              Corporate Counsel

Enclosure

*[handwritten: FAX TO Jeff Fischer
from Tom Cahy
1/7/08]*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                             :
     In re                          :     Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :     Case No. 05-44481 (RDD)
                                                             :
             Debtors.     :     (Jointly Administered)
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

*[handwritten: File Misc]*

**NOTICE TO CONTRACT COUNTERPARTY WITH MULTIPLE ADDRESSES
OF TRANSMITTAL OF CURE AMOUNT NOTICE**

      PLEASE TAKE NOTICE that Delphi Corporation, together with certain of its U.S. affiliates (collectively, the "Debtors") have sent an original Notice Of Cure Amount With Respect to Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization (the "Cure Notice"), a copy of which is attached hereto as Exhibit A, to the address listed on Exhibit B hereto.

**There are substantive rights affected by the Cure Notice such as the right to object to the proposed cure amount and the right to be paid any cure amount in cash or the plan currency offered to holders of allowed general unsecured claims under Article 5.3 of the Debtors' plan of reorganization (the "Plan"). If you are the person in your company who should review and respond to this notice, you should immediately inquire at your company as to its whereabouts.**

**As explained on Exhibit A, the _original_ Cure Notice must be completed, executed, and returned so as to be received by Kurtzman Carson Consultants at the address set forth below by 7:00 p.m. (prevailing Eastern time) on January 11, 2008.  Failure to timely respond will result in your contract(s) or lease(s) being assumed or assumed and assigned, and you will be paid the cure amount listed on Schedule 1 to the Cure Notice in the currency offered to holders of allowed general unsecured claims under the Plan.**

      Please note, however, that only _original_ forms will be accepted for purposes of exercising your right to contest the cure amount or make a cure election.  To obtain a duplicate original Cure Notice, you must contact Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Notice Replacement or at (888) 249-2691 to be sent another original Cure Notice. The original Cure Notice sent to the address on Exhibit B will subsequently be voided.

Delphi Legal Information Hotline:      Delphi Legal Information Website:
Toll Free:  (800) 718-5305          http://www.delphidocket.com
International:  (248) 813-2698

Dated:    New York, New York
         December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
      John Wm. Butler, Jr. (JB 4711)
      George N. Panagakis (GP 0770)
      Ron E. Meisler (RM 3026)
      Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and –

      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                        :
In re                                                   :   Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :   Case No. 05-44481 (RDD)
                                                        :
                               Debtors.                 :   (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -   x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT
TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on December 10, 2007 the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order (the "Solicitation Procedures
Order") (Docket No. 11389) (i) approving the disclosure statement (the "Disclosure Statement") with respect
to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and
Debtors-In-Possession (the "Plan"), filed by Delphi Corporation and its affiliated debtors and debtors-in-
possession (the "Debtors") and (ii) authorizing the Debtors to solicit votes on the Plan.

In accordance with the Solicitation Procedures Order, the Debtors hereby provide notice of their
intent to cure ("Cure") and assume or assume and assign the contract(s) listed on Schedule 1 attached hereto
as provided in the Plan and the Disclosure Statement.

> **You must return this form in the envelope provided to Kurtzman Carson Consultants
> LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so
> as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail
> to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and
> assigned, and you will be paid the cure amount listed on Schedule 1 in new common
> stock of reorganized Delphi and rights to participate in the discount rights offering in
> the proportions set forth in the Plan for holders of allowed general unsecured claims.**

The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Schedule 1
(the "Cure Amount"). Please follow the four steps below and sign this notice to ensure that you receive
the Cure to which you are entitled.

Step 1

Please check one of the boxes below:

[ ]        Yes, I agree with the Cure Amount listed on Schedule 1 (complete Step 2 below)

[X]        No, I disagree with the Cure Amount listed on Schedule 1 (skip Step 2 and go to
           Step 3 below) *Spartech also disagrees with the treatment
           as a general unsecured claim(s).*

# Exhibit A

**Step 2**

Review the Plan in its entirety, including Article 5.3 of the Plan governing treatment of general unsecured claims, and check one of the boxes below:

☐ I request payment of my Cure Amount in cash (without postpetition interest) as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date (the "Distribution Date")

☐ I request payment of my Cure Amount on the Distribution Date in the Plan currency afforded General Unsecured Claims, including postpetition interest from the Petition Date through the earlier of the Confirmation Date or January 31, 2008 at the Michigan Statutory Rate (all as defined in the Plan) (skip Step 3 and complete Step 4 below)

**Step 3**

If you checked the box in Step 1 indicating that you disagree with the Cure Amount, or if you checked the box in Step 2 indicating that you want to be paid in cash, you must sign and return this notice so as to be received on or prior to 7:00 p.m. (prevailing Eastern time) on January 11, 2008. You must also file an objection that states with specificity your asserted Cure amount, including appropriate documentation thereof, on or before the 30th day following the effective date of the Plan. If you fail to return this form by January 11, 2008 but timely file and serve an objection in accordance with the procedures outlined below, or vice versa, your objection will not be considered, the Cure Amount asserted by the Debtors will be controlling, you will be paid the Cure Amount in Plan currency in exchange for, among other things, the releases set forth in Article 11 of the Plan, and your contract(s) will be assumed, or assumed and assigned. (continue with Step 3 and also complete Step 4 below)

**Objection Procedures**. Objections to the proposed Cure Amount and/or the assumption or the assumption and assignment of the contract must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Solicitation Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Att'n: Glenn M. Kurtz and Gregory Pryor), (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Att'n: Thomas E. Lauria) and White & Case LLP, 1155 Avenue of the Americas, New

York, New York 10036 (Att'n: John M. Reiss and Gregory Pryor), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received no later than 4:00 p.m.** (prevailing Eastern time) on **the 30th day following the effective date of the Plan** (the "Cure Objection Deadline"). Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.

If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, or assumption and assignment, of the contract(s) or lease(s), the Bankruptcy Court will conduct a hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule, and Cure will occur following the entry of a final order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Debtors shall have the right to reject the contract or lease for a period of five days after entry of a final order establishing a Cure amount in excess of that provided by the Debtors.

**Step 4**

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Cure Claims, so as to be received by 7:00 p.m. (prevailing Eastern time) on January 11, 2008. If you fail to timely return this form, your contract(s) or lease(s) will be assumed, or assumed and assigned, and you will be paid the Cure amount listed on Schedule 1 in new common stock of reorganized Delphi and rights to participate in the discount rights offering in the proportions set forth in Article 5.3 of the Plan.

Company Name: _Spartech Polycom_

By: _Randy C Martin_

Print Name: _Randy C. Martin_

Title: _Chief Financial Officer_

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          December 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
     John Wm. Butler, Jr. (JB 4711)
     George N. Panagakis (GP 0770)
     Ron E. Meisler (RM 3026)
     Nathan Stuart (NS 7872)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

          - and -
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession



# Schedule 1

| Contract(s) to be assumed and/or assigned: | Cure amount: |
|---|---|
| D0550077738 | $0.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# Exhibit B

SPARTECH POLYCOM EFT
470 JOHNSON RD
WASHINGTON PA 15301



CNO1197

RDO14027689

SPARTECH POLYCOM EFT
SPARTECH CORP
4921 IDA PK DR
LOCKPORT NY 14094