McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois  60606
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700

James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444

*Counsel for Temic Automotive of North America, Inc.
and Motorola, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------- X

In re                                                        : Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                : Case No. 05-44481 (RDD)
                                                               :
                      Debtors.                       : (Jointly Administered)
                                                               :

----------------------------------------------- X

**NOTICE OF MOTION OF TEMIC AUTOMOTIVE OF NORTH AMERICA, INC.**
**AND MOTOROLA, INC. FOR ORDER EXTENDING TIME TO**
**ELECT CASH PAYMENT FOR CURE AMOUNT**

PLEASE TAKE NOTICE that Temic Automotive of North America, Inc. and Motorola,

Inc. (together, the "Movants") have filed a Motion for an Order Pursuant to Rule 9006(b)(1) of

the Federal Rules of Bankruptcy Procedure Extending Time to Elect Cash Payment for Cure

Amount (the "Motion").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion

shall be made in writing, with a hard copy to chambers, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of

New York, and shall be filed with the Bankruptcy Court and served upon McDermott Will & Emery LLP, attorneys for the Movants, 340 Madison Avenue, New York, New York 10173-1922, Attention: James M. Sullivan, Esq., so as to be received by no later than **February 25, 2008 at 5:00 p.m. (New York Time).**

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will take place before the Honorable Robert D. Drain on **February 26, 2008 at 10:00 a.m. (New York Time)** at the United States Bankruptcy Court, Alexander Hamilton Custom House, 1 Bowling Green, New York, New York 10004.

Dated: February 22, 2008

Respectfully submitted,

**McDermott Will & Emery LLP**

By: /s/  James M. Sullivan
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York  10173-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

***Counsel for Temic Automotive of North America, Inc. and Motorola, Inc.***

NYK 1147433-3.034764.0216

**Hearing Date and Time: February 26, 2008 at 10:00 a.m.**
**Response Date and Time: February 25, 2008 at 5:00 p.m.**

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for Temic Automotive of North America, Inc.*
*and Motorola, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- X

In re                                       : Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 : Case No. 05-44481 (RDD)
                                            :
              Debtors.                      : (Jointly Administered)
                                            :

------------------------------------------------- X

## MOTION OF TEMIC AUTOMOTIVE OF NORTH AMERICA, INC. AND MOTOROLA, INC. FOR ORDER EXTENDING TIME TO ELECT CASH PAYMENT FOR CURE AMOUNT

Temic Automotive of North America, Inc. ("**Temic**") and Motorola, Inc. ("**Motorola**," and, together with Temic, the "**Movants**"), by and through their undersigned counsel, hereby submit this Motion (the "**Motion**") for an Order Extending Time to Elect Cash Payment for Cure Amount. In support of the Motion, the Movants submit the declaration of Robert J. Patton, Esq., General Counsel, Commercial Legal Affairs, for Temic. A true and correct copy of Robert J. Patton's declaration is attached hereto as Exhibit A (the "**Patton Declaration**").

## Background

1.        On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi Corp.**"),
Delphi Automotive Systems, LLC ("**Delphi Automotive**"), and certain related entities
(collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of
Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court
for the Southern District of New York.    Delphi remains in possession of its property and
continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§
1107(a) and 1108.

2.        Motorola filed claim number 2402 against the Debtors.    Claim number 2402
relates to services performed and goods delivered by Motorola to Delphi pursuant to a certain
"Additional Purchase Order Provisions Long Term Contract" dated March 21, 2001 between
Delphi and Motorola (the "**Agreement**").    According to the Agreement, Delphi agreed to
purchase approximately 100% of its production and service requirements for the Products (as
defined in the Agreement) from Motorola.

3.        After the Debtors filed their voluntary petitions for relief, Motorola sold certain
assets to Temic, which included claim number 2402 and the Agreement.    On August 4, 2006,
Motorola and Temic filed a Notice of Transfer of Claim pursuant to Bankruptcy Rule 3001(e)(2)
and disclosed that Motorola had transferred "all of its right, title, interest, claims and causes of
action in and to, or arising under or in connection with" certain claims filed against Delphi,
including claim number 2402, to Temic.

4.        The Debtors objected to claim number 2402 in the Debtors' Seventeenth Omnibus
Objection To Claims (the "**Seventeenth Objection**").    In objecting to claim number 2402 in the
Seventeenth Objection, the Debtors argued that claim number 2402 should be revised as to the

asserted amount and classification as follows: (a) a priority unsecured claim in the amount of $39,060.00, and (b) a general unsecured claim in the amount of $2,477,036.88, for a total amount of $2,516,096.88.

5.      The Movants timely filed a response to the Seventeenth Objection (the "**Response**").  In the Response, the parties stipulated that the total amount of claim number 2402 should be $2,516,096.88.

6.      On December 10, 2007, this Court entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V) Solicitation Procedures For Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures (the "**Solicitation Procedures Order**"), pursuant to which the Debtors established certain procedures with regard to Plan Cure Notice, as defined below. According to the Solicitation Procedures Order, the deadline for the Movants to file the Plan Cure Notice was January 11, 2008.

7.      On December 10, 2007, the Debtors filed a motion to sell their steering and halfshaft business (the **"Steering Sale Motion"**), pursuant to which the Debtors sought authority to establish certain bidding procedures (the "**Bidding Procedures**") and sell their steering business to Steering Solutions Corporation and certain of its affiliates (collectively, the "**Buyers**") or a successful bidder.  In addition, pursuant to the Steering Sale Motion, the Debtors sought authority to assume and assign certain Pre-Petition Contracts to the Buyers or a successful bidder.

8.       On December 21, 2007, this Court entered an order approving the Bidding

Procedures, including certain forms of notice.

9.       On January 23, 2008, the Debtors filed a Notice of Cure Amount With Respect To

Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of

Steering and Halfshaft Business (the "**Steering Notice**").[1]   A true and correct copy of the

Steering Notice is attached as Exhibit 1 to the Patton Declaration.   According to the Steering

Notice, the Debtors sought to assume and assign a purchase order number SAG90I4704 between

Temic and the Debtors (the "**Purchase Order**").   In the Steering Notice, however, the Debtors

assert that the cure amount with respect to the Purchase Order is $2,255,696.88, or $260,400.00

less than the amount scheduled by the Debtors in the Seventeenth Objection and stipulated to by

the parties.

10.       Section 6 of the Steering Notice provides, in relevant part, that

> In the event, however, that the Selling Debtor Entities emerge from these chapter
> 11 cases (the "Emergence Date") prior to the Closing Date, then the Selling
> Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors'
> plan of reorganization. The Debtors will serve a cure notice in connection with
> contracts being assumed under their plan of reorganization (the "Plan Cure
> Notice"). The Debtors will serve the Plan Cure Notice in a time and manner
> specified under their proposed plan of reorganization. The Plan Cure Notice will
> allow the counterparties to the Pre-Petition Contracts affirmatively to elect to
> receive a cash payment of the Cure Amount or to receive plan currency in
> satisfaction of the Cure Amount as contemplated under the Debtors' proposed
> plan (the "Plan Cure Election Notice"). If the closing of the Sale occurs before the
> Emergence Date, then the Cure Amount will be paid in cash at the closing of the
> Sale or as soon thereafter as practicable. If the closing of the Sale occurs after the
> Emergence Date, then the payment option selected under the Plan Cure Election
> Notice will control.

Steering Notice, ¶ 6.

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Steering Notice.

NYK 1147433-3.034764.0216

11.    On February 5, 2008, the Objectors filed an objection to the Steering Notice (the "**Steering Notice Objection**").  In the Steering Notice Objection, the Objectors argued that the cure amount in connection with claim number 2402 had to be set at $2,516,096.88 and that the Debtors neglected to include a purchase order number 550068913 as part of the assumed contracts.[2]

12.    On February 14, 2008, Temic learned that a Plan Cure Notice had purportedly been served by first class U.S. mail in connection with the assumed contracts.  Temic, however, has **never** received any such Plan Cure Notice.  Upon information and belief, one Plan Cure Notice was purportedly served on a Temic manufacturing plant in Mexico and another was purportedly served upon a small laboratory with no office personnel in Northbrook, Illinois.  It is worth noting that, in addition to the Plan Cure Notice being sent at two wrong addresses, the Steering Notice was only sent to Temic at a third incorrect address where Temic no longer has a facility.  Somehow, the Steering Notice was eventually delivered to Temic's internal counsel in Deer Park, Illinois at Temic's corporate headquarters.

13.    On February 11, 2008, the Debtors filed an Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 (the "**Motion to Strike**").  On February 19, 2008, the Movants filed an objection to the Motion to Strike.  At the hearing on the Motion to Strike, this Court directed the Movants to file this Motion.

---

[2]  The Debtors and Temic are currently reviewing their records to determine whether purchase order number 550068913 is applicable to the steering and halfshaft business or another Delphi product line.  The parties are working together to resolve the Steering Notice Objection.

## Jurisdiction

14.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

15.    By this Motion, the Movants are requesting that the Court enter an order, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, extending the Movants' deadline to elect a cash payment on account of their cure amount and for the Debtors to send Temic a Plan Cure Notice to make such election.

## Basis for Relief

16.    This Court has the authority, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, to enlarge the Movants' time to elect to receive cash for the payment of their cure amount.  Rule 9006(b)(1) provides that

> when an act is required  . . . to be done . . .  within a specified period by . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

17.    In addition, the Supreme Court in *Pioneer Inves. Serv. Co. v. Brunswick Ass. Ltd. Partn.*, 507 U.S. 380 (1993) has explained that the following factors must be considered when evaluating excusable neglect: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the movant acted in good faith.  *See id.* at 395.

NYK 1147433-3.034764.0216

## **Argument**

18.    The Movants file this Motion because they **never** received a Plan Cure Notice in connection with the assumed contracts and, therefore, were never able to choose between receiving a cash payment for the Cure Amount or receiving plan currency in satisfaction of the Cure Amount.  While section 6 of the Steering Notice seems to preserve the Movants' right to receive cash in the event the closing of the Sale occurs before the Emergence Date, it suggests, but does not clearly preserve, such a right in the event the closing of the Sale occurs after the Emergence Date.  Paragraph 6 of the Steering Notice does not refer to the Plan Cure Notice purportedly served upon Temic in connection with the assumed contracts, implying that a new Plan Cure Notice would be served on Temic in the future if the closing of the Sale of the steering business was to occur after Delphi's emergence from Chapter 11.  By this Motion, the Movants seek to elect to receive cash for the Cure Amount whether the closing of the Sale occurs before or after the Emergence Date.

19.    As set forth above, the Movants were only made aware that a Plan Cure Notice had been allegedly sent to them after they received the Steering Notice and only because the Steering Notice was referring to such Plan Cure Notice.  After researching the issue, it came to the attention of the Movants that the Plan Cure Notice was sent to the Movants at two addresses that are not a principal place of business for either Temic or Motorola.  In fact, such addresses are not even one of the Movants' offices that would have legal counsel, company officers, accounts information or personnel to decipher the Plan Cure Notice even if such Plan Cure Notice was received.  The Plan Cure Notice was further addressed solely by company name and not directed to any particular person such as the President or General Counsel.

NYK 1147433-3.034764.0216

20.     The Plan Cure Notice was purportedly sent to (i) Temic Automotive of North

EFT, 4000 Commercial Avenue, Northbrook, Illinois, 60062, USA ("Address 1") and (ii) Temic

Automotive of North EFT 1, Patricio Lote 6, Parq Ind San Carlo, Nogales, SON, 84090, Mexico

("Address 2").   However, Address 1 is the address of one of Temic's small laboratories where

there is no office personnel.   Address 2 is the address of Temic's manufacturing plant in Mexico.

Again, these addresses are not Temic's primary place of business nor where management or the

general counsel reside.   The actual address for Temic's headquarters is 21440 West Lake Cook

Rd., Deer Park, Illinois 60010.   Because Delphi sent the Plan Cure Notice to two obscure Temic

addresses, Temic and Motorola **never** actually received the Plan Cure Notice, and, therefore,

were **never** given a fair opportunity to choose between plan currency or cash in connection with

their Cure Amount.

21.     It is interesting to note that the Steering Notice was only sent to a third wrong

address at 37101 Corporate Dr., Farmington Hills, Michigan 48331, which was an old address

for a Temic office that was closed months ago, rather than at Temic's headquarters or at either of

the two addresses where the Plan Cure Notice was allegedly sent.   This further demonstrates that

the Debtors' database of addresses was inconsistent because the Debtors sent notices to the same

creditor at different addresses.

22.     Based on the foregoing, it is clear that Delphi's database of addresses used to send

the various notices contained incorrect, vague, or stale information which renders Delphi's notice

process grossly flawed.

23.     It is also clear that Delphi never tried to correct its database of addresses to obtain

the right addresses by either notifying or calling either its primary business contact at Temic or

-8-

Temic's outside counsel which has been active in this case resolving claim number 2402 and is widely known by Delphi.

24.    The Debtors' failure to send the various notices to the Movants at the Movants' correct address is all the more incomprehensible because the Debtors have sent correspondence to the Movants at the address of Temic's headquarters at 21440 West Lake Cook Rd., Deer Park, Illinois 60010.  Attached as Exhibit 2 to the Patton Declaration is Delphi's reclamation response addressed to Mr. Robert J. Patton at 21440 West Lake Cook Rd., Deer Park, Illinois 60010, which actually deals with the exact same purchase order being assumed under the Steering Notice.  In addition, several Temic business people that reside in the Deer Park office transact business with Delphi's business people on a regular basis regarding existing contracts and in resolving various claims in this case.  Finally, all billing invoices and payment inquiries are managed and originated through the Deer Park office.  Attached as Exhibit 3 to the Patton Declaration are true and accurate copies of billing invoices on the purchase order in question and another purchase order for Delphi parts.  The contact address for Temic is clearly set forth at the bottom of the invoices utilizing the 21440 West Lake Cook Road, Deer Park address and the Billing Contact sits in Deer Park.

25.    According to section 45 of the Solicitation Procedures Order,[3] the Debtors had an obligation to send the Plan Cure Notice to all addresses known for each counterparty.  Because the address for Temic, as clearly stated on the billing invoices, was the address of Temic's

---

[3] Section 45 of the Solicitation Procedures Order states that "[f]or those counterparties who will receive a Cure Amount Notice for whom the Debtors have multiple addresses for a single contract, the Debtors shall be authorized to transmit, on or before December 21, 2007, a notice, the form of which is attached hereto as Exhibit Q and hereby approved. This notice shall communicate to the counterparty that a Cure Amount Notice has been sent to multiple addresses, which addresses shall be set forth on an exhibit to the notice. Transmission of this proposed notice, as applicable, together with the Cure Amount Notice to addresses in the Debtors' current books and records shall satisfy the Debtors' noticing obligations."

NYK 1147433-3.034764.0216

headquarters, the Debtors cannot deny that they should have sent the Plan Cure Notice at the address of Temic's headquarters.

26.     Because the "reason for the delay" of the Movants to elect plan currency or cash by the deadline was the direct result of the failure of the Debtors to send the Plan Cure Notice at the Movants' correct address, the Movants should be allowed to make their election now.  Based on the fact that Temic and Motorola never received the Plan Cure Notice because Delphi used a flawed notice process, the Movants submit that the time for them to elect payment in cash or plan currency on their Cure Amount should be extended, so that they may elect to receive payment in cash on account of their Cure Amount.

## Notice

27.     Notice of this Motion has been provided to (i) the Debtors, (ii) counsel for the Debtors, (iii) counsel for the agent under the postpetition credit facility, (iv) counsel for the official committee of unsecured creditors, (v) counsel for the official committee of equity security holders, (vi) counsel for A-D Acquisition Holdings, LLC c/o Appaloosa Management L.P., (vii) counsel for Harbinger Del-Auto Investment Company, Ltd., and (viii) the Office of the United States Trustee for the Southern District of New York.  The Movants submit that no other or further notice need be provided.

## Memorandum of Law

28.     This Motion does not raise any novel issues of law.  Accordingly, the Movants respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that Movants file a separate memorandum of law in support of this Motion.

NYK 1147433-3.034764.0216

29.     No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Movants respectfully request that the Court (i) extend the time for Movants to elect payment of cash or plan currency on account of the Cure Amount, (ii) allow the Movants to elect payment of cash on account of the Cure Amount, and (iii) grant Movants such other relief as the Court deems just and proper.

Dated: February 22, 2008

Respectfully submitted,

**McDermott Will & Emery LLP**

By: /s/ James M. Sullivan
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

***Counsel for Temic Automotive of
North America, Inc. and Motorola, Inc.***

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re                                                       : Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 : Case No. 05-44481 (RDD)
                                                            :
             Debtors.                                       : (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## ORDER EXTENDING TIME FOR TEMIC AUTOMOTIVE OF
## NORTH AMERICA, INC. AND MOTOROLA, INC. TO ELECT
## <u>CASH PAYMENT FOR CURE AMOUNT</u>

Upon the Motion dated February 22, 2008 (the "Motion")[1] filed by Temic Automotive of

North America, Inc. ("Temic") and Motorola, Inc. ("Motorola," and, together with Temic, the

"Movants"), for an Order Extending Time to Elect Cash Payment for Cure Amount; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges

of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and the Court having reviewed the

Motion and any papers filed in response thereto; and the Court having heard the statements, if

any, in support of and against the relief requested therein at a hearing before the Court (the

"Hearing"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion.

proceedings had before the Court and after due deliberation and sufficient cause appearing

therefore, it is hereby:

1.    ORDERED that the Movants shall receive payment of the cure amount in cash

whether the closing of the Sale occurs before or after the Emergence Date; and it is further

2.    ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated: _____ ____, 2008
       New York, New York


_____
The Honorable Robert D. Drain
United States Bankruptcy Judge

NYK 1147433-3.034764.0216