2/5 dd?
due?

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)   Brian Fern
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
                               :
   In re                       :   Chapter 11
                               :
DELPHI CORPORATION, et al.,    :   Case No. 05-44481 (RDD)
                               :
              Debtor.          :   (Jointly Administered)
                               :
------------------------------ x

NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

PLEASE TAKE NOTICE THAT:

        1.       Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In



0544481080123000000000028

Connection With Sale Of Steering And Halfshaft Business (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on December 21, 2007, Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement ("Agreement") with Steering Solutions Corporation and certain of its affiliates (the "Buyers") for the sale of substantially all of the assets primarily used in the steering and halfshaft Business of Delphi. The Selling Debtor Entities hereby provide notice (the "Notice") of their intent to assume and assign the prepetition executory contracts or unexpired leases (the "Pre-Petition Contracts") listed on Exhibit 1 hereto to the Buyers or the Successful Bidder, as the case may be. Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bidding Procedures Order or the Agreement.

2.      On the date of the closing of the transactions contemplated by the Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount"). The Selling Debtor Entities' records reflect that all postpetition amounts owing under the Pre-Petition Contracts have been paid and will continue to be paid until the assumption and assignment of the Pre-Petition Contracts and that, other than the Cure Amount, there are no other defaults under the Pre-Petition Contracts.

3.      Objections, if any, to the proposed Cure Amount must (a) be in writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

---

[1] Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC, Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holding), Inc. Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

2

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Ninth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered October 19, 2007 (Docket No. 10661), (e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (f) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (g) be served in hard-copy form <u>so that they are actually received</u> within ten days of ~~service of this Notice by~~ (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyers, Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

4.      If an objection to the Cure Amount is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule. A hearing regarding the Cure Amount, if any, may at the sole discretion of the Selling Debtor Entities take place after the Closing Date.

5.      If no objection is timely received, the Cure Amount set forth in Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Pre-Petition Contract or any other document, and the non-Debtor party to the Pre-Petition Contract will be deemed to have consented to the Cure Amount and will be forever barred from asserting any other claims respecting such Pre-Petition Contract against the Selling Debtor Entities, the Buyers, or the Successful Bidder (as appropriate), or the property of any of them. The failure of any objecting person or entity to timely file its objection will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Selling Debtor Entities' consummation of and performance under the Agreement (including the transfer of the Purchased Assets and the Pre-Petition Contracts free and clear of all Claims and Interests), if authorized by the Court.

6.      In the event, however, that the Selling Debtor Entities emerge from these chapter 11 cases (the "Emergence Date") prior to the Closing Date, then the Selling

4

Debtor entities will assume the Pre-Petition Contracts pursuant to the Debtors' plan of reorganization. The Debtors will serve a cure notice in connection with contracts being assumed under their plan of reorganization (the "Plan Cure Notice"). The Debtors will serve the Plan Cure Notice in a time and manner specified under their proposed plan of reorganization. The Plan Cure Notice will allow the counterparties to the Pre-Petition Contracts affirmatively to elect to receive a cash payment of the Cure Amount or to receive plan currency in satisfaction of the Cure Amount as contemplated under the Debtors' proposed plan (the "Plan Cure Election Notice"). If the closing of the Sale occurs before the Emergence Date, then the Cure Amount will be paid in cash at the closing of the Sale or as soon thereafter as practicable. If the closing of the Sale occurs after the Emergence Date, then the payment option selected under the Plan Cure Election Notice will control.

7.   Prior to the date of the Closing Date, the Selling Debtor Entities may amend their decision with respect to the assumption and assignment of any Pre-Petition Contract and provide a new notice amending the information provided in this notice.

Dated: New York, New York
January 23, 2008

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        By: /s/ John Wm. Butler, Jr.
           John Wm. Butler, Jr. (JB 4711)
           John K. Lyons (JL 4951)
           Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606
        (312) 407-0700

        - and -

        By: /s/ Kayalyn A. Marafioti
           Kayalyn A. Marafioti (KM 9632)
           Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession

# EXHIBIT 1

Motorola Inc
21440 West Lake Cook Rd
Deer Park, IL 60010

| Contract to be assumed: | Cure amount: |
|---|---|
| Non-Disclosure Agreement between Motorola, Inc and Delphi Automotive Systems, Inc dated February 21, 2000 | $0.00 |

# EXHIBIT 1

Motorola Inc
21440 West Lake Cook Rd
Deer Park, IL 60010

| Contract to be assumed: | Cure amount: |
|---|---|
| Proprietary Information Agreement (Mutual) between Motorola, Inc and Delphi Corporation LLC dated April 19, 2002 | $0.00 |

# EXHIBIT 1

TEMIC AUTOMOTIVE OF NORTH EFT
TEMIC AUTOMOTIVE OF NORTH AMERICA I
37101 CORPORATE DR
FARMINGTON HILLS, MI 48331

| Contract to be assumed: | Cure amount: |
|---|---|
| Purchase Order Number(s) SAG90I4704 | $2,255,696.88 |