# Exhibit

# A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

August 30, 2006

Mr. Stanley Straughter
935 Edge Creek Trail
Rochester, NY 14609

Dear Mr. Straughter:

This letter is in reference to the recent inquiry you made to the EEOC National Contact Center.

Please fill out the enclosed questionnaire and return it to the office in the enclosed envelope as soon as possible. The more completely and accurately you fill out this form, the faster and better we can access your complaint.

I urge you to fill out this form as soon as possible because a Charge of Employment Discrimination must be filed within the time limits imposed by law, 300 days from the date of the alleged violation. Completion of this form does not constitute a valid Charge of Employment Discrimination. Once we have received your form, I will contact you if we need more information to complete the charge filing process. (See charge processing information on the enclosed sheet).

If you have any questions or need assistance in filling out this form, please call (716) 551-4441.

Sincerely,

Jennifer A. Carlo
Investigator

Enclosures



# Exhibit B





Elizabeth Cadle
Director

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Buffalo Local Office

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

# NEW CHARGE QUESTIONNAIRE

### Americans with Disabilities Act (ADA)

·This form is affected by the Privacy Act of 1974; see Privacy Act statement on the last page before completing this form.

Your name: **Stanky Straughter**    Date: **9/5/06**
Address: **935 Edge Creek ~ Trail**
City: **Rochester**    State: **NY** Zip: **14609**
Home phone (with area code): **(585) 581-9166**
Work phone (with area code): **(585) 820-7620**
County: **MONROE**    Soc Sec No: _____

Name of employer or organization that discriminated against you:
Name: **Delphi**
Address: **P.O. BOX 92700**

City: **Rochester** State: **NY** Zip: **14692-8800**
Phone (with area code): **(585) 647-7000**

Name of the head of the organization: _____
Title of the head of the organization: _____

Your date of birth: **4/22/77** Age: **29** Sex: **Male**
Race: **Black** National origin: **USA** Religion: ——

What type of business does the employer engage in? **Manufacturing**
Number of employees: 1 to 14__    15 to 100__    101 to 200__    201 to 500__    More than 500 **✓**

Check the factor that you believe caused the harmful action against you:
( ) Race    ( ) Color    ( ) Religion    ( ) Sex
( ) National Origin  ( ) Age  (✓) Disability
( ) Retaliation for having complained about discrimination
(✓) Other (explain): **Was fired for not showing my medical history.**

Provide the name of an individual at a different address who we can contact if we are unable to reach you:
Name: **Candice**    Relationship: **Wife**
Phone: **(585) 258-8014**
Address: **P.O. BOX 19391**

*nt sure*

d.) Does the Respondent have a light duty program?   ( ) Yes   ( ) No

e.) If yes, is this duty limited in any way (i.e. only to person who had on the job injuries, for a limited period of time, for certain categories of employees only)? _____

_____

_____

3.)   Provide the names, addresses and phone numbers of any doctors and/or therapists who have treated you in the past year for this disability. For each, indicate the period of time you were treated by this person:

Dr. Bharat Gupta
Unity Internal Medicine at Cornerstone BLDG 800
2300 Buffalo Road \ Rochester, NY 14624 \(585) 368-6390
[ 7/31/06 - 8/14/06 ]

**Part II**
*Complete all questions which apply to your situation.*

1.   How have you been harmed?   → I WAS FiRED on 8/17/06
     ( ) Not hired (date:_____)   ( ) Not promoted (date: _____)
     ( ) Denied a reasonable accommodation:
        Date you requested an accommodation: __ _____ Date denied: _____
        To whom you made the request: _____
        Why and what type of a reasonable accommodation did you request: _____

        _____
        Name/position title of individual that denied your accommodation: _____

        _____
        Reason given by employer for denial of your accommodation: _____

        _____

2.   Job applied for_____

3.   How did you find out about the opening/vacancy for the position? _____

     _____

4.   When did you find out about the opening/vacancy?_____ _____

5.   How did you apply?   By mail_____   In person_____   By telephone_____

6.   Date you applied: _____

7.   Did you fill out an application?_____

8.   Did you submit a resume?_____

9.   Did you ask to be considered for the job, but not submit anything in writing?_____
     If so, who did you ask?_____

10.  What are the qualifications for the job? Able to stand for long periods of
     time.

5

19. Complete as many of the following questions as apply:
Job title: _LAbrer_____    Date hired: _5|22|06_
Salary: _4.70hr_
Name of immediate supervisor: _Tony Inguagiato_
Supervisor's Title: _Supervisor_
Unit, department or division: _Canisters, B Shift_
Number of employees in department or division: _not sure_
Number of employees with the same job title: _Not sure_

20. Provide the following information for any witnesses who will provide evidence to support your allegations:
Name:_____         Name:_____
Home phone:(   )_____     Home phone:(   )_____
Work phone:(   )_____     Work phone:(   )_____
Address:_____         Address:_____

Nature of the evidence they     Nature of the evidence they
will provide:_____         will provide:_____

21. Describe how, when and which management officials became aware of your disability:
Name: _Tracy Gilmore_____    Job title: _Senior Labor relations Rep._    Date: _8|16|06_
_I gave him a copy of Doctors note._____

Name: _____    Job title: _____    Date: _____

22. Have any of the managers or supervisors for the Respondent made negative comments concerning your disability? If so, provide the name and title of each person making the comments and describe the comments in terms of what was said, when it was said, and identify any witnesses to the comments by name and job title:

_____
_____
_____
_____
_____

23. Have you sought assistance from any other government agency, union, attorney or other source? (✓)Yes    ( ) No
Name of source of assistance: _Labor Union_
Results, if any: _None_

24. Have you filed an EEOC charge in the past? ( )Yes    (✓) No

EEOC00006

September 5, 2006

To Whom it may Concern,

I was terminated on 8/17/06 for not waiving my medical rights. I had a doctor's note for calling in sick on 8/14/06 and 8/15/06. The doctors note explained that I needed to rest for 2 days and that I was seen in the doctor's office on 8/14/06. I was told that the note needed to be verified. In order to do so I would need to sign a waiver allowing the company to have access to my medical records for those 2 days.

I signed the waiver stating in writing that the company could verify my doctor's note and verify my inability to work on the days in question with my physician; but not have my actual medical condition released. I was fired immediately because I would not release my personal medical information to the company, not because they couldn't verify my doctor's note. This appears to fall under FMLA and Wrongful termination.

Included with this letter is a copy of the waiver that I signed and gave to the company, a copy of the doctor's note I gave them and my discharge paper which was given to me immediately, after I refused to give the company access to my medical information.

Sincerely,

Stanley N. Straughter

RECEIVED

0 6 SEP 2006

E.E.O.C. BULO

# DELPHI

Delphi Corporation
P.O. Box 92700
Rochester, New York 14692-8800
(585) 647-7000 Phone

## AUTHORIZATION FOR INFORMATION RELEASE

Date: 5/17/06          SSN: 1779          Date of Birth: 4/22/77

I, Stanley Stranghter _____ (Print Name), declare that I am the patient /
employee, and I authorize the release of following information:

| | |
|---|---|
| ☐ Lab Results: _____ | ☐ History and Physical Exam |
| ☐ EKG/ Echo/Stress Test Results | ☐ Progress Notes Since: _____ |
| ☐ X-Ray results | ☐ Work Restrictions |
| ☐ MRI / CT Results | ☑ Other: To verify Doctors note for 3/14/06 + 3/15/06 |
| ☐ NCS / EMG | ☑ Other: And verify patients inability to work on those days, not releasing actual medical condition |

| ☐ **From**    ☒ **To** | ☒ **From**    ☐ **To** |
|---|---|
| ☑ **Anthony S. Alaimo, M.D.**<br>  **Plant Medical Director**   (585)647-7095 Phone<br>                              **(585)647-7426 Fax** | Name: Unity Internal Medicine |
| ☐ **Linda L. Clark, M.D., M.S**<br>  **Plant Physician.**   (585)647-7095 Phone<br>                        or 7600 Phone | Address: 2300 Buffalo Rd. B-370 |
| ☐ Labor Relations-Delphi Automotive<br>  P.O. Box 92700   **(585)647-7179 Fax**<br>  Rochester, New York 14692-8800 | City: Rochester  State: NY  Zip: 14624 |
| ☐ **Tom Redmond**   (585)647-7640 Phone<br>  **Sr. Labor Rep** | Phone: (585) 368-6360 Fax: _____ |
| ☐ **Tracy Gilmore**   (585)647-7585 Phone<br>  **Sr. Labor Rep** | |
| ☑ **Renee' Kunego**   (585)647-7582 Phone<br>  **HR Specialist** | |
| ☐ **Carlton Smith**   (585)647-7586 Phone<br>  **Supervisor, Employee Relations** | |

The information is to assist the above employee in validating absences from work due to illness or injury.
☐ Other: _____

> *I understand that my records are protected under the federal regulations governing confidentiality, and certain state regulations. My
> records cannot be disclosed without my written consent unless otherwise provided for in the regulations. Further release of information is
> prohibited. I may revoke this consent in writing at any time, except to the extent that it has already been acted upon.*

This consent shall remain in effect for one year, or until the following date: _____
Otherwise, it can be revoked in writing.

_____          3/17/06
Signature of Patient / Employee                        Date

_____          _____
Witness Signature (For Psychiatric or Drug / Alcohol Records)      Date

Medical release for dr&lr.Delphi.doc

EEOC00008

UNITY INTERNAL MEDICINE AT CORNERSTONE
2300 BUFFALO RD                    BLDG 800
ROCHESTER, NY 14624
(585) 368-6370

DATE:   08/14/06

PATIENT:   STRAUGHTER, STANLEY

-CHECK ALL THAT APPLY-

[X] HE OR SHE WAS SEEN AT OUR OFFICE ON: 08/14/06          BY: GUPTA, MD BHARAT

[  ] IS RELEASED TO WORK/SCHOOL ON _____ WITHOUT ANY RESTRICTIONS

[  ] IS UNABLE TO RETURN TO WORK/SCHOOL DUE TO: _____

[  ] IS PREGNANT AND ESTIMATED DATE OF CONFINEMENT IS _____

[  ] IS IN GOOD HEALTH

[  ] IS SCHEDULED FOR SURGERY ON _____ AND PT MAY RETURN TO WORK/SCHOOL AFTER _____ WEEKS

[X] WILL BE OUT OF WORK/SCHOOL AS OF _8/14/06_ AND WILL BE ABLE TO RETURN AS OF _8/16/06_

[  ] RESTRICTIONS - OTHER NOTES

_Patient is to rest for 2 days._

_____

_____

SIGNED:   _Bharat B Gupta_____

UNITY HEALTH SYSTEM - PARK RIDGE HOSPITAL

Printed by:   SMERRITT

EEOC00009

# NOTICE OF DISCIPLINARY ACTION

**EMPLOYEE:** _Stanley Straight_ **CLOCK #:** _____

**SOCIAL SECURITY #** ███████████ **SHIFT:** _2_

## THE FOLLOWING DISCIPLINARY ACTION

☐ **WRITTEN REPRIMAND**    ☐ **SUSPENSION**    ☐ **DISCIPLINARY LAYOFF**    ☑ **DISCHARGE**

**IS ASSESSED AND ENTERED ON YOUR RECORD FOR THE REASON(S) NOTED BELOW:**
VIOLATION/MISCONDUCT -

**SPECIAL ATTENDANCE PROCEDURE?  YES ☐ OR NO ☑**

**VIOLATION & SHOP RULE #** _____

**DETAILS OF VIOLATION/MISCONDUCT -** _Unsatisfactory frequency of attendance_

**ACTION** _Discharge_ **EFFECTIVE DATE:** _5/17/06_

**RETURN TO WORK DATE & TIME:** _____

**BADGE SUSPENDED/TAKEN:YES ☐ NO☐**   _____

**MANAGEMENT SIGNATURE - DATE - TIME**

**NOTICE TO EMPLOYEE:**   IN ACCORDANCE WITH PARAGRAPH 76 OF THE GM-UAW NATIONAL AGREEMENT, YOU HAVE THE RIGHT TO UNION REPRESENTATION IN THIS MATTER UPON REQUEST.

## ACKNOWLEDGMENT OF RECEIPT OF NOTICE

**EMPLOYEE:** _____ **DATE:** _____ **TIME:** _____

**UNION REPRESENTATIVE:** _____ **DATE:** _____ **TIME:** _____

**LABOR RELATIONS - WHITE       EMPLOYEE  YELLOW       UNION REPRESENTATIVE - PINK       FILE COPY - GOLD**

# Exhibit

# C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

September 13, 2006

Mr. Stanley Straughter
935 Edge Creek Trail
Rochester, NY 14609

        Re:    Delphi Automotive

Dear Mr. Straughter:

Attached are five copies of a Charge of Discrimination which I drafted from the information you provided to our office. Please:

1.    Review the charge forms and make any corrections.

2.    Sign the charge forms in front of a **Notary Public** in the blocks where I have made an X.

3.    Return the signed charge forms to this office in the enclosed postage-paid envelope.

I urge you to complete these three steps as soon as possible. Please be aware, in order to have a valid Charge of Discrimination, you must return your signed and notarized Charge forms. If we do not receive your signed, notarized Charge Forms within sixty (60) days, your inquiry will be deleted. Should you have any questions, please call me at (716) 551-4441.

                        Sincerely,

                        Jennifer A. Carlo
                        Investigator

Enclosures:    Charge of Discrimination (5 copies)
               Return, postage-paid envelope



EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 525-2006-01314 |

| | |
|---|---|
| New York State Division Of Human Rights | and EEOC |
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Stanley Straughter | (585) 581-9166 | 04-22-1977 |

| Street Address | City, State and ZIP Code |
|---|---|
| 935 Edge Creek Trail, Rochester, NY 14609 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DELPHI CORP | 500 or More | (585) 647-7000 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 92700, Rochester, NY 14692 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-17-2006**    Latest **08-17-2006**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with the above named Respondent on May 22, 2006.

I had a medical procedure which required me to be off work on August 14, 2006 and August 15, 2006. Upon my return to work, I submitted a medical excuse from my doctor. The Respondent asked me to sign a full medical release. I questioned the release because I felt it exceed the permissible scope of medical inquiry for missing two days of work. Under information and belief, the Respondent has a policy of requiring full medical releases from employees when they are out sick. I signed the release, but limited it so that the Respondent could verify the days off and verify that it was due to a medical condition, but not to release my specific condition.

The Respondent then gave me a revised medical release, with language giving them full access to my medical information, but limited only to April 14, 2006 and April 15, 2006. I refused to sign the release and complained that I felt the inquiry was unlawful. I was immediately terminated on August 17, 2006, in retaliation for opposing an unlawful inquiry under the ADA.

I believe the Respondent has a policy and/or practice of making unlawful medical inquiries when employees are out sick, and I was terminated for opposing the unlawful medical inquiry, in violation of Title I of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | X SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____  _____ Date    Charging Party Signature | **COPY** |

# Exhibit D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

September 18, 2006

Mr. Stanley Straughter
935 Edge Creek Trail
Rochester, NY 14609

    Re:   Delphi Automotive

Dear Mr. Straughter:

Attached are five new copies of a Charge of Discrimination with the corrections we discussed. Please:

1.    Review the charge forms and make any corrections.

2.    Sign the charge forms in front of a **Notary Public** in the blocks where I have made an X.

3.    Return the signed charge forms to this office in the enclosed postage-paid envelope.

I urge you to complete these three steps as soon as possible. Please be aware, in order to have a valid Charge of Discrimination, you must return your signed and notarized Charge forms. If we do not receive your signed, notarized Charge Forms within sixty (60) days, your inquiry will be deleted. Should you have any questions, please call me at (716) 551-4441.

Sincerely,

Jennifer A. Carlo
Investigator

Enclosures:    Charge of Discrimination (5 copies)
              Return, postage-paid envelope



EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 525-2006-01314 |

**New York State Division Of Human Rights** and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Stanley Straughter** | **(585) 581-9166** | **04-22-1977** |

| Street Address | City, State and ZIP Code |
|---|---|
| **935 Edge Creek Trail, Rochester, NY 14609** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **DELPHI CORP** | **500 or More** | **(585) 647-7000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 92700, Rochester, NY 14692** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN

☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☒ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **08-17-2006** | **08-17-2006** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with the above named Respondent on May 22, 2006.

On August 14, 2006 and August 15, 2006, I was out of work per my doctor's instructions. Upon my return to work, I submitted a medical excuse from my doctor. The Respondent asked me to sign a full medical release. I questioned the release because I felt it exceed the permissible scope of medical inquiry for missing two days of work. Under information and belief, the Respondent has a policy of requiring full medical releases from employees when they are out sick. I signed the release, but limited it so that the Respondent could verify the days off and verify that it was due to a medical condition, but not to release my specific condition.

The Respondent then gave me a revised medical release, with language giving them full access to my medical information, but limited only to August 14, 2006 and August 15, 2006. I refused to sign the release and complained that I felt the inquiry was unlawful. I was immediately terminated on August 17, 2006, in retaliation for opposing an unlawful inquiry under the ADA.

I believe the Respondent has a policy and/or practice of making unlawful medical inquiries when employees are out sick, and I was terminated for opposing the unlawful medical inquiry, in violation of Title I of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | X |
| COPY | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| Date | Charging Party Signature |
|---|---|

# Exhibit

# E

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 525-2006-01314 |

| New York State Division Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Stanley Straughter** | **(585) 581-9166** | **04-22-1977** |

Street Address                                                    City, State and ZIP Code

**935 Edge Creek Trail, Rochester, NY 14609**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **DELPHI CORP** | **500 or More** | **(585) 647-7000** |

Street Address                                                    City, State and ZIP Code

**P.O. Box 92700, Rochester, NY 14692**

RECEIVED
2 2 SEP 2006
E.E.O.C. BULO

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                                                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☒ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE |  |
|---|---|
| Earliest | Latest |
| **08-17-2006** | **08-17-2006** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(if additional paper is needed, attach extra sheet(s)).*

I began employment with the above named Respondent on May 22, 2006.

On August 14, 2006 and August 15, 2006, I was out of work per my doctor's instructions. Upon my return to work, I submitted a medical excuse from my doctor. The Respondent asked me to sign a full medical release. I questioned the release because I felt it exceed the permissible scope of medical inquiry for missing two days of work. Under information and belief, the Respondent has a policy of requiring full medical releases from employees when they are out sick. I signed the release, but limited it so that the Respondent could verify the days off and verify that it was due to a medical condition, but not to release my specific condition.

The Respondent then gave me a revised medical release, with language giving them full access to my medical information, but limited only to August 14, 2006 and August 15, 2006. I refused to sign the release and complained that I felt the inquiry was unlawful. I was immediately terminated on August 17, 2006, in retaliation for opposing an unlawful inquiry under the ADA.

I believe the Respondent has a policy and/or practice of making unlawful medical inquiries when employees are out sick, and I was terminated for opposing the unlawful medical inquiry, in violation of Title I of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

9/20/06
Date        Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*  September, 2006

Linda M. Schmitt

LINDA M. SCHMITT
Notary Public, State of New York
No. 01SC6060692
Qualified in Monroe County
Commission Expires July 7, 20[ ]

EEOC00023

CP Enclosure with EEOC Form 5 (5/01)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# Exhibit

# F



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Jeff Patterson, Esq.
Delphi Automotive
5825 Delphi Drive
World Headquarters & Customer Center
Troy, MI 48098

**Date Information Due: October 23, 2006**

Re:   EEOC Charge No.: 525-2006-01314
      Stanley Straughter v. Delphi Corp.

Dear Mr. Patterson:

Enclosed is a charge of employment discrimination which has been filed with this agency against your organization.   It is our purpose to resolve this case either through a settlement which is mutually agreeable to the parties or by rendering a determination on the merits.

In order to begin our investigation we will initially need your responses to the items listed below. If you have any questions regarding these items please call me at 716-551-4441.  Please be advised that we may seek additional evidence regarding the allegations in the charge, as well as any evidence relating to other possible violations that may come to light during the course of our investigation.

Should you wish to consider a resolution by mutually agreed to settlement, either now or in the future, we would be happy to discuss it with you.  In the meantime please submit the following by October 23, 2006, and number your responses to correspond to the items of this request.

1.   Provide the name, title, address and telephone number of the individual who will be responding to this and future inquiries.

2.   Indicate the number of employees presently employed by Respondent .  Provide the legal name of Respondent  and any parent organizations.  Also, indicate whether Respondent is a federal contractor regulated by the Office of Federal Contract Compliance Programs.

3.   Provide the reason(s) for taking the action(s) which the Charging Party has complained about, together with relevant records, documents and statements which substantiate these reason(s).

4.   Produce the personnel records, disciplinary records, promotional records, applicant records, interview assessment forms, medical records and evaluations for the Charging Party.

5.  Provide the name, job title and contact information for any and all individuals who work or worked for Respondent who have information regarding Charging Party's employment and/or Charge.

6.  Produce a copy of your organization's policy or practice with respect to requesting employees to sign medical releases, including a copy of any releases employees have been required to sign and under what circumstances employees are required to sign a medical release. Also identify the name and address of every facility that uses such releases.

7.  Provide a copy of any and all medical releases the Charging Party was asked to sign, including any and all drafts.

8.  Provide a copy of any union contract, if applicable, governing the Charging Party's terms and conditions of employment in effect at any time between 1/1/05 and the present.

9.  Provide documentation which evidences or explains the following for any and all individuals asked to sign medical releases at any time between 1/1/05 and the present:

    a.  Full name;
    b.  Job title, department, unit and facility location;
    c.  Most recent home address and telephone number;
    d.  Copy of the release; and
    e.  If no longer employed, give reason no longer employed and date last employed.

10. Provide documentation which evidences or explains the following for any and all individuals who refused to sign a medical release at any time between 1/1/05 and the present:

    a.  Full name;
    b.  Job title, department, unit and facility location;
    c.  Most recent home address and telephone number;
    d.  Copy of the release;
    e.  Did the employee suffer any adverse consequence as a result of refusing to sign the release? If so, explain.
    f.  If no longer employed, give reason no longer employed and date last employed.

11. Provide a position description for a Laborer position.

Whenever possible, responses should be provided in the form of documents which are kept by your organization in the normal course of business.

Sincerely,

Jennifer A. Carlo
Investigator

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| **DELPHI CORP**<br>P.O. Box 92700<br>Rochester, NY 14692 | **PERSON FILING CHARGE**<br><br>**Stanley Straughter** |

**THIS PERSON** *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**525-2006-01314**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act          [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act          [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **23-OCT-06** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **23-OCT-06** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
   to
   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Jennifer Carlo,
Investigator

*EEOC Representative*

*Telephone* **(716) 551-4441**

**Buffalo Local Office - 525**
**6 Fountain Plaza**
**Suite 350**
**Buffalo, NY 14202**

Enclosure(s): [X] Copy of Charge

| CIRCUMSTANCES OF ALLEGED DISCRIMINATION |
|---|
| [ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [X] RETALIATION   [X] OTHER |

**See enclosed copy of charge of discrimination.**

| Date<br><br>October 02, 2006 | Name / Title of Authorized Official<br><br>**Elizabeth Cadle,**<br>**Director** | Signature |

EEOC00021

Enclosure with EEQC
Form 131 (5/01)

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 525-2006-01314 |

| New York State Division Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Stanley Straughter** | **(585) 581-9166** | **04-22-1977** |

Street Address                    City, State and ZIP Code

**935 Edge Creek Trail, Rochester, NY 14609**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **DELPHI CORP** | **500 or More** | **(585) 647-7000** |

Street Address                    City, State and ZIP Code

**P.O. Box 92700, Rochester, NY 14692**

RECEIVED
2 2 SEP 2006
E.E.O.C. BUL0

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

Street Address                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☐ DISABILITY | ☒ OTHER *(Specify below.)* | |

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 08-17-2006 | 08-17-2006 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with the above named Respondent on May 22, 2006.

On August 14, 2006 and August 15, 2006, I was out of work per my doctor's instructions. Upon my return to work, I submitted a medical excuse from my doctor. The Respondent asked me to sign a full medical release. I questioned the release because I felt it exceed the permissible scope of medical inquiry for missing two days of work. Under information and belief, the Respondent has a policy of requiring full medical releases from employees when they are out sick. I signed the release, but limited it so that the Respondent could verify the days off and verify that it was due to a medical condition, but not to release my specific condition.

The Respondent then gave me a revised medical release, with language giving them full access to my medical information, but limited only to August 14, 2006 and August 15, 2006. I refused to sign the release and complained that I felt the inquiry was unlawful. I was immediately terminated on August 17, 2006, in retaliation for opposing an unlawful inquiry under the ADA.

I believe the Respondent has a policy and/or practice of making unlawful medical inquiries when employees are out sick, and I was terminated for opposing the unlawful medical inquiry, in violation of Title I of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT X ~~~~ |
| 9/20/06 _____ _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 9/20/06 *(month, day, year)* |
| Date          Charging Party Signature | Linda N. Schmitt |

LINDA M. SCHMITT
Notary Public, State of New York
Reg. No. 01SC6095202
Qualified in Monroe County
Commission Exp EEOC00025

CP Enclosure with EEOC Form 5 (5/01)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3.  **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC00026

# Exhibit G

# DELPHI

October 17, 2006

**RECEIVED**

**2 0 OCT 2006**

**E.E.O.C. BULO**

**VIA FIRST CLASS MAIL**

Jennifer Carlo
Investigator
U.S. Equal Employment Opportunity Commission
Buffalo Local Office – 525
6 Fountain Plaza
Suite 350
Buffalo, NY 14202

> **Re:** **Stanley Straughter v. Delphi Corp.**
> **EEOC Charge No. 525-2006-01314**

Dear Ms. Carlo:

Per our phone conversation this afternoon, this letter shall serve to confirm the extension you have granted Delphi for filing its Position Statement in the above-cited matter. The Position Statement is now due November 6, 2006. Thank you for your cooperation in this matter.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Charlotte Garry Carne
Attorney

Delphi Legal Staff  MC: 480-410-144  5825 Delphi Drive  Troy, Mi 48098  Tel: [1] 248.813.2236  Fax: [1] 248.813.1466  E-mail: charlotte.g.carne@delphi.com

EEOC00029

# Exhibit H

# DELPHI

Date:     November 16, 2006

**To:**    **Jennifer Carlo**          **Fax:**    **716-551-4387**

From:     Jeff Peterson          Fax:       248-813-1466
                                  Phone:     248-813-1460

## Subject: **Straughter v. Delphi (525-2006-01314)**

No. of pages including cover sheet: 9

Problems with the receipt of this transmission, contact Denise LaPlante at 248-813-1471

☐ Urgent          ☐ For Review          ☐ Please Reply

The information contained in this facsimile message is confidential information intended only for
the use of the individual or entity named above, and may be privileged. If the reader of this
message is not the intended recipient or the employee or agent responsible to deliver it to the
intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error, please
immediately notify us by telephone and delete the original message. Thank you.

Delphi Legal Staff  MC: 480-410-144  5825 Delphi Drive  Troy, MI 48098



November 6, 2006

<u>**Via Facsimile and U.S. Mail**</u>

Jennifer Carlo
Investigator
U.S. Equal Employment Opportunity Commission
6 Fountain Plaza, Suite 350
Buffalo, NY 14202

> **Re:** **Stanley Straughter v. Delphi Corp.**
> **EEOC Charge No. 525-2006-01314**

Dear Ms. Carlo:

This letter shall serve as the position statement for Delphi Corp. ("Delphi") in response to the Charge of Discrimination ("Charge") filed by Charging Party Stanley Straughter ("Charging Party").

Charging Party Straughter alleges that Delphi violated the Americans with Disabilities Act ("ADA") and engaged in retaliation when it discharged him after he refused to sign Delphi's standard Medical Release Authorization to verify two of the Charging Party's absences. As set forth more fully below, the Charging Party cannot establish a prima facie case of retaliation or violation of the ADA. Per the Equal Employment Opportunity Commission's guidance on the ADA, an employer is entitled to know why an employee is requesting sick leave, and may ask for a doctor's explanation, as long as it has a policy or practice of requiring the same for all employees. See http://www.eeoc.gov/docs/guidance-inquiries.html. As such, Delphi's request for the Charging Party to sign a written authorization was valid, and his refusal to do so, reasonable grounds for discharge. Thus, this Charge is without merit, and should be dismissed.

## FACTUAL BACKGROUND

The Delphi facility in Rochester, New York is primarily a manufacturing facility. Charging Party Straughter was a temporary hourly employee at this facility for less than three months. (See Exhibit A, Delphi Employee Personnel History for Straughter).

The Charging Party was absent from work on August 14, 2006 and August 15, 2006. Upon his return to work, he submitted a doctor's note. (See Exhibit B, Doctor's Note from Bharat B. Gupta, MD). Per Delphi's policy, all doctor's notes are verified in order to confirm that notes are authentic, and that the employee did, in fact, have a condition that rendered him or her unable to work on the date(s) in question. (See Exhibit C, Memo from Tracy C. Gilmore to Larry Creswell). Thus, on August 16, 2006, Tracy Gilmore, Senior Labor Relations Representative for the Rochester facility, presented the Charging Party with a copy of Delphi's standard Medical Release Authorization. (See Exhibit D, 8/16/06 Authorization for Information Release). The Charging Party refused to sign the Authorization. Gilmore asked a Union Committeeperson discuss the form with the Charging Party, and inform him of Delphi's policy of verifying doctor's notes. Despite the counseling by the Union Committeeperson, the Charging Party still refused to sign the Authorization. Instead, the

EEOC00040

Charging Party requested that he be given a day to review the Authorization. Gilmore granted this request. (See Exhibit C).

On August 17, 2006, Gilmore met with the Charging Party again. At that meeting, the Charging Party submitted his own authorization form. (See Exhibit E, 8/17/06 Authorization for Information Release submitted by the Charging Party). Gilmore informed the Charging Party that his authorization was not consistent with Delphi's authorization, and that his language would not allow the plant doctor to understand exactly *why* the employee was out of work. The Charging Party was given another opportunity to consent to Delphi's standard Authorization, but he still refused. (See Exhibit C).

Consequently, the Charging Party was separated from employment. Because the Charging Party was a temporary employee, Management did not have to show cause for termination under the collective bargaining agreement. Thus, he was simply separated. (See Exhibit C).

## LEGAL ANALYSIS

Charging Party alleges that Delphi violated the ADA and engaged in retaliation when it discharged him on August 17, 2006. As set forth more fully below, this allegation is without merit.

The EEOC's Enforcement Guidance on Disability-Related Inquiries and Medical Examinations contains the following question and answer:

> May an employer request an employee to provide a doctor's note *or other explanation* to substantiate his/her use of sick leave?
>
> Yes. *An employer is entitled to know why an employee is requesting sick leave.* An employer, therefore, may ask an employee to justify his/her use of sick leave by providing a doctor's note *or other explanation*, as long as it has a policy or practice of requiring all employees, with and without disabilities, to do so.

See http://www.eeoc.gov/docs/guidance-inquiries.html (emphasis added).

Applying this guidance to Delphi's policy of verifying doctor's notes, Delphi was well within the constraints of the ADA when it requested the Charging Party to sign its standard Authorization to verify his doctor's note. Delphi simply asked for "medical information regarding absence from work on 8/14 and 8/15 to verify note." (See Exhibit D). Thus, contrary to the Charging Party's accusations in his Charge, Delphi did not require the Charging Party to give a full medical release. Delphi was simply requesting information to verify the Charging Party's absence on two days – August 14, 2006 and August 15, 2006. Moreover, Delphi does not seek detailed information about the employee's condition – it simply requires enough information to verify that the employee was, in fact, absent for a reason that rendered him or her unable to work.

Because Delphi requires this of all employees, it was within the EEOC's guidelines regarding these types of inquiries. The Charging Party's own personal authorization, however, did not allow Delphi to verify the absences because he did not allow his physician to release *any* information about his medical condition on August 14, 2006 and August 15, 2006. (See Exhibit E). Thus, contrary to the EEOC's guidance, the Charging Party's authorization would not have allowed Delphi to determine

November 16, 2006
Page 3 of 3

*why* the Charging Party requested sick leave.   See http://www.eeoc.gov/docs/guidance-inquiries.html.

In short, the Charging Party was not discharged in retaliation, but for failure to comply with Delphi's standard policy regarding absences. This standard policy did not, in any way, violate the ADA. Most importantly, the Charging Party's refusal to comply with Delphi's policy was clearly a legitimate, non-retaliatory, non-discriminatory reason for termination. Therefore, this Charge must be dismissed.

## CONCLUSION

Delphi is unaware of any facts or circumstances that would give rise to a claim of retaliation or violation of the ADA in this matter. As such, a prompt dismissal of this Charge is warranted.

Should you have any questions, or require further information, please do not hesitate to contact me.

Very truly yours,

Jeffery M. Peterson
Attorney

**Delphi**
Dept VZBLNK

**Delphi Employee Personnel Area History Screen**

Date: 11/02/2
Time: 14:50:4

PERSONNEL NUMBER : 07061682
PERSONNEL NAME : 3953 Rochester

EMPLOYEE NAME : STANLEY N STRAUGHTER
PHONE NUMBER : (585) 581-9166
SOCIAL SECURITY #: 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

ADDRESS : 2129 EAST AVE. APT D
ROCHESTER NY 14610

| Pers Area | Code | Reason for Action Description | Action Eff. Date | Position | Dept | Occp | Basic Pay | Pay Lvl | Grp | Shift | Delphi Plant Plant | Supervisor | Seniority Date Seniority Name | Job Bank Code | Job Bank Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5953 | HD05 | Disch-Unsat Temp Employee | 08/17/2006 | 53014740 | 1037 | 02C | 14.00 | 02 | | 2 | 037D | | | | |
| 5953 | HT48 T48 | Local Stmnt of Policy 3 | 05/22/2006 | 53014740 | 1037 | 02C | 14.00 | 02 | | 2 | 037D | | | | |
| 5951 | HE17 H17 | Hourly Temp Hire | 05/22/2005 | 53014740 | 1037 | 02C | 14.00 | 02 | | 2 | 037D | | | | |

**Delphi**
TCODE : ZUHSBR

Confidential
Page No:

EEOC00043

FEB 02 1996 21:55

PAGE.03

UNITY INTERNAL MEDICINE AT CORNERSTONE
2300 BUFFALO RD                    BLDG 800
ROCHESTER, NY 14624
(585) 368-5370

DATE:   08/14/06

PATIENT:   STRAUGHTER, STANLEY

-CHECK ALL THAT APPLY-

[X] HE OR SHE WAS SEEN AT OUR OFFICE ON: 08/14/06          BY: GUPTA, MD BHARAT

[ ] IS RELEASED TO WORK/SCHOOL ON _____ WITHOUT ANY RESTRICTIONS

[ ] IS UNABLE TO RETURN TO WORK/SCHOOL DUE TO: _____

[ ] IS PREGNANT AND ESTIMATED DATE OF CONFINEMENT IS _____

[ ] IS IN GOOD HEALTH

[ ] IS SCHEDULED FOR SURGERY ON _____ AND PT MAY RETURN TO WORK/SCHOOL AFTER _____ WEEKS

[X] WILL BE OUT OF WORK/SCHOOL AS OF  _8/14/06_ AND WILL BE ABLE TO RETURN AS OF _8/16/06_

[ ] RESTRICTIONS - OTHER NOTES

*Patient is to rest for 2 days*

_____

_____

SIGNED:   _Bharat B Gupta_

UNITY HEALTH SYSTEM - PARK RIDGE HOSPITAL

Printed by:   SMERRITT

EEOC00044

# DELPHI

Energy systems

## memo

Date:    November 2, 2006

To:     Larry Cresswell

From:   Tracy C. Gilmore

Subject: Stanley Straughter

C:

I spoke to Mr. Straughter on 8/16/06 at approximately 5:00 pm. The grievant had been absent from work August 14, and 15. I met with him to discuss that he had missed work on 7/28 and now a couple of weeks later again he is absent. Stanley submitted the attached note as containing the reason for his absence. I informed Stanly that our policy is to check all notes out to assure that the reasons for absence are acceptable. I presented him with a copy of our Medical Release form that we use when contacting Doctor's to determine if the Medical issue justifies a day off of work. In this case it was two days. The employee looked at the form and refused to sign it. I explained our policy; employees may refuse however our failure to be able to investigate the reasons of absence will result in our not accepting the excuse at all. The employee's Union Committeeperson was present and took him outside of the room for private discussion to inform him of our ongoing practice here at this facility. The employee continued to refuse even after the Union's attempt's to persuade him otherwise. The employee asked if he could look at the form and respond to me the next day. I granted his request.

On 8/17/06 at approximately 3:30 pm I again met with the employee and the employee presented me with a form that had been filled out be him. I looked at the form and informed the employee that the language on his copy is not consistent with the verbiage that we use that will allow our doctor to understand exactly why the employee was out of work. I told him that what he had was unacceptable. The employee held fast to his position that he did not want our MD to have access to his medical information. The employee was subsequently separated as an unsatisfactory temporary employee.

Tracy C. Gilmore

Tracy C. Gilmore
Personnel
Sr. Labor Relations Representative

EEOC00045

# DELPHI

Delphi Corporation
P.O. Box 92700
Rochester, New York 14692-8800
(585) 647-7000 Phone

## AUTHORIZATION FOR INFORMATION RELEASE

Date: _5/11/08_   SSN: _____   Date of Birth: _____

I, _Stanley Stroughter_ _____ (Print Name), declare that I am the patient /
employee, and I authorize the release of following information:

| | |
|---|---|
| ☐ Lab Results: | ☐ History and Physical Exam |
| ☐ EKG/ Echo/Stress Test Results | ☐ Progress Notes Since: |
| ☐ X-Ray results | ☑ Work Restrictions |
| ☐ MRI / CT Results | ☐ Other: _Medical interpretation regarding absence from_ |
| ☐ NCS / EMG | ☐ Other: _work 5/15 to 5/06 to justify date._ |

| ☐ From   ☑ To | ☐ From   ☐ To |
|---|---|
| ☑ Anthony S. Ahimo, M.D.<br>Plant Medical Director (585)647-7095 Phone<br>(585)647-7426 Fax | Name: _____ |
| ☐ Linda L. Clark, M.D., M.S<br>Plant Physician. (585)647-7095 Phone<br>or 7600 Phone | Address: _____ |
| ☐ Labor Relations-Delphi Automotive<br>P.O. Box 92700 (585)647-7179 Fax<br>Rochester, New York 14692-8800 | City: _____ State: ____ Zip: ____ |
| ☐ Tom Redmond (585)647-7640 Phone<br>Sr. Labor Rep | Phone: _____ Fax: _____ |
| ☐ Tracy Gilmore (585)647-7585 Phone<br>Sr. Labor Rep | |
| ☐ Renee' Kunego (585)647-7582 Phone<br>HR Specialist | |
| ☐ Carlton Smith (585)647-7586 Phone<br>Supervisor, Employee Relations | |

The information is to assist the above employee in validating absences from work due to illness or injury.
☐ Other: _____

*I understand that my records are protected under the federal regulation governing confidentiality, and certain state regulations. My records cannot be disclosed without my written consent unless otherwise provided for in the regulations. Further release of information is prohibited. I may revoke this consent in writing at any time, except to the extent that it has already been acted upon.*

This consent shall remain in effect for one year, or until the following date: _____
Otherwise, it can be revoked in writing.

_____   _____
Signature of Patient / Employee   Date

_____   _____
Witness Signature (For Psychiatric or Drug / Alcohol Records)   Date

Medical release for dr&lr.Delphi.doc

# DELPHI

*Employee Suspension*

Delphi Corporation
P.O. Box 92700
Rochester, New York 14692-8800
(585) 647-7000 Phone

## AUTHORIZATION FOR INFORMATION RELEASE

Date: 8/17/06          SSN: 1779          Date of Birth: 4/22/77

I, Stanley Slaughter _____ (Print Name), declare that I am the patient /
employee, and I authorize the release of following information:

| | |
|---|---|
| ☐ Lab Results: | ☐ History and Physical Exam |
| ☐ EKG/ Echo/Stress Test Results | ☐ Progress Notes Since: |
| ☐ X-Ray results | ☐ Work Restrictions |
| ☐ MRI / CT Results | ☒ Other: To verify doctors note for 8/4/06 + 8/9/06 |
| ☐ NCS / EMG | ☒ Other: And certify patient's inability to work and those days, not releasing actual medical condition |

| From / To | From / To |
|---|---|
| ☐ From  ☒ To | ☒ From   ☐ To |
| ☒ Anthony S. Alaimo, M.D. | |
| Plant Medical Director (585)647-7095 Phone | Name: North Internal Medicine |
| (585)647-7426 Fax | |
| ☐ Linda L. Clark, M.D., M.S | Address: 2-300 Buffalo Rd. BLD=800 |
| Plant Physician (585)647-7095 Phone | |
| or 7600 Phone | City: Rochester  State: NY  Zip: 14624 |
| ☐ Labor Relations-Delphi Automotive | |
| P.O. Box 92700 (585)647-7179 Fax | |
| Rochester, New York 14692-8800 | Phone (585)368-6370 Fax: |
| ☐ Tom Redmond (585)647-7640 Phone | |
| Sr. Labor Rep | |
| ☐ Tracy Gilmore (585)647-7585 Phone | |
| Sr. Labor Rep | |
| ☒ Renee' Kunego (585)647-7582 Phone | |
| HR Specialist | |
| ☐ Carlton Smith (585)647-7586 Phone | |
| Supervisor, Employee Relations | |

The information is to assist the above employee in validating absences from work due to illness or injury.
☐ Other: _____

*I understand that my records are protected under the federal regulations governing confidentiality, and certain state regulations. My records cannot be disclosed without my written consent unless otherwise provided for in the regulations. Further release of information is prohibited. I may revoke this consent in writing at any time, except to the extent that it has already been acted upon.*
This consent shall remain in effect for one year, or until the following date: _____
Otherwise, it can be revoked in writing.

_____          8/17/06
Signature of Patient / Employee          Date

_____          _____
Witness Signature (For Psychiatric or Drug / Alcohol Records)          Date

Medical release for dr&lr.Delphi.doc

EEOC00047

# Exhibit

# I



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

December 11, 2006

Jeffery M. Peterson, Esq.
Delphi Legal Staff
MC: 480-410-144
5825 Delphi Drive
Troy, MI 48098

**Date Information Due: December 29, 2006**

Re:    EEOC Charge No.: 525-2006-01314
       Stanley Straughter v. Delphi Corp.

Dear Mr. Peterson:

The Commission is in receipt of the position statement you prepared for the Respondent, however, you did not provide a complete response to Commission's specific request for information, originally due October 23, 2006. A copy of that request is enclosed for your convenience. The information you submitted did not respond to questions numbered 2, 4, 5, 6, 8, 9, 10 and 11. Please provide responses to those inquiries by **December 29, 2006**.

Your cooperation in this matter is appreciated. If you have any questions, please feel free to contact me at (716) 551-4441.

Sincerely,

Jennifer A. Carlo
Investigator

COPY

# Exhibit J

# DELPHI

January 31, 2007

Jennifer Carlo
Investigator
U.S. Equal Employment Opportunity Commission
6 Fountain Plaza, Suite 350
Buffalo, NY 14202

RECEIVED

0 2 FEB 2007

E.E.O.C. BULO

> **Re:**    **Stanley Straughter v. Delphi Corp.**
> **EEOC Charge No. 525-2006-01314**

Dear Ms. Carlo:

I write in response to the EEOC's request for additional information regarding the referenced matter.

Before turning to your specific requests, I wanted to take the opportunity to reiterate the purpose to which Delphi intended to use the medical information it was requesting of Mr. Straughter. The purpose of the Authorization form was to submit **Delphi's doctor** to speak with Mr. Straughter's physician. The substance of the conversation would be the requirements of the job to which Mr. Straughter is assigned. It has been the Rochester plant's experience that personal physicians frequently indicate that an individual was "unable to work" simply because they do not have enough knowledge about the duties of the job in question. However, under the new HIPAA regulations, personal physicians are often unwilling to discuss such issues without an authorization. Thus, the requirement of signing the authorization form, which would permit the Delphi Medical Director to have a conversation with Mr. Straughter's physician about the specific requirements for the job, and whether Complainant's condition did, in fact, render him "unable to work." Importantly, **none of the information about the employee's condition is shared with any other Delphi manager** – it is strictly used for the "doctor-to-doctor" discussion described above.

Turning to your specific requests:

1.    Jeff Peterson; Attorney; 5825 Delphi Drive, Troy, MI 48098; 248-813-1460.

2.    Respondent employs approximately 170,000 individuals worldwide. Its legal name is Delphi Corporation, and it is a federal contractor regulated by the OFCCP.

3.    See position statement.

4.    Complainant's personnel file is enclosed.

5.    All individuals with involvement in the situations regarding Complainant's charge are identified in the position statement, and can be contacted through the undersigned.

EEOC00049

January 31, 2007
Page 2 of 2

6. There is no written policy regarding the signing of releases. Employees are required to sign releases when Respondent has a reason for discussing the employee's absence with their personal physician that is job-related and consistent with business necessity. Respondent is unaware of other locations that use this particular authorization form.

7. See enclosed.

8. The union contract is irrelevant to the present charge. Moreover, Respondent believes it has previously produced the collective bargaining agreement between Respondent and the UAW to the EEOC's Buffalo office.

9. Respondent cannot answer this question because it does not keep a log of every employee asked to sign an authorization.

10. Individuals who have refused to sign authorization forms are listed below. Note that only Complainant had "temporary" status at the time. This meant that he, unlike the others, was not subject to the progressive discipline process.

| Name | Title | Address & Phone | Reason and date if no longer employed |
|---|---|---|---|
| Valerie Darrough Sharp | 01C | 15 Snug Harbot Cr., Rochester, 14612 / 585-581-1788 | Voluntarily accepted attrition program effective 11/30/06 |
| Kim Conley | 02C | 1125 Maple St, Rochester, 14611 / 585-436-0774 | Currently employed |
| Daniel Aponte | 14B2 | 14 Lynnwood Dr., Brockport, 14420 / 585-637-6477 | Currently employed |
| Stanley Straughter | 01C | | Released 8/18/06 |

11. There is no position description.

Should you have any questions, or require further information, please do not hesitate to contact me.

Very truly yours,

Jeffery M. Roberson
Attorney

Enclosures

EEOC00051

4/25/06 = 2:30

Gives, FeeLer

# DELPHI

## DELPHI
### AN EQUAL OPPORTUNITY EMPLOYER
### APPLICATION FOR EMPLOYMENT

**PRINT**
NAME IN FULL* ___STRAUGHTER___ ___STANLEY___ ___N___
(LAST) (FIRST) (MIDDLE)

SOCIAL SECURITY NO. ___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___

*OTHER NAME(S), IF ANY, UNDER WHICH YOU HAVE WORKED OR ATTENDED SCHOOL:

POSITION DESIRED: FIRST CHOICE ___PRODUCTION___   SECOND CHOICE ___

DATE AVAILABLE TO START WORK ___ASAP___
SHIFT PREFERENCE, IF ANY ___AM, PM, NIGHT___

EMPLOYMENT DESIRED: FULL TIME ___  PART-TIME ___  TEMPORARY ___  STUDENT ___
Salaried ___
Hourly ___✓___

DELPHI UNIT PREFERENCE(S), IF ANY

### PERSONAL DATA

PRESENT ADDRESS ___2125 D. EAST AVE___ Rochester ___NY___ ___14610___
(STREET ADDRESS) (CITY) (STATE) (ZIP CODE)

TELEPHONE NO. ___581-9166___
ALTERNATE TELEPHONE NO. ___

IF LESS THAN 7 CONSECUTIVE YEARS, LIST ALL PRIOR RESIDENCES WITHIN THE LAST 7 YEARS:

ADDRESS ___ (STREET ADDRESS) ___ (CITY) ___ (STATE) ___ (ZIP CODE)
TELEPHONE NO. ___

ADDRESS ___ (STREET ADDRESS) ___ (CITY) ___ (STATE) ___ (ZIP CODE)
TELEPHONE NO. ___

ADDRESS ___ (STREET ADDRESS) ___ (CITY) ___ (STATE) ___ (ZIP CODE)
TELEPHONE NO. ___

ARE YOU CURRENTLY AUTHORIZED TO WORK IN THE UNITED STATES?   (YES)   NO

HAVE YOU BEEN CONVICTED OF A FELONY IN THE LAST 7 YEARS (FIVE YEARS IF APPLYING FOR A JOB IN MASSACHUSETTS)?   YES   (NO)
IF SO, COMPLETE THE FOLLOWING:
DATE(S) ___  OFFENSE(S) ___  PLACE(S) ___  DESCRIPTION(S) ___

IF APPLYING FOR A DRIVING POSITION, PLEASE COMPLETE THE FOLLOWING INFORMATION:
DRIVER'S LICENSE NO. AND ISSUING STATE ___  EXPIRATION DATE ___

### U. S. MILITARY SERVICE

BRANCH OF SERVICE: ___  HIGHEST RANK OR RATING: ___
WERE YOU DISHONORABLY DISCHARGED FOR REASONS OTHER THAN SEXUAL ORIENTATION? (DISREGARD IF APPLYING FOR A JOB IN OHIO)   YES   NO   IF YES, EXPLAIN.

### EDUCATION

| INSTITUTION(S) | NAME OF SCHOOL AND LOCATION | MAJOR FIELD OF STUDY | DEGREE AWARDED | | TYPE OF DEGREE(S) | |
|---|---|---|---|---|---|---|
| | | | YES | NO | | |
| HIGH SCHOOL | NAME: East-Ovi Rochester NY CITY AND STATE: | | | NO | DIPLOMA / GED (IF GED, WHERE?) | |
| COLLEGE | NAME: Oneonta State (Suny Oneonta) Oneonta NY CITY AND STATE: | | (YES) | NO | BA, Music Industry Cum Grade ___ Point Average ___ | |
| | NAME: Monroe Community College, Rock, NY CITY AND STATE: | | (YES) | NO | AS Business / Liberal Arts Cum Grade ___ Point Average ___ | |

PROFESSIONAL LICENSE(S), CERTIFICATION(S), OR OTHER TRAINING   NAME(S): ___  CITY AND STATE: ___

Application for Employment
04/26/02

# EXPERIENCE

HAVE YOU EVER BEEN EMPLOYED BY DELPHI?   YES   (NO)
PLEASE LIST ALL PREVIOUS EMPLOYMENT AND BEGIN BY LISTING YOUR LAST OR PRESENT EMPLOYMENT FIRST.

**1. EMPLOYMENT DATES: FROM** 4/85 **to** present **POSITION** House Keeper   **REASON FOR LEAVING** Presently Active
(MO./YEAR)   (MO./YEAR)
**COMPANY NAME** Mid-town Athletic Club   **SUPERVISOR'S NAME**
**COMPLETE COMPANY ADDRESS** 200 Highland Dr   **CITY** Rochester   **STATE** NY   **ZIP CODE** 14610
**PHONE NUMBER** 461-2300   **WAGE OR SALARY**
**STATE DUTIES CLEARLY AND BRIEFLY** General Housekeeping office space, restrooms, floors, etc

**2. EMPLOYMENT DATES: FROM** 6/04 **to** 11/05 **POSITION** Power Washer   **REASON FOR LEAVING**
(MO./YEAR)   (MO./YEAR)
**COMPANY NAME** Advanced Facilities Services   **SUPERVISOR'S NAME**
**COMPLETE COMPANY ADDRESS** 30 Potter Park   **CITY** Rochester   **STATE** NY   **ZIP CODE** 14624
**PHONE NUMBER** 654-1990   **WAGE OR SALARY**
**STATE DUTIES CLEARLY AND BRIEFLY** Power Washing trailers, open + setup Hair office, refueling gas
+ under trucks, checking oil in truck + generator

**3. EMPLOYMENT DATES: FROM** 6/03 **to** present **POSITION** Owner/operator Web-site Business   **REASON FOR LEAVING** Presently Active
(MO./YEAR)   (MO./YEAR)
**COMPANY NAME** SW Graphics & Design   **SUPERVISOR'S NAME** STANLEY STANULA HER (owner)   **CITY** Rochester   **STATE** NY   **ZIP CODE** 14610
**COMPLETE COMPANY ADDRESS** 2134 B East Ave   **WAGE OR SALARY**
**PHONE NUMBER** 461-9160   **STATE DUTIES CLEARLY AND BRIEFLY** Create brochures, create proposals, invoices, web-sites
databases for customers and private contractors, Design budgets in Excel, maintain accounting records

**4. EMPLOYMENT DATES: FROM** 2/04 **to** 5/04 **POSITION** Laundry Assistant   **REASON FOR LEAVING**
(MO./YEAR)   (MO./YEAR)
**COMPANY NAME** The Firkaller Home   **SUPERVISOR'S NAME**   **CITY** Rochester   **STATE** NY   **ZIP CODE** 14618
**COMPLETE COMPANY ADDRESS** 2150 East Ave   **WAGE OR SALARY**
**PHONE NUMBER** 381-1600   **STATE DUTIES CLEARLY AND BRIEFLY** Manage laundry before linen cart

ARE THERE ANY ADDITIONAL COMMENTS YOU WOULD CARE TO MAKE REGARDING YOUR EXPERIENCE OR SPECIAL SKILLS?  Qualifications: self starter,
attentive to detail, proven multitasking ability, Quick learner, analytical + problem solving skills, time
management, team player, extensive Knowledge of Microsoft office, technically savvy, written +verbal communication
skills

IN APPLYING FOR EMPLOYMENT, I UNDERSTAND DELPHI RESERVES THE RIGHT TO CONTACT ALL PREVIOUS EMPLOYERS.
MAY WE ALSO CONTACT YOUR CURRENT EMPLOYER AT THIS TIME?   YES ☐   NO ☐
I UNDERSTAND THAT IF AN OFFER OF EMPLOYMENT IS MADE, DELPHI RESERVES THE RIGHT TO CONTACT MY CURRENT EMPLOYER.

I AUTHORIZE ALL CORPORATIONS, COMPANIES, FORMER EMPLOYERS, ASSOCIATES, EDUCATIONAL INSTITUTIONS, LAW ENFORCEMENT AGENCIES, CITY, COUNTY, STATE, AND FEDERAL GOVERNMENTS, MILITARY SERVICES AND ALL PARTIES INVOLVED TO RELEASE INFORMATION THEY MAY HAVE ABOUT ME TO THE COMPANY, OR ITS AGENT, WITH WHICH THIS FORM HAS BEEN FILED, IN CONSIDERATION OF THE ACCEPTANCE OF THIS APPLICATION AND IN CONSIDERATION OF THE RELEASE OF INFORMATION, I RELEASE DELPHI AND ALL PARTIES INVOLVED FROM ANY CLAIMED LIABILITY ARISING OUT OF SUCH LAWFUL RESPONSE AND DISCLOSURE. THIS AUTHORIZATION, IN ORIGINAL OR COPY FORM, SHALL BE VALID FOR THIS AND ANY FUTURE REPORTS OR UPDATES THAT MAY BE REQUESTED.

I HEREBY REPRESENT THAT EACH ANSWER TO A QUESTION HEREIN AND ALL OTHER INFORMATION OTHERWISE FURNISHED IS TRUE AND CORRECT. I FURTHER REPRESENT THAT SUCH ANSWERS AND INFORMATION CONSTITUTE A FULL AND COMPLETE DISCLOSURE OF MY KNOWLEDGE WITH RESPECT TO THE QUESTION OR SUBJECT TO WHICH THE ANSWER OR INFORMATION RELATES. I UNDERSTAND THAT ANY INCORRECT, INCOMPLETE, OR FALSE STATEMENT OR INFORMATION FURNISHED BY ME MAY CAUSE THE RESCINDING OF ANY OFFER OF EMPLOYMENT OR, IN THE EVENT I HAVE BEEN EMPLOYED BY DELPHI, MAY SUBJECT ME TO DISCHARGE.

I UNDERSTAND THAT ANY POSITION OFFERED BY DELPHI WILL BE CONSIDERED AT-WILL, TERMINABLE BY DELPHI OR MYSELF FOR ANY REASON NOT PROHIBITED BY APPLICABLE LAW.

**APPLICANT'S SIGNATURE**   **DATE** 1/11/06

UNITY INTERNAL MEDICINE AT CORNERSTONE
2300 BUFFALO RD                    BLDG 800
ROCHESTER, NY 14624
(585) 368-6370

DATE:    08/14/06

PATIENT:   STRAUGHTER, STANLEY

-CHECK ALL THAT APPLY-

[X] HE OR SHE WAS SEEN AT OUR OFFICE ON: 08/14/06                    BY: GUPTA, MD BHARAT

[ ] IS RELEASED TO WORK/SCHOOL ON _____ WITHOUT ANY RESTRICTIONS

[ ] IS UNABLE TO RETURN TO WORK/SCHOOL DUE TO: _____

[ ] IS PREGNANT AND ESTIMATED DATE OF CONFINEMENT IS _____

[ ] IS IN GOOD HEALTH

[ ] IS SCHEDULED FOR SURGERY ON _____ AND PT MAY RETURN TO WORK/SCHOOL AFTER _____ WEEKS

[X] WILL BE OUT OF WORK/SCHOOL AS OF _8/14/06_ AND WILL BE ABLE TO RETURN AS OF _8/16/06_

[ ] RESTRICTIONS - OTHER NOTES

_Patient is to rest for 2 days._

_____

_____

SIGNED: _____Bharat B. Gupta_____

UNITY HEALTH SYSTEM - PARK RIDGE HOSPITAL

Printed by:   SMERRITT

EEOC00053

Evaluation      2ⁿᵈ Week ___  ✓ 3ʳᵈ Week ___  45-Day ___  60-Day ___  75-Day ___  Other ___

## New Employee Evaluation

Name: *STANLEY STANEUTER*   SS# (last 4 digits): *1779*   Hire Date: *5/22/06*

Supervisor: *TONY INGUAGIATO*   Date: *6/14/06*   Dept #: *11037*

**Purpose:** Assess the employee's job performance          Certification Date: *6/9/06*
**Instructions**
✓ The Supervisor of the employee <u>must complete</u> the evaluation and review with the employee.

✓ Return the original evaluation form to the Hourly Personnel Department.

---

RATING KEY

| 1. Above Average | 2. Satisfactory | 3. Needs Improvement | 4. Unsatisfactory |

NA = Not Applicable in this period          NOTE: If this rating is used explain why

---

For each skill, write in the appropriate rating.

| | Skills | Rating | Comments: List the specific work assignment (s) or situation (s) used in arriving at the rating. |
|---|---|---|---|
| **1. Quality of Work** | 1.1 Consistently follows standardized work. | 2 | |
| | 1.2 Consistently does quality checks on each job. | 2 | |
| | 1.3 Understands visual aids and used them. | 2 | |
| | 1.4 Handles suspect parts according to procedure. | 2 | |
| | 1.5 Keeps work area neat and clean. Follows WPO. | 2 | |

| | Skills | Rating | Comments: List the specific work assignment (s) or situation (s) used in arriving at the rating. |
|---|---|---|---|
| **2. Quantity of Work / Line Rate Initiative** | 2.1 Works to expected level, following Standardized Work | 2 | |
| | 2.2 Cycle time is at expected performance limits. | 2 | |
| | 2.3 Works well with the team | 2 | |
| | 2.4 Strictly adheres to policies, eg. Bell-t-bell. | 2 | |
| | 2.5 Certifications are up to date | 2 | |

| | Skills | Rating | Comments: List the specific work assignment (s) or situation (s) used in arriving at the rating. |
|---|---|---|---|
| **3. Communication / Health & Safety** | 3.1 Listens, follows, understands oral & written communications. | 2 | |
| | 3.2 Asks relevant questions | 2 | |
| | 3.3 Adheres to H&S practices, eg., safety glasses | 2 | |
| | 3.4 Uses materials, tools & machinery properly. | 2 | RECEIVED |
| | 3.5 Wears appropriate Personal Protective Equipment (PPE). | 2 | JUN 2 2 2006 |

PERSONNEL

- Continued on next page -

EEOC00054

*Attendance*

| Number of days absent | 0 | Specific days absent : |
|---|---|---|
| Number of days tardy | 0 | Specific days tardy |

Any day of absence __must__ be reviewed by Labor Relations

## Summary

Overall Summary Rating
☑ *Check one for the overall rating*

| ☐ Exceptional Performance | ☐ Above Acceptable | ☑ Satisfactory | ☐ Needs Improvement | ☐ Unsatisfactory |
|---|---|---|---|---|

Comments:_____

Employee's / Trainee's Comments:_____

Signatures _____ Date 6/16/06

Supervisor: _____ 6/16/06

Employee _____ 6/16/06

General Supervisor: _____ Supt: ____ 6/16/06

_____ Evaluation satisfactory _____ Further action required

Labor Relations
(Sign only after reviewed for completion and need for further action)

EEOC00055

<u>Evaluation</u>  ___ 2ⁿᵈ Week  ___ 3ʳᵈ Week  ✓ 45-Day  ___ 60-Day  ___ 75-Day  ___ Other

## New Employee Evaluation

Name: *Stanley Stangula*  SS# (last 4 digits): *1779*  Hire Date: *5/22/06*

Supervisor: *Tony Gaquardo*  Date: *8/16/06*  Dept #: *11237*

<u>Purpose</u>: Assess the employee's job performance    Certification Date: *6/4/06*

<u>Instructions</u>

✓ The Supervisor of the employee <u>must complete</u> the evaluation and review with the employee.

✓ Return the original evaluation form to the Hourly Personnel Department.

---

### RATING KEY

1. Above Average    2. Satisfactory    3. Needs Improvement    4. Unsatisfactory

NA = Not Applicable in this period.    NOTE: If this rating is used explain why

---

For each skill, write in the appropriate rating.

| | Skills | Rating | Comments: List the specific work assignment (s) or situation (s) used in arriving at the rating. |
|---|---|---|---|
| **1. Quality of Work** | 1.1 Consistently follows standardized work. | 2 | |
| | 1.2 Consistently does quality checks on each job. | 2 | |
| | 1.3 Understands visual aids and used them. | 2 | |
| | 1.4 Handles suspect parts according to procedure. | 2 | |
| | 1.5 Keeps work area neat and clean. Follows WPO | 2 | |

| | Skills | Rating | Comments: List the specific work assignment (s) or situation (s) used in arriving at the rating. |
|---|---|---|---|
| **2. Quantity of Work / Line Rate Initiative** | 2.1 Works to expected level, following Standardized Work. | 2 | |
| | 2.2 Cycle time is at expected performance limits. | 2 | |
| | 2.3 Works well with the team | 2 | |
| | 2.4 Strictly adheres to policies, eg. Bell to bell. | 2 | |
| | 2.5 Certifications are up to date. | 2 | |

| | Skills | Rating | Comments: List the specific work assignment (s) or situation (s) used in arriving at the rating. |
|---|---|---|---|
| **3. Communication / Health & Safety** | 3.1 Listens, follows, understands oral & written communications. | 2 | |
| | 3.2 Asks relevant questions. | 2 | |
| | 3.3 Adheres to H&S practices, eg. safety glasses. | 2 | |
| | 3.4 Uses materials, tools & machinery properly. | 2 | |
| | 3.5 Wears appropriate Personal Protective Equipment (PPE). | 2 | |

RECEIVED

AUG 18 2006

PERSONNEL

- Continued on next page -

EEOC00056

*Attendance*

| Number of days absent | 3 | Specific days absent | 7/25/06, 8/14/06, 8/15/06 |
| Number of days tardy | 0 | specific days tardy | |

Any day of absence __must__ be reviewed by Labor Relations

## Summary

**Overall Summary Rating**
☑ *Check one for the overall rating*

☐ Exceptional Performance    ☐ Above Acceptable    ☐ Satisfactory    ☑ Needs Improvement    ☐ Unsatisfactory

Comments: _See Dr Notes_ _____

_____

**Employee's / Trainee's Comments:**

_____

| | Signatures | | Date |
|---|---|---|---|
| Supervisor: *Tony Bannigan* | | | 8/16/06 |
| Employee | | | 8/16/06 |
| General Supervisor: | Supt. | | 8/17/06 |

✓ Evaluation satisfactory    ____ Further action required

_____
Labor Relations

(Sign only after reviewed for completion and need for further action)

EEOC00057

HOURLY PERSONNEL

INTERVIEW RECORD - JOB ASSIGNMENT - SERVICE CARD

(PHOTO)

Soc Sec. No. 0 5 5 - 7 2 - 1 7 7 9    Clock No. 2 6 2 8 3

Name  Straughter  Stanley  N.
        (Last)          (First)        (M.I.)

Address  2129 East Ave. Apt. D

City/St/Zip  Rochester, NY 14610

Phone No.  (585 )581-9166    DOB: 4/22/77    Citizen? Yes  Date: _____
                                    Place of Birth: Rochester, NY

In Case of Emergency Contact: Candice Straughter        Phone: (585 ) 258-8014
                                                                581-9166

| | | |
|---|---|---|
| Sex: M | Ht: _____ | Wt.: _____ |
| Marit: _____ | Hair: _____ Eyes: _____ | |
| EEO: _____ | Handicap (if any): _____ | |
| Educ: BA | Branch of Service: _____ | |
| Spec: _____ | Type of Discharge: _____ | |
| Date of Discharge: _____ | | |

EMPLOYMENT PLACEMENT

Plant Sen. Date: 5/22/06    Int.: _____    Interviewed by: _____
JGM Date:  5/22/06    Req.: _____    Write Up by: _____
Start Date:  5/22/06    Dept: _____    Shift: _____  Start Time: _____
Occ. No.: _____
Date: _____    Supvr: _____

## DELPHI CORPORATION
## INTELLECTUAL PROPERTY RIGHTS AGREEMENT

I enter this agreement in consideration of the compensation paid for services I perform for Delphi Corporation or a Delphi subsidiary, either as an employee or otherwise under contract. (Delphi Corporation and its subsidiaries are collectively referred to as "Delphi".)

I assign to Delphi Technologies, Inc. all rights to all patents, utility models, industrial designs, trademarks, service marks, semiconductor chip mask works and copyrights on all writings, designs, inventions and works that I conceive, make, invent or suggest during the term of such services and that are connected with my work or are otherwise related to the business of Delphi. (The business of Delphi includes the business that exists or is anticipated at the time the rights come into existence.)

I will promptly disclose such writings, designs, inventions and works to Delphi Technologies.

At Delphi Technologies' request, whether during or after the term of such services, I will sign patent applications and other lawful papers that Delphi Technologies considers helpful to secure and enforce such rights. Delphi Technologies will bear all expense related to such activities.

This agreement does not apply to an invention that I developed entirely on my own time without using Delphi's equipment, supplies, facilities, or trade secret information except for those inventions that either relate at the time of conception or reduction to practice of the invention directly to Delphi's business or to actual or demonstrably anticipated research or development of Delphi, or result from any work performed by me for Delphi. This agreement does not affect Delphi's ownership of rights in works made for hire.

I will protect Delphi business and technical information and other proprietary information created or obtained in the course of my services.

I will not disclose to Delphi, or use in performing services for Delphi, any of my prior inventions that Delphi is not entitled to use, or any proprietary information belonging to others (including my prior employers) unless I have their prior written approval. This paragraph does not apply to inventions that I was obligated to assign to General Motors Corporation prior to 1 January 1999, or to proprietary information belonging to General Motors Corporation prior to 1 January 1999.

I will return to Delphi, at the time my services for Delphi cease or upon any earlier request, all documents and other materials containing any Delphi business or technical information or other proprietary information created or obtained in the course of my services. I will not engage in any outside activity that would involve the use or disclosure of any Delphi business or technical information or other proprietary information created or obtained in the course of my services unless I have prior written approval from a Delphi officer. This obligation is not changed by termination of my services for Delphi.

This agreement replaces any prior agreement regarding this subject matter and is binding on my executors, administrators, heirs, legal representatives and assigns. This agreement may be modified only by another written agreement, or by a written endorsement on this agreement, signed by Delphi and me.

DATE: _____     EMPLOYEE: _____

DATE: _____     DELPHI REPRESENTATIVE: _____

EEOC00059

As a probationary employee, I understand my continued employment with Delphi Automotive Systems Division of General Motors Corporation will be based upon my satisfactory performance in these job-related areas:

- Attendance
- Conduct
- Safety

- Quantity and Quality of Work
- Ability
- Observance of all established shop rules

## SAFETY EYEGLASS AGREEMENT

In consideration of my being supplied by Delphi Automotive Systems Division of General Motors Corporation with safety eyeglasses as required by my job, I hereby promise and agree that if for any reason I voluntarily leave my employment at Delphi Automotive Systems on or before the date that I would acquire seniority, I will return all safety eyeglasses, feather-weight and/or eyeglass side-shields to the Plant Security Office or to Hourly Personnel.

## UNION MEMBERSHIP

On November 11, 1970, a National Agreement was executed between General Motors Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, which became effective on November 23, 1970. It contains the following provision concerning membership in the Union by an employee covered by that Agreement.

"(4c)"     The union shall accept into membership each employee covered by this Agreement who tenders to the Union the periodic dues and initiation fee uniformly required as a condition of acquiring or maintaining membership in the Union.

Accordingly, as a condition of continued employment, you will be required to become a member of the Union and to maintain your membership in the Union. You will also be required to pay an initiation fee and the membership dues uniformly required as a condition of acquiring or maintaining membership in the Union.

If you are now a member of the Union and do not wish to become one within the period specified, you will subject yourself to discharge for failure to carry out this condition of employment.

It will be necessary for you to sign this notice in the place indicated below. By signing, you are acknowledging that you have read and understand its contents.

I am presently a member of the UAW in good standing
I am not presently a member of the UAW.
(Check one)

It will be necessary for you to sign this notice in the place indicated below. By signing, you are acknowledging that you have read and understand its contents
This __23rd__ day of __MAY_____, ■ __2006__

_____
(Signature of Employee)

## BACKGROUND VERIFICATION DISCLOSURE

As part of the employment process, ___Debra_____, ("The Company"), may obtain a Consumer Report and/or an Investigative Consumer Report. The Fair Credit Reporting Act as amended by the Consumer Reporting Reform Act of 1996 requires that we advise you that for purposes of employment only, a Consumer Report may be made which may include information about your character, general reputation, personal characteristics, or mode of living. Upon written request, additional information as to the nature and scope of the report, if one is made, will be provided, in the event the Report contains information regarding your character, general reputation, personal characteristics, or mode of living.

## AUTHORIZATION and RELEASE

During the application process and at any time during any subsequent employment, I hereby authorize ChoicePoint Services Inc., on behalf of The Company to procure a Consumer Report which I understand may include information regarding my character, general reputation, personal characteristics, or mode of living. This report may be compiled with information from credit bureaus, courts record repositories, departments of motor vehicles, past or present employers and educational institutions, governmental occupational licensing or registration entities, business or personal references, and any other source required to verify information that I have voluntarily supplied. I understand that I may request a complete and accurate disclosure of the nature and scope of the background verification, to the extent such investigation includes information bearing on my character, general reputation, personal characteristics or mode of living.

Stanley Teauvette _____    2/25/06
Applicant/Employee Name and Signature      Date

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                                 4/22
Social Security Number                      *Month and date of Birth only (omit year)
                                            (*Optional - for background verification purposes only)

785246280   NY
Driver's License State and Number

Do you give the Company and/or ChoicePoint Inc. on behalf of the Company permission to contact your current employer?   ☐ Yes   ☑ No
                              (please check one box)

**Oklahoma State Residents please note:** In connection with your application for employment, your consumer report will be obtained and reviewed. Under Oklahoma law, you have the right to receive a free copy of your consumer report directly from ChoicePoint Inc.

☐    YES, I am an Oklahoma state resident and would like a free copy of my consumer report.

Printed Name _____

Street Address_____

City, State, Zip _____

**Employer please note:** If Oklahoma resident checks "YES", and you do request a consumer report, please fax this form to ChoicePoint Inc., 800-256-5876.

Account Number: _____219848_____

Revised
06-17-02

CORRECTED

## DELPHI AUTOMOTIVE SYSTEMS
## GENERAL MOTORS CORPORATION

### TEMPORARY PASS

NAME _Stanley Straughter_

SOCIAL SECURITY NUMBER _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_

CLOCK_____

### ASSIGNMENT

THE ABOVE NAMED EMPLOYEE IS ASSIGNED TO :

DEPT _1187 - Christv S_

SHIFT _4 st_      _2nd_

START TIME _6:44 pm_     _3:12 Pm_

SUPERVISOR _John Singleton_   _Tony Ingrasiato_

CLASSIFICATION _Occ - Lt. Assembly_

_____
PERSONNEL DEPARTMENT

_15202D_

~~(8777)~~

EEOC00062

# DELPHI

*Employer Submission*

Delphi Corporation
P.O. Box 92700
Rochester, New York 14692-8800
(585) 647-7000 Phone

## AUTHORIZATION FOR INFORMATION RELEASE

Date: 8|17|06          SSN: 1779          Date of Birth: 4|22|77

I, Stanley Straughter _____ (Print Name), declare that I am the patient / employee, and I authorize the release of following information:

| | |
|---|---|
| ☐ Lab Results: | ☐ History and Physical Exam |
| ☐ EKG/ Echo/Stress Test Results | ☐ Progress Notes Since: |
| ☐ X-Ray results | ☐ Work Restrictions |
| ☐ MRI / CT Results | ☑ Other: To verify Doctors note for 8|4|06 + 8|15|06 |
| ☐ NCS / EMG | ☑ Other: And verify patients inability to work in those days, not releasing actual medical condition |

| ☐ From ☑ To | ☑ From ☐ To |
|---|---|
| ☑ Anthony S. Alaimo, M.D.<br>Plant Medical Director  (585)647-7095 Phone<br>(585)647-7426 Fax | Name: Unity Internal Medicine |
| ☐ Linda L. Clark, M.D., M.S<br>Plant Physician.  (585)647-7095 Phone<br>or 7600 Phone | Address: 2-300 Buffalo Rd. Bld. = 800 |
| ☐ Labor Relations-Delphi Automotive<br>P.O. Box 92700  (585)647-7179 Fax<br>Rochester, New York 14692-8800 | City: Rochester  State: NY  Zip: 14624 |
| ☐ Tom Redmond  (585)647-7640 Phone<br>Sr. Labor Rep | Phone: (585)368-6370 Fax: |
| ☐ Tracy Gilmore  (585)647-7585 Phone<br>Sr. Labor Rep | |
| ☐ Renee' Kunego  (585)647-7582 Phone<br>HR Specialist | |
| ☐ Carlton Smith  (585)647-7586 Phone<br>Supervisor, Employee Relations | |

The information is to assist the above employee in validating absences from work due to illness or injury.
☐ Other: _____

*I understand that my records are protected under the federal regulations governing confidentiality, and certain state regulations. My records cannot be disclosed without my written consent unless otherwise provided for in the regulations. Further release of information is prohibited. I may revoke this consent in writing at any time, except to the extent that it has already been acted upon.*
This consent shall remain in effect for one year, or until the following date: _____
Otherwise, it can be revoked in writing.

_____  Signature of Patient / Employee          8|17|06  Date

_____  Witness Signature (For Psychiatric or Drug / Alcohol Records)          _____ Date

Medical release for dr&lr.Delphi.doc

FEB 02 1996 21:55

*Manuefs Submission*

# DELPHI

Delphi Corporation
P.O. Box 92700
Rochester, New York 14692-8800
(585) 647-7000 Phone

## AUTHORIZATION FOR INFORMATION RELEASE

Date: _8/11/08_   SSN: _____   Date of Birth: _____

I, _Stanley Straughter_ _____ (Print Name), declare that I am the patient / employee, and I authorize the release of following information:

| | |
|---|---|
| ❒ Lab Results: _____ | ❒ History and Physical Exam |
| ❒ EKG/ Echo/Stress Test Results | ❒ Progress Notes Since: _____ |
| ❒ X-Ray results | ❒ Work Restrictions |
| ❒ MRI / CT Results | ❒ Other: _Medical information regarding absence from_ |
| ❒ NCS / EMG | ❒ Other: _work 9/14 & 15/06 to verify Note._ |

| ❒ From    ☑ To | ❒ From    ❒ To |
|---|---|
| ☑ Anthony S. Alaimo, M.D. | |
| Plant Medical Director  (585)647-7095 Phone | Name: _____ |
| (585)647-7426 Fax | |
| ❒ Linda L. Clark, M.D., M.S | |
| Plant Physician.  (585)647-7095 Phone | Address: _____ |
| or 7600 Phone | |
| ❒ Labor Relations-Delphi Automotive | |
| P.O. Box 92700  (585)647-7179 Fax | City: _____ State: _____ Zip: _____ |
| Rochester, New York 14692-8800 | |
| ❒ Tom Redmond  (585)647-7640 Phone | |
| Sr. Labor Rep | Phone: _____ Fax: _____ |
| ❒ Tracy Gilmore  (585)647-7585 Phone | |
| Sr. Labor Rep | |
| ❒ Renee' Kunego  (585)647-7582 Phone | |
| HR Specialist | |
| ❒ Carlton Smith  (585)647-7586 Phone | |
| Supervisor, Employee Relations | |

The information is to assist the above employee in validating absences from work due to illness or injury.
❒ Other: _____

*I understand that my records are protected under the federal regulations governing confidentiality, and certain state regulations. My records cannot be disclosed without my written consent unless otherwise provided for in the regulations. Further release of information is prohibited. I may revoke this consent in writing at any time, except to the extent that it has already been acted upon.*
This consent shall remain in effect for one year, or until the following date: _____
Otherwise, it can be revoked in writing.

_____    _____
Signature of Patient / Employee                Date

_____    _____
Witness Signature (For Psychiatric or Drug / Alcohol Records)      Date

Medical release for dr&lr.Delphi.doc

# Exhibit K



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

February 26, 2007

Jeffery M. Peterson, Esq.
Delphi Legal Staff
MC: 480-410-144
5825 Delphi Drive
Troy, MI 48098

**Date Information Due: March 19, 2007**

Re:    EEOC Charge No.: 525-2006-01314
Stanley Straughter v. Delphi Corp.

Dear Mr. Peterson:

The Commission is in receipt of the information you submitted dated January 31, 2007. The EEOC requires additional information and clarification to ensure a complete investigation of the charge of discrimination listed above.

The Commission seeks to obtain all relevant information, including that which may not support Charging Party's allegations. Please respond to the following by **March 19, 2007**:

1.     In the first full paragraph on page 2 of the position statement dated November 6, 2006, you indicated:

> "On August 17, 2006, Gilmore met with the Charging Party again. At that meeting, the Charging Party submitted his own authorization form. (See Exhibit E, 8/17/06 Authorization for Information Release submitted by the Charging Party). Gilmore informed the Charging Party that his authorization was not consistent with Delphi's authorization, and that his language would not allow the plant doctor to understand exactly *why* the employee was out of work..."

Please explain why the revised Authorization for Information Release submitted by the Charging Party was insufficient. In addition, please provide the precise information the Respondent was seeking and identify the reasons for seeking that information.

2.     Provide the address of each and every Delphi facility nationwide.

3.     Produce a copy of Delphi's policy or practice with respect to requesting employees to sign medical releases in connection with sick leave. If each facility has a different practice with respect to utilizing medical releases, describe the specific practice in place at each facility.



4.    Produce exemplars of each and every type or variation of medical authorization or releases utilized at any and all Delphi facilities nationwide. Clearly identify the name and address of the facility where each exemplar is used.

5.    Produce the personnel records, disciplinary records, attendance records, promotional records, applicant records, interview assessment forms, and medical records and evaluations, including file covers, for Valerie Darrough Sharp, Kim Conley and Daniel Aponte. Clearly identify any discipline or adverse consequence each individual received for refusing to sign authorization forms.

Your cooperation in this matter is appreciated. If you have any questions, please feel free to contact me at (716) 551-4442.

Sincerely,

Jennifer A. Carlo
Investigator

FILE COPY

# Exhibit

# L

# DELPHI

Date:     April 4, 2007

**To:**     **Jennifer Carlo**          **Fax:**      **716-551-4387**

From:     Jeff Peterson              Fax:       248-813-1466
                                     Phone:     248-813-1460

**Subject: Straughter v. Delphi (525-2006-01314)**

No. of pages including cover sheet: 3

Problems with the receipt of this transmission, contact Denise LaPlante at 248-813-1471

☐ Urgent          ☐ For Review          ☐ Please Reply

# RECEIVED
## 0 4 APR 2007
## E.E.O.C. BULO

Ms. Carlo,

I just received your voice mail message. Coincidentally, the attached letter was mailed to you earlier today (along with requested employment files). Please call with any questions.

The information contained in this facsimile message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete the original message. Thank you.

Delphi Legal Staff  MC: 480-410-144  5825 Delphi Drive  Troy, MI 48098

EEOC00073

# DELPHI

April 4, 2007

Jennifer Carlo
Investigator
U.S. Equal Employment Opportunity Commission
6 Fountain Plaza, Suite 350
Buffalo, NY 14202

RECEIVED

0 4. APR 2007

E.E.O.C. BULO

**Re:** **Stanley Straughter v. Delphi Corp.**
**EEOC Charge No. 525-2006-01314**

Dear Ms. Carlo:

I write in response to your February 26, 2007 request for additional information regarding the referenced matter. I apologize for the delay in responding.

1.   **Please explain why the revised Authorization for Information Release submitted by the Charging Party was insufficient. In addition, please provide the precise information the Respondent was seeking and identify the reasons for seeking that information.**

  The purpose of the Authorization form was to permit **Delphi's doctor** to speak with Mr. Straughter's physician. The substance of the conversation would have been the requirements of the job to which Mr. Straughter was assigned. Mr. Straughter had been absent for "illness" three times in three weeks – July 28, August 14, and August 15, 2006. Delphi had reason to inquire further whether Mr. Straughter was capable of performing the job, or whether there were any job-related reasons for his absences. It has been the Rochester plant's experience that personal physicians frequently indicate that an individual was "unable to work" simply because they do not have enough knowledge about the duties of the job in question. It often assists these physicians if they can discuss the job requirements with the Delphi doctor. However, under the new HIPAA regulations, personal physicians are often unwilling to discuss such issues without an authorization. Thus, the requirement of signing the authorization form, which would have permitted the Delphi Medical Director to have a conversation with Mr. Straughter's physician about the specific requirements for the job, and whether Complainant's condition did, in fact, render him "unable to work." Delphi views this purpose as completely – and strictly – job related and consistent with business necessity.

2.   **Provide the address of each and every Delphi facility nationwide.**

  This request is overly broad. The undersigned is the designated contact for all charges of discrimination filed against Delphi Corporation in the United States.

EEOC00074

April 4, 2007
Page 2 of 2

3.  **Produce a copy of Delphi's policy or practice with respect to requesting employees to sign medical releases in connection with sick leave. If each facility has a different practice with respect to utilizing medical releases, describe the specific practice in place at each facility.**

There is no copy of a "policy or practice" to produce. In some situations, Delphi may ask employees to sign medical authorization forms for purposes that are job-related and consistent with business necessity. These purposes may include verification and authentication of absence documentation, and may include discussions with the employee's physician regarding any physical restrictions or capabilities of the employee to perform his or her job.

4.  **Produce exemplars of each and every type or variation of medical authorization or releases used at any and all Delphi facilities nationwide. Clearly identify the name and address of the facility where each exemplar is used.**

Delphi objects to this request as overly broad and unduly burdensome, and not relevant to the instant charge.

5.  **Produce the personnel records, disciplinary records, attendance records, promotional records, applicant records, interview assessment forms, and medical records and evaluations, including file covers, for Valerie Darrough Sharp, Kim Conley and Daniel Aponte. Clearly identify any discipline or adverse consequences each individual received for refusing to sign authorization forms.**

The personnel records of the named individuals are enclosed. In each case, the individuals were asked to sign authorization forms solely for the purpose of verifying the absence paperwork. In each case, they received written warnings. Note that Complainant in this case was a "temporary" employee, and under the collective bargaining agreement was subject to a different standard then these other, "permanent" employees.

I have not enclosed the employees' medical files. In order to produce those documents, I would need a signed release from the employees. In addition, I would object on the basis of relevancy, since the medical records will not show anything related to the employees' refusal to sign authorization forms.

Should you have any questions, or require further information, please do not hesitate to contact me.

Very truly yours,

Jeffery M. Peterson
Attorney

Enclosures

EEOC00075

# Exhibit M



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Charge No: 525-2006-01314

Stanley Straughter
935 Edge Creek Trail
Rochester, New York 14609

Charging Party

Delphi Corporation
5825 Delphi Drive
Troy, Michigan 48098

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of this charge filed under Title I of the Americans with Disabilities Act (ADA) of 1990. Timeliness, deferral and all other requirements for coverage have been met.

Charging Party alleged that Respondent's policy of requiring employees who return to work after a sick leave to sign a release of their medical information constitutes a medical inquiry prohibited by the ADA. Charging Party further alleged he was terminated in retaliation for opposing the unlawful medical inquiry policy.

Respondent denied the allegations and stated that the medical inquiries it made were permissible under the ADA. Respondent indicated that as an employer, it is entitled to know why an employee is requesting sick leave, and it may ask for a doctor's explanation, as long as it has a policy or practice of requiring the same of all employees, with or without disabilities. Respondent further indicated that its request for Charging Party to sign the written medical authorization was valid, and his refusal to do so was reasonable grounds for discharge. Respondent contends Charging Party's discharge was not retaliatory, rather it was due to the Charging Party's failure to comply with its standard policy regarding absences. Respondent indicated that it issued written warnings to at least three other individuals who refused to sign its medical releases.

The investigation determined that Respondent subjected Charging Party and a class of employees nationwide to an unlawful policy of making disability-related inquiries that are not job-related and consistent with business necessity, in violation of the ADA. Charging Party offered to sign a revised release that would have allowed Respondent to speak with his doctor and verify the dates he was off work and that it was for a legitimate, medical reason. This should have satisfied

Page 2                                              Charge No.: 525-2006-01314

Respondent's need to verify the absence.  Charging Party's refusal to sign the release as it was written and his objection that the medical inquiry was overly broad was protected activity as defined by the statute.  Consequently, Respondent's discharge of Charging Party for opposing the policy was unlawful retaliation.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices through informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in a collective effort toward a just resolution to this matter.  The confidentiality provisions of Section 107 of the ADA and the Commission Regulations apply to information obtained during conciliation.

When the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

MAY 2 2 2007
_____
Date

_____
Elizabeth Cadle, Director
Buffalo Local Office

# Exhibit N



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Buffalo Status Line: (866) 408-8075
Buffalo Direct Dial: (716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

May 23, 2007

Jeffery M. Peterson, Esq.
Delphi Automotive
Delphi Legal Staff
MC: 480-410-144
5825 Delphi Drive
Troy, MI 48098

Re:    EEOC Charge No.: 525-2006-01314
       Stanley Straughter v. Delphi Corporation

Dear Mr. Peterson:

As stated the in the Letter of Determination for this charge, the U.S. Equal Employment
Opportunity Commission ("Commission" or "EEOC") is interested in starting conciliation
efforts. I would like to outline the remedies the Commission is seeking for the discriminatory
employment practices that have been found to have occurred in violation of Title I of the
Americans with Disabilities Act of 1990 (ADA):

1.  Respondent will comply with the ADA;

2.  Respondent will eliminate at all facilities nationwide its policy of requiring employees
    returning from sick leave to sign medical releases and will cease making any medical
    inquiries or requiring medical examinations prohibited by the ADA;

3.  Within three (3) months from the date this Conciliation Agreement ("Agreement") is
    signed by the Commission, Respondent will provide no fewer than eight (8) hours of
    training in Federal laws prohibiting employment discrimination for all Respondent's
    current employees in all its facilities nationwide. The training will be conducted by an
    outside agency approved by the Commission. Respondent will maintain documentation,
    including a copy of the training materials presented and signed attendance lists to show it
    conducted the required training;

4.  On an annual basis, Respondent will provide no fewer than eight (8) hours of training in
    Federal laws prohibiting employment discrimination for all employees of Respondent in
    all its facilities nationwide. Respondent will conduct this training for the duration of this
    Agreement and will maintain documentation, including a copy of the training materials
    presented and signed attendance lists to show it conducted the required training;



5. For all new employees of Respondent in all its facilities nationwide, within thirty days of date of hire, Respondent will provide no fewer than eight (8) hours of training in Federal laws prohibiting employment discrimination. Respondent will conduct this training for the duration of this Agreement and will maintain documentation, including a copy of the training materials presented and signed attendance lists to show it conducted the required training;

6. Within three (3) months from the date this Conciliation Agreement ("Agreement") is signed by the Commission, Respondent will provide no fewer than sixteen (16) hours of training in Federal laws prohibiting employment discrimination for all Respondent's current management/supervisory employees in all its facilities nationwide. The training will be conducted by an outside agency approved by the Commission. Respondent will maintain documentation, including a copy of the training materials presented and signed attendance lists to show it conducted the required training;

7. On an annual basis, Respondent will provide no fewer than sixteen (16) hours of training in Federal laws prohibiting employment discrimination for all management/supervisory employees of Respondent in all its facilities nationwide. Respondent will conduct this training for the duration of this Agreement and will maintain documentation, including a copy of the training materials presented and signed attendance lists to show it conducted the required training;

8. For all new management/supervisory employees of Respondent in all its facilities nationwide, within thirty days of date of hire, Respondent will provide no fewer than sixteen (16) hours of training in Federal laws prohibiting employment discrimination. Respondent will conduct this training for the duration of this Agreement and will maintain documentation, including a copy of the training materials presented and signed attendance lists to show it conducted the required training;

9. Respondent will submit written documentation to the EEOC, including a copy of the training materials presented and a signed attendance lists, to show it has complied with paragraphs 3-8 of this Agreement. Respondent will submit the documentation to the EEOC within ten (10) days of compliance;

10. Respondent will post EEOC's poster in conspicuous places where employee notices are posted;

11. Respondent will post remedial notices in conspicuous places where employee notices are posted;

12. Respondent will develop and adopt effective antidiscrimination policies and complaint procedures for employees who believe that they have been discriminated against.

EEOC00189

13. Prior to implementation, the Commission will review and approve the proposed policies and procedures. If such a procedure is already in place, Respondent will submit copies of these policies and procedures to the Commission and will permit the EEOC to review, and, if necessary, revise said policies and procedures. Respondent will distribute the Commission's approved policies and procedures within thirty (30) days of this Agreement being signed by the Commission;

14. Respondent agrees that the EEOC may monitor compliance with this Agreement for a period of not less than three (3) years from the date that the Agreement is signed by the Commission, by inspection of the Respondent's premises, records and interviews with employees at reasonable times. Respondent agrees to make available for inspection and copying any records reasonably related to any of these areas, upon notice by the Commission;

15. Respondent will immediately reinstate Charging Party to a Laborer position with permanent employment status and with restoration of all rights and privileges of employment lost as a result of the discrimination, including, but not limited to, restoration of seniority

16. Respondent will make Charging Party whole for all losses suffered as a result of the discrimination, including lost wages and fringe benefits plus interest. Charging Party was discharged on August 17, 2006. After his discharge from Delphi, Charging Party earned $7,044.15 in 2006 and approximately $1,600.00, to date, in 2007;

17. Respondent will compensate Charging Party for emotional harm and distress, pain, suffering, humiliation or embarrassment in the amount of $115,000.00;

18. Respondent agrees not to retaliate against Charging Party or any other person(s) because the individual(s) provided information or assistance, or participated in any other manner, investigation, or proceeding relating to this Agreement.

19. Respondent will provide make-whole relief for any and all other individuals determined to have been harmed by Respondent's discriminatory practices;

20. Respondent will create a $200,000.00 fund to provide for compensatory damages for any and all individuals who have been required to sign an unlawful medical release at any time from January 1, 2005, through the present;

Any conciliation agreement arrived at must be reduced to writing and signed by an authorized representative of the Respondent and, to be effective, must be signed by the Commission's Local Director.

If the Respondent is willing to enter into a conciliation agreement in accordance with the remedies outlined above, or if the Respondent is unwilling to conciliate the charge, please let me know by return letter by **June 6, 2007.**

EEOC00190

In order to effect a successful and equitable conciliation in any future attempts to conciliate this charge, additional information is required by the Commission. Therefore, the following information is requested of Respondent at this time, to be provided to the undersigned by **June 6, 2007**:

a.      Pay rate schedules and methods of compensation for permanent/nonprobationary Laborer positions in effect at any time during the period from January 1, 2006, to the present, including initial rate ranges, schedules for and amounts of increases, and procedures and criteria for pay rate decisions.  Indicate the effective dates for each.

b.      A complete description of all fringe benefits and other non-wage compensation available for n permanent/nonprobationary Laborer positions in effect at any time during the period from January 1, 2006, to the present, including: health, life, disability and other insurance coverage & premium amounts, bonuses, vacation days, paid holidays, overtime-shift differentials, retirement plans and programs, room and board, etc.  Please indicate all eligibility criteria and the effective dates of each.  Provide the amount of employer contributions and, if any, the amount of employee contributions for the benefits, as applicable.

c.      Submit records showing the compensation and job history with the Respondent for n permanent/nonprobationary Laborer positions hired at any time during the period from January 1, 2006, to the present, including initial pay rates, dates, amounts and reasons for all pay rate changes, and all changes in job titles, and the dates and reasons therefore.  Submit also payroll records for each person.

d.      Please identify all rights and privileges of employment available to permanent/nonprobationary Laborer positions at any time during the period from January 1, 2006, to the present, including but not limited to seniority, and all purposes for which seniority has been recognized by the Respondent (for example, for layoff consideration, promotional opportunities, retirement, etc.); advancement opportunities, including normal lines of progression; etc., including effective dates.

I look forward to your timely response.  If you have any questions, please feel free to contact me at (716) 551-5282.

Sincerely,

Jennifer A. Carlo
Investigator

EEOC00191

# Exhibit

# O

# DELPHI

June 12, 2007

<u>Via Facsimile and U.S. Mail</u>

Jennifer Carlo
Investigator
U.S. Equal Employment Opportunity Commission
6 Fountain Plaza, Suite 350
Buffalo, NY 14202

**RECEIVED**
**1 5 JUN 2007**
**E.E.O.C. BULO**

> **Re:  Stanley Straughter v. Delphi Corp.**
> **EEOC Charge No. 525-2006-01314**

Dear Ms. Carlo:

I write in response to the Commission's recent determination and request for conciliation, as well as the telephone message you left for me yesterday.

Respondent does not intend to submit a counter-proposal to the terms of the proposed consent decree. The findings and requested relief are patently excessive and not based on the facts. The determination makes several factual claims that are simply not true. Moreover, the determination appears clearly based on a misapplication of the law in the area of medical examinations and inquiries. (Just as one example, Respondent's actions appear to fall squarely within the type of approach validated by the court in *Transportation Workers Union v. New York City Transit Authority*, 341 F.Supp.2d 432 (S.D.N.Y. 2004) (attached), where the court found that requiring diagnosis information for purpose of addressing attendance problems and safety concerns is "job related and consistent with business necessity").

Moreover, the Commission's apparent view of this case as involving a policy or procedure that extends across Delphi is simply incorrect. There is no evidence to conclude that all Delphi facilities require diagnosis information; in fact, virtually all do not (indeed, diagnosis information is not required for every absence in Rochester).

Delphi might have been willing to enter into discussions about remedies for Mr. Straughter (although certainly not to the degree suggested in the proposed terms). Unfortunately, the Commission appears intent on reaching far beyond making Mr. Straughter whole. Accordingly, we can only conclude that the Commission does not have a genuine interest in reasonably attempting to conciliate this matter.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Jeffery M. Peterson
Attorney

Attachment

Delphi Legal Staff  MC: 480-410-144  5825 Delphi Drive  Troy, MI 48098  Tel: [1] 248.813.1460  Fax: [1] 248.813.1466  E-mail: jeffery.m.peterson@delphi.com

EEOC00195

# Exhibit P



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY  14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Jeffery M. Peterson, Esq.
Delphi Automotive
Delphi Legal Staff
MC: 480-410-144
5825 Delphi Drive
Troy, MI  48098

    Re:    EEOC Charge No. 525-2006-01314
               Stanley Straughter v. Delphi Corporation

Dear Mr. Peterson:

The Commission has determined that efforts to conciliate this charge as required by Title I of the Americans with Disabilities Act of 1990, have been unsuccessful.  This letter is the notice required by Sec. 1601.25 of the Commission's Regulations, which provides that the Commission shall notify a Respondent in writing when it determines that further conciliation efforts would be futile or non-productive.  No further efforts to conciliate this case will be made.

The case is being forwarded to the legal unit in the New York District Office for review to determine whether the EEOC will bring suit in Federal District Court against the Respondent.

On Behalf of the Commission:

Date:    **JUN 1 9 2007**

Elizabeth Cadle, Director
Buffalo Local Office



# Exhibit

# Q



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Stanley Straughter
935 Edge Creek Trail
Rochester, NY 14609

     Re:    Charge No.: 525-2006-01314
              Respondent: Delphi Corporation

Dear Mr. Straughter:

Your case has been referred to the EEOC legal unit in the New York District Office for review to determine whether the EEOC will bring suit in Federal District Court against the above named Respondent. A decision should be forthcoming in the near future. If EEOC decides that it will not bring suit, you will be notified and advised of your private suit rights.

If EEOC decides to bring a civil action under Title I of the Americans with Disabilities Act of 1990, you have the right to seek to intervene in such an action.

                                  Sincerely,

Date:    **JUN 1 9 2007**

                                  Elizabeth Cadle, Director
                                  Buffalo Local Office



# Exhibit R

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

EQUAL EMPLOYMENT OPPORTUNITY : 
COMMISSION, :
                                                          :          CIVIL ACTION NO.
                                    Plaintiff,            :
                                                          :
            -against-                                     :
                                                          :          COMPLAINT
DELPHI CORP.,                                             :          JURY TRIAL DEMANDED
                                                          :
                                    Defendant.            :
-------------------------------------------------------X

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA")

and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to

provide relief to Stanley Straughter ("Charging Party") and to a class of similarly situated

individuals who have been adversely affected by such practices. As alleged with particularity

below, Defendant Delphi Corp. ("Defendant") violated the ADA by making disability-related

inquiries of employees, including Charging Party, for purposes inconsistent with those permitted

by the ADA, and by taking adverse employment action against Charging Party and a class of

similarly situated individuals in retaliation for and interfering with their exercise of their rights

protected by the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. §§ 2000e-5(f)(1) and (3).

1

2.    The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3.    Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.    At all relevant times, Defendant has continuously been a corporation doing business in the State of New York and has continuously employed at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of the lawsuit, Charging Party filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least 2004, Defendant has engaged in unlawful employment practices in violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112(d)(4)(A) and 12203, as outlined below:

2

a.    Charging Party was employed as a Laborer by Defendant from May 22 to August 17, 2006.

b.    On August 14 and 15, 2006, Charging Party called in sick.

c.    On August 16, 2006, Charging Party returned to work with a doctor's note verifying that he had been unable to work due to illness on the two days that he was out.

d.    Defendant informed Charging Party that he was required to sign an authorization form to allow Defendant to obtain information from Charging Party's personal physician about his medical condition.

e.    Charging Party refused to sign the form, stating that he believed the inquiry into his medical condition was unlawful.

f.    Defendant informed Charging Party that it was Defendant's policy to check all doctors' notes to verify that the reasons for the absence are acceptable, and that although an employee could refuse to sign the release, the result would be that Defendant would not accept the excuse for the absence.

g.    Charging Party asked to take a copy of the form and respond the next day. Defendant consented to this request.

h.    Charging Party then modified the form to allow Defendant to verify with his doctor that he had been unable to work on the two days that he was out, but not to discuss his actual medical condition.

i.    When Charging Party presented Defendant with the modified form the next day, he was told that it was unacceptable.

j.    Charging Party again stated his belief that it was unlawful for Defendant to demand to know his medical information.

3

k.    Defendant immediately fired Charging Party for being "an unsatisfactory temporary employee."

9.    The ADA prohibits employers from making inquiries as to whether an employee is an individual with a disability unless the inquiry is shown to be job-related and consistent with business necessity.

10.    Defendant's requirement that employees returning from sick leave sign a release of their medical information is a disability-related inquiry that is not job-related or consistent with business necessity.

11.    Defendant's requirement that employees returning from sick leave sign a release of their medical information and its practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who fail to comply with this unlawful policy constitutes coercion, intimidation and/or interference with employees' exercise or enjoyment of their rights under the ADA.

12.    Defendant's practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who refuse to comply with the unlawful policy constitutes retaliation against such employees for engaging in activity protected by the ADA.

13.    The effect of the practices complained of above has been to deprive Charging Party and a class of other individuals of equal employment opportunities and otherwise adversely affect their status as employees.

14.    The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Charging Party and similarly situated individuals.

15.    The unlawful employment practices complained of above were intentional.

4

16.    The unlawful employment practices complained of above are continuing.

17.    The unlawful employment practices complained of above were done with malice and reckless disregard for the federally protected rights of Charging Party and similarly situated individuals, in violation of 42 U.S.C. § 12101, *et seq.*

### PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A.    Enjoin Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making any disability-related inquiries that are not job-related and consistent with business necessity;

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary including re-instatement to eradicate the effects of Defendants' unlawful employment practices;

D.    Order Defendant to make whole all of those individuals adversely affected by the unlawful employment practices described above by providing compensation for nonpecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

E.    Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above punitive damages for Defendant's malicious and/or reckless conduct in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper.

H.    Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated:  September 27, 2007

Ronald S. Cooper
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

s/Elizabeth Grossman

_____

Elizabeth Grossman
Regional Attorney

s/Judy Keenan

_____

Judy Keenan
Supervisory Trial Attorney

s/Margaret A. Malloy

_____

Margaret A. Malloy
Trial Attorney, U.S. EEOC
33 Whitehall Street, 5th Floor
New York, New York 10004
margaret.malloy@eeoc.gov
Phone 212-336-3690
Fax 212-336-3623

6

# Exhibit S

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**Delphi Corp. et al** | Case Number<br>**05-44481** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
**U.S. Equal Employment Opportunity Commission**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
**Margaret A. Malloy**
**Trial Attorney**
**U.S. Equal Employment Opportunity Commission**
**33 Whitehall St.**
**New York, NY 10004**
**212-336-3690**

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**COPY**

THIS SPACE IS FOR
COURT USE ONLY

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:<br>**NA** | Check here if this claim:  ☐ replaces<br> ☐ amends  a previously filed claim, dated: _____ |
|---|---|

1. BASIS FOR CLAIM:
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☒ Other (Describe briefly): **Violation of Americans with Disabilities Act 42 U.S.C. § 12101 et seq.**
   _____ (date) _____ (date)

   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☒ Wages, salaries, and compensations (fill out below)
     Your SS#: _____
     Unpaid compensation for services performed
     from _____ to _____

RECEIVED
OCT 18 2007
CLAIMS PROCESSING CENTER
USBC, SDNY

2. DATE DEBT WAS INCURRED: **May 21, 2004**     3. IF COURT JUDGMENT, DATE OBTAINED:

4. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: **Unliquidated**
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. SECURED CLAIM.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other: _____
   Value of Collateral: _____
   Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any:

6. UNSECURED PRIORITY CLAIM.
   ☒ Check this box if you have an unsecured priority claim
   Amount entitled to priority $  **unliquidated**
   Specify the priority of the claim:
   ☒ Wages, salaries, or commissions (up to $4,000)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   * Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. CREDITS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. DATE-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE FOR
COURT USE ONLY

**RECEIVED**
OCT 16 2007
KURTZMAN CARSON

| Date<br><br>**October 12, 2007** | Sign and print the name and title any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*[signature]*  Margaret A. Malloy<br>Trial Attorney |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Exhibit

# T

| **United States Bankruptcy Court**<br>Southern District of New York<br><br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | **Administrative<br>Expense Claim<br>Request** | |

**Debtor against which claim is asserted :**
Delphi Corporation, *et al.* 05-444481

**Case Name and Number**
In re Delphi Corporation., *et al.* 05-44481
Chapter 11, Jointly Administered

**NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Request form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case pursuant to 11 U.S.C. § 503.**

**Name of Creditor**
*(The person or other entity to whom the debtor owes money or property)*

**U.S. Equal Employment Opportunity Commission**

Name and Address Where Notices Should be Sent

    **Margaret A. Malloy**
    **U.S. Equal Employment Opportunity Commission**
    **33 Whitehall St.**
Telephone No.  **New York, NY 10004**
    **212-336-3690**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☒ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**
    **N/A**

Check here if this claim ☐ replaces ☐ amends  a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (Describe briefly)
    Violation of Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
   (date)        (date)

**2. DATE DEBT WAS INCURRED**  **August 16, 2006**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $__Unliquidated__**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Brief Description of Claim** (attach any additional information):
EEOC has filed a case in U.S. District Court, WDNY, No. 07-cv-6470, charging Delphi with violating the Americans with Disabilities Act by making prohibited medical inquiries of employees and retaliating against those who object. EEOC seeks monetary and injunctive relief on behalf of a class of employees harmed by the unlawful conduct. This claim covers claims arising after the petition was filed. EEOC is filing a separate proof of claim on behalf of employees harmed prepetition. A copy of the Complaint is attached.

**THIS SPACE IS FOR COURT USE ONLY**

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

**8. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>October 12, 2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*[signature]*    Margaret A. Malloy<br>    Trial Attorney | |

# Exhibit

# U

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                             Plaintiff,                   **ANSWER**

          v.

DELPHI CORP.,                      Civil Action No.
                                      07-CV-6470 (T)

                        Defendant.

Defendant Delphi Corporation ("Delphi" or "the Company"), for its Answer to the Complaint in this action, states and alleges as follows:

1.     Denies the allegations contained in the unnumbered introductory paragraph entitled "NATURE OF THE ACTION" as well as the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, and 17 of the Complaint.

2.     Admits the allegations contained in paragraphs 4, 5 and 6 of the Complaint.

3.     Regarding the allegations contained in paragraph 1 of the Complaint, does not dispute that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1337 and 1345, but denies the remaining allegations of that paragraph.

4.     Regarding the allegations contained in paragraph 2 of the Complaint, admits that the conduct alleged in paragraph 8 of the Complaint allegedly occurred at a Delphi facility within the geographic jurisdiction of the United States District Court for the Western District of New York, but denies the remaining allegations of that paragraph.

5.     Regarding the allegations contained in paragraph 3 of the Complaint, admits that the Equal Employment Opportunity Commission ("EEOC" or the

"Commission") is an agency of the United States of America created by 42 U.S.C. §2000e-4 and that the EEOC is charged by statute with various duties and responsibilities, but denies the remaining allegations of that paragraph.

6.    Regarding the allegations in paragraph 7 of the Complaint, admits that Charging Party Stanley Straughter filed a charge of discrimination with the EEOC more than 30 days prior to the commencement of this action, but denies the remaining allegations of that paragraph.

7.    Regarding the allegations in paragraph 8 of the Complaint, admits that it hired Charging Party effective May 22, 2006 and discharged him effective August 17, 2006, that Charging Party failed to report for work on July 28, 2006, August 14, 2006 and August 15, 2006, that Charging Party asked Delphi to excuse him from work on these dates claiming that he was ill, and that Charging Party refused to execute a Medical Release Authorization that would have allowed Delphi's Plant Medical Director to verify his illness or illnesses and evaluate whether his alleged illness or illnesses justified or excused his failure to report for work, but denies the remaining allegations of that paragraph.

8.    Denies the allegations in paragraph 9 of the Complaint, and relies on the express language of the Americans With Disabilities Act, 42 U.S.C. §12111 *et seq.*, for a complete and accurate description of its terms and prohibitions.

## FIRST AFFIRMATIVE DEFENSE

9.    The Company's request for medical information was prompted by Charging Party's requests that he be excused from work on several days that he failed to report for work allegedly because he was too sick to work. This information was needed

2

to verify the Charging Party's alleged illness and to respond to his claim that he was too

sick to work, and the request was both job-related and consistent with business necessity.

## SECOND AFFIRMATIVE DEFENSE

10.    Upon information and belief, the EEOC's claim is barred to the extent that

it seeks relief for events that occurred more than 180 days prior to the filing of Charging

Party's complaint with the EEOC.

## THIRD AFFIRMATIVE DEFENSE

11.    Charging Party's terms and conditions of employment were established by

a series of collective bargaining agreements between the Company and the United

Automobile Workers of America, AFL-CIO (the "Union"). The Company's treatment of

Charging Party and its decisions concerning his employment were based in whole or in

part on its contractual rights and duties as defined by the terms and conditions of its

collective bargaining agreements with the Union and the shop rules applicable to

Charging Party and other hourly employees.

## FOURTH AFFIRMATIVE DEFENSE

12.    Upon information and belief, the Charging Party is not entitled to any

relief to the extent that he has failed to take reasonable measures to mitigate his alleged

loss.

## FIFTH AFFIRMATIVE DEFENSE

13.    Upon information and belief, any harm, economic or otherwise, that

plaintiff claims to have suffered was caused in whole or in party by his own decisions and

actions.

3

## SIXTH AFFIRMATIVE DEFENSE

14.    Defendant denies that the relief that plaintiff has demanded is available as a matter of law, warranted by Delphi's conduct, or appropriate given all of the pertinent facts and circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

15.    Defendant's treatment of Plaintiff was reasonable and supported by good cause.

## EIGHTH AFFIRMATIVE DEFENSE

16.    The Complaint is defective and barred to the extent that it seeks relief for matters not alleged in the charge of discrimination filed by the Charging Party or for matters not investigated by the Equal Employment Opportunity Commission.

WHEREFORE, defendant Delphi Corporation respectfully requests that the Complaint be dismissed in its entirety on the merits and that it be granted such other and further relief as is just and proper, including the costs, disbursements, and attorneys' fees incurred in the defense of this Complaint.

DATED:        November 30, 2007

WARD NORRIS HELLER & REIDY LLP


By:___/s/ James Holahan_____
      James Holahan, Esq.
*Attorneys for Defendant Delphi Corporation*
300 State Street
Rochester, New York 14614
(585) 454-0700
jch@wnhr.com

4

# Exhibit V

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,                          SCHEDULING ORDER

          v.                                            07-CV-6470T

DELPHI CORP.,

                    Defendant.

---

          Pursuant to the order of the Hon. Michael A. Telesca, United States District

Judge, referring the above case to the undersigned for pretrial procedures and the entry of a

scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16.1(a), and a

conference having been held on **February 7, 2008** with counsel relative to the matter, it is

ORDERED that:

          1.       All mandatory disclosure requirements found in Rule 26(a)(1) of the

Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure

requirements, shall be completed on or before **February 6, 2008**.

          2.       All motions to join other parties and to amend the pleadings shall be filed

on or before **May 23, 2008**. Any third party action shall be commenced on or before **May 23,**

**2008**.

          3.       A **status conference** will be held with the undersigned at 2310 U.S.

Courthouse, Rochester, New York on **July 9, 2008**, at **11:00 a.m.**, to discuss the status of the

case and the possibility of settlement.

4.      All factual discovery in this case, including depositions, shall be completed on or before **July 24, 2008**. All motions to compel discovery shall be filed at least thirty (30) days <u>prior</u> to the factual discovery cutoff.

5.      Parties with the burden of proof as to particular issues shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **June 30, 2008**. Parties shall identify any rebuttal experts and provide reports pursuant to Fed. R. Civ. P. 26 by **July 30, 2008**. Parties shall complete all discovery relating to experts, including depositions, by **August 29, 2008**. The parties reserve their right to offer expert disclosure on the issue of damages. Disclosure of damage experts will take place within sixty days after the resolution of any dispositive motions.

6.      Dispositive motions, if any, shall be filed no later than **October 24, 2008**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Telesca.

7.      A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall **<u>immediately</u>** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

2

(1)    <u>Nature of the Case</u>: Set forth a brief description of the action,

identifying the parties, all counsel of record, the relief requested,

any affirmative defenses and any relationship the case may have to

other pending actions.

(2)    <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive,

pending? If so, briefly describe the motion. Explain if additional

motion practice is necessary before the matter is ready to be tried.

(3)    <u>Settlement</u>: Describe the status of settlement negotiations. If the

parties believe a court supervised settlement/mediation conference

would be of assistance in resolving the case or narrowing disputed

issues, please state.

(4)    <u>Trial</u>: State whether the case is ready for trial. If not, explain why.

Set forth an estimate of how long the trial will take and whether the

case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written

application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for

extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the

deadlines set forth in this order need not be made by formal motion, but rather may be sought in a

3

letter to the court.  Letter requests must detail good cause for the extension and propose new

deadlines.

**IT IS SO ORDERED.**

_Marian W Payson_
_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February ___, 2008

4