**Hearing Date And Time: March 19, 2008 At 10:00 a.m.**
**Response Deadline: March 12, 2008 At 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
**http://www.delphidocket.com**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
    In re                        :  Chapter 11
                             :
DELPHI CORPORATION, et al.,       :  Case No. 05-44481 (RDD)
                             :
                             :  (Jointly Administered)
           Debtors.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' OMNIBUS OBJECTION TO CLAIMS FOR POSTPETITION INTEREST

("OMNIBUS POSTPETITION INTEREST OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,
debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),
hereby file this objection to claims for postpetition interest submitted by certain claimants (the
"Objection").

<u>Background</u>

1.    On December 10, 2007, the Court entered its Order Approving (I)
Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary
Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV)
Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI)
Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition
Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) (the "Solicitation
Procedures Order") and the Debtors filed the First Amended Joint Plan Of Reorganization Of
Delphi Corporation And Certain Affiliates, Debtors, And Debtors-In-Possession (Docket No.
11386) (the "Plan").

2.    On January 25, 2008, the Court entered its Findings Of Fact, Conclusions
Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020
Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain
Affiliates, Debtors And Debtors-In-Possession, As Modified (Docket No. 12359) (the
"Confirmation Order").  The Confirmation Order became a final order on February 4, 2008.

<u>Postpetition Interest Rate Dispute Procedures</u>

3.    The Plan provides for the payment of postpetition interest on general
unsecured claims, other than TOPrs claims, from the petition date through December 31, 2007, at
the Michigan statutory rate of 4.845% (the "Michigan Statutory Rate") or at the applicable

contractual non-default rate. (Plan §§ 1.134, 1.136.)  Pursuant to the Solicitation Procedures

Order, the Debtors distributed a notice regarding postpetition interest rate disputes to thousands

of affected claimants as part of their solicitation package (the "Notice," a copy of which is

attached as Exhibit 1 hereto). The Notice informed affected claimants that they would receive

postpetition interest at the Michigan Statutory Rate unless they followed the instructions in the

Notice for asserting the application of some other contractual rate.  Specifically, the Notice

instructed affected claimants to follow three steps:

- First, to check the appropriate box on the Notice indicating whether the claimant agreed or disagreed with the application of postpetition interest at the Michigan Statutory Rate;

- Second, if the claimant indicated disagreement with the application of the Michigan Statutory Rate, to complete the form attached to the Notice by providing the name of the claimant, a description of the applicable contract or contracts, the asserted interest rate, and supporting documentation;

- Third, to sign and return the Notice to Kurtzman Carson Consultants, LLC before January 11, 2008.

(See Notice at 2.)  The Notice also informed claimants that failure to follow the steps set forth in

the Notice would result in the Debtors' payment of postpetition interest at the Michigan Statutory

Rate.  See id. at 1–2.  The Debtors are entitled to dispute the postpetition interest rates asserted in

notices received from the claimants by filing this Objection. (Solicitation Procedures Order ¶ 46.)

4.        The Debtors received 1,219 responses to the Notice before the January 11,

2008 deadline.  Of these, only 55 challenged the Michigan Statutory Rate. The various

disagreements with the use of the Michigan Statutory Rate fall into three categories: (1) 26

responses assert that postpetition interest should be determined by the language in the claimants'

standard forms and invoices; (2) six responses express disagreement with the application of the

Michigan Statutory Rate, but do not include the information requested in the Notice to support

the asserted postpetition interest rate; and (3) 23 responses assert that, regardless of the contract

rate of interest, by default postpetition interest should not be applied at the Michigan Statutory

Rate but at a different state's rate or a different rate under Michigan statute.

Objection

5.        By this Objection, Debtors seek entry of an order disallowing certain

postpetition interest claims that were returned to the Debtors.

Argument

A.        Claimants Who Disagreed With The Michigan Statutory Rate Are Not Entilted To The Rate Asserted In Their Returned Notices.

6.        The 26 claimants identified in Exhibit 2 hereto dispute the application of

postpetition interest at the Michigan Statutory Rate, and assert that the applicable postpetition

interest rates are set forth in the claimants' standard forms and invoices.  The contractual rates

asserted by the claimants, however, are not controlling because the asserted rates are precluded

by the Debtors' blanket purchase order (the "Purchase Order").  All offers made by the Debtors

to purchase goods are subject to Delphi's general terms and conditions, as specifically set forth in

the Purchase Order.[1]  The Purchase Order includes an integration clause that expressly prohibits

modifications to the agreement without a contractual amendment issued by the Debtors.

7.        In support of their claims to postpetition interest at a contractual rate, the

claimants referenced interest rates found in such claimants' form terms and conditions or

invoices.  This Court, however, has previously noted the preclusive effect of the Purchase Order

on terms appearing in the standard forms of the Debtors' suppliers:

---

[1]        In commercial transactions for the sale of goods, a buyer may include language in an offer, such as a purchase order, that expressly limits acceptance to the terms and conditions of the offer.  If the seller accepts the offer but, nevertheless, incorporates new terms, the buyer will not be bound by such additional terms.  UCC § 2-207(2); Stemcor USA, Inc. v. Trident Steel Corp., 471 F. Supp. 2d 362, 369 (S.D.N.Y. 2006). Despite conflicting writings, parties may still recognize the existence of a contract, but are bound only by the terms with which they both agree.  UCC § 2-207(3); Stemcor USA, 471 F. Supp. 2d at 369.

> [The Purchase Order] has a clear provision providing that it sets forth the complete and final agreement between buyer and seller and that no other agreement in any way modifying any of set terms and conditions will be binding upon that buyer . . . unless made in writing and signed by buyer's authorized representative.  The agreement also incorporates specifically by reference [Delphi's] terms and conditions of January 2001 which, as the agreement states, the supplier has received a copy of.  Those terms and conditions are also in evidence and they provide for, among other things, again, an integration provision requiring that any changes to them be expressly agreed to in writing by DAS [LLC].[2]

(Mar. 1, 2007 Hearing Tr. at 22.)  Moreover, applying Michigan law, this Court also found that the parol-evidence rule "excludes the admission of parol evidence where the party's intent that a written instrument be the complete expression of their agreement is clear on the face of the agreement."  Id. at 25.  Based in part on the language in the Purchase Order, the Court held that the claimant could not rely on parol evidence to challenge the express terms of the purchase order.  Id.

8.    Accordingly, the Debtors are not bound by the interest rates found in the claimants' standard forms and invoices unless the Debtors have provided the claimants with signed, written assent.  The claimants disputing the application of postpetition interest at the Michigan Statutory Rate have not provided such documentation and, therefore, no claimant is entitled to receive postpetition interest at any rate other than the Michigan Statutory Rate.

B.    <u>Claimants Who Failed To Follow The Instructions In The Notice Are Subject To The Michigan Statutory Rate.</u>

9.    Pursuant to the Solicitation Procedures Order, claimants were required to follow the instructions provided in the Notice if they wished to dispute the rate of postpetition interest set forth in the Notice.  (Solicitation Procedures Order ¶ 46.)  The Notice set forth three

---

[2]    The terms and conditions at issue in the March 1, 2007 hearing related to Delphi's 2001 blanket purchase order.  The most recent version of Delphi's terms and conditions is dated March 2004, but the relevant provisions are substantially the same.

steps for claimants to follow if they wished to assert a postpetition interest rate other than the

Michigan Statutory Rate.  In particular, the Notice explicitly required that any claimants

disagreeing with the application of the Michigan Statutory Rate "must supply the information

requested," including the name of the claimant, a description of the applicable contract or

contracts, the asserted interest rate, and supporting documentation.  (See Notice at 4.)  Moreover,

the Notice made clear that failure to follow the instructions could result in payment of

postpetition interest at the Michigan Statutory Rate.  Id.

10.    The six claimants identified in Exhibit 3 hereto returned notices

expressing disagreement with the application of the Michigan Statutory Rate but failing to

comply with the other aspects of the Notice.  Not only do several of these responses suffer from

the same substantive deficiency identified above with respect to claimants that are subject to the

terms of the Purchase Order, but the responses returned by these six claimants are also

procedurally defective as a result of the claimants' failure to follow the instructions set forth in

the Notice.  Specifically, each of the claimants listed on Exhibit 3 failed to provide the

information and supporting documentation required by the Notice to substantiate an asserted rate.

11.    By not following the instructions in the Notice for disputing the

application of the Michigan Statutory Rate, these claimants failed to comply with the procedures

in the Solicitation Procedures Order for contesting the applicable postpetition interest rate.

Accordingly, claimants who did not follow the proper procedures for asserting a postpetition

interest rate other than the rate set forth in the Notice are entitled to receive postpetition interest

only at the default Michigan Statutory Rate.

C.    Claimants Are Estopped From Asserting That The Michigan Statutory Rate Does Not
Apply.

12.    The 23 claimants identified in Exhibit 4 hereto returned notices disputing

the application of postpetition interest at the Michigan Statutory Rate set forth in the Plan and

arguing either that a different rate should apply under Michigan law or that the interest rate of a

state other than Michigan should apply.  This form of challenge to the Plan's stated postpetition

interest rate was not an option under the Solicitation Procedures Order, however, as the Notice

made clear.  These claimants had prior notice of the Plan and an opportunity to object to its

provisions – including the provision regarding postpetition interest at the Michigan Statutory

Rate – but failed to do so.  They cannot use the Notice mechanism, which was designed for a

different purpose, to overcome their failure to object timely to the postpetition application of the

Michigan Statutory Rate.  The claimants are now estopped from asserting that the Michigan

Statutory Rate is an improper measure to calculate postpetition interest.

13.    The confirmation of a plan of reorganization is the equivalent of a final

judgment in ordinary civil litigation and subject to res judicata.  See, e.g., 11 U.S.C. § 1141(a);

Silverman v. Tracar, S.A. (In re American Preferred Prescription, Inc.), 255 F.3d 87, 92 (2d Cir.

2001); Sure-Snap Corp. v. State St. Bank & Trust Co., 948 F.2d 869, 872–77 (2d Cir. 1991).

The doctrine of res judicata bars parties from pursuing claims where they were either parties to

an action, or in privity with parties to an action, in which a court of competent jurisdiction has

entered a final judgment and where the parties could have pursued their claims in the earlier

proceeding.  Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir. 2002); Maharaj v.

Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997).  Moreover, the doctrine bars not only claims

that were brought in the prior proceeding, but "'any other admissible matter' which could have

been brought." <u>Sure-Snap</u>, 948 F.2d at 873–74 (quoting <u>Comm'r of Internal Revenue v. Sunnen</u>, 333 U.S. 591, 597 (1948)).

        14.     The Plan expressly provides for the payment of postpetition interest at either the Michigan Statutory Rate or at an applicable contractual rate.  The appropriate procedure for objecting to the non-contractual rate of postpetition interest provided by the Plan was to file an objection to the Plan, not to assert through the Notice procedures that a different non-contractual rate should apply.  The Court now has confirmed the Plan by entry of the Confirmation Order and the Confirmation Order is final.  Accordingly, the Confirmation Order finally determined the applicable rate of postpetition interest.

<u>Notice Of Objection</u>

        15.     Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

7

WHEREFORE the Debtors respectfully request that the Court (a) enter an order denying the requested claims for postpetition interest and (b) grant them such other and further relief as is just.

Dated: New York, New York
February 22, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

8