# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,                    Chapter 11

           Debtors.                              Case No. 05-44481 (RDD)
----------------------------------------------------------x

## DECLARATION OF ALAN J. MILLER

      **ALAN J. MILLER**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.      I am formerly the Vice President and General Counsel of Internet Corporation EFT a/k/a Internet Corporation (the "Company") and currently act as an attorney for the Company. The Company maintains offices at 301 Commerce Street, Suite 2901, Fort Worth, Texas 76102. Other than as expressly stated herein, this declaration is made on personal knowledge.

      2.      The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

      3.      Prior to the receipt by the Company of the Cure Notice, and during my tenure as the Company's Vice President and General Counsel, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

      4.      The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact.

{00331615.DOC;}

As a result, the Company forwarded the original Cure Notice to Silver Point, with the instructions that Silver Point was to complete (including making all applicable elections) and return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

5. The Company made no investigation as to whether the dollar amounts contained in the Cure Notice matched the dollar amounts contained in the AOC and in the Company's records.

6. The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Troy, Michigan
February 25, 2008

_____
Alan J. Miller

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,                        Chapter 11

                Debtors.                Case No. 05-44481 (RDD)
------------------------------------------------------------x

## DECLARATION OF ALAN J. MILLER

      **ALAN J. MILLER**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.     I am formerly the Vice President and General Counsel of Intermet Corporation, which is the parent company of Intermet Jackson a/k/a Tool Products, LLC (the "Company") and currently act as an attorney for the Company. The Company maintains offices at 301 Commerce Street, Suite 2901, Fort Worth, Texas, 76102. Other than as expressly stated herein, this declaration is made on personal knowledge.

      2.     The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

      3.     Prior to the receipt by the Company of the Cure Notice, and during my tenure as Intermet Corporation's Vice President and General Counsel, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

      4.     The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact.

{00331620.DOC;}

As a result, the Company forwarded the original Cure Notice to Silver Point, with the instructions that Silver Point was to complete (including making all applicable elections) and return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

5.    The Company made no investigation as to whether the dollar amounts contained in the Cure Notice matched the dollar amounts contained in the AOC and in the Company's records.

6.    The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Troy, Michigan
       February 25, 2008

_____
Alan J. Miller

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,                Chapter 11

                Debtors.                Case No. 05-44481 (RDD)
------------------------------------------------------------x

## DECLARATION OF Rex Carlile

Rex Carlile, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.    I am the Chief Financial Officer of Key Plastics, LLC (the "Company"). The Company maintains offices at 21700 Haggerty Road Suite 100N Northville, MI 48167. Other than as expressly stated herein, this declaration is made on personal knowledge.

2.    The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

3.    Prior to the receipt by the Company of the Cure Notice, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

4.    The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact. As a result, the Company forwarded the original Cure Notice to Silver Point, with the instructions that Silver Point was to complete (including making all applicable elections) and return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

{00331621.DOC;}

5.  The dollar amounts contained in the Cure Notice did not match the dollar amounts contained in the AOC and in the Company's records.

6.  The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Northville, Michigan
February 22, 2008

*Rex Carlile*
_____
**Rex Carlile**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,    Chapter 11

              Debtors.    Case No. 05-44481 (RDD)
------------------------------------------------------------x

## DECLARATION OF BRADLEY D. KOHN

      BRADLEY D. KOHN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.    I am the Vice President, General Counsel and Corporate Secretary of MEMC Electronic Materials Inc. (the "Company"). The Company maintains offices at 501 Pearl Drive, St. Peters, Missouri, 63376-0008. Other than as expressly stated herein, this declaration is made on personal knowledge.

      2.    The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

      3.    Prior to the receipt by the Company of the Cure Notice, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

      4.    The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact.

As a result, the Company forwarded the original Cure Notice to Silver Point, with the instructions that Silver Point was to complete (including making all applicable elections) and return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

5. The dollar amounts contained in the Cure Notice did not match the dollar amounts contained in the AOC and in the Company's records.

6. The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 25, 2008
St. Peters, Missouri

*Bradley D. Kohn*
Bradley D. Kohn

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,                Chapter 11

                Debtors.                Case No. 05-44481 (RDD)
-----------------------------------------------------------x

## DECLARATION OF GREGORY B. HARWOOD

      **GREGORY B. HARWOOD**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.      I am the **Assistant General Counsel** of Micron Semiconductor Products Inc. (the "Company"). The Company maintains offices at **8000 S. Federal Way, Boise, Idaho 83716**. Other than as expressly stated herein, this declaration is made on personal knowledge.

      2.      The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

      3.      Prior to the receipt by the Company of the Cure Notice, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

      4.      The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact. As a result, the Company forwarded the original Cure Notice to Silver Point, with the

{00331624.DOC;}

instructions that Silver Point was to complete (including making all applicable elections) and return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

5.  The dollar amounts contained in the Cure Notice did not match the dollar amounts contained in the AOC and in the Company's records.

6.  The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **BOISE, IDAHO**
February 25, 2008

*/s/ Gregory B. Harwood*
Gregory B. Harwood

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,                              Chapter 11

              Debtors.                              Case No. 05-44481 (RDD)
-----------------------------------------------------------x

## DECLARATION OF DENNIS HENNESSY

      **DENNIS HENNESSY**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.      I am the Credit Manager of Multek Flexible Circuits Inc. d/b/a Sheldahl (the "Company"). The Company maintains offices at 1150 Sheldahl Road, Northfield, MN 55057. Other than as expressly stated herein, this declaration is made on personal knowledge.

      2.      The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

      3.      Prior to the receipt by the Company of the Cure Notice, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

      4.      The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact. As a result, the Company forwarded the original Cure Notice to Silver Point, with the

{00331625.DOC;2}

instructions that Silver Point was to complete (including making all applicable elections) and return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

5. The dollar amounts contained in the Cure Notice did not match the dollar amounts contained in the AOC and in the Company's records.

6. The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Northfield, MN
February 22, 2008

_____
DENNIS HENNESSY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,                    Chapter 11

            Debtors.                      Case No. 05-44481 (RDD)
------------------------------------------------------------x

## DECLARATION OF MARK A. GORDON, ESQ.

I Mark A. Gordon, Esq, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am the Assistant General Counsel of ThyssenKrupp USA, Inc., former parent company of Stahl Specialty Company (the "Company"). The Company maintains offices at 111 E. Pacific, Kingsville, Mo. Other than as expressly stated herein, this declaration is made on personal knowledge.

2. The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

3. Prior to the receipt by the Company of the Cure Notice, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

4. The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact.

{00331629.DOC;}

As a result, the Company forwarded the original Cure Notice to Silver Point, with the instructions that Silver Point was to complete (including making all applicable elections) and return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

5. The dollar amounts contained in the Cure Notice did not match the dollar amounts contained in the AOC and in the Company's records.

6. The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **TROY, MICHIGAN**
February 25, 2008

_____
MARK A. GORDON, ESQ

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DELPHI CORPORATION, et al.,                    Chapter 11

            Debtors.                     Case No. 05-44481 (RDD)
-----------------------------------------------------------x

## DECLARATION OF GARY PRELL

      I, Gary Prell, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.     I am the Credit Manager of Waupaca Foundry Inc. (the "Company"). The Company maintains offices at 1955 Brunner Drive, Waupaca, WI 54981. Other than as expressly stated herein, this declaration is made on personal knowledge.

      2.     The Company received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice") from the above-referenced Debtors.

      3.     Prior to the receipt by the Company of the Cure Notice, the Company sold all of its right, title and interest in and to its pre-petition claims against the Debtors to SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P., and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point") via a duly executed Assignment of Claim agreement (the "AOC").

      4.     The Company believed, in good faith, that the AOC meant that Silver Point was to sign the Cure Notice, and had the right to do so as the Company's agent and attorney-in-fact. As a result, the Company forwarded the original Cure Notice to Silver Point, with the instructions that Silver Point was to complete (including making all applicable elections) and

{00331630.DOC;}

return the Cure Notice to the Debtors claims agent as Silver Point deemed fit.

5.  The dollar amounts contained in the Cure Notice did not match the dollar amounts contained in the AOC and in the Company's records.

6.  The completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company, and to further evidence such fact and in order to eliminate any doubts, the Company subsequently executed a ratification power of attorney unequivocally confirming that the prior completion and execution of the Cure Notice by Silver Point was approved and authorized by the Company.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **WAUPACA, WISCONSIN**
February 25, 2008

_____
GARY PREIL