SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
                                        :
     In re                              :     Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :     Case No. 05–44481 (RDD)
                                        :
                 Debtors.               :     (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER (I) DISALLOWING AND EXPUNGING
PROOFS OF CLAIM NUMBERS 2420, 4536, 5761, 5762, 6354, 9272, 16633, AND 16724
AND (II) COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 2422
(STATE OF MICHIGAN, DEPARTMENT OF TREASURY)

Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("DAS LLC"), Delphi Technologies Inc. ("DTI"), and Delphi Automotive Systems Services LLC ("DASS LLC") and certain of their subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and State of Michigan, Department of Treasury ("MDOT"), respectfully submit this Joint Stipulation And Agreed Order (I) Disallowing And Expunging Proofs Of Claim Numbers 2420, 4536, 5761, 5762, 6354, 9272, 16633, And 16724 And (II) Compromising And Allowing Proof Of Claim Number 2422 (State Of Michigan, Department Of Treasury) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors, filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on or about March 27, 2006, MDOT filed proof of claim number 2420 ("Claim 2420") against DAS LLC which asserts an unsecured non-priority claim in the amount of $10,790,199.00 arising from certain use taxes and interest allegedly owed by DAS LLC to MDOT for tax years 1999, 2000, and 2001.

WHEREAS, on or about March 27, 2006, MDOT filed proof of claim number 2422 ("Claim 2422") against DAS LLC which asserts an unsecured priority claim in the amount of $6,386,401.82 arising from certain use and diesel floor taxes and interest allegedly owed by DAS LLC to MDOT for tax years, or portions thereof, 2002, 2003, 2004, and 2005.

WHEREAS, on or about May 2, 2006, MDOT filed proof of claim number 4536 ("Claim 4536") against DASS LLC which asserts an unsecured non-priority claim in the amount of $20,048.53 arising from certain use taxes, penalties and interest allegedly owed by DASS

LLC to MDOT for certain periods in 2000 and 2001.

WHEREAS, on or about May 12, 2006, MDOT filed proof of claim number 5761 ("Claim 5761") against DTI which asserts an unsecured non-priority claim in the amount of $1,250,306.00 arising from certain use taxes and interest allegedly owed by DTI to MDOT for tax years 1999, 2000, and 2001.

WHEREAS, on or about May 12, 2006, MDOT filed proof of claim number 5762 ("Claim 5762") against DTI which asserts an unsecured priority claim in the amount of $1,276,165.80 arising from certain use taxes and interest allegedly owed by DTI to MDOT for tax years, or portions thereof, 2002, 2003, 2004, and 2005.

WHEREAS, on or about May 19, 2006, MDOT filed proof of claim number 6354 ("Claim 6354") against Delphi, including assessments against Delco Electronics Corp. ("Delco"), which asserts an unsecured non-priority claim in the amount of $666,927.27 arising from certain Michigan Single Business Tax ("SBT") and use taxes and interest allegedly owed by Delphi to MDOT for tax years 1999, 2000, and 2001.

WHEREAS, on or about May 19, 2006, MDOT filed proof of claim number 9272 ("Claim 9272") against Delphi, including assessments against Delco, which asserts an unsecured priority claim in the amount of $5,731,238.42 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for tax years, or portions thereof, 1999, 2000, 2002, 2003, 2004, and 2005.

WHEREAS, on or about July 30, 2007, MDOT filed proof of claim number 16633 ("Claim 16633") against Delphi, including assessments against Delco, which asserts an unsecured priority claim in the amount of $12,954,363.21 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for tax years, or portions thereof, 1999, 2000,

2002, 2003, 2004, and 2005.

WHEREAS, on or about October 17, 2007, MDOT filed proof of claim number 16724 ("Claim 16724") against Delphi, including assessments against Delco, which asserts an unsecured priority claim in the amount of $10,459,293.50 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for tax years, or portions thereof, 2002, 2003, 2004, and 2005.

WHEREAS, on August 24, 2007, the Debtors objected to Claim 2420, Claim 2422, Claim 4536, Claim 5761, Claim 5762, Claim 6354, Claim 6383, and Claim 9272 pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

WHEREAS, on September 11, 2007, MDOT filed its Response of the State of Michigan, Department of Treasury To Debtor's 20th Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (C) Claims Not Reflected On The Debtor's Books And Records, And (E) Tax Claims Subject To Modification (Docket No. 9337) (the "Twentieth Omnibus Response"), and in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), Claim

4

2420, Claim 2422, Claim 4536, Claim 5761, Claim 5762, Claim 6354, Claim 6383, and Claim 9272 were adjourned until a date to be decided by the Debtors.

WHEREAS, on September 21, 2007, the Debtors objected to Claim 16633 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

WHEREAS, on October 4, 2007, MDOT filed its Response of the State of Michigan, Department of Treasury to Debtor's Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (E) Untimely Claims (Docket No. 10445) (the "Twenty-First Omnibus Response"), and in accordance with the Claims Objection Procedures Order, Claim 16633 was adjourned until a date to be decided by the Debtors.

WHEREAS, on October 26, 2007, the Debtors objected to Claim 16724 and Claim 16725 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

WHEREAS, on November 15, 2007, MDOT filed its Response of the State of Michigan, Department of Treasury to Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (E) Untimely Claims (Docket No. 10945) (the "Twenty-Second Omnibus Response") and in accordance with the Claims Objection Procedures Order, Claim 16724 and Claim 16725 were adjourned until a date to be decided by the Debtors.

WHEREAS, Claim 16724 amends and supersedes Claim 9272 and Claim 16633 as it relates to the use tax assessments.

WHEREAS, on February 12, 2008, to resolve (a) the Twentieth Omnibus Claims Objection with respect to Claim 2420, Claim 2422, Claim 4536, Claim 5761, Claim 5762, Claim 6354, and Claim 9272, (b) the Twenty-First Omnibus Claims Objection with respect to Claim 16633, and (c) the Twenty-Second Omnibus Claims Objection with respect to Claim 16724, Delphi, DAS LLC, DTI, DASS LLC, and MDOT entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, Delphi, DAS LLC, DTI, and DASS LLC acknowledge and agree that (a) Claim 2422 shall be allowed against DAS LLC as an unsecured priority tax claim in the amount of $1,500,000.00 and (b) Claim 2420, Claim 4536, Claim 5761, Claim 5762, Claim 6354 (other than assessments for SBT taxes), Claim 9272 (other than assessments for SBT taxes), Claim 16633 (other than assessments for SBT taxes), and Claim 16724 (other than assessments for SBT taxes) shall be disallowed and expunged from the record with prejudice.

WHEREAS, the Debtors are authorized to enter into the Settlement Agreement either because the claims, as mentioned above, involve ordinary course controversies or pursuant

6

to the Amended and Restated Order Under 11 U.S.C. §§ 363, 502, and 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and MDOT stipulate and agree as follows:

1. Claim 2420 shall be disallowed and expunged from the record with prejudice.

2. Claim 4536 shall be disallowed and expunged from the record with prejudice.

3. Claim 5761 shall be disallowed and expunged from the record with prejudice.

4. Claim 5762 shall be disallowed and expunged from the record with prejudice.

5. Claim 6354 (other than assessments for SBT taxes) shall be disallowed and expunged from the record with prejudice.

6. Claim 9272 (other than assessments for SBT taxes) shall be disallowed and expunged from the record with prejudice.

7. Claim 16633 (other than assessments for SBT taxes) shall be disallowed and expunged from the record with prejudice.

8. Claim 16724 (other than assessments for SBT taxes) shall be disallowed and expunged from the record with prejudice.

9. Claim 2422 shall be allowed in the amount of $1,500,000.00 and shall be treated as an unsecured priority tax claim against the estate of DAS LLC.

10. The Twentieth Omnibus Claims Objection with respect to Claim 2420, Claim 2422, Claim 4536, Claim 5761, Claim 5762, Claim 6354 (other than assessments for SBT taxes), and Claim 9272 (other than assessments for SBT taxes) and the Twentieth Omnibus Response (other than as it relates assessments for SBT taxes) shall be deemed resolved.

11. The Twenty-First Omnibus Claims Objection with respect to Claim 16633 (other than assessments for SBT taxes) and the Twenty-First Omnibus Response (other than as it relates assessments for SBT taxes) shall be deemed resolved.

12. The Twenty-Second Omnibus Claims Objection with respect to Claim 16724 (other than assessments for SBT taxes) and the Twenty-Second Omnibus Response (other than as it relates assessments for SBT taxes) shall be deemed resolved.

So Ordered in New York, New York, this 25th day of February, 2008

    /s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Peggy A. Housner |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Albert L. Hogan, III<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | Peggy A. Housner<br>Assistant Attorney General<br>MICHAEL A. COX, ATTORNEY GENERAL<br>3030 W. Grand Boulevard<br>10th Floor-Suite 200<br>Detroit, Michigan 48202<br>(313) 456-0140<br><br>Attorney for State of Michigan, Department of Revenue |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession