TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                            :
In re:                                      :
                                            :    Chapter 11
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 [RDD]
                                            :
                Debtors.                    :    Jointly Administered
                                            :
-------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 11979 AND DISALLOWING CLAIM 11980 (HAYES LEMMERZ INTERNATIONAL INC., HAYES LEMMERZ INTERNATIONAL-WABASH, INDUSTRIAS FRONTERIZIAS S.A. DE C.V.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), Hayes Lemmerz International Inc. ("HLI"), Hayes Lemmerz International-Wabash ("HL Wabash"), Industrias Fronterizias S.A. de C.V. ("Industrias," and with HLI and HL Wabash, "Claimants") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 11979 And Disallowing Proof Of

Claim 11980 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS**, on or about July 28, 2006, Claimants filed proof of claim number 11979 against DAS LLC (the "DAS Claim") in the amount of $499,401.49 secured in the amount of $379,814.00 by rights of setoff, with the balance unsecured.

**WHEREAS**, on or about July 28, 2006, Claimants also filed proof of claim number 11980 against Delphi Corporation (the "Delphi Corporation Claim," and together with the DAS Claim, the "Claims") in the amount of $499,401.49 secured in the amount of $379,814.00 by rights of setoff, with the balance unsecured.

**WHEREAS**, on or about January 11, 2006, Claimant sought to assert rights of setoff pursuant to section 553 of the Bankruptcy Code (the "Setoff").

**WHEREAS**, Claimants allege that they collectively owe DAS LLC a prepetition receivable in the amount of $379,814.00 (the "Receivable").

**WHEREAS**, the Parties have reconciled the amount of the Claims and the Receivable.

**WHEREAS**, the Parties disagree whether the Receivable and Claims are mutual.

**WHEREAS,** on December 8, 2006, the Debtors objected to the Delphi Corporation Claim pursuant to the Debtors' Fourth Omnibus Objection (Procedural)

2

Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Duplicate And Amended Claims (Docket No. 6099) (the "Fourth Omnibus Claims Objection") on the ground that the Delphi Corporation Claim is duplicative;  and

**WHEREAS**, on February 15, 2008, the Debtors objected to the DAS Claim pursuant to the Debtors' Twenty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claim Asserting Reclamation ("Twenty-Sixth Omnibus Claims Objection");  and

**WHEREAS,** on January 3, 2007, Claimant filed a Response to the Fourth Omnibus Claims Objection (Docket No. 6385) (the "Response");  and

**WHEREAS,** on February 19, 2008, to resolve the Fourth Omnibus Claims Objection with respect to the Delphi Corporation Claim, to resolve the Twenty-Sox Omnibus Claim Objection with respect to the DAS Claim, to resolve the Setoff, to permit DAS LLC to recover the Receivable, and to set the amounts of claims against DAS LLC, the Debtors and Claimants entered into a settlement agreement (the "Settlement Agreement");  and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the DAS Claim shall be allowed against DAS LLC in the amount of $363,106 as a general unsecured non-priority claim, $203,562 of which shall be in favor of Industrias and $159,544 of which shall be in favor of HL Wabash;  and

**WHEREAS,** the Debtors are authorized to enter into the Settlement

3

Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and Claimant stipulate and agree as follows:

1. The DAS Claim shall be allowed against DAS LLC in the amount of amount of $363,106 as a general unsecured non-priority claim, $203,562 of which shall be in favor of Industrias and $159,544 of which shall be in favor of HL Wabash, and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

2. The Delphi Corporation Claim shall be disallowed and expunged

3. The Response is hereby withdrawn.

4. The Debtors will offset or reduce the DAS Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Industrias or Wabash is a party.

5. The Settlement Agreement does not impact, alter or affect any other proofs of claim that Claimant has filed against the Debtors and relates solely to those matters arising out of or related to the Claims.

4

[signatures completed on following page]

[signatures completed on following page]

Dated:  New York, New York
         February 21, 2008

         DELPHI CORPORATION, et al.,
         Debtors and Debtors-in-Possession,
         By their Bankruptcy Conflicts Counsel,
         TOGUT, SEGAL & SEGAL LLP,
         By:

         /s/ Neil Berger
         NEIL BERGER (NB-3599)
         A Member of the Firm
         One Penn Plaza, Suite 3335
         New York, New York 10119
         (212) 594-5000


Dated:  New York, New York
         February 21, 2008

         HAYES LEMMERZ INTERNATIONAL INC.,
         HAYES LEMMERZ INTERNATIONAL-
         WABASH, INDUSTRIAS FRONTERIZIAS S.A.
         DE C.V.),
         By their Counsel,
         BODMAN LLP

         /s/ Ralph McDowell
         RALPH MCDOWELL
         Sixth Floor at Ford Field
         1901 St. Antoine Street
         Detroit, Michigan 48226
         (313) 259-7777

**SO ORDERED**

This <u>26th</u> day of <u>February</u>, 2008
in New York, New York


____/s/Robert D. Drain_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE