UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

---

## THIRD SUPPLEMENTAL AFFIDAVIT OF LEGAL
## ORDINARY COURSE PROFESSIONAL

STATE OF NEW JERSEY       )
                          ) ss:
COUNTY OF MORRIS          )

Douglas J. McGill, being duly sworn, deposes and says:

1. I am a partner of Drinker Biddle & Reath LLP ("Drinker Biddle") which firm maintains offices at, among other locations, 140 Broadway, 39th Floor, New York, New York 10005-1116, One Logan Square, 18th & Cherry Streets, Philadelphia, Pennsylvania 19103-6996, Suite 1100, 1500 K Street, N.W., Washington, D.C. 20005-1209, and at two offices in New Jersey.

2. Unless otherwise stated in this supplemental affidavit, I have personal knowledge of the facts set forth herein. To the extent that any information disclosed herein requires further amendment or modification upon Drinker Biddle's further analysis, or as additional information becomes available, subsequent affidavits will be submitted to this Court.

3. On January 3, 2006, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed with this Court my initial affidavit in support of Drinker Biddle's retention as an ordinary course professional in these cases [Docket No. 1710] (the "Initial Affidavit").

4. On or about March 5, 2007, I filed a supplemental affidavit in support of Drinker Biddle's retention [Docket No. 7119 ] (the "Supplemental Affidavit").

5. On or about July 12, 2007, I filed a second supplemental affidavit in further support of Drinker Biddle's retention [Docket No. 8584] (the "Second Supplemental Affidavit").

6. The Initial Affidavit, the Supplemental Affidavit and the Second Supplemental Affidavit were filed in connection with the Debtors' retention of Drinker Biddle pursuant to

section 327(e) of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code") to provide advice and counsel to the Debtors with respect to certain antitrust issues, and also in connection with any environmental matters that may arise in New Jersey or under New Jersey law.

7.    Except as disclosed herein and in the Initial Affidavit, the Supplemental Affidavit and the Second Supplemental Affidavit, neither I, Drinker Biddle, nor any partner thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys.

## Supplemental Disclosure

8.    Drinker Biddle represents Henkel Corporation and Henkel Surface Technologies (collectively, "Henkel"), creditors of one or more of the Debtors, in connection with the Debtors' cases, but in connection with matters unrelated to Drinker Biddle's representation of the Debtors.

9.    The Debtors have consented in writing to Drinker Biddle's representation of Henkel, so long as the Drinker Biddle lawyers representing Henkel are screened in this engagement from those Drinker Biddle lawyers advising the Debtors. Similarly, Henkel has consented to Drinker Biddle's continued representation of the Debtors, so long as Drinker Biddle lawyers representing the Debtors are screened from those lawyers representing Henkel.

10.    As a result, Drinker Biddle has instituted a screen between its lawyers advising Henkel on the one hand, and its lawyers advising the Debtors, on the other hand. The Drinker Biddle lawyers involved have been advised that they may not communicate with any person on the other side of the screen about matters relating to the Debtors' bankruptcy cases or the matters involving Henkel and the Debtors.

11.    Except as set forth herein, neither I, Drinker Biddle, nor any partner thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which Drinker Biddle is to be engaged.

I have read this Third Supplemental Affidavit, and, to the best of my knowledge, information and belief, the contents of this Supplemental Affidavit are true and correct.

FURTHER AFFIANT SAYETH NOT

_____
DOUGLAS J. MCGILL

Subscribed and sworn before me
this 27th day of February, 2008

_____
Notary Public

DIANE MEANEY
A Notary Public of New Jersey
My Commission Expires July 29, 2011

2

# CERTIFICATE OF SERVICE

    Steven R. Alfred, legal assistant, hereby certifies that on February 27, 2008, he served a copy of the Third Supplemental Affidavit of Legal Ordinary Course Professional of Douglas J. McGill on behalf of Drinker Biddle & Reath LLP, upon the following interested parties via first class mail:

Delphi Corporation
Attention: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom
Attention: John W. Butler, Jr., Esq.
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

United States Trustee
Attention: Alicia M. Leonhard, Esq.
33 Whitehall Street
Suite 2100
New York, NY 10044

Latham & Watkins
Attention: Mark A. Broude, Esq.
885 Third Avenue
New York, NY 10022

Simpson Thacher & Bartlett LLP
Attention: Marissa Wesley, Esq.
425 Lexington Avenue
New York, NY 10017

Davis Polk & Wardwell
Attention: Marlane Melican, Esq.
450 Lexington Avenue
New York, NY 10017

Dated: February 27, 2008

_____
Steven R. Alfred
Legal Assistant
Drinker Biddle & Reath LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100

Subscribed and sworn to before
me this 27th day of February 2008

_____
Notary Public

DIANE MEANEY
A Notary Public of New Jersey
My Commission Expires July 29, 2011

SFNJ1 1099415v3