UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                                 :         Chapter 11
:
DELPHI CORPORATION, et al.,         :         Case No. 05-44481 (RDD)
:
                           Debtors.     :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FIRST ORDER PURSUANT TO SOLICITATION PROCEDURES ORDER,
CONFIRMATION ORDER, PLAN OF REORGANIZATION, 11 U.S.C. § 105(a), AND FED.
R. BANKR. P. 9010 STRIKING CERTAIN NON-CONFORMING CURE AMOUNT
NOTICES AND OBJECTIONS IDENTIFIED IN NON-CONFORMING CURE NOTICE
<u>MOTION</u>

("FIRST NON-CONFORMING CURE NOTICE ORDER")

Upon the Expedited Motion To Strike (i) Non-Conforming Cure Amount Notices

And (ii) Improper Objections Pursuant To Solicitation Procedures Order, Confirmation Order,

Plan of Reorganization, 11 U.S.C. § 105(a), And Fed. R. Bankr. P. 9010 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of

the hearing held on February 21, 2008 and February 26, 2008; and after due deliberation thereon;

and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

  A. Each party listed on Exhibits A-1, A-2, B, and C hereto was properly and timely served with a copy of the Motion and notice of the deadline for responding to the Motion. No other or further notice of the Motion is necessary.

  B. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

  C. The parties who did not file an objection to the Motion to strike the cure notices are listed on Exhibit A-1 (No Objection Filed/Default Treatment) and Exhibit A-2 (No Objection Filed/Unauthorized Instructions) hereto.

  D. The Debtors have withdrawn the Motion with respect to parties who have submitted Cure Amount Notices, [2] Duplicate Notices, or self-made notices as referenced on Exhibit B (Motion Withdrawn) hereto. The Debtors reserve their rights (a) to move to strike the cure notices of such parties on other bases or (b) to object to the amount of the cure asserted to the extent such amount is inconsistent with the Debtors' books and records.

  E. The Debtors continue to dispute the validity of the cure notices set forth on Exhibit C (Disputed Notices) hereto.

  F. With respect to the Objection of DGC-Plastic Molding Inc. to Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization, filed on February 8, 2008 (Docket No. 12561) (the "DGC Objection"), there is no evidence that DGC-Plastic Molding Inc. ("DGC") or any individual or entity authorized by DGC returned a cure notice, including, without limitation, the Cure Amount Notice served upon DGC.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

  G. The relief requested in the Motion as granted herein is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

  1. The Motion is granted as set forth herein, and all objections to the Motion, to the extent not withdrawn or moot, are hereby resolved or adjourned as set forth herein.

  2. With respect to the cure notices set forth on <u>Exhibit A-1 (No Objection Filed/Default Treatment)</u> hereto, such notices are hereby stricken and each applicable counterparty shall receive, in full satisfaction of such counterparty's cure amount, the default cure election treatment set forth in Article 8.2(a) of the Plan (the "Default Treatment")[3] in the cure amount proposed by the Debtors and listed on the schedule attached to the applicable Cure Amount Notice and set forth on <u>Exhibit A-1 (No Objection Filed/Default Treatment)</u> hereto.

  3. With respect to cure notices set forth on <u>Exhibit A-2 (No Objection Filed/Unauthorized Instructions)</u> hereto, the unauthorized instructions are hereby stricken and the Debtors shall not be required to pay any party other than the counterparty in connection with the assumption of such executory contracts.

  4. With respect to the cure notices set forth on <u>Exhibit B (Motion Withdrawn)</u> hereto, the Debtors are hereby authorized to honor such notices as submitted.

  5. The cure notices listed on <u>Exhibit C (Disputed Notices)</u> hereto are hereby adjourned for further hearing on February 26, 2006 at 10 a.m. (prevailing Eastern time) for a hearing on whether the cure notices, as submitted, satisfy the standards set forth in <u>Pioneer Inv.</u>

---

[3] For the avoidance of doubt, the default cure election treatment set forth in Article 8.2(a) of the Plan is the payment of a party's allowed cure amount in New Common Stock (as defined in the Plan) and Discount Rights (as defined in the Plan) in the same proportion as that received by holders of Allowed General Unsecured Claims (as defined in the Plan).

3

Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993) and are not subject to the terms of this order.

      6.      The DGC Objection is hereby stricken and the applicable counterparty shall receive the Default Treatment in the cure amount proposed by the Debtors and listed on the schedule attached to the applicable Cure Amount Notice and set forth on Exhibit A-1 hereto in full satisfaction of such counterparty's cure amount.

      7.      The Debtors shall not honor more than one cure notice with respect to a particular purchase order or assumable contract or lease and, accordingly, duplicate notices are hereby stricken.

      8.      Entry of this order is without prejudice to the Debtors' rights to (a) move to strike a cure notice subject to this Motion on bases not yet asserted, (b) move to strike a cure notice not subject to this Motion on any bases, and (c) object to the amount of the cure asserted to the extent such amount is inconsistent with the Debtors' books and records.

      9.      In furtherance of Article 7.15 of the Plan, the Debtors are hereby authorized to update their file of Rights Offering Eligible Holders (as defined in the Plan) as a result of this order.

      10.      Each of the requests for relief by the Debtors to each dispute addressed in the Motion constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each such dispute that is the subject of the Motion. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the recognition of any cure dispute asserted against any of the Debtors.

11. Kurtzman Carson Consultants LLC is hereby authorized and directed to serve this order, including exhibits, upon the master service list and the 2002 list and all parties whose cure are the subject of this order.

12. This Court shall retain jurisdiction over the Debtors and the holders of cure payments subject to the Motion to hear and determine all matters arising from the implementation of this order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
February 27, 2008

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE