UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                :          Chapter 11
:
DELPHI CORPORATION, et al.,       :          Case No. 05-44481 (RDD)
:
                     Debtors.    :          (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECOND ORDER PURSUANT TO
SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF
REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010 STRIKING
CERTAIN NON-CONFORMING CURE AMOUNT NOTICES AND OBJECTIONS
<u>IDENTIFIED IN NON-CONFORMING CURE NOTICE MOTION</u>

("SECOND NON-CONFORMING CURE NOTICE ORDER")

Upon the Expedited Motion To Strike (i) Non-Conforming Cure Amount Notices And (ii) Improper Objections Pursuant To Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), And Fed. R. Bankr. P. 9010 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and this Court having found that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) each matter raised by the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and the Debtors' having withdrawn their Motion against the cure notice submitted on behalf of Heraeus, Inc.; and this Court having determined that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest; and proper and adequate notice of the Motion having

been given and no other or further notice being necessary; and upon the record of the hearing held on February 21, 2008 and February 26, 2008 (the "Hearing"); and upon the factual findings made by this Court on the record; and after due deliberation thereon; and good and sufficient cause appearing therefore for the reasons stated by the Court at the Hearing, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is denied as set forth herein with respect to the cure notices listed on Appendix A hereto, and the Objection of ASM Capital L.P. and ASM Capital II L.P. (collectively, "ASM") to the Debtors' Motion (Docket No. 12723) is sustained in part as set forth herein and the Objection of Certain Contract Counterparties to the Debtors' Motion (Docket No. 12721) as it relates only to Heraeus, Inc. is hereby moot.

2. The cure notices submitted by ASM and listed on Appendix A hereto are hereby deemed to be conforming cure notices and, subject to the provisions of this Order, the Debtors shall honor such cure notices as submitted in accordance with the Solicitation Procedures Order (Docket No. 11389) and the Plan, as modified by the Confirmation Order (Docket No. 12359).

3. With respect to the cure notice submitted on behalf of Heraeus, Inc., subject to the provisions of this Order, the Debtors shall honor such cure notice as submitted and in accordance with the Solicitation Procedures Order (Docket No. 11389) and the Plan, as modified by the Confirmation Order (Docket No. 12359).

4. The Debtors shall not honor more than one cure notice with respect to a particular purchase order or assumable contract or lease and, accordingly, duplicate notices are hereby stricken.

5. Entry of this order is without prejudice to the Debtors' rights to (a) move to strike a cure notice subject to this Motion on bases not yet asserted, (b) move to strike a cure notice not subject to this Motion on any bases, and (c) object to the amount of the cure asserted to the extent such amount is inconsistent with the Debtors' books and records.

6. In furtherance of Article 7.15 of the Plan, the Debtors are hereby authorized to update their file of Rights Offering Eligible Holders (as defined in the Plan) as a result of this order.

7. Each of the requests for relief by the Debtors to each dispute addressed in the Motion constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each such dispute that is the subject of the Motion. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the recognition of any cure dispute asserted against any of the Debtors.

8. Kurtzman Carson Consultants LLC is hereby authorized and directed to serve this order, including exhibits, upon the master service list and the 2002 list and all parties whose cure are the subject of this order.

9. This Court shall retain jurisdiction over the Debtors and the holders of cure payments subject to the Motion to hear and determine all matters arising from the implementation of this order.

10. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       February 27, 2008

                              /s/Robert D. Drain
                         UNITED STATES BANKRUPTCY JUDGE