UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
   In re                                  :          Chapter 11
:
DELPHI CORPORATION, et al.,       :          Case No. 05-44481 (RDD)
:
                  Debtors.    :          (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIRD ORDER PURSUANT TO
SOLICITATION PROCEDURES ORDER, CONFIRMATION ORDER, PLAN OF
REORGANIZATION, 11 U.S.C. § 105(a), AND FED. R. BANKR. P. 9010 STRIKING
CERTAIN NON-CONFORMING CURE AMOUNT NOTICES AND OBJECTIONS
IDENTIFIED IN NON-CONFORMING CURE NOTICE MOTION

("THIRD NON-CONFORMING CURE NOTICE ORDER")

        Upon the Expedited Motion To Strike (i) Non-Conforming Cure Amount Notices And (ii) Improper Objections Pursuant To Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), And Fed. R. Bankr. P. 9010 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and this Court having found that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) each matter raised by the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest; and proper and adequate notice of the Motion having been given and no other or further notice being necessary; and upon the record of the hearing held on February 21, 2008

and February 26, 2008 (the "Hearing"); and upon the factual findings made by this Court on the record; and after due deliberation thereon,; and good and sufficient cause appearing therefore for the reasons stated by the Court at the Hearing, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted as set forth herein with respect to the cure notices listed on Schedule A hereto, and all applicable objections to the Motion, to the extent not already adjudicated by the First or Second Non-Conforming Cure Notice Order are hereby overruled.

2. The cure notices listed on Schedule A hereto are hereby stricken on the grounds set forth on Schedule A and each applicable counterparty shall receive, in full satisfaction of such counterparty's cure amount, the default cure election treatment set forth in Article 8.2(a) of the Plan[1] in the cure amount proposed by the Debtors, which amount is listed on the schedule attached to the applicable original cure amount notice and also set forth on Schedule A hereto.

3. The Debtors shall not honor more than one cure notice with respect to a particular purchase order or assumable contract or lease and, accordingly, duplicate notices are hereby stricken.

4. Entry of this order is without prejudice to the Debtors' rights to (a) move to strike a cure notice subject to this Motion on bases not yet asserted, (b) move to strike a cure notice not subject to this Motion on any bases, and (c) object to the amount of the cure asserted to the extent such amount is inconsistent with the Debtors' books and records.

---

[1] For the avoidance of doubt, the default cure election treatment set forth in Article 8.2(a) of the Plan is the payment of a party's allowed cure amount in New Common Stock (as defined in the Plan) and Discount Rights (as defined in the Plan) in the same proportion as that received by holders of Allowed General Unsecured Claims (as defined in the Plan).

5.      In furtherance of Article 7.15 of the Plan, the Debtors are hereby authorized to update their file of Rights Offering Eligible Holders (as defined in the Plan) as a result of this order.

6.      Each of the requests for relief by the Debtors to each dispute addressed in the Motion constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each such dispute that is the subject of the Motion.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the recognition of any cure dispute asserted against any of the Debtors.

7.      Kurtzman Carson Consultants LLC is hereby authorized and directed to serve this order, including exhibits, upon the master service list and the 2002 list and all parties whose cure are the subject of this order.

8.      This Court shall retain jurisdiction over the Debtors and the holders of cure payments subject to the Motion to hear and determine all matters arising from the implementation of this order.

9.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        February 27, 2008

                                        ___/s/Robert D. Drain_____
                                        UNITED STATES BANKRUPTCY JUDGE