# Exhibit A

Hearing Date & Time: February 29, 2008 at 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
　　Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                           :
　　　In re                           :       Chapter 11
                                                           :
DELPHI CORPORATION, et al.,       :       Case No. 05-44481 (RDD)
                                                           :
                                      :       (Jointly Administered)
                      Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF
DEBTORS' OBJECTION TO UNITED STATES OF AMERICA'S
MOTION FOR LEAVE TO FILE LATE CLAIM


("GERSHBEIN DECLARATION—EEOC")

I, Evan Gershbein, state as follows:

1.      I am over eighteen years of age and not a party to the above-captioned
cases.  I believe the statements contained herein are true based on my personal
knowledge.  I am one of the Senior Consultants employed by Kurtzman Carson
Consultants LLC ("KCC") and my business address is 2335 Alaska Avenue, El Segundo,
California 90245.  KCC was retained as the noticing agent pursuant to the Final Order
Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson
Consultants LLC As Claims, Noticing, And Balloting Agent for Clerk Of Bankruptcy
Court entered by this Court on December 1, 2005 (Docket No. 1374) in the chapter 11
cases of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and
debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  I am
familiar with KCC's routine practices and procedures for the mailing of notices and other
pleadings.  This declaration is based upon my personal knowledge, except as to such
matters as are stated upon information and belief.

2.      KCC has been the claims and noticing agent for numerous large
bankruptcy cases.  To fulfill this role, we have established a number of safeguards to
make certain that notices and other pleadings are served in a proper manner.  Our service
procedures are specifically designed to insure that documents are always properly
addressed and mailed.  Our procedures for mailing documents, including bar date notices
in chapter 11 cases, are generally outlined as follows:

  a.      Placement Of Documents Into An Envelope:  When mailing out
          notices of a bar date ("Bar Date Notices"), KCC generates a
          personalized proof of claim form for each party on a relevant

service list, collates that personalized proof of claim form with a

Bar Date Notice, and places both documents into an envelope.

These tasks are performed by the KCC Production Department.

b.    Affixing Of The Proper Postage:  Once we review and approve

random samples of completed packages, employees assigned to the

KCC Production Department apply the proper postage to all

completed packages prior to mailing.

c.    Placing Of Letter Into An Outgoing Mail Receptacle:  Depending

upon the completion time of the mailing, we either direct our

regular courier to take the mail directly to a post office (or post

offices, if necessary) or we physically deliver it to a post office

ourselves.  For the Debtors' Bar Date Notice we served in the

above captioned cases, our regular courier delivered the Bar Date

Notice packages to a post office facility in Los Angeles, California

on April 20, 2006.

d.    Retention Of Electronic Data Files:  KCC retains the electronic

data files used to create the personalized proof of claim forms.

e.    Records Of Each Mailing:  I execute and file affidavits of service

for most mailings.  I include a specific service list containing a

listing of all parties to receive a notice of an order in my notarized

and filed affidavits of service.

05-44481-rdd   Doc 12907-1   Filed 02/28/08   Entered 02/28/08 07:10:34   Exhibit A
Pg 5 of 7

      f.     <u>Monitoring Of Returned Mail</u>:  We preprint the return address (<u>i.e.</u>, KCC's address) on our envelopes.  We receive and carefully maintain the mail sent out and returned to our office.

3.     In preparation of the mailing of the Debtors' Bar Date Notice, I personally supervised the following:

      a.     <u>Creation Of Data Files Used To Merge Address Information Into Notices</u>:  I directed the reformatting of the Debtors' Bar Date Notice data files, including the extraction and incorporation of the various claimants' address information from KCC's database into those data files.

      b.     <u>Submit Data Files And Bar Date Notice To Production Staff</u>:  My colleagues and I provided the data files and the Debtors' Bar Date Notices to a technological programming consultant, an employee who is trained to operate the software used by KCC to generate personalized proof of claim forms.

      c.     <u>Monitor Preparation Of Merge Project</u>:  I monitored the creation of the process by which we merged the data files to prepare the envelopes containing the Debtors' Bar Date Notices for mailing.  I, along with another KCC employee, reviewed and approved samples of printed copies of proof of claim forms with the merged mailing addresses and instructed a technological programming consultant to print hard copies of the Debtors' Bar Date Notices for the service.

d.   <u>Review printed documents</u>:  I reviewed and approved samples of the printed copies of the Debtors' Bar Date Notice for service.

e.   <u>Collating and inserting documents into windowed envelopes</u>:  After receiving approval, the KCC Production Department collated and inserted the proof of claim forms and the Debtors' Bar Date Notice into windowed envelopes, with the claimants' addresses showing through the windowed section of the envelopes.

f.   <u>Review and finalize completed packages</u>:  I reviewed samples of completed packages.  Afterwards, my colleagues and I provided our Production Department with the approval for sealing, applying postage and delivering all packages to the post office.  Throughout the merging, printing and inserting portions of the project, all packages to be sent to foreign addresses are processed and metered separately.  It is KCC's procedure to notify me of any problems with or deviation from KCC's normal procedures in relation to the service of any Delphi documents.  With respect to the mailing of the Bar Date Notice to the appropriate parties, including the EEOC, I was not notified of any such problem or deviation.

4.   On April 20, 2006, KCC served copies of the Bar Date Notice on the following entity and person:

EEOC
1801 L St Nw
Washington, DC 20507

David N Kelley USA
US Attorney S District of NY
One St Andrews Plaza

New York, NY 10007

These names and addresses were provided by the Debtors as a part of the "creditor

matrix" (the "Creditor Matrix"), which is a list of each entity and person that was listed

on the Debtors' Schedules Of Assets And Liabilities (the "Schedules") filed in the above

captioned cases, or was identified by the Debtors as potentially having a claim against the

Debtors.

5.      KCC sent the Bar Date Notice to every entity listed on the Creditor

Matrix.  If potentially duplicate entries on the Creditor Matrix did not contain exactly the

same name and address, the Bar Date Notice was sent to both entries.

6.      Neither of the packages sent to the EEOC or David N. Kelley were

returned to KCC as undeliverable.

7.      In addition to mailing the Debtors' Bar Date Notices to the EEOC at the

address listed above, KCC arranged to have the Debtors' Bar Date Notices published in

38 newspapers, including the European edition of the Wall Street Journal and the

international edition of USA Today.  We also posted the Debtors' Bar Date Notices on

the informational website established and maintained by KCC for the Debtors' cases,

which is found at www.delphidocket.com.

8.      To the best of my knowledge, information and belief, I hereby declare and

state that the foregoing information is true and correct.


Executed on February 27, 2008, at Los Angeles, California.

 */s/ Evan Gershbein*                        
Evan Gershbein