# Exhibit B

Hearing Date & Time: February 29, 2008 at 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

DECLARATION OF DEAN UNRUE IN SUPPORT OF
DEBTORS' OBJECTION TO UNITED STATES OF AMERICA'S
MOTION FOR LEAVE TO FILE LATE CLAIM

("UNRUE DECLARATION – UNITED STATES' LATE CLAIM MOTION")

Dean Unrue declares as follows:

1. Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Debtors") are debtors and debtors-in-possession in these chapter 11 cases. I submit this declaration in support of the Debtors' Objection To United States Of America's Motion For Leave To File Late Claim. Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Debtors' Objection To United States Of America's Motion For Leave To File Late Claim.

2. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge and my review of relevant documents and data. If I were called upon to testify, I could and would testify to the facts set forth herein.

3. Since 2006, I have served as the Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against Delphi in these chapter 11 cases. I am responsible for, among other things, overseeing the investigation into and reconciliation of proof of claim number 16727 (the "Claim") filed by the Equal Employment Opportunity Commission ("EEOC").

Prejudice Caused By Late-Filed Claims

4. On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"). Among other things, the Bar Date Order established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) against a Debtor to file a proof of claim with respect to each such Claim.

2

      5.      Delphi compiled a list of substantially all current and former employees working for the Debtors (the "Employee List").  Delphi provided the Employee List to Kurtzman Carson Consultants LLC ("KCC"), the noticing agent in these chapter 11 cases, as a part of the "creditor matrix," which is a list of each entity and person that was listed on the Schedules Of Assets And Liabilities filed by the Debtors in these chapter 11 cases or was identified by the Debtors as potentially having a claim against the Debtors, including all employees as of the Petition Date (the "Bar Date Notice Parties").

      6.      On or prior to April 20, 2006, KCC, provided notice of the Bar Date to the Bar Date Notice Parties by mailing a notice of Bar Date approved by this Court, together with a proof of claim form.

      7.      On October 17, 2007, over a year after the Bar Date, the EEOC filed the Claim against Delphi asserting an unsecured non-priority claim in an unliquidated amount stemming from the alleged violations as set forth in the Lawsuit.  The Claim describes the following events:

    a.    On September 22, 2006, Stanely Straughter filed a complaint of discrimination against the Debtors with the EEOC.

    b.    On September 28, 2007, the EEOC filed a complaint against Delphi in the United States District Court for the Western District of New York, alleging violations of the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1991 (the "Lawsuit").  The Lawsuit alleges that Stanley Straughter was hired by the Debtors on May 22, 2006, and discharged by the Debtors on August 17, 2006, in violation of the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1991.

      8.      Throughout the summer and fall of 2006, the Debtors were heavily involved in framework discussions with their key stakeholders to come to an agreement on a plan for the Debtors' emergence from chapter 11.  It became apparent that the Debtors' ability to

consummate a framework agreement, and obtain necessary funding from outside investors, was predicated upon a clear understanding of the scope of the general unsecured claims that would ultimately be allowed in these cases. To that end, in October and November 2006, the Debtors began a massive internal claims estimation effort to gauge the scope and amount of general unsecured claims anticipated at emergence from chapter 11 and devised detailed claims administration procedures to efficiently and expeditiously adjudicate disputed and unliquidated claims.

9. On December 18, 2006, the Debtors announced their execution of an equity purchase and commitment agreement with the Plan Investors and a plan framework support agreement with those investors and General Motors Corporation, both of which contained the EPCA Target, a limit on trade and other unsecured claims that could not be exceeded as a condition to plan funding.

10. The Debtors then began an extensive claims administration process designed to expeditiously reduce the claims pool to meet the EPCA Target, filing 27 omnibus claims objections to date.

11. Throughout late 2006 and into 2007, the EPCA Target was modified to account for progress made during Delphi's expedited claims administration process and to otherwise update claims estimates. In early September 2007, the EPCA Target was finalized at $1.45 billion and incorporated into Delphi's plan of reorganization (the "Plan").

12. In the year and a half since the Bar Date and the fifteen months since the commencement of the internal claims estimation effort, the Debtors have achieved great progress towards achieving the EPCA Target.

4

13.     Had the EEOC filed its untimely unliquidated Proof of Claim a year earlier, when it first acquired actual notice of an alleged violation from Mr. Straughter's formal executed complaint against Delphi, the Debtors would have been able to include the Proof of Claim in its internal claims estimation process that ultimately established the EPCA Target. Opening the door to late claims such as the EEOC's claim, after the EPCA Target has been set and the Plan confirmed, would not only erode progress the Debtors have made in further reducing claims below the EPCA Target but could also threaten the Debtors' ability to emerge from chapter 11.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on February 28, 2008 in Troy Michigan.

           _/s/ Dean R. Unrue_____
                 Dean R. Unrue