UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) <br> ) Chapter 11 <br> ) |
| DELPHI CORPORATION, et al. | ) <br> ) Case No.  05-44481 (RDD) <br> ) |
| Debtors. | ) (Jointly Administered) |

**RIVERSIDE CLAIMS, LLC'S  RESPONSE TO
DEBTORS' TWENTYTHIRD OMNIBUS CLAIMS OBJECTION**

NOW INTO COURT, through undersigned counsel, comes RIVERSIDE CLAIMS, LLC, as ASSIGNEE for METPROTECH ("Riverside") and files this response to Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, and (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order (the "23rd Objection") and in support thereof would state as follows:

1. On or about November 19, 2007, the Debtors' filed their 23rd Objection.

2. One of the claims included in the 23rd Objection, on Exhibit "E-1" is the claim of Riverside Claims, LLC, as Assignee for Metprotech, claim # 8866 (the "Metprotech Claim"). The Metprotech Claim was filed in the amount of $166,503.06.  The Objection seeks to modify the Metprotech Claim by reducing it to the amount of $91,479.41[1].

---

[1]    Interestingly, the amount to which the Debtor seeks to reduce the Metprotech Claim is less than the amount at which the Debtors themselves scheduled Metprotech's claim.  On Schedule F, the Metprotech Claim was listed as

3.  Riverside opposes the reduction in claim amount. Metprotech provided services to Debtor in the way of parts plating. Metprotech then billed Debtor on a per part basis pursuant to its contract(s), as amended, with the Debtor. Attached hereto as Exhibit "2" *in globo*, are copies of the Debtor's contracts with Metprotech and unpaid invoices which total $166,503.06, the amount of the Metprotech Claim. Additionally, attached hereto as Exhibit "3" is Metprotech's Aged Receivable report listing all unpaid invoices. The report also totals $166,503.06. As such, there is no support for the reduction of the Metprotech Claim amount.

4.  A timely filed proof of claim is *prima facie* valid provided it complies with the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3001. *In re Waterman*, 248 B.R. 567, 570 (8th Cir. B.A.P. 2000), citing *Brown v. IRS*, 82 F.3d 801, 805 (8th Cir 1996). To overcome this *prima facie* evidence, the party objecting to the proof of claim must come forth with probative evidence at least equal to that contained in the proof of claim. *See, McDaniel v. Riverside County Dep't of Child Support Servs.*, 264 B.R. 531, 533 (8th Cir. B.A.P. 2001)(filing of an objection to a proof of claim in compliance with BR 3001 does not deprive the the proof of claim of its presumptive validity unless the objection is supported by substantial evidence); *Simmons v. Savell*, 765 F.2d 547, 552 (5th Cir. 1985).

5.  If, and only if, the objecting party puts forth sufficient evidence to rebut the *prima facie* effect of the proof of claim does the burden switch back to the claimant to prove the validity of the claim. *Carrieri v. Jobs.com, Inc.* 393 F.3d 508, 533 (5th Cir. 2004).

6.  Debtor's 23rd Objection to the Metprotech claim is set forth on Exhibit E-1. E-1 lists "Claims Subject to Modification". The 23rd Objection does not provide any specifics as to why the claim is subject to modification. Rather the 23rd Objection lists 5 reasons that a claim

---

a undisputed, non-contingent and liquidated claim in the amount of $135,513.52. The Objection does nothing to explain this discrepancy. A copy of the relevant page from the Debtors' Schedule F is attached hereto as Exhibit "1."

may be included in this category.  The 23rd Objection also states that there could be some other unidentified reason that a claim is purportedly subject to modification.  Nothing the Debtors set forth in the 23rd Objection is even remotely sufficient to rebut the validity of the Metprotech Claim.  Because the Debtors have not put forward remotely sufficient evidence to rebut the presumptive validity of the Metprotech Claim, the 23rd Objection, as it pertains to the Metprotech Claim should be overruled.

WHEREFORE, Riverside Claims, LLC, as Assignee for Metprotech requests that this Court enter an order overruling the 23rd Objection and allowing Claim # 8866 against Delphi Automotive Systems, LLC in the amount of $166,503.06, and for such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED,

\_\_/s/\_\_ Robyn J. Spalter_____
Robyn J. Spalter, Esq.
General Counsel
Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540
Phone: (212) 501-0990
Fax: (212) 501-7088
e-mail: rspalter@regencap.com