UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                          :
    In re                               :   Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :   Case No. 05-44481 (RDD)
                                                          :
                    Debtors. :   (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x


ORDER DENYING MOTION OF AUTOMODULAR ASSEMBLIES INC.,
TEC-MAR DISTRIBUTION SERVICES, INC., AND AUTOMODULAR
ASSEMBLIES (OHIO) INC. TO COMPEL ASSUMPTION OR REJECTION
OF EXECUTORY CONTRACTS AND ALLOW AND DIRECT
<u>PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND</u>

("AUTOMODULAR ORDER")

Upon the Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. (collectively, "Automodular") To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 11180) (the "Motion") and the Supplement In Support Of Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 12453) (the "Supplemental Motion"); and Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") having objected to the Motion (Docket No. 11447) (the "Objection") and the Supplemental Motion (Docket No. 12661); and this Court having considered the documents and exhibits filed by Automodular and the Debtors; and after due deliberation thereon; and good and sufficient cause appearing therefor for the reasons stated by the Court in its modified bench

ruling attached hereto as <u>Exhibit A</u> (the "Modified Bench Ruling"), which amends and supercedes the Court's bench ruling given at the February 21, 2008 hearing (the "Hearing"),

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    The Court has jurisdiction over the Motion and the Supplemental Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion and the Supplemental Motion are core proceedings under 28 U.S.C. § 157.  Venue of these cases and the Motion and Supplemental Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    For the reasons stated by the Court in its Modified Bench Ruling, Automodular's request to compel assumption or rejection of its contracts has been made moot by developments since the filing of the Motion.

    C.    Automodular and the Debtors agree upon the formula to be used to calculate the currency exchange rate adjustment pursuant to the Long Term Contract, but disagree upon the specific prices to be used in such formula, and, accordingly, pricing disputes were heard at the Hearing and were adjudicated as set forth below.

    D.    For the reasons stated by the Court in its Modified Bench Ruling, Automodular failed to establish that it is entitled to payment of an administrative expense claim under the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion or Objection.

2

       1.      The Motion and Supplemental Motion are denied with prejudice except as set forth in paragraph 3 below.

       2.      Pursuant to this Court's ruling, with the exception set forth in decretal paragraph 3 below, the price of each unit assembled by Automodular and related costs have been established.  Accordingly, to the extent the currency exchange rate and any resulting adjustments have not already been applied, then the parties shall calculate the currency exchange rate adjustment(s), if any, by applying the agreed upon currency exchange rate formula to the adjudicated price and costs resulting from the Court's ruling.

       3.      The claims relating to (a) the foam pad installation as described in paragraph 12(d) of the Supplemental Motion, and (b) the screw used at the Lordstown facility, as described in paragraph 10 of the Supplemental Motion, are denied without prejudice to Automodular's right to litigate the pricing disputes related thereto (including the application of the currency exchange rate to the price of the foam pad installation); <u>provided</u>, <u>however</u>, that Automodular introduces evidence sufficient to support its pricing allegations.

       4.      Kurtzman Carson Consultants, LLC is hereby directed to serve this order on the Master Service List (as defined in the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883)), on each party who filed a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure, and on Automodular.

Dated: New York, New York  
       March 3, 2008

                                 __/s/ Robert D. Drain_____  
                                 UNITED STATES BANKRUPTCY JUDGE