```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
-----------------------------------------------------------------x
```

**ORDER UNDER 11 U.S.C. §363(b) AND FED. R. BANKR. P. 6004 AND 9019
AUTHORIZING AND APPROVING ENTRY INTO AND PERFORMANCE OF
<u>PATENT LICENSE SETTLEMENT AGREEMENT WITH DENSO CORPORATION</u>**

("DENSO PATENT LICENSE SETTLEMENT ORDER")

Upon the motion, dated February 1, 2008 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11U.S.C. §363(b) and Fed. R. Bankr. P. 6004 and 9019 authorizing Delphi to enter into and perform under that certain Patent License Settlement Agreement (the "Patent License Settlement Agreement") with Denso Corporation ("Denso"), which: (i) provides for the Debtors to use the Delphi VVT technology pursuant to a license agreement with Denso; (ii) requires the Debtor to pay a royalty to Denso based upon the sales of products containing the Delphi VVT technology; and (iii) deems that Proofs of Claim 12339, 12340 and 12341 which were filed by Denso are withdrawn with prejudice; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estate, their stakeholders, and other parties-in-interest; and it appearing that proper and

adequate notice of the Motion has been given, and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicate for the relief sought in the Motion is 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 and 9019.

C. The Patent License Settlement Agreement settles Proofs of Claim 12339, 12340 and 12341.

D. Delphi's decision to enter into the Patent License Settlement Agreement is reasonable and appropriate under the circumstances.

E. Delphi has demonstrated good, sufficient, and sound business purposes and justification for entering into the Patent License Settlement Agreement.

F. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

G. Approval of the Patent License Settlement Agreement at this time is in the best interests of the Debtors, its stakeholders, its estate, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. Delphi is authorized, but not directed, to enter into the Patent License Settlement Agreement and to perform its obligations thereunder.

3. The Patent License Settlement Agreement and all of the terms and conditions thereof are hereby approved.

4. Delphi's claims agent shall expunge with prejudice the Proofs of Claim 12339, 12340 and 12341.

5. The Patent License Settlement Agreement resolves any and all of Denso's setoff and/or recoupment rights or claims with respect to any of the costs and damages that Denso has asserted or could assert with respect to patents that are settled under the terms of the Patent License Settlement Agreement.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:   New York, New York
         March 3, 2008

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE