Deborah A. Mattison, (DM 3959)
Bar Identification Number ASB-3959-n59d
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone (205) 314-0500
Facsimile (205) 254-1500
dmattison@wcqp.com
Attorney for Rosalyn Motley

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **DELPHI CORPORATION, et al.** | ) | **Case No. 05-44481** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Honorable Robert D. Drain** |

**RESPONSE OF CREDITOR ROSALYN MOTLEY TO DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION PURSUANT TO 11U.S.C. 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMSM AND (D) CLAIMS SUBJECT TO MODICIATION AND MODIFIED CLAIM ASSERTING RECLAMATION**

Creditor Rosalyn Motley (Ms. Motley), having timely filed a claim against

1

debtor Delphi Corporation (the Debtor) in the above-captioned cases, hereby submits this Response to the Debtors' Twenty-sixth Omnibus Objection pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claim Asserting Reclamation ("Twenty-sixth Omnibus Claims Objection"), dated February 15, 2008, and respectfully represents as follows:

**A.     BACKGROUND**

1.     On October 8 and 14, 2005, the Debtor and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bakruptcy Code") in this Court. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

2.     On April 12, 2006, the Court entered an Order under 11 U.S.C. 207(b), 501, 502, and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "bar Date Order"). The Bard Date Order set July 31, 2006 (the "Bar Date") as the last date for the filing of proofs of claim

against the Debtors.

3.   On July 26, 2006, Ms. Motley timely filed a proof of claim ("Proof of Claim") against the Debtor ("Claim") for claims arising out of a suit filed by Ms. Motley as plaintiff against the Debtor on May 7, 2003 in the Northern District Court of Alabama ("the ADA Lawsuit").[1]  Ms. Motley's Complaint alleged claims of, *inter alia*, violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § § 12111 *et seq.*; the Employee Retirement Income Security Act of 1974 (ERISA) under 29 U.S.C. § 1001 *et seq.*, the National Labor Relations Act, as amended 29 U.S.C. § 185 (NLRB), and a state law invasion of privacy, adding as defendants the Executive Committee of the Board of Directors of Delphi Automotive Systems Corporation and James Petrie.   (See Exhibit A, Amended Complaint in *Motley v. Delphi Automotive Systems, LLC, et. al.*, CV-03-HS-1059-W).  The Northern District Court or Alabama stayed discovery and a trial on all of Motley's other claims until it was able to rule on Motley's ADA claims..

4.   On July 27, 2005, the Northern District Court of Alabama granted

---

[1] For further background purposes, plaintiff notes that on October 31, 2006 the Debtors objected to Proof of Claim No. 11184 pursuant to the Debtors' Third Omnibus Objection (Substantive)(Docket No. 5452).  Due to an error in the address apparently as copied from Proof of Claim No. 11184, Motley did not receive notice of the Third Omnibus Claims Objection and therefore did not file a response.  Proof of Claim No. 11184 was thus disallowed pursuant to the Order entered December 19, 2006. (Docket No. 6224)   After learning of the lack of notice, the parties made certain agreements and engaged in settlement negotiations.

Delphi's Motion for Summary Judgment as to Motley's claims under the ADA. Before the parties could conduct further discovery on the remaining claims, Delphi, *et al.* filed the instant action which stayed Motley's claims against Delphi and the Executive Committee of the Board of Directors of Delphi Automotive Systems Corporation.  (See Exhibit B, Order Staying Case.)  Since the Court did not dispose of all claims against all parties, under Fed. R. Civ. P. 54, Motley cannot proceed with an appeal.  Subsequently, the parties have engaged in settlement negotiations.

5.      The Debtors now object to the Claim in their Twenty-Sixth Omnibus Objection as not timely filed pursuant to the Bar Date Order.

**B.      ARGUMENT**

6.      The Debtors' objection to Ms. Motley's Claim should be denied.  The Debtors have failed to state adequate ground for objecting to Ms. Motley's Claim. The Debtors sole grounds for objecting to Ms. Motley's Claim in the Twenty-Sixth Omnibus Objection is that the Claim is an untimely books and records claim. However, given the filing of its answer and subsequent litigation of the ADA Lawsuit at the district court level, it is clear that the Debtors are and have been aware of this Claim.  Further, the parties have engaged in settlement negotiations. Accordingly, the Debtors' assertion that Ms. Motley's Claim is untimely is

unavailing as the Debtors have therefore failed to provide any specific basis or evidence supporting their objection to Ms. Motley's Claim. Thus, the Debtors have failed to meet their burden with respect to their objection to Ms. Motley's claim and the objection should be denied.

      **C.**    **Estimation of Ms. Motley's Claim**

      7.    Pursuant to this Court's Order Pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order")., creditors with unliquidated claims must state the allowable amount of such Claims upon liquidation of occurrence of the contingency. Ms. Motley's Claim is unliquidated. Ms. Motley believes her Claim to be worth $40,000.00 ("Estimation"). This amount includes an estimation of appropriate damages including back pay, front pay, nominal, compensatory, and punitive damages as well as attorneys' fees and costs incurred in litigation of the suit in the ADA Lawsuit.

      8.    Ms. Motley respectfully submits that this Estimation is fair and adequate and based on the allegations made in the ADA Lawsuit, and that the Debtors should thus accept this Estimation pursuant to the Procedures Order.

      **WHEREFORE,** Ms. Motley respectfully requests that this Court enter an

5

Order denying the relief sought in the Twenty-Sixth Omnibus Objection as it relates to the Claim, allowing the Claim in the amount of $40,000.00, and granting any such further relief as is necessary and just.

Dated March 3, 2008.

                                           By: /s/ Deborah A. Mattison

                                           Deborah A. Mattison (DM 3959)
WIGGINS, CHILDS, QUINN & PANTAZIS LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Attorney for Rosalyn Motley

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing Motion and Memorandum via electronic filing and by causing a true and correct copy of same to be sent via U.S. Mail, postage prepaid, to the following:

**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
**Counsel to the Debtors**
Attn:  John Wm. Butler, Jr.
         John K. Lyons
         Ron E. Meisler
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606

**DELPHI CORPORATION**
    Attn: General Counsel
    5725 Delphi Drive
    Troy, Michigan, 48098

/s/ Deborah A. Mattison
Of Counsel