05-44481-rdd Doc 12949-1 Filed 03/04/08 Entered 03/04/08 14:08:16 Exhibit
Amended Complaint in ADA lawsuit Pg 1 of 11
Case 7:03-cv-01059-VEH Document 106 Filed 09/02/2004 Page 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

04 SEP -2 AM 9: 59

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ROSALYN MOTLEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. CV-03-HS-1059-W |
| DELPHI AUTOMOTIVE SYSTEMS, LLC; DELPHI HARRISON THERMAL SYSTEMS (aka DELPHI THERMAL & INTERIOR); DELPHI ELECTRONICS AND SAFETY; DELPHI AUTOMOTIVE SYSTEMS CORPORATION; THE EXECUTIVE COMMITTEE OF THE BOARD OF DIRECTORS OF DELPHI AUTOMOTIVE SYSTEMS CORPORATION, and JAMES PETRIE, | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

I.  **INTRODUCTION**

This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq*. Plaintiff alleges that defendants discriminated against her based on her disability, as that term is defined under the ADA. Ms. Motley has been, *inter alia*, denied equal opportunities, benefits and services in the area of employment due to her status as a person with a disability. Plaintiff also alleges violations of Employee Retirement Income Security Act of 1974 (ERISA) under 29 U.S.C. § 1001 *et seq*., National Labor Relations Act, as amended, 29 U.S.C. § 185, and a state law invasion of privacy claim. Plaintiff is entitled to both

1

equitable relief and damages.

## II. JURISDICTION

1. This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 2201, 2202, 42 U.S.C. § 12117, and 29 U.S.C. § 185. Venue is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 12117 and 29 U.S.C. 1001, *et. seq.* Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC.

## III. PARTIES

3. Plaintiff, Rosalyn Motley, is a female citizen of the United States. She has been diagnosed with, *inter alia*, mental illness, along with a physical condition. Ms. Motley is a person with a disability in that she has a condition which substantially limits one or more of her major life activities. Plaintiff is also regarded as having a disability which substantially limits her ability to work and has a history of having such a disability.

4. Defendant Delphi Automotive Systems, LLC is incorporated in the State of Delaware and transacts business within the state of Alabama. Defendant Delphi Automotive Systems, LLC is both an employer and plaintiff's employer, under, *inter alia*, a single and/or joint employer theory, pursuant to 42 U.S.C. § 12111(5).

5. Defendant Delphi Harrison Thermal Systems, also known as Delphi Thermal & Interior, is located in the State of Michigan and transacts business within the state of Alabama. It is both an employer and plaintiff's employer, under, *inter alia*, a single and/or joint employer theory, pursuant to 42 U.S.C. § 12111(5).

2

6. Delphi Electronics and Safety[1] is, upon information and belief, incorporated in the state of Delaware and transacts business within the state of Alabama. It is both an employer and plaintiff's employer, under, *inter alia*, a single and/or joint employer theory, pursuant to 42 U.S.C. § 12111(5).

7. Defendant Delphi Automotive Systems Corporation, is the sponsor of, and is responsible for the administration of The Delphi Hourly-Rate Pension Plan. It and defendant The Executive Committee of The Board of Directors of Delphi Automotive Systems Corporation are fiduciaries of the Plan. They are employers under, *inter alia*, a single and/or joint employer theory.

8. On information and belief, James Petrie (hereinafter "Petrie") is employed by defendant Delphi Automotive Systems, LLC and/or Delphi Automotive Systems Corporation and is a resident of the State of Michigan.

IV. **FACTUAL ALLEGATIONS**

9. The defendants have intentionally, and with malice or reckless indifference, *inter alia*, discriminated against plaintiff on the basis of her disability, history of disability and/or perceived disability, in the areas of hiring/selection, compensation, job assignments, medical inquiries and other terms, conditions and privileges of employment.

10. In 1976, plaintiff was originally hired by General Motors, which entity was subsequently assumed by defendant Delphi, to work as an assembly operator. She worked in such a capacity both in Michigan and Alabama, from approximately 1976 until 1998 when she was declared totally and permanently disabled. In particular, Ms. Motley plaintiff had, *inter alia*, a long

---

[1] Plaintiff believes that this is the correct name, but reserves the right to substitute Delphi Electronics and Safety.

3

05-44481-rdd Doc 12949-1 Filed 03/04/08 Entered 03/04/08 14:08:16 Exhibit
Amended Complaint in ADA lawsuit Pg 4 of 11
Case 7:03-cv-01055-VEH Document 106 Filed 09/02/2004 Page 4 of 11

standing diagnoses of mental illness which rendered her substantially limited in several major life activities, including, *inter alia*, the ability to concentrate, interact with others, sleep and work. Until Ms. Motley was placed on total and permanent disability, she was well qualified to work in her position and did so, with or without a reasonable accommodation.

11. Subsequent to being declared totally and permanently disabled, plaintiff underwent medical treatment and she recovered from her disability to the extent, at least, to allow plaintiff to return to work with or without a reasonable accommodation. Further, plaintiff's treating physicians released her to return to work.

12. Ms. Motley contacted defendants to return to employment. Defendants, however, *inter alia*, subjected Ms. Motley to a selection process which was discriminatory based on her disability. Such included, *inter alia*, requiring Ms. Motley to provide preselection detailed medical information and subjecting plaintiff to external medical inquiries and examinations. These procedures effectively discriminated against plaintiff, again, based on her disability as the term is defined. While plaintiff complied with all of defendants' requests and inquiries, thereafter, defendants refused to allow her to return to work due to her disability and defendants failed and/or refused to allow plaintiff any opportunity to appeal or challenge their decision. Further, there were positions vacant and/or otherwise available for which Ms. Motley was qualified to perform.

13. Although plaintiff had been diagnosed with a mental illness, she was able to return to work with or without a reasonable accommodation. Defendants also violated plaintiff's rights to confidentiality and disclosed information about plaintiff's disability to persons without a legitimate "need to know" regarding such information. Further, defendants failed to adhere to the terms of their collective bargaining agreement with a union, which they applied to the plaintiff's attempt to return

4

to work, but which they misapplied and failed to comply with, in not allowing the "plant medical director" to determine whether the plaintiff is able to perform a job in the plant. Instead, an unauthorized individual, different from the "plant medical director" whose decision was required by the agreement, made the decision that the plaintiff was not able to return to work.

14. As a result of defendants' actions, plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, plaintiff has suffered injury including pain, embarrassment, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## V. CAUSES OF ACTION
### Count 1-- Title I of The Americans with Disabilities Act (ADA)

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above with the same force and effect as if fully set out in specific detail herein below.

16. As stated, plaintiff is a person with a disability, has a history of disability and is regarded as disabled. 42 U.S.C. § 12102. Defendants are employers and are plaintiff's employers, under, *inter alia*, a single and/or joint employer theory in accordance with 42 U.S.C. § 12111(5).

17. Despite plaintiff's disability, with or without a reasonable accommodation, she was, and is, able to perform the essential functions of a number of jobs, within defendants' entities, including, *inter alia*, the job of assembler and/or quality assurance operator, from at least 2001 until the present. Thus, plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111

18. Defendants have intentionally and with reckless disregard, discriminated against plaintiff due to her disability and have otherwise classified, and segregated plaintiff in a way which

has adversely affected her job opportunities and status due to her disability, as that term is defined by the ADA. 42 U.S.C. § 12112, 29 C.F.R. 1630.5.

19. Defendants have also limited plaintiff and utilized standards, criteria and/or methods of administration which discriminated against plaintiff in job selection assignments and job classifications and have participated in contractual or other arrangements or relationships that have the effect of subjecting plaintiff to discrimination prohibited by the ADA. 42 U.S.C. § 12112, 29 C.F.R. 1630.6 and 1630.7.

20. In addition, defendants have discriminated against plaintiff on the basis of her disability with regard to job application and selection procedures, including relative to plaintiff's right to return to work. Such discrimination also amounts to discrimination based on plaintiff's status as a person with a disability.

21. Defendants' actions constitute discrimination in the provision of benefits of employment, including denying plaintiff the right to, *inter alia*, a full and fair review relative to the provision of such.

22. Moreover, the standards, criteria and methods of administration have the effect of discriminating against plaintiff based on her disability; and they perpetuate discrimination of others who are subject to common administrative control. Such standards, criteria and methods of administration are not job related and they are not consistent with business necessity. 29 C.F.R. 1630.7.

23. Defendants also have failed to reasonably accommodate plaintiff and have taken adverse action against plaintiff due to the need to make a reasonable accommodation. The reasonable accommodation would cause no undue hardship to defendants. 42 U.S.C. § 12112, 29

6

05-44481-rdd Doc 12949-1 Filed 03/04/08 Entered 03/04/08 14:08:16 Exhibit
Amended Complaint in ADA lawsuit Pg 7 of 11
Case 7:03-cv-01055-VEH Document 106 Filed 09/02/2004 Page 7 of 11

C.F.R. 1630.9.

24. Defendants have also used qualification standards and other selection criteria which screen out, or tend to screen out, persons with disabilities or a class of individuals with disabilities and such selection criteria is neither job related nor consistent with business necessity. 29 C.F.R. 1630.10 and 1630.11.

25. Finally, defendants have engaged in prohibited medical examinations and inquiries, including, but not limited to, conducting pre-employment/selection inquiries and examinations and defendants have utilized the results of any such evaluation or inquiry inconsistent with the purposes underlined in the ADA. Defendants have, too, violated the confidentiality provisions of the ADA. 29 C.F.R. 1630.13 and 1630.14.

### Count II– Employee Retirement Income Security Act of 1974 (ERISA)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above with the same force and effect as if fully set out in specific detail herein below.

27. This claim is brought only against defendants Delphi Automotive Systems Corporation and The Executive Committee of The Board of Directors of Delphi Automotive Systems Corporation, which are fiduciaries of The Delphi Hourly-Rate Employee Pension Plan ("the Plan"), which is governed by the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et. seq.*

28. The plaintiff is a participant in the Plan.

29. Defendants breached their fiduciary duties in applying the terms of the Plan to preclude plaintiff from returning to work, in violation of 29 U.S.C. § 1104.

30. Defendants breached their fiduciary duties in applying the terms of the Plan to

7

discriminate against the plaintiff because of her disability in violation of 29 U.S.C. § 1104.

31. Defendants breached the terms of the Plan to preclude the plaintiff from returning to work.

32. Plaintiff has exhausted administrative processes prior to bringing her claims under ERISA. Regardless, the Plan does not contain appeal procedures applicable to the decision to preclude plaintiff from returning to work, rendering exhaustion under the Plan futile.

33. Defendants breached their obligation to provide for a full and fair review of the decision to preclude plaintiff from returning to work, in violation of 29 U.S.C. § 1133.

34. Because of the defendants' unlawful conduct as described above, plaintiff is entitled to all relief available under 29 U.S.C. § 1132.

**Count III– National Labor Relations Act, as amended, 29 U.S.C. § 185**

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 above with the same force and effect as if fully set out in specific detail herein below.

36. This claim is only brought against all defendants who constitute the plaintiff's employer.

37. The plaintiff is a third party beneficiary of the collective bargaining agreement referenced in ¶ 13 above.

38. The defendants that employed the plaintiff breached the collective bargaining agreement (CBA) in their denial of plaintiff's right to return to work, in violation of NLRA, as amended, 29 U.S.C. § 185.

39. The plaintiff's claim for breach of the CBA is not dependent on any breach of duty of fair representation on the part of the union, because the union did not owe any duty of fair

8

representation to the plaintiff, in her capacity as a retired employee.

### Count IV-- Invasion of Privacy

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 39 above with the same force and effect as if fully set out in specific detail herein below.

41.     This claim is only brought against defendant James Petrie.

42.     Upon information and belief, Petrie divulged plaintiff's confidential medical information to persons who had no legitimate need to know such information.

43.     Such disclosure of confidential information was highly offensive to the plaintiff and caused her mental suffering, shame, and humiliation.

### VI.    PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants, including the action taken against plaintiff by defendants constitutes discrimination and are violative of plaintiff's rights as secured by Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*, ERISA, 29 U.S.C. § 1132(a)(2)-(3), and NLRA, as amended, 29 U.S.C. § 185.

2.      Grant plaintiff a permanent injunction enjoining the defendants, its agents, successors, employees, attorneys and those acting in concert with the defendants, and at the defendants' request, from continuing to violate plaintiff's rights as well as others who are similarly-situated pursuant to Title I of the Americans with Disabilities Act, ERISA, 29 U.S.C. § 1132 (a)(2)-(3), and NLRA, as amended, 29 U.S.C. § 185.

3. Enter an Order awarding plaintiff damages including back pay, front pay, nominal, compensatory and punitive damages.

4. Award plaintiff reasonable costs, attorney's fees and expenses.

5. Award such other relief and benefits as the cause of justice may require.

                    Respectfully submitted,

                    */s/ Audrey R. Channell*

                    Deborah A. Mattison
                    Audrey R. Channell
                    Attorneys for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500


                **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

                    */s/ Audrey R. Channell*
                    OF COUNSEL

10

05-44481-rdd Doc 12949-1 Filed 03/04/08 Entered 03/04/08 14:08:16 Exhibit
Amended Complaint in ADA lawsuit Pg 11 of 11
Case 7:03-cv-01059-VEH Document 106 Filed 09/02/2004 Page 11 of 11

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing via Hand Delivery to the following:

E. Barry Johnson
Thomas A. McKnight Jr.
Johnston Barton Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Ave. N.
Birmingham, Alabama 35203

This the 16th day of July, 2004.

*Audrey R Channell*
OF COUNSEL

11