BUCHANAN INGERSOLL & ROONEY PC
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: susan.persichilli@bipc.com
Susan P. Persichilli, Esq. (SP- 0368)

*Attorneys for ATEL Leasing Corporation,*
*as agent for Eireann II, CAI-UBK Equipment,*
*CAI-ALJ Equipment, II BU de Mexico*
*S.A. de C.V .and Eireann* III

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

------------------------------------------------------------ X

## <u>CURE CLAIM OF ATEL LEASING CORPORATION</u>

ATEL Leasing Corporation ("<u>ATEL</u>") as agent for: (i)  Eireann II, a division of ATEL

Transatlantic Investors, Inc. ("ATI"),  (ii)  CAI-UBK Equipment, a division of ATI, (iii) CAI-

ALJ Equipment , a division of ATI, (iv) II Bu de Mexico S.A. de C.V.,  and (v) Eireann III, a

division of ATEL Transatlantic Investors II, Inc. (collectively, the "<u>Claimants</u>"), by and through

its counsel, Buchanan Ingersoll & Rooney PC, hereby submits this Cure Claim (the "<u>Cure</u>

<u>Claim</u>") pursuant to Article 8.2 of the Debtors' First Amended Joint Plan of Reorganization of

Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession, as Modified (the

"<u>Plan</u>") and respectfully states as follows:

## BACKGROUND

1.      Pursuant to a certain Master Lease Agreement, dated as of August 19, 1997, General Motors Corporation ("GMC"), entered into a Master Lease Agreement ("MLA-American Finance") with American Finance Group, Inc. ("American Finance"). *See* Exhibit A.

2.      Pursuant to a certain Master Lease Agreement, dated as of May 1, 1995, GMC entered into a Master Lease Agreement ("MLA-First American") with First American Capital Management Group, Inc. ("First American"). *See* Exhibit A.

3.      Pursuant to the MLA-American Finance and MLA-First American master lease agreements, GMC entered into numerous Equipment Schedules (the Equipment Schedules, as they incorporate by reference all of the terms and conditions of the two Master Lease Agreements described herein, are hereinafter known as the "Leases"), regarding certain equipment, all with related equipment, attachments and accessories as set forth in the Leases (the "Equipment'). *See* Exhibit A.

4.      Pursuant to one or more assignments, Delphi Corporation and certain of its subsidiaries and affiliates were assigned GMC's interests as Lessee under the Leases. *See* Exhibit A. Pursuant to various other assignments, the interests of American Finance and First American, as Lessors under their respective Leases, were assigned to one of the Claimants, with ATEL acting as agent for each Claimant. *See* Exhibit A.

## BANKRUPTCY FILING

5.      On October 8, 2005, and subsequently, on October 14, 2005 (collectively, the "Filing Date"), Delphi Corporation and certain of its subsidiaries and affiliates, the debtors in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United State Code, as amended (the "Bankruptcy Code").

6.    On July 28, 2006, ATEL timely filed a proof of claim, Claim No. 12195 (the "Claim") against Delphi Corporation, *et al.* and Delphi Automotive Systems, Inc. for amounts due and owing to ATEL under the Leases.   A copy of the Claim is attached hereto as Exhibit A.[1] The Claim asserts a claim as of July 18, 2006 in the amount of $4,140,179.97, of which $582,300.00 is asserted as secured, $3,306,138.54 as unsecured, and $251,741.43 as an administrative expense claim.

7.    On or about October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C.§ 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "'Objection"). *See* Docket Entry No. 5452.

8.    On or about November 22, 2006, ATEL filed a response to the Objection (the "Response"). *See* Docket Entry No. 5781.

9.    On or about September 4, 2007, the Debtors filed Notice of Claims Objection Hearing with Respect to the Debtors' Objection to the Claim which provided for a hearing date of November 8, 2007. *See* Docket Entry No. 9242.

10.    On or about September 11, 2007, the Debtors filed the Debtors' Statement of Disputed Issues with Respect to the Claim. *See* Docket Entry No. 9330.

11.    On September 19, 2007, the Debtors' representatives and ATEL's representatives participated in a "meet and confer" pursuant to the Order Pursuant to 11 U.S.C.§ 502(b) and

---

1 The Proof of Claim filed with the Court included a copy of the underlying master lease agreements and leases together with the amendments and schedules thereto.  As the agreements are voluminous they are not attached hereto, but will be made available upon request.

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, and 9014 Establishing (i) Dates for Hearings

Regarding Objections to claims and (ii) Certain Notices and Procedures Governing Objections to

Claim, entered December 7, 2006. *See* Docket Entry No. 6089.

12.    Subsequently, the Debtors and ATEL entered into a Joint Stipulation and Agreed

Order Compromising and Allowing Proof of Claim Number 12195 (the "Claims Stipulation"),

that was approved by this Court on November 5, 2007. The Claims Stipulation provides, among

other things, that the Claim shall be allowed in the amount of $191,055.40 and shall be treated as

an allowed general unsecured non-priority claim against the estate of DLS, LLC. *See* Docket

Entry No. 10842.

13.    On December 10, 2007, this Court approved the Debtors' disclosure statement and

on the same day, the Debtors filed the Plan.

14.    On December 28, 2007, the Debtors filed Exhibit 8.1(a) to the Plan, which

discloses three categories of executory contracts and unexpired leases that are to be rejected

pursuant to the Plan. Pursuant to Exhibit 8.1(a) and the Plan, all of the Leases were assumed by

the Debtors.

15.    On January 25, 2008, this Court approved the Plan by entering its Findings of

Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P.

3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain

Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").

16.    Pursuant to the Plan and the Confirmation Order, in the event that a non-Debtor

party wishes to assert an entitlement to Cure, such party must serve and file a Cure Claim within

forty-five (45) days after entry of the Confirmation Order, after which the Debtors shall have

forty-five (45) days to file an objection to the Cure Claim. Accordingly, ATEL submits this Cure Claim in satisfaction of such requirements under the Plan and Confirmation Order.

## CURE CLAIM

17.    Under section 365(b)(1) of the Bankruptcy Code, prior to the Debtors' assumption of the Leases, the Debtors must cure all outstanding defaults due thereunder. Pursuant to the terms of the Leases, the Debtors are in default under the Leases based upon their failure, *inter alia*, to pay pre-petition and post-petition rent, taxes and/or other obligations due under the Leases.

18.    As set forth in the Claims Stipulation, the allowed unsecured pre-petition Claim under the Leases is $191,055.40. In addition, as of February 29, 2008, the total amount due and owing post-petition under the Leases is $470,637.93 plus additional outstanding sales and property taxes. *See* Exhibit B for a breakdown of the total post-petition amounts due and owing under the Leases.

19.    Moreover, the Leases provide in pertinent part, that upon a declaration of default, and to the extent permitted by law, the debtor shall pay "all reasonable costs and expenses, including reasonable legal fees incurred by the Lessor in connection with the enforcement of, but not the administration of, the Agreement." *See* the Leases at Section XII(a). As of the date of this Cure Claim and subject to continued accrual, ATEL has incurred the aggregate amount of $46,585.00 in legal fees and the aggregate amount of $2,603.54 in expenses.

20.    There will also be certain taxes or other adjustments that have yet to be billed or become due under the Leases, but ATEL is unable at this time to provide those amounts. Accordingly, the Cure Amount listed below is subject to change, and ATEL reserves the right to modify the Cure Amount accordingly.

21.    As of the date hereof and subject to continued accrual, ATEL asserts that the total *cure* amount under the Leases is approximately $710,881.87 (the "Cure Amount").  However, to the extent that rent, attorneys' fees, taxes and any other charges continue to accrue or become due and/or ATEL suffers other liabilities and/or losses under the Leases, ATEL hereby reserves its right to amend and/or supplement the Cure Amount to reflect such additional amounts.

Dated: New York, New York
       March 5, 2008

BUCHANAN INGERSOLL & ROONEY LLP
*Attorneys for ATEL Leasing Corporation,*
*as agent for Eireann II, CAI-UBK Equipment,*
*CAI-ALJ Equipment, II BU de Mexico*
*S.A. de C.V .and Eireann III*

By:    /s/  Susan P. Persichilli
       Susan P. Persichilli, Esq. (SPP-0368)
       One Chase Manhattan Plaza
       New York, New York 10005
       (212) 440-4400