WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
J. Christopher Shore (JCS-6031)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)

ATTORNEYS FOR A-D ACQUISITION HOLDINGS, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, et al. | ) | Case No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

***EX PARTE* MOTION FOR ORDER AUTHORIZING A-D ACQUISITION HOLDINGS, LLC TO FILE IN REDACTED FORM AND UNDER SEAL OPPOSITION PAPERS TO DEBTORS' EXPEDITED MOTION UNDER 11 U.S.C. § 1142(b) AND FED. R. BANKR. P. 3020(d) FOR IMPLEMENTATION OF DEBTORS' CONFIRMED PLAN OF REORGANIZATION**

A-D Acquisition Holdings, LLC ("ADAH") by and through its counsel, White & Case LLP, hereby submits this *ex parte* motion (the "Ex Parte Motion") for the entry of an order granting ADAH leave to file under seal its opposition to the Debtors' Expedited Motion under 11 U.S.C. § 1142(b) and Fed. R. Bankr. P. 3020(d) for Implementation of Debtors' Confirmed Plan of Reorganization ("1142(b) Motion") and supporting papers. In support of the Ex Parte Motion, ADAH respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005, each of the Debtors commenced these cases under chapter 11 of title 11, United States Code, 11 U.S.C. § 101 et seq. These cases have been consolidated for administrative purposes, but have not been substantively consolidated.

2. On March 5, 2008, the Debtors filed with the Court their 1142(b) Motion.

3. In responding to this motion, ADAH will rely upon and introduce information and documents obtained from parties to this action pursuant to numerous protective orders governing discovery pertaining to contested matters within this case and pursuant to non-disclosure agreements entered into between the parties, the most recent being Third Amended Confidential Information, Standstill, and Nondisclosure Agreement executed on July 3, 2007 (the "NDA").

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory and rule predicates for the relief sought are § 107 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

5. ADAH seeks authority, pursuant to § 107 of the Bankruptcy Code, Bankruptcy Rule 9018, General Order #M-242 of this Court, and numerous protective orders issued by this Court, to file an objection to the 1142(b) Motion and the declarations of Gregory Pryor and James Bolin (collectively, the "Opposition Papers") under seal. ADAH requests that, pursuant to Bankruptcy Rule 9018, the Court grant the Ex Parte Motion without the need for a hearing.

6. ADAH requests that the Court allow it to file the Opposition Papers under seal. ADAH will serve the unredacted Opposition Papers on the Court, counsel to the Debtors, and any other parties pursuant to a protective order as required by the Court.

## BASIS FOR RELIEF REQUESTED

7. The Opposition Papers contain references to information and documents that have been asserted to be confidential or highly confidential by producing parties in this action, including the Debtors, which are governed by various protective orders issued by this Court for matters pertaining to this action and by the NDA.

8. In addition, the Opposition Papers will contain conclusions by counsel to ADAH that are drawn from a review of the confidential information and documents provided pursuant to the aforementioned protective orders and the NDA.

9. Furthermore, the Opposition Papers will contain reference to, or draw conclusions from, confidential information and documents protected by non-disclosure agreements entered into between the Debtors and ADAH.

## APPLICABLE AUTHORITY

10. A bankruptcy court may issue an order pursuant to § 107 of the Bankruptcy Code to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Such an order may be made by any party to the action or sua sponte by the court.

11. Bankruptcy Rule 9018 permits a court to make "any order which justice requires (1) to protect the estate or any entity in respect to a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

12. ADAH will rely upon information and documents provided to it by the Debtor, and other parties to this action, pursuant to protective orders issued by this court and the NDA. Such information and documents may be of the type specified in § 107 of the Bankruptcy Code, such that public dissemination of this material could harm the estate. In making this motion, ADAH does not necessarily agree with these designations and reserves the right to object to these designations and/or seek permission from the Court to unseal the Opposition Papers.

13. Accordingly, ADAH requests that the Court grant the Ex Parte Motion to allow ADAH to file its Opposition Papers while remaining in compliance with the protective orders, the NDA, and confidentiality agreements governing information and documents upon which it will rely.

## DEBTORS DO NOT OBJECT

14. In advance of the filing of the Ex Parte Motion, counsel for ADAH contacted counsel for the Debtors and informed them of their intent to file the Opposition Papers under seal. The Debtors indicated that they do not object at this time the filing of the Opposition Papers under seal.

## WAIVER OF MEMORANDUM OF LAW

15. The Ex Parte Motion presents no novel, unique, or new issue of law and the authorities relied upon are set forth fully herein. Accordingly, ADAH respectfully requests that the court waive, pursuant to L.B.R. 9013-(b), the need for ADAH to fie a separate memorandum of law in support of this motion.

## NOTICE

16. ADAH requests that the Court grant the Ex Parte Motion without notice and without the need for a hearing, as permitted by Bankruptcy Rule 9018, so that ADAH may file its Opposition Papers prior to the deadline.

**NO PRIOR REQUEST**

17. No prior request for the relief sought in this Ex Parte Motion has been made to this or any other court.

WHEREFORE, ADAH respectfully requests entry of an order, pursuant to Section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, General Order #M-242 of this Court, and the numerous relevant protective orders, substantially in the form attached hereto as Exhibit A, authorizing ADAH to file its Opposition Papers under seal, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York,
March 5, 2008

By: /s/ Douglas P. Baumstein

WHITE & CASE LLP
J. Christopher Shore  (JCS-6031)
Douglas P. Baumstein (DB-1948)
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

Thomas E Lauria (Admitted *Pro Hac Vice*)
Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
(305) 371-2700

ATTORNEYS FOR ADAH