**DAY PITNEY LLP**
Amish R. Doshi (AD5996)
7 Times Square
New York, New York 10036
Telephone:     (212) 297-5800
Facsimile:     (212) 916-2940
E-Mail:        adoshi@daypitney.com

Attorneys for IBJTC Business Credit Corporation,
as successor to IBJ Whitehall Business Credit Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **DELPHI CORPORATION, *et al*.,** | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**PRECAUTIONARY CURE CLAIM OBJECTION OF**
**IBJTC BUSINESS CREDIT CORPORATION**

IBJTC Business Credit Corporation ("IBJTC"), as successor to IBJ Whitehall Business Credit Corporation ("IBJ"), by and through its undersigned counsel, hereby submits its precautionary Cure Claim Objection in accordance with Paragraph 25 of that certain Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order") and Sections 8.2(b) of First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession ("Plan") and respectfully states as follows:

1.      Pre-petition, General Motors Corporation ("GM") and First American Capital Management Group, Inc. ("First American") entered into, *inter alia*, a Master Lease Agreement (as at any time amended, the "Master Lease") and certain schedules (as at any time amended

the "Schedules" and together with the Master Lease, collectively, the "Lease"), whereby GM leased certain equipment (collectively, the "Equipment") from First American.

2.      Upon information and belief, GM assigned its right, title and interest in and to the Lease and Equipment to Delphi Corporation ("Delphi"), one of the debtors herein.

3.      As a result of, *inter alia*, that certain December 23, 1996 Master Purchase Agreement between Capital Associates International, Inc. ("CAI") and IBJS Commercial Corporation ("IBJS") and that certain August 10, 1999 Assignment of Lease and Purchase Agreement (the "Assignment Agreement") between First American and CAI, IBJS[1] became the holder of (a) the Schedules and (b) the Lease as it applies to the Schedules.

4.      Thereafter, Delphi and IBJ entered into several Renewal Agreements with respect to the Schedules (the "Renewals" and together with the Lease, collectively the "Lease Agreements") whereby the maturity date under each such Schedule was extended and the monthly installment amount was modified.

5.      IBJTC is the successor-in-interest to IBJ with respect to the Lease (as it applies to the Schedules), the Equipment and the Renewals.

6.      Pursuant to that certain Stipulation and Order Resolving IBJTC Business Credit Corporation's Motion to Compel Assumption or Rejection of Unexpired Lease and for Payment and Performance of Post-Petition Lease Obligations (Docket No. 5009), dated November 28, 2007 (the "Compel Order"), among other things, Debtors agreed to the payment of post-petition amounts under certain Schedules and to continue to make the monthly payments set forth in the Compel Order until either: (i) the particular Schedule expires and Delphi returns the Equipment

---

[1]     IBJS later became IBJ.

under that Schedule in accordance with the terms of the Lease; or (ii) a decision is made to reject the Lease and/or one or more of the Schedules.

7. The Confirmation Order at ¶ 22 provides, in relevant part, that:

> "All executory contracts and unexpired leases as to which any of the Debtors is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such executory contracts or unexpired leases … shall have expired or terminated on or prior to December 31, 2007 (and not otherwise extended) pursuant to their own terms."

8. The Confirmation Order at ¶ 25 provides, in relevant part, that:

> "Any party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim …."

9. IBJTC asserts that the Lease Agreements have expired by their own terms and are on a month-to-month basis until the Equipment is returned to IBJTC. As such, the Lease Agreements cannot be assumed by the Debtors. *See*, 11 U.S.C. § 365(d).

10. In the event that the Debtors believe that the Lease Agreements have not expired by their own terms and seek to assume the Lease Agreements, IBJTC files this precautionary Cure Claim Objection pursuant to ¶ 25 of the Confirmation Order. In such case, IBJTC asserts that it is owed a Cure Claim amount of no less than $44,643.53, plus attorneys' fees and costs, any unpaid post-petition amounts due under the Lease Agreements, all other charges due under the Lease Agreements, as well as those amounts under 11 U.S.C. § 365 (b) (1).

3

WHEREFORE, to the extent that the Debtors seek to assume the Lease Agreements, IBJTC requests that, as a precondition to the assumption of the Lease Agreements:

(a) the Debtors pay to IBJTC, the sum of no less than $44,643.53, plus attorneys' fees and costs, any unpaid post-petition amounts due under the Lease Agreements, all other charges due under the Lease Agreements, as well as those amounts under 11 U.S.C. § 365 (b) (1);

(b) the Debtors cure any defaults under the Lease Agreements; and

(c) for such other and further relief that this Court deems just and proper.

Dated: March 6, 2008　　　　　　　　　　Respectfully submitted,
　　　　New York, New York

**DAY PITNEY LLP**

By:　/s/ Amish R. Doshi
　　　Amish R. Doshi (AD5996)
7 Times Square
New York, New York 10036
Telephone:　(212) 297-5800
Facsimile:　(212) 916-2940
E-Mail:　adoshi@daypitney.com

Attorneys for IBJTC Business Credit Corporation (USA), as successor to IBJ Whitehall Business Credit Corporation