Lawrence P. Gottesman (LG-7061)
Michelle K. McMahon (MM-8130)
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
Tel (212) 541-2000
Fax (212) 541-4630
lawrence.gottesman@bryancave.com
michelle.mcmahon@bryancave.com

Attorneys for United Telephone Company of Ohio

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                                      :
                                                            :   Chapter 11
DELPHI CORPORATION, et al.,                                 :
                                                            :   Case No. 05-44481 (RDD)
                           Debtors.                         :   Jointly Administered
------------------------------------------------------------X

## UNITED TELEPHONE COMPANY OF OHIO'S STATEMENT OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

United Telephone Company of Ohio ("United"), for its statement of cure amount (the "Statement") with respect to certain executory contracts between United and Delphi Automotive Systems, LLC, one of the above-captioned debtors (the "Debtors") which will be assumed or assumed and assigned under the Debtor's confirmed Plan of Reorganization, states as follows:

### Background

1.      On October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the

C055471/0213606/1467721.1

Petition Date, the Debtors have continued to possess and manage their assets and operate their business as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. United is an affiliate of Embarq Corporation and does business under the name "Embarq." Prior to the Petition Date, however, United was an affiliate of Sprint Corporation and did business under the name "Sprint." United provides telecommunications services to the Debtors pursuant to, *inter alia*, the Services and Uses Agreements dated May 15, 2003, between United and Delphi Automotive Systems, LLC, designated as Contract Nos. 02JABS5CPU5J and 02JABS5AS2B8 and the Services and Uses Agreement dated July 31, 2003, between United and Delphi Automotive Systems, LLC, designated as Contract No. 02JABS5CPU5J (collectively, the "United Contracts"). Copies of the United Contracts are attached hereto as Exhibits 1 – 3.

3. United provided telecommunications services to the Debtors prior to the Petition Date, and continued to provide similar services to the Debtors thereafter, through and including as of the date of this Statement.

4. The First Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), confirmed on January 25, 2008, provides that as of the Effective Date of the Plan (as defined in the Plan), the Debtors will assume all executory contracts other than those that are otherwise rejected by motion or by the Plan, that are subject to a pending motion to reject, that expire by their own terms on or before December 31, 2007, or that are listed on Exhibit 8.1 to the Plan. Plan, Art. VIII, §8.1(a). The United Contracts are not subject to any of these exceptions and shall be assumed by the Debtors as of the Effective Date of the Plan. Pursuant to Section 8.2(b) of the Plan, United must file its cure claim by March 10, 2008 (45 days after entry of the order confirming the Plan).

5.  There are substantial pre- and post-petition defaults under the United Contracts that must be cured as a prerequisite to assumption of the United Contracts pursuant to Section 365 of the Bankruptcy Code.

### United's Cure Statement

6.  United hereby submits its Statement of the amounts necessary to cure the pre- and post-petition defaults under the United Contracts, pursuant to Bankruptcy Code § 365. The substantial pre- and post-petition defaults under the United Contracts are set forth below.

Pre-Petition Defaults:

7.  United and the Debtor have reached agreement on the allowed amount of United's claim for pre-petition defaults under the United Contracts, which is $266,050.

8.  United filed a timely proof of claim against Delphi Corporation on May 22, 2006, which was assigned claim no. 6407 (the "Proof of Claim").[1] The Proof of Claim asserts an unsecured non-priority claim in the amount of $289,254.87 (the "Claim"). Attached to the Proof of Claim is an account summary that indicates the eleven account numbers pursuant to which United provided services to the Debtors and the balance of each account as of the Petition Date. All of these accounts are governed by the United Contracts.

9.  On August 24, 2007, the Debtors filed the Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and

---

[1] Two other proofs of claim filed by United have been disallowed as duplicates.

3

Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification (the "Objection"), objecting to United's Claim.

10. Following the submission of certain pleadings, informal exchanges of information and discussions regarding the disputed issues, the Debtors and United agreed that the Claim should be allowed in the amount of $266,050 as a claim against Delphi Automotive Systems LLC. The parties are in the process of documenting the resolution of the Claim and the Objection in a stipulation, which will be presented to the Court for approval shortly. Accordingly, United's cure claim for pre-petition defaults under the United Contracts is $266,050.

Post-Petition Defaults:

11. Pursuant to Final Order Under 11 U.S.C. §§ 105, 366, 503, and 507 (i) Prohibiting Utilities From Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices and (ii) Establishing Procedures for Determining Requests for Additional Assurance (the "Utilities Order"), entered at the beginning of this case, the Debtors "shall pay on a timely basis" all undisputed invoices for post-petition utility services provided by Utility Companies (as defined in the Utilities Order), including those listed on Exhibit 1 to the Utilities Order. Utilities Order, ¶2. United is listed on Exhibit 1 to the Utilities Order as a Utility Company. Utilities Order, Ex. 1, p 32. Accordingly, the Debtors are required to pay all undisputed post-petition invoices for services rendered by United. United has not received any disputes of its invoices for post-petition services rendered to the Debtors.

12. Notwithstanding this obligation, the Debtors have failed to pay amounts due and owing for services provided by United from the Petition Date through the date of this Statement in the amount of $183,442.14. Attached hereto as Exhibit 4 is an account summary that indicates

C055471/0213606/1467721.1

the account numbers pursuant to which United provided post-petition services to the Debtors and the balance of each account. Attached hereto as Exhibit 5 are copies of the invoices for the active accounts, and where applicable account statements showing payments made since the date of the most recent invoice, showing a total post-petition claim in the amount of $183,442.14. The Debtors have not disputed any of the amounts set forth on these invoices. Accordingly, United's cure claim for post-petition defaults under the United Contracts is $183,442.14, plus any additional amounts that accrue and are not paid between the date of this Statement and the date United's cure claim is paid.[2]

13.     United's total cure claim (pre- and post-petition defaults) is in an amount equal to $449,492.14, plus any additional amounts that accrue and are not paid between the date of this Statement and the date United's cure claim is paid. The Debtors must pay United's cure claim, as required by Section 365 of the Bankruptcy Code and the Plan, as a condition precedent to assumption of the United Contracts and the continuation of services provided thereunder.

WHEREFORE, United respectfully requests that the Court order the Debtors to pay United on the Effective Date of the Plan an amount equal to $449,492.14, plus any additional amounts that accrue and are not paid between the date of this Statement and the date United's cure claim is paid, to cure the defaults under the United Contracts as a condition to assumption thereof, pursuant to Section 365 of the Bankruptcy Code.

Dated: New York, New York         Respectfully submitted
       March 6, 2008              BRYAN CAVE LLP

                                  /s/ Michelle McMahon
                                  Lawrence P. Gottesman (LG-7061)
                                  Michelle K. McMahon (MM-8130)
                                  1290 Avenue of the Americas

---

[2] United has brought these post-petition defaults to the Debtors' attention informally. To the extent that the parties reach an informal resolution, United will reduce the amount of its cure claim accordingly.

5

New York, NY  10104
Tel (212) 541-2000
Fax (212) 541-4630
lawrence.gottesman@bryancave.com
michelle.mcmahon@bryancave.com
Attorneys for United Telephone Company of Ohio

6

## CERTIFICATE OF SERVICE

 I, Michelle McMahon, hereby certify that on March 6, 2008 a true and correct copy of the foregoing United Telephone Company Of Ohio's Statement Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization was served on the parties on the following parties by First Class U.S. Mail.

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attn. General Counsel

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Tracy Hope Davis, Esq.
Alicia M. Leonhard, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP
33 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr., Esq.
George N. Panagakis, Esq.
Ron E. Meisler, Esq.
Nathan L. Stuart, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti, Esq.
Thomas J. Matz, Esq.

              /s/ Michelle McMahon
              Michelle McMahon (MM-8130)

C055471/0213606/1467721.1