# EXHIBIT A

WHITE & CASE

**White & Case LLP**
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
www.whitecase.com

Direct Dial + 212-819-8394    cshore@whitecase.com

February 29, 2008

BY E-MAIL AND U.S. MAIL

Albert L. Hogan, III
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522

Re:  In re Delphi Corporation, et al., Case No. 05-44481 (RDD)

Dear Mr. Hogan:

On behalf of ADAH and the other Plan Investors (other than Goldman Sachs), we write in
response to your letter of last night.

First, thank you for sending us a draft of the 1142 Motion.  While that has provided us some
insight into Delphi's arguments with respect to the issues at bar, and without debating the legal
or practical effect of the "notice" of that motion you provided to us in off-the-record status
conferences, we are still not in a position to consent to your proposed timeline.  Among other
things, because the draft is being held on an attorneys' eyes only basis, we will need a reasonable
period of time after the filing of the Motion for our clients to review the Motion, provide input to
us and review our responsive papers.

Obviously, while we believe that there is currently an insufficient basis for expedited treatment,
we cannot file a motion for a continuance/opposition to an expedited hearing until you file the
Motion.  In the meantime, we want to inform you of our continuing objection.  We have
on several occasions asked to have you explain the reasoning behind seeking to proceed with the
1142 Motion on such an expedited basis in light of the fact that, regardless of which party
prevails on that motion in the Bankruptcy Court, the dispute will not be finally resolved prior to
Delphi's anticipated filing of its registration statement (or indeed even before its projected
Effective Date).  In the absence of a satisfactory explanation, the Plan Investors will insist that
Delphi make an evidentiary record on an application properly brought under Rule 9006 before
proceeding next Thursday.  If we have to proceed down that route, we also hereby demand that
you provide us, at least 48 hours in advance of any hearing on such application, all of the
documents that Delphi will introduce in connection with such application and the name of any
testifying witness.

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG   HELSINKI
HO CHI MINH CITY   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUMBAI   MUNICH   NEW YORK
PALO ALTO   PARIS   PRAGUE   RIYADH   SAN FRANCISCO   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

NEWYORK 6518463 (2K)

Albert L. Hogan, III

February 29, 2008

Second, and this will be no surprise, we do not agree that a hearing on the 1142 Motion can proceed without discovery, nor do we agree that Delphi can avoid discovery relating to its Motion by deeming the hearing as being without a "substantial evidentiary presentation." For the Court to grant the relief requested in the 1142 Motion, we believe that there will need to be a general fact-finding exercise into several specific issues including, among other things, the negotiating history of the applicable provisions of the EPCA, the genesis of the February GM proposal, the current ability of Delphi to raise market-based exit financing, the effects of the GM proposal on Delphi's post-exit business and financial performance, the sufficiency of the exit financing to meet the requirements of the Plan, whether the proposed exit financing is consistent, with the EPCA and the Plan, the proposed reduction in the size of the second lien term loan, and Delphi's general liquidity needs post-exit. To that end, we enclose herewith (i) draft deposition notices and document requests directed to Delphi and (ii) draft subpoenae for GM and JPM. The enclosed notices, requests and subpoenae are preliminary given that we have not had an opportunity to obtain input from our clients and we reserve the right to supplement them as necessary. While the response dates on the Delphi discovery cannot be set until the Motion is filed, we thought it would be useful for planning purposes to let you know what we will be requiring in advance of the hearing. We leave it entirely to Delphi's discretion whether to begin its preparation for responding to these notices and requests now or wait until after the formal filing of the Motion, in which case the hearing date may need to be adjourned.

Similarly, while we will withhold serving any subpoenae (or even word of the existence of such subpoenae) until the Motion is publicly filed, if the Motion must be filed, we will serve the subpoenae and therefore insist that you make the matter public on a schedule that allows us sufficient time to conduct limited third-party discovery.

Finally, you have requested a draft of our response to the Motion. Beyond being an extraordinary request in the context of a contested proceeding, we are simply not in a position to provide you with our advance thoughts on a draft that you have expressly stated you "reserve [Delphi's] right to amend or supplement. . . in any respect before presentation to the Court." If Delphi files the Motion and needs additional time to respond to any opposition papers that we might file, we would be happy to discuss providing you with a reasonable period of time for preparing your response.

Please feel free to call me should you have any questions regarding the foregoing. Thank you.

Sincerely,

Christopher Shore/dh

J. Christopher Shore

JCS:dh

Enclosure

2

NEW YORK 6518463 (2K)

Albert L. Hogan, III

February 29, 2008

    cc:    Jeffrey Rosenthal, Esq. (w/enc.)
               Andrew Rosenberg, Esq. (w/enc.)
               Terry McLaughlin, Esq. (w/enc.)
               Myron Kirschbaum, Esq. (w/enc.)
               Bonnie Steingart, Esq. (w/enc.)
               Robert Rosenberg, Esq. (w/enc.)

3

WHITE & CASE LLP                                   **<u>DRAFT</u>**
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
J. Christopher Shore (JS-6031)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)

ATTORNEYS FOR A-D ACQUISITION HOLDINGS, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, <u>et al.</u>, | ) | Case No. 05-44481 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEPOSITIONS**

     PLEASE TAKE NOTICE that A-D Acquisition Holdings, LLC ("<u>ADAH</u>"), pursuant to

Rule 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein

by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), will take the depositions, upon oral examination under oath, of the following individuals

at 10:00 a.m. on the date indicated:

| <u>Person</u> | <u>Time and Date</u> |
|---|---|
| Eric L. Cochran | March __, 2008 |
| John Sheehan | March __, 2008 |
| David Resnick | March __, 2008 |

Material Non-Public Information
Attorneys' Eyes Only

Delphi Corporation                    March ___, 2008

at the offices of White & Case LLP located at 1155 Avenue of the Americas, New York, New

York, 10036, before a qualified notary public or other officer authorized by law to administer

oaths.  Delphi Corporation shall designate one or more offices, directors, or managing agents, or

other persons who consent to testify on its behalf to testify with respect to the matters identified

below.  The depositions shall continue from day to day until completed.  The testimony to be

given at the depositions shall be recorded by stenographic and/or audiographic or videographic

means.  You are invited to attend and cross-examine the witness.

## Topics[1]

1.    The negotiation, consideration, meaning and expressed intention of the parties

with respect to the following provisions of the EPCA and the December 18, 2006 EPCA (as

applicable): §§ 3(d), 3(qq), 5(o), 5(p), 5(t), 9(a)(xvi), 9(a)(xvii), 9(a)(xix), 9(a)(xx), 9(a)(xxvii),

11(b) and 18.

2.    The consideration and consequences of Delphi's filing and prosecution of the

Motion, including the ability to obtain specific performance and the effect such action would

have on Delphi's capability to obtain exit financing sufficient to satisfy the conditions of the

EPCA.

3.    The circumstances concerning GM's participation in the Proposal (as defined in

the Motion).

4.    Any potential material effect that GM's participation in the Proposal would have

on Delphi's business operations or financial performance following the Effective Date.

---

[1] Capitalized terms not otherwise defined are defined in ADAH's First Request for Production of Documents, dated
March ___, 2008.

Material Non-Public Information
Attorneys' Eyes Only

5.    The Financing Letter, including all communications between Delphi and JPM, Citigroup or ADAH concerning the negotiation, execution, and requirements of the Financing Letter.

6.    The ability of Delphi to obtain exit financing from sources other than GM.

7.    The ability of Delphi to satisfy the conditions set forth in section 9(a) of the EPCA, including Delphi's understanding of whether such conditions, covenants and warranties are likely or unlikely to be satisfied.

8.    The allegation in the Motion that, "The Debtors believe that the probability of the first assumption being realized (i.e., successful completion of exit financing) will be substantially increased by the realization of the second assumption (i.e., proactive cooperation and supportive actions on the part of the Plan Investors)." (Motion para. 2)

9.    The allegation in the Motion that, "The participation of GM in the exit financing facilities during this difficult time in the credit markets benefits all of Delphi's stakeholders, including the Plan Investors." (Motion para. 4)

10.    The allegation in the Motion that, "In the reasonable view of Delphi and its Lead Arrangers, this increased GM participation will allow the Debtors to obtain the remaining exit financing required to consummate the Plan." (Motion para. 25)

Dated: March __, 2008
       New York, New York

By: _____

WHITE & CASE LLP
J. Christopher Shore (JS-6031)
Douglas P. Baumstein (DB-1948)
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

3

Material Non-Public Information
Attorneys' Eyes Only

Thomas E Lauria (Admitted *Pro Hac Vice*)
Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
(305) 371-2700

ATTORNEYS FOR ADAH

To:

John Wm. Butler Jr., Esq.
Albert L. Hogan, III, Esq.
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL  60606
(312) 407-0700

NEWYORK 6500658 (2K)
- DRAFT -
Highly Confidential

Material Non-Public Information
Attorneys' Eyes Only

WHITE & CASE LLP                                    **DRAFT**
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
J. Christopher Shore (JS-6031)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)

ATTORNEYS FOR A-D ACQUISITION HOLDINGS, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

### ADAH'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that A-D Acquisition Holdings, Inc. ("ADAH"), pursuant to

Rule 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable

pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), request that Delphi and its affiliated debtors and debtors-in-possession (collectively with

Delphi, the "Debtors") produce all documents relating to the matters listed below by delivering

such documents via hand delivery or overnight mail so that they arrive on March ___, 2008 at the

offices of White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, attn:

Douglas P. Baumstein.

### Instructions

- DRAFT -                                        Material Non-Public Information
Highly Confidential                              Attorneys' Eyes Only
NEW YORK 6500755 (2K)

1.    Except as otherwise set forth herein, please provide documents created or modified in any way from July 1, 2006 to the present.

2.    The requests call for all documents in your possession, custody, control or care, including but not limited to those documents in the actual or constructive possession, custody, control or care of any attorney, agent or other representative of yours.

3.    If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter. In addition, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal and the person disposing of the document shall also be identified.

4.    This request shall be deemed continuing so as to require further and supplemental production should the party to whom this request is directed obtain additional documents falling within its scope between the time of initial production and the time of hearing or trial.

5.    All documents produced in response to this request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

6.    Responsive documents shall be produced in the form in which they are kept in the ordinary course of your business maintaining all evidence and information of their origin, including from whose files they were obtained and the files, books, folders or other ways in which the documents were maintained.

7.    Electronic or computerized information or data shall be produced in an intelligible format or together with a description of the system from which the information was derived sufficient to permit rendering of the material into intelligible form.

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

8.     For any document withheld on a claim of privilege, provide the following information: (1) the date the document was prepared or the date it bears; (2) the author of the document; (3) the addressee(s) and recipient(s) of the document; (4) the title and/or subject matter of the document; (5) the source of the document; (6) the identity of persons to whom the document or any portion thereof already had been revealed; and (7) the basis for withholding the document.

9.     If you contend that it would be unreasonably burdensome to obtain and provide all the documents or information called for in response to any one of these document requests, then:

        a.     produce all documents and information which are available to you without undertaking what is contended to be an unreasonable burden;

        b.     describe with particularity the efforts you have made to secure such documents and information; and

        c.     state with particularity the grounds on which you contend that additional efforts to obtain such documents or information would be unreasonably burdensome.

10.    If there are no responsive documents to any particular request, please state so in writing.

## Definitions

1.     To the extent any capitalized terms used herein are not defined, they shall have the same meaning as set forth in the EPCA (as defined herein).

2.     "ADAH" means A-D Acquisition Holdings, and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

                                    3

Material Non-Public Information
Attorneys' Eyes Only

3.    "All" shall mean "any" and vice-versa.

4.    "Citigroup" means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp USA,

Inc., Citicorp North America, Inc. and/or any of their predecessor(s) or successor(s) in interest,

parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors,

employees, agents and beneficiaries, including attorneys, consultants and independent

contractors.

5.    "Communication" means the transmittal of information of any kind, in any form

and by any means.

6.    "Concerning" means, without limitation, describing, discussing, constituting,

reflecting, relating to, covering, mentioning, regarding or referring to, supporting or

contradicting, directly or indirectly in any way.

7.    "Creditors Committee" means the Official Committee of Unsecured Creditors in

Delphi's bankruptcy case and each of its members, attorneys, financial advisors and other agents.

8.    "Delphi" means Delphi Corporation, its affiliated debtors and debtors-in-

possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations,

subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents

and beneficiaries, including attorneys, consultants and independent contractors.

9.    "December 18, 2006 EPCA" means the Equity Purchase and Commitment

Agreement between and among ADAH, Harbinger Del-Auto Investment Company, Ltd., Dolce

Investments, Ltd., Merrill Lynch, Pierce Fenner & Smith Incorporated, UBS Securities LLC, and

Delphi, dated December 18, 2006, as amended on January 18, 2007.

10.    "Documents" means all written, printed, typed, recorded, photographed,

computerized, cybernetic and/or electronically transmitted or graphic matter of every type and

description, however and by whomever prepared, produced, reproduced, disseminated or made,

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

in any form, including, but not limited to, books, papers, letters, correspondence, electronic mail,

memoranda, reports, telegrams, cablegrams, diaries, records, minutes, notes, schedules,

tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices,

progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm,

abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars,

pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data

compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public

announcements, public and governmental filings, and other writings and other magnetic,

photographic, electronic and sound recordings.

  11.  "Equity Committee" means the Official Committee of Equity Security Holders

appointed in Delphi's bankruptcy case and each of its members, attorneys, financial advisors and

other agents.

  12.  "EPCA" means the Equity Purchase and Commitment Agreement, dated as of

August 3, 2007, as amended on December 10, 2007 and approved by the United States

Bankruptcy Court for the Southern District of New York.

  13.  "Financing Letter" means the executed letter from J.P. Morgan Securities, Inc.,

JPMorgan Chase Bank, N.A. and Citigroup Global Markets, Inc. to Delphi, dated November 3,

2007, filed in Delphi's bankruptcy case on November 6, 2007 and as approved by the bankruptcy

court on November 16, 2007.

  14.  "GM" means General Motors Corporation and/or any of its predecessor(s) or

successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities,

owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants

and independent contractors.

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

15.    "JPM" means J.P. Morgan Securities, Inc. and JPMorgan Chase Bank, N.A. and/or any of their predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

16.    "Motion" means Delphi's motion for relief pursuant to 11 U.S.C. § 1142 seeking certain relief against the Plan Investors, dated March __, 2008.

17.    "Plan Investors" means ADAH, Harbinger Del-Auto Investment Company, Ltd., Merrill Lynch, Pierce Fenner & Smith Incorporated, UBS Securities LLC, Goldman Sachs & Co., and Pardus DPH Holding LLC and/or any of their predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

18.    Construe the connectives "and" and "or" either disjunctively or conjunctively so as to bring within the scope of the request all documents that otherwise might be construed to be outside of its scope.

19.    Each reference to a corporation, partnership, joint venture, unincorporated association, government agency or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys and any other person who acted or purported to act on its behalf.

20.    Each reference to a natural person shall be deemed to include that person's agents, attorneys, representatives and any other person who acted or purported to act on that person's behalf.

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

21.    When the term "including" is used in a request followed by one or more specific instances, the specific instances are only by way of example and do not limit by type, kind or in any other way the documents requested.

22.    The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

### Requests

Delphi shall produce all documents relating to the following matters:

1.    All documents concerning the negotiation, consideration, meaning and intention of each party to the EPCA with respect to the following provisions of the EPCA and the December 18, 2006 EPCA (where applicable): §§ 3(d), 3(qq), 5(o), 5(p), 5(t), 9(a)(xvi), 9(a)(xvii), 9(a)(xix), 9(a)(xx), 9(a)(xxvii), 11(b) and 18.

2.    All documents concerning any proposal, consideration, offer, agreement, commitment or legal obligation by GM to participate in Delphi's exit financing, including the Proposal (as defined in the Motion), including all communications between and among Delphi, GM, JPM, or Citigroup concerning any such potential participation.

3.    All documents concerning the Financing Letter, including all communications between Delphi, JPM, and Citigroup concerning the Financing Letter.

4.    All documents and communications concerning internal analyses prepared by GM, JPM, or Citigroup regarding any aspect of the exit financing.

5.    All documents concerning communications with potential lenders concerning the Proposal, including all presentations, responses, commitments, expressions of interest, concerns, reservations and issues raised or given by such potential lenders.

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

6.    All communications on or after December 1, 2007 between Delphi, JPM, Citigroup, GM, the Creditors Committee, or the Equity Committee concerning the ability of Delphi to obtain the exit financing.

7.    All documents concerning presentations made to potential lenders with respect to the Proposal.

8.    All communications with GM concerning the Motion.

9.    All documents concerning any amendments to the EPCA.

10.    All documents concerning the issuance of debt under the exit financing on an OID basis.

11.    All documents concerning basis for the allegation in the Motion that, "The Debtors believe that the probability of the first assumption being realized (i.e., successful completion of exit financing) will be substantially increased by the realization of the second assumption (i.e., proactive cooperation and supportive actions on the part of the Plan Investors)." (Motion para. 2)

12.    All documents concerning the basis for the allegation in the Motion that, "The Debtors now believe that conditions exist that will allow them to obtain the necessary funding and proceed to consummate the Plan." (Motion para. 4)

13.    All documents concerning the basis for the allegation in the Motion that, "Indeed, GM's participation greatly increases the likelihood that Delphi will secure total exit financing to fund the Plan and at the same time remain in compliance with the 2008 interest rate condition contained in the EPCA." (Motion para. 4)

14.    All documents concerning the basis for the allegation in the Motion that, "The participation of GM in the exit financing facilities during this difficult time in the credit markets benefits all of Delphi's stakeholders, including the Plan Investors." (Motion para. 4)

15.    All documents concerning the basis for the allegation in the Motion that, "To do otherwise would perpetuate a continuing material uncertainty that likely could impair or completely frustrate the Debtors' ability to syndicate and close their exit financing facilities on a timely basis, thus making ADAH's prophecy that the Debtors cannot consummate the Plan self-fulfilling." (Motion para. 6)

16.    All documents concerning the basis for the allegation in the Motion that, "At the time of the financing launch in January, Delphi discussed with the Plan Investors this reduction in the amount of the financing to be sought (going so far as to briefly delay the launch of the exit financing in order to complete those discussions)." (Motion para. 23)

17.    All documents concerning the basis for the allegation in the Motion that, "During the syndication process in January 2008, it became apparent to Delphi and the Lead Arrangers that the likelihood of consummation of the syndication in its proposed amount, structure, and terms would be improved by GM's participation pursuant to which GM would purchase up to $2 billion of the First-Lien Loan and, if necessary, all of the $825 million Second-Lien Loan without any original issue discount ("OID") and at an interest rate calculated to ensure compliance with the EPCA interest expense limitation." (Motion para. 25).

18.    All documents concerning the basis for the allegation in the Motion that, "In the reasonable view of Delphi and its Lead Arrangers, this increased GM participation will allow the Debtors to obtain the remaining exit financing required to consummate the Plan." (Motion para. 25)

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

19.    All documents concerning the basis for the allegation in the Motion that, "Consequently, the parameters of the contemplated exit financing fall within the terms of the confirmed Plan and no amendment to the Plan is necessary to allow Delphi to consummate the exit financing arrangements." (Motion para. 32)

20.    All documents concerning the basis for the allegation in the Motion that, "In fact, however, neither GM's participation in the exit financing or its acceptance of the notes in lieu of cash requires any amendment to the GSA, MRA, or Plan or, for that matter, any other kind of agreement that would be comprehended with the scope of section 5(p)." (Motion para. 40)

21.    All documents Delphi intends to introduce into evidence at the hearing on the Motion.

22.    Any materials disseminated to Delphi's board of directors regarding the Financing Letter, the Proposal, or the Motion.

23.    Any documents concerning whether the Proposal is in the ordinary course of Delphi's business.


Dated: March __, 2008
       New York, New York

                            By: _____

                            WHITE & CASE LLP
                            J. Christopher Shore (JS-6031)
                            Douglas P. Baumstein (DB-1948)
                            1155 Avenue of the Americas
                            New York, New York 10036-2787
                            (212) 819-8200

- DRAFT -
Highly Confidential
NEW YORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

Thomas E Lauria (Admitted *Pro Hac Vice*)
Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
(305) 371-2700

ATTORNEYS FOR ADAH

To:

John Wm. Butler Jr., Esq.
Albert L. Hogan, III, Esq.
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL  60606
(312) 407-0700

- DRAFT -
Highly Confidential
NEWYORK 6500755 (2K)

Material Non-Public Information
Attorneys' Eyes Only

11

05-44481-rdd    Doc 12990-1    Filed 03/06/08    Entered 03/06/08 16:27:35    Exhibit A
- Draft -
Highly Confidential
Pg 20 of 37
Material Non-Public Information
Attorney's Eyes Only

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of _____ Michigan

In re    Delphi Corporation, et al.,
Debtors.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. * _____ 05-44481 (Bankr. S.D.N.Y.)

To:    General Motors Corporation
300 GM Renaissance Center
Detroit, MI 48265

Chapter _____ 11

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| White & Case LLP<br>1155 Avenue of the Americas, New York, NY 10036    See Schedule B | March 5, 2008; 10:00 AM |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| White & Case LLP<br>1155 Avenue of the Americas, New York, NY 10036 | March 4, 2008; 12:00 PM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | February 29, 2008 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Christopher Shore, White & Case, LLP, 1155 Avenue of the Americas, New York, NY 10036; (212) 819 - 8394

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A (GM)

### Instructions

1.      Except as otherwise set forth herein, please provide documents created or modified in any way from October 1, 2007 to the present.

2.      The requests call for all documents in your possession, custody, control or care, including but not limited to those documents in the actual or constructive possession, custody, control or care of any attorney, agent or other representative of yours.

3.      If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.  In addition, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal and the person disposing of the document shall also be identified.

4.      This request shall be deemed continuing so as to require further and supplemental production should the party to whom this request is directed obtain additional documents falling within its scope between the time of initial production and the time of hearing or trial.

5.      All documents produced in response to this request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

6.      Responsive documents shall be produced in the form in which they are kept in the ordinary course of your business maintaining all evidence and information of their origin, including from whose files they were obtained and the files, books, folders or other ways in which the documents were maintained.

- DRAFT -
Highly Confidential
NEW YORK 6500692 (2K)

Material Non-Public Information
Attorneys' Eyes Only

7.      Electronic or computerized information or data shall be produced in an intelligible format or together with a description of the system from which the information was derived sufficient to permit rendering of the material into intelligible form.

8.      For any document withheld on a claim of privilege, provide the following information: (1) the date the document was prepared or the date it bears; (2) the author of the document; (3) the addressee(s) and recipient(s) of the document; (4) the title and/or subject matter of the document; (5) the source of the document; (6) the identity of persons to whom the document or any portion thereof already had been revealed; and (7) the basis for withholding the document.

9.      If you contend that it would be unreasonably burdensome to obtain and provide all the documents or information called for in response to any one of these document requests, then:

    a.      produce all documents and information which are available to you without undertaking what is contended to be an unreasonable burden;

    b.      describe with particularity the efforts you have made to secure such documents and information; and

    c.      state with particularity the grounds on which you contend that additional efforts to obtain such documents or information would be unreasonably burdensome.

10.     If there are no responsive documents to any particular request, please state so in writing.

## Definitions

1.      "ADAH" means A-D Acquisition Holdings, and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities,

owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

    2.    "All" shall mean "any" and vice-versa.

    3.    "Citigroup" means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp USA, Inc., Citicorp North America, Inc. and/or any of their predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

    4.    "Communication" means the transmittal of information of any kind, in any form and by any means.

    5.    "Concerning" means, without limitation, describing, discussing, constituting, reflecting, relating to, covering, mentioning, regarding or referring to, supporting or contradicting, directly or indirectly in any way.

    6.    "Creditors Committee" means the Official Committee of Unsecured Creditors in Delphi's bankruptcy case.

    7.    "Delphi" means Delphi Corporation, its affiliated debtors and debtors-in-possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

    8.    "Documents" means all written, printed, typed, recorded, photographed, computerized, cybernetic and/or electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, electronic mail, memoranda, reports, telegrams, cablegrams, diaries, records, minutes, notes, schedules,

tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices,
progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm,
abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars,
pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data
compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public
announcements, public and governmental filings, and other writings and other magnetic,
photographic, electronic and sound recordings.

9.    "Equity Committee" means the Official Committee of Equity Security Holders
appointed in Delphi's bankruptcy case.

10.    "EPCA" means the Equity Purchase and Commitment Agreement, dated as of
August 3, 2007, as amended on December 10, 2007 and approved by the United States
Bankruptcy Court for the Southern District of New York.

11.    "Financing Letter" means the executed letter from J.P. Morgan Securities, Inc.,
JPMorgan Chase Bank, N.A. and Citigroup Global Markets, Inc. to Delphi, dated November 3,
2007, filed in Delphi's bankruptcy case on November 6, 2007 and as approved by the bankruptcy
court on November 16, 2007.

12.    "GM" means General Motors Corporation and/or any of its predecessor(s) or
successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities,
owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants
and independent contractors.

13.    "JPM" means J.P. Morgan Securities, Inc. and JPMorgan Chase Bank, N.A.
and/or any of their predecessor(s) or successor(s) in interest, parent corporations, subsidiaries,
affiliates and other related entities, owners, officers, directors, employees, agents and
beneficiaries, including attorneys, consultants and independent contractors.

- DRAFT -
Highly Confidential
NEWYORK 6500692 (2K)

Material Non-Public Information
Attorneys' Eyes Only

14.    "Motion" means Delphi's motion for relief pursuant to 11 U.S.C. § 1142 seeking

certain relief against the Plan Investors, dated March __, 2008.

15.    "Plan Investors" means ADAH, Harbinger Del-Auto Investment Company, Ltd.,

Merrill Lynch, Pierce Fenner & Smith Incorporated, UBS Securities LLC, Goldman Sachs &

Co., and Pardus DPH Holding LLC and/or any of their predecessor(s) or successor(s) in interest,

parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors,

employees, agents and beneficiaries, including attorneys, consultants and independent

contractors.

16.    Construe the connectives "and" and "or" either disjunctively or conjunctively so

as to bring within the scope of the request all documents that otherwise might be construed to be

outside of its scope.

17.    Each reference to a corporation, partnership, joint venture, unincorporated

association, government agency or other fictitious person shall be deemed to include each and all

of its subsidiaries, affiliates, predecessors and successors, and with respect to each of such

entities, its officers, directors, shareholders, employees, partners, limited partners,

representatives, agents, accountants, attorneys and any other person who acted or purported to

act on its behalf.

18.    Each reference to a natural person shall be deemed to include that person's agents,

attorneys, representatives and any other person who acted or purported to act on that person's

behalf.

19.    When the term "including" is used in a request followed by one or more specific

instances, the specific instances are only by way of example and do not limit by type, kind or in

any other way the documents requested.

- DRAFT -
Highly Confidential
NEW YORK 6500692 (2K)

Material Non-Public Information
Attorneys' Eyes Only

20.    The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

### Document Requests

GM shall produce the following documents:

1.    All documents concerning any proposal, consideration, offer, agreement, or commitment by GM to participate in Delphi's exit financing

2.    All communications with Delphi concerning the Motion, the Financing Letter, or the Proposal (as defined in the Motion).

3.    All documents concerning the potential consequences to Delphi of GM's participation in Delphi's exit financing.

## SCHEDULE B[1]

GM shall produce a witness to be examined on the following topics:

1.      The potential consequences to Delphi of GM's participation in Delphi's exit financing.

2.      The circumstances of GM's agreement to provide the exit financing in the Proposal to Delphi.

3.      The allegations in paragraphs 4 and 25 of the Motion

4.      Communications with Delphi regarding the matters addressed in Exhibits B and C to the Motion.

---

[1] Capitalized terms are defined on Schedule A.
- DRAFT -
Highly Confidential
NEW YORK 6500692 (2K)                    7

Material Non-Public Information
Attorneys' Eyes Only

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

|  Southern  | District of | New York |
|---|---|---|

| | |
|---|---|
| In re   Delphi Corporation, et al.,<br>Debtors. | **SUBPOENA IN A CASE UNDER<br>THE BANKRUPTCY CODE** |
| | Case No. *   05-44481 (Bankr. S.D.N.Y.) |
| To:   JPMorgan Chase Bank, N.A. &<br>JP Morgan Securities, Inc.<br>270 Park Avenue<br>New York, New York 10017-2070 | Chapter   11 |

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| White & Case LLP<br>1155 Avenue of the Americas, New York, NY 10036     See Schedule B | March 5, 2008; 10:00 AM |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| White & Case LLP<br>1155 Avenue of the Americas, New York, NY 10036 | March 4, 2008; 12:00 PM |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | February 29, 2008 |

| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER |
|---|
| Christopher Shore, White & Case, LLP, 1155 Avenue of the Americas, New York, NY 10036; (212) 819 - 8394 |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A (JPM)

### Instructions

1.      Except as otherwise set forth herein, please provide documents created or modified in any way from October 1, 2007 to the present.

2.      The requests call for all documents in your possession, custody, control or care, including but not limited to those documents in the actual or constructive possession, custody, control or care of any attorney, agent or other representative of yours.

3.      If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.  In addition, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal and the person disposing of the document shall also be identified.

4.      This request shall be deemed continuing so as to require further and supplemental production should the party to whom this request is directed obtain additional documents falling within its scope between the time of initial production and the time of hearing or trial.

5.      All documents produced in response to this request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

6.      Responsive documents shall be produced in the form in which they are kept in the ordinary course of your business maintaining all evidence and information of their origin, including from whose files they were obtained and the files, books, folders or other ways in which the documents were maintained.

- DRAFT -
Highly Confidential
NEW YORK 6512940 (2K)

Material Non-Public Information
Attorneys' Eyes Only

7.    Electronic or computerized information or data shall be produced in an intelligible format or together with a description of the system from which the information was derived sufficient to permit rendering of the material into intelligible form.

8.    For any document withheld on a claim of privilege, provide the following information: (1) the date the document was prepared or the date it bears; (2) the author of the document; (3) the addressee(s) and recipient(s) of the document; (4) the title and/or subject matter of the document; (5) the source of the document; (6) the identity of persons to whom the document or any portion thereof already had been revealed; and (7) the basis for withholding the document.

9.    If you contend that it would be unreasonably burdensome to obtain and provide all the documents or information called for in response to any one of these document requests, then:

a.    produce all documents and information which are available to you without undertaking what is contended to be an unreasonable burden;

b.    describe with particularity the efforts you have made to secure such documents and information; and

c.    state with particularity the grounds on which you contend that additional efforts to obtain such documents or information would be unreasonably burdensome.

10.    If there are no responsive documents to any particular request, please state so in writing.

### Definitions

1.    "All" shall mean "any" and vice-versa.

2.    "Citigroup" means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp USA, Inc., Citicorp North America, Inc. and/or any of their predecessor(s) or successor(s) in interest,

parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

3.    "Communication" means the transmittal of information of any kind, in any form and by any means.

4.    "Concerning" means, without limitation, describing, discussing, constituting, reflecting, relating to, covering, mentioning, regarding or referring to, supporting or contradicting, directly or indirectly in any way.

5.    "Delphi" means Delphi Corporation, its affiliated debtors and debtors-in-possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

6.    "Documents" means all written, printed, typed, recorded, photographed, computerized, cybernetic and/or electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, electronic mail, memoranda, reports, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public announcements, public and governmental filings, and other writings and other magnetic, photographic, electronic and sound recordings.

- DRAFT -
Highly Confidential
NEW YORK 6512940 (2K)

Material Non-Public Information
Attorneys' Eyes Only

7.     "Financing Letter" means the executed letter from J.P. Morgan Securities, Inc.,

JPMorgan Chase Bank, N.A. and Citigroup Global Markets, Inc. to Delphi, dated November 3,

2007, filed in Delphi's bankruptcy case on November 6, 2007 and as approved by the bankruptcy

court on November 16, 2007.

8.     "GM" means General Motors Corporation and and/or any of its predecessor(s) or

successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities,

owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants

and independent contractors.

9.     "JPM" means J.P. Morgan Securities, Inc. and JPMorgan Chase Bank, N.A.

and/or any of their predecessor(s) or successor(s) in interest, parent corporations, subsidiaries,

affiliates and other related entities, owners, officers, directors, employees, agents and

beneficiaries, including attorneys, consultants and independent contractors.

10.     "Motion" means Delphi's motion for relief pursuant to 11 U.S.C. § 1142 seeking

certain relief against the Plan Investors.

11.     Construe the connectives "and" and "or" either disjunctively or conjunctively so

as to bring within the scope of the request all documents that otherwise might be construed to be

outside of its scope.

12.     Each reference to a corporation, partnership, joint venture, unincorporated

association, government agency or other fictitious person shall be deemed to include each and all

of its subsidiaries, affiliates, predecessors and successors, and with respect to each of such

entities, its officers, directors, shareholders, employees, partners, limited partners,

representatives, agents, accountants, attorneys and any other person who acted or purported to

act on its behalf.

- DRAFT -
Highly Confidential
NEWYORK 6512940 (2K)

Material Non-Public Information
Attorneys' Eyes Only

13.    Each reference to a natural person shall be deemed to include that person's agents, attorneys, representatives and any other person who acted or purported to act on that person's behalf.

14.    When the term "including" is used in a request followed by one or more specific instances, the specific instances are only by way of example and do not limit by type, kind or in any other way the documents requested.

15.    The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

## <u>Document Requests</u>

JPM shall produce the following documents:

1.    All documents concerning the Financing Letter, including all communications between Delphi and JPM concerning the negotiation, execution, and requirements of the Financing Letter and all documents concerning the basis for and reasons for including the then-presently anticipated interest rates and fees indicated in the Financing Letter.

2.    All documents concerning communications between JPM and potential lenders concerning the provision of exit financing to Delphi, including all responses, commitments, expressions of interest, concerns, reservations and issues raised or given by such potential lenders.

3.    All documents concerning communications between and among JPM, Citigroup and Delphi concerning the ability to obtain exit financing for Delphi, including all communications concerning the availability and potential terms of such exit financing and the interest, concerns, and issues raised by potential lenders in such exit financing.

- DRAFT -
Highly Confidential
NEW YORK 6512940 (2K)

Material Non-Public Information
Attorneys' Eyes Only

4.      All documents concerning the effects of the commencement of the Motion on

Delphi's ability to obtain commitments to any proposed exit financing

5.      All documents concerning the Proposal (as defined in the Motion).

6.      All presentations made to potential lenders with respect to the provision of exit

financing to Delphi.

## SCHEDULE B[1]

JPM shall produce a witness to be examined on the following topics:

1.      The ability to obtain exit financing for Delphi, under the terms of the Financing Letter or otherwise.

2.      The effect of the commencement of the Motion on the ability of Delphi to obtain commitments to any proposed exit financing.

3.      The allegations in paragraphs 4 and 25 of the Motion

4.      Communications with Delphi regarding the matters addressed in Exhibits B and C to the Motion.

---

[1] Capitalized terms are defined on Schedule A.
- DRAFT -
Highly Confidential

Material Non-Public Information
Attorneys' Eyes Only